# UNITED STATES DISTRICT COURT
# IN THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

LUKE WAID, *et al.*,

    Plaintiffs,

v

GOV. RICHARD SNYDER, *et al.*,

    Defendants.

Case No. 5:16-cv-10444-JCO-MKM
Hon. John Corbett O'Meara

___

## DEFENDANT CITY OF FLINT'S RESPONSE TO MDEQ DEFENDANTS' MOTION FOR CHANGE OF VENUE

000147576\0001\1756563-v1

## Table of Contents

Page

I. Introduction. .................................................................................................... 1

II. Argument ......................................................................................................... 1

III. Conclusion ....................................................................................................... 4

## Index of Authorities

**Cases**                                                                                                 **Pages**

*Audi AG v. Shokan Coachworks, Inc.,* 04-70626,
  2007 WL 522707 at *2 (E.D. Mich. Feb. 13, 2007) ......................................... 3, 4

*Dimplex North America Limited, v. Twin-Star
  International Inc.,* Case No. 13-cv-14415 ................................................................ 3

*Flagstar Bank, FSB,*
  2:13-CV-12136, 2013 WL 6017977 at *3 ............................................................ 4

*Gilcreast, et al. v. Lockwood,
  Andrews & Newman, P.C., et al.*, No. 16-11173 ..................................................... 3

*Mays, et al. v. Snyder, et al.*, No. 15-14002 ............................................................... 2

*McMillian, et al. v. Snyder, et al.*, No. 16-10797 ...................................................... 3

*Prince v. Kent, et al.*, No. 16-10020 ........................................................................... 2

*Skilling v. United States*, 561 U.S. 358,
  130 S. Ct. 2896, 177 L. Ed. 2d 619 (2010) ............................................. iii, iv, 1, 2


**Statute**

28 U.S.C. § 1404(a) ................................................................................................ 1, 3, 4

## Counter-Statement of Questions Presented

I. Whether, under controlling U.S. Supreme Court precedent as recently stated in *Skilling v. United States*, 561 U.S. 358, 130 S. Ct. 2896, 177 L. Ed. 2d 619 (2010), it is appropriate for this Court to grant a change of venue to the Upper Peninsula of Michigan or to a federal district court in another state, based solely on adverse publicity, and where (1) the jury pool is amply large to ensure the availability of 12 impartial jurors; (2) none of the MDEQ Defendants have publicly confessed; (3) a great deal of time will have passed between the onset of the Flint water situation and trial; and (4) the MDEQ Defendants have identified no more appropriate venue?

Plaintiffs Answer: No

Defendant City of Flint Answers: No

MDEQ Defendants Answer: Yes

## Controlling or Most Appropriate Authority

*Skilling v. United States*, 561 U.S. 358, 130 S. Ct. 2896, 177 L. Ed. 2d 619 (2010)

000147576\0001\1756563-v1

I.  **Introduction.**

In their Motion for Change of Venue ("Motion"), the MDEQ Defendants move the Court to transfer this case to a federal court in another state or, at a minimum, to the Upper Peninsula of Michigan. This case is one of numerous lawsuits arising out of the Flint Water Crisis. The City of Flint ("City") objects to a change of venue outside the state of Michigan or to the Northern Division of the Western District of Michigan as being unduly burdensome and premature.

II.  **Argument**

MDEQ Defendants rely on 28 U.S.C. §1404, which states that "[f]or the convenience of the parties and witnesses, in the interest of justice, transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. §1404(a).

The Supreme Court addressed transfer on account of juror prejudice due to pre-trial publicity in *Skilling v. United States*, 561 U.S. 358, 130 S. Ct. 2896, 177 L. Ed. 2d 619 (2010) . Jeffrey Skilling was the former chief executive officer of Enron Corporation at the time of its notorious collapse and bankruptcy. Media coverage nationwide proclaimed that the bankruptcy was due to wrongdoing within Enron, and dozens of Enron officers were prosecuted.

In particular, Skilling was tried and convicted in the U.S. District Court for the Southern District of Texas of conspiracy, securities fraud, making false representations to auditors, and insider trading. Shortly before his trial, Skilling

1

moved for a change of venue based on the extensive negative publicity. The U.S. Supreme Court held that one reason weighing against a transfer of venue was that "unlike cases in which trial swiftly followed a widely reported crime, over four years elapsed between Enron's bankruptcy and Skilling's trial." *Id*.

Here, no trial date has been set or even scheduled. As of the date of this filing, it has been more than a year since various government entities began declaring states of emergency in Flint, and this case has only reached the pre-answer motion to dismiss stage. Consequently, the Motion is at least premature, as it is based on surveys of media coverage and potential jurors' opinions in mid-2016; even if this Court agrees with the MDEQ Defendants that the current conditions are unsuitable for trial, the Court should wait until much closer to the trial date to ascertain whether conditions unsuitable for trial exist at that time.

Furthermore, should the MDEQ Defendants' reasoning regarding pre-trial publicity be correct at the time of trial, that is not a reason to transfer this case outside the state of Michigan or to the Northern Division of the Western District of Michigan during pre-trial proceedings and discovery.

Further, most, if not all defendants, including City Defendants, have filed motions to dismiss in this case and in the companion cases filed in this district. See *Mays, et al. v. Snyder, et al.*, No. 15-14002, *Prince v. Kent, et al.*, No. 16-10020, *McMillian, et al. v. Snyder, et al.*, No. 16-10797, and *Gilcreast, et al. v. Lockwood,*

*Andrews & Newman, P.C., et al.*, No. 16-11173. Change of venue outside of the state would be unduly burdensome on the City and its residents. The City is confronted with claims arising under both federal and state law, and many of the City's defenses against the state-law claims rely upon the complex application of Michigan common and statutory-law, familiar to the federal district courts of Michigan, but foreign to that of other federal district courts. Further, all documents and witnesses are located in Michigan. At least until all legal issues have been resolved and all discovery completed, no transfer should take place.

The City remains in financial receivership, with its annual budget, including its litigation expenses, subject to the state-appointed Receivership Transition Advisory Board. The City respects the argument that justice may be served by conducting trial in a location other than southeast Michigan, and recognizes that fairness may dictate a change of venue to another Michigan jurisdiction for trial. However, change of venue prior to trial, and change of venue out of state are neither "convenient to parties and witnesses" nor "just" under 28 USC 1404[1].

---

[1] See Judge Roberts' recent opinion in *Dimplex North America Limited, v. Twin-Star International Inc.,* Case No. 13-cv-14415, which provides the framework in which transfer motions are evaluated:

> "This Court has discretion under 28 U.S.C. § 1404(a) to transfer cases in order to "prevent waste of time, energy and money, and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." *Audi AG v. Shokan Coachworks, Inc.,* 04-70626, 2007 WL 522707 at *2 (E.D.

3

III.  **Conclusion**

Based on the facts and arguments stated above, Defendant City of Flint objects to a change of venue outside the state of Michigan or to the Northern Division of the Western District of Michigan.

          Respectfully submitted,

          BUTZEL LONG, a professional corporation

          /s/ Frederick A. Berg

Dated:  November 11, 2016      FREDERICK A. BERG (P38002)

---

Mich. Feb. 13, 2007) (citations omitted)….This Court has discretion under 28 U.S.C. § 1404(a) to transfer cases in order to "prevent waste of time, energy and money, and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." *Audi AG v. Shokan Coachworks, Inc.,* 04-70626, 2007 WL 522707 at *2 (E.D. Mich. Feb. 13, 2007) (citations omitted).

"The court must consider the following when addressing convenience and the interest of justice:

> (1) the convenience of witnesses; (2) the location of relevant documents and relevant ease to sources of proof; (3) the convenience of the parties; (4) the locus of operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded the plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances."

*Flagstar Bank, FSB,* 2:13-CV-12136, 2013 WL 6017977 at *3 (citations omitted). Additionally, the Court "may also consider any factor which may make any eventual trial easy, expeditious, and inexpensive." *Audi AG.,* at 04-70626, 2007 WL 522707 at *2 (citations omitted).

4

        SHELDON H. KLEIN (P41062)
        Butzel Long, P.C.
        150 West Jefferson Avenue, Suite 100
        Detroit, Michigan 48226
        (313) 225-7000
        berg@butzel.com
        klein@butzel.com
        *Attorneys for Defendant City of Flint*

        STACY ERWIN OAKES (P61482)
        Chief Legal Officer
        WILLIAM Y. KIM (P76411)
        Assistant City Attorney
        City of Flint Dept. of Law
        1101 South Saginaw Street
        Flint, Michigan 48502-1420
        (810) 766-7146
        wkim@cityofflint.com
        *Attorneys for Defendant City of Flint*

000147576\0001\1756563-v1

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 11, 2014, I electronically filed the foregoing papers with the Clerk of the Court using the electronic filing system, which will send notification of such filing to all counsel of record.

                                              BUTZEL LONG, a professional corporation

                                              /s/ Frederick A. Berg
                                              Frederick A. Berg (P38002)
                                              Sheldon H. Klein (P41062)
                                              Butzel Long, P.C.
                                              150 West Jefferson Avenue, Suite 100
                                              Detroit, Michigan  48226
                                              (313) 225-7000
                                              berg@butzel.com
                                              klein@butzel.com
                                              *Attorneys for Defendant City of Flint*

                                              STACY ERWIN OAKES (P61482)
                                              Chief Legal Officer
                                              WILLIAM Y. KIM (P76411)
                                              Assistant City Attorney
                                              City of Flint Dept. of Law
                                              1101 South Saginaw Street
                                              Flint, Michigan 48502-1420
                                              (810) 766-7146
                                              wkim@cityofflint.com
                                              *Attorneys for Defendant City of Flint*

Dated:  November 11, 2016