UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| LUKE WAID, *et al.*, | No. 5:16-cv-10444-JCO-MKM |
| Plaintiffs, | HON. JOHN CORBETT O'MEARA |
| v. | MAG. JUDGE MONA K. MAJZOUB |
| GOVERNOR RICHARD D. SNYDER, *et al.*, | |
| Defendants. | |

**PLAINTIFFS' RESPONSE TO MDEQ DEFENDANTS' MOTION FOR CHANGE OF VENUE**

The MDEQ Defendants' Motion for Change of Venue (Dkt. No. 57) is identical to motions that the same defendants have brought in other cases pending in this Court. *See, e.g.*, (*Mays v. Snyder*, Case No. 15-cv-14002-JCO-MKM, Dkt. No. 172; *Gilcreast v. Snyder*, Case No. 16-11173-JCO-MKM, Dkt. No. 93). The MDEQ Defendants suggest that the Court should transfer all of the Flint water crisis cases to another venue even though they only argue that one of the eight relevant factors weighs in favor of transfer. *See* Motion (ignoring seven of the eight factors enumerated in *Wayne County Employees' Retirement System v. MGIG*, 604 F. Supp. 2d 969, 974 (E.D. Mich. 2009) and *Moses v. Bus. Card Express, Inc.*, 929 F.2d 1131, 1137 (6th Cir. 1991). Regarding that one factor, "the

1

interests of justice," the MDEQ Defendants argue that media coverage of the Flint water crisis "has made it nearly impossible for a fair and impartial jury to be empaneled in this Judicial District," even though such a jury trial would occur months or years in the future and after a voir dire process to cure any potential bias on either side, media coverage has not focused specifically on the movants, the other governmental defendants do not join the MDEQ Defendants' motion and do not argue that media coverage has prejudiced them, and the MDEQ Defendants' own evidence demonstrates that, even if a trial were held today, there are almost a million jurors who remain "unbiased" from media coverage in this district's jury pool.

On November 4, 2016, the Mays Plaintiffs filed a brief in opposition to the MDEQ Defendants' motion ("Mays Opposition"), which is attached as Exhibit A. The Mays Opposition articulates the reasons why the MDEQ Defendants' Motion is meritless. In summary, the Mays Opposition explains:

- The Motion ignores the relevant factors and authorities governing a motion to transfer venue, which support denial of the motion (Exhibit A at 3-4);

- The Motion is premature and fails to establish, for a jury trial that will take place months or years in the future and after a proper voir dire process, that the jury will necessarily be biased against the MDEQ Defendants (*id.* at 8-10);

- The Motion ignores controlling case law establishing that pretrial publicity of the kind described in the Motion should be addressed during voire dire, and that venue changes based on pretrial publicity are "generally disfavored" (*id.* at 10-13 (quoting *United States v. Jamieson*, 264 F. Supp. 2d 603, 605 (N.D. Ohio, 2003)));

- The MDEQ Defendants fail to meet their burden to override plaintiffs' choice of forum, particularly because the MDEQ Defendants' own survey results suggest that there are hundreds of thousands of potential unbiased jurors in this judicial district from which to select a jury (*id.* at 13-19);

- The vast majority of Flint media coverage has been factual, and not invidious or inflammatory (*id.* at 19-21); and

- Because the Flint water crisis has been a major *national* news story, the MDEQ Defendants have failed to establish any basis to transfer the case to another judicial district rather than to address any potential juror biases during voir dire (*id.* at 21-24).

Rather than repeat the arguments in the Mays Opposition, the Waid Plaintiffs hereby incorporate them by reference. For the reasons articulated in the Mays Opposition, the Court should deny the MDEQ Defendants' Motion.

December 1, 2016                                        Respectfully submitted,

                                          **NAPOLI SHKOLNIK PLLC**

                                          By:   /s/ Hunter Shkolnik
                                          Hunter Shkolnik, #2031458NY
                                          Paul J. Napoli, #251314NY
                                          360 Lexington Avenue, 11th Floor
                                          New York, NY, 10017
                                          (212) 397-1000
                                          hunter@napolilaw.com
                                          pnapoli@napolilaw.com

                                          *Attorneys for Plaintiffs*

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 1, 2016, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing upon counsel of record.


Dated: December 1, 2016

                _____/s/ Patrick J. Lanciotti_____