UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| LUKE WAID, *et al.*; Individually and On Behalf of All Others Similarly Situated,<br><br>               Plaintiffs,<br><br>vs.<br><br>GOVERNOR RICHARD D. SNYDER, *et al.*,<br><br>               Defendants. | Case No. 5:16-cv-10444-JEL-MKM<br><br>Hon. Judith E. Levy |

**PLAINTIFFS' PROPOSED SCHEDULING ORDER AND
DISCOVERY PLAN FOR THE
CONSOLIDATED CLASS ACTION[1]**

The Court has ordered that an in-person status conference be held on July 26, 2017 at 1:00 P.M. "in all Flint water cases." ECF No. 86. The Court's Order instructs that "[t]he parties should come prepared to discuss issues set forth in the Federal Judicial Center's Manual on Complex Litigation, Fourth Edition, §§ 11.11 through 11.33 prior to the conference." *Id.* In accordance with that Order, various

---

[1] Plaintiffs have submitted this filing using the *Waid* caption because, per the local rules, that is the case where Plaintiffs filed their motion for consolidation. Plaintiffs have written the discovery plan and proposed schedule with the consolidated cases in mind and, should the Court grant Plaintiffs' motion for consolidation, could provide these same documents using an updated caption.

representatives for Defendants and Plaintiffs[2] participated telephonically in conferences on June 29, 2017, July 11, 2017, July 18, 2017, and July 21, 2017; Plaintiffs also provided all Defendants with a draft copy of this report via electronic mail and conferred via electronic mail regarding its contents.

To move this litigation forward, Plaintiffs believe that now is the appropriate time to confer regarding a discovery plan and case schedule. In accordance with the Court's Order and Federal Rules of Civil Procedure 16(b) and 26(f) and Local Rule 16.1, Plaintiffs drafted and circulated this report and proposed schedule for the consolidated class actions. The undersigned believe this filing will facilitate the Court's Status Conference this Wednesday, July 26, 2017.

Defendants have not provided substantive comments on this draft. Accordingly, this reflects only the position of Plaintiffs in the proposed consolidated class cases. Of the Defendants who have responded, all have asserted that, for a variety of reasons, it is premature to confer regarding a schedule and discovery plan. The State Defendants provided a written response which Plaintiffs have reproduced verbatim at their request:

---

[2] Plaintiffs includes all parties represented by undersigned counsel as noted in Plaintiffs Joint Motion for Consolidation of the Class Actions, Appointment of Interim Co-Lead Class Counsel, and Appointment of Liaison Counsel for the Individual Actions (*see* ECF Nos. 90 and 90-1).

**State Defendants' Position (Joined by Defendants Wyant and Wurfel):**

State Defendants believe it is premature to propose a scheduling order or discovery plan at this time. The Manual for Complex Litigation repeatedly emphasizes the need to identify and narrow disputed issues in order to promote speedy and inexpensive determination of the litigation. State Defendants believe the Court can best initiate that process by deciding discrete issues in several cases that were not addressed by the Court's June 5, 2017 opinion in the *Guertin* case. Those decisions will presumably reduce the number of defendants and the remaining issues for purposes of discovery. A more precise and thoughtful scheduling order and discovery plan can be put in place at that time. Any schedule put in place by the Court prior to the issuance of those decisions will be artificial, certain to change, and will not promote efficiency. Additional suggestions and updates will be provided by the State Defendants to the Court at the upcoming status conference with respect to extensive document production by the State Defendants that has been ongoing for quite some time.

## I. Plaintiffs' Description of the Case.

This is a class action lawsuit regarding the Flint water crisis, seeking remedies for the harm suffered by Plaintiffs and the proposed class of residents and property owners in Flint, Michigan.

### a. Plaintiffs' Concise Factual Summary of Plaintiffs' Claims.

Plaintiffs assert claims against (1) certain government entities, officials, and employees ("Government Defendants") and (2) several engineering companies ("Engineering Defendants"). Plaintiffs allege that Defendants caused the Flint water crisis through their illegal conduct.

Plaintiffs, on behalf of themselves and the proposed class, bring claims against the Government Defendants for violations of their constitutional rights, including substantive due process, equal protection of the law, and invidious racial animus. The various class complaints also allege that the Engineering Defendants failed to exercise the duty of care required of a professional engineer in providing engineering services to the City of Flint, Michigan. As a direct and proximate result of Defendants' conduct and failures, the water in Flint, Michigan became contaminated with lead, other chemicals, and bacteria, causing extensive personal and property damage to Plaintiffs and the proposed class. Plaintiffs, on behalf of themselves and the proposed class, bring claims against the Engineering Defendants under several common law theories including fraud, professional malpractice, gross negligence, negligence, and negligent infliction of emotional distress under Michigan law.

### b. Concise Factual Summary of Defendants' Defenses.

See above discussion regarding Defendants' position on the propriety of conferring and submitting a discovery plan and schedule at this time.

## II. Plaintiffs have Moved to Consolidate All Flint Water Class Cases and For the Appointment of Interim Class Counsel.

On June 9, 2017, in an effort to streamline Flint water litigation in an effective manner, Plaintiffs and the plaintiffs in various other Flint water individual actions filed a Joint Motion for Consolidation of the Class Actions, Appointment of Interim Co-Lead Class Counsel, and Appointment of Liaison Counsel for the Individual Actions (*see* ECF Nos. 90 and 90-1). As the motion and its supporting memorandum note, there are currently 10 Flint water class actions pending in this Court, all of which involve common issues of law and fact; Plaintiffs seek to consolidate these class actions. *Id.*

Equally important to the Court's ability to effectively manage the Flint water litigation, pursuant to Federal Rule of Civil Procedure 23(g)(3), Plaintiffs' motion requests for Theodore Leopold of Cohen Milstein Sellers & Toll PLLC and Michael Pitt of Pitt McGehee Palmer & Rivers PC to be appointed Interim Co-Lead Counsel for the Class. The motion also seeks the appointment of an Executive Committee that would assist the interim co-lead counsel in litigation. *Id.*

There are also many individual Flint water actions before this Court; Plaintiffs do not seek to consolidate the individual actions. However, Plaintiffs

believe that it is in the best interests of all the parties, as well as the Court, for the class actions and individual actions to be coordinated in order to minimize duplication of effort and streamline discovery. To facilitate that coordination, Plaintiffs have requested the appointment of appropriate liaison counsel to the individual actions. *Id.*

### III. Plaintiffs' Proposed Schedule.

Plaintiffs propose entering a schedule for the consolidated class cases; Plaintiffs have attached hereto a proposed schedule as Plaintiffs' Appendix I.

### IV. Plaintiffs' Proposed Discovery Deadlines and Limits.

#### a. Coordination with Concurrent Litigation in Other Courts.

Concurrent litigation related to the Flint water crisis is proceeding in several forums, including the Genesee County Circuit Court in Michigan, the Michigan Court of Claims, the Western District of Michigan, and the Eastern District of Michigan. Plaintiffs will endeavor, as much as possible, to coordinate discovery in this case with the parties proceeding elsewhere. To the extent this coordination requires judicial intervention, Plaintiffs propose that the Parties raise any such disputes with the Court who may, at its discretion, confer with the judges overseeing other litigation.

### b. Areas of Discovery and General Approach.

Plaintiffs believe that the issues related to class certification and the merits overlap to such a large degree that phased discovery would be inefficient and counterproductive. Plaintiffs understand that several Defendants do not agree with this position. To the extent the Parties disagree regarding the appropriate scope of discovery, Plaintiffs believe this issue should be briefed to the Court in an orderly fashion.

### c. Depositions of Fact Witnesses.

Plaintiffs propose that the Parties may take up to 15 non-party, non-expert depositions per side, plus depositions of all parties. Each deposition should be limited to a maximum of one day, consisting of seven hours, unless extended by agreement of the Parties or order of the Court. The Parties should meet and confer regarding an appropriate procedure for coordinating depositions likely to be cross-noticed in multiple cases – including cases pending in other jurisdictions.

Plaintiffs propose that depositions should take place within fifty miles of either the deponent's place of residence or place of employment. Plaintiffs believe that depositions should be conducted by video, at the discretion of the party taking the deposition.

### d. Preservation of Evidence.

Plaintiffs have confirmed that all documents that could be relevant to this litigation – and that are in the named Plaintiffs' possession, custody or control – have been preserved and have not been, and will not be, lost or destroyed for the remainder of the litigation.

### e. Third Party Subpoenas.

Plaintiffs propose that, within 30 days of a Party's receipt of materials from a third-party subpoena *duces tecum* served pursuant to Fed. R. Civ. P. 45, the receiving party shall provide access to all such materials to all other parties who may copy or inspect it at their own expense.

### f. Electronically Stored Information.

Plaintiffs have drafted a proposed Electronically Stored Information order and are prepared to confer with Defendants and file a proposed order setting forth the form of document production, which sets forth certain parameters for document production and other matters, swiftly.

### g. Confidential Information.

Plaintiffs have drafted a proposed protective order for the handling of confidential and highly confidential materials in this case and are prepared to confer with Defendants and file a proposed protective order swiftly.

V. **Other Discovery Matters.**

    a. **Insurance Carriers/Indemnitors.**

*For Plaintiffs*: Not Applicable.

*For Defendants*: See above.

    b. **Settlement/Mediation.**

*For Plaintiffs*: Plaintiffs are open to having settlement discussions.

*For Defendants*: See above.

Dated: July 24, 2017

Respectfully submitted,

Theodore J. Leopold
**COHEN MILSTEIN SELLERS & TOLL PLLC**
2925 PGA Boulevard, Suite 220
Palm Beach Gardens, FL 33410
(561) 515-1400 Telephone
tleopold@cohenmilstein.com

*/s/ Emmy L. Levens*
Kit A. Pierson
Joseph M. Sellers
Emmy L. Levens
Jessica Weiner
**COHEN MILSTEIN SELLERS & TOLL PLLC**
1100 New York Ave., N.W.,
Suite 500
Washington, D.C. 20005
(202) 408-4600 Telephone
kpierson@cohenmilstein.com
jsellers@cohenmilstein.com
elevens@cohenmilstein.com
jweiner@cohenmilstein.com

Hunter J. Shkolnik
Paul J. Napoli
Patrick J. Lanciotti
**Napoli Shkolnik, PLLC**
360 Lexington Avenue
11th Floor

Michael L. Pitt
Cary S. McGehee
**Pitt McGehee Palmer & Rivers, P.C.**
117 West 4th Street
Suite 200
Royal Oak, MI 48067
(248) 398-9800 Telephone
mpitt@pittlawpc.com
cmcgehee@pittlawpc.com

Corey M. Stern (P80794)
Anna Kull
Daniel B. Weiss
**LEVY KONIGSBERG, LLP**
800 Third Avenue, 11th Floor
New York, New York 10022
(212) 605-6298 Telephone
cstern@levylaw.com
akull@levylaw.com
dweiss@levylaw.com

William Goodman (P14173)
Julie H. Hurwitz (P34720)
Kathryn Bruner James (P71374)
**Goodman & Hurwitz PC**
1394 E. Jefferson Ave
Detroit MI 48207
(313) 567-6170
bgoodman@goodmanhurwitz.com
jhurwitz@goodmanhurwitz.com

9

New York, NY 10017
(212) 397-1000 Telephone
hshkolnik@napoli.com
pnapoli@napoli.com
planciotti@napoli.com

Vineet Bhatia
Shawn Raymond
**SUSMAN GODFREY, L.L.P.**
1000 Louisiana Street, Suite 5100
Houston, TX 77002
(713) 651-3666 Telephone
vbhatia@susmangodfrey.com
sraymond@susmangodfrey.com

Stephen Morrissey
Jordan Connors
**SUSMAN GODFREY, L.L.P.**
1201 Third Ave.
Suite 3800
Seattle, WA 98101
(206) 516-3880 Telephone
(206) 516-3883 Facsimile
smorrissey@susmangodfrey.com
jconnors@susmangodfrey.com

Peretz Bronstein
Shimon Yiftach
**BRONSTEIN, GEWIRTZ
 & GROSSMAN, LLC**
60 East 42nd Street, Suite 4600
New York, NY 10165
(212) 697-6484 Telephone
peretz@bgandg.com
shimony@bgandg.com

Bradford M. Berry
Khyla D. Craine
Anson C. Asaka
**NAACP**
4805 Mt. Hope Dr.
Baltimore, MD 21215
(410) 580-5777 Telephone
bberry@naacpnet.org
kcraine@naacpnet.org
aasaka@naacpnet.org

Kathryn P. Hoek
**SUSMAN GODFREY, L.L.P.**
1901 Avenue of the Stars
Suite 950
Los Angeles, CA 90067
(310) 789-3100 Telephone
khoek@susmangodfrey.com

Paul Novak (P39524)
Diana Gjonaj (P74637)
Gregory Stamatopoulos (P74199)
**Weitz & Luxenberg, P.C.**
719 Griswold Street Suite 620
Detroit, MI 48226
pnovak@weitzlux.com
dgjonaj@weitzlux.com
gstamatopoulos@weitzlux.com

Robin L. Greenwald
**Weitz & Luxenberg, P.C.**
700 Broadway
New York, NY 10003
(212) 558-5500
rgreenwald@weitzlux.com

Deborah A. LaBelle (P31595)
**Law Offices of Deborah A. LaBelle**
221 N. Main St Ste 300
Ann Arbor MI 48104
(734) 996-5620
deblabelle@aol.com

Trachelle C. Young (P63330)
**Trachelle C. Young & Assoc. PLLC**
2501 N. Saginaw St Flint MI 48505-4443
(810) 239-6302
trachelleyoung@gmail.com

Brian McKeen P34123
Salvatore Amodeo P80290
**McKEEN & ASSOCIATES, PC**
645 Griswold Street, Suite 4200
Detroit, Michigan 48226
Telephone: (313) 961-4400
BjMcKeen@mckeenassociates.com
Samodeo@mckeenassociates.com

Cirilo Martinez (P65074)
**Law Office of Cirilo Martinez, PLLC**
3010 Lovers Lane
Kalamazoo, MI 49001
(269) 342-1112 Telephone
martinez_cirilo@hotmail.com

Andrew P. Abood (P43366)
**ABOOD LAW FIRM**
246 East Saginaw Street, Suite One
East Lansing, Michigan 48823
(517) 332-5900 Telephone
andrew@aboodlaw.com

Neal H. Weinfield
**The Dedendum Group**
(312) 613-0800
nhw@dedendumgroup.com

Esther E. Berezofsky
**WILLIAMS CUKER BEREZOFSKY**
1515 Market Street
Suite 1300
Philadelphia, PA 19102
(215) 557-0099 Telephone
eberezofsky@wcblegal.com

## CERTIFICATE OF SERVICE

I hereby certify that on July 24, 2017, I filed the foregoing document with the Clerk of Court using the ECF system which will send notice of such filing to all parties of record.

Dated: July 24, 2017

                                        */s/ Emmy L. Levens*
                                        Emmy L. Levens
                                        **COHEN MILSTEIN SELLERS & TOLL PLLC**
                                        1100 New York Avenue, N.W.
                                        Suite 500, East Tower
                                        Washington, DC 20005
                                        (202) 408-4600 Telephone
                                        (202) 408-4699 Facsimile
                                        elevens@cohenmilstein.com