UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

LUKE WAID *et al.*, Individually and on Behalf of All Others Similarly Situated,

                Plaintiffs,

vs.

GOVERNOR RICHARD D. SNYDER, *et al.*,

                Defendants

_____

Case No. 5:16-cv-10444-JEL-MKM

Hon. Judith E. Levy
Mag. Judge Mona K. Majzoub

## RESPONSE OF DEFENDANTS VEOLIA WATER NORTH AMERICA OPERATING SERVICES, LLC, VEOLIA NORTH AMERICA, INC, AND VEOLIA NORTH AMERICA, LLC TO PLAINTIFFS' PROPOSED SCHEDULING ORDER AND DISCOVERY PLAN FOR THE CONSOLIDATED CLASS ACTION

Defendants Veolia Water North America Operating Services, LLC, Veolia North America, Inc., and Veolia North America, LLC (collectively, "the VNA Defendants") respectfully file this response to the Proposed Scheduling Order and Discovery Plan for the Consolidated Class Action (ECF No. 170) filed by the plaintiffs in *Waid* ("the *Waid* plaintiffs").

The VNA Defendants agree with the *Waid* plaintiffs that the parties "participated telephonically in conferences" and that the *Waid* plaintiffs shared an

1

earlier draft of their proposed scheduling order. *Id.* at 2. However, as the VNA Defendants explained to the *Waid* plaintiffs, the VNA Defendants could not negotiate with them over a proposed scheduling order or join their filing for several reasons.[1]

*First*, as the VNA Defendants have stated in their prior filings, the VNA Defendants believe that the Court should appoint interim lead class counsel but take no position on which of the competing groups of plaintiffs' attorneys should be appointed to fill that role. *See* VNA Defendants' Response and Partial Concurrence to Consolidation Motion at 3 (*Waid* ECF No. 164); Veolia North America, LLC's Opposition to Consolidation Motion at 1 n.1, Case No. 5:16-cv-12412 (*Guertin* ECF No. 183). Consistent with that position, the VNA Defendants did not believe that it was appropriate to negotiate a scheduling order with one of the competing groups of plaintiffs' attorneys. Those negotiations could be seen or portrayed as an endorsement of some plaintiffs' attorneys over others. The VNA Defendants are eager to enter into detailed discussions concerning an appropriate management plan for proceedings leading up to a decision on class certification, but it would be inappropriate to do so before the Court has exercised its discretion to appoint interim lead class counsel.

---

[1] The VNA Defendants' reasons for not negotiating with the *Waid* plaintiffs differ from the reasons identified by the State Defendants, which the *Waid* plaintiffs reproduced at page 3 of their filing.

*Second*, the putative class actions before this Court have not yet been consolidated. The VNA Defendants believe that these cases should be consolidated. *See* VNA Defendants' Response and Partial Concurrence at 4 (*Waid* ECF No. 164). Nevertheless, until this Court orders consolidation, the VNA Defendants believed that it made little sense to negotiate a proposed scheduling order that might apply only in some, but not all, of the putative class actions.

*Third*, the VNA Defendants explained that the filings and appeals in the *Guertin* action (No. 5:16-cv-12412) complicate scheduling. The *Guertin* plaintiffs have moved for leave to file a putative class complaint, have moved for consolidation of all putative class actions, and have moved for the plaintiffs' attorneys in that case to be named interim lead class counsel. At the same time, other defendants in *Guertin* have filed appeals from this Court's order deciding defendants' motions to dismiss, have filed motions to stay the *Guertin* action, and have questioned this Court's continuing jurisdiction over that case. Those filings present substantial complications on consolidation, appointment of interim lead class counsel, and scheduling.

*Fourth*, both the *Waid* plaintiffs and *Guertin* plaintiffs have proposed to file a consolidated class complaint. Consolidation Motion at 3 (*Waid* ECF No. 136); Brief In Support of Consolidation Motion at 5 (*Guertin* ECF No. 165). It is therefore likely that the currently pending putative class complaints will not remain

operative. The VNA Defendants accordingly do not know which plaintiffs will be suing them, which claims will be asserted against them, and which attorneys will assert those claims.

*Finally*, the VNA Defendants explained to the *Waid* plaintiffs that, if their attorneys are appointed as interim lead class counsel, the VNA Defendants would work with them to address important events that are omitted from their proposed scheduling order, such as the identification, disclosure, and depositions of expert witnesses. Further, the VNA Defendants offered to work with the *Waid* plaintiffs to identify issues that should be addressed at tomorrow's status conference, and the VNA Defendants specifically cited the motions and appeals in *Guertin*, the pending motions to dismiss in several cases, the need to file a consolidated class complaint, and the need to agree on a protective order. Counsel for the *Waid* plaintiffs stated that they would report back to the VNA Defendants about these and potentially other issues to address at tomorrow's hearing, but did not do so. Instead, they filed their proposed scheduling order after the Court informed the parties in a June 24 email that, "[i]f there wasn't a proposed order submitted, there isn't a need to submit one now."

As this Court has ordered, the VNA Defendants will appear at tomorrow's status conference "prepared to discuss issues set forth in the Federal Judicial Center's Manual on Complex Litigation, Fourth Edition, §§ 11.11 through 11.33

4

prior to the conference." The VNA Defendants look forward to addressing these issues with the Court at that time.

Respectfully submitted,

| **CAMPBELL, CAMPBELL, EDWARDS & CONROY P.C.** | **BUSH SEYFERTH & PAIGE PLLC** |
|---|---|
| By: /s/ James M. Campbell <br> James M. Campbell <br> John A. K. Grunert <br> One Constitution Center, 3rd Floor <br> Boston, MA 02129 <br> (617) 241-3000 <br> jmcampbell@campbell-trial-lawyers.com <br> jgrunert@campbell-trial-lawyers.com | By: /s/ Cheryl A. Bush <br> Cheryl A. Bush (P37031) <br> Michael R. Williams (P79827) <br> 3001 W. Big Beaver Rd. Suite 600 <br> Troy, MI 48084 <br> (248) 822-7800 <br> bush@bsplaw.com <br> williams@bsplaw.com |

*Attorneys for Veolia North America, Inc., Veolia North America, LLC and Veolia Water North America Operating Services, LLC*

Dated: July 25, 2017

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 25, 2017, I electronically filed the foregoing document with the Clerk of the Court using the ECF System, which will send notification to the ECF counsel of record.

By:   /s/ Michael R. Williams  
       Michael R. Williams (P79827)  
       williams@bsplaw.com
