UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

*In Re* Flint Water Cases          No. 5:16-cv-10444

HON. JUDITH E. LEVY

MAG. MONA K. MAJZOUB

---

**STATE DEFENDANTS' MOTION FOR PARTIAL RECONSIDERATION OF ORDER CONSOLIDATING CLASS ACTIONS [DKT. 173]**

Defendants the State of Michigan, the Michigan Department of Environmental Quality, the Michigan Department of Health and Human Services, Governor Rick Snyder, Dennis Muchmore, Andy Dillon, R. Kevin Clinton, Nick Lyon, Eden Wells, and Linda Dykema (State Defendants) hereby move for partial reconsideration of this Court's Order Granting in Part the *Waid* Motion for Consolidation of the Class Actions (Dkt. 173) under E.D. Mich. L.R. 7.1(h) for the reasons stated in the supporting brief.

In accordance with E.D. Mich. LR 7.1(a), counsel for State Defendants contacted Interim Lead Counsel for Plaintiffs via telephone on August 10, 2017, explaining the nature of the proposed motion and

seeking concurrence in the relief sought in this motion.  Concurrence was not obtained.

                                      Respectfully submitted,

                                      /s/ Zachary C. Larsen

| | |
|---|---|
| Eugene Driker (P12959) | Richard S. Kuhl (P42042) |
| Morley Witus (P30895) | Margaret A. Bettenhausen (P75046) |
| Todd R. Mendel (P55447) | Nathan A. Gambill (P75506) |
| Special Assistant Attorneys General | Zachary Larsen (P72189) |
| for Governor Richard D. Snyder | Assistant Attorneys General |
| Barris, Sott, Denn & Driker, PLLC. | Environment, Natural Resources, and Agriculture Division |
| | Attorneys for State Defendants |
| 333 W. Fort Street, Suite 1200 | 525 W. Ottawa Street |
| Detroit, Michigan 48226 | P.O. Box 30755 |
| Phone: (313) 965-9725 | Lansing, Michigan 48909 |
| EDriker@bsdd.com | Phone: (517) 373-7540 |
| MWitus@bsdd.com | Fax: (517) 373-1610 |
| TMendel@bsdd.com | kuhlr@michigan.gov |
| | bettenhausenm@michigan.gov |
| | gambilln@michigan.gov |
| | larsenz@michigan.gov |

Dated:  August 10, 2017

2

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| *In Re* Flint Water Cases | No. 5:16-cv-10444 |
| | HON. JUDITH E. LEVY |
| | MAG. MONA K. MAJZOUB |

# BRIEF IN SUPPORT OF STATE DEFENDANTS' MOTION FOR PARTIAL RECONSIDERATION OF ORDER CONSOLIDATING CLASS ACTIONS [DKT. 173]

Eugene Driker (P12959)
Morley Witus (P30895)
Todd R. Mendel (P55447)
Special Assistant Attorneys General
for Governor Richard D. Snyder
Barris, Sott, Denn & Driker, PLLC.
333 W. Fort Street, Suite 1200
Detroit, Michigan 48226
Phone: (313) 965-9725
EDriker@bsdd.com
MWitus@bsdd.com
TMendel@bsdd.com

Dated: August 10, 2017

Richard S. Kuhl (P42042)
Margaret A. Bettenhausen (P75046)
Nathan A. Gambill (P75506)
Zachary Larsen (P72189)
Assistant Attorneys General
Environment, Natural Resources, and Agriculture Division
Attorneys for State Defendants
525 W. Ottawa Street
P.O. Box 30755
Lansing, Michigan 48909
Phone: (517) 373-7540
Fax: (517) 373-1610
kuhlr@michigan.gov
bettenhausenm@michigan.gov
gambilln@michigan.gov
larsenz@michigan.gov

## TABLE OF CONTENTS

Page

Index of Authorities................................................................................ii

Concise Statement of Issues Presented................................................ iii

Controlling or Most Appropriate Authority ...........................................iv

Argument ................................................................................................ 1

I.    This Court should reconsider that portion of its order consolidating the class actions for trial. ............................................ 1

    A.    Consolidation of the class actions for trial purposes is premature and has not been adequately briefed. ................... 2

    B.    Trial consolidation would be inappropriate in mass tort cases like these. ............................................................................ 3

Conclusion and Relief Requested ........................................................... 5

Certificate of Service ............................................................................... 1

# INDEX OF AUTHORITIES

<u>Page</u>

**Cases**

*Castano v. Am. Tobacco Co.*,
 84 F.3d 734 (5th Cir. 1996) ................................................................................. 3

*Hasman v. G.D. Searle & Co.*,
 106 F.R.D. 459 (E.D. Mich. 1985) ....................................................................... 3

*In Re Dow Corning Corp.*,
 211 B.R. 545 (Bankr. E.D. Mich. 1997) ............................................................... 3

*In Re Rhone-Poulenc Roer, Inc.*,
 51 F.3d 1293 (7th Cir. 1995) ................................................................................ 3

**Other Authorities**

Manual for Complex Litigation,
 Fourth Ed., § 22.313 ...................................................................................... 2, 3

## CONCISE STATEMENT OF ISSUES PRESENTED

1. Should this Court revise its consolidation order and wait to answer the issue of whether these cases should be consolidated for trial until that issue can be fully briefed?

## CONTROLLING OR MOST APPROPRIATE AUTHORITY

Manual for Complex Litigation, Fourth Ed., § 22.313, p. 358.

# ARGUMENT

## I. This Court should reconsider that portion of its order consolidating the class actions for trial.

This Court's July 27, 2017 order consolidated ten class actions arising out of the Flint Water controversy, as requested by Plaintiffs. But, perhaps inadvertently, the Court exceeded the scope of Plaintiffs' request. Plaintiffs' motion argued that consolidation would eliminate redundancies in pretrial discovery and motion practice and sought *only* "[c]onsolidation *for pretrial purposes*." (Dkt. 136, Pg ID # 6555.) (Emphasis added.) Nonetheless, this Court ordered the cases consolidated "for all purposes, *including trial*." (Dkt. 173, Pg ID # 8075.) (Emphasis added.)

Because Plaintiffs did not request trial consolidation and Defendants did not have an opportunity to respond to such a request, this Court's order was premature. Moreover, courts have recognized problems with consolidating mass tort cases like these for trial. Thus, at the very least, the Court should direct the parties to brief the question before consolidating these cases for trial.

### A. Consolidation of the class actions for trial purposes is premature and has not been adequately briefed.

Without briefing on the question of consolidating these cases for trial, this Court's ordered trial consolidation is premature. Plaintiffs' motion proposed that pretrial consolidation would avoid "duplicative motions, chaotic discovery, and a severe risk of inconsistent rulings." (Dkt. 136, Pg ID # 6553.) Defendants responded to *these* concerns—not the very different concerns involved in a proposal to consolidate the cases for trial. (*See* Dkt. 162–166, Pg ID ## 7381–7454.) Therefore, this Court's ordered trial consolidation was not briefed.

If Plaintiffs or this Court believe that trial consolidation is appropriate, then the issue should be first briefed before a final decision is made. The Manual for Complex Litigation comments:

> [The] timing [of an aggregation decision] depends on the availability of reliable and sufficient information about whether there are common issues that can be determined fairly and efficiently across a large number of claims and whether the nature and value of the claims makes aggregation useful. [Manual for Complex Litigation, Fourth Ed., § 22.313, p. 358.]

In the case of trial consolidation, waiting until after discovery is complete and Rule 56 motions have been filed and decided will allow the Court to act with "reliable and sufficient information," permitting a

2

fully informed decision on whether or how trial consolidation could achieve efficiencies.

### B. Trial consolidation would be inappropriate in mass tort cases like these.

Further, full trial consolidation is generally inappropriate in mass tort cases. Where individualized issues predominate over common issues, consolidation is inappropriate. *Hasman v. G.D. Searle & Co.*, 106 F.R.D. 459, 461 (E.D. Mich. 1985). Specifically in mass torts, the Manual for Complex Litigation notes that individualized questions on issues such as causation can weigh against consolidation. Manual, § 22:2, p. 351 (noting a split in authorities and that some judges have found causation "too intertwined with individual questions to permit" any form of aggregation) (citing *In Re Rhone-Poulenc Roer, Inc.*, 51 F.3d 1293, 1302–03 (7th Cir. 1995) & *Castano v. Am. Tobacco Co.*, 84 F.3d 734, 745 n. 21 (5th Cir. 1996)). Likewise, the Manual comments that "[p]roof of individual compensatory damages will typically be specific to each claimant." *Id.*, § 22.2, p. 352. Caselaw from this District is in accord. *See In Re Dow Corning Corp.*, 211 B.R. 545, 594 (Bankr. E.D. Mich. 1997) (holding that "[t]he determination of both specific causation

3

and damages hinges upon factors that are more individual in nature. Unquestionably, this fact makes the use of an aggregative procedure to resolve these claims more difficult.").

While this Court might ultimately conclude that trial consolidation is appropriate here, these concerns should give the Court enough pause to want all sides to brief the issue before moving forward. Therefore, the Court should reconsider that portion of its order consolidating these class actions for trial.

## CONCLUSION AND RELIEF REQUESTED

For those reasons, State Defendants respectfully request that this Court reconsider that portion of its order consolidating these cases for trial.

Respectfully submitted,

/s/ Zachary C. Larsen

| | |
|---|---|
| Eugene Driker (P12959) | Richard S. Kuhl (P42042) |
| Morley Witus (P30895) | Margaret A. Bettenhausen (P75046) |
| Todd R. Mendel (P55447) | Nathan A. Gambill (P75506) |
| Special Assistant Attorneys General | Zachary Larsen (P72189) |
| | Assistant Attorneys General |
| for Governor Richard D. Snyder | Environment, Natural Resources, |
| Barris, Sott, Denn & Driker, PLLC. | and Agriculture Division |
| | Attorneys for State Defendants |
| 333 W. Fort Street, Suite 1200 | 525 W. Ottawa Street |
| Detroit, Michigan 48226 | P.O. Box 30755 |
| Phone: (313) 965-9725 | Lansing, Michigan 48909 |
| EDriker@bsdd.com | Phone: (517) 373-7540 |
| MWitus@bsdd.com | Fax: (517) 373-1610 |
| TMendel@bsdd.com | kuhlr@michigan.gov |
| | bettenhausenm@michigan.gov |
| | gambilln@michigan.gov |
| Dated: August 10, 2017 | larsenz@michigan.gov |

5

# CERTIFICATE OF SERVICE

I hereby certify that on August 10, 2017, I electronically filed the above document(s) with the Clerk of the Court using the ECF System, which will provide electronic copies to counsel of record. A copy of this document was sent via U.S. mail to the chambers of Honorable Judith E. Levy.

Respectfully submitted,

/s/ Zachary C. Larsen

| | |
|---|---|
| Eugene Driker (P12959) | Richard S. Kuhl (P42042) |
| Morley Witus (P30895) | Margaret A. Bettenhausen (P75046) |
| Todd R. Mendel (P55447) | Nathan A. Gambill (P75506) |
| Special Assistant Attorneys General | Zachary Larsen (P72189) |
| for Governor Richard D. Snyder | Assistant Attorneys General |
| Barris, Sott, Denn & Driker, PLLC. | Environment, Natural Resources, and Agriculture Division |
| 333 W. Fort Street, Suite 1200 | Attorneys for State Defendants |
| Detroit, Michigan 48226 | 525 W. Ottawa Street |
| Phone: (313) 965-9725 | P.O. Box 30755 |
| EDriker@bsdd.com | Lansing, Michigan 48909 |
| MWitus@bsdd.com | Phone: (517) 373-7540 |
| TMendel@bsdd.com | Fax: (517) 373-1610 |
| | kuhlr@michigan.gov |
| | bettenhausenm@michigan.gov |
| | gambilln@michigan.gov |
| Dated: August 10, 2017 | larsenz@michigan.gov |

S:\CEPB3\ENRA_FlintWater\Flint-Waid v Gov Snyder, SOM et al   USDC (AG# 2016-0131314-A)\Pleadings\Drafts (Word Versions)\Motion for Partial Reconsideration 2017-08-10