UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LUKE WAID, *et al.*; Individually and
On Behalf of All Others Similarly
Situated,

    Plaintiffs,

vs.

GOVERNOR RICHARD D. SNYDER, *et al.*,

    Defendants.

Case No. 5:16-cv-10444-JEL-MKM

Hon. Judith E. Levy

**MDEQ DEFENDANTS' INDIVIDUAL STATEMENT REGARDING PRELIMINARY DISCOVERY AND APPOINTMENT OF SPECIAL MASTER PURSUANT TO THE JULY 27, 2017 ORDER**

  Pursuant to Paragraph A of this Court's July 27, 2017 Order (the "Order"), Defendants Daniel Wyant, Bradley Wurfel, Liane Shekter Smith, Stephen Busch, Patrick Cook, Michael Prysby and Adam Rosenthal (the "MDEQ Employee Defendants") respond to the Court's inquiries as follows:

1. <u>Whether preliminary discovery is appropriate in the Combined Class Action?</u>

  Commencement of discovery (preliminary, formal or informal, class certification, ESI, Protective Orders, Third Party, etc.) at this time is not appropriate, because, *inter alia*:

    a. No Responses to the Master Class Action Complaint have been filed. MDEQ Defendants may file a Motion to Dismiss in response to the Master Class Action Complaint. This Court's

1

          determination of which claims, if any, should proceed against the MDEQ Defendants will drive what discovery is appropriate. For example, if only claims related to alleged bodily injury remain, discovery related to property damage would be irrelevant and overly burdensome;

    b.    No Answers or Affirmative Defenses to the Master Class Action Compliant have been filed;

    c.    The parties have not conducted a Rule 26(f) conference, a prerequisite to the conduct of any discovery[1];

    d.    The parties have not submitted a Rule 26(f) report;

    e.    The parties have not made their Rule 26(a) Disclosures (such disclosure is also premature);

    f.    The Court has not held a Rule 16 Scheduling Conference or issued a Scheduling Order;

    g.    Prior to the start of discovery, this Court will need to address the Fifth Amendment concerns of those Defendants who face criminal charges[2];

    h.    Appeals regarding the immunities possessed by the MDEQ Defendants remain pending, and such rulings may eliminate parties or limit the scope of appropriate discovery. The resolution of these appeals and decisions on other substantive issues raised and briefed in the individual cases, pending before this Court, potentially may alter parties and/or limit the scope of discovery. Issues of qualified immunity should be resolved prior to any discovery, as qualified immunity is intended to shield a party from suit, including discovery[3]; and

---

[1] Fed. R. Civ. P. 26(d)(1).

[2] *Trustees of the Plumbers & Pipefitters Nat'l. Pension Fund v.Transworld Mechanical*, 886 F. Supp. 1134, 1140 (S.D.N.Y. 1995).

[3] *Harlow v. Fitzgerald,* 457 U.S. 800, 818 (1982); *Siegert v. Gilley*, 500 U.S. 226, 232 (1991).

2

      i.    Issues exist with the production of documents, due to Special Prosecutor Todd Flood's obstruction threats, particularly as they may relate to disclosure of "investigation documents."

In short, at a minimum, discovery should not proceed until: (i) the final disposition of appeals impacting the adjudication of dispositive motions, (ii) first responsive pleadings are filed, (iii) the parties have conducted a conference under Fed. R. Civ. P. 26(f), (iv) the Court has conducted a conference under Fed. R. Civ. P. 16(b) and (v) the Court has passed on issues related to the invocation of the right to refrain from self-incrimination under Fifth Amendment.

It is worth noting that opposition to the hasty commencement of discovery by Plaintiffs in this action comes from a majority of the Defendant parties. This is evidenced by, *inter alia*, opposition to Plaintiffs' First Requests for Production of Documents, which were inappropriately propounded upon the parties prior to any attempt to meet and confer (as ordered by this Court) with defense counsel to discuss the matter of preliminary discovery, from the State of Michigan, Veolia, LAN, the City of Flint, and the MDEQ Employee Defendants.

2. <u>Appointment of Special Master.</u>

All parties agree that the appointment of a Special Master at this time is neither necessary nor appropriate.

3

Respectfully submitted,

| | |
|---|---|
| FOSTER SWIFT COLLINS & SMITH PC | CLARK HILL PLC |
| | |
| */s/ Charles E. Barbieri*  w/permission | */s/ Michael J. Pattwell*  w/permission |
| Charles E. Barbieri (P31793) | Michael J. Pattwell (P72419) |
| Attorneys for Adam Rosenthal, | Attorneys for Bradley Wurfel and |
| Patrick Cook,  and Michael Prysby | Daniel Wyant |
| 313 S. Washington Sq. | 212 E. Grand River Ave. |
| Lansing, Michigan 48933 | Lansing, Michigan 48906 |
| | |
| September 29, 2017 | September 29, 2017 |
| | |
| FRASER TREBILCOCK DAVIS & DUNLAP PC | |
| | KOTZ SANGSTER WYSOCKI PC |
| */s/ Thaddeus E. Morgan*  w/permission | |
| Thaddeus E. Morgan (P47394) | */s/ Philip A. Grashoff, Jr.* |
| Attorneys for Liane Shekter Smith | Philip A. Grashoff, Jr. (P14279) |
| 124 W. Allegan St., Ste. 1000 | Attorneys for Stephen Busch |
| Lansing, Michigan 48933 | 36700 Woodward Ave., Suite 202 |
| | Bloomfield Hills, Michigan 48304 |
| September 29, 2017 | |
| | September 29, 2017 |

## **CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the above document(s) with the Clerk of the Court using the ECF System, which will provide electronic copies to all counsel of record.

                                                             */s/ Philip A. Grashoff, Jr.*