UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

*In Re* Flint Water Cases

No. 5:16-cv-10444

HON. JUDITH E. LEVY

MAG. MONA K. MAJZOUB

---

**STATE DEFENDANTS' STATEMENT REGARDING PRELIMINARY DISCOVERY IN THE COMBINED CLASS ACTION**

State Defendants include the State of Michigan, the Michigan Department of Environmental Quality, the Michigan Department of Health and Human Services, the Receivership Transition Advisory Board, Governor Rick Snyder, Dennis Muchmore, Andy Dillon, R. Kevin Clinton, Nick Lyon, Eden Wells, and Linda Dykema. By filing this statement, as ordered by the Court, State Defendants *do not* accede to this Court's jurisdiction and *do not* waive their Eleventh Amendment immunity, which the U.S. Court of Appeals for the Sixth Circuit and this Court have recognized applies to claims similar to those previously filed in the combined class actions. *Boler v. Earley*, 865 F.3d 391, 409–414 (6th Cir. 2017); *Guertin v. Michigan,* No. 16-12412, Dkt. 151,

Opinion and Order Granting in Part and Denying in Part Defendants' Motions to Dismiss, Pg.ID ## 5581–87 (E.D. Mich. June 5, 2017). State Defendants maintain immunity, and other defenses, on all claims.

Based on the Court's July 27, 2017 Order granting in part the *Waid* motion for consolidation of the class actions and an in-person meet-and-confer conference that was held with co-lead class counsel and defendants on September 7, 2017, State Defendants respectfully submit the following statement regarding preliminary discovery.

1. *July 27, 2017 Order*: On July 27, 2017, this Court ordered co-lead class counsel to "confer with all named defendants and file either a joint statement regarding agreed-upon preliminary discovery or separate statements addressing whether preliminary discovery is appropriate at this juncture in the combined class action." (Dkt. 173, Pg.ID # 8074.) Co-lead class counsel, liaison counsel for the individual plaintiffs, and defendants' counsel met on September 7, 2017. Plaintiffs and defendants were unable to reach an agreement. Accordingly, State Defendants respectfully submit this separate statement that preliminary discovery is inappropriate at this stage in the litigation.

2. *Preliminary discovery is inappropriate:* Preliminary discovery should not proceed until this Court resolves jurisdictional and other immunity and pleading deficiency issues. In addition, State Defendants have Fifth Amendment concerns that counsel against proceeding with discovery.

3. *Eleventh Amendment immunity, state sovereignty and qualified immunity*: State Defendants object to any discovery in the combined class action based on Eleventh Amendment immunity, state sovereignty and qualified immunity. State Defendants have repeatedly raised immunity defenses in their motions to dismiss filed in the class action lawsuits. To carry out the purpose of immunity doctrines, federal law provides that disclosures and discovery should be stayed until this Court rules on State Defendants' motion to dismiss the master class action complaint. "One of the purposes of immunity, absolute or qualified, is to spare a defendant not only unwarranted liability, but unwarranted demands customarily imposed upon those defending a long drawn out lawsuit." *Siegert v. Gilley*, 500 U.S. 226, 232 (1991). A defendant who asserts absolute immunity under the Eleventh Amendment or qualified immunity is entitled to have such immunity

determined as a threshold issue of law before incurring the burdens of litigation associated with discovery. *Id.* at 231 ("Until this threshold immunity question is resolved, discovery should not be allowed.") (citing *Harlow v. Fitzgerald,* 457 U.S. 800, 818 (1982)); s*ee also Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) (relating to qualified immunity "The entitlement is an *immunity from suit* rather than a mere defense to liability.") (italics in original). Immunity from suit is irrevocably lost and the purpose of Eleventh Amendment immunity and qualified immunity are frustrated if a defendant is compelled to respond to discovery or to make disclosures under Rule 26(a). Discovery should not commence until the issues of immunity are resolved. *See Criss v. City of Kent*, 867 F.2d 259, 261 (6th Cir.1988) ("discovery in litigation against government officials should be halted until the threshold question of immunity is resolved"); *Kennedy v. City of Cleveland*, 797 F.2d 297, 298–99 (6th Cir.1986) ("a claim of immunity raises an interest in an early, and inexpensive, termination of the litigation").

4. *Fifth Amendment concerns:* "One of the strongest cases for deferring civil proceedings until after completion of criminal proceedings is where a party under indictment for a serious offense is

required to defend a civil or administrative action involving the same matter." *Orlowski v. Bates*, Case No. 2:11-CV-01396-JPM, 2015 WL 6458108, at *1 (W.D. Tenn. Oct. 26, 2015) (citing *S.E.C. v. Dresser Indus., Inc.,* 628 F.2d 1368, 1375 (D.C. Cir. 1980)) (internal quotations omitted). This is because "[t]he noncriminal proceeding. . . might undermine the party's Fifth Amendment privilege against self-incrimination, expand rights of criminal discovery beyond the limits of Federal Rule of Criminal Procedure 16(b), expose the basis of the defense to the prosecution in advance of criminal trial, or otherwise prejudice the case." *Id.* (citing *Dresser Indus.,* 628 F.2d at 1376). This Court has the discretion to delay civil discovery pending the outcome of a related criminal proceeding. *See United States v. Kordel*, 397 U.S. 1, 12 n. 27 (1970); *United States v. Certain Real Property 566 Hendrickson Blvd., Clawson, Oakland Cty., Michigan*, 986 F.2d 990, 997 (6th Cir. 1993). Judges in this Circuit have observed, "simultaneous criminal and civil cases involving the same or closely related facts may give rise to Fifth Amendment concerns sufficient to warrant a stay of the civil proceedings." *Chao v. Fleming*, 498 F. Supp. 2d 1034, 1037 (W.D. Mich. 2007); *see also McCloskey v. White*, Case No. 3:09-CV-1273, 2011

WL 780793, at *1 (N.D. Ohio Mar. 1, 2011); *Coley v. Lucas Cty., Ohio*, Case No. 3:09- CV-0008, 2011 WL 5838190, at *2 (N.D. Ohio Nov. 18, 2011); *Kammer v. Cincinnati Ins. Co.*, Case No. 09-13177-BC, 2010 WL 2474329, at *2 (E.D. Mich. June 11, 2010).

State Defendants Lyon and Wells have both been criminally charged in state court for offenses relating to Flint's drinking water. (Dkt. 169-2, Pg.ID # 6249 & Dkt. 169-3, Pg.ID # 6251.) Director Lyon's preliminary exam began on September 21, 2017 and was continued to early October 2017. Dr. Wells' preliminary exam is scheduled to begin October 9, 2017.

It would be highly prejudicial and raise significant due process issues to require these State officials in particular, and all State Defendants generally, to respond to document requests, submit to civil depositions or to file written answers to Plaintiffs' factual allegations, interrogatories, or requests for admissions when certain State Defendants are presently the subject of active parallel criminal proceedings in state court that relate to the same factual matters. Any discovery from State Defendants would implicate and could adversely affect these criminal proceedings.

Moreover, State Defendants have a common interest agreement and are obligated to assert and defend any confidentiality, privilege or privacy interest applicable to materials. Discovery in this consolidated class action would also implicate the terms of the common interest agreement.

5. *Discovery should proceed in three phases:* The Court can take a three-phased approach to discovery, without irrevocably damaging State Defendants' immunity defenses or subjecting defendants to costly discovery that may or may not be relevant. This approach will also allow Lyon's and Wells' criminal cases to progress without impinging their Fifth Amendment rights in the civil proceedings. Importantly, this plan would apply to all parties because allowing discovery to proceed as to certain issues or defendants would prejudice State Defendants.

In phase one, the Court would allow only discovery needed to resolve the jurisdiction issue, if any. State Defendants do not believe any such discovery is required as this issue is clearly established by the applicable law, and other decisions of this Court in related cases.

The Court should then decide the jurisdiction, immunity and pleading deficiency issues. Doing so will effectively narrow the case by determining which claims and defendants, if any, remain. Assuming any claims against any State Defendants survive phase one, then the parties would proceed to the next phase.

In phase two, discovery should be limited to class certification issues. Before starting phase two, the Court should conduct another status conference and schedule a Rule 26(f) conference. The parties should confer regarding any limits on discovery, disclosure of privileged information and a protective order, production of electronically stored information (ESI) and an ESI order.

In phase three, if no class is certified, then discovery from that point forward should be limited to the named plaintiffs. If a class is certified, then phase three would also involve the class plaintiffs. At that time, the Court should have another status conference to address any discovery issues pertaining to the third phase of discovery.

6. *Coordination of discovery with state-court cases*: When discovery commences, it should be coordinated with discovery already done in the state-court cases to avoid duplication and unnecessary

expense. State Defendants have already made voluminous non-party document productions in the Flint water state-court cases. The *Manual for Complex Litigation,* § 20.3, recommends coordination of discovery in related state and federal cases, even where the identity of the parties and counsel do not overlap. Here, coordination of discovery in the federal and state cases would be particularly seamless because liaison counsel for the individual cases, Corey Stern of Levy Konigsberg LLP, has been appointed lead counsel in the state-court cases. Thus, Class Plaintiffs have the option of coordinating with liaison counsel to obtain significant documents productions.

Respectfully submitted,

/s/ Margaret A. Bettenhausen

Richard S. Kuhl (P42042)
Margaret A. Bettenhausen (P75046)
Nathan A. Gambill (P75506)
Zachary Larsen (P72189)
Assistant Attorneys General
Environment, Natural Resources, and Agriculture Division
Attorneys for State Defendants
525 W. Ottawa Street
P.O. Box 30755
Lansing, Michigan 48909
Phone: (517) 373-7540
Fax: (517) 373-1610
kuhlr@michigan.gov
bettenhausenm@michigan.gov

Eugene Driker (P12959)
Morley Witus (P30895)
Todd R. Mendel (P55447)
Special Assistant Attorneys General
for Governor Richard D. Snyder
Barris, Sott, Denn & Driker, PLLC.
333 W. Fort Street, Suite 1200
Detroit, Michigan 48226
Phone: (313) 965-9725
EDriker@bsdd.com
MWitus@bsdd.com
TMendel@bsdd.com

gambilln@michigan.gov
larsenz@michigan.gov

Dated: September 29, 2017

**CERTIFICATE OF SERVICE**

I hereby certify that on September 29, 2017 I electronically filed the above document(s) with the Clerk of the Court using the ECF System, which will provide electronic copies to counsel of record. A copy of this document was sent via U.S. mail to the chambers of Honorable Judith E. Levy.

Respectfully submitted,

/s/ Margaret A. Bettenhausen

Eugene Driker (P12959)
Morley Witus (P30895)
Todd R. Mendel (P55447)
Special Assistant Attorneys General
for Governor Richard D. Snyder
Barris, Sott, Denn & Driker, PLLC.
333 W. Fort Street, Suite 1200
Detroit, Michigan 48226
Phone: (313) 965-9725
EDriker@bsdd.com
MWitus@bsdd.com
TMendel@bsdd.com

Richard S. Kuhl (P42042)
Margaret A. Bettenhausen (P75046)
Nathan A. Gambill (P75506)
Zachary Larsen (P72189)
Assistant Attorneys General
Environment, Natural Resources, and Agriculture Division
Attorneys for State Defendants
525 W. Ottawa Street
P.O. Box 30755
Lansing, Michigan 48909
Phone: (517) 373-7540
Fax: (517) 373-1610
kuhlr@michigan.gov
bettenhausenm@michigan.gov
gambilln@michigan.gov
larsenz@michigan.gov

Dated: September 29, 2017

S:\CEPB3\ENRA_FlintWater\Flint-Waid v Gov Snyder, SOM et al USDC (AG# 2016-0131314-A)\Pleadings\Drafts (Word Versions)\Preliminary Disc Statement 2017-09-29