# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

*In re* Flint Water Cases

Case No 5:16-cv-10444

Hon. Judith E. Levy

Mag. Judge Mona K. Majzoub

_____/

## CITY DEFENDANTS' JOINT STATEMENT
## OPPOSING PRELIMINARY DISCOVERY

## EXHIBIT A: PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF
## DOCUMENTS TO CITY DEFENDANTS

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

*In Re* Flint Water Cases

No. 5:16-cv-10444

HON. JUDITH E. LEVY

MAG. MONA K. MAJZOUB

## PLAINTIFFS' FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS TO CITY DEFENDANTS

TO:  Defendants City of Flint, Darnell Earley, Gerald Ambrose, Dayne Walling, Howard Croft, Michael Glasgow and Daugherty Johnson (the "City Defendants") by and through their attorneys of record:

William Young Kim and Reed E. Erickson, City of Flint Law Department, 1101 S. Saginaw St., 3rd, East Lansing, MI 48823;   Todd R. Perkins and Nikkiya Branch, The Perkins Law Group, PLLC, 615 Griswold, Suite 400, Detroit, MI 48226; Barry W. Wolf, Barry A. Wolf, Attorney at Law, PLLC, 503 S. Saginaw Street, Suite 1410, Flint, MI 48502;  Alexander S. Rusek, White Law PLLC, 2549 Jolly Road, Suite 340, Okemos, MI 48864; Brett Meyer, O'Neill, Wallace & Doyle P.C., 300 Saint Andrews Rd., Ste 302, Saginaw, MI 48638; and  Edwar A. Zeinah, 2800 E. Grand River Ave., Suite B, Lansing MI 48912.

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiffs hereby request that City Defendants produce the following documents and things at the office of Weitz & Luxenberg,  Chrysler House, 719 Griswold, Suite 620, Detroit, MI 48226, or at such other mutually agreed upon place, within 30 days hereof and in the manner required by the Federal

1

Rules of Civil Procedure.

## DEFINITIONS

The following definitions and instructions shall apply to the document requests below:

1.     The term "you" or "your" refer to each of the City Defendants (City of Flint, Darnell Earley, Gerald Ambrose, Dayne Walling, Howard Croft, Michael Glasgow and Daugherty Johnson) individually and their agents and representatives.

2.     The term "Action" shall mean and refer to the above-captioned action.

3.     "Flint" means City of Flint or any employee or contractor or elected or appointed official of or acting on behalf of Flint.

4.     "Governor" means Governor Snyder or any member of the Governor's staff or his Executive Office at any time from January 1, 2011 to date, including Emergency Managers Darnell Earley, Gerald Ambrose, Michael Brown, Kevyn Orr and Edward Kurtz.

5.     "Governor's Office" means any member of the Governor's staff or his Executive Office or anyone and everyone otherwise working directly for the Governor from January 1, 2011 to date, including but not limited to Emergency Managers Darnell Earley, Gerald Ambrose, Michael Brown,

2

Kevyn Orr and/or Edward Kurtz.

6.     "KWA" means the Karegondi Water Authority or any employee or contractor or any appointed official or officer of KWA.

7.     "GCDC" means the Genesee County Drain Commissioner or any public body or affiliated public body, commission, employee or contractor or appointed or any elected official, including but not limited to Jeffrey Wright.

8.     "DWSD" means Detroit Water and Sewerage Department and all members of the DWSD Board of Commissioners, including but not limited to its Chairperson, all staff members, Director Sue F. McCormick, Chief Administrator/Compliance Officer William M. Wolfson, Bill Johnson, Consultant and Chief Customer Service Officer/Deputy Director Darryl A. Latimer, and/or any other member of the DWSD staff between January 1, 2011 and the present.

9.     "Veolia" means Veolia North America, LLC ("Veolia LLC"), Veolia North America, Inc. ("Veolia Inc."), Veolia Environnement, S.A. ("V.E."), and Veolia Water North America Operating Services, LLC ("Veolia Water") (collectively referred to herein as "Veolia" or "Veolia Defendants") or any employee or contractor of Veolia including but not limited to David L. Gadis.

10.     "LAN" means Lockwood, Andrews & Newnam, P.C. ("LAN

3

PC"), Lockwood, Andrews & Newnam Inc. ("LAN Inc."), and Leo A. Daly Company ("LAD") (collectively referred to herein as "LAN" or "LAN Defendants") or any employee or contractor of LAN.

11.    "Flint Water matter" refers to any and all investigations – formal or informal, external or internal – and/or litigation arising out of: the use or potential use of the Flint River as a municipal water source; Flint River water quality; Flint water system; and/or KWA, all from January 1, 2009 to present.

12.    "Person" means, in the plural as well as in the singular, any natural person; governmental entity, agency, commission, authority or representative thereof; firm; corporation; partnership; association; joint venture or other form of legal entity. The use of the singular shall be deemed to include the plural, and the use of one gender shall include all others, as appropriate in the context.

13.    The term "Document" or "Documents" is used in the broadest sense permitted by the Federal Rules of Civil Procedure and means the original (or any copy when originals are not available) and any drafts or non-identical copies thereof, whether different from the original because of interlineations, receipt stamp, notation of copy sent or received or otherwise, of any email, instant message, voicemail, book, pamphlet, periodical, letter, report, note, memorandum, record, minutes, calendar or diary entry,

transcript, study, compilation, analysis, tabulation, map, diagram, drawing, plan, picture, summary, working paper, chart, paper, graph index, data sheet, data processing card, computer printout, summary of a computer printout, tape, contract, agreement, lease, ledger, journal, balance sheet, account, invoice, purchase order, receipt, billing record, financial data, financial statement, file, diary, film, trip tickets, telex, teletype or other messages, telegram, expense vouchers, instructions, bulletins or any other writing or recording of information, as well as all tape recordings, computer tapes, discs and other electronic or mechanical recordings, however produced, maintained or reproduced, including information stored in or generated by a computer whether or not ever printed out or displayed, within the possession, custody or control of plaintiff or any of its officers, directors, employees, attorneys, or other agents and/or representatives.

14. The terms "all" and "each" shall be construed as "and," "each," and "and/or."

15. The term "any" should be understood in either its most or least inclusive sense as will bring within the scope of the topic all Documents that might otherwise be construed to be out of its scope.

16. The term "including" shall mean including but not limited to.

17.   The terms "relate," "relating," or "related" mean in any way, directly or indirectly, in whole or part, relating to, concerning, referring to, discussing, mentioning, regarding, pertaining to, describing, reflecting, containing, analyzing, studying, reporting on, commenting on, evidencing, constituting, setting forth, considering, recommending, modifying, amending, confirming, endorsing, representing, supporting, qualifying, terminating, revoking, refuting, undermining, canceling, contradicting or negating.

18.   The terms "and" and "or" shall be construed disjunctively or conjunctively as necessary to bring within the scope of these topics all information which might otherwise be construed to be outside their scope.

19.   References to the singular shall include the plural, and references to the plural shall include the singular as may be appropriate to construe the individual document requests in their broadest form.

20.   The masculine form of a noun or pronoun shall be considered to include within its meaning the feminine form of the noun or pronoun, and vice versa as may be appropriate to make the individual document requests inclusive rather than exclusive.

## INSTRUCTIONS

1.   Responsive documents shall be produced as they were or are kept in the usual course of business. Alternatively, you may produce responsive

documents organized and labeled to correspond to each of the requests set forth below.

2.      If any portion of any document is responsive to any request, then the entire document must be produced. If there is no document responsive to any particular category, you shall so state in writing.

3.      If any portion of a document is responsive to an individual document request, then the entire document shall be produced. If the document contains privileged material, produce the entire document with the privileged material redacted, noting the redactions on the face of the document and providing a redaction log that schedules and justifies the redaction for privileged material.

4.      If information stored in or accessible through computer or other data retrieval systems is produced, such information must be accompanied with instructions and all other materials necessary to use or interpret such data.

5.      All documents which cannot be legibly copied should be produced in their original form.

6.      Each individual document request set forth below shall be construed independently and not with reference to any other request for purposes of limitation unless a particular request so specifies.

7

7.    If any responsive document is withheld under a claim of privilege, you shall provide a log specifying each such document and setting forth the following information: (i) the date of the document; (ii) the number of pages of the document; (iii) the name of each person who authored, sent, or received the document; (iv) a statement of the basis upon which the asserted privilege is claimed; (v) a summary or description of the general subject matter of the document (and such other information as is necessary to identify the document such as whether the document is a letter or memorandum), such that the basis of claim of privilege can be assessed; and (vi) the individual document request to which the document is responsive. Any document withheld under a claim of privilege must be preserved. If no documents are withheld under a claim of privilege, so state.

8.    If any document responsive to this request once existed but has been destroyed or discarded, or is otherwise not capable of being produced, you shall provide a list specifying each such document or category of documents and setting forth the following information: (i) a description of the subject matter of the document or category of documents; (ii) the date on which the document or category of documents was destroyed or discarded; (iii) a statement of the reasons why the document or category of documents was destroyed or discarded or why any such document or category is not

8

capable of being produced; and (iv) the individual document request to which the document or category is responsive.

9.     Unless otherwise specified, the documents requested herein are documents prepared, written, sent, dated, received, or in effect at any time commencing January 1, 2009, through and including the time of service of these requests. If otherwise specified in any particular request, the specific time period in any individual request shall control.

10.     This request for documents shall be deemed continuing in nature so as to require prompt supplemental responses in accordance with Rule 26(e) of the Federal Rules of Civil Procedure in the event City Defendants become aware of, or acquires within its possession, custody or control, additional responsive documents at any time hereafter.

## PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

**REQUEST FOR PRODUCTION NO. 1:** Produce all documents, as defined above, interrogatory answers (including interrogatories), and/or other materials that have been produced in response to a governmental subpoena, civil investigative demand, grand jury investigative subpoena or other governmental investigative process, formally or informally, (collectively, "Government Investigation Documents") – including a copy of each and

every document received by you to which said documents respond – that relate to the Flint Water matter, including but not limited to any documents or responsive materials requested by:

    a.  The Michigan Attorney General, his office or any of his agents;

    b.  The United States Department of Justice;

    c.  The Genesee County Prosecutor's Office;

    d.  The Michigan Civil Rights Commission;

    e.  The United States Environmental Protection Agency; or

    f.  The Michigan State Administrative Board.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 2:** Produce all documents, as defined above, or other responsive materials that have been voluntarily produced, and the requests, if written, to which the voluntary production responded, that relate to the Flint Water matter that have been requested by:

     a.  The Michigan Attorney General, his office or any of his agents;

     b.  The United States Department of Justice;

     c.  The Genesee County Prosecutor's Office;

     d.  The Michigan Civil Rights Commission;

     e.  The United States Environmental Protection Agency; or

     f.  The Michigan State Administrative Board.

**RESPONSE:**

11

DATED: August 29, 2017

Respectfully submitted,

Theodore J. Leopold
**COHEN MILSTEIN SELLERS
 & TOLL PLLC**
2925 PGA Boulevard, Suite 220
Palm Beach Gardens, FL 33410
(561) 515-1400 Telephone
(561) 515-1401 Facsimile
tleopold@cohenmilstein.com

*/s/ Michael L. Pitt*
Michael L. Pitt
**Pitt McGehee Palmer & Rivers, P.C.**
117 West 4th Street
Suite 200
Royal Oak, MI 48067
(248) 398-9800 Telephone
mpitt@pittlawpc.com

*Interim Co-Lead Counsel for
Consolidated Class Actions*

Corey Stern
**Levy Konigsberg LLP**
800 3rd Avenue
11th Floor
New York, NY 10022
(212) 605-6200 Telephone
cstern@levylaw.com

Hunter Shkolnik
**Napoli Shkolnik PLLC**
360 Lexington Avenue
11th Floor
New York, NY 10017
(212) 397-1000 Telephone
hshkolnik@napoli.com

*Liaison Counsel for Individual Personal
Injury and Property Damage Cases*

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on the 29th day of August, 2017, a true and correct copy of the

foregoing document was served via U.S. mail and courtesy copies were sent via electronic

mail.

/s/ Gregory Stamatopoulos
Gregory Stamatopoulos