UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

*In re* Flint Water Cases          Case No 5:16-cv-10444

                                           Hon. Judith E. Levy

                                           Mag. Judge Mona K. Majzoub
_____/

**CITY DEFENDANTS' JOINT STATEMENT
OPPOSING PRELIMINARY DISCOVERY**

**EXHIBIT C: COMPL.,** ***VALE V. CITY OF FLINT*****, GENESEE COUNTY
CIRCUIT COURT CASE NO. 16-106184 (JAN. 29, 2016)**

1

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF GENESEE

ERMA LEE VALE, individually and on
behalf of others similarly situated,

    Plaintiff,

v.

CITY OF FLINT,

    Defendant.

_____/

16106184

Case No. 16-    CK

Hon. JOSEPH J. FARAH
P-30439

STEVEN E. GOREN (P36581)
BRADLEY B. HARRIS (P54171)
GOREN, GOREN & HARRIS, P.C.
Attorneys for Plaintiff
30400 Telegraph Road, Suite 470
Bingham Farms, MI 48025-5818
(248) 540-3100
sgoren@gorenlaw.com



A TRUE COPY
Genesee County Clerk

## PRIOR ACTION CERTIFICATION

The following civil actions between Defendant City of Flint but other plaintiffs arise out of the transaction or occurrence alleged in the complaint have previously been filed in this Court, are presently pending in this Court and have been assigned to Judge Archie L. Hayman: 16-106077-CZ, 16-106112-CZ; 16-106077-CZ; and 14-103476-CZ.

The following civil actions between Defendant City of Flint but other plaintiffs arising out of the transaction or occurrence alleged in the complaint have previously been filed in this Court and were assigned to Judge Archie L. Hayman, but are no longer pending: 15-101900-CZ.

_____
Steven E. Goren (P36581)

## COMPLAINT AND JURY DEMAND

Plaintiff Erma Lee Vale, individually and on behalf of others similarly situated, by her attorneys, Goren, Goren & Harris, P.C.:

## NATURE OF THIS ACTION

1. According to Michigan Attorney General Bill Schuette, "[I]f you can't drink the bad water, you shouldn't pay for it." This is a class action for breach of contract and equitable relief brought on behalf of customers who have paid or been billed for the unsafe water sold by Defendant City of Flint on or after April 25, 2014. This action seeks a refund for the water bills paid and cancellation of outstanding bills. This action is not seeking tort damages for lead poisoning or other personal injury suffered by the Plaintiff and members fo the Class.

## PARTIES AND JURISDICTION

2. The amount in controversy is in excess of $25,000.

3. Plaintiff Erma Lee Vale is a resident of Flint, Genesee County, Michigan.

4. Defendant City of Flint is a municipal corporation established in Genesee County, Michigan.

## FACTS

5. Defendant City of Flint operates a water supply and sewage disposal system.

6. Under § 46-16(b) of the Flint Code of Ordinances, "[t]he furnishing of water service shall be deemed the sale of a commodity and the relationship between the Division of Water Supply of the City, and the consumer, that of vendor and purchaser.

2

7. In §46-16 of the Flint Code of Ordinances, "consumer" is defined as:

> "The person making application for water service and receiving the benefit of water service or who is legally liable for the payment of bills for the water service." §46-16(a) of the Flint Code of Ordinances.

As used in this Complaint, "consumer" shall have this meaning.

8. Plaintiff Erma Lee Vale is and was at all times since April 25, 2014, a consumer within the meaning of Flint ordinance §46-16(a).

9. On or about April 25, 2014, Defendant City of Flint begin using the Flint River as its source of water.

10. Flint River water is corrosive.

11. Because Flint River water was corrosive, it was necessary for Defendant City of Flint to provide corrosion-control treatment to the water it sold to Plaintiff and the members of the Class to prevent lead and other toxins from leaching into the water.

12. In addition, Defendant City of Flint was required by applicable law including the regulations in 40 CFR, Part 141 to provide corrosion-control treatment to the water it sold to Plaintiff and the members fo the Class.

13. Defendant City of Flint did not provide corrosion-control treatment to the Flint River water it sold to Plaintiff and the members of the Class.

14. Because Defendant City of Flint did not provide corrosion-control treatment to the Flint River water, water supply pipes were damaged by corrosion and lead and other toxins leached into the water as a result, rendering the water unsafe for use.

15. On or about October 16, 2015, Defendant City of Flint ceased using the Flint River as a source of its water.

3

16. Because water supply pipes were damaged by corrosion, lead and other toxins continue to leach into the water that is sold to Plaintiff and the members of the Class by Defendant City of Flint.

17. Defendant City of Flint has billed and continues to bill Plaintiff and the members of the Class for the water its has sold to them even though it contains lead and other toxins.

18. Defendant City of Flint failed to disclose that it had not provided corrosion-control treatment to the Flint River water and concealed the fact that it had not provided corrosion-control treatment to the Flint River water.

19. Defendant City of Flint failed to disclose that the water sold by it to Plaintiff and the members of the Class was not safe for use, concealed that fact and/or misrepresented that it was safe for use after complaints surfaced.

20. The value of the water sold to Plaintiff and the members of the Class on and after April 25, 2014 was substantially impaired by Defendant City of Flint's failure to provide corrosion-control treatment to the Flint River water and because lead and other toxins leached into the water it sold as a result.

21. To the extent that Plaintiff and the members of the Class may have accepted water sold by Defendant City of Flint on and after April 25, 2014, their acceptance was reasonably induced by the difficulty of discovery that it was not safe for use and because Defendant City of Flint failed to disclose that the water received by Plaintiff and the members of the Class was not safe for use, concealed that fact and/or misrepresented that it was safe for use when complaints surfaced.

22. To the extent that Plaintiff and the members of the Class may have

accepted water sold by Defendant City of Flint on and after April 25, 2014, their acceptance has since expressly and/or impliedly been revoked and/or is hereby revoked. Use of water should be considered mitigation of damages and not acceptance of unsafe water.

23. An actual controversy exists between Plaintiff and Defendant City of Flint.

## CLASS ALLEGATIONS

24. Plaintiff Erma Lee Vale brings this action on behalf of himself and a class defined as follows:

> All consumers of water supplied by the City of Flint since April 25, 2014 who:
>
> a. have paid for water sold by Defendant City of Flint; or
>
> b. have been billed by Defendant City of Flint for water service.

25. The Class is so numerous that joinder of all members is impracticable.

26. There are questions of law and fact common to the members of Class that predominate over questions affecting only individual members. These questions include, without limitation:

   i. Did Defendant City of Flint breach its water supply contract?

   ii. Did Defendant City of Flint breach its implied warranty of merchantability?

   iii. Did Defendant City of Flint breach its implied warranty of fitness for a particular purpose?

   iv. What damages and/or equitable relief should be given?

38. The claims of Plaintiff Erma Lee Vale are typical of the claims of the

5

Class.

39. Plaintiff Erma Lee Vale will fairly and adequately assert and protect the interests of the Class.

40. The maintenance of this action as a class action will be superior to other available methods of adjudication in promoting the convenient administration of justice.

## COUNT I - BREACH OF CONTRACT

41. Plaintiff realleges paragraphs 1-40.

42. Defendant City of Flint was obligated by its contract with Plaintiff and the members of the Class to supply water that was safe for use.

43. Defendant City of Flint breached its contract with Plaintiff and the members of the Class by failing to provide corrosion-control treatment to Flint River water, thereby causing the water that it has been delivering to Plaintiff and the members of the Class to be unsafe for use.

44. Defendant City of Flint's breach of contract was material.

45. Plaintiff and the members of the Class are entitled to recovery of payments made to Defendant City of Flint for water sold on and after April 25, 2014.

WHEREFORE, Plaintiff Erma Lee Vale, individually and on behalf of others similarly situated, requests:

A. That this Court declare that Defendant City of Flint breached its contract with Plaintiff and the members of the Class.

B. That a judgment be entered in favor of Plaintiff Erma Lee Vale and the members of the Class against Defendant City of Flint in the amount of all payments to Defendant City of Flint by them for water sold by Defendant

6

City of Flint on and after April 25, 2014.

C. That this Court exercise its equitable power to cancel all outstanding bills owed by consumers for water sold by Defendant City of Flint on and after April 25, 2014 that have been not been paid;

D. That costs, interest and attorney's fees be awarded;

E. Award such other relief as may be just.

## COUNT II– BREACH OF THE IMPLIED WARRANTY OF MERCHANTABILITY

46. Plaintiff realleges paragraphs 1-40.

47. Defendant City of Flint was a merchant with respect to the water it sold to Plaintiff Erma Lee Vale and the members of the Class.

48. Defendant City of Flint impliedly warranted that the water it sold was merchantable as provided in MCL 440.2314 and otherwise by law.

49. The water sold by Defendant City of Flint since April 25, 2014 has not been fit for the ordinary purposes for which water is used.

50. Because the water has not been fit for its ordinary purposes for which water is used, Defendant City of Flint has breached the implied warranty of merchantability.

51. Defendant City of Flint's breach of its implied warranty of merchantability was material.

52. Plaintiff and the members of the Class are entitled to recovery of payments made to Defendant City of Flint for water sold on and after April 25, 2014.

WHEREFORE, Plaintiff Erma Lee Vale, individually and on behalf of others similarly situated, requests:

7

A. That this Court declare that Defendant City of Flint breached its implied warranty of merchantability.

B. That a judgment be entered in favor of Plaintiff Erma Lee Vale and the members of the Class against Defendant City of Flint in the amount of all payments to Defendant City of Flint by them for water sold by Defendant City of Flint on and after April 25, 2014.

C. That this Court exercise its equitable power to cancel all outstanding bills owed by consumers for water sold by Defendant City of Flint on and after April 25, 2014 that have been not been paid;

D. That costs, interest and attorney's fees be awarded;

E. Award such other relief as may be just.

## COUNT III – IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE

53. Plaintiff realleges paragraphs 1-40.

54. Defendant City of Flint had reason to know that the water it was selling was to be used for drinking, cooking, food preparation, washing, cleaning and other purposes that required water to be free of toxins.

55. Defendant City of Flint had reason to know that consumers were relying on its skill and compliance with laws and regulations to furnish water that was suitable for those purposes.

56. Defendant City of Flint impliedly warranted that the water it sold was fit for those purposes as provided by MCL 440.2315 and otherwise by law.

57. The water sold by Defendant City of Flint since April 25, 2014 has not been fit for those purposes.

58. Because the water has not been fit for those purposes, Defendant City of Flint breached the implied warranty of fitness.

59. Defendant City of Flint's breach of its implied warranty of fitness was material.

60. Plaintiff and the members of the Class are entitled to recovery of payments made to Defendant City of Flint for water sold on and after April 25, 2014.

WHEREFORE, Plaintiff Erma Lee Vale, individually and on behalf of others similarly situated, requests:

A. That this Court declare that Defendant City of Flint breached its implied warranty of fitness.

B. That a judgment be entered in favor of Plaintiff Erma Lee Vale and the members of the Class against Defendant City of Flint in the amount of all payments to Defendant City of Flint by them for water sold by Defendant City of Flint on and after April 25, 2014.

C. That this Court exercise its equitable power to cancel all outstanding bills owed by consumers for water sold by Defendant City of Flint on and after April 25, 2014 that have been not been paid;

D. That costs, interest and attorney's fees be awarded;

E. Award such other relief as may be just.

## COUNT IV - EQUITABLE RELIEF

61. Plaintiff realleges paragraphs 1-40.

62. Defendant City of Flint is continuing to bill for and receive payments for water sold to Plaintiff and the members of the Class and has been doing so since April

25, 2014, despite the water being unsafe to drink.

63. Because Defendant City of Flint failed to provide corrosion-control treatment to the Flint River water, the water received by Plaintiff and the members of the Class has been and continues to be unsafe.

64. Defendant City of Flint continues to bill for the undrinkable water it has been selling and threaten shutoff to those who do not pay full price for the unsafe water.

65. Because Defendant City of Flint caused the water that Plaintiff and the members of the Class have received to be unsafe, it would be inequitable for Defendant City of Flint to continue to bill for the water until such time as the water it supplies is safe to drink.

66. Because Defendant City of Flint caused the water that Plaintiff and the members of the Class have received to be unsafe, it would be inequitable for Defendant to retain the payments made by Plaintiff and the members of the Class.

Wherefore, Plaintiff Erma Lee Vale, individually and on behalf of others similarly situated, requests:

A. That this Court declare that Defendant City of Flint cannot bill for the water till the water is safe to drink;

B. That this Court exercise its equitable power to order Defendant City of Flint to give restitution for all bills for water sold on and after April 25, 2014 that have been paid by Plaintiff and the members of the Class and to cancel all outstanding water bills owed by consumers for water sold by Defendant City of Flint on and after April 25, 2014 that have been not been paid.

C. That this Court order Defendant City of Flint to cease charging for water until it safe.

D. That costs, interest and attorney's fees be awarded.

E. Award such other relief as may be just.

Respectfully submitted,

GOREN, GOREN & HARRIS, P.C.

By: /s/ Steven E. Goren

Steven E. Goren (P36581)
Attorneys for Plaintiff
30400 Telegraph Road, Suite 470
Bingham Farms, MI 48025-5818
(248) 540-3100
sgoren@gorenlaw.com

Dated: January 27, 2016