UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

*In re* Flint Water Cases          Case No 5:16-cv-10444

                                       Hon. Judith E. Levy

                                       Mag. Judge Mona K. Majzoub

_____/

**CITY DEFENDANTS' JOINT STATEMENT
OPPOSING PRELIMINARY DISCOVERY**

**EXHIBIT D: 1ST AM. COMPL.,** ***COLLINS ET AL V. SNYDER ET AL***,
**GENESEE COUNTY CIRCUIT COURT CASE NO. 16-106077 (FEB. 26,
2016)**

## STATE OF MICHIGAN
## IN THE CIRCUIT COURT FOR THE COUNTY OF GENESEE

DORIS COLLINS, ROBIN PLEASANT,
DAVID PHINISEE, LEE MCDONALD AND
CONLEY COLLISION, INC.
ON BEHALF OF THEMSELVES AND A
CLASS OF ALL OTHERS SIMILARLY
SITUATED,


A TRUE COPY
Genesee County Clerk

CASE NO. 15-106077-CZ

PLAINTIFFS,

JUDGE ARCHIE L. HAYMAN

V

GOVERNOR RICK SNYDER, IN HIS OFFICIAL
CAPACITY and STATE OF MICHIGAN for prospective
Relief only, DARNELL EARLEY, DAYNE WALLING, HOWARD
CROFT and THE CITY OF FLINT, a municipal corporation,
Jointly and severally.

DEFENDANTS.
_____/

| | |
|---|---|
| Brenda Williams (P36769) | Attorneys for Defendants City of Flint, Darnell |
| Attorney for Plaintiffs | Earley, Dayne Walling and Howard Croft |
| 1173 N. Ballenger Hwy, Suite 203 | By: Anthony Chubb (P72608) |
| Flint, MI 48504 |     Interim Chief Legal Officer |
| Ph: 810-767-6655 | William Y. Kim (P76411) |
| | David B. Roth (P77971) |
| Loyst Fletcher, Jr. & Associates |     Assistant City Attorneys |
| By: Loyst Fletcher, Jr. (P29799) | City of Flint Department of Law |
| Attorney for Plaintiffs | 1101 S. Saginaw Street, 3rd Floor |
| 718 Beach Street | Flint, MI 48502 |
| Flint, MI 48502 | Ph: 810-766-7146 |
| Ph: 810-238-4410 | Em: achubb@cityofflint.com |
| Fax: 810-238-0726 |     wkim@cityofflint.com |
| Em: fletcherwolfjc@msn.com |     droth@cityofflint.com |

_____/

### FIRST AMENDED COMPLAINT AND RELIANCE ON JURY DEMAND

There is presently a case in this Court, between the City of Flint and similarly situated Plaintiff Class Members that have similar, if not the exact, same factual issues as Plaintiff Class Members hereinafter alleged; that may require consolidation on all issues other than damage; being Case No. 14-103476-CZ

_____
Loyst Fletcher, Jr. (P29799)

1

## COMPLAINT

NOW COME Plaintiffs DORIS COLLINS, ROBIN PLEASANT, JASON PHINISEE, LEE MCDONALD AND CONLEY COLLISION, INC. ON BEHALF OF THEMSELVES AND A CLASS OF ALL OTHERS SIMILARLY SITUATED, by and through their Attorney Loyst Fletcher, Jr., and complain of Defendants as follows:

## PARTIES

1. Plaintiff Doris Collins, hereinafter referred to as Plaintiff, is and was at all times, a resident of the City of Flint, County of Genesee, State of Michigan, and received water from the City of Flint; and each month paid the City for water pursuant to the contractual agreement as provided on the monthly statement. The contract between the City of Flint and its water customers, Flint City Ordinance 46-16, provides that Flint is the vendor of water service and its customers are the purchasers of the water commodity.

2. Plaintiff David Phinisee, hereinafter referred to as Plaintiff, is and was at all times, a resident of the City of Flint, County of Genesee, State of Michigan, and received water from the City of Flint; and each month paid the City for water pursuant to the contractual agreement as provided on the monthly statement. The contract between the City of Flint and its water customers, Flint City Ordinance 46-16, provides that Flint is the vendor of water service and its customers are the purchasers of the water commodity.

3. Plaintiff Robin Pleasant, hereinafter referred to as Plaintiff, is and was at all times, a resident of the City of Flint, County of Genesee, State of Michigan, and received water from the City of Flint; and each month paid the City for water pursuant to the contractual agreement as provided on the monthly statement. The contract between the City of Flint

2

and its water customers, Flint City Ordinance 46-16, provides that Flint is the vendor of water service and its customers are the purchasers of the water commodity.

4. Plaintiff Lee McDonald, hereinafter referred to as Plaintiff, is and was at all times, a resident of the City of Flint, County of Genesee, State of Michigan, and received water from the City of Flint; and each month paid the City for water pursuant to the contractual agreement as provided on the monthly statement. The contract between the City of Flint and its water customers, Flint City Ordinance 46-16, provides that Flint is the vendor of water service and its customers are the purchasers of the water commodity.

5. Plaintiff Conley Collision, Inc. is a business that provider water to employees and customers and has paid and continues to pay the City of Flint for water that is poisonous and not drinkable contrary to the contract with the City of Flint.

## DEFENDANTS

6. Defendant City of Flint is a municipal corporation authorized under the laws of the State of Michigan and the contracting party with the class of Plaintiff as stated herein.

7. Defendant Rick Snyder is the Governor of the State of Michigan, and is invested with executive power to take control and has taken control of a municipality, the City of Flint, pursuant to Public Act 4 of 2011; Public Act 72 of 1990 and Public Act 436 of 2012.

8. Defendant State of Michigan operates its Department of Environmental Quality (MDEQ), and is responsible for the management of the water quality for the city of Flint, and who made the decision to replace safe drinking water with poisonous water. Accordingly, the State is sued because, acting through MDEQ and pursuant to the authority of Act 72 and Act 436, it caused the City of Flint, its agent under the Financial Management Act, to breach its contract with its water customers; approximately 31,000 customers.

## ALLEGATIONS AND STATEMENT OF FACT

9. On November 29, 2011, the Governor appointed Michael Brown as the Emergency Manager for the City of Flint, pursuant to Public Act 4 of 2011.

10. Following Michael Brown, Edward Kurtz was appointed Financial Manager.

11. Following Edward Kurtz, Michael Brown was appointed Financial Manager again.

12. Following Michael Brown, Darnell Early was appointed Financial Manager. Early served until January 13, 2015.

13. Following Early, Gerald Ambrose was appointed Emergency Manager for the City of Flint, and served in that capacity until April 30, 2015.

14. Since April 30, 2015, the City of Flint continues operating individually and/or as an agent of the State as the State has authority over the city through its Oversite Board.

15. From 2011 through the present date, both the City of Flint and/or the State of Michigan are responsible for day to day operation of the City which includes the billing and collection from the Plaintiffs' monies for unsafe, poisoned water.

16. The State to this date, and since 2011, operated, controlled and exercised statutory authority over the operation of the City of Flint; including the decision to disconnect from the Detroit water system thereby providing poisoned water to Plaintiffs herein.

17. That the City of Flint, at the direction of or in conjunction with the State, began in April of 2014 to breach the City of Flint contract with Plaintiff by delivering poisonous water instead of safe and potable water.

18. On October 8, 2015, Defendant Snyder, after pressure from local authorities and citizens of the city of Flint, ordered that Flint reconnect to the Detroit water system.

19. Once the Governor took over the City, pursuant to Public Act 436 of 2012, the Governor and State had power and authority to "appoint and to prescribe the power and duties of the Financial Manager," including to terminate contracts and to decide the type of water Plaintiffs would be provided.

20. That although the governor has reconnected to the Detroit water system, experts have declared that Flint water is still not safe to drink.

21. That the County, the City of Flint and the School Board have all declared Flint water as being unsafe to drink.

22. That each of the Plaintiffs herein continue to perform their end of the bargain by continuing to pay for drinking water that they cannot drink.

23. That once the Governor, pursuant to statutes, took control of the City of Flint, the acts and conduct of the city and its employees were both individually and as agents of the Governor and the State of Michigan. (See City of Flint Ordinance #46-16) and

24. That the relationship between Plaintiffs and the City of Flint, individually and/or as Agent for the Governor and the State, are vendors and purchasers.

25. That water is a commodity.

26. That Defendant City of Flint was contractually obligated to supply drinkable water to Plaintiffs under a contract created by Flint City ordinance 46-16 and Plaintiffs were all contractually obligated to pay for said services.

27. That the Defendant City of Flint has breached that contract by admitting that they have not provided drinkable water to its customers (Plaintiffs) from April 2014 to present; although the Plaintiffs have all duly paid for drinkable water.

5

28. That the State of Michigan through public announcement has admitted the Plaintiffs are entitled to the relief sought for herein.

29. That each of the above Defendants have individually and/or as agents of the State and City knowingly and intentionally caused the contract to be breached.

30. That as a direct result of said breach, the Plaintiffs have been damaged to the extent of payments for drinkable water that was undrinkable.

31. That Plaintiffs were unable to mitigate their damages under threat of a water shutoff.

## ALLEGATIONS AS TO CLASS

32. This action is brought by Plaintiffs as a class action solely as to the issue that the City admittedly breached its contact with Plaintiffs in that the City has failed to provide drinkable water to Plaintiffs from April 2014 to present.

33. There are approximately 40,000 households and 20,000 businesses. The exact number of members of the class is unknown, but is ascertainable and known to be approximately 31,000; of those residents and 20,000 businesses that have each paid for water as submitted to them by the City.

34. That there are common questions of law and facts in this action as it relates to the rights of each member of the class and the relief sought is common to the entire class.

35. The claims of Plaintiffs' Representatives of the class are typical of the claims of the class, in that the claims of all members of the class including the herein named Plaintiffs, are the same and there are no conflicts between any individual named Plaintiff and any other member of the class.

36. This action is properly maintained as a class action in that the prosecution of separate actions by individual members of the class identified herein would create risk of inconsistent/varying adjudication respecting individual members.

37. The named Plaintiffs are the representatives for the class and are able to and will fairly and adequately protect the interests of the class.

38. That while each class members' damages may differ, their damages are easily quantifiable based on the Plaintiffs' water bills, a complete history of all are contained on the City of Flint computer system and may be proved by way of summary at trial; i.e. the value of drinkable water versus non-drinkable water is readily determinable as to this class, with or without expert testimony.

## COUNT I

## BREACH OF CONTRACT

39. Plaintiffs incorporate by reference the above paragraphs as though more fully set forth herein.

40. The State of Michigan, the Governor and the City of Flint individually and as agent for the State and Governor including the individual Defendants all directly or indirectly have admittedly breached or caused to be breached the contractual obligation to supple the Plaintiffs drinkable water.

41. Each of the Plaintiffs have paid for drinkable water for or been billed for the entire period in question or a portion thereof and continue to do so.

42. That as a result of the admitted breach of the Defendants, Plaintiffs have been damaged to the extent of the payment for drinkable water that they were advised by Defendants not to drink and which was undrinkable.

43. The damages herein are separate and distinct from those of case 14-103476-CZ.

## COUNT II

## UNJUST ENRICHMENT

44. Plaintiffs incorporate by reference the above paragraphs as though more fully set forth herein.

45. The Defendants have received the benefits of the monies paid by Plaintiffs, and have admittedly used said funds for the day to day operation of the City of Flint.

46. The use of said funds without providing drinkable water as promised, constitutes unjust enrichment to the extent of monies collected.

## COUNT III

## BREACH OF IMPLIED WARRANTY

47. Plaintiffs incorporate by reference the above paragraphs as though more fully set forth herein.

48. That known to all parties the City of Flint, if it did not directly promise to provide drinkable water, impliedly promised the fitness of the water for use as drinkable water.

49. That the City of Flint admitted supplying poisonous water, an admission that the water was not fit for its intended use.

50. That said fact and/or admission is a breach of an implied contract.

## COUNT IV

## VIOLATION OF CONSUMER PROTECTION ACT

51. Plaintiffs incorporate by reference the above paragraphs as though more fully set forth herein.

52. Prior to the time the State was forced to admit that it was responsible for poisoning the water, the State knowingly made false statements concerning the drinkability of the water. The State's statements that the water was suitable as drinking water were acts that were unfair, deceptive and practiced in violation of the Michigan Consumer Protection Act. MCLA 445.903(1).

53. The State and/or the Governor and/or the City of Flint filed false, and/or caused to be published false, reports regarding the contaminated water, all in violation of MCL 445.903(1).

## COUNT V

## CONVERSION

54. Plaintiffs incorporate by reference the above paragraphs as though more fully set forth herein.

55. That the Defendant City of Flint knowingly and intentionally each month sent bills and shutoff notices to collect funds for purposes of paying obligations other than providing safe drinkable water.

56. That to use said funds for other purposes and not provide drinkable water was to convert monies belonging to Plaintiff and as a result, Plaintiffs are entitled to common law and statutory damages.

57. Defendants' conduct was in violation of MCL 600.2919(a), and Plaintiffs are entitled to all damages allowed there under.

## RELIEF REQUESTED

Accordingly, Plaintiffs request the following relief from this Honorable Court:

a. An order certifying the class;

b. An order that the Defendants breached their contract with Plaintiffs;

c. An order that Defendants are in violation of the Consumer Protection Act by engaging in deceptive acts and/or practices;

d. An order that Defendants have converted monies belonging to Plaintiff;

e. An order awarding actual damages suffered by Plaintiffs;

f. An order awarding attorney fees and costs of litigation; and

g. Any and all other damages as this Court deems appropriate.

Dated: _____

Loyst Fletcher, Jr. (P29799)
Attorney for Plaintiffs
718 Beach Street
Flint, MI 48502
Ph: 810-238-4410

## RELIANCE ON JURY DEMAND

NOW COME Plaintiffs herein, by and through their attorneys herein, LOYST FLETCHER, JR., and hereby rely on the Jury Demand as filed in this cause of action.

Dated: _____

Loyst Fletcher, Jr. (P29799)
Attorney for Plaintiffs
718 Beach Street
Flint, MI 48502
Ph: 810-238-4410