**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

*In re* Flint Water Cases

Case No.: 5:16-cv-10444-JEL-MKM

Hon. Judith E. Levy

# PLAINTIFFS' PROPOSED DISCOVERY PLAN

As requested by the Court on July 27, 2017,[1] Plaintiffs respectfully submit the following statement regarding preliminary discovery.

The concurrently filed class action complaint consolidates a set of cases that have already been pending for almost two years. Plaintiffs need relief swiftly. They seek to move these cases forward.

To that end, the Plaintiffs have proposed a limited preliminary discovery plan, and served a set of document requests that seek only documents that Defendants have already produced to the government in connection with various investigations related to the Flint water crisis. To comply with these requests, Defendants need to do no more than copy onto a disk a set of documents that they have already collected, reviewed, and produced.

[1] Order Granting in Part Motion for Consol. of the Class Actions, Appoint. of Interim Co-Lead Class Counsel, and Appoint. of Liaison Counsel for the Individual Actions, filed July 27, 2017, ECF No. 173.

Defendants refuse.[2] Defendants each assert their own varied list of reasons to delay discovery, but they are in agreement on *delay*.

In order to allay each of the Defendants' stated concerns, Plaintiffs have limited their discovery requests to documents that have already been produced to government investigators[3] and offered to stipulate that producing these documents will not constitute any waiver of various immunities and defenses that some Defendants claim they have. The Plaintiffs respectfully request that the Court order Defendants to participate in this limited discovery forthwith.

## I. Plaintiffs' Proposed Discovery Plan

Plaintiffs have proposed that the parties conduct the following discovery in advance of the Court's resolution of Defendants' motions to dismiss:

- entry of a stipulated protective order and ESI discovery order;
- exchange of Rule 26(a)(1) initial disclosures;
- production of documents that Defendants previously collected and produced to governmental entities related to governmental investigations and inquiries regarding the Flint water crisis; and

---

[2] While each Defendant refused to agree to any discovery at this stage, the parties were in agreement that it is not necessary for the Court to appoint a special master at this time. To the extent the needs of the case change, the parties will confer regarding the appropriateness of using a special master in the future.

[3] The one exception is Class Plaintiffs' proposed requests for production to the Leo A. Daly Company related to the Leo A. Daly Company's defense that it is not subject to personal jurisdiction in the State of Michigan.

- discovery related to the Leo A. Daly Company's ("LAD") defense that it is not subject to personal jurisdiction in the State of Michigan, including a set of requests for production and a Rule 30(b)(6) deposition related to LAD's corporate structure and activities in Flint and the State of Michigan.

Additionally, in response to the concerns of various defendants, Plaintiffs are willing to stipulate that participation in the discovery plan outlined above will not constitute a waiver of any immunity or privilege.

Plaintiffs' discovery plan is a compromise designed to advance the case in an orderly and efficient manner, while minimizing any burden on Defendants. The parties can execute this plan with little cost or effort. With regard to the protective order and ESI discovery order, the parties will confer and seek to reach agreement just as some of these parties have already done in related state court proceedings. The exchange of Rule 26(a)(1) initial disclosures is required anyway within 14 days of the parties' Rule 26(f) conference. Documents that the parties have already produced in other proceedings or to the government related to the Flint water crisis have already been collected and reviewed, and are easily produced again here. And jurisdictional discovery of LAD relates to a motion to dismiss that LAD intends to file in this case, and so the discovery should be completed prior to the Court's resolution of that motion. The preliminary discovery that Plaintiffs

propose would allow this case to move forward with minimal burden or effort required from the Defendants.

## II. Plaintiffs' Discovery Requests Are Not Premature or Inappropriate

The MDEQ Defendants suggest incorrectly in a recent filing (Dkt. No. 202) that discovery in this case has been stayed or that the Court expressed an interest in delaying the case further at a July 26, 2017 hearing. But the MDEQ Defendants misrepresent the law *and* the Court's statements in the hearing transcript.

*First*, Plaintiffs' narrow set of requests for production comply with the Federal Rule of Civil Procedure 34. That rule expressly permits Plaintiffs to serve "Early Rule 34 Requests" so long as they are delivered "[m]ore than 21 days after the summons and complaint are served on a party." Fed. R. Civ. P. 34(d)(2). Each of the Defendants was served many months ago with a summons and complaint in multiple actions that are now being consolidated. The Court's consolidation order did not stay discovery and consolidation does not automatically stay discovery or rewind the clock and allow the Defendants more opportunities to slow down this proceeding.

*Second*, the party seeking to stay a case bears the burden of "show[ing] that there is pressing need for delay, and that neither the other party nor the public will suffer harm from entry of the order." *F.T.C. v. E.M.A. Nationwide, Inc.*, 767 F.3d 611, 627-28 (6th Cir. 2014). Defendants have not moved to stay the case, and have

failed to explain how the balance of hardships tips in favor of delaying discovery further. The people of Flint are in dire need of relief—or at minimum, their day in court—and the Defendants fail to explain how asking them to reproduce a set of documents they have already produced elsewhere would be more harmful to them than further delays for the Plaintiffs.

*Third*, the Court has not "indicated that discovery would be premature," as the MDEQ Defendants suggest. Dkt. No. 202 at 4. The Court expressly stated the opposite in a passage that the MDEQ Defendants quote but ignore: "class discovery may be permissible and probably is—and I believe is permissible at this stage." July 26, 2017 Hearing Tr. at 80–81. The Class Plaintiffs restricted their requests to a very narrow category of documents related to *class* discovery—documents that the Defendants have already produced to government entities investigating the Flint water crisis. These documents relate to commonality, typicality, and predominance under Federal Rule of Civil Procedure 23, as they will help establish legal and factual questions related to Defendants' conduct in causing the Flint water crisis that the putative Class Representatives share in common with other members of the class. *See, e.g.*, *Downey v. Am. Nat'l Prop. & Cas. Co.*, 2013 WL 12166323, at *4 (D.N.M. 2013) ("A consideration of the merits, to a certain extent, is inextricably intertwined with the Rule 23

requirements of commonality and typicality."). This is exactly the sort of narrow preliminary discovery that the Court stated was "permissible at this stage."

*Fourth*, while the MDEQ Defendants say that Plaintiffs' request for copies of already-produced documents will "annoy, oppress, harass, and cause undue burden" on the Defendants, they don't specify how this annoyance, oppression, harassment, and burden will manifest itself. Dkt. No. 202 at 7. The MDEQ Defendants do not say a word about what they would have to do in order to comply with the Plaintiffs request—they don't even mention the substance of the request.

The MDEQ Defendants fail to substantiate any alleged "undue burden" because complying with the Plaintiffs' single request would impose no burden at all. The only documents Plaintiffs request are documents that the Defendants have already collected and produced to government investigators. And the MDEQ Defendants omitted to mention that Class Plaintiffs offered to enter into a stipulation to ensure that responding to these limited document requests will not waive any alleged immunities or privileges. In sum, the Plaintiffs have extended every effort to begin preliminary discovery with the slightest of burdens on the Defendants. While Defendants have generally complained: "harassment," they have failed to substantiate that complaint. *See, e.g.*, *In re LaBranche Sec. Litig.*, 333 F. Supp. 2d 178, 184 (S.D.N.Y. 2004) (lifting discovery stay in class case and ordering defendants to produce to plaintiff documents previously produced to

government investigators because there was no burden to reproduce documents already produced to government).

*Fifth*, the MDEQ Defendants try to castigate Plaintiffs for serving requests "before any attempt to meet and confer." *Id.* This complaint rings hollow considering that, during the parties' in-person meet and confer conference, no Defendants agreed to participate in any discovery at all. The fact that the Defendants have all now told the Plaintiffs in person that they wish to delay this case further, in addition to all of the phone calls, emails, and briefs saying the same thing, makes no practical difference.

## III. The Defendants Have Asserted No Valid Reason to Delay Discovery Further

In addition to Defendants' sanction-seeking histrionics over the timing of service, the Defendants asserted several other reasons to delay discovery further in this case. Plaintiffs have sought to accommodate each of these concerns.

The State of Michigan asserted that participation in discovery might constitute a waiver of sovereign immunity. But Plaintiffs have agreed to stipulate that the State of Michigan's participation in preliminary discovery would not constitute a waiver of sovereign immunity. Considering that a state's waiver of sovereign immunity must be explicit, *College Sav. Bank v. Florida Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 681-82 (1999), there is no risk that participation in discovery only pursuant to such a stipulation would risk the

abrogation of Michigan's sovereign immunity. And because the Plaintiffs' requests are so narrow, there is no burden or prejudice to the governmental defendants from participating.

The MDEQ Defendants assert that participating in the Plaintiffs' proposed preliminary discovery plan would "likely infringe upon MDEQ Defendants' constitutional right against self-incrimination in light of criminal charges pending against multiple MDEQ Defendants." Dkt. No. 202 at 8. The MDEQ Defendants cite no authority for that proposition, and none exists. According to the United States Supreme Court, it is a "settled proposition that a person may be required to produce specific documents even though they contain incriminating assertions of fact or belief because the creation of those documents was not 'compelled' within the meaning of the privilege." *United States v. Hubbell*, 530 U.S. 27, 35–36 (2000). The Plaintiffs, at this stage, seek only the reproduction of documents already in existence that the MDEQ Defendants have already produced to the government. Because the MDEQ Defendants have already provided these documents to government investigators, reproducing these documents to Plaintiffs does not involve any "testimonial aspect" that would warrant Fifth Amendment protection. *See Id.* at 36–37.

The Engineering Defendants did not assert any immunities or privileges against self-incrimination during the parties' conference; they simply refused to

state their position on preliminary discovery. Other than the Engineering Defendants' position that the Plaintiffs should have waited to serve discovery requests until the Court specifically ordered Plaintiffs to do so, the Plaintiffs are unaware of any objection on behalf of the Engineering Defendants to preliminary discovery.

The Defendants' objections to Plaintiffs' preliminary discovery proposal have no merit. Defendants simply seek further delay. Plaintiffs respectfully request that the Court permit the parties to conduct the limited discovery set forth in Plaintiffs' proposal in order to move this case forward fairly and efficiently.

**CONCLUSION**

For the foregoing reasons, Plaintiffs respectfully ask that the Court enter an order permitting the parties to conduct preliminary discovery consistent with the Plaintiffs' proposed discovery plan. This discovery would include:

- entry of a stipulated protective order and ESI discovery order;
- exchange of Rule 26(a)(1) initial disclosures;
- production of documents that Defendants previously collected and produced to governmental entities related to governmental investigations and inquiries regarding the Flint water crisis; and
- discovery related to the Leo A. Daly Company's ("LAD") defense that it is not subject to personal jurisdiction in the State of Michigan, including a set

of requests for production and a Rule 30(b)(6) deposition related to LAD's corporate structure and activities in Flint and the State of Michigan.

Dated: September 29, 2017

Respectfully submitted,

*/s/ Theodore J. Leopold*
Theodore J. Leopold
**COHEN MILSTEIN SELLERS & TOLL PLLC**
2925 PGA Boulevard, Suite 220
Palm Beach Gardens, FL 33410
(561) 515-1400 Telephone
tleopold@cohenmilstein.com

Kit A. Pierson
Joseph M. Sellers
Emmy L. Levens
Jessica Weiner
**COHEN MILSTEIN SELLERS & TOLL PLLC**
1100 New York Ave., N.W.,
Suite 500
Washington, D.C. 20005
(202) 408-4600 Telephone
kpierson@cohenmilstein.com
jsellers@cohenmilstein.com
elevens@cohenmilstein.com
jweiner@cohenmilstein.com

Hunter J. Shkolnik
Paul J. Napoli
Patrick J. Lanciotti
**NAPOLI SHKOLNIK, PLLC**
360 Lexington Avenue
11th Floor
New York, NY 10017
(212) 397-1000 Telephone

*/s/ Michael L. Pitt*
Michael L. Pitt
Cary S. McGehee
**PITT MCGEHEE PALMER & RIVERS, P.C.**
117 West 4th Street
Suite 200
Royal Oak, MI 48067
(248) 398-9800 Telephone
mpitt@pittlawpc.com
cmcgehee@pittlawpc.com

Corey M. Stern (P80794)
Anna Kull
Daniel B. Weiss
**LEVY KONIGSBERG, LLP**
800 Third Avenue, 11th Floor
New York, New York 10022
(212) 605-6298 Telephone
cstern@levylaw.com
akull@levylaw.com
dweiss@levylaw.com

Paul F. Novak (P39524)
Diana Gjonaj (P74637)
Gregory Stamatopoulos (P74199)
**WEITZ & LUXENBERG, P.C.**
719 Griswold Street Suite 620
Detroit, MI 48226
pnovak@weitzlux.com
dgjonaj@weitzlux.com
gstamatopoulos@weitzlux.com

hshkolnik@napoli.com
pnapoli@napoli.com
planciotti@napoli.com

Vineet Bhatia
Shawn Raymond
**SUSMAN GODFREY, L.L.P.**
1000 Louisiana Street, Suite 5100
Houston, TX 77002
(713) 651-3666 Telephone
vbhatia@susmangodfrey.com
sraymond@susmangodfrey.com

Stephen Morrissey
Jordan Connors
**SUSMAN GODFREY, L.L.P.**
1201 Third Ave.
Suite 3800
Seattle, WA 98101
(206) 516-3880 Telephone
(206) 516-3883 Facsimile
smorrissey@susmangodfrey.com
jconnors@susmangodfrey.com

Peretz Bronstein
Shimon Yiftach
**BRONSTEIN, GEWIRTZ & GROSSMAN, LLC**
60 East 42nd Street, Suite 4600
New York, NY 10165
(212) 697-6484 Telephone
peretz@bgandg.com
shimony@bgandg.com

Bradford M. Berry
Khyla D. Craine
Anson C. Asaka
**NAACP**
4805 Mt. Hope Dr.
Baltimore, MD 21215

Robin L. Greenwald
John Broaddus
**WEITZ & LUXENBERG, P.C.**
700 Broadway
New York, NY 10003
(212) 558-5500
rgreenwald@weitzlux.com
jbroaddus@weitzlux.com

Esther E. Berezofsky
**BEREZOFSKY LAW GROUP, LLC**
Woodland Falls Corporate Center
210 Lake Drive East, Suite 101
Cherry Hill, NJ 08002-1163
(856) 667-0500
eberezofsky@wcblegal.com

Teresa Caine Bingman (P56807)
**THE LAW OFFICES OF TERESA A. BINGMAN, PLLC**
4131 Okemos Road, Suite 12
Okemos, MI 48864
(877) 957-7077 Telephone
tbingman@tbingmanlaw.com

William Goodman (P14173)
Julie H. Hurwitz (P34720)
Kathryn Bruner James (P71374)
**GOODMAN & HURWITZ PC**
1394 E. Jefferson Ave
Detroit MI 48207
(313) 567-6170 Telephone
bgoodman@goodmanhurwitz.com
jhurwitz@goodmanhurwitz.com

Deborah A. LaBelle (P31595)
**LAW OFFICES OF DEBORAH A. LABELLE**
221 N. Main St Ste 300

(410) 580-5777 Telephone
bberry@naacpnet.org
kcraine@naacpnet.org
aasaka@naacpnet.org

Kathryn P. Hoek
**SUSMAN GODFREY, L.L.P.**
1901 Avenue of the Stars
Suite 950
Los Angeles, CA 90067
(310) 789-3100 Telephone
khoek@susmangodfrey.com

Neal H. Weinfield
**THE DEDENDUM GROUP**
(312) 613-0800 Telephone
nhw@dedendumgroup.com

Cirilo Martinez (P65074)
**LAW OFFICE OF CIRILO MARTINEZ, PLLC**
3010 Lovers Lane
Kalamazoo, MI 49001
(269) 342-1112 Telephone
martinez_cirilo@hotmail.com

David J. Shea
**SHEA AIELLO, PLLC**
26100 American Drive, 2nd Floor
Southfield, MI 48034
(248) 354-0224 Telephone
david.shea@sadplaw.com

Ann Arbor MI 48104
(734) 996-5620 Telephone
deblabelle@aol.com

Trachelle C. Young (P63330)
**TRACHELLE C. YOUNG & ASSOC. PLLC**
2501 N. Saginaw St Flint MI 48505-4443
(810) 239-6302 Telephone
trachelleyoung@gmail.com

Brian McKeen P34123
Claire Vergara P77654
**McKEEN & ASSOCIATES, PC**
645 Griswold Street, Suite 4200
Detroit, Michigan 48226
(313) 961-4400 Telephone
BjMcKeen@mckeenassociates.com
Cvergara@mckeenassociates.com

Cynthia M. Lindsey (P37575)
Shermane T. Sealey (P32851)
**CYNTHIA M. LINDSEY & ASSOCIATES, PLLC**
8900 E. Jefferson Avenue, Suite 612
Detroit, MI 48214-2859
(248) 766-0797 Telephone
cynthia@cmlindseylaw.com
shermane@cmlindseylaw.com

Andrew P. Abood (P43366)
**ABOOD LAW FIRM**
246 East Saginaw Street, Suite One
East Lansing, Michigan 48823
(517) 332-5900 Telephone
andrew@aboodlaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that on September 29, 2017, I filed the forgoing document with the Clerk of Court using the ECF system which will send notice of such filing to all parties of record.

Dated: September 29, 2017

s/ *Jordan W. Connors*
Jordan W. Connors
SUSMAN GODFREY, L.L.P.
1201 Third Ave.
Suite 3800
Seattle, WA 98101
(206) 516-3880 Telephone
(206) 516-3883 Facsimile
jconnors@susmangodfrey.com
*Attorney for Plaintiff*