UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

In re FLINT WATER CASES

Civil Action No. 5:16-cv-10444-JEL-MKM (consolidated)

Hon. Judith E. Levy
Mag. Mona K. Majzoub

_____

**VEOLIA WATER NORTH AMERICA OPERATING SERVICES, LLC's, VEOLIA NORTH AMERICA, INC.'s, AND VEOLIA NORTH AMERICA, LLC's *CORRECTED* PROPOSAL WITH RESPECT TO A <u>PRELIMINARY DISCOVERY PLAN</u>[1]**

Defendants Veolia Water North America Operating Services, LLC ("VNAOS"), Veolia North America, Inc., and Veolia North America, LLC (collectively, "the VNA Defendants") submit this proposal for an initial discovery order in accordance with the Court's direction at the July 25, 2017, status conference.

At the outset, the VNA Defendants believe that it is important for the Court to understand the late and limited involvement they had with the events giving rise

---

[1] The VNA Defendants submit this corrected proposal to rectify a mistaken statement on page 2 of their earlier submission that VNAOS was retained for 40 hours of work. The VNA Defendants meant to say that VNAOS was retained under a $40,000 contract and have revised the reference in this corrected proposal accordingly.

to this litigation. In some filings, the defendants have been grouped together in categories, such as the "engineering defendants," but lumping all the engineering defendants together is quite misleading. Unlike the other engineering defendants (LAN and Rowe), the VNA Defendants did not have a longstanding relationship with the City of Flint. For example, the VNA Defendants were not involved in the City's decision to switch from Detroit-supplied water to water drawn from the Flint River. Indeed, the VNA Defendants did not become involved with the City until a VNA Defendant (VNAOS) entered into a contract for professional services with Flint in February 2015—*several years* after the other engineering defendants had analyzed the suitability of switching to Flint River water, and *ten months* after the City began drawing water from the Flint River in April 2014. Moreover, VNAOS was retained for a limited project to provide $40,000 worth of consulting work, which it completed in March 2015. The plaintiffs allege in multiple pleadings and filings that their damages were caused by actions taken by numerous other defendants long before the VNA defendants were hired by Flint. After March 2015, no VNA Defendant had any subsequent involvement in Flint. The VNA Defendants believe that this distinction is important, because it is relevant to key legal issues in this case, such as liability and causation.

Turning to the Court's order from the July status conference, the parties engaged in meet-and-confer discussions, which have revealed that the main

2

obstacle to discovery appears to be certain government defendants' invocations of the Eleventh Amendment and statutory immunities and their Fifth Amendment privilege against self incrimination. The government defendants are undoubtedly the most important and culpable defendants in these cases, and they possess the most critical evidence bearing on plaintiffs' allegations of misconduct and defendants' defenses. Because the conduct of these defendants is central to resolving this litigation, the questions of immunity should be resolved as promptly as possible, so all parties understand how the litigation will proceed and can obtain the evidence most relevant to the facts at issue in these cases.

At the same time, the VNA Defendants believe that some aspects of discovery do not implicate the immunities or constitutional rights claimed by government defendants and therefore can proceed now. Discovery in these limited areas can materially advance this litigation while the parties brief, and the Court resolves, questions of immunity. In addition, there are other case-management issues that the Court can address now, including by entering orders regarding evidence preservation, an electronically stored information ("ESI") production protocol, and a protective order.

## I.   THERE ARE CASE-MANAGEMENT ISSUES THAT CAN BE RESOLVED BEFORE THE IMMUNITY ISSUES ARE DECIDED

Beyond resolving the immunity issues at the earliest opportunity, the Court can take other case-management steps now that would help move the litigation forward.

*First*, the Court should promptly enter an evidence-preservation order that formalizes and defines parties' obligations to exercise reasonable diligence to preserve documents, electronically stored information, and physical evidence in their or their attorneys' possession that is reasonably likely to be relevant to claims or defenses in any of the Flint Water Cases. There also are a substantial number of nonparties who likely have evidence relevant to this litigation, and the order should include a protocol setting forth how these nonparties should be notified that they should preserve such evidence. The VNA Defendants will supply a copy of a proposed form of evidence-preservation order at the court's convenience.

Although parties, and persons who reasonably should know that they may imminently become parties, already have a legal duty to preserve evidence even in the absence of a court order, this Court's entry of a formal order will minimize the likelihood that important evidence will be lost during the pretrial proceedings.

The VNA Defendants further submit that there is no need to defer entry of an evidence-preservation order until after final resolution of the Eleventh Amendment and statutory-immunity arguments.

*Second*, the Court should order all parties, except for any defendants claiming immunities that choose not to do so, to confer in good faith concerning the form and substance of a confidentiality order. Interim Lead Class Counsel should be directed to act on behalf of the named plaintiffs in the putative class actions; Plaintiffs' Liaison Counsel should be directed to act on behalf of the plaintiffs in individual actions. If all participating parties agree upon the form and substance of a confidentiality order, they should jointly submit the agreed proposed order within 21 days after the date of the Court's preliminary discovery order. If all participating parties are unable to agree upon the form and substance of a confidentiality order, any party or group of parties should be permitted to submit a proposed order along with a supporting memorandum of not more than ten pages within 30 days after the date of the Court's preliminary discovery order so that the Court may fashion its own order.

Whatever form of confidentiality order is entered, it should provide that no non-participating defendant shall be entitled to receive any documents or electronically stored information deemed confidential by the party producing it unless and until it has agreed to the confidentiality order or such amended confidentiality order as it may have obtained upon motion.

*Third*, the VNA Defendants have already produced to Interim Lead Class Counsel, Plaintiffs' Liaison Counsel, and counsel for the LAN defendants copies

of their relevant insurance agreements. Production was made subject to a confidentiality agreement signed by Interim Lead Class Counsel, Plaintiffs' Liaison Counsel, the VNA Defendants, and the LAN defendants. All other defendants, except for defendants claiming immunities and that are not participating in discovery, should be required to make a similar disclosure to Interim Lead Class Counsel, Plaintiffs' Liaison Counsel, counsel for the VNA Defendants, and counsel for the LAN defendants within 30 days after the date of the Court's preliminary discovery order and subject to a confidentiality agreement.

*Fourth*, the parties have already agreed to an ESI protocol that has been entered in the state court to govern production in those cases. This Court should enter that protocol in these cases so that the same procedures will govern the production of information in both courts.

## II. THE GOVERNMENT DEFENDANTS' ELEVENTH AMENDMENT AND IMMUNITY DEFENSES SHOULD BE PROMPTLY RESOLVED

Many government defendants have moved to dismiss many of the currently pending Flint Water Cases on the basis of one or both of the Eleventh Amendment to the United States Constitution and alleged statutory immunity. Motions on those grounds were denied, in whole or in part, with respect to some government defendants in the only Flint Water Case in which they have been addressed to date,

which is the *Guertin* case. They have not been addressed in the other Flint Water Cases in which they have been brought.

The government defendants assert that they cannot be required to participate as parties in discovery proceedings until their Eleventh Amendment and statutory immunity defenses have been denied by this Court. The VNA Defendants also understand the government defendants to assert that, if they timely appeal any such denial, they cannot be required to participate in discovery until the denial has been affirmed on appeal.

Because the government defendants are central to all aspects of this litigation, and much of the evidence critical to this dispute is in their possession, it is important to know as soon as possible whether these defendants will be parties to this dispute.[2] This Court should, before disclosures and other formal discovery proceedings begin, hear and decide all pending motions to dismiss that raise Eleventh Amendment or statutory immunity defenses. Until the Court decides

---

[2]    The government defendants possess the evidence that is most relevant to the resolution of this dispute, including data regarding the characteristics of the water provided to Flint residents during the relevant timeframe and how that water was treated. This evidence will have to be produced at some point in order to resolve this dispute; the relevant government agencies will have to provide this information either in their role as a party to this litigation or as a third-party to the dispute (and thus through other means). This information is likely voluminous, it will require extensive expert analysis, and it will greatly inform the resolution of numerous issues in this litigation.

those motions, discovery in the Flint Water Cases should be stayed except as set forth below.

## III.    CERTAIN AREAS OF DISCOVERY CAN MOVE FORWARD BEFORE THE IMMUNITY ISSUES ARE DECIDED

### A.    Plaintiff Fact Sheets and Various Releases Should Be Produced.

Plaintiffs in the state-court cases—including hundreds of individuals represented by Liaison Counsel here—have been producing "fact sheets" to defendants that describe their claims and injuries. These fact sheets ask plaintiffs about the type of claims they are bringing (*e.g.*, personal injuries, injuries to their children, property damage, business losses, etc.), their current addresses and how long they have lived there, whether their properties contain lead pipes, and the results of any blood tests that have been completed, among many other questions. This type of discovery can and should occur in these cases, too, and the Court should order the parties to work together to develop fact sheets for use in this litigation.

Plaintiffs also should be required to execute releases of their medical, education, employment, disability, and insurance records. The state-court plaintiffs are doing the same. These releases should apply not only to plaintiffs, but also to any minors or decedents on whose behalf plaintiffs have filed suit.

This discovery does not implicate the government defendants' claims of immunity, and it will materially advance this litigation. The information can reveal

8

the extent to which plaintiffs claim they were exposed to contaminated water and have suffered injuries.

Accordingly, the VNA Defendants request that the Court direct Interim Lead Class Counsel, Plaintiffs' Liaison Counsel, and counsel for all defendants (except for government defendants that claim immunities and choose not to participate in discovery at this time) to confer within 21 days after the date the Court enters its preliminary discovery order for the purpose of agreeing on appropriate forms of authorization that are consistent with relevant federal and state privacy laws. If the parties are unable to agree upon appropriate forms of authorization within that period, the parties should submit to the Court within 30 days after the Court's preliminary discovery order the forms of authorization they propose together with a memorandum of no more than ten pages explaining their positions.

### B.   The Parties Can Exchange Publicly Available Documents That They Have Already Obtained.

The VNA Defendants have obtained evidence from various government agencies through FOIA and related statutes, and they understand that other parties have done the same. The Court should order the parties to exchange information that has already been collected pursuant to state or federal FOIA statutes or otherwise. The VNA Defendants believe that this information could comprise hundreds of thousands of pages of documents. The parties will need to analyze those documents at some point in this litigation, and that process can begin now.

Because there is minimal burden in exchanging these already-collected documents, and because exchange of these documents does not implicate the government defendants' claims of immunities, the Court should order the parties to exchange this information. The VNA Defendants further suggest that the Court require the parties to create a centralized information repository, accessible by all parties, to contain this already-produced information.[3]

### C.    The Parties Could Serve Document-Only Subpoenas On Nonparties.

The Court should permit Interim Lead Class Counsel, Plaintiffs' Liaison Counsel, and defense counsel to begin serving on non-parties requests pursuant to Fed. R. Civ. 34(c) and 45 for production of documents, electronically stored information, and tangible things. The Court should permit those requests to be served beginning on the date the confidentiality order discussed above is entered, so that the parties may address in their requests confidentiality concerns that some non-parties may have with respect to responding to these requests.

---

[3]    Certain parties have suggested that the parties should also exchange documents already produced to certain investigative bodies, such as the Michigan special prosecutor. However, the VNA Defendants understand that that the special prosecutor has taken the position that the production of such information in this litigation could subject the producing party to criminal prosecution. It is understandable that the prosecutor prefers that civil litigation not interfere with ongoing criminal investigations and prosecutions, and the prosecutor's position raises complicated legal issues. The VNA Defendants also understand that the government defendants opposed production of documents that they have produced to prosecutors. For those reasons, the VNA Defendants believe that the production of these documents should not go forward at this time.

Any party to a Flint Water Case (except, for the moment, government defendants claiming immunities) should be entitled to receive copies of documents and electronically stored information from the party who requested or subpoenaed them upon payment to that party of (a) the reasonable actual cost of making the copies and (b) a fair share of whatever fee the non-party may have charged for producing the documents or electronically stored information to the party who requested them. All parties should be entitled to inspect and photograph, at a reasonable time and place, all tangible things produced by any non-party in response to a party's non-party document request or subpoena.

The Court's order should specify that, for purposes of the non-party requests and subpoenas discussed in this paragraph, the term "non-party" does *not* include (a) current employees of the VNA Defendants, of the LAN defendants, or of Rowe; (b) corporate affiliates of the VNA Defendants, of the LAN defendants, or of Rowe; (c) current employees of corporate affiliates of the VNA Defendants, of the LAN defendants, or of Rowe; (d) current employees of plaintiffs that are business entities; (e) corporate affiliates of plaintiffs that are business entities; (f) current employees of corporate affiliates of plaintiffs that are business entities; and (g) spouses of plaintiffs. The Court's order should specify that the term "non-party" does include agencies, departments, and other subdivisions of the State of

Michigan unless the agency, department, or other subdivision is itself named as a party in any Flint Water Case.

The VNA Defendants understand that certain government defendants take the position that no discovery from non-parties may properly be taken until their immunity-based motions have been definitively denied. The VNA Defendants disagree with that position as it pertains to non-deposition discovery. The government defendants, if they deem other parties' discovery requests to non-parties to be inadequate, may themselves serve further requests if they ultimately remain parties. Moreover, the non-party document-only subpoenas do not create a situation where the discovery will need to be repeated when the immunity issues are resolved, because those entities found not to be immune from suit would then be entitled to access that discovery and, if they so desire, serve their own subpoenas on non-parties.

### D. The Parties Can Proceed with Rule 26 Disclosures.

The VNA Defendants are not opposed to the parties making disclosures pursuant to Rule 26. It is likely that those defendants seeking immunity will not want to proceed with such disclosures, but the VNA Defendants do not believe that those defendants would be disadvantaged in any way if other parties choose to do so.

**E.    The Court Should Not Proceed With Discovery Of Defendants That Are Not Claiming Immunity.**

The Court should not allow discovery to move forward against the defendants that are not claiming immunities while exempting from discovery the defendants that are claiming immunities. To begin with, that kind of party-specific approach will not materially advance this litigation. The government defendants possess the information most relevant to any wrongdoing that may have injured plaintiffs. Requiring discovery of only the other defendants will result in an incomplete and misleading record of Flint's water problems. Conducting discovery in this piecemeal fashion will not advance the litigation and will be inefficient because much of the work would likely have to be redone if a government defendant that is not participating in the litigation right now is later determined not to have immunity and becomes actively engaged in this litigation.

Absent a complete record, depositions should not go forward either, because many depositions would undoubtedly have to be retaken after information from the government defendants is disclosed. And absent the evidence from the government (such as waster testing results, information about the completeness and accuracy of the information provided to the public and others, and who in the government knew what and when), issues such as causation, liability, and apportionment of fault cannot be determined. This is especially true here, because of Michigan's non-party-at-fault law, which apportions damages based on the culpability of

13

parties and nonparties. Thus, to be able to defend themselves effectively, the VNA Defendants must have access to the documents and information possessed by those defendants claiming immunity and individuals who are likely to invoke their Fifth Amendment rights. In short, there can be no accurate record of Flint's water problems that does not include the information and knowledge possessed by the government defendants that have claimed immunities in these cases. In addition to issues of inefficiency, fundamental fairness requires that full discovery should be available from all parties at the same time so that the events can be fully explored and put in context, especially in light of the public importance of these cases. And this litigation cannot advance to a final resolution unless and until there is full access to the government's documents and witnesses.

### F.     Depositions Should Not Proceed Now.

As noted above, as long as the government defendants' claims of immunity remain unsettled, it would be unfair both to potential witnesses and to other parties if depositions were permitted. The government defendants likely will not participate in depositions while their claims of immunity have not been definitively addressed. As a result, any government defendants found not to have immunity would be entitled to re-depose witnesses and would likely do so. That would entail unnecessary expense to all other parties and an unnecessary burden to these witnesses. In addition, the witnesses would be subjected to questioning on a

woefully incomplete record, because the government defendants have the documents and information most relevant to this dispute.

Moreover, individual defendants (and others who have been indicted and who reasonably fear indictment) are likely to invoke their Fifth Amendment right against self-incrimination. These individuals are key witnesses to the events that transpired in Flint. Once the criminal issues they face are resolved, these individuals would be able to testify without Fifth Amendment complications. The information they know is undoubtedly important to understanding what happened in Flint, and it will likely lead to lines of inquiry with other witnesses that the parties cannot anticipate at this point. Thus, to proceed with depositions now, without that information, would be inefficient and unfair as well.

## IV. OTHER ISSUES

### A. Appointment of a Special Master.

At the hearing, the Court asked whether the parties would like the Court to appoint a special master to assist with the case. The parties discussed the issue, and the VNA Defendants understand that there is widespread agreement that the parties do not believe that there is a need for such an appointment at this time.

### B. Duties and Responsibilities of Plaintiffs' Interim Lead Counsel.

In addition, the Court asked the parties to discuss the appropriate duties and responsibilities of Plaintiffs' Interim Lead Class Counsel. The VNA Defendants'

position on this issue is fully set forth in its Response and Partial Concurrence to Plaintiffs' Motion to Consolidate, to which we refer the Court. *See* Response and Partial Concurrence of VNA Defendants to Motion to Consolidate, *Waid v. Snyder*, No. 16-10444 (E.D. Mich. July 11, 2017), ECF No. 164. In short, the VNA Defendants continue to believe that the Interim Lead Class Counsel should not be deemed responsible for all "pretrial proceedings." If a class is certified, then the "interim" counsel appointment will end. If a class is not certified, then no lead class counsel will be necessary at all. The VNA Defendants also believe that the Court should continue to make clear that the interim appointment is just that—interim—and that no lead counsel or a different lead counsel might eventually be appointed. Beyond those basic concerns, the VNA Defendants do not disagree with the remaining duties and responsibilities that Plaintiffs propose for Interim Lead Class Counsel.

Respectfully submitted,

CAMPBELL CAMPBELL                    BUSH SEYFERTH & PAIGE PLLC
EDWARDS & CONROY, P.C.

/s/ James M. Campbell                 /s/ Cheryl A. Bush
James M. Campbell                     Cheryl A. Bush (P37031)
John A. K. Grunert                    Michael R. Williams (P79827)
One Constitution Center, 3rd Floor    3001 W. Big Beaver Road, Suite 600
Boston, MA  02129                     Troy, MI  48084
(617) 241-3000                        (248) 822-7800
jmcampbell@campbell-trial-lawyers.com  bush@bsplaw.com
jgrunert@campbell-trial-lawyers.com   williams@bsplaw.com

*Attorneys for Veolia Water North America Operating Services, LLC, Veola North America, Inc., and Veolia North America, LLC*

Dated:  October 9, 2017

17

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on October 9, 2017, I electronically filed the foregoing document with the Clerk of the Court using the ECF System, which will send notification to the ECF counsel of record.


By:   /s/ Michael R. Williams
                Michael R. Williams (P79827)
                williams@bsplaw.com