UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| *In Re* Flint Water Cases | No. 5:16-cv-10444 |
| | HON. JUDITH E. LEVY |
| | MAG. MONA K. MAJZOUB |

**STATE DEFENDANTS' SUPPLEMENTAL BRIEF ON FIFTH AMENDMENT PROTECTIONS**

| | |
|---|---|
| Eugene Driker (P12959) | Richard S. Kuhl (P42042) |
| Morley Witus (P30895) | Margaret A. Bettenhausen (P75046) |
| Todd R. Mendel (P55447) | Nathan A. Gambill (P75506) |
| Special Assistant Attorneys General | Zachary Larsen (P72189) |
| | Assistant Attorneys General |
| for Governor Richard D. Snyder | Environment, Natural Resources, and Agriculture Division |
| Barris, Sott, Denn & Driker, PLLC. | Attorneys for State Defendants |
| 333 W. Fort Street, Suite 1200 | 525 W. Ottawa Street |
| Detroit, Michigan 48226 | P.O. Box 30755 |
| Phone: (313) 965-9725 | Lansing, Michigan 48909 |
| EDriker@bsdd.com | Phone: (517) 373-7540 |
| MWitus@bsdd.com | Fax: (517) 373-1610 |
| TMendel@bsdd.com | kuhlr@michigan.gov |
| | bettenhausenm@michigan.gov |
| | gambilln@michigan.gov |
| | larsenz@michigan.gov |

Dated: November 9, 2017

## CONCISE STATEMENT OF ISSUES PRESENTED

1. Whether Fifth Amendment protections warrant limiting discovery.

## CONTROLLING OR MOST APPROPRIATE AUTHORITY

*Authority*:  U.S. Const. amend V

## BACKGROUND

On October 27, 2017, this Court entered an order (Dkt. 235) requiring "[d]efendants asserting Fifth Amendment protections against participation in discovery" to submit supplemental briefing on the issue. Per the Court's request, State Defendants respectfully submit their supplemental briefing on these Fifth Amendment concerns. Two State Defendants have been criminally charged – Nick Lyon, Director of the Michigan Department of Health and Human Services (MDHHS), and Dr. Eden Well, Chief Medical Executive, MDHHS. Because Fifth Amendment protections apply equally to civil proceedings as to criminal proceedings, the Court should limit discovery until Fifth Amendment concerns are reasonably resolved.

## ARGUMENT

**I. Fifth Amendment protections warrant limiting discovery.**

"Since Rule 26(b)(1) provides that discovery may only be had of 'nonprivileged' matter, the discovery rules cannot reach information that is protected by the privilege against self–incrimination." 8 Wright & Miller, *Federal Practice and Procedure*, Civil 3d § 2018. Thus, as the

U.S. Supreme Court has held, the privilege against self-incrimination "applies alike to civil and criminal proceedings." *McCarthy v. Arndstein*, 266 U.S. 34, 40 (1924). Further, it applies not only to currently pending criminal charges, but also where the "risk of prosecution is remote." 8 Wright & Miller, *Federal Practice and Procedure*, Civil 3d § 2018.

It is well-established that a district court has the discretion to stay civil proceedings pending the outcome of a related criminal proceeding. *See United States v. Kordel*, 397 U.S. 1, 12 n. 27 (1970); *United States v. Certain Real Property 566 Hendrickson Blvd., Clawson, Oakland Cty., Michigan*, 986 F.2d 990, 997 (6th Cir. 1993). As several district judges in this Circuit have observed, "simultaneous criminal and civil cases involving the same or closely related facts may give rise to Fifth Amendment concerns sufficient to warrant a stay of the civil proceedings." *Chao v. Fleming*, 498 F. Supp. 2d 1034, 1037 (W.D. Mich. 2007); *McCloskey v. White*, Case No. 3:09-CV-1273, 2011 WL 780793, at *1 (N.D. Ohio Mar. 1, 2011); *Coley v. Lucas Cty., Ohio*, Case No. 3:09-CV-0008, 2011 WL 5838190, at *2 (N.D. Ohio Nov. 18, 2011); *Kammer*

2

*v. Cincinnati Ins. Co.*, Case No. 09-13177-BC, 2010 WL 2474329, at *2 (E.D. Mich. June 11, 2010).

Thus, where, as here, "a party to a civil action is subject to criminal proceedings and/or investigations that relate to such civil action, courts will often stay the civil proceeding so as to prevent the use of civil discovery and evidentiary procedures to obtain evidence for use in the criminal matter" and "to preserve a defendant's Fifth Amendment privilege rights." *Coley*, 2011 WL 5838190, at *2; *McCullaugh v. Krendick*, Case No. 5:07-CV-2341, 2009 WL 2929306, at *1 (N.D. Ohio Sept. 9, 2009) (citations omitted). Indeed, "[o]ne of the strongest cases for deferring civil proceedings until after completion of criminal proceedings is where a party under indictment for a serious offense is required to defend a civil or administrative action involving the same matter." *Orlowski v. Bates*, Case No. 2:11-CV-01396-JPM, 2015 WL 6458108, at *1 (W.D. Tenn. Oct. 26, 2015 (citing *S.E.C. v. Dresser Indus., Inc.,* 628 F.2d 1368, 1375 (D.C. Cir. 1980)) (internal quotations omitted). This is because "[t]he noncriminal proceeding . . . might undermine the party's Fifth Amendment privilege against self-incrimination, expand rights of criminal discovery beyond the limits of

3

Federal Rule of Criminal Procedure 16(b), expose the basis of the defense to the prosecution in advance of criminal trial, or otherwise prejudice the case." *Id.* (citing *Dresser Indus.,* 628 F.2d at 1376).

Here, it is undisputed that Director Lyon and Dr. Wells have been criminally charged in state court for offenses relating to Flint's drinking water. Director Lyon has been named a defendant in the consolidated amended class complaint (Dkt. 238), and both Director Lyon and Dr. Wells have been named in the proposed individual master complaint (*Walters,* No. 17-10164, Dkt. 82). The facts at issue in both the civil and criminal proceedings will necessarily overlap. As a result, to protect Defendants Lyon's and Wells' Fifth Amendment rights and their ability to defend this civil action, discovery should be stayed or at a minimum limited to avoid running up against Fifth Amendment concerns. It would be highly unfair and prejudicial to force these state officials to defend this civil case and force them to submit to civil depositions or to file written answers to Plaintiffs' factual allegations, interrogatories, or requests for admissions when they are presently the subject of active parallel criminal investigations and proceedings in state court related to the same factual matters.

Moreover, these same discovery limitations should be reasonably applied to reflect that Fifth Amendment protections apply even where the possibility of criminal indictment is remote. 8 Wright & Miller, *Federal Practice and Procedure*, Civil 3d § 2018. Thus, the other State Defendants should not have to submit to civil depositions or to file written answers to Plaintiffs' factual allegations, interrogatories, or requests for admissions.

## CONCLUSION

Fifth Amendment protections apply equally to this civil proceeding as to criminal proceedings. Thus, the Court should not permit any discovery that would implicate Fifth Amendment concerns. The Court should limit discovery so that State Defendants cannot be required to submit to depositions, answer interrogatories or respond to requests for admissions until Fifth Amendment concerns are reasonably resolved.

Respectfully submitted,

/s/ Margaret A. Bettenhausen

| | |
|---|---|
| Eugene Driker (P12959) | Richard S. Kuhl (P42042) |
| Morley Witus (P30895) | Margaret A. Bettenhausen (P75046) |
| Todd R. Mendel (P55447) | Nathan A. Gambill (P75506) |
| Special Assistant Attorneys General | Zachary Larsen (P72189) |
| | Assistant Attorneys General |
| for Governor Richard D. Snyder | Environment, Natural Resources, |
| Barris, Sott, Denn & Driker, PLLC. | and Agriculture Division |
| | Attorneys for State Defendants |
| 333 W. Fort Street, Suite 1200 | 525 W. Ottawa Street |
| Detroit, Michigan 48226 | P.O. Box 30755 |
| Phone: (313) 965-9725 | Lansing, Michigan 48909 |
| EDriker@bsdd.com | Phone: (517) 373-7540 |
| MWitus@bsdd.com | Fax: (517) 373-1610 |
| TMendel@bsdd.com | kuhlr@michigan.gov |
| | bettenhausenm@michigan.gov |
| | gambilln@michigan.gov |
| | larsenz@michigan.gov |

Dated: November 9, 2017

6

## CERTIFICATE OF SERVICE

I hereby certify that on November 9, 2017 I electronically filed the above document(s) with the Clerk of the Court using the ECF System, which will provide electronic copies to counsel of record. A copy of this document was sent via U.S. mail to the chambers of Honorable Judith E. Levy.

Respectfully submitted,

| | |
|---|---|
| Eugene Driker (P12959) <br> Morley Witus (P30895) <br> Todd R. Mendel (P55447) <br> Special Assistant Attorneys General <br> for Governor Richard D. Snyder <br> Barris, Sott, Denn & Driker, PLLC. <br> 333 W. Fort Street, Suite 1200 <br> Detroit, Michigan 48226 <br> Phone: (313) 965-9725 <br> EDriker@bsdd.com <br> MWitus@bsdd.com <br> TMendel@bsdd.com | /s/ Margaret A. Bettenhausen <br> Richard S. Kuhl (P42042) <br> Margaret A. Bettenhausen (P75046) <br> Nathan A. Gambill (P75506) <br> Zachary Larsen (P72189) <br> Assistant Attorneys General <br> Environment, Natural Resources, and Agriculture Division <br> Attorneys for State Defendants <br> 525 W. Ottawa Street <br> P.O. Box 30755 <br> Lansing, Michigan 48909 <br> Phone: (517) 373-7540 <br> Fax: (517) 373-1610 <br> kuhlr@michigan.gov <br> bettenhausenm@michigan.gov <br> gambilln@michigan.gov <br> larsenz@michigan.gov |

Dated: November 9, 2017

S:\CEPB3\ENRA_FlintWater\Flint-Waid v Gov Snyder, SOM et al USDC (AG# 2016-0131314-A)\Pleadings\Drafts (Word Versions)\ Supplemental Brief on Sovereign Immunity 2017-11-09