IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ELNORA CARTHAN, *et al.*,

    Plaintiffs,

    v.

GOVERNOR RICK SNYDER, *et al..*,

    Defendants.

No. 5:16-cv-10444-JEL-MKM
Judge Judith E. Levy
Mag. Judge Mona K. Majzoub

_____

**VEOLIA NORTH AMERICA, LLC,
VEOLIA NORTH AMERICA, INC., AND VEOLIA WATER NORTH
AMERICA OPERATING SERVICES, LLC'S EMERGENCY MOTION
FOR AN ORDER PROVIDING THAT NO ANSWER NEED BE FILED
UNTIL THEIR ANTICIPATED MOTION TO DISMISS IS RESOLVED**

    Defendants Veolia North America, Inc., Veolia North America, LLC, and Veolia Water North America Operating Services, LLC (collectively, "the VNA entities" or "the VNA defendants") move this Court for an order providing that they need not answer any part of the Consolidated Amended Class Complaint until after the Court (1) decides the VNA entities' soon-to-be-filed motion to dismiss, which will seek dismissal of four of the five claims against the VNA entities, as well as Plaintiffs' demands for punitive and exemplary damages and (2) issues an order requiring an answer as to *all* surviving counts.

    The overwhelming weight of authority provides that a defendant need not answer the complaint when that defendant has moved to dismiss the complaint in

part. Requiring the VNA entities to file a partial answer at this point in the proceedings would also not advance this case.

The VNA entities rely on the facts and authorities in their attached brief to support their motion. As the deadline for a response to the complaint is Friday, December 1, the VNA entities request expedited consideration of their motion.

As Local Rule 7.1(a) requires, the VNA entities sought concurrence as to this motion on November 27, 2017. Plaintiffs refused to concur, responding that they would "respectfully insist that [the VNA entities] answer those claims/counts that [the VNA entities] are not moving to dismiss on." Plaintiffs did not otherwise explain their refusal to concur.

Respectfully submitted,

**CAMPBELL, CAMPBELL, EDWARDS & CONROY P.C.**

By: /s/ James M. Campbell
James M. Campbell
John A. K. Grunert
One Constitution Center, 3rd Floor
Boston, MA 02129
(617) 241-3000
jmcampbell@campbell-trial-lawyers.com
jgrunert@campbell-trial-lawyers.com

**BUSH SEYFERTH & PAIGE PLLC**

By: /s/ Cheryl A. Bush
Cheryl A. Bush (P37031)
Michael R. Williams (P79827)
3001 W. Big Beaver Rd. Suite 600
Troy, MI 48084
(248) 822-7800
bush@bsplaw.com
williams@bsplaw.com

*Attorneys for Veolia North America, LLC, Veolia North America, Inc., and Veolia Water North America Operating Services, LLC*

Dated: November 28, 2017

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ELNORA CARTHAN, *et al.*,

    Plaintiffs,

v.

GOVERNOR RICK SNYDER, *et al.*.,

    Defendants.

No. 5:16-cv-10444-JEL-MKM
Judge Judith E. Levy
Mag. Judge Mona K. Majzoub

_____

**BRIEF IN SUPPORT OF VEOLIA NORTH AMERICA, LLC,
VEOLIA NORTH AMERICA, INC., AND VEOLIA WATER NORTH
AMERICA OPERATING SERVICES, LLC'S EMERGENCY MOTION
FOR AN ORDER PROVIDING THAT NO ANSWER NEED BE FILED
UNTIL THEIR ANTICIPATED MOTION TO DISMISS IS RESOLVED**

## **STATEMENT OF ISSUE PRESENTED**

Should the Court order that the VNA entities need not answer the Consolidated Amended Class Complaint until the Court decides the VNA entities' partial motion to dismiss?

**The VNA defendants answer:** "Yes."

**Plaintiffs answer:** "No."

## **CONTROLLING OR MOST APPROPRIATE AUTHORITIES**

Fed. R. Civ. P. 12(a)(4)(A)

*Compton v. City of Harrodsburg, Ky.*,
    287 F.R.D. 401 (E.D. Ky. 2012)

*Ideal Instruments v. Rivard Instruments*,
    434 F. Supp. 2d 598 (N.D. Iowa 2006)

## BACKGROUND

The VNA entities plan to file a motion to dismiss on December 1, 2017, but Plaintiffs are still demanding that they file an answer. In the Consolidated Amended Class Complaint, Plaintiffs assert five counts against the VNA entities: negligence, gross negligence, professional negligence, negligent infliction of emotional distress, and fraud. The VNA entities plan to move to dismiss four of the five counts under Federal Rule of Civil Procedure 12(b)(6). They also intend to move to dismiss Plaintiffs' demands for punitive and exemplary damages. In moving to dismiss the negligence and gross negligence claims and the demand for punitive damages, the VNA defendants intend to rely on, among other authorities, the Court's previous decisions in *Guertin v. Michigan*.

In most every Court, the filing of a partial motion to dismiss would postpone the time for filing any answer. *See* Fed. R. Civ. P. 12(a)(4)(A). But one district court case—from almost 40 years ago—suggests that a defendant might need to file a "partial" answer when, as here, the defendant files a "partial" motion to dismiss. *See Gerlach v. Mich. Bell Tel. Co.*, 448 F. Supp. 1168, 1174 (E.D. Mich. 1978). The Sixth Circuit has not yet had occasion to overrule that decision. But every "court to consider the decision in *Gerlach* on this point has disagreed with and declined to follow it." *Ideal Instruments v. Rivard Instruments*, 434 F. Supp. 2d 598, 638 (N.D. Iowa 2006). Especially in the context of this complex litigation,

where an early "partial" answer would serve no good purpose, the Court should not revive the long-buried *Gerlach* view. Instead, the Court should stay the time for filing any answer until *after* it decides the VNA entities' motion to dismiss the Consolidated Amended Class Complaint.

## ANALYSIS

Federal Rule of Civil Procedure 12(a)(4)(A) provides that, "[u]nless the court sets a different time, serving a motion under [Rule 12] alters the[] periods" for filing a responsive pleading. In particular, when a party files a motion under Rule 12(b)(6), that party need not file a responsive pleading until 14 days "after notice of the court's action" on the motion (*id.*), a period that the Court can extend in its discretion. Nothing in the rule suggests that different timing provisions apply when a party moves to dismiss some counts—but not every count—of a multi-count complaint.

As the leading treatise on federal practice explains, "the weight of the limited authority … is to the effect that the filing of a motion that only addresses part of a complaint suspends the time to respond to the entire complaint, not just to the claims that are the subject of the motion." 5B Charles Alan Wright, *et al.*, *Federal Practice and Procedure* § 1346 (3d ed. 2017 supp.). Even that appears to be an understatement, as most every case to address the issue head-on holds that a "partial answer" need not accompany a partial motion to dismiss. *See, e.g.*, *Nash*

2

*v. King*, 2015 WL 1461291, at *2 (W.D.N.Y. Mar. 30, 2015); *Intercom Ventures, LLC v. FasTV, Inc.*, 2013 WL 2357621, at *7 (N.D. Ill. May 28, 2013); *Compton v. City of Harrodsburg, Ky.*, 287 F.R.D. 401, 402 (E.D. Ky. 2012); *Sun v. Rickenbacker Collections*, 2012 WL 2838782, at *2 (N.D. Cal. July 10, 2012); *Talbot v. Sentinel Ins. Co.*, 2012 WL 1068763, at *4 (D. Nev. Mar. 29, 2012). Other cases in this Court have endorsed this majority rule implicitly. *Great Am. Ins. Co. v. Geostar Corp.*, 2010 WL 845953, at *4 (E.D. Mich. Mar. 5, 2010) (noting, without evident criticism, that the defendant filed a partial motion to dismiss in lieu of any answer).

Sound logic supports the majority approach. While Rule 12 was designed in part to avoid piecemeal litigation (*Rauch v. Day & Night Mfg. Corp.*, 576 F.2d 697, 701 n.4 (6th Cir. 1978)), requiring a partial answer necessarily requires the case to proceed in "piecemeal fashion" (*Ricciuti v. New York City Transit Auth.*, 1991 WL 221110, at *2 (S.D.N.Y. Oct. 3, 1991); *accord Ideal Instruments,* 434 F. Supp. 2d at 639). "Duplicative pleading" would result (*Batdorf v. Trans Union*, No. C 00-0501 CRB, 2000 WL 635455, at *5 (N.D. Cal. May 8, 2000)), and even "the inconvenience of having to flip back and forth between two pleadings to see just what is or is not being placed at issue" could become more than a minor headache in a case—like this one—of great scale (*State Farm Mut. Auto. Ins. Co. v. Riley*, 199 F.R.D. 276, 279 (N.D. Ill. 2001); *accord Gortat v. Capala Bros.,* 257

3

F.R.D. 353, 366 (E.D.N.Y. 2009) (explaining that this sort of duplicative pleading would "poorly serve judicial economy")). For example, courts commonly grant motions to dismiss in part and deny them in part, meaning that a defendant that already has had to file an answer to one claim, may then have to file another answer to other claims. Similarly, courts sometimes grant motions to dismiss some claims without prejudice, resulting in the filing of amended complaints and then, often, renewed motions to dismiss. Forcing defendants to answer some claims under such circumstances would serve no purpose other than to burden the defendants. Further, forcing a partial answer to hang on the docket "could cause confusion over the proper scope of discovery during the [partial] motion's pendency." *Oil Express Nat'l Inc. v. D'Alessandro*, 173 F.R.D. 219, 221 (N.D. Ill. 1997); *accord Ricciuti*, 1991 WL 221110, at *2; *Brocksopp Eng'g, Inc. v. Bach-Simpson Ltd.*, 136 F.R.D. 485, 487 (E.D. Wis. 1991).

In the face of this compelling and widely accepted reasoning, only one published case seems to have held differently. In *Gerlach*, the court held that a defendant must answer any counts against which it does not move to dismiss. The court there believed that a partial answer was necessary because "[s]eparate counts are, by definition, independent bases for a lawsuit[.]" 448 F. Supp. at 1173. Significantly, no Eastern District of Michigan court has approvingly cited *Gerlach* for this point since the decision came out almost four decades ago.

That is not surprising, since *Gerlach* has been met with widespread criticism and rejection elsewhere. *See Ideal Instruments* 434 F. Supp. 2d at 638. In explaining why *Gerlach* should not be followed, for example, another district court within the Sixth Circuit court observed that *Gerlach* "did not cite any authority for its ruling" and now "stands alone like an Appaloosa in a herd of Thoroughbreds." *Compton*, 287 F.R.D. at 402. Other courts have said much the same, albeit in less colorful terms. *See, e.g.*, *Lopez v. Cty.*, 2016 WL 7391036, at *4 n.37 (D. Nev. Dec. 20, 2016) ("[*Gerlach*] appears to have been overwhelmingly rejected across the nation."); *Saman v. LBDP, Inc.*, 2012 WL 5463031, at *4 n.1 (D. Md. Nov. 7, 2012) (noting that *Gerlach* "has been heavily criticized" and now conflicts with the "vast majority" of courts); *Pestube Sys., Inc. v. HomeTeam Pest Def., LLC.*, 2006 WL 1441014, at *7 (D. Ariz. May 24, 2006) ("[*Gerlach*] is clearly the minority position and the recent authority is clearly opposed to any such holding."); *Bd. of Cty. Comm'rs Cty. of La Plata, Colo. v. Brown Grp. Retail, Inc.*, 2008 WL 4527736, at *1 (D. Colo. Oct. 3, 2008) ("From [1991] forward, all the courts addressing the issue have agreed with [the majority rule].").

The Court should join the many other courts that have sided with the majority rule and order that the VNA entities need not file any answer until after their motion to dismiss is resolved. Parsing the answer into bits will not serve any purpose at all. And the dangers in the *Gerlach* approach—confusion in discovery,

5

inefficiencies in duplicative pleadings, and more—are only amplified in a case of this complexity. Throughout this litigation, the Court has taken pains to carefully control and stage the proceedings to obtain the most efficient and expeditious resolution for all. Providing for a single round of answers is consistent with that approach.

## CONCLUSION

For all these reasons, the Court should order that the VNA entities need not answer any part of the Consolidated Amended Class Complaint until after the Court decides the VNA entities' partial motion to dismiss and issues an order providing for an answer as to *all* surviving counts.

Respectfully submitted,

| **CAMPBELL, CAMPBELL, EDWARDS & CONROY P.C.** | **BUSH SEYFERTH & PAIGE PLLC** |
|---|---|
| By: /s/ James M. Campbell <br> James M. Campbell <br> John A. K. Grunert <br> One Constitution Center, 3rd Floor <br> Boston, MA 02129 <br> (617) 241-3000 <br> jmcampbell@campbell-trial-lawyers.com <br> jgrunert@campbell-trial-lawyers.com | By: /s/ Cheryl A. Bush <br> Cheryl A. Bush (P37031) <br> Michael R. Williams (P79827) <br> 3001 W. Big Beaver Rd. Suite 600 <br> Troy, MI 48084 <br> (248) 822-7800 <br> bush@bsplaw.com <br> williams@bsplaw.com |

*Attorneys for Veolia North America, LLC, Veolia North America, Inc., and Veolia Water North America Operating Services, LLC*

Dated: November 28, 2017

6

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 28, 2017, I electronically filed the foregoing document with the Clerk of the Court using the ECF System, which will send notification to the ECF counsel of record.

By:   /s/ Michael R. Williams  
Michael R. Williams (P79827)  
williams@bsplaw.com
