# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN, SOUTHERN DIVISION

Elnora Carthan; Rhonda Kelso, individually
and as next of friend of K.E.K, a minor child;
Darrell and Barbara Davis; Michael Snyder,
as personal representative of the Estate of
John Snyder, deceased; Marilyn Bryson;
David Munoz; Tiantha Williams,
individually and as next of friend of T.W., a
minor child; Amber Brown, as next of
friend of K.L.D, a minor child; Frances
Gilcreast; EPCO Sales, LLC; Angelo's Coney
Island Palace, Inc., on behalf of themselves
and all others similarly situated,

        Plaintiffs,

-vs-

Governor Rick Snyder, in his individual
and official capacities; the State of
Michigan; the City of Flint; Daniel Wyant, in
his individual capacity; Andy Dillon, in his
individual capacity; Nick Lyon, in his
individual capacity; Nancy Peeler, in her
individual capacity; Liane Shekter-Smith, in
her individual capacity; Adam Rosenthal, in
his individual capacity; Stephen Busch, in
his individual capacity; Patrick Cook, in his
individual capacity; Michael Prysby, in his
individual capacity; Bradley Wurfel, in his
individual capacity; Jeff Wright, in his
individual capacity; Edward Kurtz, in his
individual capacity; Darnell Earley, in his
individual capacity; Gerald Ambrose, in his
individual capacity; Dayne Walling, in his
individual capacity and official capacities;
Howard Croft, in his individual capacity;
Michael Glasgow, in his individual capacity;

No.  5:16-cv-10444-JEL-MKM
Hon. Judith E. Levy
Mag. Judge Mona K. Majzoub

Daugherty Johnson, in his individual
capacity; Lockwood, Andrews & Newnam,
P.C.; Lockwood, Andrews & Newnam, Inc.;
Leo A. Daly Company; Veolia North
America, LLC; Veolia North America, Inc.;
Veolia Water North America Operating
Services, LLC,

                Defendants.

_____/

## DEFENDANT LEO A. DALY COMPANY'S MOTION TO DISMISS PLAINTIFFS' COMPLAINT FOR LACK OF PERSONAL JURISDICTION, RULE 12(b)(2), AND FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED, RULE 12(b)(6)

1.      Pursuant to Fed. R. Civ. P. 12(b)(2) and 12(b)(6), Defendant Leo A. Daly Company ("LAD") moves for an order dismissing Plaintiffs' claims against LAD for lack of personal jurisdiction, and for failure to state a cause of action, respectively.

2.      LAD is a Nebraska corporation with its principal place of business in that state.  It is not "essentially at home" in Michigan and thus the Court may not exercise general jurisdiction over LAD.

3.      LAD is not subject to specific jurisdiction in Michigan because Plaintiffs' claims do not arise from or relate to any Michigan activity of LAD. Specifically, LAD did not provide any services or perform any work in connection with the City of Flint Water Treatment Plant or the water distribution system.

4.     The Court may not exercise jurisdiction over LAD as owner of Lockwood, Andrews & Newnam, Inc. and Lockwood, Andrews & Newnam, P.C. ("LAN entities" or "LAN") because Plaintiffs assert no facts indicating that the LAN entities are the alter ego of LAD.  LAD does not exercise the degree of pervasive control over the LAN entities necessary to impute LAN's jurisdictional contacts to LAD.  LAD did not have the right to control and did not exercise control of the detailed activities of the day-to-day work performed by LAN Inc. in providing engineering services relating to the operation of the Flint Water Treatment Plant.  Moreover, there is no indication that LAN was incorporated for some improper purpose.

5.     Plaintiffs have failed to state a claim against LAD in their 483-paragraph Complaint (Dkt. #238).  There are no specific allegations asserted against LAD.

6.     Under Rules 12(b)(6) and 12(e), LAD also adopts and joins in the Partial Motion to Dismiss and Motion for More Definite Statement filed on December 1, 2017 by Co-Defendants Lockwood, Andrews & Newnam, P.C. and Lockwood, Andrews & Newnam, Inc.

7.     As Local Rule 7.1(a) requires, counsel for LAD sought concurrence from Plaintiffs' counsel concerning this motion on December 1, 2017, and concurrence was denied.

WHEREFORE, Defendant LAD requests that the Court grant this Motion and dismiss Plaintiffs' Complaint.  Alternatively, if this Court finds jurisdiction over LAD, LAD requests this Court order Plaintiffs to make a more definite statement of the surviving allegations and counts.

Respectfully submitted,

/s/ Wayne B. Mason
Wayne B. Mason (SBOT 13158950)
Travis S. Gamble (SBOT 00798195)
S. Vance Wittie (SBOT 21832980)
David C. Kent (SBOT 11316400)
DRINKER BIDDLE & REATH LLP
1717 Main St., Suite 5400
Dallas TX 75201
(469) 227-8200
wayne.mason@dbr.com
travis.gamble@dbr.com
vance.wittie@dbr.com
david.kent@dbr.com

ATTORNEYS FOR DEFENDANT
LEO A. DALY COMPANY

Dated:  December 1, 2017

/s/ Philip A. Erickson
Philip A. Erickson (P37081)
Robert G. Kamenec (P35283)
Saulius K. Mikalonis (P39486)
Karen E. Beach (P75172)
PLUNKETT COONEY
325 E. Grand River Ave, Suite 250
East Lansing, MI 48823
(517) 324-5608
perickson@plunkettcooney.com
rkamenec@plunkettcooney.com
smikalonis@plunkettcooney.com
kbeach@plunkettcooney.com

ATTORNEYS FOR DEFENDANT
LEO A. DALY COMPANY

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF MICHIGAN, SOUTHERN DIVISION

Elnora Carthan; Rhonda Kelso, individually
and as next of friend of K.E.K, a minor child;
Darrell and Barbara Davis; Michael Snyder,
as personal representative of the Estate of
John Snyder, deceased; Marilyn Bryson;
David Munoz; Tiantha Williams,
individually and as next of friend of T.W., a
minor child; Amber Brown, as next of
friend of K.L.D, a minor child; Frances
Gilcreast; EPCO Sales, LLC; Angelo's Coney
Island Palace, Inc., on behalf of themselves
and all others similarly situated,

                              Plaintiffs,

-vs-

Governor Rick Snyder, in his individual
and official capacities; the State of
Michigan; the City of Flint; Daniel Wyant, in
his individual capacity; Andy Dillon, in his
individual capacity; Nick Lyon, in his
individual capacity; Nancy Peeler, in her
individual capacity; Liane Shekter-Smith, in
her individual capacity; Adam Rosenthal, in
his individual capacity; Stephen Busch, in
his individual capacity; Patrick Cook, in his
individual capacity; Michael Prysby, in his
individual capacity; Bradley Wurfel, in his
individual capacity; Jeff Wright, in his
individual capacity; Edward Kurtz, in his
individual capacity; Darnell Earley, in his
individual capacity; Gerald Ambrose, in his
individual capacity; Dayne Walling, in his
individual capacity and official capacities;
Howard Croft, in his individual capacity;

No.  5:16-cv-10444-JEL-MKM
Hon. Judith E. Levy
Mag. Judge Mona K. Majzoub

Michael Glasgow, in his individual capacity;
Daugherty Johnson, in his individual
capacity; Lockwood, Andrews & Newnam,
P.C.; Lockwood, Andrews & Newnam, Inc.;
Leo A. Daly Company; Veolia North
America, LLC; Veolia North America, Inc.;
Veolia Water North America Operating
Services, LLC,

                    Defendants.
_____/


## BRIEF IN SUPPORT OF DEFENDANT LEO A. DALY COMPANY'S MOTION TO DISMISS PLAINTIFFS' COMPLAINT FOR LACK OF PERSONAL JURISDICTION, RULE 12(b)(2), AND FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED, RULE 12(b)(6)

# TABLE OF CONTENTS

**Page**

INDEX OF AUTHORITIES ......................................................................... ii

CONCISE STATEMENT OF THE ISSUES PRESENTED ................................................. iv

CONTROLLING OR MOST APPROPRIATE AUTHORITY ................................................... v

INTRODUCTION AND SUMMARY OF ARGUMENTS ......................................................... 1

STANDARDS FOR EVALUATING PERSONAL JURISDICTION ................................................. 2

ARGUMENT ...................................................................................... 6

    I.     LAD lacks sufficient contacts with Michigan to confer jurisdiction ........................................................... 6

    II.    The jurisdictional contacts of the LAN Defendants may not be imputed to LAD ........................................................... 8

    III.   Plaintiffs have failed to state valid claims against LAD for ordinary negligence, gross negligence, negligent infliction of emotional distress, punitive damages and medical monitoring. ................................................................ 13

CONCLUSION AND RELIEF REQUESTED ............................................................ 14

i

# INDEX OF AUTHORITIES

**Page**

**FEDERAL CASES**
*Anwar v. Dow Chemical Co.*
   2016 WL 304741 (E.D. Mich. Jan. 26, 2016) ........................................ 9

*Beydoun v. Wataniya Restaurants Holding, Q.S.C.*
   768 F.3d 499 (6th Cir. 2014) ................................................................ 5

*Bird v. Parsons,*
   289 F.3d 865 (6th Cir. 2002) ................................................................ 2

*Burger King Corp. v. Rudzewicz*
   471 U.S. 462 (1985) .............................................................................. 5

*Calphalon Corp. v. Rowlette*
   228 F.3d 718 (6th Cir. 2000) ................................................................ 5

*Cannon Mfg. Co. v. Cudahy Packing Co.*
   263 U.S. 333 (1925) .............................................................................. 9

*Carrier Corp. v. Outokumpu Oyj*
   673 F.3d 430 (6th Cir. 2012) ................................................................ 5

*Daimler AG v. Bauman*
   134 S.Ct. 746 (2014) ......................................................................... 4, 6

*Dean v. Motel 6 Operating L.P.*
   134 F.3d 1269 (6th Cir.1998) ............................................................... 8

*Doe v. Unocal Corp.*
   248 F.3d 915 (9th Cir. 2001) ................................................................ 8

*Estate of Thomson, ex rel. Estate of Rakestraw v. Toyota Motor Corp.
   Worldwide,*
   545 F.3d 357 (6th Cir. 2008) ................................................................ 9

*Family Wireless, #1 LLC. v. Automotive Technologies, Inc.*
   2015 WL 5142350 (E.D. Mich. Sept. 1, 2015) ..................................... 3

*Freudensprung v. Offshore Technical Servs., Inc.*
   379 F.3d 327 (5th Cir. 2004) ................................................................ 9

*Goodyear Dunlop Tires, Operations, S.A. v. Brown*
   131 S.Ct. 2846, 564 U.S. 915 (2011) ................................................ 3, 4

*Int'l Shoe Co. v. Washington*
   326 U.S. 310 (1945) .............................................................................. 3

*Michigan Coal. Of Radioactive Material Users, Inc. v. Griepentrog*
   954 F.2d 1174 (6th Cir. 1992) .............................................................. 3

*Ranza v. Nike*
   793 F.3d 1059 (9th Cir. 2015) ........................................................................... 9

*Scarff Bros. v. Bichser Farms, Inc.*
   386 Fed. Appx. 518 (6th Cir. 2010) ................................................................ 10

*Southern Machine Co. v. Mohasco Indus. Inc.*
   401 F.2d 374 (6th Cir. 1968) ........................................................................ 4, 7

*Theunissen v. Matthews*
   93 F.2d 1454 (6th Cir. 1991) ............................................................................. 5

*Velandra v. Regie Nationale des Usines Renault*
   336 F.2d 292 (6th Cir. 1964) ............................................................................. 8

*World-Wide Volkswagen v. Woodson*
   444 U.S. 286 (1980) ........................................................................................... 3

**<u>MICHIGAN CASES</u>**
*Hoffman v. JDM Associates, Inc.,*
   213 Mich. App. 466; 540 N.W.2d 689, 693 (1995) ......................................... 11

*Janik v. Ford Motor Co.,*
   180 Mich 557; 147 N.W. 510 (1914) ................................................................ 12

*May v. Harper Hosp.,*
   185 Mich. App. 548; 462 N.W.2d 754 (1990) .................................................. 12

*Seasword v. Hilti, Inc.*
   449 Mich. 542; 537 N.W.2d 221 (1995) ........................................................... 9

*Soloman v. Western Hills Dev. Co.*
   110 Mich. App. 257; 312 N.W.2d 428 (1981) .................................................. 10

**<u>RULES</u>**
Fed. R. Civ. P. 12(b)(2) ........................................................................................ 5

Fed. R. Civ. P. 12(b)(6) ................................................................................... 2, 13

Fed. R. Civ. P. 12(e) ........................................................................................ 2, 13

## CONCISE STATEMENT OF THE ISSUES PRESENTED

1.    Whether this Court has personal jurisdiction over LAD with regards to the claims made in Plaintiffs' Complaint?

> **LAD answers: "No."**
>
> **Plaintiffs answer: "Yes."**

2.    Whether Plaintiffs' Complaint states valid causes of action against LAD?

> **LAD answers: "No."**
>
> **Plaintiffs answer: "Yes."**

3.    Whether, if this Court finds jurisdiction over LAD, Plaintiffs should be ordered to provide a more definite statement of the surviving allegations and causes of action against LAD?

> **LAD answers: "Yes."**
>
> **Plaintiffs answer: "No."**

## CONTROLLING OR MOST APPROPRIATE AUTHORITY

**Rules**

Fed. R. Civ. P. 12(b)(2)

Fed. R. Civ. P. 12(b)(6)

Fed. R. Civ. P. 12(e)


**Federal Cases**

*Anwar v. Dow Chemical Co.*, 2016 WL 304741 (E.D. Mich. Jan. 26, 2016)

*Dean v. Motel 6 Operating L.P.*, 134 F.3d 1269 (6th Cir.1998)

*Estate of Thomson, ex rel. Estate of Rakestraw v. Toyota Motor Corp. Worldwide*, 545 F. 3d 357 (6th Cir. 2008)

*Goodyear Dunlop Tires, Operations, S.A. v. Brown*, 131 S.Ct. 2846, 564 U.S. 915 (2011)

*Int'l Shoe Co. v. Washington*, 326 U.S. 310 (1945)

*Michigan Coal. Of Radioactive Material Users. Inc. v. Griepentrog*, 954 F.2d 1174 (6th Cir. 1992)

*Southern Machine Co. v. Mohasco Indus. Inc.*, 401 F.2d 374 (6th Cir. 1968)

*World-Wide Volkswagen v. Woodson*, 444 U.S. 286 (1980)


**Michigan Cases**

*Hoffman v. JDM Associates, Inc.*, 213 Mich. App. 466; 540 N.W.2d 689 (1995)

*Janik v. Ford Motor Co.*, 180 Mich 557; 147 N.W. 510 (1914)

*Seasword v. Hilti, Inc.*, 449 Mich. 542; 537 N.W.2d 221 (1995)

*Solomon v. Western Hills Dev. Co.*, 110 Mich. App. 257; 312 N.W.2d 428 (1981)

## INTRODUCTION AND SUMMARY OF ARGUMENTS

Plaintiffs' inclusion of Leo A. Daly Company ("LAD") in this action is erroneous. LAD had no role in the work performed by the LAN entities with respect to the Flint water supply system. Indeed, LAD does not generally undertake water infrastructure projects of that type.  The Court may not exercise specific jurisdiction over LAD because Plaintiffs' claims do not arise from any activity of LAD in or directed to the forum state. General jurisdiction is unavailable because LAD is a Nebraska corporation that is not "essentially at home" in Michigan under modern jurisdictional standards.

The jurisdictional contacts of the LAN entities cannot be imputed to LAD because mere ownership of one corporation by another is a legally insufficient basis to ignore the formal corporate separation between them.  Corporate separation can only be disregarded when separate entities use an alter ego relationship to abuse the corporate form for an improper purpose.  Plaintiffs plead no facts suggesting that the LAN entities are the alter ego of LAD, and in no way allege that LAD has abused the corporate form for any improper purpose. LAD did not have the right to control and did not exercise control over the daily engineering activities of LAN Inc. with respect to the Flint Water Treatment Plant.  Under settled law, the claims against LAD must be dismissed for lack of personal jurisdiction.

LAD is also entitled to dismissal under Fed. R. Civ. P. 12(b)(6). Notwithstanding the length of Plaintiffs' 483-paragraph Amended Master Complaint ("Complaint"), Plaintiffs have failed to assert valid claims against LAD for ordinary negligence, gross negligence, negligent infliction of emotional distress, punitive damages or medical monitoring.

In the event this Court finds jurisdiction over LAD, Plaintiffs should be ordered under Fed. R. Civ. P. 12(e) to make a more definite statement of the surviving allegations and counts against LAD.

### STANDARDS FOR EVALUATING PERSONAL JURISDICTION

This case is in federal court because it involves a federal question. In federal question cases, personal jurisdiction over a defendant exists if the defendant is amenable to service of process under the state's long-arm statue and if the exercise of personal jurisdiction would not violate the defendant's due process rights. *Bird v. Parsons*, 289 F.3d 865, 871 (6th Cir. 2002). Because Michigan's long-arm statute purports to extend jurisdiction to the limits imposed by federal constitutional due process, the two questions are effectively melded into one, focusing on the due process issue. *Family Wireless, #1 LLC. v. Automotive Technologies, Inc.*, 2015 WL 5142350 at *4 (E.D. Mich.

Sept. 1, 2015)[1] (*citing Michigan Coal. Of Radioactive Material Users, Inc. v. Griepentrog*, 954 F.2d 1174, 1176 (6th Cir. 1992)).

To comply with due process, a court's exercise of its power over an out-of-state defendant must "not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). This requires the defendant to have minimum contacts with the forum state to ensure that "the defendant's conduct and connection with the forum State are such that he should reasonably anticipate being hauled into court there." *World-Wide Volkswagen v. Woodson*, 444 U.S. 286, 297 (1980).

Personal jurisdiction exists in two forms: general and specific. General jurisdiction does not require a connection between the defendant and the facts of the litigation. However, the defendant's contacts with the forum state must be very extensive. A court may assert jurisdiction over a foreign corporation "to hear any and all claims against [it]" only where the corporation's affiliations with the state in which the suit is brought are so constant and pervasive "as to render [it] essentially at home in the forum state." *Goodyear Dunlop Tires, Operations, S.A. v. Brown*, 131 S.Ct. 2846, 2851, 564 U.S. 915 (2011).

---

[1] Unpublished cases are found at **Exhibit A.**

The Supreme Court has recently clarified that the "essentially at home" formulation is, in most cases, applicable only to the corporation's place of incorporation and principal place of business. *Daimler AG v. Bauman*, 134 S.Ct. 746, 760 (2014). In *Bauman,* the Supreme Court specifically rejected a formulation that would permit the exercise of general jurisdiction wherever the corporation engaged in a substantial, continuous and systematic course of business. It found such a formulation "unacceptably grasping." *Id.* at 761.

Specific jurisdiction, by contrast, is dispute-specific. It is "confined to adjudication of issues deriving from, or connected with the very controversy that establishes jurisdiction." *Goodyear*, 131 S.Ct. at 2851. In *Southern Machine Co. v. Mohasco Indus. Inc.*, 401 F.2d 374, 381 (6th Cir. 1968), the Sixth Circuit established a three-part test to determine the constitutionality of exercising specific jurisdiction over a non-resident defendant: (1) the defendant must purposefully avail himself of the privilege of acting in the forum state or causing a consequence in the forum state; (2) the cause of action must arise from the defendant's activities there; and (3) the acts of the defendant or consequence caused by the defendant must have had a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable. The *Mohasco* test still governs the due process

determination in the Sixth Circuit. *See Carrier Corp. v. Outokumpu Oyj*, 673 F.3d 430, 450 (6th Cir. 2012).

The requirement that the cause of action "arise from" the defendant's contacts with the forum state focuses upon whether the operative facts of the controversy arise from the defendant's contacts with the forum state. *Calphalon Corp. v. Rowlette*, 228 F.3d 718, 723 (6th Cir. 2000). The Sixth Circuit has recently clarified that more than a "but for" connection between the defendant's in-state activities and the claim is necessary to satisfy the "arising from" requirement. Rather, only consequences that proximately result from a party's contacts with the forum state permit the exercise of specific jurisdiction. *Beydoun v. Wataniya Restaurants Holding, Q.S.C.*, 768 F.3d 499, 507-08 (6th Cir. 2014) (*citing Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474 (1985).

Where personal jurisdiction is challenged, the plaintiff has the burden of establishing the Court's authority to proceed against the defendant. *Theunissen v. Matthews*, 93 F.2d 1454, 1458 (6th Cir. 1991). Where the Fed. R. Civ. P. 12(b)(2) motion is supported by properly documented factual assertions, the plaintiff may not rely upon his pleadings but must set forth specific facts showing that the court has personal jurisdiction. *Id.* The Court may then decide the motion on the affidavits, allow discovery of the

jurisdictional facts, or if factual disputes require resolution, hold an evidentiary hearing. *Id*.

## ARGUMENT

## I.    LAD lacks sufficient contacts with Michigan to confer jurisdiction.

An application of these principles to LAD is straightforward. First, general jurisdiction is absent. LAD is not essentially at home in Michigan. Indeed, Plaintiffs make no claim to the contrary, acknowledging that LAD is a Nebraska corporation (which has its principal place of business in Nebraska). (Complaint, ¶ 38); (Affidavit of Edward Benes, attached hereto as **Exhibit B**, hereafter "Benes Aff.," ¶ 3).  While LAD has had and continues to have projects in Michigan, it is not especially affiliated with Michigan and most of its work has been outside the State.  (Benes Aff. ¶ 11).  As *Bauman* teaches, even if its general business contacts with the state could be characterized as "continuous and systematic," that would not be enough to confer jurisdiction over LAD in a case which did not arise from its Michigan contacts.

Likewise, the *Mohasco* requirements for specific jurisdiction have not been met. While LAD agrees that it has had and currently has projects in the State of Michigan and that it has, for purposes of those projects, availed itself of Michigan law, Plaintiffs' claims do not arise from these contacts. Plaintiffs' claims arise solely from work performed in connection with the Flint Water

Treatment Plant—work that LAD did not perform.  The Benes Affidavit confirms that LAD did not provide any service or perform any work in connection with the City of Flint Water Treatment Plant or the water distribution system.  (Benes Aff. ¶ 12). While the Complaint generally lumps LAD, LAN Inc. and LAN P.C. together under the rubric "LAN" or "LAN Defendants," this approach is simply erroneous and Plaintiffs do not even attempt to assert conduct by LAD that could satisfy the minimum contacts required for the exercise of personal jurisdiction.  Infrastructure projects such as water treatment facilities form LAN's core business activities, while LAD concentrates on architectural projects. (Benes Aff. ¶¶ 8-9).  Again, LAD did not participate in the work on the Flint Water Treatment Plant or supply system.  (Benes Aff. ¶ 12). Nor did LAD have the right to control or exercise control over the detailed day-to-day engineering activities of LAN Inc. involving the Flint Water Treatment Plant (Benes Aff. ¶ 17).  Hence, there is neither a but-for nor a proximate-cause connection between LAD's Michigan activities and Plaintiffs' claims. Thus, the second *Mohasco* requirement is entirely absent.

Finally, because there is no connection between LAD's in-state activities and Plaintiffs' claims, the exercise of jurisdiction is unfair, thereby leaving the third *Mohasco* requirement also unmet.

7

## II.    The jurisdictional contacts of the LAN Defendants may not be imputed to LAD.

In an attempt to impute the jurisdictional contacts of the LAN entities to LAD, Plaintiffs blithely allege that the corporate structure of LAD and LAN Inc. is such that LAD asserts "nearly unfettered control over its subsidiary," LAN Inc. Plaintiffs otherwise state LAD's "services are extended through [LAN Inc.]" and that LAN P.C. was incorporated by LAN Inc. and used by LAN Inc. to conduct business in Genesee County (Complaint, ¶ 39).

LAN Inc. is a subsidiary of LAD, but LAN P.C. is a limited liability company that is not a direct subsidiary of LAD.  (Benes Aff. ¶ 10).  It is fundamental that the parent/subsidiary relationship is insufficient to subject the parent corporation to jurisdiction. "[A] company does not purposely avail itself merely by owning all or some of a corporation subject to jurisdiction." *Dean v. Motel 6 Operating L.P.*, 134 F.3d 1269, 1275 (6th Cir.1998).  Hence, a non-resident corporation is not subject to jurisdiction "based solely upon the contacts in the forum state of another corporate entity with which it happens to be affiliated."  *Velandra v. Regie Nationale des Usines Renault*, 336 F.2d 292, 296 (6th Cir. 1964). *See also Doe v. Unocal Corp.*, 248 F.3d 915 (9th Cir. 2001) ("existence of a relationship between a parent company and its subsidiary is not sufficient to establish personal jurisdiction over the parent on the basis of

the subsidiaries' minimum contacts with the forum"); *Freudensprung v. Offshore Technical Servs., Inc.*, 379 F.3d 327, 346 (5th Cir. 2004), *citing Cannon Mfg. Co. v. Cudahy Packing Co.*, 263 U.S. 333, 335 (1925).

Jurisdiction can only be asserted under the alter ego theory if the proponent of the theory shows that the parent exercises such pervasive control that the subsidiary cannot be said to have an independent existence. *Estate of Thomson*, *ex rel. Estate of Rakestraw v. Toyota Motor Corp. Worldwide,* 545 F.3d 357, 362-63 (6th Cir. 2008). To satisfy the alter ego test under federal law, the claimant must establish: (1) there is such a unity of interest and ownership that the separate personalities [of the two entities] no longer exist; and (2) the failure to disregard [their separate identities] would result in fraud or injustice. *Anwar v. Dow Chemical Co.*, 2016 WL 304741 at * 4 (E.D. Mich. Jan. 26, 2016) (*citing Ranza v. Nike*, 793 F.3d 1059, 1073 (9th Cir. 2015)). Michigan employs a similar test, requiring a party asserting an alter ego theory to show that the subsidiary is a mere instrumentality of the parent. *Id.* at * 4, *citing Seasword v. Hilti, Inc.*, 449 Mich. 542, 547; 537 N.W.2d 221 (1995). Where such allegations are made, the court considers a number of factors bearing upon whether actual corporate separation has been maintained. *Estate of Thomson*, 545 F.3d at 362-63.

9

Plaintiffs do not allege that the LAN entities have failed to maintain a corporate existence apart from LAD. While Plaintiffs allege that, through the corporate structure of LAD and LAN Inc., LAD exerts "nearly unfettered control over its subsidiary," the Benes Affidavit establishes that LAD and LAN Inc. maintain separate corporate records, and have complied with all necessary corporate formalities (Benes Aff. ¶ 13). Unlike their allegations concerning the Veolia entities, Plaintiffs do not allege that LAD has somehow misused or abused the corporate form with respect to the LAN entities to avoid liability in this matter.  See Complaint, ¶¶ 52-53 (alleging the Veolia entities have disregarded corporate formalities and abused the corporate form to avoid liability in this matter). Moreover, even where corporate formalities have not been maintained, the corporate veil may not be pierced without a showing of fraud, illegality, or injustice.  *Solomon v. Western Hills Dev. Co.*, 110 Mich. App. 257, 264; 312 N.W.2d 428 (1981). *See also Scarff Bros. v. Bichser Farms, Inc.*, 386 Fed. Appx. 518 (6th Cir. 2010).

Plaintiffs do not assert the factual basis for any attribution theory.  Each company therefore can only be responsible for its own participation, if any, in allegedly causing the Flint water crisis. By naming LAD as a defendant, Plaintiffs have simply made a factual mistake. LAD did not provide any service or perform any work in connection with the City of Flint Water Treatment

10

Plant or the water distribution system.  (Benes Aff. ¶ 12).  As Mr. Benes avers, the LAN entities and LAD provide fundamentally different services. LAD is an architectural firm, concentrating on the design of structures. LAN Inc. is an engineering firm focused on infrastructure projects. Consequently, the companies do not generally work on the same projects. (Benes Aff. ¶ 9). Each derives revenue independent of the activities of the other. (Benes Aff. ¶¶ 8-9). In short, the LAN entities and LAD are operationally distinct and jurisdictional contacts may not be imputed from one to another.

While the workforce of LAN Inc. is seconded to LAN Inc. by LAD pursuant to an Employee Leasing Agreement which predates the Flint Water Treatment Project (Exhibit A to Benes Aff.), the members of this workforce providing engineering services for LAN Inc. report to and are controlled by representatives of LAN Inc., including for the Flint Water Treatment Project (Benes Aff. ¶¶ 15-16).  Under Michigan's control test for "borrowed" or "leased" workers, vicarious liability for the tortious actions of a leased worker depends on a company's right to control and actual exercise of control over the day-to-day work activities of the worker.  *Hoffman v. JDM Associates, Inc.*, 213 Mich. App. 466; 540 N.W.2d 689, 693 (1995) (company to whom worker was leased was vicariously liable for worker's negligence because it, and not lessor company, retained and exercised control over daily work activities); see

11

also *Janik v. Ford Motor Co.*, 180 Mich. 557; 147 N.W. 510 (1914) (employee of Ford dealership was controlled by car purchaser while driving car for purchaser); *May v. Harper Hosp.*, 185 Mich. App. 548; 462 N.W.2d 754 (1990) (student perfusionist was controlled by hospital, not educational institution, at time patient suffered fatal injury). Here, LAD did not have the right to control and did not exercise control of the detailed activities of the day-to-day work performed by LAN Inc.—including work performed by seconded workers—in providing engineering services relating to the operation of the Flint Water Treatment Plant (Benes Aff. ¶ 17).

For purposes of personal jurisdiction, the jurisdictional contacts arising out of any seconded workers on the Flint Water Treatment Plant cannot be attributed to LAD  As indicated in the Benes' Affidavit, LAD merely performed payroll and employee benefits services with respect to the seconded workers as a matter of convenience and efficiency, but did not exercise control over or have the right to control the workers' daily activities. (Benes Aff. ¶¶ 15, 17). Nor does the mere secondment of workers by LAD to LAN Inc. satisfy the alter ego test for personal jurisdiction, where the two companies maintain separate corporate formalities and remain operationally distinct, with all of the engineering activities of the seconded workers supervised and controlled by

representatives of LAN Inc. (Benes Aff. ¶¶ 13, 16).  Absent a basis for personal

jurisdiction, the action must be dismissed as to LAD.

**III.   Plaintiffs have failed to state valid claims against LAD for ordinary negligence, gross negligence, negligent infliction of emotional distress, punitive damages and medical monitoring.**

LAD also adopts and joins in the Partial Motion to Dismiss and Motion

for More Definite Statement filed on December 1, 2017 by Co-Defendants

Lockwood, Andrews & Newnam, P.C. and Lockwood, Andrews & Newnam, Inc.

As explained in that motion, Plaintiffs' claims of gross negligence and ordinary

negligence, and Plaintiffs' request for punitive damages, were previously

dismissed under Fed R. Civ P. 12(b)(6) by this Court in a related case, *Guertin*

*v. State of Michigan, et al.*, Eastern District Case No. 16-cv-12412.  Plaintiffs'

claims for negligent infliction of emotional distress and their request for

medical monitoring are likewise unsupported by Michigan law, and should be

dismissed under Rule 12(b)(6).

Lastly, if this Court finds jurisdiction over LAD, then Plaintiffs should be

ordered under Fed R. Civ P. 12(e) to plead a more definite statement of the

surviving allegations and claims against LAD.  As described above and in the

motion filed by LAN Inc. and LAN PC, the Complaint fails to distinguish the

activities of LAD, LAN PC and LAN Inc., and lumps LAD in together with its

corporate subsidiaries and, at other times, with all of the other private engineering defendants.

## CONCLUSION AND RELIEF REQUESTED

LAD is not subject to either general or specific jurisdiction in this case based upon its own contacts with Michigan, and Plaintiffs can establish no basis to impute the jurisdictional contacts of the LAN entities to LAD. Accordingly, the Court should dismiss the allegations of the Complaint as they relate or apply to LAD.  Additionally, Plaintiffs' Complaint contains legally insufficient allegations to state certain claims against LAD, and should be dismissed for this reason as well.  If this Court finds jurisdiction over LAD, Plaintiffs should be ordered to provide a more definite statement of the surviving allegations and counts against LAD.

Respectfully submitted,

/s/ Wayne B. Mason
Wayne B. Mason (SBOT 13158950)
Travis S. Gamble (SBOT 00798195)
S. Vance Wittie (SBOT 21832980)
David C. Kent (SBOT 11316400)
DRINKER BIDDLE & REATH LLP
1717 Main St., Suite 5400
Dallas TX 75201
(469) 227-8200
wayne.mason@dbr.com
travis.gamble@dbr.com
vance.wittie@dbr.com
david.kent@dbr.com

ATTORNEYS FOR DEFENDANT
LEO A. DALY COMPANY

/s/ Philip A. Erickson
Philip A. Erickson (P37081)
Robert G. Kamenec (P35283)
Saulius K. Mikalonis (P39486)
Karen E. Beach (P75172)
PLUNKETT COONEY
325 E. Grand River Ave, Suite 250
East Lansing, MI 48823
(517) 324-5608
perickson@plunkettcooney.com
rkamenec@plunkettcooney.com
smikalonis@plunkettcooney.com
kbeach@plunkettcooney.com

ATTORNEYS FOR DEFENDANT
LEO A. DALY COMPANY

Dated:  December 1, 2017

## CERTIFICATE OF SERVICE

I hereby certify that on December 1, 2017, I electronically filed the foregoing

document with the Clerk of the Court using the ECF System, which will send

notification to the ECF counsel of record.

By:   /s/ Philip A. Erickson
Philip A. Erickson (P37081)
perickson@plunkettcooney.com

Open.25633.60363.19434475-1

16