## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF MICHIGAN, SOUTHERN DIVISION

Elnora Carthan; Rhonda Kelso, individually
and as next of friend of K.E.K, a minor child;
Darrell and Barbara Davis; Michael Snyder,
as personal representative of the Estate of
John Snyder, deceased; Marilyn Bryson;
David Munoz; Tiantha Williams,
individually and as next of friend of T.W., a
minor child; Amber Brown, as next of
friend of K.L.D, a minor child; Frances
Gilcreast; EPCO Sales, LLC; Angelo's Coney
Island Palace, Inc., on behalf of themselves
and all others similarly situated,

No. 5:16-cv-10444-JEL-MKM
Hon. Judith E. Levy
Mag. Judge Mona K. Majzoub

                    Plaintiffs,

-vs-

Governor Rick Snyder, in his individual and
official capacities; the State of Michigan;
the City of Flint; Daniel Wyant, in his
individual capacity; Andy Dillon, in his
individual capacity; Nick Lyon, in his
individual capacity; Nancy Peeler, in her
individual capacity; Liane Shekter-Smith, in
her individual capacity; Adam Rosenthal, in
his individual capacity; Stephen Busch, in
his individual capacity; Patrick Cook, in his
individual capacity; Michael Prysby, in his
individual capacity; Bradley Wurfel, in his
individual capacity; Jeff Wright, in his
individual capacity; Edward Kurtz, in his
individual capacity; Darnell Earley, in his
individual capacity; Gerald Ambrose, in his
individual capacity; Dayne Walling, in his
individual capacity and official capacities;
Howard Croft, in his individual capacity;
Michael Glasgow, in his individual capacity;
Daugherty Johnson, in his individual

capacity; Lockwood, Andrews & Newnam,
P.C.; Lockwood, Andrews & Newnam, Inc.;
Leo A. Daly Company; Veolia North
America, LLC; Veolia North America, Inc.;
Veolia Water North America Operating
Services, LLC,

          Defendants.

_____/

**LOCKWOOD, ANDREWS & NEWNAM, INC. AND
LOCKWOOD, ANDREWS & NEWNAM, P.C.'S
PARTIAL MOTION TO DISMISS UNDER RULE 12(b)(6) AND
MOTION FOR MORE DEFINITE STATEMENT UNDER RULE 12(e)**

Under Federal Rule of Civil Procedure 12(b)(6), Defendants Lockwood,
Andrews & Newnam, Inc., ("LAN Inc.") and Lockwood, Andrews & Newnam,
P.C. ("LAN P.C.") (collectively, "the LAN entities" or "the LAN defendants")
move to dismiss several of Plaintiffs' claims against them.  The complaint
should be dismissed in part for several reasons:

1.     Plaintiffs impermissibly bring a claim for ordinary negligence
against professionals, including the LAN entities.

2.     Plaintiffs assert a standalone claim of gross negligence, which this
Court has held is not a cognizable claim under Michigan law.

3.     Plaintiffs set forth a bare-bones claim for negligent infliction of emotional distress amounting to nothing more than a three-sentence reiteration of their negligence claim.

4.     Plaintiffs request punitive damages but fail to allege any facts which, if true, would bring their claims against any LAN defendant within the scope of any exception to Michigan's bar against disfavored punitive damages claims.   Plaintiffs also request exemplary damages which are unavailable because they are subsumed by the compensatory damages requested.

5.     Plaintiffs seek a medical monitoring remedy which is not available against these defendants under Michigan law.

6.     Under Federal Rule of Civil Procedure 12(e), the LAN defendants also move for a more definite statement.  Plaintiffs' improper and inherently vague group pleading approach prevents the LAN entities from providing an answer that conforms to the Federal Rules of Civil Procedure, and the 150-page, 483-paragraph Consolidated Amended Class Complaint ("Complaint") violates the requirement that the complaint contain a "short and plain statement" of the relevant claims.

7.     The LAN defendants rely on the arguments and authorities found in their accompanying brief in support.

8.      As Local Rule 7.1(a) requires, the LAN entities sought concurrence from Plaintiffs' counsel concerning this motion on December 1, 2017, and concurrence was denied.

Respectfully submitted,

/s/ Wayne B. Mason
Wayne B. Mason (SBOT 13158950)
Travis S. Gamble (SBOT 00798195)
S. Vance Wittie (SBOT 21832980)
David C. Kent (SBOT 11316400)
DRINKER BIDDLE & REATH LLP
1717 Main St., Suite 5400
Dallas TX 75201
(469) 227-8200
wayne.mason@dbr.com
travis.gamble@dbr.com
vance.wittie@dbr.com
david.kent@dbr.com

ATTORNEYS FOR DEFENDANT LOCKWOOD, ANDREWS & NEWNAM INC. AND LOCKWOOD, ANDREWS & NEWNAM P.C.

/s/ Philip A. Erickson
Philip A. Erickson (P37081)
Robert G. Kamenec (P35283)
Saulius K. Mikalonis (P39486)
Karen E. Beach (P75172)
PLUNKETT COONEY
325 E. Grand River Ave, Suite 250
East Lansing, MI 48823
(517) 324-5608
perickson@plunkettcooney.com
rkamenec@plunkettcooney.com
smikalonis@plunkettcooney.com
kbeach@plunkettcooney.com

ATTORNEYS FOR DEFENDANT LOCKWOOD, ANDREWS & NEWNAM INC. AND LOCKWOOD, ANDREWS & NEWNAM P.C.

Dated:  December 1, 2017

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN, SOUTHERN DIVISION

Elnora Carthan; Rhonda Kelso, individually
and as next of friend of K.E.K, a minor child;
Darrell and Barbara Davis; Michael Snyder,
as personal representative of the Estate of
John Snyder, deceased; Marilyn Bryson;
David Munoz; Tiantha Williams,
individually and as next of friend of T.W., a
minor child; Amber Brown, as next of
friend of K.L.D, a minor child; Frances
Gilcreast; EPCO Sales, LLC; Angelo's Coney
Island Palace, Inc., on behalf of themselves
and all others similarly situated,

No. 5:16-cv-10444-JEL-MKM
Hon. Judith E. Levy
Mag. Judge Mona K. Majzoub

                Plaintiffs,

-vs-

Governor Rick Snyder, in his individual and
official capacities; the State of Michigan;
the City of Flint; Daniel Wyant, in his
individual capacity; Andy Dillon, in his
individual capacity; Nick Lyon, in his
individual capacity; Nancy Peeler, in her
individual capacity; Liane Shekter-Smith, in
her individual capacity; Adam Rosenthal, in
his individual capacity; Stephen Busch, in
his individual capacity; Patrick Cook, in his
individual capacity; Michael Prysby, in his
individual capacity; Bradley Wurfel, in his
individual capacity; Jeff Wright, in his
individual capacity; Edward Kurtz, in his
individual capacity; Darnell Earley, in his
individual capacity; Gerald Ambrose, in his
individual capacity; Dayne Walling, in his
individual capacity and official capacities;
Howard Croft, in his individual capacity;
Michael Glasgow, in his individual capacity;

Daugherty Johnson, in his individual
capacity; Lockwood, Andrews & Newnam,
P.C.; Lockwood, Andrews & Newnam, Inc.;
Leo A. Daly Company; Veolia North
America, LLC; Veolia North America, Inc.;
Veolia Water North America Operating
Services, LLC,

        Defendants.

_____/

**BRIEF IN SUPPORT OF LOCKWOOD, ANDREWS & NEWNAM, INC.
AND LOCKWOOD, ANDREWS & NEWNAM, P.C.'S
PARTIAL MOTION TO DISMISS UNDER RULE 12(b)(6) AND
MOTION FOR MORE DEFINITE STATEMENT UNDER RULE 12(e)**

# TABLE OF CONTENTS

**Page**

INDEX OF AUTHORITIES ...................................................................................... ii

STATEMENT OF ISSUES PRESENTED ................................................................ iv

CONTROLLING OR MOST APPROPRIATE AUTHORITY ............................... vi

INTRODUCTION ...................................................................................................... 1

BACKGROUND AND ALLEGATIONS OF THE COMPLAINT ......................... 1

STANDARDS GOVERNING MOTIONS TO DISMISS ........................................ 5

ARGUMENT .............................................................................................................. 6

    I.   Plaintiffs fail to state a claim for negligent infliction of emotional distress against these defendants (Count XI). ...................... 6

    II.  Plaintiffs fail to state a claim for ordinary negligence against these defendants (Count XI) ............................................................. 7

    III. Plaintiffs fail to state a claim for gross negligence against these defendants (Count XII). ................................................................... 8

    IV. Plaintiffs' claims for punitive damages and exemplary damages should be dismissed against these defendants .................... 10

    V.  Plaintiffs' claim for medical monitoring should be dismissed against these defendants. ................................................................. 11

    VI. A more definite statement should be ordered. ...................................... 12

CONCLUSION AND REQUESTED RELIEF ....................................................... 16

# INDEX OF AUTHORITIES

**Page**

## FEDERAL CASES
*Adeseye v. Banks*,
   2016 WL 540726 (E.D. Mich., February 11, 2016) ................................................. 9

*Bell Atlantic Corp. v. Twombly*,
   550 U.S. 544 (2007) ............................................................................................ 9

*Berna v. City of Detroit*,
   2006 WL 901260 (E.D. Mich. Feb. 15, 2006) ..................................................... 15

*Bickerstaff v. Lucarelli*,
   830 F.3d 388 (6th Cir. 2016) ............................................................................... 5

*Bradly v. Milliken*,
   411 F. Supp. 937 (E.D. Mich. 1975) .................................................................. 15

*Bright v. Gallia Cnty.*,
   753 F.3d 639 (6th Cir. 2014) ............................................................................... 5

*Brown v. Caruso*,
   2013 WL 5423708 (E.D. Mich. Sept. 26, 2013) .................................................. 15

*Buckner v. Roy*,
   2015 WL 4936694 (E.D. Mich. August 18, 2015) ................................................. 8

*Chamber v. HSBC Bank, USA, N.A.*,
   796 F.3d 560 (6th Cir. 2015) ............................................................................... 5

*Evans-Marshall v. Bd. of Educ. of Tipp City Exempted Vill. Sch. Dist.*,
   428 F.3d 223 (5th Cir. 2005) ............................................................................. 12

*Rocha v. FedEx Corp.*,
   15 F. Supp. 3d 796 (N.D. Ill. 2014) ................................................................... 15

*SD3, LLC v. Black & Decker (U.S.) Inc.*,
   801 F.3d 412 (4th Cir. 2015) ............................................................................. 13

## MICHIGAN CASES
*Bryant v. Oakpointe Villa Nursing Ctr.*,
   471 Mich. 411; 684 N.W.2d 864 (2004) ............................................................... 7

*Duran v. Detroit News, Inc.*
   200 Mich. App. 622; 504 N.W.2d 715 (1994) ...................................................... 6

*Gilbert v. DaimlerChrysler Corp.*,
    470 Mich. 749; 685 N.W.2d 391 (2004) ...................................................................... 10

*Henry v. Dow Chemical Co.*,
    473 Mich. 63; 701 N.W.2d 684 (2005) ....................................................................... 11

*Nugent v. Bauermeister*,
    195 Mich. App. 158; 489 N.W.2d 148 (1992) ............................................................. 6

*Seasword v. Hilti, Inc.*,
    449 Mich. 542; 537 N.W.2d 221 (1995) ...................................................................... 13

*Taylor v. Kurapati*,
    236 Mich. App. 315; 600 N.W.2d 670 (1999) ............................................................. 6

*Veselenak v. Smith*,
    414 Mich. 567; 327 N.W.2d 261 (1982) ...................................................................... 10

*Wargelin v. Sisters of Mercy Health Corp.*,
    149 Mich. App. 75; 385 N.W.2d 732 (1986) ............................................................... 6

*Xu v. Gay*,
    257 Mich. App. 263; 668 N.W.2d 166 (2003) ............................................................. 9

**STATUTES**
42 U.S.C. § 1983 ............................................................................................................. 10


**RULES**
Fed. R. Civ P. 12(e) ............................................................................................... 12, 15

Fed. R. Civ P. 12(b)(6) .................................................................................. 1, 5, 12, 16

## STATEMENT OF ISSUES PRESENTED

1.  Should the Court dismiss Plaintiffs' ordinary negligence claim where the claim is lodged against a professional entity?

    **The LAN defendants answer:** "Yes."

    **Plaintiffs answer:** "No."

2.  Should the Court dismiss Plaintiffs' gross negligence claim because such a claim is not a standalone claim against defendants like the LAN defendants?

    **The LAN defendants answer:** "Yes."

    **Plaintiffs answer:** "No."

3.  Should the court dismiss Plaintiffs' negligent infliction of emotional distress claim where Plaintiffs essentially assert an ordinary negligence claim?

    **The LAN defendants answer:** "Yes."

    **Plaintiffs answer:** "No."

4.  May Plaintiffs pursue punitive and exemplary damages against the LAN defendants even though Michigan law generally bars those damages?

    **The LAN Defendants answer:** "No."

    **Plaintiffs answer:** "Yes."

5.      May Plaintiffs pursue medical monitoring relief against these defendants under Michigan law?

        **The LAN Defendants answer:** "No."

        **Plaintiffs answer:** "Unknown."

6.      Under Federal Rule of Civil Procedure 12(e), should the Court require a more definite statement?

        **The LAN Defendants answer:** "Yes."

        **Plaintiffs answer:** "Unknown."

## CONTROLLING OR MOST APPROPRIATE AUTHORITY

**Rules**

Fed R. Civ P. 12(b)(6)

Fed R. Civ P. 12(e)


**Federal Cases**

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)

*Bickerstaff v. Lucarelli*, 830 F.3d 388 (6th Cir. 2016)

*Bradly v. Milliken*, 411 F. Supp. 937 (E.D. Mich. 1975)


**Michigan Cases**

*Bryant v. Oakpointe Villa Nursing Ctr.*, 471 Mich. 411; 684 N.W.2d 864 (2004)

*Duran v. Detroit News, Inc.* 200 Mich. App. 622; 504 N.W.2d 715 (1994)

*Gilbert v. DaimlerChrysler Corp.*, 470 Mich. 749; 685 N.W.2d 391 (2004)

*Henry v. Dow Chemical Co.*, 473 Mich. 63; 701 N.W.2d 684 (2005)

*Seasword v. Hilti, Inc.*, 449 Mich. 542; 537 N.W.2d 221 (1995)

*Veselenak v. Smith*, 414 Mich. 567; 327 N.W.2d 261 (1982)

*Wargelin v. Sisters of Mercy Health Corp.,* 149 Mich. App. 75; 385 N.W.2d 732 (1986)

*Xu v. Gay*, 257 Mich. App. 263; 668 N.W.2d 166 (2003)

## INTRODUCTION

Plaintiffs seek to bring claims sounding in professional negligence, ordinary negligence, gross negligence and negligent infliction of emotional distress against Defendants Lockwood, Andrews & Newnam, Inc. ("LAN Inc."), Lockwood, Andrews & Newnam, PC ("LAN PC"), and Leo A. Daly Company ("LAD")(collectively hereinafter the "LAN Defendants" or the "LAN entities"). In their motion to dismiss, Defendants LAN Inc. and LAN PC request that the Court dismiss the counts sounding in ordinary negligence, gross negligence and negligent infliction of emotional distress pursuant to Rule 12(b)(6) . Defendants LAN Inc. and LAN PC also request that the Court dismiss Plaintiffs' requests for punitive damages, exemplary damages, and medical monitoring. Finally, Defendants LAN Inc. and LAN PC request that the Court order Plaintiffs to file a more definite statement, because it is unnecessarily repetitive and lengthy, and it improperly lumps together allegations against all three LAN entities, and at times all six private corporate defendants (the three LAN entities and three Veolia entities).

## BACKGROUND AND ALLEGATIONS OF THE COMPLAINT

On or about July 26, 2017, the Court ordered consolidation of ten class action matters arising out of the distribution of water from the Flint Water Plant after April 2014, and directed the Plaintiffs to file a new master class

action complaint by September 29, 2017.  The new Consolidated Amended Class Complaint (the "Complaint") incorporates many of the same defects as existed in prior cases; in fact, it essentially adopts the prior class action complaint in *Village Shores, LLC, et al v. Lockwood, Andrews and Newnam, PC, et al*, Case No. 16-cv-14498, with some minor updates.

The Complaint (Doc. #214) is a 150-page, 483-paragraph (not including subparagraphs), twelve-count complaint against twenty-seven defendants. Defendants include the State of Michigan, several city and state employees (and former employees) and six private companies.  In the Complaint, Plaintiffs seek to represent a class composed of "about 100,000 residents and other Flint water users . . . who from April 25, 2014 to the present . . . have experienced and will continue to experience serious personal injury and property damage caused by Defendants' deliberate, reckless and negligent misconduct." (Complaint, ¶ 1).

Plaintiffs alleges that the "LAN Defendants and certain other 'Engineering Defendants' were professionally negligent "in their duties relating to the distribution of water from the Flint River . . . and in failing to report the dangers associated with not installing proper anti-corrosive treatment when using the Flint River as a primary source of water." (Complaint, ¶ i).  Plaintiffs also allege that the three LAN entities and the other

2

"Engineering Defendants" were professionally negligent "in failing to properly evaluate Flint's water system and in publically declaring its water safe and potable."[1]  (Complaint, ¶ ii).  In Plaintiffs' view, the LAN entities and the other "Engineering Defendants" were professionally negligent in their duties because they allegedly "failed to conduct a root cause analysis" and failed to make certain other recommendations regarding the treatment of Flint River water  (*Id.*).

The Complaint contains numerous allegations that are not applicable to the LAN Defendants, yet are incorporated into each count against the LAN Defendants.  *See, e.g.* Complaint, ¶ 441 ("Plaintiffs and Plaintiff Class incorporate by reference all allegations set forth in all foregoing paragraphs, as if fully set forth herein.")  The Complaint also includes an almost day-by-day account of government communications regarding the Flint Water Plant issues.  *See, e.g.,* Complaint, ¶¶ 85-86, 88-101, 107-112, 132-134, 139-140, 142, 147-151, 200-237.

Plaintiffs' specific allegations against the three LAN entities are also confusing because of Plaintiffs' consistent yet improper approach of referring to all three entities together as "LAN" or the "LAN Defendants." (Complaint, ¶

---

[1] It should be noted here that although Plaintiffs make this generalized allegation in paragraph ii of the Complaint, they do not attempt to state a claim against the LAN Defendants for misrepresentation or fraud.

40).  Virtually all of the substantive allegations against any of the three LAN entities are pled as allegations against the group.  *See, e.g.,* Complaint, ¶¶ 115-120, 122, 126, 129-130, 155-156, 161, 192, 412-432.   In addition, Plaintiffs confuse matters further by alleging joint conduct by the six LAN and Veolia entities.  *See, e.g.*, Complaint, ¶¶ 56, 175-176, 178-181, 193, 198-199. Further, in Counts XI, XI[2] and XII, Plaintiffs simply lump the six LAN and Veolia entities together as the "Engineering Defendants."   Plaintiffs take this approach even though they allege and clearly understand that Lockwood, Andrews & Newnam, Inc., Lockwood Andrews & Newnam, PC and Leo A. Daly Company are separate corporate entities (Complaint, ¶¶ 36-38).

Plaintiffs' Complaint is also exceptionally long; the Complaint covers 150 pages, and includes 483 paragraphs, not including subparagraphs.  The length of the Complaint is due in part to repetition.  For example, Plaintiffs allege that the LAN Defendants failed to conduct a "root cause analysis" at least six times (Complaint, ¶¶ ii, 56, 176, 178, 421, 481).  The allegation that ferric chloride is acidic is repeated at least four times (Complaint, ¶¶ ii, 56, 186, 198, 481).

In addition, the Complaint is made unnecessarily long by Plaintiffs' habit of including lengthy quotes attributed to secondary sources.  *See, e.g.*,

---

[2] The Complaint includes two counts numbered XI.

Complaint, ¶¶ 182, 186 (US EPA), 188 (Centers for Disease Control and Prevention), 197 (US EPA), 264 (US EPA), 265 (World Health Organization), 267 (US EPA), 270 (World Health Organization), 270 (Unknown), 273-274, 292 (news release), 293 (Michigan Mutual Insurance), 294 (Wells Fargo Bank).  Many of these quotes have only a slight connection to the issues in the lawsuit.  For example, Plaintiffs cite to an unidentified source in an attempt to discuss the "economic losses of attributable to lead exposure in 2009." Even if accurate, this information is irrelevant.

## STANDARDS GOVERNING MOTIONS TO DISMISS

On a Rule 12(b)(6) motion to dismiss, the Court "must accept non-conclusory allegations of fact in the complaint as true and determine if the plaintiff has stated a plausible claim for relief."[3] *Bright v. Gallia Cnty.,* 753 F.3d 639, 652 (6th Cir. 2014).  "A claim is plausible on its face if the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Chamber v. HSBC Bank, USA, N.A., 7*96 F.3d 560, 567 (6th Cir. 2015).  The complaint therefore "must contain either direct or inferential allegations with respect to all material elements necessary to sustain a recovery under some viable legal theory." *Bickerstaff v. Lucarelli*, 830 F.3d 388, 396 (6th Cir. 2016).

---

[3] Internal quotation marks, alterations, and citations are omitted throughout.

## ARGUMENT

**I.    Plaintiffs fail to state a claim for negligent infliction of emotional distress against these defendants (Count XI).**

Plaintiffs attempt to allege a count of negligent infliction of emotional distress at Count XI of the Complaint, ¶¶ 464-466.  In Michigan, negligent infliction of emotional distress is limited to cases where a person witnesses the negligent injury or death of a third person. *Duran v. Detroit News, Inc.* 200 Mich. App. 622, 629; 504 N.W.2d 715 (1994). It is further limited to injury suffered by the plaintiff's immediate family members.  *Nugent v. Bauermeister*, 195 Mich. App. 158, 161; 489 N.W.2d 148 (1992).

While Plaintiffs appear to have pled the bare allegations necessary to state a cognizable claim for negligent infliction of emotional distress, the claim nevertheless fails because none of the Plaintiffs witnessed an *accident*. To state a claim, the plaintiff must have been present at the time of the injury-causing accident or have suffered shock fairly contemporaneous with the accident. *Id.; Wargelin v. Sisters of Mercy Health Corp.,* 149 Mich. App. 75, 80; 385 N.W.2d 732 (1986). There must be a particular shocking event which is witnessed. Merely witnessing the resulting injuries at some remote time is not enough to create a negligent infliction claim.  *See Taylor v. Kurapati,* 236 Mich. App. 315; 600 N.W.2d 670 (1999).

6

Plaintiffs do not allege that any person sustained an accident. Rather, they allege that exposure to lead has a tendency to cause long-term damages. This does not equate to the kind of shocking, contemporaneous event necessary to give rise to a claim for negligent inflection of emotional distress under Michigan law.

## II.   Plaintiffs fail to state a claim for ordinary negligence against these defendants (Count XI).

Plaintiffs attempt to allege a count of ordinary negligence against the Engineering Defendants, including the LAN Defendants (Complaint, ¶¶ 467-476).   This claim should be dismissed because it is redundant of the professional negligence claim alleged against the LAN Defendants. Michigan law recognizes that a negligence claim asserted against a professional which derives its duty element from the relationship between the professional and its client necessarily sounds in professional negligence (i.e., malpractice), not negligence (i.e., ordinary negligence).  *Bryant v. Oakpointe Villa Nursing Ctr.*, 471 Mich. 411, 422; 684 N.W.2d 864 (2004).

On July 14, 2017, this Court agreed with the LAN Defendants' argument on reconsideration in *Guertin v. State of Michigan, et al.*, Eastern District Case No. 16-cv-12412, reasoning that, as against professional engineers, a malpractice claim requires Plaintiffs to show a breach of a professional

standard of care (**Exhibit A**, *Guertin*, Docket #191, Opinion and Order Granting Defendant Veolia's Motion for Reconsideration [155] Denying Defendant Wyant's Motion for Reconsideration [159], and Granting Defendant Lockwood's Motion for Reconsideration [160], Page ID #6474-6475).  The *Guertin* reasoning is incorporated by reference here.  Only a professional negligence claim may proceed (subject to other defenses which the LAN Defendants have raised or will raise), which, if it survives, requires expert testimony as to the professional standard of care alleged to have been breached.  *Id.*

### III.  Plaintiffs fail to state a claim for gross negligence against these defendants (Count XII).

As their Count XII, Plaintiffs contend that the Engineering Defendants are liable in a separate claim of gross negligence (Complaint, ¶¶ 477-482).  In *Guertin*, this Court determined that gross negligence is not an independent cause of action in Michigan (**Exhibit B**, *Guertin*, Docket #151, Opinion and Order Granting in Part and Denying in Part Defendants' Motions to Dismiss, Page ID # 94-95).  See also *Buckner v. Roy*, 2015 WL 4936694, at *8 (E.D. Mich. August 18, 2015).[4] The *Guertin* reasoning is incorporated by reference here.

---

[4] Unpublished cases are included as **Exhibit C**.

Accordingly, Plaintiffs' Count XII, asserting gross negligence against the "Engineering Defendants" must be dismissed.

In addition, in their Count for Professional Negligence (Count VIII), Plaintiffs attempt to state a claim for gross negligence by alleging, "[t]he LAN Defendants' conduct and/or failure(s) to act constitute gross negligence because it was so reckless that it demonstrates a substantial lack of concern for whether an injury or harm would result" (Complaint, ¶ 424).  Such artful pleading is insufficient to state a claim for gross negligence, because simply adding the words "reckless" to an allegation of negligence is "a legal conclusion couched as a factual allegation."  *Adeseye v. Banks*, 2016 WL 540726 at *1 (E.D. Mich., February 11, 2016), citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Instead, Plaintiffs must allege facts demonstrating that the conduct of one of the LAN Defendants "was so reckless as to demonstrate a substantial lack of concern for whether an injury resulted." *Xu v. Gay*, 257 Mich. App. 263, 269; 668 N.W.2d 166 (2003).  The "reckless" allegation in ¶ 424 that the LAN Defendants acted recklessly in providing professional expert services is insufficient to state a claim of gross negligence because it alleges only that LAN's conduct fell below industry standards for engineering firms (Complaint, ¶¶ 411-432).  See *Xu*, 257 Mich. App. at 171 (defendant's alleged ignorance of

9

and failure to implement industry standards constitutes negligence, not gross negligence).  The claim of gross negligence should be dismissed as insufficient to state a cause of action.

## IV. Plaintiffs' claims for punitive damages and exemplary damages should be dismissed against these defendants.

Under Michigan law, punitive damages are not recoverable unless expressly authorized by statute. *Gilbert v. DaimlerChrysler Corp.*, 470 Mich. 749, 765; 685 N.W.2d 391 (2004). No Michigan statute authorizes recovery of punitive damages for the Michigan common law claims asserted in the Complaint.   The only statute permitting the award of punitive damages pled in this case is 42 U.S.C. § 1983, which is unavailable against private entities, and is not pled here against the LAN Defendants.  The Court is referred to the *Guertin* Opinion and Order Granting in Part and Denying in Part Defendants' Motions to Dismiss, Doc 151, Page ID #5636, which reasoning is incorporated by reference here (**Exhibit B**).

In paragraph 432 of the Complaint, Plaintiffs "seek an award of exemplary damages from the LAN defendants" "in addition to compensatory damages."  However, in cases alleging personal injury, exemplary damages are subsumed by actual damages awarded for pain, suffering, mental distress and anguish.  *Veselenak v. Smith*, 414 Mich. 567, 575-576; 327 N.W.2d 261 (1982).

As Plaintiffs' request for compensatory damages already includes damages for pain, suffering, mental distress and anguish (*see, e.g.*, Complaint, ¶ 431(c)-(d)), exemplary damages are therefore unavailable.

**V.   Plaintiffs' claim for medical monitoring should be dismissed against these defendants.**

At paragraph c of the Prayer for Relief, Plaintiffs request, among other things, "establishment of medical monitoring to provide health care and other appropriate services to class members . . . ."  The LAN Defendants request that the Court enter an order clarifying that this request does not apply to them and that, in any event, the Michigan law tort claims against them do not give rise to this type of remedy.  *See Henry v. Dow Chemical Co.*, 473 Mich. 63; 701 N.W.2d 684, 688-689 (2005).   In *Henry*, the defendant company released a toxin into the flood plain where the plaintiffs lived and worked, thereby putting the plaintiffs at future risk of contracting related diseases. 473 Mich. at 67. Plaintiffs sought court-supervised medical monitoring for the negative side effects of exposure to the toxin.  *Id.* at 70. The Michigan Supreme Court held that plaintiffs' claims for the "equitable relief of medical monitoring" were negligence claims that failed as a matter of law because, as the court articulated:

> [i]t is no answer to argue, as plaintiffs have, that the need to pay for medical monitoring is itself a present injury sufficient to

11

sustain a cause of action for negligence. In so doing, plaintiffs attempt to blur the distinction between "injury" and "damages." While plaintiffs arguably demonstrate economic losses that would otherwise satisfy the "damages" element of a traditional tort claim, the fact remains that these economic losses are wholly derivative of a possible, future injury rather than an actual, present injury. A financial "injury" is simply not a present physical injury, and thus not cognizable under our tort system. Because plaintiffs have not alleged a present physical injury, but rather, "bare" damages, the medical expenses plaintiffs claim to have suffered (and will suffer in the future) are not compensable.

*Id.* at 78.  Likewise here, the request by Plaintiffs fails to state a cognizable claim under Fed. R. Civ. P. 12(b)(6) because the request sounds in negligence and the requested relief is not recognized under Michigan law.

## VI.   A more definite statement should be ordered.

When a complaint is "vague or ambiguous," such that a party cannot reasonably respond, the pleading party must provide "a more definite statement of a pleading."  Fed. R. Civ P. 12(e) , *see also Evans-Marshall v. Bd. of Educ. of Tipp City Exempted Vill. Sch. Dist.,* 428 F.3d 223, 228 (5th Cir. 2005).

The Complaint is vague and ambiguous because it fails to distinguish between the various LAN entities, employing the collective "LAN Defendants" to refer to all three (Complaint, ¶ 40).  This is true throughout the Statement of Facts and in Count VIII, the Professional Negligence claim against the LAN entities.  *See, e.g.*, Complaint, ¶¶ 115-120, 122, 126, 129-130, 155-156, 161, 192, 412-432.  In Count VIII, Plaintiffs repeatedly assert that certain actions

were taken by the "LAN Defendants," and certain duties were owed by the "LAN Defendants."  The Complaint provides no justification for treating three acknowledged separate legal entities in this fashion.  *See* Complaint, ¶¶ 36-38.

The rule against group allegations applies even when related corporate entities are involved.  Absent abuse of the corporate form, Michigan presumes that parent and subsidiary corporations are separate and distinct entities. *Seasword v. Hilti, Inc.*, 449 Mich. 542, 547-548; 537 N.W.2d 221, 224 (1995). *See also SD3, LLC v. Black & Decker (U.S.) Inc.,* 801 F.3d 412, 423 (4th Cir. 2015) (corporate affiliation does not alter requirement to identify involvement of each defendant).  Notably, while Plaintiffs allege that the Veolia entities "disregard corporate formalities" and "abused the corporate form to avoid liability in this matter," no such allegations are made as to the LAN Defendants (Complaint, ¶¶ 52-53).  The allegation that LAN P.C. was incorporated by LAN Inc. provides no basis to attribute the act of one separate corporate entity to another (Complaint, ¶ 36).  Similarly, the bare assertion that the services of Co-Defendant Leo A. Daly Company ("LAD") are "extended through [LAN Inc.]" (Complaint, ¶ 38 (brackets in original)), does not permit Plaintiffs or the Court to infer that the acts of one Defendant are the acts of another.  While Plaintiffs allege that LAD "exerts nearly unfettered control over its subsidiary" LAN Inc., that bare allegation, along with a few shared

executives, is insufficient to establish abuse of the corporate form, alter ego, or any other basis to disregard corporate separation (Complaint, ¶39).  See Motion to Dismiss for Lack of Personal Jurisdiction filed by LAD.

In addition, the Complaint at times improperly lumps all six private corporate defendants together.  In the Statement of Facts, Plaintiffs often assert that the LAN entities and the Veolia entities did something.  *See, e.g.*, Complaint, ¶¶175-176, 178-181, 193, 198-199.  Then, in Counts XI, XI and XII,[5] Plaintiffs allege various conduct by the "Engineering Defendants." "Engineering Defendants" is defined at ¶ 2 as including all six private engineering Defendants.  In Counts XI, XI and XII, Plaintiffs lump the LAN Defendants together with the Veolia entities, alleging that these six separate consulting or engineering companies collectively committed the same acts and omissions with respect to Flint's water supply.  For example, Plaintiffs plead that "the Engineering Defendants failed to exercise reasonable care, which had the direct and foreseeable result of causing Individual Plaintiffs and the Class severe emotional distress, . . . ." (Complaint, ¶ 467).  *See* Complaint, ¶¶ 466-467, 469-477, 479-483.

The Complaint goes beyond mere sloppiness. It fails to plausibly and accurately distinguish between the acts and omissions of the various

---

[5] See footnote 2.

Defendants, including the LAN entities.  Each Defendant is entitled to know the alleged misconduct with which it is charged.  A complaint that groups defendants together like this is exactly the sort of vague or ambiguous complaint contemplated by Rule 12(e).  *See Berna v. City of Detroit,* 2006 WL 901260, at *2 (E.D. Mich. Feb. 15, 2006) (granting motion for more definite statement as to complaint did not identify which defendants engaged in which acts); *Bradly v. Milliken*, 411 F. Supp. 937, 942 (E.D. Mich. 1975)  (same).  Plaintiffs must be made to correct these problems if the LAN entities are to be able to draft a meaningful answer**.**

Further, a more definite statement is needed because the claims in Complaint are not succinctly stated and fail to fulfill the Complaint's purpose to give fair notice.  "Unnecessary prolixity in a pleading places an unjustified burden on the court and the party who must respond to it because they are forced to select the relevant material from a mass of verbiage."  *Brown v. Caruso*, 2013 WL 5423708, at *1 (E.D. Mich. Sept. 26, 2013)  (dismissing a 65-page, 173-paragraph complaint). *See also Rocha v. FedEx Corp.,* 15 F. Supp. 3d 796, 806 (N.D. Ill. 2014) (finding "[t]he sheer volume and repetitiveness of Plaintiffs' complaint raises Rule 8 concerns" with respect to a 127-page complaint).

15

Plaintiffs' 150-page, 483-paragraph Complaint is not succinct, short or plain. It is extremely repetitive. Identical allegations about root cause analysis, ferric chloride, corrosion control and other topics appear numerous times. In addition, Plaintiffs set forth a large number of irrelevant or immaterial "factual" allegations. For example, Plaintiffs include a variety of block quotes from a variety of sources without making it clear whether Plaintiffs even allege the facts contained within the quotes to be true. This type of pleading leaves Defendants in the position of attempting to respond to third parties, rather than to Plaintiffs. The problem is compounded because in some cases, the source or author of the quote is unclear. Given the many repetitive and irrelevant allegations contained in Plaintiffs' Complaint, a more definite statement is required.

## CONCLUSION AND REQUESTED RELIEF

Based on the foregoing, Defendants LAN Inc. and LAN PC request that the Court dismiss the counts sounding in ordinary negligence, gross negligence and negligent infliction of emotional distress pursuant to Rule 12(b)(6), dismiss Plaintiffs' requests for punitive damages, exemplary damages and medical monitoring, and order Plaintiffs to file a Complaint containing a more definite statement as to any surviving allegations and counts.

Respectfully submitted,

/s/ Wayne B. Mason
Wayne B. Mason (SBOT 13158950)
Travis S. Gamble (SBOT 00798195)
S. Vance Wittie (SBOT 21832980)
David C. Kent (SBOT 11316400)
DRINKER BIDDLE & REATH LLP
1717 Main St., Suite 5400
Dallas TX 75201
(469) 227-8200
wayne.mason@dbr.com
travis.gamble@dbr.com
vance.wittie@dbr.com
david.kent@dbr.com

ATTORNEYS FOR DEFENDANTS
LOCKWOOD, ANDREWS & NEWNAM
INC. AND LOCKWOOD, ANDREWS &
NEWNAM P.C.

Dated:  December 1, 2017

/s/ Philip A. Erickson
Philip A. Erickson (P37081)
Robert G. Kamenec (P35283)
Saulius K. Mikalonis (P39486)
Karen E. Beach (P75172)
PLUNKETT COONEY
325 E. Grand River Ave, Suite 250
East Lansing, MI 48823
(517) 324-5608
perickson@plunkettcooney.com
rkamenec@plunkettcooney.com
smikalonis@plunkettcooney.com
kbeach@plunkettcooney.com

ATTORNEYS FOR DEFENDANTS
LOCKWOOD, ANDREWS & NEWNAM
INC. AND LOCKWOOD, ANDREWS &
NEWNAM P.C.

## CERTIFICATE OF SERVICE

I hereby certify that on December 1, 2017, I electronically filed the foregoing document with the Clerk of the Court using the ECF System, which will send notification to the ECF counsel of record.

By:     /s/ Philip A. Erickson
        Philip A. Erickson (P37081)
        perickson@plunkettcooney.com

Open.25633.60363.19433610-1

18