# EXHIBIT B

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

*In re* Flint Water Cases

Case No.: 5:16-cv-10444-JEL-MKM
(Consolidated)

Hon. Judith E. Levy
Magistrate Judge Mona K. Majzoub

# [DRAFT] EVIDENCE PRESERVATION ORDER

**[Alternative Language Follows]**

**[Start Plaintiffs' Proposed Opening Paragraphs]**

This Evidence Preservation Order complements obligations under Michigan and federal law that parties to one or more Flint Water Cases have even in the absence of an order of this type; but it is not intended either to enlarge or to diminish the scope of those parties' or other persons' duties to preserve evidence. "Flint Water Cases" as used in this Order means all pending lawsuits that have been filed in or transferred to, and all lawsuits that in the future are filed in or transferred to, Judge Judith E. Levy in the United States District Court for the Eastern District of Michigan, Southern Division, that arise out of alleged contamination of the City of Flint's municipal water supply on or after April 25,

1

2014. "Person" includes not only individual people but also business and governmental entities.

Unless otherwise specified, the Parties' respective document preservation obligations extend to the time period between January 1, 2011, and the date this case is closed pursuant to a nonappealable final court order.

This Evidence Preservation Order binds all putative class representatives named in the Consolidated Class Action Complaint, ECF No. 238, all plaintiffs named in one or more of the existing individual Flint Water Cases, and all defendants in one or more of the existing Flint Water Cases who have been served with a summons and complaint. This Evidence Preservation Order also binds all persons who become named plaintiffs in one or more Flint Water Cases after the date this Order is entered up until the time any such plaintiff obtains relief from the Order. This Evidence Preservation Order likewise binds all persons who are properly served after the date it is entered with a summons and complaint in one or more Flint Water Cases until such defendant obtains relief from the Order.

**[End Plaintiffs' Proposed Opening Paragraphs]**

**[Start Defendants' Proposed Opening Paragraphs]**

This Evidence Preservation Order complements obligations under Michigan and federal law that parties to one or more Flint Water Cases, as well as persons who know or reasonably should know they likely will become parties to one or

2

more Flint Water Cases, have even in the absence of an order of this type; but it is not intended either to enlarge or to diminish the scope of those parties' or other persons' duties to preserve evidence. "Flint Water Cases" as used in this Order means all pending lawsuits that have been filed in or transferred to, and all lawsuits that in the future are filed in or transferred to, Judge Judith E. Levy in the United States District Court for the Eastern District of Michigan, Southern Division, that arise out of alleged contamination of the City of Flint's municipal water supply on or after April 25, 2014. "Person" includes not only individual people but also business and governmental entities.

This Evidence Preservation Order binds all putative class representatives named in the Consolidated Class Action Complaint, ECF No. 238, all plaintiffs named in one or more of the existing individual Flint Water Cases, and all defendants in one or more of the existing Flint Water Cases who have been served with a summons and complaint and have not timely moved to dismiss all claims against them based on alleged lack of personal jurisdiction. This Evidence Preservation Order also binds all persons who become named plaintiffs in one or more Flint Water Cases after the date this Order is entered up until the time any such plaintiff obtains relief from the Order. This Evidence Preservation Order likewise binds all persons who are properly served after the date it is entered with a summons and complaint in one or more Flint Water Cases until such defendant

3

obtains relief from the Order; *provided, however,* that no such defendant who timely moves to dismiss the complaint against it for alleged lack of personal jurisdiction shall be bound by the Order until such motion has been decided adversely to the moving defendant by the District Court.

**[End Defendants' Proposed Opening Paragraphs]**

**[End Alternative Language]**

Attorneys representing plaintiffs in one or more of the existing Flint Water Cases, and attorneys representing one or more defendants who have been served with a summons and complaint in one or more of the existing Flint Water Cases, shall without delay provide each of their clients with a copy of this Order and shall promptly provide them specific advice concerning their obligations under it. Any attorney who currently represents a plaintiff in one or more of the existing Flint Water Cases shall, if he or she in the future commences a Flint Water Case on behalf of one or more new plaintiffs against a defendant who has not yet appeared in an existing Flint Water Case, serve a copy of this Order along with the summons and complaint and provide the new plaintiffs with specific advice concerning their obligations under it. An attorney who currently represents a defendant in one or more of the existing Flint Water Cases shall, if he or she is retained to represent a defendant who is new to the Flint Water Cases, promptly provide the new defendant with a copy of this Order and promptly provide the new defendant with

4

specific advice concerning its obligations under the Order.  Attorneys who currently represent a plaintiff in one or more of the existing Flint Water Cases shall, if the attorney currently also represents another person whom the attorney expects or believes likely will in the future become a plaintiff in an existing Flint Water Case or in a future Flint Water Case, promptly deliver a copy of this Order to each such person and provide that person with specific advice concerning its obligations under the Order.

All persons bound by this Order shall exercise reasonable diligence to preserve unaltered, physical and documentary evidence and electronically stored information in the person's possession or under the person's control that the person knows, or reasonably should know, may be relevant to factual or legal issues in one or more of the Flint Water Cases or in Flint Water Cases that the person knows or reasonably should know are likely to be filed in the future.  Persons bound by this Order who have electronically stored information subject to this Order that is subject to automatic deletion must take reasonable steps to prevent such deletion from occurring.  The duty described in this paragraph applies to evidence and information even if the person having possession or control of it does not believe the evidence would be discoverable during pretrial proceedings or admissible at trial.  The fact that a particular document may or may not be included in the scope of this Order does not establish whether the document is discoverable, relevant,

5

privileged, or admissible in this matter. Evidence and information that is under the person's control includes, *but is not limited to*, evidence and information the person has delivered or in the future delivers to the person's attorneys unless the person has retained the original or an identical copy of the evidence and information delivered to the person's attorneys.

**Solely by way of illustration,** physical and documentary evidence and electronically stored information that are subject to this Order if they are relevant to factual or legal issues in one or more existing or likely future Flint Water Cases include, **but are not limited to,** the following:[1]

- Paper and electronic communications, including but not limited to any contracts or agreements, concerning the Flint Water Treatment Plant, the City of Flint municipal water distribution system, or the City of Flint municipal water supply between employees of any of the LAN defendants and any City of Flint, Genesee County, State of Michigan, Michigan Department of Environmental Quality (MDEQ), Michigan Department of Health and Human Services (MDHHS), or U.S. Environmental Protection Agency official or employee;

- Paper and electronic communications, including but not limited to any contracts or agreements, concerning the Flint Water Treatment Plant, the City of Flint municipal water distribution system, or the City of Flint municipal water supply between employees of any of the Veolia defendants and any City of Flint, Genesee County, State of Michigan, Michigan Department of Environmental Quality (MDEQ), Michigan Department of Health and Human Services (MDHHS), or U.S. Environmental Protection Agency official or employee;

---

[1] The following are examples only. Examples should not be construed to require the creation of evidence that does not exist, or that will not otherwise exist in the future. Nor do they imply that such documents or evidence exist.

6

- Paper and electronic communications, including but not limited to any contracts or agreements, concerning the Flint Water Treatment Plant, the City of Flint municipal water distribution system, or the City of Flint municipal water supply between employees of Rowe Engineering and any City of Flint, Genesee County, State of Michigan, Michigan Department of Environmental Quality (MDEQ), Michigan Department of Health and Human Services (MDHHS), or U.S. Environmental Protection Agency official or employee;

- Data, studies, reports, draft reports, memoranda, notes, analyses, photographs, and videotapes prepared or obtained by any LAN defendant, by any Veolia defendant, or by Rowe Engineering in the course of providing services with respect to the Flint Water Treatment Plant, the City of Flint municipal water distribution system, or the City of Flint municipal water supply;

- Paper and electronic communications among employees of the Veolia defendants, among employees of the LAN defendants, and among employees of Rowe Engineering concerning services they were providing, or were proposing to provide, with respect to the Flint Water Treatment Plant, the City of Flint municipal water distribution system, or the City of Flint municipal water supply;

- Paper and electronic communications concerning the Flint Water Treatment Plant, the City of Flint municipal water distribution system, or the City of Flint municipal water supply between officials or employees of the City of Flint and officials or employees of the Genesee County Drain Commission, the Karegnondi Water Authority, the Michigan Department of Environmental Quality (MDEQ), the Michigan Department of Health and Human Services (MDHHS), the Genesee County Health Department, the Michigan Treasury Department, the Michigan Governor's Office, the U.S. Environmental Protection Agency, the University of Michigan - Flint, the University of Michigan - Ann Arbor, or Virginia Tech University;

- Paper and electronic communications or documents concerning or generated in connection with testing of City of Flint municipal water for lead or other contaminants, including but not limited to communications on that subject between federal, state, and local officials, testing laboratories, businesses, Flint residents, and/or

7

- private researchers and investigators and communications with contractors or consultants on the subject of performing such testing;

- Samples of Flint water collected by Flint residents or others, including but not limited to Defendants in the Flint Water Cases, before June 1, 2017, and all photographs, social media posts, films, and videotapes depicting them;[2]

- Videotaped, filmed, tape recorded, and transcribed interviews or statements given since April 25, 2014, by Flint residents, any plaintiff, any defendant, or any officer or employee of any plaintiff or defendant concerning the City of Flint municipal water supply, the switch to the Flint River as a water source, testing performed on Flint River water, or injuries or illnesses allegedly caused by exposure to the City of Flint water supply, and all social media posts containing such interviews and statements;

- Photographs, films, videotapes, and social media posts, depicting illnesses or injuries allegedly experienced by Flint residents or others as a result of exposure to City of Flint municipal water;

**[Alternative Language Follows]**

**[Plaintiffs' Proposed Example Follows]**

- Data, test results, and reports of testing of water collected from Flint residences, schools, or businesses for lead or other contaminants;

**[City and State Defendants' Proposed Example Follows]**

- Data, test results, and reports of testing of water collected from Flint residences, schools, or businesses for lead or [list specific contaminants];

**[End Alternative Language]**

---

[2] **[Plaintiffs' proposed footnote, with which Defendants disagree:]** This example imposes no obligation on Flint residents or Parties to the case to retrieve water samples sent out for testing and not returned.

8

- Data and reports of testing of Flint residents for blood lead levels;

- Data and reports of radiological and other studies of Flint residents to assess for lead exposure;

- Samples of scale, debris, particulate matter, and other deposits collected from water filters, faucet aerators, plumbing, water heaters, and the interior surfaces of water service lines at Flint residences and businesses since April 25, 2014;[3]

- Water filters that were used at Flint residences and businesses between April 25, 2014 and November 1, 2017;

- Notices, alerts, and warnings that Flint residents and businesses received on or after April 1, 2014, concerning the City of Flint municipal water supply;

- Paper and electronic correspondence between Flint residents and any LAN defendant, any Veolia defendant, or Rowe Engineering concerning the City of Flint municipal water supply or municipal water distribution system;

- Paper and electronic correspondence since April 1, 2014, between Flint residents and City of Flint officials or employees, Genesee County Drain Commission officials or employees, Michigan Department of Environmental Quality officials or employees, Michigan Department of Health and Human Services officials or employees, Genesee County Health Department officials or employees, U.S. Environmental Protection Agency officials or employees concerning the City of Flint municipal water supply, injuries or illnesses caused by alleged contamination of the City of Flint municipal water supply, or the City of Flint municipal water distribution system.;

- Flint residents' personal and real property that was damaged by alleged contaminated City of Flint municipal water;

---

[3] **[Plaintiffs' proposed footnote, with which Defendants disagree:]** This example imposes no obligation on Flint residents or Parties to the case to retrieve samples sent out for testing and not returned.

9

**[Plaintiffs' Proposed Language Follows. Defendants disagree with inclusion of the following 2 examples]**

- Paper or electronic documents, including communications, regarding service line replacement in the City of Flint, including but not limited to a) the complete service line replacement database; b) the City of Flint contractor database related to the replacement of lead service lines; and c) samples of service lines replaced;

- Physical or documentary evidence, including discovery responses, that have been produced in response to a governmental subpoena, civil investigative demand, grand jury investigative subpoena or other governmental investigative process, formally or informally, that relate to the Flint Water matter.

**[End Plaintiffs' Proposed Language]**

Any party to a Flint Water Case who wishes to be relieved of any obligations imposed by this Order may move, in accordance with the applicable rules of civil procedure and local rules of this Court, for relief from it. Such motion, if on behalf of one or more individual plaintiffs, shall be brought by Plaintiffs' Liaison Counsel unless he or she refuses to do so, in which event the individual plaintiff may bring the motion. Such motion, if on behalf of a named plaintiff in a putative class action, shall be brought by Interim Co-Lead Class Counsel. Any defendant may bring such a motion through its own counsel. Plaintiffs' Liaison Counsel, Interim Co-Lead Class Counsel, and counsel for the defendants shall confer before filing such a motion in an effort to reach agreement with respect to it.

It is not the purpose of this Order to affect the document retention policies of attorneys representing parties to Flint Water Cases except to the extent such attorneys may have taken possession or custody from their clients of physical evidence, documents, or electronically stored information subject to the order.

This Order is effective on the date it is entered by the Court and is of prospective effect only. Nothing in this Order should be construed as a finding or as an indication that the Court has reason to believe that any party to the Flint Water Cases has failed up to this time to satisfy its obligations under federal or Michigan law to preserve evidence.

Assent to or compliance with this Order does not constitute a waiver of any defense asserting that the Court lacks personal jurisdiction over a party, or that it lacks subject matter jurisdiction of a claim, and does not constitute a waiver of any other defense, of any immunity, or of any claim.

BY THE COURT,

_____
JUDITH E. LEVY
United States District Court Judge

DATED: