## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

*In re* Flint Water Cases.

Judith E. Levy
United States District Judge

_____/

This Order Relates To:

ALL ACTIONS

_____/

### ORDER APPOINTING FACILITATIVE MEDIATORS
### PURSUANT TO E.D. MICH LOCAL R. 16.4

On July 27, 2017, following a status conference regarding all pending Flint Water litigation in this Court, the Court issued an order requiring interim co-lead class counsel and individual plaintiffs' liaison counsel to confer with counsel for all named defendants in the consolidated class action to discuss whether the appointment of a Special Master under Fed. R. Civ. P. 53 was appropriate. (Case No. 16-cv-10444, Dkt. 173.)   Following responsive briefing by the parties regarding this and other issues (*see* Case No. 16-cv-10444, Dkts. 205-213, 215, 220-21), the Court issued an agenda for the January 11, 2018 status conference regarding all Flint Water litigation in which all

parties were notified of the Court's intent to issue a notice regarding the selection of facilitative mediators in these cases.  (Case No. 16-cv-10444, Dkt. 305.)

On January 9, 2018, the Court issued a notice of intent to appoint former Wayne County Chief Judge Pro Tem Pamela Harwood and Senator Carl Levin (retired) as facilitative mediators pursuant to E.D. Mich. Local R. 16.4.  (Dkt. 310.)[1]  All parties were given until January 11, 2018, at 10:00 A.M. to file objections to either mediator, or submit alternative names for consideration.  No objections or alternative names were submitted.

In the interest of facilitating the prompt resolution of the disputes outlined in the complaints filed in these cases, with the voluntary consent of all parties, it is **ORDERED** that this matter is hereby referred to facilitative mediation, which will be conducted in accordance with the rules and procedures set forth below.  The Court appoints former Judge Pamela Harwood and Senator Carl Levin to serve as facilitative mediators ("Mediators") in these cases, pursuant to E.D. Mich. Local R. 16.4.

---

[1] A corrected notice was issued on January 10, 2018.  (Dkt. 311.)

It is further ordered as follows:

1. The Mediators' authority extends to facilitating settlement discussions regarding all issues raised by the pleadings in these cases. The Mediators will not adjudicate, or assist the Court with adjudicating, any issues in these proceedings.

2. The Settlement Process

a. The Mediators have the authority to schedule, at their discretion, any settlement discussions; to decide who will participate in the discussions, including which party representatives and insurers are needed; to recommend to the Court that non-parties be encouraged or ordered to participate in the mediation process; and to choose where and how the discussions are to occur. At the request of the Mediators, parties or individuals with settlement authority and their respective counsel of record are required to attend the facilitative mediation sessions.

b. The Mediators, counsel and parties, and any other persons participating in settlement discussions will treat as "confidential information" the contents of any written settlement statements or other settlement-related communications, anything that

3

happened or was said, and any position taken or view expressed by any participant in connection with any settlement conference or discussion. "Confidential information" will not be:

>  (i) Disclosed to anyone not a representative of a participant in the settlement discussions as defined by the Mediators in accordance with paragraph 2(a) or serving as counsel to a participant in the mediation process;
>
>  (ii) Disclosed to the Court except as provided by paragraph 2(d); or
>
>  (iii) Used for any purpose, including impeachment, in any pending or future proceeding.

All information disclosed during the mediation sessions, including the conduct and demeanor of the parties and their counsel during the proceedings, shall remain confidential, and will not be disclosed to any other party or to this Court, without the consent of the party about whom the information is disclosed. The Mediators may not be called as witnesses, nor may the Mediators' records be subpoenaed or used as evidence.

c.  The Mediators, who may meet jointly or separately with the parties, serve as facilitative mediators only and will not decide issues of law or make findings of fact.  The Mediators determine the length and timing of the session(s) and the order in which issues are presented, and will send a notice of the agreed upon time and place to all participating parties. To facilitate settlement discussions, the Mediators may have *ex parte* communications with any party and party representative. If a party does not want the Mediators to share any of the contents of an *ex parte* communication with another party, the sharing party will make that desire clear to the Mediators.

d.  Notwithstanding paragraph 2(b)(ii) above, at the agreement of participating parties, the Mediators may communicate "confidential information" to the Court without violating this Order or the rules governing confidentiality of settlement discussions. The Mediators may also communicate with the Court regarding procedural issues and updates on the progress of settlement communications.  The Mediators will not communicate any substantive settlement matters to the Court absent the participating parties' agreement.

5

3.  Appointment of the Mediators will not delay or modify any time period relating to the disposition of these cases, and no case management deadlines will be extended without express order of the Court.

4.  Interim co-lead class counsel, individual liaison counsel, and defense counsel will jointly compensate the Mediators and any personnel working under their direction at their hourly rates.  The Mediators may incur necessary expenses and costs at reasonable amounts to permit them to fully facilitate settlement of this action, and interim co-lead class counsel, individual liaison counsel, and defense counsel will jointly reimburse the Mediators for such costs and expenses. Such costs and expenses may include, but are not limited to, the engagement of additional necessary personnel.

Interim co-lead class counsel and individual liaison counsel will pay one-half of all hourly rates, expenses, and costs, and defense counsel will pay one-half of all hourly rates, expenses, and costs incurred by the Mediators.  Any disputes regarding compensation, costs and expenses, or the allocation of payment of such fees and costs among the parties, will be brought to the Court's attention.

IT IS SO ORDERED.

Dated: January 16, 2018                    s/Judith E. Levy
Ann Arbor, Michigan                        JUDITH E. LEVY
                                           United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on January 16, 2018.

                                           s/Shawna Burns
                                           SHAWNA BURNS
                                           Case Manager