UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

*In re* Flint Water Cases          No. 5:16-cv-10444

HON. JUDITH E. LEVY

MAG. MONA K. MAJZOUB

**PLAINTIFFS' BRIEF REGARDING JURISDICTIONAL DISCOVERY
RELATED TO VEOLIA ENVIRONNEMENT, S.A.**

**ORAL ARGUMENT REQUESTED**

## **CONCISE STATEMENT OF ISSUE PRESENTED**

1. Whether the Court has discretion to order limited discovery of a current party where such discovery is necessary to determine this Court's jurisdiction over that party's parent company, as identified in Plaintiffs' factual allegations.

## **CONTROLLING OR MOST APPROPRIATE AUTHORITY**

Federal Rule of Civil Procedure 26

# **TABLE OF CONTENTS**

CONCISE STATEMENT OF ISSUE PRESENTED.................................................i

CONTROLLING OR MOST APPROPRIATE AUTHORITY ............................... ii

INTRODUCTION .....................................................................................................1

LEGAL STANDARDS .............................................................................................2

ARGUMENT .............................................................................................................3

    I.   The Court Has Broad Discretion to Authorize Jurisdictional Discovery ..3

    II.  Limited Discovery into the Relationship Between Veolia North America and its Parent Company Is Authorized by Rule 26 .....................6

CONCLUSION ..........................................................................................................8

# **TABLE OF AUTHORITIES**

**Cases**

*Carr v. DJO Inc.*,
   No. 3:12-CV-42, 2012 WL 3257666 (S.D. Ohio Aug. 8, 2012) ..........................3

*Carrier Corp. v. Outokumpu Oyj*,
   673 F.3d 430 (6th Cir. 2012)................................................................................4

*Clendenning v. NewPage Corp.*,
   No. 3:09-CV-493, 2010 WL 3991949 (S.D. Ohio Oct. 12, 2010) ....................1, 5

*Conley v. MLT, Inc.*,
   No. 11-11205, 2012 WL 1893509 (E.D. Mich. May 23, 2012) ...........................3

*Drexel Chem. Co. v. SGS Depauw & Stokoe*,
   No. 94–5564, 1995 WL 376722 (6th Cir. June 22, 1995) ....................................4

*Envirotech Pumpsystems, Inc. v. Sterling Fluid Sys. (Schweiz) AG*,
   No. 2:99-CV-814K, 2000 WL 35459756 (D. Utah Nov. 16, 2000).....................5

*Estate of Thompson v. Toyota Motor Corp. Worldwide*,
   545 F.3d 357 (6th Cir. 2008)................................................................................4

*In re Mann*,
   220 B.R. 351 (Bankr. N.D. Ohio 1998).............................................................2, 7

*J.B. Hunt Transp., Inc. v. Adams*,
   No. 04-CV-70347-DT, 2007 WL 789042 (E.D. Mich. Mar. 14, 2007) ............2, 7

*Lemkin v. Bell's Precision Grinding*,
   No. CIV.A. 2:08-CV-789, 2009 WL 1542731 (S.D. Ohio June 2, 2009).... 2, 3, 7

*Malibu Media, LLC v. Does 1-13*,
   No. 12-12586, 2012 WL 13013631 (E.D. Mich. Dec. 6, 2012) ..........................6

*Serras v. First Tennessee Bank Nat. Ass'n*,
   875 F.2d 1212 (6th Cir. 1989) .............................................................................3

*Starbuzz Tobacco, Inc. v. Lorillard, Inc.*,
   No. SACV 13-00411-CJC, 2013 WL 12131261 (C.D. Cal. July 10, 2013) .........5

*Toys "R" Us, Inc. v. Step Two, S.A.*,
 318 F.3d 456 (3d Cir. 2003) ..............................................................................4

*Victoria's Secret Stores Brand Mgmt., Inc. v. Bob's Stores LLC*,
 No. 2:13-CV-1261, 2014 WL 1045994 (S.D. Ohio Mar. 17, 2014) ....................3

*Ward v. Wilbanks*,
 No. 09-CV-11237, 2010 WL 1782255 (E.D. Mich. May 4, 2010) ......................2

**Rules**

Fed. R. Civ. P. 26(b)(1)......................................................................................2, 6

Fed. R. Civ. P. 26 ...................................................................................... passim

Fed. R. Civ. P. 26(d) .................................................................................................3

## **INTRODUCTION**

Plaintiffs seek limited discovery against Defendant Veolia North America, Inc. ("Veolia NA") regarding the relationship between the Veolia entities named as Defendants in this case and their parent company, Veolia Environnement, S.A. ("Veolia Environnement"). This Court has the authority to grant Plaintiffs' request for discovery for two independent reasons.

*First*, courts have repeatedly held that factual questions regarding the existence of personal jurisdiction warrant limited jurisdictional discovery. A court should permit such discovery where a plaintiff has presented some facts demonstrating potential jurisdiction. Plaintiffs have unquestionably done so here. Moreover, Veolia NA's objection on the basis that Veolia Environnement is not itself a party raises a distinction without a difference; courts have not limited jurisdictional discovery to entities already named in a complaint. *See, e.g., Clendenning v. NewPage Corp.*, No. 3:09-CV-493, 2010 WL 3991949, at *1 (S.D. Ohio Oct. 12, 2010) (court deferred ruling on motion to amend "pending limited discovery" regarding "whether the Court could exercise personal jurisdiction over the two defendants that Plaintiffs sought to add").

*Second*, setting aside the appropriateness of discovery into this Court's jurisdiction over Veolia Environnement, Federal Rule of Civil Procedure 26 authorizes Plaintiffs' request because the request seeks discovery relevant to

1

Plaintiffs' claims against the named Veolia Defendants themselves. Courts have broad discretion to set the timing for otherwise-permissible discovery. Thus, this Court undoubtedly has the authority to permit Plaintiffs to conduct the relevant discovery they have proposed.

## LEGAL STANDARDS

Federal Rule of Civil Procedure 26 governs the scope and timing of discovery. Rule 26 authorizes discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). The material sought in discovery need not be admissible; rather, the relevancy standard "for discovery purposes is extremely broad," and requires only that "the information sought appears reasonably calculated to lead to the discovery of admissible evidence." *Ward v. Wilbanks*, No. 09-CV-11237, 2010 WL 1782255, at *3 (E.D. Mich. May 4, 2010) (internal quotation marks omitted). While Rule 26 sets forth parameters regarding the timing and sequence of discovery, trial courts retain broad discretion to authorize early discovery. *See J.B. Hunt Transp., Inc. v. Adams*, No. 04-CV-70347-DT, 2007 WL 789042, at *1 (E.D. Mich. Mar. 14, 2007) (quoting *In re Mann*, 220 B.R. 351, 355 (Bankr. N.D. Ohio 1998)) ("[T]he decision as to the manner and timing in which discovery should proceed is left to the sound discretion of the trial court."); *Lemkin v. Bell's Precision Grinding*, No. CIV.A. 2:08-CV-789, 2009 WL

2

1542731, at *1 (S.D. Ohio June 2, 2009) ("Rule 26(d) therefore permits the district court to order expedited discovery.").

## ARGUMENT

### I. The Court Has Broad Discretion to Authorize Jurisdictional Discovery.

Courts in this Circuit have consistently found broad discretion to authorize preliminary discovery to resolve questions regarding personal jurisdiction. *See, e.g., Serras v. First Tennessee Bank Nat. Ass'n,* 875 F.2d 1212, 1214 (6th Cir. 1989) (discussing trial court's discretion to order discovery to resolve issues of personal jurisdiction); *Conley v. MLT, Inc.*, No. 11-11205, 2012 WL 1893509, at *2 (E.D. Mich. May 23, 2012) (court permitted limited discovery regarding personal jurisdiction); *Victoria's Secret Stores Brand Mgmt., Inc. v. Bob's Stores LLC*, No. 2:13-CV-1261, 2014 WL 1045994, at *2 (S.D. Ohio Mar. 17, 2014) (permitting limited jurisdictional discovery to resolve factual dispute over personal jurisdiction); *see also Lemkin*, 2009 WL 1542731, at *2 ("[T]he trial court retains broad discretion in establishing the timing of discovery.").

While plaintiffs must "demonstrat[e] facts" supporting a court's exercise of personal jurisdiction, "courts are to assist the plaintiff by allowing jurisdictional discovery" unless a plaintiff's allegations are "***clearly frivolous***." *Carr v. DJO Inc.*, No. 3:12-CV-42, 2012 WL 3257666, at *3 (S.D. Ohio Aug. 8, 2012), *report and recommendation adopted*, No. 3:12-CV-42, 2012 WL 4050165 (S.D. Ohio Sept.

13, 2012) (quoting *Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 456 (3d Cir. 2003) (emphasis added) (citation omitted). Jurisdictional discovery is particularly appropriate when the factual issues creating ambiguity over personal jurisdiction arise from questions regarding corporate structure. *See Drexel Chem. Co. v. SGS Depauw & Stokoe*, No. 94–5564, 1995 WL 376722, at *2 (6th Cir. June 22, 1995) (when "the written submissions raise[] disputed issues of fact with regard to cross-corporate entanglements . . . the district court should [allow] further discovery or [hold] an evidentiary hearing.").

The Sixth Circuit applies an alter ego theory of personal jurisdiction under which "a non-resident parent corporation is amenable to suit in the forum state if the parent company exerts so much control over the subsidiary that the two do not exist as separate entities but are one and the same for purposes of jurisdiction." *Carrier Corp. v. Outokumpu Oyj*, 673 F.3d 430, 451 (6th Cir. 2012) (quoting *Estate of Thompson v. Toyota Motor Corp. Worldwide*, 545 F.3d 357, 362 (6th Cir. 2008)). Plaintiffs have alleged that Veolia Environnement united its corporate subsidiaries, the four named Veolia Defendants, under a single umbrella in 2005, and has since then consistently held itself out, along with the Veolia Defendants, as one single "Veolia." CAC ¶¶ 45–46. Plaintiffs further allege that Veolia Environnement's CEO has publically characterized the various Veolia entities as "one Veolia," and that Veolia Environnement exerts "nearly unfettered control

4

over the entire Veolia empire." CAC ¶¶ 48–49. Plaintiffs additionally provide examples of the Veolia entities holding themselves out to the world as a single, unified company. CAC ¶ 49. Accordingly, Plaintiffs have alleged facts showing that their position regarding this Court's jurisdiction over Veolia Environnement is far from "clearly frivolous." Limited discovery into the Court's jurisdiction over Veolia Environnement is accordingly warranted.

Defendant Veolia NA tries to evade consistent case law authorizing jurisdictional discovery by arguing that this well-established body of law does not apply to a non-party corporate parent. But this distinction lacks any legal relevance: Courts have permitted limited discovery relevant to ascertaining jurisdiction over non-parties. *See, e.g., Clendenning*, 2010 WL 3991949, at *1 (court deferred ruling on motion to amend "***pending limited discovery***" regarding "whether the Court could exercise personal jurisdiction over the two defendants that Plaintiffs sought to add" (emphasis added)); *Envirotech Pumpsystems, Inc. v. Sterling Fluid Sys. (Schweiz) AG*, No. 2:99-CV-814K, 2000 WL 35459756, at *6 (D. Utah Nov. 16, 2000) (court directed parties to discuss whether it had jurisdiction over non-party entities "***after conducting discovery pertaining to the personal jurisdiction*** of all of [those] entities" (emphasis added)); *see also Starbuzz Tobacco, Inc. v. Lorillard, Inc.*, No. SACV 13-00411-CJC, 2013 WL 12131261, at *1 (C.D. Cal. July 10, 2013) (authorizing preliminary discovery into

5

corporate relationship between defendant and non-party corporate affiliate in part in anticipation of motion to amend to add non-party corporate affiliate as a defendant).

## II. Limited Discovery into the Relationship Between Veolia North America and its Parent Company Is Authorized by Rule 26.

Veolia NA's already-meritless argument against this Court's authority to permit limited jurisdictional discovery is undercut even further by the fact that any discovery requests propounded on Veolia NA regarding the corporate relationship between Veolia Environnement and the Veolia Defendants will be directly relevant to the claims at issue in this case. *Cf. Malibu Media, LLC v. Does 1-13*, No. 12-12586, 2012 WL 13013631, at *2 (E.D. Mich. Dec. 6, 2012) (holding that Rule 26 permitted preliminary discovery seeking information about non-parties because, while joinder of those parties as defendants might ultimately prove improper, the discovery would likely lead to relevant evidence).

Federal Rule of Civil Procedure 26 provides for discovery of "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case," and states that such information "need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1). Even absent the issue of this Court's personal jurisdiction over Veolia Environnement, information regarding the relationship between Veolia NA and its corporate parent falls well within the broad scope of permissible discovery under Rule 26:

Plaintiffs have alleged that, in addition to being an alter ego of Veolia Environnement, the Veolia Defendants are inextricably intertwined with each other—an allegation directly relevant to whether and how each of these Defendants can be held accountable for statements or decisions made by representatives of any given Veolia Defendant. Discovery into the Veolia empire's corporate structure will likely lead to relevant evidence regarding the relationship—including the allocation of responsibilities, decision-making power, and oversight exercised—between the Veolia entities already named as Defendants in this case. Rule 26 therefore clearly authorizes the proposed limited discovery into the corporate structure of the unified Veolia entities, even absent the independent justification provided by the need to resolve questions of personal jurisdiction.

The Federal Rules vest courts with "broad discretion in establishing the timing of discovery." *Lemkin*, 2009 WL 1542731, at *2; *see also J.B. Hunt Transp.*, 2007 WL 789042, at *1 (quoting *In re Mann*, 220 B.R. at 355) ("[T]he decision as to the manner and timing in which discovery should proceed is left to the sound discretion of the trial court."). Here, the limited discovery proposed by Plaintiffs is appropriate to determine this Court's personal jurisdiction over Veolia Environnement; but putting that aside, the requested discovery would still be relevant to the case, and the timing of permissible discovery rests within the Court's sound discretion. Veolia NA therefore cannot plausibly contend that this

7

Court lacks the authority to grant Plaintiffs' request for limited discovery into the corporate relationship between the Veolia Defendants and their corporate parent.

## CONCLUSION

For the reasons stated above, the Court should authorize Plaintiffs to conduct limited discovery into the relationship between the named Veolia Defendants and their parent company, Veolia Environnement.

Dated: February 9, 2018	Respectfully submitted,

By: /s/ Theodore J. Leopold
Theodore J. Leopold
COHEN MILSTEIN SELLERS
 & TOLL PLLC
2925 PGA Boulevard, Suite 220
Palm Beach Gardens, FL 33410
(561) 515-1400 Telephone
tleopold@cohenmilstein.com
***INTERIM CO-LEAD COUNSEL***

By: /s/ Michael L. Pitt
Michael L. Pitt
PITT MCGEHEE PALMER & RIVERS, P.C.
117 West 4th Street, Suite 200
Royal Oak, MI 48067
(248) 398-9800
mpitt@pittlawpc.com
***INTERIM CO-LEAD COUNSEL***

By: /s/ Stephen Morrissey
Stephen Morrissey
SUSMAN GODFREY, L.L.P.
1201 Third Ave.
Suite 3800
Seattle, WA 98101
(206) 516-3880 Telephone
(206) 516-3883 Facsimile
smorrissey@susmangodfrey.com
***EXECUTIVE COMMITTEE FOR CLASS PLAINTIFFS***

By: /s/ Peretz Bronstein
Peretz Bronstein
BRONSTEIN, GEWIRTZ
& GROSSMAN, LLC
60 East 42nd Street, Suite 4600
New York, NY 10165
(212) 697-6484 Telephone
peretz@bgandg.com
***EXECUTIVE COMMITTEE FOR CLASS PLAINTIFFS***

By: /s/ Paul Novak
Paul Novak (P39524)
WEITZ & LUXENBERG, P.C.
719 Griswold Street Suite 620

By: /s/ Teresa A. Bingman
Teresa A. Bingman
LAW OFFICES OF TERESA A. BINGMAN, PLLC
4131 Okemos Road, Suite 12

Detroit, MI 48226
pnovak@weitzlux.com
***EXECUTIVE COMMITTEE FOR CLASS PLAINTIFFS***

By: /s/ Esther E. Berezofsky
Esther E. Berezofsky
WILLIAMS CUKER BEREZOFSKY
1515 Market Street
Suite 1300
Philadelphia, PA 19102
(215) 557-0099 Telephone
eberezofsky@wcblegal.com
***EXECUTIVE COMMITTEE FOR CLASS PLAINTIFFS***

Okemos, Michigan 48864
(877) 957-7077
tbingman@tbingmanlaw.com
***EXECUTIVE COMMITTEE FOR CLASS PLAINTIFFS***

9

## CERTIFICATE OF SERVICE

I certify that on February 9, 2018, I electronically filed the foregoing paper with the Clerk of the Court using the Court's ECF system which will send notification of such filing to attorneys of record.

Date:  February 9, 2018

By:  */s/ Jordan Connors*