UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

*In re* Flint Water Cases.

No. 5:16-cv-10444-JEL-MKM
(consolidated)
Hon. Judith E. Levy
Mag. Mona K. Majzoub

_____/

This Order Relates To:
ALL CASES

_____/

CITY DEFENDANTS'[1] REPORT AND BRIEF REGARDING
PRELIMINARY DISCOVERY

In its February 22, 2018 Order (Dkt 384) ("Order"), pp. 3-4, this Court directed the parties to "file briefing regarding a proposed preliminary discovery plan" governing discovery "prior to a decision on the pending motions to dismiss in *Carthan v. Snyder*, Case No. 16-cv-10444, or forthcoming motions to dismiss in the individual cases." The Order further directed that the parties "meet and confer . . .

---

[1] City Defendants are: The City of Flint, Darnell Earley, Gerald Ambrose, Dayne Walling, Howard D. Croft, Daugherty Johnson, and Michael Glasgow. Darnell Earley, Gerald Ambrose, Dayne Walling, Howard D. Croft, Daugherty Johnson, and Michael Glasgow are sometimes referred to as the Individual City Defendants.

to determine whether any agreement can be reached as to appropriate preliminary discovery, or whether the parties can narrow the areas of disagreement."

As directed, the parties have extensively met and conferred and have made significant, but not complete, progress on narrowing the areas of disagreement. Specifically, the parties have reached consensus on the key questions that should be addressed in a preliminary discovery plan and on the answers to several of those key questions. Below, the City Defendants will: (i) summarize the agreed questions; (ii) identify whether there is or is not a consensus for the answers to those key questions; and (iii) set forth the City Defendants' position on the key questions for which there is not a consensus. The City Defendants are not submitting a proposed order at this time, because they believe that doing so would be unproductive until the Court provides guidance on the unresolved key questions, at which point the parties can address the detailed wording and definitions (e.g., who is a "third party"), which they have not yet attempted to do.

1. **Summary of the Key Questions:**

The parties have agreed that the following are the key questions regarding the contents of a preliminary discovery plan:[2]

---

[2] To be clear, the parties have not specifically agreed on the following wording, but the City Defendants believe that this summary fairly describes the parties' discussions.

1) Should there be any preliminary discovery at all, in light of the pending Motions to Dismiss, the pending *Guertin* appeal, the still unresolved issue of immunity defenses, and the Fifth Amendment protections afforded to the Individual City Defendants and other defendants?

2) Should preliminary discovery be limited to "class discovery?"

3) Should the named plaintiffs be required to provide releases in the form necessary for defendants to obtain third party discovery of health records, educational records and other records for which a release will be necessary?

4) Should the parties be required to submit a single "unified" subpoena to third parties?

5) Should a preliminary discovery plan address how costs of third party discovery (i.e., reimbursement of appropriate third party costs) should be apportioned between the parties?

6) Should the named plaintiffs be required to provide a computation of each category of damages claimed, together with documents bearing on those damages?

7) Should the parties be required to make "automatic disclosures" of the matters addressed in FRCP 26(a)(1)(A)(i) – (ii).

**2.    Areas of Agreement and Disagreement**

3

The parties have agreed that third party document discovery should be allowed to proceed, provided that the court enter a stipulation that governmental defendants do not waive applicable immunities by participating in such discovery. The parties were unable to reach consensus on the other key questions.

### 3. The City Defendants' position on remaining questions

#### a. Should preliminary discovery be limited to "class discovery?"

The City Defendants strongly oppose limiting preliminary to class discovery for three principal reasons. First, modern class action case law recognizes that class discovery and merits discovery are inextricably intertwined, so trying to limit discovery to "class discovery is neither practical nor productive. Second, attempting to bifurcate discovery in that way will inevitably lead to duplicative discovery, as, for example, a single witness is first subjected to a "class" deposition," and then a merits one. Third, limiting discovery to class discovery leaves the thousands of individual actions unaddressed.

The second and third reasons speak for themselves, but the first merits elaboration. With respect to the first reason, there is no clean demarcation between "class issues" and "merits issues." As explained in *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338 (2011):

> [C]ertification is proper only if the trial court is satisfied, after a rigorous analysis, that the prerequisites of Rule 23(a) have been satisfied. . . . Frequently that rigorous analysis will entail some overlap with the merits of the plaintiff's underlying claim. That

4

> cannot be helped. . . . The class determination generally involves considerations that are enmeshed in the factual and legal issues comprising the plaintiff's cause of action.

*Id.* at 350–51, internal quotations and citations omitted. In a case such as this, the overlap is extensive, if not complete. Under FRCP 23(b)(3) class certification must be denied unless Plaintiffs can prove that "all their claims can productively be litigated at once." *Id.* at 350. In other words:

> "What matters to class certification ... is not the raising of common `questions'—even in droves—but, rather the capacity of a classwide proceeding to generate common *answers* apt to drive the resolution of the litigation. Dissimilarities within the proposed class are what have the potential to impede the generation of common answers."

*Id.,* quoting Nagareda, Class Certification in the Age of Aggregate Proof, 84 N.Y.U.L.Rev. 97, 132 (2009). Here, this means that the class representatives must be able to demonstrate that they can prove injury, causation and damages through common proofs, rather than through tens of thousands of individualized inquiries. This will be a, if not the, key question on class certification, and that same question goes to the heart of the merits of these claims. Thus, in a case such as this the proposed dividing line has no meaning.

    b.    Should the named plaintiffs be required to provide releases in the form necessary for defendants to obtain third party discovery of health records, educational records, insurance and other records for which a <u>release will be necessary?</u>

5

The City Defendants believe that named plaintiffs should be required to provide such releases. The agreement that the parties may engage in third party document discovery is hollow for defendants if plaintiffs are able to withhold the routine authorizations necessary for defendants to engage in the most important part of that discovery, health care records, educational assessment records, and the like.

    c.    Should the parties be required to submit a single "unified" subpoena to third parties?

The City Defendants believe that a single unified subpoena is appropriate to protect third parties from duplicative and unnecessary document subpoenas. It is patently unreasonable to require a third party to respond to multiple subpoenas relating to the same subject matter and likely substantively identical in substance, if not in form. Indeed, the City Defendants believe that doing so may well violate issuing counsel's duty under FRCP 45(d)(1) to "take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena."

    d.    Should a preliminary discovery plan address how costs of third party discovery (i.e., reimbursement of appropriate third party costs) should be apportioned between the parties?

The City Defendants believe that it is necessary to include a cost apportionment scheme in the preliminary discovery plan. The alternative is subpoena by subpoena dickering which will slow discovery to a crawl.

    e.    Should the named plaintiffs be required to provide a computation of each category of damages claimed, together with documents bearing on those damages?

The City Defendants take no position on this question.

  f. Should the parties be required to make "automatic disclosures" of the matters addressed in RFRCP 26(a)(1)(A)(i) – (ii).

The City Defendants oppose requiring these automatic disclosures at this time. In a case of this complexity, the disclosures are premature, at best, before the parties are even at issue. In that regard, the City Defendants note that they have already produced more than a half million pages to plaintiffs, and the facts and likely witnesses in this case are far better understood by all parties than in the typical lawsuit. Whether initial disclosures are appropriate at all can be addressed at the Rule 26(f) conference pursuant to Rule 26(1)(C), but at this point they are plainly premature. Equally importantly, given the vast number of documents and witnesses involved in this matter, it would be unfair to the governmental defendants to incur this substantial burden while immunity issues remain unresolved.

The Individual City Defendants also request that this Honorable Court consider their Fifth Amendment concerns as previously set forth by them in this matter. See Dkt. 243 and Dkt. 287.

## **Conclusion**

For the reasons stated above, the City Defendants submit, first, that the Court should first resolve the key open questions and then direct the parties to meet and

confer on the details of a preliminary discovery plan, and second, that the Court should resolve the open question as proposed by the City Defendants.

| | |
|---|---|
| *Attorneys for City of Flint and Dayne Walling* | *Attorneys for City of Flint* |
| **/s/ William Y. Kim (w/consent)**<br>WILLIAM Y. KIM (P76411)<br>REED E. ERIKSSON (P77085)<br>1101 S. Saginaw, 3rd Floor<br>Flint, MI  48502<br>(810) 766-7146<br>wkim@cityofflint.com<br>reriksson@cityofflint.com | **/s/ Frederick A. Berg**<br>FREDERICK A. BERG, JR. (P38002)<br>SHELDON H. KLEIN (P41062)<br>Butzel Long, P.C.<br>150 West Jefferson, Suite 100<br>Detroit, MI  48226<br>(313) 225-7000<br>bergf@butzel.com<br>klein@butzel.com |
| *Attorneys for Defendant Michael Glasgow* | *Attorneys for Defendant Daugherty Johnson* |
| **/s/ Brett T. Meyer (w/consent)**<br>BRETT T. MEYER (P75711)<br>O'Neill, Wallace & Doyle, P.C.<br>300 St. Andrews Road, Suite 302<br>Saginaw, MI  48605<br>(989) 790-0960<br>bmeyer@owdpc.com | **/s/ David W. Meyers (w/consent)**<br>David W. Meyers (P69034)<br>EDWAR A. ZEINEH (P71923)<br>Law Office of Edwar A. Zeineh<br>2800 E. River Avenue, Suite B<br>Lansing, MI  48912<br>(517) 292-7000<br>zeinehlaw@gmail.com |

IBLOOMFIELD\000147576\0001\2541163.v2-3/30/18

*Attorneys for Defendant*
*Gerald Ambrose*

***/s/ Barry A. Wolf (w/consent)*** 
BARRY A. WOLF (P40709)
Law Office of Barry A. Wolf PLLC
503 S. Saginaw Street, Suite 1410
Flint, MI  48502
(810) 762-1084
Bwolf718@msn.com

*Attorneys for Defendant*
*Howard Croft*

***/s/ Alexander S. Rusek (w/consent)*** 
ALEXANDER S. RUSEK (P77581)
White Law PLLC
2549 Jolly Road, Suite 340
Okemos, MI  48864
(517) 316-1195
alexrusek@whitelawpllc.com

*Attorneys for Defendant*
*Darnell Earley*

***/s/ Todd Perkins (w/consent)*** 
TODD PERKINS (P55623)
Perkins Law Group
615 W. Griswold Ste. 400
Detroit, MI. 48226
(313) 964-1702


Dated: March 30, 2018

9

## **CERTIFICATE OF SERVICE**

I, Sheldon Klein, an attorney, hereby certify that on March 30, 2018, I caused a true and correct copy of the foregoing to be filed and served electronically via the ECF system. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by first class mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.

By/s/ Sheldon Klein<br>
Sheldon Klein (P41062)<br>
klein@butzel.com