**EXHIBIT D**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

*In Re* Flint Water Cases

No. 5:16-cv-10444

HON. JUDITH E. LEVY

MAG. MONA K. MAJZOUB

## SCHEDULE A TO SUBPOENA TO PRODUCE DOCUMENTS

To:   Dr. Marc Edwards
The Charles Edward Via, Jr. Department of Civil
and Environmental Engineering
Virginia Polytechnic Institute and State University
750 Drillfield Drive
200 Patton Hall
Blacksburg, Virginia 24061

### Definitions

1.     "And" and "or" as used herein are terms of inclusion and not of exclusion and shall be construed either disjunctively or conjunctively as necessary to bring within the scope of this schedule any document or information that might otherwise be construed to be outside its scope.

2.     "Any" shall be construed to include "all," and "all" shall be construed to include the word "any."

3.     The term "communication" means each manner or means of disclosure, transmittal, or exchange of information, regardless of means utilized, whether oral, electronic, by document or otherwise, and whether in a meeting, by telephone, facsimile, email (desktop or mobile device), email attachments, text message, instant message, MMS or SMS message, regular mail, releases, or otherwise.

1

4.     The term "document" or "documents" is used in the broadest sense permitted by the Federal Rules of Civil Procedure and means documents or electronically stored information—including writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations—stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form. The term "document" includes the original (or a copy thereof if the original is not available) and all copies that differ in any respect from the original or that bear any notation, marking or information not on the original. "Document" shall also include all documents, materials, transmissions and information, including Electronically Stored Information within the meaning of the Federal Rules of Civil Procedure.

5.     "Each" shall be construed to include "every," and "every" shall be construed to include "each."

6.     "Electronically Stored Information" shall mean the complete original and any non-identical copy (whether different from the original because of notations, different metadata, or otherwise), regardless of origin or location, of any writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations stored in any electronic medium from which information can be obtained either directly or, if necessary, after translation by you into a reasonably usable form. This includes, but is not limited to, electronic mail, instant messaging, videoconferencing, and other electronic correspondence (whether active, archived, or in a deleted items folder), word processing files, spreadsheets, databases, and video and sound recordings, whether stored on: cards; magnetic or electronic tapes; disks; computer hard drives, network shares or servers, or other drives; cloud-based platforms; cell phones, PDAs, computer tablets, or other mobile devices; or other storage media.

7.     The terms "person" or "persons" mean natural persons, firms, partnerships, associations, corporations, subsidiaries, divisions, departments, joint ventures, proprietorships, syndicates, or other legal, business or government entities, and all subsidiaries, affiliates, divisions, departments, branches, or other units thereof.

8.     "Virginia Tech" refers to Virginia Polytechnic Institute and State University and all departments, subsidiaries and divisions of Virginia Polytechnic Institute and State University.

9.     "Virginia Tech Research Team" or "Team" includes Dr. Marc Edwards for any work he did in Flint before the Team was formed, and also refers to the independent research team from Virginia Tech associated with flintwaterstudy.org, including ***but not limited to*** the Team's 1) Principal Investigators: Drs. Marc Edwards, Amy Pruden, Joseph Falkinham III; 2) Post-docs/Research Scientists: Drs. Brandi Clark, Dongjuan Dai, Emily Garner, Pan Ji, Sheldon Masters, Jeffrey Parks, Kelsey Pieper, William Rhoads, Siddhartha Roy, David "Otto" Schwake, Min Tang, Fei Wang; 3) Graduate Students: Taylor Bradley, Christina Devine, Catherine Grey, Anurag Mantha, Rebekah Martin, Jake Metch, Victoria Nystrom, Colin Richards, Laurel Strom, Owen Strom, Ni "Joyce" Zhu; 4) Undergraduate Students: Madeleine Brouse, Margaret Carolan, Hanniyah Chapman, Kandace Donaldson, Sara Chergaoui, Matthew Dowdle, Kim Hughes, Rebecca Jones, Mariana Martinez, Philip Smith, Alison Vick; and 5) Staff: Cassandra Hockman.

## General Instructions

1.     Unless otherwise directed in these specifications, the applicable time period for the specifications shall be for documents or physical evidence createdor received by you from April 25, 2014 until the date of full and complete compliance with this subpoena.

2.     If any material called for by this subpoena is withheld based on a claim of privilege, work product protection, statutory privilege, or any similar claim of protection, the

claim must be asserted no later than the return date of the subpoena and supported by alog that described the items withheld as required by Fed. R. Civ. P. 45(e)(2). The information in the log shall be of sufficient detail to enable the requestors to assess the validity of the claim for protection with respect to each document, including attachments, without disclosing the protected information. It is the requestors' preference that the privilege log contain the following information concerning any such document: (a) the privilege asserted; (b) the type of document; (c) the general subject matter; (d) the date, author and addressee, including identification of the employment and title of each such person; (e) the relationship of the author and addressee to each other; and (e) the number of pages, attachments, and appendices.Please submit the log in a searchable electronic format.

3.      Additional documents and physical evidence of types described in this subpoena may be required at a later time. Accordingly, you should suspend any routine procedures for destruction of documents or physical evidence and take other reasonable measures to prevent the loss or destruction of documents and physical evidence that are relevant to the alleged contamination of the City of Flint municipal water supply beginning on or about April 25, 2014, or its alleged effects, irrespective of whether you believe such documents or evidence are protected from discovery by privilege or otherwise.

4.      This subpoena covers documents and information in your possession or within your custody or control including, but not limited to, documents, physical evidence, and information in the possession, custody, or control of your attorneys, accountants, directors, officers, employees, and other agents and consultants, whether or not such documents and information were received from or disseminated to any person.

5.      Documents that may be responsive to more than one specification of this subpoena need not be submitted more than once; however, your response should indicate, for each document submitted, each request to which the document is responsive.

6.      Documents should be produced in the order in which they appear in your files or as electronically stored and without being manipulated or otherwise rearranged; if documents are removed from their original folders, binders, covers, containers, or electronic source in order to be produced, then the documents shall be identified in a manner so as to clearly specify the folder, binder, cover, container, or electronic media or file paths from which such documents came.

7.      Electronically Stored Information is to be produced in native format and include metadata.

8.      It is the requestors' preference to receive documents in electronic form (i.e., CD, memory stick, or thumb drive) in lieu of paper productions.

9.      It is the requestors' preference that the documents produced in electronic format be organized, identified, and indexed electronically.

10.     It is the requestors' preference that electronic document productions be prepared according to the standards set forth in the Document Production Protocol that has been accepted by the Court in this litigation.The relevant portions of the Document Protocol that contain the technical specifications for electronic document productions are attached hereto as Attachment 1.

11.     It is the requestors' preference that all documents be Bates-stamped sequentially and that the Bates-stamps' naming convention identify that the documents were produced by Dr. Marc Edwards.

12.     It is the requestors' preference that documents produced include an index describing the contents of the production. It is the requestors' preference that, to the extent more than one CD, hard drive, memory stick, thumb drive, box or folder is produced, each CD, hard drive, memory stick, thumb drive, box or folder contain an index describing its contents.

13.     Production of Physical Evidence: If it is inconvenient to produce requested items of physical evidence on the date and at the place specified in this subpoena, the requesters will be pleased to negotiate with you for their production on one or more different reasonable dates, at one or more different reasonable locations, and subject to appropriate provisions to preserve the evidence without alterations that would be prejudicial to you or to parties to the Flint Water Cases. Should you wish to discuss these matters, please contact one or more of the attorneys who have signed the subpoena.

14.     To the extent that Marc Edwardscontends that any materials requested in this document include confidential information, including protected health information, personal identifying information, proprietary information and information protected by statute, please contact one or more of the signatories to this subpoena, within 10 days of the service of the subpoena, to discuss whether the proposed redaction is appropriate or whether production in unredacted form subject to the existing Confidentiality Order suffices. A copy of the Confidential Order is attached as Attachment 2, see particularly paragraph 23.

### Documents Requested

1.     Full and complete copies of documents and communications pertaining to the Virginia Tech Research Team's investigation, research and all other work in Flint, Michigan, including but not limited to raw data pertaining to lead, legionella, other water borne pathogens, corrosion, ferric chloride, and/or iron.

2.     Full and complete copies of all emails, text messages, memorandums or other communications sent or received by the Virginia Tech Research Team, or any of its members, relating to the Team's investigation, research, and all other work in Flint, Michigan.

3.     Full and complete copies of all testing protocols, procedures, and methodologies implemented or otherwise used by the Virginia Tech Research Team, relating to the Team's investigation, research and all other work in Flint, Michigan.

4.     Full and complete copies of all reports, scientific articles, presentations, or other documents prepared or provided by the Team or any of its members regarding the Team's investigation, research or other work in Flint, Michigan.

5.     Full and complete copies of meeting agendas, notes, minutes, documents or reports set for discussion or actually discussed during meetings for or among the Team.

6.     Full and complete copies of documents or communications provided to any governmental or non-governmental entity by the Virginia Tech Research Team, relating to its investigation, research or other work in Flint, Michigan.

7.     Full and complete copies of all grant proposals, scopes of work and other submissions relating to the Team's investigation, research or other work in Flint, Michigan, whether or not granted or approved.

8.     All hard copy and electronic notes, memoranda, summaries, dictation tapes, and reports prepared by Professor Mark Edwards or other members of the Team concerning, in whole or in part, proceedings at Technical Advisory Committee meetings convened by the City of Flint.

9.     All hard copy and electronic notes, memoranda, dictation tapes, and audio recordings prepared by Professor Marc Edwards or other members of the Teamconcerning, in

7

whole or in part, presentations and discussions that occurred during Technical Advisory Committee meetings convened by the City of Flint.

10.     All hard copy and electronic agendas, reports, data, memoranda, summaries, PowerPoint slides, and other documents that Professor Marc Edwardsor other members of the Team received in preparation for, during, or otherwise in connection with Technical Advisory Committee meetings convened by the City of Flint.

11.     All e-mails concerning Technical Advisory Committee meetings convened by the City of Flint that were sent or received by Professor Marc Edwardsor others persons assisting or collaborating with Professor Marc Edwards in connection with their work related to the City of Flint municipal water supply.

12.     All photographs, videotapes, and audio recordings that were taken and all hard copy and electronic notes, memoranda, dictation tapes, and sketches that were made, during meetings with, interviews of, or other oral communications with residents of the City of Flint, by Professor Marc Edwards, or by persons who were assisting or collaborating with him in connection with his work related to the City of Flint municipal water supply. [Prints or digital copies, not just black-and-white photocopies, of the photographs and videotapes should be provided.]

13.     All hard copy and electronic correspondence received by Professor Marc Edwards, or by persons who were assisting or collaborating with him in connection with his work related to the City of Flint municipal water supply, from residents of the City of Flint.

14.     All physical evidence, including without limitation water samples, pipe sections, valves, water filters, water filter cartridges, scale or debris from pipes or plumbing fixtures, and particles or other debris collected from water samples, water heaters, plumbing fixtures, pipes,

filters, filter cartridges, or aerators, that were collected by or for Professor Marc Edwards, or by persons who were assisting or collaborating with him in connection with his work related to the City of Flint municipal water supply, during visits at any time to the City of Flint.

15.     All physical evidence, including without limitation water samples, pipe sections, valves, water filters, water filter cartridges, scale or debris from pipes or plumbing fixtures, and particles or other debris from water samples, water heaters, plumbing fixtures, pipes, filters, filter cartridges, or aerators, that were directly or indirectly provided to Professor Marc Edwards, by persons who were assisting or collaborating with him in connection withhis work related to the City of Flint municipal water supply, by residents, officials, or contractors of the City of Flint, or hospitals or other health care providers in the City of Flint, or the Genesee County Health Department.

16.     All photographs, videotapes, and audio recordings that were taken, and all notes, memoranda, and sketches that were made by or for Professor Marc Edwards, or by or for persons who were assisting or collaborating with him in connection with his work related to the City of Flint municipal water supply, during inspections or sampling conducted in the City of Flint by Professor Edwards or by persons who were assisting or collaborating with him in connection with his work related to the City of Flint municipal water supply or cases of known or suspected Legionnaire's Disease in the City of Flint or elsewhere in Genesee County. [Prints or digital copies, not just black-and-white photocopies, of the photographs and videotapes should be provided.]

17.     All paper and electronic communications between EPA and Professor Marc Edwards or persons working with him concerning research and investigations related to the City

of Flint that were conducted by Professor Edwards or other members of the Virginia Tech Research Team.

18.    All photographs and videotapes provided by EPA to Professor Marc Edwards or other members of the Virginia Tech Research Team in connection with research and investigations Professor Edwards or such other persons were conducting with respect to the City of Flint [Prints or digital copies, not just black-and-white photocopies, of the photographs and videotapes should be provided.]

19.    All physical evidence provided by EPA to Professor Marc Edwards, or persons working with him, concerning research and investigations related to the City of Flint conducted by Professor Edwards or other members of the Virginia Tech Research Team.

20.    All hard copy and electronic communications between Professor Marc Edwards or other members of the Virginia Tech Research Team and Veolia Water North America Operating Services, LLC, Veolia North America, Inc., or Veolia North America, LLC.

21.    All hard copy or electronic communications between Professor Marc Edwards or other members of the Virginia Tech Research Team and Lockwood Andrews & Newnam, Inc., Lockwood Andrews & Newnam, P.C., or Leo A. Daly Company.

22.    All hard copy and electronic communications between Professor Marc Edwards or other members of the Virginia Tech Research Team and Rowe Professional Services Company.

23.    All hard copy and electronic communications between Professor Marc Edwards or other members of the Virginia Tech Research Team and Dr. Mona Hanna-Attisha.

24.     All hard copy and electronic data received from Dr. Mona Hanna-Attisha or persons collaborating with her concerning blood lead levels in residents of the City of Flint or elsewhere in Genesee County, Michigan.

25.     All hard copy and electronic communications between the Centers for Disease Control and Prevention and Professor Marc Edwards or persons working with him, concerning research and investigations related to the City of Flint conducted by Professor Edwards or other members of the Virginia Tech Research Team.

26.     All photographs and videotapes provided by the Centers for Disease Control and Prevention to Professor Marc Edwards or persons working with him, concerning research and investigations related to the City of Flint conducted by Professor Edwards or other members of the Virginia Tech Research Team. [Prints or digital copies, not just black-and-white photocopies, of the photographs and videotapes should be provided.]

27.     All physical evidence provided by the Centers for Disease Control and Prevention to Professor Marc Edwards, or persons working with him, concerning research and investigations related to the City of Flint conducted by Professor Edwards or other members of the Virginia Tech Research Team.

28.     All reports, data, and photographs generated as a result of analytical testing by or for Professor Marc Edwards or by or for the Virginia Tech Research Team of water collected in the City of Flint.

29.     All reports, data, and photographs generated as a result of analytical testing by or for Professor Marc Edwards or by or for the Virginia Tech Research Team of physical evidence other than water collected in the City of Flint.

30.     Calibration data for the equipment used by Professor Marc Edwards or by other members of the Virginia Tech Research Team in connection with analytical testing of water or other physical evidence collected in the City of Flint.

31.     Certification of methods documentation for lead analyses performed by or for Professor Marc Edwards or by or for other members of the Virginia Tech Research Team on water or other physical evidence collected in the City of Flint.

32.     All photographs and videotapes depicting water or other physical evidence collected by or for Professor Marc Edwards or by or for the Virginia Tech Research Team in the City of Flint.

33.     All photographs and videotapes depicting water or other physical evidence provided to Professor Marc Edwards or the Virginia Tech Research Team by City of Flint residents.

34.     All hard copy and electronic communications between Professor Marc Edwards or the Virginia Tech Research Team and lawyers (or employees of such lawyers) representing parties to lawsuits arising out of the alleged contamination of the City of Flint municipal water supply, including without limitation:

    a.     Napoli Shkolnik, PLLC,

    b.     Levy Konigsberg, LLP,

    c.     Cohen Milstein Sellers & Toll PLLC,

    d.     Pitt McGehee Palmer & Rivers, P.C.,

    e.     Weitz & Luxenberg, P.C.,

    f.     Susman Godfrey, LLP,

    g.     Bronstein Gewirtz & Grossman, LLC,

    h.     Berezofsky Law Group, LLC,

    i.     McKeen & Associates, PC,

    j.     Goodman and Hurwitz, P.C.,

k.   McAlpine, P.C.,

l.   1-800-LAW-FIRM,

m.   Katz & Kern, LLP,

n.   Bern Ripka LLP,

o.   EXCOLO LAW, PLLC,

p.   Barris, Sott, Denn & Driker, P.L.L.C.,

q.   Michigan Department of Attorney General,

r.   Clark Hill PLC,

s.   Fraser Trebilcock,

t.   Foster, Swift, Collins & Smith, P.C.,

u.   Burdick Law, P.C.,

v.   Kotz Sangster Wysocki P.C.,

w.   City of Flint Law Dept.,

x.   Barry A. Wolf, Attorney at Law, PLLC

y.   White Law PLLC,

z.   O'Neill, Wallace & Doyle, P.C.,

aa.   Law Office of Edwar A. Zeineh, PLLC,

bb.   Butzel Long,

cc.   Bush, Seyferth & Paige, PLLC,

dd.   Campbell Campbell Edwards & Conroy PC,

ee.   Drinker Biddle Reath LLP,

ff.   Plunkett Cooney, PC,

gg.   Michael S. Cafferty & Assoc.,

hh.   Sullivan, Ward, Asher & Patton, PC,

ii.   Foley & Mansfield, PLLP,

jj.   McGraw Morris P.C.,

kk.   Mayer Brown,

ll.   Goldberg Segalla LLP,

mm.   Cline, Cline & Griffin, PC., and

nn.   Fieger Law

35.    All hard copy and electronic communications between Professor Marc Edwards or members of the Virginia Tech Research Team and Robert Bowcock or other employees of Integrated Resource Management, Inc. concerning the alleged water contamination in the City of Flint.

36.    All hard copy and electronic communications between Professor Marc Edwards or members of the Virginia Tech Research Team and Erin Brockovich concerning the alleged water contamination in the City of Flint.

37.    All inventories, logs, and other lists and records identifying physical evidence originating in the City of Flint that is in the possession of Professor Marc Edwards or the Virginia Tech Research Team.

38.    All documents relating to the termination of the contract between the Detroit Water and Sewerage Department and the city of Flint.

39.    All documents related to the treatment of the city's water and the decision to switch from water supplied by Detroit to the Flint River.

40.    All hard copy and electronic communications between Professor Marc Edwards or members of the Virginia Tech Research Team and Special Prosecutor Todd Flood concerning the alleged water contamination in the City of Flint.

41.    All hard copy and electronic communications between Professor Marc Edwards or members of the Virginia Tech Research Team and any other private entity, governmental entity, task force, coalition, individual or governmental agency concerningthe water supply for the City of Flint, the alleged water contamination in the City of Flint, or the events resulting therefrom.

42.     All documents and communications related to Legionella sampling by or for Dr. Edwards in Genesee County, MI, including but not limited to sampling protocols, log books, laboratory protocols, methodologies used to analyze samples for Legionella, chain of custody documentation, results, and reports.

43.     All documents and communications related to laboratory analysis of environmental samples collected by or for Dr. Edwards in Flint, MI, for the detection of Legionella.

44.     All documents and communications related to or reflecting sampling locations for all environmental sampling conducted by or for Dr. Edwards in Flint, MI.

45.     All documents and communications related to Legionella isolates obtained as a result of sampling and testing conducted by or for Dr. Edwards in Flint, MI.

46.     All documents and communications received from or provided to the Office of the Governor for the State of Michigan, Michigan Department of Health and Human Services, Michigan Department of Environmental Quality, orGenesee County Health Department related to the presence of Legionella or the incidence of Legionnaires' disease in Genesee County, MI.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

In re FLINT WATER CASES

Civil Action No. 5:16-cv-10444-JEL-MKM (consolidated)

Hon. Judith E. Levy
Mag. Mona K. Majzoub

_____

## **CONFIDENTIALITY ORDER**

WHEREAS parties to one or more of these federal Flint Water Cases may seek discovery or disclosure of documents, information, or other materials that contain non-public, confidential, competitively sensitive, or proprietary information (hereinafter called "Confidential Material") of other parties or of non-parties;

WHEREAS a confidentiality order should be entered at this time to limit appropriately the use and disclosure that may be made of such Confidential Material;

WHEREAS the following provisions will appropriately balance the need for protection of Confidential Material with the public interest in access to information relevant to litigation arising out of alleged contamination of the City of Flint municipal water supply that began in 2014; and

1

WHEREAS the Court has found based on the parties' submissions and its own experience to date with the federal Flint Water cases, in accordance with Fed. R. Civ. P. 26(c) and E.D. Mich. L.R. 26.4, that there is good cause for entry of a confidentiality order in the form proposed to protect the parties' legitimate privacy and confidentiality interests as well as, potentially, those of non-parties, and also to simplify and expedite proceedings in this complex litigation, it is hereby ORDERED as follows:

1.    <u>Limitation on Use of Protected Material.</u>

All documents, other materials, and information that are produced in response to discovery requests served in any of the federal Flint Water Cases, or in response to court orders entered in any of the federal Flint Water Cases, or in any of the federal Flint Water Cases pursuant to any disclosure provision in the Federal Rules of Civil Procedure or the Local Rules of this Court, or by stipulation in any of the federal Flint Water Cases, and which is designated in accordance with this Order as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" (hereinafter called "Protected Material") shall be used solely for the prosecution or defense of the federal Flint Water Cases, or for the prosecution or defense of Flint Water Cases pending in the Genesee County Circuit Court and consolidated for pretrial handling under that court's Docket No. 17-1086646-NO or in the Michigan Court of Claims (hereinafter called the "State Flint Water Cases"), except to the

2

extent the document, other material, or information already is or later becomes publicly available without any intentional or unintentional violation of this Order having contributed to its public availability.  No party or non-party bound by this Order may designate documents, other materials, and information as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" unless the party or non-party in good faith believes the document, other material, or information satisfies the requirements for those designations that are described in ¶¶ 5, 6, or 7 of this Order.

2.   Purpose of the Order.

To preserve the legitimate privacy and confidentiality interests of parties and non-parties who produce Protected Material, this Order establishes procedures for disclosing Protected Material to parties in federal Flint Water Cases and to certain other persons to whom disclosure may be necessary for proper and efficient prosecution or defense of federal Flint Water Cases; imposes obligations on such persons as are appropriate to protect the Protected Material from use or disclosure for purposes other than prosecution or defense of these federal Flint Water Cases or of State Flint Water Cases; and prescribes a procedure by which persons who in good faith believe specific Protected Materials do not deserve the protection or level of protection they are designated to receive may challenge such designations.

3.   <u>Materials Covered.</u>

This Order applies to all Confidential Material that is produced in response to discovery requests served in any of the federal Flint Water Cases, or in response to court orders entered in any of the federal Flint Water Cases, or in any of the federal Flint Water Cases pursuant to any disclosure provision in the Federal Rules of Civil Procedure or the Local Rules of this Court, or by stipulation in any of the federal Flint Water Cases.   It applies to such Confidential Material whether the Confidential Material is a document, a deposition or other out-of-court testimony, a multimedia audio/visual file such as a voice or video recording, a discovery response, or electronically stored information (hereinafter called "ESI"); and it shall apply not only to the document, transcript, multimedia audio/visual file, discovery response, or ESI that is actually produced, but also to the information in it.

4.   <u>Persons Bound.</u>

This Order is binding on all parties to federal Flint Water Cases as well as their respective attorneys, agents, representatives, officers, and employees and others identified elsewhere in this Order.   It is also binding on non-parties to the action to the extent such non-parties are made subject to the Order by ¶¶ 8(c)(ii) or 23 or have executed a written agreement to be bound substantially in the form attached to this Order as Exhibit A or Exhibit B.   Nothing in this Order shall limit

4

the use or disclosure of Protected Material by the party or other person who produces it, but disclosure by that party or other person of Protected Material in a way that causes it to become public will cause it to lose its protection under this Order.  "Person," as used in this Order, means not only natural persons but also all business entities, government entities, and institutions and associations of all kinds. As used in this Order, "producing party" means any party or other person that designates Protected Material pursuant to this Order.

5.   <u>Requirements for Designation as "Confidential."</u>

The designation "Confidential" shall be used only with respect to Confidential Material that the producing party believes, in good faith: (a) contains private, non-public, confidential, competitively-sensitive, or proprietary information that is not readily ascertainable through lawful means by the public, (b) that if disclosed publicly would likely cause oppression, competitive disadvantage, infringement of privacy rights established by statute or regulation, or infringement of confidentiality requirements established by statute or regulation with respect to government purchasing or other operations, or (c) that if used for purposes other than those authorized by this Order could cause oppression or competitive disadvantage.

6.   Requirements for Designation as "Highly Confidential – Attorneys' Eyes Only."

The designation "Highly Confidential – Attorneys' Eyes Only" shall be used only with respect to Confidential Material that meets the requirements of ¶ 5 of this Order and, in addition, is highly sensitive proprietary information for which, in practical terms, there is substantial reason to believe the protections prescribed by this Order for Protected Material designated only "Confidential" will be inadequate to prevent use of the Protected Material for commercial purposes not permitted by this Order.  For illustrative purposes only, and without intending or attempting to be comprehensive, such material might include current financial or business planning information; recent, current, and projected future financial performance data; recent and current customer lists; recent, current, and future marketing plans; planning information for future products and services; and projected future business development plans and strategies.

7.   Parties' Designation of Protected Material Produced by Others.

Any party may designate "Confidential" or "Highly Confidential – Attorneys' Eyes Only" Confidential Material produced by another party or by a non-party if the Confidential Material (a) originated from the designating party or was generated on behalf of the designating party, or (b) contains Confidential Material of the designating party, and (c) meets the requirements of ¶¶ 5 or 6.  In the event a party makes such a designation, the designating party shall be deemed

6

the producing party for purposes of this Order.  Failure to designate Confidential

Material produced by another party or a non-party pursuant to this paragraph at or

before the time such Confidential Material is produced shall not constitute a waiver

of the designating party's right to make such a designation at a later time, so long

as the designation is made at the earliest practical time.

8.    Manner of Designating Protected Material.

Confidential Material may be designated "Confidential" or "Highly

Confidential – Attorneys' Eyes Only" in the following ways:

(a)    A producing party may designate documents that are produced in hard

copy or in electronic copies by marking the first page and each subsequent page

that contains Confidential Material with, as appropriate, the legend "Confidential"

or "Highly Confidential – Attorneys' Eyes Only."  The appropriate designation

shall, to the extent practical, be placed on the document so as not to obscure any

information contained in the document and close to any Bates number assigned to

the document by the producing party.  Pages of a document that do not meet the

standards of ¶¶ 5 or 6 of this Order, except for the first page of the document, shall

not be marked as described in this paragraph.

(b)    A producing party may designate written discovery responses or

written disclosures that are made pursuant to court order or provisions of the

Federal Rules of Civil Procedure or this Court's local rules by marking the first

page and each subsequent page that contains Confidential Material with, as appropriate, the legend "Confidential" or "Highly Confidential – Attorneys' Eyes Only."   Unless it is impractical to do so, specific responses or disclosures containing Confidential Material shall be separated from responses that contain only non-confidential material and shall be collected in a separate addendum to the set of responses or disclosure, so that to the extent possible responses or disclosures that do not deserve the protection of this Order may be freely and easily used and disclosed.  When a single page marked "Confidential" or "Highly Confidential – Attorneys' Eyes Only" contains responses that satisfy the requirements for one of those designations but also responses that do not satisfy those requirements, the non-confidential responses shall be conspicuously identified as non-confidential.

(c)    (i)    In the case of depositions, counsel for a producing party may designate testimony as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" by identifying it as such on the record at or about the time the testimony is given.  With respect to deposition exhibits, counsel for a producing party may designate such exhibits, or portions of them, as "Confidential" or "Highly Confidential – Attorneys Eyes' Only" by identifying them as such on the record at or before the conclusion of the deposition, *provided, however*, that no such

designation need be made with respect to exhibits that have previously been marked in a manner to make them Protected Material.

(ii)    In the case of depositions, a non-party witness who is not an employee of a party, or the witness's attorney, may designate testimony or exhibits as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" in the same manner described in subparagraph (c)(i).  But in all cases where such designation is made by a non-party witness or the witness's attorney, both the witness and his or her attorney shall be deemed to have accepted, by making the designation, all obligations created by this Order.

(iii)  If no testimony is designated "Confidential" or "Highly Confidential – Attorneys' Eyes Only" at a deposition, the deposition testimony and the transcript of it shall be presumed not to be Protected Material unless, at or before the close of the day's testimony, a producing party's attorney of record states on the record, consistent with Fed. R. Civ. P. 11, the party's or the attorney's good faith belief that testimony given at the deposition is likely to be protectable as "Confidential" matter, "Highly Confidential – Attorneys' Eyes Only" matter, or both in accordance with the standards of ¶¶ 5 and 6 of this Order.  If such an on-the-record-statement is made, all of the deposition testimony and the entire transcript shall be accorded the highest level of protection identified by such attorney for a period of fifteen (15) calendar days after the final transcript (that is

to say, not a draft transcript) is received by or becomes available to attorneys who made or joined in the statement. If, before expiration of such 15-day period, any attorneys who made or joined in the statement notify counsel of record for all other parties to the actions in which the deposition was taken of the pages and lines of deposition testimony that are "Confidential" or "Highly Confidential – Attorneys' Eyes Only," then those pages and lines, but no other pages and lines, shall remain subject to the protection of this Order after the 15-day period has ended.

(iv)   All transcripts of depositions at which testimony has been designated in accordance with subparagraph (c)(i) or (c)(ii) as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" shall be marked by the court reporter on the cover page with one or both of those designations and each page on which testimony appears that was identified as protectable at the deposition shall likewise be marked with one or both of those designations; but in making use of the deposition testimony and transcript the persons bound by this Order shall be limited in their use only of the testimony and portions of the transcript that was identified as protectable at the deposition.

(v)   All transcripts of depositions at which the statement described in subparagraph (c)(iii) was made shall be marked by the court reporter on the cover page with one or both of those designations. In the event no written designation of specific protectable testimony is provided in accordance with

subparagraph (c)(iii), persons bound by this Order may obliterate the designations placed on the cover page.  In the event a written designation of specific protectable testimony is provided in accordance with subparagraph (c)(iii), all persons bound by this Order shall treat those pages and lines as required by this Order for Protected Material.

(vi)   Deposition exhibits designated "Confidential" or "Highly Confidential – Attorneys' Eyes Only" shall be marked as provided in ¶ 8(a).

(vii)   If testimony taken at an audiovisually-recorded deposition is designated "Confidential" or "Highly Confidential – Attorneys' Eyes Only," the videocassette, other videotape container, or disk on which the deposition was recorded shall be marked by affixing a label to it with the appropriate  designation.

(d)   To the extent protectable information is produced in a form rendering it impractical to label (including electronically stored information produced on electronic, magnetic, or other computer-readable media), the producing party may designate such information "Confidential" or "Highly Confidential – Attorneys' Eyes Only" by cover letter or by affixing to the media containing the protectable information a label containing the appropriate legend.  If a person bound by this Order reduces computerized information that has been so designated to hard-copy form, that person shall mark the hard-copy form in the manner described in ¶ 8(a). Whenever any "Confidential" or "Highly Confidential – Attorneys' Eyes Only"

11

computerized material is copied into another form, the person copying the material shall also mark those forms in the manner described in this ¶ 8.

(e)     To the extent any person bound by this Order other than the producing party creates, develops, or otherwise establishes on any digital or analog machine-readable device, recording media, computers, discs, networks or tapes, or maintains for review on any electronic system material that contains information designated "Confidential" or "Highly Confidential – Attorneys' Eyes Only" that person or its counsel shall take all necessary measures to assure that access to the electronic system and media containing such information is restricted to those persons who, by the terms of this Order, are permitted to have access to it.

(f)     Documents, materials, and other information that are made available for inspection only shall be treated as "Highly Confidential – Attorneys' Eyes Only" during the inspection.  To the extent copies of any such materials are later provided to parties or to non-parties bound by this Order, however, the copies provided shall be marked in accordance with ¶¶ 8(a)-(d) of this Order and shall thereafter be accorded only such protection as provided by this Order for Protected Materials so marked.

9.     <u>Filing Protected Material.</u>

(a)     In connection with any court filing in which a party intends to reveal or submit Protected Material, the filing party shall initially file a redacted version

12

omitting the Protected Material, and shall serve both the redacted and an unredacted copy of the filing (hereinafter called "unredacted filing") on counsel of record for all parties and the Court. If the court filing includes Protected Material designated by a non-party pursuant to this Order, the filing party will also serve on that non-party a copy of the filing with that non-party's Protected Material unredacted. Notwithstanding the above, if the producing party is also the filing party, it may elect to not file the designated material redacted or under seal.

(b)     Upon service of such unredacted filing, the producing party shall have fourteen (14) days to file a further motion to seal the Protected Material contained in the unredacted filing, identifying (in a manner that does not disclose the substance of the Protected Material) the specific pages, lines, words, and content of such filing that such party contends meet the standard for sealing from public view under applicable law. The motion shall be submitted to the Court via email or hard copy and served on counsel of record for all parties. The parties will have seven (7) days from the date the sealing motion is served to file a response. The response shall be submitted to the Court via email or hard copy and served on counsel of record for all parties. In the event no such motion to seal is filed, the original filing party shall re-file the complete, unredacted motion in the public record.

(c)  If a producing party does file a motion to seal all of the Protected Material in the unredacted filing, then no public filing of the Protected Material will be made unless ordered by the Court.

(d)  If the producing party files a motion seeking to seal some, but not all, of the Protected Material in the unredacted filing, then the producing party shall be responsible for promptly providing the filing party with a version of the original filing in PDF format redacted so as to omit only the Protected Material that is the subject of its motion to seal, and the original filing party will file a "Modified Redacted Version" of the original redacted filing.

(e)  If the Court grants some, but not all, of the relief requested by producing party in its motion to seal, then the producing party shall be responsible for promptly providing an "Amended Redacted Version" of the redacted filing or the Modified Redacted Version in Adobe PDF format reflecting the Court's ruling, for filing by the original filing party.

10.  <u>Filing of Protected Material Under Seal.</u>

(a)  This Order does not itself authorize the filing of any documents under seal. Documents may be sealed only if authorized by a separate order of the Court. A party seeking to file under seal any paper or other matter must file and serve a motion that sets forth: (i) the authority for sealing; (ii) an identification and description of each item proposed for sealing; (iii) the reason that sealing each item

14

is necessary; (iv) the reason that a means other than sealing is not available or unsatisfactory to preserve the interest advanced by the movant in support of the seal; and (v) a memorandum of legal authority supporting the seal. *See* E.D. Mich. L.R. 5.3. The movant shall not file or otherwise tender to the Clerk any item proposed for sealing unless the Court has granted the motion. If a motion to seal is granted, the documents to be filed under seal shall, if possible, be filed electronically by the movant.

11.    Use of Protected Material.

(a)    Protected Material may only be used for the purpose of prosecuting or defending the federal Flint Water Cases and the State Flint Water Cases.  It may not be used for any business, competitive, personal, private, or political purpose. Protected Material may not be sold or offered for sale.  Protected Material may not be used for marketing, promotional, or advertising purposes.

(b)    Notwithstanding the foregoing, nothing in this Order limits the use a producing party may make of its own Confidential Material.  A producing party's use of its Confidential Material in a way that causes it to become public, however, shall constitute a waiver of any earlier designation that party made of the Confidential Material as "Confidential" or "Highly Confidential – Attorneys' Eyes Only."

(c)      Subject to the provisions of ¶ 11(d) of this Order, nothing in this Order limits the use any party may make of Protected Material at trial or at any evidentiary hearing in a federal Flint Water Case or in a State Flint Water Case. The protection, if any, to be accorded to evidence offered at trial or at an evidentiary hearing and to counsels' and witnesses' references to such evidence at trials and evidentiary hearings shall be determined by the judicial officer presiding over the trial or evidentiary hearing.

(d)      Any party who intends to disclose Protected Material at a public court proceeding shall make its best efforts to inform the Court and the producing party at least five (5) business days in advance of the anticipated disclosure date of the intended disclosure, but in any event shall provide sufficient advance notice to the Court and to the producing party to permit the Court to decide, before any disclosure has been made, what, if any, orders it should enter to protect the Protected Material from inappropriate use or disclosure.

(e)      A producing party may designate portions of transcripts of trials and evidentiary hearings as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" by providing written notice to counsel of record for all parties of the designation and of the pages and lines subject to the designation. Such written notice must be provided no later than fifteen (15) calendar days after the final

16

transcript (that is to say, not a draft transcript) has been completed by the court reporter or other transcriptionist.

(f)    Nothing in this Order is intended to prevent counsel for any party from rendering advice to his or her client with respect to the federal Flint Water Cases or the State Flint Water Cases or, in rendering such advice, from relying upon his or her examination and understanding of Protected Material; but in rendering such advice, counsel shall not disclose Protected Material to any person to whom disclosure is not permitted by this Order.

12.    <u>Disclosure of Confidential Information.</u>

(a)    Counsel of record for all parties and for non-parties bound by this Order are responsible for taking reasonable measures consistent with this Order to control access to and distribution of Protected Material designated "Confidential" that they receive.

(b)    Access to Protected Material designated "Confidential" shall be limited to:

(i)    This Court, the Genesee County Circuit Court, and the Michigan Court of Claims, clerks and other personnel of this Court, the Genesee County Circuit Court, and the Michigan Court of Claims, jurors, alternate jurors, and persons engaged in recording, taking, or transcribing proceedings at

17

depositions, trials, and hearings in a federal Flint Water Case or a State Flint Water Case.

(ii)    Appellate courts handling appeals from orders or judgments entered in federal Flint Water Case or State Flint Water cases, clerks and other personnel of such appellate courts, and persons engaged in recording, taking,    or transcribing proceedings in such appeals.

(iii)    Mediators and settlement masters appointed by the Court or retained by parties to federal Flint Water Cases or State Flint Water Cases, except that if a party is not participating in the mediation or other settlement proceedings being conducted by the mediator or other settlement master, Protected Material designated by that party may not be disclosed to the mediator or other settlement master unless and until the mediator or other settlement master has executed a written agreement in the form attached to this Order as Exhibit A.

(iv)    Subject to ¶ 12(c), counsel of record for parties in the federal Flint Water Cases and State Flint Water Cases, as well as members of such counsel-of-record's firms, associates at such firms, and paralegals, investigative employees, technical employees, and secretarial and clerical employees of those firms who are assisting counsel of record with a federal Flint Water Case or State Flint Water Case and who have a need for access to Protected Materials to provide such assistance adequately.

18

(v)   Subject to ¶ 12(c), attorneys employed in parties' in-house legal departments, as well as paralegals, investigative employees, technical employees, and secretarial and clerical employees of those parties who are assisting in-house counsel with a federal Flint Water Case or State Flint Water Case and who have a need for access to Protected Materials to provide such assistance adequately.

(vi)   Subject to ¶ 12(c), insurers who may be liable to satisfy all or part of a possible judgment against a defendant in a federal Flint Water Case or a State Flint Water Case or to indemnify or reimburse for payments made to satisfy such a judgment, as well as counsel for any such defendant and any such insurer as may be actually engaged in addressing coverage issues related to Flint Water Cases and who have a need for access to Protected Materials to provide their professional services adequately.

(vii)   Subject to ¶ 12(c), photocopying, document storage, data processing, document review, graphic production, jury research or trial management firms retained by parties or their counsel of record to assist them with federal Flint Water Cases or State Flint Water Cases and who have a need for access to Protected Materials to provide such assistance adequately.

(viii)  Subject to ¶ 12(c), contract attorneys and paralegals retained by parties' counsel of record to assist them with federal Flint Water Cases or State

19

Flint Water Cases and who have a need for access to Protected Materials to provide such assistance adequately.

(ix)   Subject to ¶ 12(c), experts, consultants, and expert consulting firms retained by counsel of record in connection with a federal Flint Water  Case or State Flint Water Case to the extent reasonably necessary to enable the expert, consultant, or expert consulting firm to advise counsel of record with respect to federal Flint Water Cases or State Flint Water Cases, to prepare one or more written reports as required by Fed. R. Civ. P. 26(a), or to testify orally or in writing in a federal Flint Water Case or State Flint Water Case.  Disclosures authorized under this subparagraph, however, shall be made only to the individual expert or consultant retained by the party or to such members, partners, independent contractors, other support personnel, or employees of the individual expert's or consultant's consulting firm who have a need for access to Protected Materials to perform the engagement adequately (hereinafter called "Expert Personnel").  The individual expert or consultant retained by the party or Expert Personnel may use Protected Material solely in connection with their work on federal Flint Water Cases or State Flint Water Cases.  The individual expert or consultant and all Expert Personnel must, before receiving Protected Material, execute a Written Assurance in the form attached to this Order as Exhibit A.  Expert Personnel may not include any person who, since January 1, 2017, has been an officer, director, or

20

employee of any party in a federal Flint Water Case or in a State Flint Water Case other than of the party who retains the expert, consultant, or consulting firm.

(x)    In addition to employees in a party's in-house legal department, current employees of the party who have personal knowledge with respect to the information contained in the Protected Material and: (i) with respect to the Veolia, LAN, and Rowe Parties and Plaintiffs, no more than three officers, directors, or employees who are charged with responsibility for making    decisions    dealing directly with the party's prosecution, defense, or resolution of federal Flint Water Cases or State Flint Water Cases; and (ii) with respect to the Government Parties, officers, elected officials, or employees who are charged with responsibility for making decisions dealing directly with the party's prosecution, defense, or resolution of federal Flint Water Cases or State Flint Water Cases; provided that the requirements of ¶ 14(a) of this Order are satisfied.

(xi)    Parties who are natural persons, provided that the requirements of ¶ 14(a) of this Order are satisfied.

(xii)    Any person who authored or is identified as a former recipient of the particular Protected Material; or is or formerly was a custodian of the particular Protected Material; or is a current employee of the party or non-party who designated the particular Protected Material for protection; or is a witness testifying at a deposition, or at trial, or at an evidentiary hearing to whom

disclosure is reasonably necessary for proper prosecution or defense of a federal Flint Water Case or of a State Flint Water Case and whom counsel who makes the disclosure has a reasonable and good faith belief already is aware of the specific information contained in the Protected Material.

(xiii) Any other person to whom the producing party agrees in writing or on the record in advance of the disclosure, or whom the Court explicitly directs, may have access to the Protected Material.

(c)     Some parties to State Flint Water Cases may be bound by this Order if they are also parties to one or more federal Flint Water Cases.  To the extent parties to State Flint Water Cases are not bound by this Order, they may have access to Protected Material only after executing the written agreement attached hereto as Exhibit A.  Persons described in ¶ 12(b)(iv), (v), (vi), (vii), (viii), or (ix) may have access to Protected Material only by executing the written agreement attached hereto as Exhibit A, unless they are already bound by this Order by virtue of being employed by, retained by, or an insurer for a party to at least one federal Flint Water Case.

13.   Disclosure of Highly Confidential – Attorneys' Eyes Only Material.

(a)     Counsel of record for all parties and for non-parties bound by this Order are responsible for taking reasonable measures consistent with this Order to

22

control access to and distribution of Protected Material designated "Highly Confidential – Attorneys' Eyes Only" that they receive.

(b)    Access to Protected Material designated "Highly Confidential – Attorneys' Eyes Only" shall be limited to:

(i)    The persons identified in ¶ 12(b)(i)-(iv) and (vi)-(x), subject to ¶ 12(c).

(ii)    In-house attorneys employed in the legal departments of parties, but only to the extent such in-house attorneys have a need to know the "Highly Confidential – Attorneys' Eyes Only" material.

(iii)    Any person who authored or is identified as a former recipient of the particular Protected Material; or is or formerly was a custodian of the particular Protected Material; or is a current employee of the party or non-party who designated the particular Protected Material for protection; or is a witness testifying at deposition, or at trial, or at an evidentiary hearing to whom disclosure is reasonably necessary for proper prosecution or defense of a federal Flint Water Case or of a State Flint Water Case and whom counsel who makes the disclosure has a reasonable and good faith belief already is aware of the specific information contained in the Protected Material.

23

(iv)   Any other person to whom the producing party agrees in writing or on the record in advance of the disclosure, or whom the Court explicitly directs, may have access to the Protected Material.

14.   <u>Notification of Confidentiality Order.</u>

(a)   Subject to the exceptions in ¶ 14(b), counsel of record for the parties shall be responsible for obtaining, before disclosing Protected Material, the written agreement to be bound by this Order of the person to whom the disclosure is to be made.  The written agreement shall be in the form annexed hereto as Exhibit A. The originals of all written agreements obtained by counsel of record for a party shall be kept by that attorney until final resolution of the federal Flint Water Cases and the State Flint Water Cases, whereupon copies shall be provided to counsel of record who request them; but the Court may order earlier disclosure of one or more such written agreements upon motion of any party supported by a showing of good cause for the earlier disclosure.

(b)   The provisions of ¶ 14(a) do not apply to disclosures made to this Court, the Genesee County Circuit Court, the Michigan Court of Claims, clerks and other personnel of this Court, the Genesee County Circuit Court, or the Michigan Court of Claims, jurors, alternate jurors, persons engaged in recording, taking, or transcribing proceedings at depositions, trials, and hearings in a federal Flint Water Case or a State Flint Water Case, appellate courts handling appeals

24

from orders or judgments entered in federal Flint Water Cases or State Flint Water Cases, clerks and other personnel of such appellate courts, or persons engaged in recording, taking, or transcribing proceedings in such appeals.  The provisions of ¶ 14(a) do not apply to disclosures to testifying non-party witnesses who are not retained experts or consultants except to the extent provided in ¶ 14(c).

(c)    Before Protected Material is disclosed to a non-party witness (who is not a retained expert or consultant) at a deposition, trial, or evidentiary hearing, the witness shall be shown a copy of this Order and asked to sign the written agreement of which a copy is annexed hereto as Exhibit A.  If the witness signs the agreement, the original signed agreement shall be marked as an exhibit to his or her testimony, a copy of the signed agreement shall be provided to the witness at or before the end of the testimony, and the witness shall be bound by this Order.  If the witness refuses to sign the agreement, his or her testimony shall proceed unless the Court orders upon motion of any interested party that it not be taken or that it be taken only with respect to matter that is not Protected Material.  In the event the testimony of a witness who refuses to sign the agreement of which a copy is annexed hereto as Exhibit A, no copies of Protected Material that are marked as exhibits to the testimony or shown to the witness in connection with his or her testimony shall be provided to or shown to the witness outside the courtroom or deposition room.

15.   Challenges to Designations of Protected Material.

(a)    A party need not challenge the appropriateness of a "Confidential" or "Highly Confidential – Attorneys' Eyes Only" designation at the time the designation is made, and failure to do so does not prevent a later challenge to the appropriateness of the designation.   Any challenge must be made, however, no later than the deadline for completion of fact discovery in the action in which the designation was made or sixty (60) days after the designation was made, whichever is later.

(b)    A party who objects to a designation of Protected Material made pursuant to this Order shall give written notice of its objections via e-mail to counsel of record for all parties and to any non-party who made such designation. The notice shall identify the challenged Protected Material by Bates number on an item-by-item basis unless the Protected Material cannot reasonably be identified in that fashion, except that if a party challenges a mass designation or extensive designations of substantially identical types of Protected Material the notice may describe with reasonable specificity the items being challenged and identify their Bates numbers by range.   The notice shall include in concise but meaningful language the factual basis on which the challenge to each item is based.   The interested parties and non-parties bound by this Order thereafter shall confer in a good faith attempt to resolve the objections by agreement to the extent they are

26

able to do so.  If the objection is not completely resolved within fourteen (14) days of transmission of the notice, the party challenging the designation may file with the Court, using the "Notice-Other" designation in ECF, a "Notice of Objection to Designation of Protected Material" which shall identify all Protected Materials that remain in dispute in the same manner as they were identified in the original notice and which shall indicate the degree of protection, if any, that each item should continue to receive; the designating party or non-party bound by this Order may within twelve (12) days thereafter file a memorandum in support of the designation it contends is appropriate; and the party challenging the designation may file a response within seven (7) days thereafter.  Once a Notice of Objection to Designation of Protected Material has been filed, the party or non-party that made the designation shall bear the burden of showing good cause for the designation it advocates.  If no memorandum is filed by the designating party or non-party supporting its designation, the Protected Material will be redesignated in the manner suggested in the Notice of Objection to Designation of Protected Material. If the designating party or non-party agrees to change the designation of any challenged Protected Material, that party or non-party shall send written notice of the change to counsel of record for all other parties.

(c)     All Protected Materials shall continue to be treated according to their designation unless and until the Court orders otherwise or the designating party or non-party notifies all other parties that it has agreed to change the designation.

16.     <u>No Waiver of Objections.</u>

Nothing in this order shall affect the right, if any, of a party or non-party to assert any objection to any discovery request or to any questions or proceedings at a deposition, trial, or evidentiary hearing; but no party or non-party shall be deemed to have waived an objection based on confidentiality to any discovery request or deposition question or proceeding if, in that person's judgment, the protection afforded by this Order adequately addresses the person's confidentiality concern. Nothing in this Order shall diminish the right of any party or non-party to withhold Protected Material on the basis of any legally cognizable privilege, or Fed. R. Div. P. 26(b)(3) or 26(b)(4), or the work product immunity.

17.     <u>Disposition of Protected Material.</u>

(a)     Subject to the provisions of ¶ 17(b) and (c), within sixty (60) days after final disposition of the last remaining federal Flint Water Case and the last remaining State Flint Water Case, including disposition of any appeal and subsequent remand, all parties and non-parties bound by this Order shall return to counsel of record for the respective producing parties or non-parties all Protected

Material and all copies of such Protected Material, including among others all copies that were provided to experts and consultants for the returning party.

(b)    In lieu of returning Protected Material and copies thereof in accordance with ¶ 17(a), any party or non-party bound by this Order may destroy and certify in writing that it has destroyed such materials.

(c)    Notwithstanding the provisions of ¶ 17(a), parties to the federal Flint Water Cases and the State Flint Water Cases, as well as their counsel of record and their insurers, may retain copies of filings that were made in federal Flint Water Cases and State Flint Water Cases as well as correspondence and memoranda among themselves related to those cases; but any Protected Material contained in such documents must continue to be treated in accordance with this Order so long as it is neither returned nor destroyed.

18.    <u>Correction of Designations and Clawback of Protected Material.</u>

(a)    A party who fails to designate Confidential Material as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" at the time it produces it may correct its designation at a later time consistent with this paragraph, except that no such correction may be made with respect to items that have already been filed, or included in filings, in the public docket in any federal Flint Water Case or State Flint Water Case.

(b)    Any correction shall be made by means of a written notice of the correction or, if made orally, shall be confirmed in writing within three (3) days thereafter. The notice of correction shall be sent to counsel of record for all parties and shall be accompanied by substitute copies of each item, marked in accordance with ¶ 8 of this Order, as to which a new designation of "Confidential" or "Highly Confidential – Attorneys' Eyes Only" is being made. Any party receiving such a notice may, within fifteen (15) days after having received the notice, object to the late designation by sending written notice of its objection via e-mail to counsel of record for all other parties, stating in concise but meaningful fashion the basis for the objection.

(c)    If no timely objection is interposed, all parties shall destroy or return to counsel of record for the producing party all previously received copies of the newly designated Protected Material, including copies that were supplied to experts and consultants retained by that party; except that no party is required to destroy or return transcripts or audiovisual recordings of depositions or other testimony.

(d)    If an objection has been interposed in accordance with ¶ 18(b), the interested parties thereafter shall confer in a good faith attempt to resolve the objections by agreement to the extent they are able to do so. If the objection is not completely resolved, the producing party may file within fourteen (14) days of

30

transmission of the written notice of objection a motion seeking to designate the items in accordance with its written notice of correction and parties opposing the late designation may file memoranda in opposition to the motion within twelve (12) days after it is filed.  The party proposing the late designation shall bear the burden of establishing good cause for its allowance.  Once a motion has been filed in accordance with this ¶ 18(d), items subject to the motion shall be treated as if they were Protected Material bearing the proposed designation until such time as the Court has ruled otherwise.

(e)    The obligation to treat late-designated Protected Material in accordance with this Order is prospective only.  Persons who reviewed late-designated Protected Material before the late designation became effective in accordance with this ¶ 18 shall, after receiving notice of the late designation, abide by the provisions of this Order in all future use and disclosures of the Protected Material.

19.    <u>Responsibilities with Respect to Improperly Disclosed Protected Material.</u>

If a party, a party's counsel of record, or any other person bound by this Order discovers that he or she, or someone for whose conduct he or she is responsible, has disclosed Protected Material to a person who is not authorized under this Order to receive it, the party, counsel, or other person bound by this Order shall promptly notify counsel of record for the producing party of the

unauthorized disclosure and shall promptly take all reasonable steps to retrieve the improperly disclosed Protected Material and to restore to it the protection contemplated by this Order.  Nothing in this Order is intended to limit the right of any party or person to seek additional relief, if appropriate, against persons responsible for any improper disclosure.

20.   Non-Application to Information from Other Sources.

(a)   Nothing in this Order limits use or disclosure of documents, material, or information that are publicly available, except that if Protected Material becomes publicly available because of a violation of this Order the party or other person bound this Order who is responsible for the violation shall be subject to such sanctions for the violation as all interested parties may agree or the Court may determine are appropriate in the circumstances.

(b)   Nothing in this Order limits use or disclosure of Confidential Material that a party or other person obtained from a person who is not bound by this Order and whom the party or other person obtaining it reasonably believed at the time was lawfully in possession of it.

21.   Compliance Not an Admission.

Compliance with this Order is not an admission by any party or non-party that any particular document, other material, or information is or is not confidential, except that a party or non-party who designates a document, other

material or information "Confidential" or "Highly Confidential – Attorneys' Eyes Only" by such designation admits it meets the standards for such designation described in this Order.  Compliance with this Order is not an admission by any party or non-party that any particular, document, other material, or information is or is not privileged, except that a party or non-party who asserts any privilege with respect to a document, other material, or information by such assertion admits that it is privileged.  Compliance with this Order is not an admission by any party or non-party that any particular document, other material, or information is or is not discoverable or that any particular document, other material, or information is or is not admissible in evidence.

22.   <u>Non-Parties' Discovery Requests for Protected Material.</u>

If any party receives a subpoena, other formal discovery request, or investigative demand, except for one issued in a federal Flint Water Case or State Flint Water Case, that seeks Protected Material designated as such by someone else, the party must promptly inform the issuer of the subpoena, other discovery request, or investigative demand about this Order, provide the issuer with a copy of this Order, and notify counsel of record for all parties to the federal Flint Water Cases of the subpoena, other discovery request, or investigative demand.  The notice to counsel of record for all parties shall be provided as soon as reasonably possible and, in any event, far enough in advance of the date specified in the

33

subpoena, other discovery request, or investigative demand for disclosure of the Protected Material to permit other interested parties a reasonable opportunity to file such motions and take such other steps as they may deem appropriate to prevent or limit disclosure of the Protected Material before the disclosure occurs; and the party who received the subpoena, other discovery request, or investigative demand shall provide reasonable cooperation to the other interested parties in their efforts to prevent or limit such disclosure. *Provided, however,* that nothing in this Order requires any party or other person to violate any legal obligations created by any subpoena, other discovery request, or investigative demand.

23.    Protection of Non-Parties.

Persons who are not party to any federal Flint Water Case or State Flint Water Case may obtain the protection of this Order for Confidential Material they provide in response to discovery proceedings in any such Flint Water Case. Such persons may obtain the protection of this Order by executing a written agreement in the form attached to this Order as Exhibit B and by complying with the requirements of this Order for the designation, use, and disclosure of Protected Material.

24.    Persons Bound and Continued Effectiveness.

This Order binds all parties to federal Flint Water Cases, their counsel of record, and other persons to the extent described in the order. It shall remain in

34

effect until modified or terminated by further Court order.  Nothing in this Order is to the prejudice of the right of any party or other person to move this Court for relief from any of its provisions, or to modify it (including *without limitation* to modify it to provide greater, lesser, or different protection for particular Confidential Material or to prevent disclosures to particular people), and nothing is to the prejudice of the right of any party or other person to move for additional protective orders. The provisions of this Order remain effective after final disposition of the federal Flint Water Cases and the State Flint Water Cases.  This Court retains jurisdiction after final disposition of the federal Flint Water Cases for the purpose of enforcing this Order.

25.   <u>Application to New Plaintiffs and Defendants.</u>

(a)   When counsel of record for a plaintiff in an existing federal Flint Water Case commences suit on behalf of a new plaintiff in a federal Flint Water Case, the new plaintiff shall file at the same time as the complaint a notice either that the new plaintiff agrees to be bound by this Confidentiality Order (or by such amended Confidentiality Order as may be effective on the date the plaintiff's complaint is filed) or that the new plaintiff does not agree to be so bound.  A copy of the notice shall be served along with the summons and complaint.  Any plaintiff who files such a notice agreeing to be bound shall from that date forward be bound by and have the benefits of this Order.

(b)    If a plaintiff who is not represented by counsel of record for an existing plaintiff in a federal Flint Water Case files an action in this Court arising out of alleged contamination of the City of Flint municipal water supply, that plaintiff and that plaintiff's counsel shall be bound by this Order unless, within fourteen (14) calendar days after filing the complaint or such longer time as the Court may allow, that plaintiff moves for relief from the order.  Neither that plaintiff nor its counsel shall be entitled to receive any Protected Material until that plaintiff has either obtained relief from this Order by the Court or has filed its assent to be bound by this Order (or by such amended Confidentiality Order as may be effective on the date the plaintiff files its assent).

(c)    Subject to ¶ 25(d), any person who is not already a party to a federal Flint Water Case but who in the future becomes a defendant may file at the time of its first appearance a notice either agreeing to be bound by this Order or not agreeing to be bound by it.  Any defendant who files such a notice agreeing to be bound shall from that date forward be bound by and have the benefits of this Order.  Any new defendant who does not agree to be bound by this Order, and that defendant's counsel, shall be bound by this Order unless, within fourteen (14) calendar days after first appearing or such longer time as the Court may allow, that defendant moves for relief from the order.  Neither that defendant nor its counsel shall be entitled to receive any Protected Material until that defendant has either

obtained relief from this Order by the Court or has filed its assent to be bound by this Order (or by such amended Confidentiality Order as may be effective on the date the defendant files its assent).

(d)   No filing required by ¶ 25(c) shall constitute a waiver of any defendant's defense based on lack of personal jurisdiction, lack of subject matter jurisdiction, or immunity.

26.   <u>Non-Waiver.</u>

Nothing in this Order shall be construed as a determination by the Court, or as an admission by any party or non-party, that any parent or affiliate of a party is subject to personal jurisdiction in the Eastern District of Michigan or that it is subject to service of process or to discovery pursuant to the Federal Rules of Civil Procedure.   Assent to or compliance with this Order does not constitute a waiver any defense, of any immunity, or of any claim.

IT IS SO ORDERED.

Dated: December 19, 2017
    Ann Arbor, Michigan

s/Judith E. Levy
JUDITH E. LEVY
United States District Judge

37

## EXHIBIT A

On behalf of _____ [NAME OF ORGANIZATION], I, _____ [NAME OF INDIVIDUAL] certify (i) that I understand that documents, other materials, and information containing Confidential or Highly Confidential matter is being provided or otherwise disclosed to me pursuant to the terms and restrictions of the Confidentiality Order entered in *In re Flint Water Cases*, Civil Action No. 16-cv-10444-JEL-MKM, pending in the United States District Court for the Eastern District of Michigan; (ii) that I have received and reviewed a copy of that Confidentiality Order; (iii) that I agree to be bound by the restrictions in that Confidentiality Order on the use and disclosure that may be made of Protected Material to which the order applies and by the provisions in that order regarding the return of Protected Material to which the order applies; and (iv) that I agree to be subject to the jurisdiction of the United States District Court for the Eastern District of Michigan for the limited purpose of enforcing that Confidentiality Order and the agreements in this Exhibit A. I understand that a violation of the Confidentiality Order may be punishable as a contempt of court.

Dated: _____

Signature: _____

Printed Name: _____

Address: _____

_____

Telephone: _____

E-Mail: _____

## EXHIBIT B

On behalf of _____ [NAME OF ORGANIZATION], I, _____ [NAME OF INDIVIDUAL] certify (i) that certain documents, other materials, and information containing Confidential or Highly Confidential matter is being provided or otherwise disclosed by me or by the organization I represent in response to a subpoena or other discovery requests by a party to *In re Flint Water Cases*, Civil Action No. 16-cv-10444-JEL-MKM, pending in the United States District Court for the Eastern District of Michigan; (ii) that I have received and reviewed a copy of the Confidentiality Order that has been entered in that litigation; (iii) that I wish to obtain the protection of that order for confidential material I or my organization are disclosing; (iv) that in return for obtaining such protection I agree on my own behalf and on behalf of the above-named organization to be bound by the provisions of that Confidentiality Order insofar as they apply to non-parties to the litigation; and (v) that I agree to be subject to the jurisdiction of the United States District Court for the Eastern District of Michigan for the limited purpose of enforcing that Confidentiality Order and the agreements in this Exhibit B.  I understand that a violation of the Confidentiality Order may be punishable as a contempt of court.

Dated: _____

Signature: _____

Printed Name: _____

Address: _____

_____

Telephone: _____

E-Mail: _____