UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re FLINT WATER CASES

Civil Action No. 5:16-cv-10444-JEL-MKM (consolidated)

Hon. Judith E. Levy
Mag. Mona K. Majzoub

Applies to All Cases

FURTHER ORDER REGARDING NON-PARTY DOCUMENTS-ONLY SUBPOENAS

Upon motion of multiple parties to these actions, and in the interest of efficiency, economy, and fairness, it is hereby ORDERED as follows:

1.  This order applies to subpoenas issued in the Flint Water Cases to non-parties who are commanded by the subpoena to produce documents, electronically stored information, and tangible things but who are not commanded by the subpoena to provide testimony. Such subpoenas are called simply "non-party documents-only subpoenas" in this order. It supplements, but does not replace, the provisions on the same subject contained in the Court's Order Regarding Matters Discussed at the April 16, 2018, Status Conference (Dkt. #452).

1

It shall remain effective except as modified by further court order or by stipulations entered on the docket in Case No. 16-cv-10444. The moving parties have acknowledged in their motion, and the Court recognizes, that experience gained as non-party documents-only discovery progresses may cause necessary modifications to become apparent.

2. The signatories of a non-party documents-only subpoena shall agree among themselves which of them will be responsible for causing the subpoena to be properly served on the non-party in accordance with Fed. R. Civ. P. 45 or with the non-party's agreement to accept service by other means. Once the attorney selected to be responsible for causing the subpoena to be properly served has been designated, he or she shall without undue delay make proper arrangements for its service.

3. The signatories of each non-party documents-only subpoena shall include at least one of the Interim Co-Lead Class Counsel or his or her designee; by at least one of Plaintiffs' Co-Liaison Counsel or his or her designee; and by at least one member of the Defense Executive Committee or his or her designee. This order does not prevent attorneys of record for additional parties to the Flint Water Cases from being additional signatories of the subpoena.

4. Communications with any signatory of the non-party documents-only subpoena from the non-party recipient of the subpoena shall be immediately

reported to the other signatories. The signatories may, but need not, agree (unanimously) to identify in the subpoena itself one or more of themselves as persons who the non-party recipient should contact with questions about the subpoena. Agreements to modify the non-party documents-only subpoena, including without limitation to enlarge the time for responding to it, to change the specified place or manner of production of materials requested by it, or to modify the scope or description of the requested materials, must be unanimous by the signatories of the subpoena. If unanimity cannot be achieved with reasonable promptness, any signatory may contact the Case Manager to schedule a telephone hearing to resolve the dispute.

5. If a non-party serves objections to a non-party documents-only subpoena or moves for a protective order with respect to the subpoena or to quash it, Interim Co-Lead Class Counsel may bring a motion on behalf of the plaintiffs named in the Consolidated Amended Class Action Complaint to compel compliance with all or part of the subpoena or may oppose in whole or in part the motion for a protective order or to quash; Plaintiffs' Co-Liaison Counsel may do likewise on behalf of the plaintiffs for whom they are counsel of record or at the request of any other individual plaintiff's counsel of record; and counsel of record for any defendants may do likewise on their clients' behalf. If and only if Plaintiffs' Co-Liaison Counsel refuse to bring a motion to compel compliance at

the request of an individual plaintiff's counsel of record, or to oppose at the request of such other counsel of record a non-party's motion for a protective order or to quash, may such other individual plaintiff's counsel of record bring such a motion or file such an opposition on behalf of his or her clients. The parties are strongly encouraged to bring their motions or to file their oppositions jointly to the extent they judge their interests in the matter to be sufficiently aligned to enable them to do so, as bringing the motions or filing the oppositions jointly will likely expedite the Court's resolution of the disputes and conserve judicial resources.

6. The attorney who receives a non-party's production in response to a documents-only subpoena shall without delay notify in writing Interim Co-Lead Class Counsel, Plaintiffs' Co-Liaison Counsel, and all members of the Defense Executive Committee of his or her receipt of the production and shall thereafter provide copies of all or any parts of the production to the attorneys for parties to the Flint Water Cases who make written request for them. Production to such other attorneys shall be in the same form and order as the materials were produced by the non-party unless otherwise agreed in writing and shall occur as soon as is reasonably feasible in light of the form and volume of the production. Transmission of the produced materials should be by the most economical means that is reasonably feasible, such as, for example, e-mail, FTP, or other electronic means. Each party that receives a copy must promptly reimburse the attorney who

provided it for the reasonable actual copying and transmission cost incurred by that attorney in supplying the copies.

7. Consistent with this Court's Order Preserving Certain Immunities and Defenses for Purposes of Limited Pre-Answer Discovery (Dkt. 467), joinder in or assent to the motion for entry of this order, and participation in the activities described in this order, does not constitute a waiver of any Fifth Amendment privilege or immunity, Eleventh Amendment privilege or immunity, qualified immunity, or other governmental immunity defenses.

SO ORDERED.

_____
Judith M. Levy, District Court Judge

DATED: _____