## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

*In re* Flint Water Cases

Case No.: 5:16-cv-10444-JEL-MKM

Hon. Judith E. Levy
Magistrate Judge Mona K. Majzoub

## CASE MANAGEMENT ORDER REGARDING TIME AND EXPENSE PROCEDURES

### I.      SCOPE OF ORDER

1.      In its Order delineating the Duties of Interim Co-Lead Class Counsel and Co-Liaison Counsel for the Individual Actions and Creating a Plaintiffs' Executive Committee for the Proposed Class (ECF # 234), the Court outlined the responsibilities of Interim Co-Lead Class Counsel for the putative class action, and Co-Liaison Counsel for the Individual Actions, respectively. In order to assist those appointed counsel, this Order provides standards and procedures for the reporting of time and expenses among plaintiffs' counsel.

2.      Reimbursement for costs or payment of attorneys' fees for services of all plaintiffs' counsel for common benefit work performed in accordance with this Order will be set at a time and in a manner established by the Court after due notice to all counsel and after a hearing. The following standards and procedures are to be

utilized by any Participating Counsel, as defined below, seeking an award of any attorneys' fees or expense reimbursement for work on matters common to and benefitting all plaintiffs in the Flint Water Cases ("common benefit work").

3.      This Order applies to (1) all cases now pending, as well as to any cases later filed in, transferred to, or removed to this Court and included as part of the Flint Water Cases, and any attorney with a fee interest in those cases; (2) each attorney with a case in the Flint Water Cases who has a fee interest in a plaintiffs' case in state court or in any unfiled claims; and (3) all counsel who voluntarily sign the attached Participation Agreement (Exhibit A).

4.      Counsel with Flint Water Cases pending in this litigation are governed by this Order and are not obligated to sign the Participation Agreement, as these counsel are deemed to have signed the Participation Agreement and all cases that they share any fee interest in shall be governed by this Order. Counsel with Flint Water Cases outside this Court, irrespective of whether counsel has cases in this litigation, may sign the Participation Agreement and be bound by this order and be entitled to share in the common benefit discovery, and in common benefit work product at the discretion of Interim Co-Lead Class Counsel and Co-Liaison Counsel. All counsel who have signed or are deemed to have signed the Participation Agreement shall be classified as "Participating Counsel."

## II.   PLAINTIFFS' COUNSEL'S TIME AND EXPENSE SUBMISSIONS

### A.   General Standards

5.     The recovery of attorneys' fees and expenses pursuant to this Order will be limited to Participating Counsel and as provided herein. Plaintiffs' Interim Co-Lead Class Counsel and Co-Liaison Counsel may distribute additional guidelines as may be necessary to ensure the efficient prosecution of this litigation. Questions regarding the guidelines, procedures, or the completion of any forms should be directed to Interim Co-Lead Class Counsel and Co-Liaison Counsel.

6.     All time and expenses submitted must be incurred only for work authorized in advance by Plaintiffs' Interim Co-Lead Class Counsel or Co-Liaison Counsel.

7.     Plaintiffs' Interim Co-Lead Class Counsel and Co-Liaison Counsel shall establish respective bank accounts for the collection and deposit of assessments and for the payment of Shared Costs as defined herein, as well as any other such functions as may be necessary and appropriate ("Flint Litigation Funds"). The Litigation Funds established by Interim Co-Lead Class Counsel or Co-Liaison Counsel shall be separate funds. Interim Co-Lead Class Counsel shall establish and administer the litigation fund for the putative class case ("Class Litigation Fund") and Co-Liaison Counsel shall establish and administer the litigation fund for the individual actions ("Individual Litigation Fund"). However, in instances where

3

litigation costs are borne jointly with the consent of both Interim Co-Lead Class Counsel and Co-Liaison Counsel, such jointly borne shared costs may be paid from both Flint Litigation Funds. The Flint Litigation Funds shall be audited by the Special Master on a quarterly basis.

8.      Each member of Plaintiffs' Interim Co-Lead Class Counsel, Plaintiffs' Executive Committee, and others selected by Interim Co-Lead Class Counsel, shall contribute to the Class Litigation Fund in amounts to be determined by Interim Co-Lead Class Counsel. Members of Co-Liaison Counsel and other individual plaintiffs' counsel selected by Co-Liaison Counsel shall contribute to the Individual Litigation Fund in amounts to be determined by Co-Liaison Counsel.

9.      Time and expense records must be submitted timely, on a monthly basis, to the Special Master, with copies submitted to Meg Hartnett at **MHartnett@cohenmilstein.com** and **fwctimeandexpense@napolilaw.com**.[1] All submissions shall be certified by a senior partner, or their equivalent, in each firm attesting to the accuracy and correctness of the submission.

10.     The first submission is due on August 15, 2018, and should include all time and expense through July 31, 2018. Thereafter, commencing on September 15, 2018, time and expense records shall be submitted on the 15th of each month, and

---

[1] Such records shall not be disclosed to Defendants without further Court order or written stipulation of all parties.

shall cover the time period through the end of the preceding month. Any time or expense records submitted more than three (3) months in arrears may not be considered or included in any compilation of time or expense calculation and shall be disallowed, except for good cause shown and with Court approval.

11.     The Special Master shall maintain a shared repository for all time and expense submissions accessible to Interim Co-Lead Class Counsel and Co-Liaison Counsel. Further, the Special Master, Interim Co-Lead Class Counsel, and Co-Liaison Counsel shall meet quarterly to review and audit all time and expense submissions. Should any dispute arise out of the quarterly audits, Interim Co-Lead Class Counsel and/or Co-Liaison Counsel shall immediately bring the issue before the Court for resolution.

**B.      General Principles Governing Time and Expense Submissions.**

12.     Only time spent on matters common to all plaintiffs in the Flint Water Cases ("Common Benefit Time") will be considered in determining fees. No time spent on developing or processing any case for an individual client/claimant will be considered except as approved by Interim Co-Lead Class Counsel or Co-Liaison Counsel as work that serves a common benefit. Except as approved by Interim Co-Lead Class Counsel or Co-Liaison Counsel as work that serves a common benefit, Participating Counsel shall not submit time spent on individual clients/claimants as Common Benefit Time.

13.     In general, time will not qualify as Common Benefit Time unless it relates to tasks that have been assigned by Interim Co-Lead Class Counsel and/or Co-Liaison Counsel.

14.     Although the work assigned by Interim Co-Lead Class Counsel and Co-Liaison Counsel in their respective cases will often require the participation of multiple attorneys, counsel should be guided by the precept of "one lawyer, one task." Counsel should minimize the participation of multiple attorneys from the same law firm in assigned tasks to the extent feasible.

15.     The following are illustrative examples of what does and does not generally qualify as appropriate for time submissions to either Interim Co-Lead Class Counsel, or Co-Liaison Counsel, respectively:

a)      <u>Attendance at Depositions:</u> Only the time and expenses for the individual(s) designated as a questioner by Plaintiffs' Interim Co-Lead Class Counsel or Co-Liaison Counsel, or individual(s) otherwise authorized to attend the deposition by Interim Co-Lead Class Counsel or Co-Liaison Counsel shall be considered appropriately submissible time. Attending or listening to monitor the proceeding shall not be considered appropriately submissible time unless expressly approved by Interim Co-Lead Class Counsel or Co-Liaison Counsel.

b)      <u>Periodic Plaintiffs' Conference Calls and Meetings:</u> Time spent on Plaintiffs' conference calls and meetings are appropriately submissible time where

the call is authorized by Interim Co-Lead Class Counsel and/or Co-Liaison Counsel. Only the time of Plaintiffs' Interim Co-Lead Class Counsel, Co-Liaison Counsel, and that of Participating Counsel invited by Plaintiffs' Interim Co-Lead Class Counsel and/or Co-Liaison Counsel to participate in calls and meetings shall be considered appropriately submissible time; however, Plaintiffs' Interim Co-Lead Class Counsel and Co-Liaison Counsel may submit time of a partner, associate, or paralegal to assist Plaintiffs' Interim Co-Lead Class Counsel and/or Co-Liaison Counsel with their duties.

c)      <u>Periodic Status Conferences:</u> Plaintiffs' Interim Co-Lead Class Counsel and Co-Liaison Counsel are expected to attend status conferences before the Court. Other counsel designated by either Plaintiffs' Interim Co-Lead Class Counsel or Co-Liaison Counsel as necessary to attend status conferences may also submit time for such attendance. Monitoring of Court status conferences shall not be deemed a basis to attend or necessary. Neither Plaintiffs' Interim Co-Lead Class Counsel nor Co-Liaison Counsel shall authorize any additional persons to attend such conferences merely for purposes of auditing.

d)      <u>Attendance at Seminars:</u> Attendance at seminars (*i.e.* AAJ Section Meetings, Mass Torts Made Perfect, Harris Martin and similar seminars and CLEs) does not qualify as common benefit work or a common benefit expense, unless

7

authorized in advance by Plaintiffs' Interim Co-Lead Class Counsel and Co-Liaison Counsel.

e)      <u>Document Review:</u> Only document review specifically authorized by Plaintiffs' Interim Co-Lead Class Counsel or Co-Liaison Counsel and assigned to an attorney (or paralegal previously approved by Plaintiffs' Interim Co-Lead Class Counsel and Co-Liaison Counsel) will be considered appropriately submissible time. Only licensed attorneys or paralegals previously approved by Plaintiffs' Interim Co-Lead Class Counsel or Co-Liaison Counsel may submit time associated with document review. Descriptions associated with "document review" time submissions should contain sufficient detail to allow those reviewing the submitted time entry to generally ascertain what was reviewed.

f)      <u>Review of Pleadings and Orders:</u> Each attorney has an obligation to keep themselves informed about the litigation so that they can best represent their clients, and review of pleadings and orders is part of that obligation. However, Plaintiffs' Interim Co-Lead Class Counsel, Co-Liaison Counsel, and those who they respectively designate, are expected to review pleadings and orders as part of their work which is submitted in time reports under this order. Additionally, those attorneys who are working on assignments distributed by Plaintiffs' Interim Co-Lead Class Counsel or Co-Liaison Counsel, which requires them to reasonably review, analyze, or summarize certain filings and substantive Orders of this Court in

connection with their assignments, may submit time associated with those assignments pursuant to this Order.

g)      Emails: Except for Plaintiffs' Interim Co-Lead Class Counsel or Co-Liaison Counsel and Participating Counsel working on approved tasks, time recorded for reviewing emails is not appropriately submissible unless germane to a specific authorized and assigned (as provided herein) task being performed by the receiving or sending attorney that is directly related to that email. For example, review of an email sent to numerous attorneys to keep them informed on a matter on which they are not specifically assigned would not be appropriately submissible under this Order.

h)      Review of Discovery: Each attorney has an obligation to keep themselves informed about the litigation so that they can best represent their clients, but they should review discovery only to the extent required by their individual assignments and responsibility. Participating Counsel working on assignments distributed by Plaintiffs' Interim Co-Lead Class Counsel or Co-Liaison Counsel which require them to reasonably review, analyze, or summarize certain filings and substantive Orders of this Court in connection with their assignments may appropriately submit time associated with such tasks.

16.     Work by attorneys who are hired as contract attorneys will not be compensable for common benefit without the prior express authorization of the

Plaintiffs' Interim Co-Lead Class Counsel and/or Co-Liaison Counsel and shall be ultimately determined by the Court.

### C.    Time Reporting

17.    All time must be accurately and contemporaneously maintained.

18.    Effective as of the date of this Order, time shall be kept according to these guidelines. All counsel shall keep a daily record of their time spent in connection with this litigation, indicating with specificity the date of task performed; name of attorney/paralegal performing the task; law firm name; assignor of task; professional level of attorney performing the task; task code; description of task performed; hourly rate for the attorney/paralegal; and hours spent on the task in one tenth (0.1) hour increments. All counsel shall avoid block billing.  The failure to maintain such records, as well as insufficient description of the activity may result in a forfeiture of fees.

19.    Time for "common benefit cases" shall be submitted separately. Failure to do so may result in time being disallowed.

### D.    Expense Reporting

20.    Advanced costs will be deemed as either "Shared" or "Held." Both Shared and Held Costs may be appropriately submissible if approved by Plaintiffs' Interim Co-Lead Class Counsel or Co-Liaison Counsel.

21.     Shared Costs are costs that will be paid out of either one or both Flint Litigation Funds, established and administered either by Plaintiffs' Interim Co-Lead Class Counsel or Co-Liaison Counsel, to be funded by the periodic assessments established by either Plaintiffs' Interim Co-Lead Class Counsel as to the putative consolidated class action case or Co-Liaison Counsel as to the Individual Actions.

22.     Held Costs are those that will be carried by each attorney and incurred in connection with appropriately submissible work. These shall be reimbursed as and when determined by the Court.

23.     Plaintiffs' Interim Co-Lead Class Counsel or Co-Liaison Counsel shall prepare and be responsible for distributing to class counsel or plaintiffs' counsel in the Individual Actions, respectively, the reimbursement procedures for Shared Costs and the forms associated therewith.

**E.     Shared Costs**

24.     All costs for the common benefit of this litigation which fall under the following categories shall be considered Shared Costs and qualify to be submitted and paid directly from one or both of the Flint Litigation Funds.

25.     Where Shared Costs are incurred for the common benefit of the putative class case, as determined by Interim Co-Lead Class Counsel, such costs will be paid from the Class Litigation Fund established and maintained by Interim Co-Lead Class Counsel. Where Shared Costs are incurred for the common benefit of the Individual

Actions, as determined by Co-Liaison Counsel, such costs will be paid from the Individual Litigation Fund established and maintained by Co-Liaison Counsel. Where Shared Costs are incurred for the common benefit of the litigation as a whole, as determined jointly by Interim Co-Lead Class Counsel and Co-Liaison Counsel, such costs will be jointly shared by both Flint Litigation Funds.

26.    Interim Co-Lead Class Counsel and Co-Liaison Counsel will coordinate to reduce duplicative Shared Costs and expenses where appropriate.

27.    Shared Costs include:

a.  Court, filing and service costs;

b.  Deposition and court reporter/videographer costs;

c.  Document Depository: creation, operation, staffing, equipment and administration;

d.  Plaintiffs' Co-Liaison and Interim Co-Lead Class Counsel administrative matters, such as costs for meetings and conference calls;

e.  Legal, accounting, and vendor fees;

f.  Common expert witness and consultant fees and expenses;

g.  Common witness expenses, including travel of witness;

h.  Translation costs;

i.  Bank or financial institution charges;

j.  Investigative services;

k.  Claims Administrator charges;

l.  Certified Public Accountant's ("CPA") charges; and

m. Special Master or Mediator charges.

28.    All Shared Costs must be approved by Plaintiffs' Interim Co-Lead Class Counsel and/or Co-Liaison Counsel prior to being incurred and prior to payment. Request for payments from the Flint Litigation Fund accounts must be made on a Shared Expense Reimbursement Form to be provided by Plaintiffs' Interim Co-Lead Class Counsel and Co-Liaison Counsel with sufficient information to allow the Plaintiffs' Interim Co-Lead Class Counsel and Co-Liaison Counsel to account properly for costs and to provide adequate detail to the Court.

29.    Shared Costs are costs incurred for the common benefit of the Flint Water Cases as a whole. No individual client-related costs can be considered as Shared Costs.

**F.    Held Costs**

30.    Held costs are costs incurred by Participating Counsel that do not fall into the above Shared Costs categories but are incurred for the common benefit of all plaintiffs in this litigation. No specific client-related costs can be considered as Held Costs. Held Costs include the following which are governed by the Travel and Non-travel limitations set forth below:

a.  Postage, shipping, courier, certified mail;

b.  Printing and photocopying (in-house and out of office);

c.  Computerized research - Lexis/Westlaw (actual charges only);

d.  Telephone - long distance (actual charges only);

e.  Travel - pursuant to Travel Limitations set forth below, including travel for counsel to attend depositions or court;

f.  Airfare- pursuant to Travel Limitations set forth below;

g.  Reasonable ground transportation- pursuant to Travel Limitations set forth below;

h.  Hotel- pursuant to Travel Limitations set forth below;

i.  Reasonable meals- pursuant to Travel Limitations set forth below; and

j.  Other reasonable and necessary charges such as parking.

31.  Travel Limitations: Only reasonable expenses deemed appropriate by Interim Co-Lead Class Counsel or Co-Liaison Counsel will be reimbursed. Counsel submitting expenses shall keep receipts[2] for all expenses. Credit card statements may be used to supplement copies of receipts in cases where the receipt is no longer available, subject to the approval of Plaintiffs' Interim Co-Lead Class Counsel or

---

[2] Receipts received electronically through online services or other online travel applications are deemed to be original. Credit card statements may be used to supplement copies of receipts in cases where the original is no longer available, subject to the approval of Plaintiffs' Interim Co-Lead Class Counsel and Co-Liaison Counsel.

Co-Liaison Counsel. Hotel costs must be proven with the full hotel invoice. The description of unclaimed expenses on any invoice may be redacted. Except in extraordinary circumstances approved by Plaintiffs' Interim Co-Lead Class Counsel or Co-Liaison Counsel, all travel reimbursements are subject to the following limitations:

a.　　Airfare: Only the price of a full coach fare seat will be reimbursed.

b.　　Hotel: Hotel room charges for the average available room rate of a business hotel, including but not limited to the Hyatt, Hilton, Sheraton, Westin, and Marriott hotels, in the city in which the stay occurred, will be reimbursed. Luxury hotels will not be fully reimbursed, but will be reimbursed at the average available rate of a business hotel. Suites or upgraded rooms will be reimbursed only to the extent of the average available room rate of a business hotel unless extraordinary circumstances and with prior written approval by Plaintiffs' Interim Co-Lead Class Counsel or Co-Liaison Counsel.

c.　　Meals: Meal expenses must be reasonable and must contain a notation of who was present at the meal.

d.　　Cash Expenses: Miscellaneous cash expenses for which receipts generally are not available (tips, luggage handling, etc.) will be reimbursed up to $20.00 per trip, as long as the expenses are properly itemized.

      e.    <u>Rental Automobiles/Car Service:</u> Luxury automobile rentals will not be fully reimbursed, unless only luxury automobiles were available. Counsel must submit evidence of the unavailability of non-luxury vehicles. If luxury automobiles are selected when non-luxury vehicles are available, then the difference between the luxury and non-luxury vehicle rates must be shown on the travel reimbursement form and only the non-luxury rate may be claimed, unless such larger sized vehicle is needed to accommodate exhibits and/or multiple counsel. Any claim for private car service will be reimbursed at the standard rate, unless such larger sized vehicle is needed to accommodate exhibits and/or multiple counsel.

      f.    <u>Mileage:</u> Mileage claims must be documented by the starting origination point, destination, and total actual miles for each trip, and the reimbursed rate will be the maximum rate allowed by the IRS.

      32.    Non-Travel Limitations: Only reasonable expenses will be reimbursed. Submitting counsel shall keep receipts for all expenses. Except in extraordinary circumstances approved in advance by Plaintiffs' Interim Co-Lead Class Counsel or Co-Liaison Counsel, respectively, all non-travel reimbursements are subject to the following limitations:

      a.    <u>Long Distance, Conference Call Charges:</u> long distance and conference call telephone charges must be documented as a line item on the bill in order to be compensable. Copies of the telephone bills must be submitted with notations as to

which charges relate to the Flint Water Cases. Such charges are to be reported at actual cost.

b.      <u>Shipping, Overnight, Courier, and Delivery Charges:</u> All claimed shipping, overnight, courier, or delivery expenses must be documented with bills showing the sender, origin of the package, content of the package, recipient, and destination of the package. Such charges are to be reported at actual cost.

c.      <u>Postage Charges:</u> A contemporaneous postage log or other supporting documentation must be maintained and submitted for common benefit postage charges. Such charges are to be reported at actual cost.

d.      <u>In-House Photocopy:</u> A contemporaneous photocopy log or other supporting documentation must be maintained and submitted. The maximum copy charge is $0.15 per page.

e.      <u>Out of Office Photocopy/Printing:</u> All claimed common benefit printing or photocopy should be completed In-House. In the event such printing or photocopy cannot be completed In-House, Plaintiffs' Interim Co-Lead Class Counsel or Co-Liaison Counsel must give express permission for such printing or photocopy and such charges are to be reported at actual charge.

f.      <u>Computerized Research - Lexis/Westlaw:</u> Claims for Lexis or Westlaw, and other computerized legal research expenses, should be in the exact amount

charged to the firm for the common benefit work in this this litigation, specify the topic of the research, and must be reasonable under the circumstances.

## III.   NOTICE TO ALL PROSPECTIVE PARTICIPATING COUNSEL

33.   In order to ensure that all prospective Participating Counsel have due notice of the instant Order, Plaintiffs' Interim Co-Lead Class Counsel and/or Co-Liaison Counsel is Ordered to provide notice of the instant Order, and any other Order related to fees, expenses, or procedures, to all plaintiffs' counsel in Flint Water Cases, without regard for whether the case is filed in federal or state court, so as to provide full notice as to the procedures which will govern this case.

## IV.   FUTURE TREATMENT OF COMMON BENEFIT ISSUES

34.   The Court reserves decision on whether certain work performed by various plaintiffs' counsel in the Flint Water Cases may inure to the common benefit of the litigation as a whole, or to specific portions of the litigation. The Court further reserves judgment as to whether any time recorded, or expenses incurred, shall be recognized as common benefit time or expense and will address whether to assess a surcharge on any monetary settlements in Flint Water cases, or any portion of such cases, at a future point in time. In the interim, there shall be no distribution of any kind to any counsel participating in the Flint Water Cases of funds collected from any settlement source.

Dated: _____, 2018

SO ORDERED                          _____

                                    Judith E. Levy
                                    United States District Judge

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

*In Re* Flint Water Cases,

Case No. 5:16-cv-10444-JEL-MKM (consolidated)

Hon. Judith E. Levy

Magistrate Judge Mona K. Majzoub

## **TIME AND EXPENSE ORDER PARTICPATION AGREEMENT**

THIS AGREEMENT is made this _____ day of _____, 201__, by and between the Co-Lead Class Counsel and Co-Liaison Counsel for the Individual Plaintiffs appointed by the United States District Court for the Eastern District of Michigan in Case Number 16-cv-10444 and _____ [Name of the Firm Executing the Agreement] (the "Participating Counsel").

WHEREAS, the United States District Court for the Eastern District of Michigan has appointed Theodore Leopold, Esq., and Michael Pitt, Esq., to serve as Interim Co-Lead Counsel for the Class Case, and Hunter J. Shkolnik, Esq. and Corey Stern, Esq. as Co-Liaison Counsel for the Individual Cases (also referred to as "Plaintiffs' Leadership Group" or "PLG"), to facilitate the conduct of pretrial

proceedings in the federal actions relating to personal injuries and property damage injuries arising from the Flint Water Crisis; and

**WHEREAS**, the Plaintiffs' Leadership Group, in association with other attorneys working for the common benefit of plaintiffs, have developed or are in the process of developing discovery and work product that will be valuable in all proceedings and benefit all plaintiffs alleging injury caused by the Flint Water Crisis ("Common Benefit Work Product"); and

**WHEREAS**, Participating Counsel is desirous of acquiring the discovery and Common Benefit Work Product and establishing an amicable, working relationship with the Plaintiffs' Leadership Group for the mutual benefit of their clients;

**NOW THEREFORE**, in consideration of the covenants and promises contained herein, and intending to be legally bound hereby, the parties agree as follows:

I. <u>**SCOPE OF AGREEMENT**</u>

    **a. Purpose**

This Participation Agreement is a private cooperative agreement between plaintiffs' attorneys to share discovery, and to share Common Benefit Work Product at the discretion of Interim Co-Lead Class Counsel and Co-Liaison Counsel pursuant to Case Management Order ("CMO") No. _____ and this Participation Agreement. Any plaintiffs' attorney who executes this Agreement or who is otherwise bound to

this Participation Agreement by CMO No. ____ ("Participating Counsel") is entitled to receive the discovery generated in the consolidated *In re Flint Water Cases*, subject to the relevant confidentiality orders and agreements. Participating Counsel may also be entitled to certain Common Benefit Work Product at the discretion of Interim Co-Lead Class Counsel and Co-Liaison Counsel, regardless of the venue in which the attorney's cases are pending.

### b.  Rights and Obligations of Participating Counsel

Participating Counsel shall be provided access to the discovery produced in the consolidated *In re Flint Water Cases*, including access to the document depository. Participating Counsel may also be entitled to certain other Common Benefit Work Product at the discretion of Interim Co-Lead Class Counsel and Co-Liaison Counsel. Participating Counsel agree that all Flint Water Crisis cases and/or claims in which Participating Counsel has a fee interest, including unfiled cases, tolled cases, and/or cases filed in state and/or federal court, are subject to the terms of CMO No. ____ and of this Participation Agreement.

Participating Counsel shall produce to Interim Co-Lead Class Counsel and Co-Liaison Counsel a list that correctly sets forth the name of each client represented by them and/or in which they have an interest in the attorney fee, regardless of what that interest is, who has filed a civil action arising from the Flint Water Crisis. Such list shall include the court and docket number of each such case. Participating

Counsel shall also produce to Interim Co-Lead Class Counsel and Co-Liaison Counsel a list that contains the name of each client represented by them who is named in a civil action prior to the court's order on class certification and/or in which they have an interest in the attorney fee, regardless of what that interest is, who has not yet filed a civil action. Participating Counsel shall supplement the lists on a quarterly basis and provide the lists to the PLG. The initial list shall be provided within 15 days of signing this Agreement and must be supplemented every 90 days thereafter. The lists referenced in this paragraph shall only be required of attorneys who voluntarily sign this Participation Agreement.

II.   **AGREEMENT TO PAY ASSESSMENT ON GROSS RECOVERY**

Subject to the terms of this Participation Agreement and the terms of CMO No. ____, plaintiffs and their attorneys who agree to settle, compromise, dismiss, or reduce the amount of a claim, or with or without trial, recover a judgment for monetary damages or other monetary relief, including compensatory and punitive damages, for any Flint Water Crisis claims may be subject to an assessment of the Gross Monetary Recovery, as determined by the Court at a later date pursuant to Section IV of CMO No. ____.

The Participation Agreement is a private and cooperative agreement between plaintiffs' attorneys only; and not defendants or defendants' counsel. All plaintiffs' attorneys who currently have cases pending in any state court and who want to

become a Participating Counsel shall, within 45 days of this Order, execute the Participation Agreement. Any plaintiffs' attorney who does not yet have a Flint Water Crisis case filed in any federal or state court and who wants to become a Participating Counsel shall execute the Participation Agreement within 45 days of the date their first case is filed in any state court, if that lawyer intends to voluntarily become a Participating Counsel at the fee and expense percentages set forth herein.

III.   **Covered Cases**

Should the Court issue a further order determining an assessment percentage, that percentage shall apply in the manner determined by the Court pursuant to Section IV of CMO No. _____ to all cases now pending or later filed in, transferred to, or removed to 16-cv-10444 and 17-cv-10164 and treated as part of the coordinated proceeding known as *In re Flint Water Cases* regardless of whether the plaintiffs' attorney is either Participating or Non-Participating Counsel. In addition, any assessment amount shall apply in the manner determined by the Court pursuant to Section IV of CMO No. _____. Counsel who sign this Participation Agreement further agree that any assessment ordered by the Court shall apply to all un-filed cases, tolled cases, and/or cases filed in state court in which they have a fee interest, regardless of the size of that fee interest in the manner determined by the Court pursuant to Section IV of CMO No. _____.

24

Non-Participating Counsel who have no fee interest in any case are not required to pay an assessment on state court cases or on un-filed cases. However, plaintiffs' counsel who do not sign the Participation Agreement are not entitled to receive discovery or Common Benefit Work Product, and may be subject to an increased assessment on all Flint Water Crisis cases/claims in which they have a fee interest if they receive any discovery or Common Benefit Work Product or otherwise benefit from the work product created by Plaintiffs' Leadership Group and other Participating Counsel. Non-Participating Counsel shall not be eligible to receive Common Benefit payments for any work performed or expenses incurred.

IV.    **COMMON BENEFIT EXPENSES**

a.  **Qualified Expenses Eligible for Reimbursement**

In order to be eligible for reimbursement of common benefit expenses, said expenses must be: (a) for the common benefit; (b) appropriately authorized and timely submitted; (c) within the defined limitations set forth in this Participation Agreement and CMO No. ____; and (d) verified by a partner or shareholder in the submitting law firm or by a member of the Court-Appointed PLG if said member is not a partner or shareholder in the submitting firm.

b.  **Authorization and Submission of Expenses**

Participating Counsel must submit expenses consistent with CMO No. ____.

V.   **COMMON BENEFIT WORK**

### a.  Common Benefit Work Eligible for Reimbursement

In order to be eligible for reimbursement, time expended must be: (a) for the common benefit; (b) appropriately authorized; (c) timely submitted; and (d) verified by a partner or shareholder in the submitting law firm or by a member of the Court-Appointed PLG if said member is not a partner or shareholder in the submitting firm. Moreover, if counsel is a member of the PLG and fails to timely submit capital contributions as may be requested throughout this litigation, such counsel and members of his/her firm shall not be allowed to submit common benefit time or expenses for reimbursement.

Authorization of common benefit work will be made in accordance with the provisions set forth in CMO No. _____.

### b.  Counsel Involved

Participating Counsel are prohibited from sharing Common Benefit Work Product with Non-Participating Counsel, as defined herein. Counsel eligible to perform common benefit work includes the PLG, and other Participating Counsel.

## VII.     DISTRIBUTION OF FEES

1. <u>No Individual Right to the Funds</u>: No party or attorney has any individual right to any common benefit funds except to the extent directed by order of the Court. Common benefit funds will not constitute the property of any party or attorney or be subject to garnishment or attachment for the debts of any party or attorney except

26

when and as directed by court order. These limitations do not preclude a party or attorney from transferring, assigning, or creating a security interest in potential disbursements from the fund if permitted by applicable state laws and if subject to the conditions and contingencies of this Agreement.

2. <u>Court Approval</u>: The amounts deposited in the Fee Fund shall be available for distribution to attorneys who have performed professional services or incurred expenses for the common benefit. The Court retains jurisdiction over any common benefit award. The undersigned Participating Counsel, on behalf of themselves, their affiliated counsel, and their clients, hereby consents to the jurisdiction of the Court in connection with any common benefit award. Each Participating Counsel who does common benefit work has the right to present their claim(s) for compensation and reimbursement prior to any recommendation to the Court. It is expected that due consideration of payment of common benefit fees and expenses will be given to the recommendation of Plaintiffs' Co-Lead Class Counsel and Co-Liaison Counsel by the Court.

Upon execution of this Agreement, the PLG will provide to the Participating Counsel, to the extent approved by the Court, the discovery produced in the case, including access to a document depository.

As the litigation progresses and Work Product and discovery continue to be generated, the Co-Lead Class Counsel, Co-Liaison Counsel, and other Designated

27

Counsel will make available such discovery, to the extent allowed and determined by this Court, and in connection with the relevant confidentiality orders and agreements, and will otherwise cooperate with the Participating Counsel to coordinate the federal and state litigation for the benefit of all of the plaintiffs.

This Agreement shall apply to each and every Flint Water Crisis-related claim or action (whether state or federal, filed or unfiled) in which the Participating Counsel have a right or claim to a fee recovery.

Name: _____

Law Firm: _____

Position: _____

On behalf of Participating Counsel

By:_____

AND

By:_____

By signature, affirms authority to bind Participating Law Firm/Counsel