## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

Elnora Carthan, et al,                         Case No 5:16-cv-10444-JEL-MKM

                          Plaintiffs,          Hon. Judith E. Levy

v.

Governor Rick Snyder, et al.,

                          Defendants.
_____/

## CITY OF FLINT'S MOTION TO AMEND AND CERTIFY IN PART THE COURT'S AUGUST 1, 2018 OPINION AND ORDER FOR INTERLOCUTORY APPEAL

## ORAL ARGUMENT REQUESTED

The City of Flint ("Flint"), requests that this Court amend and certify, in part, its August 1, 2018 Opinion and Order for interlocutory appeal, pursuant to 28 U.S.C. §1292(b).   Specifically, Flint requests certification, for interlocutory appeal, of whether *Monell* liability applies when the final decision maker(s), with respect to the relevant alleged policy, were State officials, serving as or acting through the Emergency Managers, appointed by and accountable to the State pursuant to Michigan's Emergency Manager law, 2012 P.A. 436.  This is a controlling question of law that, as this Court recognized, is one of first impression and, therefore, substantial grounds for difference of opinion exist.  Resolution of this controlling question of law is critical, because whether *Monell* liability may be asserted at all

1

depends on its answer, and an immediate appeal may materially advance the ultimate termination of the litigation.

Pursuant to E.D. Mich. L.R. 7.1(a), concurrence in this motion was requested from Plaintiffs' interim co-lead counsel on August 15, 2018. Concurrence was not granted.

Respectfully submitted,

| **/s/ Frederick A. Berg, Jr. (P38002)** | **/s/ William Y. Kim (P76411)** |
|---|---|
| Sheldon H. Klein (P41062) | Reed E. Eriksson (P77085) |
| BUTZEL LONG, P.C. | Assistant City Attorneys |
| 150 W. Jefferson Ave., Suite 100 | CITY OF FLINT DEPT. OF LAW |
| Detroit, MI 48226 | 1101 S. Saginaw, 3rd Floor |
| (313)225-7000 | Flint, MI 48502 |
| bergf@butzel.com | (810)766-7146 |
| klein@butzel.com | wkim@cityofflint.com |
| | reriksson@cityofflint.com |

**Dated: August 15, 2018**

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

Elnora Carthan, et al,                              Case No 5:16-cv-10444-JEL-MKM

               Plaintiffs,              Hon. Judith E. Levy

v.

Governor Rick Snyder, et al.,

               Defendants.

_____/

## BRIEF IN SUPPORT OF CITY OF FLINT'S MOTION TO AMEND AND CERTIFY IN PART THE COURT'S AUGUST 1, 2018 OPINION AND ORDER FOR INTERLOCUTORY APPEAL

## ORAL ARGUMENT REQUESTED

## <u>TABLE OF CONTENTS</u>

Statement of the Issues Presented ......................................................... iii

Controlling Authority Supporting Motion ............................................. iii

Index of Authorities ............................................................................. iv

I.    Introduction ................................................................................... 1

II.   Standard of Review ....................................................................... 1

III.  Factual and Procedural Background ............................................. 2

IV.   Analysis ........................................................................................ 5

    A.    Whether *Monell* liability applies, when the State of Michigan stripped the City of Flint of independent policymaking authority and forced Flint to carry out State policies, is a controlling question of law warranting interlocutory review .. 5

    B.    As an issue of first impression, there are substantial grounds for differences of opinion regarding whether the City of Flint may be subject to *Monell* liability under circumstances as alleged ......................................................... 6

    C.    Immediate appeal of this issue will materially advance the termination of this case because the City of Flint may not be held liable unless *Monell* liability applies ........................................................................................ 10

V.    Conclusion ................................................................................... 12

## <u>STATEMENT OF THE ISSUES PRESENTED</u>

1. Is certification of interlocutory appeal warranted on the issue of whether *Monell* liability is applicable when local officials were stripped of independent policymaking authority, the duties of local officials were wholly superseded by State-appointed officials, and the local government was forced to implement a State policy, practice, or procedure?

## <u>CONTROLLING AUTHORITY SUPPORTING MOTION</u>

The City of Flint relies primarily upon the following most controlling or persuasive authority in support of this motion:

*In re Trump*, 874 F.3d 948 (6th Cir. 2017) .................................................. 2, 5, 7, 10
*Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978) ...................................... 5, 8, 9
28 U.S.C. §1292(b) ..................................................................................... 2, 5, 7, 10

# <u>INDEX OF AUTHORITIES</u>

## Cases

*Boegh v. EnergySolutions, Inc.*, 772 F.3d 1056 (6th Cir. 2014)............................. 6

*Ctr. for Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365 (6th Cir. 2011)....... 5

*Ex Parte Young*, 209 U.S. 123 (1907) .................................................................... 9

*In re Baker & Getty Fin. Servs.*, 954 F.2d 1169 (6th Cir. 1992) ............................ 5

*In re City of Memphis*, 293 F.3d 345 (6th Cir. 2002)........................................5, 10

*In re Trump*, 874 F.3d 948 (6th Cir. 2017) ................................................2, 5, 7, 10

*Mays v. Snyder*, 323 Mich. App. 1 (2018) ............................................................. 3

*Mitchell v. Forsyth*, 472 U.S. 511; 105 S. Ct. 2806; 86 L. Ed. 2d 411 (1985) .......11

*Moldowan v. City of Warren*, 573 F.3d 309 (6th Cir. 2009) ..................................11

*Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978) .....................................5, 8, 9

*Nwanguma v. Trump*, 273 F. Supp. 3d 719 (W.D. Ky. 2017) ................................10

*Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139 (1993)
..........................................................................................................................11

*Sanders v. Allison Engine Co.*, 703 F.3d 930 (6th Cir. 2012) ................................ 6

## Statutes

28 U.S.C. §1292(b) ..................................................................................2, 5, 7, 10

M.C.L. §141.1541 *et seq.*........................................................................................ 6

M.C.L. §141.1549(2) ............................................................................................. 3

# I.   INTRODUCTION

The City of Flint ("Flint"), respectfully requests that this Court amend and certify, in part, its August 1, 2018 Opinion and Order for interlocutory appeal, pursuant to 28 U.S.C. §1292(b).  Specifically, Flint requests certification of the issue of whether *Monell* liability applies, when the State of Michigan's Emergency Manager law, 2012 P.A. 436, stripped Flint of independent policymaking authority and State officials, who served as or acted through Flint's Emergency Managers, were the final decision makers.   As this Court recognized, "Flint's argument regarding whether a state-appointed emergency manager is a final decision-maker for Flint appears to be a matter of first impression."  *See* Opinion and Order, Dkt 546 at PageID #16718.  This is a controlling question of law, with substantial grounds for differences of opinion, and immediate appeal may materially advance the ultimate termination of this litigation.  Interlocutory appeal of this issue will also not incur any meaningful, additional delay.  Certification of interlocutory appeal is thus warranted.

## II.   STANDARD OF REVIEW

28 U.S.C. §1292(b) provides:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its

> discretion, permit an appeal to be taken from such order, if
> application is made to it within ten days after the entry of the
> order: Provided, however, that application for an appeal
> hereunder shall not stay proceedings in the district court unless
> the district judge or the Court of Appeals or a judge thereof shall
> so order.

28 U.S.C. §1292(b). While certification for interlocutory appeal was previously reserved for "exceptional" cases, current Sixth Circuit precedent states only that such certification should not be granted cavalierly. *In re Trump*, 874 F.3d 948, 952 (6th Cir. 2017). To that end, a "district court may certify an order for interlocutory appeal if it is 'of the opinion' that three conditions exist: '[1] the order involves a controlling question of law to which there is [2] substantial ground for difference of opinion and . . . [3] an immediate appeal may materially advance the termination of the litigation.'" *Id.* at 951 (internal citations omitted).

### III.   FACTUAL AND PROCEDURAL BACKGROUND

This is a civil case arising out of Flint's use of the Flint River as a source of drinking water, between April 2014 and October 2015. *See* Consolidated Amended Class Complaint, Dkt 349. At all relevant times, Flint was under the control of a State-appointed Emergency Manager (EM). *See* Consolidated Amended Class Complaint, Dkt 349 at ¶¶105 (Darnell Earley appointed as EM by Governor Snyder in September 2013), 131 (Flint switches to the Flint River in April 2014), 201 (Gerald Ambrose appointed to replace Darnell Earley as EM by Governor Snyder in January 2015).

The appointment of an EM pursuant to the State's EM law, 2012 P.A. 436, stripped Flint's officials and employees of all independent authority:

> Following appointment of an emergency manager and during the pendency of receivership, the governing body and the chief administrative officer of the local government shall not exercise any of the powers of those offices except as may be specifically authorized in writing by the emergency manager or as otherwise provided by this act and are subject to any conditions required by the emergency manager.

M.C.L. §141.1549(2).   Under Michigan law, EMs are state officers.   *See Mays v. Snyder*, 323 Mich. App. 1, 104 (2018) ("there is no doubt that the [Emergency Managers] were acting, at all times relevant to plaintiffs' claims, as employees or officers of the state of Michigan and its agencies"); *id.* ("An emergency manager, as an appointee of the state government, is an employee of the state government."); *id.* ("The Court of Claims did not err when it concluded that the [Emergency Managers], in their official capacities as emergency managers, operated as arms of the state during all times relevant to the instant suit.").   As alleged, Flint's switch to the Flint River, and the decisions to stay with the Flint River, were thus a policy created by State officials and imposed on the City of Flint by those State officials.   *See* Consolidated Amended Class Complaint, Dkt 349 at ¶¶113, 148, 153, 206, 210, 222, 251, 252.

This case was originally filed on February 8, 2016, and was quickly reassigned to the Honorable Judge O'Meara.   *See* Dkts 1, 6.   The original plaintiffs failed to serve any Defendants and in June of 2016, an emergency motion to extend the

summons was granted by Judge O'Meara. *See* Dkt 15. On August 22, 2016, a motion to dismiss was filed by the City Defendants, and on September 12, 2016 Plaintiffs responded by filing their first Amended Complaint. *See* Dkts 28, 31.

Defendants filed motions to dismiss this Amended Complaint between October 2016 and January 2017, and in February, 2017, Judge O'Meara entered an order dismissing this case. *See* Dkts 47, 69, 70, 71, 79, 111, 113. In May 2017, Judge O'Meara vacated that order with respect to the State-law claims asserted in the first amended complaint. *See* Dkt 119. Later that month, this case was reassigned to this Court. *See* Dkt 121.

On July 27, 2017, this case was consolidated with a number of Flint Water putative class actions. *See* Dkt 173. Plaintiffs filed a consolidated amended class complaint on September 29, 2017, naming 27 separate defendants and 12 separate causes of action.[1] *See* Dkt 214. Numerous motions to dismiss were filed and brief from December 2017 through March 2018. *See generally*, Dkts 276-413.

A hearing on these motions to dismiss was heard on July 11, 2018. Three weeks later, on August 1, 2018, this Court issued an Opinion and Order that dismissed, as to the governmental defendants, all claims against them except the substantive due process bodily integrity claim under 42 U.S.C. §1983, and dismissing a number of defendants altogether. *See* Dkt 546.

---

[1] Housekeeping amendments to this Consolidated Amended Class Complaint were subsequently filed on October 27, 2017, Dkt 238, and January 25, 2018. Dkt 349.

# IV.   ANALYSIS

**A.**   **WHETHER *MONELL* LIABILITY APPLIES, WHEN THE STATE OF MICHIGAN STRIPPED THE CITY OF FLINT OF INDEPENDENT POLICYMAKING AUTHORITY AND FORCED FLINT TO CARRY OUT STATE POLICIES, IS A CONTROLLING QUESTION OF LAW WARRANTING INTERLOCUTORY REVIEW**

To determine whether certification of interlocutory appeal is warranted, the first condition is whether this Court's August 1 Opinion and Order involves a controlling question of law.  28 U.S.C. §1292(b); *see also In re Trump*, 874 F.3d at 951.  Whether a complaint states a claim on which relief can be granted is a question of law.  *In re Trump*, 874 F.3d at 951 (citing *Ctr. for Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 369 (6th Cir. 2011)).  The effect and interpretation of a statute is also a question of law.  *Id*.  A legal issue is controlling if "resolution 'could materially affect the outcome of the case.'"  *Id.* at 951-52 (citing *In re City of Memphis*, 293 F.3d 345, 351 (6th Cir. 2002)).  Resolution of the question of law need not terminate the entire action to be controlling.  *In re Baker & Getty Fin. Servs.*, 954 F.2d 1169, 1172 n.8 (6th Cir. 1992).

*Monell* liability itself is clearly established: municipalities may not be held liable under 42 U.S.C. §1983 unless "the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated ***by that body's officers***."  *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978) (emphasis added).  However, as this Court acknowledged, whether *Monell* liability applies *here* – when State-appointed

officials took over the authority, roles, duties, functions and responsibilities of Flint's own officials, stripped them of independent policymaking authority, and forced Flint to implement a State policy, practice, or procedure – is a question of first impression. *See* Opinion and Order, Dkt 546 at PageID # 16718. Answering this question requires a determination of whether *Monell* liability is possible under the statutory scheme set forth in Michigan's EM law. *See* 2012 P.A. 436 (*codified at* M.C.L. §141.1541 *et seq.*).

By definition, this is a question of law. *See, e.g.*, *Boegh v. EnergySolutions, Inc.*, 772 F.3d 1056, 1059 (6th Cir. 2014) ("A matter requiring statutory interpretation is a question of law") (internal citation omitted); *Sanders v. Allison Engine Co.*, 703 F.3d 930, 936 (6th Cir. 2012) ("Statutory interpretation . . . present[s] questions of law"). If the policies, practices, and procedures imposed by an EM are *state* policies and not *local* policies, *Monell* liability cannot apply and the §1983 claim asserted against the City of Flint here necessarily fails. Resolution of this question could thus materially affect the outcome of this case and the issue is therefore a controlling question of law, satisfying the first condition for interlocutory appeal certification.

**B.** **AS AN ISSUE OF FIRST IMPRESSION, THERE ARE SUBSTANTIAL GROUNDS FOR DIFFERENCES OF OPINION REGARDING WHETHER THE CITY OF FLINT MAY BE SUBJECT TO *MONELL* LIABILITY UNDER CIRCUMSTANCES AS ALLEGED**

The second condition to be satisfied, to justify certification of interlocutory appeal, is whether substantial grounds for differences of opinion exist. 28 U.S.C.

§1292(b); *see also In re Trump*, 874 F.3d at 951.  The Sixth Circuit has held that issues of first impression can present substantial grounds for differences of opinion. *In re Trump*, 874 F.3d at 952.  Contrary precedent is not required.  *Id.*  All that is needed is that "fair-minded jurists might reach contradictory conclusions."  *Id.*

Here, as the Court acknowledged, the issue – whether *Monell* liability can apply when a municipality is controlled by state officials, stripped of independent policymaking authority, and forced to implement a State policy – is one of first impression.  While this Court did not find this to be a difficult question, the Court's reasoning provides ample grounds for fair-minded jurists to reach a different conclusion.  Specifically, this Court determined that:

> To hold otherwise would require a holding that the imposition of a different kind of government under the emergency manager statute meant that municipalities had, in effect, no government at all for constitutional purposes. The imposition of an emergency manager would completely block municipal liability for the unconstitutional acts of city officials or employees.

Opinion and Order, Dkt 546 at PageID #16719.  In other words, the Court reached its ultimate conclusion by first determining that not doing so would (1) result in municipalities having "in effect, no government at all for constitutional purposes" and (2) "completely block municipal liability for the unconstitutional acts of city officials or employees."  However, the Court's conclusion – that *Monell* liability applies here – does not necessarily follow from these determinations.

First, *Monell* expressly holds that municipalities may *not* be sued just because their officials or employees acted unconstitutionally. *Monell*, 436 U.S. at 694 ("We conclude, therefore, that a local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents"). *Monell* itself thus recognizes that there are circumstances in which a municipality should not be held liable for the unconstitutional acts of its officials or employees. As a result, the concern expressed by the Court – that municipal liability could be barred under certain circumstances – is one that is recognized by *Monell* itself. A reasonable, fair-minded jurist could thus reach a conclusion contradictory to that reached by this Court, and hold that *under the circumstances alleged here*, municipal liability is inappropriate.

Similarly, while the Court determined that failing to recognize *Monell* liability would be tantamount to determining that the municipality did not exist for constitutional purposes, *Monell* was not about whether a governmental unit exists, but rather about when a constitutional *claim* under §1983 may be made against the governmental unit. *See Monell*, 436 U.S. at 694-95. *Monell* allows constitutional claims to be made against a municipality only when the municipality "unconstitutional[ly] implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." *Id.* at 490. However, absent such a municipal policy, practice, or procedure adopted by the municipal body's own officers, only the individual employees or officials may be held liable under §1983.

Where, as here, the policy is one that imposed by a State official, and forced upon a city stripped of independent policymaking authority, the policy should be viewed as a *State* policy.  The proper defendant regarding that policy would be the State itself.  While Eleventh Amendment immunity may bar damages claims against the State in federal court, injunctive relief against State officials in their official capacity remains available under the *Ex parte Young* doctrine.  *See Ex Parte Young*, 209 U.S. 123 (1907).  Thus, a remedy for unconstitutional policies remains available, even when those policies are imposed by an EM, pursuant to 2012 P.A. 436.  Furthermore, assuming that a constitutional violation occurred, constitutional claims could still be brought against individual employees or officials, either state or municipal, unless those claims were otherwise deficient.

In other words, a fair-minded jurist could determine that *Monell* instructs that municipalities may be held liable only when the municipality itself creates an unconstitutional policy, practice, or procedure, and not when one is imposed by State officials who stripped the municipality of independent policymaking authority.  *See Monell*, 436 U.S. at 694.  That same fair-minded jurist could also reasonably determine that *Monell* was not intended to provide a mechanism for shifting liability from the State to local municipalities, nor does it provide a means to sidestep the restrictions of the Eleventh Amendment.  That fair-minded jurist would thus reach a contradictory conclusion – that *Monell* liability does not apply under the

circumstances of this case.  Substantial grounds for disagreement thus exists and the second condition for interlocutory appeal certification is satisfied.

**C.   IMMEDIATE APPEAL OF THIS ISSUE WILL MATERIALLY ADVANCE THE TERMINATION OF THIS CASE BECAUSE THE CITY OF FLINT MAY NOT BE HELD LIABLE UNLESS _MONELL_ LIABILITY APPLIES**

The third condition, as set forth in 28 U.S.C. §1292(b) and *In re Trump*, is whether immediate interlocutory appeal will materially advance the termination of this case.  28 U.S.C. §1292(b); *see also In re Trump*, 874 F.3d at 951.  Where a decision could result in a finding that a complaint fails to state a claim, termination of the litigation would be advanced.  *In re Trump*, 874 F.3d at 951.  Ultimate termination of litigation can be advanced even when only some of the parties are dismissed from a case.  *See, e.g.*, *In re Trump*, 874 F.3d at 950 (interlocutory appeal made by only one party to the litigation); *Nwanguma v. Trump*, 273 F. Supp. 3d 719, 723 (W.D. Ky. 2017) (trial court decision in the previous case denying a motion to dismiss by one plaintiff, thus ensuring that the overall litigation would continue).

The Sixth Circuit has held that "when litigation will be conducted in substantially the same manner regardless of [the court's] decision, the appeal cannot be said to materially advance the ultimate termination of the litigation.  *W. Tenn. Chapter of Assoc. Builders & Contractors, Inc. v. City of Memphis, (In re City of Memphis)*, 293 F.3d 345, 351 (6th Cir. 2002).  Conversely, ultimate termination of litigation is advanced when the litigation proceeds in a substantially different manner.

Here, as to Flint, only a single cause of action survived the initial 12(b)(6) motions: an alleged substantive due process claim for violation of Plaintiffs' right to bodily integrity, under 42 U.S.C. §1983.  Should *Monell* liability be inapplicable here, the sole remaining claim against Flint would be dismissed and Flint would no longer be a party to the case.  This would simplify the parties and issues subject to class certification, the scope of discovery, future motion practice, and ultimately the issues at trial.  This litigation would thus not proceed in substantially the same manner, since Flint would no longer participate as a party to the litigation.

In addition, there is virtually no chance that interlocutory appeal of this issue could materially *delay* the progress of this case.  Flint, and presumably all governmental defendants, intends to appeal the Court's denial of various claims to immunity.  *See Mitchell v. Forsyth*, 472 U.S. 511, 530; 105 S. Ct. 2806; 86 L. Ed. 2d 411, 427 (1985).  So far as those appeals raise pure issues of law, those denials may be appealed by right.  *See, e.g.*, *Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 147 (1993) (denial of Eleventh Amendment immunity immediately appealable by right); *Moldowan v. City of Warren*, 573 F.3d 309, 328 (6th Cir. 2009) (denial of qualified immunity immediately appealable by right).  As a result, interlocutory appeal of this, regarding whether *Monell* liability applies under the circumstances as alleged here, can thus be done concurrently with those appeals and resolved without undue or further delay.

Thus, the third condition justifying interlocutory appeal is satisfied, because interlocutory appeal may advance the ultimate termination of this litigation due to the potential dismissal of Flint as a party.  Interlocutory appeal would also not unduly delay this litigation.  Certification of interlocutory appeal, pursuant to 28 U.S.C. §1292(b), is thus warranted.

## V.   **CONCLUSION**

This Court should amend and certify in part its August 1, 2018 order for interlocutory appeal on the issue of whether *Monell* liability properly applies, where, through the State of Michigan's EM law, the City of Flint was stripped of independent policymaking authority and forced by a State official to execute a State policy.  This issue is a question of first impression that is a controlling question of law, with substantial grounds for a difference of opinion by reasonable jurists, and termination of the litigation may be materially advanced by an immediate appeal. The City thus respectfully requests that this Court amend and certify in part its August 1, 2018 Opinion and Order for interlocutory appeal, regarding whether the *Monell* liability may be assessed against the City of Flint under the circumstances of this case.

Respectfully submitted,

| *For City of Flint* | *For City of Flint* |
|---|---|
| **/s/ Frederick A. Berg, Jr. (P38002)** | **/s/ William Y. Kim (P76411)** |
| Sheldon H. Klein (P41062) | Reed E. Eriksson (P77085) |
| BUTZEL LONG, P.C. | Assistant City Attorneys |
| 150 W. Jefferson Ave., Suite 100 | CITY OF FLINT DEPT. OF LAW |
| Detroit, MI 48226 | 1101 S. Saginaw, 3rd Floor |
| (313)225-7000 | Flint, MI 48502 |
| bergf@butzel.com | (810)766-7146 |
| klein@butzel.com | wkim@cityofflint.com |
| | reriksson@cityofflint.com |

**Dated: August 15, 2018**

## CERTIFICATE OF SERVICE

I hereby certify that on December 1, 2017, I electronically filed the foregoing

pleadings using the ECF system which will send notification of such filing to the

counsels of record.

**Dated: August 15, 2018**                    /s/ William Y. Kim_____
                                               William Y. Kim (P76411)