**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

*In re* Flint Water Cases.

No. 5:16-cv-10444-JEL-MKM
(consolidated)
Hon. Judith E. Levy
Mag. Mona K. Majzoub

_____/

**CITY DEFENDANTS' MOTION TO STAY PROCEEDINGS**
***ORAL ARGUMENT REQUESTED***

Defendant City of Flint ("City")[1] and Defendants Darnell Earley, Gerald Ambrose, Daugherty Johnson, Michael Glasgow and Howard Croft ("Individual City Defendants") (collectively, "City Defendants"), now move to stay proceedings. This case involves a claim for money damages and other relief, under 42 U.S.C. § 1983.

On August 1, 2018, this Court granted in part and denied in part the City Defendants' Motion to Dismiss. The individual City Defendants argued, in part, that

_____

[1] Although not listed in the caption of this action, Plaintiffs' Complaint refers to the City of Flint, a Michigan municipal corporation, located in Genesee County, Michigan, as "Defendant City of Flint." Dkt. 349 at 2.

they were entitled to qualified immunity with respect to the Section 1983 claims. In addition, the City argued that it was entitled to Eleventh Amendment immunity, because the State of Michigan, under the state's Emergency Manager law, exercised a level of control over the City such that the City became a mere arm and instrumentality of the state.

On August 30, 2018, the City Defendants filed an appeal by right with the Sixth Circuit Court of Appeals from this Court's denial of qualified and Eleventh Amendment immunity, based on *Mitchell v. Forsyth*, 472, U.S. 511, 530 (1985). Such immunities are "immunity from suit rather than a mere defense to liability." *Id.* at 226. The City Defendants respectfully request that this Court stay all proceedings in this case pending the outcome of their appeal. Pursuant to E.D. Mich. L.R. 7.1 (a), the undersigned counsel requested concurrence in the relief sought in this motion and concurrence was declined.

Respectfully submitted,

*Attorneys for City of Flint*

**/s/ William Y. Kim (w/consent)**
WILLIAM Y. KIM (P76411)
REED E. ERIKSSON (P77085)
1101 S. Saginaw, 3rd Floor
Flint, MI 48502
(810) 766-7146
wkim@cityofflint.com
reriksson@cityofflint.com

*Attorneys for City of Flint*

**/s/ Frederick A. Berg**
FREDERICK A. BERG, JR. (P38002)
SHELDON H. KLEIN (P41062)
Butzel Long, P.C.
150 West Jefferson, Suite 100
Detroit, MI 48226
(313) 225-7000
bergf@butzel.com
klein@butzel.com

2

*Attorneys for Defendant*
*Gerald Ambrose*

**/s/ Barry A. Wolf (w/consent)**
BARRY A. WOLF (P40709)
Law Office of Barry A. Wolf PLLC
503 S. Saginaw Street, Suite 1410
Flint, MI 48502
(810) 762-1084
Bwolf718@msn.com

*Attorneys for Defendant*
*Howard Croft*

**/s/ Alexander S. Rusek (w/consent)**
ALEXANDER S. RUSEK (P77581)
White Law PLLC
2549 Jolly Road, Suite 340
Okemos, MI 48864
(517) 316-1195
alexrusek@whitelawpllc.com

*Attorneys for Defendant*
*Darnell Earley*

**/s/ Todd Perkins (w/consent)**
TODD PERKINS (P55623)
Perkins Law Group
615 W. Griswold Ste. 400
Detroit, MI. 48226
(313) 964-1702

*Attorneys for Defendant Michael*
*Glasgow*

**/s/ Brett T. Meyer (w/consent)**
BRETT T. MEYER (P75711)
O'Neill, Wallace & Doyle, P.C.
300 St. Andrews Road, Suite 302
Saginaw, MI 48605
(989) 790-0960
bmeyer@owdpc.com

*Attorneys for Daugherty Johnson*

**/s/ Dave Meyers (w/consent)**
Edwar A. Zeineh (P71923)
David W. Meyers (P69034)
Law Office of Edwar A. Zeineh
2800 E. River Ave., Suite B.
Lansing, MI 48912
(517)292-7000

Dated: September 5, 2018

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

*In re* Flint Water Cases.

No. 5:16-cv-10444-JEL-MKM
(consolidated)
Hon. Judith E. Levy
Mag. Mona K. Majzoub

_____/

**BRIEF IN SUPPORT OF CITY DEFENDANTS'**
**JOINT MOTION TO STAY PROCEEDINGS**
***ORAL ARGUMENT REQUESTED*****

# **TABLE OF CONTENTS**

**Page**

STATEMENT OF THE ISSUES PRESENTED......................................................... iii

CONTROLLING AUTHORITY SUPPORTING MOTION ................................. iv

INDEX OF AUTHORITES .................................................................................v

I.     INTRODUCTION AND BACKGROUND ....................................................1

II.    CONTROLLING LAW................................................................................2

III.   ANALYSIS..................................................................................................4

       A.    THE COURT SHOULD STAY THIS CASE BECAUSE
             THE FILING OF THE NOTICE OF APPEAL
             TRANSFERRED JURISDICTION TO THE SIXTH
             CIRCUIT COURT OF APPEALS.........................................................4

       B.    ALTERNATIVELY, A STAY OF PROCEEDINGS IS
             WARRANTED BECAUSE ALL FOUR FACTORS
             WEIGH IN FAVOR OF A STAY PENDING THE
             OUTCOME OF THE CITY DEFENDANTS' APPEAL...................6

             1.    "Serious questions going to the merits" are implicated
                   here because the City Defendants' appeal raises pure
                   issues of law that are largely issues of first impression
                   in this Circuit.................................................................................6

             2.    Proceeding to discovery will irreparably harm the City
                   Defendants because the immunities they assert include
                   the right to be free from burdensome and unwarranted
                   discovery.........................................................................................8

             3.    A stay pending appeal will not harm others, because
                   here Plaintiffs seek largely monetary damages and
                   they fail to allege any ongoing violations or immediate
                   need.................................................................................................8

             4.    The public interest will be served by a stay because
                   definitive determination of the legal issues involved

will serve judicial economy and prevent unnecessary
burdens and costs on the public ......................................................9

IV.   CONCLUSION...............................................................................10

## <u>STATEMENT OF THE ISSUES PRESENTED</u>

1) Should this case be stayed, pending resolution of the appeal filed by the City Defendants, which raises purely legal questions of qualified and Eleventh Amendment immunity?

## <u>CONTROLLING AUTHORITY SUPPORTING MOTION</u>

The City Defendants seek a stay of proceedings pending their timely filed appeal, and rely primarily upon the following most controlling or persuasive authority in support of their motion:

*Mich. Coalition of Radioactive Material Users, Inc. v. Griepentrog*,
   945 F.2d 150 (6th Cir. 1993)

*Mitchell v. Forsyth*,
   472 U.S. 511 (1985)

*Molodwan v. City of Warren*,
   573 F.3d 309 (6th Cir. 2009)

*Williamson v. Recovery Ltd. Partnership*,
   731 F.3d 608 (6th Cir. 2013)

# <u>INDEX OF AUTHORITES</u>

<u>Page</u>

<u>Cases</u>

*City of Cookeville v. Upper Cumberland Elec. Membership Corp.,*
   484 F.3d 380 (6th Cir.2007) ...................................................................4

*Cochran v. Birkel,*
   651 F.2d 1219 (6th Cir.1981) ................................................................4

*Dickerson v. McClellan,*
   37 F.3d 251 (6th Cir. 1994) ..................................................................2

*Everson v. Leis,*
   556 F.3d 484 (6th Cir. 2009) ................................................................3

*Gregory v. City of Louisville,*
   444 F.3d 725 (6th Cir. 2006) ................................................................2

*Griggs v. Provident Consumer Discount Co.,*
   459 U.S. 56 (1982) .................................................................................4

*Guertin v. Michigan,*
   2017 WL 48756618, at *1 (E.D. Mich. Oct. 30, 2017) ............................ 5, 9, 10

*Kennedy v. Cleveland,*
   797 F.2d 297 (6th Cir. 1986) ................................................................3

*Lucero v. Detroit Pub. Sch.,*
   160 F. Supp. 2d 767 (E.D. Mich. 2001).................................................6

*Mich. Coalition of Radioactive Material Users, Inc. v. Griepentrog,*
   945 F.2d 150 (6th Cir. 1993) ................................................................3

*Mitchell v. Forsyth,*
   472 U.S. 511 (1985).................................................................................2

*Moldowan v. City of Warren,*
  578 F.3d 351 (6th Cir. 2009) ...................................................................7

*Molodwan v. City of Warren,*
  573 F.3d 309 (6th Cir. 2009) ...................................................................2

*Pearson v. Callahan,*
  555 U.S. 223 (2009) .................................................................................8

*Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.,*
  506 U.S. 139 (1993) .................................................................................2

*Weaver v. Univ. of Cincinnati,*
  970 F.2d 1523 (6th Cir.1992) ...................................................................4

*Williamson v. Recovery Ltd. Partnership,*
  731 F.3d 608 (6th Cir. 2013) ....................................................................4

*Yates v. City of Cleveland,*
  941 F.2d 444 (6th Cir. 1991) ...................................................................3

## **Statutes**

M.C.L. §141.1549(2) .....................................................................................7

## **Rules**

F.R.C.P. 12(b)(6).............................................................................................5

## I.   <u>INTRODUCTION AND BACKGROUND</u>

The City Defendants respectfully request that this Court stay proceedings, pending the outcome of their appeal in this case, a civil suit arising out of the Flint Water Crisis. Plaintiffs' Consolidated Amended Class Action Complaint (CACC) (Dkt. # 214) brought seven claims, in whole or in part, against the City Defendants. In addition, the CACC also named as defendants other Governmental parties as well as three private engineering defendants.

The City Defendants moved to dismiss for failure to state a claim on which relief could be granted. Dkt. 276. The individual City Defendants asserted, as one reason for dismissal, that they were each entitled to qualified immunity as to Plaintiffs' § 1983 claims. *See id.* at 14. In addition, the City asserted that it was entitled to Eleventh Amendment immunity as to Plaintiffs' § 1983 claims because the State of Michigan, through 2012 P.A. 436, exercised a level of control over the City such that the City became a mere arm and instrumentality of the State. *See id.* at 32. On August 1, 2018, the Court issued an Opinion and Order granting in part and denying in part the City Defendants' motion to dismiss ("Opinion and Order"). Specifically, the Court (i) held that: Plaintiffs had stated a substantive due process "bodily integrity" claim and that the Individual City Defendants were not entitled to qualified immunity on that claim; (2) dismissed all other claims against the City Defendants; and (3) did not reach the Eleventh Amendment immunity issue.

On August 30, 2018, City Defendants filed a Notice of Appeal from the Opinion and Order's (1) denial of qualified immunity as to the Individual Defendants and (2) denial of Eleventh Amendment immunity as to the City of Flint. The City Defendants now move for a stay of all proceedings in this case, pending the outcome of their appeal.

## II.    <u>CONTROLLING LAW</u>

Denial of qualified immunity is immediately appealable because qualified immunity is "immunity from suit rather than a mere defense to liability." *Mitchell v. Forsyth*, 472 U.S. 511, 526-27 (1985).  So long as an interlocutory appeal raises pure issues of law, the Court of Appeals has jurisdiction to entertain the appeal. *Molodwan v. City of Warren*, 573 F.3d 309, 328 (6th Cir. 2009); *see also Gregory v. City of Louisville*, 444 F.3d 725, 742-43 (6th Cir. 2006) (allowing for interlocutory appeals on pure issues of law). Similarly, denial of a claim to Eleventh Amendment immunity is also immediately reviewable through an interlocutory appeal. *Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 143 (1993).

The filing of a proper notice of appeal generally divests the district court of jurisdiction and transfers jurisdiction to the court of appeals. *Dickerson v. McClellan*, 37 F.3d 251, 252 (6th Cir. 1994). The Sixth Circuit has held that a trial court is obligated, when an appeal based on a denial of qualified immunity is pending, to "not only refrain from proceeding to trial but to stay discovery until that

issue is decided." *Kennedy v. Cleveland*, 797 F.2d 297, 299 (6th Cir. 1986); *see also Everson v. Leis*, 556 F.3d 484, 491 (6th Cir. 2009) ("Qualified immunity is intended not only to protect officials from civil damages, but just as importantly, to protect them from the rigors of litigation itself, including the potential disruptiveness of discovery."). The only exception to this general rule is if the District Court finds the appeal to be frivolous. *Yates v. City of Cleveland*, 941 F.2d 444, 449 (6th Cir. 1991).

Alternatively, a motion for stay pending the outcome of an interlocutory appeal weighs the same factors used to evaluate whether a preliminary injunction is warranted: "(1) the likelihood that the moving party will prevail on the merits of the appeal; (2) the likelihood that the moving party will be irreparably harmed absent a stay; (3) the prospect that others will be harmed if the court grants the stay; (4) the public interest in granting the stay." *Mich. Coalition of Radioactive Material Users, Inc. v. Griepentrog*, 945 F.2d 150, 153 (6th Cir. 1993) (internal citations omitted). However, in contrast to a preliminary injunction, a movant need not establish a high probability of success on the merits to support a stay pending appeal. *Id.* Instead, to satisfy the "probability of success on the merits" prong, "[w]hen an appeal based on qualified immunity is pending, a movant must show how the appeal raises 'serious questions going to the merits.'" *Id.* at 153-54.

3

# III.   ANALYSIS

## A. THE COURT SHOULD STAY THIS CASE BECAUSE THE FILING OF THE NOTICE OF APPEAL TRANSFERRED JURISDICTION TO THE SIXTH CIRCUIT COURT OF APPEALS

As a general rule, "[t]he filing of a notice of appeal is an event of jurisdictional significance – it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Williamson v. Recovery Ltd. Partnership,* 731 F.3d 608, 626, (6th Cir. 2013), *citing Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982).  The *Williamson* court further described the role of the trial court after such a claim of appeal is filed:

> This transfer of power, however, does not effect a total divestiture of jurisdiction from the district court: it retains jurisdiction to enforce its judgment, *City of Cookeville v. Upper Cumberland Elec. Membership Corp.,* 484 F.3d 380, 394 (6th Cir.2007), to proceed with matters that will aid the appellate process, *Cochran v. Birkel,* 651 F.2d 1219, 1221 (6th Cir.1981), and to adjudicate matters unrelated to the issues on appeal, *Weaver v. Univ. of Cincinnati,* 970 F.2d 1523, 1528–29 (6th Cir.1992). In Weaver, in particular, we held that "an appeal from an interlocutory order does not divest the trial court of jurisdiction to continue deciding other issues involved in the case." 970 F.2d at 1528–29.

Thus, it seems there are three categories of issues regarding which a trial court is not divested of jurisdiction upon the filing of a claim of appeal: (a) the enforcement of judgments; (b) matters that aid the appellate process; and (c) other issues "unrelated" to the issues on appeal, e.g., claims against non-appellant parties.  Here, there is no judgment to enforce, and there are no issues that will "aid the appellate process" pending before the court.  Certainly, discovery is not something that will aid the

4

appellate process because the appeals are from motions to dismiss pursuant to F.R.C.P. 12(b)(6), in which only allegations—not allegedly discovered facts—are at issue.  And regarding the "other issues unrelated to the issues on appeal", City Defendants can point to the City's Motion to Amend in Part and Certify for Interlocutory Appeal this court's Opinion and Order regarding the *Monell* claims asserted against City of Flint only, which, while not directly related to the issues on appeal, qualifies as an "other" issue that this court is authorized to decide.  If the court decides that motion in the City's favor, the City will seek leave to appeal and to consolidate with the pending Claim of Appeal.  All other matters pending before this court do not relate to the appeal and therefore should be stayed.

Furthermore, this appeal is not frivolous because it does not involve any factual disputes necessary to its determination. The City Defendants, as required as this stage of the proceedings, have accepted as true all of Plaintiffs' well-pled allegations. Instead, their appeal addresses only pure questions of law, which are properly raised in interlocutory appeals of this kind. *See Guertin v. Michigan*, No. 16-cv-12412, 2017 WL 48756618, at *1 (E.D. Mich. Oct. 30, 2017) (deciding in similar Flint Water Crisis case that a motion to stay was warranted because "at the motion to dismiss phase a qualified immunity appeal . . . must be legal in nature and not factual."). The District Court thus has no reason to retain jurisdiction over the sole surviving claims against the remaining City Defendants.

Jurisdiction over all aspects of this case that involve the City Defendants was thus transferred to the Court of Appeals once the remaining City Defendants filed their Notice of Appeal. Absent jurisdiction, this Court lacks the authority to take any actions regarding this case until the appeal has been decided. A stay of proceedings in the District Court is therefore required.

**B. ALTERNATIVELY, A STAY OF PROCEEDINGS IS WARRANTED BECAUSE ALL FOUR FACTORS WEIGH IN FAVOR OF A STAY PENDING THE OUTCOME OF THE CITY DEFENDANTS' APPEAL**

**1. "Serious questions going to the merits" are implicated here because the City Defendants' appeal raises pure issues of law that are largely issues of first impression in this Circuit.**

The City Defendants' appeal is based solely on questions of law, as required at this stage of the proceedings. The relevant questions raised are ones of first impression in this Circuit. The City Defendants thus raise "serious questions going to the merits" of their appeal, justifying a stay of further proceedings.

For example, no circuit court has ever held that the contamination of a municipal water system, as Plaintiffs allege here, can give rise to a substantive due process bodily integrity claim. In contrast, a district court has previously declined to find a substantive due process claim where a school district exposed its students to contaminated water by building a school on a contaminated site. *See Lucero v. Detroit Pub. Sch.*, 160 F. Supp. 2d 767, 797-800 (E.D. Mich. 2001). This raises a serious question of law going to the merits of qualified immunity: specifically,

6

whether Plaintiffs have alleged a substantive due process bodily integrity claim, and whether that claim was clearly established when the relevant events occurred. *See Moldowan v. City of Warren,* 578 F.3d 351, 375 (6th Cir. 2009).  If the answer to either question is "no," the individual City Defendants will be entitled to qualified immunity.

Similarly, the Sixth Circuit has never addressed whether Michigan's 2012 P.A. 436, commonly known as the Emergency Manager Law, creates a situation where the control exercised by the State of Michigan renders the municipality an "arm of the state" for purposes of Eleventh Amendment immunity. The Emergency Manager Law empowers an official, appointed by and serving at the pleasure of the Governor, to "act for an in the place and stead of the governing body and the office of chief administrative officer of the local government." M.C.L. §141.1549(2). This sweeping and unprecedented level of control raises a serious question that goes to the merits of whether the City of Flint is entitled to Eleventh Amendment immunity.

The City Defendants' Appeal thus raises pure issues of law that have never been addressed by the Sixth Circuit. These issues create more than the mere possibility of success on the merits; instead, they raise serious questions going to the merits of the appeal. As a result, this first factor weighs in favor of a stay.

**2. Proceeding to discovery will irreparably harm the City Defendants because the immunities they assert include the right to be free from burdensome and unwarranted discovery.**

The Sixth Circuit also recognizes that qualified and Eleventh Amendment immunity is immunity from the burdens of litigation. *See Everson*, 556 F.3d 484, 492 (*citing Pearson v. Callahan*, 555 U.S. 223, 231-32 (2009)). These burdens include "unwarranted discovery and other litigation costs." *Id.* Such costs constitute an irreparable harm, especially given the financial burden they place on the City of Flint.  The precarious nature of the City's finances are well-known - while the City is no longer under Emergency Management, it struggles to lift itself from the water crisis and obtain a solid financial footing again. This second factor thus also weighs in favor of a stay.

**3. A stay pending appeal will not harm others, because here Plaintiffs seek largely monetary damages and they fail to allege any ongoing violations or immediate need.**

Here, Plaintiffs seek mostly retrospective relief for their alleged injuries. Any immediate needs of the Plaintiffs are largely, if not completely, addressed by a settlement agreement reached in another case arising out of Flint Water Crisis, *Concerned Pastors et al. v. Khouri et al.*, E.D. Mich. Case No. 16-10277. *See* **Exhibit A:** ***Concerned Pastors*** **Settlement Agreement**. In that Settlement Agreement, the City of Flint and the State of Michigan agreed to take numerous steps to alleviate the immediate needs of persons affected by the Flint Water Crisis

and to expedite the replacement of lead service lines in the City of Flint. *Id.* A stay of this case, which seeks largely monetary damages and other retrospective relief will thus not harm others, and this third factor also weighs in favor of a stay.

Furthermore, a stay in a similar case was ordered on October 30, 2017 by this Court, and continues awaiting the decision of the Sixth Circuit in *Guertin v. State of Michigan, et al.*, Case No. 16-12412, Dkt 215. It would be inconsistent as well as disruptive to the ordered administration of these cases to permit the same discovery to proceed now—regarding the very same legal claims—that is now stayed pending the outcome of the appeal in *Guertin*.

### 4. The public interest will be served by a stay because definitive determination of the legal issues involved will serve judicial economy and prevent unnecessary burdens and costs on the public.

Finally, several public interests will be served by a stay. First, requiring the City to incur litigation costs that could be rendered unnecessary by the City Defendants' appeal burdens the City and its taxpayers. Avoiding such unwarranted expenditures benefits the public interest in proper stewardship of public funds. Second, the use of judicial resources to oversee further proceedings could also be rendered unnecessary by the City Defendants' appeal, and avoiding these unnecessary demands on judicial resources benefits the public interest in efficient judicial operations. Additionally, to permit such discovery to proceed now would

precipitate issues relating to the existing stay in the *Guertin* case, which prohibits the same discovery that would proceed should this motion be denied.

Furthermore, no public interest would be served by proceeding in this case, while questions of law applicable to qualified and Eleventh Amendment immunity are pending. This factor, thus also weighs in favor of a stay pending appeal. All four of the factors thus weigh in favor of a stay, pending the outcome of the City Defendants' appeal.

## IV.   <u>CONCLUSION</u>

The City Defendants' appeal raises pure issues of law regarding their entitlement to qualified and Eleventh Amendment immunity that are issues of first impression in this Circuit. As all four of the factors weigh in their favor, a stay of this case pending their appeal is therefore warranted.  Alternatively, the filing of the Notice of Appeal divested the District Court of jurisdiction over the City Defendants. The City Defendants thus respectfully request that this Court stay all further proceedings in this case pending their appeal from this Court's August 1 Opinion and Order.

Respectfully submitted,

*Attorneys for City of Flint*

**/s/ William Y. Kim (w/consent)**
WILLIAM Y. KIM (P76411)
REED E. ERIKSSON (P77085)
1101 S. Saginaw, 3rd Floor
Flint, MI  48502
(810) 766-7146
wkim@cityofflint.com
reriksson@cityofflint.com

*Attorneys for City of Flint*

**/s/ Frederick A. Berg**
FREDERICK A. BERG, JR. (P38002)
SHELDON H. KLEIN (P41062)
Butzel Long, P.C.
150 West Jefferson, Suite 100
Detroit, MI  48226
(313) 225-7000
bergf@butzel.com
klein@butzel.com

*Attorneys for Defendant*
*Gerald Ambrose*

**/s/ Barry A. Wolf (w/consent)**
BARRY A. WOLF (P40709)
Law Office of Barry A. Wolf PLLC
503 S. Saginaw Street, Suite 1410
Flint, MI  48502
(810) 762-1084
Bwolf718@msn.com

*Attorneys for Defendant*
*Howard Croft*

**/s/ Alexander S. Rusek (w/consent)**
ALEXANDER S. RUSEK (P77581)
White Law PLLC
2549 Jolly Road, Suite 340
Okemos, MI  48864
(517) 316-1195
alexrusek@whitelawpllc.com

*Attorneys for Defendant*
*Darnell Earley*

**/s/ Todd Perkins (w/consent)**
TODD PERKINS (P55623)
Perkins Law Group
615 W. Griswold Ste. 400
Detroit, MI. 48226
(313) 964-1702

*Attorneys for Defendant Michael*
*Glasgow*

**/s/ Brett T. Meyer (w/consent)**
BRETT T. MEYER (P75711)
O'Neill, Wallace & Doyle, P.C.
300 St. Andrews Road, Suite 302
Saginaw, MI  48605
(989) 790-0960
bmeyer@owdpc.com

*Attorneys for Daugherty Johnson*

**/s/ Dave Meyers (w/consent)**
Edwar A. Zeineh (P71923)
David W. Meyers (P69034)
Law Office of Edwar A. Zeineh
2800 E. River Ave., Suite B.
Lansing, MI 48912
(517)292-7000

Dated:  September 5, 2018

12

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on September 5, 2018, I electronically filed the above document with the Clerk of the Court using the ECF system, which will send notification of such filing to all counsel of record.

By: /s/ Frederick A. Berg
　　　Frederick A. Berg, Jr. (P38002)
　　　bergf@butzel.com

000147576\0001\1891868.v3