UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

*In Re* Flint Water Cases

No. 5:16-cv-10444-JEL-MKM

HON. JUDITH E. LEVY

MAG. MONA K. MAJZOUB

---

### STATE DEFENDANTS'
### MOTION FOR A STAY OF DISCOVERY

### ORAL ARGUMENT REQUESTED

State Defendants hereby move for a stay of discovery and state as follows in support:

1.     Up until November 7, 2018, this Court had recognized the well-settled law forbidding discovery in the *In re Flint Water Cases* litigation—both the consolidated class action and individual actions—until the many assertions of immunity made by State Defendants (State of Michigan, Flint Receivership Transition Advisory Board, Governor Rick Snyder, Nick Lyon, Eden Wells, and Andy Dillon) are resolved.

2.     But on November 7, 2018, this Court expressed its intention to subject State Defendants to full discovery proceedings despite their unresolved assertions of immunity, and the Court ordered the parties to

file a plan by December 14, 2018 for conducting discovery. (Dkt. 669.)
That decision necessitates this motion, which seeks a stay of all
discovery in the *In re Flint Water Cases* litigation pending the final
resolution of State Defendants' assertion of immunity, including
pending and future appeals.

3.     This Court issued an opinion and order granting in part and
denying in part State Defendants' assertion of immunity in the
consolidated class actions on August 1, 2018. (Dkt. 546.)

4.     The Court dismissed claims against the State of Michigan,
and Governor Snyder. The only claims involving State Defendants the
Court did not dismiss were the 42 U.S.C. § 1983 bodily integrity claims
against Andy Dillon and Nick Lyon, for which they had asserted
qualified immunity.

5.     Defendants Lyon and Dillon filed a timely notice of appeal
on August 28, 2018, appealing this Court's rulings on qualified
immunity and failure to state a claim. (Dkt. 579.)

6.     On November 9, 2018, the Court vacated its August 1, 2018
opinion. (Dkt. 670.) But the Sixth Circuit has already taken
jurisdiction over the appeal (Sixth Circuit Dkt. 6), and the State of

Michigan, Governor Snyder, Andy Dillon, and Nick Lyon have amended their notice of appeal to include the Court's November 9, 2018 order that denied the immunity asserted by the State of Michigan and Governor Snyder by reinstating Plaintiffs' claims against them.  (Dkt. 684.)

7.    So the Court must not only stay discovery in all of the *In re Flint Water Cases* litigation because State Defendants have repeatedly asserted immunity defenses that remain unresolved, but because the Court must recognize the transfer of jurisdiction to the Sixth Circuit.

8.    State Defendants respectfully request that this Court grant their motion and enter a stay.

9.    As required by LR 7.1(a), State Defendants sought concurrence from the other parties to this motion.  The DEQ Defendants and the City of Flint Defendants concurred, but the remaining parties either do not concur or had not responded at the time of filing.

Respectfully submitted,

/s/ Nathan A. Gambill

| | |
|---|---|
| Eugene Driker (P12959) | Richard S. Kuhl (P42042) |
| Morley Witus (P30895) | Margaret A. Bettenhausen (P75046) |
| Todd R. Mendel (P55447) | Nathan A. Gambill (P75506) |

Special Assistant Attorneys
General for Governor Richard
D. Snyder
Barris, Sott, Denn & Driker,
PLLC
333 W. Fort Street, Suite 1200
Detroit, MI 48226
(313) 965-9725
edriker@bsdd.com
mwitus@bsdd.com
tmendel@bsdd.com

Zachary C. Larsen (P72189)
Assistant Attorneys General
Environment, Natural Resources,
and Agriculture Division
Attorneys for Defendants State of
Michigan, Flint Receivership
Transition Advisory Board, Governor
Rick Snyder, Nick Lyon, Eden Wells
and Andy Dillon
P.O. Box 30755
Lansing, MI 48909
(517) 373-7540
kuhlr@michigan.gov
bettenhausenm@michigan.gov
gambilln@michigan.gov
larsenz@michigan.gov

Dated:  November 30, 2018

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

*In Re* Flint Water Cases

No. 5:16-cv-10444-JEL-MKM

HON. JUDITH E. LEVY

MAG. MONA K. MAJZOUB

---

**BRIEF IN SUPPORT OF STATE DEFENDANTS' MOTION
FOR A STAY OF DISCOVERY**

**ORAL ARGUMENT REQUESTED**

## TABLE OF CONTENTS

<u>Page</u>

Index of Authorities...................................................................................ii

Concise Statement of Issues Presented ....................................................iv

Controlling or Most Appropriate Authority..............................................v

Introduction.............................................................................................1

Argument..................................................................................................2

I.    The Court must stay all discovery in the *In re Flint Water Litigation Cases* pending the final resolution of State Defendants' assertions of immunity. ...............................................2

II.    This Court also must stay discovery because the notices of appeal divested this Court of jurisdiction.......................................5

Conclusion and Relief Requested...........................................................11

Certificate of Service ...............................................................................1

i

# INDEX OF AUTHORITIES

<u>Page</u>

## Cases

*Apostol v. Gallion*,
  870 F.2d 1335 (7th Cir. 1989) .............................................................7

*Criss v. City of Kent*,
  867 F.2d 259 (6th Cir. 1988) ..............................................................3

*Dickerson v. McLellan*,
  37 F.3d 251 (6th Cir. 1994) ............................................................6, 8

*Everson v. Leis*,
  556 F.3d 484 (6th Cir. 2009) ..........................................................4, 9

*Griggs v. Provident Consumer Disc. Co.*,
  459 U.S. 56 (1982) ..............................................................................6

*Harlow v. Fitzgerald*,
  457 U.S. 800 (1982) ........................................................................v, 3

*Kimble v. Hoso*,
  439 F.3d 331 (6th Cir. 2006) ..............................................................4

*Mattox v. City of Forest Park*,
  183 F.3d 515 (6th Cir. 1999) ..............................................................7

*Mitchell v. Forsyth*,
  472 U.S. 511 (1985) ..............................................................v, 3, 5, 6

*Siegert v. Gilley*,
  500 U.S. 226 (1991) ............................................................................3

*Skousen v. Brighton High Sch.*,
  305 F.3d 520 (6th Cir. 2002) ..............................................................4

*Smith v. Leis*,
  407 F. App'x 918 (6th Cir. 2011) ........................................................4

*Town of Smyrna, Tenn. v. Mun. Gas Auth. of Georgia,*
  723 F.3d 640 (6th Cir. 2013) .................................................................. 6

*Wallin v. Norman,*
  317 F.3d 558 (6th Cir. 2003) .................................................................. 9

*Wicks v. Mississippi State Employment Servs.,*
  41 F.3d 991 (5th Cir. 1995) .................................................................. 5

*Williamson v. Recovery Ltd. P'ship,*
  731 F.3d 608 (6th Cir. 2013) .................................................................. 6

*Yates v. Cleveland,*
  941 F.2d 444 (6th Cir. 1991) .................................................................. 6

## CONCISE STATEMENT OF ISSUES PRESENTED

1. Do State Defendants' assertions of immunity entitle them to a stay of discovery in the *In re Flint Water Cases* litigation?

2. Did State Defendants' notices of appeal divest this Court of jurisdiction over the Court's August 1, 2018 opinion and November 9, 2018 order, and thus require not only a stay of discovery in the consolidated class actions but all of the *In re Flint Water Cases* litigation?

## CONTROLLING OR MOST APPROPRIATE AUTHORITY

*Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)

*Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)

# INTRODUCTION

The Court must stay all discovery in all cases in the *In re Flint Water Cases* litigation for two reasons.  First, the Supreme Court has long held that parties who assert Eleventh Amendment and qualified immunity are entitled to a stay of discovery pending the resolution of their assertions of immunity.  Here, State Defendants have asserted both Eleventh Amendment and qualified immunity at every opportunity in any case in the *In re Flint Water Cases* litigation—both the consolidated class actions and the individual actions.

Until recently, the Court had acknowledged the settled law that discovery could not proceed against parties who had asserted immunity pending the resolution of their claims of immunity.  But at the November 7, 2018 status conference, the Court expressed its intention to subject State Defendants to full discovery proceedings despite their unresolved assertions of immunity, and the Court ordered the parties to file a case management plan by December 14, 2018 for conducting discovery.  (Dkt. 669.)  That decision necessitates this motion, which seeks a stay of all discovery in the *In re Flint Water Cases* litigation pending the final resolution of State Defendants' assertion of immunity.

1

Second, the Court must stay discovery pending State Defendants' appeal of this Court's August 1, 2018 denial of their assertion of qualified immunity and this Court's November 9, 2018 order attempting to vacate the August 1, 2018 opinion that had recognized the State of Michigan's immunity.  That appeal divested this Court of jurisdiction over the matters on appeal, making the stay automatic.  And because the claims against State Defendants in the consolidated class actions are inextricably intertwined not only with the other claims in the consolidated class actions but the claims in the individual actions, the appeals require this Court to stay *all* discovery in the *In re Flint Water Cases* litigation.

## ARGUMENT

### I.    The Court must stay all discovery in the *In re Flint Water Litigation Cases* pending the final resolution of State Defendants' assertions of immunity.

State Defendants have asserted both Eleventh Amendment immunity and qualified immunity multiple times in the *In re Flint Water* litigation—both in the consolidated class actions and individual actions.  The "Supreme Court has clearly stated that discovery in litigation against government officials should be halted until the

2

threshold question of immunity is resolved." *Criss v. City of Kent*, 867 F.2d 259, 261 (6th Cir. 1988) (citing *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)).  Indeed, there is an "*entitlement*" that State Defendants not be subjected to discovery or the other "burdens of litigation" in the *In re Flint Water* cases consolidated in this Court pending the resolution of their assertions of immunity.  *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) (emphasis added).

There is no legal support of which State Defendants are aware that would authorize the Court to subject State Defendants to full discovery and the other burdens of litigation before State Defendants' many assertions of immunity in the *In re Flint Water Cases* litigation are resolved.  To the contrary, "[o]ne of the purposes of immunity, absolute or qualified, is to spare a defendant not only unwarranted liability, but unwarranted demands customarily imposed upon those defending a long drawn out lawsuit."  *Siegert v. Gilley*, 500 U.S. 226, 232 (1991).  This "immunity to suit" is "effectively lost" if a trial court "erroneously" burdens immune defendants with the costs of discovery and other preparations for trial.  *Id.* at 233 (quoting *Mitchell*, 472 U.S. at 526).

Indeed, the connection between immunity and the burden of trial preparation is so strong, that a district court's delay in ruling on the question of immunity to allow discovery and other pre-trial matters— including any denial the Court issues in response to the instant motion—is *itself* a collateral order that can be immediately appealed by right as a denial of immunity.  *Skousen v. Brighton High Sch.*, 305 F.3d 520, 526 (6th Cir. 2002) (holding that refusal to rule on immunity in order to allow discovery is a collateral order that can be immediately appealed); *Kimble v. Hoso*, 439 F.3d 331, 335 (6th Cir. 2006) (citing *Skousen* for the proposition that to delay ruling on immunity to allow discovery is "legally erroneous"); *Everson v. Leis*, 556 F.3d 484, 491 (6th Cir. 2009) (district court's delay in favor of discovery was a collateral order because by "refusing to address qualified immunity when it was raised, the district court had undercut one of the primary rationales for such immunity—to save officials from unwarranted discovery"); *Smith v. Leis*, 407 F. App'x 918, 926 (6th Cir. 2011) ("[P]ermitting further litigation prior to ruling on the immunity claims directly contradicts this court's mandate that district courts may not avoid ruling on properly raised claims of immunity."); s*ee also Wicks v. Mississippi*

4

*State Employment Servs.*, 41 F.3d 991, 994 (5th Cir. 1995) (citing *Mitchell*, 472 U.S. at 526–527) (denial of motion to stay discovery was a collateral order because it was a denial of immunity).

The Court has no leeway on this matter.  The caselaw from the Supreme Court and Sixth Circuit is unequivocal that the Court must stay discovery pending the resolution of State Defendants' assertions of immunity.

## II.   This Court also must stay discovery because the notices of appeal divested this Court of jurisdiction.

The Court also must stay discovery in the *In re Flint Water Cases* litigation because the State of Michigan, Governor Snyder, Andy Dillon, and Nick Lyon (Class Action State Defendants) have filed notices of appeal of this Court's August 1, 2018 denial of their qualified immunity and subsequent attempt on November 9, 2018 to vacate the order recognizing the State of Michigan's immunity.  Because an appeal divests this Court of jurisdiction over issues related to the appeal, this Court has no jurisdiction over the claims against Class Action State Defendants and must stay discovery in these cases.

It is axiomatic that "[t]he filing of a notice of appeal is an event of jurisdictional significance" and "confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982).  A lower court "retains jurisdiction to enforce its judgment, to proceed with matters that will aid the appellate process, and to adjudicate matters unrelated to the issues on appeal," *Williamson v. Recovery Ltd. P'ship*, 731 F.3d 608, 626 (6th Cir. 2013), but it may not decide issues connected to the appeal.

It is well-established that a defendant may immediately appeal the denial of qualified immunity under the collateral order doctrine. *Mitchell*, 472 U.S. at 525.  The same is true of a denial of the assertion of Eleventh Amendment immunity.  *Town of Smyrna, Tenn. v. Mun. Gas Auth. of Georgia*, 723 F.3d 640, 645 (6th Cir. 2013).  The Sixth Circuit recognizes that such appeals have the effect of divesting a lower court jurisdiction over related matters, *Dickerson v. McLellan*, 37 F.3d 251, 252 (6th Cir. 1994), and deny the trial court the ability to proceed to trial, *Yates v. Cleveland*, 941 F.2d 444, 448 (6th Cir. 1991) (observing that "a *Forsyth* appeal divests a district court of jurisdiction to conduct

a trial until qualified immunity is resolved"), (quoting *Apostol v. Gallion*, 870 F.2d 1335, 1338 (7th Cir. 1989)).

Here, Class Action State Defendants' notices of appeal entitle them not only to avoid trial but also to a complete stay of discovery against them. Class Action State Defendants filed a proper appeal raising a pure issue of law based on this Court's denial of qualified immunity. (Dkt. 579.) As part of that appeal, they challenge this Court's ruling that Plaintiffs stated a claim alleging a violation of a substantive-due-process right to bodily integrity. *See Mattox v. City of Forest Park*, 183 F.3d 515, 524 (6th Cir. 1999) (permitting pendent appellate jurisdiction over issues that are "coterminous with, or subsumed in, the claim before the court on interlocutory appeal"). Class Action State Defendants also appealed the Court's November 9, 2018 order that purported to vacate the Court's opinion that had recognized the State of Michigan's immunity and dismissed the claims against Governor Snyder. (Dkt. 684.)

Because the appealed issues address the viability of the sole remaining claims against Class Action State Defendants in the consolidated class actions, any proceedings on those claims conflict with

7

the Sixth Circuit's now-exclusive jurisdiction over issues related to the claims. *Dickerson*, 37 F.3d at 252. Therefore, this Court must stay all discovery in the consolidated class actions in recognition that it no longer has jurisdiction over the claims against Class Action State Defendants.

But that is not all. Not only must the Court stay all discovery as to Class Action State Defendants in the consolidated class actions, but the unique nature of this litigation requires that the Court stay *all* discovery in *all* the cases connected to the *In re Flint Water Cases* litigation—both the consolidated class actions and the individual cases. That is because the various claims in this case are inextricably connected. There are very few if any issues that parties who have not asserted immunity can examine in discovery that are not directly connected to State Defendants.

For example, as their multiple notices of non-party fault and other statements make clear, the core defense of the Engineering Defendants is to blame State Defendants. (*See, e.g.,* Dkts. 547, 672.) If Engineering Defendants were to perform or defend depositions, counsel for State Defendants would *still* be required to participate to protect the interests

8

of State Defendants—thus thwarting a key tenant of immunity as discussed above. The same would be true if the Engineering Defendants conducted written discovery, or if Plaintiffs conducted discovery directed at the Engineering Defendants.

Moreover, the Court has ordered that any discovery performed in this case avoid duplication if possible. (Dkt. 675.) So if the non-immunity-asserting defendants were to perform discovery, State Defendants would risk losing the opportunity to seek discovery from the same sources in the future in the event their immunity is ultimately denied. Therefore, State Defendants would *still* be required to expend substantial resources to participate in discovery even if discovery is stayed only against them.

This Court has a well-settled obligation to ensure that State Defendants not "be forced to go through a large part of the litigation process that the qualified immunity doctrine seeks to avoid." *Everson*, 556 F.3d at 491 (citing *Wallin v. Norman*, 317 F.3d 558, 563 (6th Cir. 2003)). Accordingly, the Court must not only stay all discovery against State Defendants. It must stay all discovery in the *In re Flint Water Cases* litigation.

9

Importantly, the Court would *still* be required to stay all discovery in the *In re Flint Water Cases* litigation for the reasons discussed in Section I even if the appeals are found to be improper because of the Court's November 9, 2018 order.  The Court's attempted vacation of the August 1, 2018 opinion would mean that the most recent complaints in the consolidated class actions and individual actions would presumably be the operative complaints, and State Defendants' motions asserting their immunity to those claims remain pending.  (Dkt. 279 in *Carthan v. Snyder*, Case No. 16-cv-10444; Dkt. 90 in *Sirls, et al., v. State of Michigan, et al.,* 17-cv-10342; and Dkt. 143 in *Walters, et al., v. Snyder, et al.*, 17-cv-10164.)  As explained in Section I, the Court is not authorized to proceed with discovery while the outstanding assertions of immunity remain unresolved.  As a practical matter, it does not make sense to do so until the pending appeals and motions to amend are resolved and Plaintiffs' actual claims are identified.  Moreover, State Defendants must continue to assert their immunity as often as Plaintiffs are allowed to draw out this litigation by repeatedly amending their complaints.

While State Defendants have strived to be as reasonable as possible during the course of this litigation, there is simply no lawful way for the Court to proceed with discovery in the *In re Flint Water Cases* litigation until State Defendants' assertions of immunity are fully resolved.

## CONCLUSION AND RELIEF REQUESTED

Supreme Court and Sixth Circuit precedent is very clear that the Court must stay all discovery in the *In re Flint Water Cases* litigation pending the final resolution of the State Defendants' repeated assertions of immunity, including pending appeals. Accordingly, State Defendants request that the Court stay all discovery in the *In re Flint Water Cases* litigation.

Respectfully submitted,

*/s/ Nathan A. Gambill*

| | |
|---|---|
| Eugene Driker (P12959) | Richard S. Kuhl (P42042) |
| Morley Witus (P30895) | Margaret A. Bettenhausen (P75046) |
| Todd R. Mendel (P55447) | Nathan A. Gambill (P75506) |
| Special Assistant Attorneys | Zachary C. Larsen (P72189) |
| General for Governor Richard | Assistant Attorneys General |
| D. Snyder | Environment, Natural Resources, |
| Barris, Sott, Denn & Driker, | and Agriculture Division |
| PLLC | Attorneys for Defendants State of |
| 333 W. Fort Street, Suite 1200 | Michigan, Flint Receivership |
| Detroit, MI 48226 | Transition Advisory Board, Governor |

(313) 965-9725     Rick Snyder, Nick Lyon, Eden Wells
edriker@bsdd.com    and Andy Dillon
mwitus@bsdd.com     P.O. Box 30755
tmendel@bsdd.com    Lansing, MI 48909
             (517) 373-7540
             kuhlr@michigan.gov
             bettenhausenm@michigan.gov
             gambilln@michigan.gov
Dated:  November 30, 2018  larsenz@michigan.gov

## CERTIFICATE OF SERVICE

I hereby certify that on November 30, 2018, I electronically filed the above document(s) with the Clerk of the Court using the ECF System, which will provide electronic copies to counsel of record.

Respectfully submitted,

*/s/ Nathan A. Gambill*

| | |
|---|---|
| Eugene Driker (P12959) | Richard S. Kuhl (P42042) |
| Morley Witus (P30895) | Margaret A. Bettenhausen (P75046) |
| Todd R. Mendel (P55447) | Nathan A. Gambill (P75506) |
| Special Assistant Attorneys | Zachary C. Larsen (P72189) |
| General for Governor Richard | Assistant Attorneys General |
| D. Snyder | Environment, Natural Resources, |
| Barris, Sott, Denn & Driker, | and Agriculture Division |
| PLLC | Attorneys for Defendants State of |
| 333 W. Fort Street, Suite 1200 | Michigan, Flint Receivership |
| Detroit, MI 48226 | Transition Advisory Board, Governor |
| (313) 965-9725 | Rick Snyder, Nick Lyon, Eden Wells |
| edriker@bsdd.com | and Andy Dillon |
| mwitus@bsdd.com | P.O. Box 30755 |
| tmendel@bsdd.com | Lansing, MI 48909 |
| | (517) 373-7540 |
| | kuhlr@michigan.gov |
| | bettenhausenm@michigan.gov |
| | gambilln@michigan.gov |
| | larsenz@michigan.gov |

S:\CEPB3\ENRA_FlintWater\USDC-Waid (AG# 2016-0131314-A)\Pleadings\Final (Word Versions)\~In re Flint\Motion for Stay 2018-11-30.docx

1