**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

*In re* Flint Water Cases.

No. 5:16-cv-10444-JEL-MKM
(consolidated)
Hon. Judith E. Levy
Mag. Mona K. Majzoub

_____/

## CITY DEFENDANTS' MOTION TO STRIKE ALLEGATIONS FROM PLAINTIFFS' FOURTH AMENDED COMPLAINT

Defendant City of Flint ("City") and Defendants Darnell Earley, Gerald Ambrose, Daugherty Johnson, Michael Glasgow, and Howard Croft ("Individual City Defendants") (collectively, "City Defendants"), now move to strike certain allegations from Plaintiffs' Fourth Amended Complaint ("Complaint") pursuant to Fed. R. Civ. P. 12(f), because the allegations in question are relevant only to claims that this Court dismissed in its April 1, 2019 Memorandum Opinion and Order (Dkt. 798) ("Order") and are immaterial and scandalous. The specific allegations are highlighted in the version of the Complaint attached as Exhibit A. City Defendants

2712243

thus respectfully request that paragraphs v, vi, viii, ix, 60*,[1] 69*, 70*, 71*, 72*-73, 77*, 137*-140, 361, 363*, 365-368, 403*-413, Heading "5" (p. 146), 417-418, 422*-427, 437-435, 439-448*, 450, 471-554, 609-619, and 646-652 be stricken.

A brief is submitted in support of this Motion.

Pursuant to E. D. Mich. LR 7.1(a)(2)(A), there was a conference between attorneys or unrepresented parties and other persons entitled to be heard on the motion invited by email in which the movant explained the nature of the motion or request and its legal basis and requested but did not obtain concurrence in the relief sought.

Respectfully submitted,


*Attorneys for City of Flint*

**/s/ William Y. Kim (w/consent)**
WILLIAM Y. KIM (P76411)
REED E. ERIKSSON (P77085)
1101 S. Saginaw, 3rd Floor
Flint, MI  48502
(810) 766-7146
wkim@cityofflint.com
reriksson@cityofflint.com

*Attorneys for City of Flint*

**/s/ Frederick A. Berg**
FREDERICK A. BERG, JR. (P38002)
SHELDON H. KLEIN (P41062)
Butzel Long, P.C.
150 West Jefferson, Suite 100
Detroit, MI  48226
(313) 225-7000
bergf@butzel.com
klein@butzel.com

---

[1]Paragraph numbers with an asterisk next to them represent paragraphs where City Defendants only seek to strike a portion of the paragraph. The portions are identified by the highlighted sections of those paragraphs in Exhibit A.

*Attorneys for Defendant*
*Gerald Ambrose*

**/s/ Barry A. Wolf (w/consent)**
BARRY A. WOLF (P40709)
Law Office of Barry A. Wolf PLLC
503 S. Saginaw Street, Suite 1410
Flint, MI  48502
(810) 762-1084
Bwolf718@msn.com

*Attorneys for Defendant*
*Darnell Earley*

**/s/ Todd Perkins (w/consent)**
TODD PERKINS (P55623)
Perkins Law Group
615 W. Griswold Ste. 400
Detroit, MI. 48226
(313) 964-1702
tperkins@perkinslawgroup.net

*Attorneys for Daugherty Johnson*

**/s/ Dave Meyers (w/consent)**
Edwar A. Zeineh (P71923)
David W. Meyers (P69034)
Law Office of Edwar A. Zeineh
2800 E. River Ave., Suite B.
Lansing, MI 48912
(517) 292-7000
davidmeyerslaw@gmail.com
Dated: April 15, 2019

*Attorneys for Defendant*
*Howard Croft*

**/s/ Alexander S. Rusek (w/consent)**
ALEXANDER S. RUSEK (P77581)
White Law PLLC
2549 Jolly Road, Suite 340
Okemos, MI  48864
(517) 316-1195
alexrusek@whitelawpllc.com

*Attorneys for Defendant Michael*
*Glasgow*

**/s/ Christopher Marker (w/consent)**
CHRISTOPHER MARKER (P81564)
O'Neill, Wallace & Doyle, P.C.
300 St. Andrews Road, Suite 302
Saginaw, MI  48605
(989) 790-0960
cmarker@owdpc.com

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

*In re* Flint Water Cases.

No. 5:16-cv-10444-JEL-MKM
(consolidated)
Hon. Judith E. Levy
Mag. Mona K. Majzoub

_____/

## BRIEF IN SUPPORT OF CITY DEFENDANTS' MOTION TO STRIKE ALLEGATIONS FROM PLAINTIFFS' FOURTH AMENDED <u>COMPLAINT</u>

# **TABLE OF CONTENTS**

Page

STATEMENT OF THE ISSUES PRESENTED .......................................................ii

CONTROLLING AUTHORITY SUPPORTING MOTION ...................................iii

INDEX OF AUTHORITIES .................................................................................iv

I.    INTRODUCTION AND BACKGROUND ...................................................... 1

II.   CONTROLLING LAW ................................................................................... 2

III.  ANALYSIS ...................................................................................................... 3

      A.    Allegations regarding racial or wealth discrimination should be stricken because they are immaterial to any of the remaining issues in the case.................................................................. 3

      B.    Allegations regarding racial or wealth discrimination should also be stricken because they are "scandalous"...................................... 5

      C.    Allegations regarding racial or wealth discrimination should also be stricken because they are "impertinent".................................... 6

      D.    The Gross Negligence Allegations should be stricken.......................... 7

      E.    Specific class allegations should be stricken......................................... 7

      F.    The Motion to Strike is timely because it could not have been brought at any earlier point in time......................................................... 8

IV.   CONCLUSION ............................................................................................. 10

## STATEMENT OF THE ISSUES PRESENTED

1. Whether paragraphs v, vi, viii, ix, 60*, 69*, 70*, 71*, 72*-73, 77*, 137*-140, 361, 363*, 365-368, 403*-413, Heading "5" (p. 146),  417-418, 422*-427, 437-435, 439-448*, 450, 471-554, 609-619, and 646-652 should be stricken from the Complaint because they are "immaterial," "scandalous," and/or "impertinent" under Fed. R. Civ. P. 12(f)?

## CONTROLLING AUTHORITY SUPPORTING MOTION

Fed. R. Civ. P. 12(f) allows the court to strike from a Complaint "any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." A motion to strike will be granted when the moving party shows that "the allegations being challenged are so unrelated to the plaintiff's claims as to be unworthy of any consideration as a defense and that their presence in the pleading throughout the proceeding will be prejudicial to the moving party." *United States v. Quadrini*, No. 2:07-CV-13227, 2007 WL 430215, at *3 (E.D. Mich. Dec. 6, 2007) (internal quotation marks omitted).

The challenged paragraphs here are either "immaterial," "scandalous," or "impertinent." "Immaterial" means "matter . . . which has no essential or important relationship to the claim for relief or the defense being pleaded." *Llewellyn-Jones v. Metro Prop. Grp., LLC*, 22 F. Supp. 3d 760, 776 (E.D. Mich. 2014) (internal quotation marks omitted). "Scandalous" means "any allegation that unnecessarily reflects on the moral character of an individual or states anything in repulsive language that detracts from the dignity of the court." *Id.* (internal quotation marks omitted). "Impertinent" matter consists of "statements that do not pertain, and are not necessary, to the issues in question." *Barnes v. Convention & Show Servs., Inc.*, No. 12-cv-13770, 2013 WL 2467920, at *1 (E.D. Mich. June 7, 2013) (internal quotation marks omitted).

# INDEX OF AUTHORITIES

**Page**

**Cases**

*Barnes v. Convention & Show Services, Inc.*,
  12013 WL 2467920, at *1 (E.D. Mich. June 7, 2013) .......................................... 6
*Binford v. John Adams Mortg.*,
  No. 10-12390, 2012 WL 3542516, at *6 (E.D. Mich. July 13, 2012).................... 3
*Carpenter v. City of Flint*,
  723 F.3d 700 (6th Cir. 2013) ................................................................................ 9
*Donaway v. Rohm & Haas Co.*,
  No. 3:06-CV-575-H, 2012 WL 345901, at *1 (W.D. Ky. Feb. 1, 2012) .............. 4
*Hemlock Semiconductor Corp. v. Kyocera Corp.*,
  No. 15-cv-11236, 2016 WL 67596, at *14 (E.D. Mich. Jan. 6, 2016).................. 2
*Kennedy v. City of Cleveland*,
  797 F.2d 297 (6th Cir. 1986) ................................................................................ 2
*Lawson v. City of Coatesville*,
  No. 12-6100, 2013 WL 4596129, at *6 (E.D. Pa. Aug. 29, 2013) ....................... 6
*Llewellyn-Jones v. Metro Prop. Grp., LLC*,
  22 F. Supp. 3d 760 (E.D. Mich. 2014)............................................................... 3, 6
*Manning v. Boston Med. Ctr. Corp.*,
  725 F.3d 943 (1st Cir. 2013)................................................................................. 8
*Operating Engineers Local 324 Health Care Plan v. G & W Const. Co.*,
  783 F.3d 1045 (6th Cir. 2015) .............................................................................. 2
*Pigford v. Veneman*,
  215 F.R.D. 2, 4 (D.D.C. 2003).............................................................................. 6
*Pilgrim v. Universal Health Card, LLC*,
  660 F.3d 943 (6th Cir. 2011) ................................................................................ 7
*Rauch v. Day & Night Mfg. Co.*,
  576 F.2d 697 (6th Cir. 1978)................................................................................. 9
*Spectrum Health v. Good Samaritan Employers Ass'n, Inc. Trust Fund*,
  1:09-CV-182, 2008 WL 2484598, at *1 (W.D. Mich. June 18, 2008)................. 3
*TCG Detroit v. City of Dearborn*,
  977 F. Supp. 836 (E.D. Mich. 1997).................................................................... 3
*Turner v. French*,
  No. 07-14694, 2009 WL 103977, at *1 (E.D. Mich. Jan. 14, 2009) .................... 3
*United States v. Quadrini*,
  No. 2:07-CV-13227, 2007 WL 4303215, at *3 (E.D. Mich. Dec. 6, 2007).......... 2

*West Lumber, LLC v. Burke-Parsons-Bowlby, Corp.*,
   No. 4:09-cv-52, 2011 WL 144926, at *3 (E.D. Tenn. Jan. 18, 2011) ................... 4
*Western Communication Corp. v. Barnick*,
   No. 18-cv-10437, 2018 WL 2717781, at *3 (E.D. Mich. June 6, 2018) ............... 4

**Statutes**

MCL 691.1407(8)(a) ..................................................................................... 7

**Other Authorities**

5 Charles A. Wright & Arthur R. Miller,
   *Federal Practice and Procedure* § 1382, at 711 (1990) ........................................ 6
5C Charles Alan Wright & Arthur R. Miller,
   *Federal Practice and Procedure* § 1388 (3d ed. 2004) ....................................... 10
5C Charles Alan Wright & Arthur R. Miller,
   *Federal Practice and Procedure* § 1380 (3d ed. 2004) ........................................ 2

**Rules**

Fed R. Civ. P. 12(g)(2) ........................................................................................ 8
Fed. R. Civ. P. 12(f) ....................................................................... 1, 2, 3, 5, 6, 7, 10
Fed.R.Civ.P. 12(a)(4)(A) ................................................................................. 9

I.    **INTRODUCTION AND BACKGROUND**

On April 1, 2019 this Court issued an Opinion and Order Granting In Part and Denying In Part Putative Class Plaintiffs' Motion for Leave to File an Amended Complaint [620] and Granting In Part and Denying In Part Defendants' Motion to Dismiss (Dkt. 798) ("Order"). In the Order, this Court dismissed all claims based on alleged race and wealth based discrimination, as well as the gross negligence claim. The only surviving Counts in the Complaint[1] are Count I (Bodily Integrity, against all Government Defendants except Lyon, Peeler, Wyant, Kurtz, Wright, and Walling), Count VI (*Monell* claim against the City), Count VII (Professional Negligence against the LAN Defendants), and Count VIII (Professional Negligence against the Veolia Defendants).

The dismissal of the majority of Plaintiffs' claims leaves the Complaint replete with now-immaterial allegations.  Additionally, the allegations at issue are "scandalous" within the meaning of Fed. R. Civ. P. 12(f), as they involve claims of racial bias and discrimination.  Moreover, striking those allegations now will ensure that discovery is focused on only material issues and protect City Defendants from having to defend against immaterial and scandalous allegations.  Accordingly, City Defendants respectfully request that the following paragraphs in the Complaint be

---

[1] For the purposes of this Motion, "Complaint" refers to Plaintiffs' Fourth Consolidated Amended Class Complaint for Injunctive and Declaratory Relief, Money Damages, and Jury Demand (Dkt. 620-3).

stricken: v, vi, viii, ix, 60*, 69*, 70*, 71*, 72*-73, 77*, 137*-140, 361, 363*, 365-368, 403*-413, Heading "5" (p. 146),  417-418, 422*-427, 437-435, 439-448*, 450, 471-554, 609-619, and 646-652 (see highlighted sections of the Complaint, attached as Exhibit A and incorporated herein).

## II.   <u>**CONTROLLING LAW**</u>

Under Fed. R. Civ. P.  ("Rule") 12(f), the court may "strike from a pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." "The function of the motion is to 'avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with' them early in the case." *Operating Engineers Local 324 Health Care Plan v. G & W Const. Co.*, 783 F.3d 1045, 1050 (6th Cir. 2015) (quoting *Kennedy v. City of Cleveland*, 797 F.2d 297, 305 (6th Cir. 1986)). A motion to strike will be granted when the moving party shows that "'the allegations being challenged are so unrelated to the plaintiff's claims as to be unworthy of any consideration as a defense and that their presence in the pleading throughout the proceeding will be prejudicial to the moving party.'" *United States v. Quadrini*, No. 2:07-CV-13227, 2007 WL 4303215, at *3 (E.D. Mich. Dec. 6, 2007) (quoting 5C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1380 (3d ed. 2004). "A Rule 12(f) motion is also proper if it aids in eliminating spurious issues before trial, thereby streamlining the

litigation." *Hemlock Semiconductor Corp. v. Kyocera Corp.*, No. 15-cv-11236, 2016 WL 67596, at *14 (E.D. Mich. Jan. 6, 2016).

III.   **ANALYSIS**

   A.   **Allegations regarding racial or wealth discrimination should be stricken because they are immaterial to any of the remaining issues in the case**

   Rule 12(f) allows the court to strike "immaterial" allegations. "'Immaterial' matter is that which has no essential or important relationship to the claim for relief or the defenses being pleaded." *Llewellyn-Jones v. Metro Prop. Grp., LLC*, 22 F. Supp. 3d 760, 776 (E.D. Mich. 2014) (internal quotation marks omitted). "[A] motion to strike should be granted where the complaint contains immaterial allegations that have no bearing on the subject matter of the litigation." *Spectrum Health v. Good Samaritan Employers Ass'n, Inc. Trust Fund*, 1:09-CV-182, 2008 WL 2484598, at *1 (W.D. Mich. June 18, 2008).

   First, many allegations relate solely to claims that have been dismissed by this Court. When an allegation relates only to a claim that has been dismissed by the court, it should be stricken. *See, e.g.*, *Turner v. French*, No. 07-14694, 2009 WL 103977, at *1 (E.D. Mich. Jan. 14, 2009) ("A motion to strike pursuant to Fed. R. Civ. P. 12(f) is properly granted where the amended complaint contains allegations of claims previously dismissed by the district court."); *Binford v. John Adams Mortg.*, No. 10-12390, 2012 WL 3542516, at *6 (E.D. Mich. July 13, 2012) (stating

-3-

that "[a]dequate grounds exist for striking" previously dismissed claims); *TCG Detroit v. City of Dearborn*, 977 F. Supp. 836, 841-42 (E.D. Mich. 1997) (striking allegations that related to claims that had been previously dismissed); *Donaway v. Rohm & Haas Co.*, No. 3:06-CV-575-H, 2012 WL 345901, at *1 (W.D. Ky. Feb. 1, 2012) (striking allegations relating to previously dismissed claims); *West Lumber, LLC v. Burke-Parsons-Bowlby, Corp.*, No. 4:09-cv-52, 2011 WL 144926, at *3 (E.D. Tenn. Jan. 18, 2011) (striking a previously dismissed claim from a complaint); *Western Communication Corp. v. Barnick*, No. 18-cv-10437, 2018 WL 2717781, at *3 (E.D. Mich. June 6, 2018) (striking allegations that had no bearing on claim and that seemed to be intended to undermine the defendant's reputation with non-litigants); *Johnson v. Cty. of Macomb,* No. 08-10108, 2008 WL 2064968, at *1-2 (E.D. Mich. May 13, 2008) (striking allegations from complaint that defendant was related to a person with ties to organized crime because the allegations had no relationship to the plaintiffs' civil rights and religious freedom claims).

Many paragraphs of the Complaint relate to the Plaintiffs' allegations of race- or wealth-based discrimination. However all claims related to those issues have been dismissed. For example, paragraph 366 states:

> Flint as it exists today is a product of racial discrimination and segregation. The Michigan Civil Rights Commission's Report entitled, "The Flint Water Crisis: Systemic Racism Through the Lens of Flint" (February 17, 2017), explains that because of discriminatory (and now illegal) zoning restrictions and hiring practices, Flint was originally home to a majority-white population.

-4-

> When the City's largest employer—GM—required additional
> workers to help it respond to increased demand from World War II
> and changed its hiring practices to allow African Americans to
> occupy a larger number of positions, Flint's African American
> population quickly grew, more than quadrupling between 1940 and
> 1960. Subsequent policies aimed at promotion homeownership in
> certain neighborhoods resulted an [sic] exodus of Flint's white
> citizens.

(Compl. ¶ 366 (footnote omitted)). None of the allegations in this paragraph have

anything to do with any of the remaining claims in the Complaint. It relates purely

to alleged racial issues in dismissed counts. In another example, paragraph 439

states:

> Were there any doubt that the actions of the MDEQ Defendants
> reflected a culture within MDEQ that not only tolerated but *rewarded*
> conduct that negatively impacted African Americans, MDEQ's
> decision to reward several of the individuals who played key roles in
> causing this crisis – many of whom are currently facing criminal
> charges – dispels those doubts.

(*Id.* ¶ 439). Again, this paragraph is totally irrelevant to any claims remaining in the

Complaint.

Accordingly, paragraphs v, vi, viii, ix, 60*, 69*, 70*, 71*, 72*-73, 77*, 137*-

140, 361, 363*, 365-368, 403*-413, Heading "5" (p. 146), 417-418, 422*-427, 437-

435, 439-448*, 450, 471-554, 609-619, and 646-652 should be stricken.

### B.   Allegations regarding racial or wealth discrimination should also be stricken because they are "scandalous"

In addition to the paragraphs listed above being irrelevant, they should also

be stricken as "scandalous" under Rule 12(f). "The word 'scandalous' in Rule 12(f)

'generally refers to any allegation that unnecessarily reflects on the moral character of an individual or states anything in repulsive language that detracts from the dignity of the court.'" *Llewellyn-Jones*, 22 F. Supp. 3d at 776 (quoting *Pigford v. Veneman*, 215 F.R.D. 2, 4 (D.D.C. 2003)).

The numerous allegations in the Complaint concerning alleged race- or wealth-based discrimination are "scandalous" under Rule 12(f). *See Lawson v. City of Coatesville*, No. 12-6100, 2013 WL 4596129, at *6 (E.D. Pa. Aug. 29, 2013) (striking allegations alleging "a culture of racial discrimination" in a police department as immaterial and scandalous). This type of discrimination goes to the "moral character" of those allegedly involved, and it is "unnecessary" as all of Plaintiffs' claims concerned race- or wealth-based discrimination have been dismissed. *See Llewellyn-Jones*, 22 F. Supp. 3d at 776. Accordingly, paragraphs v, vi, viii, ix, 60*, 69*, 70*, 71*, 72*-73, 77*, 137*-140, 361, 363*, 365-368, 403*-413, Heading "5" (p. 146), 417-418, 422*-427, 437-435, 439-448*, 450, 471-554, 609-619, and 646-652 of the Complaint should be stricken.

### C.   Allegations regarding racial or wealth discrimination should also be stricken because they are "impertinent"

In addition to the paragraphs listed above being irrelevant and scandalous, they should also be stricken as "impertinent" under Rule 12(f). "'Impertinent' matter consists of statements that do not pertain, and are not necessary, to the issues in question." *Barnes v. Convention & Show Services, Inc.*, No. 12-cv-13770, 2013 WL

-6-

2467920, at *1 (**E.D**. Mich. June 7, 2013) (quoting 5 Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1382, at 711 (1990)).

For the same reasons that paragraphs v, vi, viii, ix, 60*, 69*, 70*, 71*, 72*-73, 77*, 137*-140, 361, 363*, 365-368, 403*-413, Heading "5" (p. 146), 417-418, 422*-427, 437-435, 439-448*, 450, 471-554, 609-619, and 646-652 of the Complaint should be stricken for being immaterial, they should also be stricken as impertinent under Rule 12(f). Allegations regarding racial or wealth discrimination do not pertain and are not necessary to pursing the only remaining cause of action against the City Defendants, both during the pleading stage of litigation and at trial in this matter, and thus should be stricken.

D.   **The Gross Negligence Allegations should be stricken**

This Court dismissed the claim of gross negligence against the City Defendants. Gross negligence is defined as "conduct so reckless as to demonstrate a substantial lack of concern for whether an injury results." MCL 691.1407(8)(a). Such allegations are scandalous and should be stricken.

Accordingly, paragraphs 646 - 652 should be stricken.

E.   **Specific class allegations should be stricken**

Pursuant to Rule 12(f), this Court should strike parts of one class allegation and strike another class allegation in its entirety because they are subclasses consisting of a single racial group. Motions to strike class allegations may be brought

and decided prior to a plaintiff's motion to certify the class. *Pilgrim v. Universal Health Card, LLC*, 660 F.3d 943, 949 (6th Cir. 2011) (affirming the district court's judgment striking class allegations and dismissing a lawsuit prior to discovery, finding that the defect in the class action at issue involved "a largely legal determination" that "no proffered factual development offer[ed] any hope of altering"); *see also Manning v. Boston Med. Ctr. Corp.*, 725 F.3d 943, 949 (1st Cir. 2013).

Class allegations regarding requested subclasses consisting of one racial group should be stricken because such a proposed class has no bearing or relationship to the remaining cause of action against the City Defendants and no factual development in this matter would support the requested classes in paragraph 448 and 450. Therefore, paragraph 448 should be stricken in part because of its immaterial and impertinent statements regarding a subclass consisting of African Americans that is not relevant to the remaining cause of action against the City Defendants. Similarly, paragraph 450 should be stricken because it solely requests class certification for a subclass consisting only of African American plaintiffs.

F.   **The Motion to Strike is timely because it could not have been brought at any earlier point in time**

Fed R. Civ. P. 12(g)(2) provides that all Rule 12 motions that were "available" to the moving party must be brought at the same time:

(2) *Limitation on Further Motions.* Except as provided in Rule 12(h)(2) or (3), a party that makes a motion under this rule must not make another motion under this rule raising a defense or objection **that was available to the party but omitted from its earlier motion**. (Emphasis supplied)

The leading Sixth Circuit case discussing this issue acknowledges the Rule 12 motion must have been "available" at the time of filing the first 12(b) motion for 12(g) to preclude filing as second motion under the rule.

> Simply stated, the objective of the rule is to eliminate unnecessary delay at the pleading stage. Subdivision (g) contemplates the presentation of an omnibus pre-answer motion in which defendant advances every available Rule 12 defense and objection he may have that is assertable by motion. He cannot delay the filing of a responsive pleading by interposing these defenses and objections in piecemeal fashion but must present them simultaneously. Any defense **that is available at the time of the original motion** but is not included, may not be the basis of a second pre-answer motion. (Emphasis supplied)

*Rauch v. Day & Night Mfg. Co.,* 576 F.2d 697 n.3 (6th Cir. 1978).

Clearly, City Defendants' Motion to Strike was not available at the time of filing their Motion to Dismiss, because the allegations of race and wealth discrimination and gross negligence were central until this court dismissed those claims. Prior to dismissal of the Equal Protection and ELCRA counts, it was not possible for City Defendants to contend such allegations were "redundant, immaterial, impertinent, or scandalous." At least one Sixth Circuit case, coincidentally involving the City, is in accord:

> Once the Defendants' motion to strike was denied, the operative pleading was the amended complaint. Accordingly, the next stage in the litigation was for Defendants to file a responsive pleading or another Rule 12 motion within fourteen days. See Fed.R.Civ.P. 12(a)(4)(A).

See *Carpenter v. City of Flint*, 723 F.3d 700, 705-706 (6th Cir. 2013).   While the order of the motions was reversed in *Carpenter*, the principle is the same.   If a motion that could not have been brought at the time the first motion was filed, it may be filed notwithstanding Rule 12(g)(2).   Wright & Miller are in accord on this point:

> A party is not precluded from making a second motion based on a defense that he or she did not have reasonable notice of at the time that party first filed a motion to dismiss or **on a defense that became available only after a motion had been made under Rule 12**. (Emphasis supplied)

5C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1388 (3d ed. 2004).

It cannot be contended that the current motion to strike was available at the time of City Defendants' original motions under 12(b), because at that time, the allegations of race discrimination were central to pending claims.   With those claims now dismissed, those allegations have no bearing on any matter at issue in the complaint.   Accordingly, City Defendants' motion to strike brought now under Rule 12(f) does not violate Rule 12(g)(2).

## IV.   <u>CONCLUSION</u>

City Defendants respectfully request that the Court strike paragraphs v, vi, viii, ix, 60*, 69*, 70*, 71*, 72*-73, 77*, 137*-140, 361, 363*, 365-368, 403*-413, Heading "5" (p. 146),  417-418, 422*-427, 437-435, 439-448*, 450, 471-554, 609-619, and 646-652 of the Complaint pursuant to Fed. R. Civ. P. 12(f).

Respectfully submitted,

*Attorneys for City of Flint*

**/s/ William Y. Kim (w/consent)**
WILLIAM Y. KIM (P76411)
REED E. ERIKSSON (P77085)
1101 S. Saginaw, 3rd Floor
Flint, MI 48502
(810) 766-7146
wkim@cityofflint.com
reriksson@cityofflint.com

*Attorneys for City of Flint*

**/s/ Frederick A. Berg**
FREDERICK A. BERG, JR. (P38002)
SHELDON H. KLEIN (P41062)
Butzel Long, P.C.
150 West Jefferson, Suite 100
Detroit, MI 48226
(313) 225-7000
bergf@butzel.com
klein@butzel.com

*Attorneys for Defendant*
*Gerald Ambrose*

**/s/ Barry A. Wolf (w/consent)**
BARRY A. WOLF (P40709)
Law Office of Barry A. Wolf PLLC
503 S. Saginaw Street, Suite 1410
Flint, MI 48502
(810) 762-1084
Bwolf718@msn.com

*Attorneys for Defendant*
*Howard Croft*

**/s/ Alexander S. Rusek (w/consent)**
ALEXANDER S. RUSEK (P77581)
White Law PLLC
2549 Jolly Road, Suite 340
Okemos, MI 48864
(517) 316-1195
alexrusek@whitelawpllc.com

*Attorneys for Defendant*
*Darnell Earley*

**/s/ Todd Perkins (w/consent)**
TODD PERKINS (P55623)
Perkins Law Group

*Attorneys for Defendant Michael*
*Glasgow*

**/s/ Christopher Marker (w/consent)**
CHRISTOPHER MARKER (P81564)
O'Neill, Wallace & Doyle, P.C.

-11-

615 W. Griswold Ste. 400
Detroit, MI. 48226
(313) 964-1702
tperkins@perkinslawgroup.net

*Attorneys for Daugherty Johnson*

**/s/ Dave Meyers (w/consent)**
Edwar A. Zeineh (P71923)
David W. Meyers (P69034)
Law Office of Edwar A. Zeineh
2800 E. River Ave., Suite B.
Lansing, MI 48912
(517) 292-7000
davidmeyerslaw@gmail.com
Dated: April 15, 2019

300 St. Andrews Road, Suite 302
Saginaw, MI  48605
(989) 790-0960
cmarker@owdpc.com

-12-

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 15, 2019, I electronically filed the above document with the Clerk of the Court using the ECF system, which will send notification of such filing to all counsel of record.

By: *<u>/s/ Frederick A. Berg</u>*
           Frederick A. Berg, Jr. (P38002)
           <u>berg@butzel.com</u>