UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

In re FLINT WATER CASES

Civil Action No. 5:16-cv-10444-JEL-
MKM (consolidated)

Hon. Judith E. Levy
Mag. Mona K. Majzoub

_____

ELNORA CARTHAN et al.

               Plaintiffs

vs.

GOVERNOR RICK SNYDER et al.

               Defendants

Civil Action No. 5:16-cv-10444-JEL-
MKM
Hon. Judith E. Levy
Mag. Mona K. Majzoub

_____


**VEOLIA NORTH AMERICA, INC.'S ANSWER TO THE FOURTH
CONSOLIDATED AMENDED CLASS COMPLAINT, AND
DEMAND FOR TRIAL BY JURY**

The defendant Veolia North America, Inc. ("VNA, Inc.") hereby answers the

*Carthan* plaintiffs' Fourth Amended Consolidated Class Complaint (the "fourth

amended complaint") pursuant to Fed. R. Civ. P. 8, 10, 12, and 15.

1.     VNA, Inc. denies the allegations in ¶1 to the extent the "Defendants" referenced in that paragraph are meant to include it or one or both of the defendants Veolia Water North America Operating Services, LLC ("VWNAOS") and Veolia North America, LLC. VNA, Inc. does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶1 to the extent they pertain solely to other defendants.

2.     VNA, Inc. denies the allegations in ¶2 to the extent the "Defendants" referenced in that paragraph are meant to include it or one or both of VWNAOS and Veolia North America, LLC   VNA, Inc. does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶2 to the extent they pertain solely to other defendants.

2.i.   VNA, Inc. denies the allegations in ¶2.i. to the extent the "Defendants" referenced in that paragraph are meant to include it or one or both of VWNAOS and Veolia North America, LLC.   VNA, Inc. does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶2.i. to the extent they pertain solely to other defendants. VNA, Inc. notes that all claims for ordinary negligence have been dismissed against it and the other "Engineering Defendants" so that to the extent ¶2.i refers to claims of that kind no response to it is required.

2.ii.   VNA, Inc. denies the allegations in ¶2.ii. to the extent the "Defendants" referenced in that paragraph are meant to include it or one or both of VWNAOS and

Veolia North America, LLC. VNA, Inc. does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶2.ii. to the extent they pertain solely to other defendants. VNA, Inc. notes that all claims for ordinary negligence have been dismissed against it and the other "Engineering Defendants" and all claims for fraud have been dismissed against it and VWNAOS and Veolia North America, LLC, so that to the extent ¶2.ii refers to claims of those kinds no response to it is required.

2.iii.  VNA, Inc. does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶2.iii.

2.iv.  VNA, Inc. does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶2.iv.

2.v.  VNA, Inc. does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶2.v.

2.vi.  VNA, Inc. does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶2.vi.

2.vii.  VNA, Inc. does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶2.vii.

2.viii. VNA, Inc. does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶2.viii.

2.ix.    VNA, Inc. does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶2.ix.

3.      VNA, Inc. denies the allegations in ¶3 to the extent the "Defendants" referenced in that paragraph are meant to include it or one or both of VWNAOS and Veolia North America, LLC.   VNA, Inc. does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶3 to the extent they pertain solely to other defendants.

4.      Paragraph 4 does not contain any factual allegation that is susceptible to a response of the type prescribed by Rules 8 and 10, but VNA, Inc. does not disagree the plaintiffs have purported to bring claims against governmental defendants based on the statutes and constitutional provisions cited in ¶4.

5.      Paragraph 5 does not contain any factual allegations that are susceptible to a response of the type prescribed by Rules 8 and 10, but VNA, Inc. agrees the Court has subject matter jurisdiction of the action.

6.      VNA, Inc. denies it is a citizen of Illinois but agrees it is a citizen of Delaware and agrees on information and belief that at least one plaintiff is a citizen of Michigan.   VNA, Inc. agrees the amount in controversy exceeds $5,000,000 exclusive of interest and costs and that the Court has subject matter jurisdiction of the action under 28 USC §1332(d).   VNA, Inc. also agrees, on information and belief, that the defendant LAN, Inc. is a citizen of Texas.

7.     VNA, Inc. does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶7 concerning "Engineering Defendants" other than itself, VWNAOS, and Veolia North America, LLC. and agrees the Court has personal jurisdiction over VWNAOS.  VNA, Inc. otherwise denies the allegations in ¶7 but does not dispute the Court's personal jurisdiction over it.

8.     VNA, Inc. believes on information and belief that the allegations in ¶8 are true.

9.     VNA, Inc. believes on information and belief that the allegations in ¶9 are true.

10.     VNA, Inc. denies it, VWNAOS, or Veolia North America, LLC resides in the Eastern District of Michigan but agrees many of the occurrences giving rise to the plaintiffs' claims occurred in the Eastern District.  VNA, Inc. does not otherwise have enough knowledge or information to form a belief as to the truth of the allegations in ¶10.

11.     VNA, Inc. does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶11.

12.     VNA, Inc. denies the allegations in ¶12 to the extent the word "Defendants" is meant to include it or one or both of VWNAOS and Veolia North America, LLC. VNA, Inc. does not otherwise have enough knowledge or information to form a belief as to the truth of the allegations in ¶12.

13.    VNA, Inc. denies the allegations in ¶13 to the extent the word "Defendants" is meant to include it or one or both of VWNAOS and Veolia North America, LLC. VNA, Inc. does not otherwise have enough knowledge or information to form a belief as to the truth of the allegations in ¶13.

14.    VNA, Inc. denies the allegations in ¶14 to the extent the word "Defendants" is meant to include it or one or both of VWNAOS and Veolia North America, LLC. VNA, Inc. does not otherwise have enough knowledge or information to form a belief as to the truth of the allegations in ¶14.

15.    VNA, Inc. denies the allegations in ¶15 to the extent the word "Defendants" is meant to include it or one or both of VWNAOS and Veolia North America, LLC. VNA, Inc. does not otherwise have enough knowledge or information to form a belief as to the truth of the allegations in ¶15.

16.    VNA, Inc. denies the allegations in ¶16 to the extent the word "Defendants" is meant to include it or one or both of VWNAOS and Veolia North America, LLC. VNA, Inc. does not otherwise have enough knowledge or information to form a belief as to the truth of the allegations in ¶16.

17.    VNA, Inc. does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶17.

18.    VNA, Inc. denies the allegations in ¶18 to the extent the word "Defendants" is meant to include it or one or both of VWNAOS and Veolia North America, LLC.

6

VNA, Inc. does not otherwise have enough knowledge or information to form a belief as to the truth of the allegations in ¶18.

19.    VNA, Inc. does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶19.

20.    VNA, Inc. denies the allegations in ¶20 to the extent the word "Defendants" is meant to include it or one or both of VWNAOS and Veolia North America, LLC. VNA, Inc. does not otherwise have enough knowledge or information to form a belief as to the truth of the allegations in ¶20.

21.    VNA, Inc. denies the allegations in ¶21 to the extent the word "Defendants" is meant to include it or one or both of VWNAOS and Veolia North America, LLC. VNA, Inc. does not otherwise have enough knowledge or information to form a belief as to the truth of the allegations in ¶21.

22.    VNA, Inc. denies the allegations in ¶22 to the extent the word "Defendants" is meant to include it or one or both of VWNAOS and Veolia North America, LLC. VNA, Inc. does not otherwise have enough knowledge or information to form a belief as to the truth of the allegations in ¶22.

23.    VNA, Inc. does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶23.

24.    VNA, Inc. denies the allegations in ¶24 to the extent the word "Defendants" is meant to include it or one or both of VWNAOS and Veolia North America, LLC.

VNA, Inc. does not otherwise have enough knowledge or information to form a belief as to the truth of the allegations in ¶24.

25.    VNA, Inc. denies the allegations in ¶26 to the extent the word "Defendants" is meant to include it or one or both of VWNAOS and Veolia North America, LLC. VNA, Inc. does not otherwise have enough knowledge or information to form a belief as to the truth of the allegations in ¶25.

26.    All claims by the plaintiff Amber Brown on behalf of K.L.D. against VNA, Inc., VWNAOS, and Veolia North America, LLC, have been dismissed so no response to ¶26 is necessary.  To the extent some further response might be required, VNA, Inc. denies the allegations in ¶26 to the extent the word "Defendants" is meant to include it or one or both of VWNAOS and Veolia North America, LLC,  but does not otherwise have enough knowledge or information to form a belief as to the truth of the allegations in it.

27.    Paragraph 27 does not contain any factual allegation susceptible to a response of the type contemplated by Rules 8 and 10.  VNA, Inc. notes, however, that all claims against it, Veolia North America, LLC, and VWNAOS by the plaintiff Amber Brown on behalf of K.L.D. have been dismissed.

28.    VNA, Inc. denies the allegations in ¶28 to the extent the word "Defendants" is meant to include it or one or both of VWNAOS and Veolia North America, LLC.

VNA, Inc. does not otherwise have enough knowledge or information to form a belief as to the truth of the allegations in ¶28.

29.     VNA, Inc. denies the allegations in ¶29 to the extent the word "Defendants" is meant to include it or one or both of VWNAOS and Veolia North America, LLC. VNA, Inc. does not otherwise have enough knowledge or information to form a belief as to the truth of the allegations in ¶29.

30.     VNA, Inc. denies the allegations in ¶30 to the extent the word "Defendants" is meant to include it or one or both of VWNAOS and Veolia North America, LLC. VNA, Inc. does not otherwise have enough knowledge or information to form a belief as to the truth of the allegations in ¶30.

31.     Paragraph 31 does not contain any factual allegation susceptible to a response of the type contemplated by Rules 8 and 10.

32.     VNA, Inc. denies any of the plaintiffs are "representatives" but otherwise does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶32.

33.     Denied.

34.     Paragraph 34 does not contain any factual allegation susceptible to a response of the type contemplated by Rules 8 and 10.  VNA, Inc. states, however, that the only plaintiffs in this action are the individuals identified in ¶¶11 to 28 of the fourth

consolidated amended complaint and the companies identified in ¶¶29 and 30 of the fourth consolidated amended complaint.

35.    VNA, Inc. does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶35.

36.    VNA, Inc. agrees, on information and belief, that LAN Inc. is a Texas corporation. VNA, Inc. does not otherwise have enough knowledge or information to form a belief as to the truth of the allegations in ¶36.

37.    VNA, Inc. does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶37.

38.    VNA, Inc. does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶38.

39.    VNA, Inc. does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶39.

40.    VNA, Inc. agrees Veolia North America, LLC is Delaware limited liability company but otherwise denies the allegations in ¶40.

41.    VNA, Inc. agrees it is a Delaware corporation but otherwise denies the allegations in ¶41.

42.    VNA, Inc. agrees VWNAOS is a Delaware limited liability company but otherwise denies the allegations in ¶42.

43.    Denied.

44.     VNA, Inc. is not aware of a company called "Veolia Environment S.A." VNA, Inc. agrees Veolia Environment S.A. is a French corporation but otherwise denies the allegations in ¶44.

45.     Denied.

46.     Denied.

47.     VNA, Inc. agrees the language in quotation marks appears at page 10 of the 2013 Annual and Sustainability report but otherwise denies the allegations in ¶47.

48.     Denied.

49.     VNA, Inc. agrees the City of Flint issued a press release on February 10, 2015, that contained the single-spaced language in ¶49 but otherwise denies the allegations in that paragraph.

50.     Denied.

51.     Denied.

52.     Denied.

53.     Denied.

54.     Denied.

55.     VNA, Inc. denies the allegations in ¶55 to the extent they are meant to pertain to it or to one or both of VWNAOS and Veolia North America, LLC. VNA, Inc. does not otherwise have enough knowledge or information to form a belief as to the truth of the allegations in ¶55.

56.     Paragraph 56 does not contain any factual allegation susceptible to a response of the type contemplated by Rules 8 and 10.

57.     VNA, Inc. agrees Richard "Rick" Snyder was Governor of the State of Michigan when some of the events giving rise to the plaintiffs' claims occurred. VNA, Inc. otherwise does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶57.

58.     VNA, Inc. agrees MDEQ is a department of the State of Michigan and during the period relevant to this action was the Michigan agency primarily responsible in Michigan for interpreting and enforcing the Safe Drinking Water Act and regulations promulgated pursuant to it.  VNA, Inc. agrees, on information and belief, that MDEQ was instrumental in causing the City of Flint's switch in April, 2014, to the Flint River as the source for the City's municipal water supply and the City of Flint's decision not to institute an optimized corrosion control program at the time of the switch and for a long time after the switch. VNA, Inc. otherwise does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶58.

59.     VNA, Inc. agrees, on information and belief, that Daniel Wyant was Director of MDEQ when at least some of the events giving rise to the plaintiffs' claims occurred but does not otherwise have enough knowledge or information to form a belief as to the truth of the allegations in ¶59.

60.    VNA, Inc. agrees, on information and belief, that Andrew "Andy" Dillon was Treasurer for the State of Michigan when at least some of the events giving rise to the plaintiffs' claims occurred but does not otherwise have enough knowledge or information to form a belief as to the truth of the allegations in ¶60.

61.    VNA, Inc. agrees, on information and belief, that Nicholas "Nick" Lyon was Director of MDHHS when at least some of the events giving rise to the plaintiffs' claims occurred but does not otherwise have enough knowledge or information to form a belief as to the truth of the allegations in ¶61.

62.    VNA, Inc. agrees, on information and belief, that Nancy Peeler was Director of the Program for Maternal and Early Childhood Home Visiting within MDHHS when at least some of the events giving rise to the plaintiffs' claims occurred but does not otherwise have enough knowledge or information to form a belief as to the truth of the allegations in ¶62.

63.    VNA, Inc. agrees, on information and belief, that Liane Shekter-Smith was Chief of the Office of Drinking Water and Municipal Assistance within MDEQ when at least some of the events giving rise to the plaintiffs' claims occurred but does not otherwise have enough knowledge or information to form a belief as to the truth of the allegations in ¶63.

64.    VNA, Inc. agrees, on information and belief, that Adam Rosenthal was a Water Quality Analyst at MDEQ when at least some of the events giving rise to the

13

plaintiffs' claims occurred but does not otherwise have enough knowledge or information to form a belief as to the truth of the allegations in ¶64.

65.     VNA, Inc. agrees, on information and belief, that Stephen Busch was a District Supervisor at MDEQ when at least some of the events giving rise to the plaintiffs' claims occurred but does not otherwise have enough knowledge or information to form a belief as to the truth of the allegations in ¶65.

66.     VNA, Inc. agrees, on information and belief, that Patrick Cook was a Water Treatment Specialist at MDEQ when at least some of the events giving rise to the plaintiffs' claims occurred but does not otherwise have enough knowledge or information to form a belief as to the truth of the allegations in ¶66.

67.     VNA, Inc. agrees, on information and belief, that Michael Prysby was an engineer at MDEQ when at least some of the events giving rise to the plaintiffs' claims occurred but does not otherwise have enough knowledge or information to form a belief as to the truth of the allegations in ¶67.

68.     VNA, Inc. agrees, on information and belief, that Bradley Wurfel was Director of Communications at MDEQ when at least some of the events giving rise to the plaintiffs' claims occurred but does not otherwise have enough knowledge or information to form a belief as to the truth of the allegations in ¶68.

69.     VNA, Inc. agrees, on information and belief, that Jeffrey "Jeff" Wright was the Genesee County Drain Commissioner when at least some of the events giving

rise to the plaintiffs' claims occurred, denies he conspired with VNA, Inc., VWNAOS, or Veolia North America, LLC for any purpose, but does not otherwise have enough knowledge or information to form a belief as to the truth of the allegations in ¶69.

70.    VNA, Inc. agrees, on information and belief, that Edward Kurtz was Emergency Manager of the City of Flint for a period of time in 2012 and 2013, denies that he conspired with VNA, Inc., VWNAOS, or Veolia North America, LLC for any purpose, but does not otherwise have enough knowledge or information to form a belief as to the truth of the allegations in ¶70.

71.    VNA, Inc. agrees, on information and belief, that Darnell Earley was Emergency Manager of the City of Flint for a period of time in 2013, 2014, and early 2015, denies he conspired with VNA, Inc., VWNAOS, or Veolia North America, LLC, but does not otherwise have enough knowledge or information to form a belief as to the truth of the allegations in ¶71.

72.    VNA, Inc. agrees Gerald Ambrose was Emergency Manager of the City of Flint for a period of time in February and March, 2015, and believes on information and belief that he was also Emergency Manager for some time before and after that period.  VNA, Inc. denies Mr. Ambrose conspired with it, VWNAOS, or Veolia North America, LLC for any purpose but does not otherwise have enough knowledge or information to form a belief as to the truth of the allegations in ¶72.

73.     VNA, Inc. agrees Dayne Walling was Mayor of the City of Flint for a period of time in February and March, 2015, and believes on information and belief that he was also Mayor for some time before and after that period.  VNA, Inc. denies Mr. Walling conspired with it, VWNAOS, or Veolia North America, LLC. for any purpose but does not otherwise have enough knowledge or information to form a belief as to the truth of the allegations in ¶73.

74.     VNA, Inc. agrees Howard Croft was for a time Director of Public Works for the City of Flint but does not otherwise have enough knowledge or information to form a belief as to the truth of the allegations in ¶74.

75.     VNA, Inc. agrees Michael Glasgow was for a time Utilities Administrator for the City of Flint but does not otherwise have enough knowledge or information to form a belief as to the truth of the allegations in ¶75.

76.     VNA, Inc. agrees, on information and belief, that Daugherty Johnson was for a time Utilities Administrator for the City of Flint but does not otherwise have enough knowledge or information to form a belief as to the truth of the allegations in ¶76.

77.     VNA, Inc. agrees the City of Flint is a municipal corporation that operates a Department of Public Works and provides water to many of its residents and to many properties located within its boundaries. VNA, Inc. does not otherwise have enough knowledge or information to form a belief as to the truth of the allegations in ¶77.

78.    VNA, Inc. does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶78.

79.    VNA, Inc. does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶79.

80.    VNA, Inc. denies it, VWNAOS, or Veolia North America, LLC committed acts or omissions, outrageous or otherwise, that caused harm to any plaintiff.  The first sentence of ¶80 does not contain any factual allegation susceptible to a response of the type contemplated by Rule 8 and 10.  To the extent a response to that sentence might be deemed necessary, VNA, Inc. does not have enough knowledge or information to admit or deny the assertions in it.

81.    VNA, Inc. does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶81.

82.    VNA, Inc. does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶82.

83.    VNA, Inc. does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶83.

84.    VNA, Inc. does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶84.

85.    VNA, Inc. agrees, on information and belief, that for a long time before April 25, 2014, the City of Flint ordinarily obtained water for its municipal water supply

from the Detroit Water and Sewerage Department and that the water it received from that source came from Lake Huron. VNA, Inc. does not otherwise have enough knowledge or information to form a belief as to the truth of the allegations in ¶85.

86.     VNA, Inc. does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶86.

87.     VNA, Inc. does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶87.

88.     VNA, Inc. does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶88.

89.     VNA, Inc. does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶89.

90.     VNA, Inc. agrees, on information and belief, that for a long time before April 25, 2014, the City of Flint ordinarily obtained water for its municipal water supply from the Detroit Water and Sewerage Department, that the water it received from that source came from Lake Huron, and that the water had been treated before the City of Flint received it. VNA, Inc. does not otherwise have enough knowledge or information to form a belief as to the truth of the allegations in ¶90.

91.     VNA, Inc. agrees, on information and belief, that the allegations in ¶91 are true with respect to many Flint water users at many times during the described period but does not believe they are true for all Flint water users at all times during the

described period.   VNA, Inc. otherwise does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶91.

92.    Paragraph 92 is not in the form prescribed by Rule 10 and is not susceptible to a response of the type contemplated by Rules 8 and 10.  VNA, Inc. agrees on information and belief, however, that the allegation in bullet point one in ¶92 is true. VNA, Inc. is aware of a document entitled "Source Water Assessment Report for the City of Flint Water Supply Flint Emergency Intake February 2004" that states on its cover it was prepared by the U.S. Geological Survey, MDEQ, and the City of Flint Water Utilities Department and that states in the section headed "Summary and Recommendations":

> Sensitivity Analysis:  Based on criteria adopted in the Great Lakes Protocol of the Michigan Source Water Assessment Program, the emergency intake for the Flint Water Treatment Plant has a very high degree of sensitivity to potential contaminants.

> Susceptibility Determination:  The SWA for the Flint intake includes 8 listed potential contaminant sources within the susceptible area, numerous storm drains discharging upstream of the intake, a railroad crossing plus urban, agricultural, and industrial runoff from the Flint River watershed. Combining these potential contaminant sources with the very sensitive intake yields a very highly susceptible determination for Flint source water.

VNA, Inc. otherwise, however, does not have enough knowledge or information to form a belief as to the truth of the allegations in bullet point two of ¶92.  VNA, Inc. does not have enough knowledge or information to form a belief as to the truth of the allegations in bullet point three of ¶92. VNA, Inc. is aware of a document entitled

19

"Analysis of the Flint River as a Permanent Water Supply for the City of Flint" dated July 2011 on its cover, stating on its cover that it was prepared for the City of Flint, and bearing on its cover what appear to be logos of a LAN entity and a Rowe entity. Beginning on page 7 of that document is a section headed "Source Water Quality" which at page 7 contains the statements:

> Preliminary analysis indicates that water from the river can be treated to meet current regulations; however, additional treatment will be required than for Lake Huron water  This results in higher operating costs than the alternative of a new Lake Huron supply.

> Although water from the river can be treated to meet regulatory requirements, aesthetics of the finished water will be different than that from Lake Huron.  As an example, the temperature of water supplied to customers during the summer will be warmer than the present Lake Huron supply, because of the increased summer temperature in the relatively shallow river.

At page 8 in the same section is the statement, "If used for water supply, a source water protection management plan should be developed to study the watershed, identify potential sources of contamination, and enact safeguards to prevent or control future threats."  VNA, Inc. does not otherwise have enough knowledge or information to form a belief as to the truth of the allegations in bullet point four of ¶92. VNA, Inc. has seen a document, stamped "DRAFT" on the first page and bearing what appears to be the logo of a LAN entity, entitled "Technical Memorandum Cost of Service Study Flint Water Treatment Plant."  On the first page of that document is the statement, "The following describes the required improvements as required for the Flint Water Plant to operate on a continual basis

20

using the Flint River as a water source."  Following pages contain many opinions about probable costs for many things.  On page 10 there is a section headed "Chemicals," one or more of which are chemicals commonly used to assist in corrosion control.  VNA, Inc. otherwise does not have enough knowledge or information to form a belief as to the allegations in bullet point five of ¶92.

93.    VNA, Inc. does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶93.

94.    VNA, Inc. does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶94.

95.    VNA, Inc. agrees, on information and belief, that for a period of time Dayne Walling served as the Chair of the KWA and that Jeff Wright served as CEO of the KWA, but VNA, Inc. does not otherwise have enough knowledge or information to form a belief as to the truth of the allegations in ¶95.

96.    VNA, Inc. does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶96.

97.    VNA, Inc. does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶97.

98.    VNA, Inc. does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶98.

99. VNA, Inc. does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶99.

100. VNA, Inc. does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶100.

101. VNA, Inc. agrees, on information and belief, that the allegations in the first sentence of ¶101 are true, and that Mr. Kurtz had the authority to sign off on a resolution to obligate Flint to the KWA. VNA, Inc. does not otherwise have enough knowledge or information to form a belief as to the truth of the allegations in ¶101.

102. VNA, Inc. believes, on information and belief, that the allegations in the first sentence of ¶102 are true. VNA, Inc. does not have enough knowledge or information to form a belief as to the truth of the allegations in the second sentence of ¶102.

103. VNA, Inc. agrees, on information and belief, that on more than one occasion in 2012 DWSD argued to one or more of the defendants Kurtz, Wright, Dillon, Walling, and Snyder that the City of Flint should continue to use DWSD as the source of water for its municipal water supply rather than switching its source to KWA. VNA, Inc. does not otherwise have enough knowledge or information to form a belief as to the truth of the allegations in ¶103.

104. VNA, Inc. is aware of a document entitled State of Michigan Contract No. 271N3200089 City of Flint Water Supply Assessment February 2013 indicating on

its cover that it was prepared by Tucker, Young, Jackson, Tull Inc. for the Michigan

Department of Treasury.  That document states in an introductory section:

> Tucker, Young, Jackson, Tull, Inc. (TYJT), at the request of the State Treasurer, performed an analysis of the water supply options being considered by the City of Flint.  The City of Flint is presently supplied potable water from the Detroit Water and Sewerage Department (DWSD). ...
>
> The Karagnondi Water Authority (KWA) is planning on constructing a raw water supply system that could provide Lake Huron water to the Flint Water Treatment Plant.  Flint's existing plant would be upgraded to treat the new raw water source.
>
> The State Treasurer has appointed an emergency financial manager for the City of Flint.  As such the Treasurer has requested TYJT to provide an analysis of the water supply options to assist the Treasurer in determining any potential risk and the best course going forward for supplying potable water to the City of Flint.

VNA, Inc. has also seen in connection with this litigation an e-mail dated March 7,

2013, that appears to have been sent by the defendant Dillon to the defendant Snyder

that contains the phrase contained in quotation marks in ¶104.  VNA, Inc. does not

otherwise have enough knowledge or information to form a belief as to the truth of

the allegations in ¶104.

105.   VNA, Inc. has seen in connection with this litigation an e-mail dated March

26, 2013, that appears to have been sent by the defendant Busch to the defendants

Wyant and Shekter Smith in which certain risks the author believed were associated

with use of the Flint River as the source for the City of Flint municipal water supply

23

are mentioned. VNA, Inc. does not otherwise have enough knowledge or information to form a belief as to the truth of the allegations in ¶105.

106. VNA, Inc. has, in connection with this litigation, seen an e-mail from Mr. Sygo containing the language quoted in the second sentence of ¶106 and therefore believes the allegations contained in that sentence are true. VNA, Inc. does not otherwise have enough knowledge or information to form a belief as to the truth of the allegations in ¶106.

107. VNA, Inc. has seen in connection with this litigation an e-mail dated March 28, 2013, that appears to have been sent by the defendant Dillon to the defendants Snyder and Wyant and other persons which contains the language contained in quotation marks in ¶107. VNA, Inc. does not otherwise have enough knowledge or information to form a belief as to the truth of the allegations in ¶107.

108. VNA, Inc. does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶108.

109. VNA, Inc. does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶109.

110. VNA, Inc. does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶110.

111. VNA, Inc. does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶111.

112. VNA, Inc. agrees, on information and belief, that Mr. Wright played an integral role in securing Flint's participation in the KWA, but VNA, Inc. does not otherwise have enough knowledge or information to form a belief as to the truth of the allegations in ¶112.

113. VNA, Inc. does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶113.

114. VNA, Inc. believes, on information and belief, that the first sentence in ¶114 is true. VNA, Inc. does not otherwise have enough knowledge or information to form a belief as to the truth of the allegations in ¶114.

115. VNA, Inc. has seen in connection with this litigation an e-mail dated April 4, 2013, that appears to have been sent by Dennis Muchmore to the defendant Snyder which contains the language contained in quotation marks in ¶115. VNA, Inc. does not otherwise have enough knowledge or information to form a belief as to the truth of the allegations in ¶115.

116. VNA, Inc. does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶116.

117. VNA, Inc. does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶117.

118. VNA, Inc. does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶118.

119.   VNA, Inc. does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶119.

120.   VNA, Inc. does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶120.

121.   VNA, Inc. does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶121.

122.   VNA, Inc. does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶122.

123.   VNA, Inc. does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶123.

124.   VNA, Inc. agrees, on information and belief, with the allegations in ¶124.

125.   VNA, Inc. agrees, on information and belief, with the allegations in ¶125.

126.   VNA, Inc. agrees, on information and belief, with the allegations in ¶126.

127.   VNA, Inc. has, in the course of this litigation, seen an e-mail that appears to be the one referenced in ¶127 and on that basis agrees, on information and belief, that Mr. Larkin wrote an e-mail containing the language set forth in that paragraph. VNA, Inc. does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶127.

128.   VNA, Inc. agrees, on information and belief, that Ms. Shekter-Smith played in integral role in securing an Administrative Consent Order for the City of Flint to

26

allow for funding of the KWA project and the use of the Flint River as an interim water source. VNA, Inc. does not otherwise have enough knowledge or information to form a belief as to the truth of the allegations in ¶128.

129.   VNA, Inc. agrees, on information and belief, with the allegations in ¶129.

130.   VNA, Inc. does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶130.

131.   VNA, Inc. does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶131.

132.   VNA, Inc. agrees, on information and belief, that in 2014 the defendant Cook signed a permit for use of the Flint Water Treatment Plant but does not otherwise have enough knowledge or information to form a belief as to the truth of the allegations in ¶132.

133.   VNA, Inc. agrees the State of Michigan, some of its officials, and some state-appointed Emergency Managers of the City of Flint, as well as other state, county, and municipal employees, contributed to cause contamination of the City of Flint municipal water supply that began on April 25, 2014, by taking steps before that date to cause use of Flint River water as the source for the water supply without assuring that the Flint Water Treatment Plant and its operators would be adequately equipped and prepared to treat, test, and distribute the Flint River water properly.

VNA, Inc. does not otherwise have enough knowledge or information to form a belief as to the truth of the allegations in ¶133.

134.   VNA, Inc. does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶134.

135.   VNA, Inc. does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶135.

136.   VNA, Inc. does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶136.

137.   VNA, Inc. does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶137.

138.   VNA, Inc. does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶138.

139.   VNA, Inc. does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶139.

140.   VNA, Inc. does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶140.

141.   VNA, Inc. does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶141.

142.   VNA, Inc. does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶142.

143.   VNA, Inc. does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶143.

144.   VNA, Inc. agrees, on information and belief, that the allegations in ¶144 are true.

145.   VNA, Inc. agrees, on information and belief, that the allegations in ¶145 are true.

146.   VNA, Inc. does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶146.

147.   VNA, Inc. does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶147.148. VNA, Inc. agrees, on information and belief, with the allegations in ¶148, except that it does not believe all of the companies to which the plaintiffs refer collectively as the "LAN Defendants" submitted the referenced proposal.

149.   VNA, Inc. agrees, on information and belief, with the allegations in ¶149, except that it does not believe all of the companies to which the plaintiffs refer collectively as the "LAN Defendants" submitted the referenced proposal or made the referenced claim.

150.   VNA, Inc. agrees, on information and belief, with the allegations in ¶150.a. but does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶150.b.

151.   VNA, Inc. agrees one or more of the LAN Defendants were retained by the City of Flint to provide professional engineering services to the City of Flint related to the Flint Water Treatment Plant.   VNA, Inc. agrees one or more of the LAN Defendants provided such services at least during 2014 and the first three months of 2015, and believes one or more of them also provided such professional services for some substantial period after March, 2015.   VNA, Inc. does not otherwise have enough knowledge or information to form a belief as to the truth of the allegations in ¶151.

152.   VNA, Inc. does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶152.

153.   VNA, Inc. does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶153.

154.   VNA, Inc. does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶154.

155.   VNA, Inc. has seen in connection with this litigation an e-mail that appears to meet the description contained in ¶155, but otherwise does not have enough knowledge or information to form a belief as to the truth of the allegations in that paragraph.

156.   VNA, Inc. does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶156.

157.   VNA, Inc. does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶157.

158.   VNA, Inc. does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶158.

159.   VNA, Inc. does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶159.

160.   VNA, Inc. agrees on information and belief that on or about April 9, 2014, the City of Flint received permits from MDEQ purporting to authorize the City to use the Flint River as the primary water source for the City's municipal water system. VNA, Inc. does not otherwise have enough knowledge or information to form a belief as to the truth of the allegations in ¶160.

161.   VNA, Inc. agrees the City of Flint municipal water system was not adequately prepared for the switch that occurred in April, 2014 to full-time operation using Flint River water.  VNA, Inc. agrees there were chlorides in the Flint River water taken into the Flint Water Treatment Plant for distribution through the municipal water distribution system, agrees on information and belief that the level of chlorides in the Flint River water taken into the Flint Water Treatment Plant was higher than the level in water the City of Flint had purchased from DWSD during the years before April 2014, but adds that the level of chlorides in river water often varies over time depending on a variety of factors. VNA, Inc. agrees that chlorides may be corrosive

to some materials under some circumstances.  VNA, Inc. denies it is universally true that "chlorides must be neutralized with anticorrosive agents, such as phosphates, before entering public water systems."  VNA, Inc. does not otherwise have enough knowledge or information to form a belief as to the truth of the allegations in ¶161 because of the extreme generality and abstractness with which they are stated.

162.   VNA, Inc. does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶162.

163.   VNA, Inc. does not have enough knowledge or information to form a belief as to the truth of the allegations in any of the sentences in ¶163 except for the fourth sentence.  VNA, Inc. agrees, on information and belief, with the allegations in the fourth sentence except that it does not believe all three of the companies to which the plaintiffs refer collectively as the "LAN Defendants" signed and sealed the plans and specifications referenced in that sentence.

164.   VNA, Inc. agrees, on information and belief, with the allegations in ¶164.

165.   VNA, Inc. agrees, on information and belief, that some Flint residents expressed complaints to some City of Flint officials within weeks after April 25, 2014, concerning the smell, taste, and color of municipally-supplied drinking water, but denies any such complaints were expressed to VNA, Inc., VWNAOS, or Veolia North America, LLC  VNA, Inc. does not otherwise have enough knowledge or information to form a belief as to the truth of the allegations in ¶165.

166.   VNA, Inc. agrees, on information and belief, with the allegations in ¶166.

167.   VNA, Inc. does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶167.

168.   VNA, Inc. agrees, on information and belief, with the allegations in ¶168.

169.   VNA, Inc. does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶169.

170.   VNA, Inc. agrees use of chlorine to disinfect water may produce disinfection byproducts, sometimes including trihalomethanes.  Because of the generality with which it is stated, VNA, Inc. denies the second sentence of ¶170.

171.   VNA, Inc. does not have enough knowledge or information to form a belief as to the truth of the allegations in the first sentence of ¶171 but denies the allegations in the second sentence.

172.   VNA, Inc. does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶172.

173.   VNA, Inc. does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶173.

174.   VNA, Inc. agrees Legionnaires' Disease is a severe form of pneumonia and agrees on information and belief that one way some people become infected with Legionnaire's Disease is by inhaling into their lungs water droplets that contain the types of legionella bacteria that cause Legionnaires' Disease, but VNA, Inc. does not

otherwise have enough knowledge or information to form a belief as to the truth of the allegations in the first and second sentences of ¶174.  VNA, Inc. denies, on information and belief, the allegations in the third sentence in ¶174.

175.   VNA, Inc. has, in connection with this litigation, seen an e-mail from Mr. Earley that appears to meet the description contained in ¶175, but otherwise does not have enough knowledge or information to form a belief as to the truth of the allegations in that paragraph.

176.   VNA, Inc. agrees, on information and belief, that an MDHHS epidemiologist reported internally at MDHHS that, based on certain data, there appeared to be increase in child blood lead levels in the summer of 2014 that warranted further investigation. VNA, Inc. does not otherwise have enough knowledge or information to form a belief as to the truth of the allegations in ¶176.

177.   VNA, Inc. does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶177.

178.   VNA, Inc. does not have enough knowledge or information to form a belief as to the truth of the allegations in the first sentence of ¶178.  VNA, Inc. agrees uncoated cast iron pipe, including the interior surfaces of such pipe, may corrode if it is exposed to substances (including, among other things, water)that corrode iron; VNA, Inc. agrees tuberculation is a kind of corrosion that sometimes occurs on some cast iron pipes; VNA, Inc. agrees tuberculation on the interior surfaces of cast iron

water pipes sometimes causes some water quality issues, sometimes causes reduced flow or reduced pressure, and sometimes causes leakage; VNA, Inc. also agrees tuberculation sometimes assists development of biofilms on the interior surfaces of some cast iron water pipes. VNA, Inc. otherwise denies the allegations in ¶178.

179.   VNA, Inc. has seen reports indicating that in October 2014, General Motors announced it would stop using City of Flint municipal water at one of its plants in Flint.  VNA, Inc. does not otherwise have enough knowledge or information to form a belief as to the truth of the allegations in ¶179.

180.   VNA, Inc. has, in the course of this litigation, seen an e-mail that appears to be the one referenced in ¶180 and on that basis agrees, on information and belief, that Ms. Brader wrote an e-mail containing the language set forth in that paragraph. VNA, Inc. also believes Ms. Brader, Mr. Muchmore, Mr. Gadola, and Mr. Agen at some point held the positions described in ¶180.  VNA, Inc. does not otherwise have enough knowledge or information to form a belief as to the truth of the allegations in ¶180.

181.   VNA, Inc. agrees, on information and belief, with the allegations in ¶181.

182.   VNA, Inc. has, in the course of this litigation, seen an e-mail that appears to be the one referenced in ¶182 and on that basis agrees, on information and belief, that Ms. Gadola wrote an e-mail containing the language set forth in that paragraph.

VNA, Inc. does not otherwise have enough knowledge or information to form a belief as to the truth of the allegations in ¶182.

183.   VNA, Inc. denies the official report of results of the City's first round (July 1, 2014 – December 31, 2014) of water lead level testing presented data showing an exceedance of the LCR's action level for lead.  VNA, Inc. has seen documents in the course of this litigation, however, that indicate that not all of the samples selected by the City for testing during the City's first round of water lead level testing were collected from Tier 1 residences as the LCR required them to be.  To that extent VNA, Inc. therefore agrees, on information and belief, with the allegations in the second sentence of ¶183. VNA, Inc. otherwise does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶183.

184.   VNA, Inc. has, in the course of this litigation, seen an e-mail that contains the language quoted in ¶184, but VNA, Inc. does not otherwise have enough knowledge or information to form a belief as to the truth of the allegations in ¶184. 185. VNA, Inc. agrees, on information and belief, that analytical testing of water samples drawn on January 9, 2015, from two of the water fountains at the University of Michigan - Flint was reported to disclose lead levels of 7 µg/L and 29 µg/L in the samples and that analytical testing of water samples drawn at several other locations was reported to disclose lead levels ranging from none detected to 4 µg/L. VNA, Inc. does not

otherwise have enough knowledge or information to form a belief as to the truth of the allegations in ¶185.

186.   VNA, Inc. agrees, on information and belief, with the allegations in ¶186.

187.   VNA, Inc. agrees that May 2014, August 2014, and October 2014 were before its creation of any reports concerning the City of Flint water supply and that February 2015 was before its creation of some of its reports, but denies May 2015 and August 2015 were before or concurrent with its creation of reports on that subject.  VNA, Inc. does not otherwise have enough knowledge or information to form a belief as to the truth of the allegations in ¶187.

188.   VNA, Inc. does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶188.

189.   VNA, Inc. is aware of a 20-page draft Operational Evaluation Report entitled Trihalomethane Formation Concern, dated on its cover November 2014 but dated December 1, 2014, on interior pages, that states it was authored by Lockwood, Andrews & Newnam, Inc. and that was attached as an exhibit to the City's Invitation to Bid with respect to Proposal No. 15-573. VNA, Inc. does not have enough knowledge or information to form a belief as to whether or not the draft report of which it is aware is the report referenced in ¶189 and does not otherwise have enough knowledge or information to form a belief as to the truth of the remaining allegations in ¶189.

190.   VNA, Inc. agrees that on January 29, 2015, VWNAOS submitted to the City of Flint a Response to Invitation to Bid Water Quality Consultant Proposal No.: 15-573 but adds that the City did not accept VWNAOS's proposal as written.  VNA, Inc. agrees VWNAOS's response to the Invitation to Bid began:

> In response to your Request for Bid/Proposal (RFP), **Veolia Water North America Operating Services, LLC** (Veolia) is pleased to have the opportunity to provide this letter submittal.  We have prepared a response that is focused on providing the **City of Flint** with a complete solution to address the immediate reliability and operational needs of your water system throughout your continuous operations -- whether under the current draw from Flint River or future draw from Lake Huron.

(Emphasis original.)  VNA, Inc. otherwise denies the allegations in ¶190.

191.   VNA, Inc. agrees that beginning on page 12 of the City's Invitation to Bid with respect to Proposal No. 15-573, after reporting the City's recent history of low chlorine residual levels in its municipal drinking water, excessive total coliform test results and boil water advisories, and violation of the water quality standard related to Total Trihalomethanes, the City stated:

### Scope of Services

> The City is seeking a consultant to review and evaluate the water treatment process and distribution system, provide recommendations to maintain compliance with both state and federal agencies, and assist in implementing accepted recommendations.  The City will have the selected vendor provide reports to reflect their findings and provide continual oversight in implementing any approved recommended practices to improve the quality of water until implementation of the KWA project.

### Deliverables

The City is requesting that the selected vendor provide the following reports in their order of appearance:

- Evaluation of the City's processes and procedures to maintain and improve water quality;

- Report that outlines recommendations that will improve the water treatment and distribution system.

The City is requesting that the selected vendor provide coordination in implementing any selected recommendations that will result in improving the overall process of treating and distributing water until such time that the City is receiving and successfully treating Lake Huron water.

VNA, Inc. otherwise denies the allegations in ¶191.

192.   VNA, Inc. agrees VWNAOS stated at page 4 of its Response to Invitation to

Bid Water Quality Consultant Proposal No.: 15-573:

We believe that addressing the fundamental issues concerning water quality compliance and operational reliability is much more complex than the recommendations study and advisory services approach outlined in your RFP.

VNA, Inc. agrees VWNAOS stated at page 5 of VWNAOS's Response to Invitation

to Bid Water Quality Consultant Proposal No.: 15-573:

In order to respond to the immediate needs of your defined scope of work, we anticipate mobilizing a team of technical, operations, maintenance and communications SMEs to:  calibrate daily water quality samples with the City's hydraulic model; refine the operational strategies for the plant and distribution system; coordinate daily efforts across plant, operations, and maintenance staff; and to alleviate continued concerns from the public through a public communications process.

VNA, Inc. otherwise denies the allegations in ¶192.

193.   Denied.  VWNAOS was hired by the City of Flint by a contract entitled City of Flint Contract with Veolia Water North America Operating Services LLC dated February 10, 2015. Neither VNA, Inc. nor Veolia North America, LLC was hired by the City of Flint.

194.   VWNAOS's obligations under the contract were set forth in City of Flint Contract with Veolia Water North America Operating Services LLC, dated February 10, 2015, subject to that contract's provision that VWNAOS's services would "be utilized as needed and as determined solely by the City of Flint."  VNA, Inc. otherwise denies the allegations in ¶194.

195.   VNA, Inc. denies the allegations in ¶195 but agrees the City of Flint issued a press release on or about February 10, 2015, which, among other things, attributed to a VWNAOS official a statement that VWNAOS had "extensive experience handling challenging river water sources, reducing leaks and contaminants, and in managing discolored water."

196.   VNA, Inc. agrees the press release referenced in ¶196 of this answer reported that VWNAOS's then-Vice President of Municipal & Corporate Business, David Gadis, had stated, "We understand the frustration and urgency in Flint," that he had stated, "We are honored to support your community with our technical expertise so that together we can ensure water quality for the people of the City of Flint," and that he had stated, "We have extensive experience handling challenging river water

sources, reducing leaks and contaminants, and in managing discolored water." VNA, Inc. otherwise denies the allegations in ¶196.

197.   VNA, Inc. agrees a media source reported that on February 12, 2015, Mr. Nicholas made the statement contained in quotation marks in ¶197 but otherwise does not have enough knowledge or information to form a belief as to the truth of the allegations in that paragraph.

198.   It is true VWNAOS, in accordance with the requirements of its contract with the City of Flint Contract, issued an interim report on February 18, 2015, to a committee of Flint's City Council.   VNA, Inc. otherwise denies the allegations in ¶198.

199.   VNA, Inc. agrees that on page 3 of VWNAOS's interim report VWNAOS stated, among other things:

Safe = compliance with state and federal standards and required testing

- Latest tests show water is in compliance with drinking water standards
- Monthly report available on web page

VNA, Inc. otherwise denies the allegations in ¶199.

200.   VNA, Inc. agrees that on page 6 of VWNAOS's interim report VWNAOS stated, among other things:

Efforts to reducing TTHM didn't help discoloration

- Doesn't mean the water is unsafe but it is not appealing and raises questions

City will test the water at your home - call 787-6537 or email flintwater@cityofflint.com

Tracking customer complaints is important.

VNA, Inc. also agrees that on page 18 of VWNAOS's interim report, which was headed "Next Steps," VWNAOS identified "Carry out more detailed study of initial findings" and "Make recommendations for improving water quality" as being among subsequent steps it would take. VNA, Inc. otherwise denies the allegations in ¶200.

201.   VNA, Inc. agrees that on page 21 (headed "More Questions Being Heard") of VWNAOS's interim report VWNAOS stated, among other things:

> **Can you test my water -** The city will test your water for free.  But, only 2 of 20 people have taken the city up on the offer since it began offering the service.

> **Medical problems** - Some people may be sensitive to any water.  Talk to your doctor.  The City is communicating with the medical community.

VNA, Inc. otherwise denies the allegations in ¶201.

202.   VNA, Inc. agrees that on March 12, 2015, VWNAOS issued a Water Quality Report but otherwise denies the allegations in ¶202.

203.   It is true VWNAOS stated in the Executive Summary of its March 12, 2015, Water Quality Report:

> We are pleased to present this final report to the City of Flint following our experts' 160-hour assessment of the water treatment plant, distribution system, customer service and communications programs, and capital plans and annual budget.

This report provides recommendations and a roadmap for improvement, though our engagement was limited in scope.  Our assessment included reviewing actions taken by the City to date, validating the City's plans going forward, and making recommendations for ideas not being considered.

Although a review of water quality records for the time period under our study indicates compliance with State and Federal water quality regulations, Veolia, as an operator and manager of comparable utilities, recommends a variety of actions to address improvements in water quality and related aesthetics including: operational changes and improvements; changes in water treatment processes, procedures, and chemical dosing; adjustments in how current technologies are being used; increased maintenance and capital program activities; increased training; and, an enhanced customer communications program.

VNA, Inc. denies the remaining allegations in ¶203.

204.   VNA, Inc. agrees that in the section of VWNAOS's March 12, 2015, Water

Quality Report entitled "Review of Actions Taken to Date" VWNAOS stated:

Although the primary focus of this review was based on solving the TTHM problem, the public has also expressed its frustration over discolored and hard water.  Those aesthetic issues have understandably increased the level of concern about the safety of the water.

The review of water quality records during the time of Veolia's study shows the water to be in compliance with State and Federal regulations, and, based on those standards, the water is considered to meet drinking water requirements.

205.   VNA, Inc. agrees that at page 5 of VWNAOS's March 12, 2015, Water

Quality Report VWNAOS stated, among other things:

**Corrosion Control** - The primary focus of this study was to assure compliance with the TTHM limits.  That is not the only problem facing the city and its customers though.  Many people are frustrated and naturally concerned by the discoloration of the water with what primarily appears to be iron from the old unlined cast iron pipes.  The

> water system could add a polyphosphate to the water as a way to minimize the amount of discolored water.  Polyphosphate addition will not make discolored water issues go away.  The system has been experiencing a tremendous number of water line breaks the last two winters.  Just last week there were more than 14 in one day.  Any break, work on broken valves or hydrant flushing will change the flow of water and potentially cause temporary discoloration.

VNA, Inc. otherwise denies the allegations in ¶205.

206.   Denied.

207.   Denied.

208.   VNA, Inc. denies the allegations in ¶208 to the extent they refer to its actions and alleged actions by Veolia North America, LLC and VWNAOS but does not otherwise have enough knowledge or information to form a belief as to the truth of the allegations in that paragraph.

209.   VNA, Inc. agrees that on March 12, 2015, VWNAOS issued VWNAOS's Water Quality Report to the City of Flint, does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶209 insofar as they pertain solely to "the LAN Defendants," but otherwise denies the allegations in ¶209.

210.   VNA, Inc. denies the allegations in the first sentence of ¶210 but does not otherwise have enough knowledge or information to form a belief as to the truth of the allegations in that paragraph about what allegedly is "widely known in the scientific community."

211.   VNA, Inc. does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶211 about what had been "highly publicized" before March 12, 2015, but otherwise denies the allegations in that paragraph.

212.   VNA, Inc. does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶212 to the extent they refer solely to "the LAN Defendants" but otherwise denies them.

213.   VNA, Inc. agrees a document entitled Source Water Assessment Report for the City of Flint Water Supply Flint River Emergency Intake February 2004 states on its face that it was prepared by the U.S. Geological Survey, Water Resources Division, Michigan District, the Michigan Department of Environmental Quality, Water Division, and the City of Flint Water Utilities Department.   That document includes at page 15, in the section headed Summary and Recommendations, the statement:

> The SWA for the Flint intake includes 8 listed potential contaminant sources within the susceptible area, numerous storm drains discharging upstream from the intake, a railroad crossing plus urban, agricultural, and industrial runoff from the Flint River watershed. Combining these potential contaminant sources with the very highly sensitive intake yields a very highly susceptible determination for Flint source water.

That document, however, does not appear explicitly to discuss contamination of the Flint River with chlorides or a chloride-to-sulfate mass ratio in Flint River water. VNA, Inc. does not otherwise have enough knowledge or information to form a belief as to the truth of the allegations in the second sentence of ¶213.  VNA, Inc.

45

likewise does not have enough knowledge or information to form a belief as to the truth of the allegations in the fourth sentence of ¶213 or of the allegations elsewhere in that paragraph to the extent they concern one or more of the three defendants to which the plaintiffs refer collectively as "LAN."  VNA, Inc. otherwise denies the allegations in ¶213.

214.  VNA, Inc. denies the allegations in ¶214 to the extent they refer to it, VWNAOS, and Veolia North America, LLC  VNA, Inc. also denies, on information and belief, that "[o]utbreaks of Legionnaires' disease are rare unless pipes have been stripped of their bio-film by warm, corrosive water." VNA, Inc. otherwise does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶214.

215.  VNA, Inc. agrees it was well-known in 2014 and 2015 to some scientists as well as to some other people that some pipes, including some old municipal water service lines, contain lead and that some corroded water pipes that contain lead may under some conditions leach lead into drinking water if they are part of a drinking water distribution system or plumbing, but VNA, Inc. does not otherwise have enough knowledge or information to form a belief as to the truth of the allegations in the first sentence of ¶215.  VNA, Inc. denies the language contained in quotation marks in the third sentence of ¶215 is a complete and accurate quotation of the paragraph from which it is taken but agrees the language appears in the foreword of

the work to which it is ascribed.  VNA, Inc. does not have enough knowledge or information to form a belief as to the truth of the allegations in the fourth sentence of ¶215.  VNA, Inc. otherwise denies the allegations in ¶215.

216.   VNA, Inc. agrees corrosion of iron water mains that began before VWNAOS entered into its contract with the City of Flint was a cause of much of the discoloration of municipally-supplied water about which some Flint residents complained. VNA, Inc. does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶216 concerning what the three defendants to which the plaintiffs collectively refer as LAN should have inferred from the presence of rust in the City's water.  VNA, Inc. otherwise denies the allegations in ¶216.

217.   VNA, Inc. does not have enough knowledge or information to form a belief as to the truth of the allegations in the first sentence of ¶217 concerning the motivations of those who promulgated the LCR in 1991.  VNA, Inc. denies the first sentence of ¶217 accurately describes the requirements of the LCR.  VNA, Inc. does not have enough knowledge or information to form a belief as to the truth of the allegations in the second sentence of ¶217 to the extent that sentence refers to what "Flint's own sampling analysis" may have "indicated" to the City of Flint, MDEQ, or others who participated in conducting the analysis or had full knowledge of the way in which it was conducted. VNA, Inc. denies the allegations in that sentence to

the extent they refer to what "Flint's own sampling analysis" indicated to VNA, Inc., VWNAOS, or Veolia North America, LLC, and VNA, Inc. otherwise denies the allegations in ¶217. VNA, Inc. adds that it does not believe VWNAOS expected the City of Flint or other government authorities would supply it with inaccurate or otherwise misleading analytical data.

218.   Because they are worded so generally and abstractly, VNA, Inc. denies the allegations in ¶218.

219.   VNA, Inc. agrees ferric chloride is commonly used as a coagulant by many water treatment plants to assist in causing organic particles to settle out of the water during the treatment process; VNA, Inc. agrees ferric chloride is acidic; VNA, Inc. agrees adding acidic water treatment chemicals to water can, under some circumstances, lower the pH of water near where the chemical is added.  VNA, Inc. otherwise denies the allegations in the first sentence of ¶219.  VNA, Inc. does not have enough knowledge or information to form a belief as to the truth of the remaining allegations in ¶219.

220.   Denied.

221.   VNA, Inc. does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶221.

222.   VNA, Inc. agrees neither it nor VWNAOS nor Veolia North America, LLC recommended that the City of Flint take steps to institute corrosion control "to

prevent ... *legionella* from spreading throughout the City's water supply," and adds that neither the City of Flint nor any other governmental entity provided VWNAOS with any information concerning any increased incidence of Legionnaire's Disease or of *legionella* bacteria in the water distribution system.   VNA, Inc. agrees VWNAOS included among the recommendations in VWNAOS's Water Quality Report dated March 12, 2015, the following statement:

> The primary focus of this study was to assure compliance with the TTHM limits.  That is not the only problem facing the city and its customers though. Many people are frustrated and naturally concerned by the discoloration of the water with what primarily appears to be iron from the old unlined cast iron pipes.  The water system could add a polyphosphate to the water as a way to minimize the amount of discolored water.  Polyphosphate addition will not make discolored water issues go away.  The system has been experiencing a tremendous number of water line breaks the last two winters. Just last week there were more than 14 in one day.  Any break, work on broken valves or hydrant flushing will change the flow of water and potentially cause temporary discoloration.

VNA, Inc. agrees VWNAOS included in the section of VWNAOS's March 12, 2015, Water Quality Report entitled "Conclusions and Next Steps" the recommendation to the City:

> Contract with your engineer and initiate discussions with the State on the addition of a corrosion control chemical.  This action can be submitted and discussed with the state at the same time as the other chemical and filter changes saving time and effort.  A target dosage of 0.5 mg/L phosphate is suggested for improved corrosion control.

VNA, Inc. does not have enough knowledge or information to form a belief as to the truth of the allegations in the last sentence of ¶222 but otherwise denies the remaining allegations in that paragraph.

223.   VNA, Inc. agrees VWNAOS stated in the "Recommendations" section of VWNAOS's March 12, 2015, Water Quality Report:

> Four coagulants were tested by Veolia -- ferric chloride, ferric sulfate, polyaluminum chloride (PACl) and aluminum chlorhydrate (ACH).  Ferric chloride and ACH were found to be the best choice of product for effectiveness in removing TOC, a precursor to TTHM formation.  Current ferric chloride dosages are too low and dosages of 100 mg/Lormoreare recommended.  Again, please note, that the amount of chemical needed changes with the nature of the river and as such, water must be tested multiple times a day with corresponding changes in chemical dosages.  This increase to 100 mg/L is twice what is currently being fed and much higher than what had previously been fed last year.  The increase in chemical costs could be up to $1,000,000 per year,  This change in dosage (using ferric chloride) can be made immediately without state permit review.

VNA, Inc. otherwise denies the allegations in ¶223.

224.   VNA, Inc. agrees that in March, 2015, VWNAOS knew significant corrosion of cast iron pipes in the City of Flint's municipal water distribution system had occurred before VWNAOS entered into its contract with the City of Flint and was continuing to occur.  VNA, Inc. otherwise denies the allegations in ¶224.

225.   VNA, Inc. does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶225.

226.   VNA, Inc. does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶226 about what recommendations the three

companies to which the plaintiff refers collectively as the "LAN Defendants" did not make to the City of Flint. VNA, Inc. agrees that neither it nor VWNAOS nor Veolia North America, LLC recommended to the City of Flint that it "add[] phosphate as a pH buffer" or that doing so was mandatory. VNA, Inc. otherwise denies the allegations in ¶226.

227.  VNA, Inc. does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶227.

228.  VNA, Inc. agrees pH is ordinarily measured on a logarithmic scale, denies the meaning of that fact is "that a pH of one whole number, such as 7.0 is ten times more corrosive than a pH of another whole number, such as 8.0," but does not otherwise have enough knowledge or information to form a belief as to the truth of the allegations in ¶228.

229.  The graph contained in ¶227 is not punctuated by any quotes from e-mails or other documents of VNA, Inc., VWNAOS, or Veolia North America, LLC. VNA, Inc. does not otherwise have enough knowledge or information to form a belief as to the truth of the allegations in ¶229.

230.  VNA, Inc. denies the indented, single-spaced language in ¶230 reflects a "similar conclusion" to any of those alleged in preceding paragraphs of the complaint, but VNA, Inc. does not otherwise have enough knowledge or information to form a belief as to the truth of the allegations in ¶230.

231. VNA, Inc. denies the allegations in the last sentence of ¶231 but otherwise does not have enough knowledge or information to form a belief as to the truth of the allegations in that paragraph.

232. VNA, Inc. agrees VWNAOS measured the pH of some water samples collected at the Flint Water Treatment Plant and reviewed records containing analytical information about water collected by others at various other locations. VNA, Inc. denies it or Veolia North America, LLC did those things. VNA, Inc. agrees VWNAOS made recommendations to the City of Flint about changes to dosing of water treatment chemicals at the Flint Water Treatment Plant, including addition of some water treatment chemicals that were not already being dosed at the plant, but VNA, Inc. denies it or Veolia North America, LLC did those things. VNA, Inc. agrees recommendations VWNAOS made with respect to changes in dosing of some water treatment chemicals (including beginning to dose some previously unused chemicals) would if implemented likely have affected in one way or another the pH of water in the Flint Water Treatment Plant and some of them would have affected the pH of water being discharged from the plant into the distribution system and might have affected in one way or another the pH of water at various locations in the distribution system. VNA, Inc. denies the allegations in the third sentence of ¶232 insofar as they refer to it or to VWNAOS or Veolia North America, LLC. VNA,

Inc. otherwise does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶232.

233. VNA, Inc. does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶233.

234. VNA, Inc. agrees, on information and belief, that Mr. Earley resigned as Emergency Manager on January 13, 2015. VNA, Inc. agrees Mr. Earley was succeeded as Emergency Manager in Flint by Gerald Ambrose, but VNA, Inc. does not have enough knowledge or information to form a belief as to whether it was the Governor or some other State of Michigan official who appointed Mr. Ambrose.

235. VNA, Inc. agrees, on information and belief, that Liane Shekter-Smith expressed concern for the optics of "[t]he decision to provide bottled water [to state employees] when the public notice was not a 'do not drink'" but VNA, Inc. does not otherwise have enough knowledge or information to form a belief as to the truth of the allegations in ¶235.

236. VNA, Inc. does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶203.

237. VNA, Inc. agrees that neither it nor VWNAOS nor Veolia North America, LLC did anything on or about January 27, 2015 about an impending health catastrophe but adds that no notice of the type referenced in ¶237 was provided to them, that VWNAOS's contract with the City of Flint was not even signed until

February 10, 2015, and that neither VNA, Inc. nor Veolia North America, LLC ever had any agreement with the City of Flint to provide services with respect to the City's municipal water supply. VNA, Inc. does not otherwise have enough knowledge or information to form a belief as to the truth of the allegations in ¶237.

238.  VNA, Inc. does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶238.

239.  VNA, Inc. agrees, on information and belief, with the allegations in ¶239 except that VNA, Inc. does not have enough knowledge or information to form a belief as to whether or not the rates offered by DWSD were "attractive."

240.  VNA, Inc. does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶240.

241.  VNA, Inc. agrees, on information and belief, that early in 2015, Governor Snyder's staff knew of a potential Legionnaires' disease outbreak, but VNA, Inc. does not otherwise have enough knowledge or information to form a belief as to the truth of the allegations in ¶241.

242.  VNA, Inc. does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶242.

243.  VNA, Inc. agrees, on information and belief, with the allegations in the first two sentences of ¶243 but does not otherwise have enough knowledge or information to form a belief as to the truth of the allegations in that paragraph.

244.   VNA, Inc. believes, based on documents disclosed by government agencies during the course of this litigation, that Jennifer Crooks was an EPA employee and that the allegations in ¶244 concerning an e-mail Ms. Crooks wrote on February 26, 2015, directed to other EPA employees and to some MDEQ employees are true. VNA, Inc. does not otherwise have enough knowledge or information to form a belief as to the truth of the allegations in that paragraph except that VNA, Inc. agrees that no one affiliated with it, or with VWNAOS, or with Veolia North America, LLC, was an addressee of Ms. Crooks's described e-mail.

245.   VNA, Inc. believes, based on documents disclosed by government agencies during the course of this litigation, that the allegations in ¶245 concerning an e-mail Ms. Crooks wrote on February 26, 2015, are true.  VNA, Inc. does not otherwise have enough knowledge or information to form a belief as to the truth of the allegations in that paragraph.

246.   VNA, Inc. believes, based on documents disclosed by government agencies during the course of this litigation, that the allegations in ¶246 concerning an e-mail Stephen Busch wrote on February 27, 2015, are true.  VNA, Inc. does not otherwise have enough knowledge or information to form a belief as to the truth of the allegations in ¶246.

247.   VNA, Inc. does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶247.

248.   VNA, Inc. agrees, on information and belief, that Mr. Johnson undertook efforts to minimize and conceal the alleged public health risks, including hindering GCHD's investigation into the Legionnaires' disease outbreak. VNA, Inc. agrees, on information and belief, that on February 5, 2015, Mr. Johnson stated that he would "fulfill [the] request as soon as possible" but took no action to provide the results or to cooperate with the investigation. VNA, Inc. does not otherwise have enough knowledge or information to form a belief as to the truth of the allegations in ¶248.

249.   VNA, Inc. denies there is a "Class" but otherwise does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶249.

250.   VNA, Inc. does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶250.

251.   VNA, Inc. denies the allegations in ¶251 to the extent the "Defendants" referenced in that paragraph include VNA, Inc., VWNAOS, and Veolia North America, LLC. VNA, Inc. does not otherwise have enough knowledge or information to form a belief as to the truth of the allegations in ¶251.

252. VNA, Inc. denies that Ms. Liane Shekter-Smith made any such acknowledgement with respect to what the defendants VNA, Inc., VWNAOS, or Veolia North America, LLC allegedly knew. VNA, Inc. has, in the course of this litigation, seen an e-mail that contains the language quoted in ¶252, but VNA, Inc.

agrees no one affiliated with it, or with VWNAOS, or with Veolia North America, LLC was an addressee of an e-mail like that described in ¶252. VNA, Inc. does not otherwise have enough knowledge or information to form a belief as to the truth of the allegations in ¶252.

253.   VNA, Inc. has, in the course of this litigation, seen an e-mail that contains the language quoted in ¶253, but VNA, Inc. does not otherwise have enough knowledge or information to form a belief as to the truth of the allegations in ¶253.

254.   VNA, Inc. agrees, on information and belief, that the allegations in ¶254 are true.

255.   VNA, Inc. believes the first sentence in ¶255 is true and also that Emergency Manager Gerald Ambrose rejected the City Council's vote to re-connect to the Detroit water system.  VNA, Inc. does not otherwise have enough knowledge or information to form a belief as to the truth of the allegations in ¶255.

256.   VNA, Inc. does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶256.

257.   VNA, Inc. does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶257.

258.   VNA, Inc. does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶258.

259.  VNA, Inc. has, in the course of this litigation, seen a memorandum purportedly prepared by Mr. Del Toral with the referenced title and dated June 24, 2015. Additionally, VNA, Inc. has, in the course of this litigation, seen an e-mail sent by Mr. Del Toral to some of his EPA colleagues that contains the language contained in quotation marks in the concluding sentence in in ¶259. Therefore, VNA, Inc. agrees with the allegations contained in ¶259, except that it denies Mr. Del Toral warned it, VWNAOS, or Veolia North America, LLC

260.  VNA, Inc. denies that Mr. Del Toral warned it, VWNAOS, or Veolia North America, LLC as described in ¶260. VNA, Inc. has, in the course of this litigation, seen an email from Mr. Del Toral to some of his EPA colleagues referring to certain state and local officials that appears to correspond with the description in ¶260.

261.  VNA, Inc. denies that Mr. Del Toral's report was shared with it, VNA Inc., or VWNAOS, but VNA, Inc. does not otherwise have enough knowledge or information to form a belief as to the truth of the allegations in ¶261.

262.  VNA, Inc. does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶262.

263.  VNA, Inc. agrees, on information and belief, that the allegations in ¶263 are true.

264.   VNA, Inc. has seen an e-mail in the course of this litigation that appears to correspond to the description in ¶264 and, on that basis, agrees on information and belief with the allegations in that paragraph.

265.   VNA, Inc. has seen information in the course of this litigation that appears to corroborate the allegations in ¶265 reporting statements Mr. Wurfel made and when he made them, so to that extent VNA, Inc. agrees on information and belief with the allegations in that paragraph. VNA, Inc. does not otherwise have enough knowledge or information to form a belief as to the truth of the allegations in that paragraph.

266.   VNA, Inc. does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶266.

267.   VNA, Inc. has, in the course of this litigation, seen an e-mail that appears to correspond to the one described in ¶267 and, on that basis, agrees on information and belief with the allegations in that paragraph except for those in the first sentence. VNA, Inc. does not have enough knowledge or information to form a belief as to the truth of the allegations in the first sentence insofar as it refers indiscriminately to all of the Government Defendants and to undescribed dangers.

268.   VNA, Inc. denies, on information and belief, that Mr. Muchmore made any statement of the kind described in ¶268 about it, VWNAOS, or Veolia North

America, LLC. VNA, Inc. also denies there is a Class. VNA, Inc. does not, however, otherwise have enough knowledge or information to form a belief as to the truth of the allegations in ¶268.

269.   VNA, Inc. agrees, on information and belief, that by July 2015, Governor Snyder knew of reports of elevated lead levels found in homes throughout the city, but VNA, Inc. does not otherwise have enough knowledge or information to form a belief as to the truth of the allegations in ¶269.

270.   VNA, Inc. does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶270, except that VNA, Inc. denies that it, VWNAOS, or Veolia North America, LLC "blatantly ignor[ed] the concerns of Flint residents."

271.   VNA, Inc. does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶271.

272.   VNA, Inc. does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶272.

273.   VNA, Inc. agrees the defendants Busch, Prysby, and Rosenthal, who were formerly MDEQ officials, were criminally charged by the Michigan authorities for alleged misconduct related to contamination of the City of Flint municipal water supply, but VNA, Inc. does not otherwise have enough knowledge or information to form a belief as to the truth of the allegations in ¶273.

274.   VNA, Inc. agrees, based on information it has obtained in connection with this litigation, that in August 2015, Professor Marc Edwards publicly announced there was significant lead contamination in the City of Flint's municipal water supply.  VNA, Inc. does not otherwise have enough knowledge or information to form a belief as to the truth of the allegations in ¶274.

275.   VNA, Inc. does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶275.

276.   VNA, Inc. agrees Mr. Lyon did not report to it, VWNAOS, or Veolia North America, LLC any of the alleged facts stated in ¶276. VNA, Inc. denies there is a class, but otherwise does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶276.

277.   VNA, Inc. does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶277.

278.   VNA, Inc. does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶278.

279. VNA, Inc. agrees that in the summer of 2015 Dr. Hanna-Attisha and co-authors published a study reporting, among other things, that their analysis of data made available to them by Hurley Hospital disclosed that blood samples taken during the second and third quarters of 2014 from children 5 years of age or younger living in the City of Flint disclosed an increase relative to the second and third quarters of

2013 in the percentage of such children who had blood lead levels exceeding 0.05 μg/dl. VNA, Inc. does not otherwise have enough knowledge or information to form a belief as to the truth of the allegations in ¶279.

280.   VNA, Inc. does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶280.

281.   VNA, Inc. has, in the course of this litigation, seen an email that appears to correspond to the language quoted in ¶281, but VNA, Inc. does not otherwise have enough knowledge or information to form a belief as to the truth of the allegations in ¶281.

282.   VNA, Inc. does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶282.

283.   VNA, Inc. does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶283.

284.   VNA, Inc. has, in the course of this litigation, become aware of comments made by Mr. Wurfel regarding Dr. Hanna-Attisha's report, but VNA, Inc. does not otherwise have enough knowledge or information to form a belief as to the truth of the allegations in ¶284.

285.   VNA, Inc. agrees, on information and belief, that the allegations in ¶285 are true.

286.   VNA, Inc. does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶286.

287.   VNA, Inc. agrees, on information and belief, that on October 8, 2015, Governor Snyder issued an order that required the City of Flint to re-connect to the Detroit water system as the source for its municipal drinking water supply.  VNA, Inc. does not otherwise have enough knowledge or information to form a belief as to the truth of the allegations in ¶287.

288.   VNA, Inc. agrees, on information and belief, that on or about October 16, 2015, the City of Flint re-connected to the Detroit water system as the source for its municipal drinking water supply.

289.   VNA, Inc. does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶289.

290.   VNA, Inc. agrees, on information and belief, that on October 18, 2015, MDEQ Director Wyant sent an e-mail to Governor Snyder in which he wrote, in part:

> Simply said, our staff believed that they were constrained by two consecutive six-month tests.  We followed and defended that protocol.  I believe now we made a mistake.  For communities with a population above 50,000, optimized corrosion control should have been required from the beginning.

VNA, Inc. does not otherwise have enough knowledge or information to form a belief as to the truth of the allegations in ¶290.

291.   VNA, Inc. does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶291.

292.   VNA, Inc. does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶292.

293.   VNA, Inc. does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶293.

294.   VNA, Inc. agrees, on information and belief, that Flint Mayor Karen Weaver declared a state of emergency on December 14, 2015 and that the Genesee County Commissioners declared a state of emergency on January 4, 2016, but VNA, Inc. otherwise does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶294.

295.   VNA, Inc. agrees, on information and belief, that former Michigan Governor Snyder declared a state of emergency on January 5, 2016, but VNA, Inc. otherwise does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶295.296.    VNA, Inc. does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶296.

297.   VNA, Inc. does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶297.

298.   VNA, Inc. does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶298.

299.   VNA, Inc. does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶299.

300.   VNA, Inc. has, in the course of this litigation, seen an e-mail that contains the language quoted in ¶300, but VNA, Inc. does not otherwise have enough knowledge or information to form a belief as to the truth of the allegations in ¶300.

301.   VNA, Inc. has, in the course of this litigation, seen an e-mail that contains the language quoted in ¶301, but VNA, Inc. does not otherwise have enough knowledge or information to form a belief as to the truth of the allegations in ¶301.

302.   VNA, Inc. does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶302.

303.   VNA, Inc. does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶303.

304.   VNA, Inc. has, in the course of this litigation, seen an e-mail that contains the language quoted in ¶304, but VNA, Inc. does not otherwise have enough knowledge or information to form a belief as to the truth of the allegations in ¶304.

305.   VNA, Inc. does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶305.

306.   VNA, Inc. does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶306.

307.   VNA, Inc. does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶307.

308.   VNA, Inc. does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶308.

309.   VNA, Inc. does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶309.

310.   VNA, Inc. denies, on information and belief, that all of the efforts undertaken by various State of Michigan officials to mitigate the effects of the contamination of the City of Flint water supply that government officials caused have been ineffective. VNA, Inc. does not otherwise have enough knowledge or information to form a belief as to the truth of the allegations in ¶310.

311.   VNA, Inc. denies the allegations in ¶311 to the extent that "the Defendants" referenced in that paragraph include it, VWNAOS, or Veolia North America, LLC VNA, Inc. does not otherwise have enough knowledge or information to form a belief as to the truth of the allegations in ¶311.

312.   VNA, Inc. does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶312.

313.   VNA, Inc. agrees, on information and belief, that during at least part of the time the City of Flint used the Flint River as the source for its municipal water supply the water corroded some metal pipes in the distribution system for the City's

66

municipal water and that at various times it became predictable to some people that such corrosion would occur. VNA, Inc. further agrees, on information and belief, that lead from some of those pipes leached into some of the water. VNA, Inc. otherwise denies the allegations of the first two sentences in ¶313. VNA, Inc. does not have enough knowledge or information to form a belief as to the truth of the allegations in the third and fourth sentences of that paragraph except that it agrees the information referenced in the fourth sentence is presently unknown to it, to VWNAOS, or to Veolia North America, LLC

314. VNA, Inc. agrees that effects of ingesting, inhaling, or otherwise absorbing excessive amounts of lead can sometimes be very serious but otherwise does not have enough knowledge or information to form a belief as to the truth of the assertion in the first sentence of ¶314. VNA, Inc. does not have enough knowledge or information to form a belief as to whether the language enclosed by quotation marks accurately quotes a statement made by EPA.

315. VNA, Inc. does not have enough knowledge or information to form a belief as to whether or not the language contained in quotation marks in ¶315 is an accurate quotation of a statement by the World Health Organization.

316. VNA, Inc. does not have enough knowledge or information to form a belief as to the truth of the allegation that the language contained in quotation marks in ¶316 is an accurate quotation of what the EPA has said but agrees, on information

and belief, that ingestion of lead may sometimes be harmful and that, depending on the amount of lead ingested, the time during which it is ingested, the form in which it is ingested, and other variables the harm may include one or more of seizures, coma, and death.

317.   VNA, Inc. agrees, on information and belief, that some effects of ingesting, inhaling, or otherwise absorbing excessive amounts of lead are sometimes long lasting but otherwise denies the allegations in the first sentence of ¶317.  VNA, Inc. does not have enough knowledge or information to form a belief as to the truth of the allegation that the language contained in quotation marks in ¶317 is an accurate quotation of what EPA has said.

318.   VNA, Inc. denies all children in the City of Flint have diminished potential over the entire course of their lives as a result of damage from lead exposure, but VNA, Inc. does not have enough knowledge or information to form a belief as to the truth of the allegation that the language contained in quotation marks in ¶318 is an accurate quote of what the World Health Organization has said.

319.   VNA, Inc. does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶319.

320.   VNA, Inc. does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶320.

321.   VNA, Inc. does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶321.

322.   VNA, Inc. denies any children in the City of Flint have suffered any damages as a result of misconduct by it, by VWNAOS, or by Veolia North America, LLC whether of the types referenced in ¶322 or otherwise, but VNA, Inc. agrees on information and belief that some children in the City of Flint may have suffered some damages as a result of misconduct by some or all of the other defendants. VNA, Inc. denies on information and belief that all children in the City of Flint have suffered damages as a result of misconduct by all other defendants.  VNA, Inc. does not otherwise have enough knowledge or information to form a belief as to the truth of the allegations in ¶322.

323.   VNA, Inc. agrees ingestion, inhalation, or other modes of absorption of lead may in some circumstances be harmful to adults.  VNA, Inc. does not, however, have enough knowledge or information to form a belief as to whether the language contained in quotation marks in ¶323 accurately reports a warning EPA has given or whether the last sentence in ¶323 accurately recounts an explanation the World Health Organization has given.

324.   VNA, Inc. agrees that some effects on adults of ingestion, inhalation, or other modes of absorption of lead are sometimes real rather than hypothetical but does not

otherwise have enough knowledge or information to form a belief as to the truth of the allegations in ¶324.

325.   VNA, Inc. denies the allegations in ¶325 are true as to all of the named plaintiffs but does not otherwise have enough knowledge or information to form a belief as to the truth of the allegations in that paragraph.

326.   VNA, Inc. does not have enough knowledge or information to form a belief as to the truth of the allegations in the first two sentences of ¶326.  VNA, Inc. denies there is a "Class" and hence denies the allegations in the third and fourth sentences of ¶326.  VNA, Inc. agrees, on information and belief, that there have been some reported cases of Legionnaire's Disease among Flint residents since April 25, 2014, but denies all those reported to have become infected with that disease died from it. VNA, Inc. does not otherwise have enough knowledge or information to form a belief as to the truth of the allegations in ¶326.

327.   VNA, Inc. does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶327.

328.   VNA, Inc. denies any of the named plaintiffs have suffered extreme emotional distress as a result of conduct by it, by VWNAOS, or by Veolia North America, LLC.  VNA, Inc. denies that all of the named plaintiffs have suffered extreme emotional distress as a result of conduct by other defendants.  VNA, Inc. otherwise

does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶328.

329.  VNA, Inc. denies conduct by it, by VWNAOS, or by Veolia North America, LLC, has caused devastating health effects, lost economic productivity caused by lead exposure, significant property damage, or monetary losses.  VNA, Inc. otherwise does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶329.

330.  VNA, Inc. denies all plaintiffs have sustained property damage or diminution in value of real estate of types described in ¶330 but otherwise does not have enough knowledge or information to form a belief as to the truth of the allegations in that paragraph.

331.  VNA, Inc. does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶331.

332.  VNA, Inc. denies the allegations in ¶332 are true as to all of the plaintiffs but otherwise does not have enough knowledge or information to form a belief as to the truth of the allegations in that paragraph.

333.  VNA, Inc. denies the first sentence of ¶333 is true as a generality.  VNA, Inc. does not otherwise have enough knowledge or information to form a belief as to the truth of the allegations in that paragraph.

334.   VNA, Inc. does not have enough knowledge or information to form a belief as to whether the language included in quotation marks in ¶334 accurately recounts an explanation given by a Water Research Watershed Center.

335.   VNA, Inc. does not have enough knowledge or information to form a belief as to whether ¶335 accurately recounts an explanation given by a Water Research Watershed Center.

336.   VNA, Inc. denies, on information and belief, that Dr. Edwards published an article entitled Flint Water Crisis Caused by Interrupted Corrosion Control: Investigating "Ground Zero Home" on January 10, 2017, but agrees, on information and belief, that Kelsey J. Pieper, Min Tang, and Dr. Edwards published an article bearing approximately that title in the journal Environmental Science & Technology on February 1, 2017.  VNA, Inc. denies the conclusion reported in the article is accurately described in the first sentence of ¶336.  VNA, Inc. does not have enough knowledge or information to form a belief as to whether or not Dr. Edwards is accurately described as "the principal scientist who discovered the high lead concentration in Flint water." VNA, Inc. agrees there are galvanized pipes in some people's homes but otherwise denies the allegations in the second sentence of ¶336. The generality and vagueness of the third sentence in ¶336 are such that VNA, Inc. does not have enough knowledge or information to form a belief as to its truth. VNA, Inc. denies the allegations in the last sentence of ¶336.

337.   VNA, Inc. agrees, on information and belief, that some residents and property owners have, since the date when the City of Flint decided to switch the source of its municipal drinking water to the Flint River, reported to various people damage to appliances including dishwashers and washing machines but denies all of them have done so or that any of them reported such damage to VNA, Inc., VWNAOS, or Veolia North America, LLC until 2017 in the context of lawsuits they have brought.

338.   VNA, Inc. does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶338.

339.   The generality and vagueness of ¶339 is such that VNA, Inc. does not have enough knowledge or information to form a belief as to its truth. VNA, Inc. agrees that in some circumstances some corroded pipes can create a risk of various types of property damage.

340.   VNA, Inc. agrees City-owned pipe replacement alone is not sufficient to assure safe water in the City of Flint.  VNA, Inc. otherwise does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶340.

341.   VNA, Inc. denies any of the plaintiffs have been left to pay for any damage caused by it, by VWNAOS, or by Veolia North America, LLC  VNA, Inc. further denies that all of the plaintiffs have been left to pay for damage caused by other defendants, but does not have enough knowledge or information to form a belief as to whether or not some of them have been.  VNA, Inc. agrees, on information and

belief, that many Flint residents do not have much money, denies on information and belief that no Flint residents are financially well-off, but does not have enough knowledge or information to form a belief concerning the extent of financial resources the various plaintiffs have.  VNA, Inc. does not have enough knowledge or information to form a belief as to whether the language contained in quotation marks in ¶341 accurately recounts something the Washington Post has reported or, if it does, whether the Washington Post's report made matters worse as the plaintiffs allege.

342.   VNA, Inc. does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶342.

343.   VNA, Inc. does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶343.

344.   VNA, Inc. does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶344.

345.  VNA, Inc. denies the allegations in the second sentence of ¶345 on information and belief.  VNA, Inc. denies the allegations in the last sentence of ¶345 are true with respect to all plaintiffs or with respect to all residents and property owners in the City of Flint but does not have enough knowledge or information to form a belief as to whether they are true as to some of the plaintiffs or some other residents or property owners in the City Flint.  VNA, Inc. otherwise does not have

enough knowledge or information to form a belief as to the truth of the allegations in ¶345.

346.   VNA, Inc. denies the allegations in ¶346 to the extent they are intended to refer to losses or damages sustained by the plaintiffs, but otherwise does not have enough knowledge or information to form a belief as to the truth of the allegations in that paragraph.

347.   VNA, Inc. denies the allegations in ¶347 to the extent they are intended to refer to losses or damages sustained by all of the plaintiffs.  VNA, Inc. does not have enough knowledge or information to form a belief as to the truth of the allegation that the plaintiffs who are tenants have paid less than the full rental amount or have been offered lower rent by their landlords as a result of contamination of the City of Flint municipal water supply.  VNA, Inc. denies there is a Class and, therefore, denies all of the allegations in the last three sentences of ¶347.  VNA, Inc. otherwise does not have enough knowledge or information to form a belief as to the truth of the allegations in that paragraph.

348.   VNA, Inc. denies the allegations in ¶348 to the extent they are intended to refer to losses or damages sustained by any of the plaintiffs. VNA, Inc. otherwise does not have enough knowledge or information to form a belief as to the truth of the allegations in that paragraph.

349.  VNA, Inc. denies the allegations in ¶349 to the extent they are intended to refer to losses or damages allegedly caused by it, VWNAOS, or Veolia North America, LLC or to experiences that were allegedly caused by them.  VNA, Inc. otherwise does not have enough knowledge or information to form a belief as to the truth of the allegations in that paragraph.

350.  VNA, Inc. denies the allegations in ¶350 to the extent they are intended to refer to losses or damages allegedly caused by it, VWNAOS, or Veolia North America, LLC or to experiences that were allegedly caused by them. VNA, Inc. otherwise does not have enough knowledge or information to form a belief as to the truth of the allegations in that paragraph.

351.  VNA, Inc. denies there is a Class.  VNA, Inc. denies the allegations in ¶351 to the extent they are intended to refer to losses or damages allegedly caused by it, VWNAOS, or Veolia North America, LLC or to experiences that were allegedly caused by them. VNA, Inc. otherwise does not have enough knowledge or information to form a belief as to the truth of the allegations in that paragraph.

352.  VNA, Inc. denies there is a Class.  VNA, Inc. denies the allegations in ¶352 to the extent they are intended to refer to losses or damages allegedly caused by it, VWNAOS, or Veolia North America, LLC or to experiences that were allegedly caused by them.  VNA, Inc. otherwise does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶352.

353.   VNA, Inc. denies the allegations in ¶353 to the extent they are intended to refer to losses or damages allegedly caused by it, VWNAOS, or Veolia North America, LLC or to experiences that were allegedly caused by them.  VNA, Inc. denies the allegations in the second-to-last sentence of that paragraph because there is no Class.  VNA, Inc. otherwise does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶353.

354.   VNA, Inc. agrees on information and belief with the allegations in the first sentence of ¶354, agrees some of the housing units in Flint are rented by their owners to Flint residents, but does not otherwise have enough knowledge or information to form a belief as to the truth of the allegations in that paragraph.

355.   Agreed.

356.   VNA, Inc. agrees the Michigan Attorney-General's office has filed criminal charges against many former City and State officials and some current State officials alleging misconduct by them in connection with the contamination of the City of Flint municipal water supply that began on or about April 25, 2014.  VNA, Inc. also agrees at least some of those officials are identified in Table 1 that is included in ¶356.  VNA, Inc. does not otherwise have enough knowledge or information to form a belief as to the truth of the allegations in ¶356.

357.   VNA, Inc. does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶357.

358.   VNA, Inc. does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶358.

359.   VNA, Inc. does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶359.

360.   VNA, Inc. agrees health effects of lead poisoning sometimes go undetected for some time but does not otherwise have enough knowledge or information to form a belief as to the truth of the allegations in ¶360.

361.   VNA, Inc. does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶361.

362.   VNA, Inc. agrees, on information and belief, that the allegations in ¶362 are true.

363.   VNA, Inc. agrees, on information and belief, with the allegations in ¶363 except that it does not have enough knowledge or information to form a belief as to whether or not MDEQ officials failed in the matters described in clauses (3) and (4).

364.   VNA, Inc. agrees, on information and belief, that the Governor in Michigan has executive power and the duty to supervise the faithful execution of laws by state agencies. VNA, Inc. does not otherwise have enough knowledge or information to form a belief as to the truth of the allegations in ¶364.

365.   VNA, Inc. does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶365.

366.    VNA, Inc. does not have enough knowledge or information to form a belief as to the truth of the allegations in the first sentence of ¶366, but VNA, Inc. agrees the remainder of ¶366 summarizes some of the many things said in the report referenced in that paragraph.

367.    VNA, Inc. agrees that 50,803 is just a little less than 200% of 25,650 but otherwise does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶367.

368.    VNA, Inc. agrees the quoted language is contained in the Michigan Civil Rights Commission's report to which reference is made in ¶366.  VNA, Inc. does not believe the Michigan Civil Rights Commission's conclusion referenced in ¶368 was supported by allegations in this complaint or that those allegations provided any context for that conclusion, which VNA, Inc. believes was probably reached without reference to this complaint.

369.    VNA, Inc. does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶369.

370.    VNA, Inc. does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶370.

371.    VNA, Inc. does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶371.

372.   VNA, Inc. does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶372.

373.   VNA, Inc. has, in connection with this litigation, seen an e-mail that appears to correspond to the one referenced in ¶373, but VNA, Inc. does not otherwise have enough knowledge or information to form a belief as to the truth of the allegations in ¶373.

374.   VNA, Inc. has, in connection with this litigation, seen e-mails that appear to correspond to those quoted in ¶374, and therefore agrees on information and belief that Mr. Muchmore, who was then-Governor Snyder's chief of staff, and Andrew Dillon sent the e-mails attributed to them in that paragraph. VNA, Inc. does not otherwise have enough knowledge or information to form a belief as to the truth of the allegations in ¶374.

375.   VNA, Inc. agrees, on information and belief, that Emergency Manager Kurtz rejected an offer by DWSD of a renewed contract to supply drinking water to the City of Flint and that Andrew Dillon approved such a decision. VNA, Inc. does not otherwise have enough knowledge or information to form a belief as to the truth of the allegations in ¶375, except that VNA, Inc. denies that the offer by DWSD that Emergency Manager Kurtz rejected was the last offer DWSD made to the City to supply its drinking water.

376.   VNA, Inc. does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶376.

377.   VNA, Inc. has, in connection with this litigation, seen an e-mail that appears to correspond to the one referenced in ¶377, but VNA, Inc. does not otherwise have enough knowledge or information to form a belief as to the truth of the allegations in ¶377.

378.   VNA, Inc. has, in connection with this litigation, seen an e-mail that appears to correspond to the one referenced in ¶378, but VNA, Inc. does not otherwise have enough knowledge or information to form a belief as to the truth of the allegations in ¶378.

379.   VNA, Inc. does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶379.

380.   VNA, Inc. agrees, on information and belief, that Mr. Busch actively coordinated with Flint attorneys to achieve the Administrative Consent Order, but VNA, Inc. does not otherwise have enough knowledge or information to form a belief as to the truth of the allegations in ¶380.

381.   VNA, Inc. agrees, on information and belief, that Mr. Busch actively coordinated with Flint attorneys to achieve the Administrative Consent Order, but VNA, Inc. does not otherwise have enough knowledge or information to form a belief as to the truth of the allegations in ¶381.

382.   VNA, Inc. does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶382.

383.   VNA, Inc. agrees, on information and belief, that Mr. Ambrose played an integral role in assuring the success of the KWA through Flint's participation, including involvement in the Administrative Consent Order process, but VNA, Inc. does not otherwise have enough knowledge or information to form a belief as to the truth of the allegations in ¶383.

384.   VNA, Inc. does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶384.

385.   VNA, Inc. does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶385.

386.   Paragraph 386 consists entirely of legal discussion.  It contains no factual allegations to which a response of a type contemplated by Rule 8 could be made. VNA, Inc. agrees the several legal sources cited in ¶386 contain language like that for which those sources are cited but denies ¶386 contains a full account of what those sources provide.

387.  VNA, Inc. agrees, on information and belief, that the City of Flint contemplated in 2013 that the FWTP would withdraw up to 14 million gallons of water per day from the Flint River but otherwise does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶387.

388.   VNA, Inc. does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶388.

389.   VNA, Inc. does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶389.

390.   VNA, Inc. agrees with the first sentence in ¶390 but otherwise does not have enough knowledge or information to form a belief as to the truth of the allegations in that paragraph.

391.   VNA, Inc. agrees, on information and belief, that the allegations in ¶391 are true.

392.   VNA, Inc. does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶392.

393.   VNA, Inc. does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶393.

394.   VNA, Inc. does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶394.

395.   VNA, Inc. agrees with the allegations in the second sentence of ¶395 and agrees the FWTP began distributing water drawn from the Flint River on April 25, 2014, which was 16 days after April 9, 2014.  VNA, Inc. does not otherwise have enough knowledge or information to form a belief as to the truth of the allegations in ¶395.

396.   VNA, Inc. agrees MDEQ did not require the City to implement optimized corrosion control in accordance with the LCR. VNA, Inc. has learned in the course of this litigation that MDEQ officials also did not require the City of Flint to conduct its LCR sampling in accordance with the requirements of that regulation, and therefore agrees on information and belief with that allegation as well.

397.   VNA, Inc. does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶397.

398.   VNA, Inc. does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶398.

399.   VNA, Inc. does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶399.

400.   VNA, Inc. has seen an e-mail in connection with this litigation that appears to correspond to the one referenced in ¶400 and, on that basis, agrees on information and belief with the allegations in that paragraph.

401.   VNA, Inc. does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶401.

402.   VNA, Inc. has seen an e-mail in connection with this litigation that appears to correspond to the one referenced in ¶402, but VNA, Inc. does not otherwise have enough knowledge or information to form a belief as to the truth of the allegations in ¶402.

403.   VNA, Inc. does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶403.

404.   VNA, Inc. does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶404.

405.   VNA, Inc. does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶405.

406.   VNA, Inc. does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶406.

407.   VNA, Inc. does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶407.

408.   VNA, Inc. does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶408.

409.   VNA, Inc. does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶409.

410.   VNA, Inc. does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶410.

411.   VNA, Inc. does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶411.

412.   VNA, Inc. does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶412.

413.   VNA, Inc. does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶413.

414.   VNA, Inc. does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶414.

415.   VNA, Inc. does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶415.

416.   VNA, Inc. agrees, on information and belief, that then-Governor Snyder did not declare a state of emergency in the City of Flint until more than two months after October 15, 2015.   VNA, Inc. does not otherwise have enough knowledge or information to form a belief as to the truth of the allegations in ¶416.

417.   VNA, Inc. does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶417.

418.   VNA, Inc. does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶418.

419.   VNA, Inc. does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶419.

420.   VNA, Inc. agrees, on information and belief, that the allegations in ¶420 are true.

421.   VNA, Inc. agrees, on information and belief, that the allegations in ¶421 are true.

422.   VNA, Inc. agrees that no reasonably complete disclosure of government documents related to the contamination of the City of Flint water supply and the government's response to it has yet been made.  VNA, Inc. also agrees that some of the documents that have been disclosed by government defendants evidence dismissal by some government officials of concerns expressed by some Flint residents. VNA, Inc. does not otherwise have enough knowledge or information to form a belief as to the truth of the allegations in ¶422, except that if "this litigation" is intended to refer globally to all civil litigation that has arisen out of contamination of the City of Flint water supply VNA, Inc. denies that the only documents that have been provided are ones selected by defendants.

423.   VNA, Inc. does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶423.

424.   VNA, Inc. does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶424.

425.   VNA, Inc. does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶425.

426.   VNA, Inc. does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶426.

427.   VNA, Inc. does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶427.

428.   VNA, Inc. does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶428.

429.   VNA, Inc. does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶429.

430.   VNA, Inc. does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶430.

431.   VNA, Inc. does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶431.

432.   VNA, Inc. does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶432.

433.   VNA, Inc. does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶433.

434.   VNA, Inc. does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶434.

435.   VNA, Inc. does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶435.

436.   VNA, Inc. does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶436.

437.   VNA, Inc. does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶437.

438.   VNA, Inc. does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶438.

439.   VNA, Inc. does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶439.

440.   VNA, Inc. does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶440.

441.   VNA, Inc. does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶441.

442.   VNA, Inc. agrees the Michigan Civil Rights Commission's report contains the conclusion stated in ¶442, but VNA, Inc. does not otherwise have enough knowledge or information to form a belief as to the truth of the allegations in ¶442.

443.   VNA, Inc. agrees the Michigan Civil Rights Commission's report contains the statement enclosed in quotation marks in ¶443, but VNA, Inc. does not otherwise have enough knowledge or information to form a belief as to the truth of the allegations in ¶443.

444.   VNA, Inc. agrees the Flint Water Advisory Task Force's report contains the statement enclosed in quotation marks in ¶444, but VNA, Inc. does not otherwise have enough knowledge or information to form a belief as to the truth of the allegations in ¶444.

445.   VNA, Inc. agrees the Flint Water Advisory Task Force's report contains the statements enclosed in quotation marks in ¶445.

446.   VNA, Inc. does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶446.

447.   VNA, Inc. does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶447.

448. Paragraph 448 does not contain any factual allegations of the type contemplated by Fed. R. Civ. P. 8 and 10 and therefore is not susceptible to any response as contemplated by those rules.  VNA, Inc. denies ¶448 defines any class or subclass consistent with Fed. R. Civ. P. 23(b)(3), denies any such class or subclass exists, denies the named plaintiffs would adequately represent any such class or subclass if it did exist, and denies certification of any class or subclass under Rule 23(b)(3) would be proper in this action.

449.   Paragraph 449 does not contain any factual allegations of the type contemplated by Fed. R. Civ. P. 8 and 10 and therefore is not susceptible to any response as contemplated by those rules.  VNA, Inc. denies ¶449 defines any class consistent with Fed. R. Civ. P. 23(b)(3), denies any such class exists, denies the named plaintiffs would adequately represent any such class if it did exist, and denies certification of any class under Rule 23(b)(3) would be proper in this action.

450. Paragraph 450 does not contain any factual allegations of the type contemplated by Fed. R. Civ. P. 8 and 10 and therefore is not susceptible to any response as contemplated by those rules. VNA, Inc. denies ¶450 defines any class or subclass consistent with Fed. R. Civ. P. 23(b)(2) or Fed. R. Civ. P. 23(b)(3), denies any such class or subclass exists, denies the named plaintiffs would adequately represent any such class or subclass if it did exist, and denies certification of any class or subclass under Rule 23(b)(2) or Rule 23(b)(3) would be proper in this action.

451. Paragraph 451 does not contain any factual allegations of the type contemplated by Fed. R. Civ. P. 8 and 10 and therefore is not susceptible to any response as contemplated by those rules. VNA, Inc. denies ¶451 defines any class consistent with Fed. R. Civ. P. 23(b)(2), denies any such class exists, denies the named plaintiffs would adequately represent any such class if it did exist, and denies certification of any class under Rule 23(b)(2) would be proper in this action.

452. Paragraph 452 does not contain any factual allegations of the type contemplated by Fed. R. Civ. P. 8 and 10 and therefore is not susceptible to any response as contemplated by those rules. VNA, Inc. denies ¶452 defines any class consistent with Fed. R. Civ. P. 23(b)(2), denies any such class exists, denies the named plaintiffs would adequately represent any such class if it did exist, and denies certification of any class under Rule 23(b)(2) would be proper in this action.

453. Paragraph 453 does not contain any factual allegations of the type contemplated by Fed. R. Civ. P. 8 and 10 and therefore is not susceptible to any response as contemplated by those rules.  VNA, Inc. denies ¶453 defines any issue class consistent with Fed. R. Civ. P. 23(c)(4), denies any such issue class exists and denies certification of any class under Rule 23(b)(2) would be proper in this action.

454. Paragraph 454 does not contain any factual allegations of the type contemplated by Fed. R. Civ. P. 8 and 10 and therefore is not susceptible to any response as contemplated by those rules.  VNA, Inc. denies ¶454 defines any issue class consistent with Fed. R. Civ. P. 23(c)(4), denies any such issue class exists and denies certification of any class under Rule 23(b)(2) would be proper in this action. All plaintiffs' claims for ordinary negligence, gross negligence, negligent infliction of emotional distress, punitive damages, and exemplary damages against VNA, Inc. have been dismissed.

455. Paragraph 455 does not contain any factual allegations of the type contemplated by Fed. R. Civ. P. 8 and 10 and therefore is not susceptible to any response as contemplated by those rules.  VNA, Inc. denies there are any "Classes."

456. Denied.

457. Denied.

458. Denied.

459.   VNA, Inc. denies the allegations in the first sentence of ¶459 but does not otherwise have enough knowledge or information to form a belief as to the truth of the allegations in that paragraph.

460.   VNA, Inc. does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶460.

461.   Denied.

462.   Denied.

463.   VNA, Inc. denies there is a Class.  VNA, Inc. incorporates by reference its responses to ¶¶1 through 462 of the fourth consolidated amended complaint.

464-470.     VNA, Inc. does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶¶464 through 470. VNA, Inc. agrees, however, that some or all of the Government Defendants engaged in various types of misconduct that may in various ways have caused various injuries to some or all of the plaintiffs.

471.   Paragraph 471 does not contain any factual allegation that is susceptible to a response of the type prescribed by Rules 8 and 10. VNA, Inc. denies there is a Class or Subclass. VNA, Inc. does not otherwise have enough knowledge or information to form a belief as to the truth of the allegations in ¶471.

472.   VNA, Inc. denies there is a Class or Subclass.  VNA, Inc. incorporates by reference its responses to ¶¶1 through 471 of the fourth consolidated amended complaint.

473.   VNA, Inc. does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶473.

474.   VNA, Inc. agrees Section 1 of the 14th Amendment to the United States Constitution contains the quoted language but does not have enough knowledge or information to form a belief as to whether or not the quoted language is all of the pertinent language in that section.

475.   VNA, Inc. does not agree that ¶475 contains an adequate account of what the Equal Protection Clause of the 14th Amendment provides.

476-493.    VNA, Inc. denies the allegations in ¶¶476-493 to the extent the word "Defendants" is meant to include it or one or both of VWNAOS and Veolia North America, LLC. VNA, Inc. does not otherwise have enough knowledge or information to form a belief as to the truth of the allegations in ¶¶476-493. VNA, Inc. agrees, however, that some or all of the Government Defendants engaged in various types of misconduct that may in various ways have caused various injuries to some or all of the plaintiffs.

494.   VNA, Inc. denies there is a Class.  VNA, Inc. incorporates by reference its responses to ¶¶1 through 493 of the fourth consolidated amended complaint.

495.   VNA, Inc. does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶495.

496.   VNA, Inc. agrees Section 1 of the 14th Amendment to the United States Constitution contains the quoted language but does not have enough knowledge or information to form a belief as to whether or not the quoted language is all of the pertinent language in that section.

497.   VNA, Inc. does not agree that ¶497 contains an adequate account of what the Equal Protection Clause of the 14th Amendment provides.

498-514. VNA, Inc. denies there is a Class or Subclass. VNA, Inc. further denies the allegations in ¶¶498 through 514 to the extent the "Defendants" referenced in some of them are intended to include it, VWNAOS, or Veolia North America, LLC.  VNA, Inc. does not otherwise have enough knowledge or information to form a belief as to the truth of the allegations in those paragraphs.  VNA, Inc. agrees, however, that some or all of the Government Defendants engaged in various types of misconduct that may in various ways have caused various injuries to some or all of the plaintiffs.

515.   Paragraph 515 does not contain any factual allegation that is susceptible to a response of the type prescribed by Rules 8 and 10. VNA, Inc. denies there is a Class or Subclass. VNA, Inc. does not otherwise have enough knowledge or information to form a belief as to the truth of the allegations in ¶515.

516.   VNA, Inc. incorporates by reference its responses to ¶¶1 through 515 of the fourth consolidated amended complaint.

517.   VNA, Inc. does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶517.

518.   VNA, Inc. denies there is a Class or Subclass. VNA, Inc. denies ¶518 contains an adequate account of what 42 U.S.C. §1985(3) provides.

519.   VNA, Inc. denies ¶519 contains an adequate account of what the Equal Protection Clause of the 14th Amendment provides.

520-531.   VNA, Inc. denies there is a Class or Subclass. VNA, Inc. denies the allegations in ¶¶520 through 531 to the extent the "Defendants" referenced in some of them are intended to include it, VWNAOS, or Veolia North America, LLC.  VNA, Inc. does not otherwise have enough knowledge or information to form a belief as to the truth of the allegations in those paragraphs. VNA, Inc. agrees, however, that some or all of the Government Defendants engaged in various types of misconduct that may in various ways have caused various injuries to some or all of the plaintiffs.

532.   Paragraph 532 does not contain any factual allegation that is susceptible to a response of the type prescribed by Rules 8 and 10. VNA, Inc. denies there is a Class or Subclass. VNA, Inc. does not otherwise have enough knowledge or information to form a belief as to the truth of the allegations in ¶532.

533.   VNA, Inc. denies there is a Class or Subclass.  VNA, Inc. incorporates by reference its responses to ¶¶1 through 532 of the fourth consolidated amended complaint.

534-536.    VNA, Inc. does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶¶534 through 536 of the fourth consolidated amended complaint.

537. Paragraph 537 does not contain any factual allegation of the type contemplated by Rules 8 and 10 so no response to it is required.  VNA, Inc. states, however, that it adopts the definition of "ELCRA Defendants" stated in ¶537 for purposes of responding to the several paragraphs in Count V in which that phrase appears.

538-544.  VNA, Inc. does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶¶538 through 544 of the fourth consolidated amended complaint.

545.   VNA, Inc. denies the allegations in ¶545 to the extent the "conspiring Defendants" referenced in that paragraph are intended to include it, VWNAOS, or Veolia North America, LLC. VNA, Inc. does not otherwise have enough knowledge or information to form a belief as to the truth of the allegations in ¶545.

546-553.  VNA, Inc. does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶¶546 through 553 of the fourth

consolidated amended complaint. VNA, Inc. agrees, however, that some or all of the Government Defendants engaged in various types of misconduct that may in various ways have caused various injuries to some or all of the plaintiffs.

554.   VNA, Inc. denies there is a Class or Subclass but otherwise does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶554.

555-559.   VNA, Inc. does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶¶555 through 559 of the fourth consolidated amended complaint except that VNA, Inc. denies them to the extent the plaintiffs may have intended the "individually named Defendants" referenced in them to include VNA, Inc., VWNAOS, or Veolia North America, LLC.  VNA, Inc. agrees, however, that the City of Flint and some of its employees engaged in various types of misconduct that may in various ways have caused various injuries to some or all of the plaintiffs.

560.   VNA, Inc. denies there is a Class but otherwise does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶560.

561.   VNA, Inc. denies there is a Class.  VNA, Inc. incorporates by reference its responses to ¶¶1 through 560 of the fourth consolidated amended complaint.

562.   VNA, Inc. agrees, on information and belief, that at least one of the three defendants to which the plaintiffs refer collectively as the "LAN Defendants" entered

into one or more contracts with the City of Flint agreeing, in part, to perform certain services, but VNA, Inc. does not otherwise have enough knowledge or information to form a belief as to the truth of the allegations in ¶562.

563.   VNA, Inc. does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶563, except that VNA, Inc. denies there is a "Class" and hence denies any of the three defendants the plaintiffs collectively call the "LAN Defendants" assumed any duty to a "Class."

564.   VNA, Inc. denies all the plaintiffs are property owners in the City of Flint and, on information and belief, denies they are all residents of Flint, but otherwise does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶564.

565.   VNA, Inc. does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶565.

566.   VNA, Inc. does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶566.

567.   VNA, Inc. does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶567.

568.   VNA, Inc. does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶568.

569.   VNA, Inc. does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶569.

570.   VNA, Inc. does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶570.

571.   VNA, Inc. does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶571, except that VNA, Inc. denies the allegations following the words "the source of the TTHM."

572.   VNA, Inc. does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶572.

573.   VNA, Inc. does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶573.

574.   VNA, Inc. does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶574.

575.   VNA, Inc. does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶575.

576.   VNA, Inc. does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶576.

577.   VNA, Inc. does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶577.

578.   VNA, Inc. does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶578.

579.   If any of the plaintiffs have been injured by conduct of any of the defendants to which the plaintiffs refer collectively as the "LAN Defendants," VNA, Inc. denies the injuries were "entirely foreseeable" to it or to the defendants VWNAOS or Veolia North America, LLC. VNA, Inc. does not otherwise have enough knowledge or information to form a belief as to the truth of the allegations in ¶579.

580.   VNA, Inc. does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶580.

581.   VNA, Inc. denies all of the named plaintiffs have suffered or will in the future suffer all of the injuries or damages described in the four bullet points in ¶581 but otherwise does not have enough knowledge or information to form a belief as to the truth of the allegations in that paragraph.

582.   Paragraph 582 does not contain any factual allegation of the type contemplated by Rules 8 and 10 and therefore is not susceptible to any response in accordance with those rules. Plaintiffs' claims for exemplary damages against VNA, Inc., VWNAOS, Veolia North America, LLC, and the "LAN Defendants" have been dismissed. VNA, Inc. notes that Michigan law prohibits any award of exemplary damages for the purpose of deterrence and that the fourth consolidated amended

complaint contains no allegations sufficient to support an award of exemplary damages for the purpose for which Michigan law sometimes authorizes them.

583.   VNA, Inc. denies there is a Class.  VNA, Inc. incorporates by reference its responses to ¶¶1 through 582 of the fourth consolidated amended complaint.

584-585.    VNA, Inc. agrees VWNAOS entered into a contract with the City of Flint, for consideration, to provide certain professional services to the City with respect to the City's municipal water supply.  VNA, Inc. otherwise denies the allegations in ¶¶584-585.

586.   Denied.

587.   Denied.

588.   Denied.

589.   Denied.

590.   Denied.

591.   Denied.

592.   Denied.

593.   Denied.

594.   Denied.

595.   Denied.

596.   Denied.

597.   Denied.

598.   Denied.

599.   Denied.

600.   Denied.

601.   Denied.

602.   Denied.

603.   Denied.

604.   Denied.

605.   VNA, Inc. denies it, VWNAOS, or Veolia North America, LLC, failed to exercise reasonable care, denies any plaintiff was harmed as a result of a failure of any of them to exercise reasonable care, and denies any of them is liable to any of the plaintiffs.

606.   Denied.

607.   Denied.

608.   Paragraph 608 does not contain any factual allegation of the type required by Rule 8 and 10 and therefore is not susceptible to any response in accordance with those rules.  Neither VNA, Inc., nor VWNAOS, nor Veolia North America, LLC, engaged in any conduct of a type that would support an award of exemplary damages against it and no plaintiff sustained injuries of a type that would support an award of exemplary damages. Plaintiffs' claims for exemplary damages against VNA, Inc., VWNAOS, and Veolia North America, LLC have been dismissed.

609.    VNA, Inc. denies there is a Class. VNA, Inc. incorporates by reference its responses to ¶¶1 through 608 of the fourth consolidated amended complaint.

610-619.    VNA, Inc. does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶¶610 through 619. VNA, Inc. agrees, however, that some or all of the Government Defendants engaged in various types of misconduct that may in various ways have caused various injuries to some or all of the plaintiffs.

620-626.    All plaintiffs' claims for fraud against VNA, Inc. have been dismissed so no response to ¶¶620 through 626 is necessary.  To the extent some further response might be deemed appropriate, VNA, Inc. incorporates by reference its responses to ¶¶1 through 619 of the fourth consolidated amended complaint, denies there is a Class, and denies the allegations in ¶¶620-626.

627-629.    All plaintiffs' claims for negligent infliction of emotional distress and ordinary negligence against VNA, Inc. have been dismissed so no response to ¶¶627 through 629 is necessary.  To the extent some further response might be deemed appropriate, VNA, Inc. incorporates by reference its responses to ¶¶1 through 626 of the fourth consolidated amended complaint, denies there is a Class, denies the allegations in ¶¶628 and 629 to the extent they pertain to it or to VWNAOS or Veolia North America, LLC, but otherwise does not have enough knowledge or information to form a belief as to the truth of the allegations in those paragraphs.

630-639.     All plaintiffs' claims for ordinary negligence and negligent infliction of emotional distress against VNA, Inc. have been dismissed so no response to ¶¶630 through 639 is necessary.  To the extent some further response might be deemed appropriate, VNA, Inc. incorporates by reference its responses to ¶¶1 through 629 of the fourth consolidated amended complaint, denies there is a Class, denies the allegations in ¶¶631 through 639 to the extent they pertain to it or to VWNAOS or Veolia North America, LLC, but otherwise does not have enough knowledge or information to form a belief as to the truth of the allegations in those paragraphs.

640-645.     All plaintiffs' claims for gross negligence and negligent infliction of emotional distress against VNA, Inc. have been dismissed so no response to ¶¶640 through 645 is necessary.  To the extent some further response might be deemed appropriate, VNA, Inc. incorporates by reference its responses to ¶¶1 through 639 of the fourth consolidated amended complaint, denies there is a Class, denies the allegations in ¶¶641 through 645 to the extent they pertain to it or to VWNAOS or Veolia North America, LLC, but otherwise does not have enough knowledge or information to form a belief as to the truth of the allegations in those paragraphs.

646.   VNA, Inc. denies there is a Class. VNA, Inc. incorporates by reference its responses to ¶¶1 through 645 of the fourth consolidated amended complaint.

647-652.     VNA, Inc. denies the allegations in ¶¶647 through 652 to the extent the "Defendants" referenced in some of them are intended to include it, VWNAOS, or

Veolia North America, LLC.  VNA, Inc. does not otherwise have enough knowledge or information to form a belief as to the truth of the allegations in those paragraphs. VNA, Inc. agrees, however, that some or all of the Government Defendants engaged in various types of misconduct that may in various ways have caused various injuries to some or all of the plaintiffs.

FIRST AFFIRMATIVE DEFENSE

The fourth consolidated amended complaint fails to state a claim against VNA, Inc. on which relief can be granted.

SECOND AFFIRMATIVE DEFENSE

Venue of the action is inappropriate because it will be prohibitively difficult to select a disinterested and impartial jury in this district composed of people who themselves have no financial interest in the outcome of the action, who have no close relatives or friends with a financial interest in the outcome of the action, who have no personal knowledge of relevant events involved in the action, and who have not been biased by pervasive and continuing publicity concerning events involved in the action.

THIRD AFFIRMATIVE DEFENSE

Any recovery by any of the adult plaintiffs and by the plaintiffs EPCO and Angelo's Coney Island must be reduced to the extent of that plaintiff's contributory fault, and non-economic damages may not be recovered at all by any such plaintiff

found to be more than 50% at fault in causing his or her or its own alleged injuries or losses.

## FOURTH AFFIRMATIVE DEFENSE

If any fault by VNA, Inc. contributed to cause any injury or loss to any of the plaintiffs, which VNA, Inc. categorically denies is the case, then any liability of VNA, Inc. must be reduced by the amount of causal fault of other parties and non-parties to causing that plaintiff's injuries and losses.

## FIFTH AFFIRMATIVE DEFENSE

Any recovery by any of the adult plaintiffs and by the plaintiffs EPCO and Angelo's Coney Island must be reduced to the extent they did not use reasonable efforts to mitigate their alleged damages.

## SIXTH AFFIRMATIVE DEFENSE

VNA, Inc. at all times complied with all applicable federal, state, and local laws, rules, regulations, and specifications.

## SEVENTH AFFIRMATIVE DEFENSE

The plaintiffs' injuries and losses, if they have sustained any, were caused solely by persons or entities for whose conduct VNA, Inc. bears no responsibility.

## EIGHTH AFFIRMATIVE DEFENSE

The plaintiffs' alleged injuries and losses were caused by the intervening superseding conduct of persons or entities over whose conduct VNA, Inc. had no control and for whose conduct VNA, Inc. bears no responsibility.

## NINTH AFFIRMATIVE DEFENSE

The plaintiffs' claims against VNA, Inc. fail because it had no duty to guard against criminal conduct of others that contributed to cause the plaintiffs' alleged injuries and losses.

## TENTH AFFIRMATIVE DEFENSE

The plaintiffs' claims against VNA, Inc. are barred, in whole or in part, by the learned or sophisticated intermediary doctrine.

## ELEVENTH AFFIRMATIVE DEFENSE

If a class is certified, then venue of the action is inappropriate because it will be prohibitively difficult to select a disinterested and impartial jury in this district composed of people who are neither themselves members of the class, nor have close relatives or friends who are members of the class, nor have a financial interest in the outcome of the action, nor have close relatives or friends with a financial interest in the outcome of the action, nor have personal knowledge of relevant events involved in the action, and who have not been biased by pervasive and continuing publicity concerning events involved in the action.

## TWELFTH AFFIRMATIVE DEFENSE

If a class is certified, any recovery by any plaintiff who was not an infant or small child during the time relevant events occurred, and by all plaintiffs that are not natural persons, must be reduced to the extent of that plaintiff's contributory fault, and non-economic damages may not be recovered at all by any such plaintiff found to be more than 50% at fault in causing his or her own alleged injuries or losses.

## THIRTEENTH AFFIRMATIVE DEFENSE

If a class is certified, and if any fault by VNA, Inc. contributed to cause any injury or loss to any class member (which VNA, Inc. categorically denies is the case)then any liability of VNA, Inc. to that class member must be reduced by the amount of causal fault of other parties and non-parties to causing that class member's injuries and losses.

## FOURTEENTH AFFIRMATIVE DEFENSE

If a class is certified, any recovery by any plaintiff who was not an infant or small child during the time relevant events occurred, and by all plaintiffs that are not natural persons, must be reduced to the extent they did not use reasonable efforts to mitigate their alleged damages.

## FIFTEENTH AFFIRMATIVE DEFENSE

If a class is certified, then the class members' injuries and losses, if they have sustained any, were caused solely by persons or entities for whose conduct VNA, Inc. bears no responsibility.

## SIXTEENTH AFFIRMATIVE DEFENSE

If a class is certified, the class members' alleged injuries and losses were caused by the intervening superseding conduct of persons or entities over whose conduct VNA, Inc. had no control and for whose conduct VNA, Inc. bears no responsibility.

## SEVENTEENTH AFFIRMATIVE DEFENSE

If a class is certified, the class members' claims against VNA, Inc. fail because it had no duty to guard against criminal conduct of others that contributed to cause the class members' alleged injuries and losses.

## EIGHTEENTH AFFIRMATIVE DEFENSE

If a class is certified, the class members' claims against VNA, Inc. are barred, in whole or in part, by the learned or sophisticated intermediary doctrine.

## DEMAND FOR TRIAL BY JURY

VNA, Inc. demands trial by one jury on all trial-worthy claims, if any, against it.

*Respectfully submitted,*

CAMPBELL CONROY & O'NEIL, P.C.          BUSH SEYFERTH & PAIGE PLLC

/s/ James M. Campbell                              /s/ Cheryl A. Bush
James M. Campbell                                    Cheryl A. Bush (P37031)
John A. K. Grunert                                      Michael R. Williams (P79827)
One Constitution Center, 3rd Floor            3001 W. Big Beaver Road, Suite 600
Boston, MA  02129                                    Troy, MI  48084
(617) 241-3000                                          (248) 822-7800
jmcampbell@campbell-trial-lawyers.com    bush@bsplaw.com
jgrunert@campbell-trial-lawyers.com        williams@bsplaw.com

*Attorneys for Veolia North America, Inc.*

Dated:  April 15, 2019

## CERTIFICATE OF SERVICE

I, John A. K. Grunert, one of the counsel of record for the defendant Veolia North America, Inc., certify that on April 15, 2019, caused the within answer and jury demand to be electronically filed through the Court's electronic filing system which will automatically deliver copies of it to counsel of record for all parties.

/s/  John A. K. Grunert

111