UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

*In re* Flint Water Cases.

No. 5:16-cv-10444-JEL-MKM
(consolidated)
Hon. Judith E. Levy
Mag. Mona K. Majzoub

_____/

## CITY DEFENDANTS' MOTION TO EXTEND TIME TO ANSWER

Defendant City of Flint ("City") and Defendants Darnell Earley, Gerald Ambrose, Daugherty Johnson, Michael Glasgow, and Howard Croft ("Individual City Defendants") (collectively, "City Defendants"), move to extend the time in which they must file an answer to Plaintiffs' Fourth Amended Class Complaint ("Complaint"), and in support thereof rely upon the Motion to Strike Allegations from Plaintiffs' Fourth Amended Complaint, Fed.R.Civ.P. 12(a)(4)(A) and the brief filed in support of this motion. In addition, the Individual City Defendants rely upon their notice of appeal as of right from this Court's April 1 Order, also filed the same day as this motion.

Pursuant to E. D. Mich. LR 7.1(a)(2)(A), there was a conference between attorneys or unrepresented parties and other persons entitled to be heard on the

motion in which the movant explained the nature of the motion or request and its legal basis and requested but did not obtain concurrence in the relief sought.

Respectfully submitted,

*Attorneys for City of Flint*

**/s/ William Y. Kim (w/consent)**
WILLIAM Y. KIM (P76411)
REED E. ERIKSSON (P77085)
1101 S. Saginaw, 3rd Floor
Flint, MI  48502
(810) 766-7146
wkim@cityofflint.com
reriksson@cityofflint.com

*Attorneys for City of Flint*

**/s/ Frederick A. Berg**
FREDERICK A. BERG, JR. (P38002)
SHELDON H. KLEIN (P41062)
Butzel Long, P.C.
150 West Jefferson, Suite 100
Detroit, MI  48226
(313) 225-7000
bergf@butzel.com
klein@butzel.com

*Attorneys for Defendant
Gerald Ambrose*

**/s/ Barry A. Wolf (w/consent)**
BARRY A. WOLF (P40709)
Law Office of Barry A. Wolf PLLC
503 S. Saginaw Street, Suite 1410
Flint, MI  48502
(810) 762-1084
Bwolf718@msn.com

*Attorneys for Defendant
Howard Croft*

**/s/ Alexander S. Rusek (w/consent)**
ALEXANDER S. RUSEK (P77581)
White Law PLLC
2549 Jolly Road, Suite 340
Okemos, MI  48864
(517) 316-1195
alexrusek@whitelawpllc.com

-3-

*Attorneys for Defendant
Darnell Earley*

**/s/ Todd Perkins (w/consent)**
TODD PERKINS (P55623)
Perkins Law Group
615 W. Griswold Ste. 400
Detroit, MI. 48226
(313) 964-1702
tperkins@perkinslawgroup.net

*Attorneys for Daugherty Johnson*

**/s/ Dave Meyers (w/consent)**
Edwar A. Zeineh (P71923)
David W. Meyers (P69034)
Law Office of Edwar A. Zeineh
2800 E. River Ave., Suite B.
Lansing, MI 48912
(517) 292-7000
davidmeyerslaw@gmail.com

Dated: April 15, 2019

*Attorneys for Defendant Michael
Glasgow*

**/s/ Christopher Marker (w/consent)**
Christopher Marker (P81564)
O'Neill, Wallace & Doyle, P.C.
300 St. Andrews Road, Suite 302
Saginaw, MI 48605
(989) 790-0960

cmarker@owdpc.com

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

*In re* Flint Water Cases.

No. 5:16-cv-10444-JEL-MKM
(consolidated)
Hon. Judith E. Levy
Mag. Mona K. Majzoub

_____/

## BRIEF IN SUPPORT OF CITY DEFENDANTS' MOTION TO EXTEND TIME TO ANSWER

# TABLE OF CONTENTS

Page

STATEMENT OF THE ISSUES PRESENTED ........................................................ ii

CONTROLLING AUTHORITY SUPPORTING MOTION ................................... iii

INDEX OF AUTHORITIES ................................................................................... iv

I. INTRODUCTION AND BACKGROUND ..................................................... 1

II. ANALYSIS ........................................................................................................ 2

A. AN EXTENSION OF TIME TO ANSWER GIVES NO GREATER RELIEF THAN CITY DEFENDANTS ARE ENTITLED TO UNDER THE FEDERAL RULES ........................................ 2

B. EVEN IF THE CITY DEFENDANTS ARE NOT ENTITLED TO DEFER ANSWERING AS A MATTER OF RIGHT, A STAY UNTIL 14 DAYS AFTER THIS COURT RULES ON THE MOTION TO STRIKE IS PRUDENT AND EQUITABLE. ................................................................................................ 4

III. CONCLUSION ................................................................................................. 4

-ii-

## STATEMENT OF THE ISSUES PRESENTED

In the event the court grants the City Defendants' Motion to Strike, should City Defendants be provided 14 days after the court rules on the Motion to Strike to answer Plaintiff's Fourth Amended 225 page, 660 paragraph Complaint, in the same way that they are permitted such time if the Motion to Strike is denied under Fed.R.Civ.P. 12(a)(4)(A)?

## CONTROLLING AUTHORITY SUPPORTING MOTION

Fed.R.Civ.P. 12(a)(4)(A) provides a defendant is granted 14 days to answer a complaint after the court denies a motion brought under Rule 12. A motion to strike is clearly a motion brought under Rule 12. There is scant authority, and no controlling authority, that provides when the complaint must be answered when a court *rules* on a motion to strike some but not all of the complaint. See *Barth v. United States of America*, 2018 WL 4567702 (U.S.D.C. D. Maine).

The only sensible procedure to follow is the same one that would pertain when a court denies a motion to strike, which is to require an answer within 14 days of the order denying the motion.

-iv-

# INDEX OF AUTHORITIES

Page

**Cases**

*Barth v. United States of America*,
  2018 WL 4567702 (U.S.D.C. D. Maine) ............................................................... 3

*Butler v. Sukhoi Co.*,
  579 F.3d 1307 (11th Cir., 2009) ............................................................................ 2

*Everson v. Leis*,
  556 F.3d 484 (6th Cir. 2009) ................................................................................. 2

*Russo v. Lopez*,
  Case No. 2:11-cv-00284-PMP-GWF.) ................................................................. 3

**Rules**

Fed. R. Civ. P. 12(a)(2) ............................................................................................. 3
Fed. R. Civ. P. 12(a)(4) ........................................................................................ 2, 3
Fed. R. Civ. P. 12(f) .................................................................................................. 2
Fed.R.Civ.P. 12(a)(4)(A) .......................................................................................... 1

I.  **INTRODUCTION AND BACKGROUND**

On April 1, 2019 this Court issued an Opinion and Order Granting In Part and Denying In Part Putative Class Plaintiffs' Motion for Leave to File an Amended Complaint [620] and Granting In Part and Denying In Part Defendants' Motion to Dismiss (Dkt. 798) ("Order"). In the Order, this Court dismissed all claims based on alleged race and wealth based discrimination, as well as the gross negligence claim. The only surviving Counts in the Complaint[1] are Count I (Bodily Integrity, against all Government Defendants except Lyon, Peeler, Wyant, Kurtz, Wright, and Walling), Count VI (*Monell* claim against the City), Count VII (Professional Negligence against the LAN Defendants), and Count VIII (Professional Negligence against the Veolia Defendants).

The dismissal of the majority of Plaintiffs' claims leaves the Complaint replete with now-immaterial allegations. Consequently, City Defendants have filed a Motion to Strike simultaneously with this Motion. Pursuant to Fed.R.Civ.P. 12(a)(4)(A), upon the filing of the Motion to Strike, the obligation to file an answer to the Complaint is suspended until 14 days after the Court grants or denies that Motion. The denial of the claim of qualified immunity gives the Individual City Defendants an appeal of right, which they have exercised, While that appeal is

---

[1] For the purposes of this Motion, "Complaint" refers to Plaintiffs' Fourth Consolidated Amended Class Complaint for Injunctive and Declaratory Relief, Money Damages, and Jury Demand (Dkt. 620-3).

-1-

pending, that includes the right to be free of the burdens of litigation. *Everson v. Leis*, 556 F.3d 484, 491 (6th Cir. 2009). That includes the burden of answering. *Butler v. Sukhoi Co.*, 579 F.3d 1307, 1311 (11th Cir., 2009). However, in an abundance of caution, City Defendants file this Motion to Extend Time.

II. **ANALYSIS**

A. **AN EXTENSION OF TIME TO ANSWER GIVES NO GREATER RELIEF THAN CITY DEFENDANTS ARE ENTITLED TO UNDER THE FEDERAL RULES**

Fed. R. Civ. P. 12(f) states in relevant part as follows:

> (f) MOTION TO STRIKE. The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. The court may act:…
>
> (2) on motion made by a party either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading.

Fed. R. Civ. P. 12(a)(4) states in relevant part as follows:

> (4) *Effect of a Motion.* Unless the court sets a different time, serving **a motion under this rule** alters these periods as follows:
>
> (A) if the court denies the motion or postpones its disposition until trial, the responsive pleading must be served within 14 days after notice of the court's action…(Emphasis supplied)

A Motion to Strike is plainly a "motion under this rule".

However, assuming City Defendants' Motion to Strike is granted, the rule is silent regarding the date by which their Answer to the Complaint must be filed. There is scant authority on the question, but cases that have addressed the question

-2-

have held that a Fed.R.Civ.P. 12(f) motion extends the time to answer until the court "rules", without regard to whether than ruling grants or denies the motion:

> In this Order, the Court addresses only Mr. Barth's motion for order to answer and his motion for default judgment. The Court will separately address the merits of the United States' motion to strike or dismiss.
>
> Mr. Barth's motions are not proper under the Federal Rules of Civil Procedure. Under Rule 12(a)(2), the United States is generally required to serve an answer to a complaint within sixty days after service on the United States attorney. Fed. R. Civ. P. 12(a)(2). However, on July 23, 2018, the United States filed a motion to strike and to dismiss under Rule 12. *Def.'s Mot.* Rule 12(a)(4) expressly provides:
>
>> Unless the court sets a different time or postpones its disposition until trial, the responsive pleading must be served within 14 days after notice of the court's action.
>
> Fed. R. Civ. P. 12(a)(4). This Rule clarifies that, **once the United States filed a Rule 12 motion, the period within which the United States was required to file an answer was tolled until fourteen days after the Court rules on its motion.** For this reason, neither Mr. Barth's motion for order to answer nor his motion for default judgment is meritorious. (Emphasis supplied)[2]

See *Barth v. United States of America*, 2018 WL 4567702 (U.S.D.C. D. Maine).

Sensibly, courts grant movants 14 days to answer after the court rules, both when

---

[2] One magistrate judge in similar circumstances has granted a motion to extend, see, e.g., *Russo v. Lopez*, Case No. 2:11-cv-00284-PMP-GWF.)["On April 13, 2012, Russo filed a Second Amended Complaint (#106). Shortly thereafter, Defendants Lopez and Aster Elements filed a Motion to Strike the Second Amended Complaint (#111), arguing that the requested amendment is untimely. Out of an abundance of caution, Defendants Lopez and Aster Elements request the Court extend the time for answering the Second Amended Complaint until 14 days after decision on the Motion to Strike in accordance with Rule 12(a)(4)(A). The Court will grant such request."]

the court grants and denies a motion to strike. This makes sense under the current circumstances as well, when, as a result of this court's ruling granting the great majority of City Defendants' Motion to Dismiss, dozens of allegations in the Complaint are now irrelevant, and "impertinent", and should not require any response from City Defendants.

**B. EVEN IF THE CITY DEFENDANTS ARE NOT ENTITLED TO DEFER ANSWERING AS A MATTER OF RIGHT, A STAY UNTIL 14 DAYS AFTER THIS COURT RULES ON THE MOTION TO STRIKE IS PRUDENT AND EQUITABLE.**

The requested stay is prudent and equitable for several reasons. First, City Defendants are filing this motion promptly, and propose hearing by the court at the May 15, 2019 status conference. Accordingly, no significant delay is sought or expected, and the answer will be filed within 14 days of the court's decision regarding the Motion to Strike.

Further, the Fourth Amended Class Action Complaint is approximately 225 pages and 660 paragraphs long. The normal 14 days to answer the normal complaint is not the appropriate time period in these circumstances.

Finally, it is inefficient and unfair to require the City Defendants to answer without knowing what allegations of the complaint need answering.

### III. CONCLUSION

In light of the foregoing, City Defendants respectfully request that the court extend the time in which City Defendants must answer until 14 days after the date

it rules on the Motion to Strike, without regard to whether the court's ruling grants or denies that Motion.

Respectfully submitted,

| | |
|---|---|
| *Attorneys for City of Flint* | *Attorneys for City of Flint* |
| **/s/ William Y. Kim (w/consent)** | **/s/ Frederick A. Berg** |
| WILLIAM Y. KIM (P76411) | FREDERICK A. BERG, JR. (P38002) |
| REED E. ERIKSSON (P77085) | SHELDON H. KLEIN (P41062) |
| 1101 S. Saginaw, 3rd Floor | Butzel Long, P.C. |
| Flint, MI 48502 | 150 West Jefferson, Suite 100 |
| (810) 766-7146 | Detroit, MI 48226 |
| wkim@cityofflint.com | (313) 225-7000 |
| reriksson@cityofflint.com | bergf@butzel.com |
| | klein@butzel.com |
| | |
| *Attorneys for Defendant* | *Attorneys for Defendant* |
| *Gerald Ambrose* | *Howard Croft* |
| **/s/ Barry A. Wolf (w/consent)** | **/s/ Alexander S. Rusek (w/consent)** |
| BARRY A. WOLF (P40709) | ALEXANDER S. RUSEK (P77581) |
| Law Office of Barry A. Wolf PLLC | White Law PLLC |
| 503 S. Saginaw Street, Suite 1410 | 2549 Jolly Road, Suite 340 |
| Flint, MI 48502 | Okemos, MI 48864 |
| (810) 762-1084 | (517) 316-1195 |
| Bwolf718@msn.com | alexrusek@whitelawpllc.com |

*Attorneys for Defendant Darnell Earley*

**/s/ Todd Perkins (w/consent)**
TODD PERKINS (P55623)
Perkins Law Group
615 W. Griswold Ste. 400
Detroit, MI. 48226
(313) 964-1702
tperkins@perkinslawgroup.net

*Attorneys for Daugherty Johnson*

**/s/ Dave Meyers (w/consent)**
Edwar A. Zeineh (P71923)
David W. Meyers (P69034)
Law Office of Edwar A. Zeineh
2800 E. River Ave., Suite B.
Lansing, MI 48912
(517) 292-7000
davidmeyerslaw@gmail.com

*Attorneys for Defendant Michael Glasgow*

**/s/ Christopher Marker (w/consent)**
CHRISTOPHER MARKER (P81564)
O'Neill, Wallace & Doyle, P.C.
300 St. Andrews Road, Suite 302
Saginaw, MI  48605
(989) 790-0960
cmarker@owdpc.com

Dated: April 15, 2019

## CERTIFICATE OF SERVICE

I hereby certify that on April 15, 2019, I electronically filed the above document with the Clerk of the Court using the ECF system, which will send notification of such filing to all counsel of record.

By: */s/ Frederick A. Berg*
Frederick A. Berg, Jr. (P38002)
berg@butzel.com