UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

In re FLINT WATER CASES

Civil Action No. 5:16-cv-10444-JEL-MKM (consolidated)

Hon. Judith E. Levy
Mag. Mona K. Majzoub

_____

VEOLIA WATER NORTH AMERICA OPERATING SERVICES, LLC, VEOLIA NORTH AMERICA, LLC, AND VEOLIA NORTH AMERICA, INC.'S MOTION TO CORRECT THE APRIL 1, 2019 OPINION AND ORDER GRANTING IN PART AND DENYING IN PART PUTATIVE CLASS PLAINTIFFS' MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT

The Defendants, Veolia Water North America Operating Services, LLC, Veolia North America, LLC, and Veolia North America, Inc. (the "VNA Defendants") move under Federal Rule of Civil Procedure 60(a) to correct an error in the Court's April 1, 2019 opinion and order granting in part and denying in part putative class plaintiffs' motion for leave to file an amended complaint. Specifically, the VNA Defendants request that the Court correct its April 1, 2019 memorandum referring to the August 1, 2018 order as having rejected *all but one* of the VNA Defendants' requested dismissals. In its August 1, 2018 order, the Court rejected *all but three* of the VNA Defendants' requested dismissals. The VNA Defendants submit the following memorandum in support of their request.

1

### MEMORANDUM IN SUPPORT OF THE VNA DEFENDANTS' MOTION TO CORRECT THE APRIL 1, 2019 OPINION AND ORDER

In its August 1, 2018 order on the various motions to dismiss the amended complaint in *Carthan*, this Court dismissed the claims of **three** putative class plaintiffs—Rhonda Kelso, Amber Brown, and her minor child "K.L.D." —against the VNA Defendants. **[Doc. 546, Pg.16726-16727].** As to Amber Brown and her minor child K.L.D., the Court found that "[t]he complaint specifically references Brown and K.L.D's use of Flint water up to K.L.D.'s birth, but then makes no allegation about any use of the water after that date." *Id*. The Court then ordered that "[b]ecause Brown and K.L.D.'s allegations of harm end at the date of K.L.D's birth, months before Veolia became involved in the crisis, Brown and K.L.D.'s claims against Veolia are dismissed." *Id*.

In its April 1, 2019 order granting in part and denying in part putative class plaintiffs' motion for leave to file an amended complaint, the Court reinstated the claims by Rhonda Kelso against the VNA Defendants based on her revised allegations in the fourth amended complaint. However, the Court otherwise adopted the remainder of its previously-vacated August 1, 2018 order as to all other plaintiffs' claims against the VNA Defendants "since the fourth amended complaint makes no changes with respect to the other plaintiffs." **[Doc. 798, Pg.ID.21213].** The April 1, 2019 order makes no mention of the claims by Brown

or K.L.D against the VNA Defendants and, with the exception of Kelso, the allegations of all other plaintiffs do not differ in their fourth amended complaint.

In the April 1, 2019 memorandum, the Court erroneously states that "[i]n its vacated August 1, 2018 opinion, the Court rejected *all but one* of Veolia's requested dismissals." **[Doc. 798, Pg.ID.21212]** (emphasis added). While both the August 1, 2018 order and the April 1, 2019 orders are clear that the claims by Brown and K.L.D against the VNA Defendants are dismissed, the April 1, 2019 characterization of the August 1, 2018 order as having rejected *all but one* of Veolia's requested dismissals is clear error, as the August 1, 2018 order actually rejected *all but three* of the VNA Defendants' requested dismissals—Kelso, Brown, and her minor child K.L.D.

Under Federal Rule of Civil Procedure 60(a), the Court "may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." Fed.R.Civ.P. 60(a); *Braun v. Ultimate Jetcharters*, LLC, 828 F.3d 501, 515 (6th Cir. 2016). To ensure the Court's purpose is fully implemented, and to prevent potential future ambiguity or disputes, the VNA Defendants respectfully request that the error in the April 1, 2019 order and opinion be corrected. Pursuant to E.D. Mich. LR 7.l(a)(2)(A), concurrence in this Motion was sought and denied.

*Respectfully submitted,*

| | |
|---|---|
| CAMPBELL, CONROY & O'NEIL, P.C. | BUSH SEYFERTH & PAIGE PLLC |
| /s/ James M. Campbell | /s/ Michael R. Williams |
| James M. Campbell | Cheryl A. Bush (P37031) |
| Alaina N. Devine | Michael R. Williams (P79827) |
| One Constitution Wharf, Suite 310 | 3001 W. Big Beaver Road, Suite 600 |
| Boston, MA  02129 | Troy, MI  48084 |
| (617) 241-3000 | (248) 822-7800 |
| jmcampbell@campbell-trial-lawyers.com | bush@bsplaw.com |
| adevine@campbell-trial-lawyers.com | williams@bsplaw.com |

*Attorneys for Veolia Water North America Operating Services, LLC Veolia North America, LLC, and Veolia North America, Inc.*

### CERTIFICATE OF SERVICE

I, James M. Campbell, one of the counsel of record for the defendants Veolia Water North America Operating Services, LLC, Veolia North America, LLC, and Veolia North America, Inc., certify that on April 22, 2019, I caused the within motion to correct to be filed electronically with the Clerk of Courts through the Court's ECF filing system which will cause it to be served automatically by electronic means to counsel of record for all parties.

/s/ James M. Campbell
James M. Campbell
jmcampbell@campbell-trial-lawyers.com