UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

In re FLINT WATER CASES.

Civil Action No. 5:16-cv-10444-JEL-
MKM (consolidated)
Hon. Judith E. Levy
Mag. Mona K. Majzoub

_____

ELNORA CARTHAN, et al.,
                Plaintiffs,

vs.

Civil Action No. 5:16-cv-10444-JEL-
MKM

Hon. Judith E. Levy
Mag. Mona K. Majzoub

GOVERNOR RICK SNYDER, et al.,
                Defendant.

_____

**DEFENDANT ADAM ROSENTHAL'S ANSWER TO THE FOURTH
CONSOLIDATED AMENDED CLASS COMPLAINT**

**DEMAND FOR TRIAL BY JURY**

Defendant Adam Rosenthal answers the *Carthan* plaintiffs' Fourth Amended

Consolidated Class Complaint pursuant to Fed. R. Civ. P. 8, 10, 12, and 15, by like

headings and numbered paragraphs, as follows:

1. Mr. Rosenthal denies the allegations in ¶1 to the extent the defendants

referenced in that paragraph are meant to include him. Mr. Rosenthal does not have

1

enough knowledge or information to form a belief as to the truth of the allegations in ¶1 to the extent they pertain solely to other defendants.

2. Mr. Rosenthal denies the allegations in ¶2 to the extent the defendants referenced in that paragraph are meant to include him. Mr. Rosenthal does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶2 to the extent they pertain solely to other defendants.

SUMMARY OF ENGINEERING DEFENDANTS' MISCONDUCT

2.i. Mr. Rosenthal denies the allegations in ¶2.i. to the extent, if any, that the allegations in that paragraph are meant to include him. Mr. Rosenthal does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶2.i. to the extent they pertain solely to other defendants. Mr. Rosenthal further relies on the Court's prior orders of dismissal as to certain counts and allegations remaining in this Fourth Amended Complaint.

2.ii. Mr. Rosenthal denies the allegations in ¶2.ii. to the extent, if any, that the allegations in that paragraph are meant to include him. Mr. Rosenthal does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶2.ii. to the extent they pertain solely to other defendants. Mr. Rosenthal further relies on the Court's prior orders of dismissal as to certain counts and allegations remaining in this Fourth Amended Complaint.

## SUMMARY OF CONSTITUTIONAL AND CIVIL-RIGHTS VIOLATIONS AND INJURIES CAUSED BY GOVERNMENTAL DEFENDANTS

2.iii. Mr. Rosenthal denies the allegations of this paragraph as untrue to the extent that they pertain to him. Mr. Rosenthal does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶2.iii. to the extent that they refer to other defendants.

2.iv. Mr. Rosenthal denies the allegations of this paragraph as untrue to the extent that they pertain to him. Mr. Rosenthal does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶2.iii. to the extent that they refer to other defendants.

2.v. Mr. Rosenthal denies the allegations of this paragraph as untrue to the extent that they pertain to him. Mr. Rosenthal does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶2.iii. to the extent that they refer to other defendants. Mr. Rosenthal further relies on the Court's prior orders of dismissal as to certain counts and allegations remaining in this Fourth Amended Complaint.

2.vi. Mr. Rosenthal denies the allegations of this paragraph as untrue to the extent that they pertain to him. Mr. Rosenthal does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶2.iii. to the extent that they refer to other defendants. Mr. Rosenthal further relies on the Court's prior orders of dismissal as to certain counts and allegations remaining in this Fourth Amended

Complaint.

2.vii. Mr. Rosenthal denies the allegations of this paragraph as untrue to the extent that they pertain to him. Mr. Rosenthal does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶2.iii. to the extent that they refer to other defendants.

2.viii. Mr. Rosenthal denies the allegations of this paragraph as untrue to the extent that they pertain to him. Mr. Rosenthal does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶2.iii. to the extent that they refer to other defendants. Mr. Rosenthal further relies on the Court's prior orders of dismissal as to certain counts and allegations remaining in this Fourth Amended Complaint.

2.ix. Mr. Rosenthal denies the allegations of this paragraph as untrue to the extent that they pertain to him. Mr. Rosenthal does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶2.iii. to the extent that they refer to other defendants. Mr. Rosenthal further relies on the Court's prior orders of dismissal as to certain counts and allegations remaining in this Fourth Amended Complaint.

3. Mr. Rosenthal denies the allegations of this paragraph as untrue to the extent that they pertain to him. Mr. Rosenthal does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶2.iii. to the extent that they refer to other defendants.

## JURISDICTION AND VENUE

4. Paragraph 4 does not contain any factual allegation that is susceptible to a response of the type prescribed by Rules 8 and 10. Mr. Rosenthal denies any allegation of liability under the cited law.

5. Paragraph 5 does not contain any factual allegations that are susceptible to a response of the type prescribed by Rules 8 and 10. Mr. Rosenthal denies any allegation of liability under the cited law.

6. Mr. Rosenthal does not contest that at least one plaintiff is a citizen of Michigan. He has no knowledge regarding the other corporate defendants' citizenship, leaving plaintiffs to their proofs. He does not contest that the amount in controversy exceeds $5,000,000 but denies any allegation of his liability for any amount. Mr. Rosenthal does not contest that the Court has subject matter jurisdiction of the action under 28 USC §1332(d).

7. No contest as the jurisdictional allegations of this paragraph do not pertain to Mr. Rosenthal.

8. Mr. Rosenthal does not contest this court's personal jurisdiction but denies as untrue that he has any liability for any of the claims that plaintiffs make in this case. He further relies on the Court's prior dismissal of claims still alleged in the Fourth Amended Complaint.

9. No contest as to this Court's jurisdiction over the governor.

10. Mr. Rosenthal does not contest venue in this Court but denies as untrue that

he has any liability for any of the claims that plaintiffs make in this case.

PARTIES

A. PLAINTIFFS

11. Mr. Rosenthal lacks enough knowledge or information to form a belief as to the truth of the allegations in ¶11.

12. Mr. Rosenthal denies the allegations of this paragraph as untrue to the extent that they pertain to him. Mr. Rosenthal does not have enough knowledge or information to form a belief as to the truth of the allegations in this paragraph to the extent that they refer to other defendants.

13. Mr. Rosenthal denies the allegations of this paragraph as untrue to the extent that they pertain to him. Mr. Rosenthal does not have enough knowledge or information to form a belief as to the truth of the allegations in this paragraph to the extent that they refer to other defendants.

14. Mr. Rosenthal denies the allegations of this paragraph as untrue to the extent that they pertain to him. Mr. Rosenthal does not have enough knowledge or information to form a belief as to the truth of the allegations in this paragraph to the extent that they refer to other defendants.

15. Mr. Rosenthal denies the allegations of this paragraph as untrue to the extent that they pertain to him. Mr. Rosenthal does not have enough knowledge or information to form a belief as to the truth of the allegations in this paragraph to the extent that they refer to other defendants.

16. Mr. Rosenthal denies the allegations of this paragraph as untrue to the extent that they pertain to him. Mr. Rosenthal does not have enough knowledge or information to form a belief as to the truth of the allegations in this paragraph to the extent that they refer to other defendants.

17. Mr. Rosenthal lacks enough knowledge or information to form a belief as to the truth of the allegations in this paragraph.

18. Mr. Rosenthal denies the allegations of this paragraph as untrue to the extent that they pertain to him. Mr. Rosenthal does not have enough knowledge or information to form a belief as to the truth of the allegations in this paragraph to the extent that they refer to other defendants.

19. Mr. Rosenthal lacks enough knowledge or information to form a belief as to the truth of the allegations in this paragraph.

20. Mr. Rosenthal denies the allegations of this paragraph as untrue to the extent that they pertain to him. Mr. Rosenthal does not have enough knowledge or information to form a belief as to the truth of the allegations in this paragraph to the extent that they refer to other defendants.

21. Mr. Rosenthal denies the allegations of this paragraph as untrue to the extent that they pertain to him. Mr. Rosenthal does not have enough knowledge or information to form a belief as to the truth of the allegations in this paragraph to the extent that they refer to other defendants.

22. Mr. Rosenthal denies the allegations of this paragraph as untrue to the

extent that they pertain to him. Mr. Rosenthal does not have enough knowledge or information to form a belief as to the truth of the allegations in this paragraph to the extent that they refer to other defendants.

23. Mr. Rosenthal lacks enough knowledge or information to form a belief as to the truth of the allegations in this paragraph.

24. Mr. Rosenthal denies the allegations of this paragraph as untrue to the extent that they pertain to him. Mr. Rosenthal does not have enough knowledge or information to form a belief as to the truth of the allegations in this paragraph to the extent that they refer to other defendants.

25. Mr. Rosenthal denies the allegations of this paragraph as untrue to the extent that they pertain to him. Mr. Rosenthal does not have enough knowledge or information to form a belief as to the truth of the allegations in this paragraph to the extent that they refer to other defendants.

26. Mr. Rosenthal denies the allegations of this paragraph as untrue to the extent that they pertain to him. Mr. Rosenthal does not have enough knowledge or information to form a belief as to the truth of the allegations in this paragraph to the extent that they refer to other defendants. Mr. Rosenthal further relies on the Court's prior dismissal of claims still alleged in this paragraph.

27. Paragraph 27 does not contain any factual allegation susceptible to a response of the type contemplated by Rules 8 and 10. Mr. Rosenthal further relies on the Court's prior dismissal of claims still alleged in this paragraph.

28. Mr. Rosenthal denies the allegations of this paragraph as untrue to the extent that they pertain to him. Mr. Rosenthal does not have enough knowledge or information to form a belief as to the truth of the allegations in this paragraph to the extent that they refer to other defendants.

29. Mr. Rosenthal denies the allegations of this paragraph as untrue to the extent that they pertain to him. Mr. Rosenthal does not have enough knowledge or information to form a belief as to the truth of the allegations in this paragraph to the extent that they refer to other defendants.

30. Mr. Rosenthal denies the allegations of this paragraph as untrue to the extent that they pertain to him. Mr. Rosenthal does not have enough knowledge or information to form a belief as to the truth of the allegations in this paragraph to the extent that they refer to other defendants.

31. Paragraph 31 does not contain any factual allegation susceptible to a response of the type contemplated by Rules 8 and 10.

32. Mr. Rosenthal denies that plaintiffs are representative but otherwise does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶32.

33. Mr. Rosenthal denies that plaintiffs are representatives and denies that he in any respect injured the plaintiffs or the alleged class. Mr. Rosenthal does not have enough knowledge or information to form a belief as to the truth of the allegations in this paragraph to the extent that they refer to other defendants.

34. Paragraph 34 does not contain any factual allegation susceptible to a response of the type contemplated by Rules 8 and 10.

### B. ENGINEERING DEFENDANTS

35. Mr. Rosenthal does not have enough knowledge or information to form a belief as to the truth of the allegations in this paragraph because it refers to other defendants.

36. Mr. Rosenthal does not have enough knowledge or information to form a belief as to the truth of the allegations in this paragraph because it refers to other defendants.

37. Mr. Rosenthal does not have enough knowledge or information to form a belief as to the truth of the allegations in this paragraph because it refers to other defendants.

38. Mr. Rosenthal does not have enough knowledge or information to form a belief as to the truth of the allegations in this paragraph because it refers to other defendants.

39. Mr. Rosenthal does not have enough knowledge or information to form a belief as to the truth of the allegations in this paragraph because it refers to other defendants.

40. Mr. Rosenthal does not contest allegations as to the incorporation of other defendants, having no knowledge and the allegations not pertaining to him.

41. Mr. Rosenthal does not contest allegations as to the incorporation of other

defendants, having no knowledge and the allegations not pertaining to him.

42. Mr. Rosenthal does not contest allegations as to the incorporation of other defendants, having no knowledge and the allegations not pertaining to him.

43. Mr. Rosenthal does not contest allegations as to the incorporation or business relationships and activities of other defendants, having no knowledge and the allegations not pertaining to him.

44. Mr. Rosenthal does not contest allegations as to the incorporation or business relationships and activities of other defendants, having no knowledge and the allegations not pertaining to him.

45. Mr. Rosenthal does not contest allegations as to the incorporation or business relationships and activities of other defendants, having no knowledge and the allegations not pertaining to him.

46. Mr. Rosenthal does not contest allegations as to the incorporation or business relationships and activities of other defendants, having no knowledge and the allegations not pertaining to him.

47. Mr. Rosenthal does not contest allegations as to the incorporation or business relationships and activities of other defendants, having no knowledge and the allegations not pertaining to him.

48. Mr. Rosenthal does not contest allegations as to the incorporation or business relationships and activities of other defendants, having no knowledge and the allegations not pertaining to him.

49. Mr. Rosenthal does not contest allegations as to the incorporation or business relationships and activities of other defendants, having no knowledge and the allegations not pertaining to him. He further does not contest the fact of a press release.

50. Mr. Rosenthal denies the allegations of this paragraph as untrue to the extent that they pertain to him. Mr. Rosenthal does not have enough knowledge or information to form a belief as to the truth of the allegations in this paragraph to the extent that they refer to other defendants.

51. Mr. Rosenthal does not contest allegations as to the incorporation or business relationships and activities of other defendants, having no knowledge and the allegations not pertaining to him.

52. Mr. Rosenthal does not contest allegations as to the incorporation or business relationships and activities of other defendants, having no knowledge and the allegations not pertaining to him.

53. Mr. Rosenthal does not contest allegations as to the incorporation or business relationships and activities of other defendants, having no knowledge and the allegations not pertaining to him.

54. Mr. Rosenthal denies the allegations of this paragraph as untrue to the extent that they pertain to him. Mr. Rosenthal does not have enough knowledge or information to form a belief as to the truth of the allegations in this paragraph to the extent that they refer to other defendants.

55. Mr. Rosenthal denies the allegations of this paragraph as untrue to the extent that they pertain to him. Mr. Rosenthal does not have enough knowledge or information to form a belief as to the truth of the allegations in this paragraph to the extent that they refer to other defendants.

## C. GOVERNMENT DEFENDANTS

56. Paragraph 56 does not contain any factual allegation susceptible to a response of the type contemplated by Rules 8 and 10.

57. Admitted that Mr. Snyder was governor. Mr. Rosenthal denies the remaining allegations of this paragraph as untrue to the extent that they pertain to him. Mr. Rosenthal does not have enough knowledge or information to form a belief as to the truth of the allegations in this paragraph to the extent that they refer to other defendants.

58. Admitted that MDEQ is a department of the State of Michigan. Mr. Rosenthal denies the remaining allegations of this paragraph as untrue to the extent that they pertain to any alleged misconduct by him. Mr. Rosenthal properly, lawfully, and responsibly opposed the water-source switch that plaintiffs allege as the factual basis for their claims, acting within his limited role. Mr. Rosenthal does not have enough knowledge or information to form a belief as to the truth of the allegations in this paragraph to the extent that they refer to other defendants.

59. Mr. Rosenthal denies the allegations of this paragraph as untrue to the extent that they pertain to any alleged misconduct by him. Mr. Rosenthal properly,

lawfully, and responsibly opposed the water-source switch that plaintiffs allege as the factual basis for their claims, acting within his limited role. Mr. Rosenthal does not have enough knowledge or information to form a belief as to the truth of the allegations in this paragraph to the extent that they refer to other defendants.

60. Mr. Rosenthal denies the allegations of this paragraph as untrue to the extent that they pertain to any alleged misconduct by him. Mr. Rosenthal properly, lawfully, and responsibly opposed the water-source switch that plaintiffs allege as the factual basis for their claims, acting within his limited role. Mr. Rosenthal does not have enough knowledge or information to form a belief as to the truth of the allegations in this paragraph to the extent that they refer to other defendants. Mr. Rosenthal further relies on the Court's prior dismissal of claims still alleged in this paragraph.

61. Mr. Rosenthal denies the allegations of this paragraph as untrue to the extent that they pertain to any alleged misconduct by him. Mr. Rosenthal properly, lawfully, and responsibly opposed the water-source switch that plaintiffs allege as the factual basis for their claims, acting within his limited role. Mr. Rosenthal does not have enough knowledge or information to form a belief as to the truth of the allegations in this paragraph to the extent that they refer to other defendants.

62. Mr. Rosenthal denies the allegations of this paragraph as untrue to the extent that they pertain to any alleged misconduct by him. Mr. Rosenthal properly, lawfully, and responsibly opposed the water-source switch that plaintiffs allege as the

factual basis for their claims, acting within his limited role. Mr. Rosenthal does not have enough knowledge or information to form a belief as to the truth of the allegations in this paragraph to the extent that they refer to other defendants.

63. Mr. Rosenthal denies the allegations of this paragraph as untrue to the extent that they pertain to any alleged misconduct by him. Mr. Rosenthal properly, lawfully, and responsibly opposed the water-source switch that plaintiffs allege as the factual basis for their claims, acting within his limited role. Mr. Rosenthal does not have enough knowledge or information to form a belief as to the truth of the allegations in this paragraph to the extent that they refer to other defendants.

64. Mr. Rosenthal, while admitting his government-agency role, denies the remaining allegations of this paragraph as untrue. Mr. Rosenthal properly, lawfully, and responsibly opposed the water-source switch that plaintiffs allege as the factual basis for their claims, acting within his limited role.

65. Mr. Rosenthal denies the allegations of this paragraph as untrue to the extent that they pertain to any alleged misconduct by him. Mr. Rosenthal properly, lawfully, and responsibly opposed the water-source switch that plaintiffs allege as the factual basis for their claims, acting within his limited role. Mr. Rosenthal does not have enough knowledge or information to form a belief as to the truth of the allegations in this paragraph to the extent that they refer to other defendants.

66. Mr. Rosenthal denies the allegations of this paragraph as untrue to the extent that they pertain to any alleged misconduct by him. Mr. Rosenthal properly,

lawfully, and responsibly opposed the water-source switch that plaintiffs allege as the factual basis for their claims, acting within his limited role. Mr. Rosenthal does not have enough knowledge or information to form a belief as to the truth of the allegations in this paragraph to the extent that they refer to other defendants.

67. Mr. Rosenthal denies the allegations of this paragraph as untrue to the extent that they pertain to any alleged misconduct by him. Mr. Rosenthal properly, lawfully, and responsibly opposed the water-source switch that plaintiffs allege as the factual basis for their claims, acting within his limited role. Mr. Rosenthal does not have enough knowledge or information to form a belief as to the truth of the allegations in this paragraph to the extent that they refer to other defendants.

68. Mr. Rosenthal denies the allegations of this paragraph as untrue to the extent that they pertain to any alleged misconduct by him. Mr. Rosenthal properly, lawfully, and responsibly opposed the water-source switch that plaintiffs allege as the factual basis for their claims, acting within his limited role. Mr. Rosenthal does not have enough knowledge or information to form a belief as to the truth of the allegations in this paragraph to the extent that they refer to other defendants.

69. Mr. Rosenthal denies the allegations of this paragraph as untrue to the extent that they pertain to any alleged misconduct by him. Mr. Rosenthal properly, lawfully, and responsibly opposed the water-source switch that plaintiffs allege as the factual basis for their claims, acting within his limited role. Mr. Rosenthal does not have enough knowledge or information to form a belief as to the truth of the

allegations in this paragraph to the extent that they refer to other defendants. Mr. Rosenthal further relies on the Court's prior dismissal of claims still alleged in this paragraph.

70. Mr. Rosenthal denies the allegations of this paragraph as untrue to the extent that they pertain to any alleged misconduct by him. Mr. Rosenthal properly, lawfully, and responsibly opposed the water-source switch that plaintiffs allege as the factual basis for their claims, acting within his limited role. Mr. Rosenthal does not have enough knowledge or information to form a belief as to the truth of the allegations in this paragraph to the extent that they refer to other defendants. Mr. Rosenthal further relies on the Court's prior dismissal of claims still alleged in this paragraph.

71. Mr. Rosenthal denies the allegations of this paragraph as untrue to the extent that they pertain to any alleged misconduct by him. Mr. Rosenthal properly, lawfully, and responsibly opposed the water-source switch that plaintiffs allege as the factual basis for their claims, acting within his limited role. Mr. Rosenthal does not have enough knowledge or information to form a belief as to the truth of the allegations in this paragraph to the extent that they refer to other defendants. Mr. Rosenthal further relies on the Court's prior dismissal of claims still alleged in this paragraph.

72. Mr. Rosenthal denies the allegations of this paragraph as untrue to the extent that they pertain to any alleged misconduct by him. Mr. Rosenthal properly,

lawfully, and responsibly opposed the water-source switch that plaintiffs allege as the factual basis for their claims, acting within his limited role. Mr. Rosenthal does not have enough knowledge or information to form a belief as to the truth of the allegations in this paragraph to the extent that they refer to other defendants. Mr. Rosenthal further relies on the Court's prior dismissal of claims still alleged in this paragraph.

73. Mr. Rosenthal denies the allegations of this paragraph as untrue to the extent that they pertain to any alleged misconduct by him. Mr. Rosenthal properly, lawfully, and responsibly opposed the water-source switch that plaintiffs allege as the factual basis for their claims, acting within his limited role. Mr. Rosenthal does not have enough knowledge or information to form a belief as to the truth of the allegations in this paragraph to the extent that they refer to other defendants. Mr. Rosenthal further relies on the Court's prior dismissal of claims still alleged in this paragraph.

74. Mr. Rosenthal denies the allegations of this paragraph as untrue to the extent that they pertain to any alleged misconduct by him. Mr. Rosenthal properly, lawfully, and responsibly opposed the water-source switch that plaintiffs allege as the factual basis for their claims, acting within his limited role. Mr. Rosenthal does not have enough knowledge or information to form a belief as to the truth of the allegations in this paragraph to the extent that they refer to other defendants.

75. Mr. Rosenthal denies the allegations of this paragraph as untrue to the

extent that they pertain to any alleged misconduct by him. Mr. Rosenthal properly, lawfully, and responsibly opposed the water-source switch that plaintiffs allege as the factual basis for their claims, acting within his limited role. Mr. Rosenthal does not have enough knowledge or information to form a belief as to the truth of the allegations in this paragraph to the extent that they refer to other defendants.

76. Mr. Rosenthal denies the allegations of this paragraph as untrue to the extent that they pertain to any alleged misconduct by him. Mr. Rosenthal properly, lawfully, and responsibly opposed the water-source switch that plaintiffs allege as the factual basis for their claims, acting within his limited role. Mr. Rosenthal does not have enough knowledge or information to form a belief as to the truth of the allegations in this paragraph to the extent that they refer to other defendants.

77. Mr. Rosenthal admits the general allegation as to the City of Flint's governmental status and department operation providing water services. Mr. Rosenthal denies the remaining allegations of this paragraph as untrue to the extent that they pertain to any alleged misconduct by him. Mr. Rosenthal properly, lawfully, and responsibly opposed the water-source switch that plaintiffs allege as the factual basis for their claims, acting within his limited role. Mr. Rosenthal does not have enough knowledge or information to form a belief as to the truth of the allegations in this paragraph to the extent that they refer to other defendants. Mr. Rosenthal further relies on the Court's prior dismissal of claims still alleged in this paragraph.

78. Mr. Rosenthal denies the allegations of this paragraph as untrue to the

extent that they pertain to any alleged misconduct by him. Mr. Rosenthal does not have enough knowledge or information to form a belief as to the truth of the allegations in this paragraph to the extent that they refer to other defendants.

79. Mr. Rosenthal does not have enough knowledge or information to form a belief as to the truth of the allegations in this paragraph to the extent that they refer to other defendants.

## STATEMENT OF FACTS

80. Mr. Rosenthal denies the allegations of this paragraph as untrue to the extent that they pertain to any alleged misconduct by him. Mr. Rosenthal properly, lawfully, and responsibly opposed the water-source switch that plaintiffs allege as the factual basis for their claims, acting within his limited role. Mr. Rosenthal does not have enough knowledge or information to form a belief as to the truth of the allegations in this paragraph to the extent that they refer to other defendants.

## A. DANGERS FROM THE FLINT RIVER WATER HAVE BEEN WELL-KNOWN FOR DECADES

81. Mr. Rosenthal does not have enough knowledge or information to form a belief as to the truth of the allegations in this paragraph to the extent that they refer to historical matters.

82. Mr. Rosenthal does not have enough knowledge or information to form a belief as to the truth of the allegations in this paragraph to the extent that they refer to historical matters.

83. Mr. Rosenthal denies the allegations of this paragraph as untrue to the extent that they pertain to any alleged misconduct by him. Mr. Rosenthal properly, lawfully, and responsibly opposed the water-source switch that plaintiffs allege as the factual basis for their claims, acting within his limited role. Mr. Rosenthal does not have enough knowledge or information to form a belief as to the truth of the allegations in this paragraph to the extent that they refer to other defendants.

84. Mr. Rosenthal does not have enough knowledge or information to form a belief as to the truth of the allegations in this paragraph to the extent that they refer to historical matters.

85. Mr. Rosenthal does not have enough knowledge or information to form a belief as to the truth of the allegations in this paragraph to the extent that they refer to historical matters, although he admits that for a time before 2014, the City of Flint ordinarily obtained water for its municipal water supply from the Detroit Water and Sewerage Department and that the water it received from that source came from Lake Huron.

86. Mr. Rosenthal does not have enough knowledge or information to form a belief as to the truth of the allegations in this paragraph to the extent that they refer to historical matters, although he admits that for a time before 2014, the City of Flint ordinarily obtained water for its municipal water supply from the Detroit Water and Sewerage Department, that the water it received from that source came from Lake Huron, and that Flint and Genesee County shared water supplies.

87. Mr. Rosenthal does not have enough knowledge or information to form a belief as to the truth of the allegations in this paragraph to the extent that they refer to historical matters, although he admits that for a time Flint and Genesee County shared water supplies.

88. Mr. Rosenthal does not have enough knowledge or information to form a belief as to the truth of the allegations in this paragraph to the extent that they refer to historical matters, although he admits that for a time Flint and Genesee County shared water supplies.

89. Mr. Rosenthal does not have enough knowledge or information to form a belief as to the truth of the allegations in this paragraph to the extent that they refer to historical matters, although he admits that for a time Flint and Genesee County shared water supplies.

90. Mr. Rosenthal does not have enough knowledge or information to form a belief as to the truth of the allegations in this paragraph to the extent that they refer to historical matters, although he admits that for a time before 2014, the City of Flint ordinarily obtained water for its municipal water supply from the Detroit Water and Sewerage Department and that the water it received from that source came from Lake Huron.

91. Mr. Rosenthal does not have enough knowledge or information to form a belief as to the truth of the allegations in this paragraph to the extent that they refer to historical matters, although he admits that for a time before 2014, the City of Flint

ordinarily obtained water for its municipal water supply from the Detroit Water and Sewerage Department, that the water it received from that source came from Lake Huron, and that the water was a safe supply.

92. Paragraph 92 is not in the form prescribed by Rule 10 and is not susceptible to a response of the type contemplated by Rules 8 and 10. Mr. Rosenthal denies the allegations of this paragraph as untrue to the extent that they pertain to any alleged misconduct by him. Mr. Rosenthal properly, lawfully, and responsibly opposed the water-source switch that plaintiffs allege as the factual basis for their claims, acting within his limited role. Mr. Rosenthal does not have enough knowledge or information to form a belief as to the truth of the allegations in this paragraph to the extent that they refer to other defendants.

93. Mr. Rosenthal does not have enough knowledge or information to form a belief as to the truth of the allegations in this paragraph to the extent that they refer to historical matters, although he affirmatively avers that he properly, lawfully, and responsibly opposed the water-source switch that plaintiffs allege as the factual basis for their claims, acting within his limited role.

94. Mr. Rosenthal does not have enough knowledge or information to form a belief as to the truth of the allegations in this paragraph to the extent that they refer to historical matters, although he affirmatively avers that he properly, lawfully, and responsibly opposed the water-source switch that plaintiffs allege as the factual basis for their claims, acting within his limited role.

## B. DESPITE THESE WELL-KNOWN DANGERS, DEFENDANTS DECIDED TO USE FLINT RIVER WATER AS THE PRIMARY WATER SOURCE FOR THE CITY OF FLINT

95. Mr. Rosenthal does not have enough knowledge or information to form a belief as to the truth of the allegations in this paragraph to the extent that they refer to historical matters, although he affirmatively avers that he properly, lawfully, and responsibly opposed the water-source switch that plaintiffs allege as the factual basis for their claims, acting within his limited role. Mr. Rosenthal does not have enough knowledge or information to form a belief as to the truth of the allegations in this paragraph to the extent that they refer to other defendants.

96. Mr. Rosenthal does not have enough knowledge or information to form a belief as to the truth of the allegations in this paragraph to the extent that they refer to historical matters, although he affirmatively avers that he properly, lawfully, and responsibly opposed the water-source switch that plaintiffs allege as the factual basis for their claims, acting within his limited role. Mr. Rosenthal does not have enough knowledge or information to form a belief as to the truth of the allegations in this paragraph to the extent that they refer to other defendants.

97. Mr. Rosenthal does not have enough knowledge or information to form a belief as to the truth of the allegations in this paragraph to the extent that they refer to historical matters.

98. Mr. Rosenthal does not have enough knowledge or information to form a belief as to the truth of the allegations in this paragraph to the extent that they refer to

historical matters.

99. Mr. Rosenthal does not have enough knowledge or information to form a belief as to the truth of the allegations in this paragraph to the extent that they refer to historical matters, although he affirmatively avers that he properly, lawfully, and responsibly opposed the water-source switch that plaintiffs allege as the factual basis for their claims, acting within his limited role. Mr. Rosenthal does not have enough knowledge or information to form a belief as to the truth of the allegations in this paragraph to the extent that they refer to other defendants.

100. Mr. Rosenthal admits that raw water drawn from the Flint River would require treatment, without admitting what the vague allegation means by "considerable" treatment. He affirmatively avers that he properly, lawfully, and responsibly opposed the water-source switch that plaintiffs allege as the factual basis for their claims, acting within his limited role.

101. Mr. Rosenthal does not have enough knowledge or information to form a belief as to the truth of the allegations in this paragraph to the extent that they refer to historical matters, although he affirmatively avers that he properly, lawfully, and responsibly opposed the water-source switch that plaintiffs allege as the factual basis for their claims, acting within his limited role. Mr. Rosenthal also does not have enough knowledge or information to form a belief as to the truth of the allegations in this paragraph to the extent that they refer to other defendants.

102. Mr. Rosenthal does not have enough knowledge or information to form a

belief as to the truth of the allegations in this paragraph to the extent that they refer to historical matters, although he affirmatively avers that he properly, lawfully, and responsibly opposed the water-source switch that plaintiffs allege as the factual basis for their claims, acting within his limited role. Mr. Rosenthal also does not have enough knowledge or information to form a belief as to the truth of the allegations in this paragraph to the extent that they refer to other defendants.

103. Mr. Rosenthal does not have enough knowledge or information to form a belief as to the truth of the allegations in this paragraph to the extent that they refer to historical matters, although he affirmatively avers that he properly, lawfully, and responsibly opposed the water-source switch that plaintiffs allege as the factual basis for their claims, acting within his limited role. Mr. Rosenthal also does not have enough knowledge or information to form a belief as to the truth of the allegations in this paragraph to the extent that they refer to other defendants.

104. Mr. Rosenthal does not have enough knowledge or information to form a belief as to the truth of the allegations in this paragraph to the extent that they refer to historical matters, although he affirmatively avers that he properly, lawfully, and responsibly opposed the water-source switch that plaintiffs allege as the factual basis for their claims, acting within his limited role. Mr. Rosenthal also does not have enough knowledge or information to form a belief as to the truth of the allegations in this paragraph to the extent that they refer to other defendants.

105. Mr. Rosenthal does not have enough knowledge or information to form a

belief as to the truth of the allegations in this paragraph to the extent that they refer to historical matters, although he affirmatively avers that he properly, lawfully, and responsibly opposed the water-source switch that plaintiffs allege as the factual basis for their claims, acting within his limited role. Mr. Rosenthal also does not have enough knowledge or information to form a belief as to the truth of the allegations in this paragraph to the extent that they refer to other defendants.

106. Mr. Rosenthal does not have enough knowledge or information to form a belief as to the truth of the allegations in this paragraph to the extent that they refer to historical matters, although he affirmatively avers that he properly, lawfully, and responsibly opposed the water-source switch that plaintiffs allege as the factual basis for their claims, acting within his limited role. Mr. Rosenthal also does not have enough knowledge or information to form a belief as to the truth of the allegations in this paragraph to the extent that they refer to other defendants.

107. Mr. Rosenthal does not have enough knowledge or information to form a belief as to the truth of the allegations in this paragraph to the extent that they refer to historical matters, although he affirmatively avers that he properly, lawfully, and responsibly opposed the water-source switch that plaintiffs allege as the factual basis for their claims, acting within his limited role. Mr. Rosenthal also does not have enough knowledge or information to form a belief as to the truth of the allegations in this paragraph to the extent that they refer to other defendants.

108. Mr. Rosenthal does not have enough knowledge or information to form a

belief as to the truth of the allegations in this paragraph to the extent that they refer to historical matters, although he affirmatively avers that he properly, lawfully, and responsibly opposed the water-source switch that plaintiffs allege as the factual basis for their claims, acting within his limited role. Mr. Rosenthal also does not have enough knowledge or information to form a belief as to the truth of the allegations in this paragraph to the extent that they refer to other defendants.

109. Mr. Rosenthal does not have enough knowledge or information to form a belief as to the truth of the allegations in this paragraph to the extent that they refer to historical matters, although he affirmatively avers that he properly, lawfully, and responsibly opposed the water-source switch that plaintiffs allege as the factual basis for their claims, acting within his limited role. Mr. Rosenthal also does not have enough knowledge or information to form a belief as to the truth of the allegations in this paragraph to the extent that they refer to other defendants.

110. Mr. Rosenthal does not have enough knowledge or information to form a belief as to the truth of the allegations in this paragraph to the extent that they refer to historical matters, although he affirmatively avers that he properly, lawfully, and responsibly opposed the water-source switch that plaintiffs allege as the factual basis for their claims, acting within his limited role. Mr. Rosenthal also does not have enough knowledge or information to form a belief as to the truth of the allegations in this paragraph to the extent that they refer to other defendants.

111. Mr. Rosenthal does not have enough knowledge or information to form a

belief as to the truth of the allegations in this paragraph to the extent that they refer to historical matters, although he affirmatively avers that he properly, lawfully, and responsibly opposed the water-source switch that plaintiffs allege as the factual basis for their claims, acting within his limited role. Mr. Rosenthal also does not have enough knowledge or information to form a belief as to the truth of the allegations in this paragraph to the extent that they refer to other defendants.

112. Mr. Rosenthal does not have enough knowledge or information to form a belief as to the truth of the allegations in this paragraph to the extent that they refer to historical matters, although he affirmatively avers that he properly, lawfully, and responsibly opposed the water-source switch that plaintiffs allege as the factual basis for their claims, acting within his limited role. Mr. Rosenthal also does not have enough knowledge or information to form a belief as to the truth of the allegations in this paragraph to the extent that they refer to other defendants.

113. Mr. Rosenthal does not have enough knowledge or information to form a belief as to the truth of the allegations in this paragraph to the extent that they refer to historical matters, although he affirmatively avers that he properly, lawfully, and responsibly opposed the water-source switch that plaintiffs allege as the factual basis for their claims, acting within his limited role. Mr. Rosenthal also does not have enough knowledge or information to form a belief as to the truth of the allegations in this paragraph to the extent that they refer to other defendants.

114. Mr. Rosenthal does not have enough knowledge or information to form a

belief as to the truth of the allegations in this paragraph to the extent that they refer to historical matters, although he affirmatively avers that he properly, lawfully, and responsibly opposed the water-source switch that plaintiffs allege as the factual basis for their claims, acting within his limited role. Mr. Rosenthal also does not have enough knowledge or information to form a belief as to the truth of the allegations in this paragraph to the extent that they refer to other defendants.

115. Mr. Rosenthal does not have enough knowledge or information to form a belief as to the truth of the allegations in this paragraph to the extent that they refer to historical matters, although he affirmatively avers that he properly, lawfully, and responsibly opposed the water-source switch that plaintiffs allege as the factual basis for their claims, acting within his limited role. Mr. Rosenthal also does not have enough knowledge or information to form a belief as to the truth of the allegations in this paragraph to the extent that they refer to other defendants.

116. Mr. Rosenthal does not have enough knowledge or information to form a belief as to the truth of the allegations in this paragraph to the extent that they refer to historical matters, although he affirmatively avers that he properly, lawfully, and responsibly opposed the water-source switch that plaintiffs allege as the factual basis for their claims, acting within his limited role. Mr. Rosenthal also does not have enough knowledge or information to form a belief as to the truth of the allegations in this paragraph to the extent that they refer to other defendants.

117. Mr. Rosenthal does not have enough knowledge or information to form a

belief as to the truth of the allegations in this paragraph to the extent that they refer to historical matters, although he affirmatively avers that he properly, lawfully, and responsibly opposed the water-source switch that plaintiffs allege as the factual basis for their claims, acting within his limited role. Mr. Rosenthal also does not have enough knowledge or information to form a belief as to the truth of the allegations in this paragraph to the extent that they refer to other defendants.

118. Mr. Rosenthal does not have enough knowledge or information to form a belief as to the truth of the allegations in this paragraph to the extent that they refer to historical matters, although he affirmatively avers that he properly, lawfully, and responsibly opposed the water-source switch that plaintiffs allege as the factual basis for their claims, acting within his limited role. Mr. Rosenthal also does not have enough knowledge or information to form a belief as to the truth of the allegations in this paragraph to the extent that they refer to other defendants.

119. Mr. Rosenthal does not have enough knowledge or information to form a belief as to the truth of the allegations in this paragraph to the extent that they refer to historical matters, although he affirmatively avers that he properly, lawfully, and responsibly opposed the water-source switch that plaintiffs allege as the factual basis for their claims, acting within his limited role. Mr. Rosenthal also does not have enough knowledge or information to form a belief as to the truth of the allegations in this paragraph to the extent that they refer to other defendants.

120. Mr. Rosenthal does not have enough knowledge or information to form a

belief as to the truth of the allegations in this paragraph to the extent that they refer to historical matters, although he affirmatively avers that he properly, lawfully, and responsibly opposed the water-source switch that plaintiffs allege as the factual basis for their claims, acting within his limited role. Mr. Rosenthal also does not have enough knowledge or information to form a belief as to the truth of the allegations in this paragraph to the extent that they refer to other defendants.

121. Mr. Rosenthal does not have enough knowledge or information to form a belief as to the truth of the allegations in this paragraph to the extent that they refer to historical matters, although he affirmatively avers that he properly, lawfully, and responsibly opposed the water-source switch that plaintiffs allege as the factual basis for their claims, acting within his limited role. Mr. Rosenthal also does not have enough knowledge or information to form a belief as to the truth of the allegations in this paragraph to the extent that they refer to other defendants.

122. Mr. Rosenthal does not have enough knowledge or information to form a belief as to the truth of the allegations in this paragraph to the extent that they refer to historical matters, although he affirmatively avers that he properly, lawfully, and responsibly opposed the water-source switch that plaintiffs allege as the factual basis for their claims, acting within his limited role. Mr. Rosenthal also does not have enough knowledge or information to form a belief as to the truth of the allegations in this paragraph to the extent that they refer to other defendants.

123. Mr. Rosenthal does not have enough knowledge or information to form a

belief as to the truth of the allegations in this paragraph to the extent that they refer to historical matters, although he affirmatively avers that he properly, lawfully, and responsibly opposed the water-source switch that plaintiffs allege as the factual basis for their claims, acting within his limited role. Mr. Rosenthal also does not have enough knowledge or information to form a belief as to the truth of the allegations in this paragraph to the extent that they refer to other defendants.

124. Mr. Rosenthal admits that Mr. Brown was one of the City of Flint's emergency managers for a period that Mr. Rosenthal does not precisely know or recall.

125. Mr. Rosenthal admits that Mr. Earley was one of the City of Flint's emergency managers for a period that Mr. Rosenthal does not precisely know or recall.

126. Mr. Rosenthal does not have enough knowledge or information to form a belief as to the truth of the allegations in this paragraph to the extent that they refer to historical matters, although he affirmatively avers that he properly, lawfully, and responsibly opposed the water-source switch that plaintiffs allege as the factual basis for their claims, acting within his limited role. Mr. Rosenthal also does not have enough knowledge or information to form a belief as to the truth of the allegations in this paragraph to the extent that they refer to other defendants.

127. Mr. Rosenthal does not have enough knowledge or information to form a belief as to the truth of the allegations in this paragraph to the extent that they refer to

historical matters, although he affirmatively avers that he properly, lawfully, and responsibly opposed the water-source switch that plaintiffs allege as the factual basis for their claims, acting within his limited role. Mr. Rosenthal also does not have enough knowledge or information to form a belief as to the truth of the allegations in this paragraph to the extent that they refer to other defendants.

128. Mr. Rosenthal does not have enough knowledge or information to form a belief as to the truth of the allegations in this paragraph to the extent that they refer to historical matters, although he affirmatively avers that he properly, lawfully, and responsibly opposed the water-source switch that plaintiffs allege as the factual basis for their claims, acting within his limited role. Mr. Rosenthal also does not have enough knowledge or information to form a belief as to the truth of the allegations in this paragraph to the extent that they refer to other defendants.

129. Mr. Rosenthal admits only that part of this paragraph relating to the communication with him. Mr. Rosenthal further affirmatively avers that he properly, lawfully, and responsibly opposed the water-source switch that plaintiffs allege as the factual basis for their claims, acting within his limited role. Mr. Rosenthal does not have enough knowledge or information to form a belief as to the truth of the remaining allegations in this paragraph to the extent that they refer to other defendants.

130. Mr. Rosenthal does not have enough knowledge or information to form a belief as to the truth of the allegations in this paragraph to the extent that they refer to

matters involving others, although he affirmatively avers that he properly, lawfully, and responsibly opposed the water-source switch that plaintiffs allege as the factual basis for their claims, acting within his limited role.

131. Mr. Rosenthal does not have enough knowledge or information to form a belief as to the truth of the allegations in this paragraph to the extent that they refer to matters involving others, although he affirmatively avers that he properly, lawfully, and responsibly opposed the water-source switch that plaintiffs allege as the factual basis for their claims, acting within his limited role.

132. Mr. Rosenthal does not have enough knowledge or information to form a belief as to the truth of the allegations in this paragraph to the extent that they refer to matters involving others, although he affirmatively avers that he properly, lawfully, and responsibly opposed the water-source switch that plaintiffs allege as the factual basis for their claims, acting within his limited role.

133. Mr. Rosenthal does not have enough knowledge or information to form a belief as to the truth of the allegations in this paragraph to the extent that they refer to matters involving others, although he affirmatively avers that he properly, lawfully, and responsibly opposed the water-source switch that plaintiffs allege as the factual basis for their claims, acting within his limited role.

134. Mr. Rosenthal does not have enough knowledge or information to form a belief as to the truth of the allegations in this paragraph to the extent that they refer to historical matters, although he affirmatively avers that he properly, lawfully, and

responsibly opposed the water-source switch that plaintiffs allege as the factual basis for their claims, acting within his limited role. Mr. Rosenthal also does not have enough knowledge or information to form a belief as to the truth of the allegations in this paragraph to the extent that they refer to other defendants.

135. Mr. Rosenthal does not have enough knowledge or information to form a belief as to the truth of the allegations in this paragraph to the extent that they refer to historical matters, although he affirmatively avers that he properly, lawfully, and responsibly opposed the water-source switch that plaintiffs allege as the factual basis for their claims, acting within his limited role. Mr. Rosenthal also does not have enough knowledge or information to form a belief as to the truth of the allegations in this paragraph to the extent that they refer to other defendants.

136. Mr. Rosenthal does not have enough knowledge or information to form a belief as to the truth of the allegations in this paragraph to the extent that they refer to matters involving others, although he affirmatively avers that he properly, lawfully, and responsibly opposed the water-source switch that plaintiffs allege as the factual basis for their claims, acting within his limited role. Mr. Rosenthal also does not have enough knowledge or information to form a belief as to the truth of the allegations in this paragraph to the extent that they refer to other defendants.

137. Mr. Rosenthal does not have enough knowledge or information to form a belief as to the truth of the allegations in this paragraph to the extent that they refer to matters involving others, although he affirmatively avers that he properly, lawfully,

and responsibly opposed the water-source switch that plaintiffs allege as the factual basis for their claims, acting within his limited role. Mr. Rosenthal also does not have enough knowledge or information to form a belief as to the truth of the allegations in this paragraph to the extent that they refer to other defendants. Mr. Rosenthal further relies on the Court's prior dismissal of claims alleged in this paragraph.

138. Mr. Rosenthal does not have enough knowledge or information to form a belief as to the truth of the allegations in this paragraph to the extent that they refer to matters involving others, although he affirmatively avers that he properly, lawfully, and responsibly opposed the water-source switch that plaintiffs allege as the factual basis for their claims, acting within his limited role. Mr. Rosenthal also does not have enough knowledge or information to form a belief as to the truth of the allegations in this paragraph to the extent that they refer to other defendants. Mr. Rosenthal further relies on the Court's prior dismissal of claims alleged in this paragraph.

139. Mr. Rosenthal does not have enough knowledge or information to form a belief as to the truth of the allegations in this paragraph to the extent that they refer to matters involving others, although he affirmatively avers that he properly, lawfully, and responsibly opposed the water-source switch that plaintiffs allege as the factual basis for their claims, acting within his limited role. Mr. Rosenthal also does not have enough knowledge or information to form a belief as to the truth of the allegations in this paragraph to the extent that they refer to other defendants. Mr. Rosenthal further relies on the Court's prior dismissal of claims alleged in this paragraph.

140. Mr. Rosenthal does not have enough knowledge or information to form a belief as to the truth of the allegations in this paragraph to the extent that they refer to matters involving others, although he affirmatively avers that he properly, lawfully, and responsibly opposed the water-source switch that plaintiffs allege as the factual basis for their claims, acting within his limited role. Mr. Rosenthal also does not have enough knowledge or information to form a belief as to the truth of the allegations in this paragraph to the extent that they refer to other defendants. Mr. Rosenthal further relies on the Court's prior dismissal of claims alleged in this paragraph.

141. Mr. Rosenthal does not have enough knowledge or information to form a belief as to the truth of the allegations in this paragraph to the extent that they refer to matters involving others, although he affirmatively avers that he properly, lawfully, and responsibly opposed the water-source switch that plaintiffs allege as the factual basis for their claims, acting within his limited role.

142. Mr. Rosenthal does not have enough knowledge or information to form a belief as to the truth of the allegations in this paragraph to the extent that they refer to matters involving others, although he affirmatively avers that he properly, lawfully, and responsibly opposed the water-source switch that plaintiffs allege as the factual basis for their claims, acting within his limited role.

143. Mr. Rosenthal does not have enough knowledge or information to form a belief as to the truth of the allegations in this paragraph to the extent that they refer to matters involving others, although he affirmatively avers that he properly, lawfully,

and responsibly opposed the water-source switch that plaintiffs allege as the factual basis for their claims, acting within his limited role.

144. Mr. Rosenthal does not have enough knowledge or information to form a belief as to the truth of the allegations in this paragraph to the extent that they refer to matters involving others, although he affirmatively avers that he properly, lawfully, and responsibly opposed the water-source switch that plaintiffs allege as the factual basis for their claims, acting within his limited role.

145. Mr. Rosenthal does not have enough knowledge or information to form a belief as to the truth of the allegations in this paragraph to the extent that they refer to matters involving others, although he affirmatively avers that he properly, lawfully, and responsibly opposed the water-source switch that plaintiffs allege as the factual basis for their claims, acting within his limited role.

146. Mr. Rosenthal does not have enough knowledge or information to form a belief as to the truth of the allegations in this paragraph to the extent that they refer to matters involving others, although he affirmatively avers that he properly, lawfully, and responsibly opposed the water-source switch that plaintiffs allege as the factual basis for their claims, acting within his limited role.

147. Mr. Rosenthal does not have enough knowledge or information to form a belief as to the truth of the allegations in this paragraph to the extent that they refer to matters involving others, although he affirmatively avers that he properly, lawfully, and responsibly opposed the water-source switch that plaintiffs allege as the factual

basis for their claims, acting within his limited role.

## C. THE LAN DEFENDANTS FAILED TO MEET THEIR DUTIES OF CARE AND COMPETENCE AS DESIGN ENGINEERS FOR THE FLINT WATER TREATMENT PLANT

148. Mr. Rosenthal does not have enough knowledge or information to form a belief as to the truth of the allegations in this paragraph to the extent that they refer to matters involving others, although he affirmatively avers that he properly, lawfully, and responsibly opposed the water-source switch that plaintiffs allege as the factual basis for their claims, acting within his limited role.

149. Mr. Rosenthal does not have enough knowledge or information to form a belief as to the truth of the allegations in this paragraph to the extent that they refer to matters involving others, although he affirmatively avers that he properly, lawfully, and responsibly opposed the water-source switch that plaintiffs allege as the factual basis for their claims, acting within his limited role.

150. Mr. Rosenthal does not have enough knowledge or information to form a belief as to the truth of the allegations in this paragraph and its subparagraphs a. and b. to the extent that they refer to matters involving others, although he affirmatively avers that he properly, lawfully, and responsibly opposed the water-source switch that plaintiffs allege as the factual basis for their claims, acting within his limited role.

151. Mr. Rosenthal does not have enough knowledge or information to form a belief as to the truth of the allegations in this paragraph to the extent that they refer to matters involving others, although he affirmatively avers that he properly, lawfully,

and responsibly opposed the water-source switch that plaintiffs allege as the factual basis for their claims, acting within his limited role.

152. Mr. Rosenthal does not have enough knowledge or information to form a belief as to the truth of the allegations in this paragraph to the extent that they refer to matters involving others, although he affirmatively avers that he properly, lawfully, and responsibly opposed the water-source switch that plaintiffs allege as the factual basis for their claims, acting within his limited role.

153. Mr. Rosenthal does not have enough knowledge or information to form a belief as to the truth of the allegations in this paragraph and its subparagraphs a. and f. to the extent that they refer to matters involving others, although he affirmatively avers that he properly, lawfully, and responsibly opposed the water-source switch that plaintiffs allege as the factual basis for their claims, acting within his limited role.

154. Mr. Rosenthal does not have enough knowledge or information to form a belief as to the truth of the allegations in this paragraph and its subparagraphs a. and f. to the extent that they refer to matters involving others, although he affirmatively avers that he properly, lawfully, and responsibly opposed the water-source switch that plaintiffs allege as the factual basis for their claims, acting within his limited role.

155. Mr. Rosenthal does not have enough knowledge or information to form a belief as to the truth of the allegations in this paragraph to the extent that they refer to matters involving others, although he affirmatively avers that he properly, lawfully, and responsibly opposed the water-source switch that plaintiffs allege as the factual

basis for their claims, acting within his limited role.

156. Mr. Rosenthal does not have enough knowledge or information to form a belief as to the truth of the allegations in this paragraph to the extent that they refer to matters involving others, although he affirmatively avers that he properly, lawfully, and responsibly opposed the water-source switch that plaintiffs allege as the factual basis for their claims, acting within his limited role.

157. Mr. Rosenthal does not have enough knowledge or information to form a belief as to the truth of the allegations in this paragraph to the extent that they refer to matters involving others, although he affirmatively avers that he properly, lawfully, and responsibly opposed the water-source switch that plaintiffs allege as the factual basis for their claims, acting within his limited role.

158. Mr. Rosenthal does not have enough knowledge or information to form a belief as to the truth of the allegations in this paragraph to the extent that they refer to matters involving others, although he affirmatively avers that he properly, lawfully, and responsibly opposed the water-source switch that plaintiffs allege as the factual basis for their claims, acting within his limited role.

159. Mr. Rosenthal does not have enough knowledge or information to form a belief as to the truth of the allegations in this paragraph to the extent that they refer to matters involving others, although he affirmatively avers that he properly, lawfully, and responsibly opposed the water-source switch that plaintiffs allege as the factual basis for their claims, acting within his limited role.

160. Mr. Rosenthal does not have enough knowledge or information to form a belief as to the truth of the allegations in this paragraph to the extent that they refer to matters involving others, although he affirmatively avers that he properly, lawfully, and responsibly opposed the water-source switch that plaintiffs allege as the factual basis for their claims, acting within his limited role.

161. Mr. Rosenthal acknowledges that the City of Flint municipal water system was not adequately prepared for the switch that occurred in April 2014 to full-time operation using Flint River water. Mr. Rosenthal affirmatively avers that he properly, lawfully, and responsibly opposed the water-source switch that plaintiffs allege as the factual basis for their claims, acting within his limited role. Mr. Rosenthal acknowledges that chlorides may be corrosive to some materials under some circumstances but denies as always true that "chlorides must be neutralized with anticorrosive agents, such as phosphates, before entering public water systems."

162. Mr. Rosenthal does not have enough knowledge or information to form a belief as to the truth of the allegations in this paragraph to the extent that they refer to matters involving others, although he affirmatively avers that he properly, lawfully, and responsibly opposed the water-source switch that plaintiffs allege as the factual basis for their claims, acting within his limited role.

163. Mr. Rosenthal does not have enough knowledge or information to form a belief as to the truth of the allegations in this paragraph to the extent that they refer to matters involving others, although he affirmatively avers that he properly, lawfully,

and responsibly opposed the water-source switch that plaintiffs allege as the factual basis for their claims, acting within his limited role.

## D. NUMEROUS SIGNS OF THE PUBLIC HEALTH CRISIS CAUSED BY CONTAMINATED WATER WERE EVIDENT WITHIN WEEKS OF THE SWITCH

164. Mr. Rosenthal acknowledges the allegations of this paragraph as true but further affirmatively avers that he properly, lawfully, and responsibly opposed the water-source switch that plaintiffs allege as the factual basis for their claims, acting within his limited role.

165. Mr. Rosenthal acknowledges on information and belief only that some Flint residents expressed complaints to some City of Flint officials within weeks after April 22, 2014, concerning the smell, taste, and color of municipally-supplied drinking water. Mr. Rosenthal affirmatively avers that he properly, lawfully, and responsibly opposed the water-source switch that plaintiffs allege as the factual basis for their claims, acting within his limited role. Any remaining allegations of this paragraph Mr. Rosenthal denies as untrue for lack of knowledge, information, or belief.

166. Mr. Rosenthal acknowledges on information and belief only that some Flint residents expressed complaints to some City of Flint officials within weeks after April 22, 2014, concerning the smell, taste, and color of municipally-supplied drinking water. Mr. Rosenthal affirmatively avers that he properly, lawfully, and responsibly opposed the water-source switch that plaintiffs allege as the factual basis

for their claims, acting within his limited role. Any remaining allegations of this paragraph Mr. Rosenthal denies as untrue for lack of knowledge, information, or belief.

167. Mr. Rosenthal acknowledges on information and belief only that some Flint residents expressed complaints to some City of Flint officials within weeks after April 22, 20192014, concerning the smell, taste, and color of municipally-supplied drinking water. Mr. Rosenthal affirmatively avers that he properly, lawfully, and responsibly opposed the water-source switch that plaintiffs allege as the factual basis for their claims, acting within his limited role. Any remaining allegations of this paragraph Mr. Rosenthal denies as untrue for lack of knowledge, information, or belief.

168. Mr. Rosenthal acknowledges this paragraph's allegations as true. Mr. Rosenthal further affirmatively avers that he properly, lawfully, and responsibly opposed the water-source switch that plaintiffs allege as the factual basis for their claims, acting within his limited role.

169. Mr. Rosenthal does not have enough knowledge or information to form a belief as to the truth of the allegations in this paragraph to the extent that they refer to matters involving others, although he affirmatively avers that he properly, lawfully, and responsibly opposed the water-source switch that plaintiffs allege as the factual basis for their claims, acting within his limited role.

170. Mr. Rosenthal agrees that use of chlorine to disinfect water may produce

disinfection byproducts, sometimes including trihalomethanes, but the remaining allegation is too general to acknowledge as always true.

171. Mr. Rosenthal does not have enough knowledge or information to form a belief as to the truth of the allegations in this paragraph to the extent that they refer to matters involving others, although he affirmatively avers that he properly, lawfully, and responsibly opposed the water-source switch that plaintiffs allege as the factual basis for their claims, acting within his limited role.

172. Mr. Rosenthal acknowledges as true the allegation concerning excess contaminant levels but affirmatively avers that he properly, lawfully, and responsibly opposed the water-source switch that plaintiffs allege as the factual basis for their claims, acting within his limited role, and that he had no further duty, breached no duty, and did not cause plaintiffs any harm or damage.

173. Mr. Rosenthal does not have enough knowledge or information to form a belief as to the truth of the allegations in this paragraph to the extent that they refer to matters involving others, although he affirmatively avers that he properly, lawfully, and responsibly opposed the water-source switch that plaintiffs allege as the factual basis for their claims, acting within his limited role.

174. Mr. Rosenthal acknowledges that Legionnaires' Disease is a severe form of pneumonia and that some people may become infected with Legionnaires' Disease by inhaling into their lungs water droplets that contain the types of legionella bacteria that cause Legionnaires' Disease, but Mr. Rosenthal does not have enough knowledge

or information to form a belief as to the truth of the allegations in this paragraph to the extent that they refer to causation of disease in these specific circumstances. Mr. Rosenthal affirmatively avers that he properly, lawfully, and responsibly opposed the water-source switch that plaintiffs allege as the factual basis for their claims, acting within his limited role.

175. Mr. Rosenthal does not have enough knowledge or information to form a belief as to the truth of the allegations in this paragraph to the extent that they refer to matters involving others, although he affirmatively avers that he properly, lawfully, and responsibly opposed the water-source switch that plaintiffs allege as the factual basis for their claims, acting within his limited role.

176. Mr. Rosenthal does not have enough knowledge or information to form a belief as to the truth of the allegations in this paragraph to the extent that they refer to incidences of disease and lead levels, although he affirmatively avers that he properly, lawfully, and responsibly opposed the water-source switch that plaintiffs allege as the factual basis for their claims, acting within his limited role.

177. Mr. Rosenthal does not have enough knowledge or information to form a belief as to the truth of the allegations in this paragraph to the extent that they refer to matters involving others, although he affirmatively avers that he properly, lawfully, and responsibly opposed the water-source switch that plaintiffs allege as the factual basis for their claims, acting within his limited role.

178. Mr. Rosenthal agrees in general with the allegations having to do with the

performance of cast-iron water pipes but does not have enough knowledge or information to form a belief as to the truth of the remaining allegations in this paragraph, although he affirmatively avers that he properly, lawfully, and responsibly opposed the water-source switch that plaintiffs allege as the factual basis for their claims, acting within his limited role.

179. Mr. Rosenthal does not have enough knowledge or information to form a belief as to the truth of the allegations in this paragraph to the extent that they refer to matters involving others, although he affirmatively avers that he properly, lawfully, and responsibly opposed the water-source switch that plaintiffs allege as the factual basis for their claims, acting within his limited role.

180. Mr. Rosenthal does not have enough knowledge or information to form a belief as to the truth of the allegations in this paragraph to the extent that they refer to matters involving others, although he affirmatively avers that he properly, lawfully, and responsibly opposed the water-source switch that plaintiffs allege as the factual basis for their claims, acting within his limited role.

181. Mr. Rosenthal does not have enough knowledge or information to form a belief as to the truth of the allegations in this paragraph to the extent that they refer to matters involving others, although he affirmatively avers that he properly, lawfully, and responsibly opposed the water-source switch that plaintiffs allege as the factual basis for their claims, acting within his limited role.

182. Mr. Rosenthal does not have enough knowledge or information to form a

belief as to the truth of the allegations in this paragraph to the extent that they refer to matters involving others, although he affirmatively avers that he properly, lawfully, and responsibly opposed the water-source switch that plaintiffs allege as the factual basis for their claims, acting within his limited role.

183. Mr. Rosenthal does not have enough knowledge or information to form a belief as to the truth of the allegations in this paragraph to the extent that they refer to matters involving others, although he affirmatively avers that he properly, lawfully, and responsibly opposed the water-source switch that plaintiffs allege as the factual basis for their claims, acting within his limited role.

184. Mr. Rosenthal does not have enough knowledge or information to form a belief as to the truth of the allegations in this paragraph to the extent that they refer to matters involving others, although he affirmatively avers that he properly, lawfully, and responsibly opposed the water-source switch that plaintiffs allege as the factual basis for their claims, acting within his limited role.

185. Mr. Rosenthal does not have enough knowledge or information to form a belief as to the truth of the allegations in this paragraph to the extent that they refer to matters involving others, although he affirmatively avers that he properly, lawfully, and responsibly opposed the water-source switch that plaintiffs allege as the factual basis for their claims, acting within his limited role.

186. Mr. Rosenthal acknowledges as a matter of public record that Mr. Earley did not return the City of Flint to its former water system.

187. Mr. Rosenthal does not have enough knowledge or information to form a belief as to the truth of the allegations in this paragraph to the extent that they refer to matters involving others, although he affirmatively avers that he properly, lawfully, and responsibly opposed the water-source switch that plaintiffs allege as the factual basis for their claims, acting within his limited role.

## D. THE LAN AND VEOLIA DEFENDANTS WERE ASKED TO EVALUATE THE PROBLEMS BUT FAILED TO DO SO PROPERLY

188. Mr. Rosenthal does not have enough knowledge or information to form a belief as to the truth of the allegations in this paragraph to the extent that they refer to matters involving others, although he affirmatively avers that he properly, lawfully, and responsibly opposed the water-source switch that plaintiffs allege as the factual basis for their claims, acting within his limited role.

189. Mr. Rosenthal does not have enough knowledge or information to form a belief as to the truth of the allegations in this paragraph to the extent that they refer to matters involving others, although he affirmatively avers that he properly, lawfully, and responsibly opposed the water-source switch that plaintiffs allege as the factual basis for their claims, acting within his limited role.

190. Mr. Rosenthal does not have enough knowledge or information to form a belief as to the truth of the allegations in this paragraph to the extent that they refer to matters involving others, although he affirmatively avers that he properly, lawfully, and responsibly opposed the water-source switch that plaintiffs allege as the factual

basis for their claims, acting within his limited role.

191. Mr. Rosenthal does not have enough knowledge or information to form a belief as to the truth of the allegations in this paragraph and its subparagraphs a. through c. to the extent that they refer to matters involving others, although he affirmatively avers that he properly, lawfully, and responsibly opposed the water-source switch that plaintiffs allege as the factual basis for their claims, acting within his limited role.

192. Mr. Rosenthal does not have enough knowledge or information to form a belief as to the truth of the allegations in this paragraph and its subparagraphs a. through d. to the extent that they refer to matters involving others, although he affirmatively avers that he properly, lawfully, and responsibly opposed the water-source switch that plaintiffs allege as the factual basis for their claims, acting within his limited role.

193. Mr. Rosenthal does not have enough knowledge or information to form a belief as to the truth of the allegations in this paragraph to the extent that they refer to matters involving others, although he affirmatively avers that he properly, lawfully, and responsibly opposed the water-source switch that plaintiffs allege as the factual basis for their claims, acting within his limited role.

194. Mr. Rosenthal does not have enough knowledge or information to form a belief as to the truth of the allegations in this paragraph to the extent that they refer to matters involving others, although he affirmatively avers that he properly, lawfully,

and responsibly opposed the water-source switch that plaintiffs allege as the factual basis for their claims, acting within his limited role.

195. Mr. Rosenthal does not have enough knowledge or information to form a belief as to the truth of the allegations in this paragraph to the extent that they refer to matters involving others, although he affirmatively avers that he properly, lawfully, and responsibly opposed the water-source switch that plaintiffs allege as the factual basis for their claims, acting within his limited role.

196. Mr. Rosenthal does not have enough knowledge or information to form a belief as to the truth of the allegations in this paragraph to the extent that they refer to matters involving others, although he affirmatively avers that he properly, lawfully, and responsibly opposed the water-source switch that plaintiffs allege as the factual basis for their claims, acting within his limited role.

197. Mr. Rosenthal does not have enough knowledge or information to form a belief as to the truth of the allegations in this paragraph to the extent that they refer to matters involving others, although he affirmatively avers that he properly, lawfully, and responsibly opposed the water-source switch that plaintiffs allege as the factual basis for their claims, acting within his limited role.

198. Mr. Rosenthal does not have enough knowledge or information to form a belief as to the truth of the allegations in this paragraph to the extent that they refer to matters involving others, although he affirmatively avers that he properly, lawfully, and responsibly opposed the water-source switch that plaintiffs allege as the factual

basis for their claims, acting within his limited role.

199. Mr. Rosenthal does not have enough knowledge or information to form a belief as to the truth of the allegations in this paragraph to the extent that they refer to matters involving others, although he affirmatively avers that he properly, lawfully, and responsibly opposed the water-source switch that plaintiffs allege as the factual basis for their claims, acting within his limited role.

200. Mr. Rosenthal does not have enough knowledge or information to form a belief as to the truth of the allegations in this paragraph to the extent that they refer to matters involving others, although he affirmatively avers that he properly, lawfully, and responsibly opposed the water-source switch that plaintiffs allege as the factual basis for their claims, acting within his limited role.

201. Mr. Rosenthal does not have enough knowledge or information to form a belief as to the truth of the allegations in this paragraph to the extent that they refer to matters involving others, although he affirmatively avers that he properly, lawfully, and responsibly opposed the water-source switch that plaintiffs allege as the factual basis for their claims, acting within his limited role.

202. Mr. Rosenthal does not have enough knowledge or information to form a belief as to the truth of the allegations in this paragraph to the extent that they refer to matters involving others, although he affirmatively avers that he properly, lawfully, and responsibly opposed the water-source switch that plaintiffs allege as the factual basis for their claims, acting within his limited role.

203. Mr. Rosenthal does not have enough knowledge or information to form a belief as to the truth of the allegations in this paragraph to the extent that they refer to matters involving others, although he affirmatively avers that he properly, lawfully, and responsibly opposed the water-source switch that plaintiffs allege as the factual basis for their claims, acting within his limited role.

205. Mr. Rosenthal does not have enough knowledge or information to form a belief as to the truth of the allegations in this paragraph to the extent that they refer to matters involving others, although he affirmatively avers that he properly, lawfully, and responsibly opposed the water-source switch that plaintiffs allege as the factual basis for their claims, acting within his limited role.

206. Mr. Rosenthal does not have enough knowledge or information to form a belief as to the truth of the allegations in this paragraph to the extent that they refer to matters involving others, although he affirmatively avers that he properly, lawfully, and responsibly opposed the water-source switch that plaintiffs allege as the factual basis for their claims, acting within his limited role.

207. Mr. Rosenthal does not have enough knowledge or information to form a belief as to the truth of the allegations in this paragraph to the extent that they refer to matters involving others, although he affirmatively avers that he properly, lawfully, and responsibly opposed the water-source switch that plaintiffs allege as the factual basis for their claims, acting within his limited role.

208. Mr. Rosenthal does not have enough knowledge or information to form a

belief as to the truth of the allegations in this paragraph to the extent that they refer to matters involving others, although he affirmatively avers that he properly, lawfully, and responsibly opposed the water-source switch that plaintiffs allege as the factual basis for their claims, acting within his limited role.

## F. THE LAN AND VEOLIA DEFENDANTS FAIL TO CONDUCT A ROOT CAUSE ANALYSIS

209. Mr. Rosenthal does not have enough knowledge or information to form a belief as to the truth of the allegations in this paragraph to the extent that they refer to matters involving others, although he affirmatively avers that he properly, lawfully, and responsibly opposed the water-source switch that plaintiffs allege as the factual basis for their claims, acting within his limited role.

210. Mr. Rosenthal does not have enough knowledge or information to form a belief as to the truth of the allegations in this paragraph to the extent that they refer to matters involving others, although he affirmatively avers that he properly, lawfully, and responsibly opposed the water-source switch that plaintiffs allege as the factual basis for their claims, acting within his limited role.

211. Mr. Rosenthal does not have enough knowledge or information to form a belief as to the truth of the allegations in this paragraph to the extent that they refer to matters involving others, although he affirmatively avers that he properly, lawfully, and responsibly opposed the water-source switch that plaintiffs allege as the factual basis for their claims, acting within his limited role.

212. Mr. Rosenthal does not have enough knowledge or information to form a belief as to the truth of the allegations in this paragraph to the extent that they refer to matters involving others, although he affirmatively avers that he properly, lawfully, and responsibly opposed the water-source switch that plaintiffs allege as the factual basis for their claims, acting within his limited role.

213. Mr. Rosenthal does not have enough knowledge or information to form a belief as to the truth of the allegations in this paragraph to the extent that they refer to matters involving others, although he affirmatively avers that he properly, lawfully, and responsibly opposed the water-source switch that plaintiffs allege as the factual basis for their claims, acting within his limited role.

214. Mr. Rosenthal does not have enough knowledge or information to form a belief as to the truth of the allegations in this paragraph to the extent that they refer to matters involving others, although he affirmatively avers that he properly, lawfully, and responsibly opposed the water-source switch that plaintiffs allege as the factual basis for their claims, acting within his limited role.

215. Mr. Rosenthal agrees it was well-known in 2014 and 2015 to some scientists and other people that some pipes, including some old municipal water-service lines, contain lead and that some corroded water pipes that contain lead may under some conditions leach lead into drinking water if they are part of a drinking-water distribution system, with adverse health effects. Mr. Rosenthal lacks knowledge, information, and belief as to the other, more-specific allegations of this

paragraph, as to certain articles and reports.

216. Mr. Rosenthal does not have enough knowledge or information to form a belief as to the truth of the allegations in this paragraph to the extent that they refer to matters involving others, although he affirmatively avers that he properly, lawfully, and responsibly opposed the water-source switch that plaintiffs allege as the factual basis for their claims, acting within his limited role.

## G. THE LAN AND VEOLIA DEFENDANTS' CONCLUSIONS MADE THE CRISIS WORSE

217. Mr. Rosenthal acknowledges as true that federal regulations have required lead control. Mr. Rosenthal does not have enough knowledge or information to form a belief as to the truth of the remaining allegations in this paragraph to the extent that they refer to matters involving others, although he affirmatively avers that he properly, lawfully, and responsibly opposed the water-source switch that plaintiffs allege as the factual basis for their claims, acting within his limited role.

218. Mr. Rosenthal acknowledges this paragraph as true, even if general and abstract. Mr. Rosenthal further affirmatively avers that he properly, lawfully, and responsibly opposed the water-source switch that plaintiffs allege as the factual basis for their claims, acting within his limited role.

219. Mr. Rosenthal acknowledges this paragraph as true, even if general and abstract. Mr. Rosenthal further affirmatively avers that he properly, lawfully, and responsibly opposed the water-source switch that plaintiffs allege as the factual basis

for their claims, acting within his limited role.

220. Mr. Rosenthal does not have enough knowledge or information to form a belief as to the truth of the allegations in this paragraph to the extent that they refer to matters involving others, although he affirmatively avers that he properly, lawfully, and responsibly opposed the water-source switch that plaintiffs allege as the factual basis for their claims, acting within his limited role.

221. Mr. Rosenthal has no specific knowledge of the uncited publication from the Center that plaintiffs quote, and so denies the allegation for lack of information, leaving plaintiffs to their proofs.

222. Mr. Rosenthal does not have enough knowledge or information to form a belief as to the truth of the allegations in this paragraph to the extent that they refer to matters involving others, although he affirmatively avers that he properly, lawfully, and responsibly opposed the water-source switch that plaintiffs allege as the factual basis for their claims, acting within his limited role.

223. Mr. Rosenthal does not have enough knowledge or information to form a belief as to the truth of the allegations in this paragraph to the extent that they refer to matters involving others, although he affirmatively avers that he properly, lawfully, and responsibly opposed the water-source switch that plaintiffs allege as the factual basis for their claims, acting within his limited role.

224. Mr. Rosenthal does not have enough knowledge or information to form a belief as to the truth of the allegations in this paragraph to the extent that they refer to

matters involving others, although he affirmatively avers that he properly, lawfully, and responsibly opposed the water-source switch that plaintiffs allege as the factual basis for their claims, acting within his limited role.

225. Mr. Rosenthal does not have enough knowledge or information to form a belief as to the truth of the allegations in this paragraph to the extent that they refer to matters involving others, although he affirmatively avers that he properly, lawfully, and responsibly opposed the water-source switch that plaintiffs allege as the factual basis for their claims, acting within his limited role.

226. Mr. Rosenthal does not have enough knowledge or information to form a belief as to the truth of the allegations in this paragraph to the extent that they refer to matters involving others, although he affirmatively avers that he properly, lawfully, and responsibly opposed the water-source switch that plaintiffs allege as the factual basis for their claims, acting within his limited role.

227. Mr. Rosenthal does not have enough knowledge or information to form a belief as to the truth of the allegations in this paragraph to the extent that they refer to matters involving others, although he affirmatively avers that he properly, lawfully, and responsibly opposed the water-source switch that plaintiffs allege as the factual basis for their claims, acting within his limited role.

228. Mr. Rosenthal acknowledges as true that pH is ordinarily measured on a logarithmic scale, denies the inference that plaintiffs draw from that allegation, and lacks knowledge or information to form a belief as to the remaining allegations having

to do with others, hence denying those allegations.

229. Denied as untrue.

230. Denied as untrue that the quoted EPA report is similar in conclusion to prior alleged paragraphs, but Mr. Rosenthal lacks knowledge or information as to the allegation's substance and truth, and so denies it, leaving plaintiffs to their proofs.

231. Mr. Rosenthal does not have enough knowledge or information to form a belief as to the truth of the allegations in this paragraph to the extent that they refer to matters involving others, although he affirmatively avers that he properly, lawfully, and responsibly opposed the water-source switch that plaintiffs allege as the factual basis for their claims, acting within his limited role.

232. Mr. Rosenthal does not have enough knowledge or information to form a belief as to the truth of the allegations in this paragraph to the extent that they refer to matters involving others, although he affirmatively avers that he properly, lawfully, and responsibly opposed the water-source switch that plaintiffs allege as the factual basis for their claims, acting within his limited role.

### H. DESPITE THE NUMEROUS SIGNS OF THE GROWING CRISIS, THE GOVERNMENT DEFENDANTS FAILED TO ACT, AND CONCEALED KNOWN DANGERS FROM PLAINTIFFS

233. Denied as untrue. Mr. Rosenthal does not have enough knowledge or information to form a belief as to the truth of the allegations in this paragraph to the extent that they refer to matters involving others, although he affirmatively avers that he properly, lawfully, and responsibly opposed the water-source switch that plaintiffs

allege as the factual basis for their claims, acting within his limited role.

234. Mr. Rosenthal is aware that Mr. Earley resigned and that Mr. Ambrose became Flint's emergency manager.

235. Mr. Rosenthal does not have enough knowledge or information to form a belief as to the truth of the allegations in this paragraph to the extent that they refer to matters involving others. Mr. Rosenthal was not involved in any such matter here alleged in this paragraph. He further affirmatively avers that he properly, lawfully, and responsibly opposed the water-source switch that plaintiffs allege as the factual basis for their claims, acting within his limited role.

236. Mr. Rosenthal does not have enough knowledge or information to form a belief as to the truth of the allegations in this paragraph to the extent that they refer to matters involving others, although he affirmatively avers that he properly, lawfully, and responsibly opposed the water-source switch that plaintiffs allege as the factual basis for their claims, acting within his limited role.

237. Mr. Rosenthal does not have enough knowledge or information to form a belief as to the truth of the allegations in this paragraph because they refer to duties involving others. Mr. Rosenthal affirmatively avers that he properly, lawfully, and responsibly opposed the water-source switch that plaintiffs allege as the factual basis for their claims, acting within his limited role, and otherwise satisfied all duties.

238. Mr. Rosenthal does not have enough knowledge or information to form a belief as to the truth of the allegations in this paragraph because they refer to duties

involving others. Mr. Rosenthal affirmatively avers that he properly, lawfully, and responsibly opposed the water-source switch that plaintiffs allege as the factual basis for their claims, acting within his limited role, and otherwise satisfied all duties.

239. Mr. Rosenthal does not have enough knowledge or information to form a belief as to the truth of the allegations in this paragraph to the extent that they refer to matters involving others, although he affirmatively avers that he properly, lawfully, and responsibly opposed the water-source switch that plaintiffs allege as the factual basis for their claims, acting within his limited role.

240. Mr. Rosenthal does not have enough knowledge or information to form a belief as to the truth of the allegations in this paragraph to the extent that they refer to matters involving others.

241. Mr. Rosenthal does not have enough knowledge or information to form a belief as to the truth of the allegations in this paragraph to the extent that they refer to matters involving others.

242. Mr. Rosenthal does not have enough knowledge or information to form a belief as to the truth of the allegations in this paragraph because they refer to duties involving others. Mr. Rosenthal affirmatively avers that he properly, lawfully, and responsibly opposed the water-source switch that plaintiffs allege as the factual basis for their claims, acting within his limited role, and otherwise satisfied all duties.

243. Mr. Rosenthal does not have enough knowledge or information to form a belief as to the truth of the allegations in this paragraph because they refer to duties

involving others. Mr. Rosenthal affirmatively avers that he properly, lawfully, and responsibly opposed the water-source switch that plaintiffs allege as the factual basis for their claims, acting within his limited role, and otherwise satisfied all duties.

244. Mr. Rosenthal does not have enough knowledge or information to form a belief as to the truth of the allegations in this paragraph to the extent that they refer to matters involving others.

245. Mr. Rosenthal does not have enough knowledge or information to form a belief as to the truth of the allegations in this paragraph to the extent that they refer to matters involving others.

246. Mr. Rosenthal does not have enough knowledge or information to form a belief as to the truth of the allegations in this paragraph to the extent that they refer to matters involving others.

247. Mr. Rosenthal does not have enough knowledge or information to form a belief as to the truth of the allegations in this paragraph to the extent that they refer to matters involving others.

248. Mr. Rosenthal does not have enough knowledge or information to form a belief as to the truth of the allegations in this paragraph to the extent that they refer to matters involving others.

249. Mr. Rosenthal does not have enough knowledge or information to form a belief as to the truth of the allegations in this paragraph because they refer to duties involving others. Mr. Rosenthal affirmatively avers that he properly, lawfully, and

responsibly opposed the water-source switch that plaintiffs allege as the factual basis for their claims, acting within his limited role, and otherwise satisfied all duties. Mr. Rosenthal denies that plaintiffs represent a class.

250. Mr. Rosenthal does not have enough knowledge or information to form a belief as to the truth of the allegations in this paragraph because they refer to actions involving others. Mr. Rosenthal affirmatively avers that he properly, lawfully, and responsibly opposed the water-source switch that plaintiffs allege as the factual basis for their claims, acting within his limited role, and otherwise satisfied all duties.

251. Denied as untrue as to this defendant Mr. Rosenthal. Mr. Rosenthal does not have enough knowledge or information to form a belief as to the truth of the remaining allegations in this paragraph because they refer to others. Mr. Rosenthal affirmatively avers that he properly, lawfully, and responsibly opposed the water-source switch that plaintiffs allege as the factual basis for their claims, acting within his limited role, and otherwise satisfied all duties.

252. Denied as untrue as to this defendant Mr. Rosenthal. Mr. Rosenthal does not have enough knowledge or information to form a belief as to the truth of the remaining allegations in this paragraph because they refer to others. Mr. Rosenthal affirmatively avers that he properly, lawfully, and responsibly opposed the water-source switch that plaintiffs allege as the factual basis for their claims, acting within his limited role, and otherwise satisfied all duties.

253. Mr. Rosenthal does not have enough knowledge or information to form a

belief as to the truth of the allegations in this paragraph to the extent that they refer to matters involving others.

254. Mr. Rosenthal does not have enough knowledge or information to form a belief as to the truth of the allegations in this paragraph to the extent that they refer to matters involving others.

255. Mr. Rosenthal does not have enough knowledge or information to form a belief as to the truth of the allegations in this paragraph to the extent that they refer to matters involving others.

256. Mr. Rosenthal does not have enough knowledge or information to form a belief as to the truth of the allegations in this paragraph to the extent that they refer to matters involving others.

257. Mr. Rosenthal does not have enough knowledge or information to form a belief as to the truth of the allegations in this paragraph to the extent that they refer to matters involving others.

258. Mr. Rosenthal does not have enough knowledge or information to form a belief as to the truth of the allegations in this paragraph to the extent that they refer to matters involving others.

259. Mr. Rosenthal does not have enough knowledge or information to form a belief as to the truth of the allegations in this paragraph to the extent that they refer to matters involving others.

260. Mr. Rosenthal does not have enough knowledge or information to form a

belief as to the truth of the allegations in this paragraph to the extent that they refer to matters involving others. Mr. Rosenthal affirmatively avers that he properly, lawfully, and responsibly opposed the water-source switch that plaintiffs allege as the factual basis for their claims, acting within his limited role, and otherwise satisfied all duties. He engaged in no neglect having to do with the allegations of this complaint, criminal or otherwise.

261. Mr. Rosenthal does not have enough knowledge or information to form a belief as to the truth of the allegations in this paragraph to the extent that they refer to matters involving others. Mr. Rosenthal affirmatively avers that he properly, lawfully, and responsibly opposed the water-source switch that plaintiffs allege as the factual basis for their claims, acting within his limited role, and otherwise satisfied all duties.

262. Denied as untrue as to this defendant Mr. Rosenthal. Mr. Rosenthal does not have enough knowledge or information to form a belief as to the truth of the remaining allegations in this paragraph because they refer to others. Mr. Rosenthal affirmatively avers that he properly, lawfully, and responsibly opposed the water-source switch that plaintiffs allege as the factual basis for their claims, acting within his limited role, and otherwise satisfied all duties.

263. Mr. Rosenthal does not have enough knowledge or information to form a belief as to the truth of the allegations in this paragraph to the extent that they refer to matters involving others.

264. Mr. Rosenthal does not have enough knowledge or information to form a

belief as to the truth of the allegations in this paragraph to the extent that they refer to matters involving others.

265. Mr. Rosenthal does not have enough knowledge or information to form a belief as to the truth of the allegations in this paragraph to the extent that they refer to matters involving others.

266. Denied as untrue as to this defendant Mr. Rosenthal. Mr. Rosenthal does not have enough knowledge or information to form a belief as to the truth of the remaining allegations in this paragraph because they refer to others. Mr. Rosenthal affirmatively avers that he properly, lawfully, and responsibly opposed the water-source switch that plaintiffs allege as the factual basis for their claims, acting within his limited role, and otherwise satisfied all duties.

267. Mr. Rosenthal acknowledges the email communication, the concern within which he was in complete agreement. Mr. Rosenthal affirmatively avers that he properly, lawfully, and responsibly opposed the water-source switch that plaintiffs allege as the factual basis for their claims, acting within his limited role as an Environmental Quality Analyst (EQA) whose primary responsibility was data input, and otherwise satisfied all duties.

268. Denied as untrue as to this defendant Mr. Rosenthal. Mr. Rosenthal does not have enough knowledge or information to form a belief as to the truth of the remaining allegations in this paragraph because they refer to others. Mr. Rosenthal affirmatively avers that he properly, lawfully, and responsibly opposed the water-

source switch that plaintiffs allege as the factual basis for their claims, acting within his limited role, and otherwise satisfied all duties.

269. Mr. Rosenthal does not have enough knowledge or information to form a belief as to the truth of the allegations in this paragraph to the extent that they refer to matters involving others.

270. Denied as untrue as to this defendant Mr. Rosenthal. Mr. Rosenthal does not have enough knowledge or information to form a belief as to the truth of the remaining allegations in this paragraph because they refer to others. Mr. Rosenthal affirmatively avers that he properly, lawfully, and responsibly opposed the water-source switch that plaintiffs allege as the factual basis for their claims, acting within his limited role, and otherwise satisfied all duties.

271. Denied as untrue as to this defendant Mr. Rosenthal. Mr. Rosenthal does not have enough knowledge or information to form a belief as to the truth of the remaining allegations in this paragraph because they refer to others. Mr. Rosenthal affirmatively avers that he properly, lawfully, and responsibly opposed the water-source switch that plaintiffs allege as the factual basis for their claims, acting within his limited role, and otherwise satisfied all duties.

272. Mr. Rosenthal does not have enough knowledge or information to form a belief as to the truth of the allegations in this paragraph to the extent that they refer to matters involving others.

273. Denied as untrue as to this defendant Mr. Rosenthal. Mr. Rosenthal did

not commit the crime or crimes that this paragraph alleges, was not willful in any disregard of any duty, did not disregard duties, did not alter test results or knowingly pass on altered test results, and instead affirmatively acted properly, lawfully, and responsibly opposed the water-source switch that plaintiffs allege as the factual basis for their claims, acting within his limited role. Mr. Rosenthal does not have enough knowledge or information to form a belief as to the truth of the remaining allegations in this paragraph because they refer to others.

274. Denied as untrue as to this defendant Mr. Rosenthal. Mr. Rosenthal does not have enough knowledge or information to form a belief as to the truth of the remaining allegations in this paragraph because they refer to others. Mr. Rosenthal affirmatively avers that he properly, lawfully, and responsibly opposed the water-source switch that plaintiffs allege as the factual basis for their claims, acting within his limited role, and otherwise satisfied all duties.

275. Mr. Rosenthal does not have enough knowledge or information to form a belief as to the truth of the allegations in this paragraph to the extent that they refer to matters involving others.

276. Mr. Rosenthal does not have enough knowledge or information to form a belief as to the truth of the allegations in this paragraph to the extent that they refer to matters involving others. Mr. Rosenthal denies that plaintiffs represent a class.

277. Mr. Rosenthal does not have enough knowledge or information to form a belief as to the truth of the allegations in this paragraph to the extent that they refer to

matters involving others.

278. Denied as untrue as to this defendant Mr. Rosenthal. Mr. Rosenthal does not have enough knowledge or information to form a belief as to the truth of the remaining allegations in this paragraph because they refer to others. Mr. Rosenthal affirmatively avers that he properly, lawfully, and responsibly opposed the water-source switch that plaintiffs allege as the factual basis for their claims, acting within his limited role, and otherwise satisfied all duties.

279. Mr. Rosenthal does not have enough knowledge or information to form a belief as to the truth of the allegations in this paragraph to the extent that they refer to matters involving others.

280. Denied as untrue as to this defendant Mr. Rosenthal. Mr. Rosenthal does not have enough knowledge or information to form a belief as to the truth of the remaining allegations in this paragraph because they refer to others. Mr. Rosenthal affirmatively avers that he properly, lawfully, and responsibly opposed the water-source switch that plaintiffs allege as the factual basis for their claims, acting within his limited role, and otherwise satisfied all duties.

281. Denied as untrue as to this defendant Mr. Rosenthal. Mr. Rosenthal does not have enough knowledge or information to form a belief as to the truth of the remaining allegations in this paragraph because they refer to others. Mr. Rosenthal affirmatively avers that he properly, lawfully, and responsibly opposed the water-source switch that plaintiffs allege as the factual basis for their claims, acting within

his limited role, and otherwise satisfied all duties.

282. Denied as untrue as to this defendant Mr. Rosenthal. Mr. Rosenthal does not have enough knowledge or information to form a belief as to the truth of the remaining allegations in this paragraph because they refer to others. Mr. Rosenthal affirmatively avers that he properly, lawfully, and responsibly opposed the water-source switch that plaintiffs allege as the factual basis for their claims, acting within his limited role, and otherwise satisfied all duties.

283. Mr. Rosenthal does not have enough knowledge or information to form a belief as to the truth of the allegations in this paragraph to the extent that they refer to matters involving others.

284. Mr. Rosenthal does not have enough knowledge or information to form a belief as to the truth of the allegations in this paragraph to the extent that they refer to matters involving others.

285. Mr. Rosenthal does not have enough knowledge or information to form a belief as to the truth of the allegations in this paragraph to the extent that they refer to matters involving others.

286. Denied as untrue as to this defendant Mr. Rosenthal. Mr. Rosenthal does not have enough knowledge or information to form a belief as to the truth of the remaining allegations in this paragraph because they refer to others. Mr. Rosenthal affirmatively avers that he properly, lawfully, and responsibly opposed the water-source switch that plaintiffs allege as the factual basis for their claims, acting within

his limited role, and otherwise satisfied all duties.

287. Mr. Rosenthal does not have enough knowledge or information to form a belief as to the truth of the allegations in this paragraph to the extent that they refer to matters involving others.

288. Mr. Rosenthal does not have enough knowledge or information to form a belief as to the truth of the allegations in this paragraph to the extent that they refer to matters involving others.

289. Denied as untrue as to this defendant Mr. Rosenthal. Mr. Rosenthal does not have enough knowledge or information to form a belief as to the truth of the remaining allegations in this paragraph because they refer to others. Mr. Rosenthal affirmatively avers that he properly, lawfully, and responsibly opposed the water-source switch that plaintiffs allege as the factual basis for their claims, acting within his limited role, and otherwise satisfied all duties.

290. Mr. Rosenthal does not have enough knowledge or information to form a belief as to the truth of the allegations in this paragraph to the extent that they refer to matters involving others. Mr. Rosenthal affirmatively avers that he properly, lawfully, and responsibly opposed the water-source switch that plaintiffs allege as the factual basis for their claims, acting within his limited role, and otherwise satisfied all duties.

291. Mr. Rosenthal does not have enough knowledge or information to form a belief as to the truth of the allegations in this paragraph to the extent that they refer to matters involving others.

292. Denied as untrue as to this defendant Mr. Rosenthal. Mr. Rosenthal does not have enough knowledge or information to form a belief as to the truth of the remaining allegations in this paragraph because they refer to others. Mr. Rosenthal affirmatively avers that he properly, lawfully, and responsibly opposed the water-source switch that plaintiffs allege as the factual basis for their claims, acting within his limited role, and otherwise satisfied all duties.

293. Mr. Rosenthal does not have enough knowledge or information to form a belief as to the truth of the allegations in this paragraph to the extent that they refer to matters involving others.

294. Mr. Rosenthal does not have enough knowledge or information to form a belief as to the truth of the allegations in this paragraph to the extent that they refer to matters involving others. Mr. Rosenthal affirmatively avers that he properly, lawfully, and responsibly opposed the water-source switch that plaintiffs allege as the factual basis for their claims, acting within his limited role, and otherwise satisfied all duties.

295. Mr. Rosenthal does not have enough knowledge or information to form a belief as to the truth of the allegations in this paragraph to the extent that they refer to matters involving others. Mr. Rosenthal affirmatively avers that he properly, lawfully, and responsibly opposed the water-source switch that plaintiffs allege as the factual basis for their claims, acting within his limited role, and otherwise satisfied all duties.

296. Mr. Rosenthal does not contest the allegations in this paragraph of state and federal relief actions. Mr. Rosenthal affirmatively avers that he properly, lawfully,

and responsibly opposed the water-source switch that plaintiffs allege as the factual basis for their claims, acting within his limited role, and otherwise satisfied all duties.

297. Mr. Rosenthal does not have enough knowledge or information to form a belief as to the truth of the allegations in this paragraph to the extent that they refer to matters involving others. Mr. Rosenthal affirmatively avers that he properly, lawfully, and responsibly opposed the water-source switch that plaintiffs allege as the factual basis for their claims, acting within his limited role, and otherwise satisfied all duties.

298. Mr. Rosenthal does not have enough knowledge or information to form a belief as to the truth of the allegations in this paragraph to the extent that they refer to matters involving others. Mr. Rosenthal affirmatively avers that he properly, lawfully, and responsibly opposed the water-source switch that plaintiffs allege as the factual basis for their claims, acting within his limited role, and otherwise satisfied all duties.

299. Mr. Rosenthal does not have enough knowledge or information to form a belief as to the truth of the allegations in this paragraph to the extent that they refer to matters involving others.

300. Mr. Rosenthal does not have enough knowledge or information to form a belief as to the truth of the allegations in this paragraph to the extent that they refer to matters involving others.

301. Mr. Rosenthal does not have enough knowledge or information to form a belief as to the truth of the allegations in this paragraph to the extent that they refer to matters involving others.

302. Mr. Rosenthal does not have enough knowledge or information to form a belief as to the truth of the allegations in this paragraph to the extent that they refer to matters involving others.

303. Mr. Rosenthal does not have enough knowledge or information to form a belief as to the truth of the allegations in this paragraph to the extent that they refer to matters involving others.

304. Mr. Rosenthal does not have enough knowledge or information to form a belief as to the truth of the allegations in this paragraph to the extent that they refer to matters involving others.

305. Mr. Rosenthal does not have enough knowledge or information to form a belief as to the truth of the allegations in this paragraph to the extent that they refer to matters involving others.

306. Mr. Rosenthal does not have enough knowledge or information to form a belief as to the truth of the allegations in this paragraph to the extent that they refer to matters involving others. Mr. Rosenthal affirmatively avers that he properly, lawfully, and responsibly opposed the water-source switch that plaintiffs allege as the factual basis for their claims, acting within his limited role, and otherwise satisfied all duties.

307. Mr. Rosenthal does not have enough knowledge or information to form a belief as to the truth of the allegations in this paragraph to the extent that they refer to matters involving others.

308. Mr. Rosenthal does not have enough knowledge or information to form a

belief as to the truth of the allegations in this paragraph to the extent that they refer to matters involving others.

309. Mr. Rosenthal does not have enough knowledge or information to form a belief as to the truth of the allegations in this paragraph to the extent that they refer to matters involving others. Mr. Rosenthal affirmatively avers that he properly, lawfully, and responsibly opposed the water-source switch that plaintiffs allege as the factual basis for their claims, acting within his limited role, and otherwise satisfied all duties.

310. Denied as untrue as to this defendant Mr. Rosenthal. Mr. Rosenthal does not have enough knowledge or information to form a belief as to the truth of the remaining allegations in this paragraph because they refer to others. Mr. Rosenthal affirmatively avers that he properly, lawfully, and responsibly opposed the water-source switch that plaintiffs allege as the factual basis for their claims, acting within his limited role, and otherwise satisfied all duties.

311. Denied as untrue as to this defendant Mr. Rosenthal. Mr. Rosenthal does not have enough knowledge or information to form a belief as to the truth of the remaining allegations in this paragraph because they refer to others. Mr. Rosenthal affirmatively avers that he properly, lawfully, and responsibly opposed the water-source switch that plaintiffs allege as the factual basis for their claims, acting within his limited role, and otherwise satisfied all duties.

312. Denied as untrue as to this defendant Mr. Rosenthal. Mr. Rosenthal does not have enough knowledge or information to form a belief as to the truth of the

remaining allegations in this paragraph because they refer to others. Mr. Rosenthal affirmatively avers that he properly, lawfully, and responsibly opposed the water-source switch that plaintiffs allege as the factual basis for their claims, acting within his limited role, and otherwise satisfied all duties.

## I. DEFENDANTS' MISCONDUCT HAS CAUSED THE PLAINTIFFS TO SUFFER DEVASTATING HEALTH EFFECTS AND OTHER PERSONAL INJURIES

313. Mr. Rosenthal does not have enough knowledge or information to form a belief as to the truth of the allegations in this paragraph to the extent that they refer to matters involving others. Mr. Rosenthal affirmatively avers that he properly, lawfully, and responsibly opposed the water-source switch that plaintiffs allege as the factual basis for their claims, acting within his limited role, and otherwise satisfied all duties. Mr. Rosenthal was not the cause of any harm or damage to plaintiffs.

314. Mr. Rosenthal acknowledges as true that ingested lead can cause serious health effects. Mr. Rosenthal does not have specific knowledge of the quoted but uncited source in this paragraph, thus denying it as untrue, leaving plaintiffs to their proofs.

315. Mr. Rosenthal acknowledges as true that ingested lead can cause serious health effects. Mr. Rosenthal does not have specific knowledge of the quoted but uncited source in this paragraph, thus denying it as untrue, leaving plaintiffs to their proofs.

316. Mr. Rosenthal acknowledges as true that ingested lead can cause serious

health effects. Mr. Rosenthal does not have specific knowledge of the quoted but uncited source in this paragraph, thus denying it as untrue, leaving plaintiffs to their proofs.

317. Mr. Rosenthal acknowledges as true that ingested lead can cause serious health effects. Mr. Rosenthal does not have specific knowledge of the quoted but uncited source in this paragraph, thus denying it as untrue, leaving plaintiffs to their proofs.

318. Mr. Rosenthal denies as untrue that he owed any duty, breached any duty, or caused any harm or damage to plaintiffs. Mr. Rosenthal acknowledges as true that ingested lead can cause serious health effects. Mr. Rosenthal does not have specific knowledge of the quoted but uncited source in this paragraph, thus denying it as untrue, leaving plaintiffs to their proofs.

319. Mr. Rosenthal acknowledges as true that ingested lead can cause serious health effects. Mr. Rosenthal does not have specific knowledge of the quoted but uncited source in this paragraph, thus denying it as untrue, leaving plaintiffs to their proofs.

320. Mr. Rosenthal acknowledges as true that ingested lead can cause serious health effects. Mr. Rosenthal does not have specific knowledge of the quoted but uncited source in this paragraph, thus denying it as untrue, leaving plaintiffs to their proofs.

321. Mr. Rosenthal acknowledges as true that ingested lead can cause serious

health effects. Mr. Rosenthal does not have specific knowledge of the data cited without reference in this paragraph, thus denying it as untrue, leaving plaintiffs to their proofs.

322. Denied as untrue as to this defendant Mr. Rosenthal. Mr. Rosenthal does not have enough knowledge or information to form a belief as to the truth of the remaining allegations in this paragraph because they refer to others. Mr. Rosenthal affirmatively avers that he properly, lawfully, and responsibly opposed the water-source switch that plaintiffs allege as the factual basis for their claims, acting within his limited role, and otherwise satisfied all duties.

323. Mr. Rosenthal acknowledges as true that ingested lead can cause serious health effects. Mr. Rosenthal does not have specific knowledge of the quoted but uncited source in this paragraph, thus denying it as untrue, leaving plaintiffs to their proofs.

324. Mr. Rosenthal acknowledges as true that ingested lead can cause serious health effects. Mr. Rosenthal does not have specific knowledge of the quoted but uncited source in this paragraph, thus denying it as untrue, leaving plaintiffs to their proofs.

325. Mr. Rosenthal denies as untrue that he owed any duty, breached any duty, or caused any harm or damage to plaintiffs. Mr. Rosenthal has no knowledge as to what health needs plaintiffs currently have, thus denying the allegation while leaving plaintiffs to their proofs.

326. Mr. Rosenthal affirmatively avers that he properly, lawfully, and responsibly opposed the water-source switch that plaintiffs allege as the factual basis for their claims, acting within his limited role, and otherwise satisfied all duties. Mr. Rosenthal was not the cause of any harm or damage to plaintiffs. Mr. Rosenthal does not have enough knowledge or information to form a belief as to the truth of the remaining allegations in this paragraph to the extent that they refer to others.

327. Mr. Rosenthal does not have enough knowledge or information to form a belief as to the truth of the allegations in this paragraph, thus denying the allegations while leaving plaintiffs to their proofs. Mr. Rosenthal affirmatively avers that he properly, lawfully, and responsibly opposed the water-source switch that plaintiffs allege as the factual basis for their claims, acting within his limited role, and otherwise satisfied all duties. Mr. Rosenthal was not the cause of any harm or damage to plaintiffs.

328. Mr. Rosenthal denies as untrue that he owed any duty, breached any duty, or caused any harm or damage to plaintiffs. Mr. Rosenthal does not have enough knowledge or information to form a belief as to the truth of the remaining allegations in this paragraph to the extent that they refer to others.

## J. DEFENDANTS' MISCONDUCT HAS ALSO CAUSED THE PLAINTIFFS TO SUFFER EXTENSIVE PROPERTY DAMAGE AND MONETARY LOSSES

329. Mr. Rosenthal denies as untrue that he owed any duty, breached any duty, or caused any harm or damage to plaintiffs. Mr. Rosenthal does not have enough

knowledge or information to form a belief as to the truth of the remaining allegations in this paragraph to the extent that they refer to others.

330. Mr. Rosenthal denies as untrue that he owed any duty, breached any duty, or caused any harm or damage to plaintiffs. Mr. Rosenthal does not have enough knowledge or information to form a belief as to the truth of the remaining allegations in this paragraph to the extent that they refer to others.

331. Mr. Rosenthal denies as untrue that he owed any duty, breached any duty, or caused any harm or damage to plaintiffs. Mr. Rosenthal does not have enough knowledge or information to form a belief as to the truth of the remaining allegations in this paragraph to the extent that they refer to others.

332. Mr. Rosenthal denies as untrue that he owed any duty, breached any duty, or caused any harm or damage to plaintiffs. Mr. Rosenthal does not have enough knowledge or information to form a belief as to the truth of the remaining allegations in this paragraph to the extent that they refer to others.

333. Mr. Rosenthal acknowledges effects of corrosive water but has no specific knowledge of the quoted study and so leaves plaintiffs to their proofs. Mr. Rosenthal denies as untrue that he owed any duty, breached any duty, or caused any harm or damage to plaintiffs. Mr. Rosenthal does not have enough knowledge or information to form a belief as to the truth of the remaining allegations in this paragraph to the extent that they refer to others.

334. Mr. Rosenthal acknowledges effects of corrosive water but has no specific

knowledge of the quoted study and so leaves plaintiffs to their proofs. Mr. Rosenthal denies as untrue that he owed any duty, breached any duty, or caused any harm or damage to plaintiffs. Mr. Rosenthal does not have enough knowledge or information to form a belief as to the truth of the remaining allegations in this paragraph to the extent that they refer to others.

335. Mr. Rosenthal acknowledges effects of corrosive water but has no specific knowledge of the quoted study and so leaves plaintiffs to their proofs. Mr. Rosenthal denies as untrue that he owed any duty, breached any duty, or caused any harm or damage to plaintiffs. Mr. Rosenthal does not have enough knowledge or information to form a belief as to the truth of the remaining allegations in this paragraph to the extent that they refer to others.

336. Mr. Rosenthal acknowledges effects of corrosive water but has no specific knowledge of the quoted study and so leaves plaintiffs to their proofs. Mr. Rosenthal denies as untrue that he owed any duty, breached any duty, or caused any harm or damage to plaintiffs. Mr. Rosenthal does not have enough knowledge or information to form a belief as to the truth of the remaining allegations in this paragraph to the extent that they refer to others.

337. Mr. Rosenthal denies as untrue that he owed any duty, breached any duty, or caused any harm or damage to plaintiffs. Mr. Rosenthal does not have enough knowledge or information to form a belief as to the truth of the remaining allegations in this paragraph to the extent that they refer to others.

338. Mr. Rosenthal denies as untrue that he owed any duty, breached any duty, or caused any harm or damage to plaintiffs. Mr. Rosenthal does not have enough knowledge or information to form a belief as to the truth of the remaining allegations in this paragraph to the extent that they refer to others.

339. Mr. Rosenthal acknowledges potential negative effects of corroded pipes in general but has no specific knowledge of the effects if any on plaintiffs' property and so denies the allegation, leaving plaintiffs to their proofs. Mr. Rosenthal denies as untrue that he owed any duty, breached any duty, or caused any harm or damage to plaintiffs.

340. Mr. Rosenthal acknowledges as true that City-owned pipe replacement alone is not enough to assure safe water but has no specific knowledge of the effects if any on plaintiffs' property and so denies the allegation, leaving plaintiffs to their proofs. Mr. Rosenthal denies as untrue that he owed any duty, breached any duty, or caused any harm or damage to plaintiffs.

341. Mr. Rosenthal denies as untrue that he owed any duty, breached any duty, or caused any harm or damage to plaintiffs.

342. Mr. Rosenthal has no specific knowledge of the alleged study and so denies the allegation, leaving plaintiffs to their proofs. Mr. Rosenthal denies as untrue that he owed any duty, breached any duty, or caused any harm or damage to plaintiffs.

343. Mr. Rosenthal has no specific knowledge of the alleged effect on property values and so denies the allegation, leaving plaintiffs to their proofs. Mr. Rosenthal

denies as untrue that he owed any duty, breached any duty, or caused any harm or damage to plaintiffs.

344. Mr. Rosenthal has no specific knowledge of the alleged effect on loans and so denies the allegation, leaving plaintiffs to their proofs. Mr. Rosenthal denies as untrue that he owed any duty, breached any duty, or caused any harm or damage to plaintiffs.

345. Mr. Rosenthal has no specific knowledge of the alleged effects including available financing and so denies the allegation, leaving plaintiffs to their proofs. Mr. Rosenthal denies as untrue that he owed any duty, breached any duty, or caused any harm or damage to plaintiffs.

346. Mr. Rosenthal has no specific knowledge of the alleged water bills and so denies the allegation, leaving plaintiffs to their proofs. Mr. Rosenthal denies as untrue that he owed any duty, breached any duty, or caused any harm or damage to plaintiffs.

347. Mr. Rosenthal has no specific knowledge of the alleged effects on rentals and landlords, and so denies the allegation, leaving plaintiffs to their proofs. Mr. Rosenthal denies as untrue that he owed any duty, breached any duty, or caused any harm or damage to plaintiffs.

348. Mr. Rosenthal has no specific knowledge of the alleged effects on property values and so denies the allegation, leaving plaintiffs to their proofs. Mr. Rosenthal denies as untrue that he owed any duty, breached any duty, or caused any harm or damage to plaintiffs.

349. Mr. Rosenthal has no specific knowledge of the alleged effects including available financing and so denies the allegation, leaving plaintiffs to their proofs. Mr. Rosenthal denies as untrue that he owed any duty, breached any duty, or caused any harm or damage to plaintiffs.

350. Mr. Rosenthal has no specific knowledge of the alleged effects on rentals and landlords, and so denies the allegation, leaving plaintiffs to their proofs. Mr. Rosenthal denies as untrue that he owed any duty, breached any duty, or caused any harm or damage to plaintiffs.

351. Mr. Rosenthal has no specific knowledge of the alleged effects including on mortgage payments and so denies the allegation, leaving plaintiffs to their proofs. Mr. Rosenthal denies as untrue that he owed any duty, breached any duty, or caused any harm or damage to plaintiffs. Mr. Rosenthal further denies that plaintiffs represent a class.

352. Mr. Rosenthal has no specific knowledge of the alleged effects on sinks and water purchases, and so denies the allegation, leaving plaintiffs to their proofs. Mr. Rosenthal denies as untrue that he owed any duty, breached any duty, or caused any harm or damage to plaintiffs.

353. Mr. Rosenthal has no specific knowledge of the alleged legislation or its implementation, and so denies the allegation, leaving plaintiffs to their proofs. Mr. Rosenthal denies as untrue that he owed any duty, breached any duty, or caused any harm or damage to plaintiffs.

354. Mr. Rosenthal has no specific knowledge of the number of housing units in Flint or their rental and so denies the allegation, leaving plaintiffs to their proofs.

## K. DEFENDANTS' MISCONDUCT HAS RESULTED IN CRIMINAL CHARGES AND OTHER GOVERNMENT INVESTIGATIONS

355. Admitted as to multiple investigations.

356. Mr. Rosenthal admits having been charged with those alleged crimes but denies as untrue that he suffered conviction on any of them, and so further objects to the relevance and undue prejudice of the allegation. Mr. Rosenthal has no specific knowledge of the other alleged crimes and charged defendants, and so leaves plaintiffs to their proofs.

## L. EFFORTS TO REMEDIATE THE HARMS ALLEGED HEREIN ARE INADEQUATE

357. Admitted in general, although Mr. Rosenthal has no specific information on the details of the alleged settlement, thus leaving plaintiffs to their proofs.

358. Mr. Rosenthal does not have enough knowledge or information to form a belief as to the truth of the allegations in this paragraph, thus denying the allegation while leaving plaintiffs to their proofs. Mr. Rosenthal denies as untrue that he owed any duty, breached any duty, or caused any harm or damage to plaintiffs.

359. Mr. Rosenthal does not have enough knowledge or information to form a belief as to the truth of the allegations in this paragraph, thus denying the allegation while leaving plaintiffs to their proofs. Mr. Rosenthal denies as untrue that he owed any duty, breached any duty, or caused any harm or damage to plaintiffs.

360. Mr. Rosenthal does not have enough knowledge or information to form a belief as to the truth of the allegations in this paragraph, thus denying the allegation while leaving plaintiffs to their proofs. Mr. Rosenthal denies as untrue that he owed any duty, breached any duty, or caused any harm or damage to plaintiffs.

## M. GOVERNOR SNYDER AND MDEQ TREATED FLINT'S PREDOMINANTLY AFRICAN-AMERICAN CITIZENS DIFFERENTLY THAN OTHER COMMUNITIES IN FLINT.

361. Denied as untrue as to Mr. Rosenthal. Mr. Rosenthal has no specific knowledge or information regarding the other defendants and so leaves plaintiffs to their proofs as to allegations against those defendants. Mr. Rosenthal further relies on the Court's prior order dismissing these allegations.

362. Mr. Rosenthal does not contest MDEQ's state obligations but denies as untrue that those duties are as plaintiffs have alleged in this case. Mr. Rosenthal denies as untrue that he owed any duty, breached any duty, or caused any harm or damage to plaintiffs.

363. Denied as untrue as to Mr. Rosenthal. Mr. Rosenthal has no specific knowledge or information regarding the other defendants and so leaves plaintiffs to their proofs as to allegations against those defendants. Mr. Rosenthal further relies on the Court's prior order dismissing these allegations.

364. Mr. Rosenthal has no specific knowledge or information regarding the other defendants and so leaves plaintiffs to their proofs as to allegations against those defendants.

365. Mr. Rosenthal has no specific knowledge or information regarding the other defendants and so leaves plaintiffs to their proofs as to allegations against those defendants. Mr. Rosenthal further relies on the Court's prior order dismissing these allegations.

366. Mr. Rosenthal has no knowledge or information regarding these historic allegations, thus denying the allegations while leaving plaintiffs to their proofs. Mr. Rosenthal further relies on the Court's prior order dismissing these allegations.

367. Mr. Rosenthal has no knowledge or information regarding these demographic allegations, thus denying the allegations while leaving plaintiffs to their proofs. Mr. Rosenthal further relies on the Court's prior order dismissing these allegations.

368. Mr. Rosenthal has no knowledge or information regarding these allegations, thus denying the allegations while leaving plaintiffs to their proofs. Mr. Rosenthal further relies on the Court's prior order dismissing these allegations.

## 1. MDEQ OFFICIALS DEVIATED FROM THE LAW AND THEIR OWN INTERNAL POLICIES IN ISSUING A FRAUDULENT ADMINISTRATIVE ORDER

369. Mr. Rosenthal does not have enough knowledge or information to form a belief as to the truth of the allegations in this paragraph, thus denying the allegations while leaving plaintiffs to their proofs. Mr. Rosenthal affirmatively avers that he properly, lawfully, and responsibly opposed the water-source switch that plaintiffs allege as the factual basis for their claims, acting within his limited role, and otherwise

satisfied all duties. Mr. Rosenthal was not the cause of any harm or damage to plaintiffs.

370. Mr. Rosenthal does not have enough knowledge or information to form a belief as to the truth of the allegations in this paragraph, thus denying the allegations while leaving plaintiffs to their proofs. Mr. Rosenthal affirmatively avers that he properly, lawfully, and responsibly opposed the water-source switch that plaintiffs allege as the factual basis for their claims, acting within his limited role, and otherwise satisfied all duties. Mr. Rosenthal was not the cause of any harm or damage to plaintiffs.

371. Mr. Rosenthal does not have enough knowledge or information to form a belief as to the truth of the allegations in this paragraph, thus denying the allegations while leaving plaintiffs to their proofs. Mr. Rosenthal affirmatively avers that he properly, lawfully, and responsibly opposed the water-source switch that plaintiffs allege as the factual basis for their claims, acting within his limited role, and otherwise satisfied all duties. Mr. Rosenthal was not the cause of any harm or damage to plaintiffs.

372. Mr. Rosenthal does not have enough knowledge or information to form a belief as to the truth of the allegations in this paragraph, thus denying the allegations while leaving plaintiffs to their proofs. Mr. Rosenthal affirmatively avers that he properly, lawfully, and responsibly opposed the water-source switch that plaintiffs allege as the factual basis for their claims, acting within his limited role, and otherwise

satisfied all duties. Mr. Rosenthal was not the cause of any harm or damage to plaintiffs.

373. Mr. Rosenthal does not have enough knowledge or information to form a belief as to the truth of the allegations in this paragraph, thus denying the allegations while leaving plaintiffs to their proofs. Mr. Rosenthal affirmatively avers that he properly, lawfully, and responsibly opposed the water-source switch that plaintiffs allege as the factual basis for their claims, acting within his limited role, and otherwise satisfied all duties. Mr. Rosenthal was not the cause of any harm or damage to plaintiffs.

374. Mr. Rosenthal does not have enough knowledge or information to form a belief as to the truth of the allegations in this paragraph, thus denying the allegations while leaving plaintiffs to their proofs. Mr. Rosenthal affirmatively avers that he properly, lawfully, and responsibly opposed the water-source switch that plaintiffs allege as the factual basis for their claims, acting within his limited role, and otherwise satisfied all duties. Mr. Rosenthal was not the cause of any harm or damage to plaintiffs.

375. Mr. Rosenthal does not have enough knowledge or information to form a belief as to the truth of the allegations in this paragraph, thus denying the allegations while leaving plaintiffs to their proofs. Mr. Rosenthal affirmatively avers that he properly, lawfully, and responsibly opposed the water-source switch that plaintiffs allege as the factual basis for their claims, acting within his limited role, and otherwise

satisfied all duties. Mr. Rosenthal was not the cause of any harm or damage to plaintiffs.

376. Mr. Rosenthal does not have enough knowledge or information to form a belief as to the truth of the allegations in this paragraph, thus denying the allegations while leaving plaintiffs to their proofs.

377. Mr. Rosenthal does not have enough knowledge or information to form a belief as to the truth of the allegations in this paragraph, thus denying the allegations while leaving plaintiffs to their proofs.

378. Mr. Rosenthal does not have enough knowledge or information to form a belief as to the truth of the allegations in this paragraph, thus denying the allegations while leaving plaintiffs to their proofs.

379. Mr. Rosenthal does not have enough knowledge or information to form a belief as to the truth of the allegations in this paragraph, thus denying the allegations while leaving plaintiffs to their proofs.

380. Mr. Rosenthal does not have enough knowledge or information to form a belief as to the truth of the allegations in this paragraph, thus denying the allegations while leaving plaintiffs to their proofs. Mr. Rosenthal affirmatively avers that he properly, lawfully, and responsibly opposed the water-source switch that plaintiffs allege as the factual basis for their claims, acting within his limited role, and otherwise satisfied all duties. Mr. Rosenthal was not the cause of any harm or damage to plaintiffs.

381. Mr. Rosenthal does not have enough knowledge or information to form a belief as to the truth of the allegations in this paragraph, thus denying the allegations while leaving plaintiffs to their proofs. Mr. Rosenthal affirmatively avers that he properly, lawfully, and responsibly opposed the water-source switch that plaintiffs allege as the factual basis for their claims, acting within his limited role, and otherwise satisfied all duties. Mr. Rosenthal was not the cause of any harm or damage to plaintiffs.

382. Mr. Rosenthal does not have enough knowledge or information to form a belief as to the truth of the allegations in this paragraph, thus denying the allegations while leaving plaintiffs to their proofs. Mr. Rosenthal affirmatively avers that he properly, lawfully, and responsibly opposed the water-source switch that plaintiffs allege as the factual basis for their claims, acting within his limited role, and otherwise satisfied all duties. Mr. Rosenthal was not the cause of any harm or damage to plaintiffs.

383. Mr. Rosenthal does not have enough knowledge or information to form a belief as to the truth of the allegations in this paragraph, thus denying the allegations while leaving plaintiffs to their proofs. Mr. Rosenthal affirmatively avers that he properly, lawfully, and responsibly opposed the water-source switch that plaintiffs allege as the factual basis for their claims, acting within his limited role, and otherwise satisfied all duties. Mr. Rosenthal was not the cause of any harm or damage to plaintiffs.

384. Mr. Rosenthal does not have enough knowledge or information to form a belief as to the truth of the allegations in this paragraph, thus denying the allegations while leaving plaintiffs to their proofs. Mr. Rosenthal affirmatively avers that he properly, lawfully, and responsibly opposed the water-source switch that plaintiffs allege as the factual basis for their claims, acting within his limited role, and otherwise satisfied all duties. Mr. Rosenthal was not the cause of any harm or damage to plaintiffs.

## 2. MDEQ OFFICIAL DEVIATED FROM THE LAW AND MDEQ'S OWN INTERNAL PRACTICES AND PROCEDURES IN ISSUING THE APRIL 9, 2014 PERMIT FOR THE FLINT WATER TREATMENT PLANT

385. Mr. Rosenthal does not have enough knowledge or information to form a belief as to the truth of the allegations in this paragraph, thus denying the allegations while leaving plaintiffs to their proofs.

386. Mr. Rosenthal acknowledges the cited federal regulations and state laws.

387. Mr. Rosenthal does not have enough knowledge or information to form a belief as to the truth of the allegations in this paragraph, thus denying the allegations while leaving plaintiffs to their proofs.

388. Mr. Rosenthal does not have enough knowledge or information to form a belief as to the truth of the allegations in this paragraph, thus denying the allegations while leaving plaintiffs to their proofs. Mr. Rosenthal affirmatively avers that he properly, lawfully, and responsibly opposed the water-source switch that plaintiffs allege as the factual basis for their claims, acting within his limited role, and otherwise

satisfied all duties.

389. Mr. Rosenthal does not have enough knowledge or information to form a belief as to the truth of the allegations in this paragraph, thus denying the allegations while leaving plaintiffs to their proofs. Mr. Rosenthal affirmatively avers that he properly, lawfully, and responsibly opposed the water-source switch that plaintiffs allege as the factual basis for their claims, acting within his limited role, and otherwise satisfied all duties.

390. Mr. Rosenthal does not have enough knowledge or information to form a belief as to the truth of the allegations in this paragraph, thus denying the allegations while leaving plaintiffs to their proofs. Mr. Rosenthal affirmatively avers that he properly, lawfully, and responsibly opposed the water-source switch that plaintiffs allege as the factual basis for their claims, acting within his limited role, and otherwise satisfied all duties.

391. Mr. Rosenthal does not have enough knowledge or information to form a belief as to the truth of the allegations in this paragraph, thus denying the allegations while leaving plaintiffs to their proofs.

392. Mr. Rosenthal acknowledges the quoted handbook provisions.

393. Mr. Rosenthal does not have enough knowledge or information to form a belief as to the truth of the allegations in this paragraph, thus denying the allegations while leaving plaintiffs to their proofs. Mr. Rosenthal affirmatively avers that he properly, lawfully, and responsibly opposed the water-source switch that plaintiffs

allege as the factual basis for their claims, acting within his limited role, and otherwise satisfied all duties.

394. Mr. Rosenthal does not have enough knowledge or information to form a belief as to the truth of the allegations in this paragraph, thus denying the allegations while leaving plaintiffs to their proofs. Mr. Rosenthal affirmatively avers that he properly, lawfully, and responsibly opposed the water-source switch that plaintiffs allege as the factual basis for their claims, acting within his limited role, and otherwise satisfied all duties.

395. Mr. Rosenthal does not have enough knowledge or information to form a belief as to the truth of the allegations in this paragraph, thus denying the allegations while leaving plaintiffs to their proofs. Mr. Rosenthal affirmatively avers that he properly, lawfully, and responsibly opposed the water-source switch that plaintiffs allege as the factual basis for their claims, acting within his limited role, and otherwise satisfied all duties.

### 3. MDEQ OFFICIALS ABDICATED THEIR RESPONSIBILITY TO ENFORCE MICHIGAN'S SAFE DRINKING WATER ACT, THE LEAD AND COPPER RULES, AND MDEQ INTERNAL PROCEDURES

396. Mr. Rosenthal does not have enough knowledge or information to form a belief as to the truth of the allegations in this paragraph, thus denying the allegations while leaving plaintiffs to their proofs. Mr. Rosenthal affirmatively avers that he properly, lawfully, and responsibly opposed the water-source switch that plaintiffs allege as the factual basis for their claims, acting within his limited role, and otherwise

satisfied all duties.

397. Mr. Rosenthal does not have enough knowledge or information to form a belief as to the truth of the allegations in this paragraph, thus denying the allegations while leaving plaintiffs to their proofs. Mr. Rosenthal affirmatively avers that he properly, lawfully, and responsibly opposed the water-source switch that plaintiffs allege as the factual basis for their claims, acting within his limited role, and otherwise satisfied all duties.

398. Mr. Rosenthal does not have enough knowledge or information to form a belief as to the truth of the allegations in this paragraph, thus denying the allegations while leaving plaintiffs to their proofs. Mr. Rosenthal affirmatively avers that he properly, lawfully, and responsibly opposed the water-source switch that plaintiffs allege as the factual basis for their claims, acting within his limited role, and otherwise satisfied all duties.

399. Mr. Rosenthal does not have enough knowledge or information to form a belief as to the truth of the allegations in this paragraph, thus denying the allegations while leaving plaintiffs to their proofs. Mr. Rosenthal affirmatively avers that he properly, lawfully, and responsibly opposed the water-source switch that plaintiffs allege as the factual basis for their claims, acting within his limited role, and otherwise satisfied all duties.

400. Mr. Rosenthal acknowledges the email alleged in this paragraph. He further affirmatively avers that he properly, lawfully, and responsibly opposed the

water-source switch that plaintiffs allege as the factual basis for their claims, acting within his limited role, and otherwise satisfied all duties.

401. Mr. Rosenthal does not have enough knowledge or information to form a belief as to the truth of the allegations in this paragraph, thus denying the allegations while leaving plaintiffs to their proofs. Mr. Rosenthal affirmatively avers that he properly, lawfully, and responsibly opposed the water-source switch that plaintiffs allege as the factual basis for their claims, acting within his limited role, and otherwise satisfied all duties.

402. Mr. Rosenthal does not have enough knowledge or information to form a belief as to the truth of the allegations in this paragraph, thus denying the allegations while leaving plaintiffs to their proofs. Mr. Rosenthal affirmatively avers that he properly, lawfully, and responsibly opposed the water-source switch that plaintiffs allege as the factual basis for their claims, acting within his limited role, and otherwise satisfied all duties.

403. Mr. Rosenthal does not have enough knowledge or information to form a belief as to the truth of the allegations in this paragraph, thus denying the allegations while leaving plaintiffs to their proofs. Mr. Rosenthal affirmatively avers that he properly, lawfully, and responsibly opposed the water-source switch that plaintiffs allege as the factual basis for their claims, acting within his limited role, and otherwise satisfied all duties. Mr. Rosenthal further relies on the Court's prior order dismissing these claims.

## 4. THE EPA CIVIL RIGHTS OFFICE FOUND MDEQ'S NONDISCRIMINATION PROCEDURES INSUFFICIENT UNDER FEDERAL LAW AND MDEQ'S PRIOR NOTICE AND COMMENT PROCEDURES DISCRIMINATORY TOWARD AFRICAN AMERICANS

404. Mr. Rosenthal does not have enough knowledge or information to form a belief as to the truth of the allegations in this paragraph, thus denying the allegations while leaving plaintiffs to their proofs. Mr. Rosenthal affirmatively avers that he properly, lawfully, and responsibly opposed the water-source switch that plaintiffs allege as the factual basis for their claims, acting within his limited role, and otherwise satisfied all duties. Mr. Rosenthal further relies on the Court's prior order dismissing these claims.

405. Mr. Rosenthal does not have enough knowledge or information to form a belief as to the truth of the allegations in this paragraph, thus denying the allegations while leaving plaintiffs to their proofs. Mr. Rosenthal affirmatively avers that he properly, lawfully, and responsibly opposed the water-source switch that plaintiffs allege as the factual basis for their claims, acting within his limited role, and otherwise satisfied all duties. Mr. Rosenthal further relies on the Court's prior order dismissing these claims.

406. Mr. Rosenthal does not have enough knowledge or information to form a belief as to the truth of the allegations in this paragraph, thus denying the allegations while leaving plaintiffs to their proofs.

407. Mr. Rosenthal does not have enough knowledge or information to form a

belief as to the truth of the allegations in this paragraph, thus denying the allegations while leaving plaintiffs to their proofs. Mr. Rosenthal affirmatively avers that he properly, lawfully, and responsibly opposed the water-source switch that plaintiffs allege as the factual basis for their claims, acting within his limited role, and otherwise satisfied all duties. Mr. Rosenthal further relies on the Court's prior order dismissing these claims.

408. Mr. Rosenthal does not have enough knowledge or information to form a belief as to the truth of the allegations in this paragraph, thus denying the allegations while leaving plaintiffs to their proofs. Mr. Rosenthal affirmatively avers that he properly, lawfully, and responsibly opposed the water-source switch that plaintiffs allege as the factual basis for their claims, acting within his limited role, and otherwise satisfied all duties. Mr. Rosenthal further relies on the Court's prior order dismissing these claims.

409. Mr. Rosenthal does not have enough knowledge or information to form a belief as to the truth of the allegations in this paragraph, thus denying the allegations while leaving plaintiffs to their proofs. Mr. Rosenthal affirmatively avers that he properly, lawfully, and responsibly opposed the water-source switch that plaintiffs allege as the factual basis for their claims, acting within his limited role, and otherwise satisfied all duties. Mr. Rosenthal further relies on the Court's prior order dismissing these claims.

410. Mr. Rosenthal does not have enough knowledge or information to form a

belief as to the truth of the allegations in this paragraph, thus denying the allegations while leaving plaintiffs to their proofs. Mr. Rosenthal affirmatively avers that he properly, lawfully, and responsibly opposed the water-source switch that plaintiffs allege as the factual basis for their claims, acting within his limited role, and otherwise satisfied all duties. Mr. Rosenthal further relies on the Court's prior order dismissing these claims.

411. Mr. Rosenthal does not have enough knowledge or information to form a belief as to the truth of the allegations in this paragraph, thus denying the allegations while leaving plaintiffs to their proofs. Mr. Rosenthal affirmatively avers that he properly, lawfully, and responsibly opposed the water-source switch that plaintiffs allege as the factual basis for their claims, acting within his limited role, and otherwise satisfied all duties. Mr. Rosenthal further relies on the Court's prior order dismissing these claims.

412. Mr. Rosenthal does not have enough knowledge or information to form a belief as to the truth of the allegations in this paragraph, thus denying the allegations while leaving plaintiffs to their proofs. Mr. Rosenthal affirmatively avers that he properly, lawfully, and responsibly opposed the water-source switch that plaintiffs allege as the factual basis for their claims, acting within his limited role, and otherwise satisfied all duties. Mr. Rosenthal further relies on the Court's prior order dismissing these claims.

413. Mr. Rosenthal does not have enough knowledge or information to form a

belief as to the truth of the allegations in this paragraph, thus denying the allegations while leaving plaintiffs to their proofs. Mr. Rosenthal affirmatively avers that he properly, lawfully, and responsibly opposed the water-source switch that plaintiffs allege as the factual basis for their claims, acting within his limited role, and otherwise satisfied all duties. Mr. Rosenthal further relies on the Court's prior order dismissing these claims.

## 5. THE GOVERNOR'S UNREASONABLE DELAY IN DECLARING A STATE OF EMERGENCY IN FLINT DEVIATED SUBSTANTIALLY FROM HIS RESPONSE TO EMERGENCIES IN WHITE AND AFFLUENT COMMUNITIES

414. Mr. Rosenthal does not have enough knowledge or information to form a belief as to the truth of the allegations in this paragraph, thus denying the allegations while leaving plaintiffs to their proofs. Mr. Rosenthal further relies on the Court's prior order dismissing these claims.

415. Mr. Rosenthal does not have enough knowledge or information to form a belief as to the truth of the allegations in this paragraph, thus denying the allegations while leaving plaintiffs to their proofs. Mr. Rosenthal further relies on the Court's prior order dismissing these claims.

416. Mr. Rosenthal does not have enough knowledge or information to form a belief as to the truth of the allegations in this paragraph, thus denying the allegations while leaving plaintiffs to their proofs. Mr. Rosenthal further relies on the Court's prior order dismissing these claims.

417. Mr. Rosenthal does not have enough knowledge or information to form a

belief as to the truth of the allegations in this paragraph, thus denying the allegations while leaving plaintiffs to their proofs. Mr. Rosenthal further relies on the Court's prior order dismissing these claims.

418. Mr. Rosenthal does not have enough knowledge or information to form a belief as to the truth of the allegations in this paragraph, thus denying the allegations while leaving plaintiffs to their proofs. Mr. Rosenthal further relies on the Court's prior order dismissing these claims.

419. Mr. Rosenthal does not have enough knowledge or information to form a belief as to the truth of the allegations in this paragraph, thus denying the allegations while leaving plaintiffs to their proofs. Mr. Rosenthal further relies on the Court's prior order dismissing these claims.

420. Mr. Rosenthal does not have enough knowledge or information to form a belief as to the truth of the allegations in this paragraph, thus denying the allegations while leaving plaintiffs to their proofs. Mr. Rosenthal further relies on the Court's prior order dismissing these claims.

421. Mr. Rosenthal does not have enough knowledge or information to form a belief as to the truth of the allegations in this paragraph, thus denying the allegations while leaving plaintiffs to their proofs. Mr. Rosenthal further relies on the Court's prior order dismissing these claims.

## 6. INTERNAL CORRESPONDENCE FROM MDEQ, THE CITY OF FLINT, AND SENIOR OFFICIALS IN THE GOVERNOR'S OFFICE EVIDENCE A CALLOUSNESS TOWARD FLINT'S CITIZENS

422. Mr. Rosenthal does not have enough knowledge or information to form a belief as to the truth of the allegations in this paragraph, thus denying the allegations while leaving plaintiffs to their proofs. Mr. Rosenthal further relies on the Court's prior order dismissing these claims.

423. Mr. Rosenthal does not have enough knowledge or information to form a belief as to the truth of the allegations in this paragraph, thus denying the allegations while leaving plaintiffs to their proofs. Mr. Rosenthal further relies on the Court's prior order dismissing these claims.

424. Mr. Rosenthal does not have enough knowledge or information to form a belief as to the truth of the allegations in this paragraph, thus denying the allegations while leaving plaintiffs to their proofs. Mr. Rosenthal further relies on the Court's prior order dismissing these claims.

425. Mr. Rosenthal does not have enough knowledge or information to form a belief as to the truth of the allegations in this paragraph, thus denying the allegations while leaving plaintiffs to their proofs. Mr. Rosenthal further relies on the Court's prior order dismissing these claims.

426. Mr. Rosenthal does not have enough knowledge or information to form a belief as to the truth of the allegations in this paragraph, thus denying the allegations while leaving plaintiffs to their proofs. Mr. Rosenthal further relies on the Court's prior order dismissing these claims.

427. Mr. Rosenthal does not have enough knowledge or information to form a belief as to the truth of the allegations in this paragraph, thus denying the allegations while leaving plaintiffs to their proofs. Mr. Rosenthal further relies on the Court's prior order dismissing these claims.

428. Mr. Rosenthal does not have enough knowledge or information to form a belief as to the truth of the allegations in this paragraph, thus denying the allegations while leaving plaintiffs to their proofs.

429. Mr. Rosenthal does not have enough knowledge or information to form a belief as to the truth of the allegations in this paragraph, thus denying the allegations while leaving plaintiffs to their proofs.

430. Mr. Rosenthal acknowledges the email alleged in this paragraph but affirmatively avers that he properly, lawfully, and responsibly opposed the water-source switch that plaintiffs allege as the factual basis for their claims, acting within his limited role, and otherwise satisfied all duties.

431. Mr. Rosenthal does not have enough knowledge or information to form a belief as to the truth of the allegations in this paragraph, thus denying the allegations while leaving plaintiffs to their proofs. Mr. Rosenthal further affirmatively avers that he properly, lawfully, and responsibly opposed the water-source switch that plaintiffs allege as the factual basis for their claims, acting within his limited role, and otherwise satisfied all duties.

432. Mr. Rosenthal does not have enough knowledge or information to form a

belief as to the truth of the allegations in this paragraph, thus denying the allegations while leaving plaintiffs to their proofs. Mr. Rosenthal further affirmatively avers that he properly, lawfully, and responsibly opposed the water-source switch that plaintiffs allege as the factual basis for their claims, acting within his limited role, and otherwise satisfied all duties.

433. Mr. Rosenthal does not have enough knowledge or information to form a belief as to the truth of the allegations in this paragraph, thus denying the allegations while leaving plaintiffs to their proofs. Mr. Rosenthal further affirmatively avers that he properly, lawfully, and responsibly opposed the water-source switch that plaintiffs allege as the factual basis for their claims, acting within his limited role, and otherwise satisfied all duties.

434. Mr. Rosenthal does not have enough knowledge or information to form a belief as to the truth of the allegations in this paragraph, thus denying the allegations while leaving plaintiffs to their proofs. Mr. Rosenthal further affirmatively avers that he properly, lawfully, and responsibly opposed the water-source switch that plaintiffs allege as the factual basis for their claims, acting within his limited role, and otherwise satisfied all duties. Mr. Rosenthal further relies on the Court's prior order dismissing these claims.

435. Mr. Rosenthal does not have enough knowledge or information to form a belief as to the truth of the allegations in this paragraph, thus denying the allegations while leaving plaintiffs to their proofs. Mr. Rosenthal further affirmatively avers that

he properly, lawfully, and responsibly opposed the water-source switch that plaintiffs allege as the factual basis for their claims, acting within his limited role, and otherwise satisfied all duties. Mr. Rosenthal further relies on the Court's prior order dismissing these claims.

436. Mr. Rosenthal does not have enough knowledge or information to form a belief as to the truth of the allegations in this paragraph, thus denying the allegations while leaving plaintiffs to their proofs. Mr. Rosenthal further affirmatively avers that he properly, lawfully, and responsibly opposed the water-source switch that plaintiffs allege as the factual basis for their claims, acting within his limited role, and otherwise satisfied all duties.

## 7. MDEQ OFFICIALS REWARDED FOR FAILING TO PROTECT CITIZENS OF FLINT FROM DANGEROUS DRINKING WATER

437. Mr. Rosenthal does not have enough knowledge or information to form a belief as to the truth of the allegations in this paragraph, thus denying the allegations while leaving plaintiffs to their proofs. Mr. Rosenthal further affirmatively avers that he properly, lawfully, and responsibly opposed the water-source switch that plaintiffs allege as the factual basis for their claims, acting within his limited role, and otherwise satisfied all duties.

438. Mr. Rosenthal does not have enough knowledge or information to form a belief as to the truth of the allegations in this paragraph, thus denying the allegations while leaving plaintiffs to their proofs. Mr. Rosenthal further affirmatively avers that

he properly, lawfully, and responsibly opposed the water-source switch that plaintiffs allege as the factual basis for their claims, acting within his limited role, and otherwise satisfied all duties.

439. Mr. Rosenthal does not have enough knowledge or information to form a belief as to the truth of the allegations in this paragraph, thus denying the allegations while leaving plaintiffs to their proofs. Mr. Rosenthal further affirmatively avers that he properly, lawfully, vigorously and responsibly opposed the water-source switch that plaintiffs allege as the factual basis for their claims, acting within his limited role, and otherwise satisfied all duties. Mr. Rosenthal further relies on the Court's prior order dismissing these claims.

## 8. MDEQ'S AND GOVERNOR SNYDER'S DEVIATION FROM PRIOR PRACTICE AND EXISTING LAW DISPROPORTIONATELY INJURED AFRICAN AMERICANS

440. Mr. Rosenthal does not have enough knowledge or information to form a belief as to the truth of the allegations in this paragraph, thus denying the allegations while leaving plaintiffs to their proofs. Mr. Rosenthal further affirmatively avers that he properly, lawfully, and responsibly opposed the water-source switch that plaintiffs allege as the factual basis for their claims, acting within his limited role, and otherwise satisfied all duties. Mr. Rosenthal further relies on the Court's prior order dismissing these claims.

441. Mr. Rosenthal does not have enough knowledge or information to form a belief as to the truth of the allegations in this paragraph, thus denying the allegations

while leaving plaintiffs to their proofs. Mr. Rosenthal further affirmatively avers that he properly, lawfully, and responsibly opposed the water-source switch that plaintiffs allege as the factual basis for their claims, acting within his limited role, and otherwise satisfied all duties. Mr. Rosenthal further relies on the Court's prior order dismissing these claims.

442. Mr. Rosenthal does not have enough knowledge or information to form a belief as to the truth of the allegations in this paragraph, thus denying the allegations while leaving plaintiffs to their proofs. Mr. Rosenthal further affirmatively avers that he properly, lawfully, and responsibly opposed the water-source switch that plaintiffs allege as the factual basis for their claims, acting within his limited role, and otherwise satisfied all duties. Mr. Rosenthal further relies on the Court's prior order dismissing these claims.

443. Mr. Rosenthal does not have enough knowledge or information to form a belief as to the truth of the allegations in this paragraph, thus denying the allegations while leaving plaintiffs to their proofs. Mr. Rosenthal further affirmatively avers that he properly, lawfully, and responsibly opposed the water-source switch that plaintiffs allege as the factual basis for their claims, acting within his limited role, and otherwise satisfied all duties. Mr. Rosenthal further relies on the Court's prior order dismissing these claims.

444. Mr. Rosenthal does not have enough knowledge or information to form a belief as to the truth of the allegations in this paragraph, thus denying the allegations

while leaving plaintiffs to their proofs. Mr. Rosenthal further affirmatively avers that he properly, lawfully, and responsibly opposed the water-source switch that plaintiffs allege as the factual basis for their claims, acting within his limited role, and otherwise satisfied all duties. Mr. Rosenthal further relies on the Court's prior order dismissing these claims.

445. Mr. Rosenthal does not have enough knowledge or information to form a belief as to the truth of the allegations in this paragraph, thus denying the allegations while leaving plaintiffs to their proofs. Mr. Rosenthal further affirmatively avers that he properly, lawfully, and responsibly opposed the water-source switch that plaintiffs allege as the factual basis for their claims, acting within his limited role, and otherwise satisfied all duties. Mr. Rosenthal further relies on the Court's prior order dismissing these claims.

446. Mr. Rosenthal does not have enough knowledge or information to form a belief as to the truth of the allegations in this paragraph, thus denying the allegations while leaving plaintiffs to their proofs. Mr. Rosenthal further affirmatively avers that he properly, lawfully, and responsibly opposed the water-source switch that plaintiffs allege as the factual basis for their claims, acting within his limited role, and otherwise satisfied all duties. Mr. Rosenthal further relies on the Court's prior order dismissing these claims.

447. Mr. Rosenthal does not have enough knowledge or information to form a belief as to the truth of the allegations in this paragraph, thus denying the allegations

while leaving plaintiffs to their proofs. Mr. Rosenthal further affirmatively avers that he properly, lawfully, and responsibly opposed the water-source switch that plaintiffs allege as the factual basis for their claims, acting within his limited role, and otherwise satisfied all duties. Mr. Rosenthal further relies on the Court's prior order dismissing these claims.

## CLASS ALLEGATIONS

448. Mr. Rosenthal opposes class certification insofar as the plaintiffs do not adequately represent the class, lack commonality, and otherwise do not satisfy Fed. R. Civ. P. 23. Mr. Rosenthal further relies on the Court's prior order dismissing these claims.

449. Mr. Rosenthal opposes class certification insofar as the plaintiffs do not adequately represent the class, lack commonality, and otherwise do not satisfy Fed. R. Civ. P. 23. Mr. Rosenthal further relies on the Court's prior order dismissing these claims.

450. Mr. Rosenthal opposes class certification insofar as the plaintiffs do not adequately represent the class, lack commonality, and otherwise do not satisfy Fed. R. Civ. P. 23. Mr. Rosenthal further relies on the Court's prior order dismissing these claims.

451. Mr. Rosenthal opposes class certification insofar as the plaintiffs do not adequately represent the class, lack commonality, and otherwise do not satisfy Fed. R. Civ. P. 23. Mr. Rosenthal further relies on the Court's prior order dismissing these

claims.

452. Mr. Rosenthal opposes class certification insofar as the plaintiffs do not adequately represent the class, lack commonality, and otherwise do not satisfy Fed. R. Civ. P. 23. Mr. Rosenthal further relies on the Court's prior order dismissing these claims.

453. Mr. Rosenthal opposes class certification insofar as the plaintiffs do not adequately represent the class, lack commonality, and otherwise do not satisfy Fed. R. Civ. P. 23. Mr. Rosenthal further relies on the Court's prior order dismissing these claims.

454. Mr. Rosenthal opposes class certification insofar as the plaintiffs do not adequately represent the class, lack commonality, and otherwise do not satisfy Fed. R. Civ. P. 23. Mr. Rosenthal further relies on the Court's prior order dismissing these claims.

455. Mr. Rosenthal opposes class certification insofar as the plaintiffs do not adequately represent the class, lack commonality, and otherwise do not satisfy Fed. R. Civ. P. 23. Mr. Rosenthal further relies on the Court's prior order dismissing these claims.

456. Mr. Rosenthal opposes class certification insofar as the plaintiffs do not adequately represent the class, lack commonality, and otherwise do not satisfy Fed. R. Civ. P. 23. Mr. Rosenthal further relies on the Court's prior order dismissing these claims.

457. Denied as untrue. Mr. Rosenthal opposes class certification insofar as the plaintiffs do not adequately represent the class, lack commonality, and otherwise do not satisfy Fed. R. Civ. P. 23. Mr. Rosenthal further relies on the Court's prior order dismissing these claims.

458. Denied as untrue. Mr. Rosenthal opposes class certification insofar as the plaintiffs do not adequately represent the class, lack commonality, and otherwise do not satisfy Fed. R. Civ. P. 23. Mr. Rosenthal further relies on the Court's prior order dismissing these claims. Mr. Rosenthal further affirmatively avers that he properly, lawfully, and responsibly opposed the water-source switch that plaintiffs allege as the factual basis for their claims, acting within his limited role, and otherwise satisfied all duties. Mr. Rosenthal further relies on the Court's prior order dismissing these claims.

459. Denied as untrue. Mr. Rosenthal opposes class certification insofar as the plaintiffs do not adequately represent the class, lack commonality, and otherwise do not satisfy Fed. R. Civ. P. 23.

460. Denied as untrue. Mr. Rosenthal opposes class certification insofar as the plaintiffs do not adequately represent the class, lack commonality, and otherwise do not satisfy Fed. R. Civ. P. 23.

461. Denied as untrue. Mr. Rosenthal opposes class certification insofar as the plaintiffs do not adequately represent the class, lack commonality, and otherwise do not satisfy Fed. R. Civ. P. 23.

462. Denied as untrue. Mr. Rosenthal opposes class certification insofar as the

plaintiffs do not adequately represent the class, lack commonality, and otherwise do not satisfy Fed. R. Civ. P. 23. Mr. Rosenthal further affirmatively avers that he properly, lawfully, and responsibly opposed the water-source switch that plaintiffs allege as the factual basis for their claims, acting within his limited role, and otherwise satisfied all duties. Mr. Rosenthal further relies on the Court's prior order dismissing these claims.

COUNT I—CAUSE OF ACTION
42 USC SECTION 1983
SUBSTANTIVE DUE PROCESS—BODILY INTEGRITY: BY INDIVIDUAL
PLAINTIFFS AGAINST GOVERNMENT DEFENDANTS

463. This reference incorporates the above answers into this count.

464. Admitted, although Mr. Rosenthal further affirmatively avers that he properly, lawfully, and responsibly opposed the water-source switch that plaintiffs allege as the factual basis for their claims, acting within his limited role, and otherwise satisfied all duties.

465. Denied as untrue. Mr. Rosenthal further affirmatively avers that he properly, lawfully, and responsibly opposed the water-source switch that plaintiffs allege as the factual basis for their claims, acting within his limited role, and otherwise satisfied all duties.

466. Denied as untrue. Mr. Rosenthal further affirmatively avers that he properly, lawfully, and responsibly opposed the water-source switch that plaintiffs allege as the factual basis for their claims, acting within his limited role, and otherwise

satisfied all duties.

467. Denied as untrue. Mr. Rosenthal further affirmatively avers that he properly, lawfully, and responsibly opposed the water-source switch that plaintiffs allege as the factual basis for their claims, acting within his limited role, and otherwise satisfied all duties.

468. Denied as untrue. Mr. Rosenthal further affirmatively avers that he properly, lawfully, and responsibly opposed the water-source switch that plaintiffs allege as the factual basis for their claims, acting within his limited role, and otherwise satisfied all duties.

469. Denied as untrue. Mr. Rosenthal further affirmatively avers that he properly, lawfully, and responsibly opposed the water-source switch that plaintiffs allege as the factual basis for their claims, acting within his limited role, and otherwise satisfied all duties.

470. Denied as untrue. Mr. Rosenthal further affirmatively avers that he properly, lawfully, and responsibly opposed the water-source switch that plaintiffs allege as the factual basis for their claims, acting within his limited role, and otherwise satisfied all duties.

COUNT II—CAUSE OF ACTION
42 USC SECTION 1983—5TH AND 14TH AMENDMENTS
EQUAL PROTECTION OF THE LAW: RACE-BASED: BY AFRICAN-AMERICAN PLAINTIFFS AGAINST SNYDER, DILLON, WRIGHT, AMBROSE, KURTZ, EARLEY, WYANT, SHEKTER-SMITH, PRYSBY, & BUSCH

471.-493. This count and these paragraphs do not pertain to Mr. Rosenthal, who

therefore leaves plaintiffs to their proofs while affirmatively averring as to any incidental allegation concerning Mr. Rosenthal that he properly, lawfully, and responsibly opposed the water-source switch that plaintiffs allege as the factual basis for their claims, acting within his limited role, and otherwise satisfied all duties, and did not cause plaintiffs any harm. Mr. Rosenthal further relies on the Court's prior order dismissing these claims.

COUNT III—CAUSE OF ACTION
42 USC SECTION 1983—5TH AND 14TH AMENDMENTS
EQUAL PROTECTION OF THE LAW: WEALTH-BASED: BY ALL PLAINTIFFS
AGAINST SNYDER, DILLON, WRIGHT, AMBROSE, KURTZ, EARLEY,
WYANT, SHEKTER-SMITH, PRYSBY, & BUSCH

494.-514. This count and these paragraphs do not pertain to Mr. Rosenthal, who therefore leaves plaintiffs to their proofs while affirmatively averring as to any incidental allegation concerning Mr. Rosenthal that he properly, lawfully, and responsibly opposed the water-source switch that plaintiffs allege as the factual basis for their claims, acting within his limited role, and otherwise satisfied all duties, and did not cause plaintiffs any harm. Mr. Rosenthal further relies on the Court's prior order dismissing these claims.

COUNT IV—CAUSE OF ACTION
42 USC SECTION 1985(3) INVIDIOUS RACIAL ANIMUS: BY AFRICAN-
AMERICAN PLAINTIFFS AGAINST SNYDER, DILLON, WRIGHT, AMBROSE,
KURTZ, & EARLEY

515.-531. This count and these paragraphs do not pertain to Mr. Rosenthal, who therefore leaves plaintiffs to their proofs while affirmatively averring as to any

incidental allegation concerning Mr. Rosenthal that he properly, lawfully, and responsibly opposed the water-source switch that plaintiffs allege as the factual basis for their claims, acting within his limited role, and otherwise satisfied all duties, and did not cause plaintiffs any harm. Mr. Rosenthal further relies on the Court's prior order dismissing these claims.

COUNT V—CAUSE OF ACTION
MCL 37.2302—VIOLATION OF PUBLIC-SERVICE PROVISIONS OF ELCRA-DISPARATE TREATMENT AND DISPARATE IMPACT AFRICAN-AMERICAN PLAINTIFFS AGAINST SNYDER, DILLON, WRIGHT, AMBROSE, KURTZ, EARLEY, THE CITY OF FLINT, WYANT, SHEKTER-SMITH, PRYSBY, & BUSCH

532.-554. This count and these paragraphs do not pertain to Mr. Rosenthal, who therefore leaves plaintiffs to their proofs while affirmatively averring as to any incidental allegation concerning Mr. Rosenthal that he properly, lawfully, and responsibly opposed the water-source switch that plaintiffs allege as the factual basis for their claims, acting within his limited role, and otherwise satisfied all duties, and did not cause plaintiffs any harm. Mr. Rosenthal further relies on the Court's prior order dismissing these claims.

COUNT VI—CAUSE OF ACTION
MONELL CLAIM: BY ALL PLAINTIFFS AGAINST THE CITY OF FLINT

555.-560. This count and these paragraphs do not pertain to Mr. Rosenthal, who therefore leaves plaintiffs to their proofs while affirmatively averring as to any incidental allegation concerning Mr. Rosenthal that he properly, lawfully, and responsibly opposed the water-source switch that plaintiffs allege as the factual basis

116

for their claims, acting within his limited role, and otherwise satisfied all duties, and did not cause plaintiffs any harm.

COUNT VII—CAUSE OF ACTION
PROFESSIONAL NEGLIGENCE: BY ALL PLAINTIFFS
AGAINST LAN PC, LAN INC., & LAD

561.-582. This count and these paragraphs do not pertain to Mr. Rosenthal, who therefore leaves plaintiffs to their proofs while affirmatively averring as to any incidental allegation concerning Mr. Rosenthal that he properly, lawfully, and responsibly opposed the water-source switch that plaintiffs allege as the factual basis for their claims, acting within his limited role, and otherwise satisfied all duties, and did not cause plaintiffs any harm.

COUNT VIII—CAUSE OF ACTION
PROFESSIONAL NEGLIGENCE: BY ALL PLAINTIFFS
AGAINST THE VEOLIA DEFENDANTS

583.-608. This count and these paragraphs do not pertain to Mr. Rosenthal, who therefore leaves plaintiffs to their proofs while affirmatively averring as to any incidental allegation concerning Mr. Rosenthal that he properly, lawfully, and responsibly opposed the water-source switch that plaintiffs allege as the factual basis for their claims, acting within his limited role, and otherwise satisfied all duties, and did not cause plaintiffs any harm.

COUNT IX—CAUSE OF ACTION
42 USC SECTION 1983—14TH AMENDMENT SUBSTANTIVE DUE PROCESS—
STATE-CREATED DANGER: BY ALL PLAINTIFFS AGAINST GOVERNMENT
DEFENDANTS

609. This reference incorporates the above answers into this count.

610. Admitted that plaintiffs have substantive due-process rights, although not precisely in the form here alleged in this paragraph, and so Mr. Rosenthal denies the allegation as a matter of caution.

611. Denied as untrue. Mr. Rosenthal further affirmatively avers that he properly, lawfully, and responsibly opposed the water-source switch that plaintiffs allege as the factual basis for their claims, acting within his limited role, and otherwise satisfied all duties.

612. Denied as untrue. Mr. Rosenthal further affirmatively avers that he properly, lawfully, and responsibly opposed the water-source switch that plaintiffs allege as the factual basis for their claims, acting within his limited role, and otherwise satisfied all duties.

613. Denied as untrue. Mr. Rosenthal further affirmatively avers that he properly, lawfully, and responsibly opposed the water-source switch that plaintiffs allege as the factual basis for their claims, acting within his limited role, and otherwise satisfied all duties.

614. Denied as untrue. Mr. Rosenthal further affirmatively avers that he properly, lawfully, and responsibly opposed the water-source switch that plaintiffs allege as the factual basis for their claims, acting within his limited role, and otherwise satisfied all duties.

615. Denied as untrue. Mr. Rosenthal further affirmatively avers that he

118

properly, lawfully, and responsibly opposed the water-source switch that plaintiffs allege as the factual basis for their claims, acting within his limited role, and otherwise satisfied all duties.

616. Denied as untrue. Mr. Rosenthal further affirmatively avers that he properly, lawfully, and responsibly opposed the water-source switch that plaintiffs allege as the factual basis for their claims, acting within his limited role, and otherwise satisfied all duties.

617. Denied as untrue. Mr. Rosenthal further affirmatively avers that he properly, lawfully, and responsibly opposed the water-source switch that plaintiffs allege as the factual basis for their claims, acting within his limited role, and otherwise satisfied all duties.

618. Denied as untrue. Mr. Rosenthal further affirmatively avers that he properly, lawfully, and responsibly opposed the water-source switch that plaintiffs allege as the factual basis for their claims, acting within his limited role, and otherwise satisfied all duties.

619. Denied as untrue. Mr. Rosenthal further affirmatively avers that he properly, lawfully, and responsibly opposed the water-source switch that plaintiffs allege as the factual basis for their claims, acting within his limited role, and otherwise satisfied all duties.

COUNT X—CAUSE OF ACTION
FRAUD: BY ALL PLAINTIFFS
AGAINST THE VEOLIA DEFENDANTS

620.-626. This count and these paragraphs do not pertain to Mr. Rosenthal, who therefore leaves plaintiffs to their proofs while affirmatively averring as to any incidental allegation concerning Mr. Rosenthal that he properly, lawfully, and responsibly opposed the water-source switch that plaintiffs allege as the factual basis for their claims, acting within his limited role, and otherwise satisfied all duties, and did not cause plaintiffs any harm.

### COUNT XI—CAUSE OF ACTION
### NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS: BY INDIVIDUAL PLAINTIFFS AGAINST ENGINEERING DEFENDANTS

627.-629. This count and these paragraphs do not pertain to Mr. Rosenthal, who therefore leaves plaintiffs to their proofs while affirmatively averring as to any incidental allegation concerning Mr. Rosenthal that he properly, lawfully, and responsibly opposed the water-source switch that plaintiffs allege as the factual basis for their claims, acting within his limited role, and otherwise satisfied all duties, and did not cause plaintiffs any harm.

### COUNT XII—CAUSE OF ACTION
### NEGLIGENCE: BY ALL PLAINTIFFS AGAINST ENGINEERING DEFENDANTS

630.-639. This count and these paragraphs do not pertain to Mr. Rosenthal, who therefore leaves plaintiffs to their proofs while affirmatively averring as to any incidental allegation concerning Mr. Rosenthal that he properly, lawfully, and responsibly opposed the water-source switch that plaintiffs allege as the factual basis

for their claims, acting within his limited role, and otherwise satisfied all duties, and did not cause plaintiffs any harm.

COUNT XIII—CAUSE OF ACTION
GROSS NEGLIGENCE: BY ALL PLAINTIFFS AGAINST
ENGINEERING DEFENDANTS

640.-645. This count and these paragraphs do not pertain to Mr. Rosenthal, who therefore leaves plaintiffs to their proofs while affirmatively averring as to any incidental allegation concerning Mr. Rosenthal that he properly, lawfully, and responsibly opposed the water-source switch that plaintiffs allege as the factual basis for their claims, acting within his limited role, and otherwise satisfied all duties, and did not cause plaintiffs any harm.

COUNT XIV—CAUSE OF ACTION
GROSS NEGLIGENCE: BY ALL PLAINTIFFS AGAINST DEFENDANTS
SNYDER, DILLON, LYON, SHEKTER-SMITH, ROSENTHAL, BUSCH, COOK,
PRYSBY, WURFEL, WRIGHT, KURTZ, EARLEY, AMBROSE, CROFT,
JOHNSON, & GLASGOW

646. This reference incorporates the above answers into this count.

647. Denied as untrue in the manner and form alleged. While Mr. Rosenthal admits duties imposed by law, those duties are not as this paragraph alleges. Mr. Rosenthal owed no such duty under the circumstances alleged in this case. Mr. Rosenthal further affirmatively avers that he properly, lawfully, and responsibly opposed the water-source switch that plaintiffs allege as the factual basis for their claims, acting within his limited role, and otherwise satisfied all duties. Mr. Rosenthal further relies on the Court's prior order dismissing these claims.

648. Denied as untrue. Mr. Rosenthal further affirmatively avers that he properly, lawfully, and responsibly opposed the water-source switch that plaintiffs allege as the factual basis for their claims, acting within his limited role, and otherwise satisfied all duties. Mr. Rosenthal further relies on the Court's prior order dismissing these claims.

649. Denied as untrue. Mr. Rosenthal retains governmental immunity. Mr. Rosenthal further affirmatively avers that he properly, lawfully, and responsibly opposed the water-source switch that plaintiffs allege as the factual basis for their claims, acting within his limited role, and otherwise satisfied all duties. Mr. Rosenthal further relies on the Court's prior order dismissing these claims.

650. Denied as untrue. Mr. Rosenthal retains governmental immunity. Mr. Rosenthal further affirmatively avers that he properly, lawfully, and responsibly opposed the water-source switch that plaintiffs allege as the factual basis for their claims, acting within his limited role, and otherwise satisfied all duties. Mr. Rosenthal further relies on the Court's prior order dismissing these claims.

651. Denied as untrue. Mr. Rosenthal retains governmental immunity. Mr. Rosenthal further affirmatively avers that he properly, lawfully, and responsibly opposed the water-source switch that plaintiffs allege as the factual basis for their claims, acting within his limited role, and otherwise satisfied all duties. Mr. Rosenthal further relies on the Court's prior order dismissing these claims.

652. Denied as untrue. Mr. Rosenthal retains governmental immunity. Mr.

Rosenthal further affirmatively avers that he properly, lawfully, and responsibly opposed the water-source switch that plaintiffs allege as the factual basis for their claims, acting within his limited role, and otherwise satisfied all duties. Mr. Rosenthal further relies on the Court's prior order dismissing these claims.

ON THESE ANSWERS, defendant Adam Rosenthal prays that the Court deny class certification, deny plaintiffs' any damages or injunctive relief, dismiss plaintiffs' case against him, and award costs and attorney's fees most wrongfully sustained.

## AFFIRMATIVE DEFENSES

For his separate affirmative defenses, defendant Adam Rosenthal states as follows:

A.     Plaintiffs have failed to state claims on which the Court can grant relief as to Mr. Rosenthal. Fed. R. Civ. P. 12(b)(2).

B.     Plaintiffs cannot produce evidence supporting their allegations relating to Mr. Rosenthal, such that Mr. Rosenthal is entitled to judgment as a matter of law. Fed. R. Civ. P. 56.

C.     Plaintiffs have not shown grounds for certification of the alleged class. Fed. R. Civ. P. 23(b).

D.     The Court has dismissed plaintiffs' claims against Mr. Rosenthal in part, such that the law of the case bars plaintiffs' claims.

E.     The plaintiffs have obtained or could have obtained relief on the same claims that they pled or could have pled in a related case, as their Fourth Amended

Complaint pleads, in which they joined or could have joined Mr. Rosenthal or parties representing his interest, such that claim preclusion bars their claims.

F.    Plaintiffs' claims may be barred in whole or in part by applicable limitations periods.

G.    Mr. Rosenthal has governmental immunity against the plaintiffs' claims.

H.    Mr. Rosenthal owed plaintiffs no private duty actionable in this or any other civil action.

I.    Mr. Rosenthal satisfied his duties, if any, to the plaintiffs, when he properly, lawfully, and responsibly opposed the water-source switch that plaintiffs allege as the factual basis for their claims, acting within his limited role.

J.    Venue may be inappropriate because of the financial interest and personal knowledge of jurors in the matters alleged in this case.

K.    Plaintiffs may have been comparatively negligent such that their damages are reduced by their percentage fault and, if greater than fifty percent, barred in whole.

L.    Law entitles Mr. Rosenthal to an allocation of fault to other parties and non-parties and that he pay, if anything, only his portion of the damages, if any, based on that allocated fault.

M.    Plaintiffs may have failed to mitigate their damages, such that the Court should reduce those damages accordingly.

N.    Other actions and events were so unusual, unforeseeable, and

extraordinary such that they cut off any proximate or legal cause as to Mr. Rosenthal's alleged actions or omissions.

Mr. Rosenthal reserves the right to add additional defenses pending discovery.

ON THESE DEFENSES, defendant Adam Rosenthal prays that the Court deny class certification, deny plaintiffs' any damages or injunctive relief, dismiss plaintiffs' case against him, and award costs and attorney's fees most wrongfully sustained.

## <u>RELIANCE ON JURY DEMAND</u>

Defendant Adam Rosenthal relies on plaintiffs' jury demand for jury trial of all issues so triable in this case.

Respectfully submitted by:

| | |
|---|---|
| */s/ James W. Burdick* | */s/ James A. Fajen* |
| James W. Burdick | James A. Fajen |
| Burdick Law, P.C. | Fajen and Miller, PLLC |
| 1760 South Telegraph Road, Suite 300 | 3646 West Liberty |
| Bloomfield Hills, Michigan 48302-0183 | Ann Arbor, Michigan |
| (248) 335-5000 | (734) 995-0181 |
| jwb@burdickpc.com | fajenlaw@fajenmiller.com |
| Attorney for Defendant Rosenthal | Attorney for Defendant Rosenthal |

Dated: April 29, 2019

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 29, 2019, I electronically filed the forgoing DEFENDANT ADAM ROSENTHAL'S ANSWER TO THE FOURTH CONSOLIDATED AMENDED CLASS COMPLAINT with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to those who are currently on the list to receive e-mail notices for this case.


       /s/ James A. Fajen
James A. Fajen      (P13275)
FAJEN and MILLER, P.L.L.C.
3646 West Liberty
Ann Arbor, Michigan  48103
(734) 995-0181
fajenlaw@fajenmiller.com
Attorneys for Defendant Rosenthal

Dated: April 29, 2019