**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

*In re* Flint Water Cases.                    Judith E. Levy
                                              United States District Judge

_____/

This Order Relates To:

Carthan v. Snyder
Case No. 16-10444

_____/

**ORDER DENYING THE CITY DEFENDANTS' MOTION TO**
**STRIKE ALLEGATIONS FROM PLAINTIFFS' FOURTH**
**AMENDED COMPLAINT [803] AND GRANTING THE CITY**
**DEFENDANTS' MOTION TO EXTEND THE TIME TO ANSWER**
**[807]**

On April 1, 2019, the Court issued an order granting in part and

denying in part plaintiffs' motion for leave to file a fourth amended

complaint, and granting in part and denying in part defendants' motions

to dismiss. (Dkt. 798.) Of relevance here, the Court dismissed plaintiffs'

equal protection, Elliott-Larsen Civil Rights Act ("ELCRA"), 42 U.S.C. §

1985 conspiracy, and gross negligence counts. (*Id.* at 100–01, 109–10,

121.) However, the Court adopted the entirety of the complaint's factual

allegations. (*Id.* at 81.) This included those relating to the dismissed claims. (*Id.*)

Two weeks later, the city defendants filed this motion to strike certain allegations pursuant to Federal Rule of Civil Procedure 12(f). (Dkt. 803.) Defendants argue that allegations relating to the dismissed equal protection, ELCRA, conspiracy, and gross negligence claims should be stricken because they are immaterial, scandalous, and impertinent. (*Id.* at 12–17.) Defendants' motion is denied for the following reasons.

Federal Rule of Civil Procedure 12(f) states that "[t]he court may strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter." Yet such motions "are viewed with disfavor and are not frequently granted." *Operating Eng'rs Local 324 Health Care Plan v. G & W Constr. Co.*, 783 F.3d 1045, 1050 (6th Cir. 2015). In particular, motions to strike allegations related to dismissed claims are disfavored because they are often cosmetic and unnecessary. 5C Charles Alan Wright et al., Federal Practice and Procedure § 1382 (3d ed.). Such motions will only be granted upon a showing of prejudice to the moving party. *Id.* As the permissive language of the rule suggests, the decision

to strike is soundly within the district court's discretion. *Stanbury Law Firm v. I.R.S.*, 221 F.3d 1059, 1063 (8th Cir. 2000).

Defendants have not shown how they will be prejudiced if the allegations they wish to strike remain in the complaint. They allege that those relating to gross negligence and discrimination are scandalous because they go "to the 'moral character' of those allegedly involved[]" in the Flint Water Crisis. (Dkt. 803 at 14–16.) Yet defendants fail to explain why the Court should expend time "pruning [and] polishing the pleadings" to accommodate their sensitivities. Wright et al., *supra* at § 1382; *Cf. Collura v. City of Philadelphia*, 590 F. App'x 180, 185 (3d Cir. 2014) (striking allegations full of abusive language and ad hominem attacks). If they are worried that the at-issue allegations will taint the jury at trial, the Court does not intend to provide the jury with a copy of the complaint and this issue can be addressed through the use of pretrial motions. If they are instead concerned that the complaint is widely available, the original version will still be a part of the public record even if the at-issue allegations are stricken. Moreover, the extent of plaintiffs' claims are hardly a well-kept secret. This case has been subject to extensive international press coverage.

3

Defendants next allege that the allegations they wish to strike are immaterial and impertinent. (Dkt. 803 at 12–17.) They suggest that litigating them will lead to an unnecessary waste of time and money. (*Id.* at 11.) And they argue that striking them now will ensure that "discovery is focused on only material issues . . . ." (*Id.* at 10.) But defendants again fail to identify prejudice. The Court has already dismissed plaintiffs' equal protection, ELCRA, conspiracy, and gross negligence claims. (*Id.* at 100–01, 109–10, 121.) As such, plaintiffs have no reason to pursue discovery related to those counts. And if they do, defendants are entitled to bring this issue to the Court's attention. *See* Fed. R. Civ. P. 26(b)(1).[1]

Accordingly, the city defendants' motion to strike allegations from plaintiffs' fourth amended complaint (Dkt. 803) is **DENIED**. Defendants filed a concurrent motion to extend the time to answer. (Dkt. 807.) This motion is **GRANTED** and defendants have until **Wednesday May 15, 2019**, to do so. Defendants must otherwise adhere to the Court's recently

---

[1] The city defendants cite several cases for the proposition that courts should strike spurious allegations to streamline discovery, *e.g.*, *Operating Eng'rs Local 324 Health Care Plan v. G & W Constr. Co.*, 783 F.3d 1045, 1050 (6th Cir. 2015), but they are not on point. These cases involved striking affirmative defenses.

entered Case Management Order. (Dkt. 827.)

IT IS SO ORDERED.

Dated: May 1, 2019                    s/Judith E. Levy
       Ann Arbor, Michigan           JUDITH E. LEVY
                                     United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on May 1, 2019.

s/Shawna Burns
SHAWNA BURNS
Case Manager

5