# EXHIBIT I

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF GENESEE

---

IN RE: FLINT WATER LITIGATION

Docket No: 17-108646-NO

HON. RICHARD B. YUILLE

---

DISCOVERY COORDINATION PROTOCOL ORDER

IT IS HEREBY ORDERED as follows:

**I. SCOPE OF ORDER**

A. The Purpose of this Discovery Coordination Protocol Order ("DCPO") is to effectuate efficiency and limit duplication in the discovery processes associated with litigation arising out of claims made regarding the use of the Flint River as a water source.

B. The DCPO is not intended to serve as an instrument to circumvent each Judge's authority over his or her own docket, but rather as an instrument that allows for notice, attendance, and participation, if appropriate, in the discovery processes in the various venues wherein litigation involving the same or similar parties is pending in actions arising out of the same or similar events.

C. This DCPO shall apply to all cases, currently or in the future, consolidated or coordinated into In Re: Flint Water Litigation, Case No. 17-108646-NO, before the Honorable Richard Yuille. In that regard, it applies to all discovery

**2**

permitted under the Michigan Court Rules, including, without limitation: (i) depositions noticed under MCR 2.306; (ii) document requests and requests to inspect and/or permit entry onto property issued under MCR 2.310; (iii) subpoenas *duces tecum* issued under Michigan Court Rules (iv) interrogatories under MCR 2.309; (v) motions for physical and mental examination under MCR 2.311; and (vi) requests for admission under MCR 2.312.

D.    The Court recognizes that effective coordination will require the approval and cooperation of the judges in the various state and federal cases that are not consolidated in the current case (17-108646-NO), including the entry of a complementary order(s) sufficient to accomplish that coordination in those other cases. [1]

E.    This Order is intended solely to facilitate coordination. It does not authorize the commencement of any discovery, which discovery shall take place only as previously or subsequently authorized by any Court that enters this or a complementary order.

II.    **DEFINITIONS**

A.    "Federal Flint Water Cases" means all cases that are, currently or in the future, consolidated or coordinated into the above captioned case; and, subject to the entry of necessary complementary order(s): (i) In re Flint Water Cases, Case

---

[1] McLaren Regional Medical Center ("MRMC") reserves the right to object to the entry of a complementary order in any state court case against MRMC in which it is alleged that individuals contracted Legionairres' Disease at McLaren Flint Hospital after April 2014.

3

No. 5:16-cv-10444, currently pending before Judge Judith E. Levy, and all related cases; (ii) *Burgess, et. al. v. United States,* Case No. 17-11218, and *Thomas, et.al. v. United States,* Case No. 18-10243, currently pending before the Hon. Linda V. Parker; and (iii) any other federal court cases for which the Court determines that discovery coordination would be in the interest of justice.

B.      "State Flint Water Cases" means, subject to the entry of any necessary complementary order(s), all cases that are, currently or in the future, consolidated or coordinated into: (i) the *In re Flint Water Litigation,* Case No. 17-108646-NQ, in the Circuit Court of Genesee County, Michigan, (ii) the several legionella related cases recently transferred from Judge Fullerton to Judge Yuille in Genesee County; (iii) *Tamara Nappier et al. v. Snyder et. al. ,* Case No. 16-71 in the Michigan Court of Claims; and (iv) any other state court cases for which the Court determines that discovery coordination would be in the interest of justice.

C.      "Flint Water Cases" means the Federal Flint Water Cases and the State Flint Water Cases, collectively.

D.      "Individual Plaintiffs" means each Plaintiff who: (i) has filed or in the future files a "Short-Form Complaint" adopting the Master Long Form Complaint in either the Federal or State Court Flint Water Cases; or (ii) otherwise files a non-class complaint in either the Federal or State Court Flint Water Cases.

III.   DEPOSITIONS

4

A.    Subject to §III.B, a witness may be deposed only once in the Flint Water Cases after the date of this order, except by order of the Court based on a showing of good cause or by agreement of all interested parties. For purposes of this order, good cause includes, *without limitation*, a party's not having had a meaningful opportunity to depose a witness because that witness's deposition was taken before resolution of that party's dispositive motion(s) in a Flint Water Case, or any other circumstance in which a party has not had a meaningful opportunity to depose a witness. Notwithstanding the foregoing, a party may depose as a fact witness under MCR 2.306, or the comparable federal court procedural rule if the deposition is noticed in a federal court proceeding, an individual who has been previously deposed or will be deposed solely as an entity's designee under MCR 2.305(B) or FRCP 30(b)(6); but in such case the individual may be deposed only once in his or her capacity as a designee and only once in his or her individual capacity. Nothing in this order shall be to the prejudice of any party's or witness's right to seek the protection of any court of competent jurisdiction from a deposition which the party or witness considers to be objectionable under the applicable law.

B.    Depositions that are noticed in the Federal Flint Water Cases shall be noticed pursuant to the Federal Rules of Civil Procedure for a proposed date, time, and location, subject to the provisions of this Order. Depositions that are noticed in the State Flint Water Cases shall be noticed pursuant to the Michigan Court Rules for a proposed date, time, and location, subject to the

5

provisions of this Order. The party that serves the deposition notice (the "Serving Party") shall, before serving it, make reasonable efforts to obtain the agreement of other parties to the Flint Water Cases to a proposed date, time, and location. The Serving Party shall serve the notice on all parties to the Flint Water Cases via email at least thirty (30) days before the date of the deposition. Any party to a Flint Water Case may object to the proposed date, time, and location, provided the objection is provided to all parties at least fourteen (14) days prior to the date on which the deposition is noticed. The Serving Party will attempt to resolve the objection. If the objecting party and the Serving Party cannot agree, they may contact the Court wherein the deposition is noticed for resolution. Any subpoenas for deposition testimony shall be served as required by governing law, but copies shall be served via email on all parties to the Flint Water Cases. Parties in all other Flint Water Cases shall have the opportunity to attend and participate in any depositions, except those of individual plaintiffs, where attendance is permitted but not participation.

C.     (i) To the extent counsel for parties to Flint Water Cases have participated before the date of this order in depositions taken in any case included within the definition of Federal Flint Water Cases contained in §II.A. of this order, or in any case included within the definition of State Flint Water Cases contained in §II.B. of this order, or in any other case arising out of contamination of the City of Flint municipal water supply, such counsel shall, within 14 days after

6

the date of this order, file with this Court a list that sets forth: (a) the full caption of each case in which he or she has participated in such depositions, (b) the name of each person or entity deposed in each such action, (c) the name of the party and attorney who noticed each such deposition, (d) the date(s) on which the deposition was taken, (e) all means by which the deposition was recorded, whether stenographically, audiovisually, or otherwise, and (f) whether any testimony taken or exhibits marked at the deposition are subject to the terms of any confidentiality or other protective order entered in the case in which the deposition was taken.

(ii)    To the extent counsel for parties to Flint Water Cases have participated before the date of this order in depositions taken in any case included within the definition of Federal Flint Water Cases contained in §II.A. of this order, or in any case included within the definition of State Flint Water Cases contained in §II.B. of this order, or in any other case arising out of contamination of the City of Flint municipal water supply, such counsel shall supply complete and accurate copies of the transcripts, videotapes, and other recordings of, and the exhibits to, all such depositions to all counsel of record in Flint Water Cases to the extent such counsel of record request the transcripts, videotapes, other recordings, and exhibits in writing and agree to reimburse counsel providing them for the reasonable actual cost of providing the copies. Such transcripts, videotapes, other recordings, and exhibits shall be delivered to the attorney requesting them within 7 calendar days after the

7

request for them and agreement to reimburse is made. *Provided, however,* that this subsection shall not require delivery of transcripts, videotapes, or exhibits to the extent delivery in accordance with this subsection would contravene a confidentiality order or other protective order entered by the court with jurisdiction over the case in which the deposition was taken.

(iii)   To the extent counsel for parties to Flint Water Cases have noticed, or have received notice of, depositions to be taken but not yet taken in any case included within the definition of Federal Flint Water Cases contained in §II.A. of this order, or in any case included within the definition of State Flint Water Cases contained in §II.B. of this order, or in any other case arising out of contamination of the City of Flint municipal water supply, such counsel shall forthwith file with this Court a list that sets forth: (a) the full caption of each case in which such deposition has been noticed, (b) the name of each deponent named in each such notice, (c) the name, telephone number, and e-mail address of the attorneys who have noticed each such deposition, (d) and the date(s) for which the deposition has been noticed or will be taken.

## IV.   OTHER COORDINATION OBLIGATIONS

A.   All parties to the State Flint Water Cases shall endeavor to avoid service of discovery in any Flint Water Case that is duplicative of discovery already served after the date of this order in another Flint Water Case.

B.   Each party to the State Flint Water Cases shall use best efforts to be familiar with the documents and tangible things that have been produced and the

8

written responses that have been made in response to earlier discovery requests in the Flint Water Cases so as to avoid unnecessary service of requests for documents and things that have already been produced in response to discovery requests in a Flint Water Case or to propound interrogatories to which complete and responsive answers have already been served in a Flint Water Case. *Provided, however,* that nothing in this Order impairs the right of any party to a Flint Water Case to serve requests for supplementation of prior discovery responses if the procedural rules of the court in which the requests for supplementation are served provide for such requests.

C.   Service by E-Mail.  All parties shall be deemed to consent to service of any discovery document by email.

D.   Prior Interrogatories and Document Requests.

(i) To the extent counsel for parties to Flint Water Cases have issued, before the date of this Order, interrogatories or document discovery (whether of parties or non-parties) (hereinafter "written discovery") in any case included within the definition of Federal Flint Water Cases contained in §II.A. of this order, or in any case included within the definition of State Flint Water Cases contained in §II.B. of this order, or in any other case arising out of contamination of the City of Flint municipal water supply, such counsel shall, within 14 days after the date of this order, file with this Court a list that sets forth: (a) the full caption of each case in which the written discovery was

9

issued, (b) the person or party to whom the written discovery was issued; (c) the title(s) and date of the written discovery; (c) whether responses to the written discovery were produced or served; (d) the responses are subject to the terms of any confidentiality or other protective order.

(ii)    With reference to the written discovery disclosed in subpart (i), counsel for the issuing party shall supply complete and accurate copies of the written discovery responses, including any documents, to the extent that counsel for any other party request them in writing and agree to reimburse counsel providing them for the reasonable actual cost of providing the copies. Such discovery responses shall be delivered to the attorney requesting them within 7 calendar days after the request for them and agreement to reimburse is made. *Provided, however,* that this subsection shall not require delivery of written discovery responses to the extent delivery in accordance with this subsection would contravene a confidentiality order or other protective order entered by the court with jurisdiction over the case in which the written discovery was issued.

## V.    MODIFICATIONS TO ORDER

This Order is binding on all parties to the State Flint Water Cases, including all current and future parties, and may be modified only by agreement of the parties or by order of the Court upon a showing of good cause.

IT IS SO ORDERED.

October 1, 2018

DATE

HON. RICHARD YUILLE

10