# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

*In re* Flint Water Cases

Carthan v. Snyder
Case No: 5:16-cv-10444
(consolidated)

Honorable Judith E. Levy
United States District Judge

Magistrate Mona K. Majzoub

---

## INDIVIDUAL CITY DEFENDANTS'
## JOINT MOTION TO STAY PROCEEDINGS

---

**NOW COME** Defendants Darnell Earley, Gerald Ambrose, and Howard Croft, by and through their respective counsel, and for their Motion to Stay Proceedings state:

1. Defendants Darnell Earley, Gerald Ambrose, and Howard Croft ("Individual City Defendants"),[1] move to stay proceedings in this Honorable Court while critical issues of governmental immunity remain unanswered by the Sixth Circuit Court of Appeals regarding Plaintiffs' sole remaining cause of action against the Individual City Defendants and until the related criminal proceedings against them are resolved.

---

[1] The Individual City Defendants are all currently charged with criminal offenses under the laws of the State of Michigan by the Michigan Attorney General.

1

2. On April 1, 2019, this Court granted in part and denied in part the Individual City Defendants' Motion to Dismiss. Dkt. 798 at 127-128. The only count against the Individual City Defendants remaining is Count I – Substantive Due Process Bodily Integrity brought under 42 U.S.C. § 1983. *Id.* The Individual City Defendants argued, in part, that they are entitled to qualified immunity with respect to the substantive due process bodily integrity claim brought against them.

3. On April 15, 2019, the Individual City Defendants filed an appeal by right with the Sixth Circuit Court of Appeals from this Court's denial of qualified immunity pursuant to *Mitchell v. Forsyth*, 472 U.S. 511, 530; 105 S. Ct. 2806; 86 L.Ed.2d 411 (1985). The Individual City Defendants now request that this Honorable Court stay proceedings in this matter as to them while the Sixth Circuit Court of Appeals resolves their claims of qualified immunity.

4. "Qualified immunity balances two important interests — the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably." *Pearson v. Callahan*, 555 U.S. 223, 231; 129 S. Ct. 808; 172 L.Ed.2d 565 (2009). As such, qualified immunity shields public officials "from undue interference with their duties and from

2

potentially disabling threats of liability." *Harlow v. Fitzgerald*, 457 U.S. 800, 806; 102 S. Ct. 2727; 73 L.Ed.2d 396 (1982).

5. "Because qualified immunity is 'an immunity from suit rather than a mere defense to liability . . . it is effectively lost if a case is erroneously permitted to go to trial.'" *Pearson*, 555 U.S. at 231 (quoting *Mitchell v. Forsyth*, 472 U.S. at 526).

6. Further, and more importantly, the Individual City Defendants are all currently charged with state law felonies and misdemeanors, including False Pretenses Over $100,000.00 and Conspiracy to Commit False Pretenses Over $100,000.00. Additionally, Mr. Croft and Mr. Earley have been notified that the Michigan Attorney General will seek at least one additional charge of Involuntary Manslaughter against them at the conclusion of their Preliminary Examinations.

7. The United States Supreme Court has held that the Fifth Amendment privilege against self-incrimination "protects the innocent as well as the guilty" and has never held "that the privilege is unavailable to those who claim innocence." *Ohio v. Reiner*, 532 U.S. 17, 18, 21; 121 S. Ct. 1252 (2001). To the contrary, the Court has "emphasized that one of the Fifth Amendment's basic functions . . . is to protect *innocent* men . . . who

3

otherwise might be ensnared by ambiguous circumstances." *Id.* at 21 (internal citations omitted).

8. Additionally, the United States Supreme Court has "recognized that truthful responses of an innocent witness, as well as those of a wrongdoer, may provide the government with incriminating evidence from the speaker's own mouth." *Grunewald v. United States*, 353 U.S. 391, 421-22; 77 S. Ct. 963; 1 L.Ed.2d 931 (1957).

9. Therefore, the Individual City Defendants respectfully request that this Court stay all proceedings in this case as to the Individual City Defendants pending the outcome of their appeal.

10. Pursuant to E.D. Mich. L.R. 7.1(a), the undersigned counsel requested concurrence in the relief sought in this Motion to Stay and concurrence was not obtained from Plaintiffs. Counsel for Defendants Bradley Wurfel and Daniel Wyant concur in the relief sought in this Motion to Stay. Counsel for Defendants Michael Prysby, Patrick Cook, and Liane Shekter-Smith do not object to the relief sought in this Motion to Stay.

**Respectfully Submitted,**

*Attorneys for Defendant*
*Gerald Ambrose*

*/s/  Barry A. Wolf (w/consent)*
BARRY A. WOLF (P40709)
Law Office of Barry A. Wolf, PLLC
503 S. Saginaw Street, Suite 1410
Flint, MI  48502
(810) 762-1084
bwolf718@msn.com

*Attorneys for Defendant*
*Howard Croft*

*/s/ Alexander S. Rusek*
ALEXANDER S. RUSEK (P77581)
White Law PLLC
2549 Jolly Road, Suite 340
Okemos, MI 48864
(517) 316-1195
alexrusek@whitelawpllc.com

*Attorneys for Defendant*
*Darnell Earley*

*/s/ Todd Perkins (w/consent)*
TODD PERKINS (P55623)
Perkins Law Group
615 W. Griswold Suite 400
Detroit, MI 48226
(313) 964-1702
tperkins@perkinslawgroup.net

5

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

*In re* Flint Water Cases

Carthan v. Snyder
Case No: 5:16-cv-10444
(consolidated)

Honorable Judith E. Levy
United States District Judge

Magistrate Mona K. Majzoub

_____

**BRIEF IN SUPPORT OF THE**
**INDIVIDUAL CITY DEFENDANTS'**
**JOINT MOTION TO STAY PROCEEDINGS**
_____

# TABLE OF CONTENTS

CASE CAPTION ..................................................... i

TABLE OF CONTENTS........................................... ii

STATEMENT OF ISSUES PRESENTED................................v

  I.   WHETHER THIS HONORABLE COURT SHOULD STAY THIS CASE AS TO THE INDIVIDUAL CITY DEFENDANTS PENDING THE RESOLUTION OF THEIR APPEAL WHICH RAISES PURELY LEGAL QUESTIONS OF QUALIFIED IMMUNITY?...............................................v

  II.  WHETHER THIS HONORABLE COURT SHOULD STAY THIS CASE AS TO THE INDIVIDUAL CITY DEFENDANTS BECAUSE ALL FOUR FACTORS WEIGH IN FAVOR OF A STAY PENDING THE OUTCOME OF THE INDIVIDUAL CITY DEFENDANTS' APPEAL?..........................v

III.  WHETHER THE APRIL 30, 2019 CASE MANAGEMENT ORDER PROVIDES SUFFICIENT PROTECTIONS TO THE INDIVIDUAL CITY DEFENDANTS WHO HAVE PENDING CRIMINAL CHARGES?.............v

IV.  WHETHER THE FIFTH AMENDMENT CONCERNS OF THE INDIVIDUAL CITY DEFENDANTS WARRANT A STAY OF THIS MATTER PENDING THE RESOLUTION OF THEIR CRIMINAL CHARGES?.................................................v

CONTROLLING AUTHORITY SUPPORTING MOTION ................................. vi

INDEX OF AUTHORITIES................................................ vii

INTRODUCTION AND BACKGROUND ............................................1

LAW AND ARGUMENT .....................................................3

  I.   A STAY IS REQUIRED BECAUSE THE FILING OF THE NOTICE OF APPEAL TRANSFERRED JURISDICTION TO THE SIXTH CIRCUIT COURT OF APPEALS ....................................................3

II.   A STAY IS REQUIRED BECAUSE ALL FOUR FACTORS WEIGH IN FAVOR OF A STAY PENDING THE OUTCOME OF THE INDIVIDUAL CITY DEFENDANTS' APPEAL ................................................................7

1.   "Serious questions going to the merits" are implicated here because the Individual City Defendants' appeal raises pure issues of law that are largely unresolved issues in this Circuit................................................7

2.   Proceeding to discovery will irreparably harm the Individual City Defendants because the immunities they assert include the right to be free from burdensome and unwarranted discovery...............................9

3.   A stay pending appeal will not harm others, because here Plaintiffs seek largely monetary damages and they fail to allege any ongoing violations or immediate need ..............................................................................10

4.   The public interest will be served by a stay because definitive determination of the legal issues involved will serve judicial economy and prevent unnecessary burdens and costs on the public .................10

III.   A STAY IS REQUIRED BECAUSE THE CASE MANAGEMENT ORDER DOES NOT SUFFICIENTLY PROTECT THE INDIVIDUAL CITY DEFENDANTS' RIGHTS .........................................................................11

IV.   A STAY IS REQUIRED BECAUSE THE INDIVIDUAL CITY DEFENDANTS ALL CURRENTLY FACE CRIMINAL CHARGES AND THEIR FIFTH AMENDMENT RIGHTS MUST BE PROTECTED ..........13

1.   The first factor, the extent to which the issues in the criminal cases overlap with those presented in the civil cases, overwhelmingly favors a stay.................................................................................................15

2.   The second factor, the status of the case, including whether the defendants have been indicted, greatly favors a stay ..........................17

3.   The third factor, the private interests of the Plaintiffs in proceeding expeditiously weighed against the prejudice to Plaintiffs caused by the delay, favors a stay ............................................................................19

4. The fourth factor, the private interests of and burden on the Defendants, favors a stay ............................................................................20

5. The fifth factor, the interests of the court, favors a stay.......................23

6. The sixth factor, the public interest, favors a stay................................24

CONCLUSION AND REQUEST FOR RELIEF....................................................25

## STATEMENT OF ISSUES PRESENTED

I.     Whether this Honorable Court should stay this case as to the Individual City Defendants pending the resolution of their appeal which raises purely legal questions of qualified immunity?

II.    Whether this Honorable Court should stay this case as to the Individual City Defendants because all four factors weigh in favor of a stay pending the outcome of the Individual City Defendants' appeal?

III.   Whether the April 30, 2019 Case Management Order provides sufficient protections to the Individual City Defendants who have pending criminal charges?

IV.    Whether the Fifth Amendment concerns of the Individual City Defendants warrant a stay of this matter pending the resolution of their criminal charges?

## CONTROLLING AUTHORITY SUPPORTING MOTION

The Individual City Defendants seek a stay of proceedings pending their timely filed appeal and rely primarily upon the following most controlling or persuasive authority in support of their motion:

*F.T.C. v. E.M.A. Nationwide, Inc.*, 767 F.3d 611 (6th Cir. 2014)

*Mich. Coalition of Radioactive Material Users, Inc. v. Griepentrog*, 945 F.2d 150 (6th Cir. 1993)

*Mitchell v. Forsyth*, 472 U.S. 511 (6th Cir. 1985)

*Moldowan v. City of Warren*, 573 F.3d 309 (6th Cir. 2009)

*Williamson v. Recovery Ltd. Partnership*, 731 F.3d 608 (6th Cir. 2013)

# INDEX OF AUTHORITIES

## United States Supreme Court Cases

*Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56 (1982) ..........................4

*Grunewald v. United States*, 353 U.S. 391; 77 S. Ct. 963;

1 L.Ed.2d 931 (1957) ...........................................................................4, 12

*Harlow v. Fitzgerald*, 457 U.S. 800; 102 S. Ct. 2727; 73 L.Ed.2d 396 (1982)........3

*Mitchell v. Forsyth*, 472 U.S. 511; 105 S. Ct. 2806;

86 L.Ed.2d 411 (1985) ................................................................. iv, 2, 3,

*Ohio v. Reiner*, 532 U.S. 17; 121 S. Ct. 1252 (2001) ............................... 3, 4, 12, 18

*Pearson v. Callahan*, 555 U.S. 223; 129 S. Ct. 808; 172 L.Ed.2d 565 (2009) .....3, 9

*United States v. Doe*, 465 U.S. 605 (1984)............................................................21

*United States v. Kordel*, 397 U.S. 1 (1970) ...........................................................13

## Sixth Circuit Court of Appeals Cases

*City of Cookeville v. Upper Cumberland Elec. Membership Corp.*, 484 F.3d 380

  (6th Cir. 2007)........................................................................................5

*Cochran v. Birkel*, 651 F.2d 1219 (6th Cir. 1981).....................................................5

*Dickerson v. McClellan*, 37 F.3d 251 (6th Cir. 1994) ...............................................4

*English v. Dyke*, 23 F.3d 1086 (6th Cir. 1994) ........................................................4

*Everson v. Leis*, 556 F.3d 484 (6th Cir. 2009).......................................................4, 8

*F.T.C. v. E.M.A. Nationwide, Inc.*, 767 F.3d 611 (6th Cir. 2014) .................. passim

*Gregory v. City of Louisville*, 444 F.3d 725 (6th Cir. 2006) ....................................4

*Guertin v. Michigan*, 912 F.3d 907 (6th Cir. 2019)...................................................7

*Kennedy v. Cleveland*, 797 F.2d 297 (6th Cir. 1986) ................................................4

*Mich. Coalition of Radioactive Material Users, Inc. v. Griepentrog*, 945 F.2d 150

   (6th Cir. 1993).................................................................................................. vi, 7

*Moldowan v. City of Warren*, 573 F.3d 309 (6th Cir. 2009) ....................... vi, 4, 5, 8

*United States v. U.S. Currency*, 626 F.2d 11 (6th Cir. 1980)..................................21

*Weaver v. Univ. of Cincinnati*, 970 F.2d 1523 (6th Cir. 1992) ................................5

*Williamson v. Recovery Ltd. Partnership*, 731 F.3d 608 (6th Cir. 2013)........ vi, 4, 5

*Yates v. City of Cleveland*, 941 F.2d 444 (6th Cir. 1991)..........................................4

**Eastern District of Michigan Cases**

*Concerned Pastors et al. v. Khouri et al.*, E.D. Mich. Case No. 16-10277 .............9

 *Estate of Joann Matouk Romain v. City of Grosse Pointe Farms*, 2016 WL 537773

(E.D. Mich. Feb. 11, 2016) .....................................................................................16

*Guertin v. Michigan*, No. 16-cv-12412, 2017 WL 48756618 (E.D. Mich. Oct. 30,

   2017) ........................................................................................................................6

*Lucero v. Detroit Pub. Sch.*, 160 F. Supp. 2d 767 (E.D. Mich. 2001). ....................8

*National Discount Corp. v. Holzbaugh*, 13 F.R.D. 236 (E.D. Mich. 1952)............20

*Newell v. City of Wayne*, 2013 WL 461613 (E.D. Mich. Aug. 29, 2015)...............16

## Other Authorities

*Afro-Lacon, Inc. v. United States*, 820 F.2d 1198 (Fed. Cir. 1987) ......................21

*Arden Way Assocs. v. Boesky*, 660 F. Supp. 1494 (S.D. N.Y. 1987) ....................20

*Black Panther Party v. Smith*, 661 F.2d 1243 (D.C. Cir. 1981) .............................21

*Brock v. Tolkow*, 109 F.R.D. 116 (E.D. N.Y. 1985) ................................................23

*Campbell v. Gerrans*, 592 F.2d 1054 (9th Cir. 1979) .............................................21

*Chao v Fleming*, 498 F. Supp. 2d 1034 (W.D. Mich 2007) ........................... passim

*Clark v. United States*, 481 F. Supp. 1086 (S.D.N.Y. 1977) ..................................20

*Dienstag v. Bronsen*, 49 F.R.D. 327 (S.D.N.Y. 1970) ...........................................20

*Gordon v F.D.I.C.*, 427 F.2d 578 (D. D.C. 1970) ...................................................18

*In re Adelphia Commc'ns Sec. Litig.*, 2003 WL 22358819 (E.D. Pa. 2003). ..........23

*Keating v. Office of Thrift Supervision*, 45 F.3d 322 (9th Cir. 1995)......................14

*In re Par Pharm., Inc. Sec. Litig.*, 133 F.R.D. 12 (S.D.N.Y. Oct. 31, 1990) ..........16

*Metzler v. Bennett*, No. 97-CV-148 (RSP/GJD), 1998 WL 187454 (N.D.N.Y. Apr. 15, 1998) ...........................................................................................................15

*Sec. & Exch. Comm'n v. Dresser Indus*., 628 F.2d 1368 (D.C. Cir. 1980).............15

*S.E.C. v. Healthsouth Corp*., 261 F. Supp. 2d 1298 (N.D. Ala. 2003)....................24

*State Farm Mut. Auto. Ins. Co. v. Beckham-Easley*, No. Civ. A. 01-5530, 2002 WL 31111766 (E.D. Pa. Sept. 18, 2002) ....................................................................16

*Trs. of Plumbers & Pipefitters Nat'l Pension Fund v. Transworld Mech., Inc*., 886

    F. Supp. 1134 (S.D. N.Y. 1995) .............................................................. 14, 17, 18

*U.S. v. Hubbell*, 167 F.3d 552 (D.C. Cir. 1999) ......................................................22

*United States v. A Certain Parcel of Land, Moultonboro*, 781 F. Supp. 830

(D. N.H. 1992) ........................................................................................................20

*United States ex rel. Shank v. Lewis Enters., Inc.*, No. 04-cv-4105-JPG, 2006 WL

    1064072 (S.D. Ill. Apr. 21, 2006)........................................................................16

*Walsh Secs., Inc. v. Cristo Prop. Mgmt., Ltd*., 7 F.Supp.2d 523 (D.N.J. 1998)......16

*Wehling v. Columbia Broadcasting Sys*., 608 F.2d 1084 (5th Cir. 1979) ........ 16, 20

**Michigan Court Rules**

MCR 6.004(A) ..........................................................................................................18

**Eastern District of Michigan Local Rules**

E.D. Mich. L.R. 7.1(a) ...............................................................................................3

## INTRODUCTION AND BACKGROUND

The Individual City Defendants[2] each currently face multiple criminal charges brought by the Michigan Attorney General for acts they allegedly committed prior to and after the City of Flint switched its drinking water source from the Detroit Water and Sewage Department to the Flint River in April 2014. Mr. Earley,[3] Mr. Ambrose,[4] and Mr. Croft[5] have been charged since December 19, 2016 and their criminal cases remain pending in Genesee County courts. Each has continuously asserted their innocence and continue to defend themselves against the false accusations.

Mr. Earley is currently charged with False Pretenses - $100,000.00 or More, Conspiracy to Commit False Pretenses - $100,000.00 or More, Misconduct in Office, and Willful Neglect of Duty. Mr. Ambrose is currently charged with False Pretenses - $100,000.00 or More, Conspiracy to Commit False Pretenses - $100,000.00 or More, Misconduct in Office, and Willful Neglect of Duty. Mr. Croft is currently charged with False Pretenses - $100,000.00 or More and Conspiracy to Commit False Pretenses - $100,000.00 or More. Further, on or about June 14, 2017,

---

[2] Darnell Earley, Gerald Ambrose, and Howard Croft.
[3] Case No.: 16TB2850-FY in the 67th District Court for the County of Genesee.
[4] Previously Case No.: 16TA2850-FY in the 67th District Court for the County of Genesee and currently Case No.: 18-042559-FH in the 7th Circuit Court for the County of Genesee as Mr. Ambrose has been bound over to the trial court.
[5] Case No.: 16TC2850-FY in the 67th District Court for the County of Genesee.

the Michigan Attorney General published a "Notice of Intent to Seek Bindover on Additional Charge(s) at Preliminary Examination" for both Mr. Earley and Mr. Croft that states that the Michigan Attorney General would seek additional charges of Involuntary Manslaughter at their Preliminary Examinations.

The Individual City Defendants have also been subject to a number of causes of actions brought by the Plaintiffs in their Fourth Amended Class Action Complaint ("CACC") which was adopted by and through this Honorable Court's April 1, 2019 Opinion and Order ("Opinion and Order"). Dkt. 798 at 128; Dkt 620-3. However, only one cause of action against the Individual City Defendants has survived their Motion to Dismiss, which is an alleged violation of the Plaintiffs' substantive due process right to bodily integrity. Dkt. 798 at 127-128.

In their Motion to Dismiss, the Individual City Defendants each asserted that they were entitled to qualified immunity as to Plaintiffs' bodily integrity claim. In the Opinion and Order, this Honorable Court held that Plaintiffs had stated a claim for bodily integrity against the Individual City Defendants and that the Individual City Defendants were not entitled to qualified immunity. Dkt. 798 at 95-97; 127-128. On April 15, 2019, the Individual City Defendants filed a Notice of Appeal from the Opinion and Order asserting that this Honorable Court erred by denying their Motion to Dismiss. The Individual City Defendants also joined the City of Flint's Motion to Strike Allegations from Plaintiffs' Fourth Amended Complaint on

April 15, 2019. Dkt. 803. On May 1, 2019, the Motion to Strike was denied. Dkt.

828. On April 30, 2019, a Case Management Order ("CMO") was entered by this

Honorable Court. Dkt. 826. The Individual City Defendants now move for a stay of

proceedings as to them only in this case pending the outcome of their appeal of the

Opinion and Order and the resolution of their pending criminal matters because: (1)

issues of qualified immunity should be resolved by the Circuit Court before the

Individual City Defendants are subject to further litigation; (2) beyond resolution of

issues of qualified immunity, the four factor test favors a stay as to the Individual

City Defendants; (3) the CMO does not adequately protect the Individual City

Defendants' rights; and (4) the protection of the Individual City Defendants' Fifth

Amendment rights require a stay in this matter.

## LAW AND ARGUMENT

## I.    A STAY IS REQUIRED BECAUSE THE FILING OF THE NOTICE OF APPEAL TRANSFERRED JURISDICTION TO THE SIXTH CIRCUIT COURT OF APPEALS.

Denial of qualified immunity is immediately appealable because qualified

immunity is "immunity from suit rather than a mere defense to liability." *Mitchell v.*

*Forsyth*, 472 U.S. 511, 526-27 (1985). "Because qualified immunity is 'an immunity

from suit rather than a mere defense to liability . . . it is effectively lost if a case is

erroneously permitted to go to trial.'" *Pearson*, 555 U.S. at 231 (*quoting Mitchell v.*

*Forsyth*, 472 U.S. at 526). So long as an interlocutory appeal raises pure issues of

law, the Court of Appeals has jurisdiction to entertain the appeal. *Moldowan v. City of Warren*, 573 F.3d 309, 328 (6th Cir. 2009); *see also Gregory v. City of Louisville*, 444 F.3d 725, 742-43 (6th Cir. 2006) (allowing for interlocutory appeals on pure issues of law).

As a general rule, "[t]he filing of a notice of appeal is an event of jurisdictional significance – it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Williamson v. Recovery Ltd. Partnership*, 731 F.3d 608, 626 (6th Cir. 2013), (*citing Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982)); *Dickerson v. McClellan*, 37 F.3d 251, 252 (6th Cir. 1994). The Sixth Circuit has held that a trial court is obligated, when an appeal based on a denial of qualified immunity is pending, to "not only refrain from proceeding to trial but to stay discovery until that issue is decided." *Kennedy v. Cleveland*, 797 F.2d 297, 299 (6th Cir. 1986); *see also Everson v. Leis*, 556 F.3d 484, 491 (6th Cir. 2009) ("Qualified immunity is intended not only to protect officials from civil damages, but just as importantly, to protect them from the rigors of litigation itself, including the potential disruptiveness of discovery."); *English v. Dyke*, 23 F.3d 1086, 1089 (6th Cir. 1994) ("While the issue [of qualified immunity] is before the trial court or the case is on appeal, the trial court should stay discovery."). The only exception to this general rule is if the

District Court finds the appeal to be frivolous. *Yates v. City of Cleveland*, 941 F.2d 444, 449 (6th Cir. 1991).

The *Williamson* court further described the role of the trial court after such a claim of appeal is filed:

> This transfer of power, however, does not effect a total divestiture of jurisdiction from the district court: it retains jurisdiction to enforce its judgment, *City of Cookeville v Upper Cumberland Elec. Membership Corp.,* 484 F.3d 380, 394 (6th Cir. 2007), to proceed with matters that will aid the appellate process, *Cochran v Birkel*, 651 F.2d 1219, 1221 (6th Cir. 1981), and to adjudicate matters unrelated to the issues on appeal, *Weaver v Univ. of Cincinnati*, 970 F.2d 1523, 1528-29 (6th Cir. 1992). In Weaver, in particular, we held that "an appeal from an interlocutory order does not divest the trial court of jurisdiction to continue deciding other issues involved in the case."

970 F.2d at 1528-29.

Thus, it seems there are three categories of issues regarding when a trial court is not divested of jurisdiction upon the filing of a claim of appeal: (a) the enforcement of judgments; (b) matters that aid the appellate process; and (c) other issues "unrelated" to the issues on appeal, e.g., claims against non-appellant parties. *Id.* Here, there is no judgment to enforce and there are no issues that will "aid the appellate process" pending before this Honorable Court. Certainly, discovery is not something that will aid the appellate process because the Individual City Defendants' appeals are from motions to dismiss pursuant to F.R.C.P. 12(b)(6), in which only allegations that must be accepted as true and pure issues of law are at issue. *Moldowan*, 573 F.3d at 328.

5

Furthermore, the Individual City Defendants' appeals are not frivolous because they do not involve any factual disputes necessary to their determination. The Individual City Defendants, as required at this stage of the proceedings, have accepted as true all of Plaintiffs' well-pled allegations in the CACC. Rather than address factual disputes, the Individual City Defendants' appeal addresses only pure questions of law, which are properly raised in interlocutory appeals of this kind. *See Guertin v. Michigan*, No. 16-cv-12412, 2017 WL 48756618, at *1 (E.D. Mich. Oct. 30, 2017) (deciding in similar Flint Water Crisis case that a motion to stay was warranted because "at the motion to dismiss phase a qualified immunity appeal . . . must be legal in nature and not factual"). The District Court thus has no reason to retain jurisdiction over the sole surviving claim against the Individual City Defendants.

Therefore, jurisdiction over all aspects of this case that involve the Individual City Defendants was transferred to the Circuit Court when the Individual City Defendants filed their Notice of Appeal. Absent jurisdiction, this Honorable Court lacks the authority to take any actions regarding this case until the appeal has been decided. A stay of proceedings in the District Court is therefore required.

II.    **A STAY IS REQUIRED BECAUSE ALL FOUR FACTORS WEIGH IN FAVOR OF A STAY PENDING THE OUTCOME OF THE INDIVIDUAL CITY DEFENDANTS' APPEAL.**

Alternatively, a motion for a stay pending the outcome of an interlocutory appeal weighs the same factors used to evaluate whether a preliminary injunction is warranted: "(1) the likelihood that the moving party will prevail on the merits of the appeal; (2) the likelihood that the moving party will be irreparably harmed absent a stay; (3) the prospect that others will be harmed if the court grants the stay; (4) the public interest in granting the stay." *Mich. Coalition of Radioactive Material Users, Inc. v Griepentrog*, 945 F.2d 150, 153 (6th Cir. 1993) (internal citations omitted). To satisfy the "probability of success on the merits" prong, "[w]hen an appeal based on qualified immunity is pending, a movant must show how the appeal raises 'serious questions going to the merits.'" *Id.* at 153-54.

1.    **"Serious questions going to the merits" are implicated here because the Individual City Defendants' appeal raises pure issues of law that are largely unresolved issues in this Circuit.**

The Individual City Defendants' appeal is based solely on questions of law as required at this stage of the proceedings. While similar questions of law have been answered by the Circuit Court in *Guertin*,[6] *Guertin* is pending further appeal after a Petition for En Banc Rehearing was filed on January 17, 2019. Court of Appeals Docket No.: 17-1699, Dkt. 87. The Individual City Defendants thus raise "serious

---

[6] *Guertin v. Michigan*, 912 F.3d 907 (6th Cir. 2019).

questions going to the merits" of their appeal, justifying a stay of further proceedings.

Importantly, no other circuit court has ever held that the contamination of a municipal water system, as Plaintiffs allege here, can give rise to a substantive due process bodily integrity claim. In contrast, a district court has previously declined to find a substantive due process claim where a school district exposed its students to contaminated water by building a school on a contaminated site. *See Lucero v. Detroit Pub. Sch.*, 160 F. Supp. 2d 767, 797-800 (E.D. Mich. 2001). This raises a serious question of law going to the merits of qualified immunity: specifically, whether Plaintiffs have alleged a substantive due process bodily integrity claim, and whether that claim was clearly established when the relevant events occurred. *See Moldowan v. City of Warren*, 578 F.3d 351, 375 (6th Cir. 2009). If the answer to either question is "no," the Individual City Defendants will be entitled to qualified immunity and a dismissal of the sole remaining cause of action against them.

The Individual City Defendants' appeal raises pure issues of law that have only been addressed once in this circuit and that decision is currently pending further appeal. Therefore, these issues create more than the mere possibility of success on the merits; instead, they raise serious questions going to the merits of the appeal.  As a result, this first factor weighs in favor of a stay.

**2. Proceeding to discovery will irreparably harm the Individual City Defendants because the immunities they assert include the right to be free from burdensome and unwarranted discovery.**

The second factor weighs in favor of the Individual City Defendants because they will be irreparably harmed if subjected to the costs and burden of this litigation. The Sixth Circuit recognizes that qualified immunity is immunity from the burdens of litigation. *See Everson*, 556 F.3d 484, 492 (*citing Pearson v. Callahan*, 555 U.S. 223, 231-32 (2009)). These burdens include "unwarranted discovery and other litigation costs." *Id.* Such costs constitute an irreparable harm, especially given the financial burden they place on the Individual City Defendants and the City of Flint. Further, the Individual City Defendants are all charged with crimes by the Michigan Attorney General and their cases are pending in the Genesee County District and Circuit Courts.[7] Requiring the Individual City Defendants to answer the CACC and proceed to discovery will irreparably harm them in regards to their rights in the criminal cases as more thoroughly discussed below. Thus, this second factor also weighs in favor of a stay as to the Individual City Defendants.

---

[7] Mr. Earley and Mr. Croft's cases are pending in the 67th District Court pending the conclusion of their Preliminary Examinations. Mr. Ambrose waived his Preliminary Examination and his case is currently pending trial in the 7th Circuit Court.

9

**3.   A stay pending appeal will not harm others, because here Plaintiffs seek largely monetary damages and they fail to allege any ongoing violations or immediate need.**

The third factor also weighs in favor of the Individual City Defendants because Plaintiffs seek mostly retrospective relief for their alleged injuries. Any immediate needs of the Plaintiffs are largely, if not completely, addressed by a settlement agreement reached in another case arising out of the Flint Water Crisis, *Concerned Pastors et al. v. Khouri et al.*, E.D. Mich. Case No. 16-10277. In that Settlement Agreement, the City of Flint and the State of Michigan agreed to take numerous steps to alleviate the immediate needs of persons affected by the Flint Water Crisis and to expedite the replacement of lead service lines in the City of Flint. A stay of this case as to the Individual City Defendants, which seeks largely monetary damages and other retrospective relief, will thus not harm others. Therefore, the third factor also weighs in favor of a stay. Further, a stay as to the Individual City Defendants only will not impede upon Plaintiffs pursuing their causes of action against the City of Flint, other governmental defendants, and the engineering defendants in this matter.

**4.   The public interest will be served by a stay because definitive determination of the legal issues involved will serve judicial economy and prevent unnecessary burdens and costs on the public.**

Finally, several public interests will be served by a stay as to the Individual City Defendants. First, requiring the Individual City Defendants to incur litigation

costs that could be rendered unnecessary by their appeal burdens the Individual City Defendants as well as the City of Flint and its taxpayers. Avoiding such unwarranted expenditures benefits the public interest in proper stewardship of public funds. Second, the use of judicial resources to oversee further proceedings could also be rendered unnecessary by the Individual City Defendants' appeal, and avoiding these unnecessary demands on judicial resources benefits the public interest in efficient judicial operations. Furthermore, no public interest would be served by proceeding in this case while questions of law applicable to qualified immunity are pending. Therefore, the fourth factor also weights in favor of a stay as to the Individual City Defendants. As such, all four of the factors weigh in favor of a stay.

## III.   A STAY IS REQUIRED BECAUSE THE CASE MANAGEMENT ORDER DOES NOT SUFFICIENTLY PROTECT THE INDIVIDUAL CITY DEFENDANTS' RIGHTS.

On April 30, 2019, this Honorable Court entered the CMO. Dkt. 827. At this time, the CMO does not apply to the Individual City Defendants because they are "defendants who have not filed an answer." Dkt. 827 at 1. As such, the Individual City Defendants are to be "treated as a non-party for the purposes of discovery, subject to the defendant's properly raised objection." *Id*. While the CMO provides limited protections to defendants who are subject to pending criminal charges, such as relief from written discovery under Section II.E and relief from testimonial depositions under Section IV.C, currently the Individual City Defendants are not

11

provided with those protections as they are currently treated as non-parties under the CMO. Dkt. 827 at 12, 19.

Further, if required to answer the CACC prior to the resolution of their qualified immunity defenses and resolution of their pending criminal charges, the Individual City Defendants will be faced with the decision to either fully defend themselves in this matter and thereby complicate and endanger their criminal defenses or to assert their Fifth Amendment rights in this matter and risk adverse inferences against themselves and face potential monetary judgments.

The United States Supreme Court has held that the Fifth Amendment privilege against self-incrimination "protects the innocent as well as the guilty" and has never held "that the privilege is unavailable to those who claim innocence." *Ohio v. Reiner*, 532 U.S. 17, 18, 21; 121 S. Ct. 1252 (2001). To the contrary, the Court has "emphasized that one of the Fifth Amendment's basic functions . . . is to protect *innocent* men . . . who otherwise might be ensnared by ambiguous circumstances." *Id.* at 21 (internal citations omitted). Additionally, the United States Supreme Court has "recognized that truthful responses of an innocent witness, as well as those of a wrongdoer, may provide the government with incriminating evidence from the speaker's own mouth." *Grunewald v. United States*, 353 U.S. 391, 421-22; 77 S. Ct. 963; 1 L.Ed.2d 931 (1957). Therefore, while the CMO takes into account some of the issues faced by the Individual City Defendants, a stay of

proceedings as to the Individual City Defendants is more appropriate in light of the criminal charges pending against them.

## IV. A STAY IS REQUIRED BECAUSE THE INDIVIDUAL CITY DEFENDANTS ALL CURRENTLY FACE CRIMINAL CHARGES AND THEIR FIFTH AMENDMENT RIGHTS MUST BE PROTECTED.

The Individual City Defendants all face serious criminal charges that are still pending in the Genesee County District and Circuit Court. As such, this Honorable Court should protect their Constitutional rights *in toto* by staying this matter as to them while the issue of qualified immunity is resolved on appeal and their criminal cases are resolved.

This Honorable Court should issue a stay as to the Individual City Defendants because the factors to be weighed weigh heavily in favor of issuing a stay and protecting the Fifth Amendment rights of the Individual City Defendants. "The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the cases in its docket with economy of time and effort for itself, for counsel and for litigants, and the entry of such an order ordinarily rests with the sound discretion of the District Court." *F.T.C. v. E.M.A. Nationwide, Inc.*, 767 F.3d 611, 626–27 (6th Cir. 2014).

While there is no constitutional requirement that a court stay a civil matter when there is a pending criminal matter, a court must balance the interests of the parties asserting their Fifth Amendment rights against any prejudice resulting to the

13

other parties. *E.M.A. Nationwide*, 767 F.3d at 627. When Fifth Amendment rights are implicated in a civil case because of a pending criminal prosecution or pending investigation, a postponement of civil discovery until the termination of the criminal action can be an appropriate remedy. *See United States v. Kordel*, 397 U.S. 1, 9, 12 (1970). "[D]istrict courts have 'broad discretion in determining whether to stay a civil action while a criminal action is pending or impending.'" *E.M.A. Nationwide*, 767 F.3d at 627 (*quoting Chao v. Fleming*, 498 F. Supp. 2d 1034, 1037 (W.D. Mich 2007)).

District Courts generally employ a six factor balancing test to determine if a stay should issue in matters similar to these consolidated cases. *Id.*; *see also Chao*, 498 F. Supp. 2d at 1037. District Courts generally consider and balance the following factors:

1. The extent to which the issues in the criminal case overlap with those presented in the civil case;

2. The status of the case, including whether the defendants have been indicted;

3. The private interests of the plaintiffs in proceeding expeditiously weighed against the prejudice to plaintiffs caused by the delay;

4. The private interests of and burden on the defendants;

5. The interests of the courts; and

6. The public interest.

14

*E.M.A. Nationwide*, 767 F.3d at 627. Further, District Courts should consider

"'the extent to which the defendant's fifth amendment rights are implicated.'" *Id.*

(*quoting Keating v. Office of Thrift Supervision*, 45 F.3d 322, 324 (9th Cir. 1995)).

In *Chao*, the court explained the applicable law as follows:

> [S]imultaneous criminal and civil cases involving the same or closely related facts may give rise to Fifth Amendment concerns sufficient to warrant a stay of the civil proceedings. 'Courts are afforded th[e] discretion [to grant a stay] because the denial of a stay could impair a party's Fifth Amendment privilege against self-incrimination, extend criminal discovery beyond the limits set forth in Federal Rule of Criminal Procedure 16(b), expose the defense's theory to the prosecution in advance of trial, or otherwise prejudice the criminal case.'

*Chao*, 498 F. Supp. 2d at 1037 (*quoting Trs. of Plumbers & Pipefitters Nat'l Pension Fund v. Transworld Mech., Inc.*, 886 F. Supp. 1134, 1138 (S.D. N.Y. 1995)).

**1.   The first factor, the extent to which the issues in the criminal cases overlap with those presented in the civil cases, overwhelmingly favors a stay.**

"[T]he extent to which the issues in the criminal case overlap with those in the civil case, is regarded as 'the most important factor' because '[i]f there is no overlap, then there would be no danger of self-incrimination and no need for a stay.'" *Id.* at 1039 (*quoting Metzler v. Bennett*, No. 97-CV-148 (RSP/GJD), 1998 WL 187454, at *6 (N.D.N.Y. Apr. 15, 1998) (citing *Trs. of Plumbers & Pipefitters Nat'l Pension Fund*, 886 F.Supp. at 1139)). "One court has observed that 'the strongest case for deferring civil proceedings until after completion of criminal proceedings is

15

where a party under indictment for a serious offense is required to defend a civil or administrative action involving the same matter.'" *Id.* (*quoting Sec. & Exch. Comm'n v. Dresser Indus.*, 628 F.2d 1368, 1375-76 (D.C. Cir. 1980). The facts of this case make the first factor, "the most important factor," weigh heavily in favor of granting a stay.

Mr. Earley, Mr. Ambrose, and Mr. Croft are currently charged with felonies that stem from the same substantive factual and legal issues and allegations of these cases. The CACC uses, in conjunction with other allegations, the criminal charges levied against the Individual City Defendants as a basis for its civil causes of action. Dkt. 620-3 at 116, ¶¶ 355-356.

There can be no dispute that the Individual City Defendant's Fifth Amendment rights are implicated based on the factual and legal similarities contained in their pending or potential criminal charges when compared with those raised in this civil litigation. For example, the CACC purports to pursue claims on behalf of a proposed class of Flint water users that have been damaged by the events commonly known as the Flint Water Crisis, and all criminal charges against the Individual City Defendants arise out Mr. Earley and Mr. Ambrose's roles as former Emergency Managers for the City of Flint and Mr. Croft's employment as former Director of Public Works for the City of Flint during the time of the Flint Water Crisis. The near complete over-lap of factual issues between the criminal charges

16

and these matters clearly weighs in favor of a stay as to the Individual City Defendants and is nearly dispositive by itself in this matter.

### 2. The second factor, the status of the case, including whether the defendants have been indicted, greatly favors a stay.

Generally, cases where defendants have not been indicted result in the District Court denying a stay. *See generally Estate of Joann Matouk Romain v. City of Grosse Pointe Farms*, 2016 WL 537773 (E.D. Mich. Feb. 11, 2016); *Newell v. City of Wayne*, 2013 WL 461613 (E.D. Mich. Aug. 29, 2015); *United States ex rel. Shank v. Lewis Enters., Inc.*, No. 04-cv-4105-JPG, 2006 WL 1064072 (S.D. Ill. Apr. 21, 2006); *State Farm Mut. Auto. Ins. Co. v. Beckham-Easley*, No. Civ. A. 01-5530, 2002 WL 31111766 (E.D. Pa. Sept. 18, 2002); *In re Par Pharm., Inc. Sec. Litig.*, 133 F.R.D. 12, 13-14 (S.D.N.Y. Oct. 31, 1990). However, "[a] stay should not be categorically denied solely because the defendant has not yet been indicted." *Chao*, 498 F. Supp. 2d at 1038 (*citing Walsh Secs., Inc. v. Cristo Prop. Mgmt., Ltd*., 7 F.Supp.2d 523, 527 (D.N.J. 1998)). While there is no requirement that a party be indicted to receive a stay, such an indictment will weigh in favor of the issuance of a stay. *See Wehling v. Columbia Broadcasting Sys*., 608 F.2d 1084, 1088-89 (5th Cir. 1979) (finding that the district court abused its discretion in refusing to stay discovery despite only a threat of indictment). When a defendant has been indicted, the second factor weighs heavily in favor of granting a stay. In *E.M.A. Nationwide*, the Court stated that:

17

> A stay of a civil case is most appropriate where a party to the
> civil case has already been indicted for the same conduct for
> two reasons: first, the likelihood that a defendant may make
> incriminating statements is greatest after an indictment has
> issued, and second, the prejudice to the plaintiffs in the civil
> case is reduced since the criminal case will likely be quickly
> resolved due to Speedy Trial Act considerations.

*E.M.A. Nationwide*, 767 F.3d at 628 (*quoting Trs. of Plumbers & Pipefitters Nat'l Pension Fund*, 886 F. Supp. at 1139).

Mr. Earley, Mr. Ambrose, and Mr. Croft are currently charged with multiple felonies arising from allegations related to this litigation. Mr. Earley and Mr. Croft's cases are in the 67th District Court pending the conclusion of their Preliminary Examinations. Mr. Ambrose's case is pending trial in the 7th Circuit Court. The likelihood and danger that the Individual City Defendants may make incriminating statements during any discovery in these matters is great. The United States Supreme Court has "emphasized that one of the Fifth Amendment's basic functions . . . is to protect *innocent* men . . . who otherwise might be ensnared by ambiguous circumstances." *Ohio v. Reiner*, 532 U.S. 17, 21; 121 S. Ct. 1252 (2001) (internal citations omitted). Therefore, this factor weighs strongly in favor of a stay as to the Individual City Defendants and is also nearly dispositive by itself in this matter.

3.  **The third factor, the private interests of the Plaintiffs in proceeding expeditiously weighed against the prejudice to Plaintiffs caused by the delay, favors a stay.**

The third factor for this Court to weigh is "the private interests of the plaintiffs in proceeding expeditiously weighed against the prejudice to plaintiffs caused by the delay." *E.M.A. Nationwide*, 767 F.3d at 627. The *E.M.A. Nationwide* Court noted that "the prejudice to the plaintiffs in the civil case is reduced since the criminal case will likely be quickly resolved due to Speedy Trial Act considerations." *Id*. at 628 (*quoting Trs. of Plumbers & Pipefitters Nat'l Pension Fund*, 886 F. Supp. at 1139). The charged Individual City Defendants have similar rights to a speedy trial under Michigan Court Rule 6.004(A) ("The defendant and the people are entitled to a speedy trial and to a speedy resolution of all matters before the court. Whenever the defendant's constitutional right to a speedy trial is violated, the defendant is entitled to dismissal of the charge with prejudice."). Importantly, a stay as to the Individual City Defendants would not preclude Plaintiffs from being able to move forward in this matter against other defendants.

Further, interference with parallel civil litigation is more tolerable when the plaintiffs are only seeking money judgments for past harm rather than an injunction against a present infringement of plaintiffs' rights. *See Gordon v. F.D.I.C.*, 427 F.2d 578, 580 (D. D.C. 1970) ("the Government's need for civil relief, which involves merely the collection of money, is not as strong as that in *Kordel*, which involved a

libel brought by the FDA against certain drugs."). In this matter, the Individual City Defendants are unable to provide injunctive or equitable relief to Plaintiffs, thus leaving Plaintiffs to seek only monetary damages from them. As Plaintiffs can only seek monetary damages against the Individual City Defendants, a stay as to the Individual City Defendants does not burden Plaintiffs as much as if they were seeking injunctive relief from them. Finally, if a stay is issued as to the Individual City Defendants, Plaintiffs may still proceed against other defendants, such as the professional engineering firms, and seek monetary damages from those defendants, thus reducing any fiscal burden caused by a stay. Therefore, the third factor weighs in favor of a stay.

**4.    The fourth factor, the private interests of and burden on the Defendants, favors a stay.**

With respect to the Fifth Amendment privilege against self-incrimination, the Individual City Defendants are exposed to the horns of a dilemma: either they testify and participate fully in the civil proceedings, thereby jeopardizing their defenses in the criminal cases, or they invoke the privilege in the civil proceedings and risks adverse judgments. The undue prejudice and substantial interference with the Individual City Defendants' constitutional rights presented by the dual civil and criminal matters is pronounced and the risk for self-incrimination is high. A number of courts have held that relief from discovery may be necessary to protect substantial rights under "special circumstances" where concurrent civil and criminal

prosecutions are in issue. Courts issuing discretionary stays based on Fifth Amendment considerations have relied on the apparent unfairness of forcing a litigant to choose between invoking the Fifth Amendment in a civil case, thus risking loss there or answering questions in the civil context, thus risking subsequent criminal prosecution. *See generally Arden Way Assocs. v. Boesky*, 660 F. Supp. 1494 (S.D. N.Y. 1987).

Numerous other civil proceedings have been stayed, in whole or in part, when continuing them would expose a litigant to an undue risk of losing the civil case or facing criminal prosecution. *See Chao*, 498 F. Supp. 2d at 1040-41 (temporarily staying civil proceedings pre-indictment after weighing the six factors); *see generally National Discount Corp. v. Holzbaugh*, 13 F.R.D. 236 (E.D. Mich. 1952) (deposition stayed in civil action wherein "the fabric of the fraud is identical with the fraud embraced by the allegations contained in the criminal proceedings now pending"); *Wehling v. Columbia Broadcasting Sys.*, 608 F.2d 1084 (5th Cir. 1979) (case stayed until statute of limitations ran on potential criminal prosecution); *United States v. A Certain Parcel of Land, Moultonboro*, 781 F. Supp. 830, 834 (D. N.H. 1992) ("Court should endeavor to accommodate the claimant's fifth amendment rights in forfeiture proceedings."); *Clark v. United States*, 481 F. Supp. 1086 (S.D.N.Y. 1977) (deposition stayed); *Dienstag v. Bronsen*, 49 F.R.D. 327 (S.D.N.Y. 1970) (protective order granted/deposition stayed); *see generally Afro-Lacon, Inc. v.*

*United States*, 820 F. 2d 1198 (Fed. Cir. 1987) (denial of stay reversed and remanded to district court for balancing of interest in stay against prejudice of delay); *Black Panther Party v. Smith*, 661 F.2d 1243 (D.C. Cir. 1981) (case remanded for reconsideration of dismissal based upon invocation of First and Fifth Amendment privileges against discovery); *United States v. U.S. Currency*, 626 F.2d 11 (6th Cir. 1980) (dismissal reversed, "[c]learly, appellees should not be compelled to choose between the exercise of their Fifth Amendment privilege and the substantial sums of money which are the subject of this forfeiture proceeding. Therefore, the courts must seek to accommodate both the constitutional right against self-incrimination as well as the legislative intent behind the forfeiture provision."); *Campbell v. Gerrans*, 592 F.2d 1054 (9th Cir. 1979) (dismissal based upon refusal to answer four of the thirty-four "questionable" interrogatories reversed).

All forms of discovery directed at the Individual City Defendants present the potential for the invocation or waiver of their Fifth Amendment rights. Responding at a deposition or to an interrogatory requires a party to answer under oath by making statements in response that may be testimonial in nature. Additionally, because a defendant may invoke his Fifth Amendment rights with regard to the production of documents where the very act of production would be incriminating, the failure to invoke the privilege against self-incrimination may constitute a waiver of that privilege. *See United States v. Doe*, 465 U.S. 605, 612 (1984) ("Although the

22

contents of a document may not be privileged, the act of producing the documents may be. A subpoena compels the holder of the document to perform an act that may have testimonial aspects and an incriminating effect."). "[T]here are testimonial and potentially incriminating communications inherent in the act of responding to a subpoena which may themselves be protected by the Fifth Amendment." *U.S. v. Hubbell*, 167 F.3d 552 (D.C. Cir. 1999), affirmed, 120 S. Ct. 2037 (1999). Therefore, the fourth factor weighs in favor of a stay as to the Individual City Defendants so that they are not faced with choosing to defend themselves fully in either the civil proceedings or criminal proceedings they are parties to.

> **5.    The fifth factor, the interests of the court, favors a stay.**

The fifth consideration examines the interests of courts in docket management and the expeditious resolution of cases. *See Chao*, 498 F. Supp. 2d at 1040. As the court found in *Chao*, without a stay as to the Individual City Defendants in this matter, the Court will be burdened with having to deal with defendants likely repeatedly asserting their Fifth Amendment rights. Court resources would be best used by staying this matter as to the Individual City Defendants until the resolution of their criminal matters, as they may ultimately simplify certain issues, reduce the scope or eliminate the need for discovery, or result in the settlement of the case if one or more defendants are convicted. *See id.* at 1038, 1040 (*citing Brock v. Tolkow*,

109 F.R.D. 116, 120 (E.D. N.Y. 1985); *In re Adelphia Commc'ns Sec. Litig.*, 2003 WL 22358819, at *5 (E.D. Pa. 2003).

Staying this matter as to the Individual City Defendants makes efficient use of judicial resources by ensuring that common issues of fact will be resolved and subsequent civil discovery will proceed unobstructed by concerns regarding self-incrimination. Should discovery against the Individual City Defendants proceed without a stay, a number of issues would arise pertaining to the discoverability of testimony, various documents and other evidence that would likely require the Court's intervention. As such, the fifth factor weighs in favor of a stay as to the Individual City Defendants.

**6. The sixth factor, the public interest, favors a stay.**

In *Brock*, cited by *Chao* at 1038, the court granted a pre-indictment stay due to a pending civil matter and potential indictment for the same issues because the court found that a stay would not cause serious damage to the public interest because there were no allegations of continuing or threatened injury that might result from the stay. *Brock*, 109 F.R.D. at 120. The court also found that the public interests balanced against the defendants' Fifth Amendment protections weighed in favor of a stay because their decision to invoke their Fifth Amendment rights could greatly increase the chance that they would be found liable in the civil action. *See id*. Finally, the court observed that while criminal prosecutions can take some time to complete,

a stay would not necessarily delay enforcement of the public interests "because a criminal prosecution serves to enforce those same interests." *Id*. at 121; *see also S.E.C. v. Healthsouth Corp*., 261 F. Supp. 2d 1298, 1326 (N.D. Ala. 2003) (granting a pre-indictment stay where the indictment was "an eventuality" and "the harm to defendant … from blindly pushing ahead with this matter [would] greatly outweigh the prejudice to the SEC from a stay of this civil proceeding").

Just as in the *Chao* and *Brock* cases, the public has an interest in this civil litigation, but the public as a whole has a far greater interest in the resolution of the criminal charges faced by the Individual City Defendants. Therefore, the sixth factor weighs in favor of a stay as to the Individual City Defendants.

## CONCLUSION AND REQUEST FOR RELIEF

A stay as to the Individual City Defendants is appropriate because: (1) issues of qualified immunity should be resolved by the Circuit Court before the Individual City Defendants are subject to further litigation; (2) beyond resolution of issues of qualified immunity, the four factor test favors a stay as to the Individual City Defendants; (3) the CMO does not adequately protect the Individual City Defendants' rights; and (4) the protection of the Individual City Defendants' Fifth Amendment rights require a stay in this matter. The Individual City Defendants thus respectfully request that this Court stay all further proceedings in this case pending their appeal from this Court's April 1, 2019 Opinion and Order.

25

**Respectfully Submitted,**

*Attorneys for Defendant*
*Gerald Ambrose*

*/s/  Barry A. Wolf (w/consent)*
BARRY A. WOLF (P40709)
Law Office of Barry A. Wolf, PLLC
503 S. Saginaw Street, Suite 1410
Flint, MI  48502
Ph.: (810)762-1084
E: bwolf718@msn.com

*Attorneys for Defendant*
*Howard Croft*

*/s/ Alexander S. Rusek*
ALEXANDER S. RUSEK (P77581)
White Law PLLC
2549 Jolly Road, Suite 340
Okemos, MI 48864
Ph.: (517)316-1195
E: alexrusek@whitelawpllc.com

*Attorneys for Defendant*
*Darnell Earley*

*/s/ Todd Perkins (w/consent)*
TODD PERKINS (P55623)
Perkins Law Group
615 W. Griswold Suite 400
Detroit, MI 48226
Ph.: (313)964-1702
E: tperkins@perkinslawgroup.net

26

## CERTIFICATE OF SERVICE

I hereby certify that on May 10, 2019, I electronically filed the above document with the Clerk of the Court using the Court's ECF system, which will send notification of such filing to all counsel of record.

**Respectfully Submitted,**

*/s/ Alexander S. Rusek*
ALEXANDER S. RUSEK (P77581)
White Law PLLC
2549 Jolly Road, Suite 340
Okemos, MI 48864
Ph.: (517)316-1195
E: alexrusek@whitelawpllc.com

27