# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| *In re* Flint Water Cases. | Judith E. Levy |
| | United States District Judge |
| _____/ | |

This Order Relates To:

ALL CASES

_____/

## ORDER REGARDING MATTERS DISCUSSED AT
## THE MAY 15, 2019 STATUS CONFERENCE

The Court held a status conference regarding its pending Flint water litigation on May 15, 2019. The Court now orders as follows:

**I. Outstanding Motions**

For the reasons set forth on the record, the *Guertin* plaintiffs' motion for appointment of liaison appellate counsel is **DENIED**. (Case No. 16-cv-10444; Dkt. 786.) Additionally, Veolia has voluntarily agreed to withdraw its motion to strike the proposed classes. (Dkt. 275.) Interim class counsel are ordered to seek concurrence from defendants regarding the timeline for filing their revised class definitions. If an agreement

cannot be reached by **May 29, 2019**, the Court will set the date for revised class definitions to be filed.

### II. Update on *Walters*, *Sirls*, and *Marble*

The Court will issue a ruling on plaintiffs' motion to amend the master complaint in *Walters v. Flint* (Case No. 17-cv-10164; Dkt. 185) and defendants' motions to dismiss in *Walters* and *Sirls v. Michigan*, 17-cv-10342, as soon as possible. Once issued, plaintiffs in *Marble v. Snyder*, 17-cv-12942, and *Brown v. Snyder*, 18-cv-10726, shall have fourteen days to amend their short-form complaints to incorporate the operative master complaint. The Court grants them leave to do so and to incorporate any additional facts and claims that they have previously raised, if necessary. But to the extent plaintiffs wish to include new facts and claims, they will need to seek leave to include them. Once the *Marble* and *Brown* short form complaints are amended, the Court will set a briefing schedule for defendants to file their responsive pleadings.

### III. Case Management Plan

Defendants McLaren Regional Medical Center and Hurley Hospital are not exempt from the recently entered Case Management Order ("CMO"). (Case No. 16-10444; Dkt. 827.) Because neither McLaren nor

Hurley have yet filed an answer, they will be treated as non-parties for the purposes of discovery until such time as they do. (*Id.* at 1.)

Defendant the City of Flint has filed an answer (Dkt. 858), becoming a party to discovery under the terms of the CMO. (Dkt. 827 at 1.) The CMO permits a defendant to individually serve five interrogatories on each named *Carthan* plaintiff. (*Id.* at 10.) For the reasons set forth on the record, it was agreed that defendants who answer after April 30, 2019, will be allowed to individually serve ten interrogatories. The Court will issue an amended case management order to reflect this change.

Several of the individual city defendants have filed a motion to stay all proceedings against them.[1] (Dkt. 847.) The Court will review this motion once responses are filed. If it has not already ruled on the motion, the Court will hear oral argument on it during the next status conference on June 19, 2019. These defendants do not need to answer until further ordered to do so.

---

[1] This includes Gerald Ambrose, Howard Croft, and Darnell Earley.

3

## IV. Plaintiff Fact Sheets

The Court granted defendant Veolia leave to amend the plaintiff fact sheet in several respects. Veolia is ordered to file the revised plaintiff fact sheet by **May 22, 2019**.

## V. Non-Party Documents Only Subpoenas

Co-liaison counsel for the individual plaintiffs and counsel for defendant Veolia will submit a proposed order finalizing the revised non-party documents only subpoena process by **May 22, 2019**.

## VI. Plaintiff Authorizations in *Carthan*

Class plaintiffs are ordered by **May 29, 2019**, to file a list of what they believe constitutes an allegation of ordinary emotional harm (garden variety) in contrast to that of a specific mental health condition. Defendants may respond by **June 5, 2019**. The Court will then rule on the extent to which class plaintiffs must release their mental health records.

Defendants are entitled to receive the medical and educational records of each minor plaintiff, covering the lifetime of those plaintiffs. Defendants are also entitled to receive the medical records of each adult plaintiff, but only those covering the ten year period leading up to February 28, 2019. Defendants are not entitled to receive records relating

to HIV/AIDS or substance abuse at this time. However, they may petition the Court to compel the further release of any type of plaintiff record upon a showing of individualized cause.

### VII. Coordination of Cases Involving the EPA

On April 18, 2019, Judge Parker issued an opinion and order in *Burgess v. United States* denying the United States' motion to dismiss. (Case No. 17-cv-11218; Dkt. 76.) She also gave the government until June 7, 2019, to answer the complaint or to file a motion to certify her decision for interlocutory appeal. (Dkt. 78.) The Court will revisit coordination with *Burgess* and other related cases after that date.

### VIII. Scheduling of Next Status Conference

The next status conference will be held on **June 19, 2019 at 2:00pm** in Ann Arbor, Michigan. Parties are to file proposed agenda items in Case No. 16-cv-10444 by **June 5, 2019**. Individual liaison counsel should collect proposed agenda items from all counsel

representing individual plaintiffs and submit those proposed items as a single filing. The Court will issue an agenda by **June 12, 2019**.

    IT IS SO ORDERED.

Dated: May 17, 2019            s/Judith E. Levy
    Ann Arbor, Michigan       JUDITH E. LEVY
                                         United States District Judge

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on May 17, 2019.

                                         s/Shawna Burns
                                         SHAWNA BURNS
                                         Case Manager