## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

*In re* Flint Water Cases.                    Judith E. Levy
                                              United States District Judge

_____/

This Order Relates To:

ALL CASES

_____/

### ORDER GRANTING IN PART AND DENYING IN PART THE STATE DEFENDANTS' MOTION FOR A STAY OF DISCOVERY [685] AND THE MDEQ DEFENDANTS' MOTION FOR A STAY OF DISCOVERY [693]

Throughout this litigation, all of the government defendants have claimed immunity in various forms. The Court has ruled and continues to rule on these claims as expeditiously as possible. Other defendants have no claim to immunity and have begun discovery pursuant to the Case Management Order ("CMO") entered on April 30, 2019. (Dkt. 827.) However, the state and MDEQ defendants argue that they should be shielded from all participation in this litigation.[1] Before the Court are

---

[1] The state defendants include the State of Michigan, the Flint Receivership Transition Advisory Board, former Governor Rick Snyder, Nick Lyon, Eden Wells,

their motions to stay all discovery across the Flint Water Cases until their claims of immunity have been decided by this Court, the Sixth Circuit, and the United States Supreme Court, if necessary. For the following reasons, the Court grants in part and denies in part these motions. The state and MDEQ defendants are entitled to a stay of discovery on claims for which they continue to litigate the issue of immunity. In all other respects, discovery will continue. The terms of the CMO control, and the state and MDEQ defendants must adhere to them.

## I.    Background

This litigation is comprised of many individual and class actions. In each case, plaintiffs have alleged that the government defendants, including the state and MDEQ defendants, violated the rights guaranteed to them by the United States Constitution. In the cases selected to be addressed first, the government defendants filed motions to dismiss. They did so in part on the basis of sovereign, absolute, and qualified immunity.

---

and Andy Dillon. The MDEQ defendants include Michael Prysby, Patrick Cook, Liane Shekter Smith, Bradley Wurfel, Daniel Wyant, and Stephen Busch.

2

On June 5, 2017, in *Guertin v. Michigan*, the Court ruled on the first set of these motions. The Court granted almost all of the government defendants' assertions of immunity. But it denied some of the government defendants' claim to qualified immunity with respect to a single count: plaintiffs had sufficiently pleaded that some of the government defendants violated their right to bodily integrity and that this right was clearly established. No. 16-cv-12412, 2017 U.S. Dist. LEXIS 85544, at *63–73 (E.D. Mich. June 5, 2017).[2]

The government defendants appealed and the Sixth Circuit affirmed in part and reversed in part. Importantly, the Sixth Circuit left standing the Court's central holding that at this stage of the litigation these defendants could not claim qualified immunity with respect to plaintiffs' right to bodily integrity. *Guertin v. Michigan*, 912 F.3d 907, 917–35 (6th Cir. 2019). However, the Sixth Circuit's remand required dismissal of several of the government defendants, including the state defendants and some of the MDEQ defendants. *Id.* Those remaining filed a motion for rehearing en banc. On May 16, 2019, that motion was

---

[2] Qualified immunity protects public officials from suit unless they violate a constitutional right that is "clearly established at the time[]" of the alleged misconduct. *Reichle v. Howards*, 566 U. S. 658, 664 (2012).

3

denied. No. 17-1699/1745, 2019 U.S. App. LEXIS 14480 (6th Cir. May 16, 2019).

The second set of motions to dismiss were addressed in *Carthan v. Snyder*. There, the Court also again granted most of the government defendants' assertions of immunity but denied their claim to qualified immunity with respect to the bodily integrity count. 329 F. Supp. 3d 369, 395–410 (E.D. Mich. 2018). The government defendants again appealed. In the interim, this Court vacated its decision so that it could consider a recently filed motion for leave to amend the complaint. (Dkt. 670.) As a consequence, the government defendants' appeals were dismissed by the Sixth Circuit. *Waid v. Snyder*, Nos. 18-1960, 18-1967, 18-1970, 18-1983, 18-1999, 18-2386, 18-2395, 18-2416, 18-2426, 2019 U.S. App. LEXIS 4839 (6th Cir. Feb. 19, 2019).

Around that time, the state and MDEQ defendants filed these motions to stay discovery. (Dkts. 685, 693.) The Court deferred ruling on them pending its resolution of the motion for leave to amend the complaint in *Carthan*. On April 1, 2019, the Court issued its decision, granting in part and denying in part that motion. (Dkt. 799.) At the same time, the Court adopted the proposed complaint and ruled on the refiled

4

motions to dismiss. (*Id.*) And the Court again denied qualified immunity on plaintiffs' bodily integrity claim. The government defendants have appealed, including the state and MDEQ defendants.

Shortly thereafter, the Court entered its first comprehensive CMO, setting forth the discovery schedule for defendants that had or will answer the complaint. The state and MDEQ defendants were and continue to be treated as non-parties pending the outcome of their qualified immunity appeals. (Dkt. 827 at 1.) The Court now returns to the state and MDEQ defendants' motions to stay all discovery.[3]

## II.   Analysis

The state and MDEQ defendants argue that all discovery must be stayed until their claims to qualified immunity are completely resolved on appeal. "The Court has no leeway on this matter," they suggest, as one of the purposes of immunity is to spare public officials from the unnecessary burden of discovery and pretrial preparation. (Dkt. 695 at 13–15.) And in their view, because plaintiffs' various claims are

---

[3] On October 30, 2017, the Court granted the government defendants' motion to stay in *Guertin* pending the outcome of their appeals on the issue of qualified immunity. No. 16-cv-12412, 2017 U.S. Dist. LEXIS 178890 (E.D. Mich. Oct. 30, 2017). At that time, no defendant had filed an answer in any Flint water case before this Court.

"inextricably connected," the Court must stay all discovery in every action comprising the Flint Water Cases. (*Id.* at 18–20 ("The Court is not authorized to proceed with discovery while the outstanding assertions of immunity remain unresolved.").)

It is well established that qualified immunity grants "immunity from suit rather than a mere defense to liability." *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985). Accordingly, courts must take care to ensure that government officials are not subjected to unnecessary and burdensome discovery until issues of immunity have been resolved at the earliest opportunity. *Crawford-El v. Britton*, 523 U.S. 574, 597 (1998). This entitlement is justified in part by the strong public interest in protecting officials from the costs associated with litigation. *Harlow v. Fitzgerald*, 457 U.S. 800, 817–19 (1982). Litigation may divert officials from their duties, inhibit future discretionary action, and deter able people from entering public service. *Skousen v. Brighton High Sch.*, 305 F.3d 520, 526 (6th Cir. 2002).

With this in mind, the state and MDEQ defendants will not be subjected to discovery with respect to the sole allegation against them, which is that they violated plaintiffs' right to bodily integrity, until they

6

have exhausted their opportunities to pursue their qualified immunity claim on appeal. To this extent, the motions to stay are granted.

The right to immunity is not a right to immunity from litigation in general; it is a right to immunity from certain claims. *Behrens v. Pelletier*, 516 U.S. 299, 312 (1996). An official's assertion of immunity can reduce the scope of discovery, but it may not eliminate it. *McLaurin v. Morton*, 48 F.3d 944, 949 (6th Cir. 1995). Where a plaintiff alleges multiple claims, discovery and other pretrial proceedings may go forward, limited to any issue for which there is no claim to immunity. *Int'l Action Ctr. v. United States*, 365 F.3d 20, 23–24 (D.C. Cir. 2004) (Roberts, J.).[4] This is true even where a denial of qualified immunity is pending on interlocutory appeal. *Alice L. v. Dusek*, 492 F.3d 563, 565 (5th Cir. 2007); *see Beier v. City of Lewiston*, 354 F.3d 1058, 1064 (9th Cir. 2004); *Leaf v. Shelnutt*, 400 F.3d 1070, 1078 (7th Cir. 2005).

As such, the Court is under no obligation to stay discovery across all actions in the Flint Water Cases. Plaintiffs have counts pending against other defendants that have filed answers and are ready to defend

---

[4] A public official may even be ordered to go to trial on a claim for which there is immunity, if the issue of immunity hinges on a genuine issue of material fact. *Int'l Action Ctr.*, 365 F.3d at 23–24.

their positions. Indeed, discovery has begun among plaintiffs and these defendants. The Court has the authority to order any party to participate in discovery on claims for which no immunity exists, irrespective of whether they are appealing the denial of immunity on other claims. *Alice L*, 492 F.3d at 565. It follows that the Court can order discovery to proceed with respect to these other defendants.

While discovery proceeds, the state and MDEQ defendants must participate in it to the extent necessary. *See Crawford-El*, 523 U.S. at 597. If the state and MDEQ defendants are eventually dismissed as a result of their pending appeals, they will still be required to respond to discovery as a non-party. So in the interim, this litigation will go forward and the state and MDEQ defendants are required to respond to discovery requests as if they were already dismissed from the case. After all, the "driving force" behind immunity is the avoidance of *unwarranted* discovery, *Pearson v. Callahan*, 555 U.S. 223 (2009), not all discovery even if inevitable. The Court's recently entered CMO recognizes this fact. It states that "[a]ny defendant to which this order does not apply shall be treated as a non-party for the purposes of discovery . . . ." (Dkt. 827 at 1.) The state and MDEQ defendants must comply with this order.

8

The state and MDEQ defendants also argue that the need to stay all discovery is so strong that any denial of their motions will be immediately appealable as an implicit denial of qualified immunity. (Dkt. 685 at 14; Dkt. 693 at 2.) But the cases defendants cite in support of this argument relate to a different situation: where a court lets discovery proceed and avoids ruling on the issue of qualified immunity. *E.g.*, *Everson v. Leis*, 556 F.3d 484, 491 (6th Cir. 2009) (district court was wrong to let discovery continue once defendants raised the issue of qualified immunity in a motion for summary judgment); *Skousen*, 305 F.3d at 522 (district court was mistaken to deny qualified immunity motion for summary judgment for the reason that discovery was not yet complete); *Smith v. Leis*, 407 F. App'x 918, 922–26 (6th Cir. 2011) (district court's decision not to rule on defendants' motion for summary judgment raising claims of immunity was immediately appealable). That is not the situation here. The Court is addressing defendants' qualified immunity claims as they are raised, and as quickly as possible.

## III. Conclusion

Accordingly, the Court **GRANTS** in part the state defendants' motion for a stay of discovery (Dkt. 685) and **GRANTS** in part the MDEQ

defendants' motion for a stay of discovery. (Dkt. 693). Discovery is stayed on claims for which these defendants have outstanding assertions of immunity pending on appeal. However, in all other respects, the state and MDEQ defendants' motions are **DENIED**. These defendants will be treated as non-parties to discovery, as described in the recently entered CMO.

Dated: May 20, 2019                    s/Judith E. Levy
       Ann Arbor, Michigan           JUDITH E. LEVY
                                     United States District Judge