**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

*In re* Flint Water Cases.

Judith E. Levy
United States District Judge

_________________________________/

This Order Relates To:

ALL CASES

_________________________________/

**FIRST AMENDED ORDER REGARDING NON-PARTY DOCUMENTS-ONLY SUBPOENAS**

Upon motion of multiple parties to these actions, and in the interest of efficiency, economy, and fairness, it is hereby ORDERED as follows:

1. This order applies to subpoenas issued in the Flint Water Cases to non-parties who are commanded by the subpoena to produce documents, electronically stored information, and tangible things but who are not commanded by the subpoena to provide testimony. This order supplements, but does not replace, the provisions addressing the same subject matter set forth in the Court's Order Regarding Matters Discussed at the April 16, 2018 Status Conference. (ECF No. 452.) This

order shall remain effective except as modified by further court order or by stipulations entered on the docket in Case No. 16-cv-10444.

2. Interim Lead Counsel for the Putative Class, Co-Liaison Counsel, and/or any defendant may cause a subpoena to be properly served on a non-party in accordance with Federal Rule of Civil Procedure 45 or with the non-party's agreement to accept service by other means. Once an attorney drafts a non-party documents-only subpoena, he or she shall share the draft with counsel for the parties to the litigation as defined by the Case Management Order, or its then current iteration, who shall then have five business days to provide constructive comments, as well as to propose additional categories of documents, which proposals shall be shared with all counsel upon whom the draft was served. With regard to subpoenas proposed and not served prior to entry of this order, the foregoing five business day period shall commence upon issuance of this order. The subpoena's originator may incorporate the proposed changes to the draft subpoena. After five business days have passed, the subpoena's originator may serve the subpoena in accordance with the Federal Rules of Civil Procedure or pursuant to an agreement with the non-party to accept service (the "Initial Subpoena"), and shall deliver a

copy of such issued subpoena to all parties of record. Within 5 business days of the service of the Initial Subpoena, counsel for the remaining parties to the litigation may serve a supplemental subpoena on the same non-party requesting additional categories of documents not included in the original subpoena ("Supplemental Subpoena") and shall deliver a copy of such issued subpoena to all parties of record. The lawyer serving the Initial Subpoena shall at the time of such service advise the non-party that Supplemental Subpoenas may be served by the other parties to the litigation within 5 business days and that the non-party should produce the documents requested by all subpoenas in a contemporaneous production, provided that the production required by the Initial Subpoena and each Supplemental Subpoena shall be made upon counsel for each such requesting party, or that counsel's document or copy service provider.

3. Prior to service of the Initial Subpoena, any party to the litigation may choose to be a co-signatory of the Initial Subpoena by advising the originator of that intent, and once so advised, the originator shall include any such party as a co-signatory of the Initial Subpoena. After service of the Initial Subpoena, and after service of each Supplemental Subpoena,

each party to the litigation shall advise the originator(s) if that party would like to receive copies of the documents produced by the non-party. Counsel that has proposed changes to an Initial or Supplemental Subpoena is not deemed to be a signatory, or to have requested copies, regardless of whether the proposed changes were adopted by the originator.

4. Fifty percent of the costs associated with third party discovery shall be borne by plaintiffs and 50% of the costs associated with third party discovery shall be borne by defendants. As to how the defendants' costs shall be allocated, the following provisions in paragraphs 4A and 4B shall apply to the costs associated with the initial and any supplemental subpoena:

A. All defendants seeking discovery from a non-party shall contribute in equal shares to the costs associated with that discovery.

B. If a defendant that did not initially request or seek the discovery later wants access to the information, that party shall then become responsible for an equal share of the cost. The party or parties that initially requested the discovery shall maintain records of the costs incurred and the initial division of costs among defendants. If an

additional defendant joins in the request or seeks access to the discovery after the costs have been allocated among the initial defendants, the initial defendants shall reallocate the costs by including the new defendant and the new defendant shall reimburse the initial defendants. For example, if four defendants initially requested the discovery, each defendant shall pay 25% of the costs. If a fifth defendant later joins in the request, each defendant shall pay 20% of the costs and the new defendant shall reimburse each of the initial four defendants 5% of the costs. For the purposes of this process, a defendant shall mean an individual named person or entity.

C. The initial parties shall not provide access to the discovery materials to a new party unless and until the new party pays the required amount. This allocation formula shall apply retroactively and prospectively to all such discovery costs incurred in the Flint Water Cases. Accordingly, parties that now seek to utilize discovery materials previously obtained by and at the expense of other parties must reimburse the "paying parties" in accordance with the formula above.

D. Any disputes about these provisions may be brought to the Special Master or to the Court for resolution.

5. The signatories may, but need not, agree (unanimously) to identify in the subpoena itself one or more of themselves as persons who the non-party recipient should contact with questions about the subpoena. Agreements to modify the non-party documents-only subpoena, including without limitation to enlarge the time for responding to it, to change the specified place or manner of production of materials requested by it, or to modify the scope or description of the requested materials, must be unanimous by the signatories of the subpoena. If unanimity cannot be achieved with reasonable promptness, any signatory may contact the Special Master to schedule a telephone hearing to resolve the dispute.

6. If a non-party serves objections to a non-party documents-only subpoena or moves for a protective order with respect to the subpoena or to quash it, Interim Co-Lead Class Counsel may bring a motion on behalf of the plaintiffs named in the Consolidated Amended Class Action Complaint to compel compliance with all or part of the subpoena or may oppose in whole or in part the motion for a protective order or to quash; Plaintiffs' Co-Liaison Counsel may do likewise on behalf of the plaintiffs for whom they are counsel of record or at the request of any other

individual plaintiff's counsel of record; and counsel of record for any answering parties may do likewise on their clients' behalf. If and only if Plaintiffs' Co-Liaison Counsel refuse to bring a motion to compel compliance at the request of an individual plaintiff's counsel of record, or to oppose at the request of such other counsel of record a non-party's motion for a protective order or to quash, may such other individual plaintiff's counsel of record bring such a motion or file such opposition.

7. The attorney who receives a non-party's production in response to a documents-only subpoena shall without delay notify in writing Interim Co-Lead Class Counsel, Plaintiffs' Co-Liaison Counsel, and the lawyers representing the parties of his or her receipt of the production and shall thereafter provide copies of all or any parts of the production to the attorneys for parties to the Flint Water Cases who make written request and pay for them. Production to such other attorneys shall be in the same form and order as the materials were produced by the non-party unless otherwise agreed in writing and shall occur as soon as is reasonably feasible in light of the form and volume of the production. Transmission of the produced materials should be by the most economical means that is reasonably feasible, such as, for example, e-mail, FTP, or

other electronic means. In addition to payment to the non-party for the cost of responding to the subpoena, each party that receives a copy of the production must promptly reimburse the attorney who provided it for the reasonable actual copying and transmission cost incurred by that attorney in supplying the copy of the production.

8. Consistent with this Court's Order Preserving Certain Immunities and Defenses for Purposes of Limited Pre-Answer Discovery (ECF No. 467), joinder in or assent to the motion for entry of this order, and participation in the activities described in this order, does not constitute a waiver of any Fifth Amendment privilege or immunity, Eleventh Amendment privilege or immunity, qualified immunity, or other governmental immunity defenses.

Dated: June 20, 2019
Ann Arbor, Michigan

s/Judith E. Levy
JUDITH E. LEVY
United States District Judge