# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

*In re* Flint Water Cases.

Judith E. Levy
United States District Judge

_____/

This Order Relates To:

ALL CASES

_____/

## FIRST AMENDED CASE MANAGEMENT ORDER

This Case Management Order (CMO) shall not apply to those defendants who have not filed an answer, except as otherwise provided by Court order. Any defendant to which this order does not apply shall be treated as a non-party for the purposes of discovery, subject to the defendant's properly raised objection. Non-parties who have been previously identified as defendants shall be entitled to participate in discovery initiated by other parties. If and when any such defendants file an answer, such defendants shall be entitled to initiate discovery, the timing and manner of which shall then be established by this Court.

# Contents

I.  Preliminary Discovery ...................................................... 3

   A. Documents-Only Subpoenas to Non-Parties................................. 3

   B. Exchange of Freedom of Information Act Materials ...................... 3

II.  Written Discovery ........................................................... 5

   A. Privilege Logs .............................................................. 5

   B. Requests for Documents and Tangible Things ............................. 7

   C. Interrogatories ............................................................ 9

   D. Requests for Admission .................................................. 11

   E. Pending Criminal Charges ............................................... 12

III.  Requests for Entry, Inspection, Sampling, and Testing of Land... 12

IV.  Fact Witness Depositions ................................................. 14

   A. Testimonial Depositions ................................................. 14

   B. Depositions of Health Care Providers, and Education and Plumbing Professionals ................................................... 18

   C. Pending Criminal Charges ............................................... 19

V.  Plaintiff Examinations ..................................................... 19

VI.  Expert Witnesses ........................................................... 20

VII.  Class Certification in *Carthan* ......................................... 21

VIII. Bellwether Trial Proceedings in the Individual Cases ................. 22

   A. First Bellwether Pool Selection ....................................... 22

   B. Second Bellwether Pool Selection and Written Discovery ............ 23

   C. Third Bellwether Pool Selection and Further Discovery .............. 25

   D. Expert Depositions....................................................... 27

   E. Bellwether Trial Selection .............................................. 29

IX.  Pre-Trial Motions and Completion Date for Discovery................. 29

X.  Definitions .................................................................. 29

## I.      Preliminary Discovery

### A.      Documents-Only Subpoenas to Non-Parties

(1) The parties may serve subpoenas in accordance with the First Amended Order Regarding Non-Party Documents-Only Subpoenas. (ECF No. 888.)

### B.      Exchange of Freedom of Information Act Materials

(1) Within seven (7) days from entry of this CMO (May 7, 2019), Co-Lead Class Counsel and Co-Liaison Counsel will give written notice to counsel for defendants of documents and other information that they have obtained by means of Freedom of Information Act (FOIA) requests submitted pursuant to 5 U.S.C. § 552, Mich. Comp. Laws §§ 15.231–246, or any statute or regulation of similar purpose in any other state. This paragraph applies only to information obtained relating to the alleged contamination of the City of Flint water supply on or after April 25, 2014.

(2) The notice described above shall concisely identify the public person, agency, or entity that provided the FOIA response, approximately when the response was provided, the form in which it was provided, approximately how large the response was, and the general types of materials included in the response. Counsel who wish to obtain

copies of the materials identified in the notice may do so from the counsel who provided the notice, but must reimburse for the reasonable actual expense of providing them. Copies should be produced in the same form in which they were produced in response to the FOIA request unless they are no longer available in that form. Counsel have an obligation to ascertain the FOIA materials over which they have control.

(3) Within seven (7) days from entry of this CMO (May 7, 2019), counsel for defendants will give written notice to Co-Lead Class Counsel and Co-Liaison Counsel of documents and other information that they have obtained by means of Freedom of Information Act (FOIA) requests submitted pursuant to 5 U.S.C. § 552, Mich. Comp. Laws §§ 15.231–246, or any statute or regulation of similar purpose in any other state. This paragraph applies only to information obtained relating to the alleged contamination of the City of Flint water supply on or after April 25, 2014. The same procedures and requirements described in paragraph I.B(2) shall regulate the production of documents in this paragraph.

(4) All requests for FOIA information authorized under this Section shall be made no later than thirty-seven (37) days from entry of this CMO

(June 6, 2019). Production of documents shall be made within fourteen (14) days after a requesting party delivers its written request.

## II. Written Discovery

### A. Privilege Logs

(1) Each party must maintain a log of potentially Privileged Communications.

(2) No party must include in its privilege log Privileged Communications between the party or the party's employees and the attorneys who represent the party in the Flint Water Cases or related litigation. With defendants, this paragraph only applies to Privileged Communications created or occurring on or after the date that a complaint was filed naming the defendant as a party to the Flint Water Cases or a related matter in this Court or any other. With plaintiffs, this paragraph only applies to Privileged Communications that were had on or after the date that the plaintiff filed a complaint in the Flint Water Cases or a related matter in this Court or any other. This exception shall not apply to communications shared with someone other than the party, or the party's employees, attorneys, experts, or insurer.

(3) The parties are not required to log Privileged Communications that are shared among parties who share a Joint Defense Agreement or Common Interest Agreement.

(4) No plaintiff must include in its privilege log confidential communications between the plaintiff's attorneys and Co-Lead Class Counsel or Co-Liaison Counsel, if the communications relate to matters within the scope of their duties. Similarly, no defendant in any Flint Water Case must include in its privilege log confidential communications between that defendant's attorneys and members of the Defense Executive Committee, if the communications relate to matters within the scope of their duties.

(5) No plaintiff who is also a plaintiff in a Genesee County case included within that court's Flint Water Litigation must include in its privilege log confidential communications between the plaintiff's attorneys and Lead Co-Liaison Counsel and Lead Class Action Counsel as appointed by the Genesee County Circuit Court, if the communications relate to matters within the scope of their duties. Similarly, no defendant who is also a defendant in a Genesee County action included within that court's Flint Water Litigation must include in its privilege log

confidential communications between the defendant's attorneys and the Lead Defense Counsel and Defendants' Lead Class Action Counsel as appointed by the Genesee County Circuit Court, if the communications relate to matters within the scope of their duties.

(6) The failure to include in a privilege log any Privileged Communication exempted by this section shall not constitute a waiver of the privilege.

(7) As used in this Section, references to an attorney includes other attorneys and employees in an attorney's firm, outside counsel, contract attorneys, and legal services vendors hired by an attorney's firm. With respect to parties that are not natural persons, it also includes in-house attorneys and other employees on the party's legal staff and legal services vendors hired by the party.

## B.   Requests for Documents and Tangible Things

(1) Beginning seven (7) days from entry of this CMO (May 7, 2019), Co-Lead Class Counsel and Co-Liaison Counsel may serve requests for production of documents and tangible things on defendants. These counsel will coordinate so that defendants shall not need to respond to the same request twice. Beginning seven (7) days from entry of this CMO

7

(May 7, 2019), counsel for defendants may also serve requests for production of documents and tangible things on the named plaintiffs in the consolidated putative class action *Carthan v. Snyder*, No. 16-cv-10444. However, no defendant may serve such requests on any named plaintiff whose claims against that defendant have been dismissed in their entirety.

(2) Beginning seven (7) days from entry of this CMO (May 7, 2019), each defendant may serve requests for production of documents and tangible things on other defendants. However, no defendant may serve such requests on any defendant which is not a current codefendant with it in at least one of the Flint Water Cases.

(3) Parties shall follow Federal Rule of Civil Procedure 34(b)(2)(A) in responding to requests for production of documents and tangible things. Within ninety-seven (97) days from entry of this CMO (August 5, 2019), parties shall substantially complete requests for production of documents and tangible things ("Substantial Completion"), with the exception that this deadline only applies to requests made within fourteen (14) days from entry of this CMO (May 14, 2019).

(4) Counsel for defendants shall serve requests for production of documents and tangible things on plaintiffs in the Individual Cases pursuant to Section VIII.

## C.   Interrogatories

(1) Beginning seven (7) days from entry of this CMO (May 7, 2019), Co-Lead Class Counsel and Co-Liaison Counsel may serve interrogatories on defendants. These counsel will coordinate so that defendants shall not need to respond to the same interrogatory request twice. Beginning seven (7) days from entry of this CMO (May 7, 2019), counsel for defendants may also serve interrogatories on the named plaintiffs in *Carthan*. However, no defendant may serve such interrogatories on any named plaintiff whose claims against that defendant have been dismissed in their entirety.

(2) Co-Lead Class Counsel and Co-Liaison Counsel may serve no more than thirty (30) interrogatories on each defendant (or, in the case of the VNA Defendants and the LAN Defendants, on each group of defendants). These interrogatories may be served divided up into sets of interrogatories, but no more than a total of thirty (30) may be served on

any defendant unless otherwise agreed by all interested parties or with leave of court.

(3)   Defendants   may   collectively   serve   twenty-five   (25) interrogatories on each named plaintiff in *Carthan*. Additionally, each defendant may individually serve five (5) interrogatories on each named plaintiff in *Carthan*.[1] These interrogatories may be divided up into sets of interrogatories, but no more than the limits described in this paragraph may be served on any named plaintiff in *Carthan* unless otherwise agreed by all interested parties or with leave of court.

(4) Beginning seven (7) days from entry of this CMO (May 7, 2019), defendants (or, in the case of the VNA Defendants and the LAN Defendants, each group of defendants) may serve twenty-five (25) interrogatories on each other defendant (or, in the case of the VNA Defendants and the LAN Defendants, on each group of defendants). These interrogatories may be divided up into sets of interrogatories, but no more than twenty-five (25) may be served on any defendant by any

---

[1] Defendants who file an answer after April 30, 2019, may individually serve ten (10) interrogatories on each named plaintiff.

10

other defendant unless otherwise agreed by all interested parties or with leave of court.

(5) No defendant may serve any interrogatories on any defendant which is not a current codefendant with it in at least one of the Flint Water Cases.

(6) Counsel for defendants shall serve interrogatories on plaintiffs in the Individual Cases pursuant to Section VIII.

### D.    Requests for Admission

(1) Beginning seven (7) days from entry of this CMO (May 7, 2019), Co-Lead Class Counsel and Co-Liaison Counsel may serve requests for admission on defendants. These counsel will coordinate so that defendants shall not need to respond to the same request twice. Beginning seven (7) days from entry of this CMO (May 7, 2019), defendants may also serve requests for admission on the named plaintiffs in *Carthan.* No defendant may serve a request on any plaintiff whose claims against that defendant have been dismissed in their entirety.

(2) Beginning seven (7) days from entry of this CMO (May 7, 2019), defendants (or, in the case of the VNA Defendants and the LAN Defendants, each group of defendants) may serve on each other

11

defendant (or, in the case of the VNA Defendants and the LAN Defendants, on each group of defendants) no more than twenty-five (25) requests for admission. These requests may be divided up into sets of requests, but no more than twenty-five (25) may be served on any defendant by any other defendant unless otherwise agreed by all interested parties or with leave of court.

(3) No defendant may serve any requests for admission on any defendant which is not a current codefendant with it in at least one of the Flint Water Cases.

(4) Counsel for defendants shall serve requests for admission on plaintiffs in the Individual Cases pursuant to Section VIII.

### E.    Pending Criminal Charges

(1) A defendant who is subject to pending criminal charges may petition the Court for relief from written discovery until after the final resolution of those criminal charges.

## III.    Requests for Entry on, Inspection, Sampling, and Testing of Land

(1) Beginning thirty-seven (37) days from entry of this CMO (June 6, 2019), Co-Lead Class Counsel and Co-Liaison Counsel may serve requests for entry on, inspection, sampling, and testing of land on

defendants. Plaintiffs shall have the collective right to enter on, inspect, sample, and test each piece of land owned or otherwise controlled by each defendant only once, unless otherwise agreed by all interested parties or with leave of court. Each entry shall not last more than seven (7) hours, unless otherwise agreed by all interested parties or with leave of court.

(2) Beginning thirty-seven (37) days from entry of this CMO (June 6, 2019), defendants may serve requests for entry on, inspection, sampling, and testing of land on the named plaintiffs in *Carthan*. Defendants shall have the collective right to enter on, inspect, sample, and test each piece of land owned or otherwise controlled by each named plaintiff only once, unless otherwise agreed by all interested parties or with leave of court. Each entry shall not last more than seven (7) hours, unless otherwise agreed by all interested parties or with leave of court.

(3) Beginning thirty-seven (37) days from entry of this CMO (June 6, 2019), defendants (or, in the case of the VNA Defendants and the LAN Defendants, each group of defendants) may serve requests for entry on, inspection, sampling, and testing of land on each other defendant (or, in the case of the VNA Defendants and the LAN Defendants, on each group of defendants). No defendant may serve any requests for entry on,

13

inspection, sampling, and testing of land on any defendant which is not a current codefendant with it in at least one of the Flint Water Cases.

(4) Counsel for defendants shall serve requests for entry on, inspection, sampling, and testing of land on plaintiffs in the Individual Cases pursuant to Section VIII.

## IV. Fact Witness Depositions

### A. Testimonial Depositions

(1) Beginning thirty (30) days from Substantial Completion of document production (September 4, 2019), parties may begin serving parties and non-parties with notices of testimonial deposition. However, this is with the exception of the plaintiffs in the Individual Cases who shall be served in accordance with Section VIII.

(2) No deposition notice shall specify a deposition date that is less than thirty (30) days from the date the notice is served, unless otherwise agreed by all interested parties or with leave of court. All depositions shall be taken in accordance with the Amended Discovery Coordination Protocol Order (ADCPO), except that this CMO shall supersede the ADCPO if their provisions are inconsistent.

(3) There shall not be any numerical limit on the number of testimonial depositions any party may take as a matter of right—the

provisions of Federal Rule of Civil Procedure 30(a)(2)(i) shall not apply—but any party or non-party may move for a protective order with respect to any deposition for any of the reasons recognized in the Federal Rules of Civil Procedure.

(4) No named plaintiff or any employee of the named plaintiff in *Carthan* may be deposed for more than twelve (12) on-the-record hours unless otherwise agreed by all interested parties or with leave of court.

(5) No defendant or any employee of the defendant may be deposed for more than fourteen (14) on-the-record hours unless otherwise agreed by all interested parties or with leave of court. Of the fourteen (14) permitted on-the-record hours, no fewer than six (6) shall be allotted to counsel for defendants, to be allocated between them by agreement. Allocation of the other eight (8) hours shall be for counsel for the plaintiffs, to be allocated between them by agreement.

(6) No non-party witness may be deposed for more than twelve (12) on-the-record hours, unless otherwise agreed by all interested parties or with leave of court. Six (6) of the twelve (12) on-the record hours shall be allotted to counsel for the plaintiffs, to be allocated between them by

15

agreement. The remaining six (6) hours shall be allotted to counsel for the defendants to be allocated among them by agreement.

(7) At least thirty (30) days before a deposition is taken, the party noticing the deposition shall serve notice of the deposition on Co-Lead Class Counsel, Co-Liaison Counsel, and counsel for defendants. In addition, the party noticing the deposition shall serve notice on Plaintiffs' Lead Counsel, Plaintiffs' Lead Class Action Counsel, and counsel for defendants in the Genesee County Circuit Court case *In re Flint Water Litigation*, No. 17-108646.

(8) At least fifteen (15) days before a deposition, any party that intends to attend shall notify counsel for the party that served the deposition notice, Co-Lead Class Counsel, Co-Liaison Counsel, and counsel for defendants. In addition, any party that intends to attend shall notify Plaintiffs' Lead Counsel, Plaintiffs' Lead Class Action Counsel, and counsel for defendants in the Genesee County Circuit Court case *In re Flint Water Litigation*, No. 17-108646. Finally, any party that intends to attend shall notify counsel for the witness, if known.

(9) During a deposition, any objection by counsel for any plaintiff shall be deemed an objection on behalf of all plaintiffs. It shall not be

16

necessary for counsel for each plaintiff to separately object on the record to preserve the objection. Similarly, any objection by counsel for any defendant shall be deemed an objection on behalf of all defendants. It will not be necessary for counsel for each defendant to separately object on the record to preserve the objection. But no party is bound by another party's objection, and nothing in this paragraph shall preclude any party from stating its own objection on the record if that objection has not been made.

(10) Witnesses shall read and sign their deposition transcripts. The Federal Rules of Civil Procedure shall govern the time each witness has to read and sign unless otherwise agreed by all interested parties or by leave of court. Counsel for the witness shall submit any errata pages and signatures to the court reporter via email.

(11) At least seven (7) days before a deposition, counsel for each party that intends to examine a deponent ("Examining Counsel") shall serve via electronic mail to counsel for any Plaintiff Group or Defendant Group who have indicated that they will attend, a non-binding list of documents (by Bates number) that they anticipate using or referring to during the deposition.

(12) Examining Counsel shall bring copies of any documents used at a deposition (whether or not they are pre-designated) for counsel for the witness and any interpreter. Examining Counsel shall not bring copies of pre-designated documents for any other counsel present at the deposition. However, Examining Counsel shall provide copies of any non-designated documents to counsel for any Plaintiff Group or Defendant Group who have indicated that they will attend.

(13) Deposition exhibits shall be marked sequentially. Counsel shall not re-mark documents that have previously been marked as exhibits, and shall use the previously marked exhibit number in subsequent depositions. The index of exhibits annexed to each deposition transcript shall contain the Bates number, the exhibit number and a brief description of the exhibit.

## B.   Depositions of Health Care Providers, and Education and Plumbing Professionals

(1) Because of the very large number of plaintiffs and, potentially, of absent class members, there are some types of witnesses whose testimony cannot practically be taken only once. This may include health care providers, education professionals, and plumbers. Witnesses of these types are excluded from the one-deposition-only rule.

18

(2) Parties shall seek to minimize the unavoidable burden that will be imposed on witnesses of these types in all ways reasonably possible. Measures to be considered with respect to each witness shall include, among others: stipulating in advance to the authenticity and other foundational facts bearing on the admissibility of records related to the plaintiff in whose case the deposition is taken; designating a single defense attorney and a single plaintiffs' attorney to conduct the deposition on behalf of all defendants and plaintiffs; stipulating to the admissibility of testimony by the witness concerning their background, training, experience, and other matters that are of common relevance to more than the specific case in which the deposition is taken; and conducting depositions of the witness in two or more plaintiffs' cases on a single day if convenient to the witness.

### C.   Pending Criminal Charges

(1) A defendant who is subject to pending criminal charges may petition the Court for relief from testimonial depositions until after the final resolution of those criminal charges.

## V.   Plaintiff Examinations

(1) The schedule for examinations of the named plaintiffs in *Carthan* will be established by Court order at a later date.

(2) The schedule for examinations of the plaintiffs in the Individual Cases will be pursuant to Section VIII.

## VI.   Expert Witnesses

(1) Parties may serve notice of a deposition on expert witnesses who have been retained or employed by any other party and who have completed an expert report or disclosure pursuant to Federal Rule of Civil 26(a)(2)(B) or (C) in relation to the alleged contamination of the City of Flint's water supply on or after April 25, 2014. These expert witnesses shall be produced for deposition without need for service of a subpoena.

(2) Expert witnesses shall deliver to the attorney who noticed the deposition an advance production of their complete file no later than seven (7) days before the date set for a deposition. The file shall include all materials compiled up to that time, except that the expert may exclude any portions protected by Federal Rule of Civil Procedure 26(b)(4). The attorney who noticed the deposition shall provide copies of the advance production to counsel for all other parties who have notified them of their intent to participate in the deposition.

(3) The party who notices the deposition shall reimburse the expert for the time reasonably and actually devoted by the expert or their

employees to making the advance production; the time reasonably and actually devoted by the expert in traveling to and from the site of the deposition; the time spent by the expert at the deposition; the expense reasonably and actually incurred by the expert in producing other documents in response to any other request for production of documents; and the reasonable travel expenses (transportation, meals, lodging, miscellaneous) actually incurred by the expert in traveling to and from the site of the deposition and during their attendance at the deposition.

(4) Unless an expert agrees otherwise, their deposition shall be taken in the locality where they work or reside.

## VII.  Class Certification in *Carthan*

(1) Within ten (10) months from entry of this CMO (March 2, 2020), a motion for class certification and supporting Federal Rule of Civil Procedure 26(a)(2) expert reports and disclosures shall be filed. Within three (3) months from the filing of the motion for class certification, any opposition and supporting Rule 26(a)(2) expert reports and disclosures shall be filed. Within two (2) months from the filing of any opposition, a reply in support of class certification shall be filed.

(2) A hearing on the motion for class certification shall be set following the filing of the reply. Within two (2) weeks from the filing of the reply, defendants shall notify the Court if an evidentiary hearing is requested.

## VIII. Bellwether Trial Proceedings in the Individual Cases

(1) The initial bellwether trial will begin on October 28, 2020.

### A.    First Bellwether Pool Selection

(1) Within seven (7) days from entry of this CMO (May 7, 2019), Co-Liaison Counsel and counsel for defendants shall submit to the Court an agreed-upon form of plaintiff fact sheet. If agreement upon fact sheets cannot be reached, the Court will place this issue on the May 15, 2019, status conference agenda. (Dkt. 789.)

(2) Within fourteen (14) days from entry of this CMO (May 14, 2019), the Special Master shall, based on census data that she has collected, identify the names of all individual plaintiffs whose dates of birth are between April 25, 2008, and April 25, 2014, and who only claim lead-induced injuries. The Special Master shall identify the numbers of the cases in which these individuals are plaintiffs.

(3) Within twenty-one (21) days from entry of this CMO (May 21, 2019), Co-Liaison Counsel and counsel for defendants shall select 150

plaintiffs ("Pool One Claimants") from those identified by the Special Master, using a selection process to which they agree and which will result in the selection of a random sample.

(4) Within fifty (50) days from the selection of the Pool One Claimants, each of the 150 plaintiffs shall provide to counsel for defendants completed plaintiff fact sheets, together with authorizations for release of records specified in the fact sheets and any documents specified in the fact sheets which are within their possession, custody, or control (as those words are used in Federal Rule of Civil Procedure 34(b)).

(5) To the extent a plaintiff's fact-sheet is less than substantially completed, Co-Liaison Counsel shall be notified within seven (7) days by counsel for defendants, and the deficiency shall be cured to the extent possible within seven (7) days after receiving notification.

### B.  Second Bellwether Pool Selection and Written Discovery

(1) On day seventy (70) following the selection of the Pool One Claimants, Co-Liaison Counsel and counsel for defendants shall simultaneously identify to each other a total of 100 claimants from among the Pool One Claimants with respect to whom written discovery will be conducted ("Pool Two Claimants"). Half of the Pool Two Claimants will

23

be selected by Co-Liaison Counsel and half will be selected by counsel for defendants. If there is overlap between the Pool Two Claimants identified by the two sides, selection of additional claimants shall continue until a total of 100 claimants have been selected.

(2) Beginning seventy-one (71) days from the selection of the Pool One Claimants, defendants may serve on each of the 100 Pool Two Claimants requests for production of documents and tangible things, interrogatories, and requests for admission.

(3) Each defendant (or, in the case of the VNA Defendants and the LAN Defendants, each group of defendants) may serve on each Pool Two Claimant who has sued that defendant requests for production of documents and tangible things that comprise no more than thirty (30) separately numbered paragraphs describing with reasonable particularity specific documents and things or categories of documents and things to be produced. The thirty (30) separately numbered paragraphs may be divided among as many separate sets of requests as the defendant serving them chooses, but the total number of paragraphs shall not exceed thirty (30) unless otherwise agreed by all interested parties or by leave of court.

24

(4) Each defendant (or, in the case of the VNA Defendants and the LAN Defendants, each group of defendants) may serve on each Pool Two Claimant who has sued that defendant up to twenty-five (25) interrogatories. The twenty-five (25) interrogatories may be divided among as many separate sets of interrogatories as the defendant serving them chooses, but the total number of interrogatories shall not exceed twenty-five (25) unless otherwise agreed by all interested parties or by leave of court.

(5) Each defendant (or, in the case of the VNA Defendants or the LAN Defendants, each group of defendants) may serve on each Pool Two Claimant who has sued that defendant up to twenty-five (25) requests for admission. The twenty-five (25) requests for admission may be divided among as many separate sets of requests as the defendant serving them chooses, but the total number of requests shall not exceed twenty-five (25) unless otherwise agreed by all interested parties or by leave of court.

## C.   Third Bellwether Pool Selection and Further Discovery

(1) On day ninety (90) following the selection of the Pool Two Claimants, Co-Liaison Counsel and counsel for defendants shall each identify thirty (30) claimants from among the Pool Two Claimants who

25

will be engaged in further discovery ("Pool Three Claimants"). If there is overlap between the Pool Three Claimants initially identified by the two sides, selection of additional Pool Three Claimants shall proceed in the manner described in this paragraph until a total of sixty (60) have been selected.

(2) Beginning seven (7) days from selection of the Pool Three Claimants, defendants may begin noticing testimonial depositions of the Pool Three Claimants in accordance with the ADCPO. Defendants may also notice testimonial depositions of other persons with knowledge of facts particular to claims by the Pool Three Claimants in accordance with the ADCPO. There shall be no specific numerical limit on the number of testimonial depositions that may be taken, but no party or non-party witness is precluded from bringing a motion for a protective order if there is good cause for doing so.

(3) Nothing in this Section is intended to prevent any party from deposing any other party or non-party before the date specified in this Section if the witness is reasonably likely to have discoverable information relevant to the issues in *Carthan* or if relevant to issues in any Genesee County case included in *In re Flint Water Litigation*.

26

(4) Beginning seven (7) days from the selection of the Pool Three Claimants, defendants may begin noticing and conducting entries upon land in the possession or control of the Pool Three Claimants for purposes of inspection, photographing, sampling, and testing. Defendants shall coordinate among themselves so that representatives of all defendants which have been sued by any Pool Three Claimant will complete their entries on the same date or dates, unless otherwise agreed by all interested parties or by leave of court.

### D.   Expert Depositions

(1) Within six (6) months from selection of the Pool Three Claimants, but no sooner than the filing of the motion for class certification in *Carthan*, Co-Liaison Counsel shall provide full and complete Federal Rule of Civil Procedure 26(a)(2) expert reports and disclosures from all experts who have produced such reports and disclosures with respect to the Pool Three Claimants.

(2) Beginning ten (10) days from the date Co-Liaison Counsel provides these Rule 26(a)(2) reports and disclosures, Each Pool Three Claimant shall begin appearing for Federal Rule of Civil Procedure 35 examinations, on dates reasonably identified by defendants which that

27

claimant has sued. These examinations shall be conducted by suitably licensed or certified examiners identified by defendants. Examiners shall examine the claimant on the same day if the examiners are specialists in the same field unless the nature of the examinations make simultaneous examinations impractical. Examiners who are specialists in different fields may examine the claimant on different days. However, all examinations shall be completed within thirty (30) days unless otherwise agreed by all interested parties or by leave of court. After completion of all Pool Three Claimant Rule 26(a)(2) expert reports and disclosures and Rule 35 examinations, defendants may begin noticing depositions of the plaintiffs' experts.

(3) Beginning sixty (60) days from completion of all Pool Three Claimant Rule 26(a)(2) expert reports and disclosures, and at least fifteen (15) days from completion of depositions of plaintiffs' experts, defendants shall provide full and complete Rule 26(a)(2) expert reports and disclosures to Co-Liaison Counsel. After disclosure of all defendant expert reports and disclosures, Co-Liaison Counsel may begin noticing depositions of the defendants' experts.

### E.   Bellwether Trial Selection

(1) The selection process for the bellwether trials will be established by the Court at a later date.

## IX.   Pre-Trial Motions and Completion Date for Discovery in All Cases

(1) The date by which all pre-trial motions shall be filed and the completion date for discovery will be established by the Court at a later date.

## X.   Definitions

(1) "Privileged Communications" mean attorney/client privileged communications, communications that constitute protected work product, and communications with experts that are protected from disclosure by Federal Rule of Civil Procedure 26(b)(4).

(2) "Co-Lead Class Counsel" means the attorneys appointed from time to time by the Court to serve in that capacity as well as persons authorized by those persons to act in their stead. (Dkt. 696.)

(3) "Co-Liaison Counsel " means the attorneys appointed from time to time by the Court to serve in that capacity as well as persons authorized by those persons to act in their stead. (*Id.*)

(4) "Defense Executive Committee" means the attorneys appointed from time to time by the Court to serve in that capacity as well as persons authorized by those persons to act in their stead. (Dkt. 260.)

(5) "*Carthan*" means the consolidated putative class action case *Carthan v. Snyder*, No. 16-cv-10444.

(6) "Individual Cases" means cases filed by persons that are set forth in Short Form Complaints and the Master Complaint, in accordance with the order dated November 17, 2017. (Dkt. 260.).

(7) "Amended Discovery Coordination Protocol Order" or "ADCPO" means that order entered to limit duplication in the discovery process associated with litigation arising out of claims regarding the use of the Flint River as Flint's water source in accordance with the order dated November 16, 2018. (Dkt. 675.)

(8) "Plaintiffs" means the putative class representatives in Carthan and the plaintiffs in the Individual Cases, collectively.

(9) "VNA Defendants" means Veolia North America, LLC, Veolia North America, Inc., Veolia Water North America Operating Services, LLC, insofar as each of the above individuals and entities remain as a party.

(10) "LAN Defendants" means Lockwood, Andrews, & Newnam, P.C., Lockwood, Andrews, & Newnam, Inc., Leo A. Daly Company, insofar as each of the above individuals and entities remain as a party.

Dated: June 21, 2019                      s/Judith E. Levy
      Ann Arbor, Michigan              JUDITH E. LEVY
                                 United States District Judge