UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

*In re* Flint Water Cases.                    Judith E. Levy
                                              United States District Judge
_____/

This Order Relates To:

ALL CASES

_____/

**ORDER DENYING MOTION TO APPOINT INTERIM
SUBCLASS SETTLEMENT COUNSEL [909]**

Courts have a special role to play in class actions to ensure adequate representation for all proposed class members, and the Federal Rules of Civil Procedure give courts the power to appoint class counsel. In fact, the Rules permit the Court to appoint counsel "*only* if the applicant is adequate under Rule 23(g)(1) and (4)." Fed. R. Civ. P. 23(g)(2) (emphasis added). Federal Rule of Civil Procedure 23(g)(1)(A) states that

> In appointing class counsel, the court must consider: (i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to representing the class.

Fed. R. Civ. P. 23(g)(1)(A). A court may also consider "any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(1)(B). Here, the inquiry outlined by Rule 23(g)(1)(A) and (B) is geared toward appointing interim settlement subclass counsel. The Court appreciates the efforts interim co-lead class counsel have undertaken to protect the integrity of the class process, but unfortunately the proposal fails to meet the requirements for the appointment of interim subclass settlement counsel.

"When appropriate, a class may be divided into subclasses that are each treated as a class[.]" Fed. R. Civ. P. 23(c)(5). In complex litigation such as this, subclasses are a critical tool used to ensure that various groups with distinct harms are each adequately represented during settlement negotiations. *See generally Amchem Prods. v. Windsor*, 521 U.S. 591 (1997). This, in turn, requires subclass counsel to prevent conflicts from arising that may jeopardize a proposed settlement on behalf of a class. *See Literary Works in Elec. Databases Copyright Litig. v. Thomson Corp.*, 654 F.3d 242, 252 (2d Cir. 2011) ("Only the creation of subclasses, and the advocacy of an attorney representing each subclass, can ensure that the interests of that particular subgroup are in fact

adequately represented."). Subclasses are treated "as a class" and therefore subclass counsel must be appointed with the same scrutiny as class counsel. *See* Fed. R. Civ. P. 23(g); *e.g.*, *United States v. City of New York*, 276 F.R.D. 22, 51–52 (S.D.N.Y. 2011).

On July 29, 2019, plaintiffs' interim co-lead class counsel filed a motion to appoint interim subclass settlement counsel, proposing five law professors to represent subclasses of adults, children, businesses, and those with future manifesting injuries. (ECF No. 909.) Plaintiffs were given until July 31, 2019, to add a final candidate to represent putative class members with real property damages, and this Opinion and Order does not address the final candidate. (*Id.* at PageID.24032, PageID.24035.)

The Court must consider "counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action." Fed. R. Civ. P. 23(g)(1)(A)(ii). Although the five candidates are professors of law and have engaged in scholarship on a range of interesting subjects, only Joshua P. Davis, of the University of San Francisco School of Law, has ever represented a client in a class action and that experience was from 1997–2000, immediately upon graduation

3

from law school and completion of a two-year teaching fellowship. (ECF No. 909-4, PageID.24068.) One professor, Kimberly Thomas, has had an impressive and meaningful career in juvenile criminal justice, but Professor Thomas reveals nothing about experience handling or settling a civil case, and certainly not a class action. (ECF No. 909-3.) Another professor, Steven P. Croley, has held high level positions in government, including serving as the Deputy Whitehouse Counsel and the General Counsel at the United States Department of Energy. (ECF No. 909-2, PageID.24047–49.) But in those positions, and in his work as a professor of law and partner at a law firm, he tells the Court nothing about experience representing a client in a class action. (*Id.* at PageID.24043–44.) Professor Myriam Gilles, of the Benjamin N. Cardozo School of Law, teaches courses on civil procedure and complex litigation, but only practiced law for one year following her graduation from law school in 1996. (ECF No. 909-6, Page.ID24089.) Professor Mable Martin-Scott of the Thomas M. Cooley Law School also notes no experience in handling class actions. Instead, she has had a varied and interesting legal career that includes serving as an Administrative Law Judge on unemployment insurance cases (ECF No. 909-5, PageID.24080), and as the Director of

4

Purchasing for the State of Indiana (*id.* PageID.24081). Indeed, not one of the proposed interim subclass settlement counsel states that they have ever been a part of negotiating a settlement in a class action.

Next, none of the proposed candidates indicate that they have done "work . . . identifying or investigating potential claims in the action." Fed. R. Civ. P. 23(g)(1)(A)(i). By including this factor, Rule 23 "includes a presumption that the attorneys who have represented" parties are positioned to represent the classes or subclasses. *Harrington v. City of Albuquerque*, 222 F.R.D. 505, 520 (D.N.M. 2004). Here, the candidates state just the opposite—that they do not have a client in this litigation—and they have not expressed any intention of representing a client in their subclass case.[1] (ECF No. 909, PageID.24045, PageID.24056, PageID.24066, PageID.24077, PageID.24086 ("I have had no prior involvement in the above-captioned matter or any related case. I have not been retained by any individual clients in this litigation.").)

Rule 23 also requires the Court to consider "counsel's knowledge of the applicable law." Fed. R. Civ. P. 23(g)(1)(A)(iii). Each professor states

---

[1] This is not to say that an attorney without prior experience in this case cannot qualify as interim subclass settlement counsel. But rather, these candidates have not set forth relevant experience.

that they are "familiar with the facts and legal issues relevant to this case." (*E.g.*, ECF No. 909-2, PageID.24045.) Some of the proposed interim subclass settlement counsel candidates teach in areas that overlap with the subject matter of this case, and therefore satisfy this element. But this, on its own, is inadequate, and there is nothing in the plaintiffs' submission to indicate that any of the proposed subclass settlement counsel have experience handling similar issues.

Finally, the Court must consider "the resources that counsel will commit to representing clients."[2] Fed. R. Civ. P. 23(g)(1)(A)(iv). All the professors indicate that they will "devote the time and resources necessary" to represent the interests of their proposed subclasses. (*E.g.*, ECF No. 909-2, PageID.24045.) This is a complex case that requires obtaining and understanding expert opinion and evidence, factual evidence, legal analysis, and claims evaluation. None of the candidates have indicated that they would be able to take a leave from their teaching obligations to devote the kind of time and attention this case will require in the coming months. The Court would expect subclass settlement counsel to be able and prepared to advocate and defend any future

---

[2] And again, none of the candidates currently have a client in this litigation.

6

settlement terms to their clients and to the Court. The motion does not suggest that these candidates are prepared to fulfill this role.

In short, the motion does not adequately demonstrate that these candidates are "best able to represent the interests of the class," here, the potential settlement subclasses. Fed. R. Civ. P. 23(g)(2).

For these reasons, the motion to appoint interim subclass settlement counsel (ECF No. 909) is DENIED. Responses to plaintiffs' motion, which are currently due no later than August 5, 2019 (ECF No. 901), need not be filed. The Court will discuss this issue in further detail at its next Flint Water Cases status conference on August 7, 2019.

IT IS SO ORDERD.

Dated: July 31, 2019       s/Judith E. Levy
Ann Arbor, Michigan      JUDITH E. LEVY
                                    United States District