## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

ELNORA CARTHAN, et al., on behalf of
themselves and all others similarly situated;

            Plaintiffs,

v.

GOVERNOR RICK SNYDER, et al.,

            Defendants.

Case No. 5:16-cv-10444-JEL-MKM

Hon. Judith E. Levy
Magistrate Judge Mona K. Majzoub

_____

## MOTION OF DEFENDANTS VEOLIA NORTH AMERICA, LLC, VEOLIA NORTH AMERICA, INC., AND VEOLIA WATER NORTH AMERICA OPERATING SERVICES, LLC TO STRIKE THE PROPOSED CLASSES

Defendants Veolia North America, LLC, Veolia North America, Inc., and Veolia Water North America Operating Services, LLC (the VNA Defendants) respectfully move to strike the proposed classes in Plaintiffs' Fourth Amended Class Complaint (Dkt. 620-3). As explained in the brief accompanying this motion, each of the proposed classes is facially deficient, either in whole or in part.

As Local Rule 7.1(a) requires, the VNA Defendants conferred with Plaintiffs' counsel concerning this motion. After the VNA Defendants explained the nature and legal basis for the motion, Plaintiffs' counsel stated that they would oppose it.

Respectfully submitted,

**CAMPBELL, CAMPBELL, EDWARDS & CONROY P.C.**

By: /s/ *James M. Campbell*
James M. Campbell
Alaina M. Devine
One Constitution Wharf, Suite 310
Boston, MA 02129
(617) 241-3000
jmcampbell@campbell-trial-lawyers.com
adevine@campbell-trial-lawyers.com

**BUSH SEYFERTH & PAIGE PLLC**

By: /s/ *Michael R. Williams*
Cheryl A. Bush (P37031)
Michael R. Williams (P79827)
3001 W. Big Beaver Road, Suite 600
Troy, MI 48084
(248) 822-7800
bush@bsplaw.com
williams@bsplaw.com

*Attorneys for Veolia North America, LLC, Veolia North America, Inc., and Veolia Water North America Operating Services, LLC*

Dated:  August 2, 2019

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | |
|---|---|
| ELNORA CARTHAN, et al., on behalf of themselves and all others similarly situated; | |
| Plaintiffs, | Case No. 5:16-cv-10444-JEL-MKM |
| v. | Hon. Judith E. Levy<br>Magistrate Judge Mona K. Majzoub |
| GOVERNOR RICK SNYDER, et al., | |
| Defendants. | |

_____

**BRIEF IN SUPPORT OF MOTION OF DEFENDANTS VEOLIA NORTH AMERICA, LLC, VEOLIA NORTH AMERICA, INC., AND VEOLIA WATER NORTH AMERICA OPERATING SERVICES, LLC TO STRIKE THE PROPOSED CLASSES**

## STATEMENT OF ISSUES PRESENTED

1. Should the Court strike Plaintiffs' principal proposed classes and proposed subclasses because they are impermissible fail-safe classes?

   **The VNA Defendants answer:** "Yes."

   **Plaintiffs answer:** "No."

2. Should the Court strike Plaintiffs' principal proposed injunctive class, proposed injunctive subclass, and alternative proposed injunctive class as to the VNA Defendants because Plaintiffs do not request declaratory or injunctive relief against the VNA Defendants?

   **The VNA Defendants answer:** "Yes."

   **Plaintiffs answer:** "No."

3. Should the Court strike Plaintiffs' proposed subclasses as to the VNA Defendants because Plaintiffs do not assert any claims by the proposed subclasses against the VNA Defendants?

   **The VNA Defendants answer:** "Yes."

   **Plaintiffs answer:** "No."

4. Should the Court strike from Plaintiffs' proposed issue class as to the VNA Defendants the allegedly common issues that do not relate to claims against the VNA Defendants or that relate to claims that have been dismissed?

   **The VNA Defendants answer:** "Yes."

**Plaintiffs answer:** "No."

5. Should the Court strike or at least require modification of the class periods for all Plaintiffs' proposed classes as to the VNA Defendants?

**The VNA Defendants answer:** "Yes."

**Plaintiffs answer:** "No."

# TABLE OF CONTENTS

STATEMENT OF ISSUES PRESENTED.................................................... i

TABLE OF AUTHORITIES ..................................................... iv

INTRODUCTION ...................................................1

BACKGROUND ..................................................2

    A.  Relevant Procedural History........................................2

    B.  The Proposed Classes ...........................................3

APPLICABLE STANDARDS ..............................................4

ARGUMENT ..................................................5

I.    All Of The Proposed Class Definitions Are Facially Defective .......................6

    A.  The Principal Proposed Classes Are Impermissible Fail-Safe Classes And Are Overbroad As To The VNA Defendants ...................................6

        1.  The Principal Proposed Classes Are Fail-Safe Classes Because Membership Turns On Having A Valid Claim ................................6

        2.  The Principal Proposed Classes Are Overbroad As To The VNA Defendants .....................................12

    B.  The Remaining Class Definitions Are Impermissible Fail-Safe Classes And Are Overbroad As To The VNA Defendants......................14

II.    This Court Should Address The Deficiencies In Plaintiffs' Proposed Classes Now ..................................................17

CONCLUSION ..................................................19

# TABLE OF AUTHORITIES

**Cases**                                                                                                          **Page(s)**

*Abraham v. Ocwen Loan Servicing, LLC*,
    321 F.R.D. 125 (E.D. Pa. 2017)............................................................................9

*Alpha Tech Pet, Inc. v. Lagasse, LLC*,
    205 F. Supp. 3d 970 (N.D. Ill. 2016)............................................................7, 10

*Bell v. Cheswick Generating Station, Genon Power Midwest, L.P.*,
    No. CIV. A. 12-929, 2015 WL 401443 (W.D. Pa. Jan. 28, 2015) ....................11

*Boyer v. Diversified Consultants, Inc.*,
    306 F.R.D. 536 (E.D. Mich. 2015) ..........................................................5, 8, 17

*Burkhead v. Louisville Gas & Elec. Co.*,
    250 F.R.D. 287 (W.D. Ky. 2008) .......................................................................7

*Caudill v. Hayes*,
    No. 1:15-CV-263-TLS, 2017 WL 4875903 (N.D. Ind. Oct. 30,
    2017) ..................................................................................................................11

*Colley v. Procter & Gamble Co.*,
    No. 1:16-cv-918, 2016 WL 5791658 (S.D. Ohio Oct. 4, 2016)..........................9

*Diorio v. TMI Hospitality*,
    No. 4:15-cv-1710, 2017 WL 1399869 (N.D. Ohio Apr. 19, 2017)....................17

*Fosbre v. Las Vegas Sands Corp.*,
    No. 2:10-cv-00765-KJD-LRL, 2012 WL 2848057 (D. Nev. July
    11, 2012) ............................................................................................................13

*Hurt v. Shelby Cty. Bd. of Educ.*,
    No. 2:13-CV-230-VEH, 2014 WL 4269113 (N.D. Ala. Aug. 21,
    2014) ..............................................................................................................9, 10

*Martin v. Behr Dayton Thermal Prods. LLC*,
    896 F.3d 405 (6th Cir. 2018) ............................................................................16

*Mullins v. Direct Digital LLC*,
    795 F.3d 654 (7th Cir. 2015) ..............................................................................7

# TABLE OF AUTHORITIES
## (continued)

**Cases – continued**                                                   **Page(s)**

*Nevada-Martinez v. Ahmad*,
No. 5:15-cv-239-JMH, 2016 WL 7888046 (E.D. Ky. June 17, 2016) ................................................................................6

*In re NM Holdings Co.*,
622 F.3d 613 (6th Cir. 2010) ...............................................8

*Pilgrim v. Universal Health Card, LLC*,
660 F.3d 943 (6th Cir. 2011) ...............................................5

*Powers v. Hamilton Cty. Pub. Defender Comm'n*,
501 F.3d 592 (6th Cir. 2007) ..............................................12

*Randleman v. Fid. Nat'l Title Ins.*,
646 F.3d 347 (6th Cir. 2011) ...............................................7

*Shah v. Wilco Sys., Inc.*,
126 F. Supp. 2d 641 (S.D.N.Y. 2000) ................................ 16

*Sherrod v. Enigma Software Grp. USA, LLC*,
No. 2:13-cv-36, 2016 WL 25979 (S.D. Ohio Jan. 4, 2016) ............................7, 8

*Tolmasoff v. Gen. Motors, LLC*,
No. 16-11747, 2016 WL 3548219 (E.D. Mich. June 30, 2016)........................13

*Torres v. Mercer Canyons Inc.*,
835 F.3d 1125 (9th Cir. 2016) ...............................................9

*Yarger v. ING Bank, FSB*,
285 F.R.D. 308 (D. Del. 2012) ...............................................8

*Young v. Nationwide Mut. Ins.*,
693 F.3d 532 (6th Cir. 2012) ...........................................6, 7

# TABLE OF AUTHORITIES
## (continued)

**Other Authorities**                                                    **Page(s)**

Fed. R. Civ. P. 12(f) ..................................................................................4

Fed. R. Civ. P. 23(a) ...............................................................................16

Fed. R. Civ. P. 23(b)(2)......................................................................2, 3, 4

Fed. R. Civ. P. 23(b)(3)......................................................................2, 3, 4

Fed. R. Civ. P. 23(c)(4) ........................................................................4, 16

Fed. R. Civ. P. 23(d)(1)(D) .......................................................................4

1 Joseph M. McLaughlin, *McLaughlin on Class Actions* (15th ed.
2018) .....................................................................................................5

Charles Alan Wright *et al.*, *Federal Practice and Procedure*
(3d ed. 2019) .......................................................................................13

## INTRODUCTION

The named Plaintiffs in this putative class action seek to represent "about **100,000** residents and other Flint water users."   Dkt. 620-3 ¶ 1.   But each of Plaintiffs' proposed classes is facially deficient.   The principal proposed classes are impermissible fail-safe classes because they are defined in terms of elements of Plaintiffs' claims.   If the claims failed, the classes would not exist – and no one would be bound by the adverse judgment.   That is why fail-safe classes are not allowed.

In addition, each proposed class is overbroad because (1) the proposed class periods start before the VNA Defendants were involved in Flint or (2) the classes concern claims or forms of relief that, by the plain terms of the Fourth Amended Complaint, do not apply to the VNA Defendants.

This case is complex, and the classes proposed by Plaintiffs are massive. Before allowing this case to proceed with discovery, the Court should ensure that the proposed class definitions are valid.   These class definitions are not, and so the Court should either strike the class definitions or require Plaintiffs to amend them to cure the deficiencies.

# BACKGROUND

## A.     Relevant Procedural History

The VNA Defendants have previously filed a motion to strike the proposed classes.  In October 2017, Plaintiffs filed their Second Amended Class Complaint, proposing two classes:  a "proposed damages class" under Federal Rule of Civil Procedure 23(b)(3) and a "proposed injunctive relief class" under Federal Rule of Civil Procedure 23(b)(2).   Dkt. 238 ¶¶ 311-12.   Both were defined as "all individuals and entities who from April 25, 2014 to present were exposed to toxic Flint water or who owned property within the City of Flint and experienced injuries and damages to their person or property."  *Id.*

The VNA Defendants moved to strike the proposed classes.  First, the VNA Defendants explained that the classes are impermissible fail-safe classes because they incorporated elements of Plaintiffs' claims in their definitions.   Specifically, Plaintiffs defined the classes as comprising individuals and entities who were "exposed" to "toxic" water and "experienced injuries and damages."  Orig. Mot. 3-7 (Dkt. 275); Orig. Reply 1-4 (Dkt. 409).  Second, the VNA Defendants explained that the proposed classes are overbroad because the class periods start before the VNA Defendants became involved in Flint and because Plaintiffs do not seek injunctive relief against the VNA Defendants.  *See* Orig. Mot. 7-9; Orig. Reply 4-5.

Before this Court could rule on that motion to strike, Plaintiffs moved to amend the class complaint, including the proposed class definitions. *See* Dkt. 620. On April 1, 2019, the Court granted Plaintiffs' motion to amend in part and denied it in part. Dkt. 798. As relevant here, the Court permitted Plaintiffs to amend the class definitions "with the understanding" that the issue of "class definitions and certification" "will be revisited." *Id.* at 37. The operative complaint thus is the Fourth Amended Complaint (Complaint). *See* Dkt. 620-3.

### B.    The Proposed Classes

The Complaint retains the same class principal definitions as the prior complaint. It proposes a damages class under Rule 23(b)(3) and an injunctive class under Rule 23(b)(2), both defined as:

> [A]ll individuals and entities who from April 25, 2014 to present were exposed to toxic Flint water or who owned property within the City of Flint and experienced injuries and damages to their person or property.

Compl. ¶¶ 448, 451.

Plaintiffs also made a number of changes. The Complaint proposes subclasses for both principal classes consisting of:

> [A]ll African American individuals who from April 25, 2014 to present were exposed to Flint water or who owned or rented property within, or resided, worked, or attended school within the City of Flint and experienced injuries to their person or damages to their property.

Compl. ¶¶ 448, 450.

3

Plaintiffs also propose alternative definitions of the principal classes. For the principal proposed *damages* class under Rule 23(b)(3), the proposed alternative class is:

> All persons and entities who, from April 25, 2014 to present, owned property within the City of Flint.

Compl. ¶ 449. For the principal proposed *injunctive* class under Rule 23(b)(2), the proposed alternative class is:

> All persons and entities who own or rent property within, or reside, or attend school within the City of Flint.

*Id.* ¶ 452.

Finally, Plaintiffs seek certification of an issue class under Rule 23(c)(4). The proposed "Personal Injury Issue Class" is defined as:

> All persons who, from April 25, 2014 to present, resided or attended school within the City of Flint.

Compl. ¶ 453. Plaintiffs assert that there are 12 common issues for the proposed issue class, only six of which relate to the VNA Defendants. *See id.* ¶ 454.

## APPLICABLE STANDARDS

"A motion to strike class allegations arises under Fed. R. Civ. P. 12(f), which permits the Court to 'strike from a pleading an insufficient defense or any redundant, impertinent, or scandalous matter' and Fed. R. Civ. P. 23(d)(1)(D), which permits the Court to issue orders that 'require that the pleadings be amended to eliminate allegations about representation of absent persons and that the action

4

proceed accordingly.'" *Boyer v. Diversified Consultants, Inc.*, 306 F.R.D. 536, 537 (E.D. Mich. 2015). A "defendant may freely move" to strike class allegations that are insufficient. *Pilgrim v. Universal Health Card, LLC*, 660 F.3d 943, 949 (6th Cir. 2011).

On a motion to strike class allegations, the issue is "whether the classes as currently defined are legally permissible." *Boyer*, 306 F.R.D. at 538. A class definition is not legally permissible "where the unsuitability of class treatment is evident on the face of the complaint and incontrovertible facts." 1 Joseph M. McLaughlin, *McLaughlin on Class Actions* § 3:4 (15th ed. 2018). In that circumstance, "fairness and efficiency require that the Court address the issue in response to a properly filed motion" and not wait until class certification. *Boyer*, 306 F.R.D. at 538. Put another way, the Court should evaluate the class definitions as they now stand, rather than imagining how the classes might be redefined after discovery. *Id.* (issue on motion to strike is whether definitions are legally sufficient now, not whether "discovery will allow [plaintiffs] to redefine the classes in a manner that avoids" legal defects).

## ARGUMENT

Each of the proposed class definitions in the Complaint should be stricken in whole or in part because it is facially defective. Because the class definitions will affect the scope of discovery and Plaintiffs' anticipated class-certification motion,

the Court should rule on these issues now and not wait for the class-certification stage.

## I.     All Of The Proposed Class Definitions Are Facially Defective

### A.     The Principal Proposed Classes Are Impermissible Fail-Safe Classes And Are Overbroad As To The VNA Defendants

Plaintiffs' principal proposed classes should be stricken for two reasons. First, they are impermissible fail-safe classes because their definitions incorporate elements of Plaintiffs' claims.   Second, they are overbroad as to the VNA Defendants in two respects:  the proposed class periods begin before the VNA Defendants started their work in Flint, and the principal proposed injunctive class does not apply to the VNA Defendants because Plaintiffs do not seek injunctive relief against them.

#### 1.     The Principal Proposed Classes Are Fail-Safe Classes Because Membership Turns On Having A Valid Claim

A fail-safe class is one that "cannot be defined until the case is resolved on its merits." *Young v. Nationwide Mut. Ins.*, 693 F.3d 532, 538 (6th Cir. 2012).  The defining characteristic of a fail-safe class is that its membership is limited to "*only* those who are *entitled* to relief." *Id.*  "[W]hether the person has a valid claim and is entitled to relief" requires a determination "on the merits" of each person's claim.  *Nevada-Martinez v. Ahmad*, No. 5:15-cv-239-JMH, 2016 WL 7888046, at *6 (E.D. Ky. June 17, 2016).  Examples of fail-safe class definitions are those that

"incorporate[] . . . elements" of the plaintiff's claim, *Sherrod v. Enigma Software Grp. USA, LLC*, No. 2:13-cv-36, 2016 WL 25979, at *4 (S.D. Ohio Jan. 4, 2016), or that are "couched in terms of liability," *Alpha Tech Pet, Inc. v. Lagasse, LLC*, 205 F. Supp. 3d 970, 977-78 (N.D. Ill. 2016).

Fail-safe classes are forbidden because they are unfair and are not administrable. They are unfair because they "allow putative class members to seek a remedy but not be bound by an adverse judgment – either those 'class members win or, by virtue of losing, they are not in the class.'" *Young*, 693 F.3d at 538 (quoting *Randleman v. Fid. Nat'l Title Ins.*, 646 F.3d 347, 352 (6th Cir. 2011)). "[T]he defendant is forced to defend against the class, but if a plaintiff loses, she drops out and can subject the defendant to another round of litigation." *Mullins v. Direct Digital LLC*, 795 F.3d 654, 660 (7th Cir. 2015).

Further, fail-safe classes inherently are not administrable because they put the cart before the horse. Because membership is defined in terms of entitlement to relief, the court must "front-load[]" the individualized liability inquiries, thereby "completely subsum[ing] the merits phase of the case into the class certification phase." *Burkhead v. Louisville Gas & Elec. Co.*, 250 F.R.D. 287, 293-94 (W.D. Ky. 2008).

Here, the class definitions themselves show that Plaintiffs' principal proposed classes are impermissible fail-safe classes. Causation and injury are

essential elements of all of Plaintiffs' claims – including Plaintiffs' sole remaining claim against the VNA Defendants, which is a claim for professional negligence. *See In re NM Holdings Co.*, 622 F.3d 613, 618 (6th Cir. 2010) (elements of professional negligence claim in Michigan are duty, breach, actual and proximate causation, and injury).

The proposed class definitions "incorporate[]" both of those elements. *Sherrod*, 2016 WL 25979, at *4. The injury requirement is expressly stated in the class definitions: To be a member of the principal proposed classes, a person must have "experienced injuries and damages." Compl. ¶¶ 448, 451. And although the definitions do not expressly refer to causation, causation plainly is implied, because the definition refers to anyone who was "exposed to toxic Flint water" and "experienced injuries and damages." Presumably Plaintiffs do not mean to include individuals who experienced any type of "injuries and damages" from any source, rather than only those connected to the "toxic Flint water." Causation – that is, a nexus between the "injuries and damages" and "expos[ure] to toxic Flint water" – is "an unspoken yet central implication" of the principal proposed classes. *Boyer*, 306 F.R.D at 540.

Accordingly, only individuals and entities who can prove causation and injury would be class members. Defining the classes in this way – "to consist of solely those who have certainly suffered injury" – is "forbidden." *Yarger v. ING*

8

*Bank, FSB*, 285 F.R.D. 308, 317 (D. Del. 2012); *see Torres v. Mercer Canyons Inc.*, 835 F.3d 1125, 1138 n.7 (9th Cir. 2016) (classes cannot be defined to "include only those individuals who were 'injured.'"); *Abraham v. Ocwen Loan Servicing, LLC*, 321 F.R.D. 125, 164 n.21 (E.D. Pa. 2017) (including "ascertainable loss" in the class definition creates "an improper failsafe class"); *Colley v. Procter & Gamble Co.*, No. 1:16-cv-918, 2016 WL 5791658, at *4 (S.D. Ohio Oct. 4, 2016) ("[A] class definition limited to only the small number of consumers who suffered physical injury . . . would amount to an impermissible 'fail-safe' class.").

Allowing Plaintiffs to proceed with such a class definition would be unfair. Imagine that, following certification of a class, the trier of fact were to find that the VNA Defendants' conduct could not in fact have caused any harm, say because the City's conduct was a superseding cause of the harm. If the class definitions were left as is, then the class would evaporate because, as to the VNA Defendants at least, no one would have "experienced injuries and damages." And because the class would be a null set, no one other than the named Plaintiffs would be bound by the adverse finding. That "heads I win, tails you lose" outcome is precisely why fail-safe classes are not allowed. *Hurt v. Shelby Cty. Bd. of Educ.*, No. 2:13-CV-230-VEH, 2014 WL 4269113, at *8 (N.D. Ala. Aug. 21, 2014) (internal

quotation marks omitted); *see id.* (fail-safe classes "permit plaintiffs to circumvent res judicata and basically rig the certification process so that they cannot lose").

Defining the classes in terms of "expos[ure] to toxic Flint water" raises similar problems. The Complaint does not define "toxic Flint water," but Plaintiffs appear to mean Flint water that caused the alleged harm. *See* Orig. Opp. 9 (Dkt. 380) (describing exposure to toxic water as the "particular way" the putative class had been harmed). To prove causation, Plaintiffs need to prove that the water caused harm – *i.e.*, that it is "toxic." That is what Plaintiffs alleged – that lead and *legionella* were released into Flint water, Compl. ¶¶ 593-96, and that exposure to that water caused Plaintiffs' injuries, *id.* ¶ 603. So, once again, class membership turns on satisfying a required element of Plaintiffs' claim – the hallmark of a fail-safe class. *See Alpha Tech Pet, Inc.*, 205 F. Supp. 3d at 977-78 (class defined as the purchasers of a "defective product" would be a fail-safe class because "it is the 'defective' nature of a product that determines liability"); *Hurt*, 2014 WL 4269113, at *7-9 (class defined as students "exposed to a sexually hostile educational environment" was an impermissible fail-safe class (internal quotation marks omitted)).

The principal proposed classes are not administrable. Because class membership requires being "exposed" to the "toxic" water and suffering "injuries" or "damages" as a result, the Court would need to conduct an individualized

inquiry for each putative class member just to determine whether that individual or entity even is a member of the class.  That means resolving for each putative class member whether that individual or entity was sufficiently "exposed" to "toxic" water – taking into account individualized circumstances such as whether the person or entity had a water filter or occupied a dwelling or commercial property that had no lead service pipes – and whether that individual or entity was cognizably injured as a result.  That need for individualized determinations before trial is a tell-tale sign that the principal proposed classes are fail-safe classes.  *See Caudill v. Hayes*, No. 1:15-CV-263-TLS, 2017 WL 4875903, at *4 (N.D. Ind. Oct. 30, 2017) (describing a fail-safe class as one that requires "individualized analysis" to determine membership in the class).

Courts have rejected classes like Plaintiffs' proposed classes in other environmental tort cases.  The court in *Bell v. Cheswick Generating Station, Genon Power Midwest, L.P.*, for instance, rejected a proposed class of persons whose property was "invad[ed] [by] particulates . . . from Defendant's facility which thereby caused damages to their real property."  No. CIV. A. 12-929, 2015 WL 401443, at *4 (W.D. Pa. Jan. 28, 2015) (internal quotation marks omitted).  The court explained that figuring out whether any person was a member of the class in the first instance "would most certainly require mini-hearings into the particular facts of each purported class member's situation in order to determine ultimate

11

issues of liability – damage and causation." *Id.* That is exactly what would need to happen in this case under Plaintiffs' approach. The principal proposed classes accordingly are fail-safe classes, and so the class definitions should be stricken in their entirety.

### 2. The Principal Proposed Classes Are Overbroad As To The VNA Defendants

The principal proposed classes also suffer from another problem: They are overbroad as to the VNA Defendants in two respects.

*First*, the class periods for both principal proposed classes start before the VNA Defendants became involved in the Flint water crisis. Plaintiffs' principal proposed classes begin on April 25, 2014, Compl. ¶¶ 448, 451, the date Flint switched to the Flint River as its primary water source, *id.* ¶ 164. But the Complaint acknowledges that the VNA Defendants did not become involved in Flint until "February 2015," when the City hired Veolia Water North America Operating Services, LLC. *Id.* ¶ 193. So the proposed classes seek to hold the VNA Defendants liable for injuries caused well before any VNA Defendant was in Flint.

That makes the proposed classes facially deficient, since a defendant "cannot be held liable for harm to persons that it did not cause." *Powers v. Hamilton Cty. Pub. Defender Comm'n*, 501 F.3d 592, 618 (6th Cir. 2007). Accordingly, if the classes are not stricken in their entirety, the time period should be modified as to

the VNA Defendants.  *See, e.g.*, *Fosbre v. Las Vegas Sands Corp.*, No. 2:10-cv-00765-KJD-LRL, 2012 WL 2848057, at *19 (D. Nev. July 11, 2012) (shortening class period to "begin[] on the first date of actionable alleged misconduct").

*Second*, the proposed injunctive class is inapplicable to the VNA Defendants because Plaintiffs do not seek any injunctive relief against them.  Plaintiffs seek only money damages from the VNA Defendants.  *See* Compl. ¶ 607 (seeking compensatory damages for the VNA Defendants' alleged professional negligence).[1]  Both the law and common sense dictate that an injunctive class can be certified "only if 'final injunctive or [corresponding] declaratory relief [is] requested against the party opposing the class.'"  *Tolmasoff v. Gen. Motors, LLC*, No. 16-11747, 2016 WL 3548219, at *7 (E.D. Mich. June 30, 2016) (quoting 7AA Charles Alan Wright *et al.*, *Federal Practice and Procedure* § 1775 (3d ed. 2019) (alterations in original; footnote omitted)).

To be sure, the Complaint contains generic *pro forma* requests for "[a]n order for equitable relief" and "[a]n order for all such other relief the court deems equitable."  Compl. 215.  But that is not enough by itself to seek injunctive relief against the VNA Defendants.  *See Tolmasoff*, 2016 WL 3548219, at *7 (a request for injunctive relief must be more than a "*pro forma*" request "[f]or such equitable

_____

[1]  By contrast, Plaintiffs *do* seek equitable relief from the Government Defendants. *See* Compl. 214 (Prayer).

13

relief as the Court deems just," particularly when "nothing else in the complaint signals that Plaintiff is seeking equitable relief" and there is no allegation of continuing misconduct (internal quotation marks omitted)).   This problem of overbreadth provides another, independent reason to strike the principal proposed injunctive class as to the VNA Defendants.

### B.   The Remaining Class Definitions Are Impermissible Fail-Safe Classes And Are Overbroad As To The VNA Defendants

Plaintiffs' other proposed classes also are facially defective in whole or in part and should be stricken or modified.

***Proposed subclasses***.   As with the principal proposed classes, membership in the subclasses turns on having "experienced injuries" or "damages" caused by "expos[ure] to Flint water."   Compl. ¶¶ 448, 450.   The subclasses thus are impermissible fail-safe classes for the same reasons as the principal proposed classes and should be stricken.   *See* pp. 7-12, *supra*.

Moreover, the proposed subclasses pertain only to three causes of action that Plaintiffs do not assert against the VNA Defendants.   *See* Compl. ¶ 471 (Section 1983 equal protection claim against certain Government Defendants); *id.* ¶ 515 (Section 1985 racial animus claim against certain Government Defendants); *id.* ¶ 532 (Michigan Elliot Larsen Civil Rights Act disparate treatment claim against certain Government Defendants).   And the Court already has dismissed those

14

claims.  *See* Dkt. 798 at 58-76.  That is another reason why the subclasses should be stricken, at least as to the VNA Defendants.

*Alternative proposed classes*.  Like Plaintiffs' principal proposed classes, Plaintiffs' alternative proposed classes are overbroad because they begin on April 25, 2014.  Compl. ¶¶ 449, 452.  And as with the principal proposed injunctive class, the alternative proposed injunctive class is improper as to the VNA Defendants because Plaintiffs do not seek equitable relief against the VNA Defendants.  *See* pp. 13-14, *supra*.  Accordingly, as to the VNA Defendants, the alternative proposed injunctive class should be stricken altogether, and the alternative proposed damages class should be modified to begin no earlier than February 2015, the earliest date on which the VNA Defendants had any involvement in Flint.  *See* Compl. ¶ 190.

*Proposed issue class*.  Plaintiffs' proposed issue class begins on April 25, 2014, Compl. ¶ 453, so that class also should be narrowed with respect to the VNA Defendants.  Further, of the twelve allegedly common issues, only six pertain to the VNA Defendants, *see id.* ¶ 454 (listing five allegedly common issues involving the "Engineering Defendants" and one involving all Defendants) – and of those

six, three pertain to claims that already have been dismissed.[2]  Accordingly, as to the VNA Defendants, the proposed issue class should be narrowed to the three remaining allegedly common issues:  "[w]hether the Engineering Defendants owed one or more duties to Plaintiffs  .  .  .  ," "[w]hether the Engineering Defendants breached their duty or duties owed to Plaintiffs  .  .  .  ," and "[w]hether the Engineering Defendants' professional negligence directly and proximately caused the Flint water system to be contaminated  .  .  .  ."  *Id*.; *see Shah v. Wilco Sys., Inc.*, 126 F. Supp. 2d 641, 656 (S.D.N.Y. 2000) (striking class allegations made irrelevant by a motion-to-dismiss ruling).[3]

* * *

In sum, the VNA Defendants request that the Court (1) strike the principal proposed classes in their entirety; (2) strike the proposed subclasses in their

---

[2]  Specifically, the allegedly common issues of "[w]hether the Engineering Defendants were  .  .  .  reckless," "[w]hether the Engineering Defendants' professional negligence was voluntary conduct that inspired humiliation, outrage, and indignity by the Plaintiffs," and "[w]hether the conduct of Defendants warrants an award of punitive and/or exemplary damages," Compl. ¶ 454, all go to Plaintiffs' requests for punitive and exemplary damages, *see id.* ¶ 602, which the Court dismissed in its April 1, 2019, Order.  *See* Dkt. 798 at 125.

[3]  The VNA Defendants submit that issue classes under Rule 23(c)(4) are permissible, if at all, only if the action *as a whole* satisfies the requirements of Rule 23(a) and (b).  Because the Sixth Circuit has rejected that argument, *see Martin v. Behr Dayton Thermal Prods. LLC*, 896 F.3d 405 (6th Cir. 2018), *cert. denied*, 139 S. Ct. 1319 (2019), the VNA Defendants raise it here only to preserve it for future appeal.

entirety; and (3) strike the alternative proposed injunctive class in its entirety as to the VNA Defendants.   For the alternative proposed damages class and the proposed issue class, the VNA Defendants request that the Court at the very least modify the class periods to start no earlier than February 2015.   The VNA Defendants further request that, as to the VNA Defendants, the Court strike from the proposed issue class all but the three allegedly common issues that pertain to Plaintiffs' remaining claim against the VNA Defendants for professional negligence.

## II.   This Court Should Address The Deficiencies In Plaintiffs' Proposed Classes Now

Although motions to strike are "to be used sparingly," *Boyer*, 306 F.R.D. at 540 n.1, the VNA Defendants respectfully submit that the Court should address the facial deficiencies in the proposed classes now.   When "a defendant can clearly show that a class definition is legally impermissible, fairness and efficiency require that the Court address the issue in response to a properly filed motion [to strike]," rather than wait until class certification.   *Id.* at 538.

That is especially true because discovery in this case will be complex.   For example, Plaintiffs allege that the VNA Defendants were first involved in Flint in 2015.   Compl. ¶ 190.   Thus, the proper discovery period as to the VNA Defendants should start around the same time.   *See, e.g.*, *Diorio v. TMI Hospitality*, No. 4:15-cv-1710, 2017 WL 1399869, at *3 (N.D. Ohio Apr. 19, 2017) (discovery request

17

from 2011 to 2016 was overbroad because relevant conduct allegedly occurred between 2014 and 2015).

Plaintiffs have suggested that "[d]iscovery will clarify both the timeframe and scope of [the VNA Defendants'] misconduct." Orig. Opp. 7. Plaintiffs apparently desire to use overbroad class definitions to seek discovery to which they would otherwise not be entitled, in an attempt to unearth facts to support their deficient class definitions. That has it exactly backwards. The class definitions should follow from the facts, not the other way around. A party cannot propose a class that is inconsistent with its own factual allegations and then use the proposed class definition to demand discovery to "clarify" whether the definition can be supported. And given the documentary record, it is simply not credible to suggest that discovery might unearth evidence that the VNA Defendants had some *sub silentio* role in Flint before February 2015.

Discovery is not the only thing that will be affected by the class definitions. Having open questions about the viability of proposed classes will increase the complexity at the class-certification stage. The parties and the Court would have to grapple with both whether the definitions are legally valid and also whether the classes satisfy Rule 23, which could lead to multiple rounds of briefing. Deciding the first question now will streamline the process down the road.

18

## CONCLUSION

The Court should strike each of the proposed classes or, at a minimum, require Plaintiffs to amend their proposed definitions to cure the definitions' deficiencies.

Respectfully submitted,

**CAMPBELL, CAMPBELL, EDWARDS & CONROY P.C.**

By: /s/ *James M. Campbell*
James M. Campbell
Alaina M. Devine
One Constitution Wharf, Suite 310
Boston, MA 02129
(617) 241-3000
jmcampbell@campbell-trial-lawyers.com
adevine@campbell-trial-lawyers.com

**BUSH SEYFERTH & PAIGE PLLC**

By: /s/ *Michael R. Williams*
Cheryl A. Bush (P37031)
Michael R. Williams (P79827)
3001 W. Big Beaver Road, Suite 600
Troy, MI 48084
(248) 822-7800
bush@bsplaw.com
williams@bsplaw.com

*Attorneys for Veolia North America, LLC, Veolia North America, Inc., and Veolia Water North America Operating Services, LLC*

Dated:  August 2, 2019

## CERTIFICATE OF SERVICE

I hereby certify that on August 2, 2019, I electronically filed the foregoing document with the Clerk of the Court using the ECF System, which will send notification to the ECF counsel of record.


By:   /s/ *James M. Campbell*
James M. Campbell
jmcampbell@campbell-trial-lawyers.com