UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| *In Re* Flint Water Cases, | No. 5:16-cv-10444-JEL-MKM (consolidated) <br><br> Hon. Judith E. Levy <br><br> Mag. Mona K. Majzoub |

**CO-LIAISON COUNSEL'S POSITION STATEMENT ON INTERIM CLASS COUNSEL'S RENEWED MOTION TO APPOINT INTERIM SUBCLASS COUNSEL**

COME NOW, Co-Liaison Counsel for the Individual Cases, and hereby submit their position statement regarding Interim Class Counsel's Renewed Motion to Appoint Interim Subclass Settlement Counsel (Dkt. 922).

As an initial matter, Co-Liaison Counsel take no position as to the proposed slate of subclass counsel proffered by Interim Class Counsel in their Renewed Motion. However, Co-Liaison Counsel wish to convey to the Court that our clients understand that this motion is not the time to raise any comments to class certification. Further, Co-Liaison Counsel maintain that all rights to comment, take a position, object, or otherwise remark on the issues associated with class certification are preserved until such time that Interim Class Counsel actually file a

motion pursuant to Fed. R. Civ. P. 23. If we are mistaken, Liaison Counsel would like the time to consider making further remarks or objections.

While we do reserve these rights to comment on class certification until a later date, Co-Liaison Counsel would be remiss if we did not point out several issues that, if the Court proceeds upon the pending Renewed Motion in its current state, may further delay trial or resolution of the individual claims.

## BACKGROUND

On July 31, 2019, this Court issued a 7-page order denying Interim Class Counsel's original Motion to Appoint Interim Subclass Settlement Counsel pursuant to Fed. R. Civ. P. 23(g)(3). (Dkt. No. 909). The Court found that the five law professors proposed by Interim Class Counsel were inadequate and failed to satisfy the Federal requirements for appointment. *See id.* at 5 (Page ID #24106). This Court instructed Interim Class Counsel explicitly to make a showing under Rule 23 for the appointment of acceptable subclass settlement counsel.

Interim Class Counsel's Renewed Motion to Appoint Interim Subclass Settlement Counsel (Dkt. 922) raises concerns regarding individual claimants, which Liaison Counsel feel an obligation to raise for the Court, as these issues could potentially further delay the trial or resolution of these matters.

  A. <u>Do proposed subclass counsel represent any subclass representatives?</u>

Fundamental to any appointment of class or sub-class counsel, is the notion that the lawyer seeking the appointment must represent a client who could potentially represent the interests of the class or sub-class. Adequacy of representation involves two inquiries: "(1) do the named plaintiffs and their counsel have any conflicts of interest with other class members and (2) will the named plaintiffs and *their* counsel prosecute the action vigorously on behalf of the class?" *Rutter & Willbanks Corp. v. Shell Oil Co.*, 314 F.3d 1180, 1187-88 (10th Cir. 2002) (quoting *Hanlon v. Chrysler Corp.*, 150 F.3d 1011 (9th Cir. 1998)) (emphasis added). Here this basic requirement is missing.

Interim Class Counsel have failed to show the existence of any attorney-client relationship between proposed subclass settlement counsel and any client/citizen of the City of Flint. As part of the petition, Interim Class Counsel avers that rather than the existence of a current, valid attorney-client relationship between the proposed subclass settlement counsel and designated representatives within each subclass category, they instead claim that potential subclass members are "willing to work with and be retained by Interim Class Counsel's proposed Subclass Settlement Counsel should the Court appoint them." Dkt. 922 at 26, Page ID #24202. This puts the proverbial cart before the horse. Counsel must have been retained by a Flint resident before seeking to have this Court appoint them to negotiate a settlement in

3

this monumental litigation. Moreover, the notion that a group of attorneys can unilaterally select counsel for unrepresented individuals is contrary to fundamental principles of legal representation.

    B.    <u>What was the rationale regarding the selection of subclass counsel? Or the subclass categories?</u>

According to the Fourth Amended Class Action Complaint, Interim Class Counsel seek an order pursuant to Fed. R. Civ. P. 23(b)(3) "on behalf of a proposed damages class defined as follows: all individuals and entities who from April 25, 2014 to present were exposed to toxic Flint water or who owned property within the City of Flint and experienced injuries and damages to their person or property." Fourth Amended Class Action Complaint, ¶ 448 (Dkt. 620-3). Interim Class Counsel further seek certification of a subclass consisting of "all African American individuals who from April 25, 2014 to present were exposed to Flint water or who owned or rented property within, or resided, worked, or attended school within the City of Flint and experienced injuries to their person or damages to their property ("African American Subclass"). *Id.*

Deviating from the above class definition, Interim Class Counsel now seek to appoint individuals to represent the interests of five previously undefined subclasses: Children Injury, Adult Injury, Property Damage, Business Loss, and Future Manifesting Injury, without any rationale for making such a radical change in their

papers. Dkt. 922 at 20-26, Page ID #24196-24202.[1] These five subclasses are not found in the Fourth Amended Class Action Complaint and the Renewed Motion is silent as to how the subclasses were selected or which specific claims fall within each subclass. For example, the Children's Injury Subclass does not account for varying age groups of minor children, nor does it address the different types of claims a child may have, including elevated lead levels, diminished cognitive development, or neurological impairments. With respect to the Adult Injury Subclass, the Renewed Motion fails to address how the proposed subclass counsel will handle the various adult injuries at issue in this litigation, including lead exposure, Legionnaire's disease, personal injuries, and civil rights/due process violations. The lack of striation and rational foundation concerning the definition and development of the proposed subclasses causes concern. It raises potential issues that may negatively impact the individual plaintiffs in this litigation and cause delays for the individual plaintiff bellwether trials or global resolution due to inevitable appeals. Having these issues dealt with correctly at the outset seems fundamental to all litigants involved.

---

[1] Noticeably absent from the Renewed Motion is a proposed subclass counselor for the African American Subclass.

C.   Who are the proposed subclass representatives and do they satisfy the adequacy standards of Rule 23?

Interim Class Counsel bear the burden of proof in showing that the proposed subclasses and counsel meet all of Rule 23's requirements. *In re Am. Med. Sys.*, Inc., 75 F.3d 1036, 1079 (6th Cir. 1996). "A class is not maintainable as a class action by virtue of its designation as such in the pleadings." *Cash v. Swifton Land Corp.*, 434 F.2d 569, 571 (6th Cir. 1970). Further, in the settlement context, the rule continues to "demand undiluted, even heightened, attention." *Amchem Products, Inc. v. Windsor*, 521 U.S. 620 (1997).

Rule 23(a) requires that "the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). The Sixth Circuit has held that "there are two criteria for determining whether the representation of the class will be adequate: (1) the representative must have common interests with unnamed members of the class; and (2) it must appear that the representatives will vigorously prosecute the interests of the class through qualified counsel." *Senter v. GMC*, 532 F.2d 511, 524-25 (6th Cir. 1976).

Here, Interim Class Counsel have not disclosed who the proposed subclass representatives are. Absence of this crucial information causes significant alarm at this juncture where Interim Class Counsel are seeking the appointment of subclass counsel, and in turn, subclass representatives. Interim Class Counsel have failed to disclose the proposed representatives despite the clear requirement under Rule

6

23(a)(4) that "the representative parties will fairly and adequately protect the interests of the class." Identification of the subclass representatives is required so that the Court can conduct a thorough adequacy analysis of these individuals pursuant to the Federal Rules. Further, the Renewed Motion fails to show any justification for the adequacy of the subclasses pursuant to Rule 23, or why they contradict the definition set out in the Fourth Amended Complaint.

These issues are of paramount importance to Co-Liaison Counsel because if the class and individual tracts are unavoidably intertwined for trial or global resolution, inadequately plead pursuant to Rule 23, class issues and improperly appointed subclass counsel will undoubtedly cause significant delay for all parties.

## **CONCLUSION**

These issues are being raised in the interest of efficiency, and with the hope that Interim Class Counsel will make further efforts to properly address, and where appropriate, correct these issues and deficiencies. Further, if the day comes that these issues become an impediment to the bellwether process or to a resolution for individually represented plaintiffs, we have a responsibility to preserve any and all objections. Accordingly, Co-Liaison Counsel are filing the instant position statement to preserve any objections to be raised at the appropriate time when Class Counsel seeks certification pursuant to the First Amended Case Management Order.

Dated: August 23, 2019

Respectfully submitted,

**NAPOLI SHKOLNIK PLLC**

By: /s/ Hunter Shkolnik
Hunter J. Shkolnik, Esq.
360 Lexington Avenue, 11th Floor
New York, NY, 10017
(212) 397-1000
hunter@napolilaw.com

**LEVY KONIGSBERG, LLP**

By: /s/ Corey M. Stern
Corey M. Stern, Esq.
800 Third Avenue
Suite 11th Floor
New York, NY, 10022
(212) 605-6200
cstern@levylaw.com

*Co-Liaison Counsel for Personal Injury Claims*

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 23, 2019, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing upon counsel of record.

Dated: August 23, 2019

                                              _____/s/ Patrick J. Lanciotti_____