UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

*In re* Flint Water Cases.

_____/

Judith E. Levy
United States District Judge

This Order Relates To:

Carthan v. Snyder
Case No. 16-10444

_____/

**ORDER GRANTING CLASS PLAINTIFFS' RENEWED MOTION IN PART [922] AND AMENDING THE COURT'S ORDER DELINEATING DUTIES OF INTERIM CO-LEAD CLASS COUNSEL [234] TO AUTHORIZE PARTICIPATION OF <u>INTERIM SETTLEMENT COUNSEL</u>**

The case is before the Court on interim co-lead class plaintiffs' renewed motion to appoint interim subclass settlement counsel. The Court denied plaintiffs' previous motion to appoint various professors as interim subclass settlement counsel, finding that the candidates were not adequate under Federal Rule of Procedure 23. Class plaintiffs renew

their motion and propose five new candidates.[1] They filed a supplemental brief proposing a sixth candidate.

Previously, the Court gave interim co-lead class counsel "exclusive authority to explore, develop, and pursue all settlement options pertaining to any claim or portion thereof of any case filed in this litigation on behalf of the putative class." (ECF No. 234, PageID.8724–25.) By filing this motion, interim co-lead class counsel therefore ask the Court to amend its previous order.

Parties were given an opportunity to respond to the renewed motion. (ECF No. 923, PageID.24302.) Defendants City of Flint and Howard Croft responded to preserve their ability to later brief the issue of whether the "structure or subclass representatives proposed by Class Plaintiffs is sufficient to resolve" conflict concerns in this case. (ECF Nos. 925, 926.) Individual co-liaison counsel likewise do not take a position on the individual candidates but nonetheless responded to set forth a series of concerns about appointment of subclass settlement counsel at this stage of the case. (ECF No. 927.)

---

[1] Class plaintiffs also sought the appointment of a fourth neutral facilitator to address issues of apportionment, which the Court previously denied. (ECF No. 923, PageID.24303.)

At this point in the litigation, there is no motion before the Court to certify this case as a class action or to certify or approve specific subclasses. Rather, the parties have represented to the Court that while the litigation is pressing forward, they are also participating in facilitated settlement negotiations. In order for the negotiations to continue in a productive manner, interim co-lead class counsel filed this motion.

The Court is satisfied that the candidates set forth in the motion have the qualifications and experience to adequately and fairly represent clients in this case. The new candidates are active litigators at firms that have represented plaintiffs in mass tort and other class actions, and they have all declared that they will devote the time and resources necessary to represent clients and work on apportionment issues in settlement discussions. They have all declared that they do not have any current representations that would conflict with their defined role here. The Court therefore authorizes the candidates' participation in facilitated settlement negotiations as interim class settlement counsel for allocation purposes. In order to do so, the candidates must be engaged by a client or clients with relevant claims in the Flint Water Cases.

Accordingly, the Renewed Motion to Appoint Interim Subclass Settlement Counsel (ECF No. 922) is GRANTED IN PART to the extent that the Court is satisfied that the candidates identified are positioned to participate in facilitated settlement negotiations as outlined above.

It is further ordered that the Court's October 26, 2017 order delineating the role of co-lead class counsel (ECF No. 234) is AMENDED to reflect this authorization. The Court hereby grants the candidates the authority to participate in settlement negotiations as interim class settlement counsel regarding apportionment; they now have the authority to negotiate terms of allocation of a settlement in the event of a settlement offer of an aggregate sum to be distributed among members of a class.

This order is limited in scope and does not adjudicate or approve any of the subclasses outlined in the motion or the adequacy of representation for any class or subclass, nor does it appoint the candidates as counsel for the proposed settlement subclasses set forth.

IT IS SO ORDERD.

Dated: August 26, 2019        s/Judith E. Levy
   Ann Arbor, Michigan        JUDITH E. LEVY
                              United States District Judge