```
 1                    UNITED STATES DISTRICT COURT
                      EASTERN DISTRICT OF MICHIGAN
 2                         SOUTHERN DIVISION

 3

 4
                 IN RE   FLINT WATER CASES     Case No. 16-10444
 5

 6

 7   _____/

 8                        STATUS CONFERENCE

 9
              BEFORE THE HONORABLE JUDITH E. LEVY
10                UNITED STATES DISTRICT JUDGE

11                       AUGUST 7, 2019

12
                      APPEARANCES IN ALPHABETICAL ORDER
13
                      Charles E. Barbieri
14                    Foster, Swift, Collins & Smith, P.C.
                      313 South Washington Square
15                    Lansing, MI 48933

16                    Esther Berezofsky
                      Berezofsky Law Group, LLC
17                    210 Lake Drive East, Suite 101
                      Cherry Hill, NJ 08002
18
                      Frederick A. Berg
19                    Butzel Long
                      150 West Jefferson, Suite 100
20                    Detroit, MI 48226

21                    Teresa Ann Caine Bingman
                      Law Offices of Teresa A. Bingman
22                    1425 Ambassador Drive
                      Okemos, MI 48864
23
                      Peretz Bronstein
24                    Bronstein, Gewirtz & Grossman LLC
                      60 East 42nd Street, Suite 4600
25                    New York, NY 10165
```

```
 1                        Michael S. Cafferty
                          Michael S. Cafferty & Associates
 2                        333 West Fort Street, Suite 1400
                          Detroit, MI 48226
 3
                          James M. Campbell
 4                        Campbell, Campbell, Edwards & Conroy
                          One Constitution Plaza, Suite 300
 5                        Boston, MA 02129-2025

 6                        Gladys L. Christopherson
                          Washington Legal
 7                        718 Beach Street, P.O. Box 187
                          Flint, MI 48501
 8
                          Alaina Devine
 9                        Campbell Conroy & O'Neil PC
                          1 Constitution Wharf, Suite 310
10                        Boston, MA 02129

11                        Philip A. Erickson
                          Plunkett & Cooney
12                        325 East Grand River Avenue, Suite 250
                          East Lansing, MI 48823
13
                          James A. Fajen
14                        Fajen & Miller, PLLC
                          3646 West Liberty Road
15                        Ann Arbor, MI 48103

16                        Shayla A. Fletcher
                          The Fletcher Law Firm, PLLC
17                        1637 South Huron
                          Ypsilanti, MI 48197
18
                          Joseph F. Galvin
19                        Genesee County Drain Commissioners
                          4610 Beecher Road
20                        Flint, MI 48532

21                        William H. Goodman
                          Goodman and Hurwitz, P.C.
22                        1394 East Jefferson Avenue
                          Detroit, MI 48207
23
                          Philip A. Grashoff, Jr.
24                        Smith Haughey Rice & Roegge
                          213 South Ashley, Suite 400
25                        Ann Arbor, MI 48104
```

```
 1                    Deborah E. Greenspan
                      Special Master
 2
                      David Hart
 3                    Maddin, Hauser, Roth & Heller, PC
                      28400 Northwestern Highway
 4                    Southfield, MI 48034-1839

 5                    Larry R. Jensen
                      Hall Render Killian Heath & Lyman, PLLC
 6                    201 West Big Beaver Road, Suite 1200
                      Troy, MI 48084
 7
                      William Young Kim
 8                    City of Flint
                      1101 South Saginaw Street, Third Floor
 9                    Flint, MI 48502

10                    Sheldon H. Klein
                      Butzel Long, P.C.
11                    Stoneridge West, 41000 Woodward Avenue
                      Bloomfield Hills, MI 48304
12
                      Kurt E. Krause
13                    Chartier Nyamfukudza P.L.C.
                      1905 Abbot Road, Suite 1
14                    East Lansing, MI 48823

15                    Richard S. Kuhl
                      Michigan Department of Attorney General
16                    ENRA Division, P.O. Box 30755
                      Lansing, MI 48909
17
                      Patrick J. Lanciotti
18                    Napoli Shkolnik Law PLLC
                      360 Lexington Avenue, 11th Floor
19                    New York, NY 10017

20                    Theodore J. Leopold
                      Cohen Milstein Sellers and Toll PLLC
21                    2925 PGA Boulevard, Suite 200
                      Palm Beach Gardens, FL 33410
22
                      Emmy L. Levens
23                    Cohen Milstein Sellers and Toll PLLC
                      1100 New York Avenue, NW,
24                    Suite 500, West Tower
                      Washington, DC 20005
25
```

August 7, 2019

```
 1                          Cynthia M. Lindsey
                            Cynthia Lindsey & Associates
 2                          8900 East Jefferson Avenue, Number 612
                            Detroit, MI 48214
 3
                            Austen Lott
 4                          Marc J. Bern & Partners
                            225 West Washington Street, Suite 2200
 5                          Chicago, IL 60606

 6                          Christopher J. Marker
                            O'Neill, Wallace & Doyle P.C.
 7                          300 Saint Andrews Road, Suite 302
                            Saginaw, MI 48638
 8
                            Cirilo Martinez
 9                          Law Office of Cirilo Martinez, PLLC
                            3010 Lovers Lane
10                          Kalamazoo, MI 49001

11                          T. Santino Mateo
                            Perkins Law Group, PLLC
12                          615 Griswold, Suite 400
                            Detroit, MI 48226
13
                            David W. Meyers
14                          Law Office of Edward A. Zeineh
                            2800 Grand River Avenue, Suite B
15                          Lansing, MI 48912

16                          Thaddeus E. Morgan
                            Fraser, Trebilcock
17                          124 West Allegan Street, Suite 1000
                            Lansing, MI 48933
18
                            Megan R. Mulder
19                          Cline, Cline & Griffin, P.C.
                            1000 Mott Foundation Building
20                          503 South Saginaw Street
                            Flint, MI 48502
21
                            Paul J. Napoli
22                          Napoli Shkolnik PLLC
                            360 Lexington Avenue, 11th Floor
23                          New York, NY 10017

24                          Solomon M. Radner
                            EXCOLO LAW, PLLC
25                          26700 Lahser Road, Suite 401
                            Southfield, MI 48033
```

```
 1                    Alexander S. Rusek
                      White Law PLLC
 2                    2400 Science Parkway, Suite 201
                      Okemos, MI 48864
 3
                      Gregory Stamatopoulos
 4                    Weitz & Luxenberg, P.C.
                      719 Griswold, Suite 620
 5                    Detroit, MI 48226

 6                    Corey M. Stern
                      Levy Konigsberg, LLP
 7                    800 Third Avenue, Suite 11th Floor
                      New York, NY 10022
 8
                      Craig S. Thompson
 9                    Sullivan, Ward
                      25800 Northwestern Highway, Suite 1000
10                    Southfield, MI 48075

11                    Valdemar L. Washington
                      718 Beach Street, P.O. Box 187
12                    Flint, MI 48501

13                    Todd Weglarz
                      Fieger, Fieger, Kenney & Harrington, PC
14                    19390 West 10 Mile Road
                      Southfield, MI 48075
15
                      Marvin Wilder
16                    Lillian F. Diallo Law Offices
                      500 Griswold, Suite 2340
17                    Detroit, MI 48226

18                    Matthew Wise
                      Foley & Mansfield, PLLP
19                    130 East Nine Mile Road
                      Ferndale, MI 48220
20
                      Barry A. Wolf
21                    Barry A. Wolf, Attorney at Law, PLLC
                      503 South Saginaw Street, Suite 1410
22                    Flint, MI 48502

23                    Edwar A. Zeineh
                      Law Office of Edwar A. Zeineh, PLLC
24                    2800 East Grand River Avenue, Suite B
                      Lansing, MI 48912
25
```

1                      To Obtain a Certified Transcript Contact:
                     Jeseca C. Eddington, RDR, RMR, CRR, FCRR
2                        Federal Official Court Reporter
                          United States District Court
3           200 East Liberty Street - Ann Arbor, Michigan 48104

4

5

6

7

8

9

10                              **I N D E X**

11

MISCELLANY

12
            Proceedings..................................7
13          Certificate..................................37
14

15

16

17

18

19

20

21

22

23

24

25

1                    **P R O C E E D I N G S**

2              THE CLERK:  Calling the Flint Water Cases.

3              THE COURT:  Welcome.  Please be seated.  And I would

4    like to log on to my computers and then have appearances for

5    the record.  And what I'll do is just start0.  Over here we

6    have Ms. Deborah Greenspan who's the special master appointed

7    in this case.  Then we can go down the front row of the jury

8    box.

9              MS. CHRISTOPHERSON:  Gladys Christopherson for the

10   Anderson and Lee plaintiffs.

11             THE COURT:  Thank you.

12             MR. WASHINGTON:  Val Washington for the Anderson and

13   Lee plaintiffs, Judge.

14             THE COURT:  Good.  You don't have your sling.

15             MR. WASHINGTON:  I got full range of motion.  How

16   about that?

17             THE COURT:  So this is good.  Well, congratulations.

18             MS. LINDSEY:  Good afternoon, Your Honor.  Cynthia

19   Lindsey on behalf of putative class plaintiffs.

20             THE COURT:  Thank you.

21             MR. BLAKE:  Good afternoon.  Jayson Blake liaison to

22   the state court plaintiffs, class.

23             THE COURT:  Thank you.

24             MR. HART:  Good afternoon, Your Honor.  David Hart on

25   behalf of the Guertin plaintiffs.

```
 1              THE COURT:  Thank you.  Mr. Bronstein.
 2              MR. BRONSTEIN:  Peretz Bronstein on behalf of
 3     putative class plaintiffs.
 4              MR. STAMATOPOULOS:  Gregory Stamatopoulos on behalf
 5     of class plaintiffs.
 6              THE COURT:  Okay.
 7              MS. BEREZOFSKY:  Esther Berezofsky on behalf of class
 8     plaintiffs and the Gulla plaintiffs.
 9              THE COURT:  Thank you.
10              MR. NOVAK:  Paul Novak on behalf of class plaintiffs.
11              MR. GOODMAN:  William Goodman for the class
12     plaintiffs and for the Marble plaintiffs as well.
13              MR. STERN:  Your Honor, Corey Stern as co-liaison
14     counsel for individual plaintiffs.
15              THE COURT:  Okay.  And we had Mr. Napoli in place of
16     Mr. Shkolnik at our in chambers conference that was held at
17     one o'clock.  And he indicated something about a flight
18     getting altered that he had to leave early.
19              MR. STERN:  That's correct.  He just left.
20              THE COURT:  Okay.
21              MS. BINGMAN:  Your Honor, Teresa Bingman standing in
22     for Michael Pitt, co-lead class counsel.
23              THE COURT:  Thank you, Ms. Bingman.
24              MR. LEOPOLD:  Good afternoon, Your Honor.  Ted
25     Leopold, co-lead for the punitive class.
```

```
 1                THE COURT:  Thank you.
 2                MR. KIM:  Good afternoon, Your Honor.  William Kim on
 3       behalf of the City of Flint.  I believe it's no longer
 4       necessary to continue to appear on behalf of Dayne Walling who
 5       has been dismissed on behalf of your last order.
 6                THE COURT:  Thank you.
 7                MR. BERG:  Good afternoon, Your Honor.  Rick Berg on
 8       behalf of City of Flint.
 9                MR. RUSEK:  Good afternoon, Your Honor.  Alexander
10       Rusek on behalf of Howard Croft.
11                THE COURT:  Thank you.
12                MR. ERICKSON:  Good afternoon, Your Honor.  Philip
13       Erickson on behalf of the LAN defendants and Leo A Daly.
14                THE COURT:  Good.  Thank you.
15                MR. KLEIN:  Good afternoon.  Sheldon Klein for the
16       City of Flint.
17                MS. DEVINE:  Good afternoon, Your Honor.  Alaina
18       Devine on behalf of VNA defendants.
19                MR. CAMPBELL:  Good afternoon, Your Honor.  James
20       Campbell for the VNA defendants.
21                MS. LEVENS:  Good afternoon.  Emmy Levens for the
22       class.
23                MR. MARTINEZ:  Good afternoon, Your Honor.  Cirilo
24       Martinez for the class.
25                MR. WILDER:  Good afternoon, Your Honor.  Marvin
```

1    Wilder appearing for Lillian Diallo for individual plaintiffs,

2    Gist, Kirkland, and Savage.

3              THE COURT:  Good.  Thank you.

4              MR. KUHL:  Good afternoon.  Richard Kuhl for state

5    defendants.

6              MR. THOMPSON:  Good afternoon, Your Honor.  Craig

7    Thompson for Defendant Rowe.

8              MR. MORGAN:  Thaddeus Morgan for Liane Shekter Smith.

9              MR. GRASHOFF:  Phil Grashoff on behalf of Stephen

10   Busch.

11             MR. ZEINEH:  Good afternoon, Your Honor.  Edward

12   Zeineh on behalf of Daugherty Johnson.

13             MR. MEYERS:  Good afternoon, Your Honor.  David

14   Meyers on behalf of Daugherty Johnson.

15             MR. KRAUSE:  Good afternoon, Your Honor.  Kirk Krause

16   on behalf of Robert Scott.

17             MR. BARBIERI:  Charles Barbieri on behalf of Michael

18   Prysby and Patrick Cook.

19             MR. FAJAN:  James Fajan on behalf of Adam Rosen.

20             MR. WEGLARZ:  Your Honor, Todd Weglarz for individual

21   Odie Brown and Gradine Rogers.

22             THE COURT:  Thank you.

23             MR. MATEO:  T. Santino Mateo on behalf of Darnell

24   Earley.

25             MS. FLETCHER:  Good afternoon, Your Honor.  Shayla

 1    Fletcher on behalf of the Alexander plaintiffs.

 2          MS. MULDER:  Good afternoon, Your Honor.  Megan

 3    Mulder on behalf of Defendant McLaren.

 4          MR. LOTT:  Your Honor, Austen Lott on behalf of the

 5    Bern plaintiffs.

 6          THE COURT:  Okay.  Thank you.

 7          MR. MARKER:  Good afternoon, Your Honor.  Christopher

 8    Marker here on behalf of Michael Glasgow.

 9          MR. WISE:  Good afternoon, Your Honor.  Matt Wise on

10    behalf of Jeffrey Wright.

11          MR. GALVIN:  Joseph Galvin, Your Honor, also on

12    behalf of Mr. Wright.

13          MR. WOLF:  Good afternoon, Your Honor.  Barry Wolf on

14    behalf of Gerald Ambrose.

15          MR. JENSEN:  Good afternoon, Your Honor.  Larry

16    Jensen on behalf of Hurley Medical Center, Ann Newell and Nora

17    Birchmeier.

18          MR. RADNER:  Good afternoon, Your Honor.  Solomon

19    Radner on behalf of the Washington plaintiffs.

20          MR. CAFFERTY:  Good afternoon, Your Honor.  Michael

21    Cafferty on behalf of Nancy Peeler.

22          THE COURT:  Thank you.  Okay.  Well, welcome to

23    everyone who's here.

24          I set forth an agenda for this status conference.

25    And I want to begin with a couple of things that aren't

1   actually on the agenda.  And the first is to discuss who needs

2   to be present in terms of lawyers at future status conferences

3   now that the motions to dismiss in Carthan have been

4   adjudicated and the motions to dismiss in Walters and Sirls

5   have also been determined.

6        And when you combine those two decisions there are a

7   number of defendants who were dismissed in those cases.  It

8   was brought to my attention that there's not a final order of

9   dismissal as to those defendants because that ordinarily in

10  the ordinary course of litigation only happens at the

11  conclusion of either a verdict being reached or a final motion

12  to dismiss that adjudicates the entire case.

13       And in light of the fact that that may not be for

14  some time, I want to make sure that the lawyers for those

15  defendants who have been dismissed are not required to be here

16  at any future motion hearings or status conferences,

17  telephonic conferences and so on.

18       Anyone is welcome to be here who thinks it's in your

19  client's interest to be present or in the public interest.  No

20  one is excluded from this courtroom under any circumstances

21  that I can think of.  We've had a few disruptions in different

22  cases.  But nothing like that would happen or has happened

23  here.

24       So from hereon out, those lawyers when there's a

25  notice to appear, you may get the notice because your client

1    has not had a final order of dismissal entered, but you are

2    not required to be here.  You won't be expected to be here.

3    And you'd certainly be welcome if you show up.

4              So is there any question?  Is that clear?  Anybody

5    have any questions about that?  Okay.

6              Then the next thing I wanted to do is go over the

7    impact of the decision in the Walters and Sirls cases is.  And

8    in terms of what's yet to be decided in terms of additional

9    short form complaints.

10             And I see that we have some members of the community.

11   I'm sure that you're plaintiffs in our case.  I would

12   anticipate maybe you are.  I want to especially welcome you

13   here.  And to the extent there are defendants who are here who

14   are clients, I'd like to welcome you as well.

15             I will tell all of you that what we deal with in

16   these conferences is literally in the weeds.  Like we are at

17   blades of grass that might show up between -- I don't want to

18   reference weeds because this is such an important case to

19   everyone here.  So I'll just say blades of grass instead.

20             So it may be a little tedious and you're welcome to

21   talk to your lawyers at the conclusion to make sure any

22   questions are answered.

23             So this is one of those areas which is deeply in tiny

24   blades of glass.  So what we have in the individual cases --

25   and Mr. Stern, I might call upon you to help me through this

1    because you're here representing the individual plaintiffs.

2            And so what we have is a master complaint that was

3    filed in Walters and Sirls.  Then we have short form

4    complaints in Walters and Sirls.  And those have been now the

5    motions to dismiss have been determined.  Some claims continue

6    on.  Some don't.  Many defendants continue on.  Some don't.

7            There are some claims, there's a CERCLA claim, an

8    intentional infliction of emotional distress.  There are some

9    state law claims from some old -- a former complaint that may

10   have boxes checked on the short form complaints that are still

11   pending.

12           Mr. Stern, how do you suggest we address those?

13   Because they were not incorporated in your new long form

14   complaint.

15           MR. STERN:  If I understand -- Corey Stern for the

16   plaintiffs.  I just want to make sure I understand your

17   question.  To the extent that claims still remain --

18           THE COURT:  Boxes checked on earlier short form

19   complaints referencing counts that no longer exist.

20           MR. STERN:  So in my experience, they just no longer

21   exist.  But there are not -- there's not a necessity for an

22   amended short form complaint.  It's just that the lawyers that

23   are prosecuting those cases based on the orders in Walters and

24   Sirls, based on the related orders that you previously entered

25   as to how you would deal with Walters and Sirls, when

1    juxtaposed with the other short forms would deem that your

2    order was applicable to each of the other short form

3    complaints.

4         Such that defendants who have those claims against

5    them at this point in time in those short form complaints that

6    are not Walters or Sirls should know that those counts have

7    also been dismissed as to those short form complaints.

8         THE COURT:  That's the way I would like to address

9    it.  But what I'd like to make sure all of the lawyers in the

10   individual cases know is that if you want to bring a CERCLA,

11   an intentional infliction of emotional distress, any other

12   state law counts or federal counts that are currently not in

13   Walters and Sirls, you will need to file a motion for leave to

14   amend to include those.  Because they are not in your cases

15   anymore.

16        So the defendants do not need to answer those counts

17   that are not in Walters and Sirls, the master or those short

18   form complaints.

19        The one exception to that will be the cases in the

20   Marble and the Brown case.  Those are two cases unlike many of

21   the others that raise legionella claims against two different

22   hospitals in Flint, McLaren and Hurley Hospital.

23        So for those cases, the amended short form complaint

24   is due August 19th.  And what I'll say to be very clear about

25   that is in those instances, McLaren and Hurley are new

1    defendants that have not been adjudicated previously in

2    Walters, Sirls, or Carthan.  So you will need to set forth

3    your allegations against those defendants in your short form

4    supplement or complaint.

5           And the answer -- the motion to dismiss or answer, it

6    will be due 30 days later on September 19th.  And I will let

7    -- those defendants who've already been dismissed, you're out.

8    You don't have any work to do.

9           Those defendants who are still in, the only argument

10   that I want to hear in your motion to dismiss -- and certainly

11   if you're filing an answer this doesn't apply.

12          But if you choose to file a motion to dismiss, then

13   your motion should be regarding the new allegations and not a

14   repetition of all of the arguments that you've already made in

15   Walters and Sirls.  Those will be -- I'll have one paragraph

16   at the beginning saying the Court incorporates all of its

17   decision in Walters and Sirls into this decision.  Except

18   we're now going to address additional claims related to

19   McLaren and Hurley.

20          Mr. Goodman.

21          MR. GOODMAN:  Your Honor --

22          THE COURT:  Say your name and your client.

23          MR. GOODMAN:  William Goodman appearing on behalf for

24   purposes on this question on behalf of the Marble plaintiffs.

25          I take it that by allowing an explicated version of

1    certain claims in the form of a short form complaint, the term

2    short form is a term of art here.  And since these are

3    somewhat elaborate claims may require a little bit of --

4              THE COURT:  An addendum.

5              MR. GOODMAN:  Yes.

6              THE COURT:  Yes.

7              MR. GOODMAN:  And in particular in the case of the

8    Marble family and plaintiffs, we're talking about the claim of

9    intentional infliction of emotional distress which has both

10   state common law grounds and in my opinion substantive due

11   process over 1983 grounds as well.

12             THE COURT:  Okay.  Well, I don't know -- I can't

13   comment on whether it does or doesn't.  But I can say that if

14   you want to bring a substantive due process claim that has not

15   previously been adjudicated, then you'll need to set it forth

16   in your supplemental filing to your short form.

17             MR. GOODMAN:  Thank you, your Honor.

18             THE COURT:  Okay.  All right.  So that's what will

19   happen.

20             Then in terms of answers being filed to Walters and

21   Sirls, those will now be due September 3rd.  And an answer

22   should be filed on Walters, an answer in Sirls, and then with

23   respect to every other short form that currently exists, an

24   answer -- a one-page reference to that answer can be filed.

25   You don't need to repeat your entire answer unless you might

 1    wish to.

 2            Mr. Campbell, did I get that wrong?  You looked at me

 3    --

 4            MR. CAMPBELL:  No.  I'm just listening intently, Your

 5    Honor.

 6            THE COURT:  Okay.  All right.  You know the one

 7    problem I foresee with this is that in the short form

 8    complaint, there's going to be an allegation that like 15

 9    people lived at a particular address or something.  And you

10    may want to answer but you don't know if that's true or not.

11            So there could be some additional detail than the one

12    page.  But you don't have to answer all of the allegations in

13    the long form complaint that are adopted in each short form.

14    Okay.

15            And what we're going to do is if the first few -- if

16    the defendants get busy working on these answers, a problem

17    arises that you realize, you know, I can't just adopt all of

18    that because of the way it's presented, you'll let me know and

19    we'll solve the problem.

20            MR. STERN:  Your Honor?

21            THE COURT:  Yes.

22            MR. STERN:  When it comes to the short form

23    complaints, to the answers to the short form complaints and

24    filing a notice, it may be appropriate for defendants just to

25    say a boilerplate.

```
 1              To the extent there exist facts that are specific to
 2     the individual plaintiffs in the case, you know, defendants
 3     are without sufficient information to admit or deny and
 4     defendants further adopt their previous answer as filed.
 5              And this way it's still a boilerplate notice.
 6              THE COURT:  Yeah.
 7              MR. STERN:  So they don't have to redo it every time
 8     but it preserves their right to sort of, you know, discover
 9     that information as the litigation goes on.
10              THE COURT:  I think that's a good idea.  So we'll do
11     that.
12              MR. KUHL:  Your Honor.
13              THE COURT:  Yes.
14              MR. KUHL:  Richard Kuhl for state defendants.  For
15     those of us that have state defendants, which is Governor
16     Snyder, we wouldn't be filing an answer.
17              THE COURT:  No.
18              MR. KUHL:  So do we need to file anything or is it
19     presumed that any appeal we file in Walters and Sirls will
20     stay our obligation to --
21              THE COURT:  Absolutely.  And I wanted to get to that
22     next.  Yes.  Well, Mr. Erickson.
23              MR. ERICKSON:  Philip Erickson representing the LAN
24     defendants and Leo A Daly.  Just to clarify.  So defendants
25     will now file master answers.  Defendants that were in Walters
```

 1    and Sirls that are still in Walters and Sirls will file a

 2    master answer as to the master complaint.  Then we'll also

 3    file short form answers as to the short form complaints in

 4    Walters and Sirls.

 5              THE COURT:  Yes.

 6              MR. ERICKSON:  But my question is, is it true that

 7    the Court is not now requiring answers to short form

 8    complaints in all of the other individual cases at this time

 9    given the pendency of the bellwether process?

10              THE COURT:  So you're suggesting -- what does the

11    bellwether process have to do with filing a one-page answer in

12    all of the other short form individual cases?

13              MR. ERICKSON:  Well, it's just -- it seems

14    unnecessary in that none of those cases is going to be

15    proceeding to trial and only the bellwether claims in the near

16    term are going to be proceeding to trial.

17              THE COURT:  Yeah, but those cases exist.  They're on

18    my docket.  I need to know that the defendants know about

19    them.  I keep track of every case on my docket.  If an

20    answer's not filed, I issue a show cause why it shouldn't be

21    dismissed for failure to prosecute because the plaintiff has

22    not brought it to my attention.

23              Just to satisfy that obsessive nature, I think it's

24    important to -- if you've got a lawsuit, there has to be an

25    answer.  And then we're going to put those -- we're going to

```
 1    hold on to those until it's time for them to be -- to go to
 2    trial.
 3              MR. ERICKSON:  I understand, Your Honor.  And I was
 4    seeking clarification.
 5              THE COURT:  Yeah.
 6              MR. ERICKSON:  And you provided it.  In light of the
 7    Court's desire that we answer in all cases where there's been
 8    a short form complaint filed, we --
 9              THE COURT:  Except Marble and Brown because we're
10    going to have new -- you know, that will go on its own track.
11              MR. ERICKSON:  Understood.  We talked upstairs about
12    having until September 3rd to answer in Walters and Sirls.  I
13    would request on behalf of all defendants more time --
14              THE COURT:  Absolutely.
15              MR. ERICKSON:  -- to process the other answers.
16              THE COURT:  Let's do October 3rd.
17              MR. ERICKSON:  That's reasonable.
18              THE COURT:  Okay.  I don't know if that's a weekday.
19    Good.  October 3rd.
20              MR. GALVIN:  Your Honor, Joseph Galvin on behalf of
21    Jeff Wright.  With respect to Marble and Brown, each of those
22    has a count styled 1983 due process denial of access to
23    judicial remedies.  I do not believe that there has been a
24    determination by this Court.
25              Did I understand you earlier to say that defendants
```

1    who had been otherwise dismissed should not file a motion to

2    dismiss as to Marble and Brown because those cases were to

3    relate to the two hospitals only?

4           THE COURT:  Let me -- that's a good question.  Mr.

5    Goodman, this due process failure to have access to the

6    courts.  What is that claim?  I've never heard of it.

7           MR. GOODMAN:  That claim is that if you deprive

8    people of information, which is what happened in the Marble

9    case and I think --

10          THE COURT:  But McLaren and Hurley are private

11   actors.  So you're not suing them for a constitutional --

12          MR. GOODMAN:  We've alleged that they are 1983

13   coconspirators with the public defendants.

14          THE COURT:  I see.

15          MR. GOODMAN:  And I think that I can provide the

16   Court with case law on that.

17          THE COURT:  No, I don't want to argue it now.  But

18   what I'm trying to figure out is we just have a practical

19   question.  Is Jeff Wright a defendant in that?

20          MR. GOODMAN:  I think so.  But I would have to -- I

21   would have to go back and review my pleadings and make sure.

22          THE COURT:  Okay.

23          MR. GALVIN:  As a technical matter, Jeff Wright is

24   included in the category of government defendants who are

25   alleged to have conspired.

```
 1              THE COURT:  I see.

 2              MR. GALVIN:  Even though what they had to say about

 3    legionella.  I don't know.

 4              THE COURT:  That's okay.  We won't argue it.

 5              MR. GALVIN:  I understand, Your Honor.

 6              THE COURT:  Okay.  I think -- what I would ask you,

 7    Mr. Goodman, is to make sure when you're -- if you're

 8    amplifying claims that we know who your defendants are.

 9              If the drain commissioner of Genesee County conspired

10    to deprive people of their right to access to the courts, we

11    need to know specifically so his lawyer will know whether to

12    respond.

13              MR. GOODMAN:  Understood, Your Honor.  And I have

14    stood up with an additional question which is as to the date

15    on which the responses are due.  I think you mentioned Sirls

16    and Walters but not Marble and Brown with regard to this

17    October 3rd extension.

18              Does that apply to legionella cases as well as the

19    October 3rd extension?

20              THE COURT:  No.  The legionella cases are going to be

21    -- you're going to file your amended short form August 19th.

22              MR. GOODMAN:  That's right.

23              THE COURT:  Answers or motions to dismiss on

24    September 19th.

25              MR. GOODMAN:  Thank you.
```

```
1         THE COURT:  Okay.  Okay.  All right.  So the issue of
2    stays pending qualified impunity.  I'll get to you Mr.
3    Erickson.  I think it's clear.  But to the extent it may not
4    be clear, Mr. Kuhl had asked about our former Governor Snyder
5    being a defendant in Carthan.
6         He has an appeal pending claiming qualified immunity
7    and other kinds of immunity.  And any defendant that is
8    currently on appeal or will shortly be on appeal in a
9    particular case, the case is stayed as to unnecessary
10   discovery for that defendant.
11        But in the Guertin case, we have essentially all of
12   the defendants.  We don't have Governor Snyder in there.  But
13   any defendant that has answered is now in the case and must
14   respond as a party to the case and not a nonparty.
15        So then let me say on the issue of discovery -- oh,
16   Mr. Erickson, go ahead.
17        MR. ERICKSON:  Thank you, your Honor.  Philip
18   Erickson on behalf of the LAN defendants and Leo A Daly.
19        I wanted to raise another issue similar to the one
20   that Mr. Galvin just raised.  And that is in the Brown case
21   and its companion case or similar case filed by Mr. Weglarz,
22   there is a claim, at least one and maybe more than one, that's
23   brought against the engineering defendants that is not in
24   Marble -- in Walters or Sirls.  And that claim is a 1983 claim
25   against the private companies.
```

1        So that will have to be briefed and addressed in some

2    way in the Brown and Rogers cases.

3        THE COURT:  It will.  It certainly will.  Thank you.

4        So basically what we have is defendants will only

5    need to dismiss -- move to dismiss claims that have not been

6    previously adjudicated.  So if something new comes up in Brown

7    or the Marble case, that will absolutely need to be briefed.

8        Mr. Kuhl.

9        MR. KUHL:  Your Honor, you mentioned --

10       THE COURT:  Richard Kuhl on behalf of the state.

11       MR. KUHL:  I'm sorry, Your Honor.  Richard Kuhl on

12   behalf of the state defendants.  You mentioned counts.  But

13   the individual allegations that are made in Marble and Brown

14   could change the analysis.

15       For example, if somebody contracted legionella and

16   died in the fall of 2014 and somebody didn't become, as

17   alleged in Walters and Sirls, didn't gain knowledge of the

18   legionella problem until spring of 2015, the analysis is going

19   to be different.  And so I'm assuming that we are going to be

20   permitted to address those.

21       THE COURT:  Oh, you can address them.  Yeah.

22   Anything that alters the analysis or is new or different, you

23   can address.

24       Mr. Washington.

25       MR. WASHINGTON:  Judge, Val Washington on behalf of

1    the Anderson and Lee plaintiffs.  As sometimes happens when

2    there's a lot of publicity surrounding litigation, people come

3    out of the woodwork.  Individuals come out of the woodwork.

4            THE COURT:  Okay.

5            MR. WASHINGTON:  So my question is if we are

6    approached by people who have not previously filed short form

7    complaints or don't consider themselves part of any class

8    proceeding, should we at this time file a short form complaint

9    on their behalf or should we just have them stand down at this

10   point?

11           THE COURT:  No, no, no.  You should represent your

12   clients zealously in the way you see fit to represent them.

13   So if you -- you have clients who wish to sue and they're

14   within the statute of limitations, I leave it to you and your

15   client to decide what to do.

16           MR. WASHINGTON:  Thanks, Judge.

17           THE COURT:  Okay.

18           MR. GRASHOFF:  May it please the Court, Phil Grashoff

19   on behalf of Stephen Busch.

20           Just so it can be cleared up.  I want to understand

21   what happens to the CERCLA claim in the Brown case that has

22   been pending, box checked off, I agreed -- well --

23           THE COURT:  Okay.  I get you.  I'll let you finish if

24   needed.  What's going to happen to the CERCLA claim in the

25   Brown case is I'm assuming they're not going forward with it.

1    But should Mr. Weglarz decide that he wants to bring a CERCLA

2    claim, he's going to have to tell us the allegations that

3    would support -- the factual allegations that would support

4    such a claim.

5              MR. GRASHOFF:  So that fits in with Mr. Stern's

6    earlier explanation.  That claim is gone because it had

7    preexisted and it's the Sirls and Walters decision that was

8    made withdrawing that claim stands unless the plaintiffs'

9    counsel in Brown decides to reassert it with new facts.

10             THE COURT:  With facts, yes.

11             MR. GRASHOFF:  Got it.  Thank you.

12             THE COURT:  Okay.  So the next issue is how discovery

13   disputes will be handled for the next six month period.  And

14   I'm going to do this only for -- on a trial basis for six

15   months and amend it if necessary or change courses entirely if

16   necessary.

17             What I will do is reserve one hour on my docket every

18   two weeks to have a discovery conference call if necessary.

19   It does not need to be used for that purpose if there are no

20   disputes.

21             These hearings will be by telephonic status

22   conference.  The telephone number will be on the docket.  And

23   they will not be on the record because I think what we'll be

24   doing is problem solving.  And we will be just trying to

25   resolve the issue.  If they can't be resolved, then written

1    motions will be filed and a hearing held and so on.

2         But in order to reserve a spot for discussion of a

3    discovery dispute, the parties to it will be required to meet

4    and confer with one another to try to resolve it or to narrow

5    the issues.  And if they cannot resolve or narrow the issues,

6    they will jointly contact the law clerk assigned to the case

7    to request time on the docket.

8         A response will be given where you'll know when the

9    hearing will be held.  And a one-page single space letter can

10   be submitted through the law clerk to identify the dispute.

11   That will be accompanied by the subpoena, the requests for

12   production of documents, the requests for admissions.

13        Whatever the issue is, I'll want to see the

14   underlying documents just as they are or the answers, the

15   document with the answers that you may believe are

16   insufficient.  I'll need that one-page single spaced letter

17   two days ahead of the telephonic status conference.

18        If the issues are not or cannot be resolved, then I

19   will set a briefing schedule for briefing of the motion to

20   compel or motion to quash or whatever the motion might be.  So

21   we'll put that in an order following this hearing so that it's

22   clear how that will be handled.

23        Now in the submissions for this conference, there was

24   an indication that it may be helpful to have an update on

25   Freedom of Information Act requests.  Is that still an issue?

```
 1   No?  Okay.  And the document subpoenas -- Mr. Berg, I think I
 2   was told that you may discuss with us a shared subpoena
 3   tracking process.
 4            MR. BERG:  Rick Berg on behalf of the City of Flint.
 5   I'll be very brief, Your Honor.
 6            We had a conference call on Monday.  The idea of a
 7   centralized spreadsheet was discussed and the consensus was it
 8   seemed like a good idea.  We have, through my office, created
 9   a Google Docs location that we would propose to use for that.
10   Rather than circulate it and begin using it because we knew
11   this was on the agenda and if there was opposition, I thought
12   I would talk about this first and invite others to talk about
13   it.
14            But we have the document uploaded and we'll make it
15   available.  And the process is easy to use like any kind of
16   system of that nature.
17            THE COURT:  And it's password protected because if
18   some of the information is medical information or blood tests
19   things like that it won't be available to the public.
20            MR. BERG:  Yes.  Although at the moment the process
21   that we're contemplating does not include any of the
22   responsive documents.  It's only to track the process.
23            THE COURT:  I see.  I get it.  Okay.  Okay.  Right.
24   Of course.  You're not going to upload all the responsive
25   documents.
```

1          MR. BERG:  No.  It's just to see who's been served,

2    who's not been served, whether documents have been produced,

3    who has them, how many pages, what one might do if one wanted

4    to acquire them from a person who got them.

5          THE COURT:  That's an excellent idea.  Is there any

6    opposition to this plan?  Okay.

7          MR. LEOPOLD:  No.

8          MR. STERN:  No.

9          THE COURT:  Okay.  Hearing from both the plaintiffs'

10   counsel that there's no opposition there, it sounds like a

11   very good idea.

12         MR. BERG:  We'll circulate the information to the

13   subpoena subcommittee in the next day or so and we'll be off

14   and running.

15         THE COURT:  Okay.

16         MR. BERG:  Thank you.

17         THE COURT:  Yeah.  You're welcome.

18         Is there anything further from this agenda item on

19   bellwether selection?  Anything that needs to be discussed?

20   Okay.

21         In the Burgess case versus United States and the

22   related cases, there are I think four or five, maybe five

23   cases in front of Judge Parker where plaintiffs, many, many

24   thousands of plaintiffs are suing the United States equal

25   protection agency.

1          She responded to me and let me know that the briefing

2     won't be done until the middle of August.  I think something

3     like August 16th.  And so she'll be turning her attention to

4     it after that.

5          Once that decision is made as to whether -- what the

6     government is doing there is they're seeking an opportunity to

7     appeal Judge Parker's decision denying their motion to

8     dismiss.

9          If she grants them the right to have an interlocutory

10    appeal, meaning an appeal to the Sixth Circuit before final

11    judgment, then that will certainly take place.  If she denies

12    that, then she and I will discuss her -- whether she will

13    transfer those cases to this court so that all of the

14    litigation can be coordinated.  But we won't have that

15    discussion until her decision is made.

16          So the next issue that I wanted to talk about is just

17    to have on the record here whether there is any coordination

18    with the state court litigation that I should try to

19    undertake.  And my sense is that there isn't, but I think we

20    should have a report.

21          MR. STERN:  Your Honor, there's a status conference

22    --

23          THE COURT:  Corey --

24          MR. STERN:  Sorry.  Corey Stern on behalf of

25    individual plaintiffs as co-liaison counsel.  Judge Yuille has

1    scheduled a status conference for a week from today in Genesee

2    County.  Assuming that conference goes forward, the agenda

3    items will be the same as what's previously been discussed

4    with him.

5            There are numerous pending dispositive motions before

6    Judge Yuille that need to be ruled upon before anyone believes

7    he'll take or can take further action including adopting or

8    creating his own case management order to address bellwether

9    cases as well as class certification issues in state court.

10           So it's a holding pattern presently with a hope that

11   a week from today on Wednesday the 14th there is some movement

12   with regard to the pending motions or at least some direction

13   from Judge Yuille as to whether those motions are headed.

14           THE COURT:  Okay.  And thank you.

15           I wanted to ask Deborah Greenspan if you could

16   provide a report as the special master.  And for those of you

17   who are not ordinarily here, Deborah Greenspan has been

18   appointed by myself to fill a role under the federal rules of

19   civil procedure that's called special master.

20           And she has a number of assignments.  And one of them

21   is to keep track of the various cases that are filed, the

22   number of plaintiffs who are represented.  The fees and

23   expenses that are expended in these representations, as well

24   as a number of other duties that she has been tirelessly

25   addressing.

1            So Ms. Greenspan.

2            SPECIAL MASTER GREENSPAN:  Thank you, your Honor.  I

3    have a very brief report today and it's focused only on what

4    we've been calling the tracking the cases that have been or

5    the claims that exist that have retained counsel that we've

6    been receiving information on from the various plaintiffs'

7    forms.

8            So when I was here at our last status conference, I

9    reported that we had -- I was close to being able to submit a

10   second interim report on the status of all of these identified

11   claims.  About a week after that status conference, I received

12   an extensive update from plaintiffs' counsel on claims, the

13   status of various claims, which caused a need to revise all of

14   the information in the report and the tracking charts and all

15   of the analysis of duplicate claims.  So that has all been

16   completed.

17           I believe that there's another slight adjustment that

18   may occur that I'd like to incorporate in the next report.

19   I'll have some more information hopefully later in the week so

20   that I will then be able to submit an updated report.  I just

21   don't want to submit one that's going to be changed in a

22   couple of weeks.

23           So just to give a little bit of information.  When I

24   was here in June, I reported that we thought that there were

25   18,769 individuals who had retained counsel.  That does not

1    include individuals who've contacted counsel or are on

2    counsel's notice list but actually have not signed a retainer

3    agreement.  That was also accounting for duplicates.  And a

4    duplicate means that we find the same individual in a list

5    presented by more than one plaintiff firm.

6          That number has now been reduced to 17,719 based on

7    the updates that we've had and the change in categories of

8    some of these individual claims.  So it's about a thousand

9    reduction.

10          And I also wanted to report that at the last status

11    conference I think I noted that we were collecting injury

12    information.  Meaning we'd ask firms to state what the claim

13    of injury is.  What type of injury we're talking about.

14          Most firms had submitted data that suggested lead

15    exposure as the injury.  But we were trying to get some

16    additional details about that.  I have received a substantial

17    amount of information and will be -- it will be recorded in

18    the next report.

19          There's a range of different injuries alleged from

20    cognitive impairment to hair loss to things that we've heard

21    of in this litigation.  But I now have some numbers associated

22    with those.  So that will be included in the next iteration of

23    this report, which I hope we can get out in a week or so.

24          THE COURT:  Okay.  Thank you, very much.

25          SPECIAL MASTER GREENSPAN:  Thank you.

```
 1              THE COURT:  And I appreciate the report a great deal.
 2    And as brief as the report is, it does not come near to
 3    representing the amount of work that goes into all of this.
 4    So I want to repeat again my appreciation for Ms. Greenspan's
 5    work.  And just remind those lawyers who are submitting this
 6    information how critical it is to the process.
 7              If we don't know who the plaintiffs are, if we don't
 8    know what has happened to your clients or what you alleged has
 9    happened to them, it makes the whole process more difficult.
10    So I would just ask everybody to respond promptly and
11    accurately to the requests from Ms. Greenspan.
12              The next item on the agenda is a discussion of the
13    appointment of subclass counsel.  And since we were last here,
14    plaintiffs made a written motion to appoint certain
15    individuals to be subclass counsel.
16              I denied that motion and have now had an opportunity
17    in chambers to hear from interim co-lead class counsel that
18    they have a new roster of individuals who could fulfill this
19    duty.
20              So they are going to submit that new motion I believe
21    within approximately a week or less.  I would encourage them
22    to do it as soon as you can so that this process can move
23    along.
24              And I think in the agenda I called it subclass
25    counsel and it is for settlement allocation and settlement
```

1    purposes.  So we do not have a class certified.  What we are

2    working on is -- with this particular issue is seeing whether

3    the parties can reach a settlement in the case.  And it

4    requires subclass settlement counsel on an interim basis.

5              So if there's nothing else -- is there anything else

6    that we have not covered?  All right.

7              Then what we'll do is the next conference will be

8    held on September 25th, 2:00 PM here with a 1:00 PM meeting of

9    the executive committee in chambers.

10             And I would like to on the record thank my law clerk,

11   Hallam Stanton who has been here a little over a year working

12   almost exclusively day and many nights and some weekends to

13   assist me in this case.  And Hal, I appreciate it

14   tremendously.  I will miss you a great deal.  But I told him

15   we'll send the U.S. Marshal service after him to bring him

16   back if we have some questions for him.  So I want to thank

17   you, Hal.

18             And also Allison Hall is also leaving.  She's been in

19   the background helping with this case as well as many other

20   cases.  But I have a new Clark, Eric Baudry who has just

21   joined us from Minnesota.  He comes from Minnesota via Yale

22   Law School.  So he's going to be with us to help us.

23             And then I'll have two more law clerks by September.

24   And Antonia Giles is here.  She is a student at U of D,

25   University of Detroit Mercy.  So she's been great to have here

August 7, 2019                                                      37

```
 1    this summer a little bit.  And she's leaving all too soon.

 2             So if there's nothing else, then we'll adjourn until

 3    September 25th.

 4                         (Proceedings Concluded)

 5                  -              -              -

 6

 7

 8              CERTIFICATE OF OFFICIAL COURT REPORTER

 9         I, Jeseca C. Eddington, Federal Official Court

10    Reporter, do hereby certify the foregoing 37 pages are a true

11    and correct transcript of the above entitled proceedings.

12    /s/ JESECA C. EDDINGTON____                    8/28/2019
      Jeseca C. Eddington, RDR, RMR, CRR, FCRR       Date
13

14

15

16

17

18

19

20

21

22

23

24

25
```