## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | |
|---|---|
| ELNORA CARTHAN, et al., on behalf of themselves and all others similarly situated; | |
| Plaintiffs, | Case No. 5:16-cv-10444-JEL-MKM |
| v. | Hon. Judith E. Levy |
| | Magistrate Judge Mona K. Majzoub |
| GOVERNOR RICK SNYDER, et al., | |
| Defendants. | |

_____

### RESPONSE OF DEFENDANTS VEOLIA NORTH AMERICA, LLC, VEOLIA NORTH AMERICA, INC., AND VEOLIA WATER NORTH AMERICA OPERATING SERVICES, LLC TO THE INDIVIDUAL CITY DEFENDANTS' JOINT MOTION FOR A PROTECTIVE ORDER AND PETITION FOR RELIEF UNDER THE FIRST AMENDED CASE MANAGEMENT ORDER

The VNA Defendants agree with the City Defendants that, so long as the cloud of potential criminal prosecutions hangs over their heads, they may invoke their Fifth Amendment rights to decline to answer questions—whether in depositions, interrogatories, or requests to admit—that could be incriminating.  We also agree with them that invocation of their Fifth Amendment rights in response to deposition questions, interrogatories, or requests to admit would give rise to an adverse inference.  And we agree with them that conducting their depositions in private and then placing the depositions, as well as any responses to written

1

discovery, under seal is not a workable option, given the number of filings that may need to rely on their written or oral statements.

But the VNA Defendants do not agree that City Defendants' depositions should be postponed.  To put it simply, delay would seriously prejudice the VNA Defendants, with no ultimate benefit to the City Defendants.

Postponing this critical discovery until May 2020, as the Individual City Defendants request, could severely impede the VNA Defendants' defense— particularly with regard to the bellwether trials scheduled for October 2020.  Given the City Defendants' central role in the Flint water crisis, not receiving their testimony until five months before trial would force the VNA Defendants to start developing their defense without access to critical evidence.

And there likely would be no concomitant benefit.  The City Defendants are key fact witnesses in this case.  They eventually will have to be put under oath and will have to choose whether to answer questions or to invoke the Fifth Amendment privilege against compelled self-incrimination.  Moreover, though the Individual City Defendants do not say so directly, this is highly unlikely to be their last request for a postponement.  As they acknowledge, some of their conduct that could give rise to criminal charges "occurred through 2015 . . . thus extending the . . . statutes of limitations" to at least 2021—beyond the scheduled date of the bellwether trials.  Br. in Supp. of the Individual City Defs.' Joint Mot. for a

Protective Order at 14, ECF No. 957.  Moreover, as they also acknowledge, the Attorney General has threatened in the past to charge them with involuntary manslaughter in connection with the deaths of John Snyder in June 2015 and Robert Skidmore in December 2015.  *Id*. at 4.  The statute of limitations for manslaughter is ten years (Mich. Comp. Laws § 767.24(6))—meaning that the Individual City Defendants could be subject to prosecution and entitled to invoke their Fifth Amendment privilege against compelled self-incrimination until December 2025.  And if the Attorney General decides to charge them with any previously dismissed or new crimes, they will doubtless seek a postponement until the charges have been fully resolved—which could take several more years.

The requested delay raises serious due process concerns.  It would obviously prejudice the VNA Defendants if they were required to go to trial without any opportunity to obtain the testimony of the Individual City Defendants.  The Due Process Clause forbids courts from depriving defendants of property without providing them the "opportunity to present every available defense." *Philip Morris USA v. Williams*, 549 U.S. 346, 353 (2007) (quoting *Lindsey v. Normet*, 405 U.S. 56, 66 (1972)).  Here, if the VNA Defendants cannot even attempt to take testimony from these critical witnesses until (perhaps) right before trial, it plainly would hamper their due process right to put on a defense.  If the City Defendants are required to appear for depositions, then the VNA Defendants either will be able

3

to obtain answers to critical questions, or they will be able to obtain an adverse inference from the City Defendants' refusal to answer those questions. But unless the City Defendants appear for the depositions, we would not even know what questions they are willing to answer. And these individuals are among the most significant fact witnesses in this case. All of these are reasons to reject the City Defendants' request for delay.

A recent decision of Magistrate Judge Patti is directly on point. *See State Farm Mut. Auto. Ins. v. Elite Health Ctrs., Inc.*, No. 16-cv-13040, 2019 WL 265482 (E.D. Mich. Jan. 18, 2019). The plaintiff in the case, State Farm, sued 18 defendants, alleging fraud and other claims in connection with a scheme to submit bills for chiropractic, physical therapy, and medical services that were not actually performed or that were medically unnecessary. *State Farm Mut. Ins. v. Elite Health Ctrs., Inc.*, No. 16-cv-13040, 2017 WL 877396, at *3-4 (E.D. Mich. Mar. 6, 2017). Several of the defendants were subject to criminal proceedings. One of those defendants, Jayson Rosett, sought serial postponements of a deposition noticed by three co-defendants, known collectively as the Elite Defendants. *State Farm*, 2019 WL 265482, at *1. The Elite Defendants then moved to compel the deposition to go forward.

The magistrate judge granted the motion, explaining that "Rosett cannot be sure as to when the criminal proceedings now pending against him will have

4

progressed to conclusion, nor can anyone be sure that Rosett will not continue to invoke his right against self-incrimination *even after* the criminal proceedings have run their course . . . ." *State Farm*, 2019 WL 265482, at *1. Furthermore, "there may be a host of subjects which the Elite Defendants wish to explore with Rosset in deposition at this time for which he does not (or cannot in good faith) assert the Fifth Amendment . . . . There is no way of prospectively knowing whether and for what he will invoke the Fifth Amendment, until the questions are asked." *Id*. Recognizing the prejudice that Elite might suffer, the court concluded: "The Elite Defendants have a right to defend themselves in this action by, among other things, taking the depositions of their co-defendants. They should not be required to wait any longer, when further delay provides no real assurance that Rosett will provide any more meaningful testimony down the road than he would willingly provide now, and when such delay may impede their ability to construct their defense in the way that they see fit." *Id*.

Just as in *State Farm*, there is no assurance here that the Individual City Defendants will not continue to assert their rights against self-incrimination indefinitely; there is no way of knowing whether and for what any Individual City Defendant will invoke his Fifth Amendment rights until the questions are asked; the VNA Defendants have a right to defend themselves in this litigation; and

further delay will impede their right to construct their defense in the way they see fit.

Accordingly, the motion for protective order should be denied.

Respectfully submitted,

**CAMPBELL, CAMPBELL, EDWARDS & CONROY P.C.**

By: /s/ *James M. Campbell*
James M. Campbell
Alaina M. Devine
One Constitution Wharf, Suite 310
Boston, MA 02129
(617) 241-3000
jmcampbell@campbell-trial-lawyers.com
adevine@campbell-trial-lawyers.com

**BUSH SEYFERTH & PAIGE PLLC**

By: /s/ *Michael R. Williams*
Cheryl A. Bush (P37031)
Michael R. Williams (P79827)
3001 W. Big Beaver Road, Suite 600
Troy, MI 48084
(248) 822-7800
bush@bsplaw.com
williams@bsplaw.com

*Attorneys for Veolia North America, LLC, Veolia North America, Inc., and Veolia Water North America Operating Services, LLC*

Dated:  October 11, 2019

## CERTIFICATE OF SERVICE

I hereby certify that on October 11, 2019, I electronically filed the foregoing document with the Clerk of the Court using the ECF System, which will send notification to the ECF counsel of record.


By: ___/s/ *James M. Campbell*___
        James M. Campbell
        jmcampbell@campbell-trial-lawyers.com