UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

*In Re* Flint Water Cases          No. 5:16-cv-10444-JEL-MKM

HON. JUDITH E. LEVY

MAG. MONA K. MAJZOUB

---

**STATE DEFENDANTS' OBJECTIONS TO
PROPOSED SECOND AMENDED
CASE MANAGEMENT ORDER**

On October 23, 2019, State Defendants became aware of *ex parte* communications between certain parties to this litigation and this Court regarding a proposed deposition protocol to be incorporated into the Amended Case Management Order. One of the proposals made by those certain parties is designed to limit and prejudice the State of Michigan's ability to litigate the claims asserted in *Attorney General Dana Nessel, on behalf of the People of the State of Michigan v. Veolia North America, et. al.*, No. 17-108646-NO (Genesee Cty. Cir. Ct., 7th Jud. Cir). Those parties never apprised counsel for the *People* or the State Defendants of this clandestine proposal. State Defendants file this objection to alert the Court to those concerns and to ask the Court to reject the proposed order.

### 1. State Defendants are not participating in discovery in the federal litigation.

Although the Court has dismissed most of the claims asserted against State Defendants in this litigation, it has denied former Governor Snyder's and former Treasurer Dillon's assertion of qualified immunity with respect to the bodily integrity count and Governor Whitmer's assertion of Eleventh Amendment immunity in *Carthan v. Snyder*, 5:16-cv-10444 (Dkt. 799), *Walters v. Snyder*, 5:17-cv-10164 (Dkt. 233), and *Sirls v. Snyder*, 5:17-cv-10342 (Dkt. 165). State Defendants have timely appealed the Court's decisions to the Sixth Circuit.

This Court granted State Defendants' Motion for a Stay of Discovery (Dkt. 685) pending the 6th Circuit's review of their immunity defenses. (Dkt. 861, Pg.ID #23412.) Nonetheless, the Court also decided that discovery could be conducted against State Defendants solely as "non-parties." (*Id.*, Pg.ID #23414.)

Discovery Coordination Protocol Orders have been entered by both this Court and the Genesee County Circuit Court "to effectuate efficiency and limit duplication in the discovery processes" in the state and federal litigation arising out of the Flint drinking water problems. (Dkt. 675, Pg.ID #19753.) One of the principal declarations of that

Order is "a witness may be deposed only once in the Flint Water Cases after the date of this order, except by order of the Court based on a showing of good cause or by agreement of the interested parties." (*Id.*, Pg.ID #19757.)

The Court has also entered a First Amended Case Management Order, which states that it does not apply "to those defendants who have not filed an answer . . .." (Dkt. 889, Pg.ID #23736.) The Case Management Order specifies the timing of and procedures for taking discovery by the parties subject to that Order. State Defendants have not filed an answer in any case pending before this Court, and therefore, are not subject to its terms.

Relying on (1) the Court's Orders, (2) their belief that they will prevail on the immunity issues on appeal and never have to participate in discovery in the federal litigation, and (3) to preserve their immunity arguments, State Defendants will not be participating at this time in any depositions noticed in the federal litigation. State Defendants have repeatedly informed this Court and the parties of their intended course of action.

### 2. The State is participating in discovery in the *People's* lawsuit in Genesee County Circuit Court.

In Genesee County, the State of Michigan is pursuing claims in *People v. Veolia* to recover the over $389,000,000 it has spent responding to a crisis that we now know is directly attributable to the bad advice and deceptive acts of the engineering defendants. Both LAN and Veolia were asked to diagnose the problems being observed in the water system in late 2014–early 2015. Both engineering companies subsequently advised the public, including the State, that the water treatment plant was complying with all Safe Drinking Water Act requirements. Despite efforts to hide their roles in this crisis, discovery has revealed that both engineering defendants privately expressed concerns to the City of Flint about whether treatments should be added to prevent corrosion in the system, failed to inform the State of those concerns, and compounded that problem by proposing treatments to Flint that significantly increased the corrosivity of the water to the high levels discovered by Dr. Edwards in August 2015. As evidenced by the detailed allegations and exhibits to the State's Complaint (Exhibit 1), these claims are serious, and the State expects to ultimately recover substantial sums from the engineering defendants.

4

Based on the Discovery Coordination Protocol Order entered in this litigation (Dkt. 675) and in the Genesee County Circuit Court, the State advised the other parties it intended to participate in certain depositions solely in its capacity as a plaintiff in the *People v. Veolia* litigation. It advised the other parties of this plan and obtained their consent. The State's claims in that lawsuit are narrower than the issues in this litigation, and therefore, the State only intends to participate in depositions that are relevant to the claims it is making against the engineering defendants.

### 3. The proposal improperly limits the State's ability to obtain discovery in the Genesee County litigation.

On October 9, 2019, counsel for one of the engineering defendants submitted a proposed deposition protocol order to the Court's law clerk that had allegedly been "agreed to by all parties." (Exhibit 2.) The cover email raised several issues to be addressed by the Court, including the following request:

> **Allocation of Time Amongst the Plaintiffs (Section VI(C))-** The parties drafting the proposal were notified by the State defendants that they will "solely be appearing at the depositions as counsel for the Plaintiffs in People v Veolia et al," currently pending in Genesee County and pursuant to the terms of the Discovery Coordination Order.

5

> The amount of time they should be allotted, and their role in representing the Plaintiffs and the Defendants or "Non-Parties" is one that the parties believe should be addressed by the court.

On October 9, 2019, apparently unaware that counsel for the State Defendants and the *People* had been excluded from the initial communication, the Court responded with substantive comments on the proposed order and addressed the legal issues identified in the cover email. (*Id.*) With respect to the question regarding the role of the *People*, the Court found that:

> The State of Michigan parties are only defendants in this federal litigation. The Court requests that the parties draft an additional paragraph to indicate that in light of the State of Michigan's status as a plaintiff in the state court litigation, they may appear as a party pursuant to this protocol, but only as a party defendant, which is the capacity in which they have been sued in the overwhelming number of cases.

On October 22, 2019, counsel submitted a Second Amended Case Management Order to the Court. (Exhibit 3.) The proposed order did not contain an additional paragraph as requested by the Court, but it did state that the "Defendants" are required to allocate among themselves six (6) hours for depositions of any defendant non-party. (Section D(6)(A)(ii)–(iii)). The proposed order further states that the

6

time allocated to each defendant, including the "State Defendants," is "16.6%" (Section D(D)).

Counsel for the *People* and State Defendants were not advised of, did not participate in, nor received any of the above communications. They were not consulted on the proposed terms of the deposition protocol, nor were they included on any of the above *ex parte* emails with the Court. Most importantly, they were never advised of certain parties' efforts to use this order to limit the *People's* ability to make their case in Genesee County.

## OBJECTIONS

First, State Defendants object to certain parties' *ex parte* communications with this Court. Counsel for the *People* nor the State Defendants were apprised of or included on any of these communications. Our concern is heightened by the undeniable fact that these communications were designed to prejudice the State's ability to litigate against those parties in a case not even pending before this Court. Those improper efforts should not be permitted by the Court.

Second, we object to the Court's ruling that the *People* can only participate in any depositions taken under the discovery protocol in the Case Management Order as a State Defendant for multiple reasons:

(a) This issue highlights a defect in the Discovery Coordination Protocol Orders, which require coordination of actions pending in separate and distinct jurisdictions. Instead of seeking relief in Genesee County, certain parties involved in that litigation made *ex parte* requests to this Court designed to (1) limit the *People's* ability to take discovery against them in the Genesee County litigation and (2) change the *People's* status in the Genesee County litigation from plaintiff to defendant for purposes of discovery. Under basic principles of federalism and sovereign immunity, this Court has no authority to dictate the terms under which the *People* can engage in discovery in a Genesee County lawsuit, and it should reject any request by the parties to do so.

(b) The prior objection is also supported by the admonition in the Discovery Coordination Protocol Order that it is "not intended to serve as an instrument to circumvent each Judge's authority over his or her own docket." (Dkt. 675, Pg.ID #19753.) The Court's ruling intrudes

on the authority of the Genesee County Circuit Court to govern its docket, and therefore, should be avoided.

(c) The deposition protocol will be added to the Second Amended Case Management Order, which by its very terms only applies to defendants that have filed an answer. The State Defendants have not filed an answer. Ruling that the *People* can only participate in depositions as the State Defendants not only contradicts the terms of the Case Management Order, but also effectively bars the *People* from participating in depositions because the State Defendants are not subject to that Order.

(d) Simply because the State Defendants have been sued in other federal lawsuits cannot justify the conclusion that *People* should be treated as a defendant. The remaining claims asserted against the State Defendants are currently on appeal to the Sixth Circuit, subject to a stay on discovery, and are different than those being asserted in by the *People* in Genesee County. The only litigation in which the State is participating in discovery is the *People* litigation in which it is a plaintiff.

9

(e) The Court has already granted the State Defendants' motion to stay discovery in order to protect their immunity rights. Ruling that the *People* can only participate in depositions as the State Defendants is contrary to that prior order and violates State Defendants' immunities.

(f) The proposed order permits "defendants" to depose other defendants and non-parties for only six hours. The "State Defendants" are allocated 16.6% of defendants' deposition time. The *People* are only interested in deposing other defendants and non-parties. Under the current allocation, because the *People* are being treated as the State Defendants, they will be given (1) hour per deposition to develop the facts necessary to support their claims in the Genesee County lawsuit. The defendants, who are all hostile to or adverse to the *People*, will have the remaining five (5) hours. The *ex parte* request is not only improper, but clearly an attempt by certain parties to gain an advantage in the Genesee County litigation. This Court should not condone those efforts.

Counsel is cognizant of the need to coordinate and make discovery efficient in these cases. We suggest that the Court resolve this dispute by issuing an order instructing Plaintiffs and Defendants in the federal litigation that up to three (3) hours should be allocated to the *People* for

10

any defendant or non-party deposition. The three (3) hours should be deducted evenly from the time otherwise allocated to plaintiffs and defendants for those depositions.

                                                Respectfully submitted,

                                                */s/Richard S. Kuhl*_____
Richard S. Kuhl (P42042)
Margaret A. Bettenhausen (P75046)
Nathan A. Gambill (P75506)
Zachary C. Larsen (P72189)
Assistant Attorneys General
Environment, Natural Resources,
and Agriculture Division
Attorneys for State Defendants
P.O. Box 30755
Lansing, MI 48909
(517) 335-7664
kuhlr@michigan.gov
bettenhausenm@michigan.gov
gambilln@michigan.gov

Dated: October 28, 2019        larsenz@michigan.gov

11

# CERTIFICATE OF SERVICE

I hereby certify that on October 28, 2019 I electronically filed the above document(s) with the Clerk of the Court using the ECF System, which will provide electronic copies to counsel of record. A copy of this document was sent via U.S. mail to the chambers of Honorable Judith E. Levy.

Respectfully submitted,

*/s/Richard S. Kuhl*
Richard S. Kuhl (P42042)
Margaret A. Bettenhausen (P75046)
Nathan A. Gambill (P75506)
Zachary C. Larsen (P72189)
Assistant Attorneys General
Environment, Natural Resources,
and Agriculture Division
Attorneys for State Defendants
P.O. Box 30755
Lansing, MI 48909
(517) 335-7664
kuhlr@michigan.gov
bettenhausenm@michigan.gov
gambilln@michigan.gov
larsenz@michigan.gov

S:\CEPB3\ENRA_FlintWater\USDC-Waid (AG# 2016-0131314-A)\Pleadings\Final (Word Versions)\~In re Flint\Objections to Proposed Second Amended Case Management Order 2019-10-28.docx

1