---------- Forwarded message ---------
From: **Abigail DeHart** <Abigail_DeHart@mied.uscourts.gov>
Date: Wed, Oct 9, 2019 at 4:23 PM
Subject: RE: Flint: 16-10444 Proposed Deposition Protocol Order
To: Devine, Alaina N. <ADevine@campbell-trial-lawyers.com>
Cc: Erickson, Philip <PErickson@plunkettcooney.com>, Susan E. Smith <SSmith@bdlaw.com>, Sheldon Klein <klein@butzel.com>, Jconnors <jconnors@susmangodfrey.com>, Wkim <wkim@cityofflint.com>, Cthompson <cthompson@swappc.com>, Campbell, James M. <jmcampbell@campbell-trial-lawyers.com>, Cstern <cstern@levylaw.com>, hunter <hunter@napolilaw.com>, Leslie Calhoun <Leslie_Calhoun@mied.uscourts.gov>

Dear Counsel:

Judge Levy thanks you for the effort that went into putting together this proposed protocol. Attached is a red-line of the protocol with edits she would like incorporated. Please also see Section V for revisions to the Attendance and Confidentiality provisions. Federal Rule of Civil Procedure 30(d)(3)(B) provides that the Court may limit a deposition's scope and manner as provided in Rule 26(c), which governs protective orders. Generally, depositions are presumptively open to the public, absent a protective order and so the language here was changed to reflect the law. "[A]s a general proposition, pretrial discovery must take place in the public unless compelling reasons exist for denying the public access to the proceedings." *Meyer Goldberg, Inc., of Lorain v. Fisher Foods, Inc.*, 823 F.2d 159, 162 (6th Cir. 1987) (citing *Am. Tel. & Tel. Co. v. Grady*, 594 F.2d 594, 596 (7th Cir. 1978)); *see also Proctor & Gamble Co. v. Banker's Trust Co.*, 78 F.3d 219, 227 (6th Cir. 1996) ("While District Courts have the discretion to issue protective orders, that discretion is limited by the careful dictates of Fed. R. Civ. P. 26 and is circumscribed by a long-established tradition which values public access to court proceedings."). There are certainly many good reasons that other witnesses or parties should not be in attendance at depositions, and the Court will consider those if needed.

Once this protocol is edited, Judge Levy asks this committee to incorporate it into a Second Amended Case Management Order drawing on the Amended CMO from ECF 889. To keep things manageable, Judge Levy wants one operative document that contains all of the information related to discovery. As long as the provisions are consistent, prior discovery orders or protocol can be attached as an appendices.

The relevant documents and orders the Court has identified are:

- ECF 888 First Amended Order Regarding Non-Party Documents-Only Subpoenas
- ECF 675 Amended Discovery Coordination Protocol Order
- Please also incorporate VNA's Proposed Notice of Non-Party at Fault Filings in the Individual Actions (circulated by email on October 4, 2019)
- If there are other relevant orders/protocols still controlling, please note and include them.

Judge Levy requests that this fully incorporated and edited document be returned by **Tuesday, October 15, 2019 by 5pm**.

In addition, Judge Levy rules as follows on the issues set forth below that were not agreed upon:

1. **Cross-Noticing Depositions and Sequence of Questioning (Section VI)**- The party who first notices a deposition will be given priority in the questioning of the witness.
2. **Allocation of Time Amongst the Defendants (Section VI(D))**- The Court is sympathetic to the Flint defendants' request for additional time, but will not change the protocol as written. The Flint defendants can negotiate ahead of time with other defendants for additional time. If, after depositions are well underway, this is not satisfactory, the Flint defendants can seek relief from the Court.
3. **Allocation of Time Amongst the Plaintiffs (Section VI(C))**- The State of Michigan parties are only defendants in this federal litigation. The Court requests that the parties draft an additional paragraph to indicate that in light of the State of Michigan's status as a plaintiff in the state court litigation, they may appear as a party pursuant to this protocol, but only as a party defendant, which is the capacity in which they have been sued in the overwhelming number of cases.
4. **Costs (Section XI)**- The Court seeks additional information from the committee on this point. Judge Levy would like to know what the parties are including in the term "cost of a deposition." Once she has this information she will decide the allocation. Please also submit this information by Tuesday, Oct. 15 by 5pm or earlier.

Thank you,

Abigail DeHart

Law Clerk to Hon. Judith E. Levy

U.S. District Court, Eastern District of Michigan

200 E. Liberty St.

Ann Arbor, MI 48104

2

**From:** Devine, Alaina N. <ADevine@Campbell-trial-lawyers.com>
**Sent:** Tuesday, October 8, 2019 4:17 PM
**To:** Abigail DeHart <Abigail_DeHart@mied.uscourts.gov>
**Cc:** Erickson, Philip <PErickson@plunkettcooney.com>; Susan E. Smith <SSmith@bdlaw.com>; Sheldon Klein <klein@butzel.com>; Jconnors <jconnors@SusmanGodfrey.com>; Wkim <wkim@cityofflint.com>; Cthompson <cthompson@swappc.com>; Campbell, James M. <jmcampbell@Campbell-trial-lawyers.com>; Cstern <cstern@levylaw.com>; hunter <hunter@napolilaw.com>; Leslie Calhoun <Leslie_Calhoun@mied.uscourts.gov>
**Subject:** Flint: 16-10444 Proposed Deposition Protocol Order

Dear Ms. DeHart,

The parties appointed by Judge Levy to develop a deposition protocol proposal, as required by the Order Regarding Matters Discussed at the September 25, 2019 Status Conference [Dkt. 956], have drafted the attached proposal for the court's consideration. The proposal is agreed to by all parties, except for the following provisions which remain in dispute and for which the parties respectfully request Judge Levy's guidance on:

1. **Cross-Noticing Depositions and Sequence of Questioning (Section VI)** – Class Plaintiffs seek an additional provision stating that if a deposition of a witness originally noticed by a defendant is cross-noticed by the plaintiffs, the plaintiffs should be given priority in questioning of the witness. The LAN and VNA Defendants believe that the party who originally notices the deposition should be given priority in questioning (as is currently stated in the attached protocol).
2. **Allocation of Time Amongst the Defendants (Section VI(D))** – The time for questioning allotted to each defendant group is currently even (16.6% each). The City of Flint requests that they be granted double the time given the number of Individual City Defendants.
3. **Allocation of Time Amongst the Plaintiffs (Section VI(C))** - The parties drafting the proposal were notified by the State defendants that they will "solely be appearing at the depositions as counsel for the Plaintiffs in People v. Veolia et al," currently pending in Genesee County and pursuant to the terms of the Discovery Coordination Order. The amount of time they should be allotted, and their role in representing the Plaintiffs and the Defendants or "Non-Parties" is one that the parties believe should be addressed by the court.
4. **Costs (Section XI)** - The parties have not reached agreement on how the costs for depositions should be divided or if the cost of a deposition should be borne by the party noticing the deposition.

Thank you,

*Alaina N. Devine*

*Associate*

3

**Campbell Conroy & O'Neil**

**Professional Corporation**



One Constitution Wharf

Suite 310

Boston, MA 02129

Tel: (617) 241-3037

Fax: (617) 241-5115

Email: adevine@campbell-trial-lawyers.com

**Note** : This e-mail contains information from the law firm of Campbell Conroy & O'Neil Professional Corporation that may be proprietary, confidential, or protected under the attorney- client privilege or work-product doctrine. This e-mail is intended for the use only of the named recipient. If you are not the intended recipient named above, you are strictly prohibited from reading, disclosing, copying, or distributing this e-mail or its contents, and from taking any action in reliance on the contents of this e-mail. If you received this e-mail in error, please delete this message and respond immediately by e-mail to the author or call (617) 241-3000.

--

William Kim, Assistant City Attorney
City of Flint, Department of Law
1101 S. Saginaw St., 3rd Floor
Flint, MI 48502
(810)237-2079

Deposition Protocol Order

The Parties will cooperate in the notice and taking of depositions as follows:

## I. Governing Provisions and Law

A. Provisions Covered by the Amended Case Management Order and Amended Discovery Coordination Order. The Parties agree that provisions in the Amended Case Management Order and Discovery Coordination Order remain in effect but may be further defined or amended by this protocol below. This includes the provision requiring 30 days' notice (Part IV.A.2); the time allotted to each party (Part IV.A.4 of the ACMO); Confidentiality of Exhibits and Deposition Testimony (Part 8 of the Confidentiality Order); Objections on behalf of all parties (Part IV.A.9); Read and sign requirements (Part IV.A.11) and Exhibit designations and numbering (Part IV.A.11-13). The purpose of the deposition protocol is to further define and set forth certain logistical requirements to assist in coordinating and streamlining the deposition taking process.

B. Application of Deposition Protocol Order. This Deposition Protocol Order shall apply to all cases currently pending in the In Re Flint Water Cases and depositions taken pursuant to the Amended Discovery Coordination Order. This Order controls depositions of all non-expert witnesses, including Non-Parties. It does not apply to depositions taken pursuant to Fed. R. Civ. P. 30(b)(6) or expert depositions taken pursuant to Section VI of the First Amended Case Management Order.

C. Governing Law. Discovery shall be governed by the applicable provisions of the Federal Rules of Civil Procedure and the Local Rules, except as otherwise provided herein or in any other Case Management Order. Unless specifically modified herein, nothing in this Order shall be construed to abrogate, modify, or enlarge the Federal Rules of Civil Procedure or the Local Rules of the presiding Court.

## II. Notices of Deposition

A. Counsel are expected to cooperate and coordinate the scheduling of depositions and shall consider the scheduling needs or requests of all parties.

However, subject to the provisions of this Section II, the deposition date need only be agreed to by the Noticing Party and the Deponent to proceed to scheduling with Court Reporter.

B.  Contents and Service of Notice. Notices of Deposition will be served by email on the Deponent, [Court Reporter Company], and on all parties to the Flint Litigation in accordance with the Amended Discovery Coordination Order. The Notice shall state the name of the deponent, contact information for the Noticing Party, and designate the proposed date and location in accordance with Part IV.A.2 of the ACMO (requiring 30 days' notice unless otherwise agreed to by all interested parties or by leave of court) and Section IV of this Order below (defining locations). The notice shall also include a statement that all depositions will be video recorded and include a reference to this Deposition Protocol Order. If the Deponent is a non-party, the Notice shall include a subpoena as appropriate. The notice shall also include substantially the following statement: **"If the date and location is not convenient to the Deponent, the Deponent (or his or her counsel) shall contact the Noticing Party's counsel within five (5) business days to arrange an alternate date and/or location."**

C.  Who Must Agree to Deposition Date. Within five (5) business days of the issuance of the Notice, the Noticing Party and the Deponent, through his or her counsel if known, shall meet and confer to negotiate the deposition date. Any disputes between the Noticing Party and the Deponent regarding the date of a deposition may be raised to the Court following the meet and confer process. After expiration of the five (5) business days, the Noticing Party shall promptly inform all parties to the Flint Litigation and the Court Reporter by email either confirming the original deposition date and location, notifying all parties of the new date or location, or updating the parties as to the status of any dispute with respect to the deposition notice. When sending an email confirming a deposition, the Noticing Party shall circulate a confirming or amending deposition notice with any accompanying subpoena to the Court Reporter with the email title "Flint: CONFIRMED Deposition of [Enter Deponent Name] [ENTER DATES]" and clearly stating in the body of the email that the deposition has been confirmed with the deponent and is proceeding to scheduling. The final notice shall otherwise conform with the provisions of Section II(A) and shall include any other deposition requirements.

2

D.  Objections to Deposition Notices. Any party wishing to raise an objection or a scheduling conflict with the Noticing Party shall do so within three (3) business days after the deposition is confirmed by the Noticing Party. Any subsequent changes to the date of a deposition shall by communicated to all parties to the Flint Litigation by the Noticing Party using the email title "Flint: REVISED CONFIRMED Deposition of [Enter Party/Witness Name] [ENTER NEW DATES]" and explaining the change in date or location in the body of the email.

E.  Master Schedule and Equipment. [Enter Court Reporter Company] will make arrangements for the services required in the confirmed final Notice of Deposition (including court reporter, videographer, conference room reservations and if indicated, translator). [Enter Court Reporter Company] will communicate confirmation that deposition arrangements have been made by uploading an updated Master Deposition Calendar. The parties will be responsible for any additional costs incurred by [Enter Court Reporter Company] for additional services required for any deposition (such as translator, videographer, etc.). [Enter Court Reporter Company] shall maintain a Master Deposition Calendar that will be posted with regular updates to the date, time, and location of any scheduled depositions.

> **Commented [JL1]:** Translators are for documents, interpreter should be used for spoken language.

### III. Depositions

A.  Number of Depositions. More than one deposition may take place in the In Re Flint Water Cases at the same time, except that no more than three (3) depositions may be scheduled on the same day absent agreement by the parties or court order.

B.  Deposition Days. Absent agreement of the parties, all depositions will be scheduled for two (2) days, including the business day on which the deposition is noticed as well as the next business day. The Master Schedule shall so reflect the two-day scheduling for all depositions. A Deposition Day shall typically commence at 9:00a.m. Minimally, there shall be one fifteen (15) minute morning break and two fifteen (15) minute afternoon breaks, with one (1) hour for lunch. Variations in this schedule may be made by agreement of counsel who noticed the deposition and counsel for the deponent.

C.  Holidays. No depositions may be scheduled on the day of an in-person Court hearing in any of the In Re Flint Water cases or any national or religious holiday. For purposes of this deposition protocol, such holidays are New

3

Year's Eve, New Year's Day, Martin Luther King, Jr.'s Birthday, Presidents' Day, Passover (2 days), Good Friday, Easter Monday, Memorial Day, Independence Day, Labor Day, Rosh Hashanah (2 days), Yom Kippur, Columbus Day, Veterans' Day, Thanksgiving (Wednesday, Thursday, and Friday), Christmas Eve, and Christmas Day.

### IV. Deposition Appearance and Location

A. Location. Unless otherwise agreed by the parties, or by court order, depositions will take place in Michigan in Wayne County, Washtenaw County, or Oakland County at a location arranged by [Enter Court Reporting Company]. [Enter Court Reporting Company] will provide a list of approved deposition locations to be selected by the Noticing Party in issuing any deposition notice.

B. Arrangement for Deposition Space. [Enter Court Reporting Company] will be responsible for reserving the necessary conference room and providing the necessary technical equipment for each deposition.

C. Notice of Intent to Appear. At least fifteen (15) days before a deposition, any counsel that intends to attend shall notify [Enter Court Reporting Company]. [Enter Court Reporter Company] will maintain a list of all parties who have given notice of their intent to appear and shall make the list available to all parties on the Master Calendar

### V. Attendance and Confidentiality

A. Protective Order. Absent a protective order from this Court, there are no limitations on who may attend depositions. If a compelling reason exists for limiting access to depositions, the party seeking to exclude individuals from the deposition must move for a protective order "designating the persons who may be present while the discovery is conducted." Fed. R. Civ. P. 26(c)(1)(E). To meet this burden, the moving party must show "good cause" that an order is necessary "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1).

~~Who May be Present. Unless otherwise ordered or agreed to by the parties, only the following may attend depositions: counsel of record in the In Re Flint~~

4

~~Water Cases pending in both state and federal court (including members and employees of their firms whose presence is reasonably required by that attorney), the deponent, the deponent's attorney, in-house counsel for the Party, the court reporter, and the videographer. For good cause shown, and upon notice to all parties, the court may permit in-person attendance by a person who does not fall within any of the categories set forth above, so long as the provisions of Section V(C) and (D) are not compromised.~~

B.     <u>Appearance by Telephone or Other Remote Means</u>. Any party ~~permitted to appear in Section V(A)~~ may alternatively appear and participate by telephone or other audiovisual means available and shall give notice of their intent to do so in at least fifteen (15) days before the deposition in accordance with Section IV(C). The Party shall not re-record the deposition by video or audio means. Parties participating remotely must identify all persons attending at the deposition with them. If counsel participating remotely believes that an objection not already made must be made on the record, such counsel shall identify themselves and state the objection. Counsel participating in depositions by remote access shall have the same opportunity to examine the witnesses as counsel attending in person.

C. <u>Confidentiality Order Provisions Regarding Deposition Materials and Testimony</u>

(i)     Counsel for a producing party may designate testimony as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" by identifying it as such on the record at or about the time the testimony is given. With respect to deposition exhibits, counsel for a producing party may designate such exhibits, or portions of them, as "Confidential" or "Highly Confidential – Attorneys Eyes' Only" by identifying them as such on the record at or before the conclusion of the deposition, provided, however, that no such designation need be made with respect to exhibits that have previously been marked in a manner to make them Protected Material.

(ii)     A non-party witness who is not an employee of a party, or the witness's attorney, may designate testimony or exhibits as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" in the same manner described in subparagraph (B)(i). But in all cases where such designation is made by a non-party witness or the witness's attorney, both the witness and his or her attorney shall be deemed to have accepted, by making the designation, all obligations created by the Confidentiality Order.

5

(iii) If no testimony is designated "Confidential" or "Highly Confidential – Attorneys' Eyes Only" at a deposition, the deposition testimony and the entire transcript shall be accorded the highest level of protection for a period of fifteen (15) calendar days after the final transcript (that is to say, not a draft transcript) is received by or becomes available to a producing party's attorney of record for a party or party's attorney to identify the testimony or transcript as "Confidential or "Highly Confidential." If, before expiration of such 15-day period, any party or attorney makes or joins in a designation of testimony as "Confidential or "Highly Confidential" that party or attorney must notify counsel of record for all other parties to the actions in which the deposition was taken of the pages and lines of deposition testimony that are "Confidential" or "Highly Confidential – Attorneys' Eyes Only," then those pages and lines, but no other pages and lines, shall remain subject to the protection of this Order after the 15-day period has ended.

(iv) All transcripts of depositions at which testimony has been designated in accordance with subparagraph (c)(i) or (c)(ii) as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" shall be marked by the court reporter on the cover page with one or both of those designations and each page on which testimony appears that was identified as protectable at the deposition shall likewise be marked with one or both of those designations; but in making use of the deposition testimony and transcript the persons bound by the Confidentiality Order shall be limited in their use only of the testimony and portions of the transcript that was identified as protectable at the deposition.

(v) All transcripts of depositions at which the statement described in subparagraph (c)(iii) was made shall be marked by the court reporter on the cover page with one or both of those designations. In the event no written designation of specific protectable testimony is provided in accordance with subparagraph (c)(iii), persons bound by this Order may obliterate the designations placed on the cover page. In the event a written designation of specific protectable testimony is provided in accordance with subparagraph (c)(iii), all persons bound by this Order shall treat those pages and lines as required by this Order for Protected Material.

(vi) Deposition exhibits designated "Confidential" or "Highly Confidential – Attorneys' Eyes Only" shall be marked as provided in ¶ 8(a) of the Confidentiality Order.

(vii) If testimony taken at an audiovisually-recorded deposition is designated "Confidential" or "Highly Confidential – Attorneys' Eyes Only," the videocassette, other videotape container, or disk on which the deposition was recorded shall be marked by affixing a label to it with the appropriate designation.

## VI. Apportionment of Time and Sequence of Examination

A. <u>Length of Depositions</u>. The apportionment of time shall be made pursuant to Part IV.A.4 of the ACMO as follows:

- <u>Plaintiffs</u>. Any Plaintiff may be deposed for 12 hours by the Defendants
- <u>Defendants</u>. Any Defendant may be deposed for 14 hours – 6 hours are allocated amongst the defendants by agreement, 8 hours are allocated amongst the plaintiffs
- <u>Non-Parties</u>. Any Non-Party may be deposed for 12 hours – 6 hours for the plaintiffs, 6 hours for the defendants

B. <u>Sequence of Examination</u>.

Questioning at the depositions taken by plaintiffs' counsel will be conducted in the following sequence:

1. the primary examiner selected by plaintiffs' counsel;
2. other plaintiffs' attorneys on non-redundant matters;
3. examination by the defendants;
4. individual counsel for the deponent, if any; and
5. any re-cross or re-direct by those mentioned above.

Questioning at the depositions taken by defense counsel shall be conducted in the following sequence:

1. the primary defense counsel examiner or noticing party;
2. other defendants on non-redundant matters;
3. examination by the plaintiffs;
4. individual counsel for the deponent, if any; and
5. any re-cross or re-direct by those mentioned above.

7

C.  <u>Allocation of Time Among Plaintiffs</u>. Absent agreement or further order of the court, the time allocated shall be coordinated amongst plaintiffs' counsel.

D.  <u>Allocation of Time Among Defendants</u>. Absent agreement or further order of the court, the time allocated to the Defendants shall be as follows:
- State Defendants – 16.6%
- City Defendants – 16.6%
- Rowe – 16.6%
- LAN Defendants – 16.6%
- VNA Defendants – 16.6%
- Hospital Defendants – 16.6%

E.  <u>Court Reporter Responsibility for Timing</u>. [Enter Court Reporter Company] shall be responsible for recording and tracking of time of questioning for each Party during the deposition. For purposes of tracking and apportionment of time, only time on the record shall be computed against the total time allocated to each party.

### VII. Video Recorded Depositions

A.  <u>Audio-Video Recording of All Depositions</u>. All depositions shall be audiovisual depositions recorded pursuant to Fed. R. Civ. P. 30(b)(3) and subject to the following rules:

i. **Real-time feed.** All video depositions will be stenographically recorded by a court reporter with "real-time feed" capabilities. Nothing herein precludes any party from ordering "real-time feed" of any non-video deposition.
ii. **Video Operator.** The operator(s) of the video recording equipment shall be subject to the provisions of Fed. R. Civ. P. 28(C). At the commencement of the deposition, the operator(s) shall swear or affirm to record the proceedings fair and accurately.
iii. **Filing.** The Operator shall preserve custody of the original video medium in its original condition until further order of the Court.
iv. **Interruptions.** The video camera operation will be suspended during the deposition only upon stipulation by counsel and "off the record" discussions.

v. **Filming**. The videographer shall film the witness only while the witness is seated in the witness chair and shall not film the witness at any other time, including when entering or leaving the deposition room. The videographer shall not film any other persons in the room, except for the witness.

## VIII. Objections and Disputes

A.  Stipulations and Disputes. The Parties may agree to certain deposition stipulations, however in all other circumstances the Federal and local rules control. The Parties shall use best efforts to avoid deposition disruptions or adjournments due to discovery disputes. In the event a dispute arises, the parties may contact the Court in an attempt to resolve such dispute informally. If the Ceourt is unavailable, the deposition will continue as to matters not in dispute and the party seeking relief may present the issue to the Court for expedited consideration pursuant to the Court's discovery dispute protocol.

B.  Objections. During a deposition, any objection by counsel for any plaintiff shall be deemed an objection on behalf of all plaintiffs. It shall not be necessary for counsel for each plaintiff to separately object on the record to preserve the objection. Similarly, any objection by counsel for any defendant shall be deemed an objection on behalf of all defendants. It will not be necessary for counsel for each defendant to separately object on the record to preserve the objection. But no party is bound by another party's objection, and nothing in this paragraph shall preclude any party from stating its own objection on the record if that objection has not been made. Counsel shall comply with Fed. R. Civ. P. 30(c)(2) concerning objections at depositions. Speaking objections or those calculated to coach the deponent are prohibited. Counsel shall refrain from engaging in colloquy during depositions.

## IX. Transcript Repository, Read and Sign, and Errata Sheets

A.  Read and Sign. Witnesses shall read and sign their deposition transcripts. The Federal Rules of Civil Procedure shall govern the time each witness has to read and sign unless otherwise agreed by all interested parties or by leave of court. Counsel for the witness shall submit any errata pages and signatures to the court reporter via email. [Enter Court Reporter Company] shall coordinate, track, and maintain a record as to the status and signature by witnesses of deposition transcripts. The Deponent's counsel will be provided

with an e-transcript, an errata page and a witness signature page for review, signature and return to [Court Reporter Company].

B.  Transcript Repository. [Enter Court Reporter Company] will provide a searchable electronic copy of all deposition transcripts to the parties via the Court Reporter Repository, except that deposition testimony and exhibits designated as "Confidential" or "Highly Confidential" shall only be made available to the appropriate parties under the Confidentiality Order.

## X.  Exhibits.

(A)  [Court Reporter Company] shall maintain a Master Exhibit List and an online Deposition Exhibit Repository which will contain a single copy of all deposition exhibits used in the case, and will make the Exhibit Repository available at all depositions taken in the Flint Litigation. [Court Reporter Company] will maintain an original (hard copy) deposition transcript for all depositions in their office.

(B)  At least seven (7) days before a deposition, counsel for each party that intends to examine a deponent ("Examining Counsel") shall serve via electronic mail to counsel for any Plaintiff Group or Defendant Group who have indicated that they will attend, a non-binding list of documents (by Bates number) that they anticipate using or referring to during the deposition.

(C)  Examining Counsel shall bring paper -copies of any documents used at a deposition (whether or not they are pre-designated). Examining Counsel shall not bring copies of pre-designated documents for any other counsel present at the deposition. However, Examining Counsel shall provide -paper copies of any non-designated documents to counsel for any Plaintiff Group or Defendant Group who have indicated that they will attend.

(D)  Deposition exhibits shall be marked sequentially beginning with the first witness, and steps will be taken to ensure that no two exhibits used in a deposition contain the same Exhibit Number. In the event of double or triple tracking depositions, Exhibit Numbers will be blocked in advance to avoid duplication of Exhibit Numbers. Counsel shall not re-mark documents that have previously been marked as exhibits, and shall use the previously marked exhibit number in subsequent depositions. The index of exhibits annexed to each deposition transcript shall contain the Bates number (if any), the exhibit number and a brief description of the exhibit.

(E)  [Court Reporting Company] will make available electronically at every deposition all documents maintained in the Deposition Exhibit Repository for use as exhibits.

**XI.  Costs.** The expense of depositions shall be shared by all parties in accordance with the percentages allocated by the Special Master, except that Parties shall pay for their own copies of transcripts and videotapes/DVDs of depositions.