---------- Forwarded message ---------
From: **Devine, Alaina N.** <ADevine@campbell-trial-lawyers.com>
Date: Tue, Oct 22, 2019 at 4:30 PM
Subject: RE: Flint: 16-10444 Proposed Deposition Protocol Order
To: Abigail DeHart <Abigail_DeHart@mied.uscourts.gov>
Cc: Erickson, Philip <PErickson@plunkettcooney.com>, Susan E. Smith <SSmith@bdlaw.com>, Sheldon Klein <klein@butzel.com>, Jconnors <jconnors@susmangodfrey.com>, Wkim <wkim@cityofflint.com>, Cthompson <cthompson@swappc.com>, Campbell, James M. <jmcampbell@campbell-trial-lawyers.com>, Cstern <cstern@levylaw.com>, hunter <hunter@napolilaw.com>, Walker, Renner <RWalker@levylaw.com>


Dear Ms. DeHart,


The parties have conferred further on this issue and have reached an agreement with respect to the cost allocation issue.


**The Parties have selected Golkow as the Court Reporting Company on the Flint Water Cases. Costs will be allocated according to each party ordering transcripts, with the exception of remote access and participation which will be charged on a per party basis for those wishing to appear remotely, and videographer costs, which would be allocated amongst parties ordering the video.**


I have updated the Second Amended Case Management Order adding this provision (IV.D.11) in track changes with no other edits to the document that was previously submitted to the Court.


Thank you,


*Alaina N. Devine*

*Associate*

**Campbell Conroy & O'Neil**

**Professional Corporation**



One Constitution Wharf

Suite 310

Boston, MA 02129

Tel: (617) 241-3037

Fax: (617) 241-5115

Email: adevine@campbell-trial-lawyers.com

**Note** : This e-mail contains information from the law firm of Campbell Conroy & O'Neil Professional Corporation that may be proprietary, confidential, or protected under the attorney- client privilege or work-product doctrine. This e-mail is intended for the use only of the named recipient. If you are not the intended recipient named above, you are strictly prohibited from reading, disclosing, copying, or distributing this e-mail or its contents, and from taking any action in reliance on the contents of this e-mail. If you received this e-mail in error, please delete this message and respond immediately by e-mail to the author or call (617) 241-3000.

**From:** Abigail DeHart <Abigail_DeHart@mied.uscourts.gov>
**Sent:** Monday, October 21, 2019 3:23 PM
**To:** Devine, Alaina N. <ADevine@Campbell-trial-lawyers.com>
**Cc:** Erickson, Philip <PErickson@plunkettcooney.com>; Susan E. Smith <SSmith@bdlaw.com>; Sheldon Klein <klein@butzel.com>; Jconnors <jconnors@SusmanGodfrey.com>; Wkim <wkim@cityofflint.com>; Cthompson <cthompson@swappc.com>; Campbell, James M. <jmcampbell@Campbell-trial-lawyers.com>; Cstern <cstern@levylaw.com>; hunter <hunter@napolilaw.com>; Walker, Renner <RWalker@Levylaw.com>
**Subject:** RE: Flint: 16-10444 Proposed Deposition Protocol Order

Judge Levy says an extra day is okay and we will look for the final submission tomorrow at the end of the day. Thanks,

**From:** Devine, Alaina N. <ADevine@Campbell-trial-lawyers.com>
**Sent:** Monday, October 21, 2019 2:57 PM
**To:** Abigail DeHart <Abigail_DeHart@mied.uscourts.gov>
**Cc:** Erickson, Philip <PErickson@plunkettcooney.com>; Susan E. Smith <SSmith@bdlaw.com>; Sheldon Klein <klein@butzel.com>; Jconnors <jconnors@SusmanGodfrey.com>; Wkim <wkim@cityofflint.com>; Cthompson <cthompson@swappc.com>; Campbell, James M. <jmcampbell@Campbell-trial-lawyers.com>; Cstern <cstern@levylaw.com>; hunter <hunter@napolilaw.com>; Walker, Renner <RWalker@Levylaw.com>
**Subject:** RE: Flint: 16-10444 Proposed Deposition Protocol Order

Dear Ms. DeHart,

The parties to this email received bids from various court reporting agencies on Friday and over the weekend. The bids were exchanged amongst the parties both over the weekend and today. A follow-up meet and confer call was held this afternoon. All parties agreed that we could benefit from having one additional day to review and compare the varying cost allocation proposals and attempt to reach an agreement on the issue. As such, we respectfully request until the end of the day tomorrow to update the court as to the cost allocation issue.

Thank you,

*Alaina N. Devine*

*Associate*

**Campbell Conroy & O'Neil**

**Professional Corporation**



One Constitution Wharf

Suite 310

Boston, MA 02129

Tel: (617) 241-3037

Fax: (617) 241-5115

Email: adevine@campbell-trial-lawyers.com

**Note** : This e-mail contains information from the law firm of Campbell Conroy & O'Neil Professional Corporation that may be proprietary, confidential, or protected under the attorney- client privilege or work-product doctrine. This e-mail is intended for the use only of the named recipient. If you are not the intended recipient named above, you are strictly prohibited from reading, disclosing, copying, or distributing this e-mail or its contents, and from taking any action in reliance on the contents of this e-mail. If you received this e-mail in error, please delete this message and respond immediately by e-mail to the author or call (617) 241-3000.

**From:** Abigail DeHart <Abigail_DeHart@mied.uscourts.gov>
**Sent:** Thursday, October 17, 2019 3:21 PM
**To:** Devine, Alaina N. <ADevine@Campbell-trial-lawyers.com>
**Cc:** Erickson, Philip <PErickson@plunkettcooney.com>; Susan E. Smith <SSmith@bdlaw.com>; Sheldon Klein <klein@butzel.com>; Jconnors <jconnors@SusmanGodfrey.com>; Wkim <wkim@cityofflint.com>; Cthompson <cthompson@swappc.com>; Campbell, James M. <jmcampbell@Campbell-trial-lawyers.com>; Cstern <cstern@levylaw.com>; hunter <hunter@napolilaw.com>; Walker, Renner <RWalker@Levylaw.com>
**Subject:** RE: Flint: 16-10444 Proposed Deposition Protocol Order

Dear Counsel,

Thanks for submitting the Second Amended CMO. Judge Levy will give the parties until Monday to submit a proposal on the issue of cost allocation.

**From:** Devine, Alaina N. <ADevine@Campbell-trial-lawyers.com>
**Sent:** Wednesday, October 16, 2019 5:05 PM
**To:** Abigail DeHart <Abigail_DeHart@mied.uscourts.gov>
**Cc:** Erickson, Philip <PErickson@plunkettcooney.com>; Susan E. Smith <SSmith@bdlaw.com>; Sheldon Klein <klein@butzel.com>; Jconnors <jconnors@SusmanGodfrey.com>; Wkim <wkim@cityofflint.com>; Cthompson <cthompson@swappc.com>; Campbell, James M. <jmcampbell@Campbell-trial-lawyers.com>; Cstern <cstern@levylaw.com>; hunter <hunter@napolilaw.com>; Walker, Renner <RWalker@Levylaw.com>
**Subject:** RE: Flint: 16-10444 Proposed Deposition Protocol Order

Dear Ms. DeHart,

As requested, please see the attached Second Amended Case Management Order with Appendices incorporating the Deposition Protocol Order and the section on Non-Parties at Fault Filings in the Individual Actions. The redline edits reflect sections that have since been incorporated into the Deposition Protocol Order section of the CMO (IV.D.).

The parties are presently consulting with four potential court reporting agencies with respect to the specifics of the cost allocation issues raised by the Court. The parties respectfully request until Monday to submit a proposal and further information as requested on this issue.

Thank you,

*Alaina N. Devine*

*Associate*

**Campbell Conroy & O'Neil**

**Professional Corporation**



One Constitution Wharf

Suite 310

Boston, MA 02129

Tel: (617) 241-3037

Fax: (617) 241-5115

Email: adevine@campbell-trial-lawyers.com

**Note** : This e-mail contains information from the law firm of Campbell Conroy & O'Neil Professional Corporation that may be proprietary, confidential, or protected under the attorney- client privilege or work-product doctrine. This e-mail is intended for the use only of the named recipient. If you are not the intended recipient named above, you are strictly prohibited from reading, disclosing, copying, or distributing this e-mail or its contents, and from taking any action in reliance on the contents of this e-mail. If you received this e-mail in error, please delete this message and respond immediately by e-mail to the author or call (617) 241-3000.

**From:** Abigail DeHart <Abigail_DeHart@mied.uscourts.gov>
**Sent:** Thursday, October 10, 2019 11:06 AM
**To:** Devine, Alaina N. <ADevine@Campbell-trial-lawyers.com>
**Cc:** Erickson, Philip <PErickson@plunkettcooney.com>; Susan E. Smith <SSmith@bdlaw.com>; Sheldon Klein <klein@butzel.com>; Jconnors <jconnors@SusmanGodfrey.com>; Wkim <wkim@cityofflint.com>; Cthompson <cthompson@swappc.com>; Campbell, James M. <jmcampbell@Campbell-trial-lawyers.com>; Cstern <cstern@levylaw.com>; hunter <hunter@napolilaw.com>; Leslie Calhoun <Leslie_Calhoun@mied.uscourts.gov>
**Subject:** RE: Flint: 16-10444 Proposed Deposition Protocol Order

Dear Ms. Devine,

Judge Levy approves the request for additional time to submit the revised protocol.

Thank you,

**From:** Devine, Alaina N. <ADevine@Campbell-trial-lawyers.com>
**Sent:** Thursday, October 10, 2019 10:55 AM
**To:** Abigail DeHart <Abigail_DeHart@mied.uscourts.gov>
**Cc:** Erickson, Philip <PErickson@plunkettcooney.com>; Susan E. Smith <SSmith@bdlaw.com>; Sheldon Klein <klein@butzel.com>; Jconnors <jconnors@SusmanGodfrey.com>; Wkim <wkim@cityofflint.com>; Cthompson <cthompson@swappc.com>; Campbell, James M. <jmcampbell@Campbell-trial-lawyers.com>; Cstern <cstern@levylaw.com>; hunter <hunter@napolilaw.com>; Leslie Calhoun <Leslie_Calhoun@mied.uscourts.gov>
**Subject:** RE: Flint: 16-10444 Proposed Deposition Protocol Order

Dear Ms. DeHart,

Thank you for passing along this information. I have been coordinating the drafting of the protocol with the assistance and input of the other parties to this email. I am out of the office today and tomorrow for a family wedding, and Mr. Campbell is currently participating in a two day session with the mediators. We are respectfully requesting one additional day, until Wednesday, October 16, 2019 at 5pm, to submit the revised protocol so that we may work through these issues early next week. Would that be acceptable to the court?

Thank you,


*Alaina N. Devine*

*Associate*

**Campbell Conroy & O'Neil**

**Professional Corporation**





One Constitution Wharf

Suite 310

Boston, MA 02129

Tel: (617) 241-3037

Fax: (617) 241-5115

Email: adevine@campbell-trial-lawyers.com




**Note** : This e-mail contains information from the law firm of Campbell Conroy & O'Neil Professional Corporation that may be proprietary, confidential, or protected under the attorney- client privilege or work-product doctrine. This e-mail is intended for the use only of the named recipient. If you are not the intended recipient named above, you are strictly prohibited from reading, disclosing, copying, or distributing this e-mail or its contents, and from taking any action in reliance on the contents of this e-mail. If you received this e-mail in error, please delete this message and respond immediately by e-mail to the author or call (617) 241-3000.


**From:** Abigail DeHart <Abigail_DeHart@mied.uscourts.gov>
**Sent:** Wednesday, October 9, 2019 4:23 PM
**To:** Devine, Alaina N. <ADevine@Campbell-trial-lawyers.com>
**Cc:** Erickson, Philip <PErickson@plunkettcooney.com>; Susan E. Smith <SSmith@bdlaw.com>; Sheldon Klein <klein@butzel.com>; Jconnors <jconnors@SusmanGodfrey.com>; Wkim <wkim@cityofflint.com>; Cthompson <cthompson@swappc.com>; Campbell, James M. <jmcampbell@Campbell-trial-lawyers.com>; Cstern <cstern@levylaw.com>; hunter <hunter@napolilaw.com>; Leslie Calhoun <Leslie_Calhoun@mied.uscourts.gov>
**Subject:** RE: Flint: 16-10444 Proposed Deposition Protocol Order

7

Dear Counsel:

Judge Levy thanks you for the effort that went into putting together this proposed protocol. Attached is a red-line of the protocol with edits she would like incorporated. Please also see Section V for revisions to the Attendance and Confidentiality provisions. Federal Rule of Civil Procedure 30(d)(3)(B) provides that the Court may limit a deposition's scope and manner as provided in Rule 26(c), which governs protective orders. Generally, depositions are presumptively open to the public, absent a protective order and so the language here was changed to reflect the law. "[A]s a general proposition, pretrial discovery must take place in the public unless compelling reasons exist for denying the public access to the proceedings." *Meyer Goldberg, Inc., of Lorain v. Fisher Foods, Inc.*, 823 F.2d 159, 162 (6th Cir. 1987) (citing *Am. Tel. & Tel. Co. v. Grady*, 594 F.2d 594, 596 (7th Cir. 1978)); *see also Proctor & Gamble Co. v. Banker's Trust Co.*, 78 F.3d 219, 227 (6th Cir. 1996) ("While District Courts have the discretion to issue protective orders, that discretion is limited by the careful dictates of Fed. R. Civ. P. 26 and is circumscribed by a long-established tradition which values public access to court proceedings."). There are certainly many good reasons that other witnesses or parties should not be in attendance at depositions, and the Court will consider those if needed.

Once this protocol is edited, Judge Levy asks this committee to incorporate it into a Second Amended Case Management Order drawing on the Amended CMO from ECF 889. To keep things manageable, Judge Levy wants one operative document that contains all of the information related to discovery. As long as the provisions are consistent, prior discovery orders or protocol can be attached as an appendices.

The relevant documents and orders the Court has identified are:

- ECF 888 First Amended Order Regarding Non-Party Documents-Only Subpoenas
- ECF 675 Amended Discovery Coordination Protocol Order
- Please also incorporate VNA's Proposed Notice of Non-Party at Fault Filings in the Individual Actions (circulated by email on October 4, 2019)
- If there are other relevant orders/protocols still controlling, please note and include them.

Judge Levy requests that this fully incorporated and edited document be returned by **Tuesday, October 15, 2019 by 5pm.**

In addition, Judge Levy rules as follows on the issues set forth below that were not agreed upon:

1. **Cross-Noticing Depositions and Sequence of Questioning (Section VI)-** The party who first notices a deposition will be given priority in the questioning of the witness.

2. **Allocation of Time Amongst the Defendants (Section VI(D))-** The Court is sympathetic to the Flint defendants' request for additional time, but will not change the protocol as written. The Flint defendants can negotiate ahead of time with other defendants for additional time. If, after depositions are well underway, this is not satisfactory, the Flint defendants can seek relief from the Court.

3. **Allocation of Time Amongst the Plaintiffs (Section VI(C))-** The State of Michigan parties are only defendants in this federal litigation. The Court requests that the parties draft an additional paragraph to indicate that in light of the State of Michigan's status as a plaintiff in the state court litigation, they may appear as a party pursuant to this protocol, but only as a party defendant, which is the capacity in which they have been sued in the overwhelming number of cases.

4. **Costs (Section XI)-** The Court seeks additional information from the committee on this point. Judge Levy would like to know what the parties are including in the term "cost of a deposition." Once she has this information she will decide the allocation. Please also submit this information by Tuesday, Oct. 15 by 5pm or earlier.

Thank you,

Abigail DeHart

Law Clerk to Hon. Judith E. Levy

U.S. District Court, Eastern District of Michigan

200 E. Liberty St.

Ann Arbor, MI 48104

**From:** Devine, Alaina N. <ADevine@Campbell-trial-lawyers.com>
**Sent:** Tuesday, October 8, 2019 4:17 PM
**To:** Abigail DeHart <Abigail_DeHart@mied.uscourts.gov>
**Cc:** Erickson, Philip <PErickson@plunkettcooney.com>; Susan E. Smith <SSmith@bdlaw.com>; Sheldon Klein <klein@butzel.com>; Jconnors <jconnors@SusmanGodfrey.com>; Wkim <wkim@cityofflint.com>; Cthompson <cthompson@swappc.com>; Campbell, James M. <jmcampbell@Campbell-trial-lawyers.com>; Cstern <cstern@levylaw.com>; hunter <hunter@napolilaw.com>; Leslie Calhoun <Leslie_Calhoun@mied.uscourts.gov>
**Subject:** Flint: 16-10444 Proposed Deposition Protocol Order

Dear Ms. DeHart,

The parties appointed by Judge Levy to develop a deposition protocol proposal, as required by the Order Regarding Matters Discussed at the September 25, 2019 Status Conference [Dkt. 956], have drafted the attached proposal for the court's consideration. The proposal is agreed to by all parties, except for the following provisions which remain in dispute and for which the parties respectfully request Judge Levy's guidance on:

1. **Cross-Noticing Depositions and Sequence of Questioning (Section VI)** – Class Plaintiffs seek an additional provision stating that if a deposition of a witness originally noticed by a defendant is cross-noticed by the plaintiffs, the plaintiffs should be given priority in questioning of the witness. The LAN and VNA Defendants believe that the party who originally notices the deposition should be given priority in questioning (as is currently stated in the attached protocol).
2. **Allocation of Time Amongst the Defendants (Section VI(D))** – The time for questioning allotted to each defendant group is currently even (16.6% each). The City of Flint requests that they be granted double the time given the number of Individual City Defendants.
3. **Allocation of Time Amongst the Plaintiffs (Section VI(C))** - The parties drafting the proposal were notified by the State defendants that they will "solely be appearing at the depositions as counsel for the Plaintiffs in People v. Veolia et al," currently pending in Genesee County and pursuant to the terms of the Discovery Coordination Order. The amount of time they should be allotted, and their role in representing the Plaintiffs and the Defendants or "Non-Parties" is one that the parties believe should be addressed by the court.
4. **Costs (Section XI)** - The parties have not reached agreement on how the costs for depositions should be divided or if the cost of a deposition should be borne by the party noticing the deposition.

Thank you,

*Alaina N. Devine*

*Associate*

**Campbell Conroy & O'Neil**

**Professional Corporation**



One Constitution Wharf

Suite 310

Boston, MA 02129

Tel: (617) 241-3037

Fax: (617) 241-5115

Email: adevine@campbell-trial-lawyers.com

**Note** : This e-mail contains information from the law firm of Campbell Conroy & O'Neil Professional Corporation that may be proprietary, confidential, or protected under the attorney- client privilege or work-product doctrine. This e-mail is intended for the use only of the named recipient. If you are not the intended recipient named above, you are strictly prohibited from reading, disclosing, copying, or distributing this e-mail or its contents, and from taking any action in reliance on the contents of this e-mail. If you received this e-mail in error, please delete this message and respond immediately by e-mail to the author or call (617) 241-3000.

--
William Kim, Assistant City Attorney
City of Flint, Department of Law
1101 S. Saginaw St., 3rd Floor
Flint, MI 48502
(810)237-2079

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

*In re* Flint Water Cases.                    Judith E. Levy
                                              United States District Judge

_____/

This Order Relates To:

ALL CASES

_____/

## SECOND AMENDED CASE MANAGEMENT ORDER

This Case Management Order (CMO) shall not apply to those defendants who have not filed an answer, except as otherwise provided by Court order. Any defendant to which this order does not apply shall be treated as a non-party for the purposes of discovery, subject to the defendant's properly raised objection. Non-parties who have been previously identified as defendants shall be entitled to participate in discovery initiated by other parties. If and when any such defendants file an answer, such defendants shall be entitled to initiate discovery, the timing and manner of which shall then be established by this Court.

# Contents

I.   Preliminary Discovery ....................................................... 3

   A.   Documents-Only Subpoenas to Non-Parties ...................... 3

   B.   Exchange of Freedom of Information Act Materials ................ 3

II.  Written Discovery ........................................................... 5

   A.   Privilege Logs ................................................................ 5

   B.   Requests for Documents and Tangible Things ..................... 7

   C.   Interrogatories ............................................................... 9

   D.   Requests for Admission .................................................. 11

   E.   Pending Criminal Charges .............................................. 12

III. Requests for Entry on, Inspection, Sampling, and Testing of Land 12

IV.  Fact Witness Depositions ................................................. 14

   A.   Testimonial Depositions ................................................. 14

   B.   Depositions of Health Care Providers, and Education and Plumbing Professionals .................................................. 18

   C.   Pending Criminal Charges .............................................. 19

   D.   Deposition Protocol Order ............................................... 19

V.   Plaintiff Examinations ..................................................... 38

VI.  Expert Witnesses ........................................................... 38

VII. Class Certification in *Carthan* ......................................... 40

VIII. Notices of Non-Parties at Fault in the Individual Actions ......... 40

IX.  Bellwether Trial Proceedings in the Individual Cases ............... 41

   A.   First Bellwether Pool Selection ........................................ 41

   B.   Second Bellwether Pool Selection and Written Discovery ...... 43

   C.   Third Bellwether Pool Selection and Further Discovery ......... 45

   D.   Expert Depositions ........................................................ 46

   E.   Bellwether Trial Selection ............................................... 48

X.   Pre-Trial Motions and Completion Date for Discovery in All Cases 48

XI.   Definitions ............................................................................ 48

XII.  Appendices ........................................................................... 50

# I.   Preliminary Discovery

## A.   Documents-Only Subpoenas to Non-Parties

(1) The parties may serve subpoenas in accordance with the First Amended Order Regarding Non-Party Documents-Only Subpoenas. (ECF No. 888.)

## B.   Exchange of Freedom of Information Act Materials

(1) Within seven (7) days from entry of this CMO (May 7, 2019), Co-Lead Class Counsel and Co-Liaison Counsel will give written notice to counsel for defendants of documents and other information that they have obtained by means of Freedom of Information Act (FOIA) requests submitted pursuant to 5 U.S.C. § 552, Mich. Comp. Laws §§ 15.231–246, or any statute or regulation of similar purpose in any other state. This paragraph applies only to information obtained relating to the alleged contamination of the City of Flint water supply on or after April 25, 2014.

(2) The notice described above shall concisely identify the public person, agency, or entity that provided the FOIA response, approximately when the response was provided, the form in which it was

3

provided, approximately how large the response was, and the general types of materials included in the response. Counsel who wish to obtain copies of the materials identified in the notice may do so from the counsel who provided the notice, but must reimburse for the reasonable actual expense of providing them. Copies should be produced in the same form in which they were produced in response to the FOIA request unless they are no longer available in that form. Counsel have an obligation to ascertain the FOIA materials over which they have control.

(3) Within seven (7) days from entry of this CMO (May 7, 2019), counsel for defendants will give written notice to Co-Lead Class Counsel and Co-Liaison Counsel of documents and other information that they have obtained by means of Freedom of Information Act (FOIA) requests submitted pursuant to 5 U.S.C. § 552, Mich. Comp. Laws §§ 15.231–246, or any statute or regulation of similar purpose in any other state. This paragraph applies only to information obtained relating to the alleged contamination of the City of Flint water supply on or after April 25, 2014. The same procedures and requirements described in paragraph I.B(2) shall regulate the production of documents in this paragraph.

(4) All requests for FOIA information authorized under this Section shall be made no later than thirty-seven (37) days from entry of this CMO (June 6, 2019). Production of documents shall be made within fourteen (14) days after a requesting party delivers its written request.

## II.   Written Discovery

### A.   Privilege Logs

(1) Each party must maintain a log of potentially Privileged Communications.

(2) No party must include in its privilege log Privileged Communications between the party or the party's employees and the attorneys who represent the party in the Flint Water Cases or related litigation. With defendants, this paragraph only applies to Privileged Communications created or occurring on or after the date that a complaint was filed naming the defendant as a party to the Flint Water Cases or a related matter in this Court or any other. With plaintiffs, this paragraph only applies to Privileged Communications that were had on or after the date that the plaintiff filed a complaint in the Flint Water Cases or a related matter in this Court or any other. This exception shall not apply to communications shared with someone other than the party, or the party's employees, attorneys, experts, or insurer.

5

(3) The parties are not required to log Privileged Communications that are shared among parties who share a Joint Defense Agreement or Common Interest Agreement.

(4) No plaintiff must include in its privilege log confidential communications between the plaintiff's attorneys and Co-Lead Class Counsel or Co-Liaison Counsel, if the communications relate to matters within the scope of their duties. Similarly, no defendant in any Flint Water Case must include in its privilege log confidential communications between that defendant's attorneys and members of the Defense Executive Committee, if the communications relate to matters within the scope of their duties.

(5) No plaintiff who is also a plaintiff in a Genesee County case included within that court's Flint Water Litigation must include in its privilege log confidential communications between the plaintiff's attorneys and Lead Co-Liaison Counsel and Lead Class Action Counsel as appointed by the Genesee County Circuit Court, if the communications relate to matters within the scope of their duties. Similarly, no defendant who is also a defendant in a Genesee County action included within that court's Flint Water Litigation must include in its privilege log

6

confidential communications between the defendant's attorneys and the Lead Defense Counsel and Defendants' Lead Class Action Counsel as appointed by the Genesee County Circuit Court, if the communications relate to matters within the scope of their duties.

(6) The failure to include in a privilege log any Privileged Communication exempted by this section shall not constitute a waiver of the privilege.

(7) As used in this Section, references to an attorney includes other attorneys and employees in an attorney's firm, outside counsel, contract attorneys, and legal services vendors hired by an attorney's firm. With respect to parties that are not natural persons, it also includes in-house attorneys and other employees on the party's legal staff and legal services vendors hired by the party.

## B.    Requests for Documents and Tangible Things

(1) Beginning seven (7) days from entry of this CMO (May 7, 2019), Co-Lead Class Counsel and Co-Liaison Counsel may serve requests for production of documents and tangible things on defendants. These counsel will coordinate so that defendants shall not need to respond to the same request twice. Beginning seven (7) days from entry of this CMO

(May 7, 2019), counsel for defendants may also serve requests for production of documents and tangible things on the named plaintiffs in the consolidated putative class action *Carthan v. Snyder*, No. 16-cv-10444. However, no defendant may serve such requests on any named plaintiff whose claims against that defendant have been dismissed in their entirety.

(2) Beginning seven (7) days from entry of this CMO (May 7, 2019), each defendant may serve requests for production of documents and tangible things on other defendants. However, no defendant may serve such requests on any defendant which is not a current codefendant with it in at least one of the Flint Water Cases.

(3) Parties shall follow Federal Rule of Civil Procedure 34(b)(2)(A) in responding to requests for production of documents and tangible things. Within ninety-seven (97) days from entry of this CMO (August 5, 2019), parties shall substantially complete requests for production of documents and tangible things ("Substantial Completion"), with the exception that this deadline only applies to requests made within fourteen (14) days from entry of this CMO (May 14, 2019).

(4) Counsel for defendants shall serve requests for production of documents and tangible things on plaintiffs in the Individual Cases pursuant to Section VIII.

## C.   Interrogatories

(1) Beginning seven (7) days from entry of this CMO (May 7, 2019), Co-Lead Class Counsel and Co-Liaison Counsel may serve interrogatories on defendants. These counsel will coordinate so that defendants shall not need to respond to the same interrogatory request twice. Beginning seven (7) days from entry of this CMO (May 7, 2019), counsel for defendants may also serve interrogatories on the named plaintiffs in *Carthan*. However, no defendant may serve such interrogatories on any named plaintiff whose claims against that defendant have been dismissed in their entirety.

(2) Co-Lead Class Counsel and Co-Liaison Counsel may serve no more than thirty (30) interrogatories on each defendant (or, in the case of the VNA Defendants and the LAN Defendants, on each group of defendants). These interrogatories may be served divided up into sets of interrogatories, but no more than a total of thirty (30) may be served on

9

any defendant unless otherwise agreed by all interested parties or with leave of court.

(3) Defendants may collectively serve twenty-five (25) interrogatories on each named plaintiff in *Carthan*. Additionally, each defendant may individually serve five (5) interrogatories on each named plaintiff in *Carthan*.[1] These interrogatories may be divided up into sets of interrogatories, but no more than the limits described in this paragraph may be served on any named plaintiff in *Carthan* unless otherwise agreed by all interested parties or with leave of court.

(4) Beginning seven (7) days from entry of this CMO (May 7, 2019), defendants (or, in the case of the VNA Defendants and the LAN Defendants, each group of defendants) may serve twenty-five (25) interrogatories on each other defendant (or, in the case of the VNA Defendants and the LAN Defendants, on each group of defendants). These interrogatories may be divided up into sets of interrogatories, but no more than twenty-five (25) may be served on any defendant by any

---

[1] Defendants who file an answer after April 30, 2019, may individually serve ten (10) interrogatories on each named plaintiff.

10

other defendant unless otherwise agreed by all interested parties or with leave of court.

(5) No defendant may serve any interrogatories on any defendant which is not a current codefendant with it in at least one of the Flint Water Cases.

(6) Counsel for defendants shall serve interrogatories on plaintiffs in the Individual Cases pursuant to Section VIII.

**D.    Requests for Admission**

(1) Beginning seven (7) days from entry of this CMO (May 7, 2019), Co-Lead Class Counsel and Co-Liaison Counsel may serve requests for admission on defendants. These counsel will coordinate so that defendants shall not need to respond to the same request twice. Beginning seven (7) days from entry of this CMO (May 7, 2019), defendants may also serve requests for admission on the named plaintiffs in *Carthan*. No defendant may serve a request on any plaintiff whose claims against that defendant have been dismissed in their entirety.

(2) Beginning seven (7) days from entry of this CMO (May 7, 2019), defendants (or, in the case of the VNA Defendants and the LAN Defendants, each group of defendants) may serve on each other

11

defendant (or, in the case of the VNA Defendants and the LAN Defendants, on each group of defendants) no more than twenty-five (25) requests for admission. These requests may be divided up into sets of requests, but no more than twenty-five (25) may be served on any defendant by any other defendant unless otherwise agreed by all interested parties or with leave of court.

(3) No defendant may serve any requests for admission on any defendant which is not a current codefendant with it in at least one of the Flint Water Cases.

(4) Counsel for defendants shall serve requests for admission on plaintiffs in the Individual Cases pursuant to Section VIII.

### E.   Pending Criminal Charges

(1) A defendant who is subject to pending criminal charges may petition the Court for relief from written discovery until after the final resolution of those criminal charges.

## III. Requests for Entry on, Inspection, Sampling, and Testing of Land

(1) Beginning thirty-seven (37) days from entry of this CMO (June 6, 2019), Co-Lead Class Counsel and Co-Liaison Counsel may serve requests for entry on, inspection, sampling, and testing of land on

defendants. Plaintiffs shall have the collective right to enter on, inspect, sample, and test each piece of land owned or otherwise controlled by each defendant only once, unless otherwise agreed by all interested parties or with leave of court. Each entry shall not last more than seven (7) hours, unless otherwise agreed by all interested parties or with leave of court.

(2) Beginning thirty-seven (37) days from entry of this CMO (June 6, 2019), defendants may serve requests for entry on, inspection, sampling, and testing of land on the named plaintiffs in *Carthan*. Defendants shall have the collective right to enter on, inspect, sample, and test each piece of land owned or otherwise controlled by each named plaintiff only once, unless otherwise agreed by all interested parties or with leave of court. Each entry shall not last more than seven (7) hours, unless otherwise agreed by all interested parties or with leave of court.

(3) Beginning thirty-seven (37) days from entry of this CMO (June 6, 2019), defendants (or, in the case of the VNA Defendants and the LAN Defendants, each group of defendants) may serve requests for entry on, inspection, sampling, and testing of land on each other defendant (or, in the case of the VNA Defendants and the LAN Defendants, on each group of defendants). No defendant may serve any requests for entry on,

13

inspection, sampling, and testing of land on any defendant which is not a current codefendant with it in at least one of the Flint Water Cases.

(4) Counsel for defendants shall serve requests for entry on, inspection, sampling, and testing of land on plaintiffs in the Individual Cases pursuant to Section VIII.

## IV. Fact Witness Depositions

### A. Testimonial Depositions

(1) Beginning thirty (30) days from Substantial Completion of document production (September 4, 2019), parties may begin serving parties and non-parties with notices of testimonial deposition. However, this is with the exception of the plaintiffs in the Individual Cases who shall be served in accordance with Section VIII.

(2) No deposition notice shall specify a deposition date that is less than thirty (30) days from the date the notice is served, unless otherwise agreed by all interested parties or with leave of court. All depositions shall be taken in accordance with the Amended Discovery Coordination Protocol Order (ADCPO), except that this CMO shall supersede the ADCPO if their provisions are inconsistent.

(3) There shall not be any numerical limit on the number of testimonial depositions any party may take as a matter of right—the

14

provisions of Federal Rule of Civil Procedure 30(a)(2)(i) shall not apply—but any party or non-party may move for a protective order with respect to any deposition for any of the reasons recognized in the Federal Rules of Civil Procedure.

(4) No named plaintiff or any employee of the named plaintiff in *Carthan* may be deposed for more than twelve (12) on-the-record hours unless otherwise agreed by all interested parties or with leave of court.

(5) No defendant or any employee of the defendant may be deposed for more than fourteen (14) on-the-record hours unless otherwise agreed by all interested parties or with leave of court. Of the fourteen (14) permitted on-the-record hours, no fewer than six (6) shall be allotted to counsel for defendants, to be allocated between them by agreement. Allocation of the other eight (8) hours shall be for counsel for the plaintiffs, to be allocated between them by agreement.

(6) No non-party witness may be deposed for more than twelve (12) on-the-record hours, unless otherwise agreed by all interested parties or with leave of court. Six (6) of the twelve (12) on-the record hours shall be allotted to counsel for the plaintiffs, to be allocated between them by

15

agreement. The remaining six (6) hours shall be allotted to counsel for the defendants to be allocated among them by agreement.

~~(7) At least thirty (30) days before a deposition is taken, the party noticing the deposition shall serve notice of the deposition on Co-Lead Class Counsel, Co-Liaison Counsel, and counsel for defendants. In addition, the party noticing the deposition shall serve notice on Plaintiffs' Lead Counsel, Plaintiffs' Lead Class Action Counsel, and counsel for defendants in the Genesee County Circuit Court case *In re Flint Water Litigation*, No. 17-108646.~~

~~(8) At least fifteen (15) days before a deposition, any party that intends to attend shall notify counsel for the party that served the deposition notice, Co-Lead Class Counsel, Co-Liaison Counsel, and counsel for defendants. In addition, any party that intends to attend shall notify Plaintiffs' Lead Counsel, Plaintiffs' Lead Class Action Counsel, and counsel for defendants in the Genesee County Circuit Court case *In re Flint Water Litigation*, No. 17-108646. Finally, any party that intends to attend shall notify counsel for the witness, if known.~~

~~(9) During a deposition, any objection by counsel for any plaintiff shall be deemed an objection on behalf of all plaintiffs. It shall not be~~

16

~~necessary for counsel for each plaintiff to separately object on the record to preserve the objection. Similarly, any objection by counsel for any defendant shall be deemed an objection on behalf of all defendants. It will not be necessary for counsel for each defendant to separately object on the record to preserve the objection. But no party is bound by another party's objection, and nothing in this paragraph shall preclude any party from stating its own objection on the record if that objection has not been made.~~

~~(10) Witnesses shall read and sign their deposition transcripts. The Federal Rules of Civil Procedure shall govern the time each witness has to read and sign unless otherwise agreed by all interested parties or by leave of court. Counsel for the witness shall submit any errata pages and signatures to the court reporter via email.~~

~~(11) At least seven (7) days before a deposition, counsel for each party that intends to examine a deponent ("Examining Counsel") shall serve via electronic mail to counsel for any Plaintiff Group or Defendant Group who have indicated that they will attend, a non-binding list of documents (by Bates number) that they anticipate using or referring to during the deposition.~~

~~(12) Examining Counsel shall bring copies of any documents used at a deposition (whether or not they are pre-designated) for counsel for the witness and any interpreter. Examining Counsel shall not bring copies of pre-designated documents for any other counsel present at the deposition. However, Examining Counsel shall provide copies of any non-designated documents to counsel for any Plaintiff Group or Defendant Group who have indicated that they will attend.~~

~~(13) Deposition exhibits shall be marked sequentially. Counsel shall not re-mark documents that have previously been marked as exhibits, and shall use the previously marked exhibit number in subsequent depositions. The index of exhibits annexed to each deposition transcript shall contain the Bates number, the exhibit number and a brief description of the exhibit.~~

## B. Depositions of Health Care Providers, and Education and Plumbing Professionals

(1) Because of the very large number of plaintiffs and, potentially, of absent class members, there are some types of witnesses whose testimony cannot practically be taken only once. This may include health care providers, education professionals, and plumbers. Witnesses of these types are excluded from the one-deposition-only rule.

18

(2) Parties shall seek to minimize the unavoidable burden that will be imposed on witnesses of these types in all ways reasonably possible. Measures to be considered with respect to each witness shall include, among others: stipulating in advance to the authenticity and other foundational facts bearing on the admissibility of records related to the plaintiff in whose case the deposition is taken; designating a single defense attorney and a single plaintiffs' attorney to conduct the deposition on behalf of all defendants and plaintiffs; stipulating to the admissibility of testimony by the witness concerning their background, training, experience, and other matters that are of common relevance to more than the specific case in which the deposition is taken; and conducting depositions of the witness in two or more plaintiffs' cases on a single day if convenient to the witness.

### C.    Pending Criminal Charges

(1) A defendant who is subject to pending criminal charges may petition the Court for relief from testimonial depositions until after the final resolution of those criminal charges.

### D.    Deposition Protocol Order

The Parties will cooperate in the notice and taking of depositions as follows:

**(1)   Governing Provisions and Law**

A.   <u>Provisions Covered by the Amended Case Management Order and Amended Discovery Coordination Order</u>. The Parties agree that provisions in the Second Amended Case Management Order and Amended Discovery Coordination Order remain in effect but may be further defined or amended by this protocol below. This includes the provision requiring 30 days' notice (CMO Part IV.A.2); the time allotted to each party (CMO Part IV.A.4) and Confidentiality of Exhibits and Deposition Testimony (Confidentiality Order, Part 8). The purpose of the deposition protocol is to further define and set forth certain logistical requirements to assist in coordinating and streamlining the deposition taking process.

B.   <u>Application of Deposition Protocol Order</u>. This Deposition Protocol Order shall apply to all cases currently pending in the In Re Flint Water Cases and depositions taken pursuant to the Amended Discovery Coordination Order. This Order controls depositions of all non-expert witnesses, including Non-Parties. It does not apply to depositions taken pursuant to Fed. R. Civ. P. 30(b)(6) or expert depositions taken pursuant to Section VI of the First Amended Case Management Order.

C.    Governing Law. Discovery shall be governed by the applicable provisions of the Federal Rules of Civil Procedure and the Local Rules, except as otherwise provided herein or in any other Case Management Order. Unless specifically modified herein, nothing in this Order shall be construed to abrogate, modify, or enlarge the Federal Rules of Civil Procedure or the Local Rules of the presiding Court.

**(2)    Notices of Deposition**

A.    Counsel are expected to cooperate and coordinate the scheduling of depositions and shall consider the scheduling needs or requests of all parties. However, subject to the provisions of this Section II, the deposition date need only be agreed to by the Noticing Party and the Deponent to proceed to scheduling with the Court Reporter.

B.    Contents and Service of Notice. Notices of Deposition will be served by email on the Deponent, the Court Reporter, and on all parties to the Flint Litigation in accordance with the Amended Discovery Coordination Order. The Notice shall state the name of the deponent, contact information for the Noticing Party, and designate the proposed date and location in accordance with Part IV.A.2 of the CMO (requiring 30 days' notice unless otherwise agreed to by all interested parties or by

21

leave of court) and Section 4 of this protocol below (defining locations). The notice shall also include a statement that all depositions will be video recorded and include a reference to this Deposition Protocol Order. If the Deponent is a non-party, the Notice shall include a subpoena as appropriate.  The notice shall also include substantially the following statement: **"If the date and location is not convenient to the Deponent, the Deponent (or his or her counsel) shall contact the Noticing Party's counsel within five (5) business days to arrange an alternate date and/or location."**

C.    <u>Who Must Agree to Deposition Date</u>. Within five (5) business days of the issuance of the Notice, the Noticing Party and the Deponent, through his or her counsel if known, shall meet and confer to negotiate the deposition date. Any disputes between the Noticing Party and the Deponent regarding the date of a deposition may be raised to the Court following the meet and confer process. After expiration of the five (5) business days, the Noticing Party shall promptly inform all parties to the Flint Litigation and the Court Reporter by email either confirming the original deposition date and location, notifying all parties of the new date or location, or updating the parties as to the status of any dispute with

22

respect to the deposition notice. When sending an email confirming a deposition, the Noticing Party shall circulate a confirming or amending deposition notice with any accompanying subpoena to the Court Reporter with the email title "Flint: CONFIRMED Deposition of [Enter Deponent Name] [ENTER DATES]" and clearly stating in the body of the email that the deposition has been confirmed with the deponent and is proceeding to scheduling. The final notice shall otherwise conform with the provisions of Section 2(A) and shall include any other deposition requirements.

D.    Objections to Deposition Notices. Any party wishing to raise an objection or a scheduling conflict with the Noticing Party shall do so within three (3) business days after the deposition is confirmed by the Noticing Party. Any subsequent changes to the date of a deposition shall by communicated to all parties to the Flint Litigation by the Noticing Party using the email title "Flint: REVISED CONFIRMED Deposition of [Enter Party/Witness Name] [ENTER NEW DATES]" and explaining the change in date or location in the body of the email.

E.    Master Schedule and Equipment. The Court Reporter will make arrangements for the services required in the confirmed final

Notice of Deposition (including court reporter, videographer, conference room reservations and if indicated, interpreter). The Court Reporter will communicate confirmation that deposition arrangements have been made by uploading an updated Master Deposition Calendar. The parties will be responsible for any additional costs incurred by the Court Reporter for additional services required for any deposition (such as translator, videographer, etc.). The Court Reporter shall maintain a Master Deposition Calendar that will be posted with regular updates to the date, time, and location of any scheduled depositions.

**(3)   Depositions**

A.   <u>Number of Depositions</u>. More than one deposition may take place in the In Re Flint Water Cases at the same time, except that no more than three (3) depositions may be scheduled on the same day absent agreement by the parties or court order.

B.   <u>Deposition Days</u>. Absent agreement of the parties, all depositions will be scheduled for two (2) days, including the business day on which the deposition is noticed as well as the next business day. The Master Schedule shall so reflect the two-day scheduling for all depositions. A Deposition Day shall typically commence at 9:00a.m.

Minimally, there shall be one fifteen (15) minute morning break and two fifteen (15) minute afternoon breaks, with one (1) hour for lunch. Variations in this schedule may be made by agreement of counsel who noticed the deposition and counsel for the deponent.

C.   <u>Holidays</u>. No depositions may be scheduled on the day of an in-person Court hearing in any of the In Re Flint Water cases or any national or religious holiday. For purposes of this deposition protocol, such holidays are New Year's Eve, New Year's Day, Martin Luther King, Jr.'s Birthday, Presidents' Day, Passover (2 days), Good Friday, Easter Monday, Memorial Day, Independence Day, Labor Day, Rosh Hashanah (2 days), Yom Kippur, Columbus Day, Veterans' Day, Thanksgiving (Wednesday, Thursday, and Friday), Christmas Eve, and Christmas Day.

**(4)   Deposition Appearance and Location**

A.   <u>Location</u>. Unless otherwise agreed by the parties, or by court order, depositions will take place in Michigan in Wayne County, Washtenaw County, or Oakland County at a location arranged by the Court Reporter. The Court Reporter will provide a list of approved deposition locations to be selected by the Noticing Party in issuing any deposition notice.

B.    Arrangement for Deposition Space. The Court Reporter will be responsible for reserving the necessary conference room and providing the necessary technical equipment for each deposition.

C.    Notice of Intent to Appear.  At least fifteen (15) days before a deposition, any counsel that intends to attend shall notify the Court Reporter. The Court Reporter will maintain a list of all parties who have given notice of their intent to appear and shall make the list available to all parties on the Master Calendar

**(5)    Attendance and Confidentiality**

A.    Protective Order. Absent a protective order from this Court, there are no limitations on who may attend depositions. If a compelling reason exists for limiting access to depositions, the party seeking to exclude individuals from the deposition must move for a protective order "designating the persons who may be present while the discovery is conducted." Fed. R. Civ. P. 26(c)(1)(E). To meet this burden, the moving party must show "good cause" that an order is necessary "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1).

B.    <u>Appearance by Telephone or Other Remote Means</u>. Any party may alternatively appear and participate by telephone or other audiovisual means available and shall give notice of their intent to do so in at least fifteen (15) days before the deposition in accordance with Section IV(C). The Party shall not re-record the deposition by video or audio means. Parties participating remotely must identify all persons attending at the deposition with them. If counsel participating remotely believes that an objection not already made must be made on the record, such counsel shall identify themselves and state the objection. Counsel participating in depositions by remote access shall have the same opportunity to examine the witnesses as counsel attending in person.

C.    <u>Confidentiality Order Provisions Regarding Deposition Materials and Testimony</u>

(i)    Counsel for a producing party may designate testimony as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" by identifying it as such on the record at or about the time the testimony is given. With respect to deposition exhibits, counsel for a producing party may designate such exhibits, or portions of them, as "Confidential" or "Highly Confidential – Attorneys Eyes' Only" by identifying them as such

27

on the record at or before the conclusion of the deposition, provided, however, that no such designation need be made with respect to exhibits that have previously been marked in a manner to make them Protected Material.

(ii)    A non-party witness who is not an employee of a party, or the witness's attorney, may designate testimony or exhibits as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" in the same manner described in subparagraph (B)(i). But in all cases where such designation is made by a non-party witness or the witness's attorney, both the witness and his or her attorney shall be deemed to have accepted, by making the designation, all obligations created by the Confidentiality Order.

(iii)   If no testimony is designated "Confidential" or "Highly Confidential – Attorneys' Eyes Only" at a deposition, the deposition testimony and the entire transcript shall be accorded the highest level of protection for a period of fifteen (15) calendar days after the final transcript (that is to say, not a draft transcript) is received by or becomes available to a producing party's attorney of record for a party or party's attorney to identify the testimony or transcript as "Confidential or

28

"Highly Confidential." If, before expiration of such 15-day period, any party or attorney makes or joins in a designation of testimony as "Confidential or "Highly Confidential" that party or attorney must notify counsel of record for all other parties to the actions in which the deposition was taken of the pages and lines of deposition testimony that are "Confidential" or "Highly Confidential – Attorneys' Eyes Only," then those pages and lines, but no other pages and lines, shall remain subject to the protection of this Order after the 15-day period has ended.

(iv)   All transcripts of depositions at which testimony has been designated in accordance with subparagraph (c)(i) or (c)(ii) as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" shall be marked by the court reporter on the cover page with one or both of those designations and each page on which testimony appears that was identified as protectable at the deposition shall likewise be marked with one or both of those designations; but in making use of the deposition testimony and transcript the persons bound by the Confidentiality Order shall be limited in their use only of the testimony and portions of the transcript that was identified as protectable at the deposition.

29

(v)  All transcripts of depositions at which the statement described in subparagraph (c)(iii) was made shall be marked by the court reporter on the cover page with one or both of those designations. In the event no written designation of specific protectable testimony is provided in accordance with subparagraph (c)(iii), persons bound by this Order may obliterate the designations placed on the cover page. In the event a written designation of specific protectable testimony is provided in accordance with subparagraph (c)(iii), all persons bound by this Order shall treat those pages and lines as required by this Order for Protected Material.

(vi)  Deposition exhibits designated "Confidential" or "Highly Confidential – Attorneys' Eyes Only" shall be marked as provided in ¶ 8(a) of the Confidentiality Order.

(vii)  If testimony taken at an audiovisually-recorded deposition is designated "Confidential" or "Highly Confidential – Attorneys' Eyes Only," the videocassette, other videotape container, or disk on which the deposition was recorded shall be marked by affixing a label to it with the appropriate designation.

**(6)  Apportionment of Time and Sequence of Examination**

A.    <u>Length of Depositions</u>. The apportionment of time shall be made pursuant to Part IV.A.4 of the ACMO as follows:

    i.  <u>Plaintiffs</u>. Any Plaintiff may be deposed for 12 hours by the Defendants

    ii.  <u>Defendants</u>. Any Defendant may be deposed for 14 hours – 6 hours are allocated amongst the defendants by agreement, 8 hours are allocated amongst the plaintiffs

    iii.  <u>Non-Parties</u>. Any Non-Party may be deposed for 12 hours – 6 hours for the plaintiffs, 6 hours for the defendants

B.    <u>Sequence of Examination</u>.

Questioning at the depositions taken by <u>plaintiffs' counsel</u> will be conducted in the following sequence:

    i.  the primary examiner selected by plaintiffs' counsel;

    ii.  other plaintiffs' attorneys on non-redundant matters;

    iii.  examination by the defendants;

    iv.  individual counsel for the deponent, if any; and

    v.  any re-cross or re-direct by those mentioned above.

Questioning at the depositions taken by <u>defense counsel</u> shall be conducted in the following sequence:

31

    i.  the primary defense counsel examiner or noticing party;

    ii.  other defendants on non-redundant matters;

    iii. examination by the plaintiffs;

    iv. individual counsel for the deponent, if any; and

    v.  any re-cross or re-direct by those mentioned above.

    C.    <u>Allocation of Time Among Plaintiffs</u>. Absent agreement or further order of the court, the time allocated shall be coordinated amongst plaintiffs' counsel.

    D.    <u>Allocation of Time Among Defendants</u>. Absent agreement or further order of the court, the time allocated to the Defendants shall be as follows:

    i.  State Defendants – 16.6%

    ii.  City Defendants – 16.6%

    iii. Rowe – 16.6%

    iv. LAN Defendants – 16.6%

    v.  VNA Defendants – 16.6%

    vi. Hospital Defendants – 16.6%

    E.    <u>Court Reporter Responsibility for Timing</u>. The Court Reporter shall be responsible for recording and tracking of time of questioning for

each Party during the deposition. For purposes of tracking and apportionment of time, only time on the record shall be computed against the total time allocated to each party.

**(7)    Video Recorded Depositions**

A.    <u>Audio-Video Recording of All Depositions</u>. All depositions shall be audiovisual depositions recorded pursuant to Fed. R. Civ. P. 30(b)(3) and subject to the following rules:

i. **Real-time feed**. All video depositions will be stenographically recorded by a court reporter with "real-time feed" capabilities. Nothing herein precludes any party from ordering "real-time feed" of any non-video deposition.

ii. **Video Operator**. The operator(s) of the video recording equipment shall be subject to the provisions of Fed. R. Civ. P. 28(C). At the commencement of the deposition, the operator(s) shall swear or affirm to record the proceedings fair and accurately.

iii. **Filing**. The Operator shall preserve custody of the original video medium in its original condition until further order of the Court.

33

iv. **Interruptions**. The video camera operation will be suspended during the deposition only upon stipulation by counsel and "off the record" discussions.

v. **Filming**. The videographer shall film the witness only while the witness is seated in the witness chair and shall not film the witness at any other time, including when entering or leaving the deposition room. The videographer shall not film any other persons in the room, except for the witness.

**(8)   Objections and Disputes**

A.   <u>Stipulations and Disputes</u>. The Parties may agree to certain deposition stipulations, however in all other circumstances the Federal and local rules control. The Parties shall use best efforts to avoid deposition disruptions or adjournments due to discovery disputes. In the event a dispute arises, the parties may contact the Court in an attempt to resolve such dispute informally. If the Court is unavailable, the deposition will continue as to matters not in dispute and the party seeking relief may present the issue to the Court for expedited consideration pursuant to the Court's discovery dispute protocol.

B.     <u>Objections</u>. During a deposition, any objection by counsel for any plaintiff shall be deemed an objection on behalf of all plaintiffs. It shall not be necessary for counsel for each plaintiff to separately object on the record to preserve the objection. Similarly, any objection by counsel for any defendant shall be deemed an objection on behalf of all defendants. It will not be necessary for counsel for each defendant to separately object on the record to preserve the objection. But no party is bound by another party's objection, and nothing in this paragraph shall preclude any party from stating its own objection on the record if that objection has not been made. Counsel shall comply with Fed. R. Civ. P. 30(c)(2) concerning objections at depositions. Speaking objections or those calculated to coach the deponent are prohibited. Counsel shall refrain from engaging in colloquy during depositions.

**(9)     Transcript Repository, Read and Sign, and Errata Sheets**

A.     <u>Read and Sign</u>. Witnesses shall read and sign their deposition transcripts. The Federal Rules of Civil Procedure shall govern the time each witness has to read and sign unless otherwise agreed by all interested parties or by leave of court. Counsel for the witness shall submit any errata pages and signatures to the court reporter via email.

The Court Reporter shall coordinate, track, and maintain a record as to the status and signature by witnesses of deposition transcripts. The Deponent's counsel will be provided with an e-transcript, an errata page and a witness signature page for review, signature and return to the Court Reporter.

B. <u>Transcript Repository</u>. The Court Reporter will provide a searchable electronic copy of all deposition transcripts to the parties via the Court Reporter Repository, except that deposition testimony and exhibits designated as "Confidential" or "Highly Confidential" shall only be made available to the appropriate parties under the Confidentiality Order.

**(10) Exhibits.**

(A)   The Court Reporter shall maintain a Master Exhibit List and an online Deposition Exhibit Repository which will contain a single copy of all deposition exhibits used in the case, and will make the Exhibit Repository available at all depositions taken in the Flint Litigation. The Court Reporter will maintain an original (hard copy) deposition transcript for all depositions in their office.

36

(B)    At least seven (7) days before a deposition, counsel for each party that intends to examine a deponent ("Examining Counsel") shall serve via electronic mail to counsel for any Plaintiff Group or Defendant Group who have indicated that they will attend, a non-binding list of documents (by Bates number) that they anticipate using or referring to during the deposition.

(C)    Examining Counsel shall bring paper copies of any documents used at a deposition (whether or not they are pre-designated). Examining Counsel shall not bring copies of pre-designated documents for any other counsel present at the deposition. However, Examining Counsel shall provide paper copies of any non-designated documents to counsel for any Plaintiff Group or Defendant Group who have indicated that they will attend.

(D)    Deposition exhibits shall be marked sequentially beginning with the first witness, and steps will be taken to ensure that no two exhibits used in a deposition contain the same Exhibit Number. In the event of double or triple tracking depositions, Exhibit Numbers will be blocked in advance to avoid duplication of Exhibit Numbers. Counsel shall not re-mark documents that have previously been marked as

exhibits, and shall use the previously marked exhibit number in subsequent depositions. The index of exhibits annexed to each deposition transcript shall contain the Bates number (if any), the exhibit number and a brief description of the exhibit.

(E)    The Court Reporter will make available electronically at every deposition all documents maintained in the Deposition Exhibit Repository for use as exhibits.

**(11)  Costs.** The Parties have selected Golkow as the Court Reporting Company on the Flint Water Cases. Costs will be allocated according to each party ordering transcripts, with the exception of remote access and participation which will be charged on a per party basis for those wishing to appear remotely, and videographer costs, which would be allocated amongst parties ordering the video.

~~The expense of depositions remains under negotiation and will be determined by  subsequent order of the Court.~~

## V.    Plaintiff Examinations

~~(1) The schedule for examinations of the named plaintiffs in *Carthan* will be established by Court order at a later date.~~

(2) The schedule for examinations of the plaintiffs in the Individual Cases will be pursuant to Section VIII.

## VI.    Expert Witnesses

(1) Parties may serve notice of a deposition on expert witnesses who have been retained or employed by any other party and who have

38

completed an expert report or disclosure pursuant to Federal Rule of Civil 26(a)(2)(B) or (C) in relation to the alleged contamination of the City of Flint's water supply on or after April 25, 2014. These expert witnesses shall be produced for deposition without need for service of a subpoena.

(2) Expert witnesses shall deliver to the attorney who noticed the deposition an advance production of their complete file no later than seven (7) days before the date set for a deposition. The file shall include all materials compiled up to that time, except that the expert may exclude any portions protected by Federal Rule of Civil Procedure 26(b)(4). The attorney who noticed the deposition shall provide copies of the advance production to counsel for all other parties who have notified them of their intent to participate in the deposition.

(3) The party who notices the deposition shall reimburse the expert for the time reasonably and actually devoted by the expert or their employees to making the advance production; the time reasonably and actually devoted by the expert in traveling to and from the site of the deposition; the time spent by the expert at the deposition; the expense reasonably and actually incurred by the expert in producing other documents in response to any other request for production of documents;

39

and the reasonable travel expenses (transportation, meals, lodging, miscellaneous) actually incurred by the expert in traveling to and from the site of the deposition and during their attendance at the deposition.

(4) Unless an expert agrees otherwise, their deposition shall be taken in the locality where they work or reside.

## VII. Class Certification in *Carthan*

(1) Within ten (10) months from entry of this CMO (March 2, 2020), a motion for class certification and supporting Federal Rule of Civil Procedure 26(a)(2) expert reports and disclosures shall be filed. Within three (3) months from the filing of the motion for class certification, any opposition and supporting Rule 26(a)(2) expert reports and disclosures shall be filed. Within two (2) months from the filing of any opposition, a reply in support of class certification shall be filed.

(2) A hearing on the motion for class certification shall be set following the filing of the reply. Within two (2) weeks from the filing of the reply, defendants shall notify the Court if an evidentiary hearing is requested.

## VIII. Notices of Non-Parties at Fault in the Individual Actions

Any party filing a Notice of Non-Parties at Fault in each of the individual In Re Flint Water Cases pursuant to MCR 2.112(K) shall file

40

a short form Notice of Non-Parties at Fault, incorporating by reference their Master Notice of Non-Parties at Fault filed in *Walters v. Flint*, Case No. 5:17-cv-10164. [See Exhibit F]. The short form notice shall include and incorporate any supplements filed to the Master Notice, which shall be deemed applicable to the short form Notice filed in each of the individual cases. A party shall not be required to file a full notice of Non-Parties at Fault in each of the individual actions in order to comply with the requirements set forth in MCR 2.112(K) as the Master Notice of Non-Parties at Fault and any supplements thereto shall be incorporated in full by reference as if it were set forth at length in each individual action.

## IX. Bellwether Trial Proceedings in the Individual Cases

(1) The initial bellwether trial will begin on October 28, 2020.

### A. First Bellwether Pool Selection

(1) Within seven (7) days from entry of this CMO (May 7, 2019), Co-Liaison Counsel and counsel for defendants shall submit to the Court an agreed-upon form of plaintiff fact sheet. If agreement upon fact sheets cannot be reached, the Court will place this issue on the May 15, 2019, status conference agenda. (Dkt. 789.)

(2) Within fourteen (14) days from entry of this CMO (May 14, 2019), the Special Master shall, based on census data that she has

41

collected, identify the names of all individual plaintiffs whose dates of birth are between April 25, 2008, and April 25, 2014, and who only claim lead-induced injuries. The Special Master shall identify the numbers of the cases in which these individuals are plaintiffs.

(3) Within twenty-one (21) days from entry of this CMO (May 21, 2019), Co-Liaison Counsel and counsel for defendants shall select 150 plaintiffs ("Pool One Claimants") from those identified by the Special Master, using a selection process to which they agree and which will result in the selection of a random sample.

(4) Within fifty (50) days from the selection of the Pool One Claimants, each of the 150 plaintiffs shall provide to counsel for defendants completed plaintiff fact sheets, together with authorizations for release of records specified in the fact sheets and any documents specified in the fact sheets which are within their possession, custody, or control (as those words are used in Federal Rule of Civil Procedure 34(b)).

(5) To the extent a plaintiff's fact-sheet is less than substantially completed, Co-Liaison Counsel shall be notified within seven (7) days by counsel for defendants, and the deficiency shall be cured to the extent possible within seven (7) days after receiving notification.

## B.    Second Bellwether Pool Selection and Written Discovery

(1) On day seventy (70) following the selection of the Pool One Claimants, Co-Liaison Counsel and counsel for defendants shall simultaneously identify to each other a total of 100 claimants from among the Pool One Claimants with respect to whom written discovery will be conducted ("Pool Two Claimants"). Half of the Pool Two Claimants will be selected by Co-Liaison Counsel and half will be selected by counsel for defendants. If there is overlap between the Pool Two Claimants identified by the two sides, selection of additional claimants shall continue until a total of 100 claimants have been selected.

(2) Beginning seventy-one (71) days from the selection of the Pool One Claimants, defendants may serve on each of the 100 Pool Two Claimants requests for production of documents and tangible things, interrogatories, and requests for admission.

(3) Each defendant (or, in the case of the VNA Defendants and the LAN Defendants, each group of defendants) may serve on each Pool Two Claimant who has sued that defendant requests for production of documents and tangible things that comprise no more than thirty (30) separately   numbered   paragraphs   describing   with   reasonable

43

particularity specific documents and things or categories of documents and things to be produced. The thirty (30) separately numbered paragraphs may be divided among as many separate sets of requests as the defendant serving them chooses, but the total number of paragraphs shall not exceed thirty (30) unless otherwise agreed by all interested parties or by leave of court.

(4) Each defendant (or, in the case of the VNA Defendants and the LAN Defendants, each group of defendants) may serve on each Pool Two Claimant who has sued that defendant up to twenty-five (25) interrogatories. The twenty-five (25) interrogatories may be divided among as many separate sets of interrogatories as the defendant serving them chooses, but the total number of interrogatories shall not exceed twenty-five (25) unless otherwise agreed by all interested parties or by leave of court.

(5) Each defendant (or, in the case of the VNA Defendants or the LAN Defendants, each group of defendants) may serve on each Pool Two Claimant who has sued that defendant up to twenty-five (25) requests for admission. The twenty-five (25) requests for admission may be divided among as many separate sets of requests as the defendant serving them

44

chooses, but the total number of requests shall not exceed twenty-five (25) unless otherwise agreed by all interested parties or by leave of court.

## C.    Third Bellwether Pool Selection and Further Discovery

(1) On day ninety (90) following the selection of the Pool Two Claimants, Co-Liaison Counsel and counsel for defendants shall each identify thirty (30) claimants from among the Pool Two Claimants who will be engaged in further discovery ("Pool Three Claimants"). If there is overlap between the Pool Three Claimants initially identified by the two sides, selection of additional Pool Three Claimants shall proceed in the manner described in this paragraph until a total of sixty (60) have been selected.

(2) Beginning seven (7) days from selection of the Pool Three Claimants, defendants may begin noticing testimonial depositions of the Pool Three Claimants in accordance with the ADCPO. Defendants may also notice testimonial depositions of other persons with knowledge of facts particular to claims by the Pool Three Claimants in accordance with the ADCPO. There shall be no specific numerical limit on the number of testimonial depositions that may be taken, but no party or non-party

witness is precluded from bringing a motion for a protective order if there is good cause for doing so.

(3) Nothing in this Section is intended to prevent any party from deposing any other party or non-party before the date specified in this Section if the witness is reasonably likely to have discoverable information relevant to the issues in *Carthan* or if relevant to issues in any Genesee County case included in *In re Flint Water Litigation*.

(4) Beginning seven (7) days from the selection of the Pool Three Claimants, defendants may begin noticing and conducting entries upon land in the possession or control of the Pool Three Claimants for purposes of inspection, photographing, sampling, and testing. Defendants shall coordinate among themselves so that representatives of all defendants which have been sued by any Pool Three Claimant will complete their entries on the same date or dates, unless otherwise agreed by all interested parties or by leave of court.

### D.   Expert Depositions

(1) Within six (6) months from selection of the Pool Three Claimants, but no sooner than the filing of the motion for class certification in *Carthan*, Co-Liaison Counsel shall provide full and

46

complete Federal Rule of Civil Procedure 26(a)(2) expert reports and disclosures from all experts who have produced such reports and disclosures with respect to the Pool Three Claimants.

(2) Beginning ten (10) days from the date Co-Liaison Counsel provides these Rule 26(a)(2) reports and disclosures, Each Pool Three Claimant shall begin appearing for Federal Rule of Civil Procedure 35 examinations, on dates reasonably identified by defendants which that claimant has sued. These examinations shall be conducted by suitably licensed or certified examiners identified by defendants. Examiners shall examine the claimant on the same day if the examiners are specialists in the same field unless the nature of the examinations make simultaneous examinations impractical. Examiners who are specialists in different fields may examine the claimant on different days. However, all examinations shall be completed within thirty (30) days unless otherwise agreed by all interested parties or by leave of court. After completion of all Pool Three Claimant Rule 26(a)(2) expert reports and disclosures and Rule 35 examinations, defendants may begin noticing depositions of the plaintiffs' experts.

47

(3) Beginning sixty (60) days from completion of all Pool Three Claimant Rule 26(a)(2) expert reports and disclosures, and at least fifteen (15) days from completion of depositions of plaintiffs' experts, defendants shall provide full and complete Rule 26(a)(2) expert reports and disclosures to Co-Liaison Counsel. After disclosure of all defendant expert reports and disclosures, Co-Liaison Counsel may begin noticing depositions of the defendants' experts.

### E.   Bellwether Trial Selection

(1) The selection process for the bellwether trials will be established by the Court at a later date.

## X.   Pre-Trial Motions and Completion Date for Discovery in All Cases

(1) The date by which all pre-trial motions shall be filed and the completion date for discovery will be established by the Court at a later date.

## XI.   Definitions

(1) "Privileged Communications" mean attorney/client privileged communications, communications that constitute protected work product, and communications with experts that are protected from disclosure by Federal Rule of Civil Procedure 26(b)(4).

(2) "Co-Lead Class Counsel" means the attorneys appointed from time to time by the Court to serve in that capacity as well as persons authorized by those persons to act in their stead. (Dkt. 696.)

(3) "Co-Liaison Counsel " means the attorneys appointed from time to time by the Court to serve in that capacity as well as persons authorized by those persons to act in their stead. (*Id.*)

(4) "Defense Executive Committee" means the attorneys appointed from time to time by the Court to serve in that capacity as well as persons authorized by those persons to act in their stead. (Dkt. 260.)

(5) *"Carthan"* means the consolidated putative class action case *Carthan v. Snyder*, No. 16-cv-10444.

(6) "Individual Cases" means cases filed by persons that are set forth in Short Form Complaints and the Master Complaint, in accordance with the order dated November 17, 2017. (Dkt. 260.).

(7) "Amended Discovery Coordination Protocol Order" or "ADCPO" means that order entered to limit duplication in the discovery process associated with litigation arising out of claims regarding the use of the Flint River as Flint's water source in accordance with the order dated November 16, 2018. (Dkt. 675.)

(8) "Plaintiffs" means the putative class representatives in Carthan and the plaintiffs in the Individual Cases, collectively.

(9) "VNA Defendants" means Veolia North America, LLC, Veolia North America, Inc., Veolia Water North America Operating Services, LLC, insofar as each of the above individuals and entities remain as a party.

(10) "LAN Defendants" means Lockwood, Andrews, & Newnam, P.C., Lockwood, Andrews, & Newnam, Inc., Leo A. Daly Company, insofar as each of the above individuals and entities remain as a party.

## XII.  Appendices

A.    Exhibit A – First Amended Order Regarding Non-Party Documents Only Subpoenas [ECF 888]
B.    Exhibit B– Amended Discovery Coordination Protocol Order [ECF 675]
C.    Exhibit C –Confidentiality Order [ECF 299]
D.    Exhibit D – Addendum to the Confidentiality Order [ECF 790]
E.    Exhibit E – Document Production Protocol [ECF 371-1]
F.    Exhibit F – Sample Short Form Non-Party at Fault Filing for Individual Actions


Dated: October 25, 2019~~October 22, 2019~~          s/Judith E. Levy
Ann Arbor, Michigan                         JUDITH E. LEVY
                                            United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on October 25, 2019~~October 22, 2019~~.

s/Shawna Burns
SHAWNA BURNS
Case Manager

51