# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| *In re Flint Water Cases* | Case no. 5:16-cv-10444-JEL-MKM (Consolidated)<br><br>Hon. Judith E. Levy<br><br>Mag. Mona K. Majzoub<br><br>**ORAL ARGUMENT REQUESTED** |

## CLASS PLAINTIFFS' MOTION FOR PROTECTIVE ORDER LIMITING PUBLIC ACCESS TO THE DEPOSITIONS OF CLASS REPRESENTATIVES

Pursuant to the Federal Rules of Civil Procedure, and for the reasons set forth in Class Plaintiffs' accompanying brief, Class Plaintiffs hereby move the Court for a protective order limiting access to the depositions of Class Representatives Barbara and Darrell Davis, Rhonda Kelso, Neil Helmkay, Francis Gilcreast, Elnora Carthan, Michael Snyder and Tiantha Williams to only the parties and their counsel.  Pursuant to Federal Rule of Civil Procedure 26(C)(1), the undersigned hereby certify that Counsel for Class Plaintiffs have conferred or

1

attempted to confer in good faith with each of the Defendants in an effort to resolve this dispute without court action.

Respectfully submitted,

By: */s/ Theodore J. Leopold*
Theodore J. Leopold
COHEN MILSTEIN SELLERS &
TOLL PLLC
2925 PGA Boulevard, Suite 220
Palm Beach Gardens, FL 33410
Telephone: (561) 515-1400
tleopold@cohenmilstein.com
***INTERIM CO-LEAD COUNSEL***

By: */s/ Michael L. Pitt*
Michael L. Pitt
PITT MCGEHEE PALMER &
RIVERS, P.C.
117 West 4th Street, Suite 200
Royal Oak, MI 48067
Telephone: (248) 398-9800
mpitt@pittlawpc.com
***INTERIM CO-LEAD COUNSEL***

By: */s/ Stephen Morrissey*
Stephen Morrissey
SUSMAN GODFREY, L.L.P.
1201 Third Ave., Suite 3800
Seattle, WA 98101
Telephone: (206) 516-3880
smorrissey@susmangodfrey.com
***EXECUTIVE COMMITTEE FOR
CLASS PLAINTIFFS***

By: */s/ Paul F. Novak*
Paul F. Novak (P39524)
WEITZ & LUXENBERG, P.C.
3011 W. Grand Blvd., Suite 2150
Detroit, MI 48202
Telephone: (313) 800-4170
pnovak@weitzlux.com
***EXECUTIVE COMMITTEE FOR
CLASS PLAINTIFFS***

By: */s/ Peretz Bronstein*
Peretz Bronstein
BRONSTEIN, GEWIRTZ &
GROSSMAN, LLC
60 East 42nd Street, Suite 4600
New York, NY 10165
Telephone: (212) 697-6484
peretz@bgandg.com
***EXECUTIVE COMMITTEE FOR
CLASS PLAINTIFFS***

By: */s/ Esther E. Berezofsky*
Esther E. Berezofsky
MOTLEY RICE LLC
210 Lake Dr. East, Suite 101
Cherry Hill, New Jersey 08002
Telephone: (856) 667-0500
eberezofsky@motleyrice.com
***EXECUTIVE COMMITTEE FOR
CLASS PLAINTIFFS***

By: */s/ Teresa A. Bingman*
Teresa A. Bingman
LAW OFFICES OF TERESA A.
BINGMAN, PLLC
4131 Okemos Road, Suite 12
Okemos, Michigan 48864
Telephone: (877) 957-7077
tbingman@tbingmanlaw.com
***EXECUTIVE COMMITTEE FOR
CLASS PLAINTIFFS***

3

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | |
|---|---|
| *In re Flint Water Cases* | Case no. 5:16-cv-10444-JEL-MKM (Consolidated)<br><br>Hon. Judith E. Levy<br><br>Mag. Mona K. Majzoub<br><br>**ORAL ARGUMENT REQUESTED** |

**CLASS PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF**
**MOTION FOR PROTECTIVE ORDER LIMITING PUBLIC ACCESS TO**
**THE DEPOSITIONS OF CLASS REPRESENTATIVES**

1

Pursuant to the Federal Rules of Civil Procedure, Class Plaintiffs seek a protective order limiting access to the depositions of Class Representatives Barbara and Darrell Davis, Rhonda Kelso, Neil Helmkay, Francis Gilcreast, Elnora Carthan, Michael Snyder and Tiantha Williams ("Class Representatives") to only the parties and their counsel.  Pursuant to Federal Rule of Civil Procedure 26(C)(1), the undersigned hereby certify that Counsel for Class Plaintiffs have conferred or attempted to confer in good faith with each of the Defendants in an effort to resolve this dispute without court action.

## I.   LEGAL STANDARD

The Federal Rules of Civil Procedure provide that "for good cause" a court may issue a protective order limiting who may attend a deposition in order to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."  *See* Fed. R. Civ. P. 26(c)(1); *see also* Fed. R. Civ. P. 30(d)(3)(B). "[P]rotective orders issued under Rule 26(c) serve the vital function of securing the just, speedy, and inexpensive determination of civil disputes by encouraging full disclosure of all evidence that might conceivably be relevant," an objective which "represents the cornerstone of our administration of civil justice." *Flagg ex rel. Bond v. City of Detroit*, 268 F.R.D. 279, 291 (E.D. Mich. 2010) (quoting *S.E.C. v. TheStreet.Com,* 273 F.3d 222, 229 (2d Cir.2001) (internal quotation marks, alterations, and citations omitted)); *see also In re Zyprexa*

*Injunction,* 474 F.Supp.2d 385, 413 (E.D.N.Y. 2007) ("As civil discovery rules became more expansive over the course of the last century, the role of the courts in protecting producing parties from undue invasions of privacy has correspondingly increased.").

## II.   DEPOSITIONS ARE COMMONLY CONDUCTED IN PRIVATE

As recognized by the United States Supreme Court, "pretrial depositions . . . are not public components of a civil trial . . . and, in general, they are conducted in private as a matter of modern practice."  *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 33, 104 S. Ct. 2199, 2207–08, 81 L. Ed. 2d 17 (1984) (citing *Gannett Co. v. DePasquale*, 443 U.S. 368, 396, 99 S.Ct. 2898, 2913-14, 61 L.Ed.2d 608 (1979) (Burger, C.J., concurring); Marcus, MYTH AND REALITY IN PROTECTIVE ORDER LITIGATION, 69 Cornell L. Rev. 1 (1983)).

Good cause exists to limit public access to Class Plaintiffs' depositions, as limiting a deposition to the parties and counsel protects their right to challenge various portions of their deposition transcripts as inadmissible prior to its public presentation at trial.  *See United States v. United Shoe Mach. Co. of N. J.*, 198 F. 870, 872 (D. Mass. 1912) (Deposition testimony only becomes part of a public trial or proceeding after "there is an opportunity for a judicial hearing as to its competency."  The public and the press have no right to hear "what is not yet evidence and what may never become evidence.").

Indeed, "[m]uch of the information that surfaces during pretrial discovery may be unrelated, or only tangentially related, to the underlying cause of action. Therefore, restraints placed on discovered, but not yet admitted, information are not a restriction on a traditionally public source of information." *Seattle Times,* 467 U.S. at 2208.  Accordingly, in order to protect the rights afforded Class Plaintiffs through the litigation process, access to their depositions should be limited only to the parties and counsel.

### III.   IN ORDER TO PROTECT THE PRIVACY INTERESTS OF CLASS REPRESENTATIVES AND PUTATIVE CLASS MEMBERS, THE DEPOSITIONS OF CLASS REPRESENTATIVES SHOULD BE LIMITED TO THE PARTIES AND COUNSEL.

Moreover, Class Representatives' depositions will almost certainly involve highly confidential testimony, including descriptions of the deponents' finances, sensitive medical information, and the physical and emotional trauma they suffered as a result of the Flint water crisis.  Indeed, Defendants have already identified a number of medical records they intend to introduce as exhibits during the first two scheduled Class Representative depositions.  *See* Letters dated October 31, 2019 and November 4, 2019, attached hereto as Exhibit A.  They have also requested sensitive financial information from various Class Representatives.  *See, e.g.,* Interrogatory No. 3, Michael Snyder, as personal representative of the Estate of John Snyder, attached hereto as Exhibit B ("Describe all of the decedent's after-tax

4

income (both earned and unearned) during the years 2011, 2012, 2013, 2014 and 2015, including in your description for each year the total amount of the decedent's after-tax income from all sources during that year, the identity of the source of each component of his income during that year (including, without limitation, social security payments, employment income, pension payments, and investment income), and the amount of income from each source during that year."). Where the disclosure of such sensitive, private and personal information is at stake, good cause exists to protect the deponent from "annoyance, embarrassment, oppression or undue burden" by limiting access to his or her deposition to only parties and counsel. *See Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 34–35, 104 S. Ct. 2199, 2208, 81 L. Ed. 2d 17 (1984) (In action between religious organization and newspapers, United States Supreme Court upheld protective order prohibiting newspapers from "publishing, disseminating, or using" information obtained during discovery, including religious membership and donation lists, in any way except where necessary to prepare for and try the case.).

In addition to sensitive medical and financial information, it is also highly likely that Class Representatives will testify about the emotional trauma, including the pain, embarrassment and stigma they have suffered as a result of the water crisis. Indeed, Defendants have already issued interrogatories that implicate such complex emotional issues, including an interrogatory asking Class Representative

Michael Snyder to "[i]dentify every natural person who observed [his deceased father's] conscious pain and suffering caused by his alleged legionella infection," and another asking him to describe "each date during the years 2013, 2014, and 2015" that Mr. Snyder, his sister, his brother or their respective children spent time with his deceased father.  *See* Exhibit B at Interrogatory Nos. 8;11.

The Class Representatives understand that their testimony concerning these issues may ultimately enter the public sphere at trial. That notwithstanding, opening such testimony to the public now, without benefit of protecting such information that may not be permissible or admissible – and forcing Class Representatives to endure  exposing painful and sensitive information about the impact of the water crisis with the world not once, but twice – would serve no purpose other than to embarrass and oppress them.  *See United States v. Amodeo*, 71 F.3d 1044, 1051 (2d Cir. 1995) ("Courts have long declined to allow public access simply to cater 'to a morbid craving for that which is sensational . . . .'")).

Moreover, while there is a compelling interest supporting the public's right to learn about the parties responsible for the Flint water crisis, the same public interest concerns do not apply to the depositions of the victims of the crisis: Class Representatives.  Thus, while there may be strong public interest in learning the details of what lead to the disaster, there is no corresponding public interest in the sensitive health and financial information of the class representatives.

In addition to their own privacy interests, the depositions of Class Representatives may implicate the privacy interests of non-party putative class members. Interrogatories issued to Class Representatives have requested information regarding the health of potential class members. *See, e.g.,* Interrogatory No. 3, Barbara Davis, attached hereto as Exhibit C ("Identify all other employees at the "schools with high lead levels"  to which you refer in ¶14 of the Amended Complaint whom you observed to be suffering from skin rashes, other skin problems, or other medical issues, or who told you that they were suffering from skin rashes, other skin problems, or other medical issues, and with respect to each such employee state the date when you first observed or were told that he or she was suffering from a skin rash, other skin problem, or medical issue and state the period during which he or she continued to suffer from the rash, other skin problem, or medical issue.").

The protection of non-parties' privacy rights provides an independent basis for limiting public access to Class Representatives' depositions. *Flagg*, 268 F.R.D. at 298 ("[T]he Court . . . has cited the privacy interests of non-parties as a ground for maintaining certain discovery materials under seal. The case law provides ample support for treating such interests as the requisite "good cause" for protective measures."); *see also Knoll v. American Telephone & Telegraph Co.,* 176 F.3d 359, 365 (6th Cir. 1999) (protective orders are "commonly granted .

. . as a means of protecting the privacy interests of nonparties while yet serving the needs of litigation."); *see also In Marshall v. Bramer,* 828 F.2d 355, 360 (6th Cir.1987) (finding that the district court struck an appropriate balance by ordering the production of a Ku Klux Klan membership list while also issuing a protective order prohibiting the public disclosure of this list).

As recognized by the United States Supreme Court, depositions have "a significant potential for abuse," particularly where the deposition my "implicate privacy interests" through the disclosure of sensitive information. *Seattle Times,* 467 U.S. at 34–35. That is particularly true in a high profile matter such as this, where the potential for highly personal and sensitive information being disseminated by the press and on social media is too great. Accordingly, limiting public access to Class Representatives' depositions encourages full disclosure of all testimony, and protects Class Representatives' privacy and dignity. *Flagg,* 268 F.R.D. at 291. Good cause exists to shield Class Representatives from the annoyance, embarrassment, oppression, and undue burden they would face should their depositions be open to the public. As such, these depositions should be limited to parties and counsel.

## IV.   CONCLUSION

For the foregoing reasons, Class Representatives respectfully request that the

Court limit access to their depositions to parties and counsel.


<u>Dated</u>:          November 5, 2019

                                        Respectfully submitted,


By: */s/ Theodore J. Leopold*          By: */s/ Michael L. Pitt*
Theodore J. Leopold                    Michael L. Pitt
COHEN MILSTEIN SELLERS &               PITT MCGEHEE PALMER &
TOLL PLLC                              RIVERS, P.C.
2925 PGA Boulevard, Suite 220          117 West 4th Street, Suite 200
Palm Beach Gardens, FL 33410           Royal Oak, MI 48067
Telephone: (561) 515-1400              Telephone: (248) 398-9800
tleopold@cohenmilstein.com             mpitt@pittlawpc.com
***INTERIM CO-LEAD COUNSEL***          ***INTERIM CO-LEAD COUNSEL***


By: */s/ Stephen Morrissey*            By: */s/ Paul F. Novak*
Stephen Morrissey                      Paul F. Novak (P39524)
SUSMAN GODFREY, L.L.P.                  WEITZ & LUXENBERG, P.C.
1201 Third Ave., Suite 3800            3011 W. Grand Blvd., Suite 2150
Seattle, WA 98101                      Detroit, MI 48202
Telephone: (206) 516-3880              Telephone: (313) 800-4170
smorrissey@susmangodfrey.com           pnovak@weitzlux.com
***EXECUTIVE COMMITTEE FOR***          ***EXECUTIVE COMMITTEE FOR***
***CLASS PLAINTIFFS***                 ***CLASS PLAINTIFFS***

By: */s/ Peretz Bronstein*
Peretz Bronstein
BRONSTEIN, GEWIRTZ &
GROSSMAN, LLC
60 East 42nd Street, Suite 4600
New York, NY 10165
Telephone: (212) 697-6484
peretz@bgandg.com
***EXECUTIVE COMMITTEE FOR
CLASS PLAINTIFFS***

By: */s/ Esther E. Berezofsky*
Esther E. Berezofsky
MOTLEY RICE LLC
210 Lake Dr. East, Suite 101
Cherry Hill, New Jersey 08002
Telephone: (856) 667-0500
eberezofsky@motleyrice.com
***EXECUTIVE COMMITTEE FOR
CLASS PLAINTIFFS***

By: */s/ Teresa A. Bingman*
Teresa A. Bingman
LAW OFFICES OF TERESA A.
BINGMAN, PLLC
4131 Okemos Road, Suite 12
Okemos, Michigan 48864
Telephone: (877) 957-7077
tbingman@tbingmanlaw.com
***EXECUTIVE COMMITTEE FOR
CLASS PLAINTIFFS***

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on November 5, 2019, I caused **Class Plaintiffs' Motion for Protective Order Limiting Public Access to the Depositions of Class Representatives** to be electronically filed with the Clerk of the Court using the Court's electronic submission system.  Notice of the filing was sent to all parties by operation of the Court's electronic filing system.  I declare the above statement is true and to the best of my knowledge, information and belief.

<u>Dated</u>:          November 5, 2019

/s/ *Esther E. Berezofsky*
Esther E. Berezofsky, Esq.