**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

*In Re* Flint Water Cases.

Case № 5:16-cv-10444-JEL-MKM
**Consolidated**
Hon. Judith E. Levy
Mag. Mona K. Majzoub

_____/

### NON-PARTY KAREGNONDI WATER AUTHORITY'S MOTION FOR COST REIMBURSEMENT FOR DOCUMENTS PRODUCED

Non-party, Karegnondi Water Authority ("KWA"), hereby moves, pursuant to Fed. R. Civ. P. 45, for reimbursement of the costs of locating and producing documents in compliance with a non-party documents only subpoena served upon it by counsel for Class Plaintiffs, Veolia North America entities and McLaren Regional Medical Center ("Issuing Parties")[1] and states as follows:

1.      On or about January 14, 2019, the Issuing Parties served a non-party, documents only subpoena upon the KWA (**Ex. 1**, Subpoena to KWA) pursuant to this Court's Orders.

2.      On January 23, 2019, counsel handling the subpoena for the KWA reached out to one of the Issuing Parties' counsel to discuss the scope of the subpoena and to request an enlargement of the time frame in which the KWA could provide responsive documents, also putting the Issuing Parties on notice that

_____

[1] Counsel for these parties are listed as the "Issuing Attorneys" on page four of the subpoena attached as **Ex. 1**.

the cost to comply would be high and fee shifting and reimbursement would be sought.  (**Ex. 2**, 1/23/19 E-mail Correspondence).

3.      On February 28, 2019, after some negotiation regarding an extension of time, the KWA was not able to obtain  agreement with all of the Issuing Parties such that it served objections to the same (the "Objections") to preserve its rights under Fed. R. Civ. P. 45, specifically including reimbursement of costs.  (**Ex. 3**, 2/28/19 Objections)[2].

4.      After serving the objections, on March 19, 2019, the KWA initiated a telephonic meet and confer to continue to discuss the scope and time frame for KWA's compliance with this subpoena and proposing a three-phase, staggered production based upon the broad scope of the subpoena.  (**Ex. 4**, 3/19/19 E-mail Correspondence).

5.      This plan was generally agreed upon and confirmed by the KWA, with the final phase to be completed by roughly June of 2019.  (**Ex. 5**, 3/19/19 E-mail Correspondence).

6.      On April 17, 2019, in accordance with the plan negotiated by the KWA and the Issuing Parties, the KWA produced Phase I documents, Bates No., "Phase I KWA NonParty SubResponse" 000001 through 001545.  At that time, the

---

[2] The KWA Objections to the non-party subpoena were inadvertently filed with the Court on the same date—See ECF No. 72—but they were also electronically served on the Issuing Parties on the same date.

KWA informed the Issuing Parties that they anticipated the cost of total compliance would be between \$20,000 and \$30,000, reserving its right to reimbursement.  (**Ex. 6**, Phase I Correspondence).[3]

7.      On May 23, 2019, the KWA then produced Phase II documents, Bates No. "Phase II KWA NonParty SubResponse" 000001 through 026971 and reiterated its demand and reservation of its right to be fully reimbursed for the reasonable cost and expense of all phases of the production, indicating that it would provide invoices of those costs upon completion.  (**Ex. 7**, Phase II Correspondence).

8.      Then, on August 15, 2019, the KWA produced the final Phase III documents, Bates No. "KWA_NonParty_SubResponse_" 000001 – 006564. Simultaneously, the KWA provided three invoices to the Issuing Parties, one for each phase of production.  The costs totaled \$22,138.09 for no less than 35,080 pages of documents, and requested reimbursement to avoid having to file this Motion.  (**Ex. 8**, Phase III Correspondence; **Ex. 9**, Invoices for Subpoena Compliance).

---

[3]  Notably, the KWA also made available documents that had already been produced in response to putative Class Plaintiffs' First Request for Production of Documents to Jeffrey Wright, namely, Bates No. WRIGHT – 000001 through WRIGHT 578813 to ensure full compliance—no costs were assessed for this good faith reproduction that included some documents responsive to the subpoena.

1241980 v1

9.    To date, none of the parties have responded in any fashion to the KWA's request for reimbursement.  The KWA now brings this request before the Court pursuant to Fed. R. Civ. P. 45(d)(2), which states:  "[a] party or attorney responsible for issuing a subpoena must take reasonable steps to avoid imposing an undue burden or expense on a person subject to the subpoena[,]".  Further, Fed. R. Civ. P. 45(d)(2)(B)(ii) protects non-parties who object to the subpoena from incurring "significant expense resulting from compliance."

10.    As confirmed by the invoices attached as **Ex. 9**, the KWA has incurred $22,138.09 in expense resulting from its compliance with the Issuing Parties' non-party documents only subpoena.  No reasonable steps were taken by the Issuing Parties to narrow the scope of these demands and, pursuant to Fed. R. Civ. P. 45, the KWA should be fully reimbursed for the expense of doing what the Issuing Parties demanded.

11.    On **<u>October 31, 2019</u>**, counsel for the KWA **sought concurrence** in this Motion, pursuant to E.D. Mich. L.R. 7.1(a), but did not obtain it.

WHEREFORE, Non-Party Karegnondi Water Authority respectfully requests that this Court grants it Motion for Cost Reimbursement for Non-Party

4

Documents Only Subpoena and enter an Order compelling the Issuing Parties reimburse the KWA $22,138.09 for the significant expense incurred in complying with the subpoena.

Respectfully submitted;
s/ Matthew T. Wise
Foley & Mansfield, P.L.L.P.
130 E. Nine Mile Road
Ferndale, MI 48220
(248) 721-4200
mwise@foleymansfield.com
P76794

Dated:  November 15, 2019

1241980 v1

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

*In Re* Flint Water Cases.

Case № 5:16-cv-10444-JEL-MKM
**Consolidated**
Hon. Judith E. Levy
Mag. Mona K. Majzoub

**BRIEF IN SUPPORT OF**
**NON-PARTY KAREGNONDI WATER AUTHORITY'S**
**MOTION FOR COST REIMBURSEMENT FOR**
**DOCUMENTS PRODUCED**

# TABLE OF CONTENTS

CONCISE STATEMENT OF ISSUES PRESENTED ...................................................iii

CONTROLLING/MOST APPROPRIATE AUTHORITIES ......................................iv

STATEMENT OF FACTS ........................................................................................ 1

STANDARD OF REVIEW ...................................................................................... 3

ARGUMENT ........................................................................................................... 5

NON-PARTY KWA IS ENTITLED TO FULL REIMBURSEMENT OF ITS
COSTS INCURRED IN COMPLYING WITH THE ISSUE PARTIES' NON-
PARTY SUBPOENA UNDER FED. R. CIV. P. 45 .................................................. 5

    A.    The KWA Objected to the Anticipated Significant Expense.................... 5

    B.    The KWA Provided Estimate and Accounting of Significant Expense .... 7

    C.    Compliance Was a Significant Expense Incurred by KWA and No
        Reasonable Steps Were Taken to Avoid This by Issuing Parties ............. 8

CONCLUSION ........................................................................................................11

1241980 v1

# INDEX OF AUTHORITIES

## Cases

*Broussard v. Lemons*,
    186 F.R.D. 396, 398 (W.D. La. 1999).............................................................9

*In re First American Corp.*,
    184 F.R.D. 234, 241 (S.D.N.Y. 1998)...........................................................5

*Kean v. Van Dyken*,
    No. 4:05-CV-64; 2006 WL 374502 at *5 (W.D. Mich. Feb. 16, 2006)..........5

*Linder v. Calero-Portocarrero*,
    183 F.R.D. 314, 322-23 (D.D.C. 1998).......................................................10

*N. Am. Rescue Prods.*,
    2009 WL 4110889, at *14 ............................................................................11

*United States v. Columbia Broadcasting Systems, Inc.*,
    666 F.2d 364 (9th Cir.1982) ........................................................................4

## Rules

Fed. R. Civ. P. 42(d)(2)(B) ...............................................................................6

Fed. R. Civ. P. 45(d)(1).................................................................................4, 10

Fed. R. Civ. P. 45(d)(2)..................................................................................9, 10

Fed. R. Civ. P. 45(d)(2)(B)(ii) ........................................................................4, 11

1241980 v1

## <u>CONCISE STATEMENT OF ISSUES PRESENTED</u>

1.      Should the Issuing Parties be required to fully reimburse the expense

incurred by Non-Party KWA in complying with the subpoena issued to it in the

Flint Water Litigation?

> **KWA answers**, **"Yes."**

> **Issuing Parties answer, presumably**, **"No."**

1241980 v1

## **CONTROLLING/MOST APPROPRIATE AUTHORITIES**

Fed. R. Civ. P. 45

*In re Modern Plastics Corporation*, 890 F.3d 244, 252-253 (2018)

*Georgia-Pacific LLC v. American Intern. Specialty Lines Ins. Co.*, 278 F.R.D. 187 (2010)

iv

## **STATEMENT OF FACTS**

The key facts relevant to the disposition of this Motion are largely laid out in the body of the KWA's Motion, and more fully developed here:

On April 17, 2018, the Court entered an Order Regarding Matters Discussed at the April 16, 2018 Status Conference, which included permission for service of "four total proposed documents-only third-party subpoenas…" This Order also stated:

> Costs of these proposed subpoenas will be split evenly, with Interim Co-Lead Class Counsel and Individual Co-Liaison Counsel paying half on one side, and defendants paying half on the other, and the parties on each side determining between themselves how to further apportion the costs of the subpoenas.  (ECF No. 452, Page ID## 14590-14591).

On June 5, 2018, the Court entered an Order Permitting Service of Non-Party Subpoenas relative to specific non-parties identified in the parties' submissions. (ECF No. 502, Page ID# 15807).  This list did not include the KWA.  Also on June 5, 2018, after considering the motions of multiple parties, the Court issued its Further Order Regarding Non-Party Documents-Only Subpoenas.  (ECF No. 501, Page ID## 15802-15806).  This Order required, in part, as follows:

> Agreements to modify the non-party documents-only subpoena, including without limitation to enlarge the time for responding to it, to change the specified place or manner of production of materials requested by it, or to modify the scope or description of the requested materials, **must be unanimous by the signatories of the subpoena**.  If unanimity cannot be achieved with reasonable promptness, any signatory may contact the Case Manager to schedule a telephone hearing to resolve the dispute.  (ECF No. 501, Page ID# 15804).

1

On January 14, 2019, the Issuing Parties served the KWA with a non-party documents-only subpoena relative to the Flint Water Cases.  (**Ex. 1**).  After requesting and extension of time and discussion regarding the scope of the subpoena within the ten-day time frame articulated by that subpoena, the KWA was unable to obtain unanimous agreement from the signatories to the subpoena and thus, filed Objections to the same.  (**Ex. 2**; **Ex. 3**).

On March 19, 2019, after a telephonic meet and confer initiated by the KWA, a three-phase production plan was agreed upon setting the timeframe in which the KWA would produce documents requested by the subpoena.  (**Ex. 4**, **5**). On April 17, 2019, the KWA produced Phase I of its responsive documents, 1,545 pages of documents and estimated that the cost of complying with all three phases of the production would be between $20,000 and $30,000 based upon initial estimates.  (**Ex. 6**).  On May 23, 2019, the KWA produced Phase II of its responsive documents, over 26,000 pages of documents and reiterated its request for reimbursement of its reasonable costs.  (**Ex. 7**).

On June 20, 2019, a day before the Court issued the First Amended Case Management Order (which stated that the "parties may serve subpoenas in accordance with the First Amended Order Regarding Non-Party Documents-Only Subpoenas"), the Court entered its First Amended Order Regarding Non-Party Documents-Only Subpoenas.  (ECF No. 888, Page ID# 23728)  That order "applies

2

to subpoenas issued in the Flint Water Cases to non-parties…to produce documents…but…not…to provide testimony."  (ECF No. 888, Page ID# 23728). That Order stated, with respect to cost allocation, which the Court ordered would apply "retroactively and prospectively to all such discovery costs incurred…":

> Fifty percent of the costs associated with third party discovery shall be borne by plaintiffs and 50% shall of the costs associated with third party discovery shall be borne by defendants.
>
> In addition to payment to the non-party for the cost of responding to the subpoena, each party that receives a copy of the production must promptly reimburse the attorney who provided it for the reasonable actual copying and transmission cost incurred by that attorney in supplying the copy of the production.

(ECF No. 888, Page ID ## 23731, 23735).

On August 15, 2019, the KWA produced Phase III of its subpoena responses, another 6,564 pages of documents.  On the same date, the KWA also made written demand for reimbursement of the $22,138.09 it incurred by in complying with the subpoena and the invoices supporting it.  (**Ex. 8**; **Ex. 9**).  On October 31, 2019, the KWA made a final request for reimbursement of these costs and requested concurrence in the relief sought in this Motion.  To date, the KWA has received no response from any of the Issuing Parties.

## STANDARD OF REVIEW

Fed. R. Civ. P. 45 governs subpoenas issued in federal matters.  Fed. R. Civ. P. 45(d)(1) states as follows:

> **(1)** ***Avoiding Undue Burden or Expense; Sanctions***.  A party or
> attorney responsible for issuing and serving a subpoena must take
> reasonable steps to avoid imposing undue burden or expense on a
> person subject to the subpoena.  The court for the district where
> compliance is required must enforce this duty and impose an
> appropriate sanction—which may include lost earnings and
> reasonable attorney's fees—on a party or attorney who fails to
> comply.

A non-party required to produce documents is protected against significant

expense resulting from involuntary assistance to the court.  The court is not

required to fix costs in advance of production and it may be preferable to leave

uncertain costs to be determined after the materials have been produced, provided

that the risk of uncertainty is fully disclosed to the discovering party.  See, *e.g.,*

*United States v. Columbia Broadcasting Systems, Inc.*, 666 F.2d 364 (9th Cir.1982).

Further, Fed. R. Civ. P. 45(d)(2)(B)(ii) protects non-parties who object to

such a subpoena from incurring "significant expense resulting from compliance."

While, "[p]rotection of a non-party from significant expense does not necessarily

mean that the party issuing the subpoena must bear the entire cost of

compliance[,]", Courts in this jurisdiction have stated as follows:

> However, the Advisory Committee's Notes, commentaries, and the small
> universe of decisions applying the Rule appear to intimate such an
> interpretation.  *In re First American Corp.*, 184 F.R.D. 234, 241
> (S.D.N.Y. 1998).  In fact, the entire tenor of Rule 45 is to prohibit a
> party from shifting its litigation expenses to a non-party.  *Kean v. Van
> Dyken*, No. 4:05-CV-64; 2006 WL 374502 at *5 (W.D. Mich. Feb. 16,
> 2006).

*Georgia-Pacific LLC v. American Intern. Specialty Lines Ins. Co.*, 278 F.R.D. 187, 190 (2010).

## ARGUMENT

### NON-PARTY KWA IS ENTITLED TO FULL REIMBURSEMENT OF ITS COSTS INCURRED IN COMPLYING WITH THE ISSUING PARTIES' NON-PARTY SUBPOENA UNDER FED. R. CIV. P. 45

In complying with the Issuing Parties non-party subpoena, the KWA has produced over 35,000 pages of documents. From the time it was served with the subpoena, it proactively attempted to engage the Issuing Parties in attempting to reduce the scope of the production in an effort to reduce costs and any wasting of resources. While the Issuing Parties responded to KWA's requests for extensions of time in which the phased production would take place, they have never discussed the cost-shifting under Fed. R. Civ. P. 45. This is, despite the fact that the KWA engaged in cooperative efforts, expended significant time and resources, including spending money, to comply with the subpoena. KWA did so without a Court Order after filing protective objections to the subpoena. There is no reason that the KWA should not be reimbursed.

### A.   The KWA Objected to the Anticipated Significant Expense

Despite the KWA's best efforts to negotiate the scope of this subpoena and reduce its necessary cost, the Issuing Parties either did not or could not agree to reduce the subpoena's scope before the KWA was forced to file its Objections on

February 28, 2019 to preserve its rights as to cost shifting.  See Fed. R. Civ. P.

42(d)(2)(B).  KWA's objections included, though were not limited to, the

following here:

> 1.      KWA objects to this subpoena as it fails to allow reasonable time
> to comply with the requested production.  KWA has made multiple
> efforts to negotiate and obtain a reasonable extension for compliance,
> but to date, the Issuing Parties have not consented and/or have failed to
> respond to these requests.  Given the overbroad scope of the subpoena,
> KWA has requested a reasonable initial extension of 120 days, to which
> it has received no response.  KWA complied with the subpoena's terms
> in making this request.

> 2.      KWA objects to this subpoena as it subjects the KWA to undue
> burden.  The document requests are unreasonably overbroad and in
> many respects, would result in duplicative and/or irrelevant production.
> Furthermore, the Issuing Parties' requests span a 10-year time period
> from 2009 to the present.  To search, locate and reconstruct back-up
> drives for this material is and will be extremely burdensome, time-
> consuming, labor intensive and expensive for the KWA.  The Issuing
> Parties have failed, to date, to take any reasonable steps to avoid
> imposing undue burden or expense on KWA in this regard.  KWA has
> communicated with the Issuing Parties in an attempt to resolve these
> issues, to no avail.

(**Ex. 3**).

There can be no question that KWA engaged in good-faith efforts to try and

engage with the Issuing Parties to reduce the scope of this subpoena.  However,

under Rule 45, it filed objections to the subpoena to preserve its ability to seek

reimbursement here.  And, the Issuing Parties were on notice of significant

potential expense from the outset.

### B.    The KWA Provided Estimate and Accounting of Significant Expense

On March 19, 2019, just a few weeks after the KWA filed its objections[4], at the insistence of KWA's counsel, the parties engaged in a telephonic meet and confer to develop a plan for KWA's compliance with the subpoena.  (**Ex.4**, **5**). Thereafter, the KWA kept the Issuing Parties advised of the significant expenses it anticipated it would incur through each step of the compliance process.

In Phase I of its production, the KWA advised that "…the reasonable cost and expense of producing these items and all of the items responsive to the KWA subpoena [is] between $20,000 and $30,000."  While noting that the documents would be produced in the most economical means possible, the KWA reserved its right to be reimbursed under the Federal Rules and this Court's Orders regarding non-party documents-only subpoenas.  (**Ex. 6**).

In Phase II of its production, just over 30-days after Phase I, in producing over 26,000 pages of documents, the KWA stated as follows:

> KWA again reiterates its demand for the full reasonable cost and expense of all phases of production responsive to this non-party, documents-only subpoena.  These documents have been produced in the most economical means possible and KWA will provide invoices relative to the cost and expense of complying with this subpoena,

---

[4] Despite Fed. R. Civ. P. generally putting the onus of forcing compliance on the Issuing Parties after the KWA filed its objections, the KWA continued to proactively engage and attempt to work through these issues.  At no time were the Issuing Parties forced to file a Motion to Compel.

expecting full reimbursement pursuant to the Federal Rules and the
Court's Order Regarding Non-Party Documents-Only Subpoenas.
(**Ex. 7**).

Just as with Phase I, the KWA did not receive any objection or other response
whatsoever relative to its request for reimbursement.

Finally, on August 15, 2019, the KWA completed its production with Phase
III, and again requested that it be fully reimbursed for the significant expense of
compliance with this non-party subpoena.  Moreover, the KWA provided three
invoices relative to these expenses to which it received no objections.  (**Ex. 8**; **Ex.
9**).  In short, the KWA has informed the Issuing Parties throughout the entire
process that it would be incurring significant expense, an estimate for how much
that would be, and ultimately, an exact accounting of these costs.  Yet, the Issuing
Parties would not even discuss these expenses to avoid imposing an undue burden
and expense on the KWA as required under Fed. R. Civ. P. 45.  Accordingly, the
KWA should be reimbursed for these expenses.

### C.   <u>Compliance Was a Significant Expense Incurred by KWA and Issuing Parties Took  No Reasonable Steps to Avoid Them</u>

Finally, as demonstrated by the invoices provided to the Issuing Parties and
now, this Court, the KWA incurred $22,138.09 in costs/expenses in complying
with the non-party subpoena.  (**Ex. 9**).  This is exactly what Fed. R. Civ. P.
45(d)(2), formerly Rule 45(c)(2), is meant to protect non-parties from—
"significant expense resulting from involuntary assistance to the Court."  Fed. R.

Civ. P. 45 (Advisory Committee Notes, 1991 Amendment, Subdivision (c)).

Courts in this jurisdiction have stated as follows:

> Rule 45 reflects a concern to protect recipients of subpoenas from undue
> burden or expense, particularly recipients who are not parties to the
> underlying litigation.  "Courts addressing the issue how the costs of
> subpoena compliance should be allocated have consistently emphasized
> that non-parties who have no interest in the litigation should not be
> required to subsidize the costs of litigation." *Broussard v. Lemons*, 186
> F.R.D. 396, 398 (W.D. La. 1999) (collecting cases).  "Rule 45's
> mandatory cost-shifting provisions promote the most efficient use of
> resources in the discovery process.  When nonparties are forced to pay
> the costs of discovery, the requesting party has no incentive to deter it
> from engaging in fishing expeditions for marginally relevant materials.
> Requesters forced to internalize the cost of discovery will be more
> inclined to make narrowly-tailored requests reflecting a reasonable
> balance between the likely relevance of the evidence that will be
> discovered and the costs of compliance." *Linder v. Calero-*
> *Portocarrero*, 183 F.R.D. 314, 322-23 (D.D.C. 1998).

*In re Modern Plastics Corporation*, 577 B.R. 690, 702-703 (2017).

In *In re Modern Plastics Corporation*, the Court concluded that non-party

subpoenas imposed an undue burden or expense on the recipient there because of

the broad scope of the document requests, "including the many different categories

of documents requested," the expansive definition of "document" that included

"both tangible documents and electronically stored information ("ESI")

"mentioning, referring to or related to Modern Plastics…", and an irrelevant time

period going too far back in time. *Id.* at 703.  The Court ordered that "[a]s a

sanction for failing to abide by the duty in Rule 45(d)(1), and in light of the

requirement in Rule 45(d)(2) to protect Recipients from 'significant expense,'…"

9

that the requesting parties had to pay the "lion's share" of the reasonable costs and expenses of compliance.  *Id.* at 704.

The Sixth Circuit affirmed the imposition of these sanctions and rejected the argument that the non-party be prevented from obtaining its costs where it chose to voluntarily produce document as opposed to forcing needless motion practice.  *Id.* at 703.  The Court reasoned:

> In another case that relied on *Angell*, the district court found that the subpoena recipient could not seek reimbursement under Rule 45(d)(2)(B)(ii) because the non-party "voluntarily complied with the subpoena *without condition its compliance on reimbursement.*"  *N. Am. Rescue Prods.*, 2009 WL 4110889, at *14 (emphasis added).  In contrast the Respondents indicated their intention to seek reimbursement in several ways (objections, email communication, and a proposed protective order).  The bankruptcy court did not err in this case in concluding that neither *Angell* nor *North American Rescue* would preclude reimbursement in this case.

*In re Modern Plastics Corporation*, 890 F.3d 244, 252-253 (2018).

The instant situation is strikingly similar to *In re Modern Plastics*.  First, the rationale for why the Court initially ruled reimbursement appropriate there applies.  The overbroad definitions relative to "all documents and/or communications related to the alleged contamination of Flint's drinking water…"; the time frame sought back to 2009—a time that has no relevance to the issues in suit; and, the extensive number of categories:  Many of the "single" requests had *sixty-three subparts* and, even ignoring that, the subpoena contained *forty-eight* separate requests.  While the KWA tried to parse down to those relevant requests, the nature

10

of these requests is such that the Issuing Parties should have taken the steps required under Fed. R. Civ. P. 45 after being put on notice multiple times, to prevent the KWA from incurring significant expense relative to its compliance with their subpoena.  They did not.

## **CONCLUSION**

Based upon the foregoing, the KWA requests reimbursement of **$22,138.09** for its significant expense and cost in complying with the Issuing Parties' non-party, documents only subpoena.

Respectfully submitted;
s/ Matthew T. Wise
Foley & Mansfield, P.L.L.P.
130 E. Nine Mile Road
Ferndale, MI 48220
(248) 721-4200
mwise@foleymansfield.com

Dated:  November 15, 2019                P76794

# CERTIFICATE OF SERVICE

I hereby certify that on **November 15, 2019** I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the attorneys and/or parties on record.

*s/ Shannon K. Breznai*

Shannon K. Breznai

1241980 v1