UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

In re FLINT WATER CASES

Civil Action No. 5:16-cv-10444-JEL-MKM (consolidated)

Hon. Judith E. Levy
Mag. Mona K. Majzoub

_____

## CONFIDENTIALITY ORDER

WHEREAS parties to one or more of these federal Flint Water Cases may seek discovery or disclosure of documents, information, or other materials that contain non-public, confidential, competitively sensitive, or proprietary information (hereinafter called "Confidential Material") of other parties or of non-parties;

WHEREAS a confidentiality order should be entered at this time to limit appropriately the use and disclosure that may be made of such Confidential Material;

WHEREAS the following provisions will appropriately balance the need for protection of Confidential Material with the public interest in access to information relevant to litigation arising out of alleged contamination of the City of Flint municipal water supply that began in 2014; and

1

WHEREAS the Court has found based on the parties' submissions and its own experience to date with the federal Flint Water cases, in accordance with Fed. R. Civ. P. 26(c) and E.D. Mich. L.R. 26.4, that there is good cause for entry of a confidentiality order in the form proposed to protect the parties' legitimate privacy and confidentiality interests as well as, potentially, those of non-parties, and also to simplify and expedite proceedings in this complex litigation, it is hereby ORDERED as follows:

1.    Limitation on Use of Protected Material.

All documents, other materials, and information that are produced in response to discovery requests served in any of the federal Flint Water Cases, or in response to court orders entered in any of the federal Flint Water Cases, or in any of the federal Flint Water Cases pursuant to any disclosure provision in the Federal Rules of Civil Procedure or the Local Rules of this Court, or by stipulation in any of the federal Flint Water Cases, and which is designated in accordance with this Order as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" (hereinafter called "Protected Material") shall be used solely for the prosecution or defense of the federal Flint Water Cases, or for the prosecution or defense of Flint Water Cases pending in the Genesee County Circuit Court and consolidated for pretrial handling under that court's Docket No. 17-1086646-NO or in the Michigan Court of Claims (hereinafter called the "State Flint Water Cases"), except to the

2

extent the document, other material, or information already is or later becomes publicly available without any intentional or unintentional violation of this Order having contributed to its public availability. No party or non-party bound by this Order may designate documents, other materials, and information as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" unless the party or non-party in good faith believes the document, other material, or information satisfies the requirements for those designations that are described in ¶¶ 5, 6, or 7 of this Order.

    2.    <u>Purpose of the Order.</u>

To preserve the legitimate privacy and confidentiality interests of parties and non-parties who produce Protected Material, this Order establishes procedures for disclosing Protected Material to parties in federal Flint Water Cases and to certain other persons to whom disclosure may be necessary for proper and efficient prosecution or defense of federal Flint Water Cases; imposes obligations on such persons as are appropriate to protect the Protected Material from use or disclosure for purposes other than prosecution or defense of these federal Flint Water Cases or of State Flint Water Cases; and prescribes a procedure by which persons who in good faith believe specific Protected Materials do not deserve the protection or level of protection they are designated to receive may challenge such designations.

3.     <u>Materials Covered.</u>

This Order applies to all Confidential Material that is produced in response to discovery requests served in any of the federal Flint Water Cases, or in response to court orders entered in any of the federal Flint Water Cases, or in any of the federal Flint Water Cases pursuant to any disclosure provision in the Federal Rules of Civil Procedure or the Local Rules of this Court, or by stipulation in any of the federal Flint Water Cases.  It applies to such Confidential Material whether the Confidential Material is a document, a deposition or other out-of-court testimony, a multimedia audio/visual file such as a voice or video recording, a discovery response, or electronically stored information (hereinafter called "ESI"); and it shall apply not only to the document, transcript, multimedia audio/visual file, discovery response, or ESI that is actually produced, but also to the information in it.

4.     <u>Persons Bound.</u>

This Order is binding on all parties to federal Flint Water Cases as well as their respective attorneys, agents, representatives, officers, and employees and others identified elsewhere in this Order.  It is also binding on non-parties to the action to the extent such non-parties are made subject to the Order by ¶¶ 8(c)(ii) or 23 or have executed a written agreement to be bound substantially in the form attached to this Order as Exhibit A or Exhibit B.  Nothing in this Order shall limit

the use or disclosure of Protected Material by the party or other person who produces it, but disclosure by that party or other person of Protected Material in a way that causes it to become public will cause it to lose its protection under this Order. "Person," as used in this Order, means not only natural persons but also all business entities, government entities, and institutions and associations of all kinds. As used in this Order, "producing party" means any party or other person that designates Protected Material pursuant to this Order.

5.    Requirements for Designation as "Confidential."

The designation "Confidential" shall be used only with respect to Confidential Material that the producing party believes, in good faith: (a) contains private, non-public, confidential, competitively-sensitive, or proprietary information that is not readily ascertainable through lawful means by the public, (b) that if disclosed publicly would likely cause oppression, competitive disadvantage, infringement of privacy rights established by statute or regulation, or infringement of confidentiality requirements established by statute or regulation with respect to government purchasing or other operations, or (c) that if used for purposes other than those authorized by this Order could cause oppression or competitive disadvantage.

6.    <u>Requirements for Designation as "Highly Confidential – Attorneys' Eyes Only."</u>

The designation "Highly Confidential – Attorneys' Eyes Only" shall be used only with respect to Confidential Material that meets the requirements of ¶ 5 of this Order and, in addition, is highly sensitive proprietary information for which, in practical terms, there is substantial reason to believe the protections prescribed by this Order for Protected Material designated only "Confidential" will be inadequate to prevent use of the Protected Material for commercial purposes not permitted by this Order.  For illustrative purposes only, and without intending or attempting to be comprehensive, such material might include current financial or business planning information; recent, current, and projected future financial performance data; recent and current customer lists; recent, current, and future marketing plans; planning information for future products and services; and projected future business development plans and strategies.

7.    <u>Parties' Designation of Protected Material Produced by Others.</u>

Any party may designate "Confidential" or "Highly Confidential – Attorneys' Eyes Only" Confidential Material produced by another party or by a non-party if the Confidential Material (a) originated from the designating party or was generated on behalf of the designating party, or (b) contains Confidential Material of the designating party, and (c) meets the requirements of ¶¶ 5 or 6.  In the event a party makes such a designation, the designating party shall be deemed

6

the producing party for purposes of this Order. Failure to designate Confidential Material produced by another party or a non-party pursuant to this paragraph at or before the time such Confidential Material is produced shall not constitute a waiver of the designating party's right to make such a designation at a later time, so long as the designation is made at the earliest practical time.

8. <u>Manner of Designating Protected Material.</u>

Confidential Material may be designated "Confidential" or "Highly Confidential – Attorneys' Eyes Only" in the following ways:

(a) A producing party may designate documents that are produced in hard copy or in electronic copies by marking the first page and each subsequent page that contains Confidential Material with, as appropriate, the legend "Confidential" or "Highly Confidential – Attorneys' Eyes Only." The appropriate designation shall, to the extent practical, be placed on the document so as not to obscure any information contained in the document and close to any Bates number assigned to the document by the producing party. Pages of a document that do not meet the standards of ¶¶ 5 or 6 of this Order, except for the first page of the document, shall not be marked as described in this paragraph.

(b) A producing party may designate written discovery responses or written disclosures that are made pursuant to court order or provisions of the Federal Rules of Civil Procedure or this Court's local rules by marking the first

page and each subsequent page that contains Confidential Material with, as appropriate, the legend "Confidential" or "Highly Confidential – Attorneys' Eyes Only."   Unless it is impractical to do so, specific responses or disclosures containing Confidential Material shall be separated from responses that contain only non-confidential material and shall be collected in a separate addendum to the set of responses or disclosure, so that to the extent possible responses or disclosures that do not deserve the protection of this Order may be freely and easily used and disclosed.  When a single page marked "Confidential" or "Highly Confidential – Attorneys' Eyes Only" contains responses that satisfy the requirements for one of those designations but also responses that do not satisfy those requirements, the non-confidential responses shall be conspicuously identified as non-confidential.

(c) (i) In the case of depositions, counsel for a producing party may designate testimony as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" by identifying it as such on the record at or about the time the testimony is given.  With respect to deposition exhibits, counsel for a producing party may designate such exhibits, or portions of them, as "Confidential" or "Highly Confidential – Attorneys Eyes' Only" by identifying them as such on the record at or before the conclusion of the deposition, *provided, however*, that no such

designation need be made with respect to exhibits that have previously been marked in a manner to make them Protected Material.

(ii)     In the case of depositions, a non-party witness who is not an employee of a party, or the witness's attorney, may designate testimony or exhibits as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" in the same manner described in subparagraph (c)(i).  But in all cases where such designation is made by a non-party witness or the witness's attorney, both the witness and his or her attorney shall be deemed to have accepted, by making the designation, all obligations created by this Order.

(iii)    If no testimony is designated "Confidential" or "Highly Confidential – Attorneys' Eyes Only" at a deposition, the deposition testimony and the transcript of it shall be presumed not to be Protected Material unless, at or before the close of the day's testimony, a producing party's attorney of record states on the record, consistent with Fed. R. Civ. P. 11, the party's or the attorney's good faith belief that testimony given at the deposition is likely to be protectable as "Confidential" matter, "Highly Confidential – Attorneys' Eyes Only" matter, or both in accordance with the standards of ¶¶ 5 and 6 of this Order.  If such an on-the-record-statement is made, all of the deposition testimony and the entire transcript shall be accorded the highest level of protection identified by such attorney for a period of fifteen (15) calendar days after the final transcript (that is

to say, not a draft transcript) is received by or becomes available to attorneys who made or joined in the statement.  If, before expiration of such 15-day period, any attorneys who made or joined in the statement notify counsel of record for all other parties to the actions in which the deposition was taken of the pages and lines of deposition testimony that are "Confidential" or "Highly Confidential – Attorneys' Eyes Only," then those pages and lines, but no other pages and lines, shall remain subject to the protection of this Order after the 15-day period has ended.

(iv)   All transcripts of depositions at which testimony has been designated in accordance with subparagraph (c)(i) or (c)(ii) as   "Confidential"   or "Highly Confidential – Attorneys' Eyes Only" shall be marked by the court reporter on the cover page with one or both of those designations and each page on which testimony appears that was identified as protectable at the deposition shall likewise be marked with one or both of those designations; but in making use of the deposition testimony and transcript the persons bound by this Order shall be limited in their use only of the testimony and portions of the transcript that was identified as protectable at the deposition.

(v)   All transcripts of depositions at which the statement described in subparagraph (c)(iii) was made shall be marked by the court reporter on the cover page with one or both of those designations.  In the event no written designation of specific protectable testimony is provided in accordance with

subparagraph (c)(iii), persons bound by this Order may obliterate the designations placed on the cover page.  In the event a written designation of specific protectable testimony is provided in accordance with subparagraph (c)(iii), all persons bound by this Order shall treat those pages and lines as required by this Order for Protected Material.

(vi)   Deposition exhibits designated "Confidential" or "Highly Confidential – Attorneys' Eyes Only" shall be marked as provided in ¶ 8(a).

(vii)   If testimony taken at an audiovisually-recorded deposition is designated "Confidential" or "Highly Confidential – Attorneys' Eyes Only," the videocassette, other videotape container, or disk on which the deposition was recorded shall be marked by affixing a label to it with the appropriate  designation.

(d)     To the extent protectable information is produced in a form rendering it impractical to label (including electronically stored information produced on electronic, magnetic, or other computer-readable media), the producing party may designate such information "Confidential" or "Highly Confidential – Attorneys' Eyes Only" by cover letter or by affixing to the media containing the protectable information a label containing the appropriate legend.  If a person bound by this Order reduces computerized information that has been so designated to hard-copy form, that person shall mark the hard-copy form in the manner described in ¶ 8(a). Whenever any "Confidential" or "Highly Confidential – Attorneys' Eyes Only"

computerized material is copied into another form, the person copying the material shall also mark those forms in the manner described in this ¶ 8.

(e)     To the extent any person bound by this Order other than the producing party creates, develops, or otherwise establishes on any digital or analog machine-readable device, recording media, computers, discs, networks or tapes, or maintains for review on any electronic system material that contains information designated "Confidential" or "Highly Confidential – Attorneys' Eyes Only" that person or its counsel shall take all necessary measures to assure that access to the electronic system and media containing such information is restricted to those persons who, by the terms of this Order, are permitted to have access to it.

(f)     Documents, materials, and other information that are made available for inspection only shall be treated as "Highly Confidential – Attorneys' Eyes Only" during the inspection.  To the extent copies of any such materials are later provided to parties or to non-parties bound by this Order, however, the copies provided shall be marked in accordance with ¶¶ 8(a)-(d) of this Order and shall thereafter be accorded only such protection as provided by this Order for Protected Materials so marked.

9.     <u>Filing Protected Material.</u>

(a)     In connection with any court filing in which a party intends to reveal or submit Protected Material, the filing party shall initially file a redacted version

12

omitting the Protected Material, and shall serve both the redacted and an unredacted copy of the filing (hereinafter called "unredacted filing") on counsel of record for all parties and the Court.  If the court filing includes Protected Material designated by a non-party pursuant to this Order, the filing party will also serve on that non-party a copy of the filing with that non-party's Protected Material unredacted.  Notwithstanding the above, if the producing party is also the filing party, it may elect to not file the designated material redacted or under seal.

(b)     Upon service of such unredacted filing, the producing party shall have fourteen (14) days to file a further motion to seal the Protected Material contained in the unredacted filing, identifying (in a manner that does not disclose the substance of the Protected Material) the specific pages, lines, words, and content of such filing that such party contends meet the standard for sealing from public view under applicable law.  The motion shall be submitted to the Court via email or hard copy and served on counsel of record for all parties.  The parties will have seven (7) days from the date the sealing motion is served to file a response.  The response shall be submitted to the Court via email or hard copy and served on counsel of record for all parties.  In the event no such motion to seal is filed, the original filing party shall re-file the complete, unredacted motion in the public record.

(c)     If a producing party does file a motion to seal all of the Protected Material in the unredacted filing, then no public filing of the Protected Material will be made unless ordered by the Court.

(d)     If the producing party files a motion seeking to seal some, but not all, of the Protected Material in the unredacted filing, then the producing party shall be responsible for promptly providing the filing party with a version of the original filing in PDF format redacted so as to omit only the Protected Material that is the subject of its motion to seal, and the original filing party will file a "Modified Redacted Version" of the original redacted filing.

(e)     If the Court grants some, but not all, of the relief requested by producing party in its motion to seal, then the producing party shall be responsible for promptly providing an "Amended Redacted Version" of the redacted filing or the Modified Redacted Version in Adobe PDF format reflecting the Court's ruling, for filing by the original filing party.

10.     <u>Filing of Protected Material Under Seal.</u>

(a)     This Order does not itself authorize the filing of any documents under seal. Documents may be sealed only if authorized by a separate order of the Court. A party seeking to file under seal any paper or other matter must file and serve a motion that sets forth: (i) the authority for sealing; (ii) an identification and description of each item proposed for sealing; (iii) the reason that sealing each item

is necessary; (iv) the reason that a means other than sealing is not available or unsatisfactory to preserve the interest advanced by the movant in support of the seal; and (v) a memorandum of legal authority supporting the seal. *See* E.D. Mich. L.R. 5.3. The movant shall not file or otherwise tender to the Clerk any item proposed for sealing unless the Court has granted the motion. If a motion to seal is granted, the documents to be filed under seal shall, if possible, be filed electronically by the movant.

  11. <u>Use of Protected Material.</u>

  (a) Protected Material may only be used for the purpose of prosecuting or defending the federal Flint Water Cases and the State Flint Water Cases.  It may not be used for any business, competitive, personal, private, or political purpose. Protected Material may not be sold or offered for sale.  Protected Material may not be used for marketing, promotional, or advertising purposes.

  (b) Notwithstanding the foregoing, nothing in this Order limits the use a producing party may make of its own Confidential Material.  A producing party's use of its Confidential Material in a way that causes it to become public, however, shall constitute a waiver of any earlier designation that party made of the Confidential Material as "Confidential" or "Highly Confidential – Attorneys' Eyes Only."

(c)     Subject to the provisions of ¶ 11(d) of this Order, nothing in this Order limits the use any party may make of Protected Material at trial or at any evidentiary hearing in a federal Flint Water Case or in a State Flint Water Case. The protection, if any, to be accorded to evidence offered at trial or at an evidentiary hearing and to counsels' and witnesses' references to such evidence at trials and evidentiary hearings shall be determined by the judicial officer presiding over the trial or evidentiary hearing.

(d)     Any party who intends to disclose Protected Material at a public court proceeding shall make its best efforts to inform the Court and the producing party at least five (5) business days in advance of the anticipated disclosure date of the intended disclosure, but in any event shall provide sufficient advance notice to the Court and to the producing party to permit the Court to decide, before any disclosure has been made, what, if any, orders it should enter to protect the Protected Material from inappropriate use or disclosure.

(e)     A producing party may designate portions of transcripts of trials and evidentiary hearings as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" by providing written notice to counsel of record for all parties of the designation and of the pages and lines subject to the designation.  Such written notice must be provided no later than fifteen (15) calendar days after the final

transcript (that is to say, not a draft transcript) has been completed by the court reporter or other transcriptionist.

(f) Nothing in this Order is intended to prevent counsel for any party from rendering advice to his or her client with respect to the federal Flint Water Cases or the State Flint Water Cases or, in rendering such advice, from relying upon his or her examination and understanding of Protected Material; but in rendering such advice, counsel shall not disclose Protected Material to any person to whom disclosure is not permitted by this Order.

12. <u>Disclosure of Confidential Information.</u>

(a) Counsel of record for all parties and for non-parties bound by this Order are responsible for taking reasonable measures consistent with this Order to control access to and distribution of Protected Material designated "Confidential" that they receive.

(b) Access to Protected Material designated "Confidential" shall be limited to:

(i) This Court, the Genesee County Circuit Court, and the Michigan Court of Claims, clerks and other personnel of this Court, the Genesee County Circuit Court, and the Michigan Court of Claims, jurors, alternate jurors, and persons engaged in recording, taking, or transcribing proceedings at

depositions, trials, and hearings in a federal Flint Water Case or a State Flint Water Case.

(ii)    Appellate courts handling appeals from orders or judgments entered in federal Flint Water Case or State Flint Water cases, clerks and other personnel of such appellate courts, and persons engaged in recording, taking,    or transcribing proceedings in such appeals.

(iii)    Mediators and settlement masters appointed by the Court or retained by parties to federal Flint Water Cases or State Flint Water Cases, except that if a party is not participating in the mediation or other settlement proceedings being conducted by the mediator or other settlement master, Protected Material designated by that party may not be disclosed to the mediator or other settlement master unless and until the mediator or other settlement master has executed a written agreement in the form attached to this Order as Exhibit A.

(iv)    Subject to ¶ 12(c), counsel of record for parties in the federal Flint Water Cases and State Flint Water Cases, as well as members of such counsel-of-record's firms, associates at such firms, and paralegals, investigative employees, technical employees, and secretarial and clerical employees of those firms who are assisting counsel of record with a federal Flint Water Case or State Flint Water Case and who have a need for access to Protected Materials to provide such assistance adequately.

(v)     Subject to ¶ 12(c), attorneys employed in parties' in-house legal departments, as well as paralegals, investigative employees, technical employees, and secretarial and clerical employees of those parties who are assisting in-house counsel with a federal Flint Water Case or State Flint Water Case and who have a need for access to Protected Materials to provide such assistance adequately.

(vi)     Subject to ¶ 12(c), insurers who may be liable to satisfy all or part of a possible judgment against a defendant in a federal Flint Water Case or a State Flint Water Case or to indemnify or reimburse for payments made to satisfy such a judgment, as well as counsel for any such defendant and any such insurer as may be actually engaged in addressing coverage issues related to Flint Water Cases and who have a need for access to Protected Materials to provide their professional services adequately.

(vii)     Subject to ¶ 12(c), photocopying, document storage, data processing, document review, graphic production, jury research or trial management firms retained by parties or their counsel of record to assist them with federal Flint Water Cases or State Flint Water Cases and who have a need for access to Protected Materials to provide such assistance adequately.

(viii)  Subject to ¶ 12(c), contract attorneys and paralegals retained by parties' counsel of record to assist them with federal Flint Water Cases or State

Flint Water Cases and who have a need for access to Protected Materials to provide such assistance adequately.

(ix)    Subject to ¶ 12(c), experts, consultants, and expert consulting firms retained by counsel of record in connection with a federal Flint Water  Case or State Flint Water Case to the extent reasonably necessary to enable the expert, consultant, or expert consulting firm to advise counsel of record with respect to federal Flint Water Cases or State Flint Water Cases, to prepare one or more written reports as required by Fed. R. Civ. P. 26(a), or to testify orally or in writing in a federal Flint Water Case or State Flint Water Case.  Disclosures authorized under this subparagraph, however, shall be made only to the individual expert or consultant retained by the party or to such members, partners, independent contractors, other support personnel, or employees of the individual expert's or consultant's consulting firm who have a need for access to Protected Materials to perform the engagement adequately (hereinafter called "Expert Personnel").  The individual expert or consultant retained by the party or Expert Personnel may use Protected Material solely in connection with their work on federal Flint Water Cases or State Flint Water Cases.  The individual expert or consultant and all Expert Personnel must, before receiving Protected Material,  execute  a  Written Assurance in the form attached to this Order as Exhibit A.  Expert Personnel may not include any person who, since January 1, 2017, has been an officer, director, or

employee of any party in a federal Flint Water Case or in a State Flint Water Case other than of the party who retains the expert, consultant, or consulting firm.

(x)    In addition to employees in a party's in-house legal department, current employees of the party who have personal knowledge with respect to the information contained in the Protected Material and: (i) with respect to the Veolia, LAN, and Rowe Parties and Plaintiffs, no more than three officers, directors, or employees who are charged with responsibility for making    decisions    dealing directly with the party's prosecution, defense, or resolution of federal Flint Water Cases or State Flint Water Cases; and (ii) with respect to the Government Parties, officers, elected officials, or employees who are charged with responsibility for making decisions dealing directly with the party's prosecution, defense, or resolution of federal Flint Water Cases or State Flint Water Cases; provided that the requirements of ¶ 14(a) of this Order are satisfied.

(xi)    Parties who are natural persons, provided that the requirements of ¶ 14(a) of this Order are satisfied.

(xii)   Any person who authored or is identified as a former recipient of the particular Protected Material; or is or formerly was a custodian of the particular Protected Material; or is a current employee of the party or non-party who designated the particular Protected Material for protection; or is a witness testifying at a deposition, or at trial, or at an evidentiary hearing to whom

21

disclosure is reasonably necessary for proper prosecution or defense of a federal Flint Water Case or of a State Flint Water Case and whom counsel who makes the disclosure has a reasonable and good faith belief already is aware of the specific information contained in the Protected Material.

(xiii) Any other person to whom the producing party agrees in writing or on the record in advance of the disclosure, or whom the Court explicitly directs, may have access to the Protected Material.

(c)    Some parties to State Flint Water Cases may be bound by this Order if they are also parties to one or more federal Flint Water Cases.  To the extent parties to State Flint Water Cases are not bound by this Order, they may have access to Protected Material only after executing the written agreement attached hereto as Exhibit A.  Persons described in ¶ 12(b)(iv), (v), (vi), (vii), (viii), or (ix) may have access to Protected Material only by executing the written agreement attached hereto as Exhibit A, unless they are already bound by this Order by virtue of being employed by, retained by, or an insurer for a party to at least one federal Flint Water Case.

13.    <u>Disclosure of Highly Confidential – Attorneys' Eyes Only Material.</u>

(a)    Counsel of record for all parties and for non-parties bound by this Order are responsible for taking reasonable measures consistent with this Order to

control access to and distribution of Protected Material designated "Highly Confidential – Attorneys' Eyes Only" that they receive.

(b) Access to Protected Material designated "Highly Confidential – Attorneys' Eyes Only" shall be limited to:

(i) The persons identified in ¶ 12(b)(i)-(iv) and (vi)-(x), subject to ¶ 12(c).

(ii) In-house attorneys employed in the legal departments of parties, but only to the extent such in-house attorneys have a need to know the "Highly Confidential – Attorneys' Eyes Only" material.

(iii) Any person who authored or is identified as a former recipient of the particular Protected Material; or is or formerly was a custodian of the particular Protected Material; or is a current employee of the party or non-party who designated the particular Protected Material for protection; or is a witness testifying at deposition, or at trial, or at an evidentiary hearing to whom disclosure is reasonably necessary for proper prosecution or defense of a federal Flint Water Case or of a State Flint Water Case and whom counsel who makes the disclosure has a reasonable and good faith belief already is aware of the specific information contained in the Protected Material.

(iv)   Any other person to whom the producing party agrees in writing or on the record in advance of the disclosure, or whom the Court explicitly directs, may have access to the Protected Material.

14.   <u>Notification of Confidentiality Order.</u>

(a)   Subject to the exceptions in ¶ 14(b), counsel of record for the parties shall be responsible for obtaining, before disclosing Protected Material, the written agreement to be bound by this Order of the person to whom the disclosure is to be made.  The written agreement shall be in the form annexed hereto as Exhibit A. The originals of all written agreements obtained by counsel of record for a party shall be kept by that attorney until final resolution of the federal Flint Water Cases and the State Flint Water Cases, whereupon copies shall be provided to counsel of record who request them; but the Court may order earlier disclosure of one or more such written agreements upon motion of any party supported by a showing of good cause for the earlier disclosure.

(b)   The provisions of ¶ 14(a) do not apply to disclosures made to this Court, the Genesee County Circuit Court, the Michigan Court of Claims, clerks and other personnel of this Court, the Genesee County Circuit Court, or the Michigan Court of Claims, jurors, alternate jurors, persons engaged in recording, taking, or transcribing proceedings at depositions, trials, and hearings in a federal Flint Water Case or a State Flint Water Case, appellate courts handling appeals

from orders or judgments entered in federal Flint Water Cases or State Flint Water Cases, clerks and other personnel of such appellate courts, or persons engaged in recording, taking, or transcribing proceedings in such appeals. The provisions of ¶ 14(a) do not apply to disclosures to testifying non-party witnesses who are not retained experts or consultants except to the extent provided in ¶ 14(c).

(c)     Before Protected Material is disclosed to a non-party witness (who is not a retained expert or consultant) at a deposition, trial, or evidentiary hearing, the witness shall be shown a copy of this Order and asked to sign the written agreement of which a copy is annexed hereto as Exhibit A. If the witness signs the agreement, the original signed agreement shall be marked as an exhibit to his or her testimony, a copy of the signed agreement shall be provided to the witness at or before the end of the testimony, and the witness shall be bound by this Order. If the witness refuses to sign the agreement, his or her testimony shall proceed unless the Court orders upon motion of any interested party that it not be taken or that it be taken only with respect to matter that is not Protected Material. In the event the testimony of a witness who refuses to sign the agreement of which a copy is annexed hereto as Exhibit A, no copies of Protected Material that are marked as exhibits to the testimony or shown to the witness in connection with his or her testimony shall be provided to or shown to the witness outside the courtroom or deposition room.

25

15.   <u>Challenges to Designations of Protected Material.</u>

(a)   A party need not challenge the appropriateness of a "Confidential" or "Highly Confidential – Attorneys' Eyes Only" designation at the time the designation is made, and failure to do so does not prevent a later challenge to the appropriateness of the designation.   Any challenge must be made, however, no later than the deadline for completion of fact discovery in the action in which the designation was made or sixty (60) days after the designation was made, whichever is later.

(b)   A party who objects to a designation of Protected Material made pursuant to this Order shall give written notice of its objections via e-mail to counsel of record for all parties and to any non-party who made such designation. The notice shall identify the challenged Protected Material by Bates number on an item-by-item basis unless the Protected Material cannot reasonably be identified in that fashion, except that if a party challenges a mass designation or extensive designations of substantially identical types of Protected Material the notice may describe with reasonable specificity the items being challenged and identify their Bates numbers by range.   The notice shall include in concise but meaningful language the factual basis on which the challenge to each item is based.   The interested parties and non-parties bound by this Order thereafter shall confer in a good faith attempt to resolve the objections by agreement to the extent they are

26

able to do so.  If the objection is not completely resolved within fourteen (14) days of transmission of the notice, the party challenging the designation may file with the Court, using the "Notice-Other" designation in ECF, a "Notice of Objection to Designation of Protected Material" which shall identify all Protected Materials that remain in dispute in the same manner as they were identified in the original notice and which shall indicate the degree of protection, if any, that each item should continue to receive; the designating party or non-party bound by this Order may within twelve (12) days thereafter file a memorandum in support of the designation it contends is appropriate; and the party challenging the designation may file a response within seven (7) days thereafter.  Once a Notice of Objection to Designation of Protected Material has been filed, the party or non-party that made the designation shall bear the burden of showing good cause for the designation it advocates.  If no memorandum is filed by the designating party or non-party supporting its designation, the Protected Material will be redesignated in the manner suggested in the Notice of Objection to Designation of Protected Material. If the designating party or non-party agrees to change the designation of any challenged Protected Material, that party or non-party shall send written notice of the change to counsel of record for all other parties.

(c)    All Protected Materials shall continue to be treated according to their designation unless and until the Court orders otherwise or the designating party or non-party notifies all other parties that it has agreed to change the designation.

16.    <u>No Waiver of Objections.</u>

Nothing in this order shall affect the right, if any, of a party or non-party to assert any objection to any discovery request or to any questions or proceedings at a deposition, trial, or evidentiary hearing; but no party or non-party shall be deemed to have waived an objection based on confidentiality to any discovery request or deposition question or proceeding if, in that person's judgment, the protection afforded by this Order adequately addresses the person's confidentiality concern.  Nothing in this Order shall diminish the right of any party or non-party to withhold Protected Material on the basis of any legally cognizable privilege, or Fed. R. Div. P. 26(b)(3) or 26(b)(4), or the work product immunity.

17.    <u>Disposition of Protected Material.</u>

(a)    Subject to the provisions of ¶ 17(b) and (c), within sixty (60) days after final disposition of the last remaining federal Flint Water Case and the last remaining State Flint Water Case, including disposition of any appeal and subsequent remand, all parties and non-parties bound by this Order shall return to counsel of record for the respective producing parties or non-parties all Protected

Material and all copies of such Protected Material, including among others all copies that were provided to experts and consultants for the returning party.

(b)    In lieu of returning Protected Material and copies thereof in accordance with ¶ 17(a), any party or non-party bound by this Order may destroy and certify in writing that it has destroyed such materials.

(c)    Notwithstanding the provisions of ¶ 17(a), parties to the federal Flint Water Cases and the State Flint Water Cases, as well as their counsel of record and their insurers, may retain copies of filings that were made in federal Flint Water Cases and State Flint Water Cases as well as correspondence and memoranda among themselves related to those cases; but any Protected Material contained in such documents must continue to be treated in accordance with this Order so long as it is neither returned nor destroyed.

18.    <u>Correction of Designations and Clawback of Protected Material.</u>

(a)    A party who fails to designate Confidential Material as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" at the time it produces it may correct its designation at a later time consistent with this paragraph, except that no such correction may be made with respect to items that have already been filed, or included in filings, in the public docket in any federal Flint Water Case or State Flint Water Case.

(b)     Any correction shall be made by means of a written notice of the correction or, if made orally, shall be confirmed in writing within three (3) days thereafter.  The notice of correction shall be sent to counsel of record for all parties and shall be accompanied by substitute copies of each item, marked in accordance with ¶ 8 of this Order, as to which a new designation of "Confidential" or "Highly Confidential – Attorneys' Eyes Only" is being made. Any party receiving such a notice may, within fifteen (15) days after having received the notice, object to the late designation by sending written notice of its objection via e-mail to counsel of record for all other parties, stating in concise but meaningful fashion the basis for the objection.

(c)     If no timely objection is interposed, all parties shall destroy or return to counsel of record for the producing party all previously received copies of the newly designated Protected Material, including copies that were supplied to experts and consultants retained by that party; except that no party is required to destroy or return transcripts or audiovisual recordings of depositions or other testimony.

(d)     If an objection has been interposed in accordance with ¶ 18(b), the interested parties thereafter shall confer in a good faith attempt to resolve the objections by agreement to the extent they are able to do so.  If the objection is not completely resolved, the producing party may file within fourteen (14) days of

transmission of the written notice of objection a motion seeking to designate the items in accordance with its written notice of correction and parties opposing the late designation may file memoranda in opposition to the motion within twelve (12) days after it is filed.  The party proposing the late designation shall bear the burden of establishing good cause for its allowance.  Once a motion has been filed in accordance with this ¶ 18(d), items subject to the motion shall be treated as if they were Protected Material bearing the proposed designation until such time as the Court has ruled otherwise.

(e)   The obligation to treat late-designated Protected Material in accordance with this Order is prospective only.  Persons who reviewed late-designated Protected Material before the late designation became effective in accordance with this ¶ 18 shall, after receiving notice of the late designation, abide by the provisions of this Order in all future use and disclosures of the Protected Material.

19.   <u>Responsibilities with Respect to Improperly Disclosed Protected Material.</u>

If a party, a party's counsel of record, or any other person bound by this Order discovers that he or she, or someone for whose conduct he or she is responsible, has disclosed Protected Material to a person who is not authorized under this Order to receive it, the party, counsel, or other person bound by this Order shall promptly notify counsel of record for the producing party of the

unauthorized disclosure and shall promptly take all reasonable steps to retrieve the improperly disclosed Protected Material and to restore to it the protection contemplated by this Order. Nothing in this Order is intended to limit the right of any party or person to seek additional relief, if appropriate, against persons responsible for any improper disclosure.

20.    Non-Application to Information from Other Sources.

(a)    Nothing in this Order limits use or disclosure of documents, material, or information that are publicly available, except that if Protected Material becomes publicly available because of a violation of this Order the party or other person bound this Order who is responsible for the violation shall be subject to such sanctions for the violation as all interested parties may agree or the Court may determine are appropriate in the circumstances.

(b)    Nothing in this Order limits use or disclosure of Confidential Material that a party or other person obtained from a person who is not bound by this Order and whom the party or other person obtaining it reasonably believed at the time was lawfully in possession of it.

21.    Compliance Not an Admission.

Compliance with this Order is not an admission by any party or non-party that any particular document, other material, or information is or is not confidential, except that a party or non-party who designates a document, other

material or information "Confidential" or "Highly Confidential – Attorneys' Eyes Only" by such designation admits it meets the standards for such designation described in this Order.  Compliance with this Order is not an admission by any party or non-party that any particular, document, other material, or information is or is not privileged, except that a party or non-party who asserts any privilege with respect to a document, other material, or information by such assertion admits that it is privileged.  Compliance with this Order is not an admission by any party or non-party that any particular document, other material, or information is or is not discoverable or that any particular document, other material, or information is or is not admissible in evidence.

22.  <u>Non-Parties' Discovery Requests for Protected Material.</u>

If any party receives a subpoena, other formal discovery request, or investigative demand, except for one issued in a federal Flint Water Case or State Flint Water Case, that seeks Protected Material designated as such by someone else, the party must promptly inform the issuer of the subpoena, other discovery request, or investigative demand about this Order, provide the issuer with a copy of this Order, and notify counsel of record for all parties to the federal Flint Water Cases of the subpoena, other discovery request, or investigative demand.  The notice to counsel of record for all parties shall be provided as soon as reasonably possible and, in any event, far enough in advance of the date specified in the

subpoena, other discovery request, or investigative demand for disclosure of the Protected Material to permit other interested parties a reasonable opportunity to file such motions and take such other steps as they may deem appropriate to prevent or limit disclosure of the Protected Material before the disclosure occurs; and the party who received the subpoena, other discovery request, or investigative demand shall provide reasonable cooperation to the other interested parties in their efforts to prevent or limit such disclosure. *Provided, however,* that nothing in this Order requires any party or other person to violate any legal obligations created by any subpoena, other discovery request, or investigative demand.

23. <u>Protection of Non-Parties.</u>

Persons who are not party to any federal Flint Water Case or State Flint Water Case may obtain the protection of this Order for Confidential Material they provide in response to discovery proceedings in any such Flint Water Case. Such persons may obtain the protection of this Order by executing a written agreement in the form attached to this Order as Exhibit B and by complying with the requirements of this Order for the designation, use, and disclosure of Protected Material.

24. <u>Persons Bound and Continued Effectiveness.</u>

This Order binds all parties to federal Flint Water Cases, their counsel of record, and other persons to the extent described in the order. It shall remain in

effect until modified or terminated by further Court order. Nothing in this Order is to the prejudice of the right of any party or other person to move this Court for relief from any of its provisions, or to modify it (including *without limitation* to modify it to provide greater, lesser, or different protection for particular Confidential Material or to prevent disclosures to particular people), and nothing is to the prejudice of the right of any party or other person to move for additional protective orders. The provisions of this Order remain effective after final disposition of the federal Flint Water Cases and the State Flint Water Cases. This Court retains jurisdiction after final disposition of the federal Flint Water Cases for the purpose of enforcing this Order.

25. <u>Application to New Plaintiffs and Defendants.</u>

(a) When counsel of record for a plaintiff in an existing federal Flint Water Case commences suit on behalf of a new plaintiff in a federal Flint Water Case, the new plaintiff shall file at the same time as the complaint a notice either that the new plaintiff agrees to be bound by this Confidentiality Order (or by such amended Confidentiality Order as may be effective on the date the plaintiff's complaint is filed) or that the new plaintiff does not agree to be so bound. A copy of the notice shall be served along with the summons and complaint. Any plaintiff who files such a notice agreeing to be bound shall from that date forward be bound by and have the benefits of this Order.

(b)    If a plaintiff who is not represented by counsel of record for an existing plaintiff in a federal Flint Water Case files an action in this Court arising out of alleged contamination of the City of Flint municipal water supply, that plaintiff and that plaintiff's counsel shall be bound by this Order unless, within fourteen (14) calendar days after filing the complaint or such longer time as the Court may allow, that plaintiff moves for relief from the order.  Neither that plaintiff nor its counsel shall be entitled to receive any Protected Material until that plaintiff has either obtained relief from this Order by the Court or has filed its assent to be bound by this Order (or by such amended Confidentiality Order as may be effective on the date the plaintiff files its assent).

(c)    Subject to ¶ 25(d), any person who is not already a party to a federal Flint Water Case but who in the future becomes a defendant may file at the time of its first appearance a notice either agreeing to be bound by this Order or not agreeing to be bound by it.  Any defendant who files such a notice agreeing to be bound shall from that date forward be bound by and have the benefits of this Order.  Any new defendant who does not agree to be bound by this Order, and that defendant's counsel, shall be bound by this Order unless, within fourteen (14) calendar days after first appearing or such longer time as the Court may allow, that defendant moves for relief from the order.  Neither that defendant nor its counsel shall be entitled to receive any Protected Material until that defendant has either

obtained relief from this Order by the Court or has filed its assent to be bound by this Order (or by such amended Confidentiality Order as may be effective on the date the defendant files its assent).

(d)    No filing required by ¶ 25(c) shall constitute a waiver of any defendant's defense based on lack of personal jurisdiction, lack of subject matter jurisdiction, or immunity.

26.    <u>Non-Waiver.</u>

Nothing in this Order shall be construed as a determination by the Court, or as an admission by any party or non-party, that any parent or affiliate of a party is subject to personal jurisdiction in the Eastern District of Michigan or that it is subject to service of process or to discovery pursuant to the Federal Rules of Civil Procedure.  Assent to or compliance with this Order does not constitute a waiver any defense, of any immunity, or of any claim.

IT IS SO ORDERED.

Dated: December 19, 2017                    s/Judith E. Levy
      Ann Arbor, Michigan                    JUDITH E. LEVY
                                     United States District Judge

## EXHIBIT A

On behalf of _____ [NAME OF ORGANIZATION], I, _____ [NAME OF INDIVIDUAL] certify (i) that I understand that documents, other materials, and information containing Confidential or Highly Confidential matter is being provided or otherwise disclosed to me pursuant to the terms and restrictions of the Confidentiality Order entered in *In re Flint Water Cases*, Civil Action No. 16-cv-10444-JEL-MKM, pending in the United States District Court for the Eastern District of Michigan; (ii) that I have received and reviewed a copy of that Confidentiality Order; (iii) that I agree to be bound by the restrictions in that Confidentiality Order on the use and disclosure that may be made of Protected Material to which the order applies and by the provisions in that order regarding the return of Protected Material to which the order applies; and (iv) that I agree to be subject to the jurisdiction of the United States District Court for the Eastern District of Michigan for the limited purpose of enforcing that Confidentiality Order and the agreements in this Exhibit A.  I understand that a violation of the Confidentiality Order may be punishable as a contempt of court.

Dated: _____

Signature: _____

Printed Name: _____

Address: _____

_____

Telephone: _____

E-Mail: _____

## EXHIBIT B

On behalf of _____ [NAME OF ORGANIZATION], I, _____ [NAME OF INDIVIDUAL] certify (i) that certain documents, other materials, and information containing Confidential or Highly Confidential matter is being provided or otherwise disclosed by me or by the organization I represent in response to a subpoena or other discovery requests by a party to *In re Flint Water Cases*, Civil Action No. 16-cv-10444-JEL-MKM, pending in the United States District Court for the Eastern District of Michigan; (ii) that I have received and reviewed a copy of the Confidentiality Order that has been entered in that litigation; (iii) that I wish to obtain the protection of that order for confidential material I or my organization are disclosing; (iv) that in return for obtaining such protection I agree on my own behalf and on behalf of the above-named organization to be bound by the provisions of that Confidentiality Order insofar as they apply to non-parties to the litigation; and (v) that I agree to be subject to the jurisdiction of the United States District Court for the Eastern District of Michigan for the limited purpose of enforcing that Confidentiality Order and the agreements in this Exhibit B.  I understand that a violation of the Confidentiality Order may be punishable as a contempt of court.

Dated:    _____

Signature:    _____

Printed Name:    _____

Address:    _____

_____

Telephone:    _____

E-Mail:    _____