# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

*In re* Flint Water Cases.

Judith E. Levy
United States District Judge

_____/

This Order Relates To:

ALL CASES

_____/

## ORDER REGARDING MATTERS DISCUSSED AT THE DECEMBER 10, 2019 STATUS CONFERENCE

The Court held a status conference regarding its pending Flint water litigation on December 10, 2019. The Court now orders as follows:

### I. *In re* Flint Water Cases Discovery

During the status conference, several Defendants raised concerns with the current allocation of time during certain depositions. As an interim measure, the Court allotted one additional hour during depositions to both Plaintiffs and Defendants.[1] Parties must meet and

---

[1] The Second Amended Case Management Order (CMO) currently allots 12 hours to the Defendants when deposing a Plaintiff. (ECF No. 998, PageID.25945–PageID.25946.) This timing will be increased to 13 hours. When deposing Defendants, the CMO allots 6 hours to Defendants and 8 hours to Plaintiffs—this is now increased

confer to propose a new procedure to allocate deposition timing in instances where parties think they need more time than is currently allocated. If the parties reach an impasse, the party requesting more time must file a motion by December 23, 2019. Responses will be due on December 30, 2019, and this Court will issue a decision before January 6, 2020.

The Court will hold a discovery telephone conference call on Wednesday, December 18, 2019 at 2:00pm. To request that a discovery issue be added to the agenda, parties must follow the discovery dispute protocol outlined in the Second Amended Case Management Order. (ECF No. 998, PageID.25963–PageID.25965.)

## II. Individual Flint Water Cases

The Court will issue an order to show cause in all individual Flint Water Cases as to why certain Defendants should not be dismissed.[2]

---

to 7 and 9 hours respectively. When deposing Non-Parties, the CMO allocates 6 hours for Plaintiffs and 6 for Defendants, which is now increased to 7 hours per side.

[2] Only *Marble v. Snyder*, 17-cv-12942, and *Brown v. Snyder*, 18-cv-10726 are excused from this requirement. In its order following the August 7, 2019 status conference, the Court exempted these cases from the application of the ruling in *Walters v. Flint*, 17-cv-10164, and *Sirls v. Michigan*, 17-cv-10342. (ECF No. 918, PageID.24165.) The Court stated that its decision in *Walters* and *Sirls* applied to "all individual Flint Cases." (*Id.*) The Court is currently considering motions to dismiss in *Marble* and *Brown*.

These Defendants are: Jeff Wright,[3] Daniel Wyant,[4] Dayne Walling,[5] Nick Lyon,[6] Edward Kurtz,[7] Liane Shekter Smith,[8] Nancy Peeler,[9] Robert Scott,[10] and Eden Wells.[11] Agreeing to dismiss certain Defendants will not waive Plaintiffs' right to appeal this Court's earlier decisions as to that Defendant. Plaintiffs in these cases will have until January 8, 2020 to respond to the order to show cause. Defendants may file a reply, if needed, no later than January 29, 2020.

### III. Motions to Dismiss in *Alexander v. Flint* and *Chapman v. Snyder*

---

[3] Wright was dismissed as a Defendant in *Carthan v. Snyder*, 384 F. Supp. 3d 802, 860 (E.D. Mich. 2019) and again in *Walters v. Flint*, No. 17-10164, 2019 WL 3530874, at *39 (E.D. Mich. Aug. 2, 2019).

[4] Wyant was dismissed as a Defendant in *Carthan*, 384 F. Supp. at 859 and again in *Walters*, 2019 WL 3530874, at *16.

[5] Walling was dismissed as a Defendant in *Carthan*, 384 F. Supp. at 860 and again in *Walters*, 2019 WL 3530874, at *39.

[6] Lyon was dismissed as a Defendant in *Walters*, 2019 WL 3530874, at *35.

[7] Kurtz was dismissed as a Defendant in *Carthan*, 384 F. Supp. at 860, and was not named as a Defendant in *Walters*, 2019 WL 3530874, at *3 n.5.

[8] Shekter Smith is still a Defendant in *Carthan*, 384 F. Supp. at 859, but was dismissed in *Walters* on statute of limitations grounds. *Walters*, 2019 WL 3530874, at *11–*13.

[9] Peeler was dismissed in *Carthan*, 384 F. Supp. at 858, and was not named as a Defendant in *Walters*, 2019 WL 3530874, at *2 n.4.

[10] Scott was not named as a Defendant in *Walters*, 2019 WL 3530874, at *2 n.4.

[11] Wells was not named as a Defendant in *Walters*, 2019 WL 3530874, at *2 n.4.

The Court heard oral argument on the pending motions to dismiss in *Chapman v. Snyder* (Case No. 18-cv-10679, ECF No. 49, 50, 51) and *Alexander v. Flint*. (Case No. 16-cv-13421, ECF No. 150.) Plaintiffs' counsel in *Chapman* did not appear at this status conference. However, the Court was informed by Defendants' counsel that the parties reached an agreement on their pending motions to dismiss, and so the parties are instructed to file any necessary documents by Friday, December 13, 2019. Any additional motions to dismiss in this case must be filed by January 10, 2020.

In *Alexander*, the Court heard argument on both VNA Defendants' motion to dismiss (Case No. 16-cv-13421, ECF No. 150) and *Alexander* Plaintiffs' motion to amend their complaint. (Case No. 16-cv-13421, ECF No. 156.) For the reasons set forth on the record, VNA Defendants' motion to dismiss is granted. As for Plaintiffs' motion to amend their complaint, it was improperly filed without a proposed amended pleading as required by Local Rule 15.1. Regardless, Plaintiffs' motion to amend is denied. At the hearing, Plaintiffs' counsel stated that he did not know whether an amendment would fix the deficiency identified by VNA Defendants in their motion to dismiss. Furthermore, the same fraud and reliance issue

4

was addressed in *Carthan* where the Court indicated that its ruling "does not foreclose a fraud claim against Veolia by other plaintiffs. However, those plaintiffs *must* plead the necessary elements of their fraud claim with particularity, including their reliance on Veolia's allegedly fraudulent statements." *Carthan v. Snyder*, 329 F. Supp. 3d 369, 420 (E.D. Mich. 2018) (emphasis in the original). Despite this warning, Plaintiffs amended their complaint on November 6, 2018 (Case No. 16-cv-13421, ECF No. 122), and did not include allegations showing that any of the Plaintiffs actually relied on statements made by VNA Defendants. For these reasons as well as those set forth on the record, Plaintiffs' motion is denied.

## IV. Bellwether Selection

At the November 2019 status conference, the Court appointed a committee of lawyers to develop a proposal for the second bellwether pool selection process. The committee requested and the Court granted extra time to prepare this proposal. The new deadline is January 15, 2020, and no further extensions will be granted.

## V. Scheduling of Next Status Conference

The next status conference will be held on Wednesday, January 22, 2020 at 2:00pm in Ann Arbor, Michigan. Parties are to file proposed agenda items in Case No. 16-cv-10444 by January 8, 2020. Individual liaison counsel should collect proposed agenda items from all counsel representing individual plaintiffs and submit those proposed items as a single filing. The Court will issue an agenda by January 15, 2020.

IT IS SO ORDERED.

Dated: December 12, 2019  
Ann Arbor, Michigan

s/Judith E. Levy  
JUDITH E. LEVY  
United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on December 12, 2019.

s/William Barkholz  
WILLIAM BARKHOLZ  
Case Manager