## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | |
|---|---|
| IN RE FLINT WATER CASES | No. 5:16-cv-10444-JEL-MKM (consolidated) Hon. Judith E. Levy |

## MOTION TO INCREASE THE TIME ALLOTTED TO THE ENGINEERING DEFENDANTS WHEN DEPOSING NON-PARTIES AND STATE AND CITY ACTORS

Defendants Veolia North America, LLC, Veolia North America, Inc., and Veolia Water North America Operating Services, LLC ("the VNA Defendants") respectfully request that this Court increase the time allotted to the Defendants when deposing Non-Parties and State and City actors.  The Second Amended Case Management Order currently allots Defendants in the aggregate six hours of time when deposing other Defendants or Non-Parties.  The Court has since increased this time to seven hours on an interim basis.  But because this time must be shared among all Defendants, the VNA Defendants are left with approximately 70 minutes of time to inquire of each witness.  This is inadequate considering that Defendants are not aligned and the VNA Defendants must further split their limited time between defending themselves and establishing the negligence of the truly culpable parties and non-parties at fault.

The differences in how Defendants utilize the time that they are allocated reveal that Defendants are not truly aligned.  For example, the State of Michigan is using the time allocated to it as a Defendant in this action to bolster its *parens patriae* action against the VNA Defendants.  Thus, the State of Michigan is consuming defense-allocated time but is essentially serving in a plaintiff's role.  The Hospital Defendants are using their allotted time to focus exclusively on legionella.  This leaves the VNA Defendants along with the other Engineering Defendants to address questions regarding lead and other topics.

In addition, the VNA Defendants must use their limited time not only to defend themselves against Plaintiffs (and the State of Michigan), but also to establish the negligence of the parties and non-parties at fault. These objectives simply cannot be accomplished with seventy minutes per witness.

As will be discussed below, the VNA Defendants propose increasing the deposition timing to allow for 8 hours of questioning by the Defendants for any depositions of Defendants or Non-Parties and re-allocating the time used by the State of Michigan to the Plaintiffs. The VNA Defendants further propose that on a case-by-case basis, the parties be permitted a third day of testimony with certain deponents. Pursuant to Local Rule 7.1(a), counsel for all parties entitled to be heard on this motion met and conferred regarding the nature of this motion and its legal basis.  The VNA Defendants requested, but did not obtain, concurrence in the relief

sought from all parties with respect to reallocation of deposition timing or a potential

third day of testimony.

                                        Respectfully submitted,

**CAMPBELL, CONROY & O'NEIL**          **BUSH SEYFERTH**
**P.C.**                               **PLLC**

By: /s/ *James M. Campbell*           By: By: /s/ *Michael R. Williams*
James M. Campbell                      Cheryl A. Bush (P37031)
Alaina N. Devine                       Michael R. Williams (P79827)
One Constitution Wharf, Suite 310      100 W. Big Beaver Road, Suite 400
Boston, MA 02129                       Troy, MI 48084
(617) 241-3000                         (248) 822-7800
jmcampbell@campbell-trial-lawyers.com  bush@bsplaw.com
adevine@campbell-trial-lawyers.com     williams@bsplaw.com

*Attorneys for Veolia North America, LLC, Veolia North America, Inc., and*
*Veolia Water North America Operating Services, LLC*

Dated:  December 23, 2019

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

IN RE FLINT WATER CASES

No. 5:16-cv-10444-JEL-MKM
(consolidated)
Hon. Judith E. Levy

## BRIEF IN SUPPORT OF MOTION TO INCREASE TIME

## STATEMENT OF ISSUES PRESENTED

1.    Should the Court increase the time allocated to the VNA Defendants when deposing Non-Parties and State and City actors because the current time allocation is insufficient for the VNA Defendants to both defend themselves and establish the negligence of named parties and non-parties at fault?

> **VNA Defendants answer:** "Yes."

> **Plaintiff's Answer:** "No."

## ARGUMENT

Now that depositions of city and state officials who either are defendants or have been identified as non-parties at fault have been underway for some time, it has become clear that the amount of deposition time allocated to the VNA Defendants and the other Defendants is inadequate. The Second Amended Case Management Order allots all defendants in the aggregate only six hours per deposition, which the Court has since increased to seven hours. Because the VNA Defendants must divide that time with (i) the State Defendants, (ii) the City Defendants; (iii) the Hospital Defendants; (iv) the MDEQ Defendants; and (v) the other Engineering Defendants, the VNA Defendants have been limited to only 16⅔% of the seven-hour allotment, which amounts to seventy minutes per deposition.

Given the complexity of the case, it has been questionable from the outset whether sixty and now seventy minutes is an adequate amount of time for deposing city and state officials. But circumstances have changed in a way that makes it beyond question that limiting the VNA Defendants to seventy minutes in which to depose some of the most critical figures in the Flint Water Crisis would hamstring their defense and prejudice their right to a fair trial.[1]

---

[1] The VNA Defendants have not found the amount of time available for deposing plaintiffs to be insufficient, and for that reason they are not seeking to increase the amount of time for plaintiff depositions.

First, the State Defendants have made clear that they are appearing and using the depositions solely to bolster the State's state-court *parens patriae* case against the engineering defendants.  They are in no way acting as defendants in these depositions and therefore having their time come out of the seven hours afforded to all defendants is neither consistent with their actual role nor fair to the VNA Defendants and the other Defendants.

Second, given the prospect of a settlement with all State and City Defendants, the Plaintiffs have recently altered course and generally (albeit not always) have been using the bulk of their deposition time not to establish the fault of governmental actors, but instead to attempt to shift blame to the Engineering Defendants.  Seventy minutes is not adequate when the parties who would otherwise be expected to carry the water on the fault of the government actors decline to do so.

The VNA Defendants accordingly request, first, increasing the deposition timing to allow for 8 hours of questioning by the Defendants for any depositions of Defendants or Non-Parties. Second, the VNA Defendants request that the Court realign the parties so that the State Defendants are treated as Plaintiffs and must share time with the other Plaintiffs.  That would have the effect of increasing the time available to the VNA Defendants by 14 minutes (and the three sets of Engineering Defendants collectively by 42 minutes).  Accordingly, the VNA Defendants further request that on a case-by-case basis, the Court increase the total

2

amount of deposition by adding a third day of testimony to be divided amongst the requesting parties.[2]

Both fairness to the parties and the interests of justice strongly support the requested relief. As Judge Berg recently explained, "[b]ecause 'mutual knowledge of all the relevant facts gathered by both parties is essential to proper litigation,' the discovery rules 'are to be accorded a broad and liberal treatment.'" *Hoban v. Sprague*, 2019 WL 3219709, at *1 (E.D. Mich. July 17, 2019) (quoting *Hickman v. Taylor*, 329 U.S. 495, 507 (1947)). "Depositions," in particular, "can be extremely important to the discovery of relevant facts and the acquisition of key admissions from parties or witnesses." *DeepGulf, Inc. v. Moszkowski*, 330 F.R.D. 600, 605 (N.D. Fla. 2019). And so, "[t]he right to take depositions is a 'broad' one because depositions are such an important tool of discovery." *Credit Lyonnais, S.A. v. SGC Int'l, Inc.*, 160 F.3d 428, 429 (8th Cir. 1998).

Part of the right to take depositions is the right to take adequate depositions. Thus, while by default depositions last up to "one day of 7 hours," a "court must allow additional time . . . if needed to fairly examine the deponent." Fed. R. Civ. P.

---

[2] At a minimum, the VNA Defendants and McLaren will be making such a request for the deposition of Michael Glasgow, which is now expected to go forward January 28-29, 2020. Mr. Glasgow's counsel objects to this request for a third day of testimony. The VNA Defendants request that the Court review these case-by-case requests through the Telephone Discovery Conferences in advance of the depositions.

30(d)(1). Courts frequently conclude that more time is needed for a deposition when multiple parties need to examine the deponent. *See* Committee Notes to 2000 Amendment of Fed. R. Civ. P. 30(d)(1) ("In multi-party cases, the need for each party to examine the witness may warrant additional time . . . ."); *see, e.g.*, *Whitesell Corp. v. Electrolux Home Prods., Inc.*, 2019 WL 3554625, at *2 (S.D. Ga. Aug. 5, 2019) (expanding a deposition because "there are two Defendants against whom [the deponent] has offered opinions, each of whom will require its own independent inquiry"); *Baker & Taylor, Inc. v. Coll. Book Rental Co.*, 2014 WL 2931057, at *3 (W.D.N.C. June 27, 2014) (expanding a deposition and remarking that "Defendant then effectively . . . notes that the drafters of the current Rule 30(d) envisioned the need for additional time under certain circumstances, for example in multi-party cases") (internal punctuation and quotation marks omitted); *Mahe v. Cont'l Tire Americas, LLC*, 2012 WL 13014611, at *3 (C.D. Cal. Mar. 28, 2012) (allowing additional deposition time for one defendant because the other defendant's "counsel used the bulk of the seven-hour time limit for its examination of Plaintiff, leaving limited time for it to conduct its examination"); *Marshall v. GE Marshall, Inc.*, 2012 WL 405714, at *1 (N.D. Ind. Feb. 8, 2012) ("Taking into consideration the number of claims, parties, and documents, it is reasonable for the defendants to need additional time to take the plaintiff's deposition. Each defendant is entitled to depose the plaintiff on each of the claims and the numerous documents."); *Saeed v. Count*

4

*of Nassau*, 2011 WL 6945755, at *2 (E.D.N.Y. May 23, 2011) ("Further, the Court is cognizant of the fact that in this action, numerous Defendants were assigned wrongdoing by the Plaintiff which also factors into the Court's decision [to expand the deposition]."); *Maybury v. Wayside Body Shop, Inc.*, 2008 WL 11352592, at *1 (S.D. Ohio Dec. 22, 2008) (sustaining a party's "Motion to Compel [a deponent] to Submit to Deposition for Longer than Seven Hours" because he was "an essential witness . . . on different facts and a different legal theory" in two different parts of the case); *McBride v. Medicalodges, Inc.*, 2008 WL 1774674, at *2 (D. Kan. Apr. 16, 2008) (expanding a deposition because plaintiffs "correctly point out that, had their cases not been consolidated, each plaintiff would presumably have been able to depose Ms. Melvin–Duryee for seven hours"); *Carmody v. Vill. of Rockville Ctr.*, 2007 WL 2177064, at *2 (E.D.N.Y. July 27, 2007) ("Where, as here, the action involves multiple parties, 'the need for each party to examine the witness may warrant additional time, although duplicative questioning is discouraged.") (internal quotation omitted); *New Colt Holding Corp. v. RJG Holdings of Fla., Inc.*, 2003 WL 22326978, at *1 (D. Conn. Mar. 27, 2003) (expanding a deposition because "[t]he interests of two defendants involved in the deposition are not necessarily consistent, and Rule 30 concedes that extensions may be appropriate in multiparty cases," including here, because "[i]t is not apparent . . . [that one party] has been afforded the opportunity for a fair examination of the deponent as required by Rule 30(b)(2)").

This case is at least as complex as any of the other cases in which courts have expanded the amount of deposition time and the stakes are at least as high. Moreover, the added time will be employed efficiently to ask the critical questions that the VNA Defendants need to properly defend themselves and will not be used to harass the deponents.

## CONCLUSION

The Court should (i) realign the parties so that the State Defendants are treated as plaintiffs for purposes of allocating deposition time; (ii) increase to eight hours the amount of time allotted to the Defendants for deposing other Defendants and Non-Parties; (iii) allow for a case-by-case request to increase deposition timing to a third day of testimony for the VNA Defendants and other requesting parties.

Respectfully submitted,

**CAMPBELL, CONROY & O'NEIL P.C.**

By: /s/ *James M. Campbell*
James M. Campbell
Alaina M. Devine
One Constitution Wharf, Suite 310
Boston, MA 02129
(617) 241-3000
jmcampbell@campbell-trial-lawyers.com
adevine@campbell-trial-lawyers.com

**BUSH SEYFERTH PLLC**

By: /s/ *Cheryl A. Bush*
Cheryl A. Bush (P37031)
Michael R. Williams (P79827)
100 W. Big Beaver Road, Suite 400
Troy, MI 48084
(248) 822-7800
bush@bsplaw.com
williams@bsplaw.com

*Attorneys for Veolia North America, LLC, Veolia North America, Inc., and Veolia Water North America Operating Services, LLC*

Dated:  December 23, 2019

## CERTIFICATE OF SERVICE

I hereby certify that on December 23, 2019, I electronically filed the foregoing document with the Clerk of the Court using the ECF System, which will send notification to the ECF counsel of record.

Respectfully submitted,

**CAMPBELL, CONROY & O'NEIL P.C.**

By: /s/ *James M. Campbell*
James M. Campbell
Alaina N. Devine
One Constitution Wharf, Suite 310
Boston, MA 02129
(617) 241-3000
jmcampbell@campbell-trial-lawyers.com
adevine@campbell-trial-lawyers.com

**BUSH SEYFERTH PLLC**

By: /s/ *Cheryl A. Bush*
Cheryl A. Bush (P37031)
Michael R. Williams (P79827)
100 W. Big Beaver Road, Suite 400
Troy, MI 48084
(248) 822-7800
bush@bsplaw.com
williams@bsplaw.com

*Attorneys for Veolia North America, LLC, Veolia North America, Inc., and Veolia Water North America Operating Services, LLC*

Dated:  December 23, 2019

1

## CERTIFICATE OF SERVICE

I hereby certify that on December 23, 2019, I electronically filed the foregoing document with the Clerk of the Court using the ECF System, which will send notification to the ECF counsel of record.

By:    /s/ *James M. Campbell*

James M. Campbell
jmcampbell@campbell-trial-lawyers.com