# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| *In re Flint Water Cases* | Case no. 5:16-cv-10444-JEL-MKM (Consolidated) |
| | Hon. Judith E. Levy |
| | Mag. Mona K. Majzoub |
| | **ORAL ARGUMENT REQUESTED** |

# CLASS PLAINTIFFS' MOTION AND BRIEF TO AMEND THE SECOND CASE MANAGEMENT ORDER

1

## <u>MOTION TO AMEND THE SECOND CASE MANAGEMENT ORDER</u>

Pursuant to Fed. R. Civ. P. 16(b)(4), and for the reasons set forth in the accompanying brief, Class Plaintiffs respectfully move the Court to amend the Second Case Management Order (Doc. No. 998) to extend the class certification briefing schedule by three months.


<u>Dated</u>:  December 23, 2019

Respectfully submitted,


By: *<u>/s/ Theodore J. Leopold</u>*
Theodore J. Leopold
COHEN MILSTEIN SELLERS &
TOLL PLLC
2925 PGA Boulevard, Suite 220
Palm Beach Gardens, FL 33410
Telephone: (561) 515-1400
tleopold@cohenmilstein.com
***INTERIM CO-LEAD COUNSEL***

By: *<u>/s/ Michael L. Pitt</u>*
Michael L. Pitt
PITT MCGEHEE PALMER &
RIVERS, P.C.
117 West 4th Street, Suite 200
Royal Oak, MI 48067
Telephone: (248) 398-9800
mpitt@pittlawpc.com
***INTERIM CO-LEAD COUNSEL***


By: *<u>/s/ Stephen Morrissey</u>*
Stephen Morrissey
SUSMAN GODFREY, L.L.P.
1201 Third Ave., Suite 3800
Seattle, WA 98101
Telephone: (206) 516-3880
smorrissey@susmangodfrey.com
***EXECUTIVE COMMITTEE FOR
CLASS PLAINTIFFS***

By: *<u>/s/ Paul F. Novak</u>*
Paul F. Novak (P39524)
WEITZ & LUXENBERG, P.C.
3011 W. Grand Blvd., Suite 2150
Detroit, MI 48202
Telephone: (313) 800-4170
pnovak@weitzlux.com
***EXECUTIVE COMMITTEE FOR
CLASS PLAINTIFFS***

By: */s/ Peretz Bronstein*
Peretz Bronstein
BRONSTEIN, GEWIRTZ &
GROSSMAN, LLC
60 East 42nd Street, Suite 4600
New York, NY 10165
Telephone: (212) 697-6484
peretz@bgandg.com
***EXECUTIVE COMMITTEE FOR
CLASS PLAINTIFFS***

By: */s/ Esther E. Berezofsky*
Esther E. Berezofsky
MOTLEY RICE LLC
210 Lake Dr. East, Suite 101
Cherry Hill, New Jersey 08002
Telephone: (856) 667-0500
eberezofsky@motleyrice.com
***EXECUTIVE COMMITTEE FOR
CLASS PLAINTIFFS***

By: */s/ Teresa A. Bingman*
Teresa A. Bingman
LAW OFFICES OF TERESA A.
BINGMAN, PLLC
4131 Okemos Road, Suite 12
Okemos, Michigan 48864
Telephone: (877) 957-7077
tbingman@tbingmanlaw.com
***EXECUTIVE COMMITTEE FOR
CLASS PLAINTIFFS***

## <u>BRIEF IN SUPPORT OF CLASS PLAINTIFFS' MOTION TO AMEND<br>THE SECOND CASE MANAGEMENT ORDER</u>

Pursuant to Fed. R. Civ. P. 16(b)(4), Class Plaintiffs respectfully move the Court to amend the Second Case Management Order (Doc. No. 998) to extend the class certification briefing schedule by three months.  This motion is necessitated because, notwithstanding the telephonic conferences during which counsel for Class Plaintiffs explained the nature and legal basis of the request for an extension of time for class certification discovery and briefing,  counsel for  Defendants Veolia North America, LLC, Veolia North America, Inc., and Veolia Water North America Operating Services, LLC ("VNA" or "Veolia") and Lockwood, Andrews & Newnam, Inc., Lockwood, Andrews & Newnam, PC, and Leo A. Daly Company ("LAN/LAD") (collectively "Opposing Defendants") have refused consent.

## I.   <u>Proposed Amendments to the Second Case Management Order.</u>

The Second Case Management Order provides that "a motion for class certification and supporting Federal Rule of Civil Procedure 26(a)(2) expert reports and disclosures shall be filed" on or before March 2, 2020.  Docket No. 998 at 56. The Order further provides that "any opposition and supporting Rule 26(a)(2) expert reports and disclosures shall be filed" within three months from the filing of the motion for class certification (i.e. on or before June 2, 2020) and that "a reply in support of class certification shall be filed" within two months from the filing of any opposition (i.e. on or before Monday August 3, 2020).  *Id.*  Finally, the Order

provides that "defendants shall notify the Court if an evidentiary hearing is requested within two weeks from the filing of the reply" (i.e. on or before August 17, 2020). *Id.*

Class Plaintiffs seek a three-month extension of these deadlines, as follows:

| Event | Current Deadline | Proposed Deadline |
|---|---|---|
| Class Cert. Motion & Expert Reports | March 2, 2020 | June 2, 2020 |
| Class Cert. Responses | June 2, 2020 | September 2, 2020 |
| Class Cert. Reply | August 3, 2020 | November 2, 2020 |
| Defs. to Request Class Cert Evidentiary Hearing | August 17, 2020 | November 16, 2020 |

For the reasons articulated below, good cause exists to grant Class Plaintiffs' request.

## II.   <u>Legal Standard</u>

The Court may modify a scheduling order "for good cause." Fed. R. Civ. P. 16(b)(4). "The primary measure of Rule 16's good cause standard is the moving party's diligence in attempting to meet the case management order's requirements." *Inge v. Rock Fin. Group*, 281 F.3d. 613, 625 (6th Cir. 2002) (District court's denial of leave to amend based on Rule 16(b) was an abuse of discretion where plaintiff acted diligently to amend her complaint). "Another relevant consideration is possible prejudice to the party opposing the modification." *Inge*, 281 F.3d at 625; *see also Boykin v. Comerica Mgmt. Co.*, No. CIV A 09-CV-10234-AA, 2009 WL 2222899, at *2 (E.D. Mich. July 22, 2009)

2

(Granting plaintiffs' request for an extension of discovery and other deadlines).

## III.   **Good Cause Exists to Amend the Second Case Management Order.**

Here, good cause exists to amend the Second Case Management Order to extend the class certification briefing schedule.  To date, Class Plaintiffs have diligently met the Second Case Management Order's requirements.  Class Plaintiffs timely issued interrogatories, requests for documents and tangible things, and requests for admission to Defendants and timely responded to Defendants' discovery requests.  Class Plaintiffs have vigorously pursued discovery, serving deposition notices even before Defendants substantially produced documents responsive to Class Plaintiffs' requests, taking eight depositions of Defendants, their representatives, and/or third parties to date and defending multiple proposed Class Representatives at their depositions.  Class Plaintiffs have also worked diligently with defense counsel and the Court to draft orders and protocols designed to streamline the discovery process.  *See* Confidentiality Order (Doc. No. 998-3); Document Production Protocol (Doc No. 998-1); Deposition Protocol (Doc. No. 998 at 35); and Discovery Dispute Protocol (Doc. No. 998 at 64).  When discovery disputes have been unavoidable, Class Plaintiffs have promptly notified the Court in an attempt to quickly resolve them.

Despite their diligent pursuit of discovery, Class Plaintiffs believe an extension of the class certification briefing schedule is necessary and appropriate for the following reasons.

First, due to delays by Defendants and third parties in producing documents and delays from witness availability, the current scheduling order does not allow sufficient time for Class Plaintiffs to complete deposition discovery prior to filing their motion for class certification. Depositions began in earnest in this case on November 22, 2019. Prior to that time, Veolia had refused to produce documents beyond those that hit on a single search term ("Flint"). Veolia was ordered to produce a broader set of documents on October 29, 2019 (Dkt. No. 980), and Veolia completed that production on November 22, 2019.

Since November 22, 2019, the parties have conducted multiple depositions each week, but dozens of critical depositions remain and cannot reasonably proceed with enough time for Class Plaintiffs to use them to support class certification. Below is a table illustrating twenty-three examples of depositions that Class Plaintiffs intend to take prior to moving for class certification. These depositions are either not yet scheduled or they have been scheduled without a reasonable amount of time for Class Plaintiffs to receive transcripts, conduct necessary follow-up discovery requests, and incorporate the testimony and additional discovery into

4

Class Plaintiffs' motion for class certification. This is not an exhaustive list; it is only a set of examples.

| Witness | Witness Affiliation | First Noticing Party | Date |
|---|---|---|---|
| Dayne Walling | City of Flint | Veolia | Unconfirmed |
| LAN 30(b)(6) | LAN/LAD | Class Plaintiffs | Unconfirmed |
| Stephen Busch | MDEQ | LAN/LAD | 01/09 - 01/10 |
| Paul Whitmore | Veolia | Class Plaintiffs | 1/09 - 01/10 |
| Mark Pavwoski | City of Flint | Veolia | Unconfirmed |
| Derek Jones | City of Flint | Veolia | Unconfirmed |
| Michael Glasgow | City of Flint | LAN/LAD | Must be Rescheduled |
| Scott Edwards | Veolia | Class Plaintiffs | 01/22 - 01/23 |
| Adam Rosenthal | MDEQ | Veolia | Unconfirmed |
| Patrick Cook | MDEQ | Veolia | Unconfirmed |
| Jeremy Nakashima | LAN/LAD | Class Plaintiffs | Unconfirmed |
| Michael Prysby | MDEQ | Veolia | Unconfirmed |
| David Gadis | Veolia - Former | Class Plaintiffs | 01/30 - 01/31 |
| Liane Shekter-Smith | MDEQ | Veolia | Unconfirmed |
| Andy Dillon | State of MI | Veolia | Unconfirmed |
| Kevin Hagerty | Veolia | Class Plaintiffs | 02/04 – 02/05 |
| Steve Luoma | LAN/LAD | Class Plaintiffs | Unconfirmed |
| Mike Byrnes | Veolia | Class Plaintiffs | 02/11 – 02/12 |
| Eric Brown | LAN/LAD | Class Plaintiffs | Unconfirmed |
| Warren Green | LAN/LAD | Veolia | Unconfirmed |
| Samir Matta | LAN/LAD | Veolia | Unconfirmed |
| Linda Dykema | MDHHS | Veolia | Unconfirmed |
| Nancy Peeler | MDHHS | Veolia | Unconfirmed |

These are depositions that, in many cases, have been noticed for months, but delays in producing documents well after the substantial completion deadline and delays

based on witness schedules have caused these depositions to be scheduled later than expected or have prevented them from being scheduled at all.  These delays and others could not have been reasonably anticipated when the parties negotiated the Case Management Order.  Veolia's delay in producing documents until being ordered to do so is one example of unforeseen delay.  Another example is the deposition of Mike Glasgow, which was previously scheduled on January 22, 2020 but will have to be rescheduled because the Court scheduled a Status Conference on that date and several parties have asked to add an additional day to examine the witness.

Second, and closely related, Opposing Defendants are responsible for certain key discovery delays in this matter.  For example, as of the date of this filing, LAN/LAD have yet to confirm the date for a single witness's deposition despite VNA requesting dates for three individuals.  Likewise, in response to Class Plaintiffs' request to schedule a deposition pursuant to Fed. R. Civ. P. 30(b)(6), LAN/LAD have stated simply that they "object to the deposition as little more than an improper attempt to take post-judgment discovery"[1] – despite the fact that no judgment has been entered vis-à-vis LAN/LAD – without providing written responses and objections to Class Plaintiffs' deposition notice or suggesting a time

---

[1] Dec. 20, 2019 Email from D. Kent to K. Peaslee, attached hereto as Exhibit A.

to meet and confer despite Class Plaintiffs' repeated requests to do so.  Moreover, further depositions of LAN and LAD witnesses have been delayed because LAN and LAD have argued that there should be a discovery "stand-down" to avoid the further expenditure of insurance funds.

Similarly, Class Plaintiffs could not have anticipated that the Veolia Defendants would refuse to produce documents beyond those that hit on a single search term until ordered to do so by the Court on October 29, 2019.  Dkt. No. 980. Following the Court's Order, the Veolia Defendants produced more than 45,000 documents[2] more than three months beyond the August 5, 2019 substantial completion deadline set forth in the Second Case Management Order, *see* Docket No. 998 at 26, and Class Plaintiffs believe there may be additional deficiencies in Veolia's document production.  Class Plaintiffs require additional time to review these documents and determine what additional depositions or other related discovery they may necessitate.  Moreover, former Veolia employee, David Gadis, who was one of the principal Veolia employees who stood up in front of the public in Flint in February 2019 and proclaimed that your "water is safe," was unavailable to sit for a deposition until January 30 and 31, 2020, just four weeks prior to the current class certification motion deadline.

---

[2] The Veolia Defendants produced 10,617 documents on October 31, 2019; 8,727 documents on November 8, 2019; and 27,885 documents on November 22, 2019.

**IV.    Class Plaintiffs' Requested Extension Would Not Prejudice Defendants**

After delaying discovery for months themselves, the Veolia, LAN, and LAD Defendants now seek to force Class Plaintiffs to move for class certification without the benefit of dozens of critical depositions. The Defendants have asserted no prejudice that would befall them if Class Plaintiffs' extension is granted.

LAN and LAD argued two bases for objecting the requested extension when the parties met and conferred regarding Class Plaintiffs' motion. First, LAN and LAD contend that, based on conversations with the mediator, LAN and LAD should not be required to engage in further discovery, and they, in any event, want "to move things along."  The first argument is baseless, as Class Plaintiffs' claims against LAN and LAD have not been settled or dismissed, and Class Plaintiffs have every right to conduct discovery. The second argument is disingenuous, given that LAN and LAD have resisted and delayed discovery up until now. It is unfair for LAN and LAD to resist and delay discovery, and at the same time insist that Class Plaintiffs move for class certification prior to receiving that discovery.

Veolia likewise has asserted no prejudice in response to Class Plaintiffs' request. Veolia argued during the parties' meet and confer that because Veolia has had to proceed expeditiously during discovery, that Class Plaintiffs should have to proceed expeditiously as well, especially because it was Class Plaintiffs who

8

requested an aggressive schedule in the first place. Veolia's argument ignores its own responsibility for the delays in this case, and fails to articulate any negative impact on Veolia from allowing Class Plaintiffs the benefit of an extension commensurate with Veolia's own delay in producing documents—as Veolia's production of documents that hit on more than a single search term was delayed until more than three months after the substantial completion deadline, which moved back the start of depositions and the entire schedule of the case.

Neither LAN, LAD, nor Veolia could assert any potential prejudice from the requested extension because none exists. The extension for the Class Certification briefing schedule does not extend the total period for discovery in any way, nor have Class Plaintiffs altered the time for which Defendants — including the Opposing Defendants — would have to respond to a motion for class certification. Opposing Defendants' refusal to work cooperatively with Class Plaintiffs to agree to a reasonable extension of the briefing deadline for class certification is particularly distressing given that Class Plaintiffs have cooperated with Defendants' repeated requests for extensions.[3] All the parties — including Defendants — should want to

---

[3] *See*, *e.g.*, June 21, 2019, Email from T. Gamble to J. Weiner (requesting and receiving a second extension for LAN/LAD to submit its responses and objections to Class Plaintiffs RFPs, after already receiving an initial 10-day extension, because the attorney "responsible for preparing LAN/LAD's responses and corresponding document production" was having health problems), attached as Exhibit B; Aug. 8, 2018 Email from P. Erickson to Class Counsel (requesting and receiving an initial two-week extension of the Court's deadline to answer the Complaint because

consider the appropriateness of class certification on the most fulsome record possible, particularly in light of the significance of this case to the people of Michigan.

**V.   <u>Conclusion</u>**

For the foregoing reasons, Class Plaintiffs respectfully request that the Court enter the proposed Third Case Management Order attached hereto as Exhibit F, which extends the current class certification briefing schedule by three months.

<u>Dated</u>: December 23, 2019

Respectfully submitted,

By: */s/ Theodore J. Leopold*
Theodore J. Leopold
COHEN MILSTEIN SELLERS &
TOLL PLLC
2925 PGA Boulevard, Suite 220
Palm Beach Gardens, FL 33410
Telephone: (561) 515-1400
tleopold@cohenmilstein.com
***INTERIM CO-LEAD COUNSEL***

By: */s/ Michael L. Pitt*
Michael L. Pitt
PITT MCGEHEE PALMER &
RIVERS, P.C.
117 West 4th Street, Suite 200
Royal Oak, MI 48067
Telephone: (248) 398-9800
mpitt@pittlawpc.com
***INTERIM CO-LEAD COUNSEL***

---

counsel for LAN/LAD, "had been laboring under the impression that [LAN/LAD] had 20 days for the decision" to answer but that counsel for LAN/LAD was "on vacation" and his "wife and [him had] guests arriving on Friday for the weekend and would have to cancel these plans without an extension"), attached as Exhibit C; Aug. 21, 2018 Email from P. Erickson to Class Counsel (requesting and receiving a second extension for LAN/LAD to answer the Complaint, "[d]ue to vacation schedules of company employees."), attached as Exhibit D; December 16, 2019 Email from J. Campbell regarding the most recent extension granted to VNA, attached as Exhibit E.

10

By: */s/ Stephen Morrissey*
Stephen Morrissey
SUSMAN GODFREY, L.L.P.
1201 Third Ave., Suite 3800
Seattle, WA 98101
Telephone: (206) 516-3880
smorrissey@susmangodfrey.com
***EXECUTIVE COMMITTEE FOR
CLASS PLAINTIFFS***

By: */s/ Peretz Bronstein*
Peretz Bronstein
BRONSTEIN, GEWIRTZ &
GROSSMAN, LLC
60 East 42nd Street, Suite 4600
New York, NY 10165
Telephone: (212) 697-6484
peretz@bgandg.com
***EXECUTIVE COMMITTEE FOR
CLASS PLAINTIFFS***

By: */s/ Esther E. Berezofsky*
Esther E. Berezofsky
MOTLEY RICE LLC
210 Lake Dr. East, Suite 101
Cherry Hill, New Jersey 08002
Telephone: (856) 667-0500
eberezofsky@motleyrice.com
***EXECUTIVE COMMITTEE FOR
CLASS PLAINTIFFS***

By: */s/ Paul F. Novak*
Paul F. Novak (P39524)
WEITZ & LUXENBERG, P.C.
3011 W. Grand Blvd., Suite 2150
Detroit, MI 48202
Telephone: (313) 800-4170
pnovak@weitzlux.com
***EXECUTIVE COMMITTEE FOR
CLASS PLAINTIFFS***

By: */s/ Teresa A. Bingman*
Teresa A. Bingman
LAW OFFICES OF TERESA A.
BINGMAN, PLLC
4131 Okemos Road, Suite 12
Okemos, Michigan 48864
Telephone: (877) 957-7077
tbingman@tbingmanlaw.com
***EXECUTIVE COMMITTEE FOR
CLASS PLAINTIFFS***

11

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on December 23, 2019, I caused **Class Plaintiffs' Motion and Brief to Amend the Second Case Management Order** to be electronically filed with the Clerk of the Court using the Court's electronic submission system.  Notice of the filing was sent to all parties by operation of the Court's electronic filing system.  I declare the above statement is true and to the best of my knowledge, information and belief.

<u>Dated</u>:  December 23, 2019

/s/ *Esther E. Berezofsky*
Esther E. Berezofsky, Esq.