# EXHIBIT 3

STATE OF MICHIGAN
DEPARTMENT OF ATTORNEY GENERAL



P.O. Box 30754
Lansing, Michigan 48909

DANA NESSEL
ATTORNEY GENERAL

March 1, 2019

Corey Stern
Levy Konigsberg
Attorneys At Law
800 Third Avenue
New York, New York 10022

      Re:   *Flint Water Litigation -- Claim of Conflict of Interest*

Dear Mr. Stern:

      By way of introduction, my name is Frank Monticello. I am the Ethics Officer for the Michigan Department of Attorney General and have served in this capacity since 2006, when the position was created by then Attorney General Mike Cox. Although I retired from the office in 2018, I continued handling ethics issues for the office as a Special Assistant Attorney General (SAAG) for former Attorney General Bill Schuette and currently for Attorney General Dana Nessel. At Attorney General Nessel's request, I have reviewed your correspondence dated February 18th and 20th.

      Let me begin by thanking you for bringing your concerns to our attention. The Attorney General takes our ethical obligations very seriously and is committed to providing effective representation to the citizens of Michigan within the principles underlying the Rules of Professional Conduct. Allegations of a conflict of interest are examined carefully to ensure our duty of loyalty is not compromised. Such a review must acknowledge, however, that the rules and the courts have recognized the uniqueness of the office and "the Attorney General's unique status *requires accommodation, not exemption, under the rules of professional conduct.*"[1]

      The Office of Special Counsel (OSC) was formed because department attorneys were engaged in defending the state in civil actions arising from the Flint water matter. For that reason, former Attorney General Schuette hired attorneys outside the department, referred to as SAAGs, to conduct a *criminal* investigation into the crisis, including a review of actions by state agencies and their employees.

---

[1] See *AG v PSC*, 243 Mich App 487, 506 (2000).

Letter to Corey Stern
Page 2
March 1, 2019

Separating this criminal investigation from department attorneys obligated to
defend the state from civil actions was consistent with the Michigan Rules of
Professional Conduct.[2]

Noah Hall's decision to file a *civil action* on behalf of former Attorney General
Bill Schuette while also serving with the OSC was unexpected. Such a *civil action*
could have been handled by department attorneys defending the state in other Flint
water litigation. In fact, those defense attorneys could have filed a third-party
complaint under MCR 2.204, to prosecute related civil claims against the
engineering firms. But, regardless, the fact that Noah Hall originally filed the
complaint from the OSC does not violate or ignore the wall separating the criminal
the criminal investigation from department attorneys defending the state in the
Flint litigation.

Over the years I have examined a variety of unusual situations this office has
been involved in because of the unique role of the Attorney General – a role that has
been described by the courts as *sui generis*, in large part due to her diverse role.[3]

Under our scheme of laws, the attorney general has the duty as a
constitutional officer possessed with common law as well as statutory
powers and duties to represent or furnish legal counsel to many
interests – the State, its agencies, the public interest and others
designated by statute.

Paramount to all of the Attorney General's duties, of course, is the duty to
protect the interest of the general public."[4]

The *Veolia* complaint, brought by former Attorney General Bill Schuette, is a
good example of the unique role the Attorney General, as a constitutional officer,
plays in state government. The civil action was brought to protect the interests of
the general public in the Attorney General's role as *"parens patriae"* on behalf of the
People of the State of Michigan and seeks to recover damages incurred because the

---

[2] https://courts.michigan.gov/courts/michigansupremecourt/rules/documents/michiga n%20rules%20of%20professional%20conduct.pdf

[3] See *AG v PSC*, 243 Mich App 487, 507 (2000) quoting from *Connecticut Comm. On Special Revenue v Connecticut Freedom of Information Comm*, 174 Conn. 308, 387 A 2d 533, 537-538 (1978) "We do conclude, however, that in examining his conduct as a member of the bar due consideration must also be given to his responsibilities and duties as the constitutional civil legal officer of the state and the organization and operation of his office."

[4] *AG v PSC*, 243 Mich at 508.

Letter to Corey Stern
Page 3
March 1, 2019

defendant firms' actions allegedly threatened the health, safety and welfare of the state's citizenry. Such an action is brought to vindicate the *state's interests* and recover costs or damages incurred by the state. "[T]he State has an interest independent of and behind the titles of its citizens, in all the earth and air within its domain. It has the last word as to whether its mountains shall be stripped of their forests and its inhabitants shall breath pure air." *Georgia v Tennessee Cooper Co.*, 206 US 230, 236 (1937).[5]

The *Veolia* file has now been assigned to Environment, Natural Resources, and Agriculture Division (ENRA) attorneys who are defending various civil complaints brought against the state and its employees. At first blush, it is not surprising that this scenario would raise the specter of a conflict of interest. The civil complaint against Veolia was originally filed by attorneys working on the criminal investigation side of the Flint water matter, which were separated from the civil attorneys that will now be handling that case. But the rules of professional conduct do not preclude this uncommon arrangement.

The Michigan Rules of Professional Conduct (MRPC) prohibit representation of a client when representation would be directly adverse to another client or would be materially limited by the lawyers responsibility to another client, unless the lawyer reasonably believes the representation will not be adversely affected and the client consents to the representation.[6]

While pursuing damages against the engineering firms, the ENRA attorneys would also be defending the state from paying damages to those who claim injuries by the state's failure to prevent unsafe drinking water in Flint. In both instances, the attorneys would be representing the state's interests, either its quasi-sovereign interests in the health, safety, and welfare of its citizens or its proprietary interest of protecting the state treasury. These interests are not directly adverse but advance the state's interest in both actions. Further, the ENRA attorneys are not materially limited when pursuing claims on behalf of their respective client, the State of Michigan. As noted earlier, this arrangement is not significantly different than the ENRA attorneys filing a third-party complaint in one of the files they are defending.

Finally, there is no factual basis to conflate this discussion regarding *Veolia* with the January 23, 2017 decision issued by United States District Judge David

---

[5] For a comprehensive discussion of the *parens patria* doctrine see 74 Tul. L. Rev. 1859, *State Attorney General Actions, The Tobacco Litigation, and the Doctrine of Parens Patriae.*

[6] Rule 1.7 of the Michigan Rules of Professional Conduct.

Letter to Corey Stern
Page 4
March 1, 2019

Lawson in *Concerned Pastors, et al v. Nick A. Khouri, et al.*[7] In *Concerned Pastors,* the court denied former Attorney General Bill Schuette's motion for leave to file a friend of the court brief because, among other reasons, the motion was "diametrically opposed to" a pending motion filed by the state defendants to dissolve a preliminary injunction.[8] The court had previously issued the preliminary injunction ordering the state to take certain actions to ensure safe drinking water for Flint residents. However, unlike the contrary positions taken by former Attorney General Bill Schuette and the state defendants in *Concerned Pastors,* the state's interests in *Veolia* are aligned, as noted above. Thus, the *Concerned Pastors* decision is of no consequence to this discussion.

Again, thank you for bringing your concerns to our attention.

Sincerely,

Frank Monticello
Ethics Officer
Michigan Department of Attorney
General

FM/skf

---

[7] https://www.mied.uscourts.gov/PDFFIles/16-10277OpnDeny.pdf

[8] *Id.*, p. 1.