# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| *In re Flint Water Cases* | Case no. 5:16-cv-10444-JEL-MKM (Consolidated) |
| | Hon. Judith E. Levy |
| | Mag. Mona K. Majzoub |
| | **ORAL ARGUMENT REQUESTED** |

## *CARTHAN* PLAINTIFFS' OPPOSITION TO VEOLIA'S MOTION TO INCREASE THE TIME ALLOTTED TO THE ENGINEERING DEFENDANTS WHEN DEPOSING NON-PARTIES AND STATE AND CITY ACTORS

Veolia moves to increase the amount of time defendants can examine witnesses, while decreasing the amount of time that plaintiffs can examine witnesses during depositions of all defendants and third-parties. Veolia cites no evidence in support. Not one exhibit. Not one declaration. Instead, its Motion is based on five-and-a-half pages of unsworn attorney argument, most of which is a string cite to cases that do not support the unprecedented relief that Veolia seeks. In response to defendants' request for additional time at depositions, the Court has provided an extra hour to the defendants and plaintiffs as an interim measure; Veolia presents no facts suggesting the resulting time is insufficient. Thus, to the extent defendants require more time than they are allowed under the CMO—a position for which Veolia has failed to provide *any* evidentiary support—this additional hour-per-side is more than adequate and should be maintained moving forward. Veolia's motion to increase its own time and to decrease that of plaintiffs should be denied.[1]

I.  **Current Deposition Allocation, and the Effect of Veolia's Requested Relief**

The operative Case Management Order ("CMO") reflects several months of negotiations and compromises among the parties, and guidance from the Court. *See,*

---

[1] Defendants McLaren Regional Medical Center ("McLaren") and Lockwood, Andrews and Newnam, P.C., Lockwood, Andrews and Newnam, Inc. and Leo A. Daly (together, "LAN Defendants") have joined Veolia's motion. *See* ECF Nos. 1024 & 1025. Neither McLaren nor LAN Defendants raise any substantive points in their respective joinders.

*e.g.*, Dkt. Nos. 669 at 1, 702, 719, 791, 797, 827, 889, 998. During the course of these negotiations, the parties agreed that, because this case is complex and involves multiple parties, the amount of time for depositions should be increased beyond the default seven hours provided by Federal Rule of Civil Procedure 30(d)(1). The parties agreed to the following limits:

| Operative Case Management Order Time Allotment | | |
|---|---|---|
| **Category of Witness** | **Plaintiffs' Time** | **Defendants' Time** |
| Defendants and their employees | 8 | 6 |
| Non-party witnesses and their employees | 6 | 6 |

*See* Dkt. No. 998 at 33. The defendants agreed, and the Court ordered, that defendants' time would be split among six groups of defendants. *Id.* at 48. The plaintiffs agreed, and the Court ordered, that plaintiffs would coordinate their allotted time among themselves. *Id.* at 47. The State of Michigan Defendant — named as a defendant in the majority of Flint water cases — is treated as a defendant, except in limited circumstances when deposing Veolia or LAN witnesses. *Id.* at 47-48.

Veolia now moves to increase defendants' time allotment and decrease plaintiffs' time allotment by subtracting any time that the State of Michigan *Defendant* uses from *plaintiffs'* allocation:

2

| Veolia's Proposed Time Allotment | | |
|---|---|---|
| Category of Witness | Plaintiffs' Time | Defendants'[2] Time |
| Defendants and their employees | 6 hours, 50 minutes | 8 hours, 10 minutes |
| Non-party witnesses and their employees | 5 hours, 50 minutes | 8 hours, 10 minutes |

Veolia's proposed allocation would apply as a default to all depositions of defendant witnesses and third parties. There are several dozens of these depositions that have been scheduled or noticed so far for a future date, and there will surely be more to follow.

## II. Veolia Cites No Evidentiary Support Whatsoever for Its Motion

Veolia offers zero evidentiary support for its Motion. Not one exhibit. Not one deposition transcript. Not one declaration. Not one reference to a deposition in which Veolia says it was allotted inadequate time or plaintiffs were allotted too much time.

Rather than support its Motion with evidence, Veolia includes two paragraphs of unsupported, unsworn, attorney argument. *See* p. 2. Of course, "[a]rguments in parties' briefs are not evidence." *Duha v. Agrium, Inc.*, 448 F.3d 867, 879 (6th Cir. 2006). In *Duha*, the Sixth Circuit vacated a district court order that was based on such an unsupported motion for that reason. *See id.* at 879, 882.

---

[2] Defendants in these tables include the six groups of Defendants identified in the CMO: State Defendants, City Defendants, Rowe, LAN Defendants, Veolia Defendants, Hospital Defendants.

3

Even if Veolia's brief were properly supported with record evidence, the two paragraphs of unsworn opinions from Veolia's attorneys are inaccurate and unpersuasive. Veolia says that the State Defendants "have made clear that they are appearing and using the depositions solely to bolster the State's state-court *parens patriae* case against the engineering defendants." Motion at 2. Presumably, Veolia means that State Defendants have sought to elicit evidence tending to show that *other parties* harmed the people in Flint. If so, that does not distinguish the State *from any other defendant*. Veolia does not explain what kinds of questions it expected the State of Michigan to ask when Veolia negotiated the CMO and how the actual questions that the State has asked have altered those expectations.

Moreover, the State has made clear it is appearing as a "plaintiff" in the depositions of LAN and Veolia Defendants in order to maintain the qualified immunity defenses asserted by Defendants Snyder and Dillon. ECF 976 at 2-3. The State does not have any affirmative claims pending in federal court—State Defendants are therefore rightfully treated primarily as *defendants*, which, as this Court has noted, "is the capacity in which they have been sued in the overwhelming number of cases" involved in this litigation. *See id*. at 6.

Moreover, even if the State, like other defendants, has sought to demonstrate that other parties are at fault, Veolia does not explain why plaintiffs' deposition time should be reduced or should be less than defendants' time. Many plaintiffs have

4

named the State of Michigan as a defendant and have not settled or dismissed those claims. *See, e.g.*, Dkt. No. 620-3 (*Carthan* Fourth Consolidated Amended Class Complaint). Plaintiffs have the burden to prove each of their claims, and Veolia does not provide any reason why the litigation strategy of one defendant to try to establish liability of another defendant should reduce *plaintiffs'* allotment of time to elicit testimony in support of their affirmative case.

Veolia also says that, in Veolia's lawyers' unsworn opinion, the "prospect of a settlement with all State and City Defendants" has caused plaintiffs "generally (albeit not always)" to use "the bulk of their deposition time not to establish the fault of the governmental actors, but instead to attempt to shift blame to the Engineering Defendants." Motion at 2. Veolia's counsel is wrong about the motivations and strategy of plaintiffs' counsel and wrong about the impact of the "*prospect* of a settlement." As such, it is no surprise that Veolia failed to cite any evidence or reference any example.

But even if Veolia cited evidence or examples, Veolia's logic is flawed. The motivations or strategy of plaintiffs' counsel in conducting depositions should not have the effect of reducing the deposition time allotted to plaintiffs. Plaintiffs' counsel should be free to ask the questions they see fit to ask without the prospect of having time deducted if Veolia's counsel does not approve.

### III. The Cases Veolia Cites Support Denial of Veolia's Motion

Veolia fails to cite a single case in any jurisdiction in which a Court has granted the relief that Veolia seeks here: to establish an across the board rule that defendants collectively get more time to examine other defendant and third-party witnesses than plaintiffs, or to order that questions asked by a defendant should be subtracted from the allotment of deposition time granted to plaintiffs. Plaintiffs are aware of no such case.

Instead Veolia relies on a string citation listing nine cases in which courts have assigned more than the default seven hours for a deposition. Motion at 3-6. These cases do not support the relief Veolia seeks here—they support plaintiffs' opposition. In each of Veolia's nine cases, the courts made factual findings about a particular witness following a specific request by a party seeking more time to depose that witness:

- *Whitesell Corp. v. Electrolux Home Prod.*, 2019 WL 3554625, at *2 (S.D. Ga. Aug. 5, 2019) (allowing ten total hours to depose plaintiff expert witness following review of expert witness report and specific factual showing by defendants);

- *Baker & Taylor, Inc. v. Coll. Book Rental Co.*, 2014 WL 2931057, at *1 (W.D.N.C. June 27, 2014) (allowing additional four hours to depose

6

defendant witness based on factual showing from another party based on transcript of initial deposition);

- *Mahe v. Cont'l Tire The Americas, LLC*, 2012 WL 13014611, at *3 (C.D. Cal. Mar. 28, 2012) (allowing three additional hours to depose plaintiff witness after good cause showing by defendants based on transcript of initial deposition);

- *Marshall v. GE Marshall, Inc.*, 2012 WL 405714, at *1 (N.D. Ind. Feb. 8, 2012) (allowing defendants total of 21 hours over three days to depose plaintiff who had alleged seven counts against 12 separate defendants after "consideration the number of claims, parties, and documents");

- *Saeed v. Count of Nassau*, 2011 WL 6945755, at *1 (E.D.N.Y. May 23, 2011) (permitting Defendants additional four hours to depose plaintiff after "fact specific" determination whether defendants had "provide[d] good cause to justify an enlargement.");

- *Maybury v. Wayside Body Shop, Inc.*, 2008 WL 11352592, at *1 (S.D. Ohio Dec. 22, 2008) (permitting party two additional hours to depose defendant after that party had no opportunity to ask any questions during prior seven-hour deposition);

- *McBride v. Medicalodges, Inc.*, 2008 WL 1774674, at *2 (D. Kan. 2008) (granting motion to extend by five hours deposition of defendant employee

7

and "key player" who was "directly involved in the claims of all three Plaintiffs" based on good cause showing by Plaintiff);

- *Carmody v. Vill. of Rockville Ctr.*, 2007 WL 2177064, at *4 (E.D.N.Y. July 27, 2007) (allowing defendants to depose plaintiff for "up to three hours more than the time permitted under 30(d)(2)" after finding that defendants' "conclusory and perfunctory" request for even *more* time was inadequate);

- *New Cold Holding Corp.* v. RJG Holdings of Florida, 2003 WL 22326978, at *1 (D. Conn. Mar. 27, 2003) (allowing four hours of additional deposition time to depose expert witness after analyzing specific request by defendant for additional time with that witness).

If these cases establish anything, it's that a party requesting to examine a particular witness for additional time must make a *specific request* supported by *evidence*. Veolia's requested across-the-board deduction of time from plaintiffs for many dozens of unspecified depositions is without precedent or justification.

IV. **If Veolia or Any Party Seeks to Depose a Particular Witness for Additional Time, They Should Bring a Motion to Do So, As Already Contemplated By the CMO**

In addition to seeking generally more time for Defendants and less time for Plaintiffs to examine witnesses (without evidentiary support or legal precedent), Veolia also asks the Court to "allow for a case-by-case request to increase deposition timing to a third day of testimony for the [Veolia] Defendants and other requesting

8

parties." Motion at 6. But the Court need not Order that parties can bring a "case-by-case" motion. Any party is free to do so, including Veolia.

The CMO already contemplates specific requests for additional time to depose particular witnesses. The time limitations for depositions provide that they may be altered if "agreed by all interested parties *or with leave of court*." Dkt. No. 998 (Second Amended Case Management Order) at 33 (emphasis added). Veolia has made no specific proposal to the *Carthan* plaintiffs seeking additional time to examine any particular deponent and has brought no such motion.

Accordingly, the Court need not Order that the parties may bring a motion that any party is already permitted to bring. If Veolia has a factual basis to seek additional time to examine any particular witness (rather than a general request to reduce plaintiffs' time and increase defendants' time to examine *all* deponents), Veolia can and should bring such a motion.

**V.      Conclusion**

The operative CMO, which provides for depositions that are double or nearly double the limitations set forth in the Federal Rules of Civil Procedure, strikes a balance between the dozens of parties that took part in negotiating the rules set forth therein. Surely, each party would prefer to have additional time to depose each witness, and to reduce the time of adverse parties. A request for additional time to examine a particular witnesses should be brought in the form of a specific motion

9

supported by evidence. Because Veolia's general request to increase its own time and decrease plaintiffs' time lacks both evidentiary support and legal precedent, the motion should be denied.

Dated: December 30, 2019

Respectfully submitted,

By: */s/ Theodore J. Leopold*
Theodore J. Leopold
Cohen Milstein Sellers & Toll, PLLC
2925 PGA Boulevard, Ste. 220
Palm Beach Gardens, FL 33410
tleopold@cohenmilstein.com
***INTERIM CO-LEAD COUNSEL***

By: */s/ Michael L. Pitt*
Michael L. Pitt
Pitt McGehee Palmer & Rivers, P.C.
117 West 4th Street, Ste. 200
Royal Oak, MI 48067
mpitt@pittlawpc.com
***INTERIM CO-LEAD COUNSEL***

By: */s/ Teresa A. Bingman*
Teresa A. Bingman
Law Offices of Teresa A. Bingman
4151 Okemos Road, Suite 12
Okemos, MI 48864
tbingman@tbingmamlaw.com
***EXECUTIVE COMMITTEE FOR CLASS PLAINTIFFS\***

By: */s/ Esther E. Berezofsky*
Esther E. Berezofsky
Motley Rice LLC
210 Lake Dr., East, Ste. 101
Cherry Hills, New Jersey 08002
eberezofsky@motleyrice.com

By: */s/ Stephen Morrissey*
Stephen Morrissey
Jordan Connors
Susman Godfrey, L.L.P.
1201 Third Ave., Suite 3800
Seattle, WA 98101
smorrissey@susmangodfrey.com
jconnors@susmangodfrey.com
***EXECUTIVE COMMITTEE FOR CLASS PLAINTIFFS***

By: */s/ Peretz Bronstein*
Peretz Bronstein
Bronstein, Gewirtz & Grossman, LLC
60 East 42nd Street, Ste. 4600
New York, New York 10165
peretz@bgandg.com
***EXECUTIVE COMMITTEE FOR CLASS PLAINTIFFS***

By: */s/ Paul F. Novak*
Paul F. Novak
Weitz & Luxemberg, P.C.
3011 W. Grand Boulevard, Ste 2150
Detroit, MI 48202
pnovak@weitzlux.com
***EXECUTIVE COMMITTEE FOR CLASS PLAINTIFFS***

10

*EXECUTIVE COMMITTEE FOR*
*CLASS PLAINTIFFS*

## CERTIFICATE OF SERVICE

I hereby certify that on December 30, 2019, I electronically filed the above document(s) with the Clerk of the Court using the ECF System, which will provide electronic copies to counsel of record.

    Respectfully submitted,

*/s/ Jordan Connors*
Jordan Connors
SUSMAN GODFREY, L.L.P.
1201 Third Ave., Suite 3800
Seattle, WA 98101
(206) 516-3880 Telephone
(206) 516-3883 Facsimile
jconnors@susmangodfrey.com