# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| IN RE FLINT WATER CASES | No. 5:16-cv-10444-JEL-MKM (consolidated)<br>Hon. Judith E. Levy |

**BRIEF OF DEFENDANTS VEOLIA NORTH AMERICA, LLC, VEOLIA NORTH AMERICA, INC., AND VEOLIA WATER NORTH AMERICA OPERATING SERVICES, LLC IN OPPOSITION TO CLASS PLAINTIFFS' MOTION TO MODIFY THE SECOND AMENDED CASE MANAGEMENT ORDER**

## INTRODUCTION

As this Court is well aware, the Flint cases are massive in scope and scale. In order to make cases manageable and fair to all parties, the Court – after significant input from all parties – entered a Case Management Order ("CMO"), ECF No. 998, that sets strict deadlines for the key pre-trial milestones. The order governs not just the *Carthan* class action, but also all the other Flint-related cases before this Court. Many of the deadlines are linked to other deadlines. As relevant here, the deadline for the plaintiffs in the bellwether cases to provide their expert reports and disclosures is the same date as the deadline for the *Carthan* Plaintiffs to file their motion for class certification, which also is the deadline for their expert reports and disclosures supporting class certification. CMO 56, 62-63. The VNA Defendants have worked diligently to respect all of the deadlines in the case management order.

The *Carthan* Plaintiffs now seek to amend the case management order, to extend the briefing schedule for class certification by three months. Mot. 1. The motion should be denied, for two reasons. First, Plaintiffs do not show good cause for their proposed extension. They assert that they need the extension because the VNA Defendants did not produce certain additional discovery materials until November. But Plaintiffs did not request that material until late, and Plaintiffs themselves insisted on the November deadline. Further, Plaintiffs do not show how any of the additional discovery affects any class-certification issue. Plaintiffs also

maintain that they need the extension because some depositions will not be scheduled until close to the existing class-certification deadline. But they do not explain how any of those depositions are likely to affect class certification.

Second, the Court should not extend the class-certification schedule because doing so will prejudice the VNA Defendants and likely will affect the trial dates in the bellwether cases. After pressuring Defendants to meet an aggressive schedule proposed by the *Carthan* Plaintiffs for both discovery and for meeting their last-minute requests, they now seek to slow the process down for their own benefit. Further, granting the requested extension would require the Court to also push back plaintiffs' expert discovery deadline in the bellwether cases until June 2020 – which in turn either will require delaying the bellwether trials or will prejudice the VNA Defendants' ability to mount their defense in the bellwether cases.

## ARGUMENT

This Court can modify the case management order "for good cause." Fed. R. Civ. P. 16(b)(4). In determining whether the moving party has shown good cause, the court's focus is on the "moving party's diligence in attempting to meet the case management order's requirements." *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002) (internal quotation marks omitted). Thus, the moving parties must show that *despite their diligence*, they cannot meet the scheduling order. *See Leary v. Daeschner*, 349 F.3d 888, 906 (6th Cir. 2003) (citing Fed. R. Civ. P. 16, 1983

advisory committee's notes). The court also considers the possible prejudice to the non-moving party. *Inge*, 281 F.3d at 625. Here, Plaintiffs do not show that they are unable to meet the current class certification schedule, and the proposed extension would prejudice the VNA Defendants.

I.     **Plaintiffs Do Not Show Good Cause For Their Proposed Extension**

Plaintiffs contend that they have been diligent, but that "unforeseen" discovery delays prevent them from meeting the existing class-certification deadline. Mot. 6. Plaintiffs point to two purported delays: (i) that the VNA Defendants produced additional discovery materials in November 2019, and (ii) that some depositions have not yet been scheduled. *Id.* at 4-7. Plaintiffs do not explain how either justifies modifying the scheduling order.

**Additional production.** Plaintiffs assert that the VNA Defendants delayed producing certain documents until November 2019. Mot. 7. That purported delay does not provide good cause for extending the class-certification deadline, however. "[D]iscovery disputes are a common component of any civil matter and they should be anticipated." *Burton v. Nationstar Mortg., LLC,* 2014 WL 3890103, at *3 (E.D. Cal. Aug. 4, 2014) (internal quotation marks omitted). As a result, courts do not accept discovery disputes as "grounds which render a litigant 'unable to comply with the scheduling order's deadlines due to matters that could not have reasonably been foreseen at the time of the issuance of the scheduling order.'" *Thomason v. City of*

3

*Fowler*, 2014 WL 4436385, at *6 (E.D. Cal. Sep. 9, 2014) (quoting *Kuschner v. Nationwide Credit, Inc.*, 256 F.R.D. 684, 687 (E.D. Cal. 2009).

In fact, this Court anticipated that there would be discovery disputes, and set out a process for resolving such disputes. CMO 64-66. The parties followed that process here by conducting a meet-and-confer about the purported dispute. Indeed, the *Carthan* Plaintiffs sought very broad additional discovery that this Court ultimately narrowed through the discovery dispute process and after further negotiation amongst the parties as required by the Court. *See* ECF 938 and 980. When the parties reached an impasse, the Court resolved this dispute by requiring the VNA Defendants to produce 45,000 additional documents within three weeks.. Order Regarding Discovery Issue at 2 (Oct. 29, 2019), ECF No. 980. The VNA Defendants did exactly that and the *Carthan* Plaintiffs obtained the additional documents they sought before any of the VNA depositions began. Mot. 7 n.2.

The critical question is not whether Plaintiffs received the production later than they anticipated but whether the purportedly late production will prevent Plaintiffs from meeting the class-certification schedule. Plaintiffs have made no showing that it will. They state that they may want to seek even more discovery based on the additional discovery, but that is just speculation. Mot. 7. Plaintiffs do not otherwise explain why they cannot reasonably meet the class-certification schedule because of the additional discovery.

4

**Deposition scheduling.** As Plaintiffs note, the parties already have conducted dozens of depositions. Mot. 4. But they argue that "dozens of critical depositions remain and cannot reasonably proceed with enough time for Class Plaintiffs to use them to support class certification." *Id*. They list 23 depositions that have been noticed, but have not yet occurred. *Id*. at 5. The problem is that Plaintiffs do not explain how any of these depositions is likely to affect any class-certification issues.

Specifically, of the 23 depositions, only nine are for witnesses that Plaintiffs noticed. Mot. 5. And of these nine, five have confirmed dates; only four are not confirmed. *Id*. All four of these depositions are for witnesses affiliated with the LAN Defendants. *Id*. Plaintiffs have not explained why these four depositions are necessary for the class-certification briefing. *See Lewis v. Mt. Morris Twp.*, 2007 WL 2902890, at *1 (E.D. Mich. Sept. 28, 2007) (rejecting request to adjourn scheduling order dates where "Plaintiff only offer[ed] general, conclusory statements about the necessity of [additional] depositions"); *see also Ivezaj v. Detroit Pub. Sch.,* 2015 WL 12803128, at *1 (E.D. Mich. Aug. 31, 2015) (a party seeking an extension of scheduling order must "advanc[e] specific facts that describe the magnitude of the undertaking, the time available for completion, and circumstances that would prevent a reasonable person from performing within the time allowed by the Court").Nor is it likely that they could plausibly do so: Depositions of defendants and non-parties will rarely establish the existence or predominance of common

5

issues. And the depositions of the named plaintiffs to date have shown that common issues are absent. But even if these depositions are critical for class certification, Plaintiffs have two months to schedule and take these depositions. Thus, Plaintiffs can reasonably meet the briefing schedule through the exercise of diligence.

## II. The Proposed Extension Will Prejudice The VNA Defendants

The proposed extension will prejudice the VNA Defendants in two ways. First, after pressuring the VNA Defendants to produce the additional discovery on an expedited timeline, Plaintiffs now want to slow things down. But they do not explain how any of the additional discovery affects class certification – they do not contend that any documents are relevant to class certification, and they have not argued that they lack the documents necessary to conduct any depositions.

Instead, the only possible reason why Plaintiffs want to extend the class-certification schedule is that the discovery that has taken place so far has been unfavorable to them. In particular, the depositions of the named plaintiffs have confirmed that (i) several have no claim against the VNA Defendants at all because they stopped using Flint water before February 2015; (ii) their claims are highly individualized; and/or (iii) they are either inadequate or atypical class representatives, or both. Delaying the briefing schedule simply will afford Plaintiffs more time to attempt to fix these likely fatal flaws in their effort to maintain a class action. It would be highly prejudicial to require the VNA Defendants to comply

with the time constraints of the aggressive case-management schedule, while simultaneously excusing Plaintiffs from such compliance and thereby giving them more time to patch the holes in their case for class certification. This Court should hold all parties to the same standard. Doing so will bring this matter to an expeditious resolution consistent with Rule 23. See Fed. R. Civ. P. 23(c)(1)(A) (requiring courts to decide class certification "[a]t an early practicable time" in the litigation)

Second, the proposed extension will affect the bellwether trials. As explained, the deadline for plaintiffs in the bellwether cases to produce their expert reports and disclosures is tied to the class-certification schedule. CMO 62-63. So if the Court grants Plaintiffs' proposed extension, that also would push back the expert deadline in the bellwether cases until June 2020, less than six months before the first bellwether trials start on October 28, 2020. *Id.* at 57. That is not enough time for the parties to conduct examinations of the plaintiffs, for defendants to depose plaintiffs' experts and produce their own expert reports, and for plaintiffs to depose defendants' experts. So the requested extension either would delay the bellwether trials – a step this Court has made clear it is unwilling to take, *e.g.*, Order Regarding Discovery Issue 2 (Nov. 1, 2019), ECF No. 984 – or would prejudice the VNA Defendants' ability to mount their defense in the bellwether cases.

## CONCLUSION

"[A]ctive management may be necessary to ensure that the certification decision is not unjustifiably delayed." Fed. R. Civ. P. 23, advisory committee's note. Plaintiff should not be permitted to upset the Court's present efforts at providing that management. The Court should deny Plaintiffs' motion to modify the Second Amended Case Management Order.

Respectfully submitted,

**CAMPBELL, CONROY & O'NEIL P.C.**

By: */s/ James M. Campbell*
James M. Campbell
Alaina N. Devine
One Constitution Wharf, Suite 310
Boston, MA 02129
(617) 241-3000
jmcampbell@campbell-trial-lawyers.com
adevine@campbell-trial-lawyers.com

**BUSH SEYFERTH PLLC**

By: */s/ Cheryl A. Bush*
Cheryl A. Bush (P37031)
Michael R. Williams (P79827)
100 W. Big Beaver Road, Suite 400
Troy, MI 48084
(248) 822-7800
bush@bsplaw.com
williams@bsplaw.com

*Attorneys for Veolia North America, LLC, Veolia North America, Inc., and Veolia Water North America Operating Services, LLC*

Dated: January 6, 2020

## CERTIFICATE OF SERVICE

I hereby certify that on January 6, 2020, I electronically filed the foregoing document with the Clerk of the Court using the ECF System, which will send notification to the ECF counsel of record.

By: /s/ *James M. Campbell*
James M. Campbell
jmcampbell@campbell-trial-lawyers.com