**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

*WALTERS, ET AL.*                                   Case No. 5:17-cv-10164-JEL-MKM
                                                                     Honorable Judith E. Levy

v.

*THE CITY OF FLINT, ET AL.*

_____/

## CO-LIAISON COUNSEL'S RESPONSE
## TO THE COURT'S ORDER TO SHOW CAUSE

COMES NOW Corey M. Stern, Co-Liaison Counsel for Individual Plaintiffs, and for his Response to the Court's Order to Show Cause, states as follows:

On August 2, 2019, this Court issued an order dismissing a number of defendants from this lawsuit, and denying Plaintiffs' motion to amend the complaint to add claims against certain defendants. The Court denied Plaintiffs' motion to add a claim against Liane Shekter-Smith on statute of limitations grounds. *Walters v. Flint*, Case Nos. 17-10164 & 17-10342, 2019 U.S. Dist. LEXIS 129711, at *50–55. The Court specifically stated that the statute of limitations expired on October 19, 2018. *Id.* at *53.

Importantly, the Court recognized that state law tolling principles apply to § 1983 claims. *Id.* at *55 n.12 (citing *LRL Props. v. Portage Metro Hous. Auth.*, 55 F.3d 1097, 1105 (6th Cir. 1995)). However, the Court concluded that the Plaintiffs in *Walters* had only identified equitable tolling principles, as well as the tolling afforded by *American Pipe & Construction Company v. Utah*, 414 U.S. 538 (1974) and *Crown, Cork & Seal Co. v. Parker*, 462 U.S. 345 (1983). Because the Court reasoned those tolling measures

did not extend the time to assert a claim against Shekter-Smith, the Court denied the *Walters* Plaintiffs' motion to amend the Master Complaint to assert claims against her.

Turning to the Court's instant order to show cause, there are two important points. First, the Court should not dismiss Ms. Shekter-Smith in any cases where a plaintiff filed suit prior to October 19, 2018. While Co-Liaison Counsel is not aware of every single case that has been filed against Shekter-Smith, at least one case named her as a defendant within the applicable statute. *See Alexander v. City of Flint, et al.*, 2016-cv-13421, which was filed on September 21, 2016. When this Court addressed whether the Putative Class Plaintiffs had stated claims against Ms. Shekter-Smith, the Court recognized that the claims, as reflected by identical factual allegations, stated a claim under which relief may be granted. *See Carthan v. Snyder (In re Flint Water Cases)*, 384 F. Supp. 3d 802, 859 (E.D. Mich. 2019). Accordingly, dismissing her from all cases would be inappropriate at this time.

Second, a number of children are plaintiffs in this litigation. Michigan law allows for tolling of the Statute of Limitations until a child reaches the age of majority. *See* MCL 600.5851(1). "The minority/insanity tolling provision of MCL 600.5851(1) extends the time for filing suit by tolling an otherwise applicable statute of limitations." *Joseph v. Auto Club Ins. Ass'n*, 491 Mich. 200, 209; 815 N.W.2d 412, 417 (2012).

Thus, when a cause of action accrues to an infant, the minority tolling provision extends the time for either the minor or their representative to file. *Klida v. Braman*, 278 Mich. App. 60, 63; 748 N.W.2d 244, 247 (2008). Even the appointment of guardian or next friend does not end the tolling and begin the running of the statute of limitations. *Paavola v. St. Joseph Hosp. Corp.*, 119 Mich. App. 10, 13–14; 325 N.W.2d 609, 610–11

(1982). In other words, infancy continues to until the minor reaches the age of majority, and their parent's suit on their behalf is timely to the extent the minor's suit would be timely if they had filed it on their own. *See Keating v. Michigan Central R. Co.*, 94 Mich. 219, 221; 53 N.W. 1053, 1054 (1892).

Here, the majority of the individuals named as plaintiff in *Walters* are children.[1] It does not appear that the Court considered the Michigan tolling statute in its dismissal of Shekter-Smith on statute of limitations grounds. If the Court had done so, Co-Liaison Counsel respectfully believes it would have reached a different result with respect to Shekter-Smith. Accordingly, Co- Liaison Counsel requests the Court not dismiss Shekter-Smith from cases brought by or on behalf of minors whose interests are protected by the operation of MCL § 600.5851(1).

Dated: January 8, 2020

Respectfully submitted,

/S/ COREY M. STERN
Corey M. Stern (P80794)
LEVY KONIGSBERG, LLP
800 Third Avenue, 11th Floor
New York, New York 10022
(212) 605-6298
(212) 605-6290 (facsimile)
cstern@levylaw.com

---

[1] The *Walters* Plaintiffs can still appeal the Court's August 2, 2019 Order. *See* Fed. R. Civ. P. 54(b), which contemplates situations where an order disposes of less than all claims and parties. An order which "dismisse[s] [an] action as to fewer than all the defendants . . . is not appealable [until a final judgment is rendered] in the absence of certification under Rule 54(b)." *Coffey v. Dep't of Human Resources*, 754 F.2d 373, 373 (6th Cir. 1984) (citing *William B. Tanner Co. v. United States*, 575 F.2d 101 (6th Cir. 1978) and *Moody v. Kapica*, 548 F.2d 133 (6th Cir. 1976)). To Co-Liaison Counsel's knowledge, no such certification was entered. In much the same vein, the Court itself certainly has the power and to modify its prior interlocutory order before the entry of final judgment. *See Mallory v. Eyrich*, 922 F.2d 1273, 1282 (6th Cir. 1991) (citing *Simmons Co. v. Grier Bros. Co.*, 258 U.S. 82, 88 (1922)).

## CERTIFICATE OF SERVICE

I hereby certify that on January 8, 2020, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing upon counsel of record.

Dated: January 8, 2020                     /S/ COREY M. STERN
                                           Corey M. Stern (P80794)
                                           LEVY KONIGSBERG, LLP
                                           800 Third Avenue, 11th Floor
                                           New York, New York 10022
                                           (212) 605-6298
                                           (212) 605-6290 (facsimile)
                                           cstern@levylaw.com