UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

*In Re* Flint Water Cases

No. 5:16-cv-10444-JEL-MKM

HON. JUDITH E. LEVY

MAG. MONA K. MAJZOUB

---

**STATE DEFENDANTS' MOTION FOR A PROTECTIVE ORDER**

**ORAL ARGUMENT REQUESTED**

Former Governor Snyder, Nick Lyon, Eden Wells, and Andy
Dillon (State Defendants) hereby move for a protective order under Fed.
R. Civ. P. 26(c)(1):

1.　　This Court granted State Defendants' motion for a stay of
discovery on May 20, 2019 "on claims for which they continue to litigate
the issue of immunity," but denied the request to stay all discovery in
all Flint Water Cases.  (Dkt. 861, Page ID #23408.)

2.　　The Court entered a case management order regulating
discovery in the Flint Water Cases and ordered that State Defendants
"must adhere" to the CMO.  (Dkt. 861, Page ID #23408.)  But the CMO
explicitly states that it does *not* apply to State Defendants because they
have not filed an answer.  (Dkt. 998, Page ID #25900.)  Instead, the

CMO applies to the parties that have answered or are entitled to pursue discovery, and orders them to treat State Defendants as if each were a "non-party" to this litigation.  (*Id*.)  Even though State Defendants are not participating in discovery, presumably they *could* participate.  But they would be prohibited from *initiating* discovery.  (*Id*.)

3.     On November 1, 2019, the VNA Defendants sent Mr. Dillon a "Notice of Taking Audio-Visual Deposition" based on the authority of Rules 26 and 30. (Exhibit 1.)  It did not include a subpoena or otherwise reference Rule 45.

4.     On January 14, 2020, the VNA Defendants sent former Governor Snyder a "Notice of Taking Audio-Visual Deposition" based on the authority of Rules 26 and 30.  (Exhibit 2.)  It did not include a subpoena or otherwise reference Rule 45.

5.     On January 14, 2020, the VNA Defendants sent Eden Wells a "Notice of Taking Audio-Visual Deposition" based on the authority of Rules 26 and 30. (Exhibit 3.)  It did not include a subpoena or otherwise reference Rule 45.

6.     On January 14, 2020, the VNA Defendants sent Nick Lyon a "Notice of Taking Audio-Visual Deposition" based on the authority of

Rules 26 and 30.  (Exhibit 4.)  It did not include a subpoena or otherwise reference Rule 45.

7.     Discovery is stayed as to State Defendants pending the final resolution of their assertions of immunity.  And while they recognize that the Court has ordered other parties to treat them as a "non-parties," they *are* parties, and the CMO—by its own terms—does not apply to them because they have not been required to file an answer.

8.     State Defendants respectfully request that this Court grant their motion and enter a protective order prohibiting their deposition at this point in the litigation.

9.     State Defendants hosted a meet and confer on January 6, 2020 on this issue and sought concurrence via email on January 21, 2020.  The Veolia Defendants, LAN Defendants, Class Plaintiffs, and McLaren Defendants oppose the relief sought.

Respectfully submitted,

*/s/ Nathan A. Gambill*
Richard S. Kuhl (P42042)
Margaret A. Bettenhausen (P75046)
Nathan A. Gambill (P75506)
Assistant Attorneys General
Environment, Natural Resources,
and Agriculture Division
Attorneys for State Defendants

3

P.O. Box 30755
Lansing, MI 48909
(517) 335-7664
kuhlr@michigan.gov
bettenhausenm@michigan.gov
Dated: January 23, 2020          gambilln@michigan.gov

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

*In Re* Flint Water Cases

No. 5:16-cv-10444-JEL-MKM

HON. JUDITH E. LEVY

MAG. MONA K. MAJZOUB

---

**BRIEF IN SUPPORT OF STATE DEFENDANTS' MOTION
FOR A PROTECTIVE ORDER**

**ORAL ARGUMENT REQUESTED**

# TABLE OF CONTENTS

<u>Page</u>

Index of Authorities.....................................................................................ii

Concise Statement of Issues Presented ..................................................iv

Controlling or Most Appropriate Authority.............................................v

Introduction .................................................................................................6

Argument .....................................................................................................6

I.      The VNA Defendants' deposition notices violate the Court's
        order staying discovery as to State Defendants. ...........................6

II.     State Defendants would only be subject to non-party
        discovery if they become non-parties. ..........................................10

III.    State Defendants could be subject to limited discovery if the
        sole claim against them survives their motions to dismiss...........13

Conclusion and Relief Requested...........................................................15

Certificate of Service .................................................................................1

# INDEX OF AUTHORITIES

Page

**Cases**

*Anderson v. Creighton,*
   483 U.S. 635 (1987) ...................................................................... 14, 15

*Ashcroft v. Iqbal,*
   556 U.S. 662 (2009) ..................................................................... 6, 7, 12

*Crawford-El v. Britton,*
   523 U.S. 574 (1998) ...................................................................... 13, 14

*Criss v. City of Kent,*
   867 F.2d 259 (6th Cir. 1988) ...................................................................... 7

*Georgia-Pac. LLC v. Am. Int'l Specialty Lines Ins. Co.,*
   278 F.R.D. 187 (S.D. Ohio 2010) ...................................................................... 11

*Guertin v. State,*
   912 F.3d 907 (6th Cir. 2019) ...................................................................... 9

*Harlow v. Fitzgerald,*
   457 U.S. 800 (1982) ...................................................................... 7, 13

*In re Smirman,*
   267 F.R.D. 221 (E.D. Mich. 2010) ...................................................................... 11

*Kennedy v. City of Cleveland,*
   797 F.2d 297 (6th Cir. 1986) ...................................................................... 7, 14, 15

*Mitchell v. Forsyth,*
   472 U.S. 511 (1985) ...................................................................... passim

*Siegert v. Gilley,*
   500 U.S. 226 (1991) ...................................................................... 7

**Rules**

Fed. R. Civ. P. 26(b)(1) ............................................................. 10

Fed. R. Civ. P. 45(d)(1) ............................................................. 11

## CONCISE STATEMENT OF ISSUES PRESENTED

1.    Are State Defendants subject to discovery requests, including deposition notices, where this court has stayed discovery against them prior to the resolution of their threshold assertions of qualified immunity?

## CONTROLLING OR MOST APPROPRIATE AUTHORITY

*Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)

*Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)

*Ashcroft v. Iqbal*, 556 U.S. 662, 686 (2009).

# INTRODUCTION

The VNA Defendants wish to depose State Defendants even though State Defendants' threshold assertions of qualified immunity are unresolved, and this Court has entered an order staying discovery. Established Supreme Court and Sixth Circuit precedent forbids the depositions from happening until the threshold question of qualified immunity is resolved.  State Defendants will only be non-parties to this litigation if their motions to dismiss are successful and they are dismissed as parties.  If their motions to dismiss are not successful, discovery directed to them still must be cabined to address their qualified immunity defense in anticipation of summary judgment motions.  Either way, they are entitled to not be deposed at this stage of the litigation, and this Court should enter an order to protect that right.

# ARGUMENT

## I.      The VNA Defendants' deposition notices violate the Court's order staying discovery as to State Defendants.

A person who files a deficient pleading "is not entitled to discovery, cabined or otherwise."  *Ashcroft v. Iqbal*, 556 U.S. 662, 686 (2009).  This rule is "especially important in suits where Government-

official defendants are entitled to assert the defense of qualified immunity" because courts "are impelled to give real content to the concept of qualified immunity." *Id.* That means courts must free such defendants from the "concerns of litigation" unless a person's complaint survives a motion to dismiss. *Id.* at 685–686. *See also Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982); *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985); *Siegert v. Gilley*, 500 U.S. 226, 233 (1991).

The Sixth Circuit's implementation of this case law is unambiguous. *Kennedy v. City of Cleveland*, 797 F.2d 297, 299 (6th Cir. 1986) ("[*Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)] necessarily holds that the court is further obligated, upon application [for qualified immunity], not only to refrain from proceeding to trial but to stay discovery until that issue is decided."); *Criss v. City of Kent*, 867 F.2d 259, 261 (6th Cir. 1988) (The "Supreme Court has clearly stated that discovery in litigation against government officials should be halted until the threshold question of immunity is resolved.").

Accordingly, once State Defendants asserted the defense of qualified immunity, this Court granted their request to stay discovery "with respect to the sole allegation against them." (Dkt. 861, Page ID

#23412.)  The Court has summarized the "sole" claim against Mr.
Snyder and Mr. Dillon in its opinion denying their assertions of
qualified immunity to Plaintiff's bodily integrity claim.  (*Carthan v
Snyder*, Case No. 16-10444, Dkt. 798.)  As for Mr. Snyder, the Court
summarized the sole claim as follows:

> First, plaintiffs plausibly allege that Governor Snyder knew
> of facts from which he could infer that plaintiffs faced a
> substantial risk of serious harm . . .  Second, plaintiffs
> successfully claim that Governor Snyder did in fact infer
> that plaintiffs faced such a risk of harm . . .  Third, plaintiffs
> plausibly state that the Governor acted indifferently to the
> risk of harm they faced, demonstrating a callous disregard
> for their right to bodily integrity . . . Subsequently, the
> Governor continued to show indifference to the risk of harm
> plaintiffs faced.  Even once he acknowledged the crisis, he
> downplayed the risks that plaintiffs faced.  [*Carthan v.
> Snyder*, Case No. 16-10444, Dkt. 798, Page ID ## 21145–
> 21148.]

The Court summarized the sole claim against Mr. Dillon as
follows:

> He allegedly knew that the Flint River had been rejected as
> a water source as recently as 2011, and that the FWTP
> would require substantial improvements to safely process
> the river's water.  From this, it is reasonable to believe that
> Dillon was aware of the risks associated with using the Flint
> River as a water source.  Yet despite this knowledge, Dillon
> helped to develop an interim plan that saw Flint transition
> to the Flint River.  And importantly, he rejected a final bid
> from DWSD that could have obviated the need to use water
> from the Flint River until the FWTP had the capacity to

8

treat it safely.  This demonstrated an indifference to the risk of serious harm plaintiffs faced, made all the more inexplicable given that he knew DWSD presented the most cost effective mid-term option.  [*Carthan v. Snyder*, Case No. 16-10444, Dkt. 798, Page ID ## 21192–21193.]

As for Mr. Lyon and Ms. Wells, though the Sixth Circuit ordered their dismissal in *Guertin v. State*, 912 F.3d 907, 916 (6th Cir. 2019), they remain parties in the Flint Water Cases litigation, and are still litigating the threshold question of their assertion of qualified immunity.  For example, Plaintiffs in *Marble v. Snyder* "impute[] all allegations regarding Government Defendants to Defendants Lyon and Wells," continue to insist that Lyon and Wells "active[ly] participa[ted] in creating the danger" they allege, and allege that Lyon and Wells "participated in the decision that deliberately created, increased and prolonged the public health crisis and the exposure to *legionella* at issue in this case and participated in the concealment of the harm of [his/her] department caused Plaintiffs."  (*Marble v. Snyder*, Case No. 17-12942, Dkt. 176, Page ID #5080.)

The VNA Defendants sent counsel for State Defendants notices to depose State Defendants.  (Exhibits 1, 2, 3, and 4.)  Any discovery VNA Defendants seek must be both "relevant" to their "claim or defense" and

"proportional to the needs of the case."  Fed. R. Civ. P. 26(b)(1).  Yet the notices contain no indication the VNA Defendants seek discovery from State Defendants that meets these criteria and is not forbidden by the Court's order staying discovery or the precedent on which it is based.

## II.   State Defendants would only be subject to non-party discovery if they become non-parties.

After the Court granted State Defendants' request for a stay, it noted that the "terms of the CMO control and the state . . . defendants must adhere to them."  (*Carthan v. Snyder*, Case No. 16-10444, Dkt 861, Page ID #23408.)  But the CMO expressly states that the defendants who have not filed an answer, such as State Defendants, are *not* subject to it.  (*Carthan v. Snyder*, Case No. 16-10444, Dkt 998, Page ID #25900) ("This Case Management Order (CMO) shall not apply to those defendants who have not filed an answer, except as otherwise provided by Court order.").

Instead, the Court ordered that the parties who *are* subject to the CMO treat those who are *not* subject to it, such as State Defendants, "as a non-party for the purposes of discovery."  (*Id.*)  The VNA Defendants did not do so.  Their deposition notices did not include a subpoena.  Nor

10

have they made any apparent attempt to "to avoid imposing undue burden or expense on" on State Defendants, Fed. R. Civ. P. 45(d)(1), which would generally require the VNA Defendants to pay the expenses State Defendants would incur to comply with their request. *In re Smirman*, 267 F.R.D. 221, 223 (E.D. Mich. 2010) ("Courts . . . consider one's status as a nonparty to be a significant factor in the undue-burden analysis."); *Georgia-Pac. LLC v. Am. Int'l Specialty Lines Ins. Co.*, 278 F.R.D. 187, 190 (S.D. Ohio 2010) ("[T]he entire tenor of Rule 45 is to prohibit a party from shifting its litigation expenses to a non-party.").

Even if the VNA Defendants had complied with their obligation to treat State Defendants as non-parties, that obligation does not transform State Defendants into non-parties. State Defendants remain named defendants in the Flint Water Cases. They have asserted the defense of qualified immunity and, as noted above, are still actively litigating the question. If State Defendants are truly dismissed as parties to the Flint Water Cases litigation, then Rule 45 and its limitations would apply. But unless that happens, this Court's stay—as required by the established precedent discussed above—remains in place.

11

The possibility that a government official could eventually be subject to discovery as a non-party if dismissed as a party does not somehow void the *Harlow* doctrine.  Nor does it void State Defendants' assertion of qualified immunity and allow the VNA Defendants to avoid the limits set forth in *Harlow* and its progeny.  Sitting for a deposition and other pre-trial discovery is precisely what the assertion of qualified immunity "entitles" a government official to avoid until the threshold issue is resolved.  *Mitchell*, 472 U.S. at 526.  Deeming State Defendants "non-parties" does not do away with that entitlement—especially because courts "are impelled to give *real content* to the concept of qualified immunity." *Ashcroft*, 556 U.S. at 686 (emphasis added).  The idea that State Defendants could be deposed under the CMO at this stage of the proceedings is inimical to that concept and denies the right the *Harlow* doctrine gives them.  The denial of the right would be even more egregious because presumably, State Defendants could be deposed under the CMO but would not be able to initiate discovery under that same CMO.

Moreover, as a practical matter, preparing for and sitting for a deposition in which one is a non-party is significantly different than

preparing for and sitting for a deposition in which one is the defendant against whom the questioners seek relief.  Thus, requiring State Defendants to sit for depositions while they are still parties and litigating the threshold question of their qualified immunity would violate both the Court's stay and the precedent on which it is based. Indeed, it would be a de-facto denial of their qualified immunity that triggers State Defendants' right to an immediate appeal.  *Mitchell*, 472 U.S. at 526–527.

**III.   State Defendants could be subject to limited discovery if the sole claim against them survives their motions to dismiss.**

Officials who assert the qualified immunity defense can continue to assert it throughout the course of the litigation.  When officials assert the defense immediately, like State Defendants have done, then "the district court should resolve that threshold question before permitting discovery." *Crawford-El v. Britton*, 523 U.S. 574, 598 (1998), citing *Harlow*, 457 U.S. at 818.  Only if "the plaintiff's action survives these initial hurdles and is otherwise viable, [would] the plaintiff ordinarily . . . be entitled to some discovery." *Crawford-El*, 523 U.S. at 598.  At that point, district courts have the discretion to manage the discovery

13

process, but "the judge should give priority to discovery concerning issues that bear upon the qualified immunity defense . . . since that defense should be resolved as early as possible." *Id.* at 600, citing *Anderson v. Creighton*, 483 U.S. 635, 646, n. 6 (1987). In other words, even if State Defendants' assertions of qualified immunity are ultimately not successful at the motion-to-dismiss stage of the litigation, discovery should be cabined at the summary-judgment stage to resolve the qualified immunity question first before broader discovery is permitted.

The Sixth Circuit has implemented this multi-phase approach to discovery in qualified immunity cases. When officials assert the defense immediately in a motion to dismiss, the filing "precludes a plaintiff from proceeding further, even from engaging in discovery," until the threshold issue is resolved. *Kennedy*, 797 F.2d at 299, citing *Mitchell*, 472 U.S. at 527. At that stage, district courts are "obligated . . . not only to refrain from proceeding to trial but to stay discovery until that issue is decided," *Kennedy*, 797 F.2d at 299, which is what this Court did (Dkt. 861). If the plaintiff's claim survives a motion to dismiss, then district courts can allow discovery to proceed in anticipation of

14

summary judgment proceedings on the issue of qualified immunity. *Kennedy*, 797 F.2d at 299, citing *Mitchell*, 472 U.S. at 527.

Here, because of the multiple amendments Plaintiffs made to their complaints, it remains to be seen whether the claims against State Defendants will survive their motions to dismiss, so discovery against them properly remains stayed. But State Defendants concede that if the claims against them survive, they will be subject to limited discovery that is "tailored specifically to the question of . . . qualified immunity" in anticipation of summary judgment motions. *Anderson*, 483 U.S. at 646, n. 6.

## CONCLUSION AND RELIEF REQUESTED

State Defendants respectfully request that the Court enter a protective order prohibiting their depositions until the threshold question of their qualified immunity is fully resolved, at which time the Court would consider the scope of discovery that will be allowed against State Defendants, and at whose expense.

Respectfully submitted,

*/s/Nathan A. Gambill*
Richard S. Kuhl (P42042)
Margaret A. Bettenhausen (P75046)

15

Nathan A. Gambill (P75506)
Assistant Attorneys General
Environment, Natural Resources,
and Agriculture Division
Attorneys for State Defendants
P.O. Box 30755
Lansing, MI 48909
(517) 335-7664
kuhlr@michigan.gov
bettenhausenm@michigan.gov
Dated:  January 23, 2020            gambilln@michigan.gov

## CERTIFICATE OF SERVICE

I hereby certify that on January 23, 2020 I electronically filed the

above document(s) with the Clerk of the Court using the ECF System,

which will provide electronic copies to counsel of record.  A copy of this

document was sent via U.S. mail to the chambers of Honorable Judith

E. Levy.

Respectfully submitted,

*/s/Nathan A. Gambill*
Richard S. Kuhl (P42042)
Margaret A. Bettenhausen (P75046)
Nathan A. Gambill (P75506)
Assistant Attorneys General
Environment, Natural Resources,
and Agriculture Division
Attorneys for State Defendants
P.O. Box 30755
Lansing, MI 48909
(517) 335-7664
kuhlr@michigan.gov
bettenhausenm@michigan.gov
gambilln@michigan.gov

S:\CEPB3\ENRA_FlintWater\USDC-Waid (AG# 2016-0131314-A)\Pleadings\Final (Word Versions)\~In re Flint\Motion for Protective Order\Motion for Protective Order 2020-01-23.docx