UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| IN RE FLINT WATER CASES | No. 5:16-cv-10444-JEL-MKM (consolidated)<br>Hon. Judith E. Levy |

### THE VNA DEFENDANTS' BRIEF CONCERNING MATERIALS OBTAINED PURSUANT TO INVESTIGATIVE SUBPOENAS

Pursuant to the Court's February 27, 2020 Order, Defendants Veolia North America, LLC, Veolia North America, Inc., and Veolia Water North America Operating Services, LLC ("the VNA Defendants") submit this Brief to address whether parties may refuse to produce documents (including transcripts of testimony and sworn statements) in their possession on the basis that state prosecutors obtained these materials when investigating criminal charges against City of Flint employees and state officials who are Defendants in this litigation ("Government Defendants"). At the direction of the State Attorney General's Office, Government Defendants have objected to producing such materials—including transcripts and other documents they received from the prosecutor in the criminal cases—purportedly because Michigan law prohibits their disclosure. And the Attorney General has likewise objected to producing such materials.

For at least three reasons, these objections are baseless.

First, although Michigan law may require the *State* to refrain from disclosing certain investigative materials, it does nothing to restrict the VNA Defendants' right to obtain such materials from anyone else who may possess them. Thus, the VNA Defendants should be able to pursue discovery of any materials in Government Defendants' possession—even if Government Defendants previously received them from or produced them to the prosecutor (pursuant to subpoena or otherwise).

Second, Michigan law bars the State from disclosing only investigatory materials obtained by means of a *subpoena*. The VNA Defendants have a right to materials obtained in other ways. Thus, they are not barred from pursuing discovery against Government Defendants—or, for that matter, the State—of any materials collected by the state prosecutor that were not obtained by means of a subpoena.

Third, the prohibition against disclosing investigative materials is ***not absolute***, but rather may be overcome upon a showing of need. Because the VNA Defendants will be severely prejudiced if they cannot obtain materials that relate directly to their nonparty-at-fault defenses, they should be able to pursue discovery of all materials collected in the criminal cases from any party or nonparty.

## BACKGROUND

Over two years ago, the Court considered whether MCL 767A.8 prohibited Government Defendants from producing documents previously obtained by the State prosecutor during his then-pending criminal investigations. *See* Transcript of

1/11/2018 Status Conference, Dkt. 351, at 89–100.  The Court expressed the belief that the statute "may not pose an obstacle" to such discovery.  *Id*. at 95.

This issue, however, remains unresolved.  Government Defendants—including Howard Croft and Daugherty Johnson—continue to withhold materials from the VNA Defendants and from Plaintiffs on the ground that their disclosure is prohibited by MCL 767A.8.  See Ex. A at 7; Ex. B, *passim*.[1]  Government Defendants have relied on email communications with the Michigan Solicitor General, who instructed them that under MCL 767A.8, they "are precluded from divulging … materials in [their] possession that were gathered pursuant to investigative subpoenas."  Ex. C at 2; *see also* Ex. D at 1.[2]  The Michigan Attorney General's Office also repeatedly cited MCL 767A.8 in objecting to the VNA Defendants' subpoena for the production of documents.  See Ex. E, *passim*.[3]

The VNA Defendants cannot know for certain what materials have been withheld—as no parties relying on the statute have produced a privilege log.  But

---

[1]   Exhibit A attached hereto is Defendant Howard D. Croft's Response To Putative Class Plaintiffs' And Individual Plaintiffs' Requests For Production Of Documents, dated 9/13/2019.  Exhibit B attached hereto is Daugherty Johnson's Amended Response To The Subpoena To Produce Documents, dated 10/21/2019.

[2]   Exhibit C attached hereto is email correspondence dated 9/9/2019 and 9/11/2019 between Solicitor General Hammoud and counsel for Defendants Howard Croft and Darnell Earley.  Exhibit D attached hereto is a 10/14/2019 email from Solicitor General Hammoud to counsel for Defendant Daugherty Johnson.

[3]   Exhibit E attached hereto is the Objections and Responses of the Department of Attorney General To Subpoena For Production of Documents, dated 8/8/2019.

3

the parties' own statements indicate that they have broadly refused to produce *any* of the materials provided to them by state prosecutors in connection with the now-terminated criminal cases. Government Defendants have explained that Todd Flood, the special prosecutor, provided to them "hundreds of gigabytes of data consisting of an estimated *millions of pages of documents*"—including but not limited to "transcripts of depositions." Ex. A at 6-7 (emphasis added); *see also* Ex. F at 1 (same).[4] Although "some are marked confidential and indicate that they were the product of an investigative subpoena," "*the vast majority* of the documents are *not* marked as the product of an investigative subpoena." Ex. C at 1 (emphasis added). Even so, Government Defendants have withheld *all* these documents—even though the Solicitor General told them that only materials obtained by investigative subpoena are non-disclosable. *Id*. at 2 ("If you have any doubt whether a particular document initially was obtained pursuant to an investigative subpoena, please contact me and I will get clarification from my team."); Ex. D at 1 (same).

## ARGUMENT

Like the Court, the VNA Defendants are committed to keeping to the schedule set for the first bellwether trials, consistent with their due process right to put on "every available defense." *Lindsey v. Normet*, 405 U.S. 56, 66 (1972). That

---

[4] Exhibit F attached hereto is a 10/19/2019 letter from counsel for Defendant Daugherty Johnson to counsel for the VNA Defendants.

4

objective would unquestionably be advanced by providing both the VNA Defendants and Plaintiffs with access to transcripts of testimony, sworn statements, and other materials generated in connection with the now-concluded criminal proceedings. The Attorney General's and Government Defendants' blanket refusal to disclose those materials pursuant to MCL 767A.8 is baseless. Indeed, from all appearances a substantial amount of the material in question is not covered by MCL 767A.8 at all; and whatever materials are covered by that statute should be turned over anyway because the VNA Defendant's need for the materials and the public interest in their disclosure far exceeds any benefit associated with keeping them secret.

> MCL 767A.8 provides:
>
> [R]ecords, documents, and physical evidence obtained by the prosecuting attorney pursuant to an investigation under this chapter are confidential and shall not be available for public inspection or copying or divulged to any person except as otherwise provided in this chapter. Material and information obtained under this act are exempt from disclosure under the freedom of information act, … being sections 15.231 to 15.246 of the Michigan Compiled Laws.

MCL 767A.8. "[A]n investigation under this chapter" (*id.*) means an investigation by means of a subpoena obtained by state prosecutors pursuant to MCL 767A.2–4.

For three reasons, the MCL 767A.8's limited prohibition against disclosing materials obtained by means of an investigative subpoena does not preclude this Court from ordering that documents (including transcripts of testimony and sworn

5

statements) either obtained from or gathered by state prosecutors be produced to the VNA Defendants.

  1. First, MCL 767A.8 does not exempt Government Defendants or any other non-State parties from the duty to produce documents in civil discovery. As this Court appropriately remarked two years ago, the statute on its face limits only what the **State** is permitted to divulge. *See* Dkt. 351, at 95 (statute applies only to "the prosecuting attorney," "who's a governmental entity who could be subject to FOIA"). The statute does not give the State authority to order private individuals to refrain from disclosing any materials in their possession. And certainly, the statute does not give private individuals an independent right to refuse to disclose materials that they either received from or provided to the State prosecutor in a criminal case.

  In sharp contrast, the Michigan Grand Jury Act—on which MCL 767A.8 was "modelled" (*Truel v. City of Dearborn*, 804 N.W.2d 744, 750 n.2 (Mich. Ct. App. 2010))—expressly forbids "a person" from "publish[ing] or mak[ing] known to any other person any testimony or exhibits … obtained … in connection with" grand jury inquiries on pain of criminal penalties.[5] MCL 767.19f(1). It is a cardinal rule of statutory construction that "[w]hen the Legislature includes a provision in one statute and omits the provision in a related statute, the Court should construe the omission

---

[5] No party has suggested that the Grand Jury Act applies to the investigative materials that the VNA Defendants are seeking.

as intentional and should not include an omitted provision where none exists." *Wolverine Power Coop. v. Dep't of Envtl. Quality*, 777 N.W.2d 1, 10 (Mich. Ct. App. 2009).

Michigan case law confirms that MCL 767A.8 is inapplicable when parties in civil litigation seek discovery from private individuals. The only circumstance in which Michigan courts have held that MCL 767A.8 restricts a civil litigant's right to take discovery is when a litigant sought to obtain discovery ***from a prosecutor***. *See Truel*, 804 N.W.2d at 751. In that case, the Michigan Court of Appeals reversed the trial court's order granting a motion to compel third-party discovery from the Wayne County Prosecutor's Office, ruling that under MCL 767A.8 "defendants … are not entitled to the transcripts" in question. *Id.*; *see also Moody v. Mich. Gaming Control Bd.*, 2013 WL 3013862, at *2, *5 (E.D. Mich. June 18, 2013) (under MCL 767A.8, plaintiffs were "not entitled" to transcript of one plaintiff's immunized statement obtained by Special Assistant Attorney General in connection with investigation of race-fixing scheme). But no Michigan court has applied MCL 767A.8 to restrict civil discovery of materials in the possession of a private party.

Therefore, Government Defendants may not refuse to disclose materials in their possession to the VNA Defendants under MCL 767A.8—regardless of whether they may have obtained those materials from or provided them to the State

7

prosecutor.⁶  As one court outside Michigan has explained in applying a statute similar to MCL 767A.8, a party who is "the subject of the alleged investigation, rather than the law enforcement agency conducting it," may not assert an "'investigative' privilege." *Jean D. v. Cuomo*, 1993 WL 276067, at *1 (S.D.N.Y. July 20, 2013) (citing *King v. Conde*, 121 F.R.D. 180, 192 (E.D.N.Y. 1988)) (rejecting defendants' "assertion that their interest in the confidentiality of the investigation is 'similar to that of DoJ'"); *see* N.Y. Civ. Rights Law § 50–a.⁷

2.  Second, even when MCL 767A.8 applies, the statute forbids disclosure only of materials that the prosecutor obtained by means of an investigative subpoena. The Solicitor General has confirmed this plain implication of the statutory language in her communications with Government Defendants.  *See* Ex. C at 2; Ex. D at 1.

---

⁶  At one time, these materials may have been protected from disclosure by the protective orders filed in the criminal cases in which the special prosecutor turned them over to Government Defendants.  *See* MCR 6.201(E).  Even if that was so, however, the criminal cases have all been closed, and the protective orders filed in them have expired by their own terms.  Thus, the protective orders can no longer prevent discovery of materials obtained from the state prosecutors.

⁷  In any event, MCL 767A.8 does not create a "privilege." The statute's plain language does not afford prosecutors a choice whether to disclose materials that were obtained pursuant to an investigative subpoena, which is the hallmark of a privilege.  *See* Bryan A. Garner, *Black's Law Dictionary* 1449 (11th ed. 2019) ("A privilege grants someone the legal freedom to do or not to do a given act.").  And as noted above, it also does not provide the prosecutor (the ostensible privilege holder here) with a right to forbid another party from disclosing communications to others, which is another common feature of a privilege (e.g., the attorney-client privilege, the doctor-patient privilege, and the clerical privilege).

8

Therefore, no party may refuse to disclose materials to the VNA Defendants under MCL 767A.8 if those materials were not obtained pursuant to an investigative subpoena. Both Government Defendants and the Solicitor General have indicated that many of the millions of pages of documents that the prosecutor produced to Government Defendants may *not* have been obtained by investigative subpoenas. *See* Ex. C at 1-2. Moreover, neither the State nor any Government Defendants has provided evidence that *any* materials that are being withheld were obtained by state prosecutors pursuant to a validly issued subpoena. The VNA Defendants have a right to obtain discovery of any documents and testimony that were not subpoenaed.

For the same reasons, the VNA Defendants have a right to obtain discovery of any materials that Government Defendants produced *to* the State prosecutor—pursuant to a subpoena or otherwise. Such materials necessarily were in Defendants' possession independently of the State's investigation and were not obtained by Defendants as a result of a subpoena. Even if MCL 767A.8 did permit Defendants to withhold investigative materials in their possession from discovery—and it does not—MCL 767A.8 cannot possibly authorize Government Defendants to withhold investigative materials simply on the ground that they produced those materials to the State.[8] Indeed, this Court previously rejected Government Defendants'

---

[8] This would be no less true if Government Defendants no longer possess the originals of documents they produced to prosecutors—as Defendant Howard Croft

9

argument that they are obligated to withhold such materials from discovery. *See* Dkt. 351, at 97 (MCL 767A.8 "can't possibly mean" that parties may refuse to produce "documents [they] produced to the state attorney general or special prosecutor").

3. Third, if contrary to the VNA Defendant's reading of the statute's plain language (*see supra* n.7), the Court concludes that MCL 767A.8 creates a "privilege" that extends to materials that are in the possession of third parties, that privilege would be a qualified one. No Michigan court has held that MCL 767A.8 absolutely protects from disclosure materials obtained by State prosecutors. Moreover, it is well-established that the judge-made "investigatory privilege" "is qualified," and the "public interest in nondisclosure must be balanced against the need of a particular litigant for access to the privileged information." *In re Sealed Case*, 856 F.2d 268, 272 (D.C. Cir. 1988); *accord, e.g.*, *Dellwood Farms, Inc. v. Cargill, Inc.*, 128 F.3d 1122, 1125 (7th Cir. 1997); *Jabara v. Kelley*, 75 F.R.D. 475, 493 (E.D. Mich. 1977).

The VNA Defendants' need for the materials outweighs any interest the State may have in maintaining their confidentiality.

The State can have little interest in maintaining the secrecy of materials obtained during past criminal investigations. The criminal cases have been closed,

---

has claimed (Ex. A at 6)— and if the only copies of those documents now in their possession were transmitted to them electronically by the prosecutors.

10

and while the investigations are purportedly ongoing, there is no indication that the State intends to file new criminal charges—indeed, the limitations periods on many counts previously brought against Government Defendants have already run. Further, the State has already produced these same materials to other Defendants. As the materials presumably are factual, their disclosure is unlikely to chill government functions like deliberation or self-evaluation. And no one has claimed that sensitive information like the identities of informants would be revealed.

In contrast, the VNA Defendants' need for documents and information obtained by state prosecutors in connection with their criminal investigations is substantial. Because these materials were obtained by prosecutors to prove Government Defendants' criminal liability, they directly relate to the VNA Defendants' defense that other defendants—including Government Defendants—are to blame for the Flint Water Crisis. And the VNA Defendants have no other way to obtain these materials if the Court does not order the parties in this litigation to produce them to the VNA Defendants in discovery.

Moreover, the public interest strongly favors disclosure of the materials in question. Most obviously, disclosure of transcripts and sworn statements would obviate or at least substantially reduce the need to depose the individuals who provided the testimony in question. That in turn would help ensure that the

bellwether trials are able to proceed as scheduled. Needless to say, the public has a strong interest in the expeditious resolution of this litigation.

The balance of the factors thus weighs strongly in favor of requiring parties to provide the VNA Defendants with Individual Government Defendants' criminal files. *See In re Sealed Case*, 856 F.2d at 272 (identifying factors relevant to balancing "interest in nondisclosure" against litigant's "need" "for access").

***

For these reasons, the Court should order that the VNA Defendants be permitted to seek discovery of materials obtained by state prosecutors. To summarize:

- Because MCL 767A.8 does not prohibit non-State parties from divulging materials in their possession, the VNA Defendants may seek discovery from Government Defendants of any materials they possess.

- Because MCL 767A.8 prohibits the State only from divulging documents that were obtained by means of an investigative subpoena, the VNA Defendants may seek discovery from any party or nonparty— including Government Defendants as well as the State—of any investigative materials that prosecutors did not obtain pursuant to a subpoena.

- Because MCL 767A.8's prohibition against divulging investigative materials may be overcome by a showing of good cause, and the VNA Defendants have good cause to obtain those materials here, the VNA Defendants may seek discovery from any party or nonparty of all materials previously obtained by state prosecutors. As the VNA Defendants have a fundamental right to defend themselves in this litigation, they may even seek discovery from the State of relevant materials obtained by subpoena, even if those materials have not been shared with Government Defendants.

If the Court determines that any materials obtained by state prosecutors might be protected from civil discovery, however, the Court should—at a minimum—order any party withholding documents and transcripts under MCL 767A.8 to provide a log of the documents that have been withheld as well as the party's basis for withholding them. *See* Fed. R. Civ. P. 26(b)(5)(A) ("When a party withholds information otherwise discoverable by claiming that the information is privileged …, the party must … describe the nature of the documents … in a manner that … will enable other parties to assess the claim."). In particular, the Court should require logs that will enable the VNA Defendants to assess whether the withheld

documents were obtained pursuant to an investigative subpoena as well as whether the State can legitimately assert any interest in refusing to disclose such documents.[9]

## CONCLUSION

The Court should rule that parties may not withhold documents (including testimony and sworn statements) previously obtained by, provided to, or obtained from state prosecutors. If the Court determines that any such materials may be protected from discovery, the Court should require any party withholding such materials to produce a log identifying the documents withheld as well as the party's basis for withholding them.

---

[9] Practically speaking, the State likely would have to prepare any such log—because other parties have claimed that they cannot tell whether materials in their possession were obtained by subpoena. *E.g.*, Ex C at 1. Nor would other parties be in any position to identify the State's interests in non-disclosure.

Respectfully submitted,

| | |
|---|---|
| **CAMPBELL, CONROY & O'NEIL P.C.** | **BUSH SEYFERTH PLLC** |
| By: /s/ *James M. Campbell* | By: /s/ *Cheryl A. Bush* |
| James M. Campbell | Cheryl A. Bush (P37031) |
| Alaina N. Devine | Michael R. Williams (P79827) |
| One Constitution Wharf, Suite 310 | 100 W. Big Beaver Road, Suite 400 |
| Boston, MA 02129 | Troy, MI 48084 |
| (617) 241-3000 | (248) 822-7800 |
| jmcampbell@campbell-trial-lawyers.com | bush@bsplaw.com |
| adevine@campbell-trial-lawyers.com | williams@bsplaw.com |

*Attorneys for Veolia North America, LLC, Veolia North America, Inc., and Veolia Water North America Operating Services, LLC*

Dated:  March 9, 2019

## CERTIFICATE OF SERVICE

I hereby certify that on March 9, 2020, I electronically filed the foregoing document with the Clerk of the Court using the ECF System, which will send notification to the ECF counsel of record.

By: /s/ *James M. Campbell*
James M. Campbell
jmcampbell@campbell-trial-lawyers.com