# EXHIBIT A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

*In re* Flint Water Cases

Carthan v. Snyder
Case No: 5:16-cv-10444
(consolidated)

Honorable Judith E. Levy
United States District Judge

Magistrate Mona K. Majzoub

_____

**DEFENDANT HOWARD D. CROFT'S RESPONSE TO
PUTATIVE CLASS PLAINTIFFS' AND INDIVIDUAL PLAINTIFFS'
REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT
HOWARD CROFT**
_____

**NOW COMES** Defendant Howard D. Croft ("Mr. Croft"), by and through his attorney Alexander S. Rusek of White Law PLLC, and, in accordance with Fed. R. Civ. P. 26 and 34, for his Response to Putative Class Plaintiffs' and Individual Plaintiffs' Requests for Production of Documents to Defendant Howard Croft ("Response") states:

## OBJECTIONS

1. This Response does not constitute a waiver of Mr. Croft's Fifth and Fourteenth Amendment rights under the United States Constitution nor his rights under Article 1, Section 17 of the Michigan Constitution in any way.

1

Mr. Croft does not waive any rights in regards to this matter and he does not waive his rights in any other matters that are related in any way to these proceedings, including, but not limited to, Case No.: 16-TC2850-FY formerly pending in the 67th District Court for the County of Genesee. This Response is not verified by Mr. Croft nor made under oath by Mr. Croft. This Response is made only pursuant to orders of the Honorable Judith E. Levy, including, but not limited to, the First Amended Case Management Order [Dkt. 889], and is subject to all objections asserted in the past, presently asserted, or that may be asserted in the future.

2. The Response is submitted based upon the information currently available to Mr. Croft and is therefore subject to amendment, modification, or change should Mr. Croft hereafter acquire different or further information necessitating such amendment, modification, or change or deeming the same appropriate or advisable. Further, to the extent an objection is made, the objection is predicated upon the advice of counsel.

3. Mr. Croft objects to each definition, instruction, and document request, to the extent that it seeks documents protected from disclosure by the attorney-client privilege, deliberative process privilege, attorney work product doctrine, or any other applicable privilege. Should any such disclosure by Mr. Croft or

other defendant or party occur, it is inadvertent and shall not constitute a waiver of any privilege.

4. Mr. Croft objects to the definition of "You" in Putative Class Plaintiffs' and Individual Plaintiffs' Requests for Production of Documents to Defendant Howard Croft (the "Requests") insofar as it requests documents subject to the attorney-client privilege, deliberative process privilege, attorney work product doctrine, or any other applicable privilege.

5. Mr. Croft objects to each instruction, definition, and document request contained within the Requests to the extent that it purports to impose any requirement or discovery obligation greater than or different from those under the Federal Rules of Civil Procedure and the applicable Rules and Orders of the Court.

6. Mr. Croft objects to each instruction, definition, and document request contained within the Requests to the extent that it purports to impose any requirement or discovery obligation greater than or different from those under the First Amended Case Management Order [Dkt. 889].

7. Mr. Croft objects to each document request that is not relevant, overly broad, unduly burdensome, or not reasonably calculated to lead to the discovery of admissible evidence.

8. Mr. Croft objects to each definition, instruction, and document request as overbroad and unduly burdensome to the extent it seeks documents that are readily or more accessible to Plaintiffs from Plaintiffs' own files or documents that any defendant has previously produced to Plaintiffs or their counsel through FOIA requests or other means. Responding to such requests would be oppressive, unduly burdensome and unnecessarily expensive, and the burden of responding to such requests is substantially the same or less for Plaintiffs as for Mr. Croft. This same objection applies with regard to, but is not limited to, documents previously produced by any other defendant, including the City of Flint and State of Michigan, to any counsel for the Plaintiffs.

## RESPONSES TO REQUESTS FOR PRODUCTION OF DOCUMENTS

1. All Documents and Communications Relating to your resume or curricula vitae.

   **RESPONSE:** Mr. Croft's resume is attached as Exhibit A to this Response. Mr. Croft's resume has been redacted to remove personal information and is Bates Number: Croft - 0000002634.

2. All Documents and Communications Relating to papers and presentations Related to your professional knowledge, education, and training which you authored, contributed to, or delivered to any audience.

**RESPONSE:** Mr. Croft does not believe that he is in possession of any responsive materials to this request.

3. All Documents and Communications Relating to your continuing professional education after taking employment with the City of Flint.

**RESPONSE:** Mr. Croft has identified documents responsive to this request that are currently in his possession. The responsive documents are attached to this Response as Exhibit B. The responsive documents are marked with Bates Numbers: Croft – 0000002635 to Croft – 0000002646.

4. All Documents and Communications Relating to your employment with the City of Flint that you have in your possession, regardless of whether the City of Flint authorized you to take them or keep copies of them.

**RESPONSE:** Mr. Croft produced responsive documents in his possession to all parties in this matter on March 18, 2018. The produced documents are Bates Numbered CROFT – 0000000001 to CROFT – 0000002633. Further, Mr. Croft voluntarily produced an unknown quantity of hard-copy documents

5

to former Michigan Attorney General Special Counsel Todd F. Flood without the assistance of counsel in 2016. Mr. Croft does not remember what the contents of the hard-copy documents produced to Mr. Flood are at this time and Mr. Croft is not in possession of the hard-copy documents produced to Mr. Flood. Mr. Croft does not have knowledge as to the current location of these documents, but upon information and belief, believes them to still be in the possession of the Michigan Attorney General. In regards to all other emails and other communications, the City of Flint, the Michigan Attorney General, or other parties are in possession of those documents and materials.

Mr. Croft further states that between December 2016 and June 2019 he was charged with criminal offenses by the Michigan Attorney General in Case No.: 16-TC2850-FY in the 67th District Court for the County of Genesee. During the course of that matter, the Michigan Attorney General, by and through Mr. Flood, produced hundreds of gigabytes of data consisting of an estimated millions of pages of documents to Mr. Croft pursuant to Michigan Court Rule 6.201, *et seq*. and the Court's orders in Case No.: 16-TC2850-FY. The materials were consistently produced in a disorganized and disjointed manner to Mr. Croft. Upon information and belief, other defendants in related criminal prosecutions received discovery from Mr. Flood in a similarly

disorganized and disjointed manner and also received discovery different from that produced to Mr. Croft.

A portion of the produced documents were transcripts of depositions taken pursuant to investigative subpoenas issued, upon information and belief, pursuant to M.C.L. 767A.1, *et seq*. M.C.L. 767A.8 states that:

> Petitions for immunity, orders of immunity, transcripts of testimony delivered to witnesses pursuant to grants of immunity, and records, documents, and physical evidence obtained by the prosecuting attorney pursuant to an investigation under this chapter are confidential and shall not be available for public inspection or copying or divulged to any person except as otherwise provided in this chapter. Material and information obtained under this act are exempt from disclosure under the freedom of information act, Act No. 442 of the Public Acts of 1976, being sections 15.231 to 15.246 of the Michigan Compiled Laws.

Mr. Croft has sought clarification from the current Solicitor General for the State of Michigan, the current head of the criminal investigation into the Flint Water Crisis, as to the Michigan Attorney General's position regarding materials previously produced to Mr. Croft by Mr. Flood. The Solicitor General has set forth that any materials produced to Mr. Croft by Mr. Flood that were gathered pursuant to investigative subpoenas are confidential under M.C.L. 767A.8 and thus Mr. Croft is prohibited from divulging those materials under Michigan law and jurisprudence. *See* Exhibit C – Emails

Between Mr. Croft's Counsel, Mr. Earley's Counsel, and the Solicitor General. Therefore, Mr. Croft objects to this request insofar that it demands production of documents produced to Mr. Croft in Case No.: 16-TC2850-FY.

5. All Documents and Communications Relating to your Communications with Veolia.

   **RESPONSE:** See response to Request to Produce Documents No. 4.

6. All Documents and Communications Relating to your Communications with LAN.

   **RESPONSE:** See response to Request to Produce Documents No. 4.

7. All Documents and Communications Relating to your Communications with the State regarding the City of Flint's drinking water.

   **RESPONSE:** See response to Request to Produce Documents No. 4.

8. All Documents and Communications Relating to your Communications with any media outlet regarding the City of Flint's drinking water.

   **RESPONSE:** See response to Request to Produce Documents No. 4.

9. All Documents and Communications regarding the City of Flint's drinking water.

   **RESPONSE:** See response to Request to Produce Documents No. 4.

10. All Documents and Communications Relating to this Action.

    **RESPONSE:** See response to Request to Produce Documents No. 4.

11. All Documents and Communications Relating to any report Related to drinking water in the City of Flint.

    **RESPONSE:** See response to Request to Produce Documents No. 4.

12. All Documents Relating to your training for your work in the position of Director of Public Works for the City of Flint.

    **RESPONSE:** See response to Request to Produce Documents No. 4.

13. All Documents Relating to the performance of your duties in the position of Director of Public Works for the City of Flint.

    **RESPONSE:** See response to Request to Produce Documents No. 4.

14. All Communications with Michael Glasgow, Laboratory and Water Quality Supervisor at the City of Flint's Water Treatment Plant (FWTP), Relating to the City of Flint's decision or potential decision to switch from water supplied by the Detroit Water and Sewage Department (DWSD) to water supplied by the Karegnondi Water Authority (KWA).

**RESPONSE:** See response to Request to Produce Documents No. 4.

15. All Communications with Warren Green of Lockwood, Andrews & Newman, Inc. (LAN) Relating to lead or any other contaminant in the City of Flint's municipal water supply.

**RESPONSE:** See response to Request to Produce Documents No. 4.

16. All Communications with Samir Matta of LAN Relating to lead or any other contaminant in the City of Flint's municipal water supply.

**RESPONSE:** See response to Request to Produce Documents No. 4.

17. All Communications with any State of Michigan officials Relating to lead or any other contaminant in the City of Flint's municipal water supply.

**RESPONSE:** See response to Request to Produce Documents No. 4.

18. All Communications with any Genessee [*sic*] County official Relating to lead or any other contaminant in the City of Flint's municipal water supply.

    **RESPONSE:** See response to Request to Produce Documents No. 4.

19. All Communications with any City of Flint official Relating to lead or any other contaminant in the City of Flint's municipal water supply.

    **RESPONSE:** See response to Request to Produce Documents No. 4.

20. All Communications with the publication *Michigan Live* Relating to the City of Flint's use of Flint River water for the City's municipal water supply.

    **RESPONSE:** See response to Request to Produce Documents No. 4.

21. All Communications with James Henry of the Genessee [*sic*] County Health Department (GCHD) Relating to Legionella illness. [NOTE: This Request is not numbered in Putative Class Plaintiffs' and Individual Plaintiffs' Requests for Production of Documents to Defendant Howard Croft]

    **RESPONSE:** See response to Request to Produce Documents No. 4.

**Respectfully Submitted,**

**Dated: 09/13/2019**              *Attorneys for Defendant*
                                   *Howard Croft*

                                   */s/ Alexander S. Rusek*
                                   ALEXANDER S. RUSEK (P77581)
                                   White Law PLLC
                                   2549 Jolly Road, Suite 340
                                   Okemos, Michigan 48864
                                   Ph.: (517)316-1195
                                   Fax: (517) 316-1197
                                   E: alexrusek@whitelawpllc.com
                                   E: discovery@whitelawpllc.com
                                   E: flint@whitelawpllc.com

_____

## CERTIFICATE OF SERVICE
_____

I hereby certify that on the date below I electronically served Howard D. Croft's Response to Putative Class Plaintiffs' and Individual Plaintiffs' Requests for Production of Documents to Defendant Howard Croft by email to:

1. Interim Co-Lead Counsel Theodore J. Leopold at tleopold@cohenmilstein.com.

2. Interim Co-Lead Counsel Michael L. Pitt at mpitt@pittlawpc.com.

3. Executive Committee for Class Plaintiffs Member Stephen Morrissey at smorrissey@susmangodfrey.com.

4. Executive Committee for Class Plaintiffs Member Paul F. Novak at pnovak@weitzlux.com.

5. Executive Committee for Class Plaintiffs Member Peretz Bronstein at peretz@bgandg.com.

6. Executive Committee for Class Plaintiffs Member Teresa A. Bingman at tbingman@tbingmanlaw.com.

7. Executive Committee for Class Plaintiffs Member Esther E. Berezofsky at eberezofsky@motleyrice.com.

8. Liaison Counsel for Individual Plaintiffs Corey M. Stern at cstern@levylaw.com and rwalker@levylaw.com.

13

I further certify that I served all other counsel of record in this matter by email using the listserv FederalWaterCasesAllParties@butzel.com which will send an electronic copy to each counsel of record.

**Respectfully Submitted,**

**Dated: 09/13/2019**　　　　　　　　　*Attorneys for Defendant*
　　　　　　　　　　　　　　　　　　　　*Howard Croft*

　　　　　　　　　　　　　　　　　　　　*/s/ Alexander S. Rusek*＿＿＿＿＿＿
　　　　　　　　　　　　　　　　　　　　ALEXANDER S. RUSEK (P77581)
　　　　　　　　　　　　　　　　　　　　White Law PLLC
　　　　　　　　　　　　　　　　　　　　2549 Jolly Road, Suite 340
　　　　　　　　　　　　　　　　　　　　Okemos, Michigan 48864
　　　　　　　　　　　　　　　　　　　　Ph.: (517)316-1195
　　　　　　　　　　　　　　　　　　　　Fax: (517) 316-1197
　　　　　　　　　　　　　　　　　　　　E: alexrusek@whitelawpllc.com
　　　　　　　　　　　　　　　　　　　　E: discovery@whitelawpllc.com
　　　　　　　　　　　　　　　　　　　　E: flint@whitelawpllc.com