# EXHIBIT B

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

*In Re* Flint Water Cases

No. 5:16-cv-10444

HON. JUDITH E. LEVY

MAG. MONA K.
MAJZOUB

---

### DAUGHERTY JOHNSON'S AMENDED RESPONSE TO THE SUBPOENA TO PRODUCE DOCUMENTS

To:   Alaina Devine
      Campbell, Conroy & O'Neill, P.C.
      1 Constitution Wharf, Suite 310
      Boston, MA 02129

---

Daugherty Johnson, a nonparty in the above styled and numbered cause(s) of action, pursuant to Rule 45 of the Federal Rules of Civil Procedure, and without waiving any further objection and/or assertions of privilege to any specific documents when or if such documents are identified, hereby serves his amended response to requesting party's subpoena to produce documents.

### OBJECTIONS

The prior served objections are hereby referenced and reinstated within this response.

### NONPARTY'S AMENDED REPONSES TO SPECIFIC DOCUMENTS REQUESTS:



Page **1** of **50**

1. Your complete employment file as a City of Flint employee, including all documents that relate to your discharge. Please note that you are entitled to a complete copy of your personnel file by making a demand for from the department.

**RESPONSE: Subject to the previously asserted objections and without waiving the same, upon reasonable inquiry being made, Nonparty is not in possession of the requested documents, however, Nonparty has provided requesting party authorization for release of his personnel file from the City of Flint. The authorization is attached hereto under DJ PROD RULE 45 Sub 10_21_19 000415.**

2. All documents that constitute various iterations of your resumes or curricula vitae.

**RESPONSE: Subject to the previously asserted objections and without waiving the same, upon reasonable inquiry being made, Nonparty produced the requested documents on September 24, 2019 under bates stamp DJ PROD RULE 45 Sub 9_23_19 000005/000074.**

3. All published papers and presentations related to your professional knowledge, education, and training which you authored, contributed to, or delivered to any audience (regardless of whether the publication was a peer reviewed journal).

**RESPONSE: Subject to the previously asserted objections and without waiving the same, upon reasonable inquiry being made, Nonparty is not in possession of the requested documents.**

4. All documents that constitute or demonstrate your continuing professional education after taking employment with the City of Flint.

**RESPONSE: Subject to the previously asserted objections and without waiving the same, upon reasonable inquiry being made, see attached disclosures from Nonparty under DJ PROD RULE 45 Sub 10_21_19 000596. In addition, Nonparty has provided requesting**



**party authorization for release of his personnel file from the City of Flint. The authorization is attached hereto under DJ PROD RULE 45 Sub 10_21_19 000415.**

5.   All documents attributable to the City of Flint that you have in your possession, regardless of whether the City authorized you to take them or keep copies of them.

**RESPONSE: Subject to the previously asserted objections and without waiving the same, upon reasonable inquiry being made, no responsive documents are in Nonparty's possession except those that may exist which are protected under statutory privilege pursuant to MCL 767A.8 and otherwise.** *See October 14, 2019 email from Office of Solicitor General.*

6.   All documents including organizational charts constituting reporting authorities and hierarchies of City of Flint departments and employees over time from 1999 to the present.

**RESPONSE: Subject to the previously asserted objections and without waiving the same, upon reasonable inquiry being made, no responsive documents are in Nonparty's possession except those that may exist which are protected under statutory privilege pursuant to MCL 767A.8 and otherwise.** *See October 14, 2019 email from Office of Solicitor General.*

7.   All documents constituting communications with, or commenting on, current or former City of Flint employees: Emergency Managers Darnell Earley, Gerald Ambrose, Ed Kurtz, and Michael Brown; Mayor Dayne Walling; Brent Wright Water Plant Supervisor); Howard Croft (Director of Flint Department of Public Works); Michael Glasgow (Water Quality Specialist); and Natasha Henderson (City Administrator).

**RESPONSE: Subject to the previously asserted objections and without waiving the same, upon reasonable inquiry being made, See Nonparty's Disclosures from 09/24/19**



**beginning at bates stamp DJ PROD RULE 45 Sub 9_23_19 000101/000228, otherwise documents may exist which are protected under statutory privilege pursuant to MCL 767A.8 and otherwise.** *See October 14, 2019 email from Office of Solicitor General.*

8. All documents constituting communications with, or commenting on, current or former MDEQ officials or employees, including Liane Shekter-Smith (Chief, Division of Drinking Water and Municipal Assistance); Bradley Wurfel (Communications Director); Eric Oswald (Director, Division Drinking Water and Municipal Assistance); Richard Benzie (Assistant Division Director, Division Drinking Water and Municipal Assistance); Stephen Busch (District Supervisor, Lansing Office, Division Drinking Water and Municipal Assistance); Adam Rosenthal (Water Quality Analyst, Lansing District Office, Division Drinking Water and Municipal Assistance); Patrick Cook (Water Treatment Specialist, Lansing Office, Division Drinking Water and Municipal Assistance ); Michael Prysby (Engineer, District 11 [Genesee County] Division Drinking Water and Municipal Assistance); Jim Sygo (Deputy Director); and Keith Creagh (MDEQ Director).

**RESPONSE: Subject to the previously asserted objections and without waiving the same, upon reasonable inquiry being made, See Nonparty's Disclosures from 09/24/19 beginning at bates stamp DJ PROD RULE 45 Sub 9_23_19 000101/000228, otherwise documents may exist which are protected under statutory privilege pursuant to MCL 767A.8 and otherwise.** *See October 14, 2019 email from Office of Solicitor General.*

9. All documents constituting communications with, or commenting on, current or former EPA officials or employees, including Miguel Del Toral (Regulations Manager, Ground Water and Drinking Water Branch), Michael Schock ( Chemist in EPA's National Risk Management Research Laboratory), Jennifer Crooks (Region 5 Michigan Program Manager



Ground Water and Drinking Water Branch), Thomas Poy (Region 5 Chief Ground Water

Drinking Water Branch and Member of the Flint Safe Drinking Water Task Force), Tinka

Hyde (Region 5 Director of the Water Division), Andrea Porter (Region 5 Employee),

Susan Hedman (former Region 5 Administrator), and Gina McCarthy (former EPA

Administrator).

**RESPONSE: Subject to the previously asserted objections and without waiving the**

**same, upon reasonable inquiry being made, see the attached responsive documents**

**that are in Nonparty's possession beginning under DJ PROD RULE 45 Sub 10_21_19**

**000434, except those may exist which are protected under statutory privilege pursuant**

**to MCL 767A.8 and otherwise.** *See October 14, 2019 email from Office of Solicitor*

*General*.

10. All documents and communications with, or relating to, the VNA Defendants, LAN, Rowe,

or any other engineering persons or entities regarding the City of Flint (or its officials and

employees), the Flint River, the FWTP, KWA, DWSD, drinking water for Flint residents

and businesses, the EPA, MDEQ, the Safe Drinking Water Act and its regulations,

legionella or Legionnaires' disease, or the health and safety of Flint residents.

**RESPONSE: Subject to the previously asserted objections and without waiving the same,**

**upon reasonable inquiry being made, no responsive documents are in Nonparty's**

**possession except those may exist which are protected under statutory privilege pursuant**

**to MCL 767A.8 and otherwise.** *See October 14, 2019 email from Office of Solicitor General*.

11. All documents that relate to or comment on Governor Rick Snyder, Treasurer Andy Dillon,

or other past or current officials in the Office of the Governor.



**RESPONSE: Subject to the previously asserted objections and without waiving the same, upon reasonable inquiry being made, See Nonparty's Disclosures from 09/24/19 beginning at bates stamp DJ PROD RULE 45 Sub 9_23_19 000101/000228, otherwise documents may exist which are protected under statutory privilege pursuant to MCL 767A.8 and otherwise.** *See October 14, 2019 email from Office of Solicitor General.*

12. All documents that constitute communications with or about Governor Rick Snyder, Treasurer Andy Dillon, or other past or current officials in the Office of the Governor.

**RESPONSE: Subject to the previously asserted objections and without waiving the same, upon reasonable inquiry being made, no responsive documents are in Nonparty's possession except those may exist which are protected under statutory privilege pursuant to MCL 767A.8 and otherwise.** *See October 14, 2019 email from Office of Solicitor General.*

13. All documents constituting statements or testimony given by you to any state or federal agency, official, or investigator in reference to the Flint Water Treatment Plant or the drinking water distributed by it to Flint residents and businesses.

**RESPONSE: Nonparty objects to this request as it is overly broad, vague, ambiguous, unduly burdensome and not reasonably specific as the request is made without limitation, reasonable time period or adequate particularity to relevant subject matter. Nonparty further objects to the extent it calls for production of documents that are not in the nonparty's possession, custody or control but are within the possession, custody or control of a third party. Nonparty further objects to this request to the extent it requests documents that are publicly available or equally accessible to the requesting party. Nonparty further objects to the extent the requested documents are unreasonably cumulative or duplicative as to discovery that has been obtained or could otherwise be**



**obtained from a third party. Further, Nonparty objects to this request as it seeks items**
**that are not relevant to the claims in this case and not reasonably calculated to lead to the**
**discovery of admissible evidence and/or otherwise outside of the scope of discoverable**
**information.  Further, Nonparty objects to this request to the extent that it calls for the**
**production of documents subject to the attorney-client privilege, legislative privilege,**
**investigative and law enforcement privilege, attorney work-product doctrine, and any**
**other applicable privileges.**

**Subject to the previously asserted objections and without waiving the same, upon**
**reasonable inquiry being made, See Nonparty's Disclosures from 09/24/19 beginning at**
**bates stamp DJ PROD RULE 45 Sub 9_23_19 000101/000228, otherwise documents may**
**exist which are protected under statutory privilege pursuant to MCL 767A.8 and**
**otherwise.** *See October 14, 2019 email from Office of Solicitor General.*

14. All documents, including communications, proffers of testimony, and draft and final plea
     agreements, exchanged between you (and your attorneys) and the State of Michigan (and
     its prosecutors, agents, and investigators).

**RESPONSE: Subject to the previously asserted objections and without waiving the same,**
**upon reasonable inquiry being made, See Nonparty's Disclosures from 09/24/19**
**beginning at bates stamp DJ PROD RULE 45 Sub 9_23_19 000101/000228, otherwise**
**documents may exist which are protected under statutory privilege pursuant to MCL**
**767A.8 and otherwise.** *See October 14, 2019 email from Office of Solicitor General.*
**Moreover, communications by counsel on behalf of Nonparty exists however are being**
**withheld from disclosure under a claim of privilege/work product.**



15. All documents (including reports, data, engineering drawings, photographs, images, films, and videotapes) in your possession regardless of the author or source pertaining to **the Flint Water Treatment Plant _personnel_** (including you and all other supervisory officials whether working at the Plant or elsewhere) for the period of time **_from 1964 when the City of Flint began purchasing water from the Detroit Water and Sewer Department until April 2014_** when the City of Flint ended its relationship with DWSD and the following topics:

    a. Their education, training, and experience warranting the issuance of MDEQ licenses to them;

    b. Their licenses;

    c. Their actual experience in operating the Flint Water Treatment Plant generally;

    d. Their actual experience in treating raw water **_drawn from the Flint River_** at the Flint Water Treatment Plant and then distributing treated Flint River water to Flint residents and businesses;

    e. Their actual experience in treating raw surface water **_drawn from sources like the Flint River_** at water treatment plants like the Flint Water Treatment Plant and then distributing treated surface water to residents and businesses in the communities they served;

    f. The dates, times, and durations that they actually drew water from the Flint River, treated that water at the Flint Water Treatment Plant, and then distributed treated Flint River water to Flint residents and businesses;

    g. Evaluations of their qualifications;



h.  Evaluations of their capabilities to distribute safe drinking water to Flint residents and businesses from raw surface water;

i.  Evaluations of their capabilities to distribute drinking water to Flint residents and businesses from raw surface water that was compliant with the Safe Drinking Water Act;

j.  Evaluations of their knowledge, understanding, and compliance with the Safe Drinking Water Act;

k.  Evaluations of their knowledge, understanding, and compliance with the EPA's lead and copper rule;

l.  Evaluations of their knowledge, understanding, and compliance with the EPA regulatory law mandating optimal corrosion control for communities like Flint with more than 50,000 residents receiving treated water;

**RESPONSE: Subject to the previously asserted objections and without waiving the same, upon reasonable inquiry being made, See Nonparty's Disclosures from 09/24/19 beginning at bates stamp DJ PROD RULE 45 Sub 9_23_19 000101/000228, otherwise documents may exist which are protected under statutory privilege pursuant to MCL 767A.8 and otherwise.** *See October 14, 2019 email from Office of Solicitor General.*

16. All documents (including reports, data, engineering drawings, photographs, images, films, and videotapes) in your possession regardless of the author or source pertaining to **the Flint Water Treatment Plant** for the period of time ***from 1964 when the City of Flint began purchasing water from the Detroit Water and Sewer Department until April 2014*** when the City of Flint ended its relationship with DWSD and the following topics:



a. The specific water treatment and distribution equipment in place in the FWTP over time;

b. The contract documents for the equipment in place in the FWTP over time demonstrating the manufacturers, models, performance specifications, and acquisition and installation dates;

c. The repair, maintenance, and replacement documents for the equipment in place in the FWTP over time;

d. The type and quantities of chemicals used by the FWTP in treating raw water from the Flint River over time;

e. The contract documents demonstrating the manufacturers and distributors, acquisition dates, and quantities of each water treatment chemical used by the FWTP in treating raw water from the Flint River over time;

f. Test protocols used by the FWTP over time to determine the adequacy of treated water for distribution to Flint residents and businesses;

g. Test data establishing the adequacy of treated water for distribution to Flint residents and businesses; and

h. The dates, times, quantities, and durations that the FWTP actually drew water from the Flint River, treated that water, and then distributed treated Flint River water to Flint residents and businesses

**RESPONSE: Subject to the previously asserted objections and without waiving the same, upon reasonable inquiry being made, See Nonparty's Disclosures from 09/24/19 beginning at bates stamp DJ PROD RULE 45 Sub 9_23_19 000101/000228, otherwise**



**documents may exist which are protected under statutory privilege pursuant to MCL 767A.8 and otherwise.** *See October 14, 2019 email from Office of Solicitor General.*

17. Directives, manuals, tutorials, presentations, website postings, and other publications of any sort provided by (or made available by) MDEQ officials and employees regarding the Safe Drinking Water Act, EPA regulations, the Lead and Copper Rule, sampling procedures and techniques for Lead and Copper Rule testing, the implications and considerations attendant to changes in drinking water sources (including changes to the scale or biofilms lining pipes in a regulated community's distribution system), legionella (or legionellosis), or the health and safety of Flint residents.

**RESPONSE: Subject to the previously asserted objections and without waiving the same, upon reasonable inquiry being made, See Nonparty's Disclosures from 09/24/19 beginning at bates stamp DJ PROD RULE 45 Sub 9_23_19 000101/000228, otherwise documents may exist which are protected under statutory privilege pursuant to MCL 767A.8 and otherwise.** *See October 14, 2019 email from Office of Solicitor General.*

18. Directives, manuals, tutorials, presentations, website postings, and other publications of any sort provided by (or made available by) the EPA regarding the Safe Drinking Water Act, EPA regulations, the Lead and Copper Rule, the implications and considerations attendant to changes in drinking water sources (including changes to the scale or biofilms lining pipes in a regulated community's distribution system), legionella (or legionellosis), or the health and safety of Flint residents.

**RESPONSE: Subject to the previously asserted objections and without waiving the same, upon reasonable inquiry being made, See Nonparty's Disclosures from 09/24/19 beginning at bates stamp DJ PROD RULE 45 Sub 9_23_19 000101/000228, otherwise**



**documents may exist which are protected under statutory privilege pursuant to MCL 767A.8 and otherwise.** *See October 14, 2019 email from Office of Solicitor General.*

19. Directives, manuals, tutorials, presentations, website postings, and other publications of any sort provided to (or made available to) Flint Water Treatment Plant officials and employees regarding the Safe Drinking Water Act, EPA regulations, the Lead and Copper Rule, the implications and considerations attendant to changes in drinking water sources (including changes to the scale or biofilms lining pipes in a regulated community's distribution system), legionella (or legionellosis), or the health and safety of Flint residents.

**RESPONSE: Subject to the previously asserted objections and without waiving the same, upon reasonable inquiry being made, See Nonparty's Disclosures from 09/24/19 beginning at bates stamp DJ PROD RULE 45 Sub 9_23_19 000101/000228, otherwise documents may exist which are protected under statutory privilege pursuant to MCL 767A.8 and otherwise.** *See October 14, 2019 email from Office of Solicitor General.*

20. Reports, directives, manuals, tutorials, presentations, website postings, other publications of any sort authored by or attributed to EPA's Miguel Del Toral.

**RESPONSE: Subject to the previously asserted objections and without waiving the same, upon reasonable inquiry being made, no responsive documents are in Nonparty's possession except those that may exist which are protected under statutory privilege pursuant to MCL 767A.8 and otherwise.** *See October 14, 2019 email from Office of Solicitor General.*

21. All documents constituting or reporting on statements and analyses of Flint drinking water, the Flint Water Treatment Plant, and the MDEQ authored or attributed to EPA's Miguel Del Toral.



**RESPONSE: Subject to the previously asserted objections and without waiving the same, upon reasonable inquiry being made, no responsive documents are in Nonparty's possession except those that may exist which are protected under statutory privilege pursuant to MCL 767A.8 and otherwise.** *See October 14, 2019 email from Office of Solicitor General.*

22. All documents constituting or reporting on actions taken by the MDEQ and/or the City of Flint following review of and as consequence of EPA's Miguel Del Toral's statements and analyses of Flint drinking water, the Flint Water Treatment Plant, and the MDEQ.

**RESPONSE: Subject to the previously asserted objections and without waiving the same, upon reasonable inquiry being made, no responsive documents are in Nonparty's possession except those that may exist which are protected under statutory privilege pursuant to MCL 767A.8 and otherwise.** *See October 14, 2019 email from Office of Solicitor General.*

23. All documents related to the investigation and comprehensive performance audit conducted by the EPA Inspector General between February 2016 and April 2018 [as reported in EPA OIG, *Management Weaknesses Delayed Response to Flint Water Crisis*, Report No. 18-P-0221 (July 19, 2018) ("OIG Report")], including the Inspector General's interviews MDEQ's Office of Drinking Water and Municipal Assistance personnel (OIG Report at 11-12), documents provided to the Inspector General, and City of Flint analysis and commentary on the OIG Report.

**RESPONSE: Subject to the previously asserted objections and without waiving the same, upon reasonable inquiry being made, no responsive documents are in Nonparty's possession except those that may exist which are protected under statutory privilege**



**pursuant to MCL 767A.8 and otherwise.** *See October 14, 2019 email from Office of Solicitor General.*

**Subject to the previously asserted objections and without waiving the same, upon reasonable inquiry being made, no responsive documents are in Nonparty's possession except those may exist however are protected under statutory privilege pursuant to MCL 767A.8.** *See October 14, 2019 email from Office of Solicitor General.*

24. All documents constituting or reporting on actions taken following review of and as consequence of the OIG Report.

**RESPONSE: Subject to the previously asserted objections and without waiving the same, upon reasonable inquiry being made, no responsive documents are in Nonparty's possession except those that may exist which are protected under statutory privilege pursuant to MCL 767A.8 and otherwise.** *See October 14, 2019 email from Office of Solicitor General.*

25. All documents related to the comprehensive investigation conducted by the Flint Water Advisory Task Force between October, 2015 to March, 2016 resulting in the Flint Water Advisory Task Force Report issued on March 21, 2016, including interviews of City of Flint personnel, City of Flint documents provided to the Task Force, and analysis and commentary on the Task Force Report.

**RESPONSE: Subject to the previously asserted objections and without waiving the same, upon reasonable inquiry being made, no responsive documents are in Nonparty's possession except those that may exist which are protected under statutory privilege**



pursuant to MCL 767A.8 and otherwise. *See October 14, 2019 email from Office of Solicitor General.*

26. All documents constituting or reporting on actions taken following review of and as consequence of the Flint Water Advisory Task Force Report.

**RESPONSE: Subject to the previously asserted objections and without waiving the same, upon reasonable inquiry being made, no responsive documents are in Nonparty's possession except those that may exist which are protected under statutory privilege pursuant to MCL 767A.8 and otherwise.** *See October 14, 2019 email from Office of Solicitor General.*

27. Reports, directives, manuals, tutorials, presentations, website postings, other publications of any sort, and communications authored by or attributed to Michigan State University Professors Joan Rose or Susan Masten.

**RESPONSE: Subject to the previously asserted objections and without waiving the same, upon reasonable inquiry being made, no responsive documents are in Nonparty's possession except those that may exist which are protected under statutory privilege pursuant to MCL 767A.8 and otherwise.** *See October 14, 2019 email from Office of Solicitor General.*

28. Reports, directives, manuals, tutorials, presentations, website postings, other publications of any sort, and communications authored by or attributed to Virginia Polytechnic Institute and State University Professor Marc Edwards.

**RESPONSE: Subject to the previously asserted objections and without waiving the same, upon reasonable inquiry being made, no responsive documents are in Nonparty's possession except those that may exist which are protected under statutory privilege**



pursuant to MCL 767A.8 and otherwise. *See October 14, 2019 email from Office of Solicitor General.*

29. All documents constituting or reporting on actions taken by the City of Flint following review of and as consequence of Virginia Polytechnic Institute and State University Professor Marc Edwards' statements and analyses of Flint drinking water, the Flint Water Treatment Plant, and the MDEQ.

**RESPONSE: Subject to the previously asserted objections and without waiving the same, upon reasonable inquiry being made, no responsive documents are in Nonparty's possession except those that may exist which are protected under statutory privilege pursuant to MCL 767A.8 and otherwise.** *See October 14, 2019 email from Office of Solicitor General.*

30. Reports, directives, manuals, tutorials, presentations, website postings, other publications of any sort, and communications authored by or attributed to Michigan State University Professor Dr. Mona Hanna-Attisha.

**RESPONSE: Subject to the previously asserted objections and without waiving the same, upon reasonable inquiry being made, See Nonparty's Disclosures from 09/24/19 beginning at bates stamp DJ PROD RULE 45 Sub 9_23_19 000101/000228, otherwise documents may exist which are protected under statutory privilege pursuant to MCL 767A.8 and otherwise.** *See October 14, 2019 email from Office of Solicitor General.*

31. All documents constituting or reporting on actions taken by the City of Flint following review of and as consequence of Michigan State University Professor Dr. Mona Hanna-Attisha's statements and analyses of Flint drinking water, blood lead levels among Flint children, the Flint Water Treatment Plant, and the MDEQ.



**RESPONSE: Subject to the previously asserted objections and without waiving the same, upon reasonable inquiry being made, See Nonparty's Disclosures from 09/24/19 beginning at bates stamp DJ PROD RULE 45 Sub 9_23_19 000101/000228, otherwise documents may exist which are protected under statutory privilege pursuant to MCL 767A.8 and otherwise.** *See October 14, 2019 email from Office of Solicitor General.*

32. All documents (including reports, data, photographs, images, films, and videotapes) in your possession regardless of the author or source pertaining to **the Flint River** and the following topics:

    a. Its history and industrial use;

    b. Its tributaries and flows;

    c. The nature and type of contaminants in it;

    d. The sources of contaminants in it;

    e. State and federal administrative, regulatory, and civil and criminal actions (including Superfund, CERCLA, and RICRA lawsuits about it), its use, its contamination, and health effects attributed to it;

    f. Permits issued (or revoked) related to it, its use, its contamination, and health effects attributed to it;

    g. Scientific, engineering, or environmental studies and tests related to it, its use, its contamination, and health effects attributed to it;

    h. Algal blooms on it or its areas of outflow into Saginaw Bay;

    i. The nature and type of contaminants, chemicals, or other materials causing algal blooms on it or its areas of outflow into Saginaw Bay;



    j.   State and federal administrative, regulatory, and civil and criminal actions about

         algal blooms on it or its areas of outflow into Saginaw Bay; and

    k.   Remediation activities addressing contamination or algal blooms on it

         or its areas of outflow into Saginaw Bay.

**RESPONSE: Subject to the previously asserted objections and without waiving the same, upon reasonable inquiry being made, See Nonparty's Disclosures from 09/24/19 beginning at bates stamp DJ PROD RULE 45 Sub 9_23_19 000101/000228, otherwise documents may exist which are protected under statutory privilege pursuant to MCL 767A.8 and otherwise.** *See October 14, 2019 email from Office of Solicitor General*, or those **data, photographs, or images that constitute work product of counsel for Nonparty. Such work product exists and is not being produced.**

33. All documents (including reports, data, photographs, images, films, and videotapes) in your possession regardless of the author or source pertaining to **the City of Flint and Genesee County** and the following topics:

    a.   Its history and industrial development;

    b.   The nature and type of industrial, commercial, and agricultural activities carried out within those entities over time;

    c.   The nature and type of contaminants, including lead, produced by industrial, commercial, and agricultural activities within those entities over time;

    d.   The sources of contaminants, including lead, within those entities;

    e.   State and federal administrative, regulatory, and civil and criminal actions (including Superfund, CERCLA, and RICRA lawsuits) arising from industrial,



commercial, and agricultural contamination within those entities, the

contaminants of concern, and the health effects attributed to those contaminants;

f. Permits issued (or revoked) related to contamination within those entities and

the health effects attributed to those contaminants;

g. Scientific, engineering, environmental studies and tests, and investigations into

potentially responsible persons ("PRPs") related to contamination within those

entities and the health effects attributed to those contaminants;

h. Lead in the soils and air of those entities; and

i. Reports and analyses of blood lead levels of children in those entities.

**RESPONSE: Subject to the previously asserted objections and without waiving the same,**
**upon reasonable inquiry being made, See Nonparty's Disclosures from 09/24/19**
**beginning at bates stamp DJ PROD RULE 45 Sub 9_23_19 000101/000228, otherwise**
**documents may exist which are protected under statutory privilege pursuant to MCL**
**767A.8 and otherwise.** *See October 14, 2019 email from Office of Solicitor General*, or those
**data, photographs, or images that constitute work product of counsel for Nonparty. Such**
**work product exists and is not being produced.**

34. All documents (including reports, data, photographs, images, films, and videotapes) in your

possession regardless of the author or source pertaining to lead in residential dwelling, soils,

and ambient air.

**RESPONSE: Subject to the previously asserted objections and without waiving the same,**
**upon reasonable inquiry being made, no responsive documents are in Nonparty's**
**possession except those that may exist which are protected under statutory privilege**



**pursuant to MCL 767A.8 and otherwise.** *See October 14, 2019 email from Office of Solicitor General.*

35. All documents (including reports, data, photographs, images, films, and videotapes) in your possession regardless of the author or source pertaining to leaded gasoline and the deposition of lead in soils and ambient air from motor vehicle internal combustion engines.

**RESPONSE: Subject to the previously asserted objections and without waiving the same, upon reasonable inquiry being made, no responsive documents are in Nonparty's possession except those that may exist which are protected under statutory privilege pursuant to MCL 767A.8 and otherwise.** *See October 14, 2019 email from Office of Solicitor General.*

36. All documents (including reports, data, photographs, images, films, and videotapes) in your possession regardless of the author or source analyzing or reporting on General Motors Corporation and its related entity Ethyl Corporation as the developers of leaded gasoline and the primary sources of deposition of lead in soils and ambient air from motor vehicle internal combustion engines.

**RESPONSE: Subject to the previously asserted objections and without waiving the same, upon reasonable inquiry being made, no responsive documents are in Nonparty's possession except those that may exist which are protected under statutory privilege pursuant to MCL 767A.8 and otherwise.** *See October 14, 2019 email from Office of Solicitor General.*



37. All documents (including reports, data, photographs, images, films, and videotapes) in your possession regardless of the author or source pertaining to lead paint and the deposition of lead in residential dwelling, soils, and ambient air attributed to lead paint.

**RESPONSE: Subject to the previously asserted objections and without waiving the same, upon reasonable inquiry being made, no responsive documents are in Nonparty's possession except those that may exist which are protected under statutory privilege pursuant to MCL 767A.8 and otherwise.** *See October 14, 2019 email from Office of Solicitor General.*

38. All documents (including reports, data, photographs, images, films, and videotapes) in your possession regardless of the author or source analyzing or reporting on paint manufacturers and chemical companies as the primary sources of deposition of lead in soils and ambient air from deteriorating lead pain in residential dwellings.

**RESPONSE: Subject to the previously asserted objections and without waiving the same, upon reasonable inquiry being made, no responsive documents are in Nonparty's possession except those that may exist which are protected under statutory privilege pursuant to MCL 767A.8 and otherwise.** *See October 14, 2019 email from Office of Solicitor General.*

39. All documents (including reports, data, photographs, images, films, and videotapes) in your possession regardless of the author or source analyzing or reporting on the relative contribution to blood lead levels in children among the various potential sources (such as lead paint in dwellings, lead in soils, lead in ambient air, and lead in drinking water).

**RESPONSE: Subject to the previously asserted objections and without waiving the same, upon reasonable inquiry being made, no responsive documents are in Nonparty's**



**possession except those that may exist which are protected under statutory privilege pursuant to MCL 767A.8 and otherwise.** *See October 14, 2019 email from Office of Solicitor General.*

40. All documents establishing or commenting on the lead content of Flint's drinking water, including any lead test(s) performed at any Flint residence, and blood lead levels of Flint residents.

**RESPONSE: Subject to the previously asserted objections and without waiving the same, upon reasonable inquiry being made, no responsive documents are in Nonparty's possession except those that may exist which are protected under statutory privilege pursuant to MCL 767A.8 and otherwise.** *See October 14, 2019 email from Office of Solicitor General.*

41. All documents (including reports, data, photographs, images, films, and videotapes) in your possession regardless of the author or source pertaining to the City of Flint drinking water distribution system (including the water mains, junctions, and service lines (or connecting pipes to residences and businesses) and the following topics:

    a. Its history and development from 1880 to the present;

    b. State and city regulations, laws, ordinances, rules, and practices regarding the materials, construction methods, installation, testing, repair, replacement, and performance of it;

    c. The volume of treated water distributed over time;

    d. The overall demand for treated water over time;

    e. The deterioration of it over time;



    f.   The repair and replacement of it over time;

    g.  The changes in materials, construction methods, installation, testing, repair, replacement, and performance of it over time;

    h.  The specific locations of lead containing materials in it over time;

    i.   The methods and protocols in place to identify lead containing materials in it over time;

    j.   State and city regulations, laws, ordinances, rules, and practices regarding the repair and replacement of lead containing materials in it over time;

**RESPONSE: Subject to the previously asserted objections and without waiving the same, upon reasonable inquiry being made, no responsive documents are in Nonparty's possession except those that may exist which are protected under statutory privilege pursuant to MCL 767A.8 and otherwise.** *See October 14, 2019 email from Office of Solicitor General.*

42. All documents (including reports, data, engineering drawings, photographs, images, films, and videotapes) in your possession regardless of the author or source pertaining to the Flint Water Treatment Plant *prior to 1964* when the City of Flint began purchasing water from the Detroit Water and Sewer Department and the following topics:

    a.   Its construction, renovation, and improvement history and use;

    b.  The sources of untreated or raw water flowing into it;

    c.   The nature and type of contaminants in the source water prior to its treatment;

    d.  The sources of contaminants in its raw water;

    e.   Its methods, procedures, machinery, and equipment for treating raw source water over time;



f. Its color, carbon content, alkalinity, hardness, and corrosivity over time;

g. The manner and method of changing or improving its color, carbon content, alkalinity, hardness, and corrosivity over time;

h. The nature and type of corrosion avoidance or inhibition over time;

i. The dates when corrosion avoidance or inhibition was instituted or changed in any way;

j. The condition of the internal surfaces of water mains, junctions, and service lines (or connecting pipes to residences and businesses) prior to treatment of raw water over time;

k. The condition of the internal surfaces of water mains, junctions, and service lines (or connecting pipes to residences and businesses) after treatment of raw water over time;

l. The impact of untreated and treated water on water mains, junctions, and service lines (or connecting pipes to residence and businesses) with regard to the release of lead over time;

m. State and federal administrative, regulatory, and civil and criminal actions (including Superfund, CERCLA, and RICRA lawsuits) about it, its use, its contamination, and health effects attributed to it;

n. State and federal administrative, regulatory, and civil and criminal actions (including Superfund, CERCLA, and RICRA lawsuits) about its waste ponds like the Bray Road waste disposal lagoon, their use, contamination of them, and adverse environmental or health effects attributed to them;



o.  Permits issued (or revoked) related to it, its use, its contamination, and health effects attributed to it;

p.  Scientific, engineering, or environmental studies and tests related to it, its use, its contamination, and health effects attributed to it;

**RESPONSE: Subject to the previously asserted objections and without waiving the same, upon reasonable inquiry being made, no responsive documents are in Nonparty's possession except those that may exist which are protected under statutory privilege pursuant to MCL 767A.8 and otherwise.** *See October 14, 2019 email from Office of Solicitor General*, or those **data, photographs, or images that constitute work product of counsel for Nonparty.  Such work product exists and is not being produced.**

43. All documents (including reports, data, engineering drawings, photographs, images, films, and videotapes) in your possession regardless of the author or source pertaining to the Flint Water Treatment Plant for the period of time *from 1964 when the City of Flint began purchasing water from the Detroit Water and Sewer Department until April 2014* when the City of Flint ended its relationship with DWSD and the following topics:

a.  The nature and type of contaminants in the source water prior to its treatment;

b.  The sources of contaminants in its raw water;

c.  The methods, procedures, machinery, and equipment for treating raw source water over time;

d.  The treated water's color, carbon content, alkalinity, hardness, and corrosivity over time;



e.  The manner and method of changing or improving its color, carbon content, alkalinity, hardness, and corrosivity over time;

f.  The date when DWSD began use of corrosion avoidance or inhibition;

g.  The dates when corrosion avoidance or inhibition was changed in any way;

h.  The nature and type of corrosion avoidance or inhibition undertaken by DWSD over time;

i.  The condition of the internal surfaces of water mains, junctions, and service lines (or connecting pipes to residences and businesses) prior to distribution of DWSD treated water over time;

j.  The condition of the internal surfaces of water mains, junctions, and service lines (or connecting pipes to residences and businesses) after distribution of DWSD treated water but prior to DWSD's use of corrosion avoidance or inhibition water over time;

k.  The condition of the internal surfaces of water mains, junctions, and service lines (or connecting pipes to residences and businesses) after distribution of DWSD began use of corrosion avoidance or inhibition water over time;

l.  The impact of DWSD treated water (before and after its use of corrosion avoidance or inhibition) on water mains, junctions, and service lines (or connecting pipes to residence and businesses) with regard to the release of lead over time;

m. The nature, type, and frequency of its actual use during the period of time when the City of Flint was purchasing treated water from DWSD;



n.  The dates, amounts, and recipients when it actually distributed water drawn from the Flint River to residents and area businesses during the period of time when the City of Flint was purchasing treated water from DWSD; and as to these occasions (if any);

   i.  The nature and type of contaminants in the source water prior to its treatment;

  ii.  The sources of contaminants in its raw water;

 iii.  Its methods, procedures, machinery, and equipment for treating raw source water over time;

 iv.  Its color, carbon content, alkalinity, hardness, and corrosivity over time;

  v.  The manner and method of changing or improving its color, carbon content, alkalinity, hardness, and corrosivity over time;

 vi.  The nature and type of corrosion avoidance or inhibition over time;

vii.  The dates when corrosion avoidance or inhibition was instituted or changed in any way;

viii.  The condition of the internal surfaces of water mains, junctions, and service lines (or connecting pipes to residences and businesses) prior to treatment of raw water over time;

 ix.  The condition of the internal surfaces of water mains, junctions, and service lines (or connecting pipes to residences and businesses) after treatment of raw water over time;



      x.   The impact of untreated and treated water on water mains, junctions, and service lines (or connecting pipes to residence and businesses) with regard to the release of lead over time;

    o.  State and federal administrative, regulatory, and civil and criminal actions (including Superfund, CERCLA, and RICRA lawsuits) about it during the period of distribution of DWSD treated water, its use, its contamination, and health effects attributed to it;

    p.  State and federal administrative, regulatory, and civil and criminal actions (including Superfund, CERCLA, and RICRA lawsuits) about its waste ponds like the Bray Road waste disposal lagoon, their use, contamination of them, and adverse environmental or health effects attributed to them;

    q.  Permits issued (or revoked) related to it, its use, its contamination, and health effects attributed to it; and

    r.  Scientific, engineering, or environmental studies and tests related to it, its use, its contamination, and health effects attributed to it.

**RESPONSE: Subject to the previously asserted objections and without waiving the same, upon reasonable inquiry being made, no responsive documents are in Nonparty's possession except those that may exist which are protected under statutory privilege pursuant to MCL 767A.8 and otherwise.** *See October 14, 2019 email from Office of Solicitor General*, or those **data, photographs, or images that constitute work product of counsel for Nonparty.  Such work product exists and is not being produced.**

44. All documents (including reports, data, engineering drawings, photographs, images, films, and videotapes) in your possession regardless of the author or source pertaining to the City



of Flint's drinking water, the Flint River as a source of drinking water, the Flint Water Treatment Plant, the potential use of Lake Huron as a source of drinking water through the KWA, including the following:

a.  Communications with or about the Governor (Rick Snyder) and his staff;

b.  Communications with or about the State Treasurer (Andy Dillon, Kevin R. Clinton, Nick A. Khouri) and his staff;

c.  Communications with or about Flint's Emergency Managers (Kurtz, Darnell Early, Gerald Ambrose);

d.  sampling protocols, sampling standard operating procedures, sampling and analysis plans, sampling work plans, or quality assurance project plans used by the Flint Department of Public Works as part of its sampling under the Lead and Copper Rule;

e.  changes to be made in the operation and maintenance (including sampling of water quality) in Flint's water distribution system as a result of the change in source of raw water to the Flint River;

f.  system operations, repair, flushing procedures, and results of flushing of the Flint Water Treatment Plant;

g.  physical improvements needed at the Flint Water Treatment Plant, including the installation of the ozone system at FWTP;

h.  modeling of the Flint Water Treatment Plant and the Flint water distribution system;

i.  protocols for the change in source water to the Flint River and the startup of the Flint Water Treatment Plant, including the test before delivery of treated water,



the number of continuous days of successful operation before delivery of treated water, the number of water samples to be taken over each 24-hour period, the number of constituent materials in the water to be analyzed, and the period of time required for MDEQ to review of the results;

j.   the chemicals needed to meet state and federal drinking water standards, dosage rates and concentrations and any pilot testing or jar testing to determine the recommended chemicals and dosage; and

k.   the assessment of KWA as an alternative source of Flint's drinking water.

**RESPONSE: Subject to the previously asserted objections and without waiving the same, upon reasonable inquiry being made, no responsive documents are in Nonparty's possession except those that may exist which are protected under statutory privilege pursuant to MCL 767A.8 and otherwise.** *See October 14, 2019 email from Office of Solicitor General.*

45. All documents (including reports, data, engineering drawings, photographs, images, films, and videotapes) in your possession regardless of the author or source pertaining to the Flint Water Treatment Plant for the period of time *from April 2014* when the City of Flint ended its relationship with DWSD *until November 2015* and the following topics:

a.   The nature and type of contaminants in the source water prior to its treatment;

b.   The sources of contaminants in its raw water;

c.   The methods, procedures, machinery, and equipment for treating raw source water over time;

d.   The treated water's color, carbon content, alkalinity, hardness, and corrosivity over time;



e. The manner and method of changing or improving its color, carbon content, alkalinity, hardness, and corrosivity over time;

f. The date when the Flint Water Treatment Plant began use of corrosion avoidance or inhibition;

g. The dates when corrosion avoidance or inhibition was changed in any way;

h. The nature and type of corrosion avoidance or inhibition undertaken by Flint Water Treatment Plant over time;

i. The condition of the internal surfaces of water mains, junctions, and service lines (or connecting pipes to residences and businesses) prior to distribution of Flint River treated water over time;

j. The condition of the internal surfaces of water mains, junctions, and service lines (or connecting pipes to residences and businesses) after distribution of Flint River treated water but prior to the Flint Water Treatment Plant's use of corrosion avoidance or inhibition water over time;

k. The condition of the internal surfaces of water mains, junctions, and service lines (or connecting pipes to residences and businesses) after the Flint Water Treatment Plant began use of corrosion avoidance or inhibition water over time;

l. The impact of Flint River treated water (before and after its use of corrosion avoidance or inhibition) on water mains, junctions, and service lines (or connecting pipes to residence and businesses) with regard to the release of lead over time;

m. State and federal administrative, regulatory, and civil and criminal actions (including Superfund, CERCLA, and RICRA lawsuits) about it



during the period of distribution of Flint River treated water, its use, its contamination, and health effects attributed to it;

n.  State and federal administrative, regulatory, and civil and criminal actions (including Superfund, CERCLA, and RICRA lawsuits) about its waste ponds like the Bray Road waste disposal lagoon, their use, contamination of them, and adverse environmental or health effects attributed to them;

o.  Permits issued (or revoked) related to it, its use, its contamination, and health effects attributed to it;

p.  Scientific, engineering, or environmental studies and tests related to it, its use, its contamination, and health effects attributed to it;

**RESPONSE: Subject to the previously asserted objections and without waiving the same, upon reasonable inquiry being made, no responsive documents are in Nonparty's possession except those that may exist which are protected under statutory privilege pursuant to MCL 767A.8 and otherwise.** *See October 14, 2019 email from Office of Solicitor General.*

46. All Documents and Communications Related To complaints from the residents of the City of Flint Related to Flint water, including but not limited to the water's taste, odor, color, or effects.

**RESPONSE: Subject to the previously asserted objections and without waiving the same, upon reasonable inquiry being made, no responsive documents are in Nonparty's possession except those that may exist which are protected under statutory privilege pursuant to MCL 767A.8 and otherwise.** *See October 14, 2019 email from Office of Solicitor General.*

Page **32** of **50**



47. All Documents and Communications between or involving You and the City of Flint or the MDEQ regarding the City of Flint's corrosion control studies, corrosion control treatments, water quality monitoring, and/or lead and copper monitoring.

**RESPONSE: Subject to the previously asserted objections and without waiving the same, upon reasonable inquiry being made, See Nonparty's Disclosures from 09/24/19 beginning at bates stamp DJ PROD RULE 45 Sub 9_23_19 000101/000228, otherwise documents may exist which are protected under statutory privilege pursuant to MCL 767A.8 and otherwise.** *See October 14, 2019 email from Office of Solicitor General.*

48. All Documents and Communications between or involving You and the City of Flint or the MDEQ regarding Bray Road and the Administrative Consent Order issued by the MDEQ to the City of Flint in 2014.

**RESPONSE: Subject to the previously asserted objections and without waiving the same, upon reasonable inquiry being made, See Nonparty's Disclosures from 09/24/19 beginning at bates stamp DJ PROD RULE 45 Sub 9_23_19 000101/000228, otherwise documents may exist which are protected under statutory privilege pursuant to MCL 767A.8 and otherwise.** *See October 14, 2019 email from Office of Solicitor General.*

49. All documents and communications with, or relating to, McLaren Flint Hospital (a/k/a McLaren Regional Medical Center) regarding the Flint River, the FWTP, the Flint Water Distribution System, legionella, Legionnaires' disease (Legionellosis), or water quality at McLaren Flint Hospital.

**RESPONSE: Subject to the previously asserted objections and without waiving the same, upon reasonable inquiry being made, no responsive documents are in Nonparty's possession except those that may exist which are protected under statutory privilege**



**pursuant to MCL 767A.8 and otherwise.** *See October 14, 2019 email from Office of Solicitor General*.

50. All communications and documents relating to the presence of chlorine (or other disinfectant) residual in the City of Flint's drinking water, including the results of any testing performed at any location within the City of Flint.

**RESPONSE: Subject to the previously asserted objections and without waiving the same, upon reasonable inquiry being made, no responsive documents are in Nonparty's possession except those that may exist which are protected under statutory privilege pursuant to MCL 767A.8 and otherwise.** *See October 14, 2019 email from Office of Solicitor General*.

51. All communications and documents relating to the distribution of chlorine (or other disinfectant) residual in the City of Flint's drinking water, including but not limited to work or equipment related to the distribution of chlorine (or other disinfectant) residual.

**RESPONSE: Subject to the previously asserted objections and without waiving the same, upon reasonable inquiry being made, no responsive documents are in Nonparty's possession except those that may exist which are protected under statutory privilege pursuant to MCL 767A.8 and otherwise.** *See October 14, 2019 email from Office of Solicitor General*.

52. All communications and documents relating to the actual or suspected presence of legionella in the City of Flint's drinking water, including the results of any testing performed at any location within the City of Flint.

**RESPONSE: Subject to the previously asserted objections and without waiving the same, upon reasonable inquiry being made, no responsive documents are in Nonparty's**



possession except those that may exist which are protected under statutory privilege pursuant to MCL 767A.8 and otherwise. *See October 14, 2019 email from Office of Solicitor General.*

53. All communications and documents relating to actual, potential, or suggested testing of the City of Flint's drinking water for the presence of legionella.

**RESPONSE: Subject to the previously asserted objections and without waiving the same, upon reasonable inquiry being made, no responsive documents are in Nonparty's possession except those that may exist which are protected under statutory privilege pursuant to MCL 767A.8 and otherwise.** *See October 14, 2019 email from Office of Solicitor General.*

54. All communications and documents relating to the actual or suspected presence of total coliform bacteria in the City of Flint's drinking water, including the results of any testing performed at any location within the City of Flint.

**RESPONSE: Subject to the previously asserted objections and without waiving the same, upon reasonable inquiry being made, no responsive documents are in Nonparty's possession except those that may exist which are protected under statutory privilege pursuant to MCL 767A.8 and otherwise.** *See October 14, 2019 email from Office of Solicitor General.*

55. All communications and documents relating to the actual or suspected presence of heterotrophic plate count bacteria in the City of Flint's drinking water, including the results of any testing performed at any location within the City of Flint.

**RESPONSE: Subject to the previously asserted objections and without waiving the same, upon reasonable inquiry being made, no responsive documents are in Nonparty's**



possession except those that may exist which are protected under statutory privilege pursuant to MCL 767A.8 and otherwise. *See October 14, 2019 email from Office of Solicitor General.*

56. All communications and documents relating to Legionnaires' disease in Genesee County.

**RESPONSE: Subject to the previously asserted objections and without waiving the same, upon reasonable inquiry being made, no responsive documents are in Nonparty's possession except those that may exist which are protected under statutory privilege pursuant to MCL 767A.8 and otherwise.** *See October 14, 2019 email from Office of Solicitor General.*

57. All documents and communications related to legionella or Legionnaires' disease (Legionellosis) with officials and employees of the State of Michigan Office of the Governor.

**RESPONSE: Subject to the previously asserted objections and without waiving the same, upon reasonable inquiry being made, no responsive documents are in Nonparty's possession except those that may exist which are protected under statutory privilege pursuant to MCL 767A.8 and otherwise.** *See October 14, 2019 email from Office of Solicitor General.*

58. All documents and communications related to legionella or Legionnaires' disease (Legionellosis) with officials and employees of the Michigan Department of Environmental Quality.

**RESPONSE: Subject to the previously asserted objections and without waiving the same, upon reasonable inquiry being made, no responsive documents are in Nonparty's possession except those that may exist which are protected under statutory privilege**



pursuant to MCL 767A.8 and otherwise. *See October 14, 2019 email from Office of Solicitor General.*

59. All documents and communications related to legionella or Legionnaires' disease (Legionellosis) with officials and employees of the Michigan Department of Health and Human Services.

**RESPONSE: Subject to the previously asserted objections and without waiving the same, upon reasonable inquiry being made, no responsive documents are in Nonparty's possession except those that may exist which are protected under statutory privilege pursuant to MCL 767A.8 and otherwise.** *See October 14, 2019 email from Office of Solicitor General.*

60. All documents and communications related to legionella or Legionnaires' disease with officials and employees of the Genesee County Health Department.

**RESPONSE: Subject to the previously asserted objections and without waiving the same, upon reasonable inquiry being made, no responsive documents are in Nonparty's possession except those that may exist which are protected under statutory privilege pursuant to MCL 767A.8 and otherwise.** *See October 14, 2019 email from Office of Solicitor General.*

61. All documents and communications related to legionella or Legionnaires' disease with officials and employees of the City of Flint.

**RESPONSE: Subject to the previously asserted objections and without waiving the same, upon reasonable inquiry being made, no responsive documents are in Nonparty's possession except those that may exist which are protected under statutory privilege**



**pursuant to MCL 767A.8 and otherwise.** *See October 14, 2019 email from Office of Solicitor General.*

62. All documents and communications related to legionella or Legionnaires' disease with City of Flint Emergency Managers, including but not limited to Ed Kurtz, Michael Brown, Darnell Earley, and Gerald Ambrose.

**RESPONSE: RESPONSE: Subject to the previously asserted objections and without waiving the same, upon reasonable inquiry being made, See Nonparty's Disclosures from 09/24/19 beginning at bates stamp DJ PROD RULE 45 Sub 9_23_19 000101/000228, otherwise documents may exist which are protected under statutory privilege pursuant to MCL 767A.8 and otherwise.** *See October 14, 2019 email from Office of Solicitor General.*

63. All documents relating to the City of Flint's implementation of or compliance with Safe Drinking Water Act regulations (including but not limited to the Lead and Copper Rule, the Surface Water Treatment Rule, the Total Coliform Rule and Revised Total Coliform Rule).

**RESPONSE: Subject to the previously asserted objections and without waiving the same, upon reasonable inquiry being made, no responsive documents are in Nonparty's possession except those that may exist which are protected under statutory privilege pursuant to MCL 767A.8 and otherwise.** *See October 14, 2019 email from Office of Solicitor General.*

64. All communications and documents relating to Boil Water Advisories issued for the City of Flint at any time after April 2014 to present, including but not limited to documents constituting or reporting on actions taken as a consequence of a Boil Water Advisory.

**RESPONSE: Subject to the previously asserted objections and without waiving the same, upon reasonable inquiry being made, See Nonparty's Disclosures from 09/24/19**



**beginning at bates stamp DJ PROD RULE 45 Sub 9_23_19 000101/000228, otherwise documents may exist which are protected under statutory privilege pursuant to MCL 767A.8 and otherwise.** *See October 14, 2019 email from Office of Solicitor General.*

65. All communications and documents relating to water main breaks occurring in the City of Flint's Water Distribution System at any time after April 2014 to present, including but not limited to documents constituting or reporting on actions taken as a consequence of a water main break.

**RESPONSE: Subject to the previously asserted objections and without waiving the same, upon reasonable inquiry being made, See Nonparty's Disclosures from 09/24/19 beginning at bates stamp DJ PROD RULE 45 Sub 9_23_19 000101/000228, otherwise documents may exist which are protected under statutory privilege pursuant to MCL 767A.8 and otherwise.** *See October 14, 2019 email from Office of Solicitor General.*

66. All communications and documents relating to water main flushing occurring in the City of Flint's Water Distribution System at any time after April 2014 to present.

**RESPONSE: Subject to the previously asserted objections and without waiving the same, upon reasonable inquiry being made, See Nonparty's Disclosures from 09/24/19 beginning at bates stamp DJ PROD RULE 45 Sub 9_23_19 000101/000228, otherwise documents may exist which are protected under statutory privilege pursuant to MCL 767A.8 and otherwise.** *See October 14, 2019 email from Office of Solicitor General.*

67. All communications and documents constituting or reporting on actions taken by the City of Flint in response to information relating to Legionnaires' disease or Legionella pneumonia in Genesee County in 2014 and 2015.



**RESPONSE: Subject to the previously asserted objections and without waiving the same, upon reasonable inquiry being made, no responsive documents are in Nonparty's possession except those that may exist which are protected under statutory privilege pursuant to MCL 767A.8 and otherwise.** *See October 14, 2019 email from Office of Solicitor General.*

68. All communications and documents referred to or relied upon to prepare the "Water System Questions & Answers" document issued by the City of Flint in January 2015.

**RESPONSE: Subject to the previously asserted objections and without waiving the same, upon reasonable inquiry being made, no responsive documents are in Nonparty's possession except those that may exist which are protected under statutory privilege pursuant to MCL 767A.8 and otherwise.** *See October 14, 2019 email from Office of Solicitor General.*

69. All communications and documents referred to or relied upon to prepare the "Water System Update With Questions & Answers" document issued by the City of Flint in February 2015.

**RESPONSE: Subject to the previously asserted objections and without waiving the same, upon reasonable inquiry being made, no responsive documents are in Nonparty's possession except those that may exist which are protected under statutory privilege pursuant to MCL 767A.8 and otherwise.** *See October 14, 2019 email from Office of Solicitor General.*

70. All communications and documents referred to or relied upon to prepare the City of Flint's public statements issued in 2014 and 2015 (including but not limited to press releases, presentations, and handouts) concerning drinking water quality in the City of Flint.



**RESPONSE: Subject to the previously asserted objections and without waiving the same, upon reasonable inquiry being made, no responsive documents are in Nonparty's possession except those that may exist which are protected under statutory privilege pursuant to MCL 767A.8 and otherwise.** *See October 14, 2019 email from Office of Solicitor General.*

71. All communications and documents referred to or relied upon to prepare the City of Flint's public statements issued in 2014 and 2015 (including but not limited to press releases, presentations, and handouts) concerning compliance with the Safe Drinking Water Act regulations.

**RESPONSE: Subject to the previously asserted objections and without waiving the same, upon reasonable inquiry being made, no responsive documents are in Nonparty's possession except those that may exist which are protected under statutory privilege pursuant to MCL 767A.8 and otherwise.** *See October 14, 2019 email from Office of Solicitor General.*

72. All documents and communications with, or relating to, McLaren Flint Hospital (a/k/a McLaren Regional Medical Center) regarding the Flint River, the FWTP, the Flint Water Distribution System, legionella, Legionnaires' disease (Legionellosis), or water quality at McLaren Flint Hospital.

**RESPONSE: Subject to the previously asserted objections and without waiving the same, upon reasonable inquiry being made, no responsive documents are in Nonparty's possession except those that may exist which are protected under statutory privilege pursuant to MCL 767A.8 and otherwise.** *See October 14, 2019 email from Office of Solicitor General.*



73. All communications and documents relating to the presence of chlorine (or other disinfectant) residual in the City of Flint's drinking water, including the results of any testing performed at any location within the City of Flint.

**RESPONSE: Subject to the previously asserted objections and without waiving the same, upon reasonable inquiry being made, no responsive documents are in Nonparty's possession except those that may exist which are protected under statutory privilege pursuant to MCL 767A.8 and otherwise.** *See October 14, 2019 email from Office of Solicitor General*.

74. All communications and documents relating to the distribution of chlorine (or other disinfectant) residual in the City of Flint's drinking water, including but not limited to work or equipment related to the distribution of chlorine (or other disinfectant) residual.

**RESPONSE: Subject to the previously asserted objections and without waiving the same, upon reasonable inquiry being made, no responsive documents are in Nonparty's possession except those that may exist which are protected under statutory privilege pursuant to MCL 767A.8 and otherwise.** *See October 14, 2019 email from Office of Solicitor General*.

75. All communications and documents relating to the actual or suspected presence of legionella in the City of Flint's drinking water, including the results of any testing performed at any location within the City of Flint.

**RESPONSE: Subject to the previously asserted objections and without waiving the same, upon reasonable inquiry being made, no responsive documents are in Nonparty's possession except those that may exist which are protected under statutory privilege**



**pursuant to MCL 767A.8 and otherwise.** *See October 14, 2019 email from Office of Solicitor General*.

76. All communications and documents relating to actual, potential, or suggested testing of the City of Flint's drinking water for the presence of legionella.

**RESPONSE: Subject to the previously asserted objections and without waiving the same, upon reasonable inquiry being made, no responsive documents are in Nonparty's possession except those that may exist which are protected under statutory privilege pursuant to MCL 767A.8 and otherwise.** *See October 14, 2019 email from Office of Solicitor General*.

77. All communications and documents relating to the actual or suspected presence of total coliform bacteria in the City of Flint's drinking water, including the results of any testing performed at any location within the City of Flint.

**RESPONSE: Subject to the previously asserted objections and without waiving the same, upon reasonable inquiry being made, no responsive documents are in Nonparty's possession except those that may exist which are protected under statutory privilege pursuant to MCL 767A.8 and otherwise.** *See October 14, 2019 email from Office of Solicitor General*.

78. All communications and documents relating to the actual or suspected presence of heterotrophic plate count bacteria in the City of Flint's drinking water, including the results of any testing performed at any location within the City of Flint.

**RESPONSE: Subject to the previously asserted objections and without waiving the same, upon reasonable inquiry being made, no responsive documents are in Nonparty's possession except those that may exist which are protected under statutory privilege**

pursuant to MCL 767A.8 and otherwise. *See October 14, 2019 email from Office of Solicitor*
*General*.

79. All communications and documents relating to Legionnaires' disease in Genesee County.

**RESPONSE: Subject to the previously asserted objections and without waiving the same,
upon reasonable inquiry being made, no responsive documents are in Nonparty's
possession except those that may exist which are protected under statutory privilege
pursuant to MCL 767A.8 and otherwise.** *See October 14, 2019 email from Office of Solicitor*
*General*.

80. All documents and communications related to legionella or Legionnaires' disease
    (Legionellosis) with officials and employees of the State of Michigan Office of the
    Governor.

**RESPONSE: Subject to the previously asserted objections and without waiving the same,
upon reasonable inquiry being made, no responsive documents are in Nonparty's
possession except those that may exist which are protected under statutory privilege
pursuant to MCL 767A.8 and otherwise.** *See October 14, 2019 email from Office of Solicitor*
*General.*

81. All documents and communications related to legionella or Legionnaires' disease
    (Legionellosis) with officials and employees of the Michigan Department of Environmental
    Quality.

**RESPONSE: Subject to the previously asserted objections and without waiving the same,
upon reasonable inquiry being made, no responsive documents are in Nonparty's
possession except those that may exist which are protected under statutory privilege**



**pursuant to MCL 767A.8 and otherwise.** *See October 14, 2019 email from Office of Solicitor General.*

82. All documents and communications related to legionella or Legionnaires' disease (Legionellosis) with officials and employees of the Michigan Department of Health and Human Services.

**RESPONSE: Subject to the previously asserted objections and without waiving the same, upon reasonable inquiry being made, no responsive documents are in Nonparty's possession except those that may exist which are protected under statutory privilege pursuant to MCL 767A.8 and otherwise.** *See October 14, 2019 email from Office of Solicitor General.*

83. All documents and communications related to legionella or Legionnaires' disease with officials and employees of the Genesee County Health Department.

**RESPONSE: Subject to the previously asserted objections and without waiving the same, upon reasonable inquiry being made, no responsive documents are in Nonparty's possession except those that may exist which are protected under statutory privilege pursuant to MCL 767A.8 and otherwise.** *See October 14, 2019 email from Office of Solicitor General.*

84. All documents and communications related to legionella or Legionnaires' disease with officials and employees of the City of Flint.

**RESPONSE: Subject to the previously asserted objections and without waiving the same, upon reasonable inquiry being made, no responsive documents are in Nonparty's possession except those that may exist which are protected under statutory privilege**



pursuant to MCL 767A.8 and otherwise. *See October 14, 2019 email from Office of Solicitor General.*

85. All documents and communications related to legionella or Legionnaires' disease with City of Flint Emergency Managers, including but not limited to Ed Kurtz, Michael Brown, Darnell Earley, and Gerald Ambrose.

**RESPONSE: Subject to the previously asserted objections and without waiving the same, upon reasonable inquiry being made, See Nonparty's Disclosures from 09/24/19 beginning at bates stamp DJ PROD RULE 45 Sub 9_23_19 000101/000228, otherwise documents may exist which are protected under statutory privilege pursuant to MCL 767A.8 and otherwise.** *See October 14, 2019 email from Office of Solicitor General.*

86. All documents relating to the City of Flint's implementation of or compliance with Safe Drinking Water Act regulations (including but not limited to the Lead and Copper Rule, the Surface Water Treatment Rule, the Total Coliform Rule and Revised Total Coliform Rule).

**RESPONSE: Subject to the previously asserted objections and without waiving the same, upon reasonable inquiry being made, no responsive documents are in Nonparty's possession except those that may exist which are protected under statutory privilege pursuant to MCL 767A.8 and otherwise.** *See October 14, 2019 email from Office of Solicitor General.*

87. All communications and documents relating to Boil Water Advisories issued for the City of Flint at any time after April 2014 to present, including but not limited to documents constituting or reporting on actions taken as a consequence of a Boil Water Advisory.

**RESPONSE: Subject to the previously asserted objections and without waiving the same, upon reasonable inquiry being made, See Nonparty's Disclosures from 09/24/19**



**beginning at bates stamp DJ PROD RULE 45 Sub 9_23_19 000101/000228, otherwise documents may exist which are protected under statutory privilege pursuant to MCL 767A.8 and otherwise.** *See October 14, 2019 email from Office of Solicitor General.*

88. All communications and documents relating to water main breaks occurring in the City of Flint's Water Distribution System at any time after April 2014 to present, including but not limited to documents constituting or reporting on actions taken as a consequence of a water main break.

**RESPONSE: Subject to the previously asserted objections and without waiving the same, upon reasonable inquiry being made, See Nonparty's Disclosures from 09/24/19 beginning at bates stamp DJ PROD RULE 45 Sub 9_23_19 000101/000228, otherwise documents may exist which are protected under statutory privilege pursuant to MCL 767A.8 and otherwise.** *See October 14, 2019 email from Office of Solicitor General.*

89. All communications and documents relating to water main flushing occurring in the City of Flint's Water Distribution System at any time after April 2014 to present.

**RESPONSE: Subject to the previously asserted objections and without waiving the same, upon reasonable inquiry being made, See Nonparty's Disclosures from 09/24/19 beginning at bates stamp DJ PROD RULE 45 Sub 9_23_19 000101/000228, otherwise documents may exist which are protected under statutory privilege pursuant to MCL 767A.8 and otherwise.** *See October 14, 2019 email from Office of Solicitor General.*

90. All communications and documents constituting or reporting on actions taken by the City of Flint in response to information relating to Legionnaires' disease or Legionella pneumonia in Genesee County in 2014 and 2015.



**RESPONSE: Subject to the previously asserted objections and without waiving the same, upon reasonable inquiry being made, See Nonparty's Disclosures from 09/24/19 beginning at bates stamp DJ PROD RULE 45 Sub 9_23_19 000101/000228, otherwise documents may exist which are protected under statutory privilege pursuant to MCL 767A.8 and otherwise.** *See October 14, 2019 email from Office of Solicitor General.*

91. All communications and documents referred to or relied upon to prepare the "Water System Questions & Answers" document issued by the City of Flint in January 2015.

**RESPONSE: Subject to the previously asserted objections and without waiving the same, upon reasonable inquiry being made, no responsive documents are in Nonparty's possession except those that may exist which are protected under statutory privilege pursuant to MCL 767A.8 and otherwise.** *See October 14, 2019 email from Office of Solicitor General.*

92. All communications and documents referred to or relied upon to prepare the "Water System Update With Questions & Answers" document issued by the City of Flint in February 2015.

**RESPONSE: Subject to the previously asserted objections and without waiving the same, upon reasonable inquiry being made, no responsive documents are in Nonparty's possession except those that may exist which are protected under statutory privilege pursuant to MCL 767A.8 and otherwise.** *See October 14, 2019 email from Office of Solicitor General.*

93. All communications and documents referred to or relied upon to prepare the City of Flint's public statements issued in 2014 and 2015 (including but not limited to press releases, presentations, and handouts) concerning drinking water quality in the City of Flint.



**RESPONSE: Subject to the previously asserted objections and without waiving the same, upon reasonable inquiry being made, no responsive documents are in Nonparty's possession except those that may exist which are protected under statutory privilege pursuant to MCL 767A.8 and otherwise.** *See October 14, 2019 email from Office of Solicitor General.*

94. All communications and documents referred to or relied upon to prepare the City of Flint's public statements issued in 2014 and 2015 (including but not limited to press releases, presentations, and handouts) concerning compliance with the Safe Drinking Water Act regulations.

**RESPONSE: Subject to the previously asserted objections and without waiving the same, upon reasonable inquiry being made, no responsive documents are in Nonparty's possession except those that may exist which are protected under statutory privilege pursuant to MCL 767A.8 and otherwise.** *See October 14, 2019 email from Office of Solicitor General.*

95. All communications and documents relating to General Motor's termination of its use of City of Flint municipal water during the year 2014.

**RESPONSE: Subject to the previously asserted objections and without waiving the same, upon reasonable inquiry being made, no responsive documents are in Nonparty's possession except those that may exist which are protected under statutory privilege pursuant to MCL 767A.8 and otherwise.** *See October 14, 2019 email from Office of Solicitor General.*

[SIGNATURE PAGE TO FOLLOW]



Dated: October 21, 2019            Respectfully submitted,

           */s/ Edwar Zeineh*
           EDWAR A. ZEINEH (P-71923)
           Law Office of Edwar A. Zeineh, PLLC
           Counsel for Daugherty Johnson
           2800 E. Grand River Avenue, Suite B
           Lansing, Michigan 48912
           (517) 292-7000

