# EXHIBIT C



Alex Rusek <alexrusek@gmail.com>

## Re: Class Plaintiffs' response (Earley and Croft)
1 message

**Juan Mateo** <mateoja@aol.com>  Wed, Sep 11, 2019 at 12:16 PM
To: alexrusek@whitelawpllc.com, hammoudf1@michigan.gov, KingP1@michigan.gov
Cc: jameswhite@whitelawpllc.com, flint@whitelawpllc.com

Solicitor General Hammoud,

Good morning. Mr. Rusek position is well grounded and we join in his request. My guess is that complying with the request may not be an easy task since there is no way we can discern, on our end, what materials we were provided are covered by the statute other than the transcripts of the investigative depositions and the exhibits marked during the depositions. We are open to any suggestions that will address our concerns.

Juan A. Mateo, Esq.
535 Griswold, Suite 1000
Detroit, MI 48226
(313) 962-3500
mateoja@aol.com

*This message is intended only for the use of the individuals or entity to which it is addressed and may contain information that is privileged, confidential, and exempt from disclosure under applicable law. If the reader of this notice is not the intended recipient or the employee or agent responsible for delivering this message to the intended recipient, you are hereby notified that any dissemination, distributing or copying of this communication is strictly prohibited. If you have received this notice in error, please notify us immediately by telephone and return these papers to us at the address above via electronic mail or first class mail.*


-----Original Message-----
From: Alexander S. Rusek <alexrusek@whitelawpllc.com>
To: hammoudf1 <hammoudf1@michigan.gov>; King-Piepenbrok, Pier (AG) <KingP1@michigan.gov>
Cc: Juan Mateo <mateoja@aol.com>; James White <jameswhite@whitelawpllc.com>; flint <flint@whitelawpllc.com>
Sent: Wed, Sep 11, 2019 11:51 am
Subject: Re: Class Plaintiffs' response (Earley and Croft)

Good Morning Solicitor General Hammoud,

Thank you for your prompt attention to this issue, it is appreciated.

In regards to materials previously produced by Mr. Flood, some are marked confidential and indicate that they were the product of an investigative subpoena (such as transcripts of depositions taken pursuant to MCL 767A.1, *et seq.*). However, the vast majority of documents are not marked as the product of an investigative subpoena or otherwise designated as confidential or not confidential. Mr. Flood has complicated this matter as he asserted to counsel for multiple defendants that the materials produced by his office were obtained via investigative subpoenas and were privileged, confidential, or otherwise non-disclosable. As I was never provided copies of the investigative subpoenas (or applicable search warrants), I unfortunately do not have the ability to discern what may or may not be confidential materials obtained pursuant to MCL 767A.1, *et seq*. at this time.

As you know, Mr. Croft has been served with Requests to Produce Documents in the civil Flint Water Cases pending before Judge Levy. Arguably, these Requests seek information disclosed during the prior criminal proceedings, including materials that are reasonably known to have been obtained through investigative subpoenas and other materials that are believed to have been obtained through investigative subpoenas. As such, I am requesting that your office review the previous discovery productions by Mr. Flood and let me know what materials were and were not obtained through investigative subpoenas. At this time, I intend to object to any request to produce documents that may be confidential and prohibited from disclosure under MCL 767A.1, *et seq*. consistent with your citations to MCL 767A.8 and *Truel v. City of Dearborn* 291 Mich. App. 125 (2010).

Again, thank you for your assistance in this matter.

Have a great day,

Alex

> On Mon, Sep 9, 2019 at 2:30 PM King-Piepenbrok, Pier (AG) <KingP1@michigan.gov> wrote:
>
> **Sent on behalf of Solicitor General Fadwa A. Hammoud:**
>
> Dear Messrs. Mateo and Rusek,
>
> Thank you for volunteering to coordinate a response to the Class Plaintiffs' 8/16/19 requests for documents served on Darnell Earley and Howard Croft. After careful review, the criminal side of the Department of Attorney General's conflict wall has decided not to participate in the responses or otherwise seek a protective order.
>
> That said, as Mr. Rusek acknowledged in an email to Sunita Doddamani dated 9/1/19, you are precluded from divulging, "to any person," materials in your possession that were gathered pursuant to investigative subpoenas. MCL 767A.8. See also *Truel v City of Dearborn*, 291 Mich App 125, 133-135 (2010) (holding that MCL 767A.8 limits discovery in civil actions and can be invoked in response to motions to compel). If you have any doubt whether a particular document initially was obtained pursuant to an investigative subpoena, please contact me and I will get clarification from my team.
>
> Fadwa A. Hammoud
> Solicitor General
> Michigan Dept of Attorney General
> (313) 456-0240
>
> 
>
> *The attached documents are of a confidential legal nature. If they are received by anyone other than the person or department to whom they are directed, the recipient is expected to honor that confidentiality and turn them over to the addressee or, if misdirected, to destroy them and contact the sender.*

--

**Alexander S. Rusek**
**Attorney at Law**
White Law PLLC
2549 Jolly Road, Ste. 340
Okemos, MI 48864
Ph.: (517) 316-1195
Fax: (517) 316-1197
E: alexrusek@whitelawpllc.com

The information in this e-mail and any attachments is confidential and is subject to attorney-client privilege. It is intended solely for the attention and use of the named addressee(s). If you are not the intended recipient, or person responsible for delivering this information to the intended recipient, please notify the sender immediately. Unless you are the intended recipient or his/her representative you are not authorized to read, copy, distribute, use or retain this message or any part of it.

NOTICE TO PERSONS SUBJECT TO UNITED STATES TAXATION (MCPS)
DISCLOSURE UNDER TREASURY CIRCULAR 230: The United States Federal tax advice, if any, contained in this document and its attachments may not be used or referred to in the promoting, marketing or recommending of any entity, investment plan or arrangement, nor is such advice intended or written to be used, and may not be used, by a taxpayer for the purpose of avoiding Federal tax penalties.