# EXHIBIT D

DJ PROD RULE 45 SUB 000416

 Edwar Zeineh <zeinehlaw@gmail.com>

### Daugherty Johnson - discovery subpoena.
1 message

**King-Piepenbrok, Pier (AG)** <KingP1@michigan.gov>  Mon, Oct 14, 2019 at 9:16 AM
To: "zeinehlaw@gmail.com" <zeinehlaw@gmail.com>

*Sent on behalf of Solicitor General Fadwa A. Hammoud:*

Dear Mr. Zaineh,

I understand that you spoke with Molly Kettler regarding a subpoena received by your client, Daugherty Johnson. The subpoena seeks to compel you to produce discovery that was turned over during the pendency of your client's criminal case in the Flint water prosecutions.

After a careful review, the criminal side of the Department of Attorney General's conflict wall has decided not to participate in a response to the subpoena you received in the Flint water crisis civil litigation.

As you discussed with Ms. Kettler, MCL 767A.8 precludes you from divulging, "to any person" information gathered pursuant to investigative subpoenas. See also *Truel v City of Dearborn,* 291 Mich App 125, 133-135 (2010) (holding that MCL 767A.8 limits discovery in civil actions and can be invoked in response to motions to compel). If you have any doubt as to whether a particular document was obtained pursuant to an investigative subpoena, please contact me and I will seek a clarification from my team.

Fadwa A. Hammoud

Solicitor General

Michigan Dept of Attorney General

(313) 456-0240



*The attached documents are of a confidential legal nature. If they are received by anyone other than the person or department to whom they are directed, the recipient is expected to honor that confidentiality and turn them over to the addressee or, if misdirected, to destroy them and contact the sender.*