# EXHIBIT 2

STATE OF MICHIGAN
IN THE 67TH JUDICIAL DISTRICT COURT FOR THE COUNTY OF GENESEE

PEOPLE OF THE STATE OF MICHIGAN

v.

Case No. 16-TA1685-FY
~~16-TB1685-FY~~
16-TC1685-FY
16-TD1685-FY
16-TE1685-FY
16-TF1685-FY

ADAM ROSENTHAL, LIANE SHEKTER-SMITH
PATRICK COOK, NANCY ANN PEELER,
ROBERT LAWRENCE SCOTT, CORINNE
MILLER
        Defendants.
_____/

Attorney for People:

TODD FLOOD, P58555
THOAS DAWSON, P40984
Special Assistant Attorney General
Office of Special Counsel
155 W. Congress
Detroit, MI 48226
(810)429-4498

Attorneys for Defendants:

JAMES BURDICK, P11397
    Attorney for Adam Rosenthal

~~BRIAN MORLEY, P48346~~
~~Attorney of Liane Shekter-Smith~~

    JOHN SMIETANKA, P20610
    Attorney for Patrick Cook

    HAROLD GUREWITZ, P14468
    Attorney for Nancy Peeler

    MARY CHARTIER-MITTENDORF, P65327
    Attorney for Robert Scott

    KRISTEN GUINN, P72148
    Attorney for Corinne Miller

At a session of said Court
held on  9-7-16
Honorable Jennifer Manley
67th District Court Judge

### PROTECTIVE ORDER

THE COURT ORDERS that during the pendency of this case that this protective order and all discovery material, regardless of which party produced it, including but not limited to the following shall not be disclosed, except as provided below, to others without the prior authorization and Order of this Court:

1. any emails, letters, text messages, documents, photographs, audio or video recordings or contents thereof, that are not otherwise publicly available;

2. any investigator's reports and/or documents prepared by investigators and/or employees of the Michigan Department of Attorney General Office of the Special Counsel, or investigators and/or employees working in connection with the Genesee County Prosecutor's Office, or investigators and/or employees working in connection with the U.S. Attorney's Office;

3. any investigative subpoena transcripts and exhibits thereto;

4. any other information or responses to requests for information and/or other written information, whether produced voluntarily or involuntarily in the course of any investigation being conducted by either the Michigan Department of the Attorney General Office of the Special Counsel, and/or the Genesee County Prosecutor's Office, and/or the U.S. Attorney's Office;

5. any recorded, transcribed or written witness statement;

IT IS FURTHER ORDERED that the above materials may be disclosed to attorneys, representatives and employees of the Michigan Department of Attorney General Office of the Special Counsel, of the Genesee County Prosecutor's Office, of the U.S. Attorney's Office or Defendants' attorneys. Further, the above materials may be disclosed to any defendant, witness, expert witness, investigator or consultant engaged by either the prosecution or the defense in connection with this case. Further, the above materials may be disclosed to witnesses, investigators, attorneys, representatives and employees of the Michigan Department of Attorney General Office of the Special Counsel, of the Genesee County Prosecutor's Office, of the U.S. Attorney's Office in connection with the investigations being conducted by the Michigan Department of the Attorney General Office of the Special Counsel, the Genesee County Prosecutor's Office or the U.S. Attorney's Office.

IT IS FURTHER ORDERED that any person having been served with, or having notice of this Court's Protective Order is forewarned that all information described above may not be used for any purpose other than this criminal proceeding and that any violation of said order will result in a show cause for contempt of Court and required to appear before this Court to answer said show cause and face appropriate sanctions and punishment as determined by this Court.

Judge Jennifer Manley P-59603
67th District Court

Dated: _____

5.  any recorded, transcribed or written witness statement;

IT IS FURTHER ORDERED that the above materials may be disclosed to attorneys, representatives and employees of the Michigan Department of Attorney General Office of the Special Counsel, of the Genesee County Prosecutor's Office, of the U.S. Attorney's Office or Defendants' attorneys. Further, the above materials may be disclosed to any defendant, witness, expert witness, investigator or consultant engaged by either the prosecution or the defense in connection with this case. Further, the above materials may be disclosed in connection with the investigations being conducted by the Michigan Department of the Attorney General Office of the Special Counsel, the Genesee County Prosecutor's Office or the U.S. Attorney's Office.

IT IS FURTHER ORDERED that any person having been served with, or having notice of this Court's Protective Order is forewarned that no person can be called to testify about any of the criminal evidence encompassed by or enumerated in this Court's Protective Order; and that any violation of said order, whether by party litigant, attorney, witness, hospital, administrative law judge or any other entity, organization or individual, will result in a show cause for contempt of Court and required to appear before this Court to answer said show cause and face appropriate sanctions and punishment as determined by this Court.

Judge Jennifer Manley
67th District Court

Dated:

Approved as to form and content:

Todd Flood P58553
Special Attorney General
Office of the Special Counsel
Thomas Dawson P40984
Special Attorney General
Dated:_____

Mark Kriger P30298
Attorney Defendant Stephen Busch
Dated: 6/1/2016

Stephen Busch
Dated: 6/1/2016

Frank Reynolds P29917
Attorney for Defendant Michael Prysby

Dated:_____

Michael Prysby
Dated:_____

STATE OF MICHIGAN
IN THE 67TH JUDICIAL DISTRICT COURT FOR THE COUNTY OF GENESEE

PEOPLE OF THE STATE OF MICHIGAN

v.

LIANE SHEKTER SMITH,
        Defendant.

Case No. 16-TB1685-FY

_____/

At a session of said Court
held on _____
Honorable Jennifer Manley
67th District Court Judge

## PROTECTIVE ORDER

THE COURT ORDERS that during the pendency of this case that this protective order and all discovery material, regardless of which party produced it, including but not limited to the following shall not be disclosed, except as provided below, to others without the prior authorization and Order of this Court:

1. any emails, letters, text messages, documents, photographs, audio or video recordings or contents thereof, that are not otherwise publicly available;

2. any investigator's reports and/or documents prepared by investigators and/or employees of the Michigan Department of Attorney General Office of the Special Counsel, or investigators and/or employees working in connection with the Genesee County Prosecutor's Office, or investigators and/or employees working in connection with the U.S. Attorney's Office;

3. any investigative subpoena transcripts and exhibits thereto;

4. any other information or responses to requests for information and/or other written information, whether produced voluntarily or involuntarily in the course of any investigation being conducted by either the Michigan Department of the Attorney General Office of the Special Counsel, and/or the Genesee County Prosecutor's Office, and/or the U.S. Attorney's Office;

5. any recorded, transcribed or written witness statement;

IT IS FURTHER ORDERED that the above materials may be disclosed to attorneys, representatives and employees of the Michigan Department of Attorney General Office of the Special Counsel, of the Genesee County Prosecutor's Office, of the U.S. Attorney's Office or Defendant's attorneys. Further, the above materials may be disclosed to any defendant, witness, expert witness, investigator or consultant engaged by either the prosecution or the defense in connection with this case. Further, the above materials may be disclosed to witnesses, investigators, attorneys, representatives and employees of the Michigan Department of Attorney General Office of the Special Counsel, of the Genesee County Prosecutor's Office, of the U.S. Attorney's Office in connection with the investigations being conducted by the Michigan Department of the Attorney General Office of the Special Counsel, the Genesee County Prosecutor's Office or the U.S. Attorney's Office.

IT IS FURTHER ORDERED that any person having been served with, or having notice of this Court's Protective Order is forewarned that all information described above may not be used for any purpose other than this criminal proceeding and that any violation of said order will result in a show cause for contempt of Court and required to appear before this Court to answer said show cause and face appropriate sanctions and punishment as determined by this Court.

Judge Jennifer Manley  P-59603
67th District Court

Dated: _____

Approved as to form and content:

Todd Flood P58555
Special Attorney General
Office of the Special Counsel
Thomas Dawson P40984
Special Attorney General

Dated: 9-8-16

Brian Morley P58746
Attorney for Defendant Liane Shekter Smith

Dated: 9-8-16

Defendant Liane Shekter Smith

Dated: 8-25-2016

STATE OF MICHIGAN
IN THE 67™ JUDICIAL DISTRICT COURT FOR THE COUNTY OF GENESEE

PEOPLE OF THE STATE OF MICHIGAN

v.

Case No. 16-TB0927-FY

STEPEN BENJAMIN BUSCH
MICHAEL FRANCIS-GERARD PRYSBY,
Defendants.
_____/

At a session of said Court
held on _____
Honorable Jennifer Manley
67ᵗʰ District Court Judge

## **PROTECTIVE ORDER**

THE COURT ORDERS that during the pendency of this case that all discovery material, including but not limited to the following shall be sealed and not disclosed, except as provided below, to others without the prior authorization and Order of this Court:

1. any emails, letters, text messages, documents, photographs, audio or video recordings or contents thereof, that are not otherwise publicly available;

2. any investigator's reports and/or documents prepared by investigators and/or employees of the Michigan Department of Attorney General Office of the Special Counsel, or investigators and/or employees working in connection with the Genesee County Prosecutor's Office, or investigators and/or employees working in connection with the U.S. Attorney's Office;

3. any investigative subpoena transcripts and exhibits thereto;

4. any other information or responses to requests for information and/or other written information, whether produced voluntarily or involuntarily in the course of any investigation being conducted by either the Michigan Department of the Attorney General Office of the Special Counsel, and/or the Genesee County Prosecutor's Office, and/or the U.S. Attorney's Office;

5. any recorded, transcribed or written witness statement;

IT IS FURTHER ORDERED that the above materials may be disclosed to attorneys, representatives and employees of the Michigan Department of Attorney General Office of the Special Counsel, of the Genesee County Prosecutor's Office, of the U.S. Attorney's Office or Defendants' attorneys. Further, the above materials may be disclosed to any defendant, witness, expert witness, investigator or consultant engaged by either the prosecution or the defense in connection with this case. Further, the above materials may be disclosed in connection with the investigations being conducted by the Michigan Department of the Attorney General Office of the Special Counsel, the Genesee County Prosecutor's Office or the U.S. Attorney's Office.

IT IS FURTHER ORDERED that any person having been served with, or having notice of this Court's Protective Order is forewarned that no person can be called to testify about any of the criminal evidence encompassed by or enumerated in this Court's Protective Order; and that any violation of said order, whether by party litigant, attorney, witness, hospital, administrative law judge or any other entity, organization or individual, will result in a show cause for contempt of Court and required to appear before this Court to answer said show cause and face appropriate sanctions and punishment as determined by this Court.

Judge Jennifer Manley
67th District Court        6-7-16

Dated:

Approved as to form and content:

Todd Flood P58555
Special Attorney General
Office of the Special Counsel
Thomas Dawson P40984
Special Attorney General
Dated: 6-1-16

Frank Reynolds P29917
Attorney for Defendant Michael Prysby

Dated: 5.19.16

Michael Prysby
Dated:

Mark Kriger P30298
Attorney Defendant Stephen Busch

Dated:

Stephen Busch

Dated:

STATE OF MICHIGAN
IN THE 67TH JUDICIAL DISTRICT COURT FOR THE COUNTY OF GENESEE

PEOPLE OF THE STATE OF MICHIGAN

v.

Case No. 16-TA1685-FY
~~16-TB1685-FY~~
16-TC1685-FY
16-TD1685-FY
16-TE1685-FY
16-TF1685-FY

ADAM ROSENTHAL, LIANE SHEKTER-SMITH
PATRICK COOK, NANCY ANN PEELER,
ROBERT LAWRENCE SCOTT, CORINNE
MILLER
        Defendants.
_____/

Attorney for People:

TODD FLOOD, P58555
THOAS DAWSON, P40984
Special Assistant Attorney General
Office of Special Counsel
155 W. Congress
Detroit, MI 48226
(810)429-4498

Attorneys for Defendants:

JAMES BURDICK, P11397
    Attorney for Adam Rosenthal

~~BRIAN MORLEY, P48346~~
~~Attorney of Liane Shekter-Smith~~

JOHN SMIETANKA, P20610
    Attorney for Patrick Cook

HAROLD GUREWITZ, P14468
    Attorney for Nancy Peeler

MARY CHARTIER-MITTENDORF, P65327
    Attorney for Robert Scott

KRISTEN GUINN, P72148
    Attorney for Corinne Miller

---

                                  At a session of said Court
                                  held on _____
                                  Honorable Jennifer Manley
                                  67th District Court Judge

## PROTECTIVE ORDER

THE COURT ORDERS that during the pendency of this case that this protective order and all discovery material, regardless of which party produced it, including but not limited to the following shall not be disclosed, except as provided below, to others without the prior authorization and Order of this Court:

1. any emails, letters, text messages, documents, photographs, audio or video recordings or contents thereof, that are not otherwise publicly available;

2. any investigator's reports and/or documents prepared by investigators and/or employees of the Michigan Department of Attorney General Office of the Special Counsel, or investigators and/or employees working in connection with the Genesee County Prosecutor's Office, or investigators and/or employees working in connection with the U.S. Attorney's Office;

3. any investigative subpoena transcripts and exhibits thereto;

4. any other information or responses to requests for information and/or other written information, whether produced voluntarily or involuntarily in the course of any investigation being conducted by either the Michigan Department of the Attorney General Office of the Special Counsel, and/or the Genesee County Prosecutor's Office, and/or the U.S. Attorney's Office;

5. any recorded, transcribed or written witness statement;

IT IS FURTHER ORDERED that the above materials may be disclosed to attorneys, representatives and employees of the Michigan Department of Attorney General Office of the Special Counsel, of the Genesee County Prosecutor's Office, of the U.S. Attorney's Office or Defendants' attorneys. Further, the above materials may be disclosed to any defendant, witness, expert witness, investigator or consultant engaged by either the prosecution or the defense in connection with this case. Further, the above materials may be disclosed to witnesses, investigators, attorneys, representatives and employees of the Michigan Department of Attorney General Office of the Special Counsel, of the Genesee County Prosecutor's Office, of the U.S. Attorney's Office in connection with the investigations being conducted by the Michigan Department of the Attorney General Office of the Special Counsel, the Genesee County Prosecutor's Office or the U.S. Attorney's Office.

IT IS FURTHER ORDERED that any person having been served with, or having notice of this Court's Protective Order is forewarned that all information described above may not be used for any purpose other than this criminal proceeding and that any violation of said order will result in a show cause for contempt of Court and required to appear before this Court to answer said show cause and face appropriate sanctions and punishment as determined by this Court.

Judge Jennifer Manley P-59603
67th District Court

Dated: 9-8-16