# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

*In re* Flint Water Cases

Carthan v. Snyder
Case No: 5:16-cv-10444
(consolidated)

Honorable Judith E. Levy
United States District Judge

Magistrate Mona K. Majzoub

_____

## INDIVIDUAL CITY DEFENDANTS'
## BRIEF REGARDING MATERIALS OBTAINED PURSUANT
## TO INVESTIGATIVE SUBPOENAS

_____

**NOW COME** Defendants Darnell Earley, Gerald Ambrose, Howard Croft, Daugherty Johnson, and Michael Glasgow ("Individual City Defendants" or "ICDs"), by and through their respective counsel, and for their Brief Regarding Materials Obtained Pursuant to Investigative Subpoenas state:

1. On February 19, 2020, this Honorable Court held a telephonic discovery status conference and ordered that the parties brief two issues: (1) The implications of Protective Orders filed in the Genesee County District Court in criminal cases previously pending against certain defendants in this matter; and (2) The issue of the discovery of materials obtained pursuant to investigative subpoenas by the Michigan Attorney General and subsequently disclosed to certain defendants in this matter during the pendency of their previously pending criminal matters.

i

2.  On February 27, 2020, this Honorable Court issued its Order Regarding Briefing Schedule regarding the two issues set forth above. [Dkt. 1071]

3.  There were no Protective Orders entered in the ICDs' previously pending criminal matters in the Genesee County District Court.

4.  Upon information and belief, there were Protective Orders entered in previously pending criminal matters for Nicolas Lyons, Eden Wells, Stephen Busch, Michael Prysby, Adam Rosenthal, Robert Scott, Nancy Peeler, Liane Shekter Smith, and Patrick Cook.

5.  Upon information and belief as more thoroughly set forth in this Brief, all discovery materials provided to the ICDs by the Michigan Attorney General in their criminal matters were obtained pursuant to investigative subpoenas and are confidential.

6.  "Petitions for immunity, orders of immunity, transcripts of testimony delivered to witnesses pursuant to grants of immunity, and records, documents, and physical evidence obtained by the prosecuting attorney pursuant to an investigation under this chapter are confidential and shall not be available for public inspection or copying or divulged to any person except as otherwise provided in this chapter. Material and information obtained under this act are exempt from disclosure under the freedom of information act, Act No. 442 of the

Public Acts of 1976, being sections 15.231 to 15.246 of the Michigan Compiled Laws." M.C.L. 767A.8.

7.  The ICDs request that this Honorable Court enter an Order exempting all materials provided to the ICDs in their criminal matters from discovery in this matter because the materials are confidential under M.C.L. 767A.8.

**Respectfully Submitted,**

*Attorneys for Defendant*
*Gerald Ambrose*

**/s/ Barry A. Wolf (w/consent)**
BARRY A. WOLF (P40709)
Law Office of Barry A. Wolf PLLC
503 S. Saginaw Street, Suite 1410
Flint, MI  48502
(810) 762-1084
Bwolf718@msn.com

*Attorneys for Defendant*
*Howard Croft*

**/s/ Alexander S. Rusek**
ALEXANDER S. RUSEK (P77581)
White Law PLLC
2549 Jolly Road, Suite 340
Okemos, MI  48864
(517) 316-1195
alexrusek@whitelawpllc.com

*Attorneys for Defendant*
*Darnell Earley*

**/s/ Todd Perkins (w/consent)**
TODD PERKINS (P55623)
Perkins Law Group
615 W. Griswold Ste. 400
Detroit, MI. 48226
(313) 964-1702
tperkins@perkinslawgroup.net

*Attorneys for Defendant*
*Michael Glasgow*

**/s/ Christopher Marker (w/consent)**
CHRISTOPHER MARKER (P81564)
O'Neill, Wallace & Doyle, P.C.
300 St. Andrews Road, Suite 302
Saginaw, MI  48605
(989) 790-0960
cmarker@owdpc.com

***Attorneys for Defendant***
***Daugherty Johnson***

**_/s/ Edwar A. Zeineh (w/consent)_**
Edwar A. Zeineh (P71923)
Law Office of Edwar A. Zeineh
2800 E. River Ave., Suite B.
Lansing, MI 48912
(517) 292-7000
zeinehlaw@gmail.com

**Dated:  March 9, 2020**

iv

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

*In re* Flint Water Cases

Carthan v. Snyder
Case No: 5:16-cv-10444
(consolidated)

Honorable Judith E. Levy
United States District Judge

Magistrate Mona K. Majzoub

---

# INDIVIDUAL CITY DEFENDANTS'
# BRIEF REGARDING MATERIALS OBTAINED PURSUANT
# TO INVESTIGATIVE SUBPOENAS

## TABLE OF CONTENTS

CASE CAPTION ....................................................................................... i, v

TABLE OF CONTENTS .............................................................................. vi

STATEMENT OF ISSUES PRESENTED............................................... vii

I.      Whether this Honorable Court should preclude discovery of materials produced during the former criminal prosecutions of the Individual City Defendants when those materials are confidential under M.C.L. 767A.8?

CONTROLLING AUTHORITY SUPPORTING MOTION ............................... viii

INDEX OF AUTHORITIES.................................................................... ix

INDEX OF EXHIBITS………………………………………………....xi

INTRODUCTION AND BACKGROUND .............................................1

LAW AND ARGUMENT .......................................................................8

I.      This Honorable Court should preclude discovery of materials produced during the former criminal prosecutions of the Individual City Defendants because those materials are confidential under M.C.L. 767A.8………………………………………………………...8

CONCLUSION AND REQUEST FOR RELIEF...................................15

CERTIFICATE OF SERVICE……………………………………………17

vi

## STATEMENT OF ISSUE PRESENTED

I.   **Whether this Honorable Court should preclude discovery of materials produced during the former criminal prosecutions of the Individual City Defendants when those materials are confidential under M.C.L. 767A.8?**

## MOST CONTROLLING AUTHORITY

The Individual City Defendants rely primarily upon the following most controlling or persuasive authority:

M.C.L. 767A.8

*Truel v. City of Dearborn*, 291 Mich. App. 125, 127; 804 N.W. 2d. 744 (2010)

# INDEX OF AUTHORITIES

**Supreme Court of the United States Cases**

*Dennis* v. *United States,* 384 U.S. 855; 86 S.Ct. 1840 (1966)……………………....13

*Douglas Oil Co.* v. *Petrol Stops Northwest*, 441 U.S. 211 (1979)…………………13

*Gulf Oil Co. v. Bernard*, 452 U.S. 89; 101 S. Ct. 2193 (1981)……………………10

*United States* v. *John Doe, Inc. I,* 481 U.S. 102; 107 S.Ct. 1656 (1987)…………13

*United States* v. *Sells Engineering, Inc.,* 463 U.S. 418, 103 S.Ct. 3133 (1983)…..13

**Sixth Circuit Court of Appeals Cases**

*In re Grand Jury Proceedings*, 841 F.2d 1264, 1268 (6th Cir. 1988)……………13

*In re Wilkinson,* 137 F.3d 911 (6th Cir. 1998)……………..……………………..10

*Nemir v. Mitsubishi Motors Corp.*, 381 F.3d 540 (6th Cir. 2004)………………..10

**Eastern District of Michigan Cases**

*Baumer v. Schmidt*, 2019 WL 6873811; 2019 U.S. Dist. LEXIS 217090
(E.D. Mich. October 24, 2019)……………………………………………………14

*Moody v. Michigan Gaming Control Board*, Case No.: 4:12-cv-13593
(E.D.M.I. 2013)……………………………………………………………14, 15

**Michigan Court of Appeals Cases**

*Truel v. City of Dearborn*, 291 Mich. App. 125; 804 N.W. 2d. 744 (2010)…*passim*

*People v. Cotton*, unpublished per curiam opinion of the Court of Appeals, issued December 19, 2013 (Docket No.: 311956)…………………12, 13

## Other Authorities

*F.T.C. v. Sysco Corporation*, 113 F. Supp. 3d 1 (D.D.C. 2015)…………………10

## Federal Rules of Civil Procedure

Fed. R. Civ. P. 26(c)(1)……………………………….………………………..9, 10

Fed. R. Civ. P. 45(c)(3)(A)(iii)……………………………………………………13

## Michigan Compiled Laws

M.C.L. 767A.1………………………………………………………………..*passim*

M.C.L. 767A.2………………………………………………………...10, 11, 12, 13

M.C.L. 767A.8………………………………………………………………..*passim*

## INDEX OF EXHIBITS

**Exhibit A –** Criminal Complaint Against Defendants Earley, Ambrose, Croft, and Johnson.

**Exhibit B –** Excerpt of Transcript of April 27, 2017 Probable Cause Conference.

**Exhibit C –** January 15, 2019 Press Release.

**Exhibit D –** Motions/Orders of Nolle Prosequi.

**Exhibit E –** June 13, 2019 Press Release.

**Exhibit F –** September 2019 Emails.

**Exhibit G –** Lyons Protective Order.

**Exhibit H –** Wells Protective Order.

**Exhibit I –**  Rosenthal, Cook, Peeler, Scott, and Miller Protective Order.

**Exhibit J –** Busch Protective Order.

**Exhibit K –** Prysby Protective Order.

**Exhibit L –** Shekter Smith Protective Order.

**Exhibit M –** Rosenthal Stipulation for Relief from Protective Order.

**Exhibit N –** *People v. Cotton*, unpublished per curiam opinion of the Court of Appeals, issued December 19, 2013 (Docket No.: 311956).

**Exhibit O –** *Moody v. Michigan Gaming Control Board*, 2011 WL 29367797, Case No.: 4:12-cv-13593 at 9 (E.D.M.I. 2013).

## INTRODUCTION AND BACKGROUND

The Individual City Defendants[1] have each previously been subject to multiple criminal charges brought by the Michigan Attorney General for acts they allegedly committed prior to and after the City of Flint switched its drinking water source from the Detroit Water and Sewage Department to the Flint River in April 2014. Mr. Glasgow[2] was charged on or about April 20, 2016 with various felonies and misdemeanors by the former Office of Special Counsel for the Michigan Attorney General. Mr. Earley,[3] Mr. Ambrose,[4] Mr. Croft,[5] and Mr. Johnson[6] were charged on or about December 19, 2016 with various felonies and misdemeanors by the former Office of Special Counsel for the Michigan Attorney General. Exhibit A – Criminal Complaint Against Defendants Earley, Ambrose, Croft, and Johnson.

The previous criminal charges against the ICDs were all based on allegations that they engaged in criminal conduct while acting as either a state appointed

---

[1] Darnell Earley, Gerald Ambrose, Howard Croft, Daugherty Johnson, and Michael Glasgow.

[2] Previously Case No.: 16TC0927-FY in the 67th District Court for the County of Genesee.

[3] Previously Case No.: 16TB2850-FY in the 67th District Court for the County of Genesee.

[4] Previously Case No.: 16TA2850-FY in the 67th District Court for the County of Genesee and Case No.: 18-042559-FH in the 7th Circuit Court for the County of Genesee as Mr. Ambrose has been bound over to the trial court.

[5] Previously Case No.: 16TC2850-FY in the 67th District Court for the County of Genesee.

[6] Previously Case No.: 16TD2850-FY in the 67th District Court for the County of Genesee.

Emergency Manager (Mr. Earley and Mr. Ambrose) for the City of Flint or while serving as an employee for the City of Flint (Mr. Croft, Mr. Johnson, and Mr. Glasgow).

During the pendency of the ICDs' criminal matters, the former Office of Special Counsel, by and through Special Assistant Attorney General Todd Flood ("SAAG"), provided voluminous amounts of discovery to the ICDs totaling hundreds of gigabytes of electronic data. During an April 25, 2017 Probable Cause Conference in the matters of Mr. Earley, Mr. Ambrose, Mr. Croft, and Mr. Johnson, the former SAAG, in discussing discovery produced in the criminal matters, stated that:

> All of this material is pursuant to investigative subpoena. All of this material is documents -- Judge, this is just being candid with the Court – this is what's going on. … Here's what's goin' on. I have protected material that by statute -- all of us are governed here by the statute -- the federal courts oblige and understand having used investigative subpoena in the federal system that they must keep confidential. It goes without saying. So, all I'm doing, Judge, is if they violate that statute and we don't have the protective order in, that's okay. That's on them. It's a statute. What I'm saying is I'm making the record that we're protected and -- all of us -- that's all.

(Exhibit B – Excerpt of Transcript of April 27, 2017 Probable Cause Conference at 15:20-16:20)

Additionally, upon information and belief, various criminal defendants have been provided various materials marked as confidential or similar that include, but are not limited to:

A. Transcripts of depositions taken pursuant to investigative subpoenas marked as "Highly Confidential."

B. Documents marked as "Grand Jury Material."

C. Documents marked "Confidential."

D. Documents marked "This document contains neither recommendations nor conclusions of the EPA. It is the property of the EPA and is loaned to your agency; it and its contents are not to be distributed outside your agency."

E. Documents marked "This document contains neither recommendations nor conclusions of the FBI. It is the property of the FBI and is loaned to your agency; it and its contents are not to be distributed outside your agency."

In November 2018, Dana Nessel was elected Michigan's 54th Attorney General. In January 2019, Attorney General Nessel appointed Fadwa Hammoud as Solicitor General and tasked her with leading the criminal investigation into the Flint Water Crisis on behalf of the Michigan Attorney General. Exhibit C – January 15,

3

2019 Press Release.[7] In June 2019, the Michigan Attorney General's Office dismissed *without prejudice* all outstanding criminal charges against certain ICDs. Exhibit D – Motions/Orders of Nolle Prosequi.

However, the Michigan Attorney General's Office, assisted by Wayne County Prosecutor Kym Worthy, continues to investigate the events commonly known as the Flint Water Crisis and whose assigned criminal prosecutors have stated publicly in a press release that:

> Our team has already identified additional individuals of interest and new information relevant to the Flint Water Crisis. These investigative leads will be aggressively pursued. Additionally, we will evaluate criminal culpability for all Legionnaires deaths that occurred after the switch to the Flint River, which was never done by the OSC.
>
> **It is important to note that this voluntary dismissal by our team is not a determination of any defendant's criminal responsibility. We are not precluded from refiling charges against the defendants listed below[8] or adding new charges and additional defendants.**

Exhibit E – June 13, 2019 Press Release (emphasis in original). The prior criminal charges brought and threatened against the ICDs are based on allegations relating to the ICDs' prior roles with the City of Flint; that is, Mr. Ambrose and Mr. Earley as state appointed Emergency Managers, Mr. Croft as Director of Public Works, Mr.

---

[7] Also available at https://www.michigan.gov/som/0,4669,7-192-47796-487522--,00.html (last accessed September 25, 2019).

[8] The ICDs are included in the list of defendants whose cases were dismissed.

Johnson as Utilities Director, and Mr. Glasgow as an employee of the City of Flint. *See generally* Ex. A. Mr. Ambrose and Mr. Earley were specifically charged with Misconduct in Office charges arising from their alleged acts as Emergency Managers. *Id.* at 1.

Upon information and belief, based on the public and private statements of representatives of the Michigan Solicitor General, the Solicitor General has been intensely and diligently reviewing documents and information related to the Flint Water Crisis in an effort to evaluate potential criminal charges she will seek in the future. For example, Solicitor General Hammoud was quoted last summer as stating:

> "The Department of Attorney General through the Flint water criminal prosecution team is investigating the Flint water crisis as a whole," Solicitor General Fadwa Hammoud said in a statement to MLive-The Flint Journal. "As stated in recent motions, the prosecution is aware of substantial potential evidence that was not provided to the original prosecution team from the onset of the investigation. The team is currently in the process of obtaining this evidence through a variety of means, including search warrants. The team is also conducting a thorough review of existing and newly received evidence pertaining to the Flint water crisis."[9]

More recently, in December 2019, Solicitor General Hammoud publicly promised that her prosecutorial team is still working on the criminal investigations

---

[9] Ron Fonger, *Ex-Gov. Rick Snyder's phone seized in Flint water criminal investigation*, MLive (June 3, 2019), https://www.mlive.com/news/flint/2019/06/ex-governors-phone-seized-in-flint-water-criminal-investigation.html (last accessed March 8, 2020).

and was quoted as stating "You can expect what we continue to give is a thorough investigation in the pursuit of justice for the citizens of Flint."[10] To date, the Solicitor General has not publicly announced her re-charging decision.

In response to inquiries made to her last year, the Solicitor General emailed counsel for Mr. Croft and Mr. Earley regarding materials previously produced in the former criminal prosecutions. (Exhibit F – September 2019 Emails) In part, the Solicitor General wrote:

> Dear Messrs. Mateo and Rusek,
>
> Thank you for volunteering to coordinate a response to the Class Plaintiffs' 8/16/19 requests for documents served on Darnell Earley and Howard Croft. After careful review, the criminal side of the Department of Attorney General's conflict wall has decided not to participate in the responses or otherwise seek a protective order.
>
> That said, as Mr. Rusek acknowledged in an email to Sunita Doddamani dated 9/1/19, you are precluded from divulging, "to any person," materials in your possession that were gathered pursuant to investigative subpoenas. MCL 767A.8. See also *Truel v City of Dearborn*, 291 Mich App 125, 133-135 (2010) (holding that MCL 767A.8 limits discovery in civil actions and can be invoked in response to motions to compel). If you have any doubt whether a particular document initially was obtained pursuant to an investigative subpoena, please contact me and I will get clarification from my team.

---

[10] Steve Carmody, *Prosecutors still not talking about next step in Flint water crisis investigation*, Michigan Radio (December 19, 2019), https://www.michiganradio.org/post/prosecutors-still-not-talking-about-next-step-flint-water-crisis-investigation (last accessed March 8, 2020).

Ex. F at 2.

Additionally, a number of former criminal defendants who are or were defendants in these consolidated actions had Protective Orders entered in their former criminal cases in the Genesee County District Court. The defendants that had Protective Orders in their criminal matters include: Nicolas Lyons,[11] Eden Wells,[12] Adam Rosenthal, Patrick Cook, Nancy Peeler, Robert Scott, Corinne Miller,[13] Stephen Busch,[14] Michael Prysby,[15] and Lianne Shekter Smith.[16] None of the ICDs had Protective Orders entered in their criminal matters. Finally, upon information and belief, Adam Rosenthal and the former SAAG executed a Stipulation for Relief from Protective Order[17] that states in part that "Plaintiff and Defendant, seek dissolution of the protective order inasmuch as the Protective Order was to remain in effect *exclusively* during the pendency of the case." *Id*. at 2 (emphasis in original).

---

[11] Exhibit G – Lyons Protective Order.
[12] Exhibit H – Wells Protective Order.
[13] Exhibit I – Rosenthal, Cook, Peeler, Scott, and Miller Protective Order.
[14] Exhibit J – Busch Protective Order.
[15] Exhibit K – Prysby Protective Order.
[16] Exhibit L – Shekter Smith Protective Order.
[17] Exhibit M – Rosenthal Stipulation for Relief from Protective Order.

## LAW AND ARGUMENT

**I.     THIS HONORABLE COURT SHOULD PRECLUDE DISCOVERY OF MATERIALS PRODUCED DURING THE FORMER CRIMINAL PROSECUTIONS OF THE INDIVIDUAL CITY DEFENDANTS BECAUSE THE MATERIALS ARE CONFIDENTIAL UNDER M.C.L. 767A.8.**

The former SAAG produced hundreds of gigabytes of materials to the ICDs during their criminal prosecutions. The materials were largely unsorted and produced in a haphazard manner. Included in these materials are documents clearly marked "Highly Confidential," "Confidential," and "Grand Jury Material." Further, large amounts of materials are marked "This document contains neither recommendations nor conclusions of the EPA [or FBI]. It is the property of the EPA [or FBI] and is loaned to your agency; it and its contents are not to be distributed outside your agency." Additionally, it is apparent that produced transcripts were of depositions taken pursuant to investigative subpoenas issued by the former SAAG under M.C.L. 767A.1, *et seq*. Complicating the matter further, each ICD received different sets of materials from the former SAAG.

Therefore, the ICDs request that this Honorable Court issue a protective order setting forth that the materials produced to the ICDs during their criminal prosecutions be precluded from discovery by the parties in these civil actions until Solicitor General Hammoud concludes her criminal inquiry and makes the materials public.

This Honorable Court has the power to issue a protective order precluding the discovery of the materials produced by the Michigan Attorney General's Office during the previously pending criminal prosecutions. Federal Rule of Civil Procedure 26(c)(1) governs the issuance of protective orders and states:

(c) Protective Orders.

(1) *In General.* A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending—or as an alternative on matters relating to a deposition, in the court for the district where the deposition will be taken. The motion must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action. The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:

(A) forbidding the disclosure or discovery;

(B) specifying terms, including time and place or the allocation of expenses, for the disclosure or discovery;

(C) prescribing a discovery method other than the one selected by the party seeking discovery;

(D) forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters;

(E) designating the persons who may be present while the discovery is conducted;

(F) requiring that a deposition be sealed and opened only on court order;

(G) requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way; and

9

> (H) requiring that the parties simultaneously file specified documents or information in sealed envelopes, to be opened as the court directs.

Fed. R. Civ. P. 26(c)(1). The list of types of protective orders set forth in Fed. R. Civ. P. 26(c)(1) is not exhaustive and courts generally may make any type of protective order required by justice. *Nemir v. Mitsubishi Motors Corp.*, 381 F.3d 540, 550 (6th Cir. 2004); *In re Wilkinson,* 137 F.3d 911, 918 (6th Cir. 1998); *F.T.C. v. Sysco Corporation*, 113 F. Supp. 3d 1 (D.D.C. 2015). A protective order may be issued upon a showing of good cause to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, the "potential for which must be illustrated with 'a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements.'" *Nemir*, 113 F. Supp. 3d at 550, quoting *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 102 n. 16; 101 S. Ct. 2193 (1981).

Investigative subpoenas and the testimony and materials obtained via investigative subpoenas are governed by M.C.L. 767A.1, *et seq*. M.C.L. 767A.2 permits a prosecuting attorney to petition a court for the issuance of an investigative subpoena to compel testimony or to compel a person to produce records, documents, or physical evidence related to an investigation into the commission of a felony. M.C.L. 767A.2(1), (2). An application for an investigative subpoena "is confidential and shall not be available for public inspection or copying or divulged to any person

except as otherwise provided in this chapter. An application under this section is exempt from disclosure under the freedom of information act, Act No. 422 of the Public Acts of 1976, being sections 15.231 to 15.246 of the Michigan Compiled Laws." M.C.L. 767A.2(5).

Importantly, M.C.L. 767A.8 states that:

> Petitions for immunity, orders of immunity, transcripts of testimony delivered to witnesses pursuant to grants of immunity, and records, documents, and physical evidence obtained by the prosecuting attorney pursuant to an investigation under this chapter **are confidential and shall not be available for public inspection or copying or divulged to any person** except as otherwise provided in this chapter. Material and information obtained under this act are exempt from disclosure under the freedom of information act, Act No. 442 of the Public Acts of 1976, being sections 15.231 to 15.246 of the Michigan Compiled Laws.

M.C.L. 767A.8 (emphasis added).

In *Truel*, the Wayne County Prosecutor's Office ("WCPO") appealed an order in a civil lawsuit that required the WCPO to "produce its entire file to Defendants' Counsel, including factual and deliberative material." *Truel v. City of Dearborn*, 291 Mich. App. 125, 127; 804 N.W. 2d. 744 (2010). The WCPO's file included transcripts of testimony obtained through an investigative subpoena issued pursuant to M.C.L. 767A.8. *Id*. at 129. The WCPO argued that the transcripts were confidential under M.C.L. 767A.1, *et seq*. The Court agreed and reversed the order of the Circuit Court. *Id*. at 127.

11

The *Truel* Court stated that "The plain language of § 8 makes several delineated items related to an investigation confidential, including (1) petitions for immunity, (2) orders granting immunity, (3) 'transcripts of testimony delivered to witnesses pursuant to grants of immunity,' and (4) 'records, documents, and physical evidence obtained by the prosecuting attorney pursuant to an investigation under this chapter.'" *Id.* at 133. The Court further stated that "The delineated items in § 8 were clearly not intended to be an all-encompassing expression of the elements of an investigation that are considered confidential. For example, the petition for an investigative subpoena itself is confidential, MCL 767A.2(5), and MCL 767A.5(6) provides for the limited disclosure of testimony to a defendant who has been charged based upon information obtained pursuant to the investigative-subpoena statutes." *Id.* at 134.

The *Truel* Court concluded that "Because transcripts of witness testimony are only available to a criminal defendant when the charges result from information obtained through investigative subpoenas and (a) the testimony is that of the defendant or (b) the testimony is that of witnesses who will testify at trial, MCL 767A.5(6), defendants here are not entitled to the transcripts of statements given by the four police officers. Therefore, the trial court abused its discretion by granting defendants' motion to compel the WCPO to produce the transcripts." *Id.* at 135; *see also People v. Cotton*, unpublished per curiam opinion of the Court of Appeals,

issued December 19, 2013 (Docket No.: 311956), p. 3-4 (holding that an application for an investigative subpoena is confidential under the unambiguous language of M.C.L. 767A.2(5) for the same reasoning set forth in *Truel*) (Exhibit N).

The *Truel* Court also likened testimony obtained pursuant to an investigative subpoena to testimony given during grand jury proceedings. *Truel*, 291 Mich. App. at fn 2. The importance of confidentiality and secrecy in the grand jury setting has been addressed by the Sixth Circuit Court of Appeals. In *In re Grand Jury Proceedings*, the Court explained:

> The need for secrecy continues, if not with unabated strength, even after the grand jury has decided, as it had decided in Procter & Gamble, not to return an indictment. The need for secrecy continues even after the grand jury has been dissolved, as it had been in *Dennis* v. *United States,* 384 U.S. 855, 86 S.Ct. 1840, 16 L.Ed.2d 973 (1966); *Douglas Oil Co.* v. *Petrol Stops Northwest, supra*; and *United States* v. *John Doe, Inc. I,* 481 U.S. 102, 107 S.Ct. 1656, 95 L.Ed.2d 94 (1987). And the need for secrecy continues even after the persons indicted by the grand jury have pleaded guilty, as they had in *United States* v. *Sells Engineering, Inc.,* 463 U.S. 418, 103 S.Ct. 3133, 77 L.Ed.2d 743 (1983). "[I]n considering the effects of disclosure on grand jury proceedings," **the Supreme Court has told us, " the courts must consider not only the immediate effects upon a particular grand jury, but also the possible effect upon the functioning of future grand juries."** *Douglas Oil,* 441 U.S. at 222, 99 S.Ct. at 1674.

*In re Grand Jury Proceedings*, 841 F.2d 1264, 1268 (6th Cir. 1988) (emphasis added).

13

In *Moody*, Judge Drain quashed a subpoena seeking transcripts of testimony obtained through an investigative subpoena under Fed. R. Civ. P. 45(c)(3)(A)(iii). *Moody v. Michigan Gaming Control Board*, Case No.: 4:12-cv-13593 at 9 (E.D.M.I. 2013) (Exhibit O). The Court stated that "While the Court concludes that the information sought by Plaintiffs is relevant, it further finds that it is privileged under state law and Plaintiffs are not entitled to the transcript of Moody's statement or of the hearing." *Id*.

Recently, in a case pending before this Honorable Court, it was recognized that even information learned from discovery materials received pursuant to a protective order in a criminal case was not subject to discovery during deposition. *Baumer v. Schmidt*, 2019 WL 6873811; 2019 U.S. Dist. LEXIS 217090 at *21-22 (E.D. Mich. October 24, 2019). This Court held that not only were the materials themselves protected from discovery in the civil suit because they were received under a protective order prohibiting disclosure of the information for any purpose other than in connection with the criminal case, but also testimony related to those materials or information learned from those materials was prohibited. *Id.* This was true even though the respondent had already been sentenced in his criminal case, and it was presumably closed.

In this matter, all of the materials produced to the ICDs by the former SAAG were claimed to have been obtained by the SAAG through investigative subpoenas

14

issued under M.C.L. 767A.1, *et seq*. Ex. B. Solicitor General Hammoud has also confirmed that confidential materials were produced to the ICDs by her predecessor. Ex. F. Importantly, the materials produced to the ICDs are, upon information and belief, still being utilized by the Solicitor General in her ongoing criminal investigation into the events that give rise to these actions.

Therefore, under M.C.L. 767A.8, the "records, documents, and physical evidence" obtained through investigative subpoenas and produced to the ICDs are "confidential and shall not be available for public inspection or copying or divulged to any person…" M.C.L. 767A.8. The materials being sought in this matter from the ICDs is similar to the materials sought in *Truel* and *Moody* and this Honorable Court should enter a protective order forbidding the production of the confidential materials by the ICDs.

## CONCLUSION AND REQUEST FOR RELIEF

The ICDs request that this Honorable Court issue a protective order that precludes the production of confidential materials produced to the ICDs during their criminal matters to the parties to this action.

**Respectfully Submitted,**

*Attorneys for Defendant*
*Gerald Ambrose*

*/s/ Barry A. Wolf (w/consent)*
BARRY A. WOLF (P40709)
Law Office of Barry A. Wolf PLLC
503 S. Saginaw Street, Suite 1410
Flint, MI  48502
(810) 762-1084
Bwolf718@msn.com

*Attorneys for Defendant*
*Darnell Earley*

*/s/ Todd Perkins (w/consent)*
TODD PERKINS (P55623)
Perkins Law Group
615 W. Griswold Ste. 400
Detroit, MI. 48226
(313) 964-1702
tperkins@perkinslawgroup.net

*Attorneys for Defendant*
*Howard Croft*

*/s/ Alexander S. Rusek*
ALEXANDER S. RUSEK (P77581)
White Law PLLC
2549 Jolly Road, Suite 340
Okemos, MI  48864
(517) 316-1195
alexrusek@whitelawpllc.com

*Attorneys for Defendant*
*Michael Glasgow*

*/s/ Christopher Marker (w/consent)*
CHRISTOPHER MARKER (P81564)
O'Neill, Wallace & Doyle, P.C.
300 St. Andrews Road, Suite 302
Saginaw, MI  48605
(989) 790-0960
cmarker@owdpc.com

*Attorneys for Defendant*
*Daugherty Johnson*

*/s/ Edwar A. Zeineh (w/consent)*
Edwar A. Zeineh (P71923)
Law Office of Edwar A. Zeineh
2800 E. River Ave., Suite B.
Lansing, MI 48912
(517) 292-7000
zeinehlaw@gmail.com

**Dated:  March 9, 2020**

16

---

## CERTIFICATE OF SERVICE

---

I hereby certify that on March 9, 2020 I electronically filed the above document with the Clerk of the Court using the Court's ECF system, which will send notification of such filing to all counsel of record.

**Respectfully Submitted,**

*/s/ Alexander S. Rusek*
ALEXANDER S. RUSEK (P77581)
White Law PLLC
2549 Jolly Road, Suite 340
Okemos, MI 48864
Ph.: (517)316-1195
E: alexrusek@whitelawpllc.com

17