# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

*In re* Flint Water Cases.

_____/

Judith E. Levy
United States District Judge

This Order Relates To:

ALL CASES

_____/

## ORDER REQUIRING A RESPONSE

The Court learned by email and during a telephonic status conference with the parties on March 18, 2020, that VNA Defendants recently served approximately 15 "non-party" subpoenas on individuals for home inspections. *See* Exhibits A, B. Some of these subpoenas were served directly on represented parties, and all of the subpoenas were served without any prior notice to counsel. The Court was also informed that one of these subpoenas was served on a represented party, Apricott Teed, at her home at 8:30pm on March 16, 2020. That same day, the represented Plaintiff contacted VNA Defendants—as the subpoena instructed her to do—and counsel for Plaintiff was not informed of this communication until late the next day. These subpoenas were served on

individuals in their homes after the Governor of Michigan issued a Declaration of State of Emergency in response to the COVID-19 pandemic. Executive Order 2020-04 (Mar. 10, 2020). VNA Defendants' actions jeopardized the health and wellbeing of not only the recipients of the subpoenas but also the process servers.

Michigan Rule of Professional Conduct 4.2 prohibits a lawyer from "communicat[ing] about the subject of the representation with a person whom the lawyer knows to be represented in the matter by another lawyer, unless the lawyer has the consent of the other lawyer or is authorized by law to do so." M.R.P.C. 4.2. Moreover, serving subpoenas on individuals in their homes during a global public health crisis wherein people are being advised to stay home and maintain a distance of six feet from others does not comport with Federal Rule of Civil Procedure 45(d), which states that "[a] party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." *See also* FRCP 45(d) ("The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may

include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply."); FRCP 45(a)(4).

VNA Defendants responded that service was made "in light of imminent discovery deadlines." Exhibit B. They also acknowledged that the subpoenas issued to represented parties "were a mistake." *Id*. VNA Defendants did not address the fact that personal service was conducted during a public health emergency, and specifically one that requires that individuals stay inside their homes and have limited contact with others. It also did not address the fact that VNA Defendants served these subpoenas without prior notification to Plaintiffs' counsel when this litigation involves thousands of individuals who are represented by counsel, but have not yet filed lawsuits, and thus are not readily identifiable as represented individuals without prior notice to Plaintiffs' counsel.

VNA Defendants are now ordered to file a response, no later than April 13, 2020, to Plaintiffs' allegations set forth above and to indicate how this conduct is not an abuse of the judicial process.

IT IS SO ORDERED.

Dated: April 2, 2020           s/Judith E. Levy
Ann Arbor, Michigan            JUDITH E. LEVY

3

4

        United States District Judge

## CERTIFICATE OF SERVICE

    The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on April 2, 2020.

        <u>s/William Barkholz</u>
        WILLIAM BARKHOLZ
        Case Manager