# Exhibit A

**From:** Stern, Corey <CStern@levylaw.com>
**Sent:** Wednesday, March 18, 2020 2:31 PM
**To:** Abigail DeHart <Abigail_DeHart@mied.uscourts.gov>
**Cc:** Klein, Sheldon <klein@butzel.com>; Erickson, Philip <PErickson@plunkettcooney.com>; Greenspan, Deborah <DGreenspan@blankrome.com>; James Campbell <jmcampbell@campbell-trial-lawyers.com>; cbarbieri@fosterswift.com; wkim@cityofflint.com; rkuhl@michigan.gov; DGreenspan@blankrome.com; mpitt@pittlawpc.com; Patrick Lanciotti <planciotti@napolilaw.com>; Craig S. Thompson <cthompson@swappc.com>; Susan E. Smith <SSmith@bdlaw.com>; Hunter Shkolnik <hunter@napolilaw.com>; Theodore Leopold <tleopold@cohenmilstein.com>; Alaina Devine <adevine@campbell-trial-lawyers.com>; Mbettenhausen <BettenhausenM@michigan.gov>; Walker, Renner <RWalker@Levylaw.com>; Latanision, Alex <ALatanision@Levylaw.com>; Penhallegon, John R. <jpenhallegon@campbelltriallawyers.com>; Dermody, Alyza M. <adermody@levylaw.com>; Kent, David C. <David.Kent@dbr.com>; Rogers, David M. <drogers@campbell-trial-lawyers.com>; Mason, Wayne B. <Wayne.Mason@dbr.com>; Leslie Calhoun <Leslie_Calhoun@mied.uscourts.gov>
**Subject:** Re: Request for Telephone conference

Ms. Devine:

I would like to bring to the Court's attention the following facts:

1. The VNA defendants served/attempted to serve what I believe is 15 non-party subpoenas for home inspections beginning at least as early as 3/11/20, the same day we were all together for the Court's most recent Status Conference.

2. No one, except VNA, was aware these subpoenas had been drafted, served, were being attempted to be served, or on what date inspections were being noticed/subpoenaed for.

3. VNA claims its intention was to inspect homes of non-parties, where some bellwether plaintiffs previously (but no longer) lived.

4. On March 16, 2020, this past Monday, Apricott Teed, one of my clients was served with one of the subpoenas, directly by VNA at 8:30 pm.

5. The affidavit of service as to Ms. Teed states incorrectly that she was served that morning.

6. On March 11, 2020, my client Leandre Crosby was served with a subpoena, directly by VNA.

7. On March 11, 2020, one of Mr. Shkolnik's clients, Amanda Wheat, was served with a subpoenas directly by VNA.

8. George Lee, one of Marc Bern's clients, was also served with a subpoena, directly by VNA.

9. On March 16, 2020, immediately after being served, Ms. Teed, unbeknownst to me, made contact with VNA, as the subpoena's cover letter instructed her to do.

10. I was first informed of the communication from Ms. Teed to VNA, by VNA, around 4:00 pm yesterday, 3/17.

11. Almost immediately after informing me of the communication from Ms. Teed, VNA sent out copies of the subpoenas to more that 200 attorneys of record in this case, roughly a week after service of said subpoenas had begun, effectively notifying all parties of their existence.

12. Every defendant (other than VNA) who I have heard from today has stated they knew nothing about the existence of these subpoenas until they were emailed copies thereof yesterday afternoon, around 4:00 pm.

13. We have asked VNA to inform the Court of its violation of the Michigan Rules of Professional Conduct by contacting our clients directly.

14. We have asked for VNA to inform every recipient who received a subpoena (except those four that are represented), that the subpoena was sent without following the protocols set forth in and the spirit of the CMO, and without having had any communications with other parties to the litigation, and that the subpoena is being withdrawn.

15. We are asking VNA to send each of the attorneys for clients who were served a letter of apology that we can share with our clients. Some of us have had to try and deal with our clients regarding this issue for the better part of the last 20 hours.

16. In light of the fact that VNA's chosen process server has decided to serve families in the evening with subpoenas, while there is a state of emergency and families are being told to not have contact with people, and also has sworn to at least one affidavit of service that is inaccurate as to when someone was served, we have asked VNA to agree not to use that process server again in this litigation.

17. VNA claims it has no choice under michigan law than to attempt service personally before utilizing other means. We disagree and have no problem briefing the issue, especially in light of the current circumstances involving the Coronavirus. we would like to brief the issue of VNA insists on continuing this procedure.

18. VNA could not and would not agree to these terms during our Meet and Confer, and said they'd get back to us.

19. We would like this issue to be a part of the call at 3:30, as well as the need to include a protocol regarding non-party subpoenas for home inspections more generally.

I'm sorry to raise this last minute but it's just occurred.

Corey M. Stern
*Partner*
Levy Konigsberg, LLP
800 Third Avenue, 11th Floor
New York, New York 10022
(212) 605-6298
(212) 605-6290 (facsimile)
www.levylaw.com