# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

IN RE FLINT WATER CASES

No. 5:16-cv-10444-JEL-MKM
(consolidated)
Hon. Judith E. Levy

## THE VNA DEFENDANTS' OPPOSITION TO CLASS PLAINTIFFS' MOTION FOR ISSUANCE OF LETTER ROGATORY FOR INTERNATIONAL ASSISTANCE IN TAKING DEPOSITION IN FRANCE

## STATEMENT OF ISSUE PRESENTED

1.    Should the Court deny Class Plaintiffs' motion for issuance of a letter rogatory to an executive of a nonparty in France because Class Plaintiffs seek deposition testimony that is irrelevant to the merits of any claim, disproportionate to the needs of this case, and unduly burdensome, and also because the proposed letter rogatory fails to comply with the requirements of the Hague Convention?

**VNA Defendants' Answer:** "Yes."

**Class Plaintiffs' Answer:** "No."

## CONTROLLING OR MOST APPROPRIATE AUTHORITIES

*Société Nationale Industrielle Aérospatiale v. U.S. Dist. Ct. for the S. Dist. of Iowa*,
    482 U.S. 522 (1987)

*Perrigo Co. & Subsidiaries v. United States*,
    294 F. Supp. 3d 740 (W.D. Mich. 2018)

Fed. R. Civ. P. 26

Fed. R. Civ. P. 45

Hague Convention on the Taking of Evidence Abroad in Civil or Commercial
    Matters, March 18, 1970, 23 U.S.T. 2555, T.I.A.S. No. 7444

## INTRODUCTION

Defendants Veolia North America, LLC, Veolia North America, Inc., and Veolia Water North America Operating Services, LLC (the VNA Defendants) oppose Class Plaintiffs' motion for a letter rogatory. Pursuant to the Hague Convention, Class Plaintiffs seek to depose Laurent Obadia, Director of Communications for the VNA Defendants' French parent corporation, Veolia Environnement S.A. (VE), and they move for the Court to authorize taking that deposition in France. VE is a separate corporation from the VNA Defendants. VE is not a party in this case or any other case before this Court. The VNA Defendants oppose Class Plaintiffs' motion on their own behalf—and not on VE's behalf—based on their direct and substantial interest in opposing a burdensome deposition that would unnecessarily detract from their other discovery efforts, class-certification briefing, and trial preparation.[1]

The U.S. Supreme Court has directed courts to "exercise special vigilance" against "unnecessary" and "unduly burdensome" foreign discovery. *Société*

---

[1] There can be no doubt that the VNA Defendants have standing to object to Class Plaintiffs' motion for issuance of a letter rogatory. "[C]ourts routinely consider an opposing party's objections" in "ruling on the merits of … motions for letters of request under the Hague Convention" directed at a nonparty. *Maui Jim, Inc. v. SmartBuy Guru Enters.*, No. 1:16-cv-09788, 2019 WL 4140782, at *1 (N.D. Ill. Aug. 30, 2019). "Common sense teaches that a party has every right to object to additional, costly, and potentially time-consuming depositions an opposing party wants to take, especially where the depositions will occur in a foreign country." *Id.*

*Nationale Industrielle Aérospatiale v. U.S. Dist. Ct. for the S. Dist. of Iowa*, 482 U.S. 522, 546 (1987). The discovery that Class Plaintiffs' motion seeks—a deposition of a senior executive at a third-party multinational corporation regarding issues completely unrelated to the claims and defenses in the litigation—is both "unnecessary" and "unduly burdensome." For at least two independent reasons, it does not pass muster under Federal Rule of Civil Procedure 26(b)—which prohibits irrelevant, disproportionately burdensome discovery—or Federal Rule of Civil Procedure 45(d)—which forbids unduly burdensome nonparty discovery.

First, the information Class Plaintiffs purport to seek is neither relevant nor likely to lead to the discovery of relevant evidence. Class Plaintiffs represent that they want to examine Mr. Obadia about "Veolia's [alleged] media campaign" to address "its role" in the "Flint water crisis." Pls.' Mem. 1. This subject is patently irrelevant to Class Plaintiffs' sole surviving claim against the VNA Defendants, which is for professional negligence. That claim relates to actions taken by the VNA Defendants when they were doing work for the City of Flint—not actions by a high-ranking executive at a separate company taken long after the VNA Defendants' contract with the City of Flint had terminated. Although the proposed letter rogatory itself indicates that Class Plaintiffs intend to ask Mr. Obadia about "the actions and inactions" of VNA and VE "with regard to the water contamination in Flint, Michigan," Class Plaintiffs do not mention that boundless topic at all in their

memorandum of law, and the Court therefore should not consider it when determining whether the discovery sought is relevant.

Second, the deposition would be disproportionately time-consuming and costly for the VNA Defendants (not to mention nonparty VE). Their counsel would have to prepare for and participate in a foreign, bilingual deposition of a nonparty through which Class Plaintiffs are seeking information that has nothing to do with the claims in this litigation. The Court should not allow Class Plaintiffs to distract the VNA Defendants from the numerous other time-consuming tasks that they and their counsel must perform to keep the case on its current schedule. That is all the more so because the information that Class Plaintiffs purportedly seek from Mr. Obadia—whether it be information about the ostensible "media campaign" or information about "the actions and inactions" of VNA and VE referenced only in the proposed letter rogatory—can be obtained from other sources, including depositions of the VNA Defendants' own employees. Nonparty discovery is therefore impermissible under Rules 26 and 45.

In addition, the proposed letter rogatory does not comply with the requirements of the Hague Convention, including requirements that the letter specify the topics for questioning and accurately characterize the nature of these proceedings. The Court should deny Class Plaintiffs' motion for this reason as well.

3

## BACKGROUND

Class Plaintiffs have submitted to this Court a proposed "Letter of Request," Pls.' Mot. at Ex. 1 (Ex. 1), which they ask the Court to issue to the French Ministry of Justice. Ex. 1, §§ 1-2. They make this request pursuant to the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters, March 18, 1970, 23 U.S.T. 2555, T.I.A.S. No. 7444. The Hague Convention "prescribes certain procedures by which a judicial authority in one contracting state may request evidence located in another contracting state." *Aérospatiale*, 482 U.S. at 524.

The Letter of Request seeks the deposition of Laurent Obadia, the Director of Communications at VE, a large multinational corporation that is not a party to this litigation. *See* Ex. 1, §§ 8-9. Plaintiffs have proposed a 7-hour deposition "if taken in English" or a 14-hour deposition "if taken with the use of a French translator," to take place in Paris, France, on July 8, 2020. *Id.*, § 13.

Class Plaintiffs assert that "Mr. Obadia is a key witness," even though they are pursuing *only* a professional negligence claim against the VNA Defendants for their work in Flint. It is beyond dispute that Mr. Obadia does not work for the VNA Defendants and had nothing to do with Veolia Water North America Operating Services, LLC's $40,000 contract with the City of Flint.

Although Class Plaintiffs do not and cannot allege that Mr. Obadia has any connection with the contract that gave rise to this litigation, they maintain that they

4

need to depose Mr. Obadia to explore his role "in coordinating Veolia's media campaign to spread misinformation in order to shift blame publicly for its role in causing the Flint water crisis." Pls.' Mem. 1.[2] Class Plaintiffs cite their "one-page submission to the Court on March 6, 2020" and the documents attached thereto, which purportedly "indicate that Mr. Obadia played a key role in Veolia's media campaign surrounding the Flint water crisis." *Id*. at 3.

While Class Plaintiffs contend in the memorandum in support of their motion that they need this third-party deposition to explore that alleged media campaign, their proposed letter of request fails even to mention this topic. Instead, the proposed letter states that Mr. Obadia's 7 or 14-hour deposition will cover "the actions and inactions" of VNA and VE "with regard to the water contamination in Flint, Michigan." Ex. 1, § 10. The memorandum nowhere defends the roving commission sought in the proposed letter. Nor does it otherwise explain why Class Plaintiffs need to depose Mr. Obadia even though he has no connection to the events giving rise to this litigation.

**ARGUMENT**

Either Class Plaintiffs want to depose Mr. Obadia about a purported media campaign that took place between 10 and 17 months after the VNA Defendants'

---

[2]    Needless to say, the VNA Defendants dispute Class Plaintiffs' characterization of their communications with the media.

short-term engagement in Flint, as they represent in their memorandum of law, or they want to depose him about the VNA Defendants' performance of the contract with the City of Flint, as the proposed letter rogatory suggests. The former topic has nothing to do with the professional-negligence claim against the VNA Defendants. And as a communications professional located in France, not a U.S. water engineering professional, Mr. Obadia has no first-hand information about the latter topic. In contrast, employees of the VNA Defendants whom Class Plaintiffs already have deposed or whose depositions have been noticed, but not yet scheduled, do have such knowledge. Under these circumstances, a 14-hour bilingual deposition of Mr. Obadia would be unnecessarily burdensome. Accordingly, the motion for issuance of the letter rogatory should be denied under Federal Rules of Civil Procedure 26 and 45.

## I.   The Motion Should Be Denied Because It Requests Nonparty Discovery That Is Irrelevant And Unduly Burdensome

"[A] letter rogatory is the request by a domestic court to a foreign court to take evidence from a certain witness." *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 247 n.1 (2004) (internal quotation marks and emphasis omitted). In other words, a letter rogatory is a request by the *court*—not by the party who authored the letter—so the court "maintains discretion over whether to issue" it. *Perrigo Co. & Subsidiaries v. United States*, 294 F. Supp. 3d 740, 742 (W.D. Mich. 2018); *see, e.g.,*

*United States v. El-Mezain*, 664 F.3d 467, 517 (5th Cir. 2011) ("The decision to issue a letter rogatory is … entrusted to the sound discretion of the district court.").

Although Class Plaintiffs assert that a "liberal standard" governs motions for letters rogatory, they concede—as they must—that "[c]ourts considering a letter rogatory 'apply the discovery principles contained in Rule 26.' " Pls.' Mem. 2 (quoting *Lantheus Med. Imaging, Inc. v. Zurich Am. Ins.*, 841 F. Supp. 2d 769, 776 (S.D.N.Y. 2012)). Specifically, courts "review requests [for letters rogatory] under the principles of Fed. R. Civ. P. 26(b) and (c), applicable to all forms of discovery." *Perrigo*, 294 F. Supp. 3d at 742. "[T]he guiding principles must be the proportionality considerations applicable to all discovery." *Id.* (citing Fed. R. Civ. P. 26(b)). Those principles are "further informed by the duty of the parties seeking third party discovery under Rule 45(d) to avoid undue burden and expense." *Id.*

Hence, even though the Federal Rules authorize district courts to issue a letter of request seeking a foreign deposition, *see* Fed. R. Civ. P. 28(b), a court must first evaluate whether the request satisfies Rule 26 as well as Rule 45(d).

Under Rule 26(b), "[p]arties may obtain discovery regarding … nonprivileged matter[s]" *only if* the discovery is "*relevant* to [a] party's claim or defense." Fed. R. Civ. P. 26(b)(1). Thus, "[r]eviewing courts have denied Letters of Request for … being … unlikely to lead to the discovery of relevant evidence." *Perrigo*, 294 F.

Supp. 3d at 742; *accord, e.g.*, *Yellow Pages Photos, Inc. v. Ziplocal, LP*, 795 F.3d 1255, 1273-74 (11th Cir. 2015).

In addition to the relevance threshold, Rule 26(b)(1) specifies that parties may not take discovery that is not "proportional to the needs of the case," such as when "the burden or expense of the proposed discovery outweighs its likely benefit."  And Rules 26(b)(2)(C) and (C)(i) further provide that courts "*must* limit" discovery if it "can be obtained from some other source that is … less burdensome" (emphasis added).  These limitations are at their strictest when, as here, a party seeks *nonparty* discovery.  Indeed, under the provisions of Rule 45 governing nonparty discovery, parties "*must* take reasonable steps to avoid imposing undue burden" on nonparties, and courts "*must* enforce this duty and impose an appropriate sanction … on a party … who fails to comply."   Fed. R. Civ. P. 45(d)(1) (emphases added). Unsurprisingly, courts rely on Rule 26 and Rule 45 to deny unduly burdensome letters rogatory.  *See, e.g.*, *Perrigo*, 294 F. Supp. 3d at 744-45.

Here, Rule 26(b) plainly bars the deposition that Class Plaintiffs seek because the sole topic for the deposition mentioned in Class Plaintiffs' memorandum—the ostensible media campaign—is manifestly irrelevant.  And even if the deposition did seek relevant information, Rules 26(b) and 45 would bar the deposition because it unnecessarily seeks burdensome nonparty discovery and the information Class Plaintiffs seek is readily available from a less burdensome source.

## A.   The Deposition Is Unlikely To Lead To The Discovery Of Relevant Evidence

It could not be clearer that the proposed letter of request to depose Mr. Obadia is "unlikely to lead to the discovery of relevant evidence," which is reason enough to deny Class Plaintiffs' motion under Rule 26(b).  *Perrigo*, 294 F. Supp. 3d at 742.

To begin with, Class Plaintiffs seek to depose an executive of *VE*.  VE is not even a party to this lawsuit.  *See* Fourth Consol. Am. Class Action Compl. ¶ 44 (Compl.), Dkt. 620-3 (referring to "Non-party Veolia Environ[ne]ment S.A."). Indeed, VE is not a party to *any* of the Flint Water cases before this Court.[3]  In a different context, this Court recognized that "[t]here are no claims pending against VE" "that could justify" discovery relating to VE under Federal Rule of Civil Procedure 26.  Order 4, Dkt. 385 (Feb. 22, 2018).  The Court accordingly denied Class Plaintiffs' request for discovery to establish whether the Court has jurisdiction over VE.  *Id*.  The Court explained that Rule 26 "limited" the Court's power to order discovery and that Class Plaintiffs "ha[d] not shown that this discovery could lead to admissible evidence relevant to the claims plaintiffs have asserted against named defendants."  *Id*. at 2-3.  Here too, Class Plaintiffs have "no right to conduct

---

[3]   VE has not been served with process in the three cases in which individual plaintiffs name VE as a defendant in their short-form complaints.  *See* Short Form Compl. ¶ 1, *Alexander v. City of Flint*, No. 5:16-cv-13421 (E.D. Mich. Nov. 6, 2018), Dkt. 122; Short Form Compl. ¶ 1, *Chapman v. Snyder,* No. 5:18-cv-10679 (E.D. Mich. Nov. 15, 2019), Dkt. 54; Short Form Compl. ¶ 1, *Lee v. City of Flint,* No. 5:17-cv-11726 (E.D. Mich. Feb. 22, 2018), Dkt. 36.

discovery in an attempt to develop support for some 'new' but yet-unpleaded claims" against VE. *Umney v. Cmty. Fin. Members Fed. Credit Union*, No. 2:14-cv-13328, 2015 WL 5317224, at *2 (E.D. Mich. Sept. 9, 2015).

Moreover, Class Plaintiffs do not even attempt to demonstrate that a deposition of Mr. Obadia could lead to admissible evidence—as it is their burden to do. Their memorandum of law says only that they wish to ask him about his role "in coordinating Veolia's media campaign to spread misinformation in order to shift blame publicly for its role in causing the Flint water crisis." Pls.' Mem. 1.

That topic is neither relevant nor likely to lead to the discovery of relevant evidence for the simple reason that Class Plaintiffs' only remaining claim against the VNA Defendants is for professional negligence. *See* Order 127-28, Dkt. 798 (Apr. 1, 2019). That claim is premised on the VNA Defendants' actions during a 30-day period from February 10, 2015, to March 12, 2015. *See* Compl. ¶¶ 193-207. The documents that Class Plaintiffs submitted in connection with their March 6 submission, however, reflect that the ostensible public relations campaign and surrounding internal communications occurred between ten and seventeen months *after* the VNA Defendants' contract with the City of Flint ended in March 2015.[4]

---

[4]    *See* Class Pls.' Mar. 6, 2020, Submission, Ex. F ("Summary of Veolia's Flint, Michigan Study" dated January 21, 2016); *id.*, Ex. J (emails from and to Mr. Obadia dated July 8 to July 12, 2016); *id.*, Ex. K (email to Mr. Obadia dating July 18, 2016); *id.*, Ex. L (emails from and to Mr. Obadia dating June 23, 2016).

An allegedly misleading media campaign that occurred many months after the fact self-evidently neither "has any tendency to make a fact [that Class Plaintiffs must prove] more or less probable than it would be without [the testimony]" nor "is of consequence in determining [their] action" for negligence.   Fed. R. Evid. 401 (defining "relevant evidence"); *see Am. Soc'y for the Prevention of Cruelty to Animals v. Ringling Bros. & Barnum & Bailey Circus*, 233 F.R.D. 209, 213-14 (D.D.C. 2006) (denying discovery of public relations documents that were irrelevant to merits of plaintiff's claims).[5]

Because a deposition of Mr. Obadia about the ostensible "media campaign" is not calculated to lead to any relevant evidence, Rule 26(b)(1) compels denial of Class Plaintiffs' motion.   *See, e.g.*, *Yellow Pages Photos*, 795 F.3d at 1273 (courts refuse to issue letters rogatory that are "unlikely to lead to the discovery of relevant evidence"); *El-Mezain*, 664 F.3d at 518 (district court properly denied request for

---

[5]   Class Plaintiffs asserted in their March 6 submission that Mr. Obadia's testimony is relevant to exemplary damages.   They appear to have abandoned that argument, and with good reason:   This Court has dismissed their claim for exemplary damages because they did not adequately allege that the VNA Defendants engaged in "malicious, willful, and wanton conduct."   Order 125, Dkt. 798.   Even if the claim for exemplary damages were still alive, however, the testimony would be irrelevant:   Alleged misstatements made by *VE* between 10 and 17 months after the fact have no tendency to show that *the VNA Defendants'* actions were malicious, willful, or wanton.   Nor can they shed light on whether and to what extent Class Plaintiffs felt any "humiliation, sense of outrage, [or] indignity" as a result of the VNA Defendants' alleged conduct more than a year earlier—which is an independent requirement for an award of exemplary damages.   Order 124, Dkt. 798 (quoting *Kewin v. Mass. Mut. Life Ins. Co.*, 295 N.W.2d 50, 55 (Mich. 1980)).

letter rogatory that would have resulted in a "fishing expedition"); *Seven Bros. Painting, Inc. v. Painters & Allied Trades Dist. Council No. 22*, No. 2:09-cv-12506, 2010 WL 11545174, at *3 (E.D. Mich. June 7, 2010) (quashing nonparty subpoena seeking information whose relevance was not shown); *In re Letters Rogatory from Canada*, No. 2:08-mc-50465, 2008 WL 2760963, at *2 (E.D. Mich. July 15, 2008) ("weak initial showing of the likelihood of discovering relevant information is cause in and of itself to deny [defendant's] request" for a letter rogatory).  And because Class Plaintiffs seek "unnecessary" *foreign* discovery, the reasons compelling denial of their motion are especially strong.  *Aérospatiale*, 482 U.S. at 546.

## B.    The Deposition Seeks Unduly Burdensome Nonparty Discovery

As noted above, the proposed letter itself says that the requested deposition would cover "the actions and inactions" of VNA and VE "with regard to the water contamination in Flint, Michigan." Ex. 1, § 10.  But neither the motion nor the memorandum even mentions that the deposition would cover this unbounded topic, let alone justifies it.  Indeed, Class Plaintiffs nowhere allege that Mr. Obadia was even aware of the $40,000 contract in the U.S., much less that he was involved with its execution, which is hardly surprising since he is a communications executive in France, not a water engineering professional in the U.S.  The Court accordingly should disregard the language in the letter.  But insofar as the Court decides to excuse the disconnect between the proposed letter and the memorandum, "this is exactly the

broad type of request that indicates a 'fishing expedition'" that a court should not allow parties to pursue. *United States v. Warren*, 782 F. App'x 466, 472 (6th Cir. 2019); *see Entm't Prods., Inc. v. Shelby Cty., Tenn.*, 721 F.3d 729, 744 (6th Cir. 2013) (affirming denial of "overly broad and irrelevant" discovery request on the ground that it was a "fishing expedition"). Given the burdens associated with such a fishing expedition and the fact that Class Plaintiffs have already taken many hours of testimony from the VNA Defendants' employees on this broad topic and will have additional opportunities to obtain still more testimony about it from employees of the VNA Defendants in the future, deposing Mr. Obadia on this topic is unjustified under Rules 26 and 45.

It cannot be emphasized strongly enough that Class Plaintiffs seek *foreign*, *nonparty* discovery in order to explore matters on which they already have been obtaining—and will continue to obtain—information from the VNA Defendants. "[T]he burden [and] expense of the proposed discovery" is not "proportional to the needs of the case," Fed. R. Civ. P. 26(b)(1), constitutes an "undue burden," Fed. R. Civ. P. 45(d)(1), and therefore violates "the duty of the parties seeking third party discovery … to avoid undue burden and expense." *Perrigo*, 294 F. Supp. 3d at 742.[6]

---

[6]   Although Rule 45 forbids imposing an undue burden only on nonparties like Mr. Obadia and VE, like Rule 26 it also has the salutary effect of limiting the burdens of third-party discovery on parties like the VNA Defendants.

13

**1.    This overseas, bilingual deposition in the midst of more pressing litigation tasks would be highly burdensome.**

Plaintiffs have proposed a 14-hour bilingual deposition to take place in France in July 2020.  Ex. 1, § 13.  The VNA Defendants would incur not only attorneys' fees but potentially other monetary costs, like expenses for international travel and translation services.  More importantly, the VNA Defendants will have to devote substantial time and resources to participating in and preparing for the deposition.  Even though Mr. Obadia is an employee of VE, the broad scope of the deposition set forth in the proposed letter reflects that Class Plaintiffs plan to ask him about documents and testimony relating to the VNA Defendants.  To be prepared, the VNA Defendants and their counsel will have to review and further investigate such documents and testimony.  The time and expense required to perform these tasks would necessarily distract them from other critical pre-trial activities, including the numerous depositions that will need to take place through the end of the discovery period, factual development relating to the 14 bellwether plaintiffs, expert discovery, class-certification briefing, and trial preparation.  That alone warrants denying Class Plaintiffs' motion.  *See, e.g.*, *Perrigo*, 294 F. Supp. 3d at 745 (denying motion for letter rogatory because "the importance (or lack thereof)" of the requested discovery and "the burden of time and expense" "outweigh[ed] any potential benefits").

> **2.    This overseas, bilingual deposition of a nonparty is unnecessary because Class Plaintiffs have obtained extensive information on the same topics from multiple VNA employees and will be able to continue doing so.**

The burdens just discussed are particularly unwarranted because the information that Class Plaintiffs seek "can be obtained from some other source that is more convenient, less burdensome, or less expensive." Fed. R. Civ. P. 26(b)(2)(C) (emphasis added); *see also, e.g.*, *Seven Bros. Painting,* 2010 WL 11545174, at *3 (undue burden analysis under Rule 45 "consider[s] whether the information is necessary and whether it is available from any other source").

Insofar as Class Plaintiffs are interested in the purported—patently irrelevant—"media campaign," the emails Class Plaintiffs submitted to this Court indicate that Mr. Obadia communicated about that so-called campaign with employees of the VNA Defendants. *See* Class Pls.' Mar. 6, 2020, Submission, Exs. J, K, & L. In particular, Paul Whitmore, Robert Arendell, and William DiCroce are on some of those emails. *See id.*, Ex. L. Class Plaintiffs have already deposed— and had an opportunity to obtain information about the VNA Defendants' post-Flint public relations efforts from—Paul Whitmore.[7]   And they could obtain further

---

[7]    *See* Tr. of 1/9/20 Dep. of Paul Whitmore 269:12–279:10 (attached hereto as Ex. A). In Whitmore's deposition, Class Plaintiffs seemed uninterested in the substance of VNA Defendants' public relations efforts, mainly asking questions about VE's involvement in them. *See id.* Even so, Class Plaintiffs have stated their intention to re-open depositions of the VNA Defendants' witnesses and presumably

information on this topic from Robert Arendell and William DiCroce—both of whose depositions remain to be scheduled.

As for the broader topic identified in the proposed letter rogatory itself—"the actions and inactions" of the VNA Defendants "with regard to the water contamination in Flint, Michigan"—Mr. Obadia is a French communications executive, not a U.S. water engineer.  Accordingly, he self-evidently has no first-hand knowledge on this topic.  Moreover, Class Plaintiffs have been able to pursue that topic in depositions of the VNA Defendants' employees who did work on the project and know the most about it.  And they will also get to delve into it further both in re-opened depositions and in depositions of employees that have been noticed, but not yet scheduled.

Because Class Plaintiffs could obtain the information they seek from party witnesses, the Court should not allow Class Plaintiffs to pursue a deposition of a *nonparty* to obtain the same information.  The Sixth Circuit has held that "the status of [the person from whom discovery is sought] as a non-party is a factor" to consider in determining whether third-party discovery is warranted.  *In re Modern Plastics Corp.*, 890 F.3d 244, 251 (6th Cir. 2018).  Thus, "courts in this circuit have repeatedly … quashed subpoenas directed to non-parties where the discovery sought

---

could obtain additional information from Whitmore or others if their depositions were re-opened.

16

was obtainable from a party to the litigation." *Bäumer v. Schmidt*, __ F. Supp. 3d __, 2019 WL 6873811, at *11 (E.D. Mich. Oct. 24, 2019) (collecting cases).   At a minimum, under Rule 26(b)(2)(C) and Rule 45(d)(1), Class Plaintiffs should not be permitted to seek nonparty discovery before they have "exhausted other, less burdensome avenues of discovery," including forthcoming depositions of witnesses of the VNA Defendants from whom they could obtain information.   *Seven Bros. Painting*, 2010 WL 11545174, at *3 (quashing nonparty subpoena).

Moreover, even if Class Plaintiffs had justified nonparty discovery, they certainly have not justified deposing Mr. Obadia.   He is a high-level executive of VE.   VE, in turn, is a multinational corporation and the corporate parent to many companies other than the VNA Defendants.   Mr. Obadia and VE are both nonparties. Under Rule 45, Class Plaintiffs must justify subjecting a busy senior executive of a multinational corporation to a 14-hour deposition.   They have not done so.   Both the Sixth Circuit and judges in this District have approved orders protecting high-level executives from unnecessary depositions.   *See, e.g.*, *Bush v. Dictaphone Corp.*, 161 F.3d 363, 367 (6th Cir. 1998) (district court's denial of motion to compel deposition of CEO of defendant's corporate parent was appropriate given "need to prevent 'fishing expeditions'"); *Watrobski v. FCA US, LLC*, No. 2:16-cv-11632, 2017 WL

4073955, at *4 (E.D. Mich. Sept. 14, 2017) (denying motion to compel CEO's deposition).  The result should be the same here.[8]

Finally, the Supreme Court has instructed "American courts" to "exercise special vigilance to protect" against "unduly burdensome" *foreign* discovery. *Aérospatiale*, 482 U.S. at 546.  The Court here certainly should not allow Class Plaintiffs to pursue foreign nonparty discovery when the information they seek is not only irrelevant but could be obtained without foreign discovery. *See, e.g.*, *Seoul Semiconductor Co. v. Nichia Corp.*, 590 F. Supp. 2d 832, 837 (E.D. Tex. 2008) (denying motion for letter rogatory seeking information that party could obtain without foreign discovery); *Calixto v. Watson Bowman Acme Corp.*, No. 2:07-cv-60077, 2009 WL 3823390, at *21 (S.D. Fla. Nov. 16, 2009) (denying motion for letters of request directed at nonparties because "evidence sought is likely to be duplicative of information … obtain[ed] through the ordinary course of discovery").

In short, given the burdens that would result from this overseas fishing expedition and the ease of obtaining the information Class Plaintiffs seek from

---

[8]     In *Serrano v. Cintas Corp.*, 699 F.3d 884 (6th Cir. 2012), the Sixth Circuit declined to adopt the "apex doctrine," which "bars the deposition of high-level executives absent a showing of their 'unique personal knowledge' of relevant facts." *Id*. at 900.  But nothing in the Sixth Circuit's opinion precludes this Court from weighing the special burdens that would be incurred by Mr. Obadia, as a high-level executive, against Class Plaintiffs' need for information he supposedly possesses. That very opinion explained that under Rule 26, "even very slight inconvenience may be unreasonable [and thus bar discovery] if there is no occasion for the inquiry." *Id*. at 901.  For the same reason, so does Rule 45.

employees of the VNA Defendants, Rules 26 and 45 mandate denying Class Plaintiffs' motion.

## II.     The Motion Also Should Be Denied Because Class Plaintiffs' Proposed Letter Rogatory Is Defective

Additionally, the Court should deny Class Plaintiffs' motion on the separate and independent ground that Class Plaintiffs' proposed letter rogatory fails to comply with the Hague Convention in at least two respects.

First, the letter rogatory is inadequate because it does not specify the questions or topics to be covered during Mr. Obadia's deposition.  The Hague Convention requires that a letter of request seeking a deposition shall specify "the questions to be put to the persons to be examined or a statement of the subject-matter about which they are to be examined."  Hague Convention, Art. 3(f).  This requirement allows the requesting court to evaluate the party's discovery request and prevent unnecessary foreign discovery, and also enables the foreign court to execute the letter rogatory and oversee the discovery process.

Class Plaintiffs' proposed letter of request does not meet the Hague Convention requirement of specifying questions or topics.  It contains only the overbroad and ambiguous statement that Mr. Obadia will be examined "regarding the actions or inactions of [VE] and its subsidiary companies, [the VNA Defendants], with regard to the water contamination in Flint."  Ex. 1, § 10.  This is entirely unrelated to the reason Class Plaintiffs claim they need to depose Mr.

19

Obadia:  namely, to learn about an alleged media campaign.  That aside, the letter is patently insufficient to provide the notice required by the Hague Convention.  *See, e.g.*, *Kia Motors Am., Inc. v. Autoworks Distrib.*, No. 0:06-cv-00156, 2007 WL 4372949, at *5 (D. Minn. Sept. 27, 2007) (Hague Convention's "extraordinary procedures" required party's discovery request to be "narrowly tailored").

Second, Class Plaintiffs' proposed letter rogatory fails to satisfy the Hague Convention because it does not accurately specify "the nature of the[se] proceedings," as the Convention requires.  Hague Convention, Art. 3(c) (letter of request shall specify "the nature of the proceedings").  Class Plaintiffs' "[s]ummary of complaint" states that "[s]ince 2014, … engineering firms … including Veolia North America and Veolia Water North America Operating Services[] provided the more than 100,000 citizens and businesses of Flint with poisonous, lead-tainted drinking water."  Ex. 1, § 7(b).

But Class Plaintiffs do not allege in the Complaint that any of the VNA Defendants ever *provided* anyone in Flint with water.  It is undisputed that the VNA Defendants were hired by the City of Flint to "review and evaluate" water quality and to develop and implement "recommendations."  Compl. ¶ 191.  Indeed, it is also undisputed that the VNA Defendants were not hired by the City of Flint until nine months after the switch to water from the Flint River took place.

Moreover, Class Plaintiffs' word "poisonous" is a loaded term that is inappropriate for use in a document of this sort—an official request from a U.S. court to a foreign court.

Finally, the request must include an appropriate statement of the VNA Defendants' defense, rather than the "n/a" that Class Plaintiffs propose.  Ex. 1, § 7(b).

The Court should not issue a letter of request that unfairly mischaracterizes this action.  After all, the letter would be understood in France to be a request from this Court, not the Class Plaintiffs, and therefore should be accurate and balanced.

For all of these reasons, the Court should not issue the proposed letter rogatory.

## CONCLUSION

The Court should deny Class Plaintiffs' Motion For Issuance Of Letter Rogatory.

Respectfully submitted,

**CAMPBELL, CONROY & O'NEIL P.C.**

By: /s/ *James M. Campbell*
James M. Campbell
Alaina N. Devine
One Constitution Wharf, Suite 310
Boston, MA 02129
(617) 241-3000
jmcampbell@campbell-trial-lawyers.com
adevine@campbell-trial-lawyers.com

**BUSH SEYFERTH PLLC**

By: /s/ *Cheryl A. Bush*
Cheryl A. Bush (P37031)
Michael R. Williams (P79827)
100 W. Big Beaver Road, Suite 400
Troy, MI 48084
(248) 822-7800
bush@bsplaw.com
williams@bsplaw.com

*Attorneys for Veolia North America, LLC, Veolia North America, Inc., and Veolia Water North America Operating Services, LLC*

Dated:  April 10, 2020

22