# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

*In re* Flint Water Cases.

Judith E. Levy
United States District Judge

_____/

## ORDER GRANTING PUTATIVE CLASS PLAINTIFFS' MOTION FOR THE ISSUANCE OF A LETTER ROGATORY [1084]

On March 12, 2020, Putative Class Plaintiffs filed a motion asking the Court to issue a letter rogatory for international judicial assistance in taking a deposition in France. (ECF No. 1084.) Plaintiffs seek to depose Laurent Obadia, a communications executive with Veolia Environnement S.A. ("VE") who is located in France. Veolia North America, LLC, Veolia North America, Inc., and Veolia Water North America Operating Services, LLC ("the VNA Defendants") filed a response opposing Plaintiffs' motion. (ECF No. 1101.) Although VNA is a separate entity from VE, VNA opposes the motion because of the burden the deposition would pose to this litigation, and because VNA contests the relevance of the information sought.

For the reasons set forth below, the Court grants Plaintiffs' motion to issue a letter rogatory.

**Legal Standard**

Letters rogatory allow a court in one country to request a court of another country to assist in producing evidence located in that other country. The Court can issue letters rogatory under the Hague Convention on the Taking of Evidence in Civil or Commercial Matters ("Hague Evidence Convention"), of which France is a signatory. A court has inherent authority to issue letters rogatory, *United States v. Reagan*, 453 F.2d 165, 172 (6th Cir. 1971), and maintains discretion over whether to issue such a letter. "[Hague] Convention procedures are available whenever they will facilitate the gathering of evidence by the means authorized in the Convention." *Societe Nationale Industrielle Aerospatiale v. U.S. Dist. Court for S. Dist. of Iowa*, 482 U.S. 522, 541 (1987). Letters of request for depositions in a foreign country are authorized by Fed. R. Civ. P. 28(b)(1) but are reviewed keeping in mind the principles of Fed. R. Civ. P. 26(b) and (c) applicable to all forms of discovery. *See Perrigo Co. & Subsidiaries v. United States*, 294 F. Supp. 3d 740, 742 (W.D. Mich. 2018); *Lantheus Med. Imaging, Inc. v. Zurich Am. Ins. Co.*, 841 F. Supp. 2d 769, 776 (S.D.N.Y. 2012); *Asis Internet*

*Servs. v. Optin Global, Inc.*, No. C-05-05124, 2007 WL 1880369, at *3 (N.D. Cal. June 29, 2007).

**Analysis**

Putative Class Plaintiffs contend that Laurent Obadia is an important witness because he coordinated "Veolia's media campaign to spread misinformation in order to shift blame publicly for its role in causing the Flint water crisis." (ECF No. 1084, PageID.27300.) In their motion, Plaintiffs explain that the nature of Obadia's deposition questioning will regard "the actions and inactions of Veolia Environnament SA and its subsidiary companies" about the "water contamination in Flint, Michigan." (ECF No. 1084-1, PageID.27310.)

The VNA Defendants oppose issuing the letter because (1) the process of issuing a letter rogatory and subsequent international deposition taking would be burdensome and costly, and (2) the discovery request would not produce relevant evidence. (ECF No. 1101, PageID.27464–27465.) Although Putative Class Plaintiffs do not explain the relevance of Obadia's deposition in their motion or attached letter rogatory, at a conference with the parties on April 29, 2020, Interim Co-

3

Lead Class Plaintiffs explained the discovery was relevant to defenses that Plaintiffs expect VNA to raise at trial.

The Court finds that the requested discovery may be relevant to Putative Class Plaintiffs' ability to respond to VNA's defenses at issue in this action. Given that Plaintiffs' request is designed to elicit relevant evidence, the request is within the scope of discovery and not unduly burdensome. The parties have been conducting depositions remotely since early April due to the travel challenges posed by COVID-19. There is a remote deposition protocol in place in this case, and a remote deposition provides a cost-saving opportunity to the parties so that international travel is not necessary. This deposition will be no exception to that protocol.

Therefore, the Court grants Putative Class Plaintiffs' motion to issue a letter rogatory to depose Obadia. However, any delay in this deposition cannot be used as a basis to seek scheduling extensions in the Case Management Order dates.

Putative Class Plaintiffs must submit a fillable PDF version of its letter rogatory by email to the Court's Case Manager so that it may be signed and entered.

IT IS SO ORDERED.

Dated: May 1, 2020                       s/Judith E. Levy
Ann Arbor, Michigan                JUDITH E. LEVY
                                           United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on May 1, 2020.

                                             s/William Barkholz
                                             WILLIAM BARKHOLZ
                                             Case Manager