# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

*In re* Flint Water Cases.                              Judith E. Levy
                                                United States District Judge

_____/

This Order Relates To:

ALL CASES

_____/

## THIRD AMENDED CASE MANAGEMENT ORDER

This Case Management Order (CMO) shall not apply to those defendants who have not filed an answer, except as otherwise provided by Court order. Any defendant to which this order does not apply shall be treated as a non-party for the purposes of discovery, subject to the defendant's properly raised objection. Non-parties who have been previously identified as defendants shall be entitled to participate in discovery initiated by other parties. If and when any such defendants file an answer, such defendants shall be entitled to initiate discovery, the timing and manner of which shall then be established by this Court.

Contents

I.   Discovery Coordination Protocol ........................................................3

   A.   Scope ...........................................................................................3

   B.   Definitions ..................................................................................5

   C.   Depositions .................................................................................7

   D.   Other Coordination Obligations ................................................11

II.  Preliminary Discovery .....................................................................14

   A.   Documents-Only Subpoenas to Non-Parties ..............................14

   B.   Exchange of Freedom of Information Act Materials ...................21

III. Written Discovery ............................................................................23

   A.   Privilege Logs ............................................................................23

   B.   Requests for Documents and Tangible Things ...........................25

   C.   Interrogatories ..........................................................................27

   D.   Requests for Admission .............................................................29

   E.   Pending Criminal Charges ........................................................30

IV.  Requests for Entry on, Inspection, Sampling, and Testing of Land .30

V.   Fact Witness Depositions .................................................................32

   A.   Testimonial Depositions .............................................................32

   B.   Depositions of Health Care Providers, and Education and
        Plumbing Professionals ............................................................33

   C.   Pending Criminal Charges ........................................................34

   D.   Deposition Protocol Order .........................................................34

VI.  Plaintiff Examinations ....................................................................58

VII.   Expert Witnesses ..........................................................................58

VIII.  Class Certification in *Carthan* ...................................................59

IX.  Notices of Non-Parties at Fault in the Individual Actions ..............60

X.   Bellwether Trial Proceedings in the Individual Cases ....................61

   A.   First Bellwether Group ..............................................................61

       1.    First Bellwether Pool Selection...................................................61

       2.    Second Bellwether Pool Selection and Written Discovery .......62

       3.    Third Bellwether Pool Selection and Further Discovery .........64

       4.    Expert Depositions ..................................................................68

    B.    Second Bellwether Group ...........................................................70

       1.    First Bellwether Pool Selection...................................................70

       2.    Second Bellwether Pool Selection and Written Discovery .......71

       3.    Third Bellwether Pool Selection and Further Discovery .........71

       4.    Fourth Bellwether Selection Pool .............................................72

       5.    Pretrial Motions .......................................................................73

XI. Discovery Dispute Protocol...............................................................73

XII.     Pretrial Motions and Completion Date for Discovery ................75

XIII.    Definitions ...................................................................................75

XIV.    Appendices...................................................................................77

## I.    Discovery Coordination Protocol

### A.    Scope

(1) The purpose of this Order is to effectuate efficiency and limit duplication in the discovery processes associated with litigation arising out of claims made regarding the use of the Flint River as a water source. Section I (Discovery Coordination Protocol) was adapted from the Amended Discovery Coordination Protocol Order (ECF No. 675) and now supersedes that order.

(2) This Order is not intended to serve as an instrument to

circumvent each Judge's authority over his or her own docket, but rather as an instrument that allows for notice, attendance, and participation, if appropriate, in the discovery processes in the various venues wherein litigation involving the same or similar parties are pending in actions arising out of the same or similar events.

(3) This Order shall apply to all cases, currently or in the future, consolidated or coordinated into the Flint Water Cases before the Honorable Judith E. Levy. In that regard, it applies to all discovery permitted under the Federal Rules of Civil Procedure, including, without limitation: (i) depositions noticed under Rule 30; (ii) document requests and requests to inspect and/or permit entry onto property issued under Rule 34; (iii) subpoenas *duces tecum* issued under Rule 45 (iv) interrogatories under Rule 33; (v) motions for physical and mental examination under Rule 35; and (vi) requests for admission under Rule 36.

(4) The Court recognizes that effective coordination will require the approval and cooperation of the judges in the various state and federal cases that are not consolidated in the current case (5:16-cv-10444), including the entry of a complementary order(s) sufficient to accomplish

that coordination in those other cases.[1]

## B.    Definitions

(1) "Federal Flint Water Cases" means all cases that are, currently or in the future, consolidated or coordinated into the above captioned case; and, subject to the entry of necessary complementary order(s): (i) *In re FTCA Flint Water Cases*, Case No. 17-11218, currently pending before the Hon. Linda V. Parker[2] and (ii) any other federal court cases for which the Court determines that discovery coordination would be in the interest of justice.

(2) "State Flint Water Cases" means, subject to the entry of any necessary complementary order(s), all cases that are, currently or in the future, consolidated or coordinated into: (i) the *In re Flint Water Litigation*, Case No. 17-108646-NO, in the Circuit Court of Genesee County, Michigan, (ii) the several *legionella* related cases before the

---

[1] McLaren Regional Medical Center ("MRMC") reserves the right to object to the entry of a complementary order in any state court case against MRMC in which it is alleged that individuals contracted Legionnaires' Disease at McLaren Flint Hospital after April 2014. All parties to cases in other venues, including state courts, the Michigan Court of Claims, and *In re FTCA Flint Water Cases*, Case No. 17-11218 shall have the right to object to the entry of a complementary order in those cases.

[2] The Hon. Linda V. Parker entered a complementary Discovery Coordination Protocol Order on March 3, 2020. (17-11218, ECF 112.)

Hon. Joseph J. Farah in Genesee County; (iii) *Tamara Nappier et al. v. Snyder et. al.*, Case No. 16-71 in the Michigan Court of Claims; and (iv) any other state court cases for which the Court determines that discovery coordination would be in the interest of justice.[3]

(3) "Flint Water Cases" means the Federal Flint Water Cases and the State Flint Water Cases, collectively. "CACC" means the Consolidated Amended Class Action Complaint pending in *Carthan v. Snyder*, 16-cv-10444.

(4) "Putative Class Action Plaintiffs" means: (i) the named plaintiffs identified in the pending CACC and any subsequent Federal Flint Water case brought as a putative class action; and (ii) the named plaintiffs identified in any currently pending class actions or later filed class actions in the State Flint Water Cases brought as a putative class action.

(5) "Individual Plaintiffs" means each plaintiff who: (i) has filed or in the future files a "Short-Form Complaint" adopting the Master Long Form Complaint in either the Federal or State Court Flint Water Cases; or (ii) otherwise files a non-class complaint in either the Federal or State

---

[3] The Hon. Richard B. Yuille entered a complementary discovery coordination order on October 1, 2018, in *In re Flint Water Litigation*, Case No. 17-108646-NO. This case was recently transferred to the Hon. Joseph J. Farah.

Court Flint Water Cases.

### C.    Depositions

(1) Subject to Section I(C)(2) below, a witness may be deposed only once in the Flint Water Cases after the date of this order, except by order of the Court based on a showing of good cause or by agreement of all interested parties. For purposes of this order, good cause includes, without limitation, a party's not having had a meaningful opportunity to depose a witness because that witness's deposition was taken before resolution of that party's dispositive motion(s) in a Flint Water Case, or any other circumstance in which a party has not had a meaningful opportunity to depose a witness. Notwithstanding the foregoing, a party may depose as a fact witness under Rule 30(b)(1) or Rule 45, or the comparable state court procedural rule if the deposition is noticed in a state court proceeding, an individual who has been previously deposed or will be deposed solely as an entity's designee under Rule 30(b)(6) or the comparable state court procedural rule; but in such case the individual may be deposed only once in his or her capacity as a designee and only once in his or her individual capacity. Nothing in this order shall be to the prejudice of any party's or witness's right to seek the

protection of any court of competent jurisdiction from a deposition which the party or witness considers to be objectionable under the applicable law.

(2) Depositions that are noticed in the Federal Flint Water Cases shall be noticed pursuant to the Federal Rules of Civil Procedure for a proposed date, time, and location, subject to the provisions of this Order. *See also* Section V(D) (Deposition Protocol). Depositions that are noticed in the State Flint Water Cases shall be noticed pursuant to the Michigan Court Rules for a proposed date, time, and location, subject to the provisions of this Order.

(3) Prior Depositions.

(a) To the extent counsel for parties to Flint Water Cases have participated before the date of this order in depositions taken in any case included within the definition of Federal Flint Water Cases, *see* Section I(B)(1), or in any case included within the definition of State Flint Water Cases, *see* Section I(B)(2), or in any other case arising out of contamination of the City of Flint municipal water supply, such counsel shall, within 14 days after the date of this order, file with this Court a list that sets forth: (i) the full caption of each case in which he or she has

8

participated in such depositions, (ii) the name of each person or entity deposed in each such action, (iii) the name of the party and attorney who noticed each such deposition, (iv) the date(s) on which the deposition was taken, (v) all means by which the deposition was recorded, whether stenographically, audiovisually, or otherwise, and (vi) whether any testimony taken or exhibits marked at the deposition are subject to the terms of any confidentiality or other protective order entered in the case in which the deposition was taken.

(b) To the extent counsel for parties to Flint Water Cases have participated before the date of this order in depositions taken in any case included within the definition of Federal Flint Water Cases, *see* Section I(B)(1), or in any case included within the definition of State Flint Water Cases, *see* Section I(B)(2), or in any other case arising out of contamination of the City of Flint municipal water supply, such counsel shall supply complete and accurate copies of the transcripts, videotapes, and other recordings of, and the exhibits to, all such depositions to all counsel of record in Flint Water Cases to the extent such counsel of record request the transcripts, videotapes, other recordings, and exhibits in writing and agree to reimburse counsel providing them for the reasonable actual cost

of providing the copies. Such transcripts, videotapes, other recordings, and exhibits shall be delivered to the attorney requesting them within 7 calendar days after the request for them and agreement to reimburse is made. Provided, however, that this subsection shall not require delivery of transcripts, videotapes, or exhibits to the extent delivery in accordance with this subsection would contravene a confidentiality order or other protective order entered by the court with jurisdiction over the case in which the deposition was taken.

(c) To the extent counsel for parties to Flint Water Cases have noticed, or have received notice of, depositions to be taken but not yet taken in any case included within the  definition of Federal Flint Water Cases, *see* Section I(B)(1), or in any case included within the definition of State Flint Water Cases, *see* Section I(B)(2), or in any other case arising out of contamination of the City of Flint municipal water supply, such counsel shall forthwith file with this Court a list that sets forth: (i) the full caption of each case in which such deposition has been noticed, (ii) the name of  each deponent named in each such notice, (iii) the name, telephone number, and e-mail address of the attorneys who have noticed each such deposition, (iv) and the date(s) for which the deposition has been

noticed or will be taken.

### D.    Other Coordination Obligations

(1) All parties to the Federal Flint Water Cases shall endeavor to avoid service of discovery in any Flint Water Case that is duplicative of discovery already served after the date of this order in another Flint Water Case.

(2) Each party to the Federal Flint Water Cases shall use best efforts to be familiar with the documents and tangible things  that have been produced and the written responses that have been made in response to earlier discovery requests in the Flint Water Cases so as to avoid unnecessary service of requests for documents and things that have already been produced in response to discovery requests in a Flint Water Case or to propound interrogatories to which complete and responsive answers have already been served in a Flint Water Case. Provided, however, that nothing in this Order impairs the right of any party to a Flint Water Case to serve requests for supplementation  of prior discovery responses if the procedural rules of the court in which the requests for supplementation are served provide for such requests.

(3) Registration of Counsel. All counsel in the Flint Water Cases who

have not already filed an appearance in E.D. Mich. Case  No. 16-10444

are required to file an appearance as an interested party in that case. Any

obligation for service and/or notice for matters covered by this Order shall

be satisfied if  filed in and served on all counsel listed in 16-10444. See

ECF No. 312, PageID.11658–11659 for instructions on  how to  file an

appearance as an interested party.

(4) Service by Email. All parties shall be deemed to consent to service

of any discovery document by email.

(5) Prior Interrogatories and Document Requests

(a) To the extent counsel for parties to Flint Water Cases have

issued, before the date of this Order, interrogatories or document

discovery (whether of parties or non-parties) (hereinafter "written

discovery") in any case included within the definition of Federal Flint

Water Cases, *see* Section I(B)(1), or in any case included within the

definition of State Flint Water Cases, *see* Section I(B)(2), or in any other

case arising out of contamination of the City of Flint municipal water

supply, such counsel shall, within 14 days after the date of this order, file

with this Court a list that sets forth: (a) the full caption of each case in

which the written discovery was issued, (b) the person or party to whom

the written discovery was issued; (c) the title(s) and date of the written discovery; (c) whether responses to the written discovery were produced or served; (d) the responses are subject to the terms of any confidentiality or other protective order.

(b) With reference to the written discovery disclosed, counsel for the issuing party shall supply complete and accurate copies  of the written discovery responses, including any documents, to the extent that counsel for any other party request them in writing and agree to reimburse counsel providing them for the reasonable actual cost of providing the copies. Such written discovery responses shall be delivered to the attorney requesting them within 7 calendar days after the request for them and agreement to reimburse is made. Provided, however, that this subsection shall not require delivery of written discovery responses to the extent  delivery in accordance with this subsection would contravene a confidentiality order or other protective order entered by the court with jurisdiction over the case in which the written discovery was issued.

## II.    Preliminary Discovery

### A.    Documents-Only Subpoenas to Non-Parties

(1) This CMO applies to subpoenas issued in the Flint Water Cases to non-parties who are commanded by the subpoena to produce documents, electronically stored information, and tangible things but who are not commanded by the subpoena to provide testimony. This CMO supplements, but does not replace, the provisions addressing the same subject matter set forth in the Court's Order Regarding Matters Discussed at the April 16, 2018 Status Conference. (ECF No. 452.) This order shall remain effective except as modified by further Court order or by stipulations entered on the docket in Case No. 16-cv-10444.

(2) Interim Lead Counsel for the Putative Class, Co-Liaison Counsel, and/or any defendant may cause a subpoena to be properly served on a non-party in accordance with Federal Rule of Civil Procedure 45 or with the non-party's agreement to accept service by other means. Once an attorney drafts a non-party documents-only subpoena, he or she shall share the draft with counsel for the parties to the litigation as defined by the Case Management Order, or its then current iteration, who shall then have five business days to provide constructive comments, as well as to propose additional categories of documents, which proposals

shall be shared with all counsel upon whom the draft was served. With regard to subpoenas proposed and not served prior to entry of this order, the foregoing five business day period shall commence upon issuance of this order. The subpoena's originator may incorporate the proposed changes to the draft subpoena. After five business days have passed, the subpoena's originator may serve the subpoena in accordance with the Federal Rules of Civil Procedure or pursuant to an agreement with the non-party to accept service (the "Initial Subpoena"), and shall deliver a copy of such issued subpoena to all parties of record. Within 5 business days of the service of the Initial Subpoena, counsel for the remaining parties to the litigation may serve a supplemental subpoena on the same non-party requesting additional categories of documents not included in the original subpoena ("Supplemental Subpoena") and shall deliver a copy of such issued subpoena to all parties of record. The lawyer serving the Initial Subpoena shall at the time of such service advise the non-party that Supplemental Subpoenas may be served by the other parties to the litigation within 5 business days and that the non-party should produce the documents requested by all subpoenas in a contemporaneous production, provided that the production required by the Initial

Subpoena and each Supplemental Subpoena shall be made upon counsel for each such requesting party, or that counsel's document or copy service provider.

(3) Prior to service of the Initial Subpoena, any party to the litigation may choose to be a co-signatory of the Initial Subpoena by advising the originator of that intent, and once so advised, the originator shall include any such party as a co-signatory of the Initial Subpoena. After service of the Initial Subpoena, and after service of each Supplemental Subpoena, each party to the litigation shall advise the originator(s) if that party would like to receive copies of the documents produced by the non-party. Counsel that has proposed changes to an Initial or Supplemental Subpoena is not deemed to be a signatory, or to have requested copies, regardless of whether the proposed changes were adopted by the originator.

(4) Fifty percent of the costs associated with third party discovery shall be borne by plaintiffs and fifty percent of the costs associated with third party discovery shall be borne by defendants. As to how the defendants' costs shall be allocated, the following provisions shall apply to the costs associated with the initial and any supplemental subpoena:

16

(a) All defendants seeking discovery from a non-party shall contribute in equal shares to the costs associated with that discovery.

(b) If a defendant that did not initially request or seek the discovery later wants access to the information, that party shall then become responsible for an equal share of the cost. The party or parties that initially requested the discovery shall maintain records of the costs incurred and the initial division of costs among defendants. If an additional defendant joins in the request or seeks access to the discovery after the costs have been allocated among the initial defendants, the initial defendants shall reallocate the costs by including the new defendant and the new defendant shall reimburse the initial defendants. For example, if four defendants initially requested the discovery, each defendant shall pay 25% of the costs. If a fifth defendant later joins in the request, each defendant shall pay 20% of the costs and the new defendant shall reimburse each of the initial four defendants 5% of the costs. For the purposes of this process, a defendant shall mean an individual named person or entity.

(c) The initial parties shall not provide access to the discovery materials to a new party unless and until the new party pays the required

amount. This allocation formula shall apply retroactively and prospectively to all such discovery costs incurred in the Flint Water Cases. Accordingly, parties that now seek to utilize discovery materials previously obtained by and at the expense of other parties must reimburse the "paying parties" in accordance with the formula above.

(d) Any disputes about these provisions may be brought to the Special Master or to the Court for resolution.

(5) The signatories may, but need not, agree (unanimously) to identify in the subpoena itself one or more of themselves as persons who the non-party recipient should contact with questions about the subpoena. Agreements to modify the non-party documents-only subpoena, including without limitation to enlarge the time for responding to it, to change the specified place or manner of production of materials requested by it, or to modify the scope or description of the requested materials, must be unanimous by the signatories of the subpoena. If unanimity cannot be achieved with reasonable promptness, any signatory may contact the Special Master to schedule a telephone hearing to resolve the dispute.

(6) If a non-party serves objections to a non-party documents-only subpoena or moves for a protective order with respect to the subpoena or to quash it, Interim Co-Lead Class Counsel may bring a motion on behalf of the plaintiffs named in the Consolidated Amended Class Action Complaint to compel compliance with all or part of the subpoena or may oppose in whole or in part the motion for a protective order or to quash; plaintiffs' Co-Liaison Counsel may do likewise on behalf of the plaintiffs for whom they are counsel of record or at the request of any other individual plaintiff's counsel of record; and counsel of record for any answering parties may do likewise on their clients' behalf. If and only if plaintiffs' Co-Liaison Counsel refuse to bring a motion to compel compliance at the request of an individual plaintiff's counsel of record, or to oppose at the request of such other counsel of record a non-party's motion for a protective order or to quash, may such other individual plaintiff's counsel of record bring such a motion or file such opposition.

(7) The attorney who receives a non-party's production in response to a documents-only subpoena shall without delay notify in writing interim Co-Lead Class Counsel, plaintiffs' Co-Liaison Counsel, and the lawyers representing the parties of his or her receipt of the production

and shall thereafter provide copies of all or any parts of the production to the attorneys for parties to the Flint Water Cases who make written request and pay for them. Production to such other attorneys shall be in the same form and order as the materials were produced by the non-party unless otherwise agreed in writing and shall occur as soon as is reasonably feasible in light of the form and volume of the production. Transmission of the produced materials should be by the most economical means that is reasonably feasible, such as, for example, e-mail, FTP, or other electronic means. In addition to payment to the non-party for the cost of responding to the subpoena, each party that receives a copy of the production must promptly reimburse the attorney who provided it for the reasonable actual copying and transmission cost incurred by that attorney in supplying the copy of the production.

(8) Consistent with this Court's Order Preserving Certain Immunities and Defenses for Purposes of Limited Pre-Answer Discovery (ECF No. 467), joinder in or assent to the motion for entry of this order, and participation in the activities described in this order, does not constitute a waiver of any Fifth Amendment privilege or immunity,

20

Eleventh Amendment privilege or immunity, qualified immunity, or other governmental immunity defenses.

### B.    Exchange of Freedom of Information Act Materials

(1) Within seven (7) days from entry of the original CMO (May 7, 2019), Co-Lead Class Counsel and Co-Liaison Counsel will give written notice to counsel for defendants of documents and other information that they have obtained by means of Freedom of Information Act (FOIA) requests submitted pursuant to 5 U.S.C. § 552, Mich. Comp. Laws §§ 15.231–246, or any statute or regulation of similar purpose in any other state. This paragraph applies only to information obtained relating to the alleged contamination of the City of Flint water supply on or after April 25, 2014.

(2) The notice described above shall concisely identify the public person, agency, or entity that provided the FOIA response, approximately when the response was provided, the form in which it was provided, approximately how large the response was, and the general types of materials included in the response. Counsel who wish to obtain copies of the materials identified in the notice may do so from the counsel who provided the notice, but must reimburse for the reasonable actual

expense of providing them. Copies should be produced in the same form in which they were produced in response to the FOIA request unless they are no longer available in that form. Counsel have an obligation to ascertain the FOIA materials over which they have control.

(3) Within seven (7) days from entry of the original CMO (May 7, 2019), counsel for defendants will give written notice to Co-Lead Class Counsel and Co-Liaison Counsel of documents and other information that they have obtained by means of Freedom of Information Act (FOIA) requests submitted pursuant to 5 U.S.C. § 552, Mich. Comp. Laws §§ 15.231–246, or any statute or regulation of similar purpose in any other state. This paragraph applies only to information obtained relating to the alleged contamination of the City of Flint water supply on or after April 25, 2014. The same procedures and requirements described in paragraph I.B(2) shall regulate the production of documents in this paragraph.

(4) All requests for FOIA information authorized under this Section shall be made no later than thirty-seven (37) days from entry of this CMO (June 6, 2019). Production of documents shall be made within fourteen (14) days after a requesting party delivers its written request.

22

## III.   Written Discovery

### A.    Privilege Logs

(1) Each party must maintain a log of potentially Privileged Communications.

(2) No party must include in its privilege log Privileged Communications between the party or the party's employees and the attorneys who represent the party in the Flint Water Cases or related litigation. With defendants, this paragraph only applies to Privileged Communications created or occurring on or after the date that a complaint was filed naming the defendant as a party to the Flint Water Cases or a related matter in this Court or any other. With plaintiffs, this paragraph only applies to Privileged Communications that were had on or after the date that the plaintiff filed a complaint in the Flint Water Cases or a related matter in this Court or any other. This exception shall not apply to communications shared with someone other than the party, or the party's employees, attorneys, experts, or insurer.

(3) The parties are not required to log Privileged Communications that are shared among parties who share a Joint Defense Agreement or Common Interest Agreement.

(4) No plaintiff must include in its privilege log confidential communications between the plaintiff's attorneys and Co-Lead Class Counsel or Co-Liaison Counsel, if the communications relate to matters within the scope of their duties. Similarly, no defendant in any Flint Water Case must include in its privilege log confidential communications between that defendant's attorneys and members of the Defense Executive Committee, if the communications relate to matters within the scope of their duties.

(5) No plaintiff who is also a plaintiff in a Genesee County case included within that court's Flint Water Litigation must include in its privilege log confidential communications between the plaintiff's attorneys and Lead Co-Liaison Counsel and Lead Class Action Counsel as appointed by the Genesee County Circuit Court, if the communications relate to matters within the scope of their duties. Similarly, no defendant who is also a defendant in a Genesee County action included within that court's Flint Water Litigation must include in its privilege log confidential communications between the defendant's attorneys and the lead defense counsel and defendants' lead class action counsel as

appointed by the Genesee County Circuit Court, if the communications relate to matters within the scope of their duties.

(6) The failure to include in a privilege log any Privileged Communication exempted by this section shall not constitute a waiver of the privilege.

(7) As used in this Section, references to an attorney includes other attorneys and employees in an attorney's firm, outside counsel, contract attorneys, and legal services vendors hired by an attorney's firm. With respect to parties that are not natural persons, it also includes in-house attorneys and other employees on the party's legal staff and legal services vendors hired by the party.

### B.    Requests for Documents and Tangible Things

(1) Beginning seven (7) days from entry of the original CMO (May 7, 2019), Co-Lead Class Counsel and Co-Liaison Counsel may serve requests for production of documents and tangible things on defendants. These counsel will coordinate so that defendants shall not need to respond to the same request twice. Beginning seven (7) days from entry of the original CMO (May 7, 2019), counsel for defendants may also serve requests for production of documents and tangible things on the named

plaintiffs in the consolidated putative class action *Carthan v. Snyder*, No. 16-cv-10444. However, no defendant may serve such requests on any named plaintiff whose claims against that defendant have been dismissed in their entirety.

(2) Beginning seven (7) days from entry of the original CMO (May 7, 2019), each defendant may serve requests for production of documents and tangible things on other defendants. However, no defendant may serve such requests on any defendant which is not a current codefendant with it in at least one of the Flint Water Cases.

(3) Parties shall follow Federal Rule of Civil Procedure 34(b)(2)(A) in responding to requests for production of documents and tangible things. Within ninety-seven (97) days from entry of the original CMO (August 5, 2019), parties shall substantially complete requests for production of documents and tangible things ("Substantial Completion"), with the exception that this deadline only applies to requests made within fourteen (14) days from entry of the original CMO (May 14, 2019).

(4) Counsel for defendants shall serve requests for production of documents and tangible things on plaintiffs in the individual cases

pursuant to Section X (Bellwether Trial Proceedings in the Individual Cases).

## C. Interrogatories

(1) Beginning seven (7) days from entry of the original CMO (May 7, 2019), Co-Lead Class Counsel and Co-Liaison Counsel may serve interrogatories on defendants. These counsel will coordinate so that defendants shall not need to respond to the same interrogatory request twice. Beginning seven (7) days from entry of the original CMO (May 7, 2019), counsel for defendants may also serve interrogatories on the named plaintiffs in *Carthan*. However, no defendant may serve such interrogatories on any named plaintiff whose claims against that defendant have been dismissed in their entirety.

(2) Co-Lead Class Counsel and Co-Liaison Counsel may serve no more than thirty (30) interrogatories on each defendant (or, in the case of the VNA Defendants and the LAN Defendants, on each group of defendants). These interrogatories may be served divided up into sets of interrogatories, but no more than a total of thirty (30) may be served on any defendant unless otherwise agreed by all interested parties or with leave of court.

(3)     Defendants     may     collectively     serve     twenty-five     (25) interrogatories on each named plaintiff in *Carthan*. Additionally, each defendant may individually serve five (5) interrogatories on each named plaintiff in *Carthan*.[4] These interrogatories may be divided up into sets of interrogatories, but no more than the limits described in this paragraph may be served on any named plaintiff in *Carthan* unless otherwise agreed by all interested parties or with leave of court.

(4) Beginning seven (7) days from entry of the original CMO (May 7, 2019), defendants (or, in the case of the VNA Defendants and the LAN Defendants, each group of defendants) may serve twenty-five (25) interrogatories on each other defendant (or, in the case of the VNA Defendants and the LAN Defendants, on each group of defendants). These interrogatories may be divided up into sets of interrogatories, but no more than twenty-five (25) may be served on any defendant by any other defendant unless otherwise agreed by all interested parties or with leave of court.

---

[4] Defendants who file an answer after April 30, 2019, may individually serve ten (10) interrogatories on each named plaintiff.

(5) No defendant may serve any interrogatories on any defendant which is not a current codefendant with it in at least one of the Flint Water Cases.

(6) Counsel for defendants shall serve interrogatories on plaintiffs in the Individual Cases pursuant to Section X (Bellwether Trial Proceedings in the Individual Cases).

### D.  Requests for Admission

(1) Beginning seven (7) days from entry of the original CMO (May 7, 2019), Co-Lead Class Counsel and Co-Liaison Counsel may serve requests for admission on defendants. These counsel will coordinate so that defendants shall not need to respond to the same request twice. Beginning seven (7) days from entry of the original CMO (May 7, 2019), defendants may also serve requests for admission on the named plaintiffs in *Carthan*. No defendant may serve a request on any plaintiff whose claims against that defendant have been dismissed in their entirety.

(2) Beginning seven (7) days from entry of the original CMO (May 7, 2019), defendants (or, in the case of the VNA Defendants and the LAN Defendants, each group of defendants) may serve on each other defendant (or, in the case of the VNA Defendants and the LAN

29

Defendants, on each group of defendants) no more than twenty-five (25) requests for admission. These requests may be divided up into sets of requests, but no more than twenty-five (25) may be served on any defendant by any other defendant unless otherwise agreed by all interested parties or with leave of court.

(3) No defendant may serve any requests for admission on any defendant which is not a current codefendant with it in at least one of the Flint Water Cases.

(4) Counsel for defendants shall serve requests for admission on plaintiffs in the Individual Cases pursuant to Section X (Bellwether Trial Proceedings in the Individual Cases).

### E.    Pending Criminal Charges

Defendants who are subject to pending criminal charges may petition the Court for relief from written discovery until after the final resolution of those criminal charges.

## IV.   Requests for Entry on, Inspection, Sampling, and Testing of Land

(1) Beginning thirty-seven (37) days from entry of the original CMO (June 6, 2019), Co-Lead Class Counsel and Co-Liaison Counsel may serve requests for entry on, inspection, sampling, and testing of land on

defendants. Plaintiffs shall have the collective right to enter on, inspect, sample, and test each piece of land owned or otherwise controlled by each defendant only once, unless otherwise agreed by all interested parties or with leave of court. Each entry shall not last more than seven (7) hours, unless otherwise agreed by all interested parties or with leave of court.

(2) Beginning thirty-seven (37) days from entry of the original CMO (June 6, 2019), defendants may serve requests for entry on, inspection, sampling, and testing of land on the named plaintiffs in *Carthan*. Defendants shall have the collective right to enter on, inspect, sample, and test each piece of land owned or otherwise controlled by each named plaintiff only once, unless otherwise agreed by all interested parties or with leave of court. Each entry shall not last more than seven (7) hours, unless otherwise agreed by all interested parties or with leave of court.

(3) Beginning thirty-seven (37) days from entry of the original CMO (June 6, 2019), defendants (or, in the case of the VNA Defendants and the LAN Defendants, each group of defendants) may serve requests for entry on, inspection, sampling, and testing of land on each other defendant (or, in the case of the VNA Defendants and the LAN Defendants, on each group of defendants). No defendant may serve any

requests for entry on, inspection, sampling, and testing of land on any defendant which is not a current codefendant with it in at least one of the Flint Water Cases.

(4) Counsel for defendants shall serve requests for entry on, inspection, sampling, and testing of land on plaintiffs in the Individual Cases pursuant to Section X (Bellwether Trial Proceedings in the Individual Cases).

## V.    Fact Witness Depositions

### A.    Testimonial Depositions

(1) Beginning thirty (30) days from substantial completion of document production (September 4, 2019), parties may begin serving parties and non-parties with notices of testimonial deposition. However, this is with the exception of the plaintiffs in the individual cases who shall be served in accordance with Section X (Bellwether Trial Proceedings in the Individual Cases).

(2) No deposition notice shall specify a deposition date that is less than thirty (30) days from the date the notice is served, unless otherwise agreed by all interested parties or with leave of court.

(3) There shall not be any numerical limit on the number of testimonial depositions any party may take as a matter of right—the

provisions of Federal Rule of Civil Procedure 30(a)(2)(i) shall not apply—but any party or non-party may move for a protective order with respect to any deposition for any of the reasons recognized in the Federal Rules of Civil Procedure.

### B.   Depositions of Health Care Providers, and Education and Plumbing Professionals

(1) Because of the very large number of plaintiffs and, potentially, of absent class members, there are some types of witnesses whose testimony cannot practically be taken only once. This may include health care providers, education professionals, and plumbers. Witnesses of these types are excluded from the one-deposition-only rule.

(2) Parties shall seek to minimize the unavoidable burden that will be imposed on witnesses of these types in all ways reasonably possible. Measures to be considered with respect to each witness shall include, among others: stipulating in advance to the authenticity and other foundational facts bearing on the admissibility of records related to the plaintiff in whose case the deposition is taken; designating a single defense attorney and a single plaintiffs' attorney to conduct the deposition on behalf of all defendants and plaintiffs; stipulating to the admissibility of testimony by the witness concerning their background,

training, experience, and other matters that are of common relevance to more than the specific case in which the deposition is taken; and conducting depositions of the witness in two or more plaintiffs' cases on a single day if convenient to the witness.

### C.     Pending Criminal Charges

Defendants who are subject to pending criminal charges may petition the Court for relief from testimonial depositions until after the final resolution of those criminal charges.

### D.     Deposition Protocol Order

The Parties will cooperate in the notice and taking of depositions as follows:

(1) Governing Provisions and Law

This CMO controls depositions of all non-expert witnesses, including Non-Parties. It does not apply to depositions taken pursuant to Fed. R. Civ. P. 30(b)(6) or expert depositions taken pursuant to Section VII (Expert Witnesses). Discovery shall be governed by the applicable provisions of the Federal Rules of Civil Procedure and the Local Rules, except as otherwise provided herein. Unless specifically modified, nothing in this Order shall be construed to abrogate, modify, or enlarge

the Federal Rules of Civil Procedure or the Local Rules of the presiding court.

(2) Notices of Deposition

(a) Cooperation. Counsel are expected to cooperate and coordinate the scheduling of depositions and shall consider the scheduling needs or requests of all parties. However, subject to the provisions of this CMO, the deposition date need only be agreed to by the Noticing Party and the Deponent to proceed to scheduling with the Court Reporter.

(b) Contents and Service of Notice. Notices of Deposition will be served by email on the Deponent, the Court Reporter, and on all parties to the Flint Litigation in accordance with this CMO. Consistent with this Court's Order Preserving Certain Immunities and Defenses for Purposes of Limited Pre-Answer Discovery (ECF No. 467), joinder in or assent to the motion for entry of this order, and participation in the activities described in this order, does not constitute a waiver of any Fifth Amendment privilege or immunity, Eleventh Amendment privilege or immunity, qualified immunity, or other governmental immunity defenses. The Notice shall state the name of the deponent, contact information for the Noticing Party, and designate the proposed date and

location in accordance with Section V(A)(2) (requiring 30 days' notice unless otherwise agreed to by all interested parties or by leave of court) and Section V(D)(4) below (defining locations). The notice shall also include a statement that all depositions will be video recorded and include a reference to this CMO. If the Deponent is a non-party, the Notice shall include a subpoena as appropriate. The notice shall also include substantially the following statement: "If the date and location is not convenient to the Deponent, the Deponent (or his or her counsel) shall contact the Noticing Party's counsel within five (5) business days to arrange an alternate date and/or location."

(c) Who Must Agree to Deposition Date. Within five (5) business days of the issuance of the Notice, the Noticing Party and the Deponent, through his or her counsel if known, shall meet and confer to negotiate the deposition date. Any disputes between the Noticing Party and the Deponent regarding the date of a deposition may be raised to the Court following the meet and confer process. After expiration of the five (5) business days, the Noticing Party shall promptly inform all parties to the Flint Litigation and the Court Reporter by email either confirming the original deposition date and location, notifying all parties of the new date

or location, or updating the parties as to the status of any dispute with respect to the deposition notice. When sending an email confirming a deposition, the Noticing Party shall circulate a confirming or amending deposition notice with any accompanying subpoena to the Court Reporter with the email title "Flint: CONFIRMED Deposition of [Enter Deponent Name] [ENTER DATES]" and clearly stating in the body of the email that the deposition has been confirmed with the deponent and is proceeding to scheduling. The final notice shall otherwise conform with the provisions of Section V(D)(2) and shall include any other deposition requirements. Any subpoenas for deposition testimony shall be served as required by governing law, but copies shall be served via email on all parties to the Flint Water Cases.

(d) Objections to Deposition Notices. Any party wishing to raise an objection or a scheduling conflict with the Noticing Party shall do so within three (3) business days after the deposition is confirmed by the Noticing Party. The Noticing Party will attempt to resolve the objection. If the objecting party and the Noticing Party cannot agree, they may contact the Court wherein the deposition is noticed for resolution. Parties in all other Flint Water Cases shall have the opportunity to attend and

participate in any depositions, except those of individual plaintiffs, where attendance is permitted but not participation.[5] Any subsequent changes to the date of a deposition shall by communicated to all parties to the Flint Litigation by the Noticing Party using the email title "Flint: REVISED CONFIRMED Deposition of [Enter Party/Witness Name] [ENTER NEW DATES]" and explaining the change in date or location in the body of the email.

(e) Master Schedule and Equipment. The Court Reporter will make arrangements for the services required in the confirmed final Notice of Deposition (including court reporter, videographer, conference room reservations and if indicated, interpreter). The Court Reporter will communicate confirmation that deposition arrangements have been made by uploading an updated Master Deposition Calendar. The parties will be responsible for any additional costs incurred by the Court Reporter for additional services required for any deposition (such as translator, videographer, etc.). The Court Reporter shall maintain a

---

[5] The Court ruled on July 2, 2018, over the objections of Interim Co-Lead Class Counsel, that counsel for the putative class shall not be permitted to examine witnesses or otherwise participate in the depositions of individual plaintiffs.

Master Deposition Calendar that will be posted with regular updates to the date, time, and location of any scheduled depositions.

(3) Depositions

(a) Number of Depositions. More than one deposition may take place in the Flint Water Cases at the same time, except that no more than three (3) depositions may be scheduled on the same day absent agreement by the parties or court order.

(b) Deposition Days. Absent agreement of the parties, all depositions will be scheduled for two (2) days, including the business day on which the deposition is noticed as well as the next business day. The Master Schedule shall so reflect the two-day scheduling for all depositions. A Deposition Day shall typically commence at 9:00a.m. Minimally, there shall be one fifteen (15) minute morning break and two fifteen (15) minute afternoon breaks, with one (1) hour for lunch. Variations in this schedule may be made by agreement of counsel who noticed the deposition and counsel for the deponent.

(c) Holidays. No depositions may be scheduled on the day of an in-person Court hearing in any of the Flint Water Cases or any national or religious holiday. For purposes of this deposition protocol, such holidays

are: New Year's Eve, New Year's Day, Martin Luther King, Jr.'s Birthday, Presidents' Day, Passover (2 days), Good Friday, Easter Monday, Memorial Day, Independence Day, Labor Day, Rosh Hashanah (2 days), Yom Kippur, Columbus Day, Veterans' Day, Thanksgiving (Wednesday, Thursday, and Friday), Christmas Eve, and Christmas Day.

(4) Deposition Appearance and Location

(a) Location. Unless otherwise agreed by the parties, or by court order, depositions will take place in Michigan in Genesee County, Wayne County, Washtenaw County, or Oakland County at a location arranged by the Court Reporter. The Court Reporter will provide a list of approved deposition locations to be selected by the Noticing Party in issuing any deposition notice.

(b) Remote Depositions. As of April 2020, in light of the emergence of the COVID19 pandemic, all depositions shall be conducted remotely until further order of the Court or by agreement of counsel. All of the rules associated with the Federal Rules of Civil Procedure and the Local Rules of United States District Court for the Eastern District of Michigan shall apply.

All deponents shall utilize either a computer with a built-in video camera, a phone with a video camera, or a stand-alone video device so that the examiners can see the witness. Witnesses shall be sworn in by the court reporter remotely. All deponents, as part of their oath, shall certify that they will not communicate with anyone but the examining attorney and the Court Reporter during the deposition while on the record. Any deponent's attorney shall utilize either a computer with a built-in video camera, a phone with a video camera, or a stand-alone video device.

All counsel shall make all exhibits utilized during a particular deposition available to all counsel/participants during or prior to a deposition before their introduction. Attorneys utilizing exhibits shall be responsible for presenting said exhibits electronically, utilizing a shared screen via the Zoom Application. If a designating party is contacted by another party regarding its lack of access to certain designated deposition exhibits, the designating party will provide copies of those identified exhibits to the requesting party prior to examining the witness on the exhibit.

Given time constraints, objection for one is objection for all. Counsel shall not communicate with the witness during questioning by electronic means while the witness is on the record except as permitted under the Federal Rules of Evidence and other applicable law. All participants not questioning the witness should be on mute except to make an objection. To the extent practical, and as a supplement to the existing deposition protocol, counsel may provide a .pdf of each document counsel intends to use, one week in advance of the scheduled deposition. No person attending remotely shall record the deposition either by video or audio.

The parties have agreed that they will use best efforts to prioritize the depositions so that certain witnesses will be deposed first, when remote depositions will be necessary, and they will depose other witnesses later, when in-person depositions may become possible.

If, due to technical difficulties, any attorney attending a remote deposition drops off the deposition, that attorney shall immediately notify the other participating attorneys. Best efforts shall be made to pause the deposition to provide an opportunity for said counsel to promptly rejoin the deposition. If that attorney is unable to rejoin the deposition, either by agreement of counsel or by order of the Court,

counsel may be permitted to make objections related to the deposition, which counsel would have made had the technical issues not occurred.

(c) Arrangement for Deposition Space. The Court Reporter will be responsible for reserving the necessary conference room and providing the necessary technical equipment for each deposition.

(d) Notice of Intent to Appear. At least fifteen (15) days before a deposition, any counsel that intends to attend shall notify the Court Reporter. The Court Reporter will maintain a list of all parties who have given notice of their intent to appear and shall make the list available to all parties on the Master Calendar

(5) Attendance and Confidentiality

(a) Protective Order. If good cause exists for limiting access to depositions, the party seeking to exclude individuals from the deposition must move for a protective order "designating the persons who may be present while the discovery is conducted." Fed. R. Civ. P. 26(c)(1)(E). To meet this burden, the moving party must show "good cause" that an order is necessary "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1).

(b) Appearance by Telephone or Other Remote Means. Any party may alternatively appear and participate by telephone or other audiovisual means available and shall give notice of their intent to do so in at least fifteen (15) days before the deposition in accordance with Section V(D)(4)(c) (Notice of Intent to Appear). The Party shall not re-record the deposition by video or audio means. Parties participating remotely must identify all persons attending at the deposition with them. If counsel participating remotely believes that an objection not already made must be made on the record, such counsel shall identify themselves and state the objection. Counsel participating in depositions by remote access shall have the same opportunity to examine the witnesses as counsel attending in person.

(c) Confidentiality Order Provisions Regarding Deposition Materials and Testimony

(i) Counsel for a producing party may designate testimony as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" by identifying it as such on the record at or about the time the testimony is given. With respect to deposition exhibits, counsel for a producing party may designate such exhibits, or portions of them, as "Confidential" or

"Highly Confidential – Attorneys Eyes' Only" by identifying them as such on the record at or before the conclusion of the deposition, provided, however, that no such designation need be made with respect to exhibits that have previously been marked in a manner to make them Protected Material.

(ii) A non-party witness who is not an employee of a party, or the witness's attorney, may designate testimony or exhibits as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" in the same manner described in subparagraph (c)(i). But in all cases where such designation is made by a non-party witness or the witness's attorney, both the witness and his or her attorney shall be deemed to have accepted, by making the designation, all obligations created by the Confidentiality Order.

(iii) If no testimony is designated "Confidential" or "Highly Confidential – Attorneys' Eyes Only" at a deposition, the deposition testimony and the entire transcript shall be accorded the highest level of protection for a period of fifteen (15) calendar days after the final transcript (that is to say, not a draft transcript) is received by or becomes available to a producing party's attorney of record for a party or party's

attorney to identify the testimony or transcript as "Confidential or "Highly Confidential." If, before expiration of such 15-day period, any party or attorney makes or joins in a designation of testimony as "Confidential or "Highly Confidential" that party or attorney must notify counsel of record for all other parties to the actions in which the deposition was taken of the pages and lines of deposition testimony that are "Confidential" or "Highly Confidential – Attorneys' Eyes Only," then those pages and lines, but no other pages and lines, shall remain subject to the protection of this Order after the 15-day period has ended.

(iv) All transcripts of depositions at which testimony has been designated in accordance with subparagraph (c)(i) or (c)(ii) as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" shall be marked by the Court Reporter on the cover page with one or both of those designations and each page on which testimony appears that was identified as protectable at the deposition shall likewise be marked with one or both of those designations; but in making use of the deposition testimony and transcript the persons bound by the Confidentiality Order shall be limited in their use only of the testimony and portions of the transcript that was identified as protectable at the deposition.

46

(v) All transcripts of depositions at which the statement described in subparagraph (c)(iii) was made shall be marked by the Court Reporter on the cover page with one or both of those designations. In the event no written designation of specific protectable testimony is provided in accordance with subparagraph (c)(iii), persons bound by this Order may obliterate the designations placed on the cover page. In the event a written designation of specific protectable testimony is provided in accordance with subparagraph (c)(iii), all persons bound by this Order shall treat those pages and lines as required by this Order for Protected Material.

(vi) Deposition exhibits designated "Confidential" or "Highly Confidential – Attorneys' Eyes Only" shall be marked as provided in ¶ 8(a) of the Confidentiality Order.

(vii) If testimony taken at an audiovisually-recorded deposition is designated "Confidential" or "Highly Confidential – Attorneys' Eyes Only," the videocassette, other videotape container, or disk on which the deposition was recorded shall be marked by affixing a label to it with the appropriate designation.

(6) Apportionment of Time and Sequence of Examination

(a) Length of Depositions. The apportionment of time shall be made as follows:

- <u>Plaintiffs</u>. Any plaintiff may be deposed for 13 hours by the defendants

- <u>Defendants</u>. Any defendant may be deposed for 16 hours – 7 hours are allocated amongst the defendants by agreement, 9 hours are allocated amongst the plaintiffs

- <u>Non-Parties</u>. Any non-party may be deposed for 14 hours – 7 hours for the plaintiffs, 7 hours for the defendants

(b) Sequence of Examination. Questioning at the depositions taken by plaintiffs' counsel will be conducted in the following sequence:

(i) the primary examiner selected by plaintiffs' counsel;

(ii) other plaintiffs' attorneys on non-redundant matters;

(iii) examination by the defendants;

(iv) individual counsel for the deponent, if any; and

(v) any re-cross or re-direct by those mentioned above.

Questioning at the depositions taken by defense counsel shall be conducted in the following sequence:

(i) the primary defense counsel examiner or noticing party;

(ii) other defendants on non-redundant matters;

(iii) examination by the plaintiffs;

(iv) individual counsel for the deponent, if any; and

(v) any re-cross or re-direct by those mentioned above.

(c) Allocation of Time Among Plaintiffs. Absent agreement or further order of the court, the time allocated shall be coordinated amongst plaintiffs' counsel.

(d) Allocation of Time Among Defendants.[6] Absent agreement or further order of the court, the time allocated to the defendants shall be as follows:

- State Defendants – 16.6%

- City Defendants – 16.6%

- Rowe – 16.6%

- LAN Defendants – 16.6%

- VNA Defendants – 16.6%

- Hospital Defendants – 16.6%

The exception to the time allocated above is as follows:

---

[6] The United States is also a Defendant in these cases, but as of May 8, 2020, the parties have not yet agreed on the proper allocation of time among the Defendants.

(i) When the State of Michigan is acting as plaintiff in the state court case, *People v. Veolia North America, et al.*, then their allotted time for depositions will increase. The State of Michigan will receive up to 1.45 hours when either VNA or LAN are being deposed—the time in excess to the above 16.6% already allocated is to be drawn equally from plaintiffs and defendants.

(ii) When MDEQ Defendants wish to depose certain parties, up to 45 minutes will be added to the overall deposition time.

(e) Deposition Timing and Order

(i) The Court Reporter shall be responsible for recording and tracking of time of questioning for each Party during the deposition. For purposes of tracking and apportionment of time, only time on the record shall be computed against the total time allocated to each party.

(ii) Prior to the deposition, the parties will circulate a written order of questioning to include:

- the identity of the attorney who will question the witness,

- the order in which each party will be asking questions, and

- the time allocation each party is entitled to under the Case Management Order (or by agreement to cede times with other parties made in advance of the deposition).

For the purpose of this rule, plaintiffs collectively should identify the examining attorneys, the order in which they will examine the witness, and the total time allocated to plaintiffs, but they need not designate a particular allocation of time among attorneys representing plaintiffs. Counsel for plaintiffs should continue to coordinate questioning and time allocations as they have done to date. Counsel noticing the deposition shall be responsible for compiling the written order of questioning and bringing it to the deposition.

(iv) Golkow will be responsible for keeping the time allocated to each party during the deposition and shall notify the attorney questioner when their time limit has been reached.

(v) If, at a deposition, a party wishes to reserve time at the conclusion of their questioning, they must explicitly state their intent to do so on the record. The Golkow representative responsible for maintaining the time shall state on the record the total amount of time

remaining for that party. Any party that reserves time with a witness will get that time with the witness.

(vi) If a party no longer wishes to use their reserved time, any reserved time shall be divided amongst those present (in person or via teleconference) wishing to further question the witness. Following all examinations from the written order of questioning, any unused time shall be reallocated among parties wishing to further examine the witness. Fifty percent of unused time shall be divided among plaintiffs who wish to further examine the witness. Fifty percent of unused time shall be divided equally among defendants who wish to further examine the witness. In the event that either all plaintiffs or all defendants no longer wish to examine the witness, unused time shall be divided equally among all parties who wish to examine the witness. This allocation of remaining time shall be so stated on the record.

(7) Video Recorded Depositions. Audio-Video Recording of All Depositions. All depositions shall be audiovisual depositions recorded pursuant to Fed. R. Civ. P. 30(b)(3) and subject to the following rules:

(a) Real-time feed. All video depositions will be stenographically recorded by a Court Reporter with "real-time feed" capabilities. Nothing

52

herein precludes any party from ordering "real-time feed" of any non-video deposition.

(b) Video Operator. The operator(s) of the video recording equipment shall be subject to the provisions of Fed. R. Civ. P. 28(C). At the commencement of the deposition, the operator(s) shall swear or affirm to record the proceedings fair and accurately.

(c) Filing. The Operator shall preserve custody of the original video medium in its original condition until further order of the Court.

(d) Interruptions. The video camera operation will be suspended during the deposition only upon stipulation by counsel and "off the record" discussions.

(e) Filming. The videographer shall film the witness only while the witness is seated in the witness chair and shall not film the witness at any other time, including when entering or leaving the deposition room. The videographer shall not film any other persons in the room, except for the witness.

(8) Objections and Disputes

(a) Stipulations and Disputes. The Parties may agree to certain deposition stipulations, however in all other circumstances the Federal

and local rules control. The Parties shall use best efforts to avoid deposition disruptions or adjournments due to discovery disputes. In the event a dispute arises, the parties may contact the Court in an attempt to resolve such dispute informally. If the Court is unavailable, the deposition will continue as to matters not in dispute and the party seeking relief may present the issue to the Court for expedited consideration pursuant to the Court's discovery dispute protocol.

(b) Objections. During a deposition, any objection by counsel for any plaintiff shall be deemed an objection on behalf of all plaintiffs. It shall not be necessary for counsel for each plaintiff to separately object on the record to preserve the objection. Similarly, any objection by counsel for any defendant shall be deemed an objection on behalf of all defendants. It will not be necessary for counsel for each defendant to separately object on the record to preserve the objection. But no party is bound by another party's objection, and nothing in this paragraph shall preclude any party from stating its own objection on the record if that objection has not been made. Counsel shall comply with Fed. R. Civ. P. 30(c)(2) concerning objections at depositions. Speaking objections or those calculated to coach

the deponent are prohibited. Counsel shall refrain from engaging in colloquy during depositions.

(9) Transcript Repository, Read and Sign, and Errata Sheets

(a) Read and Sign. Witnesses shall read and sign their deposition transcripts. The Federal Rules of Civil Procedure shall govern the time each witness has to read and sign unless otherwise agreed by all interested parties or by leave of court. Counsel for the witness shall submit any errata pages and signatures to the Court Reporter via email. The Court Reporter shall coordinate, track, and maintain a record as to the status and signature by witnesses of deposition transcripts. The Deponent's counsel will be provided with an e-transcript, an errata page and a witness signature page for review, signature and return to the Court Reporter.

(b) Transcript Repository. The Court Reporter will provide a searchable electronic copy of all deposition transcripts to the parties via the Court Reporter Repository, except that deposition testimony and exhibits designated as "Confidential" or "Highly Confidential" shall only be made available to the appropriate parties under the Confidentiality Order.

(10) Exhibits

(a) The Court Reporter shall maintain a Master Exhibit List and an online Deposition Exhibit Repository which will contain a single copy of all deposition exhibits used in the case, and will make the Exhibit Repository available at all depositions taken in the Flint Litigation. The Court Reporter will maintain an original (hard copy) deposition transcript for all depositions in their office.

(b) At least seven (7) days before a deposition, counsel for each party that intends to examine a deponent ("Examining Counsel") shall serve via electronic mail to counsel for any plaintiff group or defendant group who have indicated that they will attend, a non-binding list of documents (by Bates number) that they anticipate using or referring to during the deposition.

(c) Examining Counsel shall bring paper copies of any documents used at a deposition (whether or not they are pre-designated). Examining Counsel shall not bring copies of pre-designated documents for any other counsel present at the deposition. However, Examining Counsel shall provide paper copies of any non-designated documents to counsel for any

plaintiff group or defendant group who have indicated that they will attend.

(d) Deposition exhibits shall be marked sequentially beginning with the first witness, and steps will be taken to ensure that no two exhibits used in a deposition contain the same Exhibit Number. In the event of double or triple tracking depositions, Exhibit Numbers will be blocked in advance to avoid duplication of Exhibit Numbers. Counsel shall not re-mark documents that have previously been marked as exhibits, and shall use the previously marked exhibit number in subsequent depositions. The index of exhibits annexed to each deposition transcript shall contain the Bates number (if any), the exhibit number and a brief description of the exhibit.

(e) The Court Reporter will make available electronically at every deposition all documents maintained in the Deposition Exhibit Repository for use as exhibits.

(11) Costs. The Parties have selected Golkow as the Court Reporting Company on the Flint Water Cases. Costs will be allocated according to each party ordering transcripts, with the exception of remote access and participation which will be charged on a per party basis for

those wishing to appear remotely, and videographer costs, which would be allocated amongst parties ordering the video.

## VI. Plaintiff Examinations

The schedule for examinations of the plaintiffs in the individual cases will be pursuant to Section X (Bellwether Trial Proceedings in the Individual Cases).

## VII. Expert Witnesses

(1) Parties may serve notice of a deposition on expert witnesses who have been retained or employed by any other party and who have completed an expert report or disclosure pursuant to Federal Rule of Civil 26(a)(2)(B) or (C) in relation to the alleged contamination of the City of Flint's water supply on or after April 25, 2014. These expert witnesses shall be produced for deposition without need for service of a subpoena.

(2) Expert witnesses shall deliver to the attorney who noticed the deposition an advance production of their complete file no later than seven (7) days before the date set for a deposition. The file shall include all materials compiled up to that time, except that the expert may exclude any portions protected by Federal Rule of Civil Procedure 26(b)(4). The attorney who noticed the deposition shall provide copies of the advance

production to counsel for all other parties who have notified them of their intent to participate in the deposition.

(3) The party who notices the deposition shall reimburse the expert for the time reasonably and actually devoted by the expert or their employees to making the advance production; the time reasonably and actually devoted by the expert in traveling to and from the site of the deposition; the time spent by the expert at the deposition; the expense reasonably and actually incurred by the expert in producing other documents in response to any other request for production of documents; and the reasonable travel expenses (transportation, meals, lodging, miscellaneous) actually incurred by the expert in traveling to and from the site of the deposition and during their attendance at the deposition.

(4) Unless an expert agrees otherwise, their deposition shall be taken in the locality where they work or reside.

## VIII. Class Certification in *Carthan*

(1) By June 30, 2020, a motion for class certification and supporting Federal Rule of Civil Procedure 26(a)(2) expert reports and disclosures shall be filed. Any opposition and supporting Rule 26(a)(2) expert reports

and disclosures shall be filed by September 30, 2020, and any reply in support of class certification shall be filed by November 30, 2020.

(2) A hearing on the motion for class certification shall be set following the filing of the reply. Within two (2) weeks from the filing of the reply, defendants shall notify the Court if an evidentiary hearing is requested.

## IX.   Notices of Non-Parties at Fault in the Individual Actions

Any party filing a Notice of Non-Parties at Fault in each of the individual Flint Water Cases pursuant to MCR 2.112(K) shall file a short form Notice of Non-Parties at Fault, incorporating by reference their Master Notice of Non-Parties at Fault filed in *Walters v. Flint*, Case No. 5:17-cv-10164. *See* Exhibit B. The short form notice shall include and incorporate any supplements filed to the Master Notice, which shall be deemed applicable to the short form Notice filed in each of the individual cases. A party shall not be required to file a full notice of Non-Parties at Fault in each of the individual actions in order to comply with the requirements set forth in MCR 2.112(K) as the Master Notice of Non-Parties at Fault and any supplements thereto shall be incorporated in full by reference as if it were set forth at length in each individual action.

## X.    Bellwether Trial Proceedings in the Individual Cases

The initial bellwether trial will begin on November 28, 2020. The Court will set a date for the second bellwether group trial at a later date.

### A.    First Bellwether Group

#### 1.    First Bellwether Pool Selection

(1) Within seven (7) days from entry of the original CMO (May 7, 2019), Co-Liaison Counsel and counsel for defendants shall submit to the Court an agreed-upon form of plaintiff fact sheet. If agreement upon fact sheets cannot be reached, the Court will place this issue on the May 15, 2019, status conference agenda.

(2) Within fourteen (14) days from entry of the original CMO (May 14, 2019), the Special Master shall, based on census data that she has collected, identify the names of all individual plaintiffs whose dates of birth are between April 25, 2008, and April 25, 2014, and who only claim lead-induced injuries. The Special Master shall identify the numbers of the cases in which these individuals are plaintiffs.

(3) Within twenty-one (21) days from entry of the original CMO (May 21, 2019), Co-Liaison Counsel and counsel for defendants shall select 150 plaintiffs ("Pool One Claimants") from those identified by the

Special Master, using a selection process to which they agree and which will result in the selection of a random sample.

(4) Within fifty (50) days from the selection of the Pool One Claimants, each of the 150 plaintiffs shall provide to counsel for defendants completed plaintiff fact sheets, together with authorizations for release of records specified in the fact sheets and any documents specified in the fact sheets which are within their possession, custody, or control (as those words are used in Federal Rule of Civil Procedure 34(b)).

(5) To the extent a plaintiff's fact sheet is less than substantially completed, Co-Liaison Counsel shall be notified within seven (7) days by counsel for defendants, and the deficiency shall be cured to the extent possible within seven (7) days after receiving notification.

## 2. Second Bellwether Pool Selection and Written Discovery

(1) On day seventy (70) following the selection of the Pool One Claimants, Co-Liaison Counsel and counsel for defendants shall simultaneously identify to each other a total of 100 claimants from among the Pool One Claimants with respect to whom written discovery will be conducted ("Pool Two Claimants"). Half of the Pool Two Claimants will be selected by Co-Liaison Counsel and half will be selected by counsel for

defendants. If there is overlap between the Pool Two Claimants identified by the two sides, selection of additional claimants shall continue until a total of 100 claimants have been selected.

(2) Beginning seventy-one (71) days from the selection of the Pool One Claimants, defendants may serve on each of the 100 Pool Two Claimants requests for production of documents and tangible things, interrogatories, and requests for admission.

(3) Each defendant (or, in the case of the VNA Defendants and the LAN Defendants, each group of defendants) may serve on each Pool Two Claimant who has sued that defendant requests for production of documents and tangible things that comprise no more than thirty (30) separately numbered paragraphs describing with reasonable particularity specific documents and things or categories of documents and things to be produced. The thirty (30) separately numbered paragraphs may be divided among as many separate sets of requests as the defendant serving them chooses, but the total number of paragraphs shall not exceed thirty (30) unless otherwise agreed by all interested parties or by leave of court.

(4) Each defendant (or, in the case of the VNA Defendants and the LAN Defendants, each group of defendants) may serve on each Pool Two Claimant who has sued that defendant up to twenty-five (25) interrogatories. The twenty-five (25) interrogatories may be divided among as many separate sets of interrogatories as the defendant serving them chooses, but the total number of interrogatories shall not exceed twenty-five (25) unless otherwise agreed by all interested parties or by leave of court.

(5) Each defendant (or, in the case of the VNA Defendants or the LAN Defendants, each group of defendants) may serve on each Pool Two Claimant who has sued that defendant up to twenty-five (25) requests for admission. The twenty-five (25) requests for admission may be divided among as many separate sets of requests as the defendant serving them chooses, but the total number of requests shall not exceed twenty-five (25) unless otherwise agreed by all interested parties or by leave of court.

### 3. Third Bellwether Pool Selection and Further Discovery

(1) On day ninety (90) following the selection of the Pool Two Claimants, Co-Liaison Counsel and counsel for defendants shall each identify thirty (30) claimants from among the Pool Two Claimants who

will be engaged in further discovery ("Pool Three Claimants").[7] If there is overlap between the Pool Three Claimants initially identified by the two sides, selection of additional Pool Three Claimants shall proceed in the manner described in this paragraph until a total of sixty (60) have been selected.

(2) Beginning seven (7) days from selection of the Pool Three Claimants, defendants may begin noticing testimonial depositions of the Pool Three Claimants in accordance with this CMO. Defendants may also notice testimonial depositions of other persons with knowledge of facts particular to claims by the Pool Three Claimants in accordance with this CMO. There shall be no specific numerical limit on the number of testimonial depositions that may be taken, but no party or non-party witness is precluded from bringing a motion for a protective order if there is good cause for doing so.

(3) Nothing in this Section is intended to prevent any party from deposing any other party or non-party before the date specified in this Section if the witness is reasonably likely to have discoverable

---

[7] On March 23, 2020, the Court ordered that this first bellwether group be reduced to the fourteen plaintiffs who had already been deposed. (ECF No. 1089.) This reduction was due to the circumstances caused by COVID-19.

information relevant to the issues in *Carthan* or if relevant to issues in any Genesee County case included in *In re Flint Water Litigation*.

(4) Beginning seven (7) days from the selection of the Pool Three Claimants, defendants may begin noticing and conducting entries upon land in the possession or control of the Pool Three Claimants for purposes of inspection, photographing, sampling, and testing. Defendants shall coordinate among themselves so that representatives of all defendants which have been sued by any Pool Three Claimant will complete their entries on the same date or dates, unless otherwise agreed by all interested parties or by leave of court.

Under Federal Rule of Civil Procedure 34, entry on land for inspections of the premises currently occupied by the bellwether plaintiffs within the reduced bellwether pool of 14 who still live in the same premises now as they did during 2014 and 2015 (6 total) may take place on dates convenient for the plaintiffs, their counsel, the defendants' counsel, and defendants' consultants and technicians pursuant to the agreed upon House Inspection Protocol. *See* Exhibit E.

Defendants seeking entry on land for inspections of premises formerly occupied by bellwether plaintiffs within the reduced bellwether

pool of 14 which are currently owned by others (8 total) shall serve notices pursuant to Federal Rule of Civil Procedure 45 identifying the address of the premises, the current owner and the bellwether plaintiff(s) who formerly resided in the premises. Objections by any party to any requested inspection shall be served within 10 days, concisely stating the basis for the objection. No premises as to which an objection has been served shall be inspected until agreement of the parties has been reached or by order of the Court. Defendants seeking to inspect the premises as to which no objection has been served may contact the premises owner and attempt to arrange for the inspection on a date convenient to the plaintiff's counsel, the defendants' counsel, defendants' consultants and technicians, and the owner of the premises. Alternatively, the defendants may cause subpoenas under Federal Rule of Civil Procedure 45 to be issued, served on counsel, and served on the owners of the premises seeking permission to inspect the premises. Objections to any subpoenas asserted by owners of the premises will be addressed and resolved by the Court before the inspections take place. At no time, however, may any direct contact by defendants be made or any subpoena served on a plaintiff represented by counsel in this litigation.

### 4.   Expert Depositions

(1) On May 26, 2020, Co-Liaison Counsel shall provide full and complete Federal Rule of Civil Procedure 26(a)(2) expert reports and disclosures from all experts who have produced such reports and disclosures with respect to the Pool Three Claimants. The experts shall also provide three dates on which they are available for deposition between June 15, 2020 and August 15, 2020. Defendants may begin noticing the depositions of the plaintiffs' experts to take place on one of the three dates provided.

(2) Beginning on June 15, 2020, Pool Three Claimants shall begin appearing for Federal Rule of Civil Procedure 35 examinations, on dates reasonably identified by defendants which that claimant has sued. These examinations shall be conducted by suitably licensed or certified examiners identified by defendants. Examiners shall examine the claimant on the same day if the examiners are specialists in the same field unless the nature of the examinations make simultaneous examinations impractical. Examiners who are specialists in different fields may examine the claimant on different days. However, all

examinations shall be completed by July 30, 2020 unless otherwise agreed by all interested parties or by leave of court.

(3) On August 26, 2020, defendants shall provide full and complete Rule 26(a)(2) expert reports and disclosures to Co-Liaison Counsel. The experts shall also provide three dates on which they are available for deposition between September 15, 2020 and November 15, 2020. Plaintiffs may begin noticing the depositions of the defendants' experts to take place on one of the three dates provided.

## 5. Pretrial Motions

The discovery completion date for the first bellwether trial group is July 3, 2020. The deadline for filing dispositive motions is August 3, 2020. Any responses will be due on August 24, 2020, and replies must be submitted by September 8, 2020. The Court will set a schedule for motions in limine and other pretrial filings at a later date; pretrial motions hearings will be set in advance of the trial date.

The Court shall inform the parties by June 26, 2020, how many bellwether plaintiffs' cases will be tried starting on November 28, 2020. The selection process for bellwether plaintiffs' cases for trial shall be completed by July 10, 2020. Selection of trial plaintiffs shall proceed in

the following order: one plaintiffs' selection, two defendants' selections, two plaintiffs' selections continuing in that alternating pattern until the determined number of cases for trial are selected.

## B. Second Bellwether Group

The second bellwether group shall consist of adult plaintiffs alleging both personal injury (excluding alleged exposure to *legionella*) and property damage.

### 1. First Bellwether Pool Selection

Within fourteen (14) days from entry of the Third Amended CMO, the Special Master shall provide a list of all such plaintiffs. Within twenty-one (21) days of the Third Amended CMO entry the parties shall utilize a random selection process to select 100 plaintiffs (Pool One). Within fifty (50) days from the selection of Pool One, each of the 100 plaintiffs shall provide to counsel completed plaintiff fact sheets together with authorizations for release of records and documents.

Deficiencies in fact sheets shall be stated within twenty (20) days by defendants and the deficiency shall be cured within thirty (30) days after notice. Substantial completion of the fact sheets including the required authorizations is essential for the parties, particularly the defendants, to select the bellwether candidates for additional discovery

and potential inclusion in the bellwether trial process. Substantial completion of the fact sheets along with the fully executed authorizations for all 100 bellwether candidates is necessary to move to the next step in the process.

### 2. Second Bellwether Pool Selection and Written Discovery

Within ten (10) days of the substantial completion of the fact sheets (and authorizations), Co-Liaison Counsel and defendants' counsel shall simultaneously identify thirty (30) plaintiffs each for a total of sixty (60) plaintiffs comprising Pool Two. Defendants may serve written discovery on the Pool Two plaintiffs immediately upon the selection of the sixty (60) Pool Two group of bellwether plaintiffs.

### 3. Third Bellwether Pool Selection and Further Discovery

On day ninety (90) following selection of the Pool Two plaintiffs, Co-Liaison counsel and defendants shall each identify fifteen (15) plaintiffs for a total of thirty (30) plaintiffs who will engage in further discovery (Pool Three). Beginning seven (7) days from selection of Pool Three, defendants may begin noticing depositions, entries upon land for

purposes of inspection, sampling and testing and other discovery directed to the 30 Pool Three bellwether plaintiffs.

Six (6) months from selection of Pool Three, plaintiffs shall provide expert disclosures and reports. Defendants may begin noticing depositions of plaintiffs' experts immediately upon the disclosure of the plaintiffs' experts. The plaintiffs shall include in the disclosure three dates on which each expert is available for deposition within sixty (60) days of the disclosure.

All plaintiffs alleging personal injuries must be available for Rule 35 examinations starting ten (10) days after plaintiffs' expert disclosures and reports are served. Defendants will provide expert disclosures and reports seventy-five (75) days after service of plaintiffs' expert disclosures and reports. Co-Liaison Counsel may begin noticing of defendants' experts. The defendants will include in the disclosure three dates on which each expert is available for deposition within sixty (60) days of the disclosure.

### 4.    Fourth Bellwether Selection Pool

Seventy-five (75) days after defendants' expert disclosures the parties will each identify eight (8) plaintiffs, for a total of sixteen (16), to

continue to Pool Four. The Court will, on a date to be determined, advise the parties of the number of Pool Four plaintiffs who will proceed to the initial adult bellwether trials.

Selection of trial plaintiffs shall proceed in the following order: two defense sections, two plaintiff selections, two defense selections, and continuing in that alternating pattern of two selections by each side until the determined number of cases for trial are selected.

### 5.   Pretrial Motions

The Court will set a schedule for summary judgment motions, motions in limine, and other pretrial filings at a later date. The Court will set a schedule for pretrial motions hearings in advance of the trial date. The initial bellwether trial will begin on a date selected by the Court following the pretrial schedule.

## XI.   Discovery Dispute Protocol

(1) Conduct a meet and confer on the issue.

(2) If the parties reach an impasse, email Abigail DeHart (Abigail_DeHart@mied.uscourts.gov) and Leslie Calhoun (Leslie_Calhoun@mied.uscourts.gov) with two or three sentences indicating the nature of the dispute, copied to the executive committee

for defendants,[8] co-lead interim class counsel, and co-liaison counsel. This email must indicate that there has been a meet and confer on the issue and that there is an impasse. All relevant parties to the dispute must be copied on this email. The dispute must be submitted by the previous Thursday at 2:00pm in order to be considered for resolution the following Wednesday. The Court will set forth its availability for these conferences in the order that follows each monthly status conference.

(3) The Court will then accept the topic for a biweekly conference call, authorize briefing on the topic, or place the issue on the agenda for the next status conference. The parties will learn of the Court's decision after the agenda for the next call is set and docketed.

(4) If the topic is accepted for the biweekly conference call, then pursuant to the timeline specified in the agenda, parties to the dispute must submit a one-page, single-spaced summary of the issue via email to

---

[8] The executive committee for defendants is (1) Philip Erickson (perickson@plunkettcooney.com) for LAN Defendants, (2) Alaina Devine (adevine@campbell-trial-lawyers.com) for VNA Defendants, (3) Charles Barbieri (cbarbieri@fosterswift.com) for MDEQ Defendants, (4) William Young Kim (wkim@cityofflint.com) for City Defendants, (5) Craig Thompson (cthompson@swappc.com) for Rowe Defendants, (6) Susan Smith (ssmith@bdlaw.com) for McLaren Defendants, (7) Richard Kuhl (KuhlR@michigan.gov) for State Defendants, and (8) Michael Williams (michael.l.williams@usdoj.gov) for the United States Defendant.

Ms. DeHart and Ms. Calhoun. Do not file these on the docket. The disputed request may be attached to the one-page summary of the issue.

(5) The Court will generally convene a one-hour conference call as needed every two weeks on Wednesday afternoons, usually at 2:00 pm. These calls will not normally be on the record. If a party seeks to have the dispute on the record, then this must be requested in advance of the call by email.

## XII. Pretrial Motions and Completion Date for Discovery

Unless otherwise mentioned above, the date by which all pretrial motions shall be filed and the completion date for discovery will be established by the Court at a later date.

## XIII. Definitions

(1) "Privileged Communications" mean attorney/client privileged communications, communications that constitute protected work product, and communications with experts that are protected from disclosure by Federal Rule of Civil Procedure 26(b)(4).

(2) "Co-Lead Class Counsel" means the attorneys appointed from time to time by the Court to serve in that capacity as well as persons authorized by those persons to act in their stead. (ECF No. 696.)

(3) "Co-Liaison Counsel " means the attorneys appointed from time to time by the Court to serve in that capacity as well as persons authorized by those persons to act in their stead. (*Id.*)

(4) "Defense Executive Committee" means the attorneys appointed from time to time by the Court to serve in that capacity as well as persons authorized by those persons to act in their stead. (ECF No. 260 adopting ECF No. 241.)

(5) "*Carthan*" means the consolidated putative class action case *Carthan v. Snyder*, No. 16-cv-10444.

(6) "Individual Cases" means cases filed by persons that are set forth in Short Form Complaints and the Master Complaint, in accordance with the order dated November 17, 2017. (ECF No. 260.)

(7) "Plaintiffs" means the putative class representatives in Carthan and the plaintiffs in the Individual Cases, collectively.

(8) "VNA Defendants" means Veolia North America, LLC, Veolia North America, Inc., Veolia Water North America Operating Services, LLC, insofar as each of the above individuals and entities remain as a party.

76

(9) "LAN Defendants" means Lockwood, Andrews, & Newnam, P.C., Lockwood, Andrews, & Newnam, Inc., Leo A. Daly Company, insofar as each of the above individuals and entities remain as a party.

## XIV. Appendices

A.     Exhibit A – Document Production Protocol [ECF No. 371-1]
B.     Exhibit B – Sample Short Form Non-Party at Fault Filing for Individual Actions
C.     Exhibit C – Confidentiality Order [ECF No. 299]
D.     Exhibit D – Addendum to the Confidentiality Order [ECF No. 790]
E.     Exhibit E – Home Inspection Protocol

Dated: May 8, 2020                    s/Judith E. Levy
Ann Arbor, Michigan                   JUDITH E. LEVY
                                      United States District Judge


## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on May 8, 2020.

                              s/William Barkholz
                              WILLIAM BARKHOLZ
                              Case Manager