UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

*In re Flint Water Cases*　　　　　　　Case No.: 5:16-cv-10444

　　　　　　　　　　　　　　　　　　Hon. Judith E. Levy

_____/

**MDEQ EMPLOYEE DEFENDANTS' BRIEF IN OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF DOCUMENTS**

**I.　　INTRODUCTION**

Despite having never issued written discovery requests to Stephen Busch, Liane Shekter Smith, Patrick Cook or Michael Prysby (the "MDEQ Employee Defendants"), the Individual Plaintiffs and Class Plaintiffs (collectively, "Plaintiffs") jointly move this Court to compel disclosure of documents and investigative testimony (the "criminal investigative materials") related to the criminal cases brought in Genesee County related to the City of Flint's use of the Flint River as a drinking water source. This request is improper under Federal Rule of Civil Procedure 37 ("FRCP 37"). MDEQ Employee Defendants cannot be compelled to respond to a subpoena directed to a different party. Further, even if Plaintiffs could move to compel this production, multiple factors weigh heavily against ordering production by these Defendants, as any documents in their possession from the criminal proceedings were received from and are in the

possession of the Michigan Department of the Attorney General ("Attorney General"). If production from the Attorney General is appropriate and ordered, production from the MDEQ Employee Defendants is not necessary and would be duplicative. Therefore, as to the relief sought against the MDEQ Employee Defendants, this Motion should be denied.

## II. PROCEDURAL BACKGROUND

Plaintiffs bring this Motion to Compel against "MDEQ Defendants," without identifying specifically from which Defendants relief is sought. MDEQ Employee Defendants Stephen Busch, Liane Shekter Smith, Patrick Cook and Michael Prysby file this Response, as they are some of the Defendants that either currently or previously worked for the Michigan Department of Environmental Quality ("MDEQ") and had criminal charges brought against them in connection with the Flint water switch.

In 2019, Plaintiffs issued a subpoena to the Attorney General seeking documents related to criminal proceedings handled by that office. MDEQ Defendants were not recipients of the subpoena or otherwise directed to respond to the subpoena. The Attorney General filed objections to the Subpoena in August 2019. MDEQ Defendants did not object or otherwise respond to the subpoena, as it was not directed to them.

SHRR 4889122

On January 27, 2020, Defendant Veolia North America, LLC ("VNA") served its First Set of Requests for Documents on MDEQ Employee Defendants Liane Shekter Smith, Stephen Busch and Michael Prysby, only, in the matter of *Guertin v. Michigan,* Case No. 5:16-cv-12412.  On February 28, 2020, Defendant LAN served substantially similar document production requests on Defendants Shekter Smith, Busch and Prysby, also in *Guertin*.  These discovery requests, served by LAN and VNA only and not joined in by any other party to this litigation, are the only document production requests propounded on these MDEQ Employee Defendants. No document production requests have been served on MDEQ Employee Defendant Patrick Cook by any party to any Flint Water litigation matter.

MDEQ Employee Defendants objected to the discovery requests, producing written responses and documents subject to their objections. None of these discovery requests or any MDEQ Employee Defendant's objections to the requests are cited in the present Motion to Compel, which was filed by a party that has not served these Defendants with any document requests. Neither Class Plaintiffs nor Individual Plaintiffs have served document production requests on any MDEQ Employee Defendant, as MDEQ Employee Defendants have not filed an Answer in any case brought by Plaintiffs and are therefore considered non-parties.

In response to the document production requests served by VNA and LAN, the MDEQ Employee Defendants objected to production directly from them of

3

documents produced to them or their separate criminal counsel in the criminal proceedings, based on prohibitions placed on such production by Protective Orders entered in their respective criminal proceedings and the Attorney General's assertion of the confidentiality of such documents related to the ongoing nature of criminal investigations pertaining to the Flint water switch. All MDEQ Employee Defendants believed that to produce any documents provided to them in their criminal proceedings by the Attorney General could result in contempt charges or other sanctions. To date, the MDEQ Employee Defendants have not disclosed any discovery they obtained in their criminal proceedings to any parties or attorneys involved in the civil Flint water litigation, including their own civil counsel.

Pursuant to this Court's Order Regarding Briefing Schedule (Dkt. 1071), on March 9, 2020, the MDEQ Employee Defendants filed briefing regarding the implications of the Genesee County Protective Orders and the discovery materials obtained pursuant to investigative subpoenas (Dkt. 1079). The MDEQ Employee Defendants incorporate the arguments set forth therein.

At that time, counsel for the MDEQ Employee Defendants were told by a Special Assistant Attorney General involved in the criminal investigations that the Protective Orders were still in effect. Upon receiving this Motion, on May 6, 2020, counsel for MDEQ Employee Defendant Busch again contacted a representative of the Attorney General involved with the criminal investigations, Daniel Ping. This

4

time, counsel was told that the Protective Orders were no longer binding, contradicting the Attorney General's earlier statements. However, the Attorney General is unwilling to enter an order lifting the protective order, as was done in at least one other Flint criminal proceeding. To date, the MDEQ Employee Defendants have not produced or disclosed any documents to anyone, including their civil counsel.

### III. LEGAL ARGUMENT

**A. Plaintiffs cannot compel production of documents from MDEQ Employee Defendants, as they did not serve Document Production Requests on any MDEQ Employee Defendant.**

Plaintiffs seek to compel documents from MDEQ Employee Defendants pursuant to a subpoena served on a separate party, the Attorney General. The subpoena was not directed to MDEQ Employee Defendants and Plaintiffs provide no legal basis for being able to compel these Defendants to respond to it. In fact, Plaintiffs do not cite to any Federal Rule of Civil Procedure or case law establishing that Plaintiffs can move to compel compliance with the subpoena from any party other than the party the subpoena was directed to and served upon.

Although not stated in their Motion to Compel or supporting brief, Plaintiffs presumably bring this Motion against the MDEQ Employee Defendants under Federal Rule of Civil Procedure 37 ("Rule 37"), which governs motions seeking to compel discovery from parties to litigation. In relevant part, Rule 37 states, "[a]

5

SHRR 4889122

party seeking discovery may move for an order compelling an answer, designation, production, or inspection. This motion may be made if … (iv) a party fails to produce documents…as requested under Rule 34." FRCP 37(a)(3)(B)(iv).

Plaintiffs did not and, under the current CMO, cannot serve any document production requests on the MDEQ Employee Defendants and are, presumably, relying on the requests served by VNA and LAN. Such reliance is not allowable under Rule 37, especially as Plaintiffs are not parties to the *Guertin*[1] matter in which the discovery requests were issued by VNA and LAN.

Even if Plaintiffs were a party to the action in which discovery requests were served on these Defendants, Plaintiffs do not have standing to seek relief under Rule 37. In *Payne v. Exxon Corp.*, 121 F.3d 503, 509-10 (9th Cir. 1997), the Ninth Circuit held that only the party that had served the discovery requests has standing to move to compel additional responses or productions. Similarly, in *Petrucelli v. Bohringer & Ratzinger*, 46 F.3d 1298 (3d Cir. 1995), the Third Circuit held that "to succeed on a motion to compel discovery, a party must first prove that it sought discovery from its opponent." *Id*. at 1310. As Plaintiffs do not have standing to compel further

---

[1] The MDEQ Employee Defendants (specifically Busch, Prysby, Shekter Smith and Wurfel) have only answered the Complaint in *Guertin,* as their appeals regarding governmental immunity are still pending in the Sixth Circuit in all other cases. Therefore, they are only subject to discovery in *Guertin* under the Case Management Order. Plaintiffs are not parties to *Guertin* and, therefore, cannot seek written discovery from the MDEQ Employee Defendants at this time.

6

production under the document production requests served by VNA and LAN, and the MDEQ Employee Defendants were not the recipients of Plaintiffs' 2019 subpoena, this Motion must be denied with respect to the relief sought against the MDEQ Employee Defendants.

Late in the day on May 11, 2020, Defendants Veolia North America, LLC, Veolia North America, Inc., and Veolia Water North America Operating Services, LLC (the "VNA Defendants") filed a concurrence with the Plaintiffs' Motion to Compel (Dkt. 1132). Such concurrence was untimely under the Court's order to file a Motion to Compel on this issue by May 5, 2020 (Dkt. 1112).[2] Further, it is unclear from the VNA Defendants' filing if they are seeking relief against the MDEQ Employee Defendants, as their Concurrence states that they are joining "in the Plaintiffs' Motion to Compel Production of Documents <u>from the Attorney General's Office</u>," but also states they are seeking identical relief to what is sought in the Motion to Compel. No reference is made to VNA's discovery requests to any MDEQ Employee Defendant, or to any objection made to those requests. No

---

[2] McLaren Regional Medical Center ("McLaren") and LAN also filed a Notices of Joinder in Plaintiffs' Motion on May 11, 2020 and May 12, 2020, respectively (Dkt. 1133 and 1134). McLaren does not have standing to compel discovery from the MDEQ Employee Defendants, as it has not served discovery on these Defendants and is not a party to the *Guertin* matter. Further, the Concurrence filed by McLaren does not seek any specific relief against the MDEQ Employee Defendants. LAN does not seek any relief not sought in Plaintiffs' Motion and does not specifically compel additional documents under its document production requests to the MDEQ Employee Defendants.

7

additional arguments are made with respect to production from the MDEQ Employee Defendants, as the VNA Defendants' supplementary argument is specific to the need for transcripts of interviews taken by the criminal division of the Attorney General.

Despite representations made by Plaintiffs to the contrary, the MDEQ Employee Defendants did not attend any of the interviews in the criminal investigation other than their own. Further, their civil counsel were not in attendance at any of these interviews and do not have any information on such interviews that is unique to what is available to Plaintiffs and other Defendants. Plaintiffs reference the presence of Noah Hall at certain investigative subpoena interviews, but he has never represented any MDEQ Employee Defendant. Therefore, there is no relief that can be granted against these Defendants specific to such interviews.

Finally, Plaintiffs' Motion makes further statements, without any evidence, that the MDEQ Employee Defendants are somehow complicit in the States' objections to the subpoena served on it in this litigation as the basis for their requested relief against these Defendants. Again, for the record, the MDEQ Employee Defendants made no objection to the subpoena to the Attorney General and has in no way impeded any production by the Attorney General. MDEQ Employee Defendants' civil counsel have not been provided with any documents that may have been retained by their clients from the criminal proceedings.

8

Therefore, there is no disparity in access between Plaintiffs and the MDEQ Employee Defendants' counsel.

### B. MDEQ Employee Defendants did not enter into a Joint Defense Agreement with the Michigan Department of the Attorney General.

In support of their Motion, Plaintiffs make the unsupported statement that "Due to the existence of a joint prosecution (sic) agreement that has been entered into by the MDEQ Defendants, former Governor Snyder and others, it must be presumed that information in the hands of *any one* of these litigants is in the hands of *all* of them." Counsel for the MDEQ Employee Defendants did not enter into a joint prosecution agreement with the criminal division of the Attorney General's Office, which is the party that is in possession of the documents Plaintiffs seek. This is nonsensical, as the MDEQ Employee Defendants are opposing parties to the Attorney General with respect to the criminal matters. MDEQ Employee Defendants' civil counsel have had limited dealings with the Solicitor General's Office related to issues raised surrounding the production of the criminal proceeding discovery documents. There has been no other contact, no agreements, and no exchange of documents. In fact, the Solicitor General's Office previously indicated that the criminal discovery documents would not be provided to MDEQ Employee Defendants' counsel due to the ongoing nature of the criminal investigation. (Dkt. No. 1079-1).

9

**C. Any document in the possession of the MDEQ Employee Defendants that they obtained through discovery in their criminal proceedings originated from and are in the possession of the Michigan Department of the Attorney General and production by the MDEQ Employee Defendants would be burdensome and duplicative.**

Throughout the criminal proceedings against the MDEQ Employee Defendants, the criminal division of the Attorney General produced certain documents, communications and transcripts of interviews to the MDEQ Employee Defendants' criminal counsel. Production of documents in the criminal proceedings were only made by the Attorney General, as the proceedings never progressed past the preliminary examination phase. No documents were produced by the MDEQ Employee Defendants to the Attorney General prosecutors. Therefore, any documents in the possession of the MDEQ Employee Defendants originated within the Attorney General's Office and can be produced by the criminal division of the Attorney General.

There are multiple significant reasons why any production that is ordered in response to Plaintiffs' Motion should come directly from the Attorney General and not from the MDEQ Employee Defendants, beyond the fact that only the Attorney General was issued the subpoena. First, if documents are produced by the Attorney General, production by the MDEQ Employee Defendants would result only in duplicative documents being provided. Plaintiffs already stated to this Court that many of the communications and documents sought through this Motion are

10

duplicative of documents already produced in this civil litigation and that there will be considerable expense incurred in determining which documents are unique and not previously produced. To have three additional productions from the MDEQ Employee Defendants of subsets of documents duplicative of the AG's production will only increase this expense and further delay the use of these documents by the parties involved. Requiring only the Attorney General to produce the documents will not create prejudice to Plaintiffs, as the Attorney General has the only full set of documents and transcripts obtained through its criminal investigation.

Additionally, any production of the requested documents from the MDEQ Employee Defendants would be extremely and unduly burdensome on them. Many of these reasons were set forth in the MDEQ Employee Defendants' protective order briefing (Dkt, 1079), which is incorporated herein in full. Additionally, the discovery productions made to the MDEQ Employee Defendants were made in several productions and it would be timely and costly for them and their criminal counsel (who are no longer formally retained) to review all productions to ensure full compliance. Further, the MDEQ Employee Defendants used the documents and other materials in preparation for their preliminary examinations and, presumably, the documents may have been altered with notations that constitute work product or privileged communications with their criminal counsel, which undersigned cannot waive. Therefore, it would be necessary to review each document. Such a burden

11

is unnecessary, as the Attorney General can produce a full set without such issues and is in a far better position to do so. Additionally, the MDEQ Employee Defendants believe that the Attorney General already produced to Plaintiffs a set of documents relied upon by the prosecution in their preliminary examinations (as well as transcripts of the preliminary examinations). As the MDEQ Employee Defendants were not provided with this production (despite requesting a copy from the Attorney General), they are unsure of what has already been produced.

Finally, and most importantly, if the documents are produced directly from the Attorney General, the MDEQ Employee Defendants will not inadvertently produce communications or documents that are confidential or otherwise protected, potentially exposing themselves to contempt or other sanctions. Because of statements made by the criminal division of the Attorney General, MDEQ Employee Defendants withheld production of any documents they received through the criminal proceedings. Until this past week, the Attorney General had stated that the Protective Orders in the criminal matters prohibiting the disclosure of discovery materials produced in the criminal proceedings were still in effect. Therefore, the MDEQ Employee Defendants believed they would be subject to contempt sanctions for any disclosure. Further, the Attorney General stated that all such materials were protected by statutory provisions covering criminal investigations. As the Attorney General has been inconsistent with respect to the ability of the MDEQ Employee

Defendants to produce documents provided to them in the criminal proceedings, the MDEQ Employee Defendants are rightfully hesitant to make any production. Production directly from the Attorney General will protect the MDEQ Employee Defendants from further proceedings for any improper disclosure.

Much of Plaintiffs' briefing is devoted to an analysis of the scope of the protections allowed under MCL 767A.8. To the extent the MDEQ Employee Defendants withheld documents from production, it was due to restrictions and confidentiality designations placed on those documents by the Attorney General of the documents from the criminal proceedings that were not otherwise made public. By seeking documents directly from the MDEQ Employee Defendants, Plaintiffs are requiring MDEQ Defendants to determine whether or not to waive confidentiality designations placed on documents by the Attorney General. Just as MDEQ Employee Defendants are not at liberty to disclose confidential documents produced by Plaintiffs now, or after this matter concludes, MDEQ Defendants' civil counsel are not at liberty to disclose documents their clients may have in their possession that were designated as confidential by the Attorney General. The MDEQ Employee Defendants do not object to the production of these document by the Attorney General, but object to Plaintiffs' improper attempt to seek these documents directly from them.

SHRR 4889122

## IV.  CONCLUSION

Based on the above, the MDEQ Employee Defendants respectfully request that this Court deny Plaintiffs' Motion to Compel with respect to Plaintiffs' request to compel production directly from the MDEQ Employee Defendants pursuant to a subpoena directed to the Attorney General and grant the MDEQ Employee Defendants all other relief to which they are entitled.

Dated May 13, 2020

/s/ Thaddeus E. Morgan (with permission)
**Thaddeus E. Morgan** (P47394)
**Fraser Trebilcock Davis & Dunlap PC**
Attorneys for Defendant Liane Shekter-Smith
124 W Allegan St Ste 1000
Lansing, MI 48933-1736
Phone: (517) 482-5800
tmorgan@fraserlawfirm.com

/s/ Philip A. Grashoff, Jr.
**Philip A. Grashoff, Jr.** (P14279)
**Smith Haughey Rice & Roegge**
Attorneys for Defendant Stephen Busch
100 Monroe Center, NW
Grand Rapids, MI 49503
Phone: (616) 774-8000
pgrashoff@shrr.com

/s/ Charles E. Barbieri (with permission)
**Charles E. Barbieri** (P31793)
**Foster Swift Collins & Smith PC**
Attorneys for Defendant Michael Prysby and Patrick Cook
313 S Washington Sq.
Lansing, MI 48933-2114
Phone: (517) 371-8155
cbarbieri@fosterswift.com

## CERTIFICATE OF SERVICE

Philip A. Grashoff, Jr. hereby certifies that on May 13, 2020, he filed the above-referenced document, and this Certificate of Service in accordance with the Court's Electronic Guidelines. Notice of Electronic Filing of these documents will be sent out to all parties by operation of the Court's electronic filing system. I declare under the penalty of perjury that the statement above is true to the best of my information, knowledge and belief.

Dated: May 13, 2020 /s/ Philip A. Grashoff, Jr.

SHRR 4889122
4889122v1