Exhibit A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re FLINT WATER CASES

HON. JUDITH E. LEVY
MAG. MONA K. MAJZOUB

Elnora Carthan, et al. v Governor
Rick Snyder, et al.

Civil Action No. 5:16-cv-10444-
JEL-MKM
(Consolidated)

_____/

## OBJECTIONS AND RESPONSES OF THE
## DEPARTMENT OF ATTORNEY GENERAL TO
## SUBPOENA FOR PRODUCTION OF DOCUMENTS

The Michigan Department of Attorney General (DAG) objects and

responds pursuant to Federal Rule of Civil Procedure 45 to the

subpoena for production of documents issued by various parties in *In re*

*Flint Water Cases*, Civil Action No. 5:16-cv-10444.

DAG objects to this subpoena to the extent that its issuance

violates the State of Michigan's sovereign immunity and the Eleventh

Amendment to the United States Constitution.  Nothing stated in this

document should be construed as a waiver of any immunities, and all

such immunities are specifically reserved and asserted.

A conflict wall has been established in DAG between those

employees that are conducting a criminal investigation into the circumstances giving rise to or arising out of the Flint Water Crisis and those employees that are representing the State of Michigan, its current and former state employees, and departments in civil litigation and investigations arising out of the Flint Water Crisis. The subpoena seeks documents from both the civil and criminal sides of the conflict wall. For purposes of these Objections and Responses, "DAG" shall refer generally the Department of Attorney General, "DAG (criminal)" shall refer to the criminal side of the conflict wall, and "DAG (civil)" shall refer to the civil side of the conflict wall. Objections are separately set forth below for DAG (criminal) and DAG (civil).

# DEFINITIONS

1.    DAG objects to the definition of "AAG Hammoud" to the extent it directly or indirectly implies that she is reporting to Deputy Attorney General Kelly Keenan with respect to the criminal investigation regarding the City of Flint drinking water issues.  Deputy Attorney General Keenan is not on the criminal side of the conflict wall, and therefore, Solicitor General Hammoud does not report to him regarding the criminal investigation.

2.    DAG objects to the definition of "MDEQ" because the Michigan Department of Environmental Quality is now known as the Michigan Department of the Environment, Great Lakes, and Energy.

3.    DAG objects to the definition of "Governor" as being arbitrary, legally incorrect, vague, ambiguous, and overbroad.

3

## REQUESTS

1.  All documents demonstrating or evidencing the factual support
    for Solicitor General Hammoud's statement to the press that the
    Department of Attorney General's "grave concern" about the
    investigation and pursuit of evidence by the Office of the Special
    Prosecutor was validated after a complete evaluation. *See, e.g.,*
    https://www.arabamericannews.com/2019/06/22/solicitor-
    general-fadwa-hammoud-to-meet-flint-residents-expand-
    investigation

**Response:**

**A.   DAG**

DAG objects to Request No. 1 as seeking documents in
violation of the State of Michigan's sovereign immunity and the
Eleventh Amendment to the United States Constitution.

**B.   DAG (criminal)**

Requesting parties have clarified that this Request only
applies to DAG (criminal).  DAG (criminal) objects to this Request
because any evaluation conducted or concerns expressed about
the work conducted by the Office of Special Counsel in a criminal

4

investigation is not relevant to any party's claim or defense in *In re Flint Water Cases*, Civil Action No. 5:16-cv-10444.

DAG (criminal) also objects that this Request seeks documents relating to an ongoing criminal investigation into the Flint Water Crisis, and therefore, may constitute an unlawful interference with or obstruction of that investigation in violation of the law-enforcement privilege. Public dissemination of investigatory leads will compromise the investigation by inducing those under investigation to conceal or destroy evidence that DAG (criminal) does not yet possess. The documents sought are also subject to the attorney-client privilege, constitute attorney work product, and are protected from disclosure by the deliberative process privilege. The documents sought may also be non-discoverable based upon Mich. Comp. Laws § 767A.8, which prohibits DAG (criminal) from disclosing certain information gathered pursuant to an investigative subpoena.

2. Each written, oral, electronic, or video statement made by any employee of the criminal side of the Department of Attorney General to a court, public official, or member of the print or

broadcast media regarding the facts and circumstances of the Department of Attorney General's compliance with its obligations regarding discovery in the criminal and civil actions arising out of the Flint Water Crisis.

**Response:**

**A.    DAG**

DAG objects to Request No. 2 as seeking documents in violation of the State of Michigan's sovereign immunity and the Eleventh Amendment to the United States Constitution.

**B.    DAG (criminal)**

Requesting parties have clarified that this Request only applies to DAG (criminal).  DAG (criminal) further objects to any request for information about compliance with discovery obligations in criminal actions as seeking information that is not relevant to any party's claim or defense in *In re Flint Water Cases*, Civil Action No. 5:16-cv-10444.

DAG (criminal) objects to "public official" as being vague and ambiguous because it could encompass other state or DAG employees, such as Solicitor General Hammoud.  Consequently,

6

DAG (criminal) further objects to the extent that this Request seeks statements made to "public officials" that are protected by the attorney-client privilege, that constitute attorney work product, or are protected from disclosure by the deliberative process privilege.

Subject to and without waiving any objections, DAG (criminal) will produce responsive, publicly available documents.

3.    All documents evidencing or supporting the factual averments made by AAG Hammoud, or her assistants on the criminal side of the Department, in briefs, filings, and oral arguments in criminal proceedings arising out of the Flint Water Crisis that state and federal employees (including employees of the Office of the Governor and the Department of Attorney General) suppressed, hid, or spoliated evidence.

**Response:**

**A.    DAG**

DAG objects to Request No. 3 as seeking documents in violation of the State of Michigan's sovereign immunity and the Eleventh Amendment to the United States Constitution.

7

## B.   DAG (criminal)

DAG (criminal) objects to this Request because it seeks materials that are not relevant to any party's claim or defense in *In re Flint Water Cases*, Civil Action No. 5:16-cv-10444.

DAG (criminal) also objects that this Request seeks documents relating to an ongoing criminal investigation into the Flint Water Crisis, and therefore, may constitute an unlawful interference with or obstruction of that investigation in violation of the law-enforcement privilege.  To the extent this Request seeks any materials that are not part of an unsealed court record, public dissemination of investigatory leads contained in these confidential materials will compromise the investigation by inducing those under investigation to conceal or destroy evidence that DAG (criminal) does not yet possess.  The documents sought are subject to the attorney-client privilege, constitute attorney work product, or are protected from disclosure by the deliberative process privilege.  The documents sought may also be non-discoverable based upon Mich. Comp. Laws § 767A.8.

Subject to and without waiving its objections, DAG

(criminal) will produce responsive, publicly-available court filings

from *People of the State of Michigan v. Nicholas Leonard Lyon*,

Case No. 18-43638 (7th Cir. Ct., Genesee Cty.).

4.   All documents constituting communications between and among

the Office of the Special Counsel, the U. S. Department of Justice,

opposing counsel in civil litigation, outside counsel representing

individual state officers and employees (not represented by the

Department of Attorney General) regarding the preservation,

collection, review, and production of documents and other data

associated with Flint Water, including which individuals to

search, and which sources of data to search (as referenced in AAG

Jamison's Affidavit in ¶'s 5, 15, 16, and 27).

**Response:**

**A.   DAG**

DAG objects to Request No. 4 as seeking documents in

violation of the State of Michigan's sovereign immunity and the

Eleventh Amendment to the United States Constitution.

**B.     DAG (criminal)**

DAG (criminal) objects because this Request seeks documents relating to an ongoing criminal investigation into the Flint Water Crisis, and therefore, may constitute an unlawful interference with or obstruction of that investigation in violation of the law-enforcement privilege because production at this juncture will facilitate the destruction of evidence.  Certain of the documents sought may also be non-discoverable based upon Mich. Comp. Laws § 767A.8.

DAG (criminal) further objects to any request for information regarding the preservation, collection, review, and production of documents in criminal actions as seeking information that is not relevant to any party's claim or defense in *In re Flint Water Cases*, Civil Action No. 5:16-cv-10444.

**C.     DAG (civil)**

DAG (civil) objects to the Request as being vague, ambiguous, and as seeking communications that may be subject to the common interest privilege, attorney-client privilege, or that constitute attorney work product.  Subject to and without waiving

10

any objections, DAG (civil) will produce privilege logs prepared in connection with documents produced relating to the Flint Water Crisis.

5.    All documents that demonstrate or evidence the preservation, collection, review, and production of documents and other data associated with the Flint Water Investigation (as referenced in AAG Jamison's Affidavit in ¶'s 5, 15, 16, and 27).

**Response:**

**A.    DAG**

DAG objects to Request No. 5 as seeking documents in violation of the State of Michigan's sovereign immunity and the Eleventh Amendment to the United States Constitution.

**B.    DAG (criminal)**

DAG (criminal) objects because this Request seeks documents relating to an ongoing criminal investigation into the Flint Water Crisis, and therefore, may constitute an unlawful interference with or obstruction of that investigation in violation of the law-enforcement privilege because production at this juncture will facilitate the destruction of evidence.  The

documents sought are subject to the attorney-client privilege,

constitute attorney work product, or are protected from disclosure

by the deliberative process privilege.  Certain of the documents

sought may also be non-discoverable based upon Mich. Comp.

Laws § 767A.8.

DAG (criminal) further objects to any request for

information regarding the preservation, collection, review, and

production of documents associated with a criminal investigation

as seeking information that is not relevant to any party's claim or

defense in *In re Flint Water Cases*, Civil Action No. 5:16-cv-10444.

C.    **DAG (civil)**

DAG (civil) objects because the documents sought are

subject to the attorney-client privilege, constitute attorney work

product, are subject to a common interest privilege, or are

protected from disclosure by the deliberative process privilege.

Subject to and without waiving any objections, DAG (civil) will

produce privilege logs produced relating to the Flint Water Crisis

and the attachments to the May 1, 2019 affidavit of AAG

Jamison.

6.      All hard drives and back-up copies of forensic images of

computers and phone extractions of MDEQ staff (as referenced in

AAG Jamison's Affidavit in ¶ 29) pertaining or relating to the

facts and circumstances of the Flint Water Crisis.  To the extent

that responsive documents were produced in discovery in the

Flint Water Cases, the Department of Attorney General may

provide the corresponding Bates numbers in lieu of reproducing

those documents.

**Response:**

**A.     DAG**

DAG objects to Request No. 6 as seeking documents in

violation of the State of Michigan's sovereign immunity and the

Eleventh Amendment to the United States Constitution.  This

Request is duplicative of Requests 11 and 14, and therefore, all

responses and objections made by DAG (criminal) and DAG (civil)

to those Requests are incorporated herein.

7.      The documents obtained (or taken) from Stephen Busch and

Michael Prysby or from their offices (as referenced in AAG

Jamison's Affidavit in ¶ 30).  To the extent that responsive

documents were produced in discovery in the Flint Water Cases,

the Department of Attorney General may provide the

corresponding Bates numbers in lieu of reproducing those

documents.

**Response:**

**A.    DAG**

DAG objects to Request No. 7 as seeking documents in

violation of the State of Michigan's sovereign immunity and the

Eleventh Amendment to the United States Constitution.

**B.    DAG (criminal)**

DAG (criminal) has taken possession of those files pursuant

to a lawfully executed search warrant as part of its criminal

investigation into the Flint Water Crisis.  DAG (criminal) objects

because this Request seeks documents relating to an ongoing

criminal investigation into the Flint Water Crisis, and therefore,

may constitute an unlawful interference with or obstruction of

that investigation in violation of the law-enforcement privilege

because production at this juncture will facilitate the destruction

of evidence.  The documents collected by DAG (criminal) as part of

14

that confidential investigation may constitute attorney work product or be protected from disclosure by the deliberative process privilege.  Certain of the documents sought may also be non-discoverable based upon Mich. Comp. Laws § 767A.8.

## C.   DAG (civil)

DAG (civil) does not have possession, custody or control of the requested documents.  DAG (civil) previously reviewed and produced documents relating to the Flint Water Crisis from these files.  As set forth in Paragraphs 30–42 of the affidavit of AAG Jamison, most documents in these files were unrelated to the Flint Water Crisis.  Any related documents are believed to have been produced.  As such, this request is overbroad, unduly burdensome, and seeks information that is not relevant to any party's claim or defense in *In re Flint Water Cases*, Civil Action No. 5:16-cv-10444.  DAG (civil) also objects to the request that it identify Bates numbers of previously produced documents from these devices as seeking a response not permitted under FRCP 45.  Moreover, that information should already be available to the

15

requesting parties from the metadata previously produced with MDEQ documents.

8.   All documents, materials, and physical evidence taken or collected by Mr. Seipenko from the boxes referenced in AAG Jamison's Affidavit in ¶ 31.

**Response:**

**A.   DAG**

See Response to Request No. 7.

**B.   DAG (criminal)**

Concerning physical evidence not covered in that Response, DAG (criminal) objects on the basis that the request violates the law-enforcement privilege because the transfer of physical evidence— which cannot be in two places at once—will destroy the chain of custody, potentially rendering this evidence useless in a future prosecution.

**A.   DAG (civil)**

*See* Response to Request No. 7.

9.   The two-inch stack of papers (referenced in AAG Jamison's Affidavit in ¶ 33).  To the extent that responsive documents were

produced in discovery in the Flint Water Cases, the Department
of Attorney General may provide the corresponding Bates
numbers in lieu of reproducing those documents.

**Response:** *See* Response to Request No. 7. As stated in
Paragraphs 32–33 of AAG Jamison's Affidavit, DAG (civil)
believes those documents were previously produced.

10. The 491 hard copy documents, including hand-written notes, and
electronic documents with hand-written marginal notes (as
referenced in AAG Jamison's Affidavit in ¶ 35). To the extent that
responsive documents were produced in discovery in the Flint
Water Cases, the Department of Attorney General may provide
the corresponding Bates numbers in lieu of reproducing those
documents.

**Response:** *See* Responses to Requests No. 7 and 8. As stated in
Paragraph 35 of AAG Jamison's Affidavit, DAG (civil) states those
documents have been produced.

11. The mobile devices belonging or assigned to Joseph Haas (Case
No. 1703-022; iPhone IMEI 354455067515369) and Carrie
Monosmith (Case No. 1701-0048; iPhone IMEI

17

3520130711225006) (as referenced in AAG Jamison's Affidavit in
¶'s 39 and 40) pertaining or relating to the facts and
circumstances of the Flint Water Crisis.

**Response:** *See* Responses to Requests No. 7 and 8. As stated in
Paragraph 40 of AAG Jamison's Affidavit, DAG (civil) states
because those devices are encrypted, text messages could not be
obtained from those cell phones.

12. All documents demonstrating or evidencing the efforts to obtain
the encryption codes for the Haas and Monosmith iPhones (as
referenced in AAG Jamison's Affidavit in ¶'s 39 and 40).

**Response:**

**A. DAG**

DAG objects to Request No. 12 as seeking documents in
violation of the State of Michigan's sovereign immunity and the
Eleventh Amendment to the United States Constitution.

**B. DAG (criminal)**

DAG (criminal) has taken possession of those files pursuant
to a lawfully executed search warrant as part of its criminal
investigation into the Flint Water Crisis. DAG (criminal) objects

because this Request seeks documents relating to an ongoing

criminal investigation into the Flint Water Crisis, and therefore,

may constitute an unlawful interference with or obstruction of

that investigation in violation of the law-enforcement privilege

because production at this juncture will facilitate the destruction

of evidence or the concealment of evidence by reference to DAG

(criminal)'s successful or unsuccessful efforts to decrypt devices.

The documents created by DAG (criminal) as part of that

confidential investigation may constitute attorney work product

or be protected from disclosure by the deliberative process

privilege.  Certain of the documents sought may also be non-

discoverable based upon Mich. Comp. Laws § 767A.8.

## C.   DAG (civil)

DAG (civil) objects because the documents sought are

subject to the attorney-client privilege, constitute attorney work

product, are subject to a common interest privilege, or are

protected from disclosure by the deliberative process privilege.

13.   All documents demonstrating or evidencing "phones/wiped" (as

referenced in AAG Jamison's Affidavit in ¶ 41).

**Response:** *See* Response to Request No. 12.

14. All data and images on the hard drives from MDEQ staff, including Steven Busch, Michael Prysby, Liane Shekter-Smith, among others (as referenced in AAG Jamison's Affidavit in ¶ 42) responsive to the original subpoenas but not turned over. To the extent that responsive documents were produced in discovery in the Flint Water Cases, the Department of Attorney General may provide the corresponding Bates numbers in lieu of reproducing those documents.

**Response:**

**A.   DAG**

DAG objects to Request No. 14 as seeking documents in violation of the State of Michigan's sovereign immunity and the Eleventh Amendment to the United States Constitution.

**B.   DAG (criminal)**

DAG (criminal) has taken possession of those hard drives pursuant to a lawfully executed search warrant as part of its criminal investigation into the Flint Water Crisis.  DAG (criminal) objects because this Request seeks documents relating

20

to an ongoing criminal investigation into the Flint Water Crisis, and therefore, may constitute an unlawful interference with or obstruction of that investigation in violation of the law-enforcement privilege because production at this juncture will facilitate the destruction or concealment of evidence.  The documents collected by DAG (criminal) as part of that confidential investigation may constitute attorney work product or be protected from disclosure by the deliberative process privilege. Certain of the documents sought may also be non-discoverable based upon Mich. Comp. Laws § 767A.8.

DAG (criminal) further objects to any request for information regarding what documents were produced or not produced in response to a subpoena issued in a criminal action as not being relevant to any party's claim or defense in *In re Flint Water Cases*, Civil Action No. 5:16-cv-10444.

## C.   DAG (civil)

DAG (civil) no longer has possession, custody or control of the hard drives.  Nevertheless, DAG (civil) objects because the documents on those devices sought may be subject to the

attorney-client privilege, constitute attorney work product, or are protected from disclosure by the deliberative process privilege. Subject to and without waiving any objections, DAG (civil) has previously reviewed and produced responsive documents from the devices for Busch, Prysby, and Shekter-Smith. DAG also objects to the request that it identify Bates numbers for previously produced documents from these devices as seeking a response not permitted under FRCP 45. Moreover, that information should already be available to the requesting parties from the metadata previously produced with MDEQ documents.

15. All documents sought by the Office of Special Counsel that were responsive to the original subpoenas but not turned over (as referenced in AAG Jamison's Affidavit in ¶ 43 and public statements by Solicitor General Hammoud).

**Response:**

**A.   DAG**

DAG objects to Request No. 15 as seeking documents in violation of the State of Michigan's sovereign immunity and the Eleventh Amendment to the United States Constitution.

22

**B.    DAG (criminal)**

DAG (criminal) objects to the extent this Request seeks documents relating to an ongoing criminal investigation into the Flint Water Crisis, and therefore, may constitute an unlawful interference with or obstruction of that investigation in violation of the law-enforcement privilege because production at this juncture will facilitate the destruction or concealment of evidence and reveal other matters of prosecutorial strategy.  The documents collected by DAG (criminal) as part of that confidential investigation may constitute attorney work product or be protected from disclosure by the deliberative process privilege. Certain of the documents sought may also be non-discoverable based upon Mich. Comp. Laws § 767A.8.

DAG (criminal) further objects to any request for information regarding what documents were produced or not produced in response to a subpoena issued in a criminal actions as not being relevant to any party's claim or defense in *In re Flint Water Cases*, Civil Action No. 5:16-cv-10444.

23

## C.   DAG (civil)

Subject to and without waiving any objections, as stated in Paragraph 43 of AAG Jamison's Affidavit, DAG (civil), is unaware of any responsive documents that were not produced.

16.   All documents that demonstrate or evidence the complete explanation of the entire document identification, review, and production process (as referenced in AAG Jamison's Affidavit in ¶ 17, including footnote 1)

**Response:**

## A.   DAG

DAG objects to Request No. 16 as seeking documents in violation of the State of Michigan's sovereign immunity and the Eleventh Amendment to the United States Constitution.

## B.   DAG (criminal)

DAG (criminal) objects because this Request seeks documents relating to an ongoing criminal investigation into the Flint Water Crisis, and therefore, may constitute an unlawful interference with or obstruction of that investigation in violation of the law-enforcement privilege because production at this

juncture will facilitate the destruction or concealment of evidence. The process undertaken by DAG (criminal) as part of that confidential investigation may constitute attorney work product or be protected from disclosure by the deliberative process privilege.

DAG (criminal) further objects to any request for information regarding what process was undertaken to respond to a subpoena issued in a criminal action as not being relevant to any party's claim or defense in *In re Flint Water Cases*, Civil Action No. 5:16-cv-10444.

**C.   DAG (civil)**

DAG (civil) objects because the documents sought are subject to the attorney-client privilege, constitute attorney work product, or are protected from disclosure by the deliberative process privilege.

17. All documents that constitute the complete explanation of the entire document identification, review, and production process as discussed on the hundreds or thousands of emails and phone calls

(as referenced in AAG Jamison's Affidavit in ¶ 17, including
footnote 1).

**Response:** *See* Response to Request No. 16.

**A.  DAG (civil)**

Subject to and without waiving its objections, DAG (civil) refers
the requesting parties to the attachments to the May 1, 2019
affidavit of AAG Jamison.

18. All data, messages, or extraction from the 17 mobile devices and
Governor Rick Snyder's mobile device (as referenced in AAG
Jamison's Affidavit in ¶ 21) relating or pertaining to the facts and
circumstances of the Flint Water Crisis.  To the extent that
responsive documents were produced in discovery in the Flint
Water Cases, the Department of Attorney General may provide
the corresponding Bates numbers in lieu of reproducing those
documents.

**Response:**

**A.  DAG**

DAG objects to Request No. 18 as seeking documents in
violation of the State of Michigan's sovereign immunity and the

Eleventh Amendment to the United States Constitution.

## B.   DAG (criminal)

DAG (criminal) objects because this Request seeks documents relating to an ongoing criminal investigation into the Flint Water Crisis, and therefore, to the extent these materials were not already produced, they may constitute an unlawful interference with or obstruction of that investigation in violation of the law-enforcement privilege because production at this juncture will facilitate the destruction or concealment of evidence. The documents collected by DAG (criminal) as part of that confidential investigation may constitute attorney work product or be protected from disclosure by the deliberative process privilege.  Certain of the documents sought may also be non-discoverable based upon Mich. Comp. Laws § 767A.8.

DAG (criminal) further objects to any request for information collected as part of a criminal investigation as not being relevant to any party's claim or defense in *In re Flint Water Cases*, Civil Action No. 5:16-cv-10444.

27

## C.    DAG (civil)

Subject to and without waiving its objections, DAG (civil) responds that, as stated in Paragraph 21 of AAG Jamison's Affidavit, responsive information from the 17 devices and former Governor Snyder's mobile devices has already been produced. As a result, this Request is duplicative and unduly burdensome. DAG also objects to the request that it identify Bates numbers of previously produced documents from these devices as seeking a response not permitted under FRCP 45.  Moreover, that information should already be available to the requesting parties from the metadata previously produced with MDEQ documents.

19.    The computers and devices seized by the Office of the Special Counsel and all inventories of documents and images contained therein (as referenced in AAG Jamison's Affidavit in ¶ 23) pertaining or relating to the facts and circumstances of the Flint Water Crisis.

**Response:**

## A.   DAG

DAG objects to Request No. 19 as seeking documents in violation of the State of Michigan's sovereign immunity and the Eleventh Amendment to the United States Constitution.

## B.   DAG (criminal)

DAG (criminal) objects because this overbroad Request seeks documents relating to an ongoing criminal investigation into the Flint Water Crisis, and therefore, may constitute an unlawful interference with or obstruction of that investigation in violation of the law-enforcement privilege because production at this juncture will facilitate the destruction of evidence. Furthermore, the transfer of physical devices—which cannot be in two places at once—will destroy the chain of custody, potentially rendering this evidence useless in a future prosecution. The documents collected by DAG (criminal) as part of that confidential investigation may constitute attorney work product or be protected from disclosure by the deliberative process privilege. Certain of the documents sought may also be non-discoverable based upon Mich. Comp. Laws § 767A.8.

DAG (criminal) further objects to any request seeking computers and devices seized by the Office of Special Counsel as part of its criminal investigation as not being relevant to any party's claim or defense in *In re Flint Water Cases*, Civil Action No. 5:16-cv-10444.

**C.  DAG (civil)**

DAG (civil) does not have possession, custody or control of the computers and drives.

20.  All documents including organizational charts constituting reporting authorities and hierarchies of the Department of Attorney General from 2004 to the present, including the structure of DAG and the Environment, Natural Resources, and Agricultural Division (or its predecessors).

**Response:**

**A.  DAG**

DAG objects to Request No. 20 as seeking documents in violation of the State of Michigan's sovereign immunity and the Eleventh Amendment to the United States Constitution.

30

**B.    DAG (criminal)**

DAG (criminal) further objects that the phrase "reporting authorities and hierarchies" is vague and ambiguous, the time period is overbroad, and documents regarding its organization are not relevant to any party's claim or defense in *In re Flint Water Cases*, Civil Action No. 5:16-cv-10444.

**C.    DAG (civil)**

Subject to and without waiving its objections, DAG (civil) will produce responsive charts reflecting DAG's structure and that of the Environment, Natural Resources, and Agricultural Division (or its predecessors).

21.    All communications between Special Assistant Attorney General Todd Flood and any attorney representing the individual state and city employees charged with crimes in conjunction with their acts and omissions related to the Flint Water Crisis, including document review protocols, document reviews, clams of privilege, and potential or executed agreements on resolution of criminal claims through entry of change of pleas (or equivalent) or cooperation in other prosecutions.

31

**Response:**

**A.   DAG**

DAG objects to Request No. 21 as seeking documents in violation of the State of Michigan's sovereign immunity and the Eleventh Amendment to the United States Constitution.

**B.   DAG (criminal)**

DAG (criminal) objects that any communications between the Office of Special Counsel and counsel for defendants charged with crimes are not relevant to any party's claim or defense in *In re Flint Water Cases*, Civil Action No. 5:16-cv-10444. To the extent that any communications may be construed as relevant, the burden of producing the requested documents outweighs any limited relevance of those documents.

DAG (criminal) further objects because this Request seeks documents relating to an ongoing criminal investigation into the Flint Water Crisis, and therefore, may constitute an unlawful interference with or obstruction of that investigation in violation of the law-enforcement privilege. Communications between SAAG Flood and suspects in the Flint Water Crisis might include

investigative leads that, if circulated to third parties, could

facilitate the destruction of evidence or hinder DAG (criminal)'s

efforts to obtain cooperation from other suspects or non-suspect

persons of interest going forward.  The documents collected by

DAG (criminal) as part of that confidential investigation may

constitute attorney work product or be protected from disclosure

by the deliberative process privilege.  Certain of the documents

sought may also be non-discoverable based upon Mich. Comp.

Laws § 767A.8.

### C.    DAG (civil)

DAG (civil) has no responsive documents.

22.   All inventories of documents gathered from state and city entities,

offices, or employees in conjunction with discovery and production

of documents and other evidence in criminal cases or potential

criminal cases against state and city employees.

**Response:**

### A.    DAG

DAG objects to Request No. 22 as seeking documents in

violation of the State of Michigan's sovereign immunity and the

Eleventh Amendment to the United States Constitution.

## B.   DAG (criminal)

DAG (criminal) objects because this Request seeks documents relating to an ongoing criminal investigation into the Flint Water Crisis, and therefore, may constitute an unlawful interference with or obstruction of that investigation in violation of the law-enforcement privilege because it could reveal the strategies underlying the prosecutions and facilitate destruction or concealment of undiscovered evidence.  The inventories prepared by DAG (criminal) as part of that confidential investigation constitute attorney work product or be protected from disclosure by the deliberative process privilege.  Certain of the documents sought may also be non-discoverable based upon Mich. Comp. Laws § 767A.8.

DAG (criminal) further objects that inventories of documents and other evidence gathered as part of its criminal investigation are not relevant to any party's claim or defense in *In re Flint Water Cases*, Civil Action No. 5:16-cv-10444.

34

### C.    DAG (civil)

DAG (civil) objects because the documents sought are subject to the attorney-client privilege, constitute attorney work product, the common interest privilege, or are protected from disclosure by the deliberative process privilege.  Subject to and without waiving any objections, DAG (civil) will produce privilege logs produced relating to the Flint Water Crisis.

23.   All inventories of documents actually produced by or on behalf of Special Prosecutor Flood in conjunction with discovery and production of documents and other evidence in criminal cases against state and city employees.

**Response:**

### A.    DAG

DAG objects to Request No. 23 as seeking documents in violation of the State of Michigan's sovereign immunity and the Eleventh Amendment to the United States Constitution.

### B.    DAG (criminal)

DAG (criminal) objects because this Request seeks documents relating to an ongoing criminal investigation into the

Flint Water Crisis, and therefore, may constitute an unlawful interference with or obstruction of that investigation in violation of the law-enforcement privilege because a holistic disclosure of productions made in the various criminal prosecutions might reveal the prosecution's strategy such that it hinders the investigation going forward. The inventories prepared by DAG (criminal) as part of that confidential investigation constitute attorney work product or are protected from disclosure by the deliberative process privilege.

DAG (criminal) further objects that inventories of documents and other evidence produced as part of its criminal cases are not relevant to any party's claim or defense in *In re Flint Water Cases*, Civil Action No. 5:16-cv-10444.

## C.   DAG (civil)

DAG (civil) does not have possession, custody or control of responsive documents.

24. All inventories of documents gathered by the Department of Attorney General after discharging Special Prosecutor Flood from state and city entities, offices, or employees in conjunction with

36

discovery and production of documents and other evidence in criminal cases against state and city employees.

**Response:**  *See* Responses to Requests No. 22 and 23.

25.   All inventories of documents gathered and actually produced by the Department of Attorney General after discharging Special Prosecutor Flood from state and city entities, offices, or employees in conjunction with discovery and production of documents and other evidence in criminal cases against state and city employees.

**Response:**  *See* Responses to Requests No. 22 and 23.

26.   All physical evidence, including cell phones and other recording devices, gathered by the Department of Attorney General after discharging Special Prosecutor Flood from state and city entities, offices, or employees in conjunction with discovery and production of documents and other evidence in criminal cases against state and city employees.

**Response:**

**A.   DAG**

DAG objects to Request No. 26 as seeking documents in violation of the State of Michigan's sovereign immunity and the

Eleventh Amendment to the United States Constitution.

## B.    DAG (criminal)

DAG (criminal) objects because this Request seeks documents relating to an ongoing criminal investigation into the Flint Water Crisis, and therefore, may constitute an unlawful interference with or obstruction of that investigation in violation of the law-enforcement privilege. Dissemination of investigatory materials will permit inferences about the prosecution's strategy and also compromises the investigation by inducing those under investigation to conceal or destroy evidence that DAG (criminal) does not yet possess. Furthermore, the transfer of physical evidence—which cannot be in two places at once—will destroy the chain of custody, potentially rendering this evidence useless in a future prosecution. The evidence gathered by DAG (criminal) as part of that confidential investigation constitute attorney work product or are protected from disclosure by the deliberative process privilege. The documents sought may also be non-discoverable based upon Mich. Comp. Laws § 767A.8.

DAG (criminal) further objects that evidence gathered as part of its criminal investigation is not relevant to any party's claim or defense in *In re Flint Water Cases*, Civil Action No. 5:16-cv-10444.

**C.  DAG (civil)**

DAG (civil) does not have possession, custody or control of the responsive documents.

27. All data, images, and recordings derived or downloaded from physical evidence, including cell phones and other recording devices, gathered by the Department of Attorney General after discharging Special Prosecutor Flood from state and city entities, offices, or employees in conjunction with discovery and production of documents and other evidence in criminal cases against state and city employees.

   **Response:** *See* Response to Request No. 26.

28. All affidavits and written (or audio recorded) statements made by (or taken from) employees of the criminal side of the Department of Attorney General setting forth the facts and circumstances of the Department of Attorney General's compliance with its

39

obligations regarding discovery in the criminal and civil actions arising out of the Flint Water Crisis.

**Response:** *See* Response to Request No. 3.

29. All manuals, tutorials, CLE handouts and program materials, and instructions (of any type) published by the Department of Attorney General establishing the rules and practices for compliance with its obligations regarding discovery in criminal and civil actions to which it represents the State of Michigan or any of its officials.

**Response:**

**A.   DAG**

DAG objects to Request No. 29 as seeking documents in violation of the State of Michigan's sovereign immunity and the Eleventh Amendment to the United States Constitution.

**B.   DAG (criminal)**

DAG (criminal) objects that its practices or procedures in criminal and civil actions are not relevant to any party's claim or defense in *In re Flint Water Cases*, Civil Action No. 5:16-cv-10444.

### C.   DAG (civil)

Subject to and without waiving any objections, DAG (civil) will produce publicly available responsive documents, if any exist.

30.   The retention agreement and all communications with the Varnum law firm regarding its representation of MDHHS (as referenced in AAG Jamison's Affidavit in ¶ 9).

**Response:**

### A.   DAG

DAG objects to Request No. 30 as seeking documents in violation of the State of Michigan's sovereign immunity and the Eleventh Amendment to the United States Constitution.

### B.   DAG (criminal)

Requesting parties have represented that this Request only applies to DAG (criminal).  Subject to and without waiving its objections, DAG (criminal) does not have a copy of the requested retention agreement.  In any event, DAG (criminal) objects because this Request seeks documents relating to an ongoing criminal investigation into the Flint Water Crisis, and therefore, may constitute an unlawful interference with or obstruction of

41

that investigation in violation of the law-enforcement privilege. The documents sought may also be non-discoverable based upon Mich. Comp. Laws § 767A.8.

DAG (criminal) further objects to any request for information regarding communications that are part of its criminal investigation are not relevant to any party's claim or defense in *In re Flint Water Cases*, Civil Action No. 5:16-cv-10444.

31. The retention agreement and all communications with the Dykema law firm regarding its representation of MDEQ (as referenced in AAG Jamison's Affidavit in ¶ 10).

**Response:** *See* Response to Request No. 30.

32. The retention agreement and all communications with the Warner Norcross and Judd law firm regarding its representation of the Office of the Governor and/or its employees including Governor Rick Snyder (as referenced in AAG Jamison's Affidavit in ¶ 11).

**Response:** *See* Response to Request No. 30.

33. The retention agreements and all communications with the criminal defense law firms regarding its representation of state

officers and employees (as referenced in AAG Jamison's Affidavit in ¶ 12).

**Response:** *See* Response to Request No. 30.

34. All documents marked as exhibits in criminal preliminary examination hearings or as investigative reports, affidavits or attachments to filings that were filed in court in any of the Attorney General's criminal proceedings on behalf of the People of the State of Michigan that concern Flint Water, including the following judicial proceedings:

   a.   People of the State of Michigan v Stephen Benjamin Busch;

   b.   People of the State of Michigan v. Michael Prysby;

   c.   People of the State of Michigan v. Liane Shekter-Smith;

   d.   People of the State of Michigan v. Patrick Cook;

   e.   People of the State of Michigan v. Nancy Ann Peeler;

   f.   People of the State of Michigan v. Robert Lawrence Scott;

   g.   People of the State of Michigan v. Nicolas Lyon;

   h.   People of the State of Michigan v. Michael Glasgow;

   i.   People of the State of Michigan v. Darnell Early;

   j.   People of the State of Michigan v. Gerald Ambrose;

43

k.    People of the State of Michigan v. Howard Croft;

l.    People of the State of Michigan v. Daugherty Johnson;

m.   People of the State of Michigan v. Eden Wells;

n.    People of the State of Michigan v. Adeam Rosenthal; and

o.    People of the State of Michigan v. Corinne Miller.

**Response:**

**A.    DAG**

DAG objects to Request No. 34 as seeking documents in violation of the State of Michigan's sovereign immunity and the Eleventh Amendment to the United States Constitution.

**B.    DAG (criminal)**

DAG (criminal) states that protective orders have been entered in the preliminary examinations for Busch, Prysby, and Shekter-Smith that prevent it from producing the requested exhibits, and therefore, it also objects based upon those orders. VNA has already admitted it has copies of the exhibits from the Wells preliminary examination, and therefore, DAG (criminal) objects based upon undue burden to producing those documents.

44

Subject to and without waiving any objections, DAG

(criminal) responds that no preliminary examinations were held

for Miller, Rosenthal, Ambrose, Johnson, and Glasgow, and

therefore, no exhibits exist for those individuals.  DAG (criminal)

will produce responsive, publicly-available exhibits and filings

from other preliminary examinations.

Respectfully submitted,

Fadwa Hammoud (P74185)
Solicitor General
Attorney for Department of
Attorney General
P.O. Box 30212
Lansing, MI 48909
(517) 335-7622
hammoudf1@michigan.gov

Sunita Doddamani (P67459)
Assistant Attorney General
Attorney for Department of
Attorney General
3030 W. Grand Blvd.
Suite 10-600
Detroit, MI 48202
(313) 456-0180
doddamanis@michigan.gov

Daniel Ping (P81482)
Assistant Attorney General
Attorney for Department of
Attorney General

Richard S. Kuhl (P42042)
Margaret A. Bettenhausen (P75046)
Nathan A. Gambill (P75506)
Zachary C. Larsen (P72189)
Assistant Attorneys General
Environment, Natural Resources,
and Agriculture Division
Attorneys for State Defendants
P.O. Box 30755
Lansing, MI 48909
(517) 335-7664
kuhlr@michigan.gov
bettenhausenm@michigan.gov
gambilln@michigan.gov
larsenz@michigan.gov

525 W. Ottawa Street
P.O. Box 30217
Lansing, MI 48909
(517) 335-7650
pingd@michigan.gov

Dated:  August 8, 2019

## CERTIFICATE OF SERVICE

I hereby certify that on August 8, 2019, I caused the within

discovery Responses/Objections to be served via electronic mail to all

counsel of record for all parties listed on the Court's ECF filing system.

Respectfully submitted,

*Fadwa Hammoud /ISVc*
Fadwa Hammoud (P74185)
Solicitor General
Attorney for Department of
Attorney General
P.O. Box 30212
Lansing, MI 48909
(517) 335-7622
hammoudf1@michigan.gov

Sunita Doddamani (P67459)
Assistant Attorney General
Attorney for Department of
Attorney General
3030 W. Grand Blvd.
Suite 10-600
Detroit, MI 48202
(313) 456-0180
doddamanis@michigan.gov

Daniel Ping (P81482)
Assistant Attorney General
Attorney for Department of
Attorney General
525 W. Ottawa Street
P.O. Box 30217
Lansing, MI 48909
(517) 335-7650
pingd@michigan.gov

Richard S. Kuhl (P42042)
Margaret A. Bettenhausen
(P75046)
Nathan A. Gambill (P75506)
Zachary C. Larsen (P72189)
Assistant Attorneys General
Environment, Natural Resources,
and Agriculture Division
Attorneys for State Defendants
P.O. Box 30755
Lansing, MI 48909
(517) 335-7664
kuhlr@michigan.gov
bettenhausenm@michigan.gov
gambilln@michigan.gov
larsenz@michigan.gov

S:\CEPB3\ENRA_FlintWater\USDC-Waid (AG# 2016-0131314-A)\Discovery\VNA Subpoena Objections and Responses
2019-05-28\Obj & Resp to VNA Subpoena to DAG 2019-08-08.docx

47