Exhibit B

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

*In re Flint Water Cases*

No. 5:16-cv-10444-JEL-MKM
(Consolidated)

HON. JUDITH E. LEVY

_____

Renner Walker
Attorney for Individual Plaintiffs
800 Third Street, 11 Floor
New York, New York 10022
(212) 605-6200

Paul F. Novak (P39524)
Attorney for Putative Class Plaintiffs
3011 W. Grand Blvd., Suite 2150
Detroit, Michigan 48202
(3130 800-4170

Fadwa A. Hammoud (P74185)
Solicitor General
Attorney for the People
Michigan Department of Attorney General
3030 W. Grand Blvd., Suite 10-200
Detroit, Michigan 48202
(313) 456-3870

_____

**DECLARATION OF FADWA HAMMOUD**

I, Fadwa Hammoud, being sworn, states as follows:

1. I am the Solicitor General for the State of Michigan, and I am the head of the Michigan Department of Attorney General's criminal investigation into the Flint Water Crisis, working alongside Wayne County Prosecutor Kym Worthy.

2. If called as a witness, I can testify competently to the facts within this affidavit.

3. Our criminal investigation into the Flint Water Crisis is active. We are diligently reviewing documents we already possess, subpoenaing new documents, conducting witness interviews, and using all other investigative tools at our disposal.

4. We are pursuing multiple theories of liability that are not barred by any statute of limitations.

5. In the course of our investigation, we have given assurances of confidentiality to certain interviewees in connection with their testimony.

6. In my experience as a career prosecutor, my ability to honor the understanding of confidentiality between myself and our interviewees is absolutely essential to the success of my investigations. This truth is only more acute in the context of the investigations into the Flint Water Crisis, in part due to the public attention that these matters receive, as well as the stigma that attaches to those perceived to have been involved.

7. The information that is the subject of the plaintiff's motion to compel includes information pertaining to our team's law enforcement techniques and procedures, information that would undermine the confidentiality of our sources, information that could endanger the privacy of witnesses and other individuals involved in our investigation, and information that, if it became public, would doubtless interfere with our investigation.

8.  Our investigative resources—with respect to time, manpower, and any other resource of which one can conceive—are at their absolute outer limit.

9.  We do not possess anything resembling the "inventories" of documents referenced in the plaintiffs' subpoena.  Due to the form in which the information has been received, creation of an accurate "inventory" is not realistically possible without first reading each document.  Upon information and belief, our investigation possesses millions of documents comprising terabytes of data.

10.  If the People are ordered to comply with the plaintiffs' enormous discovery demands, it will have a crippling effect on the investigation.  Although we are investigating crimes for which the limitations periods have not yet run, the deadlines are approaching.  Compliance with the subpoena and/or motion to compel would divert resources dedicated to the investigation, halt our progress, and risk the lapsing of limitations periods.

*Fadwa Hammoud*
Fadwa Hammoud
Solicitor General
for the State of Michigan

SG Flint/2020.05.14 Declaration (FH)