UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| *In re Flint Water Cases* | NO. 5:16-cv-10444 |
| | Honorable Judith E. Levy |

## CO-LIAISON COUNSEL FOR INDIVIDUAL PLAINTIFFS' MOTION TO AMEND THE THIRD AMENDED CASE MANAGEMENT ORDER

Pursuant to Federal Rule of Civil Procedure 16(b)(4), and for the reasons set forth in the attached Memorandum of Law, Co-Liaison Counsel for the Individual Plaintiffs respectfully move the Court to amend the Third Amended Case Management Order (Doc. No. 1131) by extending all remaining dates for the First Bellwether Group—including dates for discovery, dispositive motions, and trial— by six weeks.[1]

Dated: May 18, 2020

Respectfully submitted,

| | |
|---|---|
| /s/ Corey M. Stern | /s/ Hunter J. Shkolnik |
| Corey M. Stern | Hunter J. Shkolnik |
| Renner K. Walker | Patrick J. Lanciotti |
| LEVY KONIGSBERG LLP | NAPOLI SHKOLNIK PLLC |
| 800 Third Ave., 11th Fl. | 360 Lexington Ave., 11th Fl. |
| New York, NY 10022 | New York, NY 10017 |
| Tel.: (212) 605-6200 | Tel.: (212) 397-1000 |
| Cstern@levylaw.com | Hunter@napolilaw.com |
| Rwalker@levylaw.com | Planciotti@napolilaw.com |

---

[1] *See* Table of Current and Proposed First Bellwether Group Dates, annexed hereto as **Exhibit A**.

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

*In re Flint Water Cases*                NO. 5:16-cv-10444
                                                                 Honorable Judith E. Levy

_____

**CO-LIAISON COUNSEL FOR INDIVIDUAL PLAINTIFFS'**
**MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO**
**AMEND THE THIRD AMENDED CASE MANAGEMENT ORDER**

Since the Court entered the first CMO, the Individual Plaintiffs and other parties have strove to comply with its time periods. Indeed, Co-Liaison Counsel for the Individual Plaintiffs has previously stressed the importance of maintaining the current bellwether trial schedule. To this end, the Individual Plaintiffs produced plaintiff fact sheets, diligently exchanged and answered written discovery, and were in the process of completing depositions of the First Bellwether Group right up until the unprecedented COVID-19 crisis began.

In recent months, however, COVID-19 has made compliance with the CMO's dictates significantly more difficult. Travel restrictions, and a justifiable abundance of caution, have made face-to-face meetings, which are crucial for the process that underlies the preparation of expert reports, impossible. Then, while the Individual Plaintiffs were trying alternative arrangements, one of the Individual Plaintiffs' experts suffered a loss in his family due to COVID-19.

On May 15, 2020, several parties held a telephonic meet and confer to discuss impending discovery deadlines and possible solutions. Renner Walker, Hunter Shkolnik, and Patrick Lanciotti participated on behalf of the Individual Plaintiffs. David Rogers participated on behalf of the VNA Defendants.[2] Sheldon Klein participated on behalf of the City Defendants. On the meet and confer call, the parties agreed that a six-week extension of all dates for the First Bellwether Group is reasonable and warranted in light of the difficulties created by the COVID-19 pandemic.[3] This means all remaining dates for the First Bellwether Group: the date for completion of discovery, the date for the exchange of expert reports, the date for filing dispositive motions, and the date for trial.

The Individual Plaintiffs believe the six-week extension will not impose an undue delay in light of the circumstances, but it will help the Individual Plaintiffs (and other parties) continue to complete discovery. Furthermore, since all dates would be uniformly extended by six weeks, the extension will not prejudice any other parties. In sum, there is good cause to grant the motion, and it would a provident exercise of discretion to do so.

---

[2] Mr. Rogers indicated he had spoken with Philip Erickson on behalf of the LAN Defendants earlier that day.

[3] Subsequently, when the motion was circulated pursuant to Local Rule 7.1(a), Susan E. Smith indicated that McLaren would concur in the motion.

## DISCUSSION

Rule 16(b)(4) permits a CMO to be modified for good cause and with the Court's consent. A district court has broad discretion to manage its docket and coordinate a schedule of pretrial proceedings. *See G. Heileman Brewing Co. v. Joseph Oat Corp.*, 871 F.2d 648, 652 (7th Cir. 1989); *In re Baker*, 744 F.2d 1438, 1441 (10th Cir. 1984). Likewise, the Court has wide discretion in determining whether to grant an amendment to the CMO. *See Leary v. Daeschner*, 349 F.3d 888, 904 (6th Cir. 2003). Here, it would be a provident exercise of the Court's discretion to extend all bellwether time periods by six weeks.

Primarily, the Individual Plaintiffs have been diligent in working to comply with the CMO's terms. *See Inge v. Rock Fin. Corp.*, 281 F.2d 613, 625 (6th Cir. 2002) ("The primary measure of Rule 16's 'good cause' standard is the moving party's diligence in attempting to meet the case management order's requirements." (quotation omitted)). They have been exchanging discovery, and prior to COVID-19 pandemic, had completed fourteen depositions of bellwether Plaintiffs.[4] Even since the pandemic began, the parties (Individual Plaintiffs among them) have found creative solutions to continue taking depositions of defendants and non-party witnesses.

---

[4] On March 23, 2020, the Court reduced the First Bellwether Group "to the fourteen Plaintiffs who have already been deposed" in light of COVID-19. Order Regarding Bellwether Pool Reduction, ECF No. 1089.

Yet, as described above, Co-Liaison Counsel for the Individual Plaintiffs' ability to complete the process of fully creating and exchanging expert reports regarding the First Bellwether Group Plaintiffs. When the parties negotiated and litigated, and the Court entered, the CMO, they could not have foreseen the COVID-19 pandemic. *See Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 608 (E.D. Cal. 1999) (considering "the development of matters which could not have been reasonably foreseen or anticipated at the time of the Rule 16 scheduling conference"). In light of the unforeseen and unavoidable exigency of COVID-19, the six-week week extension Individual Plaintiffs seek is a modest one, and will not cause an undue delay.

Furthermore, by moving all dates back six weeks, the extension will be equitable and will not cause prejudice. *See Andretti v. Borla Performance Indus.*, 426 F.3d 824, 830 (6th Cir. 2005) ("A district court should also consider possible prejudice to the party opposing the modification."). Every party will have an additional six weeks to complete discovery and will permit fuller development of facts and preparation of expert reports. Concomitantly, the defendants will have the same amount of time to make dispositive motions following the close of discovery. Finally, by extending the time for trial by six-weeks, the extension will avoid interfering with the Court's resolution of dispositive motions, and burdening the parties' final pretrial preparations.

Therefore, Co-Liaison Counsel for the Individual Plaintiffs respectfully submits that good cause exists for a minor modification to the First Bellwether Group's schedule, and that a uniform modification is reasonable, equitable, and does not create prejudice. Under these unique circumstances, the minor, six-week modification of the First Bellwether Group's remaining dates is warranted.

## CONCLUSION

Accordingly, Co-Liaison Counsel for Individual Plaintiffs respectfully request the Court to amend the Third Amended Case Management Order by extending all dates pertaining to bellwether trial process—including dates for discovery, dispositive motions, and trial—by six weeks.

Dated:       May 18, 2020

Respectfully submitted,

/s/ Corey M. Stern
Corey M. Stern
Renner K. Walker
LEVY KONIGSBERG LLP
800 Third Ave., 11th Fl.
New York, NY 10022
Tel.: (212) 605-6200
Cstern@levylaw.com
Rwalker@levylaw.com

/s/ Hunter J. Shkolnik
Hunter J. Shkolnik
Patrick J. Lanciotti
NAPOLI SHKOLNIK PLLC
360 Lexington Ave., 11th Fl.
New York, NY 10017
Tel.: (212) 397-1000
Hunter@napolilaw.com
Planciotti@napolilaw.com

## **CERTIFICATE OF SERVICE**

I, Renner K. Walker, hereby certify that on May 18, 2020, the foregoing Co-Liaison Counsel for Individual Plaintiffs' Motion to Amend the Third Amended Case Management Order, including the Exhibit A annexed thereto, was served electronically (via ECF) to all counsel of record.

>  */s/ Renner K. Walker*
>  Renner K. Walker