UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

*In re Flint Water Cases*                      NO. 5:16-cv-10444
                                               Honorable Judith E. Levy

_____

**PLAINTIFFS' REPLY BRIEF IN SUPPORT OF MOTION TO COMPEL PRODUCTION OF DOCUMENTS**

Co-Liaison Counsel for Individual Plaintiffs and Interim Co-Lead Counsel for the Putative Class (collectively, "Plaintiffs") offer the following points in reply to the State of Michigan:

Preliminarily, Plaintiffs note that the Attorney General "do[es] not dispute that Mich. Comp. Laws § 767A.8 does not prohibit this Court from ordering discovery." State of Mich. Br. at 4. However, the Attorney believes the rest of its objections require quashing the subpoena. Prominently, the Attorney General relies on a generalized law enforcement investigative privilege. *See id.* at 8–23.

Part and parcel of the State of Michigan's argument is a cursory claim that Plaintiffs have ignored fundamental comity and federalism concerns and abandoned any challenge to the operation of the law enforcement investigative privilege.[1] However, this argument overlooks Plaintiffs' discussion of state–federal

---

[1] Of course, "abandonment" is a curious stone to throw: as the State of Michigan's brief itself tacitly acknowledges, MCL § 767A.8 formed essentially the exclusive basis of objection prior to the instant motion. *See* State of Mich. Br. at 5 n.1.

1

comity concerns in Part I of the Plaintiffs' brief, as well as Plaintiffs' argument that if MCL § 767A.8 created any kind of privilege in federal court at all, it would be a qualified and waivable one—in other words, it would be fundamentally similar to the law enforcement privilege the Attorney General now invokes. Indeed, Part IV of Plaintiffs' brief engages in essentially the same kind of balancing the Attorney General does.[2]

As a final point regarding the law enforcement investigatory privilege, Plaintiffs note that the Attorney General concedes (or at least appears to concede) that: "The People might agree that they have waived the law enforcement privilege—but only to the extent that they might have voluntarily produced particular materials to the MDEQ defendants." State of Mich. Br. at 22. Concomitantly, this statement implies (as Plaintiffs argued in their initial brief) that MDEQ Defendants do not hold any privilege. Plaintiffs agree that the Attorney

---

[2] Plaintiffs note that the Attorney General appears to resurrect its criminal investigation for the purposing of defeating this motion. The Attorney General previously represented its opinion that prosecutions growing out of the Flint Water Crisis were subject to a six-year statute of limitations. Now, the Attorney General apparently no longer holds its previous position, or alternatively, views that actionable conduct occurred less than six years ago. That said, the Attorney General scrupulously does not say what it thinks the statute of limitations is now. Notwithstanding the inconsistent positions the Attorney General has taken regarding the statute of limitations, the putative investigation is, at most, one factor in the analysis. *See Tuite v. Henry*, 181 F.R.D. 175, 177 (D.D.C. 1998). As the Attorney General's brief demonstrates, investigators rarely want to do more than vaguely claim *some* investigation is ongoing. Plaintiffs have no ability to ascertain the merit of the Attorney General's assertion, and so other factors must necessarily predominate.

2

General has waived the application of any law enforcement privilege with respect to documents actually provided to MDEQ Defendants.[3]

However, it bears noting that it appears that the Attorney General is attempting to invoke the concept of "selective waiver." To be clear, the Sixth Circuit has "reject[ed] the concept of selective waiver." *Tenn. Laborers Health & Welfare Fund v. Columbia/Hca Healthcare Corp.*, 293 F.3d 289, 302 (6th Cir. 2002).[4] Therefore, as the Sixth Circuit put it earlier in that decision, the Attorney General "waived [the law enforcement investigative privilege] en toto." *Id.* at 294.

Additionally, the Attorney General argues that the scope of Plaintiffs' motion to compel is much broader than the scope of Plaintiffs' subpoena. *See* State of Mich. Br. at 6–8. If Plaintiffs were intending to obtain a wide swath of materials beyond those contemplated in the subpoena, the Attorney General's point would be a salutary one. However, Plaintiffs never intended to open a whole new field of examination; rather, they intended to obtain enforcement of the subpoena they had

---

[3] There is no legal support for the Attorney General's argument that the Court should only order production from the MDEQ Defendants. After all, these are not documents for which the privilege still exists, such that the concerns of *Tuite*, 181 F.R.D. at 177, regarding whether subpoenaed documents can be obtained from some other source, does not apply at all.

[4] The Attorney General actually cites this case, for this very notion, earlier in its brief. *See* State of Mich. Br. at 5 n.1 (citing *Tenn. Laborers Health & Welfare Fund v. Columbia/Hca Healthcare Corp.*, 293 F.3d 289, 302 (6th Cir. 2002), as *In re Columbia/HCA Healthcare Corp Billing Practices Litigation*, 293 F.3d 289, 298 (6th Cir. 2002)).

served on the Attorney General's Office. In this light, then, the Attorney General's argument—based on shorthand Plaintiffs use in their brief—is little more than a red herring.[5]

Finally, the Attorney General contends that enforcing the subpoena would impose an undue burden on the State of Michigan. The wholly conclusory notion that the subpoena is "facially overbroad" is without merit. On the contrary, largely Plaintiffs seek discrete categories of documents. *See Wade v. City of Fruitland*, 287 F.R.D. 638, 641 (D. Idaho 2013); *McCoy v. Southwest Airlines Co.*, 211 F.R.D. 381, 385 (C.D. Cal. 2002). The Attorney General's further argument ignores that it has already provided some of these materials to MDEQ Defendants, a fact which should aid it in its search. At any rate, it is doubtful that the Attorney General's

---

[5] The Attorney General's argument is, moreover, false. The subpoena contains multiple requests calculated to elicit the production of all materials and documents—including transcripts—generated, produced, or obtained pursuant to investigatory subpoenas. For example, Request No. 1 asks for "All documents demonstrating or evidencing the factual support for Solicitor General Hammoud's statement to the press that the Department of Attorney General's "grave concern" about the investigation and pursuit of evidence by the Office of the Special Prosecutor was validated after a complete evaluation." *See* Exhibit A to Plaintiffs' Initial Memorandum of Law (ECF No. 1117-1, at PageID.27698). It is difficult to imagine that the Solicitor General's statement had a good-faith basis in fact, if the investigative materials—including the transcripts of interviews taken by the Office of the Special Prosecutor—obtained pursuant to investigative subpoenas, were not reviewed. Likewise, Requests Nos. 4 and 5 each ask for various "documents" associated with the "Flint Water Investigation." *Id.* at PageID.27699. Notably, a transcript is a type of document. The paragraphs might be criticized as somewhat redundant, but the belt-and-suspenders approach the Plaintiffs took was reasonably designed to obtain the transcripts of depositions taken during the investigation.

hyperbolic claim that an effort to produce the materials (the privilege for which it waived) would require such a "significant expenditure of resources" that "the final result . . . might be the *actual* running of the [still undisclosed] limitations period" is simply not credible. *See* State of Mich. Br. at 24 (emphasis in original).

Accordingly, Plaintiffs respectfully request that the Court order the Attorney General to comply with the subpoena Plaintiffs served.

Respectfully submitted, this 18th day of May, 2020.

**On behalf of Individual Plaintiffs**

/s/ RENNER K. WALKER
Renner K. Walker
**LEVY KONIGSBERG, LLP**
800 Third Avenue, 11th Floor
New York, New York 10022
(212) 605-6200
rwalker@levylaw.com

**On behalf of Putative Class Plaintiffs**

/s/ PAUL F. NOVAK
Paul F. Novak (P-39524)
**WEITZ & LUXENBERG, P.C.**
3011 West Grand Blvd., Ste. 2150
Detroit, Michigan 48202
(313) 800-4170
pnovak@weitzlux.com

## CERTIFICATE OF SERVICE

I, Renner K. Walker, hereby certify that on May 18, 2020, the foregoing Plaintiffs' Reply Brief in Support of Motion to Compel Production of Documents was served electronically (via ECF) to all counsel of record.

Additionally, the foregoing Plaintiffs' Reply Brief in Support of Motion to Compel Production of Documents, was served on the State of Michigan, Department of the Attorney General, a non-party, by emailing the foregoing papers to miag@michigan.gov.

*/s/ Renner K. Walker*
Renner K. Walker