UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

*In re Flint Water Cases*

No. 5:16-cv-10444
Honorable Judith E. Levy

_____

**CO-LIAISON COUNSEL FOR INDIVIDUAL PLAINTIFFS' MOTION TO AMEND THE FOURTH AMENDED CASE MANAGEMENT ORDER**

Pursuant to Federal Rule of Civil Procedure 16(b)(4), and for the reasons set forth below, Co-Liaison Counsel for the Individual Plaintiffs respectfully move the Court to amend the Fourth Amended Case Management Order (Doc. No. 1162) by extending all remaining dates for the First Bellwether Group—including dates for discovery, dispositive motions, and trial—by one month.[1]

**PRELIMINARY STATEMENT**

On May 21, 2020, the Court entered an order extending all remaining dates for the First Bellwether Group by six weeks. Dkt. No. 1150. Since then, the Individual Plaintiffs have strove to comply with the Order's time periods. In recent weeks, however, COVID-19 has continued to make compliance with the Order significantly more difficult. For example, one of Plaintiffs' pediatric neuro-psychologist experts informed counsel roughly ten days ago that because of an issue related to COVID-19, he could not travel to Michigan to complete in-person

---

[1] *See* Table of Current and Proposed First Bellwether Group Dates, annexed hereto as **Exhibit A**.

evaluations of the bellwether children. Several other experts are depending on those reports as part of their evaluations. Individual Plaintiffs have since found a replacement expert who has completed the in-person evaluations, but requires additional time to complete the reports.

The Individual Plaintiffs, after conferring and with the consent of Defendants, believe a one-month extension will not impose an undue delay in light of the circumstances, but will help the Individual Plaintiffs (and other parties) continue to complete discovery. Furthermore, since all dates would be uniformly extended by one month, the extension will not prejudice any other parties. In sum, there is good cause to grant the motion, and it would a provident exercise of discretion to do so.

## DISCUSSION

Rule 16(b)(4) permits a CMO to be modified for good cause and with the Court's consent. A district court has broad discretion to manage its docket and coordinate a schedule of pretrial proceedings. *See G. Heileman Brewing Co. v. Joseph Oat Corp.*, 871 F.2d 648, 652 (7th Cir. 1989); *In re Baker*, 744 F.2d 1438, 1441 (10th Cir. 1984). Likewise, the Court has wide discretion in determining whether to grant an amendment to the CMO. *See Leary v. Daeschner*, 349 F.3d 888, 904 (6th Cir. 2003). Here, it would be a provident exercise of the Court's discretion to extend all bellwether time periods by one month.

Primarily, the Individual Plaintiffs have been diligent in working to comply with the CMO's terms. *See Inge v. Rock Fin. Corp.*, 281 F.2d 613, 625 (6th Cir. 2002) ("The primary measure of Rule 16's 'good cause' standard is the moving party's diligence in attempting to meet the case management order's requirements." (quotation omitted)).

Furthermore, by moving all dates back one month, the extension will be equitable and will not cause prejudice. *See Andretti v. Borla Performance Indus.*, 426 F.3d 824, 830 (6th Cir. 2005) ("A district court should also consider possible prejudice to the party opposing the modification."). Every party will have an additional one month to complete discovery and will permit fuller development of facts and preparation of expert reports. Concomitantly, the defendants will have the same amount of time to make dispositive motions following the close of discovery. Finally, by extending the time for trial by one month, the extension will avoid interfering with the Court's resolution of dispositive motions and burdening the parties' final pretrial preparations.

Accordingly, Co-Liaison Counsel for the Individual Plaintiffs respectfully submits that good cause exists for a further minor modification to the First Bellwether Group's schedule, and that a uniform modification is reasonable, equitable, and does not create prejudice. Under these unique circumstances, the

one-month modification of the First Bellwether Group's remaining dates is warranted.

## CONCLUSION

Accordingly, Co-Liaison Counsel for Individual Plaintiffs respectfully request the Court to amend the Fourth Amended Case Management Order by extending all dates pertaining to bellwether trial process—including dates for discovery, dispositive motions, and trial—by one month.

Dated: July 2, 2020

                                      Respectfully submitted,

| | |
|---|---|
| /s/ Corey M. Stern | /s/ Hunter J. Shkolnik |
| Corey M. Stern | Hunter J. Shkolnik |
| Renner K. Walker | Patrick J. Lanciotti |
| LEVY KONIGSBERG LLP | NAPOLI SHKOLNIK PLLC |
| 800 Third Ave., 11th Fl. | 360 Lexington Ave., 11th Fl. |
| New York, NY 10022 | New York, NY 10017 |
| Tel.: (212) 605-6200 | Tel.: (212) 397-1000 |
| Cstern@levylaw.com | Hunter@napolilaw.com |
| Rwalker@levylaw.com | Planciotti@napolilaw.com |

5

## **CERTIFICATE OF SERVICE**

I, Patrick J. Lanciotti, hereby certify that on July 2, 2020, the foregoing Co-Liaison Counsel for Individual Plaintiffs' Motion to Amend the Fourth Amended Case Management Order, including the Exhibit A annexed thereto, was served electronically (via ECF) to all counsel of record.

*/s/ Patrick J. Lanciotti*
Patrick J. Lanciotti
