# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

Elnora Carthan, *et al.*,

Plaintiffs,

v.

Rick Snyder, *et al.*,

Defendants.

Case No.: 5:16-cv-10444-JEL-MKM

Hon. Judith E. Levy
Magistrate Judge Mona K. Majzoub

## CLASS PLAINTIFFS' MOTION TO SEAL
## PORTIONS OF CLASS CERTIFICATION FILING

Class Plaintiffs (collectively "Plaintiffs"),[1] by and through their attorneys, respectfully move this Court pursuant to E.D. Mich. Local Rule 5.3(b), and Paragraph 9(b) of the Confidentiality Order (ECF No. 1162-3), for an order to seal limited portions of certain exhibits to the Declaration of Theodore J. Leopold (ECF

---

[1] Proposed Class and Subclass Representatives – Ms. Rhonda Kelso, on behalf of herself and her minor child, K.E.K.; Barbara Davis; Darrell Davis; Elnora Carthan; David Munoz; Tiantha Williams, acting on behalf of herself and her minor son, T.W.; Darnella Gaines, on behalf of her minor child, K.C.; Frances Gilcreast; 635 South Saginaw LLC; and Angelo's Coney Island Palace, Inc. – are referred to collectively as "Class Plaintiffs" or "Plaintiffs."

No. 1177). Specifically, Plaintiffs ask this Court to seal portions of the following Exhibits that contain highly sensitive Plaintiff personal contact, residential, medical, and/or tax information, which was designated as Confidential or Highly Confidential under the parties' Confidentiality Order (ECF No. 1162-3).[2]

Plaintiffs' Exhibits 82 (ECF No. 1177-81), 83 (ECF No. 1177-82), 88 (ECF No. 1177-87), 89 (ECF No. 1177-88), 90 ( ECF No. 1177-89) , 92 (ECF No. ECF No. 1177-91), 94 ( ECF No. 1177-93), 96 (ECF No. 1177-95), 98 ( ECF No. 1177-97), 115 (ECF No. 1177-115), and 127 (ECF No. 1177-128) (collectively, the "Exhibits") contain the home addresses, phone numbers, email addresses, medical, and/or financial information of Plaintiffs Rhonda Kelso, Barbara Davis, Darrell Davis, David Munoz, Tiantha Williams, Neil Helmkay, and Elnora Carthan.

Plaintiffs believe that their privacy interests would be impinged if the documents were publicly disclosed, as the Exhibits contain personal contact, medical, home address, and/or tax information. Attached hereto are the Exhibits in redacted form, and unredacted copies with redactions highlighted[3] will be provided

---

[2] While ECF No. 1177-97 was not initially designated Confidential, Plaintiffs request that it be sealed because it includes a named Plaintiff's financial information.

[3] Exhibit 115 contains a large spreadsheet. In the unredacted version, the proposed redactions are shown in yellow font.

to the Court under seal, pursuant to Local Rule 5.3 and the Confidentiality Order

(ECF No. 1162-3).[4]

---

[4] In accordance with the Local Rules, Plaintiffs sought concurrence in this motion from other parties, but did not obtain concurrence.

Dated: July 16, 2020

Respectfully submitted,

*/s/ Theodore J. Leopold*

Theodore J. Leopold
**COHEN MILSTEIN SELLERS &
TOLL PLLC**
2925 PGA Boulevard
Suite 220
Palm Beach Gardens, FL 33410
(561) 515-1400 Telephone
tleopold@cohenmilstein.com

Joseph M. Sellers
Kit A. Pierson
Emmy L. Levens
Jessica B. Weiner
Alison S. Deich
**COHEN MILSTEIN SELLERS &
TOLL PLLC**
1100 New York Ave. NW
Suite 500
Washington, DC 20005
(202) 408-4600 Telephone
jsellers@cohenmilstein.com
kpierson@cohenmilstein.com
elevens@cohenmilstein.com
jweiner@cohenmilstein.com
adeich@cohenmilstein.com

Vineet Bhatia
Shawn Raymond
**SUSMAN GODFREY, L.L.P.**
1000 Louisiana Street
Suite 5100
Houston, TX 77002
(713) 651-3666 Telephone
vbhatia@susmangodfrey.com
sraymond@susmangodfrey.com

*/s/ Michael L. Pitt*

Michael L. Pitt
Cary S. McGehee
**PITT MCGEHEE PALMER &
RIVERS, P.C.**
117 West 4th Street
Suite 200
Royal Oak, MI 48067
(248) 398-9800 Telephone
mpitt@pittlawpc.com
cmcgehee@pittlawpc.com

Paul Novak (P39524)
Diana Gjonaj (P74637)
Gregory Stamatopoulos (P74199)
**WEITZ & LUXENBERG, P.C.**
3011 West Grand Boulevard
Suite 2150
Detroit, MI 48226
(313) 800-4170 Telephone
pnovak@weitzlux.com
dgjonaj@weitzlux.com
gstamatopoulos@weitzlux.com

Robin L. Greenwald
**WEITZ & LUXENBERG, P.C.**
700 Broadway
New York, NY 10003
(212) 558-5500 Telephone
rgreenwald@weitzlux.com

Esther E. Berezofsky
**MOTLEY RICE LLC**
210 Lake Drive East
Suite 101
Cherry Hill, NJ 08002
(856) 667-0500 Telephone

Stephen Morrissey
Jordan Connors
**SUSMAN GODFREY, L.L.P.**
1201 Third Ave.
Suite 3800
Seattle, WA 98101
(206) 516-3880 Telephone
smorrissey@susmangodfrey.com
jconnors@susmangodfrey.com

Peretz Bronstein
Shimon Yiftach
**BRONSTEIN, GEWIRTZ &**
**GROSSMAN, LLC**
60 East 42nd Street
Suite 4600
New York, NY 10165
(212) 697-6484 Telephone
peretz@bgandg.com
shimony@bgandg.com

Bradford M. Berry
Anson C. Asaka
**NAACP**
4805 Mt. Hope Dr.
Baltimore, MD 21215
(410) 580-5777 Telephone
bberry@naacpnet.org
aasaka@naacpnet.org

Kathryn P. Hoek
**SUSMAN GODFREY, L.L.P.**
1901 Avenue of the Stars
Suite 950
Los Angeles, CA 90067
(310) 789-3100 Telephone
khoek@susmangodfrey.com

Neal H. Weinfield
**THE DEDENDUM GROUP**

eberezofsky@motleyrice.com

Teresa Caine Bingman (P56807)
**THE LAW OFFICES OF TERESA**
**A. BINGMAN, PLLC**
120 N. Washington Square
Suite 327
Lansing, MI 48933
(877) 957-7077 Telephone
tbingman@tbingmanlaw.com

William Goodman (P14173)
Julie H. Hurwitz (P34720)
Kathryn Bruner James (P71374)
**GOODMAN & HURWITZ PC**
1394 E. Jefferson Ave.
Detroit, MI 48207
(313) 567-6170 Telephone
bgoodman@goodmanhurwitz.com
jhurwitz@goodmanhurwitz.com
kjames@goodmanhurwitz.com

Deborah A. LaBelle (P31595)
**LAW OFFICES OF DEBORAH A.**
**LABELLE**
221 N. Main St.
Suite 300
Ann Arbor, MI 48104
(734) 996-5620 Telephone
deblabelle@aol.com

Trachelle C. Young (P63330)
**TRACHELLE C. YOUNG &**
**ASSOCIATES PLLC**
2501 N. Saginaw St.
Flint, MI 48505
(810) 239-6302 Telephone
trachelleyoung@gmail.com

Brian McKeen (P34123)

(312) 613-0800 Telephone
nhw@dedendumgroup.com

Cirilo Martinez (P65074)
**LAW OFFICE OF CIRILO**
**MARTINEZ, PLLC**
3010 Lovers Lane
Kalamazoo, MI 49001
(269) 342-1112 Telephone
martinez_cirilo@hotmail.com

David J. Shea
**SHEA AIELLO, PLLC**
26100 American Drive
2nd Floor
Southfield, MI  48034
(248) 354-0224 Telephone
david.shea@sadplaw.com

Mark L. McAlpine (P35583)
Jayson E. Blake (P56128)
**MCALPINE PC**
3201 University Drive
Suite 100
Auburn Hills, MI  48326
(248) 373-3700 Telephone
mlmcalpine@mcalpinelawfirm.com
jeblake@mcalpinelawfirm.com

Claire Vergara (P77654)
**McKEEN & ASSOCIATES, PC**
645 Griswold Street
Suite 4200
Detroit, MI 48226
(313) 961-4400 Telephone
bjmckeen@mckeenassociates.com
cvergara@mckeenassociates.com

Cynthia M. Lindsey (P37575)
Shermane T. Sealey (P32851)
**CYNTHIA M. LINDSEY &**
**ASSOCIATES, PLLC**
8900 E. Jefferson Avenue
Suite 612
Detroit, MI 48214
(248) 766-0797 Telephone
cynthia@cmlindseylaw.com
shermane@cmlindseylaw.com

Andrew P. Abood (P43366)
**ABOOD LAW FIRM**
246 East Saginaw Street
Suite One
East Lansing, Michigan 48823
(517) 332-5900 Telephone
andrew@aboodlaw.com

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

Elnora Carthan, *et al.*,

                    Plaintiffs,                        Case No.: 5:16-cv-10444-JEL-MKM

                         v.

Rick Snyder, *et al.*,                                 Hon. Judith E. Levy
                                                       Magistrate Judge Mona K. Majzoub

                                 Defendants.

# CLASS PLAINTIFFS' BRIEF IN SUPPORT OF THEIR MOTION TO SEAL PORTIONS OF CLASS CERTIFICATION FILING

## ISSUE PRESENTED

I.    Should the Court seal the identified excerpts of Exhibits 82, 83, 88, 89, 90, 92, 94, 96, 98, 115, and 127 to the Declaration of Theodore J. Leopold (ECF No. 1177) because they contain highly sensitive personal contact, address, medical, and tax information of certain Plaintiffs in this matter?

Plaintiffs' answer: Yes.

# CONTROLLING OR MOST APPROPRAITE AUTHORITY

- Fed. R. Civ. P. 26(c)
- E.D. Mich. Local Rule 5.3(b)(3)(A)
- *Hardesty v. Kroger Co.*, No. 1:16-cv-298, 2020 WL 3545676 (S.D. Ohio June 30, 2020)
- *Russell v. United States RRB*, No. 19-3800, 2020 U.S. App. LEXIS 7524 (6th Cir. Mar. 10, 2020)
- *State Farm Mut. Auto. Ins. Co. v. Elite Health Ctrs., Inc.*, No. 2:16-cv-13040, 2018 WL 3649554 (E.D. Mich. Aug. 1, 2018)

# I. INTRODUCTION

Class Plaintiffs (collectively "Plaintiffs") seek to protect from public disclosure confidential and personal information of certain named Plaintiffs, namely medical, tax, and personal contact and residence information.

## II. RELEVANT FACTS AND PROCEDURAL HISTORY

On June 30, 2020, Plaintiffs filed their Motion for Class Certification (ECF No. 1176), together with the Declaration of Theodore J. Leopold in Support of Class Plaintiffs' Motion for Class Certification (ECF No. 1177), including supporting exhibits containing redacted documents and some Plaintiffs' deposition excerpts filed under seal. Specifically, Exhibits 82, 83, 88, 89, 90, 92, 94, 96, 98, 115, and 127 include the depositions of named Plaintiffs Rhonda Kelso, (ECF No. 1177-81), and Barbara Davis, (ECF No. 1177-82); a lead analysis report on the home of Ms. Kelso (ECF No. 1177-87); Ms. Davis's Responses to Defendants' Interrogatories, (ECF No. 1177-88); the deposition of named Plaintiff Darrell Davis (ECF No. 1177-89); named Plaintiff David Munoz's Responses to Defendants' Interrogatories, (ECF No. 1177-91); the deposition of named Plaintiff Tiantha Williams (ECF No. 1177-93); the deposition of named Plaintiff Frances Gilcreast (ECF No. 1177-95); the deposition of named Plaintiff Neil Helmkay (ECF No. 1177-97); a spreadsheet showing lead levels in Flint residences (ECF No. 1177-115); and a Virginia Tech

Lead Analysis Report on the home of named Plaintiff Elnora Carthan (ECF No. 1177-128).

Exhibits 82, 83, 88, 89, 92, 115, and 127 contain confidential personal residence and contact information of the above named Plaintiffs. Exhibits 82, 90, and 94 contain certain named Plaintiffs' confidential medical information. Exhibit 96 contains personal tax information relating to Ms. Gilcreast's business. And Exhibit 98 contains personal tax information relating to Mr. Helmkay.

All of the relevant deposition excerpts are marked confidential on the Exhibits themselves, per the Confidentiality Order (*See* Exs. 82, 83, 90, 94, 96 and 98) (ECF No. 1162-3). The documents sought to be redacted were also designated confidential.[1]

### III. STANDARD

The Court "has supervisory power over its own records and files," and this authority includes allowing parties to file certain documents under seal. *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978); Fed. R. Civ. P. 26(c). Local Rule 5.3(b)(3)(A) permits a party seeking to file a document under seal to file and serve a motion setting forth the authority for sealing and the reasons sealing is appropriate.

---

[1] Compilation of Confidentiality Designations of Pls.' Trs. & Exs., Ex. A. Because Exhibit A contains excerpts of Plaintiffs' confidentiality designations, Plaintiffs request that it be partially sealed for the same reasons stated herein. While ECF No. 1177-97 was not initially designated Confidential, Plaintiffs request that it be sealed because it includes a named Plaintiff's financial information.

The rule requires the moving party to provide "(i) an index of documents which are proposed for sealing and, as to each document, whether any other party objects; (ii) a description of any non-party or third-party privacy interest that may be affected if the documents or portions thereof to be sealed were publicly disclosed on the court record;"[2] "(iii) whether the proposed sealed material was designated as "confidential" under a protective order and by whom; (iv) for each proposed sealed exhibit or document, a detailed analysis, with supporting evidence and legal citations, demonstrating that the request to seal satisfies controlling legal authority; (v) a redacted version of the document(s) to be sealed, filed as an exhibit to the motion, unless the proponent of filing is seeking to file the entire document under seal, in which case a blank sheet shall be filed as an exhibit;" and "(vi) an unredacted version, filed as a sealed exhibit, of the document that is sought to be filed under seal." E.D. Mich. L.R. 5.3(b)(3)(A).[3]

---

[2] Some of the documents that Plaintiffs move to seal may also contain the confidential information of other parties or third parties. Pursuant to the Confidentiality Order in this case (ECF 1162-3), all parties were provided unredacted copies of Plaintiffs' class certification filing and an opportunity to move to seal their confidential information. Third Party Virginia Tech, which produced Ex. 115 with a confidentiality designation, was also notified of the filing of that document and its opportunity to move to seal.

[3] Pursuant to Section 9 of the Confidentiality Order (ECF 1162-3), Plaintiffs initially submitted this motion and supporting documents via email to the Court and parties.

## IV. LAW AND ARGUMENT

Plaintiffs seek to redact the following documents that are were filed via ECF in redacted or sealed form:[4]

| Description | Objections | Redacted / Under Seal Copy ECF No. & PageID | Confidential Nature |
|---|---|---|---|
| Exhibit 82 – Deposition of Rhonda Kelso | Unknown. | ECF No. 1177-81 PageID 30290 | Personal residence, how long she's lived there, medication taken |
| Exhibit 83 – Deposition of Barbara Davis | Unknown. | ECF No. 1177-82 PageID 30291 | Personal residence |
| Exhibit 88 – Virginia Tech Lead Analysis Report on behalf of Rhonda Kelso | Unknown. | ECF No. 1177-87 PageID 31025-31028 | Personal residence |
| Exhibit 89 – Barbara Davis' Responses to Defendants' Interrogatories | Unknown. | ECF No. 1177-88 PageID 31029-31034 | Personal residence |
| Exhibit 90 – Deposition of Darrell Davis | Unknown. | ECF No. 1177-89 PageID 31035 | Medical condition |
| Exhibit 92 – David Munoz's Responses to Defendants' Interrogatories | Unknown. | ECF No. 1177-91 PageID 31037-31044 | Personal residence |
| Exhibit 94 – Deposition of Tiantha Williams | Unknown | ECF No. 1177-93 PageID 31046 | Medical condition |

---

[4] Notwithstanding that the deposition transcripts were provisionally filed under seal in their entirety (Exs. 82, 83, 90, 94, 96 and 98), this motion seeks only to maintain certain portions of the transcripts under seal.

| Exhibit 96 – Deposition of Frances Gilcreast | Unknown | ECF No. 1177-95 PageID 31054 | Tax and financial information |
|---|---|---|---|
| Exhibit 98 – Deposition of Neil Helmkay | Unknown | ECF No. 1177-97 PageID 31060 | Bankruptcy, tax issues |
| Exhibit 115 – Spreadsheet showing lead levels in Flint residents and their addresses[5] | Unknown | ECF No. 1177-115 PageID 31390 | Personal residence and contact information |
| Exhibit 127 – Virginia Tech Lead Analysis Report on behalf of Elnora Carthan | Unknown | ECF No. 1177-128 PageID 31943-31946 | Personal residence |

Justifications for filing documents under seal include protecting "the privacy interests of participants or third parties." *Hardesty v. Kroger Co.*, No. 1:16-cv-298, 2020 WL 3545676, at *1 (S.D. Ohio June 30, 2020) (citing *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1179 (6th Cir. 1983)). The Sixth Circuit Court of Appeals has determined that protecting sensitive medical and personally identifying information constitutes a compelling privacy reason for a party to file under seal. *Russell v. United States RRB*, No. 19-3800, 2020 U.S. App. LEXIS 7524, at *2 (6th Cir. Mar. 10, 2020). Similarly, a party's home address has often been protected as personal information meriting filing under seal. *Hardesty*, 2020 WL

---

[5] Exhibit 115 contains addresses and personal contact information for hundreds of individuals, not only named Plaintiffs. In the interest of preserving their privacy, Plaintiffs request that any personal addresses, phone numbers, and email addresses in the spreadsheet be sealed. Non-party Virginia Tech, which produced the document, has been notified of its use in this filing and may move to seal any further confidential information they believe this document contains.

3545676 at *2; *Mott v. PNC Fin. Servs. Grp, Inc.*, No. 2:16-cv-01949-JCM-EJY, 2020 WL 1704437, at *2 (D. Nev. Apr. 8, 2020) ("financial account numbers and home address are generally protected from full disclosure in court filings").

Here, the named Plaintiffs' residential addresses and contact information in the above-mentioned Exhibits constitute "personal, sensitive information and to allow access to [them] would compromise these [Plaintiffs'] privacy." *Hardesty*, 2020 WL 3545676 at *2. "Personal information, such as . . . home addresses, will not assist the public in its review of the judicial process of this case. Therefore, the public's interests in access to [this] sensitive data are less than the privacy interests in support of nondisclosure." *Id.*

Similarly, the need to protect the privacy of sensitive medical information constitutes a compelling reason to seal medical and mental health records. *See Russell*, 2020 U.S. App. LEXIS 7524 at *2 (sealing medical records). In *San Ramon Regional Medical Center., Inc. v. Principal Life Insurance Co.*, No. C 10-02258 SBA, 2011 WL 89931, at *1 n.1 (N.D. Cal. Jan. 10, 2011), the court *sua sponte* sealed medical records because it found that the need to protect the patient's "confidential medical information outweigh[ed] any necessity for disclosure." A plaintiff's psychotherapist's deposition testimony also merits to be filed under seal because plaintiff's interest in "preserving the privacy of her sensitive mental health

records" constitutes a compelling reason. *Hunt v. Cont'l Cas. Co.*, No. 13-cv-05966-HSG, 2015 WL 5355398, at *3 (N.D. Cal. Sept. 14, 2015).

Similarly, in *A.C. v. City of Santa Clara*, No. 13-cv-03276-HSG, 2015 WL 4076364, at *2 (N.D. Cal. July 2, 2015), the court allowed medical records to be sealed because it found that the "compelling confidentiality concerns" outweighed the public presumption of access. Even where "a plaintiff puts certain aspects of his medical condition at issue . . . , that does not mean that the entirety of his medical records filed in connection with a motion (which frequently contain records that pertain to unrelated medical information) need be unnecessarily broadcast to the public." *Aguilar v. Koehn*, No. 3:16-CV-0529-MMD-CBC, 2018 WL 4839021, at *2 (D. Nev. Oct. 4, 2018). Plaintiffs' "interest[] in keeping [their] sensitive health information confidential outweighs the public's need for direct access to the medical records." *Id.*

Here, the referenced Exhibits contain Plaintiffs' sensitive medical history and treatment information. "Balancing the need for the public's access to information regarding plaintiffs' medical history, treatment, and condition against the need to maintain the confidentiality of plaintiff's medical records weighs in favor of sealing these exhibits." *Id.* The public would not benefit from access to home addresses and medical records for the purpose of understanding the merits of the Court's decision; in fact, the addresses have little relevance to the case itself other than as confirmation

that the Plaintiffs lived in the city of Flint during the class period. Personal information, such as residential addresses and medical records, "will not assist the public in its review of the judicial process of this case". *Hardesty*, 2020 WL 3545676 at *2. Therefore, the public's interest in access to this sensitive data is outweighed by the privacy interests in support of nondisclosure.

The protection of confidential tax information also warrants sealing certain deposition testimony here. In *State Farm Mutual Automobile Insurance Co. v. Elite Health Centers, Inc.*, No. 2:16-cv-13040, 2018 WL 3649554, *4 (E.D. Mich. Aug. 1, 2018), State Farm Mutual argued that its tax returns, profits, and losses are entitled to confidential treatment and requested leave to file information under seal. The court in *State Farm* ruled "that disclosure of the tax returns and profit and loss statements could reveal sensitive, private, personally-identifiable information that should not be disclosed to third persons." *Id.* ("Courts have recognized the strong interest in keeping personal financial records from public view." (quoting *Goodman v. J.P. Morgan Inv. Mgmt., Inc.*, 301 F. Supp. 3d 759, 784 (S.D. Ohio 2018), *aff'd*, 954 F.3d 852 (6th Cir. 2020))). Accordingly, the court granted State Farm Mutual's motion to seal with respect to tax returns. *Id. See also Kare Distrib., Inc. v. Jam Labels & Cards LLC*, No. 09-969 (SDW), 2011 WL 13238500, *2 (D.N.J. Dec. 19, 2011) ("defendants possess a legitimate privacy interest" in the highly confidential information in their tax returns "that warrants protection from disclosure"); *SMD*

11

*Software, Inc. v. EMove, Inc.*, No. 5:08-CV-403-FL, 2011 WL 3652754, *3 (E.D.N.C. Aug. 18, 2011) (sealing profit and loss statements because they "contain business information potentially harmful to their competitive standing").

Named Plaintiffs Frances Gilcreast and Neil Helmkay have an equal right to maintain the confidentiality of their deposition statements in Exhibits 96 and 98, respectively. Those Exhibits contain statements regarding their taxes and the financial health of their businesses. Because the redactions of Ms. Gilcreast and Mr. Helmkay's sensitive testimony are narrowly tailored to redact specific tax and business related information, Plaintiffs' motion to seal Exhibits 96 and 98 should be granted.

Plaintiffs have sought to protect their home addresses, personal contact information, medical, and tax information as confidential information throughout this litigation by designating such material as "Confidential" under the Confidentiality Order. The deposition transcripts reveal the personal addresses, medical treatment and condition, and/or tax information of Plaintiffs. Thus, nondisclosure serves a compelling interest. Moreover, because Plaintiffs seek to seal only the specific aforementioned personal information, their request is narrowly tailored to serve the interest of protecting named Plaintiffs' privacy. Plaintiffs' request is sufficiently specific to protect only information which can be deemed sensitive and deserving of protection; it is no broader than necessary.

## V. CONCLUSION

For the foregoing reasons, Plaintiffs' respectfully request that the Court grant their Motion to Seal.

Dated: July 16, 2020

Respectfully submitted,

*/s/ Theodore J. Leopold*

Theodore J. Leopold
**COHEN MILSTEIN SELLERS & TOLL PLLC**
2925 PGA Boulevard
Suite 220
Palm Beach Gardens, FL 33410
(561) 515-1400 Telephone
tleopold@cohenmilstein.com

Joseph M. Sellers
Kit A. Pierson
Emmy L. Levens
Jessica B. Weiner
Alison S. Deich
**COHEN MILSTEIN SELLERS & TOLL PLLC**
1100 New York Ave. NW
Suite 500
Washington, DC 20005
(202) 408-4600 Telephone
jsellers@cohenmilstein.com
kpierson@cohenmilstein.com
elevens@cohenmilstein.com
jweiner@cohenmilstein.com
adeich@cohenmilstein.com

Vineet Bhatia

*/s/ Michael L. Pitt*

Michael L. Pitt
Cary S. McGehee
**PITT MCGEHEE PALMER & RIVERS, P.C.**
117 West 4th Street
Suite 200
Royal Oak, MI 48067
(248) 398-9800 Telephone
mpitt@pittlawpc.com
cmcgehee@pittlawpc.com

Paul Novak (P39524)
Diana Gjonaj (P74637)
Gregory Stamatopoulos (P74199)
**WEITZ & LUXENBERG, P.C.**
3011 West Grand Boulevard
Suite 2150
Detroit, MI 48226
(313) 800-4170 Telephone
pnovak@weitzlux.com
dgjonaj@weitzlux.com
gstamatopoulos@weitzlux.com

Robin L. Greenwald
**WEITZ & LUXENBERG, P.C.**
700 Broadway
New York, NY 10003

Shawn Raymond
**SUSMAN GODFREY, L.L.P.**
1000 Louisiana Street
Suite 5100
Houston, TX 77002
(713) 651-3666 Telephone
vbhatia@susmangodfrey.com
sraymond@susmangodfrey.com

Stephen Morrissey
Jordan Connors
**SUSMAN GODFREY, L.L.P.**
1201 Third Ave.
Suite 3800
Seattle, WA 98101
(206) 516-3880 Telephone
smorrissey@susmangodfrey.com
jconnors@susmangodfrey.com

Peretz Bronstein
Shimon Yiftach
**BRONSTEIN, GEWIRTZ &
GROSSMAN, LLC**
60 East 42nd Street
Suite 4600
New York, NY 10165
(212) 697-6484 Telephone
peretz@bgandg.com
shimony@bgandg.com

Bradford M. Berry
Anson C. Asaka
**NAACP**
4805 Mt. Hope Dr.
Baltimore, MD 21215
(410) 580-5777 Telephone
bberry@naacpnet.org
aasaka@naacpnet.org

Kathryn P. Hoek

(212) 558-5500 Telephone
rgreenwald@weitzlux.com

Esther E. Berezofsky
**MOTLEY RICE LLC**
210 Lake Drive East
Suite 101
Cherry Hill, NJ 08002
(856) 667-0500 Telephone
eberezofsky@motleyrice.com

Teresa Caine Bingman (P56807)
**THE LAW OFFICES OF TERESA
A. BINGMAN, PLLC**
120 N. Washington Square
Suite 327
Lansing, MI 48933
(877) 957-7077 Telephone
tbingman@tbingmanlaw.com

William Goodman (P14173)
Julie H. Hurwitz (P34720)
Kathryn Bruner James (P71374)
**GOODMAN & HURWITZ PC**
1394 E. Jefferson Ave.
Detroit, MI 48207
(313) 567-6170 Telephone
bgoodman@goodmanhurwitz.com
jhurwitz@goodmanhurwitz.com
kjames@goodmanhurwitz.com

Deborah A. LaBelle (P31595)
**LAW OFFICES OF DEBORAH A.
LABELLE**
221 N. Main St.
Suite 300
Ann Arbor, MI 48104
(734) 996-5620 Telephone
deblabelle@aol.com

14

**SUSMAN GODFREY, L.L.P.**
1901 Avenue of the Stars
Suite 950
Los Angeles, CA 90067
(310) 789-3100 Telephone
khoek@susmangodfrey.com

Neal H. Weinfield
**THE DEDENDUM GROUP**
(312) 613-0800 Telephone
nhw@dedendumgroup.com

Cirilo Martinez (P65074)
**LAW OFFICE OF CIRILO MARTINEZ, PLLC**
3010 Lovers Lane
Kalamazoo, MI 49001
(269) 342-1112 Telephone
martinez_cirilo@hotmail.com

David J. Shea
**SHEA AIELLO, PLLC**
26100 American Drive
2nd Floor
Southfield, MI 48034
(248) 354-0224 Telephone
david.shea@sadplaw.com

Mark L. McAlpine (P35583)
Jayson E. Blake (P56128)
**MCALPINE PC**
3201 University Drive
Suite 100
Auburn Hills, MI 48326
(248) 373-3700 Telephone
mlmcalpine@mcalpinelawfirm.com
jeblake@mcalpinelawfirm.com

Trachelle C. Young (P63330)
**TRACHELLE C. YOUNG & ASSOCIATES PLLC**
2501 N. Saginaw St.
Flint, MI 48505
(810) 239-6302 Telephone
trachelleyoung@gmail.com

Brian McKeen (P34123)
Claire Vergara (P77654)
**McKEEN & ASSOCIATES, PC**
645 Griswold Street
Suite 4200
Detroit, MI 48226
(313) 961-4400 Telephone
bjmckeen@mckeenassociates.com
cvergara@mckeenassociates.com

Cynthia M. Lindsey (P37575)
Shermane T. Sealey (P32851)
**CYNTHIA M. LINDSEY & ASSOCIATES, PLLC**
8900 E. Jefferson Avenue
Suite 612
Detroit, MI 48214
(248) 766-0797 Telephone
cynthia@cmlindseylaw.com
shermane@cmlindseylaw.com

Andrew P. Abood (P43366)
**ABOOD LAW FIRM**
246 East Saginaw Street
Suite One
East Lansing, Michigan 48823
(517) 332-5900 Telephone
andrew@aboodlaw.com

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing instrument was filed with the U.S. District Court through the ECF filing system and that all parties to the above case were served via the ECF filing system on July 16, 2020.

Dated: July 16, 2020

*/s/ Jessica B. Weiner*
Jessica B. Weiner
**COHEN MILSTEIN SELLERS & TOLL PLLC**
1100 New York Ave. NW
Suite 500
Washington, DC 20005
(202) 408-4600 Telephone
jweiner@cohenmilstein.com