UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN, SOUTHERN DIVISION

Elnora Carthan; Rhonda Kelso, individually
and as next of friend of K.E.K, a minor child;
Darrell and Barbara Davis; Michael Snyder,
as personal representative of the Estate of
John Snyder, deceased; Marilyn Bryson;
David Munoz; Tiantha Williams,
individually and as next of friend of T.W., a
minor child; Darnella Gaines, as next of
friend of K.C.D., a minor child; Frances
Gilcreast; 635 South Saginaw, LLC; Angelo's
Coney Island Palace, Inc., on behalf of
themselves and all others similarly
situated,

Docket:  5:16-cv-10444-JEL-
MKM

Hon. Judith E. Levy

Magistrate Judge Mona K.
Majzoub

                    Plaintiffs,

-vs-

Governor Rick Snyder, in his individual
and official capacities; the State of
Michigan; the City of Flint; Daniel Wyant, in
his individual capacity; Andy Dillon, in his
individual capacity; Nick Lyon, in his
individual capacity; Nancy Peeler, in her
individual capacity; Liane Shekter-Smith, in
her individual capacity; Adam Rosenthal, in
his individual capacity; Stephen Busch, in
his individual capacity; Patrick Cook, in his
individual capacity; Michael Prysby, in his
individual capacity; Bradley Wurfel, in his
individual capacity; Jeff Wright, in his
individual capacity; Edward Kurtz, in his
individual capacity; Darnell Earley, in his
individual capacity; Gerald Ambrose, in his
individual capacity; Dayne Walling, in his
individual capacity and official capacities;
Howard Croft, in his individual capacity;

Michael Glasgow, in his individual capacity;
Daugherty Johnson, in his individual
capacity; Lockwood, Andrews & Newnam,
P.C.; Lockwood, Andrews & Newnam, Inc.;
Leo A. Daly Company; Veolia North
America, LLC; Veolia North America, Inc.;
Veolia Water North America Operating
Services, LLC,

               Defendants.

_____/

**ANSWER OF DEFENDANTS LOCKWOOD, ANDREWS AND NEWNAM, INC.
AND LOCKWOOD, ANDREWS AND NEWNAM, PC TO THE FOURTH
CONSOLIDATED AMENDED CLASS COMPLAINT DATED OCTOBER 5, 2018,
AFFIRMATIVE DEFENSES AND JURY DEMAND**

## ANSWER

NOW COME Defendants Lockwood, Andrews & Newnam, Inc. and

Lockwood, Andrews & Newnam, PC, (collectively "LAN" or "the LAN

Defendants") and for their Answer to the Plaintiffs' Fifth Consolidated

Amended Class Complaint dated June 30, 2020 (Doc #1175-3), states as

follows:

1.      LAN denies that a class action has been or should be certified in

this case.  LAN denies that anywhere near 100,000 persons have been harmed

by the distribution of water from the Flint Water Treatment Plant.  LAN denies

that it caused a public health crisis, concealed or misrepresented the scope of

the alleged crisis, failed to take appropriate remedial action, or lied about the

water or the alleged crisis.  As to the allegations in paragraph 1 against other

Defendants, LAN is without knowledge or information sufficient to form a belief as to the truth of the matter asserted and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs.

2.      LAN denies that it was professionally negligent as alleged by Plaintiffs or that it caused harm to the Plaintiffs. As to the allegations in ¶ 2 against other Defendants, LAN is without knowledge or information sufficient to form a belief as to the truth of the matter asserted and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs.

i.      LAN denies that it was professionally negligent or negligent as alleged by Plaintiffs or that it caused harm to the Plaintiffs. As to the allegations in ¶ 2. i. against other Defendants, LAN is without knowledge or information sufficient to form a belief as to the truth of the matter asserted and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs.

ii.     LAN denies that it was professionally negligent or negligent or that it made fraudulent statements as alleged by Plaintiffs or that it caused harm to the Plaintiffs. As to the allegations in ¶ 2. ii. against other Defendants, LAN is without knowledge or information sufficient to form a belief as to the truth of the matter asserted and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs.

iii.    LAN is without knowledge or information sufficient to form a belief as to the truth of the matter asserted and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs.

iv.  LAN is without knowledge or information sufficient to form a belief as to the truth of the matter asserted and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs.

v.  LAN is without knowledge or information sufficient to form a belief as to the truth of the matter asserted and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs.

vi.  LAN is without knowledge or information sufficient to form a belief as to the truth of the matter asserted and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs.

vii.  LAN is without knowledge or information sufficient to form a belief as to the truth of the matter asserted and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs.

viii.  LAN is without knowledge or information sufficient to form a belief as to the truth of the matter asserted and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs.

ix.  LAN is without knowledge or information sufficient to form a belief as to the truth of the matter asserted and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs.

3.    LAN denies that it was professionally negligent as alleged by Plaintiffs or that it caused harm to the Plaintiffs. As to the allegations in ¶ 3 against other Defendants, LAN is without knowledge or information sufficient

to form a belief as to the truth of the matter asserted and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs.

## JURISDICTION AND VENUE

4.      LAN is without knowledge or information sufficient to form a belief as to the truth of the matter asserted and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs.

5.      LAN is without knowledge or information sufficient to form a belief as to the truth of the matter asserted and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs.

6.      Defendant LAN, Inc. admits that it is incorporated in the State of Texas.  As to the remaining allegations in ¶ 6, LAN is without knowledge or information sufficient to form a belief as to the truth of the matter asserted and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs.

7.      Defendants LAN, Inc. and LAN, PC admit that the Court has personal jurisdiction over them, but deny that they have committed torts in Michigan as alleged.  As to the remaining allegations in ¶ 7, LAN is without knowledge or information sufficient to form a belief as to the truth of the matter asserted and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs.

8.     LAN is without knowledge or information sufficient to form a belief as to the truth of the matter asserted and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs.

9.     LAN is without knowledge or information sufficient to form a belief as to the truth of the matter asserted and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs.

10.    LAN is without knowledge or information sufficient to form a belief as to the truth of the matter asserted and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs.

## **PARTIES**

11.    LAN is without knowledge or information sufficient to form a belief as to the truth of the matter asserted and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs.

12.    LAN denies that it was professionally negligent as alleged by Plaintiffs or that it caused harm to the Plaintiffs. As to the remaining allegations in ¶ 12, LAN is without knowledge or information sufficient to form a belief as to the truth of the matter asserted and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs.

13.    LAN denies that it was professionally negligent as alleged by Plaintiffs or that it caused harm to the Plaintiffs. As to the remaining

allegations in ¶ 13, LAN is without knowledge or information sufficient to form a belief as to the truth of the matter asserted and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs.

14.   LAN denies that it was professionally negligent as alleged by Plaintiffs or that it caused harm to the Plaintiffs. As to the remaining allegations in ¶ 14, LAN is without knowledge or information sufficient to form a belief as to the truth of the matter asserted and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs.

15.   LAN denies that it was professionally negligent as alleged by Plaintiffs or that it caused harm to the Plaintiffs. As to the remaining allegations in ¶ 15, LAN is without knowledge or information sufficient to form a belief as to the truth of the matter asserted and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs.

16.   LAN denies that it was professionally negligent as alleged by Plaintiffs or that it caused harm to the Plaintiffs. As to the remaining allegations in ¶ 16, LAN is without knowledge or information sufficient to form a belief as to the truth of the matter asserted and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs.

17.     LAN is without knowledge or information sufficient to form a belief as to the truth of the matter asserted and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs.

18.     LAN denies that it engaged in deliberately indifferent conduct as alleged by Plaintiffs or that it caused harm to the Plaintiffs. As to the remaining allegations in ¶ 18, LAN is without knowledge or information sufficient to form a belief as to the truth of the matter asserted and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs.

19.     LAN is without knowledge or information sufficient to form a belief as to the truth of the matter asserted and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs.

20.     LAN denies that it was professionally negligent as alleged by Plaintiffs or that it caused harm to the Plaintiffs. As to the remaining allegations in ¶ 20, LAN is without knowledge or information sufficient to form a belief as to the truth of the matter asserted and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs.

21.     LAN denies that it was professionally negligent as alleged by Plaintiffs or that it caused harm to the Plaintiffs. As to the remaining allegations in ¶ 21, LAN is without knowledge or information sufficient to

form a belief as to the truth of the matter asserted and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs.

22.    LAN denies that it was professionally negligent as alleged by Plaintiffs or that it caused harm to Plaintiffs. As to the remaining allegations in ¶ 22, LAN is without knowledge or information sufficient to form a belief as to the truth of the matter asserted and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs.

23.    LAN is without knowledge or information sufficient to form a belief as to the truth of the matter asserted and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs.

24.    LAN denies that it was professionally negligent as alleged by Plaintiffs or that it caused harm to the Plaintiffs. As to the remaining allegations in ¶ 24, LAN is without knowledge or information sufficient to form a belief as to the truth of the matter asserted and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs.

25.    LAN denies that it was professionally negligent as alleged by Plaintiffs or that it caused harm to the Plaintiffs. As to the remaining allegations in ¶ 25, LAN is without knowledge or information sufficient to form a belief as to the truth of the matter asserted and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs.

26.     LAN denies that it was professionally negligent as alleged by Plaintiffs or that it caused harm to the Plaintiffs. As to the remaining allegations in ¶ 26, LAN is without knowledge or information sufficient to form a belief as to the truth of the matter asserted and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs.

27.     No answer is required to the matter asserted in ¶ 27.

28.     LAN denies that it was professionally negligent as alleged by Plaintiffs or that it caused harm to the Plaintiffs. As to the remaining allegations in ¶ 28, LAN is without knowledge or information sufficient to form a belief as to the truth of the matter asserted and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs.

29.     LAN denies that it was professionally negligent as alleged by Plaintiffs or that it caused harm to the Plaintiffs. As to the remaining allegations in ¶ 29, LAN is without knowledge or information sufficient to form a belief as to the truth of the matter asserted and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs.

30.     LAN denies that it was professionally negligent as alleged by Plaintiffs or that it caused harm to the Plaintiffs. As to the remaining allegations in ¶ 30, LAN is without knowledge or information sufficient to

form a belief as to the truth of the matter asserted and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs.

31.   No answer is required to the matter asserted in ¶ 31.

32.   LAN is without knowledge or information sufficient to form a belief as to the truth of the matter asserted and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs.

33.   LAN is without knowledge or information sufficient to form a belief as to the truth of the matter asserted and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs.

34.   No answer is required to the matter asserted in ¶ 34.

35.   Defendant LAN, PC admits that it is incorporated in Michigan and that it maintains an office in Flint Township and Genesee County, Michigan. Defendant LAN, PC denies that it was incorporated by LAN, Inc. or that it was formed in connection with work for the City of Flint or Genesee County. Defendant LAN, PC admits that it held itself out to the world as a "Leo A. Daly Company" and that substantial work by LAN, PC was conducted at LAN, Inc.'s office in Oak Brook, Illinois.

36.   Defendant LAN, Inc. admits that it is a Texas corporation with its headquarters in Houston, Texas, and that it maintains an office in Flint Township and Genesee County, Michigan.  Defendant LAN, Inc. admits that it

holds itself out as a full service consulting firm offering planning, engineering and program management services, including civil infrastructure engineering and municipal water treatment and design.  Defendant LAN, Inc. admits that it is a subsidiary of Leo A. Daly Company and that its website identifies it as "A Leo A. Daly Company."  Defendant LAN, Inc. admits that it contracted directly with the City of Flint but operated in Michigan via LAN, PC.

37.    LAN admits that Defendant Leo A. Daly Company is a Nebraska Corporation and that the quoted language appears on the Leo A. Daly Company website.

38.    LAN denies that Leo A. Daly Company exercises nearly unfettered control over its subsidiary LAN, Inc.   LAN admits that Leo A. Daly, III, serves as Chairman of both LAD and LAN, Inc.  LAN admits that Dennis W. Petersen served as President of LAD and Acting President of LAN, Inc., but states that Mr. Petersen has been replaced by Wayne Swafford as President of LAN, Inc. following a national search. LAN admits that Mr. Daly, Mr. Petersen and Mr. Brader serve on the Board of Directors of LAN, Inc.  LAN admits that Mr. Brader assists LAN, Inc. with certain financial services in his position as CFO of LAD.  LAN admits that LAD and LAN share office space at locations in Hawaii, Los Angeles and Miami.  LAN admits that LAN, Inc. holds itself out as "A Leo A. Daly Company" in that it is a subsidiary of LAD.  LAN denies that LAD

had any involvement in contracting with the City of Flint to perform work at the Flint Water Treatment Plant or that any LAD employees were involved in directing the specific day-to-day activities of LAN personnel working on the Flint Water Treatment Plant project.

39.    Defendants LAN, Inc. and LAN, PC deny that they were professionally negligent as alleged by Plaintiffs or that they caused harm to Plaintiffs.  Defendants LAN, Inc. and LAN, PC also deny that they acted in concert with Leo A. Daly Company.

40.    LAN is without knowledge or information sufficient to form a belief as to the truth of the matter asserted and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs.

41.    LAN is without knowledge or information sufficient to form a belief as to the truth of the matter asserted and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs.

42.    LAN is without knowledge or information sufficient to form a belief as to the truth of the matter asserted and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs.

43.    LAN is without knowledge or information sufficient to form a belief as to the truth of the matter asserted and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs.

44.     LAN is without knowledge or information sufficient to form a belief as to the truth of the matter asserted and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs.

45.     LAN is without knowledge or information sufficient to form a belief as to the truth of the matter asserted and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs.

46.     LAN is without knowledge or information sufficient to form a belief as to the truth of the matter asserted and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs.

47.     LAN is without knowledge or information sufficient to form a belief as to the truth of the matter asserted and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs.

48.     LAN is without knowledge or information sufficient to form a belief as to the truth of the matter asserted and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs.

49.     LAN is without knowledge or information sufficient to form a belief as to the truth of the matter asserted and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs.

50.    LAN is without knowledge or information sufficient to form a belief as to the truth of the matter asserted and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs.

51.    LAN is without knowledge or information sufficient to form a belief as to the truth of the matter asserted and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs.

52.    LAN is without knowledge or information sufficient to form a belief as to the truth of the matter asserted and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs.

53.    LAN is without knowledge or information sufficient to form a belief as to the truth of the matter asserted and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs.

54.    LAN is without knowledge or information sufficient to form a belief as to the truth of the matter asserted and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs.

55.    LAN denies that it was professionally negligent as alleged by Plaintiffs or that it caused harm to the Plaintiffs. As to the remaining allegations in ¶ 55, LAN is without knowledge or information sufficient to form a belief as to the truth of the matter asserted and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs.

56.     LAN is without knowledge or information sufficient to form a belief as to the truth of the matter asserted and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs.

57.     LAN admits that Governor Richard Snyder was the Governor of the State of Michigan and that he exercised the legal authority associated with that office.  As to the remaining allegations in ¶ 57, LAN is without knowledge or information sufficient to form a belief as to the truth of the matter asserted and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs.

58.     LAN admits that the State of Michigan operates the Michigan Department of Environmental Quality pursuant to state law.  As to the remaining allegations in ¶ 58, LAN is without knowledge or information sufficient to form a belief as to the truth of the matter asserted and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs.

59.     LAN admits that Defendant Wyant was the Director of the MDEQ. As to the remaining allegations in ¶ 59, LAN is without knowledge or information sufficient to form a belief as to the truth of the matter asserted and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs.

60.    LAN admits that Defendant Dillon was the Treasurer of the State of Michigan.  As to the remaining allegations in ¶ 60, LAN is without knowledge or information sufficient to form a belief as to the truth of the matter asserted and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs.

61.    LAN admits that Defendant Lyon was the Director of the Department of Health and Human Services (MDHHS). As to the remaining allegations in ¶ 61, LAN is without knowledge or information sufficient to form a belief as to the truth of the matter asserted and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs.

62.    LAN admits that Defendant Peeler was an employee of MDHHS. As to the remaining allegations in ¶ 62, LAN is without knowledge or information sufficient to form a belief as to the truth of the matter asserted and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs.

63.    LAN admits that Defendant Shekter-Smith was the Director of the Office of Drinking Water and Municipal Assistance at MDEQ.  As to the remaining allegations in ¶ 63, LAN is without knowledge or information sufficient to form a belief as to the truth of the matter asserted and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs.

64.     LAN admits that Defendant Rosenthal was a Water Quality Analyst assigned to the Lansing Office of the MDEQ. As to the remaining allegations in ¶ 64, LAN is without knowledge or information sufficient to form a belief as to the truth of the matter asserted and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs.

65.     LAN admits that Defendant Busch was District Supervisor assigned to the Lansing Office of the MDEQ. As to the remaining allegations in ¶ 65, LAN is without knowledge or information sufficient to form a belief as to the truth of the matter asserted and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs.

66.     LAN admits that Defendant Cook was a Water Treatment Specialist assigned to the Lansing Community Drinking Water Unit of the MDEQ. As to the remaining allegations in ¶ 66, LAN is without knowledge or information sufficient to form a belief as to the truth of the matter asserted and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs.

67.     LAN admits that Defendant Prysby was an Engineer assigned to District 11 (Genesee County) of the MDEQ.  As to the remaining allegations in ¶ 67, LAN is without knowledge or information sufficient to form a belief as to

the truth of the matter asserted and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs.

68.    LAN admits that Defendant Wurfel was Communications Director for the MDEQ. As to the remaining allegations in ¶ 68, LAN is without knowledge or information sufficient to form a belief as to the truth of the matter asserted and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs.

69.    LAN admits that Defendant Wright is the Genesee County Drain Commissioner and that he has served in that capacity since approximately 2001. As to the remaining allegations in ¶ 69, LAN is without knowledge or information sufficient to form a belief as to the truth of the matter asserted and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs.

70.    LAN admits that Defendant Kurtz served as Emergency Manager for the City of Flint from approximately August 2012 until July 2013 following his appointment by Governor Snyder.  As to the remaining allegations in ¶ 70, LAN is without knowledge or information sufficient to form a belief as to the truth of the matter asserted and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs.

71.     LAN admits that Defendant Earley served as Emergency Manager for the City of Flint from approximately November 1, 2013 until January 12, 2015 following his appointment by Governor Snyder.  As to the remaining allegations in ¶ 71, LAN is without knowledge or information sufficient to form a belief as to the truth of the matter asserted and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs.

72.     LAN admits that Defendant Ambrose served as Emergency Manager for the City of Flint from January 13, 2015 until April 28, 2013 following his appointment by Governor Snyder.  As to the remaining allegations in ¶ 72, LAN is without knowledge or information sufficient to form a belief as to the truth of the matter asserted and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs.

73.     LAN admits that Defendant Walling served as Mayor of the City of Flint from approximately August 4, 2009 until November 9, 2015. As to the remaining allegations in ¶ 73, LAN is without knowledge or information sufficient to form a belief as to the truth of the matter asserted and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs.

74.     LAN admits that Defendant Croft was the Director of Public Works for the City of Flint.  As to the remaining allegations in ¶ 74, LAN is without knowledge or information sufficient to form a belief as to the truth of the

matter asserted and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs.

75.    LAN is without knowledge or information sufficient to form a belief as to the truth of the matter asserted and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs.

76.    LAN is without knowledge or information sufficient to form a belief as to the truth of the matter asserted and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs.

77.    LAN admits that Defendant City of Flint is a municipal corporation organized and operating pursuant to the laws of the State of Michigan and that it operates a Department of Public Works which provides water to residents and property owners.  As to the remaining allegations in ¶ 77, LAN is without knowledge or information sufficient to form a belief as to the truth of the matter asserted and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs.

78.    LAN is without knowledge or information sufficient to form a belief as to the truth of the matter asserted and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs.

79.     LAN is without knowledge or information sufficient to form a belief as to the truth of the matter asserted and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs.

## STATEMENT OF FACTS

80.     LAN denies that it was professionally negligent as alleged by Plaintiffs or that it caused harm to the Plaintiffs. As to the remaining allegations in ¶ 80, LAN is without knowledge or information sufficient to form a belief as to the truth of the matter asserted and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs.

81.     LAN is without knowledge or information sufficient to form a belief as to the truth of the matter asserted and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs.

82.     LAN is without knowledge or information sufficient to form a belief as to the truth of the matter asserted and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs.

83.     LAN is without knowledge or information sufficient to form a belief as to the truth of the matter asserted and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs.

84.     Based on information and belief, LAN admits that the City of Flint received its water via purchase from the Detroit Water and Sewer Authority

from approximately 1964 until April of 2014 and that this water did not require treatment through the FWTP. As to the remaining allegations in ¶ 84, LAN is without knowledge or information sufficient to form a belief as to the truth of the matter asserted and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs.

85.    LAN is without knowledge or information sufficient to form a belief as to the truth of the matter asserted and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs.

86.    LAN is without knowledge or information sufficient to form a belief as to the truth of the matter asserted and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs.

87.    LAN is without knowledge or information sufficient to form a belief as to the truth of the matter asserted and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs.

88.    LAN is without knowledge or information sufficient to form a belief as to the truth of the matter asserted and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs.

89.    LAN is without knowledge or information sufficient to form a belief as to the truth of the matter asserted and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs.

90.    LAN is without knowledge or information sufficient to form a belief as to the truth of the matter asserted and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs.

91.    LAD is without knowledge or information sufficient to form a belief as to the truth of the matter asserted and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs.

92.    LAN admits that it participated in preparing a report funded by the Genesee County Drain Commissioner in 2011 entitled "Analysis of the Flint River as a Permanent Water Supply for the City of Flint" and that LAN's contribution to the report was the preparation of the Appendix relating to costs. LAN admits that its Appendix included an amount for the projected costs of corrosion control additives. The primary author of the 2011 report was Rowe Engineering.  The report speaks for itself.  LAN further admits that in 2009 it participated in preparing a report entitled, "Preliminary Engineering Report—Lake Huron Water Supply" for the Karegnondi Water Authority along with several other engineering companies, that the primary authors of this study were Wade Trim and Rowe Engineering and that LAN's work on the project related to the water intake at Lake Huron and a pump station and did not involve the FWTP. As to the remaining allegations in ¶ 92, LAN is without knowledge or information sufficient to form a belief as to the

truth of the matter asserted and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs.

93. LAN is without knowledge or information sufficient to form a belief as to the truth of the matter asserted and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs.

94. LAN is without knowledge or information sufficient to form a belief as to the truth of the matter asserted and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs.

95. LAN is without knowledge or information sufficient to form a belief as to the truth of the matter asserted and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs.

96. LAN is without knowledge or information sufficient to form a belief as to the truth of the matter asserted and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs.

97. LAN is without knowledge or information sufficient to form a belief as to the truth of the matter asserted and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs.

98. LAN is without knowledge or information sufficient to form a belief as to the truth of the matter asserted and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs.

99.    LAN is without knowledge or information sufficient to form a belief as to the truth of the matter asserted and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs.

100.    LAN admits that the Lake Huron water to be delivered by the KWA was raw water which needed to be treated.

101.    Based on information and belief, LAN admits that former Governor Snyder appointed Defendant Kurtz as Emergency Manager in August of 2012.  As to the remaining allegations in ¶ 101, LAN is without knowledge or information sufficient to form a belief as to the truth of the matter asserted and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs.

102.    LAN is without knowledge or information sufficient to form a belief as to the truth of the matter asserted and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs.

103.    LAN is without knowledge or information sufficient to form a belief as to the truth of the matter asserted and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs.

104.    LAN is without knowledge or information sufficient to form a belief as to the truth of the matter asserted and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs.

105.   LAN is without knowledge or information sufficient to form a belief as to the truth of the matter asserted and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs.

106.   LAN is without knowledge or information sufficient to form a belief as to the truth of the matter asserted and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs.

107.   LAN is without knowledge or information sufficient to form a belief as to the truth of the matter asserted and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs.

108.   LAN is without knowledge or information sufficient to form a belief as to the truth of the matter asserted and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs.

109.   LAN is without knowledge or information sufficient to form a belief as to the truth of the matter asserted and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs.

110.   LAN is without knowledge or information sufficient to form a belief as to the truth of the matter asserted and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs.

111.   LAN is without knowledge or information sufficient to form a belief as to the truth of the matter asserted and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs.

112.   LAN is without knowledge or information sufficient to form a belief as to the truth of the matter asserted and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs.

113.   LAN is without knowledge or information sufficient to form a belief as to the truth of the matter asserted and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs.

114.   LAN is without knowledge or information sufficient to form a belief as to the truth of the matter asserted and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs.

115.   LAN is without knowledge or information sufficient to form a belief as to the truth of the matter asserted and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs.

116.   LAN is without knowledge or information sufficient to form a belief as to the truth of the matter asserted and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs.

117.   LAN is without knowledge or information sufficient to form a belief as to the truth of the matter asserted and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs.

118.   LAN is without knowledge or information sufficient to form a belief as to the truth of the matter asserted and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs.

119.   LAN is without knowledge or information sufficient to form a belief as to the truth of the matter asserted and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs.

120.   LAN is without knowledge or information sufficient to form a belief as to the truth of the matter asserted and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs.

121.   LAN is without knowledge or information sufficient to form a belief as to the truth of the matter asserted and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs.

122.   LAN is without knowledge or information sufficient to form a belief as to the truth of the matter asserted and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs.

123.   LAN is without knowledge or information sufficient to form a belief as to the truth of the matter asserted and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs.

124.   Based on information and belief, admitted.

125.   Based on information and belief, admitted.

126.   LAN is without knowledge or information sufficient to form a belief as to the truth of the matter asserted and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs.

127.   LAN is without knowledge or information sufficient to form a belief as to the truth of the matter asserted and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs.

128.   LAN is without knowledge or information sufficient to form a belief as to the truth of the matter asserted and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs.

129.   Based on information and belief, admitted.

130.   LAN is without knowledge or information sufficient to form a belief as to the truth of the matter asserted and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs.

131.   LAN is without knowledge or information sufficient to form a belief as to the truth of the matter asserted and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs.

132.   LAN admits only that on or about April 9, 2014, the MDEQ issued construction permits to the City of Flint relating to the initial water main cut-in at the FWTP, certain electrical improvements at the FWTP and the lime residual disposal site at Bray Road. LAN denies that the MDEQ issued a permit for the operation of the FWTP in 2014.

133.   LAN is without knowledge or information sufficient to form a belief as to the truth of the matter asserted and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs.

134.   LAN is without knowledge or information sufficient to form a belief as to the truth of the matter asserted and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs.

135.   LAN is without knowledge or information sufficient to form a belief as to the truth of the matter asserted and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs.

136.   LAN is without knowledge or information sufficient to form a belief as to the truth of the matter asserted and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs.

31

137.   LAN is without knowledge or information sufficient to form a belief as to the truth of the matter asserted and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs.

138.   LAN is without knowledge or information sufficient to form a belief as to the truth of the matter asserted and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs.

139.   LAN is without knowledge or information sufficient to form a belief as to the truth of the matter asserted and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs.

140.   LAN is without knowledge or information sufficient to form a belief as to the truth of the matter asserted and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs.

141.   LAN is without knowledge or information sufficient to form a belief as to the truth of the matter asserted and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs.

142.   LAN is without knowledge or information sufficient to form a belief as to the truth of the matter asserted and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs.

143.   LAN is without knowledge or information sufficient to form a belief as to the truth of the matter asserted and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs.

144.   LAN is without knowledge or information sufficient to form a belief as to the truth of the matter asserted and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs.

145.   LAN is without knowledge or information sufficient to form a belief as to the truth of the matter asserted and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs.

146.   LAN is without knowledge or information sufficient to form a belief as to the truth of the matter asserted and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs.

147.   LAN is without knowledge or information sufficient to form a belief as to the truth of the matter asserted and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs.

148.   LAN admits that it submitted a proposal to the City of Flint relating to upgrading the FWTP dated June 10, 2013, which proposal speaks for itself.  LAN admits that the proposal was signed by J. Warren Green, PE, and Samir Matta, PE.

149.   The language of the June 10, 2013 proposal speaks for itself.

150.   The language of the June 10, 2013 proposal speaks for itself.

151.   LAN admits that it was retained by the City of Flint in June of 2013 to perform only tasks I and II outlined in Appendix A to the June 10, 2013 proposal at a cost of $171,000.  By way of further response, LAN's scope of work was modified by change orders 2 (November 2013), 3 (October 2014), 4 (April 2015), and 5 (December 2015).  LAN denies that it was paid more than $3.8 million for engineering services related to the FWTP for the reason that it is untrue.  As to the remaining allegations in ¶ 151, LAN is without knowledge or information sufficient to form a belief as to the truth of the matter asserted and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs.

152.   Based on information and belief, admitted.

153.   LAN admits that on June 26, 2013, Warren Green and Jeff Hansen of LAN met with representatives of the City of Flint, the MDEQ, the Genesee County Drain Commissioner, Rowe Engineering and O'Malia Consulting to discuss the FWTP and that following this meeting the City contracted with LAN to perform tasks I and II from Appendix A to LAN's June 10, 2013 proposal. LAN denies that it participated in a meeting with the City, the MDEQ and the Genesee County Drain Commissioner's office on June 29, 2013.

34

154.   LAN is without knowledge or information sufficient to form a belief as to the truth of the matter asserted and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs.  By way of further response, LAN denies that a document prepared by the City of Flint in January of 2015 would be properly characterized as "incomplete meeting minutes" of a meeting in June of 2013.

155.   LAN denies that it was directly involved in conversations about the potential for lead contamination in the period following the switch to the Flint River water source in April of 2014. LAN admits that at the June 26, 2013 meeting, MDEQ officials told the City of Flint that it was not necessary for the City to implement corrosion control treatment and that the City could implement two 6-month rounds of sampling and monitoring in order to comply with the Lead and Copper Rule, that following this meeting LAN sought to have the city revisit the issue of corrosion control treatment, and that LAN was told that the City would do only that which was required by the MDEQ.  By way of further response, the September 3, 2015 email from Howard Croft speaks for itself.

156.   LAN admits that the FWTP served as a secondary and backup water supply system for the City of Flint for many years prior to 2014.  As to the remaining allegations in ¶ 156, LAN is without knowledge or information

sufficient to form a belief as to the truth of the matter asserted and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs.

157.   Based on information and belief, LAN admits that the FWTP received certain upgrades during the period from approximately 2001 through 2004.  As to the remaining allegations in ¶ 157, LAN is without knowledge or information sufficient to form a belief as to the truth of the matter asserted and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs.

158.   LAN denies the allegations in ¶ 158 of the Complaint as stated.  By way of further response, LAN admits that many components of the FWTP needed upgrading in order to operate on a full-time basis.

159.   LAN denies the allegations in ¶ 159 of the Complaint as to LAN. As to the remaining allegations in ¶ 159, LAN is without knowledge or information sufficient to form a belief as to the truth of the matter asserted and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs. By way of further response, LAN consistently recommended to the City of Flint during the relevant time period that it conduct a final plant test run prior to distribution of water to the public for a minimum of 60-90 days to test finished water quality parameters, which would include corrosivity, and that it use appropriate corrosion control treatment as necessary based on the data

36

developed during the final plant test run. LAN does not know whether or not the City conducted a final plant test run in the Spring of 2014 prior to distributing water to the public. In addition, LAN consistently recommended the use of full softening using both lime and soda ash at the FWTP. In addition, LAN informed the City of Flint following the City's initial, failed plant test run in the Summer of 2013 that, due to the failed plant test run, it was unable to complete a Preliminary Engineering Report, and the City of Flint responded by asking LAN to focus on improvements which would be needed to facilitate using the FWTP to treat water from Lake Huron to be delivered by the KWA. In Change Order #2 issued in November 2013, the City narrowed LAN's scope of work in Change Order #2 to the specific tasks identified in the attached "Proposed Scope of Upgrades to Flint WTP" document: 1) upgrade of liquid oxygen and liquid nitrogen storage facilities, 2) upgrades to electrical systems, 3) upgrade to mid-point chlorination piping system, 4) upgrade to pump station no. 4, 5) installation of a raw water piping connection for KWA water, and 6) development of lime residual disposal plan. In fact, substantially all of the work performed by LAN was performed at facilities separate from the main water treatment plant.

160. LAN denies the allegations in ¶ 160 of the Complaint as stated. LAN admits only that on or about April 9, 2014, the MDEQ issued construction

permits to the City of Flint relating to the initial water main cut-in at the

FWTP, certain electrical improvements at the FWTP and the lime residual

disposal site at Bray Road.

161.   LAN admits that chlorides may be corrosive under certain

conditions. LAN further admits that corrosive water should be made

noncorrosive prior to distribution to a public water system.  LAN further

admits that corrosive water in the distribution system may result in the

corrosion of pipes, such that metals in the pipes, including lead, will leach into

drinking water. LAN denies that it is always true that "chlorides must be

neutralized with anticorrosive agents, such as phosphates, before entering

public water systems." As to the remaining allegations in ¶ 161, LAN is

without knowledge or information sufficient to form a belief as to the truth of

the matter asserted and therefore neither admits nor denies but rather leaves

Plaintiffs to their proofs.  By way of further response, LAN consistently

recommended to the City of Flint during the relevant time period that it

conduct a final plant test run prior to distribution of water to the public for a

minimum of 60-90 days to test finished water quality parameters, which

would include corrosivity, and that it use appropriate corrosion control

treatment as necessary based on the data developed during the final plant test

run. LAN does not know whether or not the City conducted a final plant test

run in the Spring of 2014 prior to distributing water to the public. In addition, LAN consistently recommended the use of full softening using both lime and soda ash at the FWTP. In addition, LAN informed the City of Flint following the City's initial, failed plant test run in the Summer of 2013 that, due to that failed plant test run, it was unable to complete a Preliminary Engineering Report, and the City of Flint responded by asking LAN to focus on improvements which would be needed to facilitate using the FWTP to treat water from Lake Huron to be delivered by the KWA. In Change Order #2 issued in November 2013, the City narrowed LAN's scope of work in Change Order #2 to the specific tasks identified in the attached "Proposed Scope of Upgrades to Flint WTP" document: 1) upgrade of liquid oxygen and liquid nitrogen storage facilities, 2) upgrades to electrical systems, 3) upgrade to mid-point chlorination piping system, 4) upgrade to pump station no. 4, 5) installation of a raw water piping connection for KWA water, and 6) development of lime residual disposal plan. In fact, substantially all of the work performed by LAN was performed at facilities separate from the main water treatment plant.

162. LAN denies that it was professionally negligent as alleged by Plaintiffs, that its actions caused harm to Plaintiffs or that it recommended that the City distribute water to the public without the use of an appropriate corrosion control additive. By way of further response, LAN consistently

39

recommended to the City of Flint during the relevant time period that it

conduct a final plant test run prior to distribution of water to the public for a

minimum of 60-90 days to test finished water quality parameters, which

would include corrosivity, and that it use appropriate corrosion control

treatment as necessary based on the data developed during the final plant test

run. LAN does not know whether or not the City conducted a final plant test

run in the Spring of 2014 prior to distributing water to the public. In addition,

LAN consistently recommended the use of full softening using both lime and

soda ash at the FWTP. In addition, LAN informed the City of Flint following the

City's initial, failed plant test run in the Summer of 2013 that, due to that failed

plant test run, it was unable to complete a Preliminary Engineering Report,

and the City of Flint responded by asking LAN to focus on improvements

which would be needed to facilitate using the FWTP to treat water from Lake

Huron to be delivered by the KWA. In Change Order #2 issued in November

2013, the City narrowed LAN's scope of work in Change Order #2 to the

specific tasks identified in the attached "Proposed Scope of Upgrades to Flint

WTP" document: 1) upgrade of liquid oxygen and liquid nitrogen storage

facilities, 2) upgrades to electrical systems, 3) upgrade to mid-point

chlorination piping system, 4) upgrade to pump station no. 4, 5) installation of

a raw water piping connection for KWA water, and 6) development of lime

residual disposal plan. In fact, substantially all of the work performed by LAN was performed at facilities separate from the main water treatment plant.

163.   LAN denies that it was professionally negligent as alleged by Plaintiffs or that its actions caused harm to Plaintiffs.  LAN denies that its scope of work was as stated by Plaintiffs and affirmatively states that its scope of work was established by its contract with the City of Flint, including change orders.  LAN denies that its actions facilitated the transfer of Flint's water source to the FWTP without proper corrosion control treatment. LAN admits that on or about April 9, 2014, the MDEQ issued construction permits to the City of Flint relating to the initial water main cut-in at the FWTP, certain electrical improvements at the FWTP and the lime residual disposal site at Bray Road pursuant to applications which LAN helped prepare. LAN denies that the MDEQ issued a permit for the operation of the FWTP in 2014. LAN denies that it was responsible to or had the authority to require water quality standards to be set for the Flint River water that would be delivered to Flint's residents and property owners, that it was contracted to do so or that it was provided with the necessary information by the City of Flint to do so. By way of further response, LAN states that requiring water quality standards to be set for the Flint River water was a governmental function to be performed by the MDEQ.  By way of further response, LAN consistently recommended to the

41

City of Flint during the relevant time period that it conduct a final plant test run prior to distribution of water to the public for a minimum of 60-90 days to test finished water quality parameters, which would include corrosivity, and that it use appropriate corrosion control treatment as necessary based on the data developed during the final plant test run. LAN does not know whether or not the City conducted a final plant test run in the Spring of 2014 prior to distributing water to the public. In addition, LAN consistently recommended the use of full softening using both lime and soda ash at the FWTP. In addition, LAN informed the City of Flint following the City's initial, failed plant test run in the Summer of 2013 that, due to the failed plant test run, it was unable to complete a Preliminary Engineering Report, and the City of Flint responded by asking LAN to focus on improvements which would be needed to facilitate using the FWTP to treat water from Lake Huron to be delivered by the KWA. In Change Order #2 issued in November 2013, the City narrowed LAN's scope of work in Change Order #2 to the specific tasks identified in the attached "Proposed Scope of Upgrades to Flint WTP" document: 1) upgrade of liquid oxygen and liquid nitrogen storage facilities, 2) upgrades to electrical systems, 3) upgrade to mid-point chlorination piping system, 4) upgrade to pump station no. 4, 5) installation of a raw water piping connection for KWA water, and 6) development of lime residual disposal plan. In fact, substantially all of

42

the work performed by LAN was performed at facilities separate from the main water treatment plant.

164.   LAN admits that the City of Flint changed over to the use of the Flint River water source in the Spring of 2014. Based on information and belief, LAN further admits that Mr. Glasgow had warned the MDEQ that the Flint WTP was not ready. As the remaining allegations in ¶ 164, LAN is without knowledge or information sufficient to form a belief as to the truth of the matter asserted and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs.

165.   LAN is without knowledge or information sufficient to form a belief as to the truth of the matter asserted and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs.

166.   LAN is without knowledge or information sufficient to form a belief as to the truth of the matter asserted and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs.

167.   LAN is without knowledge or information sufficient to form a belief as to the truth of the matter asserted and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs.

168. Based on information and belief, LAN admits that the City of Flint issued water boil advisories due to the presence of fecal coliform bacteria in the water supply in August and September of 2014.

169. LAN is without knowledge or information sufficient to form a belief as to the truth of the matter asserted and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs.

170. LAN admits only that the use of chlorine to disinfect water may produce disinfection byproducts, sometimes including trihalomethanes. LAN denies the second sentence of ¶ 170 is true as a general proposition.

171. LAN denies the allegations in the second sentence of ¶ 171. As to the remaining allegations in ¶ 171, LAN is without knowledge or information sufficient to form a belief as to the truth of the matter asserted and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs.

172. LAN is without knowledge or information sufficient to form a belief as to the truth of the matter asserted and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs.

173. LAN is without knowledge or information sufficient to form a belief as to the truth of the matter asserted and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs.

174.   LAN admits that Legionnaire's disease is a form of pneumonia. Based on information and belief, LAN admits that this disease may occur in humans when *legionella* bacteria are inhaled.  LAN denies the allegations in the third sentence of ¶ 174. As to the remaining allegations in ¶ 174, LAN is without knowledge or information sufficient to form a belief as to the truth of the matter asserted and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs.

175.   LAN is without knowledge or information sufficient to form a belief as to the truth of the matter asserted and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs.

176.   LAN is without knowledge or information sufficient to form a belief as to the truth of the matter asserted and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs.

177.   LAN denies the allegations in ¶ 177 of the Complaint as to LAN. As to the remaining allegations in ¶ 177, LAN is without knowledge or information sufficient to form a belief as to the truth of the matter asserted and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs.

178.   Based on information and belief, LAN admits that much of the water distribution system in the City of Flint is now over 75 years old and

45

constructed of iron, which can be subject to corrosion. LAN further admits that unlined cast iron pipe is subject to internal corrosion which may lead to reduced flow and pressures, leakage, and the development of biofilms.

179.   LAN is without knowledge or information sufficient to form a belief as to the truth of the matter asserted and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs.

180.   LAN is without knowledge or information sufficient to form a belief as to the truth of the matter asserted and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs.

181.   LAN is without knowledge or information sufficient to form a belief as to the truth of the matter asserted and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs.

182.   LAN is without knowledge or information sufficient to form a belief as to the truth of the matter asserted and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs.

183.   LAN is without knowledge or information sufficient to form a belief as to the truth of the matter asserted and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs.

184. LAN is without knowledge or information sufficient to form a belief as to the truth of the matter asserted and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs.

185. LAN is without knowledge or information sufficient to form a belief as to the truth of the matter asserted and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs.

186. LAN is without knowledge or information sufficient to form a belief as to the truth of the matter asserted and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs.

187. LAN admits that the TTHM reports prepared by it do not mention water sampling and testing by the City. As the remaining allegations in ¶ 187, LAN is without knowledge or information sufficient to form a belief as to the truth of the matter asserted and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs. By way of further response, during the time frame in which LAN was asked to prepare a report addressing the TTHM issues, LAN recommended that the City engage it to perform a study of finished water quality, and the City refused and directed LAN to address only the TTHM issue by using existing equipment and processes. In addition, the City informed LAN that it was planning to engage a different company to address finished water quality and operational concerns.

47

188.   LAN admits that it was asked to address the problem of elevated TTHM's in the Fall of 2014 and that it prepared a final report regarding the problem in August of 2015 entitled "Trihalomethane Formation Control." By way of further response, LAN recommended in the Fall of 2014 that the City engage it to perform a study of finished water quality, and the City refused and directed LAN to address only the TTHM issue by using existing equipment and processes. In addition, the City informed LAN that it was planning to engage a different company to address finished water quality and operational concerns.

189.   LAN admits that it issued a draft report entitled "Trihalomethane Formation Concern" in November of 2014 and that the report did not address any concerns regarding lead. LAN denies that it was hired to study water quality beyond addressing the TTHM issue by using existing equipment and processes. By way of further response, at the time that the City asked LAN to address the TTHM issue, LAN recommended that the City engage it to perform a study of finished water quality. The City refused and directed LAN to address only the TTHM issue by using existing equipment and processes. In addition, the City informed LAN that it was planning to engage a different company to address finished water quality and operational concerns.

190.   LAN is without knowledge or information sufficient to form a belief as to the truth of the matter asserted and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs.

191.   LAN is without knowledge or information sufficient to form a belief as to the truth of the matter asserted and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs.

192.   LAN is without knowledge or information sufficient to form a belief as to the truth of the matter asserted and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs.

193.   LAN is without knowledge or information sufficient to form a belief as to the truth of the matter asserted and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs.

194.   LAN denies that it missed or refused to warn about corrosive water. As to the remaining allegations in ¶ 194, LAN is without knowledge or information sufficient to form a belief as to the truth of the matter asserted and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs. By way of further response, LAN recommended in the Fall of 2014 that the City engage it to perform a study of finished water quality, and the City refused and directed LAN to address only the TTHM issue by using existing equipment and processes. In addition, the City informed LAN that it was

49

planning to engage a different company to address finished water quality and operational concerns.

195.  LAN is without knowledge or information sufficient to form a belief as to the truth of the matter asserted and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs.

196.  LAN is without knowledge or information sufficient to form a belief as to the truth of the matter asserted and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs.

197.  LAN is without knowledge or information sufficient to form a belief as to the truth of the matter asserted and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs.

198.  LAN is without knowledge or information sufficient to form a belief as to the truth of the matter asserted and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs.

199.  LAN is without knowledge or information sufficient to form a belief as to the truth of the matter asserted and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs.

200.  LAN is without knowledge or information sufficient to form a belief as to the truth of the matter asserted and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs.

201.   LAN is without knowledge or information sufficient to form a belief as to the truth of the matter asserted and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs.

202.   LAN is without knowledge or information sufficient to form a belief as to the truth of the matter asserted and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs.

203.   LAN is without knowledge or information sufficient to form a belief as to the truth of the matter asserted and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs.

204.   LAN is without knowledge or information sufficient to form a belief as to the truth of the matter asserted and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs.

205.   LAN is without knowledge or information sufficient to form a belief as to the truth of the matter asserted and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs.

206.   LAN is without knowledge or information sufficient to form a belief as to the truth of the matter asserted and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs.

207.   LAN is without knowledge or information sufficient to form a belief as to the truth of the matter asserted and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs.

208.   LAN denies that its actions or inaction caused the residents of the City of Flint to be exposed to poisonous water for any period of time.  As to the remaining allegations in ¶ 208, LAN is without knowledge or information sufficient to form a belief as to the truth of the matter asserted and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs.

209.   LAN admits that it was hired by the City of Flint and that its scope of services is sent forth in its contract with the City, including several change orders which modified the contract.  LAN admits that it issued a version of its report "Trihalomethane Formation Concern" in February of 2015.  LAN denies that it failed to conduct a root cause analysis as to why high TTHM levels existed. As to the remaining allegations in ¶ 209, LAN is without knowledge or information sufficient to form a belief as to the truth of the matter asserted and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs. By way of further response, LAN recommended in the Fall of 2014 that the City engage it to perform a study of finished water quality, and the City refused and directed LAN to address only the TTHM issue by using existing equipment and processes. In addition, the City informed LAN that it was

planning to engage a different company to address finished water quality and operational concerns.

210.   LAN denies the allegations in the first sentence of ¶ 210. As to the remaining allegations in ¶ 210, LAN is without knowledge or information sufficient to form a belief as to the truth of the allegations in that paragraph about what is "widely known in the scientific community" and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs.

211.   LAN denies that it failed to conduct a root cause analysis as to why high TTHM levels existed which is the specific issue it was retained to investigate. As to the allegations in ¶ 211 about what had been "highly publicized" before March 12, 2015, LAN is without knowledge or information sufficient to form a belief as to the truth of the matter asserted and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs. LAN denies the remaining allegations in ¶ 211.

212.   LAN denies the allegations in ¶ 212 as to LAN. As to the remaining allegations in ¶ 212, LAN is without knowledge or information sufficient to form a belief as to the truth of the matter asserted and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs.

213.   LAN agrees a document entitled Source Water Assessment Report for the City of Flint Water Supply Flint River Emergency Intake February 2004

states on its face that it was prepared by the U.S. Geological Survey, Water Resources Division, Michigan District, the Michigan Department of Environmental Quality, Water Division, and the City of Flint Water Utilities Department, that document includes at page 15, in the section headed Summary and Recommendations, the statement:

> The SWA for the Flint Intake includes 8 listed potential contaminant sources within the susceptible area, numerous storm drains discharging upstream from the intake, a railroad crossing plus urban, agricultural and industrial runoff from the Flint River watershed. Combining these potential contaminant sources with the very highly sensitive intake yields a very highly susceptible determination for Flint source water.

That document, however, does not appear explicitly to discuss contamination of the Flint River with chlorides or a chloride-to-sulfate mass ratio in the finished water. LAN does not otherwise have enough knowledge or information to form a belief as to the truth of the allegations in the second sentence of ¶213. LAN likewise does not have enough knowledge or information to form a belief as to the truth of the allegations in the fourth sentence of ¶213 or of the allegations elsewhere in that paragraph to the extent they concern one or more of the LAN Defendants. LAN otherwise denies the allegations in ¶ 213.

214.   LAN denies the allegations in ¶ 214 to the extent they refer to LAN.  LAN also denies, based on information and belief, that "[o]utbreaks of Legionnaires' disease are rare unless pipes have been stripped of their bio-film by warm, corrosive water." As to the remaining allegations in ¶ 214, LAN is without knowledge or information sufficient to form a belief as to the truth of the matter asserted and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs.

215.   LAN agrees it was well-known in 2014 and 2015 to some scientists as well as to some other people that some pipes, including some old municipal water service lines, contain lead and that some corroded water pipes that contain lead may under some conditions leach lead into drinking water if they are part of a drinking water distribution system or plumbing, but LAN does not otherwise have enough knowledge or information to form a belief as to the truth of the allegations in the first sentence of ¶ 215. LAN denies that the language contained in quotation marks in the third sentence of ¶ 215 is a complete and accurate quotation of the paragraph from which it is taken but agrees the language appears in the foreword of the work to which it is ascribed. LAN does not have enough knowledge or information to form a belief as to the truth of the allegations in the fourth sentence of ¶ 215. LAN otherwise denies the allegations in ¶ 215.

55

216. LAN admits that corrosion of iron water mains and breaks in water mains were a cause of much of the discoloration of the municipally-supplied water about which some Flint residents complained. LAN does not have enough knowledge or information to form a belief as to the truth of the allegations in ¶ 216 concerning what the LAN Defendants should have inferred from the presence of rust in the City's water. LAN otherwise denies the allegations in ¶ 216.

217. LAN does not have enough knowledge or information to form a belief as to the truth of the allegations in the first sentence of ¶ 217 concerning the motivations of those who promulgated the LCR in 1991. LAN does not have enough knowledge or information to form a belief as to the truth of the allegations in the second sentence of ¶ 217 to the extent that sentence refers to what "Flint's own sampling analysis" may have "indicated" to the City of Flint, MDEQ, or others who participated in conducting the analysis or had full knowledge of the way in which it was conducted. LAN denies the allegations in that sentence to the extent they refer to what "Flint's own sampling analysis" indicated to LAN. As to the last sentence in that paragraph, LAN is without knowledge or information sufficient to form a belief as to the truth of the matter asserted and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs.

56

218.   LAN denies the allegations in ¶ 218.

219.   LAN admits ferric chloride is commonly used as a coagulant by many water treatment plants to assist in causing organic particles to settle out of the water during the treatment process. LAN admits ferric chloride is acidic. LAN admits adding acidic water treatment chemicals to water can, under some circumstances, lower the pH of water near where the chemical is added. LAN otherwise denies the allegations in the first sentence of ¶ 219. As to the remaining allegations in ¶ 219, LAN is without knowledge or information sufficient to form a belief as to the truth of the matter asserted and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs.

220.   LAN is without knowledge or information sufficient to form a belief as to the truth of the matter asserted and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs.

221.   LAN is without knowledge or information sufficient to form a belief as to the truth of the matter asserted and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs.

222.   LAN is without knowledge or information sufficient to form a belief as to the truth of the matter asserted and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs.

223.   LAN is without knowledge or information sufficient to form a belief as to the truth of the matter asserted and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs.

224.   LAN is without knowledge or information sufficient to form a belief as to the truth of the matter asserted and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs.

225.   LAN denies the allegations in ¶ 225 as stated.  LAN admits that it recommended increasing the dosage of ferric chloride in its August 2015 report, "Trihalomethane Formation Concern." By way of further response, LAN recommended in the Fall of 2014 that the City engage it to perform a study of finished water quality, and the City refused and directed LAN to address only the TTHM issue by using existing equipment and processes. In addition, the City informed LAN that it was planning to engage a different company to address finished water quality and operational concerns.

226.   LAN denies the allegations in ¶ 226.

227.   LAN is without knowledge or information sufficient to form a belief as to the truth of the matter asserted and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs.

228.   LAN admits that pH is ordinarily measured on a logarithmic scale. As to the remaining allegations in ¶ 228, LAN is without knowledge or

information sufficient to form a belief as to the truth of the matter asserted and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs.

229.   LAN is without knowledge or information sufficient to form a belief as to the truth of the matter asserted and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs.

230.   LAN is without knowledge or information sufficient to form a belief as to the truth of the matter asserted and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs.

231.   LAN denies the allegations in the last sentence of ¶ 231. As to the remaining allegations in ¶ 231, LAN is without knowledge or information sufficient to form a belief as to the truth of the matter asserted and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs.

232.   LAN admits that it considered the pH level of the Flint River water in connection with its work to address the TTHM issue. LAN admits that it recommended an increase in the dosage of ferric chloride in its August 2015 report entitled "Trihalomethane Formation Concern." LAN denies the allegations in the third sentence of ¶ 232 as to LAN. As to the remaining allegations in ¶ 232, LAN is without knowledge or information sufficient to form a belief as to the truth of the matter asserted and therefore neither

admits nor denies but rather leaves Plaintiffs to their proofs. By way of further response, LAN consistently recommended to the City of Flint during the relevant time period that it conduct a final plant test run prior to distribution of water to the public for a minimum of 60-90 days to test finished water quality parameters, which would include corrosivity, and that it use appropriate corrosion control treatment as necessary based on the data developed during the final plant test run. LAN does not know whether or not the City conducted a final plant test run in the Spring of 2014 prior to distributing water to the public. In addition, LAN consistently recommended the use of full softening using both lime and soda ash at the FWTP. In addition, LAN informed the City of Flint following the City's initial, failed plant test run in the Summer of 2013 that, due to that failed plant test run, it was unable to complete a Preliminary Engineering Report, and the City of Flint responded by asking LAN to focus on improvements which would be needed to facilitate using the FWTP to treat water from Lake Huron to be delivered by the KWA. In Change Order #2 issued in November 2013, the City narrowed LAN's scope of work in Change Order #2 to the specific tasks identified in the attached "Proposed Scope of Upgrades to Flint WTP" document: 1) upgrade of liquid oxygen and liquid nitrogen storage facilities, 2) upgrades to electrical systems, 3) upgrade to mid-point chlorination piping system, 4) upgrade to pump

station no. 4, 5) installation of a raw water piping connection for KWA water, and 6) development of lime residual disposal plan. In fact, substantially all of the work performed by LAN was performed at facilities separate from the main water treatment plant. In addition, LAN recommended in the Fall of 2014 that the City engage it to perform a study of finished water quality, and the City refused and directed LAN to address only the TTHM issue by using existing equipment and processes. In addition, the City informed LAN that it was planning to engage a different company to address finished water quality and operational concerns. In addition, following issuance of the final Veolia report in March of 2015, LAN asked the City to authorize LAN to design and implement phosphate additive equipment at the FWTP, but the City did not do so until the Fall of 2015.

233.   LAN is without knowledge or information sufficient to form a belief as to the truth of the matter asserted and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs.

234.   Based on information and belief, admitted.

235.   LAN is without knowledge or information sufficient to form a belief as to the truth of the matter asserted and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs.

236. LAN is without knowledge or information sufficient to form a belief as to the truth of the matter asserted and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs.

237. LAN is without knowledge or information sufficient to form a belief as to the truth of the matter asserted and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs.

238. LAN is without knowledge or information sufficient to form a belief as to the truth of the matter asserted and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs.

239. LAN is without knowledge or information sufficient to form a belief as to the truth of the matter asserted and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs.

240. LAN is without knowledge or information sufficient to form a belief as to the truth of the matter asserted and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs.

241. LAN is without knowledge or information sufficient to form a belief as to the truth of the matter asserted and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs.

242.   LAN is without knowledge or information sufficient to form a belief as to the truth of the matter asserted and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs.

243.   LAN is without knowledge or information sufficient to form a belief as to the truth of the matter asserted and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs.

244.   LAN is without knowledge or information sufficient to form a belief as to the truth of the matter asserted and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs.

245.   LAN is without knowledge or information sufficient to form a belief as to the truth of the matter asserted and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs.

246.   LAN is without knowledge or information sufficient to form a belief as to the truth of the matter asserted and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs.

247.   LAN is without knowledge or information sufficient to form a belief as to the truth of the matter asserted and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs.

248.   LAN is without knowledge or information sufficient to form a belief as to the truth of the matter asserted and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs.

249.   LAN is without knowledge or information sufficient to form a belief as to the truth of the matter asserted and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs.

250.   LAN is without knowledge or information sufficient to form a belief as to the truth of the matter asserted and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs.

251.   Denied as to the LAN Defendants. As to the remaining allegations in ¶ 251, LAN is without knowledge or information sufficient to form a belief as to the truth of the matter asserted and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs.

252.   LAN is without knowledge or information sufficient to form a belief as to the truth of the matter asserted and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs.

253.   LAN is without knowledge or information sufficient to form a belief as to the truth of the matter asserted and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs.

254.  LAN is without knowledge or information sufficient to form a belief as to the truth of the matter asserted and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs.

255.  LAN is without knowledge or information sufficient to form a belief as to the truth of the matter asserted and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs.

256.  LAN is without knowledge or information sufficient to form a belief as to the truth of the matter asserted and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs.

257.  LAN is without knowledge or information sufficient to form a belief as to the truth of the matter asserted and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs.

258.  LAN is without knowledge or information sufficient to form a belief as to the truth of the matter asserted and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs.

259.  LAN is without knowledge or information sufficient to form a belief as to the truth of the matter asserted and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs.

260.   LAN is without knowledge or information sufficient to form a belief as to the truth of the matter asserted and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs.

261.   LAN is without knowledge or information sufficient to form a belief as to the truth of the matter asserted and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs.

262.   LAN is without knowledge or information sufficient to form a belief as to the truth of the matter asserted and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs.

263.   LAN is without knowledge or information sufficient to form a belief as to the truth of the matter asserted and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs.

264.   LAN is without knowledge or information sufficient to form a belief as to the truth of the matter asserted and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs.

265.   LAN is without knowledge or information sufficient to form a belief as to the truth of the matter asserted and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs.

266.   LAN is without knowledge or information sufficient to form a belief as to the truth of the matter asserted and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs.

267.   LAN is without knowledge or information sufficient to form a belief as to the truth of the matter asserted and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs.

268.   LAN is without knowledge or information sufficient to form a belief as to the truth of the matter asserted and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs.

269.   LAN is without knowledge or information sufficient to form a belief as to the truth of the matter asserted and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs.

270    LAN is without knowledge or information sufficient to form a belief as to the truth of the matter asserted and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs.

271.   LAN is without knowledge or information sufficient to form a belief as to the truth of the matter asserted and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs.

272.   LAN is without knowledge or information sufficient to form a belief as to the truth of the matter asserted and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs.

273.   LAN is without knowledge or information sufficient to form a belief as to the truth of the matter asserted and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs.

274.   LAN is without knowledge or information sufficient to form a belief as to the truth of the matter asserted and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs.

275.   LAN is without knowledge or information sufficient to form a belief as to the truth of the matter asserted and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs.

276.   LAN is without knowledge or information sufficient to form a belief as to the truth of the matter asserted and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs.

277.   LAN is without knowledge or information sufficient to form a belief as to the truth of the matter asserted and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs.

278.   LAN is without knowledge or information sufficient to form a belief as to the truth of the matter asserted and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs.

279.   LAN is without knowledge or information sufficient to form a belief as to the truth of the matter asserted and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs.

280.   LAN is without knowledge or information sufficient to form a belief as to the truth of the matter asserted and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs.

281.   LAN is without knowledge or information sufficient to form a belief as to the truth of the matter asserted and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs.

282.   LAN is without knowledge or information sufficient to form a belief as to the truth of the matter asserted and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs.

283.   LAN is without knowledge or information sufficient to form a belief as to the truth of the matter asserted and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs.

284.   LAN is without knowledge or information sufficient to form a
belief as to the truth of the matter asserted and therefore neither admits nor
denies but rather leaves Plaintiffs to their proofs.

285.   LAN is without knowledge or information sufficient to form a
belief as to the truth of the matter asserted and therefore neither admits nor
denies but rather leaves Plaintiffs to their proofs.

286.   LAN is without knowledge or information sufficient to form a
belief as to the truth of the matter asserted and therefore neither admits nor
denies but rather leaves Plaintiffs to their proofs.

287.   LAN admits only that the City reconnected to the Detroit Water
and Sewer Department water source in October of 2015.  As to the remaining
allegations in ¶ 287, LAN is without knowledge or information sufficient to
form a belief as to the truth of the matter asserted and therefore neither
admits nor denies but rather leaves Plaintiffs to their proofs.

288.   Based on information and belief, admitted.

289.   LAN admits only that in June of 2013, the MDEQ advised the City
of Flint that it did not need to utilize corrosion control treatment at the time it
changed its water source to the Flint River and that the City could comply with
the LCR by performing two six-month rounds of sampling and testing for lead
and copper.  As to the remaining allegations in ¶ 289, LAN is without

70

knowledge or information sufficient to form a belief as to the truth of the matter asserted and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs.

290.   LAN is without knowledge or information sufficient to form a belief as to the truth of the matter asserted and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs.

291.   LAN admits that in late August or early September of 2015, it was advised by the City that lead in the water had become a concern, that LAN was asked at that time to design and implement a phosphate additive system and that LAN performed this design work in an expedited manner.  As to the remaining allegations in ¶ 291, LAN is without knowledge or information sufficient to form a belief as to the truth of the matter asserted and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs.

292.   LAN is without knowledge or information sufficient to form a belief as to the truth of the matter asserted and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs.

293.   LAN is without knowledge or information sufficient to form a belief as to the truth of the matter asserted and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs.

294.   LAN is without knowledge or information sufficient to form a belief as to the truth of the matter asserted and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs.

295.   LAN is without knowledge or information sufficient to form a belief as to the truth of the matter asserted and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs.

296.   LAN is without knowledge or information sufficient to form a belief as to the truth of the matter asserted and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs.

297.   LAN is without knowledge or information sufficient to form a belief as to the truth of the matter asserted and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs.

298.   LAN is without knowledge or information sufficient to form a belief as to the truth of the matter asserted and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs.

299.   LAN is without knowledge or information sufficient to form a belief as to the truth of the matter asserted and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs.

300.   LAN is without knowledge or information sufficient to form a belief as to the truth of the matter asserted and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs.

301.   LAN is without knowledge or information sufficient to form a belief as to the truth of the matter asserted and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs.

302.   LAN is without knowledge or information sufficient to form a belief as to the truth of the matter asserted and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs.

303.   LAN is without knowledge or information sufficient to form a belief as to the truth of the matter asserted and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs.

304.   LAN is without knowledge or information sufficient to form a belief as to the truth of the matter asserted and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs.

305.   LAN is without knowledge or information sufficient to form a belief as to the truth of the matter asserted and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs.

306.   LAN is without knowledge or information sufficient to form a belief as to the truth of the matter asserted and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs.

307.   LAN is without knowledge or information sufficient to form a belief as to the truth of the matter asserted and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs.

308.   LAN is without knowledge or information sufficient to form a belief as to the truth of the matter asserted and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs.

309.   LAN is without knowledge or information sufficient to form a belief as to the truth of the matter asserted and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs.

310.   LAN is without knowledge or information sufficient to form a belief as to the truth of the matter asserted and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs.

311.   LAN is without knowledge or information sufficient to form a belief as to the truth of the matter asserted and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs.

312.   LAN is without knowledge or information sufficient to form a belief as to the truth of the matter asserted and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs.

313.   LAN agrees, based on information and belief, that during at least part of the time the City of Flint used the Flint River as a water source the water in the distribution system corroded some metal water pipes and that at various times it became predictable to some people that this would occur. LAN otherwise denies the first two sentences of ¶ 313. As to the third and fourth sentences of ¶ 313, LAN is without knowledge or information sufficient to form a belief as to the truth of the matter asserted and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs.

314.   LAN admits that some adverse health effects of lead are well known but otherwise denies the allegations in the first sentence of ¶ 314. LAN does not have enough knowledge or information to form a belief as to whether or not the USEPA has made the statement attributed to it in ¶ 314. LAN agrees that, as a general matter, very young children tend to be more susceptible to injury from ingesting lead than older children and adults. LAN does not agree that everyone, or every young child, who ingests some amount of lead will experience toxic effects like those itemized by plaintiffs in ¶ 314.

75

315.   LAN does not have sufficient knowledge or information to form a belief as to whether or not the World Health Organization has made the statement attributed to it in ¶ 315. LAN does not agree that everyone, or every young child, who ingests some amount of lead will experience toxic effects like those itemized by plaintiffs in ¶ 315.

316.   LAN does not have sufficient knowledge or information to form a belief as to whether or not the USEPA has made the statement attributed to it in ¶ 316. LAN does not agree that everyone, or every young child, who ingests some amount of lead will experience toxic effects like those itemized by plaintiffs in ¶ 316.

317.   LAN does not have sufficient knowledge or information to form a belief as to whether or not the USEPA has made the statement attributed to it in ¶ 317. LAN agrees, as a general statement, that the effects of exposure to lead sometimes can be long lasting.

318.   LAN does not have sufficient knowledge or information to form a belief as to whether or not the World Health Organization has made the statement attributed to it in ¶ 318. LAN does not agree that everyone, or every young child, who ingests some amount of lead will experience "diminished potential over the course of their entire lives." LAN does not have sufficient knowledge or information to form a belief as to whether an anticipated drop

in IQ and an associated decrease in lifetime economic productivity may be calculated in the manner suggested by plaintiffs in ¶ 318.

319.   LAN is without knowledge or information sufficient to form a belief as to the truth of the matter asserted and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs.

320.   LAN is without knowledge or information sufficient to form a belief as to the truth of the matter asserted and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs.

321.   LAN is without knowledge or information sufficient to form a belief as to the truth of the matter asserted and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs.

322.   LAN denies that it was professionally negligent as alleged by Plaintiffs or that it has caused harm to Plaintiffs.  As to the remaining allegations in ¶ 322, LAN is without knowledge or information sufficient to form a belief as to the truth of the matter asserted and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs.

323.   LAN agrees, as a general statement, that exposure to lead also can be harmful to adults.  LAN is without knowledge or information sufficient to form a belief as to whether or not the USEPA or the World Health Organization made the statements attributed to them by plaintiffs in ¶ 323.

LAN does not agree that every adult exposed to lead would suffer the toxic effects listed by plaintiffs in ¶ 323.

324. LAN is without knowledge or information sufficient to form a belief as to the truth of the matter asserted and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs.

325. LAN is without knowledge or information sufficient to form a belief as to the truth of the matter asserted and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs.

326. LAN denies that there is a "Class" and thus denies the allegations in the third and fourth sentences of ¶ 326. LAN agrees, based on information and belief, that there have been some reported cases of Legionnaire's disease among Flint residents, but denies that all those reported to have become infected with that disease died from it. As to the remaining allegations in ¶ 326, LAN is without knowledge or information sufficient to form a belief as to the truth of the matter asserted and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs.

327. LAN admits that shigellosis is caused by the *shigella* bacteria, that its symptoms include fever, abdominal pain and diarrhea, and that diarrhea can sometimes lead to dehydration. As to the remaining allegations in ¶ 327, LAN is without knowledge or information sufficient to form a belief as to the

truth of the matter asserted and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs.

328.   LAN denies that it was professionally negligent as alleged by Plaintiffs or that it has caused harm to Plaintiffs.  As to the remaining allegations in ¶ 328, LAN is without knowledge or information sufficient to form a belief as to the truth of the matter asserted and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs.

329.   LAN denies that it was professionally negligent as alleged by Plaintiffs or that it has caused harm to Plaintiffs.  As to the remaining allegations in ¶ 329, LAN is without knowledge or information sufficient to form a belief as to the truth of the matter asserted and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs.

330.   LAN is without knowledge or information sufficient to form a belief as to the truth of the matter asserted and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs.

331.   LAN is without knowledge or information sufficient to form a belief as to the truth of the matter asserted and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs.

332.   LAN is without knowledge or information sufficient to form a belief as to the truth of the matter asserted and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs.

333.   LAN is without sufficient knowledge or information to form a belief as to whether the Water Research Watershed Center made the statement attributed to it by plaintiffs in ¶ 333. As to the remaining allegations in ¶ 333, LAN is without knowledge or information sufficient to form a belief as to the truth of the matter asserted and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs.

334.   LAN is without sufficient knowledge or information to form a belief as to whether the Water Research Watershed Center made the statement attributed to it by plaintiffs in ¶ 334. As to the remaining allegations in ¶ 334, LAN is without knowledge or information sufficient to form a belief as to the truth of the matter asserted and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs.

335.   LAN is without knowledge or information sufficient to form a belief as to the truth of the matter asserted and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs.

336.   LAN denies that all pipes and appliances in all of the businesses and residences in Flint need to be replaced. As to the remaining allegations in

¶ 336, LAN is without knowledge or information sufficient to form a belief as to the truth of the matter asserted and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs.

337. LAN is without knowledge or information sufficient to form a belief as to the truth of the matter asserted and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs.

338. LAN is without knowledge or information sufficient to form a belief as to the truth of the matter asserted and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs.

339. LAN is without knowledge or information sufficient to form a belief as to the truth of the matter asserted and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs.

340. LAN is without knowledge or information sufficient to form a belief as to the truth of the matter asserted and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs.

341. LAN denies that it was professionally negligent as alleged by Plaintiffs or that it has caused harm to Plaintiffs. As to the remaining allegations in ¶ 341, LAN is without knowledge or information sufficient to form a belief as to the truth of the matter asserted and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs.

342.   LAN is without knowledge or information sufficient to form a belief as to the truth of the matter asserted and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs.

343.   LAN is without knowledge or information sufficient to form a belief as to the truth of the matter asserted and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs.

344.   LAN is without knowledge or information sufficient to form a belief as to the truth of the matter asserted and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs.

345.   LAN is without knowledge or information sufficient to form a belief as to the truth of the matter asserted and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs.

346.   LAN is without knowledge or information sufficient to form a belief as to the truth of the matter asserted and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs.

347.   LAN denies that there is a "Class" as alleged ¶ 297. As to the remaining allegations in ¶ 297, LAN is without knowledge or information sufficient to form a belief as to the truth of the matter asserted and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs.

348.   LAN is without knowledge or information sufficient to form a belief as to the truth of the matter asserted and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs.

349.   LAN is without knowledge or information sufficient to form a belief as to the truth of the matter asserted and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs.

350.   LAN is without knowledge or information sufficient to form a belief as to the truth of the matter asserted and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs.

351.   LAN denies that there is a "Class" as alleged ¶ 351. As to the remaining allegations in ¶ 351, LAN is without knowledge or information sufficient to form a belief as to the truth of the matter asserted and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs.

352.   LAN denies that there is a "Class" as alleged ¶ 352. As to the remaining allegations in ¶ 352, LAN is without knowledge or information sufficient to form a belief as to the truth of the matter asserted and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs.

353.   LAN is without knowledge or information sufficient to form a belief as to the truth of the matter asserted and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs.

354.   LAN is without knowledge or information sufficient to form a belief as to the truth of the matter asserted and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs.

355.   Based on information and belief, admitted.

356.   LAN is without knowledge or information sufficient to form a belief as to the truth of the matter asserted and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs.

357.   LAN is without knowledge or information sufficient to form a belief as to the truth of the matter asserted and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs.

358.   LAN is without knowledge or information sufficient to form a belief as to the truth of the matter asserted and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs.

359.   LAN is without knowledge or information sufficient to form a belief as to the truth of the matter asserted and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs.

360.   LAN generally agrees that the health effects of lead poisoning can sometimes go undetected for some time. As to the remaining allegations in ¶ 360, LAN is without knowledge or information sufficient to form a belief as

to the truth of the matter asserted and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs.

361.   LAN is without knowledge or information sufficient to form a belief as to the truth of the matter asserted and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs.

362.   Admitted.

363.   LAN is without knowledge or information sufficient to form a belief as to the truth of the matter asserted and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs.

364.   LAN is without knowledge or information sufficient to form a belief as to the truth of the matter asserted and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs.

365.   LAN is without knowledge or information sufficient to form a belief as to the truth of the matter asserted and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs.

366.   LAN is without knowledge or information sufficient to form a belief as to the truth of the matter asserted and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs.

367.   LAN is without knowledge or information sufficient to form a belief as to the truth of the matter asserted and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs.

368.   LAN is without knowledge or information sufficient to form a belief as to the truth of the matter asserted and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs.

369.   LAN is without knowledge or information sufficient to form a belief as to the truth of the matter asserted and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs.

370.   LAN is without knowledge or information sufficient to form a belief as to the truth of the matter asserted and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs.

371.   LAN is without knowledge or information sufficient to form a belief as to the truth of the matter asserted and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs.

372.   LAN is without knowledge or information sufficient to form a belief as to the truth of the matter asserted and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs.

373.   LAN is without knowledge or information sufficient to form a belief as to the truth of the matter asserted and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs.

374.   LAN is without knowledge or information sufficient to form a belief as to the truth of the matter asserted and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs.

375.   LAN is without knowledge or information sufficient to form a belief as to the truth of the matter asserted and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs.

376.   LAN is without knowledge or information sufficient to form a belief as to the truth of the matter asserted and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs.

377.   LAN is without knowledge or information sufficient to form a belief as to the truth of the matter asserted and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs.

378.   LAN is without knowledge or information sufficient to form a belief as to the truth of the matter asserted and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs.

379.   LAN is without knowledge or information sufficient to form a belief as to the truth of the matter asserted and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs.

380.   LAN is without knowledge or information sufficient to form a belief as to the truth of the matter asserted and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs.

381.   LAN is without knowledge or information sufficient to form a belief as to the truth of the matter asserted and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs.

382.   LAN is without knowledge or information sufficient to form a belief as to the truth of the matter asserted and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs.

383.   LAN is without knowledge or information sufficient to form a belief as to the truth of the matter asserted and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs.

384. LAN is without knowledge or information sufficient to form a belief as to the truth of the matter asserted and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs.

385.   LAN is without knowledge or information sufficient to form a belief as to the truth of the matter asserted and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs.

386.   The matter asserted in ¶ 386 constitutes conclusions of law to which no answer is required.

387.   LAN is without knowledge or information sufficient to form a belief as to the truth of the matter asserted and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs.

388.   LAN is without knowledge or information sufficient to form a belief as to the truth of the matter asserted and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs.

389.   LAN is without knowledge or information sufficient to form a belief as to the truth of the matter asserted and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs.

390.   LAN admits that one of the permit applications submitted by the City to the MDEQ on or about March 31, 2014, proposed the improvements alleged in ¶ 390.

391.   LAN admits that two construction permits relating to the Flint WTP were issued by the MDEQ on or about April 9, 2014 and that both of the permits appear to have been signed by Patrick Cook for Michael Prysby.

392.   LAN is without knowledge or information sufficient to form a belief as to the truth of the matter asserted and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs.

393.   LAN is without knowledge or information sufficient to form a belief as to the truth of the matter asserted and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs.

394.   LAN is without knowledge or information sufficient to form a belief as to the truth of the matter asserted and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs.

395.   LAN admits that both of the permits issued by the MDEQ on April 9, 2014 relating to the Flint WTP were construction permits. As to the remaining allegations in ¶ 395, LAN is without knowledge or information sufficient to form a belief as to the truth of the matter asserted and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs.

396.   LAN is without knowledge or information sufficient to form a belief as to the truth of the matter asserted and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs.

397.   LAN is without knowledge or information sufficient to form a belief as to the truth of the matter asserted and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs.

398.   LAN is without knowledge or information sufficient to form a belief as to the truth of the matter asserted and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs.

399.   Based on information and belief, the City of Flint issued boil water advisories due to the presence of bacteria in the drinking water in 2014. As to the remaining allegations in ¶ 399, LAN is without knowledge or information sufficient to form a belief as to the truth of the matter asserted and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs.

400.   LAN is without knowledge or information sufficient to form a belief as to the truth of the matter asserted and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs.

401.   LAN is without knowledge or information sufficient to form a belief as to the truth of the matter asserted and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs.

402.   LAN is without knowledge or information sufficient to form a belief as to the truth of the matter asserted and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs.

403.   LAN is without knowledge or information sufficient to form a belief as to the truth of the matter asserted and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs.

404.   LAN is without knowledge or information sufficient to form a belief as to the truth of the matter asserted and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs.

405.   LAN is without knowledge or information sufficient to form a belief as to the truth of the matter asserted and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs.

406.   LAN is without knowledge or information sufficient to form a belief as to the truth of the matter asserted and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs.

407.   LAN is without knowledge or information sufficient to form a belief as to the truth of the matter asserted and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs.

408.   LAN is without knowledge or information sufficient to form a belief as to the truth of the matter asserted and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs.

409.   LAN is without knowledge or information sufficient to form a belief as to the truth of the matter asserted and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs.

410.   LAN is without knowledge or information sufficient to form a belief as to the truth of the matter asserted and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs.

411.   LAN is without knowledge or information sufficient to form a belief as to the truth of the matter asserted and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs.

412.   LAN is without knowledge or information sufficient to form a belief as to the truth of the matter asserted and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs.

413.   LAN is without knowledge or information sufficient to form a belief as to the truth of the matter asserted and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs.

414.   LAN is without knowledge or information sufficient to form a belief as to the truth of the matter asserted and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs.

415.   LAN is without knowledge or information sufficient to form a belief as to the truth of the matter asserted and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs.

416.   LAN is without knowledge or information sufficient to form a belief as to the truth of the matter asserted and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs.

417.   LAN is without knowledge or information sufficient to form a belief as to the truth of the matter asserted and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs.

418.   LAN is without knowledge or information sufficient to form a belief as to the truth of the matter asserted and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs.

419.   LAN is without knowledge or information sufficient to form a belief as to the truth of the matter asserted and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs.

420.   LAN is without knowledge or information sufficient to form a belief as to the truth of the matter asserted and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs.

421. Admitted.

422.   LAN is without knowledge or information sufficient to form a belief as to the truth of the matter asserted and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs.

423.   LAN is without knowledge or information sufficient to form a belief as to the truth of the matter asserted and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs.

424.   LAN is without knowledge or information sufficient to form a belief as to the truth of the matter asserted and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs.

425.   LAN is without knowledge or information sufficient to form a belief as to the truth of the matter asserted and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs.

426.   LAN is without knowledge or information sufficient to form a belief as to the truth of the matter asserted and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs.

427.   LAN is without knowledge or information sufficient to form a belief as to the truth of the matter asserted and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs.

428.   LAN is without knowledge or information sufficient to form a belief as to the truth of the matter asserted and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs.

429.   LAN is without knowledge or information sufficient to form a belief as to the truth of the matter asserted and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs.

430.   LAN is without knowledge or information sufficient to form a belief as to the truth of the matter asserted and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs.

431.   LAN is without knowledge or information sufficient to form a belief as to the truth of the matter asserted and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs.

432.   LAN is without knowledge or information sufficient to form a belief as to the truth of the matter asserted and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs.

433.   LAN is without knowledge or information sufficient to form a belief as to the truth of the matter asserted and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs.

434.   LAN is without knowledge or information sufficient to form a belief as to the truth of the matter asserted and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs.

435.   LAN is without knowledge or information sufficient to form a belief as to the truth of the matter asserted and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs.

436.   LAN is without knowledge or information sufficient to form a belief as to the truth of the matter asserted and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs.

437.   LAN is without knowledge or information sufficient to form a belief as to the truth of the matter asserted and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs.

438.   LAN is without knowledge or information sufficient to form a belief as to the truth of the matter asserted and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs.

439.   LAN is without knowledge or information sufficient to form a belief as to the truth of the matter asserted and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs.

440.   LAN is without knowledge or information sufficient to form a belief as to the truth of the matter asserted and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs.

441.   LAN is without knowledge or information sufficient to form a belief as to the truth of the matter asserted and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs.

442.   LAN is without knowledge or information sufficient to form a belief as to the truth of the matter asserted and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs.

443.   LAN is without knowledge or information sufficient to form a belief as to the truth of the matter asserted and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs.

444. LAN is without knowledge or information sufficient to form a belief as to the truth of the matter asserted and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs.

445.   Admitted.

446.   LAN is without knowledge or information sufficient to form a belief as to the truth of the matter asserted and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs.

447,   LAN is without knowledge or information sufficient to form a belief as to the truth of the matter asserted and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs.

## CLASS ALLEGATIONS

448. Paragraph 448 does not contain any factual allegations of the type contemplated by Fed. R. Civ. P. 8 and 10 and is therefore not susceptible to a response contemplated by those rules. LAN denies ¶ 448 defines any class or subclass consistent with Fed. R. Civ. P. 23(b)(3), denies any such class or subclass exists, denies that the named plaintiffs would adequately represent any such class or subclass and denies that this case should properly be certified as a class action pursuant to Rule 23(b)(3).

449. Paragraph 449 does not contain any factual allegations of the type contemplated by Fed. R. Civ. P. 8 and 10 and is therefore not susceptible to a response contemplated by those rules. LAN denies ¶ 449 defines any class consistent with Fed. R. Civ. P. 23(b)(2), denies any such class exists, denies that the named plaintiffs would adequately represent any such class and denies that this case should properly be certified as a class action pursuant to Rule 23(b)(2).

450. Paragraph 450 does not contain any factual allegations of the type contemplated by Fed. R. Civ. P. 8 and 10 and is therefore not susceptible to a response contemplated by those rules. LAN denies ¶ 450 defines any subclass consistent with Fed. R. Civ. P. 23(b)(2) and (b)(3), denies any such subclass exists, denies that the named plaintiffs would adequately represent any such

subclass and denies that this case should properly be certified as a class action

pursuant to Rule 23(b)(2) and (b)(3).

451.   Paragraph 451 does not contain any factual allegations of the type

contemplated by Fed. R. Civ. P. 8 and 10 and is therefore not susceptible to a

response contemplated by those rules. LAN denies ¶ 451 defines any class

consistent with Fed. R. Civ. P. 23(b)(2), denies any such class exists, denies

that the named plaintiffs would adequately represent any such class and

denies that this case should properly be certified as a class action pursuant to

Rule 23(b)(2).

452.   Paragraph 452 does not contain any factual allegations of the type

contemplated by Fed. R. Civ. P. 8 and 10 and is therefore not susceptible to a

response contemplated by those rules. LAN denies ¶ 452 defines any class

consistent with Fed. R. Civ. P. 23(b)(2), denies any such class exists, denies

that the named plaintiffs would adequately represent any such class and

denies that this case should properly be certified as a class action pursuant to

Rule 23(b)(2).

453.   Paragraph 453 does not contain any factual allegations of the type

contemplated by Fed. R. Civ. P. 8 and 10 and is therefore not susceptible to a

response contemplated by those rules. LAN denies that ¶ 453 defines a class

for whom common issues should be certified consistent with Rule 23(c)(4),

denies that any such class exists, denies that the named plaintiffs would adequately represent such a class and denies that common issues should properly be certified in this case pursuant to Rule 23(c)(4).

454.   Paragraph 454 does not contain any factual allegations of the type contemplated by Fed. R. Civ. P. 8 and 10 and is therefore not susceptible to a response contemplated by those rules. LAN denies that ¶ 454 defines a set of common issues which should be certified consistent with Rule 23(c)(4), denies that any such set of common issues exists, denies that the named plaintiffs would adequately represent a class for whom a set of common issues should be certified and denies that a set of common issues should properly be certified in this case pursuant to Rule 23(c)(4).

455.   Paragraph 455 does not contain any factual allegations of the type contemplated by Fed. R. Civ. P. 8 and 10 and is therefore not susceptible to a response contemplated by those rules. LAN denies that ¶ 455 defines a set of common issues which should be certified consistent with Rule 23(c)(4), denies that any such set of common issues exists, denies that the named plaintiffs would adequately represent a class for whom a set of common issues should be certified and denies that a set of common issues should properly be certified in this case pursuant to Rule 23(c)(4).

456.   LAN denies that class action status is the most practical method for Plaintiffs to seek redress for their claims in this case.

457.   LAN denies that common questions of law and fact predominate over questions affecting only individual members of the putative class.

458.   LAN denies the allegations in ¶ 458 of the Complaint.

459.   LAN denies the allegations in the first sentence of ¶ 459. As to the remaining allegations in ¶ 459, LAN is without knowledge or information sufficient to form a belief as to the truth of the matter asserted and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs.

460.   LAN is without knowledge or information sufficient to form a belief as to the truth of the matter asserted and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs.

461.   LAN admits that Plaintiffs bring this lawsuit as a proposed class action as alleged in ¶ 461 of the Complaint.  LAN denies that Plaintiffs satisfy the prerequisites for class action certification as defined by the Federal Rules of Civil Procedure, and asserts that Plaintiffs are therefore unable to maintain this class action lawsuit as pled for reasons including, but not limited to, lack of sufficient numerosity, commonality, typicality, and/or adequacy of class representatives, failure to demonstrate that common questions of law or fact predominate over questions affecting only individual members and failure to

102

demonstrate that a class action is superior to other methods of adjudicating this controversy.  LAN denies the remaining allegations contained in ¶ 461 of the Complaint.

462.   LAN denies the allegations in ¶ 462 of the Complaint.  By way of further response, LAN acted pursuant to its contract with the City of Flint.

## COUNT I

463.   LAN refers to and incorporates by reference each of its responses to Plaintiffs' allegations in the preceding paragraphs of this Answer with the same force and effect as though set forth fully herein.

464.   The allegations contained in ¶ 464 of Plaintiffs' Complaint being directed against other parties and not against LAN, LAN is not required to admit or deny same pursuant to Fed. R. Civ. P. 8(b)(1).

465.   The allegations contained in ¶ 465 of Plaintiffs' Complaint being directed against other parties and not against LAN, LAN is not required to admit or deny same pursuant to Fed. R. Civ. P. 8(b)(1).

466.   The allegations contained in ¶ 466 of Plaintiffs' Complaint being directed against other parties and not against LAN, LAN is not required to admit or deny same pursuant to Fed. R. Civ. P. 8(b)(1).

467.   The allegations contained in ¶ 467 of Plaintiffs' Complaint being directed against other parties and not against LAN, LAN is not required to admit or deny same pursuant to Fed. R. Civ. P. 8(b)(1).

468.   The allegations contained in ¶ 468 of Plaintiffs' Complaint being directed against other parties and not against LAN, LAN is not required to admit or deny same pursuant to Fed. R. Civ. P. 8(b)(1).

469.   The allegations contained in ¶ 469 of Plaintiffs' Complaint being directed against other parties and not against LAN, LAN is not required to admit or deny same pursuant to Fed. R. Civ. P. 8(b)(1).

470.   The allegations contained in ¶ 470 of Plaintiffs' Complaint being directed against other parties and not against LAN, LAN is not required to admit or deny same pursuant to Fed. R. Civ. P. 8(b)(1).

## COUNT II

471. through 493. The Court has dismissed Count II for failure to state a claim on which relief can be granted.

## COUNT III

494. through 514. The Court has dismissed Count III for failure to state a claim on which relief can be granted.

## COUNT IV

515. through 531. The Court has dismissed Count IV for failure to state a claim on which relief can be granted.

## COUNT V

532. through 554. The Court has dismissed Count V for failure to state a claim on which relief can be granted.

## COUNT VI

555.   The allegations contained in ¶ 555 of Plaintiffs' Complaint being directed against other parties and not against LAN, LAN is not required to admit or deny same pursuant to Fed. R. Civ. P. 8(b)(1).

556.   The allegations contained in ¶ 556 of Plaintiffs' Complaint being directed against other parties and not against LAN, LAN is not required to admit or deny same pursuant to Fed. R. Civ. P. 8(b)(1).

557.   The allegations contained in ¶ 557 of Plaintiffs' Complaint being directed against other parties and not against LAN, LAN is not required to admit or deny same pursuant to Fed. R. Civ. P. 8(b)(1).

558.   The allegations contained in ¶ 558 of Plaintiffs' Complaint being directed against other parties and not against LAN, LAN is not required to admit or deny same pursuant to Fed. R. Civ. P. 8(b)(1).

559. The allegations contained in ¶ 559 of Plaintiffs' Complaint being directed against other parties and not against LAN, LAN is not required to admit or deny same pursuant to Fed. R. Civ. P. 8(b)(1).

560. The allegations contained in ¶ 560 of Plaintiffs' Complaint being directed against other parties and not against LAN, LAN is not required to admit or deny same pursuant to Fed. R. Civ. P. 8(b)(1).

## COUNT VII

561. LAN refers to and incorporates by reference each of its responses to Plaintiffs' allegations in the preceding paragraphs of this Answer with the same force and effect as though set forth fully herein.

562. LAN admits that it was retained by the City of Flint to provide a limited scope of engineering services and to perform specific tasks related to specific components of the FWTP. LAN admits it undertook/completed those engineering services and was paid for those services under the terms of its agreements with the City of Flint. LAN denies it was responsible for water quality issues and denies it owed Plaintiffs any legal duty. LAN denies the remaining allegations contained in ¶ 562 of Plaintiffs' Complaint.

563. LAN denies it undertook to perform a duty to Plaintiffs or assumed a legal duty to Plaintiffs as alleged in ¶ 563 of Plaintiffs' Complaint.

564.   LAN denies it undertook to perform a duty to Plaintiffs or assumed a legal duty to Plaintiffs as alleged in ¶ 564 of Plaintiffs' Complaint.

565.   LAN denies it undertook to perform a duty to Plaintiffs or assumed a legal duty to Plaintiffs as alleged in ¶ 565 of Plaintiffs' Complaint.

566.   LAN denies it undertook to perform a duty to Plaintiffs or assumed a legal duty to Plaintiffs as alleged in ¶ 566 of Plaintiffs' Complaint.

567.   LAN denies it undertook to perform a duty to Plaintiffs or assumed a legal duty to Plaintiffs.  As to the remaining allegations in ¶ 567, LAN is without knowledge or information sufficient to form a belief as to the truth of the matter asserted and therefore neither admits nor denies but rather leaves Plaintiffs to their proofs.

568.   LAN denies the allegations contained in ¶ 568 of the Complaint.

569.   LAN denies the allegations contained in ¶ 569 of the Complaint.

570.   LAN denies the allegations contained in ¶ 570 of the Complaint.

571.   LAN denies the allegations contained in ¶ 571 of the Complaint.

572.   LAN denies the allegations contained in ¶ 572 of the Complaint.

573.   LAN denies the allegations contained in ¶ 573 of the Complaint.

574.   LAN denies the allegations contained in ¶ 574 of the Complaint.

575.   LAN denies the allegations contained in ¶ 575 of the Complaint.

576.   LAN denies the allegations contained in ¶ 576 of the Complaint.

577.   LAN denies the allegations contained in ¶ 577 of the Complaint.

578.   LAN denies the allegations contained in ¶ 578 of the Complaint.

579.   LAN denies the allegations contained in ¶ 579 of the Complaint.

580.   LAN denies the allegations contained in ¶ 580 of the Complaint.

581.   LAN denies the allegations contained in ¶ 581 of the Complaint.

582.   The Court has dismissed Plaintiffs' claim for exemplary damages as to Defendant LAN.

## COUNT VIII

583.   The allegations contained in ¶ 583 of Plaintiffs' Complaint being directed against other parties and not against LAN, LAN is not required to admit or deny same pursuant to Fed. R. Civ. P. 8(b)(1).

584.   The allegations contained in ¶ 584 of Plaintiffs' Complaint being directed against other parties and not against LAN, LAN is not required to admit or deny same pursuant to Fed. R. Civ. P. 8(b)(1).

585.   The allegations contained in ¶ 585 of Plaintiffs' Complaint being directed against other parties and not against LAN, LAN is not required to admit or deny same pursuant to Fed. R. Civ. P. 8(b)(1).

586.   The allegations contained in ¶ 586 of Plaintiffs' Complaint being directed against other parties and not against LAN, LAN is not required to admit or deny same pursuant to Fed. R. Civ. P. 8(b)(1).

587.   The allegations contained in ¶ 587 of Plaintiffs' Complaint being directed against other parties and not against LAN, LAN is not required to admit or deny same pursuant to Fed. R. Civ. P. 8(b)(1).

588.   The allegations contained in ¶ 588 of Plaintiffs' Complaint being directed against other parties and not against LAN, LAN is not required to admit or deny same pursuant to Fed. R. Civ. P. 8(b)(1).

589.   The allegations contained in ¶ 589 of Plaintiffs' Complaint being directed against other parties and not against LAN, LAN is not required to admit or deny same pursuant to Fed. R. Civ. P. 8(b)(1).

590.   The allegations contained in ¶ 590 of Plaintiffs' Complaint being directed against other parties and not against LAN, LAN is not required to admit or deny same pursuant to Fed. R. Civ. P. 8(b)(1).

591.   The allegations contained in ¶ 591 of Plaintiffs' Complaint being directed against other parties and not against LAN, LAN is not required to admit or deny same pursuant to Fed. R. Civ. P. 8(b)(1).

592.   The allegations contained in ¶ 592 of Plaintiffs' Complaint being directed against other parties and not against LAN, LAN is not required to admit or deny same pursuant to Fed. R. Civ. P. 8(b)(1).

593.   The allegations contained in ¶ 593 of Plaintiffs' Complaint being directed against other parties and not against LAN, LAN is not required to admit or deny same pursuant to Fed. R. Civ. P. 8(b)(1).

594.   The allegations contained in ¶ 594 of Plaintiffs' Complaint being directed against other parties and not against LAN, LAN is not required to admit or deny same pursuant to Fed. R. Civ. P. 8(b)(1).

595.   The allegations contained in ¶ 595 of Plaintiffs' Complaint being directed against other parties and not against LAN, LAN is not required to admit or deny same pursuant to Fed. R. Civ. P. 8(b)(1).

596.   The allegations contained in ¶ 596 of Plaintiffs' Complaint being directed against other parties and not against LAN, LAN is not required to admit or deny same pursuant to Fed. R. Civ. P. 8(b)(1).

597.   The allegations contained in ¶ 597 of Plaintiffs' Complaint being directed against other parties and not against LAN, LAN is not required to admit or deny same pursuant to Fed. R. Civ. P. 8(b)(1).

598.   The allegations contained in ¶ 598 of Plaintiffs' Complaint being directed against other parties and not against LAN, LAN is not required to admit or deny same pursuant to Fed. R. Civ. P. 8(b)(1).

599. The allegations contained in ¶ 599 of Plaintiffs' Complaint being directed against other parties and not against LAN, LAN is not required to admit or deny same pursuant to Fed. R. Civ. P. 8(b)(1).

600. The allegations contained in ¶ 600 of Plaintiffs' Complaint being directed against other parties and not against LAN, LAN is not required to admit or deny same pursuant to Fed. R. Civ. P. 8(b)(1).

601. The allegations contained in ¶ 601 of Plaintiffs' Complaint being directed against other parties and not against LAN, LAN is not required to admit or deny same pursuant to Fed. R. Civ. P. 8(b)(1).

602. The allegations contained in ¶ 602 of Plaintiffs' Complaint being directed against other parties and not against LAN, LAN is not required to admit or deny same pursuant to Fed. R. Civ. P. 8(b)(1).

603. The allegations contained in ¶ 603 of Plaintiffs' Complaint being directed against other parties and not against LAN, LAN is not required to admit or deny same pursuant to Fed. R. Civ. P. 8(b)(1).

604. The allegations contained in ¶ 604 of Plaintiffs' Complaint being directed against other parties and not against LAN, LAN is not required to admit or deny same pursuant to Fed. R. Civ. P. 8(b)(1).

605.   The allegations contained in ¶ 605 of Plaintiffs' Complaint being directed against other parties and not against LAN, LAN is not required to admit or deny same pursuant to Fed. R. Civ. P. 8(b)(1).

606.   The allegations contained in ¶ 606 of Plaintiffs' Complaint being directed against other parties and not against LAN, LAN is not required to admit or deny same pursuant to Fed. R. Civ. P. 8(b)(1).

607.   The allegations contained in ¶ 607 of Plaintiffs' Complaint being directed against other parties and not against LAN, LAN is not required to admit or deny same pursuant to Fed. R. Civ. P. 8(b)(1).

608.   The allegations contained in ¶ 608 of Plaintiffs' Complaint being directed against other parties and not against LAN, LAN is not required to admit or deny same pursuant to Fed. R. Civ. P. 8(b)(1).

## COUNT IX

609. through 619. The Court has dismissed Count IX for failure to state a claim on which relief can be granted.

## COUNT X

620. through 626. The Court has dismissed Count X for failure to state a claim on which relief can be granted.

## COUNT XI

627. through 629. The Court has dismissed Count XI for failure to state a claim on which relief can be granted.

## COUNT XII

630. through 639. The Court has dismissed Count XII for failure to state a claim on which relief can be granted.

## COUNT XIII

640. through 645. The Court has dismissed Count XIII for failure to state a claim on which relief can be granted.

## COUNT XIV

646. through 652. The Court has dismissed Count XIV for failure to state a claim on which relief can be granted.

**WHEREFORE**, LAN respectfully prays for judgment as follows:

A.  That Plaintiffs take nothing by this suit;

B.  That Plaintiffs' claims against LAN be dismissed with prejudice; and

C.  For such other relief, both at law and in equity, that this Court deems just and proper.

## AFFIRMATIVE DEFENSES OF DEFENDANTS LOCKWOOD, ANDREWS & NEWNAM, INC. AND LOCKWOOD, ANDREWS & NEWNAM, PC

NOW COME Defendants Lockwood, Andrews & Newnam, Inc. and Lockwood, Andrews & Newnam, PC (hereinafter "LAN" or the "LAN Defendants"), and for their affirmative defenses in this matter state as follows:

1.      The Fourth Consolidated Amended Class Complaint (the "Complaint") fails to state as claim on which relief can be granted as to the LAN Defendants.

2.      At all relevant times, the actions of the LAN Defendants were reasonable and proper and met or exceeded the applicable standard of care.

3.      The LAN Defendants at all times complied with all applicable federal, state, and local laws, rules, regulations and specifications.

4.      The LAN Defendants rely upon the rights, obligations and defenses as set forth in the contract between LAN and the City of Flint.

5.      The LAN Defendants do not owe any duty to Plaintiffs separate and distinct from their contractual obligations.

6.      The damages allegedly sustained by the Plaintiffs were not proximately caused by any acts of the LAN Defendants, but were proximately caused in part or in whole by the actions of other parties and nonparties.

7.      Plaintiffs' claims are barred, in whole or in part, by their failure to properly mitigate their damages as required by law.

8.      Plaintiffs' claims are barred, in whole or in part, by their contributory negligence.

9.      Plaintiffs' claims are barred, in whole or in part, by the applicable statutes of limitations.

10.     Venue in this district is inappropriate because it will be prohibitively difficult to select a disinterested and impartial jury composed of people who themselves have no financial interest in the outcome of the litigation, who have no close relatives or friends with a financial interest in the outcome of the litigation, who have no personal knowledge of the relevant events, and who have been biased by pervasive and continuing publicity concerning events involved in the action.

11.     Any recovery by and of the Plaintiffs must be reduced to the extent of that Plaintiff's contributory fault, and non-economic damages may not be recovered at all by any Plaintiff found to be more than 50% at fault in causing his or her own alleged losses or damages.

12.     The injuries or losses of Plaintiffs, if they have sustained any, were caused solely by persons or entities over whom the LAN Defendants had no control and for whom the LAN Defendants bear no responsibility.

13.     The injuries or losses of Plaintiffs, if they have sustained any, were caused by the intervening and/or superseding conduct of other parties and non-parties.

14.     If any fault by the LAN Defendants contributed to cause any injury or loss to any Plaintiffs, which is denied by the LAN Defendants, then any liability of the LAN Defendants must be reduced by the amount of causal fault of all other parties and non-parties which contributed to Plaintiffs' injuries or losses.

15.     The Plaintiffs' claims against the LAN Defendants are barred, in whole or in part, because the LAN Defendants did not have a duty to guard against the criminal conduct of others which caused or contributed to the losses or damages of Plaintiffs, if any.

16.     The Plaintiffs' claims against the LAN Defendants are barred, in whole or in part, by the learned or sophisticated intermediary doctrine.

17.     The LAN Defendants are entitled to a set-off from any recovery against them to the extent of any and all benefits paid or payable to or on behalf of Plaintiffs from any and all collateral sources to the extent such a set-off is permissible under the laws applicable to this cause of action.

18.     The classes proposed by the Plaintiffs are legally impermissible.

19.     If a class is certified in this litigation, then the LAN Defendants reiterate all of their affirmative defenses set forth above by reference as to the entire putative class as though set forth herein word for word.

20.     The LAN Defendants reserve the right to bring a motion for summary judgment as provided under Fed. R. Civ. P. 56 and the grounds set forth therein.

21.     The LAN Defendants reserve the right to assert the affirmative defenses asserted by other Defendants.

22.     The LAN Defendants reserve the right to add affirmative defenses as may be necessary throughout the course of discovery.

## DEMAND FOR TRIAL BY JURY

The LAN Defendants demand trial by one jury on all trial-worthy claims, if any, against them.

Respectfully submitted,

/s/ Wayne B. Mason
Wayne B. Mason (SBOT 13158950)
Travis S. Gamble (SBOT 00798195)
S. Vance Wittie (SBOT 21832980)
David C. Kent (SBOT 11316400)
DRINKER BIDDLE & REATH LLP
1717 Main St., Suite 5400
Dallas TX 75201
(469) 227-8200
wayne.mason@dbr.com
travis.gamble@dbr.com

/s/ Philip A. Erickson
Philip A. Erickson (P37081)
Robert G. Kamenec (P35283)
Saulius K. Mikalonis (P39486)
Karen E. Beach (P75172)
PLUNKETT COONEY
325 E. Grand River Ave, Suite 250
East Lansing, MI 48823
(517) 324-5608
perickson@plunkettcooney.com
rkamenec@plunkettcooney.com

117

vance.wittie@dbr.com

david.kent@dbr.com

ATTORNEYS FOR DEFENDANTS
LOCKWOOD, ANDREWS & NEWNAM,
INC. and LOCKWOOD, ANDREWS &
NEWNAM, P.C.

smikalonis@plunkettcooney.com

kbeach@plunkettcooney.com

ATTORNEYS FOR DEFENDANTS
LOCKWOOD, ANDREWS & NEWNAM,
INC. and LOCKWOOD, ANDREWS &
NEWNAM, P.C.

Dated:  August 17, 2020

## CERTIFICATE OF SERVICE

I hereby certify that on August 17, 2020, I electronically filed LAN
Defendants' Answer to Fifth Consolidated Amended Complaint, Affirmative
Defenses and Reliance Upon Jury Demand with the Clerk of the Court using
the ECF system which will send notification of such filing to all attorneys of
record.

/s/ Philip A. Erickson
Philip A. Erickson (P37081)
PLUNKETT COONEY
325 E. Grand River Ave, Suite 250
East Lansing, MI 48823
(517) 324-5608
perickson@plunkettcooney.com

Open.25633.72611.24755925-1