UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| *In re Flint Water Cases* | No. 5:16-cv-10444 |
| _____ | Honorable Judith E. Levy |
| *Gaddy et al. v. Flint et al.* | No. 5:17-cv-11166 |
| _____ | |
| *Meeks et al. v. Flint et al.* | No. 5:17-cv-11165 |

_____

**CO-LIAISON COUNSEL'S MOTION FOR A PROTECTIVE ORDER LIMITING ACCESS TO CERTAIN DEPOSITIONS OF EXPERT WITNESSES AND EXCLUDING PERSONS WHO ARE NOT COUNSEL OF RECORD FOR A PARTY IN *GADDY V. FLINT*, NO. 5:17-CV-11166 AND *MEEKS V. FLINT*, NO. 5:17-CV-11165**

The undersigned, Co-Liaison Counsel for Individual Plaintiffs, move pursuant to Section V(D)(5)(a) of the Fifth Amended CMO (ECF 1255) and Federal Rule of Civil Procedure 26(c)(1)(E) for an emergency protective order limiting the persons who may attend the depositions of William Bithony M.D., Mira Krishnan Ph.D., Aaron Specht Ph.D., Robert Michaels Ph.D., and Gary Crakes Ph.D. Drs. Bithony, Krishnan, Specht, Michaels, and Crakes have all been retained by Co-Liaison Counsel and are all testifying as experts about the personal, protected health information of the four bellwether plaintiffs, each of whom is a minor child.

1

While, generally speaking, depositions taken pursuant to Federal Rule of Civil Procedure 30 are public proceedings, section V(D)(5)(a) of the Fifth Amended CMO (ECF 1255) permits a party to move the Court for a protective order limiting access to the deposition of bellwether plaintiffs and excluding other individuals. "To meet this burden, the moving party must show 'good cause' that an order is necessary 'to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense.'" CMO § V(D)(5)(a) (quoting Fed. R. Civ. P. 26(c)(1)).

Here, there is good cause to exclude individuals who are not counsel of record for parties in *Gaddy v. Flint*, 5:17-cv-11166 and *Meeks v. Flint*, 5:17-cv-11165. We have been notified by Interim Co-Lead Counsel for the Putative Class of their intention to participate in the depositions of one or more of the above-referenced expert witnesses. At each of these depositions, the entire subject matter of the deposition will be the personal, protected health information of minor children. It will be sensitive information, including the child's lead poisoning and the various physiological and psychological consequences of that lead poisoning. The first of these depositions, the deposition of Dr. Krishnan, a neuropsychologist, will be begin at 9:00 a.m. Monday morning, October 5, 2020.

Co-Liaison Counsel adds that, furthermore, during numerous depositions taken thus far in this case, Interim Co-Lead Counsel has had named class representative observe the depositions live via Zoom. Finally, the Golkow website

accessible to litigants throughout the entire litigation provides a link and a password for anyone to observe and participate in these depositions.

Accordingly, Co-Liaison Counsel for Individual Plaintiffs seeks an order limiting the attendance and participation at these depositions to those Counsel for parties named in *Gaddy* and *Meeks* and furthermore seeks an order limiting the dissemination of the transcripts of these depositions to the Counsel of record for parties named in *Gaddy* and *Meeks*.

Dated:        October 2, 2020

                                                                           Respectfully submitted,

/s/ *Corey M. Stern*                              /s/ *Hunter J. Shkolnik*
Corey M. Stern                                    Hunter J. Shkolnik
Renner K. Walker                                  Patrick J. Lanciotti
LEVY KONIGSBERG LLP                               NAPOLI SHKOLNIK PLLC
800 Third Ave., 11th Fl.                          360 Lexington Ave., 11th Fl.
New York, NY 10022                                New York, NY 10017
Tel.: (212) 605-6200                              Tel.: (212) 397-1000
Cstern@levylaw.com                                Hunter@napolilaw.com
Rwalker@levylaw.com                               Planciotti@napolilaw.com

3

## **CERTIFICATE OF SERVICE**

I, Renner K. Walker, hereby certify that on October 2, 2020, the foregoing Co-Liaison Counsel for Individual Plaintiffs' Motion for a Protective Order Limiting Access to Certain Depositions of Expert Witnesses and Excluding Persons Who Are Not Counsel of Record for a Party in *Gaddy v. Flint*, No. 5:17-cv-11166 and *Meeks v. Flint*, No. 5:17-cv-11165 was served electronically (via ECF) to all counsel of record.

                                                                 */s/ Renner K. Walker*
                                                                 Renner K. Walker