UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| *In Re* Flint Water Cases, | No. 5:16-cv-10444-JEL-MKM (consolidated) |
| | Hon. Judith E. Levy |
| | Mag. Mona K. Majzoub |
| *Anderson, et al.,* | No. 17-13890-JEL-MKM |
|     *Plaintiffs* | |
| *v.* | |
| *City of Flint, et al.,* | |
|     *Defendants* | |

**ANDERSON PLAINTIFFS' MOTION FOR REMOVAL OF CURRENT CO-LIAISON COUNSEL**

The Anderson Plaintiffs through their counsel of record, Washington Legal, by Valdemar L. Washington, respectfully move this Court for entry of an Order which removes current Co-Liaison Counsel, Corey Stern of Levy Konigsberg, LLP and Hunter Shkolnik of Napoli Shkolnik, PLLC for the following reasons:

1. A "Legal Hotline" infomercial was played on TV 12 WJRT in Flint on Sunday October 18, 2020 between 5:30 pm and 6:00 pm, which was viewed by Attorney Valdemar L. Washington, a Flint resident.

1

2. The infomercial was identified as a joint venture between Levy Konigsberg, LLP, and Napoli Shkolnik, PLLC.

3. Individual participants in the infomercial were Attorney Corey Stern, Attorney Hunter Shkolnik, and Hill Harper, Napoli Shkolnik's Executive Director.

4. Attorney Shkolnik stated in the infomercial:

    "We have been appointed by the Court on behalf of the lawyers and the individual plaintiffs…" Implying to viewers that only Napoli Shkolnik is qualified to represent them in this matter.

5. Attorney Stern stated in the infomercial:

    "…Parents over the next few months will be able to submit claims on behalf of their children and *depending on what the evidence is about how the child was impacted by lead will dictate what type of resolution each child gets. The most damaged children in Flint are going to get the highest value resolution…*"

6. Executive Director Harper stated in the infomercial:

    "One of the things that we have been doing is to use *pioneering technology* to do a lead bone test…"

7. Plaintiffs' counsel understands that bone lead testing is rare and only a limited number of practitioners in the country have the capability.

  Furthermore, to the knowledge of plaintiffs' counsel, no provisions have been made to make bone lead level testing available for all plaintiffs.

8. After viewing the infomercial Attorney Washington sent an email to the Court's law clerk seeking an answer to the question, is "bone lead testing" mentioned in, or a part of the Master Settlement Agreement?

9. The Court declined to respond to Attorney Washington's email since it was substantive in nature, and may have been viewed as ex-parte communication with the Court.

10. Attorney Washington sent an email to Attorney Stern and Attorney Shkolnik seeking an answer to his question, and was told that the Master Settlement Agreement was secret/confidential and covered by an Escrow Agreement for which Special Master Greenspan was the Escrow Agent.

11. Special Master Greenspan agreed to a conference call on Friday October 23, 2020 at 7:00 pm, with six (6) attorneys who represent individual plaintiffs in the instant case, during which she was asked the same question, and declined to answer the original question regarding bone lead tests, citing the confidentiality provisions of the various documents, as well as the ongoing nature of negotiations.

12. Special Master Greenspan agreed to a follow-up conference call on Monday October 26, 2020 at 8:00 pm with the (8) attorneys who represent

individual plaintiffs in the instant case, during which she confirmed that bone lead levels was a part of the Master Settlement Agreement.

13. The joint venture infomercial soliciting new clients while in possession of confidential information not available to plaintiffs' counsel is in direct conflict with ECF 234 which required them to "Keep the other plaintiffs' counsel advised of the progress of the litigation and *consult them about decisions significantly affecting their clients…*," and "*Generally act fairly, efficiently, and economically in the interests of all parties and parties' counsel…*"

14. As a consequence of the actions of current co-liaison counsel other Plaintiffs' counsel are not be able to effectively represent and advise our clients due to the cloak of secrecy wielded by Co-Liaison Counsel and the Special Master.

15. During the October 26, 2020 telephone conference Special Master Greenspan made an offer to the plaintiffs' counsel on the call to receive a copy of the "grid" that will be a part of the Master Settlement Agreement if they would sign a Non-Disclosure Agreement (NDA).

16. Attorney Washington declined to sign the NDA, as to have signed such a document would have prevented him from filing the instant motion.

WHEREFORE, the Anderson plaintiffs respectfully request that this Honorable Court respectfully move this Court for entry of an Order which:

A. Removes current Co-Liaison Counsel, Corey Stern of Levy Konigsberg, LLP and Hunter Shkolnik of Napoli Shkolnik, PLLC for their actions described herein; and,

B. Impose a sanction, within the Court's discretion for the misconduct of current co-liaison counsel.

Date: October 27, 2020

Respectfully Submitted,

*/S/ Valdemar L. Washington* (27165)
Washington Legal
Attorneys for the Anderson Plaintiffs
718 Beach Street/P.O. Box 187
Flint, MI 48501-0187
(810) 407-6868
Val@vlwlegal.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| *In Re* Flint Water Cases, | No. 5:16-cv-10444-JEL-MKM (consolidated) |
| | Hon. Judith E. Levy |
| | Mag. Mona K. Majzoub |
| *Anderson, et al.*, | No. 17-13890-JEL-MKM |
|     *Plaintiffs* | |
| *v.* | |
| *City of Flint, et al.*, | |
|     *Defendants* | |

## BRIEF IN SUPPORT OF THE ANDERSON PLAINTIFFS' MOTION TO REMOVE CURRENT CO-LIAISON COUNSEL

### STATEMENT OF FACTS

The Anderson Plaintiffs rely upon, and incorporate herein, paragraphs 1 – 16 of the accompanying Motion to Remove Current Co-Liaison Counsel as the factual basis for this brief.

### ARGUMENT

On October 26, 2017 this Court entered ECF 234 in an effort to assist with the administrative duties required to manage the forward movement of this case

from both the Class Action side and the Individual Plaintiffs' side. ECF 234 appointed Corey Stern of Levy Konigsberg, LLP and Hunter Shkolnik of Napoli Shkolnik, PLLC , as Co-Liaison Counsel for the individual cases and stated in pertinent part:

> Section 1. c. iii states in relevant part:
>
> … Co-Liaison Counsel for the Individual Actions shall have exclusive authority to explore, develop, and pursue all settlement options pertaining to any claim or portion thereof of any case filed in this litigation on behalf of their own retained clients and shall likewise be tasked with negotiating any framework that might apply to the universe of Individual Actions in this litigation…
>
> Section 1. c. viii states in relevant part:
>
> *Generally act fairly, efficiently, and economically in the interests of all parties and parties' counsel…*
>
> Section 1. c. vii states in relevant part:
>
> *Keep the other plaintiffs' counsel advised of the progress of the litigation and consult them about decisions significantly affecting their clients*; Interim Co-Lead Class Counsel and Co-Liaison Counsel shall exercise judgment about limits on this communication to promote the objectives of efficiency and economy still protecting the interests of other plaintiffs' counsels' clients.

As a threshold matter, the infomercial raises questions about whether the level of lead in a child's body will affect the amount of compensation that the child will receive. As a secondary matter, there has now been a confirmation by Special Master Greenspan that there is a provision for bone lead level testing by injured

2

children in order to prioritize their level of compensation in the Master Settlement Agreement, a document which is still being revised and drafted.

However, according to the Infomercial Co-Liaison counsel are using *pioneering technology* for bone lead level testing, *which they alone control* for the *benefit of their clients*. This is a detriment to other individual plaintiffs.

ECF 234 gave Co-Liaison Counsel exclusive authority to *negotiate on behalf of the individual plaintiffs and their attorneys*. Co-Liaison Counsel have *breached their fiduciary duties to the other plaintiffs* and their counsel by inserting, or allowing the insertion of a requirement to measure lead levels in the children. Such actions have allowed Co-Liaison Counsel to corner the market to the benefit of Co-Liaison Counsel on the only means to test for current lead levels in injured children. Blood lead level testing, which is widely available, is unreliable after approximately one month.

Adding insult to injury, Co-Liaison Counsel have produced an infomercial which seeks to draw clients away from the other plaintiffs' counsel in violation of their duties set forth in ECF 234.

Pecuniary gain appears to be the underlying basis for the actions by current Co-Liaison Counsel as an increase in clients will benefit their firms in terms of legal fees generated, and their clients, with respect to individual compensation.

Finally, and perhaps most unfortunately, the actions described herein are to

the detriment of the rest of the individual plaintiffs, which is inconsistent with "*protecting the interests of other plaintiffs' counsels' clients.*"

WHEREFORE, the Anderson plaintiffs respectfully request that this Honorable Court respectfully move this Court for entry of an Order which:

A. Removes current Co-Liaison Counsel, Corey Stern of Levy Konigsberg, LLP and Hunter Shkolnik of Napoli Shkolnik, PLLC for their actions described herein; and,

B. Impose a sanction, within the Court's discretion for the misconduct of current co-liaison counsel.

Date: October 27, 2020

Respectfully Submitted,

*/S/ Valdemar L. Washington* (27165)
Washington Legal
Attorneys for the Anderson Plaintiffs
718 Beach Street/P.O. Box 187
Flint, MI 48501-0187
(810) 407-6868
Val@vlwlegal.com

4