UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Waid, *et al*,

          Plaintiffs,     Case No. 16-10444

v.                                 Judith E. Levy
                                  United States District Judge

Snyder, *et al*,

                                  Mag. Judge Mona K. Majzoub
          Defendants.

_____/

# ORDER FOR SUPPLEMENTAL BRIEFING REGARDING PLAINTIFFS' MOTION TO CERTIFY CLASS [1207] AND ORDER EXTENDING THE PARTIES' BRIEFING TIMELINES AND PAGE LIMITS

Before the Court is Plaintiffs' motion to certify a liability and damages class and three subclasses: a minors' subclass, a residential property subclass, and a business subclass. Plaintiffs' motion also requests that the Court appoint class representatives and interim co-lead class counsel. (ECF No. 1207.) For the reasons below, the Court requests supplemental briefing on three issues impacting Plaintiffs' motion to certify a class and subclass that seek to bind thousands of minor children. First, the Court requests supplemental briefing regarding the

manageability of identifying and appointing legal guardians for the "tens of thousands" of children in the minors' subclass, as well as for the presumably similar number of minors who are "residents" as defined in the master class,[1] pursuant to Fed. R. Civ. P. 23(b)(3)(D). Second, the Court requests supplemental briefing regarding the feasibility of binding minors and absent minor class members to the outcome of the liability phase of this litigation. Relatedly and finally, the Court requests supplemental briefing regarding the feasibility of binding an opt-out damages class of minors and absent minor class members in a prospective settlement.

Plaintiffs request, pursuant to Federal Rules of Civil Procedure 23(b)(2), 23(b)(3), and 23(c)(4), to certify a damages class defined as:

> All current and former residents of the City of Flint who, for any period of time between April 25, 2014 and October 16, 2015, received drinking water supplied by the City of Flint regardless of whether the resident purchased the water from the City.

---

[1] Plaintiffs define the minor subclass to include children who were in utero at the time of exposure, but it is unclear whether these individuals would also be "residents" as defined in the master class.

(*Id.* at PageID.34418.) Within this class, Plaintiffs additionally move to certify three damages subclasses: a minors' subclass, a residential property subclass, and a business subclass. (*Id.*)

Plaintiffs define the minors' subclass as:

[A]ll children who, during the period from May 1, 2014 to January 5, 2016, were (a) in utero or between the ages of 0 to 10 years old, (b) lived in an identified residence or attended an identified school or day care, and (c) were exposed through ingestion\* to unfiltered Flint public water at such residence, school or day care for at least 14 days within a 90 day period.

\* "Exposed through ingestion to unfiltered public water" means the child (or their mother) was exposed to unfiltered tap water for at least 14 days during a 90 day period between May 1, 2014 and January 5, 2016, through any combination of the following ways:

(1) For childhood exposure: the child drank unfiltered Flint tap water (or beverages prepared with unfiltered tap water, including infant formula), and/or ate food prepared with unfiltered Flint tap water;

(2) For *in utero* exposure, the mother drank unfiltered Flint tap water (or beverages prepared with unfiltered tap water), and/or ate food prepared with unfiltered Flint tap water, while pregnant.

(*Id.* at PageID.34418-34419.)

3

Class actions are governed by Federal Rule of Civil Procedure 23, which establishes four prerequisites for certification: numerosity, common questions of law and fact, named plaintiffs who are typical of the class, and a guarantee of fair and adequate representation. Fed. R. Civ. P. 23(a). Because Plaintiffs are requesting both injunctive and damages[2] relief on behalf of the class and minors' subclass, they must also satisfy the requirements of Rules 23(b)(2) and 23(b)(3). The Court is particularly concerned with Rule 23(b)(3), which requires a finding that

> the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy. The matters pertinent to these findings include:
> . . .
> (D) the likely difficulties in managing a class action.

Fed. R. Civ. P. 23(b)(3)(D). Plaintiffs' lengthy motion dismisses the manageability factor in a single sentence: "this Court has ably managed

---

[2] This is a class action for damages "relating to Class members' qualify of life, economic harms sustained as a result of averting behaviors, and overcharges on Class members' water bills." (ECF No. 1207, PageID.34468.) As to the minors' subclass specifically, Plaintiffs seek damages "relating to Class members' personal injur[ies]." (*Id.* at PageID.34469.)

4

this case for over four years, and there is no reason to believe it will not continue to do so." (ECF No. 1207, PageID.34520.)

As Plaintiffs acknowledge, "a party proposing a class bears the burden of demonstrating that the class action is manageable." (ECF No. 1208-93, PageID.36063 (quoting 2 *Newberg on Class Actions* § 4:79 (5th ed.)).) The manageability consideration "encompasses the whole range of practical problems that may render the class action format inappropriate for a particular suit."[3] *Eisen v. Carlisle and Jacquelin*, 417 U.S. 156, 164 (1974). In this case, Plaintiffs seek to establish a subclass of "tens of thousands" of children, many of whom may also qualify for the master class of "all current and former residents." (ECF No. 1207,

---

[3] Plaintiffs cited a Colorado district case for the proposition that "[t]he difficulties in class management which may arise are not grounds for refusing now to certify the class . . . . Management problems which may arise in both pre-trial and trial proceedings may be the subject of further action by the court under Rule 16, 23(d)(2) [now 23(d)(1)], 42(b), and 56(d) [now 56(a)]." (ECF No. 1207, PageID.34470 (citing *In re Storage Tech. Corp. Sec. Litig.*, 113 F.R.D. 113, 119-20 (D. Colo. 1986) (concluding summarily that a class action is the best alternative available and that the lawsuit was not "too big to manage")).)

The undersigned respectfully disagrees with the Colorado district court. Manageability is an explicit requirement for a damages class certification pursuant to Fed. R. Civ. P. 23(b)(3)(D), and Plaintiffs have already acknowledged their burden in proving it. (ECF No. 1208-93, PageID.36063.)

PageID.34439.) After an initial review of the caselaw, the Court has identified three issues for which it requires supplemental briefing in order to assess the manageability of the master class and the minors' subclass:

> **First**, neither Plaintiffs' motion, nor the accompanying preliminary Trial Plan, describes the processes by which 1) Plaintiffs will locate each child; and 2) the Court could appoint a legal guardian for each child in the class and minors' subclass within the 75 days during which putative class members will be notified and have an opportunity to opt out.[4] The Court directs Plaintiffs to provide this information.
>
> **Second**, should this class be certified, the Court is concerned about whether it is legally feasible, as well as practically manageable, to bind the minors and absent minor class members to the outcome of the trial's liability phase. A preliminary review of Sixth Circuit and Michigan caselaw reveals a dearth of guidance as to damages class actions involving minors, but the cases reviewed by the Court suggest steep legal obstacles involved in binding child plaintiffs to a liability determination. *See, e.g.*, *Woodman v. Kera*, 280 Mich. App. 125 (2008) (underscoring the special and individualized precautions due when making liability determinations as to a minor's personal injury). The Court directs both parties to provide supplemental briefing on this issue.

---

[4] Depending upon the complexity of the individualized guardian appointment process, the Court notes that this manageability concern may additionally impact analysis of Rule 23(b)(3)'s requirement that the class action be "superior to other available methods for fairly and efficiently adjudicating the controversy."

**Third**, similar to the issue above, the Court is concerned about the legal and practical feasibility of binding the minors and absent minor class members in an opt-out damages settlement class before the children reach the age of majority, should this class be certified and the action proceed to a point where the parties are considering settlement. *See id.* (underscoring the special and individualized precautions due when releasing a child's personal injury claim). The Court directs both parties to provide supplemental briefing on this issue.

Plaintiffs are directed to provide supplemental briefing of no more than twelve pages on these questions by November 20, 2020. Defendants are directed to include supplemental briefing on these issues in their response to Plaintiff's motion for class certification, the deadline for which is now extended to December 5, 2020. Defendants' page limit is extended by ten pages. Plaintiffs' reply deadline will remain February 15, 2021 and the page limit is extended by five pages.

IT IS SO ORDERED.

Dated: November 6, 2020         s/Judith E. Levy
Ann Arbor, Michigan             JUDITH E. LEVY
                                United States District Judge

## **CERTIFICATE OF SERVICE**

 The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on November 6, 2020.

s/William Barkholz
WILLIAM BARKHOLZ
Case Manager
