# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

*In re* Flint Water Cases.

                                         /

Judith E. Levy
United States District Judge

This Order Relates To:

ALL CASES

                                         /

## **AGENDA FOR DECEMBER 2, 2020 STATUS CONFERENCE**

The Court will hold a status conference on these cases on December 2, 2020 at 2:00pm in Ann Arbor, Michigan via video conference. The agenda will be as follows, although the Court may adjust the agenda prior to the conference if necessary.

1. The Court has selected *Mahan v. City of Flint et al.* (No. 19-12665) and *Cole v. City of Flint et al.* (No. 19-12679) to consider Defendants LAN and Veolia's motions to dismiss, based upon the expiration of the applicable statutes of limitation.

   Under Michigan law, the statute of limitations on professional malpractice or misconduct claims is two years from accrual, Mich. Comp. Laws § 600.5805(8). Also under Michigan law, tort claims accrue "at the time the wrong

upon which the claim is based was done." Mich. Comp. Laws Ann. § 600.5827.

The Court will hear argument related to what date or dates the professional negligence claims accrued for each Defendant (LAN and VNA).

Plaintiffs do not allege the accrual dates in their complaint, and most of these cases were not filed until 2018 through 2020. On a motion to dismiss, as a general rule, the Court cannot take into consideration affidavits attached to a response brief. Counsel should be prepared to address this issue.

Further, if Plaintiffs had not filed this and the other similar cases and the pending motion for class certification in *Carthan* is granted, Plaintiffs could opt out of the class and take advantage of tolling to file timely individual complaints as set forth in *American Pipe & Construction Company v. Utah*, 414 U.S. 538 (1974). If class certification is denied, *American Pipe* tolling would allow the same result.

However, the Sixth Circuit has "declined to extend *American Pipe* tolling to plaintiffs who file individual actions before the district court rules on class certification." *Stein v. Regions Morgan Keegan Select High Income Fund, Inc.*, 821 F.3d 780, 788–89 (6th Cir. 2016) (citing *Wyser–Pratte Mgmt. Co. v. Telxon Corp.*, 413 F.3d 553 (6th Cir. 2005)).

Counsel for Plaintiffs should note that the Court is not convinced by its argument that this issue should be decided at trial particularly where, as here, there are no allegations

in the complaint regarding the accrual date of Plaintiffs' claims. The cases Plaintiffs cite were decided at the summary judgment stage based upon a material question of fact remaining to be decided. Here we have motions to dismiss, rendering Plaintiffs' reliance on those cases unhelpful.

The MDEQ Defendants and City of Flint Defendants need not prepare for participation in this argument due to their pending motion to establish settlement claims procedures and allocation and for preliminary approval of class settlement components (ECF Nos. 1318–1319) as well as their pending motion for a stay related to their role in the ongoing litigation (ECF No. 1323).

2. The LAN Defendants' objections to a Rule 30(b)(6) deposition notice.

3. In coordination with Genesee County Circuit Judge Farah, the LAN Defendants forthcoming motion for a protective order in connection with a notice from the State of Michigan.

4. The status of health inspections in light of the Michigan Department of Health and Human Services COVID-19 related restrictions.

5. The deposition of Veolia's corporate representative in France.

6. The Court will address next steps following submission of the Motion to Establish Settlement Claims Procedures and Allocation and for Preliminary Approval of Class Settlement Components.

7. The Special Master will provide an update on her work since the last status conference.

IT IS SO ORDERED.

Dated: November 20, 2020　　　　s/Judith E. Levy
Ann Arbor, Michigan　　　　　　　JUDITH E. LEVY
　　　　　　　　　　　　　　　　United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on November 20, 2020.

　　　　　　　　　　　　　　　　s/William Barkholz
　　　　　　　　　　　　　　　　WILLIAM BARKHOLZ
　　　　　　　　　　　　　　　　Case Manager