# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

Elnora Carthan, *et al.*,

Plaintiffs,

Case No.: 5:16-cv-10444-JEL-MKM

-v-

Hon. Judith E. Levy
Magistrate Judge Mona K. Majzoub

Rick Snyder, *et al.*,

Defendants.

# SUPPLEMENTAL BRIEF IN SUPPORT OF CLASS PLAINTIFFS' MOTION FOR CLASS CERTIFICATION

i

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ..................................................................... iii

CONCISE STATEMENT OF THE ISSUES PRESENTED ................................ vii

CONTROLLING OR MOST APPROPRIATE AUTHORITY ........................... viii

I.      The Manageability Inquiry Requires a Comparative Analysis. ......................1

II.     Efficient and Effective Procedures Exist for Appointing Next Friends
        and Otherwise Protecting the Rights of the Proposed Minors Subclass. ........4

        a.     Guardian Appointments Do Not Pose Manageability Concerns. .........4

        b.     Records Exist to Identify and Notify Minors Subclass
               Members. ................................................................................5

III.    Courts Can, and Regularly Do, Bind Minors to Legal Outcomes
        Decided on a Class-wide Basis. ..........................................................7

IV.     Minors' Claims Can be Settled on a Class-wide Basis. ..............................11

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

*In re Brooks*,
583 B.R. 443 (Bankr. W.D. Mich. 2018) ............................................................4

*C.P.X. ex rel. S.P.X. v. Garcia*,
450 F. Supp. 3d 854 (S.D. Iowa 2020) ...............................................................8

*Carnegie v. Household Int'l, Inc.*,
376 F.3d 656 (7th Cir. 2004) ..............................................................................2

*DeLoach v. Philip Morris Cos.*,
206 F.R.D. 551 (M.D.N.C. 2002) .......................................................................2

*Evans v. Jeff D.*,
475 U.S. 717 (1986)..............................................................................................8

*Fidel v. Farley*,
534 F.3d 508 (6th Cir. 2008) ..............................................................................6

*Fraley ex rel. Duval v. Facebook, Inc.*,
No. CV-11-01726 RS, 2012 WL 6013427 (N.D. Cal. Dec. 3, 2012) ...............11

*Greer v. City of Highland Park*,
No. 15-12444, 2019 WL 578550 (E.D. Mich. Jan. 10, 2019).............................4

*Guardianship Estate of Keffeler v. State Dep't of Soc. & Health
Servs.*,
32 P.3d 267 (Wash. 2001), *rev'd*, 537 U.S. 371 (2003) .....................................8

*Guardianship Estate of Keffeler v. Wash. Dep't of Soc. and Health
Servs.*,
No. 96-2-00157-2, 1997 WL 34622317 (Wash. Super. Ct. May 19,
1997) ....................................................................................................................7

*H.D. v. Omni La Costa Resort & Spa, LLC*,
No. 17-cv-0516-H-AGS, 2020 WL 220088 (S.D. Cal. Jan. 15,
2020), *report and recommendation adopted sub nom. DeRuyver v.
Omni La Costa Resort & Spa, LLC*, No. 3:17-cv-0516-H-AGS,
2020 WL 563551 (S.D. Cal. Feb. 4, 2020)........................................................10

*Health Call of Detroit, Inc. v. Farmers Ins. Exch.*,
No. 16-CV-11345, 2017 WL 4005931 (E.D. Mich. Sept. 12, 2017) ..................9

*Hodecker v. Blum*,
525 F. Supp. 867 (N.D.N.Y. 1981), *aff'd*, 685 F.2d 424 (2d Cir.
1982) ........................................................................................................................12

*Hodgson v. Minnesota*,
497 U.S. 417 (1990)..................................................................................................8

*Karkoukli's, Inc. v. Dohany*,
409 F.3d 279 (6th Cir. 2005) ..........................................................................5, 6

*Kiel ex rel. Kiel v. Barton*,
No. 09-cv-15053, 2011 WL 13206189 (E.D. Mich. Jan. 31, 2011)..................10

*Klay v. Humana, Inc.*,
382 F.3d 1241 (11th Cir. 2004), *abrogated in part on other
grounds by Bridge v. Phx. Bond & Indem. Co.*, 553 U.S. 639
(2008) ........................................................................................................................2

*Knight-Stanner v. Pruitt*,
No. 1:08-cv-949, 2010 WL 432424 (W.D. Mich. Jan. 26, 2010) .....................10

*Kremens v. Bartley*,
431 U.S. 119 (1977)..................................................................................................8

*M. D. ex rel. Stukenberg v. Abbott*,
907 F.3d 237 (5th Cir. 2018) ................................................................................8

*Mitchell v. SoftPlay, LLC*,
No. 13-14125, 2014 WL 12662246 (E.D. Mich. Dec. 23, 2014)......................10

*In re Nat'l Football League Players' Concussion Inj. Litig.*,
307 F.R.D. 351 (E.D. Pa. 2015), *amended*, No. 2:12-md-02323-
AB, 2015 WL 12827803 (E.D. Pa. May 8, 2015), *and aff'd as
amended*, 821 F.3d 410 (3d Cir. 2016)...............................................................12

*People v. Abraham*,
234 Mich. App. 640 (1999) ...................................................................................9

*In re Potash Antitrust Litig.*,
159 F.R.D. 682 (D. Minn. 1995) ..........................................................................2

*Reno v. Flores*,
  507 U.S. 292 (1993)...................................................................................8

*Richardson v. Time Mfg. Co.*,
  No. 5:04-CV-27, 2006 WL 8462401 (W.D. Mich. Nov. 21, 2006)..................10

*In re Silicone Gel Breast Implant Prods. Liab. Litig.*
  No. CV94-P-11558-S, 1994 WL 578353 (N.D. Ala. Sept. 1, 1994).................12

*In re Storage Technology Corp. Securities Litigation*,
  113 F.R.D. 113 (D. Colo. 1986) ...........................................................2

*Swisher v. Brady*,
  438 U.S. 204 (1978)...................................................................................8

*In re Visa Check/MasterMoney Antitrust Litig.*,
  280 F.3d 124 (2d Cir. 2001), *abrogated on other grounds by In re
  Initial Pub. Offerings Sec. Litig.*, 471 F.3d 24 (2d Cir. 2006)............................2

*Washington State Department of Social & Health Services v.
  Guardianship Estate of Keffeler,*537 U.S. 371 (2003) ....................................7, 8

*In re Whirlpool Corp. Front-Loading Washer Prod. Liab. Litig.*,
  722 F.3d 838 (6th Cir. 2013) .........................................................3, 12

*Wilder v. Bernstein*,
  499 F. Supp. 980 (S.D.N.Y. 1980) ...................................................12

*Woodman v. Kera LLC*,
  280 Mich. App. 125 (2008), *aff'g and remanding sub nom.
  Woodman ex rel. Woodman v. Kera LLC* 486 Mich. 228 (Mich.
  2010) ...........................................................................................9, 10

**RULES**

Fed. R. Civ. P. 17(c).................................................................................4

Fed. R. Civ. P. 23 ................................................................................*passim*

Mich. Ct. R. 2.420.................................................................................10

**OTHER AUTHORITIES**

2 William B. Rubenstein, *Newberg on Class Actions* § 4:72 (5th ed. 2020) ................................................................................................2, 6

2 William B. Rubenstein, *Newberg on Class Actions* § 4:79 (5th ed. 2020) ...................................................................................................3

2 William B. Rubenstein, *Newberg on Class Actions* § 4:80 (5th ed. 2020) ................................................................................................3, 12

**CONCISE STATEMENT OF THE ISSUES PRESENTED**

1. What process(es) would facilitate locating, and appointing legal guardians for, members of the proposed Minors Subclass?

2. Is it legally feasible, as well as practically manageable, to bind members of the proposed Minors Subclass to a liability determination?

3. Is it legally feasible, as well as practically manageable, to resolve minors' damages claims as part of an opt-out, class settlement?

4. Considering these issues, does the proposed Minors Subclass present a manageable and superior method of adjudicating minors' claims in this matter?

## CONTROLLING OR MOST APPROPRIATE AUTHORITY

- Federal Rule of Civil Procedure 17

- Federal Rule of Civil Procedure 23

- *Wash. State Dep't of Soc. & Health Servs. v. Guardianship Estate of Keffeler*, 537 U.S. 371 (2003)

- *Fidel v. Farley,* 534 F.3d 508 (6th Cir. 2008)

- *Kiel ex rel. Kiel v. Barton*, No. 09-cv-15053, 2011 WL 13206189 (E.D. Mich. Jan. 31, 2011)

- *In re Silicone Gel Breast Implant Prods. Liab. Litig.*, No. CV94-P-11558-S, 1994 WL 578353 (N.D. Ala. Sept. 1, 1994)

- *Woodman v. Kera*, 280 Mich. App. 125 (2008)

- William B. Rubenstein, *Newberg on Class Actions* (5th ed. 2020)

The proposed Minors Subclass is the only mechanism through which thousands of unrepresented children can feasibly recover for injuries sustained after having been exposed to hazardous water. This fact alone strongly endorses the superiority of proceeding as a class. Moreover, certification of the proposed Minors Subclass would facilitate an efficient and enforceable, class-wide resolution of children's claims, whether through trial or settlement, and manageable processes exist to protect subclass members' rights. Plaintiffs submit this memorandum in response to the Court's Order, ECF No. 1308, directing supplemental briefing to address three issues relating to the manageability of the proposed Minors Subclass.

## I.     The Manageability Inquiry Requires a Comparative Analysis.

To assess the appropriateness of Plaintiffs' proposals for addressing those issues, discussed *infra*, a brief examination of the framework with which manageability issues are considered is warranted. Federal Rule of Civil Procedure 23(b)(3) provides a non-exhaustive list of four factors to consider in determining whether a proposed class satisfies the Rule's predominance and superiority requirements. The fourth factor examines, "the likely difficulties in managing a class action." Fed. R. Civ. P. 23(b)(3)(D).

Newberg on Class Actions explains, "the question that courts consider when they analyze manageability is not whether a class action is manageable in the abstract but how the problems that might occur in managing a class suit compare to the

problems that would occur in managing litigation without a class suit. In other words, the manageability inquiry is a comparative one." 2 William B. Rubenstein, *Newberg on Class Actions* § 4:72 (5th ed. 2020). While the Sixth Circuit has yet to opine on the precise issue, several circuit and district courts have disfavored dismissing a class action on manageability grounds.[1]

Undertaking this comparative analysis demonstrates why proceeding as a class action is the superior means of adjudicating minors' interests. Were Subclass Members' claims – representing tens of thousands of children who have not filed suit or retained counsel – to proceed individually, resolution would likely take years, expending enormous judicial resources and delaying these children much-needed relief. Moreover, the substantial costs of litigating these cases makes it unlikely that most of these children could practically bring their own, individual action. This is

---

[1] *See, e.g.*, *In re Visa Check/MasterMoney Antitrust Litig.*, 280 F.3d 124, 140 (2d Cir. 2001) ("failure to certify an action under Rule 23(b)(3) on the sole ground that it would be unmanageable is disfavored and 'should be the exception rather than the rule.'" (citation omitted)), *abrogated on other grounds by In re Initial Pub. Offerings Sec. Litig.*, 471 F.3d 24 (2d Cir. 2006); *Carnegie v. Household Int'l, Inc.*, 376 F.3d 656, 661 (7th Cir. 2004); *Klay v. Humana, Inc.*, 382 F.3d 1241, 1272 (11th Cir. 2004), *abrogated in part on other grounds by Bridge v. Phx. Bond & Indem. Co.*, 553 U.S. 639 (2008); *DeLoach v. Philip Morris Cos.*, 206 F.R.D. 551, 567 (M.D.N.C. 2002); *In re Potash Antitrust Litig.*, 159 F.R.D. 682, 700 (D. Minn. 1995). Neither these cases nor Plaintiffs' citation to *In re Storage Technology Corp. Securities Litigation*, 113 F.R.D. 113, 119-20 (D. Colo. 1986), suggest that the manageability factor be ignored, but rather that manageability concerns alone will rarely warrant the denial of class certification.

born out by the fact that while hundreds, possibly thousands, of children have retained counsel and filed suit, the vast majority have not. Thus, for many, the proposed Subclass is not just a superior means of adjudication – it is the only means.

Plaintiffs' proposed trial plan provides a workable approach for resolving the Subclass's claims.[2] That trial plan suggests bifurcating the liability and damages phases of trial to resolve, "manageability problems." 2 William B. Rubenstein, *Newberg on Class Actions* § 4:80 (5th ed. 2020); *see also In re Whirlpool Corp. Front-Loading Washer Prod. Liab. Litig.*, 722 F.3d 838, 860 (6th Cir. 2013). As explained more fully in Plaintiffs' class certification brief, resolving liability issues on a class-wide basis in the first instance reduces the risk of inconsistent verdicts and expedites resolution of *all* injured children's claims – not just those who have their cases tried first.[3] These procedures, as well as those outlined herein, satisfy any manageability concerns unique to the proposed Minors Subclass.[4]

---

[2] ECF No. 1207, PageID.34521-35422; Ex. 82, ECF No. 1208-91; *see also* 2 William B. Rubenstein, *Newberg on Class Actions* § 4:79 (5th ed. 2020) (explaining that a "trial plan is especially useful in helping the court determine whether the issues in the case are capable of class-wide proof or whether, instead, they will require such individualization that a single trial would be unmanageable").

[3] *Cf.* Mem. at Section IV.C., ECF No. 1207, PageID.34516-34522.

[4] In response to the Court's inquiry in Footnote 1 of its Order, ECF No. 1308, there may be a small number of children who fall within the Minors Subclass definition who do not fit within the broader class definition including children exposed to Flint water in utero or at a school or daycare but who never "resided" in the City after birth. To the extent that the Court concludes that the general class

## II.    Efficient and Effective Procedures Exist for Appointing Next Friends and Otherwise Protecting the Rights of the Proposed Minors Subclass.

### a.    Guardian Appointments Do Not Pose Manageability Concerns.

Manageable processes exist to facilitate the Court's, "appoint[ment of] a legal guardian for each child in the class and minors' subclass." ECF No. 1308, PageID.39855. As an initial matter, it is unlikely that formal appointments will be necessary for most members of the Minors Subclass because Federal Rule of Civil Procedure 17(c)(1) authorizes certain representatives, including a general guardian such as a parent to sue on behalf of a minor without action from the court.[5] Thus, separate action by the Court would not be required to address manageability concerns on this point.[6]

Some members of the proposed Minors Subclass will likely require appointment of a next friend or guardian to protect their interests. Such

definition does not encompass the full Minors Subclass, Plaintiffs would propose a slight modification to the class definition to protect these children.

[5] *See Greer v. City of Highland Park*, No. 15-12444, 2019 WL 578550, at *2 n.3 (E.D. Mich. Jan. 10, 2019) (rejecting defendants' argument that a next friend must be appointed for the minor plaintiff because, "Federal Rule of Civil Procedure 17(c) allows a parent to sue on a child's behalf"); *In re Brooks*, 583 B.R. 443, 444–45 (Bankr. W.D. Mich. 2018).

[6] To the extent the Court certifies a Minors Subclass solely under Federal Rule of Civil Procedure 23(b)(2), the need to appoint legal guardians should be inconsequential as these classes do not permit opt outs and do not present situations in which a minor may need to exercise his or her legal rights.

appointments, however, would not require this Court to make individual appointments for each minor child. Instead, Plaintiffs propose that the Court appoint a Master Guardian ad Litem as well as panels of approved guardians to represent the interests of Subclass Members who do not have an effective legal guardian. This approach is similar to the approach set forth in the Proposed Settlement to protect minors' rights[7] and has the added benefit of providing flexibility to adapt should that be necessary as the case progresses.

### b. Records Exist to Identify and Notify Minors Subclass Members.

Should the Court certify a class under Federal Rule of Civil Procedure 23(b)(3),[8] it "must direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." Fed. R. Civ. P. 23(c)(2)(B); *see also Karkoukli's, Inc. v. Dohany*, 409 F.3d 279, 283 (6th Cir. 2005) (notice must be "reasonably calculated

---

[7] In the event of a judgment or settlement, Plaintiffs would propose more specific procedures to protect the rights of minors relating to monetary awards, similar to the procedures set forth in the Settlement Agreement, including a process for approving next friends and guardians, and for involving a Special Master to insure the process is fair. *See generally* Ex. A, Settlement Agreement Art. XXI, ECF No. 1319-1, PageID.40393-40400 (addressing procedures for minors); *see also, e.g.*, *id.* ¶¶ 3.14, 3.24, 3.32, 12.10, PageID.40350, 40351-40353, 40372 (addressing involvement of Special Master).

[8] Rule 23(c)(2)(A) provides that "[f]or any class certified under Rule 23(b)(1) or (b)(2), the court *may* direct appropriate notice to the class." Fed. R. Civ. P. 23(c)(2)(A) (emphasis added); notice is mandatory, however, regarding any proposed settlement or attorneys' fees petition.

to reach interested parties" (citation omitted)). "Due process does not, however, require *actual* notice to each party intended to be bound by the adjudication of a representative action." *Fidel v. Farley*, 534 F.3d 508, 514 (6th Cir. 2008).

Concerns related to effectively identifying and notifying class members rarely present manageability concerns that warrant denial of certification. 2 William B. Rubenstein, *Newberg on Class Actions* § 4:72 (5th ed. 2020). This case is no exception. Because the proposed subclass of minors largely lived within a limited geographic area during a defined, twenty-month timespan, most Subclass members can be identified through government records including health records, benefits information, and school records submitted to the state and education rosters. This would facilitate direct notice to a substantial portion of the proposed Minors Subclass. To the extent these lists are incomplete or out of date, direct notice would be supplemented by a robust media program designed by experienced notice administrators to target potential Class members.[9] This is more than sufficient to satisfy the "reasonably calculated" standard. *Karkoukli's*, 409 F.3d at 283.

---

[9] Parties typically forego submitting proposed notice plans until after a certification decision has been made. Certification notice would be tailored to the contours of the certified class(es) as was done in Plaintiffs' proposed Settlement Notice Plan. *See*, Ex. K, ECF No. 1319-11.

### III.  Courts Can, and Regularly Do, Bind Minors to Legal Outcomes Decided on a Class-wide Basis.

The Court also directed Plaintiffs to submit supplemental briefing to address, "whether it is legally feasible, as well as practically manageable, to bind the minors and absent minor class members to the outcome of the trial's liability phase." ECF No. 1308, PageID.39855. The answer to both questions is yes.

It is well established that courts may rule on the legal claims of minors, whether proceeding individually or as a class. Indeed, the Supreme Court has done so. In *Washington State Department of Social & Health Services v. Guardianship Estate of Keffeler*, the Supreme Court reviewed a case brought on behalf of a class of foster children seeking disgorgement of monies paid to the State of Washington from their social security benefits. 537 U.S. 371 (2003). Prior to the case reaching the Supreme Court, the trial court certified the class of minors[10] and then proceeded to grant summary judgment for class plaintiffs, holding that the State's use of these

---

[10] *See Guardianship Estate of Keffeler v. Wash. Dep't of Soc. and Health Servs.*, No. 96-2-00157-2, 1997 WL 34622317 (Wash. Super. Ct. May 19, 1997) (holding that "[t]he most efficient way to resolve that matter and give direction to the State without unnecessarily involving other Courts and running the risk of inconsistent decisions is to certify the case pursuant to Civil Rule 23(b)(2) even though it could, as well, be certified as a 23(b) (1) (A) or 23(b) (1) (B) action," and recognizing that, "[i]n the event the Court finds that the Defendant State has wrongfully diverted the foster children's Title II Social Security payments, any reimbursement to the class will follow automatically. Money reimbursement to the class, in such event, will not change the character of the suit").

benefits violated Title II of the Social Security Act. The Washington Supreme Court affirmed,[11] but the U.S. Supreme Court reversed, holding the State's use of class members' benefits appropriate under Title II and extinguishing class members' claims for disgorgement. 537 U.S. at 392. Importantly for the purpose of this case: in reaching this result, the Court neither questioned the legal feasibility of certifying a class of minors, nor hesitated to bind minors to the outcome of the case.

Indeed, the Supreme Court has opined on substantive legal issues within the context of a certified class of minors in multiple instances,[12] as have lower courts[13]

---

[11] *Guardianship Estate of Keffeler v. State Dep't of Soc. & Health Servs.*, 32 P.3d 267, 268 (Wash. 2001), *rev'd*, 537 U.S. 371 (2003).

[12] *See, e.g.*, *Reno v. Flores*, 507 U.S. 292 (1993) (reversing circuit court's ruling in favor of certified class of minor claimants and denying minors' constitutional claims); *Hodgson v. Minnesota*, 497 U.S. 417, 422 (1990) (affirming circuit court's ruling on claims brought by class of pregnant minors); *Swisher v. Brady*, 438 U.S. 204, 219 (1978) (reversing judgment that had been granted in favor of certified class of minors and ruling against minors' claims); *see also, e.g.*, *Evans v. Jeff D.*, 475 U.S. 717, 720 (1986) (reviewing an issue involving statutory interpretation related to the recovery of attorneys' fees following settlement of a class action brought on behalf of, "children who suffer from emotional and mental handicaps"); *Kremens v. Bartley*, 431 U.S. 119, 125 (1977) (reviewing certification of a class, "comprised of all persons eighteen years of age or younger who have been, are or may be admitted or committed to mental health facilities in Pennsylvania" and reversing on justiciability grounds due to change in underlying law related to admission of children to mental health facilities).

[13] *See, e.g.*, *M. D. ex rel. Stukenberg v. Abbott*, 907 F.3d 237, 246 (5th Cir. 2018) (noting that certified class and three subclasses of children in Texas's foster care system "alleging that the State violated their substantive rights under the Due Process Clause of the Fourteenth Amendment," proceeded to two week bench trial); *C.P.X. ex rel. S.P.X. v. Garcia*, 450 F. Supp. 3d 854 (S.D. Iowa 2020) (issuing a

– but on none of these occasions have the courts questions the viability of binding a class of minors. Notably, most of these cases were certified pursuant to 23(b)(2) which does not permit class members to opt out, leaving minors no choice but to be bound by the outcome.

In *Woodman v. Kera*, the Michigan Court of Appeals generally discussed legal protections for resolving minors' claims in Michigan and held that, because minors lack the capacity to contract under Michigan common law, minors could not be bound by contracts signed by a parent/guardian on their behalf. 280 Mich. App. 125 (2008), *aff'g and remanding sub nom. Woodman ex rel. Woodman v. Kera LLC*, 486 Mich. 228, 237-244 (Mich. 2010). It is well-established, however, that Michigan law expressly authorizes parents to sign contracts, "for or on behalf of the minor." *Health Call of Detroit, Inc. v. Farmers Ins. Exch.*, No. 16-CV-11345, 2017 WL 4005931, at *3 (E.D. Mich. Sept. 12, 2017) (quoting *People v. Abraham*, 234 Mich. App. 640, 651 (1999)). The counterintuitive result of these two principles being that, "parents may contract on their child's behalf . . . but if the child, through the parents, wishes to avoid that contract, the parent's signature will not prevent it from doing so." *Id.*

This does not prevent courts from binding minors to a liability determination. As discussed above, they can and do. It could, however, cast an unsettling shadow

---

judgment following a bench trial on claims brought by certified class of boys at a school run by the Iowa DHS in which students were ages 12 to 19).

of uncertainty over any *contractual* resolution of minors' claims. This contract-specific concern is not unique to class settlements. Nor does it tip the manageability scale in any way. It may, however, counsel in favor of supplemental procedures to buttress the appropriateness of any negotiated resolution.

In *Woodman*, the Michigan Court of Appeals references certain legal provisions enacted to protect minors including Michigan Court Rule 2.420, which contains various requirements for settling minors' claims. Several courts have deemed these provisions inapplicable in federal court,[14] though the caselaw is not unanimous.[15] Were the Court were to hold that some or all of these provisions should be applied to the review of a potential Minors' Subclass settlement or judgment – whether due to a legal requirement or pursuant to the Court's general discretion to craft protections designed to facilitate the fair and efficient resolution of its cases –

---

[14] *See H.D. v. Omni La Costa Resort & Spa, LLC*, No. 17-cv-0516-H-AGS, 2020 WL 220088, at *3 (S.D. Cal. Jan. 15, 2020) (declining to apply Michigan Court Rule 2.420 to approve of a settlement involving a Michigan minor because "the Michigan Court Rules, by their own terms, apply only to cases in 'courts established by the constitution and laws of the State of Michigan[.]'" (quoting Mich. Ct. R. 2.001) (alteration in original)), *report and recommendation adopted sub nom. DeRuyver v. Omni La Costa Resort & Spa, LLC*, No. 3:17-cv-0516-H-AGS, 2020 WL 563551 (S.D. Cal. Feb. 4, 2020); *Kiel ex rel. Kiel v. Barton*, No. 09-cv-15053, 2011 WL 13206189, at *1 (E.D. Mich. Jan. 31, 2011); *Knight-Stanner v. Pruitt*, No. 1:08-cv-949, 2010 WL 432424, at *1 n.2 (W.D. Mich. Jan. 26, 2010).

[15] *Mitchell v. SoftPlay, LLC*, No. 13-14125, 2014 WL 12662246, at *1 (E.D. Mich. Dec. 23, 2014); *Richardson v. Time Mfg. Co.*, No. 5:04-CV-27, 2006 WL 8462401, at *2 (W.D. Mich. Nov. 21, 2006).

procedures exist for efficiently complying with these requirements. As described in Plaintiffs' recently filed motion for preliminary approval, guardian panels could be empowered to review and approve settlements or monetary awards involving individual children.[16] Additionally, to the extent such an order has not already been entered, Plaintiffs could file a motion in Genesee County Circuit Court requesting approval from the Michigan Supreme Court to concurrently exercise the jurisdiction of the probate court and request that the Michigan Supreme Court order all probate proceedings involving minors and arising out of the *In re Flint Water Litigation* be transferred or assigned to the Genesee County Circuit Court.[17] This process would facilitate the efficient and uniform application of these rules to all members of the Minors Subclass. And any difficulties that might arise in this process would not be unique to class-wide adjudication nor should they warrant depriving justice to thousands of children who could not or did not file an individual action.

## IV. Minors' Claims Can be Settled on a Class-wide Basis.

Class settlements under Rule 23(b)(3) and (e) involving the claims of minors – including in personal injury and toxic tort cases – are enforceable. *See, e.g.*, *Fraley ex rel. Duval v. Facebook, Inc.*, No. CV-11-01726 RS, 2012 WL 6013427, at *1

---

[16] ECF No. 1318, PageID.40275, 40282-40283. *See, e.g.*, Ex. A, Settlement Agreement ¶¶ 21.14-15, 21.20-22, ECF No. 1319-1, PageID.40396, 40397-40398.

[17] *See* Ex. A, Settlement Agreement ¶ 21.2, ECF No. 1319-1, PageID.40393.

(N.D. Cal. Dec. 3, 2012).[18] While uncommon, nothing in the Federal Rules or relevant caselaw prohibits settling minors' damages claims on a class-wide basis.

Moreover, to the extent the Court believes additional protections would be useful to protect the interests of *any* class members, regardless of age, it has substantial discretion to do so.[19] For example, in *In re Silicone Gel Breast Implant Prods. Liab. Litig.*, the court held that, "[w]ith respect to claims of injury to children from their mother's breast implant, the agreement provides an opt-out right, protected against statutes of limitation, until the later of two years after attaining their majority or after manifesting symptoms of the illness." No. CV94-P-11558-S, 1994 WL 578353, at *9 (N.D. Ala. Sept. 1, 1994). As demonstrated by this case and herein, manageable methods exist for protecting minors' rights in a class action. The Court has discretion to tailor these methods to the needs of this case so that the thousands of unrepresented children harmed by the Flint Water Crisis may have their day in Court.

---

[18] *See also, e.g.*, *In re Nat'l Football League Players' Concussion Inj. Litig.*, 307 F.R.D. 351, 361 (E.D. Pa. 2015), *amended*, No. 2:12-md-02323-AB, 2015 WL 12827803 (E.D. Pa. May 8, 2015), *and aff'd as amended*, 821 F.3d 410 (3d Cir. 2016); *Hodecker v. Blum*, 525 F. Supp. 867, 869 (N.D.N.Y. 1981), *aff'd*, 685 F.2d 424 (2d Cir. 1982); *Wilder v. Bernstein*, 499 F. Supp. 980, 994 (S.D.N.Y. 1980).

[19] *See, e.g.*, 2 William B. Rubenstein, *Newberg on Class Actions* § 4:80 (5th ed. 2020) (explaining that "Appellate courts tend to give district courts leeway in utilizing . . . management techniques so as to make a class action feasible").

Dated: November 20, 2020

Respectfully submitted,

/s/ Theodore J. Leopold
Theodore J. Leopold
**COHEN MILSTEIN SELLERS &**
**TOLL PLLC**
11780 U.S. Highway One
Suite N500
Palm Beach Gardens, FL 33408
(561) 515-1400 Telephone
tleopold@cohenmilstein.com

Joseph M. Sellers
Kit A. Pierson
Emmy L. Levens
Jessica B. Weiner
Alison S. Deich
**COHEN MILSTEIN SELLERS &**
**TOLL PLLC**
1100 New York Ave. NW
Suite 500
Washington, DC 20005
(202) 408-4600 Telephone
jsellers@cohenmilstein.com
kpierson@cohenmilstein.com
elevens@cohenmilstein.com
jweiner@cohenmilstein.com
adeich@cohenmilstein.com

Vineet Bhatia
Shawn Raymond
**SUSMAN GODFREY, L.L.P.**
1000 Louisiana Street
Suite 5100
Houston, TX 77002
(713) 651-3666 Telephone
vbhatia@susmangodfrey.com
sraymond@susmangodfrey.com

/s/ Michael L. Pitt
Michael L. Pitt
Cary S. McGehee
**PITT MCGEHEE PALMER**
**BONANNI & RIVERS, P.C.**
117 West 4th Street
Suite 200
Royal Oak, MI 48067
(248) 398-9800 Telephone
mpitt@pittlawpc.com
cmcgehee@pittlawpc.com

Paul Novak (P39524)
Diana Gjonaj (P74637)
Gregory Stamatopoulos (P74199)
**WEITZ & LUXENBERG, P.C.**
3011 West Grand Boulevard
Suite 2150
Detroit, MI 48226
(313) 800-4170 Telephone
pnovak@weitzlux.com
dgjonaj@weitzlux.com
gstamatopoulos@weitzlux.com

Robin L. Greenwald
**WEITZ & LUXENBERG, P.C.**
700 Broadway
New York, NY 10003
(212) 558-5500 Telephone
rgreenwald@weitzlux.com

Esther E. Berezofsky
**MOTLEY RICE LLC**
210 Lake Drive East
Suite 101
Cherry Hill, NJ 08002
(856) 667-0500 Telephone

Stephen Morrissey
Jordan Connors
Katherine Peaslee
**SUSMAN GODFREY, L.L.P.**
1201 Third Ave.
Suite 3800
Seattle, WA 98101
(206) 516-3880 Telephone
smorrissey@susmangodfrey.com
jconnors@susmangodfrey.com
kpeaslee@susmangodfrey.com

Peretz Bronstein
Shimon Yiftach
**BRONSTEIN, GEWIRTZ &
GROSSMAN, LLC**
60 East 42nd Street
Suite 4600
New York, NY 10165
(212) 697-6484 Telephone
peretz@bgandg.com
shimony@bgandg.com

Bradford M. Berry
Anson C. Asaka
**NAACP**
4805 Mt. Hope Dr.
Baltimore, MD 21215
(410) 580-5777 Telephone
bberry@naacpnet.org
aasaka@naacpnet.org

Kathryn P. Hoek
**SUSMAN GODFREY, L.L.P.**
1901 Avenue of the Stars
Suite 950
Los Angeles, CA 90067
(310) 789-3100 Telephone
khoek@susmangodfrey.com

eberezofsky@motleyrice.com

Teresa Caine Bingman (P56807)
**THE LAW OFFICES OF TERESA
A. BINGMAN, PLLC**
120 N. Washington Square
Suite 327
Lansing, MI 48933
(877) 957-7077 Telephone
tbingman@tbingmanlaw.com

William Goodman (P14173)
Julie H. Hurwitz (P34720)
Kathryn Bruner James (P71374)
**GOODMAN & HURWITZ PC**
1394 E. Jefferson Ave.
Detroit, MI 48207
(313) 567-6170 Telephone
bgoodman@goodmanhurwitz.com
jhurwitz@goodmanhurwitz.com
kjames@goodmanhurwitz.com

Deborah A. LaBelle (P31595)
**LAW OFFICES OF DEBORAH A.
LABELLE**
221 N. Main St.
Suite 300
Ann Arbor, MI 48104
(734) 996-5620 Telephone
deblabelle@aol.com

Trachelle C. Young (P63330)
**TRACHELLE C. YOUNG &
ASSOCIATES PLLC**
2501 N. Saginaw St.
Flint, MI 48505
(810) 239-6302 Telephone
trachelleyoung@gmail.com

Brian McKeen (P34123)

Neal H. Weinfield
**THE DEDENDUM GROUP**
(312) 613-0800 Telephone
nhw@dedendumgroup.com

Cirilo Martinez (P65074)
**LAW OFFICE OF CIRILO
MARTINEZ, PLLC**
3010 Lovers Lane
Kalamazoo, MI 49001
(269) 342-1112 Telephone
martinez_cirilo@hotmail.com

David J. Shea
**SHEA AIELLO, PLLC**
26100 American Drive
2nd Floor
Southfield, MI  48034
(248) 354-0224 Telephone
david.shea@sadplaw.com

Mark L. McAlpine (P35583)
Jayson E. Blake (P56128)
**MCALPINE PC**
3201 University Drive
Suite 100
Auburn Hills, MI  48326
(248) 373-3700 Telephone
mlmcalpine@mcalpinelawfirm.com
jeblake@mcalpinelawfirm.com

Claire Vergara (P77654)
**McKEEN & ASSOCIATES, PC**
645 Griswold Street
Suite 4200
Detroit, MI 48226
(313) 961-4400 Telephone
bjmckeen@mckeenassociates.com
cvergara@mckeenassociates.com

Cynthia M. Lindsey (P37575)
Shermane T. Sealey (P32851)
**CYNTHIA M. LINDSEY &
ASSOCIATES, PLLC**
8900 E. Jefferson Avenue
Suite 612
Detroit, MI 48214
(248) 766-0797 Telephone
cynthia@cmlindseylaw.com
shermane@cmlindseylaw.com

Andrew P. Abood (P43366)
**ABOOD LAW FIRM**
246 East Saginaw Street
Suite One
East Lansing, Michigan 48823
(517) 332-5900 Telephone
andrew@aboodlaw.com

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing instrument was filed with the U.S. District Court through the ECF filing system and that all parties to the above case were served via the ECF filing system on November 20, 2020.


Dated: November 20, 2020

*/s/ Emmy L. Levens*
Emmy L. Levens
**COHEN MILSTEIN SELLERS
& TOLL PLLC**
1100 New York Ave. NW
Suite 500
Washington, DC 20005
(202) 408-4600 Telephone
elevens@cohenmilstein.com