UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

SOUTHERN DIVISION

| | |
|---|---|
| *In re* Flint Water Cases. _____/ | Judith E. Levy<br>United States District Judge |

This Order Relates To:

ALL CASES

_____/

**OPINION AND ORDER GRANTING
MOTION TO SEAL [1316]**

On November 17, 2020, Plaintiffs submitted a motion to seal certain exhibits to their proposed settlement agreement. (ECF No. 1316.) The State of Michigan Defendants, MDEQ Defendants, City of Flint Defendants, McLaren, and Rowe (the Settling Defendants) do not object to sealing these items. (*Id.* at PageID.40179.)

For the reasons set forth below, Plaintiffs' motion is granted.

**I.   Legal Standard**

Eastern District of Michigan Local Rule 5.3 governs civil material filed under seal. "There is a strong presumption in favor of open judicial

records." *Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305 (6th Cir. 2016). A request for a seal must be "narrowly tailored. . . in accord with applicable law." E.D. Mich. LR 5.3(b)(2).

The Court may grant a motion to seal "only upon a finding of a compelling reason why certain documents or portions thereof should be sealed." *Id.* at (b)(3)(B)(i). Even if no party objects to a motion to seal, the "district court that chooses to seal court records must set forth specific findings and conclusions 'which justify nondisclosure to the public.'" *Shane Grp.*, 925 F.3d at 306 (citing *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1176 (6th Cir. 1983)). The Court must make its decision based on the following three factors: "why the interests in support of nondisclosure are compelling, why the interests supporting access are less so, and why the seal itself is no broader than necessary[.]" *Shane Grp.*, 925 F.3d at 306 (citing *Brown & Williamson*, 710 F.2d at 1176).

## II. Analysis

The parties entered into a Confidentiality Order, which was entered as an attachment to the Fifth Amended Case Management Order. (ECF No. 1255-3.) That document provides that, when a motion to seal material

that is defined in that agreement as "Protected Material" is filed, the parties "will have seven (7) days from the date of the sealing motion is served to file a response." (ECF No. 1255-3, PageID.39395.) Plaintiffs indicate that this provision applies to their motion.

Plaintiff filed this motion on November 17, 2020. The seven-day response period expired on November 25, 2020. No response was filed, and accordingly, this motion is unopposed.

### *Shane Group Factors*

As to *Shane Group* factors one and two– why the interests in nondisclosure are compelling and why the interests supporting access are less so, *Shane Grp.*, 925 F.3d at 306—Plaintiff describes the documents as "lists of persons that have either filed claims or retained an attorney, but that have not provided dates of birth to the Special Master." (ECF No. 1316, PageID.40179.) The documents comprise two exhibits: Exhibit 1b and 13b to the Master Settlement Agreement. (*Id.*) Both contain potential minors' names. Plaintiffs also request that the names on the list remain confidential until a date of birth can be obtained to confirm that the person is or is not a minor. If someone on the list is not in fact a minor, their name will be disclosed.

3

The Federal Rules of Civil Procedure recognize the privacy of minor children from having their names revealed in court documents. Specifically Federal Rule of Civil Procedure 5.2(a) "[u]nless the court orders otherwise, in an electronic or paper filing with the court that contains. . . the name of an individual known to be a minor. . . a party or nonparty making the filing may include only, . . . (3) the minor's initials."

Plaintiffs cite to *Al Maqablh v. Heinz*, No. 16-00289, 2017 WL 1400591 (W.D. Ky. Apr. 13, 2017). There, the plaintiff sought to seal documents containing "personal information of a minor." *Id*. at *2. The court cited two recognized exceptions to the general rule of public access:

> [1] those based on the need to keep order and dignity in the courtroom and [2] those which center on the content of the information to be disclosed to the public." *In re Southeastern Milk Antitrust Litig.*, 666 F. Supp. 2d 908, 915 (E.D. Tenn. 2009) (class certification granted in part and denied in part, *In re Southeastern Milk Antitrust Litig.*, 2010 U.S. Dist. LEXIS 94223 (E.D. Tenn. 2010)) (internal citation omitted).

*Id*. The court determined that conventional filing of the material sought to be sealed there "would result in revealing private, identifying information of a minor." *Id*.

Here, Plaintiffs seek to seal the content of the information contained in the documents. However, in addition to Plaintiffs'

4

arguments regarding the contents, this is also a situation where sealing keeps order in the courtroom for the purposes of managing the docket in a case of this size.

The documents contain nothing more than the minors' first and last names. If Plaintiff were to replace the names with initials as contemplated by Rule 5.2(a), it may render the information meaningless because of the volume of names involved. It may be difficult to adequately keep track of and analyze each claim for purposes of working through the settlement process, if approved, for each person if they are referred to by initials-only. Further, due to the volume of names, there is a strong likelihood that there would be instances of individuals sharing the same initials, which could create confusion. Accordingly, Plaintiffs' proposal to seal, rather than simply use initials in place of names, is justified at this stage.

The interests in protecting the minor children's identities from disclosure is also compelling at this time. Sealing would result in keeping private, identifying information about minors from being publicly disseminated. Additionally, there is little or no interest to the public in revealing the names minor children, especially while the litigation is

5

pending and the Court is still considering the merits of approving the proposed settlement agreement. Accordingly, Plaintiffs have met the first two *Shane Group* factors in favor of sealing the two exhibits.

Plaintiffs also satisfy the third *Shane Group* factor, namely, why the seal itself is no broader than necessary. *Shane Grp.*, 925 F.3d at 306. Plaintiffs only seek to seal the two exhibits containing the specific names at issue, and not any other information regarding them, or any other documents related to the proposed settlement. And as set forth above, the documents contain only the names of individuals whose birth dates are unknown at this time. Sealing the documents is not overly broad. This request is narrowly tailored to cover only the sensitive information. Accordingly, Plaintiffs have met the third *Shane Group* factor.

### III. Conclusion

In conclusion, Plaintiffs' request to seal the two exhibits described above are granted.

IT IS SO ORDERED.

Dated: November 30, 2020     s/Judith E. Levy
Ann Arbor, Michigan            JUDITH E. LEVY
                                      United States District Judge

## **CERTIFICATE OF SERVICE**

      The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on November 30, 2020.

                                      s/William Barkholz
                                      WILLIAM BARKHOLZ
                                      Case Manager