## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | |
|---|---|
| *In Re* Flint Water Cases | No. 5:16-cv-10444-JEL-MKM |
| | HON. JUDITH E. LEVY |
| | MAG. MONA K. MAJZOUB |
| Anderson, et al., | NO. 5:17-CV-13890-JEL-MKM |
| *Plaintiffs*, | |
| v | |
| City of Flint, Michigan, et al., | |
| *Defendants*. | |

## ANDERSON PLAINTIFFS' RESPONSE TO PLAINTIFFS' MOTION TO ESTABLISH SETTLEMENT CLAIMS PROCEDURES AND ALLOCATION AND FOR PRELIMINARY APPROVAL OF CLASS SETTLEMENT COMPONENTS

For the reasons set forth in the attached Memorandum and supporting exhibits, the Anderson Plaintiffs, through their counsel, respectfully request that the Court make the following changes to the proposed settlement and release documents:

1.  Remove any language from the Amended Settlement Agreement, Releases, and Exhibits, that refer to claims, lawsuits, choses in action of any type, including, but not limited to, claims for unjust enrichment that arose out of actions/events in the City of Flint, that occurred before the Exposure Period.

2.      Delete from the Order of Conditional Approval  of the Settlement Class and Subclasses set forth in the Amended Settlement Agreement under Federal Rule of Civil Procedure 23 (a) and (b)(3), any language or reference to claims, lawsuits, choses in action of any type, , including, but not limited to, claims for unjust enrichment that arose out of actions/events in the City of Flint, that occurred before the Exposure Period.

Dated: December 8, 2020                   Respectfully submitted,

                                          */S/ Valdemar L. Washington*
                                          Valdemar L. Washington (P27165)
                                          Gladys L. Christopherson (P37476)
                                          **WASHINGTON LEGAL**
                                          718 Beach Street/P.O. Box 187
                                          Flint, MI 48501-0187
                                          (810) 407-6868
                                          val@vlwlegal.com

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| *In Re* Flint Water Cases | No. 5:16-cv-10444-JEL-MKM Consolidated |
| | HON. JUDITH E. LEVY |
| | MAG. MONA K. MAJZOUB |
| Anderson, et al., | No. 5:17-cv-13890-JEL-MKM |
| *Plaintiffs*, | |
| v. | |
| City of Flint, Michigan, et al., | |
| *Defendants*. | |

## ANDERSON PLAINTIFFS' MEMORANDUM IN SUPPORT OF THEIR RESPONSE TO PLAINTIFFS' MOTION TO ESTABLISH SETTLEMENT CLAIMS PROCEDURES AND ALLOCATION AND FOR PRELIMINARY APPROVAL OF CLASS SETTLEMENT COMPONENTS

# **TABLE OF CONTENTS**

**TABLE OF CONTENTS**.................................................................ii

**TABLE OF AUTHORITIES**..........................................................iii

**CONCISE STATEMENT OF THE ISSUES PRESENTED** ............................ v

**CONTROLLING OR MOST APPROPRIATE AUTHORITY** ...................... vi

**I.  INTRODUCTION** .................................................................. 1

**II.  ARGUMENT** ...................................................................... 1

    A.  Amended Settlement Agreement – Exhibit A -82 Pages............................ 1

        1.  Relevant Definitions.......................................................... 1

        2.  Article XVI – Releases and Covenants Not to Sue ................................. 2

        3.  Article XXIII–Miscellaneous ................................................. 4

    B.  *William Scott Kincaid et. al. v The City of Flint*, 12-98490-CZ.................... 5

        1.  Most Relevant Procedural History............................................ 5

        2.  Most Relevant Factual History Michigan Court of Appeals  Docket Nos. 337972 and 337976.................................................... 5

    C.  *Larry Shears et al v Bingaman, Douglas et al* – 14-103476-CZ.................. 10

        1.  Most Relevant Procedural History............................................ 10

        2.  Most Relevant Factual History ............................................. 10

    D.  Exhibit B ECF No. 1319-2 ................................................. 12

        1.  Exhibit 6 of ECF No. 1319-2 "Related Cases" ................................... 12

        2.  Exhibit 7 of ECF No. 1319-2 "Release of All Claims, and Covenant Not to Sue, Relating to Flint Water"................................... 12

        3.  Exhibit 8 of ECF 1319-2 "Flint Water Cases (FWC) Qualified Settlement Fund Categories, Monetary Awards,  and Required Proofs Grid (11/11/20) ............................................... 13

**III.  Federal Rule Civil Procedure 23**.......................................... 13

**IV.  Identical Factual Predicate Doctrine (IFPD)**............................... 21

**CONCLUSION** .................................................................. 22

**REQUESTED RELIEF** ........................................................... 23

# TABLE OF AUTHORITIES

**Cases**

*Amchem Prods., Inc. v. Windsor,*
   521 U.S. 591, 620, 117 S.Ct. 2231, M 138 L.Ed.2d 689 (1997) ........................ 20

*Ault v. Walt Disney World Co.,*
   692 F.3d 1212, 1216 (11th Cir.2012) ......................................................... 19

*Dewey v. Volkswagen Aktiengesellschaft,*
   681 F.3d 170, 183 (3d Cir.2012) ............................................................... 20

*Greenberg v Procter & Gamble Co.,*
   *(In re Dry Max Pampers Litig.)* 724 F3d 713 (2013) .............................vi, 19, 20

*Hillson v. Kelly Servs. Inc.,*
   No. 2:15-cv-10803, at *31 (E.D. Mich. Jan. 23, 2017)................................... 18

*In re Bradley Estate,*
   494 Mich 367, 389 n 54; 835 NW2d 545 (2013)................................................ 9

*In re Katrina Canal Breaches Litig.,*
   628 F.3d 185, 196 (5th Cir.2010)................................................................. 19

*In re Worldcom, Inc. Securities Litigation,*
   388 F. Supp. 2d 319, 342 n.36 (SD NY 2005) ................................................ 22

*Romberio v. Unumprovident Corp.,*
   385 F. App'x 423, 438 (6th Cir. 2009) ......................................................... 18

*Shears, Larry et al v Bingaman, Douglas et al v The City of Flint,*
   14-103476-CZ ..................................................................................... passim

*Wal-Mart Stores Inc. v Dukes,*
   564 US 338; 131 S. Ct. 2541; 180 L. Ed. 2d 374 (2011) ........................vi, 15, 17

*William Scott Kincaid et. al. v The City of Flint,*
   12-98490-CZ 311 Mich App 76, 77-80; 874 NW2d 193, 2015 (*Kincaid II*)
   ........................................................................................................ passim

*Young v. Nationwide Mut. Ins. Co.,*
   693 F.3d 532, 542 (6th Cir. 2012)............................................................ vi, 18

**Statutes**

MCL 123.141(2) ......................................................................................... 6

MCL 123.141(3) ................................................................................... v, 2, 6

MCL 600.5805(10) ....................................................................................... 8

MCL 691.1401 ................................................................................................... 8

**Rules**

City of Flint Ordinance § 46–52.1 ................................................................. 6, 11

City of Flint Ordinance § 46–57.1 ...................................................................... 6

Fed. R. Civ. P. 23 ............................................................................................... 4

Fed. R. Civ. P. 23(a) ............................................................................. 14, 15, 16

Fed. R. Civ. P. 23(a)(2) ........................................................................ 16, 17, 18

Fed. R. Civ. P. 23(a)(3) ..................................................................................... 18

Fed. R. Civ. P. 23(a)(4) ..................................................................................... 20

Fed. R. Civ. P. 23(b) ......................................................................................... 14

Fed. R. Civ. P. 23(b)(3) ..................................................................................... 17

MCR 2.116(C)(10) .............................................................................................. 7

MCR 2.116(C)(6) ................................................................................................ 6

MCR 2.116(C)(7) .................................................................................. 5, 6, 8, 9

MCR 2.116(C)(8) ............................................................................................ 6, 8

MCR 2.614(A)(2)(b) ......................................................................................... 10

MCR 3.310(A) ................................................................................................... 10

MCR 3.501 ........................................................................................................ 10

### CONCISE STATEMENT OF THE ISSUES PRESENTED

1.    Whether the Proposed Amended Settlement Agreement, Releases, and Related Exhibits should contain any language which purports to release claims, lawsuits, choses in action of any type, including, but not limited to, claims for unjust enrichment that arose out of actions/events in the City of Flint, that occurred before the Exposure Period?

2.    Whether the Proposed Order of Conditional Approval  of the Settlement Class and Subclasses set forth in the Amended Settlement Agreement under Federal Rule of Civil Procedure 23 (a) and (b)(3), any language or reference to claims, lawsuits, choses in action of any type, including, but not limited to, claims for unjust enrichment that arose out of actions/events in the City of Flint, that occurred before the Exposure Period?

## CONTROLLING OR MOST APPROPRIATE AUTHORITY

- Federal Rule of Civil Procedure 23

- Michigan Court Rule 2.614

- Michigan Court Rule 3.310

- Michigan Court Rule 3.501

- *Greenberg v Procter & Gamble Co. (In re Dry Max Pampers Litig)* 724 F. 3d 713 (6th Cir. (2013)

- *In re Worldcom, Inc. Securities Litigation,* 388 F. Supp. 2d 319 (S.D.N.Y. 2005)

- *Wal-Mart Stores, Inc. v Dukes* 564 U.S. 338, 131 S. Ct. 2541, 180 L. Ed. 2d 374, 2011

- *Young v Nationwide Mut. Ins. Co.* 693 F.3d 532, (6th Cir. 2012)

# I.  INTRODUCTION

The lawsuits consolidated before the Court for which settlement approval is being sought arise from alleged personal injury, property damage, or business economic loss incurred by Plaintiffs **due to exposure to allegedly contaminated water received from the Flint Water Treatment Plant or legal liability for the payment of bills for such water between April 25, 2014 and the Execution Date.** Plaintiffs seek to hold Defendants, among others, liable under various theories of liability, including negligence, unjust enrichment, breach of contract, constitutional violations, and inverse condemnation.

The purpose of this Response is _not to criticize_ the hard work of all counsel involved in the negotiation process, however, for reasons as yet unexplained, the documents presented to this Court _overreach_ the claims which arose out of the actions of April 25, 2014, and those sections should be struck from the Amended Settlement Agreement, Proposed Order Approving Settlement Process, and exhibits.

# II.  ARGUMENT

## A.  Amended Settlement Agreement – Exhibit A -82 Pages

### 1.  Relevant Definitions

1. 1.21 "Exposure Period" means April 25, 2014 to the Execution Date. ECF 1319-1, PageID.40337

2. 1.55 "Plaintiffs" means plaintiffs in any federal or state lawsuit or whom have filed notices of intent to sue or notices of intention to file a claim under the Michigan Court of Claims Act, Mich. Comp. Laws § 600.6431, **asserting Defendants are liable for personal injury, property damage**

**or economic loss incurred as a result of exposure to water received or purchased from the Flint Water Treatment Plant, or any bills for such water, at any time *during the Exposure Period*,** . . . **ECF 1319-1, PageID.40341**

3.  1.57 "Property Damage Subclass" means all Adults or entities who owned or were the lessee of residential real property that received water from the Flint Water Treatment Plant, or were legally liable for the payment for such water, **at any time *during the Exposure Period. Id.***

4.  1.63 "***Related Lawsuits***" means any notice or notices of intention to file a claim under the Michigan Court of Claims Act, Mich. Comp. Laws § 600.6431, or action in state or federal court, both trial and appellate, in which Individual Plaintiffs or Putative Class Members are alleging Defendants are liable for personal injury, property damage or economic loss as a result of the receipt of or exposure to water from the Flint Water Treatment Plant, or any bills paid for such water, **at any time *during the Exposure Period,*** *including but not limited to those actions listed on Exhibit 6[1].* **ECF 1319-1, PageID.40342**

5.  1.72 "Settlement Class" means all persons or entities who are or could be claiming personal injury, property damage, business economic loss, unjust enrichment, breach of contract, or seeking any other type of damage or relief **because at any time *during the Exposure Period*** they: (1) were an Adult who owned or lived in a residence that received water from the Flint Water Treatment Plant or were legally liable for the payment of such water; (2) owned or operated a business including income earning real property and any other businesses, that received water from the Flint Water Treatment Plant or were legally liable for the payment for such water; or (3) were an Adult ***during the Exposure Period*** and who ingested or came into contact with water received from the Flint Water Treatment Plant. **ECF 1319-1, PageID.40343**

### 2.  Article XVI – Releases and Covenants Not to Sue

Article 16 provides in pertinent part:

16.1.  In addition to the effect of any final judgment entered in accordance with this Settlement Agreement, upon the occurrence of the Effective Date

---

[1] *Shears, Larry et al v Bingaman, Douglas et al* – 14-103476, ECF 1319-2, PageID.40768.

2

and in consideration of payment of the Settlement Amount specified in Article II–Payments by Defendants and the other consideration in this Agreement, the ***Releasees individually and jointly shall be completely released, acquitted, and forever discharged from***:

16.1.1 ***any and all claims, notices, demands, actions, suits, and causes of action, whether class, individual, or otherwise in nature, legal or equitable***, **known or unknown, suspected or unsuspected, asserted or unasserted, in law, equity, or administratively**; (**ECF No. 1319-1, PageID.40383**)

16.1.2 damages whenever incurred and **liabilities of any nature whatsoever, including costs, expenses, penalties, expenses of medical or psychological monitoring, and attorneys' fees, that Releasors, or any one of them, whether directly, representatively, derivatively, or in any other capacity,** ***ever had, now have, or hereafter can, shall, or may have against the Releasees*** **or any of them,** ***relating in any way to***; ***Id.*** **at** *40384*.

16.1.3 exposure to, ***use of, or receipt of water from the Flint Water Treatment Plant***, **or** *legal liability for the payment of such water, for the period April 25, 2014 to the Effective Date;* ***and/or*** Id.

16.1.4 ***any alleged acts or omissions by Releasees or any of them and/or any joint and/or several liability of any of them arising from the alleged acts or omissions of any of the Releasees*** pled in the Fourth Consolidated Amended Class Complaint, the Amended Master Complaint, ***and any complaints in the Related Lawsuits from the beginning of time until the Effective Date*** **or that could have been brought under any federal, state, local, administrative, or regulatory law or cause of action concerning exposure to,** ***use of, or receipt of water from the Flint Water Treatment Plant,*** **or legal liability for the payment of such water, during the period April 25, 2014 to the Effective Date, or any conduct in any related litigation or arising out of the litigation itself in Federal Court, the Court of Claims, or Genesee County Circuit Court. Id.**

### 3. Article XXIII–Miscellaneous

23.1 This Settlement Agreement does not settle or compromise any claim other than those described in Article XVI–Releases and Covenants Not to Sue.

23.2 The terms of this Settlement Agreement *are not severable*.  Each of its terms is required as an integral part of this Settlement Agreement, and *all terms must be enforceable for any of them to be enforceable.*  **ECF No. 1319-1, PageID.40400**

Succinctly summarizing the effect of the current language of the Amended Settlement Agreement, at the pages identified *supra*, it requires settling adults to release any and all claims against all settling Defendants for any claims ==*from the beginning of time until the effective date.*==  Such broad language would release pre-existing claims arising out of the City of Flint's unlawful increase in water and sewer rates in the year 2011, and, the charging and collecting of water service charges without legal authority to do so, which have been diligently litigated since July 3, 2012, and are still pending in the Genesee County Circuit Court, *William Scott Kincaid et. al. v The City of Flint,* 12-98490-CZ[2], and *Shears, Larry et al v Bingaman, Douglas et al v The City of Flint,* 14-103476-CZ.  Such broad-based language, if approved by this Court, would run contrary to the requirements of Fed. R. Civ. P. 23 that the Court ensure proposed class action settlements are *fair and*

---

[2] The *Kincaid* case is currently awaiting a decision by the Michigan Supreme Court, docket No. 161388, filed May 27, 2020, on the City of Flint's Application for Leave to Appeal the Court of Appeals April 16, 2020 decision remanding the case to the Genesee County Circuit Court under Michigan Court of Appeals docket numbers 337972 and 337976.

*reasonable*.  Without this Court's intervention such actions would be a violation of the *Kincaid*, and *Shears* plaintiffs rights to due process in this case and in their respective cases.  To assist the Court in its consideration of the Anderson Plaintiffs' request to modify the current overly broad language of the Amended Settlement Agreement, Proposed Order, and Exhibits the following procedural and factual history for the *Kincaid* and *Shears* cases is provided.

### B.  *William Scott Kincaid et. al. v The City of Flint*, 12-98490-CZ

#### 1.  Most Relevant Procedural History

**Exhibit 1** -  July 3, 2012 - Complaint filed, Request for Monetary and Declaratory Relief

**Exhibit 2** -  June 21, 2013 -Judge Yuille Opinion and Order Granting City of Flint, Motion for Summary Disposition under MCR 2.116(C)(7) – Governmental Immunity

**Exhibit 3** -  June 11, 2015 - Michigan Court Of Appeals Published Opinion Reversing Judge Yuille

**Exhibit 4** -  June 26, 2018 - Michigan Court Of Appeals Unpublished Opinion dismissing case based upon Res Judicata, Docket Numbers 337972 & 337976

**Exhibit 5** -  February 19, 2019 - Michigan Supreme Court Order issued under docket No.  158070 – Vacated Michigan Court of Appeals Res Judicata Opinion and Order – Docket Nos. 337972 & 337976 and remanded to COA to consider Plaintiffs' Unjust Enrichment claims

**Exhibit 6** -  April 16, 2020 - Michigan Court of Appeal Opinion and Order in Docket Nos. 337972 & 337976 Remanding case to the Genesee County Circuit Court

**Exhibit 7** -  May 27, 2020 – City of Flint Application for Leave to Appeal to the Michigan Supreme Court Docket No. 162388

#### 2.  Most Relevant Factual History Michigan Court of Appeals Docket Nos. 337972 and 337976

As stated by the Michigan Court of Appeals:

The underlying factual dispute was set forth by this Court in *Kincaid v City of Flint*, 311 Mich App 76, 77-80; 874 NW2d 193, 2015 (*Kincaid II*):

On August 15, 2011, defendant's finance director, Michael Townsend, sent to the city council and mayor a notice of a proposed 35% water and sewer rate increase to be effective September 16, 2011. The increase was proposed to meet a projected fiscal year deficit in the sewer fund of $14,789,666 as well as a water fund deficit of $8,078,917. The city council adopted the proposal and the mayor signed it.

Shortly thereafter, defendant was declared to be in a state of financial emergency. On November 28, 2011, Governor Rick Snyder appointed Michael Brown as defendant's Emergency Manager (EM). On May 30, 2012, after he was informed by newly appointed finance director, Gerald Ambrose, of the financial disarray of defendant's water and sewer funds, EM Brown created Emergency Order No. 31. Order No. 31 ratified and confirmed the water and sewer rates implemented under former finance director Townsend on September 16, 2011, and additionally raised water and sewer rates, 12.5% and 45%, respectively, effective July 1, 2012.

. . . The essence of this case is a claim that the rate increases in September 2011 were made contrary to defendant's Ordinances § 46–52.1 and § 46–57.1, and a claim that defendant had illegally pooled the [money] collected for the water and sewer funds and used [it] to pay general obligations not related to sewer or water expenses. Plaintiffs requested that the trial court certify a class action suit against defendant by all sewer and water customers of defendant, declare that the rate increases were an illegal tax under the Headlee Amendment, and order the commingling of funds to cease. Additionally, plaintiffs asked for monetary relief in the form of a refund of the illegally collected rates and for damages caused to defendant's residents who were left without water and sewer service.

In lieu of filing an answer, defendant moved the trial court to grant it summary disposition pursuant to MCR 2.116(C)(6), (7), and (8). However, before defendant's motion for summary disposition was heard, plaintiffs moved the trial court for leave to amend their complaint to allege a violation of MCL 123.141(2) and (3).

Defendant responded to plaintiffs' motion to amend their complaint by arguing that it should be denied as futile. On February 15, 2013, the trial court heard the two outstanding motions. On June 21, 2013, the trial court entered an opinion and order granting summary disposition in favor of defendant. . . .

Thereafter, plaintiffs filed an appeal in this Court, arguing that: (1) water and sewer rate increases that occurred under former finance director Townsend in September 2011 were not authorized by defendant's ordinances, (2) EM Brown did not have the authority to ratify Townsend's unauthorized increases and then further increase water and sewer rates in violation of the same ordinances, and (3) defendant wrongly deposited funds from water and sewer revenue into a single pooled cash account. [*Id*. at 82-83.]

With regard to the first of those claims of error, the *Kincaid II* Court agreed with plaintiffs "in part," holding that some of the September 2011 rate increases violated the applicable ordinances. *Id*. at 84. With regard to the second claim of error, this Court agreed with plaintiffs that EM Brown lacked "the authority to ratify a previously unauthorized rate increase[.]" *Id*. at 91. Contrastingly, with regard to the third claim of error, this Court held that the trial court had properly granted summary disposition under MCR 2.116(C)(10), concluding that "plaintiffs provided no evidence that [Flint]'s accounting system was illegal." *Id*. at 93. Finally, this Court held that it was unable to "discern on what basis the trial court denied plaintiffs' motion to amend their complaint;" therefore, this Court remanded that issue with instructions for the trial court "to consider the additional claims in plaintiffs' proposed amended complaint and articulate its reasons for granting or denying the motion." *Id*. at 95.

On remand, the trial court granted plaintiffs leave to file their first amended complaint. In their amended complaint plaintiffs continue to allege that the water and sewer rate increases between January 15, 2011 and September 15, 2011 were contrary to the Flint City Ordinances and that the money collected was illegally pooled with the general fund and was used to pay general obligations unrelated to the sewer or water expenses. In addition, plaintiffs alleged, somewhat confusingly, that defendant violated Ordinance 46-52 when it charged

and collected water and sewer rates between July 3, 2006 and June 30, 2012 (or September 15, 2011). Plaintiffs stated legal theories were for breach of contract, or, in the alternative, for unjust enrichment, and throughout the complaint, plaintiffs alleged that defendant's actions were "Ultra Vires." Plaintiffs sought the equitable remedy of "recoupment," but also sought that the "excessive, illegal, and ultra vires" rate increases be refunded to plaintiffs. Plaintiffs also requested declaratory relief in the form of an injunction.

Defendant moved for summary disposition under MCR 2.116(C)(7) and (C)(8). In support, it argued that summary disposition was appropriate under MCR 2.116(C)(7) on dual grounds: (1) because Flint was entitled to immunity under the governmental immunity under the governmental tort liability act (GTLA), MCL 691.1401 *et seq.*, and (2) because plaintiffs' claims were barred by the three-year period of limitation set forth by MCL 600.5805(10). Regarding MCR 2.116(C)(8), Flint contended that summary disposition of all plaintiffs' claims was appropriate (1) because plaintiffs' "egregiously belated claims" were barred by the equitable doctrine of laches, (2) because plaintiffs had failed to plead the claims in their first amended complaint in avoidance of governmental immunity, alleging "ultra vires" acts where none existed, and (3) because the claims were precluded by the res judicata effect of a ruling in related litigation (specifically, the order appealed and decided in *Shears v Bingaman*, unpublished per curiam opinion of the Court of Appeals, issued August 24, 2017 (Docket No. 329776)). Additionally, Flint contended that, in light of this Court's decision in *Kincaid I*, unpublished order of the Court of Appeals, entered June 29, 2012 (Docket No. 310221), collateral estoppel precluded plaintiffs from relitigating the issue whether the rate increases at issue were merely "revisions of existing user fees[.]" Defendant further argued that Count V of plaintiffs' first amended complaint (alleging that Flint had improperly commingled funds) was barred by the law of the case doctrine. In particular, Flint noted that in *Kincaid II*, this Court had ruled that plaintiffs failed to present any evidence that the commingling of such funds was unlawful. See *Kincaid II*, 311 Mich App at 93.

. . . In an unpublished per curiam opinion, this Court concluded that plaintiffs' claims were barred by res judicata; therefore, we reversed

the trial court's order denying summary disposition and remanded for entry of an order granting defendant summary disposition under MCR 2.116(C)(7). *Kincaid v City of Flint*, unpublished order of the Court of Appeals, entered June 26, 2018 (Docket Nos. 337972 and 337976) (*Kincaid III*).

Plaintiffs applied for leave in our Supreme Court, which, as indicated *supra*, vacated our opinion and remanded to this Court to reconsider plaintiffs' unjust enrichment claims and, as necessary, the issues raised by defendant that we declined to address in *Kincaid III*.

. . . Based on these principles, it is plain that plaintiffs cannot maintain a cause of action for money damages based on defendant's mere violation of a City Ordinance, *Lash*, 479 Mich at 194, but it is equally clear that plaintiffs may maintain a cause of action for a refund of an unlawful exaction.

In Count IV (unjust enrichment), plaintiffs expressly identified the 22% increase to the water and sewer rates as the misconduct that resulted in plaintiffs' overpaying for water and sewer services.  In *Kincaid II*, this Court concluded that some of the September 2011 rate increases violated the applicable ordinances.  *Kincaid II*, 311 Mich App at 84.  Given that the rate increase was in violation of the statute for the reasons stated in *Kincaid II*, Count IV properly sets forth a claim for unjust enrichment premised on an unlawful exaction.  See *Pingree*, 107 Mich at 157.  Moreover, as our Supreme Court made clear in *Wright*, a claim for unjust enrichment is not barred by the GTLA.  *Wright*, 504 Mich at 422, summary disposition of Count III was not appropriate under MCR 2.116(C)(7) . . .

Count VI of plaintiffs' amended complaint seeks declaratory relief in the form of an injunction. Defendant contends that this claim is barred by the GTLA. However, in *In re Bradley Estate*, 494 Mich 367, 389 n 54; 835 NW2d 545 (2013), our Supreme Court explained that the GTLA does not afford governmental immunity against claims seeking declaratory relief. Accordingly, the trial court did not err by declining to grant summary disposition of this claim.

. . . Accordingly, we affirm the court's denial of summary disposition as to Count IV and Count VI, but we reverse the remainder of the

order and remand for the court to enter an order granting defendant summary disposition of Counts I, II, III, and V. Exhibit 6, *supra*.

## C. *Larry Shears et al v Bingaman, Douglas et al* – 14-103476-CZ

### 1. Most Relevant Procedural History

**Exhibit 8** -   September 5, 2014 - Complaint for Monetary and Declaratory Relief
**Exhibit 9** -   October 20, 2014 - Order placing case on hold due to *Kincaid* appeal
**Exhibit 10** - November 3, 2015 - Order Dissolving Hold Order of 11/26/14
**Exhibit 11** - August 17, 2015 - ***Preliminary Injunction Order*** – MCR 3.310(A)
**Exhibit 12** - August 31, 2105 - ***Order Certifying Class*** – MCR 3.501
**Exhibit 13** - August 31, 2105 - Order Approving Defendants' Partial Compliance with Preliminary Injunction
**Exhibit 14** - November 16, 2015 - Order to Show Cause against City of Flint
**Exhibit 15** - January 11, 2016 - Order Holding City of Flint in Contempt of Preliminary Injunctive Order and Modifying Preliminary Injunction – MCR 2.614(A)(2)(b)
**Exhibit 16** - February 1, 2016 - Order of Compliance
**Exhibit 17** - August 24, 2017 - Unpublished Opinion and Order Michigan Court of Appeals Docket No. 329776 Reversing Trial Court and Remanding Case to Circuit Court
**Exhibit 18** - December 13, 2019 - Michigan Supreme Court Order Docket No. 156789 Vacating 8/24/17 Order of the Court of Appeals and Remanding Case to Genesee County Circuit Court to allow Plaintiffs to file motion to file amended complaint
**Exhibit 19** - March 6, 2020 - Plaintiffs' Second Motion and Brief for Order to Show Cause against City of Flint
**Exhibit 20** - March 6, 2020 - Order Staying all Proceedings pending Resolution of *Kincaid v City of Flint* by the Michigan Court of Appeals

### 2. Most Relevant Factual History

The claims in the *Shears* case to a large extent mirrored the Kincaid claims, but differed in terms of the operative period and the inclusion of claims for refunds for the City of Flint charging and collecting a Readiness to Serve Charge, without having on file in Appendix A filed with the City Clerk details of how the water

service charge was calculated.  The failure to have the calculation chart on file wasn't

an oversight, as the City of Flint filed with the City Clerk the required calculation

chart for its Sewer Readiness to serve charges:

1. The class of City of Flint water and sewer customers, who were
   customers on September 16, 2011 . . . .

3. The claims of the representative parties are typical of the claims of
   the class as they were all subjected to:

   a. The charging and collecting of the water Readiness-to-
      Serve Charge, also known as the water service charge by
      Defendants without Defendants conforming to the
      requirements of Flint City Ordinance 46 – 52; and,

   b. The illegal 35% water and sewer rate increases
      implemented by Defendants on September 16, 2011.

Exhibit 12, *supra*.

No appeal regarding the class certification order or preliminary injunction

order is pending in any court in *Shears.* However, an Order staying proceedings until

the *Kincaid* case has been resolved was entered on March 16, 2020, Exhibit 20,

*supra*.

In summary, the most obvious factual difference between *Kincaid*, *Shears*,

and the Flint Water Crisis cases is that all of the complained of actions in the *Kincaid*

and *Shears* cases involved the unlawful raising of water and sewer rates, charging

and collecting water service charges without any legal basis to do so,  and occurred

before July 3, 2012, while the FWC cases arose out of the *April 25, 2014 date of first*

*exposure to contaminated water*.  In light of the twenty-one (21) months' time

11

difference and causative factors, the rate cases and quality cases are *different cases by time frames and triggering events.*

### D.  Exhibit B ECF No. 1319-2

#### 1.  Exhibit 6 of ECF No. 1319-2 "Related Cases"

The definition of "Related Cases" in Section 1.63 of the Amended Settlement Agreement includes, but is not limited to "those actions listed on Exhibit 6."  The *Shears* case is listed on Exhibit 6, ECF No. 1319-2, PageID.40768.

#### 2.  Exhibit 7 of ECF No. 1319-2 "Release of All Claims, and Covenant Not to Sue, Relating to Flint Water"

The release in exhibit 7, ECF No. 1319-2, PageID.40784 states:

This is the Release defined in sections 1.64 and 3.19.2 of the Settlement Agreement, and referenced and described in Exhibit 7 and Article XVI, entitled Releases and Covenants Not to Sue, of the Settlement Agreement…

Section "c" of exhibit 7 identifies the period covered by the release as:

"c."   exposure to, use of, or receipt of water from the Flint Water Treatment Plant, or legal liability for the payment of such water, for the period April 25, 2014 to the Effective Date; and/or ECF No. 1319-2, PageID.40784.

Section "d" of exhibit 7 elaborates on the period covered by the release,

"d."   any alleged acts or omissions by Releasees or any of them and/or any joint and/or several liability of any of them arising from the alleged acts or omissions of any of the Releasees pled in the Fourth Consolidated Amended Class Complaint, the Amended Master Complaint, and any complaints in the Related Lawsuits *from the beginning of time until the Effective Date* or that could have been brought under any federal, state, local, administrative, or

regulatory law or cause of action **concerning exposure to, use of, or receipt of water from the Flint Water Treatment Plant, or legal liability for the payment of such water, during the period April 25, 2014 to the Effective Date,** ==*or any conduct in any related litigation*== or arising out of the litigation itself in Federal Court, the Court of Claims, or Genesee County Circuit Court. ECF No. 1319-2, PageID.40784 – 40785. (emphasis added)

Exhibit 7 defines "Released Claims" as: "'Released Claims" means those claims released pursuant to the above paragraphs and as described in paragraphs 16.1–16.5 of the Settlement Agreement." ECF No. 1319-2, PageID.40786

### 3. Exhibit 8 of ECF 1319-2 "Flint Water Cases (FWC) Qualified Settlement Fund Categories, Monetary Awards, and Required Proofs Grid (11/11/20)

Exhibit 8 contains all of the settlement categories[3] for minors, adults, and business owners. Notably, there is no category identified within Exhibit 8 for Claimants making claim for refunds, based upon the legal theory of "unjust enrichment" for unlawful water and sewer rate increases, and the charging and collecting of water service charges without any legal authority to do so, that occurred before July 3, 2012.

### III.  Federal Rule Civil Procedure 23

The instant motion, in relevant sections, seeks preliminary approval of the class portion of the Class Portions of the Amended Settlement Agreement under

---

[3] There are twenty-one claimant categories for minors, and nine claimant categories for adults. ECF 1319-2, PageID.40789 - 40831.

Federal Rule Civil Procedure 23, and conditional certification of the Settlement

Class and Subclasses under Federal Rule Civil Procedure 23(a) and 23(b).  ECF No.

1318, PageID.40261

### a.  Fed. R. Civ. P.  23 - Class Actions

(a) **PREREQUISITES.** One or more members of a class may sue or be sued as representative parties on behalf of all members only if:

> (1) the class is so numerous that joinder of all members is impracticable;

> (2) there are questions of law or fact common to the class;

> (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and

> (4) the representative parties will fairly and adequately protect the interests of the class.

(b) **TYPES OF CLASS ACTIONS**. A class action may be maintained if Rule 23(a) is satisfied and if:

> (1)  prosecuting separate actions by or against individual class members would create a risk of:

>> (A) inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for the party opposing the class; or

>> (B) adjudications with respect to individual class members that, as a practical matter, would be dispositive of the interests of the other members not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests;

> (2)  the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final in- junctive relief or corresponding declaratory relief is appropriate respecting the class as a whole; or

> (3)  the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual

members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy. The matters pertinent to these findings include:

(A) the class members' interests in individually control- ling the prosecution or defense of separate actions;

(B) the extent and nature of any litigation concerning the controversy already begun by or against class members;

(C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and

(D) the likely difficulties in managing a class action…

### b. Class Certification Fed. R. Civ. P 23(a) Requirements

The United States Supreme Court provided guidance to the District and Circuit Courts on the class certification process under Rule 23(a) in massive class action cases in *Wal-Mart Stores Inc. v Dukes*, 564 US 338; 131 S. Ct. 2541; 180 L. Ed. 2d 374 (2011) , when it noted:

Class certification is governed by Federal Rule of Civil Procedure 23.  Under Rule 23(a), the party seeking certification must demonstrate, first, that:

"(1) the class is so numerous that joinder of all members is impracticable,

"(2) there are questions of law or fact common to the class,

"(3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and

"(4) the representative parties will fairly and adequately protect the interests of the class" (paragraph breaks added).

*Wal-Mart Stores Inc. v Dukes*, 564 US at 345.

15

Continuing its analysis, the United States Supreme Court opined:

> Rule 23 does not set forth a mere pleading standard. A party seeking class certification must affirmatively demonstrate his compliance with the Rule that is, he must be prepared to prove that there are *in fact* sufficiently numerous parties, common questions of law or fact, etc. We recognized in *Falcon* that "sometimes it may be necessary for the court to probe behind the pleadings before coming to rest on the certification question," 457 U.S., at 160, 102 S.Ct. 2364, and that certification is proper only if "the trial court is satisfied, after a rigorous analysis, that the prerequisites of Rule 23(a) have been satisfied," *id.,* at 161, 102 S.Ct. 2364; see *id.,* at 160, 102 S.Ct. 2364 (" [A]ctual, not presumed, conformance with Rule 23(a) remains ... indispensable"). Frequently that "rigorous analysis" will entail some overlap with the merits of the plaintiff's underlying claim. That cannot be helped. " ' *Id.* at 350 – 351.

Here, the Anderson Plaintiffs respectfully request that this Court engage in its own "rigorous analysis," before ruling on the Motion for Class Certification, and issuance of an Order that permits the uncompensated extinguishing of their claims for refunds of unlawful water and sewer rate increases, and the charging and collecting of water service charges without and legal authority to do so, currently pending in the *Kincaid* and *Shears* cases. Once the Court has completed its rigorous analysis the Anderson Plaintiffs respectfully request that the Court exercise its discretion and grant the relief requested below.

## 1.  Lack of Commonality – FWC and Rate Cases

Fed. R. Civ. P. 23(a)(2) requires "(2) there are questions of law or fact common to the class…"  Here, there is absolutely no commonality between the

unlawful water and sewer rate increases of 2011 and the switch to drawing

supposedly potable water from the Flint River which occurred on April 25, 2014.

Concluding its Rule 23(a) analysis the *Wal-Mart* Court ruled:

> We quite agree that for purposes of Rule 23(a)(2)" '[e]ven a single [common] question' " will do, *post,* at 2566, n. 9 (quoting Nagareda, The Preexistence Principle and the Structure of the Class Action, 103 Colum. L. Rev. 149, 176, n. 110 (2003) ). We consider dissimilarities not in order to determine (as Rule 23(b)(3) requires) whether common questions *predominate,* but in order to determine (as Rule 23(a)(2) requires) whether there *is*"[e]ven a single [common] question."  And there is not here. Because respondents provide no convincing proof of a companywide discriminatory pay and promotion policy, we have concluded that they have not established the existence of any common question.

*Wal-Mart Stores, Inc. v Dukes*, 564 US 338, 359 (2011).

As was true within the proposed class in the *Wal-Mart* Case, there is **no**

commonality between the Anderson Plaintiffs' claims for refunds based upon the

legal theory of unjust enrichment, for unlawful water and sewer rate increases, of

2011, and charging and collecting of unlawful water service charges, occurring

before July 3, 2012, and the claims for personal injury, property damage, and

business losses occurring after April 25, 2014.

## 2.  Lack of Typicality

Fed R Civ. P. 23(a)(2) requires "(3) the claims or defenses of the

representative parties are typical of the claims or defenses of the class . . .." Here,

there is ***absolutely no typicality*** between the unjust enrichment claims being sought

17

in the *Kincaid* and *Shears* lawsuits for unlawful water and sewer rate increases, of

2011, and charging and collecting of unlawful water service charges, occurring

before July 3, 2012, and the claims herein for personal injuries, property damage,

and business losses, from the switch to drawing supposedly potable water from the

Flint River which occurred on April 25, 2014.

Commonality and Typicality are often merged, but they are distinct concepts

as the Sixth Circuit recognized:

> A representative's claims are "typical" within the meaning of
> Rule 23(a)(3) if the defendant's conduct that gave rise to the
> representative's claims also gave rise to the class members'
> claims, and if the representative and class members seek to
> establish the defendant's liability "*based on the same legal
> theory*." *Romberio v. Unumprovident Corp.*, 385 F. App'x 423,
> 438 (6th Cir. 2009). Thus, "[a] necessary consequence of the
> typicality requirement is that the representative's interests will be
> aligned with those of the represented group, and in pursuing his
> own claims, the named plaintiff will also advance the interests of
> the class members." *Young v. Nationwide Mut. Ins. Co.*, 693
> F.3d 532, 542 (6th Cir. 2012). *Hillson v. Kelly Servs. Inc.*, No.
> 2:15-cv-10803, at *31 (E.D. Mich. Jan. 23, 2017) (emphasis
> added)

### 3. Lack of Adequate Representation

Fed R. Civ. P. 23(a)(2) requires "(4) the representative parties will fairly and

adequately protect the interests of the class." Through no one's fault or oversight,

there has been no representative party appointed on behalf of the Anderson

Plaintiffs' interests in refunds for actions taken by the City of Flint before July 3,

2012. However, the current language of the proposed collective settlement

documents seeks to extinguish those claims, without consideration/compensation, and require the dismissal of a Certified State Court Class in the *Shears* case, and presumably dissolving the Preliminary Injunction which the City of Flint has previously been found to be in contempt of court for violating in that same case. Surely such a result was not contemplated when the FWC cases were filed.

The Sixth Circuit addressed the issue of adequate representation in *Greenberg v Procter & Gamble Co. (In re Dry Max Pampers Litig.)* 724 F3d 713 (2013), when it stated:

> The burden of proving the fairness of the settlement is on the proponents." 4 Newberg on Class Actions § 11:42 (4th ed.); *see also, e.g., Ault v. Walt Disney World Co.,*692 F.3d 1212, 1216 (11th Cir.2012); *In re Katrina Canal Breaches Litig.,*628 F.3d 185, 196 (5th Cir.2010).

*Greenberg v Procter & Gamble Co (In re Dry Max Pampers Litig.)*, 724 F.3d 713, 719 (6th Cir. 2013).

There is no advocate in the FWC appointed to represent the Anderson Plaintiffs to protect their State Court Refund claims, nor should there be.  There should be reciprocity of positions in that regard, meaning, there should be no attempt in the FWC settlement process to extinguish any claims other than those which arose after April 25, 2014.

The *Greenberg* Court briefly addressed the requirements for adequate representation:

We briefly address Greenberg's argument that the named plaintiffs are inadequate representatives of the class under Rule 23(a)(4). Under that Rule, we measure the adequacy of the class members' representation based upon two factors: "1) the representatives must have common interests with unnamed members of the class, and 2) it must appear that the representatives will vigorously prosecute the interests of the class through qualified counsel." *Vassalle,* 708 F.3d at 757 (internal quotation marks and alterations omitted). The Rule requires that "the class members have interests that are not antagonistic to one another." *Id.* (internal quotation marks omitted). Thus, "the linchpin of the adequacy requirement is the alignment of interests and incentives between the representative plaintiffs and the rest of the class." *Dewey v. Volkswagen Aktiengesellschaft,* 681 F.3d 170, 183 (3d Cir.2012).

These requirements are scrutinized more closely, not less, in cases involving a settlement class. For the reasons already explained, *see supra* at 717–18, "the need for the adequacy of representation finding is particularly acute in settlement class situations[.]" *Gen. Motors Pick–Up Litig.,* 55 F.3d at 795. Thus, the Supreme Court itself has emphasized that the courts must give "undiluted, even heightened, attention in the settlement context [ ]" to the certification requirements of Rule 23. *Amchem Prods., Inc. v. Windsor,* 521 U.S. 591, 620, 117 S.Ct. 2231, M 138 L.Ed.2d 689 (1997); *see also UAW,* 497 F.3d at 625 (same).

*Greenberg v Procter & Gamble Co (In re Dry Max Pampers Litig.),* 724 F3d 713,

721-22 (6th Cir. 2013).

There should be no debate on the lack of alignment between the interests of

the FWC class representatives and the State Court Interests of the Anderson

Plaintiffs in the *Kincaid* and *Shears* cases.

## IV.  Identical Factual Predicate Doctrine (IFPD)

With over 1,000 pages of settlement documents to read and digest, this Court may well ask the question, why is this small part of what must be considered and acted upon so important?  The answer is, eight years of state court litigation, which should not be extended by any actions of this Court.

The Anderson Plaintiffs, and the class members in the *Shears* case, and the putative class members in the *Kincaid*  case have been up and down the appellate ladder on a continuous basis since 2013.  Should this Court, through the exercise of its discretion, decline to order the requested changes it will have little or no effect on the FWC settlement process, however, in the *Kincaid* and *Shears* cases there will likely be continued litigation in the appellate and trial courts.  Flint water and sewer residents are tired and want their refunds.  The City of Flint has hired skilled trial and appellate counsel, with taxpayer dollars, to oppose the claims for refunds.  Hopefully, this Court will require the requested exclusionary changes which will, after eight long years, give the Anderson Plaintiffs and their fellow class members their day in State Court.

The Sixth Circuit addressed IFPD indirectly by referencing holdings from other jurisdictions, most notably from the Southern District of New York:

> The Release does not state that its application is bounded by the "identical factual predicate" doctrine, but the addition of language releasing claims "arising from the same facts," or similar formulations, would be unnecessary and redundant.  It is,

21

> after all, a given that the Release will only be applied insofar as its application conforms to the law.  For example, on numerous occasions, parties have litigated before this Court whether claims may be enjoined pursuant to the Citigroup Settlement release. That the "identical factual predicate" and "adequate representation" doctrines limit the effect of that identically worded release has never been disputed.  Because the determination whether a given claim is predicated on identical facts as the class action claims is inherently an individualized, fact-specific one, adding broad language specifying that only claims arising from an identical factual predicate are to be released would certainly not reduce litigation over the release of specific claims and may even be more likely to produce claims that Class Members were confused or misled.  Nor, given the numerous factual allegations in the complaint, would it be feasible to provide in the Release a full description of the factual scenarios on which the class action claims were based.  It should be noted that the Lead Counsel Website gave Class Members access to all of the class action pleadings and the Opinions issued in the Securities Litigation, among many other documents.

*In re Worldcom, Inc. Securities Litigation*, 388 F. Supp. 2d 319, 342 n.36 (SD NY 2005).

## **CONCLUSION**

The Anderson Plaintiffs' State Court Claims for refunds, based upon a legal theory of unjust enrichment, from the City of Flint for actions occurring before 2012 were not a part of the claims for personal injury, property damage, and business losses that occurred as a result of the switch to the Flint River as a primary water supply on April 25, 2014.  Currently, the proposed FWC settlement documents attempt to improperly, without consideration, and without due process of law, release the *Kincaid* and *Shears* claims.

## **<u>REQUESTED RELIEF</u>**

The Anderson Plaintiffs respectfully request that this Court through the exercise of its discretion, based upon the facts and law herein, Order the deletion of any reference in the Amended Settlement Agreement, Exhibits A and B to releasing any claims that did not arise out of the triggering event on April 25, 2014, in general, but in particular, which orders all of the following:

1.    Removal from the Amended Settlement Agreement any reference to releasing any and all claims from the beginning of time through the Execution Date, on behalf of Releasors that did not arise out of the events of April 25, 2014, the Exposure Date.

2.    Removal from **Exhibit 6**, the case of *Shears, Larry et al v Bingaman, Douglas et al* – 14-103476-CZ, ECF 1319-2, PageID.40768 from the List of "Related Cases."

3.    Removal from  **Exhibit 7** any reference to releasing any and all claims from the beginning of time through the Execution Date, on behalf of Releasor that did not arise out of the events of April 25, 2014, the Exposure Date.

4.    Removal from  **Exhibit 8** any reference to releasing any and all claims from the beginning of time through the Execution Date, on behalf of Releasor that did not arise out of the events of April 25, 2014, the Exposure Date.

5.    Inclusion of the claims, for refunds of overpayment for water and sewer rates, and water service charges, based upon a legal theory of unjust enrichment, set forth in the *Kincaid* and *Shears* cases, currently pending in the Michigan Circuit Court for the County of Genesee, and pending, in any and all Michigan State Court Appellate Courts, in any and all paragraphs in any and all settlement documents/orders that *exclude the application of the terms of this settlement agreement*, such as those currently identified, in ECF 1319-1, PageID.40386, Section 16.7; ECF 1319-2, PageID.40786, Paragraph 6.

Dated: December 8, 2020                   Respectfully submitted,

                                          */S/ Valdemar L. Washington*
                                          Valdemar L. Washington (P27165)
                                          Gladys L. Christopherson (P37476)
                                          **WASHINGTON LEGAL**
                                          718 Beach Street/P.O. Box 187
                                          Flint, MI 48501-0187
                                          (810) 407-6868
                                          val@vlwlegal.com

## INDEX OF EXHIBITS

| Exhibit No. | Description | |
|---|---|---|
| Exhibit 1 | July 3, 2012 | Complaint filed, Request for Monetary and Declaratory Relief |
| Exhibit 2 | June 21, 2013 | Judge Yuille Opinion and Order Granting City of Flint, Motion for Summary Disposition under MCR 2.116(C)(7) – Governmental Immunity |
| Exhibit 3 | June 11, 2015 | MI Court of Appeals Published Opinion Reversing Judge Yuille |
| Exhibit 4 | June 26, 2018 | MI Court of Appeals Unpublished Opinion dismissing case based upon Res Judicata, Docket Numbers 337972 & 337976 |
| Exhibit 5 | February 19, 2019 | MI Supreme Court Order issued under docket No. 158070 – Vacated Michigan Court of Appeals Res Judicata Opinion and Order – Docket Nos. 337972 & 337976 and remanded to COA to consider Plaintiffs' Unjust Enrichment claims |
| Exhibit 6 | April 16, 2020 | Michigan Court of Appeal Opinion and Order in Docket Nos. 337972 & 337976 Remanding case to the Genesee County Circuit Court |
| Exhibit 7 | May 27, 2020 | City of Flint Application for Leave to Appeal to the Michigan Supreme Court Docket No. 162388 |
| Exhibit 8 | September 15, 2014 | Complaint for Monetary and Declaratory Relief |
| Exhibit 9 | October 20, 2014 | Order placing case on hold due to *Kincaid* appeal |
| Exhibit 10 | November 3, 2015 | Order Dissolving Hold Order of 11/26/14 |
| Exhibit 11 | August 17, 2015 | Preliminary Injunction Order |
| Exhibit 12 | August 31, 2015 | Order Certifying Class |
| Exhibit 13 | Augusts 31, 2015 | Order Approving Defendants' Partial Compliance with Preliminary Injunction |
| Exhibit 14 | November 16, 2015 | Order to Show Cause against City of Flint |
| Exhibit 15 | January 11, 2016 | Order Holding City of Flint in Contempt of Preliminary Injunctive Order and Modifying Preliminary Injunction |
| Exhibit 16 | February 1, 2016 | Order of Compliance |

1

| Exhibit No. | Description | |
|---|---|---|
| Exhibit 17 | August 24, 2017 | Unpublished Opinion and Order Michigan Court of Appeals Docket No. 329776 Reversing Trial Court and Remanding Case to Circuit Court |
| Exhibit 18 | December 13, 2019 | Michigan Supreme Court Order Docket No. 156789 Vacating 8/24/17 Order of the Court of Appeals and Remanding Case to Genesee County Circuit Court to allow Plaintiffs to file motion to file amended complaint |
| Exhibit 19 | March 6, 2020 | Plaintiffs' Second Motion and Brief for Order to Show Cause against City of Flint |
| Exhibit 20 | March 6, 2020 | Order Staying all Proceedings pending Resolution of *Kincaid v City of Flint* by the Michigan Court of Appeals |

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | |
|---|---|
| *In Re* Flint Water Cases, | No. 5:16-cv-10444-JEL-MKM (consolidated) |
| | Hon. Judith E. Levy |
| | Mag. Mona K. Majzoub |
| *Anderson, et al.,* | No. 5:17-cv-13890-JEL-MKM |
|    *Plaintiffs* | |
| *v.* | |
| *City of Flint, Michigan, et al.,* | |
|    *Defendants.* | |

## CERTIFICATE OF SERVICE

Valdemar L. Washington certifies that on Tuesday December 8, 2020, he served the Anderson Plaintiffs' Response and Memorandum to Plaintiffs' Motion to Establish Settlement Claims Procedures, and Allocation, and for Preliminary Approval of Settlement Components on all counsel of record through the Court's ECF system, along with Exhibits 1 – 20.

Dated: December 8, 2020    */S/ Valdemar L. Washington*
           Valdemar L. Washington P27165
           Attorney for the Anderson Plaintiffs

1