**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

In re Flint Water Cases   Case No. 5:16-cv-10444-JEL-MKM

Hon. Judith E. Levy

Case No. 16-106077-CZ

_____/

**MOTION TO INTERVENE BY LIMITED APPEARANCE TO OBJECT TO THE PROPOSED AMENDED SETTLEMENT AND/OR MOTION TO INTERVENE IN THESE PROCEEDINGS IF THIS COURT RECLAIMS JURISDICTION OVER THE *COLLINS* STATE CASE "UNJUST ENRICHMENT" CLAIM**

NOW COME PLAINTIFFS, DORIS COLLINS, et al, by and through their attorney, LOYST FLETCHER, JR. & ASSOCIATES, and for their Motion to Intervene by Limited Appearance to Object to the Proposed Amended Settlement and/or Motion to Intervene in These Proceedings if this Court Reclaims Jurisdiction Over the Collins State Case "Unjust Enrichment" Claim and move this Court to allow Plaintiffs' attorney limited appearance for the purpose of objecting to the proposed settlement and/or to intervene as a subclass plaintiff if this Court reclaims jurisdiction over Plaintiffs State case "unjust enrichment" claim, and state as follows:

Intervention here is warranted based on the economic harm the settlement would do to the subclass of adults that paid for poisoned water and now have a State Law claim for unjust enrichment.

1. The Plaintiffs filed a Class Action in Genesee County Circuit Court entitled *Doris Collins, et al v. City of Flint*, Case No. 16-106077-CZ in 2016.

2. The case proceeded in State Court where numerous motions were filed including a Motion for Summary Disposition on the claim of "unjust enrichment".

1

3. The "unjust enrichment" claim was argued before the Court of Appeals where the Court ruled Plaintiffs had a viable claim for unjust enrichment.

4. Leave to Appeal was filed in the Supreme Court and Leave was denied.

5. This Court had declined in this case jurisdiction of the State Court unjust enrichment claim by Order Dated June 5, 2019, Docket No. 151.

6. Following the Michigan Court ruling, Plaintiffs Putative Class filed a motion in the State Court for Partial Summary Disposition as to the "unjust enrichment" claim and for class certification.

7. Defendant, City of Flint filed a Motion to Stay the State Court proceedings based on the proposed Amended Settlement Agreement.

8. The State Court granted the Stay.

9. Based on my review of the proposed Amended Class Action Settlement Agreement if this Court approves the terms of the **proposed** agreement, the *Collins* "unjust enrichment" claim will be wiped out as there is no category in the proposed settlement for economic claims for unjust enrichment, yet the agreement provides that any claim of unjust enrichment is released.

10. That Plaintiffs, as water customers that paid for poisoned water they could not drink, cook with or bathe in, and who over the past four (4) years have earned the right to recover economic damages on theory of unjust enrichment, constitute a subclass of the Federal Law and should be adequately represented and allowed to object to the settlement as a subclass and/or to intervene in order to participate and be heard.

2

WHEREFORE, the *Collins* Plaintiffs request the following:

(a) An opportunity to object to the proposed settlement;

(b) And if this Court reclaims jurisdiction over the State Court "unjust enrichment" claim, the right to intervene as a subclass.

Dated: December 18, 2020                             LOYST FLETCHER, JR.  & ASSOCIATES


*/s/ Loyst Fletcher, Jr.*
LOYST FLETCHER, JR. (P29799)
Attorney for *Collins* Plaintiffs
718 Beach Street
Flint, MI 48502
(810) 238-4410
fletcher@loystlaw.com

3

**TABLE OF CONTENTS**

Index of Authority…………………………………………………………………ii

Questions Presented………………………………………………………………iii

Introduction……………………………………………………………………….1

Procedural History………………………………………………………………...1, 2

Argument………………………………………………………………………….2, 3

Anticipated Argument by the City of Flint…………………………………………..4, 5

Adequate Representation……………………………………………………………5, 6

Justification for the *Collins* Claim for Subclass……………………………………..6

Permissive Intervention – Fed. R. Civ. P. 24(b)……………………………………….7

Relief Requested……………………………………………………………………7

Certificate of Service………………………………………………………………….8

## **INDEX OF AUTHORITY**

*Amchem Products v. Windsor,* 521 U.S. 591 (1997)……………………………………6

*Arrington v. City of Raleigh,* 369 F. App'x 420, 423 (4th Cir. 2010)………………………2

*East Texas Motor Freight System, Inc. v. Rodriguez,* 431 U.S. 395……………………….6

*Ortiz v. Fibreboard Corp.,* 527 U.S. 815 (1999)…………………………………………..6

*Phillips Petroleum Co. v. Shutts,* 472 U.S. 797 (1985)……………………………………6

*Prezant v. DeAngelis,* 636 A.2d 915………………………………………………………5

*Senter v. General Motors Corp.,* 532 F2d 511 (6th Cir. 1976)…………………………….6


28 U.S.C. § 1367(C)(1)…………………………………………………………………...2

Fed. R. Civ. P. 24(b)……………………………………………………………………...7

## QUESTIONS PRESENTED

(1)     Should the proposed Amended Settlement Agreement be approved when a subclass of the proposed class consisting of customers of the Defendant, City of Flint State Law Claim will be wiped out and nullified without consideration?

(2)     If this Court reclaims jurisdiction over the "unjust enrichment" claim should the State Court Plaintiffs have a right to intervene?

**MEMORANDUM**

**INTRODUCTION**

The Plaintiffs have filed a Class Action in Genesee County Circuit Court on a single and simple theory. The Plaintiffs claim a refund for water payments for water they could not drink on the theory of "unjust enrichment". The Michigan Court of Appeals, leave denied by the Supreme Court, has affirmed Plaintiffs have a viable "unjust enrichment" claim. **(Exhibits A & B).**

This case like so many other cases filed in both Federal and State court involves the Flint Water Crisis. Unlike all other cases, this case does not involve a claim for personal injury. This case is a State case, not Federal, and is limited to requiring the City of Flint to reimburse residents and commercial customers for payments made to the City of Flint for water they could not use.

For several years, the City of Flint's defense has been there can be no unjust enrichment claim based on immunity. The Michigan Courts have now spoken, and the City of Flint's defense fails, and the customers have a viable claim for unjust enrichment**. (See Exhibits A & B).** There is no dispute that customers paid for water they could not drink, cook with or bathe in.

**PROCEDURAL HISTORY**

The undersigned, as attorney for the State Court Plaintiffs, has not been a part of the Federal Court proceedings. He is not an attorney on the grid to receive pleadings. The undersigned's knowledge is, and has been, limited to attorneys on the grid sharing certain pleadings. In that regard, as Plaintiffs' attorney in the State court case I have been provided the following pleadings from the Federal case: (1) Proposed Amended Settlement Agreement submitted on November 17, 2020; (2) Proposed Order; (3) "Terms of Settlement of Flint Water Cases against the State of Michigan".

This Court, in its Order of June 5, 2017 stated the following:

> Whether the governmental defendants are entitled to immunity from unjust enrichment claims is a complicated and unsettled area of state law. Accordingly, the Court declines to exercise jurisdiction over this claim. 28 U.S.C. § 1367(c)(1) ("The district courts may decline to exercise supplemental jurisdiction over a claim… [if]the claim raises a novel or complex issue of State law."); *see, e.g., Arrington v. City of Raleigh,* 369 F. App'x 420, 423 (4th Cir. 2010) (district court abused discretion by retaining jurisdiction over claim involving "state law immunity issues [that] are both novel and complex").

The *Collins* Plaintiffs proceedings continued on the "unjust enrichment" claim, and an appeal to the Court of Appeals was filed and argued. In August 2019 the Michigan Court of Appeals agreed the *Collins* Plaintiffs had a viable unjust enrichment claim against the City of Flint. **(Exhibit A).** The Michigan Supreme Court denied leave on June 30, 2020. The *Collins'* Plaintiffs, based on the Michigan Court of Appeals ruling, have presently pending before Judge Farah a Motion for Summary Disposition as to Liability and Class Certification. Judge Farah, based on the proposed settlement, has stayed the State Court Case.

## **ARGUMENT**

As will be argued herein the *Collins* Plaintiffs request to be excluded in the proposed settlement as a subclass consisting only of those Flint water customers that are entitled to a refund under the recent Court of Appeals decision regarding "unjust enrichment" and be allowed to pursue their State Court Claim.

In June 2017, this Court declined to accept jurisdiction in this case as to the "unjust enrichment" claim. The *Collins* Plaintiffs pursued their claim in the State Court, and by the opinion of the Michigan Court of Appeals in August 2020 are allowed to pursue the claim of "unjust enrichment" against the City of Flint.

2

The settling defendants, without any input or participation of the *Collins'* attorney has written in the Proposed Amended Settlement Agreement provision and definitions that will deny the *Collins* refund claim that they now rightfully have based on an "unjust enrichment" theory. The proposed settlement has the effect of overturning the Plaintiffs success in State Court as it provides no provision or category for their economic claim. Overpayment for water is an undisputed fact.

To allow this settlement as proposed would deny those adults, homeowners, and water customers of the City of Flint their economic claim.

Presently, Plaintiffs and their claim are not a part of the Federal lawsuit, this Court having declined jurisdiction. However, the proposed Amended Settlement Agreement provides that they be included in order to be excluded.

On information and belief, there was an original Master Settlement Agreement (MSA) that was placed into escrow. The MSA did not include these Plaintiffs. On objection by the City of Flint Defendant, the MSA was amended to specifically exclude these Plaintiffs and putative subclass. There was no involvement by the State Court Plaintiffs. In fact, the State Court Plaintiffs were unaware until their attorney was provided a copy of the proposed Amended Settlement Agreement and Release that the *Collins* claim was included. After reading the proposed settlement, it is clear the *Collins* Plaintiffs have been excluded and robbed of their State "unjust enrichment" claim. Given the strength of the *Collins* right to make an unjust enrichment claim, this proposal is vastly inequitable. The reality is this settlement as proposed, is illusory as to the adult economic claim. The proposed Amended Settlement Agreement nowhere mentions the word "refund" or like the other categories provides any formula for refund.

As such, there is a high probability that many of the adults will opt-out.

## **ANTICIPATED ARGUMENT BY THE CITY OF FLINT**

The Defendant has on numerous occasions in several public forums advised the adult subclass members that they are included in the Amended Settlement Agreement. They are not. The argument is illusory. There is no refund category. The attorneys for the City of Flint have argued that refund is included in the "Adults and Property Damage Settlement Categories". The 18% entitled "Adult Property Damage Settlement Categories" provides 15% for adult claimants and 3% for property damages. Section 5.2.5 allocates 15% for adults and 3% property damages. Categories 22-27 refer to adult injuries only. Obviously refund based on "unjust enrichment" is not property damage, therefore if included it would assume, is within Category 24 labeled "Adult Physical Injury". Refund obviously is not a physical injury. Refund is not property damages. Therefore, the claim is illusory. Question would a claim for water refund be limited to the household $1,000.00. However, the release specifically releases the "unjust enrichment" Plaintiffs State Court water refund claim without any consideration, is clearly a "due process" violation. According to data known thus far prior to discovery using the average household consumption, it is anticipated the average refund per household would far exceed $2,000.00 per claimant. By this proposal ineffectively denying the unjust enrichment claim in its entirety, the *Collins* claim disappears and is erased. The value of the State Court Claim, given the ruling of the Appellate Courts on "unjust enrichment", the proposed amended settlement release violates due process.

The *Collins* putative plaintiffs are not and were not a part of the Federal proceedings. Their involvement only becomes relevant as the proposed release against these absent subclass members became known.

As it presently stands, the Michigan Appellate Courts have, as this Court has in its Order, decided the issue of "unjust enrichment" claim in favor of the subclass of adults that paid for poisoned water. This settlement violates due process when, as here, the subclass is included for settlement purpose only and the settlement is intended to nullify and wipeout the State Court ruling in Plaintiffs favor regarding the "unjust enrichment" claim without the subclass being at the table and/or adequately represented.

At no time, including as of this writing, in the Federal Court proceedings have this subclass been represented. Of importance here is that based on the State Appellate Courts' ruling the "unjust enrichment" State Law Claims have value, a lot of value.

## **ADEQUATE REPRESENTATION**

Adequate representation is the fundamental legitimizing ground for class action. It must exist at all times. *Prezant v. DeAngelis,* 636 A.2d 915.

In this case, the settling parties participated in settlement negotiations for a year, maybe two. As attorney for the putative class in State Court for "unjust enrichment", I was never involved in any of these discussions as I was involved in litigating the State case in Genesee County and the Michigan Appellate Courts. I am advised that there was a Master Settlement Agreement (MSA) that was agreed to by all parties and placed into escrow. In that agreement, the subclass of adults that paid for poisoned water were not included. The Defendant City of Flint refused to be a part of the MSA unless the MSA was amended to the Amended Proposed Settlement Agreement now before this Court to include as a party the Collins case and extinguish their claim through the Release. Then by a stroke of a pen request this Court approve the proposed settlement.

How can the settling parties adequately claim representation of a subclass when their interest is antagonistic to the subclass? Those with claims for refunds do not wish to be excluded. The *Collins'* attorney has never participated in any negotiations. I do not argue here the quality of counsel, I argue that the claim of the *Collins* Plaintiffs was not pursued in the Proposed Amended Settlement Agreement, and as such, their interest was not vigorously pursued as required. *Senter v. General Motors Corp.,* 532 F2d 511 (6th Cir. 1976).

In this case, in significant respect the interest of the *Collins* subclass is not aligned with the rest of the class because of the unique position of having an "unjust enrichment" claim against the Defendant, City of Flint. *East Texas Motor Freight System Inc. v. Rodriguez,* 431 U.S. 395.

Due process requires adequate representation of class members. *Phillips Petroleum Co. v. Shutts,* 472 U.S. 797 (1985); *Amchem Products v. Windsor*, 521 U.S. 591 (1997).

## **JUSTIFICATION FOR THE *COLLINS* CLAIM FOR SUBCLASS**

When appropriate, a class may be divided into a subclass. Fed. R. Civ. P. 23(C)5. The decisions in *Amchem Products Inc. v. Windsor*, 521 U.S. 591 (1997) and *Ortiz v. Fibreboard Corp.*, 527 U.S. 815 (1999) require subclassing whenever there is a significant disparity in the benefits afforded different subgroups of class members, especially when a subgroup possess claims of strength, as is here with the Court Sanction "unjust enrichment" claim. *Ortiz* also stated it may be necessary to have a subclass when categories of claims have different settlement values.

In this case, the interest of the *Collins* Plaintiffs has been sacrificed by this Proposed Amended Settlement Agreement.

## **PERMISSIVE INTERVENTION – FED. R. CIV. P. 24(b)**

Rule 24(b) provides that on timely motion, the court may permit anyone to intervene who… has a claim or defense that shares with the main action a common question of law or fact. Fed. R. Civ. P. 24(b)(1)(B).

This Motion is being filed soon after the *Collins'* attorney had an opportunity to review some of the pleadings including the Proposed Amended Settlement Agreement and Release. Granting the relief requested will not interfere with the litigation, it merely allows Plaintiffs and the putative class members to pursue their claim in State Court or give the *Collins* Plaintiffs a foot at the table.

## **RELIEF REQUESTED**

For all the reasons stated and argued above, the *Collins* Plaintiffs Putative Class request this Court grant the following relief:

(a) The right to appear for the limited purpose to object to the Proposed Amended Settlement Agreement;

(b) If this Court reclaims jurisdiction, the right to intervene as a Plaintiff;

(c) That this Court establish a subclass category represented by their attorney of Flint water customers that paid for poisoned water they could not drink, not cook with, nor bathe in.

Respectfully Submitted:

Dated: December 18, 2020                     LOYST FLETCHER, JR. & ASSOCIATES

*/s/ Loyst Fletcher, Jr.*
LOYST FLETCHER, JR. (P29799)
Attorney for *Collins* Plaintiffs
718 Beach Street
Flint, MI 48502
(810) 238-4410
fletcher@loystlaw.com

7

## **CERTIFICATE OF SERVICE**

I, Erika Michel, hereby certify that on December 18, 2020, I caused a true and correct copy of *MOTION TO INTERVENE BY LIMITED APPEARANCE TO OBJECT TO THE PROPOSED AMENDED SETTLEMENT AND/OR MOTION TO INTERVENE IN THESE PROCEEDINGS IF THIS COURT RECLAIMS JURISDICTION OVER THE COLLINS STATE CASE "UNJUST ENRICHMENT" CLAIM, MEMORANDUM,* and this **Certificate of Service** to be served upon counsel of record via the Court's ECF System to their respective email addresses.

*/s/ Erika Michel*
Erika Michel