# EXHIBIT E

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| *In Re* Flint Water Cases | No. 5:16-cv-10444-JEL-MKM |
| | HON. JUDITH E. LEVY |
| | MAG. MONA K. MAJZOUB |

# EXHIBIT 11

STATE OF MICHIGAN
IN THE COURT OF CLAIMS


IN RE:  FLINT WATER LITIGATION

No. _____
Judge Christopher M. Murray


_____/

## CASE MANAGEMENT ORDER

This Case Management Order ("CMO") shall apply to all plaintiffs with cases pending as of [*Date of Final Court Approval of Settlement*] and to all new plaintiffs filing cases after that date ("Plaintiff" or "Plaintiffs"), whose claims are related to Flint water and not released by the Settlement Agreement in this action entered into on November 16, 2020 ("Settlement Agreement").  Pursuant to the Michigan Court of Claims Act, MCL 600.6401 *et seq.*, the Michigan Court Rules ("MCR") cited in this CMO apply to such cases.  Pursuant to MCR 2.505, all such new cases filed in the Court of Claims shall be assigned to the *In re:  Flint Water Litigation* pending before this Court and shall be subject to the terms of this CMO.  The requirements of this CMO are in addition to the requirements of the Court of Claims Act, MCL 600.6401 *et seq.*

1.      Filing of Amended Complaints.  Each Plaintiff with an existing case as of [*Date of Final Court Approval of Settlement*], shall file and serve on Defendants within ninety (90) days of that date an Amended Complaint satisfying the requirements of the MCR, the Court of Claims Act, MCL 600.6401 *et seq.*, and this CMO, if that Plaintiff's case is not dismissed with prejudice prior to this deadline

pursuant to the Settlement Agreement.  Plaintiff's counsel shall comply with MCR 1.109(E) when filing any such Amended Complaint.

2.     Content of Complaints.  A Plaintiff who files a new Complaint, or who amends their Complaint pursuant to Section 1 of this CMO, shall include in their new Complaint or Amended Complaint, in addition to the information required pursuant to the MCR, and the Court of Claims Act, MCL 600.6401 *et seq.*, the detailed information identified in Section 5 (a), and (d) through (f) below.  A Plaintiff shall also identify the particular Defendant or Defendants that Plaintiff alleges are liable for her, his, or its alleged injury or damage connected to Flint water, and the particular factual and legal basis for such alleged liability specific to each particular Defendant that Plaintiff seeks to hold liable.

3.     Completion of Fact Sheet.  Each Plaintiff that files a new Complaint or an Amended Complaint shall subsequently serve upon the Defendants within thirty (30) days of that filing a completed copy of the Fact Sheet, attached hereto as Exhibit A, and a verified statement under oath setting forth the exact nature of the exposure to Flint water during the relevant time frames.

4.     Requirement to Serve Case-Specific Expert Reports.  Each Plaintiff alleging injury or damage (including each personal representative of an estate of any deceased person, or other proper representative for a minor or legally incapacitated individual) shall serve a case-specific expert report or reports executed by a qualified expert, under oath and subject to the penalties of perjury, stating that there: is a causal relationship between the individual Plaintiff's claimed injury or damage and

exposure to Flint water and the good faith basis for that opinion; and quantifying those claimed damages sustained by the Plaintiff, with specific calculations and evidence for each component of such damages (a "Case-Specific Expert Report"). Each Plaintiff shall serve a Case-Specific Expert Report on Defendants within sixty (60) days of filing a new Complaint or Amended Complaint in accordance with the MCR and the requirements of this CMO.

5.      Contents of Case-Specific Expert Report.   Each Case-Specific Expert Report shall, in addition to any other information required under the Michigan Court Rules or the Michigan Rules of Evidence, include the following information from a qualified expert in the relevant field:

a. *Plaintiff's Information.*  The Plaintiff's name and date of birth;

b.  *Expert's   Information.*     The   name,   professional   address,   and curriculum vitae of the physician or expert, including a list of all publications authored by the expert within the preceding ten (10) years, and the foundation for the expert's opinion in relation to his or her professional experience;

c. *Plaintiff's Records.*  All records reviewed by the expert in preparation of the Case-Specific Expert Report;

d. *Exposure Dates.*  The dates during which the Plaintiff alleges that he, she, it, or the Plaintiff's property was exposed to contaminated Flint water and copies of documents relied upon, if any, as evidence of such alleged exposure;

e. *Exposure Locations.*  The location(s) at which the Plaintiff alleges that he, she, it, or the Plaintiff's property was exposed to contaminated Flint water

3

and copies of documents relied upon, if any, as evidence of such alleged exposure.

f. *Plaintiff's Injury or Damage.* Whether the Plaintiff's records reviewed by the expert indicate that the Plaintiff suffered an injury or damage causally related to alleged exposure to contaminated Flint water and, if so: (i) the nature of the alleged injury or damage; (ii) the basis for the expert's opinion that the injury or damage was causally related to exposure to contaminated Flint water; and (iii) references to the particular record(s) relied upon as evidence of such alleged injury or damage;

g. *Opinion Regarding Causation Sworn to by Expert.* An opinion that there is in fact a causal relationship between the individual Plaintiff's claimed injury or damage and his, her, or its exposure or the exposure of Plaintiff's property to contaminated Flint water, prepared and sworn/affirmed to by a physician or other expert and subject to the penalties of perjury.

h. *Opinion Regarding Damages Sworn to by Expert.* An opinion quantifying the damages sustained by the Plaintiff due to his, her, or its exposure to contaminated Flint water, with specific calculations and evidence for each component of such damages, prepared and sworn/affirmed to by an expert and subject to the penalties of perjury.

6. <u>Responding to Complaints</u>. The time for Defendants to file a response to a new Complaint or Amended Complaint shall not begin to run until after the receipt by counsel for the Defendants of the Case-Specific Expert Report required

4

pursuant to this CMO (subject to the non-compliance and opportunity to cure provisions in Section 11 below), and after the claims process is concluded as described in Section 10 below, whichever is later.

7.      <u>Preservation Notice Requirement</u>.  Within thirty (30) days of filing a new Complaint or Amended Complaint, Plaintiffs shall notify the following individuals or entities, if applicable, by registered mail (with return receipt) (each a "Notice") that the individual or entity may have records relevant to the Plaintiff's claim in these cases and that any records relating to the Plaintiff must be preserved as directed herein, pending collection by the Plaintiff or Defendant:

a.   All pharmacies that dispensed any medications to the Plaintiff for the period from three years prior to the date of the first diagnosis of the alleged injury to the present;

b.   For the period of three years prior to the date of the first diagnosis of the alleged injury to the present:

   i.   Plaintiff's primary care physician(s);

  ii.   Any healthcare provider(s) who treated Plaintiff for the alleged injury; and

 iii.   Any hospital(s) that treated Plaintiff for any reason.

A copy of this CMO shall be attached to the Notice sent pursuant to this Section and all copies of the Notice shall be preserved by Plaintiff for so long as the Claim remains pending in this proceeding.

8.      <u>List of Notices.</u>  Plaintiffs shall serve on Defendants within sixty (60) days of filing their Complaint or Amended Complaint a statement listing the names and addresses of all individuals or entities to which Notices were sent, along with copies of the Notices and a signed certification that the Notices were sent as required by this CMO.

9.      <u>Discovery Requirements</u>.  Within ninety (90) days of filing a new Complaint or an Amended Complaint, if applicable, Plaintiffs shall produce to Defendants the following documents and/or information:

    a. All pharmacy records regarding the dispensing of medications to the Plaintiff for the period from three years prior to the date of the first diagnosis of the alleged injury to the present;

    b. All medical records for the period of three years prior to the date of the first diagnosis of the alleged injury to the present for:

        i. Plaintiff's primary care physician(s);

       ii. Any hospital(s) that treated Plaintiff for any reason, and

     iii. Any healthcare provider(s) who treated Plaintiff for the alleged injury.

    c. All results for any blood lead level tests performed on the Plaintiff;

d.  All results for any water tests performed at a property where Plaintiff is alleging exposure to contaminated Flint water that caused injury or damage, and all evidence of such property being served by lead or galvanized steel service lines.

e.  All academic records for any person who was a minor when allegedly exposed to contaminated Flint water.

f.  All documents and information quantifying the damages sustained by the Plaintiff due to his, her, or its exposure to contaminated Flint water, with specific calculations and evidence for each component of such damages.

g.  If any of the documents described in subparagraphs (a) through (f) do not exist, Plaintiff shall serve Defendants with a notice stating that fact and the reason, if known, why they do not exist.

10.     Claims Process Required with Accept/Reject Decision.  Each Plaintiff who files a new Complaint or an Amended Complaint shall submit within thirty (30) days of that filing a completed claims form to the settlement claims administrator, as if such Plaintiff was a Claimant participating in the settlement in accordance with the Settlement Agreement.   If the claims administrator requires additional information in order to fully process the claim, such Plaintiff will provide that information to the best of their abilities.  Such Plaintiff must then accept or reject the amount of the award resulting from such claim after it has been administered through the claims process described in the Settlement Agreement.  Such Plaintiff

7

must accept or reject the amount of the award within 30 days of being notified of the amount, after all administrative appeals, if any.  If such Plaintiff accepts the proposed award, the award shall be finalized and paid subject to the terms of the Settlement Agreement, and the Plaintiff's case dismissed with prejudice by the Court.  If such Plaintiff rejects the proposed award, the Plaintiff may then and only then proceed to litigate such Plaintiff's case in Court.

      11.     <u>Dismissal of Plaintiffs Who Fail to Comply With This Order</u>.

      a.  *Notice of Non-Compliance and Opportunity to Cure.*  If any Plaintiff fails to comply with any provision of this Order, Defendants shall provide Plaintiff written notice of such non-compliance ("Notice of Non-Compliance") specifying the non-compliance.  Upon receipt of a Notice of Non-Compliance, Plaintiff shall have sixty (60) days to cure her, his, or its non-compliance specified in the Notice of Non-Compliance.  During the period wherein non-compliance has not yet been cured, all litigation deadlines applicable to Defendants, including without limitation deadlines for discovery or to file and serve a pleading or motion responsive to Plaintiff's new Complaint or Amended Complaint, shall be held in abeyance.

      b. *Failure to Cure.*  If, after the passage of sixty (60) days of service of a Notice of Non-Compliance, a Plaintiff fails to cure her, his, or its non-compliance, upon application by the Defendants, the Plaintiff's claims, as well as any derivative claim(s), will be dismissed with prejudice pursuant to MCR 2.504(B) as against the Listed Defendants only.

8

c. *Extensions of Time.* The Court, on motion and for good cause shown, may order an extension of the time to comply with this Order.

12.     Sanctions.  Any Plaintiff or counsel for that Plaintiff who submits false or misleading information, or otherwise attempts to satisfy the documentation requirements of this Order through any form of deception, dishonesty or fraud, may be subject to appropriate sanctions (including monetary sanctions and costs) and dismissal with prejudice pursuant to MCR 2.313.

SO ORDERED.

Dated: _____                            _____
Lansing, Michigan                                  HON. CHRISTOPHER M. MURRAY
                                                   Judge, Court of Claims