# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

*In re* Flint Water Cases.

                                  /

Judith E. Levy
United States District Judge

This Order Relates To:

ALL CASES

                                  /

## OPINION AND ORDER GRANTING MOTION TO SEAL PORTIONS OF VNA'S OPPOSITION TO THE CLASS CERTIFICATION MOTION AND *DAUBERT* FILINGS [1366]

Before the court is Defendant VNA's motion to seal portions of the class certification opposition and related *Daubert* filings. (ECF No. 1366.) This information was designated as "confidential" or "highly confidential" under the parties' protective order,[1] and includes Plaintiffs' contact information, minor children's names, names of doctors, specific medical prescriptions, preexisting conditions not caused by exposure to Flint water, home photos, tax information, and financial information.

---

[1] This alone does is not a justification for sealing.

Plaintiffs agree with the requested relief. (ECF No. 1366, PageID.42227.) Defendant's motion is granted for the reasons set forth below.

Eastern District of Michigan Local Rule 5.3 governs civil material filed under seal.[2] "There is a strong presumption in favor of open judicial records." *Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305 (6th Cir. 2016). A request to seal must be "narrowly tailored. . . in accord with applicable law." E.D. Mich. LR 5.3(b)(2).

The Court may grant a motion to seal "only upon a finding of a compelling reason why certain documents or portions thereof should be sealed." *Id*. at (b)(3)(B)(i). Even if no party objects to a motion to seal, the "district court that chooses to seal court records must set forth specific findings and conclusions 'which justify nondisclosure to the public.'" *Shane Group* 925 F.3d at 306 (citing *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1176 (6th Cir. 1983)). The Court must make its decision based on the following three factors: "why the interests in support of nondisclosure are compelling, why the interests supporting

---

[2] Under Eastern District of Michigan Local Rule 5.3, "the unredacted version may be filed under seal for the limited purpose of resolving the motion to seal without a prior court order." E.D. Mich. LR 5.3(b)(3)(A)(vi). VNA did so and the Court has reviewed the unredacted filings in making this decision. (ECF No. 1367.)

access are less so, and why the seal itself is no broader than necessary[.]" *Shane Grp.*, 925 F.3d at 306 (citing *Brown & Williamson,* 710 F.2d at 1176).

As to factors one and two—why the interests in nondisclosure are compelling, and why the interests supporting access are less so—VNA argues as follows. First, VNA argues that sealing this information would protect the privacy interests of participants and third parties. VNA also cites to other cases where similar information such as sensitive medical information and home addresses have been sealed. VNA has set forth compelling reasons for nondisclosure, at this stage of the litigation. Additionally, there is little or no interest to the public in individuals' preexisting conditions, children's names, or the like. Nor has anyone opposed the motion or otherwise come forward with an indication that this information is in the public interest. Accordingly, VNA has met the first two *Shane Group* factors.

VNA also satisfies the third *Shane Group* factor, namely, why the seal itself is no broader than necessary. VNA only seeks to seal by redacting only those portions that contain the private information, and not any other information. (*See, e.g.*, ECF No. 1366-3, PageID.42442.)

3

This request is narrowly tailored to cover only the sensitive information. Accordingly, VNA has met the third *Shane Group* factor.

VNA's request to seal portions of its filings and exhibits connected with VNA's opposition to class certification and Daubert filings is granted.

IT IS SO ORDERED.

Dated: January 15, 2021       s/Judith E. Levy
Ann Arbor, Michigan      JUDITH E. LEVY
     United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on January 15, 2021.

     s/William Barkholz
     WILLIAM BARKHOLZ
     Case Manager