# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

In re Flint Water Cases

Case No. 5:16-cv-10444-JEL-MKM

Hon. Judith E. Levy

Case No. 16-106077-CZ

_____/

**<u>REPLY TO PLAINTIFFS' OPPOSITION TO MOTION TO INTERVENE</u>**

# **TABLE OF CONTENTS**

Index of Authority…………………………………………………………………ii

Introduction……………………………………………………………………...1

Relief Requested…………………………………………………………....1, 2

Adequate Representation….…………………………………………………….2

The Settlement Amount……………...…………………………………………..2, 3

Conclusion……………………………………………………………………4

Certificate of Service……………………………………………………………4

# **INDEX OF AUTHORITY**

*Grubbs v. Norris*, 870 F2d 343 (6th Cir. 1989)……………………………..………………1

*Michigan State AFL-CIO v. Miller*, 103 F3d (6th Cir. 1997)………………………………1

## INTRODUCTION

The Response to the Motion to Intervene failed to address two key issues: (1) the fact that the original Master Settlement Agreement (MSA) did not address nor mention the *Collins* case, i.e. the refund issue or unjust enrichment. As attorney for the *Collins* plaintiffs, I requested a copy of the Master Settlement Agreement and was told I could not have a copy. **(See attached Exhibit A).** "No Transparency". The truth is the ball is being hidden; and (2) the Response to the Motion only indicates that Class Counsel is qualified. This is not disputed. What is disputed is the *Collins* refund subclass were not represented. *Michigan State AFL-CIO v. Miller*, 103 F3d (6th Cir. 1997). And in this case, without intervention, the *Collins* plaintiffs have no ability to protect their interest earned in the State Court. *Grubbs v. Norris*, 870 F2d 343 (6th Cir. 1989).

## RELIEF REQUESTED

The *Collins* plaintiffs do not object to the amount of the settlement. The objection is as to the fact the settlement does not provide a category to address refunds to which they are entitled. Based on prior negotiations with the City of Flint, the *Collins* claim is that they are entitled to, at a minimum, $12,000,000.00, and possibly $29,000,000.00 depending on the date the water was declared drinkable.

Given the benefit to the City of Flint of the minimum amount of $12,000,000.00 the *Collins* plaintiffs proposed a reallocation of the adult settlement as follows:

The proposal: 18%: 15% to adults for injuries, 3% property damages.

The recommendation: 18%: 13% to adults for injuries, 2% to water refund class, 3% property damages.

1

This reallocation proposal is supported by both the City of Flint administration and the Flint City Council. **(Exhibit B).** In the *Collins* case there is only one Defendant, the City of Flint. That Defendant requests the same relief as the *Collins* plaintiffs.

## ADEQUATE REPRESENTATION

Under no stretch of the imagination can these objectors claim that the *Collins* plaintiffs were represented. The fact is they were never a part of the escrowed Master Settlement Agreement. Everyone involved in the escrowed Master Settlement Agreement were well aware there was a State case regarding "unjust enrichment". The fact is the "unjust enrichment" claim was not part of the discussions that resulted in the original Master Settlement Agreement now in escrow and not available to the undersigned nor the public to see. Representatives of the City of Flint, on information and belief, can testify to this fact.

The bottom line, there was no discussion regarding the subclass of refund customers and their attorney, the undersigned was not at the table. How can one claim the subclass was represented?

## THE SETTLEMENT AMOUNT

On information and belief, the settlement amount of $641,000,000.00 was negotiated without any consideration of the water refund claims. Only after the Defendant, City of Flint refused to sign off unless the *Collins* claim was included was the Master Settlement Agreement changed to the Amended Settlement Agreement that excluded the *Collins* claim.

Although successful in the State court proceedings, the proposed Amended Settlement Agreement, without representation or consideration, excluded this subclass of adult Flint Citizens.

This Court should reject, and not approve, the proposed Amended Settlement Agreement as in reality the adult water customers are not included, and any claim of refund is illusionary. The Response Brief falsely states:

"Under this framework, the Collins Plaintiffs could register to make a claim from the Settlement under Categories 28 (Residential Property Damage)."

However, Category 28 states:

**Category Description**

**Owner of Residential/Residence, Lessee Of Residential/Residence, Decrease in Residential Property Value, Harm to Pipes or Property in Residence**

"All individuals who owned or who were the lessee of a parcel of residential real property in the City of Flint, and where that residential property received Flint water on or between April 25, 2014 and July 31, 2016. This Category does not include owners who also rented out or otherwise earned income from their residential real property, since Category 29 addresses that situation."

The word "refund" is nowhere included. There is not a single statement in the proposed Amended Settlement Agreement that allows the adult citizens of Flint to make a claim for water refund.

The objectors, in their Response, make the following request to this Court:

"Nonetheless, if the Court wishes, the Settling Parties would be willing to edit the descriptions of these two grid categories to mirror the language of the Property Damage Subclass, setting forth that these damage categories include those who were "legally liable for the payment of bills for such water."

The *Collins* plaintiffs request of this Court a similar remedy. That is to edit the Agreement to include a category for water refund.

3

## CONCLUSION

The *Collins* plaintiff adult water-paying customers request the right to intervene to protect their interest earned in Michigan State Court, or to amend the proposed Amended Settlement Agreement as to adults allocated to be 13% adult injury, 2% water refund and 3% property damages.

                              Respectfully submitted,

Dated: January 15, 2021                  LOYST FLETCHER, JR. & ASSOCIATES

*/s/ Loyst Fletcher, Jr.*
LOYST FLETCHER, JR. (P29799)
Attorney for *Collins* Plaintiffs
718 Beach Street
Flint, MI 48502
(810) 238-4410
fletcher@loystlaw.com

## CERTIFICATE OF SERVICE

I, Erika Michel, hereby certify that on January 15th, 2021, I caused a true and correct copy of **REPLY TO PLAINTIFFS' OPPOSITION TO MOTION TO INTERVENE**, and this *Certificate of Service* to be served upon counsel of record via the Court's ECF System to their respective email addresses.

*/s/ Erika Michel*
Erika Michel

4