UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| *In re* Flint Water Cases, | No. 5:16-cv-10444 (consolidated) |
| | Hon. Judith E. Levy<br>Mag. Mona K. Majzoub |

_____

## MOTION TO MODIFY DATES AND DEADLINES RELATED TO PROPOSED SETTLEMENT

The *Walters* plaintiffs hereby move the Court to modify the dates and deadlines contained in the Court's Opinion and Order Granting Plaintiffs' Motion to Establish Settlement Claims and Procedures (ECF. 1399),[1] or alternatively, order Reporting Counsel <u>not</u> to register any client where there appears to be multiple attorneys/firms claiming to represent the client, until Monday, February 1, 2021.

The Court's order becomes effective tomorrow, January 27, 2021, meaning that at 12:00 am, settlement registration begins.

On January 23, 2021, a document titled Notice From Special Master ("Notice") was issued to Reporting Counsel for Census Data. See Notice, attached

---

[1] Pursuant to Eastern District of Michigan Local Rule 7.1, Co-Liaison Counsel sought the concurrence of Co-Liaison Counsel, Interim Co-Lead Counsel for the Putative Class, and Settling Defendants. Co-Liaison Counsel and Interim Co-Lead Counsel for the Putative Class do <u>not</u> consent. Counsel for the State does not Consent. The other Settling Defendants have not responded to the request for concurrence.

1

hereto as Exhibit A and incorporated by reference as if fully stated herein. As to Reporting Counsel claiming to represent the same client, the Notice provides as follows:

1. The law firm with the earliest date of retention that is set forth in the Special Master's posted lists shall be authorized to communicate with the client. That law firm shall advise the client that another firm or firms have also asserted that they represent the client.

2. If only one law firm has provided a date of retention, that law firm shall be authorized to communicate with the client. That law firm shall also advise the client that another firm or firms have asserted that they represent the client.

3. If none of the firms have provided a date of retention, each firm shall submit retention information by January 29. Once that information is provided, then we will post updated lists and the law firm with the earliest date of retention will have the authority to contact the client.

4. Ultimately, the client has the right to choose the law firm. If the client contacts any of the firms seeking to terminate representation, then the law firms shall follow the applicable procedures under the Rules of Professional Responsibility. We ask that you provide updated information in the event that a multiple representation is resolved.

The Notice further requires that Counsel are directed to provide any information on dates of retention by January 29, 2021. Thus, beginning at midnight, it is possible for counsel that may have been retained as late as today, to submit a registration for someone who was retained six years ago, if neither firm has yet submitted the retainer date to the Special Master. This creates the potential for a large number of duplicate registrations, which will likely diminish if the Court simply changes the first date of Registration to Monday, February 1, 2021.

2

This change will provide Reporting Counsel a better opportunity to determine whether they were retained before or after Counsel claiming to represent the same individual(s), and will have minimal impact on other dates and deadlines: It would effectively add six days to the Deadline for Registration, Deadline to Request Exclusion from the Settlement, and Deadline for Objections to Settlement and Class Member Notice of Intent to Appear at Fairness Hearing, from March 29, 2012, to April 3, 2012. It would also add six days to the Deadline for Claim Form from August 26, 2021 to August 31, 2021.

No other deadlines or dates would need to change.

Waiting a few extra days for Registration to begin will likely lead to a level of clarity for Reporting Counsel that will come from the submissions due to the Special Master on Friday January 29, 2021. Further, it will alleviate an unnecessary burden on the Administrator insofar as after January 29, 2021, it will be clearer when each lawyer was retained.

Alternatively, if the Court is not inclined to modify the dates and deadlines, ordering Reporting Counsel <u>not</u> to register any clients where there appears to be multiple attorneys until Monday, February 1, would likely have the same effect.

## CONCLUSION

For the foregoing reasons, the Walters plaintiffs request that the Court modify the dates and deadlines as articulated herein, or alternatively, order Reporting

Counsel <u>not</u> to register any clients where there appears to be multiple attorneys claiming to represent the same client until Monday, February 1, 2021.

Dated: January 26, 2021

                                         <u>s/ Corey M. Stern</u>
                                         Corey M. Stern
                                         **LEVY KONIGSBERG, LLP**
                                         800 Third Avenue, 11th Floor
                                         New York, NY 10022
                                         (212) 605-6298 Telephone
                                         cstern@levylaw.com

5

## CERTIFICATE OF SERVICE

I, Corey M. Stern, hereby certify that on January 26, 2021, the foregoing document was served on all counsel of record via the court's ECF system.

/s/ Corey M. Stern
Corey M. Stern
