UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| *In re* Flint Water Cases | No. 5:16-cv-10444-JEL-MKM |
| | Hon. Judith Levy |
| | Mag. Mona K. Majzoub |

**APPLICATION FOR RELIEF FROM LOCAL RULE 83.20(f)(1)**

Objector Raymond Hall respectfully applies to the Court to relieve his counsel from the requirement of Local Rule 83.20(f)(1) that local counsel enter an appearance in this case. That Rule provides that "[o]n application, the Court may relieve an attorney who is not an active member of the State Bar of Michigan of the obligation to specify local counsel." E.D. Mich. LR 83.20(f)(1).

Mr. Hall's out-of-state counsel, an Illinois attorney and Chicago resident, is a member of this Court's bar, has entered an appearance in this case, and has familiarized himself with the obligations and expectations of this Court. His counsel, the Hamilton Lincoln Law Institute's Center for Class Action Fairness (CCAF), is a non-profit public interest law firm that represents him *pro bono*.

CCAF represents Mr. Hall in objecting to the attorneys' fees request in the proposed settlement, which is his right as a class member under Rule 23(h)(2). Mr. Hall objects to the fee request—not the settlement itself. Therefore, CCAF's practice before this Court will be directed toward attorneys' fees. CCAF has not been retained to participate in the ongoing litigation or any other matters that don't pertain to its client's objection to the requested fee award. CCAF seeks relief from LR 83.20(f)(1) in its representation of Mr. Hall and any other previously-unrepresented objectors to the fee request that CCAF may mutually reach a retention agreement with.

The undersigned understands that Local Rule 83.20(f)(1) exists for a variety of reasons but submits that good cause exists to relieve the requirement in this case. These reasons include:

> Physical proximity and accessability for case preparation events (e.g., depositions) is one; ready availability to the court for conferences or hearings is another; familiarity with the Local Rules and the local legal culture is yet another. The ability of the court to easily monitor and govern the behavior of its attorneys is not unimportant.

*Belle v. Sunbeam Prods.*, No. 09-CV-13902, 2009 U.S. Dist. LEXIS 104044, at *3 (E.D. Mich. Nov. 9, 2009).

In terms of proximity and accessibility, technology has greatly ameliorated this problem during the pandemic. The Court has held recent hearings in this case remotely, and CCAF can ably represent clients at such hearings.

But even if the current alarming rise of coronavirus cases in Michigan abates such that the July 12, 2021 fairness hearing can be safely held in person, the undersigned commits to personally attend this and any other relevant hearing that may be conducted in-person. The undersigned resides in Chicago, which is not an extraordinary drive from this Court. In fact, he intends to shortly visit his client in Flint (slightly farther from him than the Court) in order to satisfy the Settlement Agreement's prohibition of electronically signed objections. ECF No. 1394-2, PageID.54184.

While the undersigned has only been admitted to this Court as of Friday, he endeavors to abide by all local rules and has never been sanctioned by any court in over ten years of practice.

For nearly five years, the undersigned has almost exclusively represented objecting class members *pro bono*. He and his colleagues at CCAF collectively have thirty years' experience with such work, so are well-qualified to represent Mr. Hall. Objections

brought through CCAF's assistance have recovered over $200 million dollars for class members by persuading courts to reduce excessive fee award or by driving settling parties to reach improved settlements. Andrea Estes, *Critics hit law firms' bills after class-action lawsuits*, Boston Globe (Dec. 17, 2016) (more than $100 million at time). *See also*, *e.g.*, *Ark. Teacher Ret. Sys. v. State St. Bank & Tr. Co.*, No. 11-10230-MLW, 2021 U.S. Dist. LEXIS 9826, at *18 (D. Mass. Jan. 19, 2021) ("CCAF's work was not only helpful to the court, it also contributed to a decision by the court that provided an additional almost $15,000,000 for the benefit of the class."); *McDonough v. Toys "R" Us*, 80 F. Supp. 3d 626, 661 (E.D. Pa. 2015) ("CCAF's time was judiciously spent to increase the value of the settlement to class members") (cleaned up); *In re Citigroup Inc. Secs. Litig.*, 965 F. Supp. 2d 369 (S.D.N.Y. 2013) (reducing fees, and thus increasing class recovery, by more than $26 million to account for a "significantly overstated lodestar").

While CCAF sometimes requests attorneys' fees after successfully improving class recovery, **CCAF commits to seek no attorneys' fee award in this case**. This further militates in favor of granting the application. Mr. Hall is of limited means, and CCAF has agreed to represent him *pro bono* without any contingency fee to be taken from his ultimate recovery. In particular, CCAF waives any entitlement to siphon 10% of its client's ultimate recovery, which the fee request would allow private attorneys to do. ECF No. 1458, PageID.57166-67. This Court has observed the "great difficulty finding attorneys willing to volunteer time to serve in *pro bono* cases without payment" and that such representation is "an extremely limited resource that the Court must deploy judiciously." *Schmidt v. IRS*, No. 08-10236, 2008 WL 686243, 2008 U.S. Dist. LEXIS 19343, *4 (E.D. Mich. Mar. 13, 2008); *Schweiger v. Keeling*, No. 11-15345, 2013 U.S. Dist. LEXIS 50736, *1 (E.D. Mich. Apr. 9, 2013).

Retention of local counsel would drain CCAF's non-profit resources, disserve Mr. Hall, and not improve the proceedings. For these reasons, the Court should relieve CCAF of "the obligation to specify local counsel." E.D. Mich. LR 83.20(f)(1).

3

Dated: March 22, 2021        /s/ *M. Frank Bednarz*
                             M. Frank Bednarz (IL ARDC No. 6299073)
                             HAMILTON LINCOLN LAW INSTITUTE
                             CENTER FOR CLASS ACTION FAIRNESS
                             1145 E. Hyde Park Blvd. Unit 3A
                             Chicago, IL 60615
                             Phone: 801-706-2690
                             Email: frank.bednarz@hlli.org

                             *Attorney for Raymond Hall*

## CERTIFICATE OF SERVICE

      I hereby certify that on March 22, 2021, I electronically filed the foregoing document with the Clerk of the Court using the ECF System, which will send notification to the ECF counsel of record.

                                                    */s/ M. Frank Bednarz*
                                                    M. Frank Bednarz