# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| *In Re Flint Water Cases*, | No. 5:16-cv-10444-JEL-MKM (consolidated) |
| | Hon. Judith E. Levy |
| | Mag. Mona K. Majzoub |
| *Washington,* et al., | No.: 16-cv-11247 |
|     Plaintiffs, | |
| v. | |
| *State of Michigan*, et al., | |
|     Defendants. | |

## **CLAIMANT'S STATEMENT OF OBJECTIONS**

NOW COMES VICTOR AYODELE, who provides this written statement of Objections pursuant to the Master Settlement Agreement (ECF No. 1319-1, revised 1394-2[1]) ("MSA") Article XX to fulfill my duty as a concerned former Flint resident and citizen after learning of the details and operations of different provisions of the Master Settlement Agreement ("MSA"), which I believe are unfair, unreasonable, and inadequate:

My name is Victor Ayedele. I was born in 1974 in Nigeria. I moved to the United States in 2016 to Flint, Michigan, with my family. I have three children, ages 6, 9, and 11. My wife's name is Christiana. We have all registered as claimants. I am a pastor, and my I live in Maryland. I moved in 2019 to pursue work there.

I object to the proposed settlement outlined in the MSA and in the "Compensation Grid"

---

[1] Page references will be to the Revised version of the Settlement Agreement, ECF No. 1394-2

because the allocation for those who have had bone scans is unfair and gives preference to a certain number of residents for arbitrary reasons. These scans create an unfair scheme because they have not been shown to be safe, and even if so, are impossible to obtain.

The bone scans are unfair because, first, there is no transparency about how they are done, raising concerns about their safety. These concerns have been made in other objections, and have been reported in local news media. I have also learned that the scans might have been done without proper licensing or registration under the law. If true, this underscores not only the lack of transparency, but how this kind of proof of damages is of limited availability.

Second, even if shown to be safe and reliable, I object to the use of these bone scans because unfair preference has been given to clients of Napoli Shkolnik, Levy Konigsberg, and other firms in the good graces of Napoli Shkolnik. A bone scan would be the only possible way for me to qualify for the damages categories concerning lead and physical injury (categories 22–25).

Regarding my minor children, any blood lead tests would not be as critical under the settlement grid as bone scans because we did not move to Flint until September 2016. A bone scan would help them much more greatly. But they cannot receive one even if they were to come to Flint to get one because the scans are not available.

These issues show how there are fewer people who can qualify for these higher categories, something which makes up the third grounds of my objection to this proposed partial settlement. The most valuable categories for each age minor group have only two methods—blood tests or bone tests. Depending on the readings from either test, a person could get twice or 1.5 times more than someone who has a lower reading. And if a person's only means of showing exposure is a bone test but cannot get one, the highest that person can qualify for—the fifth most

valuable category for any particular minor age group, Category 5 of Group X (ages 0-6), or the equivalent for the other minor tiers—an amount that is 10% of the highest compensable category, 13.33% of the second highest, 20% of the third category, and only 40% of the amount of someone who had *the lowest compensable bone scan reading*, only because he or she did not have access to the same method.

In short, some people will get much more money than others—perhaps thousands if not tens of thousands more—not because they had a more severe injury, or suffered greater damages—but because they had access to a bone lead test while others did not. It's hard to understand how this outcome can be considered fair, especially because there is no other alternative way to get a <u>comparable</u> test that would be consistent across claimants.

Finally, I object to the requirement that I personally sign, with a wet signature, this objection. I live in Maryland and was told about Drs. Andy Todd and Karl Jepsen's positions regarding the safety and availability concerns on March 25, 2021. It would be impossible for me to get the document and sign it and return it in time. There is no good reason why I should not be able to use an electronic signature, or even to have my attorney sign for me.

For the foregoing reasons, I object to the proposed partial settlement, on behalf of myself and loved ones.

OBJECTOR'S SIGNATURE:

*[signature]*
Victor Oreoluwa Ayodele (Mar 25, 2021 20:20 EDT)

VICTOR AYODELE (DOB 9/11/74), on behalf of himself and his minor children, E.A. (DOB 4/7/09; J.A (DOB 12/28/14); S.A. (5/21/11)
1251 Sugarwood Cir.
Essex MD, 21221
(616) 375-2231

DATED: March 25, 2021