UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| *In Re Flint Water Cases*, | No. 5:16-cv-10444-JEL-MKM (consolidated) |
| | Hon. Judith E. Levy |
| | Mag. Mona K. Majzoub |
| *Washington,* et al., | No.: 16-cv-11247 |
| Plaintiffs, | |
| v. | |
| *State of Michigan*, et al., | |
| Defendants. | |

**TRYPHENA CLARKE'S STATEMENT OF OBJECTIONS**

NOW COMES the undersigned Objector, who provides this written statement of Objections pursuant to the Master Settlement Agreement (ECF No. 1319-1, revised 1394-2[1]) Article XX to fulfill my duty as a concerned Flint resident and citizen after learning of the details and operations of different provisions of the MSA, which I believe are unfair, unreasonable, and inadequate:

My name is Tryphena Clarke. I am the mother of two children who have also registered pursuant to the MSA. I was born at Hurley Medical Center in 1980. I was a resident of Flint, Michigan, for over thirty-five years. I moved to Flushing, Michigan in June 2018. Currently I work as a community engagement officer. I object for myself and on my children's behalf.

I object to the proposed settlement outlined in the MSA and in the "Compensation Grid" because the allocation for those who have had bone scans is unfair and gives preference to a certain

---

[1] Page references will be to the Revised version of the Settlement Agreement, ECF No. 1394-2

number of residents for arbitrary reasons. These scans create an unfair scheme because they have not been shown to be safe, and even if so, are impossible to obtain.

The bone scans are unfair because, first, there is no transparency about how they are done, raising concerns about their safety. These concerns have been made in other objections, and have been reported in local news media. I have also learned that the scans might have been done without proper licensing or registration under the law. If true, this underscores not only the lack of transparency, but how this kind of proof of damages is of limited availability.

Second, even if shown to be safe and reliable, I object to the use of these bone scans because unfair preference has been given to clients of Napoli Shkolnik, Levy Konigsberg, and other firms in the good graces of Napoli Shkolnik. A bone scan would be the only possible way for me to qualify for the damages categories concerning lead and physical injury (categories 22–25). I did not get a blood test during the applicable time period because the priority was my children, and for a long time during the active crisis (before the switch back), we were not told to get blood tests. Once told, the emphasis was on children.

Regarding my two minor children, the blood lead tests won't be as indicative of exposure because they were not done until well after the switch back. I was informed that blood lead tests would need to be done within thirty days of exposure to have an accurate reading, but I wasn't informed of this until months after the switch back. I got the blood lead tests as soon as I could, but that wasn't until 2017. This far removed from the active crisis (before the switch back) means that the readings aren't as indicative of actual exposure. Additionally, I have had my children on waiting lists for appointments for cognitive deficit evaualations for over a year and a half, with no idea when they might finally be evaluated. This means that my children too are at disadvantage to obtain the same kind of recovery as other children of comparable age and circumstance simply because a lawyer administering the bone scans doesn't have the inclination or availability to see me and my children.

These issues show how there are fewer people who can qualify for these higher categories, something which makes up the third grounds of my objection to this proposed partial settlement. The most valuable categories for each age minor group have only two methods—blood tests or bone tests, while the second most valuable categories includes a burdensome psychological test, something my children have been waiting on for over a year and a half. Depending on the readings from either test, a person could get twice or 1.5 times more than someone who has a lower reading. And if a person's only means of showing exposure is a bone test but cannot get one, the highest that person can qualify for—the fifth most valuable category for any particular minor age group, Category 5 of Group X (ages 0-6), or the equivalent for the other minor tiers—an amount that is 10% of the highest compensable category, 13.33% of the second highest, 20% of the third category, and only 40% of the amount of someone who had *the lowest compensable bone scan reading*, only because he or she did not have access to the same method.

In short, some people will get much more money than others—perhaps thousands if not tens of thousands more—not because they had a more severe injury, or suffered greater damages—but because they had access to a bone lead test while others did not. It's hard to understand how this outcome can be considered fair, especially because there is no other alternative way to get a <u>comparable</u> test that would be consistent across claimants.

Finally, I object to the requirement that I personally sign, with a wet signature, this objection. I have two daughters who are being home-schooled, and there is a global pandemic. I have family members who are still suffering from COVID-related symptoms (e.g., breathing), and to require me to travel to downtown Flint to meet in person, with my daughter in tow, during a school day, simply to do something in person which could be done safely over the phone and by email and Docusign, is incredibly burdensome in a time like this, for something so important.

For the foregoing reasons, I object to the proposed partial settlement, on behalf of myself and loved ones.

OBJECTOR'S SIGNATURE:

*/s/ Tryphena Clarke*

Tryphena Clarke (DOB August 8, 1980), on behalf of herself and her two minor children, R.C., a minor (DOB January 31, 2014), G.C., a minor (DOB March 29, 2008)
6333 N. Elms Rd.
Flushing, MI 48433
(810) 293-7752

DATED: March 23, 2021

**Stephen Monroe**

| | |
|---|---|
| From: | Patrick Lanciotti <PLanciotti@NapoliLaw.com> |
| Sent: | Thursday, February 25, 2021 8:32 PM |
| To: | Paul Napoli; Marc Bern |
| Cc: | Hunter Shkolnik; Sophia Higbie; Stephen Monroe |
| Subject: | RE: Cease and Desist |

WARNING: --External E-mail. Use caution if opening Links and Attachments--.

Sophia and Stephen - please see below.

-----Original Message-----
From: Paul Napoli <PNapoli@NSPRLaw.com>
Sent: Thursday, February 25, 2021 9:25 PM
To: mbern@bernllp.com
Cc: Patrick Lanciotti <PLanciotti@NapoliLaw.com>; Hunter Shkolnik <Hunter@NapoliLaw.com>
Subject: Cease and Desist

Marc

Cease and desist your office from calling our office for bone lead tests. We will not be giving you the courtesy of doing any tests for you.

If you continue harass us we will report you to the authorities.

Paul


Paul Napoli
Of Counsel
[Official NS PR DB Law Logo]
(787) 493-5088 Ext. 1002 | PNapoli@NSPRLaw.com
270 Munoz Rivera Avenue, Suite 201, Hato Rey, Puerto Rico 00918 Follow us on Social Media
[Follow on Twitter]<https://twitter.com/napolishkolnik/>    [Like on Facebook]
<https://facebook.com/napolishkolnik>    [Follow on LinkedIn] <https://www.linkedin.com/company/napolishkolnik/>
[Subscribe on YouTube] <https://www.youtube.com/napolishkolnikpllc/>   [Follow on Instagram]
<https://www.instagram.com/napoli_shkolnik/>

* Napoli Shkolnik is a registered tradename for NS PR Law Services, LLC. A Puerto Rican Limited Liability Corporation Notice: This communication, including attachments, may contain information that is confidential and protected by the attorney/client or other privileges. It constitutes non-public information intended to be conveyed only to the designated recipient(s). If the reader or recipient of this communication is not the intended recipient, an employee or agent of the intended recipient who is responsible for delivering it to the intended recipient, or you believe that you have received this communication in error, please notify the sender immediately by return e-mail and promptly delete this e-mail, including attachments without reading or saving them in any manner. The unauthorized use, dissemination, distribution, or reproduction of this e-mail including attachments, is prohibited and may be unlawful. [...] other than the intended recipient(s) is not a waiver of any attorney/client or other privilege.

EXHIBIT A

1

This e-mail and all other electronic (including voice) communications from the sender's firm are for informational purposes only. No such communication is intended by the sender to constitute either an electronic record or an electronic signature, or to constitute any agreement by the sender to conduct a transaction by electronic means. Any such intention or agreement is hereby expressly disclaimed unless otherwise specifically indicated.

Paul Napoli
Of Counsel
[Official NS PR Law Logo]
(787) 493-5088 Ext. 1002 | PNapoli@NSPRLaw.com
270 Munoz Rivera Avenue, Suite 201, Hato Rey, Puerto Rico 00918

Notice: This communication, including attachments, may contain information that is confidential and protected by the attorney/client or other privileges. It constitutes non-public information intended to be conveyed only to the designated recipient(s). If the reader or recipient of this communication is not the intended recipient, an employee or agent of the intended recipient who is responsible for delivering it to the intended recipient, or you believe that you have received this communication in error, please notify the sender immediately by return e-mail and promptly delete this e-mail, including attachments without reading or saving them in any manner. The unauthorized use, dissemination, distribution, or reproduction of this e-mail including attachments, is prohibited and may be unlawful. Receipt by anyone other than the intended recipient(s) is not a waiver of any attorney/client or other privilege.

This e-mail and all other electronic (including voice) communications from the sender's firm are for informational purposes only. No such communication is intended by the sender to constitute either an electronic record or an electronic signature, or to constitute any agreement by the sender to conduct a transaction by electronic means. Any such intention or agreement is hereby expressly disclaimed unless otherwise specifically indicated.

Patrick Lanciotti
Associate
[Official Napoli Shkolnik Logo]
(212) 397-1000 Ext. 1036 | PLanciotti@NapoliLaw.com
400 Broadhollow Rd, Suite 305, Melville, NY 11747 | vCard<https://www.napolilaw.com/vcards/Patrick.Lanciotti.vcf>

Our Mission Statement<https://www.napolilaw.com/contact-us/#mission>

Notice: This communication, including attachments, may contain information that is confidential and protected by the attorney/client or other privileges. It constitutes non-public information intended to be conveyed only to the designated recipient(s). If the reader or recipient of this communication is not the intended recipient, an employee or agent of the intended recipient who is responsible for delivering it to the intended recipient, or you believe that you have received this communication in error, please notify the sender immediately by return e-mail and promptly delete this e-mail, including attachments without reading or saving them in any manner. The unauthorized use, dissemination, distribution or reproduction of this e-mail including attachments, is prohibited and may be unlawful. Receipt by anyone other than the intended recipient(s) is not a waiver of any attorney/client or other privilege.

This e-mail and all other electronic (including voice) communications from the sender's firm are for informational purposes only. No such communication is intended by the sender to constitute either an electronic record or an electronic signature, or to constitute any agreement by the sender to conduct a transaction by electronic means. Any such intention or agreement is hereby expressly disclaimed unless otherwise specifically indicated.