# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| *In Re* Flint Water Cases, | No. 5:16-cv-10444-JEL-MKM (consolidated) |
| | Hon. Judith E. Levy |
| | Mag. Mona K. Majzoub |
| *Estate of Odie Brown, Deceased,* | |
| Plaintiff | No. 5:18-cv-10726-JEL-MKM |
| v. | |
| *Governor Rick Snyder, et al.,* | |
| Defendants | |

## INDIVIDUAL PLAINTIFF BROWN'S RESPONSE TO PLAINTIFFS' MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF EXPENSES (ECF #1458)

For the reasons stated in the attached Brief in Support, Individual Plaintiff *Brown* requests that Plaintiffs' Motion for Attorney Fees from any monies paid by Defendant McLaren Flint Hospital be denied.

Respectfully submitted,

Fieger, Fieger, Kenney & Harrington, P.C.

*/s/ Todd J. Weglarz*
TODD J. WEGLARZ (P48035)
Attorneys for Plaintiff
19390 West Ten Mile Road
Southfield, MI 48075
(248) 355-5555

2

## BRIEF IN SUPPORT OF INDIVIDUAL PLAINTIFF BROWN'S RESPONSE TO PLAINTIFFS' MOTION FOR AN AWARD OF ATTORNYS' FEES AND REIMBURSEMENT OF EXPENSES

Plaintiffs' Counsel[1] have negotiated a class action / mass tort settlement of $641.25 million to resolve the Flint Water cases, $20 million of which will supposedly be paid by Defendant McLaren Flint Hospital. Plaintiffs' Motion for Attorney Fees requests that Plaintiffs be awarded a global common benefit assessment (CBA) of 6.33%, which amounts to just under $40.6 Million. Should Defendant McLaren forego its right to walk-away under the Master Settlement Agreement[2], Plaintiff Brown objects to Plaintiffs' request for a $1.26 Million CBA attorney fee on the McLaren share of the settlement. Unlike the settlement proceeds being paid by the other settling Defendants, any McLaren paid settlement cannot be said to have resulted from common benefit work Plaintiffs conducted as to McLaren.

As Plaintiffs point out, in common fund cases, counsel are entitled to compensation for common benefit work. *Boeing v Van Gemart,* 444 U.S. 472, 478 (1980). The Supreme Court and its progeny have permitted a *reasonable* common

---

[1] Co-Lead Class Counsel and Co-Individual Liaison Counsel, referred to collectively as Plaintiffs and/or Plaintiffs' Counsel.
[2] If McLaren does walk away, the undersigned's arguments will likely be moot.

3

attorney fee in the form of a CBA from the fund as a whole, if needed to prevent or minimize the problem of free-riders – attorneys becoming unjustly enriched by relying on others to do the needed work.[3]

Defendant McLaren Flint Hospital is not a class defendant.  Though tens of thousands of putative class members and claimants with individually retained counsel have similar claims against the common Flint Water Defendants, only thirty-one individuals have alleged claims against Defendant McLaren.  Understandably, Plaintiffs' Counsel's discovery to date has been directed against the common Flint Water Defendants (State Defendants, MDEQ Defendants, City of Flint Defendants, and the Engineering Defendants), and not against Defendant McLaren Flint.

Unlike the common Flint Water Defendants, who have been subjected to Plaintiff's numerous discovery requests by way of Interrogatories, Requests to Produce, and the taking of their depositions, McLaren Flint has not been subjected to such discovery.[4]  Plaintiffs have not served McLaren Flint with interrogatories.  Plaintiffs have not requested McLaren to produce its records (though Plaintiffs

---

[3] Plaintiffs' Memorandum In Support, p. 12; citing *Boeing,* at 478; *In re Guidant Corp. Implantable Defibrillators Prods. Liab. Litig.*, No. MDL 05-1708 (DWF/AJB), 2008 WL 682174, at *4 (D. Minn. Mar. 7, 2008).

[4] This is not a criticism, as Plaintiffs' counsel were obligated to conduct discovery in furtherance of the claims against the Defendants in common with their clients.

correctly point out that their record requests to the other settling defendants garnered millions of pages of documents). Plaintiffs have not requested McLaren to produce its insurance information, nor noticed the depositions of McLaren's agents or employees. Thus, Plaintiffs cannot claim it carried out common benefit work against Defendant McLaren.

Also, of the more than eighty depositions taken or defended by Plaintiffs' Counsel, the undersigned's firm attended and participated on sixty to seventy of those, the undersigned's firm was the only Plaintiff's counsel to ask questions about McLaren's involvement and role with the Legionella outbreak. Upon information and belief, the undersigned is the only Plaintiff's counsel who has conducted, and has attempted to conduct, formal discovery against Defendant McLaren to date.[5]

The above points are made not as an attempt to disparage any attorney's persistent and tireless efforts invested on these complex cases, but to demonstrate that counsel for Plaintiff Brown (and the other McLaren Legionella Plaintiffs) are not "free-riders" on the claims they filed against McLaren. Plaintiff Brown has no objection to Plaintiffs' request for a reasonable CBA on the remaining part of the

---

[5] Plaintiff's counsel on *Marble* did assist the undersigned in drafting a joint Request to Produce directed to Defendant McLaren.

settlement. In the event McLaren does not walk away, Plaintiff respectfully requests that the CBA not apply to McLaren's part of the settlement.

Respectfully submitted,

Fieger, Fieger, Kenney & Harrington, P.C.

*/s/ Todd J. Weglarz*
TODD J. WEGLARZ (P48035)
Attorneys for Plaintiff
19390 West Ten Mile Road
Southfield, MI 48075
(248) 355-5555

Dated: April 5, 2021

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing instrument was filed with the U.S. District Court through the ECF filing system and that all parties to the above case were served via the ECF filing system on April 5, 2021.

Dated: April 5, 2021      */s/ Todd J. Weglarz*
                          Todd J. Weglarz (P48035)

6