**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

| | |
|---|---|
| In Re Flint Water Cases, ) | |
| ) | Case No.: 16-cv-10444-JEL-MKM |
| ) | (consolidated with 16-cv-11247) |
| ) | |
| ) | Hon. Judith E. Levy |
| _____) | |
| *Washington,* et al., ) | |
|     Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | |
| *City of Flint,* et al., ) | |
|     Defendants, ) | |

**WASHINGTON AND CHAPMAN PLAINTIFFS'
MOTION TO EXTEND 90-DAY DEADLINE REGARDING BONE SCANNING**

NOW COME the *Washington* and *Chapman* Plaintiffs, by and through their attorneys, MARC J. BERN & PARTNERS, LLP, and CUKER LAW FIRM, who respectfully move this Honorable Court to extend today's 90-day deadline for bone scans, as set forth in Exhibit 8 to the Master Settlement Agreement, ECF 1310-2, PageID. 40789, and in support thereof, states as follows:

For the reasons stated in the attached Memorandum of support, the *Washington* and *Chapman* Plaintiffs ("Plaintiffs") move this Honorable Court to extend the 90-day deadlines for bone scans from today to the claims deadline.

The plaintiffs sought to address this matter through Co-Liaison counsel, who advised on April 27, 2021, that they opposed this motion and that they would not file a motion on our behalf.

Plaintiffs therefore have sought concurrence in this motion and report as follows from those who have responded:

1. Co-Liaison counsel oppose the motion.

2. Anderson Plaintiffs concur.

3. The State of Michigan opposes.

4. McLaren Hospital opposes.

WHEREFORE, the *Washington* and *Chapman* Plaintiffs, by and through their attorneys, MARC J. BERN & PARTNERS, LLP, for the reasons stated in the attached memorandum, pray that this Honorable Court will GRANT their motion to extend the aforesaid deadlines, and any other relief that is just.

Dated: April 27, 2021                                                           Respectfully Submitted,

/s Stephen F. Monroe
Stephen F. Monroe (IL No. 6305823)
Marc J. Bern & Partners, LLP
200 West Madison Street, Suite 2100
Chicago, IL 60606
Phone: (312) 894-7941
Fax:    (312) 873-4537
Email: smonroe@bernllp.com
*Attorneys for the Washington Plaintiffs*

/s Mark Cuker
Mark Cuker
Cuker Law Firm
130 N. 18th St.
One Logan Square
Philadelphia, PA 19103
Phone: (215) 531-8512
Email: mark@cukerlaw.com
*Attorney for the Chapman Plaintiffs*

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| In Re Flint Water Cases, ) | |
| ) | Case No.: 16-cv-10444-JEL-MKM |
| ) | (consolidated with 16-cv-11247) |
| ) | |
| ) | Hon. Judith E. Levy |
| _____) | |
| *Washington,* et al.,  ) | |
|     Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | |
| *City of Flint,* et al., ) | |
|     Defendants, ) | |

### WASHINGTON AND CHAPMAN PLAINTIFFS' MEMORANDUM IN SUPPORT OF THEIR MOTION TO EXTEND 90-DAY DEADLINE FOR BONE SCANS

NOW COME the *Washington* and *Chapman* Plaintiffs ("Plaintiffs"), by and through their attorneys, MARC J. BERN & PARTNERS, LLP, and for their memorandum to move this Honorable Court to extend the 90-day deadlines for bone scanning as provided in Exhibit 8 Settlement Agreement ("MSA") (ECF 1319-2, PageID.40789), states as follows:

### CONCISE STATEMENT OF ISSUES UNDER LOCAL RULE 7.1(d)(2)

The issues presented in this Motion are:

1) whether the 90-day deadline for bone scanning as provided in Exhibit 8 to the MSA is a material terms of the agreement;

2) because the 90-day deadline is not a material term, whether good cause exists to extend it to the claims deadline.

**CONTROLLING OR MOST APPROPRIATE AUTHORITY UNDER RULE 7.1(d)(2)**

Fed. R. Civ. P. 6(b)

*Remark, LLC v. Adell Broad. Corp.*, 702 F.3d 280, 284 (6th Cir. 2012)

*Hemlock Semiconductor, LLC v. Summit Process Design, Inc.* 2016 U.S. Dist. LEXIS 60603 (M. D. Tenn. May 5, 2016)

## INTRODUCTION

This Court should extend the 90-day deadline for bone scans to coincide with the Claims deadline under the very terms of the MSA and Rule 6 of the Federal Code of Civil Procedure. The April 27, 2021, deadline is not material a term of the MSA because it was not set by negotiation but rather when the Court entered its motion granting preliminary approval; is not provided for in the MSA; and, as a practical matter, does not affect the settlement timeline because any bone scan report is not due until the claims deadline. To help ensure fairness, reasonableness, and adequacy for all individual claimants as part of the Court's responsibility under Section 8.5 of the MSA, this Court should extend this deadline to coincide with the Claims deadline.

## BACKGROUND

On January 21, 2021, this Court entered an order (ECF 1399) granting preliminary approval to a partial settlement reached between the plaintiffs and defendants of the Flint Water Crisis cases, as those parties are defined in the MSA, ECF 1394-2; Page ID 54129, 54133.

As part of the MSA, Settlement Categories were adopted to delineate tiers of compensation based on proofs, as provided for in Exhibit 8 to the MSA ("the Settlement Grid"). ECF 1319-2. Under this scheme, 79.5% of monetary awards are for minors at the time of first exposure, with 64.5% of that reserved for those ages 0-6; 10% for ages 7-11; and 5% for ages 12–17. *Id*., PageID.40789. The highest tiers—that is, those that would award the highest

2

monetary awards—are met either exclusively by blood or bone proofs, or as independent proofs with others, such as cognitive deficit evaluations, or documented personal injury. ECF 1394-2, PageID.40790–99; 40802–09; 40811–17; 40819–24. Bone scan proofs for children and adults are to be dated no later than today, April 27, 2021.

These deadlines are provided for only in the Settlement Grid, unlike the deadline for registration, which is discussed in Section 3.9 of the MSA. ECF 1394-2, Page ID.54141. That is, these deadlines do not appear in the MSA itself. The MSA also provides that, should there be a dispute over compliance with the MSA, a party may request review by the Federal Court. *Id*, Page ID.54171.

## **ARGUMENT**

This Court should extend the April 27, 2021, bone scan deadlines to coincide with the Claims deadline because these deadlines are not material terms of the MSA, and can be adjusted under the terms of the MSA. Because good cause exists to do so, this Court should extend these deadlines to be consistent with the deadline for claims submission.

1. The 90-Day Deadlines are not Material Terms of the MSA.

A provision of a settlement agreement is not material if it only schedules when something is to occur, such as deadlines being contingent on when a settlement agreement is signed, or, as in this case, the entry of an order granting preliminary approval. *See Remark, LLC v. Adell Broad. Corp.*, 702 F.3d 280, 284 (6th Cir. 2012). In *Remark, LLC*, the Sixth Circuit rejected the argument that language in a settlement agreement providing that it was effective only upon signing was a material term. The agreement provided that payment under the settlement was due within a certain time period of when the agreement was signed. *Id*. at 285–86. Because of this, the defendant argued that the language providing that the agreement was not effective until the

3

agreement was signed was a material term. *Id*. at 286. But the court found that it was boilerplate, and observed that, under the defendant's interpretation, it could withdraw and seek to re-negotiate any time it sat down to sign. *Id*. Rather, the term merely "amounts to a reference point for the date upon which payment would be due" and was therefore not material. *Id*.

Similarly in *Hemlock Semiconductor, LLC v. Summit Process Design, Inc.*, the District Court for the Middle District of Tennessee rejected a similar argument. In that case, the plaintiff argued that a settlement agreement's reference to when it was signed was material because certain deadlines were determined by when that execution occurred, much like the bone scanning deadline in this case is contingent upon when the court entered its order granting preliminary approval. 2016 U.S. Dist. LEXIS 60603 at *16, n.4 (M. D. Tenn. May 5, 2016). However, the court, citing *Remark*, found that it was not material because the terms the plaintiff relied on did not *condition* performance on the execution of the agreement, but rather it only *scheduled* when those things would occur. *Id*.

Here, of course, the 90-day deadlines do not condition performance. The defendants' participation in the settlement agreement does not rely on when bone scans reports are completed. Instead, as in *Hemlock*, the agreement merely schedules when they should occur and; performance is not conditioned on them occurring. And when that occurs is entirely arbitrary because it relies on when the order granting preliminary approval is entered. Thus, such a deadline have been twice the amount of time—or even longer—than currently stands simply by operation of when the order granting preliminary approval is entered. These deadlines are not material terms simply because parties say they are. What matters is whether performance is conditioned upon their occurrence, and they are not. They do not even appear in the MSA.

4

The State of Michigan and McLaren object because they interpret this motion as an attempt to modify or amend the agreement outside of the provisions set forth in Section 23.3 of the MSA. But section 23.3 by it terms conflicts with sections 14.3–14.5, the dispute resolution section, which states that if parties have disputes "concerning the meaning of, compliance with and/or implementation of the settlement agreement," they must go through a dispute resolution process which can ultimately involve the Special Master and the Court. Thus, if there is a dispute between any signatory parties that cannot be resolved without court intervention, then this Court would be required to resolve that dispute in a way that at least one party to the dispute may consider to be a modification or amendment without unanimous consent. Indeed, this very process of dispute resolution is specifically provided for in different ways under Article XIV. This argument therefore should fail because it does not address whether these deadlines are material terms and is contradicted internally by Article XIV, which deals directly with disputes regarding compliance, the issue at bar. General provisions always yield to specific ones. *B.F. Goodrich Co. v. U.S. Filter Corp.*, 245 F.3d 587, 596 (6th Cir. 2001); *Mds. Am. v. Mds. Int'l*, 2005 U.S. Dist. 57658 at *32 (E.D. Mich. Jan. 6, 2005). But even then, Article XIV can be read, consistently with Section 23.3, as allowing the Court to make adjustments to non-material scheduling matters without the need for unanimous consent from all parties on all points.

Co-Liaison counsel also objects. But it's hard to see how their basis can be separated from aggrandizing motivations. The MSA operates in such a way that claimants are competing in a zero-sum game. The amount any particular claimant receives in the category he or she qualifies for depends upon the total number of qualifying claimants. *E.g.*, ECF 1319-2, PageID.40789, 802, 810, 818–819, 826, 828, 830. The more who participate, the less there is to go around. Or, put differently, preventing others from participating increases the amounts those who can

5

participate will receive. By objecting to this extension, it seeks to cap the number of claimants who might qualify for higher categories by obtaining bone scans (if shown to be safe). Such an argument is needlessly to the detriment of many Flint residents and regardless would not address whether these deadlines are material terms.

Furthermore, even if these terms are considered material, the MSA provides for such an extension because it provides for court intervention when disputes regarding compliance cannot be resolved. At issue in this motion is compliance with these deadlines, a dispute which cannot be resolved amongst the parties. Therefore, Article XIV provides guidance and for this Court to resolve it. Nothing in that article prevents the court from resolving that dispute in a way that would result in deadlines being extended. In fact, the opposite is true because the article expressly concerns compliance, which could include meeting certain deadlines. Thus, the language supports such a modification. *Cf. Remark, LLC*, 702 F.3d at 284 (nothing in written agreement supported the plaintiff's position and was therefore rejected).

2. Good cause exists under Rule 6(b) for the Extension to the Claims Deadline

Under Rule 6(b), good cause exists to extend these 90-day deadlines because of the high likelihood that hundreds if not thousands of Flint residents would be able to secure higher monetary awards. Furthermore, any bone scan readings are not due until the claims deadline of August 26, 2021, and thus there is no legitimate reason why these deadlines should not coincide.

This deadline is especially nonsensical given that there is no deadline for minors undergoing cognitive deficit evaluations. Why certain methods of proofs of injury have deadlines while another has none underscores not only how these deadlines are not material, but also that they unfairly impact some people and not others. And with the claims deadline months away and

6

the fact that any bone scan results will not be due until that same time, this Court should find that good cause exists to extend these deadlines to coincide with the claims deadline.

Additionally, while some of the undersigned's clients have received scans in the past month since the registration deadline passed, others either have decided against this method, *see e.g.* Declaration of Osborn Chambers, while many others were never given an opportunity to get scans in the first place, *see e.g.* ECF 1494 and exhibits. These difficulties persist because, since it came to the Court's attention on March 26, 2021, that scans were unfairly provided and never shown to be safe, very little information has been shared which alleviate any safety concerns. By extending this deadline, claimants will have additional time and opportunity to learn more about this method. And if shown to be safe, claimants will have additional time and opportunity to make them available.

Finally, this Court should take judicial notice that the COVID-19 pandemic has surged in Michigan since March and that medical advice is that persons should avoid traveling or congregating unless necessary. This surge has compounded the very difficult decision people have to make regarding bone scans—not only is there little transparency about how these scans are being done, but additionally people have to decide whether they should put themselves at additional risk of exposure to the virus. This can be alleviated by allowing more time for the scans to be completed, because it will allow for additional time for more information to be discovered regarding how the scans are performed, and for people to get vaccinated and for the virus to subside.

## **CONCLUSION**

This Court should find that the 90-day deadlines for bone scans are not material and that good cause exists to extend them to coincide with the claims deadline of August 26, 2021. The

terms of the MSA provide for this dispute resolution, and it would provide for a more fair, reasonable and adequate settlement for all claimants.

WHEREFORE, for the reasons stated above, Individual *Washington* and *Chapman* Plaintiffs respectfully request that this Honorable Court grant an extension of the 90-day deadlines for bone scans, and for any other relief that it deems just and proper.

Dated: April 27, 2021　　　　　　　　　　　　Respectfully Submitted,

/s Stephen F. Monroe
Stephen F. Monroe, IL#6305823
Marc J. Bern & Partners, LLP
225 West Washington Street, Suite 2200
Chicago, IL 60606
Phone: (312) 894-7941
Fax:　 (312) 873-4537
Email: smonroe@bernllp.com

/s Mark Cuker
Mark Cuker
Cuker Law Firm
130 N. 18th St.
One Logan Square
Philadelphia, PA 19103
Phone: (215) 531-8512
Email: mark@cukerlaw.com
*Attorney for the Chapman Plaintiffs*

8

9

PROOF OF SERVICE

The undersigned certifies that on April 27, 2021, the foregoing instrument was filed with the U.S. District Court through the ECF filing system and that all parties to the above case were served via the ECF filing system on that same date.

/s Stephen F. Monroe

Stephen F. Monroe