# EXHIBIT 1

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | |
|---|---|
| *In Re* Flint Water Cases | Case No. 5:16-cv-10444-JEL-MKM |
| | HON. JUDITH E. LEVY |
| | MAG. MONA K. MAJZOUB |

## DECLARATION OF HUNTER J. SHKOLNIK

I, Hunter J. Shkolnik, declare under 28 U.S.C. § 1746 as follows:

1. I am a partner at Napoli Shkolnik PLLC, Co-Liaison Counsel for Individual Cases in the above-captioned matter.

2. I submit this Declaration in Support of the Supplemental Memorandum in Support of Plaintiffs' Motion for an Award of Attorneys' Fees and Reimbursement of Expenses.

3. This Declaration responds to unfounded objections set forth in the objectors' papers relating to final approval of this historic settlement.

4. Discovery in this matter yielded millions of pages of documents and over one hundred depositions of fact and expert witnesses. Given the breadth of complex cases such as the Flint Water Litigation, it is common practice to rely on contract lawyers particularly in mass litigation where law firms need to add professional staff to quickly and competently prosecute, or defend, a case. While these individuals are employed on a project-related basis, all are experienced

attorneys working exclusively on the Flint matter for Napoli Shkolnik. These lawyers are integrated into the firm using Napoli Shkolnik email accounts, attend strategy meetings with counsel, and were actively engaged in the prosecution of the bellwether cases and the generic liability discovery over the past four (4) years.

5. In addition, my firm is not seeking common benefit fees related to the bone scan program. I included in my Declaration a paragraph outlining the efforts of counsel in marshalling this litigation from its infancy though the landmark settlement. *See* Fee Mot., Ex. 4, Decl. of Hunter J. Shkolnik, ECF No. 1458-5. Included in those efforts are Co-Liaison Counsel's efforts to open their bone scan program, at the request of the objectors, to members of the community and individually represented claimants. This work was highlighted in my Declaration simply as an illustration of the work and dedication myself and Mr. Stern have brought to this litigation and is not being offered as a basis for a common benefit award. The nearly 30,000 hours and $1,127,748.43 in costs referenced in my Declaration (ECF No. 1458-5) do not reflect time or expense entries related to the bone scan program.

6. I declare, under penalty of perjury, that the foregoing is true and correct.

Dated: May 27, 2021

*/s/ Hunter J. Shkolnik*