UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

*In Re* Flint Water Cases          No. 5:16-cv-10444-JEL-MKM

HON. JUDITH E. LEVY

MAG. MONA K. MAJZOUB

**STATE DEFENDANTS' RESPONSE IN OPPOSITION TO THE HALL OBJECTORS' MOTION TO ATTEND FURTHER CONFERENCES WITH SETTLING COUNSEL AND FOR SETTLING PARTIES TO PROVIDE A DESCRIPTION OF NON-PUBLIC HEARINGS**

State Defendants hereby file their response in opposition to the Hall Objectors' Motion to Attend Further Conferences with Settling Counsel and for Settling Parties to Provide a Description of Non-Public Hearings (Dkt. 1736) (the Motion). At the May 26, 2021 status conference, counsel for the Hall Objectors misstated to the Court that the Motion was unopposed. State Defendants' opposition to the Motion was noted within the Motion itself as part of the required Local Rule 7.1 statement. (Dkt. 1736, PageID.62793.)

Furthermore, as the Court observed at the May 26 status conference, the issue presented in the Motion is a straightforward one. A district court has the inherent power to review matters and consult

with parties in chambers. *See* Fed. R. Civ. P. 77(b). *See also BH, CH, JE, et al. v. Director of Illinois Dept. of Children and Family Serv.*, 49 F.3d 294 (7th Cir. 1995) (permitting *in camera* discussion of specific issues relating to a consent decree). Rule 77(b) says: "All trials upon the merits shall be conducted in open court and so far as convenient in a regular court room. All other acts or proceedings may be done or conducted by a judge in chambers...." Thus, the Court's power under Rule 77(b) is broad and allows district judges the discretion to conduct proceedings in chambers, as long as the trial upon the merits is held in open court.

In addition, the Hall Objectors' assertion that they, as objectors, are unrepresented by the settling Plaintiffs' counsel at the in-chambers meetings is incorrect. Under the terms of the settlement agreement, objectors *are* settling parties. Indeed, only those individuals who are participating in the settlement have an ability, under the terms of the settlement agreement, to object. All objectors must be either class members who have not opted out or individual Plaintiffs who have registered. As is common in complex litigation, the Court has appointed lead Plaintiffs' counsel—Co-Lead Class Counsel and Co-Liaison Counsel

2

for the Individual Plaintiffs—to represent the many, many lawyers and law firms representing Plaintiffs in this matter. That the Court has opted to meet with the Court-appointed lead class and liaison counsel, throughout this litigation and as part of the partial settlement process, does not convert otherwise proper communications with the parties into ex parte communications.

Moreover, the settlement agreement sets forth the procedures for objecting. Those procedures do not somehow supersede the Court's authority under Rule 77(b). If that were true, then the Court would have to allow the hundreds of represented and pro se objectors to attend all of the in-chambers meetings. That would defeat the purpose of the Court's inherent power to conduct in-chambers meetings.

In any event, though the settlement agreement does not require it, the Court has set aside several dates for both represented and pro se objectors to provide—in addition to the written briefs they have already submitted to the Court—argument on their objections at the final approval and fairness hearing. The hearing on these objections will be held in open court, on the record.

In sum, State Defendants do not take a position on whether the Court should allow the Hall Objectors to attend future in-chambers meetings. State Defendants' position is simply that it is within the Court's inherent powers to choose how to conduct the Court's business.

                                             Respectfully submitted,

                                             */s/Margaret A. Bettenhausen*
                                             Richard S. Kuhl (P42042)
                                             Margaret A. Bettenhausen (P75046)
                                             Nathan A. Gambill (P75506)
                                             Charles A. Cavanagh (P79171)
                                             Assistant Attorneys General
                                             Environment, Natural Resources,
                                             and Agriculture Division
                                             Attorneys for State Defendants
                                             P.O. Box 30755
                                             Lansing, MI 48909
                                             (517) 335-7664
                                             kuhlr@michigan.gov
                                             bettenhausenm@michigan.gov
                                             gambilln@michigan.gov
Dated: May 28, 2021               cavanaghc2@michigan.gov

4

## CERTIFICATE OF SERVICE

I hereby certify that on May 28, 2021, I electronically filed the above document(s) with the Clerk of the Court using the ECF System, which will provide electronic copies to counsel of record.

                        Respectfully submitted,

                        */s/Margaret A. Bettenhausen*
                        Richard S. Kuhl (P42042)
                        Margaret A. Bettenhausen (P75046)
                        Nathan A. Gambill (P75506)
                        Charles A. Cavanagh (P79171)
                        Assistant Attorneys General
                        Environment, Natural Resources,
                        and Agriculture Division
                        Attorneys for State Defendants
                        P.O. Box 30755
                        Lansing, MI 48909
                        (517) 335-7664
                        kuhlr@michigan.gov
                        bettenhausenm@michigan.gov
                        gambilln@michigan.gov
                        cavanaghc2@michigan.gov

S:\CEPB3\ENRA_FlintWater\USDC-Waid (AG# 2016-0131314-A)\Pleadings\Final (Word Versions)\~In re Flint\State Defendants' Response In Opp to Hall Obj Motion to Attend Dkt 1736 2021-05-28.docx