# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| Elnora Carthan, *et al.*,<br><br>        Plaintiffs,<br><br>    -v-<br><br>Rick Snyder, *et al.*,<br><br>        Defendants. | Case No.: 5:16-cv-10444-JEL-MKM<br><br>Hon. Judith E. Levy<br>Magistrate Judge Mona K. Majzoub |

# CLASS PLAINTIFFS' MEMORANDUM REGARDING UPDATED PROPOSED CLASS DEFINITIONS

## INTRODUCTION

In accordance with the Court's June 4, 2021 Order and in response to the matters discussed at the June 2, 2021 hearing, Plaintiffs modify the definitions of the Class and Subclasses for which certification is requested. These changes are not material – the scope of the proposed Class and Subclasses remain the same as described in Plaintiffs' opening motion and subsequent briefing.[1] Rather, the requested modifications provide greater clarity regarding the precise contours of the proposed Class and Subclasses. Changes of this sort are appropriate. As the Sixth Circuit explained in *Powers v. Hamilton Cnty. Pub. Def. Com'n*, "district courts have broad discretion to modify class definitions" especially when necessary to ensure that the "class is properly constituted." 501 F.3d 592, 619 (6th Cir. 2007); *see also* Fed. R. Civ. P. 23(c)(1)(C).

Certification of the proposed Class and Subclasses – as originally constituted and as clarified in this memorandum – will not interfere with pursing an individual case. Nor does certification preclude the Court's use of bellwether trials to adjudicate the claims of a handful of children, providing justice to those children and information relevant to valuing the claims of many others. Class certification would,

---

[1] Mem. in Supp. of Class Pls.' Mot. for Class Cert., July 16, 2020, ECF No. 1207; Reply in Supp. of Class Pls.' Mot. for Class Cert., Apr. 7, 2021, ECF No. 1581.

however, provide a viable means of providing justice to the tens of thousands of unrepresented individuals and entities injured by the Flint Water Crisis in an efficient and fair manner. For these reasons, and the reasons stated in Plaintiffs' prior briefing, Plaintiffs ask that the Court certify the Class and Subclasses as revised in this brief.

## I. The Revised Umbrella Class Should Be Certified as an Issue Class.

Pursuant to Federal Rule of Civil Procedure 23(c)(4), Plaintiffs move to certify a General Issue Class defined as:

> All persons and entities who, for any period of time between April 25, 2014 and January 5, 2016, were exposed to or purchased drinking water supplied by the City of Flint, owned real property in the City of Flint, or owned or operated a business in the City of Flint.
>
> Exposure is defined to include ingestion (either through drinking or consuming foods prepared with the drinking water) as well any form of physical contact with the water (including contact with residential plumbing and other appliances as well as human contact by way of bathing).

The term "exposed" is used in lieu of "received" to better describe those persons and entities who likely suffered injuries from the contamination.[2] Excluded

---

[2] The modified definition of the General Issue Class also includes a slightly expanded Class Period. Plaintiffs initially ended the general class period on October 16, 2014 while noting that the general class was inclusive of the three Subclasses, one of which included all minors exposed to the water between April 25, 2014 and January 5, 2016. Rather than defining the General Issue Class to include members of the proposed Subclasses, Plaintiffs have extended the general class period so that membership in the General Issue Class can be determined without reference to any

from the General Issue Class, as well as the proposed Subclass are: (1) Defendants; (2) the judicial officers to whom this case is assigned in federal court, Genesee County Circuit Court, and the Michigan Court of Claims, as well as these officers' staff and immediate family members; and (3) all persons and entities who timely and validly elect to opt out of the Issue Class.[3]

To the extent the Court declines to certify a Minors Subclass or include minors within the General Issue Class, Plaintiffs propose limiting the definition of "persons" to include only those individuals who have reached the age of majority as of the date

---

Subclasses. This change is irrelevant to determining the liability issues that Plaintiffs have proposed to certify on a classwide basis.

[3] Should the Court decide it would be more efficient to exclude Individual Plaintiffs at the outset, as opposed to allowing a choice as to whether to proceed as a member of the proposed General Issue Class or opt-out, Plaintiffs propose excluding all individuals listed on Exhibit 1 to the Proposed Amended Settlement Agreement. As the identities of those individuals who have retained counsel has shifted over time, and it is apparent from the Census that not all retained individuals have filed cases, the list of Individual Plaintiffs attached to the Amended Settlement Agreement provides a definitive list of those potential class members that have expressed an intent to proceed outside of a class action. To the extent the list is not comprehensive, potential class members will have an opportunity to opt-out of the General Issue Class and related Subclasses.

Excluding Individual Plaintiffs from the General Issue Class means that the statute of limitations on their claims will no longer be tolled as a result of a pending class action. *Wyser-Pratte Mgmt. Co. v. Telxon Corp.*, 413 F.3d 553, 568-69 (6th Cir. 2005) (holding putative class members who filed suit during the pendency of a class action could not take advantage of *American Pipe* tolling and that tolling did not extend to non-named defendants in the original lawsuit); *see generally American Pipe & Constr. v. Utah*, 414 U.S. 538 (1974). While certain Individual Plaintiff's claims may continue to benefit from other tolling doctrines, *see, e.g.*, Mich. Comp. Laws § 5852(1), others may need to file suit or risk the expiration of their claims.

of the class notice.[4,5]

With regard to claims against Veolia, Plaintiffs move to certify a Veolia Issue Subclass limited to the period of time after Veolia's was retained to provide services to the City of Flint. That Veolia Issue Subclass is defined as:

> All persons and entities who, for any period of time between February 15, 2015 and January 5, 2016, were exposed to or purchased drinking water supplied by the City of Flint, owned real property in the City of Flint, or owned or operated a business in the City of Flint.
>
> Exposure is defined to include ingestion (either through drinking or consuming foods prepared with the drinking water) as well any form of physical contact with the water (including contact with residential plumbing and other appliances as well as human contact by way of bathing).

All members of the Veolia Issue Subclass would be encompassed within the General Issue Subclass.[6] However, the distinction would clarify that Plaintiffs would

---

[4] Plaintiffs are cognizant of the Court's position that the Rules Enabling Act would regard the Michigan procedures for appointing next friends and approving settlements as substantive and therefore applicable in Federal Court. Plaintiffs' suggestion regarding a potential modification to the General Issue Class definition is not meant to waive or concede this point; as provided in Plaintiffs' Supplemental Brief in Support of Class Certification, Plaintiffs do not believe those provisions are controlling and other courts within this Circuit have taken the same position. Nov. 20, 2020, ECF No. 1327.

[5] Class Plaintiffs reserve the right to amend the class definition pursuant to Federal Rule of Civil Procedure 23(d) to include persons who reached the age of majority after the date of notice.

[6] Similar distinctions could be made with to the proposed Minors, Property, and Business Subclasses. Alternatively, the parties could specify in the notice and at any trial that Veolia's potential culpability is limited to injuries sustained after February 15, 2015.

4

not seek to attribute fault to Veolia for injuries related *exclusively* to exposure prior to February 15, 2015 in a trial of class issues.

Certification of the General Issue Class and Veolia Issue Subclass would allow resolution of critical questions pertaining to Defendants' liability. Reply in Supp. of Class Pls.' Mot. for Class Cert. at PageID.60799-801, ECF No. 1581.[7] Plaintiffs' experts have identified a methodology through which certain aspects of specific causation, as well as damages relating to Class members' quality of life, economic harms sustained as a result of averting behaviors such as the purchase of bottled water, and overcharges on Class members' water bills could be determined.[8] If Plaintiffs prevail in establishing Defendants' liability following a trial of classwide issues, then these methodologies could be employed to streamline aspects of subsequent damages proceedings. Plaintiffs reserve the right to amend any Class Certification Order to certify additional subclasses pursuant to Federal Rules of Civil Procedure 23(b)(3) and 23(c)(1)(C). However, in response to the Court's inquiry, Order for Class Redefinition and Clarification at PageID.64746, ECF No. 1811, Plaintiffs are not currently seeking to certify a damages class relating to personal

---

[7] At the June 2nd hearing, the Court expressed concern about the fifth proposed issue. Plaintiffs propose amending that question to ask, "Are the corrosive water conditions caused by LAN and/or Veolia capable of causing harm to Flint residents, property, and businesses?" Whether certain properties or persons suffered that harm could then be addressed in a separate proceeding

[8] *See, e.g.,* Expert Report of D. Keiser, Ph.D. §§ 2.3-2.5, ECF No. 1208-128.

5

injuries suffered by adults.

## II. The Proposed Damages Subclasses Should Also be Certified.

Plaintiffs also have sought to certify three Subclasses under Federal Rule of Civil Procedure 23(b)(3). No changes are suggested with respect to the definition of the Minors Subclass that Plaintiffs seek to certify and all members of that Subclass fall within the umbrella of the General Issue Class.[9] As described below, Plaintiffs seek to modify the Residential Property and Business Subclass definitions to provide greater clarity regarding Subclass membership.

### A. Residential Property Subclass

Class Plaintiffs propose the following amended definition of the Residential Property Subclass to conform that definition to their damages report and to facilitate clear notice to subclass members:

> All persons and entities who owned residential property within the City of Flint at any time during the period from April 25, 2014 through December 14, 2015.

---

[9] For reference, the proposed Minors Subclass is defined as: "all children who, during the period from May 1, 2014 to January 5, 2016, were (a) in utero or between the ages of 0 to 10 years old, (b) lived in an identified residence or attended an identified school or daycare, and (c) were exposed through ingestion to unfiltered Flint public water at such residence, school or day care for at least 14 days within a 90 day period." Plaintiffs' opening motion also provides additional information regarding the precise definition of "exposure through ingestion" with respect to the proposed Minors Subclass.

Should the Court decline to certify a Minors Subclass for damages under Federal Rule of Civil Procedure 23(b)(3), the Minors Subclass has also sought injunctive relief and, accordingly, could be certified under 23(b)(2).

Class Plaintiffs have provided a report from their expert on Residential Property damages, Dr. David Keiser, demonstrating that home prices in Flint began decreasing shortly after the switch to Flint River water on April 25, 2014, but that knowledge of Flint water's contamination did not become widespread—and thus did not have its most significant effect on the Flint housing market—until the Flint Mayor's emergency declaration on December 14, 2015. July 16, 2020, ECF No. 1208-128. Class Plaintiffs accordingly have amended the definition of the Residential Property Subclass to include all individuals who owned residential property in Flint from April 25, 2014, the date of the switch to using the Flint Water Treatment Plant, through December 14, 2015, the date that the Flint Mayor declared a state of emergency.

This amendment aligns the subclass definition with Class Plaintiffs' damages model, which analyzes the impact of the Flint water crisis on the market for homes. *Id.* at PageID.37481. As this model demonstrates, home prices declined significantly relative to comparable markets as of the declaration of an emergency in Flint in late 2015, as the housing market began to take the contaminated condition of Flint's water into consideration; thus, individuals who owned homes as of that declaration experienced an impact from the crisis on the value of their property. *Id.* at PageID.37526. Individuals who owned residential property during the period between the switch and the emergency declaration—even if they sold that property

7

prior to the emergency declaration—experienced some impact on their property value, as reflected in Dr. Keiser's report, and additionally incurred damage through payment of water bills for contaminated water. In line with Dr. Keiser's report, this amended subclass definition does not encompass individual who purchased homes after the emergency declaration and for whom the market thus took into account the effects of the contaminated water.

By specifying a clear time period during which individuals must have owned residential property in Flint, Class Plaintiffs' amended subclass definition facilitates provision of notice to subclass members.

### B. Business Subclass

Class Plaintiffs propose an amended definition of the Business Subclass, which similarly conforms Class Plaintiffs' subclass definition to their damages model and provides clarity to subclass members. As set forth in the report of Dr. Roby Simons, Class Plaintiffs' expert on business loss in Flint, Dr. Simons performed a business subsector analysis using the six-digit North American Industry Classification System ("NAICS") codes to identify different Flint business subsectors that experienced an impact from the water crisis. PageID.36138, July 16, 2020, ECF No. 1208-95.[10] Dr. Simons identified damages incurred by restaurants in

---

[10] The NAICS is "the standard used by Federal statistical agencies in classifying business establishments for the purpose of collecting, analyzing, and

8

Flint and by 26 other consumer-oriented subsectors of the Flint economy. *See id.*; Suppl. Expert Rep. in Supp. of Pls.' Mot. for Class Cert., Jan. 19, 2021, ECF No. 1398. However, after submission of Dr. Simons' initial reports, it came to Class Plaintiffs' attention that both Dr. Simons and Veolia's expert Dr. Edelstein had used data that classified certain businesses as being located in Flint when they are in fact located outside of the city (and thus are not eligible for class membership). *See* Rebuttal Expert Rep. in Supp. of Pls.' Mot. for Class Cert. at PageID.59362–59365, Mar. 29, 2021, ECF No. 1535-2. Dr. Simons therefore provided a corrected analysis accounting for this new information, and additionally taking into account data adjustments suggested by Defendants—which had the effect of significantly narrowing the impacted business subsectors. *See id.* at PageID.59368–59371

Class Plaintiffs do not concede that any of Defendants' suggested adjustments to Dr. Simons' analysis are necessary. Furthermore, as Class Plaintiffs explained at the hearing on June 2, 2020, both economic theory and Dr. Simons' analysis support finding an impact on the Flint economy beyond just businesses that directly rely on water in their services. Nevertheless, in an effort to present a subclass definition that comports with even the most conservative version of Dr. Simons' analysis and that

---

publishing statistical data related to the U.S. business economy." *Id.* at PageID.36138 n.2

9

will provide clear notice to subclass members, Class Plaintiffs propose the following amended Business Subclass definition:

> All persons and entities, who, as of April 25, 2014 owned and operated a business within the City of Flint that falls within one of the following North American Industry Classification System ("NAICS") codes: 812111, 812112, 812113, 812990, and 722511.

These codes include barber shops (812112), beauty salons (812112), nail salons (812113), other personal services such as day spas and saunas (812990), and restaurants (722511).[11] Each of these business subsectors rely on water and thus would logically be most directly impacted by the water crisis; and even the most conservative version of Dr. Simons' analysis confirms they were in fact harmed.

## CONCLUSION

For these reasons, and the reasons stated in Plaintiffs' prior briefing, the Court should certify the Class and Subclasses using the revised definitions described in this brief.

---

[11] In light of this proposed amended definition, Class Plaintiffs withdraw their proposal that Frances Gilcreast be named a representative of the Business Subclass. Class Plaintiffs continue to present Ms. Gilcreast as a representative of the General Issue Class.

Dated: June 14, 2021

Respectfully submitted,

*/s/ Theodore J. Leopold*
Theodore J. Leopold
**COHEN MILSTEIN SELLERS & TOLL PLLC**
2925 PGA Boulevard
Suite 220
Palm Beach Gardens, FL 33410
(561) 515-1400 Telephone
tleopold@cohenmilstein.com

Joseph M. Sellers
Kit A. Pierson
Emmy L. Levens
Jessica B. Weiner
Alison S. Deich
**COHEN MILSTEIN SELLERS & TOLL PLLC**
1100 New York Ave. NW
Suite 500
Washington, DC 20005
(202) 408-4600 Telephone
jsellers@cohenmilstein.com
kpierson@cohenmilstein.com
elevens@cohenmilstein.com
jweiner@cohenmilstein.com
adeich@cohenmilstein.com

Vineet Bhatia
Shawn Raymond
**SUSMAN GODFREY, L.L.P.**
1000 Louisiana Street
Suite 5100
Houston, TX 77002
(713) 651-3666 Telephone
vbhatia@susmangodfrey.com

*/s/ Michael L. Pitt*
Michael L. Pitt
Cary S. McGehee
**PITT MCGEHEE PALMER & RIVERS, P.C.**
117 West 4th Street
Suite 200
Royal Oak, MI 48067
(248) 398-9800 Telephone
mpitt@pittlawpc.com
cmcgehee@pittlawpc.com

Paul Novak (P39524)
Diana Gjonaj (P74637)
Gregory Stamatopoulos (P74199)
**WEITZ & LUXENBERG, P.C.**
3011 West Grand Boulevard
Suite 2150
Detroit, MI 48226
(313) 800-4170 Telephone
pnovak@weitzlux.com
dgjonaj@weitzlux.com
gstamatopoulos@weitzlux.com

Robin L. Greenwald
**WEITZ & LUXENBERG, P.C.**
700 Broadway
New York, NY 10003
(212) 558-5500 Telephone
rgreenwald@weitzlux.com

Esther E. Berezofsky
**MOTLEY RICE LLC**
210 Lake Drive East
Suite 101
Cherry Hill, NJ 08002

11

sraymond@susmangodfrey.com

Stephen Morrissey
Jordan Connors
**SUSMAN GODFREY, L.L.P.**
1201 Third Ave.
Suite 3800
Seattle, WA 98101
(206) 516-3880 Telephone
smorrissey@susmangodfrey.com
jconnors@susmangodfrey.com

Peretz Bronstein
Shimon Yiftach
**BRONSTEIN, GEWIRTZ & GROSSMAN, LLC**
60 East 42nd Street
Suite 4600
New York, NY 10165
(212) 697-6484 Telephone
peretz@bgandg.com
shimony@bgandg.com

Bradford M. Berry
Anson C. Asaka
**NAACP**
4805 Mt. Hope Dr.
Baltimore, MD 21215
(410) 580-5777 Telephone
bberry@naacpnet.org
aasaka@naacpnet.org

Kathryn P. Hoek
**SUSMAN GODFREY, L.L.P.**
1901 Avenue of the Stars
Suite 950
Los Angeles, CA 90067
(310) 789-3100 Telephone
khoek@susmangodfrey.com

(856) 667-0500 Telephone
eberezofsky@motleyrice.com

Teresa Caine Bingman (P56807)
**THE LAW OFFICES OF TERESA A. BINGMAN, PLLC**
120 N. Washington Square
Suite 327
Lansing, MI 48933
(877) 957-7077 Telephone
tbingman@tbingmanlaw.com

William Goodman (P14173)
Julie H. Hurwitz (P34720)
Kathryn Bruner James (P71374)
**GOODMAN & HURWITZ PC**
1394 E. Jefferson Ave.
Detroit, MI 48207
(313) 567-6170 Telephone
bgoodman@goodmanhurwitz.com
jhurwitz@goodmanhurwitz.com
kjames@goodmanhurwitz.com

Deborah A. LaBelle (P31595)
**LAW OFFICES OF DEBORAH A. LABELLE**
221 N. Main St.
Suite 300
Ann Arbor, MI 48104
(734) 996-5620 Telephone
deblabelle@aol.com

Trachelle C. Young (P63330)
**TRACHELLE C. YOUNG & ASSOCIATES PLLC**
2501 N. Saginaw St.
Flint, MI 48505
(810) 239-6302 Telephone
trachelleyoung@gmail.com

Neal H. Weinfield
**THE DEDENDUM GROUP**
(312) 613-0800 Telephone
nhw@dedendumgroup.com

Cirilo Martinez (P65074)
**LAW OFFICE OF CIRILO MARTINEZ, PLLC**
3010 Lovers Lane
Kalamazoo, MI 49001
(269) 342-1112 Telephone
martinez_cirilo@hotmail.com

David J. Shea
**SHEA AIELLO, PLLC**
26100 American Drive
2nd Floor
Southfield, MI 48034
(248) 354-0224 Telephone
david.shea@sadplaw.com

Mark L. McAlpine (P35583)
Jayson E. Blake (P56128)
**MCALPINE PC**
3201 University Drive
Suite 100
Auburn Hills, MI 48326
(248) 373-3700 Telephone
mlmcalpine@mcalpinelawfirm.com
jeblake@mcalpinelawfirm.com

Brian McKeen (P34123)
Claire Vergara (P77654)
**McKEEN & ASSOCIATES, PC**
645 Griswold Street
Suite 4200
Detroit, MI 48226
(313) 961-4400 Telephone
bjmckeen@mckeenassociates.com
cvergara@mckeenassociates.com

Cynthia M. Lindsey (P37575)
Shermane T. Sealey (P32851)
**CYNTHIA M. LINDSEY & ASSOCIATES, PLLC**
8900 E. Jefferson Avenue
Suite 612
Detroit, MI 48214
(248) 766-0797 Telephone
cynthia@cmlindseylaw.com
shermane@cmlindseylaw.com

Andrew P. Abood (P43366)
**ABOOD LAW FIRM**
246 East Saginaw Street
Suite One
East Lansing, Michigan 48823
(517) 332-5900 Telephone
andrew@aboodlaw.com

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing instrument was filed with the U.S. District Court through the ECF filing system and that all parties to the above case were served via the ECF filing system on June 14, 2021.

Dated: June 14, 2021

*/s/ Jessica B. Weiner*
Jessica B. Weiner
**COHEN MILSTEIN SELLERS & TOLL PLLC**
1100 New York Ave. NW
Suite 500
Washington, DC 20005
(202) 408-4600 Telephone
jweiner@cohenmilstein.com