UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| *In re* Flint Water Cases.<br>_____/ | Judith E. Levy<br>United States District Judge |

This Order Relates To:

ALL CASES

_____/

# OPINION AND ORDER DENYING JOINT MOTION TO EXTEND BONE SCANNING DEADLINE [1714] AND DENYING MOTION TO EXTEND DEADLINES FOR SCANS AND CAUSATION REPORTS [1717]

Before the Court is the *Washington* and *Chapman* Plaintiffs' motion to extend the 90-Day Deadline for Bone Scans (ECF No. 1714) and the *Chapman* Plaintiffs' Motion to Extend 90-Day Deadline for Medical Causation Reports (ECF No. 1717). For the reasons set forth below, the motions are DENIED.

With respect to these deadlines, the *Chapman* and *Washington* Plaintiffs argue that the 90-day deadline set forth in the Amended Master Settlement Agreement ("AMSA") is not a material term of that Agreement and should be altered by the Court to coincide with the end of

the claims period. (ECF No. 1714, PageID.62440–41.) The Court entered preliminary approval of the AMSA on January 21, 2021. (ECF No. 1399.) The *Chapman* Plaintiffs also filed a separate motion seeking to extend the time to obtain a bone scan (which it jointly moved for with the *Washington* Plaintiffs, rendering its separate motion duplicative). That motion also seeks to extend the deadline for adults with severe personal injury to obtain documentation that their injuries were "caused or exacerbated by that individual's exposure to Flint water between May 16, 2014 and July 31, 2016" in the form of a medical record from a "board-certified physician in the appropriate field, between May 16, 2014 and 90 days after the date of the Preliminary Approval Order." (*See* ECF No. 1319-2, PageID.40821–24.) The arguments set forth by the *Chapman* Plaintiffs for extending this deadline are the same as their joint arguments with the *Washington* Plaintiffs for extending the bone scan deadline. (*See* ECF No. 1717.)

    The Court cannot, on its own, alter the terms and conditions of the negotiated settlement. The Sixth Circuit has long held that, for class action settlements– which applies to this settlement because it is part class-based and part individually-based– "a district court cannot modify

the terms of a proposed settlement without the consent of the parties." *In re Southern Ohio Correctional Facility*, 191 F.3d 453, at *5 (6th Cir. 1999) (table decision) (citing *Evans v. Jeff D.*, 475 U.S. 717, 726–27 (1986)); *and see Brown v. County of Genesee*, 872 F.2d 169, 173 (6th Cir. 1989) ("It is well established that a "court must enforce the settlement as agreed to by the parties and is not permitted to alter the terms of the agreement.")  Here, all signatories to the settlement did not consent to the relief sought by the *Washington* and *Chapman* Plaintiffs. (*See* ECF No. 1714, PageID.62437; ECF No. 1717, PageID.62481 (listing counsel to settlement not concurring in relief sought).)

Additionally, the AMSA states that: "This Settlement Agreement may be modified or amended only by a writing executed by Co-Lead Class Counsel, Co-Liaison Counsel, and Defendants' Counsel and approved by the Federal Court." (ECF No. 1394-2, PageID.54193 (¶23.3).) Accordingly, absent a written agreement to extend the deadline executed by the parties to the AMSA, the Court cannot and will not modify the deadlines.

The motions to extend deadlines are denied. (ECF Nos. 1714, 1717.)

IT IS SO ORDERED.

3

Dated: June 25, 2021
Ann Arbor, Michigan

s/Judith E. Levy
JUDITH E. LEVY
United States District Judge

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on June 25, 2021.

s/William Barkholz
WILLIAM BARKHOLZ
Case Manager