# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| *Walters et al. v. City of Flint et al.* | Case No. 5:16-cv-10164-JEL-MKM |
| | Hon. Judith E. Levy |

## CO-LIAISON COUNSEL'S OBJECTION TO THE CHAPMAN PLAINTIFFS' USE OF CERTAIN MATERIALS OBTAINED IN VIOLATION OF A PROTECTIVE ORDER AT THE COURT'S JULY 12, 13, AND 15, 2021 FAIRNESS HEARING IN THIS MATTER

Co-Liaison Counsel for the Individual Plaintiffs ("Co-Liaison Counsel") objects to Mr. Cuker's request (on behalf of the Chapman Plaintiffs) to use certain materials, prominently including the deposition of Dr. Aaron Specht, an expert in the clinical use of portable x-ray fluorescence technology to detect lead in the bones of patients. The Court must preclude the Chapman Plaintiffs' use of Dr. Specht's deposition for three reasons.

*First*, the materials were obtained in violation of a protective order this Court entered. *See* ECF Doc. 1282. Courts routinely prohibit parties from using material obtained in violation of a protective order. *See, e.g.*, *Koch v. Greenberg*, Case No. 07 Cv. 9600, 2011 U.S. Dist. LEXIS 110661, at *13 (S.D.N.Y. Sept. 28, 2011); *In re Biovail Corp. Sec. Litig.*, 247 F.R.D. 69, 70–71 (S.D.N.Y. 2007); *Grant Heilman*

1

*Photography, Inc. v. Pearson Educ., Inc.*, Civ. No. 11-4649, 2018 U.S. Dist. LEXIS 88835, at *11–14 (E.D. Pa. May 29, 2018). Whether in retrospect those documents counsel wishes to use may contain personal and protected information is of no moment. It is the protected nature of the deposition as a whole, under this Court's order, and the decision reached between Messrs. Pitt, Washington and Cuker to disregard the order that should be the paramount guidance here. Lawyers should not be rewarded for an intentional violation of a court order. Failure to mete out the harshest punishment here would embolden others to engage in the same type of conduct. As such, the use of any fruit of the violation should be prohibited.

*Second*, the Chapman Plaintiffs have not explained what they believe the deposition would be relevant to or what they intend to use Dr. Specht's deposition for. Ordinarily, a party seeking to use materials covered by a protective order (and which were never supposed to find their way to that party in the first place) must show "good cause" for their use. *See DSM Desotech, Inc. v. Momentive Specialty Chems., Inc.*, Civ. No. 2:15-cv-70, 2016 U.S. Dist. LEXIS 195856, at *14–15 (S.D. Ohio May 31, 2016) (collecting cases). As part of this showing, the Chapman Plaintiffs must "show why the secrecy interests [that animated the Court's protective order in ECF Doc. 1282] deserve less protection than they did when the order was granted." *Meyer Goldberg, Inc. v. Fisher Foods*, 823 F.2d 159, 163 (6th Cir. 1987).

At a minimum, that showing would require some explication of what the party intends to use the document for and how it could be relevant to the matter at hand. Yet, to date the Chapman Plaintiffs have not made any effort to establish the relevance of Dr. Specht's deposition and to identify some permissible use of it during the fairness hearing. Nevertheless, it bears affirmatively stating: Dr. Specht's deposition is of dubious and seriously attenuated relevance to any anticipated claim or argument the Chapman Plaintiffs wish to make. This is especially true, here, because: (1) Mr. Cuker has registered more than 98% of his clients for the proposed settlement without objection; (2) Mr. Cuker has had a number of his clients scanned for lead utilizing the subject portable XRF device; and (3) Mr. Cuker's law firm has in at least one past litigation supported the use of XRF technology to advance a damages model.

*Third and finally*, while it is unclear what the Chapman Plaintiffs intend to use Dr. Specht's deposition for, it is quite clear that any use of the deposition whatsoever will spawn further claims of "need" to use the deposition or other underlying materials, such as Dr. Specht's expert report, which contains pages of diagnoses of children. It is certainly foreseeable that permitting the use of Dr. Specht's deposition here will lead to further conjecture and innuendo by the

3

Chapman Plaintiffs, which will no doubt—in their view—justify further uses of Dr. Specht's deposition and related materials.[1]

Accordingly, Co-Liaison Counsel respectfully submits that the Court must preclude the Chapman Plaintiffs from using any portion of Dr. Specht's deposition.

Dated: July 8, 2021,

Respectfully submitted,

| **LEVY KONIGSBERG LLP** | **NAPOLI SHKOLNIK PLLC** |
|---|---|
| /s/ *Corey M. Stern* | /s/ *Hunter J. Shkolnik* |
| Corey M. Stern | Hunter J. Shkolnik |
| Renner K. Walker | Paul J. Napoli |
| 605 Third Avenue, 33rd Floor | Patrick J. Lanciotti |
| New York, New York 10158 | 270 Munoz Rivera Avenue, Suite 201 |
| Tel.: (212) 605-6200 | Hato Rey, Puerto Rico 00918 |
| Fax: (212) 605-6290 | Tel.: (787) 493-5088 |
| Cstern@levylaw.com | Hunter@napolilaw.com |
| Rwalker@levylaw.com | PNapoli@nsprlaw.com |
| | Planciotti@napolilaw.com |

---

[1] Co-Liaison Counsel reserves the right to object on other grounds if the Court permits these materials to be used, insofar as Co-Liaison Counsel is without information as to what the materials would be used for.

4

## CERTIFICATE OF SERVICE

I, Corey M. Stern, hereby certify that on July 8, 2021, the foregoing document was served on all counsel of record via the court's ECF system.

/s/ Corey M. Stern
Corey M. Stern