UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

*In re* Flint Water Cases.

_____/

Judith E. Levy
United States District Judge

This Order Relates To:

ALL CASES

_____/

**ORDER AMENDING PROTECTIVE ORDER ON DR. AARON SPECHT'S DEPOSITION TRANSCRIPT, GRANTING MOTIONS TO FILE UNDER SEAL [1719, 1823, 1837], AND VACATING ORDER TO SHOW CAUSE [1718]**

This Order addresses several matters related to the deposition transcript of Dr. Aaron Specht, who is an expert for Plaintiffs in the bellwether cases. He was deposed on October 15-16, 2020.

After Dr. Specht's deposition, on October 21, 2020, the Court heard argument from Co-Liaison Counsel for Individual Plaintiffs that the deposition included questions about the medical status of four minor Plaintiffs. Co-Liaison Counsel requested that the Court enter a protective order limiting the dissemination of the transcript. The Court, in its discretion and upon a showing of good cause, decided to "issue an order

to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following: . . . requiring that a deposition be sealed and opened only on court order." Fed. R. Civ. P. 26(c)(1)(f). Based upon the information available at the time, the Court ordered that "copies of the transcript of Dr. Aaron Spec[h]t's deposition that have been disseminated to any counsel who is not counsel of record in the four bellwether cases must be destroyed." (ECF No. 1290, PageID.39774.)

Six months later, on April 24, 2021, the *Chapman* Plaintiffs filed a motion that included quotes from the Specht deposition transcript that was the subject of the Court's October 21, 2020 protective order. (ECF No. 1710.) The *Chapman* Plaintiffs are not counsel on the four bellwether cases. Accordingly, the Court issued an order that *Chapman* Plaintiffs' counsel, Mark Cuker, show cause as to:

> (a) how, from whom, and when the Chapman Plaintiffs' counsel came into possession of the protected materials; (b) with whom the Chapman Plaintiffs' counsel has shared the protected materials; and (c) whether the Chapman Plaintiffs' counsel has made copies of the protected materials as well as what he has done with the materials since gaining possession of them.

(ECF No. 1718, PageID.62500.)

Mr. Cuker filed a declaration in response to the show cause order. (ECF No. 1720.) In it, he did not address the Court's October 21, 2020 Order. However, he attached emails demonstrating the following:

- On February 4, 2021, Co-Lead Class Counsel Theodore Leopold requested of Co-Liaison Counsel for Individual Plaintiffs copies of certain transcripts, including the Specht transcript, under a protective order for the purpose of addressing VNA's Daubert challenges to Co-Lead Class Plaintiffs' experts. (ECF No. 1720, PageID.62524.)

- That same day, Co-Liaison Counsel Corey Stern granted permission for Mr. Leopold to have a copy of the transcript for that purpose. (*Id.* at PageID.62515.)

- Also on February 4, 2021, based on Mr. Stern's permission, counsel for VNA provided a copy of the Specht transcript to Co-Lead Class Counsel Mr. Leopold and Michael Pitt. (*Id.* at PageID.62521.)

- Later, on March 9, 2021, counsel for *Anderson* Plaintiffs Valdemar Washington attached copies of the Specht transcript to an email and sent it to Mr. Cuker, indicating, "I have been told that there is no protective order on these deposition transcripts." (*Id.* at PageID.1720.)

- Mr. Cuker responded and asked Mr. Washington, "Who told you that[?]" (*Id.*) Mr. Washington replied "Michael Pitt- however the transcript itself is marked 'Highly Confidential' which means that if you are planning to use it as a part of a filing with the Court there are certain procedures that you have to follow." (*Id.*) This email from Mr. Washington was sent not only to Mr. Cuker, but also to attorneys Stephen Monroe (counsel for the *Washington* Plaintiffs) and Gladys Christopherson (Mr. Washington's law partner). (*Id.*)

3

- The following day, on March 10, 2021, Mr. Washington forwarded an email that he received from Mr. Pitt stating: "Val: This is the email chain explaining how we got access to the Specht Transcript." (*Id.* at PageID.62519.)

Both Mr. Pitt and Mr. Washington were present at the October 21, 2020 hearing when the Court ordered that the Specht transcript not be disseminated and that any copies obtained by counsel who were not on the bellwether cases be destroyed. (*See* ECF No. 1311, PageID.39866–67.) Further, all three counsel are counsel of record in this litigation and they received CM/ECF notification of the Court's October 21, 2020 written order at the time it was entered. (ECF No. 1290.)

At the status conference held on May 28, 2021, the Court addressed this matter. (*See* May 28, 2021 Tr., ECF No. 1800.) As set forth at the conference, the dissemination of the Specht transcript by Mr. Pitt, Mr. Washington, and Mr. Cuker is a violation of the Court's October 21, 2020 Order.

After the May 28, 2021 hearing, Mr. Washington filed a declaration that argued that he did not have a copy of the Specht transcript in his possession *on* October 21, 2020 – the inference being that since he obtained it *after* October 21, 2020, the Order to destroy it did not apply to him. More recently, Mr. Pitt submitted a declaration that took a

4

similar approach. Specifically, Mr. Pitt stated that he made a "good faith determination that I was authorized to share this new transcript with attorney of record Valdemar Washington because it was released for an entirely different purpose and was relevant to an issue under consideration by the Court and the parties." (ECF No. 1864-1, PageID.66122.) Neither Mr. Cuker, Mr. Washington, nor Mr. Pitt's arguments acknowledge that this transcript is the very same transcript—not a "new" transcript—that was subject to the Court's October 21, 2020 Order, which was never vacated.

As set forth at the May 28, 2021 status conference, any relief from the Court's October 21, 2020 Order should have been sought in the ordinary course set forth in the Federal Rules of Civil Procedure and this Court's local rules and practice guidelines. This process is not complicated. Indeed, it has been done by many of the same counsel during the pendency of this litigation. Counsel's explanations for disseminating a transcript that was subject to a strict protective order are inadequate and fail to take responsibility for violating a court order. Counsel are therefore admonished to follow the Court's orders as this case moves forward.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Because several counsel have now argued that the Specht deposition focused on some areas that are not specific to the four minor bellwether Plaintiffs' medical records, the Court conducted its own review of the Specht transcript *in camera.* (*See* ECF No. 1819.) The Court has now reviewed the transcript only—not the exhibits—and makes the following determination:

The deposition transcript of Aaron Specht is no longer subject to the Court's Order issued on October 21, 2020. Rather, only those portions of the transcript that specifically discuss minor Plaintiffs' medical and/or personally identifying information must be redacted.[1] Any dissemination of the redacted transcript is subject to the protocols set forth in the Fifth Amended Case Management Order.

Any counsel or other individual who possess unredacted copies of the transcript must destroy all copies immediately and may obtain only

---

[1] Based on the Court's review, this includes, in Volume One of the two-volume transcript, pages 66, 73, 79, 82-85, 90, 146, 148-152, 159, 196-97, 303, and 305. In Volume Two, pages 127–143 must be redacted. If Co-Liaison Counsel for Individual Plaintiffs believe there are other pages that contain identifying names and medical information that should be included, they may set forth their arguments for any additional pages and/or lines they wish to be redacted in the normal course for addressing discovery matters in this litigation.

6

the redacted version as set forth in this Order. Any exhibits to the transcript continue to be subject to the October 21, 2020 Order.

For the reasons set forth above, Co-Liaison Counsel are ordered to make the redactions as identified above and the remaining portions of the transcript are no longer subject to the Court's protective order. (ECF No. 1290.) The show cause order is now satisfied. (ECF No. 1718.) Further, the Court grants the *Chapman* Plaintiffs' motion to file certain items under seal. (ECF No. 1719, 1823, 1837.) No further action need be taken by *Chapman* Plaintiffs in this regard.

**IT IS SO ORDERED.**

Dated: July 27, 2021  s/Judith E. Levy
Ann Arbor, Michigan  JUDITH E. LEVY
  United States District Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on July 27, 2021.

s/William Barkholz
WILLIAM BARKHOLZ
Case Manager

7