# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| *In re* Flint Water Cases. _____/ | Judith E. Levy<br>United States District Judge |

This Order Relates To:

ALL CASES

_____/

## ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR RECONSIDERATION [1864]

Before the Court is Co-Lead Class Counsel Michael Pitt's Motion for Reconsideration of the Court's June 16, 2021 Order Denying the *Hall* Objectors' Motion (ECF No. 1830). (ECF No. 1864.) The relief sought in the motion is set forth as:

> Interim Co-Lead Class Counsel Michael Pitt requests that the Court reconsider its Order denying the *Hall* Objectors' Motion and reissue its opinion eliminating any reference to discussions and events which occurred in off-the-record proceedings in May 2021 or in the alternative to provide a mechanism for settlement of the record by granting partial relief as sought by the *Hall* Objectors in their Motion.

(ECF No. 1864, PageID.66117.) Co-Lead Class Counsel seeks reconsideration of an Opinion and Order where he was neither a movant

nor a concurring party in the underlying motion. Regardless of whether Eastern District of Michigan Local Rule 7.1(h) permits such a filing, the motion for reconsideration is granted in part and denied in part for the reasons set forth below.

In the underlying motion, the *Hall* objectors alleged that the Court was holding meetings off the record to adjudicate motions. (*See* ECF No. 1736.) They requested that the Court discontinue that practice and include their counsel in all future hearings and meetings related to the partial settlement between Plaintiffs and some of the Defendants. (*Id*.) The Court denied the motion for the reasons set forth in the Opinion and Order dated June 16, 2021. (ECF No. 1830.) Co-Lead Class Counsel's motion followed that decision and includes a detailed declaration covering issues related to his release of a transcript that was subject to a protective order, a timeline of his communications with the manufacturer of the portable bone scanning device, and other events related to bone lead testing. (ECF No. 1864.) Co-Lead Class Counsel repeats that he is "a proponent of using bone scans," and has "work[ed] tirelessly" so that "anyone who wanted a bone scan [may] get one." (ECF No. 1864, PageID.66122.) This issue has been thoroughly briefed and exhaustively

2

argued as part of the pending Class Plaintiffs' Motion for Certification of a Settlement Class, Final Approval of Class Settlement, and Appointment of Settlement Class Counsel. (ECF No. 1794.) The Court will address all issues regarding bone lead testing as a component of the compensation program in the AMSA in its upcoming opinion and order on that motion. This "motion for reconsideration" is not the appropriate place to relitigate and argue these issues.

In paragraphs 20 and 21 of Co-Lead Class Counsel's declaration in support of his motion, he avers that the Court erred when indicating that he made a statement at that conference. (ECF No. 1864-1, PageID.66124.) Counsel is correct. Co-Lead Class Counsel Pitt did not indicate on March 1, 2021 that the class motion for immediate suspension would be withdrawn; Co-Lead Class Counsel Theodore Leopold made that representation. (*See* Tr., ECF No. 1450.) The Court's Order Denying the *Hall* Objectors' Motion is corrected in this regard.

Second, counsel is correct that he was not the sole attorney on the motion for immediate suspension filed on March 1, 2020.[1] (ECF No. 1864-

---

[1] While class counsel ultimately withdrew their motion for immediate suspension (ECF No. 1449), all of the issues raised in that motion have now been raised by objectors to the settlement and are under consideration by the Court in its

3

1, PageID.66123.) Rather, the motion was signed and submitted by Pitt and Leopold, as well as the Executive Committee for Class Plaintiffs, Stephen Morrissey, Peretz Bronstein, Paul Novak, Teresa Bingman, and Esther Berezofsky. (ECF No. 1446, PageID.53684.) This aspect of the Court's Order Denying the *Hall* Objectors' Motion is therefore also corrected to include these individuals as movants on the motion for immediate suspension. (ECF No.1830.)

As to the remaining matters set forth in the Motion for Reconsideration, the motion is denied. All of the issues related to Co-Lead Class Counsel and other counsel's dissemination of Dr. Specht's transcript have been resolved by the Court. Those lawyers, including Co-Lead Class Counsel, who released the transcript while it was still the subject of a protective order prohibiting sharing or releasing the transcript have been admonished. (ECF No. 1916.)

The remaining issues set forth in Co-Lead Class Counsel's motion present "the same issues ruled on by the Court, either expressly or by

---

decision regarding final approval. Accordingly, the fact that counsel filed the motion and later withdrew it does not remove its subject matter from the issues presently before the Court.

4

reasonable implication," or issues that are being adjudicated in other parts of this case. E.D. Mich. L.R. 7.1(h)(3).

Accordingly, the motion for reconsideration is granted in part and denied in part as set forth above.

**IT IS SO ORDERED.**

Dated: August 26, 2021  
Ann Arbor, Michigan

s/Judith E. Levy  
JUDITH E. LEVY  
United States District Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on August 26, 2021.

s/Lisa Bartlett for William Barkholz  
WILLIAM BARKHOLZ  
Case Manager

5