# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| *In re* Flint Water Cases. | Judith E. Levy |
| _____/ | United States District Judge |

This Order Relates To:

ALL CASES

_____/

## ORDER DENYING MOTION FOR COMPLIANCE WITH RULE 23(e)(5)(B) [1908]

Before the Court is the *Hall* objectors' motion for compliance with Rule 23(e)(5)(B). (ECF No. 1908.) The former *Washington* objectors responded in opposition to the motion (ECF No. 1925), as did all of the Settling Parties, which includes Co-Lead Class Counsel, Co-Liaison Counsel for Individual Plaintiffs, the State of Michigan Defendants, the City Defendants, the McLaren Defendants, and Rowe Professional Service Company. (ECF No. 1926.)

The *Hall* objectors' motion asserts that five individuals represented by the law firm Marc J. Bern & Partners, LLP, withdrew their objections to the settlement "without disclosing whether any consideration was paid

in connection with the withdrawal," as required by Federal Rule of Civil Procedure 23. (ECF No. 1908, PageID.647149.) The five individuals are Victor and Christiana Ayodele, Johannes and Amanda Kreuyer, and Sequoia Overstreet. (*Id.*) The *Hall* objectors argue that these individuals "appear to fall within the class definition under the settlement agreement" and are "not Individual Plaintiffs." (*Id.* at PageID.67150.)

The Amended Master Settlement Agreement ("AMSA") defines Individual Plaintiffs, for whom Rule 23 does not apply, as "all persons and entities listed on Exhibit 1." (ECF No. 1319-1, PageID.40339.) The *Hall* objectors state that "Exhibit 1 in turn lists none of the [five individuals]," and therefore these individuals "appear to be class members, and their side-settlements should be disclosed, heard, and—if appropriate—approved by the Court." (ECF No. 1908, PageID.67150.) The *Hall* objectors are incorrect.

First, Exhibit 1 has two parts: Exhibit 1a and 1b. Exhibit 1a is a "List of Adult Individual Plaintiffs who have filed a claim in any court and have provided a date of birth confirming they are not minors." (ECF No. 1319-2, PageID.40411.) Exhibit 1b is described as "CONFIDENTIAL – List of Individual Plaintiffs who have filed a claim in any court but have

2

not provided a date of birth—FILED UNDER SEAL." (*Id.*) Because those individuals who did not provide a date of birth could be minors, their identities were permitted to be sealed in Exhibit 1b. (ECF No. 1921, PageID.67221.) In addition, Exhibits 1a and 1b are, as set forth on their face in the November 2020 filing, "[p]reliminary and subject to change." (ECF No. 1319-2, PageID.40414.) The Special Master, as required by the November 14, 2018 Amended Order Regarding the Collection of Claim Data (ECF No. 673) ("Census Order"), in conjunction with the Preliminary Approval Order (ECF No. 1399), maintains current versions of these exhibits.[1] (*See* ECF No. 1921, PageID.67222–23.)

In order to assist the Court in evaluating the *Hall* objectors' motion, the undersigned ordered the Special Master to file a report on the status of the five individuals, and whether they are Individual Plaintiffs or are potentially members of the Settlement Class (as defined in the AMSA).

---

[1] The *Hall* objectors make a misplaced argument that because the Court declined to extend the bone lead testing absent a stipulation of all Settling Parties, it would be inconsistent for the Court to permit Exhibit 1 to be updated from what was originally filed in November 2020. (ECF No. 1908, PageID.67151.) This argument is comparing apples to golf balls, and ignores the plain language of the AMSA itself, which contemplates updates to Exhibit 1, which is maintained by the Special Master. No separate stipulation of the Settling Parties is required for what the AMSA already explicitly contemplates.

The Special Master filed a report indicating that the five individuals are each individually represented, as set forth below. (ECF No. 1921.)

> Each of these five individuals are included in the May 3 Updated Census List and each are included on the current update to the Exhibit 1 list. Additionally, both Christiana Ayodele and Victor Ayodele were included in Exhibit 1b which was filed under seal on November 17, 2020.[fn 2]
>
> [fn 2] Additionally, Johannes Kreuyer was included in the Special Master's census in 2018 and 2019 – but was omitted from lists provided by counsel as of early November 2020. This individual was again included in lists provided by counsel after the November 2020 list was prepared.

(ECF No. 1921, PageID.67224.) Accordingly, Victor and Christiana Ayodele, Johannes and Amanda Kreuyer, and Sequoia Overstreet are Individual Plaintiffs. The requirements of Federal Rule of Civil Procedure 23, including its requirement that the Court hold a hearing and approve any "payment or other consideration" paid to an objector for withdrawal of his or her objection, does not apply to these five individuals. Fed. R. Civ. P. Rule 23(e)(5). For this reason alone, the *Hall* objectors' motion is denied.

The Court is also persuaded by Victor and Christiana Ayodele, Johannes and Amanda Kreuyer, and Sequoia Overstreet's counsel's representation to the Court that these five individuals are represented

4

by Marc J. Bern & Partners, LLP, and have been continuously represented on an individual basis for several years. (ECF No. 1925, PageID.67391.)

Further, the Settling Parties state that "no payment or other consideration was given to these parties to withdraw their objections." (ECF No. 1926, PageID.67394.) Paul Napoli whose law partner Hunter Shkolnik acts as Co-Liaison Counsel for Individual Plaintiffs, submitted a declaration stating, "No payment or 'other consideration' was given to these parties to withdraw their objections." (ECF No. 1926-1, PageID.67398.) Also, Ari Kresch, who represents these five individuals as co-counsel to Marc J. Bern's firm, filed a declaration confirming the same. Accordingly, the Court has no evidence that what the *Hall* objectors characterize as "side-settlements" (ECF No. 1908, PageID.67150) were made, and indeed the only evidence before the Court indicates that no payments or other consideration was given in exchange for these five individuals withdrawing their objections. Even if this were a situation where the five individuals were members of the class portion of the AMSA and subject to Rule 23—which they are not—the motion would be denied because no consideration changed hands.

5

Accordingly, the *Hall* objectors' motion is denied.

**IT IS SO ORDERED.**

Dated: August 26, 2021  
Ann Arbor, Michigan

s/Judith E. Levy  
JUDITH E. LEVY  
United States District Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on August 26, 2021.

s/ Lisa Bartlett for William Barkholz  
WILLIAM BARKHOLZ  
Case Manager