**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

*In Re* Flint Water Cases

Case No. 5:16-cv-10444
(Consolidated)

Hon. Judith E. Levy

**CITY OF FLINT'S MOTION FOR LEAVE TO FILE**
**SURREPLY TO PLAINTIFFS' AND MCLAREN DEFENDANTS'**
**REPLY IN SUPPORT OF MOTION FOR ENTRY OF STIPULATED**
**ORDER (Dkt 1980)**

Defendant City of Flint ("City") asks this Court to grant it leave to file the Surreply attached to this Motion as Exhibit A.[1]  Leave should be granted because Movant's Reply Brief raises a number of arguments that were not raised in the underlying Motion and, thus, to which the City has not had an opportunity to respond.  These arguments raised for the first time in the Reply include that the City had, and violated, a duty of good faith with respect to the proposed amendment; that Movants can challenge the City's determination that Council approval was appropriate; and that the City's assent was not required for McLaren to reduce its contribution.

---

[1] On October 18, 2021, pursuant to Local Rule 7.1, counsel for the City contacted counsel for the Movants to seek concurrence in this motion. Not all Movants concurred.

1

Leave to file a sur-reply is within the Court's discretion, but leave should ordinarily be granted when a reply brief presents new arguments to which the opponent did not have a reasonable opportunity to respond. *Coyer v. HSBC Mortg. Servs.*, 2011 WL 4502087, at *1 (E.D. Mich. Sept. 28, 2011), citing *Engineering & Mfg. Services, LLC v. Ashton*, 387 F. App'x 575, 583 (6th Cir.2010).  In light of the importance of the underlying issues and the lack of an earlier opportunity to respond to Movants' newly raised arguments, the City respectfully requests that leave should be granted.[2]

Respectfully Submitted

*Attorneys for Defendant*
*City of Flint*

**/s/ William Y. Kim (w/consent)**
WILLIAM Y. KIM (P76411)

1101 S. Saginaw, 3rd Floor
Flint MI  48502
(810) 766-7146
wkim@cityofflint.com

*Attorneys for Defendant*
*City of Flint*

**/s/ Sheldon H. Klein**
FREDERICK A. BERG, JR. (P38002)
SHELDON H. KLEIN (P41062)
Butzel Long, P.C.
150 West Jefferson, Suite 100
Detroit MI  48226
(313) 225-7000
bergf@butzel.com
klein@butzel.com

Dated:  October 18, 2021

---

[2] The City is aware of this Court's Practice Guideline that "Sur-replies are not permitted unless new law has emerged since the response was filed." The City does not understand that the Guideline was intended to limit this Court's discretion nor to supersede the generally applicable law as to when a surreply is appropriate.

## CERTIFICATE OF SERVICE

I hereby certify that on October 18, 2021, I electronically filed the above document with the Clerk of the Court using the ECF system, which will send notification of such filing to all counsel of record.

By: */s/ Sheldon H. Klein*
        Sheldon H. Klein (P41062)
        klein@butzel.com

# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

*In Re* Flint Water Cases

Case No. 5:16-cv-10444
(Consolidated)

Hon. Judith E. Levy

**[PROPOSED]**
**CITY OF FLINT'S SURREPLY TO**
**PLAINTIFFS' AND MCLAREN DEFENDANTS'**
**MOTION FOR ENTRY OF STIPULATED ORDER (Dkt 1980)**

Movants demand a "reason" for Council's decision to table the resolution. Reply at 2. They offer no authority that a legislative body must have a *collective* reason for its decisions, or that it matters, because all authority is to the contrary. Here, the reason the resolution was tabled was because five members of the Council voted to do so. Individual Council members offered varying considerations for their decision in public session (which are known to Movants), but those individual statements do not matter, because "individual legislators' statements [cannot be] attribute[d] to the Legislature as a whole." *In re Complaint of MCTA,* 241 Mich. App. 344, 373, 615 N.W.2d 255, 269 (2000). *See also, Gillette Com. Operations N. Am. & Subsidiaries v. Dep't of Treasury,* 312 Mich. App. 394, 878 N.W.2d 891, 916 (2015) ("Plaintiffs identify no caselaw permitting consideration of the statements of individual legislators [] to establish legislative intent."); *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 385, 132 S. Ct. 740, 752, 181 L. Ed. 2d 881 (2012) ("[T]he views of a single legislator, even a bill's sponsor, are not controlling.")

Movants also take exception to Council's decision to table the resolution approving the amendment, which it characterizes as "inaction." *Id*. But inaction is not acceptance. *Turner Assocs., Inc. v. Small Parts, Inc.*, 59 F. Supp. 2d 674, 681 (E.D. Mich. 1999).  Nor does the Council's reasons for inaction matter:

> Courts may not infer legislative intent from the absence of action by the Legislature. *McCahan v. Brennan*, 492 Mich. 730, 749, 822 N.W.2d 747 (2012). A "legislature legislates by legislating, not by

1

doing nothing, not by keeping silent." *Id.* (quotation marks and citation omitted).

Movants then turn Michigan contract law on its head when they argue, again without authority, that an amendment is not a "new" contract, requiring the same requisites to formation as an initial agreement, Reply at 2, and that the City was not required to assent to McLaren's contribution. Reply at 4. These propositions are squarely contrary to the controlling law discussed by the City at pages 3-4 of its Response Brief.

Movants argue that the Council approval was not required for the amendment. But the interpretation of the Flint City Charter is not the responsibility of Movants. It simply doesn't matter what they think – they are officious intermeddlers with respect to the meaning of the Charter. And, assuming *arguendo* that Movants opinion matters, even if Council approval was not required, City approval was , and the City has not consented to the proposed amendment. Finally, again *arguendo*, it was not improper to seek Council approval, even if not strictly required. For example, in a corporate setting it would be entirely appropriate for a CEO to decide not to enter into contract without seeking the concurrence of the board of directors, even if the CEO was empowered to do so without board authorization.

Movants also argue that the City breached its duty of good faith by declining to agree to amend the agreement. Reply, pp. 9-10. Movants misunderstand the duty of good faith. The duty of good faith applies only in connection with the performance

of a contract, not in connection with the decision to enter into, or modify, a contract, as is the case here. See *Grant v. Trinity Health-Michigan*, 390 F. Supp. 2d 643, 651 (E.D. Mich. 2005) ("A duty of good faith and fair dealing exists only where the parties are bound by a contractual relationship.") As a corollary, "[i]n order to invoke the implied covenant of good faith and fair dealing, a litigant must show that a party breached the underlying contract itself." *S.D. Benner, LLC v. Bradley Co., LLC*, 2019 WL 2056702, at *13 (W.D. Mich. Mar. 29, 2019), *aff'd,* 788 F. App'x 367 (6th Cir. 2019) (internal quotation omitted). Movants do not claim that the City breached the Settlement Agreement; they claim that the City declined to enter into a modified agreement without a reason that satisfies them. That doesn't matter.

Asserting, as Movants do, that the City had "discretion" to agree to modify the agreement changes nothing. Every party to every contract may agree or decline to modify it, but that is not the "discretion" to which the duty of good faith applies. The "discretion" tied to the duty of good faith under Michigan law, as the very cases Movants cite recognize, applies "only where one party to the contract ***makes its performance*** a matter of its own discretion." Movants' Reply at 9, quoting *Stephenson v. Allstate Ins. Co.,* 328 F.3d 822, 826 (6th Cir. 2003) (emphasis added). The City did not have or exercise discretion in its performance of the contract. Simply stated, there is no duty of good faith when deciding whether to agree to a modification. See, e.g., *Harris v. Lakeview Loan Servicing, LLC*, 2018 WL 6272895,

3

at *7 (E.D. Mich. Nov. 30, 2018) ("[F]ailure to offer a permanent loan modification is no breach at all . . ."); *Van Arnem Co. v. Manufacturers Hanover Leasing Corp.*, 776 F. Supp. 1220, 1223 (E.D. Mich. 1991) (duty of good faith does not apply to decision to not extend the term of a loan); *FCA US LLC v. Eagle Auto-Mall Corp.*, 702 F. App'x 301, 307 (6th Cir. 2017) (duty of good faith does not obligate party to extend date of counter-party's date of performance). See generally, Restatement (Second) of Contracts § 17 (1981) (With irrelevant exceptions, "the formation of a contract requires a bargain in which there is a manifestation of mutual assent to the exchange and a consideration").

Movants also argue that the City acted contrary to the intent of the agreement and that "[t]he primary goal of contract interpretation is to honor the intent of the parties." Reply at 11, [mis]quoting[1] *Old Kent Bank v. Sobczak*, 243 Mich. App. 57, 63, 620 N.W.2d 663 (2000). As Plaintiffs acknowledge, "unexpressed subjective intent" does not matter. Reply at 11, quoting *Fletcher v. Bd. of Educ. Of Sch. Dist. Fractional No. 5*, 323 Mich. 343, 348, 35 N.W.2d 177 (1948).

Here, the language of the Settlement Agreement is plain: if McLaren is dissatisfied with the number of registering claimants, it may walk away. McLaren might have bargained for a different agreement in which its contribution would be

---

[1] What *Old Kent* actually said was "[t]he primary goal in interpreting contracts is to determine and enforce the parties' intent."

reduced in relation to the number of non-registrants, but it didn't, or perhaps it did and was refused; the City was not included in those negotiations, so it, like the court, knows only of the words chosen, not some secret intent. \

Movants assert "its purpose and intent is to benefit all Claimants, Plaintiffs, and the Settlement Class by achieving a settlement of the Flint Water Litigation involving the Released Parties for a substantial sum." Reply at 11. Notably, Movants do not so much as quote a single word of the Amended Settlement Agreement, let alone read it in its entirety. The intent of the Settlement Agreement is contained in the words used in its 82 pages (and the almost 1,000 pages of exhibits). And nowhere in that excruciatingly negotiated document does it say that its intent is that it be amended by majority vote, without the consent of all settling parties.

Respectfully Submitted

*Attorneys for Defendant*
*City of Flint*

**/s/ William Y. Kim (w/consent)**
WILLIAM Y. KIM (P76411)

1101 S. Saginaw, 3rd Floor
Flint MI  48502
(810) 766-7146
wkim@cityofflint.com

*Attorneys for Defendant*
*City of Flint*

**/s/ Sheldon H. Klein**
FREDERICK A. BERG, JR. (P38002)
SHELDON H. KLEIN (P41062)
Butzel Long, P.C.
150 West Jefferson, Suite 100
Detroit MI  48226
(313) 225-7000
bergf@butzel.com
klein@butzel.com

Dated:  October 18, 2021

5

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 18, 2021, I electronically filed the above document with the Clerk of the Court using the ECF system, which will send notification of such filing to all counsel of record.

By: */s/ Sheldon H. Klein*
    Sheldon H. Klein (P41062)
    klein@butzel.com