# UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

|  |  |  |
|---|---|---|
| Deborah S. Hunt<br>Clerk | 100 EAST FIFTH STREET, ROOM 540<br>POTTER STEWART U.S. COURTHOUSE<br>CINCINNATI, OHIO 45202-3988 | Tel. (513) 564-7000<br>www.ca6.uscourts.gov |

Filed: December 01, 2021

Mr. Loyst Fletcher Jr.
Law Office
718 Beach Street
Flint, MI 48502

Ms. Emmy L. Levens
Ms. Jessica B. Weiner
Cohen, Milstein, Sellers & Toll
1100 New York Avenue, N.W.
Suite 500-W
Washington, DC 20005

         Re:  Case No. 21-1164, *Luke Waid, et al v. Richard Snyder, et al*
              Originating Case No. : 5:16-cv-10444 : 5:17-cv-10996

Dear Counsel,

   The Court issued the enclosed opinion today in this case.

                                  Sincerely yours,

                                  s/Cathryn Lovely
                                  Opinions Deputy

cc: Ms. Kinikia D. Essix

Enclosure

Mandate to issue

NOT RECOMMENDED FOR PUBLICATION
File Name: 21a0550n.06

No. 21-1164

# UNITED STATES COURT OF APPEALS
# FOR THE SIXTH CIRCUIT

| | |
|---|---|
| IN RE: FLINT WATER CASES.<br><br>LUKE WAID, Parent and Next Friend of S.R., a minor, *et al.*,<br><br>    Plaintiffs,<br><br>ELNORA CARTHAN; RHONDA KELSO, individually and as next friend of K.E.K., a minor child; DARRELL DAVIS; BARBARA DAVIS; MICHAEL SNYDER; DAVID MUNOZ; TIANTHA WILLIAMS, individually and as next friend of T.W., a minor child; FRANCES GILCREAST; ANGELO'S CONEY ISLAND PALACE, INC.,<br><br>    Plaintiffs-Appellees,<br><br>DORIS COLLINS; ROBIN PLEASANT; JASON PHINISSEE; LEE MCDONALD; CONLEY COLLISION, INC.,<br><br>    Proposed Intervenors Plaintiffs-Appellants,<br><br>    v.<br><br>RICHARD DALE SNYDER, former Governor; *et al.*,<br><br>    Defendants. | **FILED**<br>Dec 01, 2021<br>DEBORAH S. HUNT, Clerk<br><br><br>ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN<br><br>OPINION |

Before: SUHRHEINRICH, STRANCH, and MURPHY, Circuit Judges.

**JANE B. STRANCH, Circuit Judge.** The Flint Water Crisis and its revelations concerning the unsafe levels of lead in the Flint, Michigan water supply sparked both federal and state litigation. *See In re Flint Water Cases*, 960 F.3d 303, 310 (6th Cir. 2020). After years of

No. 21-1164, *Waid, et al. v. Richard Snyder, et al.*

coordination among the federal and state court cases and negotiation among the parties, class plaintiffs and co-liaison counsel for individual plaintiffs in these coordinated cases reached a $641.25 million partial settlement agreement with certain defendants, which was presented to the court in the *Waid* case in November 2020. Plaintiffs in a state court lawsuit separate from the coordinated cases—Doris Collins, Robin Pleasant, Jason Phinisee, Lee McDonald, and Conley Collision, Inc. (the "Collins Plaintiffs")—moved to intervene in this federal lawsuit with the goal of objecting to the proposed settlement and creating a new settlement subclass. The district court denied the motion, and the Collins Plaintiffs appealed. Because the district court did not abuse its discretion, we **AFFIRM** the district court's denial of the motion to intervene.

## I. BACKGROUND

In 2016, the Collins Plaintiffs filed a class action asserting an unjust enrichment claim against the City of Flint in the Genesee County Circuit Court of Michigan. The Collins Plaintiffs sought reimbursement from the City for residential and commercial customers' payments for unpotable water during the Flint Water Crisis. As the Collins Plaintiffs case proceeded, the coordinated cases against the City of Flint and other defendants also wound their way through state and federal courts. *See In re Flint Water Cases*, No. 18-10726, 2020 WL 1503256, at *1 (E.D. Mich. Mar. 27, 2020). The Collins Plaintiffs' case was not part of the coordinated state and federal Flint Water Crisis proceedings.

In November 2020, class plaintiffs and co-liaison counsel for individual plaintiffs in the coordinated litigation agreed to a partial settlement with the City of Flint, the state of Michigan, and other defendants. The district court granted preliminary approval of the proposed Settlement Agreement. To comply with Federal Rule of Civil Procedure 23(e), Articles XIX and XX of the proposed Settlement Agreement provided for both an opt-out procedure for requests to be excluded from the Settlement Class and a procedure for presenting objections to the Settlement Agreement.

-2-

No. 21-1164, *Waid, et al. v. Richard Snyder, et al.*

In December 2020, the Collins Plaintiffs filed a motion for permissive intervention in this federal case. The Collins Plaintiffs argued that they have a substantial interest in the litigation because the release in the Settlement Agreement would prohibit them from pursuing their unjust enrichment claim. The motion to intervene also raised objections to the processes and the contents of the proposed Settlement Agreement, including that: the "unjust enrichment customers" were not adequately represented in the settlement negotiations; approving the Settlement Agreement's release of unjust enrichment claims would violate due process; and no part of the Settlement Agreement provided a refund for the contaminated water paid for by its recipients.

The district court denied the motion, reasoning that intervention was unnecessary because the proposed Settlement Agreement includes a process "by which individuals can either choose to participate in the settlement or continue to pursue their claims" and that the Collins Plaintiffs already had the right to object to the Settlement Agreement under Rule 23(e)(5). This appeal followed.

## II. ANALYSIS

The Collins Plaintiffs sought only permissive intervention and made no argument that they are entitled to intervene as a matter of right. Rule 24(b) allows for permissive intervention if the district court, acting in its discretion, concludes that a potential intervenor's timely motion shows that the individual "has a claim or defense that shares with the main action a common question of law or fact" and whose intervention will not "unduly delay or prejudice the adjudication or the original parties' rights." Fed. R. Civ. P. 24(b). "We review the denial of permissive intervention for a 'clear abuse of discretion,' reversing only if 'left with the definite and firm conviction' that the district court committed a clear error of judgment." *Serv. Emps. Int'l Union Loc. 1 v. Husted*, 515 F. App'x 539, 541 (6th Cir. 2013) (per curiam) (quoting *Coal. to Def. Affirmative Action v. Granholm*, 501 F.3d 775, 784 (6th Cir. 2007)).

No. 21-1164, *Waid, et al. v. Richard Snyder, et al.*

     The district court was reasonable in denying the Collins Plaintiffs' motion to intervene. In their appeal, the Collins Plaintiffs simply reiterate their merits arguments about the proposed Settlement Agreement, and do not point to any abuse of discretion. They fail to address the district court's explanation of their rights to object to or opt-out of the settlement, either of which is available to them in accordance with the terms of the proposed Settlement Agreement and Rule 23(e)(5). *See* Fed. R. Civ. P. 23(e)(5). The Collins Plaintiffs need not intervene to put their objections before the district court.

### III.   CONCLUSION

     For the reasons discussed above, we **AFFIRM** the district court's denial of the motion to intervene.