**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

*In Re: Flint Water Cases*    Case No. 5:16-cv-10444-JEL-MKM

Hon. Judith E. Levy

Magistrate Judge Mona K. Majzoub

**CO-LIAISON COUNSEL'S MOTION TO DISQUALIFY**
**ATTORNEY MARK CUKER**

Co-Liaison Counsel hereby move for an Order disqualifying Attorney Mark Cuker from the litigation due to his irreconcilable conflict of interest. On July 12, 13, and 15, 2021, this Court held a Fairness Hearing where Co-Liaison Counsel first raised the issue of a conflict of interest. *See* ECF No. 1897-1, PageID.66376-7. On November 10, 2021, this Court issued an Order of Final Approval for the Partial Settlement. *See* ECF No. 2008. On November 24, 2021, Attorney Mark Cuker filed a Motion for Reconsideration of the Court's Final Approval Order. *See* ECF No. 2021.

Co-Liaison Counsel believe that Mr. Cuker's conflict violates the Michigan Model Rules of Professional Conduct, and he should therefore be disqualified as counsel in this litigation. Mr. Cuker's filing of his Motion for Reconsideration to the approved partial settlement threatens the administration of settlement awards to not only his clients, but to the tens of thousands of Flint residents who have registered and are eager to have their claims resolved with the Settling Defendants.

For the reasons set forth herein, Co-Liaison Counsel respectfully request that the Court enter an Order disqualifying Attorney Mark Cuker from the litigation, and for such other and further relief the Court deems just and proper.

## ARGUMENT

**I. MR. MARK CUKER HAS AN IRRECONCILABLE CONFLICT OF INTEREST AND SHOULD BE DISQUALIFIED FROM THE LITIGATION**

"A motion to disqualify counsel is the proper method for a party to bring an alleged breach of ethical duties to the court's attention." *DeBiasi v. Charter County of Wayne*, 284 F. Supp. 2d 760, 770 (E.D. Mich. 2003). "The power to disqualify an attorney from a case is incidental to all courts, and a district court is obliged to consider unethical conduct by an attorney in connection with any proceeding before it." *Id*.

The Michigan Rules of Professional Conduct ("MRPC") govern attorneys' ethical responsibilities in this state. This District has adopted the MRPC for regulating practice before it. LR 83.22(b) ("Standards of Professional Conduct. The Rules of Professional Conduct adopted by the Michigan Supreme Court, as amended from time to time, apply to members of the bar of this court and attorneys who practice in this court as permitted by LR 83.20."); s*ee also Nat'l Union Fire Ins. Co. of Pittsburgh Pennsylvania v. Alticor, Inc.*, 472 F.3d 436 (6th Cir. 2007) (applying MRPC and granting motion to disqualify defendants' law firm).

2

An attorney's ethical violations arising from conflicted representation are not simply a matter of litigants' rights. "An attorney who fails to observe his obligation of undivided loyalty to his client injures his profession and demeans it in the eyes of the public." *El Camino Resources, Ltd. v. Huntington Nat'l Bank*, 2007 WL 2710807, at *17 (W.D. Mich. Sept. 13, 2007). All lawyers have explicit duties to their own clients. Model Rule 1.7 states that a lawyer shall not represent a client if the representation involves a concurrent conflict of interest. Specifically, "[a] conflict of interest exists if (1) the representation of one client will be directly adverse to another client; or (2) there is a significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client, a former client, or a third person, or by a personal interest of the lawyer." *See Moulton v. United States Steel Corp.*, 581 F.3d 344 (6th Cir. 2009) (The Sixth Circuit ruled that an attorney cannot represent individuals who want to opt out of a settlement and individuals who wish to stay in the settlement as it is a violation of MRPC 1.7.)

In the context of litigation, the primary thrust of Rule 1.7(b) is to ensure effective representation by prohibiting divided loyalties to multiple clients whose interests are, or may potentially become, conflicted during the litigation. As the comments to MRPC 1.7 explain,

> Loyalty to a client is … impaired when a lawyer cannot consider, recommend, or carry out an appropriate course of action for the client because of the lawyer's other responsibilities or interests. The conflict

3

> in effect forecloses alternatives that would otherwise be available to the client. Paragraph (b) addresses such situations…
>
> Simultaneous representation of parties whose interests in litigation may conflict, such as coplaintiffs or codefendants, is governed by paragraph (b). An impermissible conflict may exist by reason of substantial discrepancy in the parties' testimony, incompatibility of positions in relation to an opposing party, **or the fact that there are substantial different possibilities of settlement of the claims or liabilities in question**. Such cases can arise in criminal cases as well as civil.

Comments, MRPC 1.7 (emphasis added).

Thus, "[b]ecause the interest sought to be protected by Model Rule 1.7 is one of loyalty, a per se rule of disqualification should be applied when the rule is breached." *El Camino*, 2007 WL 2710807, at *17 (citation and quotation marks omitted). Accordingly, the proper remedy for a conflict of interest is to disqualify the conflicted counsel from the litigation entirely. *El Camino*, 2007 WL 2710807, at *12. ("The courts universally hold that a law firm will not be allowed to drop a client in order to resolve a direct conflict of interest, thereby turning a present client into a former client… [A] law firm that knowingly undertakes adverse concurrent representation may not avoid disqualification by withdrawing from representation of the less favored client before hearing.")

Here, Mr. Cuker filed 12 objections to the Settlement on behalf of his clients and simultaneously registered 980 clients. *See* ECF Nos. 1463, 1469, 1471, 1478, 1479, 1484, 1485, 1488, 1489, 1492, 1493, 1534, 1536, 1537, 1538, and 1557; *see also* and ECF No. 1897-1, PageID.66375. This position is directly averse to his

4

clients in this case because these parties' financial interests may conflict. Mr. Cuker's simultaneous representation of registered Flint residents and zealously advocating for his objecting clients creates significant risks to both those groups of clients. Thus, because the Court has approved the partial settlement, Mr. Cuker still owes a duty to those clients who have objected and wish to appeal or file motions to reconsider the Court's final approval order, which is exactly what Mr. Cuker has done. *See* Motion for Reconsideration, ECF No. 2021.

MRPC 1.7 requires lawyers to inform *all* clients that he or she has filed objections to the settlement on behalf of several of their clients. The clients who are registered for the settlement *must* be informed of his or her objections. *See also* Judge J. Farah's June 10, 2021 order in *In Re Flint Water Litigation*, Case No. 17-108646. Judge Farah ordered the Fieger Law Firm to resolve an existing conflict with their clients – one client was registered for the settlement while the others opposed the settlement. The Fieger Law Firm discontinued their representation of the registered client.

Mr. Cuker has conflicts of interest that violate the Model Rules and prevent him from representing his non-objecting clients. MRPC 1.7(b), which applies here with full force, forbids the representation of a client where "representation of that client may be materially limited by the lawyer's responsibilities to another client."

5

Mr. Cuker's conflicted interests in zealously representing objecting and non-objecting clients unmistakably run afoul of MRPC 1.7(b).

Moreover, "it is impossible for an attorney to argue on behalf of one client that the Court should approve the mediated settlement and on behalf of another client that the Court should reject the same mediated settlement. This situation creates a classic conflict of intertest." Expert Report of Robert E. Hirshon, dated July 7, 2021 (attached hereto as Exhibit A).

Pursuant to well-established case law, an attorney cannot provide effective assistance of counsel where an actual or potential conflict of interest exists. Here, Mr. Cuker cannot reasonably believe that his representation will not adversely affect his clients because they have opposing interests in this case. Mr. Cuker cannot be loyal to his objecting clients when his non-objecting clients want the partial settlement to proceed. There is no evidence in the record of Mr. Cuker's clients waiving his conflict.

## II. MR. CUKER HAS ALIGNED WITH NON-SETTLING DEFENDANTS AND SHOULD BE DISQUALIFIED AS COUNSEL

Mr. Cuker has repeatedly objected to the inclusion of XRF bone scans in this settlement, despite utilizing the same technology decades ago and his attempts to have dozens of his clients tested in early 2021. Weeks before the July 2021 Fairness Hearings, and long after the deadline to file objections had passed on March 29, 2021, Mr. Cuker filed a supplemental opposition brief to the proposed partial

6

settlement on June 24, 2021, attaching non-settling Defendant VNA's Motion to Exclude Dr. Aaron Specht under *Daubert*. *See* ECF No. 1839. In the Final Approval Order, this Court recognized the problematic nature of Mr. Cuker's support of VNA's *Daubert* Motion:

> [t]he Chapman/Lowery Objectors' counsel's alliance with Veolia—whom his clients have ongoing litigation against—is troubling. Thirty-eight of Chapman/Lowery Objectors' counsel's clients obtained bone lead level tests that he now argues are both unsafe and unreliable. Those clients are in an unenviable position now that their lawyer is siding with a non-settling Defendant.

ECF No. 2008, PageID.69683-4.

Mr. Cuker's reliance and adoption of VNA's *Daubert* Motion is a potential violation of MRPC 1.7, because he has violated his ethical duty to his clients with active claims against VNA.

## CONCLUSION

Accordingly, the Court should grant Co-Liaison's Counsel's motion to disqualify Mr. Cuker from the litigation, and for such other and further relief the Court deems just and proper.

Respectfully submitted,

Dated: December 6, 2021

**NAPOLI SHKOLNIK PLLC**

By: /s/ Hunter Shkolnik
Hunter Shkolnik, #2031458NY
360 Lexington Avenue, 11th Floor

7

New York, NY, 10017
(212) 397-1000
hunter@napolilaw.com

*Co-Liaison Counsel for the Individual Cases*

## CERTIFICATE OF SERVICE

I hereby certify that on December 6, 2021, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing upon counsel of record.

Dated: December 6, 2021

_____/s/ Patrick J. Lanciotti_____