# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

*In re* Flint Water Cases.

Judith E. Levy
United States District Judge

—————————————/

This Order Relates To:

ALL CASES

—————————————/

## ORDER DENYING MELVIN JONES, JR.'S REQUEST FOR PERMISSION TO APPEAL [2013], DENYING RULE 60 MOTION [2049], DENYING MOTION FOR RECONSIDERATION [2050], DENYING MOTION AND AMENDED MOTION TO DISQUALIFY COUNSEL [2058, 2059], AND DENYING MOTION FOR JOINDER OF APPEALS [2061]

This Order addresses several filings by Melvin Jones.[1]

Between November 8, 2021 and today, Jones has filed 20 items

---

[1] Jones has indicated in several of his filings that he has a vision impairment and requires large print. Accordingly, this Opinion and Order is issued in 16-pt. font.

on the docket in the Flint Water Cases (*See* Case No. 5:16-cv-10444.) Specifically:

- On November 8, 2021, Jones filed a Notice of Appeal (ECF No. 2011) of the Court's Opinion and Order Granting Plaintiffs', State Defendants', Rowe's, and the McLaren Defendants' Stipulated Order and Granting the Flint Defendants' Motion to File a Sur-Reply (ECF No. 1993);

- On November 19, 2021, Jones filed a Request for Permission to Appeal (ECF No. 2013) both: (1) the Court's Opinion and Order Granting Final Approval of a Partial Settlement (ECF No. 2008); and (2) the Court's Order Adopting the Special Master's Report and Recommendation (ECF No. 2010);

- On November 23, 2021, Jones filed:

  - A Notice of Appeal (ECF No. 2016) of the Court's Order Adopting the Special Master's Report and Recommendation (ECF No. 2010);

  - An Amended Notice of Appeal (ECF No. 2016) of the Court's Order Adopting the Special Master's Report and Recommendation (ECF No. 2010);

- On November 24, 2021, Jones filed:

  - A Notice of Appeal (ECF No. 2025) of the Court's Order Authorizing the Use of Notices and Other

2

Forms for Claims Administration under the Amended Settlement Agreement (ECF No. 2001);

- An Amended Notice of Appeal (ECF No. 2026) of the Court's Opinion and Order Granting Final Approval of a Partial Settlement (ECF No. 2008);

- On November 29, 2021, Jones filed:

  - A Second Notice of Appeal (ECF No. 2027) of the Court's Opinion and Order Granting Final Approval of a Partial Settlement (ECF No. 2008);

  - A Notice of Appeal (ECF No. 2028) of the Court's Order Authorizing Distribution of Funds from the Qualified Settlement Fund for Payment of the Master Guardian Ad Litem Fees for July 23, 2021 to October 7, 2021 (ECF No. 2004);

  - A Notice of Appeal (ECF No. 2029) of the Special Master's Report (ECF No. 2009);

  - Objections (ECF No. 2035) to the Court's Notice of Intent to Appoint Retired Magistrate Judge Mona K. Majzoub as a Facilitative Mediator (ECF No. 2024);

- On November 30, 2021, Jones filed a Third Amended Notice of Appeal (ECF No. 2038) of the Court's Opinion and Order Granting Final Approval of a Partial Settlement (ECF No. 2008);

3

- On December 2, 2021, Jones filed a Fourth Amended Notice of Appeal (ECF No. 2042) of the Court's Opinion and Order Granting Final Approval of a Partial Settlement (ECF No. 2008);

- On December 3, 2021, Jones filed a Second Amended Notice of Appeal (ECF No. 2046) of the Court's Opinion and Order adopting the Special Master's Report and Recommendation (ECF No. 2010);

- On December 6, 2021, Jones filed:

  - A Third Amended Notice of Appeal (ECF No. 2047) of the Court's Order Adopting the Special Master's Report and Recommendation (ECF No. 2010);

  - A Fourth Amended Notice of Appeal (ECF No. 2048) of the Court's Order Adopting the Special Master's Report and Recommendation (ECF No. 2010);

  - A Rule 60 Motion (ECF No. 2049);

  - A Motion for Reconsideration (ECF No. 2050) of the Court's Opinion and Order Granting Final Approval of a Partial Settlement (ECF No. 2008);

- On December 7, 2021, Jones filed:

- A Motion to Disqualify the Napoli Shkolnik Law Firm (ECF No. 2058);

- An Amended Motion to Disqualify the Napoli Shkolnik Law Firm and Attorney Corey Stern (ECF No. 2059); and

- On December 8, 2021, Jones filed an Emergency Motion for Joinder of his Notices of Appeal. (ECF No. 2061).

For the reasons set forth below, the Court denies the six items that are before this Court for a decision. (ECF Nos. 2013, 2049, 2050, 2058, 2059, 2061.) The Court also enjoins Jones from filing anything further on any of the Flint Water Case dockets and from filing new cases related to the same or similar subject matter, absent prior leave of the Court.

## I.   Background

Jones's position regarding the Flint Water Crisis and partial settlement are familiar to the Court. On April 27, 2021, Jones filed a lawsuit, originally against "Veolia North," which was assigned to this Court. (*See* Case No. 5:21-cv-10937.) By May 24, 2021, he had filed 79 docket entries in that case, and

had sent the Court's staff and Clerk of the Court's office over 350 e-mails. (*Id*. at ECF No. 80, PageID.1251–1252.) Jones's complaint was dismissed, and the Court enjoined him from any filings on that docket and from sending e-mails to the Court, absent leave of the Court. (*Id*. at PageID.1260–1261.)

Years before, Jones similarly engaged in prolific filings in another case in the Eastern District of Michigan, *Jones v. Mich. Dept. of Civ. Rights*, Case No. 2:18-cv-11934, before Hon. Marianne O. Battani. He was enjoined from additional filings and was sanctioned in that case.

On March 2, 2021, the Sixth Circuit, in denying Jones relief related to one of several requests related to the Flint Water Cases, stated:

> Finally, we note that Jones has a history of vexatious litigation and of filing multiple duplicative actions before the district court and this court. Both the district court and this court have previously imposed filing restrictions. Jones already has filed four mandamus petitions involving the Flint Water Crisis

6

that seek essentially the same relief. There is no indication, however, that Jones is involved in the underlying litigation or eligible for recovery. In the absence of any documentation that he has filed a claim that has been rejected, or that he has been affected adversely by any order of the district court, his continued filings are taking up considerable resources and time. Should Jones follow the procedures for filing a claim with ARCHER, he will receive documentation verifying that he has done so. See *Flint Water Official Settlement Website− More Information*, http://www.officialflintwatersettlement.com/faq (last visited Feb. 23, 2021).

*In re Melvin Jones Jr.*, Sixth Circuit Case No. 21-1174, ECF No. 66-2, Page 6–7.

## II.   Analysis

### A.  Jones May Not Have a Right to Appeal the Final Approval Order

While it is the Court's understanding that Jones may have registered to participate in the settlement, Jones did not file any objections to it. (*See* Case No. 5:16-cv-10444 (indicating no objections to the settlement from Jones).) As set forth in the Court's Opinion and Order Granting Final Approval of a Partial

7

Settlement (ECF No. 2008), the Amended Settlement Agreement set forth a clear and orderly process and procedure for filing objections. *See In re Flint Water Cases*, --F. Supp. 3d -, No. 16-cv-10444, 2021 WL 5237198, at *10–11 (E.D. Mich. Nov. 10, 2021). Jones elected not to object. Accordingly, he therefore likely does not have a right to file any appeals related to the settlement.

A nonparty member of a class may appeal a final approval order. *Fidel v. Farley*, 534 F.3d 508 (6th Cir. 2008). However, in *Fidel,* and in other final approval appeals in the Sixth Circuit, the appellant objected to the settlement with the district court before bringing an appeal. *Id., and s*e*e, e.g., Moulton v. United States Steel Corp.*, 581 F.3d 344 (6th Cir. 2009) (indicating that appellants' objections were heard at the final fairness hearing and that the district court addressed and rejected the objections prior to the appeal); *and see Gascho v. Global Fitness Holdings, LLC*, 822 F.3d 269 (6th Cir. 2016) (indicating that the district

8

court addressed and rejected each objection in its final approval order and the objectors appealed). If indeed Jones had timely objected to the settlement, then perhaps he could appeal (assuming he is a qualifying member of the settlement class). Moreover, the Court has not entered a final judgment related to the final approval order, making any appeal at this time improper.

## B. The Request for Permission to Appeal is Denied, the Motion Under Rule 60 is Denied, and the Motion for Reconsideration is Denied

Jones filed a request for permission to appeal two of the Court's orders, which the Court construes as a request for certification of an interlocutory appeal. (*See* ECF No. 2013, requesting permission to appeal ECF Nos. 2008 and 2010). A district judge may certify an order for interlocutory appeal when the Court is of the opinion that "[1] such [an] order involves a controlling question of law [2] as to which there is substantial ground for difference of opinion and that [3] an immediate

9

appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C.A. § 1292(b) (2021). The decision to certify an order for interlocutory appeal is a discretionary matter. *See In re Trump*, 874 F.3d 948, 951 (6th Cir. 2017); *see also* 16 Charles Alan Wright *et al.*, *Federal Practice and Procedure* § 3930 (3d ed.).

The first factor is whether the underlying order "involves a controlling question of law." The Order Adopting the Special Master's Report and Recommendation (ECF No. 2010) involves no such question. Rather, it regards the Special Master's evaluation of Opt-Out forms submitted in connection with the partial settlement and the Court's adoption of the Special Master's recommendations in that regard. The underlying Report and Recommendation is almost entirely a recitation of facts connected to certain opt-out forms. Accordingly, Jones's request to appeal the Order Adopting the Special Master's Report and Recommendation is denied.

Jones also seeks to appeal the Court's Opinion and Order Granting Final Approval of the Partial Settlement. (ECF Nos. 2008, 2013.) However, judgment has not yet been entered on this Order and in any event, Jones does not challenge any controlling questions of law in his filing. (*Id.*) Rather, his 245-page document ranges from topics such as links to a Michael McDonald song on YouTube (ECF No. 2013, PageID.69754), to arguments that cannot be understood even when read in the most liberally-construed light. Many of the issues he covers in his motion are a re-hash of the topics made in Jones's previous cases before this Court and the Sixth Circuit, and all of these arguments were rejected.

To the extent Jones argues that this Court "misapplied the law" (*see* ECF No. 2013, PageID.69760) when granting final approval of the partial settlement, he does not explain his position or provide any supportive legal arguments. Accordingly, the Court denies Jones's request for permission to

11

appeal the Opinion and Order Granting Final Approval of a Partial Settlement.

Jones filed both a motion to reconsider and a Rule 60 motion related to the Court's Opinion and Order Granting Final Approval of a Partial Settlement. (ECF Nos. 2049, 2050.) However, Jones already filed appeals, and several amendments, to the Opinion and Order Granting Final Approval of a Partial Settlement, so a motion for reconsideration and Rule 60 motion are improper. The Court, despite its best efforts, cannot make heads or tails of these two filings, neither of which substantively address any legal arguments related to the Opinion and Order Granting Final Approval of a Partial Settlement. From what the Court can tell, Jones's motion for reconsideration largely duplicates his motion for leave to appeal, which the Court has already denied. Jones's Rule 60 Motion appears to attribute some sort of scheme between this Court and others, which Jones apparently based on an interview that Co-Liaison Counsel gave

to a media outlet. Other than Jones's attachment of the interview to his filings, this interview is not part of the record of this case and cannot form the basis for this motion. Accordingly, Jones's motions are denied. (ECF Nos. 2049, 2050.)

## C. Jones's Motion and Amended Motion to Disqualify Counsel Are Denied and Jones' Motion for Joinder of His Appeals is Denied

Jones filed a motion to disqualify Napoli Shkolnik (ECF No. 2058) followed by an amended motion seeking disqualification of both Napoli Shkolnik and Corey Stern (ECF No. 2059.) Both motions are denied. Neither provides a legal or factual basis, whatsoever, for disqualifying these attorneys. For example, the amended motion indicates, as best the Court can understand it, that Jones may have been a client of Napoli Shkolnik at some point, but is no longer, and that this decision "hurt" him. (*See* ECF No. 2059, PageID.71464.) He also argues that these counsel should have their fee reduced to a "max $1,000,000.xx" for the entire litigation related to the Flint Water

13

Crisis. (*Id*.) He then attaches much of the same content contained in his Rule 60 Motion, which the Court has already rejected. (*See id*. at PageID.71469–71486.) As set forth above, Jones did not file an objection to the partial settlement or the Plaintiffs' attorney fee motion, which is still pending with this Court. Accordingly, Jones's motion for a reduction in fees is not timely.

Nor do Jones's arguments that Napoli Shkolnik may have unfairly severed its relationship with him as a client rise to the level that would warrant their disqualification. It would not be surprising if Napoli Shkolnik parted ways with Jones because he sued the firm and accused both Shkolnik and Stern of ethical violations. (*See Jones v. Veolia North*, Case No. 5:21-cv-10937, ECF No. 26 (adding "the Napoli Law Firm" as a defendant), ECF Nos. 36, 37 (declaring Stern and Shkolnik allegedly acted in a way that constitutes ethical violations).) Jones's motion for disqualification and his amendment are denied.

14

Jones filed a document entitled "Motion for Joinder of [all] of my NOTICE of appeals filed in the instant district court case INTO (one) 1 appeal in the 6th Circuit Court of Appeals." (ECF No. 2061, PageID.71499 (brackets and capitals in original).) This request does not have any legal basis, nor is it this Court's role to determine which appeals before the Sixth Circuit will be consolidated. Rather, that decision lies with the Court of Appeals. *See* Fed. R. App. Proc. 3(b)(2) ("When the parties have filed separate timely notices of appeal, the appeals may be joined or consolidated by the court of appeals."). Accordingly, Jones's request is denied.

### D. Jones is Enjoined from Further Filings in the Flint Water Cases Absent Leave of the Court

The remainder of Jones's filings on the docket in this case are duplicative, difficult to follow, and purport to provide notice of appeal regarding orders and reports that are not appealable under the Federal Rules of Appellate Procedure. (*See* ECF No.

2011 (noticing appeal to ECF No. 1993, which is an unappealable order granting leave to a party to file a sur-reply); ECF Nos. 2016–2017, 2046–2048 (noticing appeal to ECF No. 2010, which (as set forth above) is an unappealable order adopting the Special Master's Report and Recommendation regarding Opt-Outs to the Settlement); ECF No. 2025 (noticing appeal to ECF No. 2011, which is an unappealable order authorizing the use of certain notices and other forms related to the partial settlement); ECF No. 2028 (noticing appeal to ECF No. 2004, which is an unappealable order authorizing payment of the Master Guardian Ad Litem's fees); ECF No. 2029 (noticing appeal to ECF No. 2009, which is an unappealable Special Master Report).) Even if these orders and reports were appealable, Jones need not have filed every iteration of his draft on the docket with this Court.

Jones also purports to object to the Court's notice of intent to appoint Retired Judge Mona K. Majzoub as a facilitator in

the Flint Water Cases. However, even if Jones is entitled to object, which at this stage is not clear, he does not provide any reasons why Judge Majzoub should be disqualified. In fact, quite the opposite, where he states that he hopes she could attempt to help him resolve his cases and claims pending with the Sixth Circuit. (ECF No. 2035, PageID.70904.) This is not the purpose for which the Court is considering appointing Judge Majzoub. Jones's position on the matter is rejected.

For all of the reasons explained above, Jones is enjoined from making additional filings in any of the Flint Water Cases. He is also enjoined from filing new cases regarding the same subject matter. **To be clear: no further filings will be accepted from Jones absent leave of the Court.** In order to obtain leave, Jones must certify that the filings he presents have not been raised and disposed of in this Court or in the Court of Appeals and that they set forth a claim for relief as

well as the basis for that claim. Any proposed filing must be described in a summary of no more than two pages.

## III.   Conclusion

In sum, Jones's request for leave (ECF No. 2013) and motions (ECF Nos. 2049, 2050, 2058, 2059, 2061) are denied. Jones is enjoined from further filings without prior approval of the Court, as set forth above.

**IT IS SO ORDERED.**

Dated: December 8, 2021          s/Judith E. Levy
Ann Arbor, Michigan              JUDITH E. LEVY
                                 United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First-Class U.S. mail addresses disclosed on the Notice of Electronic Filing on December 8, 2021.

                                 s/William Barkholz
                                 WILLIAM BARKHOLZ
                                 Case Manager