# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

*In re* Flint Water Cases.

Judith E. Levy
United States District Judge

_____/

This Order Relates To:

ALL CASES

_____/

# ORDER APPOINTING FACILITATIVE MEDIATOR PURSUANT TO EASTERN DISTRICT OF MICHIGAN LOCAL RULE 16.4

On November 29, 2021, the Court issued a notice of intent to appoint (Ret.) Magistrate Judge of the United States District Court of the Eastern District of Michigan Mona K. Majzoub as facilitative mediator in this case pursuant to E.D. Mich. Local R. 16.4. (ECF No. 2024.) All parties were given until December 8, 2021 to file objections or submit alternative names for consideration. No objections or alternative names were submitted.[1]

---

[1] The Court addressed and rejected one filing purporting to be an objection, but was actually a request by a pro se individual seeking Ret. Judge Majzoub's assistance resolving certain of his appeals. (*See* ECF No. 2062, PageID.71519–71520.)

In the interest of facilitating the resolution of the disputes outlined in the complaints filed in these cases, the Court appoints (Ret.) Magistrate Judge of the United States District Court of the Eastern District of Michigan Mona K. Majzoub as facilitative mediator ("Mediator") pursuant to E.D. Mich. Local R. 16.4.

It is further ordered as follows:

1. The Mediator's authority extends to facilitating settlement discussions regarding all issues raised by the pleadings in these cases. The Mediator will not adjudicate, or assist the Court with adjudicating, any issues in these proceedings.

2. The Settlement Process

    a. The Mediator has the authority to schedule, at her discretion, any settlement discussions; to decide who will participate in the discussions, including which party representatives and insurers are needed; to recommend to the Court that non-parties be encouraged or ordered to participate in the mediation process; and to choose where and how the discussions are to occur. At the request of the Mediator, parties or individuals with settlement authority and their respective counsel of record are required to attend the facilitative mediation sessions.

b. The Mediator, counsel and parties, and any other persons participating in settlement discussions will treat as "confidential information" the contents of any written settlement statements or other settlement-related communications, anything that happened or was said, and any position taken or view expressed by any participant in connection with any settlement conference or discussion. "Confidential information" will not be:

(i) Disclosed to anyone not a representative of a participant in the settlement discussions as defined by the Mediator in accordance with paragraph 2(a) or serving as counsel to a participant in the mediation process;

(ii) Disclosed to the Court except as provided by paragraph 2(d); or

(iii) Used for any purpose, including impeachment, in any pending or future proceeding.

All information disclosed during the mediation sessions, including the conduct and demeanor of the parties and their counsel during the proceedings, shall remain confidential, and will not be disclosed to any

other party or to this Court, without the consent of the party about whom the information is disclosed. The Mediator may not be called as a witness, nor may the Mediator's records be subpoenaed or used as evidence.

      c. The Mediator serves as a facilitative mediator only and will not decide issues of law or make findings of fact. The Mediator determines the length and timing of the session(s) and the order in which issues are presented, and will send a notice of the agreed upon time and place to all participating parties. To facilitate settlement discussions, the Mediator may have *ex parte* communications with any party and party representative. If a party does not want the Mediator to share any of the contents of an *ex parte* communication with another party, the sharing party will make that desire clear to the Mediator.

      d. Notwithstanding paragraph 2(b)(ii) above, at the agreement of participating parties, the Mediator may communicate "confidential information" to the Court without violating this Order or the rules governing confidentiality of settlement discussions. The Mediator may also communicate with the Court regarding procedural issues and updates on the progress of settlement communications. The

Mediator will not communicate any substantive settlement matters to the Court absent the participating parties' agreement.

3. Appointment of the Mediator will not delay or modify any time period relating to the disposition of these cases, and no case management deadlines will be extended without express order of the Court.

4. Co-Lead Class Counsel and Co-Liaison Counsel for Individual Plaintiffs and defense counsel will jointly compensate the Mediator and any personnel working under their direction at their hourly rates. The Mediator may incur necessary expenses and costs at reasonable amounts to permit them to fully facilitate settlement of this action, and Co-lead Class Counsel, individual Liaison Counsel, and defense counsel will jointly reimburse the Mediator for such costs and expenses. Such costs and expenses may include, but are not limited to, the engagement of additional necessary personnel.

Co-Lead Class Counsel and Co-Liaison Counsel for Individual Plaintiffs will pay one-half of all hourly rates, expenses, and costs, and defense counsel will pay one-half of all hourly rates, expenses, and costs incurred by the Mediator. Any disputes regarding compensation, costs and expenses, or the allocation of payment of such fees and costs among

5

the parties, will be brought to the Court's attention.

IT IS SO ORDERED.

Dated: December 13, 2021　　　　s/Judith E. Levy
Ann Arbor, Michigan　　　　　　　JUDITH E. LEVY
　　　　　　　　　　　　　　　　United States District Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First-Class U.S. mail addresses disclosed on the Notice of Electronic Filing on December 13, 2021.

　　　　　　　　　　　　　　　　s/William Barkholz
　　　　　　　　　　　　　　　　WILLIAM BARKHOLZ
　　　　　　　　　　　　　　　　Case Manager