## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

Elnora Carthan, et al.,

      Plaintiffs,

v

Governor Rick Snyder, et al.,

      Defendants.

Docket: 5:16-cv-10444
Hon. Judith E. Levy
Mag. Judge Elizabeth A. Stafford

_____/

### DEFENDANTS LOCKWOOD, ANDREWS & NEWMAN, INC., LOCKWOOD ANDREWS & NEWMAN, P.C., AND LEO A. DALY COMPANY'S MOTION TO STAY BRIEFING ON CLASS PLAINTIFFS' MOTION FOR APPROVAL OF THE FORM AND MANNER OF CLASS NOTICE OR, IN THE ALTERNATIVE, FOR EXTENSION OF TIME

Defendants Lockwood, Andrews & Newman, Inc., Lockwood Andrews & Newman, P.C., and Leo A. Daly Company (LAN) move to stay briefing on Plaintiffs' Motion for Approval of the Form and Manner of Class Notice, ECF 2041. In the alternative, LAN moves for an extension of time until January 12, 2022 to respond to Plaintiffs' motion.

This Court should stay briefing on Plaintiffs' motion for approval for the form and manner of class notice because LAN has petitioned the Sixth Circuit for review of the class certification. Their petition was filed on September 15, 2021 and is pending before the Court in Docket No 21-105. Briefing on the petition was completed in October of 2021. But the Sixth Circuit has not yet decided whether to grant or deny the petition and review the class

certification order, and if so, whether to uphold, modify, or vacate the certification order.

If the Court grants the petition, class certification may be denied or the Court may alter the class definitions, change the issues identified for class treatment, or decertify the classes in whole or in part. If that happens, the required contents of the notice will change, and any prior litigation about the form and manner of class notice will have been a waste of this Court and the parties time and resources.

Equally problematic, if the class notice is provided to potential class members before the Sixth Circuit's ruling, and the Court changes any aspect of the class-certification order, a second notice will be required to correct and alter the contents. This will undoubtedly cause confusion amongst potential class members.

To avoid the unnecessary cost and potential confusion created by approving and providing class notice before the Sixth Circuit appellate proceedings have been concluded, Defendants urge this Court to hold the motion in abeyance until the appellate proceedings regarding class certification have been concluded. This Court should therefore stay briefing on Plaintiffs' motion until after the Sixth Circuit has resolved the pending Rule 23(f) petition.

In the alternative, Defendants request this Court to extend the time for responsive briefing regarding the form and manner of class notice. The parties have not engaged in a substantive meet-and-confer about the contents of the proposed class notice or the manner in which the notice will be disseminated to the class. LAN also needs additional time to respond due to the upcoming holidays, the December 14 deadline for motions in limine, and the need to prepare for the upcoming bellwether trial. LAN therefore seeks until January 12, 2022 to respond.

As Local Rule 7.1(a) requires, LAN has conferred with Plaintiffs' counsel concerning this motion. After LAN explained the nature and basis for the motion, Plaintiffs' counsel did not concur.

Respectfully submitted,

/s/ Wayne B. Mason
Wayne B. Mason (SBOT 13158950)
Travis S. Gamble (SBOT 00798195)
S. Vance Wittie (SBOT 21832980)
David C. Kent (SBOT 11316400)
FAEGRE DRINKER BIDDLE & REATH
1717 Main St., Suite 5400
Dallas TX 75201
(469) 227-8200
wayne.mason@faegredrinker.com
travis.gamble@faegredrinker.com
vance.wittie@faegredrinker.com
david.kent@faegredrinker.com

/s/ Philip A. Erickson
Philip A. Erickson (P37081)
PLUNKETT COONEY
101 S. Washington Sq, Ste 1200
Lansing, MI 48933
(517) 324-5608
perickson@plunkettcooney.com

*Attorneys for Defendants Lockwood, Andrews & Newman, Inc., Lockwood Andrews & Newman, P.C., and Leo A. Daly Company*
Dated: December 15, 2021

3

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

Elnora Carthan, et al.,                    Docket: 5:16-cv-10444
                                           Hon. Judith E. Levy
            Plaintiffs,                    Mag. Judge Elizabeth A. Stafford

v

Governor Rick Snyder, et al.,

            Defendants.
_____/


**DEFENDANTS LOCKWOOD, ANDREWS & NEWMAN, INC.,
LOCKWOOD ANDREWS & NEWMAN, P.C., AND LEO A. DALY COMPANY'S BRIEF IN
SUPPORT OF THEIR MOTION TO STAY BRIEFING OF PLAINTIFFS' MOTION FOR
APPROVAL OF THE FORM AND MANNER OF CLASS NOTICE OR, IN THE
ALTERNATIVE, FOR EXTENSION OF TIME**

## STATEMENT OF THE ISSUE PRESENTED

SHOULD THIS COURT STAY BRIEFING ON PLAINTIFFS' MOTION FOR APPROVAL OF THE FORM AND MANNER OF CLASS NOTICE UNTIL AFTER THE SIXTH CIRCUIT HAS RESOLVED LAN'S PENDING RULE 23(F) PETITION, OR, IN THE ALTERNATIVE, EXTEND THE TIME FOR LAN TO RESPOND TO THE MOTION UNTIL JANUARY 12, 2022?

Defendants Lockwood, Andrews & Newman, Inc., Lockwood Andrews & Newman, P.C., and Leo A. Daly Company answer, "Yes."

Plaintiffs answer, "No."

# INDEX OF AUTHORITIES

## Cases

*Clinton v Jones*,
  520 U.S. 681 (1997).................................................................................... 4
*Gould v. Wood/Chuck Chipper Corp.*,
  229 F.3d 1151 (6th Cir. 2000) ................................................................. 5
*Hudock v. LF Electronics U.S.A., Inc.*,
  No. 16-1220, 2020 WL 5849204, at * 1 (D. Minn. Oct. 10, 2020)........................ 8
*In re Air Crash Disorder*,
  86 F.3d 498 (6th Cir. 1996) ..................................................................... 5
*In re Freight Fuel Surcharge Antitrust Litigation*,
  286 F.R.D. 88 (D.D.C. 2012) ................................................................... 6
*In re Polyurethane Foam Antitrust Litigation*,
  No. 10-md-2196, 2014 WL 12591692, at *5 (N.D. Ohio May 16, 2014) ...... 6, 8
*In re Rail Freight Fuel Surcharge Antitrust Litig.*,
   286 F.R.D. at 94....................................................................................... 10
*In re Urethane Antitrust Litigation*,
  2006 WL 3021126 at *3 (D. Kan. 2006)........................................................ 6
*Jenkins v. Hyundai Motor Financial Corp.*,
  No. C2004-720, 2008 WL 2268319, at * 4 (S.D. Ohio June 2, 2008) .................. 7
*Landis v. N. Am. Co.*,
  299 U.S. 248 (1936)................................................................................. 4
*Powell v. Tosh*,
  No. 5:09-CV-121, 2012 WL 1202289 at * 5 (W.D. Ky April 10, 2012) .............. 7
*Reyes v. Educ. Credit Mgmt. Corp.*,
  No. 15-cv-0628, 2017 WL 4640418, at *5 (S.D. Cal. Oct. 17, 2017) ................... 8
*Whitlock v. FSL Management, LLC*,
  No 10-cv-0562, 2012 WL 6674124, at *3 (W.D. Ky. Dec. 21, 2012) .................. 7

## Other Authorities

Fed. Jud. Ctr., MANUAL FOR COMPLEX LITIGATION, Fourth § 21.28 (2004)................... 7
Fed. Jud. Ctr., MANUAL for COMPLEX LITIGATION § 21.28 (4th ed. 2008)..................... 7

## INTRODUCTION

Plaintiffs moved for approval of the manner and form of class notice. ECF 2041. Their motion is premature because LAN's petition for review of the class certification decision is pending before the Sixth Circuit, See Pet., No 21-105, (6th Cir. Sept. 15, 2021). The Sixth Circuit has not yet granted or denied review or issued any decision concerning the class-certification order. It may alter or vacate the class definitions, change the issues to be certified, or vacate certification completely. The Court should therefore stay briefing on the motion until after the Sixth Circuit has resolved the pending Rule 23(f) petition. Alternatively, the Court should extend the time to respond until January 12, 2022 to allow needed time and to allow the parties to meet and confer regarding the form and manner of class notice.

## STANDARD OF REVIEW

A district court has "broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v Jones*, 520 U.S. 681, 707 (1997). This power is part of the district court's authority to control "the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.,* 299 U.S. 248, 254-55 (1936). See also F.R.C.P. 1. The district court's discretion is especially broad where, as here, the parties do not seek a stay of the entire litigation, but

4

merely a particular aspect of pre-trial litigation. *In re Air Crash Disorder,* 86

F.3d 498, 516 (6th Cir. 1996).  The appellate courts will not reverse a district

court's exercise of discretion in matters of pretrial management, scheduling,

and docket control absent a showing of a clear error in judgment causing

actual and substantial prejudice to the complaining litigant. Id. See also *Gould*

*v. Wood/Chuck Chipper Corp.*, 229 F.3d 1151 (6th Cir. 2000).

ARGUMENT

THIS COURT SHOULD STAY BRIEFING ON PLAINTIFFS' MOTION FOR APPROVAL
OF THE FORM AND MANNER OF CLASS NOTICE UNTIL AFTER THE SIXTH
CIRCUIT HAS RESOLVED LAN'S PENDING RULE 23(F) PETITION, OR, IN THE
ALTERNATIVE, EXTEND THE TIME FOR LAN TO RESPOND TO THE MOTION
UNTIL JANUARY 12, 2022

**A.    Briefing on Plaintiffs' motion about class notice is properly stayed
to conserve the time and resources of the parties and the court and
to avoid potential and damaging confusion amongst potential class
members**

Staying briefing on Plaintiffs' motion to approve the form and manner of

class notice is appropriate here. Litigating the details of the form and manner

of class notice is premature while a Rule 23(f) petition remains pending.  It

may cause a waste of judicial time and the parties time and resources.  And if

the Sixth Circuit alters this Court's class-certification order, it has the potential

to cause the additional expense of a second notice to clarify and correct the

first one and to cause confusion among the public and class members. At the

5

same time, staying briefing and consideration of the form and manner of class notice will not cause harm to Plaintiffs.  The litigation, including preparation for upcoming bellwether trials, will continue. But this single issue will be put on hold until the Sixth Circuit has concluded its consideration of the pending petition.

"It is not uncommon for a district court to stay class notice pending resolution of a Rule 23(f) petition, while at the same time, allowing other aspects of class proceedings to continue according to an existing schedule." *In re Polyurethane Foam Antitrust Litigation*, No. 10-md-2196, 2014 WL 12591692, at *5 (N.D. Ohio May 16, 2014). The reasons district court regularly do so is to "avoid confusing absent class members with successive class notices" and the fact that "class notice is not a prerequisite to complete other litigation tasks (e.g., completing discovery) while the district court and parties await action from the court of appeals." Id. citing *In re Freight Fuel Surcharge Antitrust Litigation*, 286 F.R.D. 88, 94 (D.D.C. 2012) and *In re Urethane Antitrust Litigation*, 2006 WL 3021126 at *3 (D. Kan. 2006).

If the class notice is disseminated in this case before the Sixth Circuit resolves the pending Rule 23(f) petition, a second notice correcting and altering the contents may be required.  That is likely to create significant confusion among potential class members. *Whitlock v. FSL Management, LLC,*

6

No 10-cv-0562, 2012 WL 6674124, at *3 (W.D. Ky. Dec. 21, 2012). As one

district court explained, "[i]n cases involving Rule 23(f) appeals, district

courts ordinarily should stay the dissemination of class notice to avoid the

confusion and substantial expense of renotification that may result from

appellate reversal or modification." *Jenkins v. Hyundai Motor Financial Corp.*,

No. C2004-720, 2008 WL 2268319, at * 4 (S.D. Ohio June 2, 2008)(citing Fed.

Jud. Ctr., MANUAL FOR COMPLEX LITIGATION, Fourth § 21.28 (2004). Because

potential class members are bound unless they opt out, "voiding a previously

issued class notice could create significant issues regarding whether

additional action must be taken to alter any corrective notice that is received

by the class members." *Powell v. Tosh*, No. 5:09-CV-121, 2012 WL 1202289 at

* 5 (W.D. Ky April 10, 2012) citing Fed. Jud. Ctr., MANUAL FOR COMPLEX

LITIGATION § 21.28 (4th ed. 2008).

A stay is warranted here. If the Sixth Circuit agrees to review LAN's

Rule 23(f) petition, it could change the class definitions, alter the issues to be

resolved in common through class treatment, or decertify some or all the

classes. If that occurs, class notice may have been sent to potential class

members who are no longer eligible for a class, causing confusion for them.  At

the same time, this would create reputational injury to LAN. A second

corrective notice would be required, which would cause additional expense

and needless confusion for potential class members and the public. Any

motion practice that occurred would be a waste of resources and time for this

Court and the parties. LAN therefore requests this Court to temporarily stay

all proceedings related to class notice until the Rule 23(f) petition is resolved.

*Reyes v. Educ. Credit Mgmt. Corp.*, No. 15-cv-0628, 2017 WL 4640418, at *5

(S.D. Cal. Oct. 17, 2017).  Granting this relief will give this Court and the

parties a "better sense of where the case stands." *In re Polyurethane Foam*

*Antitrust Litigation*, No. 10-md-2196, 2014 WL 12591692, at *5 (N.D. Ohio

May 16, 2014). See also *Hudock v. LF Electronics U.S.A., Inc.,* No. 16-1220, 2020

WL 5849204, at * 1 (D. Minn. Oct. 10, 2020)("granting a stay will not impose

hardship on either party, as it will save both parties potentially unnecessary

class-related litigation costs and resources").

**B.    In the alternative, an extension of time to allow LAN to meet and confer with Plaintiffs and Respond to the Motion is properly granted until January 12, 2022**

If the Court is declines to temporarily staying briefing on Plaintiffs'

motion until after the Sixth Circuit resolves LAN's pending Rule 23(f) petition,

LAN requests that the Court extend the time for a response until January 12,

2022.

The parties have not yet had the opportunity to engage in meaningful

discussions about Plaintiffs' proposed class notice and the proposed manner

8

of its dissemination. At 11:30 a.m. on December 1, 2021, Plaintiffs' counsel sent a two-sentence email to counsel for LAN indicating that Plaintiffs "intend to file a motion asking the court to approve notice to the certified issues classes." The email contained no information concerning the content of the motion other than that it pertained to class notice. Plaintiffs' motion was filed on that same day. Thus, the parties have not had the opportunity to meet and confer regarding the form or contents of the motion. The parties should have that opportunity engage in substantive discussions before bringing their disagreements to this Court for resolution. Thus, additional time to respond is warranted.

In addition, the parties are engaged in preparation for the first bellwether trial in the near future. Motions in limine are due on December 14, 2021 and multiple other pre-trial filings will be required. The parties have collectively filed 31 motions in limine—13 by VNA, 11 by LAN and 7 by Plaintiffs. And some of the motions address numerous issues in one motion. In light of these ongoing matters and the upcoming holidays, LAN seeks an extension until January 12, 2022 to respond substantively to Plaintiffs' motion.

This Court has broad discretion about the timing of class action notices and so there is no urgency that would require the briefing to proceed without

9

additional time. See *In re Rail Freight Fuel Surcharge Antitrust Litig.,* 286 F.R.D. at 94. The extension will not prejudice class members because there is plenty of time for class notice to be sent and for an opt-out period to take place. Discovery is ongoing and no trial date for the class action has been scheduled yet.

## RELIEF

WHEREFORE, Defendants Lockwood, Andrews & Newman, Inc., Lockwood Andrews & Newman, P.C., and Leo A. Daly Company (LAN) respectfully request this Court to grant their Motion to Stay Briefing on Plaintiffs' Motion for Approval of Form and Manner of Class Notice until after the Sixth Circuit has decided LAN's pending Rule 23(f) petition. In the alternative, this Court should extend the time for LAN to respond to the motion until January 12, 2022.

Respectfully submitted,

/s/ Wayne B. Mason
Wayne B. Mason (SBOT 13158950)
Travis S. Gamble (SBOT 00798195)
S. Vance Wittie (SBOT 21832980)
David C. Kent (SBOT 11316400)
FAEGRE DRINKER BIDDLE & REATH
1717 Main St., Suite 5400
Dallas TX 75201
(469) 227-8200
wayne.mason@faegredrinker.com
travis.gamble@faegredrinker.com

/s/ Philip A. Erickson
Philip A. Erickson (P37081)
PLUNKETT COONEY
101 S. Washington Sq, Ste 1200
Lansing, MI 48933
(517) 324-5608
perickson@plunkettcooney.com

vance.wittie@faegredrinker.com
david.kent@faegredrinker.com

| ATTORNEYS FOR DEFENDANTS LOCKWOOD, ANDREWS & NEWNAM, INC. and LOCKWOOD, ANDREWS & NEWNAM, P.C. | ATTORNEYS FOR DEFENDANTS LOCKWOOD, ANDREWS & NEWNAM, INC. and LOCKWOOD, ANDREWS & NEWNAM, P.C. |

Dated:  December 15, 2021

## CERTIFICATE OF SERVICE

I hereby certify that on December 15, 2021, I electronically filed the foregoing document with the Clerk of the Court using the ECF System, which will send notification to the ECF counsel of record.

Respectfully submitted,

*/s/ Philip A. Erickson*

Open.25633.72611.27720566-1

11