UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| ELNORA CARTHAN, et al., | |
| Plaintiffs, | Case No. 5:16-cv-10444-JEK-MKM |
| v. | Hon. Judith E. Levy |
| RICK SNYDER, et al., | Magistrate Judge Elizabeth A. Stafford |
| Defendants. | |

_____

**DEFENDANTS VEOLIA NORTH AMERICA, LLC, VEOLIA NORTH AMERICA, INC., AND VEOLIA WATER NORTH AMERICA OPERATING SERVICES, LLC'S MOTION TO STAY BRIEFING ON PLAINTIFFS' MOTION FOR APPROVAL OF THE FORM AND MANNER OF CLASS NOTICE OR, IN THE ALTERNATIVE, FOR EXTENSION OF TIME**

Defendants Veolia North America, LLC, Veolia North America, Inc., and Veolia Water North America Operating Services, LLC (VNA) move to stay briefing on Plaintiffs' Motion for Approval of the Form and Manner of Class Notice, ECF No. 2041, PageID.71065-71114. In the alternative, VNA moves for an extension of time until January 12, 2022, to respond to Plaintiffs' motion.

The Court should stay briefing on Plaintiffs' motion because VNA has sought review of the Court's amended class-certification order under Federal Rule of Civil Procedure 23(f), and the Sixth Circuit has not yet acted on VNA's petition. *See* Pet., No. 21-104 (6th Cir. Sept. 8, 2021). Motion practice about the class notice is

1

premature. If the Sixth Circuit reviews the class-certification order, the court may alter the definitions of the classes, change the issues identified for class treatment, or even wholly de-certify the classes. If that happens, the required contents of the class notice will change, and any prior litigation about the class notice will have been a waste of time and resources for both the parties and this Court. Further, if the class notice is disseminated before the Sixth Circuit's ruling, and the Sixth Circuit later alters any aspect of the class-certification order or vacates it entirely, the class will then need to receive a second, corrective notice, which would needlessly confuse potential class members. The Court therefore should stay briefing on Plaintiffs' motion until after the Sixth Circuit has resolved the pending Rule 23(f) petition.

In the alternative, VNA seeks an extension of time in which to respond to Plaintiffs' motion. The parties have not engaged in a substantive meet-and-confer about the contents of the proposed class notice and the proposed manner in which notice will be disseminated to the class. VNA also needs additional time to respond due to the upcoming holidays, the December 15, 2021 deadline for motions in limine, and the need to prepare for the first bellwether trial. VNA therefore seeks an extension to respond until January 12, 2022.

As Local Rule 7.1(a) requires, VNA conferred with Plaintiffs' counsel concerning this motion. After VNA explained the nature and legal basis for the motion, Plaintiffs' counsel said that they would oppose the motion to stay, but would

consent to the alternative request for an extension of time for VNA's response. VNA will not object to a similar extension of time for Plaintiffs' reply, if Plaintiffs request that extension.

Respectfully submitted,

| | |
|---|---|
| **CAMPBELL, CONROY & O'NEIL P.C.** | **BUSH SEYFERTH PLLC** |
| By: */s/ James M. Campbell*<br>James M. Campbell<br>Alaina N. Devine<br>One Constitution Wharf, Suite 310<br>Boston, MA 02129<br>(617) 241-3000<br>jmcampbell@campbell-trial-lawyers.com<br>adevine@campbell-trial-lawyers.com | By: */s/ Cheryl A. Bush*<br>Cheryl A. Bush (P37031)<br>100 W. Big Beaver Road, Suite 400<br>Troy, MI 48084<br>(248) 822-7800<br>bush@bsplaw.com |

*Attorneys for Veolia North America, LLC, Veolia North America, Inc., and Veolia Water North America Operating Services, LLC*

Dated: December 15, 2021

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| ELNORA CARTHAN, et al., | |
| Plaintiffs, | |
| v. | Case No. 5:16-cv-10444-JEK-MKM |
| RICK SNYDER, et al., | |
| Defendants. | Hon. Judith E. Levy<br>Magistrate Judge Mona K. Majzoub |

_____

**DEFENDANTS VEOLIA NORTH AMERICA, LLC, VEOLIA NORTH AMERICA, INC., AND VEOLIA WATER NORTH AMERICA OPERATING SERVICES, LLC'S BRIEF IN SUPPORT OF THEIR MOTION TO STAY BRIEFING ON PLAINTIFFS' MOTION FOR APPROVAL OF THE FORM AND MANNER OF CLASS NOTICE OR, IN THE ALTERNATIVE, FOR EXTENSION OF TIME**

## STATEMENT OF THE ISSUE PRESENTED

1. Should the Court stay the briefing on Plaintiffs' Motion for Approval of the Form and Manner of Class Notice until after the Sixth Circuit has resolved the pending Rule 23(f) petition or, in the alternative, extend the time for VNA to respond to the motion until January 12, 2022?

    **VNA answers:** "Yes."

    **Plaintiffs answer:** "No."

## CONTROLLING OR MOST APPROPRIATE AUTHORITIES

*In re Air Crash Disaster*,
   86 F.3d 498 (6th Cir. 1996)

*In re Polyurethane Foam Antitrust Litig.*,
   No. 10-md-2196, 2014 WL 12591692 (N.D. Ohio May 16, 2014)

*Reyes v. Educ. Credit Mgmt. Corp.*,
   No. 15-cv-0628, 2017 WL 4640418 (S.D. Cal. Oct. 17, 2017)

**INTRODUCTION**

Plaintiffs have filed a motion to approve their draft class notice, ECF No. 2041, PageID.71065-71114. That motion is premature because VNA has sought review of this Court's amended class-certification order under Federal Rule of Civil Procedure 23(f). *See* Pet., No. 21-104 (6th Cir. Sept. 8, 2021). Because the Sixth Circuit may change or vacate the class-certification order, the Court should stay the briefing on Plaintiffs' motion until after the Sixth Circuit has resolved the pending 23(f) petition. Alternatively, the Court should extend the time to respond until January 12, 2022.

**LEGAL STANDARD**

A district court "has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997); *see Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."). The district court's discretion is especially broad where, as here, parties do not seek a stay of the entire litigation, but merely of a particular aspect of pre-trial motion practice. *See In re Air Crash Disaster*, 86 F.3d 498, 516 (6th Cir. 1996) ("We will not interfere with a trial court's control of its docket except upon the clearest showing that the procedures have resulted in actual and substantial

prejudice to the complaining litigant." (internal quotation marks omitted)); *Gould v. Wood/Chuck Chipper Corp.*, 229 F.3d 1151, 2000 WL 1234334, at *4 (6th Cir. 2000) ("District courts enjoy broad discretion in matters of pretrial management, scheduling, and docket control, and will be reversed in such matters only if we are convinced that the court made a clear error in judgment.").

## ARGUMENT

### I. The Court Should Stay The Briefing On Plaintiffs' Motion To Approve Class Notice Until The Sixth Circuit Has Resolved The Pending Rule 23(f) Petition

The Court should stay the briefing on Plaintiffs' motion to approve the class notice. As multiple courts have recognized, litigating the details of the substance and distribution of class notice is premature while a Rule 23(f) petition remains pending because the class-certification order may be changed by the appellate court.

"It is not uncommon for a district court to stay class notice pending resolution of a Rule 23(f) petition while, at the same time, allowing other aspects of class proceedings to continue according to an existing schedule." *In re Polyurethane Foam Antitrust Litig.*, No. 10-md-2196, 2014 WL 12591692, at *5 (N.D. Ohio May 16, 2014). This is because the appellate court may change the class-certification order if it agrees to review the Rule 23(f) petition, and any changes to the class-certification order, in turn, could lead to changes to the class notice. If the class notice is disseminated before the Sixth Circuit resolves the Rule 23(f) petition, a

2

second, corrective class notice would have to be sent. That successive notice "would create significant confusion among the potential class members." *Whitlock v. FSL Mgmt., LLC*, No. 10-cv-562, 2012 WL 6675124, at *3 (W.D. Ky. Dec. 21, 2012) (internal quotation marks omitted); *see In re Rail Freight Fuel Surcharge Antitrust Litig.*, 286 F.R.D. 88, 94 (D.D.C. 2012) ("[P]roceeding with class notice while the Rule 23(f) petition is pending could lead to confusion among the public and the absent class members."). Thus, "[i]n cases involving Rule 23(f) appeals, district courts ordinarily should stay the dissemination of class notice to avoid the confusion and substantial expense of renotification that may result from appellate reversal or modification." *Jenkins v. Hyundai Motor Fin. Co.*, No. C2-04-720, 2008 WL 2268319, at *4 (S.D. Ohio June 2, 2008) (citing Fed. Jud. Ctr., *Manual for Complex Litigation*, *Fourth* § 21.28 (2004)).

These considerations counsel in favor of a stay here. If the Sixth Circuit agrees to review VNA's Rule 23(f) petition, it could change the class definitions, alter the issues to be resolved through class treatment, or de-certify the classes. If any of those events happened, either the class notice would become unnecessary, or its language would need to change significantly. Any motion practice that occurred would be a waste of time and resources for both the parties and the Court. VNA therefore asks that the Court "temporarily stay[]" "[a]ll proceedings relating to class notice" until the Rule 23(f) petition is resolved. *Reyes v. Educ. Credit Mgmt. Corp.*,

3

No. 15-cv-628, 2017 WL 4640418, at *5 (S.D. Cal. Oct. 17, 2017) (capitalization and emphasis omitted); *see also In re Polyurethane Foam Antitrust Litig.*, 2014 WL 12591692, at *5 (staying class notice because "[a]fter the Sixth Circuit has resolved Defendants' Rule 23(f) petition, the parties and this Court will have a better sense of where this case stands").

## II. In The Alternative, The Court Should Extend The Time For VNA To Respond To The Motion To January 12, 2022

If the Court is disinclined to temporarily stay the briefing on Plaintiffs' motion until after the Sixth Circuit has resolved the pending Rule 23(f) petition, the Court should extend the time for VNA to respond until January 12, 2022.

The parties have not yet had the opportunity to engage in meaningful discussions about Plaintiffs' proposed class notice and the proposed manner of dissemination for the notice. Plaintiffs alerted VNA that they would file the motion in a two-sentence email on December 1, 2021, and then Plaintiffs filed the motion before receiving a response from VNA, without engaging in a substantive meet-and-confer about the motion's contents. The parties should have the opportunity to engage in substantive discussions before bringing their disagreements to the Court for resolution.

Further, the parties are currently preparing for the first of the bellwether trials, which involves extensive motion practice (including motions in limine filed on December 14, 2021) and the preparation of multiple pre-trial filings. In light of these

obligations and the upcoming holidays, VNA seeks an extension until January 12, 2022 to respond to Plaintiffs' motion. This Court "has discretion as to the timing of notice, provided that notice is sent prior to entry of final judgment" and that class members have a reasonable time frame in which to opt out of the class, if they so choose. *In re Rail Freight Fuel Surcharge Antitrust Litig.*, 286 F.R.D. at 94; William B. Rubenstein, *Newberg on Class Actions* § 9:45 (5th ed. 2021) (explaining that class members should be given a "reasonable time" in which to opt out and that "courts 'usually establish a period of thirty to sixty days (or longer if appropriate) following mailing or publication of the notice for class members to opt out'" (quoting Fed. Jud. Ctr., *Manual for Complex Litigation*, *Fourth* § 21.32)). The extension will not prejudice class members because there is ample time for class notice to issue and for an opt-out period to take place. Discovery is ongoing, and trial in the class action has not yet been scheduled. Further, Plaintiffs' counsel consent to VNA's alternative request for an extension of time.

## CONCLUSION

The Court should stay briefing on Plaintiffs' Motion for Approval of the Form and Manner of Class Notice until after the Sixth Circuit has decided the pending Rule 23(f) petition. In the alternative, the Court should extend the time for VNA to respond to the Motion until January 12, 2022.

                                                  Respectfully submitted,

| **CAMPBELL, CONROY & O'NEIL P.C.** | **BUSH SEYFERTH PLLC** |
|---|---|
| By: */s/ James M. Campbell* <br> James M. Campbell <br> Alaina N. Devine <br> One Constitution Wharf, Suite 310 <br> Boston, MA 02129 <br> (617) 241-3000 <br> jmcampbell@campbell-trial-lawyers.com <br> adevine@campbell-trial-lawyers.com | By: */s/ Cheryl A. Bush* <br> Cheryl A. Bush (P37031) <br> 100 W. Big Beaver Road, Suite 400 <br> Troy, MI 48084 <br> (248) 822-7800 <br> bush@bsplaw.com |

*Attorneys for Veolia North America, LLC, Veolia North America, Inc., and Veolia Water North America Operating Services, LLC*

Dated: December 15, 2021

## CERTIFICATE OF SERVICE

I hereby certify that on December 15, 2021, I electronically filed the foregoing document with the Clerk of the Court using the ECF System, which will send notification to the ECF counsel of record.

Respectfully submitted,

*/s/ James M. Campbell*