UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| *In Re: Flint Water Cases* | Case No. 5:16-cv-10444-JEL-MKM |
| | Hon. Judith E. Levy |
| | Magistrate Judge Mona K. Majzoub |

## CO-LIAISON COUNSEL'S REPLY IN FURTHER SUPPORT OF THE MOTION TO DISQUALIFY ATTORNEY MARK CUKER

Mr. Cuker raises many irrelevant issues which do not warrant a response and is meant to draw attention away from Mr. Cuker's disqualifying conflict of interest. Much of Mr. Mark Cuker's opposition to Co-Liaison Counsel's Motion to Disqualify Attorney Mark Cuker (hereinafter called "the Motion to Disqualify") (Dkt. No. 2045) consists of belabored rants as to why he believes the settlement should not have been finally approved and his own complaints with the bone lead testing, complaints which have already been thoroughly addressed by this Court. Accordingly, this reply will only address the issue at hand, *i.e.*, Mr. Cuker's conflict of interest in simultaneously representing objectors and non-objectors to the Settlement.

## ARGUMENT

### I. CO-LIAISON COUNSEL HAVE STANDING

The notion that only a current or former client has exclusive standing to move for disqualification of counsel due to a conflict of interest is not absolute. "A motion

to disqualify counsel is the proper method of a party to bring an alleged breach of ethical duties to the court's attention." *Allstate Ins. Co. v. Inscribed PLLC*, Civil Action No. 19-13721, 2021 U.S. Dist. LEXIS 219621, at *18 and *19 (E.D. Mich. Nov. 15, 2021), (quoting *DeBiasi v. Charter County of Wayne*, 284 F. Supp. 2d 760, 770 (E.D. Mich. 2003)), (the court granted counsel of defendants' motion to disqualify plaintiff Allstate's counsel). In *Allstate*, the court held that counsel were well within their rights to bring a motion to disqualify because "federal courts have inherent powers to supervise the conduct of attorneys practicing before them, and vital interests in protecting the integrity of their judgments, maintaining public confidence in the integrity of the bar, eliminating conflicts of interest, and protecting confidential communications between attorneys and their clients." *Id* at *19 (quoting *Com. Ins. Co. v. Graphix Hot Line, Inc*., 808 F. Supp. 1200, 1203 (E.D. Pa. 1992)), (internal quotation marks omitted).

While disqualification of counsel can be a drastic measure, "federal courts have a strong interest in preserving the integrity of its proceedings, and protecting the truth-seeking function of the proceedings," *Allstate Ins. Co. v. Inscribed PLLC*, at *20 (E.D. Mich. Nov. 15, 2021), (quoting *Essex Cty. Jail Annex Inmates v. Treffinger*, 18 F. Supp. 2d 418, 439 (D.N.J. 1998), and "the paramount concern must be the preservation of public trust both in the scrupulous administration of justice and in the integrity of the bar, so the recognizably important right to choose

one's counsel must yield to the ethical considerations that embody the moral principles of our judicial process." *Id*. at 20, (quoting *Kinchen v. Brennan*, No. CV1810311PADFMX, 2020 U.S. Dist. LEXIS 88186, 2020 WL 2374947, at *1 (C.D. Cal. Mar. 17, 2020)) (internal quotation marks omitted).

Further, the Eastern District of Michigan has held that under Michigan Rule of professional Conduct ("MRPC") 1.7, counsel can raise the conflict issue even though he or she does not have a prior attorney-client relationship. *See Health All. Plan of Mich. v. Blue Cross Blue Shield of Mich. Mut. Ins. Co.*, No. 14-13788, 2015 U.S. Dist. LEXIS 131168, at *6, *7, and *8 (E.D. Mich. Sep. 29, 2015) (the court held that defense counsel could in fact raise the conflict issue even though it had no prior attorney-client relationship with plaintiff's firm).

Not only does Mr. Cuker's actions violate MRPC 1.7, but they also interfere with the administration of justice because his unfounded objections to this settlement has delayed the process for tens of thousands of Flint residents who registered for the settlement, including 980 of his own clients. Mr. Cuker's assumption that the absence of objections does not equate to endorsement of the settlement has absolutely no bearing on the conflict-of-interest issue. Further, Mr. Cuker failed to respond to the expert report of Mr. Robert E. Hirshon, nor has he distinguished his conflict from that of Mr. Fieger which was addressed by Judge Farah. Mr. Cuker has not demonstrated why he should not be disqualified as counsel, and his opposition

3

is simply a restatement of his objections to the settlement which the Court has already addressed.

## II. A CONFLICT WAS NOT CREATED BY THE SETTLEMENT TERMS AND MR. CUKER IS IN VIOLATION OF THE MICHIGAN RULES OF PROFESSIONAL CONDUCT

The terms of the settlement were negotiated at great length and under the oversight of court-appointed mediators. Mr. Cuker once again argues that the terms are unfair because they favor those who have undergone bone scan tests. Not only was this argument addressed by the Court in the Opinion and Order Approving the Settlement (ECF No. 2008), but bone scan accessibility has no bearing as to whether Mr. Cuker's violated MRPC 1.7. In *Health All. Plan of Mich. v. Blue Cross Blue Shield of Mich. Mut. Ins. Co.*, No. 14-13788, 2015 U.S. Dist. LEXIS 131168 (E.D. Mich. Sep. 29, 2015), the court denied defense counsel's motion to disqualify, but without prejudice pending plaintiff's counsel seeking consent from all the clients involved. *See Id.* at *14. Mr. Cuker alleges a great deal but provides very little evidence concerning his clients' consent to his conflict of interest. Mr. Cuker cannot avoid his ethical duties owed to his clients and to the legal profession. The Sixth Circuit and the Eastern District of Michigan have consistently held that an attorney cannot represent an individual opposed to a settlement and an individual in favor of the same settlement because that creates at "ethical quagmire." *See Moulton v. United States Steel Corp.*, 581 F.3d 344, 354 (6th Cir. 2009) (the court also opined

that the clients who would have to be dropped by the attorney in conflict would be adequately represented by court-approved class counsel); *See also El Camino Res., LTD. v. Huntington Nat'l Bank, 623 F. Supp. 2d 863 (W.D. Mich. 2007); See also* Judge Farah's June 10, 2021 Order in *In Re Flint Water Litigation*, Case No. 17-108646. In addition to prejudicing the rights of his clients, Mr. Cuker's actions delay justice for all the other registered claimants by continuously objecting to the settlement.

## **CONCLUSION**

For the foregoing reasons, the Court should grant Co-Liaison Counsel's Motion to Disqualify Mr. Cuker from the litigation, and for such other and further relief that the Court deems just and proper.

Respectfully submitted,

Dated: January 3, 2022

**NAPOLI SHKOLNIK**

By: /s/ Hunter Shkolnik
Hunter Shkolnik, #2031458NY
270 Munoz Rivera Avenue, Suite 201
Hato Rey, Puerto Rico 00918
(787) 493-5088
hunter@napolilaw.com

*Co-Liaison Counsel for the Individual Cases*

5

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 3, 2022, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing upon counsel of record.

Dated: January 3, 2022

                                              _____/s/ Patrick J. Lanciotti_____