**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

*In re* Flint Water Cases.                        Judith E. Levy
                                                          United States District Judge

_____/

This Order Relates To:

ALL CASES

_____/

**FINAL JUDGMENT AND ORDER OF DISMISSAL WITH**
**PREJUDICE IMPLEMENTING PARTIAL SETTLEMENT**
**PURSUANT TO FED. R. CIV. P. 54(b) AND 58(a)**

1.     On November 10, 2021, this Court issued an opinion and order

granting final approval of a partial settlement entered into by the settling

parties in *In re Flint Water Cases*, Case No. 5:16-cv-10444. (ECF No.

2008.)[1]  That opinion and order prompts submission of the necessary

documents to the Court for implementing the Settlement Agreement as

---

[1] Unless otherwise specified in this Final Judgment (hereafter "Judgment" or
"Final Judgment"), capitalized terms in this Final Judgment have the same meaning
as defined in the Amended Settlement Agreement ("ASA" or "Settlement Agreement")
(ECF No. 1394-2) approved by the Court in ECF No. 2008.  While some of the more
relevant definitions from the Settlement Agreement are repeated in later parts of this
Judgment for convenience and ease of reference, all definitions and capitalized terms
in the Settlement Agreement are incorporated and apply to this Judgment whether
or not they are repeated here.

1

contemplated by Article VIII of the Settlement Agreement. Accordingly, this Final Judgment was submitted to the Court. For the reasons set forth in the opinion and order granting final approval, together with the order granting preliminary approval and additional orders entered previously addressing clarifications to and modifications of the settlement, the Court hereby orders:

2. There is no just reason for delay in entering this Final Judgment as to only the parties to the Settlement Agreement, which are fewer than all of the parties and claims in the action. The partial settlement should be implemented promptly. Accordingly, pursuant to Federal Rule of Civil Procedure 54(b), the Court hereby enters this Final Judgment, and the Settlement Agreement as clarified or modified by stipulations and/or orders of this Court, including all Exhibits thereto, are hereby adopted and fully incorporated by reference into this Final Judgment.

3. This document constitutes a final judgment and separate document for purposes of Federal Rule of Civil Procedure 58(a).

4. To fully effectuate the settlement, the Court further orders that this Final Judgment is entered in each of the cases pending before

this Court that are listed in the attached Exhibit 1, except to the extent

that any such cases include claims of valid opt-outs from the Settlement

Class or non-registering Individual Plaintiffs.  The Court Clerk shall

make appropriate docket entries to effectuate that result.

    5.    As to the Individual Plaintiffs[2]:

    A. The Court finds that the Settlement Agreement and Settlement Program with respect to Minors and LIIs, including the processes and procedures in Article XXI– Minors and LIIs, Article III–Registration for and Participation in Settlement Program, Article IV– Settlement Categories, and Article V–Monetary Awards, are fair, reasonable, and adequate, and that such processes and procedures are hereby confirmed, established and effective to implement the Settlement Agreement;

    B. The Court approves the Settlement Agreement and distribution of any proceeds for any claim brought by an Individual Plaintiff that is subject to Michigan's Wrongful Death Act, Mich. Comp. Laws § 600.2922, and such Settlement Agreement processes, procedures, and distributions are confirmed, established and effective;

    C. The Court approves the distribution of the FWC Qualified Settlement Fund as provided in the Settlement Agreement;

---

[2] "Individual Plaintiffs" shall mean for the purposes of this Final Judgment all persons and entities listed on Exhibit 1 to the Settlement Agreement, and all other persons and entities, who are not Settlement Class Members and who are registered Claimants.  In addition, Future Minor Claimants who register pursuant to Article VI of the Settlement Agreement, and any individual who accepts a settlement under the entered Case Management Orders attached as Exhibit 11 to the Settlement Agreement, shall also be included in the definition of "Individual Plaintiffs" for purposes of this Final Judgment.

D. As of the Effective Date, Releasors are permanently barred, enjoined, and restrained from commencing, filing, initiating, asserting, and or maintaining any and all Released Claims against the Releasees. The Settlement Agreement shall be the exclusive remedy for any and all Released Claims against any Releasee;

E. As of the Effective Date, the Amended Master Complaint and all Related Lawsuits filed by Individual Plaintiffs pending in the Federal Court are dismissed with prejudice as to the Releasees without further costs, including claims for interest, penalties, cost, and attorney fees, except for the motions for an award of attorneys' fees and reasonable costs, as set forth in Article XI, which have been made and are to be determined by the Federal Court;

F. All Releasors with Related Lawsuits filed by Individual Plaintiffs pending in any state or federal court, other than the Federal Court shall promptly file appropriate documents to dismiss with prejudice, and without further costs, including claims for interest, penalties, cost, and attorney fees, all such Related Lawsuits as to the Released Parties. Such dismissals shall be effective upon the Effective Date and shall thereby effectuate in part the Releases;

G. As of the Effective Date, all Releasors are permanently barred and enjoined from the commencement, assertion, and/or prosecution of any claim for contribution and/or indemnity arising out of or related to the Released Claims in the Federal Court, in any other federal court, state court, arbitration, regulatory agency, or other tribunal or forum against the Released Parties;

H. The Court confirms the appointment of ARCHER Systems, LLC as the Claims Administrator and QSF Administrator, Deborah Greenspan as the Special Master, ARCHER Systems, LLC and MASSIVE as the Lien Resolution

Administrator, and Forge Consulting, LLC as the Settlement Planning Administrator;

I. The Federal Court retains continuing jurisdiction over the management of the claims process, the management and distribution of the FWC Qualified Settlement Fund and Sub-Qualified Settlement Funds and over all entities and individuals appointed in the preceding paragraph H;

J. In addition to and consistent with Paragraph 23.5 of the Settlement Agreement and paragraph 22 of this Final Judgment, the Court expressly incorporates the terms of the Settlement Agreement, and the Federal Court retains continuing and exclusive jurisdiction over the Individual Plaintiffs, Defendants, and the Settlement Agreement, solely to interpret, implement, administer, and enforce the Settlement Agreement in accordance with its terms and to enter orders in aid of the implementation of the Settlement Agreement;

K. The FWC Qualified Settlement Fund has previously been established pursuant to Court order.  The allocation of the FWC Qualified Settlement Fund into the Sub-Qualified Settlement Funds is approved and, by approving the distribution of the FWC Qualified Settlement Fund, the distribution of the net funds in the FWC Qualified Settlement Fund into the following Sub-Qualified Settlement Funds is approved as follows:

> Minor Child Sub-Qualified Settlement Fund–64.5% of the net funds in the FWC Qualified Settlement Fund;

> Minor Adolescent Sub-Qualified Settlement Fund–10% of the net funds in the FWC Sub-Qualified Settlement Fund;

> Minor Teen Sub-Qualified Settlement Fund–5% of the net funds in the FWC Qualified Settlement Fund;

Future Minor Sub-Qualified Settlement Fund–$35,000,000 to be taken on a prorated basis from the total amount allocated to the Minor Child, Minor Adolescent, and Minor Teen Qualified Settlement Funds;

Adults and Property Damage Sub-Qualified Settlement Fund–18% of the net funds in the FWC Qualified Settlement Fund (15% for Adult Claimants and 3% for Property Damage Claimants);

Business Economic Loss Sub-Qualified Settlement Fund–0.5% of the net funds in the FWC Qualified Settlement Fund; and

Programmatic Relief Sub-Qualified Settlement Fund–2% of the net funds in the FWC Qualified Settlement Fund; and

L. The Court finds that the notice given to Individual Plaintiffs fairly and adequately:  (i) described the terms and effect of the Settlement Agreement; and (ii) constituted due and sufficient notice of the matters set forth in the notice to all individuals entitled to receive it.

6. As to the Settlement Class:

A. The Court hereby confirms and finally certifies the Settlement Class and Subclasses for Adults, Property Damage, and Business Economic Loss pursuant to Fed. R. Civ. P. 23, solely for purposes of this settlement;

B. The Court approves the Settlement Agreement and its terms as being fair, reasonable, and adequate as to the Settlement Class Members within the meaning of Fed. R. Civ. P. 23 and directs its consummation according to its terms;

C. The Court approves the Settlement Agreement and distribution of any proceeds for any claim brought by a

Class Member that is subject to Michigan's Wrongful Death Act, Mich. Comp. Laws § 600.2922, and such Settlement Agreement processes, procedures, and distributions are confirmed, established and effective;

D. The Court approves the distribution of the FWC Qualified Settlement Fund as provided in the Settlement Agreement;

E. The Court confirms the appointments of the following Settlement Class Representatives and Subclass Representatives:

    a. "Settlement Class Representatives" means Elnora Carthan; Rhonda Kelso; Darrell and Barbara Davis; Michael Snyder, as personal representative of the estate of John Snyder; David Munoz; Tiantha Williams; Frances Gilcreast; Neil Helmkay; and 635 South Saginaw LLC;

    b. "Subclass Representatives" means:

        i. Rhonda Kelso, Barbara and Darrell Davis, Tiantha Williams, and Michael Snyder, as personal representative of the Estate of John Snyder, as representatives of the Adult Exposure Subclass;

        ii. Elnora Carthan and David Munoz as representatives of the Property Damage Subclass; and

        iii. 635 South Saginaw LLC, Frances Gilcreast, and Neil Helmkay as representatives of the Business Economic Loss Subclass;

F. The Court confirms the appointment of the following as Settlement Class Counsel to represent the Settlement Class and Subclasses:

    a. Co-Lead Class Counsel Theodore J. Leopold of Cohen Milstein Sellers & Toll PLLC and Michael L. Pitt of

Pitt McGehee Palmer, Bonanni & Rivers, P.C., and the Executive Committee;

G. The Court finds that the Settlement Class Notice that was given satisfied the requirements set forth in Fed. R. Civ. P. 23(c)(2)(B), satisfies the requirements of due process and constituted the best notice practicable;

H. The Defendants have fully complied with the notice requirements of the Class Action Fairness Act, 28 U.S.C. § 1715;

I. As of the Effective Date, the Releasors are permanently barred, enjoined, and restrained from commencing, filing, initiating, asserting, and or maintaining any and all Released Claims against the Releasees. The Settlement Agreement shall be the exclusive remedy for any and all Released Claims against any Releasee. Valid opt-outs are not bound by the Settlement Agreement or this Final Judgment, except for Paragraph 19.7 of the Settlement Agreement;

J. As of the Effective Date, the Fourth Consolidated Amended Class Complaint and all Related Lawsuits filed by Settlement Class Plaintiffs pending in the Federal Court are dismissed with prejudice as to the Releasees without further costs, including claims for interest, penalties, cost, and attorney fees, except for the motions for an award of attorneys' fees and reasonable costs, as set forth in Article XI, which have been made and are to be determined by the Federal Court;

K. Releasors with Related Lawsuits filed by Settlement Class Plaintiffs pending in any state or federal court, other than the Federal Court, shall promptly take appropriate actions to dismiss all such actions as to the Released Parties with prejudice to be effective upon the Effective Date, and without further costs, including claims for interest,

8

penalties, cost, and attorney fees, thereby effectuating in part the Releases;

L. As of the Effective Date, all Settlement Class Members and Releasors are permanently barred and enjoined from the commencement, assertion, and/or prosecution of any claim for contribution and/or indemnity arising out of or related to the Released Claims in the Federal Court, in any other federal court, state court, arbitration, regulatory agency, or other tribunal or forum against the Released Parties;

M. With respect to the Class Settlement portion of the Settlement Agreement, the Court confirms the appointment of ARCHER Systems, LLC as the Claims Administrator and QSF Administrator, Deborah Greenspan as the Special Master, ARCHER Systems, LLC and MASSIVE as the Lien Resolution Administrator, and Forge Consulting, LLC as the Settlement Planning Administrator;

N. In addition to and consistent with Paragraph 23.5 of the Settlement Agreement and paragraph 22 of this Final Judgment, the Court expressly incorporates the terms of the Settlement Agreement, and the Federal Court retains continuing and exclusive jurisdiction over the Settlement Class Members, Defendants, and the Settlement Agreement solely to interpret, implement, administer, and enforce the Settlement Agreement in accordance with its terms and to enter orders in aid of the implementation of the Settlement Agreement;

O. The FWC Qualified Settlement Fund has previously been established pursuant to Court order.  The allocation of the FWC Qualified Settlement Fund into the Sub-Qualified Settlement Funds is approved and, by approving the distribution of the FWC Qualified Settlement Fund, the distribution of the net funds in the FWC Qualified Settlement Fund into the following Sub-Qualified Settlement Funds is approved as follows:

Minor Child Sub-Qualified Settlement Fund–64.5% of the net funds in the FWC Qualified Settlement Fund;

Minor Adolescent Sub-Qualified Settlement Fund– 10% of the net funds in the FWC Sub-Qualified Settlement Fund;

Minor Teen Sub-Qualified Settlement Fund–5% of the net funds in the FWC Qualified Settlement Fund;

Future Minor Sub-Qualified Settlement Fund– $35,000,000 to be taken on a prorated basis from the total amount allocated to the Minor Child, Minor Adolescent, and Minor Teen Qualified Settlement Funds;

Adults and Property Damage Sub-Qualified Settlement Fund–18% of the net funds in the FWC Qualified Settlement Fund (15% for Adult Claimants and 3% for Property Damage Claimants);

Business Economic Loss Sub-Qualified Settlement Fund–0.5% of the net funds in the FWC Qualified Settlement Fund; and

Programmatic Relief Sub-Qualified Settlement Fund–2% of the net funds in the FWC Qualified Settlement Fund; and

P. The Court finds that the Settlement Agreement and Settlement Program with respect to LIIs, who are Settlement Class Members, including the processes and procedures in Article XXI–applicable to LIIs, Article III– Registration for and Participation in Settlement Program, Article IV–Settlement Categories, and Article V–Monetary Awards, are fair, reasonable, and adequate, and that such processes and procedures are hereby confirmed, established and effective to implement the Settlement Agreement.

7.     Only those identified on the opt-out list attached to this Judgment as part of and as described in Exhibit 2 have opted-out of the Settlement Class.   The Related Lawsuits identified to date that are pending in federal courts other than this Federal Court are listed in Exhibit 1, and are subject to this Judgment among any other lawsuits that may later be identified.  The Related Lawsuits identified to date that are pending in state courts are listed in Exhibit 1, and are subject to this Judgment among any other lawsuits that may later be identified.  The Related Lawsuits identified to date that are pending as notices of intent to file a claim under the Michigan Court of Claims Act, Mich. Comp. Laws § 600.6431, are listed in Exhibit 3, and are subject to this Judgment among any other such notices that may later be identified.

8.     The Case Management Order at Exhibit 11 to the Settlement Agreement, and attached as Exhibit 4 to this Final Judgment, if not already entered, is entered effective immediately in this case and in each case listed on Exhibit 1 in this Federal Court, and shall be separately and immediately entered on this Court's docket in each such respective case and any future filed case described in such Case Management Order by this Court's Clerk as an independent entry.

11

9.    Plaintiffs' Counsel and Defendants' Counsel shall promptly and jointly file or cause to be filed, if they have not already done so, a motion seeking and strongly advocating for the entry of the Case Management Orders at Exhibit 11 to the Settlement Agreement in the Michigan Court of Claims, Genesee County Circuit Court, and any federal (other than this Federal Court) and state courts in which Related Lawsuits remain pending by Plaintiffs that have opted-out of the Settlement Class (listed on Exhibit 2) or by Individual Plaintiffs that have not participated in the Settlement Program, and shall take the same action in any future filed case described in such Case Management Orders.

10.   Plaintiffs' Counsel and Defendants' Counsel shall promptly and jointly seek and obtain the dismissal of any Related Lawsuit pending in an appellate court, subject to any proceedings or actions necessary to implement Article XXI–Minors and LIIs.   The Related Lawsuits identified to date that are pending in an appellate court are listed in Exhibit 1, and are subject to this Judgment among any other lawsuits that may later be identified.

11.    Notwithstanding any other provision in this Final Judgment, all cases identified on the attached Exhibit 1 in the Federal Court are as of the Effective Date dismissed with prejudice against the Defendants unless a Plaintiff files by February 8, 2022, in the Federal Court a non-frivolous motion showing cause as to why their particular case should not be so dismissed.  Article XVI of the Settlement Agreement, entitled Releases and Covenants Not to Sue, shall apply to all such dismissed cases on the attached Exhibit 1.

12.    In addition to the effect of this Final Judgment, upon the occurrence of the Effective Date and in consideration of payment of the Settlement Amount specified in Article II–Payments by Defendants and the other consideration in the Settlement Agreement, the Releasees individually and jointly shall be completely released, acquitted, and forever discharged from:

> any and all claims, notices, demands, actions, suits, and causes of action, whether class, individual, or otherwise in nature, legal or equitable, known or unknown, suspected or unsuspected, asserted or unasserted, in law, equity, or administratively;

> damages whenever incurred and liabilities of any nature whatsoever, including costs, expenses, penalties, expenses of medical or psychological monitoring, and attorneys' fees, that Releasors, or any one of them, whether directly,

representatively, derivatively, or in any other capacity, ever had, now have, or hereafter can, shall, or may have against the Releasees or any of them, relating in any way to;

exposure to, use of, or receipt of water from the Flint Water Treatment Plant, or legal liability for the payment of such water, for the period April 25, 2014 to the Effective Date; and/or

any alleged acts or omissions by Releasees or any of them and/or any joint and/or several liability of any of them arising from the alleged acts or omissions of any of the Releasees pled in the Fourth Consolidated Amended Class Complaint, the Amended Master Complaint, and any complaints in the Related Lawsuits from the beginning of time until the Effective Date or that could have been brought under any federal, state, local, administrative, or regulatory law or cause of action concerning exposure to, use of, or receipt of water from the Flint Water Treatment Plant, or legal liability for the payment of such water, during the period April 25, 2014 to the Effective Date, or any conduct in any related litigation or arising out of the litigation itself in Federal Court, the Court of Claims, or Genesee County Circuit Court.

13.   In addition to the effect of this Final Judgment, upon the occurrence of the Effective Date and in consideration of payment of the Settlement Amount specified in Article II–Payments by Defendants and the other consideration in the Settlement Agreement, Plaintiffs, Individual Plaintiffs, the Class and Subclass Representatives, each Settlement Class Member, and the Settlement Class, on behalf of the Releasors, and each of them, effective from and after the Execution Date, shall not, at any time, continue to prosecute, commence, file, initiate,

14

institute, cause to be instituted, assist in instituting, or permit to be instituted on their, his, her, or its behalf, or on behalf of any other individual or entity, any proceeding:  (a) alleging or asserting any of his, her, or its respective Released Claims against the Released Parties in any federal court, state court, arbitration, regulatory agency, or other tribunal or forum or (b) challenging the validity of the Releases.  To the extent any such proceeding exists in any court, tribunal, or other forum as of the Execution Date, the Releasors shall withdraw, and seek a dismissal with prejudice of, such proceeding forthwith.

14.    In connection with the above releases and prohibitions from pursuing any proceedings, Plaintiffs and Releasors have acknowledged that they are aware that they may hereafter discover claims now unknown or unsuspected, or facts in addition to or different from those which they knew, now know or believe to be true, with respect to actions or matters released.  Plaintiffs and Releasors explicitly took unknown or unsuspected claims into account in entering into the Settlement Agreement and the Parties have fully, finally, and forever settled and released all Released Claims with respect to all such matters.

15.     Plaintiffs and Releasors have also waived California Civil Code Section 1542 and similar provisions in other states.  Plaintiffs and Releasors certified that they were aware of and have read and reviewed the following provisions of California Civil Code Section 1542 ("Section 1542"):

> A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor.

16.     The releases described above and that are in the Settlement Agreement shall apply according to their terms, regardless of provisions of Section 1542 or any equivalent, similar, or comparable present or future law or principle of law of any jurisdiction.  Plaintiffs and Releasors have expressly waived and relinquished any and all rights and benefits existing under (i) Section 1542 or any equivalent, similar, or comparable present or future law or principle of law of any jurisdiction and (ii) any law or principle of law of any jurisdiction that would limit or restrict the effect or scope of the provisions of the release set forth above and in the Settlement Agreement.

17.     In addition, Defendants have:  fully, completely, and forever released each other from; and shall not, at any time, continue to

prosecute, commence, file, initiate, institute, cause to be instituted, assist

in instituting, or permit to be instituted on their, his, her, or its behalf,

or on behalf of any other individual or entity, against any other

Defendant; any proceeding related to or arising out of:

> any and all claims, notices, demands, actions, suits, and causes of action, damages whenever incurred, liabilities of any nature whatsoever, including costs, expenses, penalties, and attorneys' fees, legal or equitable, known or unknown, suspected or unsuspected, asserted or unasserted, in law or equity, that Defendants, or any one of them, whether directly, representatively, derivatively, or in any other capacity, ever had, now have, or hereafter can, shall, or may have against another Defendant, and which also relate or arise out of in any way to any of the following:

>> i.  the switch to the Flint River as the source of the water supply to the Flint Water Treatment Plant in 2014 and 2015, and the switch back to the Detroit water system in 2015 and thereafter;

>> ii. any alleged acts or omissions by Defendants, or any joint and several liability, contribution, indemnity, or other liability arising from the alleged acts or omissions of any of the Defendants, pled in the Fourth Consolidated Amended Class Complaint, the Amended Master Complaint, and any complaints in the Related Lawsuits, from the beginning of time until the Effective Date, that have or could have been brought under any federal, state, local, administrative, or

17

regulatory law or cause of action relating or arising out of in any way to the switch to the Flint River as the source of the water supply to the Flint Water Treatment Plant in 2014 and 2015, and the switch back to the Detroit water system in 2015 and thereafter; or

iii.    any conduct in any litigation mentioned in the preceding paragraph, or any related litigation thereto, or arising out of any such litigations themselves, in Federal Court, the Court of Claims, Genesee County Circuit Court, or their respective appellate courts.

18.    Nothing in this Judgment or in the Settlement Agreement should be construed as releasing or preventing any regulatory, administrative or enforcement actions, notices, orders or suits, or any criminal claims, notices, demands, actions, or suits, brought at any time by the State Defendants or their departments. Nor should this Judgment or the Settlement Agreement be construed as releasing or preventing any claim, demand or suit against Veolia Water North America Operating Services, LLC, Veolia North America, LLC, Veolia North America, Inc., Veolia Environnement, S.A., Lockwood Andrews & Newnam, P.C., Lockwood, Andrews & Newnam, Inc., Leo A. Daly Company, United States of America, and United States Environmental Protection Agency, or any of their affiliates.

18

19.     All Future Minor Claimants are subject to Article VI of the Settlement Agreement.

20.     As stated earlier, unless otherwise specified in this Judgment, all capitalized terms in this Judgment have the same meaning and apply in this Judgment as they are defined in the Settlement Agreement, and are incorporated here.   For convenience and ease of reference in this Judgment, some of those definitions, or the relevant portions thereof, are repeated here:

> "Adult Exposure Subclass" means all persons who were Adults during the Exposure Period and who ingested or came into contact with water received from the Flint Water Treatment Plant at any time during the Exposure Period and who are claiming or could claim a resulting personal injury.  All Adults listed on Exhibit 1 to the Settlement Agreement are excluded from this Subclass.

> "Business Economic Loss Subclass" means all individuals or entities who owned or operated a business, including income earning real property and any other businesses, that received water from the Flint Water Treatment Plant at any time during the Exposure Period and who are claiming or could claim a resulting business economic loss.  Excluded from the Business Economic Loss Subclass are all local, state, or federal government offices or entities and any individual or entity listed on Exhibit 1 to the Settlement Agreement.

> "Property Damage Subclass" means all Adults or entities who owned or were the lessee of residential real property that received water from the Flint Water Treatment Plant, or were legally liable for the payment for such water, at any time during

the Exposure Period. Excluded from the Property Damage Subclass are all local, state, or federal government entities which own real property and any individual or entity listed on Exhibit 1 to the Settlement Agreement.

"Defendants" means the entities and persons participating in this settlement that are or were defendants in any federal or state court, both trial and appellate, in which claims have been made or notices of intention to file a claim under the Michigan Court of Claims Act, Mich. Comp. Laws § 600.6431, asserting personal injury, property damage or economic loss as a result of exposure to water received from the Flint Water Treatment Plant, or any bills paid for such water, at any time during the Exposure Period, including: State of Michigan; Michigan Department of Environmental Quality (now the Michigan Department of Environment, Great Lakes, and Energy); Michigan Department of Health and Human Services; Michigan Department of Treasury; former Governor Richard D. Snyder; Governor Gretchen Whitmer; the City of Flint; the Flint Receivership Transition Advisory Board; Darnell Earley; Howard Croft; Michael Glasgow; Gerald Ambrose; Edward Kurtz; Michael Brown; Dayne Walling; Daugherty Johnson; Liane Shekter Smith; Daniel Wyant; Stephen Busch; Kevin Clinton; Patrick Cook; Linda Dykema; Michael Prysby; Bradley Wurfel; Eden Wells; Nick Lyon; Dennis Muchmore; Nancy Peeler; Robert Scott; Adam Rosenthal; Andy Dillon; McLaren Regional Medical Center, McLaren Flint Hospital, McLaren Health Care Corporation, and Rowe Professional Services Company.

"Exposure Period" means April 25, 2014 to the Execution Date.

"Plaintiffs" means plaintiffs in any federal or state lawsuit or whom have filed notices of intent to sue or notices of intention to file a claim under the Michigan Court of Claims Act, Mich. Comp. Laws § 600.6431, asserting Defendants are liable for personal injury, property damage or economic loss incurred as a result of exposure to water received or purchased from the Flint Water

Treatment Plant, or any bills for such water, at any time during the Exposure Period, including all Individual Plaintiffs, Class and Subclass Representatives, and Settlement Class Members. Plaintiffs shall not include the plaintiff in *Attorney General Dana Nessel, et. al. v. Veolia North America, Inc., et. al.*, Docket No. 16-107576-NM (Genesee County Circuit Court).

"Related Lawsuits" means any notice or notices of intention to file a claim under the Michigan Court of Claims Act, Mich. Comp. Laws § 600.6431, or action in state or federal court, both trial and appellate, in which Individual Plaintiffs or Putative Class Members are alleging Defendants are liable for personal injury, property damage or economic loss as a result of the receipt of or exposure to water from the Flint Water Treatment Plant, or any bills paid for such water, at any time during the Exposure Period, including but not limited to those actions listed on Exhibit 6 to the Settlement Agreement.

"Released Claims" means those claims released pursuant to Paragraphs 16.1–16.5 of th[e] Settlement Agreement.

"Releasees" and "Released Parties" shall refer jointly and severally, individually and collectively to Defendants and their past and present, direct and indirect, parents, subsidiaries, affiliates, offices, departments, agencies, commissions, boards, officials, directors, employees, agents (including, but not limited to, brokers and landmen), attorneys, insurers, financial and business advisors, trusts, trustees, partners or general or limited partnerships, servants, and representatives (and any of the foregoing listed individuals' or entities' past and present officers, directors, employees, agents (including, but not limited to brokers and landmen), attorneys, financial and business advisors, trusts, trustees, partners or general or limited partnerships, servants, and representatives), and the predecessors, successors, heirs, spouses, family members, estate executors, administrators, insurers, and assigns of each of the foregoing. Veolia Water North America Operating Services, LLC, Veolia North America, LLC, Veolia North America, Inc.,

21

Veolia Environnement, S.A., Lockwood Andrews & Newnam, P.C., Lockwood, Andrews & Newnam, Inc., Leo A. Daly Company, United States of America, and United States Environmental Protection Agency, and their affiliates, are excluded from the definition of "Releasees" and "Released Parties".

"Releasors" shall refer jointly and severally, individually and collectively to Plaintiffs, Individual Plaintiffs, and Claimants that participate in the Settlement Program and all Settlement Class Members, and their respective past and present, direct and indirect, parents, guardians, conservators, fiduciaries, next friends, next of kin, subsidiaries, affiliates, officers, directors, employees, agents, attorneys, servants, and representatives (and any of the foregoing listed individuals' or entities' past and present officers, directors, employees, agents, attorneys, servants, and representatives), any person who may be a claimant under Michigan's Wrongful Death Act, and the predecessors, successors, heirs, executors, administrators, and assigns of each of the foregoing.  Any person or entity that has timely and validly elected to opt-out of the Settlement Class shall not be directly or indirectly a "Releasor".

"Settlement Class" means all persons or entities who are or could be claiming personal injury, property damage, business economic loss, unjust enrichment, breach of contract, or seeking any other type of damage or relief because at any time during the Exposure Period they:  (1) were an Adult who owned or lived in a residence that received water from the Flint Water Treatment Plant or were legally liable for the payment of such water; (2) owned or operated a business including income earning real property and any other businesses, that received water from the Flint Water Treatment Plant or were legally liable for the payment for such water; or (3) were an Adult during the Exposure Period and who ingested or came into contact with water received from the Flint Water Treatment Plant.  Excluded from the Settlement Class are:  (1) Defendants; (2) the judicial officers to whom this case is assigned in the Federal Court,

Genesee County Circuit Court, and Court of Claims, their staff, and the members of their immediate families; (3) all Individual Plaintiffs; and (4) all persons who timely and validly elect to opt-out of the Settlement Class.

"Settlement Class Member" means each member of the Settlement Class certified by the Federal Court who has not timely and validly elected to opt-out of the Settlement Class.

"Subclasses" means the Adult Exposure Subclass, the Property Damage Subclass, and the Business Economic Loss Subclass.

21.    This Judgment and the Settlement Agreement shall be binding upon and inure to the benefit of, the successors and assigns of the Settlement Class, Individual Plaintiffs, and Defendants.   Without limiting the generality of the foregoing, this Judgment and each and every covenant and agreement made in the Settlement Agreement by Plaintiffs, Co-Liaison Counsel or Co-Lead Class Counsel shall be binding upon all Settlement Class Members, Individual Plaintiffs, and Releasors. The Releasees (other than entities and persons which are parties to the Settlement Agreement) are third-party beneficiaries of the Settlement Agreement and are authorized to enforce its terms applicable to them.

22.    Without affecting the finality of this Judgment in any way, this Court retains continuing jurisdiction over:  (a) the implementation of this settlement and any distribution to Claimants pursuant to further

orders of the Court; (b) disposition of the FWC Qualified Settlement Fund; (c) determining attorneys' fees, costs, expenses, and interest; (d) the action until the Final Judgment contemplated herein has become effective and each and every act agreed to be performed by the parties all have been performed pursuant to the Settlement Agreement; (e) hearing and ruling on any matters relating to the distribution of the FWC Qualified Settlement Fund and Monetary Awards; and (f) all parties to the action and Releasors and Releasees, for the purpose of enforcing and administering the Settlement Agreement and the mutual releases and other documents contemplated by, or executed in connection with Settlement Agreement.

IT IS SO ORDERED.

Dated: February 18, 2022
Ann Arbor, Michigan

s/Judith E. Levy
JUDITH E. LEVY
United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on February 18, 2022.

s/William Barkholz
Case Manager