# UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

Deborah S. Hunt  
Clerk

100 EAST FIFTH STREET, ROOM 540  
POTTER STEWART U.S. COURTHOUSE  
CINCINNATI, OHIO 45202-3988

Tel. (513) 564-7000  
www.ca6.uscourts.gov

Filed: April 04, 2022

Mr. Melvin Jones Jr.  
1935 Hosler Street  
Flint, MI 48503

Re: Case No. 21-1801, *In re: Melvin Jones, Jr.*  
Originating Case No. 5:16-cv-10444

Dear Mr. Jones, Jr.:

The Court issued the enclosed Order today in this case.

Sincerely yours,

s/Amy E. Gigliotti  
Case Management Specialist  
Direct Dial No. 513-564-7012

cc: Ms. Kinikia D. Essix

Enclosure

No. 21-1801

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Apr 04, 2022
DEBORAH S. HUNT, Clerk

In re: MELVIN JONES, JR.,          )
                                   )          O R D E R
       Petitioner.                 )

Before: SUTTON, Chief Judge; GRIFFIN and NALBANDIAN, Circuit Judges.

Melvin Jones Jr. petitions for a writ of mandamus, asking that we compel the district court to permit him to file notices of appeal despite its order enjoining him from filing additional pleadings or documents in *In re Flint Water Cases*, No. 16-cv-10444 (E.D. Mich. filed Feb. 8, 2016), or from filing new cases regarding the same subject matter unless he first receives leave of court. Jones also moves to proceed *in forma pauperis*.

"[M]andamus relief is an extraordinary remedy." *John B. v. Goetz*, 531 F.3d 448, 457 (6th Cir. 2008) (quoting *In re Perrigo Co.*, 128 F.3d 430, 435 (6th Cir. 1997)). "Traditionally, writs of mandamus [are] used only to confine an inferior court to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so." *In re Pros. Direct Ins. Co.*, 578 F.3d 432, 437 (6th Cir. 2009) (internal quotation marks and citation omitted).

"There is nothing unusual about imposing prefiling restrictions in matters with a history of repetitive or vexatious litigation." *Feathers v. Chevron U.S.A., Inc.*, 141 F.3d 264, 269 (6th Cir. 1998). Nor is there anything "wrong . . . with an order that restrains not only an individual litigant from repeatedly filing an identical complaint, but that places limits on a reasonably defined category of litigation because of a recognized pattern of repetitive, frivolous, or vexatious cases within that category." *Id.*; *see also Hyland v. Stevens*, 37 F. App'x 770, 771 (6th Cir. 2002) ("In most cases, the preferred approach is to require an abusive litigant to obtain leave of court before

filing suit regarding the operative facts that have been the basis for his or her litigiousness."). The district court explained in detail the need to restrain Jones's innumerable filings.

But the district court has no authority to strike or refuse to file a notice of appeal. *Cf.* Fed. R. App. P. 4(d) ("If a notice of appeal in either a civil or a criminal case is mistakenly filed in the court of appeals, the clerk of that court must note on the notice the date when it was received and send it to the district clerk. The notice is then considered filed in the district court on the date so noted."). Rather, any determination as to the validity of a notice of appeal rests solely with this court upon review after the resultant appeal has been docketed. *See* Fed. R. App. P. 3(a)(2) ("An appellant's failure to take any step other than the timely filing of a notice of appeal does not affect the validity of the appeal, but is ground only for the court of appeals to act as it considers appropriate, including dismissing the appeal."); Fed. R. App. P. 3(d) ("The clerk must promptly send a copy of the notice of appeal and of the docket entries—and any later docket entries—to the clerk of the court of appeals named in the notice."); *see also Dickerson v. McClellan*, 37 F.3d 251, 252 (6th Cir. 1994) (order) ("[W]e find no authority that would permit a district court to dismiss a notice of appeal . . . . In fact, the district courts have a ministerial duty to forward to the proper court of appeals any notice of appeal which is filed."); *Hogg v. United States*, 411 F.2d 578, 580 (6th Cir. 1969) ("We hold that the District Court had no power to strike the Government's notice of appeal . . . on the ground that it was not authorized by the Solicitor General. The notice of appeal operated to transfer jurisdiction of the case to this Court, and therefore the District Court had no jurisdiction to act except in aid of the appeal as authorized by the [Federal Rules of Civil Procedure]."); *Liles v. S. C. Dep't of Corr.*, 414 F.2d 612, 614 (4th Cir. 1969) (per curiam) ("Neither by the statutes of the United States nor the Federal Rules of Appellate Procedure is the district court given the power to deny review by this court of a case in which an appeal as of right is assured."). Thus, it appears that the district court should have filed Jones's notice of appeal, and

No. 21-1801
-3-

its refusal to do so leaves him without any recourse to challenge the district court's denials of his motions for leave. Under these circumstances, a response from the district court would be helpful.

The district court is **INVITED** to respond to the petition for a writ of mandamus within thirty (30) days of the date of entry of this order. A ruling on the motion to proceed *in forma pauperis* is **RESERVED** pending receipt of any response from the district court.

                                     ENTERED BY ORDER OF THE COURT

                                     Deborah S. Hunt, Clerk