UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| *In re* FLINT WATER CASES | Civil Action No. 5:16-cv-10444-JEL- (consolidated)<br><br>Hon. Judith E. Levy |

### NOTICE OF THE SPECIAL MASTER REGARDING STATUS OF CLAIMS PROCESS FOR AMENDED SETTLEMENT AGREEMENT

On January 21, 2021, the Court issued its *Opinion and Order Granting Plaintiffs' Motion to Establish Settlement Claims Procedures and Allocation and for Preliminary Approval of Class Settlement Components [1318] and Granting Plaintiffs' Motion for an Order Adopting the Proposed Motion for Approval of Wrongful Death Settlement [1334],* ECF No. 1399 ("Preliminary Approval Order"). On November 10, 2021, the Court issued its *Opinion and Order Granting Final Approval Of A Partial Settlement, Granting Certification Of A Settlement Class, Granting Appointment Of Settlement Class Counsel [1794], Denying Objections, And Adopting The Report And Recommendation [2006]* ("Opinion and Final Approval Order"), 571 F.Supp.3d 746 (E.D. Mich. Nov. 10, 2021) (ECF No. 2008, PageID.69537–69714).

The Opinion and Final Approval Order approved the settlement reached between Plaintiffs and the Settling Defendants in the Amended Settlement

1

Agreement ("ASA") (ECF No. 1394-2, PageID.54120).[1] Pursuant to the ASA, the Special Master oversees various aspects of the settlement. Opinion and Final Approval Order, 571 F. Supp. at 761, ECF No. 2008 at PageID.69554 (citing ASA at PageID.54163–54174). On January 20, 2022, the Court issued its *Order Regarding Settlement-Related Duties Of The Special Master*, ECF No. 2096, PageID.71973.

The ASA establishes a two-step process for those wishing to participate in the settlement. First, individuals or entities were required to register to participate in the settlement by the registration deadline. *See* ASA, ECF No. 1394-2, PageID.54140-54145.

Second, those who registered are required to submit a Claim Form and required Claims Materials within a defined claims period. *See* ASA, ECF No. 1394-2, PageID.54140-54145; Final Approval Order, ECF No. 2008, PageID.69556. To submit a claim, the registrants must complete a court-approved Claim Form. The Claim Form allows the individual or business to identify the particular type of claim they are making and to provide the information necessary to support the claim. For example, individuals are to submit proof of exposure to the water – such as, for example, proof of residence in Flint. Individuals who are claiming personal injuries

---

[1] Unless otherwise defined herein, all capitalized terms herein have the same meaning set forth in the ASA.

must provide some documentation of that injury. Individuals who are representing minors or legally incapacitated individuals must provide documentation to show that they are the appropriate representative of that minor or legally incapacitated individual to comply with applicable law. Those submitting claims on behalf of deceased individuals must provide documentation to show that they are the appropriate personal representative authorized to file a claim. As the Court has recognized, it is important to have certain documentation from the claimants in order to assure that they receive the compensation to which they are entitled and to assure that persons who are not eligible do not deplete the settlement fund.

The claims period under the ASA commenced on January 12, 2022. *See Notice of the Special Master Regarding Commencement of Claims Period Under the Amended Settlement Agreement*, ECF No. 2078 (Dec. 23, 2021) ("Notice of Commencement of Claims Period"). Under the terms of the ASA, the deadline for submitting claims was defined as the date that is 120 days after the commencement of the claims period – and therefore the claim deadline was set at May 12, 2022. *Id.* On May 9, 2022, the Court issued its *Order Adopting the Special Master's Report and Recommendation Regarding Extension of the Claims Deadline for the Amended Settlement Agreement [2162],* ECF No. 2163, ("Order Extending Claims Deadline"), which extended the deadline for submitting claims from May 12, 2022 to June 30, 2022.

3

The Claims Administrator has reported that approximately 43,000 individual claim packages were received by the June 30, 2022 deadline. This number includes claims submitted by mail that were postmarked on or before June 30, 2022. The 43,000 number is "approximate" both because there are some duplicate submissions and because some of the claims submitted in paper format are still in the process of being entered into the system. In addition, the Claims Administrator reports receipt of some additional claims with a postmark date after the deadline of June 30, 2022.

The Claims Administrator reports that a very substantial number of claims and supporting documents were submitted, both electronically and in paper format, during the last week before the June 30, 2022 deadline. When claim forms and documents are submitted in paper format, the Claims Administrator must scan the submissions and then enter the data from the submissions into an electronic format. The Claims Administrator then verifies the submissions and conducts the procedures necessary to upload the data into the electronic claims processing platform. The Claims Administrator cannot review these claim submissions until all the claim form information and supporting documents are uploaded properly. In addition, the Claims Administrator must take steps to properly upload supporting documents that were submitted electronically. Because of the large volume of submissions, this process takes considerable time. The Claims Administrator has reported that the

4

process of digitizing claim material and completing the uploads into the system should be completed during the week of August 15, 2022.

It is not possible at this time to provide a full breakdown of the claims prior to review by the Claims Administrator. Based on the initial intake, however, the Claims Administrator reports that approximately 72 percent of the claims assert a personal injury claim and the remainder assert a property damage or business-related claim. The initial intake data indicates that approximately 40 percent of the claimants are either currently minors or were minors at the time of the water crisis.

The Claims Administrator will continue the process of intake and substantive review of claims. If the Claims Administrator determines that a claim has a deficiency, the Claims Administrator will notify the claimant by sending an "Adverse Notice" explaining the deficiency. The claimant will then be able to respond to that notice and seek reconsideration by supplementing or clarifying the claim materials to address the deficiency – if it is possible to do so. The Claims Administrator will review the supplemental submission and issue a further notice. If the claimant disagrees with the determination of the Claims Administrator, the claimant may appeal that decision to the Special Master. If the Claims Administrator determines that the claim is acceptable and is not deficient, the Claims Administrator will issue a favorable notice explaining that the claim is approved. In some cases, the Claims Administrator may contact a claimant for clarification even before

5

sending a notice. For claims submitted on behalf of minors, legally incapacitated adults or deceased individuals, the Claims Administrator must conduct an additional review and verification to confirm that the person submitting the claim is in fact an authorized representative. In some cases, the determination of the status of the representative may be referred to the Special Master or the Master Guardian Ad Litem.

The Claims Administrator will be reviewing claims as promptly as possible and maintains quality control procedures to assure accurate determinations and adherence to the ASA. Notices will be sent out in batches as claims are reviewed and verified. Given the volume of claims and the various procedures outlined above it could be several weeks before Claims Administrator can begin sending notices.

Under the terms of the ASA, no payments may be issued until all the claims are reviewed and placed in their final categories after all reconsideration procedures and appeals. Further, there are several appeals pending in the United States Court of Appeals for the Sixth Circuit and it is not clear at this time when those appeals will be decided. It is possible that these appeals will affect the timing of distribution of payments to claimants. At this time, it is not possible to predict when payments will be issued.

6

Respectfully submitted,

Date: August 5, 2022

*/s/ Deborah E. Greenspan*
Deborah E. Greenspan
Special Master
BLANK ROME LLP
Michigan Bar # P33632
1825 Eye Street, N.W.
Washington, DC 20006
Telephone: (202) 420-2200
Facsimile: (202) 420-2201
Deborah.Greenspan@blankrome.com

## **CERTIFICATE OF SERVICE**

I certify that on August 5, 2022, I electronically filed the foregoing document with the Clerk of the Court using the Court's ECF system, which will send notification of such filing to attorneys of record.

Date: August 5, 2022

*/s/ Deborah E. Greenspan*
Deborah E. Greenspan
Special Master
BLANK ROME LLP
Michigan Bar # P33632
1825 Eye Street, N.W.
Washington, DC  20006
Telephone: (202) 420-2200
Facsimile: (202) 420-2201
Deborah.Greenspan@blankrome.com