**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| *IN RE* FLINT WATER CASES | ) |
| | ) |
| | ) |
| | ) |
| _____ | ) |
| | ) |
| In re: | ) |
| | ) |
| Subpoena to Rise Strategy Group | ) |
| and Tarrah Cooper Wright | ) |

## MOTION TO QUASH SUBPOENA DIRECTED AT NON-PARTIES RISE STRATEGY GROUP AND TARRAH COOPER WRIGHT

Pursuant to Rule 45(d) of the Federal Rules of Civil Procedure, non-parties Rise Strategy Group ("Rise") and Tarrah Cooper Wright (collectively "Subpoena Recipients"), by and through undersigned counsel, hereby move this Court to quash the August 7, 2022 subpoena for documents and testimony ("Subpoena") served by Plaintiffs in the matter *In re Flint Water Cases*, Case No. 5:16-cv-10444 (E.D. Mi.) (Subpoena and accompanying documents attached as **Exhibit A**.)

Plaintiffs' have pursued professional negligence claims against Veolia North America, LLC, Veolia North America Inc., and Veolia Water North America Operating Services LLC (together, "VNA") and Lockwood, Andrews & Newnam, Inc., Lockwood, Andrews & Newman P.C.,, and the Leo A. Daly Company (together, "LAN") over the course of a five-month long bellwether trial. During the trial, Plaintiffs sought discovery from VNA regarding Veolia North America's social media or public relations strategies—essentially the same discovery it now seeks from non-parties. The Honorable Judge Judith E. Levy—the presiding judge in the *Flint Water*

*Cases*—denied Plaintiffs' efforts to conduct this discovery because the sought-after information was "not relevant to any party's *claims or defenses*…." **Exhibit C,** Order Denying Motion to Compel ("Order") at 5 (emphasis in original). Now, by issuing the Subpoena, Plaintiffs seek to use the judicial process to force *non-parties* to produce documents and testify regarding topics that were and remain irrelevant to the *Flint Water Cases*. Accordingly, this Court should quash the Subpoena with prejudice because it seeks irrelevant information (as Judge Levy has determined). Moreover, notwithstanding the irrelevance of the requested discovery, this Court should quash the Subpoena because it places an undue burden on the Subpoena Recipients. Finally, pursuant to Rule 45(d), the Court should award Subpoena Recipients reasonable costs and attorneys' fees to Subpoena Recipients.

## BACKGROUND

The *Flint Water Cases*, which are pending in the United States District Court for the Eastern District of Michigan, arise out of alleged lead contamination in the City of Flint's water system between 2014 and 2015. This public health crisis was well-publicized at the time and generated a significant amount of litigation. As relevant here, numerous plaintiffs—some as part of a class action, others individually—are pursuing professional negligence claims against VNA and LAN, engineering and consulting firms that contracted with the City of Flint. With respect to VNA, it was contracted to conduct a two-week review of certain water quality issues and provide recommendations to its client, the City of Flint, in early 2015.

Tarrah Cooper Wright is the founder and CEO of Rise, a media strategy, public relations, and communications firm based in Chicago. Neither Ms. Wright nor Rise was involved in any way in VNA's work in Flint. Indeed, Rise's only involvement in this case was its role as a media consultant to VNA in 2022.

### A. VNA's Social Media and Public Relations Strategies Are Not Relevant to Any Party's Claim or Defense.

Plaintiffs, VNA, and LAN were involved in a five-month, bellwether trial involving representative claims by four minor children. (*See* Case No. 5:17-cv-10164 (E.D. Mich.)). On account of the public interest in the trial and Covid-19 restrictions on in-person attendance in the courtroom, the District Court ordered the trial to be broadcast live to the public on Zoom. Last month, the jury failed to reach a verdict, necessitating a mistrial.

During that trial, Plaintiffs alleged that lawyers for VNA appeared to be providing commentary about the trial via a Twitter account called "@VeoliaFlintFacts," which, if true, may have constituted a violation of the Michigan Rules of Professional Conduct. *See* Exhibit C, Order at 5-6. Plaintiffs complained that the tweets constituted "misinformation" and suggested that they were intended to influence the general public or, perhaps, the bellwether trial jurors. *See id.* at 3. In response, Judge Levy asked VNA's counsel whether attorneys were directing the tweets. *See id.* at 5. VNA's attorneys affirmed to the court that no member of VNA's litigation team was involved in the Twitter account. *See id.* at 5-6. Although Judge Levy appeared to be satisfied with this affirmation, Plaintiffs stated that they intended to issue targeted discovery.

Plaintiffs' counsel served VNA with expansive discovery requests. *See* **Exhibit D** at 1-4 (April 5, 2022 Subpoena to VNA).[1] Plaintiffs sought information about the social media and public relations strategies that VNA and its related corporate entities considered or adopted in response to the *Flint Water Cases*. *See id.* at 3-4 (seeking "[a]ll documents/tangible things related to [seven tweets] from the Twitter handle @VeoliaFlintFacts."). VNA objected to this abuse of the discovery process. Plaintiffs responded by issuing a second subpoena to VNA demanding even more

---

[1] Exhibit D consists of excerpts from briefing in in Case No. 5:17-cv-10164 (E.D. Mich) (ECF No. 845).

sweeping discovery. *See* **Exhibit D** at 8 (May 5, 2022 Subpoena to VNA) (seeking "all documents/tangible things" between VNA's public relations consultants and all VNA or Veolia entities worldwide regarding a later tweet; all documents related to alleged "monies spent" to promote the tweets; contracts for services relating to VNA's public relations strategy; and "information related to geographic targeting of zip codes, counties, states, etc."). VNA again objected.

Plaintiffs filed an Emergency Motion to Compel. *See* Exhibit C, Order at 2 (recounting discovery history and summarizing the parties' arguments). Plaintiffs attempted to justify the relevance of the information demanded in the subpoenas by claiming that the social media posts were part of an effort to "misinform or influence the public concerning the trial," and "intended to conjure 'misinformation and doubt in the public," "concerning this trial, current jurors, and potential jurors in future trials." *Id.* at 3-4. VNA argued in opposition that the stated justification had nothing whatsoever to do with the claims or defenses offered in the ongoing professional negligence trial. *Id.* at 4. Judge Levy sided with VNA, writing: "The information sought by Plaintiffs' subpoenas is not relevant to the *claims or defenses* in the ongoing Bellwether I trial." Exhibit C, Order at 5 (emphasis in original). Judge Levy further characterized Plaintiffs' entire premise as "theoretical." Exhibit C, Order at 5.

### B. The Subpoena to Rise and Ms. Wright Seeks the Same Irrelevant Information.

Plaintiffs now seek to use the Subpoena to obtain from the non-party Subpoena Recipients the same information that Judge Levy refused to allow it to obtain from an actual party. The Subpoena seeks "all documents/tangible things" related to any Veolia entity's "relationship" with Rise and a separate public relations firm (Mercury Public Affairs), in addition to "all documents/tangible things" related to those entities' "utilization of any/all social media platforms"

on behalf of any Veolia entity. Exhibit A at 4 (Appendix to Subpoena). The Subpoena also seeks "correspondence, communications of any kind, including emails and text messages" reflecting "proposed initiatives" and "digital advertising and social media efforts" undertaken by Rise or Mercury on behalf of any Veolia entities. *Id.*

Plaintiffs' correspondence with undersigned counsel confirms that the requested discovery is part of Plaintiffs' ongoing effort to obtain information about a number of Veolia entities' social media strategies, which, as Judge Levy has already determined, is not relevant to the parties' claims and defenses. Specifically, Plaintiffs' counsel asserted that the requested discovery is relevant because Ms. Wright's alleged was involved in a "coordinated and complex mis-information (sic) campaign on behalf of VNA, which has already impacted this litigation and will continue to impact future litigation." **Exhibit E**, August 24, 2022 Letter from Corey Stern to Michael Frisch. This is almost the exact language Plaintiffs used when seeking to articulate to Judge Levy the relevance of information regarding VNA's public relations and social media strategies. *Compare* Exhibit C, Order at 3 (arguing discovery relevant to uncover "apparent coordinated effort" to "misinform or the public concerning the trial" and future trials) *with* Exhibit E, Letter at 1 (arguing discovery relevant to uncover "coordinated and complex mis-information campaign" impacting the litigation).

## C.  The Subpoena Recipients Have No Discoverable Information.

While the Subpoena is directed at Ms. Wright, a Notice of Deposition circulated among the parties identifies the entity to be deposed as Rise, and the document requests seek multiple categories of documents from Rise's files. Exhibit A at 4-5. Rise had no role in the Flint Water Crisis or VNA's response thereto. It was only retained in February 2022 to provide public relations and media strategy services to VNA in connection with the bellwether trial. *See* **Exhibit B**, Decl.

of Tarrah Cooper Wright ("Wright Decl.") ¶ 5. Ms. Wright similarly had no role in or involvement with the conduct that gave rise to the litigation. *See id.* ¶¶ 5-6. Given the Subpoena Recipients' respective roles, and Judge Levy's prior ruling, Subpoena Recipients cannot possibly possess discoverable information.

## L.R. 37.2 STATEMENT

Pursuant to L.R. 37.2, undersigned counsel for the Subpoena Recipients Rise and Ms. Wright, Mr. Michael Frisch and Mr. Pantelis Danos, conducted a telephonic conference on August 28, 2022 with Plaintiffs' counsel, Mr. Corey Stern. Counsel for Subpoena Recipients and Plaintiffs were unable to reach an accord that would vitiate the need for the instant motion.

## JURISDICTION

Rule 45 mandates that motions to quash be filed "in the court for the district where compliance is required." Fed. R. Civ. P. 45(d)(3)(A). For remote depositions, the witness's location establishes the place of compliance. *See United States v. $110,000 in US Currency*, No. 21 C 981, 2021 WL 2376019, at *3 (N.D. Ill. June 10, 2021) ("relevant inquiry" into compliance with Fed. R. Civ. P. 45(c) is "location of the witness"); *Int'l Seaway Trading Corp. v. Target Corp.*, No. 0:20-mc-00086, 2021 WL 672990, at *5 (D. Minn. Feb. 22, 2021) (same). Thus, because Ms. Wright resides in and would, if required, be deposed on behalf of Rise remotely from this District, this Court is the proper forum to adjudicate this motion.[2]

## LEGAL STANDARD

As with all discovery, the threshold question is relevance, *see Uppal v. Rosalin Franklin Univ. of Medicine*, 124 F. Supp. 3d 811, 813-14 (N.D. Ill. 2015), and Plaintiffs bear the "burden

---

[2] Because compliance is required in this district, the United States District Court for the Eastern District of Michigan does not have jurisdiction to resolve this motion. *See Singler v. Conagra Foods, Inc.*, No. 1:18-cv-271, 2020 WL 4705268, at *1 (S.D. Ohio Aug. 13, 2020).

to show the relevancy of their requests." *Nieves v. OPA, Inc.*, 948 F. Supp. 2d 887, 893 (N.D. Ill. 2013) (cleaned up). The relevance threshold must be "firmly applied," both with respect to Plaintiffs' documentary and testimonial requests. *Uppal*, 124 F. Supp. 3d at 813-814 ("[B]efore anyone, party or non-party, can be forced to submit to a deposition, the evidence that is sought must be relevant.").

Thus, as a threshold matter, Plaintiffs must demonstrate that the information they seek is relevant to the parties' *claims or defenses*; Plaintiffs are not entitled "to discovery to develop new claims or defenses that are not identified in the pleadings." *Id.* at 813; *see also id.* at 814 (discovery is "not a ticket . . . to an unlimited never-ending exploration of every conceivable matter that captures an attorney's interest") (citing *Vakharia v. Swedish Covenant Hosp.*, 1994 WL 75055, at *2 (N.D. Ill. 1994)).

Moreover, because Plaintiffs seek discovery from non-parties, they must clear a second hurdle: they must demonstrate that the discovery they seek does not impose an undue burden on Rise or Ms. Wright. Unlike Rule 26, Rule 45 *mandates* that courts quash subpoenas that impose undue burdens on non-parties. *Id.* at 813; *Rossman v. EN Eng'g, LLC*, 467 F. Supp. 3d 586, 590 (N.D. Ill. 2020) (courts "must protect" non-parties from undue burdens in complying with a subpoena).[3]

---

[3] Even under Rule 26's more forgiving standard, discovery should be denied if it is overbroad, unduly burdensome, or disproportionate to the needs of the case. *See Craigville Telephone Co. v. T-Mobile USA, Inc.*, 2022 WL 1499908, at *1-*2 (N.D. Ill. May 12, 2022) (outlining scope of discovery under Rule 26). Rule 26 places a "collective responsibility" on the "parties *and the court*" to ensure discovery is proper. *Id.* at *1 (quoting Fed. R. Civ. P. 26, Advis. Comm. Notes for 2015 Amendments) (emphasis added). "Kitchen-sink discovery – or fishing expeditions, as courts have often infamously characterized such an approach – into 'all communications' or 'all documents'" on a particular issue is necessarily "overbroad, unduly burdensome, and disproportionate to the needs of [a] case." *Id.* at *6.

Factors relevant to determining an undue burden include "the person's status as a non-party, the relevance of the discovery sought, the subpoenaing party's need for the discovery, and the breadth of the request." *Id.* Of these factors, a subpoena recipient's non-party status is accorded "*special weight* in evaluating the balance of competing needs." *Uppal*, 124 F. Supp. 3d at 813 (emphasis in original); *see also Rossman*, 467 F. Supp. 3d at 590; *Donald v. City of Chicago*, 2022 WL 2802322, at *1 (N.D. Ill. July 18, 2022) ("It has been consistently held that 'non-party status' is a significant factor to be considered in determining whether the burden imposed by the subpoena is undue.") (citation omitted).

Finally, the fact that the discovery sought from a non-party is duplicative or cumulative of discovery sought from a party is "reason enough" on its own to quash a non-party subpoena. *Rossman*, 467 F. Supp. 3d at 590-59; *Tresona Multimedia, LLC v. Legg*, 2015 WL 4911093, at *3 (N.D. Ill. 2015) ("A non-party subpoena seeking information that is readily available from a party through discovery may be quashed as duplicative or cumulative."). The fact that the requesting party has failed to obtain the requested information from the party "does not remedy the situation." *Tresona*, 2015 WL 4911093, at *3; *see also Ameritox, Ltd. v. Millenium Labs, Inc.*, 2012 WL 6568226, at *2-3 (N.D. Ill. 2012) (quashing non-party subpoena duplicative of requests made to party); *In re Heartland Inst.*, 2011 WL 1839482, at *4 (N.D. Ill. 2011) (quashing non-party subpoena even though requests to party in underlying action went unanswered).

## ARGUMENT

This Court should quash the Subpoena outright, with prejudice as an effort by Plaintiffs' counsel to obtain discovery that *has already been denied them* by the presiding judge in the *Flint Water Cases* on the express grounds that it was not relevant to any party's claims or defenses. In

accordance with Rule 45, the Court should also award Rise and Ms. Wright reasonable attorneys' fees and costs.

### A. Plaintiffs' Failure to Articulate a Viable Relevance Argument Requires that the Subpoena be Quashed.

This Court should quash the subpoena because Plaintiffs have failed to articulate a viable relevance argument. In the *Flint Water Cases*, Plaintiffs allege that, roughly seven years ago, VNA engineers committed professional negligence while performing a two-week assignment in 2015 for the City of Flint. Plaintiffs do not allege libel, slander, defamation, or any similar claim that might arise out of VNA's public speech. Put simply, VNA's 2022 commentary on the bellwether trial—including its social media posts and public relations efforts—form no part of Plaintiffs' claim. That is why Judge Levy refused to allow Plaintiffs to obtain discovery from VNA on these topics.

Plaintiffs have not argued otherwise, and they cannot articulate a viable relevance argument.[4] All Plaintiffs have asserted (as they did before Judge Levy) is that VNA is engaged, with the assistance of Rise and Ms. Wright, in a "misinformation" campaign targeting the public at large. Exhibit C, Order at 3; Exhibit E, Letter at 1. But even if VNA was engaged in such a "misinformation" campaign, it would not be relevant to any party's claims or defenses, because evidence about its social media posts or public relations efforts would not tend to prove any fact that would make it more or less likely that VNA (or LAN) engaged in professional negligence

---

[4]  Thus far, the only relevance theory that Plaintiffs hare articulated is that Rise and Ms. Wright were alleged part of a "coordinated and complex mis-information (*sic*) campaign on behalf of VNA, which has already impacted this litigation and will continue to impact future litigation." Exhibit E, Letter at 1. As set forth above, that is the same argument that Plaintiffs unsuccessfully made to Judge Levy. *See* Exhibit C, Order at 3-4. Furthermore, Plaintiffs have neither specified which statement(s) constitute misinformation nor identified how any such statements are impacting the litigation.

several years ago. Plaintiffs' counsel obviously dislikes VNA's speech, including VNA's commentary on the recent, publicly simulcast trial, but the discovery rules do not permit "unlimited never-ending exploration of every conceivable matter that captures an attorney's interest." *Uppal*, 124 F. Supp. 3d at 814. Because Plaintiffs have not and cannot articulate a viable relevance theory, the Subpoena must be quashed.

### B. Even if the Information Requested Were Tangentially Relevant, The Subpoena Should Be Quashed for Imposing an Undue Burden on Non-Parties.

As explained above, earlier this year, Plaintiffs issued a series of subpoenas to VNA and other entities. Those subpoenas sought exactly the same type of information, and referenced the same individuals and entities, as does the instant Subpoena. Thus, this is not a case where the Subpoena Recipients uniquely possess discovery material. Rather, if the requested information were actually relevant to the parties' claims or defenses, it could be obtained from VNA, which is at least a party to the underlying action. Indeed, as noted above, Plaintiffs did seek this information from a party, VNA, and the District Court denied their request.

Here, Plaintiffs are seeking information from a non-party, Rise, that is at best duplicative and cumulative of information deemed irrelevant by the District Court. This in itself is improper and places an undue burden on a non-party. *See Rossman*, 467 F. Supp. 3d at 590-59; *Tresona* 2015 WL 4911093, at *3. Indeed, it appears that the Subpoena to Rise and Ms. Wright is actually *broader* than Plaintiffs' subpoenas to VNA. Whereas the subpoenas to VNA at least focused on certain specific tweets, the Subpoena to Rise and Ms. Wright seeks "all documents," with no time restrictions, regarding a broad range of topics, including "work performed" and the "utilization of any/all social media platforms" on behalf of VNA. Exhibit A at 4. Thus, instead of narrowing their requests in response to a judicial denial, Plaintiffs have responded by demanding *even more sweeping* discovery—and from non-parties, no less. As a result, even if this Court believed that

*some* of the requested information was relevant to the parties' claims and defenses in the *Flint Water Cases* (although none of it is), the Court should still quash the subpoena for imposing an undue burden on the non-party Subpoena Recipients. *See Rossman*, 467 F. Supp. 3d at 590-91.

Notwithstanding the duplicative nature of Plaintiffs' requests, responding to the Subpoena would place an undue burden on Rise and Ms. Wright. Rise is a small company and responding to the broad discovery requested by Plaintiffs would require costly document processing and review for production – all to provide information already deemed irrelevant by the trial judge. Moreover, Ms. Wright has no independent knowledge of any of the facts underlying the claims and defenses in the *Flint Water Cases*, and so asking her to sit for a deposition (at the cost of multiple days' work at least) when she has no relevant information to provide, is necessarily an undue burden on Ms. Wright. *See Uppal*, 124 F. Supp. 3d at 813-814 (non-party not required to sit for deposition if information sought is irrelevant).

### C. Under Rule 45(d)(1), the Court Should Award Recipients Reasonable Attorneys' Fees.

Rule 45(d)(1) states that a "party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." The Rule further directs that the "court for the district where compliance is required ***must*** enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply." Fed. R. Civ. P. 45(d)(1) (emphasis added).

An award of reasonable attorneys' fees to the Subpoena Recipients is warranted here. Undersigned counsel has provided written objections and held a meet and confer with Plaintiffs' counsel explaining that the information sought is neither relevant nor discoverable for the reasons set forth above. Plaintiffs' counsel then has had notice both from the presiding judge in the

bellwether trial and undersigned counsel that the Subpoena is improper. In spite of this notice, Plaintiffs' counsel has failed to withdraw, or even narrow, the Subpoena. The Subpoena Recipients have incurred costs, including attorneys' fees, to respond to Plaintiffs' Subpoena and file the instant motion. The Subpoena Recipients should not be required bear these costs due to Plaintiffs' improper use of the subpoena power, which is precisely why an award of reasonable attorneys' fees to subpoena recipients subject to an undue burden is required by Rule 45(d)(1). Under these circumstances, the provisions of Rule 45 apply, and the Subpoena Recipients should be awarded reasonable attorneys' fees.[5]

## CONCLUSION

For the foregoing reasons, Subpoena Recipients' Motion to Quash should be GRANTED in its entirety.

Dated: September 7, 2022          Respectfully Submitted,

                                  **/s/ Michael Frisch**
                                  One of the Attorneys for Rise

Michael Frisch
Pantelis Danos
Croke Fairchild Morgan & Beres
180 N. LaSalle St., Ste. 2750
Chicago, IL 60601
mfrisch@crokefairchild.com
pdanos@crokefairchild.com

Attorneys for Non-Party Rise Strategy Group

---

[5] Rule 45 also contemplates additional sanctions for abuse of the subpoena power. The Subpoena Recipients are not seeking such relief at this time, but expressly reserve their right to seek sanctions against Plaintiffs and Plaintiffs' counsel should it become necessary to do so.

## **CERTIFICATE OF SERVCE**

I hereby certify that on September 7, 2022, I caused the foregoing Motion to Quash Subpoena directed at non-parties Rise Strategy Group and Tarrah Cooper Wright to be served via email and filing it with the Clerk of the Court using the CM/ECF filing system on:

> Corey Stern
> Levy Konigsberg, LLP
> 605 Third Avenue Street
> 33rd Floor
> New York, NY 10158
> cstern@levylaw.com
>
> Attorney for Plaintiffs

**/s/ Michael Frisch**
One of the Attorneys for Rise

Michael Frisch
Pantelis Danos
Croke Fairchild Morgan & Beres
180 N. LaSalle St., Ste. 2750
Chicago, IL 60601
mfrisch@crokefairchild.com
pdanos@crokefairchild.com

Attorneys for Non-Party Rise Strategy Group

ILND 44 (Rev. 04/13/16)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law,  except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a)  PLAINTIFFS
WALTERS, ET AL

**DEFENDANTS**
VEOLIA NORTH AMERICA, LLC;

**(b)** County of Residence of First Listed Plaintiff    Genessee
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant    Cook
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:         IN LAND CONDEMNATION CASES, USE THE LOCATION OF
                    THE TRACT OF LAND INVOLVED.

**(c)**  Attorneys *(Firm Name, Address, and Telephone Number)*
Corey Stern
Levy Konigsberg, LLP, 605 Third Avenue, St 33rd Floor, New York, NY 10158
cstern@levylaw.com; 212-605-6200

Attorneys *(If Known)*
Kelly Kramer & William Sinnott - Mayer Brown LLP, 1999 K St. NW,
Washington, DC 20006; kkramer@mayerbrown.com; (202) 263-3007;
WSinnott@mayerbrown.com (202) 263-3439

## II.  BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1   U.S. Government
          Plaintiff

☒ 3   Federal Question
          *(U.S. Government Not a Party)*

☐ 2   U.S. Government
          Defendant

☐ 4   Diversity
          *(Indicate Citizenship of Parties in Item III)*

## III.  CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                                      *and One Box for Defendant)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV.  NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729 (a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 460 Deportation |
| ☐ 153 Recovery of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| | | | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | ☐ 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 535 Death Penalty | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities Employment | ☐ 540 Mandamus & Other | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities Other | ☐ 550 Civil Rights | ☐ 462 Naturalization  Application | | |
| | ☐ 448 Education | ☐ 555 Prison Condition | ☐ 463 Habeas Corpus - Alien Detainee (Prisoner Petition) | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | ☐ 465 Other Immigration Actions | | |

## V.  ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original
     Proceeding

☐ 2 Removed from
     State Court

☐ 3 Remanded from
     Appellate Court

☐ 4 Reinstated or
     Reopened

☐ 5 Transferred from
     Another District
     *(specify)*

☐ 6 Multidistrict
     Litigation

## VI.  CAUSE OF ACTION (Enter U.S. Civil Statute under which you are filing and write a brief statement of cause.)
F.R.C.P. 45(d)(3) Motion to Quash Non-Party Subpoena

## VII.  Previous Bankruptcy Matters (For nature of suit 422 and 423, enter the case number and judge for any associated bankruptcy matter previously adjudicated by a judge of this Court. Use a separate attachment if necessary.)

## VIII.  REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:          ☐ Yes     ☐ No

## IX.  RELATED CASE(S) IF ANY
*(See instructions):*

JUDGE    Judith E. Levy                       DOCKET NUMBER    5:16-cv-10444

## X. This case (check one box)
☒ Is not a refiling of a previously dismissed action          ☐ is a refiling of case number _____   previously dismissed by Judge _____

DATE    September 7, 2022                       SIGNATURE OF ATTORNEY OF RECORD   /s/ Michael Frisch

# Exhibit A

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
Eastern District of Michigan

| | | |
|---|---|---|
| In re Flint Water Cases | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 5:16-cv-10444 |
| | ) | |
| | ) | |
| *Defendant* | ) | |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To: TARRAH COOPER WRIGHT - Rise Strategy Group, CEO and Founder
*(Name of person to whom this subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

Place: Remote/Zoom

Date and Time: September 13, 2022
10:00 am EST

The deposition will be recorded by this method: Stenographically and Audio/Visually (by Video)

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:
SEE APPENDIX A - ATTACHED HERETO

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: August 7, 2022

*KINIKIA D. ESSIX, CLERK OF COURT*

OR

_____           _____
*Signature of Clerk or Deputy Clerk*            *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*
All individual plaintiffs in atty capacity as Co-Liaison Counsel fIndividual                , who issues or requests this subpoena, are:

Corey Stern, 605 3rd Ave., 33rd Floor, New York, New York 10158, cstern@levylaw.com, (212) 605-6298

## Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A  (Rev.  02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)*

on *(date)*                                    .

☐ I served the subpoena by delivering a copy to the named individual as follows:

                                                                on *(date)*                      ; or

☐ I returned the subpoena unexecuted because:

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$                              .

My fees are $                          for travel and $                          for services, for a total of $                     .

I declare under penalty of perjury that this information is true.

Date:

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# APPENDIX A

1.  All documents/tangible things related to Rise Strategy Group's relationship with Veolia North America, Inc., Veolia North America Operating Services, LLC, Veolia Environment, SA, Veolia Water, SADE, Veolia Water Solutions and Technologies, and/or any other Veolia entity associated with work performed by Rise Strategy Group in relation to the Flint Water Crisis.

2.  All documents/tangible things related to Mercury Public Affairs' relationship with Veolia North America, Inc., Veolia North America Operating Services, LLC, Veolia Environment, SA, Veolia Water, SADE, Veolia Water Solutions and Technologies, and/or any other Veolia entity associated with work performed by Mercury Public Affairs in relation to the Flint Water Crisis.

3.  All documents/tangible things related to Rise Strategy Group's utilization of any/all social media platforms in relation to Veolia North America, Inc., Veolia North America Operating Services, LLC, Veolia Environment, SA, Veolia Water, SADE, Veolia Water Solutions and Technologies, and/or any other Veolia entity associated with work performed by Rise Strategy Group in relation to the Flint Water Crisis.

4.  All documents/tangible things related to Mercury Public Affairs' utilization of any/all social media platforms in relation to Veolia North America, Inc., Veolia North America Operating Services, LLC, Veolia Environment, SA, Veolia Water, SADE, Veolia Water Solutions and Technologies, and/or any other Veolia entity associated with work performed by Mercury Public Affairs in relation to the Flint Water Crisis.

5.  All monthly reports, internal documents, correspondence, communications of any kind, including emails and text messages, reflecting proposed initiatives, strategies related to SEO, digital advertising and social media efforts undertaken by Rise Strategy Group, and/or Mercury Public Affairs, previously performed for or ongoing for Veolia North America, Inc., Veolia North America Operating Services, LLC, Veolia Environment, SA, Veolia Water, SADE, Veolia Water Solutions and Technologies, and/or any other Veolia entity associated with work performed in relation to the Flint Water Crisis.

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

_____

In re FLINT WATER CASES

CIVIL ACTION
FILE NO. 5:16-cv-10444

Hon. Judith E. Levy

_____

## NOTICE OF TAKING AUDIO-VISUAL DEPOSITION

**TO:  TARRAH COOPER WRIGHT, CEO – RISE STRATEGY GROUP**

**PLEASE TAKE NOTICE** that the undersigned attorney, Co-Liaison Counsel for Individual Plaintiffs, pursuant to Fed. R. Civ. P. 26 and 30 will take the deposition upon oral examination, by stenographic means and audio-visual means, of the following entity on the date, at the time and at the place set forth below:

| **Deponent** | **Location** | **Date** | **Time** |
| --- | --- | --- | --- |
| Rise Strategy Group | Remote/Zoom | 9/13/22 | 10:00 a.m. |

**PLEASE TAKE FURTHER NOTICE** that said deposition shall take place before a duly qualified Notary Public or officer authorized by law to administer oaths and shall continue from day to day until completed and in accordance with the Case Management Order and Discovery Coordination Order. Said deposition shall cover all matters relevant to the subject matter of the within action. You are invited to attend the examination and cross-examine the witness. If the date and location is not

convenient to the Deponent, the Deponent (or his or her counsel) shall contact the

Noticing Party's counsel within five (5) business days to arrange an alternate date

and/or location.

This 7th day of August, 2022.

**LEVY KONIGSBERG, LLP**

/s/ COREY M. STERN
Corey M. Stern
605 3rd Avenue, 33rd Floor
New York, New York 10158
(212) 605-6298
(212) 605-6290 (facsimile)
cstern@levylaw.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 7, 2022, I caused the within Notice of Taking Deposition to be served electronically on counsel of record for all parties to the above-captioned action at their e-mail addresses on file with the Court.

**LEVY KONIGSBERG, LLP**

<u>/s/ COREY M. STERN</u>
Corey M. Stern
605 3rd Avenue, 33rd Floor
New York, New York 10158
(212) 605-6298
(212) 605-6290 (facsimile)
cstern@levylaw.com

# **Exhibit B**

DocuSign Envelope ID: 0F057245-5A55-4613-BE51-4966452147CA

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| *IN RE* FLINT WATER CASES | ) |
| | ) |
| | ) |
| | ) |
| _____ | ) |
| | ) |
| In re: | ) |
| | ) |
| Subpoena to Rise Strategy Group | ) |
| and Tarrah Cooper Wright | ) |

# DECLARATION OF
# TARRAH COOPER WRIGHT

I, Tarrah Cooper Wright, declare as follows:

1. I am over the age of eighteen (18) years, have personal knowledge of the matters stated herein and, if called as a witness, could competently testify thereto.

2. The facts set forth herein are based on my personal knowledge and are true and correct to the best of my knowledge, belief, recollection, and understanding.

3. This declaration is being provided in connection with a third-party subpoena that I received from Plaintiffs in a matter styled *In re flint Water Cases*, case number 16-cv-10444, in the United States District Court for the Eastern District of Michigan (the "Lawsuit" or "Flint Water Case").

4. In November 2016, I founded Rise, a public relations firm, where I continue to serve as the Chief Executive Officer to this day. Currently, Rise has nine employees.

5. In February 2022, Veolia North America ("Veolia") retained Rise as a sub-contractor to support the media relations needs during a trial regarding Veolia's work in Flint, Michigan. Prior

DocuSign Envelope ID: 0E057245-5A55-4612-BE51-496B152147CA

to Rise's engagement, Rise had no involvement in any issue related to the Lawsuit or VNA's response thereto.

6.     During an approximately two-month period in 2016, I briefly worked for another PR firm where I advised VNA on media and PR strategy related to its work in Flint, Michigan. I had no involvement in VNA's underlying work for the City of Flint.

I declare under penalty of perjury that the foregoing is true and correct.

September 7, 2022

Tarrah Cooper Wright
_____
Tarrah Cooper Wright

# Exhibit C

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

Sherrod, Teed, Vanderhagen and Ware,

    Plaintiffs,

v.

VNA and LAN,

    Defendants.

Case No. 5:17-cv-10164-JEL-KGA

Hon. Judith E. Levy

Flint Water Cases Bellwether I

_____ /

# ORDER DENYING CO-LIAISON COUNSEL'S CORRECTED EMERGENCY MOTION TO COMPEL WITHOUT PREJUDICE [840]

On May 19, 2022, Co-Liaison Counsel filed a corrected emergency motion to compel the production of documents from Defendant Veolia Water North America Operating Services, LLC and non-parties Veolia Water Contract Services, Veolia Water municipal Services North America, and Veolia Environmental Services (all together, the "Subpoena Recipients"). The motion is denied without prejudice for the reasons set forth below.

## I.  Background

Plaintiffs issued subpoenas to both Defendant VNA and the Non-Party VNA Entities on May 5, 2022. Plaintiffs seek the production of documents related to tweets from the Twitter handle @VeoliaFlintFacts, which Plaintiffs believe is owned or operated by the Subpoena Recipients. Plaintiffs' subpoena seeks, in relevant part:

> 1. All documents/tangible things related to the following Tweets, from the Twitter handle @VeoliaFlintFacts:
>
> (a) 5/03/22: "Aaron Specht, PhD, assistant professor at Purdue University, led a highly controversial program to test bone lead levels in #Flint children using modified hand-held devices. Learn more about his junk science test: (link to veoliaflintfacts.com)
>
> [. . .]
>
> 2. All documents/tangible things related to any monies spent on Twitter to promote all tweets from the Twitter handle @VeoliaFlintFacts, including information related to geographic targeting of zip codes, counties, states, etc.

(ECF No. 840-10, PageID.52785, 52794.)

The Subpoena Recipients, through their counsel, responded and objected to the subpoenas. Among other general objections, the Subpoena Recipients provided the following response to both subpoena questions:

2

> Subpoena Recipients object to this Request as overly broad, unduly burdensome, harassing, and not likely to lead to the discovery of evidence relevant to this matter. Moreover, the Request infringes on the First Amendment Rights of numerous parties, including Defendants, Subpoena Recipients, and non-parties to this litigation.

(ECF No. 840-10, PageID.52778.) No documents were produced. The Subpoena Recipients did not file a motion to quash the subpoenas.

In Plaintiffs' motion to compel, they argue that the discovery should be permitted under the broad relevancy standard of Federal Rule of Civil Procedure 26(b). They argue that the information sought is relevant to the "ongoing trial before this Court, through an apparent coordinated effort by VNA to live tweet trial updates from the courtroom and misinform or influence the public concerning the trial." (ECF No. 840, PageID.52727.) They argue that the tweets are "intended to conjure misinformation and doubt in the public and represent direct attacks at the integrity of the plaintiff's lawyers in trial before this Court." (*Id.* at PageID.52734.) They also argue that, having met the relevance threshold under Rule 26, the burden shifts to the Subpoena Recipients to demonstrate that the discovery sought should be denied, which they have not done. (*See id.*, PageID.52726–52735.)

The Subpoenaed Recipients responded and argue, among other things, that Plaintiffs have not carried their burden of showing relevance in the first instance. Defendants argue that "what the public believes about the issues on trial is not relevant to any claim or defense. Furthermore this is a professional negligence case about alleged lead-related damage to children, not a defamation case about the integrity of Plaintiffs' counsel." (ECF No. 845, PageID.52814.)

In their reply, Plaintiffs argue, among other things, that the discovery is "highly relevant" because the "inflammatory and unsupported information" in the tweets are "tainting this litigation." (ECF No. 856, PageID.53315.) They argue that the Tweets are intended to "misinform or influence the public concerning this trial, current jurors, and potential jurors in future trials." (*Id.*)

## II. Applicable Law

Generally, district courts have "discretion to limit the scope of discovery when the information sought is overbroad or unduly burdensome." *See Fears v. Kasich (In re Ohio Execution Protocol Litig.)*, 845 F.3d 231, 236 (6th Cir. 2016). While "a plaintiff should not be denied access to information necessary to establish her claim, neither may a

4

plaintiff be permitted to go fishing and a trial court retains discretion to determine that a discovery request is too broad and oppressive." *Id.* (internal citations omitted).

## III. Discussion

The information sought by Plaintiffs' subpoenas is not relevant to the *claims or defenses* in the ongoing Bellwether I trial. Rather, Plaintiffs' argument is that the alleged misinformation could cause the public to question or doubt Plaintiffs' legal position or their attorneys' integrity. At this point, this premise is theoretical. Although this would be difficult to obtain, there has not been a showing that the jury has been influenced by, or is even aware of, the tweets. Indeed, the jury in the ongoing trial is regularly directed regarding their obligation to refrain from conducting research and to refrain from reading anything regarding the case. There is no indication that any juror has failed to follow this directive either intentionally or unintentionally.

The subpoenaed information could be relevant to the ongoing trial if there is a showing that the tweets or information contained in the tweets originated from one of the lawyers for VNA. The Court asked counsel for VNA about this March 30, 2022, and was assured at that time

5

that the VNA lawyers in the trial were unaware of the Twitter account until examples of tweets were submitted in connection with another docket item unrelated to this issue. Counsel for VNA indicated that he would "look into it and get back to the Court" as to whether any lawyers for VNA (not just those in the courtroom) were involved. VNA responded, and to date, there has been no showing of VNA attorney involvement in the Twitter account. If Plaintiffs learn that an attorney for VNA is involved with the tweets they may re-raise their motion at that time. This issue may also be re-raised as the litigation proceeds and future juries are selected. Moreover, if any party learns that any juror in the present trial has been exposed to this twitter content, they are directed to immediately notify the Court.

## IV.   Conclusion

Plaintiffs' motion to compel is denied without prejudice.

IT IS SO ORDERED.

Dated: July 11, 2022                         s/Judith E. Levy
Ann Arbor, Michigan                    JUDITH E. LEVY
                                                        United States District Judge

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on July 11, 2022.

s/William Barkholz
WILLIAM BARKHOLZ
Case Manager

# Exhibit D

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Eastern District of Michigan

| | |
|---|---|
| Walters, et al. | ) |
| _____Plaintiff_____ | ) |
| v. | ) Civil Action No. 17-10164 |
| | ) |
| Veolia North America | ) |
| _____Defendant_____ | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: VEOLIA WATER CONTRACT OPERATIONS USA, INC.    2900 West Road Ste. 500, East Lansing, MI 48823
_____(Name of person to whom this subpoena is directed)_____

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

SEE APPENDIX A

| Place: US District Court, Eastern District of Michigan<br>200 E. Liberty Street, Ann Arbor, MI 48104<br>Courtroom 100 | Date and Time: April 11, 2022 |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: April 5, 2022

_____
*KINIKIA D. ESSIX, CLERK OF COURT*

OR

_____                    _____
*Signature of Clerk or Deputy Clerk*                    *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____ , who issues or requests this subpoena, are:

Teed, Vanderhagen, Sherrod, Ware

Hunter Shkolnik, Esq., NAPOLI SHKOLNIK, PLLC, 3163 Flushing Road, Suite 200-D, Flint, Michigan 48504; hunter@napolilaw.com; (787) 493-5088

## Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

(1) *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

(2) *For Other Discovery.* A subpoena may command:
  (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*
  (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*
  (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information; or

    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*
  (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# APPENDIX A

1.   All documents/tangible things related to the following Tweets, from the Twitter handle @VeoliaFlintFacts:

   (a)   3/10/22: "Today in a sidebar convo w/Judge Levy, the plaintiff's attorney Cor[e]y Stern aggressively argued that both VNA & LAN should be required to share topics and questions they have for Snyder, Croft, Ambrose and Early that fall outside of what was already shared in their depositions."

   (b)   3/10/22: "This begs the question: Who are these lawyers really fighting for? The children of Flint? Or the government officials who caused the #FlintWaterCrisis and are now hiding behind the fifth?"

   (c)   3/22/22: "They took the money for themselves and left the people of the city in the same situation they were when they came."
         - Diane Fletcher, Flint MI resident

         "#Flint residents have a lot to say about the 626M settlement."

         (link to veoliaflintfacts.com)

   (d)   3/25/22: "Officials responsible for the #FlintWaterCrisis admitted their culpability in depositions. So what's it about the whole truth and nothing but the truth – that now has Snyder, Croft, Ambrose and Early trying to plead the Fifth?

         Here's the truth"

         (link to veoliaflintfacts.com)

   (e)   3/16/22: "Another #FlintWaterCrisis LIE from the Plaintiff's attorney -> Business development considerations stopped VNA from recommending that the City of Flint return to Detroit Water.

         Here are the facts around VNA's work in #Flint:"

    (f)    3/16/22: "The latest #FlintWaterCrisis LIE from the plaintiff's lawyers?

                  VNA had the power to recommend that the City of Flint return to Detroit Water.

                  Here are the facts"

    (g)    3/15/22: Croft, Early, Ambrose & former MI Gov Rick Snyder already admitted responsibility for the #FlintWaterCrisis in depositions. Now, when their voices need to be heard most, they are cowering behind the Fifth amendment.

                  Flint survivors deserve more! Veoliaflintfacts.com/whos-who/"

This request is intended to include all emails, contracts, telephone logs, text messages, facsimiles, and any/all other communications/correspondence between and amongst INFOGUYS, INC., MIRS News, its agents, employees, contractors and subsidiaries, and Veolia North America, Inc., Veolia North America Operating Services, LLC, Veolia Environment, SA, Veolia Water, SADE, Veolia Water Solutions and Technologies, Doshion Limited, Seureca, Setude, Kruger A/S, any other Veolia or VNA entity not explicitly mentioned herein, as well as any/all communications between INFOGUYS, INC, MIRS News, and counsel for any/all of the entities referenced herein. It is intended to include all documents related to how these posts were made, from who(m) permission was received to make the post, from whom the information was transmitted in advance of the posts, and any contracts for services or other communications/documents that describe same.

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Eastern District of Michigan

| | |
|---|---|
| Walters, et al. | ) |
| *Plaintiff* | ) |
| v. | )    Civil Action No.   17-10164 |
| Veolia North America | ) |
| | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:     VEOLIA WATER NORTH AMERICA OPERATING SERVICES, INC
~~28333 Telegraph Road, Southfield MI 48035~~
40600 ANN ARBOR RD. East, STE 201, PLYMOUTH, MI 48170

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Appendix A

| Place: US District Court, Eastern District of Michigan<br>200 E. Liberty Street, Ann Arbor, MI 48104<br>Courtroom 1CC | Date and Time:<br><br>05/11/2022 0:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

     The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    05/05/2022

| | |
|---|---|
| *CLERK OF COURT* | OR |
| | /s/ Hunter J. Shkolnik |
| _____<br>*Signature of Clerk or Deputy Clerk* | _____<br>*Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
Teed, Vanderhagen, Sherrod, Ware _____, who issues or requests this subpoena, are:

Hunter Shkolnik, Esq., NAPOLI SHKOLNIK, PLLC, 3163 Flushing Road, Suite 200-D, Flint, Michigan 48504;

hunter@napolilaw.com      **Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 17-10164

## PROOF OF SERVICE

### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____

My fees are $ _____ for travel and $ _____ for services, for a total of $     0.00

I declare under penalty of perjury that this information is true.

Date: _____

               _____
                          *Server's signature*

               _____
                          *Printed name and title*

               _____
                          *Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

 **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
  **(i)** is a party or a party's officer; or
  **(ii)** is commanded to attend a trial and would not incur substantial expense.

 **(2)** *For Other Discovery.* A subpoena may command:
 **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*
 **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*
 **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  **(i)** fails to allow a reasonable time to comply;
  **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
  **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  **(iv)** subjects a person to undue burden.
 **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
  **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

 **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 **(2)** *Claiming Privilege or Protection.*
 **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  **(i)** expressly make the claim; and
  **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**APPENDIX A**

1.    All documents/tangible things related to the following Tweets, from the Twitter handle @VeoliaFlintFacts:

    (a)    5/03/22: "Aaron Specht, PhD, assistant professor at Purdue University, led a highly controversial program to test bone lead levels in #Flint children using modified hand-held devices. Learn more about his junk science test: (link to veoliaflintfacts.com)

        This request is intended to include all emails, contracts, telephone logs, text messages, facsimiles, and any/all other communications/correspondence between and amongst INFOGUYS, INC., MIRS News, its agents, employees, contractors and subsidiaries, and Veolia North America, Inc., Veolia North America Operating Services, LLC, Veolia Environment, SA, Veolia Water, SADE, Veolia Water Solutions and Technologies, Doshion Limited, Seureca, Setude, Kruger A/S, any other Veolia or VNA entity not explicitly mentioned herein, as well as any/all communications between INFOGUYS, INC. MIRS News, and counsel for any/all of the entities referenced herein. It is intended to include all documents related to how these posts were made, from who(m) permission was received to make the post, from whom the information was transmitted in advance of the posts, and any contracts for services or other communications/documents that describe same.

2.    All documents/tangible things related to any monies spent on Twitter to promote all tweets from the Twitter handle @VeoliaFlintFacts, including information related to geographic targeting of zip codes, counties, states, etc.

# Exhibit E

**LEVY KONIGSBERG LLP**
**ATTORNEYS AT LAW**
**605 THIRD AVENUE, 33RD FLOOR**
**NEW YORK, NY 10158**

**NEW JERSEY OFFICE**
QUAKERBRIDGE EXECUTIVE OFFICE
101 GROVERS MILL ROAD
LAWRENCEVILLE, NJ 08648
TELEPHONE: (609) 720-0400
FAX: (609) 720-0457

**(212) 605-6200**
**FAX: (212) 605-6290**
**WWW.LEVYLAW.COM**

**ALBANY OFFICE**
90 STATE STREET
ALBANY, NY 12207
TELEPHONE: (518) 286-5068

AUGUST 24, 2022

*VIA EMAIL* **(MFRISCH@CROKEFAIRCHILD.COM)**
Michael D. Frisch
Croke Fairchild Morgan & Beres 180 N Lasalle St
Suite 2750
Chicago, il 60601
Michael Frisch
847.530.7419
mfrisch@crokefairchild.com

   **RE**:  *IN RE FLINT WATER CASES, CIVIL ACTION NO. 5:16-CV-10444*
      *RESPONSE TO RISE'S SUBPOENA OBJECTION LETTER*

Mr. Frisch:

   Please accept this letter in response to your August 22, 2022, letter which set forth your objections to the attached subpoena served on your client Ms. Cooper Wright.

   In your letter, you expressed concern regarding "why Ms. Wright has received this subpoena." As you properly surmise, the above caption matter relates to the Flint Water Crisis. Plaintiffs have a good faith basis for deposing Ms. Wright and obtaining the requested documents because she has been personally assisting one of the defendants in this litigation – Veolia North America ("VNA") – through her current work at Rise Strategy Group and prior work at Mercury Public Affairs. It is without question that her efforts have and continue to include a coordinated and complex mis-information campaign on behalf of VNA, which has already impacted

this litigation and will continue to impact future litigation. To that end, your general objections to the validity of the subpoena are without merit.

As to your concerns regarding the person requested, location, and subject of the deposition itself, the subpoena and deposition notice both clearly state that the deposition is noticed to Ms. Wright and that it will take place remotely via Zoom. The subject of the deposition will be in regard to Ms. Wright's work, correspondence, and interactions with VNA, and her efforts to spread certain information on VNA's behalf.

As to your objections to the documents requested, we do not believe that the requests are overly broad or burdensome. However, we are willing to meet and confer on Friday, August 26 at 11:30 a.m., EST, or on Monday August 29 at 11:30 a.m., EST to discuss the requests.

Finally, to the extent you intend to assert privilege as to any of the requests for documents, your current objections do not comply with the Federal Rules. Pursuant to Federal Rule 45 you are obligated to "describe the nature of the withheld documents, communications, or tangible things *in a manner that*, without revealing information itself privileged or protected, *will enable the parties to assess the claim*." Fed. R. Civ. P. 45(e)(2) (emphasis added).

Respectfully,

/s/ Corey Stern
Corey Stern

**LEVY KONIGSBERG, LLP**
Corey M. Stern
Levy Konigsberg, LLP 605
Third Avenue Street 33rd Floor
New York, NY 10158
cstern@levylaw.com