UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| *In re* FLINT WATER CASES | Civil Action No. 5:16-cv-10444-JEL-(consolidated)<br><br>Hon. Judith E. Levy |

DIRECTIVE OF THE SPECIAL MASTER PROVIDING GUIDANCE
ON CLAIMS PROCESSING MATTERS

On November 10, 2021, the Court issued its *Opinion and Order Granting Final Approval Of A Partial Settlement, Granting Certification Of A Settlement Class, Granting Appointment Of Settlement Class Counsel [1794], Denying Objections, And Adopting The Report And Recommendation [2006]* ("Opinion and Final Approval Order"), 571 F. Supp. 3d 746, (E.D. Mich. Nov. 10, 2021) (ECF No. 2008, PageID.69537–69714).

The Opinion and Final Approval Order approved the settlement reached between Plaintiffs and the Settling Defendants in the Amended Settlement Agreement ("ASA") (ECF No. 1394-2, PageID.54120).[1] Pursuant to the ASA, the Special Master oversees various aspects of the settlement and her duties include, *inter alia*, "(1) consulting with the Claims Administrator and making decisions

---

[1] Unless otherwise defined herein, all capitalized terms herein have the same meaning set forth in the ASA.

1

regarding registration and participation; (2) considering and deciding, in a timely fashion, any appeals taken by participants …; and (3) handling any disputes that arise involving the ASA." Opinion and Final Approval Order, 571 F. Supp.3d at 761, ECF No. 2008 at PageID.69554 (citing ASA at PageID.54163–54174).

On January 20, 2022, the Court issued its *Order Regarding Settlement-Related Duties Of The Special Master*, ECF No. 2096, PageID.71973 ("Order"). By this Order, the Court amended its previous *Amended Order Appointing Special Master* ("Special Master Appointment Order"), ECF No. 544, PageID.16581-16590. The Court directed Special Master Deborah E. Greenspan to fulfill all of the duties of Special Master set forth in the ASA and specifically directed the Special Master to assist the Court in its oversight role by addressing issues of interpretation of Exhibit 8 to the ASA and the exhibits thereto and by providing direction to the Claims Administrator regarding questions of interpretation. Order, PageID.71975-71976. (Exhibit 8 to the ASA is the Flint Water Cases Qualified Settlement Fund Categories, Monetary Awards, and Required Proofs Grid, ECF No. 1319-2, PageID.40788). The Special Master may also submit recommendations to the Court regarding interpretation matters. Order, PageID.71976.

2

The Special Master has reviewed questions and issues that have arisen during the implementation of the claims process and in connection with the review of claims. This document sets forth guidance with respect to three issues.

1. **Miscarriage Claims**. Category 26 of the compensation schedule sets forth the criteria for compensation for a claimant who has suffered a miscarriage during specified time periods. Although this category appears in the portion of the compensation schedule that applies to adult claimants, this category does not restrict compensation to adult claimants. Category 26 applies to "women of any age." Accordingly, it is possible that a woman who suffered a miscarriage that is eligible for compensation under the ASA could also qualify for compensation as a minor. The Claims Administrator is instructed to review and determine the eligibility of any individual who was a minor at the time of exposure and who also seeks compensation for a miscarriage both under Category 26 and any applicable category for minors. If the claimant qualifies both for a minor payment category and Category 26, the Claims Administrator will so advise the claimant and, when possible, will determine which applicable category will yield the greatest compensation for the claimant. The claimant will be eligible to receive payment in the approved category that provides the greatest compensation.

2. **Determination of Date of First Exposure**.  The ASA defines minors and adults – and thus the compensation categories for which the individual claimant may be eligible – based on the age of the individual claimant at the date of first exposure.  The date of first exposure is defined as the date on which the individual first ingested or came into contact with Flint water. Claimants are required to submit a declaration of exposure identifying locations in Flint at which the individual claimant resided, attended school or day care, worked, or otherwise was exposed to Flint water. The declaration of exposure requires the claimant to identify the dates of exposure by stating the initial date of residence or presence at a Flint location and the end date of such residence or presence. Claimants are to provide supporting documentation confirming presence at the location identified in the declaration of exposure. The *Notice of the Special Master Providing Interpretations and Guidance Regarding Claim Eligibility Under Partial Settlement*, ECF No. 2148, filed on March 26, 2022 (the "March 2022 Guidance"), addresses certain types of documents that may be used as proof of the claimant's presence at a Flint location during the exposure period. The March 2022 Guidance did not specify how or whether those documents used to provide proof of exposure would apply to determine either the date of first exposure or the duration of exposure. In general, the Claims Administrator shall apply the dates of initial

4

presence in a Flint residence or other location as stated on the declaration of exposure as the date of first exposure to Flint water. Similarly, the Claims Administrator shall apply the period of exposure stated in the declaration of exposure to verify the requisite duration of exposure. The supporting documents submitted as proof of residence or other presence in Flint must be consistent with *the address(es)* identified in the declaration of exposure and must show residence or presence during some period within the claimed exposure period. However, the supporting document need not be dated on the date of first exposure identified in the declaration of exposure. The Claims Administrator shall accept as true the sworn statement of the claimant identifying the date of first exposure and duration of exposure provided that a supporting document corroborates the residence or other presence during some portion of the same time period identified in the declaration of exposure. For example, if the declaration of exposure states that a claimant resided at a specific Flint residence from May 2014 through June 2015, and supporting documentation shows residence at the same address in May 2015, the Claims Administrator shall accept the sworn statement in the declaration of exposure and apply the first date of residence as stated in the declaration (*i.e.,* May 2014) as the date of first exposure. Similarly, as set forth in the March 2022 Guidance, a claimant may rely on the database provided to the Claims

5

Administrator by the MDHHS containing the results of blood lead level tests and other information that was reported to the MDHHS by various medical providers ("BLL Database") as supporting documentation for purposes of proof of residence in Flint as of the date of the blood test – provided that the reported address of the claimant is in Flint and is consistent with information provided by the claimant on the registration form or the claim form and in other supporting documents. As another example, if the BLL Database shows a blood test for the claimant dated March 2015 with a reported address in Flint consistent with the declaration of exposure, and the declaration of exposure states that the claimant resided at that Flint residence from May 2014 through June 2018, the Claims Administrator shall accept the sworn statement in the declaration of exposure and apply the first date of residence as stated in the declaration (*i.e.,* May 2014) as the date of first exposure. It is possible that certain supporting documents lack clarity or by their nature do not confirm presence in specific time periods or are inconsistent with the statements in the declaration of exposure. It is also possible that the declaration of exposure lacks clarity. In such cases, the Claims Administrator may consult with the Special Master or may request clarification from the claimant.

3. **Interpreting Cognitive Deficit Reports**. There are two sets of criteria that apply to cognitive deficit claims as set forth in the Settlement Grid as clarified

6

by the August 17, 2021 *Revised Stipulation of Settling Parties Providing Guidance for Interpretation of the Compensation Categories Entitled "Cognitive Deficit"* (ECF No. 1941). Under the first set of criteria, the claimant may qualify for compensation based on certain numerically defined results for development in the intellectual functioning domain or in reading and math scores. Under the second set of criteria, the claimant may qualify by demonstrating two of the following three behavioral characteristics, based on the results and analysis of eligible tests: (1) lack of normally accepted development primarily in the cognitive domain; (2) impairment of adaptive behavior; and (3) impairment which adversely affects an individual's educational performance. This directive clarifies two issues that affect the Claims Administrator's review of cognitive deficit reports that address this second method for demonstrating qualification. 1. The Claims Administrator may not accept the results of a single eligible test as the basis for finding two of these three factors. 2. The Claims Administrator may find a claimant to be eligible based on a written opinion/conclusion of the multidisciplinary team interpreting the results of eligible tests and expressly finding the above defined impairments and/or lack of normally accepted development in accordance with "medical/industry" standards. The Claims

7

Administrator may submit questions to the Special Master, consistent with the ASA and the above noted Court orders.

So Directed.

Dated: September 26, 2022

*/s/ Deborah E. Greenspan*
Deborah E. Greenspan, Esq.
Special Master
BLANK ROME LLP
Michigan Bar # P33632
1825 Eye Street, N.W.
Washington, DC 20006
Telephone: (202) 420-2200
Facsimile: (202) 420-2201
Deborah.Greenspan@blankrome.com

8

## **CERTIFICATE OF SERVICE**

I certify that on September 26, 2022, I electronically filed the foregoing document with the Clerk of the Court using the Court's ECF system, which will send notification of such filing to attorneys of record.

Dated: September 26, 2022  */s/ Deborah E. Greenspan*
Deborah E. Greenspan
Special Master
BLANK ROME LLP
Michigan Bar # P33632
1825 Eye Street, N.W.
Washington, DC  20006
Telephone: (202) 420-2200
Facsimile: (202) 420-2201
Deborah.Greenspan@blankrome.com