# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

*In re* FLINT WATER CASES,

Case No. 5:16-cv-10444
Hon.:  Judith E. Levy

_____/

Corey M. Stern
Levy Konigsberg, LLP
605 Third Ave., 33rd Floor
New York, NY 10158
(212) 605-6290
cstern@levy.com

*Attorneys for Plaintiffs*

J. Michael Huget (P39150)
Andrew M. Pauwels (P79167)
HONIGMAN LLP
315 East Eisenhower Parkway
Suite 100
Ann Arbor, MI 48108
(313) 465-7000
mhuget@honigman.com
apauwels@honigman.com

*Attorneys for Non-Parties Gary Miles
and Brendan Clarey*

_____/

## NON-PARTIES GARY MILES AND BRENDAN CLAREY'S MOTION TO QUASH SUBPOENAS OR, IN THE ALTERNATIVE, FOR A PROTECTIVE ORDER

Non-Parties Gary Miles ("Mr. Miles") and Brendan Clarey ("Mr. Clarey"), by

and through their counsel Honigman LLP, move this Court pursuant to Fed. R. Civ.

P. 45(d) for an order quashing the subpoenas issued by Plaintiffs' counsel in the *In*

*re Flint Water Cases* ("Plaintiffs") or, in the alternative, for a protective order

pursuant to Fed. R. Civ. P. 26.

Pursuant to Local Rule 7.1, on October 5, 2022, counsel for Mr. Miles and Mr. Clarey met and conferred with Plaintiffs' counsel requesting concurrence in the relief requested in this Motion.  Concurrence was not reached.

WHEREFORE, Mr. Miles and Mr. Clarey respectfully request that this Court (1) enter an order quashing the subpoenas issued by Plaintiffs, or, in the alternative, enter a protective order limiting the scope of the subpoena, (2) award Mr. Miles and Mr. Clarey their fees and expenses incurred responding to the improper subpoenas and filing this motion, and (3) grant such other relief that the Court deems just and appropriate.

Dated: October 17, 2022

Respectfully submitted,

HONIGMAN LLP

/s/J. Michael Huget
J. Michael Huget (P39150)
Andrew M. Pauwels (P79167)
315 East Eisenhower Parkway, Ste. 100
Ann Arbor, MI 48108
Tel: (734) 418-4254
mhuget@honigman.com

*Attorneys for Non-Parties Gary Miles and Brendan Clarey*

45588361.1

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

*In re* FLINT WATER CASES,

Case No. 5:16-cv-10444
Hon.:  Judith E. Levy

_____/

Corey M. Stern
Levy Konigsberg, LLP
605 Third Ave., 33rd Floor
New York, NY 10158
(212) 605-6290
cstern@levy.com

*Attorneys for Plaintiffs*

J. Michael Huget (P39150)
Andrew M. Pauwels (P79167)
HONIGMAN LLP
315 East Eisenhower Parkway, St. 100
Ann Arbor, MI  48108
 (734) 418-4200
mhuget@honigman.com
apauwels@honigman.com

*Attorneys for Non-Parties Gary Miles
and Brendan Clarey*

_____/

# BRIEF IN SUPPORT OF NON-PARTIES GARY MILES AND BRENDAN CLAREY'S MOTION TO QUASH SUBPOENAS AND FOR PROTECTIVE ORDER

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ...................................................................... ii

ISSUES PRESENTED............................................................................. iii

CONTROLLING OR MOST APPROPRIATE AUTHORITIES........................... iv

INTRODUCTION ................................................................................. 1

BACKGROUND ................................................................................. 2

LEGAL STANDARD............................................................................. 5

ARGUMENT ..................................................................................... 7

    1.    The Subpoenas Do Not Seek Relevant Information and
        Are Overly Broad and Unduly Burdensome........................................ 7

    2.    In the Alternative, If the Court Declines to Quash the
        Subpoenas in their Entirety, It Should Limit the
        Scope of the Subpoenas....................................................... 11

    3.    The Court Should Award Mr. Miles and Mr. Clarey
        Fees and Costs Incurred ....................................................... 12

CONCLUSION ..................................................................................... 13

45588361.1

# TABLE OF AUTHORITIES

## CASES

*Adams v. Giant Food, Inc.*,
   225 F. Supp. 2d 600 (D. Md. 2002) ............................................................... 10

*Amirmokri v. Abraham*,
   437 F. Supp. 2d 414 (D. Md. 2006) ............................................................... 11

*Degen v. U.S.*,
   517 U.S. 820 (1996) ........................................................................................ 6

*Fears v. Kasich (In re Ohio Execution Protocol Litig.)*,
   845 F.3d 231 (6th Cir. 2016) ...................................................................... iv, 7

*Gonzales v Nat'l Broadcasting Co*,
   194 F.3d 29 (2nd Cir. 1999) ......................................................................... 10

*In re DaimlerChrysler AG Securities Litigation*,
   216 F.R.D. 395 (E.D. Mich. 2003) ................................................................. 7

*In re Grand Jury Proceedings*,
   810 F.2d 580 (6th Cir. 1987) ...................................................................... iv, 7

*In re Investigation of March 1999 Riots in East Lansing*,
   617 N.W.2d 310 (2000) ................................................................................ 10

*In re Subpoenas to News Media Petitioners*
   613 N.W.2d 342 (2000) ................................................................................ 10

*Muslim Cmty. Ass'n of Ann Arbor v. Pittsfield Twp.*,
   No. CV 12-10803, 2015 WL 5132583 (E.D. Mich. Apr. 24, 2015) ............. 12

*Omokehinde v. Detroit Bd. of Educ.*,
   No. 06-15241, 2007 WL 4357898 (E.D. Mich. Dec. 13, 2007) ..................... 7

*State Farm Mut. Auto. Ins. Co. v. Warren Chiropractic & Rehab Clinic, P.C.*,
   315 F.R.D. 220 (E.D. Mich. 2016) ................................................................. 5

45588361.1

*Surles ex rel. Johnson v. Greyhound Lines,*
    474 F.3d 288 (6th Cir. 2007) ............................................................................6

**STATUTES**

Fed. R. Civ. P. 26 ................................................................................*passim*

Fed. R. Civ. P. 37(a)(5) .................................................................................12

Fed. R. Civ. P. 45 .........................................................................iv, 5, 12

45588361.1

## ISSUES PRESENTED

Should the Court quash the subpoenas to Gary Miles and Brendan Clarey or, in the alternative, enter a protective order limiting the scope of the subpoenas where the subpoenas are overbroad, unduly burdensome, and seek irrelevant information from members of the media?

Mr. Miles and Mr. Clarey answer "yes."

45588361.1

## CONTROLLING OR MOST APPROPRIATE AUTHORITIES

Fed. R. Civ. P. 45

Fed. R. Civ. P. 26

*Fears v. Kasich (In re Ohio Execution Protocol Litig.)*, 845 F.3d 231 (6th Cir. 2016)

*In re Grand Jury Proceedings*, 810 F.2d 580 (6th Cir. 1987)

45588361.1

## INTRODUCTION

Plaintiffs have issued multiple subpoenas seeking information not related to the merits of the underlying causes of action but instead on ancillary issues such as purported Twitter misinformation campaigns by public relations firms and media coverage of the underlying suit.  Relevant to this Motion, Plaintiffs have subpoenaed Gary Miles, Editor and Publisher of The Detroit News, and Brendan Clarey, an opinion writer and editor for The Detroit News.  Plaintiffs served subpoenas for documents and for depositions on Mr. Miles and Mr. Clarey, seeking information related to an Opinion Piece written by Tiger Joyce and published by The Detroit News.  The subpoenas should be quashed.

First, the subpoenas seek documents unrelated to any claim or defense in this litigation.  At best, the subpoenas are part of a fishing expedition for party "admissions" based entirely on the rank speculation of Plaintiffs' counsel that such admissions may have been made in conjunction with the placement of the Opinion Piece – a subject that cannot conceivably be related to the underlying case.  At worst, the subpoenas are being used to gather information to support a defamation claim Plaintiffs' counsel has threatened to bring against The Detroit News and its counsel.

Second, the subpoenas seek documents from members of the press that are more properly discoverable from the Defendants in the litigation and/or other non-media non-parties, rendering the subpoenas unduly burdensome.

45588361.1

This Court should not tolerate this improper discovery.  Mr. Miles and Mr. Clarey respectfully request that the Court quash the subpoenas in their entirety or, in the alternative, enter a protective order limiting the scope of the subpoenas.

## BACKGROUND

The Court is well aware of the facts of this case.  The litigation underlying the subpoenas arises out of the alleged contamination in the City of Flint's water system between 2014 and 2015.  The alleged contamination of Flint's water created a well-publicized public health crisis that generated extensive litigation.  One such case is Plaintiffs' underlying suit against two firms who contracted with the City of Flint for engineering and consulting services.  Plaintiffs alleged that the firms failed to take adequate steps to respond to the lead contamination in Flint.  On August 11, 2022, Federal Magistrate Judge David Grand declared a mistrial in the related suit with Case No. 5:17-cv-10164 against the firms after six days of jury deliberation.

The Detroit News was one of several newspapers to cover the events underlying the litigation and the litigation itself, given the extensive public interest in these proceedings.  The Detroit News published multiple articles on the conduct at the center of this dispute and the pending litigation.  Of relevance here, it also published an Op-ed piece written by Tiger Joyce ("Mr. Joyce") on August 31, 2022 (the "Opinion Piece").  (Exhibit A).  The Opinion Piece expressed Mr. Joyce's opinions regarding the August 11 mistrial.

45588361.1

On September 1, 2022, Plaintiffs served subpoenas on Mr. Miles (Exhibit B) and Mr. Clarey (Exhibit C) (together, the "Subpoenas"). The Subpoenas direct Mr. Miles and Mr. Clarey to appear for depositions on November 1, 2022 and November 2, 2022, respectively, as well as to produce two categories of documents:

1. All documents/tangibles things and communications related to your/anyone at Detroit News' communications related to Tiger Joyce's Op-ed, published on August 31, 2022, related to the Flint Water Crisis, including but not limited to correspondence with:

    a.   The American Tort Reform Association;
    b.   Tiger Joyce;
    c.   Any/all Veolia Entities;
    d.   Lockwood Andrew Neuman;
    e.   Leo A. Daly Company;
    f.   Rise Public Strategies;
    g.   Tarrah Cooper Wright;
    h.   Simpli.fi;
    i.   Mercury Public Affairs;
    j.   Risky Partners, Inc.;
    k.   Any/all public relation firms that had any contact with you/Detroit News about the Tiger Joyce's Op-ed, published on August 31, 2022, related to the Flint Water crisis.

2. All documents/tangible things and communications related to your/anyone at Detroit News' communications related to vetting Tiger Joyce's Op-ed, specifically but not limited to the following assertions therein:

    a.   "Instead, this latest civil trial has exposed the true intentions of the plaintiffs' attorneys involved: to get rich by bankrupting companies with deep pockets."
    b.   "So why bring additional litigation against two engineering companies who claim they were kept

45588361.1

out of the loop or only entered the Flint water crisis after lead was already detected?"

c. "The trial lawyers' incendiary statements seem to indicate that it's because the $200 million in legal fees they collected from the original settlement was not enough."

d. "These abuses can have devastating impacts on businesses, large and small. But more importantly, it often ends with trial lawyers taking home millions while real victims are left with pennies. That was the case in the original 2021 Flint water settlement where victims took home on average only $4,500 each."

e. "Compared to the millions that trial attorneys recovered, former mayor of Flint Karen Weaver responded calling the 2021 settlement 'a slap in the face' and saying 'this was not justice for the people of the city of Flint.'"

(Exhibit C.)

On September 1, 2022, Plaintiffs' counsel also emailed a letter to the undersigned firm, accusing The Detroit News of publishing about him a "hit piece [which] was part of an effort to protect the trial Defendants" and accusing counsel of participating in the publication of an Op-ed which it "knew to be false." (Exhibit D). The letter identified as purportedly defamatory statements about Plaintiffs' counsel the exact same statements identified in the Subpoenas. (*Compare* Ex. D *with* Ex. C.)

On September 27, 2022, Mr. Miles objected to the subpoena (the "Objection Letter"). (Exhibit E). The Objection Letter made clear that Mr. Miles would file a Motion to Quash seeking all costs and fees if Plaintiffs refused to withdraw the

subpoena.

Plaintiffs' replied on October 1, 2022, indicating that Plaintiffs "have no desire to limit Mr. Joyce's (or anyone else's) protected speech" but refused to withdraw the subpoena on Mr. Miles.  (Exhibit F).  According to Plaintiffs, the Subpoenas were necessary to probe "how the piece came to be published in *The Detroit News*; whether any trial defendant played a role in its placement; and most importantly, whether any admissions were made in that process by a party."  (*Id.*)

Counsel for Plaintiffs and counsel for Mr. Miles and Mr. Clarey met and conferred on October 5, 2022.  During the meet and confer, Plaintiffs' counsel informed the undersigned for the first time of the subpoena served on Mr. Clarey. Plaintiffs similarly refused to withdraw the Subpoenas.  Because Plaintiffs refused to withdraw the Subpoenas, Mr. Miles and Mr. Clarey respectfully file this Motion to Quash the Subpoenas.

## LEGAL STANDARD

Fed. R. Civ. P. 45 permits a party to serve a subpoena on non-parties.  "A subpoena to a third party under Rule 45 is subject to the same discovery limitations as those set out in Rule 26."  *State Farm Mut. Auto. Ins. Co. v. Warren Chiropractic & Rehab Clinic, P.C.,* 315 F.R.D. 220, 22 (E.D. Mich. 2016).  In instances where parties are seeking to conduct discovery into information not relevant to the case, the Court may issue a protective order which will limit the extent of discovery upon

10

the determination that the discovery sought is outside the scope permitted by Federal Rule of Civil Procedure 26(b)(1). Fed. R. Civ. P. 26(b)(2)(C).

Similarly, Fed. R. Civ. P. 26(c) provides that:

> A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending . . . . The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:
>
> (A) forbidding the disclosure of discovery; . . .
>
> (D) forbidding inquiry into certain matters; or limiting the scope of disclosure or discovery to certain matters . . . .

Fed R. Civ. P. 26(c)(1); see *also Degen v. U.S.*, 517 U.S. 820, 826 (1996) (noting that courts have the "authority to manage discovery in a civil suit, including the power to enter protective orders limiting discovery as the interests of justice require").  Rule 26 provides that the Court "must limit the frequency or extent of discovery otherwise allowed by these rules . . . if it determines that . . . the proposed discovery is outside the scope permitted by Rule 26(b)(1)."  Fed. R. Civ. P. 26(b)(2)(C)(iii) (emphasis added).  The "district courts have discretion to limit the scope of discovery where the information sought is overly broad or would prove unduly burdensome to produce."  *Surles ex rel. Johnson v. Greyhound Lines,* 474 F.3d 288, 305 (6th Cir. 2007).

45588361.1

## ARGUMENT

The Subpoenas should be quashed because they exceed the proper scope of discovery.  They improperly seek to involve non-party members of the media in a dispute based on, at best, speculation and, at worst, a desire to support claims not on behalf of Plaintiffs but Plaintiffs' counsel.  This is improper.

1.  <u>The Subpoenas Do Not Seek Relevant Information and Are Overly Broad and Unduly Burdensome.</u>

The Federal Rules of Civil Procedure limit the scope of discovery: "Parties may obtain discovery regarding any nonprivileged matter that is relevant to ***any party's claim or defense*** and proportional to the needs of the case…."  Fed. R. Civ. P. 26(b)(1).  While "a plaintiff should not be denied access to information necessary to establish her claim, neither may a plaintiff be permitted to go fishing and a trial court retains discretion to determine that a discovery request is too broad and oppressive."  *Fears v. Kasich (In re Ohio Execution Protocol Litig.)*, 845 F.3d 231, 236 (6th Cir. 2016).

Courts in the Sixth Circuit and this District have ruled that, in conducting the analysis under Rule 26 regarding discovery to the media, courts must "make certain that the proper balance is struck between freedom of the press and the obligation to all citizens to give relevant testimony."  *In re Grand Jury Proceedings*, 810 F.2d 580, 586 (6th Cir. 1987).  The relevance of the information sought "must be balanced with, among other factors, the requesting party's need for the information and the

12

potential harm to the newsgathering function of the press." *Omokehinde v. Detroit Bd. of Educ.*, No. 06-15241, 2007 WL 4357898, at *1 (E.D. Mich. Dec. 13, 2007) (denying a motion to compel communications sent by a journalist to the plaintiff) (attached hereto as Exhibit G). As such, courts consider the unique role of the newsgatherer when assessing the burden, as well as the availability of the information sought from less burdensome sources and the opportunity to obtain such information. *See In re DaimlerChrysler AG Securities Litigation*, 216 F.R.D. 395, 406 (E.D. Mich. 2003) (denying motion to compel compliance with subpoenas served on non-party reporters).

With this guidance as a background, the documents and testimony Plaintiffs seek from Mr. Miles and Mr. Clarey clearly fall outside the scope of discovery. The Subpoenas seek testimony and documents related to the Opinion Piece and its publication. Plaintiffs' counsel attempted to justify the Subpoenas on the basis of Plaintiffs' "interest[]" in "how the piece came to be published in *The Detroit News*; whether any trial defendant played a role in its placement; and most importantly, whether any admissions were made in that process by a party." The first justification clearly has no relevance to the underlying claims and defenses—the placement of an op-ed in 2022 is of no relevance to a dispute regarding lead in Flint water spanning years. The other justifications do no better under scrutiny: these justifications are based entirely on speculation. Nothing in the Opinion Piece itself points to a role by

any trial defendant or admissions by any party in the crafting or placement of the Opinion Piece.  Nor is there any support, beyond counsel's speculation, that Mr. Miles and Mr. Clarey have any knowledge of these issues, since the Opinion Piece was written and presented by Mr. Joyce, a person with no employment or agency relationship with The Detroit News.

Any relevance based on Plaintiffs' counsel's rank speculation is undermined by the direct connection between the Subpoenas and the threat, by Plaintiffs' counsel *on his own behalf*, to sue The Detroit News, Mr. Miles, its undersigned counsel, and potentially others for defamation.  As set forth *supra*, Plaintiffs served the Subpoenas[1] on the same day that Plaintiffs' counsel sent a letter to the undersigned counsel alleging defamation.  (Exs. C & F.)  Counsel's letter identified as defamatory the *same exact statements* identified in the Subpoenas.  Clearly, the Subpoenas seek documents related to a meritless defamation claim, not the actual litigation.

Moreover, Plaintiffs may obtain any relevant documents from other sources, such as document requests and depositions of Defendants and other witnesses.  This is relevant to the analysis set forth above, given the First Amendment issues at stake. The burden on Mr. Miles and Mr. Clarey to attend depositions and produce documents is great, as it potentially requires them to produce confidential,

---

[1] It also should be noted that, where the Subpoenas ask for the "name of party" issuing or requesting the subpoena, the Subpoenas identify "Corey Stern," Plaintiffs' counsel, rather than any party to the underlying litigation.

14

unpublished material and communications from Mr. Miles and Mr. Clarey related to their editorial functions.  Allowing access to these materials and communications from a journalist will severely inhibit the flow of accurate information to the interested public.  And, "permitting litigants unrestricted, court-enforced access to journalistic resources would risk the symbolic harm of making journalists appear to be an investigative arm of the judicial system, the government, or private parties." *In re Subpoenas to News Media Petitioners* 613 N.W.2d 342 (2000) (quoting *Gonzales v Nat'l Broadcasting Co*, 194 F.3d 29, 35 (2nd Cir. 1999)), aff'd *In re Investigation of March 1999 Riots in East Lansing*, 617 N.W.2d 310 (2000).  This Court should not permit Plaintiffs access to the resources of Mr. Miles and Mr. Clarey as a mechanism to probe speculative theories in their civil case.  Plaintiffs can, and should, do so through other means that do not burden or harm a non-party member of the media.

This Court, in fact, has previously quashed subpoenas by Plaintiffs seeking to conduct fishing expeditions.  (*See generally* Order Denying Co-Liaison Counsel's Corrected Emergency Motion to Compel without Prejudice (the "Order"), *In re Flint Water* Cases, No. 17-10164, ECF No. 870, PageID.53688 (E.D. Mich. July 11, 2022).)  The Court quashed subpoenas seeking information that "is not relevant to the *claims or defenses* in the ongoing Bellwether I trial." (*Id.*, PageID.53692.)  The Court specifically rejected as "theoretical" an argument by Plaintiffs that the

15

purported misinformation regarding which Plaintiffs sought documents could cause the public—and thus a jury—to question or doubt Plaintiffs' legal position or their attorneys' integrity.  (*Id.*)  Similarly, the Court found that Plaintiffs had not made any showing that any lawyers involved in the litigation were involved in placing the alleged misinformation.  (*Id.*, PageID.53692-53693.)

The Subpoenas here are no different.  Plaintiffs' counsel objects to his depiction—and, presumably, the depiction of his clients—in the Opinion Piece.  But such an objection does not render information regarding the Opinion Piece relevant to the underlying litigation, or justify Plaintiffs' subversion of the independent media by using Mr. Miles, Mr. Clarey, or any other representative of The Detroit News as their private investigator.  The Court has seen and rejected these techniques before.  It should do so again here.

2.   <u>In the Alternative, If the Court Declines to Quash the Subpoenas in their Entirety, It Should Limit the Scope of the Subpoenas.</u>

If the Court declines to afford the information sought in the Subpoenas the protections discussed above, it should issue a protective order limiting the scope of the Subpoenas.  In the interest of protecting journalistic integrity and the free flow of accurate information to the public, the Court should limit the document requests and any deposition testimony to information and documentation that directly lead to

45588361.1

published materials and that are in the public domain.[2]

3.     The Court Should Award Mr. Miles and Mr. Clarey Fees and Costs Incurred.

Mr. Miles and Mr. Clarey have been forced to expend unnecessary legal fees responding to the Subpoenas.  The Court should award them those fees and costs incurred as under either Rule 37 or Rule 45.  Under Rule 45, the Court may impose an appropriate sanction including attorneys' fees and costs where the party seeking discovery fails to take reasonable steps to avoid imposing an undue burden on the non-party.  Fed. R. Civ. P. 45(d)(1).  Under Rule 37, an award of fees is mandatory unless the losing party can establish that its position was "substantially justified" or "other circumstances make an award of expenses unjust."  Fed. R. Civ. P. 37(a)(5). Under either Rule, an award of fees is appropriate here.  *See Muslim Cmty. Ass'n of Ann Arbor v. Pittsfield Twp.*, No. CV 12-10803, 2015 WL 5132583 at *2-*3 (E.D. Mich. Apr. 24, 2015) (Grand, M.J.) (awarding fees and costs under either Rule where the party "failed to take reasonable steps to avoid imposing an undue burden").

Here, Plaintiffs attempt to use the Subpoenas to engage in a fishing expedition based on speculative theories of the case and meritless defamation claims on behalf of Plaintiffs' counsel.  Confronted with these arguments, Plaintiffs doubled down

---

[2] The Subpoenas seek "all documents/tangible things and communications related to your/anyone at Detroit News' communications related to Tiger Joyce's Op-ed…." (Exhibit A).  The Court should further limit the Subpoenas to only documents in the possession of Mr. Miles and Mr. Clarey.

45588361.1

and refused to withdraw the Subpoenas, necessitating this Motion.  An award of reasonable fees and costs should be entered.[3]

## CONCLUSION

Mr. Miles and Mr. Clarey respectfully request this Court enter an order quashing the Subpoenas issued by Plaintiffs in their entirety, award Mr. Miles and Mr. Clarey fees and expenses incurred in having to respond to the improper Subpoenas and file this motion, and grant such other relief that the Court deems just and appropriate.

Dated: October 17, 2022   Respectfully submitted,

HONIGMAN LLP

/s/J. Michael Huget
J. Michael Huget (P39150)
Andrew M. Pauwels (P79167)
315 East Eisenhower Parkway, Ste. 100
Ann Arbor, MI 48108
Tel: (734) 418-4254
mhuget@honigman.com

*Attorneys for Non-Parties Gary Miles and Brendan Clarey*

---

[3] Upon granting of this request, Mr. Miles and Mr. Clarey will submit a bill of costs and other necessary documents as directed by the Court to support its request for fees and costs.

18

**CERTIFICATE OF SERVICE**

I hereby certify that on October 17, 2022, I electronically filed the foregoing papers with the Clerk of the Court using the court's electronic filing system, which will send notification of such filing to all counsel of record.

/s/ J. Michael Huget
J. Michael Huget