# *E*XHIBIT *E*



J. Michael Huget
Office: 734.418.4254
Mobile: 734.546.4553
mhuget@honigman.com

*Via E-Mail*

September 27, 2022

Corey Stern
Levy Konigsberg LLP
605 Third Ave. 33rd Floor
New York, NY 10158

*Re:*   *Subpoena to Gary Miles, In re: Flint Water Cases, Case No. 5:16-cv-10444*

Dear Mr. Stern:

    Honigman LLP represents Gary Miles, Editor and Publisher of The Detroit News, concerning the subpoena served by your office in the above referenced matter (the "Subpoena"). We have received and reviewed the Subpoena. This letter serves as Mr. Miles's objections to the Subpoena.

    The Subpoena broadly seeks all communications and newsgathering material related to an Op-ed piece written by Tiger Joyce and published by The Detroit News on August 31, 2022 (the "Opinion Piece"). The Subpoena also specifically seeks all communications and documents related to the "vetting" of specific statements contained in the Opinion Piece. The Subpoena is, simply put, an overreach and an improper use of the discovery process. It must be promptly withdrawn.

    The Subpoena exceeds the scope of proper discovery under Fed. R. Civ. P. 26. It is overly broad, unduly burdensome, seeks documents not relevant to the underlying dispute, and not proportional to the needs of the case. In applying these fundamental discovery principles, Mr. Miles's "status as a news-gatherer must be balanced along with the requesting party's need for the information, its relevance, and other well-established discovery factors that are addressed to the court's discretion." *Omokehinde v. Detroit Bd. Of Educ.*, 251 F.R.D. 261, 265 (E.D. Mich. 2007). A court must "make certain that the proper balance is struck between freedom of the press and the obligation of all citizens to give relevant testimony." *In re Grand Jury Proceedings*, 810 F.2d 580, 585-86 (6th Cir. 1987). Accordingly, courts consider the unique role of the news gatherer when assessing the burden, as well as other factors including the availability of the information sought from less burdensome sources and the opportunity to obtain such information. *See In re DaimlerChrysler AG Securities Litigation*, 216 FRD 395 (ED Mich 2003) (denying motion to compel compliance with subpoenas served on nonparty newspaper reporters); *Omokehinde*, *supra* (same).

# HONIGMAN.

Corey Stern
September 27, 2022
Page 2

   The Subpoena fails to satisfy even the basic relevance requirements of Rule 26. The inclusion of the list of specific statements in your second request (and your apparent service of the subpoena on behalf of yourself, rather than any party) makes your intention abundantly clear: you are attempting to use the discovery process in an ongoing litigation to investigate your own meritless defamation claims threatened in your prior letter to me and to which we have responded separately. This is an improper use of the discovery process, and we are confident the Court will not endorse this type of fishing expedition in the context of the ongoing Flint Water Litigation.

   In contrast to this marginal, if any, relevance, the Subpoena imposes a real burden on Mr. Miles. As the Michigan Court of Appeals has articulated, "permitting litigants unrestricted, court-enforced access to journalistic resources would risk the symbolic harm of making journalists appear to be an investigative arm of the judicial system, the government, or private parties." *In re Subpoenas to News Media Petitioners*, 240 Mich. App. 369, 380; 613 N.W.2d 342 (2000) (quoting *Gonzales v. Nat'l Broadcasting Co*, 194 F.3d 29, 35 (2d Cir. 1999)), aff'd *In re Investigation of March 1999 Riots in East Lansing*, 463 Mich. 378; 617 N.W.2d 310 (2000). You are seeking to use the documents underlying legitimate journalism to either support the investigation of your clients' claims or, worse yet, conduct an investigation on your own behalf under the guise of serving your clients' interests in ongoing litigation. The documents demanded, to the extent any are relevant and properly discoverable, can be obtained from the parties to the underlying litigation and other third parties. There is no compelling reason to justify the improper invasion of press freedom.

   Moreover, the Subpoena is procedurally deficient for several reasons, including:

- The Subpoena purports to command the appearance of Mr. Miles at a deposition, yet you did not provide a witness fee as required by Fed. R. Civ. P. 45(b)(1).

- The Subpoena was not properly served. Service by regular mail does not constitute service under the Federal Rules of Civil Procedure.

- The Subpoena purports to be issued on your behalf, stating the "name of party" issuing the Subpoena to be "Corey Stern." You are not a party to the underlying litigation and have no authority to issue subpoenas in your personal capacity. This is further evidence, as set forth above, of your abuse of process to develop facts for your own threatened lawsuit against The Detroit News and others.

   Mr. Miles reserves the right to assert any other objection permitted under the Federal Rules of Civil Procedure. Based on these objections, Mr. Miles will not produce any documents in response to the Subpoena. Moreover, Mr. Miles will file a Motion to Quash the Subpoena, and seek all fees and costs recoverable, if you do not immediately withdraw the Subpoena. Please respond by October 3, 2022, or we will proceed to file the motion.

# HONIGMAN

Corey Stern
September 27, 2022
Page 3

      Please direct all future communications regarding this matter to my attention. We look forward to your prompt response.

                    Very truly yours,

                    HONIGMAN LLP

                    J. Michael Huget