UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

———————————————————

In re FLINT WATER CASES

CIVIL ACTION
FILE NO. 5:16-cv-10444

Hon. Judith E. Levy

———————————————————

**CO-LIAISON COUNSEL'S PROPOSED AGENDA ITEMS
RELATED TO OCTOBER 26, 2022 STATUS CONFERENCE**

Co-Liaison Counsel hereby submits the following proposed agenda items for the conference scheduled on October 26, 2022:

1. Co-Liaison Counsel has noticed the deposition of Carrie Griffiths, Veolia's Chief Communications Officer, for November 2, 2022. Veolia refuses to produce her for the deposition based on the timing of her employment.

2. Co-Liaison Counsel has served a deposition subpoena on Paul Whitmore, Veolia's former Communications Manager, for November 4, 2022. Mr. Whitmore has been previously deposed, but there are topics counsel was not aware of at the time of his prior testimony. Veolia is objecting to the deposition.

3. Co-Liaison Counsel has served a deposition subpoena on William DiCroce, former President and CEO of Veolia North America. Veolia has

not indicated/refuses to state its position, but based on its position as to Ms. Griffiths, it is logical to assume Veolia will object to Mr. DiCroce's deposition.

4. Veolia is seeking to inspect numerous homes related to the Bellwether III cases. Co-Liaison Counsel objects insofar as Veolia claims none of the Bellwether III children suffered any injuries or damage, so performing inspections of their homes can only be intended to delay, obstruct, or otherwise cause Plaintiffs to expend unnecessary resources prior to trial, and to unnecessarily disrupt the lives of individuals who live in or otherwise own the subject residences. If Veolia's position is that any of the Bellwether III children <u>are</u> injured or damaged, such should be stated prior to permitting home inspections.

5. Veolia is seeking third party information for at least seventy-five different addresses it claims are related to the Bellwether I and Bellwether III cases. But as the Court is aware, one of Veolia's primary defenses is that the children in these cases are not injured. Liaison Counsel believes that these requests are intended for no purpose other than to delay and/or obstruct the litigation, and to cause Plaintiffs to expend unnecessary resources prior to trial. If Veolia's position is that any of the Bellwether III children <u>are</u>

injured or damaged, such should be stated prior to permitting service of these requests.

6. Liaison Counsel intends to file a motion to compel substantive responses from the Veolia entities to the Bellwether III Plaintiffs' First Request to Admit. It is highly probably that the motion will not be adjudicated until after the Bellwether III Discovery Deadline of 11/18/22.

7. Co-Liaison Counsel has noticed the deposition of Mr. Leo A. Daly, for October 30, 2022. Counsel for LAN/LAD stated on September 29, 2022, they will be filing a motion to quash, but to date nothing has been filed, no basis for the objection has been stated, and in response to Co-Liaison Counsel's request for more information and/or a meet and confer (made on September 29, 2022), counsel for LAN/LAD has not responded.

This, the 19th day of October, 2022.

**LEVY KONIGSBERG, LLP**

/s/ COREY M. STERN
Corey M. Stern
605 3rd Avenue, 33rd Floor
New York, New York 10158
(212) 605-6298
(212) 605-6290 (facsimile)
cstern@levylaw.com

3

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 19th, 2022, I caused the within pleading to be served electronically on counsel of record for all parties to the above-captioned action at their e-mail addresses on file with the Court.

**LEVY KONIGSBERG, LLP**

/s/ COREY M. STERN
Corey M. Stern
605 3rd Avenue, 33rd Floor
New York, New York 10158
(212) 605-6298
(212) 605-6290 (facsimile)
cstern@levylaw.com