UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

*In re* Flint Water Cases.

_____/

Judith E. Levy
United States District Judge

This Order Relates To:

*Waid, et al. v. Snyder et al.*
    Case No. 16-10444

_____/

**CORRECTED ORDER REGARDING CERTIFIED CLASS ISSUES**

This corrected Order relates to the parties' Joint Submission Regarding the Certified Issues.[1] (ECF No. 2222.) The Court addressed the parties' joint submission at the status conference held on October 26, 2022, and now orders as follows.

**A. Issues 1 and 2**

Issue 1 states: Did Defendants' contracts with the City create a duty of care to third parties, and if so, what was the scope of that duty?

Issue 2 states: What is the applicable standard of care in a professional engineering case?

---

[1] This corrected Order eliminates the word "six" from ECF No. 2249, PageID.73957.

As stated on the record at the status conference, the Court agrees with the parties that Issues 1 and 2 are issues of law for the Court to decide. They are to be addressed by the Court in advance of the trial, as discussed at the status conference, and need not be re-written. They will also be stricken from the list of issues for the jury, as set forth below.

**B. Issues 3, 4, and 5**

Issue 3 states: If Defendants' contracts created a duty of care to third parties, did Defendants breach that duty by failing to provide appropriate advice to the City of Flint regarding treating the water?

Issue 4 states: Did Defendants' conduct cause corrosive water conditions in the Flint water distribution system?

Issue 5 states: What is Defendants' role in creating, exacerbating, and/or prolonging the contamination of the City's water supply, including their involvement in the decisions to switch to the Flint River as a water source, refrain from using corrosion control at the Flint Water Treatment Plant, and conceal information related to the safety of the City's water supply?

As set forth at the status conference, the Court modifies Issues 3, 4, and 5 to the following two issues.

- Did either Defendant VNA or LAN breach their duty of care?

- If a Defendant, VNA or LAN, breached its duty of care owed to class members, did that breach contribute to causing or prolonging contaminated water in the Flint water distribution system?

### C. Issue 6

Issue 6 states: Were the corrosive water conditions allegedly caused by Defendants capable of causing harm to Flint residents, property, and businesses?

As set forth at the status conference, this issue is modified to state the following:

- Were the contaminated water conditions capable of causing harm to Flint residents, properties, and businesses?

Class Plaintiffs are to file a notice setting forth the types of harm that Plaintiffs' expert believes can be caused by the contaminated water conditions. The deadline for this submission is November 29, 2022. After receiving this list, the Court may modify this issue to set forth the specific types of harm.

### D. Issue 7

Issue 7 states: To what extent were other actors were at fault for causing corrosive water conditions in the City water distribution system, and how should fault be allocated among all those responsible?

As set forth at the status conference, this issue is modified as follows:

- Did any non-party contribute to causing or prolonging the contaminated water conditions in the Flint water distribution system? If so, what percentage of fault do you attribute to each party and non-party?

Defendants are ordered to file a notice setting forth which non-parties they believe are at fault. The deadline for this submission is November 29, 2022.

### E. Issue 8

Issues 8 states: Was it foreseeable to Defendants that their conduct would cause corrosive water conditions in the City water system?

Issue 9 states: What, if any, precautions should Defendants have taken to prevent the resulting harm to human health and property?

4

As set forth at the status conference, these two issues are modified to state:

- Were the harmful water conditions in the Flint water distribution system a natural and probable result of either VNA or LAN's breach?

The trial issues will be re-ordered and re-numbered in the manner set forth below. For clarity, the issues are as follows:

**Issue 1**: Did either Defendant VNA or LAN breach their duty of care?

**Issue 2**: If a Defendant, VNA or LAN, breached its duty of care owed to class members, did that breach contribute to causing or prolonging contaminated water in the Flint water distribution system?

**Issue 3**: Were the contaminated water conditions capable of causing harm to Flint residents, properties, property and businesses?

**Issue 4**: Were the harmful water conditions in the Flint water distribution system a natural and probable result of either VNA or LAN's breach?

**Issue 5**: Did any non-party contribute to causing or prolonging the contaminated water conditions in the Flint water distribution system? If so, what percentage of fault do you attribute to each party and non-party?

IT IS SO ORDERED.

Dated: November 2, 2022    s/Judith E. Levy
Ann Arbor, Michigan        JUDITH E. LEVY
                                         United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on November 2, 2022.

                                       s/William Barkholz
                                       WILLIAM BARKHOLZ
                                       Case Manager