# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

*In re* FLINT WATER CASES,

Case No. 5:16-cv-10444
Hon.: Judith E. Levy

_____/

| | |
|---|---|
| Corey M. Stern<br>Levy Konigsberg, LLP<br>605 Third Ave., 33rd Floor<br>New York, NY 10158<br>(212) 605-6290<br>cstern@levy.com<br><br>*Attorneys for Plaintiffs* | J. Michael Huget (P39150)<br>Andrew M. Pauwels (P79167)<br>HONIGMAN LLP<br>315 East Eisenhower Parkway<br>Suite 100<br>Ann Arbor, MI 48108<br>(313) 465-7000<br>mhuget@honigman.com<br>apauwels@honigman.com<br><br>*Attorneys for Non-Parties Gary Miles and Brendan Clarey* |

_____/

**REPLY IN SUPPORT OF NON-PARTIES GARY MILES AND BRENDAN CLAREY'S MOTION TO QUASH SUBPOENAS OR, IN THE ALTERNATIVE, FOR A PROTECTIVE ORDER**

i

45845444.1

Plaintiffs seek discovery from two members of the news media, Gary Miles and Brendan Clary, both editors at The Detroit News (together, herein, "The Detroit News") to explore Plaintiffs' entirely speculative theory that The Detroit News somehow collaborated with Defendants, their counsel, or some set of outside agents to influence the jury pool in this case. Such conspiracy theories do not justify the burdensome "entanglement of the press in private litigation" that courts in this District have repeatedly rejected. *See, e.g.*, *Omokehinde v. Detroit Bd. of Educ.*, No. 06-15241, 2007 WL 4357898, at *1 (E.D. Mich. Dec. 13, 2007).

The Court should quash the Subpoenas, for the reasons set forth in detail in The Detroit News's opening motion and brief. The Detroit News uses this reply to address briefly several of Plaintiffs' meritless arguments.

1. <u>Plaintiffs Have Not Articulated Any Relevance of Documents in Control of The Detroit News</u>

One would be forgiven for thinking that Plaintiffs' response related to an effort to compel discovery from Defendants or Tiger Joyce. Plaintiffs' Factual Background and arguments regarding relevance detail alleged efforts by Veolia to "spread misinformation" regarding the trial, as well as differences between a prior publication by Joyce and the Opinion Piece. Plaintiffs' Response is missing, however, actual facts showing how The Detroit News has any evidence relevant to this dispute. Instead, Plaintiffs argue that the timing of the Opinion Piece is "suspicious" and "more than curious," and that the placement of the Opinion Piece

1

in Michigan is "at least interesting."[1] Suspicions and curiosity do not justify invasive non-party discovery, and Plaintiffs cite no law to support that point.

Instead, in support of this attenuated theory of relevance, Plaintiffs rely on an outdated legal standard: Plaintiffs assert that relevancy "must be construed broadly to encompass any matter that bears on, ***or that reasonably could lead to other matters that could bear on***, any issue that is or may be in the case." (ECF No. 2248, PageID.73914 (emphasis in original) (quoting *Conti v. Am. Axle & Mfg., Inc.*, 326 Fed. App'x 900, 904 (6th Cir. 2009).) The most recent revisions to the Federal Rules of Civil Procedure, however, replaced this broad standard with a proportionality standard. *See* Fed. R. Civ. P. 26(b). As the comments to the revisions explained:

> The former provision for discovery of relevant but inadmissible information that appears "reasonably calculated to lead to the discovery of admissible evidence" is also deleted. ***The phrase has been used by some, incorrectly, to define the scope of discovery***. As the Committee Note to the 2000 amendments observed, use of the "reasonably calculated" phrase to define the scope of discovery "***might swallow any other limitation on the scope of discovery***." The 2000 amendments sought to prevent such misuse by adding the word "Relevant" at the beginning of the sentence, making clear that "'relevant' means within the scope of discovery as defined in this subdivision ..." The "reasonably calculated" phrase has

---

[1] Plaintiffs do not at all articulate why the placement in one of the state's two leading newspapers an Opinion Piece about one of the most consequential litigations in that state in recent memory is "interesting" in the nefarious sense implied by Plaintiffs and not "interesting" in the sense of newsworthy.

2

45845444.1

> continued to create problems, however, and is removed by these amendments.

Fed. R. Civ. P. 26, cmts re: 2015 Amendment (emphasis added). *See also G.D. obo G.D. v. Utica Cmty. Sch.*, No. CV 20-12864, 2021 WL 4621847, at *3 (E.D. Mich. Oct. 7, 2021) (Stafford, M.J.) ("And UCS's 'reasonably calculated' argument relies on a scope of discovery that has **been obsolete for almost six years**."), *aff'd*, No. 20-12864, 2022 WL 2966881 (E.D. Mich. July 27, 2022).

Plaintiffs' requests here underscore the importance of this revision. Plaintiffs essentially argue that discovery from The Detroit News *may* lead to information from Joyce which *may* lead to information about Veolia. This does not suffice to justify the discovery from any non-party, and certainly not discovery from members of the media. The Court should quash the subpoena.

2.  This Court Recognizes Discovery on the Press as a Unique Burden

Plaintiffs contend that there are no protections for the press applicable here. Plaintiffs' argument entirely misses the mark. The Detroit News does not assert any journalistic privilege here over confidential documents or sources. The Detroit News asserts, instead, that its role as a member of the media is relevant to the burden and proportionality determination, as multiple courts in this District and elsewhere have held. Courts in this District have twice quoted with approval the following language from the Second Circuit in refusing to compel discovery from non-party members of the media:

3

45845444.1

> If the parties to any lawsuit were free to subpoena the press at will, it would likely become standard operating procedure for those litigating against an entity that had been the subject of press attention to sift through the press files in search of information supporting their claims.

*Omokehinde v. Detroit Bd. of Educ.*, No. 06-15241, 2007 WL 4357898, at *2 (E.D. Mich. Dec. 13, 2007) (quoting *Gonzales v. Nat'l Broadcasting Co., Inc.*, 194 F.3d 29, 35 (2nd Cir. 1999)); *In re DaimlerChrysler AG Securities Litigation*, 216 F.R.D. 395, 406 (E.D. Mich. 2003) (same).

Plaintiffs have not done enough to justify the invasion—the burden—on the press caused inherently by any "sift[ing] through the press files in search of information supporting their claims." The Motion should be granted.

3. <u>Plaintiffs Cannot Run from their Counsel's Defamation Demand</u>

Plaintiffs assert that the contention that the Subpoenas seek documents related to their counsel's defamation claim, but not the litigation, is "patently false and could not be more unfounded." (ECF No. 2248, PageID.73919.) In relying solely on accusatory rhetoric, Plaintiffs ignore simple facts: Plaintiffs do ***nothing*** to rebut the evidence in The Detroit News's opening brief demonstrating the document requests ***exactly match*** the accusations made by counsel in the retraction demand delivered to The Detroit News and the undersigned counsel on his own behalf. (*Compare* ECF 2233-3, PageID.73838 (Subpoena to Miles) *with* ECF No 2233-5, PageID.73846-

45845444.1

73849 (demand letter from counsel for Plaintiffs).) Counsel's demand letter, in conjunction with the above, makes obvious that Plaintiffs are conducting nothing more than a fishing expedition.

## CONCLUSION

This is one of the plainer examples of a fishing expedition that this Court is likely to see. Plaintiffs seek to "sift through press files" to support their belief that publication of the Opinion Piece was "more than curious" and the timing "suspicious." Suspicions and curiosity do not justify discovery, certainly not when the targets of discovery are non-party members of the media. The subpoenas should be quashed.

Dated: November 7, 2022    Respectfully submitted,

                            HONIGMAN LLP

                            /s/ Andrew M. Pauwels
                            J. Michael Huget (P39150)
                            Andrew M. Pauwels (P79167)
                            315 East Eisenhower Parkway, Ste. 100
                            Ann Arbor, MI 48108
                            Tel: (734) 418-4254
                            mhuget@honigman.com

                            *Attorneys for Non-Parties Gary Miles and Brendan Clarey*

## CERTIFICATE OF SERVICE

I hereby certify that on November 7, 2022, I electronically filed the foregoing papers with the Clerk of the Court using the court's electronic filing system, which will send notification of such filing to all counsel of record.

/s/ Andrew M. Pauwels
Andrew M. Pauwels

45845444.1