```
 1                    UNITED STATES DISTRICT COURT
                      EASTERN DISTRICT OF MICHIGAN
 2                         SOUTHERN DIVISION

 3

 4
              In Re   FLINT WATER CASES      Case No. 16-10444
 5

 6

 7      _____/

 8                 DISCOVER DISPUTE STATUS CONFERENCE

 9
                   BEFORE THE HONORABLE JUDITH E. LEVY
10                     UNITED STATES DISTRICT JUDGE

11                          OCTOBER 31, 2022

12
                         APPEARANCES IN ALPHABETICAL ORDER:
13
                         Jordan W. Connors
14                       Susman Godfrey L.L.P.
                         1201 Third Avenue, Suite 3800
15                       Seattle, WA 98101

16                       Kristin Michele Dupre
                         Campbell Conroy and O'Neil PC
17                       1 Constitution Wharf, Suite 310
                         Boston, MA 02129
18
                         Philip A. Erickson
19                       Plunkett & Cooney
                         325 E. Grand River Avenue, Suite 250
20                       East Lansing, MI 48823

21
                       (Appearances continued on next page)
22

23
        To Obtain a    Jeseca C. Eddington, RDR, RMR, CRR, FCRR
24      Certified          Federal Official Court Reporter
        Transcript         United States District Court
25      Contact:       200 East Liberty Street - Ann Arbor,
                                  Michigan 48104
```

1                    David C. Kent
                     Faegre Drinker Biddle Reath LLP
2                    1717 Main Street, Suite 5400
                     Dallas, TX 75201
3
                     Theodore J. Leopold
4                    Cohen Milstein Sellers & Toll PLLC
                     11780 U.S. Highway One, Suite N500
5                    Palm Beach Gardens, FL 33408

6                    Emmy L. Levens
                     Cohen Milstein Sellers and Toll PLLC
7                    1100 New York Avenue, NW
                     Suite 500, West Tower
8                    Washington, DC 20005

9                    Susan Elizabeth Smith
                     Beveridge & Diamond, P.C.
10                   1350 I Street N.W.
                     1900 N Street N.W., Suite 100
11                   Washington, DC 20036

12                   Corey M. Stern
                     Levy Konigsberg, LLP
13                   605 Third Avenue, Suite 33rd Floor
                     New York, NY 10158
14
                     Mark R. Ter Molen
15                   Mayer Brown LLP
                     71 S. Wacker Drive
16                   Chicago, IL 60606

17

18

19

20

21

22

23

24

25

| | |
|---|---|
| 1 | **I N D E X** |
| 2 | WITNESSES                                                    PAGE |
| 3 | (None) |
| 4 | |
| 5 | |
| 6 | EXHIBITS |
| 7 | (None) |
| 8 | |
| 9 | MISCELLANY |
| 10 | Proceedings.................................4<br>Certificate.................................16 |
| 11 | |
| 12 | |
| 13 | |
| 14 | |
| 15 | |
| 16 | |
| 17 | |
| 18 | |
| 19 | |
| 20 | |
| 21 | |
| 22 | |
| 23 | |
| 24 | |
| 25 | |

1 **P R O C E E D I N G S**

2 THE CLERK: Calling the Flint Water Cases.

3 THE COURT: Okay. So I got a notice last week that
4 there was a discovery dispute related to a deposition that I
5 believe takes place -- is noticed for tomorrow and Wednesday.
6 And that was sent to me by Mr. Stern. So why don't you begin
7 by telling me what the issue is and we can go from there.

8 MR. STERN: So as your -- thank you, Your Honor. As
9 you're aware, plaintiffs intend to call Dr. Larry Russell as
10 their standard of care expert at the bellwether retrial. And
11 we submitted Dr. Russell's report to the defendants on
12 October 21 per the Court's scheduling order.

13 The scheduling order provides for the bellwether
14 retrial a pretty short turn around in terms of when
15 depositions need to take place. And that period of time I
16 think is between whenever the report was submitted and
17 November the 9th. At that time we provided the dates of
18 November 1 and 2 to the defendants for -- well, we provided
19 November 1 and then Ms. Devine said or whomever communicated
20 with us from VNA would it be too -- you know, are these two
21 consecutive days? So we said November 1 and 2 would be fine.

22 In the interim, it's come to my attention that
23 Dr. Russell has also submitted a supplemental report to his
24 prior report on behalf of the certified class in advance of
25 the September class trial.

1      And is in my conversation with class counsel, it
2  appears defendants will be deposing Dr. Russell later this
3  month as part of the class case. And he has also been deposed
4  for two full days in the class case in advance of class
5  certification.
6      I would submit that 98 percent of the report that's
7  been provided to counsel for defendants on behalf of the
8  bellwether plaintiffs, the retrial case, Bellwether I is
9  substantially, if not entirely, similar to the initial report
10 that he submitted as part of the class certification. That's
11 not the issue, but part of the issue.
12     So it would be, I believe, unfair to go forward with
13 a deposition tomorrow and Wednesday without including class
14 counsel insofar as Dr. Russell is also an expert for the class
15 and, in fact, was an expert for the class before he had been
16 retained by bellwether counsel. And they have an interest in
17 whatever his testimony is in conjunction with what his
18 testimony has been as well as in conjunction with the
19 deposition that's going to be scheduled for later this month.
20     And at the same time we have an interest, bellwether
21 plaintiffs, in his testimony as part of the class case because
22 all of the testimony can be used for impeachment. All of the
23 testimony can be used if defendants believe that it's
24 inconsistent or incongruent --
25     THE COURT: Mr. Stern, I don't want to cut you off.

```
 1   But I'm thinking of an easy solution to this problem, which is
 2   to hold one deposition of Mr. Russell that -- let me ask you
 3   this.  You said the initial report is substantively the same
 4   for class counsel and bellwether plaintiffs?
 5           MR. STERN:  Yes.  Your Honor, so the only substantive
 6   differences from our perspective are that Dr. Russell had the
 7   opportunity to review trial testimony from the first
 8   bellwether case.  He had the opportunity to review documents
 9   that were admitted in the first bellwether case.
10           And so he may have, in fact does have some more
11   pointed and specific opinions about certain actors and actions
12   that they took.  But generally speaking, his opinions are
13   unchanged if not enhanced by the additional materials that he
14   was provided from the bellwether trial, which he would have
15   otherwise have not have had if there was no trial.
16           THE COURT:  And would you object to having the
17   depositions at the same time?
18           MR. STERN:  No.  I proposed to counsel for VNA and
19   LAN that that is, in fact, what we do.  Just for everybody --
20   for the sake of efficiency for everybody.  But the response
21   that Mr. Connors and I got when we reached out to -- you know,
22   it's rare that class counsel and individual counsel are so
23   kumbaya about anything.  But we thought that it was just an
24   easy solution and everybody would be satisfied with that.  And
25   the response that we got from defense counsel was not -- they
```

1   were not satisfied with that.
2           And that's why we wrote to -- that's why I wrote to
3   Your Honor just to see if we could get some direction on that.
4           THE COURT:  Okay.
5           MR. TER MOLEN:  If I could just briefly respond, Your
6   Honor.
7           THE COURT:  Sure.
8           MR. TER MOLEN:  Your Honor, there are really two
9   issues here.  While there may be some efficiencies to doing
10  one day of deposition, there are also just -- there's an
11  enormous amount of material on the class side since the
12  initial report submitted by Dr. Russell and after his
13  deposition he submitted, as you may recall in the class
14  context, a lengthy rebuttal report.
15          He's also submitted now a new report for the class
16  counsel which talks about some new testing that he's done in
17  Flint.  And then we have the new -- the new report for the
18  retrial.
19          There is some overlap in terms of liability issues,
20  but there are some different points and new points as well,
21  Your Honor.  So we have just really an enormous amount of
22  material if we're looking at a consolidated deposition.
23          And the second point, Your Honor, relatedly is our
24  experts are also going to be submitting reports in both cases
25  and including in response to Dr. Russell.  And as I suggested

1 to Mr. Stern, what's fair for Dr. Russell and how we treat
2 Dr. Russell is also fair for VNA's experts who've also been
3 deposed before on their opinions in these cases.
4       So if we're to -- if we start down a track of, well,
5 each expert is deposed only once, then that becomes a problem
6 with the schedule, Your Honor. Because the timing is
7 difficult unless we start looking at moving some of the dates
8 out there including the Bellwether I trial date. We're happy
9 to go back and work out a revised schedule to try to
10 accommodate accomplishing that if that would be helpful to
11 Your Honor. But we just see that that's going to be a
12 problem.
13       MR. STERN: So if I may respond.
14       THE COURT: Yes.
15       MR. STERN: We don't know yet who the defendants'
16 experts are. We don't know what overlap there is. Because
17 pursuant to the Bellwether I retrial schedule, they have some
18 time after the depositions of our experts to submit their
19 expert reports, which then result in reply reports and
20 depositions.
21       So I appreciate that Mr. Ter Molen likely knows who
22 their experts are and what that overlap is. We haven't asked
23 for a single deposition of any defense experts because we
24 don't even know who they are or what their opinions are. And
25 to the extent their opinions are the same as what they've

1  already provided in the first bellwether trial, I wouldn't see
2  a reason to depose them a second time.  So I --
3           THE COURT:  Also, if I could just interrupt, Mr. Ter
4  Molen, the other thing is that the issues class relates to
5  property damages, commercial loss.  There are areas that just
6  don't -- that the bellwether case does not raise.
7           So it may be worth just taking this one at a time.  I
8  mean, hopefully you all take it one at a time and resolve it.
9  But where there's overlap -- this looks like if you draw a
10 Venn diagram of Dr. Russell's report for the class and for the
11 bellwether, it's going to largely overlap 80/90 percent.
12 That's what it sounds like to me.  Whereas a different expert
13 might not overlap as much.  Might be 20 or 30 percent overlap
14 in a report for the bellwether and a report for the class.
15          So I think where there's a vast majority overlap and
16 the reports already exist, there's just no harm in doing it at
17 the same time.  I know it's a lot to prepare for.  I know it's
18 a lot to do.  But got to get back in shape for these -- for
19 this trial.  So this might be the time to do that.
20          MR. TER MOLEN:  All right, Your Honor.  I can
21 certainly let the Court know the experts we plan to respond to
22 Dr. Russell since Dr. Russell is being used now as a liability
23 expert in both the class and the retrial cases are not going
24 to be a surprise I think.  For the large part, Your Honor has
25 already heard and seen Dr. Bellamy and Dr. Gagnon.  I believe

1   that their reports will be almost entirely the same for both

2   the retrial and the class counsel -- and the class case, Your

3   Honor.

4         So again, I would request that they also be deposed

5   only once here since that's the rule that we're following for

6   Dr. Russell.

7         THE COURT: Certainly. But it sounded like Mr. Stern

8   might not even take Dr. Bellamy and Dr. Gagnon's deposition

9   again. I mean, I guess have you already provided their

10   reports?

11        MR. TER MOLEN: Well, no, Your Honor. They're due

12   November 23, right.

13        THE COURT: Right.

14        MR. TER MOLEN: And that's part of the issue here.

15   But I think what Mr. Stern may have misspoken since for the

16   first case obviously the plaintiffs' expert was Richard

17   Humann.

18        THE COURT: Oh.

19        MR. TER MOLEN: So the reports that were generated

20   responded to Richard Humann. They will now be responding

21   obviously to Dr. Russell. So these are not going to be the

22   same reports, Your Honor.

23        THE COURT: I get it.

24        MR. TER MOLEN: As you saw in the motion to strike,

25   Dr. Russell has approximately 20 different opinions on

1 liability in contrast to the two offered by Mr. Humann. So
2 there will be a number of new areas.
3     THE COURT: So let's just look at Dr. Bellamy and
4 Gagnon when it comes up after the report is issued, find out
5 whether plaintiffs plan to take his deposition or not. Their
6 depositions or not. And we'll take it from there. But the
7 presumption would be let's try to do these all at the same
8 time.
9     Mr. Connors, are you trying to say something?
10     MR. CONNORS: I am. Thank you, Your Honor.
11     I want to raise one issue on behalf of the class.
12 One concern we have is Dr. Russell. Of course he submitted
13 his first report in conjunction with our motion for class
14 certification way back in 2020. He was deposed for two full
15 days. And you know, there's been some extensive briefing
16 since that time.
17     What we don't want is for the defendants to have an
18 opportunity to reopen all of the issues in his initial report
19 in that he's already been deposed for two full days on just
20 because he's also submitting some of those same opinions in
21 connection with another case.
22     So we'd ask that, as Mr. Ter Molen said, there may be
23 some additional issues he has submitted in the bellwether
24 cases. He has submitted a supplemental report, which I would
25 call them some pretty limited additional opinions. But we can

1 use whatever adjective we want. I think his deposition should
2 be limited to new issues that he hasn't already been deposed
3 on for two full days.
4        MR. TER MOLEN: Just to clarify, Your Honor, I
5 certainly don't intend to duplicate -- you know, to repeat
6 questions and spend time just kind of repeating the same
7 questions that we asked the first go round. But there are a
8 variety of areas where there will be, you know, similar
9 issues. There may be a little bit of overlap just because
10 it's been two years and we need to establish the context. But
11 I can represent to the Court that we're not going to just, you
12 know, whole hog repeat the same deposition that we did before.
13        THE COURT: That would be a waste of your time, his
14 time.
15        MR. TER MOLEN: Exactly.
16        THE COURT: Everyone.
17        MR. TER MOLEN: Exactly.
18        MR. CONNORS: And let me clarify just a bit. I'm
19 obviously not worried about them asking the same questions and
20 repeating the same deposition. What I'm worried about is four
21 complete days of different ways of trying to attack our expert
22 when he's already been up on these issues for two full days.
23        THE COURT: How did we get to four days?
24        MR. CONNORS: What's that?
25        THE COURT: How did we ever get to four days of

| | |
|---|---|
| 1 | deposition? |
| 2 | MR. CONNORS: Well, because he's already been deposed |
| 3 | for two full days on the scope of his initial report. And now |
| 4 | we're contemplating having him sit for two days between these |
| 5 | two cases and the new opinions. I just want to make sure that |
| 6 | the questions are limited to opinions that weren't contained |
| 7 | in his initial report. |
| 8 | THE COURT: Is that your plan, Mr. Ter Molen? |
| 9 | MR. TER MOLEN: Well, Your Honor, opinions is a broad |
| 10 | term here. So again, I don't plan to intend -- his opinions |
| 11 | are that VNA screwed up, right. That VNA engaged in |
| 12 | professional liability. He has a number of facts that relate |
| 13 | to that. And I do intend to challenge those underlying |
| 14 | opinions and that's, I think, totally fair. |
| 15 | What we'll do is not look to duplicate, again, the |
| 16 | same questions that we asked at the first go round. |
| 17 | THE COURT: Okay. So that's what we'll do. We'll |
| 18 | have one additional deposition of Dr. Russell. Mr. Ter Molen |
| 19 | is speaking here today. He's going to be attempting not to |
| 20 | duplicate questions that have previously been asked. He'll |
| 21 | direct his questioning to the -- you called it limited |
| 22 | additional opinions for the class and whatever -- is that the |
| 23 | same limited additional opinion, Mr. Stern, that he's offered |
| 24 | for the bellwether plaintiffs? |
| 25 | MR. STERN: I assume so, Your Honor. I'm not exactly |

1 sure what Mr. Ter Molen's referring to. But if we had a
2 carbon copy of the two reports, the amount that would not fit
3 cleanly in overlay from the second report onto the first
4 report is a minor amount in comparison to the meat and breadth
5 of the report.
6     And I guess ultimately there's nothing in
7 Dr. Russell's report that VNA hasn't already seen either from
8 Dr. Russell in his previous reports for the class or in his
9 testimony when he was deposed as an expert witness.
10     THE COURT: Okay.
11     MR. TER MOLEN: Respectfully, I disagree with that,
12 but we can deal with that down the line. I think the limited
13 additional opinions, that language came from Mr. Connors, not
14 from me.
15     THE COURT: Connors.
16     MR. TER MOLEN: Yeah.
17     THE COURT: Okay.
18     MR. TER MOLEN: Your Honor, if I could just raise a
19 related issue here. Just since we're changing the scope of
20 the deposition, counsel, I'm sure that we can work to agree to
21 reschedule this deposition then to next week. If that's
22 something we need to talk about with the Court, let me know.
23     MR. STERN: I mean, there's multiple people involved.
24 I'm happy to make myself available whenever the expert is
25 available, whenever Mr. Connors is available, and whenever

1  you're available.  There's moving parts.  I mean, I think we
2  should just exchange some dates and try and determine when it
3  works for everybody.
4          THE COURT:  Mr. Connors.
5          MR. CONNORS:  Yeah.  I know we had -- our schedule's
6  a little different.  So when I went to the expert for dates,
7  he gave me November 29, which is the date we offered Veolia
8  last week.  And I don't think they've accepted it yet.  But so
9  I know that November 29 works for the expert.  I believe
10 November 30 does as well.
11         MR. TER MOLEN:  Your Honor, the issue with that is
12 that our expert reports are due the 23rd.  So that --
13         THE COURT:  Okay.  Well, let's just -- let's -- any
14 rebuttal to Dr. Russell?  If it ends up the end of the month
15 because that's his next available date, then I think you can
16 have two additional weeks to get your expert that's in
17 response to him, not all of the experts or we'll get really
18 jammed for time.
19         MR. TER MOLEN:  Okay.  So what you're saying, Your
20 Honor, if the expert's in response of Dr. Russell, we'll get
21 two additional weeks and would not be filing reports on
22 November 23, right?
23         THE COURT:  Correct.
24         MR. TER MOLEN:  Okay.  Understood.
25         MR. STERN:  That's fine.  And we'll put our foot on

1  the gas when we get those reports to make sure that no other
2  dates need to change.
3            THE COURT:  Okay.  Happy Halloween, everyone.
4            MR. TER MOLEN:  Thank you, Your Honor.
5            MR. STERN:  And I again, apologize for the attire.
6            THE COURT:  That's all right.
7                     (Proceedings Concluded)
8                       -      -       -
9

10           <u>CERTIFICATE OF OFFICIAL COURT REPORTER</u>
11      I, Jeseca C. Eddington, Federal Official Court
12 Reporter, do hereby certify the foregoing 16 pages are a true
13 and correct transcript of the above entitled proceedings.
14 <u>/s/ JESECA C. EDDINGTON</u>                            <u>11/8/2022</u>
   Jeseca C. Eddington, RDR, RMR, CRR, FCRR           Date