*Request for leave to file the instant document in FWC case # 16-cv-10444; whereby [I] disabled, Archer Claimant for the FWC settlement POSE a very important question  and NOTICE to and/ for Judge Judith Levy simultaneously herein:*

From: Melvin Jones Jr.
1935 Hosler St. - Flint, Michigan 48503 [and] previous address: 829 Campbell St - Flint, Michigan 48507

As a background matter…. [t]the district court (e.g. in FWC case #16-cv-10444) more likely that not, may NOT be aware of the FACT that there are approximately FOUR (or) FIVE appeals currently

*pending which either directly [or] indirectly challenge either the attorney fee award (or) the settlement itself as to the FWC settlement pertaining to the State of Michigan, City of Flint [and] MI EGLE.*

*Even MORE relevant here…. there appears to be somewhat RECENT ruling[s] as regarding sua-sponte vacating of CLASS _ ACTION _ SETTLEMENT issued by the U.S. Supreme Court {e.g. in late 2022 as to **CONCRETE INJURY**}… which COULD support "eventual overturning" of the FWC settlement… [and] at the SAME*

*time GIVE CRITICAL "guidance" to the district court here (e.g. Judge Levy) regarding ANY other FWC case which the district court [logically] most likely aims/ hopes to eventually ARRIVE @ some sort of settlement {**e.g. however — as best I can tell "the stick point" among other MAJOR FACTORS**… is the fundamental issue[s] of **CONCRETE INJURY** {e.g. directly caused by the defendants' conduct in and as to the FWC settled defendants [i.e. the State of Michigan, City of Flint and MI EGLE]}…. specifically to [say] ADULT, and disabled ADULT FWC*

*claimants, but NOT limited to such (yes... that is to say — here, I believe the district court MUST look forward for lack of a better term) and DIRECTLY address NOW the issue of "__CONCRETE INJURY__" as to the claimants [i.e. ALL Archer Claimants as to the current FWC settled defendants pertaining to ARCHER CLAIMS administrator...* __which is especially TRUE due directly to the Plaintiffs' attorneys' statements during closing arguments [and] for example, the Plaintiffs' attorneys witness testimony proffered in the 1st bellwether trial in RELATED FWC__

# case (regarding US EPA, LAN, and Veolia North America).

# Which is to say:

"On August 15, 2022, the U.S. Court of Appeals for the Fifth Circuit vacated a class-certification order on a Rule 23(f) appeal after sua sponte holding that the named plaintiff had no standing to sue.  The case is yet another example of how federal courts closely examine standing following the U.S. Supreme Court's mandate in TransUnion LLC v. Ramirez, — U.S. —, 141 S. Ct. 2190 (2021): "Every class member must have Article III standing in order to recover individual damages."  Id. at 2208.

In Perez v. McCreary, Veselka, Bragg & Allen, P.C., et al., No. 21-50958, 2022 WL 3355249 (5th Cir. 2022), the named plaintiff, Perez, sued a law firm specializing in collecting debts owed to Texas local governments. Perez did so after receiving a letter demanding the payment of outstanding debts.  The law firm's letter did not disclose the fact that the limitations on that debt had run, however.  Consequently, Perez alleged that the law firm's letter violated the Fair Debt Collection Practices Act ("FDCPA") by making a misrepresentation in connection with an attempt to collect her debts.  See 15 U.S.C. § 1692e.  Perez also

sought to certify a class of Texans with similar time-barred debts and who had received the same letter.

At the summary judgment stage, the law firm argued that Perez did not have standing to sue because she had not suffered a concrete injury-in-fact under the Supreme Court's decision in Spokeo, Inc. v. Robins, 578 U.S. 330 (2016).  Notably, the Supreme Court decided TransUnion before the district court ruled on the parties' pending motions for summary judgment.  TransUnion stands for the proposition that a plaintiff is not automatically granted standing to sue a private defendant in federal court after the violation of a statute enacted by Congress.  Instead, a statutory violation must concretely harm the plaintiff to confer standing.  But regardless of that decision, the district court held that Perez suffered a concrete injury-in-fact when the law firm violated her rights under the FDCPA, risked financial harm, and caused Perez to suffer confusion.  The district court also certified the proposed class under Rule 23(b)(3).

On appeal (after the law firm's Rule 23(f) petition had been granted), the Fifth Circuit vacated the class-certification order and remanded the case with instructions that the district court dismiss the lawsuit for lack of jurisdiction.  Indeed, the unanimous panel held that Perez had no standing.  Judge Jerry E. Smith first explained that TransUnion

foreclosed Perez's claim that the violation of her statutory rights qualified as a concrete injury. Judge Smith also explained Perez's receipt of the law firm's letter, without more, did not constitute a concrete injury because Perez only pleaded a "material risk of financial harm"—i.e., a risk that Perez would pay her time-barred debts. TransUnion similarly barred that argument. Finally, Judge Smith found that Perez's state of confusion, without more, was not a concrete injury under Article III."

"The law firm's appeal only challenged the class-certification order even though it argued that Perez did not suffer a concrete injury before the district court in its class certification opposition. But recognizing the obligation of courts to ensure proper jurisdiction at all stages, even in limited interlocutory appeals, Judge Smith's opinion thoroughly explains why TransUnion and separation of powers concerns prevent lawsuits like Perez's from continuing in federal court."

Source:

https://www.classactioncountermeasures.com/2022/08/articles/class-action/fifth-circuit-sua-sponte-vacates-class-certification-order-lack-standing/

*Additionally — as a form of NOTICE here.... To the district court I intend to BY 12/ 30/ 2022 request that the 6th Circuit Court of Appeals expedite (* **_Duetothereasons [w.r.t. and with supporting statements made by me in and on the record in Ecf doc. #1002 and #1003 in RELATED - FWC #17-cv-10164]..._** *) my pending 6th Circuit Court of Appeals [* #22-1756 *,* #22-1903, #22-1956, #22-1976 [and] #22-2040.... Which is to say that {I anticipate that Colleen Connors [e.g. my informal caregiver] will drive me over to the POST OFFICE, and such... to see to it, that [a] motion to expedite is mailed to the 6th Circuit Court of Appeals* **_BY_** *December 30th, 2022 }] ; but last night [literally] my right side of my "intestines" hurt yet again... due to my worsened IBS medical condition ---* **_which I believe is made worse by the FWC_** *... and such (e.g. my worsened IBS at time LIKE NOW cause*

*difficulty in my being able to lay down and get to sleep.*

*p.s. Praise God, that in Samuel 17:30... according to Pastor Joel Osteen --- the scripture says, "David turned and walked away." I come into agreement with God and Pastor Joel Osteen... that I am a blessed victor and not a victim; I am a child of God almighty --- I am wonderfully made, although disabled.*

## [I], Melvin Jones Jr. - disabled resident of the City of Flint.... Assert that:

*The filing presented here (i.e. as best that I can tell — being that I have a history of CVA, TIA, Stroke and "episodic communication impairment"... which I believe have been MADE WORSE due to the Flint Poisoned Water Crisis)... have NOT been raised and disposed of in this Court or in the Court of Appeals and that they set forth a claim for relief as well as the basis for that claim.*

***Respectfully Submitted,***

*Thank you.*
*Have a good day !*

*November 15th, 2022*

*Melvin Jones Jr. - disabled Pro*
*Se Appellant/ interested party*
*[FWC Archer Claimant]*