# EXHIBIT 8

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

*Walters v. City of Flint* et al.,                    No. 5:17-cv-10164

                                                       Hon. Judith E. Levy

_____

**RESPONSE OF DEFENDANTS, VEOLIA WATER NORTH AMERICA
OPERATING SERVICES, LLC, VEOLIA NORTH AMERICA, INC.,
AND VEOLIA NORTH AMERICA, LLC TO BELLWETHER III
PLAINTIFFS' REQUEST FOR PRODCUTION OF DOCUMENTS**

The defendants Veolia Water North America Operating Services, LLC,

("VWNAOS") Veolia North America, Inc. ("VNA Inc."), and Veolia North America,

LLC ("VNA LLC") (collectively, the "VNA Defendants") hereby respond pursuant

to Fed. R. Civ. P. 26 and 34 to Bellwether III Plaintiffs' Request for Production of

Documents to Veolia Defendants.

**GENERAL OBJECTIONS**

1.  The VNA Defendants object to Plaintiffs' definition of "VNA Defendants" or
    "Veolia Defendants" to include entities who are not named defendants in any of
    the Flint Water Cases. VNA provides this response on behalf of Veolia Water
    North America Operating Services, LLC, ("VWNAOS") Veolia North America,
    Inc. ("VNA Inc."), and Veolia North America, LLC ("VNA LLC") only.

2.  The VNA Defendants object to Plaintiffs' requests as a whole on the basis that the
    requests are unduly cumulative and seek duplicative discovery. During the course
    of discovery in the Flint Water Cases, the VNA Defendants have produced 73,336
    documents totaling more than 560,875 pages. Those documents are likewise
    responsive to one or more requests contained in plaintiffs' first set of requests. The

1

requests in their entirety are therefore objectionable under Rule 26(b)(2)(C) because it seeks discovery that is "unreasonably cumulative or duplicative" and because, for that reason, it is unduly burdensome. The VNA Defendants will not re-produce the 73,336 documents they have already produced to these same plaintiffs years ago.

3. The VNA Defendants object to the instructional section because it seeks to impose obligations beyond those created by Rule 26 and Rule 34. The VNA Defendants further object to ¶ 3 of the instructional section insofar as it is inconsistent with the Court's previous specific directions with respect to the required contents of privilege logs and because, to that extent, it is beyond the scope of Rule 26 and would cause requests to which it applies to be unduly burdensome.

4. The VNA Defendants object to ¶ 8 of the instructional section as the Court has already determined which years are relevant to VNA's alleged professional negligence. The VNA Defendants refer counsel to ECF No. 938.

<u>**RESPONSES TO REQUESTS**</u>

**<u>REQUEST NO. 1</u>:**

All documents/tangible things related to Rise Strategy Group's ("Rise") relationship with the Veolia Defendants, in conjunction with the Flint Water Crisis and Flint Water Crisis Litigation.

**<u>RESPONSE</u>**

The VNA Defendants object to this request. Rule 26(b)(1) limits discovery to "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case…." The VNA Defendants object to this Request because it seeks information that is not relevant to any party's claims or defenses. The VNA Defendants further object because the Request is overly broad, unduly burdensome, and harassing. The VNA Defendants further object because the Request seeks information in violation of the Court's order regarding the end date for VNA's ESI search protocol (see ECF 938). The VNA Defendants further object to the Request to the extent it could be construed to seek privileged information. Finally, the VNA Defendants object to the Request because it infringes on the First Amendment rights of numerous parties, including VNA, co-defendants, and non-parties to this litigation, which all have constitutionally protected rights to express opinions regarding the subject matter of the trial.

**REQUEST NO. 2:**

All communications between Rise and the Veolia Defendants since January 1, 2015, including all text messages between anyone from Veolia (or anyone acting on Veolia's behalf), and anyone from Rise.

**RESPONSE**

The VNA Defendants object to this request. Rule 26(b)(1) limits discovery to "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case…." The VNA Defendants object to this Request because it seeks information that is not relevant to any party's claims or defenses. The VNA Defendants further object because the Request is overly broad, unduly burdensome, and harassing. The VNA Defendants further object because the Request seeks information in violation of the Court's order regarding the end date for VNA's ESI search protocol (see ECF 938). The VNA Defendants further object to the Request to the extent it could be construed to seek privileged information. Finally, the VNA Defendants object to the Request because it infringes on the First Amendment rights of numerous parties, including VNA, co-defendants, and non-parties to this litigation, which all have constitutionally protected rights to express opinions regarding the subject matter of the trial.

**REQUEST NO. 3:**

All documents/tangible things related to Mercury Public Affairs' (Mercury) relationship with the Veolia Defendants in conjunction with the Flint Water Crisis and Flint Water Crisis Litigation.

**RESPONSE**

The VNA Defendants object to this request. Rule 26(b)(1) limits discovery to "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case…." The VNA Defendants object to this Request because it seeks information that is not relevant to any party's claims or defenses. The VNA Defendants further object because the Request is overly broad, unduly burdensome, and harassing. The VNA Defendants further object because the Request seeks information in violation of the Court's order regarding the end date for VNA's ESI search protocol (see ECF 938). The VNA Defendants further object to the Request to the extent it could be construed to seek privileged information. Finally, the VNA

Defendants object to the Request because it infringes on the First Amendment rights of numerous parties, including VNA, co-defendants, and non-parties to this litigation, which all have constitutionally protected rights to express opinions regarding the subject matter of the trial.

**REQUEST NO. 4**:

All communications between Mercury Public Affairs and the Veolia Defendants since January 1, 2015, including all text messages between anyone from Veolia (or anyone acting on Veolia's behalf), and anyone from Mercury.

**RESPONSE**

The VNA Defendants object to this request. Rule 26(b)(1) limits discovery to "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case…." The VNA Defendants object to this Request because it seeks information that is not relevant to any party's claims or defenses. The VNA Defendants further object because the Request is overly broad, unduly burdensome, and harassing. The VNA Defendants further object because the Request seeks information in violation of the Court's order regarding the end date for VNA's ESI search protocol (see ECF 938). The VNA Defendants further object to the Request to the extent it could be construed to seek privileged information. Finally, the VNA Defendants object to the Request because it infringes on the First Amendment rights of numerous parties, including VNA, co-defendants, and non-parties to this litigation, which all have constitutionally protected rights to express opinions regarding the subject matter of the trial.

**REQUEST NO. 5**:

All documents/tangible things related to Tarrah Cooper Wright's ("Wright") relationship with the Veolia Defendants in conjunction with the Flint Water Crisis and Flint Water Crisis Litigation.

**RESPONSE**

The VNA Defendants object to this request. Rule 26(b)(1) limits discovery to "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case…." The VNA Defendants object to this Request because it seeks information that is not relevant to any party's claims or defenses. The VNA

4

Defendants further object because the Request is overly broad, unduly burdensome, and harassing. The VNA Defendants further object because the Request seeks information in violation of the Court's order regarding the end date for VNA's ESI search protocol (see ECF 938). The VNA Defendants further object to the Request to the extent it could be construed to seek privileged information. Finally, the VNA Defendants object to the Request because it infringes on the First Amendment rights of numerous parties, including VNA, co-defendants, and non-parties to this litigation, which all have constitutionally protected rights to express opinions regarding the subject matter of the trial.

## REQUEST NO. 6:

All communications between Wright and the Veolia Defendants since January 1, 2015, including all text messages between anyone from Veolia (or anyone acting on Veolia's behalf), and Wright.

## RESPONSE:

The VNA Defendants object to this request. Rule 26(b)(1) limits discovery to "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case…." The VNA Defendants object to this Request because it seeks information that is not relevant to any party's claims or defenses. The VNA Defendants further object because the Request is overly broad, unduly burdensome, and harassing. The VNA Defendants further object because the Request seeks information in violation of the Court's order regarding the end date for VNA's ESI search protocol (see ECF 938). The VNA Defendants further object to the Request to the extent it could be construed to seek privileged information. Finally, the VNA Defendants object to the Request because it infringes on the First Amendment rights of numerous parties, including VNA, co-defendants, and non-parties to this litigation, which all have constitutionally protected rights to express opinions regarding the subject matter of the trial.

## REQUEST NO. 7:

All documents/tangible things related to Tiger Joyce's ("Joyce") relationship with the Veolia Defendants in conjunction with the Flint Water Crisis and Flint Water Crisis Litigation.

**RESPONSE**

The VNA Defendants object to this request. Rule 26(b)(1) limits discovery to "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case…."  The VNA Defendants object to this Request because it seeks information that is not relevant to any party's claims or defenses. The VNA Defendants further object because the Request is overly broad, unduly burdensome, and harassing. The VNA Defendants further object because the Request seeks information in violation of the Court's order regarding the end date for VNA's ESI search protocol (see ECF 938). The VNA Defendants further object to the Request to the extent it could be construed to seek privileged information.  Finally, the VNA Defendants object to the Request because it infringes on the First Amendment rights of numerous parties, including VNA, co-defendants, and non-parties to this litigation, which all have constitutionally protected rights to express opinions regarding the subject matter of the trial.

**REQUEST NO. 8:**

All communications between Joyce and the Veolia Defendants since January 1, 2015, including all text messages between anyone from Veolia (or anyone acting on Veolia's behalf), and Joyce.

**RESPONSE**

The VNA Defendants object to this request. Rule 26(b)(1) limits discovery to "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case…."  The VNA Defendants object to this Request because it seeks information that is not relevant to any party's claims or defenses. The VNA Defendants further object because the Request is overly broad, unduly burdensome, and harassing. The VNA Defendants further object because the Request seeks information in violation of the Court's order regarding the end date for VNA's ESI search protocol (see ECF 938). The VNA Defendants further object to the Request to the extent it could be construed to seek privileged information.  Finally, the VNA Defendants object to the Request because it infringes on the First Amendment rights of numerous parties, including VNA, co-defendants, and non-parties to this litigation, which all have constitutionally protected rights to express opinions regarding the subject matter of the trial.

6

**REQUEST NO. 9:**

All documents/tangible things related to The American Tort Reform Association's ("ATRA") relationship with the Veolia Defendants in conjunction with the Flint Water Crisis and Flint Water Crisis Litigation.

**RESPONSE**

The VNA Defendants object to this request. Rule 26(b)(1) limits discovery to "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case…."  The VNA Defendants object to this Request because it seeks information that is not relevant to any party's claims or defenses. The VNA Defendants further object because the Request is overly broad, unduly burdensome, and harassing. The VNA Defendants further object because the Request seeks information in violation of the Court's order regarding the end date for VNA's ESI search protocol (see ECF 938). The VNA Defendants further object to the Request to the extent it could be construed to seek privileged information.  Finally, the VNA Defendants object to the Request because it infringes on the First Amendment rights of numerous parties, including VNA, co-defendants, and non-parties to this litigation, which all have constitutionally protected rights to express opinions regarding the subject matter of the trial.

**REQUEST NO. 10:**

All communications between ATRA and the Veolia Defendants since January 1, 2015, including all text messages between anyone from Veolia (or anyone acting on Veolia's behalf), and anyone from ATRA.

**RESPONSE:**

The VNA Defendants object to this request. Rule 26(b)(1) limits discovery to "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case…."  The VNA Defendants object to this Request because it seeks information that is not relevant to any party's claims or defenses. The VNA Defendants further object because the Request is overly broad, unduly burdensome, and harassing. The VNA Defendants further object because the Request seeks information in violation of the Court's order regarding the end date for VNA's ESI search protocol (see ECF 938). The VNA Defendants further object to the Request to the extent it could be construed to seek privileged information.  Finally, the VNA

Defendants object to the Request because it infringes on the First Amendment rights of numerous parties, including VNA, co-defendants, and non-parties to this litigation, which all have constitutionally protected rights to express opinions regarding the subject matter of the trial.

**REQUEST NO. 11:**

All documents/tangible things related to Bailey Griffith Aragon's ("Aragon") relationship with the Veolia Defendants in conjunction with the Flint Water Crisis and Flint Water Crisis Litigation.

**RESPONSE**

The VNA Defendants object to this request. Rule 26(b)(1) limits discovery to "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case…."  The VNA Defendants object to this Request because it seeks information that is not relevant to any party's claims or defenses. The VNA Defendants further object because the Request is overly broad, unduly burdensome, and harassing. The VNA Defendants further object because the Request seeks information in violation of the Court's order regarding the end date for VNA's ESI search protocol (see ECF 938). The VNA Defendants further object to the Request to the extent it could be construed to seek privileged information.  Finally, the VNA Defendants object to the Request because it infringes on the First Amendment rights of numerous parties, including VNA, co-defendants, and non-parties to this litigation, which all have constitutionally protected rights to express opinions regarding the subject matter of the trial.

**REQUEST NO. 12:**

All communications between Aragon and the Veolia Defendants since January 1, 2015, including all text messages between anyone from Veolia (or anyone acting on Veolia's behalf), and Aragon.

**RESPONSE**

The VNA Defendants object to this request. Rule 26(b)(1) limits discovery to "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case…."  The VNA Defendants object to this Request because it

seeks information that is not relevant to any party's claims or defenses. The VNA Defendants further object because the Request is overly broad, unduly burdensome, and harassing. The VNA Defendants further object because the Request seeks information in violation of the Court's order regarding the end date for VNA's ESI search protocol (see ECF 938). The VNA Defendants further object to the Request to the extent it could be construed to seek privileged information.  Finally, the VNA Defendants object to the Request because it infringes on the First Amendment rights of numerous parties, including VNA, co-defendants, and non-parties to this litigation, which all have constitutionally protected rights to express opinions regarding the subject matter of the trial.

**REQUEST NO. 13**:

All documents/tangible things related to Rasky Partners' ("Rasky") relationship with the Veolia Defendants in conjunction with the Flint Water Crisis and Flint Water Crisis Litigation.

**RESPONSE**

The VNA Defendants object to this request. Rule 26(b)(1) limits discovery to "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case…."  The VNA Defendants object to this Request because it seeks information that is not relevant to any party's claims or defenses. The VNA Defendants further object because the Request is overly broad, unduly burdensome, and harassing. The VNA Defendants further object because the Request seeks information in violation of the Court's order regarding the end date for VNA's ESI search protocol (see ECF 938). The VNA Defendants further object to the Request to the extent it could be construed to seek privileged information.  Finally, the VNA Defendants object to the Request because it infringes on the First Amendment rights of numerous parties, including VNA, co-defendants, and non-parties to this litigation, which all have constitutionally protected rights to express opinions regarding the subject matter of the trial.

**REQUEST NO. 14:**

All communications between Rasky and the Veolia Defendants since January 1, 2015, including all text messages between anyone from Veolia (or anyone acting on Veolia's behalf), and Rasky.

**RESPONSE**

The VNA Defendants object to this request. Rule 26(b)(1) limits discovery to "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case…."  The VNA Defendants object to this Request because it seeks information that is not relevant to any party's claims or defenses. The VNA Defendants further object because the Request is overly broad, unduly burdensome, and harassing. The VNA Defendants further object because the Request seeks information in violation of the Court's order regarding the end date for VNA's ESI search protocol (see ECF 938). The VNA Defendants further object to the Request to the extent it could be construed to seek privileged information.  Finally, the VNA Defendants object to the Request because it infringes on the First Amendment rights of numerous parties, including VNA, co-defendants, and non-parties to this litigation, which all have constitutionally protected rights to express opinions regarding the subject matter of the trial.

**REQUEST NO. 15**:

All documents/tangible things related to Jonathan Karush's ("Karush") relationship with the Veolia Defendants in conjunction with the Flint Water Crisis and Flint Water Crisis Litigation.

**RESPONSE**

The VNA Defendants object to this request. Rule 26(b)(1) limits discovery to "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case…."  The VNA Defendants object to this Request because it seeks information that is not relevant to any party's claims or defenses. The VNA Defendants further object because the Request is overly broad, unduly burdensome, and harassing. The VNA Defendants further object because the Request seeks information in violation of the Court's order regarding the end date for VNA's ESI search protocol (see ECF 938). The VNA Defendants further object to the Request to the extent it could be construed to seek privileged information.  Finally, the VNA Defendants object to the Request because it infringes on the First Amendment rights of numerous parties, including VNA, co-defendants, and non-parties to this litigation, which all have constitutionally protected rights to express opinions regarding the subject matter of the trial.

10

**REQUEST NO. 16:**

All communications between Karush and the Veolia Defendants since January 1, 2015, including all text messages between anyone from Veolia (or anyone acting on Veolia's behalf), and Karush.

**RESPONSE**

The VNA Defendants object to this request. Rule 26(b)(1) limits discovery to "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case…."  The VNA Defendants object to this Request because it seeks information that is not relevant to any party's claims or defenses. The VNA Defendants further object because the Request is overly broad, unduly burdensome, and harassing. The VNA Defendants further object because the Request seeks information in violation of the Court's order regarding the end date for VNA's ESI search protocol (see ECF 938). The VNA Defendants further object to the Request to the extent it could be construed to seek privileged information.  Finally, the VNA Defendants object to the Request because it infringes on the First Amendment rights of numerous parties, including VNA, co-defendants, and non-parties to this litigation, which all have constitutionally protected rights to express opinions regarding the subject matter of the trial.

**REQUEST NO. 17**:

All documents/tangible things related to Hillary Ziegengagen's ("Ziegenhagen") relationship with the Veolia Defendants in conjunction with the Flint Water Crisis and Flint Water Crisis Litigation.

**RESPONSE**

The VNA Defendants object to this request. Rule 26(b)(1) limits discovery to "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case…."  The VNA Defendants object to this Request because it seeks information that is not relevant to any party's claims or defenses. The VNA Defendants further object because the Request is overly broad, unduly burdensome, and harassing. The VNA Defendants further object because the Request seeks information in violation of the Court's order regarding the end date for VNA's ESI search protocol (see ECF 938). The VNA Defendants further object to the Request to the extent it could be construed to seek privileged information.  Finally, the VNA

Defendants object to the Request because it infringes on the First Amendment rights of numerous parties, including VNA, co-defendants, and non-parties to this litigation, which all have constitutionally protected rights to express opinions regarding the subject matter of the trial.

**REQUEST NO. 18:**

All communications between Ziegenhagen and the Veolia Defendants since January 1, 2015, including all text messages between anyone from Veolia (or anyone acting on Veolia's behalf), and Ziegenhagen.

**RESPONSE**

The VNA Defendants object to this request. Rule 26(b)(1) limits discovery to "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case…."  The VNA Defendants object to this Request because it seeks information that is not relevant to any party's claims or defenses. The VNA Defendants further object because the Request is overly broad, unduly burdensome, and harassing. The VNA Defendants further object because the Request seeks information in violation of the Court's order regarding the end date for VNA's ESI search protocol (see ECF 938). The VNA Defendants further object to the Request to the extent it could be construed to seek privileged information.  Finally, the VNA Defendants object to the Request because it infringes on the First Amendment rights of numerous parties, including VNA, co-defendants, and non-parties to this litigation, which all have constitutionally protected rights to express opinions regarding the subject matter of the trial.

**REQUEST NO. 19**:

All documents/tangible things related to Frost Prioleau's ("Prioleau") relationship with the Veolia Defendants in conjunction with the Flint Water Crisis and Flint Water Crisis Litigation.

**RESPONSE**

The VNA Defendants object to this request. Rule 26(b)(1) limits discovery to "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case…."  The VNA Defendants object to this Request because it seeks information that is not relevant to any party's claims or defenses. The VNA

Defendants further object because the Request is overly broad, unduly burdensome, and harassing. The VNA Defendants further object because the Request seeks information in violation of the Court's order regarding the end date for VNA's ESI search protocol (see ECF 938). The VNA Defendants further object to the Request to the extent it could be construed to seek privileged information.  Finally, the VNA Defendants object to the Request because it infringes on the First Amendment rights of numerous parties, including VNA, co-defendants, and non-parties to this litigation, which all have constitutionally protected rights to express opinions regarding the subject matter of the trial.

**REQUEST NO. 20:**

All communications between Prioleau and the Veolia Defendants since January 1, 2015, including all text messages between anyone from Veolia (or anyone acting on Veolia's behalf), and Prioleau.

**RESPONSE**

The VNA Defendants object to this request. Rule 26(b)(1) limits discovery to "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case…."  The VNA Defendants object to this Request because it seeks information that is not relevant to any party's claims or defenses. The VNA Defendants further object because the Request is overly broad, unduly burdensome, and harassing. The VNA Defendants further object because the Request seeks information in violation of the Court's order regarding the end date for VNA's ESI search protocol (see ECF 938). The VNA Defendants further object to the Request to the extent it could be construed to seek privileged information.  Finally, the VNA Defendants object to the Request because it infringes on the First Amendment rights of numerous parties, including VNA, co-defendants, and non-parties to this litigation, which all have constitutionally protected rights to express opinions regarding the subject matter of the trial.

**REQUEST NO. 21:**

All documents/tangible things related to Simpli.Fi's relationship with the Veolia Defendants in conjunction with the Flint Water Crisis and Flint Water Crisis Litigation.

13

**RESPONSE**

The VNA Defendants object to this request. Rule 26(b)(1) limits discovery to "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case…."  The VNA Defendants object to this Request because it seeks information that is not relevant to any party's claims or defenses. The VNA Defendants further object because the Request is overly broad, unduly burdensome, and harassing. The VNA Defendants further object because the Request seeks information in violation of the Court's order regarding the end date for VNA's ESI search protocol (see ECF 938). The VNA Defendants further object to the Request to the extent it could be construed to seek privileged information.  Finally, the VNA Defendants object to the Request because it infringes on the First Amendment rights of numerous parties, including VNA, co-defendants, and non-parties to this litigation, which all have constitutionally protected rights to express opinions regarding the subject matter of the trial.

**REQUEST NO. 22:**

All communications between Simpli.Fi and the Veolia Defendants since January 1, 2015, including all text messages between anyone from Veolia (or anyone acting on Veolia's behalf), and anyone from Simpli.Fi.

**RESPONSE**

The VNA Defendants object to this request. Rule 26(b)(1) limits discovery to "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case…."  The VNA Defendants object to this Request because it seeks information that is not relevant to any party's claims or defenses. The VNA Defendants further object because the Request is overly broad, unduly burdensome, and harassing. The VNA Defendants further object because the Request seeks information in violation of the Court's order regarding the end date for VNA's ESI search protocol (see ECF 938). The VNA Defendants further object to the Request to the extent it could be construed to seek privileged information.  Finally, the VNA Defendants object to the Request because it infringes on the First Amendment rights of numerous parties, including VNA, co-defendants, and non-parties to this litigation, which all have constitutionally protected rights to express opinions regarding the subject matter of the trial.

**REQUEST NO. 23:**

14

All text messages, chat logs, and emails to or from Marvin Gnagy, between January 1, 2015 and present, which discuss:

    (a)    the Flint Water Crisis;
    (b)    Veolia's work in Flint;
    (c)    Veolia's proposed scope of work in Flint;
    (d)    the litigation associated with the Flint Water Crisis;
    (e)    LAN and/or LAD;
    (f)    water test results related to the University of Michigan, Flint Campus;
    (g)    crisis management related to the Flint Water Crisis;
    (h)    Veolia's Business Development;
    (i)    the City of Flint;
    (j)    the State of Michigan;
    (k)    the Governor of the State of Michigan;

    (l)    Richard Humann;
    (m)    Dr. Larry Russell;
    (n)    Warren Green;
    (o)    Jeff Hansen;
    (p)    Counsel for Plaintiffs;
    (q)    Dr. Aaron Specht;
    (r)    Dr. William Bithoney;
    (s)    Dr. Mira Krishnan;
    (t)    Dr. Edward Hoffman;
    (u)    LeeAnne Walters;
    (v)    the Honorable Judith E. Levy;
    (w)    Rowe Professional Services Company;
    (x)    the partial settlement approved by the Honorable Judith E. Levy;
    (y)    Melvin Jones; and
    (z)    Colleen Connors

## **RESPONSE**

The VNA Defendants object to this request as it is overly broad and unduly burdensome. The VNA Defendants specifically object to the date range identified in the request as beyond the scope of discovery under Rule 26 and in violation of the Court's order regarding the end date for VNA's ESI search protocol (see ECF 938). There has been no showing that the request is likely to lead to the discovery of relevant information regarding VNA's alleged professional negligence or that the request is proportional to the needs of the case. In addition, the request fails to specify with

particularly which recipients or senders the request for communications is specifically seeking and is therefore on its face overly broad and in violation of Rule 34(b)(1)(A).

In addition, the VNA Defendants object to the list of subtopics (a)-(z) identified in the request as, in conjunction with the date range, most are irrelevant and immaterial to the claims or defenses in the case and seek documents and communications protected from discovery by one or more of the attorney/client privilege, Rule 26(b)(3), and the work product immunity. The issue of relevant search terms for the VNA custodians was extensively litigated before the Court and the Court has already ordered which search terms would be relevant as to Mr. Gnagy and other VNA custodians (see ECF 980 and Exhibit A). Pursuant to the Court's orders, the VNA Defendants have already produced thousands of documents for Mr. Gnagy that may be responsive to this request. In addition, Mr. Gnagy was also deposed for three days in the Flint Water Cases and testified and was subject to rigorous cross-examination at the Bellwether I trial.

Further, the VNA Defendants object to the extent these subtopics seek communications that expand well beyond the scope of discovery regarding the VNA Defendant's work in Flint and their alleged professional negligence, which is the only claim pending against the VNA Defendants. There has been no showing that the subtopics identified in (a)-(z) are likely to lead to the discovery of relevant information regarding VNA's alleged professional negligence or that the request is proportional to the needs of the case beyond that which the VNA Defendants have already produced. In light of the thousands of documents for Mr. Gnagy already produced by the VNA Defendants during the course of discovery and consistent with the Court's orders and the claims and defenses in this case, a review of the request and the identified subtopics leads to no conclusion other than that they are intended merely to annoy, embarrass, and harass the witness, and therefore the request violates Rule 26(g).

**REQUEST NO. 24:**

All text messages, chat logs, and emails to or from Rob Nicholas, between January 1, 2015 and present, which discuss:

    (a)    the Flint Water Crisis;
    (b)    Veolia's work in Flint;
    (c)    Veolia's proposed scope of work in Flint;
    (d)    the litigation associated with the Flint Water Crisis;
    (e)    LAN and/or LAD;
    (f)    water test results related to the University of Michigan, Flint Campus;

(g)    crisis management related to the Flint Water Crisis;
(h)    Veolia's Business Development;
(i)    the City of Flint;
(j)    the State of Michigan;
(k)    the Governor of the State of Michigan;
(l)    Richard Humann;
(m)    Dr. Larry Russell;
(n)    Warren Green;
(o)    Jeff Hansen;
(p)    Counsel for Plaintiffs;
(q)    Dr. Aaron Specht;
(r)    Dr. William Bithoney;
(s)    Dr. Mira Krishnan;
(t)    Dr. Edward Hoffman;
(u)    LeeAnne Walters;
(v)    the Honorable Judith E. Levy;
(w)    Rowe Professional Services Company;
(x)    the partial settlement approved by the Honorable Judith E. Levy;
(y)    Melvin Jones; and
(z)    Colleen Connors

**RESPONSE**

The VNA Defendants object to this request as it is overly broad and unduly burdensome. The VNA Defendants specifically object to the date range identified in the request as beyond the scope of discovery under Rule 26 and in violation of the Court's order regarding the end date for VNA's ESI search protocol (see ECF 938). There has been no showing that the request is likely to lead to the discovery of relevant information regarding VNA's alleged professional negligence or that the request is proportional to the needs of the case. In addition, the request fails to specify with particularly which recipients or senders the request for communications is specifically seeking and is therefore on its face overly broad and in violation of Rule 34(b)(1)(A).

In addition, the VNA Defendants object to the list of subtopics (a)-(z) identified in the request as, in conjunction with the date range, most are irrelevant and immaterial to the claims or defenses in the case and seek documents and communications protected from discovery by one or more of the attorney/client privilege, Rule 26(b)(3), and the work product immunity. The issue of relevant search terms for the VNA custodians was extensively litigated before the Court and the Court has already ordered which

17

search terms would be relevant as to Mr. Nicholas and other VNA custodians (see ECF 980 and Exhibit A).  Pursuant to the Court's orders, the VNA Defendants have already produced thousands of documents for Mr. Nicholas that may be responsive to this request. In addition, Mr. Nicholas was also deposed for several days in the Flint Water Cases and testified and was subject to rigorous cross-examination at the Bellwether I trial.

Further, the VNA Defendants object to the extent these subtopics seek communications that expand well beyond the scope of discovery regarding the VNA Defendant's work in Flint and their alleged professional negligence, which is the only claim pending against the VNA Defendants. There has been no showing that the subtopics identified in (a)-(z) are likely to lead to the discovery of relevant information regarding VNA's alleged professional negligence or that the request is proportional to the needs of the case beyond that which the VNA Defendants have already produced. In light of the thousands of documents for Mr. Nicholas already produced by the VNA Defendants during the course of discovery and consistent with the Court's orders and the claims and defenses in this case, a review of the request and the identified subtopics leads to no conclusion other than that they are intended merely to annoy, embarrass, and harass the witness, and therefore the request violates Rule 26(g).

**REQUEST NO. 25:**

All text messages, chat logs, and emails to or from Depin Chen, between January 1, 2015 and present, which discuss:

    (a)    the Flint Water Crisis;
    (b)    Veolia's work in Flint;
    (c)    Veolia's proposed scope of work in Flint;
    (d)    the litigation associated with the Flint Water Crisis;
    (e)    LAN and/or LAD;
    (f)    water test results related to the University of Michigan, Flint Campus;
    (g)    crisis management related to the Flint Water Crisis;
    (h)    Veolia's Business Development;
    (i)    the City of Flint;
    (j)    the State of Michigan;
    (k)    the Governor of the State of Michigan;
    (l)    Richard Humann;
    (m)  Dr. Larry Russell;
    (n)    Warren Green;
    (o)    Jeff Hansen;

(p)     Counsel for Plaintiffs;
(q)     Dr. Aaron Specht;
(r)     Dr. William Bithoney;
(s)     Dr. Mira Krishnan;
(t)     Dr. Edward Hoffman;
(u)     LeeAnne Walters;
(v)     the Honorable Judith E. Levy;
(w)     Rowe Professional Services Company;
(x)     the partial settlement approved by the Honorable Judith E. Levy;
(y)     Melvin Jones; and
(z)     Colleen Connors

## RESPONSE

The VNA Defendants object to this request as it is overly broad and unduly burdensome. The VNA Defendants specifically object to the date range identified in the request as beyond the scope of discovery under Rule 26 and in violation of the Court's order regarding the end date for VNA's ESI search protocol (see ECF 938). There has been no showing that the request is likely to lead to the discovery of relevant information regarding VNA's alleged professional negligence or that the request is proportional to the needs of the case. In addition, the request fails to specify with particularly which recipients or senders the request for communications is specifically seeking and is therefore on its face overly broad and in violation of Rule 34(b)(1)(A).

In addition, the VNA Defendants object to the list of subtopics (a)-(z) identified in the request as, in conjunction with the date range, most are irrelevant and immaterial to the claims or defenses in the case and seek documents and communications protected from discovery by one or more of the attorney/client privilege, Rule 26(b)(3), and the work product immunity. The issue of relevant search terms for the VNA custodians was extensively litigated before the Court and the Court has already ordered which search terms would be relevant as to Mr. Chen and other VNA custodians (see ECF 980 and Exhibit A). Pursuant to the Court's orders, the VNA Defendants have already produced thousands of documents for Mr. Chen that may be responsive to this request. In addition, Mr. Chen was also deposed for several days in the Flint Water Cases.

Further, the VNA Defendants object to the extent these subtopics seek communications that expand well beyond the scope of discovery regarding the VNA Defendant's work in Flint and their alleged professional negligence, which is the only claim pending against the VNA Defendants. There has been no showing that the subtopics identified in (a)-(z) are likely to lead to the discovery of relevant information

19

regarding VNA's alleged professional negligence or that the request is proportional to the needs of the case beyond that which the VNA Defendants have already produced. In light of the thousands of documents for Mr. Chen already produced by the VNA Defendants during the course of discovery and consistent with the Court's orders and the claims and defenses in this case, a review of the request and the identified subtopics leads to no conclusion other than that they are intended merely to annoy, embarrass, and harass the witness, and therefore the request violates Rule 26(g).

## **REQUEST NO. 26:**

All text messages, chat logs, and emails to or from David Gadis, between January 1, 2015 and present, which discuss:

    (a)    the Flint Water Crisis;
    (b)    Veolia's work in Flint;
    (c)    Veolia's proposed scope of work in Flint;
    (d)    the litigation associated with the Flint Water Crisis;
    (e)    LAN and/or LAD;
    (f)    water test results related to the University of Michigan, Flint Campus;
    (g)    crisis management related to the Flint Water Crisis;
    (h)    Veolia's Business Development;
    (i)    the City of Flint;
    (j)    the State of Michigan;
    (k)    the Governor of the State of Michigan;
    (l)    Richard Humann;
    (m)    Dr. Larry Russell;
    (n)    Warren Green;
    (o)    Jeff Hansen;
    (p)    Counsel for Plaintiffs;
    (q)    Dr. Aaron Specht;
    (r)    Dr. William Bithoney;
    (s)    Dr. Mira Krishnan;
    (t)    Dr. Edward Hoffman;
    (u)    LeeAnne Walters;
    (v)    the Honorable Judith E. Levy;
    (w)    Rowe Professional Services Company;
    (x)    the partial settlement approved by the Honorable Judith E. Levy;
    (y)    Melvin Jones; and
    (z)    Colleen Connors

**RESPONSE**

The VNA Defendants object to this request as it is overly broad and unduly burdensome. The VNA Defendants specifically object to the date range identified in the request as beyond the scope of discovery under Rule 26 and in violation of the Court's order regarding the end date for VNA's ESI search protocol (see ECF 938). There has been no showing that the request is likely to lead to the discovery of relevant information regarding VNA's alleged professional negligence or that the request is proportional to the needs of the case. In addition, the request fails to specify with particularly which recipients or senders the request for communications is specifically seeking and is therefore on its face overly broad and in violation of Rule 34(b)(1)(A).

In addition, the VNA Defendants object to the list of subtopics (a)-(z) identified in the request as, in conjunction with the date range, most are irrelevant and immaterial to the claims or defenses in the case and seek documents and communications protected from discovery by one or more of the attorney/client privilege, Rule 26(b)(3), and the work product immunity. The issue of relevant search terms for the VNA custodians was extensively litigated before the Court and the Court has already ordered which search terms would be relevant as to Mr. Gadis and other VNA custodians (see ECF 980 and Exhibit A).  Pursuant to the Court's orders, the VNA Defendants have already produced thousands of documents for Mr. Gadis that may be responsive to this request. In addition, Mr. Gadis was also deposed for several days in the Flint Water Cases.

Further, the VNA Defendants object to the extent these subtopics seek communications that expand well beyond the scope of discovery regarding the VNA Defendant's work in Flint and their alleged professional negligence, which is the only claim pending against the VNA Defendants. There has been no showing that the subtopics identified in (a)-(z) are likely to lead to the discovery of relevant information regarding VNA's alleged professional negligence or that the request is proportional to the needs of the case beyond that which the VNA Defendants have already produced. In light of the thousands of documents for Mr. Gadis already produced by the VNA Defendants during the course of discovery and consistent with the Court's orders and the claims and defenses in this case, a review of the request and the identified subtopics leads to no conclusion other than that they are intended merely to annoy, embarrass, and harass the witness, and therefore the request violates Rule 26(g).

**REQUEST NO. 27:**

All text messages, chat logs, and emails to or from William Fahey, between January 1, 2015 and present, which discuss:

(a)     the Flint Water Crisis;
(b)     Veolia's work in Flint;
(c)     Veolia's proposed scope of work in Flint;
(d)     the litigation associated with the Flint Water Crisis;
(e)     LAN and/or LAD;
(f)     water test results related to the University of Michigan, Flint Campus;
(g)     crisis management related to the Flint Water Crisis;
(h)     Veolia's Business Development;
(i)     the City of Flint;
(j)     the State of Michigan;
(k)     the Governor of the State of Michigan;
(l)     Richard Humann;
(m)     Dr. Larry Russell;
(n)     Warren Green;
(o)     Jeff Hansen;
(p)     Counsel for Plaintiffs;
(q)     Dr. Aaron Specht;
(r)     Dr. William Bithoney;
(s)     Dr. Mira Krishnan;
(t)     Dr. Edward Hoffman;
(u)     LeeAnne Walters;
(v)     the Honorable Judith E. Levy;
(w)     Rowe Professional Services Company;
(x)     the partial settlement approved by the Honorable Judith E. Levy;
(y)     Melvin Jones; and
(z)     Colleen Connors

**RESPONSE**

The VNA Defendants object to this request as it is overly broad and unduly burdensome. The VNA Defendants specifically object to the date range identified in the request as beyond the scope of discovery under Rule 26 and in violation of the Court's order regarding the end date for VNA's ESI search protocol (see ECF 938). There has been no showing that the request is likely to lead to the discovery of relevant information regarding VNA's alleged professional negligence or that the request is proportional to the needs of the case. In addition, the request fails to specify with particularly which recipients or senders the request for communications is specifically seeking and is therefore on its face overly broad and in violation of Rule 34(b)(1)(A).

22

In addition, the VNA Defendants object to the list of subtopics (a)-(z) identified in the request as, in conjunction with the date range, most are irrelevant and immaterial to the claims or defenses in the case and seek documents and communications protected from discovery by one or more of the attorney/client privilege, Rule 26(b)(3), and the work product immunity. The issue of relevant search terms for the VNA custodians was extensively litigated before the Court and the Court has already ordered which search terms would be relevant as to Mr. Fahey and other VNA custodians (see ECF 980 and Exhibit A).  Pursuant to the Court's orders, the VNA Defendants have already produced thousands of documents for Mr. Fahey that may be responsive to this request. In addition, Mr. Fahey was also deposed for several days in the Flint Water Cases and testified and was subject to rigorous cross-examination at the Bellwether I trial.

Further, the VNA Defendants object to the extent these subtopics seek communications that expand well beyond the scope of discovery regarding the VNA Defendant's work in Flint and their alleged professional negligence, which is the only claim pending against the VNA Defendants. There has been no showing that the subtopics identified in (a)-(z) are likely to lead to the discovery of relevant information regarding VNA's alleged professional negligence or that the request is proportional to the needs of the case beyond that which the VNA Defendants have already produced. In light of the thousands of documents for Mr. Fahey already produced by the VNA Defendants during the course of discovery and consistent with the Court's orders and the claims and defenses in this case, a review of the request and the identified subtopics leads to no conclusion other than that they are intended merely to annoy, embarrass, and harass the witness, and therefore the request violates Rule 26(g).

**REQUEST NO. 28:**

All text messages, chat logs, and emails to or from Brian Clarke, between January 1, 2015 and present, which discuss:

      (a)     the Flint Water Crisis;
      (b)     Veolia's work in Flint;
      (c)     Veolia's proposed scope of work in Flint;
      (d)     the litigation associated with the Flint Water Crisis;
      (e)     LAN and/or LAD;
      (f)     water test results related to the University of Michigan, Flint Campus;
      (g)     crisis management related to the Flint Water Crisis;
      (h)     Veolia's Business Development;
      (i)     the City of Flint;

    (j)    the State of Michigan;

    (k)    the Governor of the State of Michigan;

    (l)    Richard Humann;

    (m)    Dr. Larry Russell;

    (n)    Warren Green;

    (o)    Jeff Hansen;

    (p)    Counsel for Plaintiffs;

    (q)    Dr. Aaron Specht;

    (r)    Dr. William Bithoney;

    (s)    Dr. Mira Krishnan;

    (t)    Dr. Edward Hoffman;

    (u)    LeeAnne Walters;

    (v)    the Honorable Judith E. Levy;

    (w)    Rowe Professional Services Company;

    (x)    the partial settlement approved by the Honorable Judith E. Levy;

    (y)    Melvin Jones; and

    (z)    Colleen Connors

**RESPONSE**

The VNA Defendants object to this request as it is overly broad and unduly burdensome. The VNA Defendants specifically object to the date range identified in the request as beyond the scope of discovery under Rule 26 and in violation of the Court's order regarding the end date for VNA's ESI search protocol (see ECF 938). There has been no showing that the request is likely to lead to the discovery of relevant information regarding VNA's alleged professional negligence or that the request is proportional to the needs of the case. In addition, the request fails to specify with particularly which recipients or senders the request for communications is specifically seeking and is therefore on its face overly broad and in violation of Rule 34(b)(1)(A).

In addition, the VNA Defendants object to the list of subtopics (a)-(z) identified in the request as, in conjunction with the date range, most are irrelevant and immaterial to the claims or defenses in the case and seek documents and communications protected from discovery by one or more of the attorney/client privilege, Rule 26(b)(3), and the work product immunity. The issue of relevant search terms for the VNA custodians was extensively litigated before the Court and the Court has already ordered which search terms would be relevant as to Mr. Clarke and other VNA custodians (see ECF 980 and Exhibit A).  Pursuant to the Court's orders, the VNA Defendants have already produced thousands of documents for Mr. Clarke that may be responsive to this

request. In addition, Mr. Clarke was also deposed for several days in the Flint Water Cases.

Further, the VNA Defendants object to the extent these subtopics seek communications that expand well beyond the scope of discovery regarding the VNA Defendant's work in Flint and their alleged professional negligence, which is the only claim pending against the VNA Defendants. There has been no showing that the subtopics identified in (a)-(z) are likely to lead to the discovery of relevant information regarding VNA's alleged professional negligence or that the request is proportional to the needs of the case beyond that which the VNA Defendants have already produced. In light of the thousands of documents for Mr. Clarke already produced by the VNA Defendants during the course of discovery and consistent with the Court's orders and the claims and defenses in this case, a review of the request and the identified subtopics leads to no conclusion other than that they are intended merely to annoy, embarrass, and harass the witness, and therefore the request violates Rule 26(g).

**REQUEST NO. 29:**

All text messages, chat logs, and emails to or from Frederic Van Heems, between January 1, 2015 and present, which discuss:

    (a)    the Flint Water Crisis;
    (b)    Veolia's work in Flint;
    (c)    Veolia's proposed scope of work in Flint;
    (d)    the litigation associated with the Flint Water Crisis;
    (e)    LAN and/or LAD;
    (f)    water test results related to the University of Michigan, Flint Campus;
    (g)    crisis management related to the Flint Water Crisis;
    (h)    Veolia's Business Development;
    (i)    the City of Flint;
    (j)    the State of Michigan;
    (k)    the Governor of the State of Michigan;
    (l)    Richard Humann;
    (m)  Dr. Larry Russell;
    (n)    Warren Green;
    (o)    Jeff Hansen;
    (p)    Counsel for Plaintiffs;
    (q)    Dr. Aaron Specht;
    (r)    Dr. William Bithoney;
    (s)    Dr. Mira Krishnan;

(t)     Dr. Edward Hoffman;

(u)     LeeAnne Walters;

(v)     the Honorable Judith E. Levy;

(w)     Rowe Professional Services Company;

(x)     the partial settlement approved by the Honorable Judith E. Levy;

(y)     Melvin Jones; and

(z)     Colleen Connors

**RESPONSE**

The VNA Defendants object to this request as it is overly broad and unduly burdensome. The VNA Defendants specifically object to the date range identified in the request as beyond the scope of discovery under Rule 26 and in violation of the Court's order regarding the end date for VNA's ESI search protocol (see ECF 938). There has been no showing that the request is likely to lead to the discovery of relevant information regarding VNA's alleged professional negligence or that the request is proportional to the needs of the case. In addition, the request fails to specify with particularly which recipients or senders the request for communications is specifically seeking and is therefore on its face overly broad and in violation of Rule 34(b)(1)(A).

In addition, the VNA Defendants object to the list of subtopics (a)-(z) identified in the request as, in conjunction with the date range, most are irrelevant and immaterial to the claims or defenses in the case and seek documents and communications protected from discovery by one or more of the attorney/client privilege, Rule 26(b)(3), and the work product immunity. Further, the VNA Defendants object to the extent these subtopics seek communications that expand well beyond the scope of discovery regarding the VNA Defendant's work in Flint and their alleged professional negligence, which is the only claim pending against the VNA Defendants. There has been no showing that the subtopics identified in (a)-(z) are likely to lead to the discovery of relevant information regarding VNA's alleged professional negligence or that the request is proportional to the needs of the case,

Moreover, the VNA Defendants object to searching and producing the requested communications for Mr. Van Heems as Mr. Van Heems was not employed by a VNA entity until August 4, 2021. Neither the VNA Defendants nor any of the witnesses in this case have ever identified Mr. Van Heems as an individual with knowledge of the claims and defenses at issue in this case and Mr. Van Heems had absolutely no involvement with VNA's work in Flint and their alleged professional negligence, which is the only claim pending against the VNA Defendants.

**REQUEST NO. 30:**

All text messages, chat logs, and emails to or from Dennis Chesseron, between January 1, 2015 and present, which discuss:

     (a)    the Flint Water Crisis;
     (b)    Veolia's work in Flint;
     (c)    Veolia's proposed scope of work in Flint;
     (d)    the litigation associated with the Flint Water Crisis;
     (e)    LAN and/or LAD;
     (f)    water test results related to the University of Michigan, Flint Campus;
     (g)    crisis management related to the Flint Water Crisis;
     (h)    Veolia's Business Development;
     (i)    the City of Flint;
     (j)    the State of Michigan;
     (k)    the Governor of the State of Michigan;
     (l)    Richard Humann;
     (m)    Dr. Larry Russell;
     (n)    Warren Green;
     (o)    Jeff Hansen;
     (p)    Counsel for Plaintiffs;
     (q)    Dr. Aaron Specht;
     (r)    Dr. William Bithoney;
     (s)    Dr. Mira Krishnan;
     (t)    Dr. Edward Hoffman;
     (u)    LeeAnne Walters;
     (v)    the Honorable Judith E. Levy;
     (w)    Rowe Professional Services Company;
     (x)    the partial settlement approved by the Honorable Judith E. Levy;
     (y)    Melvin Jones; and
     (z)    Colleen Connors.

**RESPONSE**

The VNA Defendants object to this request as it is overly broad and unduly burdensome. The VNA Defendants specifically object to the date range identified in the request as beyond the scope of discovery under Rule 26 and in violation of the Court's order regarding the end date for VNA's ESI search protocol (see ECF 938).

There has been no showing that the request is likely to lead to the discovery of relevant information regarding VNA's alleged professional negligence or that the request is proportional to the needs of the case. In addition, the request fails to specify with particularly which recipients or senders the request for communications is specifically seeking and is therefore on its face overly broad and in violation of Rule 34(b)(1)(A).

In addition, the VNA Defendants object to the list of subtopics (a)-(z) identified in the request as, in conjunction with the date range, most are irrelevant and immaterial to the claims or defenses in the case and seek documents and communications protected from discovery by one or more of the attorney/client privilege, Rule 26(b)(3), and the work product immunity. Further, the VNA Defendants object to the extent these subtopics seek communications that expand well beyond the scope of discovery regarding the VNA Defendant's work in Flint and their alleged professional negligence, which is the only claim pending against the VNA Defendants. There has been no showing that the subtopics identified in (a)-(z) are likely to lead to the discovery of relevant information regarding VNA's alleged professional negligence or that the request is proportional to the needs of the case,

Moreover, the VNA Defendants object to searching and producing the requested communications for Mr. Chesseron as Mr. Chesseron was not employed by a VNA entity until November 26, 2020. Neither the VNA Defendants nor any of the witnesses in this case have ever identified Mr. Chesseron as an individual with knowledge of the claims and defenses at issue in this case and Mr. Chesseron had absolutely no involvement with VNA's work in Flint and their alleged professional negligence, which is the only claim pending against the VNA Defendants.

## **REQUEST NO. 31:**

All text messages, chat logs, and emails to or from Keith Oldewurtel, between January 1, 2015 and present, which discuss:

  (a)   the Flint Water Crisis;
  (b)   Veolia's work in Flint;
  (c)   Veolia's proposed scope of work in Flint;
  (d)   the litigation associated with the Flint Water Crisis;
  (e)   LAN and/or LAD;
  (f)   water test results related to the University of Michigan, Flint Campus;
  (g)   crisis management related to the Flint Water Crisis;
  (h)   Veolia's Business Development;
  (i)   the City of Flint;

(j)     the State of Michigan;
(k)     the Governor of the State of Michigan;
(l)     Richard Humann;
(m)     Dr. Larry Russell;
(n)     Warren Green;
(o)     Jeff Hansen;
(p)     LeeAnne Walters;
(q)     Dr. Aaron Specht;
(r)     Dr. William Bithoney;
(s)     Dr. Mira Krishnan;
(t)     Dr. Edward Hoffman;
(u)     Counsel for the Bellwether I plaintiffs;
(v)     the Honorable Judith E. Levy;
(w)     Rowe Professional Services Company;
(x)     the partial settlement approved by the Honorable Judith E. Levy;
(y)     Melvin Jones; and
(z)     Colleen Connors

## RESPONSE

The VNA Defendants object to this request as it is overly broad and unduly burdensome. The VNA Defendants specifically object to the date range identified in the request as beyond the scope of discovery under Rule 26 and in violation of the Court's order regarding the end date for VNA's ESI search protocol (see ECF 938). There has been no showing that the request is likely to lead to the discovery of relevant information regarding VNA's alleged professional negligence or that the request is proportional to the needs of the case. In addition, the request fails to specify with particularly which recipients or senders the request for communications is specifically seeking and is therefore on its face overly broad and in violation of Rule 34(b)(1)(A).

In addition, the VNA Defendants object to the list of subtopics (a)-(z) identified in the request as, in conjunction with the date range, most are irrelevant and immaterial to the claims or defenses in the case and seek documents and communications protected from discovery by one or more of the attorney/client privilege, Rule 26(b)(3), and the work product immunity. Further, the VNA Defendants object to the extent these subtopics seek communications that expand well beyond the scope of discovery regarding the VNA Defendant's work in Flint and their alleged professional negligence, which is the only claim pending against the VNA Defendants. There has been no showing that the subtopics identified in (a)-(z) are likely to lead to the

29

discovery of relevant information regarding VNA's alleged professional negligence or that the request is proportional to the needs of the case,

Moreover, the VNA Defendants object to searching and producing the requested communications for Mr. Oldewurtel. Neither the VNA Defendants nor any of the witnesses in this case have ever identified Mr. Oldewurtel as an individual with knowledge of the claims and defenses at issue in this case and Mr. Oldewurtel had absolutely no involvement with VNA's work in Flint and their alleged professional negligence, which is the only claim pending against the VNA Defendants.

**REQUEST NO. 32:**

All text messages, chat logs, and emails to or from Jim Pawloski, between January 1, 2015 and present, which discuss:

 (a) the Flint Water Crisis;
 (b) Veolia's work in Flint;
 (c) Veolia's proposed scope of work in Flint;
 (d) the litigation associated with the Flint Water Crisis;
 (e) LAN and/or LAD;
 (f) water test results related to the University of Michigan, Flint Campus;
 (g) crisis management related to the Flint Water Crisis;
 (h) Veolia's Business Development;
 (i) the City of Flint;
 (j) the State of Michigan;
 (k) the Governor of the State of Michigan;
 (l) Richard Humann;
 (m) Dr. Larry Russell;
 (n) Warren Green;
 (o) Jeff Hansen;
 (p) Counsel for Plaintiffs;
 (q) Dr. Aaron Specht;
 (r) Dr. William Bithoney;
 (s) Dr. Mira Krishnan;
 (t) Dr. Edward Hoffman;
 (u) LeeAnne Walters;
 (v) the Honorable Judith E. Levy;
 (w) Rowe Professional Services Company;
 (x) the partial settlement approved by the Honorable Judith E. Levy;
 (y) Melvin Jones; and

      (z)     Colleen Connors

**RESPONSE**

The VNA Defendants object to this request as it is overly broad and unduly burdensome. The VNA Defendants specifically object to the date range identified in the request as beyond the scope of discovery under Rule 26 and in violation of the Court's order regarding the end date for VNA's ESI search protocol (see ECF 938). There has been no showing that the request is likely to lead to the discovery of relevant information regarding VNA's alleged professional negligence or that the request is proportional to the needs of the case. In addition, the request fails to specify with particularly which recipients or senders the request for communications is specifically seeking and is therefore on its face overly broad and in violation of Rule 34(b)(1)(A).

In addition, the VNA Defendants object to the list of subtopics (a)-(z) identified in the request as, in conjunction with the date range, most are irrelevant and immaterial to the claims or defenses in the case and seek documents and communications protected from discovery by one or more of the attorney/client privilege, Rule 26(b)(3), and the work product immunity. Further, the VNA Defendants object to the extent these subtopics seek communications that expand well beyond the scope of discovery regarding the VNA Defendant's work in Flint and their alleged professional negligence, which is the only claim pending against the VNA Defendants. There has been no showing that the subtopics identified in (a)-(z) are likely to lead to the discovery of relevant information regarding VNA's alleged professional negligence or that the request is proportional to the needs of the case,

Moreover, the VNA Defendants object to searching and producing the requested communications for Mr. Pawloski as Mr. Pawloski was not employed by a VNA entity until July 27, 2015. Neither the VNA Defendants nor any of the witnesses in this case have ever identified Mr. Pawloski as an individual with knowledge of the claims and defenses at issue in this case and Mr. Pawloski had absolutely no involvement with VNA's work in Flint and their alleged professional negligence, which is the only claim pending against the VNA Defendants.

**REQUEST NO. 33:**

All text messages, chat logs, and emails to or from Karine Rouge, between January 1, 2015 and present, which discuss:

      (a)     the Flint Water Crisis;

(b)     Veolia's work in Flint;

(c)     Veolia's proposed scope of work in Flint;

(d)     the litigation associated with the Flint Water Crisis;

(e)     LAN and/or LAD;

(f)     water test results related to the University of Michigan, Flint Campus;

(g)     crisis management related to the Flint Water Crisis;

(h)     Veolia's Business Development;

(i)     the City of Flint;

(j)     the State of Michigan;

(k)     the Governor of the State of Michigan;

(l)     Richard Humann;

(m)     Dr. Larry Russell;

(n)     Warren Green;

(o)     Jeff Hansen;

(p)     Counsel for Plaintiffs;

(q)     Dr. Aaron Specht;

(r)     Dr. William Bithoney;

(s)     Dr. Mira Krishnan;

(t)     Dr. Edward Hoffman;

(u)     LeeAnne Walters;

(v)     the Honorable Judith E. Levy;

(w)     Rowe Professional Services Company;

(x)     the partial settlement approved by the Honorable Judith E. Levy;

(y)     Melvin Jones; and

(z)     Colleen Connors.

## RESPONSE

The VNA Defendants object to this request as it is overly broad and unduly burdensome. The VNA Defendants specifically object to the date range identified in the request as beyond the scope of discovery under Rule 26 and in violation of the Court's order regarding the end date for VNA's ESI search protocol (see ECF 938). There has been no showing that the request is likely to lead to the discovery of relevant information regarding VNA's alleged professional negligence or that the request is proportional to the needs of the case. In addition, the request fails to specify with particularly which recipients or senders the request for communications is specifically seeking and is therefore on its face overly broad and in violation of Rule 34(b)(1)(A).

In addition, the VNA Defendants object to the list of subtopics (a)-(z) identified in the request as, in conjunction with the date range, most are irrelevant and immaterial to

32

the claims or defenses in the case and seek documents and communications protected from discovery by one or more of the attorney/client privilege, Rule 26(b)(3), and the work product immunity. Further, the VNA Defendants object to the extent these subtopics seek communications that expand well beyond the scope of discovery regarding the VNA Defendant's work in Flint and their alleged professional negligence, which is the only claim pending against the VNA Defendants. There has been no showing that the subtopics identified in (a)-(z) are likely to lead to the discovery of relevant information regarding VNA's alleged professional negligence or that the request is proportional to the needs of the case,

Moreover, the VNA Defendants object to searching and producing the requested communications for Ms. Rouge as Ms. Rouge was not employed by a VNA entity until February 23, 2022. Neither the VNA Defendants nor any of the witnesses in this case have ever identified Ms. Rouge as an individual with knowledge of the claims and defenses at issue in this case and Ms. Rogue had absolutely no involvement with VNA's work in Flint and their alleged professional negligence, which is the only claim pending against the VNA Defendants.

## REQUEST NO. 34:

All text messages, chat logs, and emails to or from Joseph Nasuta, between January 1, 2015 and present, which discuss:

- (a) the Flint Water Crisis;
- (b) Veolia's work in Flint;
- (c) Veolia's proposed scope of work in Flint;
- (d) the litigation associated with the Flint Water Crisis;
- (e) LAN and/or LAD;
- (f) water test results related to the University of Michigan, Flint Campus;
- (g) crisis management related to the Flint Water Crisis;
- (h) Veolia's Business Development;
- (i) the City of Flint;
- (j) the State of Michigan;
- (k) the Governor of the State of Michigan;
- (l) Richard Humann;
- (m) Dr. Larry Russell;
- (n) Warren Green;
- (o) Jeff Hansen;
- (p) Counsel for Plaintiffs;
- (q) Dr. Aaron Specht;

33

(r)  Dr. William Bithoney;

(s)  Dr. Mira Krishnan;

(t)  Dr. Edward Hoffman;

(u)  LeeAnne Walters;

(v)  the Honorable Judith E. Levy;

(w)  Rowe Professional Services Company;

(x)  the partial settlement approved by the Honorable Judith E. Levy;

(y)  Melvin Jones; and

(z)  Colleen Connors

## **RESPONSE**

The VNA Defendants object to this request as it is overly broad and unduly burdensome. The VNA Defendants specifically object to the date range identified in the request as beyond the scope of discovery under Rule 26 and in violation of the Court's order regarding the end date for VNA's ESI search protocol (see ECF 938). There has been no showing that the request is likely to lead to the discovery of relevant information regarding VNA's alleged professional negligence or that the request is proportional to the needs of the case. In addition, the request fails to specify with particularly which recipients or senders the request for communications is specifically seeking and is therefore on its face overly broad and in violation of Rule 34(b)(1)(A).

In addition, the VNA Defendants object to the list of subtopics (a)-(z) identified in the request as, in conjunction with the date range, most are irrelevant and immaterial to the claims or defenses in the case and seek documents and communications protected from discovery by one or more of the attorney/client privilege, Rule 26(b)(3), and the work product immunity. The issue of relevant search terms for the VNA custodians was extensively litigated before the Court and the Court has already ordered which search terms would be relevant as to Mr. Nasuta and other VNA custodians (see ECF 980 and Exhibit A).  Pursuant to the Court's orders, the VNA Defendants have already produced thousands of documents for Mr. Nasuta that may be responsive to this request. In addition, Mr. Nasuta was also deposed for several days in the Flint Water Cases.

Further, the VNA Defendants object to the extent these subtopics seek communications that expand well beyond the scope of discovery regarding the VNA Defendant's work in Flint and their alleged professional negligence, which is the only claim pending against the VNA Defendants. There has been no showing that the subtopics identified in (a)-(z) are likely to lead to the discovery of relevant information regarding VNA's alleged professional negligence or that the request is proportional to

34

the needs of the case beyond that which the VNA Defendants have already produced. In light of the thousands of documents for Mr. Nasuta already produced by the VNA Defendants during the course of discovery and consistent with the Court's orders and the claims and defenses in this case, a review of the request and the identified subtopics leads to no conclusion other than that they are intended merely to annoy, embarrass, and harass the witness, and therefore the request violates Rule 26(g).

**REQUEST NO. 35:**

All text messages, chat logs, and emails to or from Matt Demo, between January 1, 2015 and present, which discuss:

<ol type="a">
<li>the Flint Water Crisis;</li>
<li>Veolia's work in Flint;</li>
<li>Veolia's proposed scope of work in Flint;</li>
<li>the litigation associated with the Flint Water Crisis;</li>
<li>LAN and/or LAD;</li>
<li>water test results related to the University of Michigan, Flint Campus;</li>
<li>crisis management related to the Flint Water Crisis;</li>
<li>Veolia's Business Development;</li>
<li>the City of Flint;</li>
<li>the State of Michigan;</li>
<li>the Governor of the State of Michigan;</li>
<li>Richard Humann;</li>
<li>Dr. Larry Russell;</li>
<li>Warren Green;</li>
<li>Jeff Hansen;</li>
<li>Counsel for Plaintiffs;</li>
<li>Dr. Aaron Specht;</li>
<li>Dr. William Bithoney;</li>
<li>Dr. Mira Krishnan;</li>
<li>Dr. Edward Hoffman;</li>
<li>LeeAnne Walters;</li>
<li>the Honorable Judith E. Levy;</li>
<li>Rowe Professional Services Company;</li>
<li>the partial settlement approved by the Honorable Judith E. Levy;</li>
<li>Melvin Jones; and</li>
<li>Colleen Connors</li>
</ol>

**RESPONSE**

35

The VNA Defendants object to this request as it is overly broad and unduly burdensome. The VNA Defendants specifically object to the date range identified in the request as beyond the scope of discovery under Rule 26 and in violation of the Court's order regarding the end date for VNA's ESI search protocol (see ECF 938). There has been no showing that the request is likely to lead to the discovery of relevant information regarding VNA's alleged professional negligence or that the request is proportional to the needs of the case. In addition, the request fails to specify with particularly which recipients or senders the request for communications is specifically seeking and is therefore on its face overly broad and in violation of Rule 34(b)(1)(A).

In addition, the VNA Defendants object to the list of subtopics (a)-(z) identified in the request as, in conjunction with the date range, most are irrelevant and immaterial to the claims or defenses in the case and seek documents and communications protected from discovery by one or more of the attorney/client privilege, Rule 26(b)(3), and the work product immunity. The issue of relevant search terms for the VNA custodians was extensively litigated before the Court and the Court has already ordered which search terms would be relevant as to Mr. Demo and other VNA custodians (see ECF 980 and Exhibit A).  Pursuant to the Court's orders, the VNA Defendants have already produced thousands of documents for Mr. Demo that may be responsive to this request.

Further, the VNA Defendants object to the extent these subtopics seek communications that expand well beyond the scope of discovery regarding the VNA Defendant's work in Flint and their alleged professional negligence, which is the only claim pending against the VNA Defendants. There has been no showing that the subtopics identified in (a)-(z) are likely to lead to the discovery of relevant information regarding VNA's alleged professional negligence or that the request is proportional to the needs of the case beyond that which the VNA Defendants have already produced. In light of the thousands of documents for Mr. Demo already produced by the VNA Defendants during the course of discovery and consistent with the Court's orders and the claims and defenses in this case, a review of the request and the identified subtopics leads to no conclusion other than that they are intended merely to annoy, embarrass, and harass the witness, and therefore the request violates Rule 26(g).

## REQUEST NO. 36:

All text messages to or from Carrie Griffiths, between January 1, 2015 and present, which discuss:

      (a)     the Flint Water Crisis;

(b)     Veolia's work in Flint;
(c)     Veolia's proposed scope of work in Flint;
(d)     the litigation associated with the Flint Water Crisis;
(e)     LAN and/or LAD;
(f)     water test results related to the University of Michigan, Flint Campus;
(g)     crisis management related to the Flint Water Crisis;
(h)     Veolia's Business Development;
(i)     the City of Flint;
(j)     the State of Michigan;
(k)     the Governor of the State of Michigan;
(l)     Richard Humann;
(m)     Dr. Larry Russell;
(n)     Warren Green;
(o)     Jeff Hansen;
(p)     Counsel for Plaintiffs;
(q)     Dr. Aaron Specht;
(r)     Dr. William Bithoney;
(s)     Dr. Mira Krishnan;
(t)     Dr. Edward Hoffman;
(u)     LeeAnne Walters;
(v)     the Honorable Judith E. Levy;
(w)     Rowe Professional Services Company;
(x)     the partial settlement approved by the Honorable Judith E. Levy;
(y)     Melvin Jones; and
(z)     Colleen Connors

**RESPONSE**

The VNA Defendants object to this request as it is overly broad and unduly burdensome. The VNA Defendants specifically object to the date range identified in the request as beyond the scope of discovery under Rule 26 and in violation of the Court's order regarding the end date for VNA's ESI search protocol (see ECF 938). There has been no showing that the request is likely to lead to the discovery of relevant information regarding VNA's alleged professional negligence or that the request is proportional to the needs of the case. In addition, the request fails to specify with particularly which recipients or senders the request for communications is specifically seeking and is therefore on its face overly broad and in violation of Rule 34(b)(1)(A).

In addition, the VNA Defendants object to the list of subtopics (a)-(z) identified in the request as, in conjunction with the date range, most are irrelevant and immaterial to

37

the claims or defenses in the case and seek documents and communications protected from discovery by one or more of the attorney/client privilege, Rule 26(b)(3), and the work product immunity. Further, the VNA Defendants object to the extent these subtopics seek communications that expand well beyond the scope of discovery regarding the VNA Defendant's work in Flint and their alleged professional negligence, which is the only claim pending against the VNA Defendants. There has been no showing that the subtopics identified in (a)-(z) are likely to lead to the discovery of relevant information regarding VNA's alleged professional negligence or that the request is proportional to the needs of the case,

Moreover, the VNA Defendants object to searching and producing the requested communications for Ms. Griffiths as Ms. Griffiths was not employed by a VNA entity until February 23, 2022. Neither the VNA Defendants nor any of the witnesses in this case have ever identified Ms. Griffiths as an individual with knowledge of the claims and defenses at issue in this case and Ms. Griffiths had absolutely no involvement with VNA's work in Flint and their alleged professional negligence, which is the only claim pending against the VNA Defendants.

**REQUEST NO. 37:**

All documents pertaining to Veolia's internal investigation(s) into its own conduct related to the Flint Water Crisis.

**RESPONSE**

The VNA Defendants object to this request to the extent that it seeks documents and communications protected from discovery by one or more of the attorney/client privilege, Rule 26(b)(3), and the work product immunity. The VNA Defendants also object on the basis that this request is unduly cumulative and seeks duplicative discovery given that VNA has already the same or similar prior discovery requests as this request.

Subject to and without waiving its objections, the VNA Defendants state again that there have been no internal investigations of the type described in this request that are subject to discovery in this litigation.

**REQUEST NO. 38:**

All documents pertaining to Veolia's internal investigation(s) into its own conduct

related to its work with the Pittsburgh Water and Sewer Authority, which resulted in a lawsuit filed against Veolia in 2016.

**RESPONSE**

The VNA Defendants object to this request as it seeks documents and information which are protected from discovery by one or more of the attorney/client privilege, Rule 26(b)(3), and the work product immunity. Further, the VNA Defendants object on the grounds that the request is beyond the scope of permissible discovery and is not directed towards materials or information which are relevant to the claims and defenses of the parties in the case as required by Fed. R. Civ. P. 26(b)(1).

Subject to and without waiving its objections, the VNA Defendants state again that there have been no internal investigations of the type described in this request that are subject to discovery in this litigation.

**REQUEST NO. 39:**

All documents pertaining to Veolia's work in Plymouth, MA, which resulted in a lawsuit filed by the Massachusetts Attorney General against Veolia in 2016.

**RESPONSE**

The VNA Defendants object to this request as it fails to describe the documents, materials, or information sought with reasonable particularity as required by Fed. R. Civ. P. 34(b)(1)(A). The VNA Defendants also object to this request as it seek documents or information which are protected from disclosure by the work-product doctrine, the attorney-client privilege, and/or the provisions of Fed. R. Civ. P. 26(b)(3). The VNA Defendants further object on the grounds that the request is overly broad and unduly burdensome and is beyond the scope of permissible discovery as the request is not directed toward materials or information which are relevant to the claims and defenses of the parties in the case as required by Fed. R. Civ. P. 26(b)(1).

**REQUEST NO. 40:**

All documents pertaining to Veolia's internal investigation(s) into its own conduct related to its work in Plymouth, MA, which resulted in a lawsuit filed by the Massachusetts Attorney General against Veolia in 2016.

**RESPONSE**

The VNA Defendants object to this request as it seeks documents and information which are protected from discovery by one or more of the attorney/client privilege, Rule 26(b)(3), and the work product immunity. Further, the VNA Defendants object on the grounds that the request is beyond the scope of permissible discovery and is not directed towards materials or information which are relevant to the claims and defenses of the parties in the case as required by Fed. R. Civ. P. 26(b)(1).

Subject to and without waiving its objections, the VNA Defendants state that there have been no internal investigations of the type described in this request that are subject to discovery in this litigation.

Dated: October 26, 2022

*Respectfully submitted,*

CAMPBELL CONROY  & O'NEIL, P.C.                    BUSH SEYFERTH PLLC

/s/ James M. Campbell                                  /s/ Cheryl A. Bush
James M. Campbell                                     Cheryl A. Bush (P37031)
Alaina N. Devine                                      100 W. Big Beaver Road
20 City Square, Suite 300                             Suite 400
Boston, MA  02129                                     Troy, MI 48084
(617) 241-3000                                        (248) 822-7800
jmcampbell@campbell-trial-lawyers.com                 bush@bsplaw.com
adevine@campbell-trial-lawyers.com

*Attorneys for Veolia Water North America Operating Services, LLC*
*Veolia North America, LLC, and Veolia North America, Inc.*

40

## <u>CERTIFICATE OF SERVICE</u>

I, Alaina N. Devine, hereby certify that on October 26, 2022, I caused the within document to be served electronically on counsel of record for all parties to the above-captioned action at their e-mail addresses on file with the Court.

/s/ Alaina N. Devine
Alaina N. Devine
adevine@campbell-trial-lawyers.com