# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

*In re Flint Water Cases 16-10444*

_____/     *The Hon. Judith E. Levy*

*Bellwether III Case No. 17-10164*

_____/

## PLAINTIFFS' REPLY TO VEOLIA WATER NORTH AMERICA OPERATING SERVICES, LLC'S, VEOLIA NORTH AMERICA, INC.'S, AND VEOLIA NORTH AMERICA, LLC'S OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL RESPONSES TO PLAINTIFFS' REQUEST FOR ADMISSIONS AND REQUEST FOR PRODUCTION OF DOCUMENTS

**INTRODUCTION**

Veolia Water North America Operating Services, LLC's, Veolia North America, Inc.'s, and Veolia North America, LLC's (collectively "Veolia") opposition seeks to distract the Court from their deficient responses and objections to Plaintiffs' Request for Admissions ("RFAs") and Request for Production of Documents ("RFPs"). For the reasons carefully set forth in Plaintiffs' motion to compel, Veolia's responses to the RFAs do not comply with the Federal Rules of Civil Procedure. They fail to admit or deny; impermissibly qualify or evade the questions; and rely on improper objections. Similarly, Veolia's objections to the RFPs are improper. Although Veolia argues that the subject discovery is unwarranted, nothing set forth in their opposition cures the deficiencies in their responses, and therefore the Court should grant Plaintiffs' motion to compel.

## I.   THERE IS EVIDENCE OF JUROR TARGETING AND THE NEED FOR FURTHER DISCOVERY GOES BEYOND TARGETING.

Veolia dishonestly claims that "discovery obtained to date conclusively shows that [Veolia] never targeted jurors," ECF No. 2311, PageID.74629, and so they argue Plaintiffs' discovery requests are improper. In support, Veolia explains that they did not use Google's **geo-**target function (Google Ads location targeting) to target the area from which the Eastern District draws its jury pool. Veolia also disingenuously asserts that use of Google's Dynamic Search Ads does not bear on whether they did or intended to target jurors. This entire premise is as ridiculous as it is false.

While Google Ads location targeting specifically permits choices for zip codes, longitude and latitude, region, gender and age, Google's Dynamic Search Ads target based on content. *See* Ex. 1 (Kelly Cutler Aff.) ¶16. Dynamic Search Ads drive qualified traffic to a website and use a website's content to target ads to people searching for specific information. Cutler Aff. ¶¶12-13. To utilize Dynamic Search Ads most effectively, a company will include relevant and up-to-date content as well as titles, descriptions, images, and URLs in search results. Cutler Aff. ¶13.

Here, there is no dispute that Veolia utilized their website, www.veoliaflintfacts.com, in concert with their Twitter account (@VNAFlintFacts) and Google's Dynamic Search Ads.[1] But they dishonestly claim that such use does not equal targeting. Because Google's Dynamic Search Ads are most effective when new, very specific content is added to a website, the substance and timing of the content added to Veolia's website during trial tells the story. Cutler Aff. ¶14. To that end, publicly available data shows that www.veoliaflintfacts.com was created in 2016. New content was added four times that year; in 2017, new content was added once; in 2018, new content was added once; in 2019, new content was added three times; and in 2020, new content was added twice. But in 2021, before the first Bellwether trial, new content was added sixteen times; and between March and

---

[1] There are effective ways to utilize Twitter to increase Google search visibility. *See, e.g.,* https://www.searchenginejournal.com/increase-google-search-visibility-twitter/367324/ (last visited Jan. 10, 2023).

September 2022 (during trial), new and nuanced content was added **seventy** times.[2] Accordingly, even the very limited discovery which Veolia has submitted thus far shows that **there is** evidence of targeting.

Beyond targeting jurors, Plaintiffs clearly state in their motion that the need for the subject discovery relates to an *overall concern* regarding how Veolia's tactics can and may have jeopardized the sanctity of this litigation in general. ECF No. 2298 (MTC), PageID.74255; PageID.74262. For example, Veolia's public posts constitute extra judicial statements, which may violate Plaintiffs' fundamental right to a fair trial and could hijack the objectivity of trial in general. *Id.* at PageID.74264.

Nevertheless, Veolia's erroneous assertion that Plaintiffs only seek the subject discovery to uncover **geo**-targeting does not relieve them of their responsibility to properly respond to Plaintiffs' discovery requests.[3]

## II.    VEOLIA'S ARGUMENTS DO NOT ESTABLISH THAT THEIR RESPONSES TO PLAINTIFFS' RFA's ARE PROPER.

Veolia's responses to RFAs Nos. 1-4, 10, 16, 17-20, 22, and 23 are improper in that they do not specifically admit or deny Plaintiffs' requests. ECF No. 2298, PageID.74256-57. Veolia argues that they could not do so because the "RFAs …

---

[2] This information can be accessed at https://archive.org/. *See also* Ex. 2, (Screenshots of certain content added around the time of the first Bellwether trial).

[3] Importantly, Veolia's responses to Plaintiffs' RFAs do not make it clear that Veolia did not target jurors. Indeed, those words do not appear in their preliminary statement or any of their responses to the RFAs.

reflect[] a misunderstanding of how Google ads work." ECF No. 2311, PageID.74633. If true, Veolia had an obligation to detail this in their responses, which they did not. *See* Fed. R. Civ. P. 36(a)(4) ("[i]f a matter is not admitted, the answer must specifically deny it ***or state in detail why the answering party cannot truthfully admit or deny it***.") (emphasis added).[4]

Further, Veolia argues that they need not produce information from their parent company. This contention misses the point. All of Veolia's responses to the RFAs are stated in terms of what the subsidiaries know or did. But they intentionally exclude what their parent company, Veolia S.A., and its employees, did. And this is important. Senior Vice President of Communications for Veolia North America, LLC, Carrie Griffiths, expressly testified that a French employee, Pierre Farcot, "was the point person for the communications related to the [Bellwether I] trial." *See* Motion to Compel, Ex. 13 (Excerpt from Deposition of Carrie Griffiths). And as the Court is intimately aware, counsel for Veolia has aggressively objected to Plaintiffs obtaining any discovery related to him. Thus, it is plausible for Veolia to deny allegations of targeting by intentionally excluding references to what Veolia, S.E. employees did on their behalf prior to and during the trial. For these reasons (and the others set forth in Plaintiffs' motion), Veolia's responses are non-compliant. *See*

---

[4] Veolia points to their denial in RFA No. 6. ECF No. 2311, PageID.74634. But that RFA was **not one which Plaintiffs challenged for failure to admit or deny**. *See* ECF No. 2298, PageID.74253.

4

*Compuware Corp. v. Opnet Techs., Inc.*, No. 04-73749, 2005 U.S. Dist. LEXIS 50864, at *4-5 (E.D. Mich. Oct. 21, 2005) (referring to "evasive or incomplete response[s] to a request for admissions" as noncompliant).

### III.   PROPERLY RESPONDING TO PLAINTIFFS' REQUESTS WILL NOT "CHILL" VEOLIA'S FIRST AMENDMENT RIGHTS.

Veolia argues that properly responding to the subject discovery "will have an impermissible chilling effect on VNA's speech, because [Veolia] will choose not to speak about this lawsuit if the penalty for doing so is making all of its internal communications about creating that speech public." ECF No. 2311, PageID.74641. This is disingenuous and clearly not the case. Veolia recently posted a statement on their Twitter account (@VNAFlintFacts) and the subject website, addressing the discovery dispute and contradicting their own First Amendment argument. *See* Ex. 3 (January 5, 2023 Twitter post and website statement). In the statement, Veolia brazenly asserts that: "We are honor-bound to … defend our company's reputation against these allegations of professional negligence that we know to be false. Fortunately, the First Amendment protects this right, even if some don't like it." *Id.* Thus, Veolia's claims that they will cease speaking to the public if pressed for information due to free speech concerns is dishonest.

Moreover, Veolia's claim that Courts have denied discovery in similar circumstances is entirely misleading. They point to a Ninth Circuit case, *Perry v. Schwarzenegger*, 591 F.3d 1147 (9th Cir. 2010). But there, the underlying discovery

was not related to an advertising campaign about the litigation, juror targeting, or an ongoing trial. Rather, the discovery was related to an internal *political campaign* regarding the passing of legislation. *Id.* at 1153.

## IV.   PLAINTIFFS ARE ENTITLED TO ELECTRONIC COMMUNICATIONS FROM VNA EMPLOYEES AND TO INFORMATION ABOUT VNA'S WORK IN OTHER CITIES.

Veolia reargues that Plaintiffs are not entitled to responses to RFPs Nos. 23-36 based on relevance, and because they already produced **some** documents. But neither of these arguments are compelling for the reasons previously set forth in Plaintiffs' motion to compel. *See* ECF No. 2298, PageID.74271-73.

Additionally, Veolia argues that Plaintiffs are not entitled to responses to RFPs Nos. 37-40 — which seek information regarding Veolia's internal investigation(s) related to its work in Flint, as well as its work and corresponding lawsuits in Pittsburg and Plymouth — because no such investigation took place, and "there is no reason to think that" digital campaigns about Veolia's work in other cities will relate to Veolia's actions in the Flint litigation. ECF No. 2311, PageID.74646. This position is a new one. In their objections to Plaintiffs' RFPs, Veolia took a more convoluted stance. They stated: "there have been no internal investigations … *that are subject to discovery in this litigation*." This creates an issue as to whether there were investigations at all, or whether there were, but just none that **Veolia** believes are subject to discovery. Nonetheless, Veolia's digital

6

campaigns related to other lawsuits and their investigations associated therewith would shed light on the strategies Veolia continues to employ in this litigation.

## V. PLAINTIFFS AND THE COURT HAVE A VESTED INTEREST IN UNCOVERING THE SCOPE OF VEOLIA'S CAMPAIGN.

Veolia claims that Plaintiffs already know the scope of their digital advertising efforts. ECF No. 2311, PageID.74647. This is false. And if Veolia had nothing to hide, they would welcome this discovery. But instead, they seek to curtail it. They claim to have provided the universe of relevant information, while simultaneously objecting and refusing to give clear answers to Plaintiffs' RFAs and RFPs. They have also objected to depositions of key witnesses who likely have information relevant to their efforts. Thus, they are forcing Plaintiffs to play a guessing game about what exactly their digital advertising efforts were, how specifically they executed them, and why. Meanwhile, eighty-six updates to the subject website around the time of trial, with content specifically geared toward nuanced issues that would have only been searched for by individuals with keen interest in the proceedings, calls into question their motives and the implications of the campaign. What Veolia is doing begets concern, and more information is needed so the proper arbiters can assess whether their actions constitute tampering or violate other rules or laws. Moreover, Plaintiffs have an interest in identifying the full scope of the campaign to address it with potential jurors in *voir dire* in upcoming Flint trials.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court grant Plaintiffs' motion to compel.

Dated:  January 10, 2023

Respectfully submitted,

**LEVY KONIGSBERG LLP**

/s/ Corey M. Stern
Corey M. Stern
Melanie Daly
605 Third Ave., 33rd Floor
New York, New York 10158
(212) 605-6298
cstern@levylaw.com
***Attorneys for Plaintiffs***

8

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on January 10, 2023 I electronically filed this document and its referenced exhibits with the Clerk of the Court using the ECF System, which will send notification to the ECF counsel of record.

**LEVY KONIGSBERG, LLP**

<u>/s/ COREY M. STERN</u>
Corey M. Stern
603 Third Ave., 33rd Floor
New York, New York 10158
(212) 605-6298
(212) 605-6290 (facsimile)
<u>cstern@levylaw.com</u>