# EXHIBIT 18

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

WALTERS, et al.,

    Plaintiffs,

v.

VEOLIA NORTH AMERICA, INC., et al.,

    Defendants.

Case No. 5:17-cv-10164-JEL-KGA

Hon. Judith E. Levy
Magistrate Judge Kimberly G. Altman

_____

## RESPONSE OF DEFENDANTS, VEOLIA WATER NORTH AMERICA OPERATING SERVICES, LLC, VEOLIA NORTH AMERICA, INC., AND VEOLIA NORTH AMERICA, LLC TO BELLWETHER III PLAINTIFFS' REQUEST FOR PRODCUTION OF DOCUMENTS

Defendants Veolia Water North America Operating Services, LLC, ("VWNAOS") Veolia North America, Inc. ("VNA Inc."), and Veolia North America, LLC ("VNA LLC") (collectively, "VNA" or the "VNA Defendants") hereby respond pursuant to Fed. R. Civ. P. 26 and 34 to Bellwether III Plaintiffs' Request for Production of Documents ("RPD") to Veolia Defendants, served on November 18, 2022.

## GENERAL OBJECTIONS

1.    VNA's response to any of the requests contained in the RPD (each, a "Request," collectively, the "Requests") is not an admission or acknowledgement that such Requests seek information that is relevant to the subject matter of the above-captioned case.

2. VNA objects to the Requests to the extent they seek information that is not relevant to the parties' claims or defenses or not proportional to the needs of the case.

3. VNA objects to Plaintiff's Definition ¶ 5 to the extent it purports to request documents from individuals not employed by or otherwise in the control of named defendants in any of the Flint Water Cases, including but not limited to affiliated overseas entities of VNA.

4. VNA objects to the instructional section because it seeks to impose obligations beyond those created by Rule 26 and Rule 34. VNA further objects to ¶ 3 of the instructional section insofar as it is inconsistent with the Court's previous specific directions with respect to the required contents of privilege logs and because, to that extent, it is beyond the scope of Rule 26 and would cause requests to which it applies to be unduly burdensome.

5. VNA objects to the Requests to the extent they seek information or admissions concerning matters that are privileged or otherwise protected from disclosure pursuant to the attorney-client privilege, the work-product doctrine, the joint defense privilege or any other applicable privilege or immunity. To the extent that such information is inadvertently produced, the production of such information shall not constitute a waiver of VNA's right to assert the applicability of any privilege or immunity to the information, and any such information shall be subject to return on demand.

6. VNA objects to the Requests to the extent they seek information that is not within VNA's possession, custody, or control.

7. VNA objects to the Requests to the extent they seek cumulative or duplicative information.

8. VNA objects to the Requests to the extent they call for confidential information unrelated to the case.

9. VNA objects to the Requests to the extent they are unduly vague, precluding VNA from determining with sufficient precision the information that is sought.

10. VNA expressly reserves its right to modify, amend or supplement its responses and objections.

## RESPONSES TO REQUESTS

**REQUEST NO. 1:**

All emails between Pierre Farcot and any employee/shareholder of Veolia, since September 1, 2018.

**RESPONSE:**

VNA objects to this request. Rule 26(b)(1) limits discovery to "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ." VNA objects to this Request because it seeks information that is not relevant to any party's claims or defenses. The Request does not purport to seek information limited to the claims or defenses in this matter instead improperly seeks all emails from a former employee for a more than four-year period. VNA further objects to this Request because it is overly broad, unduly burdensome, and harassing. VNA further objects to the Request to the extent it could be construed to seek privileged information. VNA also objects to this Request to the extent it seeks information outside of VNA's possession, custody, or control. Finally, VNA objects to the Request because it infringes on the First Amendment rights of numerous parties, including VNA, co-defendants, and non-parties to this litigation, which all have constitutionally protected rights to express opinions regarding the subject matter of the trial.

Subject to the foregoing objections, VNA will not produce any documents in response to this Request.

**REQUEST NO. 2:**

All emails between Pierre Farcot and any employee/shareholder of Veolia Environnement S.A., since September 1, 2018.

**RESPONSE:**

VNA objects to this request. Rule 26(b)(1) limits discovery to "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ." VNA objects to this Request because it seeks information that is not relevant to any party's claims or defenses. The Request does not purport to seek information limited to the claims or defenses in this matter instead improperly seeks all emails from a former employee for a more than four-year period. VNA further

objects to this Request because it is overly broad, unduly burdensome, and harassing. VNA further objects to the Request to the extent it could be construed to seek privileged information. VNA also objects to this Request because it seeks information outside of VNA's possession, custody, or control. Finally, VNA objects to the Request because it infringes on the First Amendment rights of numerous parties, including VNA, co-defendants, and non-parties to this litigation, which all have constitutionally protected rights to express opinions regarding the subject matter of the trial.

Furthermore, VNA is not in a position to identify shareholders of non-party Veolia Environnement S.A., which is a foreign entity. Accordingly, VNA objects to this Request to the extent that VNA does not have information in its possession, custody, or control sufficient to comply with the Request.

Subject to the foregoing objections, VNA will not produce any documents in response to this Request.

**REQUEST NO. 3:**

All text-messages between Pierre Farcot and any employee/shareholder of Veolia, since September 1, 2018.

**RESPONSE:**

VNA objects to this request. Rule 26(b)(1) limits discovery to "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ." VNA objects to this Request because it seeks information that is not relevant to any party's claims or defenses. The Request does not purport to seek information limited to the claims or defenses in this matter instead improperly seeks all text message communications from a former employee for a more than four-year period. VNA further objects to this Request because it is overly broad, unduly burdensome, and harassing. VNA further objects to the Request to the extent it could be construed to seek privileged information. VNA also objects to this Request to the extent that it seeks information outside of VNA's possession, custody, or control. Finally, VNA objects to the Request because it infringes on the First Amendment rights of numerous parties, including VNA, co-defendants, and non-parties to this litigation, which all have constitutionally protected rights to express opinions regarding the subject matter of the trial.

4

Subject to the foregoing objections, VNA will not produce any documents in response to this Request.

### REQUEST NO. 4:

All text-messages between Pierre Farcot and any employee/shareholder of Veolia Environnement S.A., since September 1, 2018.

### RESPONSE:

VNA objects to this request. Rule 26(b)(1) limits discovery to "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ." VNA objects to this Request because it seeks information that is not relevant to any party's claims or defenses. The Request does not purport to seek information limited to the claims or defenses in this matter instead improperly seeks all text message communications from a former employee for a more than four-year period. VNA further objects to this Request because it is overly broad, unduly burdensome, and harassing. VNA further objects to the Request to the extent it could be construed to seek privileged information. VNA also objects to this Request because it seeks information outside of VNA's possession, custody, or control. Finally, VNA objects to the Request because it infringes on the First Amendment rights of numerous parties, including VNA, co-defendants, and non-parties to this litigation, which all have constitutionally protected rights to express opinions regarding the subject matter of the trial.

Furthermore, VNA is not in a position to identify shareholders of non-party Veolia Environnement S.A., which is a foreign entity. Accordingly, VNA objects to this Request to the extent that VNA does not have information in its possession, custody, or control sufficient to comply with the Request.

Subject to the foregoing objections, VNA will not produce any documents in response to this Request.

### REQUEST NO. 5:

The login information for the twitter account @VNAFlintFacts.

### RESPONSE:

5

VNA objects to this Request. Rule 26(b)(1) limits discovery to "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ." VNA objects to this Request because it seeks information that is not relevant to any party's claims or defenses. VNA further objects to this Request because it is harassing. VNA further objects to the Request to the extent it could be construed to seek privileged information. VNA also objects to this Request because it seeks information outside of VNA's possession, custody, or control. VNA objects to the Request because it infringes on the First Amendment rights of numerous parties, including VNA, co-defendants, and non-parties to this litigation, which all have constitutionally protected rights to express opinions regarding the subject matter of the trial. Finally, VNA objects to this Request because the term "login information" used in the Request is vague and undefined. It is unclear whether Plaintiffs are seeking access credentials to the twitter account or are seeking information about the individuals who may have logged in to the twitter account. Notwithstanding this lack of clarity, VNA objects to the Request as unduly burdensome and harassing, and because it seeks information outside of VNA's possession, custody, or control.

Subject to the foregoing objections, VNA will not produce any documents in response to this Request.

**REQUEST NO. 6:**

Pierre Farcot's entire employment file.

**RESPONSE:**

VNA objects to this Request. Rule 26(b)(1) limits discovery to "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ." VNA objects to this Request because it seeks information that is not relevant to any party's claims or defenses. VNA further objects to this Request because it is overly broad, unduly burdensome, and harassing.. VNA also objects to this Request because it seeks information outside of VNA's possession, custody, or control. Pierre Farcot is not and has never been an employee of VNA. Based upon information and belief, VNA understands that Pierre Farcot is a former employee of Veolia Environnement S.A., which is subject to the laws and regulations of France and the European Union. As such, disclosure of the information sought by the Request may be prohibited under the laws and regulations of France and/or the European Union.

6

Subject to the foregoing objections, VNA will not produce any documents in response to this Request.

**REQUEST NO. 7:**

All expense reports and billing records that include Pierre Farcot's travel to and from Ann Arbor, Michigan, between January 1, 2022, and August 11, 2022.

**RESPONSE:**

VNA objects to this Request. Rule 26(b)(1) limits discovery to "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ." VNA objects to this Request because it seeks information that is not relevant to any party's claims or defenses. VNA further objects to this Request because it is overly broad, unduly burdensome, and harassing. VNA also objects to this Request because it seeks information outside of VNA's possession, custody, or control. Pierre Farcot is not and has never been an employee of VNA. Based upon information and belief, VNA understands that Pierre Farcot is a former employee of Veolia Environnement S.A., which is subject to the laws and regulations of France and the European Union. As such, disclosure of the information sought by the Request may be prohibited under the laws and regulations of France and/or the European Union.

Subject to the foregoing objections, VNA will not produce any documents in response to this Request.

**REQUEST NO. 8:**

All expense reports and billing records that include anyone employed by Veolia Environnement S.A.'s travel to and from Ann Arbor, Michigan, between January 1, 2022, and August 11, 2022.

**RESPONSE:**

VNA objects to this Request. Rule 26(b)(1) limits discovery to "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ." VNA objects to this Request because it seeks information that is not relevant to any party's claims or defenses. VNA further objects to this Request because it is overly broad, unduly burdensome, and harassing. VNA also objects to this Request because it seeks information outside of VNA's possession, custody, or

control. Pierre Farcot is not and has never been an employee of VNA. Based upon information and belief, VNA understands that Pierre Farcot is a former employee of Veolia Environnement S.A., which is subject to the laws and regulations of France and the European Union. As such, disclosure of the information sought by the Request may be prohibited under the laws and regulations of France and/or the European Union.

Subject to the foregoing objections, VNA will not produce any documents in response to this Request.

**REQUEST NO. 9:**

All airfare and lodging receipts for Pierre Farcot, between January 1, 2022, and August 11, 2022, for travel to and from the United States.

**RESPONSE:**

VNA objects to this Request. Rule 26(b)(1) limits discovery to "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ." VNA objects to this Request because it seeks information that is not relevant to any party's claims or defenses. VNA further objects to this Request because it is overly broad, unduly burdensome, and harassing. VNA also objects to this Request because it seeks information outside of VNA's possession, custody, or control. Pierre Farcot is not and has never been an employee of VNA. Based upon information and belief, VNA understands that Pierre Farcot is a former employee of Veolia Environnement S.A., which is subject to the laws and regulations of France and the European Union. As such, disclosure of the information sought by the Request may be prohibited under the laws and regulations of France and/or the European Union.

Subject to the foregoing objections, VNA will not produce any documents in response to this Request.

Dated: December 19, 2022

*/s/ Michael A. Olsen*
MAYER BROWN LLP
71 South Wacker Drive
Chicago, IL 60606

*Counsel for the VNA Defendants*

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 19, 2022, the foregoing was served on Plaintiff's Counsel as well as on all counsel of record, via email.

>  */s/ Michael A. Olsen*
> MAYER BROWN LLP
> 71 South Wacker Drive
> Chicago, IL 60606
>
> *Counsel for the VNA Defendants*