# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| IN RE FLINT WATER LITIGATION | Case No. 5:16-cv-10444-JEL-MKM<br>Hon. Judith E. Levy |
| This Document Relates To:<br>*Gaddy et al. v. Flint et al.*<br>*Meeks et al. v. Flint et al.* | Case No. 5:17-cv-11166-JEL-MKM<br>Case No. 5:17-cv-11165-JEL-MKM |

_____

### DEFENDANTS VEOLIA NORTH AMERICA, LLC, VEOLIA NORTH AMERICA, INC., AND VEOLIA WATER NORTH AMERICA OPERATING SERVICES, LLC'S MOTION TO SEAL AND FOR A PROTECTIVE ORDER

Defendants Veolia North America, LLC, Veolia North America, Inc., and Veolia Water North America Operating Services, LLC (VNA) move this Court under Fed. R. Civ. P. 26(c) and E.D. Mich. Local Rule 5.3(b) for an order to seal hotel records Plaintiffs filed publicly in connection with their opposition to VNA's motion for a protective order, and for a protective order preventing further dissemination of those records. The specific items that VNA requests to seal and protect from disclosure are further described in the brief supporting this motion.

Pursuant to Local Rule 7.1, VNA sought Plaintiffs' concurrence in the motion. Plaintiffs' counsel has not yet taken a position on the motion.

1

Respectfully submitted,

| | |
|---|---|
| **CAMPBELL, CONROY & O'NEIL P.C.** | **BUSH SEYFERTH PLLC** |
| By: */s/ James M. Campbell* | By: */s/ Cheryl A. Bush* |
| James M. Campbell | Cheryl A. Bush |
| Alaina N. Devine | 100 W. Big Beaver Road, Suite 400 |
| 20 City Square, Suite 300 | Troy, MI 48084 |
| Boston, MA 02129 | (248) 822-7800 |
| (617) 241-3000 | bush@bsplaw.com |
| jmcampbell@campbell-trial-lawyers.com | |
| adevine@campbell-trial-lawyers.com | |

*Attorneys for Veolia North America, LLC, Veolia North America, Inc., and Veolia Water North America Operating Services, LLC*

Dated: January 20, 2023

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| IN RE FLINT WATER LITIGATION | Case No. 5:16-cv-10444-JEL-MKM <br> Hon. Judith E. Levy |
| This Document Relates To: <br> *Gaddy et al. v. Flint et al.* <br> *Meeks et al. v. Flint et al.* | Case No. 5:17-cv-11166-JEL-MKM <br> Case No. 5:17-cv-11165-JEL-MKM |

**DEFENDANTS VEOLIA NORTH AMERICA, LLC, VEOLIA NORTH AMERICA, INC., AND VEOLIA WATER NORTH AMERICA OPERATING SERVICES, LLC'S BRIEF IN SUPPORT OF THEIR MOTION TO SEAL AND FOR PROTECTIVE ORDER**

## STATEMENT OF THE ISSUE PRESENTED

1. Should the Court seal the hotel records Plaintiffs publicly filed in connection with their opposition to VNA's motion for a protective order?

   **VNA answers:** "Yes."

2. Should the Court grant a protective order prohibiting the further dissemination of the hotel records?

   **VNA answers:** "Yes."

i

## CONTROLLING OR MOST APPROPRIATE AUTHORITIES

*Shane Group, Inc. v. Blue Cross Blue Shield of Michigan*,
 825 F.3d 299 (6th Cir. 2016)

*In re Ohio Execution Protocol Litig.*,
 845 F.3d 231 (6th Cir. 2016)

Fed. R. Civ. P. 26(c)(1)

E.D. Mich. L. R. 5.3(b)(3)(A)

# INTRODUCTION

Plaintiffs have publicly filed detailed hotel records that include information about where VNA's attorneys and support staff stayed during the first bellwether trial in this case, the dates of each person's stay and the rooms in which the person stayed, and all the charges incurred by each person. In the short time since Plaintiffs filed those records, the records already have been used to subject VNA's attorneys to menacing emails warning of stalking and harassment. VNA accordingly requests that the Court place those records under seal. The records contain private information that has no relevance to any claim, issue, or argument in this litigation. VNA also moves this Court for a protective order to prevent any additional disclosure of this private information.

# BACKGROUND

VNA moved for a protective order barring Plaintiffs from taking the deposition of its former counsel, Frank Ferrara. *See* Mot. for Protective Order., ECF No. 2307, PageID.72745. In connection with their opposition to the motion, Plaintiffs filed an exhibit containing hotel records with personal information about VNA's attorneys. *See* Opp. to Mot. for Protective Order Ex. 5 (Hotel Records), ECF Nos. 2326-8 & 2327, PageID.75780. The hotel records disclose where VNA's attorneys and support staff stayed in Ann Arbor during the first bellwether trial in this case, identify each attorney and staff member by name along with the specific

1

hotel rooms in which the person stayed and the dates of each stay, and list all hotel charges each person incurred. *See id.*, PageID.75781-75884. Plaintiffs received the hotel records directly from the hotel; they filed them without consulting VNA. VNA has since designated the records as confidential in accordance with the Confidentiality Order the Court entered in this case.

The same day Plaintiffs filed the hotel records, the records caught the attention of litigant Melvin Jones, Jr. He emailed his informal caregiver Colleen Connors, Special Master Greenspan, and over one hundred attorneys and other unknown individuals an excerpt from the records, suggesting that the detailed information in the records could be used to stalk or harass VNA's attorneys. *See* Ex. 1, Jones Email.[1] He then followed up with an email singling out a female VNA attorney and the room she stayed in, advising her "as a woman," to "count [her] panties to make sure that none are missing." *See* Ex. 2, Jones Email (capitalization altered).

## LEGAL STANDARD

"[T]rial courts have always been afforded the power to seal their records" under certain circumstances. *In re Knoxville News-Sentinel Co.*, 723 F.2d 470, 474 (6th Cir. 1983); *see Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978) (holding that the court maintains "supervisory power over its own records and files"

---

[1] Because Mr. Jones's emails include excerpts of the hotel records that VNA seeks to seal in this motion, VNA has filed the emails under seal.

2

and may issue orders sealing judicial records or court filings when appropriate); Fed R. Civ. P. 5.2(d); L.R. 5.3(b).

"[C]ourts have long recognized . . . a 'strong presumption in favor of openness' as to court records." *Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305 (6th Cir. 2016). But "the presumptive right of the public to inspect and copy judicial documents and files" may be overcome where the "interests of privacy outweigh the public's right to know." *In re Knoxville News-Sentinel*, 723 F.2d at 474; *see Shane Grp.*, 825 F.3d at 307 (stating that the "interests in favor of closure" should be weighed with "the public interest in access to court records").

To justify a sealing order, a party "must provide compelling reasons to seal the documents and demonstrate that the sealing is narrowly tailored to those reasons." *Beauchamp v. Fed. Home Loan Mortg. Corp.*, 658 F. App'x 202, 207 (6th Cir. 2016). The moving party may satisfy its burden on a motion to seal filings by "showing that 'disclosure will work a clearly defined and serious injury.'" *Shane Grp.*, 825 F.3d at 307.

Federal Rule of Civil Procedure 26(c) broadly empowers courts to issue protective orders "for good cause" to prevent "annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). In order to justify a protective order, "the moving party must show 'good cause' for protection from one (or more) harms identified in Rule 26(c)(1)(A) 'with a particular and specific

3

demonstration of fact, as distinguished from stereotyped and conclusory statements.'" *In re Ohio Execution Protocol Litig.*, 845 F.3d 231, 236 (6th Cir. 2016) (quoting *Serrano v. Cintas Corp.*, 699 F.3d 884, 901 (6th Cir. 2012)). "Good cause exists if specific prejudice or harm will result from the absence of a protective order." *Id.* (internal quotation marks omitted).

## ARGUMENT

This Court should seal the hotel records and issue a protective order prohibiting their further dissemination. The records contain sensitive information about VNA's attorneys and support staff and are of no public interest. Their public disclosure subjects the individuals named in the hotel records to potential harassment and has given rise to serious concerns for the physical safety of the VNA attorneys and staff who will travel to Ann Arbor for the upcoming hearings and trials in this litigation. In fact, the filing of the records already has led to menacing emails calling attention to the private information and singling out one attorney by name. Both an order sealing the hotel records and a protective order prohibiting their further disclosure are necessary to protect VNA's attorneys' and staff's privacy and safety.

VNA first seeks an order to seal the hotel records. The records contain information about where VNA's attorneys and support staff stayed during the bellwether trial, including the dates of each stay, the specific hotel rooms in which each person stayed, and a detailed list of charges incurred by each person. *See* Hotel

4

Records, PageID.75781-75884. There is no public interest in obtaining this information, and its disclosure seriously harms the privacy of VNA's attorneys and support staff and substantially increases the risk that those who will travel to Ann Arbor in the future will be subjected to stalking and harassment.

Legal authority justifies sealing the hotel records. *See* E.D. Mich. L.R. 5.3(b)(3)(A)(iv). Sealing court records can be justified by "the privacy interests of participants or third parties." *Hardesty v. Kroger Co.*, No. 16-cv-298, 2020 WL 3545676, at *1 (S.D. Ohio June 30, 2020) (citing *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1179 (6th Cir. 1983)). Courts have often sealed individuals' home addresses, recognizing the strong privacy interests in information that identifies where a person resides. *See Ewalt v. Gatehouse Media Ohio Holding II, Inc.*, No. 19-cv-4262, 2021 WL 4841064, at *2 (S.D. Ohio Oct. 18, 2021) (redacting private information including home addresses); *Hardesty,* 2020 WL 3545676 at *2 ("Courts often construe private personal information as a 'compelling reason' for a party to file a document under seal."); *Mott v. PNC Fin. Servs. Grp., Inc.*, No. 16-cv-1949, 2020 WL 1704437, at *2 (D. Nev. Apr. 8, 2020) ("financial account numbers and home address are generally protected from full disclosure in court filings"). The public disclosure of the hotel where attorneys and staff stayed during the bellwether trial implicates the same privacy interests – especially since

the records at issue identify each individual attorney and staff member by name as well as the specific hotel rooms in which each stayed and the dates of each stay.

The information in these records is private and could be used to harass the attorneys and staff members involved. Indeed, it has already begun to enable such harassment. Mr. Jones has sent two emails drawing attention to the hotel records and suggesting that this information "could cause some sort of stalking event against the Veolia folk." Ex. 1, Jones Email. He specifically singled out one VNA attorney, emphasizing that she is a "woman," and warning her to be aware of potential "'stalking'/harassing" and to "count [her] panties." Ex. 2, Jones Email. As these emails demonstrate, the unsealed filing of the hotel records works a "clearly defined and serious injury" to the privacy of VNA's attorneys and support staff. *Shane Grp.*, 825 F.3d at 307. The filing has given any person who may seek to harm VNA's legal team a detailed list of individuals to target, the exact location of where they previously stayed (and likely will stay again), and the complete history of their stays.

That disclosure also was unnecessary. There is no public interest in knowing the precise information about where VNA's attorneys and staff members stayed in Ann Arbor during the trial, when they stayed and in which rooms, and what hotel charges they incurred. This information is irrelevant to the legal and factual disputes related to the Flint water crisis, and even to the Plaintiffs' arguments about VNA's public-relations activities. Plaintiffs filed the records solely to make the point that

6

Mr. Ferrara "stayed at the same hotel at the same time" as Pierre Farcot, an employee of VNA's parent company. Opp. to Mot. for Protective Order 7, ECF No. 2326, PageID.75233. But the public does not need to review 106 pages of unredacted records detailing the stays of dozens of other individuals who had travelled to Ann Arbor to attend hearings and the trial for support for that undisputed point. At most, Plaintiffs should have filed the relevant pages relating to Mr. Ferrara's and Mr. Farcot's stays, with appropriate redactions to protect their privacy. The records thus should be sealed. *Hardesty*, 2020 WL 3545676, at \*2 (sealing documents containing personal information with "little relevance to the case itself"); *Knopp v. Cent. Mich. Cmty. Hosp.*, No. 09-cv-10790, 2010 U.S. Dist. Lexis 32714, at \*4 (E.D. Mich. Apr. 2, 2010) (sealing "extraneous personal information" that was "not material to the resolution of the motion").

VNA's request for a sealing order also is narrowly tailored to protecting the important privacy interests at issue. VNA seeks to seal only the hotel records attached as an exhibit to Plaintiffs' opposition motion, records that entirely contain private information about its attorneys' and staff's hotel accommodations and charges. Sealing these hotel records will in no way impair the public's ability to meaningfully evaluate the substance of Plaintiffs' or VNA's arguments on the merits of this case. Since this request is "no broader than necessary" to protect sensitive

7

personally identifying information, the Court should order the hotel records sealed. *Shane Grp.*, 825 F.3d at 306.

For the same reasons, this Court also should grant a protective order prohibiting any further dissemination of the hotel records. Good cause exists for a protective order here because "specific prejudice or harm will result from the absence of a protective order." *In re Ohio Execution Protocol Litig.*, 845 F.3d at 236 (internal quotation marks omitted). Specific harm already *has* resulted since the hotel records were disclosed, as illustrated by the troubling emails received from Mr. Jones. These emails specifically and concretely demonstrate the kind of "annoyance, embarrassment, [and] oppression" that can result from the disclosure of the hotel records. Fed. R. Civ. P. 26(c)(1). The Court thus should issue a protective order prohibiting further dissemination of the records, to ensure that the records are not used to cause any further harm.

8

## CONCLUSION

The Court should seal the hotel records and issue a protective order prohibiting further dissemination of the records.

|  | Respectfully submitted, |
|---|---|
| **CAMPBELL, CONROY & O'NEIL P.C.** | **BUSH SEYFERTH PLLC** |
| By: */s/ James M. Campbell* | By: */s/ Cheryl A. Bush* |
| James M. Campbell | Cheryl A. Bush |
| Alaina N. Devine | 100 W. Big Beaver Road, Ste. 400 |
| 20 City Square, Suite 300 | Troy, MI 48084 |
| Boston, MA 02129 | (248) 822-7800 |
| (617) 241-3000 | bush@bsplaw.com |
| jmcampbell@campbell-trial-lawyers.com | |
| adevine@campbell-trial-lawyers.com | |

*Attorneys for Veolia North America, LLC, Veolia North America, Inc., and Veolia Water North America Operating Services, LLC*

Dated: January 20, 2023

9

## CERTIFICATE OF SERVICE

I hereby certify that on January 20, 2023, I electronically filed the foregoing document with the Clerk of the Court using the ECF System, which will send notification to the ECF counsel of record.

Respectfully submitted,

*/s/ James M. Campbell*

Dated:  January 20, 2023