

Mayer Brown LLP
71 South Wacker Drive
Chicago, IL 60606
United States of America

T: +1 312 782 0600
F: +1 312 706 8742

mayerbrown.com

January 24, 2023

**Michael A. Olsen**
T: +1 312 701 7120
molsen@mayerbrown.com

BY ECF

Honorable Judith E. Levy
U.S. District Judge for the Eastern District of Michigan
Federal Building
200 East Liberty Street
Ann Arbor, Michigan 48104

Re:   In re Flint Water Cases -- Discovery Dispute

I write on behalf of my clients, Veolia North America, Inc., Veolia North America, LLC, Veolia Water North America Operating Services, LLC (collectively, "VNA"), to request that the Court strike the affidavit of Kelly Cutler ("Cutler Affidavit").  ECF Nos. 2325, 2325-1. The parties have conferred on this issue and have been unable to reach an accord.

In the Affidavit, Ms. Cutler—a lecturer at Northwestern University with purported "expertise in digital marketing"—states that Google customers can use Dynamic Ads to reach particular audiences or to "target" populations. The Cutler Affidavit is new evidence that could have been submitted with Plaintiffs' opening brief, but which instead has been submitted for the first time in Plaintiffs' reply brief.  VNA thus has had no opportunity to respond to it.  Moreover, because the Cutler Affidavit neither discusses VNA's discovery responses relating to its Google Ads nor addresses VNA's actual use of Google Ads, it will not assist the Court in resolving the parties' discovery dispute. Accordingly, the Court should either strike the Cutler Affidavit or, alternatively, grant leave to file a sur-reply so that VNA may address the assertions made in the affidavit.

**Contents of the Cutler Affidavit**

The Cutler Affidavit addresses how a customer might use Google Ads "to reach targeted audiences with advertisements…." ECF No. 2325-1, PageID 75133, ¶ 10.  For example, it explains the term "geo-targeting"; describes what Google Dynamic Ads "can" do or what companies "should" do to utilize Google dynamic ads effectively; and describes how a hypothetical politician could utilize Google dynamic ads to target campaign ads "to reach a desired/large constituency." *Id.*, PageID 75134-35, ¶ 17.  Ms. Cutler also offers the "opinion that targeting individuals or populations can be accomplished using Google Dynamic Search Ads." *Id.*, PageID 75136, ¶ 20.  The Affidavit does *not* analyze whether and how VNA *actually used* Google's Dynamic Ads; nor does it analyze how VNA's Google Ads did (or, more accurately, did not) interact with the "Veolia Flint Facts" website before, during, or after the Bellwether I trial.  And it does not address the completeness or adequacy of VNA's discovery responses relating to its use of Google Ads.

Mayer Brown is a global services provider comprising an association of legal practices that are separate entities including
Mayer Brown LLP (Illinois, USA), Mayer Brown International LLP (England), Mayer Brown (a Hong Kong partnership)
and Tauil & Chequer Advogados (a Brazilian partnership).

Mayer Brown LLP
Honorable Judith E. Levy
January 23, 2023
Page 2

**The Court Should Strike The Cutler Affidavit**

The Court should strike the Cutler Affidavit for two reasons. First, as evidence submitted "for the first time in a reply brief," the Cutler Affidavit is "not properly before the court." *DeSandre v. Cnty, of Oscoda*, 2022 WL 1469209, at *2 (E.D. Mich. May 10, 2022) (quotations omitted). Federal courts in this District are "disinclined to accept new evidence in reply briefs." *Gallagher v. Gen. Motors. Co.*, 2020 WL 3481649, at *8 (E.D. Mich. June 26, 2020); *see also Bennett v. Mich. Dep't of Corrections*, 2018 WL 1522360, at *3 (E.D. Mich. Mar. 28, 2018) (court "should not have considered [affidavit] because [movant] first submitted it as part of a reply brief. . . ."). Indeed, to do so may be grounds for reversal. *See Seay v. Tenn. Valley Auth.*, 339 F.3d 454, 481 (6th Cir. 2003) (reversing district court's ruling based on decision to rely upon declarations submitted with reply brief). Relying on evidence included in a reply brief is particularly problematic when "a nonmovant's ability to respond to the new evidence has been vitiated." *Id.*; *see also Konczal v. Zim Tim, LLC*, 2021 WL 222358, at *3 (E.D. Mich. Jan. 22, 2021) (court "is disinclined to accept new arguments or issues in Plaintiff's reply brief, to which Defendant had no opportunity to respond"). That is the case here.

Second, the Cutler Affidavit will not help the Court to resolve the parties' discovery dispute. *See* Fed. R. Evid. 702(a). The Cutler Affidavit does not analyze VNA's actual use of Dynamic Ads or any other digital advertising tools. Indeed, at the time the Affidavit was signed, Plaintiffs possessed all of VNA's Flint Google Ads data, including its Dynamic Ads data. In addition, Plaintiffs deposed Jace Connor, the VNA employee responsible for maintaining VNA's Google Ads program. At the deposition, Mr. Connor described the capabilities of Dynamic Ads in general (the same topic addressed by Ms. Cutler). *See* Ex. 1 (Connor. Dep. Tr. 36:22-39:12). But he also explained that, during the trial, VNA's Google Ads settings had not been updated to reflect changes to the Flint Facts website, such that the changes to the website actually ***disabled*** VNA's Dynamic Ads. *See id.* 39:19-40:07. Yet the Cutler Affidavit does not address any of the evidence relating to how VNA actually used Google Ads, instead merely describing how a customer ***could*** use Google Ads. Therefore, the Affidavit is irrelevant to the instant dispute.

**In the Alternative, the Court Should Grant VNA Leave to File a Sur-Reply**

If the Court declines to strike the Cutler Affidavit, VNA should be given an opportunity to respond through a sur-reply. A court should not consider new evidence submitted in a reply brief without giving the nonmovant an opportunity to respond. *See Seay*, 339 F.3d at 481-82. This Court has previously recognized that the opposing party should be allowed to file a sur-reply to respond to an affidavit submitted with a reply brief. *See Crestmark Bank v. Electrolux Home Prods., Inc.*, 2015 WL 13541146, at *3 (E.D. Mich. June 29, 2015) (Levy, J.) (denying motion to strike sur-reply submitted without leave because Court would have "granted leave for [nonmovant] to file a sur-reply to address [the] new exhibit"). Should the Court decline to strike the Cutler Affidavit, it should grant VNA leave to file a limited sur-reply in response.

Respectfully Submitted,

*/s/ Michael A. Olsen*
Michael A. Olsen

## CERTIFICATE OF SERVICE

      I hereby certify that on January 24, 2023, the foregoing was served on Plaintiffs' Counsel as well as on all counsel of record, via the Court's electronic filing system (ECF).

                                               */s/ Michael A. Olsen*
                                               MAYER BROWN LLP
                                               71 South Wacker Drive
                                               Chicago, IL 60606

                                               *Counsel for the VNA Defendants*