# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

*In re* Flint Water Cases.

Judith E. Levy
United States District Judge

_____/

This Order Relates To:

ALL CASES

_____/

## ORDER GRANTING DEFENDANT JEFFREY WRIGHT'S MOTION FOR ENTRY OF A FINAL JUDGMENT OF DISMISSAL [2324]

Before the Court is Defendant Jeffrey Wright's motion for entry of a final judgment of dismissal. (ECF No. 2324.) For the reasons set forth below, Mr. Wright's motion is granted.

In 2019, this Court entered orders dismissing all of Plaintiffs' claims against Mr. Wright in the class cases and individual cases.[1] (*See* Case No. 16-10444 ECF No. 798; Case No. 17-10164, ECF No. 233.)

---

[1] Mr. Wright submitted a proposed judgment (ECF No. 2324-4), which lists 90 cases Mr. Wright identifies as Flint water cases (ECF No. 2324-4, PageID.75118–75120.) However, the Court's records indicate that Mr. Wright is named as a Defendant in only 59 of these cases. The cases to which the judgment is applicable are set forth on the Judgment.

Under Federal Rule of Civil Procedure 54(b):

> When an action presents more than one claim for relief-- . . . or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay.

*Id.* "By utilizing Rule 54(b), a district court 'may, by the exercise of its discretion in the interest of sound judicial administration, release for appeal final decisions upon one or more, but less than all, claims' . . . or for fewer than all the parties." *Corrosioneering, Inc. v. Thyssen Env't[al] Sys., Inc.*, 807 F.3d 1279, 1282 (6th Cir. 1986) (citing *Sears, Robuck & Co. v. Mackey*, 351 U.S. 427, 431 (1956)). The district court's discretion "is not unbounded, however," and Rule 54(b) "is not to be used routinely, . . . or as a courtesy or accommodation to counsel." *Id.* (citations omitted).

Some factors that the district court should consider in determining whether to grant a motion under Rule 54(b) are the following:

> (1) the relationship between the adjudicated and unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in the district court; (3) the possibility that the reviewing court might be obliged to consider the same issue a second time; (4) the presence or absence of a claim or counterclaim which could result in set-off against the judgment sought to be made final; (5) miscellaneous factors such as delay,

2

economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like. Depending upon the facts of the particular case, all or some of the above factors may bear upon the propriety of the trial court's discretion in certifying a judgment as final under Rule 54(b).

*Id.* (citing *Allis-Chalmers Corp. v. Philadelphia Elec. Co.*, 521 F.2d 360, 364 (3rd Cir. 1975) (overruled in part by *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 6 (1980))). These factors weigh in favor of granting Mr. Wright's motion for entry of a final judgment.

As to factor one, the only unadjudicated, unsettled claims remaining in the Flint water cases involve Plaintiffs' claims against two professional engineering firms, Veolia and LAN, and negligence claims against the United States Environmental Protection Agency. These claims do not overlap with Plaintiffs' violation of bodily integrity claims against Mr. Wright. The unadjudicated claims, therefore, have no bearing on Plaintiffs' claims against Mr. Wright, which have already been adjudicated under Rule 12(b)(6) and resulted in dismissal.

As to factor two, the future development of the cases against Veolia, LAN, and the EPA in this Court involve different legal issues, as set forth

3

above. Those issues could not foreseeably moot the claims regarding Mr. Wright.

As to factor three, the Sixth Circuit would not be facing repeat claims if an appeal were brought related to Mr. Wright's judgment. The Court has already entered final judgments against some Defendants who were parties to a partial settlement. Plaintiffs' rights to appeal are eliminated under the settlement agreement. Mr. Wright, who is not a party to the settlement, is the only Defendant with now-dismissed bodily integrity claims without a final judgment entered.

With regard to the fourth factor, there are no claims, counter-claims, that could result in a set-off. This factor is not applicable to the circumstances of the case.

As to factor five, the miscellaneous factors, the overall circumstances in this litigation weigh in favor of entering a final judgment. Mr. Wright's motion is unopposed.[2] Plaintiffs' claims against Mr. Wright have been dismissed pursuant to Federal Rule of Civil

---

[2] Mr. Wright's motion notes that he sought concurrence from Plaintiffs before filing his motion but a response was not received before he filed it. (*Id.* at PageID.74859.) More than 14 days have passed since Mr. Wright filed his motion and no parties have opposed it. *See* E.D. Mich. LR 7.1(e)(1) (setting forth standard briefing schedule requiring responses be filed within 14 days of service of the motion).

4

Procedure 12(b)(6) since 2019 and have not been disturbed . (*See* Case No. 16-10444 ECF No. 798; Case No. 17-10164, ECF No. 233.) There are upcoming trials against Veolia and LAN in the class and non-class cases scheduled for October 2023, January 2024, and September 2024. Potentially, Mr. Wright could wait for years before the remainder of the litigation is resolved. This delay serves no purpose. Granting Mr. Wright's motion for a final judgment in these lawsuits serves the purposes of sound judicial administration, economy, efficiency, and the avoidance of undue delay.

Accordingly, Mr. Wright's motion is granted under Rule 54(b).

IT IS SO ORDERED.

Dated: February 1, 2023      s/Judith E. Levy
Ann Arbor, Michigan     JUDITH E. LEVY
    United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on February 1, 2023.

    s/William Barkholz
    WILLIAM BARKHOLZ
    Case Manager