## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | |
|---|---|
| IN RE FLINT WATER LITIGATION | Case No. 5:16-cv-10444-JEL-MKM<br>Hon. Judith E. Levy |
| BELLWETHER III | Case No. 5:17-cv-10164-JEL-MKM |

_____

## DEFENDANTS' MOTION TO STRIKE OR, IN THE ALTERNATIVE, FOR LEAVE TO FILE SUR-REPLY

Defendants Veolia North America, LLC, Veolia North America, Inc., and Veolia Water North America Operating Services, LLC (collectively VNA) hereby move to strike the Affidavit of Kelly Cutler, Exhibit 1 to Plaintiffs' Reply In Support of Their Motion to Compel Responses To Their Request for Admissions and Request for Production of Documents (ECF No. 2325-1) or, in the alternative, move for leave to file a sur-reply. At the Court's direction (ECF No. 2337, PageID.75966-68), VNA is filing the instant Motion in place of the previously-filed letter requesting the same relief.

Cutler is a putative expert in digital marketing. Her affidavit contains factual assertions and opinions regarding how Google Dynamic Ads supposedly function. Because the Cutler affidavit contains new evidence and addresses a subject that was raised for the first time in a reply brief, it is not properly before the Court, and VNA has had no opportunity to respond to it. Moreover, because the Cutler affidavit says

1

nothing about VNA's use of Google advertising or the adequacy of its discovery responses, the affidavit will not assist the Court in resolving the motion to compel. Accordingly, the Court should strike the Cutler affidavit and the related arguments in Plaintiffs' reply brief. At minimum, the Court should give VNA leave to file a sur-reply so that it will have the opportunity to respond to the Cutler affidavit and to Plaintiffs' related arguments.

As Local Rule 7.1(a) requires, VNA conferred with Plaintiffs' counsel about this motion. After VNA explained the nature and basis for the motion, Plaintiffs' counsel stated that they would oppose it.

Respectfully submitted,

**CAMPBELL, CONROY & O'NEIL P.C.**

By: */s/ James M. Campbell*
James M. Campbell
Alaina N. Devine
20 City Square, Suite 300
Boston, MA 02129
(617) 241-3000
jmcampbell@campbell-trial-lawyers.com
adevine@campbell-trial-lawyers.com

**BUSH SEYFERTH PLLC**

By: */s/ Cheryl A. Bush*
Cheryl A. Bush (P37031)
100 W. Big Beaver Road, Suite 400
Troy, MI 48084
(248) 822-7800
bush@bsplaw.com

*Attorneys for Veolia North America, LLC, Veolia North America, Inc., and Veolia Water North America Operating Services, LLC*

Dated:  February 7, 2023

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | |
|---|---|
| IN RE FLINT WATER LITIGATION | Case No. 5:16-cv-10444-JEL-MKM<br>Hon. Judith E. Levy |
| This Document Relates To:<br>*Gaddy et al. v. Flint et al.*<br>*Meeks et al. v. Flint et al.* | Case No. 5:17-cv-11166-JEL-MKM<br>Case No. 5:17-cv-11165-JEL-MKM |

_____

## DEFENDANTS VEOLIA NORTH AMERICA, LLC, VEOLIA NORTH AMERICA, INC., AND VEOLIA WATER NORTH AMERICA OPERATING SERVICES, LLC'S BRIEF IN SUPPORT OF THEIR MOTION TO STRIKE OR, IN THE ALTERNATIVE, FOR LEAVE TO FILE SUR-REPLY

## STATEMENT OF ISSUES PRESENTED

1.    Should the Court strike the affidavit of Kelly Cutler and the related arguments in Plaintiffs' reply brief on the basis that (1) the affidavit contains new evidence and addresses a subject that was inappropriately raised for the first time in Plaintiffs' reply brief; and (2) the affidavit will not assist the Court in resolving the matters in dispute?

    **VNA answers:**  "Yes."

    **Plaintiffs answer:**  "No."

2.    At minimum, should the Court grant VNA leave to file a sur-reply so that it may address the new evidence and arguments in the Cutler affidavit and in Plaintiffs' reply brief?

    **VNA answers:**  "Yes."

    **Plaintiffs answer:**  "No."

## CONTROLLING OR MOST APPROPRIATE AUTHORITIES

*Bennett v. Mich. Dep't of Corrections*,
   No. 15-cv-14465, 2018 WL 1522360 (E.D. Mich. Mar. 28, 2018)

*Crestmark Bank v. Electrolux Home Prods., Inc.*,
   No. 14-cv-11595, 2015 WL 13541146 (E.D. Mich. June 29, 2015)

*DeSandre v. County of Oscoda*,
   No. 20-12209, 2022 WL 1469209 (E.D. Mich. May 10, 2022)

*Gallagher v. Gen. Motors. Co.*,
   No. 19-11836, 2020 WL 3481649 (E.D. Mich. June 26, 2020)

*Key v. Shelby Co.*,
   551 F. App'x 262 (6th Cir. 2014)

*Konczal v. Zim Tim, LLC*,
   No. 19-12275, 2021 WL 222358 (E.D. Mich. Jan. 22, 2021)

*Resolution Tr. Corp. v. Townsend Assocs. Ltd. P'ship*,
   840 F. Supp. 1127 (E.D. Mich. 1993)

*Seay v. TVA*,
   339 F.3d 454 (6th Cir. 2003)

*Sims v. Piper*,
   No. 07-14380, 2008 WL 3318746, (E.D. Mich. Aug. 8, 2008)

*Sutton v. Glennie*,
   No. 16-10949, 2019 WL 3069889 (E.D. Mich. June 7, 2019)

Fed. R. Evid. 702(a)

**INTRODUCTION**

Defendants Veolia North America, LLC, Veolia North America, Inc., and Veolia Water North America Operating Services, LLC (collectively VNA) move to strike the affidavit of Kelly Cutler and the discussion of the Cutler affidavit in Plaintiffs' reply brief.  In the alternative, VNA moves for leave to file a sur-reply to respond to this new evidence and argument. At the Court's direction (ECF No. 2337, PageID.75966-68), VNA is filing the instant Motion in place of the previously-filed letter requesting the same relief.

In her affidavit, Cutler—a lecturer at Northwestern University with purported "expertise in digital marketing"[1]—states that Google customers can use Dynamic Ads to reach particular audiences or to "target" populations.  The Cutler affidavit contains new material that could have been included in Plaintiffs' opening brief, but which instead has been submitted for the first time in connection with Plaintiffs' reply brief.  VNA thus has had no opportunity to respond to it.  Moreover, because the Cutler affidavit neither discusses VNA's discovery responses relating to its Google Ads nor addresses VNA's actual use of Google Ads, but instead refers exclusively to *how* a company may use Google Ads to target a specific group or what it *should* do to achieve this end, it will, at best, be completely unhelpful in assisting

---

[1]   VNA has not had the opportunity to examine Cutler's qualifications to serve as an expert witness.

the Court in resolving the parties' discovery dispute.  At worst, the Cutler affidavit

is misleading, as it asserts that a panoply of targeting tools are at an advertiser's

disposal, without examining whether such tools were *actually* used by VNA, despite

VNA making hundreds of pages of information on VNA's Google Ads program

available to Plaintiffs.  Accordingly, the Court should strike the Cutler affidavit or,

at minimum, grant VNA leave to file a sur-reply so that VNA may address the as-

sertions made in the Affidavit.

## BACKGROUND

As the Court is aware, Plaintiffs are seeking to obtain extensive discovery of

VNA's public-relations activities and its public statements about the Bellwether I

trial, leading to a series of related discovery disputes.  This motion relates to the

briefing on Plaintiffs' motion to compel VNA's responses to 36 requests for admis-

sion (RFAs) and 40 requests for production of documents (RFPs), ECF No. 2298,

PageID.74245-74275.  The RFAs and RFPs relate primarily to VNA's public rela-

tions, although certain requests appear to have little to do with VNA's public com-

munications or the underlying facts of the Flint litigation.  VNA filed an opposition

to the motion to compel.  ECF No. 2311, PageID.74618-74648.  Plaintiffs then filed

a reply brief, ECF No. 2325, PageID.75121-29, to which they attached Cutler's af-

fidavit, ECF No. 2325-1, PageID.75131-36 (Cutler Aff.). This affidavit had not previously been submitted in this litigation; nor had Cutler previously been identified as an expert witness.

The Cutler affidavit addresses the potential ways in which a purchaser of Google Ads might use certain Google Ads features "to reach targeted audiences with advertisements." Cutler Aff. ¶ 10, PageID.75133. For example, it explains the term "geo-targeting"; describes what Google Dynamic Ads "can" do or what companies "should" do to utilize Google Dynamic Ads effectively; and describes how a politician could utilize Google Dynamic Ads to target campaign ads "to reach a desired/large constituency." *Id.* ¶ 17, PageID.75134-35. Cutler also offers the "opinion that targeting individuals or populations can be accomplished using Google Dynamic Search Ads." *Id.* ¶ 20, PageID.75136.

Cutler's affidavit does *not* analyze whether or how VNA *actually used* Google's Dynamic Ads; nor does it analyze whether or how VNA's Google Ads interacted with the "Veolia Flint Facts" website before, during, or after the Bellwether I trial.

And it does not address the completeness or adequacy of VNA's discovery responses relating to its use of Google Ads.[2]

## LEGAL STANDARD

### A.   Motion to Strike

It is well-established that arguments and evidence raised or submitted "for the first time in a reply brief" are "not properly before the court." *DeSandre v. County of Oscoda*, No. 20-12209, 2022 WL 1469209, at *2 (E.D. Mich. May 10, 2022) (quotations omitted); *Sims v. Piper*, No. 07-14380, 2008 WL 3318746, at *4-5 (E.D. Mich. Aug. 8, 2008) (stating that "issues raised for the first time in . . . reply brief are not properly before this Court" and collecting cases); *Resolution Tr. Corp. v. Townsend Assocs. Ltd. P'ship*, 840 F. Supp. 1127, 1142 n.15 (E.D. Mich. 1993) ("[I]t is well-settled that a party may not raise new issues for the first time in a reply brief; he can only respond to arguments raised for the first time in the respondent's response brief.") (citing *United States v. Jenkins*, 871 F.2d 598 (6th Cir. 1989)).  As a result, courts should be "disinclined to accept new evidence in reply briefs," as doing so may be grounds for reversal. *Gallagher v. Gen. Motors. Co.*, No. 19-11836,

---

[2]   Cutler's failure to analyze VNA's Google Ads program is curious.  Plaintiffs have had all of the data associated with this program (including all data associated with any use of Google's Dynamic Ads function) since November 8, 2022—more than two months before submitting the Cutler affidavit.  Plaintiffs also deposed the VNA employee responsible for managing the Google Ads program, Jace Connor, on December 13, 2022—more than a month before filing the affidavit.

2020 WL 3481649, at *8 (E.D. Mich. June 26, 2020) (citing *Key v. Shelby Co.*, 551

F. App'x 262, 265 (6th Cir. 2014)); *Seay v. TVA*, 339 F.3d 454, 481 (6th Cir. 2003)

(reversing district court's decision to rely upon declarations submitted in reply brief).

### B.      Motion For Leave To File Sur-Reply

The Sixth Circuit has recognized that it is an abuse of discretion for a district

court to consider new evidence or arguments submitted in a reply brief without giv-

ing the nonmovant an opportunity to respond.  *See Seay* 339 F.3d at 481-82 (district

court abused its discretion in relying upon two declarations submitted with a reply

brief without giving nonmovant an "adequate opportunity to respond to the new ev-

idence.").  This Court has also expressed the view that leave to file a sur-reply is

warranted when a party attaches a new exhibit to a reply brief.  *See Crestmark Bank*

*v. Electrolux Home Prods., Inc.*, No. 14-cv-11595, 2015 WL 13541146, at *3 (E.D.

Mich. June 29, 2015) (Levy, J.) (denying motion to strike "[b]ecause the Court

would have granted leave for [nonmovant] to file a sur-reply to address this new

exhibit").

### ARGUMENT

### A.      The Court Should Strike The Cutler Affidavit

The Court should strike the Cutler affidavit for two reasons.

First, as evidence submitted "for the first time in a reply brief," the Cutler

affidavit is "not properly before the court." *DeSandre*, 2022 WL 1469209, at *2.  It

is particularly problematic to consider new evidence submitted with a reply brief when "a nonmovant's ability to respond to the new evidence has been vitiated." *Seay*, 339 F.3d at 481; *see also Konczal v. Zim Tim, LLC*, No. 19-12275, 2021 WL 222358, at *3 (E.D. Mich. Jan. 22, 2021) (court "is disinclined to accept new arguments or issues in Plaintiff's reply brief, to which Defendant had no opportunity to respond"); *Sutton v. Glennie*, No. 16-10949, 2019 WL 3069889, at *5 n.5 (E.D. Mich. June 7, 2019) (court "will not consider [] evidence as it was brought forth for the first time in defendants' reply brief . . . without an opportunity for [nonmovant] to address the new evidence."). That is the case here, as the Cutler affidavit was not submitted with the opening brief.

Moreover, the Cutler affidavit introduces descriptions and analysis of Google's Dynamic Ads functionality by a purported expert that go well beyond the scope of VNA's discussion of Google's Dynamic Ads in its opposition brief. The relevant part of Plaintiffs' opening brief addressed their suppositions about VNA's use of Google Ads. *See* Br. in Supp. of Mot. to Compel 2-3, 10, ECF No. 2298, PageID.74251-52, 74258. Accordingly, VNA's opposition also focused on VNA's actual use of Google's Dynamic Ads, including a related discussion of how Google advertising works that was based on the understanding of VNA's employees. *See* Opp. 9-10, ECF No. 2311, PageID.74631-32. By contrast, the Cutler affidavit discusses the *potential* uses of certain features of Google's Dynamic Ads in conjunction

6

with other forms of digital advertising.  That is a new issue, distinct from the points made by VNA in its opposition.  Because that subject has been improperly raised for the first time in Plaintiffs' reply brief, the Cutler affidavit should be stricken and disregarded by the Court.  *See, e.g.*, *Resolution Tr.*, 840 F. Supp. at 1142 n.15 (it is "well-settled" that a party cannot raise new issues in a reply brief and "can only respond" to issues raised in the response brief).

Second, the Cutler affidavit will not help the Court resolve the parties' discovery dispute.  *See* Fed. R. Evid. 702(a) (expert testimony is permissible only when "the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue").  The Cutler affidavit merely addresses how businesses *can* use Google Dynamic Ads.  Cutler Aff. ¶ 10, PageID.75134.  It does not analyze VNA's *actual* use of Dynamic Ads or any other digital advertising tools.  And it does not address any issue pertinent to assessing the adequacy of VNA's responses to the RFAs and RFPs addressed in the instant motion to compel.  Indeed, any reliance on the affidavit would only confuse the issues:  Because the affidavit discusses potential uses of Dynamic Ads without reference to VNA's actual practices, it falsely suggests that VNA was using Dynamic Ads in the manner that Cutler describes.

Indeed, at the time the affidavit was signed, Plaintiffs possessed all of VNA's Flint Google Ads data, including its Dynamic Ads data.  In addition, Plaintiffs had

already deposed Jace Connor, the VNA employee responsible for maintaining VNA's Google Ads program.  At the deposition, Connor described the capabilities of Dynamic Ads in general (the same topic addressed by Cutler).  *See* Ex. 1, Connor. Dep. 36:22-39:12.  But he also explained that, during the trial, VNA's Google Ads settings had not been updated to reflect changes to the Flint Facts website, such that the changes to the website actually *disabled* VNA's Dynamic Ads.  *See id.* at 39:19-40:07.  Yet the Cutler affidavit does not address any of the evidence relating to how VNA actually used Google Ads, instead merely describing how a customer *could* use Google Ads.  Therefore, the affidavit is irrelevant to the instant dispute and should be stricken.

**B.    At Minimum, The Court Should Grant VNA Leave To File A Sur-Reply**

If the Court declines to strike the Cutler affidavit, the Court should grant VNA the opportunity to respond through a sur-reply.  A court should not consider new evidence submitted in a reply brief without giving the nonmovant an opportunity to respond.  *See Seay*, 339 F.3d at 481-82; *Bennett v. Mich. Dep't of Corrections*, No. 15-cv-14465, 2018 WL 1522360, at *3 (E.D. Mich. Mar. 28, 2018) (court "should not have considered [affidavit] because [movant] first submitted it as part of a reply brief").  This Court has previously recognized that the nonmovant should be allowed to file a sur-reply to respond to an affidavit submitted with a reply brief. *See Crestmark Bank*, 2015 WL 13541146, at *3.

8

To be clear, the better course is to strike the Cutler affidavit outright, since

accepting it and permitting a sur-reply would incentivize parties to continue submit-

ting new evidence in support of reply briefs.  But if the Court nonetheless is inclined

to accept the Cutler affidavit, it should, at minimum, grant VNA leave to file a lim-

ited sur-reply in response.

## CONCLUSION

The Court should strike the Cutler affidavit or, at minimum, grant VNA leave

to file a sur-reply in response.

Dated:  February 7, 2023

**CAMPBELL, CONROY & O'NEIL
P.C.**

By: */s/ James M. Campbell*
James M. Campbell
Alaina N. Devine
20 City Square, Suite 300
Boston, MA 02129
(617) 241-3000
jmcampbell@campbell-trial-lawyers.com
adevine@campbell-trial-lawyers.com

**BUSH SEYFERTH
PLLC**

By: */s/ Cheryl A. Bush*
Cheryl A. Bush (P37031)
100 W. Big Beaver Road, Suite 400
Troy, MI 48084
(248) 822-7800
bush@bsplaw.com

*Attorneys for Veolia North America, LLC, Veolia North America, Inc., and Veolia
Water North America Operating Services, LLC*

9

## CERTIFICATE OF SERVICE

I hereby certify that on February 7, 2023, I electronically filed this document with the Clerk of the Court using the ECF System, which will send notification to the ECF counsel of record.

By:   */s/ James M. Campbell*
        James M. Campbell
        jmcampbell@campbell-trial-lawyers.com