# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

*Walters, et al.*,

    *Plaintiffs*

v.

*City of Flint, et al.*,

    *Defendants.*

No. 5:17-cv-10164

Hon. Judith E. Levy

# PLAINTIFFS' BRIEF REGARDING VEOLIA DEFENDANTS' REQUEST FOR DR. AARON SPECHT'S PROPRIETARY MATLAB CODE

## INTRODUCTION & BACKGROUND

This brief addresses Veolia Water North America Operating Services, LLC's, Veolia North America, Inc.'s, and Veolia North America, LLC's (collectively "Veolia") improper and unnecessary request for proprietary information from Plaintiffs' expert, Dr. Aaron Specht ("Dr. Specht").

Subsequent to the transmission of Dr. Specht's reports regarding the Bellwether III Plaintiffs, Veolia requested that, "consistent with the rules, [] all of [Dr. Specht's] raw data be provided." Jan. 19, 2023, Email from Veolia's counsel.[1] Plaintiffs' counsel requested a citation to the rule(s) that Veolia's counsel referenced. Feb. 1 2023, Email. **Veolia's counsel did not clarify what rules they were relying upon (and to date have not)**. The parties met and conferred, and Veolia's counsel explained what they were specifically requesting: (1) Dr. Specht's MATLAB code; (2) The original or native Excel spreadsheet for a specific document that had been previously produced to them; and (3) The original or native Excel spreadsheets for nine additional documents. Jan. 26, 2023 Email from Veolia's counsel.

Plaintiffs' counsel conferred with Dr. Specht, who advised counsel that, based upon Veolia's requests, what they are seeking is his proprietary MATLAB code. He further explained that the provision of the code is wholly unnecessary to understand

---

[1] Should the Court desire to view the emails referred herein, Plaintiffs will submit them as attachments/exhibits.

1

and appreciate his methodology, insofar as his publications adequately explain his methodology and his calculations such that any expert could perform them. This was explained to Veolia's counsel, who nevertheless sought to bring the issue to the Court's attention.

At the February 2, 2023 status conference, counsel for Veolia did not address the legal foundation supporting their request for this proprietary information (or cite a specific rule), but instead argued that they needed it because: "[their] expert simply can't evaluate [Dr. Specht's] conclusions without understanding the algorithms and the code that went into taking the data and turning them into his conclusions." ECF No. 2357, PageID.76322. This was and remains the most curious of statements, considering that – after having reviewed Dr. Specht's prior reports; after having deposed him; after having moved for his disqualification before trial; and after having cross examined him at trial – Veolia referred publicly to the very same testing and similar conclusions as "Junk Science" on May 3, 2022, May 4, 2022, May 5, 2022, and May 12, 2022. It is difficult (if not impossible) to reconcile Veolia's need for this information to evaluate Dr. Specht's conclusions, when Veolia and their experts have already determined that his methodology and conclusions are nothing more than "junk science." *See* https://twitter.com/VNAFlintFacts (last visited Feb. 16, 2023). After hearing the parties' arguments, the Court requested limited briefing. ECF No. 2357, Page ID. 76322-76326. This opening brief followed.

## MATLAB EXPLAINED

MATLAB[2] is a programming platform designed specifically for engineers and scientists to analyze and design systems. The MATLAB *language* is a high-performance language for technical computing. Exhibit 1, Declaration of Dr. Specht ("Specht Decl.") ¶5. The "p" code function of the program produces MATLAB program files in a proprietary, obfuscated code format. The "m" file function of the program provides a summary of the programs in a particular folder. Specht Decl. ¶6.

Dr. Specht used the "p" code and "m" file functions of the MATLAB program to develop a code (or MATLAB language), which could quickly read data generated by the pXRF device and calculate a bone lead level. The resulting code is proprietary because it allows him to do the bone lead level measurements more efficiently than other experts who, although able to produce the same results, would need to achieve those results through their own means. Further, because Dr. Specht *developed* this MATLAB code, he holds copyright over the code. Specht Decl. ¶7. Indeed, Veolia's counsel conceded as much at the February 3 conference, when he asserted that Dr. Specht "invented" and "customized" the software. ECF No. 2357, PageID.76322.

Not only is the code proprietary, but submitting it to the Veolia Defendants (or anyone else) is totally unnecessary to serve Veolia's stated purpose——to "evaluate" Dr. Specht's conclusions. ECF No. 2357, PageID.76322. Indeed, the

---

[2] The name MATLAB stands for "MATrix LABoratory."

3

code is superfluous to any discussion of what was produced from the measurements themselves, as the process is described in sufficient detail to replicate any findings within the numerous publicly available research manuscripts (that have already been identified for Defendants). Specht Decl. ¶8 (listing publications). The code itself does not shed additional light on how the analysis is completed, but simply follows the recipe outlined in the aforementioned published research. Specht Decl. ¶9.

## ARGUMENT

Assuming Veolia is referring to Federal Rule of Civil Procedure 26 in support of its demand for the proprietary MATLAB code, that rule does not entitle them to the information they seek. Rule 26(a)(2)(B)(ii) states that an expert's written report must contain "the facts or data considered by the witness in forming" all opinions. *Id.* Although the focus of *facts or data* can "be interpreted broadly," it is limited to material that contains "factual ingredients." Committee Note-Rule 2010 Amendment. Dr. Specht's proprietary MATLAB code **does not** contain factual ingredients. Rather, it is an equation which Dr. Specht developed in order to process the factual ingredients (the data collected by the pXRF device), which Veolia has already been provided. Therefore, to the extent the Veolia Defendants are relying on Rule 26(a)(2)(B)(ii) to justify their request, their argument is meritless.

Moreover, Rule 26 gives the Court power to prevent or curtail the exposure of such proprietary information, even in a case such as this where the parties have

4

entered into a protective order. *See* Fed. R. Civ. Pro. 26(c)(1)(G) (Courts are permitted to curtail and prevent discovery which "require[] that a trade secret or other confidential research, development" be revealed); *Atic Enters. v. Cottingham & Butler Ins. Servs.*, Civil Action No. 1:14cv-00132-DJH, 2016 U.S. Dist. LEXIS 199370, at *8-9 (W.D. Ky. Jan. 26, 2016) ("Even though the confidentiality agreement the parties have entered into would seem to adequately address the experts' concerns, Fed. R. Civ. P. 26(c)(1)(G) provides the Court with an additional tool with which to eliminate their concerns.").[3]

Even if the Court were to determine that the MATLAB code was required to be disclosed under Rule 26(a)(2)(B)(ii) — which it is not — the lack of disclosure here would be substantially justified and harmless. Fed. R. Civ. P. 37(c)(1). This is especially true given that the code itself "is superfluous" to any discussion of what was produced from the measurements themselves. And the process of how Dr. Specht came to these measurements can be replicated without the proprietary code. Specht Decl. ¶¶8-9.

---

[3] If ever cynicism or skepticism was warranted as to what a party might do with this type of information, this is that moment. The fact that these Defendants have already publicly proclaimed Dr. Specht to be a junk scientist (having not seen what they now deem necessary to properly evaluate his opinions), and having publicly accused him of "human rights violations," and of performing "Tuskegee experiment[s]," only enhances the reasons why this Court should deny their request. *See* https://twitter.com/VNAFlintFacts (last visited Feb. 16, 2023).

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court deny Veolia's request for Dr. Specht's proprietary code.

| | |
|---|---|
| Dated: February 17, 2023 | Respectfully submitted, |
| | **LEVY KONIGSBERG LLP** |
| | /s/ Corey M. Stern<br>Corey M. Stern<br>Melanie Daly<br>605 Third Ave., 33rd Floor<br>New York, New York 10158<br>(212) 605-6298<br>cstern@levylaw.com<br>mdaly@levylaw.com |
| | ***Attorneys for Plaintiffs*** |

## **CERTIFICATE OF SERVICE**

    I hereby certify that on February 17, 2023 I electronically filed this document with the Clerk of the Court using the ECF System, which will send notification to the ECF counsel of record.

**LEVY KONIGSBERG, LLP**

/s/ Melanie Daly
Melanie Daly
605 Third Ave., 33rd Floor
New York, New York 10158
(212) 605-6200
mdaly@levylaw.com