# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| IN RE FLINT WATER LITIGATION | Case No. 5:16-cv-10444-JEK-MKM |
| | Hon. Judith E. Levy |
| This Document Relates To: *Bellwether III Cases* | Case No. 5:17-cv-11166-JEL-MKM<br>Case No. 5:17-cv-11165-JEL-MKM |

**DEFENDANTS VEOLIA NORTH AMERICA, LLC, VEOLIA NORTH AMERICA, INC., AND VEOLIA WATER NORTH AMERICA OPERATING SERVICES, LLC'S SUBMISSION REGARDING "BITHONEY-RELATED" EXPERTS IN THE BELLWETHER III CASES**

Pursuant to the Court's order, ECF 2375, the VNA Defendants ("VNA") submit the following related to a scheduling issue in Bellwether III that arises from Plaintiffs' anticipated disclosure of a replacement expert, which will impact the opinions of various defense experts. VNA requests that the Court confirm that all defense experts who respond to Dr. William Bithoney (including pediatric medicine, toxicology, epidemiology, psychology, neuropsychology, pediatric neurology, bone lead testing, dermatology, vocational rehabilitation, and economics experts) are subject to later disclosure deadlines following Plaintiffs' disclosure of a replacement for Dr. Bithoney.

After Plaintiffs disclosed their experts in the Bellwether III cases in January 2023, Plaintiffs' counsel advised that they intend to name a potential replacement expert for Dr. Bithoney, their primary causation expert, and that the replacement expert will go further than Dr. Bithoney by examining and interviewing each plaintiff. The parties met and conferred on the issue and developed a revised Bellwether III Case Management Order to address the disclosure of Dr. Bithoney's potential replacement, with the report of the replacement expert due on May 19, 2023. ECF 2393. To keep discovery moving, the parties negotiated a bifurcated expert discovery schedule with earlier deadlines for "non-Bithoney or his replacement related experts" and later deadlines for "Bithoney or his replacement related experts" and Rule 35 examinations. *Id.*

The parties agree that VNA's pediatric medicine, toxicology, and epidemiology experts are "Bithoney or his replacement related" experts, such that they are subject to the later deadlines. VNA's position is that psychology, neuropsychology, pediatric neurology, bone lead testing, dermatology, vocational rehabilitation, and economics experts are also "Bithoney or his replacement related" experts, and should likewise be subject to the later deadlines—*i.e.*, after both Dr. Bithoney and the replacement expert are deposed and Rule 35 examinations are completed.

Dr. Bithoney is a medical doctor with a background in clinical treatment of lead-exposed children. Dr. Bithoney primarily addresses causation, but his opinions are wide-ranging. As evidenced by his testimony and presentation in the Bellwether I cases, Dr. Bithoney addresses lead poisoning generally, the types of deficits lead causes in children, the types of deficits each of the bellwether plaintiffs experienced, and the cause of those deficits. *See* Dr. Bithoney's Bellwether I Trial PowerPoint Presentation, Plaintiffs' Exhibit 5045. Dr. Bithoney addresses the timing of lead and dosage of lead exposure on outcomes, the lag effect of lead exposure, his differential diagnosis for each plaintiff, geomapping to predict exposure to lead for each plaintiff, each plaintiff's measurements of lead exposure, including bone lead and blood lead testing, and the investigation into and ultimate exclusion of alternative sources of lead exposure for each plaintiff. *Id.* His principal causation opinion is that Plaintiffs' alleged injuries could have been, and in fact were, caused by their exposure to an alleged increase in the amount of lead in Flint's water during the water crisis (and not by some other source). Dr. Bithoney relies upon the reports of Dr. Krishnan, a forensic neuropsychologist, Dr. Hoffman, a psychologist, and Dr. Specht, a medical physicist who directed the use of a pXRF device to measure lead in plaintiffs' bones, to reach his opinions on causation. Plaintiffs' counsel has represented that Dr. Bithoney's potential replacement intends to go one step further than Dr. Bithoney, and travel to Flint to personally meet with the Bellwether

plaintiffs and their parents in order to form his or her opinions (thus the need for a May 2023 disclosure date).[1]

VNA's **psychology, neuropsychology, and pediatric neurology experts** will discuss the opinions of Dr. Krishnan and Dr. Hoffman and will opine on the plaintiffs' psychological and neurological functioning. These opinions, along with the findings of the Rule 35 examination, will be central to any alternative causation opinions that VNA offers. Because Dr. Bithoney directly addresses causation, as well as the exclusion of alternative causes, VNA's psychology, neuropsychology, and pediatric neurology experts are inextricably tied to and impacted by the testimony of Dr. Bithoney or his potential replacement, as well as the findings of the replacement expert's interviews with the plaintiffs and their parents and Defendants' planned Rule 35 examinations. To force VNA to disclose these experts before Dr. Bithoney and his potential replacement are deposed and the Rule 35 examinations are completed would be patently unfair and contrary to the sequence of expert disclosure and deposition in every CMO issued by the Court.

VNA's experts relating to **bone lead testing** will discuss the opinions of Dr. Specht and will opine on the plaintiffs' bone lead testing using the pXRF device. These experts will offer opinions on exposure and causation that will directly rebut the opinion of Dr. Bithoney or his potential replacement that plaintiffs were exposed to significant amounts of lead causing their alleged injuries. Similarly, VNA's **dermatology expert** also will directly contradict Dr. Bithoney or his replacement's causation opinions. Accordingly, these experts should be subject to the later disclosure schedule.

Finally, consistent with Bellwether I, VNA's **vocational rehabilitation and economic experts** are likely to offer opinions to address the causation opinions of both Dr. Bithoney (assuming that Dr. Bithoney is correct, but challenging the ultimate conclusions on Plaintiffs' vocational status and economic damages) as well as the causation opinions of VNA's other experts (assuming that VNA's experts are correct, presenting their opinions on Plaintiffs' vocational status and economic damages, if any). These experts are expected to explicitly discuss the findings of Dr. Bithoney and his potential replacement in reaching their opinions and, at least as to the vocational expert, will rely upon the findings of the Rule 35 examination in forming their opinions. Therefore, it would be unfair to require these experts to be disclosed before Dr. Bithoney and his replacement are deposed and before the Rule 35 examinations are completed.

Accordingly, VNA requests that the Court confirm that psychology, neuropsychology, pediatric neurology, dermatology, vocational rehabilitation, and economics experts are "Bithoney or his replacement related" and thus subject to the later deadlines set forth in the parties' stipulation. ECF 2393. VNA negotiated a schedule in good faith to keep expert discovery proceeding for non-Bithoney related experts while Plaintiffs prepare the disclosure for their replacement expert. In the meantime, VNA should not be unfairly forced to disclose experts who may be directly impacted by Dr. Bithoney or his replacement, or by the findings of the Rule 35 examinations, before VNA has had an opportunity to conduct that discovery.

---

[1] VNA maintains its right to challenge the scope and admissibility of the opinions of Dr. Bithoney's potential replacement once disclosed.

Respectfully submitted,

| | |
|---|---|
| **CAMPBELL, CONROY & O'NEIL P.C.** | **BUSH SEYFERTH PLLC** |
| By: */s/ James M. Campbell* | By: */s/ Cheryl A. Bush* |
| James M. Campbell | Cheryl A. Bush (P37031) |
| Alaina N. Devine | 100 W. Big Beaver Road, Suite 400 |
| 20 City Square, Suite 300 | Troy, MI 48084 |
| Boston, MA 02129 | (248) 822-7800 |
| (617) 241-3000 | bush@bsplaw.com |
| jmcampbell@campbell-trial-lawyers.com | |
| adevine@campbell-trial-lawyers.com | |

*Attorneys for Veolia North America, LLC, Veolia North America, Inc., and Veolia Water North America Operating Services, LLC*

Dated: March 20, 2023

## CERTIFICATE OF SERVICE

I hereby certify that on March 20, 2023, I electronically filed the foregoing document with the Clerk of the Court using the ECF System, which will send notification to the ECF counsel of record.

    Respectfully submitted,

    */s/ James M. Campbell*

Dated: March 20, 2023