**LEVY KONIGSBERG LLP**
ATTORNEYS AT LAW
605 THIRD AVENUE, 33RD FLOOR
NEW YORK, N.Y. 10158

NEW JERSEY OFFICE
QUAKERBRIDGE EXECUTIVE OFFICE
101 GROVERS MILL ROAD
LAWRENCEVILLE, NJ 08648
TELEPHONE: (609) 720-0400
FAX: (609) 720-0457

(212) 605-6200
FAX: (212) 605-6290
WWW.LEVYLAW.COM

ATLANTA OFFICE
ONE GLENLAKE PARKWAY, SUITE 700
ATLANTA, GEORGIA 30328
TELEPHONE: (800) 315-3806
FAX: (212) 605-6290

WRITER'S DIRECT EMAIL: CSTERN@LEVYLAW.COM

MARCH 19, 2023

<u>VIA EMAIL (LESLIE_CALHOUN@MIED.USCOURTS.GOV)</u>
Honorable Judith E. Levy
United States District Court – Eastern District of Michigan
Federal Building
200 East Liberty Street
Ann Arbor, Michigan 48104

RE:   <u>IN RE FLINT WATER CASES: EXPERTS RESPONSIVE TO DR. BITHONEY</u>

Dear Judge Levy:

I write regarding Plaintiffs' position as to which defense experts might be responsive to Dr. Bithoney's testimony. He will testify about general and specific causation. Specifically, that Plaintiffs' injuries present in a manner consistent with lead poisoning; that lead in water can cause the type of injuries Plaintiffs allege; and that each Plaintiff's lead poisoning was caused by exposure to water from the Flint River. Thus, unless an expert is rebutting those opinions, any such expert would not be responsive to Dr. Bithoney.

While it is difficult to state with certainty which of the Veolia Defendants' ("Veolia") experts are responsive to Dr. Bithoney (because we do not yet know who they are, or what their opinions are), the universe of experts proposed by Veolia is far too expansive. Specifically, they claim the following experts are responsive: experts in pediatric medicine; experts in toxicology; experts in epidemiology; experts in dermatology; experts in psychology; experts in neuropsychology; experts in pediatric neurology; experts in vocational rehabilitation and employment; experts in economics; and experts in bone-lead testing.

Plaintiffs agree that an expert in pediatric medicine, **testifying about general and specific causation**, would be responsive to Dr. Bithoney. Otherwise, it is difficult to say the same about any of the other broad categories proposed by Veolia. In terms of toxicology and epidemiology, perhaps such an expert would be responsive depending on what testimony such an expert would present. But until Plaintiffs have more information as to what exactly Veolia means by way of this categorization (or any of the others for that matter), Plaintiffs simply cannot say with certainty. Additionally, while Dr. Bithoney has not provided any specific opinions related to dermatology, his report does refer to a study that includes a reference to rashes. To the extent Veolia is offering an expert regarding those references, in that particular article, perhaps that would be responsive to

Dr. Bithoney's opinions (though in a tangential way). Further, Dr. Hoffman is offering opinions in psychology and Dr. Krishnan is offering opinions in neuropsychology. Neither relies on Dr. Bithoney – so it seems far-fetched that any counter-expert would be responsive to him (this includes any expert in pediatric neurology – which is redundant). Dr. Bithoney is not testifying as an expert regarding vocational rehabilitation or employment. Thus, any expert that is would not be responsive to him. And Plaintiffs' expert economist does not rely on Dr. Bithoney, so that specialty too seems far removed from being responsive to him. Finally, I note that until Veolia submitted its recent letter to the Court, Plaintiffs were unaware of their position that experts in bone-lead testing were also responsive to Dr. Bithoney. Nonetheless, if an expert is rebutting Dr. Bithoney's reliance on bone-lead tests, then that might be responsive. However, if a Veolia expert is rebutting Dr. Specht's (or someone else's) methodology and/or conclusions, that would not be responsive.

To the extent it would be helpful for the Court to review Dr. Bithoney's report(s), we will provide an exemplar or all of them upon request.

Sincerely,

LEVY KONIGSBERG, LLP

*[signature]*

Corey M. Stern