# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

*In re Flint Water Cases 16-10444*

_____/            *The Hon. Judith E. Levy*


*Bellwether III Case No. 17-10164*

_____/




**PLAINTIFFS' MOTION FOR RECONSIDERATION OF THE COURT'S RULING REGARDING VEOLIA DEFENDANTS' REQUEST FOR DR. AARON SPECHT'S PROPRIETARY MATLAB CODE**

## INTRODUCTION

Plaintiffs respectfully submit this motion[1] for reconsideration of the Court's March 8, 2023 ruling regarding Veolia Water North America Operating Services, LLC's, Veolia North America, Inc.'s, and Veolia North America, LLC's (collectively "Veolia") request for proprietary information from Plaintiffs' expert, Dr. Aaron Specht ("Dr. Specht").

## LEGAL STANDARD

Under Local Rule 7.1(h)(2)(c), the Court can reconsider a prior ruling when "[n]ew facts warrant a different outcome and the new facts could not have been discovered with reasonable diligence before the prior decision."

## BACKGROUND & ANALYSIS

At the outset of this dispute, Veolia claimed that they needed Dr. Specht's MATLAB code because "[their] expert simply can't evaluate [Dr. Specht's] conclusions without understanding the algorithms and the code that went into taking the data and turning them into his conclusions." ECF No. 2357, PageID.76322. The Court requested briefing and Plaintiffs submitted a declaration from Dr. Specht, explaining that the code was not only proprietary, but also totally unnecessary to serve Veolia's stated purpose insofar as the process is described in sufficient detail

---

[1] Pursuant to Local Rule 7.1(a), Plaintiffs conferred with Defendants on the subject of this motion. Defendants responded that they oppose the relief sought.

to replicate any findings within the numerous publicly available research manuscripts. ECF No. 2367-1. Veolia responded on March 3, 2023, mainly arguing that Dr. Specht's publications do not provide enough information to replicate his uncertainty calculations without his MATLAB code. And that, without the code, they would be forced to "trust but not verify" his numbers. ECF No. 2380.

In support, Veolia provided a declaration from their expert Dr. William Huber ("Dr. Huber"). ECF No. 2380-3. Dr. Huber opined that his "preliminary review" led him to conclude that "Dr. Specht significantly underestimates the uncertainty values associated with his bone lead measurements and that the true uncertainty is likely greater than his reported bone lead levels for the Bellwether III Plaintiffs." *Id.* Curiously, although Dr. Huber is able to tout his theory that the values are incorrect, he simultaneously claims that he is utterly unable to check Dr. Specht's work without the MATLAB code. Specifically, Dr. Huber claims that he has been unable to replicate Dr. Specht's calculations based on the descriptions in his publications because: the publications include only vague, generic references to his use of MATLAB without providing details of how he performed his calculations." *Id.* And "[w]ith respect to uncertainty values in particular, Dr. Specht's publications simply cite a statistics textbook with no further explanation." *Id.*

At the Court's March 8, 2023 hearing, the Court explained that it was compelled by Veolia's argument regarding the ability to calculate uncertainty

values. ECF No. 2394, PageID.76968-69. As such, the Court ruled that Veolia should be permitted an "opportunity to see what this code is and determine whether perhaps [Dr. Specht] is right or wrong about the levels and uncertainty levels that [Dr. Specht] has attached to it." ECF No. 2394, PageID.76970.

However, after the Court's ruling, Plaintiffs had the opportunity to consult more deeply with Dr. Specht and learned that Veolia's expert **can** indeed check the uncertainly values (and test his flawed theory about them) **without** Dr. Specht's MATLAB code. Specifically, Dr. Specht explains that:

> My results and associated uncertainty values **_can_** be reproduced by replicating the detailed methods from our many manuscripts on the topic. Although there is a possibility that the resulting uncertainly values may not be the exact same number, they will reproduce to a reasonable degree of significant figures, i.e., a replicated result which is more than sufficient to prove whether the values are correct, let alone "significantly underestimate[d]." This is consistent with what I explained in my 2020 deposition on pages 175:23-176:9—which Dr. Huber erroneously characterizes as an admission that my "calculations cannot be replicated without [the] MATLAB code[.]"

Exhibit 1, Declaration of Dr. Specht ("Specht Decl.")

Accordingly, to the extent the Court relied on Veolia's and Dr. Huber's uncertainty value arguments in making its ruling, this new information from Dr. Specht "warrant[s] a different outcome" under Local Rule 7.1(h)(2)(c). As to the second part of the Rule——whether this new information "could not have been discovered with reasonable diligence before the prior decision"— Plaintiffs did not have the opportunity to discuss Dr. Huber's declaration with Dr. Specht in the days

between Veolia's submission and the Court's hearing. Moreover, because the underlying dispute is complex (it essentially boils down to a battle of the experts) and relates to Dr. Specht's proprietary information, Plaintiffs respectfully request that the Court exercise its discretion to consider Dr. Specht's review and response to Dr. Huber's statements.

Dated:          March 22, 2023                    Respectfully submitted,

                                                  **LEVY KONIGSBERG LLP**

                                                  /s/ Corey M. Stern
                                                  Corey M. Stern
                                                  Melanie Daly
                                                  605 Third Ave., 33rd Floor
                                                  New York, New York 10158
                                                  (212) 605-6298
                                                  cstern@levylaw.com
                                                  mdaly@levylaw.com

                                                  ***Attorneys for Plaintiffs***

## CERTIFICATE OF SERVICE

I hereby certify that on March 22, 2023 I electronically filed this document with the Clerk of the Court using the ECF System, which will send notification to the ECF counsel of record.

**LEVY KONIGSBERG, LLP**

/s/ MELANIE DALY
Melanie Daly
603 Third Ave., 33rd Floor
New York, New York 10158
(212) 605-6275
mdaly@levylaw.com
