# EXHIBIT A

**Summary of Duties Allegedly Owed by Nonparties in LAN/LAD's August 2021 Notice of Nonparty at Fault**

| Nonparty | Alleged Duty or Duties LAN/LAD Identifies | Source of Duty |
|---|---|---|
| United States Environmental Protection Agency | "[T]he EPA retains the duty to ensure that public drinking water systems comply with health-based federal standards for contaminants. The EPA has the duty to monitor and oversee state primacy for compliance with the SDWA."<br><br>Sections 1414 (42 U.S.C §300g-3) and 1431 (42 U.S.C §300i(a)) of the SDWA. | Potential Statute |
| Susan Hedman | There is no mention of any specific legal duty that Susan Hedman owed any plaintiff. | No mention of any duty |
| State of Michigan | There is no mention of any specific legal duty that Richard Baird owed any plaintiff. There is no separate section in LAN/LAD's notice for the State of Michigan. | No mention of any duty |
| Governor's Office | "The Governor has the power and duty to investigate the acts of any public office or public officer, elective, or appointee and may remove or suspend a public official from office. Moreover, the Governor is "responsible for coping with dangers to [the] state or the people of [the] state presented by a disaster or emergency" including natural or human-made water contamination, and may issue an emergency declaration accordingly." Dkt. 1930 at 65. | Unspecified |
| Richard Snyder | "The Governor has the power and duty to investigate the acts of any public office or public officer, elective, or appointee and may remove or suspend a public official from office. Moreover, the Governor is "responsible for coping with dangers to [the] state or the people of [the] state presented by a disaster or | Unspecified |

| Nonparty | Alleged Duty or Duties LAN/LAD Identifies | Source of Duty |
|---|---|---|
| | emergency" including natural or human-made water contamination, and may issue an emergency declaration accordingly." Dkt. 1930 at 65. | |
| Dennis Muchmore | There is no mention of any specific legal duty that Dennis Muchmore owed any plaintiff. There is no separate section in LAN/LAD's notice for Muchmore. | No mention of any duty |
| Richard Baird | There is no mention of any specific legal duty that Richard Baird owed any plaintiff. There is no separate section in LAN/LAD's notice for Baird. | No mention of any duty |
| Michigan Department of the Treasury | "The State Treasurer oversees the collection, investment, and disbursement of all state monies, and also administers major tax laws, safeguards the credit of the state, and distributes revenue sharing monies to local units of government. As part of its responsibility to safeguard the credit of the state, the Department of the Treasury oversees the Emergency Managers appointed by the Governor, including the delivery of services essential to the public health, safety, and welfare of residents." Dkt. 1930 at 26. | Unspecified |
| Andy Dillon | "In his capacity as Treasurer, Mr. Dillon had a duty to oversee the Emergency Manager's activities, including the delivery of services essential to the public health, safety, and welfare of Flint residents." Dkt. 1930 at 27. | Unspecified |
| Wayne Workman | There is no mention of any specific legal duty that Wayne Workman owed any plaintiff. | No mention of any duty |
| Michigan Department of Environmental Quality | "The MDEQ was charged with the primary duty to enforce both the state and federal Safe Drinking Water Act and has primary legal authority and responsibility for safe drinking water | Potential Statute |

| Nonparty | Alleged Duty or Duties LAN/LAD Identifies | Source of Duty |
|---|---|---|
| | monitoring and enforcement in Michigan with oversight authority from the EPA. The MDEQ also had a duty to serve as the environmental health agency for the state and was required to advise the governor and other state agencies 'on matters of the environment as those matters affect the health of the people of the state.' . . . MDEQ had the duty to maintain power and control over public water supplies and to evaluate the adequacy of proposed waterworks systems and proposed surface water sources to protect the public health. The MDEQ had a duty to notify the supplier of water of necessary changes to the treatment, operations or capacity of a system in compliance with state drinking water standards. Additionally, the MDEQ had a duty to require proper testing and sampling in accordance with lead and copper standards and was required to determine the appropriate corrosion control treatment methods. If the system is found not to be in compliance with state or federal drinking water standards, the MDEQ has a duty to require that a supplier notify its users." Dkt. 1930 at 4–5. | |
| Dan Wyant | There is no mention of any specific legal duty that Dan Wyant owed any plaintiff. | No mention of any duty |
| Liane Shekter-Smith | "In her position at MDEQ, Ms. Shekter Smith was responsible for having (and developing) knowledge of contaminants and their impact on public health and for collecting and analyzing environmental data." Dkt. 1930 at 9. | Unspecified |
| Bradley Wurfel | "Contrary to Mr. Wurfel's duties within the department, he intentionally disseminated deliberately misleading and inaccurate communications and unleashed a campaign to discredit residents | Unspecified |

3

| Nonparty | Alleged Duty or Duties LAN/LAD Identifies | Source of Duty |
|---|---|---|
|  | and community representatives and to spread false messages about the safety of the drinking water." Dkt. 1930 at 12 |  |
| Richard Benzie | There is no mention of any specific legal duty that Richard Benzie owed any plaintiff. | No mention of any duty |
| Stephen Busch | "Mr. Busch's duties included advising and consulting with water systems and state and local agencies regarding regulatory compliance and water quality issues for the purposes of providing safe drinking water to communities." Dkt. 1930 at 16. | Unspecified |
| Adam Rosenthal | "As a water quality analyst, it was Mr. Rosenthal's duty to analyze water quality reports and operation and monitoring reports to determine whether a violation existed and to recommend courses of action to return the City to compliance." Dkt. 1930 at 19. | Unspecified |
| Patrick Cook | "As part of his duties, Mr. Cook was responsible for the interpretation and implementation of the legal requirements of the Lead and Copper Rule at the Flint Water Treatment Plant." Dkt. 1930 at 22. | Potential statute |
| Michael Prysby | "Mr. Prysby's duties included advising and assisting in water treatment plant operations, development, and treatment plans." Dkt. 1930 at 22. | Unspecified |
| Jim Sygo | "Mr. Sygo's duties included oversight over implementation of the state's drinking water program." Dkt. 1930 at 25. | Unspecified |
| Michigan Department of Health and Human Services | "Pursuant to Section 51 of Article 4 of the state constitution of 1963 and state Public Health Code, MDHHS is commanded to 'continually and diligently endeavor to prevent disease, prolong life, and promote the public health through organized programs.' | Potential Statute |

4

| Nonparty | Alleged Duty or Duties LAN/LAD Identifies | Source of Duty |
|---|---|---|
| | These duties include 'prevention and control of environmental health hazards, prevention and control of diseases, prevention and control of health problems of particularly vulnerable population groups, development of health care facilities and agencies and health services delivery systems, and regulation of health care facilities and agencies and health services delivery systems to the extent provided by law. . . . Further, MDHHS has a duty to promote local health services through the coordination and integration of public health activities, including effectively cooperating with local health departments so as to provide a unified system of statewide healthcare." Dkt. 1930 at 47–48. | |
| Nicolas Lyon | "In his role as Director, Lyon exercised all powers and duties vested in the Department as well as overseeing the daily departmental operations. As Director, Mr. Lyon was required to 'continually and diligently endeavor to prevent disease' and to '[c]ollect and utilize vital and health statistics . . . for the purpose of protecting the public health.'" Dkt. 1930 at 50–51. | Unspecified |
| Eden Wells | "Dr. Wells' duties included assisting with disease outbreak coordination and investigation and to provide the department with professional medical guidance." Dkt. 1930 at 57. | Unspecified |
| Nancy Peeler | There is no mention of any specific legal duty that Nancy Peeler owed any plaintiff. | No mention of any duty |
| Genesee County Drain Commissioner | "The GCDC has a duty to administer the state's Drain Code. The GCDC has broad duties and powers to sue and be sued, contract, levy taxes, borrow money, acquire interests in real or personal properly, acquire and grant easements, condemn or dispose of property, and may locate, establish, and alter existing drains, | Potential Statute |

5

| Nonparty | Alleged Duty or Duties LAN/LAD Identifies | Source of Duty |
|---|---|---|
| | creeks, rivers and watercourses 'whenever the same shall be conducive to the public health, convenience, and welfare.'" Dkt. 1930 at 134. | |
| Jeff Wright | "The Commissioner has a duty to cooperate with state and federal agencies to enforce pollution laws, and assist in coordinating federal, state, and regional flood control and water quality plans. The duties of the Drain Commissioner include the construction and maintenance of drains, apportioning costs of drains among property owners, and awarding contracts for drain construction." Dkt. 1930 at 135. | Unspecified |
| The City of Flint | "The City of Flint operates the Department of Public Works and has a duty to provide drinking water to its residents and property owners as part of its responsibilities and services. This duty includes operating, maintaining, and managing Flint's water supply on a daily basis in compliance with federal and state safe drinking water standards to assure the safety of public drinking water. The City of Flint also has a duty to provide for competent and sufficient personnel certified to operate Flint's water treatment plant and to maintain both the water treatment plant and distribution system to provide safe drinking water to Flint's residents. The City of Flint, in conjunction with the MDEQ, has a duty to determine appropriate treatment, including for lead and copper, and to establish and implement monitoring plans for its water system necessary for the protection of public health. When the City of Flint's water quality monitoring revealed elevated lead levels, the presence of other contaminants, or evidence | Unspecified |

| Nonparty | Alleged Duty or Duties LAN/LAD Identifies | Source of Duty |
|---|---|---|
| | indicating a water borne disease, the City of Flint had a legal obligation to notify the public." Dkt. 1930 at 70–71. | |
| Dayne Walling | There is no mention of any specific legal duty that Dayne Walling owed any plaintiff. | No mention of any duty |
| Flint Department of Public Works | There is no mention of any specific legal duty that the Flint Department of Public Works owed any plaintiff. There is no separate section in LAN/LAD's notice for the Department of Public Works. | No mention of any duty |
| Howard Croft | There is no mention of any specific legal duty that Howard Croft owed any plaintiff. | No mention of any duty |
| Daugherty Johnson | "As Utilities Administrator, he had a duty to oversee the operations of the Flint Water Treatment Plant, including its compliance with state and federal standards." Dkt. 1930 at 84. | Unspecified |
| Brent Wright | There is no mention of any specific legal duty that Brent Wright owed any plaintiff. There is no separate section in LAN/LAD's notice for Brent Wright, and his name is mentioned only once in the entirety of LAN/LAD's 2021 notice. | No mention of any duty |
| Michael Glasgow | There is no mention of any specific legal duty that Michael Glasgow owed any plaintiff. | No mention of any duty |
| Ed Kurtz | There is no mention of any specific legal duty that Ed Kurtz owed any plaintiff. | No mention of any duty |
| Darnell Earley | There is no mention of any specific legal duty that Darnell Earley owed any plaintiff. | No mention of any duty |
| Gerald Ambrose | ". . . duty to provide services necessary for the public health." Dkt. 1930 at 80. | Unspecified |

| Nonparty | Alleged Duty or Duties LAN/LAD Identifies | Source of Duty |
|---|---|---|
| Flint Receivership Transition Authority Board | "The FRTAB owed a duty to the public to safeguard the public's health, welfare, and safety." Dkt. 1930 at 90. | Unspecified |
| Rowe Professional Services | There is no mention of any specific legal duty that Rowe Professional Services owed any plaintiff. | No mention of any duty |