# EXHIBIT B

**Summary of Duties Allegedly Owed by Nonparties in Veolia's November 2020 Notice of Nonparty at Fault**

| Nonparty | Alleged Duty or Duties Veolia Identifies | Source of Duty |
|---|---|---|
| United States Environmental Protection Agency | "The EPA has the duty to monitor and oversee state primacy for compliance with the SDWA." Dkt. 1930 at 91.<br><br>Sections 1414 (42 U.S.C §300g-3) and 1431 (42 U.S.C §300i(a)) of the SDWA. | Potential Statute |
| Susan Hedman | "Dr. Hedman breached her duty of care to the residents of Flint." Dkt. 1313 at 37.<br><br>While Veolia states that Dr. Hedman apparently owed a "duty of care" to Flint residents, it does not identify the origin of that duty or how the statutes it cites support the creation of that duty. | Unspecified |
| State of Michigan | Veolia argues that the duties of the State of Michigan are coterminous with all of the duties of the State's employees, but does not specifically identify those duties. Instead, Veolia simply states: "the acts (and omissions) of [Michigan's] departments, agencies, officers, and employees, undertaken within the scope of their employment, constitute the acts (and omissions) of the State." Dkt. 1313 at 66. | Unspecified |
| Governor's Office | There is no mention of any specific legal duty that the Governor's Office owed any plaintiff. Dkt. 1313 at 70. | No mention of any duty |
| Richard Snyder | "As Governor of Michigan, Snyder had executive power and the duty to supervise the faithful execution of laws by state agencies. The governor has the power and duty to investigate the acts of any public office or public officer, elective, or appointee and | Unspecified |

1

| Nonparty | Alleged Duty or Duties Veolia Identifies | Source of Duty |
|---|---|---|
| | may remove or suspend a public official from office." Dkt. 1313 at 70. | |
| Dennis Muchmore | There is no mention of any specific legal duty that Dennis Muchmore owed any plaintiff. There is no separate section in Veolia's notice for Muchmore. | No mention of any duty |
| Richard Baird | There is no mention of any specific legal duty that Richard Baird owed any plaintiff. There is no separate section in Veolia's notice for Baird. | No mention of any duty |
| Michigan Department of the Treasury | "All told, the Treasury Department: 1) failed in its duty to adequately supervise the Flint Emergency Manager's financially motivated decision to join the KWA, ceding to local political sentiments; played an active role in assisting the City of Flint in obtaining financing to transition to the KWA; and, [2]) subsequently failed to appreciate the health risks Flint River water posed to Flint residents or affirmatively act to reconnect Flint to a safe water source." | Unspecified |
| Andy Dillon | "In his capacity as Treasurer of the State of Michigan, Mr. Dillon had a duty to oversee the Emergency Manager's activities, including the delivery of services essential to the public health, safety, and welfare of Flint residents." Dkt. 1313 at 83. | Unspecified |
| Wayne Workman | There is no mention of any specific legal duty that Wayne Workman owed any plaintiff. | No mention of any duty |
| Michigan Department of Environmental Quality | "The MDEQ was charged with the primary duty to enforce both the state and federal Safe Drinking Water Act and has primary legal authority and responsibility for safe drinking water monitoring and enforcement in Michigan with oversight | Potential Statute |

| Nonparty | Alleged Duty or Duties Veolia Identifies | Source of Duty |
|---|---|---|
| | authority from the EPA. The MDEQ also had a duty to serve as the environmental health agency for the state and is required to advise the governor and other state agencies 'on matters of the environment as those matters affect the health of the people of the state.'" Dkt. 1313 at 112. | |
| Dan Wyant | "As Director of the MDEQ, Mr. Wyant had a duty to exercise judgment to determine whether a violation, or a condition that may cause a violation, of the state drinking water standards constitutes a "imminent hazard" requiring immediate action to prevent endangering the health of people. Michigan Safe Water Drinking Act §325.1002(i); 325.1015(3)." Dkt. 1313 at 118. | Potential Statute |
| Liane Shekter-Smith | "In her position at MDEQ, Ms. Shekter-Smith was responsible for having (and developing) knowledge of contaminants and their impact on public health and, as well, for collecting and analyzing environmental data. Ms. Shekter-Smith was abundantly aware that it was the responsibility of the MDEQ to enforce the SDWA which includes the LCR." Dkt. 1313 at 120–21. | Potential Statute |
| Bradley Wurfel | "As spokesperson for the state's environmental agency responsible for regulating drinking water, Mr. Wurfel held a position of public trust intended to have the general public and other state and local agencies to rely on his statements regarding environmental health matters. Contrary to Mr. Wurfel's duties within the department, he intentionally disseminated deliberately misleading and inaccurate communications and unleashed a campaign to discredit residents and community representatives | Unspecified |

3

| Nonparty | Alleged Duty or Duties Veolia Identifies | Source of Duty |
|---|---|---|
| | and to spread false messages about the safety of the drinking water." Dkt. 1313 at 127 | |
| Richard Benzie | There is no mention of any specific legal duty that Richard Benzie owed any plaintiff. | No mention of any duty |
| Stephen Busch | "Mr. Busch's duties included advising and consulting with water systems and state and local agencies regarding regulatory compliance and water quality issues for the purposes of providing safe drinking water to communities." Dkt. 1313 at 133. | Unspecified |
| Adam Rosenthal | "Mr. Rosenthal had a duty to ensure that Flint maintained compliance with the lead and copper regulations. . . . it was Mr. Rosenthal's duty to analyze water quality reports, operation and monitoring reports, to determine whether a violation exists and to recommend courses of action for returning the City to compliance." Dkt. 1313 at 138. | Potential statute |
| Patrick Cook | "As part of his duties, Mr. Cook was responsible for the interpretation and implementation of the legal requirements of the Lead and Copper rule at the Flint Water Treatment Plant." Dkt. 1313 at 141. | Potential statute |
| Michael Prysby | "Mr. Prysby's duties included advising and assisting in water treatment plant operations, development, and treatment plans." Dkt. 1313 at 143. | Unspecified |
| Jim Sygo | "Mr. Sygo's duties included oversight over implementation of the state's drinking water program." Dkt. 1313 at 146. | Unspecified |
| Michigan Department of Health and Human Services | "Pursuant to Section 51 of Article 4 of the state constitution of 1963 and state Public Health Code, MDHHS is commanded to 'continually and diligently endeavor to prevent disease, prolong | Potential Statute |

4

| Nonparty | Alleged Duty or Duties Veolia Identifies | Source of Duty |
|---|---|---|
| | life, and promote the public health through organized programs.' These duties include 'prevention and control of environmental health hazards, prevention and control of diseases, prevention and control of health problems of particularly vulnerable population groups, development of health care facilities and agencies and health services delivery systems, and regulation of health care facilities and agencies and health services delivery systems to the extent provided by law. . . . Further, MDHHS has a duty to promote local health services through the coordination and integration of public health activities, including effectively cooperating with local health departments so as to provide a unified system of statewide healthcare." Dkt. 1313 at 149–50. | |
| Nicolas Lyon | "In his role as Director, Lyon exercises all powers and duties vested in the Department as well as overseeing the daily departmental operations. . . .[including being] "required to 'continually and diligently endeavor to prevent disease" and to "[c]ollect and utilize vital and health statistics . . . for the purpose of protecting the public health.'" Dkt. 1313 at 153. | Unspecified |
| Eden Wells | "Dr. Wells' duties included assisting with disease outbreak coordination and investigation and to provide the department with professional medical guidance." Dkt. 1313 at 161. | Unspecified |
| Nancy Peeler | There is no mention of any specific legal duty that Nancy Peeler owed any plaintiff. | No mention of any duty |
| Genesee County Drain Commissioner | "The GCDC has a duty to administer the state's Drain Code. The GCDC has broad duties and powers to sue and be sued, contract, levy taxes, borrow money, acquire interests in real or personal properly, acquire and grant easements, condemn or dispose of | Potential Statute |

5

| Nonparty | Alleged Duty or Duties Veolia Identifies | Source of Duty |
|---|---|---|
| | property, and may locate, establish, and alter existing drains, creeks, rivers and watercourses 'whenever the same shall be conducive to the public health, convenience, and welfare.'" Dkt. 1313 at 209–10. | |
| Jeff Wright | "The Commissioner has a duty to cooperate with state and federal agencies to enforce pollution laws, and assist in coordinating federal, state, and regional flood control and water quality plans. The duties of the Drain Commissioner include the construction and maintenance of drains, apportioning costs of drains among property owners, and awarding contracts for drain construction." Dkt. 1313 at 210–11. | Unspecified |
| The City of Flint | "The City of Flint operates the Department of Public Works and has a duty to provide drinking water to its residents and property owners as part of its responsibilities and services. This duty includes operating, maintaining, and managing Flint's water supply on a daily basis in compliance with federal and state safe drinking water standards to assure the safety of public drinking water. The City of Flint also has a duty to provide for competent and sufficient personnel certified to operate Flint's water treatment plant and to maintain both the water treatment plant and distribution system to provide safe drinking water to Flint's residents. The City of Flint, in conjunction with the MDEQ, has a duty to determine appropriate treatment, including for lead and copper, and to establish and implement monitoring plans for its water system necessary for the protection of public health." Dkt. 1313 at 185–86. | Unspecified |

| Nonparty | Alleged Duty or Duties Veolia Identifies | Source of Duty |
|---|---|---|
| Dayne Walling | There is no mention of any specific legal duty that Dayne Walling owed any plaintiff. | No mention of any duty |
| Flint Department of Public Works | "Flint's Department of Public Works (DPW) had the primary duty to operate, maintain, and manage the water supply on a day-to-day basis, to comply with state and federal law to assure the safety of the public drinking water supply, and to coordinate with the MDEQ on issues of staffing, engineering, corrosion control, and sampling protocols." Dkt. 1313 at 195. | Unspecified |
| Howard Croft | There is no mention of any specific legal duty that Howard Croft owed any plaintiff. | No mention of any duty |
| Daugherty Johnson | "As Utilities Administrator, he had a duty to oversee the operations of the Flint Water Treatment Plant, including control over its compliance with state and federal standards and responsibility for providing safe and reliable water to the citizens of Flint." Dkt. 1313 at 196. | Unspecified |
| Brent Wright | "His duties included day-to-day oversight and operation of water distribution system for the supply of water safe for human consumption and in compliance with state and federal drinking water regulations." Dkt. 1313 at 202 | Unspecified |
| Michael Glasgow | There is no mention of any specific legal duty that Michael Glasgow owed any plaintiff. | No mention of any duty |
| Ed Kurtz | There is no mention of any specific legal duty that Ed Kurtz owed any plaintiff. | No mention of any duty |
| Darnell Earley | There is no mention of any specific legal duty that Darnell Earley owed any plaintiff | No mention of any duty |

| Nonparty | Alleged Duty or Duties Veolia Identifies | Source of Duty |
|---|---|---|
| Gerald Ambrose | "As Emergency Manager, Mr. Ambrose was cognizant of his duty to provide necessary governmental services essential to the public health, safety, and welfare." Dkt. 1313 at 180. | Unspecified |
| Flint Receivership Transition Authority Board | "The FRTAB owed a duty to the public to safeguard the public's health, welfare, and safety." Dkt. 1313 at 80. | Unspecified |
| Rowe Professional Services | There is no mention of any specific legal duty that Rowe Professional Services owed any plaintiff. | No mention of any duty |