# EXHIBIT E

```
 1                  UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF MICHIGAN
 2                        SOUTHERN DIVISION

 3   SHERROD, TEED, VANDERHAGEN and WARE,

 4                  Plaintiffs,
       -v-                                  Case No. 17-10164
 5
     VNA and LAN,
 6
                    Defendants.
 7   _____/

 8                            HEARING

 9
                BEFORE THE HONORABLE JUDITH E. LEVY
10                 UNITED STATES DISTRICT JUDGE

11                         JULY 18, 2022

12
     APPEARANCES:
13
     For the              Corey M. Stern
14   Plaintiffs:          Levy Konigsberg, LLP
                          605 Third Avenue, 33rd Floor
15                        New York, New York 10158

16                        Moshe Maimon
                          Levy Konigsberg, LLP
17                        605 Third Avenue, 33rd Floor
                          New York, New York 10158
18
                          Melanie Daly
19                        Levy Konigsberg, LLP
                          605 Third Avenue, 33rd Floor
20                        New York, New York 10158

21

22                        (Appearances Continued on Next Page)

23
     TO OBTAIN A          JESECA C. EDDINGTON, RDR, RMR, CRR, FCRR
24   CERTIFIED              FEDERAL OFFICIAL COURT REPORTER
     TRANSCRIPT:             UNITED STATES DISTRICT COURT
25                             200 EAST LIBERTY STREET
                            ANN ARBOR, MICHIGAN 48104
```

```
 1    For the VNA          Daniel Stein
      Defendants:          Mayer Brown LLP
 2                         1221 Avenue of the Americas
                           New York, New York 10020
 3
                           James M. Campbell
 4                         Campbell Conroy & O'Neil, P.C.
                           1 Constitution Wharf, Suite 310
 5                         Boston, Massachusetts 02129

 6                         Mark R. Ter Molen
                           Mayer Brown LLP
 7                         71 South Wacker Drive
                           Chicago, Illinois 60606
 8
                           Cheryl A. Bush
 9                         Bush, Seyferth PLLC
                           100 West Big Beaver Road, Suite 400
10                         Troy, Michigan 48084

11                         Minh Nguyen-Dang
                           Mayer Brown LLP
12                         1999 K Street NW
                           Washington, DC 20006
13
      For the LAN          Wayne Brian Mason
14    Defendants:          Faegre Drinker Biddle & Reath LLP
                           1717 Main Street, Suite 5400
15                         Dallas, Texas 75201

16                         David C. Kent
                           Faegre Drinker Biddle & Reath LLP
17                         1717 Main Street, Suite 5400
                           Dallas, Texas 75201
18

19

20

21

22

23

24

25
```

1    MR. MAIMON: Okay. Great.
2    THE COURT: Okay. All right. Take care, everyone.
3    MR. CAMPBELL: Thank you.
4                      (Recess)
5    THE CLERK: Calling Sherrod, Teed, Vanderhagen and
6    Ware v VNA and LAN.
7    THE COURT: Okay. So for plaintiffs, we have
8    Mr. Maimon.
9    MR. MAIMON: Yes. Good afternoon, Your Honor.
10   THE COURT: Good afternoon. And for VNA?
11   MR. CAMPBELL: We have James Campbell, Minh
12   Nguyen-Dang, and Mark Ter Molen.
13   THE COURT: Okay. And for LAN. We have Mr. Kent.
14   But he's staying quiet about it. This might be the first
15   time. Okay.
16        Let me just look. I'm looking at -- let me tell you
17   what I'm doing right now. I wanted to be sure that MDEQ,
18   MDHHS and the Michigan Department of Treasury are independent
19   legal entities. And but I didn't have a chance to do that
20   over the weekend. And I wonder why. And so I'm just trying
21   to get that done right now. Okay.
22        And it looks like they can be sued. Sutherland v
23   Michigan Department of Treasury shows that -- and Detroit
24   Edison v Michigan Department of Environmental Quality. So
25   hold on. Okay.

```
 1              So why don't we get started on the jury instructions
 2    with the issue of the nonparty at fault instruction so that we
 3    get -- because that's a place where we had an instruction.
 4    Then there was some back and forth.  And so we need to clarify
 5    that.
 6              And VNA submitted over the weekend a 14-page
 7    instruction.  And it starts with the model instruction.
 8    Inserts the various -- well it -- and then it goes on from
 9    there with the theory of liability for each of the nonparty
10    entities or individuals.
11              And the problem I have with this -- and I have your
12    chart with the objections and the explanations right here.  I
13    was able to print all of that out and go over it.
14              The issue that I have is that as I look at the
15    theories of liability that you have, for example for
16    Governor Snyder, theory number 1, approving Flint's decision
17    to join the KWA without first ensuring that Flint would have a
18    safe and adequate water supply in the interim, I don't know
19    what the evidence -- I'm not convinced that for the nine
20    theories of liability for the former governor, that there --
21    that I heard evidence supporting each and every one of these
22    theories.
23              Number 9, acting to suppress or downplays concerns
24    with Flint water, I just don't know that I heard that
25    testimony.  And I'm looking at just the governor right now.
```

1  So I have a very hard time with including those nine theories
2  explicitly in here.
3            The nonparty case, I'm going to be really honest with
4  you, it hasn't been entirely clear to me with all of the
5  individuals and entities what your theory is.  I'm following
6  the evidence.  I'm doing my best.  But I'm not a juror on the
7  case.
8            So I didn't hear any testimony regarding Mr. Baird.
9  You have Mr. Baird in here.  He may have done something
10 terrible.  I don't know what it was.  And I don't want to say
11 he didn't do something.  But I -- let me just see.  Okay.
12           But I don't know -- I didn't hear -- I saw his name
13 on a couple of emails that he was copied on an email.  But and
14 I heard Mr. Muchmore say that he had a prominent role in the
15 Snyder administration.  But beyond that, I just -- so you're
16 the ones who are making the case, not me.  And so I don't want
17 to limit you in any way in terms of making your case in front
18 of the jury.
19           If you, you know, need more witnesses, more time.
20 That's always available.  But more to the point, your closing
21 argument will be a place to set forth your theory and hammer
22 it home to this jury so that they can make the right decision
23 on the nonparties.
24           But when we look at Gerald Ambrose and theory number
25 one, undermining efforts by the DWSD to inform the city and

1  the public that the city could return to Detroit water, I
2  heard Ms. McCormick say that on her way to talk to city
3  council she got a call from Mr. Ambrose saying she wasn't on
4  the agenda that night.  I think she proceeded on and spoke.
5  But I don't know why she wasn't on the agenda.
6              Is that the evidence that you have for Mr. Ambrose
7  undermining efforts by DWSD to inform the city?
8  Mr. Nguyen-Dang?
9              MR. NGUYEN-DANG:  So Your Honor, we set out our
10 bases, our evidentiary bases for each of these in the chart
11 that we submitted.
12             THE COURT:  Okay.  Yep.  Let's go to the chart on Sue
13 McCormick.
14             MR. NGUYEN-DANG:  So that one -- I'm sorry.
15             THE COURT:  Here it is.  It's Mr. -- okay.  It says
16 Ms. McCormick testified that Mr. Ambrose undermined the --
17 see, that's all it says here.  Did your -- and so I think the
18 testimony -- I read through this yesterday.  I think the
19 testimony was -- but correct me if I'm wrong.  Because I could
20 have missed it.
21             That she was driving -- she had been invited by a
22 city council person to come to the city council meeting and
23 talk about DWSD.  And on the way there she got a phone call
24 from Ambrose who said you're not on the agenda.
25             Is that it?