**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

| | |
|---|---|
| IN RE FLINT WATER LITIGATION | Case No. 5:16-cv-10444-JEL-MKM<br>Hon. Judith E. Levy |
| This Document Relates To:<br>*Bellwether III Trial* | Case No. 5:17-cv-11166-JEL-MKM<br>Case No. 5:17-cv-11165-JEL-MKM |

_____

**DEFENDANTS VEOLIA NORTH AMERICA, LLC, VEOLIA NORTH
AMERICA, INC., AND VEOLIA WATER NORTH AMERICA
OPERATING SERVICES, LLC'S SUBMISSION REGARDING THE
<u>PROTECTIVE ORDER FOR DR. SPECHT'S MATLAB CODE</u>**

VNA has agreed to a robust protective order limiting distribution of Dr. Specht's MATLAB code only to Dr. Huber and specific VNA counsel working with Dr. Huber, but there remain two disputes as to which Plaintiffs have overreached.

1.      Plaintiffs seek a wildly exorbitant liquidated damages provision that would impose a "fine" of at least ***$40 million*** jointly and severally against VNA and all of its active counsel of record for ***any*** violation of the order. VNA's counsel take their confidentiality obligations seriously and will comply with those obligations, as they have throughout this litigation. If Plaintiffs believe that a violation occurs, they are free to seek appropriate remedies. But liquidated damages are entirely inappropriate. *See Sony Comput. Entm't Am., Inc. v. NASA Elec. Corp.*, 249 F.R.D. 378, 381 (S.D. Fla. 2008) (finding "scant support" for similar, but far smaller, liquidated damages that improperly sought to "require[] the imposition of liquidated

damages without regard to the circumstances surrounding the breach").

The exorbitant amount of the "fine" is also arbitrary, speculative, and not based on any evidence of the MATLAB code's worth. *See In re Exemplar Mfg. Co.*, 331 B.R. 704, 711 (Bankr. E.D. Mich. 2005) (liquidated damages in a contract must be a "'reasonable estimate of the actual damages,'" not a "penalty"). Dr. Specht's pXRF device is used only for research and is not FDA-approved for any medical or commercial use. In objecting to the code's production, Dr. Specht himself tried to downplay its value—insisting that the code is not necessary to calculate bone lead levels. The code is also apparently owned, at least in part, by Purdue and Harvard (Specht Dep. 45:20-46:12), and they have not objected to its production.

2.      Plaintiffs also want to say categorically that the MATLAB code is proprietary, whereas VNA believes that the order should say only that Dr. Specht asserts that the code is proprietary. VNA cannot agree that the code is proprietary without having seen the code, let alone deposed Dr. Specht about it. Plus, Plaintiffs' language adds nothing to the protections set forth in the protective order.

*Respectfully submitted,*

CAMPBELL CONROY  &
O'NEIL, P.C.

/s/ James M. Campbell
James M. Campbell
Alaina N. Devine
20 City Square, Suite 300
Boston, MA  02129
(617) 241-3000
jmcampbell@campbell-trial-lawyers.com
adevine@campbell-trial-lawyers.com

MAYER BROWN, LLC


/s/ Michael A. Olsen
Michael A. Olsen
71 South Wacker Drive
Chicago, IL 60606
(312) 701-7120
molsen@mayerbrown.com

*Attorneys for Veolia North America, LLC, Veolia North America, Inc., and Veolia Water North America Operating Services, LLC*

Dated:  April 17, 2023

## CERTIFICATE OF SERVICE

I hereby certify that on April 17, 2023, I electronically filed this document with the Clerk of the Court using the ECF System, which will send notification to the ECF counsel of record.

By:   /s/ James M. Campbell
James M. Campbell
jmcampbell@campbell-trial-lawyers.com