## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN, SOUTHERN DIVISION

Elnora Carthan; Rhonda Kelso, individually and as next
of friend of K.E.K, a minor child; Darrell and Barbara
Davis; Michael Snyder, as personal representative of
the Estate of John Snyder, deceased; Marilyn Bryson;
David Munoz; Tiantha Williams, individually and as
next of friend of T.W., a minor child; Amber Brown, as
next of friend of K.L.D., a minor child; Frances Gilcreast;
EPCO Sales, LLC; Angelo's Coney Island Palace, Inc., on
behalf of themselves and all others similarly situated,

                       Plaintiffs,

-vs-

Governor Rick Snyder, in his individual and official
capacities; the State of Michigan; the City of Flint; Daniel
Wyant, in his individual capacity; Andy Dillon, in his
individual capacity; Nick Lyon, in his individual capacity;
Nancy Peeler, in her individual capacity; Liane Shekter-
Smith, in her individual capacity; Adam Rosenthal, in his
individual capacity; Stephen Busch, in his individual
capacity; Patrick Cook, in his individual capacity;
Michael Prysby, in his individual capacity; Bradley
Wurfel, in his individual capacity; Jeff Wright, in his
individual capacity; Edward Kurtz, in his individual
capacity; Darnell Earley, in his individual capacity;
Gerald Ambrose, in his individual capacity; Dayne
Walling, in his individual capacity and official capacities;
Howard Croft, in his individual capacity; Michael
Glasgow, in his individual capacity; Daugherty Johnson,
in his individual capacity; Lockwood, Andrews &
Newnam, P.C.; Lockwood, Andrews & Newnam, Inc.; Leo
Daly Company; Veolia North America, LLC; Veolia North
America, Inc.; Veolia Water North America Operating
Services, LLC,

                       Defendants.

Docket:  5:16-cv-10444-
JEL

Hon. Judith E. Levy

**LAN'S BRIEF OPPOSING CLASS PLAINTIFFS'
MOTION TO STRIKE AND FOR JUDGMENT ON THE PLEADINGS**

# TABLE OF CONTENTS

**Page**

TABLE OF CONTENTS.................................................................................................i

INDEX OF AUTHORITIES ........................................................................................ ii

CONCISE STATEMENT OF THE ISSUES PRESENTED ...................................................iv

CONTROLLING OR MOST APPROPRIATE AUTHORITIES.......................................... v

INTRODUCTION.................................................................................................... 1

ARGUMENT I........................................................................................................ 4

       This Court should deny Class Plaintiffs' request to strike Defendants' nonparty at fault defenses because (1) Plaintiffs' motion is essentially an untimely request for reconsideration and an untimely motion to strike, (2) Plaintiffs are estopped from challenging Defendants' nonparties at fault defenses, (3) Defendants' notices of nonparties at fault comply with Mich. Ct. R. 2.112(K), and (4) Defendants' notices of nonpartIES at fault adequately alleged that the nonparties at fault contributed to causing or prolonging the corrosive water conditions in the City of Flint's water distribution system................................................... 4

  A.  Plaintiffs' motion to strike is merely an untimely motion for reconsideration and an untimely motion to strike............................................ 4

  B.  Plaintiffs are estopped from challenging Defendants' nonparties at fault defenses........................................................................................ 5

  C.  Defendants' notices of nonparties at fault comply with Mich. Ct. R. 2.112(K) ........................................................................................ 9

  D.  Defendants have adequately alleged that the nonparties are at fault for contributing to causing or prolonging corrosive water conditions in the City of Flint's water distribution system.......................................... 12

ARGUMENT II ..................................................................................................... 20

       Plaintiffs' effort to apportion fault of properly noticed nonparties during the individual phase of the trial is meritless .......................................................................................... 20

CONCLUSION ...................................................................................................... 23

# INDEX OF AUTHORITIES

**Page**

## CASES

*Barnes v Owens-Corning Fiberglas Corp.*,
    201 F.3d 815 (6th Cir. 2000) ............................................................ 16

*Dimick v. Schiedt*,
    293 U.S. 474 (1935) ......................................................................... 22

*Goodwin v. Northwest Michigan Fair Association*,
    325 Mich. App. 129; 923 N.W.2d 894 (2018) ................................. 14, 19

*Google LLC v. Oracle America, Inc.,*
    141 S. Ct. 1183 (2021) ...................................................................... v, 22

*Johnson v. Abrams*,
    No. 287906, 2011 WL 668356 (Mich. Ct. App. Feb. 24, 2011) ......... 11

*Jones v. Enertel, Inc.,*
    254 Mich. App. 432; 656 N.W.2d 870 (2002) ................................... 13

*Kaiser v. Allen*,
    480 Mich. 31; 746 N.W.2d 92 (2008) ............................................... 17

*Lamp v. Reynolds*,
    249 Mich. App. 591; 645 N.W.2d 311 (2002) ............................ v, 17, 20

*Majchrzak v. County of Wayne*,
    838 F. Supp. 2d 586 (E.D. Mich. 2011) ........................................ v, 5

*Rihani v Greeley & Hansen of Michigan, LLC,*
    unpublished per curiam opinion of Michigan Court of Appeals Docket
    No. 256921, 256941, issued Oct. 25, 2005 ...................................... 18

*Rinke v. Potrzebowski*,
    254 Mich. App. 411; 657 N.W.2d 169 (2002) ................................... 11

*Romain v. Frankenmuth Mut. Ins. Co.,*
    483 Mich. 18; 762 N.W.2d 911 (2009) ........................................ v, 14, 16

*Salter v. Patton*,
    261 Mich. App. 559; 682 N.W.2d 537 (Mich. Ct. App. 2004) ............ 18

*Stanley v. FCA US*, LLC,
    51 F.4th 215 (6th Cir. 2022) ......................................................... v, 9, 16

*Vandonkelaar v. Kid's Kourt, LLC,*
   290 Mich. App. 187; 800 N.W.2d 760 (2010) ................................................... 12, 17

**STATUTES**

M.C.L. 600.2957 ............................................................................ 14, 16, 18, 20

M.C.L. 600.2957(1) .................................................................................. 13, 18

M.C.L. 600.2957(3) .................................................................................. 13, 19

M.C.L. 600.2959 ............................................................................................ 20

M.C.L. 600.6304 ................................................................................14, 16, 20

M.C.L. 600.6304(8) ..................................................................................v, 14, 17

**RULES**

E.D. Mich LR 7.1(h)(2) .................................................................................... 5

Fed. R. Civ. P. 12(f)(2) ................................................................................... 5

Mich. Ct. R. 2.112(K) ..............................................................................iv, 4, 9

Mich. Ct. R. 2.112(K)(3) ...........................................................................v, 9

Mich. Ct. R. 2.112(K)(3)(a) ............................................................................ 6

Mich. Ct. R. 2.112(K)(3)(b) .......................................................................... 11

Mich. Ct. R. 2.112(K)(3)(c) .......................................................................... 12

**OTHER AUTHORITIES**

Mich. Civ. J.I. 42.05.............................................................................v, 20, 21

**CONCISE STATEMENT OF THE ISSUES PRESENTED**

**I**

Should this Court deny Class Plaintiffs' request to strike Defendants' nonparty at fault defenses because (1) Plaintiffs' motion is essentially an untimely request for reconsideration and an untimely motion to strike, (2) Plaintiffs are estopped from challenging Defendants' nonparties at fault defenses, (3) Defendants' notices of nonparties at fault comply with Mich. Ct. R. 2.112(K); and (4) Defendants' notices of nonparty at fault adequately show that the nonparties at fault contributed to causing or prolonging the corrosive water conditions in the City of Flint's water distribution system?

Defendants Lockwood, Andrews & Newnam, P.C. and Lockwood, Andrews & Newnam, Inc., answer, "yes."

Class Plaintiffs answer, "no."

**II**

Should this Court deny Plaintiffs' request to change its prior rulings and reserve the apportionment of fault for the individual phase of this litigation?

Defendants Lockwood, Andrews & Newnam, P.C. and Lockwood, Andrews & Newnam, Inc., answer, "yes."

Class Plaintiffs answer, "no."

## CONTROLLING OR MOST APPROPRIATE AUTHORITIES

*Google LLC v. Oracle America, Inc.*, 141 S. Ct. 1183 (2021)

*Lamp v. Reynolds*, 249 Mich. App. 591; 645 N.W.2d 311 (2002)

Michigan Civil Jury Instruction 42.05

M.C.L. § 600.2957

M.C.L. § 600.6304(8)

Mich. Ct. R. 2.112(K)(3)

*Majchrzak v. County of Wayne*, 838 F. Supp. 2d 586 (E.D. Mich. 2011)

*Romain v. Frankenmuth Mut. Ins. Co.*, 483 Mich. 18; 762 N.W.2d 911 (2009)

*Stanley v. FCA US, LLC*, 51 F.4th 215 (6th Cir. 2022)

## INTRODUCTION

Plaintiffs belatedly seek to alter the playing field by arguing that Defendants' nonparty at fault defenses should be stricken.  In support of their motion to strike, Plaintiffs argue that most nonparties at fault are shielded from liability and that Defendants must show they "owed a duty with respect to the professional negligence claims" or engaged in conduct that is "relevant to the issue of Defendants' professional negligence." Brief in Support of Class Plaintiffs' Motion to Strike and For Judgment On the Pleadings ("Motion to Strike"), ECF 2411, PageID.77074-77075. Plaintiffs assert that the nonparties' conduct is a separate tort and not recoverable.  In the alternative, Plaintiffs argue that the trier of fact should not consider the nonparties at fault during the class issues phase of the litigation.

These arguments contradict earlier well-reasoned decisions of this Court and conflict with governing law on nonparties at fault. In 1995, the Michigan Legislature replaced joint-and-several liability with a new plan to provide for a system of liability that ensures that defendants pay only their fair share of the damages. This was intended to make sure that defendants with "deep pockets" do not have to pay for other tortfeasors' share of the fault for a plaintiff's injuries. House Leg. Analysis, H.B. 4508 (Sub. H-6) at 3 (April 27, 1995) (House Analysis).

1

This Court previously concluded that the nonparties at fault identified by Defendants owed a duty and that fact questions exist concerning whether and to what extent they contributed to causing or prolonging the corrosive water conditions in the City of Flint's water distribution system. Plaintiffs sued many nonparties at fault who were added as nonparties at fault after they were dismissed from or settled those lawsuits. After suing nearly all the nonparties at fault identified by the defendants, Plaintiffs cannot now be heard to say those nonparties owed no duty. Under the doctrine of estoppel, Plaintiffs' own pleadings and binding admissions bar their belated effort to do an about-face. After strenuously arguing that the nonparties at fault were liable to them and extracting settlements from many of them, Plaintiffs are estopped to now say they owed no duty and that the Court should grant judgment and strike the defenses.

Moreover, after vigorously advocating for class certification and contending that breach of duties and general causation are properly handled on a classwide basis, Plaintiffs' effort to reserve consideration of nonparty fault to the individual phase must be rejected. The fault the named nonparties is based on the trier of fact's evaluation of breach of duty and causation, which is part of the class phase of the litigation. Indeed, if Plaintiffs are correct, then issues on causation should be decertified because they would all need to be

completely retried in the individual phase of the litigation. And of course, that would raise serious questions under the Seventh Amendment and would require major substantive changes to this Court's order defining the issues for class trial. Thus, Class Plaintiffs' Motion to Strike and For Judgment On the Pleadings should be denied in its entirety.

**ARGUMENT I**

**THIS COURT SHOULD DENY CLASS PLAINTIFFS' REQUEST TO STRIKE DEFENDANTS' NONPARTY AT FAULT DEFENSES BECAUSE (1) PLAINTIFFS' MOTION IS ESSENTIALLY AN UNTIMELY REQUEST FOR RECONSIDERATION AND AN UNTIMELY MOTION TO STRIKE, (2) PLAINTIFFS ARE ESTOPPED FROM CHALLENGING DEFENDANTS' NONPARTIES AT FAULT DEFENSES, (3) DEFENDANTS' NOTICES OF NONPARTIES AT FAULT COMPLY WITH MICH. CT. R. 2.112(K), AND (4) DEFENDANTS' NOTICES OF NONPARTIES AT FAULT ADEQUATELY ALLEGED THAT THE NONPARTIES AT FAULT CONTRIBUTED TO CAUSING OR PROLONGING THE CORROSIVE WATER CONDITIONS IN THE CITY OF FLINT'S WATER DISTRIBUTION SYSTEM**

**A.      PLAINTIFFS' MOTION TO STRIKE IS MERELY AN UNTIMELY MOTION FOR RECONSIDERATION AND AN UNTIMELY MOTION TO STRIKE.**

In August 2021, this Court ruled that Defendants Lockwood, Andrews and Newnam, P.C., and Lockwood, Andrews and Newnam, Inc.'s ("LAN Defendants" or "Defendants") nonparties at fault defenses were properly presented to the jury. (8/11/21 Order Granting in Part and Denying in Part Plaintiffs' Motion to Certify Class, ECF No. 1911, PageID.67679-67680). This Court reaffirmed its ruling in November 2022 after Plaintiffs agreed to a question about nonparties at fault during the meet-and-confer sessions to decide jury instructions and the form of the verdict. (Leopold Email of 9/23/22 (attached as Ex. A); Joint Submission Regarding The Certified Issues, ECF No. 2222, PageID.73763; 11/2/22 Order Regarding Certified Class Issues,

4

ECF No. 2250). Now, however, well after the time within which Plaintiffs should have sought reconsideration of these earlier rulings,[1] they have moved to preclude the nonparty at fault defenses. An untimely reconsideration request may be denied on that basis alone. *Majchrzak v. County of Wayne*, 838 F. Supp. 2d 586, 598-599 (E.D. Mich. 2011). As for the LAN Defendants' actual Submission Regarding Non-Parties At Fault filed on November 29, 2022 (ECF No. 2282) – not to mention all earlier and timely filed notices of nonparties at fault (discussed below) – Plaintiffs' motion is also an untimely motion to strike.[2]  Under both rules, Plaintiffs have waited too long to bring this motion. Thus, Plaintiffs' motion should be denied.

## B.   PLAINTIFFS ARE ESTOPPED FROM CHALLENGING DEFENDANTS' NONPARTIES AT FAULT DEFENSES

Plaintiffs previously accepted Defendants' nonparty at fault defenses as adequate, and this Court agreed that they were adequate during earlier proceedings. Thus, Plaintiffs' belated efforts to challenge the defenses must be rejected.

---

[1] *See* E.D. Mich LR 7.1(h)(2) (motions for rehearing or reconsideration of non-final orders "must be filed within 14 days after entry of the order ….").

[2] See Fed. R. Civ. P. 12(f)(2) (a motion to strike a pleading must be filed "within 21 days after being served with the pleading.").

The LAN Defendants first filed their notices of nonparties at fault in the cases of *Walters, et al., v. City of Flint, et al.,* Case No. 17-cv-10164 (ECF Nos. 173, 380),[3] and *Sirls, et al., v. State of Michigan, et al.,* Case No. 17-cv-10342 (ECF No. 119). Then, under the Amended Order Establishing Procedures and Timelines Regarding Master and Short-Form Complaints, entered by this Court on January 23, 2018, ECF No. 347, those cases were designated as lead cases for such filings. The LAN Defendants also filed a master notice of nonparties at fault in this docket.  (ECF No. 482, 5/9/18 LAN Notices of Nonparties at Fault; ECF No. 547, 8/2/18 LAN Master Notice of Nonparties at Fault). The LAN Defendants later filed an amended master notice of nonparties at fault. (ECF 1930, PageID.67416-67554). Thus, the LAN Defendants (and VNA)[4] supplied Plaintiffs with a detailed notice of nonparties at fault, which was supplemented as the case progressed. For more than three years, Plaintiffs did not move to challenge those notices or argue that they were untimely or somehow inadequate under the court rule.

---

[3] VNA also filed notices in *Walters*. See ECF Nos. 278, 324.  The United States filed notices in *Walters* as well.  See ECF No. 2322.

[4] VNA's notices are found at ECF Nos. 672, 899, 1313, 2281. As permitted by Mich. Ct. R. 2.112(K)(3)(a), "[a] notice filed by one party identifying a particular nonparty serves as notice by all parties as to that nonparty."

Moreover, counsel for Class Plaintiffs stated in an email on the proposed

issues to be tried:

6. <u>Issue #7</u>- Per our discussion, this issue is appropriate for the
Issues Class Trial, however as the bellwether trial showed, the
ultimate percentage of fault allocation is an individualized
question. As per the Michigan non-party at fault statutes, VNA
proposes that Issue #7 address the same breach and causation
questions for the non-parties as to VNA and LAN, and proposes
that Issue #7 be redrafted to ask both:
   1. **"Did any non-party breach a duty of care owed to
      class members?"** and
   2. **"If a non-party breached a duty of care owed to class
      members, did that breach cause, prolong, or
      contribute to causing or prolonging harmful water
      conditions in the Flint water distribution system?"**

<u>Class Counsel</u>:      We propose issue no. 7 to read as follows:
Did any non-party breach a duty of care owed to class
members?  If yes, did that breach contribute in causing
corrosive water conditions in the Flint water distribution
system?

(9/23/22 Leopold email, Ex. A).  Plaintiffs thus agreed to submission of the

issue of nonparty breach of a duty of care owed to class members. *Id.*

The parties then submitted a Joint Submission Regarding Certified

Issues to this Court that embodied the points on which they agreed and set

forth the points on which they disagreed. (Joint Submission Regarding the

Certified Issues, ECF 2222, PageID.73763-73774). The submission reflected

agreement between Plaintiffs and Defendants that the nonparty at fault issue

was appropriately considered as part of the class trial:

Issue #7 – Allocation of Fault

> All parties agree that some aspects of non-party at fault are appropriate for the Issues Class Trial.**"**

(*Id.* at PageID.73769). Class Plaintiffs' Position was set forth as follows:

> Class Plaintiffs believe Issue #7 is appropriate for the Issues Trial, but it should be amended to read: **"Were non-parties at fault for the injuries caused by corrosive water conditions in the Flint water system during the relevant time period? If yes, what percentage of fault is attributable to Defendants?"**

(*Id*. (emphasis in original)).

In its November 2, 2022 Order, the Court articulated the nonparty issue

as follows: "Did any non-party contribute to causing or prolonging the

contaminated water conditions in the Flint water distribution system? If so,

what percentage of fault do you attribute to each party and non-party?" (ECF

No. 2250, PageID.73962).[5]

---

[5] This Court's final jury instructions and final verdict form in the initial bellwether trial likewise reflected the decision that the nonparties at fault should be part of the class trial and that the jury should be asked to consider their fault and the proportion to which it caused or contributed to the corrosive water situation in Flint. (Bellwether Case, Case No. 17-cv-10164; Final Jury Instructions, ECF 893, PageID.54421-54422; Verdict Form, ECF No. 918, PageID.65766-65787, 65791).

Yet now, nearly six months later, Plaintiffs belatedly assert that Defendants' nonparty at fault defenses should be stricken – defenses they agreed to litigate at trial.  Plaintiffs are estopped from taking this position, and therefore, their motion should be denied.  See *Stanley v. FCA US*, LLC, 51 F.4th 215, 218-19 (6th Cir. 2022) (The doctrine of estoppel "generally prevents a party from prevailing in one phase of a case on an argument and then relying on a contradictory argument to prevail in another phase. In doing so, the doctrine preserves the integrity of the courts by preventing a party from abusing the judicial process through cynical gamesmanship.") (Citations and punctuation omitted).

## C.   DEFENDANTS' NOTICES OF NONPARTIES AT FAULT COMPLY WITH MICH. CT. R. 2.112(K)

Mich. Ct. R. 2.112(K)(3) addresses notices of nonparties at fault and provides in relevant part:

> (a) A party against whom a claim is asserted may give notice of a claim that a nonparty is wholly or partially at fault. A notice filed by one party identifying a particular nonparty serves as notice by all parties as to that nonparty.
>
> (b) The notice shall designate the nonparty and set forth the nonparty's name and last known address, or the best identification of the nonparty that is possible, together with a brief statement of the basis for believing the nonparty is at fault.
>
> (c) The notice must be filed within 91 days after the party files its first responsive pleading. On motion, the court shall allow a later

9

> filing of the notice on a showing that the facts on which the notice
> is based were not and could not with reasonable diligence have
> been known to the moving party earlier, provided that the late
> filing of the notice does not result in unfair prejudice to the
> opposing party.

In arguing that the LAN Defendants' notices violate this rule, Class Plaintiffs

disregard the timely filing of the several notices identified above and instead

base their belated motion to strike on a list of nonparties at fault that

Defendants submitted to identify, for the parties and the Court, those specific

nonparties at fault Defendants intend to pursue in this trial. (ECF No. 2282,

LAN Defendants' Submission Regarding Non-Parties At Fault). Defendants

filed this list in response to a request from this Court at an October 26, 2022

status conference. (Transcript of 10/26/22 status conference, p 42, attached

as Ex. B (Court: "I want to know who, going into this trial, you believe are the

nonparties at fault.)".

Plaintiffs mischaracterize the list, arguing that it lacks information other

than the parties' names. (Motion to Strike, ECF 2411, PageID.77074-77075).

But there is no basis for reading that list without reference to the earlier

notices that Defendants filed, notices that Plaintiffs called "sprawling," which

underscores the breadth and depth of information supplied as to the

nonparties' fault, all of which was provided to Plaintiffs years ago. Likewise,

Plaintiffs' contention that the notices fail to include the mandatory "brief statement of the basis for believing the nonparty is at fault" must be rejected.

Also lacking in merit are Plaintiffs' additional criticisms that even the prior notices are deficient because they lack sufficient information to permit the parties to "prepare their opening statements, their evidence, and so on," and they fail to point to a specific legal duty. (Motion to Strike, ECF 2411, PageID.77086). As discussed above, the court rule requires only a "brief statement of the basis for believing the nonparty is at fault." There is no mandate that a party provide a detailed dissertation on the nonparty's duty and the source of that duty.  Rather, as one panel of the Michigan Court of Appeals explained, "[i]n order to state the basis for believing that others bear fault, the party filing notice must identify specific acts or omissions that it reasonably believes might have caused the harm at issue." *Johnson v. Abrams*, No. 287906, 2011 WL 668356, at *5 (Mich. Ct. App. Feb. 24, 2011).[6]

If this Court were inclined to view the multiple notices Defendants have filed throughout the litigation as lacking proper detail, then it should permit

---

[6]The rule's identification requirement is also not overly burdensome.  "[T]he language of [Mich. Ct. R. 2.112(K)(3)(b)] is clear: The defendant is not required to specifically identify the nonparty, but only to identify the nonparty as best he can." *Rinke v. Potrzebowski*, 254 Mich. App. 411, 416, 657 N.W.2d 169 (2002).

LAN to amend those notices, per Mich. Ct. R. 2.112(K)(3)(c), given that trial is still six months away. Thus, Plaintiffs' motion should be denied.

**D.   DEFENDANTS HAVE ADEQUATELY ALLEGED THAT THE NONPARTIES ARE AT FAULT FOR CONTRIBUTING TO CAUSING OR PROLONGING CORROSIVE WATER CONDITIONS IN THE CITY OF FLINT'S WATER DISTRIBUTION SYSTEM**

Class Plaintiffs argue that the Court should strike LAN's notices and render judgment on the pleadings for two more reasons. First, they assert that "Defendants have not met their burden of alleging that any of the 28 nonparties listed owed any duty with respect to the professional negligence claims at issue…." (Motion To Strike, ECF 2411, PageID. 77075). Second, they contend that Defendants must "show that the conduct of a nonparty is relevant to the issue of Defendants' professional negligence." *Id*. They argue that these nonparties' conduct would otherwise "constitute a 'separate tort that initiated a new causal chain leading to its own set of damages, which … would not be recoverable [ ] due to [governmental] immunity." (*Id*. at PageID.77076 citing *Vandonkelaar v. Kid's Kourt, LLC,* 290 Mich. App. 187, 192; 800 N.W.2d 760 (2010)).

Neither of these arguments tracks the plain language of the comparative fault statutes or with Michigan law. The Michigan comparative fault statutes provide that in a tort action for personal injury, the liability of each person is

allocated by the trier of fact "in direct proportion to the person's percentage of fault." M.C.L. § 600.2957(1). *See also Jones v. Enertel, Inc.,* 254 Mich. App. 432, 435, 656 N.W.2d 870 (2002) ("As a result of the Legislature's 'fair share liability' system, each tortfeasor is responsible for a portion of the total damage award according to their percentage of fault.") (citation omitted). In assessing percentages of fault, "the trier of fact shall consider the fault of each person, regardless of whether the person is, or could have been, named as a party to the action." M.C.L. § 600.2957(1). Additionally, M.C.L. § 600.2957(3) explicitly recognizes that the comparative fault statutes consider the percentage of fault of nonparties even if they have a defense or are immune from the liability:

> Sections 2956 to 29602 do not eliminate or diminish a defense or immunity that currently exists, except as expressly provided in those sections. Assessments of percentages of fault for nonparties are used only to accurately determine the fault of named parties. If fault is assessed against a nonparty, a finding of fault does not subject the nonparty to liability in that action and shall not be introduced as evidence of liability in another action.

M.C.L. § 600.2957(3).

The term "fault" is defined in the statute as "an act, an omission, conduct, including intentional conduct, a breach of warranty, or a breach of a legal duty, or any conduct that could give rise to the imposition of strict liability, that is a proximate cause of damage sustained by a party." M.C.L. §

600.6304(8). The Michigan Supreme Court has held that "proof of a duty *is* required 'before fault can be apportioned and liability allocated' under the comparative fault statutes, M.C.L. 600.2957 and M.C.L. 600.6304." *Romain v. Frankenmuth Mut. Ins. Co.,* 483 Mich. 18, 20; 762 N.W.2d 911 (2009) (per curiam) (emphasis in original). Thus, when there are multiple tortfeasors, the "law imposes fair-share liability; each tortfeasor is liable only for the portion of the total award of damages that reflects that tortfeasor's apportionment of fault." *Goodwin v. Northwest Michigan Fair Association*, 325 Mich. App. 129, 139; 923 N.W.2d 894 (2018).

Plaintiffs sued most of the nonparties at fault, and thus represented to the Court that those nonparties or their employees owed Plaintiffs an actionable duty. Plaintiffs alleged that the very nonparties at fault they now seek to dismiss (because they purportedly owe no duty) violated duties under state and federal law. This Court identified the causes of action that Plaintiffs asserted against many of the same persons and entities that they now argue are not properly considered nonparties at fault. (8/1/18 Opinion and Order, ECF 546, at PageID.16634-16635). Class Plaintiffs later moved to file an amended complaint, by adding, among others, a claim for gross negligence, given the Court's ruling that Class Plaintiffs had plausibly alleged claims of bodily injury against many nonparties at fault. (10/5/18 Motion For Leave to

14

File an Amended Complaint, ECF 620, PageID.17764-18289). Plaintiffs argued that they had "sufficiently alleged that the harms alleged were foreseeable— otherwise Class Plaintiffs' claims of bodily integrity would surely fail—Class Plaintiffs' claim of gross negligence is not futile." (*Id*. at PageID.17790). Plaintiffs also contended that the nonparties at fault that they now seek to have dismissed prolonged their exposure to toxic Flint Water and limited their access to state resources by failing to declare a state of emergency in Flint and refusing to enforce environmental and nondiscrimination laws to protect citizens of Flint. (ECF 620-3, PageID.17980-17981). And Plaintiffs alleged that these entities and individuals' actions and omissions caused or contributed to the corrosive water situation in Flint for which they seek to recover from the LAN Defendants.

And Plaintiffs argued against motions to dismiss filed by most of those nonparties at fault.  This Court recognized Plaintiffs' allegation that "these government defendants owed [Plaintiffs] a duty not to conduct their official responsibilities recklessly, but that they did so by playing a role in Flint's transition to the Flint River and downplaying the resulting harm." (Opinion Order Granting in Part & Denying in Party Putative Plaintiff Motion, ECF 798, PageID.21178). This Court also recognized that Plaintiffs argued "that defendants' conduct was grossly negligent and caused their injuries...." *Id.*

15

Plaintiffs also successfully argued that the EPA owed them a common law duty of care. Walters v Flint, Case No. 17-cv-10164, ECF No. 318, PageID.12670-12691. Those admissions are binding on Plaintiffs, *Barnes v Owens-Corning Fiberglas Corp.*, 201 F.3d 815, 829 (6th Cir. 2000), and, again, Plaintiffs are estopped from now adopting the contrary position, *Stanley*, 51 F.4th at 218-19.

The nonparties at fault that Defendants have identified owe duties arising from the common law; federal and state constitutions; federal and state statutes and regulations; and contracts.[7] Class Plaintiffs have not only alleged the existence of such duties but have vigorously argued in support of their existence. Thus, their motion is properly denied.

Class Plaintiffs are wrong to argue that the nonparties at fault must have breached a duty of professional negligence. Plaintiffs point to no statutory language supporting this contention, and again, the Michigan Supreme Court has instructed only that "proof of ***a duty*** is required before fault can be apportioned and liability allocated under the comparative fault statutes, M.C.L. 600.2957 and MCL 600.6304." *Romain*, 483 Mich. at 21 (citation and punctuation omitted; emphasis added). Plaintiffs' argument is based on a

---

[7] The LAN Defendants adopt and incorporate the discussion of duties set forth on pages 7-11 of VNA's Opposition to Plaintiffs' Motion to Strike.

misconception as to the law of multiple tortfeasors when there is no concert of action between them but the plaintiffs seek recovery for a single indivisible injury. Traditionally, under joint-and-several liability, when tortfeasors produced a single indivisible injury, they were held jointly and severally liable. *Kaiser v. Allen*, 480 Mich. 31, 37; 746 N.W.2d 92 (2008).  Under today's legislative plan, "consideration of the causal relation between the conduct and the claimed damages means consideration of conduct that jointly contributed to the injury and the damages flowing from that particular conduct and resulting injury." *Vandonkelaar*, 290 Mich. App. at 197-198. So Michigan law does not require the jury to only consider the same type of at-fault conduct. *Lamp v. Reynolds*, 249 Mich. App. 591, 602-603; 645 N.W.2d 311 (2002) ("M.C.L. § 600.6304(8) specifically defines 'fault' as 'an act, an omission, conduct, including intentional conduct, ... that is a proximate cause of damage sustained by a party.' Consequently, the application of the comparative fault statutes in Michigan does not depend on the type of at-fault conduct of either a plaintiff or a defendant.").  Regardless of the type of at-fault behavior, under current Michigan law, the jury must determine how much each defendant contributed to the complained-of injuries so that no defendant is liable for more than its fair share of them.

As this Court previously correctly determined in the initial bellwether trial, if the identified nonparties contributed to causing or prolonging the corrosive water conditions for which Plaintiffs seek to hold Defendants liable, then M.C.L. § 600.2957 requires the trier of fact to "consider the fault of each person, regardless of whether the person is, or could have been named as a party to the action." M.C.L. § 600.2957(1). The plain language of the statute contradicts Plaintiffs' assertion that Defendants must "show that the conduct of a nonparty is relevant to the issue of Defendants' professional negligence." (Motion To Strike, ECF 2411, PageID.77074-77075).

In addition, Plaintiffs assert that many nonparties have been dismissed from the litigation. But Michigan courts have repeatedly held that "it is appropriate to add parties that may be at fault for the subject injury even if the non-party has been dismissed from the suit." *Salter v. Patton*, 261 Mich. App. 559, 567; 682 N.W.2d 537 (Mich. Ct. App. 2004)(reversing circuit court decision denying motion for leave to amend nonparty notice of fault to add previously named parties to an action who were dismissed by settlement); *Rihani v Greeley & Hansen of Michigan, LLC*, unpublished per curiam opinion of Michigan Court of Appeals Docket No. 256921, 256941, issued Oct. 25, 2005 (recognizing that a government defendant who is dismissed from suit based on governmental immunity is properly included when the jury determines or

assesses the percentage of fault based on MCL 600.2957(3)). *See also Estate of Goodwin by Goodwin v. Northwest Michigan Fair Association*, 325 Mich. App. 129,150-51; 923 N.W.2d 894 (2018) (holding that father dismissed from lawsuit based on parental immunity could still be considered by the jury as a nonparty at fault). Thus, the dismissal of multiple government defendants based on governmental immunity does not mean that they are not nonparties at fault. If anything, it suggests the opposite conclusion – they owed an actionable duty but were dismissed due to immunity.

## ARGUMENT II

### PLAINTIFFS' EFFORT TO APPORTION FAULT OF PROPERLY NOTICED NONPARTIES DURING THE INDIVIDUAL PHASE OF THE TRIAL IS MERITLESS

Despite this Court's prior rulings, and Plaintiffs' prior agreement that nonparties at fault are properly litigated at this class issues trial, Plaintiffs now belatedly urge a dramatically different approach by which all issues as to nonparties at fault would be reserved for the individual phase of the litigation. Their argument is inconsistent with this Court's prior rulings, inconsistent with Plaintiffs' prior position, violates M.C.L. § 600.2957, conflicts with Michigan Civil Jury Instruction 42.05, and raises constitutional issues under the Reexamination Clause of the Seventh Amendment.

Under Michigan's comparative fault regime, the jury is to reach a fair allocation of damages. It does so "by disavowing labels that distinguish types of at-fault conduct in favor of a more accurate measure for determining apportionment liability – proximate cause." *Lamp*, 249 Mich. App. at 603. The comparative fault statutes, M.C.L. § 600.6304, M.C.L. § 600.2957, and M.C.L. § 600.2959, "mandate the allocation of liability among all persons who contributed to the accrual of a plaintiff's damages." *Id.* at 605. The statutes contemplate a jury's evaluating the extent to which each party and nonparty potentially at fault contributed to causing the injury:

> These statutes do not distinguish between types of at-fault
> conduct that resulted in the plaintiff's sustaining damages.
> Consequently, the comparative fault statutes apply to all persons,
> including the plaintiff, who are found to be at fault, i.e., whose
> conduct is a proximate cause of the plaintiff's damages. A plaintiff
> will be considered at fault if a defendant proves that the plaintiff's
> conduct was both a cause in fact and a legal, or proximate, cause
> of his own damages. Once the at-fault persons are determined, the
> trier of fact assigns percentages of fault to each person after
> considering the nature of each person's conduct and the extent of
> the causal relation between the conduct and the resulting
> damages. *See* MCL 600.6304(1)(b); MCL 600.6304(2).

*Id.* In other words, the entire comparative fault analysis is predicated on

consideration of the liability, breach of a duty owed, and causation questions.

Additionally, Michigan Civil Jury Instruction 42.05, which deals with

allocation of fault of the parties and nonparties, underscores that the jury is

supposed to consider the contribution of both parties and identified

nonparties at fault at the same time. The instruction reads as follows:

> If you find that (at least one) defendant and an identified nonparty are
> at fault, then you must allocate the total fault among all the parties and
> identified nonparties who are at fault.

> In determining the percentage of fault of each person, you must
> consider the nature of the conduct of each person and the extent to
> which each person's conduct caused or contributed to the plaintiff's
> injury. The total must add up to 100 percent.

Michigan Civil Jury Instruction 42.05. The instruction requires the jury to

consider both parties and nonparties together. The Michigan Supreme Court,

which is responsible for adopting standard jury instructions, has interpreted

the fair-share liability statutes to require consideration of all the potential

contributors to the injury together, and then to allocate their fault. Thus, at a

minimum, the Court should require the jury in this phase to determine

whether each nonparty was at fault and caused or contributed to the causing

or prolonging of the corrosive water conditions for which Plaintiffs seek to

recover.

Finally, the inquiry cannot be reserved to the individual phase without

retrying both liability and causation. The Seventh Amendment is intended to

guard the right to a jury trial and the jury's factual findings:

> In Suits at common law, where the value in controversy shall exceed
> twenty dollars, the right of trial by jury shall be preserved, and no fact
> tried by a jury, shall be otherwise re-examined in any Court of the
> United States, than according to the rules of the common law.

United States Constitution, Seventh Amendment. The Supreme Court has

taught that "[m]aintenance of the jury as a fact-finding body is of such

importance and occupies so firm a place in our history and jurisprudence that

any seeming curtailment of the right to a jury trial should be scrutinized with

the utmost care." *Dimick v. Schiedt*, 293 U.S. 474, 486 (1935). Unless a later

court is determining a legal question, the Seventh Amendment bars later

courts from reexamining facts tried by a jury. *Google LLC v. Oracle America,*

*Inc.,* 141 S. Ct. 1183, 1199-1201 (2021). That longstanding constitutional

prohibition would pose grave problems if the determination of fault is reserved for the individual phase of the litigation.

If this Court reserves determination of fault for the individual phase of the litigation, it raises serious questions concerning whether the class is properly certified to begin with. Thus, this Court should deny Plaintiffs' belated request to reserve a determination of the fault of nonparties to the individual phase of the litigation.

## CONCLUSION

WHEREFORE, for all the above-stated reasons, Defendants Lockwood, Andrews and Newnam, P.C., and Lockwood, Andrews and Newnam, Inc., respectfully request this Court deny Class Plaintiffs' Motion to Strike and For Judgment on the Pleadings, and grants Defendants all such other relief to which they are entitled.

Respectfully submitted,

/s/ Wayne B. Mason
Wayne B. Mason (SBOT 13158950)
Travis S. Gamble (SBOT 00798195)
S. Vance Wittie (SBOT 21832980)
David C. Kent (SBOT 11316400)
FAEGRE DRINKER BIDDLE & REATH
1717 Main St., Ste. 5400
Dallas, TX 75201
(469) 227-8200
wayne.mason@faegredrinker.com
travis.gamble@faegredrinker.com
vance.wittie@faegredrinker.com

/s/ Philip A. Erickson
Philip A. Erickson (P37081)
PLUNKETT COONEY
101 N. Washington Sq, Ste 1200
Lansing, MI 48933
(517) 324-5608
perickson@plunkettcooney.com

david.kent@faegredrinker.com

ATTORNEYS FOR DEFENDANTS
LOCKWOOD, ANDREWS & NEWNAM,
INC. and LOCKWOOD, ANDREWS &
NEWNAM, P.C.

ATTORNEYS FOR DEFENDANTS
LOCKWOOD, ANDREWS & NEWNAM,
INC. and LOCKWOOD, ANDREWS &
NEWNAM, P.C.

## CERTIFICATE OF SERVICE

I hereby certify that on April 27, 2023, I electronically filed LAN Defendants' Brief Opposing Plaintiffs' Motion to Strike Nonparties at Fault with the Clerk of the Court using the ECF system and via email submission of such filing to all attorneys of record.

By:  /s/ Philip A. Erickson
     Philip A. Erickson (P37081)
     Attorney for LAN Defendants
     325 East Grand River Ave., Ste 250
     East Lansing, MI  48823
     (517) 324-5608
     perickson@plunkettcooney.com

Open.25633.72611.30990444-1