# EXHIBIT A

| | |
|---|---|
| **From:** | Theodore Leopold <tleopold@cohenmilstein.com> |
| **Sent:** | Friday, September 23, 2022 11:09 AM |
| **To:** | Devine, Alaina N.; Campbell, James M. |
| **Cc:** | Steve Morrissey; Jordan Connors; Emmy Levens; Leslie Mitchell Kroeger; mpitt; pnovak@weitzlux.com; Mason, Wayne B.; travis.gamble@faegredrinker.com; Erickson, Philip; Kent, David C.; Dupre, Kristin M. |
| **Subject:** | RE: Flint: Summary of Meet and Confer on the Class Issues/VNA's Position |

[EXTERNAL]

Jim, Alaina and Wayne

Regarding the proposed Issues to be tried in the Class Issue trial, see class counsel's comments and suggestions below.

1. Issue #1 – Per our discussion, both sides agree this is not a jury question and needs to be ruled on by Judge Levy via a written order in advance of trial, likely at the summary judgment stage. VNA proposes that Issue #1 be rephrased as follows: **"Did VNA owe a duty of professional care to class members and if so, what was the scope of that duty?"**

   Class Position:   Judge Levy, in the bellwether 1 trial has already ruled on this matter and concluded that VNA and LAN "owed a duty of professional care". We believe that order should apply to the class issue trial. We would stipulate that the written order by Judge Levy should apply to the class trial so that VNA and LAN's position are protected to raise the issue on appeal.

2. Issue #2 – Per our discussion, both sides agree that the standard of care is a legal issue for the Court that can be dealt with via a stipulation. Both sides agree to use the standard of care definition from the first bellwether trial: "what a water engineer of ordinary learning, judgment, or skill in the Flint community or a similar one during the relevant time, 2013-2015, would do, or would not do, under the same or similar circumstances during the relevant time you find to exist in this case."

   Class Position:

   The verdict form question should be simple as set forth in the bellwether trial: "Did Defendant VNA/LAN breach the standard of care for a professional water engineer".

1

<u>The Standard of Care Instruction</u> should read: "what a water engineer of ordinary learning, judgment, or skill in the Flint community or a similar one during the relevant time, 2013-2015, would do, or would not do, under the same or similar circumstances during the relevant time you find to exist in this case because the City of Flint retained national engineering firms to provide the services at issue."

3. <u>Issue #3 and Issue #9</u> – Per our discussion, both sides agree that Issue #9 can be eliminated and Issue #3 can be redrafted to streamline the breach issues. VNA proposes Issue #3 be rephased as follows: **"If a Defendant owed a duty of care to class members, did the Defendant breach that duty?"**

   <u>Class Position</u>:  Class counsel agrees that issue no. 9 should be eliminated and not referenced in issue no. 3.  However, class counsel believes that based upon Judge Levy's ruling regarding issue no. 1, that now issue no. 3 should read simply as:  "Did Defendant, VNA/LAN, breach their duty of care by failing to provide appropriate advice to the City of Flint regarding water treatment.

4. <u>Issue #4 and Issue #5</u> - Per our discussion, there is no agreement here. VNA's position is that these issues as written suggest that VNA had a role in causing the Flint Water Crisis. In addition, we think that the issues should not suggest or prejudge any disputed factual issues, particularly before we know what actions or omissions are alleged to be negligent. Ultimately, the jury will be asked more precise questions tailored to the specific theories Plaintiffs allege, but at this stage we don't know what those are yet. VNA proposes combining and simplifying Issues #4 and #5 as follows: **"If a Defendant breached a duty of care owed to class members, did that breach cause, prolong, or contribute to causing or prolonging harmful water conditions in the Flint water distribution system?"**

   <u>Class Counsel</u>:  We believe issues no's. 4 and 5 can be merged to state as follows:  If Defendant, VNA/LAN, breached their duty of care owed to class members, did that breach contribute to causing or prolonging corrosive water conditions in the Flint water distribution system?

5. <u>Issue #6</u>- Per our discussion, there is no agreement here. VNA's position is that Issue #6 should be eliminated. For a jury to determine general causation for all of the alleged harms suffered by the entire class is unworkable. The class members allege myriad types of personal injury, property damage, and business loss that depend on their personal circumstances. The types of harms alleged by each class member, each class member's exposure levels, or the individual circumstances of each class member all require individualized inquiries and are all relevant to general causation. It would be practically

2

impossible (and extremely time consuming) to present evidence for general causation for every harm alleged by the class. It is also VNA's position that Issue #6 would require plaintiffs to cover the waterfront for *all* of the alleged harms, otherwise it would affect the due process rights of the absent class members and/or VNA. Conversely, if the jury were to simply answer a high-level general causation question without any detail, the jury in a subsequent individual proceeding would still need to determine whether the amount of exposure shown by that individual could cause the harm demonstrated by that person, essentially relitigating general causation at the subsequent proceeding. You raised issue with presenting your experts again at a subsequent individualized proceeding, but even if general causation could be established on a class-wide basis for some categories of harm, plaintiffs would still have to bring their causation experts to each individual trial to establish both degree of exposure and specific causation.

Class Counsel:   You are correct the parties disagree on whether Issue no. 6 should be an issue for trial.  We believe that issue no. 6 is relevant and can be answered by a jury with general evidence that the alleged conduct can cause certain injuries at a general level.  For example, we know and it is not disputed that lead and contaminated water exposure can cause certain general types of damages on an incremental basis.  Therefore we should only have to establish general causation findings on a class level (e.g., the corrosive and lead base water conditions are capable of causing certain types of injuries/damages).  Assuming plaintiffs prevail on this issue that makes the class damage trial much more streamlined.

6. Issue #7- Per our discussion, this issue is appropriate for the Issues Class Trial, however as the bellwether trial showed, the ultimate percentage of fault allocation is an individualized question. As per the Michigan non-party at fault statutes, VNA proposes that Issue #7 address the same breach and causation questions for the non-parties as to VNA and LAN, and proposes that Issue #7 be redrafted to ask both:
    1. **"Did any non-party breach a duty of care owed to class members?"** and
    2. **"If a non-party breached a duty of care owed to class members, did that breach cause, prolong, or contribute to causing or prolonging harmful water conditions in the Flint water distribution system?"**

   Class Counsel:   We propose issue no. 7 to read as follows:   Did any non-party breach a duty of care owed to class members?  If yes, did that breach contribute in causing corrosive water conditions in the Flint water distribution system?

7. Issue #8- Per our discussion, there was no agreement on this issue. VNA proposes removing Issue #8. Because the parties are not litigating individual class members' alleged harms, the jury cannot determine whether any particular harm allegedly suffered

3

by that class member was of the type that is a natural and probable result of the negligent conduct. Alternatively, we propose rephrasing Issue #8 as follows: **"Were the harmful water conditions in the Flint water distribution system natural and probable results of the Defendant's breach?"**

<u>Class Counsel</u>: We believe Issue no. 8 needs to remain in the case. We agree with your "proposed rephrasing" with the word "a" added. Therefore it should read as follows: "Were the harmful water conditions in the Flint water distribution system a natural and probable results of the Defendant's breach?"

Jim and Alaina, we have to submit a joint filing by Monday. So let me hear back from you. If there are no more issues you want to discuss can you put in a pleading form with a joint filing to present to the court and send to me to review. Thanks

Ted

**Theodore Leopold**
Partner

**COHEN**MILSTEIN

Cohen Milstein Sellers & Toll PLLC
11780 U.S. Highway One, Suite N500
Palm Beach Gardens, FL 33408
phone 561.515.1400
fax 561.515.1401
website

Powerful Advocates. Meaningful Results.

This e-mail was sent from Cohen Milstein Sellers & Toll PLLC. It may contain information that is privileged and confidential. If you suspect that you were not intended to receive it, please delete it and notify us as soon as possible.

4