# EXHIBIT 1

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

| | |
|---|---|
| IN RE FLINT WATER LITIGATION | Case No. 5:16-cv-10444-JEL-MKM  Hon. Judith E. Levy |
| This Document Relates To:  *Gaddy et al. v. Flint et al.*  *Meeks et al. v. Flint et al.* | Case No. 5:17-cv-11166-JEL-MKM  Case No. 5:17-cv-11165-JEL-MKM |

_____

**DEFENDANTS VEOLIA NORTH AMERICA, LLC, VEOLIA NORTH AMERICA, INC., AND VEOLIA WATER NORTH AMERICA OPERATING SERVICES, LLC'S PROPOSAL REGARDING RESOLUTION OF ISSUES BEARING ON NON-PARTY DUTY**

### A. Under Michigan's Fair-Share Liability System, The Jury Can Allocate Fault To A Non-Party That Owed Plaintiffs A Duty Of Care

In 1995, the Michigan legislature replaced joint-and-several liability with "fair-share" liability for most tort claims (including those in this case). *See* MCL § 600.2656. Under the fair-share system, the jury is to allocate fault to any non-party that owed the plaintiff a legal duty and was at "fault" for the plaintiff's injuries. MCL § 600.6304(8); *Romain v. Frankenmuth Mut. Ins.*, 483 Mich. 18, 22 (2009). That duty can "arise from a statute, a contractual relationship, or by operation of the common law." *Hill v. Sears, Roebuck & Co.*, 492 Mich. 651, 661 (2012). The defendant bears the burden of establishing non-party fault. MCL § 600.2960. The purpose of the fair-share statute was to ensure that defendants with "deep pockets" do not have to pay for other tortfeasors' share of the fault for a plaintiff's injuries. House Leg. Analysis, H.B. 4508 (Sub. H-6) at 3 (Apr. 27, 1995) (House Analysis).

Consistent with that purpose, a jury can allocate fault to a non-party "regardless of whether the person is, or could have been, named as a party to the action." MCL § 600.2957(1). In particular, a jury can allocate fault to a non-party that is immune from suit. House Analysis at 3; *Estate of Goodwin ex rel. Goodwin v. Nw. Mich. Fair Ass'n*, 325 Mich. App. 129, 143-50 (2018); *Smith v. Norfolk S. Co.*, 2014 WL 2615278, at *3 (E.D. Mich. June 12, 2014). Also, a defendant's non-party case is not limited to the theories of liability invoked by the plaintiff. *See Neill v. Steel Master Transfer, Inc.*, 2008 WL 4649020, at *4-5 (Mich. Ct. App. Oct. 21, 2008); *O'Neill v. Soils & Structures, Inc.*, 2002 WL 31297196, at *7 (Mich. Ct. App. Oct. 11, 2002). So in this case, VNA can bring a non-party case against government entities that Plaintiffs could not have sued (*e.g.*, state agencies), based on breaches of statutory or common-law duties that Plaintiffs could not have asserted. VNA is not restricted to arguing that officials violated Plaintiffs' rights to bodily integrity.

VNA provided Plaintiffs with a detailed notice of potential non-parties at fault in November 2018, *see* No. 16-cv-10444 ECF No. 672, which it supplemented as the case progressed, *see* ECF Nos. 278, 324. At the February 9, 2022, hearing, the Court asked VNA to submit a list of the non-parties VNA intends to pursue at trial. That list is attached as Exhibit A.

### B. It Should Be Undisputed That The Non-Parties VNA Identified Owed Plaintiffs Legally Cognizable Duties

Plaintiffs cannot seriously dispute that the non-parties in Exhibit A each owed them a legally cognizable duty. First, Plaintiffs have had VNA's notice of non-parties at fault for over three years. That notice sets out constitutional, statutory, and other bases for duty for each non-party. *E.g.*, ECF No. 324, PageID.12922 (explaining, for example, that MDEQ has the statutory duty to enforce the Safe Drinking Water Act). Plaintiffs never moved to strike the notice, which is the usual

1

procedure in Michigan for disputing a non-party's duty. *E.g.*, *Jones v. Enertel Inc.*, 254 Mich. App. 432, 438 (2002); *see* 1 Mich. Ct. Rules Prac., Text § 2112.13 (7th ed. 2020). They also did not move for summary judgment on duty (as VNA and LAN did); instead, they continued to pursue claims against the non-parties. Plaintiffs thus have forfeited any argument about lack of duty as to these non-parties. *Cf. Hurley v. Deutsche Bank Tr. Co. Am.*, 610 F.3d 334, 338 (6th Cir. 2010) (litigant forfeits a right if it acts inconsistently with the assertion of that right).

Second, Plaintiffs themselves sued most of these non-parties (or their employees) in this and related Flint water cases. Their complaints included detailed allegations about nearly all of the non-parties—allegations that presumed those non-parties had duties to Plaintiffs. By bringing suit, Plaintiffs necessarily represented to the Court that the non-parties (or their employees) owed Plaintiffs a duty sufficient to bring a claim. Those admissions are binding on Plaintiffs. *Barnes v. Owens-Corning Fiberglas Corp.*, 201 F.3d 815, 829 (6th Cir. 2000).

Third, Plaintiffs argued—and the Court agreed—that VNA owed Plaintiffs a common-law duty to exercise reasonable care in its undertakings for the City of Flint. *See* ECF No. 606, PageID.42688-42706. They also argued successfully that the EPA owed them a common-law duty of care. *See* ECF No. 320, PageID.12670-12691. Their reasoning applies with extra force to all of the non-parties VNA identified: If VNA owed Plaintiffs a duty of care arising out of its short consulting job ten months after the switch to Flint River water, then the government officials that caused, exacerbated, and covered up the Flint water crisis must have owed Plaintiffs a duty as well. Those non-parties owed Plaintiffs (at least) common-law duties to exercise reasonable care in managing Flint's water supply and in operating and overseeing Flint's water system. Plaintiffs are judicially estopped from arguing otherwise. *See New Hampshire v. Maine*, 532 U.S. 742, 749-50 (2001).

**C.     If Plaintiffs Nonetheless Seek To Dispute The Duty Issue, They Should Set Out Their Bases For Contesting Duty**

If Plaintiffs contest that any non-party in Exhibit A owed them a cognizable duty, VNA proposes that Plaintiffs identify that non-party by Tuesday, February 15, and explain (1) why the non-party did not owe Plaintiffs the statutory or other duties VNA identified in its notice; (2) why Plaintiffs are allowed to dispute that non-party's duty in light of their failure to move to strike the notice for that non-party at any point since November 2018; (3) how Plaintiffs' duty argument is consistent with their allegations about that non-party in their complaints; and (4) why the non-party did not owe Plaintiffs a common-law duty of care under this Court's reasoning in these cases. VNA then will file its responses by Friday, February 18, so that the Court can reach a decision by the start of trial on Tuesday, February 22.

2

Respectfully submitted,

**CAMPBELL, CONROY & O'NEIL P.C**   **BUSH SEYFERTH PLLC**

/s/ James M. Campbell                   /s/ Cheryl A. Bush
James M. Campbell                        Cheryl A. Bush (P37031)
Alaina N. Devine                         100 W. Big Beaver Road, Suite 400
1 Constitution Wharf, Suite 310          Troy, MI 48084
Boston, MA 02129                         (248) 822-7800
(617) 241-3000                           bush@bsplaw.com
jmcampbell@campbell-trial-lawyers.com
adevine@campbell-trial-lawyers.com

*Attorneys for Veolia North America, LLC, Veolia North America, Inc., and Veolia Water North America Operating Services, LLC*

Dated: February 11, 2022

## CERTIFICATE OF SERVICE

I hereby certify that on February 11, 2022, I electronically filed the foregoing document with the Clerk of the Court using the ECF System, which will send notification to the ECF counsel of record.

Respectfully submitted,

*/s/ James M. Campbell*

# EXHIBIT A

## VNA's Trial List of Non-Parties at Fault[1]

1. The U.S. Environmental Protection Agency
    2. Susan Hedman
3. State of Michigan
4. Governor's Office
    5. Richard Snyder
    6. Dennis Muchmore
    7. Richard Baird
8. Michigan Department of Treasury
    9. Andy Dillon
10. Michigan Department of Environmental Quality
    11. Dan Wyant
    12. Liane Shekter-Smith
    13. Bradley Wurfel
    14. Richard Benzie
    15. Stephen Busch
    16. Adam Rosenthal
    17. Patrick Cook
    18. Michael Prysby

---

[1] VNA reserves the right to supplement this list if warranted by the evidence at trial.

19. Jim Sygo

20. Michigan Department of Health and Human Services

    21. Nicolas Lyon

    22. Eden Wells

23. Genesee County Drain Commissioner

    24. Jeff Wright

25. The City of Flint

    26. Dayne Walling

27. Flint Department of Public Works

    28. Howard Croft

    29. Daugherty Johnson

    30. Brent Wright

    31. Michael Glasgow

32. Ed Kurtz

33. Darnell Earley

34. Gerald Ambrose

35. Flint Receivership Transition Advisory Board

36. Rowe Professional Services