# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| *In re Flint Water Cases* | Case No. 5:16-cv-10444-JEL-EAS *(Consolidated)*<br><br>Hon. Judith E. Levy<br><br>Mag. Judge Elizabeth A. Stafford |

# CLASS PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO STRIKE AND FOR JUDGMENT ON THE PLEADINGS

## TABLE OF CONTENTS

INTRODUCTION ..........................................................................................................1

ARGUMENT ................................................................................................................3

    I.      Plaintiffs' Motion is Timely ..............................................................3

    II.     Defendants Fail to Establish the Nonparty Fault Regime Applies Here ........................................................................................5

          A.     Allocation of Fault Among Nonparties Occurs Only if a Jury First Awards Damages ..........................................5

          B.     Defendants Mischaracterize the Nonparty Duties that Must Exist for the Nonparty Fault Doctrine to Apply ................7

i

# TABLE OF AUTHORITIES

**Cases**                                                                           **Page(s)**

*Brantley v. Walmart, Inc.*,
2020 WL 5939192 (E.D. Mich. Oct. 7, 2020)...................................................... 4

*Carnell v. Vandervere*,
2007 WL 2404614 (Mich. Ct. App. Aug. 23, 2007) ............................................ 7

*Colbert v. Primary Care Med., PC*,
226 Mich. App. 99 (Mich. Ct. App. 1997) .......................................................... 7

*Doe v. Loomba*,
2020 Mich. Cir. LEXIS 660 (Mich. Cir. Ct. May 28, 2020) ............................... 9

*Greenwich Ins. Co. v. Hogan*,
351 F. Supp.2d 736 (W.D. Mich. 2004) .............................................................. 3

*Holton v. A+ Ins. Assocs., Inc.*,
255 Mich. App. 318 (Mich. Ct. App. 2003) ........................................................ 9

*Hope v. Hewlett-Packard Co.*,
2016 WL 301950 (E.D. Mich. Jan. 25, 2016) ..................................................... 4

*In re Flint Water Cases*,
Case No. 5:17-cv-10164, Dkt. 918 (July 21, 2022) ............................................. 6

*Medilink Ins. Co., Ltd. v. Comerica Bank*,
2010 WL 11492421 (E.D. Mich. Feb. 17, 2010) ................................................. 5

*Northville Downs v. Granholm*,
622 F.3d 579, 585 (6th Cir. 2010) ....................................................................... 5

*O'Neill v. Soils & Structures, Inc.*,
2002 WL 31297196 (Mich. Ct. App. Oct. 11, 2002) .......................................... 9

*Pete's Auto and Truck Parts, Inc. v. Greg Hibbitts Transp. Co.*,
2022 WL 2079834 (Mich. Ct. App. June 9, 2022) ............................................. 4

*Vandonkelaar v. Kid's Kourt, LLC*,
   290 Mich. App. 187 (Mich. Ct. App. 2010) ..................................................2, 8, 9

**Statutes**

Michigan Comp. Law § 600.6304 ...................................................................1, 5, 7

Michigan Comp. Law § 600.2957 ......................................................................5, 6

Michigan Comp. Law § 691.1407 ........................................................................10

**Rules**

Fed. R. Civ. P. 12(c), (d)......................................................................................4, 5

Michigan Court Rule 2.115(B) ................................................................................4

**Other Authorities**

House Leg. Analysis, H.B. 4508 (Sub. H-6) (Apr. 27, 1995) ..................................5

Michigan Civil Jury Instructions 42.05 ...............................................................1, 5

## **INTRODUCTION**

Defendants' oppositions ignore the fact that damages questions will not be decided at the issue-only class trial. Under the statutory framework governing Michigan nonparty at fault law, allocation of damages amongst parties and nonparties necessarily occurs only *if* and *after* there have first been determinations of both liability and damages. MCL § 600.6304(2) ("In determining the percentages of fault under 1(b), the trier of fact shall consider both the nature of the conduct of each person at fault and the extent of the causal relation between the conduct and the damages claimed."). Any consideration of nonparties at fault is thus premature.

Defendants nonetheless urge the Court simply to repeat the procedure for considering nonparties at fault used in the Bellwether I trial. But damages issues were adjudicated in Bellwether I, where the jury was required to apportion any damages awarded among the parties and nonparties that were shown to have caused those specific damages. For the upcoming class-wide liability issues trial—at which there will be no adjudication of damages *because Defendants successfully argued against certifying any damages issues*—Defendants' proposed approach is fundamentally inconsistent with Michigan's nonparty fault framework.

First, under Michigan law, allocating fault occurs only *after* the jury has decided "the total amount of each plaintiff's damages." MCL 600.6304(1). An allocation of fault "instruction should be used only for actions . . . seeking damages

1

for personal injury, property damages, and wrongful death[.]" MICH. CIV. JI 42.05. As Defendants themselves acknowledge, Michigan enacted the regime to ensure that damages *are paid* proportionally, not to assign fault or liability to nonparties in the abstract. *See* Dkts. 2424 at 1, 13–14, 17; 2425 at 14, 16. Defendants' arguments ignore this fundamental change in the scope of the class trial because they have no response.

Second, Defendants prop up and defend a nonparty at fault doctrine that does not exist. They argue that the existence of *a* legal duty owed by a nonparty is enough for the doctrine to apply. Not so. "[T]he comparative-fault statutes are simply not implicated regardless of any [legal] duty" when a breach of the alleged duty is unrelated to the defendant's misconduct or does not cause the same type of harm. *Vandonkelaar v. Kid's Kourt, LLC*, 290 Mich. App. 187, 195 (Mich. Ct. App. 2010). Defendants have never attempted to show why any governmental entity could have caused Defendants' professional negligence or caused the same harms that Defendants did, or how the conduct of others predating or postdating Defendants' involvement in Flint could absolve Defendants of any responsibility for their own professional negligence. Regardless of the prior existence of poor water conditions in Flint, Defendants' actions prolonged and *exacerbated* problems in such way that only they can be liable for the harms stemming from their professional negligence. Defendants have never shown why any of the nonparties they seek to blame caused

2

the same harms they did. Instead, they completely ignore Plaintiffs' detailed arguments against each of the nonparties listed and even acknowledge that the alleged harms stemming from certain governmental actors were caused by unrelated "constitutional claim[s] for violation[s] of bodily integrity," which are vastly different from the injuries Defendants caused through their professional engineering failures. Dkt. 2425 at 9. In responding to Plaintiffs' motion for judgment on the pleadings, Defendants pointedly chose not to offer any evidence that could have linked their broad descriptions of the roles various nonparties played in Flint at varying times to the damages stemming from Defendants' negligence in performing their professional engineering work. Defendants made no request to convert this motion into a motion for summary judgment as permitted by Fed. R. Civ. P. 12(d).

The Court should grant the motion and grant Plaintiffs judgment on Defendants' nonparty at fault defenses or, at a minimum, defer any nonparty at fault issues until a later stage in these proceedings.

## ARGUMENT

### I. Plaintiffs' Motion is Timely

The statutes governing Michigan's allocation of fault regime are substantive aspects of Michigan law. *Greenwich Ins. Co. v. Hogan*, 351 F. Supp.2d 736, 739 (W.D. Mich. 2004). Michigan law sets no deadlines for when motions to strike deficient notices of nonparty fault must be brought. Instead, "[a] motion to strike

3

may be brought 'at any reasonable time.'" *Pete's Auto and Truck Parts, Inc. v. Greg Hibbitts Transp. Co.*, 2022 WL 2079834, at *15 (Mich. Ct. App. June 9, 2022) (quoting MCR 2.115(B)). While nonparty fault notices must be filed within 91 days of a defendant's responsive pleading, plaintiffs often cannot file motions responding to these notices before discovery ends or trial issues are crystallized. Federal courts thus regularly grant motions to strike notices of nonparty fault filed during later stages of a case.[1] Here, Plaintiffs could not have filed their motion against earlier notices (which Defendants claim to be the operative ones) since they were filed before trial issues, including the critical decision to omit damages, were decided.

Alternatively, Plaintiffs' motion for judgment on the pleadings can be brought at any time "early enough not to delay trial." Fed. R. Civ. P. 12(c). Defendants' pleadings do not show why allocating fault is applicable to a trial where damages will not be determined, and offer no basis for concluding that any nonparty was responsible for the harms shown to have resulted specifically from Defendants' negligence in performing their professional engineering services. Nor have Defendants offered any evidence in support of their opposition arguments or sought to convert this motion into a motion for summary judgment under Rule 56, as they

---

[1] *See, e.g.*, *Hope v. Hewlett-Packard Co.*, 2016 WL 301950, at *5 (E.D. Mich. Jan. 25, 2016) (granting motion to strike notice of nonparty fault concurrently with a separate motion for summary judgment); *Brantley v. Walmart, Inc.*, 2020 WL 5939192 (E.D. Mich. Oct. 7, 2020) (granting motion to strike filed 70 days after service of nonparty fault notice).

could have done if they had any evidence to present.[2] *See* Fed. R. Civ. P. 12(d). Judgment in Plaintiffs' favor on Defendants' nonparty at fault defenses is proper.

## II. Defendants Fail to Establish the Nonparty Fault Regime Applies Here

### A. Allocation of Fault Among Nonparties Occurs Only if a Jury First Awards Damages

Defendants cannot dispute that Michigan's nonparty fault doctrine is relevant only to allocate *damages*. *See, e.g.*, House Leg. Analysis, H.B. 4508 (Sub. H-6) at 3 (Apr. 27, 1995) (doctrine enacted so "that defendants should pay their fair share of damage awards and no more"). The statutes and jury instructions governing the regime confirm this intent. *See* MCL 600.6304(1); MICH. CIV. JI 42.05. Indeed, the statutes expressly provide that a finding of nonparty fault "does not subject the nonparty to liability in that action and shall not be introduced as evidence of liability in another action," the determination is to be made "only to accurately determine the fault of named parties" for allocating damages. *Medilink Ins. Co., Ltd. v. Comerica Bank*, 2010 WL 11492421, at *7 (E.D. Mich. Feb. 17, 2010) (quoting MCL 600.2957(3)). In other words, determining nonparty fault was designed to—and can only be relevant to—answer the question of allocating damages so that defendants are not jointly liable. It is not a way for Defendants to try to *avoid* liability for the

---

[2] Motions for judgment on the pleadings can be converted to motions for summary judgment if there is any outside evidence to consider. *E.g.*, *Northville Downs v. Granholm*, 622 F.3d 579, 585 (6th Cir. 2010). The deadline for the parties to file motions for summary judgment has not yet passed. Dkt. 2435.

harms they caused when damages questions will not be determined.

Defendants try to sidestep these directives, and instead urge the Court to unquestioningly rinse and repeat the process used in the Bellwether I trial. But individual damages were of course among the issues adjudicated in Bellwether I, the dispute over which resulted in carefully crafted jury instructions and a verdict form where questions of nonparty fault were the last ones answered, only *after* the jury had already awarded specific amounts of damages. *See In re Flint Water Cases*, Case No. 5:17-cv-10164, Dkt. 918 at 36, 51 (July 21, 2022). Without first determining the amount of damages owed, a jury has nothing to apportion. Defendants here ignore that allocating damages can occur only after a liability determination and after a total amount of damages has been awarded, which means that allocating fault is a question that may not *ever* need to be answered.[3]

---

[3] VNA argues that the jury could still determine the "question whether the non-parties can be allocated fault" at all. Dkt. 2425 at 24. But this position is still inconsistent with Michigan law's directives that allocating fault is improper when there are no damages questions—juries should *not* decide whether nonparties are liable in the abstract. MCL 600.2957(3). Yet, a determination at trial that *Defendants* are liable greatly simplifies any remedies trials because Defendants' liability would not need to be decided again. Remedies actions would focus only on awarding the amount of damages each plaintiff or category of plaintiffs is owed. Allocations of fault (if they are to be made at all) can be made during these subsequent actions, where specific aspects about Defendants' conduct need not be re-tried. Indeed, if the Court grants Plaintiffs' motion—whether due to Defendants' failure to plead any coherent theory of nonparty fault or the lack of any evidentiary support for any theory—follow-on trials would only need to decide the amount of damages.

Defendants also insist that the Court has somehow already ruled that the jury will be asked to "create a timeline of non-party fault." Dkt. 2425 at 21. Not only has this not been determined (as evidenced by this motion), but it is also not the role of a jury. MCL 600.6304(1) instructs that a jury is to first determine the "total amount of each plaintiff's damages," only after which fault will be allocated. And in a trial where damages will not be determined, the issue of nonparty fault is "rendered moot." *Carnell v. Vandervere*, 2007 WL 2404614, at *1 (Mich. Ct. App. Aug. 23, 2007). In *Carnell*, because the jury at trial determined that defendants were not negligent, and thus "did not answer the questions on the verdict form regarding causation and damages," the issue of nonparty fault was moot because "[c]omparative fault, including the fault of nonparties, 'is relevant to the issue of damages, an issue not reached in this case.'" *Id*. (quoting *Colbert v. Primary Care Med., PC*, 226 Mich. App. 99, 104 (Mich. Ct. App. 1997)).

### B. Defendants Mischaracterize the Nonparty Duties that Must Exist for the Nonparty Fault Doctrine to Apply

Defendants also advocate for a non-existent version of the nonparty fault doctrine. Contrary to Defendants' insistence, existence of *a* legal duty is not enough to implicate the doctrine—the duty owed must be specifically related to *the defendant's conduct* and the harm the *defendant created*. Dkt. 2425 at 2. Here, none of the nonparties Defendants seek to blame could have been "at fault" for the injuries resulting from VNA or LAN/LAD's professional negligence. Regardless of the

7

indisputable facts that poor water conditions were present in Flint and harmed Flint residents, and notwithstanding others' conduct that may contributed to starting those conditions, no one but Defendants were responsible for *professional engineering* or the deficiencies in performing those professional engineering services that prevented Defendants from averting further injuries.

VNA argues that because Plaintiffs filed a Court-ordered list of harms caused by the Flint Water Crisis generally, that means Plaintiffs have conceded the injuries caused by Defendants are the same as those caused by the nonparties. Dkt. 2425 at 6. Not so. That there were major problems with Flint's water between 2014–15 generally does not mean that Defendants can escape liability for worsening those conditions—circumstances that would not have existed but for Defendants' misconduct (e.g., recommending polyphosphate instead of orthophosphate; no lead warning in VNA's reports; failing to identify and warn of the consequences of highly corrosive water; not advising of the urgent need to switch back to Detroit's water system). This is analogous to *Vandonkelaar* where, despite the child's parents allegedly causing greater injuries to his finger, only the daycare could be liable for injuries caused *at the daycare*, as any subsequent injury was distinct and created a new causal chain. 290 Mich. App. at 202. Despite the child's parents owing the child a "parental duty," the nonparty fault doctrine was inapplicable because the parents' actions "played no role in causing" the specific injuries at issue to the finger,

8

even though the finger was already injured.[4] *Id*.

A case that VNA cites in its opposition actually supports this conclusion. In *O'Neill v. Soils & Structures, Inc.*, 2002 WL 31297196 (Mich. Ct. App. Oct. 11, 2002), the nonparty fault doctrine was implicated because the parties disputed damages, and because "[t]he damages pleaded for all of the claims *were the same*." *Id*. at *7 (emphasis added). That is not the case here, where Defendants have not shown how the "damages" caused by any alleged nonparty were the same as those stemming from Defendants' professional negligence. For instance, Defendants make no attempt at all to explain how breaches of any alleged duty owed by *any* nonparty, including the likes of the "Genesee County Drain Commissioner" or the MDEQ spokesperson (Bradley Wurfel) were in any way related to the harms caused by, among other things, Defendants' specific failure to identify and recommend proper corrosion control or the immediate need to switch back to the Detroit water system. Indeed, VNA specifically points out how the injuries stemming from certain

---

[4] Similarly, in *Holton v. A+ Ins. Assocs., Inc.*, 255 Mich. App. 318. 325 (Mich. Ct. App. 2003), even if the nonparty roofer owed a general duty to not cause the fire that was the subject of the insurance claim, "the underlying basis" or "the cause of the fire" was irrelevant to whether the doctrine applied. And in *Doe v. Loomba*, 2020 Mich. Cir. LEXIS 660, at *5 (Mich. Cir. Ct. May 28, 2020), even though the underlying sexual harassment precipitating the lawsuit was caused by a nonparty; that the hospital was negligent in supervising the perpetrator caused a different harm that did not implicate the doctrine. Here, that there may have existed "underlying" problems with Flint's water is irrelevant to whether Defendants performed their engineering jobs negligently.

9

governmental actors were alleged to be related to "constitutional claim[s] for violation[s] of bodily integrity." Dkt. 2425 at 9. That is not similar in any way to the injuries stemming from Defendants' professional misconduct.

Here, even assuming the nonparties Defendants seek to blame owed *a* duty (which Defendants have not actually shown, as evidenced by their disinterest in refuting Plaintiffs' Exs. A and B), Defendants never explain why a breach of any of these "duties" cursorily referenced could have "played [a] role" in causing the same harms arising from Defendants' professional negligence. Blanket claims about a general duty of care are not enough to implicate the doctrine. If Defendants' arguments are accepted, then *every* tort suit could implicate governmental entities as nonparties at fault whenever a defendant makes the broad allegation that the government owes a general duty to undertake actions "with reasonable care." Dkt. 2425 at 8. This expands the doctrine beyond what was intended and is contrary to Michigan's tort law scheme. *See* MCL 691.1407(1) (governmental agencies immune from tort liability "in the exercise or discharge of a governmental function").

Defendants' inability to refute Plaintiffs' specific arguments on why the "duties" Defendants reference can be related to the professional negligence claims at issue—and their inability to actually offer any *evidence* for why the nonparties they seek to blame are at fault—is perhaps the best evidence that Defendants cannot cure their deficient notices.

Dated: May 4, 2023

Respectfully submitted,

By: */s/ Stephen Morrissey*
Stephen Morrissey
Jordan Connors
Katherine M. Peaslee
SUSMAN GODFREY, L.L.P.
401 Union Street, Suite 3000
Seattle, WA 98101
Telephone: (206) 516-3880
smorrissey@susmangodfrey.com
jconnors@susmangodfrey.com
kpeaslee@susmangodfrey.com
***EXECUTIVE COMMITTEE FOR CLASS PLAINTIFFS***

By: */s/Lear Jiang*
Lear Jiang
SUSMAN GODFREY, L.L.P.
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
(310) 789-3100 Telephone
(310) 789-3150 Facsimile
ljiang@susmangodfrey.com
***EXECUTIVE COMMITTEE FOR CLASS PLAINTIFFS***

By: */s/Theodore J. Leopold*
Theodore J. Leopold
COHEN MILSTEIN SELLERS
& TOLL PLLC
2925 PGA Boulevard, Suite 220
Palm Beach Gardens, FL 33410
Telephone: (561) 515-1400
tleopold@cohenmilstein.com
***CO-LEAD CLASS COUNSEL***

By: */s/ Michael L. Pitt*
Michael L. Pitt
PITT MCGEHEE PALMER
& RIVERS, P.C.
117 West 4th Street, Suite 200
Royal Oak, MI 48067
Telephone: (248) 398-9800
mpitt@pittlawpc.com
***CO-LEAD CLASS COUNSEL***

By: */s/ Emmy L. Levens*
Emmy L. Levens
COHEN MILSTEIN SELLERS
& TOLL PLLC
1100 New York Ave. NW
Suite 500
Washington, DC 20005
Telephone: (202) 408-4600
elevens@cohenmilstein.com
***CO-LEAD CLASS COUNSEL***

By: */s/ Peretz Bronstein*
Peretz Bronstein
BRONSTEIN, GEWIRTZ &
GROSSMAN, LLC
60 East 42nd Street, Suite 4600
New York, NY 10165
Telephone: (212) 697-6484
peretz@bgandg.com
***EXECUTIVE COMMITTEE FOR CLASS PLAINTIFFS***

By: */s/ Esther E. Berezofsky*
Esther E. Berezofsky
MOTLEY RICE LLC
210 Lake Dr. East, Suite 101
Cherry Hill, New Jersey 08002
Telephone: (856) 667-0500
eberezofsky@motleyrice.com
***EXECUTIVE COMMITTEE FOR CLASS PLAINTIFFS***

By: */s/ Teresa A. Bingman*
Teresa A. Bingman
LAW OFFICES OF TERESA A.
BINGMAN, PLLC
4131 Okemos Road, Suite 12
Okemos, Michigan 48864
Telephone: (877) 957-7077
tbingman@tbingmanlaw.com
***EXECUTIVE COMMITTEE FOR CLASS PLAINTIFFS***

By: */s/ Paul F. Novak*
Paul F. Novak (P39524)
WEITZ & LUXENBERG, P.C.
3011 W. Grand Blvd., Suite 2150
Detroit, MI 48202
Telephone: (313) 800-4170
pnovak@weitzlux.com
***EXECUTIVE COMMITTEE FOR CLASS PLAINTIFFS***

## CERTIFICATE OF SERVICE

I hereby certify that on May 4, 2023, I electronically filed the above document(s) with the Clerk of the Court using the ECF System, which will provide electronic copies to counsel of record.

Respectfully submitted,

*/s/ Stephen Morrissey*
Stephen Morrissey