# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

*In re Flint Water Cases 16-10444*
_____/     *The Hon. Judith E. Levy*

*Bellwether III Case No. 17-10164*
_____/

## JOINT PROPOSAL FOR PROTECTIVE ORDER

Plaintiffs and Defendants Veolia Water North America Operating Services, LLC, Veolia North America, Inc., and Veolia North America, LLC (collectively "VNA") hereby agree to and propose the following protective order for the Court's consideration.

Dated:     May 11, 2023                         Respectfully submitted,

| **LEVY KONIGSBERG LLP** | **CAMPBELL, CONROY & O'NEIL P.C.** | **MAYER BROWN** |
|---|---|---|
| /s/Corey M. Stern | /s/ James M. Campbell | /s/ Mark Ter Molen |
| Corey M. Stern | James M. Campbell | Mark Ter Molen |
| Melanie Daly | Alaina N. Devine | 71 South Wacker Drive |
| 605 Third Ave., 33rd Floor | 20 City Square, Suite 300 | Chicago IL 60606 |
| New York, New York 10158 | Boston, MA 02129 | (312) 701-7307 |
| (212) 605-6298 | (617) 241-3000 | mtermolen@mayerbrown.com |
| cstern@levylaw.com | jmcampbell@campbell-trial-lawyers.com | |

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

*In re Flint Water Cases 16-10444*

_____/  The Hon. Judith E. Levy

*Bellwether III Case No. 17-10164*

_____/

**PROPOSED PROTECTIVE ORDER**

WHEREAS Defendants Veolia North America, LLC, Veolia North America, Inc., and Veolia Water North America Operating Services, LLC (collectively, "VNA") seek disclosure of Dr. Aaron Specht's ("Dr. Specht") proprietary and confidential MATLAB code ("the Code"), which the Court has ordered Plaintiffs to produce;

WHEREAS this Protective Order incorporates by reference and adds to the protections set forth in the Court's Fifth Amended Case Management Order [ECF No. 1255] and the Confidentiality Order associated therewith [ECF No. 1255-3];

WHEREAS in addition to those protections, this Protective Order shall bind the parties and their respective experts as set forth herein;

WHEREAS the Court has found that based upon the parties' submissions, and its own experience in presiding over the Flint Water Cases, in accordance with Fed. R. Civ. P. 26(c) and E.D. Mich. L.R. 26.4, there is good cause for entry of a

1

protective order in the form proposed to protect the proprietary nature of Dr. Specht's Code, it is hereby ORDERED as follows:

1. <u>Transfer of Material</u>

   a. Dr. Specht shall, through Plaintiffs' counsel, produce the Code as it relates exclusively and solely to the lead levels and associated uncertainty values for the ten (10) Bellwether III Plaintiffs.

   b. The Code shall be produced via secure link and the secure link will be made available ONLY to VNA's expert, Dr. William Huber ("Dr. Huber"), and to the specific counsel for VNA (Mark Ter Molen, Craig Woods, Matthew Sostrin, Andreas Ringstad, Christopher Fletcher, William Cahill, and Mike Olsen) who are working with Dr. Huber to analyze the Code and prepare for Dr. Specht's deposition and/or trial.

   c. Dr. Specht's production of the Code as set forth in 1(b) will be made solely subject to and upon the completion of:

      i. the entry of this Order; and

      ii. upon the execution of a written agreement (Form Attached as Exhibit A) by Dr. Huber and specific VNA counsel, agreeing to be bound by this Order; and

2

      iii. upon the execution of a written agreement (Form Attached as Exhibit A) by specific counsel for defendant Lockwood, Andrews & Newnam ("LAN") who has not requested access to the Code, but will be present for discussions of the Code by way of Dr. Specht's deposition.

2. <u>Materials Covered</u>

   a. This Order applies to the Code and the secure link used to transfer the Code, as well as to any material referencing the Code, which shall be designated as Highly Confidential - Attorneys' Eyes Only under the Confidentiality Order, including:

      i. Any material produced by VNA's expert in response to the Code shall also be deemed Highly Confidential - Attorney's Eyes Only and is subject to the terms of this Order.

      ii. Any reference to the Code made by or in Dr. Huber's expert report shall also be deemed Highly Confidential - Attorney's Eyes Only and is subject to the terms of this Order.

      iii. Any reference to the Code made in Dr. Specht's deposition shall be deemed Highly Confidential - Attorney's Eyes Only and the entire deposition will be subject to the terms of this Order.

      iv. Any reference to the Code made in Dr. Huber's deposition shall also be deemed Highly Confidential - Attorney's Eyes Only and will be subject to the terms of this Order.

  b. Additional materials not listed in this section may also be designated as Materials Covered upon written notice to the Court.

3. <u>Limitation on Use of Protected Material</u>

  a. The secure link and Code will be provided only to Dr. Huber and to the specific counsel for VNA (Mark Ter Molen, Craig Woods, Matthew Sostrin, Andreas Ringstad, Christopher Fletcher, William Cahill, and Mike Olsen) who are working with Dr. Huber to analyze the Code and prepare for Dr. Specht's deposition and/or trial. Dr. Huber and specific VNA counsel shall not, under any circumstances, share the secure link or Code with any other individuals. This includes, but is not limited to, other attorneys for VNA; employees or agents of VNA; employees or agents of Dr. Huber; and any employees of or attorneys for Veolia Environnement S.A.

  b. VNA may show the Code or portions of the Code to Dr. Specht during his deposition, but the Code shall not be marked or attached as an exhibit to the deposition transcript. If they have not already

4

    done so, all attendees on behalf of any Defendant at Dr. Specht's deposition shall also execute Exhibit A to this Order agreeing to be bound by this Order.

  c. Before VNA seeks to use the Code to question Dr. Specht and/or Dr. Huber at trial, VNA shall first notify Plaintiffs and the Court so that the Court can address any objections and if necessary implement appropriate steps to protect Dr. Specht's proprietary interests. Plaintiffs expressly maintain the right to challenge the introduction, use, or mention of the Code at trial at any time during the course of the litigation.

  d. If a producing party does not file a motion to seal the Materials Covered in ¶2, then no public filing of such material will be made unless ordered by the Court.

4. <u>Persons Bound and Continued Effectiveness</u>

  a. This Order binds all parties to Flint Water Cases, their respective attorneys, experts (including Dr. Huber), agents, representatives, officers, and employees, and other persons, to the extent described in the Order.

  b. It shall remain in effect until modified or terminated by further Court order.

    c. Nothing in this Order is to the prejudice of the right of any party or other person to move this Court for relief from any of its provisions, or to modify it (including *without limitation* to modify it to provide greater, lesser, or different protection for particular Materials Covered or to prevent or allow disclosures to particular people), and nothing is to the prejudice of the right of any party or other person to move for additional protective orders.

    d. The provisions of this Order remain effective after final disposition of the federal Flint Water Cases and the State Flint Water Cases.

    e. This Court retains jurisdiction after final disposition of the federal Flint Water Cases for the purpose of enforcing this Order.

5. <u>Violations</u>

    a. If Covered Material becomes publicly available because of a violation of this Order, the party and/or person bound by this Order who is responsible for the violation shall be subject to such sanctions for the violation as all interested parties may agree or the Court may determine are appropriate in the circumstances.

    b. This includes, but is not limited to the following:

      i. A violation of this Order may be punishable by contempt of Court.

      ii. A violation of this Order may subject the violator(s) to a fine in an amount to be determined by the Court.

6. <u>Limitations</u>

   a. This Protective Order does not limit any of the rights, protections, or remedies afforded under Federal or State Law.

IT IS SO ORDERED.

Dated:

_____
The Honorable Judith E. Levy
US District Court – Eastern District of Michigan

## EXHIBIT A

On behalf of _____ [NAME OF ORGANIZATION], I, _____ [NAME OF INDIVIDUAL] certify (i) that I understand the foregoing Protective Order; (ii) that I have received and reviewed a copy of that Protective Order; (iii) that I agree to be bound by the restrictions in that Protective Order on the use and disclosure that may be made of Covered Material to which the order applies; and (iv) that I agree to be subject to the jurisdiction of the United States District Court for the Eastern District of Michigan for the limited purpose of enforcing that Protective Order and the agreements in this Exhibit A. I understand that a violation of the Protective Order may be punishable as a contempt of court and/or a fine in the amount to be determined by the Court.

Dated: _____

Signature: _____

Printed Name: _____

Address: _____

_____

Telephone: _____

E-Mail: _____

## CERTIFICATE OF SERVICE

I hereby certify that on May 11, 2023 I electronically filed this document with the Clerk of the Court using the ECF System, which will send notification to the ECF counsel of record.

**LEVY KONIGSBERG, LLP**

/s/ Melanie Daly
Melanie Daly
603 Third Ave., 33rd Floor
New York, New York 10158
Mdaly@levy.com