UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

*In Re* FLINT WATER CASES

_____/

This document relates to:

*Carthan, et al. v. Snyder, et al*
Case No. 16-cv-10444

Hon. Judith E. Levy

Mag. Judge Elizabeth A. Stafford

## **LEO A. DALY COMPANY'S MOTION FOR SUMMARY JUDGMENT**

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, Defendant Leo A. Daly Company moves for summary judgment in the above-captioned matter. LAD is not liable for the reasons stated in the Motion for Summary Judgment and Brief of the LAN Defendants, which are expressly adopted by LAD herein. In the alternative, as explained in detail in its accompanying Brief, Leo A. Daly Company is entitled to summary judgment because it is not the alter ego Lockwood Andrews & Newnam Inc. ("LAN") and is not legally responsible for any negligence or other tort committed by LAN or any person under its direction or control. Specifically, there is no evidence that the corporate form of LAN and LAD was used to commit a fraud or other wrong.

As Local Rule 7.1(a) requires, Leo A. Daly Company conferred with Plaintiffs' counsel concerning this motion. After Leo A. Daly Company explained

US.357557445.01

the nature and legal basis for the motion, Plaintiffs' counsel said that they would oppose it.

Respectfully submitted,

| | |
|---|---|
| /s/ Wayne B. Mason | /s/ Philip A. Erickson |
| Wayne B. Mason (SBOT 13158950) | Philip A. Erickson (P37081) |
| Travis S. Gamble (SBOT 00798195) | Rhonda Stowers (P64083) |
| S. Vance Wittie (SBOT 21832980) | PLUNKETT COONEY |
| David C. Kent (SBOT 11316400) | 101 N. Washington Square, Ste 1200 |
| FAEGRE DRINKER BIDDLE & REATH LLP | Lansing, MI 48933 |
| 1717 Main St., Suite 5400 | (517) 324-5608 |
| Dallas TX 75201 | perickson@plunkettcooney.com |
| (469) 227-8200 | rstowers@plunkettcooney.com |
| wayne.mason@faegredrinker.com | |
| travis.gamble@faegredrinker.com | |
| vance.wittie@faegredrinker.com | |
| david.kent@faegredrinker.com | |

ATTORNEYS FOR DEFENDANT
LEO A. DALY COMPANY

Dated:  May 19, 2023

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing instrument was served on all counsel of record on May 19, 2023 in accordance with the provisions of the Federal Rules of Civil Procedure.

/s/ S. Vance Wittie
S. Vance Wittie

2

US.357557445.01

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| *In Re* FLINT WATER CASES<br><br>_____/<br><br>This document relates to:<br><br>*Carthan, et al. v. Snyder, et al*<br>Case No. 16-cv-10444 | Hon. Judith E. Levy<br><br>Mag. Judge Elizabeth A. Stafford |

# BRIEF IN SUPPORT OF LEO A. DALY COMPANY'S
# MOTION FOR SUMMARY JUDGMENT

US.357557484.01

## TABLE OF CONTENTS

Page

STATEMENT OF ISSUES PRESENTED ............................................................1

INTRODUCTION .....................................................................................................2

FACTUAL BACKGROUND AND CLAIMS ASSERTED................................2

PRIOR SUMMARY JUDGMENT ........................................................................6

SUMMARY JUDGMENT STANDARDS............................................................6

I.  LAD IS ENTITLED TO SUMMARY JUDGMENT FOR THE REASONS STATED IN LAN'S MOTION FOR SUMMARY JUDGMENT ..................................................................................................7

II. LAN IS NOT THE ALTER EGO OF LAD AND LAD IS NOT RESPONSIBLE FOR TORTS COMMITTED BY LAN OR ITS EMPLOYEES ...............................................................................................8

    A.   STANDARDS GOVERNING CORPORATE SEPARATENESS...............................................................................8

    B.   THERE IS NO EVIDENCE OF MISUSE OF THE CORPORATE FORM ......................................................................11

US.357557484.01

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Anderson v. Liberty Lobby, Inc.*,
   477 U.S. 242 (1986) ............................................................................................ 7

*Celotex Corp. v. Catrett*,
   477 U.S. 317 (1986) ............................................................................................ 7

*First Nat'l Bank v. Cities Serv. Co.*,
   391 U.S. 253 (1968) ............................................................................................ 7

*In re Flint Water Cases*,
   384 F. Supp. 3d 802 (E.D. Mich. 2019) ............................................................. 2

*In re Flint Water Cases*,
   No. 5:17-cv-10164-JEL-KGA, ECF 675 ............................................................ 6

*Gledhill v. Fisher & Co.*,
   272 Mich. 353, 262 N.W. 371 (1935) ................................................................ 9

*Green v. Ziegelman*,
   310 Mich. App. 436, 873 N.W. 2d 794 (2015) ................................................ 11

*Lim v. Miller Parking Co.*,
   560 B.R. 688 (E.D. Mich. 2016) ...................................................................... 11

*Lyngaas v. Curaden AG.*
   2019 WL 223217 (E.D. Mich. May 23, 2019) ................................................ 11

*Lyngaas v. Curaden AG*,
   992 F. 3d 412 (6th Cir. 2021) ..................................................................... 10, 12

*Maki v. Copper Range Co.*,
   121 Mich. App. 518, 328 N.W. 3d 430 (1982) .................................................. 9

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*,
   475 U.S. 574 587 (1986) ..................................................................................... 7

*In re RCS Engineered Prods. Co., Inc.*,
   102 F. 3d 223 (6th Cir. 1996) ............................................................................. 9

US.357557484.01

*Scarff Bros. Inc. v. Bischer Farms, Inc.*,
   386 Fed. Appx. 518 (6th Cir. 2010)..........................................................................9

*Seasword v. Hilti*,
   449 Mich. 542, 537 N.W.2d 221 (1995).........................................................9, 11

*Servo Kinetics, Inc. v. Tokyo Precision Instruments Co.*,
   475 F.3d 783 (6th Cir. 2007) ...............................................................................8

*Soloman v. Western Hills Dev. Co.*,
   110 Mich. App. 257, 312 N.W. 2d 428 (1981)................................................8, 9

## Other Authorities

Fed. R. Civ. P. 56(a)................................................................................................6

## **STATEMENT OF ISSUES PRESENTED**

1. Should the Court grant a summary judgment in favor of LAD for the reason stated in LAN's Motion for Summary Judgment?

   **LAD Answer: Yes**
   **Plaintiffs' Answer:  No**

2. Should the Court grant a partial summary judgment in favor of LAD because Plaintiffs cannot establish that LAD is an alter ego of LAN?

   **LAD Answer:  Yes**
   **Plaintiffs' Answer:  No**

## BRIEF IN SUPPORT OF LEO A. DALY COMPANY'S
## MOTION FOR SUMMARY JUDGMENT

### INTRODUCTION

Defendant Leo A. Daly Company ("LAD") is entitled to summary judgment for the same reasons set forth in the Motion and Brief of Lockwood Andrews & Newnam, Inc. ("LAN").

In the alternative, it is entitled to partial summary judgment with respect to all claims based on the alter ego theory. There is no evidence that LAD has employed the corporate form to perpetuate a fraud or any other form of wrong. Consequently, under Michigan law, LAN is not the alter ego of LAD and the acts of LAN and the employees it directs may not be attributed to LAD. This Court granted summary judgment to LAD on this ground in connection with the Bellwether I trial and the same result is appropriate here.

### FACTUAL BACKGROUND AND CLAIMS ASSERTED

Plaintiffs asserted numerous claims against numerous defendants for damages that they allege they have sustained as a result of the Flint water crisis. Among these claims are professional negligence allegations against various engineering firms employed by the City of Flint before and during the crisis.[1] These firms include LAN, which performed certain services with respect to the Flint Water Treatment

---

[1] The Court has dismissed all claims against the engineering defendants except for Count IX, asserting professional negligence. *In re Flint Water Cases*, 384 F. Supp. 3d 802, 874 (E.D. Mich. 2019).

2

Plant. The nature of LAN's work is set forth at length in the Brief of the LAN Defendants in support of their Motion for Summary Judgment. Plaintiffs have also sued LAD, the parent corporation of LAN, contending that it is the alter ego of LAN.[2] Plaintiffs have also contended that LAD is the actual employer of the engineers that performed professional services for Flint and is thus vicariously liable. This Motion does not address that theory of vicarious liability.

LAD is a Nebraska corporation with its principal place of business in Omaha, Nebraska. (Exhibit 1, Benes Affidavit, ¶ 3). It is an architectural firm, focusing on the planning and design of buildings. (Ex. 1 ¶ 8). It derives revenue from its own activities separate and apart from the activities of LAN. (Ex. 1, ¶8). It does not perform infrastructure engineering projects such as those performed in connection with the Flint water treatment plant. Specifically, LAD did not provide any services or perform any work with respect to the Flint water distribution systems or the Flint Water Treatment Plant. (Ex. 1, ¶ 12).

LAN is a Texas corporation with its principal place of business in Houston, Texas. Its sole shareholder is LAD. (Ex. 1, ¶ 4). It generally performs infrastructure engineering projects, deriving revenue from its own activities. All of the contracts

---

[2] Another defendant is Lockwood, Andrews & Newnam P.C. a Michigan professional corporation. This professional corporation was formed to satisfy Michigan licensing requirements with respect to work to be performed by LAN in Michigan. Its shares are held by Joseph H. Waterfield, an officer of LAN. Waterfield is the professional corporation's sole officer. (Ex. 1, ¶ 11). The professional corporation did not engage in any operational activities and had no revenues or profits. (Ex. 2, p. 27).

3

to provide engineering services relating to the operation of the Flint Water Treatment Plant were between the City of Flint and LAN. (Ex. 1, ¶¶ 9-14).

The two corporations have maintained formal separation and have taken all steps necessary to maintain distinct corporate identities. LAN and LAD are corporations in good standing in their respective states of incorporation and have complied with all corporate formalities. (Ex. 1 ¶ 13). LAD has two directors, Leo A. Daly III and his wife, Grega G. Daly. LAN has its own group of directors, one of which is Leo A. Daly III. (Ex. 1, ¶¶ 5-6, 13).

LAN and LAD were regarded as distinct operating companies and accounted for their revenues and expenses separately. (Exhibit 2, Brader Deposition, pp. 30, 42, Exhibits 2-3). While the two companies shared certain services such as those of their common general counsel and chief financial officer, the expenses for those shared serves were allocated between LAN and LAD based on the ratio for direct labor between the two companies for that particular year. (Ex. 2, p 47; Exhibit 7, Benes Deposition pp. 64-65). While the companies are insureds under the same policies, LAN pays its share of the overhead for this coverage. (Ex. 7, pp. 88, 111). LAN is solely responsible for workers' compensation claims filed by LAN employees. (Ex. 7, p. 109).

The companies maintained separate disbursement accounts to pay expenses. Bonuses and profit-sharing benefits are paid from each company's own

4

disbursement account and allocated to the appropriate company's balance sheet. (Ex. 2 pp. 116-17, 124, 128; Ex. 7 pp. 26, 62, 131, 135-36). The ability of a given qualified employee to receive a bonus depended upon the profitability of the company that employed the employee. If LAD or LAN had no profits in a particular year, its employees did not receive a bonus. If either LAD or LAN had profits, but the other company did not, only the employees of the company with profits would receive a bonus. (Ex. 2, p. 122).

LAN and LAD entered into an Employee Leasing Agreement dated March, 2004. Pursuant to this Agreement the workforce of LAN is seconded to LAN by LAD. LAD performs the necessary payroll and employee benefits services with respect to those employees as a matter of convenience and efficiency. (Ex. 1, ¶ 15). LAN employees were hired by other LAN employees, have LAN business cards and email address and work out of LAN offices. (Ex. 7, pp. 159, 166). John Warren Green served as the Project Director for the LAN services relating to the operation of the Flint Water Treatment plant and all engineers performing work for LAN reported to him. (Ex. 1, ¶ 16). LAD did not control the details of the work performed by LAN in providing engineering services to the City of Flint. (Ex. 1, ¶ 17). The engineering employees involved in the Flint projects regarded themselves as LAN employees and were not even aware of the Leasing Agreement. (Exhibit 3, Green

5

Deposition, pp. 473-74, 476; Exhibit 4, Hansen Deposition pp. 33-34; Exhibit 5, Matta Deposition, pp. 130, 135-36; Ex. 7 p. 91).

## PRIOR SUMMARY JUDGMENT

LAD moved for summary judgment in connection with the Bellwether I trial. (ECF No. 346). That Motion addressed the alter-ego grounds asserted in this Motion and the alleged vicarious liability of LAD for the professional negligence of the engineers who performed work of the Flint water project. By order of February 9, 2022, the Court granted the alter-ego portion of the summary judgment motion. *In re Flint Water Cases*, No. 5:17-cv-10164-JEL-KGA, ECF 675, PageID 43865 et seq. (Feb. 9, 2022). The Court found that, although the evidence raised a fact issue with respect to whether LAN was an instrumentality of LAD, there was no evidence that the corporate form had been used to perpetuate fraud or wrongdoing. *Id.* at Page ID.43882-43908. The present Motion merely asks the Court to apply the same ruling on the same grounds to the claims of the class action Plaintiffs.

## SUMMARY JUDGMENT STANDARDS

Summary judgment is appropriate where the pleadings, disclosures and discovery material on file, as well as any affidavits show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant may show the absence of a genuine issue of material facts by pointing out the "absence of evidence to the nonmoving party's

6

case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Once the proponent establishes that there is no issue of material fact, the opposing party is burdened to advance "specific facts showing that there is a genuine issue for trial." *First Nat'l Bank v. Cities Serv. Co.*, 391 U.S. 253, 270 (1968). The non-movant must show that there is evidence on which a jury could reasonably find its favor on the contested issue. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). When the record, taken as a whole, could not lead a verified trier of fact to find for the non-movant, the Court should grant summary judgment. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574 587 (1986).

## I.
## LAD IS ENTITLED TO SUMMARY JUDGMENT FOR THE REASONS STATED IN LAN'S MOTION FOR SUMMARY JUDGMENT

LAN's Motion for Summary Judgment demonstrates Plaintiffs have failed to develop admissible evidence as to each of the essential elements of professional negligence, including duty, breach and causation. Further, the negligence and criminal acts of the governmental actors constitute an intervening cause that negates any possibility that any acts of omissions of the engineers constituted a proximate cause of the injuries. These arguments are at least equally applicable to the claims against LAD. LAD adopts the Motion for Summary Judgment and supporting brief of LAN.

## II.
## LAN IS NOT THE ALTER EGO OF LAD AND LAD IS NOT RESPONSIBLE FOR TORTS COMMITTED BY LAN OR ITS EMPLOYEES

To be clear, LAD strongly denies that the professional engineers employed by LAN with respect to the City of Flint Water Treatment Plant and water supply system were negligent in any way. Any injuries sustained in the Flint water crisis were solely caused by the negligence and criminal fault of the governmental actors who made and implemented the key decisions that spurred the crisis. However, even if it is ultimately found that some professional negligence was committed and that this negligence played some causal role in the injuries sustained, that negligence cannot be attributed to LAD. The City of Flint contracted with LAN to perform the services, which were performed by LAN employees under LAN's direction. Consequently, to impose liability on LAD, Plaintiffs must show that LAN and LAD are, in fact, not separate corporations. They have failed to do so.

**A.     STANDARDS GOVERNING CORPORATE SEPARATENESS**

Michigan generally "treats a corporation as an entirely different entity from its shareholders." *Soloman v. Western Hills Dev. Co.*, 110 Mich. App. 257, 312 N.W. 2d 428, 431 (1981). The corporate veil "may be pierced only when an otherwise separate corporate existence has been used to subvert justice or cause a result that is contrary to some overriding public policy." *Servo Kinetics, Inc. v. Tokyo Precision Instruments Co.*, 475 F.3d 783, 798 (6th Cir. 2007) (quoting

8

*Seasword v. Hilti*, 449 Mich. 542, 537 N.W.2d 221, 224 (1995)). This "injustice" necessary to disregard the corporate form "must in some manner relate to the misuse of the corporate form short of fraud or illegality." *Soloman,* 312 N.W. 2d. at 432; *see also Scarff Bros. Inc. v. Bischer Farms, Inc.*, 386 Fed. Appx. 518, 524 (6th Cir. 2010).

These basic alter ego principles apply in the context of parent and subsidiary corporations. "Michigan law presumes that, absent some abuse of corporate form, parent and subsidiary corporations are separate and distinct entities." *Seasword*, 449 Mich. at 547. Corporate separateness is disregarded only when it appears that "to recognize corporate separateness would aid in the commission of a wrong." *Gledhill v. Fisher & Co.*, 272 Mich. 353, 262 N.W. 371 (1935). A claimant seeking to disregard corporate separateness must establish: (1) control by the parent to such a degree that the subsidiary has become its mere instrumentality; (2) fraud or wrong by the parent through its subsidiary; and (3) unjust loss or injury to the claimant. *Maki v. Copper Range Co.*, 121 Mich. App. 518, 328 N.W. 3d 430 (1982); *see also In re RCS Engineered Prods. Co., Inc.*, 102 F. 3d 223, 226 (6th Cir. 1996).

LAD disputes that LAN is a mere instrumentality and contends that, as a matter of law, the evidence does not support any findings that would permit

9

corporate separateness to be disregarded.³ LAD does not seek to overturn the Court's prior ruling that a fact issue exists with regard to whether LAN is an instrumentality of LAD. Nevertheless, some review of the basic facts on corporate separateness may be useful in assessing the question of misuse of the corporate form. LAN is no sham. It is an operating company with its own business distinct from LAD. It has and continues to generate its own revenues. (Brader Deposition, Exhibit 2, Exs. 3-3A). LAN holds assets in its own name. (Brader Deposition, Exhibit 2, Ex. 5). There is no evidence that LAN is undercapitalized. Indeed, over the last several years, it has consistently been more profitable than LAD. (Ex. 2, pp. 80-82, 90, Ex. 4). See *Lyngaas* 933 F. 3d at 420-21 (evaluating corporate profitability as an indicator of undercapitalization).

There is no suggestion that the two corporations have failed to satisfy corporate formalities or to keep separate records. The finances of the two companies are accounted for separately and disbursements are made from separate accounts. (Ex. 2, pp. 42, 70). Any shared expenses are allocated between the companies based upon a formula. Each corporation pays bonuses to certain employees according to the profitability of that particular company. (Ex. 2, pp. 116-17, 122, 124). While

---

³ Whether a corporate entity is a mere instrumentality of another is determined by analyzing "(1) whether the corporation is undercapitalized, (2) whether separate books are kept, (3) whether there are separate finances for he corporation, (4) whether the corporation is used for fraud or illegality, (5) whether corporate formalities have been followed, and (6) whether the corporation is a sham." *Lyngaas v. Curaden AG*, 992 F. 3d 412, 420-21 (6th Cir. 2021)(quoting *Glenn v. TPI Petrol., Inc.*, 305 Mich. App. 698, 854 N.W. 2d 509, 520 (2014)).

some questions have been raised regarding the Employee Leasing Agreement, those questions do not go to corporate separateness.

## B. THERE IS NO EVIDENCE OF MISUSE OF THE CORPORATE FORM

As stated above, Michigan will disregard corporate separateness only where there has been an abuse of the corporate form to commit some kind of wrong. *Seasword*, 537 N.W. 2d at 224. The claimant must show, at minimum, that "the owner exercised his or her control over the entity in such a manner as to wrong the complainant." *Green v. Ziegelman*, 310 Mich. App. 436, 458, 873 N.W. 2d 794, 807 (2015). See also *Lim v. Miller Parking Co.*, 560 B.R. 688, 705 (E.D. Mich. 2016)("In order to prove the 'fraud or wrong' element, the plaintiff must establish that a controlling entity engaged in deliberate wrongful conduct that either was designed to or actually did produce injury to obligees of the instrumental entity. And the proof of 'fraud or wrong' must comprise something other than a mere showing of an unjust loss to the plaintiff."); *Lyngaas v. Curaden AG.* 2019 WL 223217 at *10 (E.D. Mich. May 23, 2019)(summary judgment for parent warranted where there was no evidence that it engaged in deliberate wrongful conduct that injured plaintiff).

Plaintiffs have developed no evidence that would suggest that LAD has misused LAN in any way to commit a fraud or any other wrong. Rather, the City of Flint contracted with *LAN* to perform the kind of infrastructure engineering services

11

that *LAN* customarily provides. There is no indication that any revenue from the work performed for the City was not accounted for separately in the same manner as all other LAN revenue. Nor is there any suggestion that LAD interfered with LAN's work at Flint or influenced it in any way. LAN and LAD had distinct management structures and the engineers reported within the LAN chain of command. (Exhibit 6, Nakashima Deposition, p. 33). Consequently, there is no connection between whatever control that LAD could theoretically assert over LAN and the injuries that Plaintiffs sustained. "The lack of 'some form of culpable conduct'…dooms [plaintiffs'] theory." *Lyngaas*, 992 F. 3d at 421. Under the record, there is simply no material fact regarding fraud or wrong involving the corporate form to bring to trial. LAD is entitled to summary judgment.

Respectfully submitted,

| | |
|---|---|
| */s/Wayne B. Mason* | */s/ Philip A. Erickson* |
| Wayne B. Mason (SBOT 13158950) | Philip A. Erickson (P37081) |
| Travis S. Gamble (SBOT 00798195) | Rhonda Stowers (P64083) |
| S. Vance Wittie (SBOT 21832980) | David K. Otis (P31627) |
| David C. Kent (SBOT 11316400) | PLUNKETT COONEY |
| FAEGRE DRINKER BIDDLE & REATH LLP | 101 N. Washington Square, Suite 1200 |
| 1717 Main St., Suite 5400 | Lansing, MI 48933 |
| Dallas TX 75201 | (517) 324-5608 |
| (469) 357-2500 | *perickson@plunkettcooney.com* |
| *wayne.mason@faegredrinker.com* | *rstowers@plunkettcooney.com* |
| *travis.gamble@faegredrinker.com* | |
| *vance.wittie@faegredrinker.com* | **ATTORNEYS FOR DEFENDANT** |
| *david.kent@faegredrinker.com* | **LEO A. DALY COMPANY** |

Dated: May 19, 2023

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing instrument was served on all counsel of record on May 19, 2023 in accordance with the provisions of the Federal Rules of Civil Procedure.

*/s/ S. Vance Wittie*
S. Vance Wittie

13