## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

ELNORA CARTHAN, et al.,

　　　　　　　　　Plaintiffs,

v.

RICK SNYDER, et al.,

　　　　　　　　　Defendants.

Case No. 5:16-cv-10444-JEL-MKM

Hon. Judith E. Levy

_____

## DEFENDANTS VEOLIA NORTH AMERICA, LLC, VEOLIA NORTH AMERICA, INC., AND VEOLIA WATER NORTH AMERICA OPERATING SERVICES, LLC'S MOTION TO SEAL PORTIONS OF THE EXPERT REPORT OF BRENT L. FINLEY

Defendants Veolia North America, LLC, Veolia North America, Inc., and Veolia Water North America Operating Services, LLC (VNA) move this Court under E.D. Mich. Local Rule 5.3(b) and this Court's Confidentiality Order, ECF No. 1162-3, for an order to seal portions of the expert report of Brent L. Finley. VNA has attached the Finley report in redacted and unredacted form, with the language that VNA proposes to redact highlighted on the unredacted version. VNA proposes to redact the names of minor children, Class Plaintiffs' home addresses, and medical information, all of which is the type of information that has been designated as "Confidential" or "Highly Confidential" by Plaintiffs under the Confidentiality Order.

As Local Rule 7.1(a) requires, on June 1, 2023, VNA sent counsel for Class Plaintiffs an email identifying each of the points raised in this motion and asked for Plaintiffs' position on sealing this information. Plaintiffs consent to the relief requested in this motion.

Respectfully submitted,

**CAMPBELL, CONROY & O'NEIL P.C.**

By: */s/ James M. Campbell*
James M. Campbell
Alaina N. Devine
20 City Square, Suite 300
Boston, MA 02129
(617) 241-3000
jmcampbell@campbell-trial-lawyers.com
adevine@campbell-trial-lawyers.com

**MAYER BROWN LLP**

By: */s/ Michael A. Olsen*
Michael A. Olsen
71 S. Wacker Dr.
Chicago, IL 60606
(312) 701-7120
molsen@mayerbrown.com

*Attorneys for Veolia North America, LLC, Veolia North America, Inc., and Veolia Water North America Operating Services, LLC*

Dated: June 2, 2023

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

ELNORA CARTHAN, et al.,

                     Plaintiffs,

v.

RICK SNYDER, et al.,

                     Defendants.

Case No. 5:16-cv-10444-JEL-MKM
Hon. Judith E. Levy

---

## BRIEF IN SUPPORT OF DEFENDANTS VEOLIA NORTH AMERICA, LLC, VEOLIA NORTH AMERICA, INC., AND VEOLIA WATER NORTH AMERICA OPERATING SERVICES, LLC'S MOTION TO SEAL PORTIONS OF THE EXPERT REPORT OF BRENT L. FINLEY

## STATEMENT OF ISSUES PRESENTED

1.   Should the Court permit VNA to file certain parts of the Finley expert report

under seal?

**VNA answers:**  "Yes."

**Class Plaintiffs answer:**  "Yes."

## CONTROLLING OR MOST APPROPRIATE AUTHORITIES

*Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*,
      825 F.3d 299 (6th Cir. 2016)

E.D. Mich. L. R. 5.3(b)

## INTRODUCTION

VNA moves this Court for an order to shield from public disclosure certain personal information regarding the Class Plaintiffs, including medical and other sensitive information, that is included in Dr. Brent Finley's expert report.  VNA files this motion to advance the purposes of this Court's Confidentiality Order and to afford Plaintiffs the chance to protect private information to the extent consistent with the Sixth Circuit's mandate in *Shane Group* and this Court's own prior orders on confidential information.

## LEGAL STANDARD

"[T]rial courts have always been afforded the power to seal their records" under certain circumstances.  *In re Knoxville News-Sentinel Co.*, 723 F.2d 470, 474 (6th Cir. 1983); *see Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978) (holding that the court maintains "supervisory power over its own records and files" and may issue orders sealing judicial records or court filings when appropriate); Fed. R. Civ. P. 5.2(d); L.R. 5.3(b).

"[C]ourts have long recognized . . . a 'strong presumption in favor of openness' as to court records."  *Shane Group, Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299, 305 (6th Cir. 2016).  But "the presumptive right of the public to inspect and copy judicial documents and files" may be overcome when the "interests of privacy outweigh the public's right to know."  *In re Knoxville News-*

1

*Sentinel*, 723 F.2d at 474; *see Shane Grp.*, 825 F.3d at 307 (stating that the "interests in favor of closure" should be weighed with "the public interest in access to court records").

To justify a sealing order, a party "must provide compelling reasons to seal the documents and demonstrate that the sealing is narrowly tailored to those reasons." *Beauchamp v. Fed. Home Loan Mortg. Corp.*, 658 F. App'x 202, 207 (6th Cir. 2016). The moving party may satisfy its burden on a motion to seal filings by "showing that 'disclosure will work a clearly defined and serious injury.'" *Shane Grp.*, 825 F.3d at 307. E.D. Mich. Local Rule 5.3(b)(3)(A) outlines the specific steps that a party must take to make the required showing in this district.

This Court's decisions on similar documents during the proceedings in this case drive the outcome here. "The law-of-the-case doctrine provides that courts' earlier decisions should continue to govern the same issues in subsequent stages in the same case." *United States v. $31,000.00 in U.S. Currency*, 774 F. App'x 288, 293 (6th Cir. 2019).

In filing this motion, VNA does not concede any part of Plaintiffs' claims. *See* E.D. Mich. L.R. 5.3(b)(3)(C)(iv) ("Statements made in any motions or responses to motions filed under this rule are not admissible by any party to prove or disprove any element of a disputed claim."); Order Granting in Part Mot. to Seal 4 n.2, ECF No. 358, PageID.22370. Further, as the Court has recognized, filing items under

2

seal does not necessarily establish that those items will be sealed when presented at trial.  *See* Order Granting in Part Mot. to Seal 4 n.2, ECF No. 358, PageID.22370; Tr. of July 29, 2020, Status Conference 19, *In re Flint Water Litig.*, No. 16-cv-10444 ECF No. 1224, Page.ID 38474.

## ARGUMENT

VNA seeks to file the following information under seal:

| Document Description | Objections | Page | Confidential Nature (including any third-party or non-party interests) |
|---|---|---|---|
| Finley Expert Report | Unknown | 5 | Minor's identifying information |
| Finley Expert Report | Unknown | 10-11 | Medical information |
| Finley Expert Report | Unknown | 16 | Plaintiffs' addresses and medical information |
| Finley Expert Report | Unknown | 17 | Plaintiffs' addresses and medical information |
| Finley Expert Report | Unknown | 24-25 | Plaintiffs' addresses and medical information |
| Finley Expert Report | Unknown | 32 | Medical information |
| Finley Expert Report | Unknown | 34 | Medical information |
| Finley Expert Report | Unknown | 35-36 | Medical information |

Legal authority justifies sealing the confidential information that VNA has identified.  *See* E.D. Mich. L.R. 5.3(b)(3)(A)(iv).  The Sixth Circuit has recognized the need to seal documents to protect "the privacy interests of participants or third parties." *Hardesty v. Kroger Co.,* No. 16-cv-298, 2020 WL 3545676, at *1 (S.D. Ohio June 30, 2020) (citing *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1179 (6th Cir. 1983)).  To that end, the Sixth Circuit has sealed documents

that "refer[] to sensitive medical or personal identifying information."  *Russell v. U.S. R.R. Ret. Bd.,* No. 19-3800, slip op. at 2 (6th Cir. Mar. 10, 2020), ECF No. 17-2; *accord San Ramon Reg'l Med. Ctr., Inc. v. Principal Life Ins.,* No. C 10-02258 SBA, 2011 WL 89931, at *1 n.1 (N.D. Cal. Jan. 10, 2011).  Similarly, a party's home address has been sealed as personal information.  *Hardesty,* 2020 WL 3545676 at *2; *Mott v. PNC Fin. Servs. Grp, Inc.*, No. 2:16-cv-01949-JCM-EJY, 2020 WL 1704437, at *2 (D. Nev. Apr. 8, 2020) ("financial account numbers and home address are generally protected from full disclosure in court filings").  Federal Rule of Civil Procedure 5.2(a) also requires parties to redact "an individual's social-security number, taxpayer-identification number, or birth date, the name of an individual known to be a minor, or a financial-account number."

VNA is seeking to seal only the type of information that courts, including this Court, have said should be sealed.  The information consists of contact information, minor children's names, and information relating to medical conditions.  This type of information has been designated as "Confidential" or "Highly Confidential" by Plaintiffs under the existing Confidentiality Order.  *See* E.D. Mich. L.R. 5.3(b)(3)(A)(iii).  VNA is not aware of significant non-party or third-party interests that would be affected if this information were to be publicized, but this motion will also afford any of those persons the chance to come forward and argue their own interests, too.  And sealing this information should not impair the public's ability to

4

meaningfully evaluate the substance of Plaintiffs' or VNA's arguments on the merits of this case.  The Court has granted VNA's motion to seal similar information.  *See Order Granting in Part Mot. to Seal 4-6, ECF No. 358, PageID.22370-22372.*  It should do so again now.

**CONCLUSION**

For these reasons, VNA asks this Court to grant the motion to seal and permit VNA to submit a redacted version of the Finley expert report.

Respectfully submitted,

**CAMPBELL, CONROY & O'NEIL P.C.**     **MAYER BROWN LLP**

By: */s/ James M. Campbell*          By: */s/ Michael A. Olsen*
James M. Campbell                     Michael A. Olsen
Alaina N. Devine                      71 S. Wacker Dr.
20 City Square, Suite 300             Chicago, IL 60606
Boston, MA 02129                      (312) 701-7120
(617) 241-3000                        molsen@mayerbrown.com
jmcampbell@campbell-trial-lawyers.com
adevine@campbell-trial-lawyers.com

*Attorneys for Veolia North America, LLC, Veolia North America, Inc., and Veolia Water North America Operating Services, LLC*

Dated:  June 2, 2023

## CERTIFICATE OF SERVICE

I hereby certify that on June 2, 2023, I electronically filed this document with the Clerk of the Court using the ECF System, which will send notification to the ECF counsel of record.

By:    /s/ James M. Campbell
          James M. Campbell
          jmcampbell@campbell-trial-lawyers.com