# EXHIBIT 1

0227

**PROPOSED AMENDMENTS TO THE
FEDERAL RULES OF EVIDENCE**

**Rule 702.   Testimony by Expert Witnesses**

A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if the proponent demonstrates to the court that it is more likely than not that:

**(a)** the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;

**(b)** the testimony is based on sufficient facts or data;

**(c)** the testimony is the product of reliable principles and methods; and

**(d)** the expert's opinion reflects a reliable application of the principles and methods to the facts of the case.

0227

2                    FEDERAL RULES OF EVIDENCE

### Committee Note

Rule 702 has been amended in two respects:

(1) First, the rule has been amended to clarify and emphasize that expert testimony may not be admitted unless the proponent demonstrates to the court that it is more likely than not that the proffered testimony meets the admissibility requirements set forth in the rule. *See* Rule 104(a). This is the preponderance of the evidence standard that applies to most of the admissibility requirements set forth in the evidence rules. *See Bourjaily v. United States*, 483 U.S. 171, 175 (1987) ("The preponderance standard ensures that before admitting evidence, the court will have found it more likely than not that the technical issues and policy concerns addressed by the Federal Rules of Evidence have been afforded due consideration."); *Huddleston v. United States*, 485 U.S. 681, 687 n.5 (1988) ("preliminary factual findings under Rule 104(a) are subject to the preponderance-of-the-evidence standard"). But many courts have held that the critical questions of the sufficiency of an expert's basis, and the application of the expert's methodology, are questions of weight and not admissibility. These rulings are an incorrect application of Rules 702 and 104(a).

There is no intent to raise any negative inference regarding the applicability of the Rule 104(a) standard of proof for other rules. The Committee concluded that emphasizing the preponderance standard in Rule 702 specifically was made necessary by the courts that have failed to apply correctly the reliability requirements of that rule. Nor does the amendment require that the court make a finding of reliability in the absence of objection.

The amendment clarifies that the preponderance standard applies to the three reliability-based requirements

added in 2000—requirements that many courts have incorrectly determined to be governed by the more permissive Rule 104(b) standard. But it remains the case that other admissibility requirements in the rule (such as that the expert must be qualified and the expert's testimony must help the trier of fact) are governed by the Rule 104(a) standard as well.

Some challenges to expert testimony will raise matters of weight rather than admissibility even under the Rule 104(a) standard. For example, if the court finds it more likely than not that an expert has a sufficient basis to support an opinion, the fact that the expert has not read every single study that exists will raise a question of weight and not admissibility. But this does not mean, as certain courts have held, that arguments about the sufficiency of an expert's basis always go to weight and not admissibility. Rather it means that once the court has found it more likely than not that the admissibility requirement has been met, any attack by the opponent will go only to the weight of the evidence.

It will often occur that experts come to different conclusions based on contested sets of facts. Where that is so, the Rule 104(a) standard does not necessarily require exclusion of either side's experts. Rather, by deciding the disputed facts, the jury can decide which side's experts to credit. "[P]roponents 'do not have to demonstrate to the judge by a preponderance of the evidence that the assessments of their experts are correct, they only have to demonstrate by a preponderance of evidence that their opinions are reliable. . . . The evidentiary requirement of reliability is lower than the merits standard of correctness.'" Advisory Committee Note to the 2000 amendment to Rule 702, quoting *In re Paoli R.R. Yard PCB Litigation*, 35 F.3d 717, 744 (3d Cir. 1994).

4                FEDERAL RULES OF EVIDENCE

Rule 702 requires that the expert's knowledge "help" the trier of fact to understand the evidence or to determine a fact in issue. Unfortunately, some courts have required the expert's testimony to "appreciably help" the trier of fact. Applying a higher standard than helpfulness to otherwise reliable expert testimony is unnecessarily strict.

(2) Rule 702(d) has also been amended to emphasize that each expert opinion must stay within the bounds of what can be concluded from a reliable application of the expert's basis and methodology. Judicial gatekeeping is essential because just as jurors may be unable, due to lack of specialized knowledge, to evaluate meaningfully the reliability of scientific and other methods underlying expert opinion, jurors may also lack the specialized knowledge to determine whether the conclusions of an expert go beyond what the expert's basis and methodology may reliably support.

The amendment is especially pertinent to the testimony of forensic experts in both criminal and civil cases. Forensic experts should avoid assertions of absolute or one hundred percent certainty—or to a reasonable degree of scientific certainty—if the methodology is subjective and thus potentially subject to error. In deciding whether to admit forensic expert testimony, the judge should (where possible) receive an estimate of the known or potential rate of error of the methodology employed, based (where appropriate) on studies that reflect how often the method produces accurate results. Expert opinion testimony regarding the weight of feature comparison evidence (i.e., evidence that a set of features corresponds between two examined items) must be limited to those inferences that can reasonably be drawn from a reliable application of the principles and methods. This amendment does not, however, bar testimony that

comports with substantive law requiring opinions to a particular degree of certainty.

Nothing in the amendment imposes any new, specific procedures. Rather, the amendment is simply intended to clarify that Rule 104(a)'s requirement applies to expert opinions under Rule 702. Similarly, nothing in the amendment requires the court to nitpick an expert's opinion in order to reach a perfect expression of what the basis and methodology can support. The Rule 104(a) standard does not require perfection. On the other hand, it does not permit the expert to make claims that are unsupported by the expert's basis and methodology.