# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

ELNORA CARTHAN, et al.,

Plaintiffs,

v.

RICK SNYDER, et al.,

Defendants.

Case No. 5:16-cv-10444-JEL-MKM

Hon. Judith E. Levy

_____

# REPLY IN SUPPORT OF VEOLIA NORTH AMERICA, LLC, VEOLIA NORTH AMERICA, INC., AND VEOLIA WATER NORTH AMERICA OPERATING SERVICES, LLC'S MOTION FOR SUMMARY JUDGMENT

## CONTROLLING OR MOST APPROPRIATE AUTHORITIES

*Bailey v. Schaaf*, 494 Mich. 595 (2013)

*In re Certified Question*, 479 Mich. 498 (2007)

*Craig ex rel. Craig v. Oakwood Hosp.*, 471 Mich. 67 (2004)

*Myers v. United States*, 17 F.3d 890 (6th Cir. 1994)

## TABLE OF CONTENTS

**Page**

INTRODUCTION ....................................................................................................1

ARGUMENT ..........................................................................................................1

I.  VNA Did Not Owe Plaintiffs A Legal Duty ..................................................1

    A.  The *Certified Question* Factors Are Not Met Here ...........................2

    B.  Plaintiffs' Alleged Duty To Protect Is Invalid ..................................6

II.  Plaintiffs Cannot Prove Causation For Three Theories Of Liability
And For Three Claimed Injuries.......................................................................8

    A.  Plaintiffs Cannot Prove Causation For Three Theories Of
Liability ...............................................................................................8

    B.  Plaintiffs Cannot Prove Causation For Three Claimed Harms..........10

III.  The Non-Parties Each Owed Plaintiffs A Legal Duty ..................................10

CONCLUSION.....................................................................................................10

## INTRODUCTION

VNA moved for summary judgment on duty and partial summary judgment on causation and on its non-party-at-fault case.  VNA explained that it did not owe Plaintiffs a legal duty, because among other things there was no relationship between the parties and that VNA did not owe Plaintiffs a duty to protect them from harm. In response, Plaintiffs rely on a view of Michigan law that this Court previously rejected – confirming that there is no duty under the correct legal standards.  VNA also explained that Plaintiffs cannot prove causation for three theories of liability and for three of their claimed harms.  Plaintiffs now have dropped one of the three claimed harms, and their remaining arguments lack merit.  Finally, VNA explained that the law is clear that each non-party owed Plaintiffs a legal duty.  Plaintiffs do not respond to that argument at all.

## ARGUMENT

## I.    VNA Did Not Owe Plaintiffs A Legal Duty

Under Michigan law, a professional generally owes a duty of professional care only to its client.  Br. in Supp. of VNA Mot. for Summ. J. (MSJ Br.) 2-3, ECF No. 2463, PageID.80578-80579.  Michigan courts will extend a professional's duty of care to a non-client only in limited circumstances – namely, when there is a relationship between the parties, when the harm was foreseeable, and if the policy benefits of imposing a duty outweigh the costs.  *Id.* at 3, PageID.80579 (citing *In re Certified Question*, 479 Mich. 498 (2007)).

In response, Plaintiffs argue that the general rule is limited to attorneys and physicians, because communications between those professionals and their clients are privileged.  Pls.' Resp. in Opp. to VNA Mot. for Summ. J. (Opp.) 6, ECF No. 2509, PageID.83334.  But Michigan courts have not justified the general rule on privilege grounds; instead, they have explained that the general rule protects the professional-client relationship.  *Atlanta Int'l Ins. v. Bell*, 438 Mich. 512, 519 (1991).  And Michigan courts long have held that the same standards for evaluating duty that apply to physicians and attorneys apply to other professionals.  *E.g.*, *Bayne v. Everham*, 197 Mich. 181, 199-200 (1917) (architects).  So the general rule applies here, unless Plaintiffs can show that an exception is warranted under the *Certified Question* factors.[1]  They have not made that showing.  MSJ Br. 3-12, PageID.80579-80588.  Further, their asserted duty is fundamentally a duty to protect, and that duty is invalid as a matter of law.  *Id.* at 12-16, PageID.80588-80592.

## A.    The *Certified Question* Factors Are Not Met Here

*Relationship.*  As this Court has recognized, under Michigan law "a defendant does not have a duty to protect everybody from all foreseeable harms."  *Lee v. City of Flint*, No. 17-cv-11726, 2021 WL 5237197, at *2 (E.D. Mich. Nov. 10, 2021)

---

[1]   Contrary to Plaintiffs' suggestion, Opp. 7-8, PageID.83335-83336, VNA does not argue that a professional can never owe a duty to a non-client, *see* MSJ Br. 8, PageID.80584.  VNA recognized that Michigan courts extend a professional's duty to a non-client if the *Certified Question* factors are met, *id.* at 3, PageID.80579.

(quoting *In re Certified Question*, 479 Mich. at 508)).  Instead, "there must be a relationship between the parties."  *Id.* (quoting *In re Certified Question*, 479 Mich. at 508).  Here, there was no relationship between VNA and Plaintiffs; no Plaintiff alleges any contact with VNA of any kind before this lawsuit.  MSJ Br. 3-6, PageID.80579-80582.  Plaintiffs do not dispute this.

Plaintiffs instead rely on the Court's holding in *Lee* that the relationship can be indirect.  In that case, the Court held that the relationship factor was satisfied because VNA had a relationship with the City of Flint, which in turn had a relationship with the plaintiff.  Opp. 3, PageID.83331 (citing *Lee*, 2021 WL 5237197, at *4).  But as VNA explained, *Lee* cannot be squared with *Certified Question*, which rejected the argument that the defendant's relationship with a third party could "extend" to the plaintiff.  MSJ Br. 4-5, PageID.80580-80581 (quoting *In re Certified Question*, 479 Mich. at 515 n.15).  VNA also explained that, in the other cases on which the Court relied, either the Michigan court declined to impose a duty or there was a relationship between the parties.  *Id.* at 5-6, PageID.80581-80582.[2]

---

[2]  Plaintiffs argue that the decisions that declined to impose a duty nonetheless suggest that a duty can arise from an indirect relationship through a third party.  Opp. 8-9, PageID.83336-83337.  They are mistaken:  In each case, the court suggested that an indirect relationship could be sufficient if there was a "special relationship" between the defendant and the third party giving rise to a duty to protect.  *Murdock v. Higgins*, 454 Mich. 46, 53 (1997); *Buczkowski v. McKay*, 441 Mich. 96, 103-04 & 104 n.9 (1992); *Bearss v. Fazzini*, No. 347206, 2020 WL 3399571, at *2-3 (Mich. App. June 18, 2020).  No such special relationship exists here.  MSJ Br. 15, PageID.80591.

Plaintiffs' response is to argue that "a duty of care is owed to anyone foreseeably harmed by one's willful conduct." Opp. 8, PageID.83336. But as this Court has recognized, *Certified Question* rejected that view. *See Lee*, 2021 WL 5237197, at \*2. *Certified Question* remains binding law.[3] Plaintiffs' reliance on an incorrect legal standard makes clear that they lose under the correct legal standard.

Plaintiffs also rely on the voluntary-undertakings doctrine, Section 324A of the Restatement (Second) of Torts, to establish the required relationship. *See* Opp. 3-4, 9-10, PageID.83331-83332, 83337-83338. But as VNA explained, the Michigan Supreme Court has never applied Section 324A in a professional-negligence case, and it has warned against applying Section 324A "uncritically." MSJ Br. 8, PageID.80584 (quoting *Fultz v. Union Com. Assocs.*, 470 Mich. 460, 464-65 (2004)). Plaintiffs have no response. Anyway, Plaintiffs argue that Section 324A applies because VNA increased their risk of harm, Opp. 3-4, PageID.83331-83332, but VNA did not do that, MSJ Br. 13, PageID.80589; *see* pp. 6-7, *infra*.

*Foreseeability.* VNA explained that the harm here was unforeseeable, because the City deliberately withheld from VNA critical data about the lead levels in Leanne Walters' home, and intentional misconduct is unforeseeable as a matter

---

[3] To the extent Plaintiffs suggest that *Loweke v. Ann Arbor Ceiling & Partition Co.*, 489 Mich. 157 (2011), resurrected the all-foreseeable-plaintiffs standard, *see* Opp. 8, PageID.83336, they are mistaken. As VNA explained, *Loweke* expressly *declined* to address whether the plaintiff was owed a duty of care and did not purport to change the *Certified Question* framework. MSJ Br. 7, PageID.80583.

of law.  MSJ Br. 9, PageID.80585.  Plaintiffs argue that other evidence shows that VNA knew of lead problems in Flint.  Opp. 13 & n.14, PageID.83341.  In particular, they cite a statement by a VNA employee that Flint "could have problems with lead . . . in the future," Opp. Ex. 2 at 183, PageID.83370, as well as an email about a prospective news story reporting elevated lead levels at isolated locations at the University of Michigan in Flint, Email, No. 17-cv-10164 ECF No. 624-4, PageID.43073.  That email predated VNA's engagement in Flint, and it prompted VNA to ask the City for lead-testing data when it began its engagement.  Gnagy Dep. 214, No. 17-cv-10164 ECF No. 332-25, PageID.17537.  The data it was given did not show any lead problems.  *Id.* at 224-28, PageID.17539-17543.  Plaintiffs also cite their expert's testimony to support their foreseeability argument, Opp. 12 n.12, 13 nn.13-14, PageID.83340-83341, but an expert's testimony as to the "underlying facts" is not competent evidence, *In re John Richards Homes Bldg. Co.*, 439 F.3d 248, 264 (6th Cir. 2006).

*Policy factors*.  VNA explained that imposing a duty on a consultant when the consultant was hired only to provide advice that its client was free to accept, modify, or reject would massively expand professional negligence in Michigan and would chill consultants from providing advisory services to governmental entities.  MSJ Br. 9-10, PageID.80585-80586.  Plaintiffs respond that any cost of imposing a duty is warranted because the potential harm was so great.  Opp. 14-15, PageID.83342-

83343.  But Plaintiffs already can be fully compensated for any harms by bringing suit against the City and State agencies and officials that actually harmed them. There is no need to extend VNA's duty of care.  And doing that would not reduce the likelihood of future harm – to the contrary, imposing a duty would reduce the willingness of consultants to accept advisory engagements, making it more difficult for government entities to obtain professional advice.

Plaintiffs also argue that the burden would be slight because they are asking consultants only to act within the standard of care.  Opp. 15-16, PageID.83343-83344.  That argument conflates what duty is owed with to whom it is owed.  MSJ Br. 9-10, PageID.80585-80586.  VNA does not dispute that it owed the *City* a duty of professional care.  Its point is that extending that duty to a "potentially limitless pool of plaintiffs" is unwarranted.  *Certified Question*, 479 Mich. at 519-21.

### B.   Plaintiffs' Alleged Duty To Protect Is Invalid

Plaintiffs' claims fail for the additional reason that their asserted duty is fundamentally a duty to protect, and under Michigan law a person generally has no duty to protect another from a risk of harm created by a third party.  MSJ Br. 12-15, PageID.80588-80591 (citing *Bailey v. Schaaf*, 494 Mich. 595, 604 (2013)).  In response, Plaintiffs acknowledge the general rule, but argue that it is irrelevant here because VNA increased their risk of harm.  Opp. 9-10 & 9 n.7, PageID.83337-83338.

But Plaintiffs did not allege that VNA increased their risk of harm. In their words, their theory is that VNA's alleged negligence "delay[ed]" the resolution of the Flint water crisis. Opp. 9, PageID.83337. To be precise, their theory is that, if VNA had given different advice, the City and State would have acted sooner to end the crisis. *See* MSJ Br. Ex. 4, Russell Supplemental Report 2, PageID.80637. They do *not* allege that VNA gave advice that made the crisis worse, and the evidence would not support that allegation. Thus, if VNA had "not engaged in the undertaking at all," nothing would have changed for Plaintiffs. *Myers v. United States*, 17 F.3d 890, 903 (6th Cir. 1994). The Sixth Circuit has recognized that, in that situation, the defendant did not "increase[] the risk of harm." *Id.* at 902-03 ("reject[ing]" the argument that the defendant increased the risk of harm on the theory that "by failing to detect safety violations," a dangerous condition was "allowed to continue").

Plaintiffs contend that VNA gets the law wrong by arguing that it owed only a duty not to create a new hazard. Opp. 10-11, PageID.83338-83339. But that is not VNA's argument – VNA recognizes that, if it owed Plaintiffs a duty at all, it was a duty not to create a new hazard or increase the risk of an existing hazard. MSJ Br. 13-14 & 14 n.2, PageID.80589-80590. VNA's point is that, no matter how Plaintiffs try to spin it, they do not allege that VNA increased the risk of an existing hazard. Their theory is that VNA owed them a duty to *lower* the risk of an existing hazard. That is a duty to protect, and it is invalid under Michigan law.

II.    **Plaintiffs Cannot Prove Causation For Three Theories Of Liability And For Three Claimed Injuries**

A.    **Plaintiffs Cannot Prove Causation For Three Theories Of Liability**

There is no evidence of but-for causation for three of VNA's alleged breaches: (1) its supposed failure to recommend returning to Detroit water; (2) its public statements that the water was safe; and (3) its ferric chloride recommendations.

*Return to Detroit*.  The evidence establishes that City officials would not have returned to Detroit water no matter what VNA had done.  MSJ Br. 17-19, PageID.80593-80595.  Plaintiffs point to statements by City and State officials that they might have considered an urgent warning from VNA.  Opp. 17-18 & 17 n.18, PageID.83345-83346.  But the broader record shows that the City had ruled out returning to Detroit water.  MSJ Br. 17-19, PageID.80593-80595.

Plaintiffs argue that VNA's statements that the water was safe also are relevant to the return-to-Detroit theory.  Their theory is that City officials relied on those statements in deciding not to switch back to Detroit water.  Opp. 18 & n.19, PageID.83346.  But they point to no evidence to support that theory.  Plaintiffs cite statements by former Emergency Managers Darnell Earley and Gerald Ambrose that Flint water was safe or met federal and state guidelines.  *See id.*  Yet neither associated that statement with VNA.  *See id.*  Earley stepped down as Emergency Manager in January 2015, *before* VNA started its work in Flint.  MSJ Br. Ex. 7 at 109, PageID.80796.  So he could not have been relying on VNA.  And Ambrose

8

testified that he said that the water was safe because he had been told that by other City officials, not by VNA.  Ex. 22, Ambrose Dep. 267.

*Water is safe statements*.  VNA explained that there is no evidence that any Plaintiff or City or State official relied on VNA's statements about the water being safe. MSJ Br. 19-20, PageID.80595-80596.   Plaintiffs argue that Earley and Ambrose did rely on VNA's statements.  *See* Opp. 19-20, PageID.83347-83348.  But as just explained, there is no evidence to back up that theory.  Plaintiffs also argue that whether any Plaintiff relied on VNA's statements is not part of the issue-class trial.  *Id.* at 20 n.21, PageID.83348.   That is incorrect – the issue-class trial is supposed to resolve *all* of the class's theories of breach.   Corrected Order on Certified Issues 2-3, ECF No. 2250, PageID.73960-73961.  If one of those theories is not viable because it lacks a causal connection to any alleged harm, then that should be resolved now.

*Ferric chloride recommendations*.  VNA explained that its recommendations regarding ferric chloride could not have caused any harm because it is undisputed that the City did not follow those recommendations.  MSJ Br. 20, PageID.80596. Plaintiffs now say that their theory is that VNA was negligent by failing to advise the City to stop using ferric chloride altogether.  Opp. 20, PageID.88348.  But they do not point to any evidence that the City would have listened to that advice, and indeed the record shows that the City did *not* listen to VNA on ferric chloride.

**B.    Plaintiffs Cannot Prove Causation For Three Claimed Harms**

There is no evidence that Flint water caused immunological effects, cardiovascular outcomes, or reproductive effects.  MSJ Br. 21-23, PageID.80597-80599.  Plaintiffs concede that there is no evidence of causation for immunological effects.  Opp. 21 n.22, PageID.83349.  But they say that there is evidence that lead is "associated" with cardiovascular outcomes and reproductive effects.  *Id.* at 21-22, PageID.83349-83350.  Yet the law is clear:  Correlation is not causation.  *Craig ex rel. Craig v. Oakwood Hosp.*, 471 Mich. 67, 93 (2004).  What Plaintiffs need is reliable expert evidence that lead can *cause* those conditions, and their expert (Dr. Howard Hu) did not provide that.  MSJ Br. 22, PageID.80598.

**III.    The Non-Parties Each Owed Plaintiffs A Legal Duty**

In the bellwether case, the Court held that each of the 38 non-parties for which VNA seeks to allocate fault owed Flint residents a legal duty.  MSJ Br. 23-24, PageID.80599-80600.  The Court reiterated that holding at the hearing on Plaintiffs' motion for judgment on the pleadings on non-party duty, which the Court denied. Tr. of May 31, 2023 Hrg. 38, ECF No. 2486, PageID.82809.  The Court set out a separate process to determine the potential scope of each non-party's fault, *see id.* – but contrary to Plaintiffs' suggestion, Opp. 23 n.24, PageID.83351, that process will *not* revisit duty.  It is settled that each non-party owed Plaintiffs a legal duty.

**CONCLUSION**

The Court should grant summary judgement to VNA.

Respectfully submitted,

**CAMPBELL, CONROY & O'NEIL P.C.**

By:  */s/ James M. Campbell*
James M. Campbell
Alaina N. Devine
20 City Square, Suite 300
Boston, MA 02129
(617) 241-3000
jmcampbell@campbell-trial-lawyers.com
adevine@campbell-trial-lawyers.com

**MAYER BROWN LLP**

By:  */s/ Michael A. Olsen*
Michael A. Olsen
71 S. Wacker Dr.
Chicago, IL 60606
(312) 701-7120
molsen@mayerbrown.com

*Attorneys for Veolia North America, LLC, Veolia North America, Inc., and Veolia Water North America Operating Services, LLC*

Dated:  July 19, 2023

11

## CERTIFICATE OF SERVICE

I hereby certify that on July 19, 2023, I electronically filed this document with the Clerk of the Court using the ECF System, which will send notification to the ECF counsel of record.

By:   */s/ James M. Campbell*
James M. Campbell
jmcampbell@campbell-trial-lawyers.com