## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

*In re:*                                      Case No. 16-cv-10444
Flint Water Litigation                        Hon. Judith E. Levy
                                              Mag. Elizabeth A. Stafford

---

## NON-PARTY NICOLE FLOTTERON'S
## MOTION FOR PROTECTIVE ORDER

Non-party, Nicole Flotteron ("Ms. Flotteron"), by and through her undersigned counsel, The Miller Law Firm, P.C. and Eisner LLP, move this Honorable Court to grant a protective order pursuant to Fed. R. Civ. P. 26(c)(1), forbidding her deposition from being conducted in this action and in response to the subpoena issued by Plaintiffs' counsel in the *In re:* Flint Water Litigation.

Pursuant to Local Rule 7.1, on or around July 27, 2023, there were email communications between attorneys in which the movant explained the nature of the motion and its legal basis, and where the movant requested, but did not obtain, concurrence in the relief sought by the motion. Ms. Flotteron relies upon the facts and law set forth in the accompanying brief in support of this motion, and the exhibits attached thereto.

WHEREFORE, Ms. Flotteron respectfully requests that this Court grant her motion for a protective order, forbidding her deposition from being conducted in this action.

#2844763v9

2844763.9

Respectfully submitted,

**THE MILLER LAW FIRM, P.C.**

/s/ Seth D. Gould
Seth D. Gould (P45465)
950 W. University Dr., Ste. 300
Rochester, MI 48307
T: (248) 841-2200
F: (248) 652-2852
Email: sdg@miller.law

and

**EISNER, LLP**

/s/ Steven Paradise
Steven Paradise
152 W. 57th St., 48th Floor
New York, New York 10019
T: (646) 876-2608
Email: sparadise@eisnerlaw.com

*Attorneys for Non-Party,*
*Nicole Flotteron*

Dated: August 4, 2023

-2-

2844763.9

#2844763v9

# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

*In re:*

Flint Water Litigation

Case No. 16-cv-10444

Hon. Judith E. Levy

Mag. Elizabeth A. Stafford

---

## BRIEF IN SUPPORT OF NON-PARTY
## <u>NICOLE FLOTTERON'S MOTION FOR PROTECTIVE ORDER</u>

## <u>STATEMENT OF ISSUES PRESENTED</u>

Whether Plaintiffs should be permitted to depose non-party Nicole Flotteron, a third Actum employee who worked on the Bellwether I trial, when her testimony would be substantially, if not entirely, duplicative of testimony already given by another Actum employee who has already answered "no" to the question that Plaintiffs' counsel identified as the core issue that necessitated this discovery?

Non-Party Nicole Flotteron's response: No

2844763.9

#2844763v9

## **CONTROLLING OR MOST APPROPRIATE AUTHORITY**

Fed R. Civ. P. 26(c)

Fed R. Civ. P. 45(d)(1)

2844763.9

Non-party, Nicole Flotteron ("Ms. Flotteron"), respectfully submits this memorandum of law in support of her motion for protective order, pursuant to Fed. R. Civ. P. 26(c)(1), seeking an order forbidding Plaintiffs from taking her deposition in this action, on the grounds that doing so would be unduly burdensome to Ms. Flotteron. This is true, particularly because any potentially relevant testimony Ms. Flotteron might be able to provide would be completely duplicative of testimony provided by other non-parties, including Ms. Flotteron's direct supervisor. As discussed herein and below, Ms. Flotteron respectfully requests that this Honorable Court grant her motion.

## I.   **PRELIMINARY STATEMENT**

This is a motion to stop Plaintiffs' unrestrained fishing expedition and protect Ms. Flotteron, a non-party witness, from the undue burden of having to appear for a completely unnecessary deposition. Ms. Flotteron is a former employee of non-party Actum, LLC ("Actum"), a public relations firm that Defendant Veolia North America, LLC ("VNA") engaged to provide public relations services in connection with the Bellwether I trial. (*See* Declaration of Nicole Flotteron ("Flotteron Dec.") at Ex. 1, ¶ 1.)

Ms. Flotteron is now the **third** employee of Actum to be deposed regarding Actum's work on VNA's public relations campaign. Her deposition will no doubt rehash the same subject matter and pose the exact same questions that have already

2844763.9

been addressed during the deposition of Ms. Flotteron's former colleague, Michael McKeon, who directly supervised all of her work at Actum on the matter at issue.

More importantly, a review of the record in this case indicates that Plaintiffs' stated purpose for discovery into VNA's public relations firms (including Actum) was to discover information regarding VNA's use of Google Dynamic Search Advertisements ("GDSA").  But the sworn deposition testimony of Mr. McKeon unequivocally confirmed that Actum played *no role* in any use of GDSA by VNA. Thus, any further deposition of Ms. Flotteron serves no legitimate purpose.

The Federal Rules of Civil Procedure are designed to protect a non-party like Ms. Flotteron from the burden of providing discovery unless Plaintiffs can demonstrate that the specific information sought is relevant to a claim or defense in the case, proportional to the needs of the case, and does not impose an undue burden. Here, Plaintiffs have no need for this duplicative discovery.  Accordingly, this motion should be granted, and Ms. Flotteron should be awarded her legal fees and costs for having to bring this motion.[1]

---

[1] Pursuant to Local Rule 7.1(a), Counsel for Plaintiffs and Ms. Flotteron have met and conferred regarding the grounds for this motion and were unable to reach an agreement to resolve the need for this motion as Plaintiffs will not concur in the relief this motion seeks.

2844763.9

#2844763v9

## II.    FACTUAL BACKGROUND

### A.    Plaintiffs' History of Seeking Non-Party Discovery from Actum, LLC's Current and Former Employees

Plaintiffs' fishing expedition into Actum began with Plaintiffs' deposition subpoena to Actum employee Jennifer Kaufmann, in December 2022.  (Declaration of Steven Paradise, dated August 4, 2023 ("Paradise Dec.") at Ex. 2, ¶ 5, Ex. B.) Ms. Kaufmann objected to the subpoena on the basis of, among other things, a lack of relevance.  (*Id.* ¶ 6, Ex. C.)  However, in an effort to avoid motion practice, Ms. Kaufmann appeared voluntarily for her deposition on March 30, 2023. Ms. Kaufmann was asked a series of questions regarding Actum's engagement for VNA, including its use of social media, but did not have relevant knowledge and the deposition concluded quickly.

Then, on or around May 15, 2023, Plaintiffs' served a second deposition subpoena to Michael McKeon (also an Actum employee).  (*Id.* ¶ 7, Ex. D.)  Mr. McKeon, who also appeared voluntarily, was deposed over two days on June 12, 2023 and June 27, 2023.

Mr. McKeon headed up the public affairs aspect of Actum's engagement by VNA and supervised a team of colleagues who were charged with getting VNA's message regarding its defense of the case out to the media.  (*Id.* ¶ 8, Ex. E at 21:20–24:3). Mr. McKeon testified that, among other things, he likely drafted some of the

2844763.9

content that was distributed on VNA's behalf, and reviewed and approved content before it was posted on the @VNAFlintFacts Twitter account that was created to get VNA's message out.   (*Id.* at 43:15–44:1 ("…I was intimately involved with that content, and probably  - - and I think it's fair to say the final word."))  Mr. McKeon answered numerous questions regarding that content, including how it originated, who was involved in preparing it, whether VNA or other third parties had input into the Tweets, and why they were posted.  (*Id.* at 45:20-23 (being questioned about who had access to the Twitter account).)  He was also asked and answered questions regarding with whom at VNA or its law firms he and the Actum team interacted during their work.  (*Id.* at 46:9-12, 47-5-51:8 (questioning who had input into the content of Tweets).)

Most significantly for purposes of this motion, Mr. McKeon was asked whether Actum utilized GDSA in its work with VNA.  His clear and unequivocal answer was "no":

> Q. Were you [Actum] a part of the Google dynamic ads campaign that was being run by VNA or other Veolia entities prior to or during the trial?
>
> A. No.

(*Id.* at 40:16–20.)

> Q. Okay. Did you [Actum] play a role in -- what was your role in the dynamic ads that were run by Veolia prior to and during the Flint trial?

-4-

> A. Zero. . . No role.

(*Id.* at 42:3–13 (objections omitted).)

On or about July 13, 2023, Plaintiff served the subpoena at issue on Ms. Flotteron, requiring her to appear for a deposition on August 8, 2023.  (*Id.* ¶ 4, Ex. A.)  This made Ms. Flotteron the **third** current or former Actum employee to be subpoenaed by Plaintiffs for deposition testimony. Since February of 2023, Ms. Flotteron has been the Director of External Communications for Shopify, Inc. (Flotteron Dec. ¶ 2.)  Ms. Flotteron works full-time and also has two young children, including one whom she is nursing.  (*Id.* ¶ 3).

**B.    The Justification for Plaintiffs' Depositions of Actum Witnesses Was to Learn About the Alleged Use of GDSA**

Based on a review of the transcript from the February 8, 2023 discovery conference at which this Court allowed Plaintiffs to proceed with certain limited discovery into VNA's public relations consultants (including Actum), there can be no dispute that the Court based its ruling on its determination that it was permissible to delve into narrow discovery focused on whether VNA utilized GDSA in a way that might have impacted the jury members or jury pool.  Indeed, Plaintiffs' counsel acknowledged the discovery should be focused on what Plaintiffs' counsel called the "core issue":

> MR. STERN:  . . . So some of these requests were related to theories that I could have justified at a point in time that **may not be justifiable now**.  So to the

2844763.9

#2844763v9

extent these topics are considered overbroad, I'm not going to push back. But **my core issue is the discovery of this advertisement campaign and being able to talk to people who know about it**. . . .

THE COURT: . . . So I want these requests to focus on the dynamic search ad campaign and **not other issues**.

(Paradise Dec. ¶ 9, Ex. F, at 31:10–15 (emphases added).)

THE COURT: . . . So what we're really looking at is this **dynamic search ad process**. Do you agree with that, Mr. Stern?

MR. STERN: Yes.

(*Id.* at 22:5–7; *see also id.* at 34:12–14 (Mr. Olsen's description of the relevant issue)).

## III.   <u>LEGAL STANDARD</u>

Fed. R. Civ. P. 45 permits a party to serve a subpoena on non-parties.  Further, "[a] subpoena to a third party under Rule 45 is subject to the same discovery limitations as those set out in Rule 26." *State Farm Mut. Auto. Ins. Co. v. Warren Chiropractic & Rehab Clinic, P.C.*, 315 F.R.D. 220, 222 (E.D. Mich. 2016).  In other words, the issuing party may only seek discovery into nonprivileged matters that are relevant to a party's claim or defense and "proportional to the needs of the case." *See* Fed. R. Civ. P. 26(b)(1).  In determining whether the proportionality standard is met, courts must consider: (1) the importance of the issues at stake in the action, (2) the amount in controversy, (3) the parties' relative access to relevant information,

2844763.9

#2844763v9

(4) the parties' resources, (5) the importance of the discovery in resolving the issues,

and (6) whether the burden or expense of the proposed discovery outweighs its likely

benefit. *Id.*

> Fed. R. Civ. P. 26(c) further provides that:
>
>> A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending . . . . The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:
>>
>> (A) forbidding the disclosure of discovery; . . .
>>
>> (D) forbidding inquiry into certain matters; or limiting the scope of disclosure or discovery to certain matters . . . .

Fed R. Civ. P. 26(c)(1); *see also Degen v. U.S.*, 517 U.S. 820, 826 (1996) (noting

courts have the "authority to manage discovery in a civil suit, including the power

to enter protective orders limiting discovery as the interests of justice require"). Rule

26 mandates the Court "must limit the frequency or extent of discovery otherwise

allowed by these rules . . . if it determines that . . . the proposed discovery is outside

the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C)(iii). The "district

courts have discretion to limit the scope of discovery where the information sought

is overly broad or would prove unduly burdensome to produce." *Surles ex rel.*

*Johnson v. Greyhound Lines*, 474 F.3d 288, 305 (6th Cir. 2007).

## IV.   ARGUMENT

It is hornbook law that when using a subpoena to obtain evidence, the issuing party must avoid imposing undue burden or expense on the witness subject to the subpoena.  *See* Fed. R. Civ. P. 45(d)(1). The compliance court may enforce this requirement through discretionary sanctions on offending parties/attorneys, which may include reasonable attorneys' fees. *Id.*  Here, there is simply no justification for Plaintiffs to depose yet another third non-party witness from Actum when Plaintiffs already have the information they seek, and it would impose an undue burden on yet another non-party witness.

### A.   Plaintiffs' Attempt to Obtain Testimony Regarding GDSA Is Not Proportional to the Needs of the Case and Unduly Burdensome

The Court previously limited Plaintiffs' discovery regarding VNA's public relations consultants to whether VNA, or anyone acting on behalf of VNA, used GDSA.[2]  However, as Mr. McKeon already confirmed under oath, Actum did not use GDSAs in its work with VNA.  Indeed, there is no basis to believe Ms. Flotteron would testify any differently.  Accordingly, any attempt by Plaintiffs to seek testimony from Ms. Flotteron regarding VNA's use of GDSA is completely

---

[2] Ms. Flotteron respectfully contends that *any* discovery into Actum's public relations campaign for VNA, including the use of GDSA, is not relevant to any claim or defense.  (*See* Section IV.B., *infra*.)  However, Ms. Flotteron understands the Court previously allowed discovery into this limited issue.

2844763.9

unwarranted and serves only to burden Ms. Flotteron.  *See Ajuba Int'l, LLC v. Saharia*, No. 11-CV-12936, 2014 WL 4793846, at *2 (E.D. Mich. Sept. 25, 2014) (limiting subpoena seeking information duplicative of discovery already conducted).

To the extent Plaintiffs argue that they are entitled to Ms. Flotteron's deposition to learn information to prevent the use of GDSAs again, such argument is nonsensical.[3]  First, the use of GDSAs did not happen in the first instance, and even if they did, this information is not related to any claim or defense in this litigation.  Learning how to avoid the repeat use of something that was never used is not related to whether VNA is liable to Plaintiffs for its actions in connection with its work for the City of Flint on its water system.

### B.   Any Other Testimony Is Not Relevant, Not Proportional to the Needs of the Case, and Unduly Burdensome

The Federal Rules of Civil Procedure limit the scope of discovery: "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case…." Fed. R. Civ. P. 26(b)(1). While "a plaintiff should not be denied access to information necessary to establish her claim, neither may a plaintiff be permitted to go fishing and a trial court retains discretion to determine that a discovery request is too broad and

---

[3] At the July 19, 2023 status conference, Plaintiffs' counsel suggested that discovery may be necessary for prospective relief.

2844763.9

oppressive." *Fears v. Kasich (In re Ohio Execution Protocol Litig.*), 845 F.3d 231, 236 (6th Cir. 2016) Indeed, relying upon the above authority, this Court has previously quashed or limited subpoenas by Plaintiffs in this action seeking to conduct fishing expeditions. (See generally Order Denying Co-Liaison Counsel's Corrected Emergency Motion to Compel without Prejudice (the "Order"), *In re Flint Water Cases,* No. 17-10164, ECF No. 870, PageID.53688 (E.D. Mich. July 11, 2022).) The Court's decision rested on the grounds that information the subpoenas sought "is not relevant to the claims or defenses in the ongoing Bellwether I trial." (*Id.*, PageID.53692.)

Discovery into Actum's work on VNA's public relations campaign during the *Bellwether I* trial has no bearing whatsoever on whether any Defendant including VNA is liable for the Flint water crisis. It is therefore not relevant to any claim or defense, and therefore is not discoverable.   As such, Plaintiffs' attempt to delve into other areas of VNA's advertising and Actum's services is simply not permissible under the Federal Rules of Civil Procedure.

Even if the testimony is somehow relevant (it is not), requiring the deposition of a third Actum employee, Ms. Flotteron (a former employee), to simply echo and repeat the same or very similar testimony is not in any way proportional to the needs of this case.  Indeed, Mr. McKeon was Ms. Flotteron's supervisor with respect to VNA and the *Bellwether I* trial and had the ultimate control as to what was created

or sent out as part of the public relations campaign.  He has already testified at length regarding Actum (and Mercury's) involvement with the Twitter account, the drafting of content for Tweets, who had access to the Twitter account, whether VNA or other third parties had input into the Tweets etc.  (*See* Section II.A, supra.)

Finally, Ms. Flotteron is a new mother with two young children, one of whom is still nursing.  (Flotteron Dec. ¶ 3.)  She also recently began working at her new job at Shopify, Inc., as Director of External Communications, in March 2023, and therefore, taking any amount of time off work at her new position would cause her an undue burden and force her to make up time outside of normal office hours, further interfering with her childcare.  (Flotteron Dec. ¶ 4.)  There is simply no need to force Ms. Flotteron to bear this unnecessary burden when Plaintiffs already have the information they purportedly required, and any questions they have not already asked other Actum employees would be outside the narrow scope of discovery this Court allowed in the first instance with respect to Defendant VNA's use of GDSAs during the *Bellwether I* Trial.

## C.    The Court Should Award Ms. Flotteron Her Fees and Costs Incurred

Ms. Flotteron has been forced to expend unnecessary legal fees responding to the subpoena and filing the present motion.  The Court should award her those fees and costs incurred under either Rule 37 or Rule 45.  Under Rule 45, the Court may

2844763.9

#2844763v9

impose an appropriate sanction including attorneys' fees and costs where the party seeking discovery fails to take reasonable steps to avoid imposing an undue burden on the non-party.  Fed. R. Civ. P. 45(d)(1). Under Rule 37, an award of fees is mandatory unless the losing party can establish that its position was "substantially justified" or "other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5).  Under either Rule, an award of fees is appropriate here. S*ee Muslim Cmty. Ass'n of Ann Arbor v. Pittsfield Twp*., No. CV 12-10803, 2015 WL 5132583 at *2-*3 (E.D. Mich. 2015) (awarding fees and costs under either Rule where the party "failed to take reasonable steps to avoid imposing an undue burden").

Here, Plaintiffs have now served three separate subpoenas on current and former Actum employees, even though much of this discovery could have been obtained from a party to this case.  Two of those employees have already voluntarily testified; one of whom explicitly confirmed that Actum did **not** use any GDSAs in its work for VNA – the "core issue" used to justify discovery into VNA's media and ad campaign in the first place. Despite this, Plaintiffs have insisted they have the right to burden yet another non-party on the same irrelevant issues, forcing Ms. Flotteron to file the instant motion.  An award of fees and costs is therefore appropriate here.[4]

---

[4] To the extent Ms. Flotteron's request for costs and fees is granted, she will provide a bill of costs and/or file a motion for fees as directed by the Court.

2844763.9

#2844763v9

## V.    **CONCLUSION**

Ms. Flotteron respectfully requests this Court enter a protective order forbidding her deposition, award Ms. Flotteron's fees and expenses incurred in having to respond to the improper subpoena and file this motion and grant such other relief that the Court deems just and appropriate.

Respectfully submitted,

**THE MILLER LAW FIRM, P.C.**

/s/ Seth D. Gould
Seth D. Gould (P45465)
950 W. University Dr., Ste. 300
Rochester, MI 48307
T: (248) 841-2200
F: (248) 652-2852
Email: sdg@miller.law

and

**EISNER, LLP**

/s/ Steven Paradise
Steven Paradise
152 W. 57th St., 48th Floor
New York, New York 10019
T: (646) 876-2608
Email: sparadise@eisnerlaw.com

*Attorneys for Non-Party,*
*Nicole Flotteron*

Dated: August 4, 2023

-13-

2844763.9

#2844763v9

**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

*In re:*

Flint Water Litigation

Case No. 16-cv-10444

Hon. Judith E. Levy

Mag. Elizabeth A. Stafford

---

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on August 4, 2023, the foregoing motion, brief in support,

and its exhibits were electronically filed through the Court's electronic filing system.

/s/ Steven Paradise

Steven Paradise

*Attorney for Non-Party, Nicole Flotteron*

-1-

2844763.9

#2844763v9