UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

In re FLINT WATER CASES

CIVIL ACTION
FILE NO. 5:16-cv-10444

Hon. Judith E. Levy

_____

## JOINT STATEMENT REGARDING STATUS OF DISCOVERY ISSUES PURSUANT TO ECF NO. 2558

Plaintiffs and the Defendants Veolia Water North America Operating Services, LLC, Veolia North America, Inc., and Veolia North America, LLC ("VNA") hereby submit their Joint Statement in response to the Court's August 14, 2023 Order [ECF No. 2558], and state as follows:

**ISSUE 1:** Individual Plaintiffs' request to discuss VNA's "unofficially identified" expert, Dr. Stephen Nelson. Individual Plaintiffs state that Dr. Nelson's opinions will likely pertain to Dr. Hoffman's and Dr. Krishnan's, insofar as he will be performing DMEs. Because VNA didn't officially identify Dr. Nelson as a "Group A Expert," Individual Plaintiffs assume that he will be part of VNA's "Group B Experts." Thus, Individual Plaintiffs argue that it would be prudent for Dr. Hoffman and Dr. Krishnan to reply only once to all of VNA's experts who are/will be addressing their opinions. Plaintiffs request that Dr. Hoffman and Dr. Krishnan

1

be permitted to submit their reply reports in conjunction with the schedule for "Group B Experts."

THIS ISSUE *HAS* BEEN RESOLVED.

**ISSUE 2:** Individual Plaintiffs seek a thirty-day extension for reply reports as to Dr. Russell and Dr. Crakes (and potentially to Dr. Hoffman and Dr. Krishnan depending on how item #1 above is resolved).

THIS ISSUE *HAS* BEEN RESOLVED.

**ISSUE 3:** Individual Plaintiffs request that the deadlines corresponding to VNA's expert reports and depositions related to Dr. Specht match the length of time between Plaintiffs other experts' reports/depositions and when VNA's expert's reports are due, and when their depositions take place. Presently, Plaintiffs state that VNA seeks to provide their experts' opinions as to Dr. Specht "within a reasonable time."

THIS ISSUE *HAS* BEEN RESOLVED.

**ISSUE 4:** Individual Plaintiffs seek nine specific documents from VNA that were outlined in a letter Plaintiffs sent to counsel for VNA on August 4, 2023, which as of August 9, 2023 was unanswered. Plaintiffs expect this issue will be disputed and request the Court address the matter.

THIS ISSUE *HAS* BEEN RESOLVED: The documents covered in Individual Plaintiffs' August 4 letter are part of the review conducted by VNA in light of the

Court's ruling on July 19, 2023. On August 16, 2023, in ECF 2560, the Court set a deadline of August 19 at 5:00 PM for completion of that internal review and production. VNA will comply with that deadline.

**ISSUE 5:** Individual Plaintiffs seek to discuss the current discovery dispute protocol with the Court.

THIS ISSUE **_HAS NOT_** BEEN RESOLVED.

**PLAINTIFFS' POSITION:** The current protocol, while efficiently causing the parties to discuss and narrow their discovery disputes, is inefficient in creating resolution for those disputes that cannot be resolved between them.

Special Master Deborah Greenspan was appointed by the Court on July 5, 2018, and her duties include "discovery matters as designated by the Court, and other pretrial matters as determined by the Court." [ECF No. 524, PageID.16176]. Plaintiffs propose that the following protocol apply prior to availing themselves of the current protocol:

(1) Either party to the Bellwether III trial raising a discovery dispute shall inform the other party in writing of the dispute;

(2) The party receiving the communication has twenty-four hours to respond to the dispute in an effort to resolve it;

(3) If the dispute is not resolved based on the communication alone, the parties then have twenty-four hours to conduct a meet and confer;

3

(4) If the dispute cannot be resolved through a meet and confer, the parties shall submit a one-page statement of their position to the Special Master, in 14-point font, double-spaced, with 1" margins.

(5) The Special Master shall submit a preliminary ruling regarding the issue within forty-eight hours of receipt of the last party's submission; and

(6) The submissions and preliminary ruling shall be transmitted to the Court, and the Court will either adopt the ruling by way of Order or place the dispute on the agenda for the next Discovery conference for a hearing.

**DEFENDANTS' POSITION:**

VNA does not believe any change to the discovery dispute protocol is warranted. The protocol calls for twice monthly discovery conferences, which this Court has consistently held. It requires a meet and confer and states that counsel must make a "reasonable and timely effort to speak directly to opposing counsel or email opposing counsel with a reasonable opportunity to respond." If any party feels that the opposing side is not responding to requests to meet and confer (which is largely not an issue) under the current protocol that party can still present the issue to the Court. VNA respectfully submits that some discovery issues are complicated and require more than 24 or 48 hours to respond and meaningfully resolve issues and that the current meet and confer process, as reflected in this submission and the recent conferences, has been successful in resolving many disputes. VNA otherwise

has concerns about the involvement of Special Master Greenspan in substantive discovery disputes given her extensive involvement and work with plaintiffs' counsel in connection with settlement issues, and, to the extent necessary, would request the involvement of former magistrate Judge Mona Majzoub instead.

**ISSUE 6:** Individual Plaintiffs seek to discuss the current protocol for challenging confidentiality designations.

THIS ISSUE **HAS NOT** BEEN RESOLVED.

**PLAINTIFFS' POSITION:** The protocol outlined in the Court's Confidentiality Order [ECF No. 1255-] should be modified in relevant part:

A party who objects to a designation of Protected Material made pursuant to this Order shall give written notice of its objections via e-mail to counsel of record for all parties and to any non-party who made such designation … If the objection is not completely resolved within ~~fourteen (14)~~ **three (3)** days of transmission of the notice, the party challenging the designation may file with the Court … a "Notice of Objection to Designation of Protected Material[,]" … the designating party or non-party bound by this Order may within ~~twelve (12)~~ **four (4)** days thereafter file a memorandum in support of the designation it contends is appropriate; and the party challenging the designation may file a response within ~~seven (7)~~ **two (2)** days thereafter.

5

**DEFENDANTS' POSITION:** Individual Plaintiffs have failed to articulate why the Confidentiality Order should be changed, is inefficient, or why such issues as challenges to documents produced and designated as confidential several years ago requires such an immediate resolution. The current process allows for reasonable resolution of disputes. Individual Plaintiffs' proposed changes would require resolution of Confidentiality disputes within a matter of days, regardless of the number of documents challenged.

**ISSUE 7:** VNA seeks to discuss the Bellwether III Schedule and Plaintiff Pool Reduction. Specifically, VNA states that co-liaison counsel submitted a number of individual topics related to the Bellwether III schedule for the August 16 discovery conference. While the parties continue to meet and confer on these various issues, VNA requests that the Court comprehensively address (if necessary) the Bellwether III scheduling issues rather than addressing individual issues as identified by Plaintiffs in isolation. VNA also wishes to address a schedule and process for reducing the Bellwether III plaintiff pool from 10 or 8, consistent with the Court's prior orders (ECF No. 2179 and ECF No. 2220) and the parties' prior discussions.

THIS ISSUE ***HAS*** BEEN RESOLVED. After meeting and conferring on the issue, VNA has agreed to Individual Plaintiffs' request to remove one of the bellwether plaintiffs from the selection pool. By September 8, 2023, VNA and

6

Plaintiffs will each de-select one bellwether plaintiff from the pool of 9, to reach a total of 7 bellwether plaintiffs for the Bellwether III trial.

**ISSUE 8:** VNA seeks to address the Bellwether II Discovery Responses. In April 2023, after VNA identified a number of deficiencies in the Bellwether II written discovery responses (interrogatories, document requests, and requests for admission to 40 adult plaintiffs), the parties met and conferred and agreed to two subsequent CMO extensions for Plaintiffs to address the deficiencies that VNA identified and that, for the most part, Plaintiffs did not dispute. VNA received supplemental interrogatory responses for only 15 of the 40 Plaintiffs, and VNA's position is that those supplemental responses provided very little additional information. The parties have further conferred on the issue and have reached agreement on which discovery requests will be supplemented. Plaintiffs have agreed to fully respond to those discovery requests, and provide verification pages, for all 40 Bellwether II plaintiffs by September 1, 2023. Plaintiffs are also to advise VNA on September 1, 2023 of any plaintiffs that are or remain non-responsive to the discovery requests. Plaintiffs and VNA intend to meet and confer following the September 1, 2023 deadline to discuss further handling and a potential brief extensions to the CMO to address the additional time requested by Plaintiffs to respond to discovery.

THIS ISSUE **_HAS_** BEEN RESOLVED.

**ISSUE 9:** VNA requests that the Court address Plaintiffs' PR Discovery Submission and VNA Response. Pursuant to the Court's August 2, 2023 ruling (ECF No. 2543) and related prior comments, Plaintiffs filed a report regarding their "discovery into VNA's media/PR initiatives" on August 9, 2023. VNA anticipates that it will request a right to file briefing responsive to Plaintiffs' report, consistent with the Court's comments during the May 17, 2023 hearing (e.g., ECF No. 2453 at 9:24–10:4). VNA requests that the Court address the timing of that briefing.

THIS ISSUE **_HAS_** BEEN RESOLVED by the Court's order on August 15, 2023, ECF No. 2560, permitting a response by Friday, September 1.

Dated: August 16, 2023      Respectfully submitted,

| | |
|---|---|
| /s/ Corey M. Stern | /s/ Patrick J. Lanciotti |
| Corey M. Stern | Patrick J. Lanciotti |
| Melanie Daly | NAPOLI SHKOLNIK PLLC |
| LEVY KONIGSBERG, LLP | 360 Lexington Avenue, 11th Floor |
| 605 3rd Ave., 33rd Floor | New York, NY, 10017 |
| New York, NY 10158 | (212) 397-1000 |
| (212) 605-6200 | planciotti@napolilaw.com |
| cstern@levylaw.com | |

***ATTORNEYS FOR BELLWETHER III PLAINTIFFS***

| | |
|---|---|
| CAMPBELL CONROY & O'NEIL, P.C. | MAYER BROWN LLP |
| /s/ James M. Campbell | /s/ Michael A. Olsen |
| James M. Campbell | Michael A. Olsen |
| Alaina N. Devine | 71 S. Wacker Drive |
| 20 City Square, Suite 300 | Chicago, IL 60606 |
| Boston, MA  02129 | (312) 782-0600 |
| (617) 241-3000 | molsen@mayerbrown.com |
| jmcampbell@campbell-trial-lawyers.com | |
| adevine@campbell-trial-lawyers.com | |

***ATTORNEYS FOR VEOLIA WATER NORTH AMERICA OPERATING SERVICES, LLC,  VEOLIA NORTH AMERICA, LLC, AND VEOLIA NORTH AMERICA, INC.***