UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| *IN RE*: FLINT WATER CASES. | Case No. 5:16-cv-10444-JEL-MKM (Consolidated) |
| This Document Relates To: | Hon. Judith E. Levy |
| ALL CASES | |

_____

**VEOLIA NORTH AMERICA, LLC, VEOLIA NORTH AMERICA, INC., AND VEOLIA WATER NORTH AMERICA OPERATING SERVICES, LLC'S MOTION TO SUPPLEMENT THE RECORD AND FOR RECONSIDERATION OF THE COURT'S AUGUST 2, 2033 ORDER (ECF #2543)**

Defendants Veolia North America, LLC, Veolia North America, Inc., and Veolia Water North America Operating Services, LLC ("VNA") hereby move to supplement the record and for reconsideration of the Court's August 2, 2023 Order (ECF No. 2543).[1] VNA previously advised the Court that it would file any additional contracts with PR firms that it located.  VNA has now located one additional relevant contract – a signed contract with Mercury from December 2019. Exhibit 1. That contract, which was not previously considered by the Court, shows that VNA's attorneys were working with Mercury for the purpose of defending this litigation

_____

[1] VNA's Motion is timely because it is filed within fourteen (14) days after entry of the Court's August 2 order as required by Local Rule 7.1(h)(2).

-1-

and developing legal strategy.  VNA respectfully submits that this contract shows that certain documents exchanged with Mercury following this contract should be privileged.  VNA therefore requests that the Court supplement the record with the new contract and reconsider its ruling that its previous privilege rulings apply to all post-2017 documents.

As Local Rule 7.1(a) requires, VNA conferred with Plaintiffs' counsel regarding this Motion. After VNA explained the nature and basis for the Motion, Plaintiffs' counsel responded that they would oppose it.

## **BACKGROUND**

On July 6, 2023 this Court ordered VNA to provide certain contracts to the Court in connection with the Court's *in camera* review of certain privilege assertions made by VNA and challenged by Plaintiffs. ECF No. 2514. On July 12, VNA submitted contracts from the relevant time period subject to the then-dispute (approximately June 22, 2016 to January 31, 2017). ECF No. 2521. At the July 19 status conference hearing, the Court addressed whether certain documents reviewed *in camera* were protected by the attorney-client privilege or attorney work product privilege. ECF No. 2540. The Court held that certain of those documents were not privileged after reviewing contracts with Rasky from 2017.  The Court took the view that those contracts supported the conclusion that the PR firms were hired for general media strategy.

Plaintiffs' counsel thereafter challenged VNA's privilege assertions on a handful of documents withheld from their response to Plaintiffs' Fifth Request for Production of Documents, which were created on or after January 31, 2017. On July 25, the Court ordered VNA to file any additional contracts with Mercury and Rasky no later than 5:00 pm ET on Friday, July 28, which VNA did. ECF No. 2542. In that filing, VNA provided two unsigned contracts between legal counsel for VNA and Mercury and Rasky, and informed the Court that "[t]o the extent VNA locates additional agreements or contracts, VNA will immediately supplement its filing." *Id*.

On August 2, the Court issued an order stating that unsigned contracts should not be considered in any dispute regarding Plaintiffs' challenges to VNA's previously-designated privileged documents. ECF No. 2543. The Court additionally stated that its previous rulings applied equally to all post-2017 documents. *Id*.

After the Court issued that order, VNA located a signed version of the December 2019 contract with Mercury. Exhibit 1. VNA now attaches that contract in order to supplement the record. The 2019 contract with Mercury provides that VNA's lawyers are retaining Mercury "to assist the Firm in providing legal services to [VNA] with respect to developing legal themes related to the defense" of the case. In connection with the engagement, the contract provides that "the Firm will be providing [Mercury] with various materials, including privileged work product and

materials related to the Flint Water Crisis Litigation," and that those materials should be handled confidentially and protected from disclosure, as per the contract terms. Accordingly, from the face of the contract, it is clear that the primary purpose of hiring Mercury was to defend this case and develop legal strategy and that it was a critical part of VNA's legal team.[2]

## **ARGUMENT**

### A.   **Legal Standard**

Under Local Rule 7.1(h)(2)(C), a court should reconsider an earlier ruling when "[n]ew facts warrant a different outcome and the new facts could not have been discovered with reasonable diligence before the prior decision." An error that is "obvious, clear, unmistakable, manifest, or plain" warrants reconsideration.

---

[2] Although VNA has not been able to locate a signed copy of the 2019 Rasky contract, VNA believes that the unsigned contract in fact defined the relationship between the parties. The Court made clear at the July 19 hearing that, even though the 2017 contracts with Rasky were unsigned, the Court accepted VNA's representation that they were the operative agreements between the parties and considered certain provisions of the unsigned contracts in issuing rulings. *See* July 19, 2023 Status Conference Transcript, ECF No. 2540, PageID. 83983 ("So I'm just going to set aside for a moment the fact that it was unsigned. I'm just not that concerned about that. Because I trust that you would let me know if you didn't think this had any to do with the relationship between the parties".). Accordingly, VNA submits that the Court should similarly consider the unsigned Rasky contract from December 2019 as it did to the unsigned contracts from 2017. Moreover, because the unsigned 2019 Rasky contract provided to the Court on July 28, 2023 contains the same or similar provisions as the signed 2019 Mercury contract provided herein, reconsideration as to the Rasky communications made on or after the December 2019 is similarly warranted.

*Guertin v. Michigan*, 2017 WL 2991768, at *1 (E.D. Mich. July 14, 2017) (internal quotation marks omitted). The question of whether to permit supplementation of the record is a matter within the discretion of the Court. See *Duha v. Agrium, Inc.*, 448 F.3d 867, 881 (6th Cir. 2006); *Banknote Corp. v. United States*, 365 F.3d 1345, 1358 (Fed. Cir. 2004). At a minimum, to justify a supplementation of the record, the moving party is required to demonstrate "good cause." *Duha*, 448 F.3d at 881.

**B.    The Court's August 2 Order Warrants Reconsideration**

The Court's August 2 Order warrants reconsideration because it does not account for the December 2019 contract between VNA and Mercury, which shows that Mercury was hired to assist with litigation.  Good cause exists to supplement the record with the signed contract because VNA informed the Court it would immediately supplement its July 28 filing with additional contracts, and VNA believes the contract significantly bears on the Court's ruling. Specifically, the contract shows that Mercury was hired directly by VNA's attorneys for purposes of defending this litigation and developing legal strategy as opposed to addressing general media strategy.

Courts have held that communications involving PR consultants hired to defend litigation and develop legal strategy are privileged based on the theory that the consultant is assisting the attorney in providing legal services to the client. *See, e.g.*, *In re Grand Jury Subpoenas*, 265 F. Supp. 2d 321, 331 (S.D.N.Y. 2003)

(holding communications between lawyers and public relations consultants hired by attorneys to assist them with litigation strategy are protected by the attorney client privilege); *Stardock Systems Co. v. Reich*, 2018 WL 6259536, at *6 (N.D. Cal. 2018) (attorney-client privilege protected communications between attorneys and PR firm hired by attorneys "relat[ing] to Defendants' counsel's litigation strategy in dealing with the present suit, and the dispensing and exchange of legal advice in responding to the lawsuit filed by Plaintiff and launching a public or social media based campaign that will most favor Defendants").

Therefore, to the extent that the communications involving the PR consultant reflects a request for assistance providing legal services to the client, they are privileged. *Schaeffer v. Gregory Vill.*, 78 F. Supp. 3d 1198, 1204 (N.D. Cal. 2015) (holding communications with PR consultant were privileged because the consultant was hired to assist with legal strategy); *Grand Canyon Skywalk Dev. LLC v. Cieslak*, 2015 WL 4773585, at *15 (D. Nev. Aug. 13, 2015) ("In the case of a public relations consultant who is hired to conduct a media relations campaign on behalf of the client with respect to a lawsuit or legal dispute, it is important that the client's counsel be able to provide confidential legal advice to the consultant so that he can perform his duties on behalf of the client in accordance with that legal advice."); *ADT Sec. Servs., Inc. v. Swenson*, CIV. 07-2983, 2010 WL 2954545, at *5 (D. Minn. July 26, 2010) (reviewing *in camera* communications "involv[ing] discussions of the possible

content of [the client's] response to the Dateline program" and concluding that "[t]he context of these emails demonstrates that these communications contain an implicit request for legal advice regarding the content of the Dateline response, and therefore they are protected by the attorney-client privilege").

In this case, the contracts with Mercury and Rasky provide that VNA's lawyers are retaining them "to assist the Firm in providing legal services to [VNA] with respect to developing legal themes related to the defense" of the case. In light of that fact, we respectfully submit that the Court should reconsider its statement that the Court's previous rulings apply equally to all post-2017 documents—at least to the extent that the Court intended to include documents that post-date the 2019 contracts with Mercury and Rasky. The Court did not review any post-2019 document *in camera*. Because any post-2019 documents reflecting communications with outside PR consultants were created under a materially different contract than earlier documents, the Court's previous rulings do not necessarily apply to the post-2019 documents. VNA thus respectfully requests that the Court amend its August 2 Order to account for the fact that some post-2017 documents may be subject to materially different contracts, and so the Court's previous rulings may not necessarily apply to those documents.

## CONCLUSION

The Court should permit VNA to supplement the record with the December 2019 contract with Mercury and reconsider its August 2 Order.

DATED: August 16, 2023

Respectfully submitted,

**CAMPBELL, CONROY & O'NEIL, P.C.**   **MAYER BROWN LLP**

*/s/ James M. Campbell*
James M. Campbell
Alaina N. Devine
20 City Square, Suite 300
Boston, MA 02129
(617) 241-3000
jmcampbell@campbell-trial-lawyers.com
adevine@campbell-trial-lawyers.com

*/s/ Michael A. Olsen*
Michael A. Olsen
71 South Wacker Drive
Chicago, IL 60606
(312) 7012-7120
molesen@mayerbrown.com

*Attorneys for Veolia North America, LLC, Veolia North America, Inc., and Veolia Water North America Operating Services, LLC.*

## CERTIFICATE OF SERVICE

I hereby certify that on August 16, 2023, I electronically filed the foregoing Motion with the Clerk of the Court using the ECF System, which will send notification to the ECF counsel of record.

Respectfully submitted,

*/s/ James M. Campbell*
James M. Campbell