# EXHIBIT B



Mayer Brown LLP
71 South Wacker Drive
Chicago, IL 60606
United States of America

T: +1 312 782 0600
F: +1 312 706 8742

mayerbrown.com

January 20, 2023

**Michael A. Olsen**
T: +1 312 701 7120
molsen@mayerbrown.com

BY ECF

Honorable Judith E. Levy
U.S. District Judge for the Eastern District of Michigan
Federal Building
200 East Liberty Street
Ann Arbor, Michigan 48104

Re:   In re Flint Water Cases -- Discovery Dispute

I write on behalf of my clients, Veolia North America, Inc., Veolia North America, LLC, Veolia Water North America Operating Services, LLC (collectively, "VNA"), concerning a discovery dispute regarding Plaintiffs' effort to depose Jennifer Kaufmann.

By way of background, Ms. Kaufmann is an employee of Actum LLC, a global consulting firm that assists VNA with communications regarding the Flint Water Crisis. I understand that Ms. Kaufmann's counsel has objected to the deposition on multiple grounds, including that neither Ms. Kaufmann nor her counsel were available on January 18 (the date set unilaterally by Plaintiffs' counsel). I further understand, however, that Plaintiffs' counsel is seeking to proceed with the deposition in the near future.

As the Court knows, the parties have diametrically opposed views regarding Plaintiffs' ability to obtain discovery regarding VNA's communications with outside communications firms. Plaintiffs contend that they are entitled to obtain such discovery because they believe that VNA's speech somehow "targeted" jurors—even though, as Plaintiffs now concede, there is absolutely no evidence that VNA's Google ads used any sort of "geo-targeting" or "geo-fencing" technologies. *See* Plaintiffs' Reply to Defendants' Opposition to Plaintiffs' Motion to Compel Responses to Plaintiffs' Requests for Admissions and Requests for Production of Documents [DE #2325]. By contrast, VNA believes that this type of discovery is not authorized by the Federal Rules of Civil Procedure because it does not relate to any parties' claims or defenses and because authorizing such discovery would impermissibly chill VNA's rights to speak about matters of public concern. *See* Defendants' Opposition to Plaintiffs' Motion to Compel Responses to Plaintiffs' Requests for Admissions and Requests for Production of Documents [DE #2311].

The Court will in due course rule on Plaintiffs' motion to compel discovery regarding VNA's relationship with its outside communications consultants, and that ruling (among others) may help clarify whether and to what extent Plaintiffs may seek to depose those consultants. VNA submits that Plaintiffs should not be permitted to seek to force third-party consultants to sit for depositions until the underlying discovery dispute has been resolved. Accordingly, VNA respectfully requests that the Court hold a conference to address this matter.

Mayer Brown is a global services provider comprising an association of legal practices that are separate entities including

Honorable Judith E. Levy
January 20, 2023
Page 2

Respectfully submitted,

*/s/ Michael A. Olsen*
Michael A. Olsen

## **CERTIFICATE OF SERVICE**

   I hereby certify that on January 20, 2023, the foregoing was served on Plaintiff's Counsel as well as on all counsel of record, via ECF.

                    /s/ *Michael A. Olsen*
                    MAYER BROWN LLP
                    71 South Wacker Drive
                    Chicago, IL 60606

                    *Counsel for the VNA Defendants*