# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| *In re Flint Water Cases* | Case No. 5:16-cv-10444-JEL-EAS *(Consolidated)* <br><br> Hon. Judith E. Levy <br><br> Mag. Judge Elizabeth A. Stafford |

## PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR DISTRIBUTION OF PRO RATA INTEREST FROM THE FLINT WATER CRISIS QUALIFIED SETTLEMENT FUND

1

# **INTRODUCTION**

Following State Defendants' response to Plaintiffs' Motion for Distribution of Attorneys' Fees, Pro Rata Interest, Reimbursement of Expenses, and Setting Aside Funds for Continued Litigation Expenses (Plaintiffs' "Fee Motion"), counsel for Plaintiffs and counsel for the State Defendants met and conferred, and jointly agreed upon the following, which has been memorialized in the joint stipulation filed at ECF No. 2573:

- Plaintiffs have withdrawn their request to set aside a portion of the Flint Water Crisis ("FWC") Qualified Settlement Fund for future litigation expenses. This action is without prejudice to Plaintiffs renewing the request at a future date.
- The parties agree that the Programmatic Relief Sub-Qualified Settlement Fund should be funded and disbursed as soon as practicable—which should be no later than September 15, 2023—based on 2% of the current net settlement funds (as of 7/31/23, inclusive of all realized accrued interest), and that the 10% common benefit fee to Class Counsel should be distributed at the same time as that portion of the Fund is disbursed.
- The parties agree that Plaintiffs' Counsel are entitled to additional settlement-related expenses incurred after the Court's initial Fee and Expense Order (ECF No. 2105) as well as for previously unbilled common benefit expenses for work performed before the date of the Amended Settlement Agreement ("ASA"), in an amount identified by the Special Master.

However, the State Defendants continue to oppose Plaintiffs' request for a distribution of the *pro rata* interest that has accrued, or will accrue, on the portions of the FWC Qualified Settlement Fund disbursable as attorneys' fees or expenses.[1]

---

[1] The State was the only party who objected to Plaintiffs' proposal that all

Plaintiffs' Counsel respectfully submit that State Defendants' argument for their position is not supported by either the language of the ASA, binding Sixth Circuit law, or the standard practice in administering complex settlement agreements.

As the Court ruled in its fee award order, "PLG have earned a CBA of 6.33% of the total settlement." ECF No. 2105 at PageID 72102. Because of the investment of the Settlement Fund in interest-bearing commercial paper and treasury bills at Plaintiffs' Counsels' direction and the passage of time, the $626.25 million fund—and, logically, the 6.33% CBA—are worth more than they were at the time of settlement due to the interest that has accrued. In other words, the "total settlement" to which the 6.33% applies is now more than $626.25 million. Likewise, interest has accrued on each component of the settlement, such that the sub-funds, the amount of money available for distribution to settlements, and the fees resulting from the application of a percentage-based contingent fee are higher than they were at the time of settlement. It perfectly aligns with both the language of the ASA and established law for Plaintiffs' Counsel to receive their *pro rata* share of accrued

---

beneficiaries of the FWC Qualified Settlement Fund receive their *pro rata* share of accrued interest. The State objected despite Section 11.2 of the ASA providing that "Defendants will take no position with respect to any application . . . for an award of attorneys' fees, and reimbursement of costs and expenses" unless "requested to do so by the Federal Court[.]" ECF No. 1394-2, PageID 54160. The Court's June 28, 2023 text order was not an express request for Defendants' position, because it clearly contemplated that responses *need not be filed*, providing that should "[a]ny such responses" be filed, they must be filed no later than July 12, 2023.

interest alongside all the beneficiaries of the ASA. Disbursing the accrued interest in a manner other than through *pro rata* distributions would effectively shift the relative allocation of the settlement such that Plaintiffs' Counsel would receive less than a 6.33% CBA.

In opposition, State Defendants' response does not actually cite *any* case law for the view that Plaintiffs' Counsel are not entitled to *pro rata* interest that has accrued since the settlement was reached. That is because the applicable case law fully supports *pro rata* distributions of interest to Plaintiffs' Counsel in cases resulting in common benefit settlement funds. While Plaintiffs are sensitive to the issues State Defendants raised and—through the meet-and-confer process—have alleviated most of the State's concerns, Plaintiffs continue to respectively request that the Court grant their Fee Motion regarding their *pro rata* share of accrued interest on both the 6.33% CBA and expense reimbursements that have already been distributed, and any future disbursements of fees and expenses under the settlement.

## ARGUMENT

**I. Plaintiffs' Counsel are Entitled to *Pro Rata* Interest Under the Plain Language of the ASA and Applicable Law**

As an initial matter, Plaintiffs and State Defendants agree that any interest distributed to Plaintiffs' Counsel should be "limited to the percentages" of the fee and expense awards that the Court orders—in other words, a *pro rata* share of the interest that has accrued on the FWC Qualified Settlement Fund. *See* ECF No. 2520,

4

PageID 83646. Notably, State Defendants do not dispute that it is routine and uncontroversial in the Sixth Circuit (and nationwide), for courts to distribute to Plaintiffs' Counsel *pro rata* amounts of accrued interest on common settlement funds. *See, e.g.*, *In re Automotive Parts Antitrust Litig.*, 2020 WL 5653257, at *4 (E.D. Mich. Sept. 23, 2020) (granting plaintiffs' counsel *pro rata* interest accrued on counsel's 22% common-benefit award); *Rankin v. Rots*, 2006 WL 1791377, at *3 (E.D. Mich. June 27, 2006) (awarding plaintiff's counsel "any interest that may accrue prior to payment" of $1.175 million fee award and $141,288.26 expense award); *In re Cardizem CD Antitrust Litig.*, 218 F.R.D. 508, 534 (E.D. Mich. 2003) (finding, with the support of the Michigan Attorney General, an award to plaintiffs' counsel of "17% of the Settlement Fund, plus 17% of the accrued interest on the Settlement Fund," which represented interest totaling approximately $454,292.97, as reasonable).[2]

---

[2] *See also Cosby v. KPMG LLP*, 2022 WL 4129703, at *1 (E.D. Tenn. July 12, 2022) (awarding co-lead counsel "accrued interest" on the 33.3% common-benefit award and expenses); *In re Skelaxin (Metaxalone) Antitrust Litig.*, 2014 WL 2946459, at *3 (E.D. Tenn. June 30, 2014) (awarding plaintiffs' counsel "the interest accrued" on $24.333 million attorney fee award); *In re Dun & Bradstreet Credit Servs. Customer Litig.*, 130 F.R.D. 366, 374 (S.D. Ohio 1990) (granting class counsel's motion for "an amount equal to 15% of the settlement fund, including interest, available for distribution to the class"); *Basile v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 640 F. Supp. 697, 708 (S.D. Ohio 1986) (holding that "it is permissible for class counsel to receive a proportionate share of the interest earned on the settlement fund" and citing cases); *In re Cincinnati Gas & Elec. Co. Secs. Litig.*, 643 F. Supp. 148, 153 (S.D. Ohio 1986) (holding how "[w]e previously have ruled such receipt of interest on an attorneys' fees and costs award is permissible").

State Defendants also do not contest that Plaintiffs' Counsel have a real property interest in funds allocated for attorneys' fees and expenses, or that "Plaintiffs' Counsel have been the expected beneficiaries of the deposited amounts since the date payments were made into the FWC Qualified Settlement Fund." ECF No. 2505, PageID 82922; *see also In re Nineteen Appeals Arising Out of San Juan Dupont Plaza Hotel Fire Litig.*, 982 F.2d 603, 612 (1st Cir. 1992) (holding that appellant attorneys "have a property interest in escrowed funds" that had been set to pay attorneys' fees). Under Plaintiffs' proposal, every expected beneficiary of the settlement receives the same share of the settlement as was contemplated when the Court granted final approval to the ASA and awarded attorneys' fees and costs. In contrast, the State's request to prohibit *pro rata* distributions of interest *only* to Plaintiffs' Counsel fundamentally shifts the allocation of the settlement funds, effectively punishing Plaintiffs' Counsel for certain objector's decisions to pursue meritless appeals that delayed settlement distribution—a process beyond Plaintiffs' control.

Instead of addressing any of these equity considerations or the overwhelming case law supporting Plaintiffs' request, State Defendants rely solely on a strained reading of the ASA to assert that Plaintiffs' Counsel are not entitled to *any interest* whatsoever. The relevant ASA provision provides that "[a]ll interest earned by the

6

FWC Qualified Settlement Fund or the Sub-Qualified Settlement Funds shall become and remain part of each such Fund ***and may*** be used to pay any fees and expenses incurred to implement this Settlement Agreement." ECF No. 1394-2, PageID 54158 (emphasis added). State Defendants claim that any accrued interest must *only* be used to pay the costs of "implement[ing] the ASA," and that all additional accrued interest should revert to the FWC Qualified Settlement Fund. ECF No. 2520, PageID 83646.

State Defendants' view of this provision contradicts the unambiguous language of the ASA in at least two ways.  <u>First</u>, the view that any interest earned "*and may* be used to pay any fees and expenses incurred to implement this Settlement Agreement" is somehow a *requirement* that the interest be used *only* for implementing fees and expenses ignores the parties' intentional usage of the words "and" and "may," evincing the provision clearly was designed to ensure that the payment of administrative fees is *among* the permissible uses of accrued interest. "Generally, courts have found that use of the words 'may' and 'should' signify permissive clauses, while use of the words 'shall,' 'will,' or 'must' signify mandatory clauses." *Transport Sys., LLC v. Amazon*, 2018 WL 5043726, at *2 (E.D. Mich. Oct. 17, 2018) (citation omitted).  Accrued interest *may* be used to pay for implementing fees/expenses, but this is in no way a prohibition on including accrued interest in calculating the 6.33% CBA based on the current value of the Settlement

7

Fund, on the contingent fees awarded on the various components of the settlement, or on the reimbursement of expenses advanced to fund the litigation. If that had been the parties' intent, they would have contracted specifically to preclude Plaintiffs' Counsel from seeking any interest. They did not do so.

Second, Defendants' reading ignores that the ASA expressly provides that any interest earned from the FWC Qualified Settlement Fund becomes part of that fund, which is the same fund used to pay attorneys' fees and expenses. The ASA clearly contemplates that the interest earned on the FWC Qualified Settlement Fund can be used for *all* of the purposes for creating the FWC Qualified Settlement Fund in the first place, including attorneys' fees and expenses. Section 11.1 of the ASA expressly provides that "Counsel for Individual Plaintiffs and Class Members shall be reimbursed and paid solely out of **the FWC Qualified Settlement Fund** for all expenses and fees, **including but not limited to: attorneys' fees; past, current, or future litigation and administration expenses** (including, but not limited to, experts', consultants', and guardians ad litem fees and expenses); and the costs of providing the Settlement Class Notice and Individual Notice." ECF No. 1394-2, PageID 54159 (emphasis added). If State Defendants' argument that interest accrued from the funds in the FWC Qualified Settlement Fund must be used only for "implementing" fees and expenses, then State Defendants' own position that leftover interest be kept for the benefit of Claimants would be untenable because any

8

interest retained as part of the FWC Qualified Settlement Fund can—per the ASA's explicit language—be used to pay attorneys' fees and expenses. The simplest interpretation of the ASA clause in question is that all persons who are entitled to distributions from the FWC Qualified Settlement Fund should be entitled to his or her *pro rata* share of accrued interest, including Plaintiffs' Counsel.

Put simply, Plaintiffs' Counsel have always been the expected beneficiaries of certain portions of the FWC Qualified Settlement Fund as provided by the Court's Attorney Fee and Expense Order. Plaintiffs' Counsel are simply requesting the *pro rata* amount of interest earned on the portion of the FWC Qualified Settlement Fund used to pay for amounts owed to Plaintiffs' Counsel. This is a position fully endorsed by numerous settlements in the Sixth Circuit and nationwide, and the State Defendants do not cite any legal precedent against this position.

Dated: August 22, 2023

By: */s/ Stephen Morrissey*
Stephen Morrissey
Jordan Connors
Katherine M. Peaslee
SUSMAN GODFREY, L.L.P.
401 Union Street, Suite 3000
Seattle, WA 98101
Telephone: (206) 516-3880
smorrissey@susmangodfrey.com
jconnors@susmangodfrey.com
kpeaslee@susmangodfrey.com
**EXECUTIVE COMMITTEE FOR CLASS PLAINTIFFS**

Respectfully submitted,

By: */s/ Michael L. Pitt*
Michael L. Pitt
PITT MCGEHEE PALMER
& RIVERS, P.C.
117 West 4th Street, Suite 200
Royal Oak, MI 48067
Telephone: (248) 398-9800
mpitt@pittlawpc.com
**CO-LEAD CLASS COUNSEL**

By: */s/Lear Jiang*
Lear Jiang
SUSMAN GODFREY, L.L.P.
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
(310) 789-3100 Telephone
(310) 789-3150 Facsimile
ljiang@susmangodfrey.com
***EXECUTIVE COMMITTEE FOR CLASS PLAINTIFFS***

By: */s/Theodore J. Leopold*
Theodore J. Leopold
COHEN MILSTEIN SELLERS
& TOLL PLLC
11780 U.S. Highway One, Suite N500
Palm Beach Gardens, FL 33408
Telephone: (561) 515-1400
tleopold@cohenmilstein.com
***CO-LEAD CLASS COUNSEL***

By: */s/ Peretz Bronstein*
Peretz Bronstein
BRONSTEIN, GEWIRTZ &
GROSSMAN, LLC
60 East 42nd Street, Suite 4600
New York, NY 10165
Telephone: (212) 697-6484
peretz@bgandg.com
***EXECUTIVE COMMITTEE FOR CLASS PLAINTIFFS***

By: */s/ Emmy L. Levens*
Emmy L. Levens
COHEN MILSTEIN SELLERS
& TOLL PLLC
1100 New York Ave. NW
Suite 500
Washington, DC 20005
Telephone: (202) 408-4600
elevens@cohenmilstein.com
***CO-LEAD CLASS COUNSEL***

By: */s/ Teresa A. Bingman*
Teresa A. Bingman
LAW OFFICES OF TERESA A.
BINGMAN, PLLC
4131 Okemos Road, Suite 12
Okemos, Michigan 48864
Telephone: (877) 957-7077
tbingman@tbingmanlaw.com
***EXECUTIVE COMMITTEE FOR CLASS PLAINTIFFS***

By: */s/ Paul F. Novak*
Paul F. Novak (P39524)
WEITZ & LUXENBERG, P.C.
3011 W. Grand Blvd., Suite 2400
Detroit, MI 48202
Telephone: (313) 800-4170
pnovak@weitzlux.com
***EXECUTIVE COMMITTEE FOR CLASS PLAINTIFFS***

By: */s/ Esther E. Berezofsky*
Esther E. Berezofsky
MOTLEY RICE LLC
210 Lake Dr. East, Suite 101
Cherry Hill, New Jersey 08002
Telephone: (856) 667-0500
eberezofsky@motleyrice.com
***EXECUTIVE COMMITTEE FOR CLASS PLAINTIFFS***

By: /s/ Corey M. Stern
Corey M. Stern
LEVY KONIGSBERG, LLP
605 Third Avenue, 33rd Floor
New York, New York 10158
Telephone: (212) 605-6200
cstern@levylaw.com
***CO-LIAISON COUNSEL***

By: /s/ Hunter Shkolnik
Hunter Shkolnik
NS PR Law Services, PLLC
1302 Avenida Ponce de Leon
Santurce, Puerto Rico 00907
Telephone: (787) 493-5088
hunter@nsprlaw.com
***CO-LIAISON COUNSEL***

## CERTIFICATE OF SERVICE

I hereby certify that on August 22, 2023, I electronically filed the above document(s) with the Clerk of the Court using the ECF System, which will provide electronic copies to counsel of record.

*/s/ Stephen Morrissey*
Stephen Morrissey
