UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| *IN RE*: FLINT WATER CASES.<br><br>This Document Relates To:<br><br>ALL CASES | Case No. 5:16-cv-10444-JEL-MKM (Consolidated)<br><br>Hon. Judith E. Levy |

_____

**VEOLIA NORTH AMERICA, LLC, VEOLIA NORTH AMERICA, INC., AND VEOLIA WATER NORTH AMERICA OPERATING SERVICES, LLC'S RESPONSE TO PLAINTIFFS' NOTICE OF OBJECTION TO DESIGNATIONS OF PROTECTED MATERIAL (ECF NO. 2554)**

Defendants Veolia North America, LLC, Veolia North America, Inc., and Veolia Water North America Operating Services, LLC ("VNA") respond to Plaintiffs' challenge to VNA's confidential designations (ECF No. 2554) as follows:

**INTRODUCTION**

This Court entered a Confidentiality Order ("Order") on September 8, 2020 governing the designation of documents and other materials as confidential. See Exhibit C to Fifth Amended Case Management Order (ECF No. 1255-3). The Order provides that the producing party may designate as "Confidential" materials or documents that (a) "contain[] private, non-public [] information that is not readily ascertainable through lawful means by the public" and that either (b) "if disclosed publicly would likely cause oppression, competitive disadvantage, infringement of

-1-

privacy rights established by statute or regulation, or infringement of confidentiality requirements established by statute or regulation with respect to government purchasing or other operations" or (c) "if used for purposes other than those authorized by this Order could cause oppression or competitive disadvantage." Order at ¶ 5.

The Order sets forth the process for designating documents as confidential and for challenging such designations. *Id*. at ¶¶ 8, 15. Under the Order, a party may object to the designation of particular material as confidential by giving written notice of its objection to the designating party. Upon receipt of such a written objection, the designating party must "in good faith" reconsider its designation and meet and confer with the objecting party in an effort to resolve the objection by agreement to the extent they are able to do so. *Id*. at ¶ 15. If the objection is not completely resolved within fourteen (14) days from receipt of the written notice, the objecting party may then apply to the Court for a ruling that the challenged documents not be considered confidential. *Id*. Once a designation has been challenged, the designating party has the burden to show good cause that the information sought to be protected is confidential and entitled to protection. *Id*. at ¶ 15(b).

## ARGUMENT

Plaintiffs' Notice of Objection ("Notice") challenges the confidentiality designations of ninety (90) pages of documents previously produced by VNA. *See* Notice (ECF No. 2554).[1] The challenged pages comprise the forty (40) documents that the Court ordered VNA to produce on July 21, 2023 following the Court's *in camera* review of documents withheld by VNA based on attorney-client privilege or work-product protection. *See* ECF No. 2535. VNA had good cause for designating these materials as confidential, so Plaintiffs' challenge should be rejected. *See MSC Software Corp. v. Altair Eng'g Inc.,* 2012 U.S. Dist. LEXIS 69107 (E. D. Mich. May 17, 2012), at *18 (holding that the relevant inquiry is "whether the designating party [met] its burden to show good cause for a particular designation in the face of an objection.").

First, because the Court ordered VNA to produce the documents over VNA's attorney-client privilege and work product objections, the documents should be treated as confidential in order to minimize their public distribution pending a possible appeal. Each of the documents at issue reflects a communication with VNA's counsel and was the subject of a good-faith claim of attorney-client privilege

---

[1] These forty documents are just the tip of the iceberg. Plaintiffs have challenged the designations of 343 pages of other documents in six (6) separate instances over the course of five (5) weeks, and have already filed two other notices of objection with the Court. See ECF Nos. 2566 and 2571.

or work product protection. Although the Court has overruled those claims, VNA has the right to challenge the Court's privilege rulings, including in an appeal from any adverse final judgment. *See Mohawk Indus. Inc. v. Carpenter*, 558 US 100, 109 (2009) ("In our estimation, post-judgment appeals generally suffice to protect the rights of litigants and assure the vitality of the attorney-client privilege. Appellate courts can remedy the improper disclosure of privileged material in the same way they remedy a host of other erroneous evidentiary rulings: by vacating an adverse judgment and remanding for a new trial in which the protected material and its fruits are excluded from evidence."); *Holt-Orsted v. City of Dickson,* 641 F.3d 230, 240 (6th Cir. 2011) (explaining that plaintiffs "ultimately can avail themselves of a post-judgment appeal" to challenge order compelling testimony over their assertion of attorney-client privilege). VNA's designation of the documents as confidential allows Plaintiffs to use the documents in the litigation, but appropriately limits the public dissemination of these sensitive materials in advance of such an appeal.

The documents plainly qualify as confidential under the terms of the Court's confidentiality order. They contain "private, non-public [] information that is not readily ascertainable through lawful means by the public," Order ¶ 5, and their public disclosure in the face of VNA's good-faith privilege claim would cause VNA to suffer "oppression," *id*. Furthermore, the general public has no valid interest in reviewing before trial discovery materials that are the subject of an interlocutory

order rejecting VNA's privilege claim, when that order is subject to review following final judgment.

Second, apart from VNA's attorney-client privilege and work product claims, two of the challenged documents[2] contain competitively sensitive information. They relate to internal communications among VNA employees regarding contract negotiations with a potential client that VNA's competitors could find useful. VNA had good cause to designate the communications as confidential because they contain competitively-sensitive information that if disclosed publicly could cause a competitive disadvantage to VNA.

While VNA has established good cause for the designation of these materials as confidential, Plaintiffs' counsel has made no showing that the designations have impacted his ability to use the documents in the litigation. The Court's Order provides for liberal use of confidential documents. Notably, the Order provides that confidential information may be disclosed to or examined by the parties to the litigation, counsel and support staff, litigation personnel, expert witnesses, and fact witnesses, among many others. *See* Order, at ¶ 12(b). Although the Order requires that confidential information be filed under seal, *id.*, at ¶¶ 9-10, Plaintiffs' counsel have not indicated that this provision has caused them any difficulty.

---

[2] VWNAOS528237 and VWNAOS528366.

Instead, Plaintiffs assert vaguely that "the truth matters," refer vaguely to "Veolia's significant pubic presence online" and its so-called "public misinformation campaign," and contend that making the documents public "might begin to level the playing field." *See* Plaintiffs' Notice, at 8, ECF No. 2554, PageID.84542. Thus, it appears that Plaintiffs have challenged VNA's confidentiality designation so that they can share the documents with the press. Given VNA's legitimate interest in limiting the distribution of this information, Plaintiffs' goal of using these materials outside of litigation underscores the importance of maintaining the confidentiality designation.

## **CONCLUSION**

For these reasons, the Court should uphold VNA's confidentiality designations.

DATED: August 24, 2023

                                              Respectfully submitted,

| **CAMPBELL, CONROY & O'NEIL, P.C.** | **MAYER BROWN LLP** |
|---|---|
| */s/ James M. Campbell* | */s/ Michael A. Olsen* |
| James M. Campbell | Michael A. Olsen |
| Alaina M. Devine | 71 South Wacker Drive |
| 20 City Square, Suite 300 | Chicago, IL 60606 |
| Boston, MA 02129 | (312) 7012-7120 |
| (617) 241-3000 | molesen@mayerbrown.com |
| jmcampbell@campbell-trial-lawyers.com | |
| adevine@campbell-trial-lawyers.com | |

*Attorneys for Veolia North America, LLC, Veolia North America, Inc., and Veolia Water North America Operating Services, LLC.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 24, 2023, I electronically filed the foregoing Motion with the Clerk of the Court using the ECF System, which will send notification to the ECF counsel of record.

                                                Respectfully submitted,

                                               */s/ James M. Campbell*
                                               James M. Campbell