# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

*In re:*
Flint Water Litigation

Case No. 16-cv-10444
Hon. Judith E. Levy
Mag. Elizabeth A. Stafford

# NON-PARTY NICOLE FLOTTERON'S REPLY BRIEF
# IN SUPPORT OF MOTION FOR PROTECTIVE ORDER (ECF NO. 2546)

2845798.4

## I.     PRELIMINARY STATEMENT

Plaintiffs spend the vast majority of their brief maligning Defendant Veolia North America, LLC ("VNA"), VNA's counsel, non-party Actum, LLC and its counsel, and even Ms. Flotteron. None of this, however, is relevant to the **central question** of whether Plaintiffs should be permitted to take yet a third deposition of an Actum employee when (1) this Court limited Plaintiffs' discovery regarding VNA's public relations consultants to whether VNA, or anyone acting on behalf of VNA, used GDSA; (2) non-party Actum has produced for deposition its person most knowledgeable regarding Actum's work for VNA during the Bellwether I trial, who testified unequivocally that Actum did not use any GDSA in its work with VNA; and (3) Ms. Flotteron will be burdened with having to prepare for and testify at a deposition where she can only repeat the same information Mr. McKeon – her direct supervisor – has already provided. Ms. Flotteron respectfully submits **the answer is no**, as Plaintiffs simply cannot – and do not in their response brief – demonstrate that yet *another* deposition of an Actum employee is relevant **and** "proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1).

## II.    ARGUMENT

### A.     Plaintiffs' Basis for Post-Trial Discovery Was to Obtain Testimony Regarding the Use of GDSA

Although Plaintiffs argue in their response brief discovery was not limited to VNA's use of GDSAs, Plaintiffs do not cite any evidence or other authority which

-1-

2845798.4

supports their position; instead they dismiss it outright in a single sentence. (Opp., at 11) Nor can Plaintiffs honestly deny their own counsel expressly represented to the Court that the use of GDSAs was the "core issue" at hand and the Court responded accordingly that discovery should "focus on the dynamic search ad campaign and not other issues." (Paradise Dec. ¶ 9, Ex. F, at 31:10–15). Indeed, in July 2023, this Court recently required Plaintiffs to provide a summary of what their discovery post-trial has revealed to "convince me that this [discovery] is worth continuing to pursue." (*See* July 19, 2023 Tr., at 44:1-8.)

Second, Plaintiffs' suggestion Actum's counsel agreed for the two previous depositions that information beyond the GDSAs was relevant is demonstrably false. (Opp., at 7.) In actuality, during the parties' telephonic meet and confers, Actum's counsel made clear Actum believed the proper scope of discovery was limited to GDSAs and objected to anything outside those parameters, but that it would agree to compromise and permit Plaintiffs to inquire into Actum's social media involvement during the Bellwether trial to avoid costly motion practice. Although Plaintiffs malign Actum and its counsel for agreeing to a compromised scope for the previous depositions and for failing to file related motions for protective orders, these facts actually demonstrate Actum was trying to be cooperative with Plaintiffs' scheduling of depositions and sought to avoid motion practice through compromise. Indeed, far from delaying or thwarting Plaintiffs'

efforts to obtain information (Opp., at 9), Actum actually (1) produced Jennifer Kaufmann voluntarily per the subpoena Plaintiffs issued given they insisted she was the person identified by a VNA employee; (2) identified Actum's Person Most Knowledgeable, Michael McKeon, a Senior Partner at Actum who led and supervised the Actum team during the trial; and (3) produced him for deposition where he answered the very questions that Plaintiffs claim they need to ask Ms. Flotteron. Knowing the true facts of the parties' meet and confers, it is disappointing Plaintiffs try to use these conferences against *Ms. Flotteron*, a former Actum employee who has never delayed or thwarted anything and simply seeks to avoid a burdensome, duplicative deposition that is not proportional to the needs of the case.

Further, many of the issues Plaintiffs complain about in their response brief are a direct result of the litigation tactics they decided to employ post-trial. Had Plaintiffs followed the proper course and served a subpoena for the Person Most Knowledgeable at Actum regarding Actum's involvement with VNA's use of GDSA at the outset, much of this could have been avoided. Indeed, the parties could have met and conferred about the topics at issue once, and Actum would have had the opportunity to prepare a witness to answer all questions in a single deposition. Instead, Plaintiffs intentionally directed subpoenas to *individual* witnesses without verifying they were the ones with relevant information so that it

could continue deposing anyone and everyone it wants at Actum (even if they are no longer there).

Tellingly, Plaintiffs have refused to confirm that even Ms. Flotteron's deposition would be the last taken on this issue. (July 19, 2023 Tr., at 44:20-25). In fact, in their response brief, Plaintiffs acknowledge that even Ms. Flotteron did not directly author all Tweets allegedly at issue and that someone junior to her wrote them. (Opp., at 8.) Applying the logic Plaintiffs use here to claim they also need Ms. Flotteron's testimony on top of her supervisor's testimony, Plaintiffs will no doubt claim they need to depose this junior associate as well. In other words, when will this ever end? Ms. Flotteron respectfully requests it end now, especially as she has no additional relevant information to provide.

### B. Non-Party Actum Produced for Deposition Ms. Flotteron's Direct Supervisor Who had the Most Knowledge About Actum's Involvement with VNA's Marketing Campaign

As conveyed to Plaintiffs, Michael McKeon is Actum's Person Most Knowledgeable with respect to Actum's involvement with VNA's marketing campaign during the Bellwether I trial. He was the Senior Partner on the matter and had the "final say" as to any content posted. Indeed, no matter how Plaintiffs spin McKeon's testimony in their response brief to make it look like he was not the "correct" witness, that is belied by McKeon's own testimony which included:

> ➢ In addition to drafting some of the content at issue himself, he was "intimately involved with that content," had "the final word" as to the

content, and reviewed and approved all of the content posted on the @VNAFlintFacts Twitter account (Paradise Decl. ¶ 8, Ex. E, at 43:15-44:1);

- ➢ Details of how the content originated, who was involved in preparing it, whether VNA or other third parties had input into the Tweets, and why they were posted (*id.* at 45:20-23);

- ➢ Whether VNA or its law firms interacted with the Actum team during their work (*id.* at 46:9-12, 47:5-51:8); and

- ➢ That Actum unequivocally did not utilize GDSA in its work with VNA during the trial[1] (*id.* at 40:16-20, 42:3-13).

Despite the foregoing testimony, Plaintiffs argue they need to depose Ms. Flotteron on these **same** topics because she was the one to physically post the Tweets and watch the trial on Zoom. (Opp., at 15-16 ["She can describe how she came upon information that formed Veolia's tweets; how, when, and why she went about composing Veolia's tweets; the extent of attorney involvement… in crafting and approving the tweets; whether she discussed the Twitter Account with attorneys….on behalf of Veolia prior to, during or subsequent to the Trial, and why she chose to link virtually every single tweet to Veolia's Website."])  Given McKeon reviewed and was the "final word" on all content created for VNA, it

---

[1] Plaintiffs argue that Ms. Flotteron's declaration confirming that Actum did not use GDSAs in its work with VNA is "**entirely incorrect**" based on an expert report by Dr. Cohen. (Opp., at 12, n. 3 (emphasis in original).) This is not so. The report makes no allegations that *Actum's* work on behalf of VNA utilized GDSAs (as it did not).  Thus, to the extent Plaintiffs claim GDSAs were utilized by VNA, Actum was not involved in the same and cannot answer any questions in that regard. Regardless, simply because Plaintiffs do not like Mr. McKeon's or Ms. Flotteron's testimony does not give Plaintiffs a right to continue discovery on an issue for which they already have the answer.

nonsensical that Plaintiffs need to also depose Ms. Flotteron to see how she physically logged in to post the subject Tweets. Further, the questions Plaintiffs seek to ask have zero relevance to whether VNA is liable for the Flint water crisis nor do they bear on the issue of whether jurors were influenced by this content or otherwise persuaded to change their verdict based on the Twitter content.

### C. Plaintiffs' Attempt to Obtain Yet Another Deposition of a Non-Party is Not Proportional to the Needs of the Case

Finally, and most importantly, Plaintiffs have not and cannot demonstrate taking Ms. Flotteron's deposition is "proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). In fact, while Plaintiffs repeatedly claim the information sought is "highly relevant,"[2] Plaintiffs outright ignore that information is only discoverable if relevant **and** "proportional to the needs of the case." *Id.* Indeed, **Plaintiffs do not even mention this requirement in their response brief**, much less address the arguments set forth in the Motion as to why Plaintiffs fail to meet it. This is not surprising as it is fatal to their position. Indeed, a court must consider whether the burden or expense of the proposed discovery outweighs its

---

[2] Ms. Flotteron disputes this claim as set forth in her Motion. Further, Plaintiffs' contention they are entitled to information "reasonably calculated to lead to the discovery of admissible evidence," (Opp. at 9) is simply wrong. The Federal Rules repudiated that standard because it did not adequately limit discovery. See Fed. R. Civ. P. 26, Committee Notes on Rules—2015 Amendment (deleting phrase "reasonably calculated to lead to the discovery of admissible evidence" because practice had shown the standard had "swallow[ed] any other limitation on the scope of discovery").

likely benefit. *State Farm Mut. Auto. Ins. Co. v. Warren Chiropractic & Rehab Clinic, P.C.*, 315 F.R.D. 220, 222 (E.D. Mich. 2016); Fed R. Civ. P. 26(b)(1). Here, there is no question that the burden and expense of this deposition outweighs any benefit. Regardless of whether the deposition is limited to two hours (which does not include preparation time), the burden still outweighs any nominal (at best) benefit gained from having Ms. Flotteron provide testimony that is either completely duplicative or not relevant. This simply does not justify burdening Ms. Flotteron even to a minimal degree, who is at a new job and no longer works at Actum, given Plaintiffs cannot identify the likely benefit of such information. Accordingly, Ms. Flotteron respectfully requests the Court enter a protective order prohibiting her deposition and award her the fees and costs incurred in bringing this Motion.

Respectfully submitted,

| | |
|---|---|
| **THE MILLER LAW FIRM, P.C.** | **EISNER, LLP** |
| /s/ Seth D. Gould | /s/ Steven Paradise |
| Seth D. Gould (P45465) | Steven Paradise |
| 950 W. University Dr., Ste. 300 | 152 W. 57th St., 48th Floor |
| Rochester, MI 48307 | New York, New York 10019 |
| T: (248) 841-2200 | T: (646) 876-2608 |
| F: (248) 652-2852 | E: sparadise@eisnerlaw.com |
| E: sdg@miller.law | |
| | *Attorneys for Non-Party, Nicole Flotteron* |

Dated: August 25, 2023

# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

*In re:*  
Flint Water Litigation

Case No. 16-cv-10444  
Hon. Judith E. Levy  
Mag. Elizabeth A. Stafford

## CERTIFICATE OF SERVICE

I hereby certify that on August 25, 2023, the foregoing reply brief was electronically filed through the Court's electronic filing system.

/s/ Seth D. Gould  
Seth D. Gould  
*Attorney for Non-Party Nicole Flotteron*

2845798.4