# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

*In re* Flint Water Cases.

_____/

Judith E. Levy
United States District Judge

This Order Relates To:

ALL CASES

_____/

## ORDER DENYING MOTION FOR PROTECTIVE ORDER [2546]

On August 4, 2023, non-party Nicole Flotteron filed a motion for a protective order. (ECF No. 2546.) In her motion, Ms. Flotteron seeks to have the Court enter an order forbidding her deposition from being conducted in the Flint Water Cases. (*Id.*) Ms. Flotteron's motions states that she is a former employee of non-party Actum, LLC ("Actum"), a public relations firm that Defendant Veolia North America, LLC engaged to provide public relations services in connection with the Bellwether I trial. (*Id.* at PageID.84117; *and see* ECF No. 2546-1 (Declaration of Nicole Flotteron).) Plaintiffs responded on August 18, 2023. (ECF No. 2567.) For the reasons set forth below, the Court denies the motion and the request for attorney fees.

Ms. Flotteron argues that having her deposition taken in response to Plaintiffs' subpoena would be an undue burden on her for the following reasons:

1. She has two young children, ages 3 years and 9 months, and is nursing her younger child (ECF No. 2546-1);

2. She has a busy schedule and new job, and would need to arrange for alternative childcare in order to prepare for and attend a deposition, which would be burdensome and a significant inconvenience; (*Id.*)

3. She believes her testimony is unnecessary because current Actum employee Michael McKeon, who supervised and worked closely with Ms. Flatteron on Actum's engagement for VNA, has already been deposed in this matter. Ms. Flotteron "cannot think of anything that [she] would know about Actum's social media work for VNA that Mike does not also know." (*Id.* at PageID.84133.)

4. If asked about whether Actum deployed Google dynamic search ads for VNA, her answer would be "no." (*Id.*)

Ms. Flotteron seeks attorney fees and costs that she was "forced to incur in bringing this motion but that could have been avoided." (*Id.*)

Federal Rule of Civil Procedure 45(d) states that the "party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Plaintiffs' obligation, therefore, is to take "reasonable steps" to prevent "undue" burden or expense.

2

"Undue burden is to be assessed in a case-specific manner considering 'such factors as relevance, the need of the party for the documents, the breadth of the document request, the time period covered by it, the particularity with which the documents are described and the burden imposed.' " *In re: Modern Plastics Corp.*, 890 F.3d 244, 251 (6th Cir. 2018) (quoting *Am. Elec. Power Co., Inc. v. United States*, 191 F.R.D. 132, 136 (S.D. Ohio 1999) ). "Courts must 'balance the need for discovery against the burden imposed on the person ordered to produce documents,' and the status of that person as a non-party is a factor." *Ibid.* (quoting *Power*, 191 F.R.D. at 136) ).

*Cahoo v. SAS Institute*, 377 F. Supp. 3d 769, 775 (E.D. Mich. 2019) (Lawson, J.).

First, Ms. Flatteron's status as a parent of two young children does not exempt her from compliance with a valid subpoena. Many individuals with children comply with subpoenas to testify every day. Ms. Flatteron's status as a nursing mother does, however, provide good reason for her counsel to work with Plaintiffs' counsel to implement "reasonable steps" for regular breaks during the deposition. Also, due to Ms. Flotteron's childcare concerns, her counsel should work with Plaintiffs' counsel to schedule the deposition at a date and time that is convenient for the witness. Plaintiffs' counsel has already indicated that they have offered to do so. (ECF No. 2567, PageID.84797.)

Next, Ms. Flotteron's status as a former employee, rather than a current employee, of Actum does not constitute a reason to excuse her from the deposition. And, indeed, if Ms. Flotteron's answers to the questions posed in the deposition add nothing to Plaintiffs' discovery on this matter, the deposition should be short. The motion and request for fees is denied.

The Court has set forth a process by which Plaintiffs' counsel may take discovery on the issues related to VNA's PR endeavor. The Court is reviewing Plaintiffs' counsel's report filed on August 9, 2023 (ECF No. 2549), and it will review VNA's response once filed. After Ms. Flotteron's deposition is concluded, no further depositions should be taken until the Court has ruled on whether this area of inquiry may continue.

IT IS SO ORDERED.

Dated: August 25, 2023      s/Judith E. Levy
Ann Arbor, Michigan     JUDITH E. LEVY
    United States District Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on August 25, 2023.

s/William Barkholz
WILLIAM BARKHOLZ
Case Manager