UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| *IN RE*: FLINT WATER CASES.<br><br>This Document Relates To:<br><br>ALL CASES | Case No. 5:16-cv-10444-JEL-MKM (Consolidated)<br><br>Hon. Judith E. Levy |

**VEOLIA NORTH AMERICA, LLC, VEOLIA NORTH AMERICA, INC., AND VEOLIA WATER NORTH AMERICA OPERATING SERVICES, LLC'S RESPONSE TO PLAINTIFFS' SECOND NOTICE OF OBJECTION TO DESIGNATIONS OF PROTECTED MATERIAL (ECF #2566)**

Defendants Veolia North America, LLC, Veolia North America, Inc., and Veolia Water North America Operating Services, LLC ("VNA") respond to Plaintiffs' second challenge to VNA's Confidential designations (ECF No. 2566) as follows:

### INTRODUCTION

The Confidentiality Order ("Order") entered in this case (ECF No. 1255-3) identifies specific categories of discovery material which may be designated as Confidential. Under the Order, a producing party may designate as "Confidential" materials or documents that (a) "contain[] private, non-public [] information that is not readily ascertainable through lawful means by the public" and that either (b) "if disclosed publicly would likely cause oppression, competitive disadvantage,

infringement of privacy rights established by statute or regulation, or infringement of confidentiality requirements established by statute or regulation with respect to government purchasing or other operations" or (c) "if used for purposes other than those authorized by this Order could cause oppression or competitive disadvantage." Order at ¶ 5. Before designating any discovery material as "Confidential," the designating party must possess a "good faith" belief that the information falls into one of these categories. *Id*. Any party may challenge another party's designation of discovery material as Confidential by giving the designating party written notice of the challenge. *Id.* at ¶ 15. If material designated as Confidential is challenged, the designating party bears the burden of showing good cause that the disputed material fits within one of the categories set forth in the Order. *Id.* at ¶ 15(b).

## ARGUMENT

Plaintiffs' second Notice of Objection ("Notice") challenges the confidentiality designations of 88 documents previously produced by VNA, of which five are not actually designated as Confidential.[1] *See* Notice (ECF No. 2566). VNA has carefully reviewed the remaining 83 documents and has agreed to remove the confidentiality designations from 63 documents. As explained further below,

---

[1] The documents that are not Confidential are: VEOLIA_007442; VEOLIA_007448; VEOLIA_007628; VEOLIA_007715 and VEOLIA_007721 (#46-50). These documents were de-designated as Confidential in June 2019.

VNA maintains that 20 documents challenged by Plaintiffs should remain Confidential under the terms of the Order.

When a party challenges material designated as Confidential under a protective order, the Court must decide whether the designating party has "good cause" for the designation under the terms of the order. *See MSC Software Corp. v. Altair Eng'g Inc.,* 2012 U.S. Dist. LEXIS 69107 (E. D. Mich. May 17, 2012), at *18 (holding that the relevant inquiry is "whether the designating party [met] its burden to show good cause for a particular designation in the face of an objection."). Under the Order entered in this case, discovery materials may be labeled as "Confidential" if they contain private, non-public information not readily ascertainable by the public which could cause oppression or competitive disadvantage if publicly disclosed.

The Court should find good cause for the continued confidentiality of 20 of the challenged documents because they contain private, non-public information which would cause VNA to suffer oppression or competitive disadvantage if publicly disclosed. Some of the documents relate to internal budgets, HR concerns, and salaries. *See, e.g.*, VEOLIA_0414422, VEOLIA_0414457, VEOLIA_0414466, VEOLIA_0414469, VEOLIA_0414471, VEOLIA_0414474, VEOLIA_0414477 and VEOLIA_0414485 (#38-45). Other documents relate to strategic plans on communications that are commercially-sensitive. *See, e.g.*, VEOLIA_0908787 and VEOLIA_0908907 (#17-18). Some of the documents relate to internal

-3-

communications and discussions about projects and/or subjects that are unrelated to Flint which are not readily ascertainable by the public. *See, e.g.*, VEOLIA_406330, VEOLIA_0406789, VEOLIA_0417743, VEOLIA_0416484, VEOLIA_0416556, VEOLIA_0417697, VEOLIA_0801225, VEOLIA_0801229 and VEOLIA_0801234 (#1-3; 7-10; 33-34).[2]

In addition, one of the 20 documents (VEOLIA_1019943 (# 58)) should remain designated as Confidential because it is subject to a good-faith claim of attorney-client privilege and/or work product protection. While the Court overruled those claims following its *in camera* review of the document, VNA has the right to challenge the Court's privilege rulings, including in an appeal from any adverse final judgment. *See Mohawk Indus. Inc. v. Carpenter*, 558 US 100, 109 (2009); *Holt-Orsted v. City of Dickson,* 641 F.3d 230, 240 (6th Cir. 2011). VNA's designation of the document as Confidential allows Plaintiffs to use the document in this case, but appropriately limits the public dissemination of these sensitive materials in advance of such an appeal. Accordingly, the document should be treated as Confidential in order to minimize their public distribution pending a possible appeal. *See also*

---

[2] Several documents were designated as "Highly Confidential," but VNA is agreeable to re-designating them as "Confidential." Those documents are VEOLIA_0414422 (#39), VEOLIA_0414457 (#40), VEOLIA_0414466 (#41), VEOLIA_0414471 (#42), VEOLIA_0414474 (#43), VEOLIA_0414477 (#44), VEOLIA_0414485 (#45), and VEOLIA_406330 (#34), VEOLIA_0416484 (#10).

VNA's Response to Plaintiffs' Notice of Objection to Designations of Protected Material (ECF No. 2554), at 3-5, ECF No. 2577, PageID.85063-85065.

The Court should find that the 20 remaining documents subject to Plaintiffs' second challenge qualify as Confidential under the terms of the Court's Order because they contain commercially or competitively sensitive information that, if disclosed, would likely cause VNA oppression or competitive disadvantage. Discovery in civil actions is a private process through which parties exchange documents. Accordingly, contrary to Plaintiffs' assertion, the public does not enjoy a presumptive right of access to such discovery materials especially where (as here) such materials are the subject of an interlocutory order that may be appealable following final judgment. In these situations, broad protection of such materials is warranted.

## **CONCLUSION**

For these reasons, the Court should uphold VNA's confidentiality designations as to the 20 documents that remain at issue in this challenge.

DATED: August 29, 2023

          Respectfully submitted,

| **CAMPBELL, CONROY & O'NEIL, P.C.** | **MAYER BROWN LLP** |
|---|---|
| */s/ James M. Campbell* | */s/ Michael A. Olsen* |
| James M. Campbell | Michael A. Olsen |
| Alaina M. Devine | 71 South Wacker Drive |
| 20 City Square, Suite 300 | Chicago, IL 60606 |
| Boston, MA 02129 | (312) 7012-7120 |
| (617) 241-3000 | molesen@mayerbrown.com |
| jmcampbell@campbell-trial-lawyers.com | |
| adevine@campbell-trial-lawyers.com | |

*Attorneys for Veolia North America, LLC, Veolia North America, Inc., and Veolia Water North America Operating Services, LLC.*

## CERTIFICATE OF SERVICE

    I hereby certify that on August 29, 2023, I electronically filed the foregoing Motion with the Clerk of the Court using the ECF System, which will send notification to the ECF counsel of record.

          Respectfully submitted,

          */s/ James M. Campbell*
          James M. Campbell