UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

*In re* Flint Water Cases.

_____/

Judith E. Levy
United States District Judge

This Order Relates To:

ALL CASES

_____/

**ORDER GRANTING MOTION TO DISTRIBUTE FEES [2552] AND GRANTING MOTION TO SEAL [2580] WITH FURTHER <u>FILING INSTRUCTIONS</u>**

Before the Court is Plaintiffs' counsel and Member of the Plaintiffs' Executive Committee in the Flint Water litigation Esther Berezofsky's motion for an order granting distribution of attorney fees. (ECF No. 2552.) Plaintiffs' counsel Mark Cuker and Co-Lead Class Counsel Theodore Leopold and Michael Pitt filed a response. (ECF Nos. 2572, 2581.) It appears that the amount in dispute between Mr. Cuker, Mr. Williams, and Ms. Berezofsky is $58,534.

The Court authorizes Co-Lead Class Counsel to disburse the total funds allocated to Ms. Berezofsky. Ms. Berezofsky is then ordered to make any appropriate distribution to Mr. Cuker and/or Mr. Williams.

The Court will not interpret the law firm liquidation and dissolution agreement between Mr. Cuker and Ms. Berezofsky.

Next, the Court is in receipt of Mr. Cuker's motion to seal the liquidation and dissolution agreement. (ECF No. 2580.) The Court notes first that, despite filing a motion to seal the document, Mr. Cuker filed the liquidation and dissolution agreement on the docket and not under seal on August 25, 2023 (See ECF No. 2581-4.) Upon learning of this issue on August 28, 2023, the Court temporarily sealed Mr. Cuker's entire filing. The Court orders Mr. Cuker to re-file his response to the motion for disbursement of funds but with a placeholder for exhibit 4 to his response, which indicates it is filed separately under seal.

Eastern District of Michigan Local Rule 5.3 governs civil material filed under seal. "There is a strong presumption in favor of open judicial records." *Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305 (6th Cir. 2016). A request for a seal must be "narrowly tailored. . . in accord with applicable law." E.D. Mich. LR 5.3(b)(2). The Court may grant a motion to seal "only upon a finding of a compelling reason why certain documents or portions thereof should be sealed." *Id*. at (b)(3)(B)(i). Even if no party objects to a motion to seal, the "district court that chooses

to seal court records must set forth specific findings and conclusions 'which justify nondisclosure to the public.'" *Shane Grp.*, 925 F.3d at 306 (citing *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1176 (6th Cir. 1983)). The Court must make its decision based on the following three factors: "why the interests in support of nondisclosure are compelling, why the interests supporting access are less so, and why the seal itself is no broader than necessary[.]" *Shane Grp.*, 925 F.3d at 306 (citing *Brown & Williamson*, 710 F.2d at 1176).

As to *Shane Group* factors one and two—why the interests in nondisclosure are compelling and why the interests supporting access are less so, *Shane Grp.*, 925 F.3d at 306—the liquidation and dissolution agreement is a private agreement between Mr. Cuker, Ms. Berezofsky, and Mr. Williams. It contains commercially sensitive information regarding their former law firm, their estimated fees, and the way their firm is to be dissolved and liquidated. There is nothing about the content of this agreement that relates to the substance of the Flint Water litigation, whatsoever, much less anything interesting to the public. Accordingly, factors one and two weigh in favor of sealing the document.

3

The third *Shane Group* factor—why the seal itself is no broader than necessary—is also satisfied. *Shane Grp.*, 925 F.3d at 306. The Court is sealing only the liquidation and dissolution agreement, but not any other information contained in Mr. Cuker's filing, including his substantive response. The third *Shane Group* factor is met.

IT IS SO ORDERED.

Dated: August 31, 2023       s/Judith E. Levy
Ann Arbor, Michigan      JUDITH E. LEVY
     United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on August 31, 2023.

     s/William Barkholz
     WILLIAM BARKHOLZ
     Case Manager