UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| *IN RE*: FLINT WATER CASES.<br><br>This Document Relates To:<br><br>ALL CASES | Case No. 5:16-cv-10444-JEL-MKM (Consolidated)<br><br>Hon. Judith E. Levy |

**VEOLIA NORTH AMERICA, LLC, VEOLIA NORTH AMERICA, INC., AND VEOLIA WATER NORTH AMERICA OPERATING SERVICES, LLC'S RESPONSE TO PLAINTIFFS' THIRD NOTICE OF OBJECTION TO DESIGNATIONS OF PROTECTED MATERIAL (ECF #2571)**

Defendants Veolia North America, LLC, Veolia North America, Inc., and Veolia Water North America Operating Services, LLC ("VNA") respond to Plaintiffs' third challenge to VNA's confidential designations (ECF No. 2571) as follows:

**INTRODUCTION**

The Confidentiality Order ("Order") entered in this case (ECF No. 1255-3) identifies specific categories of discovery material which may be designated as confidential. Under the Order, a producing party may designate as "Confidential" materials or documents that (a) "contain[] private, non-public [] information that is not readily ascertainable through lawful means by the public" and that either (b) "if disclosed publicly would likely cause oppression, competitive disadvantage,

infringement of privacy rights established by statute or regulation, or infringement of confidentiality requirements established by statute or regulation with respect to government purchasing or other operations" or (c) "if used for purposes other than those authorized by this Order could cause oppression or competitive disadvantage." Order at ¶ 5. Before designating any discovery material as "Confidential," the designating party must possess a "good faith" belief that the information falls into one of these categories. *Id*. Any party may challenge another party's designation of discovery material as Confidential by giving the designating party written notice of the challenge. *Id.* at ¶ 15. The written notice must "identify the challenged Protected Material by Bates number on an item-by-item basis" unless the Protected Material cannot be reasonably identified in that manner. *Id.* at ¶ 15(b). If material designated as Confidential is challenged, the designating party bears the burden of showing good cause that the disputed material fits within one of the categories set forth in the Order. *Id.*

## ARGUMENT

Plaintiffs' Third Notice of Objection ("Notice") challenges the confidentiality designations of 25 documents previously produced by VNA, of which one is not actually designated as Confidential.[1]  *See* Notice (ECF No. 2571). VNA has

---

[1] The document that is not designated as Confidential is VWNAOS319815. This document was previously de-designated as Confidential in CampbelProd007 on November 8, 2019.

-2-

carefully reviewed the remaining 24 documents and has agreed to remove the confidentiality designations from 16 documents. As explained further below, VNA maintains that eight documents challenged by Plaintiffs should remain Confidential under the terms of the Order.

When a party challenges material designated as confidential under a protective order, the Court must decide whether the designating party has "good cause" for the designation under the terms of the order. *See MSC.Software Corp. v. Altair Eng'g Inc.,* 2012 U.S. Dist. LEXIS 69107, at *18 (E.D. Mich. May 17, 2012) (holding that the relevant inquiry is "whether the designating party [met] its burden to show good cause for a particular designation in the face of an objection");*see also Shane Grp., Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299, 305 (6th Cir. 2016) ("Secrecy is fine at the discovery stage, before the material enters the judicial record.") (internal quotation marks omitted). "Given that there is no presumptive right of public access to pretrial discovery materials and that the purpose for broad discovery is to aid in the litigation and the resolution of the case at hand, the 'good cause' standard in Rule 26(c) should not present a substantial hurdle to clear where the movant seeks a limited protective order concerning nonjudicial documents." *AFT Michigan v. Project Veritas*, 2023 WL 2890152, at *3 (E.D. Mich. Apr. 10, 2023) (collecting cases). Factors that courts consider in determining whether good cause exists to protect confidential information include "(1) the extent to which the

-3-

information is known outside of the business; (2) the extent to which it is known by employees and others involved in the business; (3) the extent of measures taken to guard the secrecy of the information; (4) the value of the information to the business to its competitors; (5) the amount of effort or money expended in developing the information; and (6) the ease or difficulty with which the information could be properly acquired or duplicated by others." *Vignes-Starr v. Lowe's Home Centers, LLC*, 544 F. Supp. 3d 774, 776 (W.D. Ky. 2021) (alterations omitted).

Under the Order entered in this case, discovery materials may be labeled as "Confidential" if they contain private, non-public information not readily ascertainable by the public which could cause oppression or competitive disadvantage if publicly disclosed.

As an initial matter, several of the challenges in Plaintiffs' Notice do not comply with the Order. The Order requires the challenging party to identify certain documents "by Bates number on an item-to-item basis." Order at ¶ 15(b). But some of Plaintiffs' requests do not separate the challenged documents item by item. For example, Plaintiffs challenge the confidentiality designation of "VWNAOS506686-VWNAOS506695" (#4)—a ten-page range—even though VWNAOS506686 is a two-page document (ranging from VWNAOS506686-87). Plaintiffs similarly fail to identify the challenged documents on an item-to-item basis for VWNAOS506679-VWNAOS506683 (two-page document ranging from VWNAOS506679-80),

VWNAOS506701-VWNAOS506706 (two-page document ranging from VWNAOS506701-02), VWNAOS506712-VWNAOS506718 (two-page document ranging from VWNAOS506712-13), VWNAOS511012-VWNAOS511015 (one-page document Bates-stamped VWNAOS511012), VWNAOS528141-VWNAOS528143 (one-page document Bates-stamped VWNAOS528141), VWNAOS528466-VWNAOS528477 (six-page document ranging from VWNAOS528466-71), and VWNAOS536235-VWNAOS536237 (one-page document Bates-stamped VWNAOS536235) (#3; 5-6; 11; 14-16). In addition, Plaintiffs identify "VWNAOS520031-VWNAOS521985" (#25)—a 1,955-page document that combines numerous documents and emails, many of which have been produced elsewhere. Plaintiffs' request for every document that falls within the Bates range provided thus does not identify each document "by Bates number on an item-to-item basis" and is not properly before the Court. VNA accordingly is limiting its response to the specifically-identified documents—*i.e.*, the documents for which Plaintiffs have identified the beginning Bates stamp.

The Court should find good cause for the continued confidentiality of eight of the documents because they contain private, non-public information which would cause VNA to suffer oppression or competitive disadvantage if publicly disclosed. Five of the documents relate to internal budgets, HR concerns, and salaries. *See* VWNAOS528466, VWNAOS544490-VWNAOS544502, VWNAOS549102,

VWNAOS557264-VWNAOS557264.0005, VWNAOS549103-VWNAOS549103.0011 (#15; 18-19; 21-22). One document relates to strategic plans on communications that are commercially-sensitive. *See* VWNAOS528081-VWNAOS528081.001 (#9). Finally, one of the documents is an internal reporting document, unrelated to Flint, that includes commercially-sensitive contract details, including terms and payments. VWNAOS559114-VWNAOS559114.0040 (#23).[2]

The Court should find that the documents listed above qualify as Confidential under the terms of the Court's Order. These documents contain sensitive information such as employee salaries, employee budgets, and communications concerning strategic decisions. VNA's competitors would benefit significantly from having access to these documents, which would reveal important business considerations that VNA has cultivated over time and guarded closely.[3]

---

[2] Several documents were designated as "Highly Confidential," but VNA is agreeable to re-designating them as "Confidential." Those documents are VWNAOS557264-VWNAOS557264.0005 (#21), VWNAOS549103-VWNAOS549103.0011 (#22), VWNAOS559114-VWNAOS559114.0040 (#23), and VWNAOS511323 (#24).

VNA also agrees to re-designate VWNAOS520031-VWNAOS521985 (#25) as "Confidential" even though Plaintiffs did not properly challenge its designation. That document is a compilation of almost two-thousand pages of documents that include commercially-sensitive information.

[3] Plaintiffs' Letter to VNA also asked VNA to remove "Attorney-Client Privilege" designations and redactions from two documents—VWNAOS506690 andVWNAOS506692. *See* ECF No. 2571-1, at 3 n.2. VNA has previously produced those documents in unredacted form but will reproduce them anyway.

## CONCLUSION

For these reasons, the Court should uphold VNA's Confidentiality designations as to the seven documents properly at issue in this challenge and the eighth document that compiles almost 2,000 pages of documents.

DATED: September 5, 2023

Respectfully submitted,

| **CAMPBELL, CONROY & O'NEIL, P.C.** | **MAYER BROWN LLP** |
|---|---|
| */s/ James M. Campbell* | */s/ Michael A. Olsen* |
| James M. Campbell | Michael A. Olsen |
| Alaina N. Devine | 71 South Wacker Drive |
| 20 City Square, Suite 300 | Chicago, IL 60606 |
| Boston, MA 02129 | (312) 7012-7120 |
| (617) 241-3000 | molesen@mayerbrown.com |
| jmcampbell@campbell-trial-lawyers.com | |
| adevine@campbell-trial-lawyers.com | |

*Attorneys for Veolia North America, LLC, Veolia North America, Inc., and Veolia Water North America Operating Services, LLC.*

## CERTIFICATE OF SERVICE

I hereby certify that on September 5, 2023, I electronically filed the foregoing Motion with the Clerk of the Court using the ECF System, which will send notification to the ECF counsel of record.

Respectfully submitted,

*/s/ James M. Campbell*
James M. Campbell