# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

*In re* FLINT WATER CASES.

Case No. 5:16-cv-10444
(Consolidated)

Hon. Judith E. Levy

_____/

## PLAINTIFFS' REPLY TO VEOLIA'S RESPONSE REGARDING OBJECTIONS TO CONFIDENTIAL DESIGNATIONS (ECF NO. 2571)

Plaintiffs reply to Veolia North America, LLC's, Veolia North America, Inc.'s, and Veolia Water North America Operating Services, LLC's ("Veolia") response regarding objections to confidential designations as follows:

## INTRODUCTION

Pursuant to the Court's Confidentiality Order [ECF No. 1255-3] ("Order"), Plaintiffs request this Court remove confidentiality designations from eight (8) documents which relate to Reginald Turner ("Turner"), a government affairs advocate and strategic advisor hired by Veolia to lobby on their behalf with city and state officials[1] (hereinafter the "Turner documents").[2]

---

[1] The documents show that, at Veolia's request, Turner sought to connect Veolia with government officials to gain their trust, and ultimately to procure government work—many of the same government officials Veolia now conveniently blames for the Flint Water Crisis.

[2] Veolia argues that Plaintiffs' Notice does not comply with the Court's Order. However, the Order explicitly allows a party to challenge documents by Bates number range where, as with the Turner documents, the challenged documents

For seven years, Veolia has published and sold evolving versions of "The Veolia Defense." With the Constitution as a purported shield, Veolia has littered the public with alternative "facts" allegedly showing that Veolia had no responsibility for the Flint Water Crisis—rather, "[t]he responsibility for th[e] crisis rests with the public officials who decided to switch the City's water supply to the Flint River at the expense of the health of Flint residents."[3]

Now Veolia, who has stated that they degraded their adversaries simply to keep their "stakeholders" and the press informed, is suddenly fearful of what may happen when documents evidencing the cracks in their tale's façade become public. Veolia refuses to remove the confidentiality designations on the eight documents at issue but fails to provide an explanation for why these documents contain the type of confidential information which would entitle them to protection under the Order or Rule 26 of the Federal Rules of Civil Procedure—because they do not.

## ARGUMENT

As the Order, and longstanding Sixth Circuit precedent, dictates, Veolia bears the burden of demonstrating that the Turner documents should be kept from the public. *See FDIC v. Cuttle*, No. 11-cv-13442, 2013 U.S. Dist. LEXIS 53367, at *11

---

contain "extensive designations of substantially the identical types of Protected Material." Order ¶ 15(b).

[3] Veolia, *Get the Facts* (last visited September 11, 2023, 5:35 PM), https://veoliaflintfacts.com/.

(E.D. Mich. Mar. 8, 2013) ("[T]he designating party carries the burden of establishing the confidential status of the material."); *White v. GC Servs. Ltd. P'ship*, No. 08-11532, 2009 U.S. Dist. LEXIS 4735, at *4 (E.D. Mich. Jan. 23, 2009) ("[I]f the Plaintiff files an objection to the Defendants' designation of confidential *discovery* material, the Defendants still have the ultimate burden of demonstrating 'good cause' under Rule 26(v)." (emphasis added)). As Veolia recognizes, a finding of confidentiality under the Court's Order is two-fold. First, Veolia must show that a document "contains private, non-public, confidential, competitively sensitive, or proprietary information that is not readily ascertainable through lawful means by the public." Second, they must show that "if disclosed publicly [a document] would likely cause oppression, competitive disadvantage, infringement of privacy rights established by statute or regulation, or infringement of confidentiality requirements established by statute or regulation with respect to government purchasing or other operations." Order ¶ 5.

In sum, where confidentiality designations have been specifically challenged, the party seeking protection "must articulate *specific facts* showing the steps taken to maintain the confidentiality of such information and the clearly defined and serious injury they would suffer if such information is disclosed." *Graff v. Haverhill N. Coke Co.*, No. 1:09-cv-670, 2014 U.S. Dist. LEXIS 13180, at *12 (S.D. Ohio Feb. 3, 2014) (emphasis added). Here, Veolia makes generalized representations of

3

confidentiality with regard to three groups of documents. But Veolia's vague assertions, without an explanation of the confidential information contained within each document or the harm disclosure of such allegedly confidential information would cause, fail to meet the requisite "good cause."

## I. The Turner documents contain no confidential or competitively sensitive information.

As an initial point, Veolia has failed to establish that the Turner documents contain confidential information. Veolia states generally that they "contain private, non-public information," but this falls far short of a showing of confidentiality.

***Documents relating to internal budgets, HR concerns, and salaries.*** First, Veolia asserts that five of the challenged documents contain "private, non-public information" because they relate to "internal budgets, HR concerns, and salaries." But four of the documents listed do not even fall within this category at all.[4] Veolia

---

[4] VWNAOS528466 is an email thread discussing the status of the labor situation for the Detroit Water and Sewerage Department. VWNAOS544490-VWNAOS544502 is an "Amended & Restated Agreement for Consulting Services" between Veolia and Clark Hill, PLC, Turner's firm. VWNAOS549102 is an email discussing "updated information" regarding the "engagement of [] Turner, Clark Hill PLC, as a business intermediary on behalf of Veolia." VWNAOS557264-VWNAOS557264.0005 is a spreadsheet outlining in high-level terms the consultants Veolia engaged for certain projects in 2016.

4

asserts the fifth, VWNAOS549103—a report Veolia procured through a private investigation concerning Turner's professional background and ties to government officials—relates to "HR concerns," but simply asserting that it contains information relating to "HR concerns" is insufficient to explain why it is confidential. *MSC.Software Corp. v. Altair Eng'g, Inc.*, No. 07-12807, 2012 U.S. Dist. LEXIS 69107, at *13 (E.D. Mich. May 17, 2012) (a party must "make a *particularized showing* that the information sought to be protected [in each of the challenged documents] is entitled to protection" by pointing to "specific facts, not mere conclusory allegations of confidentiality and/or business harm").

**Documents containing commercially-sensitive information.** Veolia next asserts that VWNAOS528081, an email thread discussing whether to engage the consulting services of Turner, contains strategic plans on commercially-sensitive information. However, merely because Veolia "may deem certain business information as sensitive does not, in itself, justify a withholding from the public record." *Graff*, 2014 U.S. Dist. Lexis 13180, at *6. Rather, the party seeking to keep information confidential "must *demonstrate* that a document is 'confidential … commercial information' entitled to protection under Rule 26(c)(1)(G)," *Charvat v. EchoStar Satellite, LLC*, 269 F.R.D. 654, 656 (S.D. Ohio 2010) (emphasis added), which Veolia has failed to do.

5

***Internal reporting documents.*** Lastly, Veolia states that VWNAOS559114-VWNAOS559114.0040 is an internal reporting document, "that includes commercially-sensitive contract details, including terms and payments." But again, Veolia is required to "make a *particularized showing* that the information sought to be protected [in each of the challenged documents] is entitled to protection." *MSC.Software Corp.,* 2012 U.S. Dist. LEXIS 69107, at *13 (emphasis in original). This can be done through affidavits detailing efforts to maintain confidentiality or substantive discussions of each document, and Veolia failed to offer either. *See, e.g., Charvat,* 269 F.R.D. at 656.[5]

## II. Disclosure of the subject documents will not harm Veolia.

Veolia has also failed to show a "clearly defined and very serious injury to its business" that would result if the Turner documents were disclosed to the public. *MSC.Software Corp.*, 2012 U.S. Dist. LEXIS 69107, at *13. Veolia states that its "competitors would benefit significantly from having access to these documents, which would reveal important business considerations that [Veolia] has cultivated over time and guarded closely," but it is well established that producing parties must provide specificity regarding the risk associated with de-designation, moving beyond generalized or speculative statements of competitive harm, *see Williams v.*

---

[5] To the extent Veolia states that it has agreed to downgrade several documents from "Highly Confidential" to "Confidential," it still bears the burden of demonstrating good cause to keep the documents from the public.

*Baptist Healthcare Sys., Inc.*, No. 3:16-cv-00236, 2018 U.S. Dist. LEXIS 26723, at *7 (W.D. Ky. Feb. 20, 2018). Veolia's vague assertion of harm is precisely the type of speculative claim of injury from disclosure which courts have routinely rejected. *Cipollone v. Liggett Group, Inc.,* 785 F.2d 1108, 1121 (3d Cir. 1983) ("Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test."). Indeed, it is hard to speculate how restricting the public's access to documents from 2016, over seven years ago, could cause Veolia <u>present</u> competitive harm.

### III. The public has a right to review documents which contradict Veolia's version of the "facts."

Finally, even presupposing the documents <u>do</u> contain competitively sensitive information as Veolia asserts, the mere presence of commercially sensitive information is "limited by the careful dictates of [Rule] 26 and is circumscribed by a long-established legal tradition which values public access to court proceedings." *Procter & Gamble Co. v. Bankers Trust Co.*, 78 F.3d 219, 227 (6th Cir. 1996). Despite Veolia's contention otherwise, this is true even at the pretrial discovery phase. *See AFT Michigan v. Project Veritas*, 2023 U.S. Dost. LEXIS 62421, at *7 (E.D. Mich. Apr. 10, 2023) ("Of course, the movant seeking a protective order [to seal discovery material] must present a particular and specific demonstration of harm, as distinguished from stereotyped and conclusory statements." (internal quotations omitted)).

The importance of the public's access to certain documents would seem even more crucial where a party has placed the contents of the documents at issue. Here, the Turner documents highlight that the version of the "facts" Veolia fed to the public, which now constitute the very crux of their defense to Plaintiffs' claims, are at a minimum ironic if not completely inapposite. The public, not to mention Veolia's own "stakeholders," surely have a very real interest in the documents offering an alternative story or color to their false narrative, and Veolia failed to explain why maintaining their blanket designations outweighs the public interest Veolia has been so attentive to (until now).

## CONCLUSION

Veolia has failed to articulate a single valid reason, let alone the requisite good cause, to maintain their confidentiality designations on the Turner documents. Plaintiffs respectfully request that the Court order Veolia to de-designate each of the designations placed on the subject documents, which were included in Plaintiffs' written challenge, dated August 22, 2023 [ECF No. 2571].

Dated: September 12, 2023                    Respectfully submitted,

**LEVY KONIGSBERG LLP**

/s/Corey M. Stern
Corey M. Stern
Melanie Daly
Kiersten Holms
605 Third Ave., 33rd Floor
New York, New York 10158

8

(212) 605-6200
cstern@levylaw.com
mdaly@levylaw.com
kholms@levylaw.com

***Attorneys for Plaintiffs***

## CERTIFICATE OF SERVICE

I hereby certify that on September 12, 2023, I electronically filed this document with the Clerk of the Court using the ECF System, which will send notification to the ECF counsel of record.

          **LEVY KONIGSBERG, LLP**

          /s/ COREY M. STERN
          Corey M. Stern
          603 Third Ave., 33rd Floor
          New York, New York 10158
          (212) 605-6200
          cstern@levylaw.com