UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| IN RE: FLINT WATER CASES.<br><br>This Document Relates To:<br><br>ALL CASES | Case No. 5:16-cv-10444-JEL-MKM (Consolidated)<br><br>Hon. Judith E. Levy |

**VEOLIA NORTH AMERICA, LLC, VEOLIA NORTH AMERICA, INC., AND VEOLIA WATER NORTH AMERICA OPERATING SERVICES, LLC'S RESPONSE TO PLAINTIFFS' FOURTH NOTICE OF OBJECTION TO DESIGNATIONS OF PROTECTED MATERIAL (ECF #2585)**

Defendants Veolia North America, LLC, Veolia North America, Inc., and Veolia Water North America Operating Services, LLC ("VNA") respond to Plaintiffs' fourth challenge to VNA's confidential designations (ECF No. 2585) as follows:

**PRELIMINARY STATEMENT**

Plaintiffs have now filed five motions in as many weeks challenging VNA's confidentiality designations, and they intend to file more. (ECF Nos. 2554, 2566, 2571, 2585, 2604). The challenges involve hundreds of documents, many of which – due to the broad reach of discovery – do not even relate to Flint. Yet not one of these challenges is for a legitimate, litigation-related reason. After all, Plaintiffs *already have these documents* (most of them, for years), and they have *always been*

-1-

*free to use them* in this case. Nevertheless, after seven years of litigation, a six-month jury trial, and countless filings on the docket, Plaintiffs have *never* asked to file or introduce into evidence even one of the challenged documents.

Plaintiffs bring these challenges for an improper purpose: Plaintiffs appear intent on posting VNA's documents to social media or selectively feeding them to media outlets. This is apparent from Plaintiffs' claim that de-designating the documents will allow Plaintiffs to "level the playing field" to combat VNA's purported "disinformation campaign." *E.g.*, ECF No. ECF No. 2554, PageID.84541. To start, there is no "disinformation campaign." After a year of intrusive discovery, the only evidence Plaintiffs have offered to support this oft-repeated accusation is a declaration stating that VNA's speech was more "subjective" than *Washington Post* articles. *See* ECF No. 2554-6, PageID.84571, Exhibit F, Expert Declaration of Lauren H. Cohen, Ph.D., at p. 17. Not false. Not misleading. Just more subjective. All this shows is that VNA had a point of view, as everyone would have expected. *See* ECF No. 2596, PageID.85509.

More importantly, Plaintiffs' apparent desire to publicize scores of non-public discovery materials finds no support in the law. To be sure, trials are public proceedings, and unsealed court filings are public documents. The First Amendment protects everyone's right to discuss them. That is what VNA has done, and it does not begrudge Plaintiffs that same opportunity. But the law does not presume that

parties may disseminate internal, non-public documents obtained as a result of the Court's discovery procedures when those documents are not even important enough to warrant a public filing for actual litigation-related purposes. Plaintiffs should not be granted license to do so here.

## BACKGROUND

The Confidentiality Order ("Order") entered in this case sets forth the procedures to be followed by the parties with regard to the disclosure of confidential materials during the course of discovery. *See* Order (ECF No. 1255-3). The Order allows a party to designate materials they produce as confidential when they have a good faith basis to believe that the information falls into one of the protected categories set forth in the Order. (Id. at 5). The Order also provides a mechanism by which a party may challenge the designation of materials as confidential by requiring the producing party to demonstrate "good cause" for continued protection.

The Order requires a party that disagrees with a confidentiality designation to notify the designating party in writing of its objection identifying the challenged material by "Bates number on an item-by-item basis" unless the challenged material "cannot be reasonably identified" in that manner. (Id. at ¶ 15(a)). If the parties cannot resolve their disagreement, the Order requires the party challenging the designation to file a notice with the Court within fourteen (14) days of service of the initial notice. (Id.). The designating party may then file a response within twelve (12) days

justifying the designation by demonstrating good cause for the challenged designations. (Id.).

## ARGUMENT

Plaintiffs' Fourth Notice of Objection ("Notice") challenges the confidentiality designations of 75 documents previously produced by VNA during discovery, of which one is not actually designated as Confidential.[1] *See* Notice (ECF No. 2585). VNA has carefully reviewed the challenged documents and has agreed to remove the confidentiality designations from 63 of the 74 documents. As explained further below, VNA contends that 11 remaining documents challenged by Plaintiffs continue to qualify for confidential protection pursuant to the terms of the Order.

When a confidential designation is challenged under a protective order, the burden is on the designating party to show "good cause" for the designation under the terms of the order. *See, e.g., MSC.Software Corp. v. Altair Eng'g Inc.,* 2012 U.S. Dist. LEXIS 69107, at *18 (E.D. Mich. May 17, 2012) (holding that the relevant inquiry is "whether the designating party [met] its burden to show good cause for a particular designation in the face of an objection"). In order to demonstrate such "good cause", the designating party must show that the information is confidential

---

[1] The document that is not designated as Confidential is VWNAAOS259315 (VEOLIA_0410135; #20). The document was de-designated as Confidential on March 10, 2020, for CampbelRe-Prod007.

-4-

under the terms of the protective order and that the harm that will result from disclosure outweighs the need of the party seeking disclosure. *Smart Commc'n Holding, Inc. v. Correct Sols., LLC*, 2022 WL 1081564, at *2 (M.D. Fla. Apr. 11, 2022); *NewMarket Corp. v. Innospec Inc.*, 2011 WL 2144695, at *4 (E.D. Va. May 25, 2011); *Sumner v. Biomet, Inc.*, 2010 WL 11519199, at *2 (M.D. Ga. July 22, 2010).

Ordinarily, the Court must balance a party's need for the challenged documents against the harm that may result from disclosure. However, because Plaintiffs already have access to the challenged documents and are able to use them in the prosecution of their case, the only issue for the Court's consideration is the harm that may result from making these documents public. Some of the factors that courts consider in determining whether good cause exists to protect confidential material include "(1) the extent to which the information is known outside of the business; (2) the extent to which it is known by employees and others involved in the business; (3) the extent of measures taken to guard the secrecy of the information; (4) the value of the information to the business to its competitors; (5) the amount of effort or money expended in developing the information; and (6) the ease or difficulty with which the information could be properly acquired or duplicated by others." *Vignes-Starr v. Lowe's Home Centers, LLC*, 544 F. Supp. 3d 774, 776 (W.D. Ky. 2021) (alterations omitted).

Plaintiffs' latest challenge relates to two categories of documents produced by VNA. The first category of documents (totaling three documents) pertains to identical copies of a detailed communications strategy document prepared by VNA's public relations firm, Rasky.[2] VNA has good cause for maintaining the confidentiality of these documents because they contain sensitive, non-public business information, which, if disclosed, could harm VNA. These documents contain recommended PR strategy addressing corporate communications issues related to the Flint water crisis, and they reflect legal strategy and a discussion of ongoing litigation. Publicly disclosing these discussions between VNA and its public relations consultants would harm VNA because they reflect detailed information about VNA's non-public communications strategies utilized in connection with a sensitive corporate issue. For example, they could be misused or used against VNA by competitors, thus causing competitive harm to VNA. Moreover, there is no reason for the public to access the information since the public has not previously had access to the information, and there is a strong business reason for keeping the information confidential, as it reflects corporate strategy concerning public-relations responses. *Carlisle v. Allianz Life Ins. Co. of N. Am.*, 540 F. Supp. 3d 567, 570-71 (2021) (holding insurer demonstrated good cause for

---

[2] VWNAOS553047-VWNAOS553047.004 (VEOLIA_0405573; #4); VWNAOS553105-VWNAOS553105.004 (VEOLIA_0406977; #7); VWNAOS553075-VWNAOS553075.004 (VEOLIA_0406059; #8).

maintaining confidentiality of corporate manual outlining insurer's former procedures used by insurer's employees after a customer opted to surrender a policy where insurer attempted to keep manual confidential and insurer did not challenge disclosure of document to opposing counsel, but only requested that it not be disseminated publicly).

Notably, VNA has voluntarily de-designated various other PR-related documents in connection with Plaintiffs' challenges (including the instant challenge). The three copies of this Rasky document, however, are of a more sensitive nature than those voluntarily de-designated documents because this Rasky document contains detailed information, including about the status of ongoing litigation, and reflects a "blueprint" or global strategy for communications related to an ongoing litigation. Therefore, the Court should find that VNA has met its burden for maintaining the confidentiality of these documents.

The second category of challenged documents (totaling eight documents) pertains to a particular customer's request to be briefed about Flint.[3] VNA has good

---

[3] VWNAOS543858-VWNAOS543859 (VEOLIA_0407080; #56); VWNAOS543866-VWNAOS543869 (VEOLIA_0407093; #58); VWNAOS543870-VWNAOS543873 (VEOLIA_0407097; #59); VWNAOS543874-VWNAOS543878 (VEOLIA_0407101; #60); VWNAOS543879-VWNAOS543882 (VEOLIA_0407106; #61); VWNAOS543883-VWNAOS543887 (VEOLIA_0407110; #62); VWNAOS543888-VWNAOS543893 (VEOLIA_0407115; #63); and VWNAOS543894-VWNAOS543899 (VEOLIA_0407121; #64).

cause for keeping these documents confidential because they relate to VNA's process in responding to customer concerns, which if disclosed could impact VNA's relationships with its customers. These documents contain private, non-public customer information which is maintained by VNA confidentially. It is important to VNA's business interests and relationships with its customers that such information remain confidential. Removing the confidentiality designations from these documents will result in the disclosure of confidential customer information, which could jeopardize or significantly impact VNA's relationships with its current and future customers, not to mention invade the privacy interests of those customers. Again, VNA is not seeking to protect such information from disclosure, but only from dissemination outside of this litigation. Balancing the harm that may result from such disclosure against Plaintiffs' need to de-designate the documents so they can share them publicly, the Court should find that the documents should remain confidential. *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1311 (11th Cir. 2001) (holding the public has no common-law right of access to discovery materials).

Plaintiffs' counsel has also demanded that VNA reproduce several redacted documents without the redactions.[4] *See* <u>Exhibit A</u>, Plaintiffs' Notice. VNA will

---

[4] The redacted documents are VWNAOS553035 (VEOLIA_0405391; #9) and VWNAOS553102 (VEOLIA_0406879; #74).

produce VWNAOS553102 (VEOLIA_0406879; #74) without redactions. However, there is no basis to remove the redaction from VWNAOS553035 (VEOLIA_0405391; #9), as Plaintiffs demand. That document properly (and minimally) redacts a confidential, internal Veolia communication with VNA in-house counsel that reflects discussion of legal strategy in anticipation of litigation. Notably, the communication does not copy any third-party public-relations consultants. Additionally, Plaintiffs challenge the confidentiality of certain documents that were recently produced following the Court's *in-camera* review, so they should remain confidential pending a possible appeal.[5] VNA's designation of the documents as Confidential allows Plaintiffs to use the documents in this case, but appropriately limits public access to such discovery in advance of any appeal by VNA. Accordingly, broad protection is warranted and the documents should be treated as Confidential in order to minimize their public distribution pending a possible appeal. *See Mohawk Indus. Inc. v. Carpenter*, 558 US 100, 109 (2009); *Holt-Orsted v. City of Dickson*, 641 F.3d 230, 240 (6th Cir. 2011); *see also* VNA's

---

[5] The documents are VMNAOS553019 (VEOLIA_0405243; #1); VMNAOS553035 (VEOLIA_0405391; #9); VMNAOS553047 (VEOLIA_0405573; #4); VMNAOS553075 (VEOLIA_0406059; #8); VMNAOS553102 (VEOLIA_0406879; #74); VMNAOS553105 (VEOLIA_0406977; #7); VMNAOS553206 (VEOLIA_0408385; #5) and VMNAOS553209 (VEOLIA_0408441; #6).

Response to Plaintiffs' Second Notice of Objection to Designations of Protected Material (ECF No. 2586), at 4-5, ECF No. 2586, PageID.85374-75.

Under the Order entered in this case, discovery materials may be labeled as "Confidential" if they contain private, non-public information not readily ascertainable by the public which could cause oppression or competitive disadvantage if publicly disclosed. The Court should find good cause for the continued confidentiality of these eleven (11) documents because they contain private, non-public information which, if disclosed, could harm VNA. Accordingly, the Court should find that these documents qualify as Confidential under the terms of the Court's Order.

## CONCLUSION

For these reasons, the Court should uphold VNA's Confidentiality designations as to the eleven (11) documents at issue in this challenge.

DATED: September 13, 2023

Respectfully submitted,

**CAMPBELL, CONROY & O'NEIL, P.C.**

*/s/ James M. Campbell*
James M. Campbell
Alaina M. Devine
20 City Square, Suite 300
Boston, MA 02129
(617) 241-3000
jmcampbell@campbell-trial-lawyers.com
adevine@campbell-trial-lawyers.com

**MAYER BROWN LLP**

*/s/ Michael A. Olsen*
Michael A. Olsen
71 South Wacker Drive
Chicago, IL 60606
(312) 7012-7120
molesen@mayerbrown.com

*Attorneys for Veolia North America, LLC, Veolia North America, Inc., and Veolia Water North America Operating Services, LLC.*

## CERTIFICATE OF SERVICE

I hereby certify that on September 13, 2023, I electronically filed the foregoing Motion with the Clerk of the Court using the ECF System, which will send notification to the ECF counsel of record.

                                                    Respectfully submitted,
                                                    */s/ James M. Campbell*
                                                    James M. Campbell