UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| *IN RE*: FLINT WATER CASES. | Case No. 5:16-cv-10444-JEL-MKM (Consolidated) |
| This Document Relates To: | Hon. Judith E. Levy |
| ALL CASES | |

_____

**VEOLIA NORTH AMERICA, LLC, VEOLIA NORTH AMERICA, INC., AND VEOLIA WATER NORTH AMERICA OPERATING SERVICES, LLC'S RESPONSE TO PLAINTIFFS' NOTICE OF OBJECTION TO <u>DESIGNATIONS OF PROTECTED MATERIAL (ECF #2604)</u>**

Defendants Veolia North America, LLC, Veolia North America, Inc., and Veolia Water North America Operating Services, LLC ("VNA") respond to Plaintiffs' Notice of Objection to Designations of Protected Material ("Notice") (ECF No. 2604), which addressed Plaintiffs' Fifth, Sixth and Seventh challenges to VNA's confidential designations, as follows:

**<u>PRELIMINARY STATEMENT</u>**

In this latest motion challenging VNA's confidentiality designations, Plaintiffs put at issue the confidentiality of hundreds of internal VNA documents, including many that VNA produced pursuant to this Court's privilege rulings

(notwithstanding VNA's good-faith belief that they are protected from disclosure on privilege or work product grounds) and others that do not even relate to Flint.

Plaintiffs' challenges are not for any legitimate litigation reasons. Plaintiffs already have all of the challenged documents, and they are free to use them in this case. Yet in seven years of litigation (including a six-month trial), Plaintiffs have never sought to file or admit into evidence any of these documents. Nor do they now. Instead, they argue that de-designating the documents will allow Plaintiffs to "level the playing field" and combat VNA's purported "disinformation campaign." *E.g.*, ECF No. ECF No. 2554, PageID.84541. Thus, it appears that Plaintiffs are challenging VNA's confidentiality designations so that they might post VNA's internal documents to social media sites or share them with reporters.

This is not a legitimate use of discovery materials. For one thing, there is no disinformation campaign. Every witness who testified about VNA's website and public statements affirmed that VNA shared *accurate information* about its role in Flint. *E.g.*, Deposition of Karole Colangelo, at pp. 65-67 (VNA website was a "place for individuals to go to get accurate information" and a "source of truth for information") and p. 112 (VNA followed a careful, consistent process to ensure that its communications were factual); Deposition of Michael McKeon, at p. 38 (VNA sought to share "the facts as we believed them to be accurate and true"). Plaintiffs have advanced no evidence to the contrary. The most they have done is to submit a

declaration from their expert stating that VNA's website was more "subjective" than *Washington Post* articles. *See* ECF No. 2554-6, PageID.84571, <u>Exhibit F</u>, Expert Declaration of Lauren H. Cohen, Ph.D., at p. 17.

For another thing, Plaintiffs' apparent desire to publicize scores of non-public discovery materials finds no support in the law. To be sure, trials are public proceedings, and unsealed court filings are public documents. The First Amendment protects everyone's right to discuss them. That is what VNA has done, and it does not begrudge Plaintiffs that same opportunity. But the First Amendment does not create any public right of access to discovery materials. *See Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 33 (1984) ("restraints on discovered, but not yet admitted, information are not a restriction on a traditionally public source of information"). And the law does not presume that parties may use discovery to gain access to internal, non-public, marginally relevant documents and then disseminate those documents to harass, embarrass or burden their opponents. *See id.* at 34-37 (district courts must have the authority to prevent the public distribution of pretrial discovery materials given the "liberality of pretrial discovery").

## ARGUMENT

Plaintiffs' current challenge involves 383 documents. *See* Notice, Exhibits A, B, and C (correspondence dated August 18, August 21, and August 25, 2023).[1] (Of these, five were either never designated as "Confidential" or were de-designated long ago.[2]) Accordingly, VNA must now show "good cause" for these designations. *See, e.g.*, *MSC.Software Corp. v. Altair Eng'g Inc.*, 2012 U.S. Dist. LEXIS 69107, at *18 (E.D. Mich. May 17, 2012) (holding that the relevant inquiry is "whether the designating party [met] its burden to show good cause for a particular designation in the face of an objection"). That means VNA must show that the information is confidential under the terms of the protective order (which it is) and that the harm that would result from disclosure outweighs Plaintiffs' need for de-designation (which it would). *Smart Commc'n Holding, Inc. v. Correct Sols., LLC*, 2022 WL 1081564, at *2 (M.D. Fla. Apr. 11, 2022); *NewMarket Corp. v. Innospec Inc.*, 2011

---

[1] The Confidentiality Order ("Order") entered in this case sets forth the procedures to be followed by the parties with regard to the disclosure of confidential materials during the course of discovery. See Order (ECF No. 1255-3). As those procedures have been described in VNA's Responses to previous challenges (*e.g.*, ECF No. 2611), we do not repeat them herein.

[2] Ex. A (August 18 letter) VWNAOS002343 (VEOLIA002145; #1; de-designated in June 2019); VWNAOS018579 (VEOLIA005724; #2; branding removed in PROD002); VWNAOS255515 (VEOLIA_1027048; #25; confidentiality branding was removed in Re-Prod006); Ex. B (August 21 letter) VWNAOS529095 (VEOLIA_0993039; #14; produced in full in PROD010 and never stamped as Confidential); VWNAOS531835 (VEOLIA_1007765; #13; produced in full in PROD010 and never stamped as Confidential).

WL 2144695, at *4 (E.D. Va. May 25, 2011); *Sumner v. Biomet, Inc.*, 2010 WL 11519199, at *2 (M.D. Ga. July 22, 2010).

Ordinarily, the Court must balance a party's need for the challenged documents against the harm that may result from disclosure. However, because Plaintiffs already have the challenged documents and are able to use them in the prosecution of their case, the only issue for the Court's consideration is the harm that may result from making these documents public. Some of the factors that courts consider in determining whether good cause exists to protect confidential material include "(1) the extent to which the information is known outside of the business; (2) the extent to which it is known by employees and others involved in the business; (3) the extent of measures taken to guard the secrecy of the information; (4) the value of the information to the business to its competitors; (5) the amount of effort or money expended in developing the information; and (6) the ease or difficulty with which the information could be properly acquired or duplicated by others." *Vignes-Starr v. Lowe's Home Centers, LLC*, 544 F. Supp. 3d 774, 776 (W.D. Ky. 2021) (alterations omitted).

## Plaintiffs' Fifth Confidentiality Challenge (August 18 Letter)

After reviewing the 28 documents that are the subject of Plaintiffs' Fifth challenge, VNA has agreed to de-designate seven of them (not including three that

were already de-designated in June 2019).[3] VNA submits that the other 18 documents should remain Confidential under the terms of the Order.

Twelve (12) of the challenged documents[4] relate to VNA's initial proposal and ultimate decision to take on the Flint project, including staffing for the project. Some of these documents reveal details into VNA's bidding strategy, including the amount VNA proposed charging for the Flint project and VNA's strategy towards staffing the project (#3, #9, #20, #22). Others involve a frank discussion of VNA's market share and the need to employ more workers to account for the Flint project (#4, #5, #6, #7, #8, #10, #11, #12). These documents contain non-public information relating to how VNA evaluated and pitched the Flint project, the disclosure of which would allow competitors to bid against VNA more effectively. *Inter-Med Inc. v. ASI*

---

[3] VWNAOS002343 (VEOLIA002145; #1); VWNAOS018579 (VEOLIA005724; #2); VWNAOS255515 (VEOLIA_1027048; #25).

[4] VWNAOS014953-VWNAOS014954 (VEOLIA_002098; #3); VWNAOS042178-VWNAOS042190 (VEOLIA_0222560; #4; should actually be 42181; VWNAOS0042190-VWNAOS042194 (VEOLIA_0222572; #5); VWNAOS042195-VWNAOS042200 (VEOLIA_0222577; #6); VWNAOS042201-VWNAOS042206 (VEOLIA_0222583; #7); VWNAOS042207-VWNAOS042212 (VEOLIA_0222589; #8); VWNAOS042250-VWNAOS042254 (VEOLIA_0222686; #9); VWNAOS042519-VWNAOS042524 (VEOLIA_0228414; #10); VWNAOS042525-VWNAOS042530 (VEOLIA_0228420; #11); VWNAOS042559-VWNAOS042564 (VEOLIA_0228454; #12); VWNAOS554030-VWNAOS554030.0003 (VEOLIA_0996977; #20); and VWNASO554040-VWNASO554040.0002 (VEOLIA_0997109; #22).

*Med. Inc.*, 2010 WL 2679992, at *2 (E.D. Wis. July 1, 2010) (holding there is good cause to protect information from disclosure to a competitor where the competitor could use that information to obtain a competitive advantage "in a narrow market"). As the *Vignes-Starr* court noted, courts should preserve confidentiality when the documents have valuable information to a business's competitors and the business has expended significant efforts and money to develop that information. 544 F. Supp. 3d at 776.

Four (4) other documents also should retain their "Confidential" designation because they contain confidential information. One document identifies potential clients, deals, and corporate strategies regarding negotiations with those prospective clients – information that VNA closely guards – that would be valuable to VNA's competitors.[5] *See Vignes*-Starr, 544 F. Supp. 3d at 776. Two documents[6] identify potential clients, as well as the status of other VNA projects, that, if disclosed, would give VNA's competitors the opportunity to try to displace it from continued work. And one other document[7] reveals VNA's internal policies and procedures for environmental incident reporting, which, if disclosed publicly, would allow VNA's competitors to copy safety information and practices it developed over many years.

---

[5] VWNAOS551521-VWNAOS551525 (VEOLIA_1041306; #19).
[6] VWNAOS554037-VWNAOS554037.0002 (VEOLIA_0997080; #21) and VWNAOS135456-VWNAOS135458 (VEOLIA_0320655; #27).
[7] VWNAOS225484-VWNAOS225502 (VEOLIA_0822429; #24).

*Carlisle v. Allianz Life Ins. Co. of N. Am.*, 540 F. Supp. 3d 567, 570-71 (E.D. Va. 2021) (holding insurer demonstrated good cause for maintaining confidentiality of corporate manual outlining insurer's former procedures); *see also Vignes*-Starr, 544 F. Supp. 3d at 776 (courts should consider the "difficulty with which the information could be properly acquired or duplicated by others"). Finally, Plaintiffs' challenges to two documents are improper because they do not comply with the Order's requirement that the challenging party identify challenged documents "by Bates number on an item-to-item basis." Order at ¶ 15(b).[8]

## **Plaintiffs' Sixth Confidentiality Challenge (August 21 Letter)**

After reviewing the 37 documents that are subject to Plaintiffs' August 21 correspondence, VNA has agreed to de-designate 9 of them (excluding two that were not stamped "Confidential" in the first place).[9] The remaining 26 documents should remain Confidential under the terms of the Order.

---

[8] The two purported documents are "VWNAOS520031-VWNAOS521985" (#16, ECF No. 2604, PageID.85608) and "VWNAOS554020-VWNAOS554020.2132" (#28, ECF No. 2604, PageID.85609). But each of these documents is around 2,000 pages and contains numerous documents and emails within the cited bates ranges. Plaintiffs do not specify which documents or emails are the subject of the challenges. Because Plaintiffs have not identified which documents or emails are actually at issue, VNA is unable to respond at this time. VNA reserves the right to do so if Plaintiffs identify the documents at issue.

[9] VWNAOS529095 (VEOLIA_0993039; #14) and VWNAOS531835 (VEOLIA_1007765; #13).

For example, Plaintiffs seek to de-designate invoices submitted to VNA by Clark Hill for services relating to the City of Detroit – even though those services are in no way relevant to Plaintiffs' professional negligence claims, which of course arise out of VNA's work in Flint.[10] The invoices detail the efforts Clark Hill undertook on VNA's behalf, including meetings with city and county officials regarding the Detroit project and reveal the amount VNA paid for these services. Plaintiffs similarly seek to make public internal updates to VNA's senior management that show due diligence expenditures, details regarding the proposed term sheet with the City of Detroit, and the steps VNA took to finalize the proposed agreement with Detroit;[11] information regarding VNA's spending on lobbying

---

[10] VWNAOS550027-VWNAOS550027.0002 (VEOLIA_0984724; #1); VWNAOS549957-VWNAOS549957.0001 (VEOLIA_0983903; #2); VWNAOS550137-VWNAOS550137.0001 (VEOLIA_0990924; #4); VWNAOS550108-VWNAOS550108.0001 (VEOLIA_0989954; #5); VWNAOS557380-VWNAOS557380.0001 (VEOLIA_1028499; #6); VWNAOS550092-VWNAOS550092.0001 (VEOLIA_0989369; #7); VWNAOS551527 (VEOLIA_1041318; #12); and VWNAOS522427 (VEOLIA_1026659; #24).

[11] VWNAOS550138-VWNAOS550138.0001 (VEOLIA_0953100; #3); VWNAOS528138-VWNAOS528138.0016 (VEOLIA_0953100; #8); VWNAOS528136-VWNAOS528136.0016 (VEOLIA_0953082; #9); VWNAOS264429-VWNAOS264440 (VEOLIA_0470413; #19); VWNAOS264463-VWNAOS264479 (VEOLIA_0470805: #20); VWNAOS264443-VWNAOS264459 (VEOLIA_0470429; #21); VWNAOS264613-VWNAOS264629 (VEOLIA_0470955; #22); and VWNAOS264631-VWNAOS264647 (VEOLIA_0470981; #23).

fees;[12] and information regarding VNA's consultants (including their names, the services provided, and the amount VNA paid each consultant).[13] These documents were appropriately designated as Confidential because they reveal VNA's decision-making process regarding sensitive issues related to its business management which, if publicly disclosed, could harm VNA's business by disclosing to its competitors how it conducts its business. Moreover, there is no need for public access to these documents, especially given their negligible relevance to the Flint litigation, and there is a strong interest in keeping these documents confidential for both competitive and consultant-relationship reasons. Therefore, the balance should weigh in favor of maintaining the confidentiality of the documents.

Other documents challenged by Plaintiffs relate to privileged communications between VNA's attorneys.[14] Plaintiffs have not challenged VNA's privilege assertions as to these documents, but they baselessly demanded that VNA "withdraw all such designations and [] reproduce each document without any redactions." Ex.

---

[12] VWNAOS551532 (VEOLIA_1042007; #10); VWNAOS551534 (VEOLIA_1042012; #11).

[13] VWNAOS180915-VWNAOS180926 (VEOLIA_0519954; #18); VWNAOS271749 (VEOLIA_0500463; #25); VWNAOS425308-VWNAOS425309 (VEOLIA_0756297; #29); and VWNAOS425312-VWNAOS425313 (VEOLIA_0756406; #32).

[14] VWNAOS521990 (VEOLIA_1004524; #26); VWNAOS522063-VWNAOS522066 (VEOLIA_1012875: #28); and VWNAOS522059-VWNAOS522062 (VEOLIA_1012632; #30).

B at PageID.85650. Additionally, Plaintiffs challenge the confidentiality of VWNAOS551868 (VEOLIA_1043760; #15), which was produced following the Court's *in-camera* review, so it should remain confidential pending any appeal of the Court's decision. The public has no need for access to this document. VNA's designation of the document as Confidential allows Plaintiffs to use it in this case, but appropriately limits public access in advance of any appeal by VNA. Accordingly, the document should be treated as Confidential pending any appeal. *See Mohawk Indus. Inc. v. Carpenter*, 558 US 100, 109 (2009); *Holt-Orsted v. City of Dickson*, 641 F.3d 230, 240 (6th Cir. 2011). *See also* VNA's Response to Plaintiffs' Fourth Notice of Objection to Designations of Protected Material, ECF No. 2611, PageID.85771.

### **Plaintiffs' Seventh Confidentiality Challenge (August 25 Letter)**

Plaintiffs' seventh challenge purports to relate to 318 documents, but many are duplicates,[15] leaving 243 unique challenges. All of those 243 documents (and their duplicates) should remain confidential.

VNA produced these documents (227 of which were produced in full and 16 with redactions) consistent with the Court's recent rulings regarding VNA's

---

[15] *See, e.g.*, 50-57, 59-64, 67-70, 80-83, 85-86, 88-91, 93-96, 98-103, 105-118, 120-145, 147-148, 151-152, 158-159, 162-169, 173-176, 179-182, 195-198, 216-217, 224-227, 230-231, 233-236, 239-242, 250-251, 253-254, 263-264, 274-275, 277-284, 288-289, 291-294, 296-297, 301-302, 305-308.

communications with PR firms. VNA initially withheld these documents based on
its good-faith belief that they were protected from disclosure by the attorney-client
privilege or work product doctrines. VNA respectfully submits that they should
remain confidential pending a possible appeal, as previously explained.[16] *See* VNA's
Response to Plaintiffs' Notice of Objection to Designations of Protected Material,
ECF No. 2577, PageID.85063-65; *see also Flagg ex rel. Bond v. City of Detroit*, 268
F.R.D. 279, 298 (E.D. Mich. 2010) (holding public does not acquire right to access
discovery material just because judge might review it in camera in course of
discovery proceedings).

---

[16] *E.g.*, VWNAOS536974-VWNAOS536974.0001 (VEOLIA_1020062; #65);
VWNAOS552956-VWNAOS552956.000.0001 (VEOLIA_0403774; #85-86);
VWNAOS555305-VWNAOS555305.0001 (VEOLIA_1018634; #193);
VWNAOS555464 (VEOLIA_1019347: #195-196); VWNAOS555596
(VEOLIA_1019983; #207); VWNAOS555597-VWNAOS555597.0001
(VEOLIA_1019984; #208); VWNAOS555598 (VEOLIA_1019986; #209);
VWNAOS555806-VWNAOS555806.0001 (VEOLIA_1021263; #232);
VWNAOS555873-VWNAOS555873.0001 (VEOLIA_1021453; #241-242);
VWNAOS556604 (VEOLIA_1023242: #250-251); VWNAOS556606-
VWNAOS556606.0001 (VEOLIA_1023245; #252); VWNAOS556763
(VEOLIA_1024759; #253-254); VWNAOS556764 (VEOLIA_1024760; #255);
VWNAOS556784 (VEOLIA_1024843; #258); VWNAOS556785-
VWNAOS556785.0001 (VEOLIA_1024844; #259); VWNAOS556786-
VWNAOS556786.0001 (VEOLIA_1024846; #260); VWNAOS557181-
VWNAOS557181.0001 (VEOLIA_1026961; #270); VWNAOS557186-
VWNAOS557186.0002 (VEOLIA_1026974; #271); VWNAOS558399
(VEOLIA_1040487; #313).

In addition, several of Plaintiffs' challenges go toward 9 duplicate copies of a communications strategy working document prepared by VNA's public relations firm, Rasky.[17] For the reasons set forth in VNA's Response to Plaintiffs' Fourth Notice of Objection, VNA has good cause for maintaining the confidentiality of this document because it contains recommended PR strategy addressing corporate communications issues related to the Flint water crisis. *See* ECF No. 2611, PageID.85767-68. Publicly disclosing these discussions between VNA and its public relations consultants could harm VNA because the document reflects detailed information about VNA's non-public communications strategies. There is a strong business reason for keeping the information confidential, as it reflects the corporate strategy recommendations VNA solicited concerning public-relations responses, including on the ongoing Flint litigation, and could provide competitors with valuable insight into the advice VNA solicits and receives. Therefore, the Court

---

[17] VWNAOS091152-VWNAOS091152.0005 (VEOLIA_0241097; #9) (Plaintiffs challenged another copy of this document in its Fourth Challenge); VWNAOS164985-VWNAOS164985.0005 (VEOLIA_0327875; #34); VWNAOS544106-VWNAOS544106.0005 (VEOLIA_0408357; #71); VWNAOS544108-VWNAOS544108.0005 (VEOLIA_0408364; #72); VWNAOS553247-VWNAOS553247.0005 (VEOLIA_0408835; #160); VWNAOS556940-VWNAOS556940.0005 (VEOLIA_1025808; #261); VWNAOS556942-VWNAOS556942.0005 (VEOLIA_1025815; #262); VWNAOS556989-VWNAOS556989.0006 (VEOLIA_1026121; #265); VWNAOS557041-VWNAOS557041.0005 (VEOLIA_1026435; #266).

should find that VNA has met its burden for maintaining the confidentiality of this document.

Other documents relate to internal communications involving VNA's in-house lawyers or work product so should remain designated as Confidential because they are subject to a good-faith claim of attorney-client privilege and/or work product protection. For example, several challenges relate to draft press releases regarding VNA's work in Flint and its recommendations to the City and the Flint litigation and proposed responses to media requests, which were vetted and/or edited by VNA's in-house lawyers. *See, e.g.*, VWNAOS536974- VWNAOS536974.0001 (VEOLIA_1020062;    #65);    VWNAOS555597-    VWNAOS555597.0001 (VEOLIA_1019984;   #208);   VWNAOS555596   (VEOLIA_1019983;   #207); VWNAOS555598    (VEOLIA_1019986;    #209);    and    VWNAOS555873- VWNAOS555873.0001 (VEOLIA_1021453; #241-242). Other challenges relate to Flint   timeline   edits   provided   by   VNA's   in-house   counsel,   *see, e.g.*, VWNAOS555464   (VEOLIA_1019347:   #195-196)  and   VWNAOS555806- VWNAOS555806.0001 (VEOLIA_1021263; #232), or a list of frequently asked questions   and   proposed   answers   regarding   Flint.   *See*   VWNAOS555305- VWNAOS555305.0001 (VEOLIA_1018634; #19). Additional challenges include VNA's legal team comments regarding a statement made by Rob Nicholas at a February 2015 public meeting, *see, e.g.*, VWNAOS556604 (VEOLIA_1023242:

250-251) and VWNAOS556763 (VEOLIA_1024759; #253-254). Other challenges relate to internal communications related to criminal charged brought by the Michigan Attorney General related to the Flint Water Crisis and the AG's criminal focus and discussions with VNA's lawyers related to a subpoena served on the company by the U.S. Department of Justice. *See, e.g.*, VWNAOS557181-VWNAOS557181.0001 (VEOLIA_1026961; #270) and VWNAOS557186-VWNAOS557186.0002 (VEOLIA_1026974; #271). Lastly, another challenge relates to proposed arguments for a motion to dismiss the Attorney General's complaint against VNA prepared by VNA's counsel. *See* VWNAOS558399 (VEOLIA_1040487; #313). These documents include internal VNA communications with VNA's in-house counsel that reflect discussion of legal strategy in the Flint litigation. Accordingly, they should remain confidential.

## <u>CONCLUSION</u>

For these reasons, the Court should uphold VNA's confidentiality designations as to the documents at issue in this challenge.

DATED: September 20, 2023

Respectfully submitted,

**CAMPBELL, CONROY & O'NEIL, P.C.**   **MAYER BROWN LLP**

*/s/ James M. Campbell*                     */s/ Michael A. Olsen*
James M. Campbell                           Michael A. Olsen
Alaina M. Devine                            71 South Wacker Drive
20 City Square, Suite 300                   Chicago, IL 60606
Boston, MA 02129                            (312) 7012-7120
(617) 241-3000                              molesen@mayerbrown.com
jmcampbell@campbell-trial-lawyers.com
adevine@campbell-trial-lawyers.com

*Attorneys for Veolia North America, LLC, Veolia North America, Inc., and*
*Veolia Water North America Operating Services, LLC.*

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on September 20, 2023, I electronically filed the foregoing Response with the Clerk of the Court using the ECF System, which will send notification to the ECF counsel of record.

Respectfully submitted,
*/s/ James M. Campbell*
James M. Campbell