UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| *IN RE*: FLINT WATER CASES.<br><br>This Document Relates To:<br><br>ALL CASES | Case No. 5:16-cv-10444-JEL-MKM (Consolidated)<br><br>Hon. Judith E. Levy |

_____

**VEOLIA NORTH AMERICA, LLC, VEOLIA NORTH AMERICA, INC. AND VEOLIA WATER NORTH AMERICA OPERATING SERVICES, LLC'S RESPONSE TO PLAINTIFFS' NOTICE OF OBJECTION TO DESIGNATIONS OF PROTECTED MATERIAL (ECF #2641)**

Defendants Veolia North America, LLC, Veolia North America, Inc. and Veolia Water North America Operating Services, LLC ("VNA") respond to Plaintiffs' Notice of Objection to Designations of Protected Material (ECF No. 2641) as follows:

**PRELIMINARY STATEMENT**

This is Plaintiffs' seventh motion challenging VNA's confidentiality designations. As VNA has previously explained, and Plaintiffs do not seriously dispute, the challenges have no legitimate, litigation-related purpose. Rather, Plaintiffs are challenging VNA's confidentiality designations so they might post VNA's internal documents publicly or share them with the media.

Plaintiffs admit as much. They claim that the "public" – *not a jury* – has a "clear interest in understanding the causes, scope, and perpetrators of the disaster." ECF No. 2637, PageID.86274. Similarly, they urge the Court to reject VNA's confidentiality designations so that the "public" – again, *not a jury* – can "make its assessment of culpability" without "the darkness that would be created by a protective order…." *Id.*

Plaintiffs' purported justification for publishing VNA's confidential documents (nearly all of which have nothing to do with Flint) is that, in their view, VNA provided the public with "misleading information." ECF No. 2637, PageID.86274. But even though Plaintiffs have been granted extraordinary latitude to pursue broad and expansive discovery of VNA's constitutionally-protected public relations strategy, they still cannot point to any evidence that suggests that VNA acted improperly or that it issued misleading statements or commentary.

Importantly, the law treats discovery materials, like the documents at issue here, differently than it treats adjudicatory materials. "Secrecy is fine at the discovery stage, before the material enters the judicial record." *Shane Grp., Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299, 305 (6th Cir. 2016) (quoting *Bater Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 545 (7th Cir. 2002)). Stiffer standards apply to adjudicatory materials, such as documents that are submitted as evidence at trial or in substantive pleadings. *See Shane Grp., Inc.,* 825 F.3d at 305-306.

No presumptive public right of access attaches to the sorts of non-public discovery documents at issue here. And Plaintiffs' cases are not to the contrary. For example, Plaintiffs' primary case – *H.D. Media Co., LLC v. U.S. DOJ* – addressed whether the media could access *government records* that were subject to public record laws, 927 F.3d 919, 926-27 (6th Cir. 2019).[1] Plaintiffs' desire to publicize VNA's non-public discovery materials thus finds no support in the law.

## ARGUMENT

Plaintiffs' Notice of Objection challenges the confidentiality designations of 40 documents previously produced by VNA. (ECF No. 2641).[2] Having carefully re-examined each document, VNA agrees to: (i) remove the confidentiality

---

[1] Plaintiffs also cite *H.D. Media* for the proposition that "market data over three years old" is not commercially sensitive. ECF No. 2622, PageID.85858. In fact, however, the district court in that case made diametrically opposed findings of fact over the sensitivity of the information in question—first concluding that it was not sensitive before then changing its mind—which led the Sixth Circuit to conclude that the district court abused its discretion. 927 F.3d at 932-33. Even older data is protectable if it is commercially sensitive. *See, e.g.*, *Specialty Auto Parts United States v. Holley Performance Prods.*, 2020 U.S. Dist. LEXIS 68885, at *19-*20 (W.D. Ky. Apr. 20, 2020) (finding six-year-old information to be commercially sensitive because it is "highly valuable to [company] and its competitors").

[2] The Confidentiality Order ("Order") entered by the Court on September 8, 2020 sets forth the procedures to be followed by the parties with regard to the disclosure of confidential materials during the course of discovery. See Order (ECF No. 1255-3). Because those procedures have been repeatedly described in VNA's responses to Plaintiffs' prior challenges, VNA does not repeat them here.

-3-

designations from eight of them;[3] and (ii) re-designate as "Confidential" nine documents that it originally designated as "Highly Confidential."[4]

VNA shows below that the 32 documents that remain subject to Plaintiffs' challenge – which typically have nothing to do with Flint or the purported "misinformation campaign" – qualify for confidential treatment under the Order.

I. **VNA Will Re-Designate Nine Documents Originally Marked as "Highly Confidential" as "Confidential"**

None of the nine re-designated documents relates to VNA's work in Flint. Of the nine documents, seven relate to draft comments to peer review reports for DWSD's water system;[5] one is a cover letter to a judge regarding mediation and VNA's peer review of DWSD's management, operations and maintenance

---

[3] VWNAOS528287- VWNAOS528287.0003 (VEOLIA_0954547; #6); VWNAOS527065-VWNAOS527065.0002 (VEOLIA_0473387; #15); VWNAOS527075- VWNAOS527075.0001 (VEOLIA_0473451; #16); VWNAOS528295- VWNAOS528295.0004 (VEOLIA_0954600; #18); VWNAOS527068- VWNAOS527068.0001 (VEOLIA_0473421; #24); VWNAOS528157-VWNAOS528157.0008 (VEOLIA_0953306; #27); VWNAOS527063- VWNAOS527063.0004 (VEOLIA_0473381; #36); VWNAOS527073- VWNAOS527073.0008 (VEOLIA_0473441; #37).

[4] VWNAOS312084-VWNAOS312084.0014 (VEOLIA_0960057; #1); VWNAOS249154-VWNAOS249154.0028 (VEOLIA_0958253; #3); VWNAOS249173-VWNAOS249173.0008 (VEOLIA_0960268; #8); VWNAOS312145-VWNAOS312145.0001 (VEOLIA_0960432; #14); VWNAOS249923-VWNAOS249923.0017 (VEOLIA_0974115; #21); VWNAOS249171-VWNAOS249171.0008 (VEOLIA_0959673; #28); VWNAOS528715-VWNAOS528715.0001 (VEOLIA_0991074; #31); VWNAOS249165-VWNAOS249165.0008 (VEOLIA_0958483; #32); VWNAOS249920-VWNAOS249920.0017 (VEOLIA_0973601; #34).

[5] VWNAOS312084-VWNAOS312084.0014 (VEOLIA_0960057; #1); VWNAOS249154-VWNAOS249154.0028 (VEOLIA_0958253; #3); VWNAOS249173-VWNAOS249173.0008 (VEOLIA_0960268; #8); VWNAOS249923-VWNAOS249923.0017 (VEOLIA_0974115; #21); VWNAOS249171-VWNAOS249171.0008 (VEOLIA_0959673; #28); VWNAOS249165-VWNAOS249165.0008 (VEOLIA_0958483; #32); VWNAOS249920-VWNAOS249920.0017 (VEOLIA_0973601; #34).

activities;[6] and one is a status report regarding various projects involving Veolia Energy.[7] All are confidential under the terms of the Order.

A. **The Seven Peer Review Reports are Confidential**

The seven peer review reports relate to, *inter alia*, information regarding DWSD's or the Great Lakes Water Authority's management, operations and maintenance activities, which VNA obtained as a result of conducting numerous interviews with DWSD executives and staff. The drafts were sent to DWSD to comment on and provide feedback to assist VNA in preparing the final report. VNA has good cause for designating these documents as confidential because VNA's findings were only meant to be shared with DWSD. If these documents are disclosed, they could impact VNA's relationship with its customers, causing VNA competitive disadvantage. *See Vignes-Starr v. Lowe's Home Centers, LLC*, 544 F. Supp. 3d 774, 776 (W.D. Ky. 2021) (taking into consideration "the extent to which the information is known outside of the business").[8]

B. **The Mediation Letter is Confidential**

---

[6] VWNAOS312145-VWNAOS312145.0001 (VEOLIA_0960432; #14).
[7] VWNAOS528715-VWNAOS528715.0001 (VEOLIA_0991074; #31).
[8] Two of the challenged peer-review reports (## 21 and 34, duplicates) are confidential for a second, independent reason: they include an analysis of the operations and maintenance savings that the Great Lakes Water Authority could implement to paydown a proposed lease charge. These documents contain private, non-public customer information, which VNA guards carefully. It is important to VNA's business interests and relationships with its customers that such information remain confidential. *See Vignes-Starr*, 544 F. Supp. 3d at 776 (taking into consideration "the extent of measures taken to guard the secrecy of the information").

The eighth document is a letter to a judge regarding mediation and VNA's peer review of DWSD's management, operations and maintenance activities.[9] The document notes that it transmits a confidential draft report that was provided for review and comment. Therefore, VNA has good cause for designating the document as confidential because it contains commercially-sensitive information about one of VNA's customers.

### C. Veolia Energy's Consulting Arranges are Confidential

The ninth document is a status report (#31) that relates to work one of Veolia Energy's consultants did for various projects involving Veolia Energy, none of which have anything to do with Flint. Removing the confidential designation from this document would result in the disclosure of confidential consultant information including the assistance the consultants are giving to VNA, which could impact VNA's relationships with its current and future consultants.

## II. Twenty Three Other Documents are Also "Confidential"

VNA stands by the "confidential" designations for 23 additional documents. Eight of these documents relate to a draft letter to DWSD regarding a proposed change in scope to a Services Agreement the parties entered into in August 2014 and an analysis and summary of the potential DWSD deal, including VNA's due diligence findings and recommendations related to the potential restructuring of

---

[9] VWNAOS312145-VWNAOS312145.0001 (VEOLIA_0960432; #14).

DWSD.[10] VNA has good cause for designating these documents as confidential because they relate to client negotiations that VNA's competitors could find useful. *See Vignes-Starr*, 544 F. Supp. 3d at 776 (taking into consideration "the extent to which the information is known outside of the business" and "the value of the information to the business to its competitors").

Three documents relate to a talking points memo for DWSD[11] and duplicate draft amendments of the proposed DWSD deal.[12] The memo is an internal communication among VNA employees regarding confidential key messages. The draft amendments contain competitively sensitive information that, if disclosed, would likely cause VNA competitive disadvantage because competitors would gain insight into how VNA prepares for meetings with clients. *See Vignes-Starr*, 544 F. Supp. 3d at 776 (taking into consideration "the extent to which the information is known outside of the business" and "the value of the information to the business to its competitors").

---

[10] VWNAOS253997-VWNAOS253997.0006 (VEOLIA_0991168; #5); VWNAOS311342-VWNAOS311342.0001 (VEOLIA_0957563; #10); VWNAOS527056-VWNAOS527056.0001 (VEOLIA_0468964; #12); VWNAOS527055-VWNAOS527055.0001 (VEOLIA_0468962; #13); VWNAOS527058-VWNAOS527058.0001 (VEOLIA_0469533; #23); VWNAOS528620-VWNAOS528620.0003 (VEOLIA_0957647; #30); VWNAOS527047-VWNAOS527047.0003 (VEOLIA_0457255; #33); VWNAOS528685-VWNAOS528685.0001 (VEOLIA_0958652; #35).
[11] VWNAOS528217-VWNAOS528217.0002 (VEOLIA_0953673; #9).
[12] VWNAOS311341-VWNAOS311341.0002 (VEOLIA_0957560; #20); VWNAOS528584-VWNAOS528584.0002 (VEOLIA_0957545; #25).

Three documents generally involve communications between VNA and its PR firms. Specifically, one document relates to internal VNA communications regarding VNA's work in Pittsburgh (which includes VNA's in-house counsel),[13] one relates to Michigan Attorney General Bill Schuette's case against VNA,[14] and one contains communications between VNA and its public relations firms regarding a public response to a complaint filed in Flint.[15] These documents were appropriately designated as confidential because they contain recommended PR strategy addressing corporate communications issues related to the Flint water crisis and other sensitive corporate issues. Publicly disclosing these documents could harm VNA because they could be misused or used against VNA by its competitors, causing competitive harm to VNA.

Another document is an internal communications plan.[16] The document includes notes that are employee-specific and information regarding sensitive corporate issues, including proposed budget reductions and strategic plans. VNA has good cause for maintaining the confidentiality of this document because it contains detailed information regarding corporate communications strategy which, if disclosed, could harm VNA. *See Vignes-Starr*, 544 F. Supp. 3d at 776 (taking into

---

[13] VWNAOS526956-VWNAOS526956.0002 (VEOLIA_0418361; #4).
[14] VWNAOS172752-VWNAOS172752.0002 (VEOLIA_0403321; #29).
[15] VWNAOS552949- VWNAOS552949.0001 (VEOLIA_0403745 #38).
[16] VWNAOS172117-VWNAOS172117.0007 (VEOLIA_0398459; #2).

consideration "the extent to which the information is known outside of the business" and "the amount of effort or money expended in developing the information").

Plaintiffs also challenge the "confidential" designation for a retention agreement with Clark Hill for government-relations services pertaining to the City of Detroit (not Flint).[17] The document includes the proposed retainer amount and other confidential information, including how fees will be calculated. VNA has good cause for maintaining the confidentiality of the contract because it shows how much VNA pays its consultants. Moreover, as with many of Plaintiffs' challenges, it has nothing to do with VNA's work in Flint.

Two documents are draft agreements and appendices with revisions.[18] One is a contract between Veolia Energy Kansas City and one of its suppliers related to the purchase of high purity water equipment for Veolia Energy's plant in Cambridge, MA. The agreement (which obviously is unrelated to Flint) and contains commercially-sensitive contract details, so it should remain confidential. The other is an appendix to that Kansas City agreement that contains tracked changes. It thus reflects VNA's internal deliberations on a draft and should remain confidential. *See Vignes-Starr*, 544 F. Supp. 3d at 776 (taking into consideration "the extent to which

---

[17] VWNAOS528078-VWNAOS528078.0006 (VEOLIA_0952631; #11).
[18] VWNAOS528285- VWNAOS528285.0002 (VEOLIA_0954530; #22); VWNAOS234465-VWNAOS234465.0048 (VEOLIA_0885267; #40).

the information is known outside of the business" and "the amount of effort or money expended in developing the information").

Four documents relate to a risk memo regarding DWSD's request for proposals to manage its water and wastewater distribution system.[19] The documents include historical and projected revenue and thus contain competitively-sensitive financial information. They also include analyses of competitor bids and potential upsell opportunities which could cause a competitive disadvantage to VNA if disclosed. These documents contain non-public information relating to how VNA evaluated DWSD's request for proposal, the disclosure of which would allow competitors to bid against VNA more effectively. Therefore, VNA has demonstrated good cause for keeping these documents confidential. *See Vignes-Starr*, 544 F. Supp. 3d at 776 (taking into consideration "the extent to which the information is known outside of the business" and "the value of the information to the business to its competitors").

Finally, one document challenged by Plaintiffs includes redacted, privileged communications between VNA's attorneys.[20] Plaintiffs have not challenged VNA's privilege assertions as to this document, but they have baselessly demanded that

---

[19] VWNAOS190643-VWNAOS190643.0004 (VEOLIA_0580933; #7); VWNAOS190682-VWNAOS190682.0005 (VEOLIA_0581290; #17); VWNAOS190581-VWNAOS190581.0006 (VEOLIA_0579574; #19); VWNAOS544979-VWNAOS544979.0001 (VEOLIA_0478490; #39).
[20] VWNAOS172775- VWNAOS172775.0001 (VEOLIA_0403353; #26).

VNA "withdraw all such designations and [] reproduce each document without any redactions." Ex. A at PageID. 86312.

Plaintiffs have made no showing (nor could they) that the "confidentiality" designations on any of these documents have impacted their ability to use them in this case. Moreover, there is no reason for the public to access the information and there is a strong business reason for keeping the information confidential. *AFT Michigan v. Project Veritas*, 2023 WL 2890152, at *3 (E.D. Mich. Apr. 10, 2023). VNA's designation of these documents as confidential allows Plaintiffs to use the documents in this case, subject to the Federal Rules of Evidence, but appropriately limits public access to such discovery. Therefore, the Court should uphold VNA's confidentiality designations.

## **CONCLUSION**

For these reasons, the Court should find good cause for the continued confidentiality of these 32 documents because they contain private, non-public information which, if disclosed, could harm VNA.

DATED: October 11, 2023

                        Respectfully submitted,

| **CAMPBELL, CONROY & O'NEIL, P.C.** | **MAYER BROWN LLP** |
|---|---|
| */s/ James M. Campbell* | */s/ Michael A. Olsen* |
| James M. Campbell | Michael A. Olsen |
| Alaina M. Devine | 71 South Wacker Drive |
| 20 City Square, Suite 300 | Chicago, IL 60606 |
| Boston, MA 02129 | (312) 7012-7120 |
| (617) 241-3000 | molesen@mayerbrown.com |
| jmcampbell@campbell-trial-lawyers.com | |
| adevine@campbell-trial-lawyers.com | |

*Attorneys for Veolia North America, LLC, Veolia North America, Inc., and Veolia Water North America Operating Services, LLC.*

## CERTIFICATE OF SERVICE

    I, James M. Campbell, do hereby certify that on October 11, 2023, I electronically filed the foregoing Motion with the Clerk of the Court using the ECF System, which will send notification to the ECF counsel of record.

                        Respectfully submitted,

                        */s/ James M. Campbell*
                        James M. Campbell