UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| *IN RE*: FLINT WATER CASES. | Case No. 5:16-cv-10444-JEL-MKM (Consolidated) |
| This Document Relates To: | Hon. Judith E. Levy |
| ALL CASES | |

**VEOLIA NORTH AMERICA, LLC, VEOLIA NORTH AMERICA, INC. AND VEOLIA WATER NORTH AMERICA OPERATING SERVICES, LLC'S RESPONSE TO PLAINTIFFS' NOTICE OF OBJECTION TO <u>DESIGNATIONS OF PROTECTED MATERIAL (ECF #2644)</u>**

Defendants Veolia North America, LLC, Veolia North America, Inc. and Veolia Water North America Operating Services, LLC (VNA) respond to Plaintiffs' Notice of Objection to Designations of Protected Material (Notice) (ECF No. 2644) as follows:

<u>**PRELIMINARY STATEMENT**</u>

This is Plaintiffs' eighth challenge to VNA's confidentiality designations. (ECF Nos. 2554, 2566, 2571, 2585, 2604, 2636, 2641 and 2644).  By now, several points are clear:

- *No Presumptive Public Right of Access:*  The challenged documents were all exchanged during discovery.  None of them is an adjudicatory record.

No public right of access attaches to private discovery materials. *See Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 33 (1984).[1]

- *The Challenged Documents Are Nearly All Irrelevant:*  At this point, nearly every challenged document is irrelevant to VNA's work in Flint. (For example, virtually all of the documents at issue in this particular challenge relate to VNA's relationship with the Detroit Water and Sewage Department (DWSD), including a peer review that VNA conducted for DWSD.  As the Court has already recognized, VNA's work with DWSD cannot be a basis for liability in Flint. *See* ECF No. 606, PageID.42678). Plaintiffs obtained these documents only because of (i) the liberal federal discovery rules and (ii) the Court's order compelling VNA to produce all documents, whether relevant or not, that hit on certain search terms,

---

[1]   Many of the cases Plaintiffs have cited in their various Reply Memoranda are inapposite because they relate to adjudicatory records, *not* documents exchanged during discovery that will never become adjudicatory records.  *See, e.g.*, ECF No. 2657, PageID.86649 (citing *Charvat v. EchoStar Satellite, LLC*, 269 F.R.D. 654, 656 (S.D. Ohio 2010), a case where the court was asked to unseal exhibits submitted in support of motions); *id.* at PageID.86650 (citing *Ewalt v. Gatehouse Media Ohio Holding II, Inc.*, 2022 U.S. Dist. LEXIS 66208, at *9 (S.D. Ohio Apr. 11, 2022), a case involving a defendant's request to redact documents filed on the docket); *id.* at PageID.86653 (citing *H.D. Media Co., LLC v. U.S. DOJ*, 927 F.3d 919, 939 (6th Cir. 2019), a case involving redactions to pleadings, briefs, and other documents "filed with the court").  Indeed, as the cases Plaintiffs rely on make clear, "[c]ourts distinguish between limiting public disclosure of information during discovery versus the adjudicative stage of a case," and "'[t]he line between these two stages, discovery and adjudicative, is crossed when the parties place material in the court record.'"  *Ewalt*, 2022 U.S. Dist. LEXIS 66208, at *2 (quoting *Shane Grp., Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299, 305 (6th Cir. 2016)).

including various permutations of "DWSD" and "peer review."  ECF No.

980, PageID.25602-06.

- *The Challenges Serve No Legitimate Purpose:*  Plaintiffs have no
litigation-related need to de-designate these documents (they already have
the documents, and they have never suggested that the designations limit
their ability to litigate this case as they see fit).  Rather, as Plaintiffs have
repeatedly admitted, they seek to de-designate the documents so that they
might use them for purposes *other than* this litigation.  *See, e.g.,* ECF No.
2637, PageID.86274 (affirming that "the public" is Plaintiffs' desired
audience for any de-designated documents).  But the "*sole purpose*" of
discovery is to assist "in the preparation and trial, or the settlement, of
litigated disputes."  *Seattle Times Co.*, 467 U.S. at 34 (emphasis added).

- *The Challenges are Burdensome:*  Plaintiffs' confidentiality challenges
have imposed, and are continuing to impose, substantial burdens.  This is
obviously true as to VNA, which (i) carefully and in good faith re-
examined the 726 documents that are currently the subject to Plaintiffs'
filed challenges; (ii) de-designated 182 documents for which it no longer
seeks confidential treatment; and (iii) is currently re-examining at least 200
additional documents that are pending challenges.  But it also is true as to
the Court, which must rule on a document-by-document basis whether

-3-

individual designations are proper—even though, again, the challenges have no legitimate litigation-related purpose.

VNA respectfully submits that the Court must take these factors into account when balancing the public and private interests here. *See Seattle Times Co.*, 467 U.S. at 35 (district courts have equitable powers over their own processes to prevent abuses, oppression, and injustices). Further, the Court should consider whether these challenges are consistent with Rule 1 of the Federal Rules of Civil Procedure (directing "the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding"). VNA submits that, for the reasons set forth below, the documents described herein are "Confidential" under the Court's September 8, 2020, Confidentiality Order ("Order").[2]

## ARGUMENT

Plaintiffs' Notice challenges the confidentiality designations of 40 documents. (ECF No. 2644). After carefully reviewing each of them, VNA has agreed to de-designate 11,[3] and to re-designate 11 "Highly Confidential" documents as

---

[2]   The Order sets forth the procedures to be followed by the parties with regard to the disclosure of confidential materials during the course of discovery. *See* Order (ECF No. 1255-3). Because VNA has described those procedures in prior responses, it does not do so here.

[3]   VNA de-designates:  VWNAOS545023-VWNAOS545023.0016 (VEOLIA_0480962: #7); VWNAOS545003-VWNAOS545003.0004   (VEOLIA_0480683;   #10)   VWNAOS528376-VWNAOS528376.0013 (VEOLIA_0955252; #13); VWNAOS545013-VWNAOS545013.0001 (VEOLIA_0480750; #14); VWNAOS553136-VWNAOS553136.0001 (VEOLIA_0407366; #21); VWNAOS545053-VWNAOS545053.0002   (VEOLIA_0484852;   #24);   VWNAOS544683-VWNAOS544683.0001 (VEOLIA_0411634; #25); VWNAOS528316-VWNAOS528316.0004 (VEOLIA_0954875; #26); VWNAOS511545-VWNAOS511545.0001 (VEOLIA_0960438; #31);

"Confidential."  Each of the 29 documents that remains at issue qualifies for confidential treatment under the Order.[4]

## I.     VNA Will Re-Designate Eleven Documents Originally Marked as "Highly Confidential" as "Confidential"

Eleven (11) challenged documents were originally designated as "Highly Confidential," but VNA is agreeable to re-designating them as "Confidential."  Of these, seven (7) are drafts of a peer review report to DWSD,[5] two (2) relate to internal communications about a DWSD Professional Services Contract,[6] and two (2) are status reports regarding projects unrelated to Flint.[7]

---

VWNAOS528292-VWNAOS528292.0001   (VEOLIA_0954564;   #33);   VWNAOS528282-VWNAOS528282.0016 (VEOLIA_0954498; #39).

[4]    As a preliminary matter, Plaintiffs' recent Reply Memorandum cited *Charvat* for the proposition that "[g]ood cause must be shown by affidavits detailing efforts to maintain confidentiality."  ECF No. 2657, PageID.86649 (citing *Charvat v. EchoStar Satellite, LLC*, 269 F.R.D. 654, 656 (S.D. Ohio 2010)).  *Charvat* does not stand for that proposition.  To start, it is a public access case; it addressed what a party must show "to overturn the presumption that court proceedings should be open to the public."  *Id.* at 656.  Further, it did not hold, even in that context, that affidavits are required.  Rather, the court merely noted that the party seeking to seal the documents in that case had neither filed an affidavit nor discussed the documents substantively. *See id.*

[5]    VWNAOS511767-VWNAOS511767.0028   (VEOLIA_0961770;   #4);   VWNAOS512375-VWNAOS512375.0002   (VEOLIA_0964028;   #5);   VWNAOS511462-VWNAOS511462.0019 (VEOLIA_0959586; #6); VWNAOS528677-VWNAOS528677.0017 (VEOLIA_0958357: #8); VWNAOS312142-VWNAOS312142.0029   (VEOLIA_0960321;   #22);   VWNAOS312048-VWNAOS312048.0038 (VEOLIA_0959790; #34); VWNAOS511623-VWNAOS511623.0013 - VEOLIA_0961006; #36).

[6]    VWNAOS537549-VWNAOS537549.0002 - VEOLIA_1024597; #15); VWNAOS546112-VWNAOS546112.0001 (VEOLIA_0592892; #37).

[7]    VWNAOS550153-VWNAOS550153.0001 (VEOLIA_0990958; #11); VWNAOS528711-VWNAOS528711.0001 (VEOLIA_0991065; #12).

## A.     The Peer Review Report Drafts Are Confidential

Seven (7) documents are drafts of peer review report containing, among other things, VNA's analysis of DWSD's budgets, monthly operation reports, state laboratory audits, customer service, and maintenance activities.  The documents also include VNA's recommendations for areas where DWSD could improve its operations and/or generate cost savings.  VNA's analysis was grounded on numerous interviews with DWSD staff, including its Chief Financial Officer and other senior executives.  The documents at issue were shared with DWSD for its comments and feedback and to assist VNA's efforts to prepare a final report.

The drafts were prepared at the direction of counsel and reflect VNA's deliberative process.  Moreover, the documents discuss DWSD's operations, which are themselves confidential.  If disclosed, VNA's competitors would be able to use this information to determine how VNA analyzes such proposals, which could cause VNA competitive disadvantage.  VNA accordingly has good cause for designating these documents as confidential.

## B.     Internal Communications Regarding the Professional Services Contract with DWSD are Confidential

Two (2) documents relate to a Professional Services Contract between DWSD and VNA that has nothing to do with VNA's work in Flint.  These internal communications identify over fifteen (15) specific deliverables under the contract and highlight provisions that VNA officials were discussing internally, such as

DWSD's governance structure and the conduct of Steering Committee meetings. They also include strategy recommendations, including cost-savings opportunities. Publicly disclosing VNA's strategy, internal deliberations, and work product (or potential work product) for DWSD would harm VNA by giving competitors insight into its engineering recommendations and approach to client negotiations. Thus, VNA has good cause to maintain the confidentiality designation for these documents.

### C.    The Status Reports Are Confidential

Two (2) status reports relate to VNA's work with customers and potential customers around the country regarding opportunities for VNA to expand its scope of existing and prospective work.  The documents identify the customers' key stakeholders as it relates to awarding and expanding work.  Competitors could use this information to identify the customers and stakeholders with whom VNA interacts and leverage that information to gain a competitive edge with those customers.  VNA thus has good cause for keeping these documents confidential.

## II.    The Remaining Eighteen Documents Are Confidential

VNA has good cause to maintain the confidentiality designations on the remaining eighteen documents.  Five (5) documents are related to internal VNA communications concerning DWSD's request for proposal (RFP), a purchasing agency agreement for DWSD, and a proposed O&M and Capital Improvement

Assistance Services Agreement with the DWSD.[8]  These documents are unrelated to VNA's work in Flint and contain commercially and competitively sensitive information about VNA's business and one of VNA's customers.  The internal communications include VNA's analysis and strategy for responding to the RFP, including comments regarding the scope of work, the potential risks, insurance requirements, taxes, and VNA's fees.  The documents also reflect VNA's comments regarding a proposed O&M and Capital Improvement Assistance Services Agreement.  If disclosed, this information could cause a competitive disadvantage to VNA.  VNA thus has good cause for designating these documents as confidential.[9]

Six (6) documents relate to the Services Agreement between with the DWSD itself and related amendments, VNA's proposed Operating and Maintenance Agreement, and drafts of a Term Sheet.[10]  The Services Agreement and Term Sheet

---

[8]  VWNAOS553559-VWNAOS553559.0001 (VEOLIA_0547378; #2); VWNAOS528761-VWNAOS528761.0006 (VEOLIA_0991161; #9); VWNAOS528366-VWNAOS528366.0003 (VEOLIA_0955198; #17); VWNAOS550014-VWNAOS550014.0002 (VEOLIA_0984588; #18); WNAOS528759-VWNAOS528759.0005 (VEOLIA_0991149; #40).

[9]  Plaintiffs have also asserted that VNA's confidentiality claims are barred because the information is stale.  *See, e.g.,* ECF # ECF No. 2657, PageID.86655.  But even older data is protectible if it contains information that is closely guarded and valuable to a party's competitors.  *Specialty Auto Parts United States v. Holley Performance Prods.*, 2020 U.S. Dist. LEXIS 68885, at *19-*20 (W.D. Ky. Apr. 20, 2020) (finding six-year-old information to be commercially sensitive because it is "highly valuable to [company] and its competitors").  There is thus no merit to Plaintiffs' claim that documents are not confidential simply because they are older.

[10]  VWNAOS528274-VWNAOS528274.0047 (VEOLIA_0954352; #19); VWNAOS528607-VWNAOS528607.0001 (VEOLIA_0957631; #23); VWNAOS528240-VWNAOS528240.0011 (VEOLIA_0954244; #27); VWNAOS528224-VWNAOS528224.0004 (VEOLIA_0953892; #28); VWNAOS511229-VWNAOS511229.0010 (VEOLIA_0956802; #30); VWNAOS510937-VWNAOS510937.0010 (VEOLIA_0952926; #38).

include compensation figures and expressly provide that all terms and conditions are confidential, so VNA is required to (and thus has good cause for) keeping these documents confidential. The draft proposal regarding change in scope of the Services Agreement includes VNA's fee to complete the work described in the proposal representing the cost for its personnel, which VNA's competitors could use to undercut VNA's bidding for work. The proposal also includes VNA's proposed two-phased approach to the change in scope to the Services Agreement and estimated hours for the changed scope of work, which is proprietary and competitively sensitive. VNA's competitors would benefit greatly from having access to these documents, which reveal how VNA's pricing works.

One (1) document is a risk memo regarding DWSD's RFP to manage its water and wastewater distribution system.[11] The memo specifies historic and projected revenue, the deal structure, and VNA's analysis of the risks, including risks associated with capital expenditures and operating costs. All of this is competitively sensitive financial information. The memo also includes analyses of competitor bids and potential additional opportunities that would cause a competitive disadvantage to VNA if disclosed. The memo contains non-public information relating to how VNA evaluated DWSD's request for proposal, which, if disclosed, would allow

---

[11] VWNAOS528204-VWNAOS528204.0009 (VEOLIA_0953545; #35).

competitors to bid against VNA more effectively.  VNA thus has demonstrated good cause for keeping this document confidential.

Three (3) documents are a draft Professional Services Agreement to provide consulting services for Flint.[12]  The draft contracts both contain tracked changes and thus reflect VNA's internal deliberations on a draft. Disclosing that information may undermine VNA's relationship with those customers.  The documents also contain commercially sensitive contract details that VNA's competitors could find useful, including the fees VNA charges and its deliberative process when negotiating with customers.  VNA thus has good cause for keeping these documents confidential.

One (1) document is a retention agreement with Clark Hill for services related to the City of Detroit (it does not relate to VNA's work in Flint).[13]  The document includes the proposed monthly retainer and other confidential information, including how fees will be charged.  VNA has good cause for maintaining the confidentiality of the contract because it shows how much VNA pays its consultants.

One (1) document relates to internal VNA communications regarding VNA's work in Pittsburgh (which includes VNA's in-house counsel).[14]  This document was appropriately designated as confidential because it contains recommended PR

---

[12]   VWNAOS531830-VWNAOS531830.0004  (VEOLIA_1007674;  #3);  VWNAOS531824-VWNAOS531824.0010 (VEOLIA_1007591; #16); VWNAOS531834-VWNAOS531834.0010 (VEOLIA_1007697; #20).
[13]   VWNAOS528072--VWNAOS528072.0006 (VEOLIA_0952606; #32).
[14]   VWNAOS526955-VWNAOS526955.0002 (VEOLIA_0418358; #29).

strategy addressing Pittsburg-related issues that have nothing to do with Flint. Publicly disclosing this document could harm VNA because it could be misused against VNA by its competitors to identify VNA's approach to client relations in the context of PR responses, causing competitive harm to VNA.

Finally, one (1) document involves VNA's internal communications revealing communications between VNA and its public relations firms regarding a public response to the Flint case.[15] This document was appropriately designated as confidential because it contains recommended PR strategy addressing corporate communications issues related to the Flint water crisis and other sensitive corporate issues.

## **CONCLUSION**

For these reasons, the Court should find good cause for the continued confidentiality of the 29 documents discussed herein because they contain private, non-public information that, if disclosed, could harm VNA.

DATED: October 23, 2023

---

[15]   VWNAOS552989-VWNAOS552989.0001 (VEOLIA_0404540; #1).

Respectfully submitted,

**CAMPBELL, CONROY & O'NEIL, P.C.**   **MAYER BROWN LLP**

*/s/ James M. Campbell*                          */s/ Michael A. Olsen*
James M. Campbell                               Michael A. Olsen
Alaina M. Devine                                71 South Wacker Drive
20 City Square, Suite 300                       Chicago, IL 60606
Boston, MA 02129                                (312) 7012-7120
(617) 241-3000                                  molesen@mayerbrown.com
jmcampbell@campbell-trial-lawyers.com
adevine@campbell-trial-lawyers.com

*Attorneys for Veolia North America, LLC, Veolia North America, Inc., and
Veolia Water North America Operating Services, LLC.*

## CERTIFICATE OF SERVICE

I hereby certify that on October 23, 2023, I electronically filed the foregoing Motion with the Clerk of the Court using the ECF System, which will send notification to the ECF counsel of record.

Respectfully submitted,

*/s/ James M. Campbell*
James M. Campbell