UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

*IN RE*: FLINT WATER CASES.

This Document Relates To:

ALL CASES

Case No. 5:16-cv-10444-JEL-MKM
(Consolidated)

Hon. Judith E. Levy

_____

**VEOLIA NORTH AMERICA, LLC, VEOLIA NORTH AMERICA, INC. AND VEOLIA WATER NORTH AMERICA OPERATING SERVICES, LLC'S RESPONSE TO PLAINTIFFS' NOTICE OF OBJECTION TO DESIGNATIONS OF PROTECTED MATERIAL (ECF #2653)**

Defendants Veolia North America, LLC, Veolia North America, Inc. and Veolia Water North America Operating Services, LLC (VNA) respond to Plaintiffs' Notice of Objection to Designations of Protected Material (ECF No. 2653) as follows:

**PRELIMINARY STATEMENT**

This is Plaintiffs' ninth challenge to VNA's confidentiality designations. (ECF Nos. 2554, 2566, 2571, 2585, 2604, 2636, 2641, 2644 and 2653).  As VNA noted just yesterday, several points are now clear:

- *No Presumptive Public Right of Access:*  The challenged documents were all exchanged during discovery.  None of them is an adjudicatory record.

-1-

Case 5:16-cv-10444-JEL-EAS   ECF No. 2665, PageID.86858   Filed 10/24/23   Page 2 of 13

No public right of access attaches to private discovery materials. *See Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 33 (1984).[1]

- *The Challenged Documents Are Nearly All Irrelevant:* Virtually all of the challenged documents are irrelevant to VNA's work in Flint.[2] Plaintiffs obtained them only because of the liberal federal discovery rules and the Court's order compelling VNA to produce all documents, whether relevant or not, that hit on certain search terms, including various permutations of "DWSD" and "peer review." ECF No. 980, PageID.25602-06.

- *The Challenges Serve No Legitimate Purpose:* Plaintiffs have no litigation-related need to de-designate these documents (they already have the documents, and they have never suggested that the designations limit their

---

[1]   Many of the cases Plaintiffs have cited in their various Reply Memoranda are inapposite because they relate to adjudicatory records, *not* documents exchanged during discovery that will never become adjudicatory records. *See, e.g.*, ECF No. 2657, PageID.86649 (citing *Charvat v. EchoStar Satellite, LLC*, 269 F.R.D. 654, 656 (S.D. Ohio 2010), a case where the court was asked to unseal exhibits submitted in support of motions); *id.* at PageID.86650 (citing *Ewalt v. Gatehouse Media Ohio Holding II, Inc.*, 2022 U.S. Dist. LEXIS 66208, at *9 (S.D. Ohio Apr. 11, 2022), a case involving a defendant's request to redact documents filed on the docket); *id.* at PageID.86653 (citing *H.D. Media Co., LLC v. U.S. DOJ*, 927 F.3d 919, 939 (6th Cir. 2019), a case involving redactions to pleadings, briefs, and other documents "filed with the court"). Indeed, as the cases Plaintiffs rely on make clear, "[c]ourts distinguish between limiting public disclosure of information during discovery versus the adjudicative stage of a case," and "'[t]he line between these two stages, discovery and adjudicative, is crossed when the parties place material in the court record.'" *Ewalt*, 2022 U.S. Dist. LEXIS 66208, at *2 (quoting *Shane Grp., Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299, 305 (6th Cir. 2016)).

[2] For example, virtually all of the documents at issue in this particular challenge – like the last challenge – relate to VNA's relationship with the Detroit Water and Sewage Department (DWSD), including a peer review that VNA conducted for DWSD. As the Court has already recognized, VNA's work with DWSD cannot be a basis for liability in Flint. *See* ECF No. 606, PageID.42678.

ability to litigate this case as they see fit). Plaintiffs seek to de-designate the documents so that they might use them for purposes *other than* this litigation. *See, e.g.,* ECF No. 2637, PageID.86274 (affirming that "the public" is Plaintiffs' desired audience for de-designated documents). But the "*sole purpose*" of discovery is to assist "in the preparation and trial, or the settlement, of litigated disputes." *Seattle Times Co.*, 467 U.S. at 34 (emphasis added).

- *The Challenges are Burdensome:* Plaintiffs' confidentiality challenges have imposed, and are continuing to impose, substantial burdens. This is true as to VNA, which carefully and in good faith re-examined the 776 documents that are currently the subject to Plaintiffs' filed challenges; de-designated 195 documents for which it no longer seeks confidential treatment; and is currently re-examining at least 150 additional documents that are pending challenges. But it also is true as to the Court, which must rule whether individual designations are proper—even though, again, the challenges have no legitimate litigation-related purpose.

VNA respectfully submits that the Court must take these factors into account when balancing the public and private interests here. *See Seattle Times Co.*, 467 U.S. at 35 (district courts have equitable powers over their own processes to prevent abuses, oppression, and injustices). Further, the Court should consider whether these

-3-

challenges are consistent with Rule 1 of the Federal Rules of Civil Procedure

(directing "the court and the parties to secure the just, speedy, and inexpensive

determination of every action and proceeding"). VNA submits that, for the reasons

set forth below, the documents described herein are "Confidential" under the Court's

September 8, 2020, Confidentiality Order ("Order").[3]

## ARGUMENT

Plaintiffs' Notice challenges the confidentiality designations of 50 documents.

(ECF No. 2653). After a careful review, VNA will de-designate 13 of them,[4] and

will re-designate 14 "Highly Confidential" documents as "Confidential." Of the

remaining 37 documents, 36 are "Confidential" and one is "Highly Confidential"

under the Order. [5]

---

[3]    The Order sets forth the procedures to be followed by the parties with regard to the disclosure
of confidential materials during the course of discovery. *See* Order (ECF No. 1255-3). Because
VNA has described those procedures in prior responses, it does not do so here.
[4] VWNAOS528296-VWNAOS528296.0004 (VEOLIA_0954605; #1); VWNAOS512765-
VWNAOS512765.0002 (VEOLIA_0969513; #3); VWNAOS359849-VWNAOS359849.0001
(VEOLIA_0554912; #4); VWNAOS528298-VWNAOS528298.0002 (VEOLIA_0954611; #16);
VWNAOS528283-VWNAOS528283.0012 (VEOLIA_0954515; #19); VWNAOS528421-
VWNAOS528421.0001 (VEOLIA_0955768; #20); VWNAOS528286-VWNAOS528286.0013
(VEOLIA_0954533; #21); VWNAOS528278-VWNAOS528278.0004 (VEOLIA_0954484;
#28); VWNAOS553104-VWNAOS553104.0001 (VEOLIA_0406975; #30); VWNAOS553138-
VWNAOS553138.0001 (VEOLIA_0407374; #34); VWNAOS553139-VWNAOS553139.0002
(VEOLIA_0407376; #35); VWNAOS528561-VWNAOS528561.0001 (VEOLIA_0957305;
#48); VWNAOS549912-VWNAOS549912.0001 (VEOLIA_0974849; #49).
[5]    As a preliminary matter, Plaintiffs' recent Reply Memorandum cited *Charvat* for the
proposition that "[g]ood cause must be shown by affidavits detailing efforts to maintain
confidentiality." ECF No. 2657, PageID.86649 (citing *Charvat v. EchoStar Satellite, LLC*, 269
F.R.D. 654, 656 (S.D. Ohio 2010)). *Charvat* does not stand for that proposition. To start, it is a
public access case; it addressed what a party must show "to overturn the presumption that court
proceedings should be open to the public." *Id.* at 656. Further, it did not hold, even in that context,

## I.   VNA Will Re-Designate Fourteen Documents Originally Marked as "Highly Confidential" as "Confidential"

Fourteen documents were designated as "Highly Confidential," but VNA is agreeable to re-designating them as "Confidential."  Of these, seven (7) relate to VNA's draft Peer Review Report for DWSD,[6] and seven (7) are monthly status reports regarding various (non-Flint) projects.[7]

### A.   The Peer Review Report Drafts Are Confidential

Seven (7) documents are drafts of the Peer Review Report VNA prepared for DWSD.  The drafts contain, among other things, VNA's analysis of DWSD's budgets, monthly operations, maintenance activities, procurement contracts, as well as VNA's recommendations for areas where DWSD could improve its operations and/or generate cost savings.  VNA's analysis was grounded on numerous interviews with DWSD staff, including its Chief Financial Officer and other senior executives.

---

that affidavits are required.  Rather, the court merely noted that the party seeking to seal the documents in that case had neither filed an affidavit nor discussed the documents substantively. *See id.*

[6] VWNAOS528709-VWNAOS528709.0017 (VEOLIA_0974263; #6); VWNAOS528683-VWNAOS528683.0021 (VEOLIA_0958532; #23); VWNAOS528708-VWNAOS528708.0023 (VEOLIA_0974239; #24); VWNAOS528673-VWNAOS528673.0017 (VEOLIA_0958231; #32); VWNAOS512841-VWNAOS512841.0026 (VEOLIA_0971339; #41); VWNAOS528669-VWNAOS528669.0029 (VEOLIA_0958082; #42); VWNAOS313157-VWNAOS313157.0026 (VEOLIA_0963706; #44).

[7]VWNAOS550149-VWNAOS550149.0001 (VEOLIA_0990949; #2); VWNAOS550139-VWNAOS550139.0001 (VEOLIA_0990928; #10); VWNAOS550146-VWNAOS550146.0001 (VEOLIA_0990944; #25); VWNAOS528717-VWNAOS528717.0001 (VEOLIA_0991077; #33); VWNAOS550109-VWNAOS550109.0003 (VEOLIA_0989956; #36); VWNAOS550116-VWNAOS550116.0001 (VEOLIA_0989975; #47); VWNAOS550152-VWNAOS550152.0001 (VEOLIA_0990956; #50).

The documents at issue were shared with DWSD for its comments and feedback and to assist VNA's efforts to prepare a final report.

The drafts of the Peer Review Report were prepared at the direction of counsel and reflect VNA's deliberative process. Moreover, the drafts discuss DWSD's operations, which are themselves confidential. If disclosed, VNA's competitors would be able to use this information to determine how VNA analyzes such proposals, which could cause VNA competitive disadvantage. VNA accordingly has good cause for designating these documents as confidential.

### B.    The Status Reports Are Confidential

Seven (7) documents are status reports, including reports from external consultants relating to various of VNA's (non-Flint) projects from around the country. The documents describe the projects, identity prospects and existing clients, and discuss corporate strategies that, if disclosed, would give VNA's competitors the opportunity to try to displace it from work. The status reports also commercially-sensitive information about VNA's customers that, if disclosed, could impact VNA's relationships with its customers.

Competitors could use this information to identify the customers and stakeholders with whom VNA interacts and leverage that information to gain a competitive edge with those customers. Further, the reports relate to potential business opportunities, which VNA's competitors would find useful. Publicly

disclosing these documents also would reveal confidential consultant information, which could impact VNA's relationships with its current and future consultants, giving VNA's competitors an advantage. VNA thus has good cause for keeping these documents confidential.

## II.     Twenty Two of the Remaining Documents Are "Confidential"

VNA has good cause to maintain the "Confidential" status of 22 other documents.

### A.     Seventeen Documents Relating to Detroit Are "Confidential"

Seventeen (17) of these documents relate to Detroit. These documents include:

- drafts of various contracts with DWSD (including appendices);[8]

- the DWSD Services Agreement (including VNA's compensation);[9]

- proposed amendments to the Services Agreement and Detroit Retail Services Assessment that considers the potential risks and opportunities associated with restructuring VNA's compensation structure;[10]

---

[8] VWNAOS528293-VWNAOS528293.0032 (VEOLIA_0954566; #5); VWNAOS545010-VWNAOS545010.0002 (VEOLIA_0480729; #9); VWNAOS528581-VWNAOS528581.0010 (VEOLIA_0957436; #12); VWNAOS528178-VWNAOS528178.0002 (VEOLIA_0953484; #17); VWNAOS528571-VWNAOS528571.0010 (VEOLIA_0957367; #27); VWNAOS545028-VWNAOS545028.0002 (VEOLIA_0481226; #39).

[9] VWNAOS511322-VWNAOS511322.0010 (VEOLIA_0957463; #40).

[10] VWNAOS528598-VWNAOS528598.0001-VEOLIA_0957605; #8); VWNAOS528588-VWNAOS528588.0002 (VEOLIA_0957570; #22); VWNAOS528596-VWNAOS528596.0003 (VEOLIA_0957597; #43).


- a draft Asset Purchase Agreement between two Michigan limited liability companies, [11]

- a proposal for additional services (including the amount of VNA's proposed fee);[12]

- VNA's analyses of the structure of then-pending deals with DWSD (including DWSD's budget and VNA's fees);[13]

- internal communications and comments regarding Peer Review Report for DWSD;[14]

- a risk memo addressing DWSD's request for proposals to manage its water and wastewater distribution system.[15]

These documents describe, among other things, the projects VNA undertook for DWSD, the cost for VNA's consulting work, the City of Detroit's budget, the market rate for this type of projects, the assigned VNA staff, the profit margins for the work, and the key risks (technical and commercial) relating to the projects. The documents identify potential financial partners and include financial estimates. They also reveal VNA's approach and methodology, its proposed teams, and its

---

[11] VWNAOS550156-VWNAOS550156.0026 (VEOLIA_0990968; #14).
[12] VWNAOS549984-VWNAOS549984.0002 (VEOLIA_0984422; #29).
[13] VWNAOS527904-VWNAOS527904.0003 (VEOLIA_0951513; #7); VWNAOS549980-VWNAOS549980.0002 (VEOLIA_0984411; #13); VWNAOS527901-VWNAOS527901.0002 (VEOLIA_0951490; #15).
[14] VWNAOS549952-VWNAOS549952.0003 (VEOLIA_0980480; #26).
[15] VWNAOS528212-VWNAOS528212.0015 (VEOLIA_0953635; #18).

management process. This and other commercially-sensitive information would cause VNA competitive disadvantage if disclosed.

The internal communications among VNA employees regarding contract negotiations with DWSD likewise contains information that VNA's competitors would find helpful. The internal communications show various assignments allocated to several VNA employees, and a tracking chart with edits to specific sections of the Peer Review Report. Similarly, the risk memo includes, historical and projected revenue, the deal structure, DWSD assets, procurement contracts, flow of funds, savings analysis, and VNA's own analysis of the risks, including risks associated with capital expenditures and operating costs.

All of this is competitively-sensitive financial information. The risk memo also includes an analysis of competitor bids and potential upsell opportunities which could cause a competitive disadvantage to VNA if disclosed. The documents contains non-public information relating to how VNA evaluated DWSD's request for proposal, the disclosure of which would allow competitors to bid against VNA more effectively. VNA thus has good cause for keeping this document confidential.

### B.    Five Other Documents Qualify as "Confidential"

Five other documents remain "Confidential." One involves VNA's internal communications revealing communications between VNA and its public relations

firms regarding a public response to the Flint case.[16] This document was appropriately designated as confidential because it contains recommended PR strategy addressing corporate communications issues related to the Flint water crisis and other sensitive corporate issues.

One other document is a retention agreement with Clark Hill for services related to the City of Detroit (it does not relate to VNA's work in Flint).[17] The document includes the proposed retainer amount and other confidential information, including how fees will be charged. VNA has good cause for maintaining the confidentiality of the contract because it closely guards its consulting arrangements. Removing the confidential designation from this document would result in the disclosure of confidential consultant information, including the assistance the consultants are giving to VNA and how much VNA pays those consultants.

One (1) document is a contract between VNA and Truscott Rossman Group[18] for a marketing program that was entered into in July 2014 that has nothing to do with Flint. The contract also includes commercially-sensitive contract details that competitors could rely on to VNA's detriment.

---

[16] VWNAOS552988-VWNAOS552988.0001 (VEOLIA_0404537; #11).
[17] VWNAOS528113-VWNAOS528113.0006 (VEOLIA_0952719; #45).
[18] VWNAOS528236-VWNAOS528236.0002 (VEOLIA_0954225: #31).

Two (2) documents are drafts of a proposed response to a Mother Jones inquiry.[19] The documents contain comments and track changes that reflect internal deliberations over how best to respond to press coverage on VNA's work across the United States, including for work that is completely unrelated to Flint. Disclosure of these documents would give competitors insights into VNA's deliberative process. Competitors could use this information to gain an unfair advantage when bidding against VNA for future projects. Therefore, VNA has good cause for keeping this document confidential.

## III.  One Document is "Highly Confidential"

VNA submits that one (1) document – a document addressing contract negotiations between VNA and General Motors for a project outside of Michigan – remains "Highly Confidential."[20] The document contains highly sensitive materials, including non-public customer information, information related to compensation and profit margins, and asset purchase prices, that VNA guards extremely closely. It is crucial to VNA's business interests and relationships with its customers that such information remain confidential. Therefore, VNA continues to have good cause for maintain the document as "Highly Confidential." At minimum, the document should remain "Confidential" because de-designating it would disclose to the world

---

[19] VWNAOS332474-VWNAOS332474.0004 (VEOLIA_0416510; #38); VWNAOS332461-VWNAOS332461.0004 (VEOLIA_0416469; #46).

[20] VWNAOS552606-VWNAOS552606.0004 (VEOLIA_1045515; #37).

extremely commercially-sensitive information that would be valuable to VNA's competitors and harming VNA's relationship with its own customers.

## CONCLUSION

For these reasons, the Court should find good cause to maintain 36 documents as "Confidential" and one document as "Highly Confidential" because they contain private, non-public information that, if disclosed, could harm VNA.

DATED: October 24, 2023

Respectfully submitted,

**CAMPBELL, CONROY & O'NEIL, P.C.**       **MAYER BROWN LLP**

*/s/ James M. Campbell*                          */s/ Michael A. Olsen*
James M. Campbell                                Michael A. Olsen
Alaina M. Devine                                 71 South Wacker Drive
20 City Square, Suite 300                        Chicago, IL 60606
Boston, MA 02129                                 (312) 7012-7120
(617) 241-3000                                   molsen@mayerbrown.com
jmcampbell@campbell-trial-lawyers.com
adevine@campbell-trial-lawyers.com

*Attorneys for Veolia North America, LLC, Veolia North America, Inc., and Veolia Water North America Operating Services, LLC.*

## CERTIFICATE OF SERVICE

I hereby certify that on October 24, 2023, I electronically filed the foregoing Motion with the Clerk of the Court using the ECF System, which will send notification to the ECF counsel of record.

-13-

Respectfully submitted,

*/s/ James M. Campbell*
James M. Campbell