UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| *In re Flint Water Cases* | Case No. 5:16-cv-10444-JEL-EAS (*Consolidated*)<br><br>Hon. Judith E. Levy<br><br>Mag. Elizabeth A. Stafford |

**JOINT STIPULATION REGARDING PROPOSED *IN LIMINE* RULINGS**

Class Plaintiffs and Defendants Veolia Water North America Operating Services, LLC, Veolia North America, Inc., and Veolia North America, LLC (collectively, the "Parties") hereby stipulate and agree to the following *in limine* evidentiary preclusions and limitations at the Issues Class Trial. The Parties respectfully request that the Court enter an order adopting the agreement of the parties as follows:

1. Privileged Communications. The Parties are precluded from introducing evidence or argument before the jury as to the content of any attorney-client privileged or confidential communications, or lack thereof. Counsel shall refrain from asking questions that may tend to require an attorney or witness to divulge a client confidential or privileged communication, or which may tend to require an attorney or witness to have to object to answering on such

1

grounds. The Parties agree that oral or written communications between any third party and counsel for one of the parties, which are non-privileged and non-confidential, may be inquired into, subject to objection on relevancy or other ground.

2. <u>Trial Preparation of Represented Witnesses</u>. The Parties are precluded from asking questions before the jury about how Counsel prepared witnesses who they represent for their trial testimony.

3. <u>References to Motions *in Limine* or Other Exclusions of Evidence</u>. With the following exception, the Parties are precluded from referring, before the jury, to the filing of any Motion *in Limine* or the fact that the Court has excluded certain evidence, argument, or proof of matters by Order or Stipulation. The sole exception is that the parties may object to the violation of any order limiting or excluding evidence or argument, but the parties shall do so in summary fashion (*e.g.*, "Objection Motion *in Limine*"). The Parties are precluded from introducing evidence or argument before the jury of the fact that either Party sought to exclude evidence or argument or prohibit certain proofs at trial. The Parties are also precluded from making any reference before the jury to the fact that Counsel for any Party may have declined or refused to stipulate to any matter.

4. <u>Statements of Any Venire Person</u>. After voir dire, the Parties are precluded from introducing evidence or argument before the jury about specific statements made by and solely attributable to any venire person.

5. <u>Questioning Attorneys</u>. All witnesses shall be precluded from asking any substantive questions, in front of the jury, that are directed to the adverse party's counsel, unless such questions are clarifying or explanatory in nature.

6. <u>Pre-Trial Motions</u>. With the following exception, the Parties are precluded from making reference to the fact that a Party filed a Motion for Summary Judgment or a Motion to Dismiss, or that the other Party opposed such motions, or that the Court allowed or denied such motions. The sole exception is that the parties may object to the violation of any pre-trial motion, but the parties shall do so in summary fashion (*e.g.*, "Objection Summary Judgment").

7. <u>Attorney Objections to Deposition Tesitmony</u>. The Parties are precluded from introducing, in reading or playing videotaped depositions, any attorney's objections, comments, side bars, or responses to objections made during the depositions.

8. <u>Settlements</u>. The Parties are precluded from introducing any statements made by either Party in settlement discussions.

9. <u>Lawyers and Law Firms</u>. The Parties are precluded from making any reference before the jury to where a particular lawyer or firm is from, how big the law firm is, or the nature of the cases the law firm typically handles, or the amount or manner in which the lawyers or law firms are or may be compensated.

10. <u>Wealth, Religious Beliefs, Political Party Affiliations, Race, Ethnicity, or Sexual Orientation of Any Party</u>. The Parties are precluded from making any reference before the jury to the wealth, religious beliefs, political party affiliation, race, ethnicity, or sexual orientation of any Party.

11. <u>Uncalled Experts</u>. The Parties are precluded from presenting evidence or making reference before the jury to the fact that a party disclosed an expert that was not called to testify any reason (whether due to exclusion or otherwise).

12. <u>Impact of Verdict</u>. The Parties are precluded from presenting evidence or making reference before the jury to the impact of an adverse ruling as to any Party or any Party's employees.

13. <u>Fees Paid to Experts in Other Cases</u>. The Parties are precluded from questioning of experts, or introducing testimony or other evidence or argument, regarding fees charged to or paid by the parties for work in connection with any case <u>other than</u> the instant class action, including fees charged or paid in connection with other cases arising from the Flint Water

4

Crisis.

14. <u>References to VNA's Wealth or Class Members' Financial Condition</u>. The Parties are precluded from presenting evidence or making reference before the jury regarding VNA's finances or net worth or to the financial condition of the class representatives, other class members, or their families.

15. <u>Comments About Opposing Counsel</u>. The Parties are precluded from making comments before the jury about opposing counsel or their arguments or engaging in any similar improper and distracting tactics.

16. <u>Testimony that Water Experts are Violating the Law or Acting Unethically by Testifying</u>. The Parties agree to exclude Dr. Larry Russell's opinion, recently articulated in the Bellwether III case, that VNA's water experts are violating the law or acting unethically by offering expert testimony without a professional engineer license, and from Dr. Peterson or any other expert that it is unethical for an engineering expert to offer testimony on the work of another engineer.

17. <u>Adequacy of Compensation from Other Sources</u>. The Parties are precluded from presenting evidence or making reference or suggestion before the jury that the compensation class members may receive from various non-parties is not sufficient to make them whole, or that assignment of fault to non-parties will not result in an actual payment to class members, or that compensation

class members may receive from other sources will be sufficient to make them whole, or any reference to the amount or anticipated amount of recovery on other claims or from other sources.

All other evidentiary issues not included herein may be separately addressed by either Party through the filing of Motions *in Limine* or at the time of trial, as appropriate. The Parties agree to raise any matters related to these *in limine* rulings with the opposing party's counsel outside the presence of the jury so that opposing counsel may timely object, if appropriate.

DATED: November 29, 2023

Respectfully submitted,

| | |
|---|---|
| CAMPBELL CONROY & O'NEIL, P.C. | MAYER BROWN LLP |
| /s/ James M. Campbell | /s/ Michael A. Olsen |
| James M. Campbell | Michael A. Olsen |
| Alaina N. Devine | 71 S. Wacker Drive |
| 20 City Square, Suite 300 | Chicago, IL |
| Boston, MA 02129 | (312) 782-0600 |
| (617) 241-3000 | molsen@mayerbrown.com |
| jmcampbell@campbell-trial-lawyers.com | |
| adevine@campbell-trial-lawyers.com | |

***ATTORNEYS FOR VEOLIA WATER NORTH AMERICA OPERATING SERVICES, LLC, VEOLIA NORTH AMERICA, LLC, AND VEOLIA NORTH AMERICA, INC.***

| | |
|---|---|
| */s/* Michael Pitt | */s/* Theodore Leopold |
| Michael L. Pitt | Theodore J. Leopold |
| PITT MCGEHEE PALMER | COHEN MILSTEIN SELLER |
| & RIVERS, PC. | & TOLL PLLC |
| 117 West 4th Street, Suite 200 | 2925 PGA Boulevard Suite 220 |
| Royal Oak, MI 48607 | Palm Beach Gardens, FL 33410 |
| (248) 398-9800 | (561) 515-1400 |
| mpitt@pittlawpc.com | tleopold@cohenmilstein.com |

***CO-LEAD COUNSEL and ATTORNEYS FOR THE CLASS PLAINTIFFS***