## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | |
|---|---|
| ELNORA CARTHAN, et al., | Case No. 5:16-cv-10444-JEK-MKM |
| Plaintiffs, | |
| v. | Hon. Judith E. Levy |
| RICK SNYDER, et al., | |
| Defendants. | |

_____

## DEFENDANTS VEOLIA NORTH AMERICA, LLC, VEOLIA NORTH AMERICA, INC., AND VEOLIA WATER NORTH AMERICA OPERATING SERVICES, LLC'S MOTION TO PROHIBIT IMPROPER JURY ARGUMENT

Defendants Veolia North America, LLC, Veolia North America, Inc., and Veolia Water North America Operating Services, LLC (VNA) move to prohibit certain types of improper argument from the issue-class trial. These arguments would be inflammatory and calculated to appeal to passion, prejudice, sympathy, or bias.

As Local Rule 7.1(a) requires, VNA conferred with Plaintiffs' counsel about this motion. After VNA explained the nature and basis for the motion, Plaintiffs' counsel stated that they would oppose this motion.

1

Respectfully submitted,

**CAMPBELL, CONROY & O'NEIL P.C.**

**MAYER BROWN LLP**

By: /s/ *James M. Campbell*
James M. Campbell
Alaina N. Devine
20 City Square, Suite 300
Boston, MA 02129
(617) 241-3000
jmcampbell@campbell-trial-lawyers.com
adevine@campbell-trial-lawyers.com

By: /s/ *Michael A. Olsen*
Michael A. Olsen
71 South Wacker Drive
Chicago, IL 60606
(312) 701-7120
molsen@mayerbrown.com

*Attorneys for Veolia North America, LLC, Veolia North America, Inc., and Veolia Water North America Operating Services, LLC*

Dated:  November 30, 2023

2

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

ELNORA CARTHAN, et al.,

Plaintiffs,

v.

RICK SNYDER, et al.,

Defendants.

Case No. 5:16-cv-10444-JEK-MKM

Hon. Judith E. Levy

---

# DEFENDANTS VEOLIA NORTH AMERICA, LLC, VEOLIA NORTH AMERICA, INC., AND VEOLIA WATER NORTH AMERICA OPERATING SERVICES, LLC'S BRIEF IN SUPPORT OF THEIR MOTION TO PROHIBIT IMPROPER JURY ARGUMENT

## STATEMENT OF THE ISSUES PRESENTED

Should the Court prohibit the following categories of argument?

1.    Arguments that incite local or anti-corporate bias;

2.    Suggestions that VNA owed a heightened duty because of its size or sophistication;

3.    Arguments that the jury should "send a message" to VNA or other corporations;

4.    Statements to the effect that the jury is the only entity with the power to regulate or change VNA's conduct;

5.    Statements that VNA acted "unethically," "put profits over safety," or violated some normative criteria other than the standard of care;

6.    Mention of pending claims against VNA by other plaintiffs;

7.    "Golden rule" arguments;

8.    Comments implying that VNA conspired with the City.

**VNA answers:**  "Yes."

**Plaintiffs answer:**  "No."

# CONTROLLING OR MOST APPROPRIATE AUTHORITIES

*City of Cleveland v. Peter Kiewit Sons' Co.*, 624 F.2d 749 (6th Cir. 1980)

*Johnson v. Howard*, 24 F. App'x 480 (6th Cir. 2001)

*Macias v. Makowski*, 291 F.3d 447 (6th Cir. 2002)

*McLeod v. Parsons Corp.*, 73 F. App'x 846 (6th Cir. 2003)

*New York Cent. R.R. v. Johnson*, 279 U.S. 310 (1929)

*Robert v. McKee*, No. 09-cv-14675, 2011 WL 7112235 (E.D. Mich. June 20, 2011)

*Slappy v. Detroit*, No. 19-cv-10171, 2021 WL 2986284 (E.D. Mich. July 15, 2021)

# TABLE OF CONTENTS

**Page**

INTRODUCTION ...................................................................................................1

ARGUMENT .........................................................................................................2

I.    Arguments That Incite Local Or Anti-Corporate Bias ...................................2

II.   Suggestions That VNA Owed A Heightened Duty Because Of Its Size Or Sophistication ........................................................................................5

III.  Arguments That The Jury Should "Send A Message" To VNA Or Other Corporations .........................................................................................8

IV.  Statements To The Effect That The Jury Is The Only Entity With The Power To Regulate Or Change VNA's Conduct .......................................................9

V.   Statements That VNA Acted "Unethically," "Put Profits Over Safety," Or Violated Some Normative Criteria Other Than The Standard Of Care ........10

VI.  Mention Of Pending Claims Of Other Plaintiffs ...........................................11

VII.  "Golden Rule" Arguments.............................................................................12

VIII. Comments Implying A Conspiracy Between The City And VNA ...............14

CONCLUSION ...................................................................................................15

**INTRODUCTION**

Courts in Michigan and across the country have identified a number of types of jury argument that are so inflammatory and prejudicial that they are never allowed and must be categorically barred, lest a jury verdict be irredeemably tainted by passion and prejudice.  Plaintiffs have nonetheless declined to refrain from making some of these arguments, so the Court should order them not to do so.  Further, several types of common jury arguments are permissible only when punitive damages are at issue; because the jury will not award damages, those arguments should be barred as well.

VNA files this motion to ensure that the ground rules are clear before the trial begins.  VNA cannot wait to object to arguments of this sort until they actually are made because interruptions during jury argument can be off-putting to the jury and risk calling attention to the impermissible comments, thus raising the specter of a different sort of prejudice.  Further, curative instructions often are inadequate to ameliorate the effects of an argument that is designed to inflame jurors' passions. Accordingly, to minimize both the need to interrupt Plaintiffs' counsel with objections, and the risk of irremediable prejudice and a tainted verdict that would require a new trial, VNA respectfully requests an order *in limine* to forbid the following predictable forms of improper jury argument, which Plaintiffs' counsel have not agreed to forgo:

1

(1)     Arguments that incite local or anti-corporate bias;

(2)     Suggestions that VNA owed a heightened duty because of its size or sophistication;

(3)     Arguments that the jury should "send a message" to VNA or other corporations;

(4)     Statements to the effect that the jury is the only entity with the power to regulate or change the conduct of VNA or others;

(5)     Statements that VNA acted "unethically," "put profits over safety," or violated some normative criteria other than the standard of care;

(6)     Mention of pending claims against VNA by other plaintiffs;

(7)     "Golden rule" arguments;

(8)     Comments implying that VNA conspired with the City.

## ARGUMENT

### I.     Arguments That Incite Local Or Anti-Corporate Bias

The Supreme Court long ago recognized that attempts by counsel to evoke jurors' anti-corporate bias or their bias against out-of-state or foreign parties are wholly inappropriate and should not be allowed.  *See, e.g.*, *TXO Prod. Corp. v. All. Res. Corp.*, 509 U.S. 443, 464 (1993) ("prejudice against large corporations" is "of special concern when the defendant is a nonresident"); *New York Cent. R.R. v. Johnson*, 279 U.S. 310, 319 (1929) ("remarks of counsel . . . tending to create an atmosphere of hostility toward petitioner as a railroad corporation located in another section of the country have been so often condemned as an appeal to sectional or local prejudice as to require no comment").

Courts across the country, including the Sixth Circuit, have reached precisely the same conclusion, ordering new trials when plaintiffs cross this line. *See, e.g.*, *City of Cleveland v. Peter Kiewit Sons' Co.*, 624 F.2d 749, 757-58 (6th Cir. 1980) (ordering a new trial because comments "which were intended to inform and emphasize that [defendant] had its corporate 'residence in another state' [were] 'obviously designed to prejudice the jurors'" (citation omitted)); *Smith v. Travelers Ins.*, 438 F.2d 373, 375-76 & n.2 (6th Cir. 1971) (plaintiff's exhortation to "send them back up to Hartford and let them know how we feel about it in Tennessee" was "obviously designed to prejudice the jurors").[1]  Michigan courts follow this rule as well.  *Gilbert v. DaimlerChrysler Corp.*, 470 Mich. 749, 770-71, 778 (2004) (holding that "trial court erred in denying defendant's motion for a new trial" based on plaintiff's counsel's use of "anticorporate rhetoric," which was a "deliberate[]" attempt "to provoke the jury by supplanting law, fact, and reason with prejudice, misleading arguments, and repeated *ad hominem* attacks against defendant based on its corporate status").

---

[1]  *See also, e.g.*, *Whitehead v. Food Max of Miss., Inc.*, 163 F.3d 265, 275-78 (5th Cir. 1998) (granting new trial because, among other things, counsel's closing argument improperly emphasized defendant's status as a national corporation with out-of-state headquarters); *Pappas v. Middle Earth Condo. Ass'n*, 963 F.2d 534, 539-41 (2d Cir. 1992) (explaining that "an appeal to the jury's regional bias is so inherently improper as to raise the distinct possibility that regionalism infected the trial" and that "[n]o verdict may stand when it is found in any degree to have been reached as a result of appeals to regional bias or other prejudice").

Neither VNA's status as a corporation nor its state of residence are relevant to any of the issues in this case.  The only possible purpose of drawing attention to the fact that VNA is a corporation or that it is headquartered out of state would be to inflame the jury's prejudice against foreign corporations.  *See*, *e.g.*, *City of Cleveland*, 624 F.2d at 757-58 (references to corporation's out-of-state residence were "obviously designed to prejudice the jurors").  Accordingly, the Court should preclude Plaintiffs' counsel from making any reference during jury arguments, or at any other time, to VNA's corporate status, place of incorporation, or place of headquarters.

The same reasoning applies to any reference to VNA's corporate parent being located in another country, including references to VNA having a presence or doing work in other countries or "worldwide."  *See, e.g.*, *Boyle v. Mannesmann Demag Corp.*, 991 F.2d 794, 1993 WL 113734, at *3 (6th Cir. 1993) (table) (excluding evidence of exchange rate on retrial as more prejudicial than probative because "repeated references to a party's citizenship or nationality can be unduly prejudicial"); *Gearhart v. Uniden Corp.*, 781 F.2d 147, 153 (8th Cir. 1986) ("references in closing argument to defendant's foreign parent corporations were improper" and "should not be permitted on retrial"), *abrogated on other grounds by Faries v. Atlas Truck Body Mfg. Co.*, 797 F.2d 619, 621 (8th Cir. 1986); *Foster v. Crawford Shipping Co.*, 496 F.2d 788, 792 (3d Cir. 1974) (closing argument

4

emphasizing that defendant was a "foreign steamship company[y]" warranted new trial); *Donnelly Corp. v. Gentex Corp.*, 918 F. Supp. 1126, 1136 (W.D. Mich. 1996) ("[N]ationalistic rhetoric [was] calculated to play on the jury's passions and prejudices and should be excluded at trial.").

The Court should bar Plaintiffs from making any statements or arguments that would incite local or anti-corporate biases.

## II.   Suggestions That VNA Owed A Heightened Duty Because Of Its Size Or Sophistication

Plaintiffs may attempt to argue (or imply) that VNA should be held to a higher standard of care than other water engineering firms because of its unparalleled expertise in water engineering.   Such an argument would be contrary to law.   In professional-negligence cases, "[t]he rule is firmly established that defendant[s] [are] bound to use the degree of diligence and skill which is ordinarily possessed by the average members of the profession in similar localities." *Cox ex rel. Cox v. Bd. of Hosp. Managers for City of Flint*, 467 Mich. 1, 21 (2002) (quoting *Rytkonen v. Lojacono*, 269 Mich. 270, 274-75 (1934)).[2] Michigan law does not hold larger, more respected, or more sophisticated professionals to a higher standard than others.

---

[2]   That is how the Court instructed the jury in the Bellwether I trial: "the standard of care is what a water engineer of ordinary learning, judgment, or skill in the Flint community or a similar one during the relevant time, 2013-2015, would do, or would not do, under the same or similar circumstances."   Jury Instructions 22, *Walters v. Flint*, No. 17-10164 (E.D. Mich. July 21, 2022), ECF No. 893, PageID.54413.

Instead, it applies a single objective standard to all professionals in a field: "how a reasonable similarly-situated practitioner would act." *Francisco v. Manson, Jackson & Kane, Inc.*, 145 Mich. App. 255, 259-60 (1985); *see Lozano ex rel. Estate of Jarzembowski v. Detroit Med. Ctr.*, No. 300463, 2013 WL 1632019, at *5 (Mich. Ct. App. Apr. 16, 2013) ("'[P]rofessional negligence' . . . means 'the failure to do something that a [professional] of ordinary learning, judgment and skill in [that profession] would do.'" (quoting Mich. Civ. Jury Instruction 30.01)); *Joos v. Auto-Owners Ins.*, 94 Mich. App. 419, 422 (1979) ("As a general principle, an attorney must bring to bear the skill, learning, and ability of the average practitioner of law when conducting legal business for a client.").

The Sixth Circuit's decision in *City of Cleveland* makes just that point. There, the City of Cleveland sought to recover damages from Kiewit, a marine-engineering firm, for a collapsed dock. 624 F.2d at 750. Much like Plaintiffs' counsel here, Cleveland's counsel repeatedly referred to Kiewit as a "large" and "international" corporation, asserted that Kiewit had received a lucrative contract from the U.S. Army Corps of Engineers for a separate project, and "asked other questions designed to convey to the jury the image of the defendant as a giant in the field of marine engineering." *Id*. at 750, 752-53, 756. After hearing this information, the jury found for the city and awarded damages that the trial court found "grossly excessive." *Id*. at 752.

On appeal, the Sixth Circuit set aside the jury's verdict because of these and other improper comments and remanded for a new trial on both damages and liability. *City of Cleveland*, 624 F.2d at 759-60. Cleveland maintained that "its comments about Kiewit's stature" were relevant because they "were intended to show that defendant's ability and experience would enable it to determine the condition of the dock in advance of entering the agreement and beginning operations." *Id*. at 757. But the Sixth Circuit rejected that argument, explaining that, because liability does not depend upon whether a party is "a corporation, or corporation of a particular class," "it was not necessary to make mention of defendant's status as a leader in the field of marine engineering" and that Cleveland "could have demonstrated defendant's knowledge and expertise in a much less prejudicial (and perhaps an even more direct and effective) manner." *Id*. The court explained that emphasizing the size or reputation of the defendant created prejudice by "[a]ppealing to the sympathy of jurors through references to financial disparity" between the defendant and the plaintiffs, a strategy that "is improper." *Id.*

Similarly, assuming that VNA owed a duty of care to Plaintiffs at all, the jury will be tasked with determining only whether VNA's actions were consistent with the standard of care expected of a "reasonable" water-engineering firm, *Francisco*, 145 Mich. App. at 259-60, possessing "ordinary learning, judgment or skill," *Lozano*, 2013 WL 1632019, at *5. Accordingly, Plaintiffs should be barred from

arguing that, because of its size or sophistication, VNA owed a higher duty than a "reasonable" water-engineering firm with "ordinary learning, judgment or skill." For the same reasons, Plaintiffs' standard-of-care expert Dr. Russell, should be limited to opining on whether VNA's actions were consistent with those of a reasonable water-engineering firm of ordinary learning, judgment, or skill and barred from opining that VNA's duty is in any way a function of its size and sophistication.

## III.   Arguments That The Jury Should "Send A Message" To VNA Or Other Corporations

Because punitive damages are not at issue in this case (and, in fact, the issues for the jury in this case are limited to breach, general causation, and the fault of non-parties), arguments that the jury should render a verdict that "sends a message" to VNA or others are impermissible.

Because there is no claim for punitive damages in this case, any suggestion that the jury should use its verdict to "send a message" to VNA or others is impermissible because it urges the jury to return a verdict intended to punish. *Slappy v. Detroit*, No. 19-cv-10171, 2021 WL 2986284, at *7 (E.D. Mich. July 15, 2021) (barring "send a message" arguments because they "can have no appeal other than to prejudice and amount to an improper distraction from the jury's sworn duty to reach a fair, honest and just verdict" (internal quotation marks omitted)); *Locke v. Swift Transp. Co. of Ariz.*, No. 18-cv-119, 2019 WL 6037666, at *2 (W.D. Ky. Nov.

14, 2019) (barring "any questions, evidence, or arguments that the jury should send a message, protect the public, or punish with its verdict" because those arguments "are disfavored in this circuit" and, when punitive damages are not at issue, "often become an improper distraction from the jury's sworn duty to reach a fair, honest and just verdict" (citations omitted)).

The Court should bar any arguments implying that the jury should return a verdict that "sends a message" to VNA or to other companies.

## IV. Statements To The Effect That The Jury Is The Only Entity With The Power To Regulate Or Change VNA's Conduct

Plaintiffs' counsel likewise should not be permitted to argue that the jury is the only entity with the power to alter VNA's conduct or the conduct of others. That limitation is appropriate not only because rhetoric about how the jury is responsible for changing conduct is transparently geared to inflaming the jury to act with an inappropriate punitive or deterrent mindset, but also because the argument would be false and highly misleading to the jury. In fact, a host of alternative means exist for regulating the practices of engineering firms and for ensuring that those practices appropriately protect public safety and comply with applicable law. *Cf. Collins v. Union Pac. R.R.*, 207 Cal. App. 4th 867, 883 (2012) (argument that "the jury is empowered to 'make [a] change'" to defendant's conduct was attorney misconduct appealing to jurors' passions and prejudices, thus justifying determination that damages were excessive and that a new trial was necessary).

9

## V. Statements That VNA Acted "Unethically," "Put Profits Over Safety," Or Violated Some Normative Criteria Other Than The Standard Of Care

Plaintiffs should be prohibited from arguing that VNA acted "unethically," that it "put profits over safety," or that it violated some normative criteria other than the standard of care for a water-engineering firm.  Plaintiffs' claim against VNA is for professional negligence.  In professional-negligence cases, "[t]he rule is firmly established that defendant[s] [are] bound to use the degree of diligence and skill which is ordinarily possessed by the average of the members of the profession in similar localities." *Cox*, 467 Mich. at 21 (quoting *Rytkonen*, 269 Mich. at 274).

Arguments should thus focus on whether VNA's conduct met the standard of care for an average water engineering firm in Flint or similar localities.  Comments about whether VNA acted "ethically" or violated some other normative criteria would misstate the legal standard that the jury is to apply to VNA's actions, distract the jury from its assigned task, and suggest a verdict based on an improper basis. Statements like that would serve no legitimate purpose but could incite the passions of the jury and prejudice VNA.

Similarly, assertions about VNA's alleged motives—such as that VNA "put profit over safety"—have no place in a professional-negligence case because the motive for VNA's actions is not relevant.[3]  The only relevant question is whether

---

[3]   Notably, the trial will not involve punitive damages, the only issue as to which VNA's motives could potentially have been relevant.

VNA demonstrated "the degree of diligence and skill which is ordinarily possessed by the average members of the profession in similar localities." *Cox*, 467 Mich. at 21. Just as VNA cannot defend itself from a professional-negligence claim by arguing that its intentions were to help the people of Flint, Plaintiffs cannot prevail by asserting that VNA had a profit motive. The only question for the jury is whether the water-engineering services that VNA provided pursuant to its contract with Flint met the applicable standard of care. Assertions about VNA's alleged motives would serve no purpose but to inflame the jury and encourage a verdict based on passion and prejudice.

## VI.   Mention Of Pending Claims Against VNA By Other Plaintiffs

Plaintiffs also should be barred from mentioning other lawsuits filed against VNA.

The existence of claims by other plaintiffs (or potential plaintiffs) is not relevant to the liability and damages issues in these cases. Moreover, the implication that absent litigants who have not proven their claims have been injured by VNA's conduct would deprive VNA of its right to defend those claims on the merits. *Cf. Philip Morris USA v. Williams*, 549 U.S. 346, 353 (2007) (Due Process Clause forbids juries from punishing defendants for harms suffered by nonparties because, among other reasons, "a defendant threatened with punishment for injuring a nonparty victim has no opportunity to defend against the charge"). References to

11

other allegedly injured individuals also would improperly invite a verdict that punishes VNA for imagined harms suffered by parties that are not before the Court.

For all of those reasons, references to other plaintiffs or other claims against VNA should be prohibited. *See, e.g.*, *McLeod v. Parsons Corp.*, 73 F. App'x 846, 853-54 (6th Cir. 2003) (upholding exclusion of evidence of other lawsuits as not relevant to issues in case and because "the potential for prejudice that would have accompanied this evidence would have substantially outweighed its probative value" and "misled the jury"); *Ross v. Am. Red Cross*, 567 F. App'x 296, 308 (6th Cir. 2014) (similar); *Aetna, Inc. v. Blue Cross Blue Shield of Mich.*, No. 11-cv-15346, 2015 WL 1646464, at *10 (E.D. Mich. Apr. 14, 2015) (excluding evidence of government prosecutions and class actions involving same conduct because it was more prejudicial than probative).

## VII.  "Golden Rule" Arguments

It is black-letter law that lawyers are forbidden from exhorting the jury to place itself in the shoes of the victim or the victim's family.  Courts have dubbed these kinds of exhortations golden-rule arguments, because they essentially ask jurors to "put themselves in the shoes of the plaintiff and do unto him as they would have him do unto them under similar circumstances." *Ivy v. Sec. Barge Lines, Inc.*, 585 F.2d 732, 741 (5th Cir. 1978).  As the Sixth Circuit has stated, "[t]hose circuits that have considered use of 'Golden Rule' arguments have universally condemned

them as improper because they invite decision based on bias and prejudice rather than consideration of facts." *Johnson v. Howard*, 24 F. App'x 480, 487 (6th Cir. 2001) (internal quotation marks omitted); *see also, e.g.*, *United States v. Hall*, 979 F.3d 1107, 1119 (6th Cir. 2020) ("Asking jurors to place themselves in the victim's shoes violates the ban on Golden Rule arguments."); *Ivy*, 585 F.2d at 741 (golden-rule arguments are "universally recognized as improper" because they "encourage[] the jury to depart from neutrality and to decide the case on the basis of personal interest and bias rather than on the evidence"); *Slappy*, 2021 WL 2986284, at *6-7 (granting motion to bar golden-rule arguments).

The effectiveness of that sort of emotional appeal is exactly why golden-rule arguments are not allowed.  They are powerful, emotionally manipulative tools that evoke jury passion and prejudice without having any bearing on the facts of the case. The "golden rule argument is impermissible" because "it tends to denigrate the jurors' oath to well and truly try the issue and render a true verdict according to the evidence." *Loth v. Truck-A-Way Corp.*, 60 Cal. App. 4th 757, 758 (1998) (internal quotation marks omitted).

Inappropriate as they are in any trial, golden-rule arguments would be all the more improper in this trial, which is limited to breach, an aspect of general causation, and the fault of non-parties.  The only reason to make a golden-rule argument in a

case limited to those issues is to induce the jury to decide the issues on the basis of sympathy rather than the evidence.

The Court should bar Plaintiffs from making golden-rule arguments.

## VIII. Comments Implying A Conspiracy Between The City And VNA

VNA anticipates that Plaintiffs may suggest to the jury that there was a conspiracy or collusion between the City of Flint and VNA to cover up or downplay concerns about lead in the water. They should be precluded from doing so. There is no evidence of an agreement between the City and VNA to limit VNA's findings or recommendations in any way, and suggesting that there was some sort of conspiracy would be enormously inflammatory and prejudicial.

It is well settled that remarks during opening statements must be based on "evidence the [attorney] intends to introduce and which in good faith he believes is admissible." *Robertson v. McKee*, No. 09-cv-14675, 2011 WL 7112235, at *10 (E.D. Mich. June 20, 2011); *see Mich. First Credit Union v. Cumis Ins.*, 641 F.3d 240, 250-51 (6th Cir. 2011). Similarly, closing arguments cannot "bring to the attention of the jury any purported facts that are not in evidence and are prejudicial." *Macias v. Makowski*, 291 F.3d 447, 452 (6th Cir. 2002). Moreover, at any point during trial, "counsel should not introduce extraneous matters before a jury or, by questions or remarks, endeavor to bring before it unrelated subjects" that would

threaten the jury's ability to render "a fair or impartial verdict." *City of Cleveland*, 624 F.2d at 756.

There is no evidence of a conspiracy or collusion between the City and VNA to cover up or downplay lead concerns.  Instead, Plaintiffs seek to raise a whiff of impropriety from the entirely unsuspicious fact that VNA was the only bidder for the City's modest, short-term project.  That is not evidence of a criminal conspiracy—or anything close.  Without evidence, Plaintiffs should be precluded from inflaming the jury by insinuating that VNA conspired with the City.  Any comments implying that a conspiracy existed would "inevitably invite the jury to speculate," "distract the jury from the real issues," and cause "significant[] prejudice." *Design Basics, LLC v. Forrester Wehrle Homes, Inc.*, 380 F. Supp. 3d 692, 710 (N.D. Ohio 2019).

## CONCLUSION

The Court should grant the motion and enter an order barring the forms of improper argument identified above.

Respectfully submitted,

**CAMPBELL, CONROY & O'NEIL P.C.**

**MAYER BROWN LLP**

By: /s/ *James M. Campbell*
James M. Campbell
Alaina N. Devine
20 City Square, Suite 300
Boston, MA 02129
(617) 241-3000
jmcampbell@campbell-trial-lawyers.com
adevine@campbell-trial-lawyers.com

By: /s/ *Michael A. Olsen*
Michael A. Olsen
71 South Wacker Drive
Chicago, IL 60606
(312) 701-7120
molsen@mayerbrown.com

*Attorneys for Veolia North America, LLC, Veolia North America, Inc., and Veolia Water North America Operating Services, LLC*

Dated:  November 30, 2023

16

## CERTIFICATE OF SERVICE

I hereby certify that on November 30, 2023, I electronically filed the foregoing document with the Clerk of the Court using the ECF System, which will send notification to the ECF counsel of record.

By:   /s/ *James M. Campbell*
James M. Campbell
jmcampbell@campbell-trial-lawyers.com