UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| *In re Flint Water Cases* | Case No. 5:16-cv-10444-JEL-EAS (*Consolidated*) <br><br> Hon. Judith E. Levy <br><br> Mag. Elizabeth A. Stafford |

### CLASS PLAINTIFFS' MOTION *IN LIMINE* NO. 5 TO PRECLUDE EVIDENCE, TESTIMONY, ARGUMENT OR REFERENCE TO CRIMINAL OR OTHER CIVIL PROCEEDINGS RELATED TO THE FLINT WATER CRISIS

Class Plaintiffs seek to exclude any testimony, evidence, argument, or reference to other proceedings (hereinafter "references")—including bellwether trials, any separate civil suits, or criminal proceedings—outside the present class action lawsuit but that arise from or are related to the Flint Water Crisis or to the lawyers handling such cases. Such references are both irrelevant and have a high likelihood of creating confusion for the jury of the issues pertinent to this trial as well as being prejudicial to Plaintiffs. For those reasons such references should be precluded from being introduced as evidence, or otherwise referenced at any other time including in the parties' opening or closing statements, pursuant to F.R. Evid. 401, 402 and 403.

As Local Rule 7.1(a) requires, Class Plaintiffs conferred with counsel for

VNA concerning this motion. After Class Plaintiffs explained the nature and legal basis for the motion, VNA's counsel indicated that VNA would oppose it.

Dated: November 30, 2023

Respectfully submitted,

*/s/ Theodore J. Leopold*
Theodore J. Leopold
**COHEN MILSTEIN SELLERS & TOLL PLLC**
2925 PGA Boulevard
Suite 220
Palm Beach Gardens, FL 33410
(561) 515-1400 Telephone
tleopold@cohenmilstein.com

Emmy L. Levens
**COHEN MILSTEIN SELLERS & TOLL PLLC**
1100 New York Ave. NW
Suite 500
Washington, DC 20005
(202) 408-4600 Telephone
kpierson@cohenmilstein.com
jsellers@cohenmilstein.com
elevens@cohenmilstein.com
jweiner@cohenmilstein.com

Stephen Morrissey
Jordan Connors
**SUSMAN GODFREY, L.L.P.**
1201 Third Ave.
Suite 3800
Seattle, WA 98101
(206) 516-3880 Telephone
smorrissey@susmangodfrey.com
jconnors@susmangodfrey.com
kpeaslee@susamangodfrey.com

*/s/ Michael L. Pitt*
Michael L. Pitt
Cary S. McGehee
**PITT MCGEHEE PALMER & RIVERS, P.C.**
117 West 4th Street
Suite 200
Royal Oak, MI 48067
(248) 398-9800 Telephone
mpitt@pittlawpc.com
cmcgehee@pittlawpc.com

Paul Novak (P39524)
Diana Gjonaj (P74637)
Gregory Stamatopoulos (P74199)
**WEITZ & LUXENBERG, P.C.**
3011 West Grand Boulevard
Suite 2150
Detroit, MI 48226
(313) 800-4170 Telephone
 pnovak@weitzlux.com
dgjonaj@weitzlux.com
gstamatopoulos@weitzlux.com

Esther E. Berezofsky
**MOTLEY RICE LLC**
Woodland Falls Corporate Center
210 Lake Drive East
Suite 101
Cherry Hill, NJ 08002
(856) 667-0500 Telephone
eberezofsky@motleyrice.com

Peretz Bronstein
Shimon Yiftach
**BRONSTEIN, GEWIRTZ & GROSSMAN, LLC**
60 East 42nd Street
Suite 4600
New York, NY 10165
(212) 697-6484 Telephone
peretz@bgandg.com
shimony@bgandg.com

Lear Jiang
**SUSMAN GODFREY, L.L.P.**
1900 Avenue of the Stars
Suite 950
Los Angeles, CA 90067
(310) 789-3100 Telephone
khoek@susmangodfrey.com

Teresa Caine Bingman (P56807)
**THE LAW OFFICES OF TERESA A. BINGMAN, PLLC**
4131 Okemos Road
Suite 12
Okemos, MI 48864
(877) 957-7077 Telephone
tbingman@tbingmanlaw.com

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| *In re Flint Water Cases* | Case No. 5:16-cv-10444-JEL-EAS (*Consolidated*) |
| | Hon. Judith E. Levy |
| | Mag. Elizabeth A. Stafford |

**MEMORANDUM IN SUPPORT OF CLASS PLAINTIFFS' MOTION *IN LIMINE* NO. 5 TO PRECLUDE EVIDENCE, TESTIMONY, ARGUMENT OR REFERENCE TO CRIMINAL OR OTHER CIVIL PROCEEDINGS RELATED TO THE FLINT WATER CRISIS**

# CONCISE STATEMENT
# OF THE ISSUES PRESENTED

Whether the Court should exclude, *in limine*, evidence, argument or reference to legal proceedings that have arisen from the Flint Water Crisis but that are separate and distinct from the present case.

**Plaintiffs answer:** "Yes"

**VNA's answer:** "No"

## CONTROLLING OR
## MOST APPROPRIATE AUTHORITY

Pursuant to E.D. Michigan L.R. 7.1(d)(2), Class Plaintiffs state that the controlling/most appropriate authorities for Class Plaintiffs' motion *in limine* are:

- *United States. v. Brady*, 595 F.2d 359, 361 (6th Cir. 1979), *cert. denied,* 444 U.S. 862 (1979)

- *Stengel v. Belcher*, 522 F.2d 438, 442 (6th Cir. 1975)

- *United States v. Asher*, 910 F.3d 854, 861 (6th Cir. 2018)

- *United States v. Sherrill*, 972 F. 3d 752, 765 (6th Cir. 2020).

- Fed. R. Evid. 401, 402, and 403

# TABLE OF CONTENTS

**ARGUMENT**

A. Motions *in limine* are intended to circumvent anticipated evidence or argument that would be irrelevant, unfairly prejudicial, or would cause other significant problems at trial. ........... 1

B. Defense counsel should be precluded from making statements regarding other legal proceedings arising from the Flint Water Crisis because such references would likely result in confusion, cause substantial and unfair prejudice and undue delay, while providing no legitimate probative value. .............................................. 3

**CONCLUSION** ........................................................................................... 5

# **TABLE OF AUTHORITIES**

<u>CASES</u>

*Bradley v. Pittsburgh Bd. of Educ.*
 913 F. 2d 1064, 1069 (3d Cir. 1990) ......................................................... 1

*In Re Compudyne Corp.*
 255 F. Supp. 1004, 1008 (E.D.Pa. 1966) ................................................... 2

*Louzon v. Ford Motor Co.*
 718 F.3d 556, 561 (6th Cir. 2013) ............................................................. 1

*Luce v. United States*
 469 U.S. 38, 40 n.2, 105 S. Ct. 460. 83 L. Ed. 2d 443 (1984) ................... 1

*Old Chief v. United States*
 519 U.S. 172, 184 (1997) ...................................................................... 2, 4

*Olin-Mathieson Chem. Corp. v. Allis-Chalmers Mfg. Co.*
 438 F.2d 833, 838 (6th Cir. 1971) ............................................................. 2

*Smith v. Spina*
 477 F.2d 1140, 1146 (3rd Cir. 1973) ......................................................... 2

*Stengel v. Belcher*
 522 F.2d 438, 442 (6th Cir. 1975) ............................................................. 2

*United States v. Asher*
 910 F.3d 854, 861 (6th Cir. 2018) ............................................................. 2

*United States. v. Brady*
 595 F.2d 359, 361 (6th Cir. 1979), *cert. denied,* 444 U.S. 862 (1979) ...... 2

*United States v. Myers*
 123 F.3d 350, 363 (6th Cir. 1997) ............................................................. 2

*United States v. Sherrill*
 972 F.3d 752, 765 (6th Cir. 2020) ............................................................. 1

# ARGUMENT

### A. Motions *in limine* are intended to circumvent anticipated evidence or argument that would be irrelevant, unfairly prejudicial, or would cause other significant problems at trial.

Motions *in limine* are "designed to narrow the evidentiary issues for trial and to eliminate unnecessary trial interruptions." *Id.* (quoting *Bradley v. Pittsburgh Bd. of Educ.*, 913 F.2d 1064, 1069 (3d Cir. 1990)).  Evidence of other proceedings related in some manner to the Flint Water Crisis, but not addressing the claims in this trial, have the capacity to be highly prejudicial where such prejudice would outweigh any probative value the proffered evidence might have.  Motions *in limine* are intended "to exclude anticipated prejudicial evidence before the evidence is actually offered."  *Louzon v. Ford Motor Co.*, 718 F.3d 556, 561 (6th Cir. 2013) (quoting *Luce v. United States*, 469 U.S. 38, 40 n.2, 105 S. Ct. 460, 83 L. Ed. 2d 443 (1984)).  "'Unfair prejudice,' as used in Rule 403…refers to evidence which tends to suggest decision on an improper basis." *United States v. Sherrill*, 972 F. 3d 752, 765 (6th Cir. 2020).

Moreover, references or evidence from other proceedings are not relevant to the instant trial, and only relevant evidence is admissible. Fed R. Evid. 402. Evidence is "relevant" when "it has any tendency to make a fact more or less probable than it would be without the evidence" and "the fact is of consequence in determining the action." Fed. R. Evid. 401. Although relevant, evidence may nevertheless be

1

excluded if in applying Rule 403's balancing test, the court finds that the probative value of said evidence is substantially outweighed by its danger of causing one of the problems at trial identified within the rule. *See United States. v. Brady*, 595 F.2d 359, 361 (6th Cir. 1979), *cert. denied,* 444 U.S. 862 (1979); F.R. Evid. 403. These problems include confusion of issues, and waste of time, especially where the case is tried before a jury. *Stengel v. Belcher*, 522 F.2d 438, 442 (6th Cir. 1975) (citing *Smith v. Spina*, 477 F.2d 1140, 1146 (3rd Cir. 1973); *Olin-Mathieson Chem. Corp. v. Allis-Chalmers Mfg. Co.*, 438 F.2d 833, 838 (6th Cir. 1971); *In re Compudyne Corp.*, 255 F. Supp. 1004, 1008 (E.D.Pa.1966

Additionally, when considering a piece of evidence challenged on Rule 403 grounds, courts must consider the availability of other means of proof which would not present the same danger at the root of the objection. *See United States v. Asher*, 910 F.3d 854, 861 (6th Cir. 2018) (citing *Old Chief v. United States*, 519 U.S. 172, 184 (1997); *United States v. Myers*, 123 F.3d 350, 363 (6th Cir. 1997)). The existence of an alternative means of proof should be used to "'discount the value of the item first offered and exclude it if its discounted probative value [is] substantially outweighed.'" *Id.* (quoting *Old Chief*, 519 U.S. at 183).

**B. Defense counsel should be precluded from making statements regarding other legal proceedings arising from the Flint Water Crisis because such references would likely result in confusion, cause substantial and unfair prejudice and undue delay, while providing no legitimate probative value.**

Given the scope and complexity of the Flint Water Crisis itself as well as the litigation it has precipitated, there are numerous other proceedings, both civil and criminal which address issues that may closely resemble but are not the same as those in this trial. Other proceedings are separate and distinct from the present trial, and as such are not relevant to determining the issues or resolving the claims in this case. Moreover, and significantly, because other proceedings may resemble the claims and issues in this case, such references would be highly likely to confuse the jury. Resolving these issues, the objections thereto and argument would undoubtedly waste the court and jury's time. This would cause significant confusion and unnecessary delay, and not produce anything relevant to deciding the issues in this case. *See* F.R. Evid. 403.

References to other cases and proceedings related to the Flint Water Crisis would not establish or refute proofs regarding the issues presented in *this* case. To the extent that references to other proceedings would establish pertinent facts regarding the conduct of any of the parties or witnesses, such facts can be adduced directly, if otherwise admissible. Any probative value of evidence or underlying

3

facts from other proceedings must be balanced with their prejudicial effect in *this* case and *this* trial. *See Asher*, 910 F.3d at 861; *Old Chief*, 519 U.S. at 183.

Other proceedings related to the Flint Water Crisis are likely to involve many of the same witnesses, as well as myriad of factual issues as in this trial. Key, however, is that the claims in this trial are not the same. This is a critical distinction that does make a difference. The similarities, and discussion of other cases has the potential to create significant confusion for the jury, and risk for undue prejudice. Efforts to distinguish other cases would lead to delay, without guarantee of resolving confusion or prejudice. Therefore, these references should be excluded because the risks far outweigh what minimal probative value may exist. *See* F.R. Evid. 403.

Finally, to the extent that references are made regarding the attorneys handling other cases regarding the Flint Water Crisis (including the fact that some attorneys representing Class Plaintiffs have also been involved in the civil case against the EPA) this would be both irrelevant, confusing, and present a substantial danger of unfair prejudice. It goes without saying that a party's counsel and their involvement in separate proceedings is not relevant to determining the issues presented to the jury in this case. Insofar as such references regarding the counsel handling such cases is intended to convey a negative inference about counsel, or to imply that non-parties are actually the ones at fault for the Flint Water Crisis, that would plainly constitute unfair prejudice without any probative value to support it. For these reasons, the

4

Court should preclude counsel from making such statements or eliciting testimony regarding other matters related to the Flint Water Crisis—including the counsel handling such cases—because the danger of creating unfair prejudice in the minds of the jury far outweighs what minimal probative value may exist. *See* F.R. Evid. 403.

## CONCLUSION

For the afore going reasons, Class Plaintiffs respectfully request that the Court grant this motion *in limine* and preclude defense counsel from introducing evidence, making arguments, or otherwise referencing separate legal proceedings arising from the Flint Water Crisis—whether they be bellwether trials, criminal prosecutions, or any other Flint-water-related matters—pursuant to Federal Rules of Evidence 401, 402, and 403.

Dated: November 30, 2023

Respectfully submitted,

*/s/ Theodore J. Leopold*
Theodore J. Leopold
**COHEN MILSTEIN SELLERS & TOLL PLLC**
2925 PGA Boulevard
Suite 220
Palm Beach Gardens, FL 33410
(561) 515-1400 Telephone
tleopold@cohenmilstein.com

*/s/ Michael L. Pitt*
Michael L. Pitt
Cary S. McGehee
**PITT MCGEHEE PALMER & RIVERS, P.C.**
117 West 4th Street
Suite 200
Royal Oak, MI 48067
(248) 398-9800 Telephone
mpitt@pittlawpc.com
cmcgehee@pittlawpc.com

5

Emmy L. Levens
**COHEN MILSTEIN SELLERS & TOLL PLLC**
1100 New York Ave. NW
Suite 500
Washington, DC 20005
(202) 408-4600 Telephone
kpierson@cohenmilstein.com
jsellers@cohenmilstein.com
elevens@cohenmilstein.com
jweiner@cohenmilstein.com

Stephen Morrissey
Jordan Connors
**SUSMAN GODFREY, L.L.P.**
1201 Third Ave.
Suite 3800
Seattle, WA 98101
(206) 516-3880 Telephone
smorrissey@susmangodfrey.com
jconnors@susmangodfrey.com
kpeaslee@susamangodfrey.com

Peretz Bronstein
Shimon Yiftach
**BRONSTEIN, GEWIRTZ & GROSSMAN, LLC**
60 East 42nd Street
Suite 4600
New York, NY 10165
(212) 697-6484 Telephone
peretz@bgandg.com
shimony@bgandg.com

Paul Novak (P39524)
Diana Gjonaj (P74637)
Gregory Stamatopoulos (P74199)
**WEITZ & LUXENBERG, P.C.**
3011 West Grand Boulevard
Suite 2150
Detroit, MI 48226
(313) 800-4170 Telephone
 pnovak@weitzlux.com
dgjonaj@weitzlux.com
gstamatopoulos@weitzlux.com

Esther E. Berezofsky
**MOTLEY RICE LLC**
Woodland Falls Corporate Center
210 Lake Drive East
Suite 101
Cherry Hill, NJ 08002
(856) 667-0500 Telephone
eberezofsky@motleyrice.com

Teresa Caine Bingman (P56807)
**THE LAW OFFICES OF TERESA A. BINGMAN, PLLC**
4131 Okemos Road
Suite 12
Okemos, MI 48864
(877) 957-7077 Telephone
tbingman@tbingmanlaw.com

Lear Jiang
**SUSMAN GODFREY, L.L.P.**
1900 Avenue of the Stars
Suite 950
Los Angeles, CA 90067
(310) 789-3100 Telephone
khoek@susmangodfrey.com

6

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing instrument was filed with the U.S. District Court through the ECF filing system and that all parties to the above case were served via the ECF filing system on November 30, 2023.

Dated: November 30, 2023            */s/ Esther Berezofsky*
                                                              Esther Berezofsky
                                                              **MOTLEY RICE LLC**
                                                              210 Lake Drive East, Suite 101
                                                              Cherry Hill, New Jersey 08002
                                                              856-667-0500 Telephone
                                                              Eberezofsky@motleyrice.com