UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| *In re Flint Water Cases* | Case No. 5:16-cv-10444-JEL-EAS (*Consolidated*)<br><br>Hon. Judith E. Levy<br><br>Mag. Elizabeth A. Stafford |

**CLASS PLAINTIFFS' MOTION *IN LIMINE* NO._10 TO EXCLUDE CERTAIN REFERENCES TO VEOLIA DEFENDANTS**

Class Plaintiffs respectfully make this motion *in limine* under Federal Rules of Evidence 401, 402, 403, and 408, seeking a pre-trial order excluding certain references to the Veolia Defendants. Specifically, Class Plaintiffs seek an order precluding Defendants from offering evidence, eliciting testimony, making arguments, or making reference to (1) Veolia as a "good" or benevolent company that engages, for instance, in corporate philanthropy or that has performed good deeds in communities outside of Flint, Michigan, and (2) the impact that an adverse ruling might have on Veolia as a company or its employees. Class Plaintiffs' motion is supported by the accompanying brief.

Class Plaintiffs conferred with counsel for Defendants regarding this motion and the relief Class Plaintiffs seek pursuant to Local Rule 7.1(a). Defendants oppose this motion.

Dated: November 30, 2023                                  Respectfully submitted,

By: */s/ Stephen Morrissey*
Stephen Morrissey
Jordan Connors
Katherine M. Peaslee
SUSMAN GODFREY, L.L.P.
401 Union Street, Suite 3000
Seattle, WA 98101
Telephone: (206) 516-3880
smorrissey@susmangodfrey.com
jconnors@susmangodfrey.com
kpeaslee@susmangodfrey.com
***EXECUTIVE COMMITTEE FOR CLASS PLAINTIFFS***

Michael L. Pitt
PITT MCGEHEE PALMER & RIVERS, P.C.
117 West 4th Street, Suite 200
Royal Oak, MI 48067
Telephone: (248) 398-9800
mpitt@pittlawpc.com
***CO-LEAD CLASS COUNSEL***

Lear Jiang
SUSMAN GODFREY, L.L.P.
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
(310) 789-3100 Telephone
(310) 789-3150 Facsimile
ljiang@susmangodfrey.com
***EXECUTIVE COMMITTEE FOR CLASS PLAINTIFFS***

Emmy L. Levens
COHEN MILSTEIN SELLERS & TOLL PLLC
1100 New York Ave. NW
Suite 500
Washington, DC 20005
Telephone: (202) 408-4600
elevens@cohenmilstein.com
***CO-LEAD CLASS COUNSEL***

Theodore J. Leopold
COHEN MILSTEIN SELLERS & TOLL PLLC
11780 U.S. Highway One, Suite N500
Palm Beach Gardens, FL 33408
Telephone: (561) 515-1400
tleopold@cohenmilstein.com
***CO-LEAD CLASS COUNSEL***

Peretz Bronstein
BRONSTEIN, GEWIRTZ &
GROSSMAN, LLC
60 East 42nd Street, Suite 4600
New York, NY 10165
Telephone: (212) 697-6484
peretz@bgandg.com
***EXECUTIVE COMMITTEE FOR
CLASS PLAINTIFFS***

Teresa A. Bingman
LAW OFFICES OF TERESA A.
BINGMAN, PLLC
4131 Okemos Road, Suite 12
Okemos, Michigan 48864
Telephone: (877) 957-7077
tbingman@tbingmanlaw.com
***EXECUTIVE COMMITTEE FOR CLASS PLAINTIFFS***

Esther E. Berezofsky
MOTLEY RICE LLC
210 Lake Dr. East, Suite 101
Cherry Hill, New Jersey 08002
Telephone: (856) 667-0500
eberezofsky@motleyrice.com
***EXECUTIVE COMMITTEE FOR
CLASS PLAINTIFFS***

Paul F. Novak (P39524)
WEITZ & LUXENBERG, P.C.
3011 W. Grand Blvd., Suite 2150
Detroit, MI 48202
Telephone: (313) 800-4170
pnovak@weitzlux.com
***EXECUTIVE COMMITTEE FOR CLASS PLAINTIFFS***

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| *In re Flint Water Cases* | Case No. 5:16-cv-10444-JEL-EAS (*Consolidated*) <br><br> Hon. Judith E. Levy <br><br> Mag. Elizabeth A. Stafford |

**CLASS PLAINTIFFS' MOTION *IN LIMINE* NO. 10 TO EXCLUDE CERTAIN REFERENCES TO VEOLIA DEFENDANTS**

## **STATEMENT OF ISSUES PRESENTED**

1. Whether the Court should enter a pre-trial order excluding evidence, testimony, argument, or reference to Veolia as a "good" or benevolent company that engages, for instance, in corporate philanthropy or that has performed good deeds in communities outside of Flint, Michigan, where such evidence, testimony, argument, or reference is not relevant to this action, will confuse the jury and prejudice Class Plaintiffs, and constitutes impermissible character evidence used to prove conformity with that evidence.

**Class Plaintiffs' Answer**: Yes.

2. Whether the Court should enter a pre-trial order excluding evidence, testimony, argument, or reference to the impact that an adverse ruling might have on Veolia as a company or its employees where such evidence, testimony, argument, or reference is not relevant to this action and will serve only to confuse the jury and prejudice Class Plaintiffs.

**Class Plaintiffs' Answer**: Yes.

## **CONTROLLING OR MOST APPROPRIATE AUTHORITY**

Fed. R. Evid. 401

Fed. R. Evid. 402

Fed. R. Evid. 403

Fed. R. Evid. 408

# INTRODUCTION

The Court should enter a pretrial order precluding certain evidence, testimony, argument, or reference to the corporate nature of the Veolia Defendants ("Veolia") or the impact of this suit on Veolia. Specifically, Class Plaintiffs seek pre-trial orders precluding (1) evidence, testimony, argument, or reference to Veolia as a "good" or benevolent company that engages, for instance, in corporate philanthropy or that has performed good deeds in communities outside of Flint, Michigan; and (2) evidence, testimony, argument, or reference to the impact that an adverse ruling might have on Veolia as a company or its employees. Such evidence should be excluded under Federal Rules of Evidence 401, 402, and 403, as it is not relevant to any issue in this case and would serve only to prejudice Plaintiffs, confuse the issues, mislead the jury, and waste time. Additionally, evidence or argument regarding the "good" corporate nature of Veolia or its benevolent deeds elsewhere should be excluded as impermissible character evidence under Rule 404.

### A. The Court Should Enter an Order Precluding Evidence, Testimony, Argument, or Reference to Veolia's "Good" Corporate Nature or Benevolent Actions Outside of Flint.

Veolia should not be allowed to introduce evidence, testimony, argument, or reference at trial suggesting that Veolia is a "good company" (including, for instance, statements that Veolia is a "good corporate citizen," or "employs a lot of

1

people") or a benevolent company that benefits society, donates to worthy causes, provides water services that improves people's lives, or has otherwise performed good deeds in communities outside of Flint, Michigan.

Evidence, argument, or implication regarding the "good" corporate nature of Veolia is not relevant to any fact at issue in this matter and should therefore be excluded under Rules 401 and 402. Courts regularly exclude evidence regarding the "good" corporate nature of a defendant or its positive actions unrelated to the litigation as irrelevant. *See, e.g., Sadler v. Advanced Bionics, LLC*, No. 3:11-CV-00450-TBR, 2013 WL 1385386, at *2 (W.D. Ky. Apr. 3, 2013) (excluding references to philanthropic good deeds and other bolstering activity attributable to manufacturing company and its founder as irrelevant); *Niver v. Travelers Indem. Co. of Illinois*, 433 F. Supp. 2d 968, 994-95, 1000-01 (N.D. Iowa 2006) ("The court finds that unrelated 'good acts' simply are not relevant pursuant to Rule 401, and therefore, not admissible pursuant to Rule 402…."); *U.S. ex rel. Kiro v. Jiaherb, Inc.*, CV 14-2484-RSWL-PLAX, 2019 WL 2869186, at *4 (C.D. Cal. July 3, 2019) (granting motion *in limine* seeking order that defendant "be precluded from introducing evidence regarding supposed 'good acts,' such as charitable contributions or community service performed by Defendant or its employees" because "any such evidence of 'good acts' is irrelevant to the alleged scheme"); *Levinson v. Westport Nat. Bank*, 3:09-CV-1955 VLB, 2013 WL 2181042, at *4 (D.

2

Conn. May 20, 2013) (granting plaintiff's motion *in limine* "to exclude evidence relating to the Bank's community involvement such as its charitable contributions and its practice of lending to local businesses . . . as such evidence is not relevant to any claim or defense at issue"); *In re Vioxx Products Liab. Litig.*, No. MDL 1657, 2005 WL 3164251, at *1 (E.D. La. Nov. 18, 2005) (granting plaintiff's motion *in limine* to exclude any evidence or testimony as to the defendant's good reputation and other good acts pursuant to Rule 401); *Knight v. Boehringer Ingelheim Pharm.*, Inc., 323 F. Supp. 3d 837, 854 (S.D.W. Va. 2018) (excluding "evidence or argument related to [defendant's] own good, company-wide reputation, its unrelated 'good' or charitable acts, or other corporate practices indicative of its social conscious that are unrelated to [the product at issue]"; *In re: Tylenol (Acetaminophen) Mktg.*, No. 2436, 2016 WL 3125428, at *11 (E.D. Pa. June 3, 2016), at *11 ("Evidence of the defendants' charitable work would have no probative value.").

The Court should also exclude such evidence or argument under Rule 403, as any reference to Veolia's purportedly "good" nature or benevolent actions will only serve to confuse the issues and mislead the jury. In *In re Yasmin & Yaz (Drospirenone) Mktg., Sales Practices & PMF Products Liab. Litig.*, No. 3:09-CV-10012-DRH, 2011 WL 6740391 (S.D. Ill. Dec. 22, 2011), the court granted a motion *in limine* to exclude evidence or argument regarding the "societal good the Defendants perform" by manufacturing drugs not at issue in that case. *Id.* at at *16.

As the court explained, "Bayer is not allowed to argue to the jury, even in the punitive damages phase, that it is the company that introduced a drug or drugs that greatly benefited society in an effort to have the jury overlook any wrong the jury might otherwise find with the contraceptive at issue here." *Id*. Veolia likewise should not be permitted to try and distract the jury's attention from its actions in Flint by pointing to good it may have done elsewhere. *See also Feighan v. Res. Sys. Group Inc.*, No. CV 20-03759 (BAH), 2023 WL 4623123, at *10 (D.D.C. July 19, 2023) (holding that corporate character evidence, even if otherwise admissible, "would be barred under Rule 403 because its minimal probative value is substantially outweighed by the potential confusion by distracting the jury from the specific facts at issue and potential undue prejudice should the jury rely on the propensity inference").

Finally, evidence of Veolia good corporate character or its "good acts" is not permitted under Federal Rule of Evidence 404. Rule 404(a) prohibits use of a defendant's character to prove that the defendant acted in accordance with that character in a given instance.[1] Rule 404(b) similarly precludes the use of evidence of any other act to prove a defendant's character in order to show that the defendant acted on a particular occasion in accordance with that character. While Rule 404(b)

---

[1] While the text of Rule 404 refers to evidence regarding a "person's" character, the Rule does not define "person," and "Rule 404 is regularly applied to corporations." *Feighan*, 2023 WL 4623123, at *9 (collecting cases).

4

is most commonly utilized to exclude "bad acts," it also applies to "good acts" used to prove that a corporation had the propensity to act in a "good" manner. *See, e.g., Ansell v. Green Acres Contracting Co.*, 347 F.3d 515, 520 (3rd Cir. 2003) (evidence of "good character or propensity not to discriminate" was "classic propensity evidence that is inadmissible under Rule 404(b)"). The Court should thus exclude evidence, argument, or implication that Veolia is a "good company" or that it does good deeds or benefits other communities as inadmissible character evidence used to prove conforming conduct. *Feighan*, 2023 WL 4623123, at *10 (granting request to exclude "general evidence of defendant's corporate character" under Rule 404 or, alternatively Rule 403); *In re Davol, Inc./C.R. Bard, Inc., Polypropylene Hernia Mesh Products Liab. Litig.*, 510 F. Supp. 3d 538, 546 (S.D. Ohio 2020) (excluding evidence of "[d]efendants' charitable acts that are unrelated to the development of its devices" as inadmissible "propensity evidence" used by defendants "to induce the jury to conclude that because Defendants have a good corporate character, it is unlikely that they behaved poorly in manufacturing and marketing the [product at issue]"); *Tylenol*, 2016 WL 3125428, at *11 ("Evidence of the defendants' 'good corporate character' is not admissible in the defendants' case-in-chief under Rule 404(a).").

**B.     The Court Should Enter an Order Precluding Evidence, Testimony, Argument, or Reference to the Potential Impact of an Adverse Ruling on Veolia or its Employees.**

Evidence, testimony, argument, or reference to the potential impact of a jury verdict in Plaintiffs' favor should be excluded under Rules 401 and 402 as irrelevant. Additionally, even were such evidence to have even minimal probative value, that value would be outweighed by risk of prejudice to Plaintiffs and jury confusion such that the Court should exclude it under Rule 403.

Courts regularly exclude evidence or argument regarding the potential impact of an adverse ruling on a defendant as irrelevant and/or prejudicial, and thus inadmissible. *See, e.g., Sadler*, 2013 WL 1385386, at *3 ("evidence regarding the effect of this or other lawsuits on . . . the ability of device manufacturers to develop new products, the profitability of medical device companies, or the impact of this litigation on [the defendant's] employees" is inadmissible); *Tylenol,* 2016 WL 3125428, at *5 (granting plaintiff's motion to exclude argument or evidence that a verdict for the plaintiff will or could result in people losing their jobs or lead to lay-offs as "irrelevant to the issues of this case" and "unduly prejudicial"), at *6 (excluding any indication that defendants may have to pay a judgment entered in this case, that defendant have limited policy limits or cash, or the effect of such judgment on ability of defendants to compete); *In re Levaquin Products Liab. Litig.*, No. CIV. 08-5742 JRT, 2011 WL 6888533, at *1 (D. Minn. Dec. 29, 2011) (granting

6

plaintiff's motion *in limine* to exclude "evidence that this or any other case in the multidistrict litigation ("MDL") may have a negative impact on Defendants' stock values"); *In re Vioxx Products Liab. Litig.*, No. MDL 1657, 2005 WL 3164251, at *1 (E.D. La. Nov. 18, 2005) (granting plaintiff's motion *in limine* to exclude "[a]ny reference that this case or any Vioxx case may have a negative impact on Merck's stock price or any other publicly traded pharmaceutical manufacturer" under Rules 401 and 403); *see also Yasmin*, 2011 WL 6740391, at *16 (granting plaintiff's motions to exclude "[a]ny comment, evidence, testimony, inference or document mentioning, suggesting or inferring that if Defendants are made to pay a judgment that it may negatively affect the Illinois economy or the economy of any state" and granting stipulated motion to exclude evidence or argument suggesting "that a verdict for the Plaintiff will or could result in people losing their job or lead to lay-offs").

The Court should do what courts around the country regularly do and enter an order precluding Veolia from introducing evidence, testimony, argument or reference regarding the impact of an adverse ruling on Veolia given that such evidence or argument has no conceivable relevance to this case and can serve only to prejudice Plaintiffs.

7

## **CONCLUSION**

For these reasons, the Court should enter a pre-trial order precluding (1) evidence, testimony, argument, or reference to Veolia as a "good" or benevolent company that engages, for instance, in corporate philanthropy or that has performed good deeds in communities outside of Flint, Michigan; and (2) evidence, testimony, argument, or reference to the impact that an adverse ruling might have on Veolia as a company or its employees.

Dated: November 30, 2023                                    Respectfully submitted,

By: */s/ Stephen Morrissey*
Stephen Morrissey
Jordan Connors
Katherine M. Peaslee
SUSMAN GODFREY, L.L.P.
401 Union Street, Suite 3000
Seattle, WA 98101
Telephone: (206) 516-3880
smorrissey@susmangodfrey.com
jconnors@susmangodfrey.com
kpeaslee@susmangodfrey.com
***EXECUTIVE COMMITTEE FOR CLASS PLAINTIFFS***

Theodore J. Leopold
COHEN MILSTEIN SELLERS
& TOLL PLLC
11780 U.S. Highway One, Suite N500
Palm Beach Gardens, FL 33408
Telephone: (561) 515-1400
tleopold@cohenmilstein.com
***CO-LEAD CLASS COUNSEL***

Lear Jiang
SUSMAN GODFREY, L.L.P.
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
(310) 789-3100 Telephone
(310) 789-3150 Facsimile
ljiang@susmangodfrey.com
***EXECUTIVE COMMITTEE FOR CLASS PLAINTIFFS***

Emmy L. Levens
COHEN MILSTEIN SELLERS &
TOLL PLLC
1100 New York Ave. NW
Suite 500
Washington, DC 20005
Telephone: (202) 408-4600
elevens@cohenmilstein.com
***CO-LEAD CLASS COUNSEL***

Michael L. Pitt
PITT MCGEHEE PALMER & RIVERS, P.C.
117 West 4th Street, Suite 200
Royal Oak, MI 48067
Telephone: (248) 398-9800
mpitt@pittlawpc.com
*CO-LEAD CLASS COUNSEL*

Peretz Bronstein
BRONSTEIN, GEWIRTZ & GROSSMAN, LLC
60 East 42nd Street, Suite 4600
New York, NY 10165
Telephone: (212) 697-6484
peretz@bgandg.com
*EXECUTIVE COMMITTEE FOR CLASS PLAINTIFFS*

Teresa A. Bingman
LAW OFFICES OF TERESA A. BINGMAN, PLLC
4131 Okemos Road, Suite 12
Okemos, Michigan 48864
Telephone: (877) 957-7077
tbingman@tbingmanlaw.com
*EXECUTIVE COMMITTEE FOR CLASS PLAINTIFFS*

Esther E. Berezofsky
MOTLEY RICE LLC
210 Lake Dr. East, Suite 101
Cherry Hill, New Jersey 08002
Telephone: (856) 667-0500
eberezofsky@motleyrice.com
*EXECUTIVE COMMITTEE FOR CLASS PLAINTIFFS*

Paul F. Novak (P39524)
WEITZ & LUXENBERG, P.C.
3011 W. Grand Blvd., Suite 2150
Detroit, MI 48202
Telephone: (313) 800-4170
pnovak@weitzlux.com
*EXECUTIVE COMMITTEE FOR CLASS PLAINTIFFS*

9

## CERTIFICATE OF SERVICE

I hereby certify that on November 30, 2023, I caused the foregoing to be electronically filed with the Clerk of the Court using the Court's electronic submission system. Notice of the filing was sent to all parties by operation of the Court's electronic filing system. I declare the above statement is true and to the best of my knowledge, information, and belief.

*/s/ Katherine M. Peaslee*