UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

|  |  |
|---|---|
| *In re Flint Water Cases* | Case No. 5:16-cv-10444-JEL-EAS<br><br>Hon. Judith E. Levy<br><br>Mag. Elizabeth A. Stafford |

**CLASS PLAINTIFFS' MOTION *IN LIMINE* NO. 8
REGARDING GENERALIZED DEROGATORY STATEMENTS
OR CHARACTERIZATIONS OF GOVERNMENTAL OFFICIALS
AND EMPLOYEES**

Class Plaintiffs file this motion *in limine* to preclude defense counsel from making generalized statements that vilify governmental officials or the effectiveness of government at trial or presenting testimony or evidence regarding the same. Such subjective comments are not relevant to any fact in issue at trial. Rather, they are intended to inflame the jury or capitalize on juror predispositions to distrust the government. Any faint probative value they may have is outweighed by the risk of confusion and unfair prejudice.

Class counsel met and conferred with counsel for VNA Defendants about the subject of this motion pursuant to Local Rule 7.1 and were unable to agree as to the relief sought.

Dated: November 30, 2023

Respectfully submitted,

By: */s/ Paul F. Novak*
Paul F. Novak (P39524)
Gregory Stamatopoulos (P74199)
WEITZ & LUXENBERG, P.C.
3011 West Grand Boulevard, Floor 24
Detroit, MI 48202
Telephone: (313) 800-4170
pnovak@weitzlux.com
gstamatopoulos@weitzlux.com

*Attorneys for Class Plaintiffs*

By: */s/ Theodore J. Leopold*
Theodore J. Leopold
COHEN MILSTEIN SELLERS
& TOLL PLLC
11780 U.S. Highway One, Suite N500
Palm Beach Gardens, FL 33408
Telephone: (561) 515-1400
tleopold@cohenmilstein.com

***CO-LEAD CLASS COUNSEL***

By: */s/ Michael L. Pitt*
Michael L. Pitt
PITT MCGEHEE PALMER
& RIVERS, P.C.
117 West 4th Street, Suite 200
Royal Oak, MI 48067
Telephone: (248) 398-9800
mpitt@pittlawpc.com

***CO-LEAD CLASS COUNSEL***

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | |
|---|---|
| *In re Flint Water Cases* | Case No. 5:16-cv-10444-JEL-EAS <br><br> Hon. Judith E. Levy <br><br> Mag. Elizabeth A. Stafford |

**MEMORANDUM IN SUPPORT OF CLASS PLAINTIFFS' MOTION *IN LIMINE* NO. 8 REGARDING GENERALIZED DEROGATORY STATEMENTS OR CHARACTERIZATIONS OF GOVERNMENTAL OFFICIALS AND EMPLOYEES**

## CONCISE STATEMENT OF THE ISSUES PRESENTED

Whether VNA Defendants should be precluded from presenting generalized derogatory statements or testimony about government officials that have no probative value and are likely to be prejudicial to Class Plaintiffs.

**Plaintiffs answer:** "Yes."

**Veolia's answer:** "No."

## CONTROLLING OR MOST APPROPRIATE AUTHORITY

Pursuant to E.D. Michigan L.R. 7.1(d)(2), Class Plaintiffs state that the controlling/most appropriate authorities for Class Plaintiffs' Motion *in Limine* No. 8 are:

- Fed. R. Evid. 401 and 403

- *United States v. Burns*, 298 F.3d 523 (6th Cir. 2002)

- *United States v. Sherrill*, 972 F. 3d 752 (6th Cir. 2020)

This motion seeks to preclude the introduction of evidence or the presentation of argument by VNA counsel that generally refers to government or governmental employees in a derogatory manner that is irrelevant and designed to prejudice the jury.

## LEGAL STANDARDS

"By making evidentiary rulings ahead of trial, the Court can facilitate wise preparation by the parties and prepare a smooth path for trial—particularly by casting aside inadmissible evidence that might confuse or prejudice the jury." *Dixon v. Grand Trunk W. R.R. Co.*, No. 2:13-14340, 2017 WL 5166868 at *1 (E.D. Mich. Nov. 8, 2017) (citing *Figgins v. Advance Am. Cash Advance Ctrs. of Michigan, Inc.*, 482 F. Supp. 2d 861, 865 (E.D. Mich. 2007). Whether to grant a motion *in limine* is a matter of discretion for the district court. *Louzon v. Ford Motor Co.*, 718 F.3d 556, 560 (6th Cir. 2013).

A motion *in limine* is also a useful way to prevent prejudicial references during argument by counsel at trial. "An opening statement is designed to allow each party to present an objective overview of the evidence intended to be introduced at trial." *United States v. Burns*, 298 F.3d 523, 543 (6th Cir. 2002). "It is not appropriate for a [litigant] to 'use the opening statement to poison the jury's mind.'" *Id*. (internal citations omitted). Limiting a party's opening statement is a matter of discretion for the district court. *Burns*, 298 F.3d at 543.

# ARGUMENT

**Defense Counsel Should Be Precluded from Making Generally Derogatory Characterizations or Submitting Generalized Testimony that Suggests Government Official Ineffectiveness or Incompetence Because Such Statements Are Irrelevant and Designed to Prejudicially Capitalize on Juror Sentiments toward the Government.**

Only relevant evidence is admissible. Fed. R. Evid. 402. Evidence is "relevant" when "it has any tendency to make a fact more or less probable than it would be without the evidence" and "the fact is of consequence in determining the action." Fed. R. Evid. 401. Even when evidence is admissible, Federal Rule of Evidence 403 permits a court to exclude evidence or testimony "if its probative value is substantially outweighed by danger of…unfair prejudice, confusing the issues, [or] misleading the jury…". "'Unfair prejudice,' as used in Rule 403…refers to evidence which tends to suggest decision on an improper basis." *United States v. Sherrill*, 972 F. 3d 752, 765 (6th Cir. 2020).

Here, the Court should bar Defendants from making generally derogatory characterizations of government officials or submitting testimony to the same effect. During opening arguments in the Flint Water Bellwether I trial, for example, counsel for VNA made repeated derogatory references to the loaded terms "politicians and bureaucrats." Flint Bellwether I (Feb. 28, 2022) Trial Transcript, 88:12–15; 89:17–19; 90:19–21; 92:17–19; 106:1–4. VNA counsel referred to "the politicians and bureaucrats in charge of the city's water" as "arrogan[t]" and contended that

2

Case 5:16-cv-10444-JEL-EAS    ECF No. 2713, PageID.88838    Filed 11/30/23    Page 9 of 13

"politicians [ ] tied one hand behind VNA's back." Flint Bellwether I (Feb. 28, 2022) Trial Transcript, 88:14–15; 91:23; 92:18–19; 109;17–19. Similarly, VNA intends to submit the testimony of Dr. Marc Edwards of Virginia Tech, who testified that he would classify MDEQ's actions as "[those] of people who have screwed things up beyond belief and are trying to bullshit their way out of it[,]" and "part of a sequence of steps, unfortunate steps to evade responsibility and try to bullshit people, draw attention away from real problems that were affecting the City of Flint." **Exhibit A** (Edwards Dep. Tr.), 251:24–252:2; 250:5–8.

These generalized characterizations are not relevant because they do not tend to make any fact at issue in the case any more or less probable. Rather, they are intended to inflame the jury or capitalize on a juror's existing skepticism of the government; both of which are improper. Further, in a trial where the jury will be asked to apportion fault, such remarks pose a grave risk of inviting the jury to disregard the objective evidence and abdicate its factfinding responsibility in favor of deferring to the subjective conclusions of defense counsel.

VNA will not be prejudiced by being precluded from generally referring, either in the argument of counsel or the presentation of witness testimony, to government officials as "politicians and bureaucrats" or making other generalized derogatory statements about their incompetence or ineffectiveness. To the extent that they are able to present objective, specific and relevant evidence of governmental

3

wrongdoing without the need to resort to generalized derogatory characterizations, they may do so. But these generalized comments are clearly intended to shift culpability in the mind of jurors away from ***actual specific conduct*** and towards jurors' general preconceived notions about the competence of government. This is improper, unduly prejudicial to Class Plaintiffs, and runs the risk that when the jury is asked to consider the fault of VNA Defendants, it will give undue weight to preconceived notions about governmental competence. Allowing such highly subjective, generalized comments which effectively assign blame to the government that is not tied to specific conduct creates a risk of confusing the jury and inviting the jury to decide the case on an "improper basis." *Sherrill*, 972 F.3d at 765. Therefore, the Court should not permit Defendant to make such remarks, or present such testimony, during trial.

## CONCLUSION

Accordingly, Plaintiff respectfully requests that the Court grant this motion *in limine* and preclude defense counsel from making generalized comments or presenting evidence that vilify government officials as "politicians and bureaucrats" or otherwise question the effectiveness or competence of government generally. The risk of confusing the jury and causing unfair prejudice is substantially outweighed by any probative value such comments may carry and Defendants are not materially

prejudiced as they are still permitted to present specific, objective and relevant evidence of governmental wrongdoing.

Dated: November 30, 2023

Respectfully submitted,

*By: /s/ Paul F. Novak*
Paul F. Novak (P39524)
Gregory Stamatopoulos (P74199)
WEITZ & LUXENBERG, P.C.
3011 West Grand Boulevard, Floor 24
Detroit, MI 48202
Telephone: (313) 800-4170
pnovak@weitzlux.com
gstamatopoulos@weitzlux.com

*Attorneys for Class Plaintiffs*

*By: /s/ Theodore J. Leopold*
Theodore J. Leopold
COHEN MILSTEIN SELLERS
& TOLL PLLC
11780 U.S. Highway One, Suite N500
Palm Beach Gardens, FL 33408
Telephone: (561) 515-1400
tleopold@cohenmilstein.com

***CO-LEAD CLASS COUNSEL***

*By: /s/ Michael L. Pitt*
Michael L. Pitt
PITT MCGEHEE PALMER
& RIVERS, P.C.
117 West 4th Street, Suite 200
Royal Oak, MI 48067
Telephone: (248) 398-9800
mpitt@pittlawpc.com

***CO-LEAD CLASS COUNSEL***

6

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 30, 2023, I electronically filed the above document(s) with the Clerk of the Court using the ECF System, which will provide electronic copies to counsel of record.

Respectfully submitted,

*/s/ Paul F. Novak*
Paul F. Novak