# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| ELNORA CARTHAN, et al.,<br>　　　　　　　Plaintiffs,<br><br>v.<br><br>RICK SNYDER, et al.,<br>　　　　　　　Defendants. | Case No. 5:16-cv-10444-JEL-MKM<br>Hon. Judith E. Levy |

_____

**DEFENDANTS VEOLIA NORTH AMERICA, LLC, VEOLIA NORTH AMERICA, INC., AND VEOLIA WATER NORTH AMERICA OPERATING SERVICES, LLC'S MOTION TO SEAL PORTIONS OF THE MOTION TO EXCLUDE TESTIMONY OF CLASS REPRESENTATIVES, CLASS MEMBERS, AND COMMUNITY MEMBERS AND ACCOMPANYING EXHIBITS**

Defendants Veolia North America, LLC, Veolia North America, Inc., and Veolia Water North America Operating Services, LLC (VNA) move this Court under E.D. Mich. Local Rule 5.3(b) and this Court's Confidentiality Order, ECF No. 1162-3, for an order to seal portions of VNA's Motion to Exclude the Testimony of Class Representatives, Class Members, and Community Members; to seal portions of two exhibits attached to the motion; and to provisionally seal in its entirety a third exhibit attached to the motion. VNA asks the Court to seal these items because they were designated by Class Plaintiffs as either "Confidential" or "Highly Confidential" under this Court's Confidentiality Order, as they include medical and other personal information of class representatives and identifying information of minor children

and their medical conditions. The specific items that VNA requests to seal are further described in the brief supporting this motion.

VNA has provided the motion and first two exhibits in redacted and unredacted form, with the language that VNA proposes to redact highlighted on the unredacted versions. VNA also provides the final exhibit that is to be provisionally sealed in its entirety. Further, as Local Rule 7.1(a) requires, VNA conferred with Plaintiffs' counsel concerning this motion. Plaintiffs agree with the requested relief.

Respectfully submitted,

**CAMPBELL, CONROY & O'NEIL P.C.**

By: */s/ James M. Campbell*
James M. Campbell
Alaina N. Devine
20 City Square, Suite 300
Boston, MA 02129
(617) 241-3000
jmcampbell@campbell-trial-lawyers.com
adevine@campbell-trial-lawyers.com

**MAYER BROWN LLP**

By: */s/ Michael A. Olsen*
Michael A. Olsen
71 S. Wacker Dr.
Chicago, IL 60606
(312) 701-7120
molsen@mayerbrown.com

*Attorneys for Veolia North America, LLC, Veolia North America, Inc., and Veolia Water North America Operating Services, LLC*

Dated: November 30, 2023

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| ELNORA CARTHAN, et al., <br>　　　　　　Plaintiffs, <br><br>v. <br><br>RICK SNYDER, et al., <br>　　　　　　Defendants. | Case No. 5:16-cv-10444-JEL-MKM <br> Hon. Judith E. Levy |

_____

**BRIEF IN SUPPORT OF DEFENDANTS VEOLIA NORTH AMERICA, LLC, VEOLIA NORTH AMERICA, INC., AND VEOLIA WATER NORTH AMERICA OPERATING SERVICES, LLC'S MOTION TO SEAL PORTIONS OF THE MOTION TO EXCLUDE TESTIMONY OF CLASS REPRESENTATIVES, CLASS MEMBERS, AND COMMUNITY MEMBERS AND ACCOMPANYING EXHIBITS**

## STATEMENT OF ISSUES PRESENTED

1. Should the Court permit VNA to file under seal certain portions of its Motion to Exclude the Testimony of Class Representatives, Class Members, and Community Members as well as two exhibits accompanying the motion, and provisionally seal in its entirety a third exhibit?

    **VNA answers:** "Yes."

    **Class Plaintiffs answer:** "Yes."

## CONTROLLING OR MOST APPROPRIATE AUTHORITIES

*Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*,
    825 F.3d 299 (6th Cir. 2016)

E.D. Mich. L. R. 5.3(b)

## INTRODUCTION

VNA moves this Court for an order to shield from public disclosure certain information contained in VNA's Motion to Exclude the Testimony of Class Representatives, Class Members, and Community Members and three exhibits attached to the motion, which are transcripts of class members' depositions that Class Plaintiffs have deemed confidential because the transcripts include medical and other sensitive information. VNA files this motion to advance the purposes of this Court's Confidentiality Order and to afford Class Plaintiffs the chance to protect private information to the extent consistent with the Sixth Circuit's mandate in *Shane Group* and this Court's own prior orders on confidential information.

## LEGAL STANDARD

"[T]rial courts have always been afforded the power to seal their records" under certain circumstances. *In re Knoxville News-Sentinel Co.*, 723 F.2d 470, 474 (6th Cir. 1983); Fed. R. Civ. P. 5.2(d); L.R. 5.3(b).

"[C]ourts have long recognized . . . a 'strong presumption in favor of openness' as to court records." *Shane Group, Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299, 305 (6th Cir. 2016). But "the presumptive right of the public to inspect and copy judicial documents and files" may be overcome when the "interests of privacy outweigh the public's right to know." *In re Knoxville News-Sentinel*, 723 F.2d at 474; *see Shane Grp.*, 825 F.3d at 307 (stating that the "interests

1

in favor of closure" should be weighed with "the public interest in access to court records"). To justify a sealing order, a party "must provide compelling reasons to seal the documents and demonstrate that the sealing is narrowly tailored to those reasons." *Beauchamp v. Fed. Home Loan Mortg. Corp.*, 658 F. App'x 202, 207 (6th Cir. 2016). The moving party may satisfy its burden on a motion to seal filings by "showing that 'disclosure will work a clearly defined and serious injury.'" *Shane Grp.*, 825 F.3d at 307. E.D. Mich. Local Rule 5.3(b)(3)(A) outlines the specific steps that a party must take to make the required showing in this district.

This Court's prior decisions on similar documents in this case drive the outcome here. "The law-of-the-case doctrine provides that courts' earlier decisions should continue to govern the same issues in subsequent stages in the same case." *United States v. $31,000.00 in U.S. Currency*, 774 F. App'x 288, 293 (6th Cir. 2019).

In filing this motion, VNA does not concede any part of Plaintiffs' claims. *See* E.D. Mich. L.R. 5.3(b)(3)(C)(iv) ("Statements made in any motions or responses to motions filed under this rule are not admissible by any party to prove or disprove any element of a disputed claim."); Order Granting in Part Mot. to Seal 4 n.2, ECF No. 358, PageID.22370. Further, filing items under seal does not establish that those items will be sealed when presented at trial. *See* Order Granting in Part Mot. to Seal 4 n.2, ECF No. 358, PageID.22370; Tr. of July 29, 2020, Status Conference 19, *In re Flint Water Litig.*, ECF No. 1224, PageID.38474.

## ARGUMENT

VNA seeks to file the following information under seal:

| Document Description | Objections | Pages | Confidential Nature (including any third-party or non-party interests) |
|---|---|---|---|
| Brief In Support Of Motion to Exclude Testimony of Class Representatives, Class Members, and Community Members | none | 4, 14, 18 | Plaintiffs' medical and other personal information; minors' medical information |
| Exhibit 2 to Motion to Exclude Testimony of Class Representatives, Class Members, and Community Members: Excerpts of Deposition of Darrell Davis | none | 69, 70, 71, 78, 79, 80, 91, 92, 93 | Plaintiffs' medical and other personal information |
| Exhibit 3 to Motion to Exclude Testimony of Class Representatives, Class Members, and Community Members: Excerpts of Deposition of Barbara Davis | none | 117, 118, 130, 154-156, 158-166, 168, 169 | Plaintiffs' medical and other personal information |
| Exhibit 4 to Motion to Exclude Testimony of Class Representatives, Class Members, and Community Members: Excerpts of Deposition of Rhonda Kelso | none | Entire document | Plaintiffs' medical and other personal information; minors' identifying information and medical information |

Plaintiffs identified the medical and other personal information that is confidential in Exhibits 2 and 3 above. Plaintiffs had not yet identified all confidential information in Exhibit 4 at the time that VNA filed its Motion to Exclude Testimony

3

of Class Representatives, Class Members, and Community Members. Plaintiffs therefore asked VNA to filed Exhibit 4 provisionally under seal in its entirety.

Legal authority justifies sealing the confidential information that VNA has identified. *See* E.D. Mich. L.R. 5.3(b)(3)(A)(iv). The Sixth Circuit has recognized the need to seal documents to protect "the privacy interests of participants or third parties." *Hardesty v. Kroger Co.,* No. 16-cv-298, 2020 WL 3545676, at *1 (S.D. Ohio June 30, 2020) (citing *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1179 (6th Cir. 1983)). To that end, the Sixth Circuit has sealed documents that "refer[] to sensitive medical or personal identifying information." *Russell v. U.S. R.R. Ret. Bd.,* No. 19-3800, slip op. at 2 (6th Cir. Mar. 10, 2020), ECF No. 17-2. Federal Rule of Civil Procedure 5.2(a) also requires parties to redact certain information including "the name of an individual known to be a minor."

VNA is seeking to seal the type of information that courts, including this Court, have said should be sealed. The information includes medical and other sensitive personal information about the class representatives and identifying and medical information about minor children. This type of information has been designated as "Confidential" or "Highly Confidential" by Plaintiffs under the existing Confidentiality Order. *See* E.D. Mich. L.R. 5.3(b)(3)(A)(iii). VNA is not aware of significant non-party or third-party interests that would be affected if this information were to be publicized, but this motion will also afford any of those

4

persons the chance to come forward and argue their own interests, too. And sealing this information should not impair the public's ability to meaningfully evaluate the substance of Plaintiffs' or VNA's arguments on the merits of this case. The Court previously has granted VNA's motion to seal similar information. *See* Order Granting in Part Mot. to Seal 4-6, ECF No. 358, PageID.22370-22372.

## CONCLUSION

For these reasons, VNA asks this Court to grant the motion to seal and permit VNA to redact or seal the items listed.

Respectfully submitted,

| | |
|---|---|
| **CAMPBELL, CONROY & O'NEIL P.C.** | **MAYER BROWN LLP** |
| By: */s/ James M. Campbell* | By: */s/ Michael A. Olsen* |
| James M. Campbell | Michael A. Olsen |
| Alaina N. Devine | 71 S. Wacker Dr. |
| 20 City Square, Suite 300 | Chicago, IL 60606 |
| Boston, MA 02129 | (312) 701-7120 |
| (617) 241-3000 | molsen@mayerbrown.com |
| jmcampbell@campbell-trial-lawyers.com | |
| adevine@campbell-trial-lawyers.com | |

*Attorneys for Veolia North America, LLC, Veolia North America, Inc., and Veolia Water North America Operating Services, LLC*

Dated: November 30, 2023

5

## CERTIFICATE OF SERVICE

I hereby certify that on November 30, 2023, I electronically filed this document with the Clerk of the Court using the ECF System, which will send notification to the ECF counsel of record.

By: */s/ James M. Campbell*
James M. Campbell
jmcampbell@campbell-trial-lawyers.com