# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| *In re Flint Water Cases* | Case No. 5:16-cv-10444-JEL-EAS (*Consolidated*) <br><br> Hon. Judith E. Levy <br><br> Mag. Elizabeth A. Stafford |

**CLASS PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION [ECF NO. 2696] TO EXCLUDE EVIDENCE ABOUT VNA EMPLOYEES' PERSONAL FEELINGS ABOUT THE FLINT WATER CRISIS AND WHAT THEY WOULD HAVE DONE DIFFERENTLY IN HINDSIGHT**

## STATEMENT OF ISSUES PRESENTED

1. Should the Court rule as it did at the Bellwether I trial and admit evidence regarding whether Veolia's employees believe that Veolia made mistakes or otherwise should have acted differently in performing its work for the City of Flint, where such evidence is relevant to whether Veolia in fact made mistakes and the Court will instruct the jury on the relevant standard of care?

**Class Plaintiffs' Answer**: Yes.

## **CONTROLLING OR MOST APPROPRIATE AUTHORITY**

Fed. R. Evid. 401

Fed. R. Evid. 402

Fed. R. Evid. 403

*United States v. Ramer*, 883 F.3d 659 (6th Cir. 2018)

# **INTRODUCTION**

Veolia's motion conflates multiple issues in an effort to paint probative, admissible testimony regarding whether or not Veolia's employees believe it made mistakes in Flint as irrelevant or unfairly prejudicial. Veolia seeks to exclude both (1) "evidence about VNA employees' personal feelings about the water crisis" and (2) evidence regarding whether Veolia's employees believe that Veolia should have done anything differently with respect to their work for the City of Flint. However, the former point is moot: Class Plaintiff's have no intention of asking Veolia's witnesses about their "personal feelings" regarding the water crisis or its impact on Flint's residents. Indeed, none of the deposition questions from Class Counsel that Veolia lists in its motion ask for testimony regarding a witness's emotional response to the Flint water crisis. *See* ECF No. 2696, PageID.87696–97. Veolia's motion nevertheless groups together testimony about emotional responses—which this Court excluded in the Bellwether I matter—with entirely ***different*** testimony about an employees' views on whether Veolia made mistakes in Flint—which this Court rightly allowed. *Vanderhagen v. VNA*, No. 17-10164 (E.D. Mich.), ECF No. 658, PageID.43586–87 (Order denying in part Veolia's motion *in limine*). As the Court explained with respect to testimony regarding whether Veolia could or should have done something different when performing its duties in Flint, "Whether VNA's employees believe that mistakes were made during their work for the City of Flint

1

is plainly probative of whether VNA in fact did make mistakes." *Id*. at PageID.43586. That is correct and supported by Sixth Circuit law. The Court should once again deny Veolia's request to exclude testimony regarding whether Veolia's employees believe Veolia made mistakes in Flint or should have done something differently with respect to its work on behalf of the City.

## ARGUMENT

### A.   Evidence regarding whether Veolia believes it made mistakes or otherwise should have acted differently in Flint is relevant.

"Evidence having *any* tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence' is relevant." *United States v. Sumlin*, 956 F.3d 879, 888 (6th Cir. 2020) (emphasis in original, citation and alteration omitted). The Sixth Circuit "applies an 'extremely liberal' standard for relevancy." *United States v. Ramer*, 883 F.3d 659, 681 (6th Cir. 2018) (citation omitted). As this Court has already correctly held, evidence regarding whether Veolia's employees believe Veolia made mistakes in Flint meets that threshold. *Vanderhagen*, No. 17-10164, ECF No. 658, PageID.43587.

Veolia mischaracterizes this Court's prior ruling when it claims that "[t]his Court agreed previously that VNA employees' personal feelings about a possible breach of a standard of care is irrelevant because it does not bear on an objective standard." ECF No. 2696, PageID.87701 (citing *Vanderhagen*, No. 17-10164, ECF

2

No. 658, PageID.43585–87). To the extent "personal feelings about a possible breach of a standard of care" includes an employees' views about whether Veolia made mistakes performing its work for Flint, this Court expressly permitted such testimony as "plainly probative of whether VNA in fact did make mistakes." *Vanderhagen*, No. 17-10164, ECF No. 658, PageID.43586. That is correct, and Veolia's motion offers no basis for reversing course on that ruling.

Veolia cites a number of cases for the proposition that a person's hindsight view that they should have acted differently does not establish their negligence. *See* ECF No, 2696, PageID.87702.[1] As this Court previously recognized, that is beside the point: "evidence need not prove a point on its own to be relevant under Federal Rule of Evidence 401." *Vanderhagen*, No. 17-10164, ECF No. 658, PageID.43586. The Court's ruling accords with binding circuit precedent. As the Sixth Circuit has repeatedly made clear, "[e]ven if a district court believes the evidence is insufficient

---

[1] Notably, none of the cases cited by Veolia for this proposition address the admissibility of evidence supporting the fact of a parties' mistake. *See White v. Taylor Distrib. Co., Inc*., 275 Mich. App. 615, 623, 739 N.W.2d 132, 137 (2007), *aff'd,* 482 Mich. 136, 753 N.W.2d 591 (2008) (holding that factual questions related to alleged negligence precluded summary disposition); *Trenkamp v. Keyser*, No. 342479, 2019 WL 3000918, at *7 (Mich. Ct. App. July 9, 2019) (discussing whether the court should have delivered a comparative negligence instruction); *Oostdyk ex rel. Budd v. Caledonia Cmty. Sch*., No. 312607, 2014 WL 588063, at *5 (Mich. Ct. App. Feb. 13, 2014) (finding summary judgment was appropriate due to lack of fact question); *Henderson v. City of Melvindale*, No. 342679, 2019 WL 6245831, at *7 (Mich. Ct. App. Nov. 21, 2019) (unambiguous evidence precluded finding genuine question of fact).

3

to prove the ultimate point for which it is offered, it may not exclude the evidence if it has the slightest probative worth." *Sumlin*, 956 F.3d at 888 (quoting *DXS, Inc. v. Siemens Med. Sys., Inc.*, 100 F.3d 462, 475 (6th Cir. 1996)); *United States v. Inzunza-Arenas*, 831 F.App'x 778, 783 (6th Cir. 2020) ("[E]vidence may not be excluded merely because it is insufficient to prove the ultimate point for which it is offered, so long as 'it has the slightest probative worth." (quoting *United States v. Whittington*, 455 F.3d 736, 738–39 (6th Cir. 2006)).

Veolia also points to the jury instructions used by the Court in the Bellwether I matter, which instructed the jury that "the standard of care is what a water engineer of ordinary learning, judgment, or skill in the Flint community or a similar one during the relevant time, 2013-2015, would do, or would not do, under the same or similar circumstances during the relevant time you find to exist in this case," as somehow supporting the exclusion of evidence regarding whether Veolia's employees believe Veolia made mistakes in Flint. ECF No. 2696, PageID.87703. They do not. As this Court explained, relevant evidence need not prove the ultimate issue—in this instance, whether Veolia's conduct met the standard of care. *Vanderhagen*, No. 17-10164, ECF No. 658, PageID.43586. The standard the jury must apply to reach its liability verdict thus does not mean that admissible evidence is limited to only that which on its own proves or disproves whether Veolia met the standard of care. Indeed, far from supporting Veolia's request to exclude, the jury

4

instructions cited by Veolia support the admissibility of the evidence at issue: as this Court stated in the Bellwether I matter, "[b]ecause appropriate jury instructions and effective examination will prevent misapplication of the standard of care, exclusion is unnecessary." *Vanderhagen*, No. 17-10164, ECF No. 658, PageID.43586–87. That remains true here.

Veolia cites *Edwards v. Tummala*, 2001 WL 1512041 (Mich. Ct. App. Nov. 27, 2001), as supporting the Court's Bellwether I instruction to the jury that it should consider Veolia's conduct under an objective standard—instructions that simply underscore the lack of any potential prejudice (and thus the admissibility) of evidence regarding whether Veolia's employees believe it made errors in Flint.[2] But putting the issue of jury instructions aside, the facts of *Edwards* do not support exclusion of evidence regarding Veolia employees' views on whether it made mistakes in Flint. In *Edwards*, the question was whether a doctor of reasonably prudent skill would have recognized a tumor on a patient's x-ray—the fact that a

---

[2] Veolia cites a number of cases for the proposition that the jury should not use hindsight to evaluate Veolia's conduct. *See* ECF No. 2696, PageID.87703 n.1. This is again beside the point: testimony regarding whether Veolia's own employees believe Veolia made mistakes in Flint is relevant to whether Veolia in fact made mistakes. That is in turn relevant to, but does not on its own establish, whether Veolia acted appropriately given the information it had at the time. There is no inconsistency between the Court's ruling admitting relevant testimony on the one hand, and jury instructions—including those issued by this Court—instructing the jury to consider Veolia's conduct based on how a reasonable engineer would have acted at the time on the other.

tumor ***actually existed*** was not in question. Consequently, a prior x-ray to which the defendant doctor did not have access and which made the tumor's presence clearer was irrelevant. In other words, the sole fact the excluded prior x-ray could help establish was whether or not the plaintiff actually had a tumor, and that was not a fact at issue. Here, by contrast, whether or not Veolia made any mistakes in performing its work for Flint is very much a factual question, and Veolia employees' testimony on that point unquestionably has some tendency to make that fact more or less likely. Fed. R. Evid. 401 (Evidence is relevant if it has "any tendency to make a fact more or less probable); *see Sumlin*, 956 F.3d at 888 (evidence is relevant if it has the "slightest probative worth"); *Inzunza-Arenas*, 831 F.App'x at 783 (same).

### B. Evidence regarding whether Veolia believes it made mistakes or otherwise should have acted differently in Flint does not unfairly prejudice Veolia.

Veolia's arguments regarding the purported prejudice that it would face should the Court deny its motion primarily address the possible prejudice from jurors focusing on "post-hoc emotional responses of individual employees" given their "personal feelings about the water crisis." ECF No. 2696, PageID.87705. Class Plaintiffs do not intend to elicit testimony about Veolia's "emotional responses." And the sole basis Veolia offers for excluding relevant testimony about whether Veolia made mistakes or should have acted differently in Flint is that the jury could "become confused and apply the wrong legal standard"—a concern that is properly

6

addressed through jury instructions and Veolia's own witness examinations. *See supra*, p.4; *Vanderhagen*, No. 17-10164, ECF No. 658, PageID.43586–87 ("Where a witness' answer appears to be based purely on hindsight, VNA's own questioning can make this explicit.").

## CONCLUSION

For the reasons set forth here, the Court should rule as it did in advance of the Bellwether I trial and deny Veolia's motion to exclude testimony regarding whether Veolia's employees believe Veolia made mistakes or should have acted differently during the course of their work for the City of Flint.

Dated: December 14, 2023                                   Respectfully submitted,

By: */s/ Stephen Morrissey*
Stephen Morrissey                                          Theodore J. Leopold
Jordan Connors                                             COHEN MILSTEIN SELLERS
Katherine M. Peaslee                                       & TOLL PLLC
SUSMAN GODFREY, L.L.P.                                     11780 U.S. Highway One, Suite N500
401 Union Street, Suite 3000                               Palm Beach Gardens, FL 33408
Seattle, WA 98101                                          Telephone: (561) 515-1400
Telephone: (206) 516-3880                                  tleopold@cohenmilstein.com
smorrissey@susmangodfrey.com                               *CO-LEAD CLASS COUNSEL*
jconnors@susmangodfrey.com
kpeaslee@susmangodfrey.com
*EXECUTIVE COMMITTEE FOR*
*CLASS PLAINTIFFS*

Lear Jiang                                                 Emmy L. Levens
SUSMAN GODFREY, L.L.P.                                     COHEN MILSTEIN SELLERS &
1900 Avenue of the Stars, Suite 1400                       TOLL PLLC
Los Angeles, CA 90067                                      1100 New York Ave. NW
(310) 789-3100 Telephone                                   Suite 500
(310) 789-3150 Facsimile                                   Washington, DC 20005

ljiang@susmangodfrey.com
***EXECUTIVE COMMITTEE FOR CLASS PLAINTIFFS***

Michael L. Pitt
PITT MCGEHEE PALMER & RIVERS, P.C.
117 West 4th Street, Suite 200
Royal Oak, MI 48067
Telephone: (248) 398-9800
mpitt@pittlawpc.com
***CO-LEAD CLASS COUNSEL***

Peretz Bronstein
BRONSTEIN, GEWIRTZ & GROSSMAN, LLC
60 East 42nd Street, Suite 4600
New York, NY 10165
Telephone: (212) 697-6484
peretz@bgandg.com
***EXECUTIVE COMMITTEE FOR CLASS PLAINTIFFS***

Esther E. Berezofsky
MOTLEY RICE LLC
210 Lake Dr. East, Suite 101
Cherry Hill, New Jersey 08002
Telephone: (856) 667-0500
eberezofsky@motleyrice.com
***EXECUTIVE COMMITTEE FOR CLASS PLAINTIFFS***

Telephone: (202) 408-4600
elevens@cohenmilstein.com
***CO-LEAD CLASS COUNSEL***

Teresa A. Bingman
LAW OFFICES OF TERESA A. BINGMAN, PLLC
4131 Okemos Road, Suite 12
Okemos, Michigan 48864
Telephone: (877) 957-7077
tbingman@tbingmanlaw.com
***EXECUTIVE COMMITTEE FOR CLASS PLAINTIFFS***

Paul F. Novak (P39524)
WEITZ & LUXENBERG, P.C.
3011 W. Grand Blvd., Suite 2150
Detroit, MI 48202
Telephone: (313) 800-4170
pnovak@weitzlux.com
***EXECUTIVE COMMITTEE FOR CLASS PLAINTIFFS***

8

9

### CERTIFICATE OF SERVICE

I hereby certify that on December 14, 2023, I caused the foregoing to be electronically filed with the Clerk of the Court using the Court's electronic submission system. Notice of the filing was sent to all parties by operation of the Court's electronic filing system. I declare the above statement is true and to the best of my knowledge, information, and belief.

*/s/ Katherine M. Peaslee*