# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

ELNORA CARTHAN, et al.,

               Plaintiffs,

v.

RICK SNYDER, et al.,

               Defendants.

Case No. 5:16-cv-10444-JEL-MKM
Hon. Judith E. Levy

---

**DEFENDANTS VEOLIA NORTH AMERICA, LLC, VEOLIA NORTH AMERICA, INC., AND VEOLIA WATER NORTH AMERICA OPERATING SERVICES, LLC'S BRIEF IN OPPOSITION TO CLASS PLAINTIFFS' MOTION *IN LIMINE* NO. 5 TO PRECLUDE EVIDENCE, ARGUMENTS, OR REFERENCE TO CRIMINAL OR OTHER CIVIL PROCEEDINGS RELATED TO THE FLINT WATER CRISIS**

## STATEMENT OF ISSUES PRESENTED

1.    Should the Court exclude evidence, argument, or reference to other civil and

criminal proceedings that relate to the Flint Water Crisis?

**VNA answers:**  "No"

**Plaintiffs answer:**  "Yes."

## CONTROLLING OR MOST APPROPRIATE AUTHORITIES

*Davis v. Alaska*, 415 U.S. 308 (1974)

*United States v. Musgrave*, 483 F.2d 327 (5th Cir. 1973)

*United States v. Robinson*, 530 F.2d 1076 (D.C. Cir. 1976)

Fed. R. Evid. 401

Fed. R. Evid. 402

Fed. R. Evid. 403

# TABLE OF CONTENTS

**Page**

INTRODUCTION ...................................................................................................1

BACKGROUND ....................................................................................................2

LEGAL STANDARD .............................................................................................4

ARGUMENT ..........................................................................................................5

    I.   The Motion *In Limine* Should Be Denied To The Extent That It Prohibits References To Criminal Indictments Of Witnesses To Show Bias ................5

    II.  The Motion *In Limine* Should Be Denied To The Extent That It Seeks To Foreclose Reference To Settlements To Alleviate Jury Confusion ...............7

CONCLUSION .......................................................................................................8

## INTRODUCTION

Class Plaintiffs ask the Court to preclude VNA from "introducing evidence, making arguments, or otherwise referencing separate legal proceedings arising from the Flint Water Crisis." Br. in Supp. of Pls. Mot. *in Limine* No. 5 to Preclude Evidence, Testimony, Argument or Reference to Criminal or Other Civil Proceedings Related to the Flint Water Crisis 5, ECF No. 2704, PageID.88515 (Pls. Br.). They also ask the Court to preclude VNA from referring to the role that attorneys, including some of Class Plaintiffs' attorneys, are playing in other cases related to the Flint Water Crisis. *Id.* at 4, PageID.88514. VNA does not intend to refer to the activities of any Plaintiffs' attorneys beyond this case. Nor does VNA intend to refer to other legal claims asserted against VNA related to the Flint water crisis. Accordingly, the Court should deny those aspects of Class Plaintiffs' motion as moot.

Moreover, as explained in VNA's opposition to Class Plaintiffs' motion *in limine* No. 3, the Court should deny Class Plaintiffs' motion to the extent that it seeks to prohibit VNA from asking whether witnesses have previously been indicted. As the Court held in the first bellwether, VNA should be allowed to explore those witnesses' potential biases by asking them whether they were indicted. Order 7, *In re Flint Water Cases (Bellwether I)*, No. 17-cv-10164, ECF No. 701, PageID.45659.

1

In addition, for the reasons discussed in VNA's opposition to Class Plaintiffs' motion *in limine* No. 4, the Court should deny Class Plaintiffs' motion to the extent that it prohibits reference to the fact that Class Plaintiffs settled with other parties or prohibits referring to the settlements to alleviate jury confusion. As Class Plaintiffs themselves propose and VNA agrees, the Court should provide the jury with an instruction about why the settling defendants are absent from trial. Br. in Supp. of Pls. Mot. *in Limine* No. 4 to Preclude Any Evidence, Argument, or Reference to Any Claims Previously Asserted by Class Plaintiffs that are No Longer Pending 4, ECF No. 2706, PageID.88551 (Pls.' Br. MIL No. 4); VNA Opp. to Pls. Mot. *in Limine* No. 4, at 10-11. Further, it is premature for the Court to preemptively prohibit any reference to the settlements. VNA may need to refer to the settlements in order to alleviate jury confusion that arises during trial.

## BACKGROUND

Michigan spent years investigating City and State officials for possible criminal conduct that contributed to the Flint water crisis. While Governor Snyder was in office, fifteen individuals were charged with crimes arising out of the water crisis. Paul Egan, *These Are the 15 People Criminally Charged in the Flint Water Crisis*, Detroit Free Press (June 14, 2017), https://bit.ly/3JfJ6Iy. After Governor Snyder left office in 2019, a new criminal investigation into the water crisis began, ultimately resulting in criminal charges against nine officials, including former

2

Governor Snyder; former Health Director Nick Lyon; former Chief Medical Executive Dr. Eden Wells; former Flint emergency managers Gerald Ambrose and Darnell Earley; former Flint Director of Public Works Howard Croft; and Nancy Peeler, the former manager for the early childhood section within Michigan's Department of Health and Human Services. *See* Sarah Childress & Abby Ellis, *Nine Former Michigan Officials, Including Ex-Gov. Rick Snyder, Charged in Flint Water Crisis*, Frontline (Jan. 14, 2021), https://to.pbs.org/3ecqJpJ.  Those charges have now been dismissed on procedural grounds.  *See* Press Release, Flint Water Prosecution Team Responds to Michigan Supreme Court's Decision on Last Remaining Flint Water Crisis Charges Against Rick Snyder, Mich. Dep't of Att'y Gen. (Oct. 31, 2023), https://bit.ly/41tjKAr.

As explained in VNA's motion *in limine* to admit certain factual statements in Class Plaintiffs' complaint, Class Plaintiffs originally alleged that 24 defendants, in addition to VNA, are responsible for their injuries.  VNA's Mot. *in Limine* to Admit Factual Statements in the Compl. 1, ECF No. 2702, PageID.88174.  The defendants include many of the public officials who faced criminal charges, including former Governor Snyder and the other officials mentioned above.  *Id.* at 2, PageID.88175.

Class Plaintiffs have settled (either finally or preliminarily) their claims against all defendants other than VNA.  Accordingly, the upcoming issue-class trial

will proceed solely against VNA.  One question the jury will decide is whether other entities and individuals identified by VNA as non-parties at fault under Michigan's fair-share-liability statute breached duties that they owed to class members and, if so, the degree of fault that should be attributed to those entities and individuals.

## LEGAL STANDARD

Relevant evidence is generally admissible.  Fed. R. Evid. 402.  Evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence" and "the fact is of consequence in determining the action."  Fed. R. Evid. 401.  District courts should "grant a motion to exclude evidence *in limine* 'only when [that] evidence is clearly inadmissible on all potential grounds.'"  *Lefebvre v. Citizens Ins. Co. of the Midwest*, No. 14-cv-13312, 2015 WL 6694030, at *1 (E.D. Mich. Nov. 3, 2015) (quoting *Ind. Ins. v. Gen. Elec. Co.*, 326 F. Supp. 2d 844, 846 (N.D. Ohio 2004)).

Federal Rule of Evidence 403 states that a district court "may exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . unfair prejudice."  The party opposing the evidence's admission bears the burden to show that the evidence is inadmissible under Rule 403.  *Gray v. City of Detroit*, No. 2:18-cv-12146, 2021 WL 2885807, at *7 (E.D. Mich. July 9, 2021).  "[O]nly *unfair* prejudice factors into the Rule 403 analysis."  *United States v. Lloyd*, 462 F.3d 510, 517 (6th Cir. 2006).

4

Under both federal and Michigan law, the existence—but not the terms—of a settlement can be disclosed to the jury if doing so is necessary to avoid or alleviate jury confusion. *Kennon v. Slipstreamer, Inc.*, 794 F.2d 1067, 1070 (5th Cir. 1986) (federal law); *Estate of Carlsen v. Sw. Michigan Emergency Servs., PC*, 338 Mich. App. 678, 694-96 (2021) (Michigan law).

## ARGUMENT

### I.      The Motion *In Limine* Should Be Denied To The Extent That It Prohibits References To Criminal Indictments Of Witnesses To Show Bias

In the first bellwether, the Court allowed VNA to "explore witness' biases by asking them whether they have been indicted." Order 8, *In re Flint Water Cases (Bellwether I)*, No. 17-cv-10164, ECF No. 701, PageID.45660.

Nevertheless, Class Plaintiffs ask the Court to preclude VNA from referring to any of the criminal proceedings because they purportedly would not be "relevant to deciding the issues in this case." Pls. Br. 13, PageID.88513. Not so. As the Supreme Court has explained, "[t]he partiality of a witness is subject to exploration at trial, and is always relevant as discrediting the witness and affecting the weight of his testimony." *Davis v. Alaska*, 415 U.S. 308, 316 (1974) (internal quotation marks omitted).

As set forth in its opposition to Class Plaintiffs' Motion *in Limine* No. 3, VNA intends to ask the previously indicted witnesses whether they were indicted. This Court previously allowed VNA to do so, explaining that "[p]ointing out that a

5

witness has been indicted through cross-examination is a permissible and effective way of exploring that witness's bias."  Order 7, *In re Flint Water Cases (Bellwether I)*, No. 17-cv-10164, ECF No. 701, PageID.45659.

That the indictments have since been dismissed on procedural grounds changes nothing.  The indictments very publicly accused the officials of serious wrongdoing.  As a result, the officials—all of whom are public figures and all or some of whom may have future political aspirations—continue to have a powerful interest in clearing their names by shifting the blame away from themselves.  The fact that the indictments were dismissed on mere procedural grounds means that the witnesses have a particular motivation to use their testimony in the upcoming trial to clear their names in the court of public opinion.  VNA should be allowed to ask the witnesses whether they have been indicted in connection with their role in Flint so that jurors are aware of that motivation, which bears heavily on the credibility of the officials' testimony.[1]  *See United States v. Musgrave*, 483 F.2d 327, 338 (5th Cir. 1973) ("[W]here the evidence of an arrest or accusation arises out of the transaction from which the trial arose, it is admissible to show interest or bias on the part of the

---

[1]   The dismissal of witnesses' indictments is particularly irrelevant to the extent that Class Plaintiffs plan to introduce the witnesses' deposition testimony.  The jury would be entitled to know that the witnesses testified while under threat of criminal prosecution.  And if the witnesses testify at trial, they will presumably testify consistently with their prior depositions, and jurors should know the witnesses previously testified while under threat of indictment.

witness."); *see also United States v. Robinson*, 530 F.2d 1076, 1079 (D.C. Cir. 1976) (jurors "must be sufficiently informed of the underlying relationships, circumstances and influences operating on the witness so that, in light of his experience, he can determine whether a mutation in testimony could reasonably be expected as a probable human reaction" (internal quotation marks omitted)).  Accordingly, the Court should deny Class Plaintiffs' Motion *in Limine* to the extent that it prohibits this line of questioning.

## II.    The Motion *In Limine* Should Be Denied To The Extent That It Seeks To Foreclose Reference To Settlements To Alleviate Jury Confusion

Class Plaintiffs' motion also could be read to ask the Court to preclude any reference to their settlements with other parties.  The motion should be denied to the extent that it conflicts with the parties' shared position that jurors should be informed that Class Plaintiffs settled with other parties.  *See Kennon*, 794 F.2d at 1070; *Carlsen*, 338 Mich. App. at 694-96; *see also* Pls.' Br. MIL No. 4, at 4, PageID.88551; VNA Opp. to Pls. Mot. *in Limine* No. 4, at 10-11.

The motion also should be denied to the extent that it would preemptively foreclose all references to additional facts concerning the settlements, even if such references become necessary to avoid jury confusion.  As explained in more detail in VNA's opposition to Class Plaintiffs' Motion *in Limine* No. 4, it is impossible to predict what may occur at trial that may require additional references to the settlements to avoid jury confusion.  Indeed, in the first bellwether, this Court

acknowledged the potential need for a corrective jury instruction if a witness were to inadvertently mention that Class Plaintiffs had settled with certain parties.  Tr. of Jan. 19, 2022, Hrg. 55:10-57:10, *In re Flint Water Cases (Bellwether I)*, No. 17-cv-10164, ECF No. 646, PageID.43402-43404.  The Court should therefore deny Class Plaintiffs' motion to the extent that it bears on evidence regarding the settlements. *Cf.* Order 3, *In re Flint Water Cases (Bellwether I)*, No. 17-cv-10164, ECF No. 650, PageID.43560 (declining to "premature[ly] . . . exclude" certain evidence); Order 3, *In re Flint Water Cases (Bellwether I)*, No. 17-cv-10164, ECF No. 665, PageID.43722 ("there is no reason to pre-emptively bar" certain evidence).

## CONCLUSION

The Court should deny Class Plaintiffs' motion to the extent that Class Plaintiffs seek to preclude VNA from referring to the criminal indictments to establish a witness's bias.  The Court also should deny Class Plaintiffs' motion to the extent that Class Plaintiffs seek to preclude references to the settlements in order to alleviate jury confusion.  The remaining aspects of Class Plaintiffs' motion should be denied as moot since VNA has no intention of eliciting the evidence covered by those aspects of the motion.

*Respectfully submitted,*

**CAMPBELL, CONROY & O'NEIL P.C.**

By: /s/ *James M. Campbell*
James M. Campbell
Alaina N. Devine
20 City Square, Suite 300
Boston, MA 02129
(617) 241-3000
jmcampbell@campbell-trial-lawyers.com
adevine@campbell-trial-lawyers.com

**MAYER BROWN LLP**

By: /s/ *Michael A. Olsen*
Michael A. Olsen
71 South Wacker Drive
Chicago, IL 60606
(312) 701-7120
molsen@mayerbrown.com

*Attorneys for Veolia North America, LLC, Veolia North America, Inc., and Veolia Water North America Operating Services, LLC*

Dated:  December 14, 2023

## CERTIFICATE OF SERVICE

I hereby certify that on December 14, 2023, I electronically filed this document with the Clerk of the Court using the ECF System, which will send notification to the ECF counsel of record.

By:     /s/ *James M. Campbell*
        James M. Campbell
        jmcampbell@campbell-trial-lawyers.com