# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| ELNORA CARTHAN, et al.<br>           Plaintiffs,<br><br>v.<br><br>RICK SNYDER, et al.<br>           Defendants. | Case No. 5:16-cv-10444-JEL-MKM<br>Hon. Judith E. Levy |

_____

**DEFENDANTS VEOLIA NORTH AMERICA, LLC, VEOLIA NORTH AMERICA, INC., AND VEOLIA WATER NORTH AMERICA OPERATING SERVICES, LLC'S BRIEF IN OPPOSITION TO CLASS PLAINTIFFS' MOTION *IN LIMINE* NO. 8 ABOUT GENERALIZED DEROGATORY STATEMENTS OR CHARACTERIZATIONS OF GOVERNMENTAL OFFICIALS AND EMPLOYEES**

## STATEMENT OF ISSUE PRESENTED

1. Should the Court prohibit VNA from making statements or introducing witness testimony that includes what Class Plaintiffs deem to be derogatory language about government officials?

    **VNA answers:** "No."

    **Plaintiffs answer:** "Yes."

## CONTROLLING OR MOST APPROPRIATE AUTHORITIES

*Raab v. Wendel*, No. 16-cv-1396, 2019 WL 13155219 (E.D. Wis. Nov. 14, 2019)

*United States v. Jones*, 55 F.4th 496 (6th Cir. 2022)

*United States v. Konicov*, 49 F. App'x 607 (6th Cir. 2002)

Fed. R. Evid. 401

Fed. R. Evid. 403

## TABLE OF CONTENTS

Page

INTRODUCTION ..................................................................................................1

BACKGROUND ....................................................................................................2

LEGAL STANDARD..............................................................................................3

The Court Should Not Bar VNA's Counsel And Witnesses From Using Certain Language About Government Officials..................................................................4

    A.    The Court Should Not Agree To Police VNA's Counsel's Word Choice About Government Officials At Trial........................................4

    B.    There Is No Support For Excluding Dr. Edwards's Testimony Because Of The Words That He Used ...................................................7

CONCLUSION.......................................................................................................9

## INTRODUCTION

Class Plaintiffs seek to police the language that VNA's counsel and witnesses use when referring to government officials during the issue-class trial. Specifically, they seek to bar VNA from describing government officials as "politicians and bureaucrats" or using similar language. They also object to the particular language that Dr. Marc Edwards uses in a couple of snippets of deposition testimony that VNA may wish to play for the jury. The language that Class Plaintiffs identify is not inflammatory, and Class Plaintiffs make no argument that would justify its prohibition.

Courts have stated on many occasions that counsel must be given latitude to effectively make their points in opening statements and closing arguments. The same logic applies to the words a witness chooses to use. It is standard practice for arguing counsel to use vivid language to keep the jury's attention and bring to life the parties' themes. If the tepid words identified by Class Plaintiffs—such as "politicians," "bureaucrats," and "screwed things up"—are banned from the courtroom, then the Court will have to monitor and decide objections on all manner of rhetoric during the trial, wasting the Court's time and severely hampering counsels' presentation of the evidence and argument. That would go not just for VNA, but also for Class Plaintiffs themselves. The Court should reject Class Plaintiffs' invitation to act as the language police. If there is an issue about specific

1

rhetoric at trial, the Court may address it when it arises. But there is no basis for a blanket exclusion before trial.

## BACKGROUND

During the Bellwether I trial, VNA's counsel referred to certain government officials as "politicians and bureaucrats." Trial Tr. 88:14-15, *In re Flint Water Cases (Bellwether I)*, No. 5:17-cv-10164 ECF No. 775, PageID.47985. In defending VNA's performance of its engagement, VNA's counsel told the jury that "politicians [] tied one hand behind VNA's back." *Id.* at 92:18-19, PageID.47989. Class Plaintiffs ask the Court to bar VNA from using this and similar language in the upcoming issue-class trial. Br. in Supp. of Pls. Mot. *in Limine* No. 8 to Exclude Generalized Derogatory Statements (Pls. Br.) 2-3, ECF No. 2713, PageID.88837-88838.

Class Plaintiffs also ask the Court to bar VNA from playing for the jury Dr. Edwards's statements in his deposition that government officials "screwed things up and [were] . . . trying to [BS] their way out of [the crisis]." Edwards Dep. 251:24-252:2, ECF No. 2713-2, PageID.88848-88849. Class Plaintiffs agree that the portions of Dr. Edwards's testimony about government failures is relevant, but they seek to exclude it because they take issue with his word choice. Pls. Br. 3-4, PageID.88838-88839.

2

## LEGAL STANDARD

Relevant evidence is generally admissible. Fed. R. Evid. 402. Evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence" and "the fact is of consequence in determining the action." Fed. R. Evid. 401.

Federal Rule of Evidence 403 states that a district court "may exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . unfair prejudice." The party opposing the evidence's admission bears the burden to show that the evidence is inadmissible under Rule 403. *Gray v. City of Detroit*, No. 2:18-cv-12146, 2021 WL 2885807, at *7 (E.D. Mich. July 9, 2021). "[O]nly *unfair* prejudice factors into the Rule 403 analysis." *United States v. Lloyd*, 462 F.3d 510, 517 (6th Cir. 2006).

Courts give counsel significant leeway to make their case in both opening statements and in closing arguments. *See United States v. Jones*, 55 F.4th 496, 502 (6th Cir. 2022); *Slappy v. City of Detroit*, No. 19-cv-10171, 2021 WL 2986284, at *9 (E.D. Mich. July 15, 2021). That leeway extends to "some degree of colorful phrasing" in presenting arguments to the jury. *Grafton v. Davids*, No. 2:18-cv-12855, 2020 WL 6130875, at *6 (E.D. Mich. Oct. 19, 2020) (internal quotation marks omitted).

3

# ARGUMENT

**The Court Should Not Bar VNA's Counsel And Witnesses From Using Certain Language About Government Officials**

## A. The Court Should Not Agree To Police VNA's Counsel's Word Choice About Government Officials At Trial

Class Plaintiffs argue that the Court should bar VNA's counsel from referring to government officials as "politicians and bureaucrats" because, in their view, these are derogatory "loaded terms." Pls. Br. 2-3, PageID.88838-88839. Class Plaintiffs provide no authority for this extraordinary request.

The Sixth Circuit has expressly held that counsel have "wide latitude" to make their cases in their arguments to the jury. *Jones*, 55 F.4th at 502 (internal quotation marks omitted). That includes being allowed to use "strong or colorful" language. *Grafton*, 2020 WL 6130875, at *6; *see id.* at *4, *6 (holding that counsel was permitted to describe events as "crazy and preposterous" and opposing arguments as "red herrings"). Courts accordingly reject attempts to preemptively police opposing counsel's rhetoric. For example, the plaintiffs in *Raab v. Wendel*, No. 16-cv-1396, 2019 WL 13155219 (E.D. Wis. Nov. 14, 2019), moved to prevent defendants from using the terms "raid" or "take over of the hotel," or from describing a plaintiff's actions as "illegal." *Id.* at *6. The court denied the motion, explaining that there is no authority that generally justifies prohibiting defense counsel or defense witnesses

4

from using "strong" language, and that the specific words at issue were not unduly prejudicial just because they were unfavorable to plaintiffs. *Id.* at *7.

There similarly is no basis for preemptively limiting VNA's counsel's language here. The terms "politicians" and "bureaucrats" are not derogatory, inflammatory, or even slang. To the contrary, they are factual descriptions of the individuals at issue: A "politician" is "one actively engaged in conducting the business of a government," *Politician*, Merriam-Webster Online (2023), https://shorturl.at/oHJ25, and a "bureaucrat" is "a worker in a government agency," *Bureaucrat*, Merriam-Webster Online (2023), https://shorturl.at/prEG1. It thus would be entirely appropriate for VNA to use "politicians" and "bureaucrats" to describe the elected and appointed officials and the government workers who played a significant role in causing or prolonging the Flint water crisis.

Class Plaintiffs argue that the words "politicians" and "bureaucrats" will stir up the "jurors' general preconceived notions about the competence of government." Pls. Br. 4, PageID.88839. But they offer nothing beyond their say-so to show that the words "politicians" and "bureaucrats" are especially fraught or inflammatory— indeed, so inflammatory that they are *per se* impermissible. Nor do they point to any case law finding this or similar language inappropriate. If these words somehow are inappropriate, then the Court will have to monitor and rule on objections on all

5

manner of rhetoric during the trial—used by *either* side—which would waste the Court's time and severely hamper the presentation of the evidence.

Notably, courts routinely allow the use of far more overtly derogatory language. For example, in *United States v. Konicov*, 49 F. App'x 607 (6th Cir. 2002), the Sixth Circuit held that the prosecutor's comments "comparing [the defendant] to a 'tax cheat' and 'con man,'" while "unflattering characterizations to be sure," were within the permissible bounds of attorney argument. *Id.* at 609. The court noted that, in using that language, "the government was merely setting forth the evidence it would present in its case and what it would demonstrate," and it explained that "[t]he government must be given leeway to argue reasonable inferences from the evidence." *Id.*[1]

There also is no risk of confusing or misleading the jury, or of undue prejudice. If (as Class Plaintiffs suggest) the terms "politicians and bureaucrats" imply incompetence, that would be entirely consistent with VNA's non-party case, in which VNA intends to put on evidence showing that the government officials

---

[1] *See, e.g.*, *United States v. Rude*, 88 F.3d 1538, 1548 (9th Cir. 1996) (agreeing that "opening and closing remarks, while containing an element of righteous indignation, were within the boundaries of proper openings and summations" where prosecutors used the words "'victim,' 'deceit,' 'misrepresentation,' 'falsehoods,' 'fictitious business entity,' 'outlandish,' 'gibberish,' and even 'charlatan' and 'scam,'" among others); *Gonzalez v. Kuhlman*, No. 95-2282, 1996 WL 364548, at *3 (2d. Cir. July 2, 1996) (prosecutor's reference to the defendant as a "liar," a "wild animal" "contained colorful language" but "did not exceed the bounds of proper argument").

6

responsible for the Flint water crisis acted incompetently.  If Class Plaintiffs disagree with that view—despite having sued the same officials for the same conduct—they are free to make their arguments to the jury and to present supporting evidence.  If the jury does not believe VNA, it will rule against VNA.  *See Raab*, 2019 WL 13155219, at *7 ("If the defendants' attorneys or witnesses choose words that the jury concludes are too strong or unjustified, it may work against them.").  Further, if Class Plaintiffs believe that any particular use of the terms "politicians" and "bureaucrats" is particularly prejudicial in context, they can object at that point.  There just is no basis for a blanket exclusion before trial.

### B. There Is No Support For Excluding Dr. Edwards's Testimony Because Of The Words That He Used

Class Plaintiffs also seek to exclude portions of Dr. Edwards's deposition that refer to government officials in a negative light.  Pls. Br. 3, PageID.88838 (citing Edwards Dep. Tr. 250:5-8**,** 251:54-252:2).  But they cite no decisions holding that a Court may restrict the words that a witness can employ.

In the relevant passages of Dr. Edwards's deposition, Dr. Edwards was testifying about his personal observations of what occurred during the Flint water crisis.  Dr. Edwards chose his language—not VNA.  He made his own decision about how to convey his views.  His testimony about the failings of government officials is directly relevant to VNA's defense and to the key element of causation.  None of this testimony generally insults government officials.  Nor would his testimony

7

evoke a strong emotional reaction that would cause the jury to set aside the evidence. *See Nusbaum v. Enlighten Family Chiropractic, LLC*, No. 19-cv-10223, 2023 WL 315719, at *3 (E.D. Mich. Jan. 19, 2023). So there is no basis for the Court to censor his answers.

Class Plaintiffs seek to exclude Dr. Edwards's statements that government officials "screwed things up and [were] . . . trying to [BS] their way out" of the Flint water crisis. Edwards Dep. Tr. 251:24-252:2. But they have provided no evidence or authority to suggest that Dr. Edwards's use of that language will cause the jury to make its decision based on pre-existing negative views or any other inappropriate basis for decision—Class Plaintiff provide only their say so. The fact that Dr. Edwards's words are harsh and unfavorable to Class Plaintiffs' position does not mean that his words will cause unfair prejudice. *Raab*, 2019 WL 13155219, at *7. No party should get to police the specific words that a witness uses to describe relevant events in response to questioning.

## CONCLUSION

The Court should deny Class Plaintiffs' motion to restrict the words that VNA's counsel and Dr. Edwards can use at trial when referring to government officials.

*Respectfully submitted,*

| | |
|---|---|
| **CAMPBELL, CONROY & O'NEIL P.C.** | **MAYER BROWN LLP** |
| By: /s/ *James M. Campbell* <br> James M. Campbell <br> Alaina N. Devine <br> 20 City Square, Suite 300 <br> Boston, MA 02129 <br> (617) 241-3000 <br> jmcampbell@campbell-trial-lawyers.com <br> adevine@campbell-trial-lawyers.com | By: /s/ *Michael A. Olsen* <br> Michael A. Olsen <br> 71 South Wacker Drive <br> Chicago, IL 60606 <br> (312) 701-7120 <br> molsen@mayerbrown.com |

*Attorneys for Veolia North America, LLC, Veolia North America, Inc., and Veolia Water North America Operating Services, LLC*

Dated:  December 14, 2023

9

## CERTIFICATE OF SERVICE

I, James M. Campbell, hereby certify that on December 14, 2023, I electronically filed this document with the Clerk of the Court using the ECF system, which will send notification to the ECF counsel of record.

<u>/s/ James M. Campbell</u>
James M. Campbell
jmcampbell@campbell-trial-lawyers.com