UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| *IN RE*: FLINT WATER CASES. | Case No. 5:16-cv-10444-JEL-MKM (Consolidated) |
| This Document Relates To: | Hon. Judith E. Levy |
| ALL CASES | |

## VEOLIA NORTH AMERICA, LLC, VEOLIA NORTH AMERICA, INC. AND VEOLIA WATER NORTH AMERICA OPERATING SERVICES, LLC'S RESPONSE TO PLAINTIFFS' NOTICE OF OBJECTION TO <u>DESIGNATIONS OF PROTECTED MATERIAL (ECF #2688)</u>

Defendants Veolia North America, LLC, Veolia North America, Inc. and Veolia Water North America Operating Services, LLC ("VNA") respond to Plaintiffs' Notice of Objection to Designations of Protected Material (ECF No. 2688) as follows:

## <u>PRELIMINARY STATEMENT</u>

Plaintiffs challenge the confidentiality designations on 250 of VNA's documents. Nearly all of the challenged documents relate to VNA's work with the City of Detroit. They are not relevant to Plaintiffs' claims. And Plaintiffs have no legitimate, litigation-related reason to bring these challenges. Indeed, Plaintiffs admit that their goal is to share these irrelevant documents with the media in a purported effort to "level the playing field." (ECF No. 2688, PageID.87273.)

Plaintiffs' challenges are based on several misunderstandings of the law:

- *No Presumptive Public Right of Access:* The challenged documents were all exchanged during discovery. None of them is an adjudicatory record. No public right of access attaches to private discovery materials. *See Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 33 (1984).[1]

- *The Court Has Already Made a "Good Cause" Finding:* Plaintiffs seek to distinguish *Seattle Times*, arguing that "this Court has **not** entered a protective order covering the challenged documents." ECF No. 2672, PageID.86930 (emphasis in original). Plaintiffs are just wrong. As the Confidentiality Order itself states, the Court found, in accordance with Rule 26(c), that there was "good cause for entry of a confidentiality order . . . to protect the parties' legitimate privacy and confidential interests . . .

---

[1] Many of the cases Plaintiffs have cited in their various Reply Memoranda are inapposite because they relate to adjudicatory records, *not* documents exchanged during discovery that will never become adjudicatory records. *See, e.g.*, ECF No. 2657, PageID.86649 (citing *Charvat v. EchoStar Satellite, LLC*, 269 F.R.D. 654, 656 (S.D. Ohio 2010), a case where the court was asked to unseal exhibits submitted in support of motions); *id.* at PageID.86650 (citing *Ewalt v. Gatehouse Media Ohio Holding II, Inc.*, 2022 U.S. Dist. LEXIS 66208, at *9 (S.D. Ohio Apr. 11, 2022), a case involving a defendant's request to redact documents filed on the docket); *id.* at PageID.86653 (citing *H.D. Media Co., LLC v. U.S. DOJ*, 927 F.3d 919, 939 (6th Cir. 2019), a case involving redactions to pleadings, briefs, and other documents "filed with the court"). Indeed, as the cases Plaintiffs rely on make clear, "[c]ourts distinguish between limiting public disclosure of information during discovery versus the adjudicative stage of a case," and "'[t]he line between these two stages, discovery and adjudicative, is crossed when the parties place material in the court record.'" *Ewalt*, 2022 U.S. Dist. LEXIS 66208, at *2 (quoting *Shane Grp., Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299, 305 (6th Cir. 2016)).

and also to simplify and expedite proceedings in this complex litigation." ECF No. 1255-3, at 2, PageID.39384.

- *The Confidentiality Order is a Protective Order:*  Plaintiffs also suggest, incorrectly, that the Confidentiality Order is not a protective order.  As other courts in this circuit have made clear, "blanket protective orders are often 'referred to as confidentiality order[s],'" and "[t]he title of the order does not affect the substantive provisions."  *Wolpert v. Branch Banking Tr. & Co.*, 2023 WL 2824900, at *2 n.3 (quoting *Howes v. Ashland Oil, Inc.*, 932 F.2d 968 (6th Cir. 1991) (table)).

- *The Challenged Documents Are Nearly All Irrelevant:*  Virtually all of the challenged documents are irrelevant to VNA's work in Flint.[2]  Plaintiffs obtained them only because of the liberal federal discovery rules and the Court's order compelling VNA to produce all documents, relevant or not, that hit on certain search terms, including various permutations of "DWSD" and "peer review." ECF No. 980, PageID.25602-06.

- *The Challenges Serve No Legitimate Purpose:*  Plaintiffs have no litigation-related need to de-designate these documents (they already have

---

[2] For example, an overwhelming majority of the documents at issue in this particular challenge—like the last several challenges—relate to VNA's relationship with the Detroit Water and Sewage Department (DWSD), including a peer review that VNA conducted for DWSD.  As the Court has already recognized, VNA's work with DWSD cannot be a basis for liability in Flint. *See* ECF No. 606, PageID.42678.

the documents, and they have never suggested that the designations limit their ability to litigate this case as they see fit).  Plaintiffs seek to de-designate the documents so that they might use them for purposes *other than* this litigation.  *See, e.g.*, ECF No. 2637, PageID.86274 (affirming that "the public" is Plaintiffs' desired audience for de-designated documents).  But the "*sole purpose*" of discovery is to assist "in the preparation and trial, or the settlement, of litigated disputes." *Seattle Times Co.*, 467 U.S. at 34 (emphasis added).

- *The Challenges Are Burdensome:*  Plaintiffs' confidentiality challenges have imposed, and are continuing to impose, substantial burdens. This is true as to VNA, which in response to this motion alone, has carefully and in good faith re-examined 250 documents and agreed to de-designate 63 documents.  But it also is true as to the Court, which must rule whether individual designations are proper—even though, again, the challenges have no legitimate litigation-related purpose.

VNA respectfully submits that the Court take these factors into account when balancing the public and private interests here. *See Seattle Times Co.*, 467 U.S. at 35 (district courts have equitable powers over their own processes to prevent abuses, oppression, and injustices).  Further, the Court should consider whether these challenges are consistent with Rule 1 of the Federal Rules of Civil Procedure

(directing "the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding"). VNA submits that, for the reasons set forth below, the documents described herein are "Confidential" under the Court's September 8, 2020, Confidentiality Order ("Order").[3]

## ARGUMENT

Plaintiffs' latest Notice challenges 250 documents that were identified in multiple letters sent in October and November 2023. VNA responds to each of the letters separately below. Given the substantial overlap between the documents at issue here and the documents Plaintiffs previously challenged (including many duplicates or different drafts of the same documents), VNA incorporates by reference the arguments it previously raised with respect to those documents.

### A.    Plaintiffs' 12th Confidentiality Challenge (September 29 Letter)

After reviewing the 50 documents that are the subject of Plaintiffs' September 29 letter, VNA has agreed to de-designate 8 of them.[4] Additionally, 22 documents were designated as "Highly Confidential," but VNA is amenable to re-designating

---

[3] The Order sets forth the procedures to be followed by the parties with regard to the disclosure of confidential materials during the course of discovery. *See* Order (ECF No. 1255-3). Because VNA has described those procedures in prior responses, it does not do so here.

[4] VWNAOS528566-VWNAOS528566.0004 (VEOLIA_0957358; #8); VWNAOS553415-VWNAOS553415.0004 (VEOLIA_0415843; #9); VWNAOS528317-VWNAOS528317.0004 (VEOLIA_0954880; #11); VWNAOS553565-VWNAOS553565.0002 (VEOLIA_0583522; #14); VWNAOS553132-VWNAOS553132.0001 (VEOLIA_0407361; #31); VWNAOS527062-VWNAOS527062.0004 (VEOLIA_0473376; #44); VWNAOS528152-VWNAOS528152.0001 (VEOLIA_0953286; #46); VWNAOS527066-VWNAOS527066.0017 (VEOLIA_0473390; #48).

21 of them as "Confidential."[5] The remaining 20 documents should remain confidential. In sum, VNA submits that 42 documents should maintain confidentiality designations under the terms of the Order.

### 1.    Thirty-one documents relating to Detroit are "Confidential."

Thirty-one of these challenged documents relate to Detroit, including a draft O&M agreement with DWSD[6] and draft appendices to the agreement,[7] a draft Services Agreement with DWSD,[8] summaries of a peer review of DWSD's management, operations and maintenance activities[9] and various sections to the peer

---

[5] VWNAOS512372-VWNAOS512372.0003 (VEOLIA_0964018; #1); VWNAOS512374-VWNAOS512374.0004 (VEOLIA_0964023; #4); VWNAOS511445-VWNAOS511445.0016 (VEOLIA_0959238; #10); VWNAOS511021-VWNAOS511021.0012 (VEOLIA_0953806; #12); VWNAOS512364-VWNAOS512364.0013 (VEOLIA_0963866; #13); VWNAOS550112-VWNAOS550112.0001 (VEOLIA_0989968; #21); VWNAOS511443-VWNAOS511443.0015 (VEOLIA_0959221; #23); VWNAOS511862-VWNAOS511862.0016 (VEOLIA_0962020; #24); VWNAOS511765-VWNAOS511765.0020 (VEOLIA_0961748; #25); VWNAOS512839-VWNAOS512839.0026 (VEOLIA_0971299; #26); VWNAOS313158-VWNAOS313158.0018 (VEOLIA_0963733; #30); VWNAOS511429-VWNAOS511429.0008 (VEOLIA_0959065; #35); VWNAOS312086-VWNAOS312086.0014 (VEOLIA_0960073; #37); VWNAOS511744-VWNAOS511744.0009 (VEOLIA_0961536; #38); VWNAOS512889-VWNAOS512889.0018 (VEOLIA_0971893; #39); VWNAOS550154-VWNAOS550154.0001 (VEOLIA_0990960; #41); VWNAOS312047-VWNAOS312047.0017 (VEOLIA_0959772; #42); VWNAOS511431-VWNAOS511431.0034 (VEOLIA_0959095; #43); VWNAOS511433-VWNAOS511433.0009 (VEOLIA_0959164; #45); VWNAOS511624-VWNAOS511624.0013 (VEOLIA_0961020; #47); VWNAOS512942-VWNAOS512942.0020 (VEOLIA_0972358; #49).
[6] VWNAOS528160-VWNAOS528160.0027 (VEOLIA_0953318; #19).
[7] VWNAOS545022-VWNAOS545022.0002 (VEOLIA_0480959; #7); VWNAOS528307-VWNAOS528307.0008 (VEOLIA_0954670; #16); VWNAOS528162-VWNAOS528162.0004 (VEOLIA_0953354; #33).
[8] VWNAOS511277-VWNAOS511277.0011 (VEOLIA_0956869; #34).
[9] VWNAOS512372-VWNAOS512372.0003 (VEOLIA_0964018; #1); VWNAOS511862-VWNAOS511862.0016 (VEOLIA_0962020; #24).

review report,[10] different versions of a O&M term sheet for DWSD,[11] a draft key messages for DWSD,[12] different versions of a DWSD risk memo,[13] communications between VNA and its outside counsel regarding an analysis of the strategy for a meeting with Detroit's mayor on a new contract,[14] and in-house counsel's communications regarding a potential disclaimer in the agreement.[15]

These documents were appropriately designated as "Confidential" because they relate to VNA's work with DWSD, including a peer review that VNA conducted for DWSD. These documents are unrelated to VNA's work in Flint and contain commercially and competitively-sensitive information about one of VNA's customers. These documents discuss DWSD's operations, which are themselves confidential. They also address VNA's analysis and strategy for responding to

---

[10] VWNAOS512374-VWNAOS512374.0004 (VEOLIA_0964023; #4); VWNAOS282218-VWNAOS282218.0017 (VEOLIA_0542889; #5); VWNAOS511445-VWNAOS511445.0016 (VEOLIA_0959238; #10);  VWNAOS512364-VWNAOS512364.0013 (VEOLIA_0963866; #13); VWNAOS511443-VWNAOS511443.0015 (VEOLIA_0959221; #23); VWNAOS511765-VWNAOS511765.0020 (VEOLIA_0961748; #25); VWNAOS512839-VWNAOS512839.0026 (VEOLIA_0971299; #26); VWNAOS313158-VWNAOS313158.0018 (VEOLIA_0963733; #30) VWNAOS511429-VWNAOS511429.0008 (VEOLIA_0959065; #35); VWNAOS312086-VWNAOS312086.0014 (VEOLIA_0960073; #37); VWNAOS511744-VWNAOS511744.0009 (VEOLIA_0961536; #38); VWNAOS512889-VWNAOS512889.0018 (VEOLIA_0971893; #39); VWNAOS312047-VWNAOS312047.0017 (VEOLIA_0959772; #42); VWNAOS511431-VWNAOS511431.0034 (VEOLIA_0959095; #43); VWNAOS511433-VWNAOS511433.0009 (VEOLIA_0959164; #45); VWNAOS511624-VWNAOS511624.0013 (VEOLIA_0961020; #47); VWNAOS512942-VWNAOS512942.0020 (VEOLIA_0972358; #49).

[11] VWNAOS511021-VWNAOS511021.0012 (VEOLIA_0953806; #12); VWNAOS510979-VWNAOS510979.0010 (VEOLIA_0953000; #17).

[12] VWNAOS528216-VWNAOS528216.0002 (VEOLIA_0953670; #2).

[13] VWNAOS528211-VWNAOS528211.0015 (VEOLIA_0953619; #28); VWNAOS527051-VWNAOS527051.0020 (VEOLIA_0459671; #40).

[14] VWNAOS544781-VWNAOS544781.0001 (VEOLIA_0477473; #18).

[15] VWNAOS527052-VWNAOS527052.0002 (VEOLIA_0464798; #32).

DWSD's proposal, so they reflect VNA's deliberative process. Publicly disclosing VNA's strategy and work product for DWSD would harm VNA by giving its competitors insight into how VNA bids for such projects.

The peer review report and accompanying draft appendices contain commercially-sensitive information about DWSD, including VNA's analysis of DWSD's operations and maintenance activities. The documents include VNA's recommendations for areas where DWSD could potentially improve its operations, including cost-savings opportunities. If disclosed, VNA's competitors would be able to use such information to better understand how VNA analyzes such proposals, which could cause VNA competitive disadvantage. Moreover, the documents reveal insights into VNA's drafting and negotiation process with its customers, which, if revealed, could harm VNA's relationship with its customers.

The risk memo discusses historical and projected revenue, the deal structure, DWSD assets, savings analysis, and VNA's own analysis of the potential risks, including risks associated with capital expenditures and operating costs. All of this is competitively-sensitive financial information. The risk memo also includes an analysis of competitor bids and potential upsell opportunities which could cause a competitive disadvantage to VNA if disclosed.

The documents contain non-public information relating to how VNA evaluated DWSD's request for proposal, the disclosure of which would allow

competitors to bid against VNA more effectively. The draft contracts also contain VNA's proposed changes and, thus, reflect VNA's deliberative process when negotiating with customers. Disclosing this information could undermine VNA's relationships with its customers.

The contracts contain commercially-sensitive contract details, including financial estimates and the market rate and profit margins for these types of projects, which VNA's competitors would find useful. They also reveal the cost for VNA's consulting work and the fees VNA charges for such work, which VNA's competitors could use to undercut VNA's bidding for work. Therefore, VNA has good cause for designating these documents (and other duplicate copies) as confidential.

Finally, one document is an internal VNA email[16] from in-house counsel regarding proposed disclaimer language for the Detroit proposal. VNA has good cause for designating this document as confidential because it relates to client negotiations that VNA's competitors could find useful.

### 2. __Ten (10) other documents should remain "Confidential."__

Several other documents relate to Go/No Go evaluations for projects in Detroit and Washington.[17] These documents contain non-public information relating to how VNA evaluates projects, the disclosure of which would allow VNA's

---

[16] VWNAOS527052-VWNAOS527052.0002 (VEOLIA_0464798; #32).
[17] VWNAOS527041-VWNAOS527041.0003 (VEOLIA_0422502; #27); VWNAOS550079-VWNAOS550079.0008 (VEOLIA_0989224; #36).

competitors to bid more effectively against it. Therefore, VNA has demonstrated good cause for keeping these documents confidential.

Another document is an executed non-disclosure agreement between VNA and an investment management company related to a possible business opportunity involving Detroit.[18] Publicly disclosing this document would allow competitors to better understand how VNA develops its business opportunities. Disclosing the parties with which VNA shares confidential information and the steps it takes to prevent dissemination of such information related to a potential business opportunity—unrelated to Flint—would harm VNA's contractual, commercial and legal interests and place VNA in a position where it could breach its contractual obligations and reasonable expectations of privacy and confidentiality from the parties involved.  Therefore, VNA has good cause for designating the document as confidential.

Several other documents related to a draft master supply agreement and rebate agreement with one of VNA's suppliers[19] that has nothing to do with Flint. The agreements include commercially-sensitive contract details, including pricing discounts and other incentive rebates, that competitors could use to VNA's detriment.

---

[18] VWNAOS527919-VWNAOS527919.0001 (VEOLIA_0951641; #3).
[19] VWNAOS528546-VWNAOS528546.0002 (VEOLIA_0956956; #15); VWNAOS528547-VWNAOS528547.0040 -VEOLIA_0956959; #29).

One document involves a communication between VNA and its public relations firm regarding media strategy for responding to a Mother Jones article about VNA's work in Pittsburg.[20] The document contains recommendations for how best to respond to press coverage on VNA's work in Pittsburg, which could provide fodder to VNA's competitors. This document was appropriately designated as confidential because it contains recommended PR strategy addressing corporate communications issues and other sensitive corporate issues, which VNA's competitors could use to gain an unfair advantage when bidding against VNA for future projects. Another document is an internal memorandum addressing VNA's PR strategy across the United States, describing specific actions taken in several cities.[21] Therefore, VNA has good cause for keeping these documents confidential.

Several documents relate to monthly status reports[22] regarding work performed by various consultants for different projects involving VNA, none of which have anything to do with Flint. Removing the confidentiality designations from these documents would result in the disclosure of confidential consultant information, including the assistance the consultants are giving to VNA, which could impact VNA's relationships with its current and future consultants. Finally, another

---

[20] VWNAOS527000-VWNAOS527000.0001 (VEOLIA_0419278; #20).
[21] VWNAOS527022-VWNAOS527022.0004 (VEOLIA_0419559; #22).
[22] VWNAOS550112-VWNAOS550112.0001 - VEOLIA_0989968; #21); VWNAOS550154-VWNAOS550154.0001 - VEOLIA_0990960; #41).

document is an internal communication concerning an audit VNA was undertaking to evaluate its relationship with outside consultants.[23] The communication reveals the audit's points of focus, and disclosure would affect VNA's relationship with those consultants.

### 3.    One (1) Document is "Highly Confidential"

VNA submits that one document should remain "Highly Confidential." The document involves an invoice from a law firm[24] related to general counsel services for a proposed response to a request for proposal from the Oklahoma City Water Utilities Trust. The proposal has absolutely nothing to do with Flint. It is crucial to VNA's business interests and relationships with outside counsel that such information remain confidential. Therefore, VNA has good cause for maintaining the confidentiality of this document.

### B.    Stern's 13th Confidentiality Challenge (October 4 Letter)

Plaintiffs' October 4 letter challenges the confidentiality designations of 50 documents previously produced by VNA. VNA has reviewed the challenged documents and has agreed to remove the confidentiality designations from 9 of them.[25] Additionally, 25 documents were designated as "Highly Confidential," but

---

[23] VWNAOS550029-VWNAOS550029.0002 (VEOLIA_0984728; #50).

[24] VWNAOS550142-VWNAOS550142.0003 (VEOLIA_0990936; #6).

[25] VWNAOS527071-VWNAOS527071.0001 (VEOLIA_0473438; #5); VWNAOS527082-VWNAOS527082.0017 (VEOLIA_0473953; #9); VWNAOS527086-VWNAOS527086.0012 (VEOLIA_0473988; #15); VWNAOS531825-VWNAOS531825.0001 (VEOLIA_1007622; #19); VWNAOS527081-VWNAOS527081.0002 (VEOLIA_0473950; #21); VWNAOS527070-

VNA is amenable to re-designating 24 of them as "Confidential."[26] The remaining

16 documents should remain confidential. In sum, VNA submits that 41 documents

should maintain confidentiality designations under the terms of the Order.

### 1. Twenty-nine documents relating to Detroit are "Confidential."

Twenty-eight (29) of these challenged documents relate to Detroit, including

different versions of the Services Agreement and related agreements for DWSD,[27] a

draft O&M term sheet for DWSD,[28] an appendix to the O&M agreement for

DWSD,[29] summaries of a peer review of DWSD's management, operations and

---

[26] VWNAOS527070.0012 (VEOLIA_0473425; #25); VWNAOS527091-VWNAOS527091.0001 (VEOLIA_0474014; #29); VWNAOS528382-VWNAOS528382.0001 (VEOLIA_0955283; #43); VWNAOS549987-VWNAOS549987.0001 (VEOLIA_0984429; #44).

[26] VWNAOS512369-VWNAOS512369.0019 (VEOLIA_0963897; #1); VWNAOS550144-VWNAOS550144.0001 (VEOLIA_0990941; #3); VWNAOS512843-VWNAOS512843.0010 (VEOLIA_0971521; #4); VWNAOS550151-VWNAOS550151.0002 (VEOLIA_0990953; #8); VWNAOS537466-VWNAOS537466.0001 (VEOLIA_1024123; #10); VWNAOS553644-VWNAOS553644.0022 (VEOLIA_0646679; #12); VWNAOS512932-VWNAOS512932.0018 (VEOLIA_0972147; #13); VWNAOS511503-VWNAOS511503.0013 (VEOLIA_0959891; #14); VWNAOS512339-VWNAOS512339.0026 (VEOLIA_0963753; #17); VWNAOS512922-VWNAOS512922.0016 (VEOLIA_0971985; #24); VWNAOS550124-VWNAOS550124.0001 (VEOLIA_0989985; #26); VWNAOS513047-VWNAOS513047.0024 (VEOLIA_0973551; #27); VWNAOS513124-VWNAOS513124.0017 (VEOLIA_0974622; #30); VWNAOS513006-VWNAOS513006.0012 (VEOLIA_0972935; #32); VWNAOS249160-VWNAOS249160.0029 (VEOLIA_0958380; #34); VWNAOS550114-VWNAOS550114.0001 (VEOLIA_0989971; #35); VWNAOS249915-VWNAOS249915.0019 (VEOLIA_0970310; #36); VWNAOS249164-VWNAOS249164.0016 (VEOLIA_0958466; #39); VWNAOS528713-VWNAOS528713.0002 (VEOLIA_0991069; #40); VWNAOS550111-VWNAOS550111.0001 (VEOLIA_0989966; #41); VWNAOS528688-VWNAOS528688.0021 (VEOLIA_0958743; #45); VWNAOS249912-VWNAOS249912.0037 (VEOLIA_0970270; #46); VWNAOS511618-VWNAOS511618.0013 (VEOLIA_0960955; #49); VWNAOS512925-VWNAOS512925.0016 (VEOLIA_0972004; #50).

[27] VWNAOS528573-VWNAOS528573.0010 (VEOLIA_0957380; #2); VWNAOS528599-VWNAOS528599.0002 (VEOLIA_0957607; #20); VWNAOS193661-VWNAOS193661.0047 (VEOLIA_0616239; #37).

[28] VWNAOS510976-VWNAOS510976.0010 (VEOLIA_0952987; #31).

[29] VWNAOS528166-VWNAOS528166.0002 (VEOLIA_0953395; #38).

maintenance activities and various sections to the peer review report,[30] a DWSD risk memo,[31] an internal VNA email exchange/analysis of the memo,[32] and an internal VNA email exchange regarding a potential DWSD agreement in 2016 and analysis of the contract terms.[33] These (irrelevant) documents are all confidential for the reasons that VNA has repeatedly explained.

### 2.    Eleven (11) other documents should remain "Confidential."

One document is a consulting services agreement for a number of projects, including Detroit, but not Flint.[34] VNA has good cause for maintaining the confidentiality of the contract because it closely guards its consulting arrangements. The document identifies VNA's consultant name, the list of projects by city, the

---

[30] VWNAOS512369-VWNAOS512369.0019 (VEOLIA_0963897; #1); VWNAOS512843-VWNAOS512843.0010 (VEOLIA_0971521; #4); VWNAOS512932-VWNAOS512932.0018 (VEOLIA_0972147; #13); VWNAOS511503-VWNAOS511503.0013 (VEOLIA_0959891; #14); VWNAOS512339-VWNAOS512339.0026 (VEOLIA_0963753; #17); VWNAOS512922-VWNAOS512922.0016 (VEOLIA_0971985; #24); VWNAOS513047-VWNAOS513047.0024 (VEOLIA_0973551; #27); VWNAOS513124-VWNAOS513124.0017 (VEOLIA_0974622; #30); VWNAOS513006-VWNAOS513006.0012 (VEOLIA_0972935; #32); VWNAOS249160-VWNAOS249160.0029 (VEOLIA_0958380; #34); VWNAOS249915-VWNAOS249915.0019 (VEOLIA_0970310; #36); VWNAOS249164-VWNAOS249164.0016 (VEOLIA_0958466; #39); VWNAOS528688-VWNAOS528688.0021 (VEOLIA_0958743; #45); VWNAOS249912-VWNAOS249912.0037 (VEOLIA_0970270; #46); VWNAOS511618-VWNAOS511618.0013 (VEOLIA_0960955; #49); VWNAOS512925-VWNAOS512925.0016 (VEOLIA_0972004; #50).
[31] VWNAOS365214-VWNAOS365214.0005 (VEOLIA_0585280; #42).
[32] VWNAOS544981-VWNAOS544981.0002 (VEOLIA_0479279; #7); VWNAOS528763-VWNAOS528763.0001 (VEOLIA_0991236; #33); VWNAOS544980-VWNAOS544980.0001 (VEOLIA_0478492; #48).
[33] VWNAOS537242-VWNAOS537242.0001 (VEOLIA_1023716; #6); VWNAOS537466-VWNAOS537466.0001 (VEOLIA_1024123; #10); VWNAOS545973-VWNAOS545973.0002 -VEOLIA_0592031; #11); VWNAOS550012.0001 (VEOLIA_0984576; #18).
[34] VWNAOS513069-VWNAOS513069.0001 (VEOLIA_0974286; #28).

beginning date of such projects and their duration, revealing the number of projects VNA engaged the consultant on. Public disclosure of this confidential information is harmful for VNA's competitive position and business interests. It reveals VNA's strategic plans and priorities for expanding or maintaining its presence in certain geographic areas, which could be exploited by its competitors. VNA's competitors would benefit greatly from knowing which projects VNA was bidding on and how it relied on consultants to prepare those bids.

Another document is an executed mutual non-disclosure agreement between VNA and an investment banking and consulting company to develop new business, to perform joint projects and to evaluate existing business.[35] The agreement reflects the mutual intentions and expectations of the parties to keep their relationship and collaboration confidential and to protect their respective interests and competitive advantages. Disclosure of the agreement, the parties with which VNA shares confidential information and the steps it takes to prevent dissemination of such information related to the development of new business, performance of joint projects and evaluation of existing projects—unrelated to Flint—would harm the parties' ability to pursue the permitted use under the agreement of confidential information as it would reveal sensitive information about the parties' business

---

[35] VWNAOS527905-VWNAOS527905.0002 (VEOLIA_0951517; #47).

plans, strategies or resources. Therefore, VNA has good cause for continued confidentiality.

One other document is a retention agreement with Clark Hill for services related to Detroit.[36] The document does not relate to VNA's work in Flint and includes the proposed retainer amount and other confidential information, including how fees will be charged. VNA has good cause for maintaining the confidentiality of the contract because it closely guards its consulting arrangements. Removing the confidential designation from this document would result in the disclosure of confidential consultant information, including the assistance the consultants are giving to VNA and how much VNA pays those consultants.

Several documents relate to monthly status reports[37] regarding work performed by various consultants for different projects involving VNA, none of which have anything to do with Flint. Removing the confidentiality designations from these documents would result in the disclosure of confidential consultant information, including the assistance the consultants are giving to VNA, which could impact VNA's relationships with its current and future consultants, and also give VNA's competitors an edge in bidding on projects that VNA has bid.

---

[36] VWNAOS528074-VWNAOS528074.0006 (VEOLIA_0952614; #16).
[37] VWNAOS550144-VWNAOS550144.0001 (VEOLIA_0990941; #3); VWNAOS550151-WNAOS550151.0002 (VEOLIA_0990953; #8); VWNAOS550114-VWNAOS550114.0001 (VEOLIA_0989971; #35); VWNAOS550124-VWNAOS550124.0001 (VEOLIA_0989985; #26); VWNAOS528713 VWNAOS528713.0002 (VEOLIA_0991069; #40); VWNAOS550111-VWNAOS550111.0001 (VEOLIA_0989966; #41).

Another document relates to VNA's draft internal 2017 budget.[38] The document is a detailed spreadsheet of VNA's budget, listing line-by-line expenditures with various vendors/contractors and including figures. The document is an internal document reflecting the planning, strategy, and is not the final or approved version of VNA's budget. Therefore, it contains sensitive information that could reveal VNA's strategies, priorities, expectations or bargaining positions, which could harm its competitive advantage or relationships with vendors, if disclosed. . Therefore, VNA has good cause for continued confidentiality.

Lastly, one document relates to an attachment to an internal VNA communication regarding a trademark request.[39] The document relates to legal advice so VNA has good cause for keeping the document confidential.

### 3.    One (1) Document is "Highly Confidential"

VNA submits that one document should remain "Highly Confidential." The document is an invoice from a law firm[40] related to general counsel services for a proposed response to a request for proposal for the Oklahoma City Water Utilities Trust. The invoice reveals the legal services provided in relation to this proposal. Therefore, VNA had good cause for maintaining the "Highly Confidential" designation for this document.

---

[38] VWNAOS333484-VWNAOS333484.0005 (VEOLIA_0418275; #23).
[39] VWNAOS553644-VWNAOS553644.0022 (VEOLIA_0646679; #12).
[40] VWNAOS550141-VWNAOS550141.0003 - VEOLIA_0990932; #22).

## C.  Stern's 14th Confidentiality Challenge (October 20 Letter)

After reviewing the 50 documents that are the subject of Plaintiffs' 14th challenge, VNA has agreed to de-designate 14 of them.[41] Additionally, 21 documents were designated as "Highly Confidential," but VNA is amenable to re-designating them as "Confidential."[42] In sum, VNA submits that 36 documents should maintain their confidentiality designations under the terms of the Order.

---

[41] VWNAOS528146-VWNAOS528146 (VEOLIA_0953241; #1); VWNAOS545015-VWNAOS545015 (VEOLIA_0480753; #15); VWNAOS527084-VWNAOS527084 (VEOLIA_0473984; #19); VWNAOS528388-VWNAOS528388.0005 (VEOLIA_0955382; #27); VWNAOS319859-VWNAOS319859 (VEOLIA_0991662; #31); VWNAOS528378-VWNAOS528378 (VEOLIA_0955270; #32); VWNAOS528368-VWNAOS528368 (VEOLIA_0955203; #34); VWNAOS528324-VWNAOS528324 (VEOLIA_0954924; #35); VWNAOS528304-VWNAOS528304 (VEOLIA_0954663; #36); VWNAOS528290-VWNAOS528290 (VEOLIA_0954554; #37); VWNAOS528284-VWNAOS528284 (VEOLIA_0954528; #38); VWNAOS528177-VWNAOS528177 (VEOLIA_0953470; #40); VWNAOS528167-VWNAOS528167 (VEOLIA_0953398; #46); VWNAOS528147-VWNAOS528147 (VEOLIA_0953246; #50).

[42] VWNAOS512936-VWNAOS512936.0015 (VEOLIA_0972256; #3); VWNAOS550148-VWNAOS550148.0001 (VEOLIA_0990947; #4); VWNAOS513010-VWNAOS513010.0026 (VEOLIA_0972965; #5); VWNAOS249922-VWNAOS249922.0023 (VEOLIA_0974091; #6); VWNAOS511026-VWNAOS511026.0011 (VEOLIA_0953846; #8); VWNAOS249919-VWNAOS249919.0023 (VEOLIA_0973577; #10); VWNAOS528714-VWNAOS528714.0001 (VEOLIA_0991072; #13); VWNAOS512994-VWNAOS512994.0012 (VEOLIA_0972772; #16); VWNAOS528690-VWNAOS528690.0014 (VEOLIA_0958810; #20); VWNAOS249917-VWNAOS249917.0032 (VEOLIA_0971649; #22); VWNAOS312044-VWNAOS312044.0027 (VEOLIA_0959742; #23); VWNAOS312075-VWNAOS312075.0044 (VEOLIA_0960004; #24); VWNAOS528681-VWNAOS528681.0021 (VEOLIA_0958493; #25); VWNAOS512852-VWNAOS512852.0019 (VEOLIA_0971683; #26); VWNAOS528388-VWNAOS528388.0005 (VEOLIA_0955382; #27); VWNAOS312055-VWNAOS312055.0020 (VEOLIA_0959909; #28); VWNAOS528671-VWNAOS528671.0020 (VEOLIA_0958113; #29); VWNAOS513024-VWNAOS513024.0018 (VEOLIA_0973170; #41); VWNAOS528675-VWNAOS528675.0016 (VEOLIA_0958298; #43); VWNAOS511697 VWNAOS511697.0018 (VEOLIA_0961364; #45); VWNAOS528712-VWNAOS528712.0001 (VEOLIA_0991067; #47).

## 1.     <u>Twenty-six (26) documents relating to Detroit are "Confidential".</u>

Twenty-six (26) of these challenged documents relate to Detroit, including a draft Operating Agreement for DWSD,[43] a draft amendment to the Services Agreement for DWSD,[44] a contract amendment for Detroit,[45] a non-disclosure agreement for Detroit,[46] a summary of a peer review of DWSD's management, operations and maintenance activities and various appendices to the peer review report,[47] a draft of the DWSD risk memo,[48] and a draft O&M term sheet for DWSD.[49] Two other documents relate to internal VNA communications regarding insurance and bonding requirements and risk assessment for a contract with DWSD.[50]

---

[43] VWNAOS510926-VWNAOS510926 (VEOLIA_0952883; #2).

[44] VWNAOS528625-VWNAOS528625.0004 (VEOLIA_0957655; #48).

[45] VWNAOS511321-VWNAOS511321.0001 (VEOLIA_0957461; #14).

[46] VWNAOS527915-VWNAOS527915.0006 (VEOLIA_0951581; #7).

[47] VWNAOS512936-VWNAOS512936 (VEOLIA_0972256; #3); VWNAOS513010-VWNAOS513010.0026 (VEOLIA_0972965; #5); VWNAOS249922-VWNAOS249922.0023 (VEOLIA_0974091; #6); VWNAOS249919-VWNAOS249919.0023 (VEOLIA_0973577; #10); VWNAOS512994-VWNAOS512994.0012 (VEOLIA_0972772; #16); VWNAOS528690-VWNAOS528690.0014 (VEOLIA_0958810; #20); VWNAOS249917-VWNAOS249917.0032 (VEOLIA_0971649; #22); VWNAOS312044-VWNAOS312044.0027 (VEOLIA_0959742; #23); VWNAOS312075-VWNAOS312075.0044 (VEOLIA_0960004; #24); VWNAOS528681-VWNAOS528681.0021 (VEOLIA_0958493; #25); VWNAOS512852-VWNAOS512852.0019 (VEOLIA_0971683; #26); VWNAOS312055-VWNAOS312055.0020 (VEOLIA_0959909; #28); VWNAOS528671-VWNAOS528671.0020 (VEOLIA_0958113; #29); VWNAOS513378-VWNAOS513378.0031 (VEOLIA_0976293; #39); VWNAOS513024-VWNAOS513024.0018 (VEOLIA_0973170; #41); VWNAOS528675-VWNAOS528675.0016 (VEOLIA_0958298; #43); VWNAOS511697-VWNAOS511697.0018 (VEOLIA_0961364; #45).

[48] VWNAOS528205-VWNAOS528205.0025 (VEOLIA_0953555; #44).

[49] VWNAOS511026-VWNAOS511026.0011 (VEOLIA_0953846; #8); VWNAOS511035-VWNAOS511035.0011 (VEOLIA_0953899; #42).

[50] VWNAOS528765-VWNAOS528765.0002 (VEOLIA_0991243; #21) VWNAOS528746-VWNAOS528746.0004 (VEOLIA_0991132; #33).

As discussed in more detail above and in VNA's previous submissions, these documents—none of which have anything to do with Flint or with Plaintiffs' claims—contain confidential information. They reveal details concerning a client's internal operations (including information on its assets, expenditures, and operating costs), VNA's strategy for the work that done for the client (including risk assessments), and they reveal VNA's internal strategy concerning its relationship with that client (including VNA's approach to its bidding process and how much it charges).

### 2.      Ten (10) other documents should remain "Confidential."

One document relates to insurance bid requirements for the Washington Suburban Sanitary Commission and includes detailed tracked changes on the contents of the bid.[51] This information would be valuable to VNA's competitors because it reveals VNA's strategy during the bidding process and allows its competitors to adjust or copy VNA's position in such type of bid requirements. VNA has good cause for maintaining the confidentiality of this document because it closely guards which projects it bids on. VNA's competitors could use this information to gain an unfair advantage when bidding against VNA for future projects.

---

[51] VWNAOS550078-VWNAOS550078.0003 (VEOLIA_0989220; #17).

Two other documents relate to a monthly status report[52] regarding work performed by VNA's consultants. As discussed above, this work has nothing to do with Flint. Removing the confidentiality designations from this document would result in the disclosure of confidential consultant information, including assistance that VNA's consultants are giving it, which could impact VNA's relationships with its current and future consultants.

One document is a memo from VNA's public relations firm[53] which includes recommendations to strategically position the company to drive growth and earnings. The document lays out a comprehensive strategy to grow VNA's business and revenue. The document also contains proposed budgets for each of the projects. Therefore, VNA has good cause for keeping this document confidential.

Three (3) documents relate to internal VNA communications regarding proposed revisions to a confidentiality agreement with a public relations firm,[54] special permits needed for a recycling project in Henderson, Colorado[55] and information needed for a trademark request.[56] The documents include billing details

---

[52] VWNAOS550148-VWNAOS550148 (VEOLIA_0990947; #4); VWNAOS528714-VWNAOS528714.0001 (VEOLIA_0991072; #13); VWNAOS528712-VWNAOS528712.0001 (VEOLIA_0991067; #47).

[53] VWNAOS527034-VWNAOS527034.0009 (VEOLIA_0420047; #9).

[54] VWNAOS525301-VWNAOS525301.0006 (VEOLIA_0401912; #18).

[55] VWNAOS537778-VWNAOS537778.0001 (VEOLIA_1025681; #11).

[56] VWNAOS553658-VWNAOS553658.0001 (VEOLIA_0651334; #12).

and scope of work, which VNA's competitors would find useful. Therefore, VNA had good cause to maintain the confidentiality designations for these documents.

One document is a communication between VNA and its public relations firm regarding media strategy for responding to a Mother Jones article about VNA's work in Pittsburg.[57] As with other related documents, this document was appropriately designated as confidential because it contains recommended PR strategy addressing corporate communications issues and other sensitive corporate issues, which VNA's competitors could use to gain an unfair advantage when bidding against VNA for future projects. Therefore, VNA has good cause for keeping this document confidential.

Finally, one document relates to VNA's draft internal 2017 budget.[58] The document is a detailed spreadsheet of VNA's budget, listing line-by-line expenditures. with various vendors/contractors and including figures. The document is an internal document reflecting the planning, strategy, and is not the final or approved version of VNA's budget. Therefore, it contains sensitive information that could reveal VNA's strategies, priorities, expectations or bargaining positions, which could harm its competitive advantage or relationships with vendors, if disclosed.

---

[57] VWNAOS333693-VWNAOS333693.0001 (VEOLIA_0418863: #30).
[58] VWNAOS332056-VWNAOS332056.0005 (VEOLIA_0415298; #49).

## D.   **Stern's 15th Confidentiality Challenge (November 2 Letter)**

Plaintiffs' November 2 letter challenges the confidentiality designations of 50 documents previously produced by VNA. VNA has reviewed the challenged documents and has agreed to remove the confidentiality designations from 12 documents.[59] Additionally, 10 documents were designated as "Highly Confidential," but VNA is amenable to re-designating them as "Confidential."[60] In sum, VNA submits that 38 documents should maintain confidentiality designations under the terms of the Order.

### 1.   **Twenty-nine documents relating to Detroit are "Confidential".**

Twenty-nine (29) of these challenged documents relate to Detroit, including a Services Agreement with DWSD,[61] a draft O&M agreement term sheet for

---

[59] VWNAOS545006-VWNAOS545006.0002 (VEOLIA_0480694; #2); VWNAOS528309-VWNAOS528309.0001 (VEOLIA_0954680; #14); VWNAOS528300-VWNAOS528300.0012 (VEOLIA_0954631; #19); VWNAOS528303-VWNAOS528303.0013 (VEOLIA_0954649; #26); VWNAOS528323-VWNAOS528323.0002 (VEOLIA_0473423; #27); VWNAOS527079-VWNAOS527079.0004 (VEOLIA_0473944; #29); VWNAOS553563-VWNAOS553563.0002 (VEOLIA_0474004; #30); VWNAOS527089-VWNAOS527089.0008 (VEOLIA_0474004; #31); VWNAOS528151-VWNAOS528151.0012 (VEOLIA_0953273; #34); VWNAOS528299-VWNAOS528299.0016 (VEOLIA_0954614; #36); VWNAOS528279-VWNAOS528279.0004 (VEOLIA_0954489; #40); VWNAOS528371-VWNAOS528371.0002 (VEOLIA_0955214; #45).

[60] VWNAOS249169-VWNAOS249169.0016 (VEOLIA_095965; #3); VWNAOS511621-VWNAOS511621.0016 (VEOLIA_0960988; #18); VWNAOS511450-VWNAOS511450.0020 (VEOLIA_0959275; #20); VWNAOS537537-VWNAOS537537.0001 (VEOLIA_1024289; #21); VWNAOS511426-VWNAOS511426.0008 (VEOLIA_0959047; #22); VWNAOS554796-VWNAOS554796.0004 (VEOLIA_1015240; #24); VWNAOS395017-VWNAOS395017.0018 (VEOLIA_0680660; #28); VWNAOS511521-VWNAOS511521.0016 (VEOLIA_0960207; #32); VWNAOS512848-VWNAOS512848.0018 (VEOLIA_0971606; #44); VWNAOS511512-VWNAOS511512.0013 (VEOLIA_0959989; #50).

[61] VWNAOS528555-VWNAOS528555.0013 (VEOLIA_0957027; #37).

DWSD,[62] an internal transaction outline for DWSD,[63] an O&M agreement for DWSD,[64] a proposed contract amendment for Detroit[65] and letter proposal for the amendment,[66] a draft non-disclosure agreement for Detroit, a DWSD risk memo draft,[67] a summary of a peer review of DWSD's management, operations and maintenance activities and various appendices to the peer review report,[68] documents and communications concerning a due diligence engagement for DWSD,[69] a lease charge analysis for DWSD,[70] internal VNA communications related to proposed revisions to a Professional Services Contract with DWSD[71]

---

[62] VWNAOS510922-VWNAOS510922.0010 (VEOLIA_0952854; #4); VWNAOS510902-VWNAOS510902.0014 (VEOLIA_0952776; #6); VWNAOS510973-VWNAOS510973.0010 (VEOLIA_0952973; #9); VWNAOS510923-VWNAOS510923.0014 (VEOLIA_0952865; #11); VWNAOS511032-VWNAOS511032.0011 (VEOLIA_0953864; #35); VWNAOS510901-VWNAOS510901.0010 (VEOLIA_0952765; #38).

[63] VWNAOS527049-VWNAOS527049.0005 (VEOLIA_0457486; #25).

[64] VWNAOS528310-VWNAOS528310.0032 (VEOLIA_0954682; #17).

[65] VWNAOS528606-VWNAOS528606.0001 (VEOLIA_0957629; #7); VWNAOS528594-VWNAOS528594.0002 (VEOLIA_0957591; #42).

[66] VWNAOS528590-VWNAOS528590.0002 (VEOLIA_0957575; #8); VWNAOS553563-VWNAOS553563.0002 (VEOLIA_0957548; #33).

[67] VWNAOS528219-VWNAOS528219.0016 (VEOLIA_0953689; #41); VWNAOS528209-VWNAOS528209.0010 (VEOLIA_0953606; #43).

[68] VWNAOS249169-VWNAOS249169.0016 (VEOLIA_0959655; #3); VWNAOS512807-VWNAOS512807.0018 (VEOLIA_0970206; #15); VWNAOS512837-VWNAOS512837.0029 (VEOLIA_0970386; #16); VWNAOS511621-VWNAOS511621.0016 (VEOLIA_0960988; #18); VWNAOS511450-VWNAOS511450.0020 (VEOLIA_0959275; #20); VWNAOS511426-VWNAOS511426.0008 (VEOLIA_0959047; #22); VWNAOS511521-VWNAOS511521.0016 (VEOLIA_0960207; #32); VWNAOS312153-VWNAOS312153.0016 (VEOLIA_0960447; #49); VWNAOS511512-VWNAOS511512.0013 (VEOLIA_0959989; #50).

[69] VWNAOS528560-VWNAOS528560.0001 (VEOLIA_0957303; #13); VWNAOS528564-VWNAOS528564.0042 (VEOLIA_0957313; #47).

[70] VWNAOS512848-VWNAOS512848.0018 (VEOLIA_0971606; #44).

[71] VWNAOS537537-VWNAOS537537.0001 (VEOLIA_1024289; #21).

internal communications regarding acceptance of VNA's proposal for DWSD,[72] and internal communications concerning a draft appendix for the DWSD O&M and the draft of the appendix containing redline changes.[73]

As discussed in more detail above and in VNA's previous submissions, these documents—none of which have anything to do with Flint or with Plaintiffs' claims—contain confidential information. They reveal details concerning a client's internal operations (including information on its assets, expenditures, and operating costs), VNA's strategy for the work that done for the client (including risk assessments), and they reveal VNA's internal strategy concerning its relationship with that client (including VNA's approach to its bidding process and how much it charges).

## 2. <u>Nine (9) other documents should remain "Confidential."</u>

One document is an internal VNA communication related to the hiring of a potential legal assistant candidate.[74] The email includes notes of a phone interview with the candidate, including her name of the candidate and her desired salary, and salary requirements for the position. Disclosure of this document would unjustifiably intrude upon the candidate's privacy and have nothing to do with this litigation.

---

[72] VWNAOS528117-VWNAOS528117.0001 (VEOLIA_0952732; #5).
[73] VWNAOS545026-VWNAOS545026.0002 (VEOLIA_0481206; #1); VWNAOS528323-VWNAOS528323.0002 (VEOLIA_0954921; #23).
[74] VWNAOS554796-VWNAOS554796.0004 (VEOLIA_1015240; #24).

Another document relates to a draft master supply agreement with one of VNA's suppliers[75] that has nothing to do with Flint. The agreement includes commercially-sensitive contract details such as the amount VNA would pay for different items from the supplier and the terms of VNA's agreement with that supplier. Competitors would be able to use this information to undercut VNA's relationship with that supplier and the supplier's competitors. Therefore, VNA has good cause for maintaining the confidentiality of this document.

Two (2) documents relate to a consulting agreement with Winston/Terrell Group, Inc.[76] The documents set forth the terms of the consulting relationship, which include details concerning compensation, the scope of the relationship, and the services the consultant would provide. Therefore, VNA has good cause for maintaining the confidentiality of these documents.

One document is an internal VNA communication related to proposed revisions to a services agreement for Flint.[77] The communication reflects VNA's strategy for negotiating the services agreement with Flint, which could be used by VNA's competitors, thus causing competitive harm to VNA. Therefore, VNA has good cause for maintaining the confidentiality of this document.

---

[75] VWNAOS528545-VWNAOS528545.0019 (VEOLIA_0956936; #39).
[76] VWNAOS395017-VWNAOS395017.0018 (VEOLIA_0680660; #28); VWNAOS513068-VWNAOS513068.0001 (VEOLIA_0974284; #46).
[77] VEOLIA05344 - VWNAOS554089-VWNAOS554089.0003 (VEOLIA_0997525; #12).

One document is a memo from VNA's public relations firm[78] which includes recommendations to strategically position the company to drive growth and earnings. The memo also lists the recommended amount to be spent on different initiatives. The Court should find good cause for the continued confidentiality of this document because it contains commercially-sensitive information that VNA's competitors could find useful which, if disclosed, could cause VNA to suffer a competitive disadvantage

Finally, one document relates to VNA's efforts to obtain a trademark.[79] The communication, which involves outside counsel, is unrelated to Flint. It also would benefit competitors to obtain this information and understand how VNA approaches its trademarking strategy. Therefore, VNA has good cause for designating the communication as confidential.

## E.    Stern's 16th Confidentiality Challenge (November 8 Letter)

After reviewing the 50 documents that are the subject of Plaintiffs' November 8 letter, VNA has agreed to de-designate 20 of them.[80] Additionally, 15 documents

---

[78] VWNAOS526987-VWNAOS526987.0009 (VEOLIA_0419158; #48).
[79] VWNAOS553650-VWNAOS553650.0002 (VEOLIA_0646756; #10).
[80] VWNAOS528301-VWNAOS528301.0001 (VEOLIA_0954644; #5); VWNAOS545313-VWNAOS545313.0001 (VEOLIA_0548830; #7); VWNAOS540542-VWNAOS540542.0001 (VEOLIA_1032448; #9); VWNAOS528154-VWNAOS528154.0012 (VEOLIA_0953290; #11); VWNAOS527067-VWNAOS527067.0012 (VEOLIA_0473408; #12); VWNAOS527087-VWNAOS527087.0001 (VEOLIA_0474001; #15); VWNAOS538319-VWNAOS538319.0002 (VEOLIA_1027157; #16); VWNAOS545011-VWNAOS545011.0013 (VEOLIA_0480732; #19); VWNAOS553137-VWNAOS553137.0002 (VEOLIA_0407368; #20); VWNAOS528159-VWNAOS528159.0001 (VEOLIA_0953316; #27); VWNAOS528149-VWNAOS528149.0002

were designated as "Highly Confidential," but VNA is amenable to re-designating

them as "Confidential."[81] In sum, VNA submits that 30 documents should maintain

their confidentiality designations under the terms of the Order.

### 1.    Twenty-five documents relating to Detroit are "Confidential."

Twenty-three (25) of these challenged documents relate to Detroit, including

a due diligence engagement letter and fact sheet for Detroit,[82] an O&M proposal for

Detroit,[83] a draft O&M agreement term sheet for,[84] an internal transaction outline

for DWSD,[85] an O&M agreement for DWSD,[86] a proposed contract amendment for

---

(VEOLIA_0953252; #31); VWNAOS527083-VWNAOS527083.0012 (VEOLIA_0473971;
#32); VWNAOS527093-VWNAOS527093.0001 (VEOLIA_0474367; #35); VWNAOS528408-
VWNAOS528408.0002 (VEOLIA_0955678; #37); VWNAOS536531-VWNAOS536531.0001
(VEOLIA_1017265; #41); VWNAOS528416-VWNAOS528416.0003 (VEOLIA_0955751;
#44); VWNAOS553566-VWNAOS553566.0002 (VEOLIA_0583529; #46); VWNAOS528325-
VWNAOS528325.0003 (VEOLIA_0954938; #47); VWNAOS531828-VWNAOS531828.0004
(VEOLIA_1007657; #48); VWNAOS528305-VWNAOS528305.0001 (VEOLIA_0954667;
#50).

[81] VWNAOS513008-VWNAOS513008.0014 (VEOLIA_0972949; #1); VWNAOS312143-
VWNAOS312143.0041 (VEOLIA_0960351; #2); VWNAOS513038-VWNAOS513038.0018
(VEOLIA_0973420; #4); VWNAOS512977-VWNAOS512977.0027 (VEOLIA_0972490; #6);
VWNAOS528692-VWNAOS528692.0021 (VEOLIA_0958979; #8); VWNAOS512885-
VWNAOS512885.0019 (VEOLIA_0971830; #13); VWNAOS513052-VWNAOS513052.0023
(VEOLIA_0974040; #14); (VWNAOS528104-VWNAOS528104.0001 (VEOLIA_0952699;
#17); VWNAOS512928-VWNAOS512928.0016 (VEOLIA_0972050; #21); VWNAOS512988-
VWNAOS512988.0014 (VEOLIA_0972653; #24); VWNAOS511022-VWNAOS511022.0011
(VEOLIA_0953819; #26); VWNAOS528562-VWNAOS528562.0003 (VEOLIA_0957307;
#28); VWNAOS511447-VWNAOS511447.0016 (VEOLIA_0959256; #33); VWNAOS553625-
VWNAOS553625.0001 (VEOLIA_0634922; #40); VWNAOS511965-VWNAOS511965.0023
(VEOLIA_0962212; #45).

[82] VWNAOS511018-VWNAOS511018.0007 (VEOLIA_0953680; #10); VWNAOS528562-
VWNAOS528562.0003 (VEOLIA_0957307; #28).

[83] VWNAOS528061-VWNAOS528061.0038 (VEOLIA_0952125; #22).

[84] VWNAOS511022-VWNAOS511022.0011 (VEOLIA_0953819; #26).

[85] VWNAOS527916-VWNAOS527916.0003 (VEOLIA_0951588; #39).

[86] VWNAOS528169-VWNAOS528169.0029 (VEOLIA_0953421; #23).

Detroit and letter proposal for the amendment,[87] a draft non-disclosure agreement for a third party working on the Detroit project,[88] a summary of a peer review of DWSD's management, operations and maintenance activities and various appendices to the peer review report,[89] an internal VNA communication regarding proposed changes to the latest version of the DWSD risk memo and due diligence engagement,[90] an internal VNA communication regarding proposed redlined changes to the Services Agreement for DWSD,[91] internal VNA communications regarding VNA's proposal for DWSD,[92] and a proposed media response for the engagement.[93]

As discussed in more detail above and in VNA's previous submissions, these documents—none of which have anything to do with Flint or with Plaintiffs' claims—contain confidential information. They reveal details concerning a client's

---

[87] VWNAOS311337-VWNAOS311337.0001 (VEOLIA_0957555; #43); VWNAOS528592-VWNAOS528592.0002 (VEOLIA_0957584; #49).

[88] VWNAOS528021-VWNAOS528021.0003 (VEOLIA_0951753; #25).

[89] VWNAOS513008-VWNAOS513008.0014 (VEOLIA_0972949; #1); VWNAOS312143-VWNAOS312143.0041 (VEOLIA_0960351; #2); VWNAOS513038-VWNAOS513038.0018 (VEOLIA_0973420; #4); VWNAOS512977-VWNAOS512977.0027 (VEOLIA_0972490; #6); VWNAOS528692-VWNAOS528692.0021 (VEOLIA_0958979; #8); VWNAOS512885-VWNAOS512885.0019 (VEOLIA_0971830; #13); VWNAOS513052-VWNAOS513052.0023 (VEOLIA_0974040; #14); VWNAOS512928-VWNAOS512928.0016 (VEOLIA_0972050; #21); VWNAOS512988-VWNAOS512988.0014 (VEOLIA_0972653; #24); VWNAOS511447-VWNAOS511447.0016 (VEOLIA_0959256; #33).

[90] VWNAOS544982-VWNAOS544982 (VEOLIA_0479302; #18).

[91] VWNAOS528554-VWNAOS528554.0001 (VEOLIA_0957025; #3).

[92] VWNAOS528104-VWNAOS528104.0001 (VEOLIA_0952699; #17); VWNAOS553625-VWNAOS553625.0001 (VEOLIA_0634922; #40); VWNAOS553566-VWNAOS553566.0002 (VEOLIA_0583529; #46).

[93] VWNAOS553605-VWNAOS553605.0001 (VEOLIA_0618491; #38).

internal operations (including information on its assets, expenditures, and operating costs), VNA's strategy for the work that done for the client (including risk assessments), and they reveal VNA's internal strategy concerning its relationship with that client (including VNA's approach to its bidding process and how much it charges).

### 2. Five (5) other documents should remain "Confidential."

One document is a memo from VNA's public relations firm.[94] It includes recommendations to strategically position the company to drive growth and earnings. The memo also lists the recommended amount to be spent on different initiatives. The Court should find good cause for the continued confidentiality of this document because it contains commercially-sensitive information that VNA's competitors could find useful which, if disclosed, could cause VNA to suffer a competitive disadvantage.

Another document is a non-disclosure agreement between VNA and an investment banking and consulting company to develop new business, to perform joint projects and to evaluate existing business.[95] The agreement was signed pursuant to an arrangement to develop strategic plans and potential business opportunities. Publicly disclosing this document would allow competitors to better understand how

---

[94] VWNAOS526996-VWNAOS526996.0009 (VEOLIA_0419186; #29).
[95] VWNAOS527920-VWNAOS527920.0002 (VEOLIA_0951643; #30).

VNA develops its business opportunities. Therefore, VNA has good cause for maintaining the confidentiality of this document.

One document is a draft contract between VNA and the City of Flint.[96] The contract includes tracked changes which could give VNA's competitors insight into how it bids for contracts. VNA's competitors could use this information to gain an unfair advantage when bidding against VNA for future projects. Therefore, VNA has good cause to designate the document as confidential.

One document relates to VNA's efforts to obtain a trademark.[97] The communication, in which outside counsel is involved, is wholly unrelated to Flint. It also would benefit competitors to obtain this information and understand how VNA approaches its trademarking strategy. Therefore, VNA has good cause for keeping the document confidential.

Another document is a retention agreement with Clark Hill for services related to the City of Detroit.[98] The document does not relate to VNA's work in Flint and includes the proposed retainer amount and other confidential information, including how fees will be charged. VNA has good cause for maintaining the confidentiality of the contract because it closely guards its consulting arrangements. Removing the confidential designation from this document would result in the disclosure of

---

[96] VWNAOS531833-VWNAOS531833.0010 (VEOLIA_1007686; #36).
[97] VWNAOS553652-VWNAOS553652.0003 (VEOLIA_0646915; #42).
[98] VWNAOS528109-VWNAOS528109.0006 (VEOLIA_0952706; #34).

confidential consultant information, including how much VNA pays those consultants.

## CONCLUSION

For these reasons, the Court should find good cause for the continued confidentiality of these 187 documents because they contain private, non-public information which, if disclosed, could harm VNA.

DATED: December 15, 2023

Respectfully submitted,

**CAMPBELL, CONROY & O'NEIL, P.C.**   **MAYER BROWN LLP**

*/s/ James M. Campbell*
James M. Campbell
Alaina M. Devine
20 City Square, Suite 300
Boston, MA 02129
(617) 241-3000
jmcampbell@campbell-trial-lawyers.com
adevine@campbell-trial-lawyers.com

*/s/ Michael A. Olsen*
Michael A. Olsen
71 South Wacker Drive
Chicago, IL 60606
(312) 7012-7120
molsen@mayerbrown.com

*Attorneys for Veolia North America, LLC, Veolia North America, Inc., and Veolia Water North America Operating Services, LLC.*

## CERTIFICATE OF SERVICE

I hereby certify that on December 15, 2023, I electronically filed the foregoing Response with the Clerk of the Court using the ECF System, which will send notification to the ECF counsel of record.

Respectfully submitted,

*/s/ James M. Campbell*
James M. Campbell