UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

*In re Flint Water Cases 16-10444*

_____/     The Hon. Judith E. Levy
                                                                              United States District Judge

*Bellwether III Case No. 17-10164*

_____/

**MOTION FOR REFERRAL OF DISCOVERY ISSUES TO THE MAGISTRATE JUDGE**

1

## **INTRODUCTION & BACKGROUND**

At the Court's December 20, 2023 conference, the honorable District Judge, Judith E. Levy, addressed a number of discovery impasse items between the Bellwether III Plaintiffs ("Plaintiffs") and Defendants Veolia North America, LLC, Veolia North America, Inc., and Veolia Water North America Operating Services, LLC ("Veolia"). Those issues included: (1) "The dispute between [] Plaintiffs and [Veolia] over document production and redaction related to the Court's July 19, 2023 rulings;" and (2) "[] Plaintiffs' Notices of Objection to Designations of Protected Material." **ECF No. 2753** (Agenda for December 20, 2023 Conference).

## **SUMMARY OF ISSUES**

**ISSUE 1: Veolia's application of the Court's July 19, 2023 rulings as to various productions made in response to Plaintiffs' March 23, 2023 privilege log challenge.**

Plaintiffs seek Veolia's compliance with the Court's July 19, 2023 ruling regarding Plaintiffs' March 2023 privilege log challenge. **ECF No. 2540, PageID.83989,** (July 19, 2023 Ruling). Specifically, Plaintiffs seek to compel Veolia to produce *fully* unredacted versions of documents associated with one hundred and ninety-five (195) privilege log entries. *See* **Exhibit A** (PDF Version of Excel Sheet) (Note: a highlighted, excel version of this sheet was previously submitted to the Court in excel version by email on December 18, 2023. The highlighting in Exhibit A was simplified to make the PDF version easier to read).

Plaintiffs challenged approximately 1,700 privilege log entries in March 2023, arguing that communications and associated documents inclusive of third-party public relations firms/individuals, and/or which were made for purposes other than for legal advice, are not privileged. In response, Veolia initially produced a small number of documents—some which were mostly redacted and some unredacted—but continued to maintain privilege over the majority.

2

Then, on July 19, 2023, the Court specifically ruled that these categories of documents are not privileged, and that Veolia must produce them. **ECF No. 2540, PageID.83989.**

Thereafter, on August 18, 2023, Veolia produced a mere three hundred and eighteen (318) documents, some of which were mostly redacted, and others unredacted. Veolia's production did not comply with the Court's ruling because: (1) all documents deemed non-privileged under the Court's ruling should be produced in *fully* unredacted form (as there is no privilege to justify the redaction); and (2) Veolia continued to withhold a significant number of documents associated with privilege log entries that were clearly improper under the Court's July 19 ruling.

As a result, Plaintiffs have spent significant time over the last four months writing to Veolia, urging them to properly apply the Court's ruling, by: (1) re-producing *fully* unredacted versions of the redacted documents that they have produced in response to the March 2023 challenge; and (2) producing *fully* unredacted versions of the *hundreds* of documents they continue to erroneously withhold in violation of the Court's ruling. Plaintiffs have sent multiple communications to Veolia and the parties have met and conferred numerous times about the above issues. Indeed, on September 29, 2023 Plaintiffs—in hopes of expediting the process—narrowed their requests to one hundred and eighty-four (184) privilege log entries associated with withheld documents, which without question fall into at least one category of documents the Court determined were inappropriately withheld by Veolia.

In response, Veolia has produced a small number of documents—sometimes producing unredacted versions of documents and other times producing documents with "revised" redactions. However, they have yet to cure the compliance issues raised in Plaintiffs' multiple communications and are still in violation of the Court's clear July 2023 rulings. At this pace, Plaintiffs are certain

3

they will not receive these documents before the start of the Bellwether III trial, and Plaintiffs are concerned that Veolia is slow rolling the production of these documents for that very purpose.

Meanwhile, Veolia's position is that: "the remaining documents that VNA continues to withhold or redact are not subject to the Court's July 19 oral ruling and its subsequent written orders, and thus VNA is properly withholding or redacting them." *See* **2023.12.18 VNA Submission to Court re Privilege Challenge (Issue No. 1) (submitted to the Court via email on December 18, 2023).**

Therefore, at this time, rather than asking the Court to review all of the withheld documents, Plaintiffs seek a specific ruling that the fifty (50) documents previously produced in redacted form in response to the March 2023 privilege log challenge be produced in *fully* unredacted form **[***see* **Exhibit. A rows 2-51]** and that the one hundred and forty-four (144) documents Plaintiffs have identified be immediately produced in fully unredacted form **[***see* **Exhibit A, rows 52-19].**

**ISSUE 2: Individual Plaintiffs' Notices of Objection to Designations of Protected Material-Confidentially Designation Challenges.**

Pursuant to the Court's Confidentiality Order **ECF No. 1255-3** (Exhibit C to Fifth Amended Case Management Order), Plaintiffs have submitted a number of confidentiality designation challenges ("CDCs") to documents that Veolia has improperly designated as confidential. In response, Veolia has de-designated some documents, but maintains that the remainder are properly designated. Plaintiffs object in reply. These interactions are reflected in the following pleadings:

ECF No. 2554 (CDC 1)    Veolia's Response, ECF No. 2577[1]    Plaintiffs' Reply, ECF No. 2593

---

[1] Veolia did not agree to remove confidentiality designation from any of the challenged documents, **leaving all 40 documents in dispute.**

4

| | | |
|---|---|---|
| ECF No. 2566 (CDC 2) | Veolia's Response, ECF No. 2586[2] | Plaintiffs' Reply, ECF No. 2599 |
| ECF No. 2571 (CDC 3) | Veolia's Response, ECF No. 2598[3] | Plaintiffs' Reply, ECF No. 2610 |
| ECF No. 2585 (CDC 4) | Veolia's Response, ECF No. 2611[4] | Plaintiffs' Reply, ECF No. 2622 |
| ECF No. 2604 (CDC 5) | Veolia's Response, ECF No. 2623[5] | Plaintiffs' Reply, ECF No. 2637 |
| ECF No. 2604 (CDC 6) | Veolia's Response, ECF No. 2623[6] | Plaintiffs' Reply, ECF No. 2637 |
| ECF No. 2604 (CDC 7) | Veolia's Response, ECF No. 2623[7] | Plaintiffs' Reply, ECF No. 2637 |
| ECF No. 2636 (CDC 8) | Veolia's Response, ECF No. 2646[8] | Plaintiffs' Reply, ECF No. 2656 |
| ECF No. 2641 (CDC 9) | Veolia's Response, ECF No. 2651[9] | Plaintiffs' Reply, ECF No. 2657 |
| ECF No. 2644 (CDC 10) | Veolia's Response, ECF No. 2663[10] | Plaintiffs' Reply, ECF No. 2669 |
| ECF No. 2653 (CDC 11) | Veolia's Response, ECF No. 2665[11] | Plaintiffs' Reply, ECF No. 2672 |
| ECF No. 2688 (CDC 12-16) | Veolia's Response, ECF No. 2757[12] | Plaintiffs' Reply, TBD 12/22/23 |

Plaintiffs seek the Court's assistance in causing these documents to be de-designated from "confidential," "highly confidential," and "highly confidential for attorneys' eyes only.

---

[2] Veolia agreed to remove the confidentiality designation from 63 of the 83 documents designated as confidential, **leaving 20 documents in dispute.**
[3] Veolia agreed to remove the confidentiality designation from 16 of the 24 documents designated as confidential, **leaving 8 documents in dispute.**
[4] Veolia agreed to remove the confidentiality designations from 63 of the 74 documents designated as confidential, **leaving 11 documents in dispute.**
[5] Veolia agreed to remove the confidentiality designations from 7 of the 25 documents designated as confidential, **leaving 18 documents in dispute.**
[6] Veolia agreed to remove the confidentiality designations from 9 of the 35 documents designated as confidential, **leaving 26 documents in dispute.**
[7] Veolia did not agree to remove confidentiality designation from any of the challenged documents, **leaving all 318 documents (including those that are duplicates) in dispute.**
[8] Veolia agreed to remove the confidentiality designations from 5 of the 35 documents designated as confidential, **leaving 30 documents in dispute.**
[9] Veolia agreed to remove the confidentiality designations from 8 of the 40 documents designated as confidential, **leaving 32 documents in dispute.**
[10] Veolia agreed to remove the confidentiality designations from 11 of the 40 documents designated as confidential, **leaving 29 documents in dispute.**
[11] Veolia agreed to remove the confidentiality designations from 13 of the 50 documents designated as confidential, **leaving 37 documents in dispute.**
[12] Veolia agreed to remove the confidentiality designations from 8 of the 50 documents designated as confidential, **leaving 42 documents in dispute.**

5

## CONCLUSION

In light of the above, Plaintiffs respectfully request that the above-mentioned issues be considered by the Special Master.

Dated: December 20, 2023　　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　　　**LEVY KONIGSBERG LLP**
　　　　　　　　　　　　　　　　　　　　　　　/s/Corey M. Stern
　　　　　　　　　　　　　　　　　　　　　　　Corey M. Stern
　　　　　　　　　　　　　　　　　　　　　　　Melanie Daly
　　　　　　　　　　　　　　　　　　　　　　　605 Third Ave., 33rd Floor
　　　　　　　　　　　　　　　　　　　　　　　New York, New York 10158
　　　　　　　　　　　　　　　　　　　　　　　(212) 605-6298
　　　　　　　　　　　　　　　　　　　　　　　cstern@levylaw.com
　　　　　　　　　　　　　　　　　　　　　　　mdaly@levylaw.com

　　　　　　　　　　　　　　　　　　　　　　　*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

      I hereby certify that on December 21, 2023 I electronically filed this document with the Clerk of the Court using the ECF System, which will send notification to the ECF counsel of record.

**LEVY KONIGSBERG, LLP**
/s/ MELANIE DALY
Melanie Daly
603 Third Ave., 33rd Floor New York, New York 10158 (212) 605-6275
mdaly@levylaw.com