UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| *In Re* Flint Water Cases | No. 5:16-cv-10444-JEL-EAS |
| | HON. JUDITH E. LEVY |
| | MAG. ELIZABETH A. STAFFORD |

**CLASS PLAINTIFFS' REPLY IN SUPPORT OF THEIR MOTION IN LIMINE NO. 9 TO PROHIBIT VNA FROM MICRO-FOCUSING SOCIAL AND DIGITAL MEDIA ADVERTISEMENTS TO JURORS [2707]**

Case 5:16-cv-10444-JEL-EAS   ECF No. 2773, PageID.92171   Filed 12/22/23   Page 2 of 16

**TABLE OF CONTENTS**

CONCISE STATEMENT OF THE ISSUES PRESENTED……………………........................iii

CONTROLLING OR MOST APPROPRIATE AUTHORITY……………….........................iv

INTRODUCTION…………………………………………………………………......................…1

ARGUMENT……………………………………………………………………......................…….2

    I.       The Court Should Apply a "Substantial Likelihood of Material Prejudice" Standard.. .................................................................................................................... 2

    II.      Advertising Legal Arguments to the Jury Pool and Empaneled Jurors Undermines the Trial's Integrity, And By VNA's Own Admission, Its Past Advertisements Have In Fact Reached the Area From Which the Jury is Drawn............................ 5

    III.     The Proposed Order is Not Premature, Vague, or Overbroad................................ 7

CONCLUSION………………………………………………………………..........................10

CERTIFICATE OF SERVICE…………………………………………………........................11

i

## TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Bridges v. State of Cal.*,
    314 U.S. 252 (1941)................................................................................................5

*Gentile v. State Bar of Nevada*,
    501 U.S. 1030, 111 S.Ct. 2720, 115 L.Ed.2d 888 (1991)......................................3

*Nebraska Press Ass'n v. Stuart*,
    427 U.S. 539 (1976)................................................................................................7

*In re Oliver*,
    333 U.S. 257 (1948)................................................................................................2

*Patterson v. People of the State of Colorado ex rel. Att'y Gen. of State of Colorado*,
    205 U.S. 454 (1907).............................................................................................5, 9

*Seattle Times Co. v. Rhinehart*,
    467 U.S. 20 (1984)..................................................................................................3

*Sheppard v. Maxwell*,
    384 U.S. 333 (1966).................................................................................2, 3, 5, 7

*The News-J. Corp. v. Foxman*,
    939 F.2d 1499 (11th Cir. 1991).............................................................................3

*United States v. Bronstein*,
    849 F.3d 1101 (D.C. Cir. 2017).............................................................................9

*United States v. Brown*,
    218 F.3d 415 (5th Cir. 2000)..............................................................................3, 4

*United States v. Ford*,
    830 F.2d 596 (6th Cir. 1987)...........................................................................2, 3, 4

*United States v. Koubriti*,
    307 F. Supp. 2d 891 (E.D. Mich. 2004)................................................................3

*United States v. Scrushy*,
    No. CR-03-BE-0530-S, 2004 WL 848221 (N.D. Ala. Apr. 13, 2004)....................7

*United States v. Trump*,
    No. 23-3190, 2023 WL 8517991 (D.C. Cir. Dec. 8, 2023) ............................ *passim*

## CONCISE STATEMENT OF THE ISSUES PRESENTED

Whether the Court should prohibit the parties from directing micro-focused social and digital media advertisements to the jury pool and ultimately empaneled jurors by enjoining the parties from advertising their legal arguments in the counties from which jurors are summoned in this judicial division via social and digital media.

**Plaintiffs answer:** "Yes."

**VNA's answer:** "No."

## CONTROLLING OR MOST APPROPRIATE AUTHORITY

*United States v. Trump*, No. 23-3190, 2023 WL 8517991 (D.C. Cir. Dec. 8, 2023).

*Patterson v. People of the State of Colorado ex rel. Att'y Gen. of State of Colorado*, 205 U.S. 454 (1907).

## INTRODUCTION

Class Plaintiffs' request is reasonable, limited, consistent with the First Amendment, and justified by the litigants, the Court, and the public's collective interest in the fair functioning of the judicial system. Class Plaintiffs merely seek to restrict VNA's extrajudicial communication of its case-in-chief to potential jurors and, after empaneling, the jury itself. Class Plaintiffs' requested order achieves this in the least restrictive way possible, barring social and digital media advertising of matters related to the case in just the six counties from which this Court pulls jurors from now until the end of trial. Class Plaintiffs do not oppose VNA using its website or any of its social media platforms to opine on the case, or even advertise anywhere beyond these six counties. And because it was not clear in our previous brief, we emphasize that this order should apply equally to Class Plaintiffs.

In opposing Class Plaintiffs' motion, VNA confuses the appropriate standard of review, analogizes itself to a politician running for political office, and misstates Class Plaintiffs' requested order. Crucially, VNA erroneously insists that because the advertising campaign promoting its case website has been ineffective at reaching persons in the relevant counties, it has not yet had any effect and thus should be permitted to continue uninterrupted. But a party projecting its case beyond the courtroom to the jury pool before trial and, most egregiously, in the midst of trial, is categorically improper and should not be allowed, regardless of its perceived effect.

1

# ARGUMENT

**I. The Court Should Apply a "Substantial Likelihood of Material Prejudice" Standard.**

According to VNA, Class Plaintiffs "must establish that this Court has a compelling interest in silencing VNA's speech, which means showing that VNA's speech poses a 'serious and imminent threat' to this litigation." VNA's Resp. in Opp. to Pls.' Mot. in Limine re: Social and Digital Media Advertisements to Jurors, ECF No. 2741, PageID.90510 (quoting *United States v. Ford*, 830 F.2d 596, 600 (6th Cir. 1987)). VNA's "serious and imminent threat" standard is misplaced – such a standard applies to "the right of publicity concerning [court] operations," *Ford*, 830 F.2d at 599, *i.e.*, the rights of the press and the public's access concerning court proceedings, as the judicial system is first and foremost a public institution.[1] Like the appellant in the recent *Trump* opinion cited throughout its brief, VNA "fails to account for the difference between trial participants and nonparticipants." *United States v. Trump*, No. 23-3190, 2023 WL 8517991, at *12 (D.C. Cir. Dec. 8, 2023). VNA further cites *Ford* for its assertion that "the right to speak about litigation

---

[1] *Sheppard v. Maxwell*, 384 U.S. 333, 349–50 (1966) ("The principle that justice cannot survive behind walls of silence has long been reflected in the 'Anglo-American distrust for secret trials.' . . . A responsible press has always been regarded as the handmaiden of effective judicial administration, especially in the criminal field." (quoting *In re Oliver*, 333 U.S. 257, 268 (1948)).

2

belongs to the parties in that pending litigation no less than to the public and the media," ECF No. 2741, PageID.90511, however the *Ford* case

> [P]re-date[s] the Supreme Court's decision in *Gentile v. State Bar of Nevada,* 501 U.S. 1030, 111 S.Ct. 2720, 115 L.Ed.2d 888 (1991) in which the Court expressly held that the "clear and present danger" of "actual prejudice or an imminent threat," standard only applied to broadly-based restrictions directed at *the press.* The *Gentile* Court determined that speech of *those participating in litigation before the courts* may be regulated under a far less demanding standard than the standard established for regulation of the press, 501 U.S. at 1069, 1074, 111 S.Ct. at 2742, 2744, and expressly upheld as constitutionally permissible restrictions on lawyers' speech when there is a showing of only a "substantial likelihood of material prejudice" to fair trial rights.

*United States v. Koubriti*, 307 F. Supp. 2d 891, 899 (E.D. Mich. 2004). *Ford* is simply no longer good law on this point.[2]

*Trump* is not on point on this matter either, as that case involved the free speech rights of a criminal defendant who "under our system of justice . . . may very well have a greater constitutional claim than other trial participants to criticize and speak out against the prosecution and the criminal trial process that seek to take away

---

[2] *See United States v. Brown*, 218 F.3d 415, 427 (5th Cir. 2000) ("We decline to adopt the more stringent tests advocated by the Sixth, Seventh, and Ninth Circuits because *Gentile* appears to have foreclosed the applicability of those tests to the regulation of speech by trial participants."); *Trump*, 2023 WL 8517991, at *9 ("While courts have quite limited authority to quiet the speech of the press and public, the Constitution affords judges broader authority to regulate the speech of trial participants.") (citing *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 32 n.18 (1984)); *id.* at *13 & n.7; *The News-J. Corp. v. Foxman*, 939 F.2d 1499, 1512–13 (11th Cir. 1991) ("[T]he Supreme Court has suggested a restrictive order limiting extrajudicial commentary of trial participants as an alternative to a prior restraint on the media." (citing *Sheppard v. Maxwell,* 384 U.S. 333, 361 (1966)).

3

his liberty." 2023 WL 8517991, at *11; *see also Ford*, 830 F.2d at 599 ("A criminal defendant awaiting trial in a controversial case has the full power of the government arrayed against him and the full spotlight of media attention focused upon him."). As much as it VNA likes to portray itself in a similar light, it is merely a civil litigant here. The Court should follow the lead of *Brown*, 218 F.3d at 427, and apply a "substantial likelihood of material prejudice" standard.

VNA also tries to obtain a higher standard of scrutiny by casting its advertising campaign as "political speech," citing *Trump* as exemplary. ECF No 2741, PageID.90512-14, 90517. *Trump* takes place in an actual political context, involving a politician with an active campaign and upcoming elections.³ And even then, the court saw fit to keep much of the challenged order in place. VNA claims advertisement of its criticisms of government officials are similarly political. But the claim rings hollow – a litigant cannot immunize its wrongdoing through the bare assertion of political speech. As the court in *Trump* explained, a party cannot "evade [a] legitimate limitation by dressing up messages . . . in political-speech garb," nor can a trial participant's engagement in political speech be permitted to "degrade or diminish that essential judicial function" of the fair administration of justice. 2023

---

³ *See also, e.g., Ford*, 830 F.2d at 600–02 (describing the special right and duty of an elected representative to communicate with his constituents, as well as the unique separation of powers concerns implicated by the judicial branch's "attempt to control political communication between a congressman and his constituents").

4

WL 8517991, at *18. The Court should reject VNA's faint-hearted attempt to cast its ad campaign as political speech.[4]

## II. Advertising Legal Arguments to the Jury Pool and Empaneled Jurors Undermines the Trial's Integrity, And By VNA's Own Admission, Its Past Advertisements Have In Fact Reached the Area From Which the Jury is Drawn.

Regardless, seeking out jurors in this manner is *per se* improper under *any* standard. It should go without saying that the litigants, the public, and the Court have a compelling interest in the fair administration of justice, namely that "the conclusions to be reached in a case will be induced only by evidence and argument in open court, and not by any outside influence, whether of private talk or public print." *Patterson v. People of the State of Colorado ex rel. Att'y Gen. of State of Colorado*, 205 U.S. 454, 462 (1907). "'[T]rials are not like elections, to be won through the use of the meeting-hall, the radio, and the newspaper.'" *Sheppard*, 384 U.S. at 350 (quoting *Bridges v. State of Cal.*, 314 U.S. 252, 271 (1941)). Rather, "the jury's verdict [must] be based on evidence received in open court, not from outside sources." *Id.* at 351.

It is for this basic reason that the parties are not allowed to communicate with jurors outside the courtroom about *anything*, lest any comment be misinterpreted as

---

[4] Indeed, VNA characterizes its campaign as both vital political speech and "inoffensive and nonthreatening." ECF No. 2741, PageID.90517.

reflective of the case's merits and thus influence a juror's opinion of the case's merits. VNA defends its online ad campaign by pointing out that less than 3% of "impressions" and "clicks" occurred in the six-county area from which this Court draws its juries, ECF No. 2741, PageID.90505, and that its ads were available everywhere in the United States and Canada, so it could not have "targeted" Michigan or even this small six-county area, *id.*, PageID.90506.

The takeaway from Bellwether I is that VNA got lucky by not reaching jurors, not that its ad campaign was proper. This fact does not justify continuation of the ad campaign during the upcoming Class Trial. What VNA did then and what it plans to do during the upcoming Class Trial is *per se* improper and constitutes serious harm; much like a litigant would not be permitted to engage a juror with legal argument in the hallway during recess, or to place ads amplifying its arguments in local print, billboards, radio, or television, VNA should not be allowed to amplify its legal arguments online in a manner that may be encountered by prospective and empaneled jurors. It does not matter that VNA did not "target" the area or that its messages were "innocuous" – it matters that the messages were in the area *at all*.[5]

---

[5] Class Plaintiffs acknowledge the awkward spot that VNA is in. Most parties would simply agree to not advertise legal arguments during trial and move on, yet VNA here is compelled to defend its actions in Bellwether I. But the fact that a *per se* improper ad campaign was previously run with little or no ultimate impact on that jury does not justify abandoning basic rules of fairness that govern trials, or guarantee that it will not be encountered by a juror this time.

6

An impartial jury should evaluate evidence based only on what is presented in court. Allowing this ad program to continue flies in the face of that basic premise and would allow VNA a second chance to pitch their case to jurors.

### III. The Proposed Order is Not Premature, Vague, or Overbroad.

Finally, VNA makes a number of arguments asserting that Class Plaintiffs' proposed order is not the least restrictive means for the jury to empanel and maintain an impartial jury. These are unavailing.

First, VNA asserts that *voir dire* and jury instructions are the proper mechanism for screening out affected. As stated in the main brief, Class Plaintiffs believe the better choice is to avoid the obvious risk of contamination altogether at the outset. *See Trump*, 2023 WL 8517991, at *17 (recognizing Supreme Court admonition that trial courts "'must' prevent such harms at their 'inception,' before they are realized and dysfunction envelops the trial" (quoting *Nebraska Press Ass'n v. Stuart*, 427 U.S. 539, 552–54 (1976), and *Sheppard*, 384 U.S. at 362–363).[6]

Next, VNA asserts that the requested order is underinclusive because it is not bilateral. Class Plaintiffs do not plan to have an active ad campaign in the six-county

---

[6] *See also, e.g., United States v. Scrushy*, No. CR-03-BE-0530-S, 2004 WL 848221, at *6 (N.D. Ala. Apr. 13, 2004) ("While the court anticipates a rigorous voir dire and 'emphatic' jury instructions, the prophylactic measure of a restraint on extra-judicial comments by the trial participants plays an essential role in ensuring a fair trial in this case.").

7

area from which the jury is pulled. Thus, Class Plaintiffs do not oppose being likewise bound by the requested order.

VNA also asserts that the requested order is too vague, posing several hypotheticals and questions, ECF No. 2741, PageID.90525, to which Class Plaintiffs respond in turn:

- **Would the gag order include speech that, despite VNA's best efforts, nevertheless reached the jury pool, perhaps because prospective jurors were traveling outside the six-county area when they saw VNA's speech?**

No, the order is narrowly tailored to just the six counties from which the Court pulls its juries. It is unrealistic to expect such an order to resolve every conceivable concern. The order as proposed sufficiently addresses Class Plaintiffs' concerns.

- **What if VNA chose to promote posts on its Twitter account? Twitter does not allow users to limit the zip codes where promoted posts appear, but it also does not allow users to "aim" their posts at a geographic area. Would the Twitter promotion violate the gag order?**

Yes, promotion of posts projecting VNA's legal arguments and opinions as to this case would violate the order. According to X's (formerly Twitter) own website, campaigns can be targeted at (and thus limited to) certain locations.[7]

---

[7] *Geo, gender, language, and age targeting*, X Business, https://business.twitter.com/en/help/campaign-setup/campaign-targeting/geo-gender-and-language-targeting.html (last accessed Dec. 20, 2023). *See also Use location targeting*, Meta, https://www.facebook.com/business/help/365561350785642?id=176276233019487 (same for Meta (formerly Facebook)).

8

- **Is [the order] limited to paid ads, like Google ads? Are free posts also deemed "advertising" under this rubric?**

*See* ADVERTISEMENT, Black's Law Dictionary (11th ed. 2019) ("A commercial solicitation; an item of published or transmitted matter made with the intention of attracting clients or customers.").

- **And does "social . . . advertising" reach other, non-digital media such as newspaper ads, billboards, and posters on bus stops?**

No, social and digital media does not refer to non-digital media. However, such ads would be obviously improper and Class Plaintiffs would file an appropriate motion requesting discontinuation of any such ad campaign. Legal argument between parties at trial belongs in the courtroom. *Patterson*, 205 U.S. at 462.

Finally, VNA claims to not know what "the case's merits" means. ECF No. 2741, PageID.90526. "A legal rule is not unconstitutionally vague so long as it gives 'sufficient warning' that persons can conform their conduct to the law and 'avoid that which is forbidden.'" *Trump*, 2023 WL 8517991, at *25 (quoting *United States v. Bronstein*, 849 F.3d 1101, 1106–1107 (D.C. Cir. 2017)). For a discussion of how statements can be "about" a case, VNA is direct to *Trump*, 2023 WL 8517991, at *24–25. To the extent VNA complains that the scope is too broad, it has only itself to blame for centering its defense on government entities and thus dramatically broadening the scope of this professional negligence trial.

9

Class Plaintiffs' request is appropriately limited in duration, location, and scope. VNA can still advertise its website and these posts anywhere in the world, just not in these six counties. The Court should adopt Class Plaintiffs proposed order.[8]

## CONCLUSION

For these reasons, the Court should grant Class Plaintiffs' motion and enjoin the parties from social and digital media advertising regarding their views of the case in the counties from which jurors are summoned in this judicial division from now until the jury renders a verdict.

Dated: December 22, 2023

Respectfully submitted,

By: /s/ Theodore J. Leopold
Theodore J. Leopold
COHEN MILSTEIN SELLERS
& TOLL PLLC
11780 U.S. Highway One, Suite N500
Palm Beach Gardens, FL 33408
Telephone: (561) 515-1400
tleopold@cohenmilstein.com
**CO-LEAD CLASS COUNSEL**

By: /s/ Michael L. Pitt
Michael L. Pitt
PITT MCGEHEE PALMER BONANNI
& RIVERS, P.C.
117 West 4th Street, Suite 200
Royal Oak, MI 48067
Telephone: (248) 398-9800
mpitt@pittlawpc.com
**CO-LEAD CLASS COUNSEL**

---

[8] Reasonable minds could differ on whether the pretrial order requested by Class Plaintiffs or alternative measures proposed by VNA is the better choice to address the concerns raised in this motion. Regardless of the outcome of that issue, once the jury is empaneled, VNA should not be permitted to reach out to jurors with additional argument via advertising. Even if the Court does not impose an order for pre-trial communications, it should still impose one for the duration of the trial.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing instrument was filed with the U.S. District Court through the ECF filing system and that all parties to the above case were served via the ECF filing system on December 22, 2023.

Dated: December 22, 2023

*/s/ Theodore J. Leopold*
Theodore J. Leopold
**COHEN MILSTEIN SELLERS & TOLL PLLC**
11780 U.S. Highway One,
Suite 200
Palm Beach Gardens, FL 33408
Telephone: (561) 515-1400
tleopold@cohenmilstein.com