# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| ELNORA CARTHAN, et al., <br>                         Plaintiffs, <br><br> v. <br><br> RICK SNYDER, et al., <br>                         Defendants. | Case No. 5:16-cv-10444-JEL-MKM <br> Hon. Judith E. Levy |

**DEFENDANTS VEOLIA NORTH AMERICA, LLC, VEOLIA NORTH AMERICA, INC., AND VEOLIA WATER NORTH AMERICA OPERATING SERVICES, LLC'S BRIEF IN SUPPORT OF THEIR OBJECTIONS TO PLAINTIFFS' DESIGNATION OF DEPOSITION TESTIMONY OF DR. MARTIN PETERSON AND DR. SIDDHARTHA ROY**

## CONTROLLING OR MOST APPROPRIATE AUTHORITIES

Fed. R. Evid. 403

Fed. R. Civ. P. 26(a)(2)

*New Hampshire Ins. v. Blue Water Off Shore, LLC*,
　　2009 WL 1160230 (S.D. Ala. Apr. 29, 2009)

*Holderbaum v. Carnival Corp.*, 2015 WL 4945736 (S.D. Fla. Aug. 20, 2015)

*In re 3M Combat Arms Earplug Prods. Liab. Litig.*,
　　2021 WL 7084393 (N.D. Fla. Aug. 18, 2021)

## TABLE OF CONTENTS

**Page**

INTRODUCTION ..................................................................................................1
BACKGROUND ..................................................................................................1
LEGAL STANDARD............................................................................................3
ARGUMENT .........................................................................................................4
    A.   Plaintiffs Cannot Present Dr. Peterson's And Dr. Roy's Testimony Regardless Of Whether VNA Calls Them To Testify Live ..........................................................................................................4
        1.   Plaintiffs Did Not Disclose Dr. Peterson And Dr. Roy As Experts.............................................................................................4
        2.   The Probative Value Of The Designated Testimony Is Substantially Outweighed By The Risks Of Prejudice And Juror Confusion ..................................................................................6
    B.   Plaintiffs Cannot Offer Dr. Peterson's And Dr. Roy's Deposition Testimony If VNA Calls Them To Testify Live ...............8
CONCLUSION....................................................................................................10

# INTRODUCTION

Plaintiffs seek to circumvent the rules and disrupt the orderly presentation of evidence at trial by designating deposition testimony from two of VNA's testifying experts, Dr. Martin Peterson and Dr. Siddhartha Roy, to be played in Plaintiffs' case. VNA has objected to the designations as improper. The Court should sustain VNA's objections. Plaintiffs cannot present Dr. Peterson's or Dr. Roy's testimony as evidence because Plaintiffs did not disclose either as experts under Rule 26(a)(2). In addition, the probative value of the deposition testimony is substantially outweighed by the risk of prejudice and confusion under Rule 403. In any event, there will be no basis for Plaintiffs to use Dr. Peterson's or Dr. Roy's deposition testimony if VNA calls them as live witnesses, as they would not be unavailable under Rule 32.

# BACKGROUND

On February 2, 2023, VNA identified Dr. Peterson and Dr. Roy as expert witnesses in accordance with Rule 26(a)(2)'s disclosure requirements. Dr. Peterson will testify for VNA about engineering ethics. Ex. 2, Peterson Rpt. 2-4. Dr. Roy will testify for VNA about his peer-reviewed research on community water lead levels in Flint. Ex. 3, Roy Rpt. 4. Plaintiffs deposed Dr. Peterson on April 10, 2023, and Dr. Roy on May 8, 2023.

1

Plaintiffs have designated portions of Dr. Roy's and Dr. Peterson's depositions as evidence that they intend to present during their case-in-chief. They designated portions of Dr. Peterson's testimony related to ethical issues faced by engineers working on the Boeing 737-Max, Ex. 4, Peterson Dep. 50:7-57:7, engineers' ethical obligations under various hypothetical scenarios, *id.* 58:11-60:11, 98:12-100:22, 152:16-153:17, and certain aspects of his expert report, *id.* 118:12-120:5, 123:2-13, 133:8-134:22, among other topics. Plaintiffs designated portions of Dr. Roy's testimony related to his personal views on engineers' ethical obligations, including a TED Talk that Dr. Roy gave in 2016, Ex. 5, Roy Dep. 23:2-27:15, Dr. Roy's involvement in the research performed by Virginia Tech in Flint in 2015, *id.* 40:19-44:16, his opinions regarding what caused the water crisis, *id.* 37:6-39:11, and his beliefs as to what Flint should have done to address the water quality issues, *id.* 112:1-15, among other topics.

Plaintiffs have never disclosed Dr. Roy or Dr. Peterson as experts under Rule 26(a)(2), and gave no notice that they intended to inquire about topics far afield of the opinions disclosed by VNA in its experts' reports. Indeed, VNA did not know that Plaintiffs intended to rely on Dr. Roy and Dr. Peterson until it received Plaintiffs' deposition designations. Many of Plaintiffs' designations address topics that fall far outside the scope of the opinions disclosed in the reports Dr. Roy and Dr. Peterson prepared for VNA. Moreover, to the extent Plaintiffs have designated

2

testimony that is relevant to their case-in-chief, that testimony can and presumably will be presented through their own engineering and ethics experts.

## LEGAL STANDARD

Courts have long held that live testimony is preferable to deposition testimony. *E.g.*, *Bell v. CSX Transp.*, No. 00-cv-40264, 2002 WL 3714566, at *2 (E.D. Mich. Apr. 4, 2002). The party seeking to admit a deposition as evidence at trial bears the burden of proving that Rule 32(a)'s conditions have been met. *Allgeier v. United States*, 909 F.2d 869, 876 (6th Cir. 1990).

Under Rule 26(a)(2)(A), parties are required to disclose the identity of any witnesses they may use at trial to present expert testimony at the times and in the sequence ordered by the court. When a party fails to make the required disclosures, "the party is not allowed to use that . . . witness to supply evidence . . . at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).

Under Rule 403, a "court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly cumulative evidence." Fed. R. Evid. 403. Rule 403 "calls for a weighing," and "evidence that is only slightly probative is more susceptible to exclusion." *Jones v. Wiseman*, 838 F. App'x 942, 949 (6th Cir. 2020).

# ARGUMENT

The Court should sustain VNA's objections to Plaintiffs' designation of Dr. Peterson's and Dr. Roy's deposition testimony. Plaintiffs did not disclose them as experts in accordance with Rule 26(a)(2). The probative value of their testimony is substantially outweighed by the risks of unfair prejudice and jury confusion. And if VNA calls them to testify live at trial, then they are not unavailable under Rule 32.

**A.  Plaintiffs Cannot Present Dr. Peterson's And Dr. Roy's Testimony Regardless Of Whether VNA Calls Them To Testify Live**

The Court should preclude Plaintiffs from presenting Dr. Roy or Dr. Peterson's testimony as substantive evidence during Plaintiffs' case-in-chief because Plaintiffs did not disclose the witnesses as experts and because the testimony would be substantially more prejudicial than probative under Rule 403.

**1.  Plaintiffs Did Not Disclose Dr. Peterson And Dr. Roy As Experts**

A party is required to disclose the identity of any witness it intends to present as an expert witness at trial. Fed. R. Civ. P. 26(a)(2)(A). The disclosure must be at the times and in the sequence established by the Court. Fed. R. Civ. P. 26(a)(2)(C). If a party fails to make the required disclosure, "the party is not allowed to use that . . . witness to supply evidence . . . at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). Here, most, if not all, of the deposition testimony Plaintiffs have designated constitutes expert opinion

4

testimony. Accordingly, Plaintiffs were required to disclose it in accordance with Rule 26(a)(2).[1] They did not do so.

Plaintiffs' failure to disclose Dr. Roy and Dr. Peterson as experts was neither justified nor harmless. They have presented no justification for failing to disclose either expert, even though they timely disclosed many other experts they presumably intend to call at trial.

Allowing Plaintiffs to use Dr. Roy and Dr. Peterson as their own experts would be severely prejudicial to VNA. Because Plaintiffs did not identify either as experts upon whom they may rely, VNA did not think it necessary to cross-examine them with respect to the particular testimony Plaintiffs now seek to introduce as evidence or supplement their expert reports to further address those topics. *See New Hampshire Ins.*, 2009 WL 1160230, at *2; *see In re 3M Combat Arms Earplug Prods. Liab. Litig.*, 2021 WL 7084393, at *1 (N.D. Fla. Aug. 18, 2021) (noting that "a party does not have the same motivation to develop its own expert's testimony at a deposition when the party anticipates calling the expert live at trial"). Plaintiffs' silence also deprived VNA of the opportunity to move to exclude the specific

---

[1] The fact that VNA disclosed Dr. Roy and Dr. Peterson as experts whom VNA intends to call at trial does not relieve Plaintiffs of their own obligations under Rule 26(a)(2). Courts have held that a party must disclose an expert under Rules 26(a)(2) and 37(c)(1) even when the expert was previously disclosed by another party. *New Hampshire Ins. v. Blue Water Off Shore, LLC*, 2009 WL 1160230, at *1 (S.D. Ala. Apr. 29, 2009); *Sanchez v. Dupnik*, 362 F. App'x 679, 681 (9th Cir. 2010).

opinions Plaintiffs want to introduce or, alternatively, consider replacing Dr. Roy or Dr. Peterson with experts who will not appear tainted by virtue of having testified for Plaintiffs during their case-in-chief. *New Hampshire Ins.*, 2009 WL 1160230, at *2 (holding that the failure to disclose opposing party's expert was prejudicial because it put party in the position of having to either attack or replace its own expert).

### 2. The Probative Value Of The Designated Testimony Is Substantially Outweighed By The Risks Of Prejudice And Juror Confusion

Plaintiffs should also be precluded from presenting the proposed deposition designations as part of their case-in-chief because the probative value of the designated testimony would be substantially outweighed by the significant risk of unfair prejudice and juror confusion.

The deposition testimony designated by Plaintiffs has minimal probative value. In assessing the probative value of testimony provided by an opposing party's expert, courts have focused on whether the proponent of the testimony will (or at least can) present testimony on the same subject through other witnesses. When the anticipated testimony is duplicative of testimony that a party can present through its own experts, courts routinely hold that its probative value is *de minimis*. *In re 3M Combat Arms Earplug Prods. Liab. Litig.*, 2021 WL 7084393, at *1 ("[T]he undersigned is familiar with both side's experts and does not find a need for either side to present the deposition testimony of another's experts."); *Holderbaum v.*

6

*Carnival Corp.*, 2015 WL 4945736, at *4 (S.D. Fla. Aug. 20, 2015) ("[The] testimony that Holderbaum seeks to present in her case-in-chief duplicates the testimony of her own expert witness. Accordingly, the probative value of presenting Emond's testimony in Holderbaum's case-in-chief is minimal."); *Emhart Indus. v. Home Ins.*, 515 F. Supp. 2d 228, 266 (D.R.I. 2007) (court refused to allow party to call opposing party's expert because the party's "own experts had already opined on the precise issues that" the opposing experts would have addressed); *Rubel v. Eli Lilly & Co.*, 160 F.R.D. 458, 460-61 (S.D.N.Y. 1995) (similar).

Here, Plaintiffs have not designated any relevant testimony that they will not (or cannot) elicit from their own experts or non-party fact witnesses during their case-in-chief. So allowing Plaintiffs to present the designated testimony through VNA's experts in addition to their own would be cumulative and unnecessary. *Emhart*, 515 F. Supp. 2d at 266.

At the same time, the risks of unfair prejudice and juror confusion are substantial. *See Peterson v. Willie*, 81 F.3d 1033, 1037-38 (11th Cir. 1996). Jurors unfamiliar with the myriad considerations involved in choosing which witnesses to call at trial may assume that an expert originally retained by one party, but called to testify on behalf of another party, had "switched sides" or was not called in an attempt to suppress his opinions. *See In re Combat Arms Earplug Prods. Liab. Litig.*, 2021 WL 7084393, at *1; *Emhart*, 515 F. Supp. 2d at 266 ("[T]he jury might

7

have inferred that [the defendant] was trying to silence his opinion by not seeking it"). At a minimum, permitting one party to present the testimony of experts retained by the party's adversary risks "tainting the expert's testimony and confusing the jury." *Holderbaum*, 2015 WL 4945736, at *4. These risks are heightened when, as here, a party is seeking to present the testimony of an expert retained by an opposing party via deposition testimony because the court cannot control the manner of questioning. *In re Combat Arms Earplug Prods. Liab. Litig.*, 2021 WL 7084393, at *1 (noting that presenting opposing expert's testimony via deposition "eliminates any opportunity for the court to control the manner of questioning in an effort to avoid prejudice to the other side").

In light of the minimal probative value of the designated testimony, and the significant risk of unfair prejudice and juror confusion, the Court should preclude Plaintiffs from presenting the designated testimony pursuant to Rule 403.

**B.    Plaintiffs Cannot Offer Dr. Peterson's And Dr. Roy's Deposition Testimony If VNA Calls Them To Testify Live**

Finally, Plaintiffs cannot present Dr. Peterson's or Dr. Roy's deposition testimony if VNA calls them to testify live at trial. As a general rule, parties may not present deposition testimony as substantive evidence during their case-in-chief unless the witness is a "party, agent, or designee" under Rule 32(a)(3) or is "unavailable" under Rule 32(a)(4). Fed. R. Civ. P. 32(a)(3)-(4).

8

Neither exception applies here. Rule 32(a)(3) does not apply because Dr. Peterson and Dr. Roy are not corporate officers, executives, or agents of VNA – they are experts VNA retained and disclosed under Rule 26. No court has held that a retained expert is a party, agent, or designee under Rule 32(a)(3).

Rule 32(a)(4) does not apply, either. A witness is not "unavailable" within the meaning of the rule when the witness has voluntarily agreed to testify. *See, e.g., Mazloum v. District of Columbia Metro. Police Dept.*, 248 F.R.D. 725, 727 (D.D.C. 2008); *Niver v. Travelers Indem. Co. of Ill.*, 430 F. Supp. 2d 852 (N.D. Iowa 2003); *Young & Assocs. Pub. Relations, L.L.C., v. Delta Air Lines, Inc.*, 216 F.R.D. 521, 524 (D. Utah 2003). So if VNA calls Dr. Roy or Dr. Peterson to testify live at trial, they would not be "unavailable" for purposes of Rule 32(a)(4). Plaintiffs would have an opportunity to cross-examine Dr. Peterson and Dr. Roy when VNA calls them, and, if appropriate, Plaintiffs could introduce deposition testimony for impeachment purposes. But they could not present that testimony as substantive evidence during their case-in-chief. *Holbrook v. Woodham*, 2009 WL 8536746, at *1 (W.D. Pa. June 17, 2009) (granting motion *in limine* to preclude plaintiffs from offering "piecemeal deposition testimony" of defendant's expert witness during plaintiffs' case-in-chief where defendant represented that the expert would appear to testify at trial when called as a witness).

9

## CONCLUSION

The Court should sustain VNA's objections to Plaintiffs' designation of Dr. Roy's and Dr. Peterson's deposition testimony and preclude Plaintiffs from presenting that testimony as substantive evidence at trial.

Respectfully submitted,

**CAMPBELL, CONROY & O'NEIL P.C**  **MAYER BROWN LLP**

By: */s/ James M. Campbell*  
James M. Campbell  
Alaina N. Devine  
20 City Square, Suite 300  
Boston, MA 02129  
(617) 241-3000  
jmcampbell@campbell-trial-lawyers.com  
adevine@campbell-trial-lawyers.com

By: */s/ Michael A. Olsen*  
Michael A. Olsen  
71 S. Wacker Dr.  
Chicago, IL 60606  
(312) 701-7120  
molsen@mayerbrown.com

*Attorneys for Veolia North America, LLC, Veolia North America, Inc., and Veolia Water North America Operating Services, LLC*

Dated: January 15, 2023

## CERTIFICATE OF SERVICE

I hereby certify that on January 15, 2023, I electronically filed the foregoing document with the Clerk of the Court using the ECF System, which will send notification to the ECF counsel of record.

By: <u>*/s/ James M. Campbell*</u>
      James M. Campbell
      jmcampbell@campbell-trial-lawyers.com