**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | |
|---|---|
| *In re Flint Water Cases* | Case No. 5:16-cv-10444-JEL-EAS *(Consolidated)*<br><br>Hon. Judith E. Levy<br><br>Mag. Judge Elizabeth A. Stafford |

**CLASS PLAINTIFFS' MOTION TO EXCLUDE VEOLIA FROM PRESENTING THE BELLWETHER TRIAL TESTIMONY OF WARREN GREEN**

Class Plaintiffs move under Federal Rules of Evidence 802 and 403 to exclude Veolia from presenting the Bellwether trial testimony of LAN's Warren Green at the upcoming Class trial. Veolia has designated extensive portions of Mr. Green's Bellwether trial testimony, which was provided at a trial to which Class Plaintiffs were not a party, did not attend, and whose counsel did not coordinate with counsel for the Bellwether Plaintiffs in developing the testimony. The Court should exclude Mr. Green's testimony from the Bellwether trial as inadmissible hearsay or, in the alternative, whose relevance is substantially outweighed by unfair prejudice and/or would cause undue delay and waste time.

Class Counsel has conferred with counsel for Veolia pursuant to L.R. 7.1(a)

regarding this motion. Veolia has not concurred in the relief sought.

Dated: January 15, 2024

Respectfully submitted,

By: /s/ Stephen Morrissey
Stephen Morrissey
Jordan Connors
Katherine M. Peaslee
SUSMAN GODFREY, L.L.P.
401 Union Street, Suite 3000
Seattle, WA 98101
Telephone: (206) 516-3880
smorrissey@susmangodfrey.com
jconnors@susmangodfrey.com
kpeaslee@susmangodfrey.com
***EXECUTIVE COMMITTEE FOR CLASS PLAINTIFFS***

By: /s/ Michael L. Pitt
Michael L. Pitt
PITT MCGEHEE PALMER & RIVERS, P.C.
117 West 4th Street, Suite 200
Royal Oak, MI 48067
Telephone: (248) 398-9800
mpitt@pittlawpc.com
***CO-LEAD CLASS COUNSEL***

By: /s/ Esther E. Berezofsky
Esther E. Berezofsky
MOTLEY RICE LLC
210 Lake Dr. East, Suite 101
Cherry Hill, New Jersey 08002
Telephone: (856) 667-0500
eberezofsky@motleyrice.com
***EXECUTIVE COMMITTEE FOR CLASS PLAINTIFFS***

By: /s/Theodore J. Leopold
Theodore J. Leopold
COHEN MILSTEIN SELLERS & TOLL PLLC
11780 U.S. Highway One, Suite N500
Palm Beach Gardens, FL 33408
Telephone: (561) 515-1400
tleopold@cohenmilstein.com
***CO-LEAD CLASS COUNSEL***

By: /s/ Paul F. Novak
Paul F. Novak (P39524)
WEITZ & LUXENBERG, P.C.
3011 W. Grand Blvd., Suite 2150
Detroit, MI 48202
Telephone: (313) 800-4170
pnovak@weitzlux.com
***EXECUTIVE COMMITTEE FOR CLASS PLAINTIFFS***

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| *In re Flint Water Cases* | Case No. 5:16-cv-10444-JEL-EAS *(Consolidated)*<br><br>Hon. Judith E. Levy<br><br>Mag. Judge Elizabeth A. Stafford |
|---|---|

**MEMORANDUM IN SUPPORT OF CLASS PLAINTIFFS' MOTION TO EXCLUDE VEOLIA FROM PRESENTING THE BELLWETHER TRIAL TESTIMONY OF WARREN GREEN**

## ISSUES PRESENTED

Whether the Court should preclude Veolia from presenting portions of the Bellwether trial testimony of LAN's Warren Green because it is inadmissible hearsay, and because, in the alternative, its relevance is substantially outweighed by unfair prejudice and/or would cause undue delay and waste time?

**Class Plaintiffs answer:** "Yes."

**Veolia's answer:** "No."

## CONTROLLING OR MOST APPROPRIATE AUTHORITY

Pursuant to E.D. Michigan L.R. 7.1(d)(2), Class Plaintiffs state that the controlling/most appropriate authorities for Class Plaintiffs' motion are:

- *Clay v. Johns-Manville Sales Corp.*, 722 F.2d 1289 (6th Cir. 1983)
- *Complaint of Paducah Towing Co., Inc.*, 692 F.2d 412 (6th Cir. 1982)
- Fed. R. Evid. 802
- Fed. R. Evid. 804(b)(1)
- Fed. R. Evid. 403

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ........................................ 1

II. ARGUMENT ........................................ 2

A. Green's Bellwether Trial Testimony is Inadmissible Hearsay ........................................ 2

B. Green's Bellwether Trial Testimony is Excludable Under Rule 403 ........................................ 9

III. CONCLUSION ........................................ 10

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Clark v. Abdallah*,
2023 WL 4852230 (E.D. Mich. July 28, 2023) ........ 8, 9

*Complaint of Paducah Towing Co., Inc.*,
692 F.2d 412 (6th Cir. 1982) ........ 6, 8

*Fulcher v. Motley*,
444 F.3d 791 (6th Cir. 2006) ........ 7

*Harville v. Vanderbilt Univ.*,
95 F. App'x 719 (6th Cir. 2003) ........ 5

*Hendrian v. Safety-Kleen Sys., Inc.*,
2014 WL 117315 (E.D. Mich. Jan. 13, 2014) ........ 9

*Murphy v. Owens-Illinois, Inc.*,
779 F.2d 340 (6th Cir. 1985) ........ 3, 9

*Shanklin v. Norfolk Southern Ry. Co.*,
369 F.3d 978 (6th Cir. 2004) ........ 9

*United States v. Jackson-Randolph*,
282 F.3d 369 (6th Cir. 2002) ........ 5, 9

*United States v. McKinney*,
2019 WL 2897504 (6th Cir. 2019) ........ 5

*United States v. Salerno*,
505 U.S. 317 (1992) ........ 3, 4

**Rules**

Fed. R. Evid. 403 ........ 9

Fed. R. Evid. 802 ........ 2

Fed. R. Evid. 804(b)(1) ........ 3, 4, 5

Fed. R. Evid. 807 ..........................................................................................7

## I. INTRODUCTION

The Court should preclude Veolia from offering the Bellwether trial testimony of LAN engineer Warren Green. Veolia does not dispute that the testimony is hearsay that is inadmissible unless an exception applies. Yet, the sole basis Veolia has identified is Fed. R. Evid. 804(b)(1), which provides a hearsay exception for an unavailable declarant's former testimony if it "is now offered against a party who had — or, in a civil case, whose predecessor in interest had — an opportunity and similar motive to develop it by direct, cross-, or redirect examination."

Just restating the exception shows it is inapplicable. The Bellwether Plaintiffs are not a "predecessor in interest" to the Class Plaintiffs: they are a different party, represented by different counsel (Mr. Corey Stern), who pursued claims involving different injuries and theories of harm at a trial that involved different issues (which included damages). Class Plaintiffs did not attend the Bellwether trial, did not cross-examine Green, and did not coordinate with Mr. Stern on trial strategy. Put simply, there are no "rights or interests currently held" by Class Plaintiffs that the Bellwether Plaintiffs previously held.[1]

Nor did the Bellwether Plaintiffs have a "similar motive" as Class Plaintiffs have now to develop Mr. Green's trial testimony. Mr. Stern called Green adverse in

---

[1] *See* "Predecessor in Interest," Merriam-Webster Dictionary, https://www.merriam-webster.com/legal/predecessor%20in%20interest (last visited January 15, 2024).

the Bellwether trial to secure a judgment against LAN, a *former defendant*, on liability. That motive is now gone. But Veolia now seeks to use that same testimony against Class *Plaintiffs* to insulate itself *from* liability. Indeed, half of the trial testimony that Veolia has designated is testimony that *Veolia elicited* from Green at a trial that Class Plaintiffs did not attend. Rule 804(b)(1) specifically protects litigants from being held responsible "for the manner in which the witness was previously handled by another party." *Clay v. Johns-Manville Sales Corp.*, 722 F.2d 1289, 1294 (6th Cir. 1983) (citation omitted). That is the exact situation, here.

And even if a hearsay exception applies, the Court should still exclude the testimony under Rule 403. Whatever limited relevance can be gleaned from Green's trial testimony that is not duplicative of his deposition testimony is substantially outweighed by the improper suggestion that Green (and LAN) "agreed" with Veolia's conduct, such that it creates the inference that Veolia was not negligent. There is no reason to present both Green's deposition *and* prior trial testimony. Doing so would only prolong an already lengthy trial, wasting the Court's and the jury's time and resources.

## II. ARGUMENT

### A. Green's Bellwether Trial Testimony is Inadmissible Hearsay

Veolia acknowledges that Green's Bellwether trial testimony is hearsay that is inadmissible unless an exception applies. *See* Ex. 1 at 1, 10-11; Fed. R. Evid. 802.

The only exception Veolia tries to invoke is Rule 804(b)(1)'s exception for former testimony, which requires Veolia establish that there existed a "predecessor in interest" to the Class Plaintiffs at the Bellwether trial *and* that the predecessor in interest had "an opportunity and similar motive to develop" the contested testimony.[2] Veolia cannot meet that burden.

First, there is no legal relationship of any kind between the Bellwether Plaintiffs and Class Plaintiffs that renders the former a "predecessor in interest" of the latter. The Bellwether Plaintiffs and the Class Plaintiffs are different parties represented by different counsel who pursued claims arising from different injuries caused by Flint's contaminated water. As just one, broad-level example, during the prior trial Bellwether Plaintiffs sought *damages* for personal injuries suffered by Flint *children*. The Class *issues* trial focuses on claims brought by Flint's *adult* residents, homeowners, and business owners that focuses now on a period completely different from the focus of the Bellwether trial. Any claim that

[2] The Sixth Circuit has characterized its Rule 804(b)(1) test as having "collapsed the two criteria into one test," such that a "previous party having like motive to develop the testimony about the same material facts is, in the final analysis, a predecessor in interest to the present party." *Murphy v. Owens-Illinois, Inc.*, 779 F.2d 340, 343 (6th Cir. 1985) (citation omitted). But "[n]othing in the language of Rule 804(b)(1) suggests that a court may admit former testimony absent satisfaction of *each of the Rule's elements*." *United States v. Salerno*, 505 U.S. 317, 321 (1992) (emphasis added).

Bellwether Plaintiffs "previously held the rights or interests currently held by" Class Plaintiffs would not pass the laugh test. *See* n.1, *supra*.

In fact, Rule 804(b)(1) specifically includes the term "predecessor in interest" to ensure that a party is not held responsible for testimony developed by another party. "As originally proposed . . . Rule 804(b)(1) would have admitted prior testimony of an unavailable witness if the party against whom it is offered or a person 'with a motive and interest' similar to him had an opportunity to examine that witness." *Clay*, 722 F.2d at 1294. But the House Committee drafting the rule "substituted the current 'predecessor in interest' language" in *addition* to "similar motive":

> The Committee considered that it is **generally unfair** to impose upon the party against whom the hearsay evidence is being offered **responsibility for the manner in which the witness was previously handled by another party**. The sole exception to this, in the Committee's view, is when a party's **predecessor in interest** in a civil action or proceeding had an opportunity and similar motive to examine the witness.

*Id*. (emphasis added). Thus, in *addition* to a similar motive, Veolia must show some relationship between the Bellwether Plaintiffs and Class Plaintiffs for the former to be the "predecessor in interest" to the latter. Veolia cannot meet that burden, and this should end the analysis. *Cf. Salerno*, 505 U.S. at 321 ("Nothing in the language of Rule 804(b)(1) suggests that a court may admit former testimony absent satisfaction of each of the Rule's elements.").

Second, the Bellwether Plaintiffs did not have a "similar motive" to develop Green's trial testimony that Class Plaintiffs have now. A similar motive may exist when the prior testimony is offered: "(1) against the party *against* whom it was previously offered or (2) against the party *by* whom it was previously offered." Advisory Committee Notes to Fed. R. Evid. 804(b)(1). This is because either the litigant must "accept his own prior conduct of cross-examination or decision not to cross-examine" or has made an "adoptive admission, i.e., by offering the testimony [the] proponent in effect adopts it." *Id*. Neither situation applies, here.

Green's Bellwether trial testimony was originally offered against *LAN*, a former *defendant*. But Veolia seeks to offer Green's testimony against Class *Plaintiffs* in a separate proceeding. The difference in the party against whom the testimony is offered is self-evident. *See United States v. McKinney*, 2019 WL 2897504, at *2 (6th Cir. 2019) (excluding testimony from a prior state proceeding "against the [federal] government, which was not a party to the state proceedings, and because there was not a full opportunity to cross-examine" the witness); *United States v. Jackson-Randolph*, 282 F.3d 369, 382 (6th Cir. 2002) (same); *Harville v. Vanderbilt Univ.*, 95 F. App'x 719, 725 (6th Cir. 2003).

If Veolia claims there was a similar motive because it was Mr. Stern who "offered" Green as an adverse witness, that argument also fails. The Plaintiffs' "motive" for examining Green was on securing a judgment *against LAN* through the

testimony of an LAN corporate representative and engineer. That motive no longer exists because LAN is no longer a defendant, and its conduct will not be a focus at the Class trial. But Green's testimony was *so* focused on LAN's conduct at the Bellwether trial that the only specific mentions of Veolia in his testimony were elicited by *Veolia's counsel*. *See, e.g.*, Ex. 2 at 1141:24-1146:2; 1203:13-1204:25. Should Green testify live at the Class trial, Class Counsel's motives for cross examination would clearly be different, focusing instead on *Veolia*'s liability.

As noted, 804(b)(1) is designed specifically to protect litigants from being tied to how another party developed a declarant's testimony. *See Clay*, 722 F.2d at 1294.[3] Fundamental "fairness requires that a party . . . should not be burdened by an inadequate examination conducted by a predecessor in interest." *Complaint of Paducah Towing Co., Inc.*, 692 F.2d 412, 418 (6th Cir. 1982). That exact situation is at hand. To illustrate, Veolia has designated portions of Green's trial testimony (including testimony that Veolia elicited) discussing actions taken by nonparties like the MDEQ before the Class period even began. *See* Ex. 2 at 850:8-854:20; 861:16-25; 1173:25-1175:10. The testimony discusses conduct irrelevant to Veolia's liability that Class Plaintiffs have fought hard to limit for the Class trial. But there

[3] While the Sixth Circuit ultimately admitted the prior testimony in *Clay*, the testimony was from a witness who was *an employee of the defendant company* when he offered the prior testimony, and who testified about the same product at issue in the latter case. That is not the situation, here.

was no dispute over nonparty conduct in the Bellwether litigation, and *Mr. Stern* even elicited some of Green's testimony about the irrelevant nonparty conduct. This is just one example of the divergence of motives between the Bellwether and Class Plaintiffs.[4] No matter how Veolia will try to spin Green's testimony, it cannot avoid the fact that Class Plaintiffs were not a party to the Bellwether trial, did not attend the trial, did not have an opportunity to ask Green any questions at the trial, and did not coordinate about trial strategy with the Bellwether Plaintiffs.

Third, Green's testimony is excludable for the separate reason that—when viewed under traditional principles for why hearsay is excluded—it does not contain any independent "guarantees of trustworthiness."[5] *Fulcher v. Motley*, 444 F.3d 791, 806 (6th Cir. 2006). For the portions of Green's testimony that touch on Veolia (the only portions of potential relevance), it was likely that Green had an incentive to portray Veolia in a better light than would be the case than if he testified at the Class trial because Veolia and LAN were co-defendants. As a witness *for* LAN who still works at LAN, Green could have thought that any testimony vindicating Veolia's

---

[4] There are also portions of Mr. Green's trial testimony elicited by Veolia's counsel that were objectionable on other hearsay grounds, but whose foundation Mr. Stern had laid during his earlier examination. *See* Ex. 2. at 1174:9-12 (examination from Mr. Ter Molen to which Mr. Stern did not object: "Q. . . . And did Mr. Busch then say that that was the way Michigan does things? A. There was discussion before that statement was made. Q. Okay. Can you relay that discussion to us?"). Class Counsel would not have taken this approach.

[5] These arguments apply equally if Veolia seeks to invoke the residual exception to hearsay evidence. *See* Fed. R. Evid. 807.

conduct would positively affect LAN. But, of course, Class Plaintiffs had no opportunity to cross examine Green on *Veolia*'s conduct. *See Paducah*, 692 F.2d at 418 (holding that "[b]ecause the opportunity to develop the former testimony is necessary to ensure the trustworthiness of that testimony, the prior testimony should not be admitted unless such an opportunity was afforded" and collecting cases).

Fourth, Veolia has relied on *Clark v. Abdallah*, 2023 WL 4852230, at *16-*17 (E.D. Mich. July 28, 2023) to argue for admissibility. But *Clark* provides further evidence for why Green's trial testimony is *in*admissible. The *Clark* plaintiffs—who had been convicted of murder—brought civil claims against several police officers for, *inter alia*, malicious prosecution. The plaintiffs tried to use the prior testimony of a witness who, at the criminal trial, had recanted her statements to police about witnessing the murder. The *Clark* plaintiffs offered the testimony as evidence of their innocence, and the police officers objected.

The court held that the defendant officers had a similar motive as the prosecutors in the criminal case because both were trying to "show that Plaintiffs were guilty of murder by impeaching [the witness's] credibility." *Id*. at *17. The court agreed that "Defendants and their counsel cannot claim with a straight face that they would not attack [the witness's] recantations any differently than did the prosecutor" because, if the plaintiffs *were* guilty of murder, then the *outcomes* in the criminal and civils trial would be the same: the same party would lose (e.g., a murder

conviction and a loss in the civil action). *Id.*; *cf. Randolph-Jackson*, 282 F.3d at 382 (excluding prior testimony because "different outcomes were at stake").

The situation here could not be any more different. A "successful" use of Green's trial testimony would have resulted in a jury finding *LAN liable*. But Veolia now seeks to use that same testimony—against a different party—to secure a jury finding that *Veolia* is *not liable*. Cases that invoke the 804(b)(1) exception typically focus on situations where the prior testimony was: (1) developed by the same counsel; (2) against the same party; (3) to reach the same outcome.[6] *None* of these circumstances are present, here.

**B. Green's Bellwether Trial Testimony is Excludable Under Rule 403**

Even if a hearsay exception potentially exists, the Court should still exclude Green's Bellwether trial testimony under Fed. R. Evid. 403. *See Murphy*, 779 F.2d at 343. Veolia has designated testimony spanning *four* days of Green's Bellwether trial testimony, but Veolia has not explained why the testimony is relevant or unique from the testimony of other witnesses.

---

[6] *Shanklin v. Norfolk Southern Ry. Co.*, 369 F.3d 978, 991 (6th Cir. 2004) (condoning admission of the deposition of the defendant's CEO in a prior case in which defendant was also a party); *Hendrian v. Safety-Kleen Sys., Inc.*, 2014 WL 117315, at *8 (E.D. Mich. Jan. 13, 2014) (admitting depositions of the defendant's executives from a prior case when there was "no reasonable basis to suggest that the case at bar is any different").

First, it is unfairly prejudicial to Class Plaintiffs for Veolia to create the insinuation, *through hearsay*, that Green "agreed" with Veolia's conduct. Veolia has designated portions of Green's trial testimony where *Veolia's* counsel simply walks Green through Veolia's Final Report, and simply asks him if the report included certain language (e.g., "TTHM limits"; how "people are frustrated and naturally concerned about the discoloration of the water"; and how "[p]olyphosphate addition will not make discolored water issues go away."). Ex. 2. at 1294:20-1296:16. Introducing this testimony *against* Class Plaintiffs, when they had no opportunity to cross examine Mr. Green on that topic, is unfairly prejudicial.

Second, if the Court concludes that Green's trial testimony falls under a hearsay exception, it would still be cumulative of testimony from other witnesses, including Green's own deposition testimony. Veolia's designated deposition testimony contains many of the same exact introductory questions that its designated Bellwether trial testimony also explore—like Mr. Green's background in engineering, and his review of Veolia's Final Report. *Compare* Ex. 2 with Ex. 3. There is no reason why both sets of testimony should be presented at trial.

## III. CONCLUSION

For the foregoing reasons, the Court should preclude Veolia from presenting the Bellwether trial testimony of LAN's Warren Green at the upcoming Class trial.

Dated: January 15, 2024

Respectfully submitted,

By: /s/ Stephen Morrissey
Stephen Morrissey
Jordan Connors
Katherine M. Peaslee
SUSMAN GODFREY, L.L.P.
401 Union Street, Suite 3000
Seattle, WA 98101
Telephone: (206) 516-3880
smorrissey@susmangodfrey.com
jconnors@susmangodfrey.com
kpeaslee@susmangodfrey.com
***EXECUTIVE COMMITTEE FOR CLASS PLAINTIFFS***

By: /s/ Michael L. Pitt
Michael L. Pitt
PITT MCGEHEE PALMER & RIVERS, P.C.
117 West 4th Street, Suite 200
Royal Oak, MI 48067
Telephone: (248) 398-9800
mpitt@pittlawpc.com
***CO-LEAD CLASS COUNSEL***

By: /s/ Esther E. Berezofsky
Esther E. Berezofsky
MOTLEY RICE LLC
210 Lake Dr. East, Suite 101
Cherry Hill, New Jersey 08002
Telephone: (856) 667-0500
eberezofsky@motleyrice.com
***EXECUTIVE COMMITTEE FOR CLASS PLAINTIFFS***

By: /s/Theodore J. Leopold
Theodore J. Leopold
COHEN MILSTEIN SELLERS & TOLL PLLC
11780 U.S. Highway One, Suite N500
Palm Beach Gardens, FL 33408
Telephone: (561) 515-1400
tleopold@cohenmilstein.com
***CO-LEAD CLASS COUNSEL***

By: /s/ Paul F. Novak
Paul F. Novak (P39524)
WEITZ & LUXENBERG, P.C.
3011 W. Grand Blvd., Suite 2150
Detroit, MI 48202
Telephone: (313) 800-4170
pnovak@weitzlux.com
***EXECUTIVE COMMITTEE FOR CLASS PLAINTIFFS***

**CERTIFICATE OF SERVICE**

I hereby certify that on January 15, 2024, I electronically filed the above document(s) with the Clerk of the Court using the ECF System, which will provide electronic copies to counsel of record.

Respectfully submitted,

*/s/ Lear Jiang*
Lear Jiang