# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

*In re Flint Water Cases*

Case No. 5:16-cv-10444-JEL-EAS (*Consolidated*)

Hon. Judith E. Levy

Mag. Elizabeth A. Stafford

## PLAINTIFFS' RESPONSE TO DEFENDANTS' OBJECTIONS [ECF NO. 2809] TO PLAINTIFFS' DESIGNATION OF DEPOSITION TESTIMONY OF DR. MARTIN PETERSON AND DR. SIDDHARTHA ROY

## STATEMENT OF ISSUES PRESENTED

1. Whether the Court should permit Plaintiffs to offer deposition testimony from Dr. Martin Peterson and Dr. Siddhartha Roy in their affirmative case when these witnesses are beyond the Court's subpoena power, Veolia retained these witnesses as experts and had a full opportunity at their depositions to ask them questions.

**Plaintiffs' Answer**: Yes.

## **CONTROLLING OR MOST APPROPRIATE AUTHORITY**

Fed. R. Evid. 403

*Paschal v. Flagstar Bank*, 295 F.3d 565 (6th Cir. 2002)

*S.E.C. v. Koenig*, 557 F.3d 736 (7th Cir. 2009)

*Kerns v. Pro-Foam of S. Ala., Inc.*, 572 F. Supp. 2d 1303 (S.D. Ala. 2007

*De Lage Landen Op. Servs., LLC v. Third Pillar Sys., Inc.*, 851 F. Supp. 2d 850 (E.D. Pa. 2012)

# INTRODUCTION

None of Veolia's objections justify preventing Plaintiffs from offering excerpts of deposition testimony from two witnesses who live outside subpoena range – Dr. Peterson and Dr. Roy – as part of their affirmative case at trial. Veolia has long been aware of both witnesses: it retained each as an expert. The weight of authority provides that a testifying expert's testimony can be offered by *either* party. Veolia nevertheless makes three arguments to try and escape the testimony provided by its own witnesses; none succeeds. Veolia argues first under Rule 26(a)(2), but courts consistently agree that rule's disclosure requirements do not apply to a party offering testimony from its adversary's expert. Additionally, Roy is also a fact witness to whom it could not apply in the first place. *Second*, Veolia raises an argument under FRE 403; but it faces no prejudice from testimony provided by its own experts, elicited at depositions which it attended and at which it had full opportunity to perform its own examination. *Third*, Veolia wrongly claims these witnesses are available under Rule 32. Under the plain language of the rule, they are not. The Court should overrule Veolia's objections.

# ARGUMENT

### A.   Rule 26(a) does apply to a party's use of its adversary's expert.

Courts have repeatedly held that Federal Rule of Civil Procedure 26(a)(2)(A), which requires a party to disclose its testifying expert witnesses, does not apply to

2

the situation in which a party offers testimony from an opposing party's expert: A party offering opposing expert testimony need not have "disclosed" its ***adversary's own expert*** to its adversary. *See, e.g., S.E.C. v. Koenig*, 557 F.3d 736, 744 (7th Cir. 2009); *United States v. Schaudt*, 2009 WL 1218605, at *3 (N.D. Ill. Apr. 30, 2009) ("Further, that a party is not required to disclose the expert witness of its adversary, though it will rely on the expert's testimony, is bolstered by the rule's purpose."); *cf. Niemeyer v. Ford Motor Co.*, 2012 WL 135702, at *7 (D. Nev. Jan. 17, 2012) ("None of the purposes behind the rule suggest that the court should exclude expert testimony on the ground [that] another party in the same case did not formally designate the expert as its own. . .").

Rather, "courts have repeatedly observed that once a party has given testimony through deposition or expert reports, those opinions do not 'belong' to one party or another, but rather are available for all parties to use at trial." *Kerns v. Pro-Foam of S. Ala., Inc.*, 572 F. Supp. 2d 1303, 1309–1311 (S.D. Ala. 2007); *see also De Lage Landen Op. Servs., LLC v. Third Pillar Sys., Inc.*, 851 F. Supp. 2d 850, 853 (E.D. Pa. 2012) ("The weight of authority favors allowing [plaintiff] to introduce the opinion testimony of [defendant's] expert."); *House v. Combined Ins. Co. of Am.*, 168 F.R.D. 236, 245 (N.D. Iowa 1996) ("[O]nce an expert is designated, the expert is recognized as presenting part of the common body of discoverable, and generally admissible, information and testimony available to all parties."); *Griffin v. Biomat*

*USA, Inc.*, 2022 WL 424964, at *2 (M.D. Ala. Feb. 10, 2022) (Rule 26 is "intended to *shield litigants from unfair surprise*" and did not prevent a party from calling its adversary's "own expert witness" (citation omitted, emphasis in original)); *see also Meier v. UHS of Del., Inc.*, 2020 WL 923952, *12 n.7 (E.D. Tex. 2020) ("[E]ither party may [] call the other side's expert witnesses at trial.").

The Seventh Circuit squarely addressed the same Rule 26(a) disclosure argument that Veolia now advances in *S.E.C. v. Koenig*, 557 F.3d 736 (7th Cir. 2009), finding it meritless. As that Circuit explained, "[w]hether the adverse party wants to question an expert whose identity has already been revealed is not a subject within the scope of Rule 26(a)(2)," and logically so: the defendant, Koenig, "did not need to know the identity of [the expert]; he was Koenig's own expert, after all, and appeared on the list of expert witnesses that Koenig sent to the SEC." *Id*. at 744. So too here, Veolia designated Peterson and Roy as experts, and both appear on Veolia's own witness list. Rule 26(a), which is designed to permit an opposing party the opportunity to depose an expert on their opinions, does not apply where Veolia itself hired these experts and presented them for deposition. *See citations supra*, p.2.

None of the cases cited by Veolia justify preventing Plaintiffs from affirmatively using testimony from Peterson and Roy. In *New Hampshire Ins. Co. v. Blue Water Off Shore, LLC*, 2009 WL 1160230 (S.D. Ala. Apr. 29, 2009), the court agreed that Rule 26 does not preclude use of an opposing party's expert testimony,

4

but excluded a subset of the offered testimony as beyond the scope of what the opposing party could have elicited on cross-examination. *Id*. at *1. That court's concerns do not apply here: the testimony Plaintiffs have designated for Peterson and Roy is directly tied to the reports they served and goes to the opinions expressed in those reports and their credibility. Peterson is Veolia's engineering ethics expert, and Veolia itself concedes that Plaintiffs elicited testimony regarding the engineering codes of ethics and their application. ECF No. 2809, PageID.92540. As for Roy, Plaintiffs have designated testimony regarding a TED talk listed in the CV attached to his report, which goes directly to his credibility, and fact witness testimony that is not subject to Rule 26 at all. *See infra*, § C.

Veolia also cites to *In re 3M Combat Arms Earplug Products Liab. Litig.*, 2021 WL 7084393 (N.D. Fla. Aug. 18, 2021), but that case did not apply Rule 26 to the issue of a party using testimony from the other side's expert at all. Rather, it applied FRE 403 and determined that, under the specific facts of that case, "the undersigned is familiar with both side's experts and does not find a need for either side to present the deposition testimony of another's experts," additionally expressing concern that the jury might be confused about the significance (if any) of one side using the other side's expert. *Id*. at *1. With respect to need for the testimony, Plaintiffs must present expert testimony regarding the standard of care for water engineers to prove their professional negligence claim. If they present

5

testimony from Peterson, they do not intend to present testimony from Dr. Gardoni. With respect to juror confusion, many courts do not share this concern, *see* citations *supra* p.2; but to the extent the Court has concerns about juror confusion, an instruction to the jury that it should not attribute any weight to the fact that one party rather than another has chosen to call an expert resolves the issue.

Finally, Veolia's assertion that "Courts have held that a party must disclose an expert under Rules 26(a)(2) and 37(c)(1) even when the expert was previously disclosed by another party" is not supported by either of the cases it cites for that proposition. One of the cited cases is *New Hampshire Ins. Co.*, discussed above. The other, a perfunctory memorandum disposition from the Ninth Circuit, merely found a district court did not abuse its discretion by declining to allow a party to present its opponents expert's testimony given the proffering party's sole justification for doing so was, "[i]t looks weird that we don't have an expert..." *Sanchez v. Dupnik*, 362 Fed. Appx. 679, 681 (9th Cir. 2010). Indeed, the Ninth Circuit recognized that other courts have "held that once a witness is designated as an expert, he or she may be called by the opposing party, although not designated by that party." *Id*. Rule 26 does not prevent Plaintiffs' designations of testimony from Veolia's experts.

### B. Plaintiffs' use of the designated testimony does not pose an undue prejudice to Veolia that substantially outweighs its benefit.

"The question under Rule 403 [] is not simply whether the evidence [is] unfairly prejudicial" but rather whether "its probative value [is] 'substantially

6

outweighed by the danger of unfair prejudice.'" *Paschal v. Flagstar Bank*, 295 F.3d 565, 579 (6th Cir. 2002). Veolia is not "unfairly prejudiced" by Plaintiffs' use of deposition testimony from Veolia's own witnesses, let alone so unfairly prejudiced that it substantially outweighs that testimony's significant probative value.

Veolia's argument under FRE 403 relies primarily on cases that found opposing expert testimony had little probative value because it simply duplicated other expert testimony that the proffering party either had or intended to present.[1] But Veolia has not sought to exclude testimony from Gardoni as unnecessarily cumulative (on the contrary, Plaintiffs are required to offer testimony related to the engineering standard of care), and Plaintiffs intend to use testimony from Peterson in lieu of testimony from Gardoni. As for Roy, he is a fact witness uniquely situated to testify regarding his own personal experiences analyzing the water in Flint. Indeed, no other witness can competently testify to Roy's impressions and understandings from his own work.

Courts have repeatedly found that offering testimony from another party's expert does not pose the sort of unfair prejudice warranting exclusion under FRE 403. *See, e.g., Niles v. Owensboro Med. Health Sys., Inc.*, 2011 WL 3439278, at *1

---

[1] ECF No. 2809, PageID.92544–45 (citing *Holderbaum v. Carnival Corp.*, 2015 WL 4945736, at *4 (S.D. Fla. Aug. 20, 2015) (expert testimony duplicated testimony of plaintiff's own expert); *Emhart Indus. v. Home Ins.*, 515 F. Supp. 2d 228, 266 (D.R.I. 2007) (same); *Rubel v. Eli Lilly*, 160 F.R.D. 458, 460–61 (S.D.N.Y. 1995) (same).

(W.D. Ky. Aug. 5, 2011) (explaining the Sixth Circuit does not have a prohibition on a party's use of adverse testifying expert testimony and finding such use not precluded by Rule 403)." *Kerns*, 572 F. Supp. 2d at 1310–1311; *De Lage Landen Op. Servs., LLC*, 851 F. Supp. 2d at 853; *Griffin*, 2022 WL 424964, at *3–4. Veolia nevertheless argues that jurors may be confused and believe an expert "switched sides" or second-guess a party's motives in choosing to call (or not call) an expert. ECF 2809, PageID.92545–44. However, as noted above, a jury instruction explaining that expert testimony may be used equally by both sides and that the jury should not make any inferences based on the fact that a party is (or is not) offering testimony from a given expert addresses any possible concern. And while Veolia argues that the fact that Plaintiffs are offering deposition rather than live testimony reduces the Court's control, precisely the opposite is true: unlike with live testimony, the Court (and Veolia) knows *exactly* what testimony Plaintiffs will present and Veolia can assert any specific objections, which the Court will resolve in advance.

Veolia cannot credibly claim prejudice from the presentation of testimony from its own designated witnesses, let alone prejudice that substantially outweighs the probative value of Peterson's and Roy's testimony.

### C. Veolia's arguments do not apply to Roy because he is a fact witness.

Neither Rule 26 nor FRE 403 concerns about calling an opposing party's expert apply to Roy for the separate reason that Roy is a percipient fact witness and

Plaintiffs intend to present him as such rather than as an expert. Long before Veolia retained him, Roy (himself a professional engineer) worked with Dr. Marc Edwards to assess various issues related to the Flint Water Crisis. ECF 2809-6, PageID.92723. At his deposition, Plaintiffs asked Roy about his work in Flint and his assessment of, for instance, the CSMR of the water, just as Plaintiffs asked other engineers in Flint about their work. *See, e.g.*, *id.*, PageID.92729–32; PageID.92732–35 (discussing the sampling work Roy performed in Flint and the conclusions he drew from that work). This testimony was based directly on Roy's engineering work in Flint and, just like the testimony from the professional engineers at LAN and Veolia regarding the work they performed and their impressions and conclusions based on that work, Roy's testimony should be admitted as relevant fact testimony.

Plaintiffs intend to present Roy's testimony in his capacity as a fact witness, not as an expert. Nothing in Veolia's objections challenges their ability to do so.

**D.** **Roy and Peterson are unavailable for Plaintiffs' affirmative case.**

Both Peterson and Roy are outside of the Court's subpoena power and accordingly, under Rule 32(a)(4), are unavailable to testify in Plaintiffs' case-in-chief. Veolia has never suggested to Plaintiffs that Peterson and Roy would voluntarily testify live ***as adverse witnesses*** during Plaintiffs' affirmative case, nor do they make any such representation in their brief. Accordingly, Plaintiffs have no way to compel their appearance, rendering them unavailable under Rule 32(a)(4).

9

Veolia cites a three-paragraph, unpublished court order from the Western District of Pennsylvania, *Holbrook v. Woodham*, 2009 WL 8536746, at *1 (W.D. Pa. June 17, 2009), for the proposition that Peterson and Roy are not "unavailable" under Rule 32(a)(4) because Veolia may present them live; but the court in *Holbrook* provided no supporting analysis or authority beyond Rule 32 itself for its assertion that a witness becomes "available" when the opposing party (but not the party offering the testimony) can procure the witnesses' attendance, nor did the parties' briefing in that matter provide any such authority.

The *Holbrook* court simply ignored Rule 32's statement that a witness is "unavailable" if "***the party offering the deposition*** could not procure the witness's attendance by subpoena." F.R.C.P. 32(a)(4)(D) (emphasis added). That is exactly the case here. It cannot be that Plaintiffs lose the right to control the presentation of their own case and must forgo affirmatively presenting testimony that they will rely on to prove their case simply because Veolia controls the witness. That is all the more so here, where Plaintiffs are *required* to offer expert testimony regarding the standard of care for engineers, and Peterson's testimony goes directly to that point.

## CONCLUSION

The Court should overrule Veolia's objections to Plaintiffs' designations.

Dated: January 22, 2024                                     Respectfully submitted,

By: */s/ Stephen Morrissey*
Stephen Morrissey                                           Theodore J. Leopold

10

Jordan Connors
Katherine M. Peaslee
SUSMAN GODFREY, L.L.P.
401 Union Street, Suite 3000
Seattle, WA 98101
Telephone: (206) 516-3880
smorrissey@susmangodfrey.com
jconnors@susmangodfrey.com
kpeaslee@susmangodfrey.com
*EXECUTIVE COMMITTEE FOR CLASS PLAINTIFFS*

Lear Jiang
SUSMAN GODFREY, L.L.P.
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
(310) 789-3100 Telephone
(310) 789-3150 Facsimile
ljiang@susmangodfrey.com

Michael L. Pitt
PITT MCGEHEE PALMER & RIVERS, P.C.
117 West 4th Street, Suite 200
Royal Oak, MI 48067
Telephone: (248) 398-9800
mpitt@pittlawpc.com
*CO-LEAD CLASS COUNSEL*

Peretz Bronstein
BRONSTEIN, GEWIRTZ & GROSSMAN, LLC
60 East 42nd Street, Suite 4600
New York, NY 10165
Telephone: (212) 697-6484
peretz@bgandg.com
*EXECUTIVE COMMITTEE FOR CLASS PLAINTIFFS*

COHEN MILSTEIN SELLERS & TOLL PLLC
11780 U.S. Highway One, Suite N500
Palm Beach Gardens, FL 33408
Telephone: (561) 515-1400
tleopold@cohenmilstein.com
*CO-LEAD CLASS COUNSEL*

Emmy L. Levens
COHEN MILSTEIN SELLERS & TOLL PLLC
1100 New York Ave. NW
Suite 500
Washington, DC 20005
Telephone: (202) 408-4600
elevens@cohenmilstein.com
*CO-LEAD CLASS COUNSEL*

Teresa A. Bingman
LAW OFFICES OF TERESA A. BINGMAN, PLLC
4131 Okemos Road, Suite 12
Okemos, Michigan 48864
Telephone: (877) 957-7077
tbingman@tbingmanlaw.com
*EXECUTIVE COMMITTEE FOR CLASS PLAINTIFFS*

11

| | |
|---|---|
| Esther E. Berezofsky<br>MOTLEY RICE LLC<br>210 Lake Dr. East, Suite 101<br>Cherry Hill, New Jersey 08002<br>Telephone: (856) 667-0500<br>eberezofsky@motleyrice.com<br>***EXECUTIVE COMMITTEE FOR CLASS PLAINTIFFS*** | Paul F. Novak (P39524)<br>WEITZ & LUXENBERG, P.C.<br>3011 W. Grand Blvd., Suite 2150<br>Detroit, MI 48202<br>Telephone: (313) 800-4170<br>pnovak@weitzlux.com<br>***EXECUTIVE COMMITTEE FOR CLASS PLAINTIFFS*** |

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 22, 2024, I caused the foregoing to be electronically filed with the Clerk of the Court using the Court's electronic submission system. Notice of the filing was sent to all parties by operation of the Court's electronic filing system. I declare the above statement is true and to the best of my knowledge, information, and belief.

                         */s/ Katherine Peaslee*