# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

*In re Flint Water Cases*

Case No. 5:16-cv-10444-JEL-EAS (*Consolidated*)

Hon. Judith E. Levy

Mag. Elizabeth A. Stafford

## CLASS PLAINTIFFS' REPLY IN SUPPORT OF CLASS PLAINTIFFS' MOTION TO EXCLUDE VEOLIA FROM PRESENTING THE BELLWETHER TRIAL TESTIMONY OF WARREN GREEN

As set forth in the deposition designation form submitted to the Court on January 22, 2024, Veolia has designated testimony from **nine different days** of testimony from Warren Green. Five of those days are from his depositions, and the other four are from his testimony in the Bellwether I trial at which Class Counsel did not have an opportunity to cross examine him. As Veolia points out, Class Plaintiffs have not categorically objected to Veolia's designations from the five days of Greens' deposition testimony and—putting aside that deposition testimony is governed by an entirely separate rule, Fed. R. Civ. P. 32—there is an obvious, fundamental reason: Class Plaintiffs were present for those examinations. They had full opportunity to object to questions and to perform cross examinations. The remaining four days, by contrast, are from the Bellwether I trial that Class Plaintiffs neither attended nor participated in at all. This trial testimony is hearsay not within any exception and is a cumulative waste of the jury's time.

Veolia could not have offered **both** Green's non-impeachment deposition testimony **and** his live testimony in the Bellwether I trial; yet Veolia now seeks an end run around the rules by simultaneously offering both here. Doing so accomplishes nothing other than prejudice to Plaintiffs and a waste of the jury's time: Veolia's trial examination of Green largely rehashes ground it covered in its deposition exam—but without providing Class Plaintiffs the opportunity to object or respond. Nothing in Veolia's response justifies permitting Veolia to inject

1

cumulative hearsay into the Class issues trial.

## I. Green's Trial Testimony Is Inadmissible Hearsay.

In order for Green's trial testimony in the Bellwether I case to meet the hearsay exception of Rule 804(b)(1) for the Class trial, either Class Plaintiffs or their "predecessor in interest" must have had "an opportunity and similar motive to develop it." FED. R. EVID. 804(b)(1). That did not happen. Veolia cannot contest that Class Plaintiffs lacked the opportunity to develop Green's trial testimony in a trial that Class Plaintiffs did not attend. The Individual Plaintiffs, on the other hand, had the opportunity to ask whatever they wished.[1] The only questions then are (1) whether Individual Plaintiffs are Class Plaintiffs' "predecessor in interest," and (2) whether Individual Plaintiffs had a "similar motive" to develop Green's testimony. As Class Plaintiffs' have explained, these are distinct requirements. ECF 2810, PageID.92777. But even if they collapse into one, the answer is clearly no.

Veolia cites no case in which testimony from a ***co-defendant*** in a prior, separate action is then offered as third-party evidence to bolster that defendant's case against a ***different plaintiff*** in a different trial. Indeed, the contrast between the circumstances of the cited cases and that here is telling: *Dykes v. Raymark Indus., Inc.*, 801 F.2d 810 (6th Cir. 1986) and *Clay v. Johns-Manville Sales Corp.*, 722 F.2d

---

[1] Veolia's response brief contains a confusing section on the "opportunity" prong of Rule 804(b)(1) that conflates lack of opportunity to develop testimony with difference in motive and that generally misframes the relevant questions.

2

1289 (1983) concerned the exact same expert testimony (both cases addressed the same expert deposition) offered by asbestos plaintiffs against different manufacturers, and the testimony "relate[d] to historical facts and was of a type which was not subject to refutation." *Dyke*, 801 F.2d at 817. By contrast, when yet ***another*** asbestos plaintiff sought to use the same expert deposition against a third defendant manufacturer not present for the earlier examination, the court found a lack of similar motive to develop the expert's testimony because the prior defendants were differently situated from the third manufacturer: while the third manufacturer was incentivized to establish the state of the art in the 1940s and 1950s, the prior defendants would have undermined their own position had they done so.

Individual and Class Plaintiffs have similarly divergent interests. While Individual Plaintiffs wanted to establish the liability of LAN as a defendant, Class Plaintiffs want to shift focus ***away*** from LAN and center the jury's attention solely on Veolia. Counsel must make strategic decisions at trial about how to use time with a witness (even in a trial without time limits, a jury's attention is finite), and Individual Counsel's focus at trial was, understandably, on using Green to demonstrate LANs fault. Class Plaintiffs' focus would be solely on undermining Veolia's attempts to use Green to exonerate Veolia. Indeed, having conceded LAN's negligence, Class Plaintiffs believe that any evidence regarding LAN's fault is totally irrelevant at the issues trial and should be ***excluded***. That is totally divergent

3

from the position of the Individual Plaintiffs.

Veolia highlights *Clark v. Abdallah*, 2023 WL 4852230 (E.D. Mich. July 28, 2023), but as Class Plaintiffs' opening brief explains, the facts of that case only underscore the different situation here. ECF 2810, PageID.92782–83. Whereas the *Clark* plaintiffs and their predecessor desired the same outcome across the two proceedings, the outcomes desired by Individual and Class Plaintiffs are different: Individual Plaintiffs sought a jury finding against LAN, while the Class seeks a jury finding that does not take LAN into account. As *Clark* demonstrates, Green's trial testimony is not the sort of prior testimony contemplated by Rule 804(b)(1).

## II. Green's trial testimony should be excluded under Rule 403.

Warren Green sat for ***five days*** of deposition, and Veolia has designated testimony from each of those days. *See* Parties' Email Submission dated Jan. 22, 2024. Given Veolia's full opportunity to examine Green over the course of multiple depositions in the presence of Class Counsel, the additional probative value of his Bellwether I trial testimony at which Class Counsel was not present is effectively none. Indeed, Veolia's assertion that it is "introducing Green's testimony to show that the chief engineer of the City's professional engineering consultant and City officials—all nonparties at fault—believed that VNA's actions were reasonable" underscores why its designation of Green's trial testimony will waste the jury's time: it pursued this ***exact same line of questioning*** in its designated deposition testimony

4

from Green. *E.g.,* ECF 2810-4 (6/25/20 Green Depo. Designations), PageID.93001 (counsel questioning on Veolia's Final Report to the City, "Q. Did you receive that report, sir? A. I received the report. . . . Q. And did you disagree with any of the recommendations at the time, sir? A. No, sir."); *id.* at PageID.93005–010 (discussing conversations with City of Flint officials regarding Veolia's recommendations).

This Court would not have permitted Veolia to both play Warren Green's deposition at the Bellwether trial ***and*** to call him live to rehash the exact same topics. Yet that is exactly what Veolia now seeks to do here. There is no basis for allowing Veolia to present both Green's deposition testimony ***and*** his duplicative live testimony in this matter. Rather, Veolia must choose one or the other; and fairness dictates that it should be limited to the testimony from the depositions at which Class Plaintiffs were also present. Veolia claims that the time limits imposed by the Court will necessarily prevent Veolia from duplication; but the Court's limitation still allows Veolia 90 hours—approximately six weeks of jurors' time—to put on their case, and Veolia should not be permitted to fill that time with wasteful repetition. Furthermore, allowing Veolia to present multiple versions of the same testimony places an undue and prejudicial emphasis on that testimony with the jury.

The Court should preclude Veolia from presenting Warren Green's testimony from the Bellwether I trial at the Class issues trial.

By: */s/ Katherine M. Peaslee*          Dated: January 26, 2024
Stephen Morrissey

5

Jordan Connors
Katherine M. Peaslee
SUSMAN GODFREY, L.L.P.
401 Union Street, Suite 3000
Seattle, WA 98101
Telephone: (206) 516-3880
smorrissey@susmangodfrey.com
jconnors@susmangodfrey.com
kpeaslee@susmangodfrey.com
***EXECUTIVE COMMITTEE FOR CLASS PLAINTIFFS***

Theodore J. Leopold
COHEN MILSTEIN SELLERS
& TOLL PLLC
11780 U.S. Highway One, Suite N500
Palm Beach Gardens, FL 33408
Telephone: (561) 515-1400
tleopold@cohenmilstein.com
***CO-LEAD CLASS COUNSEL***

Lear Jiang
SUSMAN GODFREY, L.L.P.
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
(310) 789-3100 Telephone
(310) 789-3150 Facsimile
ljiang@susmangodfrey.com

Emmy L. Levens
COHEN MILSTEIN SELLERS &
TOLL PLLC
1100 New York Ave. NW
Suite 500
Washington, DC 20005
Telephone: (202) 408-4600
elevens@cohenmilstein.com
***CO-LEAD CLASS COUNSEL***

Michael L. Pitt
PITT MCGEHEE PALMER & RIVERS, P.C.
117 West 4th Street, Suite 200
Royal Oak, MI 48067
Telephone: (248) 398-9800
mpitt@pittlawpc.com
***CO-LEAD CLASS COUNSEL***

Peretz Bronstein
BRONSTEIN, GEWIRTZ &
GROSSMAN, LLC
60 East 42nd Street, Suite 4600
New York, NY 10165
Telephone: (212) 697-6484
peretz@bgandg.com

Teresa A. Bingman
LAW OFFICES OF TERESA A.
BINGMAN, PLLC
4131 Okemos Road, Suite 12
Okemos, Michigan 48864
Telephone: (877) 957-7077
tbingman@tbingmanlaw.com

*EXECUTIVE COMMITTEE FOR CLASS PLAINTIFFS*

Esther E. Berezofsky
MOTLEY RICE LLC
210 Lake Dr. East, Suite 101
Cherry Hill, New Jersey 08002
Telephone: (856) 667-0500
eberezofsky@motleyrice.com
*EXECUTIVE COMMITTEE FOR CLASS PLAINTIFFS*

*EXECUTIVE COMMITTEE FOR CLASS PLAINTIFFS*

Paul F. Novak (P39524)
WEITZ & LUXENBERG, P.C.
3011 W. Grand Blvd., Suite 2150
Detroit, MI 48202
Telephone: (313) 800-4170
pnovak@weitzlux.com
*EXECUTIVE COMMITTEE FOR CLASS PLAINTIFFS*

## CERTIFICATE OF SERVICE

I hereby certify that on January 26, 2024, I caused the foregoing to be electronically filed with the Clerk of the Court using the Court's electronic submission system. Notice of the filing was sent to all parties by operation of the Court's electronic filing system. I declare the above statement is true and to the best of my knowledge, information, and belief.

*/s/ Katherine M. Peaslee*