# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| ELNORA CARTHAN, et al.,<br>　　　　　　　Plaintiffs,<br><br>v.<br><br>RICK SNYDER, et al.,<br>　　　　　　　Defendants. | Case No. 5:16-cv-10444-JEL-MKM<br>Hon. Judith E. Levy |

**DEFENDANTS VEOLIA NORTH AMERICA, LLC, VEOLIA NORTH AMERICA, INC., AND VEOLIA WATER NORTH AMERICA OPERATING SERVICES, LLC'S REPLY IN SUPPORT OF THEIR OBJECTIONS TO PLAINTIFFS' DESIGNATION OF DEPOSITION TESTIMONY OF DR. MARTIN PETERSON AND DR. SIDDHARTHA ROY**

# INTRODUCTION

VNA objected to Plaintiffs' designation of the deposition testimony of two of VNA's experts (Dr. Peterson and Dr. Roy) because Plaintiffs had not timely disclosed that testimony, because Plaintiffs had not demonstrated the need for that testimony, and because of likely prejudice and confusion. Plaintiffs' responses to VNA's objections lack merit.

# ARGUMENT

## A. Plaintiffs Did Not Timely Disclose Dr. Roy And Dr. Peterson

Plaintiffs did not timely disclose Dr. Roy and Dr. Peterson as experts under Rule 26(a)(2)(A). *See* VNA Objection to Pls. Designations (VNA Br.) 6-7, ECF No. 2809, PageID.92542-92544. Plaintiffs do not dispute this, but argue that they did not need to disclose either expert. They are wrong.

First, Plaintiffs contend that they did not need to disclose Dr. Roy because he is a fact witness. Pls. Opp. to VNA Objection (Opp.) 8-9, ECF No. 2817, PageID.93333-93334. But very little, if any, of the designated testimony is fact testimony (*i.e.*, testimony about what Dr. Roy perceived in Flint). Rather, nearly all of the designated testimony is opinion testimony "based on scientific, technical, or other specialized knowledge." *United States v. White*, 492 F.3d 380, 400-01 (6th Cir. 2007). Indeed, Plaintiffs admit that they seek to introduce Dr. Roy's "assessment" of Flint water conditions as an "engineer." Opp. 9, PageID.93334.

1

Second, Plaintiffs argue that disclosure is not required for an opposing party's experts.  Opp. 3, PageID.93328 (citing, *e.g.*, *Kerns v. Pro-Foam of S. Ala., Inc.*, 572 Supp. 2d 1303 (S.D. Ala. 2007)).  But the cases they cite in support are inapposite, because in those cases the calling party sought to elicit opinions the retaining party already had disclosed.  *See New Hampshire Ins. v. Blue Water Off Shore, LLC*, 2009 WL 1160230, at *1 (S.D. Ala. 2009) ("*Kerns* has no applicability" where the opposing party sought to use the expert "to express opinions which [were] divorced from those for which [the retaining party] identified him").  Here, Plaintiffs' designations go well beyond VNA's disclosures for Dr. Peterson and Dr. Roy.

Dr. Peterson's report explains that his opinions were offered primarily to rebut those of Dr. Gardoni.  Ex. 2, Peterson Rpt. 1-4.  It makes no sense to allow Plaintiffs to transform VNA's rebuttal expert into their own affirmative expert.  *See Marmo v. Tyson Fresh Meats, Inc.*, 457 F.3d 748, 759 (8th Cir. 2006) (rebuttal evidence may "not [be used] to establish a case-in-chief").  Making matters worse, Plaintiffs intend to rely on Dr. Peterson's responses to hypotheticals that Plaintiffs posed at his deposition but that Dr. Peterson had not considered when he formed his opinions for VNA.  Ex. 4, Peterson Dep. 56:9-60:11, 98:12-100:22, 119:7-120:5.  VNA had no notice that it needed to "challenge the questions [] asked," "prepare [Dr. Peterson] on topics outside [his] report," or procure the services of "a different expert."  *Griffin v. Biomat USA, Inc.*, 2022 WL 424964, at *5 (M.D. Ala. Feb. 10, 2022).

As for Dr. Roy, VNA did not disclose him as an expert on many of the topics that Plaintiffs designated, such as engineering ethics, Ex. 5, Roy Dep. 23:2-24:20, 25:19-27:15; what Flint should have done prior to the switch, *id.* at 48:4-58:9; what the City and State should have done to address the water crisis, *id.* at 87:13-88:19, 101:10-102:3; and the potential health effects associated with the lead levels detected in Flint, *id.* at 41:4-42:11. These topics are far outside the scope of his report. *See* Ex. 3, Roy Rpt. ¶ 8. So VNA had no notice that it needed to prepare to respond to Dr. Roy's opinions on those topics.

### B. Plaintiffs Have Not Shown A Need For The Designated Testimony

In determining whether a party may present the testimony of an opposing party's expert, a key consideration is whether the testimony is necessary to the moving party's case. *Rubel v. Eli Lilly and Co.*, 160 F.R.D. 458, 461 (S.D.N.Y. 1995); *see* VNA Br. 6-7, PageID.92544-92545. Plaintiffs have not shown a need for the designated testimony here.

Plaintiffs do not dispute that Dr. Peterson's testimony could be presented by their own engineering ethics expert, Dr. Paolo Gardoni. Instead, they contend that they intend to present Dr. Peterson's testimony *in lieu of* Dr. Gardoni, so it would not be duplicative. Opp. 5-7, PageID.93332-93334. That misses the point: The question is whether the testimony is *necessary*, not whether it is duplicative. An opposing party's expert's testimony is not necessary when the testimony could just

3

as easily be presented through the party's own witnesses. *Rubel*, 160 F.R.D. at 462; *Holderbaum v. Carnival Corp.*, 2015 WL 4945736, at *5 (S.D. Fla. Aug. 20, 2015).[1]

Plaintiffs also do not need the designated testimony of Dr. Roy. Most of that testimony is inadmissible for various reasons, including because it is outside the scope of VNA's expert disclosures. *See* p. 3, *supra*. And any admissible testimony can be presented through Plaintiffs' own experts, such as Dr. Larry Russell, or through fact witnesses.

C. **Allowing Plaintiffs To Present VNA's Experts' Testimony Would Be Prejudicial And Confusing**

Plaintiffs argue that offering testimony from another party's expert does not pose a risk of unfair prejudice. Opp. 7-8, PageID.93332-93333. But courts have repeatedly held otherwise. *See* VNA Br. 7-8, PageID.92545-92546. Indeed, one court noted that there is "no reason [for calling an opposing party's expert] *except* to prejudice" the opposing party. *Holderbaum*, 2015 WL 4945736, at *5. The jury naturally will wonder whether the expert has switched sides or was not called by the party that retained him to suppress his opinions. VNA Br. 7, PageID.92545.

Plaintiffs argue that any prejudice or confusion can be ameliorated with a jury instruction. Opp. 6, PageID.93331. But no instruction could change the fact that VNA's experts would appear tainted by first presenting testimony during Plaintiffs'

---

[1] Plaintiffs' argument also ignores that Dr. Peterson's report was presented primarily for purposes of *rebutting* Dr. Gardoni's opinions. *See* p. 2, *supra*.

4

case-in-chief before testifying for VNA, the party that retained and paid them. Plaintiffs also argue that they can reduce the risk of prejudice by presenting VNA's experts' deposition testimony. *Id.* at 8, PageID.93333. Not so: The jurors still will be confused as to why VNA's retained experts are testifying for both sides, and on top of that they will be confused by the piecemeal presentation of the testimony.

**D.    If VNA Calls Dr. Peterson And Dr. Roy During Its Case-In-Chief, Plaintiffs Can Question Them At That Time**

Finally, VNA explained that, if it calls Dr. Roy and Dr. Peterson to testify live, they will not be unavailable and therefore their deposition testimony is inadmissible. VNA Br. 8-9, PageID.92546-92547. Plaintiffs argue that, even if VNA calls Dr. Roy and Dr. Peterson, they should be considered "unavailable" for Plaintiffs' purposes because they will not appear to testify during Plaintiffs' case-in-chief. Opp. 10, PageID.93334. But this Court has explained that each witness should be presented only once, and so if a witness is called live by either party, both parties should conduct their examinations and cross-examinations at that time. Accordingly, if VNA calls Dr. Roy and Dr. Peterson live, they will be available for Plaintiffs to cross-examine at that time.

## CONCLUSION

The Court should sustain VNA's objections to Plaintiffs' designation of Dr. Roy's and Dr. Peterson's deposition testimony.

5

Respectfully submitted,

| **CAMPBELL, CONROY & O'NEIL P.C** | **MAYER BROWN LLP** |
|---|---|
| By: */s/ James M. Campbell* | By: */s/ Michael A. Olsen* |
| James M. Campbell | Michael A. Olsen |
| Alaina N. Devine | 71 S. Wacker Dr. |
| 20 City Square, Suite 300 | Chicago, IL 60606 |
| Boston, MA 02129 | (312) 701-7120 |
| (617) 241-3000 | molsen@mayerbrown.com |
| jmcampbell@campbell-trial-lawyers.com | |
| adevine@campbell-trial-lawyers.com | |

*Attorneys for Veolia North America, LLC, Veolia North America, Inc., and Veolia Water North America Operating Services, LLC*

Dated: January 26, 2023

6

## CERTIFICATE OF SERVICE

I hereby certify that on January 26, 2023, I electronically filed the foregoing document with the Clerk of the Court using the ECF System, which will send notification to the ECF counsel of record.

By: <u>*/s/ James M. Campbell*</u>
James M. Campbell
jmcampbell@campbell-trial-lawyers.com