## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | |
|---|---|
| *In Re Flint Water Cases* | No. 5:16-cv-10444-JEL-EAS |
| | HON. JUDITH E. LEVY |
| | MAG. ELIZABETH A. STAFFORD |

## PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS SETTLEMENT WITH LAN DEFENDANTS

For the reasons stated in the attached memorandum of support, and supporting declarations and exhibits, Plaintiffs, through their counsel, move[1] the Court to:

- Grant final approval of the class components of the LAN Settlement Agreement ("LSA") under Federal Rule of Civil Procedure 23(e) as fair, reasonable, and adequate;

- Grant final certification of the Settlement Class and Subclasses set forth in the LSA under Federal Rule of Civil Procedure 23(a) and (b)(3);

- Appoint LAN Settlement Subclass Representatives as representatives of the LAN Settlement Class as follows:

  - Rhonda Kelso, Barbara and Darrell Davis, Tiantha Williams, and Michael Snyder, as personal representative of the Estate of John Snyder, as representatives of the Adult Exposure Subclass;

  - Elnora Carthan and David Munoz as representatives of the Property Damage Subclass; and

  - 635 South Saginaw LLC, Frances Gilcreast, and Neil Helmkay as representatives of the Business Economic Loss Subclass.

---

[1] Pursuant to Local Rule 7.1, Class Plaintiffs sought consent in this motion from Defendants. Settling Defendants do not object to the relief in this motion.

- Appoint Cohen Milstein Sellers & Toll PLLC, and Pitt McGehee Palmer Bonanni & Rivers, PC, and the Executive Committee, as Settlement Class Counsel under Federal Rule of Civil Procedure 23(g) to represent the LAN Settlement Class.

Dated: January 29, 2024

Respectfully submitted,

By: */s/Theodore J. Leopold*
Theodore J. Leopold
COHEN MILSTEIN SELLERS
& TOLL PLLC
11780 U.S. Highway One, Suite N500
Palm Beach Gardens, FL 33408
Telephone: (561) 515-1400
tleopold@cohenmilstein.com
**CO-LEAD CLASS COUNSEL**

By: */s/ Michael L. Pitt*
Michael L. Pitt
PITT MCGEHEE PALMER BONANNI
& RIVERS, P.C.
117 W. Fourth Street, Suite 200
Royal Oak, MI 48067
Telephone: (248) 398-9800
mpitt@pittlawpc.com
**CO-LEAD CLASS COUNSEL**

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing instrument was filed with the U.S. District Court through the ECF filing system and that all parties to the above case were served via the ECF filing system on January 29, 2024.

Dated: January 29, 2024

By: */s/Theodore J. Leopold*
Theodore J. Leopold
COHEN MILSTEIN SELLERS
& TOLL PLLC
11780 U.S. Highway One, Suite N500
Palm Beach Gardens, FL 33408
Telephone: (561) 515-1400
tleopold@cohenmilstein.com

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| *In Re* Flint Water Cases | No. 5:16-cv-10444-JEL-EAS |
| | HON. JUDITH E. LEVY |
| | MAG. ELIZABETH A. STAFFORD |

# MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS SETTLEMENT WITH LAN DEFENDANTS

# TABLE OF CONTENTS

TABLE OF CONTENTS ................................................................. i

TABLE OF AUTHORITIES .......................................................... iii

CONCISE STATEMENT OF THE ISSUES PRESENTED .................. vii

CONTROLLING OR MOST APPROPRIATE AUTHORITY ............ viii

INTRODUCTION ........................................................................ 1

BACKGROUND ......................................................................... 2
    A.    The LAN Settlement ............................................... 2
    B.    Preliminary Approval .............................................. 3
    C.    Notice & Registration ............................................. 4

LEGAL STANDARD ................................................................... 5

ARGUMENT .............................................................................. 7
    A.    The LAN Settlement Is Fair, Reasonable, and Adequate ..... 7
        1.    The LAN Settlement Is Procedurally Fair. .............. 9
        2.    The Relief Provided to the Class Is Adequate ......... 10
        3.    The Settlement Treats Class Members Equitably Amongst Each Other and Other Settlement Participants ..... 17
        4.    The Remaining *Int'l Union* Factors Support Final Approval ..... 19
        a.    Likelihood of Success on the Merits ..... 19
        b.    Opinions of Class Counsel and Class Representatives, and Reaction of Absent Class Members ..... 19
        c.    Public Interest ..... 21
    B.    Final Re-Certification of the ASA Settlement Class and Subclasses—Extended to Encompass Claims Against LAN—is Warranted. ..... 22
    C.    The Court Should Re-Appoint Co-Lead Class Counsel and the Executive Committee as Class Counsel for Purposes of Final Approval Under Rule 23(g) ..... 22
    D.    The Implemented Notice Plan Satisfies Rule 23(e) and Due Process ..... 23

CONCLUSION ................................................................................................. 25

CERTIFICATE OF SERVICE ........................................................................ 26

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*Agretti v. ANR Freight Sys., Inc.*,
 982 F.2d 242 (7th Cir. 1992) ..............................................................................15

*In re Appraiser Found. Antitrust Litig.*,
 867 F. Supp. 1407 (D. Minn. 1994), *aff'd sub nom. Nat'l Ass'n of
 Rev. Appraisers & Mortg. Underwriters, Inc. v. Appraisal Found.*,
 64 F.3d 1130 (8th Cir. 1995) ...............................................................................15

*In re Auto. Refinishing Paint Antitrust Litig.*,
 617 F. Supp. 2d at 342 ..........................................................................................20

*In re Baan Co. Sec. Litig.*,
 284 F. Supp. 2d 62 (D.D.C. 2003) ........................................................................14

*In re Cardizem CD Antitrust Litig.*,
 218 F.R.D. 508 (E.D. Mich. 2003) .............................................................6, 12, 21

*Carson v. Am. Brands, Inc.*,
 450 U.S. 79 (1981)................................................................................................11

*In re Cendant Corp. Litig.*,
 264 F.3d 201 (3d Cir. 2001) .................................................................................14

*In re Corrugated Container Antitrust Litig.*,
 No. M.D.L. 310, 1981 WL 2093 (S.D. Tex. June 4, 1981), *aff'd*,
 659 F.2d 1322 (5th Cir. 1981) ..............................................................................15

*Cullen v. Whitman Med. Corp.*,
 197 F.R.D. 136 (E.D. Pa. 2000)............................................................................14

*Dick v. Spring Commc'ns*,
 297 F.R.D. 283 (W.D. Ky. 2014) ............................................................................7

*In re Flint Water Cases ("ASA Final Approval")*,
 571 F. Supp. 3d 746 (E.D. Mich. 2021) ........................................................*passim*

*In re Flint Water Cases ("ASA Preliminary Approval")*,
 499 F. Supp. 3d 399 (E.D. Mich. 2021) ...................................................2, 22, 23

*In re Flint Water Cases ("Issues Class Certification")*,
   558 F. Supp. 3d 459 (E.D. Mich. 2021) ...................................................2, 22, 23

*In re Flint Water Cases ("LAN Preliminary Approval")*,
   2023 WL 7724502 (E.D. Mich. Nov. 15, 2023).........................................*passim*

*Garner Props. & Mgmt., LLC v. City of Inkster*,
   No. 17-cv-13960, 2020 WL 4726938 (E.D. Mich. Aug. 14, 2020) ..................21

*Granada Invs. Inc. v. DWG Corp.*,
   962 F.2d 1203 (6th Cir. 1992) ..........................................................................21

*Griffin v. Flagstar Bancorp, Inc.*,
   No. 2:10-cv-10610, 2013 WL 6511860 (E.D. Mich. Dec. 12, 2013) ...........5, 21

*Grunin v. Int'l House of Pancakes*,
   513 F.2d 114 (8th Cir. 1975) .............................................................................24

*Hainey v. Parrott*,
   617 F. Supp. 2d 668 (S.D. Ohio 2007) ...............................................................10

*Int'l Union, UAW v. Ford Motor Co.*,
   No. 05-cv-74730, 2006 WL 1984363 (E.D. Mich. July 13, 2006),
   *aff'd sub nom. Int'l Union, United Auto., Aerospace, & Agr.*
   *Implement Workers of Am. v. Gen. Motors Corp.*, 497 F.3d 615.........................7

*Int'l Union, United Auto., Aerospace, & Agr. Implement Workers of*
   *Am. v. Gen. Motors Corp.*,
   497 F.3d 615 (6th Cir. 2007) .......................................................................*passim*

*IUE-CWA v. Gen. Motors Corp.*,
   238 F.R.D. 583 (E.D. Mich. 2006) ........................................................6, 11, 20

*Kis v. Covelli Enters., Inc.*,
   Nos. 4:18-cv-54, 4:18-cv-434, 2020 WL 2812405 (N.D. Ohio May
   29, 2020) ............................................................................................................18

*Legere-Gordon v. Firstcredit Inc.*,
   No. 1:19-CV-360 WBS, 2021 WL 2269503 (D. Idaho June 2,
   2021) ..................................................................................................................14

*McDermid v. Inovio Pharms., Inc.*,
   No. CV 20-01402, 2023 WL 227355 (E.D. Pa. Jan. 18, 2023).........................14

*In re Nat'l Football League Players' Concussion Inj. Litig.*,
    301 F.R.D. 191 (E.D. Pa. 2014) .............................................................................18

*New England Carpenters Health Benefits Fund v. First DataBank,
    Inc.*,
    602 F. Supp. 2d 277 (D. Mass. 2009), *aff'd sub nom. Nat'l Ass'n of
    Chain Drug Stores v. New England Carpenters Health Benefits
    Fund*, 582 F.3d 30 (1st Cir. 2009) ....................................................................14

*In re Oil Spill by Oil Rig Deepwater Horizon in Gulf of Mexico, on
    Apr. 20, 2010*,
    910 F. Supp. 2d 891 (E.D. La. 2012) .................................................................18

*Olden v. Gardner*,
    249 F. App'x 210 (6th Cir. 2008) ......................................................................13

*In re Packaged Ice Antitrust Litig.*,
    No. 08-MD-01952, 2011 WL 717519 (E.D. Mich. Feb. 22, 2011) ..................21

*In re PaineWebber Ltd. Partnerships Litig.*,
    171 F.R.D. 104 (S.D.N.Y. 1997) ......................................................................13

*Phillips Petroleum Co. v. Shutts*,
    472 U.S. 797 (1985) ..........................................................................................24

*In re Prudential Ins. Co. Am. Sales Prac. Litig. Agent Actions*,
    148 F.3d 283 (3d Cir. 1998) ..............................................................................13

*Sheick v. Auto. Component Carrier LLC*,
    No. 2:09-cv-14429, 2010 WL 4136958 (E.D. Mich. Oct. 18, 2010) ...............11

*Stoetzner v. U.S. Steel Corp.*,
    897 F.2d 115 (3d Cir. 1990) ..............................................................................20

*Taifa v. Bayh*,
    846 F. Supp. 723 (N.D. Ind. 1994) ...................................................................20

*TBK Partners, Ltd. v. W. Union Corp.*,
    675 F.2d 456 458, 462 (2d Cir. 1982) ...............................................................20

*Tiro v. Pub. House Invs., LLC*,
    No. 11 CIV. 7679 CM, 2013 WL 4830949 (S.D.N.Y. Sept. 10,
    2013) ..................................................................................................................14

*Vassalle v. Midland Funding LLC*,
    708 F.3d 747 (6th Cir. 2013) .............................................................................10

*In re Warner Communications Sec. Litig.*,
    618 F.Supp. 735 (S.D.N.Y. 1985) .....................................................................13

*Williams v. Sweet Home Healthcare, LLC*,
    No. CV 16-2353, 2018 WL 5885453 (E.D. Pa. Nov. 9, 2018) ........................14

*Williams v. Vukovich*,
    720 F.2d 909 (6th Cir. 1983) .............................................................................12

*Wornicki v. Brokerpriceopinion.com, Inc.*,
    No. 13-CV-03258-PAB-KMT, 2017 WL 3283139 (D. Colo. Aug.
    2, 2017) ..............................................................................................................14

*Ziegler v. Dale*,
    No. 18-CV-71-SWS, 2021 WL 8999336 (D. Wyo. Oct. 22, 2021) ...................14

## OTHER AUTHORITIES

FED. R. CIV. P. 23 ................................................................................................*passim*

2 Lawrence G. Certrulo, *Toxic Torts Litigation Guide* § 16:33 .............................15

4 William Rubenstein, *Newberg and Rubenstein on Class Actions* §
    13:44 (6th ed. 2023).........................................................................................6, 12

4 William Rubenstein, *Newberg and Rubenstein on Class Actions* §
    13:51 (6th ed. 2023)............................................................................................13

## CONCISE STATEMENT OF THE ISSUES PRESENTED

1. Should the Court grant final approval of the class portions of the LAN Settlement Agreement as fair, reasonable, and adequate under Federal Rule of Civil Procedure 23?

2. Did the Notice provided to the LAN Settlement Class satisfy Federal Rule of Civil Procedure 23(e) and due process?

3. Should the Court grant final certification to the LAN Settlement Class and Subclasses under Federal Rule Civil Procedure 23(a), (b)(3), and (e)?

4. Should the Court appoint Cohen Milstein Sellers & Toll PLLC, and Pitt McGehee Palmer Bonanni & Rivers, PC, and the Executive Committee, as Settlement Class Counsel under Federal Rule Civil Procedure 23(g) to represent the LAN Settlement Class?

## CONTROLLING OR MOST APPROPRIATE AUTHORITY

- Michigan Court Rules 2.420

- Federal Rule of Civil Procedure 23

- *In re Flint Water Cases ("ASA Preliminary Approval")*, 499 F. Supp. 3d 399 (E.D. Mich. 2021)

- *In re Flint Water Cases ("Issues Class Certification")*, 558 F. Supp. 3d 459 (E.D. Mich. 2021)

- *In re Flint Water Cases ("ASA Final Approval")*, 571 F. Supp. 3d 746 (E.D. Mich. 2021)

- *In re Flint Water Cases ("LAN Preliminary Approval")*, 2023 WL 7724502 (E.D. Mich. Nov. 15, 2023)

- *Hainey v. Parrott*, 617 F. Supp. 2d 668 (S.D. Ohio 2007)

- *Olden v. Gardner*, 294 F. App'x 210 (6th Cir. 2008)

- *In re Oil Spill by Oil Rig Deepwater Horizon in Gulf of Mexico, on Apr. 20, 2010*, 910 F. Supp. 2d 891 (E.D. La. 2012)

- *In re Cardizem CD Antitrust Litig.*, 218 F.R.D. 508 (E.D. Mich. 2003)

## INTRODUCTION

Class Plaintiffs secured a settlement with LAN,[1] one of the final remaining defendants in this litigation, for a $8 million inclusive of a $4 million contribution to the Class-components of the existing Court-monitored Qualified Settlement Fund ("QSF"),[2] which the Court preliminarily approved.[3]

The LAN Settlement ensures injured Class members receive some compensation from an entity with extremely limited resources to pay a more substantial judgment. Moreover, by adopting the grid and claims procedures already in existence, the LAN settlement ensures an efficient distribution of these additional funds. Following a robust notice program, only *one objection* (that did not relate to the adequacy of the LAN Settlement) and six exclusions were received reflecting general approval of the settlement. For these reasons and those discussed more fully

---

[1] Leo A. Daly Company, Lockwood Andrews and Newnam, Inc. and Lockwood and Newnam, P.C. (collectively "LAN").

[2] The QSF was established in connection with Plaintiffs' settlement with the state and local government entities, as well as Rowe Professional Services Company and McLaren Hospital ("State & Local Government Settlement" or "ASA"). ECF No. 1394-2. All capitalized terms defined in the Settlement Agreement (referred to as the "LAN Settlement Agreement", "Settlement Agreement", "LSA", "Settlement" or "Agreement" throughout), *see* Ex. A, have the same definitions set forth in that Agreement.

[3] *In re Flint Water Cases ("LAN Preliminary Approval")*, 2023 WL 7724502 (E.D. Mich. Nov. 15, 2023).

1

below, the Court should grant final approval to the fair and reasonable LAN settlement.

## BACKGROUND

As relevant to this motion, the Court approved a settlement in 2021 with all but two Defendants[4]—the private engineering firms LAN and Veolia[5]—against whom litigation continued.[6] Also in 2021, following extensive discovery and briefing, the Court certified an Issues Class to determine, on a class-wide basis, several critical liability determinations.[7]

### A. The LAN Settlement

With the assistance of Court-appointed mediators and Special Master Deborah Greenspan, Plaintiffs and LAN engaged in extensive, arms-length negotiations on

---

[4] *In re Flint Water Cases ("ASA Preliminary Approval")*, 499 F. Supp. 3d 399 (E.D. Mich. 2021).

[5] As used herein, "Veolia" includes the following entities: Veolia North America, LLC; Veolia North America, Inc.; Veolia Water North America Operating Services, LLC.

[6] Parallel litigation remains ongoing against the United States of America and the U.S. Environmental Protection Agency for their role in the Flint Water Crisis.

[7] *In re Flint Water Cases ("Issues Class Certification")*, 558 F. Supp. 3d 459 (E.D. Mich. 2021). The Issues Class trial begins February 13, 2024, after which, if the Class is successful, subsequent proceedings will be required to assess damages to class members.

2

and off for several years, ultimately reaching a tentative settlement in July 2023 which was preliminarily approved by this Court.[8]

The LAN Settlement contributes a total of $8 million to the Court-monitored QSF established by the State & Local Government Settlement and will provide direct payments to Flint residents. LSA ¶¶ 2.1, 5.1-2. Net settlement proceeds[9] shall be distributed 50% ($4 million) to the Individual Plaintiffs and 50% ($4 million) to the Class Plaintiffs. *Id.* ¶ 5.3. Settlement funds allocated to the Individual Plaintiffs will be distributed according to the allocation and compensation category process set forth in the ASA. *Id.* ¶ 5.5. Claimants who registered and made claims to the State & Local Government Settlement are considered for compensation from the LAN Settlement without needing to take any further action to supplement their claims, and Parties who did not participate in the State & Local Government Settlement have the opportunity to register and submit claims as to LAN Settlement funds.[10]

### B. Preliminary Approval

On November 15, 2023, the Court entered an order granting Plaintiffs' Preliminary Approval Motion. *LAN Preliminary Approval*, 2023 WL 7724502.

---

[8] *See generally LAN Preliminary Approval*, 2023 WL 7724502; Pls.' Mot. for Preliminary Approval, ECF No. 2673; Greenspan Decl., ECF No. 2673-7.

[9] Net settlement proceeds are those funds remaining after deduction of fees and expenses. LSA ¶ 5.3.

[10] For more information as to the specifics of the LAN Settlement, *see* ECF No. 2673, PageID.86963-68; Ex. A; *LAN Preliminary Approval*, 2023 WL 7724502.

Specifically, the Court found that Plaintiffs had "preliminarily met the Rule 23 requirements for certification of the LAN Settlement Class," that "the settlement is fair, reasonable, and adequate" for preliminary approval purposes, and therefore "conditionally certifie[d] this class for the purposes of settlement." *Id.* at *5. The Court further re-appointed Co-Lead Class Counsel and the Executive Committee as Class Counsel, and Settlement Subclass Counsel and Class Representatives from the State & Local Government Settlement. *Id.* at *13–14.

The Court also approved Plaintiffs' Notice form and plan, and appointed A.B. Data, Ltd., as Notice Administrator. *Id.* at *14. The Court directed Notice to be mailed no later than December 15, 2023, and set January 16, 2024, as the deadline for (1) submission of registration & Claim forms, (2) requests for exclusion, and (3) objections to the settlement and notice of appearance at the fairness hearing. *Id.*[11]

### C. Notice & Registration

Following entry of the Court's Preliminary Approval Order, the Notice Administrator implemented the Notice Plan approved by the Court. *See generally* Ex. B, Decl. of Katherine Rovertoni. Notice was mailed to 51,510 potential Class Members, a group that includes those already represented by individual counsel and

---

[11] The Court further ordered any motion for fees and expenses be filed by December 15, 2023. *LAN Preliminary Approval*, 2023 WL 7724502, at *14. Class Counsel filed such a motion on that date. *See* Pls.' Mot. for LAN Settlement Fees & Expenses, ECF No. 2760.

those already-registered from the State & Local Government Settlement. *Id.* ¶ 5.[12]

Notice also referenced the settlement website as well as a toll-free number that Class Members could call to get additional information. *Id.* ¶¶ 11–12. As detailed further in the Notice Administrator's declaration and supporting attachment (Ex. B-2), the Notice Administrator implemented a media campaign designed to provide publication notice to as many Settlement Class members as possible, through targeted internet social media and digital banner ads, and print publication in *The Flint Journal* and *The Flint Courier News. Id.*, ¶¶ 9–10.

Ultimately, the Class's reception was overwhelmingly positive: just six opt-outs were registered in response to the settlement, Ex. B, ¶ 14,[13] and one objection was filed by an apparent non-class member, Smith Objection, ECF No. 2812.

## LEGAL STANDARD

"[T]he law favors the settlement of class action lawsuits." *Griffin v. Flagstar Bancorp, Inc.*, No. 2:10-cv-10610, 2013 WL 6511860, at *2 (E.D. Mich. Dec. 12,

---

[12] Further, the Notice Administrator processed all names and mailing addresses through the National Change of Address database compiled and maintained by the United States Postal Service, mailing a notice packet to new addresses where appropriate. Ex. B, ¶ 6. For any notice packet returned as undeliverable with a forwarding address, the Notice Administrator promptly remailed the notice packet to the forwarding address provided. *Id.* ¶ 7.

[13] The Notice Administrator has continued to receive return registrations as of the date of this filing. A supplemental report will be provided once it appears that all timely postmarked submissions are collected.

2013). As a result, "the role of the district court is limited to the extent necessary to reach a reasoned judgment that the agreement is not the product of fraud or overreaching by, or collusion between, the negotiating parties, and that the settlement taken as a whole is fair, reasonable and adequate to all concerned." *IUE-CWA v. Gen. Motors Corp.*, 238 F.R.D. 583, 594 (E.D. Mich. 2006) (internal quotes omitted). Further, "when evaluating a proposed class action settlement, the Court must bear in mind 'the federal policy favoring settlement of class actions.'" *In re Flint Water Cases ("ASA Final Approval")*, 571 F. Supp. 3d 746, 771 (E.D. Mich. 2021) (quoting *Int'l Union, United Auto., Aerospace, & Agr. Implement Workers of Am. v. Gen. Motors Corp.*, 497 F.3d 615, 632 (6th Cir. 2007)); *see also* 4 William Rubenstein, *Newberg and Rubenstein on Class Actions* § 13:44 (6th ed. 2023) ("The law favors settlement, particularly in class actions and other complex cases where substantial resources can be conserved by avoiding lengthy trials and appeals.").

Once a class settlement has been preliminarily approved, notice must be sent to members of the settlement class informing them of the proposed settlement and their right to object or, in the case of a 23(b)(3) class, to opt out of the class. *See* 4 William Rubenstein, *Newberg and Rubenstein on Class Actions* § 13:44 (6th ed. 2023). The ultimate question for the Court is "whether the interests of the class as a whole are better served if the litigation is resolved by the settlement rather than pursued." *In re Cardizem CD Antitrust Litig.*, 218 F.R.D. 508, 522 (E.D. Mich.

6

2003) (citation omitted). In reaching that determination, the Court has broad discretion to approve a class action settlement. *Int'l Union*, 497 F.3d at 636.

In exercising this discretion, courts give considerable weight and deference to the view of experienced counsel regarding the merits of an arm's-length settlement. *Dick v. Spring Commc'ns*, 297 F.R.D. 283, 297 (W.D. Ky. 2014) ("The Court defers to the judgment of the experienced counsel associated with the case, who have assessed the relative risks and benefits of litigation."). Because a settlement represents an exercise of judgment by the negotiating parties, the Court should evaluate the plaintiffs' recovery in light of the fact that a settlement "represents a compromise in which the highest hopes for recovery are yielded in exchange for certainty and resolution." *Int'l Union, UAW v. Ford Motor Co.*, No. 05-cv-74730, 2006 WL 1984363, at *23 (E.D. Mich. July 13, 2006), *aff'd sub nom. Int'l Union, United Auto., Aerospace, & Agr. Implement Workers of Am. v. Gen. Motors Corp.*, 497 F.3d 615.

## ARGUMENT

### A. The LAN Settlement Is Fair, Reasonable, and Adequate

Approval of a class settlement is appropriate if the settlement "is fair, reasonable, and adequate." FED. R. CIV. P. 23(e)(2). Relevant factors to making this determination include whether: "(A) the class representatives and class counsel have adequately represented the class; (B) the proposal was negotiated at arm's length;

(C) the relief provided for the class is adequate . . . ; and (D) the proposal treats class members equitably relative to each other." *Id.* Factors A and B relate to the "procedural" fairness of the proposed settlement while C and D address it's "substantive" adequacy.

The Sixth Circuit considers several factors in evaluating a proposed class settlement, many of which are similar to those now enumerated in Rule 23(e)(2). *See Int'l Union*, 497 F.3d at 631 ("Several factors guide the inquiry: (1) the risk of fraud or collusion; (2) the complexity, expense and likely duration of the litigation; (3) the amount of discovery engaged in by the parties; (4) the likelihood of success on the merits; (5) the opinions of class counsel and class representatives; (6) the reaction of absent class members; and (7) the public interest.").[14] In addition to the factors enumerated by Rule 23(e)(2), district courts in the Sixth Circuit also will consider "the likelihood of success on the merits; the opinions of class counsel and class representatives; the reaction of absent class members; and the public interest." *LAN Preliminary Approval*, 2023 WL 7724502, at *11 (quoting *Int'l Union*, 497 F.3d at 631). As explained below, all factors weigh in favor of approval.

---

[14] The Advisory Committee Notes to Rule 23 acknowledge these judicially created standards, explaining that the newly enumerated Rule 23(e) factors are "core concerns" in every settlement and were not intended to displace a court's consideration of other relevant factors in a particular case. FED. R. CIV. P. 23 Advisory Committee Note (2018 Amendments).

### 1.  The LAN Settlement Is Procedurally Fair.

When assessing procedural fairness, courts must take into account the expertise of plaintiffs' counsel, the information available to counsel negotiating the settlement, the stage of the litigation and amount of discovery taken, the pendency of other litigation concerning the subject matter, the length of the negotiations, whether a mediator or other neutral facilitator was used, the manner of negotiation, and whether attorneys' fees were negotiated with the defendant and, if so, how they were negotiated and their amount. FED. R. CIV. P. 23 Advisory Committee Note. These considerations all support the procedural fairness of the LAN Settlement.

Class Counsel—all experienced attorneys—have litigated this case for nearly eight years, during which they have undertaken extensive discovery and briefing, developing a thorough understanding of the relevant legal issues at hand and the factual record. Accordingly, "Class Counsel and Class Representatives' support for this settlement weighs in its favor, given their deep knowledge of this litigation." *LAN Preliminary Approval*, 2023 WL 7724502, at *9 (citing *Int'l Union*, 497 F.3d at 631).[15] Settlement Subclass Counsel ("SSC") likewise worked diligently to apprise themselves of the legal and factual issues impacting their respective

---

[15] "The extensive discovery in this case, which must be considered under the third *International Union* factor, also weighs in favor of approval." *LAN Preliminary Approval*, 2023 WL 7724502, at *9 (citing *Int'l Union*, 497 F.3d at 631).

subclasses.[16] And, as in the State & Local Government Settlement, the Settlement Class and Subclasses "have common interests with unnamed members of the class," and have "vigorously prosecute[d] the interests of the class through qualified counsel." *Vassalle v. Midland Funding LLC*, 708 F.3d 747, 757 (6th Cir. 2013) (internal quotation marks and citation omitted).

Finally, "two neutral mediators and the Court-Appointed Neutral supervised the negotiations that led to the formation of this proposal, which supports finding that this settlement is the product of an arm's-length negotiation that is free of collusion." *LAN Preliminary Approval*, 2023 WL 7724502, at *10 (citing *Hainey v. Parrott*, 617 F. Supp. 2d 668, 673 (S.D. Ohio 2007)).[17]

### 2.  The Relief Provided to the Class Is Adequate

The relief provided to the LAN Settlement Class and Subclasses consists of a contribution by LAN of $8 million into the fund established by the State & Local Government Settlement, $4 million of which will go to the Class. Class Counsel, Co-Liaison Counsel, and SSC believe that this payment is adequate relief for the

---

[16] *See generally* London Decl., ECF No. 2673-3; Reich Decl., ECF No. 2673-4; Ward Decl., ECF No. 2673-5.

[17] "The participation of an independent mediator in the settlement negotiations virtually insures that the negotiations were conducted at arm's-length and without collusion between the parties," and therefore "weighs in favor of approving the settlement." *Hainey*, 617 F. Supp. 2d at 673; *see also* 2 McLaughlin on Class Actions § 6:7 (19th ed. 2022); *ASA Final Approval*, 571 F. Supp. 3d at 780.

Settlement Class and Subclasses given LAN's financial circumstances and the merits-based risks and expenses associated with proceeding to trial against LAN.

Generally, in evaluating a proposed class settlement, the court does "not decide the merits of the case or resolve unsettled legal questions." *Carson v. Am. Brands, Inc.*, 450 U.S. 79, 88 n.14 (1981). Each of the relevant sub-factors under Rule 23(e)(2)(C)[18] supports final approval of the LAN Settlement.

### a.  The Costs, Risks, and Delay of Trial and Appeal

The Court should assess adequacy of relief to the class "with regard to a 'range of reasonableness,' which 'recognizes the uncertainties of law and fact in any particular case and the concomitant risks and costs inherent in taking any litigation to completion.'" *Sheick v. Auto. Component Carrier LLC*, No. 2:09-cv-14429, 2010 WL 4136958, at *15 (E.D. Mich. Oct. 18, 2010) (quoting *IUE-CWA*, 238 F.R.D. at 594). These risks must be weighed against the certainty of a cash settlement, which will add to the fund established by the State & Local Government Settlement.

---

[18] These include (i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims, if required; (iii) the terms of any proposed award of attorney's fees, including timing of payment; and (iv) any agreement required to be identified under Rule 23(e)(3). FED. R. CIV. P. 23(e)(2)(C).

11

Class Counsel and SSC believe that the Settlement is an excellent result, particularly when weighed against the time and costs of continued litigation.[19] While Plaintiffs are confident in their claims against LAN, they are not without significant risks and inevitable future expenses. LAN is represented by experienced counsel and undoubtedly would continue contest liability and appeal unfavorable results. Weighing the Settlement's benefits against the risks and costs of continued litigation tilts the scale toward approval.

"Settlements should represent 'a compromise which has been reached after the risks, expense and delay of further litigation have been assessed.'" *Cardizem*, 218 F.R.D. at 523 (quoting *Williams v. Vukovich*, 720 F.2d 909, 922 (6th Cir. 1983)), *appeal dismissed*, 391 F.3d 812 (6th Cir. 2004). Significantly, "the prospect of a trial necessarily involves the risk that Plaintiffs would obtain little or no recovery." *Id.* at 523. This is particularly true for class actions, which are inherently complex. *See* 4 William Rubenstein, *Newberg and Rubenstein on Class Actions* § 13:44 (6th ed. 2023) ("The law favors settlement, particularly in class actions and other complex cases"); *see also LAN Preliminary Approval*, 2023 WL 7724502, at *10 ("[A] trial

---

[19] ECF No. 2673-3, ¶ 7; ECF No. 2673-4, PageID.87031; ECF No. 2673-5, ¶¶ 7-8.

here would be lengthy and require 'complex scientific proof,' which further supports settlement." (quoting *Olden v. Gardner*, 249 F. App'x 210, 217 (6th Cir. 2008)).[20]

The risk that a settling defendant would be unable to pay a greater judgment also supports settlement approval, *see* 4 William Rubenstein, *Newberg and Rubenstein on Class Actions* § 13:51 (6th ed. 2023), "since the 'prospect of a bankrupt judgment debtor down at the end of the road does not satisfy anyone involved in the use of class action procedures,'" *In re PaineWebber Ltd. Partnerships Litig.*, 171 F.R.D. 104, 129 (S.D.N.Y. 1997) (quoting *In re Warner Communications Sec. Litig.*, 618 F.Supp. 735, 746 (S.D.N.Y. 1985)), *aff'd* 117 F.3d 721 (2d Cir. 1997). Accordingly, "[i]t counts in favor of a settlement's adequacy . . . particularly when there is financial information that supports that limitation." *LAN Preliminary Approval*, 2023 WL 7724502, at *10 (citing *In re Prudential Ins. Co. Am. Sales Prac. Litig. Agent Actions*, 148 F.3d 283, 321–22 (3d Cir. 1998)).

Here, evidence provided by LAN and reviewed by Class Counsel, Liaison Counsel, and an independent expert engaged by the Special Master supports LAN's professed inability to pay a greater amount upon further litigation and an adverse

---

[20] As the case is ongoing until final approval is granted, it is not appropriate to discuss with any specificity Class Counsel's analysis of the risks of litigation as Defendants could seek to use any such disclosures against Plaintiff going forward if final approval is not granted. Class Counsel believe that at this point it is sufficient to state that complex litigation of this scope has certain inherent risks that the LAN Settlement at least partially negates.

judgment.[21] The proposed settlement thus accounts for "the factual realities of the case, which cast doubts on the benefits of further litigation," *Wornicki v. Brokerpriceopinion.com, Inc.*, No. 13-CV-03258-PAB-KMT, 2017 WL 3283139, at *3 (D. Colo. Aug. 2, 2017), and thus avoids "a 'pyrrhic victory' where the defendant cannot satisfy a judgment," *LAN Preliminary Approval*, 2023 WL 7724502, at *10 (citing *Int'l Union*, 497 F.3d at 632); *see also id.* (settlement "avoids a situation where LAN is unable to satisfy a judgment greater than what is included in the LSA").[22]

Settlement with LAN also is advantageous in that it reduces the scope of the outstanding litigation, significantly streamlining the issues to be considered by the

---

[21] *See* LSA, ECF No. 1394-2 ¶ N; *see also* Greenspan Decl., ECF No. 2673-7, ¶ 4; *id.* ¶ 6 (review by independent expert "confirmed that the settlement amount proposed now is consistent with LAN's ability to allocate funds to this settlement while maintaining company operations").

[22] *See also, e.g.*, *Cullen v. Whitman Med. Corp.*, 197 F.R.D. 136, 144 (E.D. Pa. 2000); *In re Baan Co. Sec. Litig.*, 284 F. Supp. 2d 62, 66 (D.D.C. 2003); *In re Cendant Corp. Litig.*, 264 F.3d 201, 241 (3d Cir. 2001); *New England Carpenters Health Benefits Fund v. First DataBank, Inc.*, 602 F. Supp. 2d 277, 281 (D. Mass. 2009), *aff'd sub nom. Nat'l Ass'n of Chain Drug Stores v. New England Carpenters Health Benefits Fund*, 582 F.3d 30 (1st Cir. 2009); *Tiro v. Pub. House Invs., LLC*, No. 11 CIV. 7679 CM, 2013 WL 4830949, at *9 (S.D.N.Y. Sept. 10, 2013); *Williams v. Sweet Home Healthcare, LLC*, No. CV 16-2353, 2018 WL 5885453, at *4 (E.D. Pa. Nov. 9, 2018); *Legere-Gordon v. Firstcredit Inc.*, No. 1:19-CV-360 WBS, 2021 WL 2269503, at *4 (D. Idaho June 2, 2021); *Ziegler v. Dale*, No. 18-CV-71-SWS, 2021 WL 8999336, at *5 (D. Wyo. Oct. 22, 2021); *McDermid v. Inovio Pharms., Inc.*, No. CV 20-01402, 2023 WL 227355, at *8 (E.D. Pa. Jan. 18, 2023).

jury in the upcoming Issues Class trial.[23] This is particularly so in complex class action litigation.[24] Settlement with LAN is no different; if approved, the Issues Class and Bellwether trials will proceed as to claims only against Veolia,[25] allowing Plaintiffs to present a single timeline and fact pattern, and substantially decreasing the risk of jury confusion and burnout at the upcoming Issues Class trial. *See, e.g.*, *In re Corrugated Container Antitrust Litig.*, No. M.D.L. 310, 1981 WL 2093, at *16 (S.D. Tex. June 4, 1981) (settlement allowed plaintiffs "to reduce the complexity and expense of trial" and "streamline their evidence to focus on the conduct . . . of non-settling defendants… improv[ing] their chances of success in trial"), *aff'd*, 659 F.2d 1322 (5th Cir. 1981).

> **b. Effectiveness of Any Proposed Method of Distributing Relief to the Class, Including the Method of Processing Class Member Claims**

---

[23] *See* 2 Lawrence G. Certrulo, *Toxic Torts Litigation Guide* § 16:33 ("Partial settlements are advantageous . . . they often reduce the scope of discovery or trial.").

[24] *In re Appraiser Found. Antitrust Litig.*, 867 F. Supp. 1407, 1413 (D. Minn. 1994) ("Partial settlements are to be encouraged in complex litigation"), *aff'd sub nom. Nat'l Ass'n of Rev. Appraisers & Mortg. Underwriters, Inc. v. Appraisal Found.*, 64 F.3d 1130 (8th Cir. 1995); *see also Agretti v. ANR Freight Sys., Inc.*, 982 F.2d 242, 247 (7th Cir. 1992).

[25] As recognized by the Court, there is also separate, parallel litigation against the U.S. Environmental Protection Agency. *LAN Preliminary Approval*, 2023 WL 7724502, at *10 ("The LSA would also streamline future litigation in the Flint Water Cases, insofar as Plaintiffs would proceed against only against VNA and the Environmental Protection Agency.")

The claims process allows both determination of awards based on objective factors evaluated by the Claims Administrator in consultation with the Special Master and the right to appeal any unfavorable decision by Claims Administrator. ASA ¶¶ 3.13-14. The Court has already appointed and approved the engagement of experienced firms to conduct claims review. The LAN Settlement utilizes this existing structure which, as the Court has previously held, "contains clear processes and procedures for individuals to register." *ASA Final Approval*, 571 F. Supp. 3d at 781; *see also LAN Preliminary Approval*, 2023 WL 7724502, at *10 (finding "that the ASA's 'efficient and timely methods' of distribution favored finding them to be adequate, and those same methods will be utilized for the LAN Settlement." (quoting *ASA Final Approval*, 571 F. Supp. 3d at 781)).

### c.  The Terms of Any Proposed Award of Attorneys' Fees, Including Timing of Payment

The LSA provides that attorneys' fees shall be paid solely out of the Settlement Funds subject to court approval. LSA ¶ 11.1; ASA Art. XI; *see also* FED. R. CIV. P. 23(h). Pursuant to the schedule set forth by the Court, Plaintiffs' Counsel filed a motion for attorneys' fees and expenses on December 15, 2023,[26] one month before the deadline to opt out or object to the Settlement, and six weeks prior to this motion. The fact that Counsel will be asking for attorneys' fees and expenses, the

---

[26] *See* ECF No. 2760.

timing of the Motion for Fees and Expenses, and how Class Members can access that information is expressly noted in the Notice. Schachter Decl., ECF No. 2673-6, PageID.87064, 870468. And shortly after filing, the Motion was posted to the settlement website[27] so it could be considered by Class Members in deciding how to exercise their rights under the Settlement. With respect to the fairness of the fees sought under the LSA, Plaintiffs' Counsel incorporate by reference the Motion for Fees and Expenses, which provides additional information regarding what fees are requested, how Plaintiffs' Counsel propose allocating those fees, and the legal and factual support upon which Plaintiffs rely to support the request. *See* ECF No. 2760.[28]

### 3. The Settlement Treats Class Members Equitably Amongst Each Other and Other Settlement Participants

The LAN Settlement treats Class Members equitably because "apportionment of relief among class members takes appropriate account of differences among their

---

[27] Flint Water Official Settlement Website, https://www.officialflintwatersettlement.com/ (last visited Jan. 29, 2024).

[28] As stated in the motion for preliminary approval, ECF No. 2673, PageID.86973, Plaintiffs reiterate that Class Counsel and Liaison Counsel have extended their agreement from the State & Local Government Settlement regarding the amount of attorneys' fees they intend to request from the Settlement, including the extent to which common-benefit fees will be requested as well as a manner for allocating fees among Plaintiffs' attorneys. *See* FED. R. CIV. P. 23(e)(2)(C)(iv), 23(e)(3). There are no other agreements "made in connection with the" Settlement Agreement. FED. R. CIV. P. 23(e)(3).

claims." *Kis v. Covelli Enters., Inc.*, Nos. 4:18-cv-54, 4:18-cv-434, 2020 WL 2812405, at *5 (N.D. Ohio May 29, 2020) (quoting FED. R. CIV. P. 23(e)(2)(D), Advisory Committee Note 2018 Amendments). Indeed, the LAN Settlement adopts the same program established by the State & Local Government Settlement, which this Court previously found equitable. *ASA Final Approval*, 571 F. Supp. 3d at 782.

Specifically, the LAN Settlement employs the detailed grid from the State & Local Government Settlement. ASA Ex. 8, Settlement Categories Grid; LSA ¶ 4.1. The Settlement Categories Grid provides that Claimants will receive awards based on the extent of their injuries and in some cases based on the proof of injury they are able to provide. By taking into account the extent of injury, the LAN Settlement "provides for 'horizontal equity' between claimants and treats claimants the same regardless of whether they are represented by their own lawyers or are part of the LAN Settlement Class." *LAN Preliminary Approval*, 2023 WL 7724502, at *11 (citing *ASA Final Approval*, 571 F. Supp. 3d at 782).[29] Further, the plan of allocation, reflecting Class Counsel's, Liaison Counsel's, the SSC's, and the Special Master's reasonable judgment about the relative value of the different claims being settled,

---

[29] *See, e.g.*, *In re Oil Spill by Oil Rig Deepwater Horizon in Gulf of Mexico, on Apr. 20, 2010*, 910 F. Supp. 2d 891, 957 (E.D. La. 2012); *In re Nat'l Football League Players' Concussion Inj. Litig.*, 301 F.R.D. 191, 196 (E.D. Pa. 2014).

effectively "balances the interests of eligible participants based on information gleaned from the ongoing claims process from the ASA." *Id.*[30]

### 4. The Remaining *Int'l Union* Factors Support Final Approval

#### a. Likelihood of Success on the Merits

As noted above, while Plaintiffs are optimistic about the likelihood of ultimate success in this case, the outcome of a case that goes to trial is never certain, much less one with complex issues and methods of proof. *Supra*, Sec. A(2)(a). Indeed, the only trial in this case to date resulted in a mistrial and even if Plaintiffs are successful at the Class Trial, much time-consuming and costly litigation as to damages will remain. Further, LAN is represented by competent and experienced counsel, and would undoubtedly continue to contest liability and appeal any adverse results. "Like the ASA, the LAN Settlement is 'a fair and sensible resolution' given the risks of continuing to litigate." *LAN Preliminary Approval*, 2023 WL 7724502, at *11 (quoting *ASA Final Approval*, 571 F. Supp. 3d at 779).

#### b. Opinions of Class Counsel and Class Representatives, and Reaction of Absent Class Members

"The judgment of the parties' counsel that the settlement is in the best interest of the settling parties is entitled to significant weight, and supports the fairness of

---

[30] SSC agree it treats Claimants fairly and equitably based on the strength of each Subclass's claims. ECF No. 2673-3, ¶¶ 5, 7; ECF No. 2673-4, PageID.87031; ECF No. 2673-5, ¶¶ 6, 8. *See also generally* ECF No. 2673-7.

the class settlement." *IUE-CWA,* 238 F.R.D. at 597. Class Counsel and Class Representatives support this settlement as the best outcome given the circumstances, an opinion which supports final approval, particularly where Class Counsel has such a deep understanding of the case. *E.g.*, *ASA Final Approval*, 571 F. Supp. 3d at 783.

Like with the previous settlement, "the reaction of absent class members favors approval of the settlement." *Id.* "In evaluating this factor, 'courts often cite to the absence of opt-outs as evidence in support of settlement approval.'" *Id.* (quoting 4 Newberg § 13:58 (5th ed. June 2021 update)). Here, just six exclusions were registered from a class in excess of 50,000 potential members. That amounts to (conservatively) just 0.012% of class members, reflecting the LAN Settlement's approval with the vast majority of the Class. Likewise, the Court received just one objection to the settlement, representing a miniscule 0.0002% of potential members. Settlements have been approved with far more objections.[31]

Nor does the lone objection in any way undermine the appropriateness of final approval. In his filing, the objector describes his exposure to contaminated water and

---

[31] *See, e.g.*, *Stoetzner v. U.S. Steel Corp.*, 897 F.2d 115, 118–19 (3d Cir. 1990) (holding that objections by about 10% of class "strongly favors settlement"); *TBK Partners, Ltd. v. W. Union Corp.*, 675 F.2d 456 458, 462 (2d Cir. 1982) (approving settlement despite objections of large number of class members); *In re Auto. Refinishing Paint Antitrust Litig.*, 617 F. Supp. 2d at 342 ("The fact that an overwhelming majority of the Class did not file objections is a significant element to consider in determining the overall fairness of the settlements."); *Taifa v. Bayh*, 846 F. Supp. 723, 728 (N.D. Ind. 1994) (approving class settlement despite objections from more than 10% of class).

his subsequent experiences and frustrations with doctors, lawyers, and the "experience" generally, as well as concern about his health moving forward. ECF No. 2812. None of these frustrations go to the reasonableness of the LAN Settlement itself.

The overwhelming support of the Class weighs in favor of final approval.

### c. Public Interest

"[T]here is a strong public interest in encouraging settlement of complex litigation and class action suits because they are 'notoriously difficult and unpredictable' and settlement conserves judicial resources." *Cardizem*, 218 F.R.D. at 530 (quoting *Granada Invs. Inc. v. DWG Corp.*, 962 F.2d 1203, 1205 (6th Cir. 1992)).[32] Moreover, the public interest is best served in this case by providing additional relief to Class Members and members of the Flint community, *LAN Preliminary Approval*, 2023 WL 7724502, at *12, and an "expeditious resolution of the matter," *Garner Props. & Mgmt., LLC v. City of Inkster*, No. 17-cv-13960, 2020 WL 4726938, at *10 (E.D. Mich. Aug. 14, 2020). Plaintiffs submit that there is no countervailing public interest that provides a reason to disapprove the proposed settlement. Thus, this factor also supports final approval.

---

[32] *See also Griffin*, 2013 WL 6511860, at *5; *In re Packaged Ice Antitrust Litig.*, No. 08-MD-01952, 2011 WL 717519, at *12 (E.D. Mich. Feb. 22, 2011).

**B.  Final Re-Certification of the ASA Settlement Class and Subclasses—Extended to Encompass Claims Against LAN—is Warranted.**

The Court has already held that the State & Local Government Settlement Class and Subclasses satisfy all of the criteria for certification under FED. R. CIV. P. 23(e)(1)(B),[33] and that the LAN Settlement Classes and Subclasses similarly satisfied these criteria for purposes of preliminary approval. *LAN Preliminary Approval*, 2023 WL 7724502, at *3-9.[34] As explained previously, the LAN Settlement seeks only to re-certify that exact Settlement Class. ECF No. 2673, PageID.86979-80. Accordingly, there is no question as to whether questions of numerosity, commonality, typicality, adequate representation, and predominance weigh in favor of certification here, nor is there been any development in the interim to disturb the Court's provisional re-certification as to the LAN Settlement.

**C.  The Court Should Re-Appoint Co-Lead Class Counsel and the Executive Committee as Class Counsel for Purposes of Final Approval Under Rule 23(g)**

---

[33]  *ASA Preliminary Approval*, 499 F. Supp. 3d at 420-26 (finding 23(a) numerosity, commonality, typicality, and adequacy requirements and 23(b) predominance, superiority, and ascertainability requirements were met); *ASA Final Approval*, 571 F. Supp. 3d at 792 (adopting analysis from *ASA Preliminary Approval*).

[34]  The Court also previously certified a LAN Issues Class, *Issues Class Certification*, 558 F. Supp. 3d 459. While that order certified a class with a less expansive definition, it still supports satisfaction of the commonality factor, *LAN Preliminary Approval*, 2023 WL 7724502, at *3 (citing *Issues Class Certification*, 558 F. Supp. 3d 459), and certification of the LAN Settlement Class as whole, ECF No. 2673, PageID.86979-80 at n.30.

Under Federal Rule of Civil Procedure 23(g)(1), when the Court certifies a class, including for settlement, it "must appoint class counsel." *ASA Final Approval*, 571 F. Supp. 3d at 792 (quoting FED. R. CIV. P. 23(g)(1)).[35] As the Court observed in preliminarily approving the State & Local Government Settlement, "Co-Lead Class Counsel, as well as Subclass Settlement Counsel . . . have lived up to their appointments in vigorously representing Plaintiffs through the litigation and settlement processes. The Court is confident that they will continue to vigorously prosecute the interests of the class." *ASA Preliminary Approval*, 499 F. Supp. 3d at 423; *see also LAN Preliminary Approval*, 2023 WL 7724502, at *12 (Co-Lead Class Counsel has "a deep understanding of the law and facts involved in this case."). Nothing on this front has changed; Co-Lead Class Counsel and the Executive Committee have devoted many thousands of hours of work to vigorously prosecute this case, both by pushing this litigation forward against Veolia and dedicating significant efforts to facilitating the claims registration process.

### D. The Implemented Notice Plan Satisfies Rule 23(e) and Due Process

Under Rule 23, "[t]he court must direct notice in a reasonable manner to all class members who would be bound by the [proposed settlement]." FED. R. CIV. P.

---

[35] The Court previously appointed Co-Lead Class Counsel and the Executive Committee as Class for the State & Local Government Settlement, *ASA Final Approval*, 571 F. Supp. 3d at 792-93, and in certifying the LAN Issues Class, *Issues Class Certification*, 558 F. Supp. 3d 459.

23(e)(1). "To grant final approval, the Court must find that the Notice to the Class satisfies due process." *ASA Final Approval*, 571 F. Supp. 3d at 785. Due process similarly requires that absent class members be provided the best notice practicable, reasonably calculated to apprise them of the pendency of the action and affording them the opportunity to opt out or object. *See Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 812 (1985). The mechanics of the notice process "are left to the discretion of the court subject only to the broad 'reasonableness' standards imposed by due-process." *Grunin v. Int'l House of Pancakes*, 513 F.2d 114, 121 (8th Cir. 1975).

The Court previously approved the content of the Notice and Notice Plan, finding "that the LSA's plan for Class Notice is the best notice practicable under the circumstances and satisfies the requirements of due process and Rule 23(e)(1)." *LAN Preliminary Approval*, 2023 WL 7724502, at *12. That plan has now been carried out. Notice was mailed to 51,510 potential Class Members, with the Notice Administrator taking appropriate measures to ensure Notice packages were sent to the correct addresses. Ex. B, ¶¶ 5-7.[36] In addition to providing direct notice, the Notice Administrator implemented a media notice campaign designed to provide publication notice to as many Settlement Class members as possible, through

---

[36] Notice also referred to the settlement website, www.OfficialFlintWater Settlement.com, and a toll-free number that Class Members could call to get additional information. Ex. B, ¶¶ 11-12.

targeted internet social media and digital banner ads, and print publication in *The Flint Journal* and *The Flint Courier News*. *Id*. ¶¶ 9-10.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court grant the relief requested herein.

Dated: January 29, 2024                                Respectfully submitted,


By: */s/Theodore J. Leopold*                     By: */s/ Michael L. Pitt*
Theodore J. Leopold                               Michael L. Pitt
COHEN MILSTEIN SELLERS                            PITT MCGEHEE PALMER BONANNI
& TOLL PLLC                                       & RIVERS, P.C.
11780 U.S. Highway One, Suite N500                117 W. Fourth Street, Suite 200
Palm Beach Gardens, FL 33408                      Royal Oak, MI 48067
Telephone: (561) 515-1400                         Telephone: (248) 398-9800
tleopold@cohenmilstein.com                        mpitt@pittlawpc.com
***CO-LEAD CLASS COUNSEL***                       ***CO-LEAD CLASS COUNSEL***

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing instrument was filed with the U.S. District Court through the ECF filing system and that all parties to the above case were served via the ECF filing system on January 29, 2024.

Dated: January 29, 2024

By: */s/Theodore J. Leopold*
Theodore J. Leopold
COHEN MILSTEIN SELLERS
& TOLL PLLC
11780 U.S. Highway One, Suite N500
Palm Beach Gardens, FL 33408
Telephone: (561) 515-1400
tleopold@cohenmilstein.com