# EXHIBIT A

# Hunter Shkolnik

| | |
|---|---|
| **From:** | Hunter Shkolnik |
| **Sent:** | Sunday, February 11, 2024 2:54 PM |
| **To:** | Seth Mayer |
| **Cc:** | Paul Napoli; Patrick Lanciotti; Corey Stern; Melanie Daly; Olsen, Michael A.; Greenspan, Deborah; William Barkholz; jmcampbell@Campbell-trial-lawyers.com; Devine, Alaina N. |
| **Subject:** | RE: Fwc-- Mediation Deadline & 2/13/24 Hearing |

Dear Mr. Mayer:

I am writing this email for consideration by Judge Levy of two requests. First to ask that the Court to extend tomorrows deadline to report regarding mediation efforts until at least next Monday February 19, 2024. And, second to request to appear remotely for the hearing scheduled for Tuesday February 13, 2024.

The request to put off the mediation report for at least 1 week is, for the most part, related to the Tuesday hearing, and the issue that brought it about. Given the recent emails from Mr. Stern, and the article that came out yesterday which was forecasted by Mr. Stern, it has been virtually impossible to coordinate efforts between Co-Liaison and Counsel for Veolia so that a meaningful response can be provided tomorrow. The subject matter of the article and the efforts undertaken by Veolia to get this story published, at a time when the Court was hoping mediation might be helpful, and at the time the Court had jury selection scheduled is very problematic and has caused an elevation in distrust that prevents any meaningful conversation before you have the hearing. As such, I would respectfully request this extension.

From Mr. Stern's email to the Court, I was aware that a "news" article might be forthcoming at the urging of Veolia's public relations team. Per this email it was clear that something was going to come out that was a direct attack upon my co-liaison counsel. To that end, I was copied on Mr. Stern's communication to the Court on February 6, 2023, and at that time I believed his letter, and the Court's order directing a hearing related to the issue, would have at least caused Veolia to reconsider its efforts and pull their attack dogs down. Unfortunately, I was wrong, and the article hit the wire yesterday.

As if the article wasn't bad enough, I have now seen a press release issued by Veolia that was even more shocking than the article itself. Apparently, a client represented by Napoli Shkolnik, Pastor Kevin Thompson, was directly contacted by the media consultant or investigator and asked to appear on a Podcast where he was confronted with the Stern comments and asked to opine, and the client's statement was incorporated in an Actum issued press release on behalf of Veolia. I truly hope that Actum or another entity on behalf of Veolia did not directly contact the represented client. However, what we have confirmed is that Pastor Thompson was contacted by someone and then he was contacted by the Podcast producers. Although, I had a brief conversation with the Pastor, I am waiting to hear back from him as he has been unavailable for a meaningful conversation due to his duties as a Pastor and family obligations this weekend. Once I have more details, I will certainly provide that to the Court.

Interestingly, Veolia's counsel chose not to respond to Mr. Stern's letter, or that they and their client apparently took no action in response thereto. This was a blatant attempt to attack Mr. Stern and by doing so attack every plaintiff and plaintiff lawyer involved in this litigation. Moreover, the timing of the article for when a jury was to have been selected in the Class trial makes this even worse. Luckily, Class Counsel settled before this vicious attack was launched. One can only speculate as to how that might have affected the empaneling of a jury or an empaneled one. If, as I suspect, this attack piece was launched by Veolia's media consultants such conduct should not be tolerated. This attack on Mr. Stern in this regard is an attack on me, all the plaintiffs' lawyers, the Court, and Flint as a community.

Corey has fought tirelessly for the residents of Flint. And while we are not always monolithic in our thinking or strategy, he has always worked in the right direction and with the best interests of the Flint community in his heart and in his mind.

Considering the foregoing, I am requesting that the Court dispense with the Monday mediation deadline imposed on the parties to report to the Court regarding matters discussed in our in-chambers conference from February 6. I am also requesting that I be permitted to appear remotely at the February 13 conference.

Respectfully submitted,

Hunter Shkolnik