# EXHIBIT 2

Privileged Documents

| Production::Begin Bates | Production::End Bates | Confidentiality Reason |
|---|---|---|
| VWNAOS085515 | VWNAOS085515 | Talking points re: VNA's work and recommendations. Document initially marked as privileged in good faith but court-ordered for production; it concerns private information and should remain confidential to minimize public dissemination pending a potential appeal. |
| VWNAOS085516 | VWNAOS085516 | Talking points re: VNA's work and lead testing issue. Document initially marked as privileged in good faith but court-ordered for production; it concerns private information and should remain confidential to minimize public dissemination pending a potential appeal. |
| VWNAOS090992 | VWNAOS090992 | Media Q&A re: lead testing issue. Document initially marked as privileged in good faith but court-ordered for production; it concerns private information and should remain confidential to minimize public dissemination pending a potential appeal. |
| VWNAOS091116 | VWNAOS091116 | Statement re: VNA's work and lead testing issue. Document initially marked as privileged in good faith but court-ordered for production; it concerns private information and should remain confidential to minimize public dissemination pending a potential appeal. |
| VWNAOS091117 | VWNAOS091117 | Statement re: water is safe. Document initially marked as privileged in good faith but court-ordered for production; it concerns private information and should remain confidential to minimize public dissemination pending a potential appeal. |
| VWNAOS091121 | VWNAOS091121 | Statement re: VNA's work and lead testing issue. Document initially marked as privileged in good faith but court-ordered for production; it concerns private information and should remain confidential to minimize public dissemination pending a potential appeal. |
| VWNAOS091123 | VWNAOS091123 | Statement re: water is safe. Document initially marked as privileged in good faith but court-ordered for production; it concerns private information and should remain confidential to minimize public dissemination pending a potential appeal. |
| VWNAOS091124 | VWNAOS091124 | Statement re: VNA's work and lead testing issue. Document initially marked as privileged in good faith but court-ordered for production; it concerns private information and should remain confidential to minimize public dissemination pending a potential appeal. |

| Production::Begin Bates | Production::End Bates | Confidentiality Reason |
|---|---|---|
| VWNAOS091129 | VWNAOS091129 | Talking points re: VNA's work and recommendations. Document initially marked as privileged in good faith but court-ordered for production; it concerns private information and should remain confidential to minimize public dissemination pending a potential appeal. |
| VWNAOS091152 | VWNAOS091152 | PR strategy memorandum containing non-public information, which VNA initially withheld based on its good-faith belief that it was protected from disclosure by the attorney-client privilege or work product doctrines. The document should remain confidential pending a possible appeal. |
| VWNAOS091160 | VWNAOS091160 | Key message points re: VNA's work, lead testing issue and safety statement. Document initially marked as privileged in good faith but court-ordered for production; it concerns private information and should remain confidential to minimize public dissemination pending a potential appeal. |
| VWNAOS164985 | VWNAOS164985 | PR strategy document re: AG's lawsuit, containing non-public information, which VNA initially withheld based on its good-faith belief that it was protected from disclosure by the attorney-client privilege or work product doctrines. The document should remain confidential pending a possible appeal. |
| VWNAOS164993 | VWNAOS164993 | Key message points re: VNA's work, lead testing issue and safety statement. Document initially marked as privileged in good faith but court-ordered for production; it concerns private information and should remain confidential to minimize public dissemination pending a potential appeal. |
| VWNAOS164994 | VWNAOS164994 | Key message points re: VNA's work, lead testing issue and safety statement. Document initially marked as privileged in good faith but court-ordered for production; it concerns private information and should remain confidential to minimize public dissemination pending a potential appeal. |
| VWNAOS172775 | VWNAOS172775 | Privileged communications between VNA's attorneys. Plaintiffs have not challenged VNA's privilege assertions as to this document, but they have baselessly demanded that VNA withdraw all such designations. |

| Production::Begin Bates | Production::End Bates | Confidentiality Reason |
|---|---|---|
| VWNAOS552956 | VWNAOS552956 | VNA statement re: Flint for legal review. VNA initially withheld this document based on its good-faith belief that it was protected from disclosure by the attorney-client privilege or work product doctrines; the document should remain confidential pending a possible appeal. |
| VWNAOS552988 | VWNAOS552988 | Communications re: approval of Flint water lawsuit timeline. Document initially marked as privileged in good faith but court-ordered for production; it concerns private information and should remain confidential to minimize public dissemination pending a potential appeal. |
| VWNAOS552989 | VWNAOS552989 | Communications re: approval of Flint water lawsuit timeline. Document initially marked as privileged in good faith but court-ordered for production; it concerns private information and should remain confidential to minimize public dissemination pending a potential appeal. |
| VWNAOS552999 | VWNAOS552999 | Pitch re: VNA's recommendations. Document initially marked as privileged in good faith but court-ordered for production; it concerns private information and should remain confidential to minimize public dissemination pending a potential appeal. |
| VWNAOS553020 | VWNAOS553020 | Veolia CEO Message on Flint. Document initially marked as privileged in good faith but court-ordered for production; it concerns private information and should remain confidential to minimize public dissemination pending a potential appeal. |
| VWNAOS553047 | VWNAOS553047 | PR strategy document, prepared by VNA's public relations firm Rasky, containing sensitive, non-public information, including a recommended strategy for corporate communications related to the Flint water crisis, legal strategy, ongoing litigation discussions, and detailed information about VNA's non-public communication strategies. There is a risk of misuse or exploitation by competitors, potentially causing competitive harm if publicly disclosed. Initially marked as privileged in good faith but court-ordered for production, the document should remain confidential to minimize public dissemination pending a potential appeal. |

| Production::Begin Bates | Production::End Bates | Confidentiality Reason |
|---|---|---|
| VWNAOS553075 | VWNAOS553075 | PR strategy document, prepared by VNA's public relations firm Rasky, containing sensitive, non-public information, including a recommended strategy for corporate communications related to the Flint water crisis, legal strategy, ongoing litigation discussions, and detailed information about VNA's non-public communication strategies. There is a risk of misuse or exploitation by competitors, potentially causing competitive harm if publicly disclosed. Initially marked as privileged in good faith but court-ordered for production, the document should remain confidential to minimize public dissemination pending a potential appeal. |
| VWNAOS329191 | VWNAOS329191 | Communications re: public affairs strategy. The document contains private, non-public information. |
| VWNAOS553105 | VWNAOS553105 | PR strategy document, prepared by VNA's public relations firm Rasky, containing sensitive, non-public information, including a recommended strategy for corporate communications related to the Flint water crisis, legal strategy, ongoing litigation discussions, and detailed information about VNA's non-public communication strategies. There is a risk of misuse or exploitation by competitors, potentially causing competitive harm if publicly disclosed. Initially marked as privileged in good faith but court-ordered for production, the document should remain confidential to minimize public dissemination pending a potential appeal. |
| VWNAOS553134 | VWNAOS553134 | Fact Sheet re: lead in water. Document initially marked as privileged in good faith but court-ordered for production; it concerns private information and should remain confidential to minimize public dissemination pending a potential appeal. |
| VWNAOS544106 | VWNAOS544106 | PR strategy document containing non-public information, which VNA initially withheld based on its good-faith belief that it was protected from disclosure by the attorney-client privilege or work product doctrines. The document should remain confidential pending a possible appeal. |

| Production::Begin Bates | Production::End Bates | Confidentiality Reason |
|---|---|---|
| VWNAOS544108 | VWNAOS544108 | PR strategy document containing non-public information, which VNA initially withheld based on its good-faith belief that it was protected from disclosure by the attorney-client privilege or work product doctrines. The document should remain confidential pending a possible appeal. |
| VWNAOS553247 | VWNAOS553247 | PR strategy document containing non-public information, which VNA initially withheld based on its good-faith belief that it was protected from disclosure by the attorney-client privilege or work product doctrines. The document should remain confidential pending a possible appeal. |
| VWNAOS553290 | VWNAOS553290 | Key message points re: VNA's work, lead testing issue and safety statement. Document initially marked as privileged in good faith but court-ordered for production; it concerns private information and should remain confidential to minimize public dissemination pending a potential appeal. |
| VWNAOS331518 | VWNAOS331519 | Internal Budgets. Document subject to an interlocutory order that may be appealable following final judgment; it contains private, non-public information that, if publicly disclosed, could lead to VNA suffering oppression or competitive disadvantage, as it also comprises commercially or competitively sensitive details. |
| VWNAOS331543 | VWNAOS331545 | Internal Budget. Document subject to an interlocutory order that may be appealable following final judgment; it contains private, non-public information that, if publicly disclosed, could lead to VNA suffering oppression or competitive disadvantage, as it also comprises commercially or competitively sensitive details. |
| VWNAOS331550 | VWNAOS331552 | Internal Budget. Document subject to an interlocutory order that may be appealable following final judgment; it contains private, non-public information that, if publicly disclosed, could lead to VNA suffering oppression or competitive disadvantage, as it also comprises commercially or competitively sensitive details. |

| Production::Begin Bates | Production::End Bates | Confidentiality Reason |
|---|---|---|
| VWNAOS331553 | VWNAOS331554 | Internal Budget. Document subject to an interlocutory order that may be appealable following final judgment; it contains private, non-public information that, if publicly disclosed, could lead to VNA suffering oppression or competitive disadvantage, as it also comprises commercially or competitively sensitive details. |
| VWNAOS331555 | VWNAOS331557 | Internal Budget. Document subject to an interlocutory order that may be appealable following final judgment; it contains private, non-public information that, if publicly disclosed, could lead to VNA suffering oppression or competitive disadvantage, as it also comprises commercially or competitively sensitive details. |
| VWNAOS331558 | VWNAOS331560 | Internal Budget. Document subject to an interlocutory order that may be appealable following final judgment; it contains private, non-public information that, if publicly disclosed, could lead to VNA suffering oppression or competitive disadvantage, as it also comprises commercially or competitively sensitive details. |
| VWNAOS331561 | VWNAOS331563 | Internal Budget. Document subject to an interlocutory order that may be appealable following final judgment; it contains private, non-public information that, if publicly disclosed, could lead to VNA suffering oppression or competitive disadvantage, as it also comprises commercially or competitively sensitive details. |
| VWNAOS331569 | VWNAOS331571 | Internal Budget and HR discussions. Document subject to an interlocutory order that may be appealable following final judgment; it contains private, non-public information that, if publicly disclosed, could lead to VNA suffering oppression or competitive disadvantage, as it also comprises commercially or competitively sensitive details. |
| VWNAOS526234 | VWNAOS526234 | Email re: process to obtain audio recording of February 18, 2015 meeting. Document initially marked as privileged in good faith but court-ordered for production; it concerns private information and should remain confidential to minimize public dissemination pending a potential appeal. |

| Production::Begin Bates | Production::End Bates | Confidentiality Reason |
|---|---|---|
| VWNAOS260180 | VWNAOS260180.0004 | Response to Mother Jones. Document contains confidential information, which includes details unrelated to Flint. Disclosure of this private, non-public information could potentially expose VNA to risks such as oppression or competitive disadvantage. |
| VWNAOS332516 | VWNAOS332516 | Response to Mother Jones. Document contains confidential information, which includes details unrelated to Flint. Disclosure of this private, non-public information could potentially expose VNA to risks such as oppression or competitive disadvantage. |
| VWNAOS526894 | VWNAOS526894 | Response to Mother Jones. Document contains confidential information, which includes details unrelated to Flint. Disclosure of this private, non-public information could potentially expose VNA to risks such as oppression or competitive disadvantage. |
| VWNAOS526900 | VWNAOS526900 | Response to Mother Jones. Document contains confidential information, which includes details unrelated to Flint. Disclosure of this private, non-public information could potentially expose VNA to risks such as oppression or competitive disadvantage. |
| VWNAOS553469 | VWNAOS553469 | Email re: Draft Motion to dismiss, "HOT version" edited. Document initially marked as privileged in good faith but court-ordered for production; it concerns private information and should remain confidential to minimize public dissemination pending a potential appeal. |
| VWNAOS222380 | VWNAOS222381 | Response regarding Boycott Divestment and Sanctions article. Document contains private, non-public information that, if publicly disclosed, could lead to VNA suffering oppression or competitive disadvantage. |
| VWNAOS448563 | VWNAOS448564 | Response regarding Boycott Divestment and Sanctions article. Document contains private, non-public information that, if publicly disclosed, could lead to VNA suffering oppression or competitive disadvantage. |
| VWNAOS222385 | VWNAOS222386 | Response regarding Boycott Divestment and Sanctions article. Document contains private, non-public information that, if publicly disclosed, could lead to VNA suffering oppression or competitive disadvantage. |

| Production::Begin Bates | Production::End Bates | Confidentiality Reason |
|---|---|---|
| VWNAOS494815 | VWNAOS494827 | Strategic plans on communications. Document subject to a potential appeal; it contains private, non-public information that, if publicly disclosed, could lead to VNA suffering oppression or competitive disadvantage, as it also comprises commercially-sensitive details. |
| VWNAOS494840 | VWNAOS494852 | Strategic plans on communications. Document subject to a potential appeal; it contains private, non-public information that, if publicly disclosed, could lead to VNA suffering oppression or competitive disadvantage, as it also comprises commercially-sensitive details. |
| VWNAOS528237 | VWNAOS528237 | Email re: legal counsel retained to review Detroit Agreement and Appendices. Document contains competitevely sensitive information. If disclosed publicly could result in a competitive disadvantage for VNA. |
| VWNAOS528366 | VWNAOS528366 | Communications re: Detroit Sales Tax Purchasing Agency Agreement. Document contains competitively sensitive information. If disclosed publicly could cause a competitive disadvantage to VNA. |
| VWNAOS550141 | VWNAOS550141 | Invoice from a law firm related to general counsel services for a proposed response to a request for proposal for the Oklahoma City Water Utilities Trust. The invoice reveals the legal services provided in relation to this proposal. |
| VWNAOS550142 | VWNAOS550142 | Invoice from a law firm related to general counsel services for a proposed response to a request for proposal for the Oklahoma City Water Utilities Trust. |
| VWNAOS521990 | VWNAOS521990 | Privileged communications between VNA's attorneys. Privilege not challenged. |
| VWNAOS522059 | VWNAOS522062 | Privileged communications between VNA's attorneys. Privilege not challenged. |
| VWNAOS522063 | VWNAOS522066 | Privileged communications between VNA's attorneys. Privilege not challenged. |

| Production::Begin Bates | Production::End Bates | Confidentiality Reason |
|---|---|---|
| VWNAOS555305 | VWNAOS555305 | Communications involving VNA's in-house lawyers, initially withheld by VNA based on its good-faith belief that they were protected from disclosure by the attorney-client privilege or work product doctrines. The document should remain confidential pending a possible appeal. |
| VWNAOS555464 | VWNAOS555464 | Flint timeline edits provided by VNA's in-house counsel. VNA initially withheld this document based on its good-faith belief that it was protected from disclosure by the attorney-client privilege or work product doctrines; the document should remain confidential pending a possible appeal. |
| VWNAOS555473 | VWNAOS555473 | Email re: HR communications about David Gadis. Document initially marked as privileged in good faith but court-ordered for production; it concerns private information and should remain confidential to minimize public dissemination pending a potential appeal. |
| VWNAOS555522 | VWNAOS555522 | Communications between VNA and PR consultant re: non-public strategy related to the Flint water crisis. Document initially marked as privileged in good faith but court-ordered for production; it concerns private information and should remain confidential to minimize public dissemination pending a potential appeal. |
| VWNAOS555574 | VWNAOS555574 | Communications re: VNA's storyline. Document initially marked as privileged in good faith but court-ordered for production; it concerns private information and should remain confidential to minimize public dissemination pending a potential appeal. |
| VWNAOS555596 | VWNAOS555596 | Communications involving VNA's in-house lawyers, initially withheld by VNA based on its good-faith belief that they were protected from disclosure by the attorney-client privilege or work product doctrines. The document should remain confidential pending a possible appeal. |
| VWNAOS555597 | VWNAOS555597 | Communications involving VNA's in-house lawyers, initially withheld by VNA based on its good-faith belief that they were protected from disclosure by the attorney-client privilege or work product doctrines. The document should remain confidential pending a possible appeal. |

| Production::Begin Bates | Production::End Bates | Confidentiality Reason |
|---|---|---|
| VWNAOS555598 | VWNAOS555598 | Communications involving VNA's in-house lawyers re: VNA's storyline, initially withheld by VNA based on its good-faith belief that they were protected from disclosure by the attorney-client privilege or work product doctrines. The document should remain confidential pending a possible appeal. |
| VWNAOS555602 | VWNAOS555602 | Email re: approval of storyline and statement. Document initially marked as privileged in good faith but court-ordered for production; it concerns private information and should remain confidential to minimize public dissemination pending a potential appeal. |
| VWNAOS536974 | VWNAOS536974 | Communications involving VNA's in-house lawyers, initially withheld by VNA based on its good-faith belief that they were protected from disclosure by the attorney-client privilege or work product doctrines. The document should remain confidential pending a possible appeal. |
| VWNAOS555806 | VWNAOS555806 | Communications re: timeline. Flint timeline edits provided by VNA's in-house counsel. VNA initially withheld this document based on its good-faith belief that it was protected from disclosure by the attorney-client privilege or work product doctrines; the document should remain confidential pending a possible appeal. |
| VWNAOS555873 | VWNAOS555873 | Communications involving VNA's in-house lawyers, initially withheld by VNA based on its good-faith belief that they were protected from disclosure by the attorney-client privilege or work product doctrines. The document should remain confidential pending a possible appeal. |
| VWNAOS556604 | VWNAOS556604 | Communications with VNA's legal team re: VNA's narrative. VNA initially withheld this document based on its good-faith belief that it was protected from disclosure by the attorney-client privilege or work product doctrines; the document should remain confidential pending a possible appeal. |
| VWNAOS556606 | VWNAOS556606 | Talking points re: Veolia narrative. VNA initially withheld this document based on its good-faith belief that it was protected from disclosure by the attorney-client privilege or work product doctrines; the document should remain confidential pending a possible appeal. |

| Production::Begin Bates | Production::End Bates | Confidentiality Reason |
|---|---|---|
| VWNAOS556763 | VWNAOS556763 | Communications with VNA's legal team re: VNA's narrative. VNA initially withheld this document based on its good-faith belief that it was protected from disclosure by the attorney-client privilege or work product doctrines; the document should remain confidential pending a possible appeal. |
| VWNAOS556764 | VWNAOS556764 | VNA's safety statement. VNA initially withheld this document based on its good-faith belief that it was protected from disclosure by the attorney-client privilege or work product doctrines; the document should remain confidential pending a possible appeal. |
| VWNAOS556784 | VWNAOS556784 | VNA's safety statement. VNA initially withheld this document based on its good-faith belief that it was protected from disclosure by the attorney-client privilege or work product doctrines; the document should remain confidential pending a possible appeal. |
| VWNAOS556785 | VWNAOS556785 | Talking points re: Veolia narrative. VNA initially withheld this document based on its good-faith belief that it was protected from disclosure by the attorney-client privilege or work product doctrines; the document should remain confidential pending a possible appeal. |
| VWNAOS556786 | VWNAOS556786 | Talking points re: VNA's work and lead testing. VNA initially withheld this document based on its good-faith belief that it was protected from disclosure by the attorney-client privilege or work product doctrines; the document should remain confidential pending a possible appeal. |
| VWNAOS556940 | VWNAOS556940 | PR strategy document containing non-public information, which VNA initially withheld based on its good-faith belief that it was protected from disclosure by the attorney-client privilege or work product doctrines. The document should remain confidential pending a possible appeal. |
| VWNAOS556942 | VWNAOS556942 | PR strategy document containing non-public information, which VNA initially withheld based on its good-faith belief that it was protected from disclosure by the attorney-client privilege or work product doctrines. The document should remain confidential pending a possible appeal. |

| Production::Begin Bates | Production::End Bates | Confidentiality Reason |
|---|---|---|
| VWNAOS556989 | VWNAOS556989 | PR strategy document containing non-public information, which VNA initially withheld based on its good-faith belief that it was protected from disclosure by the attorney-client privilege or work product doctrines. The document should remain confidential pending a possible appeal. |
| VWNAOS557041 | VWNAOS557041 | PR strategy document containing non-public information, which VNA initially withheld based on its good-faith belief that it was protected from disclosure by the attorney-client privilege or work product doctrines. The document should remain confidential pending a possible appeal. |
| VWNAOS557181 | VWNAOS557181 | Communications involving VNA's counsel. VNA initially withheld this document based on its good-faith belief that it was protected from disclosure by the attorney-client privilege or work product doctrines; the document should remain confidential pending a possible appeal. |
| VWNAOS557186 | VWNAOS557186 | Communications involving VNA's counsel. VNA initially withheld this document based on its good-faith belief that it was protected from disclosure by the attorney-client privilege or work product doctrines; the document should remain confidential pending a possible appeal. |
| VWNAOS557195 | VWNAOS557195 | Email re: news article on AG's announcement of criminal charges. Document initially marked as privileged in good faith but court-ordered for production; it concerns private information and should remain confidential to minimize public dissemination pending a potential appeal. |
| VWNAOS557207 | VWNAOS557207 | Communications re: holding statement. Document initially marked as privileged in good faith but court-ordered for production; it concerns private information and should remain confidential to minimize public dissemination pending a potential appeal. |
| VWNAOS557212 | VWNAOS557212 | Communications re: holding statement. Document initially marked as privileged in good faith but court-ordered for production; it concerns private information and should remain confidential to minimize public dissemination pending a potential appeal. |
| VWNAOS557213 | VWNAOS557213 | Communications re: holding statement. Document initially marked as privileged in good faith but court-ordered for production; it concerns private information and should remain confidential to minimize public dissemination pending a potential appeal. |

Privileged Documents

| Production::Begin Bates | Production::End Bates | Confidentiality Reason |
|---|---|---|
| VWNAOS558399 | VWNAOS558399 | Proposed arguments for a motion to dismiss the Attorney General's complaint against VNA prepared by VNA's counsel. VNA initially withheld this document based on its good-faith belief that it was protected from disclosure by the attorney-client privilege or work product doctrines; the document should remain confidential pending a possible appeal. |
| VWNAOS558968 | VWNAOS558968 | Email re: AG response statement for review. Document initially marked as privileged in good faith but court-ordered for production; it concerns private information and should remain confidential to minimize public dissemination pending a potential appeal. |
| VWNAOS558981 | VWNAOS558981 | Communications re: arguments to assert in VNA's Motion to Dismiss AG's Flint Suit. Document initially marked as privileged in good faith but court-ordered for production; it concerns private information and should remain confidential to minimize public dissemination pending a potential appeal. |
| VWNAOS559054 | VWNAOS559054 | Email re: Veolia-Flint press clips and news articles. Document initially marked as privileged in good faith but court-ordered for production; it concerns private information and should remain confidential to minimize public dissemination pending a potential appeal. |
| VWNAOS559056 | VWNAOS559056 | Email re: Veolia-Flint press clips and news articles. Document initially marked as privileged in good faith but court-ordered for production; it concerns private information and should remain confidential to minimize public dissemination pending a potential appeal. |
| VWNAOS559057 | VWNAOS559057 | Email re: Veolia-Flint press clips and news articles and VNA's response. Document initially marked as privileged in good faith but court-ordered for production; it concerns private information and should remain confidential to minimize public dissemination pending a potential appeal. |
| VWNAOS551868 | VWNAOS551868 | Document produced following the Court's in-camera review; it should remain confidential pending any potential appeal. |

| Production::Begin Bates | Production::End Bates | Confidentiality Reason |
|---|---|---|
| VWNAOS559324 | VWNAOS559324 | Communications re: PR and legal strategy concerning a first amended complaint. Document initially marked as privileged in good faith but court-ordered for production; it concerns private information and should remain confidential to minimize public dissemination pending a potential appeal. |
| VWNAOS559325 | VWNAOS559325 | Communications re: Non-Parties at Fault. Document initially marked as privileged in good faith but court-ordered for production; it concerns private information and should remain confidential to minimize public dissemination pending a potential appeal. |
| VWNAOS559351 | VWNAOS559351 | Communications re: VNA's statements on Mays and Guertin cases circulated among legal and PR teams. Document initially marked as privileged in good faith but court-ordered for production; it concerns private information and should remain confidential to minimize public dissemination pending a potential appeal. |
| VWNAOS559379 | VWNAOS559379 | Communications re: Flint Veolia website. Document initially marked as privileged in good faith but court-ordered for production; it concerns private information and should remain confidential to minimize public dissemination pending a potential appeal. |