UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

*In re Flint Water Cases 16-10444*
_____/    *The Hon. Judith E. Levy*

*Bellwether III Case No. 17-10164*
_____/

## BELLWETHER III PLAINTIFFS' MOTION TO STRIKE OR OTHERWISE LIMIT CUMULATIVE EXPERT TESTIMONY

### INTRODUCTION

Bellwether III Plaintiffs ("Plaintiffs") move for an order to strike the redundant Rule 26 expert witnesses identified by Defendants Veolia Water North America Operating Services, LLC, Veolia North America, Inc., and Veolia North America, LLC ("Veolia").[1] Veolia has identified a total of seventeen (17) such witnesses, most of which are unnecessarily duplicative and present an undue and prejudicial burden on Plaintiffs' and the Court's, time and resources. Therefore, Plaintiffs respectfully request that the Court enter an *immediate* order: (i) limiting the number of Rule 26 witnesses Veolia may call at trial; (ii) ordering Veolia to identify which of the seventeen (17) Rule 26 witnesses it actually intends to call at trial; and (iii) striking the remaining Rule 26 witnesses.

---

[1] As Local Rule 7.1(a) requires, Plaintiffs' counsel conferred with Veolia's counsel about this motion. Veolia's counsel opposes the relief sought herein.

1

## BACKGROUND

In their initial Rule 26 expert disclosures, Plaintiffs identified and provided reports for a total of six (6) experts, as follows: Dr Russell; Dr. Specht; Dr. Krishnan-Jourdan; Dr. Edward Hoffman; Dr. Bithoney; and Dr. Sample. On July 26, 2023, Veolia served a Rule 26 statement identifying eleven (11) retained and five (5) non-retained "experts,"[2] "who may be called to testify at the Bellwether 3 trial." Specifically, those retained were identified as follows: Bellamy, Crowe, Friedman, Gagnon, Lundstrom, Masters, McCaffrey, Putnam, Rosen, Segreve, and Thompson. Thereafter, on October 27, 2023, Veolia identified eight (8) additional Rule 26 witnesses who were retained: Banner, Benson, Finley, Greenberg, Huber, Nelson, Schultz, and Weed.

In total, Veolia identified seventeen (17) retained Rule 26 witnesses in response to Plaintiffs' six (6).[3] Most of these witnesses cover redundant and duplicative subject matter, such that Veolia provides anywhere from two (2) to seven

---

[2] Plaintiffs have also raised an issue with the Court regarding whether Veolia should be required to produce these "non-retained" expert witnesses for deposition. The parties submitted letter briefs and that issue is currently pending before the Court.

[3] Initially, Veolia identified nineteen (19) Rule 26 witnesses. However, in response to Plaintiffs' requests for data relied on by Friedman and Rosen, Veolia withdrew them as witnesses. Additionally, in response to Veolia's expert Shultz (former FDA employee who opines that Dr. Specht's pXRF device should be FDA approved), Plaintiffs identified one (1) additional regulatory expert, Dr. Drues. **As a result, the total number of _retained_ experts for each side is seven (7) for Plaintiffs and seventeen (17) for Veolia.**

(7) witnesses responding to just one (1) Plaintiffs' expert. *See* <u>Exhibit A (Summary of Veolia's Retained of Expert Reports)</u>.[4]

Specifically, and in response to Plaintiffs' **sole** engineering expert, Dr. Russell, Veolia submitted reports from four (4) different Rule 26 witnesses. In response to Plaintiffs' bone scan expert, Dr. Specht, Veolia submitted reports from seven (7) different Rule 26 witnesses. In response to Plaintiffs' neuropsychology expert, Dr. Krishnan-Jourdan, and Plaintiffs' pediatric psychology expert, Dr. Hoffman, Veolia submitted reports from six (6) different Rule 26 witnesses. In response to Plaintiffs' pediatric lead poisoning experts, Dr. Bithoney and Dr. Sample, Veolia submitted reports from six (6) different Rule 26 witnesses. And even in response to the opinions of Plaintiffs' economist, Dr. Crakes, Veolia submitted reports from two (2) different Rule 26 experts. To compound matters, many of Veolia's Rule 26 witnesses have submitted multiple voluminous reports, covering an astounding two thousand four hundred and forty-one (2,441) pages. *Id.*

A close review of these reports reveals that they are largely redundant and cumulative. This is especially true for those submitted in response to Dr. Hoffman, Dr. Krishnan-Jourdan, Dr. Sample, Dr. Bithoney, and Dr. Specht.

---

[4] Plaintiffs have not submitted the reports of the experts with this pleading, because: (1) they contain sensitive information regarding each of the Bellwether III Plaintiffs and have been designated "Highly Confidential;" and (2) the reports are extremely voluminous, totaling 2,441 pages. However, Plaintiffs can submit the reports at the Court's direction.

3

Plaintiffs raised this specific issue at a meet and confer in November 2023. Counsel for Veolia advised that its client was uninterested in streamlining or withdrawing any experts. Plaintiffs thereafter raised this issue with the Court during a November 8, 2023 conference, and the Court indicated a motion to strike would be the appropriate method for seeking relief. ECF No. 2680, PageID.87195 (Hearing Tr.). Since then, Plaintiffs' experts have written rebuttal reports in response to each and every one of Veolia's Rule 26 witness reports; Veolia's witnesses have submitted sur-replies; and Plaintiffs have begun deposing Veolia's seventeen (17) witnesses.[5] Veolia is also in the process of deposing all of Plaintiffs' experts again (for a second time in the Bellwether III litigation) regarding the subject matter of their respective rebuttal reports. *See* ECF No. 2720 (Current BW3 Scheduling Or.)

## **LEGAL STANDARD**

Rule 403 of the Federal Rules of Evidence provides that courts "may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. Under this rule, it "is well within the discretion of a district court to

---

[5] At the time of the filing of this motion, the depositions of the ten (10) Veolia witnesses who are responsive to Dr. Hoffman, Dr. Krishnan-Jourdan, Dr. Sample, Dr. Bithoney and Dr. Specht are expected to take place during the first few weeks of March 2024. *See* ECF No. 2720 (Current BW3 Scheduling Or.)

4

***limit the number of expert witnesses*** who testify at trial." *Coal Res., Inc. v. Gulf & W. Indus., Inc.*, 865 F.2d 761, 769 (6th Cir. 1989) (internal citation omitted) (emphasis added); *In re Air Crash Disaster*, 86 F.3d 498, 527 (6th Cir. 1996) (recognizing that the district court had "general authority to control the number of expert witnesses") (internal quotations omitted).

Indeed, a "district court is free to ***exclude any expert testimony***, including testimony of an announced expert, if the testimony is cumulative or redundant under Fed. R. Evid. 403." *Bowman v. Corr. Corp. of Am.*, 350 F.3d 537, 547 (6th Cir. 2003) (emphasis added) (internal quotation marks and citation omitted); *see also United States v. Geiger*, 303 F. App'x 327, 329 (6th Cir. 2008) ("Like all evidence, the admissibility of expert testimony is also subject to a … balancing of probative value against likely prejudice under Rule 403.").

## ARGUMENT

### I. THE COURT SHOULD LIMIT THE NUMBER OF RULE 26 WITNESSES VEOLIA MAY CALL AT TRIAL BECAUSE THEY ARE UNNECESSARILY CUMULATIVE

The Court should limit the number of experts Veolia may present at the Bellwether III trial and order them to identify who they will ***actually call*** to testify during the trial, because collectively, the seventeen (17) witnesses responding to Plaintiffs' six (6) experts are "cumulative" *and* "redundant." *Bowman*, 350 F.3d at 547; *see also In re Air Crash Disaster*, 86 F.3d at 527 (District Court had authority

to limit the number of experts called by party, because giving that party "a double helping of experts would be unfair").

Here, Veolia has not only identified an outrageously large number of Rule 26 witnesses, but there is significant overlap amongst their purported expertise and the subject matter of that expertise. This is especially true regarding the ten (10) witnesses submitted in response to Dr. Hoffman, Dr. Krishnan-Jourdan, Dr. Specht, Dr. Sample and Dr. Bithoney.

In response to Dr. Hoffman and Dr. Krishnan-Jourdan, Veolia submitted reports from six (6) witnesses: three (3) psychologists and three (3) other witnesses from different disciplines.[6] *See* Exhibit A. The three psychologists, Dr. Putnam, Dr. Thompson, and Dr. McCaffery, all opine about the children's cognitive injuries (or lack thereof). Dr. McCaffery issued a report for each of the Bellwether children, whereas Dr. Putnam and Dr. Thompson each issued reports for half of the children. Yet, all three of these experts come to the same conclusion: none of the children are impaired, and if any is, the impairment is a result of a reaction to family circumstances, not cognitive deficits caused by lead poisoning. This is clearly cumulative and therefore the Court limit the number of psychologists Veolia may call at trial. *See Pridemore-Turner v. Univ. Health Sys., Inc.*, No. 3:20-cv-318-

---

[6] Dr. Nelson (pediatrician); Dr. Lundstrom (economist); and Mrs. Segreve (vocationalist). Lundstrom and Segreve both take issue with Dr. Hoffman and Dr. Krishnan-Jourdan's' projected educational outcomes for the Bellwether III children.

DCLC-HBG, 2021 U.S. Dist. LEXIS 249951, at *4 (E.D. Tenn. Oct. 13, 2021) ("[I]f numerous experts use the same analysis and reasoning to reach identical conclusions on a particular matter, the probative value of their testimony as to that matter diminishes and the danger of wasting time or needlessly presenting cumulative evidence increases.").

In response to Dr. Sample, Dr. Bithoney, and Dr. Specht, Veolia submitted reports from six (6) Rule 26 witnesses.[7] These witnesses are from pediatricians with three different specialties among them. Namely, epidemiology (Benson and Weed); toxicology (Banner, Finley and Greenberg), and neurology (Nelson). While these witnesses' qualifications are not identical, they do share virtually the same general and specific opinions. Plaintiffs have created a **non-exhaustive** list of some of the duplicative opinions expressed by Finley, Weed, Greenberg, Benson, Nelson, and Banner, including citations to these opinions in their respective reports. <u>See</u> <u>Exhibit B (Non-Exhaustive List Highlighting Duplicative Opinions)</u>.[8]

---

[7] In addition to these six, Veolia submitted two (2) additional witnesses exclusive to Dr. Specht. Thus, there is a total of eight (8) Rule 26 witnesses responsive to Dr. Specht.

[8] For example, Nelson states: "The theory of 'no safe level of lead' is misleading and inconsistent with established medical practice and scientific literature." (Nelson at 5). Quite similarly, Finley states: "Any claim that there is 'no safe dose of lead,' outside of a regulatory policy context, is clearly untrue." (Finley at 86). Keeping with the pattern, Banner states: "The CDC in fact indicated that 'no safe threshold for blood lead levels in young children has been identified'… these statements have been misrepresented as leading to the assertion that … 'any level of lead exposure is harmful.'" (Banner at 37).

The identical nature of these opinions clearly shows that they are unnecessarily cumulative, and therefore, the Court should order Veolia to reduce the number of pediatricians they may call at trial. *See Gillispie v. City of Miami Twp.*, No. 3:13-cv-416, 2022 U.S. Dist. LEXIS 195490, at *23 (S.D. Ohio Oct. 26, 2022) (explaining that "expert testimony is not rendered cumulative simply based on the number of witnesses who offer evidence at a trial," *but* that concern is overridden where, as here, the content of the purported expert testimony is "unnecessarily cumulative"); *Bowman*, 350 F.3d at 547 ("a district court is free to exclude any expert testimony which is determined to be cumulative or redundant.").

## II. THE COURT SHOULD IMPOSE THESE LIMITATIONS AT THIS TIME TO AVOID UNDUE BURDEN AND PREJUDICE ON THE PLAINTIFFS AS WELL AS UNDUE BURDEN ON THE COURT

The correct time to impose limitations is now. As previously explained, courts have broad discretion to limit or exclude cumulative and unnecessary expert testimony. *See Bowman*, 350 F.3d at 547; *see also United States v. Hooton*, 662 F.2d 628, 636 (9th Cir. 1981), *cert. denied*, 455 U.S. 1004 (1982) ("The trial judge's ruling on excluding evidence on the ground that it would create undue delay, waste time, or needlessly present cumulative evidence should be reversed only if the decision constitutes an abuse of discretion.") (citation omitted). This discretion can be exercised at ***any stage***; in fact, courts are "encouraged" to make such decisions

"before trial," because those "made during trial can disrupt a party's strategy." *Piskura*, 2012 U.S. Dist. LEXIS 52534, at *5.

Moreover, the animating purpose of the Federal Rules: is "to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. Permitting Veolia to proceed with such a large number of redundant experts frustrates this purpose by unduly burdening the parties' time, and unnecessarily increasing the costs associated with the litigation (and thus decreasing the potential recovery of these minor Plaintiffs). Specifically, Plaintiffs will be required to spend significant resources to: (i) review and analyze the substance of each witness' report; (ii) prepare for and pay to depose each of the remaining ten (10) witnesses; (iii) consider the merits and potentially prepare *Daubert* motions for each witness; and (iv) consider motions *in limine* as to portions of the witnesses' opinions in advance of trial. The foregoing will also place significant strain on the Court's resources.

Even worse than the time and financial burden, is the burden that this will place on the Plaintiffs' counsel's ability to prepare for trial. The purpose of Rule 26 discovery is for the parties to be able to identify and prepare for what the other party intends to present at trial. However, when Veolia identifies double or triple the number of experts it would ever possibly call at (a time limited) trial,[9] this creates a

---

[9] As a practical matter and based on the Court's determination to utilize time limits in the upcoming trial, it is highly unlikely Veolia has any real intention of actually calling all of these witnesses.

9

shell-game that deprives Plaintiffs' counsel (and their experts) of the ability to adequately prepare for the witnesses that will actually be called at trial.

Indeed, we saw this same gamesmanship play out in *Bellwether I*. Before the trial, Veolia similarly disclosed opinions from sixteen (16) different retained expert witnesses. But at trial, they ultimately only called three (3) of these witnesses. Thus, with history and experience as a guide, unnecessarily designating such a large number of Rule 26 witnesses, regardless of Veolia's reasons,[10] cannot be permitted.

Moreover, any potential prejudice that could even arguably result from such a limitation would be minimal. While in some instances the current motion might be considered premature, in the present litigation, the Court has already heard a full round of dispositive motions in *Bellwether I*,[11] and the *Bellwether III* trial date has been set and may actually be moved up.[12] *Cf. Piskura*, 2012 U.S. Dist. LEXIS 52534, at *6–7 (finding motion premature where no trial date had been set and dispositive motions had only recently been filed). Thus, it is well within the Court's discretion to limit the number of Rule 26 witnesses, and for it to do so at this juncture.

---

[10] As mentioned *supra*, it appears Veolia's motivation is not only to make it difficult for Plaintiffs (and their experts) to prepare for trial, but also to make it too costly for the actual minor Plaintiffs to pursue a fair trial against Veolia (who has endless resources).

[11] The Court also reviewed, heard arguments regarding, and ruled on dozens of *Daubert* motions and motions *in limine* prior to the beginning of the Issues Class trial, which was recently stayed.

[12] *See ECF No. 2848,* PageID.94116 (Feb. 13, 2024, Hearing Tr).

## **CONCLUSION**

For the foregoing reasons, Plaintiffs respectfully request that the Court enter an *immediate* order: (i) limiting the number of Rule 26 witnesses Veolia may call at trial; (ii) ordering Veolia to identify which of the seventeen (17) Rule 26 witnesses it actually intends to call at trial; and (iii) striking the remaining Rule 26 witnesses.

Dated: February 15, 2024                                     Respectfully submitted,

**LEVY KONIGSBERG LLP**

/s/Corey M. Stern
Corey M. Stern
Melanie Daly
Kiersten Holms
605 Third Ave., 33rd Floor
New York, New York 10158
(212) 605-6298
cstern@levylaw.com
mdaly@levylaw.com

***Attorneys for Plaintiffs***

## CERTIFICATE OF SERVICE

I hereby certify that on February 15, 2024, I electronically filed this document with the Clerk of the Court using the ECF System, which will send notification to the ECF counsel of record.

**LEVY KONIGSBERG, LLP**

/s/ MELANIE DALY
Melanie Daly
603 Third Ave., 33rd Floor
New York, New York 10158
(212) 605-6275
mdaly@levylaw.com