# EXHIBIT A

**LEVY KONIGSBERG LLP**
**ATTORNEYS AT LAW**
**605 THIRD AVENUE, 33RD FLOOR**
**NEW YORK, N.Y. 10158**

NEW JERSEY OFFICE
QUAKERBRIDGE EXECUTIVE OFFICE
101 GROVERS MILL ROAD
LAWRENCEVILLE, NJ 08648
TELEPHONE: (609) 720-0400
FAX: (609) 720-0457

**(212) 605-6200**
**FAX: (212) 605-6290**
**WWW.LEVYLAW.COM**

ATLANTA OFFICE
ONE GLENLAKE PARKWAY, SUITE 700
ATLANTA, GEORGIA 30328
TELEPHONE: (800) 315-3806
FAX: (212) 605-6290

WRITER'S DIRECT EMAIL: mmaimon@levylaw.com

FEBRUARY 14, 2023

**_VIA EMAIL (SETH_MAYER@MIED.USCOURTS.GOV)_**
Honorable Judith E. Levy
United States District Court – Eastern District of Michigan
Federal Building
200 East Liberty Street
Ann Arbor, Michigan 48104

**RE**: **IN RE FLINT WATER LITIGATION – CASE NO. 16-CV-10444**
**CASE LAW REQUEST FROM FEBRUARY 13 HEARING**

Dear Judge Levy:

At yesterday's Hearing regarding the recent attacks against my partner (Co-Liaison Counsel) Corey Stern, defense counsel admitted that Actum's actions and published statements at issue here have been made pursuant to a contract with Veolia. Because of this, I stated that it really does not matter whether the precise press releases, statements or acts were directed by or even discussed with Veolia (or its counsel),[1] because Veolia is responsible for the actions of its agent. The Court asked for authority for that proposition, and I respectfully submit this short letter in response.

It is a basic axiom of Michigan jurisprudence that the "**law creates a practical identity with [the principal and his agents], so that he is held to have done what they have done**." *Cox v. Bd. of Hosp. Managers*, 467 Mich. 1, 11, 651 N.W.2d 356, 361 (2002) (emphasis added).

Indeed, "[a] principal may be vicariously liable to a third party for harms inflicted by his or her agent **even [when] the principal did not participate by act or omission in the agent's [conduct]**." *Kruse v. Albring*, No. 343705, 2019 Mich. App. LEXIS 2154, at *4 (Ct. App. May 9,

---

[1] If the Court discovers that they were, it will only make the situation all the more egregious. However, an extended investigation into such matters might be best left until after the wrongdoing of Veolia through its agent(s) is fully revealed and an appropriate sanction is imposed on it.

2019) (emphasis added); *Al-Shimmari v. Detroit Med. Ctr.*, 477 Mich. 280, 294, 731 N.W.2d 29, 36 (2007) ("Vicarious liability is based on a relationship between the parties, irrespective of participation, either by act or omission, of the one vicariously liable, under which it has been determined as a matter of policy that one person should be liable for the act of the other.") (internal quotations and citation omitted).

By the admission of Veolia's own attorney, Actum is contractually the agent of Veolia, and therefore, Veolia is vicariously liable for the harms inflicted by its agent, Actum. *See Kruse*, No. 343705, 2019 Mich. App. LEXIS 2154, at *5 ("An agency may be created by law, or by express or implied contract, and is a fiduciary relationship in which one person may act on behalf of another person, and thereby bind that other person by words or actions."). That admission, on its own, is sufficient to hold Veolia responsible for the actions of Actum.

Moreover, there can be no doubt that Actum – and its employees – were acting within the scope of their employment for and by Veolia, and agency liability is imposed when "the agent acts for the benefit of his principal in the scope of his employment." *Jones v. Federated Fin. Reserve Corp.*, 144 F.3d 961, 965 (6th Cir. 1998).[2] Agency liability could also be imposed on Veolia based on the fact that there is little if any doubt that Veolia "expressly or implicitly authorized the conduct" at issue. *Id.* After all, at least two of the press releases that attacked Mr. Stern were ultimately issued by Veolia, and "Actum … responds to media inquiries on behalf of Veolia."[3]

Considering the above, we need not even rely on the prior representations by Veolia that, "its [] public relations consultants," like Actum, are "**the functional equivalent of an employee of [VNA].**" ECF No. 2480, PageID.81970-72[4].

---

[2] While it cannot be seriously argued that Actum acted here for its *own purposes* rather than those of its principal (Veolia), even then, liability can attach to Veolia under the doctrine of apparent authority. *See Mais v. Allianz Life Ins. Co. of N. Am.*, 34 F. Supp. 3d 754, 762 (W.D. Mich. 2014) (liability may be imposed on a principal "irrespective of whether the agent acted for his own purposes, rather than those of his principal."). Apparent authority applies in a circumstance such as this where the principal "held the agent out to third parties as possessing sufficient authority to commit the particular act in question." *Id.*; *see* ECF No. 2480, PageID.81970-72 (stating that public relations firms are the "functional equivalent of an employee of Veolia")

[3] *See* Mlive Michigan, *Judge orders water consultant to show any ties to PR 'attack' on Flint kids' attorney,* https://www.mlive.com/news/flint/2024/02/judge-orders-water-consultant-to-show-any-ties-to-pr-attack-on-flint-kids-attorney.html (last visited Feb. 14, 2024).

[4] Of course, the Court can rely solely on these representations to determine that Veolia should be held responsible under the traditional doctrine of employee *respondeat superior*. *Dean v. Shamo*, No. 05-60287, 2008 U.S. Dist. LEXIS 21855, at *4 (E.D. Mich. Mar. 20, 2008) ("Under the doctrine of *respondeat superior*, an employer may be vicariously liable for an employee's actions that are committed within the scope of his or her employment … even where the employee's action was not specifically authorized[.]").

Finally, it is worth noting that while defense counsel tried to argue that Actum did nothing wrong, he did not in any way dispute that Actum was Veolia's agent and was acting within the scope of its agency. As such, any far-fetched claims by Veolia that it was ignorant and unaware of Actum's egregious misconduct here – even if it were to be believed – would be to no avail.

        Respectfully,

        **LEVY KONIGSBERG, LLP**

        */s/ Moshe Maimon*
        Moshe Maimon

Cc: All Counsel of Record