UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

*In re Flint Water Cases 16-10444*

_____/

The Hon. Judith E. Levy
United States District Judge

*Bellwether III Case No. 17-10164*

_____/

**PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO COMPEL
COMPLIANCE WITH COURT ORDERS**

## I. THE COURT CANNOT MEANINGFULLY RESOLVE THIS DISPUTE WITHOUT CONDUCTING AN IN-CAMERA REVIEW

The dispute related to Veolia's improper privilege assertions has been ongoing for close to a year. Plaintiffs initially challenged this set of privilege log entries and failure to produce documents associated therewith in March 2023. Subsequently, Veolia began slowly producing documents in drips – each time arguing they have *now* produced *everything* not privileged from the challenged set and claiming the remaining challenged documents (or redacted material) are properly privileged. Each time, Plaintiffs re-review the logs associated with the documents Veolia claims are privileged, and each time Plaintiffs discover that Veolia continues to violate the Court's July 2023 Ruling ("July Ruling").[1] Inevitably, Plaintiffs then inform Veolia, and each time, a "further review" magically results in the production of additional documents, which are not privileged. This breadcrumb gamesmanship has been repeated a dozen times and should not be tolerated. Thus, Plaintiffs request that the Court conduct an in-camera review of the 194 documents still in dispute,[2] and determine whether the Court's July 2023 Ruling mandates production of those documents in unredacted form.

---

[1] ECF No. 2540.
[2] *See* Ex. A (List of 194 Privilege Log Entries Currently in Dispute from Plaintiffs' March 2023 Privilege Log Challenge). **144 Documents have been fully withheld**; 50 have been produced with redactions.

The requested relief is especially appropriate given Veolia's misrepresentation of their response to Plaintiffs' March 2023 challenge. Veolia asserts that they are *only* withholding 55 documents, not 144 as set forth in Plaintiffs' motion. ECF No. 2849, ("Response"), PageID.94122. But Veolia's arguments in support of this notion are either misrepresentations,[3] or cannot be verified without an in-camera review.[4] Worse yet, Veolia's misrepresentations can only be intended to further confuse and delay resolving Plaintiffs' request for the subject production.

Although Veolia makes various arguments as to why withholding documents or only producing some in redacted form[5] is indeed compliant with the July 2023 Ruling, it is impossible for Plaintiffs or the Court to meaningfully assess the merits of these arguments (or the veracity of these assertions) without actually seeing the withheld documents or the redacted portions of those partially produced.

---

[3] Veolia asserts that it produced 9 of the documents identified by Plaintiffs as withheld in unredacted form, **but this is incorrect** as to at least 2, which have been produced *with redactions*. Veolia also asserts that "upon further review, [it] is now producing 14 of the challenged documents." Response, PageID.94122. As of the date of this filing, Veolia **has not produced** these 14 documents to Plaintiffs.

[4] Veolia vaguely asserts that it "has produced with redactions 70 of the documents that Plaintiffs … identify as being withheld." *Id.* However, because they do not refer to bates numbers or privilege log entries, there is no way for Plaintiffs or the Court to verify this assertion.

[5] Veolia inexplicably asserts that it has produced 448 *redacted documents* in response to Plaintiffs' March 2023 challenge. But Veolia has not even produced that many documents *in total*. *See* Response, PageID.94120 (Veolia explaining that it has produced about 370 documents in total).

2

Beyond the confusion created by their response, Veolia also misrepresents the Court's July 2023 ruling in several ways. For example, as to withheld documents, Veolia suggests that, pursuant to the Court's ruling, "internal documents that reflect[] request[s] for legal advice about a media campaign" are privileged. Response, PageID.94126. This is plainly false.[6] The Court ruled that the focus of the privilege inquiry was whether the "driving force of the communication or creation of the document" was for legal or media strategy. And if it was the latter, then "the document was never attorney work product in the first place." ECF No. 2540, PageID.83978–79; *see also McNeil v. Mount Carmel Health Sys.,* No. 2:20-cv-258, 2021 U.S. Dist. LEXIS 217302, at *18 (S.D. Ohio Nov. 10, 2021) (ruling that documents "responding to media inquiries" and "managing social media" were not attorney work product because although "those same non-litigation purposes may have important legal implications for Defendants, they remain implications, and not the driving force behind the preparation of each requested document").[7] Merely stating that a document relates to "legal advice about a media campaign" is not

---

[6] Veolia also argues that some of the withheld documents fall outside the July Ruling because they do not involve Veolia's "PR efforts related to Flint." But nothing in the July 2023 Ruling specified that *only* PR efforts *related to Flint* break or fall outside of privilege. And what Veolia deems relevant certainly is not the test for whether communications are privileged, or what documents qualifies as protected attorney work product.

[7] All of the cases cited in Section I were previously raised in Plaintiffs' May 2023 letter. ECF. No. 2541-1.

3

sufficient to establish that the document is not subject to the July 2023 Ruling. *Id.* at *13 (holding that "[m]erely sending a proposed media strategy to an attorney" is not sufficient to establish privilege).

In the context of defending their continued redaction of portions of documents, Veolia falsely asserts that the July 2023 Ruling held that copying PR consultants waives attorney-client privilege, but not the attorney work product privilege. Response, PageID.94128. A plain reading of the ruling shows this claim is patently incorrect. ECF No. 2540, PageID.83989 ("[For] [d]ocuments that are copied from in-house counsel or others to [PR consultants], the privilege is waived."). Nevertheless, as stated *supra*, because Plaintiffs and the Court cannot see the redacted information, the Court cannot blindly accept Veolia's assertions that these redacted portions contain actual attorney work product.[8] *See Schnatter v. 247 Grp., LLC,* No. 3:20-CV-00003-BJB-CHL, 2021 U.S. Dist. LEXIS 208324, at *28 (W.D. Ky. Oct. 28, 2021) (document not attorney work product because the "driving force behind creating [the report] was to serve a public relations function").

---

[8] Veolia makes multiple misrepresentations regarding their redactions. For example, they argue that Documents 38 (VEOLIA_1021587) and 39 (VEOLIA_1021602) are properly redacted because the underlying content is attorney work product. But this contradicts their own redaction and privilege log entry, which asserts "Attorney-Client Privilege" (a privilege they admit is waived pursuant the July Ruling by the copying of PR consultants) **NOT** attorney work product.

4

Accordingly, an in-camera review is warranted to determine whether Veolia's continued redactions are permitted.

## II. VEOLIA STILL HAS NOT MET THEIR BURDEN SUPPORTING THEIR UNFETTERED USE OF CONFIDENTIAL DESIGNATIONS

Veolia's Response casts Veolia as overburdened by Plaintiffs' attempts to remove confidentiality designations and living in fear of the possibility that documents will be "leak[ed] … to the media." Response, PageID.94130. But the only issue before the Court is whether Veolia has followed the Court's Confidentiality Order regarding their blanket confidential designations.

### A. The Challenged Documents must be viewed in the context the challenges were made.

First, it was **Veolia** over asserting confidentiality that led to the dispute presently before the Court. Veolia "initially classified almost every document as confidential, thereby belying any claimed reliance on the" protective order governing confidentiality. *United States v. Parke-Davis*, 210 F.R.D. 257, 260–61 (D. Mass. 2002). Additionally, Veolia's misguided attempts to portray Plaintiffs' use of the documents as "not authorized" by the Confidentiality Order, Response, PageID.94119, is wrong, misplaced, and irrelevant. It also ignores the fact that, to date, Veolia has utilized social media and other forms of digital advertising to spread misinformation, which disclosure of the Challenged Documents could neutralize. Following the alarming revelations from an investigative article, Plaintiffs served

5

Veolia with a Request for Production of Documents, "seeking to uncover the purpose and scope of Veolia's ongoing digital advertising campaign." ECF No. 2298, PageID.74249. Documents produced in response to that Request, and to the subsequent privilege log challenge, are what comprise the majority of challenges before the Court. This context matters—Veolia cannot on the one hand publish a false narrative to the public while, on the other, insist the Court hide Veolia's documents, which prove their version of events is fiction created by a PR team.

### B. Veolia failed to meet its burden to maintain the confidentiality of the Challenged Documents.

Veolia waived its right to assert the majority of arguments raised in its Response. Despite the straightforward procedures outlined in the Confidentiality Order for challenging and defending a confidentiality designation, Veolia raises a host of new arguments, now for the first time, in the exhibits attached to its Response. This is improper as the District Court's referral to this Court does not present an opportunity for Veolia to make new arguments not previously made in its pleadings.

To assist the Court and given the large number of newly raised arguments in Veolia's Response – and in light of recent events – Plaintiffs request that the Court focus only on the PR documents related to Veolia's public relations campaign.[9] *See* Exhibit B (Plaintiffs' Reduced List of Challenges). To that end, and even considering

---

[9] Plaintiffs reserve the right to challenge the remaining designations at a later point in time.

6

Veolia's new arguments, Veolia still fails to provide anything more than threadbare assertions of how the Challenged Documents contain confidential information which, if disclosed, could cause them harm or competitive disadvantage.

For example, Veolia re-argues that nearly 100 of the Challenged Documents should remain confidential pending a possible appeal of the Court's privilege ruling. Response, PageID.94137; Veolia's Ex. 2. In support, Veolia relies on cherry-picked language from two cases stating that, in certain instances, a party may appeal an adverse attorney-client ruling. *Id.* But neither case provides support for Veolia's argument that the documents should be kept from the public in the meantime.

As to the remaining PR documents, Veolia provides arguments that do not amount to good cause. *See* Veolia Ex. 5. But rather, at most, show the potential for "annoyance, embarrassment, oppression, or burden that may be caused by having to defend claims of wrongdoing the details of which appear in materials produced during discovery;" none of which are sufficient to support a claim of privilege. *Ameriprise Fin. Servs. v. Reserve Fund*, No. 08-5219, 2008 U.S. Dist. LEXIS 144594, at *10 (D. Minn. Dec. 15, 2008). *See* Exhibit C (Plaintiffs' Chart Responding to Arguments Raised in Veolia's Ex. 5).

## **CONCLUSION**

In light of the foregoing, Plaintiffs respectfully request that the Court grant the relief set forth in Plaintiffs' Motion to Compel (ECF No. 2823).

Dated: February 21, 2024

Respectfully submitted,

**LEVY KONIGSBERG LLP**

/s/ Corey M. Stern
Corey M. Stern
Melanie Daly
Kiersten Holms
605 Third Ave., 33rd Floor
New York, New York 10158
(212) 605-6200
cstern@levylaw.com

***Attorneys for Plaintiffs***

## CERTIFICATE OF SERVICE

I hereby certify that on February 21, 2024, I electronically filed this document and its exhibits with the Clerk of the Court using the ECF System, which will send notification to the ECF counsel of record.

**LEVY KONIGSBERG, LLP**

/s/ COREY M. STERN
Corey M. Stern
603 Third Ave., 33rd Floor
New York, New York 10158
(212) 605-6200
cstern@levylaw.com