# EXHIBIT C

| No. | Begin Bates | End Bates | Confidentiality Reason | Plaintiffs' Response |
|---|---|---|---|---|
| 1. | VWNAOS172117 | VWNAOS172117 | Communications transition plan, including notes that are employee-specific and information regarding sensitive corporate issues, such as proposed budget reductions and strategic plans. | Nothing within the document is inherently confidential, and Veolia cites no case law to the contrary. It does not include revealing "employee-specific" information as Veolia asserts, and Veolia does not even mention what resultant harm could occur if the documents were disclosed. |
| 2. | VWNAOS525301 | VWNAOS525301 | Communications regarding proposed revisions to an agreement with a public relations firm, containing commercially-sensitive information, including figures. | Veolia waived its right to assert new bases for its "Confidential" designation. Notwithstanding this, the email thread contains no revisions or other inherently confidential information that could cause harm if disclosed, and Veolia fails to state otherwise. |
| 3. | VWNAOS172752 | VWNAOS172752 | Communications with PR consultant re: Michigan Attorney General Bill Schuette's case against VNA. The document contains recommended PR strategy addressing corporate communications issues related to the Flint water crisis and other sensitive corporate issues. Publicly disclosing these documents could harm VNA because they could be misused or used against VNA by its competitors, causing competitive harm to VNA. | Veolia waived its right to assert new bases for its "Confidential" designation. Notwithstanding this, this document does not contain any non-public information, and its contents—including a letter shared with Flint customers—were publicly available. On the other hand, withholding these documents from the public would undoubtedly cause public harm. The Flint Water Crisis is a matter of public health and safety, and the public has a clear interest in understanding the causes, scope, and perpetrators of the disaster. At a minimum, the public has a right to understand that the narrative Veolia presented as fact was actually created by a PR team for the sole purpose of avoiding civil liability and protecting Veolia's reputation. |
| 4. | VWNAOS552949 | VWNAOS552949 | Communications with PR consultant re: a public response to a complaint filed in Flint. The document contains recommended PR strategy addressing corporate communications issues related to the Flint water crisis and other sensitive corporate issues. Publicly disclosing these documents could harm VNA because they could be misused or used against VNA by its | Veolia waived its right to assert new bases for its "Confidential" designation. Notwithstanding this, this document contains primarily public information, and it is not clear what particular information could be misused by Veolia's competitors as Veolia asserts. On the other hand, withholding these documents from the public would undoubtedly cause the public harm. The Flint Water Crisis is a matter of public health and safety, and the public has a clear interest in understanding the causes, |

| | | | | |
|---|---|---|---|---|
| | | | competitors, causing competitive harm to VNA. | scope, and perpetrators of the disaster. At a minimum, the public has a right to understand that the narrative Veolia presented as fact was actually created by a PR team for the sole purpose of avoiding civil liability and protecting Veolia's reputation. |
| 5. | VWNAOS544490 | VWNAOS544502 | Amended and restated consulting agreement with Clark Hill PLC. Document contains private, non-public information which would cause VNA to suffer oppression or competitive disadvantage if publicly disclosed. | Veolia waived its right to assert new bases for its "Confidential" designation. Notwithstanding this, Veolia fails to outline *which* information in the agreement is confidential or would cause Veolia to suffer oppression or competitive disadvantage if publicly disclosed. It is well established that producing parties must provide specificity regarding the risk associated with de-designation, moving beyond generalized or speculative statements of competitive harm. *See Williams v. Baptist Healthcare Sys., Inc.*, No. 3:16-cv-00236, 2018 U.S. Dist. LEXIS 26723, at *7 (W.D. Ky. Feb. 20, 2018). |
| 6. | VWNAOS332056 | VWNAOS332056 | VNA's draft internal budget. The document is a detailed spreadsheet listing expenditures with vendors; its disclosure could harm competitive advantage and vendor relationships. | Veolia's general statement that this document could cause competitive harm, without more, lacks merit. Indeed, it is hard to imagine what present competitive harm could occur from disclosing a document created years ago. |
| 7. | VWNAOS332461 | VWNAOS332461 | Response to Mother Jones. Document contains confidential information, which includes details unrelated to Flint. Disclosure of this private, non-public information could potentially expose VNA to risks such as oppression or competitive disadvantage. | This document primarily contains public information, which does not qualify as confidential. Merely because Veolia "may deem certain business information as sensitive does not, in itself, justify a withholding from the public record." *Graff v. Haverhill N. Coke Co.*, No. 1:09-cv-670, 2014 U.S. Dist. LEXIS 13180, at *6 (S.D. Ohio Feb. 3, 2014). |
| 8. | VWNAOS332474 | VWNAOS332474 | Response to Mother Jones. Document contains confidential information, which includes details unrelated to Flint. Disclosure of this private, non-public information could potentially expose VNA to risks such as oppression or competitive disadvantage. | This document primarily contains public information, which does not qualify as confidential. Merely because Veolia "may deem certain business information as sensitive does not, in itself, justify a withholding from the public record." *Graff v. Haverhill N. Coke Co.*, No. 1:09-cv-670, 2014 U.S. Dist. LEXIS 13180, at *6 (S.D. Ohio Feb. 3, 2014). |

| | | | | |
|---|---|---|---|---|
| 9. | VWNAOS333484 | VWNAOS333484 | VNA's draft internal budget. The document is a detailed spreadsheet listing expenditures with vendors; its disclosure could harm competitive advantage and vendor relationships. | Nothing within the document is inherently confidential. Merely because Veolia "may deem certain business information as sensitive does not, in itself, justify a withholding from the public record." *Graff v. Haverhill N. Coke Co.*, No. 1:09-cv-670, 2014 U.S. Dist. LEXIS 13180, at *6 (S.D. Ohio Feb. 3, 2014). |
| 10. | VWNAOS526955 | VWNAOS526955 | Communications re: VNA's work in Pittsburgh. The document contains recommended PR strategy addressing corporate communications issues. Publicly disclosing these documents could harm VNA because they could be misused or used against VNA by its competitors, causing competitive harm to VNA. | Veolia waived its right to assert new bases for its "Confidential" designation. Notwithstanding this, Veolia again provides only a passing explanation of the confidential nature or harm disclosure of these documents would cause. |
| 11. | VWNAOS526956 | VWNAOS526956 | Communications with PR consultant re: VNA's work in Pittsburgh, which includes VNA's in-house counsel. The document contains recommended PR strategy addressing corporate communications issues. Publicly disclosing these documents could harm VNA because they could be misused or used against VNA by its competitors, causing competitive harm to VNA. | Veolia again provides only a passing explanation of the confidential nature or harm disclosure of these documents would cause. |
| 12. | VWNAOS333693 | VWNAOS333693 | Memorandum from PR consultant re: media strategy for responding to a Mother Jones article about VNA's work in Pittsburg. The document contains recommendations for responding to press coverage, providing potential fodder to competitors and addressing corporate communications issues. | This document primarily contains public information, which does not qualify as confidential. Merely because Veolia "may deem certain business information as sensitive does not, in itself, justify a withholding from the public record." *Graff v. Haverhill N. Coke Co.*, No. 1:09-cv-670, 2014 U.S. Dist. LEXIS 13180, at *6 (S.D. Ohio Feb. 3, 2014). |
| 13. | VWNAOS526982 | VWNAOS526982 | Communications between VNA and PR consultant regarding non-public strategy related to the Flint water crisis. | Nothing within the document is inherently confidential, and Veolia fails to even mention what resultant harm could occur if this document were publicly disclosed. On the other hand, as Plaintiffs have explained, given that the Flint Water Crisis is a matter of public health and safety, |

| | | | | and that the public has a clear interest in understanding the causes, scope, and perpetrators of the disaster, this document should not be withheld from the public. |
|---|---|---|---|---|
| 14. | VWNAOS526987 | VWNAOS526987 | Memorandum from VNA's public relations firm, including recommendations to strategically position the company for growth and earnings, along with a comprehensive strategy and proposed budgets, justifying the need for confidentiality. | Nothing within the document is inherently confidential, and Veolia fails to even mention what resultant harm could occur if this document were publicly disclosed. On the other hand, as Plaintiffs have explained, given that the Flint Water Crisis is a matter of public health and safety, and that the public has a clear interest in understanding the causes, scope, and perpetrators of the disaster, this document should not be withheld from the public. |
| 15. | VWNAOS526996 | VWNAOS526996 | Memorandum from VNA's public relations firm, including recommendations to strategically position the company for growth and earnings, along with a comprehensive strategy and proposed budgets, justifying the need for confidentiality. | Nothing within the document is inherently confidential, and Veolia fails to even mention what resultant harm could occur if this document were publicly disclosed. On the other hand, as Plaintiffs have explained, given that the Flint Water Crisis is a matter of public health and safety, and that the public has a clear interest in understanding the causes, scope, and perpetrators of the disaster, this document should not be withheld from the public. |
| 16. | VWNAOS527000 | VWNAOS527000 | Memorandum from PR consultant re: media strategy for responding to a Mother Jones article about VNA's work in Pittsburg. The document contains recommendations for responding to press coverage, providing potential fodder to competitors and addressing corporate communications issues. | This document primarily contains public information, which does not qualify as confidential. Merely because Veolia "may deem certain business information as sensitive does not, in itself, justify a withholding from the public record." *Graff v. Haverhill N. Coke Co.*, No. 1:09-cv-670, 2014 U.S. Dist. LEXIS 13180, at *6 (S.D. Ohio Feb. 3, 2014). |
| 17. | VWNAOS527011 | VWNAOS527011 | Communications with PR consultants regarding how Veolia was being portrayed in contemporaneous media coverage about Flint and potential response. The document outlines VNA's non-public PR advice. | Nothing within the document is inherently confidential, and Veolia fails to even mention what resultant harm could occur from disclosure. On the other hand, as Plaintiffs have explained, given that the Flint Water Crisis is a matter of public health and safety, and that the public has a clear interest in understanding the causes, scope, and perpetrators of the disaster, this document should not be withheld from the public. |

| | | | | |
|---|---|---|---|---|
| 18. | VWNAOS527022 | VWNAOS527022 | Internal memorandum addressing VNA's PR strategy across the United States, describing specific actions taken in several cities. The document contains recommendations for responding to press coverage, providing potential fodder to competitors and addressing corporate communications issues. | Veolia waived its right to assert new bases for its "Confidential" designation. Notwithstanding this, Veolia fails to outline *why* the information it identifies is sensitive such that a designation of confidentiality is necessary. On the other hand, as Plaintiffs have explained, given that the Flint Water Crisis is a matter of public health and safety, and that the public has a clear interest in understanding the causes, scope, and perpetrators of the disaster, documents concerning Veolia's nationwide PR strategy should not be withheld from the public. |
| 19. | VWNAOS527034 | VWNAOS527034 | Memorandum from VNA's public relations firm, including recommendations to strategically position the company for growth and earnings, along with a comprehensive strategy and proposed budgets, justifying the need for confidentiality. | Veolia fails to outline *why* the information it identifies is sensitive such that a designation of confidentiality is necessary. Further, Veolia does not even mention what resultant harm could occur from disclosure, and it is hard to speculate how restricting the public's access to documents created nearly a decade ago could cause Veolia present competitive harm. On the other hand, as Plaintiffs have explained, given that the Flint Water Crisis is a matter of public health and safety, and that the public has a clear interest in understanding the causes, scope, and perpetrators of the disaster, documents concerning Veolia's nationwide PR strategy should not be withheld from the public. |
| 20. | VWNAOS528236 | VWNAOS528236 | Contract between VNA and Truscott Rossman Group for a marketing program unrelated to Flint. The contract includes commercially- sensitive information (compensation and billing information). | Veolia fails to outline *what* specific information contained in the document is commercially sensitive such that a designation of confidentiality is necessary. Further, Veolia does not even mention what resultant harm could occur from disclosure, and it is hard to speculate how restricting the public's access to documents created nearly a decade ago could cause Veolia present competitive harm. On the other hand, as Plaintiffs have explained, given that the Flint Water Crisis is a matter of public health and safety, and that the public has a clear interest in understanding the causes, scope, and |

| | | | | |
|---|---|---|---|---|
| | | | | perpetrators of the disaster, documents concerning Veolia's PR strategy and its consultants should not be withheld from the public. |
| 21. | VWNAOS249107 | VWNAOS249107 | | Contract between VNA and Truscott Rossman Group for a marketing program unrelated to Flint. The contract includes commercially sensitive information (compensation and billing information). a marketing program that was entered into in July 2014 having nothing to do with Flint. | Veolia fails to outline *why* the information it identifies is sensitive such that a designation of confidentiality is necessary. Further, Veolia does not even mention what resultant harm could occur from disclosure, and it is hard to speculate how restricting the public's access to documents created nearly a decade ago could cause Veolia present competitive harm. Veolia's "repeated recitation that the information is not widely shared . . . is not enough. Mere platitudes do not establish a compelling interest because [Veolia] must show that disclosure will work a clearly defined and serious injury." *Ewalt v. Gatehouse Media Ohio Holding II, Inc.*, 2022 U.S. Dist. LEXIS 66208, at *11 (S.D. Ohio Apr. 11, 2022) (internal quotations and citations omitted). |