# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| *In re* Flint Water Cases. | Judith E. Levy |
| | United States District Judge |
| _____/ | |

This Order Relates To:

ALL CASES

_____/

## **AMENDED ORDER**

On February 13, 2024, the Court held a hearing regarding Veolia North America, LLC, Veolia North America, Inc., and Veolia Water North America Operating Services, LLC's (collectively, "VNA") ongoing public relations campaign against Plaintiffs' counsel, Corey Stern. Following that hearing, the Court ordered counsel for VNA to answer a set of questions and provide information about the role of VNA, its parent company, its counsel, and its public relations firm, Actum, LLC, in this campaign. (ECF. No. 2848).

VNA's counsel, Mr. Michael A. Olsen, filed the responsive declaration on February 16, 2024. (ECF. No. 2855). Then, on February 19, 2024, Plaintiffs submitted a letter in response to Mr. Olsen's

declaration. (ECF. No. 2858.) In that letter, Plaintiffs request that the Court order VNA and its counsel to submit additional information. Yesterday, VNA filed a responsive letter suggesting that most of Plaintiffs' requests should be denied. (ECF No. 2859.)[1]

Having read the submissions, the Court now ORDERS that VNA, Veolia Environnement S.A. (VE), and their counsel provide a declaration with attachments as described below:

---

[1] The Court has explained that VNA and its counsel "should take [this situation] exceptionally seriously." (ECF No. 2848, PageID.94115.) In its letter, VNA states that it "perceives no basis for the Court to require one-sided disclosures about media relations." (ECF No. 2859, PageID.94305.) It then proceeds to attack opposing counsel by raising issues that the Court has already considered, apparently suggesting that because the Court is examining VNA's conduct, it should reopen unrelated and resolved issues dating back to the Bellwether I trial. (*Id.* at PageID.94305–94306.)

VNA objects that opposing counsel "cites no authority to justify" its requests. (ECF No. 2859, PageID.94306.) That may be because the Court has already explained its authority to investigate and to act to determine whether a party is vexatiously interfering with the fair administration of justice. (ECF No. 2848, PageID.94078–94079.) As previously set forth, the Court has the inherent power to manage its own affairs and to police the conduct of the parties and counsel who appear before it, including to "discipline attorneys who appear before it" and to respond when "a *party* has acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Chambers v. Nasco, Inc.*, 501 U.S. 32, 44–47 (1991) (cleaned up) (emphasis added). As noted at the February 13 hearing, this is not a 'discovery' matter between the parties. (ECF No. 2848, PageID.94108.) Nonetheless, VNA repeatedly suggests that Plaintiffs' proposed areas of inquiry do not relate to whether VNA breached its duty of care in Flint or to either Parties' claims and defenses. (ECF No. 2859, PageID.94306–94307.) To be clear, VNA's apparent campaign against Mr. Stern does not directly relate to the claims or defenses in this case. The Court's current inquiry stems from the Court's exercise of its inherent power to police its own proceedings. *Chambers*, 501 U.S. at 50. The required disclosures set forth below will enable the Court, at a minimum, to determine how to avoid prejudice to the fair administration of justice from the ongoing attacks on Mr. Stern, including possible impacts on the recently announced settlement with Class Plaintiffs.

2

1. Mr. Olsen's declaration indicates that none of VNA's lawyers "had any communication with Actum regarding the matters" in this controversy. Did any of VNA or VE's lawyers have any communication with VNA or VE about public relations, including communication related to media releases, publications, and any other media outreach related to Corey Stern from "late 2021" to the present? If so, provide the dates, times, and format of the communications, and the names of any attorneys involved. If any of the communications were in writing or recorded, provide those communications.

2. Provide the scope of the oral agreement between VE and Actum, LLC, and all invoices and communications about payment for services between Actum, LLC and VE or VNA from "late 2021," when VNA represents that Actum, LLC was formed, to the present.

3. Provide all information and materials responsive to Items 3, 5, 6, and 7 set forth in Plaintiffs' February 19, 2024 letter. (ECF No. 2858-1, PageID.94301–94304.)

4. Provide all emails, letters, memoranda, voice-mail recordings, video teleconferencing recordings, text messages, and any attachments related to those communications between Mr. Kelly Kramer, counsel for VNA at Mayer Brown, and representatives of Actum, LLC, identified in Mr. Olsen's declaration. (ECF No. 2855, PageID.94282– PageID.94285.) If there is no record of any of these communications, then provide a summary of the content of the communications.

The information identified above must be filed with the Court no later than 12:00 PM on Monday, February 26, 2024.

If VNA or VE claim any of the materials are privileged, they must set forth the basis for the claim and provide the material for *in camera*

review via email to the Court's law clerk. VNA is also ordered to provide the materials responsive to Item 5 from Mr. Maimon's letter, (ECF No. 2858-1, PageID.94302), via email to the Court's law clerk for *in camera* review, as well as to opposing counsel.

IT IS SO ORDERED.

Dated: February 23, 2024      s/Judith E. Levy
Ann Arbor, Michigan      JUDITH E. LEVY
    United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on February 23, 2024.

    s/William Barkholz
    WILLIAM BARKHOLZ
    Case Manager

4