# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

*In re Flint Water Cases 16-10444*

_____/     The Hon. Judith E. Levy

*Bellwether III Case No. 17-10164*

_____/

**BELLWETHER III PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO STRIKE OR OTHERWISE LIMIT CUMULATIVE EXPERT TESTIMONY**

## I. VEOLIA'S OPPOSITION CONFIRMS THAT VEOLIA'S EXPERTS OFFER OVERLAPPING AND CUMULATIVE OPINIONS

Veolia's Response fails to show that the seventeen (17) Rule 26 retained witnesses they designated in response to Plaintiffs' seven (7) are not unnecessarily cumulative. First, Veolia incorrectly asserts that Plaintiffs designated eleven (11) experts, not seven (7) as set forth in Plaintiffs' initial motion. ECF No. 2866 ("Veolia's Opposition" hereafter "Opp."), PageID.94408, & N.5. Veolia argues that Plaintiffs failed to include Dr. Drues, Dr. Graziano, Dr. Hoagland, and Dr. Cohen in their calculus. But Dr. Drues was already included in Plaintiffs seven (7) count,[1] and Dr. Hoagland and Dr. Graziano have been withdrawn.[2] As to Dr. Cohen, Plaintiffs omitted both him **and Veolia's responding witness,** (Jason McDonald),[3] from their initial count, making the total number of *retained* Rule 26 expert witnesses for **<u>Veolia nineteen (19),[4] and eight (8) for Plaintiffs.</u>** Nevertheless, nothing about how many experts Plaintiffs have designated actually counters the fact that the Rule 26 witness testimony Veolia offers is unnecessarily duplicative and redundant.

---

[1] ECF No. 2850, (Plaintiffs' Motion), PageID.94233 at N.3.
[2] Veolia points to an email from over a year ago where Plaintiffs' counsel asserted that these experts remain open for the Bellwether III trial. ECF No. 2866-1, (Veolia Exhibit C). However, since that February 2023 email, Plaintiffs have withdrawn those experts. Indeed, Graziano was withdrawn in writing via email by Plaintiffs' counsel to Veolia's counsel on November 15, 2023, and Plaintiffs did not submit a report from Dr. Hoagland in the Bellwether III matter.
[3] Veolia's response, Opp., PageID.94411, is the first and only time Veolia has asserted it intends to call Mr. McDonald at trial.
[4] This does not count Veolia's ***five (5) additional*** "non-retained experts."

1

Next, Veolia merely highlights that they designated multiple Rule 26 witnesses in response to each of Plaintiffs' experts. In doing so, they mischaracterize and underrepresent how many of their witnesses respond to each of Plaintiffs' experts. For example, Veolia asserts that they only designated two (2) witnesses in response to Dr. Specht (Huber and Shultz), when in-fact they have designated five (5) additional witnesses who respond to and criticize Dr. Specht (Banner, Benson, Finley, Greenberg, and Nelson).[5] *See* ECF No. 2720 (Joint Stipulation Re BWIII Expert Deadlines), PageID.90136 at N.3 ("The following seven (7) VNA experts respond to Specht: Huber, Schultz, Banner, Benson, Finley, Greenberg, and Nelson."); *see also* Exhibit A (Amended Summary of Veolia's Retained of Expert Reports).[6]

Moreover, Veolia entirely fails to explain ***why*** or ***how*** their experts are ***not*** unnecessarily cumulative or duplicative. They do not even attempt to counter Plaintiffs' assertion that their ten (10) Rule 26 witnesses, submitted in response to Dr. Hoffman, Dr. Krishnan-Jourdan, Dr. Specht, Dr. Sample, and Dr. Bithoney are cumulative, and that there is significant overlap amongst these witness' opinions. *See* Plaintiffs' Motion, PageID.94237; ECF No. 2853-2 (Exhibit B to Plaintiffs'

---

[5] Plaintiffs' initial motion mistakenly asserted that Dr. Weed responds to Specht. Although he does opine about Specht's work in the context of his criticism of Dr. Sample, he does not have a section responding directly to Dr. Specht.

[6] Plaintiffs inadvertently omitted this information in the "Responsive to" column of Exhibit A. Revisions to amended exhibit are denoted in red.

2

Motion). Rather, Veolia vaguely argues that each witness allegedly "bring[s] something unique to this case" based on their slightly different qualifications. Opp., PageID.94407. But this is not sufficient to show that Veolia's Rule 26 witnesses are not unnecessarily cumulative. Indeed, courts have barred duplicative experts despite similar arguments. *See, e.g., Davis v. Mason Cnty.*, 927 F.2d 1473, 1484 (9th Cir. 1991), *opinion vacated in part on other grounds*, 984 F.2d 345 (9th Cir. 1993) (affirming exclusion of testimony from a third expert even though the expert "brought a different level of expertise and experience to the topic"); *Coney v. NPR, Inc.*, No. 03-1324, 2006 U.S. Dist. LEXIS 64590, at *5 (E.D. Pa. Sept. 11, 2006) (rejecting similar argument about different expert specialties and stating that: "We find it hard to accept that [the party] really expect to call as many as ten expert medical witnesses."); *id*. (noting that it was the "burden" of the party calling duplicative experts to "demonstrate why more than one witness in each specialty should be permitted"); *Dahlin v. Evangelical Child & Family Agency*, No. 01 C 1182, 2002 U.S. Dist. LEXIS 24558, at *15 (N.D. Ill. Dec. 18, 2002) (barring "entirely and unnecessarily duplicative" evidence offered by a second witness).

## II. PLAINTIFFS' MOTION IS NOT PREMATURE, ESPECIALLY UNDER THE PRESENT CIRCUMSTANCES

The bulk of Veolia's argument focuses on their assertion that the motion is "premature." While in some instances, the relief sought might be considered premature because "a court should delay the exclusion of cumulative expert

3

witnesses until the parties have had a sufficient opportunity to sharpen the issues and evidence to be presented at trial," such is not the case here. *Adams v. Cooper Indus., Inc.*, No. 03-cv-476, 2006 U.S. Dist. LEXIS 75565, at *32 (E.D. Ky. Oct. 17, 2006). In the present litigation, the parties have already briefed and learned the outcome of a full round of dispositive and pre-trial motions prior to the *Bellwether I* trial, and conducted an entire trial based on these same events at issue. In addition, Veolia prepared for, and was ready to, try an issues class trial based also on the same events at issue. This is clearly not a situation in which the parties lack sufficient information to select expert witnesses.[7] *Cf. Piskura v. Taser Int'l, No.* 1:10-cv-248, 2012 U.S. Dist. LEXIS 52534, at *6 (S.D. Ohio Apr. 13, 2012) (finding motion premature where there was "nothing on which to rely besides the experts' preliminary Rule 26 reports") (citation omitted).

    The sheer number of Rule 26 witnesses Veolia designated makes it crucial that the Court promptly consider this motion. Unlike the cases Veolia relies on, this is not a situation in which the Court is determining whether to strike one of **two cumulative** expert witnesses. Opp., PageID.94403–04 (citing *United States v. Akers*, No. 19-cr-7, 2020 U.S. Dist. LEXIS 69928, at *23 (E.D. Ky. Apr. 21, 2020)

---

[7] Veolia's argument that it has the right to "tailor its case to Plaintiffs' presentation" misses the point of this motion entirely. Opp., PageID.99406. The issue is not that Veolia has designated multiple ***types*** of experts, but that it has designated multiple experts ***within each category***.

4

(addressing request for only two duplicative experts); *VJ, LLC v. State Auto Prop. & Cas. Ins.*, No. 14-cv-2919, 2016 U.S. Dist. LEXIS 181231, at *7 (same); *Adams*, No. 03-cv-476, 2006 U.S. Dist. LEXIS 75565 at *29–30 (same)). Rather, Veolia designated double the number of Rule 26 witnesses that Plaintiffs have designated, and in most instances, theirs contain extremely similar opinions.

    Finally, Veolia argues that there is nothing in Rule 403 which authorizes the Court to strike cumulative testimony months before a trial. While this is true, it is also true that there is nothing in Rule 403 which *prohibits* the Court from doing so. *See* Fed. R. Evid. 403. Moreover, Rule 403—as well as other relevant Federal Rules––empower the Court to take actions to avoid "wasting time." *Id.; see also* Fed. R. Evid 611(a)(2); Fed. R. Civ. Pro. 1. The designation of such a large number of Rule 26 witnesses will not only unnecessarily overwhelm and prejudice Plaintiffs' preparation for trial,[8] but it will also create a massive waste of the parties', the Court's, and (ultimately) the jury's time.[9] Accordingly, the Court should exercise its inherent power to manage the case and grant the requested relief.

---

[8] Veolia's argument that Plaintiffs are "already familiar" with most of Veolia's experts is disingenuous. Except for Veolia's experts responding to Dr. Russell, the remainder of Veolia's experts have child specific opinions, and several are experts not designated in *Bellwether I*.

[9] It is not unusual for courts to limit the number of experts each side is allowed to designate on a certain issue. *See* Mich. Stat. § 600.2164(2) (limiting each side to three experts testifying about "the same issue in any given case," unless the court explicitly grants permission for additional experts).

5

## **CONCLUSION**

For the foregoing reasons, Plaintiffs respectfully request that the Court issue an immediate order: (i) limiting the number of Rule 26 witnesses the parties may call at trial; (ii) ordering Veolia to identify the experts they actually intend to call at trial; and (iii) striking the remaining witnesses.

Dated: February 26, 2024

Respectfully submitted,

**LEVY KONIGSBERG LLP**

/s/Corey M. Stern
Corey M. Stern
Melanie Daly
Kiersten Holms
605 Third Ave., 33rd Floor
New York, New York 10158
(212) 605-6298
cstern@levylaw.com
mdaly@levylaw.com

***Attorneys for Plaintiffs***

## CERTIFICATE OF SERVICE

I hereby certify that on February 26, 2024, I electronically filed this document with the Clerk of the Court using the ECF System, which will send notification to the ECF counsel of record.

**LEVY KONIGSBERG, LLP**

/s/ MELANIE DALY
Melanie Daly
603 Third Ave., 33rd Floor
New York, New York 10158
(212) 605-6275
mdaly@levylaw.com