UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| LUKE WAID, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>RICHARD D. SNYDER, *et al.*,<br><br>Defendants. | Case No. 16-cv-10444<br>Honorable Judith E. Levy<br>Magistrate Judge Elizabeth A. Stafford |

**ORDER REGARDING IN CAMERA REVIEW**

Plaintiffs move to compel Defendants Veolia North America, LLC; Veolia North America, Inc.; and Veolia Water North America Operating Services, LLC's (together, "Veolia") compliance with the Honorable Judith E. Levy's discovery orders. ECF No. 2823. In the motion, plaintiffs challenge Veolia's designations of some documents as privileged and other documents as confidential under a protective order. Judge Levy referred those discovery issues to the undersigned for hearing and determination under 28 U.S.C. § 636(b)(1)(A). ECF No. 2770.

The Court held a hearing on plaintiffs' motion on February 29, 2024. During the hearing, the Court determined that an *in camera* review of the disputed documents was necessary. Veolia must submit to the Court, in

both hard-copy and electronic format, the 174 documents subject to the privilege dispute by **March 7, 2024**.  That presentation must include the 60 documents that Judge Levy reviewed and found to be privileged or not privileged.  And by **March 14, 2024**, Veolia is to provide the Court with a "cast of characters" identifying the individuals included in any disputed communications and their affiliations.

Veolia must also submit to the Court, in both hard-copy and electronic format, the 116 documents subject to the confidentiality dispute by **March 14, 2024**.  That submission must explain the "reasonable and good faith" bases on which Veolia designated each document confidential.  See stipulated protective order, ECF No. 1255-3, PageID.39385.

Under the protective order and Federal Rule of Civil Procedure 26(c)(1), Veolia bears the burden of showing good cause for designating the documents confidential.  *Id*., PageID.39409; *Nix v. Sword*, 11 F. App'x 498, 500 (6th Cir. 2001).  To show good cause, Veolia must articulate specific facts showing "clearly defined and serious injury resulting from the discovery sought and cannot rely on mere conclusory statements."  *Id*.  "Good cause cannot be established upon some general or speculative alleged harm."  *Flagg v. City of Detroit*, No. 05-74253, 2010 WL 3070104, at *3 (E.D. Mich. Aug. 4, 2010).  If the Court finds that Veolia did not act in

good faith when it designated documents confidential, in violation of the protective order, Veolia may face sanctions under Federal Rule of Civil Procedure 37.

Plaintiffs must respond to Veolia's submission about the confidentiality of the documents by **March 28, 2024**, and Veolia may reply by **April 4, 2024**.

s/Elizabeth A. Stafford<br>
ELIZABETH A. STAFFORD<br>
United States Magistrate Judge

Dated: February 29, 2024

### NOTICE TO PARTIES ABOUT OBJECTIONS

Within 14 days of being served with this order, any party may file objections with the assigned district judge. Fed. R. Civ. P. 72(a). The district judge may sustain an objection only if the order is clearly erroneous or contrary to law. 28 U.S.C. § 636. **"When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in full force and effect unless and until it is stayed by the magistrate judge or a district judge."** E.D. Mich. LR 72.2.

3

## **CERTIFICATE OF SERVICE**

      The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System to their email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on February 29, 2024.

                                            s/Marlena Williams
                                            MARLENA WILLIAMS
                                            Case Manager