# EXHIBIT A



<u>VIA EMAIL (SETH_MAYER@MIED.USCOURTS.GOV)</u>
The Honorable Judith E. Levy
U.S. District Court, Eastern District of Michigan
200 E. Liberty Street, Suite 300
Ann Arbor, MI 48104

March 14, 2024

**Re**:   <u>IN RE FLINT WATER LITIGATION – CASE NO. 16-CV-10444
       PUBLIC ATTACKS ON COUNSEL</u>

Dear Judge Levy,

   This letter responds to Mr. Olsen's letter of March 11, 2024, submitted on behalf of Veolia Environnement S.A. ("VE") (ECF No. 2884) ("VE Letter"), to briefly summarize both the points in my letter of March 6, 2024 (ECF No. 2879-1) ("Plaintiffs' Letter") that VE does not dispute, and the points in VE's letter that Plaintiffs do not dispute.

   It appears that the parties agree on the following:

- VE has been on notice since 1977 that any action taken by it in France impacting the administration of justice in a federal court in the United States could expose it to a federal court order issued under the All-Writs Act, 28 U.S.C. § 1651(a). Plaintiffs' Letter at 3 n.1.

- VE has been on notice since 1987 that federal courts in the United States maintain the authority to issue orders requiring French companies to disclose information related to the litigation notwithstanding the French Blocking Statute. Plaintiffs' Letter at 2-3.

- VE has been on notice since April, 2022, that the provisions of the French Blocking Statute are *mandatory*, and that there is no provision for waiving them. VE Letter at 2 * n.3. Plaintiffs do not disagree.

- On March 11, 2024, the French governmental agency which administers the Blocking Statute confirmed in writing that as a corporate body, if VE violates the Blocking Statute, a fine of 90,000 Euros will be imposed. ECF No. 2884-1 at 4. Plaintiffs do not disagree.

- VE does not dispute that a company's persistent violation of an order to produce information, predicated on the French Blocking Statute, may justify the entry of a default judgment. Plaintiffs' Letter at 3.



- VE does not dispute that the reason it now is forced to choose between violating this Court's order requiring disclosure of information and violating the French Blocking Statute is that, fully on notice of the legal framework sketched above, VE chose to launch and orchestrate what Plaintiffs allege was a smear campaign against Mr. Stern from its offices in France, hiring its PR firm, Actum, LLC, to do its dirty work, and retaining the documents related to the scheme in its offices in France. Plaintiffs' Letter at 1-2.

Although Plaintiffs acknowledge that this Court could elect in its discretion to proceed along the complicated path VE suggests, *See, e.g., Salt River Project Agric. Improvement & Power Dist. v. Trench Fr. SAS*, 303 F. Supp. 3d 1004, 1006 (D. Ariz. 2018), this would not be appropriate here. To be clear, VE's current predicament is entirely of its own making, having embarked on this contemptuous path with calculated goal of trying to hide behind the French statute while thumbing its nose at this Court. Plaintiffs respectfully suggest that this Court should leave in place its order directing the production of information by VE, and should clarify that if VE fails to fully comply by a date certain, the result will be that its VNA subsidiaries will be defaulted on the issues set forth in proposed Phase 1 of the Bellwether III trial, and the Court can then schedule a trial limited to the proposed Phase 2 issues.

Plaintiffs believe that this resolution is especially appropriate given the distinct possibility that VE chose to orchestrate the campaign of character assassination against Mr. Stern from its French offices with an intent to conceal its activities using the French Blocking Statute. Presumably the French authorities will understand if VE decides that its preferred option to extricate itself from the awkward situation it has created for itself is for it to pay a fine of 90,000 Euros in France, rather than suffer a default by its VNA subsidiaries in the United States. And presumably the French authorities will understand why, in the face of apparent gamesmanship by VE, this Court declined VE's request that it employ the cumbersome and time-consuming procedures for discovery set out under the Hague Convention.

Respectfully submitted,

*Hunter J. Shkolnik*

Hunter J. Shkolnik