UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| *IN RE*: FLINT WATER CASES. | Case No. 5:16-cv-10444-JEL-MKM<br><br>Hon. Judith E. Levy, District Judge<br>Hon. Elizabeth A. Stafford, Magistrate Judge |

_____

**DECLARATION OF RHIANNON A. CAMPBELL IN SUPPORT DEFENDANTS VEOLIA NORTH AMERICA, LLC, VEOLIA NORTH AMERICA, INC., AND VEOLIA WATER NORTH AMERICA OPERATING SERVICES, LLC'S BRIEF IN SUPPORT OF CONFIDENTIALITY DESIGNATIONS**

I, Rhiannon A. Campbell, declare as follows:

1. I am a Senior Counsel at Veolia North America (VNA). I have held this position since July 2020. Before that, I served as counsel at VNA from August 2019 to July 2020. I have been involved with the present litigation since approximately February of 2022. I have personal knowledge of the matters stated in this Declaration.

2. I have reviewed Plaintiffs' challenge to VNA's confidentiality designations of the documents. This Declaration explains the process VNA undertook to assess each of Plaintiffs' challenges and determine whether to maintain its confidentiality assertions. In addition, it explains VNA's good-faith belief that

1

good cause warrants the continued confidentiality of the documents produced pursuant to Judge Levy's privilege ruling.

3.  I understand that over the course of this litigation, VNA produced almost 75,000 documents to Plaintiffs.

4.  I understand that, prior to my involvement in the case, VNA initially designated documents, including public relations documents, as confidential after concluding that disclosure could cause competitive harm or oppression. After Plaintiffs challenged many of those confidentiality designations, I reviewed each of the challenged documents and VNA, in consultation with outside counsel, revisited the designations for the challenged documents and agreed to withdraw confidentiality designations for hundreds of documents.

5.  For the remaining 116 documents at issue in Plaintiffs' challenge, VNA continues to believe that disclosure of these documents could cause competitive harm or oppression, as set forth in the Court's Confidentiality Order.

6.  In addition, I understand that as part of VNA's initial review process, VNA withheld a very small percentage of documents as subject to the attorney-client privilege or work product protections.

7.  I understand that Judge Levy ordered the production of a limited subset of those documents to Plaintiffs after concluding that they were not subject to the attorney-client privilege or work product protections. While VNA preserves its right

to appeal that decision, VNA has complied with that ruling and produced the documents to Plaintiffs with Confidential designations.

8. Public disclosure of these 71 documents at issue in the current challenge by Plaintiffs will cause VNA harm because it will irrevocably destroy VNA's ability to meaningfully appeal Judge Levy's privilege ruling. The confidentiality of the communications VNA had with its counsel will forever be destroyed should these documents be disclosed publicly.

I declare, under penalty of perjury, that the foregoing is true and correct.

Executed on March 14, 2024
Boston, Massachusetts

*/s/ Rhiannon A. Campbell*
Rhiannon A. Campbell