

Mayer Brown LLP
71 South Wacker Drive
Chicago, IL 60606
United States of America

T: +1 312 782 0600
F: +1 312 701 7711
mayerbrown.com

**Michael A. Olsen**
T: +1 312 701 7120
molsen@mayerbrown.com

March 18, 2024

BY EMAIL

Honorable Judith E. Levy
U.S. District Judge for the Eastern District of Michigan
Federal Building, 200 East Liberty Street
Ann Arbor, Michigan 48104

Re:   Applicability of the French Evidence Law

Dear Judge Levy,

I write on behalf of Veolia Environnement S.A. (VE) to respond to Mr. Shkolnik's letter dated March 14, 2024. In that letter, Mr. Shkolnik asks the Court to compel VE either to violate French criminal laws or to accept a default judgment as to breach against the VNA defendants.

First, VE is neither hiding behind the French Evidence law nor thumbing its nose at the Court. As we have noted before, VE is confident that its conduct was entirely permissible, including under the First Amendment, particularly since the underlying statements directly relate to the Flint water litigation and VE had no involvement in those statements. *See United States v. Ford*, 830 F.2d 596, 598-99 (6th Cir. 1985). Nonetheless, VE wishes to fully cooperate with the Court's inquiry and can do so consistent with French law through the Hague Convention. Indeed, the Convention already has been used in this very case to secure testimony from Mr. Laurent Obadia, a VE employee. No one disputes that the Convention provides a workable and available solution here.

Second, Plaintiffs concede that the only way that VE can comply with the Court's order without violating French criminal law is by following the Hague Convention process. Plaintiffs now agree that VE cannot secure a "waiver" of the law, and that VE would face a substantial fine (90,000 Euros) if it violated the law. In addition, because the French Evidence Law imposes criminal sanctions, VE and its personnel would face a host of collateral consequences, as detailed in the attached declaration of Noelle Lenoir, including formal criminal findings that could be shared with other governments, reputational damage, stigmatization in France, and even criminal exposure for directors and executives.

Third, Plaintiffs' request that the Court consider imposing a default judgment against the VNA Defendants is without foundation. To start, VE is not refusing to provide information to the Court; it just has to comply with the laws of both the United States and France. It is prepared to respond to the Court via a treaty that the United States and France both signed for the express purpose of sharing information across borders in civil litigation. Plaintiffs have provided no authority stating that a court can sanction a subsidiary because its parent company is attempting to comply with the laws it must follow. Further, even if VE were refusing to provide information, Plaintiffs cite no authority (and we have found none) for the proposition that the Court can enter a default judgment on the merits of a lawsuit against a subsidiary because its parent withheld information on a collateral issue unrelated to those merits. On the contrary, "entry of default as a

Mayer Brown is a global services provider comprising an association of legal practices that are separate entities including
Mayer Brown LLP (Illinois, USA), Mayer Brown International LLP (England), Mayer Brown (a Hong Kong partnership)
and Tauil & Chequer Advogados (a Brazilian partnership).

Mayer Brown LLP
Honorable Judith E. Levy
March 18, 2024
Page 2

sanction" for conduct "wholly unrelated to the merits of the controversy" is "inconsistent with the requirements of due process." *Phoceene Sous-Marine, S. A. v. U.S. Phosmarine, Inc.*, 682 F.2d 802, 805-06 (9th Cir. 1982) (citing *Hovey v. Elliott*, 167 U.S. 409, 413-14 (1897)).  Finally, the imposition of any sanction here would be an impermissible infringement of VE's (and its subsidiaries') First Amendment right to speak publicly about the Flint water litigation, and of the VNA Defendants' due-process rights to put on their defenses.

Respectfully submitted,

*/s/* Michael A. Olsen
Michael A. Olsen