# EXHIBIT B

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| IN RE: FLINT WATER CASES. | Case No. 5:16-cv-10444-JEL-MKM<br><br>Hon. Judith E. Levy, District Judge<br>Hon. Elizabeth A. Stafford, Magistrate Judge |

_____

**DECLARATION OF CARRIE GRIFFITHS IN SUPPORT DEFENDANTS VEOLIA NORTH AMERICA, LLC, VEOLIA NORTH AMERICA, INC., AND VEOLIA WATER NORTH AMERICA OPERATING SERVICES, LLC'S BRIEF IN SUPPORT OF CONFIDENTIALITY DESIGNATIONS**

I, Carrie Griffiths, declare as follows:

1. I am the Executive Vice President of Communications and Chief Communications Officer of Veolia North America (VNA). I have held this position since February 2022. I have worked at VNA since 2018. I have personal knowledge of the matters stated in this Declaration.

2. I have reviewed Plaintiffs' challenge to VNA's confidentiality designations of the documents. This Declaration explains VNA's good-faith belief that good cause warrants the continued confidentiality of the public-relations documents. This Declaration proceeds in two parts. First, it describes why disclosure of the documents produced pursuant to the District Court's Privilege Ruling could cause VNA competitive harm or oppression. Second, it describes why disclosure of the PR documents could cause VNA competitive harm or oppression.

1

## I. Privileged Documents

3. VWNAOS085515 (# 1), VWNAOS085516 (# 2), VWNAOS090992 (# 3), VWNAOS091116 (# 4), VWNAOS091117 (# 5), VWNAOS091121 (# 6), VWNAOS091123 (# 7), VWNAOS091124 (# 8), VWNAOS091129 (# 9), VWNAOS091160 (# 11), VWNAOS164993 (# 13), VWNAOS164994 (# 14), VWNAOS552999 (# 19), VWNAOS553020 (# 20), VWNAOS553134 (# 25), VWNAOS553290 (# 29), VWNAOS556606 (# 69), VWNAOS556764 (# 71), VWNAOS556784 (# 72), VWNAOS556785 (# 73), and VWNAOS556786 (# 74) are draft documents containing talking points and statements concerning Flint prepared at the direct of, and in coordination with, counsel. Many of the documents contain track changes and internal comments, showing the evolution of VNA's PR response and highlight the different priorities in crafting responses to media and public inquiries.

4. VWNAOS091152 (# 10), VWNAOS164985 (# 12), VWNAOS553047 (# 21), VWNAOS553075 (# 22), VWNAOS553105 (# 24), VWNAOS544106 (# 26), VWNAOS544108 (# 27), VWNAOS553247 (# 28), VWNAOS556940 (# 75), VWNAOS556942 (# 76), VWNAOS556989 (# 77), and VWNAOS557041 (# 78) are documents prepared at the direction of, and in coordination with, counsel concerning VNA's response to the Michigan Attorney General's lawsuit against VNA. They reveal both VNA's legal strategy and how VNA anticipates crafting its

PR responses in light of that strategy. They further describe how VNA should frame its response to the lawsuit, laying out several options for how to implement the PR responses.

5.  VWNAOS552956 (# 16) is an email chain between VNA, its outside counsel, and its PR consultants concerning the strategy behind the release of a PR statement in response to the filing of the Michigan Attorney General complaint.

6.  VWNAOS552988 (# 17), VWNAOS552989 (# 18), VWNAOS555464 (# 57), and VWNAOS555806 (# 66) are email chains concerning the development of a timeline of events for Flint. The email chains contain strategic insights behind changes made to the draft before its eventual release.

7.  VWNAOS526234 (# 38) is an email chain concerning advice provided by VNA's legal counsel on how to approach certain audio recordings related to Flint.

8.  VWNAOS553469 (# 43) is an email from Rasky—one of Flint's PR consultants—concerning edits made to a statement to be issued following the filing of a motion to dismiss. The email reveals strategic insight into revisions made to the statement.

9.  VWNAOS528237 (# 49) and VWNAOS528366 (# 50) are email chains concerning revisions made to a draft services agreement, including comments on how and why the revisions should be made.

10. VWNAOS555305 (# 56) is an email chain with VNA, its PR consultants, and its outside counsel concerning a draft FAQ page set up to respond to inquiries concerning Flint.

11. VWNAOS555473 (# 58) is an email chain concerning the termination of a VNA employee and the affirmative steps to be taken to ensure that corporate documents, including those concerning Flint, were not taken.

12. VWNAOS555522 (# 59) are email chains concerning a chronology prepared as part of a report on VNA's role in Flint created to advance VNA's public outreach efforts. The chains contain commentary by VNA's general counsel on changes to the strategy behind the outreach efforts in light of plaintiffs' theories underlying lawsuits filed against VNA.

13. VWNAOS555574 (# 60) is an email chain addressing a PR statement explaining VNA's limited role in Flint proposed by VNA's PR consultants that was then forwarded to VNA's counsel. VNA's outside counsel gave feedback on the proposed explanation, highlighting potential issues with the proposed explanation's framing. VNA's in-house counsel then provided his own thoughts on the proposed pitch.

14. VWNAOS555596 (# 61), VWNAOS555597 (# 62), VWNAOS555598 (# 63), and VWNAOS555602 (# 64) are email chains concerning a PR statement prepared by VNA's PR consultant addressing the filing of the Michigan Attorney

General's lawsuit. The chain contains the consultant's recommended approach to framing the lawsuit.

15. VWNAOS536974 (# 65) is an email chain concerning a draft PR statement on Flint,

16. VWNAOS555873 (# 67) is an email chain concerning a response to a media inquiry. The chain shows alterations to the draft response and explanations from VNA's general counsel addressing why certain statements should be revised.

17. VWNAOS556604 (# 68), VWNAOS556763 (# 70), VWNAOS558968 (# 86), are emails forwarding to VNA's PR consultants edits to draft PR statements.

18. VWNAOS557181 (# 79), VWNAOS557186 (# 80), VWNAOS557195 (# 81), VWNAOS557207 (# 82), VWNAOS557212 (# 83), and VWNAOS557213 (# 84) are email chains concerning the filing of new criminal charges in Michigan and VNA's internal and external strategic responses to that legal development.

19. VWNAOS558399 (# 85) and VWNAOS558981 (# 87) are email chains involving VNA's deputy general counsel concerning a memorandum addressing arguments in the draft motion to dismiss the Michigan Attorney General's complaint to VNA's PR consultants. The email describes one of the arguments and raises a PR concerns implicated by the argument.

20. VWNAOS559054 (# 88), VWNAOS559056 (# 89), and VWNAOS559057 (# 90) are email chains concerning the Michigan Attorney General's press conference announcing additional criminal charges.

21. VWNAOS551868 (# 91) is an email chain involving Clark Hill—one of VNA's law firms—concerning an article on Lori Lightfoot that was transmitted to VNA's general counsel's office.

22. VWNAOS559324 (# 92) is an email chain concerning a motion to dismiss and the PR responses to opposing counsel's comparison to genocide.

23. VWNAOS559325 (# 93) and VWNAOS559351 (# 94) are email chains concerning draft filings on non-parties at fault that were forwarded to the PR consultants, who were reminded not to disclose the documents.

24. VWNAOS559379 (# 95) is an email chain transmitting a memorandum from VNA's outside counsel providing suggested changes to VNA's website on Flint.

25. These documents reveal insights into how VNA coordinates its PR and legal strategy. VNA views its legal and PR strategies as necessarily complementary, so it often involves its consultants and its counsel in decisions addressing both.

26. VNA believes that disclosure of these documents could cause VNA competitive harm or oppression because, like VNA, VNA's competitors devote significant financial and logistical resources to developing their legal and PR

6

strategies. If competitors had access to these documents, they could assess, without expending any resources of their own, how to improve their own PR and legal responses. VNA thus believes that disclosure of these documents could cause it competitive harm or oppression.

**II. Non-Privileged Documents**

27. VWNAOS172775 (# 15), VWNAOS521990 (# 53), VWNAOS522059 (# 54), and VWNAOS522063 (# 55) are email chains with VNA's counsel concerning the legal ramifications of its PR strategy. Importantly, these documents were not subject to the District Court's privilege ruling, so VNA has maintained its attorney-client privilege redactions.

28. VWNAOS329191 (# 23) is an email chain concerning potential outreach to third-party organizations that represent water companies to support VNA.

29. VWNAOS331518 (# 30), VWNAOS331543 (# 31), and VWNAOS331550 (# 32), VWNAOS331553 (# 33), VWNAOS331555 (# 34), VWNAOS331558 (# 35), VWNAOS331561 (#36), and VWNAOS331569 (# 37) are email chains concerning the PR budget. They identify line-item expenses and the amount each project would cost and includes internal comments on certain expenses. They also contain information on decisions concerning the salaries and capabilities of certain employees.

7

30. VWNAOS260180 (# 39), VWNAOS332516 (# 40), VWNAOS526894 (# 41), VWNAOS526900 (# 42), VWNAOS332461 (# 102), and VWNAOS332474 (# 103) are drafts of VNA's response to a Mother Jones article and include comments and tracked changes. Their status as drafts reveals how VNA adjusted its response to maximize the response's effectiveness.

31. VWNAOS222380 (# 44), VWNAOS448563 (# 45), and VWNAOS222385 (# 46) are draft responses to questions concerning Veolia's operations in Israel following the rise of the boycott, divest, and sanction movement.

32. VWNAOS494815 (# 47) and VWNAOS494840 (# 48) are presentation slides on VNA's communications strategic plans. The slides describe VNA's communications priorities and how VNA plans to advance those priorities.

33. VWNAOS550141 (# 51) and VWNAOS550142 (# 52) are invoices for legal work done in connection with a request for proposal by Oklahoma Water Utilities trust.

34. VWNAOS172117 (# 96) is a series of discussion points concerning communications goals. It discusses budget reductions and identifies specific amounts cut it also identifies specific steps VNA is taking to deal with different PR crises it was facing. It also identifies areas where VNA needed to change its PR communications.

35. VWNAOS525301 (# 97) is an email chain concerning the potential retention of Rasky, one of VNA's PR consultants, for PR work done in relation to a project unrelated to Flint. The email includes the exact amount that VNA was willing to spend for Rasky's work on this project.

36. VWNAOS172752 (# 98) is an email chain concerning how VNA should respond to questions from its other customers concerning Flint. Similarly, VWNAOS552949 (# 99) is an email chain concerning a draft statement concerning Flint that includes commentary on how to edit the statement. These documents reveal how VNA responds to crises.

37. VWNAOS544490 (# 100) is the consulting agreement with Clark Hill for work done in Detroit. The agreement lays out in detail the work Clark Hill did on behalf of VNA and sets forth how much VNA paid for its services.

38. VWNAOS526955 (# 105) and VWNAOS526956 (# 106) are emails transmitting talking points prepared for VNA to respond to customer inquiries concerning negative press coverage in Pittsburgh. It again reveals how VNA conducts its client relations and PR strategy.

39. VWNAOS333693 (# 107) and VWNAOS527000 (# 111) are a memorandum from Rasky, one of VNA's PR consultants, laying out short-term and long-term media objectives. It describes a proposed strategy to respond to press

coverage in Pittsburgh, how to maximize positive media coverage, and to push for long-term positive press coverage by leveraging salient events.

40. VWNAOS526982 (# 108) is an email chain with Mercury, one of VNA's PR consultants, concerning potential outreach to a documentarian covering Flint.

41. VWNAOS526987 (# 109), VWNAOS526996 (# 110), and VWNAOS527034 (# 114) are memoranda from Mercury, one of VNA's PR consultants, on specific proposed PR campaigns to improve VNA's reputation. The memorandum also specifies the budget needed for some of the proposed initiatives.

42. VWNAOS527011 (# 112) is an email chain with Mercury, one of VNA's PR consultants, where Mercury gave its assessment on how the media was covering VNA in articles on Flint and the Michigan Attorney General's lawsuit.

43. VWNAOS527022 (# 113) is a PR strategy update laying out VNA's PR efforts to improve visibility in the municipal and oil and gas/petrochemical markets. The memorandum lays out VNA's various projects to improve its PR standing in these two markets across the United States. It also describes VNA's defensive PR strategy in response to the Pittsburgh controversy.

44. VWNAOS528236 (# 115) is a draft confidentiality agreement with Truscott Rossman, a PR company. Relatedly, VWNAOS249107 (# 116) is the draft contract with Truscott Rossman for work in Detroit. It details the work the company

10

would do on VNA's behalf and specified the billing rate for each employee who would do work for VNA.

45. As mentioned above, VNA devotes substantial time, effort, and financial resources on developing its public-relations strategy. VNA and its competitors perform considerable public-facing work, and they expend significant resources to protect their reputations both with their customers and with the general public.

46. Allowing competitors to gain a glimpse into how and how much VNA spends on public relations could give them an unfair advantage over VNA. That is because competitors would be able to mimic VNA's allocation of resources and identify how to improve their own public-relations strategies.

47. Moreover, VNA and its competitors often retain PR companies to help them improve their PR strategies. They spend significant sums of money on these services, and the PR companies provide them with detailed strategic advice. Allowing disclosure of the contracts with the PR companies could cause VNA competitive harm because it would undermine any future negotiating strategy.

48. Further, revealing VNA's underlying PR strategy could cause competitive harm or oppression because it would offer competitors free access to the PR recommendations and expertise that VNA has spent considerable resources to obtain.

11

I declare, under penalty of perjury, that the foregoing is true and correct.

Executed on March 18, 2024
Boston, Massachusetts

*Carrie Griffiths*

Carrie Griffiths