# EXHIBIT 3

## Redacted Version of Document to be Sealed

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | |
|---|---|
| IN RE: FLINT WATER CASES | Case No. 5:16-cv-10444-JEL-MKM<br>Hon. Judith E. Levy, District Judge |
| This Document Relates To:<br>BELLWETHER III | Case No. 5:17-cv-10164-JEL-KGA |

_____

## DEFENDANTS VEOLIA NORTH AMERICA, LLC, VEOLIA NORTH AMERICA, INC., AND VEOLIA WATER NORTH AMERICA OPERATING SERVICES, LLC'S MOTION TO EXCLUDE CERTAIN OPINIONS OF DR. MIRA JOURDAN

Pursuant to Federal Rules of Evidence 702 and 403, Defendants Veolia North America, LLC, Veolia North America, Inc., and Veolia Water North America Operating Services, LLC (VNA) move to exclude certain opinions and related testimony of Bellwether III Plaintiffs' expert Dr. Mira Jourdan.[1] Dr. Jourdan's future-harm opinions are not supported by sufficient facts or data and therefore are inadmissible under Rule 702.

In addition, one specific opinion is not based on reliable facts or data and would confuse the jury and be substantially more prejudicial than probative – Dr. Jourdan's opinion about R.E.'s future prospects ███████████████████

_____

[1]   Many of the relevant reports and records from the first bellwether trial refer to Dr. Jourdan as Dr. Krishnan.  Because she now practices under the name Dr. Mira Jourdan, this motion refers to her as Dr. Jourdan throughout.

████████████████████████████████████. That opinion is inadmissible under Federal Rules of Evidence 702 and 403.

The Court previously denied VNA's motion to exclude Dr. Jourdan's future-harm opinions in the first bellwether trial. *See* Op. & Order Granting in Part & Denying in Part VNA Mot. to Exclude the Testimony & Report of Dr. Krishnan (Krishnan BWI Daubert Order), ECF No. 456, PageID.36651-36672. For the sake of brevity and to avoid unnecessary repetition, this motion incorporates by reference Section II of the previously filed motion. *See* VNA Mot. to Exclude the Testimony & Report of Dr. Krishnan (Krishnan BWI Daubert Motion), ECF No. 341, PageID.20499-20532. However, the argument that one specific opinion regarding Plaintiff R.E. is inadmissible was not raised during the first bellwether trial and therefore is set forth in full here.

As Local Rule 7.1 requires, on March 27, 2024, VNA sent counsel for Bellwether III Plaintiffs an email identifying each of the points raised in this motion. On March 28, 2024, counsel for the Bellwether III Plaintiffs said that they did not concur in the motion.

Respectfully submitted,

**CAMPBELL, CONROY & O'NEIL P.C.**                **MAYER BROWN LLP**

By: */s/ James M. Campbell*          By: */s/ Michael A. Olsen*
James M. Campbell                    Michael A. Olsen
Alaina N. Devine                     71 S. Wacker Dr.
20 City Square, Suite 300            Chicago, IL 60606
Boston, MA 02129                     (312) 701-7120
(617) 241-3000                       molsen@mayerbrown.com
jmcampbell@campbell-trial-lawyers.com
adevine@campbell-trial-lawyers.com

*Attorneys for Veolia North America, LLC, Veolia North America, Inc., and Veolia Water North America Operating Services, LLC*

Dated:  March 28, 2024

3

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | |
|---|---|
| IN RE: FLINT WATER CASES | Case No. 5:16-cv-10444-JEL-MKM |
| | Hon. Judith E. Levy, District Judge |
| | |
| This Document Relates To: | |
| BELLWETHER III | Case No. 5:17-cv-10164-JEL-KGA |

---

**DEFENDANTS VEOLIA NORTH AMERICA, LLC, VEOLIA NORTH AMERICA, INC., AND VEOLIA WATER NORTH AMERICA OPERATING SERVICES, LLC'S BRIEF IN SUPPORT OF THEIR MOTION TO EXCLUDE CERTAIN OPINIONS OF DR. MIRA JOURDAN**

## STATEMENT OF THE ISSUES PRESENTED

1. Should the Court exclude Dr. Jourdan's future-harm opinions under Federal Rule of Evidence 702 because they are unreliable and not supported by sufficient facts or data?

   **VNA answers:** "Yes."

   **Plaintiffs answer:** "No."

2. Should the Court preclude Dr. Jourdan from referring to the prospects of ███████████████████████ when discussing R.E. because that testimony is unreliable and thus inadmissible under Rule 702 and because any probative value that the testimony might have would be substantially outweighed by the risk of jury confusion and prejudice to VNA and thus inadmissible under Rule 403?

   **VNA answers:** "Yes."

   **Plaintiffs answer:** "No."

## CONTROLLING OR MOST APPROPRIATE AUTHORITIES

*Daubert v. Merrell Dow Pharms., Inc.,* 509 U.S. 579 (1993)

*Nelson v. Tenn. Gas Pipeline Co.*, 243 F.3d 244 (6th Cir. 2001)

Fed. R. Evid. 403

Fed. R. Evid. 702

## TABLE OF CONTENTS

**Page**

INTRODUCTION ....................................................................1

BACKGROUND ....................................................................2

LEGAL STANDARD ..............................................................6

ARGUMENT .........................................................................7

I.   Dr. Jourdan's Future-Harm Opinions Should Be Excluded Because They Are Unreliable And Not Supported By Sufficient Facts Or Data............................7

II.  Dr. Jourdan Should Be Precluded From Referring To The Prospects Of ███████████████████████ When Discussing R.E. ...........10

    A.   Dr. Jourdan's Opinion About The Prospects Of ████████ ███████████ Is Unreliable ........................................10

    B.   Dr. Jourdan's Opinion About The Prospects Of ████████ ███████████████ Is Substantially More Prejudicial Than Probative And Will Likely Confuse The Jury ................................11

CONCLUSION ......................................................................11

## INTRODUCTION

Dr. Mira Jourdan is a clinical neuropsychologist who examined and conducted neuropsychological evaluations of the Bellwether III Plaintiffs.  This motion addresses Dr. Jourdan's future-harm opinions for the seven Plaintiffs scheduled for the initial trial:  Y.A., E.A., G.B., C.D., R.E., J.N., and J.S.

Dr. Jourdan opines  Dr. Jourdan's future-harm opinions do not meet Rule 702's standards for the admissibility of expert testimony, because Dr. Jourdan failed to employ a reliable methodology in concluding that

Further, one of Dr. Jourdan's future-harm opinions—about R.E.'s future prospects ██████████████████████████—should be excluded.  It is inadmissible under Rule 702 because it is not based on reliable facts or data and under Rule 403 because it would be confusing to the jury and substantially more prejudicial than probative.

The Court accordingly should exclude Dr. Jourdan's future-harm opinions or, at minimum, the one opinion regarding Plaintiff R.E.

1

## BACKGROUND

Plaintiffs are seven minors who have brought claims against VNA for personal injuries from exposure to elevated lead levels in Flint water from February 2015 to October 2015.

In June and August 2020, Dr. Jourdan conducted forensic neuropsychological evaluations of Plaintiffs. *See* Ex. 2, Jourdan Report (Y.A.); Ex. 3, Jourdan Report (E.A.); Ex. 4, Jourdan Report (G.B.); Ex. 5, Jourdan Report (C.D.); Ex. 6, Jourdan Report (R.E.); Ex. 7, Jourdan Report (J.N.); Ex. 8, Jourdan Report (J.S.). Those evaluations involved reviewing medical and school records, interviewing Plaintiffs' parents, reviewing the parents' deposition testimony, administering neuropsychological tests, and interpreting the results of those tests. *See id.*

Based on those evaluations, Dr. Jourdan issued a report for each Plaintiff that summarizes her findings ███████████████████████████ ████████████████████ According to Dr. Jourdan's reports, her primary diagnostic impressions for each of the Plaintiffs were as follows:

- Y.A.: ██████████████████ Report (Y.A.) 10.

- E.A.: ████████████████████████ Report (E.A.) 9.

- G.B.: ████████████████████████ ████████████ Report (G.B.) 9.

- C.D.: ████████████████ Report (C.D.) 6.

- R.E.: ██████████████ Report (R.E.) 13. [2]

- J.N.: ████████████████████████
  ████████████ Report (J.N.) 13.

- J.S.: ███████████████ Report (J.S.) 7.

Dr. Jourdan also stated that ███████████████████

████████████████ Specifically, Dr. Jourdan opined:



- Y.A.: ████████████████████████
  ████████████████████████
  ████████████████████████
  ████████████████████████
  Report (Y.A.) 10.

- E.A.: ████████████████████████
  ████████████████████████
  ████████████████████████
  ████████████████████████
  ████████████████████████
  ████████████ Report (E.A.) 9-10.

- G.B.: ████████████████████████
  ████████████████████████
  ████████████████████████
  ████████████████████████
  Report (G.B.) 10.

---

[2]   Dr. Jourdan also noted that "the possibility of ████████████████
should be ruled out in the future."  Report (R.E.) 13.

- C.D.: 

  Report (C.D.) 6-7.

- R.E.:

  Report (R.E.) 13.

- J.N.:

  Report (J.N.) 13-14.

Dr. Jourdan also provides opinions that

,

describing those risks as follows:

- Y.A.:

  Report (Y.A.) 10.

- E.A.:



Report (E.A.) 9-10.

- G.B.: Report (G.B.) 10.

- C.D.: Report (C.D.) 7.

- R.E.: Report (R.E.) 13.

- J.N.:



Report (J.N.) 14.

- J.S.:

Report (J.S.) 7.

**LEGAL STANDARD**

Courts have the "basic gatekeeping obligation" to ensure the "reliability and relevancy of expert testimony." *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 147, 152 (1999). A qualified expert may provide opinion testimony only if it will "help the trier of fact to understand the evidence or to determine a fact in issue." Fed. R. Evid. 702(a). The expert opinion must be "the product of reliable principles and methods" and must result from the expert "reliabl[y] appl[ying] the principles and methods to the facts of the case." Fed. R. Evid. 702(c)-(d). It also must be "based on sufficient facts or data," Fed. R. Evid. 702(b), meaning that the facts and data cited "must be of a type reasonably relied upon by experts" in the same field, *In re*

*Paoli R.R. Yard PCB Litig.*, 35 F.3d 717, 748 (3d Cir. 1994) (citing Fed. R. Evid. 703).

Under Federal Rule of Evidence 403, a court "may exclude relevant evidence if its probative value is substantially outweighed by . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." *HLV, LLC v. Van Buren Cty*, 775 F. App'x 204, 216 (6th Cir. 2019) (quoting Fed. R. Evid. 403).

As the proponent of the expert testimony, the Bellwether III Plaintiffs have the burden to establish the admissibility of the testimony by a preponderance of the evidence. *Nelson v. Tenn. Gas Pipeline Co.*, 243 F.3d 244, 251 (6th Cir. 2001).

## ARGUMENT

### I.    Dr. Jourdan's Future-Harm Opinions Should Be Excluded Because They Are Unreliable And Are Not Supported By Sufficient Facts Or Data

The Court should exclude Dr. Jourdan's opinions about the likelihood of Plaintiffs' suffering future harm because they are unreliable and are not sufficiently based on facts or data. *See Daubert*, 509 U.S. at 597; Fed. R. Evid. 702; VNA Mot. to Exclude the Testimony & Report of Dr. Krishnan (Krishnan BWI Daubert Motion), ECF No. 341, PageID.20526-20532.[3]

---

[3]    The Court previously rejected this argument, except with respect to Dr. Jourdan's quantification of the likelihood that each Plaintiff would be able to graduate from high school, college, or an advanced degree program. *See* Krishnan BWI Daubert Order, PageID.36668-36672. Dr. Jourdan confirmed at her reply deposition that she

Dr. Jourdan opines that 

See Report (Y.A.) 10; Report (E.A.) 9-10; Report (G.B.) 10; Report (C.D.) 6-7; Report (R.E.) 13; Report (J.N.) 14; Report (J.S.) 7. She identifies three sources of support for such predictions: her clinical experience and

See *Nelson*, 243 F.3d at 250-51; Fed. R. Evid. 702(b)-(d). None of these sources provides a reliable basis for Dr. Jourdan's future-harm opinions.

As previously discussed, *see* Krishnan BWI Daubert Motion, PageID.20526-20532, Dr. Jourdan's reliance on anecdotal data and her clinical judgment is not sufficiently reliable to satisfy Rule 702. *See Brown v. Raymond Corp.*, 432 F.3d 640, 648 (6th Cir. 2005); *Newell Rubbermaid, Inc. v. Raymond Corp.*, 676 F.3d 521, 527 (6th Cir. 2012). The Court previously held that Dr. Jourdan could testify as to her future-harm opinions generally. Krishnan BWI Daubert Order, PageID.36671. However, the Court recognized that Dr. Jourdan had not explained how her clinical

---

will not attempt to quantify the likelihood that a Plaintiff will obtain a certain educational level in light of the Court's previous ruling. Ex. 9, Jourdan 03/01/24 Dep. 61:5-21 (Reply Dep.).

experience, ███████████████, or any other academic work ██████████
██████████████████████████████████████████████ Krishnan

BWI Daubert Order, PageID.36671.   The Court should reconsider its previous

ruling, because Dr. Jourdan has not demonstrated how her clinical experience, either

study cited in her reports, or any other academic work supports *any* of her future-

harm opinions—not just those ███████████████████████████████

███████████████

    Further, as discussed in the earlier motion, Dr. Jourdan's reliance on ██

██████████ is misplaced and unsupportive of her future-harm conclusions.   *See*

Krishnan BWI Daubert Motion, PageID.20526-20532; *see also* Krishnan BWI

Daubert Order, PageID.36669-36672.   The Court previously reasoned that Dr.

Jourdan could testify ███████████████████, because the study "is a

peer-reviewed article in an academic journal" and "submission to peer-review

generally suffices under *Daubert*."   Krishnan BWI Daubert Order, PageID.36671

(quoting *United States v. Gissantaner*, 990 F.3d 457, 468 (6th Cir. 2021)).   But the

mere fact that ████████████ is peer-reviewed does not bear on whether the

study supports Dr. Jourdan's opinions.   "Expert testimony is inadmissible when the

facts upon which the expert bases h[er] opinion contradict that opinion."   *Guthrie v.

Ball*, No. 1:11-cv-333-SKL, 2014 WL 11581410, at *17 (E.D. Tenn. Oct. 10, 2014)

(citing *Greenwell v. Boatwright*, 184 F.3d 492, 498 (6th Cir. 1999)).

II.     **Dr. Jourdan Should Be Precluded From Referring To The Prospects Of** ██████████████████████████████████ **When Discussing R.E.**

    A.     **Dr. Jourdan's Opinion About The Prospects Of** ██████████ ███████████████████████ **Is Unreliable**

Dr. Jourdan ████████████████████████████████████ Report (R.E.) 13.  She did not diagnose R.E. with ███████████████, but instead noted that "the possibility" of █████████████████████ "should be ruled out in the future."  Report (R.E.) 13.

Despite not diagnosing R.E. with ████████████████, Dr. Jourdan gave the opinion in R.E.'s report that ██████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████ Report (R.E.) 13.  ██████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

███████████████████████████████████████████

     ██████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

██████████████████████   Her opinions and testimony linking R.E.'s future

prospects ███████████████████████████████████   accordingly

should be excluded under Rule 702.

> **B.** **Dr. Jourdan's Opinion About The Prospects Of ████████████ ████████████ Is Substantially More Prejudicial Than Probative And Will Likely Confuse The Jury**

Dr. Jourdan also should be precluded from referring to the prospects of

████████████████████████   when discussing R.E. because its

"probative value is substantially outweighed by a danger of [] unfair prejudice,

confusing the issues, [and] misleading the jury."  Fed. R. Evid. 403.  Testimony

about the prospects of ████████████████████████   would have

minimal probative value in connection with ███████████████████████

yet would be both confusing to the jury and enormously prejudicial to VNA.

Permitting Dr. Jourdan to put on such evidence would be confusing and prejudicial

because it would invite the jury to speculate—without any basis in the evidence—

that R.E. could later develop a condition that he does not currently have.

## CONCLUSION

The Court should exclude Dr. Jourdan's future-harm opinions.  At minimum,

the Court should preclude Dr. Jourdan from referring to the prospects of █████

████████████████████   when testifying about R.E.

Respectfully submitted,

**CAMPBELL, CONROY & O'NEIL P.C.**

By: */s/ James M. Campbell*
James M. Campbell
Alaina N. Devine
20 City Square, Suite 300
Boston, MA 02129
(617) 241-3000
jmcampbell@campbell-trial-lawyers.com
adevine@campbell-trial-lawyers.com

**MAYER BROWN LLP**

By: */s/ Michael A. Olsen*
Michael A. Olsen
71 S. Wacker Dr.
Chicago, IL 60606
(312) 701-7120
molsen@mayerbrown.com

*Attorneys for Veolia North America, LLC, Veolia North America, Inc., and Veolia Water North America Operating Services, LLC*

Dated:  March 28, 2024

## CERTIFICATE OF SERVICE

I hereby certify that on March 28, 2024, I electronically filed the foregoing document with the Clerk of the Court using the ECF System, which will send notification to the ECF counsel of record.

Respectfully submitted,

*/s/ James M. Campbell*

Dated:  March 28, 2024