UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| *In re* FLINT WATER CASES. | Case No. 5:16-cv-10444 (Consolidated) |
| This Document Relates To: | Hon. Judith E. Levy |
| _____/ | |

**PLAINTIFFS' RESPONSE TO VEOLIA'S BRIEF IN SUPPORT OF CONFIDENTIALITY DESIGNATIONS (ECF NO. 2898)**

## INTRODUCTION

Under the threat of sanctions, Veolia has made a ***third*** attempt to establish "good cause for the [confidential] designation[s] it advocates" as required by the Confidentiality Order. ECF No. 1255-3, PageID.39409. Despite being afforded ample opportunity—and the Magistrate Judge's clear instructions that "Veolia [] articulate specific facts showing clearly defined and serious injury resulting from the discovery sought," Order, ECF No. 2872, PageID.94668—Veolia still does not acknowledge, much less carry, its burden of establishing a good-faith basis for its confidentiality designations.

At the February 29, 2024 hearing, this Court provided clear instructions directing Veolia to explain why "certain categories of documents ... [are] inherently confidential or confidential ***in their industry***" or otherwise face sanctions. Tr. of Feb. 29, 2024 Motion Hearing, ECF No. 2876, PageID.94771 (emphasis added); Order, ECF No. 2872, PageID.94668–94669 ("If the Court finds that Veolia did not act in good faith when it designated documents confidential, in violation of the protective order, Veolia may face sanctions under federal Rule of Civil Procedure 37."). Instead of following this Court's clear directive, Veolia spends much of its brief re-asserting the disingenuous interpretations of the Confidentiality Order it proffered in its Response to Plaintiffs' Motion to Compel (ECF No. 2849), and otherwise re-stating the threadbare bases for confidentiality it provided in its prior filings. Veolia again

2

failed to outline the confidential nature of each document or harm resultant disclosure would cause, as it was instructed to do. Accordingly, this Court should, once and for all, de-designate the Challenged Documents and impose sanctions for Veolia's lack of good-faith and for wasting Plaintiffs' and this Court's time and resources.

## LEGAL STANDARD

Veolia repeatedly attempts to obfuscate its burden to establish good cause for its confidentiality designations by misconstruing the language within the Confidential Order. But the standards prescribed for designating, challenging, and upholding a challenge to a confidentiality designation under the Court's Order—and under Rule 26 of the Fed. R. Civ. P.—are clear.

Specifically, in producing a document, the Confidentiality Order provides that the producing party may designate any document as Confidential. Such an ***initial, unilateral*** "designation as Confidential" requires the producing party to, ***in good faith***, believe that such documents "(a) contains private, non-public, confidential, competitively-sensitive, or proprietary information that is not readily ascertainable through lawful means by the public, (b) that if disclosed publicly would likely cause oppression, competitive disadvantage, infringement of privacy rights established by statute or regulation, or infringement of confidentiality requirements established by statute or regulation with respect to government purchasing or other operations, or

3

(c) that if used for purposes other than those authorized by this Order could cause oppression or competitive disadvantage." Confidentiality Order, ECF No. 125-3, PageID.39387.

However, the Confidentiality Order also "prescribes a procedure by which persons who in good faith believe specific Protected Materials do not deserve the protection or level of protection they are designated to receive may challenge such designations." *Id.* at PageID.39385. Once a designation is challenged, "the party or non-party that made the designation shall bear the burden of showing ***good cause for the designation it advocates***." *Id.* at 39409 (emphasis added). Good cause for establishing confidentiality is governed by Rule 26(c) and requires the designating party to show "specific facts, not mere conclusory allegations of confidentiality and/or business harm[,]" and that the document contains "confidential information[,]" disclosure of which "will result in a clearly defined and very serious injury to its business." *MSC.Software Corp. v. Altair Eng'g, Inc.*, 2012 U.S. Dist. LEXIS 69107, at *13 (E.D. Mich. May 12, 2012).[1]

---

[1] This "good cause" standard applies whether the document is one challenged during discovery or subject to a motion to seal. *White v. GC Servs. Ltd. P'ship*, No. 08-11532, 2009 U.S. Dist. LEXIS 4735, at *4 (E.D. Mich. Jan. 23, 2009) ("[I]f the Plaintiff files an objection to Defendants' designation of confidential discovery material, the Defendants still have the ultimate burden of demonstrating 'good cause' under Rule 26(c)."); *P&G v. Bankers Tr. Co.*, 78 F.3d 219, 227 (6th Cir. 1996) (sealing).

4

# ARGUMENT

## I. Veolia Misconstrues and Fails to Comply with the Confidentiality Order and Federal Rule 26(c)

### a. The Confidentiality Order bestows no weight to a unilateral "Confidential" designation

Veolia urges the Court to apply a standard less demanding than that prescribed in Fed. R. Civ. P. 26(c) in assessing its "Confidential" designations. However, Veolia's argument conflates the standard the Confidentiality Order bestows on a producing party for making an ***initial, unilateral*** designation of a documents as "Confidential," with what a producing party must show to maintain the confidentiality of a challenged document. *Compare* Confidentiality Order, ECF No. 1255-3, PageID.39414 ("Requirements for Designation as 'Confidential'"), *with id.* at PageID.39408 ("Challenges to Designations of Protected Material.")."[2]

Indeed, it is well established that a confidentiality order bestows ***no weight*** on unilateral designations. As other district courts within the Sixth Circuit have made clear, "a stipulation cannot raise a presumption of protection … Allowing

---

[2] Veolia also argues that they need not establish "good cause" because "the District Court has already entered the Confidentiality Order based on a 'good cause' finding." ECF No. 2898, PageID.95010. This argument confuses the standard for entry of a blanket protective order, which are common in large-scale litigation to "serve the interests of a just, speedy, and less expensive determination of complex disputes by alleviating the need for and delay occasioned by extensive and repeated judicial intervention," *Gillard v. Boulder Valley Sch. Dist. RE-2*, 196 F.R.D. 382, 385 (D. Colo. 2000), and the "good cause" which must be established once a confidential designation has been challenged.

5

mechanical designation by a producer is a convenient and justifiable mechanism to move litigation along, but the designating party retains the fundamental responsibility to 'show cause' for protection. Once the designation has been challenged, it is the burden of the designating party to justify the need for enforcement of the protective order in accordance with its terms." *MSC.Software Corp.*, 2012 U.S. Dist. LEXIS 69107, at *12 (quoting *Adams & Assocs., LLC v. Dell, Inc.*, No. 1:05-CV-64 TS, 2006 U.S. Dist. LEXIS 39173, at *8 (D. Kan. June 12, 2006)); *N.T. v. Children's Hosp. Med. Ctr.*, No. 1:13-cv-230, 2017 U.S. Dist. LEXIS 122109, at *15 (S.D. Ohio Aug. 3, 2017) (explaining that even "[a]t the discovery stage, and where a designation subject to a blanket protective order is concerned, a party disagreeing 'with the producing party's designation … may object' in accordance with the parties' protective order" and "the designating party must establish 'good cause' for the level of protection").

    **b.    Veolia has not established a sufficient basis for its confidentiality designations**

    Regardless of whether the Court applies the "good cause" or "could cause" standard, however, it is clear that Veolia has, yet again, failed to meet its burden for establishing the propriety of its "Confidential" designations. Veolia's perfunctory discussion of the Challenge Documents merely provides a biased overview of the contents within the document—failing to lay out the purportedly confidential content in each document or resultant harm that would occur if such documents were

6

disclosed. Veolia also fails to cite a single case supporting a contention that such documents are either inherently confidential or confidential based on their use within the engineering industry.

### i. Documents Veolia previously claimed as "Privileged" (but for which the Court overruled Veolia's designations)

First, Veolia *once again* asserts that a number of the Challenged Documents were properly designated as "Confidential" because the Court overruled Veolia's attorney-client privilege and work product claims, and Veolia has the right to appeal such privilege ruling. ECF No. 2898, PageID.95015–95021. In support of this outlandish proposition, Veolia offers no controlling case law. Instead, Veolia (again) cherry-picked language from a case stating that "collateral order appeals are not necessary to ensure effective review of orders adverse to the attorney-client privilege," *Mohawk Indus. v. Carpenter*, 558 U.S. 100, 108 (2009), and cites another wholly irrelevant case analogizing the limitations of instructions directing a jury to ignore certain testimony as a bell that "cannot unring," *Hicks v. Straub*, 239 F. Supp.2d 697, 708 (E.D. Mi. 2003). Neither case supports Veolia's assertion that the Challenge Documents must remain confidential during the pendency of this case, nor do they suggest that Veolia would be successful if it chose to appeal the District Court's privilege rulings. Under Veolia's flawed logic, a producing party could claim as privileged **any** unflattering document in an attempt to conceal its contents from

7

the public during the pendency of the case, even after a court deemed the documents not protected. This cannot stand.

Veolia also claims that disclosure of the Challenged Documents could cause Veolia harm because they "reveal insights into how [Veolia] coordinates its PR and legal strategy," and that, "[i]f competitors had access to these documents, they could assess, without expending any resources of their own, how to improve their own PR and legal responses." ECF No. 2898-2, PageID.95041–95042. As an initial matter, none of these documents contains information about Veolia's legal strategies as Veolia maintains. Nor does Veolia cite any case law holding that public relations documents are inherently confidential within the engineering industry. But even more, Veolia fails to articulate how its competitors—presumably other engineering firms—could use or incorporate emails which attempt to paint a false narrative of Veolia's actions surrounding the Flint Water Crisis at all, much less to take a competitive advantage over Veolia. This is not a situation such as that in *Cooper v. Longwood Forest Prod., Inc.*, No. 2:20-cv-3332, 2021 U.S. Dist. LEXIS 204427 (S.D. Ohio May 10, 2021), a case Veolia relies on, in which the challenged documents included a company's official policy going to "the heart of its business." *Id.* at *8. Rather, "[Veolia's] vague assertions of potential future relevance do not explain how competitors could use this dated analysis to undercut its standing in the marketplace," *Ewalt v. Gatehouse Media Ohio Holding II, Inc.*, No. 2:19-cv-4262,

8

2022 U.S. Dist. LEXIS 66208, at *10–11 (S.D. Ohio April 11, 2022), and its discussion of each document merely summarizes the contents within each as opposed to outlining with specificity the confidential nature therein.

### ii. Non-privileged documents relating to Veolia's public relations efforts

With respect to the remaining public relations documents, Veolia generally asserts that "[p]ublic relations play an important role for both [Veolia] and its competitors," and, as such, Veolia "devotes substantial time, effort, and financial resources on developing its public-relations strategy" that "competitors would be able to mimic [Veolia]'s allocation of resources and identify how to improve their own public-relations strategies." ECF No. 2898-2, PageID.95045. But, as Veolia admits, the documents contain "strategic advice" specifically tailored to Veolia. ECF No. 2898, PageID.95026. It is unclear how such information is transferable in a way that other engineering firms could mimic or otherwise forego hiring their own public relations consultants by relying on the document's contents. Merely because Veolia "may deem certain business information as sensitive does not, in itself, justify a withholding from the public record." *Graff v. Haverhill N. Coke Co.*, No. 1:09-cv-670, 2014 U.S. Dist. LEXIS 13180, at *6 (S.D. Ohio Feb. 3, 2014). Rather, the party seeking to keep information confidential "must demonstrate that a document is 'confidential … commercial information' entitled to protection under Rule 26(c)(1)(G)," *Charvat v. EchoStar Satellite, LLC*, 269 F.R.D. 654, 656 (S.D. Ohio

9

2010) (emphasis added). The affidavit Veolia now provides at the eleventh hour, which provides nothing more than a brief overview of the contents within some of the challenged documents, does not meet this threshold. ECF No. 2898-2, PageID.95041.

Similarly, Veolia's position that two 2017 draft budgets should remain confidential because competitors "would be able to revise their own spending to gain an upper hand on [Veolia]" if they are able to "assess how much Veolia spends—or considers spending—on its public relations efforts" is absurd and lacks any support in the cases Veolia cites. ECF No. 2898, PageID.95028; *see Ewalt,* 2022 U.S. Dist. LEXIS 66208, at *10–11 (finding emails discussing budgets and monthly performance to be "fairly routine" and "the risk of competitive harm from disclosure" low). This is especially true given that the information therein was created nearly seven years ago.

## II. Plaintiffs Have Not Waived Their Right to Challenge the "Confidential" Designations

Veolia also argues that Plaintiffs' challenges are untimely because the Challenged Documents were "produced, and marked as confidential, in 2020, during discovery for the Bellwether I action," which closed discovery on November 13, 2023. ECF No. 2898, PageID.95022. But this argument is at odds with the spirit of the Discovery Coordination Protocol Order (ECF No. 566), which was meant to "limit duplication in the discovery processes," but not at the expense of waiving a

10

parties' rights to challenge the propriety of such documents during their own discovery period. In essence, Veolia claims that, because the Bellwether I Plaintiffs agreed to a Confidentiality Order protecting the documents to be used during the Bellwether I trial, the Bellwether III Plaintiffs—and any other parties which were provided copies of the discovery pursuant to the Discovery Coordination Protocol Order (ECF No. 566)—may not raise confidentiality challenges. But the Bellwether III trial is a distinct trial with new plaintiffs, and the Bellwether III Plaintiffs should not be precluded from offering documents and making arguments in support of their claims merely because the Bellwether I Plaintiffs did not do so.

### III. Rule 37 Sanctions Are Necessary and Appropriate

Finally, the lack of good faith basis for Veolia's initial designations, and Veolia's repeated failures to outline its basis for confidentially, necessitate the imposition of sanctions. Fed. R. Civ. P. 37(b)(2)(A) allows the Court to impose sanctions for a party's failure to obey a discovery order.[3] In determining whether sanctions are appropriate pursuant to Rule 37, the Sixth Circuit looks to four factors: (1) whether the party's failure to cooperate in discovery is due to willfulness, bad faith, or fault; (2) whether the party in favor of the sanction was prejudiced by the

---

[3] Rule 37(a)(5)(A)—which states that if a motion to compel is granted, "the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees"—also provides a basis for sanctions.

11

other party's failure to cooperate in discovery; (3) whether the party was warned that failure to cooperate could lead to sanctions; and (4) whether less drastic sanctions were first imposed or considered. *Nusbaum v. Enlighten Fam. Chiropractic, LLC*, No. 19-cv-10223, 2023 U.S. Dist. LEXIS 9396, at *19–20 (E.D. Mich. Jan. 19, 2023).

All four factors favor the imposition of sanctions under Rule 37 here. The first factor—willfulness, bad faith, or fault—is satisfied when a party's conduct displays "a reckless disregard for the effect of [their] conduct on those proceedings." *Mulbah v. Detroit Bd. Of Educ.*, 261 F.3d 586, 591 (6th Cir. 2001). Here, Veolia not only failed to designate its documents as "Confidential" in "good faith," but also failed to comply with the Court's clear directives to provide the basis for its confidentiality designations when challenged. Specifically, in making its productions, Veolia engaged in the wholesale designation of documents as "Confidential" or "Highly Confidential" without a good faith basis for doing so. To date, Veolia has produced close to 75,000 documents, almost all of which were designated as "Confidential." Yet, when challenged, Veolia repeatedly offers nothing more than threadbare assertions of confidentiality or has voluntarily chosen to de-designate the documents, demonstrating that its designations lacked a good faith basis in the first instance.

The second factor equally supports sanctions. Veolia's designation of nearly all of its produced documents as confidential, and subsequent failure to support its designations, has resulted in Plaintiffs devoting significant time and effort challenging the designations and briefing the confidentiality issues. *See* ECF Nos. 2554, 2566, 2571, 2585, 2604, 2636, 2641, 2644, 2653, 2688 (Notices of Objection to Designations of Protected Material); ECF Nos. 2593, 2599, 2610, 2622, 2637, 2656, 2657, 2669, 2672, 2757 (Plaintiffs' Replies to Veolia's Responses Regarding Objections to Confidential Designations); ECF Nos. 2823, 2864 (Plaintiffs' Motion to Compel Briefing). Plaintiffs have spent hundreds of hours (if not more) seeking the removal of the designations at issue. This factor is exacerbated by the fact that, instead of providing support for its confidentiality designations, Veolia continues to push for its erroneous interpretations of the clear language within the Confidentiality Order and Rule 26(c).

As to the third and fourth factors, this Court warned Veolia that their failure to cooperate would lead to sanctions, explaining that "[i]f Veolia did not act in good faith when it designated documents confidential, in violation of the protective order, Veolia may face sanctions under Federal Rule of Civil Procedure 37." Order, ECF No. 2872, PageID.94669. And with respect to whether less drastic sanctions could be imposed, failing to order sanctions would send a dangerous message that producing parties may choose to mass designate every document they produce as

13

"Confidential" or "Highly Confidential" and face no consequences, even in response to an opposing party's challenges and directives from the Court to provide bases for the designations. Such actions are not harmless—disputes regarding the over designation of Confidential documents "result in substantial unnecessary distractions for the parties and the court. The disputes also consume substantial resources and time unrelated to the merits of the underlying dispute. In addition, over designation causes administrative headaches since parties have to be concerned about distribution limits as well as redactions and sealing requests." *In re Valsartan NDMA*, 12 F. Sup. 546, 548 n.1 (D.N.J. 2021).

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court (i) grant the relief set forth in Plaintiffs' Motion to Compel (ECF No. 2823), and (ii) issue sanctions for Veolia's repeated refusal to comply with the Court's Orders regarding its confidentiality designations.

Dated: March 29, 2024                                  Respectfully submitted,

**LEVY KONIGSBERG LLP**

/s/ Corey M. Stern
Corey M. Stern
Melanie Daly
Kiersten Holms
605 Third Ave., 33rd Floor

14

New York, New York 10158
(212) 605-6200
cstern@levylaw.com
mdaly@levylaw.com
kholms@levylaw.com

***Attorneys for Plaintiffs***

## CERTIFICATE OF SERVICE

I hereby certify that on March 29, 2024, I electronically filed this document with the Clerk of the Court using the ECF System, which will send notification to the ECF counsel of record.

**LEVY KONIGSBERG, LLP**

/s/ COREY M. STERN
Corey M. Stern
603 Third Ave., 33rd Floor
New York, New York 10158
(212) 605-6200
cstern@levylaw.com