# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| IN RE FLINT WATER CASES. | Case No. 5:16-cv-10444-JEL-EAS <br><br> Hon. Judith E. Levy, District Judge <br> Hon. Elizabeth A. Stafford, Magistrate Judge |

_____

# VEOLIA NORTH AMERICA, LLC, VEOLIA NORTH AMERICA, INC., AND VEOLIA WATER NORTH AMERICA OPERATING SERVICES, LLC'S REPLY IN SUPPORT OF CONFIDENTIALITY DESIGNATIONS

**INTRODUCTION**

Despite the parties' differences, they agree on three key points: (i) the Challenged Documents consist entirely of *discovery materials*; (ii) Plaintiffs seek to de-designate these materials so that they might leak them to the media; and (iii) the Confidentiality Order does not authorize the parties to leak documents to the media.

These points are dispositive. Under the Confidentiality Order's plain text, VNA was entitled to mark these materials as "confidential" because it believed, in good faith, that their public disclosure "*could cause* oppression or competitive disadvantage." Confidentiality Order 5, ECF No. 1255-3, PageID.39387 (emphasis added). And it is entitled to maintain those designations now: if Plaintiffs follow through on their promise to leak these documents to the media, VNA could suffer oppression or competitive harm—indeed, that appears to be point of this entire exercise. Accordingly, this Court should deny Plaintiffs' de-designation requests.

**ARGUMENT**

**I.     The Court Should Enforce The Confidentiality Order As Written**

The parties dispute the applicable "good cause" standard. VNA understands that its burden is to show that public disclosure of the challenged materials *could cause* oppression or competitive harm. Plaintiffs, by contrast, claim that VNA must meet the "good cause" standard for sealing *adjudicatory records*. *See* Opp. 4 & n.1, PageID.95951 (disclosure must "result in a clearly defined and very serious injury").

1

Plaintiffs are wrong as a matter of law. District courts have "broad discretion" to fashion protective orders under Rule 26(c). *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984). When it comes to discovery materials—such as those at issue here—"[s]ecrecy is fine." *Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305 (6th Cir. 2016) (quotation marks omitted). Quite the opposite is true for adjudicatory materials. Thus, the "good cause" standard for protecting discovery materials is *far less onerous* than it is for adjudicatory materials. *See id.*[1]

Here, in the exercise of her broad discretion, Judge Levy found "good cause" under Rule 26(c) to protect discovery materials that, if used for unauthorized purposes, "could cause" the producing party to suffer oppression or competitive harm. That standard—which accords with Rule 26(c), was agreed to by the parties, and was relied upon by VNA—should now be applied as written.[2]

---

[1] "[T]he requisite 'good cause' will be dramatically different depending upon the particular documents and proceedings, and the particular stages of the litigation." *The Sedona Guidelines: Best Practices Addressing Protective Orders, Confidentiality & Public Access in Civil Cases*, 8 SEDONA CONF. J. 141, 154 (2007) (attached as Ex. A). "[W]hat constitutes 'good cause' to restrict public access during discovery or non-dispositive stages of the proceeding does not equate to the 'compelling need' necessary to restrict public access at another stage." *Id.* at 144.

[2] Plaintiffs' reading of the Confidentiality Order makes no sense. In Plaintiffs' view, the "could cause" standard would apply for the initial designation of documents, but a different, heightened standard ("will result in a clearly defined and very serious injury")—one that does not appear anywhere in the text of the Confidentiality Order—would apply to subsequent challenges. Nothing in the Confidentiality Order suggests that the District Court intended any such result. Indeed, the Confidentiality Order and Judge Levy's rulings reflect that different standards apply for sealing adjudicatory documents and preserving the confidentiality of discovery

## II. VNA Has Shown Good Cause To Protect The Privileged Documents

VNA made transparent, good-faith confidentiality claims over roughly 70 documents that it believes are privileged despite the District Court's contrary ruling. VNA has explained that these documents should remain confidential (subject, of course, to Plaintiffs' right to use them in the litigation) to preserve its ability to appeal. After all, if Plaintiffs leak these documents to the media, it could cause VNA oppression or harm in that any appeal would be ineffective, at least as a practical matter. *See* VNA Br. 12-13, PageID.95016-17.

Plaintiffs do not dispute this premise. Instead, they argue that VNA's claims should be rejected because a party could designate any unflattering document as confidential under the same rationale. But Plaintiffs do not point to a single document that they contend to have been either claimed as privileged or marked as confidential in bad faith. Nor could they: the District Court upheld many of VNA's privilege designations. *See* Order Regarding Matters Discussed at the July 19, 2023, Status Conference 1-2, ECF No. 2530, PageID.83930-31. Plaintiffs' slippery-slope concerns are thus both misplaced and inapposite.

Plaintiffs (at 8-9) separately dispute the confidential nature of the designated documents. But privileged documents are by their nature confidential. *See United*

---

materials. *Compare* Confidentiality Order 5, PageID.39387, *with id.* at 12-15, PageID.39394-97; Order 2-3, ECF No. 2722, PageID.90163-64.

*States v. Jicarilla Apache Nation*, 564 U.S. 162, 169 (2011) ("The attorney-client privilege is the oldest of the privileges for *confidential communications* known to the common law.") (quotation marks omitted) (emphasis added). The mere fact that the communications involve PR efforts does not change that.

Further, as Carrie Griffiths explained, disclosing these documents could cause competitive harm. VNA and other engineering firms devote significant resources to their legal and PR strategies. *See* Griffiths Decl. ¶ 26, PageID.95040-41. If VNA's competitors had access to documents showing VNA's approach to managing PR issues, they could modify their own procedures to compete against VNA more effectively. *See id.*

The cases Plaintiffs cite make that very point. For example, Plaintiffs cite *Cooper v. Longwood Forest Products*, 2021 WL 4894707 (S.D. Ohio May 10, 2021), for the proposition that documents are only confidential when they go to "the heart of [a] business." Opp. at 8, PageID.95955. Yet the document at issue in *Cooper* was a furniture company's *personal injury policy*—not exactly a crown jewel. The company asserted that disclosing it "would provide [its] competitors with [its] internal policies and procedures . . . and allow [those competitors] to modify their business policies accordingly." *Id.* at *3. The court agreed: "[t]he *possibility* that [its] competitors *could* use this policy for a competitive advantage, is substantial

4

enough that good cause exists." *Id.* (emphasis added). The same is true here.[3]

## III. VNA Has Shown Good Cause to Protect the PR Documents

Plaintiffs do not dispute that their challenges to the PR Documents are untimely under the plain text of the Confidentiality Order. Confidentiality Order 26, PageID.39408 ("Any challenge must be made . . . no later than the deadline for completion of fact discovery in the action in which the designation was made or sixty (60) days after the designation was made."). Instead, Plaintiffs ask the Court to delete the Order's timeliness requirements—notwithstanding that discovery in this case has been consolidated and that the parties jointly proposed the Order. Plaintiffs argue that it would be unfair to enforce the Order's plain text because the BWI trial and the BWIII trial involve different plaintiffs. But Plaintiffs' counsel stipulated to the entry of this order on behalf of *all* of their clients, and the BWIII Plaintiffs received the Challenged Documents in discovery more than three years ago. The BWIII Plaintiffs could have objected to the designations then, or they could move to modify the Confidentiality Order now. They have done neither.

Plaintiffs finally argue that the Confidentiality Order's limitations "preclude[] [them] from offering documents and making arguments in support of their claims."

---

[3] Plaintiffs also err by relying on a sealing case, *Ewalt v. Gatehouse Media Ohio Holding II, Inc.*, 2022 WL 1080772 (S.D. Ohio Apr. 11, 2022). As VNA has repeatedly explained, the "good cause" standard for sealing adjudicatory records is much more stringent than it is for discovery materials. VNA Br. 9-10, PageID.95013-14.

5

Opp. at 11, PageID.95958. That is simply false: as VNA has noted over and over, Plaintiffs are *not* precluded from using the documents for any legitimate litigation-related purposes. Because Plaintiffs' challenges are untimely, and because VNA has shown that leaking these documents to the media could cause it to suffer oppression or competitive harm,[4] the PR documents should remain confidential.

## IV. No Sanctions Are Warranted

Even if the Court finds that VNA's documents are not confidential, it should reject Plaintiffs' eleventh-hour request for Rule 37 sanctions. First, despite vaguely accusing VNA of "over designation," the fact is that Plaintiffs' current challenge involves fewer than 0.2% of the documents in VNA's productions. Second, VNA's purported mis-marking of the documents was not due to willfulness, bad faith, or fault, and there is no "clear record of delay or contumacious conduct," *i.e.*, conduct that is "perverse in resisting authority and stubbornly disobedient." *Barron v. Univ. of Mich.*, 613 F. App'x 480, 484 (6th Cir. 2014) (quotation marks omitted). Rather, as Rhiannon Campbell's Declaration makes clear, VNA engaged in a careful

---

[4] VNA also has satisfied the good-cause requirement for the PR documents. Plaintiffs gripe that it is "unclear" how dissemination of PR strategy could cause VNA oppression or competitive harm. But as the draft budgets reflect, and the Griffiths Declaration confirms, VNA and its competitors devote significant resources to developing their PR strategies. If a competitor had access to this information, that would provide a free insight into how VNA has structured its PR strategy, and the competitor could recreate that approach without expending any resources to develop that same strategy. *See Cooper*, 2021 WL 4894707, at *3.

6

process, relying in good faith on the Confidentiality Order's plain text, when designating documents and responding to confidentiality challenges. Third, VNA has been transparent in its arguments, including by disavowing any claim that it meets a "would likely cause harm" standard. *See* VNA Br. 10 n.7, PageID.95014.

Fourth, Plaintiffs have not been prejudiced by VNA's conduct. "A party is prejudiced when it is unable to secure the information requested and required to waste time, money, and effort in pursuit of cooperation which [the opposing party] was legally obligated to provide." *Barron*, 613 F. App'x at 485 (quotation marks omitted). But Plaintiffs have full access to these documents. The confidentiality designations have never hindered Plaintiffs' ability to prosecute their claims. The only prejudice Plaintiffs identify—the time spent on this dispute—is of their own doing. Plaintiffs have spent months seeking leave to leak documents to the media that they do not even intend to use in court. That is not cognizable prejudice.

Finally, although the Court noted that VNA could face sanctions if the Court found that it acted in bad faith, VNA did not do so. Rather, VNA has consistently relied on its good-faith understanding of the Confidentiality Order. VNA continues to believe that its reading of the order is not just reasonable, but correct. No court has ever held otherwise. In these circumstances, sanctions are unwarranted.

## CONCLUSION

The Court should deny Plaintiffs' motion to compel.

DATED: April 11, 2024

                                          Respectfully submitted,

| **CAMPBELL, CONROY & O'NEIL, P.C.** | **MAYER BROWN LLP** |
|---|---|
| */s/ James M. Campbell* | */s/ Michael A. Olsen* |
| James M. Campbell | Michael A. Olsen |
| Alaina N. Devine | 71 South Wacker Drive |
| 20 City Square, Suite 300 | Chicago, IL 60606 |
| Boston, MA 02129 | (312) 7012-7120 |
| (617) 241-3000 | molsen@mayerbrown.com |
| jmcampbell@campbell-trial-lawyers.com | |
| adevine@campbell-trial-lawyers.com | |

*Attorneys for Veolia North America, LLC, Veolia North America, Inc., and Veolia Water North America Operating Services, LLC.*

8

## **CERTIFICATE OF SERVICE**

      I hereby certify that on April 11, 2024, I electronically filed the foregoing Motion with the Clerk of the Court using the ECF System, which will send notification to the ECF counsel of record.

Respectfully submitted,
*/s/ James M. Campbell*
James M. Campbell
