## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | |
|---|---|
| *In Re Flint Water Cases* | No. 5:16-cv-10444-JEL-EAS |
| | HON. JUDITH E. LEVY |
| | MAG. ELIZABETH A. STAFFORD |

## CLASS PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS SETTLEMENT WITH VNA DEFENDANTS

For the reasons stated in the attached memorandum of support, and supporting declarations and exhibits, Plaintiffs, through their counsel, move[1] the Court to:

- Preliminarily approve the VNA Settlement Agreement set forth in Exhibit A to the Declaration of Theodore J. Leopold in Support of Plaintiffs' Motion ("VSA" or "VNA Settlement Agreement"), under Federal Rule of Civil Procedure 23;

- Preliminarily approve the Settlement Allocation set forth in the VNA Settlement Agreement;

- Appoint Cohen Milstein Sellers & Toll PLLC, Pitt McGehee Palmer Bonanni & Rivers, PC, and the Executive Committee as Class Counsel under Federal Rule of Civil Procedure 23(g) to represent the VNA Settlement Class;

- Conditionally certify the Settlement Class and Subclasses set forth in the VNA Settlement Agreement under Federal Rule of Civil Procedure 23(a), (b)(3), and (e);

- Appoint VNA Settlement Subclass Representatives as representatives of the VNA Settlement Class as follows:

---

[1] Pursuant to Local Rule 7.1, Class Plaintiffs sought consent in this motion from Defendants. Settling Defendants do not object to the relief in this motion.

- o Rhonda Kelso, Barbara and Darrell Davis, Tiantha Williams, and Michael Snyder, as personal representative of the Estate of John Snyder, as representatives of the Adult Exposure Subclass;
- o Elnora Carthan and David Munoz as representatives of the Property Damage Subclass; and
- o 635 South Saginaw LLC, Frances Gilcreast, and Neil Helmkay as representatives of the Business Economic Loss Subclass.

- Re-appoint the following individuals as Settlement Subclass Counsel:

  - o Vincent J. Ward of The Ward Law Firm as counsel for the Adult Exposure Settlement Subclass;

  - o Sarah R. London of Lieff Cabraser Heimann & Bernstein, LLP as counsel for the Property Damage Settlement Subclass; and

  - o Dennis C. Reich of Reich & Binstock, LLP as counsel for the Business Economic Loss Settlement Subclass.

- Authorize dissemination of the Settlement Class Notice to the Settlement Class, including the proposed form of, method of, and schedule for dissemination of the Settlement Class Notice;

- Appoint A.B. Data, Ltd. as the Notice Administrator;

- Approve the proposed modified Claim Form;

- Enter the Proposed Order submitted to the Court, including deadlines set forth for: (a) objecting to the Settlement or requesting exclusion from the Settlement Class; (b) fairness hearing; (c) filing a motion for final approval of the Settlement; and (d) petitioning the Court for attorneys' fees, expenses, and plaintiff incentive awards.

Dated: April 19, 2024                                     Respectfully submitted,

By: */s/Theodore J. Leopold*                       By: */s/ Michael L. Pitt*
Theodore J. Leopold                                    Michael L. Pitt
COHEN MILSTEIN SELLERS                      PITT MCGEHEE PALMER BONANNI
& TOLL PLLC                                              & RIVERS, P.C.
11780 U.S. Highway One, Suite N500        117 W. Fourth Street, Suite 200
Palm Beach Gardens, FL 33408                 Royal Oak, MI 48067
Telephone: (561) 515-1400                         Telephone: (248) 398-9800
tleopold@cohenmilstein.com                      mpitt@pittlawpc.com
***CO-LEAD CLASS COUNSEL***                   ***CO-LEAD CLASS COUNSEL***
 **On Behalf of Class Plaintiffs**                    **On Behalf of Individual Claimants**

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing instrument was filed with the U.S. District Court through the ECF filing system and that all parties to the above case were served via the ECF filing system on April 19, 2024.

Dated: April 19, 2024

By: */s/Theodore J. Leopold*
Theodore J. Leopold
COHEN MILSTEIN SELLERS
& TOLL PLLC
11780 U.S. Highway One, Suite N500
Palm Beach Gardens, FL 33408
Telephone: (561) 515-1400
tleopold@cohenmilstein.com

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| *In Re* Flint Water Cases | No. 5:16-cv-10444-JEL-EAS |
| | HON. JUDITH E. LEVY |
| | MAG. ELIZABETH A. STAFFORD |

# MEMORANDUM IN SUPPORT OF CLASS PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS SETTLEMENT WITH THE VNA DEFENDANTS

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ...........................................................**Error! Bookmark not defined.**

CONCISE STATEMENT OF THE ISSUES PRESENTED.......................................... iv

CONTROLLING OR MOST APPROPRIATE AUTHORITY ..................................... vi

INTRODUCTION ..................................................................................................... 1

BACKGROUND ...................................................................................................... 1
    A.    Relevant Procedural History ............................................................ 1
    B.    VNA Settlement Negotiations .......................................................... 3
    C.    The VNA Settlement......................................................................... 4
        1.    Settlement Eligibility ............................................................. 5
        2.    Process for Claims Submission............................................... 8
        3.    Allocation .............................................................................. 9

ARGUMENT ........................................................................................................ 10
    A.    The Court Should Grant Preliminary Approval of the Proposed Class
        Settlement .................................................................................... 10
        1.    The VNA Settlement is Procedurally Fair. ........................... 11
        2.    The Relief Provided to the Class Is Adequate ...................... 13
        3.    The Settlement Treats Class Members Equitably Amongst Each
            Other and Other Settlement Participants................................ 16
        4.    The Settlement is Consistent with the Public Interest ............. 17
    B.    Certification of the VNA Settlement Class and Subclasses—Substantially
        Similar to the ASA and LAN Settlement Classes—is Warranted. ...................... 18
    C.    The Court Should Approve the Notice Plan and Authorize Class Counsel
        to Disseminate Notice ................................................................... 19
    D.    The Court Should Preliminarily Approve the Plan of Allocation and the
        Modified Claim Form ................................................................... 21
    E.    Class Plaintiffs Will Seek Incentive Awards for the VNA Settlement
        Subclass Representatives ............................................................... 22

CONCLUSION..................................................................................................... 23

CERTIFICATE OF SERVICE .............................................................................. 24

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*In re Cardizem CD Antitrust Litig.*,
    218 F.R.D. 508 (E.D. Mich. 2003) ................................................................15, 16, 17

*Carson v. Am. Brands, Inc.*,
    450 U.S. 79 (1981)...........................................................................................13

*Dick v. Sprint Commc'ns Co.*,
    297 F.R.D. 283 (W.D. Ky. 2014).....................................................................11

*In re Countrywide Fin. Corp. Customer Data Sec. Breach Litig.*, No. 3:08-MD-01998,
    2010 WL 3341200, at *4 (W.D. Ky. Aug. 23, 2010) .............................................11

*In re Flint Water Cases ("ASA Final Approval")*,
    571 F. Supp. 3d 746 (E.D. Mich. 2021)...................................................... *passim*

*In re Flint Water Cases ("ASA Preliminary Approval")*,
    499 F. Supp. 3d 399 (E.D. Mich. 2021).....................................................1, 18, 19

*In re Flint Water Cases ("Issues Class Certification")*,
    558 F. Supp. 3d 459 (E.D. Mich. 2021).....................................................2, 18, 19

*In re Flint Water Cases ("LAN Preliminary Approval")*,
    No. 5:16-cv-10444, 2023 WL 7724502 (E.D. Mich. Nov. 15, 2023)............................ *passim*

*Garner Props. & Mgmt., LLC v. City of Inkster*,
    333 F.R.D. 614 (E.D. Mich. 2020) ................................................................10, 15

*Garner Props. & Mgmt., LLC v. City of Inkster*,
    No. 17-cv-13960, 2020 WL 4726938 (E.D. Mich. Aug. 14, 2020).........................................18

*Granada Invs. Inc. v. DWG Corp.*,
    962 F. 2d 1203 (6th Cir. 1992) ......................................................................17

*Griffin v. Flagstar Bancorp, Inc.*,
    No. 2:10-CV-10610, 2013 WL 6511860 (E.D. Mich. Dec. 12, 2013) ....................................17

*Hadix v. Johnson*,
    322 F.3d 895 (6th Cir. 2003) .........................................................................23

*Hainey v. Parrott*,
    617 F. Supp. 2d 668 (S.D. Ohio 2007) .............................................................12

*Int'l Union, United Auto., Aerospace, & Agr. Implement Workers of Am. v. Gen. Motors Corp.*,
497 F.3d 615 (6th Cir. 2007) ........................................................................10, 20

*In re Inter-Op Hip Prosthesis Liab. Litig.*,
204 F.R.D. 330 (N.D. Ohio 2001) ......................................................................12

*IUE-CWA v. Gen. Motors Corp.*,
238 F.R.D. 583 (E.D. Mich. 2006) .....................................................................15

*Kamakahi v. Am. Soc'y for Reprod. Med.*,
No. 3:11-CV-1781 JCS, 2016 WL 7740288 (N.D. Cal. Aug. 26, 2016)................18

*Kis v. Covelli Enters., Inc.*,
Nos. 4:18-cv-54, 4:18-cv-434, 2020 WL 2812405 (N.D. Ohio May 29, 2020) .....................17

*Mullane v. Cent. Hanover Bank & Tr. Co.*,
339 U.S. 306 (1950) ..........................................................................................20

*Olden v. Gardner*,
294 F. App'x 210 (6th Cir. 2008) .......................................................................16

*In re Packaged Ice Antitrust Litig.*,
No. 08-MD-01952, 2011 WL 717519 (E.D. Mich. Feb. 22, 2011) .......................17

*In re Polyurethane Foam Antitrust Litig.*,
168 F. Supp. 3d 985 (N.D. Ohio 2016), *appeal dismissed*, 2016 WL 6599570 (6th Cir. 2016) ......................................................................................................23

*Sheick v. Auto. Component Carrier LLC*,
No. 2:09-cv-14429, 2010 WL 4136958 (E.D. Mich. Oct. 18, 2010)......................15

*Vassalle v. Midland Funding LLC*,
708 F.3d 747 (6th Cir. 2013) .............................................................................12

*In re Whirlpool Corp. Front-loading Washer Prods. Liab. Litig.*,
No. 1:08-WP-65000, 2016 WL 5338012 (N.D. Ohio Sept. 23, 2016) ...................14

*Williams v. Vukovich*,
720 F.2d 909 (6th Cir. 1983) .............................................................................16

## OTHER AUTHORITIES

Fed. R. Civ. P. 23 .................................................................................... *passim*

Laura J. Hines, *Codifying the Issue Class Action*, 16 Nev. L.J. 625, 655 (2016).........................18

4 William B. Rubenstein, *Newberg & Rubenstein on Class Actions* § 13:44 (6th ed. 2023)........16

## CONCISE STATEMENT OF THE ISSUES PRESENTED

1. Should the Court preliminarily approve the class portions of the VNA Settlement Agreement under Federal Rule of Civil Procedure 23?

2. Should the Court conditionally certify the VNA Settlement Class and Subclasses under Federal Rule Civil Procedure 23(a), (b)(3), and (e)?

   a. Should the Court appoint Cohen Milstein Sellers & Toll PLLC, and Pitt McGehee Palmer Bonanni & Rivers, PC, and the Executive Committee, as Settlement Class Counsel under Federal Rule Civil Procedure 23(g) to represent the VNA Settlement Class?

   b. Should the Court appoint Settlement Subclass Representatives as follows?

      i. Rhonda Kelso, Barbara and Darrell Davis, Tiantha Williams, and Michael Snyder, as personal representative of the Estate of John Snyder, as representatives of the Adult Exposure Settlement Subclass;

      ii. Elnora Carthan and David Munoz as representatives of the Property Damage Settlement Subclass; and

      iii. 635 South Saginaw LLC; Frances Gilcreast; and Neil Helmkay as representatives of the Business Economic Loss Settlement Subclass.

   c. Should the Court re-appoint the following individuals as Settlement Subclass Counsel for purposes of the VNA Settlement:

      i. Vincent J. Ward of The Ward Law Firm, as counsel for the Adult Exposure Settlement Subclass;

      ii. Sarah R. London of Lieff Cabraser Heimann & Bernstein, LLP, as counsel for the Property Damage Settlement Subclass; and

      iii. Dennis C. Reich of Reich & Binstock, LLP, as counsel for the Business Economic Loss Settlement Subclass.

3.      Should the Court appoint A.B. Data, Ltd. as the Notice Administrator and approve the Notice, Notice plan, and modified Claim Form?

## CONTROLLING OR MOST APPROPRIATE AUTHORITY

- Federal Rule of Civil Procedure 23

- *In re Flint Water Cases ("ASA Preliminary Approval")*, 499 F. Supp. 3d 399 (E.D. Mich. 2021)

- *In re Flint Water Cases ("Issues Class Certification")*, 558 F. Supp. 3d 459 (E.D. Mich. 2021)

- *In re Flint Water Cases ("ASA Final Approval")*, 571 F. Supp. 3d 746 (E.D. Mich. 2021)

- *In re Flint Water Cases ("LAN Preliminary Approval")*, No. 5:16-cv-10444, 2023 WL 7724502 (E.D. Mich. Nov. 15, 2023)

- *Hainey v. Parrott*, 617 F. Supp. 2d 668 (S.D. Ohio 2007)

- *Olden v. Gardner*, 294 F. App'x 210 (6th Cir. 2008)

- *In re Cardizem CD Antitrust Litig.*, 218 F.R.D. 508 (E.D. Mich. 2003)

## INTRODUCTION

Class Plaintiffs have reached a settlement with VNA,[1] by which VNA will contribute $25 million to Class Plaintiffs via the existing Court-monitored Qualified Settlement Fund ("QSF").[2] These funds will be distributed to new and existing claimants using infrastructure and procedures established by the ASA. Class Plaintiffs believe this settlement is the best possible outcome and appropriately accounts for the risk of going to trial. Accordingly, Class Plaintiffs request that the Court preliminarily approve the VNA Settlement.

## BACKGROUND

### A. Relevant Procedural History

The extensive and protracted procedural history of this case has been detailed in rulings from this Court,[3] obviating the need for an extensive discussion here. As

---

[1] Veolia North America, LLC, Veolia North America, Inc., and Veolia Water North America Operating Services, LLC (collectively "VNA").

[2] The QSF was established in connection with Plaintiffs' settlement with the state and local government entities, as well as Rowe Professional Services Company and McLaren Hospital ("State & Local Government Settlement" or "ASA"). *See* ASA, ECF No. 1394-2; Ex. A, VNA Settlement Agreement ¶¶ 2.1, 5.1-2. All capitalized terms defined in the Settlement Agreement (referred to as the "VNA Settlement Agreement", "Settlement Agreement", "VSA", "Settlement" or "Agreement" throughout), attached as Exhibit A, have the same definitions set forth in that Agreement. Unless otherwise noted, all exhibits referenced herein are those listed in the Declaration of Theodore J. Leopold in support of this motion.

[3] *See In re Flint Water Cases ("ASA Preliminary Approval")*, 499 F. Supp. 3d 399 (E.D. Mich. 2021); *In re Flint Water Cases ("LAN Preliminary Approval")*, No. 5:16-cv-10444, 2023 WL 7724502 (E.D. Mich. Nov. 15, 2023).

is relevant to this motion, in 2021, the Court approved a settlement with all but two Defendants[4]—the private engineering firms LAN[5] and VNA—against whom litigation continued.[6]

Also in 2021, after extensive discovery and briefing, the Court certified an Issues Class to determine, on a class-wide basis, several critical liability determinations.[7] Further discovery and briefing of summary judgment and *Daubert* motions ensued, and an Issues Class trial as to the claims against LAN and VNA was scheduled to begin February 13, 2024, after which, if the Class succeeded, subsequent proceedings would be required to assess damages to Class Members. Class Plaintiffs and Individual Plaintiffs[8] ultimately reached a settlement with LAN in July 2023, seven months before the Issues Class trial.[9]

---

[4] *See In re Flint Water Cases ("ASA Final Approval")*, 571 F. Supp. 3d 746 (E.D. Mich. 2021).

[5] Leo A. Daly Company, Lockwood Andrews and Newnam, Inc. and Lockwood and Newnam, P.C. (collectively "LAN").

[6] Parallel litigation against the United States of America and the United States Environmental Protection Agency for their role in the Flint Water Crisis also remains ongoing.

[7] *In re Flint Water Cases ("Issues Class Certification")*, 558 F. Supp. 3d 459 (E.D. Mich. 2021).

[8] Individual Plaintiffs are not part of this settlement.

[9] The LAN Settlement was preliminarily approved on November 15, 2023, *LAN Preliminary Approval*, 2023 WL 7724502, and a fairness hearing was held on March 14, 2024.

Class Plaintiffs and VNA continued litigating in anticipation of trial. The parties ultimately reached a settlement in late January 2024, after motions in *limine* had been decided, after the Court had ruled on various evidentiary matters bearing on the upcoming trial, after jury selection had begun, and with the scheduled jury trial less than three weeks away from commencing.

### B. VNA Settlement Negotiations

In January 2018, the Court appointed two Mediators—former Wayne County Circuit Court Judge Pamela Harwood and former U.S. Senator Carl Levin—to facilitate settlement discussions among the parties, including VNA.[10] Plaintiffs ultimately reached settlements with all other defendants but continued litigating against VNA. Beginning in early 2023, Class Plaintiffs, Individual Plaintiffs, and VNA engaged in settlement negotiations under the supervision of a highly experienced mediator, Eric D. Green of Resolutions, LLC. The parties conducted two in-person sessions and numerous follow-up discussions via Zoom, telephone, and email during 2023. During the mediation and follow-up discussions that resulted in the VNA Settlement, the parties discussed various potential settlement structures, including the possibility of a global settlement that would include all parties to the litigation. The parties were unable to agree upon any global settlement.

---

[10] In July 2018, the Court appointed Special Master Deborah Greenspan to assist with certain pre-trial matters, ECF Nos. 524 & 544, and she has managed certain structural aspects of the settlement process.

Class Plaintiffs and VNA then discussed the possibility of a settlement of Class Plaintiffs' claims only. After extensive discussion, Class Plaintiffs and VNA were ultimately able to agree upon the resolution of Class Plaintiffs' claims in exchange for the $25 million. After careful consideration of the settlement value against the risk of no recovery at all, Class Plaintiffs and Class Counsel concluded that it is in the Class's best interests to compromise and settle all claims against VNA as reflected in the terms and benefits of this VNA Settlement Agreement.[11]

### C. The VNA Settlement

The VNA Settlement—the result of many years of litigation and Court supervised negotiations—contributes $25 million to Class Members via the Court-monitored QSF established by the ASA. VSA ¶¶ 2.1, 5.1-2. The VNA Settlement resolves class claims of Flint Adults, property owners, lessees and persons legally responsible for the payment of water bills,[12] and businesses, who will be eligible to make claims from the compensation fund for personal injuries, and property and business damages. VSA ¶ 5.3. Class Members who registered and made claims under either the ASA or LAN Settlement Agreement ("LSA"), ECF No. 2827-2, will

---

[11] As settlement discussions progressed, Class Counsel re-engaged Subclass Settlement Counsel ("SSC") previously appointed by the Court for the State & Local Government Settlement. *See* Am. Order Granting Class Pls.' Renewed Mot., Sept. 5, 2019, ECF No. 937; *LAN Preliminary Approval*, 2023 WL 7724502, at *13-14.

[12] For simplicity, property owners, lessees, and persons responsible for the payment of water bills are sometimes referred to collectively as "property owners."

be considered for compensation from the VNA Settlement's net proceeds[13] without needing to take any further action to supplement their claims. Class Members who did not make claims under the ASA or LSA will have the opportunity to submit claims as to VNA Settlement funds. The proposed Notice program, discussed herein, will provide VNA Settlement Class Members with information about how to go about submitting a claim as well as other procedural rights they have pertaining to the settlement.

These provisions and others are described more fully below and in the attached exhibits.

### 1. Settlement Eligibility

The VNA Settlement Program adopts the administrative compensation system established by the ASA (and likewise adopted by the LSA), which defines the types of claims that are eligible for payment and the documentation required to support those claims. All prior registrants in the ASA Settlement Program "shall be deemed registrants for purposes of the VNA Settlement (excluding all Individual Plaintiffs listed in Exhibit 1 to the ASA), and the documentation submitted by such persons and any prior eligibility or classification determinations made under the ASA shall be applicable to the VNA Settlement," although "[a] prior registrant in the

---

[13] Net settlement proceeds are those funds remaining after deduction of fees and expenses. VSA ¶ 5.3.

5

Settlement Program set forth in the ASA not wishing to participate in the VNA Settlement Program, may be excluded from the VNA Settlement Program … by requesting exclusion as set forth in the court-approved notice." VSA ¶ 3.1. Class Members that did not register for the Settlement Program under either ASA or LSA are eligible to participate in the VNA Settlement Program by complying with the terms of Article 3 of the ASA, as modified under the VSA. *Id.* ¶ 3.2. Each eligible person who has not previously registered will have ninety (90) days from this Court's grant of preliminary approval to submit a claim form. *Id.* ¶¶ 3.3-3.4.

The VNA Settlement Class is defined as follows:

**Settlement Class:** All persons or entities who are or could be claiming personal injury, property damage, business economic loss, unjust enrichment, breach of contract, or seeking any other type of damage or relief because at any time during the Exposure Period (February 10, 2015 through July 31, 2016) if they: (1) were an Adult (at least eighteen years old) who owned or lived in a residence that received water from the Flint Water Treatment Plant or were legally liable for the payment of such water; (2) were an Adult who owned or operated a business including income earning real property and any other businesses, that received water from the Flint Water Treatment Plant or were legally liable for the payment for such water and who are claiming or could claim a resulting business economic loss; or (3) (i) were an Adult during the Exposure Period or (ii) became an Adult on or before January 31, 2024, the date of the execution of the VNA Settlement, and (iii) ingested or came into contact with water received from the Flint Water Treatment Plant and are claiming or could claim a resulting personal injury.

Excluded from the Settlement Class are: (1) Defendants; (2) the judicial officers to whom this case is assigned in the Federal Court, Genesee County Circuit Court, and Court of Claims, their staff, and the members of their immediate families; (3) all Individual Plaintiffs listed on

Exhibit 1 to the ASA (except with respect to any individuals on Exhibit 1 represented by Class Counsel); and (4) all persons who timely and validly elect to opt-out of the Settlement Class.

**Adult Exposure Subclass:** All persons (i) who were an Adult during the Exposure Period or (ii) became Adults on or before January 31, 2024 the date of the execution of the binding term sheet for the VNA Settlement Agreement, and (iii) who ingested or came into contact with water received from the Flint Water Treatment Plant at any time during the Exposure Period and who are claiming or could claim a resulting personal injury. All adults listed on Exhibit 1 to the ASA are excluded from this Subclass.

**Business Economic Loss Subclass:** All Adults or entities who owned or operated a business, including income earning real property and any other businesses, that received water from the Flint Water Treatment Plant or were legally liable for the payment for such water at any time during the Exposure Period and who are claiming or could claim a resulting business economic loss. Excluded from the Business Economic Loss Subclass are all local, state, or federal government offices or entities and any individual or entity listed on Exhibit 1 to the ASA.

**Property Damage Subclass:** All adults or entities who owned or lived in a residence that received water from the Flint Water Treatment Plant, or were legally liable for the payment for such water, at any time during the Exposure Period. Excluded from the Property Damage Subclass are all local, state, or federal government entities which own real property and any individual or entity listed on Exhibit 1 to the ASA.

VSA ¶ 7.2.

The VNA Settlement Agreement's class definition is substantially similar to the definition utilized in the ASA and LSA, once again including Adult Exposure, Business Economic Loss, and Property Damage Subclasses. *Id.* The Exposure Period under VSA begins later to account for the start of VNA's work in Flint in

February 2015. *Compare id.*, *with* ASA ¶¶ 1.21, 1.72.[14] Further, the exposure period under the VSA ends on July 31, 2016, VSA ¶ 7.2, which is significantly earlier than under the ASA and LSA, *see* ASA ¶ 1.21 ("'Exposure Period' means April 25, 2014 to the Execution Date.").[15] However, the VSA further provides that the Adult Exposure Subclass includes those who "(i) were an Adult during the Exposure Period or (ii) became an Adult on or before January 31, 2024, the date of the execution of the binding term sheet for the VNA Settlement Agreement," VSA ¶ 7.2, thus effectively extending the definition of "Adult" for that subclass by an additional three years beyond the subclass definition from the ASA and LSA. *Compare id.*, *with* ASA ¶ 1.4.

## 2. Process for Claims Submission

Class members who did not participate under the ASA or LSA can participate in the VNA Settlement by signing and returning a claim form within ninety (90) days of the Court's Preliminary Approval Order, which will be reviewed under the existing rules and procedures with some minor modifications, including equitable adjustments to the amount of supporting evidence required to support a claim and to

---

[14] *See also* LSA ¶¶ 1.11, 8.7, 8.10.1 (adopting class definition in the ASA).

[15] "'Execution Date' means the earliest date by which all Plaintiffs' Counsel and Defendants' Counsel have signed this Settlement Agreement." ASA ¶ 1.20. The Execution Date of the ASA is November 16, 2020. *See* ECF No. 1394-2, PageID.54195-201.

the settlement categories grid. VSA Art. 3. All registrants with the ASA and/or LSA

Settlement Program are considered registrants with the VNA Settlement and any

prior eligibility or classification determinations "shall be applicable to the VNA

Settlement, except as modified herein with respect to Class Plaintiffs." *Id.* ¶ 3.1.

Specifically, registrants who have already completed a registration form and claim

form will not have to do anything further. Registrants will have their claims

reconsidered under the revised rules and procedures. Such revisions include

equitable adjustments to the amount of supporting evidence required to support a

claim and to the settlement categories grid. *See* Ex. E, Schachter Decl., Attach. 1

(modified claim form). This Court previously approved the claims process in

approving the ASA. *ASA Final Approval*, 571 F. Supp. 3d at 781.

### 3. Allocation

After deducting attorneys' fees and costs from the $25 million designated to

Class Plaintiffs, the net funds will be allocated among the subclasses as follows:

- Adult Exposure Subclass – 48%;

- Property Damage Subclass – 50%; and

- Business Economic Loss Sub-Qualified Settlement Fund – 2%.

VSA ¶ 5.3.

## ARGUMENT

### A. The Court Should Grant Preliminary Approval of the Proposed Class Settlement

Preliminary approval requires only a determination of whether it is "likely" the Court will be able to approve the settlement under Federal Rule of Civil Procedure 23(e). *Garner Props. & Mgmt., LLC v. City of Inkster*, 333 F.R.D. 614, 627 (E.D. Mich. 2020). Under Rule 23(e), court approval is appropriate if the settlement "is fair, reasonable, and adequate." Fed. R. Civ. P. 23(e)(2). Relevant factors to making this determination include whether: "(A) the class representatives and class counsel have adequately represented the class; (B) the proposal was negotiated at arm's length; (C) the relief provided for the class is adequate . . . ; and (D) the proposal treats class members equitably relative to each other." *Id*.[16] Factors A and B relate to the "procedural" fairness of the proposed settlement while C and

---

[16] Historically, courts in the Sixth Circuit have considered factors comparable to those in Rule 23(e)(2) in determining whether a settlement is approvable. *See Int'l Union, United Auto., Aerospace, & Agr. Implement Workers of Am. v. Gen. Motors Corp.*, 497 F.3d 615, 631 (6th Cir. 2007) ("Several factors guide the inquiry: (1) the risk of fraud or collusion; (2) the complexity, expense and likely duration of the litigation; (3) the amount of discovery engaged in by the parties; (4) the likelihood of success on the merits; (5) the opinions of class counsel and class representatives; (6) the reaction of absent class members; and (7) the public interest."). The Advisory Committee Notes acknowledge these judicially created standards, explaining that the newly enumerated Rule 23(e) factors are "core concerns" in every settlement and were not intended to displace a court's consideration of other relevant factors in a particular case. Fed. R. Civ. P. 23 Advisory Comm. Note (2018 Amendments).

D address it's "substantive" adequacy. Here, all four factors weigh in favor of approval.

### 1.  The VNA Settlement is Procedurally Fair.

Relevant considerations to assessing procedural fairness include: the expertise of plaintiffs' counsel, the information available to counsel negotiating the settlement, the stage of the litigation and amount of discovery taken, the pendency of other litigation concerning the subject matter, the length of the negotiations, whether a mediator or other neutral facilitator was used, the manner of negotiation, and whether attorneys' fees were negotiated with the defendant and, if so, how they were negotiated and their amount. Fed. R. Civ. P. 23 Advisory Comm. Note (2018 Amendments). These considerations all support the procedural fairness of the VNA Settlement.

Class Counsel—all experienced attorneys—have litigated this case for eight years. In that time, extensive discovery and briefing has occurred. As a result, Counsel have developed a keen understanding of the relevant legal issues at hand and a thorough understanding of the factual record. Class Counsel's opinion regarding the adequacy of the VNA Settlement therefore weighs in favor of preliminary (and final) approval. *See, e.g.*, *Dick v. Sprint Commc'ns Co.*, 297 F.R.D. 283, 296 (W.D. Ky. 2014) ("Giving substantial weight to the recommendations of experienced attorneys, who have engaged in arms-length settlement negotiations, is

appropriate. . . ." (quoting *In re Countrywide Fin. Corp. Customer Data Sec. Breach Litig.*, No. 3:08-MD-01998, 2010 WL 3341200, at \*4 (W.D. Ky. Aug. 23, 2010))).

Likewise, SSC (also comprised of experienced counsel) worked diligently to apprise themselves of the relevant legal and factual issues impacting their respective subclasses.[17] And, as under the ASA and LSA, the VNA Settlement Class and Subclasses "have common interests with unnamed members of the class," and have "vigorously prosecute[d] the interests of the class through qualified counsel." *Vassalle v. Midland Funding LLC*, 708 F.3d 747, 757 (6th Cir. 2013) (internal quotation marks and citation omitted); *see also In re Inter-Op Hip Prosthesis Liab. Litig.*, 204 F.R.D. 330, 343 (N.D. Ohio 2001) (granting preliminary approval where subclass representatives ensured adequate representation).

Finally, the negotiations that led to the VNA Settlement were conducted at arm's-length with the assistance of two experienced neutral Mediators initially and an additional mediator beginning in early 2023. "The participation of an independent mediator in the settlement negotiations virtually insures that the negotiations were conducted at arm's-length and without collusion between the parties," and therefore "weighs in favor of approving the settlement." *Hainey v. Parrott*, 617 F. Supp. 2d 668, 673 (S.D. Ohio 2007); *see also* 2 McLaughlin on Class Actions § 6:7 (19th ed. 2022); *ASA Final Approval*, 571 F. Supp. 3d at 780.

---

[17] *See generally* Ex. B, London Decl.; Ex. C, Reich Decl.; Ex. D, Ward Decl.

## 2.  The Relief Provided to the Class Is Adequate

The relief provided to the VNA Settlement Class and Subclasses consists of a contribution by VNA of $25 million for Class Plaintiffs into the fund established by the State & Local Government Settlement. Class Counsel and SSC believe that this payment is adequate relief for the Settlement Class and Subclasses.

Generally, in evaluating a proposed class settlement, the court does "not decide the merits of the case or resolve unsettled legal questions." *Carson v. Am. Brands, Inc.*, 450 U.S. 79, 88 n.14 (1981). Consideration of the relevant sub-factors under Rule 23(e)(2)(C)[18] counsels in favor of preliminary approval of the Settlement.

### a.  Effectiveness of Any Proposed Method of Distributing Relief to the Class, Including the Method of Processing Class Member Claims

The claims process allows both determination of awards based on objective factors evaluated by the Claims Administrator in consultation with the Special Master and the right to appeal any unfavorable decision by Claims Administrator. ASA ¶¶ 3.13-14; Ex. E, Attach. 1 (modified claim form). The Court has already appointed and approved the engagement of experienced firms to conduct claims review. The VNA Settlement utilizes this existing structure which, as the Court has

---

[18] These include (i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims, if required; (iii) the terms of any proposed award of attorney's fees, including timing of payment; and (iv) any agreement required to be identified under Rule 23(e)(3). Fed. R. Civ. P. 23(e)(2)(C).

previously held, "contains clear processes and procedures for individuals to register." *ASA Final Approval*, 571 F. Supp. 3d at 781.

### b.  The Terms of Any Proposed Award of Attorneys' Fees, Including Timing of Payment

The Settlement provides that attorneys' fees shall be paid solely out of the Settlement Funds subject to court approval. VSA ¶ 9.1; ASA Art. XI; *see also* Fed. R. Civ. P. 23(h). Pursuant to the schedule set forth in the Proposed Order, attached as Ex. F, Class Counsel will file a motion for attorneys' fees for the Court to consider in making that determination within forty-five (45) days of an order granting preliminary approval—substantially prior to the deadline to opt out or object to the Settlement, and prior to final approval—and posted to the Settlement website so that the motion and supporting materials can be considered by Class Members in deciding how to exercise their rights under the Settlement.[19] *Cf. In re Whirlpool Corp. Front-loading Washer Prods. Liab. Litig.*, No. 1:08-WP-65000, 2016 WL 5338012, at *19 (N.D. Ohio Sept. 23, 2016) (addressing attorney fee motion in conjunction with final approval).

---

[19] The fact that Counsel will be asking for attorneys' fees and the reimbursement of costs is expressly noted in the proposed Notice. The proposed Notice also provides additional information for when the motion for attorneys' fees will be filed and how Class Members can access that information.

### c. The Costs, Risks, and Delay of Trial and Appeal

The Court should assess adequacy of relief to the class "with regard to a 'range of reasonableness,' which 'recognizes the uncertainties of law and fact in any particular case and the concomitant risks and costs inherent in taking any litigation to completion.'" *Sheick v. Auto. Component Carrier LLC*, No. 2:09-cv-14429, 2010 WL 4136958, at *15 (E.D. Mich. Oct. 18, 2010) (quoting *IUE-CWA v. Gen. Motors Corp.*, 238 F.R.D. 583, 594 (E.D. Mich. 2006)). These risks must be weighed against the settlement consideration: here the certainty of a cash settlement of $25 million, which will add to the fund established by the ASA and supplemented by the LSA.

Class Counsel and SSC believe that the Settlement is an excellent result, particularly when weighed against the time and costs of continued litigation.[20] Plaintiffs are optimistic about the likelihood of ultimate success in this case, but success is never certain. VNA is represented by experienced counsel and undoubtedly would continue contest liability and appeal any contrary result. Weighing the VNA Settlement's benefits against the risks and costs of continued litigation tilts the scale toward approval. *See Garner Props.*, 333 F.R.D. at 627.

"Settlements should represent 'a compromise which has been reached after the risks, expense and delay of further litigation have been assessed.'" *In re Cardizem CD Antitrust Litig.*, 218 F.R.D. 508, 523 (E.D. Mich. 2003) (quoting

---

[20] London Decl. ¶ 8-9; Reich Decl. at ¶ 8; Ward Decl. ¶¶ 8-9.

*Williams v. Vukovich*, 720 F.2d 909, 922 (6th Cir. 1983)), *appeal dismissed*, 391 F.3d 812 (6th Cir. 2004). Significantly, "the prospect of a trial necessarily involves the risk that Plaintiffs would obtain little or no recovery." *Id.* at 523. This is particularly true for class actions, which are inherently complex. 4 William B. Rubenstein, *Newberg & Rubenstein on Class Actions* § 13:44 (6th ed. 2023) ("The law favors settlement, particularly in class actions and other complex cases"); *Olden v. Gardner*, 294 F. App'x 210, 217 (6th Cir. 2008) (finding this factor favored approval where trial "most likely would have been a lengthy proceeding involving complex scientific proof").[21] Moreover, even after winning the Issues Class trial, Class Plaintiffs would still have to litigate damages, which would entail multiple subsequent trials. And, of course, even if successful in the damages phase, VNA can (and likely would) appeal any adverse rulings, entailing even more litigation risk and further delaying recovery for the Class.

### 3. The Settlement Treats Class Members Equitably Amongst Each Other and Other Settlement Participants

The VNA Settlement treats Class Members equitably because "apportionment of relief among class members takes appropriate account of differences among their

---

[21] As the case is ongoing until final approval is granted, it is not appropriate to discuss with any specificity Class Counsel's analysis of the risks of litigation as Defendants could seek to use any such disclosures against Plaintiff going forward if final approval is not granted. Class Counsel believe that at this point it is sufficient to state that complex litigation of this scope has certain inherent risks that the VNA Settlement at least partially negates.

claims." *Kis v. Covelli Enters., Inc.*, Nos. 4:18-cv-54, 4:18-cv-434, 2020 WL 2812405, at *5 (N.D. Ohio May 29, 2020) (quoting Fed. R. Civ. P. 23(e)(2)(D), Advisory Committee Note 2018 Amendments). Indeed, the VNA Settlement adopts the same program established by the ASA, which this Court previously found equitable, *ASA Final Approval*, 571 F. Supp. 3d at 782, and which this Court found appropriate for extension to the settlement with LAN, *LAN Preliminary Approval*, 2023 WL 7724502, at *11.

The VNA Settlement modifies the detailed grid from the ASA (*see* ASA Ex. 8, Settlement Categories Grid, ECF No. 1319-2), simplifying the methods of proof required for a claim to be approved. *See* Ex. E, Attach. 1 (modified claim form). This adjustment will increase the number of participating Class Members.

### 4.  The Settlement is Consistent with the Public Interest

"[T]here is a strong public interest in encouraging settlement of complex litigation and class action suits because they are 'notoriously difficult and unpredictable' and settlement conserves judicial resources." *Cardizem*, 218 F.R.D. at 530 (quoting *Granada Invs. Inc. v. DWG Corp.*, 962 F. 2d 1203, 1205 (6th Cir. 1992)). *Accord Griffin v. Flagstar Bancorp, Inc.*, No. 2:10-CV-10610, 2013 WL 6511860, at *5 (E.D. Mich. Dec. 12, 2013); *In re Packaged Ice Antitrust Litig.*, No. 08-MD-01952, 2011 WL 717519, at *12 (E.D. Mich. Feb. 22, 2011). Moreover, the public interest is best served in this case by providing additional relief to Class

Members and members of the Flint community as expeditiously as possible. *Cf. Garner Props. & Mgmt., LLC v. City of Inkster*, No. 17-cv-13960, 2020 WL 4726938, at \*10 (E.D. Mich. Aug. 14, 2020). Plaintiffs submit that there is no countervailing public interest that provides a reason to disapprove the proposed settlement. Thus, this factor also supports approval.

### B. Certification of the VNA Settlement Class and Subclasses—Substantially Similar to the ASA and LAN Settlement Classes—is Warranted.

The Court has already held that the ASA Settlement Class and Subclasses satisfy all of the criteria for certification under Fed. R. Civ. P. 23(e)(1)(B), and has preliminary concluded the same for the LAN Settlement Class and Subclasses.[22] The

---

[22] *ASA Preliminary Approval*, 499 F. Supp. 3d at 420-26 (finding 23(a) numerosity, commonality, typicality, and adequacy requirements and 23(b) predominance, superiority, and ascertainability requirements were met); *ASA Final Approval*, 571 F. Supp. 3d at 792; *LAN Preliminary Approval*, 2023 WL 7724502, at \*3-9. The Court also certified a Multi-Defendant Issues Class as to these claims against VNA, *Issues Class Certification*, 558 F. Supp. 3d 459, and, ordinarily, re-certification for purposes of settlement approval is unnecessary, *see* 4 William B. Rubenstein, Newberg & Rubenstein on Class Actions § 13:16 (6th ed. 2023).

However, the class certified as to VNA was an issue class under Rule 23(c)(4) with a different definition than the Settlement Class previously certified and again sought here. Here too there are Settlement Subclasses, with subclass representatives, who are not representatives of the certified Issues Class. Therefore, while prior certification of an issues class supports subsequent certification of a settlement class, the Class requests certification of a Settlement Class in connection with preliminary approval. *See, e.g.*, Laura J. Hines, *Codifying the Issue Class Action*, 16 Nev. L.J. 625, 655 (2016); *Kamakahi v. Am. Soc'y for Reprod. Med.*, No. 3:11-CV-1781 JCS, 2016 WL 7740288, at \*2 (N.D. Cal. Aug. 26, 2016).

VNA Settlement seeks to re-certify a substantially similar class, with narrower exposure period and slightly larger Adult Injury Subclass. *Compare* VSA ¶ 7.2, *with* ASA ¶ 1.72; LSA ¶ 8.7 (adopting ASA class definition). Accordingly, there is little question as to whether questions of numerosity, commonality, typicality, adequate representation, and predominance are "likely" to weigh in favor of certification here. Moreover, to the extent the Settlement Class's claims against VNA differ in any way from those resolved by the ASA, the Court has already found that common questions of law and fact exist. *See Issues Class Certification*, 558 F. Supp. 3d at 502-03.

These are precisely the types of questions that courts in this Circuit and others have found sufficient to satisfy the commonality requirement. As this Court has found before, the commonality requirement is met in this case. *Id.* at 504; *ASA Preliminary Approval*, 499 F. Supp. 3d at 421-22; *ASA Final Approval*, 571 F. Supp. 3d at 787-88.

### C. The Court Should Approve the Notice Plan and Authorize Class Counsel to Disseminate Notice

Rule 23(e) class settlement notice "must clearly and concisely state in plain, easily understood language:" (1) the nature of the action; (2) the class definition; (3) the class claims, issues, or defenses; (4) that a class member may enter an appearance through counsel; (5) that the court will exclude from the class any member who validly requests exclusion; (6) the time and manner for requesting exclusion; and (7)

the binding effect of a class judgment on class members under Rule 23(c)(3). Fed.

R. Civ. P. 23(c)(2)(B).

Notice must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *UAW v. Gen. Motors Corp.*, 497 F.3d at 629 (quoting *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950)). Notice of the VNA Settlement ("Notice"), *see* Ex. E, Attach. 1, meets these requirements.

The Notice clearly and concisely summarizes the Settlement, the available benefits, the actions that Class Members must take to participate in the Settlement, and the relevant deadlines. It lays out the Settlement Class definition and explains that Class Members may request exclusion from the Settlement or object. *Id.* ¶¶ 7-8, 15-17, 22. Likewise, the Notice describes other procedural rights available to members of the Proposed Settlement Class. *Id.* ¶¶ 11-14. The Notice also directs recipients to a website dedicated specifically to the Settlement where they can access additional information. *Id.* ¶ 26.

Further, to minimize confusion, a short-form notice ("Summary Notice") will be sent out to Class Members who have already submitted claims packages for the previous settlements, which includes information about the settlement, how to opt-out or object, and when the Court will hold the fairness hearing. *See* Ex. E, Attach. 2. The Summary Notice also includes contact information, such as a toll-free number

and the settlement website, should the recipient believe they have not already filed a claim or be unsure.[23]

A.B. Data, an experienced notice administrator, will manage Notice for the Settlement, which will be mailed to all Class Members. Schachter Decl. ¶¶ 5-9. Prior to mailing Notice, A.B. Data will confirm all known addresses to the best of its ability using the National Change of Address database. *Id.* ¶ 8. Notices returned as undeliverable will be re-mailed to any new address available through postal service information. *Id.* ¶ 9. Notice will also be mailed to any person who requests one through the toll-free phone number or by mail and will be available on the website. Notice ¶ 13.

For these reasons, Plaintiffs request that the Court approve the Notice and Notice Plan and appoint A.B. Data as the Notice Administrator in this case. A proposed timeline for Notice and final approval is provided in the Proposed Order.

### D. The Court Should Preliminarily Approve the Plan of Allocation and the Modified Claim Form

The plan of allocation reflects Class Counsel's and the SSC's reasonable judgment about the relative value of the different claims being settled and the arm's-

---

[23] Summary Notice will also be published once in *The Flint Journal* and the *Flint Courier News* to provide notice to any Class Members who may have relocated or are otherwise unreachable by direct mail. Schachter Decl. ¶ 10.

length negotiations between the Parties.[24] Indeed, the SSC specifically took both the total number and values of claims submitted under each subclass category thus far, adjusting the allocations to reflect the overall strength of each subclass's claims in light of the claims process's development thus far.[25] The VNA Settlement's allocation plan is thus equitable and balances the best interests of all eligible participants. The Court should grant preliminary approval accordingly.

Further, claim forms will be sent to unregistered class members, substantially in the form of ASA Exhibits 2 and 5 but simplified. *See* Ex. E, Attach. 1 (modified claim form). These forms, as well as other pertinent information about the Settlement, will be available on the Settlement website[26] and upon request. The Notice advises unregistered Class Members of how they can submit the claim forms, and the deadline for doing so. Notice ¶ 11. Plaintiffs request that the Court approve the modified claim form.

### E. Class Plaintiffs Will Seek Incentive Awards for the VNA Settlement Subclass Representatives

Class Counsel believe that the Court should award the subclass representatives service awards to recognize the time, effort, and expense they

---

[24] *See generally* London Decl. ¶ 5-7; Reich Decl. ¶ 5-7; Ward Decl. ¶ 5-8.

[25] London Decl. ¶ 5; Reich Decl. ¶ 5; Ward Decl. ¶ 5.

[26] *Flint Water Office Settlement Website*, The Claims Administrator, officialflintwatersettlement.com (last visited Apr. 19, 2024).

incurred pursuing claims on behalf of the entire class.[27] This included sitting for depositions (for some representatives, multiple depositions) during which their medical histories were closely scrutinized, and in some instances, allowing extensive and invasive inspections of their homes. Class representatives will request a service award of up to $10,000 to be taken from the sum paid to the VNA Settlement Class. Plaintiffs will submit this request along with the fee application, which is prior to the deadline for class members to object or opt-out and will be subject to Court approval.

## CONCLUSION

For the foregoing reasons, Class Plaintiffs respectfully request that the Court grant the relief requested herein.

Dated:  April 19, 2024                                   Respectfully submitted,

By: */s/Theodore J. Leopold*                    By: */s/ Michael L. Pitt*            
Theodore J. Leopold                          Michael L. Pitt
COHEN MILSTEIN SELLERS          PITT MCGEHEE PALMER BONANNI
& TOLL PLLC                         & RIVERS, P.C.
11780 U.S. Highway One, Suite N500   117 W. Fourth Street, Suite 200
Palm Beach Gardens, FL 33408       Royal Oak, MI 48067
Telephone: (561) 515-1400          Telephone: (248) 398-9800
tleopold@cohenmilstein.com        mpitt@pittlawpc.com
***CO-LEAD CLASS COUNSEL***       ***CO-LEAD CLASS COUNSEL***

---

[27] Incentive awards are justified as a reward for the efforts that lead plaintiffs take on behalf of the class. *Hadix v. Johnson*, 322 F.3d 895, 897 (6th Cir. 2003); *In re Polyurethane Foam Antitrust Litig.*, 168 F. Supp. 3d 985, 1000 (N.D. Ohio 2016) (noting "the Sixth Circuit has endorsed the use of incentive awards"), *appeal dismissed*, 2016 WL 6599570 (6th Cir. 2016).

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing instrument was filed with the U.S. District Court through the ECF filing system and that all parties to the above case were served via the ECF filing system on April 19, 2024.

Dated: April 19, 2024

By: */s/Theodore J. Leopold*
Theodore J. Leopold
COHEN MILSTEIN SELLERS
& TOLL PLLC
11780 U.S. Highway One, Suite N500
Palm Beach Gardens, FL 33408
Telephone: (561) 515-1400
tleopold@cohenmilstein.com