UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In Re Flint Water Cases                    No. 5:16-cv-10444-JEL-EAS

HON. JUDITH E. LEVY

MAG. JUDGE ELIZABETH A. STAFFORD

_____

## VNA SETTLEMENT AGREEMENT

## PREAMBLE

This VNA Settlement Agreement is made and entered into by and between Class Plaintiffs, certain Individual Claimants, a list of whom is attached to this settlement agreement as Ex. A, and VNA, who are parties to multiple lawsuits in state and federal court, including *In re Flint Water Cases*, Case No. 5:16-cv-10444-JEL-MKM (E.D. Mich.).  This Settlement Agreement is intended by the Parties to fully, finally, and forever resolve, discharge, and settle all Released Claims against the Released Parties, as set forth below, subject to review and approval by the Federal Court and Genesee County Circuit Court.[1]

## Recitals

### Class Plaintiffs

A.    Class Plaintiffs' and Individual Claimants' multiple lawsuits and claims, which were filed in, removed to, transferred to, or included as part of the claims process in the United States District Court for the Eastern District of Michigan, have become known as *In re Flint Water Cases*, Case No. 5:16-cv-10444 (E.D. Mich.). Interim Co-Lead Class Counsel for the Putative Class filed a Fifth Consolidated Amended Class Complaint for Injunctive and Declaratory Relief, Money Damages, and Jury Demand in *Carthan v. Governor Rick Snyder*, Case No. 5:16-cv-10444 (E.D. Mich.).

---

[1] Capitalized terms have the meanings provided in Article 1 – Definitions, unless otherwise stated.

B.     This VNA Settlement does not include any of the Individual Plaintiffs listed on Exhibit 1 to the Amended Settlement Agreement (the "ASA") in the *In re Flint Water Crisis Cases*, Case No. 5:16-cv-10444 (E.D. Mich.), ECF No. 1319-2 (as amended, No. 1394-2), including those Individual Plaintiffs represented by Co-Liaison Counsel (but excepting any individuals on Exhibit 1 represented by Class Counsel).

C.     The Class Plaintiffs' and Individual Claimants' lawsuits and claims arise from alleged personal injuries, property damage, and/or economic loss incurred by the Class Plaintiffs and Individual Claimants due to exposure to allegedly contaminated water received from the Flint Water Treatment Plant or legal liability for the payment of bills for such water in the wake of the Flint Water Crisis, which began in 2014. Class Plaintiffs seek to hold VNA (which arrived in Flint and began and completed its work in 2015), among others, liable under various theories of liability, including professional negligence.

D.     Class Plaintiffs have requested, and VNA has agreed, that the Class Period for the Settlement Class and Subclasses under the VNA Settlement should extend from February 10, 2015 through July 31, 2016, to comport with the end of the Exposure Period used in the claims process under the MSA and plaintiffs' allegations. This agreement regarding the Class Period cannot be construed as, or used as evidence of, an admission by VNA as to its potential liability for any time period after the City of Flint switched back to Detroit water in October 2015. VNA expressly denies any liability for any period of time, including any time period after the City of Flint switched back to Detroit water in October 2015.

E.     VNA denies Class Plaintiffs' and Individual Claimants' allegations in the Fifth Consolidated Amended Class Complaint. VNA also denies having any liability for any claims, causes of action, costs, expenses, attorneys' fees, or damages of any kind.  VNA has asserted legal and factual defenses against Class Plaintiffs' and Individual Claimants' claims in these lawsuits, including that various other persons and entities have legal responsibility for the alleged injuries and damages.

F.     Class Plaintiffs and Individual Claimants have engaged in substantial fact gathering to evaluate the merits of their claims and VNA's defenses. In addition, Class Plaintiffs and Individual Claimants have analyzed the legal issues raised by their claims and VNA's defenses. A related bellwether trial occurred in 2022 spanning five months, in which the jury was unable to reach a verdict and the Court declared a mistrial.  An issues class trial was previously scheduled for February 2024 and additional bellwether trials remain currently scheduled for October 2024 and July 2025.

G.     The Federal Court appointed Theodore J. Leopold of Cohen Milstein Sellers & Toll PLLC and Michael L. Pitt of Pitt McGehee Palmer & Rivers, P.C. as Co-Lead Class Counsel for the Putative Class.

H.     On January 16, 2018, the Federal Court ordered Class Plaintiffs and Individual Plaintiffs and Defendants, including VNA, to engage in facilitative mediation to determine if consensual resolution was possible and appointed former Wayne County Chief Pro Tem Judge Pamela Harwood and Senator Carl Levin (retired, now deceased) to serve as Mediators. No settlement with VNA was reached as a result of that mediation process.

I.     On July 31, 2018, the Federal Court appointed Deborah E. Greenspan of Blank Rome LLP as Special Master in *In re Flint Water Cases*, Case No. 5:16-cv-10444 (E.D. Mich.).

J.     On August 26, 2019, the Federal Court appointed subclass settlement counsel to protect and represent the interests of the potential subclasses in negotiations regarding allocation of settlement assets.

K.     On August 31, 2021, the Federal Court certified various subclasses to litigate certain issues pursuant to Rule 23(c)(4) of the Federal Rules of Civil Procedures while denying class certification pursuant to Rule 23(b)(3) for certain proposed classes and subclasses.

L.     On behalf of Class Plaintiffs, Co-Lead Class Counsel Ted Leopold and members of the Class Plaintiffs' Executive Committee from Susman Godfrey L.L.P. engaged in settlement negotiations with counsel for VNA under the supervision of a highly experienced mediator, Eric D. Green of Resolutions, LLC, beginning in early 2023. The Parties conducted two in-person sessions and numerous follow-up discussions via Zoom, telephone, and email during 2023. In parallel with those discussions, Class Plaintiffs continued to prepare the case for trial under the leadership of Mr. Leopold and counsel from Susman Godfrey.

M.     The Parties ultimately reached a settlement in late January 2024, after motions in *limine* had been decided, after the Court had ruled on various evidentiary matters bearing on the upcoming trial, after jury selection had begun, and with the scheduled jury trial less than three weeks away from commencing.

N.     During the mediation and follow-up discussions that resulted in the VNA Settlement, the Parties discussed various potential settlement structures, including the possibility of a global settlement that would include all parties to the litigation. The Parties were unable to agree upon any global settlement. Class

<u>**VNA SETTLEMENT AGREEMENT**</u>                                        Page 3 of 27

Plaintiffs and VNA then discussed the possibility of a settlement of Class Plaintiffs' claims only. After extensive discussion, Class Plaintiffs and VNA were ultimately able to agree upon the resolution of Class Plaintiffs' claims in exchange for the $25 million Class Settlement Amount.

O.      However, VNA further requested, as a condition of entering into the VNA Settlement, that the Parties further resolve up to 1000 claims of certain Individual Claimants who have not yet reached the age of eighteen (18) for payments of $1500 per Individual Claimant (for a total not to exceed $1.5 million for the Individual Claimants), in addition to those amounts received by participating Individual Claimants under the ASA and the LAN Settlement. Upon receiving this request, Mr. Leopold and counsel from Susman Godfrey communicated VNA's offer to Co-Lead Class Counsel Michael Pitt and other counsel for Individual Claimants.

P.      After careful consideration, Class Plaintiffs, Individual Claimants, and their respective counsel, have concluded that it is in their respective best interests to compromise and settle all Released Claims against the Released Parties for the consideration reflected in the terms and benefits of this VNA Settlement Agreement. After arm's-length negotiations with counsel for VNA, including the efforts of the Mediator, Class Plaintiffs and Individual Claimants have considered, among other things: (1) the complexity, expense, and likely duration of the litigation, including potential follow on jury trials for each class member on causation, damages and allocation of fault; (2) the stage of the litigation and amount of fact gathering completed; (3) the potential for VNA to prevail on threshold issues and on the merits; and (4) the range of possible recovery, and have determined that this VNA Settlement Agreement is fair, reasonable, adequate, and in their best interests.

Q.      Co-Lead Class Counsel and counsel for Individual Claimants agree that this Settlement Agreement is in the best interests of the Class Plaintiffs and Individual Claimants and will provide a fair, just, and efficient process to resolve their claims.

R.      VNA has concluded, in light of the costs, risks, and burden of litigation, that this VNA Settlement Agreement in this complex individual and class action litigation is appropriate. VNA and its counsel agree with Class Plaintiffs and Individual Claimants, and their respective counsel that this VNA Settlement Agreement is a fair, reasonable, and adequate resolution of the Released Claims. VNA reached this conclusion after considering the factual and legal issues relating to the litigation, the substantial benefits of this VNA Settlement Agreement, the expense that would be necessary to defend claims by the Plaintiffs through trial and

any appeals that might be taken, the benefits of disposing of protracted and complex litigation, and the desire of VNA to conduct its business and activities unhampered by the costs, distraction, and risks of continued litigation over Released Claims.

S.   The Parties desire to settle, compromise, and resolve fully all Released Claims.

T.   Class Plaintiffs and VNA will seek Federal Court review and approval of the VNA Settlement Agreement, and upon approval by the Federal Court, they will seek Final Orders and Judgment dismissing with prejudice Class Plaintiffs' claims against VNA only in the Fifth Consolidated Amended Class Complaint, as well as the Individual Claimants' claims that have been or may have been asserted against VNA only, wherever such claims remain pending. Individual Claimants shall also dismiss any claims against VNA pending in state court.

U.   The Individual Claimants claims include claims filed by or on behalf of individuals who are Minors or LIIs that are currently pending or may have been asserted in the Genesee County Circuit Court and the United States District Courts for the Eastern and Western Districts of Michigan. As a result, settlement of some of these claims are governed by the Michigan Court Rules and Michigan law and some by the Federal Rules of Civil Procedure and federal law. In order to have consistency in the procedures and substance of the settlement of all claims involving Minors and LIIs, the agreed upon settlement procedures for such state and federal court claims and notices shall be as described in Article XXI–Minors and LIIs in the ASA.

V.   VNA, in its sole discretion, shall have the option to rescind the VNA Settlement Agreement if more than one percent (1%) of the Class Members request to be excluded from the VNA Settlement Agreement.

W.   This Settlement Agreement shall not be construed as evidence of, or as an admission by VNA of any liability or wrongdoing whatsoever or as an admission by Class Plaintiffs or Individual Claimants of any lack of merit in their claims.

X.   The Individual Plaintiffs, Class Plaintiffs and certain other defendants in this litigation (the "ASA Defendants") previously settled all claims pursuant to the ASA. Many provisions in the ASA were subsequently re-adopted for a settlement with the LAN Defendants ("LAN Settlement Agreement" or "LSA").

Y.   The Parties desire that the claims against VNA be settled utilizing the procedures set forth in the previously approved ASA and have incorporated some of

the terms of the ASA. However, if the terms of this VNA Settlement Agreement and the ASA vary or conflict, the VNA Settlement Agreement shall control.

Z. No appeal pertaining to the VNA Settlement Agreement shall have any effect on the distribution of funds flowing from the previously approved ASA.

## ARTICLE 1
## DEFINITIONS

1.1 For the purposes of this VNA Settlement Agreement, the following terms (designated by initial capitalization throughout this VNA Settlement Agreement) will have the meanings set forth in this Section. To the extent not inconsistent with defined terms herein, other terms designated by initial capitalization in this VNA Settlement Agreement shall have the definitions and meanings given them in the ASA (defined below).

1.2 The terms herein shall have the same meaning as set forth in the ASA unless otherwise provided herein.

1.3 "VNA" means Veolia North America, LLC, Veolia North America, Inc., and Veolia Water North America Operating Services, LLC, as well as any direct or indirect parent, subsidiary, affiliate, predecessor, or successor of any of the aforementioned entities.

1.4 "Effective Date" means the date that the VNA Settlement Agreement becomes Final as set forth herein or whenever the Sixth Circuit Court of Appeals enters its mandate with regard to any appeals that may be taken to the Sixth Circuit regarding the VNA Settlement Agreement, whichever occurs latest.

1.5 "Execution Date" means the earliest date by which all Counsel for the Class Plaintiffs, Individual Claimants, and VNA have signed this VNA Settlement Agreement.

1.6 "Federal Court" means the United States District Court for the Eastern District of Michigan.

1.7 "LII" means legally incompetent or incapacitated individuals as described in Mich. Comp. Laws §700.1105(a).

1.8 "Parties" means Class Plaintiffs, Individual Claimants, and VNA.

1.9     For purposes of this VNA Settlement Agreement only, the term "Individual Claimants" shall include all parties listed on Ex. A to this VNA Settlement Agreement.

1.10    For purposes of this VNA Settlement Agreement only, the term "Class Plaintiffs" shall refer to the Settlement Class as set forth in Article 7.

1.11    "Releasors" means Individual Claimants and Class Plaintiffs.

1.12    "Releasees" and "Released Parties" shall refer, jointly and severally, individually and collectively to VNA and their past and present, direct and indirect, parents, subsidiaries, affiliates, directors, employees, agents, attorneys, insurers, financial and business advisors, trusts, trustees, partners or general or limited partnerships, servants, and representatives (and any of the foregoing listed individuals' or entities' past and present officers, directors, employees, agents (including, but not limited to brokers and landmen), attorneys, financial and business advisors, trusts, trustees, partners or general or limited partnerships, servants, and representatives), and the predecessors, successors, heirs, spouses, family members, estate executors, administrators, insurers, and assigns of each of the foregoing.

1.13    "Related Lawsuits" means any lawsuits related to the Fifth Consolidated Amended Class Complaint filed against VNA by Class Plaintiffs that are pending in Federal Court.

1.14    "ASA" means the Amended Settlement Agreement and all accompanying exhibits, schedules, annexes, and any subsequent amendments thereto and any exhibits to such amendments, of November 16, 2020 (filed as CM/ECF No. 1394-2 in *In re Flint Water Cases,* Case No. 5:16-cv-10444 (E. D. Mich.)).

1.15    "ASA Defendants" means defendants against which claims were settled in the ASA.

1.16    "LAN Settlement Agreement" or "LSA" means the Settlement Agreement and all accompanying exhibits, schedules, annexes, and any subsequent amendments thereto and any exhibits to such amendments, of ___, 2023 (filed as CM/ECF No. ___ in *In re Flint Water Cases*, Case No. 5:16-cv-10444 (E.D. Mich.)).

1.17    "LAN Defendants" means the defendants against which claims were settled in the LSA.

1.18    "Class Settlement Amount" means the total amount set forth in Section 2.1 below.

1.19 "VNA Settlement" means the settlement of claims against VNA as set forth in this Agreement.

1.20 "VNA Settlement Program" means the payments and procedures set forth in this VNA Settlement Agreement.

1.21 "VNA Settlement Agreement" means this Agreement.

1.22 "VNA Settlement Amount" means the sum specified in Section 2.3 below.

## ARTICLE 2
## PAYMENTS BY VNA

2.1 The Parties through their counsel, agree that, in consideration of the Releases and Covenants Not to Sue set forth herein, and the dismissal with prejudice of the claims of Class Plaintiffs Fifth Consolidated Amended Class Complaint, and subject to the terms and conditions of this VNA Settlement Agreement and the sections of the ASA which are identified in this VNA Settlement Agreement and incorporated herein by reference, VNA will, in addition to other obligations set forth in this Settlement Agreement, pay or cause to be paid $25,000,000 into the FWC Qualified Settlement Fund within seven (7) days of the Federal Court's entry of a Final Order and Judgment approving this VNA Settlement Agreement together with entry of a final judgment dismissing the Fifth Consolidated Amended Class Complaint and all claims therein against VNA on the merits with prejudice as to all Settlement Class Members, as set forth in Section 7.11.1 herein. .

2.2 The Parties through their counsel, further agree that, in consideration of the Releases and Covenants Not to Sue set forth herein, and the dismissal with prejudice of the claims of Individual Claimants listed in Ex. A, and subject to the terms and conditions of this VNA Settlement Agreement, VNA will pay or cause to be paid an additional payment of $1,500 per Individual Claimant (for a total not to exceed $1.5 million for the common benefit of up to 1,000 Individual Claimants), which shall be in addition to any amounts paid the Individual Claimants under the ASA and LAN Settlement.

2.3 VNA shall only be responsible for paying the amounts listed in Sections 2.1 and 2.2 above, the VNA Settlement Amount, and under no circumstance for an amount exceeding $26.5 million. VNA is not jointly liable with any other ASA Defendants for any obligation to make payments into the FWC Qualified Settlement Fund.

2.4    The Class Settlement Amount shall be refunded, together with accrued interest, if the VNA Settlement does not obtain final approval resulting in a final, non-appealable judgment of dismissal.

2.5    Any attorneys' fees and costs of Class Plaintiffs and Individual Claimants, as determined by the Federal Court, shall be paid from the VNA Settlement Amount described herein. In no event, shall VNA be responsible for paying fees or costs of Plaintiffs beyond paying the VNA Settlement Amount. Fees and costs shall be distributed to Class Plaintiffs and Individual Claimants' counsel in accordance with the final order of the Federal Court on fees and costs for the ASA and are subject to the distribution process set forth in Article 11 below.

## ARTICLE 3
## REGISTRATION AND PARTICIPATION IN VNA SETTLEMENT PROGRAM

3.1    All registrants in the Settlement Program set forth in the ASA and utilized by the LAN Settlement shall be deemed registrants for purposes of the VNA Settlement (excluding all Individual Plaintiffs listed in Exhibit 1 to the ASA), and the documentation submitted by such persons and any prior eligibility or classification determinations made under the ASA shall be applicable to the VNA Settlement, except as modified herein with respect to Class Plaintiffs.  A prior registrant in the Settlement Program set forth in the ASA not wishing to participate in the VNA Settlement Program, may be excluded from the VNA Settlement Program by filing a written notice with the Federal Court, as specified herein, or, for Class Plaintiffs, by requesting exclusion as set forth in the court-approved notice. Upon Court approval of this VNA Settlement Agreement, the provisions of the Case Management Orders of the Federal Court and the Genesee County Circuit Court in connection with the ASA pertaining to registration and the claims process shall also apply to any claims under the VNA Settlement.

3.2    Persons or entities that did not register for the Settlement Program under the ASA or LAN Settlement Agreement are eligible to participate in the VNA Settlement Program by complying with the terms of Article 3 of the ASA, subject to any equitable adjustments to those term requirements that may be approved by the Court in the interests of ensuring the timely and just distribution of settlement funds to the settlement beneficiaries.

3.3    Beginning on the date the Federal Court signs the Preliminary Approval Orders for this VNA Settlement, each eligible person or entity that did not register

for the ASA Settlement Program or LAN Settlement Program shall have ninety (90) days to register as a Claimant with the VNA Settlement Program.

3.4    Any person or entity that does not submit a proper, complete, and fully executed Registration Form within ninety (90) days from the date the Federal Court signs the Preliminary Approval Order for this VNA Settlement, or that has not submitted a Registration Form for the Settlement Program under the ASA or LAN Settlement Agreement, will not be eligible to participate in the VNA Settlement Program and will not receive a Monetary Award.

3.5    The Claims Administrator shall report to the Parties and the Federal Court the persons and entities that registered for the VNA Settlement Program pursuant to Section 3.2 and those persons and entities who were prior registrants under the ASA Settlement Program or LAN Settlement Agreement but who have been excluded from participation under the VNA Settlement Program.

## ARTICLE 4
## SETTLEMENT CATEGORIES

4.1    The settlement categories and proof requirements in Exhibit 8 to the ASA apply to this VNA Settlement Agreement, subject to any equitable adjustments to those term requirements that may be approved by the Court in the interests of ensuring the timely and just distribution of settlement funds to the settlement beneficiaries.

## ARTICLE 5
## MONETARY AWARDS

5.1    The VNA Settlement Amount shall be paid into the FWC Qualified Settlement Fund established under the ASA.  The Administrator of such Fund shall be instructed to account for this amount separately until the Effective Date.

5.2    Upon paying the VNA Settlement Amount to the FWC Qualified Settlement Fund, VNA shall have no further responsibility relating to the distribution of the funds.

5.3    The net settlement proceeds allocated to the Class Plaintiffs in Article 2.1 shall be further distributed as follows:

5.3.1  Adults and Property Damage Sub-Qualified Settlement Fund–98% of the net Class proceeds from the VNA Settlement (48% for Adult Claimants and 50% for Property Damage Claimants);

5.3.2  Business Economic Loss Sub-Qualified Settlement Fund– 2% of the net Class proceeds from the VNA Settlement.

## ARTICLE 6
## FUTURE MINOR CLAIMANTS & PROGRAMMATIC RELIEF

6.1     No allocation shall be made to the Future Minor Sub-Qualified Settlement Fund or Programmatic Relief Sub-Qualified Settlement Fund established by the ASA under the VNA Settlement Program.

## ARTICLE 7
## PRELIMINARY APPROVAL ORDERS, CLASS CERTIFICATION, FINAL ORDERS, JUDGMENTS AND RELATED ORDERS

7.1     Class Plaintiffs will file a motion seeking a Preliminary Approval Order and a Final Order and Judgment, which will address the issues unique to each group necessary to implement this VNA Settlement Agreement.

### A.     Class Members

7.2     Solely for purpose of effectuating this VNA Settlement Agreement, VNA consents to the certification of the Settlement Class defined as follows:

**Settlement Class:** All persons or entities who are or could be claiming personal injury, property damage, business economic loss, unjust enrichment, breach of contract, or seeking any other type of damage or relief because at any time during the Exposure Period (February 10, 2015, through July 31, 2016) they: (1) were an Adult (at least eighteen years old) who owned or lived in a residence that received water from the Flint Water Treatment Plant or were legally liable for the payment of such water; (2) were an Adult or entity who owned or operated a business, including income earning real property and any other businesses, that received water from the Flint Water Treatment Plant or were legally liable for the payment for such water and who are claiming or could claim a resulting business economic loss; or (3) (i) were an Adult during the Exposure Period or (ii) became an Adult on or before January 31, 2024, the date of the execution of the binding term sheet for the VNA Settlement Agreement, and (iii) ingested or came into contact with water received from the Flint Water Treatment Plant and are claiming or could claim a resulting personal injury.

Excluded from the Settlement Class are: (1) Defendants; (2) the judicial officers to whom this case is assigned in the Federal Court, Genesee County

Circuit Court, and Court of Claims, their staff, and the members of their immediate families; (3) all Individual Plaintiffs listed on Exhibit 1 to the ASA (except with respect to any individuals on Exhibit 1 represented by Class Counsel); and (4) all persons who timely and validly elect to opt-out of the Settlement Class.

Adult Exposure Subclass: All persons (i) who were an Adult during the Exposure Period or (ii) became Adults on or before January 31, 2024, the date of the execution of the binding term sheet for the VNA Settlement Agreement, and (iii) who ingested or came into contact with water received from the Flint Water Treatment Plant at any time during the Exposure Period and who are claiming or could claim a resulting personal injury. All adults listed on Exhibit 1 to the ASA are excluded from this Subclass.

Business Economic Loss Subclass: All Adults or entities who owned or operated a business, including income earning real property and any other businesses, that received water from the Flint Water Treatment Plant or were legally liable for the payment for such water at any time during the Exposure Period and who are claiming or could claim a resulting business economic loss. Excluded from the Business Economic Loss Subclass are all local, state, or federal government offices or entities and any individual or entity listed on Exhibit 1 to the ASA.

Property Damage Subclass: All adults or entities who owned or lived in a residence that received water from the Flint Water Treatment Plant, or were legally liable for the payment for such water, at any time during the Exposure Period. Excluded from the Property Damage Subclass are all local, state, or federal government entities which own real property and any individual or entity listed on Exhibit 1 to the ASA.

7.3    Within ten (10) business days after the Execution Date, Co-Lead Class Counsel shall submit to the Federal Court a motion (which motion VNA shall have the opportunity to review and approve) requesting entry of a Preliminary Approval Order that:

7.3.1  Preliminarily approves this VNA Settlement Agreement;

7.3.2  Appoints Co-Lead Class Counsel for purposes of this VNA Settlement Agreement;

7.3.3  Conditionally certifies a Settlement Class for purposes of this VNA Settlement Agreement;

7.3.4  Authorizes dissemination of the Settlement Class Notice to the Settlement Class, including the proposed form of, method of, and schedule for dissemination of the Settlement Class Notice;

7.3.5  Utilizes the administrative framework governing the ASA, including the Special Master, Claims Administrator and other entities as set forth in the Court's Case Management Orders;

7.3.6  Establishes the processes and procedures for handling claims by LIIs, who are Settlement Class Members, as set forth in Article 21– Minors and LIIs;

7.3.7  Establishes the processes and procedures for handling any claims subject to Michigan's Wrongful Death Act, Mich. Comp. Laws § 600.2922; and

7.3.8  Establishes a stay of proceedings against VNA involving Class Plaintiffs and Individual Claimants except those proceedings provided for or required by this VNA Settlement Agreement.

7.4    The Claims Administrator or Notice Administrator shall cause notice of this VNA Settlement Agreement to be served upon appropriate state and federal officials to the extent and in the manner required by the Class Action Fairness Act, 28 U.S.C. § 1715.

7.5    On a date to be set by the Federal Court, the Co-Lead Class Counsel will file a motion seeking a Fairness Hearing and entry of a Final Order and Judgment applicable to the Settlement Class, approval and entry of which shall be a condition of this VNA Settlement Agreement, that:

7.5.1  Certifies the VNA Settlement Class and Subclasses for Adults, Property Damage, and Business Economic Loss pursuant to Fed. R. Civ. P. 23, solely for purposes of this settlement;

7.5.2  Approves this VNA Settlement Agreement and its terms as being a fair, reasonable, and adequate settlement as to the Settlement Class Members within the meaning of Fed. R. Civ. P. 23 and directing its consummation according to its terms;

7.5.3  Approves this VNA Settlement Agreement and distribution of any proceeds for any claim brought by a Class Member that is subject to Michigan's Wrongful Death Act, Mich. Comp. Laws § 600.2922;

7.5.4  Confirms the appointments of the Class and Subclass Representatives;

7.5.5  Confirms the appointment of Co-Lead Class Counsel and Subclass Settlement Counsel;

7.5.6  Finds that the VNA Settlement Class Notice satisfied the requirements set forth in Fed. R. Civ. P. 23(c)(2)(B);

7.5.7  Permanently bars, enjoins, and restrains the Releasors from commencing, filing, initiating, asserting, and or maintaining any and all Released Claims against the Releasees;

7.5.8  Dismisses with prejudice solely as to the Releasees the Fifth Consolidated Amended Class Complaint and all Related Lawsuits against VNA filed by Class Plaintiffs pending in the Federal Court without further costs, including claims for interest, penalties, cost, and attorney fees, except for the motions for an award of attorneys' fees and reasonable costs, as set forth in Article XI of the ASA, which will be made at an appropriate time to be determined by the Federal Court;

7.5.9  Orders all Releasors with Related Lawsuits against VNA filed by Class Plaintiffs pending in any state or federal court, other than the Federal Court, to promptly dismiss with prejudice, and without further costs, including claims for interest, penalties, cost, and attorney fees, all such Related Lawsuits as to the Released Parties, thereby effectuating in part the Releases;

7.5.10 Permanently bars and enjoins the commencement, assertion, and/or prosecution of any claim for contribution and/or indemnity arising out of or related to the Released Claims in the Federal Court, in any other federal court, state court, arbitration, regulatory agency, or other tribunal or forum against the Released Parties;

7.5.11 Utilizes the administrative framework governing the ASA including the Special Master, Claims Administrator and other entities;

7.5.12 Expressly incorporates the terms of this VNA Settlement Agreement and provides that the Federal Court retains continuing and exclusive jurisdiction over the Settlement Class Members, VNA, and this VNA Settlement Agreement solely to interpret, implement, administer, and enforce the VNA Settlement Agreement in accordance with its terms.

7.6    VNA shall have the opportunity to review and approve the motion submitted by Co-Lead Class Counsel seeking entry of the above Final Order and Judgment as to Settlement Class Members.  Co-Lead Class Counsel and VNA's Counsel will reasonably cooperate with one another in obtaining the Final Order and Judgment and will not do anything inconsistent with obtaining them.

**B.    Individual Claimants**

7.7    The participation of Individual Claimants in this VNA Settlement is subject to the provisions of Article 18 below regarding Minors and LII's.

7.8    For the benefit of the Individual Claimants, VNA will pay or cause to be paid $1.5 million into the FWC Qualified Settlement Fund within seven (7) days of the Final Approval of this VNA Settlement Agreement by the Court.

7.9 The process for determining an Individual Claimant's eligibility to participate in the VNA Settlement Agreement and receive settlement funds shall be the same as set forth in the ASA and the LSA.

7.10    As set forth above in Paragraph 3, only those persons and entities that registered for the VNA Settlement Program within ninety (90) days from the date the Federal Court signs the Preliminary Approval for this VNA Settlement shall be eligible to participate in the VNA Settlement Program and receive a Monetary Award. By this date, if less than 1,000 Individual Claimants have registered for the VNA Settlement Program, VNA shall be refunded from the FWC Qualified Settlement Fund for any excess amounts VNA paid or caused to be paid into the FWC Qualified Settlement Fund for the benefit of the Individual Claimants.  As set forth herein, VNA has only agreed to pay $1,500 for each Individual Claimant, for a total not to exceed $1,500,000 for the common benefit of up to 1,000 total Individual Claimants, that is deemed eligible to participate in the VNA Settlement Program and to receive settlement funds. If, for example, only 900 persons or entities have registered for the VNA Settlement Program by the deadline, VNA shall be immediately refunded $150,000.

**C.    Final Settlement Agreement**

7.11   This VNA Settlement Agreement shall become Final immediately upon the completion of the last of the following events:

7.11.1  The Federal Court's entry of a Final Order and Judgment approving this VNA Settlement Agreement together with entry of a final judgment dismissing the Fifth Consolidated Amended Class Complaint and all claims

therein against VNA on the merits with prejudice as to all Settlement Class Members;

7.11.2 The Federal Court's entry of a Final Order and Judgment dismissing the Amended Master Complaint and any Related Lawsuits in this Federal Court solely as to VNA on the merits with prejudice as to Individual Claimants;

7.11.3 The dismissal with prejudice of VNA from all Related Lawsuits (excluding any claims by persons or entities that have opted-out of the Settlement Class or Individual Plaintiffs that have not participated in the VNA Settlement Program)

7.11.4 The entry or extension of the Case Management Orders set forth in Exhibit 11 of the ASA in the Federal Court, and Genesee County Circuit Court to include VNA and the terms of this VNA Settlement Agreement; and

7.11.5 The expiration of the time for appeal or to seek permission to appeal from the dismissal with prejudice of VNA in Related Lawsuits, and the Genesee County Circuit Court's and Federal Court's entry of the Final Orders and Judgments or, if an appeal from one or more of the dismissals or Final Orders and Judgments is taken, the affirmance of the dismissals and Final Orders and Judgments in their entirety, without modification, by the court of last resort to which an appeal of such dismissals and Final Orders and Judgments may be taken.

7.12   Neither the provisions of Rule 60 of the Federal Rules of Civil Procedure nor the All Writs Act, 28 U.S.C. § 1651, shall be taken into account in determining the above-stated times.

7.13   Class Plaintiffs', Individual Claimants', and VNA's Counsel will issue a Written Notice to the Claims Administrator when all of the above events have taken place and the VNA Settlement Agreement becomes Final. Their failure to do so does not affect the finality of this VNA Settlement Agreement.

## ARTICLE 8
## THE QUALIFIED SETTLEMENT FUNDS

8.1   The Parties hereby adopt the terms of Article X of the ASA pertaining to Qualified Settlement Funds and incorporate them in this VNA Settlement Agreement, provided that the term "VNA" is substituted for "Defendant" or "Defendants." It is the intent of the parties to employ the Qualified Settlement Funds

already established under the ASA to the greatest extent possible.  In the event of any conflict between the ASA and the terms of this VNA Settlement Agreement, the VNA Settlement Agreement shall control.

## ARTICLE 9
## ATTORNEYS' FEES, COSTS AND EXPENSES

9.1     Co-Lead Class Counsel and Counsel for Individual Claimants shall be reimbursed and paid solely out of the FWC Qualified Settlement Fund for all expenses and fees, including but not limited to: attorneys' fees; past, current, or future litigation and administration expenses (including, but not limited to, experts', consultants', and guardians ad litem fees and expenses); and the costs of providing the Settlement Class Notice.   Class Counsel and Counsel for the Individual Claimants will seek a common benefit fee award of 31.33% of the VNA Settlement Amount, together with reimbursement of expenses, the costs of providing Settlement Class Notice, and the costs of administering the VNA Settlement. VNA shall have no obligation to pay such costs or fees above or in addition to the payments made into the FWC Qualified Settlement Fund as set forth in Article 2–Payments by VNA.

9.2     VNA will not oppose any application to the Federal Court by Co-Lead Class Counsel for an award of attorneys' fees, and reimbursement of costs and expenses incurred in the prosecution of the Fifth Consolidated Class Complaint. VNA will rely on the discretion of the Federal Court to make the determinations on such applications in a fair and appropriate manner.

9.3     Apart from payments described in Article 2–Payments by VNA, VNA shall have no responsibility whatsoever for the allocation or distribution of the FWC Qualified Settlement Fund or the Sub-Qualified Settlement Funds and shall not be responsible or otherwise liable for any disputes relating to the amount, allocation, or distribution of any fees, costs, or awards. Further, the payments described in Article 2–Payments by VNA, are the sole and maximum amounts to be paid by VNA under this Settlement Agreement.

## ARTICLE 10
## SETTLEMENT AGREEMENT ADMINISTRATION

10.1    The Parties hereby agree to use the claims administration process set forth under Article XII of the ASA pertaining to settlement agreement administration and incorporate them in this VNA Settlement Agreement, provided that the term "VNA" is substituted for "Defendant" or "Defendants" and that the Administrator, with approval of the Court, may make equitable adjustments to the claims process

in the interest of facilitating the just and timely distribution of funds to settlement beneficiaries.

## ARTICLE 11
## RECONSIDERATION REQUESTS AND APPEALS

11.1   The Parties hereby adopt the terms of Article XIII of the ASA pertaining to reconsideration requests and appeals and incorporate them in this VNA Settlement Agreement, provided that the term "VNA" is substituted for "Defendant" or "Defendants," and that the Administrator, with approval of the Court, may make equitable adjustments to the claims process in the interest of facilitating the just and timely distribution of funds to settlement beneficiaries.

## ARTICLE 12
## DISPUTE RESOLUTION

12.1   The Parties hereby adopt the terms of Article XIV of the ASA pertaining to dispute resolution and incorporate them in this VNA Settlement Agreement, provided that the term "VNA" is substituted for "Defendant" or "Defendants."

## ARTICLE 13
## LIENS

13.1   The Parties hereby adopt the terms of Article XV of the ASA pertaining to liens and incorporate them in this VNA Settlement Agreement, provided that the term "VNA" is substituted for "Defendant" or "Defendants."

## ARTICLE 14
## RELEASES AND COVENANTS NOT TO SUE

14.1   These Paragraphs 14.1-14.5 of this VNA Settlement Agreement apply only among VNA, the Individual Claimants listed in Exhibit A, and the Class Plaintiffs.  In addition to the effect of any final judgment entered in accordance with this VNA Settlement Agreement, upon the occurrence of the Effective Date and in consideration of the payment in this VNA Settlement Agreement specified in Article 2—Payments by VNA and other consideration in this VNA Settlement Agreement, the Releasees individually and jointly shall be completely released, acquitted, and forever discharged by Releasors from:

14.1.1   any and all claims, notices, demands, actions, suits, and causes of action, whether class, individual, or otherwise in nature, legal or equitable,

known or unknown, suspected or unsuspected, asserted or unasserted, in law, equity, or administratively;

14.1.2     damages whenever incurred and liabilities of any nature whatsoever, including costs, expenses, penalties, expenses of medical or psychological monitoring, and attorneys' fees, that Releasors, or any one of them, whether directly, representatively, derivatively, or in any other capacity, ever had, now have, or hereafter can, shall, or may have against the Releasees or any of them, relating in any way to

(a)     exposure to, use of, or receipt of water from the Flint Water Treatment Plant, or legal liability for the payment of such water, for the period February 10, 2015, through July 31, 2016; and/or

(b)     any alleged acts or omissions by Releasees or any of them and/or any joint and/or several liability of any of them arising from the alleged acts or omissions of any of the Releasees pleaded in the Fifth Consolidated Amended Class Complaint from the beginning of time until the Effective Date or that could have been brought under any federal, state, local, administrative, or regulatory law or cause of action concerning exposure to, use of, or receipt of water from the Flint Water Treatment Plant, or legal liability for the payment of such water, during the period February 10, 2015, through October 16, 2015, or any conduct in any related litigation or arising out of the litigation itself in Federal Court or Genesee County Circuit Court.  The claims described in this entire Paragraph 14.1 are collectively referred to as the "Released Claims."

14.2   From and after the Execution Date, for the consideration provided for herein and by operation of the Final Orders and Judgments, the Releasors, and each of them, covenant, promise, and agree that they will not, at any time, continue to prosecute, commence, file, initiate, institute, cause to be instituted, assist in instituting, or permit to be instituted on their, his, her, or its behalf, or on behalf of any other individual or entity, any proceeding:  (a) alleging or asserting any of his, her, or its respective Released Claims against the Released Parties in any federal court, state court, arbitration, regulatory agency, or other tribunal or forum or (b) challenging the validity of the releases described in these Paragraphs 14.1-14.5. To the extent any such proceeding exists in any court, tribunal, or other forum as of the Execution Date, the Releasors covenant, promise and agree to withdraw, and seek a dismissal with prejudice of, such proceeding forthwith.

14.3   In connection with the releases in these Paragraphs 14.1–14.5, Releasors acknowledge that they are aware that they may hereafter discover claims now unknown or unsuspected, or facts in addition to or different from those which they now know or believe to be true, with respect to actions or matters released herein. Releasors explicitly took unknown or unsuspected claims into account in entering into this VNA Settlement Agreement and it is the intention of Releasors and VNA fully, finally, and forever to settle and release all Released Claims with respect to all such matters.

14.4   Releasors waive California Civil Code Section 1542 and similar provisions in other states. Releasors certify that they are aware of and have read and reviewed the following provisions of California Civil Code Section 1542 ("Section 1542"):

> A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor.

14.5   The provisions of the releases set forth above shall apply according to their terms, regardless of provisions of Section 1542 or any equivalent, similar, or comparable present or future law or principle of law of any jurisdiction. Releasors hereby expressly waive and relinquish any and all rights and benefits existing under (i) Section 1542 or any equivalent, similar, or comparable present or future law or principle of law of any jurisdiction and (ii) any law or principle of law of any jurisdiction that would limit or restrict the effect or scope of the provisions of the releases set forth above.

14.6   Class Plaintiffs shall not be required to execute individual releases to obtain payments pursuant to this VNA Settlement Agreement. For class members that do not exercise their exclusion rights hereunder, the Order of the District Court entering final judgment shall be deemed a full release of the liability of VNA. The Order shall include language that all individually signed releases by class members under the ASA shall be deemed to include VNA as a releasee.

## ARTICLE 15
## EFFECT OF SETTLEMENT NOT BECOMING FINAL

15.1   In the event the Federal Court does not approve this VNA Settlement Agreement, or it does not become part of the Final Orders and Judgments, the Parties shall negotiate in good faith in order to modify the terms of this VNA Settlement Agreement in order to revive it. In the event that such efforts are not successful:

15.1.1     VNA shall not be deemed to have consented to the certification of any class, and the agreements and stipulations in this VNA Settlement Agreement concerning class definition or class certification shall not be used as evidence or argument to support class certification or class definition, and VNA will retain all rights to oppose class certification, including certification of a class identical to that provided for in this VNA Settlement Agreement for any other purpose;

15.1.2     Except for Paragraphs 15.1 – 15.2, this VNA Settlement Agreement, including but not limited to the release and orders herein, shall become null and void and of no further force and effect, the Parties shall be deemed to have reverted to their respective status and positions as of the date immediately before the date of execution hereof, and the Parties shall proceed in all respects as if this VNA Settlement Agreement had not been executed; and

15.1.3     VNA shall be refunded the VNA Settlement Amount it paid or caused to be paid into the FWC Qualified Settlement Fund, together with interest.

15.2   This VNA Settlement Agreement, whether or not it shall become Final, and any and all negotiations, documents, and discussions associated with it, shall not be deemed or construed to be an admission or evidence of any violation of any statute or law or of any liability or wrongdoing by VNA or of the truth of any of the claims or allegations made in the Fifth Consolidated Amended Class Complaint or elsewhere and evidence thereof shall not be admissible, discoverable or used directly or indirectly in any way (except in an action to enforce or interpret the terms of this VNA Settlement Agreement). The Parties expressly reserve all of their rights if the VNA Settlement Agreement does not become Final, including those set forth in Paragraph 2.4.

## ARTICLE 16
## OPT-OUTS

16.1   An individual or entity who is a Class Member that requests to be excluded from the Settlement Class may do so only by sending a written request as outlined in the Settlement Class Notice, personally signed by the person, Next Friend, personal representative, or entity (as opposed to counsel), to the address provided in the Settlement Class Notice that is postmarked on or before the date to be ordered by the Federal Court. A Class Member that filed a request for exclusion in connection with the ASA Settlement Agreement or LAN Settlement Agreement is not deemed to have requested exclusion from the VNA Settlement Agreement and

must submit a separate request for exclusion from the VNA Settlement Agreement. If a Class Member files a request for exclusion, that person or entity may not file an objection under Article 17–Objections.

16.2   Within seven (7) calendar days after the date ordered by the Federal Court, Co-Lead Class Counsel or the Special Master shall provide VNA, through their counsel, with a written list of all persons or entities who requested to be excluded, together with the form and information described in the preceding paragraph.

16.3   VNA, in its sole discretion, shall have the option to rescind this VNA Settlement Agreement if more than one percent (1%) of the Class Members request to be excluded from the VNA Settlement Agreement.

16.4   Within fourteen (14) calendar days of the written list of all persons or entities requesting exclusion being provided, Co-Lead Class Counsel and VNA's Counsel will determine whether the condition permitting termination as set forth in the preceding paragraph has been triggered.  VNA shall have the right to rescind this VNA Settlement Agreement by providing written notice to Co-Lead Class Counsel within fourteen (14) calendar days after the deadline for ascertaining whether this condition has been triggered.  The process and procedures for rescission shall be as set forth in Article 17–Rescission of the ASA.

16.5   Within fourteen (14) calendar days of receiving such notice, Co-Lead Class Counsel shall provide VNA with any challenges by Individual and Class Plaintiffs to such claim of entitlement to rescind this VNA Settlement Agreement. If Co-Lead Class Counsel within that time provide VNA with written notices from persons or entities on the list prepared pursuant to Paragraph 16.2 who rescind their requests for exclusion from the VNA Settlement Class, then those prior persons or entities shall no longer be considered a person or entity seeking exclusion for purposes of this Article. In the event the Parties are unable to agree upon whether the conditions stated in Paragraph 16.3 have been triggered, they shall submit the issue to the Special Master for adjudication.

16.6   Co-Lead Class Counsel may attempt to obtain final rescission of any decision by a person or entity to request exclusion prior to VNA invoking its rights under Paragraph 16.4.  If contacted by potential members of the VNA Settlement Class about exclusion from the Class, VNA will promptly refer such potential members of the VNA Settlement Class to Co-Lead Class Counsel.

16.7   If any person or entity that has requested to be excluded from the VNA Settlement Class subsequently files a lawsuit against VNA, that person or entity will be required to comply with the Case Management Orders entered by the Federal Court and Genesee County Circuit Court.

# ARTICLE 17
# OBJECTIONS

17.1   Provided a Claimant member of the VNA Settlement Class has not submitted a written request to be excluded from the VNA Settlement Class, as set forth in Article 16–Opt-Outs, such Claimant may present written objections, if any, explaining why he or she believes this VNA Settlement Agreement should not be approved by the Federal Court as fair, reasonable, and adequate.  No later than such date as is ordered by the Federal Court, a Claimant who wishes to object to any aspect of this VNA Settlement Agreement must file with the Federal Court, or as the Federal Court otherwise may direct, a written statement of the objection(s).  The written statement of objection(s) must include a detailed statement of the Claimant's objection(s), as well as the specific reasons, if any, for each such objection, including any evidence and legal authority the Claimant wishes to bring to the Federal Court's attention. That written statement also will contain the Claimant's printed name, address, telephone number, and date of birth, written evidence establishing that the objector is a Claimant, and any other supporting papers, materials, or briefs the Claimant wishes the Federal Court to consider when reviewing the objection.  A written objection may not be signed using any form of electronic signature but must contain the dated signature of the Claimant (not just counsel) making the objection. The Federal Court shall determine whether any Claimants who do not follow the procedures will have waived any objections they may have.

17.2   A Claimant may object on his or her own behalf or through an attorney hired at that Claimant's own expense, provided the Claimant also signs the objection and has not submitted a written request to be excluded from the VNA Settlement Class, as set forth in Article 16–Opt-Outs.  Attorneys asserting objections on behalf of Claimants must:  (i) file a notice of appearance with the Federal Court by the date set forth in the Preliminary Approval Order, or as the Federal Court otherwise may direct; (ii) file a sworn declaration attesting to his or her representation of each Claimant on whose behalf the objection is being filed or a copy of the contract (to be filed *in camera*) between that attorney and each such Claimant; and (iii) comply with the procedures described in this Article.

17.3   A Claimant (or counsel individually representing him or her, if any) seeking to make an appearance at the hearing must file with the Federal Court, by

the date set forth in the Preliminary Approval Order, or as the Federal Court otherwise may direct, a written notice of his or her intention to appear at the hearing, in accordance with the requirements set forth in the Preliminary Approval Order.

17.4   Any Claimant who fails to comply with the provisions of this Article will waive and forfeit any and all rights he or she may have to object to the VNA Settlement Agreement.


# ARTICLE 18
# MINORS AND LIIS

18.1   The terms of Article XXI—Minors and LIIs of the ASA shall apply to this VNA Settlement Agreement except as expressly modified herein.  The term "VNA" shall be substituted for the terms "Defendant" and "Defendants."

18.2   Existing orders entered in connection with the ASA and LSA establishing procedures for next friends and guardians ad litem and for probate administration for claimants shall apply to this VNA Settlement Agreement.  The Parties shall not be obligated to file motions or take other procedural steps to establish the concurrent probate jurisdiction of the Genesee County Circuit Court or to file motions relating to next friends or guardians ad litem to the extent that prior motions filed to implement the ASA and LSA are adequate to implement this VNA Settlement Agreement.

# ARTICLE 19
# LAWYER PARTICIPATION PROVISIONS

19.1   Subject to the Michigan Rules of Professional Conduct or any other applicable rules, all lawyers listed on Exhibit 17 of the ASA who represent any Individual Claimants or Class Plaintiffs shall as appropriate:

19.1.1   Recommend to all of their clients that they register for and participate as a Claimant in the VNA Settlement Program;

19.1.2   Publicly support the approval of and implementation of the VNA Settlement Program;

19.1.3   Not advance litigation expenses, including without limitation, expenses for experts, transcripts, documents, and travel, to or on behalf of any person, entity, or Individual Claimants or Class Plaintiffs:  (a) that Opts-Out or

fails to register for and participate as a Claimant; or (b) in any Flint water-related litigation filed after the Execution Date; unless such attorney has contracted in writing before the Execution Date to advance such expenses to or on behalf of any person, entity, or Individual Claimant or Class Plaintiff; and

19.1.4  Forgo any financial interest in any claim, filed or unfiled, that arises out of water received from the Flint Water Treatment Plant during the Exposure Period that is not resolved and concluded by the VNA Settlement Agreement, unless such attorney has contracted before the Execution Date to obtain such financial interest.

**ARTICLE 20**
**MISCELLANEOUS**

20.1   The terms of this VNA Settlement Agreement are not severable. Each of its terms is required as an integral part of this VNA Settlement Agreement, and all terms must be enforceable for any of them to be enforceable.

20.2   This VNA Settlement Agreement constitutes the entire, complete and integrated agreement among Individual Claimants, Class Plaintiffs, and VNA pertaining to the settlement of the claims asserted in the Fifth Consolidated Amended Class Complaint and the claims that have or may be brought by the Individual Claimants. This Settlement Agreement may be modified or amended only by a writing executed by Co-Lead Class Counsel and VNA's Counsel and approved by the Federal Court.

20.3   All terms of this VNA Settlement Agreement shall be governed by and interpreted according to the substantive laws of Michigan without regard to its choice of law or conflict of law principles.

20.4   The United States District Court for the Eastern District of Michigan retains exclusive jurisdiction over all matters relating to the interpretation, implementation, and enforcement of this VNA Settlement Agreement.

20.5   This VNA Settlement Agreement shall be binding upon and inure to the benefit of, the successors and assigns of the Parties. Without limiting the generality of the foregoing, each and every covenant and agreement made herein by Individual Claimants, Class Plaintiffs, and Co-Lead Class Counsel shall be binding upon all VNA Settlement Class Members, Individual Claimants, and Releasors.

20.6   No party hereto shall be considered the drafter of this VNA Settlement Agreement or any of its provisions for the purpose of any statute, case law or rule of interpretation or construction that would or might cause any provision to be construed against the drafter of this Agreement.

20.7   The Parties may modify this VNA Settlement Agreement by written stipulation signed by the Parties with approval of the Federal Court.

20.8   This VNA Settlement Agreement may be executed in counterparts by the Parties, and a facsimile signature or a tangible communication from one authorized to sign indicating that a signature has been affixed shall be deemed an original signature for purposes of executing this VNA Settlement Agreement.

20.9   Each of the undersigned attorneys represents that he or she is fully authorized to enter into the terms and conditions of, and to execute, this VNA Settlement Agreement on behalf of his or her respective clients, subject to Federal Court approval.

20.10 All notices made under this VNA Settlement Agreement shall be in writing. Each such notice shall be given by (a) hand delivery; (b) registered or certified mail, return receipt requested, postage pre-paid; or (c) Federal Express, United Parcel Service, or similar overnight courier, and shall be addressed to counsel listed below or to their partners or successors, as appropriate. Copies of all notices under this VNA Settlement Agreement shall also be transmitted by e-mail to those same counsel.

IN WITNESS WHEREOF, the parties to this VNA Settlement Agreement, through their fully authorized representatives (subject to the limitations described above), have agreed to this VNA Settlement Agreement as of the Execution Date.

AGREED:

_____
Michael Olsen
MAYER BROWN LLP
71 South Wacker Drive
Chicago, Illinois 60606
Telephone:  312-782-0600
Email: molsen@mayerbrown.com

*Attorneys for VNA Defendants*
Dated: 4/17/2024 _____

_____
Theodore J. Leopold
COHEN MILSTEIN SELLERS &
TOLL PLLC
11780 U.S. Highway One, Suite N500
Palm Beach Gardens, Florida  33410
Telephone: (561) 515-1400
Email:  tleopold@cohenmilstein.com

*Co-Lead Class Counsel*
*On Behalf of Class Plaintiffs*
Dated:_____

_____
Michael L. Pitt
PITT MCGEHEE PALMER
BONANNI & RIVERS
117 West 4th Street, Suite 200
Royal Oak, Michigan 48067
Telephone: (248) 398-9800
Email:  mpitt@pittlawpc.com

*Co-Lead Class Counsel*
*On Behalf of the Individual Claimants*
Dated:_____

**VNA SETTLEMENT AGREEMENT**

AGREED:

_____     _____
Michael Olsen                                         Theodore J. Leopold
MAYER BROWN LLP                                       COHEN MILSTEIN SELLERS &
71 South Wacker Drive                                 TOLL PLLC
Chicago, Illinois 60606                               11780 U.S. Highway One, Suite N500
Telephone:  312-782-0600                              Palm Beach Gardens, Florida  33410
Email: molsen@mayerbrown.com                          Telephone: (561) 515-1400
                                                      Email:  tleopold@cohenmilstein.com

*Attorneys for VNA Defendants*
Dated:_____        *Co-Lead Class Counsel*
                                                      *On Behalf of Class Plaintiffs*
                                                      Dated: 4/17/2024_____

_____
Michael L. Pitt
PITT MCGEHEE PALMER
BONANNI & RIVERS
117 West 4th Street, Suite 200
Royal Oak, Michigan 48067
Telephone: (248) 398-9800
Email:  mpitt@pittlawpc.com

*Co-Lead Class Counsel*
*On Behalf of the Individual Claimants*
Dated:_____

AGREED:

_____

Michael Olsen
MAYER BROWN LLP
71 South Wacker Drive
Chicago, Illinois 60606
Telephone:  312-782-0600
Email: molsen@mayerbrown.com

*Attorneys for VNA Defendants*
Dated:_____

_____

Michael L. Pitt
PITT MCGEHEE PALMER
BONANNI & RIVERS
117 West 4th Street, Suite 200
Royal Oak, Michigan 48067
Telephone: (248) 398-9800
Email:  mpitt@pittlawpc.com

*Co-Lead Class Counsel*
*On Behalf of the Individual*
*Claimants* Dated: April 17, 2024_____

_____

Theodore J. Leopold
COHEN MILSTEIN SELLERS &
TOLL PLLC
11780 U.S. Highway One, Suite N500
Palm Beach Gardens, Florida  33410
Telephone: (561) 515-1400
Email:  tleopold@cohenmilstein.com

*Co-Lead Class Counsel*
*On Behalf of Class Plaintiffs*
Dated: _____

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | |
|---|---|
| *In Re* Flint Water Cases | No. 5:16-cv-10444-JEL-EAS |
| | HON. JUDITH E. LEVY |
| | MAG. ELIZABETH A. STAFFORD |

# VSA EXHIBIT A

The following Individual Claimants\*\* hereby agreed to participate in the Veolia Settlement Agreement ("VSA") and to the settlement amount and mutual releases contained therein, subject as necessary to counsel for the Individual Claimant maintaining, and providing to counsel for Veolia upon request on a confidential basis, additional information (e.g., Social Security Number or address at the time of exposure) that may be needed to confirm eligibility and to approval by a guardian ad litem:

\*\*Individuals Claimants to be added as they elect to participate\*\*

| Individual Claimant (Last name, First name) | Address | Signature | Date | Counsel for Individual Claimant |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |