# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| *In Re* Flint Water Cases | No. 5:16-cv-10444-JEL-EAS |
| | HON. JUDITH E. LEVY |
| | MAG. ELIZABETH A. STAFFORD |

## DECLARATION OF SARAH R. LONDON IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS SETTLEMENT WITH VNA DEFENDANTS

I, Sarah R. London, make this declaration pursuant to 28 U.S.C. § 1746. I hereby declare under penalty of perjury that the following is true and correct:

1. I am a partner at Lieff Cabraser Heimann & Bernstein, LLP, and was appointed by the Court as Interim Subclass Settlement Counsel for a Property Damage Subclass. Dkt. No. 929. Pursuant to this appointment, I have been a participant in portions of the settlement negotiation process, including the prior settlement with the State of Michigan, City of Flint, and other Defendants.

2. After my appointment in August 2019, I familiarized myself with the factual and legal issues relevant to the Property Damage subclass and the nature and extent of its members' injuries by gathering information from the subclass representative, speaking with subject matter experts, reviewing expert reports and analyses, and reviewing the pleadings and orders filed in this case.

3. In my role as Interim Subclass Counsel for the Property Damage Subclass in the prior settlement, I vigorously advocated on behalf of Flint property owners that suffered losses due to the lead-contaminated water in the City of Flint, negotiating on their behalf as to how an aggregate settlement amount paid by the Settling Defendants would be allocated between the various proposed subclasses.

4. I likewise advocated for Flint property owners and negotiated on their behalf as to the allocation of proceeds from the LAN Settlement among the various proposed subclasses.

5. After entering into a tentative settlement agreement with the VNA Defendants, Class Counsel convened a meeting of Settlement Subclass Counsel, explaining the circumstances by which settlement with VNA was reached and answering questions from Settlement Subclass Counsel. Class Counsel also provided information as to the ongoing claims process and anticipated adjustments to the eligibility criteria and allocation structure for the VNA Settlement. Settlement Subclass Counsel collectively requested and received available data regarding claims submitted under each category.

6. Settlement Subclass Counsel subsequently met to negotiate an appropriate allocation of VNA Settlement funds amongst the subclasses. As before, I vigorously advocated on behalf of property owners impacted by the lead-contaminated water in this matter, and negotiated on their behalf as to how

settlement funds paid by the VNA Defendants should be allocated between the subclasses.

7. I also reviewed relevant pleadings and Court orders to assess the viability of the Class's claims against VNA, as well as the viability of each subclass's claims. Settlement Subclass Counsel subsequently met to negotiate an appropriate allocation of VNA Settlement funds amongst the subclasses. As before, I vigorously advocated on behalf of Flint property owners that suffered losses due to the lead-contaminated water in this matter, and negotiated on their behalf as to how settlement funds paid by the VNA Defendants should be allocated between the subclasses.

8. I understand from Class Counsel that the VNA Settlement Agreement is the product of months of vigorous negotiation between the parties under the supervision of an independent mediator, and is fair and in the best interests of the Flint property owners participating in the settlement.

9. The VNA Settlement is a fair and practical resolution given the circumstances, and the costs and risks of continued litigation.

I declare, under penalty of perjury, that the foregoing is true and correct.

Executed on April 10, 2024
San Francisco, California

                                                   */s/ Sarah R. London*
                                                  Sarah R. London