UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| *In Re* Flint Water Cases | No. 5:16-cv-10444-JEL-EAS <br><br> HON. JUDITH E. LEVY <br><br> MAG. ELIZABETH A. STAFFORD |

**DECLARATION OF DENNIS C. REICH IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS SETTLEMENT WITH VNA DEFENDANTS**

I, Dennis C. Reich, make this declaration pursuant to 28 U.S.C. § 1746. I hereby declare under penalty of perjury that the following is true and correct:

1. I am a founding partner at Reich & Binstock, LLP, and was appointed by the Court as Interim Subclass Settlement Counsel for a Business Economic Loss ("Business Loss") Subclass. Dkt. No. 929. Pursuant to this appointment, I have been an active participant in the settlement negotiation process.

2. After my appointment in August 2019, I familiarized myself with the factual and legal issues relevant to the Business Loss subclass and the nature and extent of its members' injuries by speaking with the subclass representative, as well as by reviewing the pleadings and orders filed in this case. I also participated in multiple in person and telephonic meetings with Subclass Settlement Counsel and Special Master Greenspan regarding the economic impact that the Flint water crisis

had on commercial properties and business owners. I consulted with an urban policy expert and economist who analyzed the impact of the lead contamination on the revenues and profits of businesses located in the geographical area encompassing Flint and Genesee County, Michigan. I had also traveled to Flint shortly before being officially appointed as Subclass Settlement Counsel in the case and had an opportunity to observe and talk to some resident about the state of the local economy before and after the water crisis.

   3.  In my role as Interim Subclass Counsel for the Business Loss Subclass for the first settlement, I vigorously advocated on behalf of Flint businesses that suffered economic losses due to the lead-contaminated water in the City of Flint, negotiating on their behalf as to how an aggregate settlement amount paid by the Settling Defendants would be allocated between the various proposed subclasses.

   4.  Likewise, I vigorously advocated on behalf of Flint businesses that suffered economic losses as to allocation of LAN Settlement proceeds among the various proposed subclasses.

   5.  After entering into a tentative settlement agreement with the VNA Defendants, Class Counsel convened a meeting of Settlement Subclass Counsel and laid out the timeline and circumstances by which settlement with VNA was reached. Class Counsel also provided information as to the ongoing claims process and anticipated adjustments to the eligibility criteria and allocation structure for the VNA

Settlement. Settlement Subclass Counsel collectively requested and received available data regarding claims submitted under each category.

6. I also reviewed relevant pleadings and Court orders to assess the viability of the Class's claims against VNA, as well as the viability of each subclass's claims.

7. Settlement Subclass Counsel subsequently met to negotiate an appropriate allocation of VNA Settlement funds amongst the subclasses. As before, I vigorously advocated on behalf of Flint property owners that suffered losses due to the lead-contaminated water in this matter, and negotiated on their behalf as to how settlement funds paid by the VNA Defendants should be allocated between the subclasses. In particular, consideration was given to the volume and strength of claims submitted in the claims process from the prior settlements.

8. This settlement is in the best interest of Flint businesses participating in the settlement because it avoids the costs and inherent risks associated with continued litigation, as well as the further delays that would be caused by any appeal.

I declare, under penalty of perjury, that the foregoing is true and correct.

Executed on April 11, 2024
Houston, Texas

/s/ Dennis C. Reich
Dennis C. Reich