UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| LUKE WAID, *et al.*,<br><br>　　　　　　　Plaintiffs,<br><br>v.<br><br>RICHARD D. SNYDER, *et al.*,<br><br>　　　　　　　Defendants. | Case No. 16-cv-10444<br>Honorable Judith E. Levy<br>Magistrate Judge Elizabeth A. Stafford |

**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION TO COMPEL COMPLIANCE WITH COURT ORDERS REGARDING PRIVILEGE DESIGNATIONS (ECF NO. 2823)**

Plaintiffs move to compel Defendants Veolia North America, LLC; Veolia North America, Inc.; and Veolia Water North America Operating Services, LLC's (together, "Veolia") compliance with the Honorable Judith E. Levy's discovery orders.  ECF No. 2823.  Plaintiffs challenge Veolia's privilege designations under the attorney-client privilege and the work-product doctrine.[1]  Judge Levy referred that discovery issue to the

---

[1] This order does not resolve the portion of plaintiff's motion concerning Veolia's confidentiality designations.  Those designations will be addressed in a separate order.

undersigned for hearing and determination under 28 U.S.C. § 636(b)(1)(A). ECF No. 2770.

The Court held a hearing on plaintiffs' motion on February 29, 2024. During the hearing, the Court determined that an *in camera* review of the disputed documents was necessary. ECF No. 2872. Veolia submitted 172 documents subject to the privilege dispute for the Court's review.

When reviewing the documents, the Court considered the parameters of the privileges Veolia relied on. The attorney-client privilege exists to "encourage full and frank communication between attorneys and their clients and thereby promote broader public interests in the observance of law and administration of justice." *Upjohn Co. v. United States,* 449 U.S. 383, 389 (1981). It applies:

> (1) Where legal advice of any kind is sought (2) from a professional legal adviser in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client, (6) are at his instance permanently protected (7) from disclosure by himself or by the legal adviser, (8) except the protection be waived.

*United States v. Goldfarb,* 328 F.2d 280, 281 (6th Cir. 1964) (quoting 8 J. Wigmore, *Evidence in Trials at Common Law* § 2292, at 554 (McNaughton rev. 1961)). "[T]he privilege is narrowly construed because it reduces the amount of information discoverable during the course of a lawsuit." *United States v. Collis*, 128 F.3d 313, 320 (6th Cir. 1997).

2

The work-product privilege "protects from discovery documents and tangible things prepared in anticipation of litigation by or for a party or by or for that party's representative." *United States v. Roxworthy*, 457 F.3d 590, 593 (6th Cir. 2006) (citing Fed. R. Civ. P. 26(b)(3)).  The party claiming privilege bears the burden of establishing that the documents were created because of the party's "subjective anticipation of litigation, as contrasted with an ordinary business purpose," and that its "subjective anticipation of litigation was objectively reasonable." *Roxworthy*, 457 F.3d at 593-94.

The Court also considered Judge Levy's rulings applied during an earlier *in camera* review of Veolia's privilege designations.  First, Judge Levy held that the work-product doctrine did not protect documents created to further Veolia's media campaign.  ECF No. 2540, PageID.83978-83979, 83984-83989.  Second, she held that Veolia waived the attorney-client privilege by copying its public relations consultants, Mercury and Rasky, on communications with counsel.  *Id.*

Applying these principles, the Court finds that the following documents or redactions of documents were improperly designated as privileged and must be produced to plaintiffs by April 29, 2024.

1. VEOLIA_1024761
2. VEOLIA_1024596

3

3. VEOLIA_0410455

4. VEOLIA_0416590

5. VEOLIA_0416808

6. VEOLIA_0416816

7. VEOLIA_1009620

8. VEOLIA_1017344

9. VEOLIA_1017364

10. VEOLIA_1017908

11. VEOLIA_1017976

12. VEOLIA_1017988

13. VEOLIA_1027046

14. VEOLIA_1027047

15. VEOLIA_1041343

16. VEOLIA_1041391

17. VEOLIA_1035589

18. VEOLIA_1035621, but Veolia may redact the email sent on October 10, 2016, at 1:41 p.m.

19. VEOLIA_0403282

20. VEOLIA_0407523

21. VEOLIA_0786599

22. VEOLIA_0786650

23. VEOLIA_1037140

24. VEOLIA_0403246

25. VEOLIA_0403249

26. VEOLIA_0403251

27. VEOLIA_0403266

28. VEOLIA_0403278

29. VEOLIA_0409096

30. VEOLIA_0410453

31. VEOLIA_0410791

32. VEOLIA_0410795

33. VEOLIA_0416489

34. VEOLIA_0416491

35. VEOLIA_0416807

36. VEOLIA_0416810

37. VEOLIA_0416812

38. VEOLIA_1021587

39. VEOLIA_1021602

40. VEOLIA_1033491

**IT IS ORDERED.**

                                        s/Elizabeth A. Stafford
                                        ELIZABETH A. STAFFORD
                                        United States Magistrate Judge

Dated: April 22, 2024

## NOTICE TO PARTIES ABOUT OBJECTIONS

Within 14 days of being served with this order, any party may file objections with the assigned district judge. Fed. R. Civ. P. 72(a). The district judge may sustain an objection only if the order is clearly erroneous or contrary to law. 28 U.S.C. § 636. **"When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in full force and effect unless and until it is stayed by the magistrate judge or a district judge."** E.D. Mich. LR 72.2.

## CERTIFICATE OF SERVICE

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System to their email or First-Class U.S. mail addresses disclosed on the Notice of Electronic Filing on April 22, 2024.

                                        s/Marlena Williams
                                        MARLENA WILLIAMS
                                        Case Manager