UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

*In re* Flint Water Cases                     Hon. Judith E. Levy
5:16-cv-10444/17-cv-10164                United States District Judge

_____/

This Motion Relates to:

*Bellwether III Cases*

_____/

**BELLWETHER III PLAINTIFFS' MOTION TO SEAL PORTIONS OF BRIEFS AND ACCOMPANYING EXHIBITS IN OPPOSITION TO VEOLIA'S MOTIONS TO EXCLUDE CERTAIN OPINIONS OF DR. GARY CRAKES AND DR. MIRA JOURDAN**

Bellwether III Plaintiffs move this Court, under E.D. Mich. Local Rule 5.3(b) and this Court's Confidentiality Order, for an order to seal portions of the Plaintiffs' Responses in Opposition to the Defendants Veolia North America, LLC, Veolia North America, Inc., and Veolia Water North America Operating Services, LLC's ("Veolia's") Motions to Exclude Certain Opinions of Dr. Gary Crakes and Dr. Mira Jourdan, and to provisionally seal in their entirety certain exhibits attached to Plaintiff's Response to the Defendants Motions. Plaintiffs ask this Court to seal these items that were designated by Plaintiffs as either "Confidential" or "Highly Confidential" under this Court's Confidentiality Order including the identifying

1

information of minor children and information pertaining to their medical conditions. The specific items that Plaintiffs request to seal are further described in the brief supporting this motion.

Plaintiffs will file the unredacted versions of these documents under seal in connection with this motion, and the proposed redacted documents as attachments to their corresponding responses in opposition. As Local Rule 7.1(a) requires, Plaintiffs conferred with counsel for Veolia regarding this motion. They take no position on the requested relief.

Dated: April 30, 2024

Respectfully submitted,

**LEVY KONIGSBERG LLP**

/s/Corey M. Stern
Corey M. Stern
Melanie Daly
Kiersten Holms
605 Third Ave., 33rd Floor
New York, New York 10158
(212) 605-6298
cstern@levylaw.com

**NAPOLI SHKOLNIK PLLC**

/s/ Hunter J. Shkolnik
Hunter J. Shkolnik
Paula Napoli
Patrick Lanciotti
360 Lexington Ave., 11th Floor
New York, New York 10017
(212) 397-1000
hunter@nsprlaw.com

2

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

*In re* Flint Water Cases            Hon. Judith E. Levy

5:16-cv-10444/17-cv-10164      United States District Judge

_____/

This Motion Relates to:

*Bellwether III Cases*

_____/

## BELLWETHER III PLAINTIFFS' MOTION TO SEAL PORTIONS OF BRIEFS AND ACCOMPANYING EXHIBITS IN OPPOSITION TO VEOLIA'S MOTIONS TO EXCLUDE CERTAIN OPINIONS OF DR. GARY CRAKES AND DR. MIRA JOURDAN

## INTRODUCTION

Plaintiffs respectfully move this Court for an order to seal from the docket certain information contained in the Plaintiffs' Briefs and accompanying exhibits in Response in Opposition to Veolia's Motions to Exclude Certain Opinions of Dr. Gary Crakes and Dr. Mira Jourdan ("Veolia's Motions") and to provisionally seal in their entirety certain exhibits attached to those responses. Plaintiffs file this motion to advance the purposes of this Court's Confidentiality Order and to afford Plaintiffs the chance to protect private information to the extent consistent with the Sixth Circuit's mandate in *Shane Group, Inc. v. Blue Cross Blue Shield of Michigan,* 825 F.3d 299, 305 (6th Cir. 2016).

## BACKGROUND

Veolia filed several *Daubert* motions challenging the admissibility of testimony from the Plaintiff's experts Dr. Crakes and Dr. Jourdan. Plaintiffs oppose Veolia's motions. As described in the chart below, Plaintiffs' briefs in opposition to Veolia's motions and exhibits supporting those oppositions contain information that is confidential because it includes minor Plaintiffs' names and other identifying information as well as confidential medical and other personal information of the minor plaintiffs. The Court agreed to seal similar information during prior proceedings in this case. See ECF 2911 (Order Granting Motion to Seal Related to Veolia Motion to exclude Dr. Crakes and Dr. Jourdan Testimony).

4

## LEGAL STANDARD

Federal Rule of Civil Procedure 5.2(d) provides that any filing can "be made under seal without redactions" at the court's order. Fed. R. Civ. P. 5.2(d); L.R. 5.3(b), *see In re Knoxville News-Sentinel Co.*, 723 F.2d 470, 474 (6th Cir. 1983); There is a strong presumption that records filed with the court must be open. *See Shane Group, Inc.*, 825 F.3d at 300. This presumption can be overcome, and motions requesting the seals have been granted where a party can show "[a] compelling reason why certain documents… should be sealed, and the seal itself must be narrowly tailored to serve this" *Id.* at 305.

"[T]rial courts have always been afforded the power to seal their records" under certain circumstances. *In re Knoxville News-Sentinel Co*., 723 F.2d 470, 474 (6th Cir. 1983); *see Nixon v. Warner Commc'ns, Inc*., 435 U.S. 589, 598 (1978) (holding that the court maintains "supervisory power over its own records and files" and may issue orders sealing judicial records or court filings when appropriate). The moving party may satisfy its burden on a motion to seal filings by "showing that 'disclosure will work a clearly defined and serious injury.'" *Shane Group, Inc*, 825 F.3d. at 307. The party moving to seal must "analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations." *Baxter Int'l., Inc. v. Abbott Laboratories,* 297 F.3d 544, 548 (6th Cir. 2002). E.D. Mich.

5

Local Rule 5.3(b)(3)(A) outlines the specific steps that a party must take to make the required showing in this district.

## ARGUMENT

Plaintiffs seek to file the following documents under seal:

| Document Description | Pages with Redactions | Confidential Nature (including any third-party or non-party interests) |
|---|---|---|
| Plaintiffs' Brief in Opposition to Veolia's Motion to Exclude Dr. Crakes | 5, 6, 7, 8, 9 | Minor Plaintiffs' medical and other personal identifying information |
| Plaintiffs' Ex. A to Plaintiffs' Brief in Opposition to Veolia's Motion to Exclude Dr. Crakes: Dr. Jourdan's Rebuttal Report, Dated Jan. 15, 2024 | Entire Document | Minor Plaintiffs' medical and other personal identifying information – full names, school addresses, specific diagnoses. |
| Plaintiffs' Ex. B to Plaintiffs' Brief in Opposition to Veolia's Motion to Exclude Dr. Crakes: Excerpts of the Deposition of Dr. Mira Jourdan (Mar. 21, 2023) | Entire Document | Minor Plaintiffs' medical and other personal information |

| | | |
|---|---|---|
| Plaintiffs' Brief in Opposition to Veolia's Motion to Exclude Dr. Jourdan | i, 4, 5, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19 | Minor Plaintiffs' medical information |
| Plaintiffs Exhibit A to Plaintiffs' Brief in Opposition to Veolia's Motion to Exclude Dr. Jourdan: Dr. Jourdan's Rebuttal Report, Dated Jan. 15, 2024 | Entire Document | Minor Plaintiffs' medical and other personal identifying information – full names, school addresses, specific diagnoses. |
| Plaintiffs Exhibit B to Plaintiffs' Brief in Opposition to Veolia's Motion to Exclude Dr. Jourdan: Excerpts of the Deposition of Dr. Mira Jourdan (Mar. 21, 2023) | Entire Document | Minor Plaintiffs' medical and other personal information |
| Plaintiffs Exhibit C to Plaintiffs' Brief in Opposition to Veolia's Motion to Exclude Dr. Jourdan: Declaration of Dr. Mira Jourdan dated April 30, 2024 | Entire Document | Minor Plaintiffs' medical and other personal information |

An analysis of applicable law supports the granting of Plaintiffs' motion to seal. Motions to seal have been granted to protect "the privacy interests of

7

participants or third parties." *Hardesty v. Kroger Co.,* No. 16-cv-298, 2020 WL 3545676, at *1 (S.D. Ohio June 30, 2020) (citing *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1179 (6th Cir. 1983)). This includes documents that "refer [] to sensitive medical or personal identifying information." *Russell v. United States RRB*, No. 19-3800, 2020 U.S. App. LEXIS 7524, at *2 (6th Cir. Mar. 10, 2020).

Additionally, the Sixth Circuit has "historically sealed medical records not previously disclosed to the public" *United States v. Jefferson*, No. 23-3509, 2023 U.S. App. LEXIS 32703, at *4 (6th Cir. Dec. 11, 2023). *See, United States v. Jankowski*, No. 23-1404, 2024 U.S. App. LEXIS 6677, at *2 (6th Cir. Mar. 20, 2024); *United States v. Griffiths*, No. 19-4276, 2020 U.S. App. LEXIS 36108, at *4 (6th Cir. Nov. 17, 2020); *Hence v. Berghuis*, No. 14-2551, 2016 U.S. App. LEXIS 24236, at *17 (6th Cir. Feb. 5, 2016).

Some documents, like the expert report of Dr. Jourdan and deposition excerpts, should be sealed in their entirety because they overwhelmingly contain minors' identifying information and medical information. However, other documents, like the responding briefs, can be filed unsealed but with redactions. Although these documents contain minors' identifying information and/or medical information, they also contain substantial amounts of general information that is not confidential.

Plaintiffs are seeking to seal only that information that Plaintiffs have previously insisted should be sealed or that the Court has otherwise said should be sealed. The information consists of contact information, minor children's names, minor children's dates of birth, names of specific doctors, specific medical prescriptions, medical conditions and diagnoses, and other private information. These items were designated as "Confidential" or "Highly Confidential" by Plaintiffs under the existing Confidentiality Order. *See* E.D. Mich. L.R. 5.3(b)(3)(A)(iii).

Plaintiffs are not aware of significant non-party or third-party interests that these documents would implicate, but this motion will also afford any of those persons the chance to come forward and argue their own interests, too. Sealing these items should not impair the public's ability to meaningfully evaluate the substance of Plaintiffs' or Veolia's arguments on the merits of this case.

## CONCLUSION

For these reasons, Plaintiffs ask this Court to grant the motion to seal and permit Plaintiffs to redact or seal the items listed herein.

Dated:       April 30, 2024                              Respectfully submitted,

| **LEVY KONIGSBERG LLP** | **NAPOLI SHKOLNIK PLLC** |
|---|---|
| /s/Corey M. Stern<br>Corey M. Stern<br>Melanie Daly<br>Kiersten Holms | /s/ Hunter J. Shkolnik<br>Hunter J. Shkolnik<br>Paula Napoli<br>Patrick Lanciotti |

| | |
|---|---|
| 605 Third Ave., 33rd Floor | 360 Lexington Ave., 11th Floor |
| New York, New York 10158 | New York, New York 10017 |
| (212) 605-6298 | (212) 397-1000 |
| cstern@levylaw.com | hunter@nsprlaw.com |

***ATTORNEYS FOR PLAINTIFFS***

**CERTIFICATE OF SERVICE**

I hereby certify that on April 30, 2024, I electronically filed this document with the Clerk of the Court using the ECF System, which will send notification to the ECF counsel of record.

**LEVY KONIGSBERG, LLP**

*/S/ MELANIE DALY*
Melanie Daly