# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

*In re* Flint Water Cases       Hon. Judith E. Levy
5:16-cv-10444/17-cv-10164      Magistrate Judge Elizabeth A. Stafford

_____/

This Motion Relates to:

*All Cases*

_____/

## BELLWETHER III PLAINTIFFS' RESPONSE IN OPPOSITION TO VEOLIA'S MOTION FOR RECONSIDERATION

# INTRODUCTION

Veolia North America, LLC, Veolia North America, Inc., and Veolia Water North America Operating Services, LLC (collectively "Veolia") moves the Court to reconsider and overrule its ruling that Veolia must produce an unredacted version of VEOLIA_0407523. ECF No. 2926 ("Court's Order"); ECF No. 2932 ("Veolia Mot."). Veolia's motion is wholly without merit. Accordingly, the Magistrate Judge should deny the motion and order Veolia to produce the subject document immediately.

# LEGAL STANDARD

Local Rule 7.1(h) provides that "[m]otions for reconsideration are disfavored[,]" and can only be granted if "the court made a mistake;" or "[a]n intervening change in controlling law warrants a different outcome;" or "[n]ew facts warrant a different outcome and the new facts could not have been discovered with reasonable diligence before the prior decision." *United States v. White*, No. 1:20-cr-20416, 2024 U.S. Dist. LEXIS 23530, at *8 (E.D. Mich. Feb. 9, 2024) (quoting LR7.1(h)(2)(A)). Further, only errors that are "obvious, clear, unmistakable, manifest, or plain" warrant reconsideration. *Guertin v. Michigan*, No. 16-cv-12412, 2017 U.S. Dist. LEXIS 109373, at *5 (E.D. Mich. July 14, 2017).

Conversely, "[m]otions for reconsideration should not be granted if they merely present the same issues ruled upon by the court, either expressly or by

1

reasonable implication." *Id.* (internal quotation and citation omitted). "And 'parties cannot use a motion for reconsideration to raise new legal arguments that could have been raised before a judgment was issued.'" *Id.* (quoting *Roger Miller Music, Inc. v. Sony/ATV Publ'g*, 477 F.3d 383, 395 (6th Cir. 2007)). "Notably, district courts are increasingly scrutinizing improper use of motions to reconsider." *Id.*

## ARGUMENT

As an initial matter, Veolia does not point to a single controlling case in support of its position that the Court's ruling constitutes a legal error in regard to communications between non-lawyer employees.[1] Veolia's failure to provide controlling law is fatal to the argument that the Court made an "error of law" or a "legal error." Veolia Mot. at PageID.98915. To warrant the disfavored remedy of reconsideration, Veolia needed to refer to "controlling law" that the Magistrate disregarded or contradicted, which they did not. *See United States v. White*, No. 1:20-cr-20416, 2024 U.S. Dist. LEXIS 23530, at *8-9 (E.D. Mich. Feb. 9, 2024)

---

[1] Indeed, Veolia does not provide a single case from this circuit or from Michigan state courts in support of its argument that communications between non-lawyer employees are privileged when they are made at the request of counsel. *See* Veolia Mot. at PageID.98918–19 (citing *Corkrean v. Drake Univ.*, No. 4:21-cv-00336-RGE-SHL, 2022 U.S. Dist. LEXIS 10156, at *7 (S.D. Iowa Jan. 3, 2022); *Crabtree v. Experian Info. Sols.*, Inc., No. 1:16-cv-10706, 2017 U.S. Dist. LEXIS 173905, at *2 (N.D. Ill. Oct. 20, 2017); *Santrade, Ltd. v. Gen. Elec. Co.*, 150 F.R.D. 539, 545 (E.D.N.C. 1993); *Williams v. Sprint/United Mgmt. Co.*, No. 03-2200-JWL-DJW, 2006 U.S. Dist. LEXIS 4219, at *3 (D. Kan. Feb. 1, 2006)).

("Defendant has not presented any new facts or controlling law in his Motion… [t]herefore, only Local Rule 7.1(h)(2)(A) applies.").[2]

To the extent Veolia argues the Magistrate was mistaken for failing to have considered these out of circuit cases, their argument still fails (even under the very cases they cite). To show that non-lawyer to non-lawyer communication between employees is privileged, Veolia needed to provide "enough information about each communication to show" that the communication was indeed made **at the request of counsel** and **for purposes of legal advice.** *Crabtree*, 2017 U.S. Dist. LEXIS 173905, at *5; *see also Corkrean*, 2022 U.S. Dist. LEXIS 10156, at *4 (S.D. Iowa Jan. 3, 2022) ("The burden is satisfied when the party offers sufficient facts, either via privilege log or otherwise, to support the assertion of privilege"). Veolia has not met their burden on either of these requirements.

As to the first, Veolia **merely asserts** that these communications are privileged, because "Fahey sought information for purposes of relaying it to [Veolia's] in-house counsel in order to obtain legal advice." Veolia Mot. at PageID.98919. This unsworn, conclusory statement is not sufficient to meet their burden on privilege. *See Welch Foods v. Packer*, Case No. 1:94 CV 814, 1995 U.S.

---

[2] Notably, Veolia does not contend that the Court made a mistake or that new facts warrant a different outcome under LR7.1(h)(2)(A). Rather, they purport that the Court's ruling that the subject document was not privileged would "constitute legal error" or "error of law"; but they do not point to controlling law. Thus, Veolia's motion for reconsideration fails on this point alone.

3

Dist. LEXIS 16158, at *5 (W.D. Mich. July 14, 1995) ("In the Sixth Circuit, unsupported assertions of attorney-client privilege are strongly disfavored. Plaintiff does not meet its burden by mere conclusory or ipse dixit assertions.") (internal quotation marks and citation omitted); *Craft v. Billingslea*, No. 17-cv-12752, 2021 U.S. Dist. LEXIS 155578, at *23 (E.D. Mich. Aug. 18, 2021) ("The Sixth Circuit has found that bare assertions and 'conclusory statements' do not meet the requisite burdens.") (citation omitted).

Nor does Veolia's threadbare assertion match what was initially claimed as justification for the privilege assertion in their privilege log as to this particular communication (which was also insufficient to meet their burden). *Compare* Veolia PL log Entry for VEOLIA_0407523 ("Redacted email reflecting legal advice from and mental impressions regarding draft statement regarding Flint[]"), *with Crabtree*, 2017 U.S. Dist. LEXIS 173905, at *5 (privilege log descriptions "ma[d]e clear that the challenged documents (1) relate to the investigation 'launched and conducted at the request of the Legal Department *and for the Legal Department*' and/or (2) 'reflect[] and contain[] communications used to *facilitate the provision of legal advice and/or services*'") (citing exhibit) (emphasis in original).

Additionally, that Fahey (apparently) says, at the beginning of the email communication, that "[general counsel] Dan wanted to know" some information, does not carry the day, even under the cases cited by Veolia. *See Corkrean*, 2022

4

U.S. Dist. LEXIS 10156, at *9 ("An email that makes a passing reference to the possibility of speaking with an attorney is less likely to be privileged than one that prepares for an already-scheduled meeting with an attorney."); *id*. at *10 ("Similarly, a long email chain that mentions nothing about an attorney until the very last message is unlikely to be privileged except as to the last message.").

As to the second requirement, even under the law cited by Veolia, it must still be shown that the communication was made for "the primary purpose of obtaining legal advice[,]" and not for "non-privileged business" purposes. *Williams*, 2006 U.S. Dist. LEXIS 4219, at *50; *Santrade*, 150 F.R.D., at 545 (explaining that the party claiming the privilege must show that the documents/communications relate "to a request for legal advice and services"). Here, Veolia simply cannot meet this burden. By their own admission, "the primary purpose" of the communication was **for media advice and *NOT* legal advice**. Indeed, (apparently) Fahey states that he was seeking the information from Gnagy because he was working **"on a PR statement"** with Veolia's legal and marketing team. Veolia Mot. at PageID.98917 (emphasis added).

Under Judge Levy's July 2023 ruling, this communication is **not** privileged—— under either attorney client privilege or attorney work product privilege. *See* ECF No. 2540 (Judge Levy July 2023 Order) at PageID.83989 ("So what I would ask [Veolia] to do is understand that the rule I am announcing to you at this point is that the documents that are part of a media campaign simply aren't privileged."). And

5

contrary to Veolia's implication that following Judge Levy's ruling in this respect "would be an error of law," Veolia Mot. at PageID.98920, Judge Levy's ruling is indeed well supported under the applicable state and federal law.

As to attorney client privilege, under Michigan law, that privilege is "narrow" and only applies to communications "that are made for the purpose of obtaining legal advice." *Reed Dairy Farm v. Consumers Powers Co.*, 227 Mich. App. 614, 618-19 (1998). Courts in this Circuit have ruled that communications made for the purpose of crafting a public relations campaign are not privileged because "case law makes clear that a media campaign is not a litigation strategy." *Waters v. Drake*, No. 2:14-cv-1704, 2015 U.S. Dist. LEXIS 164179, at *6 (S.D. Ohio Dec. 8, 2015); *see also Flagg v. City of Detroit & Kwame M. Kilpatrick*, No. 05-74253, 2010 U.S. Dist. LEXIS 164312, at *5 (E.D. Mich. Oct. 15, 2010) ("When an attorney is consulted in a capacity other than as a lawyer, as (for example) a policy advisor, **media expert**, business consultant, banker, referee or friend, that consultation is not privileged."); *McNeil v. Mount Carmel Health Sys.*, No. 2:20-cv-258, 2021 U.S. Dist. LEXIS 217302, at *18 (S.D. Ohio Nov. 10, 2021) (holding that "[m]erely sending a proposed media strategy to an attorney" is not sufficient to establish privilege).

The same reasoning applies to an assertion of attorney work product. When the "driving force" behind a document is public relations, it cannot be properly withheld under the guise of attorney work product. *United States v. Roxworthy*, 457

6

F.3d 590, 595 (6th Cir. 2006); *McNeil*, 2021 U.S. Dist. LEXIS 217302, at *14-15 (ruling that documents that concerned "responding to media inquiries" and "managing social media" were not attorney work product because although "those same non-litigation purposes may have important legal implications for Defendants, they remain implications, and not the driving force behind the preparation of each requested document"); *Schnatter v. 247 Grp*., LLC, No. 3:20-CV-00003-BJB-CHL, 2021 U.S.Dist. LEXIS 208324, at *28 (W.D. Ky. Oct. 28, 2021) ("[T]he Court concludes that the driving force behind creating the [] Report and related documents and communications was to serve a public relations function and not to assist with litigation.").

Finally, also fatal to Veolia's motion is that this non-lawyer to non-lawyer privilege is being impermissibly raised for the first time in a motion for reconsideration. As the Court is aware, whether this and other documents are privileged has been litigated for fourteen (14) months, since March 2023. There has been correspondence between the parties; letter briefs addressed to the District Judge; briefing before the Magistrate Judge; and oral argument before both judges. *See, e.g.,* ECF No. 2541-1 (Plaintiffs' May 31, 2023, Letter Brief to Judge Levy); ECF No. 2480 (Veolia's May 31, 2023, Letter Brief to Judge Levy); ECF 2540 (Judge Levy July 19, 2023, Order); ECF. No. 2823 (Plaintiffs' Motion to Compel to Judge Stafford); ECF No. 2849 (Veolia's Response to Motion to Compel); ECF No.

7

2854 (Plaintiffs Reply): ECF No. 2876 (February 31, 2024 Hearing on Motion to Compel).[3] This new argument—that communications between corporate non-lawyer employees are privileged when they reflect counsel's request for information—cannot now be raised for the first time in a motion for reconsideration. *People Driven Tech., Inc. v. Presidio, Inc*., No. 22-10098, 2023 U.S. Dist. LEXIS 134233, at *5 (E.D. Mich. Aug. 2, 2023) ("A motion for reconsideration is not a proper means to re-hash old arguments or to advance positions that could have been argued earlier but were not.") (internal quotation marks and citation omitted); *Choon's Design LLC v. Anhetoy*, No. 22-12963, 2023 U.S. Dist. LEXIS 173388, at *9 (E.D. Mich. Sep. 26, 2023) (same).

---

[3] Veolia makes a bold misrepresentation in their motion. They assert that: "The parties did not previously brief the issues regarding this email exchange because Plaintiffs' motion to compel was predicated on the theory that VNA waived privilege by copying third-party PR firms on these emails." Veolia Mot. at PageID.98916, FN. 2. This is false. As evidenced by the briefing before Judge Levy and Judge Stafford, Plaintiffs have always argued (and the Court considered) waiver based on third parties **in addition** to the argument that communications and documents whose driving purpose was media strategy rather than legal were never privileged to begin with. *See* ECF No. 2540 (Judge Levy July 2023 Order) at PageID.83978-83979.

8

## CONCLUSION

For the foregoing reasons, the Court should deny Veolia's motion to reconsider the Court's ruling.

Dated:   May 10, 2024                              Respectfully submitted,

**LEVY KONIGSBERG LLP**

/s/ MELANIE DALY
Melanie Daly
Corey M. Stern
605 Third Ave., 33rd Floor
New York, New York, 10158
(212) 605-6200

*ATTORNEYS FOR PLAINTIFFS*

## CERTIFICATE OF SERVICE

I hereby certify that on May 10, 2024 I electronically filed this document with the Clerk of the Court using the ECF System, which will send notification to the ECF counsel of record.

**LEVY KONIGSBERG, LLP**

/s/ MELANIE DALY
Melanie Daly

10