**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | |
|---|---|
| IN RE: FLINT WATER CASES | Case No. 5:16-cv-10444-JEL-MKM<br><br>Hon. Judith E. Levy, District Judge |
| This Document Relates To:<br>BELLWETHER III | Case No. 5:17-cv-10164-JEL-KGA |

---

**REPLY IN SUPPORT OF DEFENDANTS VEOLIA NORTH AMERICA, LLC, VEOLIA NORTH AMERICA, INC., AND VEOLIA WATER NORTH AMERICA OPERATING SERVICES, LLC'S MOTION TO EXCLUDE CERTAIN OPINIONS AND TESTIMONY OF DR. LARRY RUSSELL**

## INTRODUCTION

As Plaintiffs acknowledge, VNA's motion to exclude certain opinions of Dr. Russell is "narrow." Opp. 1, ECF No. 2934, PageID.98936. VNA moved to exclude only his opinions on (1) Class Plaintiffs' home plumbing, (2) VNA's state of mind, and (3) VNA's alleged status as Flint residents' "last clear chance." Br. in Supp. of VNA Mot. to Exclude Russell (Br.) 1-2, ECF No. 2907, PageID.95622-95623. Plaintiffs say that Dr. Russell will not offer aspects of the challenged opinions and that VNA's motion is therefore "moot" and raises "no issue" for the Court. Opp. 8, 12-13, PageID.98943, 98947-98948. But VNA's motion is not moot. In fact, Plaintiffs indicate that they plan to elicit from Dr. Russell the very opinions that VNA challenged in its motion. The Court should grant VNA's motion.

## ARGUMENT

### I. Dr. Russell's Opinions On Pipe Conditions Should Be Excluded

There are three reasons why Dr. Russell may not offer his opinion that Flint residents' home plumbing supposedly is damaged: (1) that opinion is based on an examination of *Class* Plaintiffs' homes and is irrelevant to the claims of the minor Bellwether III Plaintiffs who do not seek property damages; (2) that opinion is unreliable because, among other reasons, it extrapolates from the examination of just two homes; and (3) that opinion would unfairly prejudice VNA because, among other reasons, Dr. Russell relies on photographs of 80-plus-year-old corroded galvanized-steel pipes to misleadingly suggest that such corrosion continues to

threaten Plaintiffs with lead exposure and must have resulted from the water crisis in 2014-2015 (as opposed to normal old age). *See* Br. 7-14, PageID.95628-95635.

Plaintiffs have not shown that Dr. Russell's pipe-damage opinions would be admissible at trial—to the contrary, Plaintiffs *agree* with much of what VNA argues in its motion. Plaintiffs concede that the minor Bellwether III Plaintiffs cannot claim property damages. Opp. 6, PageID.98941. For that reason, Plaintiffs assert that Dr. Russell "will refrain from expressing his prior opinion that piping in many Flint homes should be replaced." *Id*. Plaintiffs also agree that "Dr. Russell's testing of pipes in the two homes . . . provides no basis for him to opine, in the Bellwether III trial, that any pipes in the Plaintiffs' homes . . . should be replaced." *Id*. Those concessions by Plaintiffs prove VNA's contention that Dr. Russell's pipe-damage opinions are "not relevant," do not "fit" the Bellwether III case, and should be excluded. *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 591 (1993).

But even while Plaintiffs argue that VNA's motion to exclude those pipe-damage opinions is "moot" because Dr. Russell will not testify that any pipes need to be replaced, Opp. 8, PageID.98943, Plaintiffs continue to want Dr. Russell to "testify concerning his own examination of the condition of the pipes in these homes, and the conclusions that can thereby be drawn concerning similar homes, including Plaintiffs' homes," *id*. at 6-7, PageID.98941-98942 (emphasis omitted). That is precisely the testimony that VNA seeks to exclude, so VNA's motion is not moot.

Plaintiffs have no adequate response to VNA's argument that any opinions about Class Plaintiffs' pipes are irrelevant to the Bellwether III Plaintiffs' claims for lead exposure. Plaintiffs assert that the Court "already rejected" VNA's argument because it denied VNA's motion to exclude Dr. Russell's opinions in the class case, Opp. 7, PageID.98942, but the Court has not yet addressed the relevance of Class Plaintiffs' pipe samples to *this* Bellwether III case. Plaintiffs also cite deposition testimony in which Dr. Russell baldly asserts that damage to Class Plaintiffs' pipes is relevant to the water quality at Bellwether III Plaintiffs' homes, *see id*. at 5-6, PageID.98940-98941, but Plaintiffs fail to explain how those opinions are actually relevant to the Bellwether III case. Plaintiffs do not, for instance, offer evidence that *any* Bellwether III Plaintiff had galvanized-steel pipes like those that Dr. Russell removed from Class Plaintiffs' residences and claims to be the cause of lead release. As this Court recognized in denying certification of proposed damages classes, Flint residents' lead-exposure levels and home-plumbing conditions are individualized issues requiring plaintiff-specific proof. *See In re Flint Water Litig.*, 558 F. Supp. 3d 459, 510-512 (E.D. Mich. 2021). For that reason, Dr. Russell's opinions regarding pipes from *Class* Plaintiffs' homes are irrelevant to Bellwether III Plaintiffs' homes and their alleged injuries from exposure to Flint water.

Plaintiffs similarly have no adequate response to VNA's argument that Dr. Russell's pipe-damage opinions are unreliable insofar as Dr. Russell improperly

extrapolates from pipe samples at just two homes to citywide pipe conditions (including at Plaintiffs' homes). Plaintiffs argue that VNA "opened the door" to opinions about those two specific homes, Opp. 6, PageID.98941—supposedly because VNA's experts examined those homes before Dr. Russell did—but that argument lacks merit for three reasons. First, Class Plaintiffs permitted VNA to inspect only those homes, so it was not VNA's decision to focus on those homes. *See* Crowe Report 30, ECF No. 2454-7, PageID.77784. Second, VNA's inspections occurred in the class case; Dr. Russell was the first to inject Class Plaintiffs' pipe samples into this case. *See* Mot. Ex. 2, Russell Report 5, ECF No. 2907-3, PageID.95653. Third, which party initially raised the issue about Class Plaintiffs' pipes is immaterial to whether Dr. Russell's opinions are reliable. As VNA has explained, his opinions are *not* reliable. *See* Br. 10-12, PageID.95631-95633.

Plaintiffs also have no persuasive response to VNA's objection that Dr. Russell's opinions—including his opinions related to photographs of old corroded pipes removed from Class Plaintiffs' homes—would be unfairly prejudicial. As VNA explained, the photographs just show the normal unattractive condition of pipes that have been in use for decades, *see* Br. 13-14, PageID.95634-95635, but Plaintiffs apparently would have the jury believe that such evidence proves "the level at which the Bellwether III plaintiffs were exposed to lead," Opp. 5, PageID.98940 ("[Dr. Russell] made clear that he believed the condition of the pipes he had

examined was relevant on . . . the issue of the level at which the Bellwether III plaintiffs were exposed to lead"). Courts exclude misleading photographs under Rule 403. *See United States v. Ray*, 597 F. App'x 832, 839 (6th Cir. 2015). The Court should do the same here.

## II. Dr. Russell's Opinions On VNA's State Of Mind Should Be Excluded

VNA also showed that Dr. Russell's opinions on VNA's state of mind—*e.g.*, his opinion that VNA "*intentionally* misle[]d the public," Ex. 2, Russell Report 38, PageID.95686 (emphasis added)—should be excluded. Br. 14-18, PageID.95635-95638. It is "inarguable" that experts may not testify about a defendant's "intent, motive or state of mind." *Visteon Global Techs., Inc. v. Garmin Int'l, Inc.*, No. 10-cv-10578, 2016 WL 4396085, at *4-5 (E.D. Mich. Aug. 18, 2016) (citing *CMI-Trading, Inc. v. Quantum Air, Inc.*, 98 F.3d 887, 890 (6th Cir. 1996), *abrogated on other grounds by Morales v. Am. Honda Motor Co.*, 151 F.3d 500 (6th Cir. 1998)).

Plaintiffs concede that Dr. Russell is not a "corporate mind reader" and will "not attempt to discern an 'intent' of [VNA] as a whole." Opp. 11-12, PageID.98946-98947. But they nonetheless say that Dr. Russell has examined internal VNA emails and, based on that, will "testify[] concerning the actions of individual employees" and can "summarize for the jury relevant documents . . . that bear on the possible intent of corporate employees." *Id*. at 12, PageID.98947.

That testimony is plainly inadmissible. The problem with Dr. Russell's

opinions is not that they relate to the intent of VNA "as a whole" as opposed to the intent of VNA's employees. *Id*. Case law unequivocally holds that experts also may not speculate about the mental state of individuals. *See Hunt v. Hadden*, 127 F. Supp. 3d 780, 788-789 (E.D. Mich. 2015) ("[E]xpert opinion testimony will not assist the jury in determining whether Hadden acted willfully when he converted the settlement funds," because " [t]he intent of the [defendant] is an issue within the competence of the jury" (quoting *CMI-Trading, Inc.*, 98 F.3d at 890)). And experts may not usurp the jury's role by interpreting documents that the jury is competent to understand, as Plaintiffs want Dr. Russell to be allowed to do. *See, e.g.*, *In re Fosomax Prods. Liab. Litig.*, 645 F. Supp. 2d 164, 192 (S.D.N.Y. 2009) ("An expert cannot be presented to the jury solely for the purpose of constructing a factual narrative based upon record evidence." (brackets omitted)).[1] Plaintiffs make no effort to distinguish this Court's own order striking an expert's "speculative" opinion on VNA's state of mind. *In re Flint Water Litig.*, 558 F. Supp. 3d at 523. The Court should likewise exclude Dr. Russell's state-of-mind opinions about VNA.[2]

---

1 Plaintiffs do not and cannot show that VNA's intent is relevant to Dr. Russell's expert opinion that VNA negligently failed to meet the professional standard of care.

2 The two cases Plaintiffs cite (*see* Opp. 12, PageID.98947) support VNA's argument. In one case, the court permitted an expert's testimony precisely because the expert did *not* express any state-of-mind opinion. *See In re Depuy Orthopaedics, Inc.*, No. 3:11-MD-2244-K, 2014 WL 3557345, at *7 (N.D. Tex. July 18, 2014) ("Dr. Abramson expresses no opinion on DePuy's intent or state of mind."). In the second case, the court found that part of the expert's report appropriately provided

**III. Dr. Russell's "Last Clear Chance" Opinion Should Be Excluded**

VNA also showed that the Court should exclude Dr. Russell's opinion that VNA was the "last clear chance" for Flint residents to avoid further exposure to Flint water. *See* Br. 18-20, PageID.95639-95641. Plaintiffs agree with VNA that Dr. Russell may not offer the "legal conclusion" that VNA was Flint residents' "last clear chance." Opp. 13, PageID.98948. Plaintiffs also agree with VNA on the facts belying that opinion: They concede that "thereafter [*i.e.*, after VNA's consulting work for the City], various experts and officials . . . were involved in the Flint Water Crisis." *Id.* And they concede that Dr. Russell was not asked to form opinions about the role of "government nonparties." *Id.* Yet that does not dispose of VNA's objection: Plaintiffs still want Dr. Russell to testify "that the consulting work taken on by [VNA] turned out to be the final opportunity for careful self-examination by [an] independent expert." *Id.* at 13, PageID.98948. As Plaintiffs' concessions prove, that opinion is not supported by the facts and not within the scope of Dr. Russell's work in this case. The Court should exclude that opinion.

**CONCLUSION**

The Court should exclude Dr. Russell's opinions about residential pipe conditions, VNA's state of mind, and whether VNA was "the last clear chance."

---

technical opinions, but also found that another part of the report contained a "summary clearly assign[ing] a motive to Defendants," which the court held to be "impermissible." *In re Davol, Inc.*, 546 F. Supp. 3d 666, 678 (S.D. Ohio 2021).

Respectfully submitted,

**CAMPBELL, CONROY & O'NEIL P.C.**

By: */s/ James M. Campbell*
James M. Campbell
Alaina N. Devine
20 City Square, Suite 300
Boston, MA 02129
(617) 241-3000
jmcampbell@campbell-trial-lawyers.com
adevine@campbell-trial-lawyers.com

**MAYER BROWN LLP**

By: */s/ Michael A. Olsen*
Michael A. Olsen
71 S. Wacker Dr.
Chicago, IL 60606
(312) 701-7120
molsen@mayerbrown.com

*Attorneys for Veolia North America, LLC, Veolia North America, Inc., and Veolia Water North America Operating Services, LLC*

Dated: May 10, 2024

## CERTIFICATE OF SERVICE

I hereby certify that on May 10, 2024, I electronically filed the foregoing document with the Clerk of the Court using the ECF System, which will send notification to the ECF counsel of record.

Respectfully submitted,

*/s/ James M. Campbell*

Dated: May 10, 2024