# REDACTED VERSION OF DOCUMENT TO BE SEALED

# EXHIBIT 1

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| IN RE FLINT WATER LITIGATION | Case No. 5:16-cv-10444-JEL-MKM <br> Hon. Judith E. Levy |
| This Document Relates To: <br> BELLWETHER III | Case No. 5:17-cv-10164-JEL-KGA |

_____

**DEFENDANTS VEOLIA NORTH AMERICA, LLC, VEOLIA NORTH AMERICA, INC., AND VEOLIA WATER NORTH AMERICA OPERATING SERVICES, LLC'S REPLY IN SUPPORT OF THEIR MOTION TO EXCLUDE CERTAIN OPINIONS OF GARY M. CRAKES, PH.D.**

## INTRODUCTION

VNA's motion challenged 25 specific lost-earnings opinions offered by Dr. Crakes because those opinions are based on assumptions that are not supported by the record. Plaintiffs agree to withdraw four of those opinions, but maintain that there is evidence to support the others. They are wrong, and all 25 opinions should be excluded. Plaintiffs also argue that this type of challenge is a ground for cross-examination but not exclusion. The Sixth Circuit has squarely held otherwise.

## ARGUMENT

**I.     The Argument In This Motion Differs From VNA's Challenge To Dr. Crakes's Methodology In Bellwether I**

Plaintiffs argue that this motion is duplicative of VNA's motion exclude Dr. Crakes' opinions in Bellwether I. Opp. 4, ECF No. 2937, PageID.99084. That is incorrect. In Bellwether I, VNA argued that Dr. Crakes's methodology for calculating lost earnings was not reliable and thus that all of his opinions should be excluded. The Court rejected that challenge to his methodology. Order on VNA Mot. to Exclude Crakes 5, ECF No. 681, PageID.43965.

Here, VNA does not challenge the reliability of Dr. Crakes's methodology. It argues only that some of the opinions that Dr. Crakes offered for the Bellwether III Plaintiffs should be excluded because those opinions are based on assumptions that lack evidentiary support. VNA's arguments are specific to the Bellwether III record, and the Court did not address them in Bellwether I.

1

## II.     Plaintiffs Withdraw Four Of The Challenged Opinions.

VNA challenges 25 of Dr. Crakes's damages opinions for the Bellwether III plaintiffs. Plaintiffs have agreed to withdraw four of the challenged opinions: "the two lost earning scenarios for C.D. and the two lost earning scenarios for J.N." that are "based on the assumption that ███████████████████████████████." Opp. 8 n.13, PageID.99088.

## III.    The Court Should Exclude Eight Opinions Based On Unsupported Assumptions About Plaintiffs' "Unimpaired" Capabilities

VNA challenges eight opinions because they are based on assumptions about Plaintiffs' "unimpaired" academic capabilities that are not supported by the evidence.[1] Plaintiffs do not deny that the "unimpaired" assumptions in these opinions are contrary to Dr. Hoffman's opinions.[2]

---

[1] Specifically, VNA challenges six opinions based on the assumptions that, without her alleged impairments, G.B. ███████████████████████████████████████████████ and two opinions based on the assumption that, without his alleged impairments, C.D. ███████████████████████████████████████. Br. in Supp. of VNA Mot. to Exclude Crakes (Br.) 9-11, ECF No. 2908, PageID.95868-95870. Plaintiffs have withdrawn one of the three opinions based on this "unimpaired" assumption, because that opinion also was based on the "impaired" assumption that C.D. ███████████████████████. Opp. 8 n.13, PageID.99088.

[2] Specifically, Dr. Hoffman opined that, ███████████████████████████████████████████████████████████████ Mot. Ex. 14, Hoffman Report (G.B.) 8, ECF No. 2906-14, and ███████████████████████████████████████████████ Mot. Ex. 16, Hoffman Report (C.D.) 12, ECF No. 2906-16.

2

Plaintiffs argue that, even though these assumptions are contrary to Dr. Hoffman's opinions, there is evidence supporting them because Dr. Jourdan allegedly testified that "absent these ▇▇▇, these children generally would have been expected to succeed emotionally and occupationally." Opp. 9, PageID.99089. What Dr. Jourdan actually said is that "normal IQ itself would . . . often or typically be associated with the expectation that a child could succeed academically and occupationally, but ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇." Opp. Ex. B, Jourdan Dep. (3/21/2023) 389:19-24, ECF No. 2936-3. That generic and ambiguous testimony about children with a normal IQ does not support any specific conclusion about G.B.'s or C.D.'s academic capabilities without their alleged impairments. In particular, it does not indicate that G.B. or C.D. would have exceeded the academic capabilities ascribed to them by Dr. Hoffman. These opinions should be excluded.

## IV. The Court Should Exclude Fourteen Opinions Based On Unsupported Assumptions About Plaintiffs' "Impaired" Capabilities

VNA challenges fourteen other opinions because they are based on assumptions about Plaintiffs' "impaired" academic capabilities that do not correspond with the opinions about Plaintiffs' academic capabilities offered by Dr. Hoffman and Dr. Jourdan.[3]  Again, Plaintiffs do not dispute that each of these

---

[3] Specifically, VNA challenges four of Dr. Crakes's opinions based on the assumption that Y.A. ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇; two opinions based on

3

opinions is based on an assumption about the individual Plaintiffs' current academic capabilities that is contrary to the opinions offered by Dr. Hoffman and Dr. Jourdan following their assessments of each Plaintiff's academic capabilities.

Nevertheless, Plaintiffs contend that there is evidentiary support for these opinions because Dr. Jourdan and Dr. Hoffman testified "███████████████████████████████████████████████████████████████████████████████████████████████████████████████." Opp. 5-6, PageID.99085-99086. Specifically, Plaintiffs point to Dr. Jourdan's testimony that "progress at each step of this path will be ███████████████ than it would be for similarly situated children who had not experienced these kinds of ████" and Dr. Hoffman's testimony that, "[a]s academic demands increase with entry into higher grades, ███████████████████████████████████████ upon [their] scholastic capability." *Id.* But Dr. Hoffman and Dr. Jourdan already took this into account when providing their expert opinions about each Plaintiff's current academic capabilities.

For example, in addition to her psychological testing and record review for

---

the assumption that E.A. ███████████████████████; two opinions based on the assumption that C.D. ███████████████████; two based on the assumption that R.E. ███████████████████████; and four opinions based on the assumption that J.S. ███████████████████. Br. 7-15, PageID.95866-95874. One of the opinions related to C.D. is based on "impaired" and "unimpaired" assumptions that both lack record support.

4

Y.A., Dr. Jourdan took into account the fact that "progress at each step of this path will be ▮▮▮▮▮ than it would be for similarly situated children who had not experienced these kinds of injuries." Opp. 5, PageID.99085. Dr. Jourdan then concluded that ▮▮▮▮▮ ▮▮▮▮▮ Mot. Ex. 11, Jourdan Report (Y.A.) 10, ECF No. 2906-11. Dr. Jourdan did *not* conclude that Y.A. ▮▮▮▮▮. There is no evidence in the record that would support such a conclusion about Y.A. and thus no basis for Dr. Crakes's four opinions based on that conclusion.

## V. The Lack Of Evidentiary Support Is Grounds For Exclusion Of An Expert Opinion

Plaintiffs argue that VNA's challenges are not grounds for exclusion, but for cross-examination at trial. Opp. 9-10, PageID.99089-99090. But the Sixth Circuit and courts in this district have held that expert testimony—and specifically expert testimony about lost future income—should be excluded when it is based on assumptions that are not supported by the record. Br. 5-6 & n.3, PageID.95864-95865 (citing, *e.g.*, *Andler v. Clear Channel Broad., Inc.*, 670 F.3d 717, 726 (6th Cir. 2012)).

Plaintiffs note (Opp. 5, PageID.99085) that in *Andler*, the Sixth Circuit recognized that "predictions about future earning potential are necessarily somewhat speculative." 670 F.3d at 726. But they ignore the court's conclusion: "[A]n expert

5

witness's calculations of future earning capacity are inadmissible under Federal Rule of Evidence 702 if based on 'unsupported speculation.' Such testimony should be excluded if it is based on 'unrealistic assumptions regarding the plaintiff's future employment prospects,' or 'facts that are clearly contradicted by the evidence.'" *Id.* at 727. Here, each of the challenged opinions is based on one or more assumptions that lack support in the record and, indeed, are contrary to the opinions offered by Plaintiffs' own experts. Those challenged opinions are thus "inadmissible under Federal Rule of Evidence 702" and "should be excluded." *Id.*

Plaintiffs also cite out-of-circuit cases purportedly allowing damages to be assessed "through intelligent guesswork." Opp. 7, PageID.99087 (quoting *Downey v. Strain*, 510 F.3d 534, 544 (5th Cir. 2007)). Those cases are distinguishable, as they simply acknowledge the speculative nature of awards of front pay by judges under the Family Medical Leave Act (indeed, *Downey* involved damages that the parties agreed would be assessed by the judge, not the admissibility of contested expert testimony). For these cases to be relevant here, they would have to involve (1) an economic expert who offered a front-pay damages estimate based on the assumption that, if not for the defendant's challenged conduct, the plaintiff would have remained in the relevant job for a certain number of years, while (2) the plaintiff's vocational expert opined that the plaintiff was likely to remain in that job

6

for a shorter period of time. None of the cases addresses that situation, or otherwise authorizes that sort of unsupported and misleading opinion by an economist.[4]

Plaintiffs also point out that "mere weaknesses in the factual basis of an expert witness' opinion" is appropriately addressed through cross-examination. Opp. 10, PageID.99090 (citing *In re Scrap Metal Antitrust Litig.*, 527 F.3d 517, 530 (6th Cir. 2008)). But VNA's challenges do not involve an expert who offers an opinion based on one side of a disputed evidentiary issue. Rather, Plaintiffs' own experts have offered opinions about Plaintiffs' current "impaired" and hypothetical "unimpaired" academic capabilities. Dr. Crakes then offered 25 economic opinions that make *different* assumptions about Plaintiffs' academic capabilities. There is no other competent evidence in this record supporting those assumptions, and they are contradicted by the opinions of Plaintiffs' own experts. Accordingly, the damages opinions based on those assumptions are speculative and misleading; they are "inadmissible" and "should be excluded." *Andler*, 670 F.3d at 727; *see also* Br. 5-6 & n.3, PageID.95864-95865 (citing cases).

## CONCLUSION

The Court should exclude the identified opinions of Dr. Crakes.

---

[4] Moreover, because Dr. Crakes has no expertise in the psychological assessment of children, any "guesswork" he did, reaching conclusions about Plaintiffs' academic capabilities that are contrary to those of both Dr. Hoffman and Dr. Jourdan, would be speculation, not "intelligent guesswork" by a qualified expert.

7

                Respectfully submitted,

| **CAMPBELL, CONROY & O'NEIL, P.C.** | **MAYER BROWN LLP** |
|---|---|
| */s/ James M. Campbell* | */s/ Michael A. Olsen* |
| James M. Campbell | Michael A. Olsen |
| Alaina M. Devine | 71 South Wacker Drive |
| 20 City Square, Suite 300 | Chicago, IL 60606 |
| Boston, MA 02129 | (312) 7012-7120 |
| (617) 241-3000 | molsen@mayerbrown.com |
| jmcampbell@campbell-trial-lawyers.com | |
| adevine@campbell-trial-lawyers.com | |

*Attorneys for Veolia North America, LLC, Veolia North America, Inc., and Veolia Water North America Operating Services, LLC*

Dated: May 10, 2024

8

## CERTIFICATE OF SERVICE

I hereby certify that on May 10, 2024, I electronically filed the foregoing document with the Clerk of the Court using the ECF System, which will send notification to the ECF counsel of record.

                                              Respectfully submitted,

                                              */s/ James M. Campbell*

Dated:  May 10, 2024