# REDACTED VERSION OF DOCUMENT TO BE SEALED

# EXHIBIT 3

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | |
|---|---|
| IN RE: FLINT WATER CASES | Case No. 5:16-cv-10444-JEL-MKM |
| | Hon. Judith E. Levy, District Judge |
| | |
| This Document Relates To: | |
| BELLWETHER III | Case No. 5:17-cv-10164-JEL-KGA |

_____

**REPLY IN SUPPORT OF DEFENDANTS VEOLIA NORTH AMERICA, LLC, VEOLIA NORTH AMERICA, INC., AND VEOLIA WATER NORTH AMERICA OPERATING SERVICES, LLC'S MOTION TO EXCLUDE CERTAIN OPINIONS OF DR. MIRA JOURDAN**

## INTRODUCTION

Dr. Jourdan diagnosed minor Plaintiff R.E. with ███████████████ and noted the possibility that R.E. ████████████████████████ ███████. In her report about R.E., Dr. Jourdan opined that "██████████ ██████████████████████████████████████████████ ██████████████████████████████████████████████ ████████████████████████ Mot. Ex. 6, at 13, ECF No. 2906-18. VNA moved to preclude Dr. Jourdan from discussing ███████████ ███████ when opining about R.E.'s future prospects, because R.E. has never been diagnosed with ████████████████████. Any such testimony would be unreliable and inadmissible under Federal Rule of Evidence 702. It also would be subject to exclusion under Federal Rule of Evidence 403 because it would be more prejudicial than probative and would likely confuse and mislead the jury.

In their response, Plaintiffs concede that R.E. has never been diagnosed with ████████████████████. They admit that it would be unreasonable and unreliable to diagnose a child of R.E.'s age with ██████████████████ and that Dr. Jourdan was not certain whether R.E. was demonstrating symptoms of █ ████████████████████████████████████████████. In light of these admissions, permitting Dr. Jourdan to discuss ██████████████ ███████ when expressing opinions about R.E.'s future prospects would run counter

1

to Federal Rules of Evidence 702 and 403, as well as *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579 (1993).

Accordingly, the Court should preclude Dr. Jourdan from referring to ████████████████████ when opining about R.E.'s future prospects.[1]

## ARGUMENT

**Dr. Jourdan Should Be Precluded From Discussing ██████████████ ████████ When Opining About R.E.'s Future Prospects**

    **A.**    **Plaintiffs Have Not Met Their Burden Of Showing That Dr. Jourdan's Future-Harm Opinion About R.E. Involving ████████ ████████████ Is Reliable**

VNA's motion is narrowly tailored. VNA seeks only to preclude Dr. Jourdan from discussing ████████████████ when offering opinions about R.E.'s future prospects, because R.E. has not been diagnosed with █████████████ ████—a fact that Plaintiffs do not dispute. *See, e.g.*, Opp. 18, ECF No. 2938, PageID.99117. As Plaintiffs acknowledge, Dr. Jourdan's report about R.E. implies that R.E.'s future prospects will be affected if R.E. turns out to have ████████ █████████ her report states that "██████████████████████ ████████████████████████████████████ Dugbartey,

---

[1]  VNA also argued that Dr. Jourdan's future-harm opinions should be excluded because they are unreliable and are not supported by sufficient facts or data. *See* Br. in Supp. of Mot. (Br.) 7-9, ECF No. 2909, PageID.95918-95920. Plaintiffs do not respond to that argument, so this brief addresses only VNA's argument about R.E.'s prospects if he were later diagnosed with ████████████████.

2000)." Mot. Ex. 6, at 13.  That statement implies that R.E. will face unfavorable future outcomes because he suffers from ███████████████ when, in fact, he has never been diagnosed with ████████.

Plaintiffs tacitly acknowledge that any opinion about ████████████ ██████ is unreliable.  They note the "unavoidable uncertainties in diagnosing █ ██████████████████ at R.E.'s age"—effectively admitting that such a diagnosis would be impermissibly speculative, because a child of ███ is too young to be reliably diagnosed with that condition.  Opp. 15, PageID.99114.  Plaintiffs also emphasize Dr. Jourdan's statement that she was unable to determine whether R.E. was demonstrating indicia of ████████████████████████ ███████████.  Opp. Ex. B, at 303:3-13, ECF No. 2936-6; Opp. 18-19, PageID.99117-99118.   A future-harm opinion that assumes a diagnosis of ██████████████ would therefore be untethered from both data and facts: R.E. has not been diagnosed with ██████████████, and there is no evidence to support such a diagnosis.

Plaintiffs argue that Dr. Jourdan relied on her decades of clinical experience and R.E.'s test results in formulating her future-harm opinions, but that misses the point.  Opp. 15-16, PageID.99114-99115.  The point is that, after considering R.E.'s test results and using her decades of clinical experience, Dr. Jourdan did *not* diagnose R.E. with ██████████████.  Accordingly, Dr. Jourdan should not be

3

permitted to discuss the outcomes of individuals diagnosed with ██████████ ██████ in connection with her opinions about R.E.—a child whom she did *not* diagnose with a ████████████████.

Notably, Plaintiffs point to no case law that permits an inference of future harm based on the possibility that a plaintiff *might* someday be diagnosed with a yet undiagnosed condition.  In Plaintiffs' only cited case, two minor plaintiffs *were diagnosed with brain damage*, and their expert argued that, although their school performance had not yet been affected, they would begin to suffer more severe symptoms from the diagnosed condition as they grew older.  *Richwind Joint Venture 4 v. Brunson*, 625 A.2d 326, 328, 338-39 (Md. Ct. Spec. App. 1992).  This is distinguishable from R.E.'s situation.  He has not been diagnosed with a ██████ ██████████, so to opine that he may suffer harm from ████████ as he grows older would be purely speculative.

Finally, Plaintiffs point out that the Dugbartey study is peer reviewed and that it correlates "the impact of ████████████████ on adults with what may happen to children with the same ██████ as they grow into adults."  Opp. 12, PageID.99111.  But VNA is not questioning the reliability of the study.  Rather, the reliability issue here arises from presenting the study, which pertains to children and adults diagnosed with ████████████████, in connection with a future-harm opinion about a child who has not been diagnosed with that condition.  *See*

4

*Pluck v. BP Oil Pipeline Co*., 640 F.3d 671, 679-80 (6th Cir. 2011) (affirming exclusion of expert's opinion that benzene exposure caused the plaintiff's cancer because the study on which the expert relied did not support his conclusion).  Here, the Dugbartey study should be excluded because the study does not support Dr. Jourdan's ultimate conclusion as to R.E., which is that ███████████████ ████████████████████████████████████████.

**B.    Dr. Jourdan's Testimony About ███████████████ Would Be Substantially More Prejudicial Than Probative And Would Confuse The Jury**

Dr. Jourdan also should be precluded from discussing ███████████ ██████ when opining about R.E.'s future prospects because the probative value of such testimony would be "substantially outweighed by a danger of [] unfair prejudice, confusing the issues, [and] misleading the jury."  Fed. R. Evid. 403.  Plaintiffs argue that Dr. Jourdan's testimony about how ███████████████ impact future development will educate the jury and will be "highly probative to the jury's injury and damages analysis."  Opp. 17, PageID.99116.  But that would be so only if the child about whom Dr. Jourdan is opining—R.E.—shares that diagnosis.

Further, as Dr. Jourdan explained and Plaintiffs point out, one reason why R.E. "was not diagnosed with a ███████████████" was that Dr. Jourdan "felt that it was possible that ███████████████████████████ ████████████████████████████████████████

5



" Opp. Ex. B, at 303:3-9; Opp. 18-19, PageID.99117-99118.  Dr. Jourdan stated that, "at this age of ▇, I couldn't tell definitely ▇▇▇▇▇▇▇▇▇▇▇▇▇▇."  Opp. Ex. B, at 303:10-13; Opp. 19, PageID.99118.  Dr. Jourdan's testimony about ▇▇▇▇▇▇ ▇▇▇▇▇▇▇ would be confusing and prejudicial because it would invite the jury to speculate—without any basis in the evidence—that R.E. could later develop a condition that he does not currently have and that Dr. Jourdan is not sure he will develop in the future.

## CONCLUSION

The Court should preclude Dr. Jourdan from discussing ▇▇▇▇▇▇▇ ▇▇▇▇ when opining about R.E.'s future prospects.

Respectfully submitted,

**CAMPBELL, CONROY & O'NEIL P.C.**

**MAYER BROWN LLP**

By: */s/ James M. Campbell*
James M. Campbell
Alaina N. Devine
20 City Square, Suite 300
Boston, MA 02129
(617) 241-3000
jmcampbell@campbell-trial-lawyers.com
adevine@campbell-trial-lawyers.com

By: */s/ Michael A. Olsen*
Michael A. Olsen
71 S. Wacker Dr.
Chicago, IL 60606
(312) 701-7120
molsen@mayerbrown.com

*Attorneys for Veolia North America, LLC, Veolia North America, Inc., and Veolia Water North America Operating Services, LLC*

Dated:  May 10, 2024

## CERTIFICATE OF SERVICE

I hereby certify that on May 10, 2024, I electronically filed the foregoing document with the Clerk of the Court using the ECF System, which will send notification to the ECF counsel of record.

Respectfully submitted,

*/s/ James M. Campbell*

Dated: May 10, 2024