## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | |
|---|---|
| IN RE FLINT WATER CASES | Case No. 5:16-cv-10444-JEL-EAS |
| | Hon. Judith E. Levy |

_____

## VEOLIA ENVIRONNEMENT S.A.'S MOTION FOR RECONSIDERATION

Pursuant to Local Rule 7.1(h)(2), Non-Party Veolia Environnement S.A. (VE) respectfully requests that the Court reconsider its May 13, 2024, order denying VE's request to use the Hague Convention process to transmit the documents responsive to the Court's February 21, 2024, order, ECF No. 2953 (the Order).[1]  One reason the Court gave for denying VE's request was that it was "unclear" whether VE would provide the documents even if the parties followed the Hague Convention process. *Id.* at 24, PageID.99284.  VE wishes to clarify that if the Court permits the parties to use the Hague Convention process, VE *will not* oppose providing the documents responsive to the February 21, 2024, order on any other basis and *will* provide those documents to the Court as quickly as it possibly can under the Hague Convention process.  That approach would allow VE to comply both with the Court's February

---

[1]   In light of the upcoming deadline set out in the Order, VE was not able to confer with counsel for Plaintiffs before filing this motion.

21, 2024, order and with its obligations under French law, as it is undisputed that VE faces a risk of criminal sanctions under French law if it provides the documents without following the Hague Convention process. The Court's Order also suggested that the Hague Convention process is "burdensome" and "unduly time consuming and expensive." *Id.* at 26, 32, PageID.99286, 99292 (internal quotation marks omitted). VE wishes to bring to the Court's attention that Article 17 of the Convention provides for a simplified process that can be completed in three weeks or less, and that VE confirms that it would consent to using that process here.

VE reiterates that it wishes to fully cooperate with the Court's inquiry, and that it will comply with the Court's February 21, 2024, order to the fullest extent it can. VE understands that its previous submissions may not have made clear that it will provide the documents responsive to that order without equivocation under the Hague Convention process, and also that VE will consent to use the simplified process available under the Convention. VE respectfully requests that the Court reconsider its Order in light of these clarifications and permit VE to use the simplified Hague Convention process to respond to the Court's February 21, 2024, Order.

## BACKGROUND

On February 21, 2024, as part of the Court's inquiry into allegations by Plaintiffs' counsel, the Court ordered VNA, VE, and their counsel to provide a declaration and supporting materials addressing four subject areas relevant to the Court's

inquiry. Order 2-3, ECF No. 2862, PageID.94314-15. On February 26, 2024, undersigned counsel submitted a declaration responding to the Court's order with information from VNA and outside counsel for VNA and VE. Decl., ECF No. 2870, PageID.94426-33. The declaration explained that it did not include information from VE, because VE could not respond to the Court's request without violating French law. *Id.* at 2, PageID.94427.

The February 26, 2024, submission included a declaration by VE's French counsel, explaining that VE would violate French law if it transferred evidence without following the process set out in the Hague Convention on the Taking of Evidence Abroad. Lenoir Decl., ECF No. 2870-1, PageID.94436. On March 11, 2024, undersigned counsel submitted a letter on behalf of VE requesting that the Court permit VE to use the Hague Convention process to respond to the Court's February 21, 2024, order. Ltr. 1, 3, ECF No. 2884, PageID.94898, 94850. On March 18, 2024, undersigned counsel filed a second letter on behalf of VE confirming that VE "wishes to fully cooperate with the Court's inquiry and can do so consistent with French law through the Hague Convention." Ltr. 1, ECF No. 2981, PageID.94930.

The Court denied VE's request to use the Hague Convention. Applying the factors set out in *Societe Nationale Industrielle Aerospatiale v. U.S. District Court for the Southern District of Iowa*, 482 U.S. 522 (1987), the Court concluded that the balance of interests weighs against using the Hague Convention process. Order 32-

41, PageID.99292-301.  With respect to the fourth factor, whether following the Hague Convention process would provide an alternative means of securing the information, the Court stated that the factor was not satisfied because VE was "equivocal about whether it will fully comply even if the Court applies the Hague Convention." *Id.* at 36, PageID.99296 (emphasis omitted).  And with respect to the fifth factor, the balance of each nation's interests, the Court concluded that the factor was not satisfied because following the Hague Convention could "constrain[]," "frustrate[]," or "delay[]" the Court's exercise of its inherent equitable powers. *Id.* at 38, PageID.99298.

## LEGAL STANDARD

The Court may grant a motion for reconsideration of a previous decision if that order was based on a "mistake," "correcting the mistake changes the outcome of the prior decision," and the "mistake was based on the record and law before the court at the time of its prior decision"; if "[a]n intervening change in controlling law warrants a different outcome"; or "[n]ew facts warrant a different outcome and the new facts could not have been discovered with reasonable diligence before the prior decision."  E.D. Mich. L.R. 7.1(h)(2).

4

## ARGUMENT

**THE COURT SHOULD RECONSIDER ITS RULING DENYING VE'S RE-QUEST TO USE THE HAGUE CONVENTION PROCESS**

The Court concluded that the *Aerospatiale* factors weighed against using the Hague Convention process here.  VE respectfully submits that the Court's analysis of two of the *Aerospatiale* factors were based on incorrect premises:  first, that VE might not comply with the Court's February 21, 2024, order even if it were to use the Hague Convention process, and second, that using the Hague Convention process would frustrate or delay the Court's exercise of its inherent powers.  VE files this motion to clarify that neither premise is correct, and respectfully requests that the Court reconsider its decision in light of those clarifications.

### A.    VE Will Fully Comply With The Court's February 21, 2024, Order Under The Hague Convention Process

The Court concluded that the Hague Convention did not provide an adequate alternative means of complying with the Court's February 21, 2024, order because VE was "equivocal about whether it will fully comply *even if* the Court applies the Hague Convention."   Order 36, PageID.99296.  But in its March 18, 2024, letter, VE stated that it "wishes to fully cooperate with the Court's inquiry and can do so consistent with French law under the Hague Convention."  Ltr. 1, PageID.94930. For the avoidance of doubt, VE hereby clarifies that if the Court permits it to use the Hague Convention process, it will comply with the Court's February 21, 2024, order

5

"without equivocation." Order 36, PageID.99296 (quoting *Salt River Project Agric.*

*Improvement & Power Dist. v. Trench France SAS*, 303 F. Supp. 3d 1004, 1010 (D.

Ariz. 2018).  That is, VE will not oppose providing the documents responsive to that

order on any basis and will provide the Court with those documents.

The Court stated that VE might not comply even under the Hague Convention

process because, in her declaration, VE's French counsel referred to European data-

privacy law and French professional-secrecy law.  Order 23-24, PageID.99283-84.

The Court appears to have understood VE's counsel to suggest that VE could use

those laws as a basis to resist transferring evidence under the Hague Convention.

*See id.*  But VE is subject to those laws regardless of whether it follows the Hague

Convention process – the data-privacy and professional-secrecy restrictions apply

no matter how VE transmits the documents to the Court.  VE thus did not mean to

suggest that those laws provide VE a basis under the Hague Convention to refuse to

comply with the Court's order.  Rather, VE meant only that it will need to ensure

that it complies with its data-privacy and professional-secrecy obligations when re-

sponding to this Court's orders.

Again, VE reiterates that it wishes to fully cooperate with the Court's inquiry.

But it is undisputed that VE would be violating French law, and potentially subject

to criminal sanctions, if it were to transmit evidence without using the Hague Con-

vention process.  Indeed, in response to the Order, the French authorities have again

confirmed that any transmission of documents without using the Hague Convention process would violate French criminal law.  *See* Ex. A, at 4-5.  But VE can and will fully comply with both the Court's February 21, 2024, order and with its obligations under French law by using the Hague Convention process.  The Hague Convention process thus would be an adequate means of securing compliance with the Court's February 21, 2024, order.

### B.    Using The Hague Convention Process Will Not Be Burdensome Or Lead To Undue Delays

The Court concluded that following the Hague Convention process could "constrain[]," "frustrate[]," or "delay[]" the Court's exercise of its inherent equitable powers.  Order 38, PageID.99298.  The Court suggested that the Convention's processes are "burdensome" and could be "unduly time consuming and expensive."  *Id.* at 26, 32, PageID.99286, 99292 (internal quotation marks omitted).  But the Convention provides simplified mechanisms for taking evidence abroad that are efficient and inexpensive that could be used here.

In particular, under Article 17 of the Convention, the Court can request that a private commissioner take evidence from VE.  *See* Convention on the Taking of Evidence Abroad in Civil or Commercial Matters ch. 2, art. 17, Mar. 18, 1970, 23 U.S.T. 2555, 847 U.N.T.S. 241.  The Article 17 process does not require the intervention of a foreign court, *see Aerospatiale*, 482 U.S. at 560 n.16 (Blackmun, J., concurring in part and dissenting in part), and thus can be completed very quickly –

often in three weeks or less.  The Article 17 process is available when the respondent consents to producing the requested evidence; here, VE consents to the use of the Article 17 process.

The accompanying letter from VE's French counsel, Olivier Attias, explains how the Article 17 process would work.  *See* Ex. B, at 2-4; *see also* Hague Conference on Private International Law, *Practice Manual on the Operation of the Evidence Convention* § C (4th ed. 2020).

- First, the Court would appoint a commissioner and issue a letter of request to the commissioner. Ex. B, at 2-3.  Mr. Attias recommends Alexander Blumrosen, a U.S.-French lawyer, whom many federal courts have appointed as a commissioner under Article 17. *Id.* at 2.[2]  VNA would prepare drafts of the appointment order and letter of request for the Court, and would immediately transmit them as soon as the Court issues them.

- Second, the commissioner would email the letter of request to the French Ministry of Justice for authorization to take the evidence. Ex. B, at 3.  That authorization can take as little 2 days, and no more than two weeks. *Id.* at 3-4.  Here, because VE already has been in communication with French authorities about the Court's orders, VE expects that the French authorities would be able to expedite the authorization process.

- Third, VE would electronically provide the responsive documents to the commissioner. Ex. B, at 3.  The commissioner would review the documents solely to ensure that they are the documents ordered by the Court. *Id.*  That step would take just a few days at most. *Id.*

---

[2]  *See, e.g.*, *Dunham v. Covidien LP*, No. 19-cv-2851, 2020 WL 7335311, at *1 (S.D.N.Y. Dec. 14, 2020); *Allianz Glob. Inv'rs GmbH v. Bank of Am. Corp.*, No. 18-cv-10364, 2020 WL 5439545, at *1 (S.D.N.Y. Sept. 9, 2020); *Dentsply Sirona Inc. v. Edge Endo, LLC*, No. 17-cv-1041, 2019 WL 4451033, at *4 (D.N.M. Sept. 17, 2019).

- Finally, the commissioner would provide the documents to counsel for VNA, who would promptly submit them to the Court.  Ex. B, at 3-4.

As Mr. Attias explains, the entire Article 17 process could be completed in three weeks or less.  Ex. B, at 4.  Further, VE and/or VNA would bear the expenses of the process.  The Hague Convention process thus would be efficient and inexpensive, and using the Convention's process would not impair the Court's exercise of its inherent powers.

## CONCLUSION

The Court should reconsider its May 13, 2024, Order and permit VE to use the process under Article 17 of the Hague Convention to transmit the evidence responsive to the Court's February 21, 2024, order to the United States for filing with the Court.

DATED:  May 18, 2024

Respectfully submitted,

**MAYER BROWN LLP**

*/s/ Michael A. Olsen*
Michael A. Olsen
71 South Wacker Drive
Chicago, IL 60606
(312) 7012-7120
molsen@mayerbrown.com

*Attorney for Veolia Environnement S.A.*

## CERTIFICATE OF SERVICE

I hereby certify that on May 18, 2024, I electronically filed the foregoing Motion with the Clerk of the Court using the ECF System, which will send notification to the ECF counsel of record.

Respectfully submitted,

*/s/ Michael A. Olsen*
Michael A. Olsen