# EXHIBIT A

**MINISTÈRE
DE L'ÉCONOMIE,
DES FINANCES
ET DE LA SOUVERAINETÉ
INDUSTRIELLE ET NUMÉRIQUE**
*Liberté
Égalité
Fraternité*

**Direction générale
des Entreprises**

M. Éric HAZA
*Directeur des affaires juridiques*
M<sup>me</sup> Charlotte GAUSSEL
*Directrice Juridique Contentieux et Arbitrage*
VEOLIA S.A.
30, rue Madeleine Vionnet
93 300 Aubervilliers
France

Réf. : SISSE/2024/05/1439
Annexe : Traduction de courtoisie en anglais / *Courtesy translation*

Paris, le 17 mai 2024

Madame, Monsieur,

Dans le cadre d'un contentieux civil en cours aux États-Unis, votre société, VÉOLIA S.A. (ci-après « VÉOLIA »), fait l'objet d'une demande de production de documents par une juridiction de l'État du Michigan (*United States District Court, Eastern District of Michigan, Southern Division*). Conformément à la loi n° 68-678 du 26 juillet 1968 (ci-après « loi de 1968 ») et au décret n° 2022-207 du 18 février 2022, vous avez saisi une première fois, le 29 février 2024[1], le service de l'information stratégique et de la sécurité économiques (ci-après « SISSE ») du ministère de l'économie, des finances et de la souveraineté industrielle et numérique pour vous assurer de la conformité de la communication des pièces demandées à la loi susvisée. À la suite de votre saisine, nous vous avions adressé un courrier en date du 11 mars 2024 rappelant les dispositions de la loi du 26 juillet 1968 et précisant les modalités d'ouverture du canal d'entrée. Ce courrier n'a toutefois pas été suivi d'effet puisque la juridiction fédérale a refusé de reconnaître le nécessaire respect de la convention de La Haye de 1970, pourtant ratifiée par les États-Unis, ainsi que la loi du 26 juillet 1968 et a réitéré sa demande de communication de documents en dehors des canaux d'entraide internationaux. Par conséquent, conformément aux dispositions du décret précité, vous avez une nouvelle fois saisi le SISSE le 15 mai 2024.

Pour rappel, la demande émise par la juridiction du District Est de l'État du Michigan a pour objet la transmission d'informations de nature économique, commerciale, industrielle, financière ou technique par la société VÉOLIA. Par conséquent, celle-ci devra nécessairement être réalisée à travers la mise en place d'un canal d'entraide judiciaire civil existant entre la France et les États-Unis. En son absence, l'article 1<sup>er</sup> *bis* de la loi de 1968 a donc vocation à s'appliquer. Cet article dispose en effet qu'« *il est interdit à* **toute personne** *de demander, de rechercher ou de communiquer, par écrit, oralement ou sous toute autre forme, des documents ou renseignements d'ordre économique, commercial, industriel, financier ou technique tendant à la constitution de preuves en vue de procédures judiciaires ou administratives étrangères ou dans le cadre de celles-ci* ». Cette interdiction s'applique « *[S]ous réserve des traités ou accords internationaux et des lois et règlements en vigueur* ».

---

[1] Avis SISSE du 11 mars 2024 à l'attention de M. Eric HAZA et de Mme Charlotte GAUSSEL (Réf. : SISSE/2024/03/1075).

Nous vous rappelons également que cette loi est une loi pénale d'ordre public et d'interprétation stricte dans son application. La violation d'une interdiction édictée par cette loi fait encourir les peines de six mois d'emprisonnement et 18 000 euros d'amende pour les personnes physiques ou 90 000 euros d'amende pour les personnes morales, conformément à l'article 3 de la loi susvisée. Nous vous rappelons également que l'article 40 du code de procédure pénale dispose que « [T]oute autorité constituée, tout officier public ou fonctionnaire qui, dans l'exercice de ses fonctions, acquiert la connaissance d'un crime ou d'un délit est tenu d'en donner avis sans délai au procureur de la République et de transmettre à ce magistrat tous les renseignements, procès-verbaux et actes qui y sont relatifs ». Par conséquent, la connaissance par tout agent public d'une communication d'informations contraire aux dispositions précitées, **entraînera de sa part un signalement au Procureur de la République.**

Comme évoqué précédemment, afin de respecter le cadre juridique français et international, la transmission de documents ne pourra être réalisée qu'à travers les canaux d'assistance prévus à cet effet. En l'espèce, une commission rogatoire internationale devra être adressée au Département de l'entraide, du droit international privé et européen du ministère de la Justice française, en sa qualité d'Autorité centrale française (entraide-civile-internationale@justice.gouv.fr) sur le fondement de la convention de La Haye du 18 mars 1970 sur l'obtention de preuves à l'étranger en matière civile ou commerciale. Plusieurs options de mise en œuvre sont prévues par ladite convention. Elle **prévoit notamment la possibilité pour l'Autorité centrale française de délivrer une autorisation aux fins d'exécution de la demande par un agent diplomatique ou consulaire ou encore par un commissaire (chapitre II de la convention). La possibilité d'exécuter la commission rogatoire internationale *via* un commissaire, solution rapide et efficace, permettrait de satisfaire toutes les parties en présence dans un délai inférieur à trois semaines.**

En l'état des pièces que vous envisagez de transmettre, aucun élément ne semble susceptible de relever de l'article 1er de la loi de 1968[2]. Par ailleurs, sous réserve du respect des autres réglementations nationales susceptibles de s'appliquer, dès lors qu'un canal d'entraide judiciaire est mis en place, les éléments demandés pourront être transmis sans contrevenir à l'article 1er.

En cas de question sur l'application de la loi de 1968, vous pouvez également inviter l'autorité publique étrangère à prendre l'attache de notre service (guichet.sisse@finances.gouv.fr).

Je vous prie d'agréer, Madame, Monsieur, l'expression de mes salutations distinguées.

JOFFREY **CELESTIN-URBAIN**
CHEF DU SERVICE DE L'INFORMATION STRATEGIQUE ET
DE LA SECURITE ECONOMIQUES

---

[2] Pour rappel, l'article 1er de la loi de 1968 dispose que « [S]ous réserve des traités ou accords internationaux, il est interdit à toute personne physique de nationalité française ou résidant habituellement sur le territoire français et à tout dirigeant, représentant, agent ou préposé d'une personne morale y ayant son siège ou un établissement de communiquer par écrit, oralement ou sous toute autre forme, en quelque lieu que ce soit, à des autorités publiques étrangères, les documents ou les renseignements d'ordre économique, commercial, industriel, financier ou technique dont la communication est de nature à porter atteinte à la souveraineté, à la sécurité (...) ».

**Copies** :
- Ministère de l'Europe et des Affaires Étrangères :
    - M. Aurélien LECHEVALLIER, Directeur général de la mondialisation, de la culture, de l'enseignement et du développement international ;
    - M{me} Hélène DANTOINE, Directrice de la diplomatie économique ;
- Ministère de la Justice :
    - M. Rémi DECOUT-PAOLINI, Conseiller d'Etat, Directeur des affaires civiles et du Sceau ;
    - M. Olivier CHRISTEN, magistrat. Directeur des affaires criminelles et des grâces.

**ANNEXE**

**TRADUCTION EN ANGLAIS / COURTESY TRANSLATION**

Paris, May 17th, 2024

Dear Sir, Dear Madam,

As part of an ongoing civil dispute in the United States, your company, VÉOLIA S.A. (hereinafter "VÉOLIA"), has been served with a request for the production of documents by a court in the State of Michigan (United States District Court, Eastern District of Michigan, Southern Division). In accordance with Law no. 68-678 of July 26, 1968 (hereinafter the "1968 Law") and Decree no. 2022-207 of February 18, 2022, on February 29, 2024[1], you first referred the matter to the *Service de l'Information Stratégique et de la Sécurité Économiques* (hereinafter the "*SISSE*") of the French Ministry of the Economy, Finance and Industrial and Digital Sovereignty to ensure that the documents requested had been disclosed in accordance with the aforementioned law. Following your referral, we sent you a letter dated March 11, 2024, reminding you of the provisions of the aforementioned law and specifying the procedures for opening the mutual assistance channel. However, this letter was not followed up, as the federal court refused to recognize the need to comply with the 1970 Hague Convention, which has nevertheless been ratified by the United States, and with the law of July 26, 1968, and reiterated its request for the communication of documents outside international mutual assistance channels. Consequently, in accordance with the provisions of the aforementioned decree, you once again referred the matter to the *SISSE* on May 15, 2024.

As a reminder, the purpose of the request issued by the Eastern District of Michigan is to obtain information of an economic, commercial, industrial, financial or technical nature from VÉOLIA. Consequently, this will necessarily have to be carried out through an existing channel of civil judicial assistance between France and the United States. In its absence, article 1 *bis* of the 1968 Law will apply. This article stipulates that "*it is forbidden for **any person** to request, seek or communicate, in writing, orally or in any other form, documents or information of an economic, commercial, industrial, financial or technical nature intended to constitute evidence with a view to or in the context of foreign judicial or administrative proceedings*". This prohibition applies "*subject to international treaties or agreements and to the laws and regulations in force*".

We also remind you that this law is a criminal law of public order and is strictly interpreted in its application. In accordance with article 3 of the aforementioned law, any breach of the prohibition imposed by this law is punishable by six months' imprisonment and a fine of 18,000 euros for individuals and 90,000 euros for corporate bodies. We would also remind you that article 40 of the French Code of Criminal Procedure stipulates that "*any constituted authority, public officer or civil servant who, in the performance of his or her duties, acquires knowledge of a crime or misdemeanor is required to notify the public prosecutor without delay and to forward to this magistrate all information, reports and acts relating thereto*". Consequently, the knowledge by any public official of a communication of information contrary to the aforementioned provisions **will lead him/her to report it to the Public Prosecutor**.

As mentioned above, in order to comply with the French and international legal framework, documents may only be transmitted *via* the assistance channels provided for this purpose. In this case, a request to use the "the Letters of Request channel" (Chapter 1 of the convention) or the "diplomatic channel" (chapter 2 of the convention) will have to be addressed to the Department of Mutual Assistance, Private International and European Law of the French Ministry of Justice, in its capacity as French Central Authority (*entraide-civile-internationale@justice.gouv.fr*) on the basis of the Hague Convention of March 18, 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters. As mentioned above, **the convention provides for a number of implementation options. In particular, it allows the French Central Authority to**

---

[1] SISSE notice of March 11, 2024 for the attention of Mr Eric HAZA and Ms Charlotte GAUSSEL (SISSE/2024/03/1075).

**issue an authorization for the request to be executed by a diplomatic or consular agent, or by a commissioner (articles 17 and following Chapter 2 of the Convention). The possibility of requesting an international legal assistance,** *via* **a commissioner, is a fast and efficient solution, which would satisfy all parties involved within a timeframe of less than three weeks**.

In the state of the documents that you are planning to transmit, no element seems likely to fall within the scope of Article 1 of the 1968 Law[2]. Furthermore, subject to compliance with any other national regulations that may apply, once a mutual legal assistance channel has been set up, the requested information can be transmitted without contravening Article 1.

If you have any questions about the application of the 1968 Law, you can also ask the foreign public authority to contact us (*guichet.sisse@finances.gouv.fr*).

Sincerely

---

[2] As a reminder, article 1 of the 1968 Law stipulates that "*subject to international treaties or agreements, it is forbidden for any natural person of French nationality or habitually resident on French territory, and for any director, representative, agent or servant of a legal entity having its registered office or a place of business in France, to communicate in writing, orally or in any other form, in any place whatsoever, to foreign public authorities, documents or information of an economic, commercial, industrial, financial or technical nature, the communication of which is likely to undermine the sovereignty of France, orally or in any other form, in any place whatsoever, to foreign public authorities, documents or information of an economic, commercial, industrial, financial or technical nature, the disclosure of which is likely to undermine sovereignty, security* (... )".