# EXHIBIT B



Mr. Michael A. Olsen
*Mayer Brown LLP*
71 South Wacker Drive Chicago,
IL 60606
United States of America

Paris, May 17th, 2024

Re: <u>Procedure under Chapter II of the Hague Convention</u>

Dear Mr. Olsen:

You have asked us to provide you with information relating to the practical aspects of obtaining disclosure in France from French corporate entities for use in a civil matter in the United States District Court, Eastern District Of Michigan, Southern Division (the "**Court**").

We understand a copy of this letter will be made available to the Court and those providing evidence to it in connection with a possible upcoming hearing addressing the role of the Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters (the "**Hague Convention**") and the French Law No. 68-678 of July 26, 1968, concerning the communication of documents and information of an economic, commercial, industrial, financial, or technical nature to foreign natural or legal persons (the "**French Evidence Law** ").

**1. ORDERED PRODUCTION**

You have informed me that the Court ordered on May 13, 2024 Veolia North America ("**VNA**"), Veolia Environnement S.A. ("**VE**"), and their counsel to provide a declaration with the attachments described below:

> "1. Mr. Olsen's declaration indicates that none of VNA's lawyers "had any communication with Actum regarding the matters" in this controversy. Did any of VNA or VE's lawyers have any communication with VNA or VE about public relations, including communication related to media releases, publications, and any other media outreach related to Corey Stern from "late 2021" to the present? If so, provide the dates, times, and format of the communications, and the names of any attorneys involved. If any of the communications were in writing or recorded, provide those communications.
>
> 2. Provide the scope of the oral agreement between VE and Actum, LLC, and all invoices and communications about payment for services between Actum, LLC and VE or VNA from "late 2021," when VNA represents that Actum, LLC was formed, to the present.
>
> 3. Provide all information and materials responsive to Items 3, 5, 6, and 7 set forth in Plaintiffs' February 19, 2024 letter. (ECF No. 2858-1, PageID.94301–94304.)

PRIVILEGED & CONFIDENTIAL



*4. Provide all emails, letters, memoranda, voice-mail recordings, video teleconferencing recordings, text messages, and any attachments related to those communications between Mr. Kelly Kramer, counsel for VNA at Mayer Brown, and representatives of Actum, LLC, identified in Mr. Olsen's declaration. (ECF No. 2855, PageID.94282–PageID.94285.) If there is no record of any of these communications, then provide a summary of the content of the communications."*

As pointed out in SISSE's letter dated May 17, 2024, of which we were provided a copy, the approach under Chapter II of the Hague Convention is intended to be, and is, an efficient and cost-effective method for disclosing documents subject to the French Evidence Law. The purpose of the following developments is to provide practical information on the steps involved, including the estimated time frame, based on the Ordered Production, as far as can be determined at this stage based on our experience.

## 2. PROCESS FOR APPLICATIONS UNDER CHAPTER II OF THE HAGUE CONVENTION

The specific steps that will be taken in a Hague Chapter II proceeding in France are:

a. Filing with the Court of a Hague Letter of Request;
b. Sending the sealed Order from the Court to the Hague Commissioner, chosen, and designated by the Court, if possible with the agreement of the parties and filing of the documents by the Hague Commissioner with the French Ministry of Justice;
c. French Ministry of Justice considering providing authorization and if agreed, sending the same to the Hague Commissioner; and
d. Hague Commissioner to review the documents and release the disclosure to the parties.

The steps are further developed below.

### A. FILING WITH THE FOREIGN COURT A HAGUE LETTER OF REQUEST

The Hague Convention provides two channels for obtaining evidence abroad. Chapter I provides judicial authorities to request evidence directly from their foreign counterparts by means of an official rogatory letter.

The Chapter II Hague request appointing a Commissioner from the Court will take the form of a Letter of Request, based on the model form found in Annex 4 of the Practical Handbook on the operation of the Hague Convention (Evidence Convention) on Private International Law. By way of illustration, it was at the request of the American government, during the negotiation of the Hague Convention, that the commissioner formula was added to that of the international rogatory letter executed by a Court.

As pointed out in SISSE's letter, "*the possibility of executing the international letter rogatory via a commissioner is a fast and efficient solution, which would satisfy all parties involved within a timeframe of less than three weeks*".

In that respect, we recommend appointing Mr. Alexander Blumrosen as Commissioner. As a member of both the Paris and New York bars with dual nationality in France and the US, he has a thorough understanding of the expectations of both US jurisdictions and French authorities. In our experience, the parties can typically draft the Hague Letter of Request



for submission to the foreign court within 2-3 days. The draft Order is then submitted to the foreign court, which often seals the Order within 1-2 days, and sometimes immediately.

### B. SENDING THE SEALED US ORDER TO THE HAGUE COMMISSIONER AND FILING WITH THE MINISTRY OF JUSTICE

The PDF file of the sealed Order is sent to the Hague Commissioner by the party who sought the Order. No paper 'original' version is needed, eliminating any delays. The Commissioner will translate the document into French if the requesting party has not already provided a translation.

Once the sealed Order is received, the Commissioner submits the application to the Ministry of Justice by email. The application generally includes a cover memo explaining the pending case and attaches the foreign court's Order, the Letter of Request, the specific requests for documents, and possibly other documents such as the complaint, the answer, or declarations made by the parties to the foreign court about the Hague Convention process.

The filing of the foreign court's Hague Request is typically completed within 1-2 days after the Commissioner receives the Request.

### C. FRENCH MINISTRY OF JUSTICE CONSIDERING PROVIDING AUTHORIZATION AND IF AGREED, SENDING THE SAME TO THE HAGUE COMMISSIONER

After the documents have been submitted to the French Central Authority, the processing time can vary from 48 hours to about two weeks. In practice, the French Central Authority is usually already informed of the matter and can expedite the request.

### D. HAGUE COMMISSIONER TO REVIEW THE DOCUMENTS AND RELEASE THE DISCLOSURE TO THE PARTIES

The Commissioner generally receives the ordered disclosure for review via an electronic platform such as Relativity. Based on the content of the Ordered production, we anticipate it would take no more than 2-to 5 days to organize the review.

The scope of the Commissioner's review generally covers only one issue: whether the documents authorized by the French Ministry of Justice for production are, in fact, the documents made available to him by the French party.

We note that the mandate of the Commissioner is a matter for the Court to define in the Hague Convention Letter of Request. He is often requested to review compliance with GDPR data protection rules, assess claims of privilege raised by the French party, or verify that no documents have been omitted that should have been produced. Assuming there are no additional mandates to complicate his role as Hague Commissioner in this matter, we confirm that the scope of his review is limited to the single issue set out above.

Once he has completed his review, the Commissioner notifies the parties that the disclosure is ready to be provided.

The transfer of disclosed documents by the French party and the Commissioner in response to document requests may be done through a single document production or on a 'rolling' basis, if needed, through several transfers. In either case, provided the documents transferred are responsive to requests that have been communicated to and authorized by



the French Ministry of Justice, no further Hague Letters of Request are needed. Similarly, if there are additional productions resulting from exchanges between the parties, such as discussions about the scope of the document requests, no further Ministry of Justice approval is needed if the additional documents fall within the scope of the initial request authorized by the Ministry.

For the sake of completeness, below is a chart showing the time frames for Hague Chapter II discovery or disclosure in several recent cases in which Mr. Blumrosen was appointed Commissioner, including four cases before US State or Federal courts:

| Court | Date of Foreign court Order | Date filed with Ministry of Justice | Date of French Ministry of Justice authorization | Total days from Order to authorization |
|---|---|---|---|---|
| UK (CAT), Turner, J. and (High Court) Fontaine, J. | January 19, 2024 | January 24, 2024 | January 30, 2024 | 11 |
| UK (CAT), Smith, J. | March 31, 2023 | April 4 (and 12), 2023 | April 14, 2023 | 15 |
| UK (CAT) Roth, J. | November 13, 2023 | November 15, 2023 | November 20, 2023 | 7 |
| UK (High Court), Dias, J. | May 21, 2021 | May 25, 2024 | May 26, 2021 | 5 |
| USA (Federal court, New York) (additional request for depositions), Liman, J. | March 12, 2024 | March 18, 2024 | Marche 19, 2024 | 7 |
| USA (federal court, Miami), Damian, J. | November 21, 2023 | November 27, 2023 | December 6, 2023 | 14 |
| USA (Chancery Ct, Del.), Bouchard, J. | April 1, 2021 | April 3, 2021 | April 7, 2021 | 6 |
| USA (Federal court, New York), Aron, J. | September 9, 2020 | September 15, 2020 | September 21, 2020 | 11 |

We understand that there may be further orders for the disclosure of material subject to the French Evidence Law.

If this falls outside the scope of an existing Letter of Request, then the review and production of such additional disclosure will require a reiteration of the Hague Letter of Request process. The processing of any new Hague Letter of Request by the French Ministry of Justice is typically even faster than the initial request, as the Ministry is already familiar with the matter and only needs to review the new requests for disclosure.

As explained above, the procedure under Chapter II (which includes the Hague Commissioner approach) is highly efficient, cost-effective, and ensures that matters can be dealt with and resolved promptly.



Very truly yours,

**Olivier Attias**

Member of New York and Paris bars

**AUGUST DEBOUZY**
7, rue de Téhéran
75008 Paris - France

**PRIVILEGED & CONFIDENTIAL** 5