# EISNER, LLP

May 20, 2024

**Via Hand Delivery to Chambers**

Hon. Judith E. Levy
United States District Court
Eastern District of Michigan
Federal Building
200 E. Liberty Street, Suite 300
Ann Arbor, MI 48104

Re: *In re Flint Water Cases* (USDC E.D. Mich. Case No. 5:16-cv-10444-JEL-EAS)

Dear Judge Levy:

    I write in response to the Court's May 13, 2024 Order in the above-captioned case, wherein the Court indicated that it intends to refer me to the State Bar of California for it to consider whether I have violated the applicable rules of professional conduct—unless cause is shown that referral is unwarranted. (ECF No. 2953.) Thank you for giving me the opportunity to respond to your Order. I would like to assure the Court that I have not violated any of my professional responsibilities under any applicable rules of professional conduct, and that no such referral is warranted.[1]

    By way of introduction, I am a 2010 law school graduate that began my career at Milbank, Tweed, Hadley & McCloy LLP where I worked for approximately eight years. In 2019, I joined some of my former colleagues at Eisner, LLP. After joining in 2019, I was elevated to Partner in 2021. In my role at Eisner, LLP, I not only service clients but also actively participate in the management of the firm and the mentorship of younger attorneys, all while balancing the challenges of being a mother to two small children.

    Although I do not practice law in Michigan, I am admitted in California and have at all times been a member in good standing with the State Bar of California. I have always timely complied with all MCLE requirements, including obtaining all required legal ethics credits. I have also been admitted to practice in the Northern, Southern, and Central Districts of California, the Ninth Circuit Court of Appeals, and the Federal Circuit Court of Appeals. In the over thirteen years that I have been practicing law, I have never once been sanctioned and certainly have never been subject to any disciplinary action or even investigated for any alleged misconduct.

    Indeed, I have, at all times during my career, been cognizant of my professional responsibilities under all applicable rules of professional conduct, which I take very seriously. I was therefore completely taken aback by the suggestion in the Court's Order that I may have acted in any unethical or improper manner in connection with my representation of non-party Actum, LLC ("Actum").

    Based on a single representation by Mr. Olsen that I merely "communicated with Actum regarding some of its work relating to Mr. Stern[,]" the Court appears to have drawn certain conclusions as to activity in which I may have engaged in violation of my professional responsibilities. Specifically, the Court raises

---

[1] I am not a party to this litigation, nor am I counsel of record to any party or non-party in this litigation. I have never practiced law in the state of Michigan. This letter response is not intended to constitute a submission to the jurisdiction of this Court.

2870593

433 North Camden Drive | 4th Floor | Beverly Hills, CA 90210
T 310.855.3200 | F 310.855.3201

www.eisnerlaw.com

152 West 57th Street | 48th Floor | New York, NY 10019
T 646.876.2600 | F 212.600.5020

questions as to whether I have (1) "knowingly assisted with Actum's contact with Flint residents;" (2) "been involved with contacting Flint residents or in arranging the truck and website;" or (3) been "involved in hiring a private investigator to use fraudulent or deceptive means to investigate Plaintiff's counsel in this case." (ECF No. 2953 at 53-54.) Respectfully, these allegations have no factual basis and are untethered from the simple notion that I had communications with Actum regarding its work.

I must note that responding to the Court's Order creates somewhat of an untenable situation for me, as I cannot prove the extent of my discussions with Actum because I am of course bound by confidentiality obligations, including Rule 1.6 of the California Rules of Professional Conduct, that prevent me from divulging attorney-client communications. However, although I am unable to disclose the contents of my privileged communications, I can confirm that I have not engaged in any of the activity that the Court has identified in the Order. I did not assist with Actum's contact with Flint residents; I was not involved with contacting Flint residents nor was I involved in arranging the truck or website; and I was not involved in hiring any private investigator. At all times my role has simply been that of an attorney providing legal advice in response to requests from her client, and at all times I have abided by all applicable rules of professional conduct. That I communicated with my client "regarding some of its work relating to Mr. Stern" is wholly consistent with that role, particularly given that Actum unsurprisingly sought legal advice regarding the Court's inquiry into that work. In fact, in all of my interactions with my client, I simply exercised "independent and professional judgment and render[ed] candid advice," as Rule 2.1 of the California Rules of Professional Conduct required me to do.

In light of this confirmation, I am hopeful that the Court will realize there is no basis to refer me to the State Bar of California. While the Court is certainly entitled to ensure the fair and orderly administration of her proceedings, respectfully I do not believe that has anything to do with me and would hope that I am given the benefit of the doubt. If the Court is nonetheless inclined to refer me and force me to expend the time and expense to respond, I am comfortable that the State Bar will find that I have engaged in no misconduct whatsoever.

Thank you for your consideration of this response.

Respectfully submitted,

Ashlee Lin

ANL

2870593

433 North Camden Drive | 4th Floor | Beverly Hills, CA 90210    152 West 57th Street | 48th Floor | New York, NY 10019
T 310.855.3200 | F 310.855.3201           www.cisnerlaw.com        T 646.876.2600 | F 212.600.5020