UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

*In re* Flint Water Cases.

_____/

Judith E. Levy
United States District Judge

This Order Relates To:

ALL CASES

_____/

## ORDER REGARDING LETTER FROM ASHLEE LIN [2965]

On May 13, 2024, the Court issued an order to show cause regarding its concern about attorney Ashlee N. Lin's role in a troubling public relations campaign against Co-Liaison Counsel for Individual Plaintiffs Corey Stern. The Court explained that it would "refer Ms. Lin to the State Bar of California for it to consider whether she has violated her professional responsibilities under the applicable rules of professional conduct—unless cause is shown by May 20, 2024 at 12:00 PM that the referral is unwarranted." (ECF No. 2953, PageID.99314.)

On May 20, 2024, Ms. Lin timely submitted an ex parte letter to the Court via hand delivery to chambers. The Court cured the ex parte nature of the submission by placing the letter on the docket. (ECF No. 2965.)

The letter offers information that does not constitute good cause to refrain from referring Ms. Lin: information about Ms. Lin's professional background, familial status, and personal reaction to the Court's May 13, 2024 order.

Ms. Lin does, however, "confirm that [she has] not engaged in any of the activity that the Court has identified in the Order." (ECF No. 2965, PageID.99470.) She states that she "did not assist with Actum's contact with Flint residents; [she] was not involved with contacting Flint residents nor was [she] involved in arranging the truck or website; and [she] was not involved in hiring any private investigator." (*Id.*) These blanket denials—while insufficiently illuminating—are explained by Ms. Lin's obligations under certain California Rules of Professional Conduct that restrict the disclosure of attorney-client communications. (*Id.*) Ms. Lin states that the Court's May 13, 2024 order puts her in "somewhat of an untenable situation," as a result of these obligations. (*Id.*)

The Court now orders Ms. Lin to use a standard tool for dealing with what she terms her "untenable situation": a privilege log.

2

Ms. Lin's professional obligations enable her to provide the Court with a log of her communications with Actum, VNA,[1] VE,[2] and other counsel for Actum, VNA, and VE regarding the Flint Water Cases, including communications related to litigants and counsel involved in the Flint Water Cases. Such a log must also, of course, encompass any communications related to the public relations campaign against Corey Stern addressed in the Court's May 13, 2024 order, including Actum's contacts with Flint residents, the hiring of the truck and the creation of the website attacking Mr. Stern, or the use of private investigators in connection with the Flint Water cases. As with any privilege log,

> []t]he information for each [communication] must include the express privilege or protection [] claim[ed] and include a summary of the contents of the [communication], the purpose [of the communication], the identity of the parties to the communication [], including by title and employer. For claims of attorney-work product, [the person asserting the claim] must also summarize whether the [communication] contains mental impressions, conclusions, opinions or legal theories of an attorney or other representative of the party []. Fed. R. Civ. P. 26(b)(3)(B). [Regarding] attorney-client privilege, [the person asserting the privilege] must identify the nature of the communication, identify the parties to the communication

---

[1] Veolia North America, LLC, Veolia North America, Inc., and Veolia Water North America Operating Services, LLC.

[2] Veolia Environnement S.A.

3

including carbon copies, by name, title and employer, identify the attorney(s) on the communication, the purpose of the communication and whether or not it sought and/or conveyed legal advice.

*Ypsilanti Cmty. Utils. Auth. v. Meadwestvaco Air Sys. LLC,* No. 07–cv–15280, 2009 WL 3614997, at *4 (E.D. Mich. Oct. 27, 2009). Assuming Ms. Lin provides a satisfactory privilege log that does not raise any further concerns about her role, the Court will not refer her to the State Bar of California at this time.

Ms. Lin has until May 29, 2024 at 12:00 PM to submit a privilege log to the Court, which she may do by sending an e-mail to the Court's case manager or law clerk. The Court will then docket the privilege log. If Ms. Lin does not submit a privilege log by that time, the Court will refer Ms. Lin to the State Bar of California. The lack of sufficient detail and substance in her response to the Court's order—coupled with blanket assertions of privilege—fails to show cause that the Court should not refer her to the State Bar of California.

IT IS SO ORDERED.

Dated: May 22, 2024  s/Judith E. Levy
Ann Arbor, Michigan  JUDITH E. LEVY
 United States District Judge

4

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on May 22, 2024.

s/William Barkholz
WILLIAM BARKHOLZ
