UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| *IN RE*: FLINT WATER CASES. | Case No. 5:16-cv-10444-JEL-EAS |
| | Hon. Judith E. Levy, District Judge<br>Hon. Elizabeth A. Stafford, Magistrate Judge |

_____

**VEOLIA NORTH AMERICA, LLC, VEOLIA NORTH AMERICA, INC., AND VEOLIA WATER NORTH AMERICA OPERATING SERVICES, LLC'S OBJECTIONS TO MAY 8, 2024, ORDER**

## INTRODUCTION

VNA respectfully objects to Magistrate Judge Stafford's May 8, 2024, Order Granting in Part and Denying in Part Plaintiffs' Motion Challenging Confidentiality Designations, ECF No. 2943, PageID.99157-99173. Plaintiffs concede that the documents at issue here will be used for non-litigation purposes. The Confidentiality Order states that a party may designate documents as "confidential" if their use for non-litigation purposes "could cause" competitive harm or oppression. Magistrate Judge Stafford held, however, that VNA could maintain specific documents as "confidential" only if it showed that public disclosure of the documents would cause it to suffer a clearly defined harm.

The Magistrate Judge erred in departing from the terms of the Confidential Order. Plaintiffs do not seek permission to publicly disclose documents filed on the docket or introduced at trial, but instead wish to freely use discovery material for non-litigation purposes by sharing them with the press. VNA respectfully asks the Court to clarify that the "could cause harm" standard set forth in the Confidentiality Order governs requests to remove confidentiality designations in this circumstance.[1]

---

[1] VNA objects to Magistrate Judge Stafford's determinations concerning the applicable legal standard, but is not asking this Court to review the documents that are the subject of Magistrate Judge Stafford's Order. Rather, if this Court agrees with VNA's position on the legal standard, VNA requests that the Court re-refer the matter to Magistrate Judge Stafford so that she can rule on the documents using the

## BACKGROUND

In 2020, this Court entered a stipulated Confidentiality Order pursuant to Federal Rule of Civil Procedure 26. Confidentiality Order 2, ECF No. 1255-3, PageID.39384. This Court found good cause to enter the Confidentiality Order. It did so to facilitate discovery, speed up proceedings, protect the privacy interests of parties and non-parties alike, and balance the rights of the parties and the public. Confidentiality Order 2, PageID.39384.[2]

The Confidentiality Order's express terms set forth the legal framework for confidentiality designations and any challenges to such designations. Specifically, Section 5 identifies what the designating party must show to protect documents as "confidential." First, the designating party must show that the documents are non-public. *See* Confidentiality Order 5, PageID.39387 (documents must "contain[]

---

correct legal standard. If the Court disagrees with VNA's position on the legal standard, then it should simply affirm the Magistrate Judge's ruling.

[2] This was entirely appropriate. "'[P]rotective orders issued under Rule 26(c) serve the vital function of securing the just, speedy, and inexpensive determination of civil disputes by encouraging full disclosure of all evidence that might conceivably be relevant,' an objective which 'represents the cornerstone of our administration of civil justice.'" *Flagg ex rel. Bond v. City of Detroit*, 268 F.R.D. 279, 291 (E.D. Mich. 2010) (quoting *SEC v. TheStreet.Com*, 273 F.3d 222, 229 (2d Cir. 2001)); *see also Smith v. FirstEnergy Corp.*, No. 20-cv-3755, 2021 WL 1940234, at *3 (S.D. Ohio May 14, 2021) ("To avoid disputes regarding production, it is 'typical' for parties to use protective orders in order to move discovery along.") (quoting *Ruiz-Bueno v. Scott*, No. 12-cv-0809, 2013 WL 6122399, at *2 (S.D. Ohio Nov. 21, 2013)).

2

private, non-public, confidential, competitively-sensitive, or proprietary information that is not readily ascertainable through lawful means by the public").[3] Second, the designating party must satisfy one of two standards for demonstrating that disclosure could cause it prejudice. *See id.* A party may designate a documents as confidential if either standard is met.[4]

Under the Order, the designating party's burden to demonstrate that disclosure could cause prejudice differs depending on whether the challenging party seeks to use a document for purpose expressly authorized by the Order.[5] If so, then the designating party faces a relatively heavy burden: it can show good cause to protect the document only if it shows that public disclosure of the documents "*would likely*

---

[3] The Confidentiality Order separately allows parties to designate a document "Highly Confidential" if the document also contains "highly sensitive proprietary information," including but not limited to "current financial or business planning information; recent, current, and projected future financial performance data; recent and current customer lists; recent, current, and future marketing plans; planning information for future products and services; and projected future business development plans and strategies." Confidentiality Order 6, PageID.39388. None of the documents at issue here are marked "Highly Confidential."

[4] Magistrate Judge Stafford suggested that VNA over-used the confidentiality designations, stating that VNA "produced nearly 75,000 documents during discovery and designated almost all confidential." Order 5, PageID.99161. That is incorrect. Of the nearly 75,000 documents produced by VNA, VNA designated as confidential or highly confidential about 47,000 documents, far from "almost all" of the documents. And Magistrate Judge Stafford did not analyze whether VNA had a good faith belief that these documents "could cause" harm if used for unauthorized purposes—which is all that the Confidentiality Order requires.

[5] Authorized purposes are those used to advance the litigation. *See infra.*

3

*cause* oppression [or] competitive disadvantage." *Id.* at 5, PageID.39387 (emphasis added). But when the challenging party seeks to use the document "for purposes other than those authorized by this Order," then the designating party's burden is much lower: it need only show that disclosure "*could cause* oppression or competitive disadvantage." *Id.* (emphasis added).

The Confidentiality Order also makes clear what is considered an authorized purpose for use of protected documents. Designated documents may "be used solely for the prosecution or defense of the . . . Flint Water Cases." Confidentiality Order 2, PageID.39384; *see id.* at 15, PageID.39397 ("Protected Material may only be used for the purpose of prosecuting . . . the Flint Water cases."). Parties may, accordingly, file designated materials with the Court, *id.* at 12-14, PageID.39394-39396;[6] use designated materials "at trial" or in "evidentiary hearing[s]," *id.* at 16, PageID.39398; or share designated materials with courts, mediators, in-house and external counsel, counsel's staff, insurers, jury research firms, experts, consultants, and parties who are natural persons, *id.* at 17-22, PageID.39399-39404.

Here, Plaintiffs concede that they intend to use the documents at issue in their confidentiality challenges for non-litigation purposes. *See* Tr. of December 20, 2023, Discovery Status Conference 31, ECF No. 2794, PageID.92447 ("[I]t would

---

[6] The designating party may seek to seal such materials, but that requires "a separate order of the Court." *Id.* at 14-15, PageID.39396-39397.

4

be very helpful for [the challenged documents] not to be deemed confidential so that we can actually show somebody who may be reporting on [the Flint water crisis] a different side of the story."). Needless to say, nothing in the Confidentiality Order authorizes a party to disseminate confidential documents to the media. Accordingly, the relevant standard for assessing whether VNA has carried its burden of showing good cause here is the "could cause harm" standard set by Section 5(c) of the Order.

The Magistrate Judge, however, did not apply the Confidentiality Order's "could cause harm" standard that applies to attempts to use documents for non-litigation purposes. Instead, she held that VNA, to maintain its confidentiality designation, was required to demonstrate that it "would suffer a clearly defined harm if the documents at issue were publicly disclosed," Order 8, PageID.99164, which is a standard that does not appear in the Confidentiality Order. She then determined that VNA had failed to meet that standard as to certain documents. *Id.* at 13-16, PageID.99169-99172.

## ARGUMENT

### The Confidentiality Order's "Could Cause Harm" Standard Controls

In the Order, Magistrate Judge Stafford declined to apply the "could cause harm" standard set forth in the Confidentiality Order. Instead, she determined that VNA "needed to offer industry-specific facts showing that it would suffer a clearly defined harm if the documents at issue were publicly disclosed." Order 8,

5

PageID.99164. That was error.

Magistrate Judge Stafford's role was straightforward: to apply the Confidentiality Order's terms. *Cf. CMC Telecom, Inc. v. Mich. Bell Tel. Co.*, No. 07-cv-319, 2012 WL 13185452, at *6 (W.D. Mich. June 29, 2012) ("AT&T has asked this Court to enforce the terms of the Protective Order; the terms drafted and agreed upon by the parties and approved by this Court. Such request is abundantly fair."). The parties carefully negotiated, and this Court endorsed, the terms of the Confidentiality Order, including by setting forth clear parameters on what standard must be met to designate a document as confidential and the valid reasons for use of those documents. Then the parties relied on the terms of the Confidentiality Order in producing documents.

Courts in this circuit have made clear that when a protective order is issued, a court tasked with a dispute pursuant to that order must apply the terms of that order. For example, in *Tecnomatic S.p.A. v. ATOP S.p.A.*, the court entered a stipulated protective order that "note[d] that the 'party challenging the designation bears the burden of proving that the information is improperly designated,'" No. 18-12869, 2023 WL 584021, at *4 (E.D. Mich. Jan. 27, 2023) (quoting Protective Order, *Tecnomatic S.p.A. v. ATOP S.p.A.*, No. 2:18-cv-12869, ECF No. 33 (E.D. Mich.)). ATOP challenged certain designations made by Tecnomatic, arguing that the burden rested with the party that made the designation. The court rejected the argument,

6

stressing that "the parties stipulated to the terms of this protective order and agreed to the procedures and burdens for challenging document designations." *Id.* Without more, "the Court s[aw] no reason to circumvent the protective order." *Id.* at *5.

The same is true here. The parties stipulated to the terms governing what is required to designate a document as confidential, and the Court entered an order adopting those terms. Those terms are unequivocal that good cause exists when the requested disclosure is not for a litigation-related purpose and disclosure could cause oppression or competitive harm. Confidentiality Order 5, PageID.39387 (a document may be designated as confidential if it "contains private, non-public, confidential, competitively-sensitive, or proprietary information that is not readily ascertainable through lawful means by the public . . . that if used for purposes other than those authorized by this Order could cause oppression or competitive disadvantage"). The governing standard is the one set forth in this Court's Confidentiality Order, and it was legal error for Magistrate Judge Stafford to deviate from that standard.[7]

---

[7] In erroneously applying a heightened standard, Magistrate Judge Stafford relied on *In re Nat'l Prescription Opiate Litigation*, 927 F.3d 919 (6th Cir. 2019). But that decision is inapposite. There, state and local governmental entities sued opioid manufacturers, distributors, and retailers, obtaining troves of information from the federal government during discovery that was subject to a protective order. In entering the protective order, the district court determined that the federal government had failed to establish good cause to withhold production of the sought-after information. *Id.* at 925-26. But when media organizations filed public-records requests with the plaintiffs seeking this information, the district court directly

In opting to apply a different standard from the standard set forth in the Confidentiality Order, Magistrate Judge Stafford weighed the public's interest in accessing the discovery materials. But neither the parties nor the public at large have *any* First Amendment or common law right of access to discovery materials. *See Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 32 (1984); *Shane Grp. Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305 (6th Cir. 2016); *The Courier Journal v. Marshall*, 828 F.2d 361, 366 (6th Cir. 1987). Magistrate Judge Stafford's weighing of the public's interest in these discovery materials that have not been and will not be filed on the public docket, discussed in public filings, or used or discussed in open court, Order 12, PageID.99168, thus constituted legal error. *See AFT Mich. v. Project Veritas*, No. 17-13292, 2023 WL 2890152, at *2 (E.D. Mich. Apr. 10, 2023) ("This Court finds an error of law because there is no such presumption [of public access] with respect to unfiled discovery materials."). Indeed, the Sixth

---

contradicted its prior holding and found good cause to withhold disclosure. *Id.* at 927. The Sixth Circuit held that the district court abused its discretion by doing "a complete about-face concerning" its good-cause finding. *Id.* at 932. Central to this contradiction was the fact that the district court's "first order *did* take into account the public's interest," whereas the subsequent order did not. *Id.*

No such inconsistency exists here. The Confidentiality Order is clear on what interests are at stake here. The interests are limited to the expeditious litigation of the claims brought. And the Confidentiality Order advances those interests by setting a lower good-cause standard for documents that will not be used for litigation purposes.

8

Circuit has made clear that "*[s]ecrecy is fine at the discovery stage.*" *Shane Grp.*, 825 F.3d at 305 (emphasis added) (quoting *Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 545 (7th Cir. 2002)).

Magistrate Judge Stafford therefore committed legal error in adopting a confidentiality standard that is more demanding than the one set forth in this Court's Confidentiality Order. This Court should clarify the applicable standard and re-refer the matter to Magistrate Judge Stafford to apply the correct standard to the challenged documents.

## CONCLUSION

The Court should overrule Magistrate Judge Stafford's order and re-refer the dispute for proceedings with the correct legal standards.

DATED: May 22, 2024

Respectfully submitted,

**CAMPBELL, CONROY & O'NEIL, P.C.**      **MAYER BROWN LLP**

/s/ James M. Campbell
James M. Campbell
Alaina N. Devine
20 City Square, Suite 300
Boston, MA 02129
(617) 241-3000
jmcampbell@campbell-trial-lawyers.com
adevine@campbell-trial-lawyers.com

/s/ Michael A. Olsen
Michael A. Olsen
71 South Wacker Drive
Chicago, IL 60606
(312) 7012-7120
molsen@mayerbrown.com

*Attorneys for Veolia North America, LLC, Veolia North America, Inc., and Veolia Water North America Operating Services, LLC.*

9

## **CERTIFICATE OF SERVICE**

      I hereby certify that on May 22, 2024, I electronically filed the foregoing Motion with the Clerk of the Court using the ECF System, which will send notification to the ECF counsel of record.

                                              Respectfully submitted,
                                              */s/ James M. Campbell*
                                              James M. Campbell