UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| LUKE WAID, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> RICHARD D. SNYDER, *et al.*, <br><br> Defendants. | Case No. 16-cv-10444 <br> Honorable Judith E. Levy <br> Magistrate Judge Elizabeth A. Stafford |

# ORDER DENYING VEOLIA'S MOTION FOR RECONSIDERATION AND LIFTING THE STAY ON PRODUCTION (ECF NO. 2932)

Defendants Veolia North America, LLC; Veolia North America, Inc.; and Veolia Water North America Operating Services, LLC's (together, "Veolia") move for reconsideration of the Court's April 22, 2024, order finding that 40 documents reviewed *in camera* were unprivileged and compelling production of those documents. ECF No. 2932. Veolia's motion concerns only one of the documents, VEOLIA_0407523.[1]

---

[1] On May 2, 2024, the Court ordered a temporary stay of its order to produce this document, pending plaintiffs' response to Veolia's motion.

Local Rule 7.1(h)(2) governs motions for reconsideration of non-final orders. This rule states that such motions "are disfavored" and can be brought on only three grounds:

> (A)  The court made a mistake, correcting the mistake changes the outcome of the prior decision, and the mistake was based on the record and law before the court at the time of its prior decision;
> (B)  An intervening change in controlling law warrants a different outcome; or
> (C)  New facts warrant a different outcome and the new facts could not have been discovered with reasonable diligence before the prior decision.

E.D. Mich. LR 7.1(h)(2); *see Rouse v. Washington*, No. 20-CV-11409, 2022 WL 1444437, at *1 (E.D. Mich. May 6, 2022). Veolia contends that the Court's determination that the document is unprivileged because it concerns a PR statement constitutes legal error. ECF No. 2932, PageID.98919-98920.

VEOLIA_0407523 is a chain of emails between Veolia employees William Fahey and Marvin Gnagy, with some emails redacted. Veolia adds background context to the exchange, explaining that Fahey emailed Gnagy because he and Dan Mahoney, Veolia's in-house counsel, "wanted to know" certain information bearing on a PR statement they were working on "with Legal and [Veolia's] marketing Team." ECF No. 2932, PageID.98917. Thus, Veolia argues that the redacted emails between Fahey and Gnagy

were exchanged to obtain Mahoney's legal advice on the PR statement. ECF No. 2932, PageID.98917-98920.

"The scope of the attorney-client privilege is narrow, attaching only to confidential communications by the client to his advisor that are made for the purpose of obtaining *legal advice*." *In re Flint Water Cases*, No. 5:16-cv-10444, 2023 WL 8724924, at *1 (E.D. Mich. Dec. 18, 2023) (quoting *Reed Dairy Farm v. Consumers Power Co.*, 227 Mich. App. 614, 618-19 (1998)) (cleaned up, emphasis added). The burden of showing that the privilege applies rests with the party asserting it. *Id.*

"When an attorney is consulted in a capacity other than as a lawyer, as (for example) a policy advisor, [or] media expert, that consultation is not privileged." *Flagg v. City of Detroit*, No. 05-74253, 2010 WL 11542106, at *2 (E.D. Mich. Oct. 15, 2010) (cleaned up); *see also* Restatement (3d) of the Law Governing Lawyers § 72 ("A consultation with one admitted to the bar but not in that other person's role as lawyer is not protected."). And advice about a public relations campaign does not equate to legal advice. *Id.*; *Waters v. Drake*, No. 2:14-cv-1704, 2015 WL 8281858, at *2 (S.D. Ohio Dec. 8, 2015) ("Case law makes clear that a media campaign is not a litigation strategy." (cleaned up)); *Egiazaryan v. Zalmayev*, 290 F.R.D. 421,

3

431-32 (S.D.N.Y. 2013); *Burton v. R.J. Reynolds Tobacco Co.*, 200 F.R.D. 661, 669 (D. Kan. 2001).

So if an attorney provides advice "as part of an effort to craft announcements which would be more palatable to the media or the public," he did not act as a lawyer but to assist in a public relations campaign. *Waters*, 2015 WL 8281858, at *2. But if a client seeks counsel's advice about the legal consequences of making a public statement (e.g., the impact a public statement might have on active litigation) or some other litigation-related goal, the communications were made to obtain legal advice. *In re Premera Blue Cross Customer Data Sec. Breach Litig.*, 296 F. Supp. 3d 1230, 1244 (D. Or. 2017).

Veolia offers no evidence showing that it sought Mahoney's advice about the legal ramifications of the PR statement, rather than his input in crafting the statement. In its motion, Veolia claims that Mahoney asked Fahey "to gather facts needed to provide better legal advice concerning a potential public statement regarding pending litigation," and that "the purpose of transmitting this information was to better understand the legal considerations at play with the issuance of the statement." ECF No. 2932, PageID.98920. But such "bare assertions and conclusory statements," without evidentiary support, "do not meet the requisite burden" of showing

4

that the attorney-client privilege applies.  See *Craft v. Billingslea*, No. 17-cv-12752, 2021 WL 3660845, at *8 (E.D. Mich. Aug. 18, 2021) (citing *United States v. Roxworthy*, 457 F.3d 590, 597 (6th Cir. 2006)) (cleaned up).  And nothing in the email chain at issue indicates whether Mahoney was providing legal or PR-related advice.

    Veolia cites two distinguishable cases in support of its position that the emails are privileged.  ECF No. 2932, PageID.98920.  *In re Grand Jury Subpoenas Dated March 24, 2003* held that communications among a client, her attorneys, and PR consultants were privileged because "the ability of lawyers to perform some of their most fundamental client functions would be undermined seriously if lawyers were not able to engage in frank discussions of facts and strategies with the lawyers' public relations consultants."  265 F. Supp. 2d 321, 330-31 (S.D.N.Y. June 2, 2003) (cleaned up).  But in that case, the lawyers hired PR consultants for a legal purpose—to "restore balance and accuracy to the press coverage" to mitigate public pressure on the prosecutors to criminally charge the client.  *Id.* at 323.  That case's application is narrowly confined to similar high-profile grand jury investigations.  *Egiazaryan*, 290 F.R.D. at 432-33 (collecting cases).  And Judge Levy has determined that the case does not apply here, where the media campaign seeks to influence the public's view

of Veolia and not the legal proceedings.  ECF No. 2540, PageID.83987-83988.

*Alomari v. Ohio Dep't of Pub. Safety* concerned the defendants' termination of the plaintiff's employment after discovering that he had an inappropriate relationship with a student at his previous job.  626 F. App'x 558, 562-63 (6th Cir. 2015).  Communications made during a meeting between the parties and defense counsel were found to be protected under the attorney-client privilege.  *Id.* at 570-71.  The evidence showed that the purpose of the meeting was for the defendants to seek legal advice about responding to media inquiries about the plaintiff's previous employment.  *Id.* The Sixth Circuit agreed that the communication amounted to legal advice, given that the defendants could face legal liability for the public statement if the statement was defamatory.  *Id.* at 571.  By contrast, Veolia has offered no evidence showing that the emails were exchanged to obtain Mahoney's advice about the legal implications of the PR statement.

Thus, the Court **DENIES** Veolia's motion.  VEOLIA_0407523 is unprivileged, and the stay on producing the document is lifted.

                                                    s/Elizabeth A. Stafford
                                                    ELIZABETH A. STAFFORD
                                                    United States Magistrate Judge

Dated: May 23, 2024

## **NOTICE TO PARTIES ABOUT OBJECTIONS**

Within 14 days of being served with this order, any party may file objections with the assigned district judge.  Fed. R. Civ. P. 72(a).  The district judge may sustain an objection only if the order is clearly erroneous or contrary to law.  28 U.S.C. § 636.  **"When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in full force and effect unless and until it is stayed by the magistrate judge or a district judge."**  E.D. Mich. LR 72.2.

## **CERTIFICATE OF SERVICE**

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System to their email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on May 23, 2024.

>s/Marlena Williams
>MARLENA WILLIAMS
>Case Manager