# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

*In re* Flint Water Cases.

_____/

Judith E. Levy
United States District Judge

This Order Relates To:

ALL CASES

_____/

**ORDER GRANTING BELLWETHER III PLAINTIFFS' MOTION TO SEAL PORTIONS OF BRIEFS AND ACCOMPANYING EXHIBITS IN OPPOSITION TO VEOLIA'S MOTIONS TO EXCLUDE CERTAIN OPINIONS OF DR. WILLIAM BITHONEY AND DR. JENNIFER SAMPLE [2970]**

Before the Court is Plaintiffs' Motion to Seal Portions of Briefs and Accompanying Exhibits in Opposition to Veolia's Motions to Exclude Certain Opinions of Dr. William Bithoney and Dr. Jennifer Sample ("Motion to Seal"). (ECF No. 2970.) The Motion to Seal asks the Court to seal portions of Plaintiffs' responses and to provisionally seal certain exhibits in their entirety, because they were designated as either "Confidential" or "Highly Confidential" under the Court's Confidentiality Order by virtue of including "minor Plaintiffs' names and other

identifying information as well as confidential medical and other personal information of the minor plaintiffs." (*Id.* at PageID.99497.)

Eastern District of Michigan Local Rule 5.3 governs civil material filed under seal or with redactions. "There is a strong presumption in favor of open judicial records." *Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305 (6th Cir. 2016). A request for a seal must be "narrowly tailored . . . in accord with applicable law." E.D. Mich. LR 5.3(b)(2).

The Court may grant a motion to seal or redact "only upon a finding of a compelling reason why certain documents or portions thereof should be sealed." *Id.* at (b)(3)(B)(i). The Court must make its decision based on the following three factors: "why the interests in support of nondisclosure are compelling, why the interests supporting access are less so, and why the seal itself is no broader than necessary[.]" *Shane Grp.*, 925 F.3d at 306.

The Court finds that there is an interest in protecting these children from identification at this stage in the litigation. Moreover, Federal Rule of Civil Procedure 5.2(a) contemplates this interest where it states that any filing with the Court that contains the name of an

2

individual known to be a minor "may include only . . . the minor's initials." *Id*. The redactions at issue will not prevent the public from assessing the record the Court relies upon in its decisions. *Shane Group*, 825 F.3d at 305. As to medical and sensitive personal information, the Court finds that such information remains confidential for the same reasons set forth in its previous orders related to this type of material. (*See, e.g.*, ECF Nos. 1290, 1916, 1928, 2392, 2719, 2911.) The same analysis and reasoning applies here in favor of sealing in a narrowly tailored manner.

Accordingly, the motion to seal is granted.

IT IS SO ORDERED.

Dated: May 23, 2024       s/Judith E. Levy
Ann Arbor, Michigan      JUDITH E. LEVY
     United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on May 23, 2024.

     s/William Barkholz
     WILLIAM BARKHOLZ
     Case Manager