# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

*In re* Flint Water Cases.

_____/

Judith E. Levy
United States District Judge

This Order Relates To:

ALL CASES

_____/

## OPINION FOLLOWING ORDER DENYING VEOLIA ENVIRONNEMENT S.A.'S MOTION FOR RECONSIDERATION [2961, 2966]

The Court denied non-party Veolia Environnement S.A.'s (VE) Motion for Reconsideration, (ECF No. 2961), in a May 20, 2024 order, which explained that the Court would set forth its reasons for the ruling in a forthcoming opinion. (ECF No. 2966.) That reasoning is now set forth below.

### I. Background

The Court's May 13, 2024 order set forth the factual and procedural background of the Court's ruling in detail, so the Court will not repeat that background here. (ECF No. 2953.) There, the Court issued an order

in response to a troubling public relations campaign against Co-Liaison Counsel for Individual Plaintiffs Corey Stern. The order required VE to comply with the Court's February 21, 2024 order, which required VE to produce certain evidence. (ECF No. 2862.) In its May 13, 2024 order, the Court ruled that it would apply domestic law rather than the procedures for gathering evidence abroad from the Hague Convention on Taking Evidence Abroad in Civil or Commercial Matters, 23 U.S.T. 2555 ("Hague Convention").

The Court based its order with respect to VE on the applicable comity analysis, finding that this analysis weighed against applying the Hague Convention's procedures rather than domestic law. (ECF No. 2953, PageID.99290–99301.) The comity analysis includes five factors:

> (1) the importance to the . . . litigation of the documents or other information requested;
> (2) the degree of specificity of the request;
> (3) whether the information originated in the United States;
> (4) the availability of alternative means of securing the information; and
> (5) the extent to which noncompliance with the request would undermine important interests of the United States, or compliance with the request would undermine important interests of the state where the information is located.

2

*Societe Nationale Industrielle Aerospatiale v. U.S. Dist. Ct. for S. Dist. of Iowa*, 482 U.S. 522, 544 n.28 (1987) (quoting the Restatement of Foreign Relations Law of the United States (Revised) § 437(1)(c)). The Court found that four of the five factors "weigh[ed] against applying the Hague Convention," so the Court applied domestic law, finding that the relevant factors outweighed any threat of enforcement faced by VE. (ECF No. 2953, PageID.99299.) VE argued for the Court to reconsider its ruling, raising arguments related to the fourth and fifth factors of the comity analysis. The Court denied VE's motion. (ECF No. 2961.)

## II. Legal Standard

To prevail on a motion for reconsideration under Eastern District of Michigan Local Rule 7.1(h)(2), a movant must establish (i) a mistake by the Court, (ii) an "intervening change in controlling law," or (iii) new facts which warrant a different outcome. This standard is comparable to the standard for altering or amending a judgment under Federal Rule of Civil Procedure 59(e). *See Henderson v. Walled Lake Consol. Schs.*, 469 F.3d 479, 496 (6th Cir. 2006) (requiring a movant to demonstrate that there was "(1) a clear error of law; (2) newly discovered evidence; (3) an

3

intervening change in controlling law; or (4) a need to prevent manifest injustice"). A mistake by the Court must be "based on the record and law before the court at the time of its prior decision," and a movant must show that "correcting the mistake changes the outcome of the prior decision." E.D. Mich. LR 7.1(h)(2)(A). A motion based on new facts must demonstrate that those facts "could not have been discovered with reasonable diligence before the prior decision." *Id.* at 7.1(h)(2)(C). A movant may not use a motion for reconsideration to raise new legal arguments that could have been raised before the prior decision was issued. *See Direct Constr. Servs., LLC v. City of Detroit*, 820 F. App'x 417, 428 (6th Cir. 2020); *Roger Miller Music, Inc. v. Sony/ATV Publ'g*, 477 F.3d 383, 395 (6th Cir. 2007).

### III. Analysis

VE argued the Court should reconsider its ruling. VE believed the Court premised its decision not to apply the Hague Convention on the assumptions that (1) VE would not comply with the Court's order even if the Court followed the Hague Convention, and (2) using the Hague Convention process is burdensome, unduly time consuming, and

4

expensive. (ECF No. 2961, PageID.99413–99414.) VE asserted that these propositions are incorrect and asked the Court to reconsider its analysis of the fourth and fifth factors of the comity analysis. *Aerospatiale*, 482 U.S. at 544 n.28 ("(4) the availability of alternative means of securing the information; and (5) the extent to which noncompliance with the request would undermine important interests of the United States, or compliance with the request would undermine important interests of the state where the information is located."). For the reasons set forth below, VE's motion for reconsideration was denied.

### A. The Fourth Factor

VE argued that the Court should reconsider its analysis of the fourth factor in the comity analysis. The Court analyzed the fourth factor as follows:

> The fourth factor is whether there are alternative means to secure the requested information. The Court is seeking to determine VE's role in the campaign against Mr. Stern. VNA and VE have suggested no other way for the Court to obtain the evidence it has ordered VE to provide, nor has Actum. In fact, though VE states that it "wishes to fully cooperate with the Court's inquiry and can do so consistent with [the French Blocking Statute] through the Hague Convention," (ECF No. 2891, PageID.94930), it also indicates that there are

5

> obstacles—beyond the French Blocking Statute—to providing the material the Court ordered it to submit. (ECF No. 2870-1, PageID.94436 (stating that VE "may not respond" due not just to the French Blocking Statute but due to other EU Data Protection rules and French rules on legal privileges, as well).) VE is therefore equivocal about whether it will fully comply even if the Court applies the Hague Convention. *See Salt River Project Agric. Improvement and Power Dist. v. Trench France SAS*, 303 F. Supp. 3d 1004, 1010 (D. Ariz. 2018) (deciding to apply the Hague Convention's procedures in part based on a party's assertion "without equivocation" that it would comply with an order that followed the Hague Convention's procedures). As a result, the fourth factor does not favor applying the Hague Convention.

(ECF No. 2953, PageID.99296.)

VE argued for reconsideration of this portion of the Court's ruling, because it "will not oppose providing the documents responsive to [the] order on any basis and will provide the Court with those documents." (ECF No. 2961, PageID.99418.) It asserted that it would comply without equivocation if the Court applied the Hague Convention's procedures and that the Court misunderstood its prior submissions as indicating otherwise. (*Id.*)

VE's argument for reconsideration of the fourth factor is deficient, because instead of pointing out a mistake or providing some other

6

genuine basis for reconsideration, VE only reiterated the same equivocal position it maintained all along.

The Court issued an order requiring VE to produce certain responsive materials. (ECF No. 2862.) In that order, the Court stated that if "VE claim[s] any of the materials are privileged, [it] must set forth the basis for the claim and provide the material for *in camera* review along with a motion to seal the filing only as it relates to those documents." (*Id.* at PageID.94315–94316.)

VE did not do so. Michael Olsen, counsel for VE and its subsidiaries Defendants Veolia North America, LLC, Veolia North America, Inc., and Veolia Water North America Operating Services, LLC (collectively, "VNA"), stated in his declaration that he was submitting

> the Declaration of Noelle Lenoir, a prominent French lawyer, in which she explains that VE is prohibited by French law from responding to the Court's order in the current posture. However, VE is not opposed to responding pursuant to procedures that do not conflict with French law.

(ECF No. 2870, PageID.94427.) Ms. Lenoir stated in her declaration that

> VE may not respond under French laws by which VE is bound, namely: (i) the Blocking Statute (which I will call "French Evidence Law" since it channels but does not prohibit the

7

> transfer of evidence abroad), (ii) EU Data Protection rules, and (iii) the French rules on the legal privilege under which attorney-client communications are held.

(ECF No. 2870-1, PageID.94436.) The Court noted that "Ms. Lenoir's declaration and VNA's subsequent submissions related to French law [] do not identify specific portions of the Court's order to which VE objects, so VE appears to be asserting a blanket objection to compliance with the Court's order." (ECF No. 2953, PageID.99284–99285.)

In VE's motion for reconsideration, it affirmed that it would comply with the Court's order, suggesting that the Court misunderstood its position as being that it was relying on EU Data Protection rules and French Professional Secrecy laws as a

> basis under the Hague Convention to refuse to comply with the Court's order. Rather, VE meant only that it will need to ensure that it complies with its data-privacy and professional-secrecy obligations when responding to this Court's orders.

(ECF No. 2961, PageID.99418.) The Court was not concerned about whether VE would rely on EU Data Protection rules and French Professional Secrecy laws "under the Hague Convention" specifically. Instead, the Court was concerned that VE's references to EU Data

8

Protection rules and French Professional Secrecy laws revealed that VE would redact information that would be necessary for the Court's inquiry into the public relations campaign against Mr. Stern.

Courts have interpreted the fourth factor to require a proposed alternative means of production that is "substantially equivalent" to available means of producing information under domestic law. *See Richmark v. Timber Falling Consultants*, 959 F.2d 1468, 1475 (9th Cir. 1992). One way an alternative can fail this test of substantial equivalence is if it "limits the information obtainable" or redacts the names of third parties whose identity may be relevant. *United States v. Vetco Inc.*, 691 F.2d 1281, 1290 (9th Cir. 1981) (applying the substantially equivalent standard when upholding an IRS summons that the defendant resisted because they claimed compliance would force them to violate Swiss law). Here, VE's proposed alternative—applying the Hague Convention, EU Data Protection rules, and French Professional Secrecy laws[1]—would

---

[1] VE makes clear in its motion for reconsideration that it advocates for the Court to apply EU Data Protection rules and French Professional Secrecy laws, as well as the Hague Convention's procedures. (*See* ECF No. 2961, PageID.99418.) It is

---

not enough, however, to "simply invoke[e]" these laws to justify a court's application of them. *Arigna Tech. Ltd. v. Nissan Motor Co., Ltd.*, No. 2:22-cv-0012, 2022 WL 3020136, at *1 (E.D. Tex. July 29, 2022) (declining to apply EU Data Protection rules instead of the Federal Rules of Civil Procedure). To decide whether to apply EU Data Protection rules and French Professional Secrecy law, courts consider whether the applicable comity analysis favors doing so. *See, e.g.*, *Finjan, Inc. v. Zscaler, Inc.*, No. 17-cv-06946, 2019 WL 618554, at *1–3 (N.D. Cal. Feb. 14, 2019) (applying the comity analysis with respect to EU Data Protection rules); *In re Vivendi Univ., S.A. Securities Litig.*, 618 F. Supp. 2d 335, 341–43 (S.D.N.Y. 2009) (applying the Second Circuit's comity analysis to a discovery dispute where auditors were resisting production of evidence based on French Professional Secrecy law).

VE failed to justify the application of EU Data Protection rules and French Professional Secrecy laws. It invoked these laws, but it provided scant argument that the Court should weigh the applicable factors in the comity analysis in favor of applying them. Ms. Lenoir's first declaration briefly described—in general terms—the limitations she believes are imposed by EU Data Protection rules and French Professional Secrecy laws and stated the potential punishment for violating French Professional Secrecy laws. (ECF No. 2870-1, PageID.94438–99439.) Her declaration did not address the applicable factors from the comity analysis for whether to apply EU Data Protection rules and French Professional Secrecy laws. Mr. Olsen's declaration did not offer any additional argument about the applicability of foreign law beyond referencing the attached declaration from Ms. Lenoir. (ECF No. 2870, PageID.94427.) Further submissions from Mr. Olsen and Ms. Lenoir also did not address EU Data Protection rules and French Professional Secrecy laws, instead concentrating on the French Blocking Statute. (*See* ECF Nos. 2884, 2891.) VE's motion for reconsideration of the Court's May 13, 2024 order insisted that EU Data Protection rules and French Professional Secrecy laws apply without providing arguments to support that conclusion. (ECF No. 2961, PageID.99418.) VE's failure to argue for its position regarding EU Data Protection rules and French Professional Secrecy laws meant it did not meet its burden with respect to these two laws.

limit the information the Court can obtain. VE provided no reassurance that redactions would not obstruct the Court's inquiry into the public relations campaign, which is part of VE's burden in advocating for its proposal. *See Trueposition, Inc. v. LM Ericsson Tel. Co.*, No. 11–4574, 2012 WL 707012, at *3 (E.D. Pa. Mar. 6, 2012). VE's proposed alternative was not substantially equivalent to providing the Court these materials in unredacted form, including for *in camera* review. It did not provide the Court with a reason to reconsider its conclusion regarding the fourth factor in the comity analysis.

### B. The Fifth Factor

VE also argued that the Court should reconsider its analysis of the fifth factor in the comity analysis: the extent to which noncompliance with the request would undermine important interests of the United States, or compliance with the request would undermine important interests of the state where the information is located. It asserted that it was improper for the Court to be concerned that the Hague Convention's procedures would constrain, frustrate, or delay the Court's exercise of its inherent powers, because these procedures are not burdensome, unduly

11

time consuming, or expensive. (ECF No. 2961, PageID.99419.) VE's arguments regarding the fifth factor were not proper for a motion to reconsider and, even if they were, the Court did not find a basis for any further delay or limitation on the production of these documents to the Court.

VE argued for reconsideration of the fifth factor by outlining the procedures under Article 17 of the Hague Convention and providing the Court with a letter from VE's French counsel, Olivier Attias, explaining the Article 17 procedure in some detail. (ECF No. 2961, PageID.99419–99421; ECF No. 2961-2.) VE indicated that there is a four-step process that it represented "could be completed in three weeks or less." (ECF No. 2961, PageID.99421.) It further noted that "[t]he Article 17 process is available when the respondent consents to producing the requested evidence; here, VE consents to the use of the Article 17 process." (*Id.* at PageID.99420.)

While VE indicated that its motion for reconsideration provides "clarifications" of its previous arguments, the motion presents several new facts and arguments that were not before the Court when it made

12

its prior ruling. (*Id.* at PageID.99414.) The Motion for Reconsideration was the first time that VE proposed utilizing the Article 17 procedure in any detail. (*Id.* at PageID.99420.) It was the first place where VE stated that "VNA would prepare drafts of the appointment order and letter of request for the Court." (*Id.* at PageID.99420.) It was also the first place where VE stated that "VE and/or VNA would bear the expenses of the process." (*Id.* at PageID.99421.) Further, it was the first place where VE provided any specifics about how long it believed utilizing the Hague Convention procedures would take. (PageID.99419–99420.)

A motion for reconsideration is not a proper vehicle for adding these facts and arguments to the record—and doing so failed to show a mistake on the Court's part. E.D. Mich. LR 7.1(h)(2)(A). VE had ample opportunity to offer these proposals and arguments to the Court in its multiple filings before the Court issued its ruling. VE chose not to do so. These arguments also did not provide the Court with new facts that "could not have been discovered with reasonable diligence before the prior decision." *Id.* at 7.1(h)(2)(C). In raising these new facts and

13

arguments, VE therefore failed to meet the standard for reconsideration of the Court's ruling.

Even if VE had raised these points before the Court's ruling, these arguments are unavailing. This information the Court has requested is necessary for the Court's inquiry into the public relations campaign at issue. The Court has also explained the need to avoid distraction and to move past these issues "as quickly as possible" so that the parties and the Court can return to the substantive issues that will move this litigation forward. (*See* ECF No. 2848, PageID.94091.) As explained in the Court's analysis of the fourth factor, VE's proposal would likely constrain the information available to the Court. Adopting this proposal would also further delay this process. Enough time has passed without the Court receiving the information it ordered VE to produce. Accordingly, VE's arguments regarding the fifth factor were denied.

### IV. Conclusion

The Court denied VE's Motion for Reconsideration on May 20, 2024 and ordered VE "to produce the documents responsive to the Court's February 21, 2024 order, (ECF No. [2862]), which the Court also ordered

be produced in its May 13, 2024 order[,] (ECF No. 2953[])[,]"[2] before May 22, 2024 at 5:00 PM. (ECF No. 2966, PageID.99471.) It ordered VE to send the documents to the Court for *in camera* review. (*Id.*) VE timely complied with the Court's order.

For the reasons set forth above, VE's Motion for Reconsideration was denied.

Dated: May 28, 2024　　　　　　　　s/Judith E. Levy
Ann Arbor, Michigan　　　　　　　　JUDITH E. LEVY
　　　　　　　　　　　　　　　　　United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on May 28, 2024.

　　　　　　　　　　　　　　　　　s/William Barkholz
　　　　　　　　　　　　　　　　　WILLIAM BARKHOLZ
　　　　　　　　　　　　　　　　　Case Manager

---

[2] The Court's order denying VE's motion for reconsideration included an incorrect citation for the Court's February 21, 2024 order. It is corrected above.