**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | |
|---|---|
| IN RE FLINT WATER LITIGATION | Case No. 5:16-cv-10444-JEL-MKM |
| | Hon. Judith E. Levy |
| This Document Relates To: | |
| BELLWETHER III | Case No. 5:17-cv-10164-JEL-KGA |

_____

**DEFENDANTS VEOLIA NORTH AMERICA, LLC, VEOLIA NORTH AMERICA, INC., AND VEOLIA WATER NORTH AMERICA OPERATING SERVICES, LLC'S MOTION TO EXCLUDE TESTIMONY AND DOCUMENTS RELATING TO PUBLIC-RELATIONS EFFORTS**

Pursuant to Federal Rules of Evidence 401, 402, and 403, Defendants Veolia North America, LLC, Veolia North America, Inc., and Veolia Water North America Operating Services, LLC (VNA) move to exclude as irrelevant testimony and documents relating to aspects of VNA's public-relations efforts.  Specifically, VNA seeks to exclude:

- Testimony and documents about Veolia Environnement S.A.'s (VE) or VNA's decision to hire third-party public-relations consultants to assist them in the context of the *Flint Water* cases, including the nature of the consultants' services and how much the consultants were paid;
- Testimony and documents about the existence of the www.veoliaflintfacts.com website;
- Testimony and documents about the existence of the @VNAFlintFacts Twitter account;
- Testimony and documents about VNA's Google advertising purchases;
- Testimony and documents about VE's or VNA's public-relations strategy;
- Testimony and documents regarding draft public statements prepared by public-relations personnel; and

1

- Testimony and documents regarding Actum's conduct and proposed public-relations strategy.

This evidence is irrelevant. The public-relations efforts at issue here took place after VNA was named a defendant in the *Flint Water* cases, and the steps VE or VNA took to participate in the national conversation about the Flint water crisis are not relevant to whether VNA acted consistently with the standard of care in 2015 or whether Plaintiffs were injured by VNA's actions. That is especially true as time goes on and the public-relations efforts are further removed from the water crisis. Although the Court permitted Plaintiffs to take discovery into VNA's public-relations activities after the Bellwether I trial, the Court did so on Plaintiffs' representation that jurors could have seen those activities, not that the activities were relevant to the claims in the case. The Court also has ordered discovery into some recent public-relations activities conducted by Actum, but the Court explained that it did so pursuant to its inherent power to investigate the conduct of the parties to the litigation and noted that the discovery "does not directly relate to the claims or defenses in this case." Order 2 n.1, ECF No. 2868, PageID.94421.

The evidence also is inadmissible under Rule 403 because it is substantially more prejudicial than probative, would mislead and confuse the jury, and would waste significant trial time, because VNA would need to introduce additional testimony and evidence to explain and provide context for its public-relations efforts.

As Local Rule 7.1(a) requires, VNA conferred with Plaintiffs' counsel concerning this motion.  After VNA explained the nature and legal basis for the motion, Plaintiffs' counsel said that they would oppose it.

Respectfully submitted,

**CAMPBELL, CONROY & O'NEIL, P.C.**   **MAYER BROWN LLP**

*/s/ James M. Campbell*

James M. Campbell
Alaina M. Devine
20 City Square, Suite 300
Boston, MA 02129
(617) 241-3000
jmcampbell@campbell-trial-lawyers.com
adevine@campbell-trial-lawyers.com

*/s/ Michael A. Olsen*

Michael A. Olsen
71 South Wacker Drive
Chicago, IL 60606
(312) 7012-7120
molsen@mayerbrown.com

*Attorneys for Veolia North America, LLC, Veolia North America, Inc., and Veolia Water North America Operating Services, LLC*

Dated:  July 22, 2024

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | |
|---|---|
| IN RE FLINT WATER LITIGATION | Case No. 5:16-cv-10444-JEL-MKM<br>Hon. Judith E. Levy |
| This Document Relates To:<br>BELLWETHER III | Case No. 5:17-cv-10164-JEL-KGA |

_____

## DEFENDANTS VEOLIA NORTH AMERICA, LLC, VEOLIA NORTH AMERICA, INC., AND VEOLIA WATER NORTH AMERICA OPERATING SERVICES, LLC'S BRIEF IN SUPPORT OF THEIR MOTION TO EXCLUDE TESTIMONY AND DOCUMENTS RELATING TO PUBLIC-RELATIONS EFFORTS

**STATEMENT OF THE ISSUES PRESENTED**

1.  Should the Court exclude testimony and documents relating to VE's and VNA's public-relations efforts relating to the Flint water litigation because that evidence is irrelevant?

    **VNA answers:** "Yes."

    **Plaintiffs answer:** "No."

2.  Should the Court exclude testimony and documents relating to VE's and VNA's public-relations efforts because any probative value that such evidence might have is substantially outweighed by the likelihood of unfair prejudice, misleading the jury, and wasting time?

    **VNA answers:** "Yes."

    **Plaintiffs answer:** "No."

## CONTROLLING OR MOST APPROPRIATE AUTHORITIES

*Broadspring, Inc. v. Congoo, LLC*, No. 13-CV-1866, 2014 WL 7392905 (S.D.N.Y. Dec. 29, 2014)

*Cox ex rel. Cox v. Bd. of Hosp. Managers for City of Flint,* 467 Mich. 1 (2002)

*United States v. Ford*, 830 F.2d 596 (6th Cir. 1987)

Fed. R. Evid. 401

Fed. R. Evid. 402

Fed. R. Evid. 403

# TABLE OF CONTENTS

**Page**

INTRODUCTION ........................................................................................................1

BACKGROUND .......................................................................................................2

A.    After It Became A Defendant, VNA Participated In The National Conversation About The Flint Water Crisis ..................................................2

B.    Plaintiffs Pursued Discovery About VNA's Public-Relations Activity And Announced That It Would Be An Issue In The Bellwether III Trial ............................................................................................................3

C.    Actum's 2024 Activities ................................................................................4

LEGAL STANDARD ................................................................................................5

ARGUMENT .............................................................................................................6

THE COURT SHOULD EXCLUDE TESTIMONY AND DOCUMENTS ABOUT VE'S AND VNA'S PUBLIC-RELATIONS EFFORTS .........................6

A.    Testimony And Documents About VE'S and VNA's Public-Relations Efforts In The Flint Water Litigation Are Irrelevant ....................................6

B.    Testimony And Documents About VE's and VNA's Public-Relations Efforts Is Substantially More Prejudicial Than Probative, Would Mislead The Jury, And Would Waste Time ..............................................12

CONCLUSION .......................................................................................................15

## INTRODUCTION

In August 2016, Michigan's then Attorney General held a televised news conference where he announced that his Office had filed civil charges against VNA and LAN.  During that press conference, the Attorney General accused both companies of "fail[ing] miserably," "botch[ing]" their work, and making the crisis worse.  Ben Klayman, "Michigan attorney general sues France's Veolia in Flint water crisis," Reuters (June 22, 2016), https://bit.ly/3VUa5Ay.  The Attorney General's accusations were widely reported, including on television, on social media, and in local, national, and international papers.  VNA responded to the litigation and the Attorney General's extra-judicial attack by retaining public-relations counsel to advise and aid its in-house communications teams—as any company would.

Over the past two years, Plaintiffs' counsel have sought broad discovery of VNA's public-relations efforts.  In recent hearings, Plaintiffs' counsel have told this Court that they intend to use evidence about VNA's public-relations efforts during the Bellwether III trial.  If Plaintiffs seek to introduce evidence about VNA's public-relations efforts relating to the Flint water litigation, that evidence should be excluded.  Specifically, this motion addresses the following evidence:

- Testimony and documents about VE's or VNA's decision to hire third-party public-relations consultants to assist them in the context of the Flint water litigation, including the nature of the consultants' services and how much the consultants were paid;

- Testimony and documents about the existence of the www.veoliaflintfacts.com website;
- Testimony and documents about the existence of the @VNAFlintFacts Twitter account;
- Testimony and documents about VNA's Google advertisements;
- Testimony and documents about VE or VNA's public-relations strategy around the Flint water litigation;
- Testimony and documents regarding draft public statements prepared by public-relations personnel; and
- Testimony and documents regarding Actum's conduct and proposed strategies.

This evidence is irrelevant because the public-relations efforts, particularly those beginning years *after* the water crisis, do not make any fact relating to VNA's brief engagement in Flint more or less probable. The evidence also is inadmissible under Rule 403, because any probative value it might have is substantially outweighed by the risk that the evidence will unfairly prejudice VNA as well as confuse and mislead the jury and waste trial time.

## BACKGROUND

### A.    After It Became A Defendant, VNA Participated In The National Conversation About The Flint Water Crisis

VNA was named as a defendant in the Flint water litigation in 2016. Michigan's Attorney General held a press conference to announce the civil charges against VNA. Media attention followed. Recognizing that its conduct would be a topic in the national conversation on the water crisis, VNA, along with its parent company VE, decided to actively participate in that conversation, consistent not only with their First Amendment right to discuss matters of public concern, but also with

defendants' right to comment on litigation pending against them. *See United States v. Ford*, 830 F.2d 596, 598-99 (6th Cir. 1987); VNA Mot. for Protective Order 12-14, ECF No. 2307, PageID.74568-74570.    To that end, VNA's internal communications team worked with outside public-relations consultants to set up the www.veoliaflintfacts.com website, make a modest Google ad purchase to promote that website, and eventually establish the @VNAFlintFacts Twitter account. *See* VNA Mot. for Protective Order 6-7, PageID.74562-74563; VNA Resp. to Pls. Submission on VNA's Digital Media Presence 3-8, ECF No. 2596, PageID.85506-85511.  Using these tools, VNA provided public information about its short-term contract with the City of Flint and how it carried out its duties under that contract.

### B. Plaintiffs Pursued Discovery About VNA's Public-Relations Activity And Announced That It Would Be An Issue In The Bellwether III Trial

Beginning in 2022, Plaintiffs' counsel began pursuing discovery about VNA's public-relations efforts.  Plaintiffs originally argued that they needed this discovery to root out whether VNA had sought to inappropriately sway jurors during the Bellwether I trial.  *See* Pls. Filing re: Veolia Defendants' Digital Misinformation Campaign 2-3, ECF No. 2549, PageID.84389-894390.

But once it became clear that there was no evidence that VNA had sought to target advertisements to or otherwise influence jurors, Plaintiffs changed tack, arguing that VNA's public-relations efforts were relevant to the merits.  Plaintiffs'

counsel told the Court that they planned to introduce at least some of the public-relations evidence at the Bellwether III trial.  *See* Sept. 27, 2023, Hrg. Tr. 18:12-19, ECF No. 2662, PageID.86839 ("[T]here were now documents that we're finding in these [public-relations-related discovery] productions that are front and center for how we intend to try the next case"); Nov. 8, 2023, Hrg. Tr. 28:17-29:1, ECF No. 2680, PageID.87184-87185 ("Judge, we're going to try this case completely differently than the last case we tried. . . . [Veolia's defense] isn't a legal defense. It's a public relations defense.  And . . . the jury is entitled to hear evidence about how this defense was created.").

### C.    Actum's 2024 Activities

Without the knowledge of VNA, VE, or their counsel, Actum—a public-relations consulting firm working for VNA and VE—attempted in early 2024 to amplify statements made by Plaintiffs' counsel in 2018 in which he used an expletive to describe the City of Flint and "expressed concern that young victims of lead poisoning, like those in Flint, would spend proceeds from legal settlements on prostitutes and drugs."  Paul Egan, *Top Attorney in Flint Water Case Under Fire After Comments Surface From 2018 Podcast*, Detroit Free Press (Feb. 10, 2024), https://bit.ly/4bzOKSP.  The Court addressed Actum's conduct in a May 13, 2024, order.  *See In re Flint Water Cases*, No. 16-cv-10444, 2024 WL 2139318, at *2-6 (E.D. Mich. May 13, 2024).

## LEGAL STANDARD

"Irrelevant evidence is not admissible."  Fed. R. Evid. 402.  Evidence is relevant only if "it has any tendency to make a fact more or less probable" and if that "fact is of consequence in determining the action."  Fed. R. Evid. 401.  Thus, evidence is relevant, and therefore admissible, only "if it is probative of one of the elements of [the action]."  *United States v. Benchick*, No. 13-cv-20453, 2015 WL 3464091, at *1 (E.D. Mich. June 1, 2015); *see, e.g.*, *United States v. Hathaway*, 798 F.2d 902, 908 (6th Cir. 1986) (applying Rule 401 by comparing the evidence to each element of the offense).

Even relevant evidence should be excluded "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."  Fed. R. Evid. 403.  Evidence should be excluded under Rule 403 if it "tends to suggest a decision on an improper basis."  *Paschal v. Flagstar Bank,* 295 F.3d 565, 579 (6th Cir. 2002).  Consistent with that standard, district courts exclude evidence that would "inevitably invite the jury to speculate," "distract the jury from the real issues," and "risk[] confusing the jury."  *See, e.g., Design Basics, LLC v. Forrester Wehrle Homes, Inc.,* 380 F. Supp. 3d 692, 710 (N.D. Ohio 2019).  Courts also exclude relevant evidence under Rule 403 "if it

serves to inflame the passions of the jury." *Sutkiewicz v. Monroe Cty. Sheriff,* 110 F.3d 352, 360 (6th Cir. 1997) (collecting cases).

## ARGUMENT

## THE COURT SHOULD EXCLUDE TESTIMONY AND DOCUMENTS ABOUT VE'S AND VNA'S PUBLIC-RELATIONS EFFORTS

### A. Testimony And Documents About VE'S and VNA's Public-Relations Efforts In The Flint Water Litigation Are Irrelevant

Evidence about VE's and VNA's public-relations efforts is inadmissible because it is irrelevant. Evidence about public-relations efforts taken after litigation began is not probative of any of the issues the jury will be tasked with deciding—it does not make it "more or less probable" that VNA owed or breached a duty; that any breach caused or contributed to the contamination of Flint's water; that the contaminated water was capable of causing harm; that the contaminated water harmed Plaintiffs in particular; or whether non-parties are responsible for Plaintiffs' alleged damages. Fed. R. Evid. 401(a).

Specifically, evidence falling into the following categories is irrelevant.

*VE's or VNA's use of third-party public-relations consultants.* At various points after VNA became a defendant in this matter, VNA or VE hired public-relations consultants to assist in communications about VNA's role in Flint. The fact that either company used public-relations consultants is irrelevant to Plaintiffs' professional-negligence claim, as are the nature of their services and the amount that VNA or VE paid those consultants.

Under Michigan law, whether VNA breached a duty of professional care turns on the objective question whether the water-engineering services that VNA provided were consistent with those of a water-engineering firm of ordinary learning, judgment, and skill in Flint or similar localities. *See Cox ex rel. Cox v. Bd. of Hosp. Managers for City of Flint,* 467 Mich. 1, 21 (2002). Because that standard is based on an objective assessment of how an average reasonable professional would behave, how VNA or VE use public-relations consultants after the water crisis has no bearing on whether VNA met the standard of care. To answer that question, the jury will need to assess evidence about VNA's Flint-related conduct in February and March 2015; the messaging that VNA or VE chose to use after the fact does not retroactively change what VNA did in Flint during its brief engagement.

In addition, seeking advice from communications professionals is a routine and widely accepted best practice when a corporation faces allegations of wrongdoing, particularly in high-profile cases garnering significant media attention—like the Flint water litigation. VNA's use of such professionals is no more noteworthy than its reliance on professional legal counsel and is not probative of any question that will be put before the jury. *Cf. Bell v. Boeing Co.*, No. 20-CV-01716-LK, 2022 WL 1607935, at *4 (W.D. Wash. May 20, 2022) (excluding as irrelevant evidence on the "timing and circumstances of" retaining legal counsel).

*The www.veoliaflintsfacts.com website and @VNAFlintFacts Twitter account.* The fact that VNA chose to create a website and Twitter account to share public statements about the Flint water crisis is not relevant to whether VNA committed professional negligence because VNA's 2016 decision to make a website and Twitter account after it had been drawn into litigation does not reflect whether VNA met the standard of care in Flint in 2015. VNA does not contend that the statements it published on the www.veoliaflintfacts.com website or the @VNAFlintFacts Twitter account are hearsay; but the statements themselves are not relevant, as is the fact that VNA made the website and Twitter account as part of its public-relations efforts.

*The Google advertising.* In 2016, after this litigation began, VNA made a modest advertising purchase on Google. VNA has not significantly changed the parameters of that advertising buy since that original purchase. The Google ads—which disclose that they are paid advertisements—direct individuals who click on the ads to the www.veoliaflintfacts.com website. The fact that VNA made this ad purchase, the rationale leading to its doing so, the amount that VNA has spent on the ads, and the parameters of the ad purchase are irrelevant, because that information will not help the jury determine what happened in Flint in 2015 or whether Plaintiffs were harmed by VNA's actions. Consistent with that, this Court has observed that testimony about the Google advertising would be irrelevant. *See* Nov. 8, 2023, Hrg.

Tr. 28:13-15, ECF No. 2680, PageID.87184 (in response to Plaintiffs' designation of Dr. Cohen as an expert witness, the Court stated: "But I just want to caution you that your experts have to be related to a claim or defense."). Here again, VNA acknowledges that its statements in the ads are not hearsay, but VNA submits that those statements, the fact of their existence, and the parameters for the advertising buy are irrelevant to the claims or defenses in this case.

*Public-relations strategy*. VNA and VE engaged in internal communications about public-relations strategy and communicated about strategy with the third-party consultants. The content of those communications is irrelevant, because how VNA and VE developed their public-relations strategy does not make any fact relating to VNA's 2015 conduct in Flint more or less true. *See Broadspring, Inc. v. Congoo, LLC*, No. 13-CV-1866, 2014 WL 7392905, at *11 (S.D.N.Y. Dec. 29, 2014) (defendants' communications with public-relations firm about pending lawsuit were irrelevant).

The public-relations strategy was developed by communications professionals who were not in Flint in 2015 and who lack technical knowledge about water engineering. Documents and testimony relating to the development of VNA and VE's public-relations strategy therefore do not reflect personal knowledge about VNA's 2015 conduct in Flint and will not aid the trier of fact in determining whether VNA met the standard of care.

This is particularly true of documents that reflect rejected public-relations strategies, such as those contained in the Actum presentation that this Court ordered VNA to produce in May 2024. A document by a third party with no knowledge about VNA's professional-engineering services in Flint that reflects no more than a communications professional's proposal for how to participate in the national conversation about the Flint water crisis is not probative of any fact relevant to Plaintiffs' professional-negligence claim.

Plaintiffs have suggested that VNA's public-relations strategy is relevant because they think that it shows that the defense VNA presented during the Bellwether I trial was developed by public-relations professionals. *See* Sept. 27, 2023 Hrg. Tr. 18:21-19:1, ECF No. 2662, PageID.86839-86840 ("[W]e believe that the defense that was presented at the first trial wasn't a legal defense as much as it was a defense that was created to put Veolia in the greatest position to win based on a series of public relations decisions that were made by a number of companies"); Nov. 8, 2023 Hrg. Tr. 28:17-29:1, ECF No. 2680, PageID.87184-87185 ("[Veolia's defense] isn't a legal defense. It's a public relations defense. And . . . the jury is entitled to hear evidence about how this defense was created.").

How VNA's defense was developed is not relevant. To be clear: VNA's defense was developed by its legal counsel. But even if its entire trial strategy was created by a public-relations firm, that information would not help the jury to

determine what happened in Flint in 2015.  Plaintiffs' theory, in essence, is that it somehow is nefarious that VNA's public-relations choices are superficially similar to its legal defense.  But it should surprise no one that VNA's legal defense and public-relations messaging are consistent.  And that consistency has no bearing on whether VNA acted within the standard of care in 2015.  The jury should hear evidence about what happened in Flint in 2015, not a confusing sideshow about the purported development of VNA's defense strategy.

*Draft public-relations documents*.  VNA's document productions included drafts of various public-relations documents, including early versions of public statements.  The productions also included internal correspondence about changes to these drafts.  These documents are irrelevant to the extent that they were prepared by communications professionals with no personal knowledge about VNA's actions in Flint.  Drafts prepared by communications professionals, proposed edits by communications professionals, and internal correspondence about these drafts by and among communications professionals reflect public-relations strategy—not what happened in Flint in 2015—and are irrelevant on that basis.  *See Broadspring*, 2014 WL 7392905, at *11.

*Actum's conduct*.  This Court's May 13, 2024, order addressed conduct by Actum relating to its 2024 efforts to publicize statements made by Plaintiffs' counsel in 2018.  As this Court has recognized, that conduct, which took place nearly nine

years after VNA completed its assignment in Flint and does not address that assignment, is not relevant to any claim or defense in this case.  *See* Order 2 n.1, ECF No. 2868, PageID.94421 (Court's observation that this material "does not directly relate to the claims or defenses in this case").  It therefore should be excluded.

### B.   Testimony And Documents About VE's and VNA's Public-Relations Efforts Is Substantially More Prejudicial Than Probative, Would Mislead The Jury, And Would Waste Time

Even if evidence about VE's and VNA's public-relations effort were relevant, it should be excluded because any limited probative value it may have is far outweighed by the significant risks of unfair prejudice, jury confusion, and wasted trial time.

Evidence about the public-relations efforts would encourage the jury to decide the case on an inappropriate basis.  There is a grave risk that such evidence could cause the jury to believe that VNA must have done something wrong because it or its parent company chose to engage public-relations professionals, develop a public-relations strategy, and use various tools to communicate with the public.  Evidence about spending on third-party consultants and Google advertising also would create a risk that the jury would find VNA liable because it disapproves of a company using its funds that way, even though the water-engineering services that VNA provided to Flint satisfied the standard of care.  And evidence about draft public-relations

documents, which were ultimately rejected or changed, would encourage the jury to find VNA liable because it disliked a proposal from a third-party or internal communications professional who lacked personal knowledge about VNA's Flint-related conduct.  "Prejudice [under Rule 403] can arise . . . from facts that arouse the jury's hostility or sympathy for one side without regard to the probative value of the evidence."  *United States v. Schrock,* 855 F.2d 327, 335 (6th Cir. 1988) (quoting McCormick, *McCormick on Evidence* § 185, at 545 (1984)).  Evidence about VE's or VNA's public-relations efforts easily meets that standard.

Evidence about VE's or VNA's public-relations efforts also risks confusing the jury and wasting trial time because it inevitably will create a distracting sideshow, focusing the parties' and the court's time and energy on conduct that has nothing to do with VNA's exercise of engineering judgment while in Flint in 2015.  Evidence about these public-relations efforts necessarily post-dates—often by many years—VNA's work in Flint.  And the time spent on this sideshow could be significant:  If public-relations evidence is introduced, VNA would seek to introduce additional testimony and documents to provide critical context.  For instance, if Plaintiffs introduce evidence about VNA's use of third-party consultants, VNA would seek to establish that—far from being nefarious—hiring third-party consultants is a routine part of VNA's business practices and that of its corporate peers.  To that end, VNA would introduce evidence about corporate best practices

13

in response to litigation, particularly litigation that receives significant media coverage. And if Plaintiffs introduce documents about public-relations strategy, VNA would introduce testimony from its internal communications professionals to explain how the strategy was developed, that many documents reflect proposals that were never adopted, and that these strategic documents were drafted by individuals who lacked personal knowledge about VNA's 2015 actions in Flint.

Similarly, if Plaintiffs introduce draft public-relations documents, VNA would introduce evidence about who made the drafts, the editing process, the best practices VNA's communications department has adopted to ensure the accuracy of public statements, and what actual knowledge the drafters had—or did not have—about VNA's work in Flint. And if information about Actum's 2024 actions were introduced, VNA would be required to introduce evidence about the 2018 statements made by Plaintiffs' counsel (which Actum was seeking to disseminate), Actum's relationship with VNA and VE, and the extent to which Actum acted without approval from VNA or VE.

Ultimately, the amount of time spent on these side issues would increase the risk of jury confusion and would be disproportionate to the negligible probative value of this evidence. *Visteon Glob. Techs., Inc. v. Garmin Int'l, Inc.,* No. 10-cv-10578, 2016 WL 4727476, at *8 (E.D. Mich. Sept. 12, 2016) (explaining that "[s]ubstantial trial time would be involved in placing [the evidence] before the jury

14

[and] explaining [its] context and limited relevance" and holding that "[a]ny limited relevance [the evidence] might have is substantially outweighed by the waste of time, risk of confusion and danger of prejudice"). Rule 403 "calls for a weighing," and "evidence that is only slightly probative is more susceptible to exclusion." *Jones v. Wiseman,* 838 F. App'x 942, 949 (6th Cir. 2020). Evidence about VE's or VNA's public-relations efforts simply does not survive this inquiry.

## CONCLUSION

The Court should exclude the above-described testimony and documents about public-relations efforts.

Respectfully submitted,

**CAMPBELL, CONROY & O'NEIL, P.C.**    **MAYER BROWN LLP**

*/s/ James M. Campbell*                       */s/ Michael A. Olsen*
James M. Campbell                             Michael A. Olsen
Alaina M. Devine                              71 South Wacker Drive
20 City Square, Suite 300                     Chicago, IL 60606
Boston, MA 02129                              (312) 7012-7120
(617) 241-3000                                molsen@mayerbrown.com
jmcampbell@campbell-trial-lawyers.com
adevine@campbell-trial-lawyers.com

*Attorneys for Veolia North America, LLC, Veolia North America, Inc., and Veolia Water North America Operating Services, LLC*

Dated:  July 22, 2024

15

## CERTIFICATE OF SERVICE

I hereby certify that on July 22, 2024, I electronically filed the foregoing document with the Clerk of the Court using the ECF System, which will send notification to the ECF counsel of record.

Respectfully submitted,

*/s/ James M. Campbell*