UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| IN RE: FLINT WATER CASES | Case No. 5:16-cv-10444-JEL-MKM<br>Hon. Judith E. Levy, District Judge |
| This Document Relates To:<br>BELLWETHER III | Case No. 5:17-cv-10164-JEL-KGA |

_____

**DEFENDANTS VEOLIA NORTH AMERICA, LLC, VEOLIA NORTH AMERICA, INC., AND VEOLIA WATER NORTH AMERICA OPERATING SERVICES, LLC'S MOTION TO EXCLUDE DR. RUSSELL'S OPINION THAT VNA'S EXPERTS ARE VIOLATING THE LAW OR BREACHING PROFESSIONAL RESPONSIBILITIES BY OFFERING EXPERT TESTIMONY WITHOUT A PROFESSIONAL ENGINEER LICENSE**

Defendants Veolia North America, LLC, Veolia North America, Inc., and Veolia Water North America Operating Services, LLC (VNA) move to exclude Dr. Larry Russell's opinion that VNA's experts are violating the law or breaching professional responsibilities by offering expert testimony without a professional engineer license. Dr. Russell's opinion is inadmissible. First, whether or not VNA's experts need a professional license in order to offer expert testimony is a legal issue for the Court, not a proper subject for testimony of a water engineering expert. Second, Dr. Russell's opinion is contrary to Michigan law, which does not require a professional license to offer expert testimony. Third, any probative value that Dr. Russell's opinion may have (and it has none) is substantially outweighed by the danger of unfair prejudice, confusing the issues, and misleading the jury.

1

As Local Rule 7.1(a) requires, VNA conferred with Plaintiffs' counsel about this motion.  After VNA explained the nature and basis for the motion, Plaintiffs' counsel stated that Plaintiffs oppose the motion.

Respectfully submitted,

| **CAMPBELL, CONROY & O'NEIL, P.C.** | **MAYER BROWN LLP** |
|---|---|
| */s/ James M. Campbell* | */s/ Michael A. Olsen* |
| James M. Campbell | Michael A. Olsen |
| Alaina M. Devine | 71 South Wacker Drive |
| 20 City Square, Suite 300 | Chicago, IL 60606 |
| Boston, MA 02129 | (312) 7012-7120 |
| (617) 241-3000 | molsen@mayerbrown.com |
| jmcampbell@campbell-trial-lawyers.com | |
| adevine@campbell-trial-lawyers.com | |

*Attorneys for Veolia North America, LLC, Veolia North America, Inc., and Veolia Water North America Operating Services, LLC*

Dated:  July 22, 2024

2

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| IN RE: FLINT WATER CASES | Case No. 5:16-cv-10444-JEL-MKM |
| | Hon. Judith E. Levy, District Judge |
| This Document Relates To: BELLWETHER III | Case No. 5:17-cv-10164-JEL-KGA |

_____

**DEFENDANTS VEOLIA NORTH AMERICA, LLC, VEOLIA NORTH AMERICA, INC., AND VEOLIA WATER NORTH AMERICA OPERATING SERVICES, LLC'S BRIEF IN SUPPORT OF THEIR MOTION TO EXCLUDE DR. RUSSELL'S OPINION THAT VNA'S EXPERTS ARE VIOLATING THE LAW OR BREACHING PROFESSIONAL RESPONSIBILITIES BY OFFERING EXPERT TESTIMONY WITHOUT A PROFESSIONAL ENGINEER LICENSE**

## STATEMENT OF ISSUE PRESENTED

1. Should the Court exclude Dr. Russell's opinion that VNA's experts are violating the law or breaching professional responsibilities by offering expert testimony without professional engineer licenses because that opinion is an inadmissible legal opinion, his opinion conflicts with Michigan law, and any probative value his opinion may have is substantially outweighed by the danger of unfair prejudice, confusing the issues, and misleading the jury?

    **VNA answers:** "Yes."

    **Plaintiffs answer:** "No."

## CONTROLLING OR MOST APPROPRIATE AUTHORITIES

*Bourke v. N. River Ins. Co.*, 117 Mich. App. 461 (1982)

*W.W. White Co. v. LeClaire*, 25 Mich. App. 562 (1970)

# INTRODUCTION

Dr. Larry Russell is serving as a water expert for the Bellwether III Plaintiffs. Dr. Russell has opined that some of VNA's water experts—Dr. Graham Gagnon, Dr. David Crowe, and Dr. Sheldon Masters—are violating the law or breaching professional responsibilities by offering expert testimony in this matter without professional engineer licenses. Dr. Russell's opinion should be excluded. First, Dr. Russell is offering an inadmissible legal opinion as to whether a professional license is required to offer expert testimony. Second, Dr. Russell's opinion is contrary to Michigan law, which does not require a witness to hold a professional license in order to offer expert testimony. Third, any probative value Dr. Russell's opinion may have is substantially outweighed by the danger of unfair prejudice, confusing the issues, and misleading the jury.

# BACKGROUND

Dr. Russell issued a rebuttal report in this case in which he accused Dr. Gagnon, Dr. Crowe, and Dr. Masters of violating the law by offering expert testimony without a professional engineer license. He asserted:

- "It should be noted that Dr. Crowe is neither a registered professional engineer in Michigan nor in any state of the United States. Not being registered, makes it *illegal* for him to practice engineering in the State of Michigan. It is unclear if he has *either failed to pass the exams or chose to ignore the law*." Ex. 2, Rebuttal Report of Dr. Larry Russell 18 (emphases added).

1

- "It should be noted that Dr. Masters is neither a registered professional engineer in Michigan nor in any state of the United States, which would also make it *illegal* for him to practice engineering in the State of Michigan.  He has had ample time to get registered in Colorado (where he has lived for several years), but has *either failed to pass the exams or chose[] to ignore the law*." *Id.* at 23 (emphases added).

- "It should be noted that Professor Gagnon is neither a registered professional engineer in Michigan nor in any state of the United States, which would make it impossible for him to legally practice engineering anywhere in the State of Michigan." *Id.* at 17.

In his subsequent deposition, Dr. Russell softened his opinion, claiming that he "never said" that a professional engineer license is required in order to offer expert testimony and would "defer to the judge." Ex. 3, Nov. 20, 2023 Russell Dep. (Dep.) 24:5-25:4, 28:12-15.  But Dr. Russell continued to insist that VNA's experts "breach[ed] [their] professional responsibility" by offering expert testimony without a professional engineer license and "show[ed] a disrespect to the engineers and the Michigan Society of Professional Engineers not to take the time or effort [to obtain a license]." *Id.* at 24:5-25:4, 27:14-28:11.

## ARGUMENT

Dr. Russell's opinion that Dr. Gagnon, Dr. Crowe, and Dr. Masters are violating the law or breaching professional obligations by offering expert testimony in this matter without professional engineer licenses is inadmissible and simply wrong as a matter of Michigan law.

2

First, Dr. Russell's opinion that Dr. Gagnon, Dr. Crowe, and Dr. Masters are violating the law by offering expert testimony without professional engineer licenses is an inadmissible legal opinion. Expert witnesses are not allowed to provide legal opinions. *See, e.g.*, *Keyes v. Ocwen Loan Servicing, LLC*, 335 F. Supp. 3d 951, 959 (E.D. Mich. 2018) (holding that an expert's "statements of law are improper" because "expert witnesses are not permitted to make legal conclusions"). Here, it is for the Court—not Dr. Russell—to decide whether Dr. Gagnon, Dr. Crowe, and Dr. Masters qualify as expert witnesses and whether they can testify without professional engineer licenses. Tellingly, the Bellwether III Plaintiffs have never asked the Court to disqualify Dr. Gagnon, Dr. Crowe, or Dr. Masters on that basis.

Second, Dr. Russell's opinion is plainly contrary to Michigan law. Michigan courts have repeatedly confirmed that a witness does not need to hold a professional license in order to offer expert testimony. *See Bourke v. N. River Ins.*, 117 Mich. App. 461, 465-66 (1982) (holding that expert witness could offer opinions even though he was not a licensed professional engineer); *W.W. White Co. v. LeClaire*, 25 Mich. App. 562, 563-64 (1970) (holding that architect's expert testimony was not the "practice of architecture" and that "[i]t is specious to argue that [an expert] must be a validly licensed architect to offer testimony"). As long as a witness qualifies as an expert "by knowledge, skill, experience, training, or education," Fed. R. Evid. 702, the witness may testify. *See, e.g.*, *Bourke*, 117 Mich. App. at 466 ("The relevant

3

issue was [the witness's] qualifications, not whether he was violating a [licensing] statute."). Here, there is no dispute that Dr. Gagnon, Dr. Crowe, and Dr. Masters are qualified experts.

Dr. Russell's attempt to reframe the lack of a professional engineer license as a breach of professional obligations is equally flawed. Offering expert testimony is not the practice of engineering, and thus does not require a license. *See, e.g.*, *W.W. White Co.*, 25 Mich. App. at 563-64. Indeed, Dr. Russell does not cite *any* rule or guidance from the Michigan Society of Professional Engineers to support his opinion that a license is required in order to offer expert testimony. He offers only his own say-so. *See, e.g.*, Ex. 3, Russell Dep. 26:3-27:6 (explaining "the way that I see it" and that "[i]f the person work[s] for me, they would be registered or they would be gone"). To be admissible, an opinion must be supported by more than "the *ipse dixit* of the expert." *Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 146 (1997). Dr. Russell's opinion that VNA's experts breached professional responsibilities by offering expert testimony without a license is wholly unsupported.

Finally, any probative value that Dr. Russell's opinion may have is substantially outweighed by the danger of unfair prejudice, confusing the issues, and misleading the jury. Fed. R. Evid. 403. Whether couched as a violation of law or breach of professional obligations, Dr. Russell's accusation that VNA's experts act improperly by testifying without a license is highly inflammatory. The Court should

4

Case 5:16-cv-10444-JEL-EAS   ECF No. 3046, PageID.103017   Filed 07/22/24   Page 10 of 11

not allow Dr. Russell to make such a serious, unsupported charge, which would greatly prejudice VNA and confuse and mislead the jury. That is especially true because nothing in Michigan law (or the rules of the Michigan Society of Professional Engineers) requires an engineer to have a license in order to offer expert testimony.

## CONCLUSION

The Court should exclude Dr. Larry Russell's opinion that VNA's experts are violating the law or breaching professional responsibilities by offering expert testimony without professional engineer licenses.

Respectfully submitted,

**CAMPBELL, CONROY & O'NEIL, P.C.**    **MAYER BROWN LLP**

*/s/ James M. Campbell*    */s/ Michael A. Olsen*
James M. Campbell    Michael A. Olsen
Alaina M. Devine    71 South Wacker Drive
20 City Square, Suite 300    Chicago, IL 60606
Boston, MA 02129    (312) 7012-7120
(617) 241-3000    molsen@mayerbrown.com
jmcampbell@campbell-trial-lawyers.com
adevine@campbell-trial-lawyers.com

*Attorneys for Veolia North America, LLC, Veolia North America, Inc., and Veolia Water North America Operating Services, LLC*

Dated: July 22, 2024

5

6

## CERTIFICATE OF SERVICE

I hereby certify that, on July 22, 2024, I electronically filed this document with the Clerk of the Court using the ECF system, which will send notification to the ECF counsel of record.

Respectfully submitted,

*/s/ James M. Campbell*