## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | |
|---|---|
| IN RE: FLINT WATER CASES | Case No. 5:16-cv-10444-JEL-MKM<br>Hon. Judith E. Levy, District Judge |
| This Document Relates To:<br>BELLWETHER III | Case No. 5:17-cv-10164-JEL-KGA |

_____

**DEFENDANTS VEOLIA NORTH AMERICA, LLC, VEOLIA NORTH AMERICA, INC., AND VEOLIA WATER NORTH AMERICA OPERATING SERVICES, LLC'S MOTION TO EXCLUDE EVIDENCE OF DAVID THOMPSON'S PRIOR WORK ON CHILD SEX ABUSE CASES AND ROBERT MCCAFFREY'S PRIOR WORK ON DEATH PENALTY CASES**

Defendants Veolia North America, LLC, Veolia North America, Inc., and Veolia Water North America Operating Services, LLC (VNA) move to exclude evidence of Dr. David Thompson's prior work on child sex abuse cases and of Dr. Robert McCaffrey's prior work on death penalty cases. This evidence is not relevant to the issues at trial and is far more prejudicial than probative. It also would waste time at trial and result in jury confusion.

As Local Rule 7.1(a) requires, VNA conferred with Plaintiffs' counsel about this motion. After VNA explained the nature and basis for the motion, Plaintiffs' counsel stated that Plaintiffs would oppose it.

Respectfully submitted,

**CAMPBELL, CONROY & O'NEIL, P.C.**     **MAYER BROWN LLP**

*/s/ James M. Campbell*                                */s/ Michael A. Olsen*
James M. Campbell                                    Michael A. Olsen
Alaina M. Devine                                       71 South Wacker Drive
20 City Square, Suite 300                          Chicago, IL 60606
Boston, MA 02129                                   (312) 7012-7120
(617) 241-3000                                         molsen@mayerbrown.com
jmcampbell@campbell-trial-lawyers.com
adevine@campbell-trial-lawyers.com

*Attorneys for Veolia Water North America Operating*
*Services, LLC Veolia North America, LLC, and Veolia North*
*America, Inc.*

Dated:  July 22, 2024

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | |
|---|---|
| IN RE: FLINT WATER CASES | Case No. 5:16-cv-10444-JEL-MKM<br>Hon. Judith E. Levy, District Judge |
| This Document Relates To:<br>BELLWETHER III | Case No. 5:17-cv-10164-JEL-KGA |

---

**DEFENDANTS VEOLIA NORTH AMERICA, LLC, VEOLIA NORTH AMERICA, INC., AND VEOLIA WATER NORTH AMERICA OPERATING SERVICES, LLC'S BRIEF IN SUPPORT OF THEIR MOTION TO EXCLUDE EVIDENCE OF DAVID THOMPSON'S PRIOR WORK ON CHILD SEX ABUSE CASES AND ROBERT MCCAFFREY'S PRIOR WORK ON DEATH PENALTY CASES**

## STATEMENT OF ISSUES PRESENTED

1.  Should the Court exclude under Federal Rules of Evidence 401, 402, 403, and 611 evidence about Dr. David Thompson's prior work on child sex abuse cases because it is irrelevant and because any probative value that this evidence may have would be substantially outweighed by the likelihood that its admission will result in unfair prejudice, wasted time at trial, and jury confusion?

    **VNA answers:** "Yes."

    **Plaintiffs answer:** "No."

2.  Should the Court exclude under Federal Rules of Evidence 401, 402, 403, and 611 evidence about Dr. Robert McCaffrey's prior work on death penalty cases because it is irrelevant and because any probative value that this evidence may have would be substantially outweighed by the likelihood that its admission will result in unfair prejudice, wasted time at trial, and jury confusion?

    **VNA answers:** "Yes."

    **Plaintiffs answer:** "No."

## CONTROLLING OR MOST APPROPRIATE AUTHORITIES

*United States v. Beverly*, 369 F.3d 516 (6th Cir. 2004)

Fed. R. Evid. 401

Fed. R. Evid. 402

Fed. R. Evid. 403

Fed. R. Evid. 611

## INTRODUCTION

Two of VNA's experts previously worked on cases that involved highly inflammatory and emotionally charged topics.  Specifically, Dr. David Thompson (a clinical and forensic psychologist) worked as an expert in cases involving child sex abuse, and Dr. Robert McCaffrey (a clinical neuropsychologist) worked as an expert in cases involving the death penalty.

Evidence about Dr. Thompson's and Dr. McCaffrey's work on those cases should be excluded because it is irrelevant.  These topics are unrelated to the professional-negligence issues to be tried and do not bear on Dr. Thompson's and Dr. McCaffrey's credibility.  And even if this evidence had some tangential relevance to this case, it should be excluded because its probative value would be substantially outweighed by the danger of unfair prejudice and because inquiry into these topics would waste time at trial and result in jury confusion.

## BACKGROUND

Dr. Thompson is a clinical and forensic psychologist who will testify at trial about Plaintiffs' experts' examinations of the individual Plaintiffs.  Dr. Robert McCaffrey is a clinical neuropsychologist who will testify at trial about Plaintiffs' experts' neuropsychology testing and results.

At the first bellwether trial, Plaintiffs' counsel, who is also counsel for the Bellwether III Plaintiffs, cross-examined Dr. Thompson about his prior work as an

expert in a case involving child sex abuse.  Counsel pursued the following line of

questioning:

> Q.  Do you remember the case *State v. Mick*?
> A.  No.
> Q.  This was a case where you testified that the interview techniques
> that were used to get information from a child victim of sexual abuse,
> that those interview techniques were bad.  Does that refresh your
> recollection at all?
> . . .
> Q.  Does it refresh your memory that this was a case where a child made
> an allegation of sexual abuse, and you testified on behalf of the alleged
> abuser that the –
> MR. CAMPBELL:  Judge, I object, you know.
> THE COURT:  Well –
> MR. STERN:  He testified that this is –
> THE COURT:  I think it's fair to cross-examine him on some of these
> cases, so I'll allow this one and then we'll see if there are others.  But
> you testified about memory.  Is that –
> THE WITNESS:  Well, Your Honor, typically when I am testifying on
> a child forensic interview case, I testify about the integrity of the
> investigation, and I testify about vulnerabilities to memories and
> whether or not they were present in a particular case.
> . . .
> Q.  You routinely testify as an expert against children who are either
> reporting abuse or who are witnesses to various crimes, right?
> [Objection sustained.]

June 21, 2022, Trial Tr. 6312:22-6314:16, 6321:16-21, No. 17-cv-10164 ECF No.

928, PageID.67466-67468, 67475 (stenographer clarification omitted).

Later, outside the presence of the jury, counsel for the Bellwether III Plaintiffs

said that Dr. Thompson is "anti-kid.  That's what I would call him."  June 21, 2022,

Trial Tr. 6336:5-6, No. 17-cv-10164 ECF No. 928, PageID.67490.  The Court

instructed counsel not to "say to the jury that [Dr. Thompson is] anti-child" or that

Dr. Thompson "testif[ied] on behalf of the abuser." *Id.* at 6336:15-25, PageID.67490.

Separately, during Dr. McCaffrey's deposition in this case, Plaintiffs pursued the following line of questioning about his prior work in a case involving the death penalty:

> Q. . . . With regard to the cases on this list, were you retained by the plaintiff in any of these matters?
> A. *Guzek*, the second one. That's the only one.
> Q. Okay. Give me a broad brush of what the *Guzek* case involved.
> A. That was a death penalty matter in the State of Oregon in which there were multiple experts testifying on issues associated with brain development as regards to death penalty issues for people 18, 19, and 20. It goes back to the *Roger* decision, if you're familiar with that.
> Q. Okay. And you were retained on behalf of Guzek you said?
> A. Yes.
> Q. And who was Guzek?
> A. Guzek was a death row inmate that was the subject of that hearing.
> Q. Okay. And was the hearing an attempt to get Guzek off of death row and have perhaps a life sentence.
> A. I'm going to say yes, ultimately, and not at that point in time, but subsequent, that actually did occur.

Ex. 2, McCaffrey Dep. 53:19-54:19.

These lines of questioning suggest that Plaintiffs may again cross-examine Dr. Thompson and Dr. McCaffrey at trial about their prior work in child sex abuse and death penalty cases.

The Court allowed the Bellwether I Plaintiffs to cross-examine Dr. Thompson about his work in connection with a child sex abuse case over VNA's objection. June 21, 2022, Trial Tr. 6314:8-10, No. 17-cv-10164 ECF No. 928, PageID.64768.

VNA requests that the Court reconsider its prior ruling as to Dr. Thompson and grant VNA's motion as to both Dr. Thompson and Dr. McCaffrey.

## LEGAL STANDARD

The Court may "impose reasonable limits" on "cross-examination based on concerns about, among other things, harassment, prejudice, confusion of the issues, the witness' safety, or interrogation that is repetitive or only marginally relevant." *United States v. Beverly*, 369 F.3d 516, 535-36 (6th Cir. 2004). And the Court "should exercise reasonable control over the mode and order of examining witnesses and presenting evidence so as to (1) make those procedures effective for determining the truth; (2) avoid wasting time at trial; and (3) protecting witnesses from harassment or undue embarrassment." Fed. R. Evid. 611(a).

"Irrelevant evidence is not admissible." Fed. R. Evid. 402. And even relevant evidence should be excluded "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. Evidence should be excluded under Rule 403 if it "tends to suggest a decision on an improper basis." *Paschal v. Flagstar Bank*, 295 F.3d 565, 579 (6th Cir. 2002). Consistent with that standard, district courts exclude evidence that would "inevitably invite the jury to speculate," "distract the jury from the real issues," and "risk[] confusing the jury." *See, e.g.*, *Design Basics, LLC v.*

*Forrester Wehrle Homes, Inc.*, 380 F. Supp. 3d 692, 710 (N.D. Ohio 2019).  Courts also exclude relevant evidence under Rule 403 "if it serves to inflame the passions of the jury."  *Sutkiewicz v. Monroe Cty. Sheriff*, 110 F.3d 352, 360 (6th Cir. 1997) (collecting cases).

## ARGUMENT

**I.    Evidence About Dr. Thompson's Prior Work in Child Sex Abuse Cases And Dr. McCaffrey's Prior Work in Death Penalty Cases Is Irrelevant**

Testimony about Dr. Thompson's prior work in child sex abuse cases and Dr. McCaffrey's prior work in death penalty cases should be excluded because it is irrelevant.  *See* Fed. R. Evid. 401, 402.  That evidence concerns the collateral topic of proceedings in cases that did not involve VNA or professional negligence and thus is not probative of any element of Plaintiffs' claim.  *See, e.g.*, *United States v. Hathaway*, 798 F.2d 902, 908 (6th Cir. 1986) (applying Rule 401 by comparing the evidence to each element of the offense).

This evidence is also not relevant to any "matters affecting [these witnesses'] credibility" because Dr. Thompson's and Dr. McCaffrey's opinions in those cases have no bearing on their opinions here.  Fed. R. Evid. 611(b).  During the first bellwether trial, Dr. Thompson explained that his opinions in child sex abuse cases concern "vulnerabilities to child memories and whether or not they were present in a particular case."  June 21, 2022, Trial Tr. 6314:12-16, No. 17-cv-10164 ECF No. 928, PageID.67468.  Dr. Thompson's opinions in this case have nothing to do with

5

the issue of the vulnerability of child memory, either in the child sex abuse context or otherwise. *Id.* at 6324:15-19, PageID.67489 (the Court: "In our case you're not testifying about memory, are you?"; Dr. Thompson: "In this case, I don't believe I'm testifying about memory.").

Likewise, Dr. McCaffrey's opinions in this case about whether the minor Plaintiffs—who are currently between 10 and 14 years old—have lead-induced neuropsychological deficits are completely unrelated to the issue of "brain development" "as regards to *death penalty issues* for people *18, 19, and 20*." Ex. 2, McCaffrey Dep. 53:19-54:19 (emphases added); *see Roper v. Simmons*, 543 U.S. 551, 579 (2005) (death penalty cannot be imposed on individuals who were under the age of 18 at the time of the offense).

These prior cases, and the opinions that Dr. Thompson and Dr. McCaffrey offered in them, thus are irrelevant to assessing the credibility of their opinions in this case. *See Dahlberg v. MCT Transportation, LLC*, No. 11-cv-203, 2012 WL 12864178, at *1 (D.N.M. May 10, 2012) (precluding cross-examination of expert about prior cases because "[i]t is not even clear to the Court what fact Plaintiff is trying to establish or refute by questioning [the expert] about prior cases").

Of course, Plaintiffs can attempt to undermine Dr. Thompson's and Dr. McCaffrey's credibility at trial by cross-examining them about their "opinions *in this case*, based on [their] reasoning, methodology, and the facts and assumptions on

6

which [they] relied *in this case*." *Est. of Thompson v. Kawasaki Heavy Indus., Ltd.*, 933 F. Supp. 2d 1111, 1152 (N.D. Iowa 2013) (emphasis in original); *see, e.g.*, *DeVooght v. City of Warren*, 2022 WL 385477, at *3 (E.D. Mich. Feb. 8, 2022) (an expert can be cross-examined about "the methods he used in forming his opinions *in this case*." (emphasis added)).  But detours into the opinions that Dr. Thompson and Dr. McCaffrey provided in prior death penalty and child sex abuse cases, and, in particular, into the inflammatory details about the subject matters of those cases, shed no light on the opinions that they will offer in this case.

In short, cross-examination of Dr. Thompson and Dr. McCaffrey about their opinions from or involvement in child sex abuse or death penalty cases would be an irrelevant distraction that has no bearing on the reliability of their opinions in this case.  It therefore should be excluded as irrelevant under Rules 402 and 611.

## II. Evidence About Dr. Thompson's Prior Work in Child Sex Abuse Cases And Dr. McCaffrey's Prior Work in Death Penalty Cases Is Inadmissible Under Rule 403

Evidence about Dr. Thompson's prior work in child sex abuse cases and Dr. McCaffrey's prior work in death penalty cases also is inadmissible under Rule 403 because any limited probative value it may have is far outweighed by the significant risks of unfair prejudice, undue delay, and jury confusion.

This evidence would "distract the jury from the real issues" at trial, *Design Basics*, 380 F. Supp. 3d at 710, invite the jury to render a "decision on an improper

7

basis," *Paschal*, 295 F.3d at 579, and "inflame[]" the jury, *Stern v. Shouldice*, 706 F.2d 742, 750 (6th Cir. 1983). The death penalty and child sex abuse are quintessential examples of inflammatory topics. *See, e.g.*, *United States v. Hersh*, 297 F.3d 1233, 1243 (11th Cir. 2002) (evidence about child sex abuse is "very inflammatory"); *Goodwin v. Johnson*, No. 99-cv-2963, 2006 WL 2056686, at *3 (N.D. Ohio July 21, 2006) ("[J]urors cannot be expected to be completely neutral on something as controversial as the death penalty."). Members of the jury undoubtedly will have strong moral positions about these issues. Therefore, introducing this evidence would create a substantial risk that the jury could discredit Dr. Thompson's and Dr. McCaffrey's opinions in this case not because of the merits of those opinions, but because the jurors have personal objections to the positions that these experts previously took in other cases or to the actions of the parties on whose behalf they testified.

That risk is particularly acute here, given that Plaintiffs' counsel previously demonstrated a willingness to put VNA's experts themselves on trial by smearing Dr. Thompson in front of the jury as someone who "routinely" testifies "against children" who report abuse. June 21, 2022, Trial Tr. 6321:16-18, No. 17-cv-10164 ECF No. 928, PageID.67475. Dr. McCaffrey's prior retention on behalf of death row inmates can similarly be used to villainize him as someone who works to ensure that those who committed serious crimes avoid the consequences of their actions.

8

This evidence also could tarnish the jury's view of VNA for inappropriate and unfair reasons.  The jury could disapprove of VNA's retention of and association with experts who previously testified in cases on behalf of unsympathetic parties.  And that, in turn, could cause the jury to render judgment against VNA because it is outraged by the unrelated work of its experts, and not because Plaintiffs proved that VNA's conduct fell below the standard of care.

Evidence of the experts' prior work is inadmissible under Rule 403 for the additional reasons that it would "inevitably[] result in delay" and cause a distracting and confusing "mini-trial" about the prior proceedings.  *Thompson*, 933 F. Supp. 2d at 1152; *see, e.g.*, *Junger v. Singh*, 514 F. Supp. 3d 579, 595 (W.D.N.Y. 2021) (excluding evidence of an expert's exclusion in a prior case because that evidence "would be particularly confusing to the jury" and cause it "to dig into the facts of the earlier cases and try to compare the methodology used by [the expert] in those cases with the methodology [the expert] used in the instant case").

Indeed, that is exactly what happened at the first bellwether trial, during which Plaintiffs' counsel sought to discredit Dr. Thompson's opinions by pointing out that he did not interview or evaluate a child sex abuse victim during a prior engagement. June 21, 2022, Trial Tr. 6323:10-14, No. 17-cv-10164 ECF No. 928, PageID.67477. That necessitated a confusing sideshow during which the Court examined Dr. Thompson to clarify for the jury that Dr. Thompson was precluded from conducting

9

an interview or evaluation in that case because of the nature of criminal cases involving child victims.  *Id.* at 6323:23-6324:22, PageID.67477-67478.

Had cross-examination about the child sex abuse case been precluded, then the parties could have used that time to focus on Dr. Thompson's opinions *in this case* and spared the jury from an unnecessary and confusing detour involving purely collateral and prejudicial matters.  *See U.S. Football League v. Nat'l Football League*, 842 F.2d 1335, 1375 (2d Cir. 1988) (affirming district court's exclusion of evidence "about testimony [an expert] gave in unrelated cases" because it was "well within [the district court's] discretion to avoid a confusing and certainly complex digression" into those proceedings).  The Court should grant VNA's motion to ensure that in this trial similar issues do not plague the testimony of Dr. Thompson and Dr. McCaffrey.

## CONCLUSION

The Court should exclude evidence of Dr. Thompson's prior work in child sex abuse cases and of Dr. McCaffrey's prior work in death penalty cases.

Respectfully submitted,

**CAMPBELL, CONROY & O'NEIL, P.C.**  **MAYER BROWN LLP**

*/s/ James M. Campbell*               */s/ Michael A. Olsen*
James M. Campbell                  Michael A. Olsen
Alaina M. Devine                    71 South Wacker Drive
20 City Square, Suite 300         Chicago, IL 60606
Boston, MA 02129                (312) 7012-7120
(617) 241-3000                   molsen@mayerbrown.com
jmcampbell@campbell-trial-lawyers.com
adevine@campbell-trial-lawyers.com

*Attorneys for Veolia Water North America Operating
Services, LLC Veolia North America, LLC, and Veolia North
America, Inc.*

Dated:  July 22, 2024

11

## CERTIFICATE OF SERVICE

I hereby certify that on July 22, 2024, I electronically filed this document with the Clerk of the Court using the ECF System, which will send notification to the ECF counsel of record.

By: /s/ *James M. Campbell*
   James M. Campbell
   jmcampbell@campbell-trial-lawyers.com