# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| IN RE FLINT WATER LITIGATION | Case No. 5:16-cv-10444-JEL-MKM<br>Hon. Judith E. Levy |
| This Document Relates To:<br>BELLWETHER III | Case No. 5:17-cv-10164-JEL-KGA |

_____

## DEFENDANTS VEOLIA NORTH AMERICA, LLC, VEOLIA NORTH AMERICA, INC., AND VEOLIA WATER NORTH AMERICA OPERATING SERVICES, LLC'S MOTION TO ADMIT FACTUAL STATEMENTS IN THE COMPLAINT RELATING TO FAULT OF OTHER PREVIOUSLY NAMED DEFENDANTS

Defendants Veolia North America, LLC, Veolia North America, Inc., and Veolia Water North America Operating Services, LLC (VNA) move to admit factual statements in the complaint about other defendants and non-parties whose actions contributed to the Flint water crisis.

This Court held in the class case that factual statements in a complaint are admissible as substantive evidence. Tr. of Jan. 22, 2024 Hrg. 102: 19-25, 105:3-10, No. 16-10444 ECF No. 2820, PageID.93455, 93458. Consistent with this Court's ruling in the class case, the factual statements identified in the attached Exhibits 2 and 3 should be admitted because they are not hearsay; they are relevant to the issue of allocation of fault; and admission of a plaintiff's own allegations of fact is not unfairly prejudicial, much less prejudicial enough to outweigh the factual statements' exceptional probative value.

The Court excluded the allegations from the complaint during the Bellwether I trial, but that ruling should not govern the admissibility of the complaint here. During the Bellwether I trial, the Court agreed that factual statements in a complaint are party admissions that are admissible as substantive evidence. But the Court precluded VNA from introducing factual statements from the complaint on the grounds that VNA had not sought permission to do so until late in the trial, that addressing admissibility mid-trial would have caused delay, and that the factual statements would have been cumulative in light of the testimony already presented. As explained in the accompanying brief, those concerns are inapplicable to the upcoming Bellwether III trial.

As Local Rule 7.1(a) requires, VNA conferred with Plaintiffs' counsel about this motion. After VNA explained the nature and basis for the motion, Plaintiffs' counsel stated that Plaintiffs oppose the motion.

Respectfully submitted,

**CAMPBELL, CONROY & O'NEIL, P.C.**    **MAYER BROWN LLP**

*/s/ James M. Campbell*                                   */s/ Michael A. Olsen*
James M. Campbell                                          Michael A. Olsen
Alaina M. Devine                                             71 South Wacker Drive
20 City Square, Suite 300                                Chicago, IL 60606
Boston, MA 02129                                          (312) 7012-7120
(617) 241-3000                                               molsen@mayerbrown.com
jmcampbell@campbell-trial-lawyers.com
adevine@campbell-trial-lawyers.com

*Attorneys for Veolia North America, LLC, Veolia North America, Inc., and*
*Veolia Water North America Operating Services, LLC*

Dated:  July 22, 2024

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | |
|---|---|
| IN RE FLINT WATER LITIGATION | Case No. 5:16-cv-10444-JEL-MKM<br>Hon. Judith E. Levy |
| This Document Relates To:<br>BELLWETHER III | Case No. 5:17-cv-10164-JEL-KGA |

_____

## DEFENDANTS VEOLIA NORTH AMERICA, LLC, VEOLIA NORTH AMERICA, INC., AND VEOLIA WATER NORTH AMERICA OPERATING SERVICES, LLC'S BRIEF IN SUPPORT OF THEIR MOTION TO ADMIT FACTUAL STATEMENTS IN THE COMPLAINT RELATING TO FAULT OF OTHER PREVIOUSLY NAMED DEFENDANTS

## STATEMENT OF ISSUE PRESENTED

1.  Should the Court admit the identified statements in the complaint about the fault of various previously named defendants, because the statements of a party are not hearsay, and because the statements are relevant and are not substantially more prejudicial than probative?

    **VNA answers:** "Yes."

    **Plaintiffs answer:** "No."

## CONTROLLING OR MOST APPROPRIATE AUTHORITIES

*Barnes v. Owens-Corning Fiberglas Corp.*, 201 F.3d 815 (6th Cir. 2000)

*Williams v. Union Carbide Corp.*, 790 F.2d 552 (6th Cir. 1986)

Fed. R. Evid. 401

Fed. R. Evid. 402

Fed. R. Evid. 403

Fed. R. Evid. 801

## TABLE OF CONTENTS

INTRODUCTION ................................................................................1

BACKGROUND .................................................................................1

LEGAL STANDARD ...........................................................................3

ARGUMENT .......................................................................................4

    A.   The Complaint's Factual Statements About Other Previously Named
Defendants Are Non-Hearsay Party Admissions ....................................4

    B.   The Factual Statements In The Complaint About Other Defendants
Are Relevant And Are Not Substantially More Prejudicial Than
Probative ...............................................................................................7

    C.   The Reasons Why The Court Barred VNA From Introducing The
Complaint In The Bellwether I Trial Do Not Apply Here ....................13

CONCLUSION ...................................................................................15

# INTRODUCTION

Veolia North America, LLC, Veolia North America, Inc., and Veolia North America Operating Services, LLC (VNA) seek to admit certain paragraphs in the complaint identified in Exhibits 2 and 3. The paragraphs allege in detail the serious fault of other individuals and entities that caused and/or prolonged the Flint water crisis. This evidence is admissible as statements from a party opponent. In addition, this evidence is relevant to the pivotal issue of non-party fault because the jury will be tasked with assessing whether any non-parties contributed to the water crisis and, if so, to what extent. And this evidence is far more probative than prejudicial because it uniquely identifies whom Plaintiffs believe caused the water crisis. In fact, the admission of the factual statements would cause Plaintiffs no unfair prejudice at all, and may well make it possible for VNA to streamline the presentation of evidence at trial.

This Court already ruled in the class case that analogous factual statements in the class-action complaint were admissible as substantive evidence. The Court should reach the same conclusion here and admit the statements identified in Exhibits 2 and 3.

# BACKGROUND

Plaintiffs originally alleged that 23 defendants, in addition to VNA, are responsible for their injuries. The defendants include former Governor Richard

Snyder and other Michigan state government officials, including officials from the Department of Treasury and the Department of Health and Human Services; officials with the Michigan Department of Environmental Quality (MDEQ); former Flint emergency managers Gerald Ambrose and Darnell Earley, as well as other city government officials; and engineering firms hired in connection with the water project (e.g., Lockwood, Andrews & Newnam, P.C., Lockwood, Andrews & Newnam, Inc., Leo A. Daly Company (together, LAN); Rowe Professional Services Company (Rowe); and VNA).

VNA seeks to admit factual statements in the complaint that describe how State officials, City officials, LAN, and Rowe contributed to and exacerbated the water crisis.  Exhibit 2 lists each of the factual statements that VNA seeks to introduce.  Exhibit 3 is a copy of the operative complaint, with the language that VNA seeks to introduce highlighted in yellow.

To summarize, the complaint alleges that the defendant State and City officials are responsible for the decision to use the Flint River as the City's water source, a decision that those defendants made after receiving reports from MDEQ and LAN that identified the Flint River's corrosive properties and the risks of contamination. *See, e.g.*, Compl. ¶¶ 109-28, PageID.5282-5286.  Plaintiffs further allege that LAN (which was hired by the City to provide advice on the transition to and use of the Flint River as a water source), Rowe (which provided water-engineering services to

2

the City in the period leading up to the water crisis), and the defendant MDEQ offi-
cials failed to ensure that corrosion-control measures were put in place. *See, e.g.*,
*id.* ¶¶ 121, 249, 258-87, PageID.5284-5285, 5323-5324, 5325-5334.

The complaint alleges that State and City officials then failed to take effective
remedial action and instead tried to conceal and misrepresent the scope of the water
crisis, thereby prolonging and exacerbating Plaintiffs' injuries. *See, e.g.*, Compl.
¶¶ 142-59, 162-65, 168-73, PageID.5290-5294, 5295-5296, 5297-5299.  LAN also
was hired to evaluate the problems with the water, but Plaintiffs assert that it "en-
tirely failed to address the hazard of lead associated with the corrosive water." *Id.*
¶ 310, PageID.5339-53340.

Plaintiffs have settled their claims against all defendants other than VNA.  Ac-
cordingly, the upcoming Bellwether III trial will proceed solely against VNA.  One
question that the jury may be required to decide is whether other entities and indi-
viduals breached duties that they owed to class members and, if so, the degree of
fault that should be attributed to those entities and individuals.  VNA has identified
the other named defendants (as well as various other entities and individuals) as non-
parties at fault under Michigan's fair share liability statute.

## LEGAL STANDARD

"[A] party's own statement that is offered against him is 'not hearsay,'" and
such statements "are admissible if they are relevant under Fed. R. Evid. 401 and their

probative value is not substantially outweighed by any prejudicial effect under Fed. R. Evid. 403." *Barnes v. Owens-Corning Fiberglas Corp.*, 201 F.3d 815, 829 (6th Cir. 2000); *see* Fed. R. Evid. 801(d)(2)(A). Evidence is relevant if "it has any tendency to make a fact more or less probable" and if that "fact is of consequence in determining the action." Fed. R. Evid. 401. "Relevant evidence is admissible" unless an exception applies. Fed. R. Evid. 402.

## ARGUMENT

The paragraphs from the complaint identified in Exhibit 2 and highlighted in Exhibit 3 are admissible because they are statements of a party opponent and therefore are not hearsay, and they are both relevant and not substantially more prejudicial than probative.

### A. The Complaint's Factual Statements About Other Previously Named Defendants Are Non-Hearsay Party Admissions

"As a general matter, complaints are admissible under Rule 801(d)(2)(a)" because they are party admissions and not hearsay. *Barnes*, 201 F.3d at 829 (citing *Am. Title Ins. Co. v. Lacelaw Corp.*, 861 F.2d 224 (9th Cir. 1988)). That rule applies squarely here. VNA offers the identified factual statements from the complaint as statements "against an opposing party" (the Plaintiffs who filed the complaint), and the statements were "made by [Plaintiffs] in an individual or representative capacity"—or in the alternative "by the party's agent [Plaintiffs' attorneys] on a matter within the scope of that relationship and while it existed." Fed. R.

4

Evid. 801(d)(2)(A), (D); *see* McCormick on Evidence § 257 (8th ed. 2020) ("[P]leadings shown to have been prepared or filed by counsel employed by the party are prima facie regarded as authorized by the client and are entitled to be received as admissions."). That type of statement categorically "is not hearsay." Fed. R. Evid. 801(d).

The Sixth Circuit has recognized that factual statements in a complaint generally are admissible against the plaintiffs who made them. For example, it reversed a jury verdict in favor of a toxic-tort plaintiff, holding that the district court "erred" in refusing to permit the defendant to cross-examine the plaintiff about allegations in a complaint that the plaintiff had filed against a different entity blaming that entity for the same injury. *See Williams v. Union Carbide Corp.*, 790 F.2d 552, 556 (6th Cir. 1986). As the Sixth Circuit explained, the allegations in the complaint in the prior lawsuit were "party admissions" that were "available as substantive evidence under Federal Rule of Evidence 801(d)(2)." *Id.*

Other courts of appeals agree that statements in complaints are admissible as substantive evidence. *See Dugan v. EMS Helicopters, Inc.*, 915 F.2d 1428, 1435 (10th Cir. 1990) (reversing trial court and holding that complaint should have been admitted as evidence); *Hardy v. Johns-Manville Sales Corp.*, 851 F.2d 742, 745 (5th Cir. 1988) (describing the "well-established rule that factual allegations" in pleadings may be admissible "as evidentiary admissions of that party" because "[t]rial

court pleadings, at least to the extent that they are not hypothetical or in the alternative, generally constitute a statement by the pleader as to the occurrence of certain historical facts in the real world").

District court judges in this Circuit thus routinely admit a party-opponent's pleadings as evidence against that party-opponent. *See, e.g.*, *XL Specialty Ins. Co. v. Commercial Marine Servs., Inc.*, No. 2:16-cv-02125, 2018 WL 7272056, at *5 (W.D. Tenn. Sept. 20, 2018) ("[P]leadings are evidentiary admissions against the party that made them."); *United States v. Myr*, No. 14-20633, 2015 WL 5042321, at *3-4 (E.D. Mich. Aug. 26, 2015) (a complaint's allegations were admissible party-opponent admissions); *Guthrie v. Ball*, No. 11-cv-333, 2014 WL 5089849, at *3 (E.D. Tenn. Oct. 9, 2014) (admitting as evidence allegations in plaintiffs' complaint showing that plaintiff brought product-liability claims against another defendant).

Consistent with this authority, this Court ruled ahead of the class trial that factual statements in the class complaint were "admissible as the statement of a party opponent," and granted VNA's motion *in limine* to admit factual statements about other defendants from the class complaint.  Tr. of Jan. 22, 2024 Hrg. 102: 19-25, 105:3-10, No. 16-10444 ECF No. 2820, PageID.93455, 93458 ("Having the benefit of briefing and time to look at the cases . . . , I have learned from the briefing and from the process that these statements are admissible when they relate to factual allegations that a party has made.").  The Court reached the same conclusion during

6

the Bellwether I trial, although it excluded the complaint's allegations for other reasons.  *See* Tr. of Mar. 31, 2022 Hrg. 1923:12-24, No. 17-10164 ECF No. 791, PageID.49822; Tr. of July 13, 2022 Hrg. 7156:20-21, No. 17-10164 ECF No. 937, PageID.68310.[1]  This Court should admit the factual statements in this complaint as well.

### B.   The Factual Statements In The Complaint About Other Defendants Are Relevant And Are Not Substantially More Prejudicial Than Probative

Because the factual statements in the complaint are non-hearsay party admissions, they are "admissible if they are relevant under Fed. R. Evid. 401 and their probative value is not substantially outweighed by any prejudicial effect under Fed. R. Evid. 403."  *Barnes*, 201 F.3d at 829.  Plaintiffs' factual statements in the complaint about other previously named defendants easily meet those requirements.

The factual statements in the complaint are highly relevant under Rule 401. Plaintiffs' belief that other previously named defendants caused their injuries, and Plaintiffs' representation that their allegations were supported by evidence, "tend[] to make [that] fact more . . . probable than it would be without the evidence"—and,

---

[1]   This rule is limited to instances in which a party's statements are being used against that party.  The allegations about VNA in the complaint therefore are inadmissible against VNA because VNA did not make them.  As the Court explained during the Bellwether I trial, the Bellwether I plaintiffs could not introduce the complaint's allegations against VNA because "the allegations against . . . VNA would be . . . inadmissible hearsay."  Tr. of July 13, 2022 Hrg. 7152:2-3, No. 17-10164, PageID.68306.

conversely, tend to make it "less probable" that VNA bears substantial responsibility for Plaintiffs' alleged injuries. Fed. R. Evid. 401(a). By alleging that other individuals and entities bear substantial responsibility for their injuries, Plaintiffs "certifie[d] that . . . the factual contentions have [or will have] evidentiary support." Fed. R. Civ. P. 11(b); McCormick on Evid. § 257.

The factual statements in Plaintiffs' complaint thus are relevant to support a jury finding that their alleged injuries were caused in whole or in substantial part by the actions of the defendant State and City officials, Rowe, and/or the LAN defendants. Those factual statements "are relevant to causation" and are thus admissible at trial. *Barnes*, 201 F.3d at 829; *see, e.g.*, *Williams*, 790 F.2d at 556 ("[T]he plaintiff's *belief* that the explosion caused his injuries is also probative, not only to support the intervening cause theory but to impeach the plaintiff's accusation against [the current defendant] Union Carbide.").

Beyond the basic element of causation, the complaint's factual statements are relevant to whether any non-parties contributed to causing, exacerbating, or prolonging the water crisis and, if so, to what extent. The chain of events leading to the Flint water crisis started years before the City hired VNA in February 2015 for a short-term assignment related to Flint's public water system, beginning with the decision to join the KWA in 2013. Compl. ¶¶ 98-112, PageID.5279-5282. Further, the defendant State and City officials, state actors over whom VNA had no control,

8

exacerbated and prolonged those problems for many months after VNA's assignment ended. *Id.* ¶¶ 171-208, PageID.5298-5310.

The factual statements in Plaintiffs' complaint that other actors were substantially responsible for the water crisis are plainly relevant to the jury's allocation of fault between those other actors and VNA. Like the Kentucky apportionment statute in *Barnes*, Michigan law requires the trier of fact to determine "[t]he percentage of the total fault of *all persons* that contributed to the . . . injury . . . regardless of whether the person was or could have been named as a party to the action," Mich. Comp Laws Ann. § 600.6304(1) (emphasis added), and directs that "a person shall not be required to pay damages in an amount greater than his or her percentage of fault," *id.* § 600.6304(4); *see id.* § 600.2957(1) ("[T]he liability of each person shall be allocated . . . in direct proportion to the person's percentage of fault."). Thus, the jury must "allocat[e] . . . liability among all persons who contributed to the accrual of a plaintiff's damages." *Lamp v. Reynolds*, 645 N.W.2d 311, 319 (Mich. Ct. App. 2002).

In similar circumstances, other courts have admitted similar factual statements from plaintiffs' complaints. *See Barnes*, 201 F.3d at 829 (holding that complaints alleging that "other defendants were jointly liable" are relevant to causation); *Dugan*, 915 F.2d at 1435 (allegations in complaint asserting that other defendants were liable for plaintiff's injury were "highly relevant to the allocation of fault in this case");

*Guthrie*, 2014 WL 5089849, at *3-4 (holding that plaintiffs' allegations that another entity was liable were relevant, including to the defense of comparative fault); *Leon v. Fedex Ground Package Sys., Inc*., 163 F. Supp. 3d 1050, 1075 (D.N.M. 2016) ("That [plaintiff] previously asserted that Payne and Puckett were also negligent . . . are thus relevant to determine whether Puckett and Payne are partly or wholly responsible for the collision at issue.").

Finally, the admissions in the complaint identified in Exhibits 2 and 3 are "sufficiently probative to survive Rule 403 scrutiny." *Barnes*, 201 F.3d at 829.  In other cases involving exposure to toxic chemicals, the Sixth Circuit has held that "complaint[s] claiming [that] the injuries alleged were caused by a different defendant" were admissible over Rule 403 objections and that excluding such complaints was reversible error.  *Id.*; *Williams*, 790 F.2d at 555-56.  The same analysis applies here, particularly because "Rule 403 is strongly weighted toward admission."  Tr. of Jan. 22, 2024 Hrg. 105:17, No. 16-10444, PageID.93458.

Exhibit 2 explains why each paragraph or portion of a paragraph that VNA seeks to introduce is both relevant and meets the Rule 403 standard because its probative value far outweighs its prejudicial effect.  For instance, as explained in Exhibit 2, Paragraph 95 alleges that, "[o]n March 27, 2013, MDEQ officials, sensing that Kurtz, Wright, Walling, and Dillon were pushing the Governor to approve Flint joining the KWA [which would have meant switching to the Flint River as the City's

10

water source], acknowledged that the decision to switch the water source for Flint was not based on a scientific assessment of the suitability of the Flint River water." Compl. ¶ 95, PageID.5278.  This paragraph is highly probative because VNA intends to show that MDEQ, Kurtz, Mayor Walling, Dillon, and Governor Snyder all bore substantial fault for Plaintiffs' alleged injuries, which will require VNA to prove that those non-parties breached their legal duties.  This paragraph bears directly on those issues, and thus is relevant to VNA's non-party-at-fault case.

In addition, this paragraph is unique evidence of a different nature and quality than evidence that VNA may be able to obtain through witness testimony because it contains admissions made by Plaintiffs themselves about the involvement by MDEQ, Kurtz, Mayor Walling, Dillon, and Governor Snyder in evaluating and making decisions about Flint's water source.  Plaintiffs' own unequivocal, affirmative statement is highly compelling evidence on those issues.  This paragraph illustrates that Plaintiffs themselves placed blame for the Flint water crisis squarely on MDEQ, Kurtz, Mayor Walling, Dillon, and Governor Snyder.

Admission of this paragraph, like the other paragraphs in the complaint, would not be unfairly prejudicial to Plaintiffs.  The Sixth Circuit has made that point clear. It has explained that, because "[t]he hiring of an attorney and the filing of a lawsuit are generally done with considerable thought and care," "[a]bsent unauthorized

conduct on the part of the attorney, there is nothing unfair about having to explain one's . . . lawsuits." *Williams*, 790 F.2d at 556.

Indeed, the circumstances here are just like those in the Sixth Circuit's decision in *Barnes*. That decision arose out of a pair of asbestos-exposure wrongful-death actions. *Barnes*, 201 F.3d at 818. One plaintiff sued 18 manufacturers and distributors of asbestos-containing products, while the other sued 13 manufacturers and distributors. *Id.* Owens-Corning, however, "was the only defendant who appeared at trial to defend, the plaintiffs having settled or dismissed their claims against each of the other defendants." *Id.* The district court allowed "Owens-Corning to introduce into evidence the complaints filed by each plaintiff and read the names of all the original defendants to the jury." *Id.* The district court then instructed the jury to apportion the percentages of fault attributable to the decedents, to Owens-Corning, and to the other defendants named in the plaintiffs' complaint, consistent with Kentucky's fault-apportionment regime. *Id.*

The Sixth Circuit affirmed, reasoning that factual statements in a complaint are party-opponent admissions under Federal Rule of Evidence 801(d)(2)(A) and thus are admissible. *Barnes*, 201 F.3d at 829. And given that the plaintiffs' "complaints admit[ted] the existence of potential claims against the named defendants," they were "relevant to causation and sufficiently probative to survive Rule 403 scrutiny." *Id*.

12

The factual statements in Plaintiffs' complaint thus are not hearsay and are directly relevant to critical issues in the case, and their substantial probative value is not substantially outweighed by any risk of undue prejudice or jury confusion. The statements listed in Exhibit 2 should be admitted into evidence.

### C.   The Reasons Why The Court Barred VNA From Introducing The Complaint In The Bellwether I Trial Do Not Apply Here

This Court precluded VNA from introducing factual statements from the master long-form complaint in the Bellwether I trial. But the Court's reasons for excluding the complaint in Bellwether I do not apply here.

First, the Court stated that the factual statements were cumulative because VNA sought to introduce them only after the jury had heard 41 witnesses and had sat through 22 weeks of trial. *See* Tr. of July 13, 2022 Hrg. 7156:22-24, No. 17-10164 , PageID.68310. Here, VNA is bringing this motion months before trial. Further, as discussed above, a plaintiff's admissions are uniquely probative. For that reason, the complaint's factual statements are not cumulative of any live testimony that the parties may elicit during trial from the defendant State or City officials, Rowe, or the LAN defendants. If anything, the introduction of the factual statements from the complaint may make it possible to call fewer witnesses and to streamline the testimony of the testifying witnesses. At this early stage, concerns about cumulative evidence do not justify barring VNA from introducing the factual statements identified in Exhibit 2.

13

Second, the Court reasoned that admitting the factual statements would waste time because the Court would need briefing at the "11 and 7/8's hour of trial" on whether each statement satisfies the Rule 403 standard. Tr. of July 13, 2022 Hrg. 7157:22-23, No. 17-10164, PageID.68311; *see* Ex. 4, Tr. of July 18, 2022 Hrg. 25:25-26:3, No. 17-10164. Here, in contrast, VNA is filing its motion more than two months before jury selection. Moreover, VNA has explained in Exhibit 2 why each statement identified in that Exhibit is admissible under Rule 403. The Court thus should not need to devote trial time to determining the admissibility of any factual statement in the complaint.

Finally, the Court stated a preference for live testimony. Tr. of July 13, 2022 Hrg. 7159:3-5, No. 17-10164, PageID.68313. But the factual statements in the complaint are evidence that cannot be obtained through live witnesses; they are evidence about whom *Plaintiffs* believe caused the water crisis and hence caused their alleged injuries and are probative for that reason. *See Williams*, 790 F.2d at 556 ("[T]he plaintiff's *belief* that the explosion caused his injuries is also probative . . . ."). Indeed, there is no better source of evidence to show that Plaintiffs agree with VNA that non-parties caused and exacerbated their alleged injuries than Plaintiffs' own statements. In any event, *Barnes* and *Williams* make clear that factual statements in complaints are uniquely probative and that defendants thus generally have every right to introduce them. VNA is not aware of any court that has excluded factual

14

statements from a complaint on the ground that the party seeking to introduce them could use live testimony instead.

## CONCLUSION

The Court should permit VNA to introduce the paragraphs of the complaint identified in Exhibits 2 and 3.

Respectfully submitted,

**CAMPBELL, CONROY & O'NEIL, P.C.**     **MAYER BROWN LLP**

*/s/ James M. Campbell*                                */s/ Michael A. Olsen*
James M. Campbell                                      Michael A. Olsen
Alaina M. Devine                                       71 South Wacker Drive
20 City Square, Suite 300                              Chicago, IL 60606
Boston, MA 02129                                       (312) 7012-7120
(617) 241-3000                                         molsen@mayerbrown.com
jmcampbell@campbell-trial-lawyers.com
adevine@campbell-trial-lawyers.com

*Attorneys for Veolia North America, LLC, Veolia North America, Inc., and*
*Veolia Water North America Operating Services, LLC*

Dated:  July 22, 2024

## CERTIFICATE OF SERVICE

I hereby certify that on July 22, 2024, I electronically filed this document with the Clerk of the Court using the ECF System, which will send notification to the ECF counsel of record.

By:  /s/ *James M. Campbell*