# EXHIBIT 4

```
 1                UNITED STATES DISTRICT COURT
                  EASTERN DISTRICT OF MICHIGAN
 2                      SOUTHERN DIVISION

 3   SHERROD, TEED, VANDERHAGEN and WARE,

 4             Plaintiffs,
        -v-                              Case No. 17-10164
 5
     VNA and LAN,
 6
               Defendants.
 7   _____/

 8                          HEARING

 9

              BEFORE THE HONORABLE JUDITH E. LEVY
10              UNITED STATES DISTRICT JUDGE

11                      JULY 18, 2022

12
     APPEARANCES:
13
     For the            Corey M. Stern
14   Plaintiffs:        Levy Konigsberg, LLP
                        605 Third Avenue, 33rd Floor
15                      New York, New York 10158

16                      Moshe Maimon
                        Levy Konigsberg, LLP
17                      605 Third Avenue, 33rd Floor
                        New York, New York 10158
18
                        Melanie Daly
19                      Levy Konigsberg, LLP
                        605 Third Avenue, 33rd Floor
20                      New York, New York 10158

21

22                      (Appearances Continued on Next Page)

23
     TO OBTAIN A          JESECA C. EDDINGTON, RDR, RMR, CRR, FCRR
24   CERTIFIED              FEDERAL OFFICIAL COURT REPORTER
     TRANSCRIPT:             UNITED STATES DISTRICT COURT
25                             200 EAST LIBERTY STREET
                            ANN ARBOR, MICHIGAN 48104
```

1  words.  To the extent this was deliberate, this was written by
2  these plaintiffs' lawyers deliberately said to the court on
3  which Your Honor gave rulings on which a huge settlement was
4  achieved on behalf of the plaintiffs.
5          Not that that has anything to do with what we're
6  talking about here.  But these were most assuredly deliberate
7  statements and that they were made on behalf of the
8  plaintiffs.  The personal knowledge requirement simply does
9  not apply by rule and by multiple case law.
10          THE COURT:  Thank you.
11          In the First Circuit in 2021, Atlas Glass and Mirror
12  Inc v Tri-North Builders Inc.  The First Circuit said courts
13  have broad discretion to relieve parties from the consequences
14  of judicial admission in appropriate cases.
15          And to the extent I have discretion, I understand --
16  I set forth other reasons in our earlier hearing.  I think it
17  was Wednesday of last week.  But the fact that the complaint
18  in total was listed as an exhibit in the final pretrial order
19  does not come close to informing me that -- of which
20  paragraphs you would want to submit to the jury.
21          And providing this on the eve of finishing the trial
22  to me is just -- I simply exercise my discretion against
23  allowing it to the extent discretion is a factor here.
24          MR. CAMPBELL:  Your Honor, if I can --
25          THE COURT:  Let me just say, it's too much, too late

1  because there is no way for me to responsibly rule on all that
2  you have put before me in the last week before trial and 410
3  pages in one day of this weekend.
4      So go ahead, Mr. Campbell.
5      MR. CAMPBELL: Your Honor, again, with respect to the
6  Atlas case and a reference to judicial admissions and relief
7  from that, I believe what that case concerned is a situation
8  wherein the pleadings wherein a judicial admission was made,
9  it's within the discretion of the Court to reactivate whatever
10 was taken out by that judicial admission, whether it was a
11 defense or a claim.
12     That is entirely 100 percent different than what
13 we're talking about here.  We're talking about admissions by
14 the plaintiff made in an authorized manner in the most formal
15 way, in the most deliberate and the most chosen of *worse way.
16 You simply cannot be more careful with the admissions than in
17 this complaint by these plaintiffs.
18     And in terms of the timing, Your Honor, again I'm
19 literally as a loss as to what we should do.  We identified it
20 as exhibit.  The plaintiffs chose not to file a motion in
21 limine.  Your Honor's previous ruling about the closing, you
22 chastised VNA for not bringing it up earlier than this.
23     The burden is on the plaintiff.  If they had a motion
24 in limine, it was theirs to make.  This complaint was brought
25 up several times before now, including with the testimony of