**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | |
|---|---|
| IN RE: FLINT WATER CASES | Case No. 5:16-cv-10444-JEL-MKM |
| | Hon. Judith E. Levy, District Judge |
| This Document Relates To: | Case No. 5:17-cv-10164-JEL-KGA |
| BELLWETHER III | |

_____

**DEFENDANTS VEOLIA NORTH AMERICA, LLC, VEOLIA NORTH AMERICA, INC., AND VEOLIA WATER NORTH AMERICA OPERATING SERVICES, LLC'S MOTION TO EXCLUDE EVIDENCE ABOUT MOTIVE, INTENT, OR MENTAL STATE AND ABOUT VNA EMPLOYEES' PERSONAL FEELINGS ABOUT THE FLINT WATER CRISIS AND WHAT THEY WOULD HAVE DONE DIFFERENTLY IN HINDSIGHT**

Defendants Veolia North America, LLC, Veolia North America, Inc., and Veolia Water North America Operating Services, LLC (VNA) move to exclude evidence about (1) the motive, intent, or mental state of VNA employees or VNA itself; and (2) VNA employees' personal feelings about the water crisis and their current beliefs about what they would have done differently in hindsight.

This evidence should be excluded because it is irrelevant to Plaintiffs' professional-negligence claim. And even if this evidence had some tangential relevance, it should be excluded because its probative value would be substantially outweighed by the danger of unfair prejudice and jury confusion. Further, if Plaintiffs attempt to elicit testimony about VNA's motive, intent, or mental state

1

from experts, it should be excluded as speculative, outside the witnesses' areas of expertise, and unhelpful to the jury.

Before the first bellwether trial, and again before the class trial, the Court denied VNA's motions to exclude evidence about VNA's motive, opportunity, or mental state and VNA's motions to exclude evidence about VNA employees' current beliefs about what they would have done differently in hindsight. The Court granted VNA's motions to exclude evidence of VNA employees' personal feelings about the Flint water crisis. In the accompanying brief, VNA explains why the Court should not adhere to its prior rulings, except those excluding evidence of VNA's employees' personal feelings.

As Local Rule 7.1(a) requires, VNA conferred with Plaintiffs' counsel about this motion. After VNA explained the nature and basis for the motion, Plaintiffs' counsel stated that Plaintiffs would oppose it.

Respectfully submitted,

**CAMPBELL, CONROY & O'NEIL, P.C.**   **MAYER BROWN LLP**

*/s/ James M. Campbell*              */s/ Michael A. Olsen*
James M. Campbell                   Michael A. Olsen
Alaina M. Devine                     71 South Wacker Drive
20 City Square, Suite 300            Chicago, IL 60606
Boston, MA 02129                 (312) 7012-7120
(617) 241-3000                   molsen@mayerbrown.com
jmcampbell@campbell-trial-lawyers.com
adevine@campbell-trial-lawyers.com

*Attorneys for Veolia Water North America Operating
Services, LLC Veolia North America, LLC, and Veolia North
America, Inc.*

Dated:  July 22, 2024

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| IN RE: FLINT WATER CASES | Case No. 5:16-cv-10444-JEL-MKM<br>Hon. Judith E. Levy, District Judge |
| This Document Relates To:<br>BELLWETHER III | Case No. 5:17-cv-10164-JEL-KGA |

---

## DEFENDANTS VEOLIA NORTH AMERICA, LLC, VEOLIA NORTH AMERICA, INC., AND VEOLIA WATER NORTH AMERICA OPERATING SERVICES, LLC'S BRIEF IN SUPPORT OF THEIR MOTION TO EXCLUDE EVIDENCE ABOUT MOTIVE, INTENT, OR MENTAL STATE AND ABOUT VNA EMPLOYEES' PERSONAL FEELINGS ABOUT THE FLINT WATER CRISIS AND WHAT THEY WOULD HAVE DONE DIFFERENTLY IN HINDSIGHT

## STATEMENT OF ISSUES PRESENTED

1.    Should the Court exclude under Federal Rule of Evidence 402 evidence about the motive, intent, or mental state of VNA employees or VNA itself because that evidence is irrelevant?

       **VNA answers:**  "Yes."

       **Plaintiffs answer:**  "No."

2.    Should the Court exclude under Federal Rule of Evidence 403 evidence about the motive, intent, or mental state of VNA employees or VNA itself because any probative value that evidence may have would be substantially outweighed by the likelihood that its admission will result in unfair prejudice and jury confusion?

       **VNA answers:**  "Yes."

       **Plaintiffs answer:**  "No."

3.    Should the Court exclude under Federal Rule of Evidence 702 testimony from Plaintiffs' experts about the motive, intent, or mental state of other individuals because it is speculative, is not an appropriate subject of expert testimony, and would be unhelpful to the jury?

       **VNA answers:**  "Yes."

       **Plaintiffs answer:**  "No."

4.    Should the Court exclude under Federal Rule of Evidence 402 evidence about VNA employees' personal feelings about the water crisis and their current beliefs about what, in hindsight, they would have done differently, because that evidence is irrelevant?

      **VNA answers:**  "Yes."

      **Plaintiffs answer:**  "No."

5.    Should the Court exclude under Federal Rule of Evidence 403 evidence about VNA employees' personal feelings about the water crisis and their current beliefs about what they would have done differently in hindsight, because any probative value of that evidence is substantially outweighed by the likelihood of unfair prejudice and jury confusion?

      **VNA answers:**  "Yes."

      **Plaintiffs answer:**  "No."

## CONTROLLING OR MOST APPROPRIATE AUTHORITIES

Fed. R. Evid. 401

Fed. R. Evid. 402

Fed. R. Evid. 403

Fed. R. Evid. 702

# TABLE OF CONTENTS

**Page**

INTRODUCTION ....................................................................................1

BACKGROUND .....................................................................................1

LEGAL STANDARD..............................................................................3

ARGUMENT ..........................................................................................4

I.   Evidence About The Motive, Intent, Or Mental State Of VNA's Employees
     Or VNA Itself Is Inadmissible..........................................................4

     A.   Evidence About The Motive, Intent, Or Mental State Of VNA's
          Employees Or VNA Itself Is Irrelevant....................................5

     B.   Evidence About The Motive, Intent, Or Mental State Of VNA's
          Employees Or VNA Itself Is Inadmissible Under Rule 403 ...................7

     C.   Testimony From Plaintiffs' Experts About The Motive, Intent, Or
          Mental State Of Another Person Is Inadmissible Under Rule 702...........8

II.  Evidence About VNA Employees' Personal Feelings And What They
     Would Have Done Differently In Hindsight Is Inadmissible.......................11

     A.   Evidence About VNA Employees' Personal Feelings And What
          They Would Have Done Differently In Hindsight Is Irrelevant ...........11

     B.   Evidence About VNA Employees' Personal Feelings And What
          They Would Have Done Differently In Hindsight Is Inadmissible
          Under Rule 403 .................................................................15

CONCLUSION.......................................................................................16

# INTRODUCTION

VNA expects that Plaintiffs will ask VNA witnesses about the motive, intent, or mental state of VNA employees or VNA itself.  Specifically, VNA expects that Plaintiffs will seek to elicit testimony from VNA witnesses that VNA pursued and performed work for the City of Flint with the hope of obtaining a larger and more lucrative contract, and then will use this evidence to suggest that VNA departed from the standard of care because it was blinded by a profit motive.  VNA also expects that Plaintiffs will ask VNA witnesses about their personal feelings about the water crisis and what, in hindsight, they would have done differently in Flint.

All of this evidence should be excluded because it is irrelevant to Plaintiffs' professional-negligence claim.  And even if this evidence had some tangential relevance, it should be excluded because its probative value would be substantially outweighed by the danger of unfair prejudice and jury confusion.  Further, if Plaintiffs attempt to elicit testimony about VNA's motive, intent, or mental state from experts, such testimony should be excluded as speculative, outside the witnesses' areas of expertise, and unhelpful to the jury.

# BACKGROUND

VNA anticipates that Plaintiffs will argue at trial that VNA and its employees were motivated by pecuniary gain when they sought out and performed work for the City of Flint.  *See, e.g.*, Report of Dr. Larry L. Russell 38, ECF No. 2987-2,

PageID.101185 (reviewing deposition testimony of VNA witnesses and asserting that VNA "viewed [its] work in Flint as a gateway to a much larger project" and that "[m]embers of [VNA's] business development team clearly viewed the contract as a means to achieve much larger contracts for services in Flint").   VNA also anticipates that Plaintiffs intend to elicit testimony at trial regarding whether VNA employees feel regret or remorse for the water crisis and what they would have done differently with the benefit of hindsight.  *See, e.g.*, Ex. 2, Fahey Dep. 597:3-6 (Q:  "So if Veolia could do it all again, you had a chance to do this work for the City of Flint again, is there anything at all that Veolia would do differently?"); Ex. 3, Chen. Dep. 265:24-266:4 (Q:  "And I don't want to get too personal with you, but on a personal level, do you have any regrets about things you did or didn't do that you could have done as part of your role in this project?").

Before the first bellwether trial, the Court denied VNA's motion to exclude evidence of motive, intent, or mental state, reasoning that the evidence may be relevant to whether VNA warned the City of Flint to adopt corrosion controls.  Tr. of Jan. 19, 2022 Hrg. 68:18-69:14, No. 17-cv-10164 ECF No. 646, PageID.43415-43416.  VNA moved to exclude the same evidence in advance of the class trial, which the Court likewise declined to do.  Tr. of Jan. 22, 2024 Hrg. 125:20-126:23, ECF No. 2820, PageID.93478-93479.

Additionally, before the first bellwether trial, the Court granted in part and denied in part VNA's motion *in limine* to exclude testimony about personal beliefs and hindsight testimony. Opinion and Order 1-3, No. 17-cv-10164 ECF No. 658, PageID.43585-43587. The Court agreed that "testimony regarding employees' personal feelings or emotional responses to the Flint Water Crisis" was not relevant. *Id.* at 3, PageID.43587. However, the Court ruled that VNA employees' beliefs that VNA could have acted differently while working for the City of Flint were admissible because those beliefs were probative of whether mistakes occurred. *Id.* VNA filed a similar motion in advance of the class trial, and the Court adhered to its ruling from the first bellwether trial. Tr. of Jan. 23, 2024 Hrg. 54:3-64:5, ECF No. 2822, PageID.93649-93659.

VNA respectfully submits that the Court's earlier rulings denying VNA's motions were incorrect and the Court should not adopt those rulings in this case. Evidence about the motive, intent, and mental state of VNA or its employees and about whether VNA employees would have done anything differently in hindsight is irrelevant and otherwise inadmissible.

## LEGAL STANDARD

"Irrelevant evidence is not admissible." Fed. R. Evid. 402. Evidence is relevant only if "it has any tendency to make a fact more or less probable" and if that "fact is of consequence in determining the action." Fed. R. Evid. 401. Thus,

evidence is relevant, and therefore admissible, only "if it is probative of one of the elements of [the action]."  *United States v. Benchick*, No. 13-cv-20453, 2015 WL 3464091, at \*1 (E.D. Mich. June 1, 2015); *see, e.g.*, *United States v. Hathaway*, 798 F.2d 902, 908 (6th Cir. 1986) (applying Rule 401 by comparing the evidence to each element of the offense).

Even relevant evidence should be excluded "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."  Fed. R. Evid. 403.

A qualified expert may provide opinion testimony only if "the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue."  Fed. R. Evid. 702(a). Expert testimony must also be "based on sufficient facts or data," must be "the product of reliable principles and methods," and must be the result of the expert "reliably appl[ying] . . . the principles and methods to the facts of the case."  Fed. R. Evid. 702(b)-(d).

## ARGUMENT

### I.    Evidence About The Motive, Intent, Or Mental State Of VNA's Employees Or VNA Itself Is Inadmissible

Evidence about the motive, intent, or mental state of VNA's employees or VNA itself is inadmissible because it is irrelevant and because any limited probative

4

value it may have is far outweighed by the significant risks of unfair prejudice and jury confusion. Moreover, testimony from Plaintiffs' experts on this topic would be speculative, irrelevant, and highly prejudicial.

### A. Evidence About The Motive, Intent, Or Mental State Of VNA's Employees Or VNA Itself Is Irrelevant

Plaintiffs' sole claim against VNA is for professional negligence. To prove that claim, Plaintiffs must prove the following elements: that VNA owed a duty of care to Plaintiffs; that VNA breached that duty; and that VNA's breach of the duty proximately caused injury to Plaintiffs. *See, e.g.*, *In re NM Holdings Co.*, 622 F.3d 613, 618 (6th Cir. 2010). Evidence about the mental state of VNA employees is not "probative of [any] of the elements" of Plaintiffs' professional-negligence claim against VNA, *Benchick*, 2015 WL 3464091, at *1, because it does not make it "more or less probable" that VNA owed or breached a duty, or that any breach caused Plaintiffs' alleged injuries, Fed. R. Evid. 401.

Under Michigan law, professionals are held to an objective standard. *Cox ex rel. Cox v. Bd. of Hosp. Managers for City of Flint*, 467 Mich. 1, 21 (2002). Because the standard is based on an objective assessment of how an average reasonable professional would behave, the motive, intent, or mental state of VNA's employees has no bearing on whether VNA's conduct met the standard of care.

In advance of the first bellwether trial, the Court concluded that evidence of the motive, intent, or mental state of VNA's employees is relevant to whether VNA

warned the City of Flint about the need for corrosion control, reasoning that, "if there's testimony that VNA had a motive not to warn the city about corrosion control, that would be evidence that could make it more likely than not that [VNA] did not warn. . . . [I]f there's a motive not to warn, that could make it more probable and meet the relevancy standard that [VNA] did not warn." Tr. of Jan. 19, 2022 Hrg. 68:18-69:15, No. 17-cv-10164 ECF No. 646, PageID.43415-16.[1]   That reasoning appears to rest on the assumption that VNA intended to have its witnesses testify at trial that VNA warned the City of Flint, and that testimony would be undermined if those employees had a motive not to warn.

But VNA does not intend to demonstrate that it warned the City of Flint by asking the jury to rely only on the say-so of VNA witnesses.  Rather, VNA will present documentary evidence that shows that VNA provided those warnings to the City.  *See* VNA Final Report 10, ECF No. 1369-22, PageID.45824 (recommending "discussions with the State on the addition of a corrosion control chemical"); Feb. 24, 2015, Email from Robert Bincsik, ECF No. 1369-25, PageID.45870 ("Marvin from Veolia mentioned to me [that] he thought we needed to add phosphate to our water to help prevent this [*i.e.*, 'lead issues']").  Evidence of the motives of VNA or its employees cannot make it "more or less probable" that VNA warned the City of

---

[1] The Court did not specifically address this corrosion-control argument in the context of the class case.  *See* Tr. of Jan. 22, 2024 Hrg. 125:20-126:23, ECF No. 2820, PageID.93478-93479.

Flint when the fact that VNA warned the City is clearly reflected in writing.  *See* Fed. R. Evid. 401; *see also Sprint/United Mgmt. Co. v. Mendelsohn*, 552 U.S. 379, 387 (2008) ("Relevance . . . [is] determined in the context of the facts and arguments in a particular case.").  Given the facts and arguments in this case, the evidence is irrelevant and inadmissible.

### B.  Evidence About The Motive, Intent, Or Mental State Of VNA's Employees Or VNA Itself Is Inadmissible Under Rule 403

Evidence about the motive, intent, or mental state of VNA employees or VNA itself also is inadmissible under Rule 403 because it would "distract the jury from the real issues" at trial, *Design Basics, LLC v. Forrester Wehrle Homes, Inc.*, 380 F. Supp. 3d 692, 710 (N.D. Ohio 2019), and invite the jury to render a "decision on an improper basis," *Paschal v. Flagstar Bank, FSB*, 295 F.3d 565, 579 (6th Cir. 2002). Admitting evidence about the motive, intent, or mental state of VNA employees would create a risk that the jury will find VNA liable because it disapproves of the ostensible motivations of individual VNA employees even though the water-engineering services that VNA provided to the City demonstrated "the degree of diligence and skill which is ordinarily possessed by the average members of the profession in similar localities."  *Cox*, 467 Mich. at 21.

And even if this evidence has some relevance to the question whether VNA warned the City of Flint about the need for corrosion controls, it should be excluded under Rule 403 because it risks "inflam[ing]" and "confus[ing] the jury.  *Stern v.*

7

*Shouldice*, 706 F.2d 742, 750 (6th Cir. 1983).  Admission of this evidence could create the prejudicial impression that VNA's performance of its engagement was motivated solely by the goal of maximizing profits, which jurors may think is unseemly.  There is therefore a substantial risk that this evidence could inflame the passions of the jury and lead it to render a verdict based not on the evidence but instead on animus towards VNA, its motives, and its business practices.  And this evidence would invariably risk confusing the jury by inviting it to focus on VNA's motives for making certain decisions, rather than on whether VNA's actual conduct fell below the objective standard of care.  Because this evidence has minimal, if any, probative value and creates a substantial risk of unfair prejudice and jury confusion, it should be excluded under Rule 403.

### C.    Testimony From Plaintiffs' Experts About The Motive, Intent, Or Mental State Of Another Person Is Inadmissible Under Rule 702

In his expert report, Plaintiffs' standard-of-care expert Dr. Larry Russell opined on the motive, intent, and mental state of VNA employees and of VNA. Report of Dr. Larry L. Russell 38, ECF No. 2987-2, PageID.101185.  In particular, he stated that "[m]embers of the Veolia's business development team clearly viewed the contract as a means to achieve much larger contracts for services in Flint. . . .  In short, [VNA] wholly and intentionally mislead the public, and violated their ethical obligation to serve the public first before their profits."  *Id.*  Testimony from any of

8

Plaintiffs' experts on this topic, including from Dr. Russell, is inadmissible because it falls outside the scope of allowable expert testimony.

It is an "inarguable position" that experts may not testify about the defendant's "intent, motive or state of mind." *Visteon Glob. Techs., Inc. v. Garmin Int'l, Inc.*, No. 10-cv-10578, 2016 WL 4396085, at *4-5 (E.D. Mich. Aug. 18, 2016). "Experts may testify to the facts underlying the issues of intent or motive but may not go the next step to infer for the jury or the Court that those facts demonstrate a certain intent, motive or state of mind." *Id.* at *4. Accordingly, Plaintiffs' experts should not be permitted to testify about the internal thought processes or states of mind of VNA or its employees.

Indeed, this Court struck opinions like that when they were offered by Class Plaintiffs' expert Dr. Gardoni: "I will strike one of his conclusions which is that VNA failed to disclose that it believed that lead was currently being released because VNA understood that releasing this information publicly would compromise its opportunity to be awarded a lucrative long-term operating contract. . . . So I think that's something that is speculation and would need to be proved based on the facts aside from an expert's opinion about that." Tr. of May 19, 2021 Hrg. 82:22-83:8, ECF No. 1785, PageID.63786-63787. Moreover, when resolving the motion *in limine* on this issue in advance of the first bellwether trial, the Court explained that "plaintiffs' experts can't testify about the motives of VNA" because "the intention

9

of the parties is not an issue for expert testimony."  Tr. of Jan. 19, 2022 Hrg.

58:23-59:2, No. 17-cv-10164 ECF No. 646, PageID.43405-43406.  Because this

Court has recognized that the motive, intent, or mental state of VNA or its employees

is not an appropriate subject of expert testimony, it should preclude Plaintiffs'

experts from opining on these issues at trial.

Additionally, determining whether the evidence in the record supports an

inference about someone's mental state is squarely within the purview of the jury.

As the Sixth Circuit has explained, "[t]he intent of the parties is an issue within the

competence of the jury and expert opinion testimony will not assist the jury, within

the meaning of Federal Rule of Evidence 702, in determining the factual issue of

intent."  *CMI-Trading, Inc. v. Quantum Air, Inc.*, 98 F.3d 887, 890 (6th Cir. 1996),

*abrogated on other grounds by Morales v. Am. Honda Motor Co.*, 151 F.3d 500 (6th

Cir. 1998); *see also, e.g.*, *Hunt v. Hadden*, 127 F. Supp. 3d 780, 788 (E.D. Mich.

2015) (similar).

In short, testimony from Plaintiffs' expert witnesses speculating about VNA's

motive, intent, or mental state would not assist the jury in deciding any material issue

in the case, but would simply be advocacy dressed up as expert opinion.  It therefore

should be excluded.

## II.   Evidence About VNA Employees' Personal Feelings And What They Would Have Done Differently In Hindsight Is Inadmissible

Evidence about VNA employees' personal feelings about the water crisis and their current beliefs about what they would have done differently in hindsight is inadmissible because it is irrelevant and because any limited probative value it may have is far outweighed by the significant risks of unfair prejudice and jury confusion.

### A.   Evidence About VNA Employees' Personal Feelings And What They Would Have Done Differently In Hindsight Is Irrelevant

Evidence of VNA employees' personal feelings about the water crisis and of their current beliefs about what they would have done differently in Flint with the benefit of hindsight is not probative of any element of Plaintiffs' professional-negligence claim.   Specifically, it is irrelevant to whether VNA breached a duty of care, which is an objective standard under Michigan law.  *See Cox*, 467 Mich. at 21.  The Court agreed previously that VNA employees' personal feelings about a possible breach of a standard of care is irrelevant because it does not bear on an objective standard.  Opinion and Order 1-3, No. 17-cv-10164 ECF No. 658, PageID.43585-43587 (first bellwether case); Tr. of Jan. 23, 2024, Hrg. 60:13-15, ECF No. 2822, PageID.93655 (class case).  This still remains true.

Because the legal standard is based on how a reasonable professional would behave, a defendant's after-the-fact emotional response—such as a feeling of regret or remorse—has no bearing on whether the defendant's conduct met the standard of

11

care at the time of the relevant conduct. These after-the-fact feelings do not bear on the standard of care at the time because the employees have new information since the Flint crisis occurred and the employees' responses are purely emotional. The information that provokes these emotional responses was not available during the relevant time (February to March 2015) when VNA was working (or engaged) in Flint.

VNA employees' beliefs that VNA could have acted differently are not admissible for the same reason. Those beliefs are not evidence that VNA deviated from the standard of care, which turns on what an engineer of ordinary learning, judgment, and skill in Flint or a similar community would or would not have done. Instead, they were elicited in response to open-ended questions that did not refer to this "ordinary learning" standard. *See, e.g.*, Ex. 2, Fahey Dep. 597:3-6 (Q: "So if Veolia could do it all again, you had a chance to do this work for the City of Flint again, is there anything at all that Veolia would do differently?"). In answering these questions, the VNA employees may well have applied a standard of perfection or, at least, the high standard that VNA sets for its own engineers. As anyone who watches competition reality shows knows, in the heat of the moment contestants often admit to mistakes that they *think* they made—only to have the expert panel tell them that they judged themselves too harshly. Because the employees' testimony is not tied

12

to the pertinent standard of care, it does not make any fact that Plaintiffs must prove more probable and therefore is irrelevant.

The Court previously concluded that evidence that VNA's employees thought that mistakes were made was probative of whether mistakes in fact were made. Opinion and Order 2, No. 17-cv-10164 ECF No. 658, PageID.43586 (first bellwether case); Tr. of Jan. 23, 2024 Hrg. 59:7-21, ECF No. 2822, PageID.93654 (class case). But whether, in hindsight, VNA could have made a different choice does not show that a choice that VNA made was negligent or fell below the applicable standard of care. It is well established that a person is not negligent when he or she "chooses one reasonable, non-negligent course of action over another reasonable, non-negligent course of action that would have resulted in a more favorable outcome when viewed in hindsight." *White v. Taylor Distrib. Co.*, 275 Mich. App. 615, 623 (2007); *see Trenkamp v. Keyser*, No. 342479, 2019 WL 3000918, at *8 (Mich. Ct. App. July 9, 2019) (in car-accident case, driver's decision to hit oncoming car rather than concrete abutments was not negligent, even if, in hindsight, a different choice was preferable).

The rule that hindsight does not establish negligence applies to professional-negligence cases. Indeed, this Court recognized as much in the jury instructions in the first bellwether trial. Jury Instructions, No. 17-cv-10164 ECF No. 893, PageID.54392, 54413. The Court instructed the jury that, "[f]or purposes of this

case, the standard of care is what a water engineer of ordinary learning, judgment, or skill in the Flint community or a similar one *during the relevant time, 2013-2015,* would do, or would not do, under the same or similar circumstances *during the relevant time* you find to exist in this case." *Id.* (emphases added). That instruction was well-supported in Michigan law.

For example, in *Edwards v. Tummala*, No. 222223, 2001 WL 1512041 (Mich. Ct. App. Nov. 27, 2001), the plaintiff argued that his doctor negligently failed to recognize that a chest x-ray indicated the early stages of a tumor, and as proof pointed to an x-ray taken several years earlier—which the defendant did not have at the time he treated the plaintiff, and which, in comparison, made the tumor's presence in the later x-ray more obvious. *Id.* at *2-3. The Court of Appeals upheld the trial court's exclusion of the earlier x-ray, because "the issue with respect to professional negligence was not whether defendant's interpretation of the [later] films was in hindsight factually correct, particularly when viewed in comparison with the [earlier] films, but rather whether his interpretation comported with the standard of care owed by a reasonably prudent radiologist." *Id.* at *3.[2]

---

[2]   Other States also consistently reject the use of hindsight to evaluate conduct. *See, e.g.*, *Zebley v. Heartland Indus. of Dawson, Inc.*, 625 F.3d 449, 457 (8th Cir. 2010) (North Dakota); *Klisch v. Meritcare Med. Grp., Inc.*, 134 F.3d 1356, 1359 (8th Cir. 1998) (Minnesota); *Zaccone v. Am. Red Cross*, 872 F. Supp. 457, 461 (N.D. Ohio 1994) (Ohio).

Thus, evidence about what, after the fact, VNA's employees felt about the water crisis and whether, in hindsight, they believe that they might have done things differently is inadmissible under Rule 402.

**B.   Evidence About VNA Employees' Personal Feelings And What They Would Have Done Differently In Hindsight Is Inadmissible Under Rule 403**

Evidence of VNA employees' personal feelings about the water crisis and of their current beliefs about what they would have done differently in Flint with the benefit of hindsight also is inadmissible under Rule 403.

Testimony about VNA employees' personal feelings about the water crisis or their current beliefs about what they might have done differently in hindsight could cause the jury to become confused and apply the wrong legal standard to hold VNA liable.  For instance, the jury could hold VNA liable for failing to act in early 2015 as someone thinks it would act now with the benefit of hindsight.

The evidence also could inflame the jury against VNA, by causing the jury to focus on the post-hoc emotional responses of individual employees, rather than the reasonableness of the actions that VNA took during its engagement with the City in light of the information available to VNA during that engagement.  Indeed, asking VNA employees about their personal feelings about the water crisis would prejudice VNA regardless of how the witnesses respond.  If they deny feeling remorse or regret for the water crisis, the jury may unfairly see them as cold or unfeeling.  If they do

acknowledge feeling remorse, the jury may take that as an admission of fault.  Either way, the response could cause the jury to find VNA liable on an impermissible basis.

Accordingly, even if this evidence had some minimal relevance, its probative value would be substantially outweighed by the danger that it would confuse and mislead the jury and unfairly prejudice VNA.  It thus should be excluded under Rule 403.

## CONCLUSION

The Court should exclude all evidence about the motive, intent, or mental state of VNA's employees or VNA itself.  The Court also should exclude all evidence about VNA employees' personal feelings about the water crisis and their current beliefs about what they would have done differently in Flint with the benefit of hindsight.

Respectfully submitted,

**CAMPBELL, CONROY & O'NEIL, P.C.**   **MAYER BROWN LLP**

*/s/ James M. Campbell*                       */s/ Michael A. Olsen*
James M. Campbell                        Michael A. Olsen
Alaina M. Devine                         71 South Wacker Drive
20 City Square, Suite 300                Chicago, IL 60606
Boston, MA 02129                         (312) 7012-7120
(617) 241-3000                           molsen@mayerbrown.com
jmcampbell@campbell-trial-lawyers.com
adevine@campbell-trial-lawyers.com

*Attorneys for Veolia Water North America Operating*
*Services, LLC Veolia North America, LLC, and Veolia North*
*America, Inc.*

Dated:  July 22, 2024

17

## CERTIFICATE OF SERVICE

I hereby certify that on July 22, 2024, I electronically filed this document with the Clerk of the Court using the ECF System, which will send notification to the ECF counsel of record.

By:   /s/ *James M. Campbell*