**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

| | |
|---|---|
| IN RE FLINT WATER LITIGATION | Case No. 5:16-cv-10444-JEL-MKM<br>Hon. Judith E. Levy |
| This Document Relates To:<br>BELLWETHER III | Case No. 5:17-cv-10164-JEL-KGA |

_____

**DEFENDANTS VEOLIA NORTH AMERICA, LLC, VEOLIA NORTH
AMERICA, INC., AND VEOLIA WATER NORTH AMERICA
OPERATING SERVICES, LLC'S MOTION TO EXCLUDE EVIDENCE
ABOUT CLAIMS AND LAWSUITS THAT DO NOT INVOLVE THE
FLINT WATER CRISIS**

Defendants Veolia North America, LLC, Veolia North America, Inc., and

Veolia Water North America Operating Services, LLC (VNA) move to exclude

evidence relating to claims and lawsuits against VNA that do not involve the Flint

water crisis. The Court excluded that evidence in the Bellwether I trial and should

do so again here: the evidence is the type of prior-act character evidence that is

expressly prohibited by Federal Rule of Evidence 404; the evidence is irrelevant

because it does not make any fact relevant to VNA's alleged liability more or less

probable; and any minimal relevance would be greatly outweighed by the risk of

causing undue prejudice to VNA and of confusing the jury and wasting time.

1

As Local Rule 7.1(a) requires, VNA conferred with Plaintiffs' counsel about this motion.  After VNA explained the nature and basis for the motion, Plaintiffs' counsel said that they would oppose it.

Respectfully submitted,

**CAMPBELL, CONROY & O'NEIL P.C.**

By: /s/ *James M. Campbell*
James M. Campbell
Alaina N. Devine
20 City Square, Suite 300
Boston, MA 02129
(617) 241-3000
jmcampbell@campbell-trial-lawyers.com
adevine@campbell-trial-lawyers.com

**MAYER BROWN LLP**

By: /s/ *Michael A. Olsen*
Michael A. Olsen
71 South Wacker Drive
Chicago, IL 60606
(312) 701-7120
molsen@mayerbrown.com

*Attorneys for Veolia North America, LLC, Veolia North America, Inc., and Veolia Water North America Operating Services, LLC*

Dated:  July 22, 2024

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | |
|---|---|
| IN RE FLINT WATER LITIGATION | Case No. 5:16-cv-10444-JEL-MKM |
| | Hon. Judith E. Levy |
| This Document Relates To: | |
| BELLWETHER III | Case No. 5:17-cv-10164-JEL-KGA |

_____

## DEFENDANTS VEOLIA NORTH AMERICA, LLC, VEOLIA NORTH AMERICA, INC., AND VEOLIA WATER NORTH AMERICA OPERATING SERVICES, LLC'S BRIEF IN SUPPORT OF THEIR MOTION TO EXCLUDE EVIDENCE ABOUT CLAIMS AND LAWSUITS THAT DO NOT INVOLVE THE FLINT WATER CRISIS

## STATEMENT OF THE ISSUES PRESENTED

1. Should the Court exclude under Federal Rule of Evidence 404 evidence about claims and lawsuits against VNA that do not involve the Flint water crisis because the evidence would be used as impermissible character evidence?

   **VNA answers:** "Yes."

   **Plaintiffs answer:** "No."

2. Should the Court exclude under Federal Rule of Evidence 402 evidence about claims and lawsuits against VNA that do not involve the Flint water crisis because such claims and lawsuits are irrelevant?

   **VNA answers:** "Yes."

   **Plaintiffs answer:** "No."

3. Should the Court exclude under Federal Rule of Evidence 403 evidence about claims and lawsuits against VNA that do not involve the Flint water crisis because any probative value that such claims and lawsuits may have would be substantially outweighed by the likelihood that their admission would result in unfair prejudice, confuse the jury, and waste time?

   **VNA answers:** "Yes."

   **Plaintiffs answer:** "No."

## CONTROLLING OR MOST APPROPRIATE AUTHORITIES

*Aetna, Inc. v. Blue Cross Blue Shield of Mich.*, No. 11-cv-15346, 2015 WL 1646464 (E.D. Mich. Apr. 14, 2015)

*Garren v. CVS RX Servs., Inc.*, No. 17-cv-149, 2021 WL 781677 (E.D. Tenn. Mar. 1, 2021)

*McLeod v. Parsons Corp.*, 73 F. App'x 846 (6th Cir. 2003)

*Ross v. Am. Red Cross*, No. 09-cv-905, 2012 WL 2004810 (S.D. Ohio June 5, 2012)

Fed. R. Evid. 401

Fed. R. Evid. 402

Fed. R. Evid. 403

Fed. R. Evid. 404

## INTRODUCTION

VNA moves to exclude evidence of claims and lawsuits against VNA regarding water-engineering services that it has provided under different contracts in other cities.  The evidence should be excluded as impermissible character evidence under Rule 404.  The evidence also should be excluded because it is not relevant to Plaintiffs' claim of professional negligence.  And the evidence should be excluded under Rule 403, because its admission would be substantially more prejudicial than probative, would require a series of mini-trials related to VNA's work in other cities, and would carry a high risk of confusing the jury into believing that VNA must be liable for the Flint water crisis because it has been sued elsewhere.

In Bellwether I, this Court precluded any evidence about other lawsuits filed against VNA under Federal Rule of Evidence 404(b).  Applying the four-part test set out in *McLeod v. Parsons Corp.*, 73 F. App'x 846 (6th Cir. 2003), the Court reaffirmed "the basic rule that prior act evidence is inadmissible," Opinion & Order 3, ECF No. 655, PageID.43572-43575.  The Court should adhere to that ruling in this case, and exclude evidence about claims or lawsuits against VNA that do not involve the Flint water crisis at the Bellwether III trial.

## LEGAL STANDARD

Evidence of prior acts "is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the

1

character." Fed. R. Evid. 404(b)(1). Evidence of prior acts "may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2).

"Irrelevant evidence is not admissible." Fed. R. Evid. 402. Evidence is relevant only if "it has any tendency to make a fact more or less probable" and if that "fact is of consequence in determining the action." Fed. R. Evid. 401. Thus, evidence is relevant (and so admissible) only "if it is probative of one of the elements of the [action]." *United States v. Benchick*, No. 13-cv-20453, 2015 WL 3464091, at *1 (E.D. Mich. June 1, 2015); *see, e.g.*, *United States v. Hathaway*, 798 F.2d 902, 908 (6th Cir. 1986) (applying Rule 401 by comparing the evidence to each element of the offense).

Even relevant evidence should be excluded "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

## ARGUMENT

### I.   Evidence About Other Claims and Lawsuits Against VNA Is Inadmissible Under Rule 404

Evidence about claims and lawsuits against VNA that do not involve the Flint water crisis should be excluded pursuant to Rule 404(b).

In this Circuit, courts apply a four-part test to determine whether evidence of prior acts is admissible.  First, "the evidence must be directed toward establishing something other than a party's propensity to commit the act charged," *i.e.*, it cannot be character evidence; second, "the other act must be similar enough and close enough in time to be relevant to the matter at issue"; third, "the evidence must be such that the jury could find that the act occurred and that the party in question committed it"; and fourth, "the prejudicial effect of the evidence must not clearly outweigh its probative value." *McLeod*, 73 F. App'x at 854.

Evidence about lawsuits that do not involve the Flint water crisis fails at the first step.  The only purpose of that evidence would be to show VNA's propensity to commit the types of acts alleged here, but that is not a permissible purpose. VNA's alleged conduct in other cities, during a different time period, performing work pursuant to different contracts, that involved different requirements and deliverables, is too far removed from the subject of this lawsuit—VNA's performance under its engagement with Flint—to be relevant in this litigation.

Nor does evidence of prior claims and lawsuits against VNA fall within the other permissible purposes as set forth in Rule 404(b)(2).  A party may introduce evidence of prior acts in order to "prov[e] motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2).  VNA's conduct elsewhere does not tend to show any of these things.

3

Indeed, these permissible uses are not relevant in an action for professional negligence. Rather, the only purpose of introducing such evidence would be to suggest to the jury that, because VNA has been accused of falling below the standard of care elsewhere, it must have fallen below the standard of care in Flint as well. Use of the evidence for that purpose plainly is prohibited by Rule 404. *See, e.g.*, *Garren v. CVS RX Servs., Inc.*, No. 17-cv-149, 2021 WL 781677, at *10-11 (E.D. Tenn. Mar. 1, 2021) (deeming evidence of other lawsuits inadmissible under Rule 404); *Davenport v. Goodyear Dunlop Tires N. Am., Ltd.*, No. 15-cv-3752, 2018 WL 833606, at *2 (D.S.C. Feb. 13, 2018) (same).

This Court recognized as much in Bellwether I, holding that the plaintiffs in that case could not present evidence about lawsuits against VNA that did not involve the Flint water crisis. The Bellwether I plaintiffs did not even try to satisfy the four-part test set forth in *McLeod*, arguing "instead in hypothetical terms that evidence from such lawsuits 'could' be relevant for various reasons." Opinion & Order 3, PageID.43574. And while the plaintiffs pointed to "a lawsuit involving VNA's work in Plymouth," the Court held that it could not deviate from "the basic rule that prior act evidence is inadmissible." *Id.* The Court should similarly preclude Bellwether III Plaintiffs from presenting evidence about lawsuits and claims against VNA that do not involve the Flint water crisis.

## II.     Evidence About Other Claims And Lawsuits Against VNA Is Inadmissible Under Rule 402

The evidence of claims and lawsuits that do not involve the Flint water crisis also should be precluded because it is irrelevant.  Fed. R. Evid. 401; Fed. R. Evid. 402.

Plaintiffs' sole claim against VNA is for professional negligence.  To prove that claim, Plaintiffs must prove the following elements:  that VNA owed a duty of care to Plaintiffs; that VNA breached that duty; and that VNA's breach of the duty proximately caused injury to Plaintiffs.  *See, e.g.*, *In re NM Holdings Co.*, 622 F.3d 613, 618 (6th Cir. 2010).  Evidence related to claims or lawsuits against VNA that do not involve the Flint water crisis is not "probative of [any] of the elements" of Plaintiffs' professional-negligence claim against VNA, *Benchick*, 2015 WL 3464091, at *1, because it does not make it "more or less probable" that VNA owed or breached a duty, or that any breach caused Plaintiffs' alleged injuries, Fed. R. Evid. 401.

Courts routinely exclude evidence of other claims and lawsuits against a party because that evidence is irrelevant.  For instance, in *McLeod*—a case involving workplace discrimination—the plaintiff sought to introduce evidence of other lawsuits against the defendant in which other employees had alleged that the defendant had unlawfully terminated their employment. 73 F. App'x at 853-54. The Sixth Circuit affirmed the district court's ruling that the other cases were irrelevant,

5

explaining that "there was no clear nexus between these lawsuits and this case" because "[t]he employees who filed these actions worked at several different offices, and were discharged for a variety of reasons." *Id.*

Similarly, the court in *Aetna, Inc. v. Blue Cross Blue Shield of Michigan*, No. 11-cv-15346, 2015 WL 1646464 (E.D. Mich. Apr. 14, 2015), an antitrust case, excluded references to other antitrust claims brought against the defendant because those lawsuits were not relevant. *Id.* at *10. That ruling was consistent with those from many other courts that have excluded evidence of unrelated lawsuits as irrelevant. *See, e.g.*, *Garren*, 2021 WL 781677, at *11 (excluding evidence of other lawsuits against defendant as irrelevant); *In re Romanzi*, No. 18-cv-11375, 2019 WL 1503123, at *3 (E.D. Mich. Mar. 4, 2019) (same); *Davenport*, 2018 WL 833606, at *2 (same); *Ross v. Am. Red Cross*, No. 09-cv-905, 2012 WL 2004810, at *5 (S.D. Ohio June 5, 2012) ("[E]vidence of the filing or content of other lawsuits involving the Red Cross is inadmissible.").

Those courts' reasoning applies equally here. The lawsuits and claims against VNA that do not involve the Flint water crisis involved different plaintiffs, different water-treatment facilities, different contracts, different allegations, different alleged injuries, different legal standards, and different issues. They therefore have no tendency to prove any fact of consequence. That other claims or lawsuits have been asserted against VNA does not make it more or less probable that VNA's

6

performance under its contract with the City of Flint was negligent.  Nor do the other

claims or lawsuits make it more or less probable that VNA's conduct proximately

caused any of Plaintiffs' alleged injuries in Flint.  Accordingly, evidence of claims

and lawsuits against VNA that do not involve the Flint water crisis should be

excluded as irrelevant under Rule 402.

**III.    Evidence About Claims And Lawsuits Against VNA That Do Not Involve
         The Flint Water Crisis Is Inadmissible Under Rule 403**

The Court also should preclude evidence about claims and lawsuits against

VNA that do not involve the Flint water crisis under Rule 403, because any limited

probative value that such claims and lawsuits might have would be far outweighed

by the significant risk of prejudicing VNA, confusing the jury, and wasting time.

Evidence should be excluded under Rule 403 if it "tends to suggest a decision

on an improper basis."  *Paschal v. Flagstar Bank, FSB*, 295 F.3d 565, 579 (6th Cir.

2002).  District courts accordingly exclude evidence that would "inevitably invite

the jury to speculate," "distract the jury from the real issues," and "risk[] confusing

the jury."  *Design Basics, LLC v. Forrester Wehrle Homes, Inc.*, 380 F. Supp. 3d

692, 710 (N.D. Ohio 2019); *see In re Air Crash Disaster*, 86 F.3d 498, 538 (6th Cir.

1996) (Rule 403 bars evidence "when it is likely that the jury will be moved by a

piece of evidence in a manner that is somehow unfair or inappropriate").

Courts have recognized that evidence of other claims and lawsuits against a

party should be excluded under Rule 403.  As the Sixth Circuit explained in *McLeod*,

"the potential for prejudice that would have accompanied this evidence would have substantially outweighed its probative value, and this evidence would have misled the jury." 73 F. App'x at 854; *see Garren*, 2021 WL 781677, at \*11 (excluding evidence of other lawsuits under Rule 403); *Sutphin v. Ethicon, Inc.*, No. 14-cv-1379, 2020 WL 5079170, at \*6 (S.D. W. Va. Aug. 27, 2020) (same); *Davenport*, 2018 WL 833606, at \*2 (same); *Aetna*, 2015 WL 1646464, at \*1, \*10 (same).

Further, not only does admitting evidence of other lawsuits "risk that the jury will draw improper conclusions" about what conduct might have given rise to those suits, but it "may also invite mini-trials about facts and circumstances that may not be similar to the present case." *Ross*, 2012 WL 2004810, at \*5. Admitting evidence of other lawsuits "invites detailed inquiries, denials, and explanations" regarding what happened in those lawsuits and what conduct led to their filing, which will "likely . . . lead to multifariousness and a confusion of issues" and will waste time and resources for little or no benefit. *Outley v. City of N.Y.*, 837 F.2d 587, 595 (2d Cir. 1988). That is true here. If evidence of these other claims were allowed, then VNA would have no choice but to provide context and defend its actions in these other situations. That would result in a collateral mini-trial that has nothing to do with this case—an enormous waste of the Court's resources and the jurors' time and attention.

Even if evidence of other claims or lawsuits against VNA were relevant, its admission would carry the substantial risk that the jury would be led to believe that VNA must have been negligent in Flint because others have sued VNA regarding different work in different cities. Admission of the evidence also would necessitate a series of mini-trials involving unrelated conduct that would waste time and resources and distract the jury from its already complicated task. Accordingly, evidence of claims and lawsuits that do not involve the Flint water crisis should be excluded under Rule 403.

## CONCLUSION

The Court should exclude all evidence regarding claims and lawsuits against VNA that do not involve the Flint water crisis.

Respectfully submitted,

**CAMPBELL, CONROY & O'NEIL**    **MAYER BROWN LLP**
**P.C.**

By: /s/ *James M. Campbell*          By: /s/ *Michael A. Olsen*
James M. Campbell                  Michael A. Olsen
Alaina N. Devine                  71 South Wacker Drive
20 City Square, Suite 300          Chicago, IL 60606
Boston, MA 02129               (312) 701-7120
(617) 241-3000                molsen@mayerbrown.com
jmcampbell@campbell-trial-
lawyers.com
adevine@campbell-trial-lawyers.com

*Attorneys for Veolia North America, LLC, Veolia North America, Inc., and Veolia Water North America Operating Services, LLC*

Dated:  July 22, 2024

## CERTIFICATE OF SERVICE

I hereby certify that on July 22, 2024, I electronically filed the foregoing document with the Clerk of the Court using the ECF System, which will send notification to the ECF counsel of record.

By: _/s/ *James M. Campbell*_