UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

*In re* Flint Water Cases  
5:16-cv-10444/17-cv-10164

Hon. Judith E. Levy  
United States District Judge

_____/

This Motion Relates to:

*Bellwether III Cases*

_____/

**BELLWETHER III PLAINTIFFS' MOTION *IN LIMINE* TO EXCLUDE ALL EVIDENCE, TESTIMONY, OR REFERENCE TO CONVICTIONS, INDICTMENTS, OR CHARGES OF CITY AND/OR STATE OFFICIALS OR EMPLOYEES**

Bellwether III Plaintiffs ("Plaintiffs") respectfully submit this motion *in limine* to exclude any evidence, testimony, argument, or reference to convictions, indictments, or charges relating to the City of Flint and/or State of Michigan officials and employees. As Local Rule 7.1(a) requires, Plaintiffs' counsel sought consent regarding this motion. Counsel for Veolia objected to the requested relief.

Dated: July 22, 2024

Respectfully submitted,

**LEVY KONIGSBERG LLP**

<u>/S/ COREY M. STERN</u>
Corey M. Stern
Melanie Daly
605 Third Ave., 33rd Floor
New York, New York 10158
(212) 605-6200

## INTRODUCTION

During the Bellwether I trial, the Court largely excluded the introduction of evidence relating to City and State Officials' criminal charges and convictions. Plaintiffs now request the Court adopt its prior reasoning for the Bellwether III trial, in a manner representative of the fact that these witnesses are no longer under pending indictment.[1]

## BACKGROUND

Plaintiffs each suffer from lead poisoning resulting from exposure to lead-containing Flint water during the Flint Water Crisis. Veolia denies any responsibility for Plaintiffs' injuries. Indeed, one of their primary arguments in response to Plaintiffs' allegations is that the truly responsible parties are the State of Michigan and City of Flint through their officials and employees ("Government Officials").

As part of their argument, Veolia will attempt to put before the jury evidence that some of these Government Officials were charged with crimes or submitted *nolo contendere* pleas. Specifically, in January 2021, nine former City of Flint and State

---

[1] The Court's prior rulings on this point are applicable to the Bellwether III trial with the exception of the Court's bias rationale which, as discussed in greater detail below, is no longer present because no witnesses are currently under indictment. *See* Press Release, Flint Water Prosecution Team Responds to Michigan Supreme Court's Decision on Last Remaining Flint Water Crisis Charges Against Rick Snyder, Michigan Dep't of Att'y Gen. (Oct. 31, 2023), https://www.michigan.gov/ag/news/pressreleases/2023/10/31/flint-water-prosecution-team-responds-to-michigan-supremecourts-decision.

3

of Michigan officials were charged with various crimes arising out of the Flint water crisis, which have since been dismissed.² Similarly, at least seven current and former city and state employees entered *nolo contendere* pleas to certain minor charges.³

Prior to the Bellwether I trial, the Court granted in part Bellwether Plaintiffs' motion to exclude all evidence of a witness' criminal charges, convictions, or indictments.⁴ As the Court explained, indictments, charging documents, and *nolo contendere* pleas are inadmissible hearsay, and cannot be admitted for purposes of impeachment. *See* Case No. 5:17-cv-10164, ECF No. 701 (Or. Granting in Part P's MIL re: Criminal Convictions & Indictments) at PageID.45654–57. The Court also ruled that pending indictments do not have additional probative value where all the facts based on which a government official could be charged will be revealed to the jury regardless. However, the Court granted in part Veolia's request to admit *pending* indictments for the purpose of showing bias, denying admission of entire

---

² *See* Press Release, Michigan Department of the Attorney General, Nine Indicted on Criminal Charges in Flint Water Crisis Investigation (Jan. 14, 2021), https://www.michigan.gov/ag/0,4534,7-359-92297_47203-549541--,00.html.

³ *See* Ron Fonger, Fourth Flint Water Defendant Takes Misdemeanor Plea Deal with Prosecutors, MLive (Jan. 19, 2019), available at https://www.mlive.com/news/flint/2017/12/fourth_flint_water_defendant_t.html.

⁴ *See* Case No. 5:17-cv-10164, ECF No. 507 (Bellwether Pls.' Mot. in Limine re: Criminal Convictions & Indictments); Case No. 5:17-cv-10164, ECF No. 701 (Op. & Order Granting in Part & Den. in Part Pls.' MIL re: Criminal Convictions & Indictments).

indictments into evidence but ruling that Veolia could ask witnesses whether they have been indicted. *Id.* at PageID.45657–60.

At trial, the Government officials asserted their Fifth Amendment rights and refused to testify. The Court therefore deemed these witnesses unavailable and permitted the playing of their prior depositions. Because these witnesses had *pending* criminal investigations at the time of their deposition, the Court adopted her pre-trial ruling regarding bias and gave a limited instruction to the jury regarding the status of the witness' criminal charges at the time of the deposition. *See, e.g.,* Case No. 5:17-cv-10164, ECF No. 800 (Tr. of Jury Trial Apr. 19, 2022) at PageID.2833 (Court's Instruction: "At a later date, well after this deposition, Mr. Ambrose was criminally charged related to the Flint Water Crisis. He has not had a trial. He's not been convicted. And you may actually hear from him in person later in our case.").

Since the Bellwether I trial, these pending criminal investigations have concluded and the pending indictments have been dismissed indefinitely.[5]

---

[5] *See* Press Release, Flint Water Prosecution Team Responds to Michigan Supreme Court's Decision on Last Remaining Flint Water Crisis Charges Against Rick Snyder, Michigan Dep't of Att'y Gen. (Oct. 31, 2023), https://www.michigan.gov/ag/news/press-releases/2023/10/31/flint-water-prosecution-team-responds-to-michigan-supreme-courts-decision#:~:text=Attorney%20General%3A%20Flint%20Water%20Prosecution,Crisis%20Charges%20Against%20Rick%20Snyder&text=The%20Michigan%20Attorney%20General%20has,the%20Catholic%20Church%20is%20required.

5

Therefore, the Court should apply its prior reasoning, but update it to account for the current status of these witnesses' criminal investigations.

## LEGAL STANDARD

Whether to grant a motion *in limine* is within the sound discretion of the trial court. *See Branham v. Thomas M. Cooley L. Sch.*, 689 F.3d 558, 562 (6th Cir. 2012). Such motions "are generally used to ensure evenhanded and expeditious management of trials by eliminating evidence that is clearly inadmissible for any purpose." *Ind. Ins. Co. v. Gen. Elec. Co.*, 326 F. Supp. 2d 844, 846 (N.D. Ohio 2004). As the Sixth Circuit has explained, "a motion *in limine* is designed to narrow the evidentiary issues for trial and to eliminate unnecessary trial interruptions." *Louzon v. Ford Motor Co.*, 718 F.3d 556, 561 (6th Cir. 2013) (emphasis added). It "may also be used to prevent a jury from exposure to prejudicial evidence." *Jordan v. John Soliday Fin. Grp., LLC*, No. 1:09-cv-0707, 2010 U.S. Dist. LEXIS 111715, at *3 (N.D. Ohio Oct. 20, 2010).

Where, as here, the parties are requesting nearly identical relief as in a previous trial, a court should re-adopt and adhere to its prior rulings. *See, e.g., 3A Composites USA, Inc. v. United Indus., Inc.*, No. 5:16-CV-5017, 2017 WL 5991968, at *2 (W.D. Ark. Sept. 18, 2017) ("Most of the motions currently pending in the instant case are simply renewals of the parties' respective positions on identical

requests for relief in the previous case, and the Court's rulings on those motions will be identical to its rulings on the same issues in the previous case.").

## ARGUMENT

**I. THE COURT SHOULD EXCLUDE ALL EVIDENCE, TESTIMONY, OR REFERENCE TO CONVICTIONS, INDICTMENTS, OR CHARGES OF THE GOVERNMENT OFFICIALS**

The Court previously excluded as evidence at trial the criminal charges, convictions, and indictments of the Government Official witnesses. Case No. 5:17-cv-10164, ECF No. 701. Specifically, the Court properly rejected the Defendants' efforts to admit indictments, criminal charging documents, and *nolo contendere* pleas as inadmissible hearsay and inappropriate for impeachment purposes. *Id.* at PageID.45654–57. However, the Court agreed in part with Veolia's request to admit pending indictments for the purpose of showing bias, denying admission of entire indictments into evidence but permitting Veolia to ask witnesses whether they had pending indictments. *Id.* at PageID.45657–60.[6]

The Court should re-adopt its prior rulings, with the exception of its ruling permitting Veolia to ask witnesses whether they have been indicted to show bias. As before, the admission of indictments, criminal charging documents, and *nolo*

---

[6] The Court further clarified that because such indictments "are evidence only of bias, they may not be referenced in opening statements" because they could only be used to show the guilt of the non-parties at fault. Case No. 5:17-cv-10164, ECF No. 701 at PageID.45660.

7

*contendere* pleas amount to inadmissible hearsay and are inappropriate to use for impeachment purposes. The law and circumstances have not changed on that front. However, the facts relevant to the Court's bias ruling *have changed* (the indictments against the Government Officials have been dismissed) and applying the Court's reasoning to this new set of facts requires a slightly different ruling for the Bellwether III trial.

### A. If the Government Officials take the stand, then evidence of their prior criminal charges may not be admitted in any form whatsoever.

As an initial matter, when a witness is present to testify at trial live, the portion of the Court's ruling allowing Veolia to ask witnesses whether they have been indicted is now moot. When the Court decided this issue previously, criminal investigations and legal proceedings as to the Flint Water Crisis remained ongoing.[7]

---

[7] Veolia's request and the Court's reasoning were grounded specifically in the fact that these indictments were pending. *See generally* Case No. 5:17-cv-10164, ECF No. 529 (VNA's Resp. to Pls.' Mot. in Limine re: Criminal Convictions & Indictments) (characterizing charges throughout as "pending"); *id.* at PageID.41171 ("[I]f any official with pending criminal charges testifies at trial, VNA would like to introduce that official's indictment into evidence to show that the person has a strong incentive to alter his or her testimony to shift the blame for the Flint water crisis."); *id.* at PageID.41177 ("Each still faces the imminent possibility of criminal sanctions, each has pleaded not guilty, and each has a significant personal interest in testifying that someone else is responsible for the Flint water crisis."); *id.* at PageID.41180 (citing caselaw for the proposition that "a pending indictment can provide witnesses with a powerful incentive to alter their testimony") (emphasis added); *id.* ("Several of the officials face serious felony charges, which could result in significant jail time. The indicted officials therefore are highly motivated to portray anyone but themselves as the true culprit . . . ."); *id.* at PageID.41182 ("VNA is not offering the indictments for their truth, but to show that the indictments incentivize the former

8

But this is no longer the case: the Michigan Supreme Court recently declined to hear appeals from a lower court's dismissal of the misdemeanor charges brought against former governor Richard Snyder, "effectively clos[ing] the door on the criminal prosecutions of the government officials the People alleged to be responsible for the Flint Water Crisis."[8] Veolia's concerns that a witness might testify in a biased manner are thus extinguished and no longer justify questions that are certain to sway the jury's impression of a witness.[9] *See United States v. Maynard*, 476 F.2d 1170, 1175 (D.C. Cir. 1973) ("Knowledge of an arrest and indictment weighs heavily in the minds of laymen and casts the shadow of doubt on the witness' veracity.").[10]

---

city and state officials to point the finger at someone else (regardless of whether they are guilty or innocent)."); Case No. 5:17-cv-10164, ECF No. 701 at PageID.45659-60.

[8] Press Release, Flint Water Prosecution Team Responds to Michigan Supreme Court's Decision on Last Remaining Flint Water Crisis Charges Against Rick Snyder, Michigan Dep't of Att'y Gen. (Oct. 31, 2023), https://www.michigan.gov/ag/news/press-releases/2023/10/31/flint-water-prosecution-team-responds-to-michigan-supreme-courts-decision#:~:text=Attorney%20General%3A%20Flint%20Water%20Prosecution,Crisis%20Charges%20Against%20Rick%20Snyder&text=The%20Michigan%20Attorney%20General%20has,the%20Catholic%20Church%20is%20required.

[9] In fact, Veolia argued that it would need to introduce a witness' pending criminal charges at trial in order "to show that the person has a strong incentive to alter his or her testimony to shift the blame for the Flint water crisis." Case No. 5:17-cv-10164, ECF No. 529 (Veolia's Response to Plaintiffs' Motion *In Limine*) at PageID.41171.

[10] This point is consistent with the Court's reasoning from the Class Trial, where the Court stated: "[t]here should be no mention of the indictments throughout the case unless a party uses the deposition testimony that was taken when they were facing criminal charges." Case No. 5:17-cv-10164, ECF No. 800 (Tr. of Jury Trial Apr. 19, 2022) at PageID.93641.

9

Similarly, to the extent a witness testifies in a manner that is inconsistent with their prior deposition testimony, it is not necessary—nor would it be proper—for Veolia to introduce evidence or otherwise ask the witness about dismissed criminal charges brought against them. While Veolia may impeach a witness with their statements from a prior deposition, it is not necessary to disclose any charges that were pending at the time of such testimony to do so. Indeed, under this Court's prior reasoning, it would be improper to do so as criminal charges or *nolo contendere* pleas are not a valid basis for impeachment. Case No. 5:17-cv-10164, ECF No. 701 at PageID.45654–57.

### B. If the Government Officials are unavailable, and their prior depositions are played, the Court should also instruct the jury that the charges have since been dismissed to counter their prejudicial effect.

During Bellwether I, when the Government Officials were unavailable to testify live at trial and their deposition was played, the Court applied its reasoning regarding bias (from the motion *in limine* order) and instructed the jury that the witness was under indictment at the time of the deposition. If this ruling is extended to the Bellwether III trial, then, under the Court's prior reasoning, any mention of a witness' prior indictment must also include disclosure of the fact that such charges have since been dismissed. Providing the jury with the full truth is not only important, but it is necessary to counteract the prejudicial and inflammatory effect

that the disclosure of such information will have on the jury's impression of the witness.[11]

Federal Rule of Evidence 403 permits a court to exclude evidence or testimony "if its probative value is substantially outweighed by a danger of … unfair prejudice, confusing the issues, [or] misleading the jury." "'Unfair prejudice,' as used in Rule 403 … refers to evidence which tends to suggest decision on an improper basis." *United States v. Sherrill*, 972 F.3d 752, 765 (6th Cir. 2020). Here, discussing a witness' criminal charges and convictions will necessarily mislead the jury to wrongly infer that the Government Officials are culpable. Any slight probative value disclosure of the prior criminal charges could have to assist the jury in understanding a witness' potential bias at the time of their deposition testimony—without also providing the jury a full picture of the since dismissed charges—is substantially outweighed by the possibility of undue prejudice to Plaintiffs, as well as confusing the issues and misleading the jury.

---

[11] Additionally, this kind of whole truth instruction is entirely consistent with the way the Court previously instructed the jury about the status of the criminal proceedings. *See, e.g.,* Case No. 5:17-cv-10164, ECF No. 800 (Tr. of Jury Trial Apr. 19, 2022) at 2833 (explaining that while Ambrose was criminally charged, he had not yet had a trial or been convicted).

## CONCLUSION

For the foregoing reasons, the Court should grant Plaintiffs' motion and re-adopt its prior rulings concerning the use of evidence, testimony, or reference to convictions, indictments, or charges of the Government Officials.

Dated:      July 22, 2024                                  Respectfully submitted,

**LEVY KONIGSBERG LLP**                           **NAPOLI SHKOLNIK PLLC**

/s/ Corey M. Stern                                              /s/ Hunter J. Shkolnik
Corey M. Stern                                                     Hunter J. Shkolnik
Melanie Daly                                                          Patrick Lanciotti
Kiersten Holms                                                    360 Lexington Ave., 11th Floor
605 Third Ave., 33rd Floor                                 New York, New York 10017
New York, New York 10158                              (212) 397-1000
(212) 605-6298                                                     hunter@nsprlaw.com
cstern@levylaw.com

***ATTORNEYS FOR PLAINTIFFS***

## CERTIFICATE OF SERVICE

I hereby certify that on July 22, 2024, I electronically filed this document with the Clerk of the Court using the ECF System, which will send notification to the ECF counsel of record.

**LEVY KONIGSBERG, LLP**

/s/ Corey M. Stern
Corey M. Stern