# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

*In re* Flint Water Cases  
5:16-cv-10444/17-cv-10164

Hon. Judith E. Levy  
United States District Judge

_____/

This Motion Relates to:  
*Bellwether III Cases*

_____/

---

## BELLWETHER III PLAINTIFFS' *MOTION IN LIMINE* TO PRECLUDE EVIDENCE, TESTIMONY, OR ARGUMENT REGARDING DR. JENNIFER SAMPLE'S ASSOCIATION WITH THE EXPERT INSTITUTE

---

Bellwether III Plaintiffs ("Plaintiffs") respectfully submit this motion *in limine* to exclude any evidence, testimony, argument, or reference regarding Dr. Jennifer Sample's association with the Expert Institute. For the reasons stated in the accompanying Memorandum, Plaintiffs respectfully request that the Court exclude any evidence or testimony regarding Dr. Jennifer Sample's relationship to the Expert Institute. As Local Rule 7.1(a) requires, Plaintiffs' counsel reached out to counsel for Veolia regarding this motion. Counsel for Veolia objected to the relief sought.

Dated: July 22, 2024

Respectfully submitted,

**LEVY KONIGSBERG LLP**  
/S/ COREY M. STERN  
Corey M. Stern

Melanie Daly
605 Third Ave., 33rd Floor
New York, New York 10158
(212) 605-6200

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

*In re* Flint Water Cases         Hon. Judith E. Levy
5:16-cv-10444/17-cv-10164         United States District Judge

_____/

This Motion Relates to:
*Bellwether III Cases*

_____/

**BELLWETHER III PLAINTIFFS' MEMORANDUM IN SUPPORT OF *MOTION IN LIMINE* TO PRECLUDE EVIDENCE, TESTIMONY, OR ARGUMENT REGARDING DR. JENNIFER SAMPLE'S ASSOCIATION WITH THE EXPERT INSTITUTE**

## INTRODUCTION

Plaintiffs move *in limine* to preclude Veolia North America, LLC, Veolia North America, Inc., and Veolia Water North America Operating Services, LLC ("Veolia") from introducing any evidence, making arguments, or otherwise referencing the fact that Dr. Jennifer Sample is listed as an expert with the "Expert Institute."[1] There is no proper or relevant purpose served by referring to the Expert Institute. And because references to the Expert Institute would have no bearing on any facts the jury must decide, such references are a waste of the Court's, the Plaintiffs', and the jury's time. Moreover, the prejudicial effect and potential for confusion, absent any probative value, dictate that any such references be excluded at trial. Accordingly, the Court should grant Plaintiffs' motion and exclude any and all references to Dr. Sample's association with the Expert Institute.

## BACKGROUND

Plaintiffs retained Dr. Jennifer Sample as a toxicologist to evaluate whether Plaintiffs' exposures to lead were sufficient to cause their alleged injuries. Dr. Sample's methodology has been deemed reliable by the Court. *See* ECF No. 3404 (Daubert Order Re: Dr. Jennifer Sample). As Dr. Sample explained during her deposition, one of the ways Dr. Sample offers her expert services as a pediatric

---

[1] The Expert Institute serves as a brokerage of sorts between attorneys and testifying experts. *See* https://www.expertinstitute.com/about/our-story/ (last viewed July 22, 2024).

1

medical toxicologist is through the Expert Institute. Ex. 1 (Sample Dep.) at 60:21–61:12. The Expert Institute is a referral service that connects expert witnesses to attorneys for litigation. Dr. Sample was not retained by Plaintiffs through the Expert Institute, nor were Plaintiffs or their counsel aware of Dr. Sample's affiliation with the Expert Institute until she testified about it during her deposition on October 2, 2023. Dr. Sample's evaluations and opinions in this litigation have no relationship to the Expert Institute.

## LEGAL STANDARD

The purpose of a motion *in limine* is to allow the Court to rule on issues pertaining to evidence in advance of trial in order to avoid delay and ensure an even-handed and expeditious trial. *Morrison v. Stephenson*, No. 2:06-cv-283, 2008 U.S. Dist. LEXIS 19242, at *2 (S.D. Ohio Mar. 3, 2008). Such motions are "designed to narrow the evidentiary issues for trial and to eliminate unnecessary trial interruptions." *Louzon v. Ford Motor Co.*, 718 F.3d 556, 561 (6th Cir. 2013). The decision to grant or deny a motion *in limine* lies within the sound discretion of the trial court. *See Cain v. City of Detroit*, No. 13-CV-10525, 2023 U.S. Dist. LEXIS 202853, at *2 (E.D. Mich. Nov. 13, 2023).

Only relevant evidence is admissible. Fed. R. Evid. 402. Evidence is relevant when "it has any tendency to make a fact more or less probable than it would be without the evidence", and "the fact is of consequence in determining the action."

Fed. R. Evid. 401. Even when evidence is admissible, Fed. R. Evid. 403 permits a court to exclude evidence or testimony "if its probative value is substantially outweighed by a danger of … unfair prejudice, confusing the issues, [or] misleading the jury[.]" Fed. R. Evid. 403. "'Unfair prejudice', … refers to evidence which tends to suggest decision on an improper basis." *United States v. Sherrill*, 972 F.3d 752, 765 (6th Cir. 2020).

Unfair prejudice "can result when evidence that is only marginally probative tends to be given preemptive weight by the jury substantially out of proportion to its logical force." *United States v. Crockett*, 586 F. Supp. 2d 877, 882 (E.D. Mich. 2008). And when the alleged probative value of evidence is limited to inviting the jury to engage in speculation, it is properly excluded under Rule 403. *See United States v. Delance*, 694 Fed. Appx. 829, 834 (2d Cir. 2017); *United States v. Jordan*, 485 F.3d 1214, 1219 (10th Cir. 2007). After all, a jury is not permitted to speculate, and "[s]uch speculative blaming intensifies the grave risk of jury confusion, and it invites the jury to render its findings based on emotion or prejudice." *Jordan*, 485 F.3d at 1219 (quoting *United States v. McVeigh*, 153 F.3d 1166, 1191 (10th Cir. 1998)).

3

## ARGUMENT

I. **REFERENCES TO AND ARGUMENTS ABOUT DR. SAMPLE'S RELATIONSHIP WITH THE EXPERT INSTITUTE ARE NOT RELEVANT**

Dr. Sample's connection with the Expert Institute should be excluded because it is not relevant. Evidence is "relevant" when "it has any tendency to make a fact more or less probable than it would be without the evidence" and "the fact is of consequence in determining the action." Fed. R. Evid. 401.

Here, Dr. Sample's association with the Expert Institute will not make any facts of the case more or less probable. It is not relevant to the credibility of her opinions regarding the causation of the Bellwether III children's injuries. Indeed, in their *Daubert* attacks on the reliability of Dr. Sample's conclusions and methodology, Veolia did not cite to or even mention Dr. Sample's association with the Expert Institute. And the Court has already deemed Dr. Sample as having reliable and relevant testimony. *See* ECF No. 3404 (Daubert Order Re: Dr. Jennifer Sample). Nor is her association with the Expert Institute relevant to Dr. Sample's motivation for testifying as an expert in this litigation, as she was not retained by the Plaintiffs or discovered through the Expert Institute. Ultimately, Dr. Sample's connection to the Expert Institute is not relevant, and as such, it should be excluded.

4

## II. REFERENCES TO AND ARGUMENTS ABOUT DR. SAMPLE'S RELATIONSHIP TO THE EXPERT INSTITUTE ARE UNFAIRLY PREJUDICIAL

Even if it is determined that Dr. Sample's testimony, evidence, or argument regarding the Expert Institute is relevant, this evidence should still be excluded because any minuscule probative value would be substantially outweighed by the risk of unfair prejudice and confusion about the issues.

As set forth above, references to Dr. Sample's connection to the Expert Institute have no probative value. Her profile on their website has no bearing on her qualifications or reliability as an expert. Plaintiffs did not retain Dr. Sample through her or their counsel's relationship with the Expert Institute. Dr. Sample is an independently qualified, board-certified medical toxicologist, and any association with the Expert Institute has no bearing on the case. Further, Dr. Sample's qualifications as an expert are not in dispute. Veolia's motion to exclude Dr. Sample during the *Daubert* phase was rebuffed.

Thus, any examination and elicitation of testimony regarding the Expert Institute would be for no purpose other than to besmirch Dr. Sample and imply that her opinions are fabricated. Such motives would certainly cause undue prejudice as it would "invite the jury to make improper considerations in evaluating [Dr. Sample's] credibility." *Nusbaum v. Enlighten Family Chiropractic, LLC*, No. 19-cv-10223, 2023 U.S. Dist. LEXIS 9396, at *11–12 (E.D. Mich. Jan. 19, 2023).

Moreover, testimony regarding the Expert Institute is unnecessary as defendants may challenge Dr. Sample's qualifications or methodology for impeachment purposes using *other* evidence that would not place this issue before the jury. *Id.*[2]

## CONCLUSION

The Court should prohibit all parties from questioning witnesses related to their association with the Expert Institute.

Dated: July 22, 2024                                    Respectfully submitted,

**LEVY KONIGSBERG LLP**                                 **NAPOLI SHKOLNIK PLLC**

/s/ Corey M. Stern                                      /s/ Hunter J. Shkolnik
Corey M. Stern                                          Hunter J. Shkolnik
Melanie Daly                                            Patrick Lanciotti
Kiersten Holms                                          360 Lexington Ave., 11th Floor
605 Third Ave., 33rd Floor                              New York, New York 10017
New York, New York 10158                                (212) 397-1000
(212) 605-6298                                          hunter@nsprlaw.com
cstern@levylaw.com

---

[2] Several of Defendants' experts (e.g., Dr. Douglass Weed and Dr. Samuel Lundstrom) advertise their availability as expert witnesses via the Expert Institute. While Plaintiffs were willing to stipulate that no parties will refer to the Expert Institute regarding Drs. Sample, Weed, and Lundstrom, Veolia refused to agree not to raise the issue.

6

## CERTIFICATE OF SERVICE

I hereby certify that on July 22, 2024 I electronically filed this document and its attachments with the Clerk of the Court using the ECF System, which will send notification to the ECF counsel of record.

                                         **LEVY KONIGSBERG, LLP**

                                         <u>/S/ Corey M. Stern</u>
                                         Corey M. Stern