**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | |
|---|---|
| *In re* Flint Water Cases | Hon. Judith E. Levy |
| 5:16-cv-10444/17-cv-10164 | United States District Judge |

_____/

This Motion Relates to:

*Bellwether III Cases*

_____/

---

**BELLWETHER III PLAINTIFFS' MOTION *IN LIMINE* TO PRECLUDE VEOLIA FROM INTRODUCING THE EXPERT REPORTS AND DEPOSITION TESTIMONY OF DR. LARRY RUSSELL AS EVIDENCE IN SUPPORT OF THEIR NON-PARTY AT FAULT CLAIMS**

---

Bellwether III Plaintiffs ("Plaintiffs") respectfully submit this motion *in limine* to exclude any evidence, testimony, argument, or references regarding the expert reports and deposition testimony of Dr. Larry Russell as evidence to support Veolia's non-party at fault claims for the reasons stated in the accompanying Memorandum. As Local Rule 7.1(a) requires, Plaintiffs' counsel sought consent regarding this motion. Counsel for Veolia stated objected to the requested relief.

Dated:       July 22, 2024                    Respectfully submitted,

                                              **LEVY KONIGSBERG LLP**

                                              <u>/S/ COREY M. STERN</u>
                                              Corey M. Stern
                                              Melanie Daly
                                              Kiersten Holms
                                              605 Third Ave., 33rd Floor
                                              New York, New York 10158
                                              (212) 605-6200

## INTRODUCTION & BACKGROUND

Plaintiffs move *in limine* to preclude Veolia North America, LLC, Veolia North America, Inc., and Veolia Water North America Operating Services, LLC ("Veolia") from introducing reports and depositions wherein Plaintiffs' expert Dr. Larry Russell, PhD ("Dr. Russell") discusses other parties' actions to prove its non-party at fault claims. Specifically, this includes Dr. Russell's opinions regarding LAN's liability offered in this case and in the Class case, as well as his opinions in the case brought, by different plaintiffs, against the United States Environmental Protection Agency ("EPA").[1]

Bellwether III Plaintiffs allege that Veolia prolonged the corrosive water conditions in Flint through their professional negligence. In response, Veolia intends to minimize its liability by offering evidence to shift the blame for the Flint Water Crisis—and Plaintiffs' resulting injuries—to third parties not before the jury. *See* ECF No. 2813, Amended Notice of Nonparties at Fault by Veolia. While Veolia is permitted to offer such evidence under Michigan's comparative fault framework, the Court should bar Veola from introducing as substantive evidence portions of Dr. Russell's reports and depositions wherein he discusses other parties' actions.

As an initial matter, Dr. Russell's expert reports and prior testimony constitute inadmissible hearsay under the Federal Rules of Evidence. Moreover, the

---

[1] *In re FTCA Flint Water Cases*, Case No. 4:17-cv-11218 (E.D. Mich.).

introduction of the portions of Dr. Russell's reports which concerns third parties is irrelevant to the trial's central question—whether *Veolia* was negligent—and will unfairly prejudice and confuse the jury, cause undue delay, and waste the parties' time. Such evidence—if used to abdicate Veolia's liability—would present the classic example of what is excludable *in limine*. *See* Fed. R. Evid. 402, 403; *Louzon v. Ford Motor Co.*, 718 F.3d 556, 561 (6th Cir. 2013) ("[A] motion *in limine* is designed to narrow the evidentiary issues for trial and to eliminate unnecessary trial interruptions.").

Accordingly, the Court should preclude Veolia from presenting the expert reports and deposition transcripts of Dr. Russell as affirmative evidence in support of its non-party at fault claims.

## LEGAL STANDARD

Whether to grant a motion *in limine* is within the sound discretion of the trial court. *See Branham v. Thomas M. Cooley L. Sch.*, 689 F.3d 558, 562 (6th Cir. 2012). Such motions "are generally used to ensure evenhanded and expeditious management of trials by eliminating evidence that is clearly inadmissible for any purpose." *Ind. Ins. Co. v. Gen. Elec. Co.*, 326 F. Supp. 2d 844, 846 (N.D. Ohio 2004). As the Sixth Circuit has explained, "a motion *in limine* is designed to narrow the evidentiary issues for trial and to eliminate unnecessary trial interruptions." *Louzon v. Ford Motor Co.*, 718 F.3d 556, 561 (6th Cir. 2013) (emphasis added). It "may also

be used to prevent a jury from exposure to prejudicial evidence." *Jordan v. John Soliday Fin. Grp., LLC*, No. 1:09-cv-0707, 2010 U.S. Dist. LEXIS 111715, at *3 (N.D. Ohio Oct. 20, 2010).

## ARGUMENT

## I.   DR. RUSSELL'S EXPERT REPORTS AND DEPOSITION TESTIMONY CONSTITUTE INADMISSIBLE HEARSAY

As an initial matter, Dr. Russell's expert reports and deposition testimony constitute inadmissible hearsay under Federal Rules of Evidence 801 and 802. Courts within the Sixth Circuit have consistently held that "expert reports constitute hearsay under the Federal Rules of Evidence" that must be excluded for trial. *Hughey v. Easlick*, No. 19-10368, 2022 U.S. Dist. LEXIS 194975, at *9 (E.D. Mich. Oct. 26, 2022) (finding expert report inadmissible hearsay); *Gould Elecs. Inc. v. Livingston Cnty. Rd. Comm'n*, No. 17-11130, 2020 U.S. Dist. LEXIS 216422, at *27 (E.D. Mich. Nov. 19, 2020) ("Stated simply, experts testify—not their reports. This is primarily because expert reports created prior to trial … are considered hearsay and are inadmissible absent agreement to the contrary."); *Stansbury v. Hopkins Hardwoods, Inc.*, No. 4:15-cv-16, 2018 U.S. Dist. LEXIS 226551, at *6 (W.D. Ky. Mar. 2, 2018) ("An expert's report is hearsay and therefore inadmissible."); *Engebretsen v. Fairchild Aircraft Corp.*, 21 F.3d 721, 728–29 (6th Cir. 1994); *see also* Fed. R. Evid. 801(c) (defining hearsay as an out-of-court statements offered by a party to prove the truth of the matter asserted). Similarly, deposition transcripts are

presumptively inadmissible hearsay if offered to prove the truth of the matter asserted. *See, e.g., Barnett v. Bynum*, No. 13-cv-14063, 2015 U.S. Dist. LEXIS 153007, at *6 (E.D. Mich. Nov. 12, 2015).

Here, there is no legal or factual basis permitting Veolia to introduce at trial documents created by Dr. Russell to support Veolia's non-party at fault claims over a hearsay objection. For example, Dr. Russell's prior statements, including those made in his expert reports, may not even be used for impeachment purposes under Fed. R. Evid. 801. Fed. R. Evid. 801(d)(1) (permitting the introduction of a witness's prior statement for impeachment purposes). This is because Dr. Russell's expert report and deposition testimony is entirely ***consistent*** with the testimony he will proffer at trial. Dr. Russell's trial testimony will focus only on ***Veolia's*** response to the Flint Water Crisis and corresponding negligence, and his opinion that Veolia's conduct made the situation in Flint worse than it otherwise would have been, which is not tantamount to testimony that Veolia is ***solely*** responsible for Plaintiffs' alleged injuries. As such, Dr. Russell's prior statements cannot be considered inconsistent with the substance of what he will offer at trial.

## II.   THE PORTIONS OF DR. RUSSELL'S REPORTS CONCERNING THIRD PARTIES SHOULD ALSO BE EXCLUDED UNDER 401 AND 403

Even if Dr. Russell's expert reports and deposition testimony fell within one of the hearsay exceptions, such evidence is still inadmissible under Federal Rules of Evidence 401 and 403.

### A.   Dr. Russell's testimony concerning non-party conduct is not relevant to Veolia's liability.

Dr. Russell's statements regarding the conduct of third-parties do not make any material fact the jury has to decide more or less probable than it would be without their admission. Evidence is relevant when it tends "to make a fact more or less probable than it would be without the evidence," and "the fact is of consequence in determining the action." Fed. R. Evid. 401. At trial, Plaintiffs' focus will be Veolia's negligent contributions to the Flint Water Crisis. Evidence about third-party actions or negligence does not make Veolia's culpability "more or less probable." Fed. R. Evid. 401. Accordingly, the Court should not permit Veolia to cherry-pick quotes from Dr. Russell's expert reports, out of the context in which they were made, to evade liability. Dr. Russell's discussions regarding parties other than Veolia do not affect Veolia's liability—which is independent of that of any third party—and otherwise only serves to distract the jury from Plaintiffs' claims against Veolia. As such, the Court should exclude them as irrelevant under Federal Rules of Evidence 401 and 402.

**B.**     **Admitting the statements would create a danger of unfair prejudice, confusion, and undue delay that substantially outweigh the probative value of the evidence.**

Additionally, the evidence should be excluded under Rule 403's balancing test because any probative value the portions of Dr. Russell's reports and deposition testimony has is substantially outweighed by its danger of causing problems at trial. *See United States. v. Brady*, 595 F.2d 359, 361 (6th Cir. 1979), *cert. denied*, 444 U.S. 862 (1979); Fed. R. Evid. 403.

All relevant evidence is subject to the balancing test set forth by Rule 403. That is, a court "may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403; *Stengel v. Belcher*, 522 F.2d 438, 442 (6th Cir. 1975) (citations omitted). "'Unfair prejudice,' as used in Rule 403 … refers to evidence which tends to suggest decision on an improper basis." *United States v. Sherrill*, 972 F. 3d 752, 765 (6th Cir. 2020). Consistent with that standard, district courts exclude evidence that would "inevitably invite the jury to speculate," "distract the jury from the real issues," and "risk[] confusing the jury." *Design Basics, LLC v. Forrester Wehrle Homes, Inc.*, 380 F. Supp. 3d 692, 710 (N.D. Ohio 2019); *see In re Air Crash Disaster*, 86 F.3d 498, 538 (6th Cir. 1996) (Rule 403 bars evidence

"when it is likely that the jury will be moved by a piece of evidence in a manner that is somehow unfair or inappropriate").

Here, admitting testimony regarding the conduct of third parties through Plaintiffs' expert runs the "risk that the jury will draw improper conclusions," but it also "may also invite mini-trials." *Ross v. Am. Red Cross*, No. 2:09-cv-00905-GLF, 2012 U.S. Dist. LEXIS 77475, at *16 (S.D. Ohio June 5, 2012), *aff'd*, 567 F. App'x 296 (6th Cir. 2014). Dr. Russell's expert reports and deposition testimony is rife with references to the State of Michigan, the City of Flint, the EPA and various others, all of whom Veolia has made clear they intend to point the finger to at trial. Admitting such evidence "invites detailed inquiries, denials, and explanations" regarding what happened regarding those defendants and why they aren't present in the courtroom, which will "likely ... lead to multifariousness and a confusion of issues," distracting the jury from what is supposed to be the central issue in the case: Veolia's culpability. *Outley v. City of N.Y.*, 837 F.2d 587, 595 (2d Cir. 1988).

That concern plainly applies here because, if such testimony were presented to the jury, Plaintiffs would then have to present the entirety of Dr. Russell's report to provide context about those claims, as well as an explanation of why Plaintiffs' expert's trial testimony did not include a discussion of the liability of non-parties in the first instance, resulting in a collateral mini-trial having nothing to do with this case—an enormous waste of the Court's resources and the jurors' time and attention.

*See, e.g., Cetlinski v. Brown*, 91 F. App'x 384, 393 (6th Cir. 2004) (risk of "mini-trials" to respond to evidence "would have created a substantial danger of unfair prejudice and of confusion of issues and would have engendered undue delay" because "the jury may well have fastened on ancillary issues or have considered the testimony … for improper purposes"). These concerns are not balanced by any significant probative value, and Veolia will have every opportunity to prove its non-party at fault claims when it presents its case to the jury, with its own witnesses, including at least seventeen retained experts. Accordingly, the Court should rule such statements inadmissible under Rule 403.

## III.   IF THE COURT ADMITS THE ENTIRETY OF DR. RUSSELL'S EXPERT REPORTS AND DEPOSITION TESTIMONY, PLAINTIFFS SHOULD BE PERMITTED TO DISCLOSE THE EXISTENCE OF THEIR SETTLEMENTS WITH THIRD-PARTIES

Finally, if the Court allows Veolia to use Dr. Russell's reports or to illicit trial testimony to support its non-party at fault claims, the Court should also permit Plaintiffs to contextualize such evidence by informing the jury of the settlement between Plaintiffs and third-parties. While it is true that, under Michigan law, the "the jury shall not be informed of the existence of a settlement or the amount paid," *Brewer v. Payless Stations Inc.,* 412 Mich. 673, 679 (1982), under certain circumstances it is "accurate, reasonable, and arguably necessary" to instruct a jury of a settlement (but without disclosing the amount or terms of the settlement). *See Estate of Carlsen v. Sw. Mich. Emergency Servs.,* No. 351159, 2021 Mich. App.

LEXIS 5281, at *18 (Mich. Ct. App. Sept. 2, 2021). Such is the case here. Veolia cannot simultaneously introduce evidence through Dr. Russell about third-parties that contributed to the water crisis to minimize their liability in the jury's eyes while also limiting the use or reference to the fact that Plaintiffs have already settled their claims against such third-parties.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request the Court issue an order excluding the use of Dr. Russell's expert reports and deposition transcripts as substantive evidence in support of Veolia's non-party at fault claims.

Dated:     July 22, 2024                    Respectfully submitted,

**LEVY KONIGSBERG LLP**                    **NAPOLI SHKOLNIK PLLC**

/s/ Corey M. Stern                         /s/ Hunter J. Shkolnik
Corey M. Stern                             Hunter J. Shkolnik
Melanie Daly                               Patrick Lanciotti
Kiersten Holms                             360 Lexington Ave., 11th Floor
605 Third Ave., 33rd Floor                 New York, New York 10017
New York, New York 10158                   (212) 397-1000
(212) 605-6298                             hunter@nsprlaw.com
cstern@levylaw.com

### *ATTORNEYS FOR PLAINTIFFS*

## CERTIFICATE OF SERVICE

I hereby certify that on July 22, 2024, I electronically filed this document with the Clerk of the Court using the ECF System, which will send notification to the ECF counsel of record.

**LEVY KONIGSBERG, LLP**

/s/ Corey M. Stern
Corey M. Stern