# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

| | |
|---|---|
| IN RE FLINT WATER LITIGATION | Case No. 5:16-cv-10444-JEL-MKM<br>Hon. Judith E. Levy |
| This Document Relates To:<br>BELLWETHER III | Case No. 5:17-cv-10164-JEL-KGA |

_____

## DEFENDANTS VEOLIA NORTH AMERICA, LLC, VEOLIA NORTH AMERICA, INC., AND VEOLIA WATER NORTH AMERICA OPERATING SERVICES, LLC'S MOTION TO PROHIBIT PLAINTIFFS FROM REQUESTING A SPECIFIC AMOUNT OR RANGE OF NON-ECONOMIC DAMAGES

Defendants Veolia North America, LLC, Veolia North America, Inc., and Veolia Water North America Operating Services, LLC (VNA) move to prohibit Plaintiffs from requesting that the jury award a specific amount or range of non-economic damages. In Bellwether I, VNA filed a motion seeking this relief before closing argument. VNA Mot. to Prohibit Plaintiffs from Requesting a Specific Amount or Range of Non-Economic Damages, No. 17-cv-10164 ECF No. 882, PageID.54084-54103. The Court denied the motion primarily because it was filed at the eleventh hour. Order, No. 17-cv-10164 ECF No. 887, PageID.54208-54209.

As Local Rule 7.1(a) requires, VNA conferred with Plaintiffs' counsel concerning this motion. After VNA explained the nature and legal basis for the motion, Plaintiffs' counsel said that they would oppose it.

Respectfully submitted,

**CAMPBELL, CONROY & O'NEIL P.C.**   **MAYER BROWN LLP**

By: */s/ James M. Campbell*         By: */s/ Michael A. Olsen*
James M. Campbell                  Michael A. Olsen
Alaina N. Devine                    71 S. Wacker Dr.
20 City Square, Suite 300          Chicago, IL 60606
Boston, MA 02129               (312) 701-7120
(617) 241-3000                 molsen@mayerbrown.com
jmcampbell@campbell-trial-lawyers.com
adevine@campbell-trial-lawyers.com

*Attorneys for Veolia North America, LLC, Veolia North America, Inc., and Veolia Water North America Operating Services, LLC*

Dated:  July 22, 2024

2

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | |
|---|---|
| IN RE FLINT WATER LITIGATION | Case No. 5:16-cv-10444-JEL-MKM<br>Hon. Judith E. Levy |
| This Document Relates To:<br>BELLWETHER III | Case No. 5:17-cv-10164-JEL-KGA |

---

**DEFENDANTS VEOLIA NORTH AMERICA, LLC, VEOLIA NORTH AMERICA, INC., AND VEOLIA WATER NORTH AMERICA OPERATING SERVICES, LLC'S BRIEF IN SUPPORT OF THEIR MOTION TO PROHIBIT PLAINTIFFS FROM REQUESTING A SPECIFIC AMOUNT OR RANGE OF NON-ECONOMIC DAMAGES**

## STATEMENT OF THE ISSUE PRESENTED

1.  Should the Court prohibit Plaintiffs from requesting a specific amount or range of non-economic damages?

    **VNA answers:** "Yes."

    **Plaintiffs answer:** "No."

## CONTROLLING OR MOST APPROPRIATE AUTHORITIES

*McCrary v. Country Mut. Ins.*, No. 13-cv-507-JED-PJC, 2014 WL 1871891 (N.D. Okla. May 9, 2014)

*Lucas v. Transamerica Life Ins.*, No. 10-cv-76-KKC, 2011 WL 5148883 (E.D. Ky. Oct. 21, 2011)

*Sandoval v. Am. Bldg. Maint. Indus., Inc.*, 267 F.R.D. 257 (D. Minn. 2007)

*Pa. R.R. v. McKinley*, 288 F.2d 262 (6th Cir. 1961)

Fed. R. Civ. P. 26(a)(1)(A)(iii)

Fed. R. Civ. P. 37(c)

# TABLE OF CONTENTS

**Page**

INTRODUCTION ...................................................................................1

ARGUMENT ........................................................................................1

     A.    The Court Should Prohibit Plaintiffs From Requesting A Specific Amount Or Range Of Non-Economic Damages Because Plaintiffs Did Not Disclose During Discovery A Computation Of Those Damages ...........................................................1

     B.    The Court Should Prohibit Plaintiffs From Requesting A Specific Amount Or Range Of Non-Economic Damages Because Such Requests Are Speculative, Misleading, And Prejudicial ........................................................................7

CONCLUSION ....................................................................................14

**INTRODUCTION**

VNA anticipates that Plaintiffs may ask the jury to award them a specific amount or range of non-economic damages.  They should be precluded from doing so for two reasons.  First, when, as here, plaintiffs do not disclose during discovery the amount of non-economic damages they are requesting and the basis for those damages, they may not ask the jury to award them a specific amount, but instead must entrust any award of non-economic damages to the jury's discretion.  Second, it is unfairly prejudicial to allow plaintiffs to request a specific—inevitably large— amount of non-economic damages.  Doing so has no evidentiary value, but will inevitably skew the jury's frame of reference and thereby unreasonably increase the verdict.  The jury is competent to set the amount of non-economic damages on its own, without assistance from the parties.

**ARGUMENT**

**A.     The Court Should Prohibit Plaintiffs From Requesting A Specific Amount Or Range Of Non-Economic Damages Because Plaintiffs Did Not Disclose During Discovery A Computation Of Those Damages**

The Federal Rules state that, in order to request a category of damages, the plaintiff must disclose during discovery a computation of those damages. Specifically, under Federal Rule of Civil Procedure 26(a)(1)(A)(iii), parties must disclose "a computation of each category of damages claimed by the disclosing party" and "make available for inspection and copying as under Rule 34 the

documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered." Under Federal Rule of Civil Procedure 37(c)(1), "[i]f a party fails to provide information . . . as required by Rule 26(a) . . . , the party is not allowed to use that information . . . at a trial, unless the failure was substantially justified or is harmless." Here, Plaintiffs did not disclose any computation of non-economic damages during discovery, so under the Rules, they may not ask the jury for a specific amount.

Plaintiffs may argue that non-economic damages are exempt from this requirement. But there is no basis for such an exemption in the language of the rule. As other courts have recognized, "Rule 26(a)(1)(A)(iii) is unambiguous—it applies to *each* category of damages claimed; it is not limited to economic damages." *Lucas v. Transamerica Life Ins.*, No. 10-cv-76, 2011 WL 5148883, at *1 (E.D. Ky. Oct. 21, 2011); *see, e.g.*, *McCrary v. Country Mut. Ins.*, No. 13-cv-507, 2014 WL 1871891, at *2 (N.D. Okla. May 9, 2014) ("the language of Rule 26(a)(i)(A)(iii) does not exempt non-economic damages"). Thus, if the plaintiffs fail to produce a computation of non-economic damages during discovery, a court should "bar Plaintiffs from referencing any figures and articulating any basis for awards in these non-economic categories at trial." *Lucas*, 2011 WL 5148883, at *2; *accord Montoya v. Retiree Health Care Auth.*, No. 18-cv-578, 2019 WL 2718689, at *5 (D.N.M. June

2

7, 2019) (plaintiff who failed to disclose during discovery a computation of non-economic damages "is prohibited from introducing specific pecuniary evidence concerning the severity of her distress . . . or requesting a specific amount from the jury, or using expert testimony to support her claim for emotional distress, because she failed to disclose any such facts, documentation, or support"). In accordance with the Rules, many courts have refused to allow a plaintiff to suggest an amount of non-economic damages when the plaintiff never provided a computation of those damages in discovery:

- *Walker v. Corizon Health, Inc.*, No. 17-2601, 2022 WL 1062262, at *7 (D. Kan. Apr. 8, 2022) ("when, as here, a plaintiff elects not to disclose a computation of non-economic damages during discovery, courts typically preclude the plaintiff from suggesting *any* amount of non-economic damages to the jury at any point or manner during the trial") (internal quotation marks omitted);

- *Goree v. City of Verona*, No. 17-cv-93, 2021 WL 4699204, at *5 (N.D. Miss. Oct. 7, 2021) (because the plaintiff did not disclose a computation of non-economic damages under Rule 26, "she shall not be permitted to suggest a specific amount of damages to the jury");

- *Dent v. BNSF Ry.*, No. Civ-18-159, 2021 WL 1977059, at *1 (W.D. Okla. May 17, 2021) ("Plaintiff shall not be permitted to claim a specific amount for psychological-injury damages at trial" because she had not disclosed a computation and "[s]eeking a specific amount of such damages at trial therefore would result in an unfair surprise for Defendant.");

- *Lewis v. City of Burnsville*, No. 19-1117, 2020 WL 3496990, at *4 (D. Minn. June 29, 2020) ("[I]f Plaintiff intends to ask the jury for a specific dollar amount of [non-economic] damages at trial—or to suggest any figures, or possible ranges—Plaintiff is required to provide it to Defendants along with the basis for that figure" under Rule 26; "Plaintiff cannot 'reserve' such disclosure until after fact discovery closes.");

3

- *Hovanec v. Miller*, 331 F.R.D. 624, 637 (W.D. Tex. 2019) ("if the plaintiff intends to suggest a specific amount of emotional distress-related compensatory damages to the jury, he or she must produce the disclosures required by Rule 26") (internal quotation marks omitted);

- *Garcia v. Green*, No. 17-8126, 2019 WL 8972808, at *4 (E.D. La. Jan. 11, 2019) (because the plaintiff did not disclose a computation of non-economic damages, "she may not suggest to the jury a specific amount of damages");

- *Breen v. Black*, 15-cv-0168, 2016 WL 4268957, at *6, 8 (D. Wyo. July 6, 2016) ("Plaintiff cannot suggest a specific amount of damages for emotional distress to the jury at trial" because she failed to disclose a computation of those damages during discovery.);

- *McCrary*, 2014 WL 1871891, at *2 ("[I]f Plaintiffs intend to submit evidence as to the severity of their emotional distress, request a specific amount from the jury, or use expert testimony to support their emotional distress claim, they must provide Defendant with a computation of these damages.");

- *Warren v. Bastyr Univ.*, 11-cv-01800, 2013 WL 1412419, at *8 (W.D. Wash. Apr. 8, 2013) ("If plaintiff intends to request a specific dollar amount as just compensation for her emotional distress, she shall supplement her Rule 26 disclosures," and "[f]ailure to adequately disclose the basis for the claim may prevent plaintiff from suggesting a specific amount to the jury.");

- *Lewis v. Cabana Coaches, LLC*, No. 12-20783-Civ, 2012 WL 12896353, at *3 (S.D. Fla. Oct. 19, 2012) ("if Plaintiff decides not to disclose a computation for non-economic damages during discovery, then Plaintiff shall be precluded from suggesting *any* amount of non-economic damages to the jury at any point or manner during the trial");

- *EEOC v. Wal-Mart Stores, Inc.*, 276 F.R.D. 637, 639–640 (E.D. Wash. 2011) ("if Plaintiff intends to suggest a specific amount to the jury for emotional distress damages, yet fails to supplement its Rule 26 disclosures to provide Defendant with a computation of damages, Plaintiff may be foreclosed from suggesting that specific amount for emotional distress damages to the jury at trial");

- *EEOC v. Serv. Temps, Inc.*, No. 08-cv-1552-D, 2010 WL 1644909, at *8 (N.D. Tex. Apr. 22, 2010) (because the plaintiff "has not satisfied its disclosure obligation," it may not "suggest to the jury that it should award a

4

specific sum" of non-economic damages), *aff'd*, 679 F.3d 323, 334 (5th Cir. 2012);

- *EEOC v. Gen. Motors Corp.*, No. 06-cv-19, 2009 WL 910812, at *2 (S.D. Miss. Apr. 1, 2009) ("[I]f the plaintiff intends to suggest a specific amount of emotional distress-related compensatory damages to the jury, he or she must produce the disclosures required by Rule 26.").

The requirement that plaintiffs produce a computation during discovery if they intend to request a specific amount of non-economic damages serves the same interests as other pre-trial disclosures mandated by the rules. The requirement "balances the purpose of Rules 26(a) and 37(c) and related concerns as to trial by ambush"; as a matter of basic fairness, if plaintiffs "intend to ask the jury for a particular amount of damages for emotional distress, they should be required to disclose that amount, by range or estimate, to the defendants in advance of trial, rather than ambush them at trial." *McCrary*, 2014 WL 1871891, at *3.[1]  Thus, if a plaintiff does not disclose a computation by the discovery deadline, the plaintiff "will not be allowed to suggest a specific amount to the jury for emotional distress damages." *Sandoval*, 267 F.R.D. at 283.

---

[1] *See Sandoval v. Am. Bldg. Maint. Indus., Inc.*, 267 F.R.D. 257, 282-83 (D. Minn. 2007) ("[I]f plaintiffs present a specific amount to the jury for compensatory damages, then presumably they have a basis and a means for arriving at the amount they are seeking," and "it would be unfair to defendants if plaintiffs could submit a specific dollar amount for damages to the jury without defendants having the opportunity to discover the basis for the claim and the opportunity before trial to rebut that basis.").

Plaintiffs who fail to disclose a computation of non-economic damages during discovery are not completely barred from requesting non-economic damages at trial. The effect of the Rules is only that they may not request a *specific amount* of non-economic damages, or put on medical evidence to support their request for damages. *See Lucas*, 2011 WL 5148883, at *2 n.4 ("as a strategic election," plaintiffs could decline to disclose a computation of emotional-distress damages and "simply commit[] the claims to the jury without articulation of amount"); *Hovanec*, 331 F.R.D. at 637 ("If . . . the plaintiff intends to leave the determination of emotional distress-related compensatory damages solely to the jury, a Rule 26 disclosure is not required.").[2]

Here, during discovery Plaintiffs did not disclose a computation for non-economic damages under Rule 26.  They did not disclose the amount of non-economic damages that they are seeking, the basis for calculating that amount, or the evidence allegedly supporting that amount.  Accordingly, Plaintiffs may not

---

[2]   *See also Wolgast v. Richards*, No. 05-10278, 2011 WL 3426187, at *4 (E.D. Mich. Aug. 5, 2011) (if plaintiffs choose not to "identify [in discovery] a specific sum to compensate them for injuries that are difficult to categorize, like anxiety or mental distress," then "[t]he amount of compensation that should be awarded for such an injury may appropriately be left to the jury"); *Sandoval*, 267 F.R.D. at 282 (plaintiffs were not required to produce computation "[t]o the extent that plaintiffs do not intend to suggest a specific amount to the jury for emotional distress damages"); *Gray v. Fla. Dep't of Juvenile Just.*, No. 06-cv-990-J-20, 2007 WL 295514, at *1 (M.D. Fla. Jan. 30, 2007) (plaintiff could ask for an amount of emotional-distress damages that the jury believes "is fair under the circumstances" without disclosing a computation).

request a specific amount or range of non-economic damages at trial.  Instead, the amount of those damages, if any, must be entrusted to the jury's discretion.

### B. The Court Should Prohibit Plaintiffs From Requesting A Specific Amount Or Range Of Non-Economic Damages Because Such Requests Are Speculative, Misleading, And Prejudicial

Separately, any request from Plaintiffs' counsel for a specific amount of non-economic damages should be prohibited as speculative, misleading, and prejudicial. As the Third Circuit has noted, requests for specific amounts of non-economic damages are "a masked attempt to import into the trial elements of sheer speculation on a matter which by universal understanding is not susceptible to evaluation on any such basis." *Waldorf v. Shuta*, 896 F.2d 723, 744 (3d Cir. 1990) (prohibiting those requests) (internal quotation marks omitted).

The problem with requests for specific amounts of non-economic damages is that "[a] jury with little or no experience in such matters . . . may give undue weight to the figures advanced by plaintiff's counsel, particularly if he conveys the impression (as frequently happens) that he speaks on the basis of extensive trial experience." *Mileski v. Long Island R.R.*, 499 F.2d 1169, 1172 (2d Cir. 1974).  The jury will not have the "benefit of any counter-figures from other sources," because "defense counsel contesting liability rarely risks being drawn into a discussion of damages, since to do so might weaken his claim of [no] liability." *Id.*  The result is

that the jury will have "only one set of extravagantly high figures, which it may be tempted to treat as evidence rather than as mere argument." *Id.*

These observations are borne out by empirical research. Juror studies have shown that allowing counsel to suggest a specific amount of non-economic damages significantly skews jurors' ultimate damages awards. For example, a mock-jury study showed that exaggerated plaintiff requests for pain-and-suffering damages produced exaggerated awards and concluded that counsel's award recommendations alter jurors' beliefs about what constitutes an acceptable award. *See* Mollie W. Marti & Roselle L. Wissler, *Be Careful What You Ask For: The Effect of Anchors on Personal Injury Damages Awards*, 6 J. Exp. Psych. 91-103 (June 2001). In another study, mock jurors were given a formula to calculate punitive damages. The study found that, when the plaintiff's attorney suggested a range of punitive damages, the mock jurors were more likely to return incorrect formula calculations *as well as* awards that were highly concentrated within the range suggested by counsel, leading researchers to conclude that subjects "in effect ignored the [supplied] mathematical table in assessing punitive damages" and instead "base[d] their judgments largely on the anchoring influence" of counsel's suggested amounts. W. Kip Viscusi, *The*

*Challenge of Punitive Damages Mathematics*, 30 J. Legal Stud. 313, 326, 329 (June 2001).[3]

Jurors are likely to treat any amount suggested by the plaintiff as defining the upper end of the range of permissible amounts, leading the jury to set the award on that scale. That is true regardless of whether that scale bears any relation whatever to the actual scale of reasonable, legally permissible compensation in the particular case. Because the amount sought by a plaintiff is bound to influence the terms of the debate in the jury room, *see Purpura v. Pub. Serv. Elec. & Gas Co.*, 147 A.2d 591, 594-95 (N.J. Super. Ct. 1959), counsel's request for a specific, inevitably large

---

[3]  *See also, e.g.*, Reid Hastie et al., *Juror Judgments in Civil Cases: Effects of Plaintiff's Requests and Plaintiff's Identity on Punitive Damage Awards*, 23 Law & Hum. Behav. 445 (Aug. 1999) (study results demonstrate "anchor-and-adjust" phenomenon in which jurors use counsel's suggested awards as starting point and set damages awards at some discounted compromise figure relative to the suggested amount); Gretchen B. Chapman & Brian H. Bornstein, *The More You Ask For, the More You Get: Anchoring in Personal Injury Verdicts*, 10 Applied Cognitive Psychol. 519, 526 (1996) (study found that mock jurors who were given the same fact pattern but a different numerical anchor consistently gave larger awards in response to the larger requests and that " [t]he overall effect of anchor amount was significant"); Verlin B. Hinsz & Kristin E. Indahl, *Assimilation to Anchors for Damage Awards in a Mock Civil Trial*, 25 J. Applied Soc. Psychol. 991, 1016 (1995) ("The pattern of the effect of anchors was consistent across all three studies; when a dollar value was introduced as an anchor for the jurors, damage awards moved toward the anchor, regardless of its level (i.e., $20,000, $200,000, $2 million, or $20 million) . . . ."); John Malouff & Nicola A. Schutte, *Shaping Juror Attitudes: Effects of Requesting Different Damage Amounts in Personal Injury Trials*, 129 J. Soc. Psychol. 491, 495 (1989) (finding that, "when more money was requested for damages by the plaintiff's attorney, the jurors awarded more" and that the effect "was essentially linear").

9

amount can be expected to result in an artificially inflated verdict that fails to reflect the jury's true intentions.[4]

To illustrate, suppose that in a given case the maximum legally permissible compensatory damages award is $1 million, but the plaintiff's lawyers are permitted to request $10 million. A jury that wishes to impose a moderate award might decide to set the level at 50% of what it believes to be the maximum permissible amount. If it is led by counsel's extravagant demand to believe that the maximum permissible award is in the vicinity of $10 million, it may then set damages at $5 million—a figure that is hardly moderate, but instead is five times the largest allowable award. Moreover, if the jurors had not been misled about the proper scale for compensation and desired to award a moderate amount, they may have awarded $500,000—ten

---

[4] *See Henne v. Balick*, 146 A.2d 394, 398 (Del. 1958) ("the purpose [of suggesting a specific sum as damages] is solely to introduce and keep before the jury figures out of all proportion to those which the jury would otherwise have had in mind, with the view of securing from the jury a verdict much larger than that warranted by the evidence"); *Bechard v. Eisinger*, 481 N.Y.S.2d 906, 908 (App. Div. 1984) (prohibiting counsel from asking jury for specific sum is appropriate in order "to curb the effect of exaggerated demands for damages which could . . . bias [the jury] towards making excessive awards"); *cf. Gresham v. Courson*, 177 So. 2d 33, 39 (Fla. Dist. Ct. App. 1965) ("we would be exceedingly naive should we fail to recognize that as a matter of practice the advocate usually suggests to the jury a figure for damages substantially in excess of the amount that is clearly supportable by the evidence and likewise in excess of the amount which he deems to be supportable in point of law should the jury happen to return a verdict approaching the amount suggested").

10

times less than the extravagant award generated by allowing plaintiff's counsel to change the jury's frame of reference.

Notably, by its very nature, the power of courts to order remittiturs of excessive verdicts does not protect against the prejudice inhering in requests by counsel for excessive sums. That is because the amount of a remittitur is generally the *highest* amount that could reasonably be imposed. But that amount may be far greater than what the jury—intending to award only a moderate or a low award—would have selected had it not been influenced by counsel's request for an excessive sum. In the situation discussed above, for example, the court would reduce the award to the highest legally permissible amount—$1 million—which is twice the "moderate amount" that the jury intended to award. In other words, if the plaintiff is allowed to skew the jury's frame of reference, it undermines the jury's right to set the award at the level it believes is appropriate and instead guarantees that the plaintiff will get the very highest award that is legally allowed regardless of the jury's actual intentions. Remittitur simply cannot address this problem. The only way to protect against this prejudice is to prohibit counsel from requesting a specific amount of non-economic damages in the first place and allow the jury to exercise its discretion unfettered by an inflated request from counsel.

As noted, prohibiting a request for a specific amount of non-economic damages protects not only the defendant but also the jury in exercising its obligation

11

as the finder of fact to select the amount that is proper and just under the circumstances. *See, e.g.*, *Waldorf*, 896 F.2d at 744 ("In the final analysis, a jury trial should be an appeal to the rational instincts of a jury rather than a masked attempt to import into the trial elements of sheer speculation.") (internal quotation marks omitted); *Bennett v. 3 C Coal Co.*, 180 W. Va. 665, 674 (1989) ("the better practice is to avoid mentioning to the jury the amount sued for"). Allowing the plaintiff's counsel to tell the jury what he or she personally thinks is an appropriate amount can only interfere with and distort the jury's natural deliberations.

At the same time, a prohibition against requesting a specific amount of non-economic damages would cause no unfair prejudice to Plaintiffs. Plaintiffs have no right to invite the jury to do something that would be unlawful if actually done. *See Waldorf*, 896 F.2d at 744 (noting that "effective advocacy can occur without employing the overly dramatic approach" of suggesting specific lump-sum damages amount to the jury). If the jury's award is challenged as excessive, Plaintiffs are sure to emphasize that this type of damages is entrusted to the jury's discretion. They can then hardly complain that it be left to the jury's discretion in the first instance.

The Sixth Circuit has recognized the problematic nature of requests for a specific amount of non-economic damages, but has entrusted control over this aspect of closing argument to the trial court. The court observed that "[t]here, indeed, may be situations where argument [suggesting a per diem for pain and suffering] could,

12

and should, vitiate a plaintiff's verdict." *Pa. R.R. v. McKinley*, 288 F.2d 262, 266-68 (6th Cir. 1961).  But the court nevertheless affirmed the verdict returned in *McKinley* following such a request, observing that "[c]ontrol of the conduct of counsel so as to keep it within the limits of legitimate advocacy is primarily the duty and responsibility of the trial judge." *Id.*

Other circuits have either barred requests for a specific amount of non-economic damages outright or recognized their problematic nature while entrusting trial courts with discretion over this aspect of closing arguments. *See, e.g.*, *Bielunas v. F/V Misty Dawn, Inc.*, 621 F.3d 72, 78-79 (1st Cir. 2010) (prohibiting requests for a specific amount of non-economic damages, including arguments that the plaintiff should receive a specific amount for each minute, hour, or day); *Lightfoot v. Union Carbide Corp.*, 110 F.3d 898, 912 (2d Cir. 1997) ("[W]e favor a more flexible approach.  It is best left to the discretion of the trial judge, who may either prohibit counsel from mentioning specific figures or impose reasonable limitations, including cautionary jury instructions."); *Waldorf*, 896 F.2d at 744 (prohibiting requests for a specific amount of non-economic damages); *Mosser v. Fruehauf Corp.*, 940 F.2d 77, 82 (4th Cir. 1991) (disfavoring requests for a specific amount, but declining to reverse based on such a request); *Colburn v. Bunge Towing, Inc.*, 883 F.2d 372, 377 (5th Cir. 1989) ("unit of time" argument for calculating non-

economic damages is allowed, but must be accompanied by specific instruction that arguments of counsel are not evidence and may be disregarded).

This Court should exercise the discretion that the Sixth Circuit has afforded it under *McKinley* to prohibit Plaintiffs from requesting specific amounts of non-economic damages in this case. As the case law and empirical research recognize, there is a grave risk that, if Plaintiffs are allowed to suggest amounts of economic damages, the jury will use the suggested amounts as anchors and return awards that are higher than it would otherwise have selected and that do not represent what the jury actually intends to be doing. That risk is especially pronounced, given the sparsity of evidence that any of the Plaintiffs has suffered significant emotional harm in the past or likely will do so in the future. There is no plausible rationale for allowing Plaintiffs to attempt to skew the jury's frame of reference in this way.

## CONCLUSION

The Court should prohibit Plaintiffs from requesting a specific amount or range of non-economic damages.

14

Respectfully submitted,

**CAMPBELL, CONROY & O'NEIL P.C.   MAYER BROWN LLP**


By: _/s/ James M. Campbell_          By: _/s/ Michael A. Olsen_
James M. Campbell                    Michael A. Olsen
Alaina N. Devine                     71 S. Wacker Dr.
20 City Square, Suite 300            Chicago, IL 60606
Boston, MA 02129                     (312) 701-7120
(617) 241-3000                       molsen@mayerbrown.com
jmcampbell@campbell-trial-lawyers.com
adevine@campbell-trial-lawyers.com

*Attorneys for Veolia North America, LLC, Veolia North America, Inc., and*
*Veolia Water North America Operating Services, LLC*

Dated:  July 22, 2024

15

**CERTIFICATE OF SERVICE**

I hereby certify that on July 22, 2024, I electronically filed the foregoing document

with the Clerk of the Court using the ECF System, which will send notification to

the ECF counsel of record.

By:   _/s/ James M. Campbell_