UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| IN RE FLINT WATER LITIGATION | Case No. 5:16-cv-10444-JEL-MKM<br>Hon. Judith E. Levy |
| This Document Relates To:<br>BELLWETHER III | Case No. 5:17-cv-10164-JEL-KGA |

_____

**DEFENDANTS VEOLIA NORTH AMERICA, LLC, VEOLIA NORTH AMERICA, INC., AND VEOLIA WATER NORTH AMERICA OPERATING SERVICES, LLC'S MOTION TO PROHIBIT PLAINTIFFS, DURING THE CROSS-EXAMINATION OF VNA'S WITNESSES, FROM INTRODUCING INTO EVIDENCE, FOR PURPOSES OTHER THAN IMPEACHMENT, DOCUMENTS THAT HAVE NOT PREVIOUSLY BEEN DISCLOSED OR AUTHENTICATED**

Defendants Veolia North America, LLC, Veolia North America, Inc., and Veolia Water North America Operating Services, LLC (VNA) move to prohibit Plaintiffs, during the cross-examination of VNA's witnesses, from introducing into evidence, for purposes other than impeachment, documents that have not previously been disclosed or authenticated.

As Local Rule 7.1(a) requires, VNA conferred with Plaintiffs' counsel concerning this motion. After VNA explained the nature and legal basis for the motion, Plaintiffs' counsel said that they would oppose it.

1

                                             Respectfully submitted,

**CAMPBELL, CONROY & O'NEIL P.C.**   **MAYER BROWN LLP**


By: */s/ James M. Campbell*            By: */s/ Michael A. Olsen*
James M. Campbell                       Michael A. Olsen
Alaina N. Devine                        71 S. Wacker Dr.
20 City Square, Suite 300               Chicago, IL 60606
Boston, MA 02129                        (312) 701-7120
(617) 241-3000                          molsen@mayerbrown.com
jmcampbell@campbell-trial-lawyers.com
adevine@campbell-trial-lawyers.com

*Attorneys for Veolia North America, LLC, Veolia North America, Inc., and Veolia Water North America Operating Services, LLC*

Dated:  July 22, 2024

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| IN RE FLINT WATER LITIGATION | Case No. 5:16-cv-10444-JEL-MKM <br> Hon. Judith E. Levy |
| This Document Relates To: <br> BELLWETHER III | Case No. 5:17-cv-10164-JEL-KGA |

_____

**DEFENDANTS VEOLIA NORTH AMERICA, LLC, VEOLIA NORTH AMERICA, INC., AND VEOLIA WATER NORTH AMERICA OPERATING SERVICES, LLC'S BRIEF IN SUPPORT OF THEIR MOTION TO PROHIBIT PLAINTIFFS, DURING THE CROSS-EXAMINATION OF VNA'S WITNESSES, FROM INTRODUCING INTO EVIDENCE, FOR PURPOSES OTHER THAN IMPEACHMENT, DOCUMENTS THAT HAVE NOT PREVIOUSLY BEEN DISCLOSED OR AUTHENTICATED**

## STATEMENT OF THE ISSUE PRESENTED

1. Should the Court prohibit Plaintiffs, during the cross-examination of VNA's witnesses, from introducing into evidence, for purposes other than impeachment, documents that have not previously been disclosed or authenticated?

   **VNA answers:** "Yes."

   **Plaintiffs answer:** "No."

i

## CONTROLLING OR MOST APPROPRIATE AUTHORITIES

*Norris v. MK Holdings, Inc.*, 734 F. App'x 950 (6th Cir. 2018).

Fed. R. Civ. P. 26(a)(3)(A)(iii).

Fed. R. Civ. P. 37(c)

**INTRODUCTION**

During the cross-examination of VNA's witnesses in the Bellwether I trial, Plaintiffs' counsel introduced into evidence, for purposes other than impeachment, documents that have not previously been disclosed or authenticated. That violated of Federal Rule of Civil Procedure 26, Local Rule 16.2, and this Court's Scheduling Order. This motion seeks an order from the Court prohibiting Plaintiffs from engaging in such conduct during the upcoming trial.

**ARGUMENT**

Under Rule 26 of the Federal Rules of Civil Procedure, a party must provide to the other parties and promptly file with the Court "an identification of each document or other exhibit, including summaries of other evidence—separately identifying those items the party expects to offer and those it may offer if the need arises." Fed. R. Civ. P. 26(a)(3)(A)(iii). Rule 26 further provides that a party must supplement its disclosure "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Fed. R. Civ. P. 26(e)(1)(A). Under Federal Rule of Civil Procedure 37(c), "[i]f a party fails to provide information . . . as required by Rule 26(a) . . . , the party is not allowed to use that information . . . at a trial, unless the failure was substantially justified or is harmless." This does not

1

require that the moving party show prejudice. "[R]ather, the burden is on the non-moving party to show that the non-disclosure was harmless or substantially justified." *SPX Corp. v. Bartec USA, LLC*, 574 F. Supp. 2d 748, 748 (E.D. Mich. 2008) (citing *Dickenson v. Cardiac & Thoracic Surgery of E. Tenn., P.C.*, 388 F.3d 976, 983 (6th Cir. 2004)).

In line with Federal Rule of Civil Procedure 26(a)(3), a Joint Final Pretrial Order is required to be filed in every civil case filed in this district. *See* E.D. Mich. LR 16.2. The Joint Final Pretrial Order requires each party to "number and list, with appropriate identification, each exhibit, including summaries, as provided in Federal Rule of Civil Procedure 26(a)(3)." *Id.* If a party fails to identify an exhibit in a Joint Final Pretrial Order, "Local Rules and the Federal Rules of Civil Procedure preclude that party from introducing that exhibit at trial, unless the exhibit could not 'reasonably be anticipated before trial, or, except for good cause shown' or if 'the failure [to disclose] was substantially justified or is harmless.'" *Paris v. Murray*, No. 10-cv-10847, 2012 WL 13005307, at *2 (E.D. Mich. Aug. 7, 2012) (quoting E.D. Mich. LR 16.2(9); Fed. R. Civ. P. 37(c)(1)). In this case, the Joint Final Pretrial Order must be filed by September 16, 2024. *See* Scheduling Order, ECF No. 3030, PageID.102408.

During the first bellwether trial, Plaintiffs used and introduced as evidence several undisclosed documents. For example, Dr. Gaitanis, a pediatric neurologist

and one of VNA's expert witnesses, testified that, based on his review of the four plaintiffs' histories and medical records—most importantly, their blood lead levels—none of the plaintiffs had medically significant lead exposure. July 6, 2022 Trial Tr. 45-46, ECF No. 934, PageID.67855-67856. Dr. Gaitanis also noted that none of the plaintiffs had blood levels that approached the reference value set by the Centers for Disease Control ("CDC") at that time. *Id.*. While cross-examining Dr. Gaitanis, Plaintiffs' counsel introduced undisclosed, unauthenticated printouts from the CDC website. July 7, 2022 Trial Tr. 7-27, ECF No. 935, PageID.68032-68052. Plaintiffs' counsel also introduced undisclosed, unauthenticated reports by the Michigan Department of Environmental Quality about sampling results for lead levels at the various schools the plaintiffs had attended. *See, e.g.*, July 6, 2022 Trial Tr. 101, 107-110, 209, ECF No. 934, PageID.67911, 67917-67920, 68019.

Plaintiffs' counsel conceded that the exhibits had not been disclosed, and that he was not using the exhibits for impeachment, merely for "cross-examination of [VNA's] expert." July 7, 2022 Trial Tr. 11, ECF No. 935, PageID.68036. But the Court overruled VNA's objections to introduction of the documents. *See, e.g.*, *id.* at 9, PageID.68034. Plaintiffs' counsel were therefore permitted to introduce undisclosed affirmative evidence in support of their claims, and VNA was deprived of fair notice and procedural safeguards that the federal and local Rules of Civil Procedure are meant to provide.

Plaintiffs' previous failures to meet their disclosure obligations—instead, blindsiding VNA with undisclosed evidence during trial rather than disclosing it when required—warrant prohibiting such conduct in the upcoming trial. Courts "enjoy great latitude" in levying sanctions against a party for failing to disclose evidence in accordance with the court's scheduling orders. *Hensley v. Bossio*, No. 23-5606, 2024 WL 2799261, at *7 (6th Cir. May 31, 2024) (internal citation and quotation marks omitted); *see* Fed. R. Civ. P. 16(f)(1)(C) (stating that a court "may issue any just orders" if a party "fails to obey a scheduling or other pretrial order"). It follows that they also have the power to issue orders to prevent violations in the first place. And here, Plaintiffs have no excuse not to comply, because the deadline for filing the Joint Final Pretrial Order has not yet passed. Moreover, VNA relies on Plaintiffs' representations in preparing for trial. It would unfairly prejudice VNA's defense to allow Plaintiffs to introduce undisclosed and unauthenticated evidence. *See, e.g.*, *Norris v. MK Holdings, Inc.*, 734 F. App'x 950, 958 (6th Cir. 2018).

"The integrity of our adversarial system of justice depends upon scrupulous adherence to the procedural rules requiring each party to give fair notice of the testimony and materials it intends to present at trial." *Amerisure Ins. Co. v. Ex-Cell-O Corp.*, No. 96-2082, 1998 WL 30817, at *4 (6th Cir. Jan. 22, 1998). Federal Rule of Civil Procedure 26 and Local Rule 16.2, along with this Court's own Scheduling Order, require that Plaintiffs abide by such fair notice. This Court should ensure that

4

Plaintiffs are unable to engage in tactical gamesmanship that disregards this Court's own pre-trial instructions, wastes the jury's time, and prejudices VNA, by entering an order prohibiting such behavior.

## CONCLUSION

The Court should prohibit Plaintiffs, during the cross-examination of VNA's witnesses, from introducing into evidence, for purposes other than impeachment, documents that have not previously been disclosed or authenticated.

Respectfully submitted,

**CAMPBELL, CONROY & O'NEIL P.C.**  **MAYER BROWN LLP**

By: */s/ James M. Campbell*  
James M. Campbell  
Alaina N. Devine  
20 City Square, Suite 300  
Boston, MA 02129  
(617) 241-3000  
jmcampbell@campbell-trial-lawyers.com  
adevine@campbell-trial-lawyers.com  

By: */s/ Michael A. Olsen*  
Michael A. Olsen  
71 S. Wacker Dr.  
Chicago, IL 60606  
(312) 701-7120  
molsen@mayerbrown.com  

*Attorneys for Veolia North America, LLC, Veolia North America, Inc., and Veolia Water North America Operating Services, LLC*

Dated: July 22, 2024

**CERTIFICATE OF SERVICE**

I hereby certify that on July 22, 2024, I electronically filed the foregoing document with the Clerk of the Court using the ECF System, which will send notification to the ECF counsel of record.

By:  */s/ James M. Campbell*