UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| IN RE FLINT WATER LITIGATION | Case No. 5:16-cv-10444-JEL-EAS<br>Hon. Judith E. Levy, District Judge |
| This Document Relates To:<br>BELLWETHER III | Case No. 5:17-cv-11166-JEL-KGA |

_____

**STIPULATION REGARDING PROPOSED**
***IN LIMINE* RULINGS FOR THE BELLWETHER III TRIAL**

Bellwether III Plaintiffs and Defendants Veolia North America, LLC, Veolia North America, Inc., and Veolia Water North America Operating Services, LLC (collectively, the Parties) hereby stipulate and agree to the following *in limine* evidentiary preclusions and limitations at the Bellwether III trial. The Parties respectfully request that the Court enter an order adopting the agreement of the Parties as follows:

1. <u>Privileged communications.</u> Except where the Court rules otherwise, the Parties shall not introduce evidence or argument before the jury as to the content of any attorney-client privileged or confidential communications, or the lack thereof. Counsel shall refrain from asking questions that may tend to require an attorney or witness to divulge a privileged or client confidential communication, or which may tend to require an attorney or witness to have to object on answering on such grounds. The Parties agree that oral or written communications between any third

1

party and counsel, which are non-privileged and non-confidential, may be inquired into, subject to objection on relevancy or other ground.

2. <u>Motions *in limine*.</u> Except as provided herein, the Parties shall not refer before the jury to the filing of any motion *in limine* or the fact that the Court has excluded certain evidence, argument, or proof of matters whether by order or by stipulation. The Parties will not introduce evidence or make any reference before the jury of the fact that ad party sought to exclude evidence or argument or prohibit certain proofs at trial. The Parties will not make any reference before the jury to the fact that counsel for any party may have declined or refused to stipulate to any matter. Exception: The Parties may object to the violation of any order limiting or excluding argument, but will do so in summary fashion (*e.g.*, by stating "Objection, motion in *limine*").

3. <u>Substantive questions by witnesses.</u> Witnesses shall not ask any substantive questions before the jury directed to the adverse party's counsel, except for questions that are clarifying or explanatory in nature.

4. <u>Pre-trial motions.</u> Except as provided herein, the Parties shall not make reference before the jury to the fact that a party filed a motion for summary judgment or a motion to dismiss; that a Party opposed any such motion; or that the Court granted or denied any such motion. Exception: The Parties may object to the

violation of one of the Court's rulings on a pre-trial motion, but will do so in summary fashion (*e.g.*, by stating "Objection, summary judgment").

5. <u>Attorney objections to deposition testimony.</u>  In reading or playing videotaped depositions, the Parties shall not introduce any attorney's objections, comments, side bars, or responses to objections made during the depositions, except as required to clarify the testimony presented.

6. <u>Religious beliefs, etc., of any party or witness.</u>  The Parties shall not make any reference before the jury to the religious beliefs, political party affiliation, race, ethnicity, or sexual orientation of any Party or witness.

7. <u>Dr. Sample's board examinations.</u>  The Parties shall not elicit testimony from Dr. Sample regarding board examinations which she did not pass on her first attempt.

8. <u>"Golden rule" arguments.</u>  The Parties shall not ask the jury to place itself in the shoes of Plaintiffs or their families.

9. <u>*60 Minutes* report.</u> The Parties and their experts shall not elicit testimony, introduce, or make any reference to the *60 Minutes* report referenced in Dr. Bithoney's expert reports.

10. <u>Other medical conditions.</u>  The Parties and their experts shall not elicit testimony, introduce evidence, or make any reference to any specific health condition that the parties' experts do not contend that a Plaintiff either already has

developed or is likely to develop in the future. Solely for the purpose of establishing the public health importance of preventing the lead contamination of drinking water, the Parties' experts may testify in general terms, without identifying any specific health condition, that exposure to lead can cause several health conditions that Plaintiffs do not suffer from, but the Parties and their experts may not imply that any Plaintiff will suffer from such additional health conditions.[1]

11. <u>Dr. Specht Letterhead and References to Harvard and Purdue.</u> The Parties agree that Dr. Specht shall remove any reference to Harvard and Purdue from his materials that will be presented to the jury. References to Dr. Specht's affiliations to Harvard and Purdue shall be made only in connection with and to explain Dr. Specht's background and qualifications, and either Party may clarify that Dr. Specht's work related to the Flint water litigation is not being done through, or sponsored by, either of these universities.

All other evidentiary issues not included herein may be separately addressed by either Party through the filing of motions *in limine* or at the time of trial, as appropriate. The Parties agree to raise any matters related to these *in limine* rulings with the opposing party's counsel outside the presence of the jury so that opposing counsel may timely object, if appropriate.

---

[1] The Court's ruling regarding descriptions of conditions in conjunction with testing is not barred under this stipulation. *See, e.g.,* ECF No. 3033, PageID.102537-38.

Dated:  July 23, 2024                                Respectfully submitted,

| | |
|---|---|
| **CAMPBELL, CONROY & O'NEIL P.C.** | **MAYER BROWN LLP** |
| By:  */s/ James M. Campbell* | By:  */s/ Michael A. Olsen* |
| James M. Campbell | Michael A. Olsen |
| Alaina N. Devine | 71 S. Wacker Dr. |
| 20 City Square, Suite 300 | Chicago, IL 60606 |
| Boston, MA 02129 | (312) 701-7120 |
| (617) 241-3000 | molsen@mayerbrown.com |
| jmcampbell@campbell-trial-lawyers.com | |
| adevine@campbell-trial-lawyers.com | |

*Attorneys for Veolia North America, LLC, Veolia North America, Inc., and Veolia Water North America Operating Services, LLC*

| | |
|---|---|
| **LEVY KONIGSBERG LLP** | **NAPOLI SHKOLNIK PLLC** |
| By:  */s/ Corey M. Stern* | By:  */s/ Hunter J. Shkolnik* |
| Corey M. Stern | Hunter J. Shkolnik |
| Moshe Maimon | Patrick Lanciotti |
| Melanie Daly | 360 Lexington Ave., 11th Floor |
| 605 Third Ave., 33rd Floor | New York, New York 10017 |
| New York, New York 10158 | (212) 397-1000 |
| (212) 605-6298 | hunter@nsprlaw.com |
| cstern@levylaw.com | |

*Attorneys for Bellwether III Plaintiffs*