UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| IN RE: FLINT WATER CASES | Case No. 5:16-cv-10444-JEL-MKM<br>Hon. Judith E. Levy, District Judge |
| This Document Relates To:<br>BELLWETHER III | Case No. 5:17-cv-10164-JEL-KGA |

**DEFENDANTS VEOLIA NORTH AMERICA, LLC, VEOLIA NORTH AMERICA, INC., AND VEOLIA WATER NORTH AMERICA OPERATING SERVICES, LLC'S RESPONSE TO NON-PARTY WITNESS WARREN GREEN'S MOTION FOR PROTECTIVE ORDER**

Defendants Veolia North America, LLC, Veolia North America, Inc., and Veolia Water North America Operating Services, LLC (VNA) oppose Non-Party Witness Warren Green's Motion For Protective Order in part, and agree with it in part. Mr. Green seeks a protective order "direct[ing] the parties to use [his] prior deposition and trial testimony at their upcoming trial" or, in the alternative, setting limits on the length and scope of his deposition scheduled for August 14, 2024 in Lombard, Illinois. Mot. for Protective Order (Mot.) 2-3, ECF No. 3035, PageID.102625-102626.

As the Court knows, VNA designated Mr. Green as a non-retained expert for the Bellwether III trial. Mr. Green is not a retained expert, but he worked on water issues for the City of Flint and has scientific, technical, or other specialized knowledge, so he can offer opinion testimony. *See* Fed. R. Evid. 702(a). VNA

1

sought to use Mr. Green's prior deposition and trial testimony at the upcoming bellwether trial instead of re-deposing him now—just as Mr. Green now requests.

But Plaintiffs objected to portions of that prior testimony on the ground that they (or their predecessors-in-interest) did not have an adequate motive and opportunity to question Mr. Green *as a non-retained expert*.  In response to Plaintiffs' objection, the Court ruled that VNA could use those portions of Mr. Green's prior testimony if it arranged another deposition so that Plaintiffs would have an opportunity to question him as an expert.  Mar. 20, 2024 Hrg. Tr. 46, ECF No. 2901, PageID.95101 ("[I]f VNA wishes to track [Mr. Green and other out-of-jurisdiction non-retained experts] down, . . . you have every ability to do [so] . . . . [Those experts are] available to be served with a notice and a subpoena for a deposition in their jurisdiction.  Then you'll just notify plaintiffs and they'll have the opportunity and the motives to be prepared for expert testimony.").

That is exactly what VNA did.  On July 8, 2024, VNA served Mr. Green with a deposition subpoena issued out of the Northern District of Illinois.  The subpoena requires Mr. Green to appear for a deposition in the Chicago area, where he lives, on August 14, 2024.  VNA served the subpoena solely to comply with the Court's March 20 order—*i.e.*, to provide Plaintiffs another opportunity to question him on issues related to VNA's non-retained expert disclosures.

2

Mr. Green objects to the deposition, arguing that he should not be subjected to "repetitive depositions" "regarding topics already fully explored." Mot. 7, PageID.102630. But the Court already has addressed and rejected that argument: The Court held that Plaintiffs did not have a similar motive and opportunity to question Mr. Green as a non-retained expert at his prior deposition and at trial, which necessarily means that Mr. Green's prior deposition and trial did not "fully explore" his testimony. Mar. 20, 2024 Hrg. Tr. 45-46, ECF No. 2901, PageID.95100-95101.

Plaintiffs also have indicated that they object to Mr. Green's deposition, similarly noting that Mr. Green already has been deposed. *See* Ex. 1, E-mail from C. Stern (June 28, 2024). Plaintiffs' objection is puzzling, given that Plaintiffs previously insisted that they had lacked the motive to cross-examine Mr. Green as a non-retained expert at his prior deposition, and demanded that VNA "produce[] [him] for an expert discovery deposition" before any of Mr. Green's expert testimony could be used at trial. Ex. 2, Pls. Response to VNA's Submission re. Non-Retained Experts 2 (Nov. 27, 2023). Plaintiffs cannot have it both ways. They cannot both object that they did not have a motive and opportunity to previously cross-examine Mr. Green while also resisting a deposition that would allow them to do just that. If Plaintiffs now would agree not to object to VNA's use of Mr. Green's prior deposition and trial testimony at the Bellwether III trial on the basis that it is expert testimony, VNA would agree to forgo Mr. Green's deposition.

3

Mr. Green also objects to the length of the deposition, noting that Plaintiffs have proposed a two-day deposition. Mot. 1, PageID.102624. VNA agrees that the two-day deposition that Plaintiffs proposed is unnecessary. VNA already has provided Plaintiffs with the portions of Mr. Green's prior testimony that VNA seeks to use (and identified the arguably opinion testimony therein), and Plaintiffs already have questioned Mr. Green extensively on those subjects. *See* VNA Submission Regarding Non-Retained Experts 8-9 (Nov. 10, 2023). Any additional questioning by Plaintiffs thus should be limited. VNA accordingly suggests that the Court limit Mr. Green's deposition to one day of seven hours, as contemplated by Fed. R. Civ. P. 30(d)(1).

## CONCLUSION

The Court should limit Mr. Green's deposition to one day of seven hours, and otherwise deny the motion.

                                                           Respectfully submitted,

| | |
|---|---|
| CAMPBELL CONROY & O'NEIL, P.C. | MAYER BROWN LLP |
| /s/ James M. Campbell | /s/ Michael A. Olsen |
| James M. Campbell | Michael A. Olsen |
| 20 City Square, Suite 300 | 71 South Wacker Drive |
| Boston, MA 02129 | Chicago, IL 60606 |
| (617) 241-3000 | (312) 701-7120 |
| jmcampbell@campbell-trial-lawyers.com | molsen@mayerbrown.com |

*Attorneys for Veolia North America, LLC, Veolia North America, Inc., and Veolia Water North America Operating Services, LLC*

Dated: July 24, 2024

## CERTIFICATE OF SERVICE

I hereby certify that, on July 24, 2024, I electronically filed this document with the Clerk of the Court using the ECF system, which will send notification to the ECF counsel of record.

By:   */s/ James M. Campbell*
James M. Campbell
jmcampbell@campbell-trial-lawyers.com