UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

*In re* Flint Water Cases.

_____/

Judith E. Levy
United States District Judge

This Order Relates To:

ALL CASES

_____/

# ORDER GRANTING IN PART NON-PARTY WITNESS WARREN GREEN'S MOTION FOR PROTECTIVE ORDER [3035]

Before the Court is non-party Warren Green's motion for a protective order ("Motion"). (ECF No. 3035.) Mr. Green seeks a protective order related to a subpoena for a deposition that he received from Defendants Veolia North America, LLC, Veolia North America, Inc., and Veolia Water North America Operating Services, LLC (collectively, "VNA"). (*Id.* at PageID.102624.) Mr. Green requests that the Court protect him from having to sit for another deposition, or, alternatively, that the Court limit the "time [of the deposition to three hours] and [the] scope of the deposition in general and specifically as to his designation as a non-retained expert." (*Id.* at PageID.102625–102626.) VNA responds

that the Court "should limit Mr. Green's deposition to one day of seven hours, and otherwise deny the motion." (ECF No. 3068, PageID.105747.)

Under Rule 26,

> [a] party or any person from whom discovery is sought may move for a protective order in the court where the action is pending. . . . The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense[.]

Fed. R. Civ. P. 26(c)(1). The Rule then provides a non-exhaustive list of options a court may choose when crafting a protective order.

Mr. Green explains that he has "already testified in five separate settings (two criminal examining trials, two civil depositions, and at trial) covering thirteen days, more than 2,200 pages of transcribed testimony and 234 exhibits." (ECF No. 3035, PageID.102625.) Of that testimony, he explains, six days of it—amounting to over 1,400 pages of testimony—were videotaped. (*Id.*)

VNA seeks to depose Mr. Green as a non-retained expert, because they wish to introduce his opinion testimony at trial. (ECF No. 3068, PageID.105744.) Mr. Green lives outside the Court's jurisdiction and will not voluntarily travel to the Eastern District of Michigan for the upcoming trial. He is therefore "unavailable" to testify at trial. Under

2

Federal Rule of Evidence 804, former testimony from unavailable witnesses can be offered at trial if the former testimony "is now offered against a party who had—or, in a civil case, whose predecessor in interest had—an opportunity and similar motive to develop it by direct, cross-, or redirect examination." Fed. R. Civ. P. 804(b)(1)(B).

On March 20, 2024, the Court ruled that if Mr. Green was unavailable to testify live at trial, VNA could not present expert opinion testimony offered when Mr. Green was designated as a fact witness. (ECF No. 2901, PageID.95106.) The Court held that VNA would not be able to present any expert opinions from Mr. Green's previous deposition or trial testimony. (*Id.* ("I'm going to exclude all of the witnesses' expert opinions [from past testimony where they were designated as fact witnesses].").) It also held that allowing such testimony to be offered at trial would violate the rules against hearsay, because Rule 804(b)(1)(B) requires that there be an opportunity and similar motive to develop testimony "*at the deposition* [or trial]" from which a party wants to introduce testimony.[1] (*Id.* at PageID.95103.)

---

[1] At the March 20, 2024 status conference, VNA argued that opportunities to develop testimony *after* the deposition or trial where it was elicited could render that testimony admissible under Rule 804. (ECF No. 2901, PageID.95102.) The Court

3

The Court ruled that if Mr. Green is not available at trial, a party wishing to introduce his expert opinions would have to issue a subpoena for his deposition and provide the opposing party with opportunity and similar motive to cross-examine Mr. Green as an expert witness. (*Id.* at PageID.95101.) If a party did so, then expert testimony from that deposition would fall under the hearsay exception in Rule 804(b)(1). On June 27, 2024, over three months after the Court's ruling, VNA issued a subpoena for the deposition of Mr. Green that was set to take place on August 14, 2024. (ECF No. 3035-1.)

Mr. Green has been subject to exhaustive questioning. Thus far, Mr. Green has only testified as a fact witness. VNA has now chosen a different strategy: calling him as an expert. That strategic choice does not justify imposing significantly more burden on a witness who has already testified at great length over many years.

---

rejected that reading of the rule but indicated VNA could provide the Court with a case to support its position. (*Id.* at PageID.95104–95105.) It has never done so, including in VNA's brief in response to Mr. Green's motion for a protective order, which cites no cases whatsoever. (ECF No. 3068.) Accordingly, the Court will not reconsider its previous ruling. Expert opinions offered in Mr. Green's prior depositions or trial testimony during which he was designated as a fact witness are inadmissible hearsay.

4

The Court will therefore allow VNA to depose Mr. Green under strict time limits. The deposition is limited to three hours, split evenly between VNA and Bellwether III Plaintiffs.

The parties may only question Mr. Green in his capacity as a non-retained expert to elicit opinions based on his scientific, technical, or other specialized knowledge. The parties are reminded that a non-retained expert's testimony is limited to opinions they developed, if any, from their prior firsthand knowledge and observations. *See Deere & Co. v. FIMCO Inc.*, 239 F. Supp. 3d 964, 979–81 (W.D. Ky. 2017) (analyzing when a witness counts as a non-retained expert). They cannot testify to opinions developed based on facts supplied by others in preparation for trial. *Id.* at 981. They must also be properly qualified as an expert. *See* Fed. R. Civ. P. 26(a)(2)(C)(i).

Accordingly, the motion for a protective order is GRANTED IN PART.

IT IS SO ORDERED.

Dated: July 30, 2024                          s/Judith E. Levy
Ann Arbor, Michigan                     JUDITH E. LEVY
                                                United States District Judge

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on July 30, 2024.

                                      s/William Barkholz
                                      WILLIAM BARKHOLZ
                                      Case Manager