# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

*In re* Flint Water Cases            Hon. Judith E. Levy
5:16-cv-10444/17-cv-10164          United States District Judge

_____/

This Motion Relates to:

*Bellwether III Cases*

_____/

**BELLWETHER III PLAINTIFFS' RESPONSE TO THE VEOLIA DEFENDANTS' MOTION TO EXCLUDE HYPOTHETICAL QUESTIONS DIRECTED AT FACT WITNESSES AND TO PROHIBIT PLAINTIFFS FROM ASKING FACT WITNESSES ABOUT THEIR PERSONAL VIEWS REGARDING WHAT VEOLIA SHOULD HAVE DONE DIFFERENTLY IN FLINT**

## TABLE OF CONTENTS

## TABLE OF CONTENTS

INTRODUCTION ............................................................................................... 1
LEGAL STANDARD ........................................................................................ 1
BACKGROUND & ARGUMENT ...................................................................... 2
CONCLUSION .................................................................................................... 6

## INTRODUCTION

Veolia North America, LLC, Veolia North America, Inc., and Veolia Water North America Operating Services, LLC (collectively "Veolia") seeks to exclude what it broadly defines as hypothetical questions. ECF No.[1] 3061 (Veolia Mot.).[2] Specifically, Veolia seeks to exclude questions directed at federal, state, and local government officials and other fact witnesses about: (i) what they would have done differently under a different set of facts; and (ii) whether they expected Veolia to share certain information or advice given the information Veolia had access to. The Court has already denied Veolia's attempts to exclude such evidence in both the Bellwether I and Class trial; and Veolia does not set forth any reason whatsoever why the Court should do so differently here.

## LEGAL STANDARD

"The court has the power to exclude evidence in limine *only* when evidence is clearly inadmissible on all potential grounds." *Ind. Ins. Co. v. GE*, 326 F. Supp. 2d 844, 846 (N.D. Ohio 2004) (emphasis added); *see also Jonasson v. Lutheran Child & Family Servs.*, 115 F.3d 436, 440 (7th Cir. 1997) (observing that a motion

---

[1] Unless otherwise noted, ECF citations refer to Case No. 16-cv-10444.
[2] ECF No. 3061, (Motion To Exclude Hypothetical Questions Directed At Fact Witnesses And To Prohibit Plaintiffs From Asking Fact Witnesses About Their Personal Views Regarding What Vna Should Have Done Differently In Flint, hereafter "Veolia Mot.").

1

*In Limine* is appropriate when it can "eliminate from further consideration evidentiary submissions that clearly ought not be presented to the jury because they clearly would be inadmissible for any purpose").

"Unless evidence meets this high standard, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy and potential prejudice may be resolved in proper context." *Ind. Ins. Co.*, 326 F. Supp. 2d at 846. "[W]ithout the context of trial," the court may be "unable to determine whether the evidence in question should be excluded." *Id.*; *see also Jonasson*, 115 F.3d at 440 ("Some evidentiary submissions . . . cannot be evaluated accurately or sufficiently by the trial judge in such a [pretrial] procedural environment. In these instances, it is necessary to defer ruling until during trial, when the trial judge can better estimate its impact on the jury"). Courts are "almost always better situated during the actual trial to assess the value and utility of evidence." *Wilkins v. Kmart Corp.,* 487 F. Supp. 2d 1216, 1218 (D. Kan. 2007).

## BACKGROUND & ARGUMENT

Before the Bellwether I trial, Veolia moved to exclude certain hypothetical questions to witnesses in the Bellwether I case. BW1,[3] ECF No. 497 (Veolia BW1 MIL Re: Hypotheticals). At the time, Veolia had already raised a similar argument

---

[3] Citations to BWI refer to Case No. 5:17-cv-10164.

2

in their motion for summary judgment. Veolia argued that documented evidence exists showing that the City and Government officials would not have listened even if Veolia had told them to implement the solutions that would have ended the water crisis. And that the Court should not consider the testimony from Government officials where the officials explained the opposite—that they *would have* heeded such warnings had they better understood the issues and had Veolia adequately explained these options. BW1, ECF No. 606 (BW1 Order Denying Summary Judgment & Veolia MIL Re: Hypotheticals) at 42719–21. Veolia complained that this kind of testimony was inadmissible under Federal Rule of Evidence 701(a) as self-serving, after-the-fact speculation. The Court rejected this argument, explaining that:

> In the unique factual circumstances of this failure to warn case, the Court is not persuaded that Rule 701 requires the exclusion of testimony as to what City of Flint officials would have done with a proper warning. First, while such testimony is not based on observations, it is arguably based on the witness' "first-hand knowledge" of their own decision making process. []. More importantly, the Sixth Circuit recently relied on very similar hypothetical, self-serving testimony to reverse a grant of summary judgment in a failure to warn case. In *Payne v. Novartis Pharmaceuticals Co.*, 767 F.3d 526 (6th Cir. 2014), the plaintiff alleged that certain medications destroyed her jaw bones. Plaintiff brought suit against the manufacturer for its failure to warn her physician of this potential side-effect. *Id.* at 527. The Sixth Circuit held that: "two factual issues carry the plaintiffs past summary judgment: Payne's doctor made clear that he would have warned Payne had he known that [these medications] can destroy a patient's jaw bones, and Payne testified that she would not have taken the drugs had she been aware of the risk of this side effect." *Id.* at 528. This testimony is at least as hypothetical and self-serving as the testimony at issue here.

3

*Id.* at PageID.42722.

The Court further ruled that the arguments raised in Veolia's *in limine* motion—which repeated the summary judgment arguments——were without merit, and as such, "Plaintiffs may present the testimony of City officials about what they would have done, had Veolia issued the urgent recommendation to implement corrosion inhibitors or return to DWSD." *Id.* at PageID. 42723–24. The Court further explained that testimony about what City and Government officials would have done differently had Veolia provided proper advice "is arguably based on the witness' 'first-hand knowledge' of their own decision-making process" because they were directly involved in receiving and evaluating Veolia's advice and work product. *Id.*

Before the Class trial, Veolia re-filed the same motion in *limine* that the Court rejected in Bellwether I, asking the Court to reconsider its prior decision (without raising any new arguments in support). Compare ECF No. 2697 (Veolia Hypothetical MIL in Class), *with* BW1, ECF No. 497 (Veolia Hypothetical MIL in BW1). The Court rejected these arguments once again, reasoning that the witnesses have "have a personal knowledge factual basis to answer these questions, and that won't change or impact the duty in the case or -- and also won't call for speculation. And there will be plenty of jury instructions to help the jury

4

assess credibility." ECF No. 2822 (Class MIL Hearing Tr.) at PageID.93668.[4]

Now, in the Bellwether III case, Veolia files another motion that is virtually identical to that filed in the Class case (which in turn was almost identical to their motion from BW1). Indeed, there are only a few lines in the entire motion that are different, and there are no substantive differences whatsoever. *See* Plaintiffs' Ex.1, (Highlighted Motion).[5] Because Veolia raises identical arguments, Plaintiffs incorporate by reference the opposition from BW1 and from the Class Plaintiffs. ECF No. 2747 (Class Plaintiffs' MIL Response in Class), *and* BW1, ECF No. 549 (Plaintiffs' MIL Response in BW1).

Most importantly, the overall takeaway is as follows: Evidence of what Flint City officials would have personally done had Veolia warned the City of the imminent dangers of lead contamination in Flint's water supply is unquestionably

---

[4] As the Court stated:
> And the jury will decide it. They'll have jury instructions on circumstantial evidence, which this is very similar to. If I had known the product was broken and defective, what -- would I have used it?

*Id.* at PageID.93661.

[5] Again, Veolia's motion focuses on argument that government and other fact witnesses are not entitled to testify about their own perception of what they would do with information that could have been provided to them. They allege this is "speculation" and "hypothetical." Veolia Mot. at PageID.105537–45. The only substantive change is that Veolia has now omitted their 403 argument and cites to cross-examination from Bellwether Plaintiffs' counsel (rather than Class Plaintiffs' counsel) in the background of the motion. *Id.* at PageID. 105533–34. This does not change the applicability of the Court's prior reasoning, because the type of questions identified are exactly the same that Veolia raised in BW1 and the Class case.

5

relevant to disputed facts surrounding whether Veolia breached its duty of care and to the element of causation. Similarly, a witness's testimony on his or her personal perception of Veolia's conduct (including the statements they heard, the work product and advice received, and what they would have expected Veolia to share or advise or do) are all within the purview of the witness's personal experience and highly probative of facts that Veolia raises in dispute (e.g., whether Veolia gave certain recommendations or whether the officials would have listened to such recommendations).

This reasoning is entirely consistent with what the Court has already twice held in denying Veolia's identical requests. Therefore, the Court should deny Veolia's identical arguments for the same reasons it has already applied in Bellwether I and the Class trial.[6]

## CONCLUSION

Therefore, Plaintiffs respectfully request that the Court deny the Veolia's Motion.

Dated:   August 13, 2024                                   Respectfully submitted,

**LEVY KONIGSBERG LLP**                                    **NAPOLI SHKOLNIK PLLC**

---

[6] *See 3A Composites USA, Inc. v. United Indus., Inc.*, No. 5:16-CV-5017, 2017 WL 5991968, at *2 (W.D. Ark. Sept. 18, 2017) ("Most of the motions currently pending in the instant case are simply renewals of the parties' respective positions on identical requests for relief in the previous case, and the Court's rulings on those motions will be identical to its rulings on the same issues in the previous case.").

6

| | |
|---|---|
| /s/Corey M. Stern | /s/ Hunter J. Shkolnik |
| Corey M. Stern | Hunter J. Shkolnik |
| Melanie Daly | Patrick Lanciotti |
| Kiersten Holms | 360 Lexington Ave., 11th Floor |
| 605 Third Ave., 33rd Floor | New York, New York 10017 |
| New York, New York 10158 | (212) 397-1000 |
| (212) 605-6298 | hunter@nsprlaw.com |
| cstern@levylaw.com | |

***ATTORNEYS FOR PLAINTIFFS***

7

## CERTIFICATE OF SERVICE

I hereby certify that on August 13, 2024 I electronically filed this document with the Clerk of the Court using the ECF System, which will send notification to the ECF counsel of record.

**LEVY KONIGSBERG, LLP**

/s/ Melanie Daly
MELANIE DALY