## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

*In re* Flint Water Cases                    Hon. Judith E. Levy
5:16-cv-10444/17-cv-10164              United States District Judge

_____/

This Motion Relates to:

*Bellwether III Cases*

_____/

---

### BELLWETHER III PLAINTIFFS' RESPONSE TO THE VEOLIA DEFENDANTS' BROAD MOTION TO PROHIBIT DOCUMENTS THAT HAVE NOT PREVIOUSLY BEEN DISCLOSED OR AUTHENTICATED

---

## TABLE OF CONTENTS

TABLE OF CONTENTS .........................................................................................2

INTRODUCTION .................................................................................................1

BACKGROUND ...................................................................................................1

ARGUMENT .......................................................................................................3

    I.   THE INSTANCES VEOLIA POINTS TO ARE EXEMPT FROM THE DISCLOSURE REQUIREMENTS ON WHICH THEY RELY ...........................5

    II.  THE OVERALL RULE VEOLIA SEEKS IS OVERLY BROAD AND ASKS THE COURT TO PREEMPT THE PROTECTIONS OF THE FEDERAL AND LOCAL RULES .........................................................................................7

CONCLUSION .....................................................................................................9

## INTRODUCTION

Veolia North America, LLC, Veolia North America, Inc., and Veolia Water North America Operating Services, LLC (collectively "Veolia") seek to Prohibit Plaintiffs, During the Cross-Examination of Veolia's Witnesses, from introducing into evidence, for purposes other than impeachment, documents that have not previously been disclosed or authenticated. ECF No.[1] 3064 ("Veolia Mot.").[2] In support of its request for broad relief, Veolia points to two examples from the Bellwether I trial. However, those two examples fall within the impeachment exception for the disclosure rules which are the basis of Veolia's request. Additionally, Veolia's request for relief is far too broad to enforce and would force the Court to preempt the equitable exceptions built into applicable federal and local rules. Accordingly, Veolia's motion should be denied.

## BACKGROUND

At the Bellwether I trial, during cross examination of Veolia's experts, Plaintiffs' counsel asked questions about certain documents, which were highly relevant and contradictory to Veolia's expert opinions. Veolia now takes issue with

---

[1] Unless otherwise noted, ECF citations refer to Case No. 16-cv-10444.

[2] ECF No. 3064, (Veolia's Motion to Prohibit Plaintiffs, During The Cross-Examination of Veolia's Witnesses, From Introducing Into Evidence, For Purposes Other Than Impeachment, Documents That Have Not Previously Been Disclosed or Authenticated, hereafter "Veolia Mot.").

this procedure, pointing to two specific examples regarding their expert, Dr. Gaitanis ("Gaitanis"). During the Bellwether I trial, Gaitanis testified none of the Plaintiffs had medically significant lead exposure because none of the Plaintiffs had blood levels that approached the reference value set by the Centers for Disease Control ("CDC"): 5.0 mcg/dl. BW1,[3] ECF No. 934 (July 6, 2022 Trial Tr.) at PageID.67855–67856.

On cross-examination, Plaintiffs' counsel elicited that Gaitanis had failed to tell the jury that the CDC reference value has since been lowered to 3.5 mcg/dl. BW1, ECF No. 935 (July 7, 2022 Trial Tr.) at PageID.68033–68034. Counsel then attempted to introduce a handout from the then-current CDC website. Veolia objected to the document as undisclosed, and the Court overruled the objection on the basis that the document was clearly a handout from the CDC, and thus, the Court could take judicial notice of its authenticity and accuracy. *Id.* at PageID.68034–68036.

Also on cross-examination, Plaintiffs' counsel introduced reports from the MDEQ website regarding sampling results for lead levels at the schools the Plaintiffs had attended. Counsel for Veolia objected.[4] The Court permitted the witness to be

---

[3] Citations to BWI refer to Case No. 5:17-cv-10164.

[4] Contrary to Veolia's argument, Veolia did not specifically argue that the document was inadmissible because it was not disclosed. Instead, they argued that the document was being used with the "wrong witness." BW1, ECF No. 934 (July 6, 2022 Trial Tr.) at PageID.67911–67921. However, that objection is best construed

asked questions about the document but did not allow it into evidence. BW1, ECF No. 934 (July 6, 2022 Trial Tr.) at PageID.67911–67921.

Veolia *now* argues that the introduction of these documents into evidence[5] violated Federal Rule of Civil Procedure 26, Local Rule 16.2, and this Court's Scheduling Order. Based on these two examples alone, Veolia asks the Court to enter a broad order prohibiting Plaintiffs from using or introducing into evidence documents that have not previously been disclosed or authenticated.

## ARGUMENT

Under Rule 26 of the Federal Rules of Civil Procedure, a party must provide to the other parties and promptly file with the Court "an identification of each document or other exhibit, including summaries of other evidence—separately identifying those items the party expects to offer and those it may offer if the need arises." Fed. R. Civ. P. 26(a)(3)(A)(iii). If a party fails to do so, the Court may in its discretion prohibit the use of the non-disclosed information at trial, "unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c).

Similarly, the local rules for the Eastern District of Michigan provide that in the Joint Pre-trial Order, each party shall list "each exhibit, including summaries, as

---

as a challenge to authenticity and foundation, which is without merit despite Plaintiffs failure to disclose the document before trial.

[5] As set forth above, only one of the two documents in Veolia's example was actually admitted into evidence.

provided in Federal Rule of Civil Procedure 26(a)(3)." E.D. Mich. LR 16.2. The rule further provides, that "[o]nly listed exhibits will be considered for admission at trial, except for rebuttal exhibits which could not be reasonably anticipated before trial, or except for good cause shown." *Id*.[6] Additionally, any objections to foundation or authenticity not raised at the time of the Joint Pre-trial Order are waived. *Id*.; *see also* E.D. Mich. Civil Practice & Trial Procedure, Sec. E.

**However, pursuant to Rule 26, both the federal rules and local rules provide an exemption to the disclosure rule for documents used "solely for the purposes of impeachment."** Fed. R. Civ. P. 26(a)(3)(A)(iii). Impeachment of a witness refers to "the process of discrediting or undermining the credibility of a witness during a trial, by presenting evidence or asking questions that contradict their testimony or reveal a bias, inconsistency, or falsehood in their statements." *Impeachment of a Witness*, LEGAL INFO. INST., https://www.law.cornell.edu/wex/impeachment_of_a_witness#:~:text=Primary%2 0tabs,or%2falsehood%20in%20their%20statements (last updated Feb. 2023); *see also* Black's Law Dictionary (9th ed. 2009) (defining "impeachment evidence" as "evidence used to undermine a witness's credibility"). And when it comes to impeachment, the Sixth Circuit has "consistently recognized the broad scope of

---

[6] Additionally, any objections to foundation or authenticity not raised at the time of the Joint Pre-trial Order are waived. *Id*.; *see also* E.D. Mich. Civil Practice & Trial Procedure, Sec. E.

allowable impeachment evidence and, more importantly perhaps, the significant discretion left to the trial court in this area." *United States v. Clingman*, 521 F. App'x 386, 395 (6th Cir. 2013); *see also* Fed. R. Evid. 611 (Court has control over the mode and method of introduction of evidence so as to make "those procedures effective for determining the truth").

## I.   THE INSTANCES VEOLIA POINTS TO ARE EXEMPT FROM THE DISCLOSURE REQUIREMENTS ON WHICH THEY RELY

As an initial matter, the two examples that Veolia points to in their opening brief *are in fact* examples of evidence being introduced solely for the purposes of impeachment. Therefore, the failure to disclose these exhibits pre-trial did not preclude Plaintiffs from introducing either of the exhibits at trial. Fed. R. Civ. P. 26(a)(3)(A)(iii).

Gaitanis testified that none of the Bellwether I Plaintiffs had medically significant lead exposure because none of the Plaintiffs had blood levels that approached the reference value set by the CDC, which he testified was 5.0 mcg/dl. BW1, ECF No. 934 (July 6, 2022 Trial Tr.) at PageID.67855–67856. Indeed, Gaitanis specifically stated (using the present tense) that: "For a blood lead level below the reference value of 5 [mcg/dl], there are no specific treatment recommendations that are needed." He also presented a chart on his PowerPoint slide comparing the Bellwether I children's blood lead levels to what he implied was the CDC's *current reference* level of 5.0 mcg/dl. *Id.* at PageID.67863–67869. On cross

5

examination, Plaintiffs' counsel confronted the truthfulness of this opinion, and Gaitanis's testimony overall, by pointing out that Gaitanis had failed to tell the jury that the CDC reference value is not 5 mcg/dl but is actually (currently) 3.5 mcg/dl. BW1, ECF No. 935 (July 7, 2022 Trial Tr.) at PageID.68032–68034.[7]

Gaitanis also testified that, based on his review of the four Plaintiffs' histories and medical records, none of the Plaintiffs had experienced a medically significant lead exposure. BW1, ECF No. 934 (July 6, 2022 Trial Tr.) at PageID.67855–67856. On cross-examination, Plaintiffs' counsel challenged the credibility of this conclusion—that each child wasn't exposed to significant lead— by asking whether the witness had considered the water lead level testing reports from three of the Plaintiffs' school showing "exceptionally high" lead levels. *Id.* at PageID.67911–67921.

Both of these instances constitute proper impeachment as the evidence was presented to challenge the credibility of Veola's experts' conclusions. *See Clingman*, 521 F. App'x 386 at 395; *see also United States v. Zube*, No. 1:20-cr-20491, 2022 U.S. Dist. LEXIS 38264, at *8 (E.D. Mich. Mar. 3, 2022) ("Under the doctrine of impeachment by specific contradiction, a party may admit 'extrinsic evidence that

---

[7] In fact, Plaintiffs' counsel made clear that this was presented for the purposes of impeachment. BW1, ECF No. 935 (July 7, 2022 Trial Tr.) at PageID.68036 (Plaintiffs' Counsel: "It doesn't have to be disclosed. This is cross-examination of their expert.").

specific testimony is false, because [it] is contradicted by other evidence.'") (citation omitted). Therefore, the failure to disclose these exhibits pre-trial did not preclude Plaintiffs from introducing either of the exhibits at trial. Fed. R. Civ. P. 26(a)(3)(A)(iii).

## II. THE OVERALL RULE VEOLIA SEEKS IS OVERLY BROAD AND ASKS THE COURT TO PREEMPT THE PROTECTIONS OF THE FEDERAL AND LOCAL RULES

Based on two examples from Bellwether I, Veolia asks the Court to enforce a broad sweeping brightline rule: "prohibit[ing] Plaintiffs, during the cross-examination of [Veolia's] witnesses, from introducing into evidence, for purposes other than impeachment, documents that have not previously been disclosed or authenticated." Veolia Mot. at pg. 5.

This proposed rule is far too broad to be workable. It effectively demands the Court to overrule the equitable exceptions that are built into both the Federal Rules of Civil Procedure and the Court's Local Rules. Those exceptions provide that a failure to disclose can be excused: when there is "good cause" or when "the failure is substantially justified or harmless." E.D. Mich. LR 16.2; Fed. R. Civ. P. 37(c). Veolia cannot ask the Court to arbitrarily predetermine that any failure to disclose would not meet either of those exceptions. This is unworkable and does not reflect the reality of litigation. Indeed, there are many instances in which a failure to pre-disclose would be harmless because authenticity concerns can be quickly disposed

of by the Court. *See, e.g.,* BW1, ECF No. 935 (July 7, 2022 Trial Tr.) at PageID.68035–36 (taking judicial notice of the authenticity of the printout brochure from the CDC website because it was clearly a document from the CDC).

Moreover, in the event that Plaintiffs inadvertently failed to disclose an exhibit related to one of Veolia's many experts, there would most likely be "good cause" for such a failure. This is because Veolia has disclosed more than seventeen retained——many of which are redundant——and more than four non-retained experts. Thus, it is reasonable that Plaintiffs would have "good cause" for not being able to predict every single possible exhibit that is relevant to more than twenty-five experts (whose reports total thousands of pages and each rely on hundreds of sources) at the time that the pretrial order is due. In other words, Plaintiffs cannot be expected to have perfect compliance with Rule 26, when Veolia's disclosure of numerous redundant experts itself "thwart[s] [ ] the purposes of Rule 26." ECF No. 2875, PageID.94755 (Or. Denying Plaintiffs' Motion to Strike or Otherwise Limit Cumulative Experts Testimony Offered by Veolia).[8]

---

[8] After all, as Veolia points out in their motion, "the integrity of our adversarial system of justice depends upon scrupulous adherence to the procedural rules requiring each party to give fair notice of the testimony and materials it intends to present at trial." *Amerisure Ins. Co. v. Ex-Cell- O Corp.*, No. 96-2082, 1998 WL 30817, at *4 (6th Cir. Jan. 22, 1998).

## CONCLUSION

Accordingly, for the reasons set forth above, the Court should deny Veolia's motion.

Dated:        August 13, 2024                    Respectfully submitted,

**LEVY KONIGSBERG LLP**                          **NAPOLI SHKOLNIK PLLC**

/s/Corey M. Stern                                /s/ Hunter J. Shkolnik
Corey M. Stern                                   Hunter J. Shkolnik
Melanie Daly                                     Patrick Lanciotti
Kiersten Holms                                   360 Lexington Ave., 11th Floor
605 Third Ave., 33rd Floor                       New York, New York 10017
New York, New York 10158                         (212) 397-1000
(212) 605-6298                                   hunter@nsprlaw.com
cstern@levylaw.com

*ATTORNEYS FOR PLAINTIFFS*

9

## CERTIFICATE OF SERVICE

I hereby certify that on August 13, 2024 I electronically filed this document with the Clerk of the Court using the ECF System, which will send notification to the ECF counsel of record.

**LEVY KONIGSBERG, LLP**

/s/ Melanie Daly
MELANIE DALY