# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

*In re* Flint Water Cases            Hon. Judith E. Levy
5:16-cv-10444/17-cv-10164        United States District Judge

_____/

This Motion Relates to:

*Bellwether III Cases*

_____/

# BELLWETHER III PLAINTIFFS' RESPONSE TO THE VEOLIA DEFENDANTS' MOTION TO PROHIBIT IMPROPER JURY ARGUMENT

## TABLE OF CONTENTS

INTRODUCTION ............................................................................................... 1

LEGAL STANDARD ........................................................................................ 2

    I.    Arguments that Incite Local or Anti-Corporate Bias. .......................... 5

    II.    References to Veolia's Size or Wealth, Plaintiffs' Financial Condition, and Suggestions that Veolia Owed a Heightened Duty Because of Its Size or Sophistication. ................................................................................. 6

    III.    Arguments that the Jury Should "Send a Message" to Veolia or Other Corporations and Statements to the Effect that the Jury Is the Only Entity with the Power to Regulate or Change Veolia's Conduct. ........................................... 8

    IV.    Statements that Veolia Acted "Unethically," "Put Profits Over Safety," or Violated Some Normative Criterion Other than the Standard of Care. .................... 9

    V.    Comments About Opposing Counsel. ............................................. 11

    VI.    Statements to the Effect that the Compensation that Plaintiffs May Receive From Non-party Defendants Is Inadequate. ............................................. 11

    VII.    Comments Implying a Conspiracy Between the City and Veolia. ................ 12

CONCLUSION ................................................................................................ 12

## INTRODUCTION

Veolia North America, LLC, Veolia North America, Inc., and Veolia Water North America Operating Services, LLC (collectively "Veolia") seeks to exclude what they broadly define as "improper jury arguments." ECF No.[1] 3062, (Veolia's Motion to Prohibit Improper Jury Argument, hereafter "Veolia Mot."). This motion was also filed prior to the first bellwether trial. BWI,[2] ECF No.489, (Mot. to Exclude Improper Jury Argument). Plaintiffs opposed Veolia's first motion on the grounds that their request was too broad, too vague, and was clearly meant to trigger a mistrial. *See* BWI, ECF No. 553, (Plaintiffs' Response to BWI Mot. to Exclude Improper Jury Argument).[3]

The same remains true of the present motion, which is nearly identical to the motion Veolia filed prior to the first bellwether trial. Veolia's requests remain either too vague or too broad to be properly resolved through a motion *in limine*, or otherwise seek to exclude obviously improper arguments. Such requests are more properly resolved as they arise at trial or should be denied as moot with the understanding that the Court's prior rulings apply.

---

[1] Unless otherwise noted, ECF citations refer to Case No. 16-cv-10444.
[2] Citations to BWI refer to Case No. 5:17-cv-10164.
[3] The motion was denied as moot. BWI, ECF No. 645, (Op. & Order Re: Mots. *in Limine*) at PageID.43345 (denying motion as moot); BWI, ECF No. 646, (Jan. 19, 2022 Hearing Tr.) at PageID.43365–66 (resolving motion upon agreement of the parties).

1

## LEGAL STANDARD

"The court has the power to exclude evidence in limine *only* when evidence is clearly inadmissible on all potential grounds." *Ind. Ins. Co. v. GE*, 326 F. Supp. 2d 844, 846 (N.D. Ohio 2004) (emphasis added); *see also Jonasson v. Lutheran Child & Family Servs.*, 115 F.3d 436, 440 (7th Cir. 1997) (observing that a motion *in Limine* is appropriate when it can "eliminate from further consideration evidentiary submissions that clearly ought not be presented to the jury because they clearly would be inadmissible for any purpose").

"Unless evidence meets this high standard, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy and potential prejudice may be resolved in proper context." *Ind. Ins. Co.*, 326 F. Supp. 2d at 846. "[W]ithout the context of trial," the court may be "unable to determine whether the evidence in question should be excluded." *Id.*; *see also Jonasson*, 115 F.3d at 440 ("Some evidentiary submissions . . . cannot be evaluated accurately or sufficiently by the trial judge in such a [pretrial] procedural environment. In these instances, it is necessary to defer ruling until during trial, when the trial judge can better estimate its impact on the jury"). Courts are "almost always better situated during the actual trial to assess the value and utility of evidence." *Wilkins v. Kmart Corp.*, 487 F. Supp. 2d 1216, 1218 (D. Kan. 2007).

This approach is consistent with the Sixth Circuit's recognition that an order

on a motion *in limine* is no more than "a preliminary, or advisory, opinion." *United States v. Yannott*, 42 F.3d 999, 1007 (6th Cir. 1994). Consequently, an *in limine* ruling is subject to change throughout trial, even if there is no change in circumstances, such that a party will have to continue to make objections even after the Court's decision on the motion. *See Ind. Ins. Co.*, 326 F. Supp. 2d at 846; *see also Luce v. United States*, 469 U.S. 38, 41 (1984) ("Indeed even if nothing unexpected happens at trial, the district judge is free, in the exercise of sound judicial discretion, to alter a previous in limine ruling.").

Moreover, a motion *in limine* must "raise questions of the admissibility of certain evidence or suggest that the jury would somehow be prejudiced by the evidence." *Goldman v. Healthcare Mgmt. Sys.*, 559 F. Supp. 2d 853, 858 (W.D. Mich. 2008). "Generally, motions in limine address specific evidentiary issues of a prejudicial nature." *Id.* at 871. "Orders in limine which exclude broad categories of evidence should rarely be employed." *Sperberg v. Goodyear Tire & Rubber Co.*, 519 F.2d 708, 712 (6th Cir. 1975). The "better practice is to deal with questions of admissibility of evidence as they arise." *Id.*

Indeed, when a motion *in limine* is vague and overbroad, it should be denied. *See Bowden v. Wal-Mart Stores, Inc.*, Civ. No. 99-D-880-E, 2001 U.S. Dist. LEXIS 7213, at *3 (M.D. Ala. Feb. 20, 2001) ("The court may deny a motion in limine when it 'lacks the necessary specificity with respect to the evidence to be excluded.'"

(quoting *Nat'l Union v. L.E. Myers Co. Grp.*, 937 F. Supp. 276, 287 (S.D.N.Y. 1996))); *Donathan v. Orthopaedic & Sports Med. Clinic, PLLC*, Case No. 4:07-cv-18, 2009 U.S. Dist. LEXIS 99557, at *37 (E.D. Tenn. Oct. 26, 2009) (reserving ruling on motion *in limine* because "the instant motion in limine is vague").

Finally, a court facing a motion *in limine* similar to one it has already ruled on in a previous bellwether should re-adopt and adhere to its prior rulings. *See, e.g.*, *3A Composites USA, Inc. v. United Indus., Inc.*, No. 5:16-CV-5017, 2017 WL 5991968, at *2 (W.D. Ark. Sept. 18, 2017) ("Most of the motions currently pending in the instant case are simply renewals of the parties' respective positions on identical requests for relief in the previous case, and the Court's rulings on those motions will be identical to its rulings on the same issues in the previous case.").

## ARGUMENT

As has been previously addressed, who can argue against a motion to exclude "improper" jury argument? That is, until you read Veolia's actual brief, which lists a parade of horrors and then asks the Court for an extremely broad order—one that will inevitably prevent entirely legitimate and proper argument. In doing so, Veolia actually seeks to conscribe Plaintiffs' trial presentation to only those arguments Veolia would like to hear. On their face (and even in the subheadings of Veolia's motion), the "improper argument" appears self-evident. However, it is in the body of Veolia's argument that the pernicious nature of their request is revealed. Plaintiffs

4

address each of Veolia's arguments in the order presented, using Veolia's headings.

## I. Arguments that Incite Local or Anti-Corporate Bias.

Plaintiffs agree that arguments designed to incite regional bias or anti-corporate bias are improper, but the scope of what Veolia seeks to prohibit—Veolia's status as a corporation; Veolia's state of residence; the fact that Veolia has a foreign parent or does business worldwide—is overbroad and unrealistic. During the first bellwether trial, the Court denied Veolia's identical request as moot, recognizing that there is no realistic scenario in which the jury will be unaware that Veolia is a corporation and that it is equally unrealistic to expect the jury not to know that Veolia is not a local company. BWI, ECF No. 646, (Jan. 19, 2022 Hearing Tr.) at PageID.43360. The Court further recognized that such testimony is both expected to surface in numerous witnesses' testimony and permissible as it falls outside the scope of argument. *Id.* at PageID.43353–56.[4] The same reasoning applies here; therefore, Veolia's request should be denied as moot for the Bellwether III trial.

---

[4] As the Court stated during oral argument:

> So it's the argument and not the mere fact that you are a corporation not housed here in Michigan. So in light of the fact that plaintiffs agree with that, I find that it's moot. They don't plan to make argument on that. They may present testimony if it comes out, I don't know, that what the deciding factors were for Flint or something like that that could reference VNA's location or experience or size. But that's not argument.

BW1, ECF 646, (Jan. 19, 2022 Oral Argument) at PageID.43355–56.

**II. References to Veolia's Size or Wealth, Plaintiffs' Financial Condition, and Suggestions that Veolia Owed a Heightened Duty Because of Its Size or Sophistication.**

Veolia next seeks to exclude "any references to [Veolia's] size, finances, or net worth" or "to the financial condition of Plaintiffs' families" and any suggestions that Veolia owed a heightened duty because of its size. Veolia Mot. at PageID.105647–53. This portion of the motion should also be denied as moot, as it was during the first bellwether and prior to the Class trial. There is no reason why the Court's ruling from the Bellwether I and the Class trial should not apply.

Plaintiffs will not argue that Veolia should be held to a higher standard of care or pay more just because it is a bigger company with seemingly unlimited financial resources. However, as the Court already explained, the remaining evidence and arguments regarding how Veolia's size and expertise factored into the City of Flint's decision to hire and rely on Veolia, as well as the experience and resources Veolia had access to and did or did not employ during its work in Flint, are all "fair territory." ECF No. 2822, (Jan. 23, 2024 Oral Argument Tr.) at PageID.93646–48;[5]

---

[5] There, the following exchange occurred:

> MR. LEOPOLD: We're not going to say because they should go above and beyond anything. I think just the fact that they were a company that had a lot of experience, they do this work all the time, they're an international company and have support and capabilities to put into this effort if they so wished.
> THE COURT: Okay. Is that satisfactory to you, Mr.

6

BW1, ECF 646, (Jan. 19, 2022 Hearing Tr.) at PageID. 43356–65.[6] Therefore, with the understanding of the Court's prior delineation of what is proper versus what is

---

>Campbell?
>MR. CAMPBELL: It is, Your Honor. It's --it is.
>THE COURT: Okay. It is to me as well.

ECF No. 2822, (Jan. 23, 2024 Oral Argument Tr.) at PageID.93648.

[6] For example, as set forth by the Court the following would be permissible and "not prohibited by law":

>However, as a factual matter in determining whether or not [Veolia] its burden and duty of care, its resources -- it's awareness is certainly a matter of fact that the jury can and should take into account. If [Veolia] because of its resources knew certain things, because of its experience knew certain things and they admit that they knew certain things, well then that is relevant to a jury's determination as to whether or not they acted reasonably in this circumstance. And so you can't divorce that from who the corporation is and how many engineers they have and what Mr. Gnagy's or Mr. Chen's experience was in various jobs. To be sure if somebody who just came out of engineering school were on this job, the standard of care would be the same. But the evidence with regard to what they knew and when they knew it and what resources were available to them would be different. And therefore, again, it's not a question of a heightened duty of care, but it's a question of what is relevant to determining whether that duty of care was breached or not . . . In addition to the issue of the notice of third party fault and the reasonableness of the City of Flint's reliance including but not limited to the very press release that they issued explaining why they hired Veolia. And Mr. Nicholas, who was their project manager on the job, his recognition of the reliance about whether or not the water was safe to drink.

BW1, ECF 646, (Jan. 19, 2022 Oral Argument) at PageID. 43363–64.

7

improper, these issues can be denied as moot.

Similarly, as to Plaintiffs' socioeconomic status, Plaintiffs will not argue that Veolia should pay these families more because of the disparity between the corporations wealth and these families (as such would obviously be improper). However, the broad-brush approach to the financial condition of the Plaintiffs is wrong. To be sure, references to Plaintiffs' financial conditions in order to evoke sympathy or the financial disparity between the parties are improper. However, the means and resources Plaintiffs had to deal with the water crisis, and how that affected their abilities to completely avoid the water sourced from the Flint River are certainly relevant. In fact, Veolia's summary judgment arguments regarding when each Plaintiff stopped ingesting Flint River sourced drinking water makes these issues extremely relevant. Likewise, in assessing damages—and specifically the impact Plaintiffs' neurocognitive injuries will have on their earning capacities in the future— the limitation on their financial resources undeniably impacts their abilities to mitigate such damages. In short, there are legitimate (and also illegitimate) uses of the same evidence. The Court should not deny Plaintiffs the legitimate arguments they are entitled to make, just because Veolia wants to sweep them away together with the illegitimate ones.

### III. Arguments that the Jury Should "Send a Message" to Veolia or Other Corporations and Statements to the Effect that the Jury Is the Only Entity with the Power to Regulate or Change Veolia's Conduct.

Consistent with Plaintiffs' position from Bellwether I, Plaintiffs, of course, agree that the argument that a jury should use its compensatory verdict to "send a message" to the defendant is improper. ECF No. 3062, (Veolia's Motion to Prohibit Improper Jury Argument) at PageID.105654. However, again, the problem with Veolia's application here is the breadth of the language of their motion, which seeks to bar "any arguments *implying*" that the jury should send a message.[7] With that understanding, the Court can deny this issue as moot. BW1, ECF 646, (Jan. 19, 2022 Hearing Tr.) at PageID.43365–67.

## IV. Statements that Veolia Acted "Unethically," "Put Profits Over Safety," or Violated Some Normative Criterion Other than the Standard of Care.

### i. Profits over Safety

Since the outset of this litigation, Veolia has pointed to the modest sum of its contract with the City of Flint, and its claimed limited scope of work, as an argument against its liability here. "How could we be held liable"—Veolia has continually asked—"given our limited financial interest and scope?"[8] As such, Veolia has made

---

[7] The purpose of *in limine* orders is not to spur layers of arguments through trial about whether a specific order was or wasn't violated. *See Davis v. City of Columbus*, Case No. 2:17-cv-0823, 2021 U.S. Dist. LEXIS 230554, at *2 (S.D. Ohio Dec. 2, 2021) ("The purpose of motions in limine is 'to narrow the issues remaining for trial and to minimize disruptions at trial.'" (quoting *United States v. Brawner*, 173 F.3d 966, 970 (6th Cir. 1999))). Accordingly, *in limine* motions should be narrow and specific. *See Sperberg*, 519 F.2d at 712; *Goldman*, 559 F. Supp. 2d at 871.

[8] This aspect of Veolia's motion is, in fact, a recasting of its motion to exclude testimony about motive, intent or mental state, ECF No. 3054. Therefore, Plaintiffs

9

its motives and intentions relevant, and Plaintiffs should not be denied the opportunity to elicit testimony in that regard.

## ii. Ethics

Veolia again attempts to remove ethics from this case,[9] repeating its prior arguments from its Bellwether I motion verbatim. BWI, ECF No. 489, (Veolia's Motion to Excluded Improper Jury Argument) at PageID.36924–25. However, as Veolia is aware, the Court has consistently deemed evidence and argument regarding the engineering codes of ethics (and whether Veolia's conduct conformed with those ethics) relevant and permissible. Specifically, the Court ruled in Bellwether I that while "ethical and moral testimony [cannot be used] to establish a standard of care" they may be used to inform "what a reasonable engineer would do under these circumstances." BW1, ECF 646, (Jan. 19, 2022 Hearing Tr.) at PageID.43371–72. The Court reiterated this ruling prior to the Class trial, stating that "while professional ethics codes do not on their own dictate the standard of care, they are nevertheless admissible because they "shed[] light on what large bodies of

---

respectfully incorporate by reference our opposition to that motion herein.

[9] Veolia attempted to use similar tactics during the Class trial. *See, e.g,* ECF No. 2621, (Class Order Denying Defendants' Motion to Exclude Dr. Gardoni) at PageID.85846 ("[Veolia] argues that Dr. Gardoni's use of engineering codes of ethics is unreliable."); ECF No. 2699, (Veolia's Motion to Exclude Testimony About NSPE Case Study Referenced in Dr. Larry Russell's Report) at PageID.87904 (arguing that Dr. Russell should be precluded "from testifying about an ethics case study prepared by" NSPE).

10

professional engineers have adopted as their ethical principles." ECF No. 2621, (Op. & Order Denying Defs.' Mot. to Exclude the Testimony and Report of Dr. Paolo Gardoni) at PageID.85851.

Accordingly, reference to "ethics" cannot be excised from this trial, and Veolia's motion should be strictly denied.

## V. Comments About Opposing Counsel.

Plaintiffs agree that there should be no personal attacks on opposing counsel. No *in limine* motion should be required for that. As for any "other distracting tactics," Veolia Mot., Veolia's request is inappropriately vague to be addressed through an *in limine* motion.

## VI. Statements to the Effect that the Compensation that Plaintiffs May Receive From Non-party Defendants Is Inadequate.

It should be axiomatic that any *in limine* motion that is aimed at "statements to the effect that" should be denied on its face. Indeed, the Court should deny any and all motions to the extent a party cannot narrowly identify or articulate specifically what it wants excluded.

As Plaintiffs have previously stated, Plaintiffs agree that the amount of the settlement cannot put before a jury at trial. However, as the Court agreed in Bellwether I, whether non-parties are also liable is a question of fact for the jury— as is the allocation of fault among all parties found to be liable. Argument about the proper allocation of fault to a non-party, or that an allocation suggested by Veolia is

11

not fair, could easily fit into the category of "statements to the effect that" the compensation Plaintiffs will receive from settling defendants are insufficient, but it is absolutely and undeniably proper. BW1, ECF 646, (Jan. 19, 2022 Hearing Tr.) at PageID.43388–92. Accordingly, this aspect of Veolia's motion should be denied.

### VII. Comments Implying a Conspiracy Between the City and Veolia.

The evidence at trial either will or will not support a fair inference that Veolia did not act independent of the City of Flint[10] with regard to the water crisis.[11] If it does, Plaintiffs should be entitled to comment thereon. If it does not, Plaintiffs will not. To that end, Plaintiffs agree not to use these terms "conspiracy" or "collusion" in their opening statement. However, this issue should not be addressed before the evidence on the subject is presented, such that this aspect of Veolia's motion should be denied consistent with this Court's decision in the first bellwether trial. BW1, ECF 646, (Jan. 19, 2022 Hearing Tr.) at PageID.43392–95.

### CONCLUSION

Therefore, Plaintiffs respectfully request that the Court deny Veolia's

---

[10] The terms "conspiracy" and "collusion" have technical legal meanings and are therefore charged words. That is probably why Veolia used them in its motion instead of more accurate language describing its relationship and interactions with the City of Flint.

[11] From being the lone bidder on the project, to the contractual agreement, to the previews Veolia gave the City of its reporting (and other facts as well), this evidence is relevant not only to Plaintiffs' direct claims against Veolia, but more importantly to Veolia's claims of non-party fault against the City.

motion in its entirety.

| | |
|---|---|
| Dated:	August 13, 2024 | Respectfully submitted, |
| **LEVY KONIGSBERG LLP** | **NAPOLI SHKOLNIK PLLC** |
| /s/Corey M. Stern<br>Corey M. Stern<br>Melanie Daly<br>Kiersten Holms<br>605 Third Ave., 33rd Floor<br>New York, New York 10158<br>(212) 605-6298<br>cstern@levylaw.com | /s/ Hunter J. Shkolnik<br>Hunter J. Shkolnik<br>Patrick Lanciotti<br>360 Lexington Ave., 11th Floor<br>New York, New York 10017<br>(212) 397-1000<br>hunter@nsprlaw.com |

*ATTORNEYS FOR PLAINTIFFS*

## CERTIFICATE OF SERVICE

I hereby certify that on August 13, 2024 I electronically filed this document with the Clerk of the Court using the ECF System, which will send notification to the ECF counsel of record.

                                              **LEVY KONIGSBERG, LLP**

                                              /s/ Melanie Daly
                                              MELANIE DALY