**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

| | |
|---|---|
| IN RE FLINT WATER CASES | Case No. 5:16-cv-10444-JEL-EAS<br>Hon. Judith E. Levy, District Judge |
| This Document Relates To:<br>BELLWETHER III | Case No. 5:17-cv-10164-JEL-KGA |

**DEFENDANTS VEOLIA NORTH AMERICA, LLC, VEOLIA NORTH AMERICA, INC., AND VEOLIA WATER NORTH AMERICA OPERATING SERVICES, LLC'S MOTION TO SEAL PORTIONS OF VNA'S MOTION FOR LEAVE TO FILE SUPPLEMENTAL DECLARATION IN SUPPORT OF MOTION TO EXCLUDE OPINIONS AND TESTIMONY OF DR. AARON SPECHT, AND ACCOMPANYING DECLARATION**

Defendants Veolia North America, LLC, Veolia North America, Inc., and Veolia Water North America Operating Services, LLC (VNA) move this Court, under E.D. Mich. Local Rule 5.3(b) and this Court's Confidentiality Order, for an order to seal portions of its Motion for Leave to File Supplemental Declaration in Support of Motion to Exclude Opinions and Testimony of Dr. Aaron Specht, and the accompanying declaration. VNA asks the Court to seal these items because they include medical and other personal information of minor children that was designated by Plaintiffs as either "Confidential" or "Highly Confidential" under this Court's Confidentiality Order, and because they include information about Dr. Specht's code that is protected under the Court's May 12, 2023, Protective Order

relating to Dr. Specht's code. The specific items that VNA requests to seal are further described in the brief supporting this motion.

VNA has provided the motion for leave in redacted and unredacted form, with the language that VNA proposes to redact highlighted on the unredacted versions. VNA also provides the declaration that is to be provisionally sealed in its entirety. Further, as Local Rule 7.1(a) requires, on August 13, 2024, VNA sent counsel for Plaintiffs an email to confer concerning this motion. Plaintiffs responded that they intend to oppose the underlying motion for leave to file a supplemental declaration from Dr. Huber but did not express any opposition to the motion to seal.

Respectfully submitted,

**CAMPBELL, CONROY & O'NEIL P.C.**

By: */s/ James M. Campbell*
James M. Campbell
Alaina N. Devine
20 City Square, Suite 300
Boston, MA 02129
(617) 241-3000
jmcampbell@campbell-trial-lawyers.com
adevine@campbell-trial-lawyers.com

**MAYER BROWN LLP**

By: */s/ Michael A. Olsen*
Michael A. Olsen
71 S. Wacker Dr.
Chicago, IL 60606
(312) 701-7120
molsen@mayerbrown.com

*Attorneys for Veolia North America, LLC, Veolia North America, Inc., and Veolia Water North America Operating Services, LLC*

Dated: August 14, 2024

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| IN RE FLINT WATER CASES | Case No. 5:16-cv-10444-JEL-EAS<br>Hon. Judith E. Levy, District Judge |
| This Document Relates To:<br>BELLWETHER III | Case No. 5:17-cv-10164-JEL-KGA |

**BRIEF IN SUPPORT OF DEFENDANTS VEOLIA NORTH AMERICA, LLC, VEOLIA NORTH AMERICA, INC., AND VEOLIA WATER NORTH AMERICA OPERATING SERVICES, LLC'S MOTION TO SEAL PORTIONS OF VNA'S MOTION FOR LEAVE TO FILE SUPPLEMENTAL DECLARATION IN SUPPORT OF MOTION TO EXCLUDE OPINIONS AND TESTIMONY OF DR. AARON SPECHT, AND ACCOMPANYING DECLARATION**

## STATEMENT OF ISSUES PRESENTED

1. Should the Court permit VNA to file under seal certain portions of its Motion for Leave to File Supplemental Declaration in Support of Motion to Exclude Opinions and Testimony of Dr. Aaron Specht, and to provisionally seal in its entirety the accompanying declaration?

    **VNA answers:** "Yes."

    **Plaintiffs answer:** "Yes."

## CONTROLLING OR MOST APPROPRIATE AUTHORITIES

*Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*,
    825 F.3d 299 (6th Cir. 2016)

E.D. Mich. L. R. 5.3(b)

## INTRODUCTION

VNA moves this Court for an order to shield from public disclosure certain information contained in its Motion for Leave to File Supplemental Declaration in Support of Motion to Exclude Opinions and Testimony of Dr. Aaron Specht, and to provisionally seal in its entirety the accompanying declaration. VNA files this motion to advance the purposes of this Court's Confidentiality Order and May 12, 2023, Protective Order related to Dr. Specht's code, and to afford Plaintiffs the chance to protect private information to the extent consistent with the Sixth Circuit's mandate in *Shane Group* and this Court's own prior orders on confidential information.

## LEGAL STANDARD

"[T]rial courts have always been afforded the power to seal their records" under certain circumstances. *In re Knoxville News-Sentinel Co.*, 723 F.2d 470, 474 (6th Cir. 1983); Fed. R. Civ. P. 5.2(d); L.R. 5.3(b).

"[C]ourts have long recognized . . . a 'strong presumption in favor of openness' as to court records." *Shane Group, Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299, 305 (6th Cir. 2016). But "the presumptive right of the public to inspect and copy judicial documents and files" may be overcome when the "interests of privacy outweigh the public's right to know." *In re Knoxville News-Sentinel*, 723 F.2d at 474; *see Shane Grp.*, 825 F.3d at 307 (stating that the "interests

1

in favor of closure" should be weighed with "the public interest in access to court records"). To justify a sealing order, a party "must provide compelling reasons to seal the documents and demonstrate that the sealing is narrowly tailored to those reasons." *Beauchamp v. Fed. Home Loan Mortg. Corp.*, 658 F. App'x 202, 207 (6th Cir. 2016). The moving party may satisfy its burden on a motion to seal filings by "showing that 'disclosure will work a clearly defined and serious injury.'" *Shane Grp.*, 825 F.3d at 307. E.D. Mich. Local Rule 5.3(b)(3)(A) outlines the specific steps that a party must take to make the required showing in this district.

This Court's prior decisions on similar documents in this case drive the outcome here. "The law-of-the-case doctrine provides that courts' earlier decisions should continue to govern the same issues in subsequent stages in the same case." *United States v. $31,000.00 in U.S. Currency*, 774 F. App'x 288, 293 (6th Cir. 2019).

In filing this motion, VNA does not concede any part of Plaintiffs' claims. *See* E.D. Mich. L.R. 5.3(b)(3)(C)(iv) ("Statements made in any motions or responses to motions filed under this rule are not admissible by any party to prove or disprove any element of a disputed claim."). Further, filing items under seal does not establish that those items will be sealed when presented at trial. *See* Tr. of July 29, 2020, Status Conference 19, ECF No. 1224, PageID.38474.

2

## ARGUMENT

VNA seeks to file the following information under seal:

| Document Description | Objections | Pages | Confidential Nature (including any third-party or non-party interests) |
|---|---|---|---|
| Motion for Leave to File Supplemental Declaration in Support of Motion to Exclude Opinions and Testimony of Dr. Aaron Specht | None | 1-2 | Minor Plaintiffs' medical and other personal information; information about Dr. Specht's code protected under the May 12, 2023 Protective Order |
| Aug. 14, 2024 Supplemental Declaration of William Huber, Ph.D | None | Entire Document | Minor Plaintiffs' medical and other personal information; information about Dr. Specht's code protected under the May 12, 2023 Protective Order |

Legal authority justifies sealing the confidential information that VNA has identified. *See* E.D. Mich. L.R. 5.3(b)(3)(A)(iv). The Sixth Circuit has recognized the need to seal documents to protect "the privacy interests of participants or third parties." *Hardesty v. Kroger Co.*, No. 16-cv-298, 2020 WL 3545676, at *1 (S.D. Ohio June 30, 2020) (citing *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1179 (6th Cir. 1983)). To that end, the Sixth Circuit has sealed documents that "refer[] to sensitive medical or personal identifying information." *Russell v. U.S. R.R. Ret. Bd.*, No. 19-3800, slip op. at 2 (6th Cir. Mar. 10, 2020), ECF No. 17-2. Federal Rule of Civil Procedure 5.2(a) also requires parties to redact certain information including "the name of an individual known to be a minor."

3

VNA is seeking to seal the type of information that courts, including this Court, have said should be sealed. The information includes identifying and medical information about the minor Plaintiffs. This type of information has been designated as "Confidential" or "Highly Confidential" by Plaintiffs under the existing Confidentiality Order. *See* E.D. Mich. L.R. 5.3(b)(3)(A)(iii). VNA is not aware of significant non-party or third-party interests that would be affected if this information were to be publicized, but this motion will also afford any of those persons the chance to come forward and argue their own interests, too. And sealing this information should not impair the public's ability to meaningfully evaluate the substance of Plaintiffs' or VNA's arguments on the merits of this case. The Court previously has granted VNA's motion to seal similar information. *See* Order Granting Motion to Seal Portions of the Motions to Exclude Certain Opinions of Dr. Gary Crakes and Dr. Mira Jourdan, and Certain Accompanying Exhibits, ECF No. 2911, PageID.95964-95966.

VNA also is moving to seal portions of the Motion for Leave to File Supplemental Declaration in Support of Motion to Exclude Opinions and Testimony of Dr. Aaron Specht, and to provisionally seal in its entirety the accompanying declaration, because they refer or relate to Dr. Specht's code. This information is subject to the Protective Order entered by the Court on May 12, 2023, for the purpose of protecting "the proprietary nature of Dr. Specht's Code." Protective Order 1-2,

4

ECF No. 2445, PageID.77531-77532.  The Protective Order states that "any material referencing the code" shall be treated as "Highly Confidential."  *Id.* at 3, PageID.77533.

## CONCLUSION

For these reasons, VNA asks this Court to grant the motion to seal and permit VNA to redact or seal the items listed.

Respectfully submitted,

| | |
|---|---|
| **CAMPBELL, CONROY & O'NEIL P.C.** | **MAYER BROWN LLP** |
| By: */s/ James M. Campbell* | By: */s/ Michael A. Olsen* |
| James M. Campbell | Michael A. Olsen |
| Alaina N. Devine | 71 S. Wacker Dr. |
| 20 City Square, Suite 300 | Chicago, IL 60606 |
| Boston, MA 02129 | (312) 701-7120 |
| (617) 241-3000 | molsen@mayerbrown.com |
| jmcampbell@campbell-trial-lawyers.com | |
| adevine@campbell-trial-lawyers.com | |

*Attorneys for Veolia North America, LLC, Veolia North America, Inc., and Veolia Water North America Operating Services, LLC*

Dated:  August 14, 2024

5

## CERTIFICATE OF SERVICE

I hereby certify that on August 14, 2024, I electronically filed this document with the Clerk of the Court using the ECF System, which will send notification to the ECF counsel of record.

By:   */s/ James M. Campbell*
      James M. Campbell
      jmcampbell@campbell-trial-lawyers.com