UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

*In re* Flint Water Cases.

_____/

Judith E. Levy
United States District Judge

This Order Relates To:

ALL CASES

_____/

**ORDER DENYING DEFENDANTS VEOLIA NORTH AMERICA, LLC, VEOLIA NORTH AMERICA, INC., AND VEOLIA WATER NORTH AMERICA OPERATING SERVICES, LLC'S MOTION FOR LEAVE TO FILE SUPPLEMENTAL DECLARATION IN SUPPORT OF MOTION TO EXCLUDE OPINIONS AND TESTIMONY OF DR. AARON SPECHT AND GRANTING MOTION TO SEAL PORTIONS OF VNA'S MOTION FOR LEAVE TO FILE SUPPLEMENTAL DECLARATION IN SUPPORT OF MOTION TO EXCLUDE OPINIONS AND TESTIMONY OF DR. AARON SPECHT, AND ACCOMPANYING DECLARATION [3098, 3099]**

Before the Court are Defendants Veolia North America, LLC, Veolia North America, Inc., and Veolia Water North America Operating Services, LLC's ("VNA") Motion for Leave to File Supplemental Declaration in Support of Motion to Exclude Opinions and Testimony of Dr. Aaron Specht ("Motion for Leave to File Supplemental Declaration"),

(ECF No. 3099), and VNA's Motion to Seal Portions of its Motion for Leave to File Supplemental Declaration in Support of Motion to Exclude Opinions and Testimony of Dr. Aaron Specht and Accompanying Declaration ("Motion to Seal"). (ECF No. 3098.)

When there has been ample briefing and argument on a motion, it is appropriate to deny leave to offer supplemental declarations in relation to that motion. *See Harkness v. Sec'y of the Navy*, 174 F. Supp. 3d 990, 995–96 (W.D. Tenn. 2016). The parties, including VNA, have provided the Court with a voluminous and complex record, including briefing, expert reports, expert declarations, published scientific articles, and other materials. The Court also heard extensive oral argument on this motion. VNA will therefore not be permitted to supplement what they have already provided to the Court.

The Motion to Seal asks the Court to seal medical, personal, and identifying information of minor children, as well as information related to Dr. Specht's MATLAB code. (ECF No. 3098, PageID.106707.)

Eastern District of Michigan Local Rule 5.3 governs civil material filed under seal or with redactions. "There is a strong presumption in favor of open judicial records." *Shane Grp., Inc. v. Blue Cross Blue Shield*

2

*of Mich.*, 825 F.3d 299, 305 (6th Cir. 2016). A request for a seal must be "narrowly tailored . . . in accord with applicable law." E.D. Mich. LR 5.3(b)(2).

The Court may grant a motion to seal or redact "only upon a finding of a compelling reason why certain documents or portions thereof should be sealed." *Id.* at (b)(3)(B)(i). The Court must make its decision based on the following three factors: "why the interests in support of nondisclosure are compelling, why the interests supporting access are less so, and why the seal itself is no broader than necessary[.]" *Shane Grp.*, 925 F.3d at 306.

The Court finds that there is an interest in protecting these children from identification at this stage in the litigation. Moreover, Federal Rule of Civil Procedure 5.2(a) contemplates this interest where it states that any filing with the Court that contains the name of an individual known to be a minor "may include only . . . the minor's initials." *Id*. The redactions at issue will not prevent the public from assessing the record the Court relies upon in its decisions. *Shane Group*, 825 F.3d at 305. As to medical and sensitive personal information, the Court finds that such information remains confidential for the same reasons set forth

3

in its previous orders related to this type of material. (*See, e.g.*, ECF Nos. 1290, 1916, 1928, 2392, 2719, 2911.) The same analysis and reasoning apply here in favor of sealing in a narrowly tailored manner.

Regarding the redactions related to Dr. Specht's code, the Court has issued a protective order designating this material as confidential or highly confidential. (ECF No. 2445, PageID.77534.) This material is precisely the sort of proprietary "trade secret" that *Shane Group* contemplates being filed under seal. *See Cincom Sys. v. Labware, Inc.*, No. 1:20-cv-83, 2023 WL 171149, at *4 (S.D. Ohio Jan. 12, 2023).

Accordingly, for the reasons set forth above, the Motion for Leave to File Supplemental Declaration is DENIED and the Motion to Seal is GRANTED.

IT IS SO ORDERED.

Dated: August 16, 2024             s/Judith E. Levy
Ann Arbor, Michigan                JUDITH E. LEVY
                                   United States District Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on August 16, 2024.

4

                                              s/Marlena Williams
                                              for WILLIAM BARKHOLZ
                                              Case Manager