## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

*In re* Flint Water Cases                    Hon. Judith E. Levy
5:16-cv-10444/17-cv-10164                    United States District Judge

_____/

This Motion Relates to:

*Bellwether III Cases*

_____/

---

## BELLWETHER III PLAINTIFFS' RESPONSE TO THE VEOLIA DEFENDANTS' MOTION TO ADMIT FACTUAL STATEMENTS IN THE COMPLAINT RELATING TO FAULT OF OTHER PREVIOUSLY NAMED DEFENDANTS

---

## TABLE OF CONTENTS

INTRODUCTION ...................................................................................................1

BACKGROUND .....................................................................................................2

ARGUMENT ...........................................................................................................5

   I.   THE COURT SHOULD EXCLUDE THE ALLEGATIONS VEOLIA
DESIGNATED FROM THE MASTER COMPLAINT ......................................5

     A.  Allegations Within the Complaint May Not Be Used in Lieu of
Admissible Evidence. .......................................................................................5

     B.  Context of How the Complaint is Admitted Matters. ..................................8

     C.  The Specific Allegations Veolia Seeks to Admit Are Rife with Issues
Which Render Admission Improper. ...............................................................10

       i.   A number of the designated paragraphs contain legal conclusions. ........10

       ii.   Several allegations require technical expertise. .....................................12

       iii. Hearsay within hearsay is inadmissible. ................................................13

     D.  The Designated Allegations Are Unduly Prejudicial and Cumulative
Under Rule 403 ................................................................................................14

   II.  IF THE COURT ADMITS CERTAIN ALLEGATIONS FROM THE
COMPLAINT, IT SHOULD ALLOW PLAINTIFFS TO MINIMIZE THE
PREJUDICE SUCH ALLEGATIONS WOULD CAUSE. ................................16

CONCLUSION .....................................................................................................18

## INTRODUCTION

In an effort to prove their non-party at fault claims, Veolia North America, LLC, Veolia North America, Inc., and Veolia Water North America Operating Services, LLC (collectively "Veolia") move to admit "factual statements" in the Master Long Form Complaint[1] relating to the fault of other named Defendants. ECF No. 3048,[2] (Veolia's Motion).[3] While this Court ruled prior to the Class trial that factual allegations within a complaint are admissible as statements of a party opponent, the manner that Veolia intends to use Plaintiffs' allegations goes well beyond the Court's prior ruling, as well as what the Sixth Circuit has permitted under Federal Rules of Evidence 801(d)(2)(A) and 403.[4]

Indeed, the statements Veolia seeks to admit—more than two hundred and fifty (250) paragraphs from the Complaint—cannot be used as a means to alleviate Veolia's burden of proving their non-party at fault claims. As a general matter, admitting allegations (including factual inferences) within the Complaint pled "upon information and belief"—especially where the parties can prove such allegations

---

[1] *See* ECF No.115, (Plaintiffs' Master Long Form Complaint and Jury Demand).

[2] Unless otherwise noted, ECF citations refer to Case No. 16-cv-10444.

[3] Case No. 16-cv-10444, ECF No. 3048 (Veolia's Motion to Admit Factual Statements in the Complaint Relating to Fault of Other Previously Named Defendants).

[4] Individual responses to each paragraph Veolia designated are attached hereto as Plaintiffs' Exhibit A.

through other admissible evidence—is impermissible and otherwise extremely prejudicial to Plaintiffs. But, even further, the specific allegations which Veolia seeks to admit are rife with issues that render their admission as evidence improper. This is especially true where Veolia fails to explain ***how*** they plan to introduce such evidence at trial, yet requests that the Court preemptively rubber stamp their admissibility.

Accordingly, the Court should deny Veolia's motion and reject their request to admit allegations from the Complaint in advance of trial.

## BACKGROUND

Plaintiffs each suffer from lead poisoning resulting from their exposure to lead-contaminated water during the Flint Water Crisis. Veolia denies any responsibility for Plaintiffs' injuries. One of their primary arguments in response to Plaintiffs' allegations is that the truly responsible parties are the State of Michigan and the City of Flint through their officials and employees, as well as the other engineering Defendants. As part of this argument, Veolia moves for a broad *in limine* ruling admitting "statements in the complaint that describe how State officials, City officials, LAN and Rowe contributed and exacerbated the water crisis." Veolia's Mot. at PageID.103100.

During the Bellwether I trial, Veolia and LAN similarly sought to admit allegations from the complaint to support their non-party at fault claims. *See, e.g.,*

BWI,[5] ECF No. 880, (Veolia's Brief Regarding the Admissibility of Allegations from the Master Long-Form Complaint relating to Fault of Non-Parties). The Court ultimately rejected the Defendants' request for several reasons, including that Veolia waited too long to raise the issue.

Additionally—as now relevant—the Court reasoned that: (1) many of the statements at issue from the complaint included legal conclusions or statements of law which could not properly be read into evidence; (2) many of the statements from the complaint contained opinions which would require scientific or technical expertise in order for a witness to present them to the jury; (3) deeming admissible statements from the complaint about other Defendants would necessitate explaining the settlement of the claims against those defendants to the jury; (4) deeming admissible the statements from the complaint would "create [] tremendous confusion to identify them as nonparties [] after you read to them that they are parties;" (5) Defendants were able to cross-examine witnesses who they had a non-party fault claim against, without needing to admit any statements from the complaint; (6) Defendants could also call other witnesses as needed to make their case through testimony; and (7) deeming admissible the statements from the complaint "would be more prejudicial than probative." BWI, ECF No. 937 (BWI July 13, 2022, Trial Tr.) at PageID.68290–96, PageID.68310, PageID.68313.

---

[5] Citations to BWI refer to Case No. 5:17-cv-10164.

Prior to the Class trial, Veolia again moved to admit factual statements from the Class plaintiffs' complaint,[6] and the Court re-examined its earlier decision. *See* ECF No. 2824, (Opinion & Order Regarding Motions in Limine) at PageID.93835. The Court ruled that certain statements within a complaint "are admissible when they relate to ***factual allegations***" pursuant to the "statement[s] of a party opponent" exception to the rule against hearsay. ECF No. 2820, (Tr. of Jan. 22, 2024, Class MIL Hearing) at PageID.93455-58 (emphasis added). The Court further reasoned that such allegations are "probative of what the plaintiffs accuse the nonparties of at the time of filing their complaint." *Id.* at PageID.93458.

However, the Court clarified that "legal conclusions or statements of law could not be properly read into evidence," *id.* at PageID.93460, and that statements which are hearsay within hearsay, or which would be more prejudicial than probative are inadmissible, *id.* at PageID.93463. Ultimately, the Court did not rule on how such statements may be introduced at trial, or on the admissibility of particular statements prior to the Class trial[7] because the Class settled their claims before the issue was fully resolved.

---

[6] *See generally* ECF No. 2702, (Veolia's Mot. to Admit Factual Statements in the Compl. Relating to Fault of Other Previously Named Defendants).

[7] Veolia mischaracterizes this portion of the Court's ruling by incorrectly claiming that the "Court already ruled in the class case that analogous factual statements in the class-action complaint are admissible as substantive evidence." Veolia's Mot. at PageID.103099.

4

The Court's reasoning during Bellwether I and in advance of the Class trial apply equally here.[8] However, contrary to what Veolia implies in their motion, the Court's prior rulings do not warrant or condone the sort of rubber stamp approval of reading in of the over two-hundred paragraphs that Veolia seeks. Rather, the Court's rationale in declining to admit certain factual statements during Bellwether I still holds true. And, if Veolia is permitted to admit the Complaint to the jury, certain precautions should be taken to minimize the amount of prejudice such evidence would cause Plaintiffs.

## ARGUMENT

### I.   THE COURT SHOULD EXCLUDE THE ALLEGATIONS VEOLIA DESIGNATED FROM THE MASTER COMPLAINT

While the Court ruled that statements within the Complaint are not barred by the rule against hearsay, that does not mean—as Veolia contends—that every allegation within the Complaint is automatically admissible.

#### A. Allegations Within the Complaint May Not Be Used in Lieu of Admissible Evidence.

As an initial matter, Veolia may not use allegations from the Complaint as a substitute for admissible evidence under the guise of "factual statement[s]." ECF

---

[8] *See 3A Composites USA, Inc. v. United Indus., Inc.*, No. 5:16-CV-5017, 2017 WL 5991968, at *2 (W.D. Ark. Sept. 18, 2017) ("Most of the motions currently pending in the instant case are simply renewals of the parties' respective positions on identical requests for relief in the previous case, and the Court's rulings on those motions will be identical to its rulings on the same issues in the previous case.")

Veolia's Mot. at PageID.103092. In granting in part Veolia's motion to admit factual statements from the Complaint, the Court noted that such allegations are "probative of what the plaintiffs accused the nonparties of *at the time of filing their complaint*." ECF No. 2820, (Tr. of Jan. 22, 2024, Class MIL Hearing) at PageID.93456 (emphasis added). Nothing within the Court's ruling supports Veolia's claim that such statements may be presented in lieu of substantive evidence to bolster its non-party at fault claims.

On the contrary, the manner that Veolia intends to offer the allegations in the Complaint goes well beyond the Court's ruling. As one example, Veolia designated a portion of paragraph 41 of the Complaint where Plaintiffs allege, upon information and belief, that "during his term as Emergency Manager of Flint, [Darnell Earley] deliberately created, increased and prolonged the public health crisis at issue in this case and participated in the concealment of the harm he caused Plaintiffs." ECF No. 3048-3, (Veolia's Exhibit 2) at PageID.103126 (designating portions of paragraph 41 of the Complaint). Instead of presenting evidence supporting the conclusion that Earley's deliberate actions increased and prolonged the Flint Water Crisis, Veolia concedes it will offer the "highly compelling" allegation "to prove the legal duties owed by Earley and the breach of those duties" and to weigh on "the overarching question or apportionment of fault in [the] case." *Id.* But allowing Veolia to selectively read allegations in voluminous paragraphs of a complaint inappropriately

relieves them of their burden of proof on their non-party at fault claims. *See Holton v. A+ Ins. Assocs.*, 255 Mich. App. 318, 326 (2003) ("defense has the burden of alleging and proving that another person's conduct was a proximate cause of the plaintiff's damages.").

This is particularly true where the inferential allegations within the Complaint were pled "upon information and belief." Allegations pled upon information and belief are simply not facts that constitute conclusive evidence. *See Kay v. Minacs Grp. (USA), Inc.*, 580 F. App'x 327, 331 (6th Cir. 2014) ("[A] statement must be deliberate, clear and unambiguous and expressly concede … an alleged fact in order to be treated as a judicial admission." (internal quotation marks and citations omitted)). Courts in this Circuit have expressly held that allegations within a complaint are not sufficiently reliable to be admissible as substantive evidence. *Totman v. Louisville Jefferson Cty. Metro Gov't*, 391 F. App'x 454, 464 (6th Cir. 2010) (allegations from complaint not admissible as evidence on summary judgment because they were made based on affiant's "knowledge and belief"); *see also Alpert v. United States*, 481 F.3d 404, 409 (6th Cir. 2007). This makes sense because the standard for making an allegation in a complaint is different (and far lower) than the standard of proving one's case to a jury at trial by a preponderance of the evidence standard.

Accordingly, if allegations in Complaint such as these are admitted, the distinction between those standards must be explained to the jury. Otherwise, the risk of confusion and of misleading the jury would be significant.[9]

### B. Context of How the Complaint is Admitted Matters.

Veolia fails to specify exactly ***how*** it expects to introduce the Complaint to the jury—through a witness or by reading select paragraphs with no further explanation. This context matters and highlights why Veolia's request that the Court enter a blanket order deeming the allegations admissible is improper.

On one hand, if Veolia plans to introduce such evidence through a non-party at fault witness or one of Plaintiffs' witnesses, any line of questioning would inevitably require an explanation of why such lawsuit against the witness was dismissed.

On the other, a wholesale reading of over two hundred paragraphs of the Complaint to the jury goes beyond what Court's in the Sixth Circuit have permitted in the past. Indeed, in *Barnes v. Owens-Corning Fiberglas Corp.*, 201 F.3d 815 (6th Cir. 2000), the Sixth Circuit permitted defendants to "read the names of [the settled]

---

[9] Under Veolia's flawed logic, the only thing a party would need to conclusively prove their claims is an allegation within a complaint—including inferential conclusions.

defendants to the jury" from the complaint—and it was to that extent that it allowed them to "introduce in evidence the complaints filed by each plaintiff." *Id.* at 829.[10]

Moreover, simply reading the allegations to the jury would require the Court to explain the different evidentiary burdens at the pleading and trial stages, as well as why a number of the claims were settled or dismissed. Either way, the amount of time spent on these side issues would increase the risk of jury confusion and would be disproportionate to the negligible probative value of this evidence. *See, e.g., Visteon Glob. Techs., Inc. v. Garmin Int'l, Inc.*, No. 10-cv-10578, 2016 U.S. Dist. LEXIS 122922, at *22 (E.D. Mich. Sept. 12, 2016) (explaining that "[s]ubstantial trial time would be involved in placing [the evidence] before the jury [and] explaining [its] context and limited relevance" and holding that "[a]ny limited relevance [the evidence] might have is substantially outweighed by the waste of time, risk of confusion and danger of prejudice").

---

[10] *Williams v. Union Carbide Corp.*, 790 F.2d 552, 554 (6th Cir. 1986) is similarly inapposite. There, the plaintiff filed two separate lawsuits, one against Union Carbide and a separate lawsuit against a third-party. *Williams*, 790 F.2d at 554. In response, "[Union Carbide] sought to use the allegations contained in the complaint of [the] earlier lawsuit which had been filed by the plaintiff." *Id.* at 554. The court held that the allegations contained in the plaintiff's prior lawsuit should have been admitted because they were probative, "not only to support the intervening cause theory and to impeach the plaintiff's accusation against Union Carbide." *Id.* In contrast here, impeachment of a plaintiff is not at issue, and Plaintiffs expressly admit that third-parties (in addition to Veolia) are at fault.

### C. The Specific Allegations Veolia Seeks to Admit Are Rife with Issues Which Render Admission Improper.

While this Court ruled generally that factual statements within the complaint are party admissions and therefore not hearsay, the specific allegations Veolia seeks to admit are rife with issues which render their admission into evidence improper.[11] A number of the allegations contain hearsay within hearsay without any evidentiary exception, while others contain legal conclusions. Accordingly, the Court should not permit Veolia to cherry-pick quotes from the Complaint, out of the context in which they were made and claim them as admissible evidence.

#### i. A number of the designated paragraphs contain legal conclusions.

Countless of the paragraphs Veolia has improperly designated express and call for legal conclusions on elements of the claims.[12] It is well established that legal conclusions within a complaint are not admissible. *See Roger Miller Music, Inc. v. Sony/ATV Publ'g*, LLC, 477 F.3d 383, 394–95 (6th Cir. 2007) ("In the present case, [the] statements dealt with legal conclusions, and not matters of fact, and therefore

---

[11] Plaintiffs also believe that the statements within the Complaint do not make any material fact the jury has to decide more or less probable than it would be without their admissions, and the Court should therefore exclude them as irrelevant. Fed R. Evid. 401, 402. However, given this Court's ruling prior to the Class trial that certain allegations can come in related to the "non-party at fault" case, Plaintiffs will not contest such ruling at this time. ECF No. 2820, (Tr. of Jan. 22, 2024, Class MIL Hearing) at PageID.93463.

[12] *See* Exhibit A (outlining Veolia's designations which contain legal conclusions).

the district court erred in concluding that the statements were judicial admissions.");

*Gervasi v. Warner/Chappel Music, Inc.*, No. 3:12-cv-0627, 2018 U.S. Dist. LEXIS

18589, at \*14–15 (M.D. Tenn. Feb. 5, 2018) ("The Sixth Circuit has also expressed

reluctance to treat statements deal[ing] with opinions and legal conclusions as

judicial admissions." (internal quotation marks and citations omitted)); *Magna Int'l,*

*Inc. v. Deco Plas, Inc.*, No. 3:08 CV 427, 2010 U.S. Dist. LEXIS 50319, at \*13 (N.D.

Ohio May 21, 2010) ("Legal conclusions are rarely judicial admissions, and I decline

to find such admission here."). This Court also found that "legal conclusions or

statements of law could not be properly read into evidence." ECF No. 2820, (Tr. of

Jan. 22, 2024, Class MIL Hearing) at PageID.93460.

Indeed, Veolia designated numerous paragraphs within the Complaint which

contain much more than a mere recitation of facts. Using the same example as above,

Veolia designated a portion of paragraph 41 of the Complaint which contains clear

factual allegations, *i.e.* that "Darnell Earley ("Earley") was the Emergency Manager

of the City of Flint appointed by the Governor on November 1, 2013, and served in

this capacity until January 12, 2015." ECF No. 3048-3, (Veolia's Exhibit 2) at

PageID.103126 (designating portions of paragraph 41 of the Complaint). However,

the remainder of Veolia's designation contains legal assertions: that "during his term

as Emergency Manager of Flint, [Darnell Earley] deliberately created, increased and

prolonged the public health crisis at issue in this case and participated in the

concealment of the harm he caused Plaintiffs." *Id.* Veolia concedes as much, explaining that this allegation goes to "the legal duties owed by Earley and the breach of those duties," as well as "the overarching question or apportionment of fault in [the] case." *Id.; see also* ECF No. 3048, (Veolia's Motion) at PaigeID.103106 ("Beyond the basic element of causation, the complaint's factual statements are relevant to whether any non-parties contributed to causing, exacerbating, or prolonging the water crisis and, if so, to what extent."). The paragraph also relates to legal claims not before the jury, including those brought under the ELCRA, the Equal Protection Clause of the Fourteenth Amended, and the Thirteenth Amendment of the United States Constitution. *Id.*

Accordingly, Veolia's attempts to couch legal conclusions and inferences as factual allegations should be plainly rejected.

### ii.    Several allegations require technical expertise.

Similarly, many of the allegations within the Complaint incorporate the kind of "scientific, technical, or other specialized knowledge" that would require an expert to be qualified under Rule 702 to opine. *See* Fed. R. Evid. 701, 702; (BWI July 18, 2022, Trial Tr.) at 18:7-15 (explaining that statement must be "within the party's knowledge"). This Court recognized as much during the first bellwether trial, holding that "a significant amount of it … is unqualified expert testimony," then asking, "how is it now appropriate to have [plaintiffs'] testimony as experts?" BWI,

ECF No. 937, (BWI July 13, 2022, Trial Tr.) at PageID.68291. For example, Veolia designated paragraph 434 of the Complaint, which states that "MDEQ officials failed to correctly apply LCR sampling protocols as well as the LCR's rule requiring optimized corrosion control." ECF No. 3048-3, (Veolia's Exhibit 2) at PageID.103182. Such a statement amounts to an expert opinion regarding the proper application of the Lead and Copper Rule and cannot be properly admitted through a lay person.

### iii. Hearsay within hearsay is inadmissible.

Finally, even if the Complaint itself is excluded from the rule against hearsay, Veolia has designated for admission countless quotations and references to communications between nonparties.[13] All of these are out-of-court statements, and to the extent Veolia wishes to use them as evidence to prove the truth of the matters asserted therein, they are hearsay. *See* BWI, ECF No. 937, (BWI July 13, 2022, Trial Tr.) at PageID.93460. Veolia has provided no exception or exclusion which would

---

[13] *See* Compl. ¶¶ 79, 91, 92, 93, 94, 95 n.1, 96, 101, 104, 105, 106, 118, 119, 120, 121, 123, 124, 128 n.3, 132, 133, 134, 135, 136, 137, 142 n.4, 145 n.5, 148, 149, 151, 152 n.8, 153 n.9, 154 n.10, 156 n.11, 159 n. 13, 162 n.14, 163 n.15, 166, 166 n.16, 167, 167 n.17, 168 n.18, 170, 171 n.19, 173 n.20, 174, 175, 176, 177 n.21, 178, 179, 180, 181, 182, 187, 188, 190, 191, 192, 193, 194, 195, 196, 198, 201 n.22, 203, 204 n.23, 206, 207, 212, 213, 220, 221, 222, 223, 224, 225, 227, 228, 232, 248, 249, 254, 255, 256, 259, 267, 268, 269, 270, 272, 276, 277, 285, 297, 302, 311, 407, 408, 409, 410, 411, 414, 415, 416,417, 418, 419, 420, 421, 426, 427, 429, 435, 436, 438, 439, 440, 454, 458, 468, 469, 470, 471, 471; *see also* Exhibit A (outlining specific hearsay objections).

allow for the admission of these statements quoted or referenced in the Complaint, and they must justify every level of hearsay within a document they seek to admit. *See United States v. Evans Landscaping Inc.*, 850 F. App'x 942, 949 (6th Cir. 2021); Fed. R. Evid. 805.

### D. The Designated Allegations Are Unduly Prejudicial and Cumulative Under Rule 403.

Federal Rule of Rule 403 also prohibits the admission of the designated allegations from the Complaint. *See* ECF No. 2820, (Tr. of Jan. 22, 2024, Class MIL Hearing) at PageID.93456 (acknowledging that the 403 balancing applies).

In general, the unfair prejudice to Plaintiffs and the likelihood of confusing the jury far outweigh any probative value the allegations might have. In the Complaint, Plaintiffs initially named twenty-three (23) defendants, in addition to Veolia. Since that filing, the claims against every Defendant besides Veolia have been resolved through settlement. Admitting allegations in the Complaint about these settled Defendants will only lead to juror confusion and impermissible speculation. *Crabbs v. Pitts*, Case No. 2:16-cv-0287, 2018 U.S. Dist. LEXIS 181353, 2018 WL 5262397, at *10 (S.D. Ohio Oct. 23, 2018) ("[I]t is possible that dismissed claims might have some probative value, however slight[, b]ut the potential for unfair prejudice and confusion to the jury far outweigh any slight probative value."); *McGonegle v Select Comfort Retail Corp*, 2022 U.S. Dist. LEXIS 22928, at *14 (SD Ohio, Feb. 9, 2022) ("[T]he Court agrees that evidence of McGonegle's dismissed

claim would be more prejudicial than probative under Federal Rule of Evidence 403.”). Indeed, the only purpose in displaying or reading any of the Complaint before the jury would be to invite prejudice or bias or to improperly undermine Plaintiffs’ evidence against Veolia at trial.

There is also an overall problem with the unduly cumulative nature of permitting the Complaint to be admitted. The Court has permitted Veolia ninety-five (95) hours of trial time to, in addition to making its defense, prove its non-party at fault claims. Veolia will likely use the vast majority of this time putting on evidence duplicative of the allegations in the Complaint. It is therefore inevitable that a wholesale reading of the Complaint will impermissibly allow Veolia to bolster and inflate the evidentiary value of evidence Veolia presents in its case.

There are also a number of paragraphs Veolia designated which, by themselves, are unduly prejudicial and would unfairly inflame the jurors. For example, Veolia designated paragraph 274 of the Complaint for submission, which states that, “Upon information and belief, there were no bids submitted by LAN or any other firm for this work, nor were any other firms considered for this work. The contract was awarded without competitive bidding.” Similarly, paragraph 434 of the Complaint—which Veolia also designated—alleges that “Governor Snyder’s response to the public health crisis in Flint unnecessarily prolonged the crisis, depriving Flint of key state resources that could have hastened efforts to provide

Flint with safe water." Such allegations are so conclusory in nature, their admission would do nothing more than confuse and mislead the jury, and instead would improperly diverting the jury's attention away from Veolia's role in the Flint water crisis on the basis of speculative evidence. *See, e.g., Rozier v. Ford Motor Co.,* 573 F.2d 1332, 1346–48 (5th Cir. 1978) (in products liability action where decedent was killed when gas tank exploded after car rear-ended by another driver, error to allow manufacturer to introduce guilty plea of other driver to involuntary manslaughter because such evidence was likely to be "confusing" and "potentially misleading" to jury).

## II.   IF THE COURT ADMITS CERTAIN ALLEGATIONS FROM THE COMPLAINT, IT SHOULD ALLOW PLAINTIFFS TO MINIMIZE THE PREJUDICE SUCH ALLEGATIONS WOULD CAUSE.

Finally, if the Court admits the designated allegations from the Complaint, certain precautions should be taken to minimize the amount of prejudice such evidence would cause Plaintiffs.

*First*, the jury must also be presented with a full, fair and complete picture of the pleading, i.e., portions that contain allegations against Veolia should be read to the jury.[14]

---

[14] Plaintiffs have counter-designated these paragraphs in red in Plaintiffs' Exhibit A.

*Second*, a thorough instruction should be given to minimize the extreme prejudice to Plaintiffs. Specifically, the jury must be instructed on: (1) the nature and purpose of the Complaint and, more specifically, a master long-form complaint; (2) the nature of a consolidated action; (3) the nature of pleading upon information and belief; and (4) a full explanation of why these other parties are no longer present at the trial.

*Third*, if the Court permits Veolia to introduce the challenged allegations to support its non-party at fault claims, the Court should also permit Plaintiffs to contextualize such evidence by informing the jury of the settlement between Plaintiffs and third-parties. While it is true that, under Michigan law, the "the jury shall not be informed of the existence of a settlement or the amount paid," *Brewer v. Payless Stations Inc.,* 412 Mich. 673, 679 (1982), under certain circumstances it is "accurate, reasonable, and arguably necessary" to instruct a jury of a settlement (but without disclosing the amount or terms of the settlement). *Estate of Carlsen v. Sw. Mich. Emergency Servs.,* No. 351159, 2021 Mich. App. LEXIS 5281, at *18 (Mich. Ct. App. Sept. 2, 2021). Such is the case here. The statements Veolia now seeks to admit contain references to claims that are settled, the admission of which requires a fulsome discussion of the settlement of those claims. This is especially true where Veolia intends to use this evidence as a means to underline the validity of Plaintiffs' claims are trial. Veolia cannot simultaneously introduce evidence about

17

third-parties that contributed to the water crisis to minimize their liability in the jury's eyes while also limiting the use or reference to the fact that Plaintiffs have already settled their claims against such third-parties.

## CONCLUSION

For the foregoing reasons, the Court should deny Veolia's motion to admit allegations in the Complaint.

Dated:        August 19, 2024                    Respectfully submitted,

**LEVY KONIGSBERG LLP**                    **NAPOLI SHKOLNIK PLLC**

/s/ Corey M. Stern                              /s/ Hunter J. Shkolnik
Corey M. Stern                                  Hunter J. Shkolnik
Melanie Daly                                    Patrick Lanciotti
Kiersten Holms                                  360 Lexington Ave., 11th Floor
605 Third Ave., 33rd Floor                      New York, New York 10017
New York, New York 10158                        (212) 397-1000
(212) 605-6298                                  hunter@nsprlaw.com
cstern@levylaw.com

### *ATTORNEYS FOR PLAINTIFFS*

## CERTIFICATE OF SERVICE

I hereby certify that on August 19, 2024, I electronically filed this document with the Clerk of the Court using the ECF System, which will send notification to the ECF counsel of record.

**LEVY KONIGSBERG, LLP**

/s/ Corey Stern
COREY STERN