# EXHIBIT A

| Para-graph | Veolia's Designated Allegation | Veolia's Argument for Admission | Plaintiffs' Response |
|---|---|---|---|
| 6 | | | If the Court admits Veolia's designated allegations from the Complaint, Plaintiffs designate. |
| 7 | | | If the Court admits Veolia's designated allegations from the Complaint, Plaintiffs designate. |
| 15 | | | If the Court admits Veolia's designated allegations from the Complaint, Plaintiffs designate. |
| 16 | | | If the Court admits Veolia's designated allegations from the Complaint, Plaintiffs designate. |
| 17 | | | If the Court admits Veolia's designated allegations from the Complaint, Plaintiffs designate. |
| 18 | | | If the Court admits Veolia's designated allegations from the Complaint, Plaintiffs designate. |
| 29 | Defendant Richard Snyder is the Governor of the State of Michigan ("Governor") and is vested with executive power pursuant to Art. V, Section 1 of the Michigan Constitution. The Governor is responsible for the management of state government for the health and welfare of its citizens and residents and is sued by Plaintiffs in both his individual capacity for compensation for the Plaintiffs, insofar as his deliberate conduct constituted an abuse and/or misuse of his authority, and, in his official capacity, for prospective equitable relief to correct the harm caused and prolonged by state government and to prevent future injury. The Governor is sued in his individual capacity for the injuries he caused to Plaintiffs resulting from his deliberately indifferent deprivation of Plaintiffs' constitutional and civil rights. | VNA has a non-party at fault case against Governor Snyder, which requires VNA to prove the legal duties owed by Governor Snyder and the breach of those duties. This paragraph has probative value because it bears directly on those issues. It is relevant to both VNA's nonparty at fault case as well as the overarching question of apportionment of fault in this case.<br><br>In addition, tis paragraph is unique evidence of a different nature and quality than the evidence available through witness testimony because it includes party admissions made | As Veolia concedes, this allegation will likely be cumulative of other evidence presented by Veolia during the trial and should therefore be excluded given the allegation would improperly bolster the weight of the other evidence Veolia has presented.<br><br>Alternatively, if such evidence is not presented during the trial, presentation of this allegation is irrelevant and improper in that the jury will not have heard sufficient evidence regarding the witness and cannot rely on |

| Para-graph | Veolia's Designated Allegation | Veolia's Argument for Admission | Plaintiffs' Response |
|---|---|---|---|
| | | by Plaintiffs themselves regarding duties owed by Governor Snyder and the breach of those duties. Plaintiffs' own unequivocal, affirmative statement is highly compelling evidence on those issues. Indeed, Plaintiffs' own statements show that those issues are not contested.

Finally, this paragraph illustrates that Plaintiffs themselves placed blame for the water crisis squarely on Governor Snyder. If VNA is not allowed to show that Plaintiffs have themselves stated that Governor Snyder is at fault, it will allow Plaintiffs to misrepresent the facts and mislead the jury. It also will allow Plaintiffs to criticize VNA for attempting to attribute fault to other parties when they themselves have asserted that these other parties are responsible for their injuries. | the Complaint for evidence not otherwise presented to the jury.

The allegation is overly prejudicial, as it confuses the issues before the jury in its reference to a constitutional claim not presently before the jury.

Finally, the portion of the designation beginning "his deliberate conduct" through the end contains legal conclusions and/or inferences, which the Court has ruled are inadmissible. |
| 30 | The City of Flint ("Flint" or "the City") is a Michigan municipal Corporation located in Genesee County, Michigan, so authorized by the laws of the State of Michigan that operates the Department of Public Works and provides water to its residents and property owners as part of its responsibilities and services. Flint is a Defendant because, despite the protests of a number of elected and appointed officials within the organization, the municipal corporation itself, through its policies, customs and practices deliberately created, increased and prolonged the public health crisis at issue in this case and participated in the concealment of the harm it caused Plaintiffs. Flint is also sued because it deprived Plaintiffs of their civil and constitutional rights by | VNA has a non-party at fault case against the City of Flint, which requires VNA to prove the legal duties owed by the City and the breach of those duties. This paragraph has probative value because it bears directly on those issues. It is relevant to both VNA's non-party at fault case as well as the overarching question of apportionment of fault in this case. | As Veolia concedes, this allegation will likely be cumulative of other evidence presented by Veolia during the trial and should therefore be excluded given the allegation would improperly bolster the weight of the other evidence Veolia has presented.

Alternatively, if such evidence is not presented during the trial, |

| Para-graph | Veolia's Designated Allegation | Veolia's Argument for Admission | Plaintiffs' Response |
|---|---|---|---|
| | violating Plaintiffs' rights to full and equal enjoyment of public services as guaranteed under the ELCRA. | In addition, this paragraph is unique evidence of a different nature and quality than the evidence available through witness testimony because it includes party admissions made by Plaintiffs themselves regarding duties owed by the City and the breach of those duties. Plaintiffs' own unequivocal, affirmative statement is highly compelling evidence on those issues. Indeed, Plaintiffs' own statements show that those issues are not contested.<br><br>Finally, this paragraph illustrates that Plaintiffs them- selves placed blame for the water crisis squarely on the City. If VNA is not allowed to show that Plaintiffs have themselves stated that the City are at fault, it will allow Plaintiffs to misrepresent the facts and mislead the jury. It also will allow Plaintiffs to criticize VNA for attempting to attribute fault to other parties when they themselves have asserted that these other parties are responsible for their injuries. | presentation of this allegation is irrelevant and improper in that the jury will not have heard sufficient evidence regarding the witness and cannot rely on the Complaint for evidence not otherwise presented to the jury.<br><br>The allegation is also overly prejudicial, as it confuses the issues before the jury in its reference to a constitutional claim not presently before the jury.<br><br>Finally, the portion of the designation beginning "despite the protests" through the end contains legal conclusions and/or inferences, which the Court has ruled are inadmissible. |
| 31 | Defendant Daniel Wyant ("Wyant") was Director of Michigan Department of Environmental Quality ("MDEQ") and is sued by Plaintiffs in his individual capacity because he participated in the decisions that deliberately created, increased and prolonged the public health crisis at issue in this case and participated in the concealment of the harm. | VNA has a non-party at fault case against the MDEQ, which requires VNA to prove the legal duties owed by the MDEQ and the breach of those duties. This paragraph has probative value because it bears directly on those issues. It is relevant | As Veolia concedes, this allegation will likely be cumulative of other evidence presented by Veolia during the trial and should therefore be excluded given the allegation would improperly bolster the |

| Para-graph | Veolia's Designated Allegation | Veolia's Argument for Admission | Plaintiffs' Response |
|---|---|---|---|
| | | to both VNA's non-party at fault case as well as the overarching question of apportionment of fault in this case.<br><br>In addition, this paragraph is unique evidence of a different nature and quality than the evidence available through witness testimony because it includes party admissions made by Plaintiffs themselves regarding duties owed by the MDEQ and the breach of those duties. Plaintiffs' own unequivocal, affirmative statement is highly compelling evidence on those issues. Indeed, Plaintiffs' own statements show that those issues are not contested.<br><br>Finally, this paragraph illustrates that Plaintiffs themselves placed blame for the water crisis squarely on the MDEQ. If VNA is not allowed to show that Plaintiffs have themselves stated that the MDEQ is at fault, it will allow Plaintiffs to misrepresent the facts and mislead the jury. It also will allow Plaintiffs to criticize VNA for at- tempting to attribute fault to other parties when they them- selves have asserted that these other parties are responsible for their injuries. | weight of the other evidence Veolia has presented.<br><br>Alternatively, if such evidence is not presented during the trial, presentation of this allegation is irrelevant and improper in that the jury will not have heard sufficient evidence regarding the witness and cannot rely on the Complaint for evidence not otherwise presented to the jury.<br><br>The allegation is also overly prejudicial, as it confuses the issues before the jury in its reference to a constitutional claim not presently before the jury.<br><br>Finally, the portion of the designation beginning "participated in the decisions" through the end contains legal conclusions and/or inferences, which the Court has ruled are inadmissible. |
| 32 | Defendant Andrew Dillon ("Dillon") was Treasurer for the State of Michigan and is sued by Plaintiffs in his individual capacity because | VNA has a non-party at fault case against the Michigan Department | As Veolia concedes, this allegation will likely be |

| Para-graph | Veolia's Designated Allegation | Veolia's Argument for Admission | Plaintiffs' Response |
|---|---|---|---|
| | along with the Governor, Jeff Wright, Dayne Walling, and Edward Kurtz, caused harm to Plaintiffs when they developed an interim water delivery plan in June 2013, which favored the predominately white Genesee County water users and discriminated against the water users in Flint, a predominantly African American community. | of the Treasury ("Treasury"), which requires VNA to prove the legal duties owed by Treasury and the breach of those duties. This paragraph has probative value because it bears directly on those issues. It is relevant to both VNA's non-party at fault case as well as the overarching question of apportionment of fault in this case.<br><br>In addition, this paragraph is unique evidence of a different nature and quality than the evidence available through witness testimony because it includes party admissions made by Plaintiffs themselves regarding duties owed by Treasury and the breach of those duties. Plaintiffs' own unequivocal, affirmative statement is highly compelling evidence on those issues. Indeed, Plaintiffs' own statements show that those issues are not contested.<br><br>Finally, this paragraph illustrates that Plaintiffs them- selves placed blame for the water crisis squarely on Treasury. If VNA is not allowed to show that Plaintiffs have themselves stated that Treasury is at fault, it will allow Plaintiffs to misrepresent the facts | cumulative of other evidence presented by Veolia during the trial and should therefore be excluded given the allegation would improperly bolster the weight of the other evidence Veolia has presented.<br><br>Alternatively, if such evidence is not presented during the trial, presentation of this allegation is irrelevant and improper in that the jury will not have heard sufficient evidence regarding the witness and cannot rely on the Complaint for evidence not otherwise presented to the jury.<br><br>The allegation is also overly prejudicial, as it confuses the issues before the jury in its reference to a constitutional claim not presently before the jury.<br><br>Finally, the portion of the designation beginning "along with the" through the end contains legal conclusions and/or inferences, which the Court has ruled are inadmissible. |

| Para-graph | Veolia's Designated Allegation | Veolia's Argument for Admission | Plaintiffs' Response |
|---|---|---|---|
| | | and mislead the jury. It also will allow Plaintiffs to criticize VNA for attempting to attribute fault to other parties when they themselves have asserted that these other parties are responsible for their injuries. | |
| 33 | Nick Lyon ("Lyon") was Director of the Michigan Department of Health and Human Services ("MDHSS") and is sued by Plaintiffs in his individual capacity because he participated in the decisions that deliberately created, increased and prolonged the public health crisis at issue in this case and participated in the concealment of the harm his department caused Plaintiffs. | VNA has a non-party at fault case against MDHHS, which requires VNA to prove the legal duties owed by MDHSS and the breach of those duties. This paragraph has probative value because it bears directly on those issues. It is relevant to both VNA's non-party at fault case as well as the overarching question of apportionment of fault in this case.

In addition, this paragraph is unique evidence of a different nature and quality than the evidence available through witness testimony because it includes party admissions made by Plaintiffs themselves regarding duties owed by MDHSS and the breach of those duties. Plaintiffs' own unequivocal, affirmative statement is highly compelling evidence on those issues. Indeed, Plaintiffs' own statements show that those issues are not contested.

Finally, this paragraph illustrates that Plaintiffs them- selves placed | As Veolia concedes, this allegation will likely be cumulative of other evidence presented by Veolia during the trial and should therefore be excluded given the allegation would improperly bolster the weight of the other evidence Veolia has presented.

Alternatively, if such evidence is not presented during the trial, presentation of this allegation is irrelevant and improper in that the jury will not have heard sufficient evidence regarding the witness and cannot rely on the Complaint for evidence not otherwise presented to the jury.

The allegation is also overly prejudicial, as it confuses the issues before the jury in its reference to a constitutional claim not presently before the jury. |

| Para-graph | Veolia's Designated Allegation | Veolia's Argument for Admission | Plaintiffs' Response |
|---|---|---|---|
| | | blame for the water crisis squarely on MDHSS. If VNA is not allowed to show that Plaintiffs have themselves stated that MDHSS is at fault, it will al- low Plaintiffs to misrepresent the facts and mislead the jury. It also will allow Plaintiffs to criticize VNA for at- tempting to attribute fault to other parties when they them- selves have asserted that these other parties are responsi- ble for their injuries. | Finally, the portion of the designation beginning "participated in the" through the end contains legal conclusions and/or inferences, which the Court has ruled are inadmissible. |
| 34 | Defendant Adam Rosenthal ("Rosenthal") was a Water Quality Analyst assigned to the Lansing District Office of the MDEQ. Rosenthal is sued in his individual capacity because, as Water Quality Analyst for MDEQ, he approved and participated in, the decisions that deliberately created, increased and prolonged the public health crisis at issue in this case and participated in the concealment of the harm his department caused Plaintiffs. | See above at ¶ 31. | As Veolia concedes, this allegation will likely be cumulative of other evidence presented by Veolia during the trial and should therefore be excluded given the allegation would improperly bolster the weight of the other evidence Veolia has presented.<br><br>Alternatively, if such evidence is not presented during the trial, presentation of this allegation is irrelevant and improper in that the jury will not have heard sufficient evidence regarding the witness and cannot rely on the Complaint for evidence not otherwise presented to the jury.<br><br>The allegation is also overly prejudicial, as it confuses the issues before the jury in its |

| Para-graph | Veolia's Designated Allegation | Veolia's Argument for Admission | Plaintiffs' Response |
|---|---|---|---|
|  |  |  | reference to a constitutional claim not presently before the jury. Finally, the portion of the designation beginning "he approved and participated" through the end contains legal conclusions and/or inferences, which the Court has ruled are inadmissible. |
| 35 | Liane Shekter-Smith ("Smith") was Chief of the Office of Drinking Water and Municipal Assistance for MDEQ, holding that position until October 19, 2015 when she was removed from her position. Smith is sued in her individual capacity because during her term as Chief of Drinking Water for MDEQ, she approved and participated in the decisions that deliberately created, increased, and prolonged the public health crisis at issue in this case and participated in the concealment of the harm her department caused Plaintiffs. | See above at ¶ 31. | As Veolia concedes, this allegation will likely be cumulative of other evidence presented by Veolia during the trial and should therefore be excluded given the allegation would improperly bolster the weight of the other evidence Veolia has presented. Alternatively, if such evidence is not presented during the trial, presentation of this allegation is irrelevant and improper in that the jury will not have heard sufficient evidence regarding the witness and cannot rely on the Complaint for evidence not otherwise presented to the jury. The allegation is also overly prejudicial, as it confuses the issues before the jury in its |

| Para-graph | Veolia's Designated Allegation | Veolia's Argument for Admission | Plaintiffs' Response |
|---|---|---|---|
| | | | reference to a constitutional claim not presently before the jury.<br><br>Finally, the portion of the designation beginning "she approved and participated" through the end contains legal conclusions and/or inferences, which the Court has ruled are inadmissible. |
| 36 | Defendant Stephen Busch ("Busch") was District Supervisor assigned to the Lansing District Office of the MDEQ. Busch is sued in his individual capacity because, as District Office Supervisor of MDEQ, he deliberately created, increased and prolonged the public health crisis at issue in this case and participated in the concealment of the harm his department caused Plaintiffs. | See above at ¶ 31. | As Veolia concedes, this allegation will likely be cumulative of other evidence presented by Veolia during the trial and should therefore be excluded given the allegation would improperly bolster the weight of the other evidence Veolia has presented.<br><br>Alternatively, if such evidence is not presented during the trial, presentation of this allegation is irrelevant and improper in that the jury will not have heard sufficient evidence regarding the witness and cannot rely on the Complaint for evidence not otherwise presented to the jury.<br><br>The allegation is also overly prejudicial, as it confuses the issues before the jury in its |

| Para-graph | Veolia's Designated Allegation | Veolia's Argument for Admission | Plaintiffs' Response |
|---|---|---|---|
| | | | reference to a constitutional claim not presently before the jury.

Finally, the portion of the designation beginning "he deliberately created" through the end contains legal conclusions and/or inferences, which the Court has ruled are inadmissible. |
| 37 | Defendant Patrick Cook ("Cook") was, at all relevant times, a Water Treatment Specialist assigned to the Lansing Community Drinking Water Unit of the MDEQ. Cook is sued in his individual capacity because, as Water Treatment Specialist District of MDEQ, he approved of, and thereby participated in, the decisions that deliberately created, increased and prolonged the public health crisis at issue in this case and participated in the concealment of the harm his department caused Plaintiffs. | See above at ¶ 31. | As Veolia concedes, this allegation will likely be cumulative of other evidence presented by Veolia during the trial and should therefore be excluded given the allegation would improperly bolster the weight of the other evidence Veolia has presented.

Alternatively, if such evidence is not presented during the trial, presentation of this allegation is irrelevant and improper in that the jury will not have heard sufficient evidence regarding the witness and cannot rely on the Complaint for evidence not otherwise presented to the jury.

The allegation is also overly prejudicial, as it confuses the issues before the jury in its |

| Para-graph | Veolia's Designated Allegation | Veolia's Argument for Admission | Plaintiffs' Response |
|---|---|---|---|
| | | | reference to a claims not presently before the jury.<br><br>Finally, the portion of the designation beginning "Cook is sued" through the end contains legal conclusions and/or inferences, which the Court has ruled are inadmissible. |
| 38 | Defendant Michael Prysby ("Prysby") was an Engineer assigned to District 11 (Genesee County) of the MDEQ. Prysby is sued in his individual capacity because, as Engineer assigned to District 11, he approved of, and thereby participated in, the decisions that deliberately created, increased and prolonged the public health crisis at issue in this case and participated in the concealment of harm his department caused Plaintiffs. | See above at ¶ 31. | As Veolia concedes, this allegation will likely be cumulative of other evidence presented by Veolia during the trial and should therefore be excluded given the allegation would improperly bolster the weight of the other evidence Veolia has presented.<br><br>Alternatively, if such evidence is not presented during the trial, presentation of this allegation is irrelevant and improper in that the jury will not have heard sufficient evidence regarding the witness and cannot rely on the Complaint for evidence not otherwise presented to the jury.<br><br>The allegation is also overly prejudicial, as it confuses the issues before the jury in its reference to a constitutional claim not presently before the jury. |

| Para-graph | Veolia's Designated Allegation | Veolia's Argument for Admission | Plaintiffs' Response |
|---|---|---|---|
| | | | Finally, the portion of the designation beginning "as Engineer assigned" through the end contains legal conclusions and/or inferences, which the Court has ruled are inadmissible. |
| 39 | Defendant Bradley Wurfel ("Wurfel") was the Director of Communications for MDEQ. Wurfel is sued in his individual capacity because, as Director of Communications for MDEQ, he was responsible for the deliberately misleading and inaccurate communications that increased and prolonged the public health crisis at issue in this case and for making false statements and providing false assurances which caused harm to Plaintiffs. | See above at ¶ 31. | As Veolia concedes, this allegation will likely be cumulative of other evidence presented by Veolia during the trial and should therefore be excluded given the allegation would improperly bolster the weight of the other evidence Veolia has presented.

Alternatively, if such evidence is not presented during the trial, presentation of this allegation is irrelevant and improper in that the jury will not have heard sufficient evidence regarding the witness and cannot rely on the Complaint for evidence not otherwise presented to the jury.

The allegation is also overly prejudicial, as it confuses the issues before the jury in its reference to a constitutional claim not presently before the jury. |

| Para-graph | Veolia's Designated Allegation | Veolia's Argument for Admission | Plaintiffs' Response |
|---|---|---|---|
| | | | Finally, the portion of the designation beginning "as Director of Communications" through the end contains legal conclusions and/or inferences, which the Court has ruled are inadmissible. |
| 40 | Defendant Jeffrey Wright ("Wright") has been the Genesee County Drain Commissioner since 2001. Wright is sued in his individual capacity because, as the Genesee Country Drain Commissioner, he conspired with other Defendants to deprive Plaintiffs of their civil and constitutional rights and participated in and/or aided and abetted others to violate Plaintiffs' rights to full and equal enjoyment of public services as guaranteed under the ELCRA and the Equal Protection Clause of the Fourteenth Amendment, as well as the Thirteenth Amendment of the United States Constitution. | VNA has a non-party at fault case against Wright, which requires VNA to prove the legal duties owed by Wright and the breach of those duties. This paragraph has probative value because it bears directly on those issues. It is relevant to both VNA's non-party at fault case as well as the overarching question of apportionment of fault in this case.<br><br>In addition, this paragraph is unique evidence of a different nature and quality than the evidence available through witness testimony because it includes party admissions made by Plaintiffs themselves regarding duties owed by Wright and the breach of those duties. Plaintiffs' own un- equivocal, affirmative statement is highly compelling evidence on those issues. Indeed, Plaintiffs' own statements show that those issues are not contested. | As Veolia concedes, this allegation will likely be cumulative of other evidence presented by Veolia during the trial and should therefore be excluded given the allegation would improperly bolster the weight of the other evidence Veolia has presented.<br><br>Alternatively, if such evidence is not presented during the trial, presentation of this allegation is irrelevant and improper in that the jury will not have heard sufficient evidence regarding the witness and cannot rely on the Complaint for evidence not otherwise presented to the jury.<br><br>The allegation is also overly prejudicial, as it confuses the issues before the jury in its reference to a constitutional claim not presently before the jury. |

| Para-graph | Veolia's Designated Allegation | Veolia's Argument for Admission | Plaintiffs' Response |
|---|---|---|---|
| | | Finally, this paragraph illustrates that Plaintiffs themselves placed blame for the water crisis squarely on Wright. If VNA is not allowed to show that Plaintiffs have themselves stated that Wright is at fault, it will allow Plaintiffs to misrepresent the facts and mislead the jury. It also will allow Plaintiffs to criticize VNA for attempting to attribute fault to other parties when they themselves have asserted that these other parties are responsible for their injuries. | |
| 41 | Defendant Darnell Earley ("Earley") was the Emergency Manager of the City of Flint appointed by the Governor on November 1, 2013 and served in this capacity until January 12, 2015. Earley is sued in his individual capacity because, during his term as Emergency Manager of Flint, he deliberately created, increased and prolonged the public health crisis at issue in this case and participated in the concealment of the harm he caused Plaintiffs. Earley is also sued because he conspired with other Defendants to deprive Plaintiffs of their civil and constitutional rights and participated in and/or aided and abetted others to violate Plaintiffs' rights to full and equal enjoyment of public services as guaranteed under the ELCRA and the Equal Protection Clause of the Fourteenth Amendment, as well as the Thirteenth Amendment of the United States Constitution. Additionally, as Emergency Manager, he was a policymaker for Defendant City of Flint within the meaning of *Monell,* and as such his actions constituted customs, policies and/or practices of Defendant City of Flint. | VNA has a non-party at fault case against Earley, which requires VNA to prove the legal duties owed by Earley and the breach of those duties. This paragraph has probative value because it bears directly on those issues. It is relevant to both VNA's non-party at fault case as well as the overarching question of apportionment of fault in this case.

In addition, this paragraph is unique evidence of a different nature and quality than the evidence available through witness testimony because it includes party admissions made by Plaintiffs themselves | As Veolia concedes, this allegation will likely be cumulative of other evidence presented by Veolia during the trial and should therefore be excluded given the allegation would improperly bolster the weight of the other evidence presented.

Alternatively, if such evidence is not presented during the trial, presentation of this allegation is irrelevant and improper in that the jury will not have heard sufficient evidence regarding the witness and cannot rely on the Complaint for evidence not otherwise presented to the jury. |

| Para-graph | Veolia's Designated Allegation | Veolia's Argument for Admission | Plaintiffs' Response |
|---|---|---|---|
| | | regarding duties owed by Earley and the breach of those duties. Plaintiffs' own un- equivocal, affirmative statement is highly compelling evidence on those issues. Indeed, Plaintiffs' own statements show that those issues are not contested.<br><br>Finally, this paragraph illustrates that Plaintiffs them- selves placed blame for the water crisis squarely on Ear- ley. If VNA is not allowed to show that Plaintiffs have themselves stated that Earley is at fault, it will allow Plain- tiffs to misrepresent the facts and mislead the jury. It also will allow Plaintiffs to criticize VNA for attempting to at- tribute fault to other parties when they themselves have asserted that these other parties are responsible for their injuries. | The allegation is also overly prejudicial, as it confuses the issues before the jury in its reference to a constitutional claim not presently before the jury.<br><br>Finally, the second portion of this designation beginning with "during this term…" contains legal conclusions and inferences, which the Court has ruled are inadmissible. |
| 43 | Defendant Gerald Ambrose ("Ambrose") was the Emergency Manager of the City of Flint appointed by the Governor on January 13, 2015 and served in this capacity until April 28, 2015. Ambrose is sued in his individual capacity because, during his term as Emergency Manager of Flint, he deliberately increased and prolonged the public health crisis at issue in this case and participated in the concealment of the harm he caused Plaintiffs. Ambrose is also sued because he conspired with other Defendants to deprive Plaintiffs of their civil and constitutional rights and participated in and/or aided and abetted others to violate Plaintiffs' rights to full and equal enjoyment of public services as guaranteed | VNA has a non-party at fault case against Ambrose, which requires VNA to prove the legal duties owed by Ambrose and the breach of those duties. This paragraph has probative value because it bears directly on those is- sues. It is relevant to both VNA's non-party at fault case as well as the overarching question of apportionment of fault in this case. | As Veolia concedes, this allegation will likely be cumulative of other evidence presented by Veolia during the trial and should therefore be excluded given the allegation would improperly bolster the weight of the other evidence Veolia has presented. |

| Para-graph | Veolia's Designated Allegation | Veolia's Argument for Admission | Plaintiffs' Response |
|---|---|---|---|
| | under the ELCRA and the Equal Protection Clause of the Fourteenth Amendment, as well as the Thirteenth Amendment of the United States Constitution. Additionally, as Emergency Manager, he was a policymaker for Defendant City of Flint within the meaning of *Monell,* and as such, his actions constituted customs, policies and/or practices of Defendant City of Flint. | In addition, this paragraph is unique evidence of a different nature and quality than the evidence available through witness testimony because it includes party admissions made by Plaintiffs themselves regarding duties owed by Ambrose and the breach of those duties. Plaintiffs' own unequivocal, affirmative statement is highly compelling evidence on those issues. Indeed, Plaintiffs' own statements show that those issues are not contested.

Finally, this paragraph illustrates that Plaintiffs them- selves placed blame for the water crisis squarely on Am- brose. If VNA is not allowed to show that Plaintiffs have themselves stated that Ambrose is at fault, it will allow Plaintiffs to misrepresent the facts and mislead the jury. It also will allow Plaintiffs to criticize VNA for attempting to attribute fault to other parties when they themselves have asserted that these other parties are responsible for
their injuries. | Alternatively, if such evidence is not presented during the trial, presentation of this allegation is irrelevant and improper in that the jury will not have heard sufficient evidence regarding the witness and cannot rely on the Complaint for evidence not otherwise presented to the jury.

The allegation is also overly prejudicial, as it confuses the issues before the jury in its reference to a constitutional claim not presently before the jury.

Finally, the second portion of this designation beginning with "during this term…" contains legal conclusions and inferences, which the Court has ruled are inadmissible. |
| 44 | Defendant Dayne Walling ("Walling") was Mayor of Flint from August 4, 2009 until November 9, 2015 when he was unseated by Karen Weaver. Walling is sued in both his individual and official capacities. He is individually liable insofar as he personally approved of, and thereby participated in, the decisions that | VNA has a non-party at fault case against Walling, which requires VNA to prove the legal duties owed by Walling and the breach of those duties. This paragraph has | As Veolia concedes, this allegation will likely be cumulative of other evidence presented by Veolia during the trial and should therefore be |

| Para- graph | Veolia's Designated Allegation | Veolia's Argument for Admission | Plaintiffs' Response |
|---|---|---|---|
| | deliberately created, increased and prolonged the public health crisis at issue in this case and participated in the concealment of the harm he caused Plaintiffs. Walling is also sued because he conspired with other Defendants to deprive Plaintiffs of their civil and constitutional rights and participated in and/or aided and abetted others to violate Plaintiffs' rights to full and equal enjoyment of public services as guaranteed under the ELCRA and the Equal Protection Clause of the Fourteenth Amendment, as well as the Thirteenth Amendment of the United States Constitution. Additionally, as Mayor, he was a policymaker for Defendant City of Flint within the meaning of *Monell,* and as such, his actions constituted customs, policies and/or practices of Defendant City of Flint. | probative value because it bears directly on those issues. It is relevant to both VNA's non-party at fault case as well as the overarching question of apportionment of fault in this case.<br><br>In addition, this paragraph is unique evidence of a differ- ent nature and quality than the evidence available through witness testimony because it includes party admissions made by Plaintiffs themselves regarding duties owed by Walling and the breach of those duties. Plaintiffs' own unequivocal, affirmative statement is highly compelling evidence on those issues. Indeed, Plaintiffs' own statements show that those issues are not contested.<br><br>Finally, this paragraph illustrates that Plaintiffs them- selves placed blame for the water crisis squarely on Wall- ing. If VNA is not allowed to show that Plaintiffs have themselves stated that Walling is at fault, it will allow Plaintiffs to misrepresent the facts and mislead the jury.<br><br>It also will allow Plaintiffs to criticize VNA for attempting to attribute fault to other parties when they themselves have | excluded given the allegation would improperly bolster the weight of the other evidence Veolia has presented.<br><br>Alternatively, if such evidence is not presented during the trial, presentation of this allegation is irrelevant and improper in that the jury will not have heard sufficient evidence regarding the witness and cannot rely on the Complaint for evidence not otherwise presented to the jury.<br><br>The allegation is also overly prejudicial, as it confuses the issues before the jury in its reference to a constitutional claim not presently before the jury.<br><br>Finally, the second portion of this designation beginning with "he personally approved…" contains legal conclusions and inferences, which the Court has ruled are inadmissible. |

| Para-graph | Veolia's Designated Allegation | Veolia's Argument for Admission | Plaintiffs' Response |
|---|---|---|---|
| | | asserted that these other parties are responsible for their injuries. | |
| 46 | Defendant Howard Croft ("Croft") was, at all relevant times, Flint's Department of Public Works Director acting within the scope of his employment and/or authority under color of law. He is sued herein in his individual and official capacities. At all relevant times Croft knew that the City's water treatment plant was unprepared to adequately provide safe drinking water to Flint's residents. He nonetheless caused and allowed unsafe water to be delivered to Flint's residents and did not disclose that Flint's water was unsafe. | VNA has a non-party at fault case against the City of Flint's Department of Public Works ("DPW"), which re- quires VNA to prove the legal duties owed by DPW and the breach of those duties. This paragraph has probative value because it bears directly on those issues. It is relevant to both VNA's non-party at fault case as well as the overarching question of apportionment of fault in this case.<br><br>In addition, this paragraph is unique evidence of a different nature and quality than the evidence available through witness testimony because it includes party admissions made by Plaintiffs themselves regarding duties owed by DPW and the breach of those duties. Plaintiffs' own un- equivocal, affirmative statement is highly compelling evidence on those issues. Indeed, Plaintiffs' own statements show that those issues are not contested.<br><br>Finally, this paragraph illustrates that Plaintiffs them- selves placed blame for the water crisis squarely on DPW. If VNA is not allowed to | As Veolia concedes, this allegation will likely be cumulative of other evidence presented by Veolia during the trial and should therefore be excluded given the allegation would improperly bolster the weight of the other evidence Veolia has presented.<br><br>Alternatively, if such evidence is not presented during the trial, presentation of this allegation is irrelevant and improper in that the jury will not have heard sufficient evidence regarding the witness and cannot rely on the Complaint for evidence not otherwise presented to the jury.<br><br>The allegation is also overly prejudicial, as it confuses the issues before the jury in its reference to a constitutional claim not presently before the jury.<br><br>Finally, the second portion of this designation beginning with "At all relevant times…" contains legal conclusions and inferences, which the Court has ruled are inadmissible. |

| Para-graph | Veolia's Designated Allegation | Veolia's Argument for Admission | Plaintiffs' Response |
|---|---|---|---|
| | | show that Plaintiffs have them-selves stated that DPW is at fault, it will allow Plaintiffs to misrepresent the facts and mislead the jury. It also will allow Plaintiffs to criticize VNA for attempting to attribute fault to other parties when they themselves have asserted that these other parties are responsible for their injuries. | |
| 47 | Defendant Croft also made numerous false statements about the safety and quality of Flint's water that he knew to be untrue. Defendant Croft violated clearly established constitutional rights of Plaintiffs, including but not limited to the rights to bodily integrity and to be free from state created danger. Defendant Croft's actions further constitute gross negligence, as he had a substantial lack of concern and/or willful disregard for whether an injury resulted to Plaintiffs. | See above at ¶ 46. | As Veolia concedes, this allegation will likely be cumulative of other evidence presented by Veolia during the trial and should therefore be excluded given the allegation would improperly bolster the weight of the other evidence Veolia has presented.<br><br>Alternatively, if such evidence is not presented during the trial, presentation of this allegation is irrelevant and improper in that the jury will not have heard sufficient evidence regarding the witness and cannot rely on the Complaint for evidence not otherwise presented to the jury.<br><br>The allegation is also overly prejudicial, as it confuses the issues before the jury in its reference to a constitutional |

| Para-graph | Veolia's Designated Allegation | Veolia's Argument for Admission | Plaintiffs' Response |
|---|---|---|---|
| | | | claim not presently before the jury.

Finally, this designation contains legal conclusions and inferences, which the Court has ruled are inadmissible. |
| 48 | Defendant Michael Glasgow ("Glasgow") was, at all relevant times, a water treatment plant operator for the City of Flint acting within the scope of his employment and/or authority under color of law. He is sued herein in his individual and official capacities. Glasgow knew that the City's water treatment plant was unprepared to adequately provide safe drinking water to Flint's residents. He nonetheless allowed unsafe water to be delivered to Flint's residents and did not disclose that Flint's water was unsafe. Defendant Glasgow violated clearly established constitutional rights of Plaintiffs, including but not limited to the rights to bodily integrity and to be free from state created danger. Defendant Glasgow's actions further constitute gross negligence, as he had a substantial lack of concern and/or willful disregard for whether an injury resulted to Plaintiffs. | See above at ¶¶ 30, 46. | As Veolia concedes, this allegation will likely be cumulative of other evidence presented by Veolia during the trial and should therefore be excluded given the allegation would improperly bolster the weight of the other evidence Veolia has presented.

Alternatively, if such evidence is not presented during the trial, presentation of this allegation is irrelevant and improper in that the jury will not have heard sufficient evidence regarding the witness and cannot rely on the Complaint for evidence not otherwise presented to the jury.

The allegation is also overly prejudicial, as it confuses the issues before the jury in its reference to a constitutional claim not presently before the jury. |

| Para-graph | Veolia's Designated Allegation | Veolia's Argument for Admission | Plaintiffs' Response |
|---|---|---|---|
| | | | Finally, the second portion of this designation beginning with "Glasgow knew" contains legal conclusions and inferences, which the Court has ruled are inadmissible. |
| 49 | Defendant Daugherty Johnson ("Johnson") was the Utilities Administrator for the City of Flint. Johnson is sued in his individual capacity because, as Utilities Administrator, he approved of, and thereby participated in, the decisions that deliberately created, increased and prolonged the public health crisis at issue in this case and participated in the concealment of the harm he caused Plaintiffs. | See above at ¶¶ 30, 46. | As Veolia concedes, this allegation will likely be cumulative of other evidence presented by Veolia during the trial and should therefore be excluded given the allegation would improperly bolster the weight of the other evidence Veolia has presented.

Alternatively, if such evidence is not presented during the trial, presentation of this allegation is irrelevant and improper in that the jury will not have heard sufficient evidence regarding the witness and cannot rely on the Complaint for evidence not otherwise presented to the jury.

The allegation is also overly prejudicial, as it confuses the issues before the jury in its reference to a constitutional claim not presently before the jury. |

| Para-graph | Veolia's Designated Allegation | Veolia's Argument for Admission | Plaintiffs' Response |
|---|---|---|---|
|  |  |  | Finally, the second portion of this designation beginning with "as Utilities Administrator…" contains legal conclusions and inferences, which the Court has ruled are inadmissible. |
| 61–76 |  |  | If the Court admits Veolia's designated allegations from the Complaint, Plaintiffs designate. |
| 78 | Motivated principally by the actions, political pressure and efforts of Genesee County Drain Commissioner Jeffrey Wright, in 2009, the communities of Flint, Genesee County, Sanilac County, Lapeer County and City of Lapeer, formed the Karegnondi Water Authority ("KWA") to explore the development of a water delivery system which would draw water from Lake Huron and serve as an alternative to water delivered by the DWSD. | See above at ¶ 40. | As Veolia concedes, this allegation will likely be cumulative of other evidence presented by Veolia during the trial and should therefore be excluded given the allegation would improperly bolster the weight of the other evidence Veolia has presented.

Alternatively, if such evidence is not presented during the trial, presentation of this allegation is irrelevant and improper in that the jury will not have heard sufficient evidence regarding the witness and cannot rely on the Complaint for evidence not otherwise presented to the jury.

The allegation is also overly prejudicial, as it confuses the issues before the jury in its reference to a constitutional claim not presently before the jury. |

| Para-graph | Veolia's Designated Allegation | Veolia's Argument for Admission | Plaintiffs' Response |
|---|---|---|---|
| | | | The portion of the designation which states that "Motivated principally by the actions, political pressure and efforts of Genesee County Drain Commissioner Jeffrey Wright, in 2009" contains legal conclusions and inferences, which the Court has ruled are inadmissible. |
| 79 | Wright, in testimony to the Michigan Department of Civil Rights, said that he was motivated to develop an alternative water source for the County because, in his opinion and in the opinion of others, the DWSD operation was "the poster child for Detroit corruption." | See above at ¶ 40. | This allegation contains hearsay which is not admissible under any exception.<br><br>As Veolia concedes, this allegation will likely be cumulative of other evidence presented by Veolia during the trial and should therefore be excluded given the allegation would improperly bolster the weight of the other evidence Veolia has presented.<br><br>Alternatively, if such evidence is not presented during the trial, presentation of this allegation is irrelevant and improper in that the jury will not have heard sufficient evidence regarding the witness and cannot rely on the Complaint for evidence not otherwise presented to the jury. |

| Para-graph | Veolia's Designated Allegation | Veolia's Argument for Admission | Plaintiffs' Response |
|---|---|---|---|
| 80–85 | | | If the Court admits Veolia's designated allegations from the Complaint, Plaintiffs designate. |
| 86 | In August 2012, the Governor appointed Edward Kurtz as Flint's Emergency Manager. Kurtz, who had the authority to obligate Flint to the KWA, was allied with Wright in presenting arguments for approval to state Treasurer Andy Dillon ("Dillon") and Governor Snyder. Opposing Wright and Kurtz was the DWSD which had a strong financial interest in maintaining Flint and the GCDC as customers. | See above at ¶¶ 29, 32, 40.<br><br>VNA has a non-party at fault case against Kurtz, which requires VNA to prove the legal duties owed by Kurtz and the breach of those duties. This paragraph has probative value because it bears directly on those issues. It is relevant to both VNA's non-party at fault case as well as the overarching question of apportionment of fault in this case.<br><br>In addition, this paragraph is unique evidence of a differ- ent nature and quality than the evidence available through witness testimony because it includes party admissions made by Plaintiffs themselves regarding duties owed by Kurtz and the breach of those duties. Plaintiffs' own un- equivocal, affirmative statement is highly compelling ev- idence on those issues. Indeed, Plaintiffs' own statements show that those issues are not contested.<br><br>Finally, this paragraph illustrates that Plaintiffs them- selves placed blame for the water crisis squarely on Kurtz. If VNA is not allowed to | As Veolia concedes, this allegation will likely be cumulative of other evidence presented by Veolia during the trial and should therefore be excluded given the allegation would improperly bolster the weight of the other evidence Veolia has presented.<br><br>Alternatively, if such evidence is not presented during the trial, presentation of this allegation is irrelevant and improper in that the jury will not have heard sufficient evidence regarding the witness and cannot rely on the Complaint for evidence not otherwise presented to the jury.<br><br>The portion of the designation which states that "was allied with" contains legal conclusions and inferences, which the Court has ruled are inadmissible. |

| Para-graph | Veolia's Designated Allegation | Veolia's Argument for Admission | Plaintiffs' Response |
|---|---|---|---|
| | | show that Plaintiffs have themselves stated that Kurtz is at fault, it will allow Plain- tiffs to misrepresent the facts and mislead the jury. It also will allow Plaintiffs to criticize VNA for attempting to at- tribute fault to other parties when they themselves have asserted that these other parties are responsible for their injuries. | |
| 87 | In November of 2012, Kurtz wrote to State of Michigan Treasurer Andy Dillon suggesting that Flint join the KWA due to projected cost savings over DWSD. This was pursuant to the Emergency Manager's mandate to cut costs, and consistent with political pressure from Genesee County Drain Commissioner Jeff Wright, who had encouraged the formation of the KWA in 2009 | See above ¶¶ 32, 40, 86. | As Veolia concedes, this allegation will likely be cumulative of other evidence presented by Veolia during the trial and should therefore be excluded given the allegation would improperly bolster the weight of the other evidence Veolia has presented. Alternatively, if such evidence is not presented during the trial, presentation of this allegation is irrelevant and improper in that the jury will not have heard sufficient evidence regarding the witness and cannot rely on the Complaint for evidence not otherwise presented to the jury. The allegation is also overly prejudicial, as it confuses the issues before the jury in its reference to a constitutional claim not presently before the jury. |

| Para-graph | Veolia's Designated Allegation | Veolia's Argument for Admission | Plaintiffs' Response |
|---|---|---|---|
| | | | The portion of the designation beginning with "[t]his was pursuant" through the end contains legal conclusions and inferences, which the Court has ruled are inadmissible. |
| 88 | Throughout 2012, DWSD presented to Kurtz, Wright, Dillon, Walling and the Governor compelling arguments, based on numerous studies, demonstrating that from a cost and water reliability standpoint, Flint needed to reject Wright's pressure to join KWA and continue to receive water from DWSD. Most, if not all, discourse about Flint joining KWA or continuing with DWSD included Wright, who consistently raised arguments designed to persuade Kurtz, Dillon and the Governor that the DWSD cost studies were wrong. | See above ¶¶ 29, 32, 40, 44, 86. | As Veolia concedes, this allegation will likely be cumulative of other evidence presented by Veolia during the trial and should therefore be excluded given the allegation would improperly bolster the weight of the other evidence Veolia has presented.

Alternatively, if such evidence is not presented during the trial, presentation of this allegation is irrelevant and improper in that the jury will not have heard sufficient evidence regarding the witness and cannot rely on the Complaint for evidence not otherwise presented to the jury.

The portion of the designation which states that "most, if not all" through the end contains legal conclusions and inferences, which the Court has ruled are inadmissible. |
| 89 | In late 2012, Dillon, reacting to Wright's contention that the DWSD cost studies were wrong, requested the independent | See above ¶¶ 32, 40. | As Veolia concedes, this allegation will likely be |

| Para-graph | Veolia's Designated Allegation | Veolia's Argument for Admission | Plaintiffs' Response |
|---|---|---|---|
| | engineering firm of Tucker, Young, Jackson and Tull ("TYJT") to assess whether it would be cost-effective for Flint to switch from water supplied by DWSD and join the KWA water delivery system. | | cumulative of other evidence presented by Veolia during the trial and should therefore be excluded given the allegation would improperly bolster the weight of the other evidence Veolia has presented.

Alternatively, if such evidence is not presented during the trial, presentation of this allegation is irrelevant and improper in that the jury will not have heard sufficient evidence regarding the witness and cannot rely on the Complaint for evidence not otherwise presented to the jury. |
| 90 | In February 2013, TYJT concluded that it would be more cost-effective for Flint on both a short term and long-term basis to continue to be supplied with water from DWSD. | See above ¶¶ 32, 40. | As Veolia concedes, this allegation will likely be cumulative of other evidence presented by Veolia during the trial and should therefore be excluded given the allegation would improperly bolster the weight of the other evidence Veolia has presented.

Alternatively, if such evidence is not presented during the trial, presentation of this allegation is irrelevant and improper in that the jury will not have heard sufficient evidence regarding the witness and cannot rely on the Complaint for evidence not otherwise presented to the jury. |

| Para-graph | Veolia's Designated Allegation | Veolia's Argument for Admission | Plaintiffs' Response |
|---|---|---|---|
| 91 | In an email from Treasurer Dillon to Governor Snyder dated March 17, 2013, Dillon noted that the KWA representatives were misrepresenting the benefits of the deal and that the "(r)eport that I got is that Flint should stay with DWSD." | See above ¶¶ 29, 32. | This allegation contains inadmissible hearsay for which no exception exists.<br><br>As Veolia concedes, this allegation will likely be cumulative of other evidence presented by Veolia during the trial and should therefore be excluded given the allegation would improperly bolster the weight of the other evidence Veolia has presented.<br><br>Alternatively, if such evidence is not presented during the trial, presentation of this allegation is irrelevant and improper in that the jury will not have heard sufficient evidence regarding the witness and cannot rely on the Complaint for evidence not otherwise presented to the jury.<br><br>The portion of the designation beginning with "Dillon noted that" through the end contains legal conclusions and inferences, which the Court has ruled are inadmissible. |
| 92 | On March 26, 2013, in preparation for a conference call between MDEQ and the Department of Treasury personnel, Stephen Busch emailed MDEQ Director Dan Wyant, deputy director Jim Sygo, Liane Shekter-Smith, and other MDEQ officials raising concerns about using the Flint River as the City's water source. Specifically, | See above ¶¶ 31, 32. | This allegation contains inadmissible hearsay for which no exception exists. |

| Para-graph | Veolia's Designated Allegation | Veolia's Argument for Admission | Plaintiffs' Response |
|---|---|---|---|
| | he noted that continuous use of Flint River water to supply the City of Flint would "[p]ose an increased microbial risk to public health[;]" "[p]ose an increased risk of disinfection by-product (carcinogen) exposure[;]" "[t]rigger additional regulatory requirements under the Michigan Safe Drinking Water Act . . . ;" and "[r]equire significant enhancements to treatment at the Flint WTP, beyond those identified in the TYJT report ......." Busch further explained that using the Flint River would impose substantial costs and upgrades to the Flint Water Treatment Plant due to the need to provide softening, limitations on disposal options for lime sludge, increased ozone capacity, and additional backup power. | | In addition, as Veolia concedes, this allegation will likely be cumulative of other evidence presented by Veolia during the trial and should therefore be excluded given the allegation would improperly bolster the weight of the other evidence Veolia has presented.

Alternatively, if such evidence is not presented during the trial, presentation of this allegation is irrelevant and improper in that the jury will not have heard sufficient evidence regarding the witness and cannot rely on the Complaint for evidence not otherwise presented to the jury. |
| 93 | Likewise, on March 26, 2013, Busch sent an email to Wyant, copying Shekter-Smith, discussing the risks associated with using the Flint River as a drinking water source for the City of Flint. Indeed, Busch stated that the use of Flint River water would pose increased health risks to the public, including a microbial risk, an increased risk of disinfection by-product [trihalomethanes often referred to as "Total Trihalomethanes" or "TTHM"] exposure, the triggering of additional regulatory requirements, and significant upgrades to the Flint Water Treatment Plant. | See above ¶ 31. | This allegation contains inadmissible hearsay for which no exception exists.

In addition, as Veolia concedes, this allegation will likely be cumulative of other evidence presented by Veolia during the trial and should therefore be excluded given the allegation would improperly bolster the weight of the other evidence Veolia has presented.

Alternatively, if such evidence is not presented during the trial, presentation of this allegation is |

| Para-graph | Veolia's Designated Allegation | Veolia's Argument for Admission | Plaintiffs' Response |
|---|---|---|---|
| | | | irrelevant and improper in that the jury will not have heard sufficient evidence regarding the witness and cannot rely on the Complaint for evidence not otherwise presented to the jury.<br><br>The allegation is also overly prejudicial, as it confuses the issues before the jury in its reference to a constitutional claim not presently before the jury. |
| 94 | During this time, Flint continued to negotiate with DWSD to determine whether participation in the KWA or purchasing water from DWSD provided greater financial benefits for the City in the short and long term. On April 16, 2013, DWSD presented Flint/Genesee County with a proposal that purported to save Flint/Genesee 50% immediately and 20% compared to KWA over the following 30 years. Regardless, Flint rejected DWSD's offer. In response, Dennis Muchmore, Governor Snyder's then chief of staff asked, "if the last DWSD proposal saves so much money, why are we moving ahead with KWA? I take it that Flint doesn't trust them and is just fed up? Does Kurtz have his head on straight here?" In response, Andy Dillon replied, "That is the $64,000 question. DEQ is firm that KWA is better. Are they an honest broker?" (emphasis added). Unfortunately, that question was soon to be answered in the negative when MDEQ played a key role in helping Flint obtain a fraudulent ACO. | See above ¶¶ 29, 30, 31, 32. | This allegation contains inadmissible hearsay for which no exception exists.<br><br>In addition, as Veolia concedes, this allegation will likely be cumulative of other evidence presented by Veolia during the trial and should therefore be excluded given the allegation would improperly bolster the weight of the other evidence Veolia has presented.<br><br>Alternatively, if such evidence is not presented during the trial, presentation of this allegation is irrelevant and improper in that the jury will not have heard sufficient evidence regarding the witness and cannot rely on the Complaint for evidence not otherwise presented to the jury. |

| Para-graph | Veolia's Designated Allegation | Veolia's Argument for Admission | Plaintiffs' Response |
|---|---|---|---|
| | | | The portion of the designation beginning with "[u]nfortunately, that question" through the end contains legal conclusions and inferences, which the Court has ruled are inadmissible. |
| 95 | On March 27, 2013, MDEQ officials, sensing that Kurtz, Wright, Walling and Dillon were pushing the Governor to approve Flint joining the KWA, acknowledged that the decision to switch the water source for Flint was not based on a scientific assessment of the suitability of the Flint River water. | See above ¶¶ 29, 31, 32, 40, 44, 86. | As Veolia concedes, this allegation will likely be cumulative of other evidence presented by Veolia during the trial and should therefore be excluded given the allegation would improperly bolster the weight of the other evidence Veolia has presented.

Alternatively, if such evidence is not presented during the trial, presentation of this allegation is irrelevant and improper in that the jury will not have heard sufficient evidence regarding the witness and cannot rely on the Complaint for evidence not otherwise presented to the jury.

This designation also contains legal conclusions and inferences, which the Court has ruled are inadmissible. |

| Para-graph | Veolia's Designated Allegation | Veolia's Argument for Admission | Plaintiffs' Response |
|---|---|---|---|
| 95 n.1 | The March 2016 Flint Water Advisory Task Force Final Report ("Task Force Report") is attached as Exhibit A and the Task Force Timeline is attached as Exhibit B. Sygo/MDEQ e-mails with Busch re: Flint River water source switch. "As you might guess we are in a situation with Emergency Financial Managers so it's entirely possible that they will be making decisions relative to cost." Exhibit B, Task Force Timeline at 4. | See above ¶¶ 30, 31.<br><br>**VNA also has filed a motion *in limine* to admit the Task Force Report and acknowledges that, should the Court deny that motion, this allegation also would not be admitted. | This allegation contains inadmissible hearsay for which no exception exists.<br><br>Further, allowing this allegation into evidence would be overly prejudicial because it is likely to violate this Court's motion *in limine* ruling regarding the Task Force Report. |
| 96 | On March 28, 2013, in an email from Dillon to Governor Rick Snyder, with copies to numerous other Treasury officials and Wyant, Dillon recommended that he authorize KWA going forward, even though the independent firm he hired to perform a cost evaluation said staying with DWSD made the most economic sense. Dillon wrote the Governor, explaining that, "based upon today's presentations to the DEQ by the City of Flint, KWA and the engineering firm (Tucker Young) Treasury hired to vet the options as to whether Flint should stay with DWSD or join KWA, I am recommending we support the City of Flint's decision to join KWA. The City's Emergency Manager, Mayor, and City Council all support this decision. Dan Wyant likewise concurs and will confirm via email." | See above ¶¶ 29, 32. | This allegation contains inadmissible hearsay for which no exception exists.<br><br>Further, as Veolia concedes, this allegation will likely be cumulative of other evidence presented by Veolia during the trial and should therefore be excluded given the allegation would improperly bolster the weight of the other evidence Veolia has presented.<br><br>Alternatively, if such evidence is not presented during the trial, presentation of this allegation is irrelevant and improper in that the jury will not have heard sufficient evidence regarding the witness and cannot rely on the Complaint for evidence not otherwise presented to the jury. |

| Para-graph | Veolia's Designated Allegation | Veolia's Argument for Admission | Plaintiffs' Response |
|---|---|---|---|
| 97 | By the spring of 2013, Wright had secured 30-year commitments from KWA member communities—except for Flint—to purchase millions of gallons of water. These commitments were necessary in order to sell $280 million worth of bonds to finance the project. | See above ¶ 40. | As Veolia concedes, this allegation will likely be cumulative of other evidence presented by Veolia during the trial and should therefore be excluded given the allegation would improperly bolster the weight of the other evidence Veolia has presented.<br><br>Alternatively, if such evidence is not presented during the trial, presentation of this allegation is irrelevant and improper in that the jury will not have heard sufficient evidence regarding the witness and cannot rely on the Complaint for evidence not otherwise presented to the jury.<br><br>This allegation also lacks any relevance to the claims pending before the jury. |
| 98 | In what became known in the media as "Michigan's Water War," Wright, in March and April of 2013, turned his attention to securing Flint's commitment to purchase millions of gallons of water from the KWA. | See above ¶ 40. | As Veolia concedes, this allegation will likely be cumulative of other evidence presented by Veolia during the trial and should therefore be excluded given the allegation would improperly bolster the weight of the other evidence Veolia has presented.<br><br>Alternatively, if such evidence is not presented during the trial, |

| Para-graph | Veolia's Designated Allegation | Veolia's Argument for Admission | Plaintiffs' Response |
|---|---|---|---|
| | | | presentation of this allegation is irrelevant and improper in that the jury will not have heard sufficient evidence regarding the witness and cannot rely on the Complaint for evidence not otherwise presented to the jury.<br><br>The portion of the designation which states that "turned his attention to" through the end contains legal conclusions and inferences, which the Court has ruled are inadmissible.<br><br>This allegation also lacks any relevance to the claims pending before the jury. |
| 99 | Without Flint's participation in the KWA project, Wright knew that it was doubtful that the KWA would be able to finance the project through the sale of $280 million worth of bonds. | See above ¶ 40. | As Veolia concedes, this allegation will likely be cumulative of other evidence presented by Veolia during the trial and should therefore be excluded given the allegation would improperly bolster the weight of the other evidence Veolia has presented.<br><br>Alternatively, if such evidence is not presented during the trial, presentation of this allegation is irrelevant and improper in that the jury will not have heard sufficient evidence regarding the witness and cannot rely on |

| Para-graph | Veolia's Designated Allegation | Veolia's Argument for Admission | Plaintiffs' Response |
|---|---|---|---|
| | | | the Complaint for evidence not otherwise presented to the jury. The portion of the designation which states that "Wright knew" through the end contains legal conclusions and inferences, which the Court has ruled are inadmissible. This allegation also lacks any relevance to the claims pending before the jury. |
| 100 | It was anticipated that if the financing for the KWA project was secured by April of 2014, the project could be completed by the end of 2016. | See above ¶ 40. | As Veolia concedes, this allegation will likely be cumulative of other evidence presented by Veolia during the trial and should therefore be excluded given the allegation would improperly bolster the weight of the other evidence Veolia has presented. Alternatively, if such evidence is not presented during the trial, presentation of this allegation is irrelevant and improper in that the jury will not have heard sufficient evidence regarding the witness and cannot rely on the Complaint for evidence not otherwise presented to the jury. |

| Para-graph | Veolia's Designated Allegation | Veolia's Argument for Admission | Plaintiffs' Response |
|---|---|---|---|
| | | | This designation contains legal conclusions and inferences, which the Court has ruled are inadmissible and also lacks any relevance to the claims pending before the jury. |
| 101 | In order to "win the war," Wright took on the role as Flint's surrogate. For example, after the TYJT report recommended that he not authorize Flint EM Kurtz to sign up with KWA because staying with DWSD was a better deal for the people of Flint, Wright aggressively argued Flint's case in communicating with Dillon and in the media. | See above ¶ 40. | This allegation contains inadmissible hearsay for which no exception exists.

As Veolia concedes, this allegation will likely be cumulative of other evidence presented by Veolia during the trial and should therefore be excluded given the allegation would improperly bolster the weight of the other evidence Veolia has presented.

Alternatively, if such evidence is not presented during the trial, presentation of this allegation is irrelevant and improper in that the jury will not have heard sufficient evidence regarding the witness and cannot rely on the Complaint for evidence not otherwise presented to the jury.

This designation also contains legal conclusions, inferences, and characterizations, which the Court has ruled are inadmissible. |

| Para-graph | Veolia's Designated Allegation | Veolia's Argument for Admission | Plaintiffs' Response |
|---|---|---|---|
| | | | |
| 102 | All state and local officials involved in the decision-making process knew that if Flint stayed with the DWSD as its source of drinking water, the Flint Water Treatment Plant ("FWTP" or "WTP") would not have to be upgraded. On the other hand, they all knew that if Flint went with KWA, the Flint WTP would have to be upgraded to treat the raw water coming from Lake Huron. | See above ¶¶ 29, 30, 31, 32, 40. | As Veolia concedes, this allegation will likely be cumulative of other evidence presented by Veolia during the trial and should therefore be excluded given the allegation would improperly bolster the weight of the other evidence Veolia has presented.

Alternatively, if such evidence is not presented during the trial, presentation of this allegation is irrelevant and improper in that the jury will not have heard sufficient evidence regarding the witness and cannot rely on the Complaint for evidence not otherwise presented to the jury.

This designation also contains legal conclusions, characterizations, and inferences, which the Court has ruled are inadmissible. |
| 103 | Governor Snyder was personally involved in the decisional process which led to the transition from DWSD to the KWA. Indeed, because both the City of Flint and the City of Detroit were under State of Michigan emergency management at the time, Snyder was briefed on reports from both Flint's and Detroit's emergency managers and issued directions to both managers as it related to the transition. | See above ¶ 29. | As Veolia concedes, this allegation will likely be cumulative of other evidence presented by Veolia during the trial and should therefore be excluded given the allegation would improperly bolster the weight of the other evidence Veolia has presented. |

| Para-graph | Veolia's Designated Allegation | Veolia's Argument for Admission | Plaintiffs' Response |
|---|---|---|---|
| | | | Alternatively, if such evidence is not presented during the trial, presentation of this allegation is irrelevant and improper in that the jury will not have heard sufficient evidence regarding the witness and cannot rely on the Complaint for evidence not otherwise presented to the jury.

This designation also contains legal conclusions, characterizations, and inferences, which the Court has ruled are inadmissible. |
| 104 | On April 4, 2013, Governor Snyder's Chief of Staff Dennis Muchmore emailed Governor Snyder and stated that "(a)s you know, the Flint people have requested Dillon's ok to break away from the DWSD." Snyder instructed Muchmore, Dillon, Detroit's Emergency Manager Kevin Orr, DWSD personnel, and Flint Emergency Manager Ed Kurtz to require DWSD to submit an additional offer to continue as Flint's water provider before allowing Dillon to authorize the transition away from DWSD. | See above ¶¶ 29, 32, 86. | This allegation contains inadmissible hearsay for which no exception exists.

As Veolia concedes, this allegation will likely be cumulative of other evidence presented by Veolia during the trial and should therefore be excluded given the allegation would improperly bolster the weight of the other evidence Veolia has presented.

Alternatively, if such evidence is not presented during the trial, presentation of this allegation is irrelevant and improper in that the jury will not have heard sufficient evidence regarding the witness and cannot rely on |

| Para-graph | Veolia's Designated Allegation | Veolia's Argument for Admission | Plaintiffs' Response |
|---|---|---|---|
| | | | the Complaint for evidence not otherwise presented to the jury. This designation also contains legal conclusions, characterizations, and inferences, which the Court has ruled are inadmissible. |
| 105 | Later in April, DWSD submitted a final proposal to Flint's Emergency Manager Ed Kurtz and the proposal, detailed background, and financial information were all forwarded to Governor Snyder by his Executive Director, Allison Scott, with an email stating "looks like they were following your instructions." | See above ¶¶ 29, 86. | This allegation contains inadmissible hearsay for which no exception exists. As Veolia concedes, this allegation will likely be cumulative of other evidence presented by Veolia during the trial and should therefore be excluded given the allegation would improperly bolster the weight of the other evidence Veolia has presented. Alternatively, if such evidence is not presented during the trial, presentation of this allegation is irrelevant and improper in that the jury will not have heard sufficient evidence regarding the witness and cannot rely on the Complaint for evidence not otherwise presented to the jury. |
| 106 | Shortly thereafter, Brom Stiblitz, a Senior Policy Advisor in the Michigan Department of Treasury emailed Snyder's Executive Director, Ms. Scott, and informed her that Flint's Emergency Manager Kurtz and Detroit's Emergency Manager Orr had spoken and that "Flint will not accept the last offer from DWSD." Again, | See above ¶¶ 29, 32, 86. | This allegation contains inadmissible hearsay for which no exception exists. |

| Para-graph | Veolia's Designated Allegation | Veolia's Argument for Admission | Plaintiffs' Response |
|---|---|---|---|
| | | | In addition, as Veolia concedes, this allegation will likely be cumulative of other evidence presented by Veolia during the trial and should therefore be excluded given the allegation would improperly bolster the weight of the other evidence Veolia has presented.

Alternatively, if such evidence is not presented during the trial, presentation of this allegation is irrelevant and improper in that the jury will not have heard sufficient evidence regarding the witness and cannot rely on the Complaint for evidence not otherwise presented to the jury. |
| 107 | Governor Snyder authorized Kurtz, through Department of Treasury officials, to enter into a contractual relationship with KWA for the purpose of supplying water to Flint beginning in mid- year 2016 or 2017. | See above ¶¶ 29, 86. | As Veolia concedes, this allegation will likely be cumulative of other evidence presented by Veolia during the trial and should therefore be excluded given the allegation would improperly bolster the weight of the other evidence Veolia has presented.

Alternatively, if such evidence is not presented during the trial, presentation of this allegation is irrelevant and improper in that the jury will not have heard sufficient evidence regarding the witness and cannot rely on |

| Para-graph | Veolia's Designated Allegation | Veolia's Argument for Admission | Plaintiffs' Response |
|---|---|---|---|
| | | | the Complaint for evidence not otherwise presented to the jury.<br><br>This designation also contains legal conclusions, characterizations, and inferences, which the Court has ruled are inadmissible. |
| 108 | Governor Snyder participated in discussions between his appointed Emergency Manager of Flint, Kurtz, and his appointed Emergency Manager of Detroit, Kevin Orr. At the time the Governor authorized his Emergency Manager to contractually bind Flint to the KWA project, the Governor and State officials knew that the Flint River would be used as an interim source. | See above ¶¶ 29, 86. | As Veolia concedes, this allegation will likely be cumulative of other evidence presented by Veolia during the trial and should therefore be excluded given the allegation would improperly bolster the weight of the other evidence Veolia has presented.<br><br>Alternatively, if such evidence is not presented during the trial, presentation of this allegation is irrelevant and improper in that the jury will not have heard sufficient evidence regarding the witness and cannot rely on the Complaint for evidence not otherwise presented to the jury.<br><br>The second portion of this designation beginning with "At the time" also contains legal conclusions, characterizations, and inferences, which the Court has ruled are inadmissible. |
| 109 | Governor Snyder knew at the time he authorized the switch to the Flint River that there was no agreed upon plan in place to | See above ¶ 29. | As Veolia concedes, this allegation will likely be |

| Para-graph | Veolia's Designated Allegation | Veolia's Argument for Admission | Plaintiffs' Response |
|---|---|---|---|
| | implement the necessary remediation at the FWTP in order to use Flint River water as Flint's sole source of water. | | cumulative of other evidence presented by Veolia during the trial and should therefore be excluded given the allegation would improperly bolster the weight of the other evidence Veolia has presented. |
| | | | Alternatively, if such evidence is not presented during the trial, presentation of this allegation is irrelevant and improper in that the jury will not have heard sufficient evidence regarding the witness and cannot rely on the Complaint for evidence not otherwise presented to the jury. |
| | | | This designation also contains legal conclusions, characterizations, and inferences, which the Court has ruled are inadmissible. |
| 110 | In June 2013, Dillon, Kurtz, Wright and Walling developed an interim plan ("Interim Plan") to use the Flint River water before the KWA became operational. The Interim Plan would cover 2.5 years (April 25, 2014 until approximately October 2016). | See above ¶¶ 32, 40, 44, 86. | As Veolia concedes, this allegation will likely be cumulative of other evidence presented by Veolia during the trial and should therefore be excluded given the allegation would improperly bolster the weight of the other evidence Veolia has presented. |
| | | | Alternatively, if such evidence is not presented during the trial, presentation of this allegation is |

| Para-graph | Veolia's Designated Allegation | Veolia's Argument for Admission | Plaintiffs' Response |
|---|---|---|---|
| | | | irrelevant and improper in that the jury will not have heard sufficient evidence regarding the witness and cannot rely on the Complaint for evidence not otherwise presented to the jury. |
| 111 | Dillon, Kurtz, Wright and Walling knew that in 2011 the Flint River was professionally evaluated and rejected as a drinking source and that upgrades for the Flint WTP would cost millions. | See above ¶¶ 32, 40, 44, 86. | As Veolia concedes, this allegation will likely be cumulative of other evidence presented by Veolia during the trial and should therefore be excluded given the allegation would improperly bolster the weight of the other evidence Veolia has presented.

Alternatively, if such evidence is not presented during the trial, presentation of this allegation is irrelevant and improper in that the jury will not have heard sufficient evidence regarding the witness and cannot rely on the Complaint for evidence not otherwise presented to the jury.

This designation also contains legal conclusions, characterizations, and inferences, which the Court has ruled are inadmissible. |
| 112 | | See above ¶ 29. | If the Court admits Veolia's designated allegations from the Complaint, Plaintiffs designate. |
| 113 | When the Governor authorized the use of the Flint River as an interim source of water for Flint, he knew that in 2011 the use of the Flint | See above ¶ 29. | This allegation is more prejudicial than probative, as it |

| Para-graph | Veolia's Designated Allegation | Veolia's Argument for Admission | Plaintiffs' Response |
|---|---|---|---|
| | River water as a primary drinking source had been professionally evaluated and rejected as dangerous and unsafe. | | relates to other legal claims not presently before the jury.

In addition, as Veolia concedes, this allegation will likely be cumulative of other evidence presented by Veolia during the trial and should therefore be excluded given the allegation would improperly bolster the weight of the other evidence Veolia has presented.

Alternatively, if such evidence is not presented during the trial, presentation of this allegation is irrelevant and improper in that the jury will not have heard sufficient evidence regarding the witness and cannot rely on the Complaint for evidence not otherwise presented to the jury.

This designation also contains legal conclusions, characterizations, and inferences, which the Court has ruled are inadmissible. |
| 114 | The Governor, in a timeline prepared by his office, confirmed that in June 2013, he knew that Flint River water would be used as an interim source of water. | | This allegation is more prejudicial than probative, as it relates to other legal claims not presently before the jury.

In addition, as Veolia concedes, this allegation will likely be cumulative of other evidence |

| Para-graph | Veolia's Designated Allegation | Veolia's Argument for Admission | Plaintiffs' Response |
|---|---|---|---|
| | | | presented by Veolia during the trial and should therefore be excluded given the allegation would improperly bolster the weight of the other evidence Veolia has presented.<br><br>Alternatively, if such evidence is not presented during the trial, presentation of this allegation is irrelevant and improper in that the jury will not have heard sufficient evidence regarding the witness and cannot rely on the Complaint for evidence not otherwise presented to the jury. |
| 115 | In May 2013, Emergency Manager Kurtz announced his resignation effective July 2013. The Governor reappointed Michael Brown as Flint's Emergency Manager. | See above ¶¶ 29, 86. | In addition, as Veolia concedes, this allegation will likely be cumulative of other evidence presented by Veolia during the trial and should therefore be excluded given the allegation would improperly bolster the weight of the other evidence Veolia has presented.<br><br>Alternatively, if such evidence is not presented during the trial, presentation of this allegation is irrelevant and improper in that the jury will not have heard sufficient evidence regarding the witness and cannot rely on the Complaint for evidence not otherwise presented to the jury. |

| Para-graph | Veolia's Designated Allegation | Veolia's Argument for Admission | Plaintiffs' Response |
|---|---|---|---|
| 117 | In September 2013, after Emergency Manager Brown resigned, Darnell Earley was appointed by the Governor as Flint's Emergency Manager. | See above ¶¶ 29, 41. | In addition, as Veolia concedes, this allegation will likely be cumulative of other evidence presented by Veolia during the trial and should therefore be excluded given the allegation would improperly bolster the weight of the other evidence Veolia has presented.<br><br>Alternatively, if such evidence is not presented during the trial, presentation of this allegation is irrelevant and improper in that the jury will not have heard sufficient evidence regarding the witness and cannot rely on the Complaint for evidence not otherwise presented to the jury. |
| 118 | As Emergency Manager, Earley was, by his own admission, responsible for ensuring that the City of Flint was in compliance with state and federal laws regarding safe drinking water. In his testimony to the United States House Committee on Oversight and Government Reform on March 15, 2016, he stated "the [e]mergency [m]anager obviously is the person responsible for making sure that those things get done, and I've always accepted that." | See above ¶ 41. | This allegation contains inadmissible hearsay for which no exception exists.<br><br>In addition, as Veolia concedes, this allegation will likely be cumulative of other evidence presented by Veolia during the trial and should therefore be excluded given the allegation would improperly bolster the weight of the other evidence Veolia has presented.<br><br>Alternatively, if such evidence is not presented during the trial, presentation of this allegation is |

| Para-graph | Veolia's Designated Allegation | Veolia's Argument for Admission | Plaintiffs' Response |
|---|---|---|---|
| | | | irrelevant and improper in that the jury will not have heard sufficient evidence regarding the witness and cannot rely on the Complaint for evidence not otherwise presented to the jury. |
| 119 | On March 14, 2014, Brian Larkin, then associate director of the Michigan Governor's Office of Urban and Metropolitan Initiatives, foretold of the crisis in an email to several others in the governor's office stating, "The expedited timeframe," of switching Flint's water sources, "is less than ideal and could lead to some big potential disasters down the road." | See above ¶ 29. | This allegation contains inadmissible hearsay for which no exception exists.<br><br>In addition, as Veolia concedes, this allegation will likely be cumulative of other evidence presented by Veolia during the trial and should therefore be excluded given the allegation would improperly bolster the weight of the other evidence Veolia has presented.<br><br>Alternatively, if such evidence is not presented during the trial, presentation of this allegation is irrelevant and improper in that the jury will not have heard sufficient evidence regarding the witness and cannot rely on the Complaint for evidence not otherwise presented to the jury.<br><br>This portion of this designation reading "foretold of the crisis in an email to several others in the governor's office stating" also contains legal conclusions, characterizations, and |

| Para-graph | Veolia's Designated Allegation | Veolia's Argument for Admission | Plaintiffs' Response |
|---|---|---|---|
| | | | inferences, which the Court has ruled are inadmissible. |
| 120 | Despite having been copied on an email alerting her to the potential dangers of switching Flint's water source nearly a year earlier, on March 20, 2014 Shekter-Smith played an integral role in ensuring that the City of Flint received an Administrative Consent Order that (i) required Flint to make use of the Flint Water Treatment Plant, (ii) attempted to prevent Flint from ever returning to the DWSD and (iii) mandated Flint to "undertake the KWA public improvement project or undertake other public improvement projects to continue to use the Flint River, such as additional Flint Water Treatment Plant public improvements, source water protection public improvements, and public improvements to obtain a backup water supply, in order to comply with Act 399." | See above ¶ 31. | This allegation contains inadmissible hearsay for which no exception exists.

In addition, as Veolia concedes, this allegation will likely be cumulative of other evidence presented by Veolia during the trial and should therefore be excluded given the allegation would improperly bolster the weight of the other evidence Veolia has presented.

Alternatively, if such evidence is not presented during the trial, presentation of this allegation is irrelevant and improper in that the jury will not have heard sufficient evidence regarding the witness and cannot rely on the Complaint for evidence not otherwise presented to the jury. |
| 121 | Michael Glasgow, the City of Flint's water treatment plant's laboratory and water quality supervisor informed the MDEQ on April 17, 2014, that the FWTP was not fit to begin operations and that "management" was not listening to him because "they seem to have their own agenda." Glasgow had told Rosenthal the day before, in the same e-mail chain, ". . . it looks as if we will be starting the plant up tomorrow and are being pushed to start distributing water as soon as possible ........I would like to make sure we are monitoring, reporting and meeting requirements before I give the OK to start distributing water." The next day, Glasgow wrote Prysby and Busch of the MDEQ, that " .....I have people | See above ¶¶ 30, 31, 46. | This allegation contains inadmissible hearsay for which no exception exists.

In addition, as Veolia concedes, this allegation will likely be cumulative of other evidence presented by Veolia during the trial and should therefore be excluded given the allegation would improperly bolster the |

| Para-graph | Veolia's Designated Allegation | Veolia's Argument for Admission | Plaintiffs' Response |
|---|---|---|---|
| | above me making plans to distribute water ASAP. I was reluctant before, but after looking at the monitoring schedule and our current staffing, I do not anticipate giving the OK to begin sending water out anytime soon. If water is distributed from this plant in the next couple of weeks, it will be against my direction. I need time to adequately train additional staff and to update our monitoring plans before I will feel we are ready. I will reiterate this to management above me, but they seem to have their own agenda." | | weight of the other evidence Veolia has presented.<br><br>Alternatively, if such evidence is not presented during the trial, presentation of this allegation is irrelevant and improper in that the jury will not have heard sufficient evidence regarding the witness and cannot rely on the Complaint for evidence not otherwise presented to the jury. |
| 122 | Johnson and Croft had the professional capacity and power to require Glasgow to undertake the switch to the Flint River water. | See above ¶¶ 30, 31, 46. | This designation contains legal conclusions, characterizations, and inferences, which the Court has ruled are inadmissible.<br><br>Further, the allegation is more prejudicial than probative, as it refers to claims not presently before the jury and contains legal conclusions which would allow Veolia to avoid submitting substantive evidence to support. |
| 123 | Glasgow later told State investigators that he received pressure from superiors—particularly Defendants Johnson and Croft—to begin the switch to the Flint River. | See above ¶¶ 30, 31, 46. | This allegation contains inadmissible hearsay for which no exception exists.<br><br>In addition, as Veolia concedes, this allegation will likely be cumulative of other evidence presented by Veolia during the trial and should therefore be excluded given the allegation would improperly bolster the |

| Para-graph | Veolia's Designated Allegation | Veolia's Argument for Admission | Plaintiffs' Response |
|---|---|---|---|
| | | | weight of the other evidence Veolia has presented.<br><br>Alternatively, if such evidence is not presented during the trial, presentation of this allegation is irrelevant and improper in that the jury will not have heard sufficient evidence regarding the witness and cannot rely on the Complaint for evidence not otherwise presented to the jury. |
| 124 | On April 18, 2014, Joshua Spencer, who was responsible for handling public relations for the City of Flint, urged the City to issue a press release stating, "The Tests are in. The Water is Good!;" "In an effort to dispel myths and promote the truth about the Flint River and its viability as a residential water resource, there have been numerous studies and tests conducted on its water by several different independent organizations;" and "For nearly 10 years Mike Glasgow has worked in the laboratory at the City of Flint Water Service Center. He has run countless tests on our drinking water to ensure its safety for public use. Mike has not only conducted tests on water provided to us by Detroit, but also on local water from nearby rivers, lakes and streams including the Flint River. When asked if over the last decade of he has seen any abnormalities of major concern in the water, his response was an emphatic, 'No.'" Johnson told Early that as an MDEQ Official, he was "comfortable releasing the ad." | See above ¶¶ 30, 31, 46. | This allegation contains inadmissible hearsay for which no exception exists.<br><br>In addition, as Veolia concedes, this allegation will likely be cumulative of other evidence presented by Veolia during the trial and should therefore be excluded given the allegation would improperly bolster the weight of the other evidence Veolia has presented.<br><br>Alternatively, if such evidence is not presented during the trial, presentation of this allegation is irrelevant and improper in that the jury will not have heard sufficient evidence regarding the witness and cannot rely on the Complaint for evidence not otherwise presented to the jury. |

| Para-graph | Veolia's Designated Allegation | Veolia's Argument for Admission | Plaintiffs' Response |
|---|---|---|---|
| | | | Further, the allegation is more prejudicial than probative, as it refers to claims not presently before the jury and contains legal conclusions which would allow Veolia to avoid submitting substantive evidence to support. |
| 125 | MDEQ's Cook signed a permit in 2014 that was the last approval necessary for the use of the Flint Water Treatment Plant. | See above ¶ 31. | As Veolia concedes, this allegation will likely be cumulative of other evidence presented by Veolia during the trial and should therefore be excluded given the allegation would improperly bolster the weight of the other evidence Veolia has presented.<br><br>Alternatively, if such evidence is not presented during the trial, presentation of this allegation is irrelevant and improper in that the jury will not have heard sufficient evidence regarding the witness and cannot rely on the Complaint for evidence not otherwise presented to the jury.<br><br>Further, the allegation is more prejudicial than probative, as it refers to claims not presently before the jury and contains legal conclusions which would allow Veolia to avoid |

| Para-graph | Veolia's Designated Allegation | Veolia's Argument for Admission | Plaintiffs' Response |
|---|---|---|---|
| | | | submitting substantive evidence to support. |
| 126 | On April 25, 2014, under the direction of Emergency Manager Earley and State officials from MDEQ, Flint water users began receiving Flint River water from their taps even though Glasgow warned that the WTP was not ready. | See above ¶¶ 31, 41. | As Veolia concedes, this allegation will likely be cumulative of other evidence presented by Veolia during the trial and should therefore be excluded given the allegation would improperly bolster the weight of the other evidence Veolia has presented.<br><br>Alternatively, if such evidence is not presented during the trial, presentation of this allegation is irrelevant and improper in that the jury will not have heard sufficient evidence regarding the witness and cannot rely on the Complaint for evidence not otherwise presented to the jury.<br><br>Further, the allegation is more prejudicial than probative, as it refers to claims not presently before the jury and contains legal conclusions which would allow Veolia to avoid submitting substantive evidence to support. |
| 127 | Beginning in June 2013 and continuing through April 25, 2014, the State created a dangerous public health crisis for the users of Flint tap water when it, Kurtz and Earley ordered and set in motion the use of highly corrosive and toxic Flint River water knowing that the WTP was not ready. | See above ¶¶ 41, 86. | As Veolia concedes, this allegation will likely be cumulative of other evidence presented by Veolia during the trial and should therefore be |

| Para-graph | Veolia's Designated Allegation | Veolia's Argument for Admission | Plaintiffs' Response |
|---|---|---|---|
| | | | excluded given the allegation would improperly bolster the weight of the other evidence Veolia has presented.

Alternatively, if such evidence is not presented during the trial, presentation of this allegation is irrelevant and improper in that the jury will not have heard sufficient evidence regarding the witness and cannot rely on the Complaint for evidence not otherwise presented to the jury.

Further, the allegation is more prejudicial than probative, as it refers to claims not presently before the jury and contains legal conclusions which would allow Veolia to avoid submitting substantive evidence to support. |
| 128 | For at least a year prior thereto, the State knew that using the Flint River water was dangerous and could cause serious public health issues. | See above ¶¶ 29, 31. | As Veolia concedes, this allegation will likely be cumulative of other evidence presented by Veolia during the trial and should therefore be excluded given the allegation would improperly bolster the weight of the other evidence Veolia has presented.

Alternatively, if such evidence is not presented during the trial, |

| Para-graph | Veolia's Designated Allegation | Veolia's Argument for Admission | Plaintiffs' Response |
|---|---|---|---|
| | | | presentation of this allegation is irrelevant and improper in that the jury will not have heard sufficient evidence regarding the witness and cannot rely on the Complaint for evidence not otherwise presented to the jury.<br><br>Further, the allegation is more prejudicial than probative, as it refers to claims not presently before the jury and contains legal conclusions which would allow Veolia to avoid submitting substantive evidence to support. |
| 128 n.3 | "January 23, 2013: Mike Prysby/MDEQ e-mails colleague Liane Shekter Smith and others about feasibility of Flint switching to the Flint River, highlighting water quality concerns." Exhibit A, Task Force Report at 16. | See above ¶ 31.<br><br>**VNA also has filed a motion *in limine* to admit the Task Force Report and acknowledges that, should the Court deny that motion, this allegation also would not be admitted. | This allegation contains inadmissible hearsay for which no exception exists.<br><br>Further, allowing this allegation into evidence would be overly prejudicial because it is likely to violate this Court's motion *in limine* ruling regarding the Task Force Report. |
| 129 | In addition, recognizing that WTP could not process water for both Flint and Genesee County, a group of people including Wright, Dillon, and Walling decided that the people of Flint would receive its drinking water from the Flint River and that the out-county residents would continue to receive water directly from DWSD. | See above ¶¶ 32, 40, 44. | As Veolia concedes, this allegation will likely be cumulative of other evidence presented by Veolia during the trial and should therefore be excluded given the allegation would improperly bolster the |

| Para-graph | Veolia's Designated Allegation | Veolia's Argument for Admission | Plaintiffs' Response |
|---|---|---|---|
| | | | weight of the other evidence Veolia has presented.<br><br>Alternatively, if such evidence is not presented during the trial, presentation of this allegation is irrelevant and improper in that the jury will not have heard sufficient evidence regarding the witness and cannot rely on the Complaint for evidence not otherwise presented to the jury.<br><br>Further, the allegation is more prejudicial than probative, as it refers to claims not presently before the jury and contains legal conclusions which would allow Veolia to avoid submitting substantive evidence to support. |
| 132 | Wright had apparent contractual authority over the water supply choices that were made in 2013 and 2014. Wright, in a April 1, 2014 Official Statement to prospective bond purchasers stated, "[i]nasmuch as the County Agency has a valid contract with Flint for the supply of water via DWSD, Flint is contractually obligated to continue to purchase water from DWSD in order to supply water to the County Agency. This may be accomplished, notwithstanding Flint utilizing the Flint River for a water source, by Flint continuing to purchase water from DWSD and directing the water to be transmitted directly to the County Agency by isolation valves currently installed in the Flint System." | See above ¶ 40. | This allegation contains inadmissible hearsay for which no exception exists.<br><br>In addition, as Veolia concedes, this allegation will likely be cumulative of other evidence presented by Veolia during the trial and should therefore be excluded given the allegation would improperly bolster the weight of the other evidence Veolia has presented. |

| Para-graph | Veolia's Designated Allegation | Veolia's Argument for Admission | Plaintiffs' Response |
|---|---|---|---|
| | | | Alternatively, if such evidence is not presented during the trial, presentation of this allegation is irrelevant and improper in that the jury will not have heard sufficient evidence regarding the witness and cannot rely on the Complaint for evidence not otherwise presented to the jury. |
| 133 | In the same Official Statement, Wright noted that the County entered into contract negotiations with DWSD to secure water directly from DWSD. Wright noted that during the interim period DWSD had agreed to supply water to the County via Flint without a contract being in place. | See above ¶ 40. | This allegation contains inadmissible hearsay for which no exception exists.<br><br>In addition, as Veolia concedes, this allegation will likely be cumulative of other evidence presented by Veolia during the trial and should therefore be excluded given the allegation would improperly bolster the weight of the other evidence Veolia has presented.<br><br>Alternatively, if such evidence is not presented during the trial, presentation of this allegation is irrelevant and improper in that the jury will not have heard sufficient evidence regarding the witness and cannot rely on the Complaint for evidence not otherwise presented to the jury. |
| 134 | Despite Wright's statement, the 1973 water supply contract between the City and County required the City to supply drinking water to the | See above ¶ 40. | This allegation contains inadmissible hearsay for which no exception exists. |

| Para-graph | Veolia's Designated Allegation | Veolia's Argument for Admission | Plaintiffs' Response |
|---|---|---|---|
| | County which met regulatory standards. The contract did not require the City to sell to the County DWSD water. | | In addition, as Veolia concedes, this allegation will likely be cumulative of other evidence presented by Veolia during the trial and should therefore be excluded given the allegation would improperly bolster the weight of the other evidence Veolia has presented.

Alternatively, if such evidence is not presented during the trial, presentation of this allegation is irrelevant and improper in that the jury will not have heard sufficient evidence regarding the witness and cannot rely on the Complaint for evidence not otherwise presented to the jury. |
| 135 | In his Official Statement, Wright points out that Flint negotiated an administrative consent order ("ACO") with MDEQ—discussed further below—that permitted the temporary use of the Flint River and that the ACO required Flint to upgrade the WTP and eventually become part of the KWA. | See above ¶¶ 31, 40. | This allegation contains inadmissible hearsay for which no exception exists.

In addition, as Veolia concedes, this allegation will likely be cumulative of other evidence presented by Veolia during the trial and should therefore be excluded given the allegation would improperly bolster the weight of the other evidence Veolia has presented.

Alternatively, if such evidence is not presented during the trial, |

| Para-graph | Veolia's Designated Allegation | Veolia's Argument for Admission | Plaintiffs' Response |
|---|---|---|---|
| | | | presentation of this allegation is irrelevant and improper in that the jury will not have heard sufficient evidence regarding the witness and cannot rely on the Complaint for evidence not otherwise presented to the jury.<br><br>Further, the allegation is more prejudicial than probative, as it refers to claims not presently before the jury and contains legal conclusions which would allow Veolia to avoid submitting substantive evidence to support. |
| 136 | Wright believed the KWA project, as he envisioned it, would not materialize without Flint's participation. The Home Rule debt limit prohibited Flint's participation in the bond sale unless an "emergency" could be created. | See above ¶ 40. | This allegation contains inadmissible hearsay for which no exception exists.<br><br>In addition, as Veolia concedes, this allegation will likely be cumulative of other evidence presented by Veolia during the trial and should therefore be excluded given the allegation would improperly bolster the weight of the other evidence Veolia has presented.<br><br>Alternatively, if such evidence is not presented during the trial, presentation of this allegation is irrelevant and improper in that the jury will not have heard |

| Para-graph | Veolia's Designated Allegation | Veolia's Argument for Admission | Plaintiffs' Response |
|---|---|---|---|
| | | | sufficient evidence regarding the witness and cannot rely on the Complaint for evidence not otherwise presented to the jury.

Further, the allegation is more prejudicial than probative, as it refers to claims not presently before the jury and contains legal conclusions which would allow Veolia to avoid submitting substantive evidence to support. |
| 137 | Wright, with the assistance of Emergency Manger's Earley and Ambrose, created an "emergency" which required a "sweetheart" ACO to be developed. | See above ¶¶ 40, 41, 43. | This allegation contains inadmissible hearsay for which no exception exists.

In addition, as Veolia concedes, this allegation will likely be cumulative of other evidence presented by Veolia during the trial and should therefore be excluded given the allegation would improperly bolster the weight of the other evidence Veolia has presented.

Alternatively, if such evidence is not presented during the trial, presentation of this allegation is irrelevant and improper in that the jury will not have heard sufficient evidence regarding the witness and cannot rely on |

| Para-graph | Veolia's Designated Allegation | Veolia's Argument for Admission | Plaintiffs' Response |
|---|---|---|---|
| | | | the Complaint for evidence not otherwise presented to the jury.<br><br>Further, the allegation is more prejudicial than probative, as it refers to claims not presently before the jury and contains legal conclusions which would allow Veolia to avoid submitting substantive evidence to support. |
| 140 | The City of Flint, with MDEQ approval, used an exception to state law by claiming the bonds were needed to fund an emergency cleanup of a retention pond, when in fact the funds were intended to pay for Wright's KWA project. | See above ¶¶ 30, 31, 40. | As Veolia concedes, this allegation will likely be cumulative of other evidence presented by Veolia during the trial and should therefore be excluded given the allegation would improperly bolster the weight of the other evidence Veolia has presented.<br><br>Alternatively, if such evidence is not presented during the trial, presentation of this allegation is irrelevant and improper in that the jury will not have heard sufficient evidence regarding the witness and cannot rely on the Complaint for evidence not otherwise presented to the jury.<br><br>Further, the allegation is more prejudicial than probative, as it refers to claims not presently |

| Para-graph | Veolia's Designated Allegation | Veolia's Argument for Admission | Plaintiffs' Response |
|---|---|---|---|
| | | | before the jury and contains legal conclusions which would allow Veolia to avoid submitting substantive evidence to support. |
| 141 | During that time, Early and others actively worked in various fashions to discourage a return to using water produced by the Detroit Water and Sewer Department, required the use of Flint River water through a Flint Water Treatment Plant, that was deemed unready for service by several people involved with its management, and to ensure the construction of the KWA. | See above ¶ 41. | This portion of this designation reading "Early and others actively worked in various fashions to discourage a return to using water produced by the Detroit Water and Sewer Department" contains legal conclusions, characterizations, and inferences, which the Court has ruled are inadmissible.

Further, the allegation is more prejudicial than probative, as it refers to claims not presently before the jury and contains legal conclusions which would allow Veolia to avoid submitting substantive evidence to support. |
| 142 | As early as May 2014, the State knew that it had indeed created a dangerous public health crisis, yet failed to take any remedial steps. | See above ¶¶ 29, 31. | Allowing this allegation into evidence would be overly prejudicial because it is likely to violate this Court's motion *in limine* ruling regarding the Task Force Report and because it refers to claims not presently before the jury and contains legal conclusions which would allow Veolia to avoid |

| Para-graph | Veolia's Designated Allegation | Veolia's Argument for Admission | Plaintiffs' Response |
|---|---|---|---|
| | | | submitting substantive evidence to support. |
| 142 n.4 | The Governor's office received citizen complaints and was well aware of numerous press stories about water quality problems as early as May 2014 and continuing throughout 2015." [Exhibit A, Task Force Report at 36] | See above ¶ 29.<br><br>**VNA also has filed a motion *in limine* to admit the Task Force Report and acknowledges that, should the Court deny that motion, this allegation also would not be admitted. | This allegation contains inadmissible hearsay for which no exception exists.<br><br>Further, allowing this allegation into evidence would be overly prejudicial because it is likely to violate this Court's motion *in limine* ruling regarding the Task Force Report and because it refers to claims not presently before the jury and contains legal conclusions which would allow Veolia to avoid submitting substantive evidence to support. |
| 143 | In June 2014, citizen complaints about contaminated water continued without the State doing anything to address these complaints. Many Flint water users reported that the water was making them ill. | See above ¶¶ 29, 31. | The allegation is more prejudicial than probative, as it refers to claims not presently before the jury and contains legal conclusions which would allow Veolia to avoid submitting substantive evidence to support. |
| 144 | On October 14, 2014, Flint's public health emergency was a topic of significant discussion in the Governor's office. | See above ¶ 29. | As Veolia concedes, this allegation will likely be cumulative of other evidence presented by Veolia during the |

| Para-graph | Veolia's Designated Allegation | Veolia's Argument for Admission | Plaintiffs' Response |
|---|---|---|---|
| | | | trial and should therefore be excluded given the allegation would improperly bolster the weight of the other evidence Veolia has presented.<br><br>Alternatively, if such evidence is not presented during the trial, presentation of this allegation is irrelevant and improper in that the jury will not have heard sufficient evidence regarding the witness and cannot rely on the Complaint for evidence not otherwise presented to the jury.<br><br>Further, the allegation is more prejudicial than probative, as it refers to claims not presently before the jury and contains legal conclusions which would allow Veolia to avoid submitting substantive evidence to support. |
| 145 | By October 2014, the Governor and his staff knew full well of the ongoing public health threat to the people of Flint, yet he did absolutely nothing to assist the desperate people of Flint. | See above ¶ 29. | Allowing this allegation into evidence would be overly prejudicial because it is likely to violate this Court's motion *in limine* ruling regarding the Task Force Report. Further, the allegation is more prejudicial than probative because it refers to claims not presently before the jury and contains legal conclusions which would allow |

| Para-graph | Veolia's Designated Allegation | Veolia's Argument for Admission | Plaintiffs' Response |
|---|---|---|---|
| | | | Veolia to avoid submitting substantive evidence to support. |
| 145 n.5 | The Task Force Report was critical of the Governor's failure to answer the Flint citizen calls for help in October 2014. "The suggestion made by members of the Governor's executive staff in October 2014 to switch back to DWSD should have resulted, at a minimum, in a full and comprehensive review of the water situation in Flint, similar to that which accompanied the earlier decision to switch to KWA. It was disregarded, however, because of cost considerations and repeated assurances that the water was safe. The need to switch back to DWSD became even more apparent as water quality and safety issued continued and lead issues began to surface in 2015, notwithstanding reassurances by MDEQ." [Exhibit A, Task Force Report at 38] | See above ¶ 29.<br><br>**VNA also has filed a motion *in limine* to admit the Task Force Report and acknowledges that, should the Court deny that motion, this allegation also would not be admitted. | This allegation contains inadmissible hearsay for which on exception exists.<br><br>Allowing this allegation into evidence would be overly prejudicial because it is likely to violate this Court's motion *in limine* ruling regarding the Task Force Report. |
| 147 | On October 13, 2014, the General Motors Corporation announced that it would no longer use Flint River water in its Flint plant. Despite this clear evidence of serious and significant danger, none of the [City and State officials] took any action to alter the course of the health crisis. | See above ¶¶ 29, 30, 31, 32, 33, 46. | Allowing this allegation into evidence would be overly prejudicial because it is likely to violate this Court's motion *in limine* ruling regarding the Task Force Report. Further, the allegation is more prejudicial than probative because it refers to claims not presently before the jury and contains legal conclusions which would allow Veolia to avoid submitting substantive evidence to support. |
| 148 | Governor Snyder's senior executive staff was immediately aware of the ramifications of GM's decision and the adverse health effects confronting the citizenry of Flint. In an email written only the day after GM's decision to withdraw from Flint River-sourced water, Deputy Legal Counsel and Senior Policy Advisor to the Governor Valerie Brader wrote: | See above ¶ 29. | This allegation contains inadmissible hearsay for which no exception exists.<br><br>In addition, as Veolia concedes, this allegation will likely be cumulative of other evidence |

| Para-graph | Veolia's Designated Allegation | Veolia's Argument for Admission | Plaintiffs' Response |
|---|---|---|---|
| | Now we are getting comments about being lab rats in the media, which are going to be exacerbated when it comes out that after the boil water order, there were chemicals in the water that exceeded health-based water quality standards. I think we should ask the EM to consider coming back to the Detroit system in full or in part as an interim solution to both the quality, and now the financial, problems that the current solution is causing. | | presented by Veolia during the trial and should therefore be excluded given the allegation would improperly bolster the weight of the other evidence Veolia has presented.

Alternatively, if such evidence is not presented during the trial, presentation of this allegation is irrelevant and improper in that the jury will not have heard sufficient evidence regarding the witness and cannot rely on the Complaint for evidence not otherwise presented to the jury.

This portion of this designation reading "Governor Snyder's senior executive staff was immediately aware of the ramifications" through the end also contains legal conclusions, characterizations, and inferences, which the Court has ruled are inadmissible. |
| 149 | Brader's email was addressed to Dennis Muchmore, Governor Snyder's Chief of Staff, Michael Gadola, the Governor's Legal Counsel and Jarrod Agen, the Governor's Communications Director. Brader also noted that she intentionally did not distribute her email to officials at MDEQ to keep the communication secret and hidden under the Freedom of Information Act. But she noted that she had been in touch with MDEQ officials to brief Flint's Emergency Manager "directly on the water quality issues." | See above ¶¶ 29, 31. | This allegation contains inadmissible hearsay for which no exception exists.

In addition, as Veolia concedes, this allegation will likely be cumulative of other evidence presented by Veolia during the trial and should therefore be |

| Para-graph | Veolia's Designated Allegation | Veolia's Argument for Admission | Plaintiffs' Response |
|---|---|---|---|
| | | | excluded given the allegation would improperly bolster the weight of the other evidence Veolia has presented. |
| | | | Alternatively, if such evidence is not presented during the trial, presentation of this allegation is irrelevant and improper in that the jury will not have heard sufficient evidence regarding the witness and cannot rely on the Complaint for evidence not otherwise presented to the jury. |
| | | | This portion of this designation reading "Brader also noted that she intentionally did not distribute her email to officials at MDEQ to keep the communication secret and hidden under the Freedom of Information Act" also contains legal conclusions, characterizations, and inferences, which the Court has ruled are inadmissible. |
| 150 | Richard Baird, Governor Snyder's "Transformation Manager" and close confidant, who also received a copy of Brader's email, was then present for a conference call with Earley during which Earley rejected the idea of returning to the Detroit Water & Sewer Department. | See above ¶¶ 29, 41. | As Veolia concedes, this allegation will likely be cumulative of other evidence presented by Veolia during the trial and should therefore be excluded given the allegation would improperly bolster the |

| Para-graph | Veolia's Designated Allegation | Veolia's Argument for Admission | Plaintiffs' Response |
|---|---|---|---|
| | | | weight of the other evidence Veolia has presented.<br><br>Alternatively, if such evidence is not presented during the trial, presentation of this allegation is irrelevant and improper in that the jury will not have heard sufficient evidence regarding the witness and cannot rely on the Complaint for evidence not otherwise presented to the jury. |
| 151 | The following day, Governor Snyder's Legal Counsel Michael Gadola issued a more frank assessment of the health issues associated with using the Flint River as the drinking water source for the population of Flint calling its use "downright scary." Gadola advised that, "[t]hey should try to get back on the Detroit system as a stopgap ASAP before this thing gets too far out of control." | See above ¶ 29. | This allegation contains inadmissible hearsay for which no exception exists.<br><br>In addition, as Veolia concedes, this allegation will likely be cumulative of other evidence presented by Veolia during the trial and should therefore be excluded given the allegation would improperly bolster the weight of the other evidence Veolia has presented.<br><br>Alternatively, if such evidence is not presented during the trial, presentation of this allegation is irrelevant and improper in that the jury will not have heard sufficient evidence regarding the witness and cannot rely on the Complaint for evidence not otherwise presented to the jury. |

| Para-graph | Veolia's Designated Allegation | Veolia's Argument for Admission | Plaintiffs' Response |
|---|---|---|---|
| 152 | On October 17, 2014, Flint officials became aware of the threat of Legionnaires disease resulting from the use of Flint River water. No action was taken by Flint or Genesee County Health officials. | See above ¶ 30. | As Veolia concedes, this allegation will likely be cumulative of other evidence presented by Veolia during the trial and should therefore be excluded given the allegation would improperly bolster the weight of the other evidence Veolia has presented. <br><br> Alternatively, if such evidence is not presented during the trial, presentation of this allegation is irrelevant and improper in that the jury will not have heard sufficient evidence regarding the witness and cannot rely on the Complaint for evidence not otherwise presented to the jury. <br><br> Further, the allegation is more prejudicial than probative, as it refers to claims not presently before the jury and contains legal conclusions which would allow Veolia to avoid submitting substantive evidence to support. |
| 152 n.8 | "Genesee Co. Health Department (GCHD) representatives hold conference call with Glasgow and Wright/Flint DPW re: county's concerns about Legionellosis outbreak and possible connection to city's water system. DPW "acknowledges that the distribution system has areas of concern." [Exhibit A, Task Force Report at 7] | See above ¶ 46. <br><br> **VNA also has filed a motion *in limine* to admit the Task Force Report and acknowledges that, should the Court | This allegation contains inadmissible hearsay for which no exception exists. <br><br> In addition, as Veolia concedes, this allegation will likely be cumulative of other evidence |

| Para-graph | Veolia's Designated Allegation | Veolia's Argument for Admission | Plaintiffs' Response |
|---|---|---|---|
| | | | presented by Veolia during the trial and should therefore be excluded given the allegation would improperly bolster the weight of the other evidence Veolia has presented. Alternatively, if such evidence is not presented during the trial, presentation of this allegation is irrelevant and improper in that the jury will not have heard sufficient evidence regarding the witness and cannot rely on the Complaint for evidence not otherwise presented to the jury. |
| 153 | On October 21, 2014, the MDHHS was notified of the health crisis caused by the Flint River water. Again, no action was taken. | See above ¶ 33. | As Veolia concedes, this allegation will likely be cumulative of other evidence presented by Veolia during the trial and should therefore be excluded given the allegation would improperly bolster the weight of the other evidence Veolia has presented. Alternatively, if such evidence is not presented during the trial, presentation of this allegation is irrelevant and improper in that the jury will not have heard sufficient evidence regarding the witness and cannot rely on the Complaint for evidence not otherwise presented to the jury. |

| Para-graph | Veolia's Designated Allegation | Veolia's Argument for Admission | Plaintiffs' Response |
|---|---|---|---|
| | | | |
| 153 n.9 | "Susan Bohm/MDHHS e-mails GCHD officials re: Flint water would be publicly linked to Legionellosis outbreak in Flint.' I told her the Flint water was at this point just a hypothesis.'" [Exhibit A, Task Force Report at 7] | See above ¶¶ 31, 33.<br><br>**VNA also has filed a motion *in limine* to admit the Task Force Report and acknowledges that, should the Court deny that motion, this allegation also would not be admitted. | This allegation contains inadmissible hearsay for which no exception exists.<br><br>Further, allowing this allegation into evidence would be overly prejudicial because it is likely to violate this Court's motion *in limine* ruling regarding the Task Force Report. |
| 154 | In January 2015, State officials met to discuss the ongoing threat to public health posed by the Legionella bacteria in the Flint River water. The public health crisis was not addressed in any serious and/or non-frivolous way. | See above ¶¶ 29, 31, 32, 33. | As Veolia concedes, this allegation will likely be cumulative of other evidence presented by Veolia during the trial and should therefore be excluded given the allegation would improperly bolster the weight of the other evidence Veolia has presented.<br><br>Alternatively, if such evidence is not presented during the trial, presentation of this allegation is irrelevant and improper in that the jury will not have heard sufficient evidence regarding the witness and cannot rely on the Complaint for evidence not otherwise presented to the jury.<br><br>Further, the allegation is more prejudicial than probative, as it refers to claims not presently |

| Para-graph | Veolia's Designated Allegation | Veolia's Argument for Admission | Plaintiffs' Response |
|---|---|---|---|
| | | | before the jury and contains legal conclusions which would allow Veolia to avoid submitting substantive evidence to support. |
| 154 n.10 | "January 2015 (date unclear): Staff from Genesee County hospitals, MDHHS, MDEQ and GCHD meet, and MDHHS Director Nick Lyon directs GCHD to conduct and complete its evaluation of the causes of the increased Legionellosis cases that had begun to occur in 2014." [Exhibit A, Task Force Report at 18] | See above ¶¶ 31, 33.<br><br>**VNA also has filed a motion *in limine* to admit the Task Force Report and acknowledges that, should the Court deny that motion, this allegation also would not be admitted. | This allegation contains inadmissible hearsay for which no exception exists.<br><br>Further, allowing this allegation into evidence would be overly prejudicial because it is likely to violate this Court's motion *in limine* ruling regarding the Task Force Report. |
| 156 | On January 21, 2105, State officials ordered water coolers to be installed in State buildings operating in Flint. State officials were concerned that this action, if it became widely known by the public, would reveal their dishonesty because they had been advising the residents of Flint that it was safe to drink the tap water and at the same time arranging for alternative water sources for the State employees who were working in Flint. | See above ¶¶ 29, 31, 32, 33. | In addition, as Veolia concedes, this allegation will likely be cumulative of other evidence presented by Veolia during the trial and should therefore be excluded given the allegation would improperly bolster the weight of the other evidence Veolia has presented.<br><br>Alternatively, if such evidence is not presented during the trial, presentation of this allegation is irrelevant and improper in that the jury will not have heard sufficient evidence regarding the witness and cannot rely on the Complaint for evidence not otherwise presented to the jury. |

| Para-graph | Veolia's Designated Allegation | Veolia's Argument for Admission | Plaintiffs' Response |
|---|---|---|---|
| | | | This portion of this designation reading "State officials were concerned" through the end also contains legal conclusions, characterizations, and inferences, which the Court has ruled are inadmissible. |
| 156 n.11 | "MDEQ staff (Prysby, Shekter Smith, Benzie, numerous others) communicate via e-mail re: decision to provide water coolers at Flint's State Office building. Some discussion re: how this decision will affect Flint residents' perceptions of drinking water safety, and how the decision will "make it more difficult . . . for ODWMA staff." [Exhibit A, Task Force Report at 8] | See above ¶ 31. | This allegation contains inadmissible hearsay for which no exception exists.<br><br>Further, allowing this allegation into evidence would be overly prejudicial because it is likely to violate this Court's motion *in limine* ruling regarding the Task Force Report. |
| 157 | On January 27, 2015, Flint was placed on notice that the Genesee County Health Department ("GCHD") believed there was an association between the spike in Legionella disease reports and the onset of the use of Flint River water. Again, [City and State officials] did nothing about the impending health catastrophe. | See above ¶¶ 29, 30, 31, 32, 33, 46. | As Veolia concedes, this allegation will likely be cumulative of other evidence presented by Veolia during the trial and should therefore be excluded given the allegation would improperly bolster the weight of the other evidence Veolia has presented.<br><br>Alternatively, if such evidence is not presented during the trial, presentation of this allegation is irrelevant and improper in that the jury will not have heard sufficient evidence regarding the witness and cannot rely on |

| Para-graph | Veolia's Designated Allegation | Veolia's Argument for Admission | Plaintiffs' Response |
|---|---|---|---|
| | | | the Complaint for evidence not otherwise presented to the jury.<br><br>Further, the allegation is more prejudicial than probative, as it refers to claims not presently before the jury and contains legal conclusions which would allow Veolia to avoid submitting substantive evidence to support. |
| 158 | Nick Lyon, the director of the MDHHS, received materials on or about January 28, 2015 from a departmental epidemiologist showing an outbreak of Legionnaires' disease in Genesee County in 2014. | See above ¶ 33. | As Veolia concedes, this allegation will likely be cumulative of other evidence presented by Veolia during the trial and should therefore be excluded given the allegation would improperly bolster the weight of the other evidence Veolia has presented.<br><br>Alternatively, if such evidence is not presented during the trial, presentation of this allegation is irrelevant and improper in that the jury will not have heard sufficient evidence regarding the witness and cannot rely on the Complaint for evidence not otherwise presented to the jury.<br><br>Further, the allegation is more prejudicial than probative, as it refers to claims not presently |

| Para-graph | Veolia's Designated Allegation | Veolia's Argument for Admission | Plaintiffs' Response |
|---|---|---|---|
| | | | before the jury and contains legal conclusions which would allow Veolia to avoid submitting substantive evidence to support. |
| 159 | On January 29, 2015, State officials recognized that the public health crisis was caused by the corrosion of the entire infrastructure of the Flint water system. No action was taken to warn the public of the health crisis or to correct the harm caused by the State's decision to switch from DWSD water to Flint River water. | See above ¶¶ 29, 31, 32, 33. | Allowing this allegation into evidence would be overly prejudicial because it is likely to violate this Court's motion *in limine* ruling regarding the Task Force Report. Further, the allegation is more prejudicial than probative because it refers to claims not presently before the jury and contains legal conclusions which would allow Veolia to avoid submitting substantive evidence to support. |
| 159 n.13 | Sygo and Shekter Smith/MDEQ e-mail re: Flint water quality problems. Shekter Smith identifies the problem as corrosion across the distribution system rather than a 'premise plumbing' issue." Exhibit B, Task Force Timeline at 8. | See above ¶ 31.<br><br>**VNA also has filed a motion *in limine* to admit the Task Force Report and acknowledges that, should the Court deny that motion, this allegation also would not be admitted. | This allegation contains inadmissible hearsay for which no exception exists.<br><br>Further, allowing this allegation into evidence would be overly prejudicial because it is likely to violate this Court's motion *in limine* ruling regarding the Task Force Report. |
| 160 | On January 29, 2015, Sue McCormick, the Director of DWSD, offered Ambrose an opportunity to purchase DWSD water at attractive rates. DSWD's proposal included waiving the reconnection fee. This offer was rejected by Ambrose. | See above ¶ 43. | the allegation is more prejudicial than probative, as it refers to claims not presently before the jury and contains legal conclusions which would |

| Para-graph | Veolia's Designated Allegation | Veolia's Argument for Admission | Plaintiffs' Response |
|---|---|---|---|
| | | | allow Veolia to avoid submitting substantive evidence to support. |
| 161 | | | If the Court admits Veolia's designated allegations from the Complaint, Plaintiffs designate. |
| 162 | By the end of January 2015, the Governor's office was fully aware of the public health emergency caused by the rise in Legionella bacteria found in the Flint River and launched a cover-up of the public health crisis. | See above ¶ 29. | As Veolia concedes, this allegation will likely be cumulative of other evidence presented by Veolia during the trial and should therefore be excluded given the allegation would improperly bolster the weight of the other evidence Veolia has presented.<br><br>Alternatively, if such evidence is not presented during the trial, presentation of this allegation is irrelevant and improper in that the jury will not have heard sufficient evidence regarding the witness and cannot rely on the Complaint for evidence not otherwise presented to the jury.<br><br>Further, the allegation is more prejudicial than probative, as it refers to claims not presently before the jury and contains legal conclusions which would allow Veolia to avoid submitting substantive evidence to support. Allowing this allegation into evidence |

| Para-graph | Veolia's Designated Allegation | Veolia's Argument for Admission | Plaintiffs' Response |
|---|---|---|---|
| | | | would be overly prejudicial because it is likely to violate this Court's motion *in limine* ruling regarding the Task Force Report. |
| 162 n.14 | "January 30, 2015: Brad Wurfel/MDEQ e-mails Dave Murray, Governor Snyder's deputy press secretary, re: Legionella, saying said he didn't want MDEQ Director Wyant "to say publicly that the water in Flint is safe until we get the results of some county health department trace back work on 42 cases of Legionellosis in Genesee County since last May." Exhibit A, Task Force Report at 18. | See above ¶ 31. **VNA also has filed a motion *in limine* to admit the Task Force Report and acknowledges that, should the Court deny that motion, this allegation also would not be admitted. | This allegation contains inadmissible hearsay for which no exception exists. Further, allowing this allegation into evidence would be overly prejudicial because it is likely to violate this Court's motion *in limine* ruling regarding the Task Force Report. |
| 163 | On February 1, 2015, the Governor was fully informed of the health crisis in Flint. Given the months of complaints from Flint water users that the water was discolored, foul smelling/tasting and making them visibly sick, the Governor knew that there was an imminent threat to the people of Flint. | See above ¶ 29. | As Veolia concedes, this allegation will likely be cumulative of other evidence presented by Veolia during the trial and should therefore be excluded given the allegation would improperly bolster the weight of the other evidence Veolia has presented. Alternatively, if such evidence is not presented during the trial, presentation of this allegation is irrelevant and improper in that the jury will not have heard sufficient evidence regarding the witness and cannot rely on the Complaint for evidence not otherwise presented to the jury. |

| Para-graph | Veolia's Designated Allegation | Veolia's Argument for Admission | Plaintiffs' Response |
|---|---|---|---|
| | | | Further, the allegation is more prejudicial than probative, as it refers to claims not presently before the jury and contains legal conclusions which would allow Veolia to avoid submitting substantive evidence to support. |
| 163 n.15 | Briefing memo is prepared for Gov. Snyder on Flint water situation, including info on residents' complaints about water quality, Mayor Walling's call for assistance, and MDEQ 'backgrounder' downplaying health risks." Wurfel: "It's not like an imminent threat to public health." Exhibit B, Task Force Timeline at 9. | See above ¶¶ 29, 31, 44<br><br>**VNA also has filed a motion *in limine* to admit the Task Force Report and acknowledges that, should the Court deny that motion, this allegation also would not be admitted. | As Veolia concedes, this allegation will likely be cumulative of other evidence presented by Veolia during the trial and should therefore be excluded given the allegation would improperly bolster the weight of the other evidence Veolia has presented.<br><br>Alternatively, if such evidence is not presented during the trial, presentation of this allegation is irrelevant and improper in that the jury will not have heard sufficient evidence regarding the witness and cannot rely on the Complaint for evidence not otherwise presented to the jury.<br><br>This allegation contains inadmissible hearsay for which no exception exists.<br><br>Further, allowing this allegation into evidence would be overly prejudicial because it |

| Para-graph | Veolia's Designated Allegation | Veolia's Argument for Admission | Plaintiffs' Response |
|---|---|---|---|
| | | | is likely to violate this Court's motion *in limine* ruling regarding the Task Force Report. |
| 164 | Yet, neither the Governor, nor State and local public officials, took corrective action. | See above ¶¶ 29, 30, 31, 32, 33, 46. | In addition, as Veolia concedes, this allegation will likely be cumulative of other evidence presented by Veolia during the trial and should therefore be excluded given the allegation would improperly bolster the weight of the other evidence Veolia has presented.

Alternatively, if such evidence is not presented during the trial, presentation of this allegation is irrelevant and improper in that the jury will not have heard sufficient evidence regarding the witness and cannot rely on the Complaint for evidence not otherwise presented to the jury.

This language "took corrective action" contains legal conclusions, characterizations, and inferences, which the Court has ruled are inadmissible. |
| 165 | On February 17, 2015, Flint water users staged public demonstrations demanding that Flint reconnect with DWSD. Once again, Ambrose refused to restore Detroit water for Flint water users. State and local public officials falsely insisted that the water was acceptable for use and took no action. | See above ¶¶ 29, 30, 31, 32, 33, 43, 46. | In addition, as Veolia concedes, this allegation will likely be cumulative of other evidence presented by Veolia during the trial and should therefore be excluded given the allegation would improperly bolster the |

| Para-graph | Veolia's Designated Allegation | Veolia's Argument for Admission | Plaintiffs' Response |
|---|---|---|---|
| | | | weight of the other evidence Veolia has presented.<br><br>Alternatively, if such evidence is not presented during the trial, presentation of this allegation is irrelevant and improper in that the jury will not have heard sufficient evidence regarding the witness and cannot rely on the Complaint for evidence not otherwise presented to the jury.<br><br>This portion of this designation reading "Once again" through the end also contains legal conclusions, characterizations, and inferences, which the Court has ruled are inadmissible. |
| 166 | On February 26, 2015, Jennifer Crooks of the EPA wrote an email to MDEQ and EPA representatives. Crooks noted that Walters complained of "black sediment in her water." She noted that the iron contamination was so high that the testing instrumentation could not measure it. | See above ¶ 31. | This allegation contains inadmissible hearsay for which no exception exists.<br><br>In addition, as Veolia concedes, this allegation will likely be cumulative of other evidence presented by Veolia during the trial and should therefore be excluded given the allegation would improperly bolster the weight of the other evidence Veolia has presented.<br><br>Alternatively, if such evidence is not presented during the trial, presentation of this allegation is |

| Para-graph | Veolia's Designated Allegation | Veolia's Argument for Admission | Plaintiffs' Response |
|---|---|---|---|
| | | | irrelevant and improper in that the jury will not have heard sufficient evidence regarding the witness and cannot rely on the Complaint for evidence not otherwise presented to the jury. |
| 166 n.16 | Crooks said in her email: "But, because the iron levels were so high [Michael Glasgow, Flint Utilities Administrator], suggested testing for lead and copper. WOW!!!! Did he find the LEAD! 104 ppb. She has 2 children under the age of 3. ..Big worries here. ..I think Lead is a good indication that other contaminants are also present in the tap water that obviously were not present in the compliance samples taken at the plant. .We also talked about Dr. Joan Rose from Michigan State being on the Flint Tech Advisory committee--would want to dive further into this. .she and her family are also exhibiting the rashes when exposed to the water, and her daughter's hair is falling out in clumps." | See above ¶¶ 31, 46. | This allegation contains inadmissible hearsay for which no exception exists.

Further, allowing this allegation into evidence would be overly prejudicial because it is likely to violate this Court's motion *in limine* ruling regarding the Task Force Report. |
| 167 | In a second email on February 26, 2015, Crooks stated that Miguel Del Toral ("Del Toral") of the EPA is of the opinion that the "black sediment" in the Walters water was actually lead. | See above ¶ 31. | This allegation contains inadmissible hearsay for which no exception exists.

In addition, as Veolia concedes, this allegation will likely be cumulative of other evidence presented by Veolia during the trial and should therefore be excluded given the allegation would improperly bolster the weight of the other evidence Veolia has presented.

Alternatively, if such evidence is not presented during the trial, presentation of this allegation is irrelevant and improper in that the jury will not have heard |

| Para-graph | Veolia's Designated Allegation | Veolia's Argument for Admission | Plaintiffs' Response |
|---|---|---|---|
| | | | sufficient evidence regarding the witness and cannot rely on the Complaint for evidence not otherwise presented to the jury. |
| 167 n.17 | Crooks stated that "Miguel is wondering if Flint is feeding Phosphates. Flint must have Optimal Corrosion Control Treatment- is it phosphates? From a public health perspective, can we assume that the high lead levels in Mrs. Walters' neighborhood are isolated to just her area? Or are they more widespread?" | See above ¶ 31. | This allegation contains inadmissible hearsay for which no exception exists.<br><br>Further, allowing this allegation into evidence would be overly prejudicial because it is likely to violate this Court's motion *in limine* ruling regarding the Task Force Report. |
| 168 | On February 27, 2015, Stephen Busch advised Del Toral that the City was using corrosion control. This statement was false and Busch knew it was false when he made this statement to the EPA. | See above ¶ 31. | In addition, as Veolia concedes, this allegation will likely be cumulative of other evidence presented by Veolia during the trial and should therefore be excluded given the allegation would improperly bolster the weight of the other evidence Veolia has presented.<br><br>Alternatively, if such evidence is not presented during the trial, presentation of this allegation is irrelevant and improper in that the jury will not have heard sufficient evidence regarding the witness and cannot rely on the Complaint for evidence not otherwise presented to the jury. |

| Para-graph | Veolia's Designated Allegation | Veolia's Argument for Admission | Plaintiffs' Response |
|---|---|---|---|
| | | | This portion of this designation reading "This statement was false" through the end also contains legal conclusions, characterizations, and inferences, which the Court has ruled are inadmissible. |
| 168 n.18 | "Busch/MDEQ responds to Del Toral/EPA saying that the City of Flint 'Has an Optimized Corrosion Control Program,' LeeAnne Walters's house is 'not part of the City's established sample site pool' and the residence has PVC plumbing." Exhibit B, Task Force Timeline at 10. | See above ¶ 31.\n\n**VNA also has filed a motion *in limine* to admit the Task Force Report and acknowledges that, should the Court deny that motion, this allegation also would not be admitted. | This allegation contains inadmissible hearsay for which no exception exists.\n\nFurther, allowing this allegation into evidence would be overly prejudicial because it is likely to violate this Court's motion *in limine* ruling regarding the Task Force Report. |
| 169 | Defendant Cook similarly misled the EPA regarding the necessity of using corrosion control in Flint after the switch when he allegedly forwarded information he knew to be false to the EPA in response to its inquiry. | See above ¶ 31. | In addition, as Veolia concedes, this allegation will likely be cumulative of other evidence presented by Veolia during the trial and should therefore be excluded given the allegation would improperly bolster the weight of the other evidence Veolia has presented.\n\nAlternatively, if such evidence is not presented during the trial, presentation of this allegation is irrelevant and improper in that the jury will not have heard sufficient evidence regarding the witness and cannot rely on |

| Para-graph | Veolia's Designated Allegation | Veolia's Argument for Admission | Plaintiffs' Response |
|---|---|---|---|
| | | | the Complaint for evidence not otherwise presented to the jury.<br><br>This portion of this designation reading "foretold of the crisis in an email to several others in the governor's office stating" through the end also contains legal conclusions, characterizations, and inferences, which the Court has ruled are inadmissible. |
| 170 | Likewise, Defendant Johnson inhibited efforts by Genessee County Health Department ("GCHD") to obtain information about Flint's water through the Freedom of Information Act ("FOIA"). On January 27, 2015, James Henry, Environmental Health Supervisor at the GCHD, sent a FOIA request to the City of Flint requesting "testing locations and laboratory results within the City of Flint public water system for Coliform, E-Coli, Heterotrophic Bacteria and Trihalomethanes from January 1, 2010 to January 27, 2015. . . [and] a map or list of locations, detailing dead ends, pooling, [and] low pressure . . . areas." A week later, on February 5, 2015, Flint Utilities Administrator Johnson responded that he had not received Mr. Henry's FOIA request but would "fulfill [the] request as soon as possible." Despite Johnson's assurances, by March 2015, GCHD still had not received the information they requested by FOIA. | See above ¶ 46. | This allegation contains inadmissible hearsay for which no exception exists.<br><br>Further, the allegation is more prejudicial than probative, as it contains legal conclusions which would allow Veolia to avoid submitting substantive evidence to support. |
| 171 | On March 5, 2015, the Governor and officials in the Governor's office realized that they had a massive public health emergency which *probably included widespread lead poisoning* on their hands and began discussing distributing water filters to Flint water users. These public officials took no action to warn or otherwise protect Plaintiffs, and continued to conceal from them and the public the true nature, extent and severity of the public health crisis. | See above ¶ 29. | The allegation is more prejudicial than probative, as it refers to claims not presently before the jury and contains legal conclusions which would allow Veolia to avoid submitting substantive evidence to support. |

| Para-graph | Veolia's Designated Allegation | Veolia's Argument for Admission | Plaintiffs' Response |
|---|---|---|---|
| 171 n.19 | "Officials in Governor's Office and MDEQ begin discussing providing water filters to Flint citizens." [Exhibit B, Task Force Timeline at 10.] | See above ¶¶ 29, 31.<br><br>**VNA also has filed a motion *in limine* to admit the Task Force Report and acknowledges that, should the Court deny that motion, this allegation also would not be admitted. | This allegation contains inadmissible hearsay for which no exception exists.<br><br>Further, allowing this allegation into evidence would be overly prejudicial because it is likely to violate this Court's motion *in limine* ruling regarding the Task Force Report. |
| 172 | By March 10, 2015, James Henry of the GCHD raised concerns that he was being stonewalled by the State and City in accessing public health information about the Legionella outbreak in Genesee County. The concealment of the public health emergency by City and State officials – Defendants herein – was shocking and unconscionable. | See above ¶¶ 29, 30, 31, 46. | This allegation is irrelevant, as it contains references to the Legionella outbreak and does not relate to any of the claims presently before the jury. |
| 173 | As of March 10, 2015, the [City and State officials] knew that the extreme public health emergency involved lead poisoning, deadly Legionella bacteria and a host of other ailments. | See above ¶¶ 29, 30, 31, 32, 33, 46. | This allegation is irrelevant, as it contains references to the Legionella outbreak and does not relate to any of the claims presently before the jury. |
| 173 n.20 | "James Henry/GCHD e-mails Howard Croft/Flint DPW, Prysby/MDEQ, Mayor Walling and others citing the city's and state's lack of cooperation and failure to respond to his requests for information ---- and a Jan. 2015 FOIA ---- to support county's investigation of potential causes of Legionellosis outbreak in Flint. 'This is rather glaring information and it needs to be looked into now, prior to the warmer summer months when Legionella is at its peak and we are potentially faced with a crisis.'" Exhibit B, Task Force Timeline at 9. The Task Force Report highlights the government misconduct which prolonged the danger created by the State when it decided to use the highly corrosive Flint River water. The Task Force stated in its report that "[a]s the Flint water crisis unfolded, certain state agencies' perceived need to defend the original decision to switch to the Flint River and resist a return to | See above ¶¶ 31, 33, 46.<br><br>**VNA also has filed a motion *in limine* to admit the Task Force Report and acknowledges that, should the Court deny that motion, this allegation also would not be admitted. | This allegation contains inadmissible hearsay for which no exception exists.<br><br>Further, allowing this allegation into evidence would be overly prejudicial because it is likely to violate this Court's motion *in limine* ruling regarding the Task Force Report. |

| Para-graph | Veolia's Designated Allegation | Veolia's Argument for Admission | Plaintiffs' Response |
|---|---|---|---|
| | *DWSD resulted in public relations and communications efforts that have, at times, been inappropriate. In the spring and summer of 2015, for example, this perceived need to defend a flawed decision manifested itself in attempts by MDEQ and MDHHS to discredit accurate information on lead in drinking water and elevated blood lead levels provided by outside experts. Citizen concerns were at times derided and dismissed, in spite of the fact that various members of the Governor's staff had expressed—and were expressing—concerns about the water situation in Flint at the same time."...**In any event, the facts in this case point to the reality that state government, as the entity in charge of Flint decision-making, failed to protect the health of the city's residents.** Emphasis added. Exhibit A., Task Force Report at 37, 40.* | | |
| 174 | Indeed, Defendant Shekter-Smith acknowledged as much on March 12, 2015 when, in connection with a FOIA request from the Genesee County Health Department regarding the outbreak of legionella, she emailed MDEQ employees Brad Wurfel, Jim Sygo, and Sarah Howes that "[w]hile the change in source may have created water quality conditions that could provide additional organic nutrient source to support legionella growth, there is no evidence or confirmation of legionella coming directly from the Water Treatment Plant or in the community water supply distribution system at this time." | See above ¶ 31. | This allegation contains inadmissible hearsay for which no exception exists.<br><br>In addition, as Veolia concedes, this allegation will likely be cumulative of other evidence presented by Veolia during the trial and should therefore be excluded given the allegation would improperly bolster the weight of the other evidence Veolia has presented.<br><br>Alternatively, if such evidence is not presented during the trial, presentation of this allegation is irrelevant and improper in that the jury will not have heard sufficient evidence regarding the witness and cannot rely on the Complaint for evidence not otherwise presented to the jury. |

| Para-graph | Veolia's Designated Allegation | Veolia's Argument for Admission | Plaintiffs' Response |
|---|---|---|---|
| 175 | Despite acknowledging internally that the switch could have caused the legionella outbreak, the very next day, on March 13, 2015, Shekter-Smith approved and praised Stephen Busch on his on his response to the Genesee County Health Department wherein Defendant Busch stated, among other things, that:<br><br>· "conclusions that legionella is coming from the public water system without the presentations of any substantiating evidence from your epidemiologic investigations appears premature and prejudice toward that end;<br><br>"[i]t is highly unlikely that legionella would be present in treated water coming from the City of Flint water treatment plan given the treatment plant's use of ozone along with complete treatment and chlorine disinfect contact time to comply with federal surface water treatment rules for potable water;" and "there is no direct correlation that can be made to the presence of legionella." | See above ¶ 31. | This allegation contains inadmissible hearsay for which no exception exists.<br><br>This allegation is irrelevant, as it contains references to the Legionella outbreak and does not relate to any of the claims presently before the jury. |
| 176 | That same day, Wurfel wrote in an email to Snyder administration officials, "Political flank cover out of the City of Flint today regarding the spike in Legionnaire cases........Also, area ministers put a shot over the bow last night … with a call for Snyder to declare a state of emergency there and somehow 'fix' the water situation …" | See above ¶¶ 29, 31. | This allegation contains inadmissible hearsay for which no exception exists.<br><br>This allegation is irrelevant, as it contains references to the Legionella outbreak and does not relate to any of the claims presently before the jury. |
| 177 | On March 25, 2015, Flint City Council voted to reconnect to Detroit's water system. Governor Snyder's appointed Emergency Manager, Gerald Ambrose, exacerbated the State-created danger by rejecting this vote of the Flint public officials. | See above ¶¶ 29, 30, 43. | The allegation is more prejudicial than probative, as it contains legal conclusions which would allow Veolia to avoid submitting substantive evidence to support. |
| 177 n.21 | The Task Force further notes that in March, 2015, Emergency Manager Ambrose completely ignored numerous alarms and warnings that the Flint River water was dangerous to the health of the Flint water users. "Flint City Council votes 7--1 to end Flint | See above ¶ 43.<br><br>**VNA also has filed a motion *in limine* to admit the Task Force | This allegation contains inadmissible hearsay for which no exception exists. |

| Para-graph | Veolia's Designated Allegation | Veolia's Argument for Admission | Plaintiffs' Response |
|---|---|---|---|
| | River service and return to Detroit water service; the vote is non-binding since Flint is under EM control Flint EM Ambrose: 'It is incomprehensible to me that... Flint City Council would want to send more than $12 million a year to the system serving Southeast Michigan, even if Flint rate payers could afford it. (Lake Huron) water from Detroit is no safer than water from Flint.'" Exhibit B, Task Force Timeline at 10. | Report and acknowledges that, should the Court deny that motion, this allegation also would not be admitted. | Further, allowing this allegation into evidence would be overly prejudicial because it is likely to violate this Court's motion *in limine* ruling regarding the Task Force Report. |
| 178 | In March 2015, Jarrod Agen, Governor Snyder's Director of Communications and later Chief of Staff, participated in conference calls with Harvey Hollins, an aide to the Governor, and others in which Hollins stated that he was hearing from Flint-area pastors that people were complaining about the odor and the look of the water and that they had requested water filters. | See above ¶ 29. | This allegation contains inadmissible hearsay for which no exception exists.<br><br>Further, it would be improper to present the evidence to the jury, as many of the people mentioned have not been otherwise introduced to the jury.<br><br>Alternatively, if such evidence is not presented during the trial, presentation of this allegation is irrelevant and improper in that the jury will not have heard sufficient evidence regarding the witness and cannot rely on the Complaint for evidence not otherwise presented to the jury. |
| 179 | On April 24, 2015, Patrick Cook of the MDEQ emailed Miguel Del Toral at the U. S. EPA and in referring to Flint's Water Treatment Plant ("WTP") stated: "Flint is currently not practicing corrosion control at the WTP." | See above ¶ 31. | This allegation contains inadmissible hearsay for which no exception exists.<br><br>In addition, as Veolia concedes, this allegation will likely be cumulative of other evidence presented by Veolia during the trial and should therefore be |

| Para-graph | Veolia's Designated Allegation | Veolia's Argument for Admission | Plaintiffs' Response |
|---|---|---|---|
| | | | excluded given the allegation would improperly bolster the weight of the other evidence Veolia has presented.<br><br>Alternatively, if such evidence is not presented during the trial, presentation of this allegation is irrelevant and improper in that the jury will not have heard sufficient evidence regarding the witness and cannot rely on the Complaint for evidence not otherwise presented to the jury. |
| 180 | On April 28, 2015, Governor Snyder's Chief of Staff Dennis Muchmore emailed Governor Snyder, his Executive Director Allison Scott, his Director of Communications Jarrod Agen, his Chief Legal Counsel Elizabeth Clement, Lieutenant Governor Calley to propose announcing that "Flint is ready to take its city under its own control…" The email warned as follows: "Outside of the issues over the water we feel pretty confident going forward. The water issue continues to be a danger flag." | See above ¶ 29. | This allegation contains inadmissible hearsay for which no exception exists.<br><br>In addition, as Veolia concedes, this allegation will likely be cumulative of other evidence presented by Veolia during the trial and should therefore be excluded given the allegation would improperly bolster the weight of the other evidence Veolia has presented.<br><br>Alternatively, if such evidence is not presented during the trial, presentation of this allegation is irrelevant and improper in that the jury will not have heard sufficient evidence regarding the witness and cannot rely on |

| Para-graph | Veolia's Designated Allegation | Veolia's Argument for Admission | Plaintiffs' Response |
|---|---|---|---|
| | | | the Complaint for evidence not otherwise presented to the jury. |
| 181 | On June 24, 2015, Del Toral of the EPA prepared a memorandum entitled, "**High Lead Levels in Flint Michigan-Interim Report**" ("Del Toral Report"). On the following day, Del Toral wrote an internal email with respect to the elevated lead in Flint water at EPA stating: "I understand that this is not a comfortable situation, but the State is complicit in this and the public has a right to know what they are doing because it is their children that are being harmed." | See above ¶ 31. | This allegation contains inadmissible hearsay for which no exception exists.

In addition, as Veolia concedes, this allegation will likely be cumulative of other evidence presented by Veolia during the trial and should therefore be excluded given the allegation would improperly bolster the weight of the other evidence Veolia has presented.

Alternatively, if such evidence is not presented during the trial, presentation of this allegation is irrelevant and improper in that the jury will not have heard sufficient evidence regarding the witness and cannot rely on the Complaint for evidence not otherwise presented to the jury. |
| 182 | Del Toral further warned that the failure to inform Flint water users of the elevated lead levels was "bordering on criminal neglect." | See above ¶ 31. | This allegation contains inadmissible hearsay for which no exception exists.

In addition, as Veolia concedes, this allegation will likely be cumulative of other evidence presented by Veolia during the trial and should therefore be excluded given the allegation |

| Para-graph | Veolia's Designated Allegation | Veolia's Argument for Admission | Plaintiffs' Response |
|---|---|---|---|
| | | | would improperly bolster the weight of the other evidence Veolia has presented.<br><br>Alternatively, if such evidence is not presented during the trial, presentation of this allegation is irrelevant and improper in that the jury will not have heard sufficient evidence regarding the witness and cannot rely on the Complaint for evidence not otherwise presented to the jury. |
| 183 | The Del Toral Report was shared with, among others, MDEQ's Chief of Office of Drinking Water and Municipal Assistance, Liane Shekter-Smith, MDEQ's Water Treatment Specialist, Patrick Cook, MDEQ's District Supervisor, Stephen Busch, and MDEQ's Engineer assigned to District 11 (Genesee County), Michael Prysby. | See above ¶ 31. | As Veolia concedes, this allegation will likely be cumulative of other evidence presented by Veolia during the trial and should therefore be excluded given the allegation would improperly bolster the weight of the other evidence Veolia has presented.<br><br>Alternatively, if such evidence is not presented during the trial, presentation of this allegation is irrelevant and improper in that the jury will not have heard sufficient evidence regarding the witness and cannot rely on the Complaint for evidence not otherwise presented to the jury. |
| 184 | Nonetheless, State and local public officials failed to undertake any measures to effectively address any of the dangers, including lead poisoning, identified by EPA Agent Del Toral. | See above ¶¶ 29, 30, 31, 32, 33, 46. | In addition, as Veolia concedes, this allegation will likely be cumulative of other evidence presented by Veolia during the |

| Para-graph | Veolia's Designated Allegation | Veolia's Argument for Admission | Plaintiffs' Response |
|---|---|---|---|
| | | | trial and should therefore be excluded given the allegation would improperly bolster the weight of the other evidence Veolia has presented.<br><br>Alternatively, if such evidence is not presented during the trial, presentation of this allegation is irrelevant and improper in that the jury will not have heard sufficient evidence regarding the witness and cannot rely on the Complaint for evidence not otherwise presented to the jury.<br><br>This portion of this designation reading "failed to undertake any measures to effectively address" also contains legal conclusions, characterizations, and inferences, which the Court has ruled are inadmissible. |
| 185 | | | If the Court admits Veolia's designated allegations from the Complaint, Plaintiffs designate. |
| 186 | On June 30, 2015, Mayor Walling notified EPA Region 5 Director, Dr. Susan Hedman ("Hedman") that Del Toral was speaking publicly about the Flint environmental crisis. | See above ¶ 44. | As Veolia concedes, this allegation will likely be cumulative of other evidence presented by Veolia during the trial and should therefore be excluded given the allegation would improperly bolster the weight of the other evidence Veolia has presented. |

| Para-graph | Veolia's Designated Allegation | Veolia's Argument for Admission | Plaintiffs' Response |
|---|---|---|---|
| | | | Alternatively, if such evidence is not presented during the trial, presentation of this allegation is irrelevant and improper in that the jury will not have heard sufficient evidence regarding the witness and cannot rely on the Complaint for evidence not otherwise presented to the jury. |
| 187 | On July 2, 2015, Hedman advised Walling that he was given a preliminary draft and that it would be "premature to draw any conclusions based on that draft." | See above ¶ 44. | This allegation contains inadmissible hearsay for which no exception exists.<br><br>In addition, as Veolia concedes, this allegation will likely be cumulative of other evidence presented by Veolia during the trial and should therefore be excluded given the allegation would improperly bolster the weight of the other evidence Veolia has presented.<br><br>Alternatively, if such evidence is not presented during the trial, presentation of this allegation is irrelevant and improper in that the jury will not have heard sufficient evidence regarding the witness and cannot rely on the Complaint for evidence not otherwise presented to the jury. |
| 188 | On July 10, 2015, MDEQ official Brad Wurfel, in an effort to conceal the public health crisis, appeared on public radio and advised listeners that Flint water was safe and that it was not causing "any broad problem" with lead leaching into residential | See above ¶ 31. | This allegation contains inadmissible hearsay for which no exception exists. |

| Para-graph | Veolia's Designated Allegation | Veolia's Argument for Admission | Plaintiffs' Response |
|---|---|---|---|
| | water. Parents, worried about the lead poisoning of their children, demanded answers from Wurfel. He told the concerned parents, "[l]et me start here-anyone who is concerned about lead in the drinking water can relax." Wurfel, at the time he made this statement, knew his statements were false and he deliberately misled the public about the seriousness of the crisis. | | In addition, as Veolia concedes, this allegation will likely be cumulative of other evidence presented by Veolia during the trial and should therefore be excluded given the allegation would improperly bolster the weight of the other evidence Veolia has presented.

Alternatively, if such evidence is not presented during the trial, presentation of this allegation is irrelevant and improper in that the jury will not have heard sufficient evidence regarding the witness and cannot rely on the Complaint for evidence not otherwise presented to the jury.

Portions of this designation, including those reading "in an effort to conceal the public health crisis," also contain legal conclusions, characterizations, and inferences, which the Court has ruled are inadmissible. |
| 189 | By July 2015, multiple agencies within the State of Michigan, including the Governor, the Governor's Office and MDEQ, had actual notice of high lead exposure and other dangers, including Legionnaires' disease, associated with Flint water. | See above ¶¶ 29, 31. | As Veolia concedes, this allegation will likely be cumulative of other evidence presented by Veolia during the trial and should therefore be excluded given the allegation would improperly bolster the |

| Para-graph | Veolia's Designated Allegation | Veolia's Argument for Admission | Plaintiffs' Response |
|---|---|---|---|
| | | | weight of the other evidence Veolia has presented.

Alternatively, if such evidence is not presented during the trial, presentation of this allegation is irrelevant and improper in that the jury will not have heard sufficient evidence regarding the witness and cannot rely on the Complaint for evidence not otherwise presented to the jury. |
| 190 | But there is no doubt that the [City and State officials] were well aware of the dangers facing Flint's residents. On July 9, 2015—nearly three months before the City first issued a lead advisory to the public—Mike Glasgow sent an email to MDEQ's Adam Rosenthal with the following "Key Points" listed in all caps:

b. Flint has lots of lead pipe, no corrosion control treatment, and has had no legitimate LCR testing for at least a year.

c. Amongst low income infants, breast feeding rates are lower, and formula use is higher. Many Flint[] residents cannot afford to flush due to higher water rates. They cannot afford bottled water. This is an unprecedented situation and EPA needs to take this seriously. Now.

d. We have one child with an elevated blood lead already…In fact, that is the only reason we know about any of the above.

MDEQ is still publicly insisting Flint water has tested safe, is safe, and that flint has no violations of any sort. | See above ¶¶ 31, 46. | This allegation contains inadmissible hearsay for which no exception exists.

In addition, as Veolia concedes, this allegation will likely be cumulative of other evidence presented by Veolia during the trial and should therefore be excluded given the allegation would improperly bolster the weight of the other evidence Veolia has presented.

Alternatively, if such evidence is not presented during the trial, presentation of this allegation is irrelevant and improper in that the jury will not have heard sufficient evidence regarding the witness and cannot rely on the Complaint for evidence not otherwise presented to the jury. |

| Para-graph | Veolia's Designated Allegation | Veolia's Argument for Admission | Plaintiffs' Response |
|---|---|---|---|
| | | | Further, the allegation is more prejudicial than probative, as it refers to claims not presently before the jury and contains legal conclusions which would allow Veolia to avoid submitting substantive evidence to support. |
| 191 | On July 22, 2015, Governor Snyder's Chief of Staff, Dennis Muchmore, wrote to MDHHS Director Lyon and stated that the Plaintiffs' concerns regarding lead poisoning and other dangers were being "blown off" by the [City and State officials]. | See above ¶¶ 29, 33. | This allegation contains inadmissible hearsay for which no exception exists.

In addition, as Veolia concedes, this allegation will likely be cumulative of other evidence presented by Veolia during the trial and should therefore be excluded given the allegation would improperly bolster the weight of the other evidence Veolia has presented.

Alternatively, if such evidence is not presented during the trial, presentation of this allegation is irrelevant and improper in that the jury will not have heard sufficient evidence regarding the witness and cannot rely on the Complaint for evidence not otherwise presented to the jury. |
| 192 | Also in the Summer of 2015, Harvey Hollins, Governor Snyder's Director of Urban Initiatives, spoke directly to Governor Snyder and advised him of the growing concerns among Flint residents that they were being exposed to toxic levels of lead. | See above ¶ 29. | This allegation contains inadmissible hearsay for which no exception exists. |

| Para-graph | Veolia's Designated Allegation | Veolia's Argument for Admission | Plaintiffs' Response |
|---|---|---|---|
| | | | In addition, as Veolia concedes, this allegation will likely be cumulative of other evidence presented by Veolia during the trial and should therefore be excluded given the allegation would improperly bolster the weight of the other evidence Veolia has presented.<br><br>Alternatively, if such evidence is not presented during the trial, presentation of this allegation is irrelevant and improper in that the jury will not have heard sufficient evidence regarding the witness and cannot rely on the Complaint for evidence not otherwise presented to the jury. |
| 193 | On July 24, 2015, Wurfel continued to promote the cover-up of the health crisis. In response to the recognition that the [City and State officials] were blatantly ignoring the concerns of Flint residents, he stated, "In terms of near-future issues, the bottom line is that residents of Flint do not need to worry about lead in their water supply, and DEQ's recent sampling does not indicate an imminent health threat from lead or copper." | See above ¶ 31. | This allegation contains inadmissible hearsay for which no exception exists.<br><br>In addition, as Veolia concedes, this allegation will likely be cumulative of other evidence presented by Veolia during the trial and should therefore be excluded given the allegation would improperly bolster the weight of the other evidence Veolia has presented.<br><br>Alternatively, if such evidence is not presented during the trial, presentation of this allegation is |

| Para-graph | Veolia's Designated Allegation | Veolia's Argument for Admission | Plaintiffs' Response |
|---|---|---|---|
| | | | irrelevant and improper in that the jury will not have heard sufficient evidence regarding the witness and cannot rely on the Complaint for evidence not otherwise presented to the jury.<br><br>This portion of this designation reading "On July 24, 2015, Wurfel continued to promote the cover-up of the health crisis" contains legal conclusions, characterizations, and inferences, which the Court has ruled are inadmissible. |
| 194 | But the State's sampling did not comply with regulations. Rather, the sampling purposefully skewed results to minimize the crisis. According to an email from Professor Marc Edwards of Virginia Tech that was forwarded to Shekter-Smith and Stephen Busch, among others, on September 21, 2015, the State did, "not have an approved lead sampling pool. Only 13 of the lowest lead sampled homes from 2014, were resampled in 2015. The homes sampling high in 2014, were not asked to be resampled." Professor Edwards continues on to describe a video available on the ACLU website in which, "Mike Glasgow (Flint LCR program) notes what is perfectly obvious from looking at the MDEQ FOIA materials. 'we threw out bottles everywhere just to collect as many as we can, just to hit our number, and we just turn in every result we get in.'" Professor Edwards then proceeds to note several instances in which the MDEQ covered up high samples. | See above ¶ 31. | This allegation contains inadmissible hearsay for which no exception exists.<br><br>In addition, as Veolia concedes, this allegation will likely be cumulative of other evidence presented by Veolia during the trial and should therefore be excluded given the allegation would improperly bolster the weight of the other evidence Veolia has presented.<br><br>Alternatively, if such evidence is not presented during the trial, presentation of this allegation is irrelevant and improper in that the jury will not have heard |

| Para-graph | Veolia's Designated Allegation | Veolia's Argument for Admission | Plaintiffs' Response |
|---|---|---|---|
| | | | sufficient evidence regarding the witness and cannot rely on the Complaint for evidence not otherwise presented to the jury. |
| 195 | Indeed, Michael Glasgow essentially admitted that the City's testing procedures were inadequate when he pleaded no contest to willful neglect of duty and agreed to cooperate with the Attorney General's investigation after being accused of distorting the City's water test results by instructing residents to run their water—or "flush" it—before testing, and failing to obtain water from certain houses. These inaccurate results were reported in a February 27, 2015 report entitled, Lead and Copper Report and Consumer Notice of Lead Result." | See above ¶¶ 31, 46. | This allegation contains inadmissible hearsay for which no exception exists.<br><br>Further, allowing this allegation into evidence would be overly prejudicial because it is likely to violate this Court's motion *in limine* ruling regarding the admission of criminal investigations. |
| 196 | Several MDEQ officials—including Defendants Busch, Rosenthal, and Prysby—similarly deceived the public about the water's quality. Glasgow has stated publicly that Defendants Busch and Prysby directed him to alter water quality reports and remove the highest lead levels. And following an investigation involving numerous witness interviews and reviewing thousands of documents, the Michigan Attorney General's office charged both Busch and Prysby for their involvement in the crisis. The Attorney General's investigation similarly led to criminal charges against Rosenthal, including for his willful participation in the manipulation of lead testing results and falsely reported that the 90th percentile of the results for lead water testing was below the federal action level. Eventually, a July 28, 2015 report was altered to exclude some high lead tests and Rosenthal forwarded the altered report on. | See above ¶¶ 31, 46. | This allegation contains inadmissible hearsay for which no exception exists.<br><br>Further, allowing this allegation into evidence would be overly prejudicial because it is likely to violate this Court's motion *in limine* ruling regarding the admission of criminal investigations.<br><br>This portion of this designation reading "Several MDEQ officials—including Defendants Busch, Rosenthal, and Prysby—similarly deceived the public about the water's quality" through the end also contains legal |

| Para-graph | Veolia's Designated Allegation | Veolia's Argument for Admission | Plaintiffs' Response |
|---|---|---|---|
| | | | conclusions, characterizations, and inferences, which the Court has ruled are inadmissible. |
| 197 | | | If the Court admits Veolia's designated allegations from the Complaint, Plaintiffs designate. |
| 198 | Wurfel, speaking for the State, immediately dismissed and discredited Edwards by stating that Edwards's team "only just arrived in town and (have) quickly proven the theory they set out to prove, and while the state appreciates academic participation in this discussion, offering broad, dire public health advice based on some quick testing could be seen as fanning political flames irresponsibly." | See above ¶ 31. | This allegation contains inadmissible hearsay for which no exception exists.<br><br>In addition, as Veolia concedes, this allegation will likely be cumulative of other evidence presented by Veolia during the trial and should therefore be excluded given the allegation would improperly bolster the weight of the other evidence Veolia has presented.<br><br>Alternatively, if such evidence is not presented during the trial, presentation of this allegation is irrelevant and improper in that the jury will not have heard sufficient evidence regarding the witness and cannot rely on the Complaint for evidence not otherwise presented to the jury. |
| 199 | By late 2014 or early 2015, Lyon was aware from MDHHS data that there was a dramatic increase in the percentage of Flint children with elevated blood lead level readings from blood drawn during the second and third quarters of 2014, and that Legionnaires' disease was on the rise during the same period of time. Lyon was aware of this dangerous condition but did nothing to report the | See above ¶ 33. | In addition, as Veolia concedes, this allegation will likely be cumulative of other evidence presented by Veolia during the trial and should therefore be excluded given the allegation |

| Para-graph | Veolia's Designated Allegation | Veolia's Argument for Admission | Plaintiffs' Response |
|---|---|---|---|
| | findings to the Plaintiffs or the public. | | would improperly bolster the weight of the other evidence Veolia has presented.

Alternatively, if such evidence is not presented during the trial, presentation of this allegation is irrelevant and improper in that the jury will not have heard sufficient evidence regarding the witness and cannot rely on the Complaint for evidence not otherwise presented to the jury.

This portion of this designation relating to a Lyon's awareness concerns legal conclusions, characterizations, and inferences, which the Court has ruled are inadmissible.

Further, allowing this allegation into evidence would be overly prejudicial because it is likely to violate this Court's motion *in limine* ruling regarding the Task Force Report. |
| 200 | Lyon knew that these elevated blood lead levels, and an increase of Legionnaires' disease found in its own database, correlated with the introduction of the corrosive Flint River water into the Flint water distribution system. Lyon did not order that any action be taken to warn the public. | See above ¶ 33. | This allegation is irrelevant, as it contains references to the Legionella outbreak and does not relate to any of the claims presently before the jury.

Further, allowing this allegation into evidence would |

| Para-graph | Veolia's Designated Allegation | Veolia's Argument for Admission | Plaintiffs' Response |
|---|---|---|---|
| | | | be overly prejudicial because it is likely to violate this Court's motion *in limine* ruling regarding the Task Force Report. |
| 201 | The increase in elevated blood lead levels in Flint's children, and Lyon's failure to do anything to prevent further injury to the people of Flint, identifies yet another aspect of this unconscionable government-created health and public safety emergency. Lyon, aware of the elevated blood lead levels in Flint's children, failed to report the evidence to the MDEQ, Governor's Office, EPA or the Flint community. His concealment of this critical information increased the risk and exacerbated the danger. | See above ¶ 33. | Allowing this allegation into evidence would be overly prejudicial because it is likely to violate this Court's motion *in limine* ruling regarding the Task Force Report.

Further, the allegation is more prejudicial than probative because it refers to claims not presently before the jury and contains legal conclusions which would allow Veolia to avoid submitting substantive evidence to support. |
| 201 n.22 | The Task Force Report states that in July, 2015, the MDHHS knew that there was a spike in elevated blood lead levels of Flint children which correlated with the onset of the Flint River water as a drinking water source for Flint water users. The MDEQ knew its public statement in September about no elevated blood lead levels was false. ("July 28, 2015: MDHHS epidemiologist Cristin Larder finds that children's blood lead tests conducted in summer 2014 "lie outside the control limit" compared with prior years and that this finding "does warrant further investigation." On the same day, CLPPP data manager Robert Scott analyzes the data over a 5- year period and concludes that "water was not a major factor." Later that day, CLPPP manager Nancy Peeler concludes that the lack of persistently elevated blood lead levels in children in Flint beyond the summer months indicates no connection to the change in water in Flint in 2014. Larder then receives email communication from | See above ¶ 33.

**VNA also has filed a motion *in limine* to admit the Task Force Report and acknowledges that, should the Court deny that motion, this allegation also would not be admitted. | This allegation contains inadmissible hearsay for which no exception exists.

Allowing this allegation into evidence would be overly prejudicial because it is likely to violate this Court's motion *in limine* ruling regarding the Task Force Report.

Further, the allegation is more prejudicial than probative because it refers to claims not presently before the jury and |

| Para-graph | Veolia's Designated Allegation | Veolia's Argument for Admission | Plaintiffs' Response |
|---|---|---|---|
| | Peeler: Peeler has concluded from CLPPP data and communicated with MDHHS leadership that there is no problem with children's lead levels in Flint." Exhibit A, Task Force Report at 20. | | contains legal conclusions which would allow Veolia to avoid submitting substantive evidence to support. |
| 202 | The Defendants and the MDHHS immediately accused Dr. Hanna-Attisha of providing false information to the public. | See above ¶ 33. | As Veolia concedes, this allegation will likely be cumulative of other evidence presented by Veolia during the trial and should therefore be excluded given the allegation would improperly bolster the weight of the other evidence Veolia has presented.<br><br>Alternatively, if such evidence is not presented during the trial, presentation of this allegation is irrelevant and improper in that the jury will not have heard sufficient evidence regarding the witness and cannot rely on the Complaint for evidence not otherwise presented to the jury. |
| 203 | No genuine effort was made to investigate Dr. Hanna-Attisha's findings. To the contrary, on September 28, 2015, in response to Dr. Hanna-Attisha's testing results, Defendant Lyon directed his staff to provide "an analysis of the Vtech/Hurley data and their conclusions," in addition to demanding a "strong statement with a demonstration of proof that the lead blood levels seen are not of the ordinary and are attributable to seasonal fluctuations." | See above ¶ 33. | This allegation contains inadmissible hearsay for which no exception exists.<br><br>In addition, as Veolia concedes, this allegation will likely be cumulative of other evidence presented by Veolia during the trial and should therefore be excluded given the allegation would improperly bolster the |

| Para-graph | Veolia's Designated Allegation | Veolia's Argument for Admission | Plaintiffs' Response |
|---|---|---|---|
| | | | weight of the other evidence Veolia has presented.<br><br>Alternatively, if such evidence is not presented during the trial, presentation of this allegation is irrelevant and improper in that the jury will not have heard sufficient evidence regarding the witness and cannot rely on the Complaint for evidence not otherwise presented to the jury. |
| 204 | In September 2015, the MDEQ continued to falsely assure the public that use of Flint Water was safe and continued to deny the public health crisis at hand. | See above ¶ 31. | As Veolia concedes, this allegation will likely be cumulative of other evidence presented by Veolia during the trial and should therefore be excluded given the allegation would improperly bolster the weight of the other evidence Veolia has presented.<br><br>Alternatively, if such evidence is not presented during the trial, presentation of this allegation is irrelevant and improper in that the jury will not have heard sufficient evidence regarding the witness and cannot rely on the Complaint for evidence not otherwise presented to the jury.<br><br>Further, the allegation is more prejudicial than probative, as it refers to claims not presently |

| Para-graph | Veolia's Designated Allegation | Veolia's Argument for Admission | Plaintiffs' Response |
|---|---|---|---|
| | | | before the jury and contains legal conclusions which would allow Veolia to avoid submitting substantive evidence to support. |
| 204 n.23 | An example of this type of misleading public statement is found in a MDEQ document entitled, "*DEQ Frequently Asked Questions, Water Lead Levels in the City of Flint, September, 2015*" which stated, **"Are there other ways the city monitors for lead exposure?** The County Health Departments, overseen statewide by the Michigan Department of Health and Human Services, *regularly monitors blood levels* in children throughout Michigan communities. The *leading cause of lead poisoning is exposure to lead paint.* Blood lead level testing results for the 12-month period just after the City of Flint changed its water source (May 2014 – April 2015) *showed no significant change* in the pattern of blood lead levels in Flint, compared to the previous three years. This data *suggests the recent change in water source by the City of Flint has not contributed to an increase in lead exposure* throughout the community." (Emphasis added) | See above ¶ 31. | This allegation contains inadmissible hearsay for which no exception exists.<br><br>Further, allowing this allegation into evidence would be overly prejudicial because it is likely to violate this Court's motion *in limine* ruling regarding the Task Force Report.<br><br>The allegation is also more prejudicial than probative, as it refers to claims not presently before the jury and contains legal conclusions which would allow Veolia to avoid submitting substantive evidence to support. |
| 205 | On September 25, 2015, Wurfel falsely advised media and the public that MDHHS officials have reexamined its blood lead level data and that the MDHHS statistics do not show the same upward trend documented by Dr. Hanna-Attisha. | See above ¶ 31. | As Veolia concedes, this allegation will likely be cumulative of other evidence presented by Veolia during the trial and should therefore be excluded given the allegation would improperly bolster the weight of the other evidence Veolia has presented. |

| Para-graph | Veolia's Designated Allegation | Veolia's Argument for Admission | Plaintiffs' Response |
|---|---|---|---|
| | | | Alternatively, if such evidence is not presented during the trial, presentation of this allegation is irrelevant and improper in that the jury will not have heard sufficient evidence regarding the witness and cannot rely on the Complaint for evidence not otherwise presented to the jury.

Further, the allegation is more prejudicial than probative, as it refers to claims not presently before the jury and contains legal conclusions which would allow Veolia to avoid submitting substantive evidence to support. |
| 206 | On September 28, 2015, Wurfel stated publicly that the Flint water crisis was becoming "near-hysteria" because of Dr. Hanna-Attisha's report. He said that he wouldn't call her reports "...irresponsible. I would call them unfortunate." Wurfel finished his remarks that day by falsely stating that "Flint's drinking water is safe in that it's meeting state and federal standards." | See above ¶ 31. | This allegation contains inadmissible hearsay for which no exception exists.

As Veolia concedes, this allegation will likely be cumulative of other evidence presented by Veolia during the trial and should therefore be excluded given the allegation would improperly bolster the weight of the other evidence Veolia has presented.

Alternatively, if such evidence is not presented during the trial, presentation of this allegation is |

| Para-graph | Veolia's Designated Allegation | Veolia's Argument for Admission | Plaintiffs' Response |
|---|---|---|---|
| | | | irrelevant and improper in that the jury will not have heard sufficient evidence regarding the witness and cannot rely on the Complaint for evidence not otherwise presented to the jury.

Further, the allegation is more prejudicial than probative, as it refers to claims not presently before the jury and contains legal conclusions which would allow Veolia to avoid submitting substantive evidence to support. |
| 207 | On September 29, 2015, Wurfel referred to EPA Del Toral as a "rogue employee." | See above ¶ 31. | This allegation contains inadmissible hearsay for which no exception exists. |
| 208 | By late September 2015, reconnecting to the Detroit water system was the only reasonable option to protect the health and safety of the Flint water users. Yet the State deliberately chose not to proceed in this fashion. Instead, on or about October 2, 2015, State officials announced that the State would appoint a Flint Water Advisory Task Force and would provide water filters designed to eliminate the lead in the water to Flint water users. | See above ¶¶ 29, 31, 32, 33. | Allowing this allegation into evidence would be overly prejudicial because it is likely to violate this Court's motion *in limine* ruling regarding the Task Force Report.

Further, the allegation is more prejudicial than probative, as it refers to claims not presently before the jury and contains legal conclusions which would allow Veolia to avoid submitting substantive evidence to support. |

| Para-graph | Veolia's Designated Allegation | Veolia's Argument for Admission | Plaintiffs' Response |
|---|---|---|---|
| 209 | On October 8, 2015, the Governor recognized that he could no longer pretend that the water from the Flint River was safe. He finally ordered Flint to reconnect with the Detroit water system, which contained corrosion control chemicals. | See above ¶ 29. | Further, the allegation is more prejudicial than probative, as it refers to claims not presently before the jury and contains legal conclusions which would allow Veolia to avoid submitting substantive evidence to support. Specifically, the first sentence contains legal conclusions, characterizations, and inferences, which the Court has ruled are inadmissible. |
| 211 | Throughout the period of time between April 2014 (when Flint's water source changed to the Flint River) through October 16, 2015 (when Flint 's water source switched back to the DWSD) MDEQ officials either:<br><br>a. Falsely represented that Flint was using optimized corrosion control chemicals to treat the water for purposes of preventing lead poisoning, when in fact, they were not; or<br>b. Adhered to the faulty regulatory position that Flint could poison its citizens with lead contaminated water for two six month monitoring intervals and then decide if corrosion control chemicals were necessary. | See above ¶ 31. | As Veolia concedes, this allegation will likely be cumulative of other evidence presented by Veolia during the trial and should therefore be excluded given the allegation would improperly bolster the weight of the other evidence Veolia has presented.<br><br>Alternatively, if such evidence is not presented during the trial, presentation of this allegation is irrelevant and improper in that the jury will not have heard sufficient evidence regarding the witness and cannot rely on the Complaint for evidence not otherwise presented to the jury. |

| Para-graph | Veolia's Designated Allegation | Veolia's Argument for Admission | Plaintiffs' Response |
|---|---|---|---|
| | | | Further, the allegation is more prejudicial than probative, as it refers to claims not presently before the jury and contains legal conclusions which would allow Veolia to avoid submitting substantive evidence to support. |
| 212 | On October 18, 2015, MDEQ Director Wyant emailed Governor Snyder and admitted that the delayed implementation of optimized corrosion control for two six-month intervals while Flint's citizens were being lead poisoned was improper. Wyant wrote: Simply said, our staff believed that they were constrained by two consecutive six-month tests. We followed and defended that protocol. I believe now we made a mistake. **For communities with a population above 50,000, optimized corrosion control should have been required from the beginning.** (emphasis added). | See above ¶¶ 29, 31. | This paragraph contains inadmissible hearsay for which no exception applies.<br><br>Further, the allegation is more prejudicial than probative, as it refers to claims not presently before the jury and contains legal conclusions which would allow Veolia to avoid submitting substantive evidence to support. |
| 213 | The next day, on October 19, 2015, City of Flint Technical Advisory Committee meeting, LAN was listed as the "owner" of the "corrosion control" issue. | VNA has a non-party at fault case against LAN, which requires VNA to prove the legal duties owed by LAN and the breach of those duties. This paragraph has probative value because it bears directly on those issues. It is relevant to both VNA's non-party at fault case as well as the overarching question of apportionment of fault in this case.<br><br>In addition, this paragraph is unique evidence of a differ- ent nature and quality than the evidence available through | This paragraph contains inadmissible hearsay for which no exception applies.<br><br>As Veolia concedes, this allegation will likely be cumulative of other evidence presented by Veolia during the trial and should therefore be excluded given the allegation would improperly bolster the weight of the other evidence Veolia has presented.<br><br>Alternatively, if such evidence is not presented during the trial, |

| Para-graph | Veolia's Designated Allegation | Veolia's Argument for Admission | Plaintiffs' Response |
|---|---|---|---|
| | | witness testimony because it includes party admissions made by ***Plaintiffs themselves*** regarding LAN's breaches. Plaintiffs' own unequivocal, affirmative statements are highly compelling evidence on those issues. Plaintiffs' own statements show that those issues are not contested.<br><br>Finally, this paragraph illustrates that Plaintiffs them- selves placed the blame for the water crisis squarely on LAN. If VNA is not allowed to show that Plaintiffs have themselves stated that non-parties, like LAN, are at fault, it will allow Plaintiffs to misrepresent the facts and mis-lead the jury. It also will allow Plaintiffs to criticize VNA for attempting to attribute fault to other parties when they themselves have asserted that these other parties are re- sponsible for their injuries. | presentation of this allegation is irrelevant and improper in that the jury will not have heard sufficient evidence regarding the witness and cannot rely on the Complaint for evidence not otherwise presented to the jury. |
| 214 | | | If the Court admits Veolia's designated allegations from the Complaint, Plaintiffs designate. |
| 215 | In December of 2015, Governor Snyder was advised by Harvey Hollins that in addition to the elevated levels of lead in Flint water, there was also a public health threat from potential exposure to legionella. | See above ¶ 29. | Allowing this allegation into evidence would be overly prejudicial because it is likely to violate this Court's motion *in limine* ruling regarding the Task Force Report. |

| Para-graph | Veolia's Designated Allegation | Veolia's Argument for Admission | Plaintiffs' Response |
|---|---|---|---|
| | | | Further, the allegation is more prejudicial than probative because it refers to claims not presently before the jury and contains legal conclusions which would allow Veolia to avoid submitting substantive evidence to support. |
| 217 | The relief efforts of State public officials have been ineffective, indeed often frivolous, in mitigating the devastation caused by its creation of the public health crisis. The ineffective relief efforts have prolonged the dangerous conditions and, in many cases, the failed mitigation efforts have further exacerbated the effects of the public health calamity created by the State. | See above ¶¶ 29, 31, 32, 44. | The paragraph is more prejudicial than probative because it refers to claims not presently before the jury and contains legal conclusions which would allow Veolia to avoid submitting substantive evidence to support. |
| 218 | Governor Snyder was directly aware of potential exposure of Flint's residents to legionella bacteria and, for a period of at least three weeks, failed to disclose those risks to the citizens of Flint. Governor Snyder was also aware by the Summer of 2015 that lead contaminants in Flint Water posed a significant public health threat to the citizens of Flint. In spite of this knowledge, Governor Snyder's Administration continued to issue statements that misleadingly, and dangerously, downplayed the public health threat of consuming Flint Water until January 5, 2016 (for lead) and January 13 (for legionella). | See above ¶ 29. | As Veolia concedes, this allegation will likely be cumulative of other evidence presented by Veolia during the trial and should therefore be excluded given the allegation would improperly bolster the weight of the other evidence Veolia has presented. <br><br>Alternatively, if such evidence is not presented during the trial, presentation of this allegation is irrelevant and improper in that the jury will not have heard sufficient evidence regarding the witness and cannot rely on the Complaint for evidence not otherwise presented to the jury. |

| Para-graph | Veolia's Designated Allegation | Veolia's Argument for Admission | Plaintiffs' Response |
|---|---|---|---|
| | | | Further, the allegation is more prejudicial than probative, as it refers to claims not presently before the jury and contains legal conclusions which would allow Veolia to avoid submitting substantive evidence to support. |
| 220 | Governor Snyder testified to the House Oversight and Governmental Reform Committee that he did not know that Flint's water contained dangerous levels of lead until October 1, 2015. | See above ¶ 29. | This allegation contains inadmissible hearsay for which no exception exists.<br><br>In addition, as Veolia concedes, this allegation will likely be cumulative of other evidence presented by Veolia during the trial and should therefore be excluded given the allegation would improperly bolster the weight of the other evidence Veolia has presented.<br><br>Alternatively, if such evidence is not presented during the trial, presentation of this allegation is irrelevant and improper in that the jury will not have heard sufficient evidence regarding the witness and cannot rely on the Complaint for evidence not otherwise presented to the jury. |
| 221 | But on September 25, 2015, Mr. Muchmore wrote Governor Snyder, (at what appears to be his personal email address because it is redacted as "PPI"), "The issue of Flint water and its quality continues to be a challenging topic. The switch over to use Flint river water has spurred most of the controversy and contention. | See above ¶ 29. | This allegation contains inadmissible hearsay for which no exception exists, as well as legal conclusions which the |

| Para-graph | Veolia's Designated Allegation | Veolia's Argument for Admission | Plaintiffs' Response |
|---|---|---|---|
| | The DEQ and DCH feel that some in Flint are taking the very sensitive issue of children's exposure to lead and trying to turn it into a political football claiming the departments are underestimating the impacts on the populations and particularly are trying to shift responsibility to the state" (emphasis added). So at least five days before Governor Snyder admits knowing that Flint's children were exposed to lead, he was trading emails with his Chief of Staff about the political implications of that exposure. | | Court has ruled are inadmissible.<br><br>In addition, as Veolia concedes, this allegation will likely be cumulative of other evidence presented by Veolia during the trial and should therefore be excluded given the allegation would improperly bolster the weight of the other evidence Veolia has presented.<br><br>Alternatively, if such evidence is not presented during the trial, presentation of this allegation is irrelevant and improper in that the jury will not have heard sufficient evidence regarding the witness and cannot rely on the Complaint for evidence not otherwise presented to the jury. |
| 222 | Mr. Muchmore continued, "We have put an incredible amount of time and effort into this issue because of the impacted neighbors and their children, and the KWA/DWSD controversy and Dillon's involvement in the final decision. Kildee is asking for a call with you. That's tricky because he's sure to use it publicly, but if you don't talk with him it will just fan the narrative that the state is ducking responsibility. I can't figure out why the state is responsible except that Dillon did make the ultimate decision so we're not able to avoid the subject." Mr. Muchmore further states, "the real responsibility rests with the County, city and KWA." | See above ¶¶ 29, 30, 32. | This allegation contains inadmissible hearsay for which no exception exists.<br><br>In addition, as Veolia concedes, this allegation will likely be cumulative of other evidence presented by Veolia during the trial and should therefore be excluded given the allegation would improperly bolster the weight of the other evidence Veolia has presented. |

| Para-graph | Veolia's Designated Allegation | Veolia's Argument for Admission | Plaintiffs' Response |
|---|---|---|---|
| | | | Alternatively, if such evidence is not presented during the trial, presentation of this allegation is irrelevant and improper in that the jury will not have heard sufficient evidence regarding the witness and cannot rely on the Complaint for evidence not otherwise presented to the jury. |
| 223 | But of course, Mr. Muchmore knew exactly what he and the Governor had done to contribute to the problems in Flint—they had actively ignored them and undermined them. Mr. Muchmore came close to admitting as much in a partially redacted email to Wayne Workman at treasury where he stated, "I have a lot of complaints about myself and this Flint thing. If I had acted more quickly on some of my minister's complaints we at least would have had a more robust discussion." But rather than act quickly on those complaints, he dismissed them as simply a product of "old- time negative racial experiences" to use his own words. | See above ¶ 29. | This allegation contains inadmissible hearsay for which no exception exists.<br><br>In addition, as Veolia concedes, this allegation will likely be cumulative of other evidence presented by Veolia during the trial and should therefore be excluded given the allegation would improperly bolster the weight of the other evidence Veolia has presented.<br><br>Alternatively, if such evidence is not presented during the trial, presentation of this allegation is irrelevant and improper in that the jury will not have heard sufficient evidence regarding the witness and cannot rely on the Complaint for evidence not otherwise presented to the jury. |
| 224 | Several facts suggest that Governor Snyder knew about the serious safety concerns involving Flint's water long before he admits having known that the "state's experts were wrong" on October 1, | See above ¶ 29. | This allegation contains inadmissible hearsay for which no exception exists. |

| Para-graph | Veolia's Designated Allegation | Veolia's Argument for Admission | Plaintiffs' Response |
|---|---|---|---|
| | 2015 or received Mr. Muchmore's September 25, 2015 email. | | In addition, as Veolia concedes, this allegation will likely be cumulative of other evidence presented by Veolia during the trial and should therefore be excluded given the allegation would improperly bolster the weight of the other evidence Veolia has presented.<br><br>Alternatively, if such evidence is not presented during the trial, presentation of this allegation is irrelevant and improper in that the jury will not have heard sufficient evidence regarding the witness and cannot rely on the Complaint for evidence not otherwise presented to the jury.<br><br>This portion of this designation reading "[s]everal facts suggest that Governor Snyder knew about the serious safety concerns involving Flint's water long before he admits having known" through the end also contains legal conclusions, characterizations, and inferences, which the Court has ruled are inadmissible. |

| Para-graph | Veolia's Designated Allegation | Veolia's Argument for Admission | Plaintiffs' Response |
|---|---|---|---|
| 225 | At least as early as February 18, 2015 Governor Snyder's right-hand man, Dennis Muchmore was putting the pieces in place to evade responsibility for the Flint water crisis. In response to his office's efforts to try and negotiate an arrangement that would allow Flint to resume purchasing water from DWSD he stated, "[t]his train is leaving and we'll be holding the bag if we don't work out a deal on DWSD for Flint." | See above ¶ 29. | This allegation contains inadmissible hearsay for which no exception exists. In addition, as Veolia concedes, this allegation will likely be cumulative of other evidence presented by Veolia during the trial and should therefore be excluded given the allegation would improperly bolster the weight of the other evidence Veolia has presented. Alternatively, if such evidence is not presented during the trial, presentation of this allegation is irrelevant and improper in that the jury will not have heard sufficient evidence regarding the witness and cannot rely on the Complaint for evidence not otherwise presented to the jury. Further, the allegation is more prejudicial than probative, as it refers to claims not presently before the jury and contains legal conclusions which would allow Veolia to avoid submitting substantive evidence to support. |
| 226 | In fact, for many months before Governor Snyder admits having become aware of the existence of toxic lead in Flint's water several of his most senior advisors—including Dennis Muchmore his chief of staff; Harvey Hollins, his director of Urban Initiatives; Treasury | See above ¶¶ 29, 31, 32. | As Veolia concedes, this allegation will likely be cumulative of other evidence presented by Veolia during the |

| Para-graph | Veolia's Designated Allegation | Veolia's Argument for Admission | Plaintiffs' Response |
|---|---|---|---|
| | officials Thomas Saxton and Wayne Workman; and Stacie Clayton. Indeed, one of the Governor's spokespersons—Sara Wurfel—was married to the MDEQ employee who is alleged to have knowingly lead the disinformation campaign designed to wrongly assure Flint citizens that the water was safe. | | trial and should therefore be excluded given the allegation would improperly bolster the weight of the other evidence Veolia has presented.<br><br>Alternatively, if such evidence is not presented during the trial, presentation of this allegation is irrelevant and improper in that the jury will not have heard sufficient evidence regarding the witness and cannot rely on the Complaint for evidence not otherwise presented to the jury.<br><br>Further, the allegation is more prejudicial than probative, as it refers to claims not presently before the jury and contains legal conclusions which would allow Veolia to avoid submitting substantive evidence to support. |
| 227 | Moreover, for at least the month of September 2015, and possibly longer, MDEQ officials were working with EPA to devise a plan for addressing lead in Flint's water and the attendant need for corrosion control. Additionally, emails from that time reflect planning for a press conference regarding the lead issues that occurred in late September—prior to the conference in early October 2015. It is highly unlikely that the MDEQ devised a plan for addressing lead issues in conjunction with the EPA and scheduled a press conference without the Governor being informed about the situation. | See above ¶¶ 29, 31. | This allegation contains inadmissible hearsay for which no exception exists.<br><br>In addition, as Veolia concedes, this allegation will likely be cumulative of other evidence presented by Veolia during the trial and should therefore be excluded given the allegation would improperly bolster the |

| Para-graph | Veolia's Designated Allegation | Veolia's Argument for Admission | Plaintiffs' Response |
|---|---|---|---|
| | | | weight of the other evidence Veolia has presented.<br><br>Alternatively, if such evidence is not presented during the trial, presentation of this allegation is irrelevant and improper in that the jury will not have heard sufficient evidence regarding the witness and cannot rely on the Complaint for evidence not otherwise presented to the jury.<br><br>Further, the allegations are more prejudicial than probative, as it refers to claims not presently before the jury and contains legal conclusions which would allow Veolia to avoid submitting substantive evidence to support. |
| 228 | For Governor Snyder's testimony before the House Committee to be accurate, he would have had to disbelieve months of news articles regarding lead in Flint's drinking water and have been shielded from the issue by his Chief of Staff, at least four other senior officials in the Governor's office, the MDEQ, the EPA, and the communications preparing for the press conference. This is especially so in light of Mr. Muchmore's April 28, 2015 email to Governor Snyder accurately warning that, "[t]he water issue" in Flint "continues to be a danger flag." | See above ¶¶ 29, 31. | This allegation contains inadmissible hearsay for which no exception exists.<br><br>In addition, as Veolia concedes, this allegation will likely be cumulative of other evidence presented by Veolia during the trial and should therefore be excluded given the allegation would improperly bolster the weight of the other evidence Veolia has presented. |

| Para-graph | Veolia's Designated Allegation | Veolia's Argument for Admission | Plaintiffs' Response |
|---|---|---|---|
| | | | Alternatively, if such evidence is not presented during the trial, presentation of this allegation is irrelevant and improper in that the jury will not have heard sufficient evidence regarding the witness and cannot rely on the Complaint for evidence not otherwise presented to the jury. |
| 231 | The relief efforts of State public officials have been ineffective, indeed often frivolous, in mitigating the devastation caused by its creation of the public health crisis. The ineffective relief efforts have prolonged the dangerous conditions and, in many cases, the failed mitigation efforts have further exacerbated the effects of the public health calamity created by the State. | See above ¶¶ 29, 31, 32, 33. | As Veolia concedes, this allegation will likely be cumulative of other evidence presented by Veolia during the trial and should therefore be excluded given the allegation would improperly bolster the weight of the other evidence Veolia has presented.

Alternatively, if such evidence is not presented during the trial, presentation of this allegation is irrelevant and improper in that the jury will not have heard sufficient evidence regarding the witness and cannot rely on the Complaint for evidence not otherwise presented to the jury.

Further, the allegation is more prejudicial than probative, as it refers to claims not presently before the jury and contains legal conclusions which would allow Veolia to avoid |

| Para-graph | Veolia's Designated Allegation | Veolia's Argument for Admission | Plaintiffs' Response |
|---|---|---|---|
| | | | submitting substantive evidence to support. |
| 232 | Moreover, the reaction of many of the [City and State officials] to this wholly preventable crisis has been cold to say the least. For example, when Wurfel was forwarded a response from Bob Wheaton (Manager of Communications for MDHHS), in which ABC News asked about Head start programs giving bottled water to children in Flint after a DHS report talked about the risks of lead. Wheaton had responded to ABC News saying that the bottled water report "was a recommendation – not an order." Wurfel forwarded it to his wife and David Murray, saying only: "Laughing so hard I'm crying right now." | See above ¶ 31. | This allegation contains inadmissible hearsay for which no exception exists.\n\nFurther, the allegation is more prejudicial than probative, as it contains legal conclusions and characterizations which would allow Veolia to avoid submitting substantive evidence to support. |
| 233-246 | | | If the Court admits Veolia's designated allegations from the Complaint, Plaintiffs designate. |
| 247 | Also in 2011, Flint government officials commissioned a study (or studies) by LAN and Rowe to determine if the Flint River could be safely used by the City as the primary source of drinking water. One of those studies, entitled "Analysis of the Flint River as a Permanent Water Supply for the City of Flint" (the "2011 Report"), which bore LAN's and Rowe's respective logos, was published in July 2011. | See above ¶ 213.\n\nVNA has a non-party at fault case against Rowe, which requires VNA to prove the legal duties owed by Rowe and the breach of those duties. This paragraph has probative value because it bears directly on those issues. It is relevant to both VNA's non-party at fault case as well as the overarching question of apportionment of fault in this case.\n\nIn addition, this paragraph is unique evidence of a differ-ent nature and quality than the evidence available through witness testimony because it | As Veolia concedes, this allegation will likely be cumulative of other evidence presented by Veolia during the trial and should therefore be excluded given the allegation would improperly bolster the weight of the other evidence Veolia has presented.\n\nAlternatively, if such evidence is not presented during the trial, presentation of this allegation is irrelevant and improper in that the jury will not have heard sufficient evidence regarding the witness and cannot rely on the Complaint for evidence not otherwise presented to the jury. |

| Para-graph | Veolia's Designated Allegation | Veolia's Argument for Admission | Plaintiffs' Response |
|---|---|---|---|
| | | includes party admissions made by ***Plaintiffs themselves*** regarding Rowe's breaches. Plaintiffs' own unequivocal, affirmative state- ments are highly compelling evidence on those issues. Plaintiffs' own statements show that those issues are not contested.<br><br>Finally, this paragraph illustrates that Plaintiffs them- selves placed the blame for the water crisis squarely on Rowe. If VNA is not allowed to show that Plaintiffs have themselves stated that non-parties, like Rowe, are at fault, it will allow Plaintiffs to misrepresent the facts and mis-lead the jury. It also will allow Plaintiffs to criticize VNA for attempting to attribute fault to other parties when they themselves have asserted that these other parties are re- sponsible for their injuries. | |
| 248 | The 2011 Report stated that chemically treating Flint River water on a continuous basis would be a challenge and more expensive than chemically treating lake water. It concluded that "water from the river can be treated to meet current regulations; however, additional treatment will be required than for Lake Huron Water … Although water from the river can be treated to meet regulatory requirements, aesthetics of the finished water will be different than that from Lake Huron." The study further concluded that such treatments to Flint River water could be done if improvements were made to the Flint WTP. However, if used as a water supply, the study noted that "a | See above ¶¶ 213, 247. | This allegation contains inadmissible hearsay for which no exception exists.<br><br>Further, allowing this allegation into evidence would be overly prejudicial because it is likely to violate this Court's motion *in limine* ruling |

| Para-graph | Veolia's Designated Allegation | Veolia's Argument for Admission | Plaintiffs' Response |
|---|---|---|---|
| | source water protection management plan should be developed to … identify potential sources of contamination … " | | regarding the Task Force Report. |
| 249 | LAN also prepared an additional analysis, attached to the 2011 Report as an appendix, which detailed over $69 million in improvements that would have to be made to bring the Flint WTP up to current standards. This additional analysis specifically projected costs for corrosion control chemicals that would be required to ensure the safety of water to be drawn from the Flint River. | See above ¶ 213. | This allegation contains inadmissible hearsay for which no exception exists.

Further, allowing this allegation into evidence would be overly prejudicial because it is likely to violate this Court's motion *in limine* ruling regarding the Task Force Report. |
| 251 | In 2007, Rowe was awarded the job to provide professional engineering services as City Engineer to Flint for a five-year period. Rowe provided those services to Flint pursuant to City Contract 07-103 under the broad categories of engineering, surveying, and project management / administration (both design and construction) and technical assistance. | See above ¶ 247. | As Veolia concedes, this allegation will likely be cumulative of other evidence presented by Veolia during the trial and should therefore be excluded given the allegation would improperly bolster the weight of the other evidence Veolia has presented.

Alternatively, if such evidence is not presented during the trial, presentation of this allegation is irrelevant and improper in that the jury will not have heard sufficient evidence regarding the witness and cannot rely on the Complaint for evidence not otherwise presented to the jury. |
| 252 | In January 2012, Flint Emergency Manager Jerry Ambrose executed a resolution authorizing Flint to enter into Change Order No. 9, which would extend Rowe's contract as City Engineer from January 1, 2012 to June 30, 2013. | See above ¶¶ 43, 247. | As Veolia concedes, this allegation will likely be cumulative of other evidence presented by Veolia during the |

| Para-graph | Veolia's Designated Allegation | Veolia's Argument for Admission | Plaintiffs' Response |
|---|---|---|---|
| | | | trial and should therefore be excluded given the allegation would improperly bolster the weight of the other evidence Veolia has presented.<br><br>Alternatively, if such evidence is not presented during the trial, presentation of this allegation is irrelevant and improper in that the jury will not have heard sufficient evidence regarding the witness and cannot rely on the Complaint for evidence not otherwise presented to the jury. |
| 253 | On January 7, 2013, Rowe sent a letter to Kurtz regarding Rowe's review of the December 21, 2012 TJYT presentation on the City of Flint's Water Supply Assessment. | See above ¶¶ 86, 247. | As Veolia concedes, this allegation will likely be cumulative of other evidence presented by Veolia during the trial and should therefore be excluded given the allegation would improperly bolster the weight of the other evidence Veolia has presented.<br><br>Alternatively, if such evidence is not presented during the trial, presentation of this allegation is irrelevant and improper in that the jury will not have heard sufficient evidence regarding the witness and cannot rely on the Complaint for evidence not otherwise presented to the jury. |

| Para-graph | Veolia's Designated Allegation | Veolia's Argument for Admission | Plaintiffs' Response |
|---|---|---|---|
| 254 | Rowe's cost analysis review of the TYJT presentation "summarizes the primary differences between the TYJT assessment and [Rowe's] previous studies and provides explanations of why we believe there are differences." | See above ¶¶ 86, 247. | This allegation contains inadmissible hearsay for which no exception exists.<br><br>In addition, as Veolia concedes, this allegation will likely be cumulative of other evidence presented by Veolia during the trial and should therefore be excluded given the allegation would improperly bolster the weight of the other evidence Veolia has presented.<br><br>Alternatively, if such evidence is not presented during the trial, presentation of this allegation is irrelevant and improper in that the jury will not have heard sufficient evidence regarding the witness and cannot rely on the Complaint for evidence not otherwise presented to the jury. |
| 255 | The January 7, 2013 letter states that "it will be necessary to upgrade the Flint WTP and dams to provide reliable, continuous service and compliance with recent surface water treatment regulations." | See above ¶¶ 86, 247. | This allegation contains inadmissible hearsay for which no exception exists.<br><br>In addition, as Veolia concedes, this allegation will likely be cumulative of other evidence presented by Veolia during the trial and should therefore be excluded given the allegation would improperly bolster the weight of the other evidence Veolia has presented. |

| Para-graph | Veolia's Designated Allegation | Veolia's Argument for Admission | Plaintiffs' Response |
|---|---|---|---|
| | | | Alternatively, if such evidence is not presented during the trial, presentation of this allegation is irrelevant and improper in that the jury will not have heard sufficient evidence regarding the witness and cannot rely on the Complaint for evidence not otherwise presented to the jury. |
| 256 | The letter further states that "Water from the river will require greater effort to treat than water from Lake Huron (more chemicals, power, and residuals)." | See above ¶¶ 86, 247. | This allegation contains inadmissible hearsay for which no exception exists.<br><br>In addition, as Veolia concedes, this allegation will likely be cumulative of other evidence presented by Veolia during the trial and should therefore be excluded given the allegation would improperly bolster the weight of the other evidence Veolia has presented.<br><br>Alternatively, if such evidence is not presented during the trial, presentation of this allegation is irrelevant and improper in that the jury will not have heard sufficient evidence regarding the witness and cannot rely on the Complaint for evidence not otherwise presented to the jury. |
| 257 | In August 2013 Rowe Professional Services Company completed an engineering proposal for improvements to the Flint WTP that would allow continuous operation of the WTP utilizing the Flint River in lieu | See above ¶ 247. | As Veolia concedes, this allegation will likely be cumulative of other evidence |

| Para-graph | Veolia's Designated Allegation | Veolia's Argument for Admission | Plaintiffs' Response |
|---|---|---|---|
| | of continuing service from the DWSD until completion of the KWA pipeline. | | presented by Veolia during the trial and should therefore be excluded given the allegation would improperly bolster the weight of the other evidence Veolia has presented.<br><br>Alternatively, if such evidence is not presented during the trial, presentation of this allegation is irrelevant and improper in that the jury will not have heard sufficient evidence regarding the witness and cannot rely on the Complaint for evidence not otherwise presented to the jury. |
| 258 | The August 2013 Rowe report failed to recommend the use of any corrosion control, including phosphates, to make the Flint River water less corrosive. | See above ¶ 247. | As Veolia concedes, this allegation will likely be cumulative of other evidence presented by Veolia during the trial and should therefore be excluded given the allegation would improperly bolster the weight of the other evidence Veolia has presented.<br><br>Alternatively, if such evidence is not presented during the trial, presentation of this allegation is irrelevant and improper in that the jury will not have heard sufficient evidence regarding the witness and cannot rely on the Complaint for evidence not otherwise presented to the jury. |

| Para-graph | Veolia's Designated Allegation | Veolia's Argument for Admission | Plaintiffs' Response |
|---|---|---|---|
| | | | Further, allowing this allegation into evidence would be overly prejudicial because it is likely to violate this Court's motion *in limine* ruling regarding the Task Force Report. |
| 259 | On August 22, 2013, James Redding, Director of Engineering for Rowe, emailed Prysby a summary of the upgrades Rowe proposed that are necessary at the Flint Water Treatment Plant. None of the proposed upgrades from the August 22, 2013 email included any corrosion control. | See above ¶¶ 31, 247. | This allegation contains inadmissible hearsay for which no exception exists.<br><br>In addition, as Veolia concedes, this allegation will likely be cumulative of other evidence presented by Veolia during the trial and should therefore be excluded given the allegation would improperly bolster the weight of the other evidence Veolia has presented.<br><br>Alternatively, if such evidence is not presented during the trial, presentation of this allegation is irrelevant and improper in that the jury will not have heard sufficient evidence regarding the witness and cannot rely on the Complaint for evidence not otherwise presented to the jury. |
| 260 | In September 2013, Rowe was re-hired by Flint for professional services for the 2014 fiscal year, wherein Rowe would continue to serve as City Engineer. | See above ¶ 247. | As Veolia concedes, this allegation will likely be cumulative of other evidence presented by Veolia during the trial and should therefore be excluded given the allegation |

| Para-graph | Veolia's Designated Allegation | Veolia's Argument for Admission | Plaintiffs' Response |
|---|---|---|---|
| | | | would improperly bolster the weight of the other evidence Veolia has presented.<br><br>Alternatively, if such evidence is not presented during the trial, presentation of this allegation is irrelevant and improper in that the jury will not have heard sufficient evidence regarding the witness and cannot rely on the Complaint for evidence not otherwise presented to the jury. |
| 262 | In November 2012, Emergency Manager Ed Kurtz wrote to State of Michigan Treasurer Andy Dillon suggesting that Flint join the yet to be formed KWA due to projected cost savings over DWSD. This was pursuant to the Emergency Manager's mandate to cut costs. | See above ¶¶ 32, 86. | As Veolia concedes, this allegation will likely be cumulative of other evidence presented by Veolia during the trial and should therefore be excluded given the allegation would improperly bolster the weight of the other evidence Veolia has presented.<br><br>Alternatively, if such evidence is not presented during the trial, presentation of this allegation is irrelevant and improper in that the jury will not have heard sufficient evidence regarding the witness and cannot rely on the Complaint for evidence not otherwise presented to the jury. |
| 263 | In December 2012, during a meeting with the State of Michigan Treasury, Flint rejected the Flint River as a water source because of the comparatively high costs of preparing the Flint WTP to treat water drawn from the Flint River to applicable standards. | See above ¶¶ 30, 32, 86. | As Veolia concedes, this allegation will likely be cumulative of other evidence presented by Veolia during the |

| Para-graph | Veolia's Designated Allegation | Veolia's Argument for Admission | Plaintiffs' Response |
|---|---|---|---|
| | | | trial and should therefore be excluded given the allegation would improperly bolster the weight of the other evidence Veolia has presented.<br><br>Alternatively, if such evidence is not presented during the trial, presentation of this allegation is irrelevant and improper in that the jury will not have heard sufficient evidence regarding the witness and cannot rely on the Complaint for evidence not otherwise presented to the jury. |
| 264 | In early 2013, Flint Emergency Manager Kurtz signed an agreement to switch Flint's primary drinking water source from the DWSD to the newly formed KWA, which was scheduled to become operational sometime in 2016. Upon information and belief, Flint assumed it would continue to purchase its water from DWSD until the KWA pipeline became operational. | See above ¶ 86. | As Veolia concedes, this allegation will likely be cumulative of other evidence presented by Veolia during the trial and should therefore be excluded given the allegation would improperly bolster the weight of the other evidence Veolia has presented.<br><br>Alternatively, if such evidence is not presented during the trial, presentation of this allegation is irrelevant and improper in that the jury will not have heard sufficient evidence regarding the witness and cannot rely on the Complaint for evidence not otherwise presented to the jury. |

| Para-graph | Veolia's Designated Allegation | Veolia's Argument for Admission | Plaintiffs' Response |
|---|---|---|---|
| | | | Further, the allegation is more prejudicial than probative, as it is irrelevant and it was plead upon information and minimal. |
| 266 | The KWA depended on an infrastructure that had not yet been built, and that would not be completed until at least 2016. Kurtz then proposed drawing drinking water from the Flint River until the KWA was completed as a cost-cutting measure. | See above ¶ 86. | As Veolia concedes, this allegation will likely be cumulative of other evidence presented by Veolia during the trial and should therefore be excluded given the allegation would improperly bolster the weight of the other evidence Veolia has presented.

Alternatively, if such evidence is not presented during the trial, presentation of this allegation is irrelevant and improper in that the jury will not have heard sufficient evidence regarding the witness and cannot rely on the Complaint for evidence not otherwise presented to the jury.

Further, the allegation is more prejudicial than probative, as it is irrelevant and it was plead upon information and minimal. |
| 267 | In or around June 2013, Emergency Manager Kurtz hired LAN to advise the City with respect to using the Flint River as the City's water source during the construction of infrastructure for the KWA. LAN advised the City regarding the design of an upgrade to the Flint Water Plant and stated that "quality control could be addressed." | See above ¶¶ 86, 213. | This allegation contains inadmissible hearsay for which no exception exists.

In addition, as Veolia concedes, this allegation will likely be cumulative of other evidence |

| Para-graph | Veolia's Designated Allegation | Veolia's Argument for Admission | Plaintiffs' Response |
|---|---|---|---|
| | | | presented by Veolia during the trial and should therefore be excluded given the allegation would improperly bolster the weight of the other evidence Veolia has presented. |
| | | | Alternatively, if such evidence is not presented during the trial, presentation of this allegation is irrelevant and improper in that the jury will not have heard sufficient evidence regarding the witness and cannot rely on the Complaint for evidence not otherwise presented to the jury. |
| 268 | On June 10, 2013, LAN submitted a proposal to Flint for upgrading the Flint WTP entitled "Flint Water Treatment Plant Rehabilitation – Phase II." The proposal was to make "improvements . . . intended to help the City operate[] the plant on a full time basis using the Flint River." The proposal was signed by J. Warren Green, Professional Engineer (Project Director) and Samir F. Matta, Professional Engineer (Senior Project Manager). | See above ¶ 213. | This allegation contains inadmissible hearsay for which no exception exists. |
| | | | In addition, as Veolia concedes, this allegation will likely be cumulative of other evidence presented by Veolia during the trial and should therefore be excluded given the allegation would improperly bolster the weight of the other evidence Veolia has presented. |
| | | | Alternatively, if such evidence is not presented during the trial, presentation of this allegation is irrelevant and improper in that the jury will not have heard sufficient evidence regarding |

| Para-graph | Veolia's Designated Allegation | Veolia's Argument for Admission | Plaintiffs' Response |
|---|---|---|---|
| | | | the witness and cannot rely on the Complaint for evidence not otherwise presented to the jury. |
| 269 | LAN claimed in its proposal that it's "staff has the knowledge, expertise and the technical professionals to handle all aspects of the projects. Our staff has firsthand knowledge of the [Flint WTP] … | See above ¶ 213. | This allegation contains inadmissible hearsay for which no exception exists.

In addition, as Veolia concedes, this allegation will likely be cumulative of other evidence presented by Veolia during the trial and should therefore be excluded given the allegation would improperly bolster the weight of the other evidence Veolia has presented.

Alternatively, if such evidence is not presented during the trial, presentation of this allegation is irrelevant and improper in that the jury will not have heard sufficient evidence regarding the witness and cannot rely on the Complaint for evidence not otherwise presented to the jury. |
| 270 | The proposal included the following relevant sections:

a. A "Scope of Services" section that stated the "project involves the evaluation and upgrade of the Flint Water Plant to provide continuous water supply service to the City of Flint (Flint) and its customers." The upgrades and improvements would allow the use of the Flint River as a water supply.

A "Standards of Performance" section where LAN "agree[d] to exercise independent judgment and to perform its duties under this | See above ¶ 213. | This allegation contains inadmissible hearsay for which no exception exists.

In addition, as Veolia concedes, this allegation will likely be cumulative of other evidence presented by Veolia during the trial and should therefore be excluded given the allegation |

| Para-graph | Veolia's Designated Allegation | Veolia's Argument for Admission | Plaintiffs' Response |
|---|---|---|---|
| | contract in accordance with sound professional practices." As part of the proposal, it was understood that Flint was relying upon the professional reputation, experience, certification and ability of LAN. | | would improperly bolster the weight of the other evidence Veolia has presented.<br><br>Alternatively, if such evidence is not presented during the trial, presentation of this allegation is irrelevant and improper in that the jury will not have heard sufficient evidence regarding the witness and cannot rely on the Complaint for evidence not otherwise presented to the jury. |
| 271 | On or about June 26, 2013, Kurtz signed a resolution authorizing Flint to enter into a professional services contract with LAN to place the Flint WTP into full-time operational use, which would draw water from the Flint River as its primary source of water until the completion of the KWA. | See above ¶¶ 86, 213. | As Veolia concedes, this allegation will likely be cumulative of other evidence presented by Veolia during the trial and should therefore be excluded given the allegation would improperly bolster the weight of the other evidence Veolia has presented.<br><br>Alternatively, if such evidence is not presented during the trial, presentation of this allegation is irrelevant and improper in that the jury will not have heard sufficient evidence regarding the witness and cannot rely on the Complaint for evidence not otherwise presented to the jury. |
| 272 | | | If the Court admits Veolia's designated allegations from the Complaint, Plaintiffs designate. |

| Para-graph | Veolia's Designated Allegation | Veolia's Argument for Admission | Plaintiffs' Response |
|---|---|---|---|
| 272 | Flint formally retained LAN as the design engineer for improvements and upgrades to the Flint WTP for the treatment of new water sources, including both the Flint River and the KWA pipeline. In deciding to proceed with the transition to the Flint River, the City of Flint noted LAN's "extensive experience in this field," and relied upon LAN's identification of the "engineering, procurement, and construction needs for the project." Although the City recognized that water from the Flint River "would be more difficult to treat," the City concluded, based on LAN's recommendations, that the Flint River was "viable as a source" for the City's water. *See* City of Flint, Water System Questions & Answers (Jan. 13, 2015), available at http://mediad.publicbroadcasting.netlp/michiganlfiles/201512/CoF-Water-SystemFAQ-1-16-2015.pdf. LAN continued to advise the City with respect to its transition to the Flint River through 2015, and ultimately was paid more than $3.8 million for its engineering services. City officials, including then-Mayor Walling, relied upon LAN's advice in pronouncing the City's water to be safe. | See above ¶¶ 30, 86, 213. | This allegation contains inadmissible hearsay for which no exception exists.<br><br>This portion of this designation beginning "Lan continued to advise" through the end also contains legal conclusions, characterizations, and inferences, which the Court has ruled are inadmissible. |
| 274 | Upon information and belief, there were no bids submitted by LAN or any other firm for this work, nor were any other firms considered for this work. The contract was awarded without competitive bidding. | See above ¶¶ 30, 86, 213. | This paragraph contains allegations which are more prejudicial than probative, as it refers to claims not presently before the jury and contains legal conclusions and characterizations which would allow Veolia to avoid submitting substantive evidence to support. |
| 275 | On June 29, 2013, LAN met with representatives of Flint, the Genesee County Drain Commissioners Office and the MDEQ to discuss:<br><br>a. Using the Flint River as a water source;<br><br>b. The ability to perform the necessary upgrades to the Flint WTP;<br><br>c. The ability to perform quality control; | See above ¶¶ 30, 31, 86, 213. | As Veolia concedes, this allegation will likely be cumulative of other evidence presented by Veolia during the trial and should therefore be excluded given the allegation would improperly bolster the |

| Para-graph | Veolia's Designated Allegation | Veolia's Argument for Admission | Plaintiffs' Response |
|---|---|---|---|
| | d. The ability for Flint to provide water to Genesee County;<br><br>e. The ability to meet an April or May 2014 timeline; and<br><br>f. Developing a cost analysis. | | weight of the other evidence Veolia has presented.<br><br>Alternatively, if such evidence is not presented during the trial, presentation of this allegation is irrelevant and improper in that the jury will not have heard sufficient evidence regarding the witness and cannot rely on the Complaint for evidence not otherwise presented to the jury. |
| 276 | According to incomplete meeting minutes, "the conversation was guided with focus on engineering, regulatory, and quality aspects … " of the items previously referenced, and the following determinations were made:<br><br>a. The Flint River would be more difficult to treat, but was viable as a source;<br><br>b. It was possible to engineer and construct the upgrades needed for the treatment process;<br><br>c. It was possible to perform quality control "with support from LAN engineering which works with several water systems around the state, quality control could be addressed";<br><br>d. The Flint WTP did not have the capacity to treat and distribute sufficient water to meet the needs of Flint and Genesee County;<br><br>e. There were many obstacles to overcome, but completion by the April or May 2014 timeline was reachable; and f. The next steps were for LAN to present Flint with a proposal that would include engineering, procurement and construction needs for the project along with cost estimates. | See above ¶¶ 30, 31, 86, 213. | This allegation contains inadmissible hearsay for which no exception exists.<br><br>In addition, as Veolia concedes, this allegation will likely be cumulative of other evidence presented by Veolia during the trial and should therefore be excluded given the allegation would improperly bolster the weight of the other evidence Veolia has presented.<br><br>Alternatively, if such evidence is not presented during the trial, presentation of this allegation is irrelevant and improper in that the jury will not have heard sufficient evidence regarding the witness and cannot rely on the Complaint for evidence not otherwise presented to the jury. |

| Para-graph | Veolia's Designated Allegation | Veolia's Argument for Admission | Plaintiffs' Response |
|---|---|---|---|
| 277 | LAN was directly involved in conversations about the potential for lead contamination following the switch. According to a September 3, 2015 email with the subject "Flint Water," sent to Warren Green and Samir Matta of LAN, along with various city and state officials, Public Works Director Howard Croft addressed concerns about the amount of lead found in the water, stating, "[a]t the onset of our plant design, optimization for lead was addressed and discussed with the engineering firm and with the DEQ." | See above ¶¶ 46, 213. | This allegation contains inadmissible hearsay for which no exception exists.<br><br>In addition, as Veolia concedes, this allegation will likely be cumulative of other evidence presented by Veolia during the trial and should therefore be excluded given the allegation would improperly bolster the weight of the other evidence Veolia has presented.<br><br>Alternatively, if such evidence is not presented during the trial, presentation of this allegation is irrelevant and improper in that the jury will not have heard sufficient evidence regarding the witness and cannot rely on the Complaint for evidence not otherwise presented to the jury. |
| 278-280 | | | If the Court admits Veolia's designated allegations from the Complaint, Plaintiffs designate. |
| 281 | In April 2014, LAN, Flint and MDEQ officials addressed and discussed optimization for lead, and they decided that having more data was advisable before implementing an optimization method. | See above ¶¶ 30, 31, 213. | As Veolia concedes, this allegation will likely be cumulative of other evidence presented by Veolia during the trial and should therefore be excluded given the allegation would improperly bolster the weight of the other evidence Veolia has presented. |

| Para-graph | Veolia's Designated Allegation | Veolia's Argument for Admission | Plaintiffs' Response |
|---|---|---|---|
| | | | Alternatively, if such evidence is not presented during the trial, presentation of this allegation is irrelevant and improper in that the jury will not have heard sufficient evidence regarding the witness and cannot rely on the Complaint for evidence not otherwise presented to the jury. |
| 282 | On April 9, 2014, the City received the necessary permits from MDEQ to draw Flint River water for distribution as the supply source for its water distribution system during the multi-year transition to the new KWA facility. | See above ¶¶ 30, 31, 46. | As Veolia concedes, this allegation will likely be cumulative of other evidence presented by Veolia during the trial and should therefore be excluded given the allegation would improperly bolster the weight of the other evidence Veolia has presented.<br><br>Alternatively, if such evidence is not presented during the trial, presentation of this allegation is irrelevant and improper in that the jury will not have heard sufficient evidence regarding the witness and cannot rely on the Complaint for evidence not otherwise presented to the jury. |
| 283 | Despite receiving these permits, the water system was not ready to become operational. | See above ¶¶ 30, 31, 46. | In addition, as Veolia concedes, this allegation will likely be cumulative of other evidence presented by Veolia during the trial and should therefore be excluded given the allegation would improperly bolster the |

| Para-graph | Veolia's Designated Allegation | Veolia's Argument for Admission | Plaintiffs' Response |
|---|---|---|---|
| | | | weight of the other evidence Veolia has presented.<br><br>Alternatively, if such evidence is not presented during the trial, presentation of this allegation is irrelevant and improper in that the jury will not have heard sufficient evidence regarding the witness and cannot rely on the Complaint for evidence not otherwise presented to the jury.<br><br>This designation also contains legal conclusions, characterizations, and inferences, which the Court has ruled are inadmissible. |
| 285 | | | If the Court admits Veolia's designated allegations from the Complaint, Plaintiffs designate. |
| 285 | LAN knew, if not recommended, that the Flint WTP would begin drawing water from the Flint River later that month that would not be treated with anti-corrosive measures. Moreover, the potential consequences in endangering the public health as a result of not using anti-corrosive treatments when using water from the Flint River as the primary source were or should have been well-known and foreseeable to LAN, an engineering firm that, according to its website, is a "national leader in the heavy civil infrastructure engineering industry," "one of the most respected engineering firms in the United States today," and "a recognized leader in the industry with a rich history of serving a diverse group of heavy civil infrastructure clients across the country." | See above ¶ 213. | This allegation contains inadmissible hearsay for which no exception exists.<br><br>In addition, as Veolia concedes, this allegation will likely be cumulative of other evidence presented by Veolia during the trial and should therefore be excluded given the allegation would improperly bolster the weight of the other evidence Veolia has presented. |

| Para-graph | Veolia's Designated Allegation | Veolia's Argument for Admission | Plaintiffs' Response |
|---|---|---|---|
| | | | Alternatively, if such evidence is not presented during the trial, presentation of this allegation is irrelevant and improper in that the jury will not have heard sufficient evidence regarding the witness and cannot rely on the Complaint for evidence not otherwise presented to the jury.

Further, this paragraph contains allegations which are more prejudicial than probative, as it refers to claims not presently before the jury and contains legal conclusions and characterizations which would allow Veolia to avoid submitting substantive evidence to support. |
| 286 | From July 2013 through April 2014, LAN provided its professional services, but failed to meet its duty of care and competence. LAN was responsible for providing engineering services to make Flint's inactive water treatment plant sufficient to treat water from each of its new sources. LAN's actions facilitated the transfer of Flint's water source to river water without proper corrosion control treatment. The improvement and upgrade plans to the Flint WTP were approved by MDEQ in April 2014, pursuant to plans and specifications signed and sealed by LAN. LAN, as Flint's outside contractor, had a duty to recognize the need for corrosion control and advise that it should be implemented. Yet, incredibly, at the time of the switch to Flint River water, no phosphates were being added to the water supply. In fact, nothing whatsoever was being done to account for the corrosive nature of the Flint River water. Moreover, LAN did not require water quality standards to be set for the Flint River water that would be delivered to Flint's residents and property. | See above ¶ 213. | As Veolia concedes, this allegation will likely be cumulative of other evidence presented by Veolia during the trial and should therefore be excluded given the allegation would improperly bolster the weight of the other evidence Veolia has presented.

Alternatively, if such evidence is not presented during the trial, presentation of this allegation is irrelevant and improper in that the jury will not have heard sufficient evidence regarding |

| Para-graph | Veolia's Designated Allegation | Veolia's Argument for Admission | Plaintiffs' Response |
|---|---|---|---|
| | | | the witness and cannot rely on the Complaint for evidence not otherwise presented to the jury.<br><br>Further, this paragraph contains allegations which are more prejudicial than probative, as it refers to claims not presently before the jury and contains legal conclusions and characterizations which would allow Veolia to avoid submitting substantive evidence to support. |
| 287 | On April 25, 2014, Flint officially began using the Flint River as its primary water source, despite the fact that the proper preparations had not been made and Glasgow had warned that the FWTP was not ready. | See above ¶¶ 30, 46 | In addition, as Veolia concedes, this allegation will likely be cumulative of other evidence presented by Veolia during the trial and should therefore be excluded given the allegation would improperly bolster the weight of the other evidence Veolia has presented.<br><br>Alternatively, if such evidence is not presented during the trial, presentation of this allegation is irrelevant and improper in that the jury will not have heard sufficient evidence regarding the witness and cannot rely on the Complaint for evidence not otherwise presented to the jury.<br><br>This paragraph also contains legal conclusions, |

| Para-graph | Veolia's Designated Allegation | Veolia's Argument for Admission | Plaintiffs' Response |
|---|---|---|---|
| | | | characterizations, and inferences, which the Court has ruled are inadmissible. |
| 288 | Within weeks of switching water sources, complaints began to pour in from residents regarding the smell, taste, and color of the drinking water. | See above ¶¶ 29, 30, 31, 32, 33, 46. | As Veolia concedes, this allegation will likely be cumulative of other evidence presented by Veolia during the trial and should therefore be excluded given the allegation would improperly bolster the weight of the other evidence Veolia has presented.

Alternatively, if such evidence is not presented during the trial, presentation of this allegation is irrelevant and improper in that the jury will not have heard sufficient evidence regarding the witness and cannot rely on the Complaint for evidence not otherwise presented to the jury. |
| 289 | In the midst of growing concerns about the safety of its water, Flint engaged two engineering companies to provide their professional opinion regarding the necessary changes to render the water compliant with state and federal laws. First, the City engaged LAN. | See above ¶ 213. | As Veolia concedes, this allegation will likely be cumulative of other evidence presented by Veolia during the trial and should therefore be excluded given the allegation would improperly bolster the weight of the other evidence Veolia has presented.

Alternatively, if such evidence is not presented during the trial, presentation of this allegation is |

| Para-graph | Veolia's Designated Allegation | Veolia's Argument for Admission | Plaintiffs' Response |
|---|---|---|---|
| | | | irrelevant and improper in that the jury will not have heard sufficient evidence regarding the witness and cannot rely on the Complaint for evidence not otherwise presented to the jury. |
| 290 | On August 14, 2014, Flint's water tested above legal limits for total coliform and E. coli bacteria. The City issued boil water advisories on August 16, 2014 and September 5, 2014 in response. | See above ¶¶ 29, 30, 31, 32, 33, 46. | As Veolia concedes, this allegation will likely be cumulative of other evidence presented by Veolia during the trial and should therefore be excluded given the allegation would improperly bolster the weight of the other evidence Veolia has presented.<br><br>Alternatively, if such evidence is not presented during the trial, presentation of this allegation is irrelevant and improper in that the jury will not have heard sufficient evidence regarding the witness and cannot rely on the Complaint for evidence not otherwise presented to the jury. |
| 291-293 | | | If the Court admits Veolia's designated allegations from the Complaint, Plaintiffs designate. |
| 294 | Moreover, PowerPoint slides circulated among MDEQ officials—including Busch, Prysby, and Rosenthal—in March and April 2015 showed that MDEQ officials knew as early as May 2014 that the water contained TTHM levels above the EPA's maximum contaminant level. According to the presentation, the City and MDEQ had also been receiving complaints about the water for some time, including about the water's taste, odor, color, and that it was causing rashes but this failed to prompt any action | See above ¶¶ 30, 31. | As Veolia concedes, this allegation will likely be cumulative of other evidence presented by Veolia during the trial and should therefore be excluded given the allegation would improperly bolster the |

| Para-graph | Veolia's Designated Allegation | Veolia's Argument for Admission | Plaintiffs' Response |
|---|---|---|---|
| | | | weight of the other evidence Veolia has presented.<br><br>Alternatively, if such evidence is not presented during the trial, presentation of this allegation is irrelevant and improper in that the jury will not have heard sufficient evidence regarding the witness and cannot rely on the Complaint for evidence not otherwise presented to the jury.<br><br>Further, this paragraph contains allegations which are more prejudicial than probative, as it refers to claims not presently before the jury and contains legal conclusions and characterizations which would allow Veolia to avoid submitting substantive evidence to support. |
| 295 | As officials were beginning to assess the extent of Flint's TTHM problems, another problem emerged in the summer of 2014; MDHHS reported an outbreak of Legionnaires' disease – another red flag. | See above ¶ 33. | This allegation is irrelevant, as it contains references to the Legionella outbreak and does not relate to any of the claims presently before the jury. |
| 296 | | | If the Court admits Veolia's designated allegations from the Complaint, Plaintiffs designate. |
| 297 | In addition to a rise in the reported incidence of Legionnaires' disease, MDHHS first noted another potential problem related to Flint's water in September 2014; lead poisoning rates "were higher than usual for children under age 16 living in the City of Flint during the months of July, August and September, 2014." | See above ¶ 33. | This allegation contains inadmissible hearsay for which no exception exists. |

| Para-graph | Veolia's Designated Allegation | Veolia's Argument for Admission | Plaintiffs' Response |
|---|---|---|---|
| | | | In addition, as Veolia concedes, this allegation will likely be cumulative of other evidence presented by Veolia during the trial and should therefore be excluded given the allegation would improperly bolster the weight of the other evidence Veolia has presented.<br><br>Alternatively, if such evidence is not presented during the trial, presentation of this allegation is irrelevant and improper in that the jury will not have heard sufficient evidence regarding the witness and cannot rely on the Complaint for evidence not otherwise presented to the jury. |
| 298-299 | | | If the Court admits Veolia's designated allegations from the Complaint, Plaintiffs designate. |
| 300 | On October 13, 2014, the General Motors Corporation ceased the use of Flint River water at its engine plant because of fears that it would cause corrosion due to high levels of chloride. | See above ¶¶ 29, 30, 31, 32, 33, 46. | As Veolia concedes, this allegation will likely be cumulative of other evidence presented by Veolia during the trial and should therefore be excluded given the allegation would improperly bolster the weight of the other evidence Veolia has presented.<br><br>Alternatively, if such evidence is not presented during the trial, presentation of this allegation is irrelevant and improper in that |

| Para-graph | Veolia's Designated Allegation | Veolia's Argument for Admission | Plaintiffs' Response |
|---|---|---|---|
| | | | the jury will not have heard sufficient evidence regarding the witness and cannot rely on the Complaint for evidence not otherwise presented to the jury.

This portion of this designation reading "because of fears" through the end also contains legal conclusions, characterizations, and inferences, which the Court has ruled are inadmissible. |
| 301 | On December 31, 2014, the first round of lead monitoring showed results exceeding the Lead and Copper Rule's action levels for lead, 15 parts per billion ("ppb"). Worse yet, these samples were not drawn from the highest risk homes as required by the Lead and Copper Rule. | See above ¶¶ 29, 30, 31, 32, 33, 46. | As Veolia concedes, this allegation will likely be cumulative of other evidence presented by Veolia during the trial and should therefore be excluded given the allegation would improperly bolster the weight of the other evidence Veolia has presented.

Alternatively, if such evidence is not presented during the trial, presentation of this allegation is irrelevant and improper in that the jury will not have heard sufficient evidence regarding the witness and cannot rely on the Complaint for evidence not otherwise presented to the jury |
| 302 | In January 2015, David Murray, Governor Snyder's deputy press secretary, saw an email from Wurfel stating, "I don't want my director to say publicly that the water in Flint is safe until we get | See above ¶ 29. | This allegation contains inadmissible hearsay for which no exception exists. |

| Para-graph | Veolia's Designated Allegation | Veolia's Argument for Admission | Plaintiffs' Response |
|---|---|---|---|
| | | | In addition, as Veolia concedes, this allegation will likely be cumulative of other evidence presented by Veolia during the trial and should therefore be excluded given the allegation would improperly bolster the weight of the other evidence Veolia has presented.<br><br>Alternatively, if such evidence is not presented during the trial, presentation of this allegation is irrelevant and improper in that the jury will not have heard sufficient evidence regarding the witness and cannot rely on the Complaint for evidence not otherwise presented to the jury. |
| 303 | | | If the Court admits Veolia's designated allegations from the Complaint, Plaintiffs designate. |
| 304 | That same day [January 9, 2015], Earley refused to return to DWSD water, according to the Attorney General's investigation into the crisis. | See above ¶ 41. | Admitting this allegation would be prejudicial because it likely violates the Court's order regarding criminal investigations. |
| 305-308 | | | If the Court admits Veolia's designated allegations from the Complaint, Plaintiffs designate. |
| 309 | In November 2014, LAN was on actual notice of the need to assess the factors contributing to high TTHM levels following the water source change because LAN was engaged to evaluate this issue by Flint and provide a report of its findings, which it did in August 2015. | See above ¶ 213. | This paragraph contains allegations which are more prejudicial than probative, as it refers to claims not presently before the jury and contains legal conclusions and |

| Para-graph | Veolia's Designated Allegation | Veolia's Argument for Admission | Plaintiffs' Response |
|---|---|---|---|
| | | | characterizations which would allow Veolia to avoid submitting substantive evidence to support. |
| 310 | LAN issued a 20-page Operational Evaluation Report on November 26, 2014, intended to address compliance with EPA and MDEQ operations and regulations. LAN entirely failed to address the hazard of lead associated with the corrosive water flowing through the pipes, at least half of which were made of lead. | See above ¶ 213. | As Veolia concedes, this allegation will likely be cumulative of other evidence presented by Veolia during the trial and should therefore be excluded given the allegation would improperly bolster the weight of the other evidence Veolia has presented.

Alternatively, if such evidence is not presented during the trial, presentation of this allegation is irrelevant and improper in that the jury will not have heard sufficient evidence regarding the witness and cannot rely on the Complaint for evidence not otherwise presented to the jury.

Further, this paragraph contains allegations which are more prejudicial than probative, as it refers to claims not presently before the jury and contains legal conclusions and characterizations which would allow Veolia to avoid submitting substantive evidence to support. |

| Para-graph | Veolia's Designated Allegation | Veolia's Argument for Admission | Plaintiffs' Response |
|---|---|---|---|
| 311 | On January 2, 2015, the City of Flint mailed a notice to its water customers indicating that it was in violation of the Safe Drinking Water Act ("SWDA") due to the presence of trihalomethanes, which was a product of attempting to disinfect the water. It was claimed that the water was safe to drink for most people with healthy immune systems. | See above ¶ 30. | This allegation contains inadmissible hearsay for which no exception exists.<br><br>As Veolia concedes, this allegation will likely be cumulative of other evidence presented by Veolia during the trial and should therefore be excluded given the allegation would improperly bolster the weight of the other evidence Veolia has presented.<br><br>Alternatively, if such evidence is not presented during the trial, presentation of this allegation is irrelevant and improper in that the jury will not have heard sufficient evidence regarding the witness and cannot rely on the Complaint for evidence not otherwise presented to the jury. |
| 312-375 | | | If the Court admits Veolia's designated allegations from the Complaint, Plaintiffs designate. |
| 406 | As discussed herein, the switch to the Flint River as a drinking source followed from the decision of Flint to join the KWA. However, subsequent investigation has revealed that Flint was only able to fund its portion of the KWA because of a fraudulent ACO issued by MDEQ officials and premised on the use of the Flint River as a water source. | See above ¶ 31. | As Veolia concedes, this allegation will likely be cumulative of other evidence presented by Veolia during the trial and should therefore be excluded given the allegation would improperly bolster the weight of the other evidence Veolia has presented. |

| Para-graph | Veolia's Designated Allegation | Veolia's Argument for Admission | Plaintiffs' Response |
|---|---|---|---|
| | | | Alternatively, if such evidence is not presented during the trial, presentation of this allegation is irrelevant and improper in that the jury will not have heard sufficient evidence regarding the witness and cannot rely on the Complaint for evidence not otherwise presented to the jury.<br><br>Further, this paragraph contains allegations which are more prejudicial than probative, as it refers to claims not presently before the jury and contains legal conclusions and characterizations which would allow Veolia to avoid submitting substantive evidence to support. |
| 407 | When Flint and MDEQ initially considered interim sources of water in the event Flint chose to join the KWA, use of the Flint River as a sole water source was rejected. According to notes from a March 20, 2012 meeting between officials from the KWA, City of Flint, and MDEQ, it was recognized that the Flint Water Treatment Plant ("Flint WTP") could not safely treat water from the Flint River. The meeting minutes provide that, "Rehabilitation of the Flint WTP, for daily operation using Flint River water, is not an option." The minutes further explain that, "high bacteria and high carbon concentrations are present in Flint River water and fluctuate depending on rain events." Accordingly, "[t]here was strong opinion expressed that Flint River water is a difficult water to treat due to temperature, flow variability and water quality changes in general!" Participants further noted that use of the Flint River "could require tertiary treatment at both [waste water treatment plant] facilities, if the WTP withdraws too much water, even in the interim period. | See above ¶¶ 30, 31. | This allegation contains inadmissible hearsay for which no exception exists.<br><br>In addition, as Veolia concedes, this allegation will likely be cumulative of other evidence presented by Veolia during the trial and should therefore be excluded given the allegation would improperly bolster the weight of the other evidence Veolia has presented. |

| Para-graph | Veolia's Designated Allegation | Veolia's Argument for Admission | Plaintiffs' Response |
|---|---|---|---|
| | Truly a concern for both the County and City!" | | Alternatively, if such evidence is not presented during the trial, presentation of this allegation is irrelevant and improper in that the jury will not have heard sufficient evidence regarding the witness and cannot rely on the Complaint for evidence not otherwise presented to the jury. |
| 408 | Because of the difficulties presented in treating the Flint River and concerns regarding whether it could supply sufficient yields, the minutes reflect that the participants affirmatively rejected using the Flint River as the primary source of water, instead choosing to explore whether Flint's WTP could adequately treat blended water from Lake Huron and the Flint River or DWSD and Lake Huron. The notes state that it was, "agreed that Flint City would draft a proposal, soon, ON BLENDING, and give to MDEQ for review and approval." | See above ¶¶ 30, 31. | This allegation contains inadmissible hearsay for which no exception exists.

In addition, as Veolia concedes, this allegation will likely be cumulative of other evidence presented by Veolia during the trial and should therefore be excluded given the allegation would improperly bolster the weight of the other evidence Veolia has presented.

Alternatively, if such evidence is not presented during the trial, presentation of this allegation is irrelevant and improper in that the jury will not have heard sufficient evidence regarding the witness and cannot rely on the Complaint for evidence not otherwise presented to the jury.

Further, this paragraph contains allegations which are more prejudicial than probative, as it |

| Para-graph | Veolia's Designated Allegation | Veolia's Argument for Admission | Plaintiffs' Response |
|---|---|---|---|
| | | | refers to claims not presently before the jury and contains legal conclusions and characterizations which would allow Veolia to avoid submitting substantive evidence to support. |
| 409 | Throughout 2012 and into 2013, City and State officials continued to explore the financial advantages of joining the KWA versus negotiating a new contract with DWSD. On January 8, 2013, Eric Kline from the Department of Treasury called Mike Prysby as part of Treasury's investigation into whether it was in Flint's financial interest to stay with DWSD or join the KWA project. According to Prysby's notes from the call, Flint was still only exploring the option of using Flint's WTP for blended water. He wrote, "The city of Flint may elect to utilize their WTP for the blending of treated water from the Flint River with water purchased from DWSD or KWA provided that all applicable drinking water standards are maintained." | See above ¶¶ 30, 31, 32. | This allegation contains inadmissible hearsay for which no exception exists.

In addition, as Veolia concedes, this allegation will likely be cumulative of other evidence presented by Veolia during the trial and should therefore be excluded given the allegation would improperly bolster the weight of the other evidence Veolia has presented.

Alternatively, if such evidence is not presented during the trial, presentation of this allegation is irrelevant and improper in that the jury will not have heard sufficient evidence regarding the witness and cannot rely on the Complaint for evidence not otherwise presented to the jury.

Further, this paragraph contains allegations which are more prejudicial than probative, as it refers to claims not presently before the jury and contains |

| Para-graph | Veolia's Designated Allegation | Veolia's Argument for Admission | Plaintiffs' Response |
|---|---|---|---|
| | | | legal conclusions and characterizations which would allow Veolia to avoid submitting substantive evidence to support. |
| 410 | On March 26, 2013, in preparation for a conference call between MDEQ and the Department of Treasury personnel, Stephen Busch emailed MDEQ Director Dan Wyant, deputy director Jim Sygo, Liane Shekter-Smith, and other MDEQ officials raising concerns about using the Flint River as the City's water source. Specifically, he noted that continuous use of Flint River water to supply the City of Flint would "[p]ose an increased microbial risk to public health[;]" "[p]ose an increased risk of disinfection by-product (carcinogen) exposure[;]" "[t]rigger additional regulatory requirements under the Michigan Safe Drinking Water Act. . . ;" and "[r]equire significant enhancements to treatment at the Flint WTP, beyond those identified in the TYJT report.................."    Busch further explained that using the Flint River would impose substantial costs and upgrades to the Flint Water Treatment Plant due to the need to provide softening, limitations on disposal options for lime sludge, increased ozone capacity, and additional backup power. | See above ¶¶ 30, 31, 32. | This allegation contains inadmissible hearsay for which no exception exists.<br><br>In addition, as Veolia concedes, this allegation will likely be cumulative of other evidence presented by Veolia during the trial and should therefore be excluded given the allegation would improperly bolster the weight of the other evidence Veolia has presented.<br><br>Alternatively, if such evidence is not presented during the trial, presentation of this allegation is irrelevant and improper in that the jury will not have heard sufficient evidence regarding the witness and cannot rely on the Complaint for evidence not otherwise presented to the jury. |
| 411 | During this time, Flint continued to negotiate with DWSD to determine whether participation in the KWA or purchasing water from DWSD provided greater financial benefits for the City in the short and long term. On April 16, 2013, DWSD presented Flint/Genesee County with a proposal that purported to save Flint/Genesee 50% immediately and 20% compared to KWA over the following 30 years. Regardless, Flint rejected DWSD's offer. In response, Dennis Muchmore, Governor Snyder's then chief of | See above ¶¶ 29, 30, 32, 86. | This allegation contains inadmissible hearsay for which no exception exists.<br><br>In addition, as Veolia concedes, this allegation will likely be cumulative of other evidence presented by Veolia during the |

| Para-graph | Veolia's Designated Allegation | Veolia's Argument for Admission | Plaintiffs' Response |
|---|---|---|---|
| | staff asked, "if the last DWSD proposal saves so much money, why are we moving ahead with KWA? I take it that Flint doesn't trust them and is just fed up? Does Kurtz have his head on straight here?" In response, Andy Dillon replied, "That is the $64,000 question. DEQ is firm that KWA is better. Are they an honest broker?" (emphasis added). Unfortunately, that question was soon to be answered in the negative when MDEQ played a key role in helping Flint obtain a fraudulent ACO. | | trial and should therefore be excluded given the allegation would improperly bolster the weight of the other evidence Veolia has presented.<br><br>Alternatively, if such evidence is not presented during the trial, presentation of this allegation is irrelevant and improper in that the jury will not have heard sufficient evidence regarding the witness and cannot rely on the Complaint for evidence not otherwise presented to the jury.<br><br>Further, this paragraph contains allegations which are more prejudicial than probative, as it refers to claims not presently before the jury and contains legal conclusions and characterizations which would allow Veolia to avoid submitting substantive evidence to support. |
| 412 | EM Kurtz ultimately rejected DWSD's final offer, choosing instead to join KWA. Dillon subsequently approved this decision. However, the decision to participate in KWA raised a key question: how would Flint, pay for such a substantial financial undertaking? Flint's share of the $220.5 million project was 34.2%--more than $70 million. | See above ¶¶ 32, 86. | As Veolia concedes, this allegation will likely be cumulative of other evidence presented by Veolia during the trial and should therefore be excluded given the allegation would improperly bolster the weight of the other evidence Veolia has presented. |

| Para-graph | Veolia's Designated Allegation | Veolia's Argument for Admission | Plaintiffs' Response |
|---|---|---|---|
| | | | Alternatively, if such evidence is not presented during the trial, presentation of this allegation is irrelevant and improper in that the jury will not have heard sufficient evidence regarding the witness and cannot rely on the Complaint for evidence not otherwise presented to the jury.

Further, this paragraph contains allegations which are more prejudicial than probative, as it refers to claims not presently before the jury and contains legal conclusions and characterizations which would allow Veolia to avoid submitting substantive evidence to support. |
| 414 | On December 19, 2013 Nicole Zacharda of MDEQ's Water Resource Division emailed several other MDEQ employees including Liane Shekter-Smith and Stephen Busch. She wrote that she had recently, "received a call form Mike Robinson (he'd initially contacted Barry) seeking what [she'd] characterize as a | See above ¶ 31. | This allegation contains inadmissible hearsay for which no exception exists.

In addition, as Veolia concedes, this allegation will likely be cumulative of other evidence presented by Veolia during the trial and should therefore be excluded given the allegation would improperly bolster the weight of the other evidence Veolia has presented.

Alternatively, if such evidence is not presented during the trial, |

| Para-graph | Veolia's Designated Allegation | Veolia's Argument for Admission | Plaintiffs' Response |
|---|---|---|---|
| | | | presentation of this allegation is irrelevant and improper in that the jury will not have heard sufficient evidence regarding the witness and cannot rely on the Complaint for evidence not otherwise presented to the jury. |
| 415 | 'sweetheart' ACO intended to ease the City's ability to access bond funding for their possible new water intake from Lake Huron. As a trade of sorts, Mike was suggesting that his client would resolve Part 31 issues at their water treatment residual lagoon. I told Mike that while I understood the Part 31 angle, this really seems like a Drinking Water program lead." Mike Robison was a lawyer for Warner Norcross who handled environmental issues for the City of Flint. | See above ¶ 31. | This allegation contains inadmissible hearsay for which no exception exists.<br><br>In addition, as Veolia concedes, this allegation will likely be cumulative of other evidence presented by Veolia during the trial and should therefore be excluded given the allegation would improperly bolster the weight of the other evidence Veolia has presented.<br><br>Alternatively, if such evidence is not presented during the trial, presentation of this allegation is irrelevant and improper in that the jury will not have heard sufficient evidence regarding the witness and cannot rely on the Complaint for evidence not otherwise presented to the jury. |
| 416 | Ms. Zachardo then wrote, "Having met with Steve Busch [of the DEQ drinking water section] and others ... my suspicions have been confirmed and this really does not strike me as our issue in the WRD (Water Resources Division)." She continued, "[p]rovided that you & Liane concur, my recommendation at this point is that I check back in with Mike Robinson and suggest that | See above ¶ 31. | This allegation contains inadmissible hearsay for which no exception exists.<br><br>In addition, as Veolia concedes, this allegation will likely be |

| Para-graph | Veolia's Designated Allegation | Veolia's Argument for Admission | Plaintiffs' Response |
|---|---|---|---|
| | he work through Steve and his staff….." | | cumulative of other evidence presented by Veolia during the trial and should therefore be excluded given the allegation would improperly bolster the weight of the other evidence Veolia has presented.<br><br>Alternatively, if such evidence is not presented during the trial, presentation of this allegation is irrelevant and improper in that the jury will not have heard sufficient evidence regarding the witness and cannot rely on the Complaint for evidence not otherwise presented to the jury. |
| 417 | Liane Shekter-Smith's initial reaction was hesitant, stating that she, "need[ed] more information" because her division did not "have an enforcement action" with the City. She then stated she would, "need to speak to Stephen Busch to understand what the 'ask' is ......." Indeed, it is believed that Shekter-Smith's initial hesitancy regarding the inappropriateness of this request was shared by others. | See above ¶ 31. | This allegation contains inadmissible hearsay for which no exception exists.<br><br>In addition, as Veolia concedes, this allegation will likely be cumulative of other evidence presented by Veolia during the trial and should therefore be excluded given the allegation would improperly bolster the weight of the other evidence Veolia has presented.<br><br>Alternatively, if such evidence is not presented during the trial, presentation of this allegation is irrelevant and improper in that the jury will not have heard |

| Para-graph | Veolia's Designated Allegation | Veolia's Argument for Admission | Plaintiffs' Response |
|---|---|---|---|
| | | | sufficient evidence regarding the witness and cannot rely on the Complaint for evidence not otherwise presented to the jury.<br><br>Further, this paragraph contains allegations which are more prejudicial than probative, as it refers to claims not presently before the jury and contains legal conclusions and characterizations which would allow Veolia to avoid submitting substantive evidence to support. |
| 418 | MDEQ's hesitancy was short-lived, however, and they soon became an active participant in helping push through the bogus ACO. On February 10, 2014, Michael Robinson, an attorney assisting the City of Flint with environmental, emailed Stephen Busch dictating the language that the City's bond counsel required in the consent order so that the City could move forward with obtaining bonds to pursue the KWA. That language stated, "The respondent plans to use the Flint River as its temporary source of untreated water supply until KWA water is available. The respondent must undertake the KWA public improvement project or undertake other public improvement projects to continue to use the Flint River, such as additional water treatment plant improvements, source water protection public improvements and public improvements to obtain back-up water supply, in order to comply with Act 399." | See above ¶ 31. | This allegation contains inadmissible hearsay for which no exception exists.<br><br>In addition, as Veolia concedes, this allegation will likely be cumulative of other evidence presented by Veolia during the trial and should therefore be excluded given the allegation would improperly bolster the weight of the other evidence Veolia has presented.<br><br>Alternatively, if such evidence is not presented during the trial, presentation of this allegation is irrelevant and improper in that the jury will not have heard sufficient evidence regarding the witness and cannot rely on |

| Para-graph | Veolia's Designated Allegation | Veolia's Argument for Admission | Plaintiffs' Response |
|---|---|---|---|
| | | | the Complaint for evidence not otherwise presented to the jury.<br><br>Further, this paragraph contains allegations which are more prejudicial than probative, as it refers to claims not presently before the jury and contains legal conclusions and characterizations which would allow Veolia to avoid submitting substantive evidence to support. |
| 419 | On February 14, 2014, Busch responded that, "[t]he language you provided in relation to the bond counsel's needs appears to be acceptable and should be added to the final version." Eight days later, on February 18, 2014, Stephen Busch emailed Richard Brim, John Craig, and Jim Arduin—all of the MDEQ— asking them to insert the exact language in the ACO that Mr. Robinson had said the City's bond counsel required. | See above ¶ 31. | This allegation contains inadmissible hearsay for which no exception exists.<br><br>In addition, as Veolia concedes, this allegation will likely be cumulative of other evidence presented by Veolia during the trial and should therefore be excluded given the allegation would improperly bolster the weight of the other evidence Veolia has presented.<br><br>Alternatively, if such evidence is not presented during the trial, presentation of this allegation is irrelevant and improper in that the jury will not have heard sufficient evidence regarding the witness and cannot rely on the Complaint for evidence not otherwise presented to the jury. |

| Para-graph | Veolia's Designated Allegation | Veolia's Argument for Admission | Plaintiffs' Response |
|---|---|---|---|
| 420 | When the process slowed, KWA's bond attorney, David Massaron, emailed to Flint-finance director Gerald Ambrose and EM Early to emphasize the urgency of obtaining the ACO. He explained that KWA was ready to proceed with a $220-million bond issue so it could continue pipeline construction. "However, we cannot take that step until the DEQ Administrative Consent Order . . . is effective," Massaron wrote, and "the City needs the ACO in place by the end of this week. ...... In order to ensure that the entire project can be financed and that the City will have some debt capacity in the future, the ACO is a condition precedent to proceeding " Unless the MDEQ and City moved quickly to get the ACO, Massaron continued, "the KWA will have expended its initial resources and be forced to stop construction and the project will be delayed for at least one construction cycle." | See above ¶¶ 31, 41. | This allegation contains inadmissible hearsay for which no exception exists.<br><br>In addition, as Veolia concedes, this allegation will likely be cumulative of other evidence presented by Veolia during the trial and should therefore be excluded given the allegation would improperly bolster the weight of the other evidence Veolia has presented.<br><br>Alternatively, if such evidence is not presented during the trial, presentation of this allegation is irrelevant and improper in that the jury will not have heard sufficient evidence regarding the witness and cannot rely on the Complaint for evidence not otherwise presented to the jury.<br><br>Further, this paragraph contains allegations which are more prejudicial than probative, as it refers to claims not presently before the jury and contains legal conclusions and characterizations which would allow Veolia to avoid submitting substantive evidence to support. |

| Para-graph | Veolia's Designated Allegation | Veolia's Argument for Admission | Plaintiffs' Response |
|---|---|---|---|
| 421 | Not wanting to risk KWA's ability to push forward with the bond offering on its desired schedule, officials from the department of Treasury intervened to ensure MDEQ's cooperation. On March 18, 2014, Gerald Ambrose forwarded Massaron's email to Wayne Workman of the Department of Treasury, and stated the following: "We greatly appreciate the call made after our last meeting to [M]DEQ by Eric Cline regarding the pending ACO. It has moved along, but still in process. Any additional assistance you an [sic] give would be greatly appreciated." | See above ¶¶ 31, 32, 43. | This allegation contains inadmissible hearsay for which no exception exists.

In addition, as Veolia concedes, this allegation will likely be cumulative of other evidence presented by Veolia during the trial and should therefore be excluded given the allegation would improperly bolster the weight of the other evidence Veolia has presented.

Alternatively, if such evidence is not presented during the trial, presentation of this allegation is irrelevant and improper in that the jury will not have heard sufficient evidence regarding the witness and cannot rely on the Complaint for evidence not otherwise presented to the jury.

Further, this paragraph contains allegations which are more prejudicial than probative, as it refers to claims not presently before the jury and contains legal conclusions and characterizations which would allow Veolia to avoid submitting substantive evidence to support. |
| 422 | MDEQ received the message and quickly finalized efforts to push the ACO through. The ACO was executed on March 20, 2014. | See above ¶ 31. | As Veolia concedes, this allegation will likely be |

| Para-graph | Veolia's Designated Allegation | Veolia's Argument for Admission | Plaintiffs' Response |
|---|---|---|---|
| | Pursuant to the aforementioned ACO, the City of Flint was bound to the use of the Flint River as its interim water source. After obtaining the ACO, Flint entered a Bond Purchase Agreement allowing it to borrow funds despite being in receivership so that the KWA could move on to the next phase of construction. Unfortunately, the Flint Water Treatment Plant was nowhere near ready to begin distributing water. | | cumulative of other evidence presented by Veolia during the trial and should therefore be excluded given the allegation would improperly bolster the weight of the other evidence Veolia has presented.

Alternatively, if such evidence is not presented during the trial, presentation of this allegation is irrelevant and improper in that the jury will not have heard sufficient evidence regarding the witness and cannot rely on the Complaint for evidence not otherwise presented to the jury.

Further, this paragraph contains allegations which are more prejudicial than probative, as it refers to claims not presently before the jury and contains legal conclusions and characterizations which would allow Veolia to avoid submitting substantive evidence to support. |
| 423 | With the ACO executed, KWA moved forward with the bond issuance and City and MDEQ officials were left to fulfill the requirements of the ACO: namely obtaining a permit to upgrade the Flint Water Treatment Plant such that it would treat and distribute Flint River water. | See above ¶¶ 30, 31. | As Veolia concedes, this allegation will likely be cumulative of other evidence presented by Veolia during the trial and should therefore be excluded given the allegation would improperly bolster the |

| Para-graph | Veolia's Designated Allegation | Veolia's Argument for Admission | Plaintiffs' Response |
|---|---|---|---|
| | | | weight of the other evidence Veolia has presented.

Alternatively, if such evidence is not presented during the trial, presentation of this allegation is irrelevant and improper in that the jury will not have heard sufficient evidence regarding the witness and cannot rely on the Complaint for evidence not otherwise presented to the jury.

Further, this paragraph contains allegations which are more prejudicial than probative, as it refers to claims not presently before the jury and contains legal conclusions and characterizations which would allow Veolia to avoid submitting substantive evidence to support. |
| 426 | As of March 28, 2014, three weeks before the City planned to start using the Flint River as its primary water source, the City had not even submitted an application to the State for approval to make the change. Stephen Busch is quoted in the article as stating, "[i]n regards to the actual application, we haven't received one. . . . We've received preliminary design plans and preliminary specifications and we've commented on those. They may be waiting until they have the comments worked out before they submit the application." | See above ¶¶ 30, 31. | This allegation contains inadmissible hearsay for which no exception exists.

In addition, as Veolia concedes, this allegation will likely be cumulative of other evidence presented by Veolia during the trial and should therefore be excluded given the allegation would improperly bolster the weight of the other evidence Veolia has presented. |

| Para-graph | Veolia's Designated Allegation | Veolia's Argument for Admission | Plaintiffs' Response |
|---|---|---|---|
| | | | Alternatively, if such evidence is not presented during the trial, presentation of this allegation is irrelevant and improper in that the jury will not have heard sufficient evidence regarding the witness and cannot rely on the Complaint for evidence not otherwise presented to the jury. |
| 427 | According to an article in Michigan Live, Busch explained that, "If the state hasn't approved Flint's use of river water by April 18, Busch said, the city would just continue to buy water from Detroit on a non-contract price until Flint has state [sic] OK to begin using the river." The article also stated, "[Howard] Croft said there will be a series of public forums where residents can ask questions about the city's water transition, what that will mean for rates and others." | See above ¶¶ 30, 31, 46. | This allegation contains inadmissible hearsay for which no exception exists.

In addition, as Veolia concedes, this allegation will likely be cumulative of other evidence presented by Veolia during the trial and should therefore be excluded given the allegation would improperly bolster the weight of the other evidence Veolia has presented.

Alternatively, if such evidence is not presented during the trial, presentation of this allegation is irrelevant and improper in that the jury will not have heard sufficient evidence regarding the witness and cannot rely on the Complaint for evidence not otherwise presented to the jury. |
| 429 | On April 9, 2014—just nine days after the application was submitted – the MDEQ issued the permit. It was signed by Defendant Cook who | See above ¶ 31. | This allegation contains inadmissible hearsay for which no exception exists. |

| Para-graph | Veolia's Designated Allegation | Veolia's Argument for Admission | Plaintiffs' Response |
|---|---|---|---|
| | writes in the line designated, "Reviewed by," "Patrick Cook for MFP for Mike Prysby." | | In addition, as Veolia concedes, this allegation will likely be cumulative of other evidence presented by Veolia during the trial and should therefore be excluded given the allegation would improperly bolster the weight of the other evidence Veolia has presented.

Alternatively, if such evidence is not presented during the trial, presentation of this allegation is irrelevant and improper in that the jury will not have heard sufficient evidence regarding the witness and cannot rely on the Complaint for evidence not otherwise presented to the jury. |
| | | | If the Court admits Veolia's designated allegations from the Complaint, Plaintiffs designate. |
| 433 | The April 9, 2014 FWTP permit was a construction permit that provided for the construction of several different plant components. Many water treatment components are not "off the shelf" and instead must be manufactured specifically for the plant they're intended for. Given the scope of work described in the April 9, 2014 FWTP permit, completion of the identified projects would likely have taken at least 60 days. Regardless, the FWTP began distributing water just 16 days later. | See above ¶¶ 30, 31, 46. | As Veolia concedes, this allegation will likely be cumulative of other evidence presented by Veolia during the trial and should therefore be excluded given the allegation would improperly bolster the weight of the other evidence Veolia has presented.

Alternatively, if such evidence is not presented during the trial, presentation of this allegation is |

| Para-graph | Veolia's Designated Allegation | Veolia's Argument for Admission | Plaintiffs' Response |
|---|---|---|---|
| | | | irrelevant and improper in that the jury will not have heard sufficient evidence regarding the witness and cannot rely on the Complaint for evidence not otherwise presented to the jury.<br><br>Further, this paragraph contains allegations which are more prejudicial than probative, as it refers to claims not presently before the jury and contains legal conclusions and characterizations which would allow Veolia to avoid submitting substantive evidence to support. |
| 434 | As discussed in more detail herein MDEQ officials failed to correctly apply LCR sampling protocols as well as the LCR's rule requiring optimized corrosion control. | See above ¶ 31. | As Veolia concedes, this allegation will likely be cumulative of other evidence presented by Veolia during the trial and should therefore be excluded given the allegation would improperly bolster the weight of the other evidence Veolia has presented.<br><br>Alternatively, if such evidence is not presented during the trial, presentation of this allegation is irrelevant and improper in that the jury will not have heard sufficient evidence regarding the witness and cannot rely on the Complaint for evidence not otherwise presented to the jury. |

| Para-graph | Veolia's Designated Allegation | Veolia's Argument for Admission | Plaintiffs' Response |
|---|---|---|---|
| | | | Further, this paragraph contains allegations which are more prejudicial than probative, as it refers to claims not presently before the jury and contains legal conclusions and characterizations which would allow Veolia to avoid submitting substantive evidence to support. It also contains statements which require scientific or technical expertise. |
| 435 | MDEQ subsequently claimed to have "misinterpreted" the Safe Drinking Water Act's requirements that water systems such as Flint's include optimized corrosion control. But documents from MDEQ's files belie their lack of knowledge. Specifically, on April 21, 2004 then-director of the MDEQ Steven Chester wrote the U.S. EPA regarding MDEQ's obligations under the Lead and Copper Rule (LCR) pertaining to schools and day care facilities. In that letter, he specifically acknowledged that in "schools and day care centers connected to CPWS [community public water systems] serving more than 50,000 residents" those "water systems have had to demonstrate and maintain optimal corrosion control." Jim Sygo, then Deputy Director of MDEQ, was copied on the letter and continued to work at MDEQ throughout the Flint Water Crisis. | See above ¶ 31. | This allegation contains inadmissible hearsay for which no exception exists.

In addition, as Veolia concedes, this allegation will likely be cumulative of other evidence presented by Veolia during the trial and should therefore be excluded given the allegation would improperly bolster the weight of the other evidence Veolia has presented.

Alternatively, if such evidence is not presented during the trial, presentation of this allegation is irrelevant and improper in that the jury will not have heard sufficient evidence regarding the witness and cannot rely on |

| Para-graph | Veolia's Designated Allegation | Veolia's Argument for Admission | Plaintiffs' Response |
|---|---|---|---|
| | | | the Complaint for evidence not otherwise presented to the jury.

Further, this paragraph contains allegations which are more prejudicial than probative, as it refers to claims not presently before the jury and contains legal conclusions and characterizations which would allow Veolia to avoid submitting substantive evidence to support. |
| 436 | There is also evidence that disputes MDEQ's claim that it lacked knowledge that samples taken to assess compliance with the LCR should be done after flushing. As early has 1990, MDEQ documentation states, "Samples should be taken from cold water fixtures only. The fixture must not have received prior use the day of sampling. Capture the first flow out of the fixture and fill the sample container." (handwritten underlining in the original; this paragraph is also surrounded by two handwritten stars). | See above ¶ 31. | This allegation contains inadmissible hearsay for which no exception exists.

In addition, as Veolia concedes, this allegation will likely be cumulative of other evidence presented by Veolia during the trial and should therefore be excluded given the allegation would improperly bolster the weight of the other evidence Veolia has presented.

Alternatively, if such evidence is not presented during the trial, presentation of this allegation is irrelevant and improper in that the jury will not have heard sufficient evidence regarding the witness and cannot rely on |

| Para-graph | Veolia's Designated Allegation | Veolia's Argument for Admission | Plaintiffs' Response |
|---|---|---|---|
| | | | the Complaint for evidence not otherwise presented to the jury.<br><br>Further, this paragraph contains allegations which are more prejudicial than probative, as it refers to claims not presently before the jury and contains legal conclusions and characterizations which would allow Veolia to avoid submitting substantive evidence to support. |
| | | | If the Court admits Veolia's designated allegations from the Complaint, Plaintiffs designate. |
| 438 | Defendant Prysby admitted in an email to Stephen Busch and Adam Rosenthal dated August 19, 2014 that the press release issued by the City accompanying the advisory falsely attributed the reason for the boil water advisory to an "abnormal test." Specifically, he wrote, "the statement defers to an 'abnormal test' due to sampling error over the most recent 48 hours as the trigger for the BWA. This is false as the BWA was in effect for over 72 hours at the time of the press release and was issued because of the fecal coliform result and the number of total coliform results obtained from the affected area between the 12th and the 14th. Also, while sampling error could be possible…other potential causes (LOP, mainbreak, Xconn, improper connects, etc.) should have been discussed in the press release." | See above ¶ 31. | This allegation contains inadmissible hearsay for which no exception exists.<br><br>In addition, as Veolia concedes, this allegation will likely be cumulative of other evidence presented by Veolia during the trial and should therefore be excluded given the allegation would improperly bolster the weight of the other evidence Veolia has presented.<br><br>Alternatively, if such evidence is not presented during the trial, presentation of this allegation is irrelevant and improper in that the jury will not have heard |

| Para-graph | Veolia's Designated Allegation | Veolia's Argument for Admission | Plaintiffs' Response |
|---|---|---|---|
| | | | sufficient evidence regarding the witness and cannot rely on the Complaint for evidence not otherwise presented to the jury. Further, this paragraph contains allegations which are more prejudicial than probative, as it refers to claims not presently before the jury and contains legal conclusions and characterizations which would allow Veolia to avoid submitting substantive evidence to support. |
| 439 | Additionally, on March 10, 2015, James Henry of the Genesee County Health Department wrote Howard Croft, Mike Prysby, Jerry Ambrose, Mayor Walling, and other city and other officials from GCHD regarding the "significant increase of confirmed Legionella illnesses relative to previous years" and explaining that, "Legionella can be a deadly, waterborne disease that typically affects the respiratory system." He expressly noted that, "[t]he increase of the illnesses closely corresponds with the timeframe of the switch to Flint River water. The majority of the cases reside or have an association with the City. Also, McLaren Hospital identified and mitigated Legionella in their water system. This is rather glaring information and it needs to be looked into now .............................." Importantly, he noted that, "In the past, I have requested to meet with the water plant staff and MDEQ regarding Legionella concerns. I did not receive a response from the water plant staff and MDEQ declined." | See above ¶¶ 31, 43, 44. | This allegation contains inadmissible hearsay for which no exception exists. In addition, as Veolia concedes, this allegation will likely be cumulative of other evidence presented by Veolia during the trial and should therefore be excluded given the allegation would improperly bolster the weight of the other evidence Veolia has presented. Alternatively, if such evidence is not presented during the trial, presentation of this allegation is irrelevant and improper in that the jury will not have heard sufficient evidence regarding |

| Para-graph | Veolia's Designated Allegation | Veolia's Argument for Admission | Plaintiffs' Response |
|---|---|---|---|
| | | | the witness and cannot rely on the Complaint for evidence not otherwise presented to the jury. |
| 440 | In response, Stephen Busch acknowledged that, "the change in [water] source may have created water quality conditions that could provide additional organic nutrient source to support legionella growth," but deflects blame, explaining that, "there is no evidence or confirmation of legionella coming directly from the Water Treatment Plant or in the community water supply distribution system at this he made no efforts to actually investigate that issue. In this way, MDEQ deviated from its response to other assertions of unsafe environmental conditions. | See above ¶ 31. | This allegation contains inadmissible hearsay for which no exception exists.

In addition, as Veolia concedes, this allegation will likely be cumulative of other evidence presented by Veolia during the trial and should therefore be excluded given the allegation would improperly bolster the weight of the other evidence Veolia has presented.

Alternatively, if such evidence is not presented during the trial, presentation of this allegation is irrelevant and improper in that the jury will not have heard sufficient evidence regarding the witness and cannot rely on the Complaint for evidence not otherwise presented to the jury.

Further, this paragraph contains allegations which are more prejudicial than probative, as it refers to claims not presently before the jury and contains legal conclusions and characterizations which would allow Veolia to avoid |

| Para-graph | Veolia's Designated Allegation | Veolia's Argument for Admission | Plaintiffs' Response |
|---|---|---|---|
| | | | submitting substantive evidence to support. |
| 453 | Governor Snyder's response to the public health crisis in Flint unnecessarily prolonged the crisis, depriving Flint of key state resources that could have hastened efforts to provide Flint with safe water. | See above ¶ 29. | This paragraph contains allegations which are more prejudicial than probative, as it refers to claims not presently before the jury and contains legal conclusions and characterizations which would allow Veolia to avoid submitting substantive evidence to support. |
| 454 | While the sheer number of individuals in Governor Snyder's administration with knowledge of the lead levels in Flint suggests that the Governor became aware of this crisis far earlier than he has admitted, by his own admission he learned "On October 1st, 2015 . . . that our state experts were wrong. Flint's water had dangerous levels of lead. On that day, I took immediate action. First, we quickly reconnected to the Detroit water supply to begin sealing the damages pipes. Second, I ordered the immediate distribution of water filters and extensive blood level testing in schools and homes to identify those at the highest risk so they received healthcare, nutrition and additional support." | See above ¶ 29. | This allegation contains inadmissible hearsay for which no exception exists.<br><br>In addition, as Veolia concedes, this allegation will likely be cumulative of other evidence presented by Veolia during the trial and should therefore be excluded given the allegation would improperly bolster the weight of the other evidence Veolia has presented.<br><br>Alternatively, if such evidence is not presented during the trial, presentation of this allegation is irrelevant and improper in that the jury will not have heard sufficient evidence regarding the witness and cannot rely on the Complaint for evidence not otherwise presented to the jury. |

| Para-graph | Veolia's Designated Allegation | Veolia's Argument for Admission | Plaintiffs' Response |
|---|---|---|---|
| | | | Further, this paragraph contains allegations which are more prejudicial than probative, as it refers to claims not presently before the jury and contains legal conclusions and characterizations which would allow Veolia to avoid submitting substantive evidence to support. |
| 455 | Thus, even if Governor Snyder is to be believed that he did not learn about the heightened lead levels until October 15, 2015, he still waited *months* to impose a State of Emergency in Flint – a declaration that would provide key resources to the residents of Flint. | See above ¶ 29. | This paragraph contains allegations which are more prejudicial than probative, as it refers to claims not presently before the jury and contains legal conclusions and characterizations which would allow Veolia to avoid submitting substantive evidence to support. |
| 458 | In contrast, the State of Michigan affirmatively lied to Flint residents for *months,* denying and dismissing their fears regarding the water quality. Indeed, even after the Governor's office acknowledged that Flint's water was dangerous, their talking points contained several knowing lies including:<br><br>• The falsely state that Flint used lime as a corrosion control and that "Flint was within federal protocols when it chose to use lime, and this is consistent with what every other community was required to do." In truth, MDEQ and other State officials were aware by this point that Flint's lack of optimized corrosion control was in violation of federal and state law. Indeed the very talking points that suggest that lime softening is sufficient includes the statement that, "[o]perators of large systems are required to implement corrosion control measures, and Flint is doing that on a very abbreviated schedule" – a clear recognition that (a) corrosion | See above ¶¶ 29, 86. | This allegation contains inadmissible hearsay for which no exception exists.<br><br>In addition, as Veolia concedes, this allegation will likely be cumulative of other evidence presented by Veolia during the trial and should therefore be excluded given the allegation would improperly bolster the weight of the other evidence Veolia has presented.<br><br>Alternatively, if such evidence is not presented during the trial, |

| Para-graph | Veolia's Designated Allegation | Veolia's Argument for Admission | Plaintiffs' Response |
|---|---|---|---|
|  | control was necessary and (b) Flint did not have corrosion control measures at the time.<br><br>• The talking points continued to falsely assert that Flint, "system [was] in compliance with federal lead and copper rules, based on testing."<br><br>• The talking points misleadingly assert that, "[t]he state was opposed to Flint leaving DWSD – not because of concerns about water quality, but because at the time the city was working through its bankruptcy and the state felt the move would incur more expenses for both cities. Flint made the case it could save money in the period that KWA was constructing its pipe, and the state leaders – including the Emergency Financial Manager – eventually granted the city its request." In truth, Emergency Manager Kurtz advocated for joining the KWA which State officials, including Defendant Dillon, affirmatively signed off on. |  | presentation of this allegation is irrelevant and improper in that the jury will not have heard sufficient evidence regarding the witness and cannot rely on the Complaint for evidence not otherwise presented to the jury.<br><br>Further, this paragraph contains allegations which are more prejudicial than probative, as it refers to claims not presently before the jury and contains legal conclusions and characterizations which would allow Veolia to avoid submitting substantive evidence to support. |
| 468 | Instead of using State resources to provide Flint safe drinking water, Mr. Muchmore instead urged senior treasury officials, "[w]e need to up our comms efforts in Flint area. How would we ever afford this now?" In response, Harvey Hollins suggested that the City use its scant resources not to investigate the safety of the drinking water or provide bottled water to the people of Flint, but rather to hire "a good firm for several months to help weather this." | See above ¶ 29. | This allegation contains inadmissible hearsay for which no exception exists.<br><br>In addition, as Veolia concedes, this allegation will likely be cumulative of other evidence presented by Veolia during the trial and should therefore be excluded given the allegation would improperly bolster the weight of the other evidence Veolia has presented.<br><br>Alternatively, if such evidence is not presented during the trial, presentation of this allegation is irrelevant and improper in that |

| Para-graph | Veolia's Designated Allegation | Veolia's Argument for Admission | Plaintiffs' Response |
|---|---|---|---|
| | | | the jury will not have heard sufficient evidence regarding the witness and cannot rely on the Complaint for evidence not otherwise presented to the jury.<br><br>Further, this paragraph contains allegations which are more prejudicial than probative, as it refers to claims not presently before the jury and contains legal conclusions and characterizations which would allow Veolia to avoid submitting substantive evidence to support. |
| 469 | Meanwhile, MDEQ employees were actively and knowingly concealing the extent of the problem. In response to an email from EPA Program Manager Jennifer Crooks on May 7, 2015 reiterating serious concerns regarding lead poisoning in Flint, Mike Prysby wrote to Adam Rosenthal, "[j]ust a heads up ....... EPA Region V is really delving into the Flint lead issue.....only thing is… there isn't an issue  yet[.]" | See above ¶ 31. | This allegation contains inadmissible hearsay for which no exception exists.<br><br>In addition, as Veolia concedes, this allegation will likely be cumulative of other evidence presented by Veolia during the trial and should therefore be excluded given the allegation would improperly bolster the weight of the other evidence Veolia has presented.<br><br>Alternatively, if such evidence is not presented during the trial, presentation of this allegation is irrelevant and improper in that the jury will not have heard sufficient  evidence  regarding |

| Para-graph | Veolia's Designated Allegation | Veolia's Argument for Admission | Plaintiffs' Response |
|---|---|---|---|
| | | | the witness and cannot rely on the Complaint for evidence not otherwise presented to the jury. |
| | | | Further, this paragraph contains allegations which are more prejudicial than probative, as it refers to claims not presently before the jury and contains legal conclusions and characterizations which would allow Veolia to avoid submitting substantive evidence to support. |
| 470 | On July 22, 2015, Dennis Muchmore wrote Dan Wyant of the MDEQ, "I'm frustrated by the water issue in Flint. I really don't think people are getting the benefit of the doubt. Now they are concerned and rightfully so about the lead level studies they are receiving from the DEQ samples. ......These folks are scared and worried about the health impacts and they are basically getting blown off by us (as a state, we're just not sympathizing with their plight)." That same day, it appears that Flint's water system and shift to the KWA was placed on the Governor's calendar for a meeting with senior staff. | See above ¶¶ 29, 31. | This allegation contains inadmissible hearsay for which no exception exists. In addition, as Veolia concedes, this allegation will likely be cumulative of other evidence presented by Veolia during the trial and should therefore be excluded given the allegation would improperly bolster the weight of the other evidence Veolia has presented. Alternatively, if such evidence is not presented during the trial, presentation of this allegation is irrelevant and improper in that the jury will not have heard sufficient evidence regarding the witness and cannot rely on |

| Para-graph | Veolia's Designated Allegation | Veolia's Argument for Admission | Plaintiffs' Response |
|---|---|---|---|
| | | | the Complaint for evidence not otherwise presented to the jury. |
| 471 | In response, Defendant Wyant forwarded the message to Brad Wurfel and several other MDEQ employees. Wurfel's response demonstrates a total lack of concern for the people of Flint. First, he suggested that those citizens with lead poisoning deserve what they got because, "[w]e aren't talking about lead in the water supply here. We are talking about people with lead in their premise plumbing ....... " He then continued, "[w]hat of the folks who test high? The city contacts them to let them know they have elevated levels and should get a plumber to check and replace their lead transmission hardware." He ended his rant by attacking one of the entities that tried to bring this tragedy to light, stating, "[t]he ACLU's fear campaign on this issue is an embarrassment." | See above ¶ 31. | This allegation contains inadmissible hearsay for which no exception exists.

In addition, as Veolia concedes, this allegation will likely be cumulative of other evidence presented by Veolia during the trial and should therefore be excluded given the allegation would improperly bolster the weight of the other evidence Veolia has presented.

Alternatively, if such evidence is not presented during the trial, presentation of this allegation is irrelevant and improper in that the jury will not have heard sufficient evidence regarding the witness and cannot rely on the Complaint for evidence not otherwise presented to the jury.

Further, this paragraph contains allegations which are more prejudicial than probative, as it refers to claims not presently before the jury and contains legal conclusions and characterizations which would allow Veolia to avoid submitting substantive evidence to support. |

| Para-graph | Veolia's Designated Allegation | Veolia's Argument for Admission | Plaintiffs' Response |
|---|---|---|---|
| 472 | Eventually, MDEQ did respond to Muchmore's request for information, falsely stating that, "[b]y the tenants of the federal statute, the city is in compliance for lead and copper" but admitting as early as July 24, 2015 that, "they have not optimized their water treatment (for the most part, this means adding phosphates to minimize the degree that the water Ph mobilizes lead and copper in people's home plumbing)." Mr. Muchmore also emailed Wayne Workman of treasury, acknowledging that, "The people there [in Flint] just seem to be getting a raw deal from the city particularly in terms of the information they are getting." | See above ¶¶ 29, 31, 32. | This allegation contains inadmissible hearsay for which no exception exists.<br><br>In addition, as Veolia concedes, this allegation will likely be cumulative of other evidence presented by Veolia during the trial and should therefore be excluded given the allegation would improperly bolster the weight of the other evidence Veolia has presented.<br><br>Alternatively, if such evidence is not presented during the trial, presentation of this allegation is irrelevant and improper in that the jury will not have heard sufficient evidence regarding the witness and cannot rely on the Complaint for evidence not otherwise presented to the jury. |