# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

*In re* Flint Water Cases  
5:16-cv-10444/17-cv-10164

Hon. Judith E. Levy  
United States District Judge

_____/

This Motion Relates to:

*Bellwether III Cases*

_____/

## BELLWETHER III PLAINTIFFS' RESPONSE TO THE VEOLIA DEFENDANTS' MOTION TO EXCLUDE ALL TESTIMONY AND DOCUMENTS RELATING TO PUBLIC RELATIONS EFFORTS

**TABLE OF CONTENTS**

INTRODUCTION ..........................................................................................1

BACKGROUND ..........................................................................................1

LEGAL STANDARD ..................................................................................2

ARGUMENT ................................................................................................3

    I.   VEOLIA'S MOTION IS IMPERMISSIBLY VAGUE AND OVERBROAD AND SHOULD BE DENIED ON THOSE GROUNDS ......................................3

    II.  VEOLIA'S CONCLUSORY ARGUMENTS DO NOT MEET THEIR BURDEN TO SHOW THAT THE BROAD CATEGORIES OF EVIDENCE THEY SEEK TO EXCLUDE WOULD BE CLEARLY INADMISSIBLE ON ALL POTENTIAL GROUNDS ..............................................................6

    III.  THE EVIDENCE AT ISSUE IS MORE PROBATIVE THAN PREJUDICIAL AND WOULD NOT MISLEAD THE JURY OR WASTE TIME 12

CONCLUSION ........................................................................................14

## INTRODUCTION

Veolia North America, LLC, Veolia North America, Inc., and Veolia Water North America Operating Services, LLC (collectively "Veolia") seek to exclude "all testimony and documents relating to public-relations efforts." ECF No.[1] 3044 ("Veolia Mot.").[2] Veolia's motion should be denied because it is improperly overbroad and seeks enforcement of a wholesale rule that would exclude relevant evidence. Moreover, because the motion seeks to exclude an amorphous and unlimited group of documents, their admissibility is most certainly best suited for admissibility analyses by the Court within the context of trial at the time Plaintiffs seek their admission.

## BACKGROUND

Initially, Veolia falsely contends that any and all public relations documents were acquired as a result of discovery relating to issues of jury tampering and improper attacks on Plaintiffs' counsel.[3] First, it goes without saying that the underlying purpose for serving any particular discovery request has absolutely no bearing on whether the evidence produced as a result thereof is relevant or should

---

[1] Unless otherwise noted, ECF citations refer to Case No. 16-cv-10444.
[2] Case No. 16-cv-10444, ECF No. 3044 (Veolia's Motion to Exclude Testimony and Documents Relating to Public-Relations Efforts).
[3] Although some of the evidence at issue was produced as a result of those inquiries——*e.g.,* Google ad information and investigation into activities related to the Stern truck——not all of the evidence Veolia seeks to exclude is of that kind.

1

be excluded *in limine*. Second, in framing the argument foundationally by claiming that all "public-relations" documents are related to these two issues/inquiries, Veolia purposefully attempts to mislead the Court. Indeed, Veolia was ordered to produce at least 500 documents that included public relations consultants **as a result of improper assertions of privilege;** not because they were tied to either of the aforementioned issues. As such, many if not most of these documents are directly related to Veolia's work in Flint and should have been produced years ago in the regular course of discovery. *See, e.g.,* ECF No. 2823 (Mot. Compel); ECF No. 2864 (Reply).

## LEGAL STANDARD

"The court has the power to exclude evidence in limine only when evidence is clearly inadmissible on all potential grounds." *Ind. Ins. Co. v. GE*, 326 F. Supp. 2d 844, 846 (N.D. Ohio 2004) (emphasis added); *see also Jonasson v. Lutheran Child & Family Servs.*, 115 F.3d 436, 440 (7th Cir. 1997) (observing that a motion in Limine is appropriate when it can "eliminate from further consideration evidentiary submissions that clearly ought not be presented to the jury because they clearly would be inadmissible for any purpose").

"Unless evidence meets this high standard, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy and potential prejudice may be resolved in proper context." *Ind. Ins. Co.*, 326 F. Supp. 2d at 846. "[W]ithout

2

the context of trial," the court may be "unable to determine whether the evidence in question should be excluded." *Id.; see also Jonasson*, 115 F.3d at 440 ("Some evidentiary submissions … cannot be evaluated accurately or sufficiently by the trial judge in such a [pretrial] procedural environment. In these instances, it is necessary to defer ruling until during trial, when the trial judge can better estimate its impact on the jury"). Courts are "almost always better situated during the actual trial to assess the value and utility of evidence." *Wilkins v. Kmart Corp.*, 487 F. Supp. 2d 1216, 1218 (D. Kan. 2007).

## ARGUMENT

### I. VEOLIA'S MOTION IS IMPERMISSIBLY VAGUE AND OVERBROAD AND SHOULD BE DENIED ON THOSE GROUNDS

As an initial matter, Veolia's "evidentiary objection is too broad for this Court to assess at this pre-trial stage." *Arnett v. Allstate Vehicle & Prop. Ins. Co.*, No. 1:23-cv-11138, 2024 U.S. Dist. LEXIS 131746, at *22 (E.D. Mich. July 25, 2024). They ask this Court to categorically exclude several categories of evidence:

- Testimony and documents about Veolia Environnement S.A.'s (VE) or VNA's decision to hire third-party public-relations consultants to assist them in the context of the Flint Water cases, including the nature of the consultants' services and how much the consultants were paid;
- Testimony and documents about the existence of the www.veoliaflintfacts.com website;
- Testimony and documents about the existence of the @VNAFlintFacts Twitter account;
- Testimony and documents about VE's or VNA's public-relations strategy;

3

- Testimony and documents regarding draft public statements prepared by public-relations personnel.

Veolia Mot. at 1–2.[4]

It is well settled that this "broad approach seeking exclusion of speculative categories of testimony at trial prevents both [Plaintiffs'] and this Court from properly addressing [Veolia's] objections" at the *in limine* phase. *Victor v. Reynolds*, No. 1:20-cv-13218, 2024 U.S. Dist. LEXIS 33438, at *16 (E.D. Mich. Feb. 27, 2024) (cleaned up) (denying motion in *limine* that listed categories of evidence similar to those listed by Veolia on the grounds that it was too broad); *see also Polypropylene Hernia Mesh Prods. Liab. Litig.*, 518 F. Supp. 3d 1028, 1034 (S.D. Ohio 2021) (noting nonspecific motion *in limine* is a "bludgeon when the Federal Rules of Evidence call for a scalpel"). When a party "simply asserts objections without tying them to specific evidentiary items, [(as Veolia has done here)] the Court is well

---

[4] Plaintiffs' response focuses primarily on the above categories of documents because we assume that they may encompass evidence Plaintiffs may intend to introduce at trial. Veolia's motion also included two additional categories of documents——"Testimony and documents about VNA's Google advertising purchases" and "Testimony and documents regarding Actum's conduct and proposed public-relations strategy." Plaintiffs do not intend to introduce evidence that might fall into these categories at this time (although with regard to the second, Plaintiffs are not entirely sure what would fall under Veolia's definition of Actum's conduct and proposed public-relations strategy). That said, other evidence at trial or of Veolia's pre-trial activities may change Plaintiffs' position, which is yet another reason why the motion should be denied, as these decisions are better suited for trial within the context of the evidence.

4

within its discretion to deny the motion without prejudice." *Victor*, No. 1:20-cv-13218, 2024 U.S. Dist. LEXIS 33438, at *17. Indeed, Court's in this circuit have routinely denied motions on that basis alone. *See Fakhoury v. O'Reilly*, No. 16-13323, 2022 U.S. Dist. LEXIS 56366, at *17–18 (E.D. Mich. Mar. 28, 2022) (collecting cases).

This approach is the only logical option in a situation such as this, where not only does Veolia fail to specify the evidence it seeks to exclude, but the categories of evidence are described using vague terminology that creates endless possibilities of what could fall under the proposed *in limine* ruling. *See Henry v. Quicken Loans*, No. 04-cv-40346, 2011 U.S. Dist. LEXIS 174204, at *13 (E.D. Mich. Jan. 31, 2011); *Gresh v. Waste Services of America, Inc.*, 738 F.Supp.2d 702, 707-708 (E.D. Ky. 2010) (denying motion in limine as "inappropriately vague"). Here, Veolia seeks exclusion of evidence and testimony related to "public-relations strategy," but does nothing to clarify what these vague terms actually encompass. Certainly, Plaintiffs are unlikely to agree with Veolia's position of what constitutes a document related to public relations strategy. Veolia might contend that its entire website is a mere public relations strategy, meaning that non-Veolia witnesses who perused it and relied on it to understand Veolia's experience in water engineering as part of the bidding process could not testify about it. Obviously, Plaintiffs disagree. Thus, if the Court was to wholesale grant Veolia's motion such would create the need for mini-

5

trials throughout the trial so as to determine what falls in to the category of excluded documents.

Finally, because the motion seeks to exclude an amorphous and unlimited group of documents, their admissibility is most certainly best suited for admissibility analyses by the Court within the context of trial at the time Plaintiffs seek their admission. *See United States v. Jacobs*, 674 F. Supp. 3d 451, 456 (S.D. Ohio 2023) ("Furthermore, [o]rders in limine which exclude broad categories of evidence should rarely be employed. A better practice is to deal with questions of admissibility as they arise.") (cleaned up); *see also Wilkins*, 487 F. Supp. 2d at 1218 ("[Courts are] almost always better situated during the actual trial to assess the value and utility of evidence.").

## II. VEOLIA'S CONCLUSORY ARGUMENTS DO NOT MEET THEIR BURDEN TO SHOW THAT THE BROAD CATEGORIES OF EVIDENCE THEY SEEK TO EXCLUDE WOULD BE CLEARLY INADMISSIBLE ON ALL POTENTIAL GROUNDS

As the Court is aware, Veolia's defense consists of several pervasive themes, including, *inter alia:* the "limited" scope of Veolia's contract with Flint; the use of phosphates for corrosion control would not have materially mattered in ending the water crisis;[5] low levels of lead are not harmful; Veolia was reasonable to rely on

---

[5] Specifically, Dr. Gagnon opines that "NOM likely also had a significant role in lead release from scales in Flint. High concentrations of NOM minimize the potential added benefits of phosphate during corrosion control." Gagnon Report at 49. Dr. Bellamy opines that: "Not adding a phosphate-based control chemical does

6

the City's lead testing results; and the Bellwether III Plaintiffs were not harmed by lead in their water (and that most are perfectly fine and not injured at all). Veolia's defense also includes a broader theme that Flint actually experienced no significant lead problems in 2015 during the crisis, and in-fact there was not a lead issue associated with the crisis.[6] These themes are the basis of Veolia's defense and go to the heart of the elements of Plaintiffs' claims——(i) Plaintiffs' are damaged; (ii) as a result of lead exposure during the water crisis; and (iii) their exposure was a result of Veolia's breach of their professional duties.

Accordingly, Veolia's internal business records, which contain opposing party statements contradicting these themes, are highly relevant to the claims and defenses presented at trial. For example, when a witness for Veolia contends that there was no lead crisis or that these children are not injured, the fact that Veolia tweeted on a page called Veolia Flint Facts that "the People of Flint have suffered

---

not constitute inadequate or no corrosion control and has been incorrectly referred to as such." Bellamy Report at 7.

[6] Veolia's experts rely on generalized studies (Edwards & Gomez) arguing that lead levels were not noteworthy. And in Bellwether I, counsel for Veolia went so far as to argue that there was no lead crisis in Flint at all. BW1, ECF No. 940 (July 20, 2022 Trial Tr.) at Tr. Page 7721 ("So let's start with the most basic aspect of this claim. Were these children, were their clients exposed to lead in Flint's drinking water? And as I said, we're not denying there was a water crisis. Our claim is there was a water crisis. But whether there's evidence it was a lead crisis is a different story.").

7

deeply,"[7] is both relevant and proper impeachment. *See EEOC v. Proctor Fin., Inc.*, 644 F. Supp. 3d 400, 410 (E.D. Mich. 2022) (Defendant's social media relevant for impeachment); *cf. Georgel v. Preece*, No. 0:13-CV-57-DLB, 2014 U.S. Dist. LEXIS 205851, at *8 (E.D. Ky. Feb. 28, 2014) ("Courts have found, particularly in cases involving claims of personal injuries, that social media information may reflect a plaintiff's emotional or mental state, her physical condition, activity level, employment, this litigation, and the injuries and damages claimed.").

As another example, to the extent Veolia's witnesses contend that lead is only harmful at low levels and that Plaintiffs' experts' statements that lead is harmful at any level are misleading,[8] party admissions that contradict these themes are highly relevant. Indeed, one document that Veolia would likely argue falls into the draft statement category includes admissions by Bill Fahey, wherein he edits a document and responds (in disagreement to the proposed statements) by saying: "lead is toxic at any measurement[,]" and "if you ingest lead at any form it is not good for you and

---

[7] 

> **Veolia Flint Facts** @VNAFlintFacts · Aug 11
> The people of Flint have suffered deeply, and it is our collective responsibility — across government, the private sector, and the public — to work together to ensure that what happened in Flint never happens again, and to help the people of Flint get the justice they deserve.

[8] Almost all of Veolia's experts make this point and some of Veolia's fact witnesses repeat some version of it as well.

8

will have a health impact." *See* VWNAOS553252; VWNAOS553250.[9] In that same document, Fahey states: "if water is corrosive lead will leach into the water[,]" and that "utilities add Phosphates to passive the water pipes and create a barrier between the water and the pipe material." *Id.* These statements are highly relevant to pieces of Veolia's many defenses and what Plaintiffs and the Court should expect will be various themes presented at trial regarding the sufficiency of Veolia's warnings and recommendations.[10]

Moreover, Veolia's arguments as to relevance are as scant as they are inaccurate. Veolia Mot. at 8. For example, Veolia merely asserts that statements on the Veolia facts website and the Flint facts twitter are just not relevant. But such a conclusory statement for webpages that contain hundreds of party admissions is not sufficient to meet the "high" *in limine* standard, which is to show that such evidence "is clearly inadmissible on all potential grounds." *United States v. Andrews*, No. 1:22-cr-20114-2, 2024 U.S. Dist. LEXIS 9351, at *9 (E.D. Mich. Jan. 18, 2024)

---

[9] These documents are stamped confidential, but it is unclear whether they fall under the purview of documents which the Magistrate deemed non-confidential. Therefore, as a precaution, Plaintiffs do not attach them and will provide these documents to the Court under upon request.

[10] Although there are many more relevant examples, Plaintiffs should not be required to preview their entire trial strategy in the context of responding to this motion *in limine*. It is equally problematic to force Plaintiffs and the Court to guess what documents may fall within Veolia's broad categories. For these reasons, the Court will be far better suited to address these issues at trial in the context of the specific evidence presented.

(citation omitted); *see also Amos v. NVR, Inc.*, No. 1:19-cv-719, 2023 U.S. Dist. LEXIS 87797, at *2 (S.D. Ohio May 18, 2023) ("It is the moving party's burden to show that the evidence it seeks to exclude is clearly inadmissible."). Indeed, Plaintiffs' above-mentioned example shows at least one way in which such statements could be relevant to both impeachment and to an issue in dispute— whether Plaintiffs are or could have been injured as a result of exposure to lead – even at low levels.

As to internal communications about Veolia's public relations strategy and draft public relations documents, Veolia asserts that this evidence does not make Veolia's conduct in 2015 more or less true and does not reflect personal knowledge about Veolia's conduct in Flint. Veolia Mot. at 9–11.[11] But the above examples show how both of these arguments are incorrect. Indeed, the fact that Fahey agrees that lead can cause harm at any level is probative to whether these children were injured from lead exposure to the Flint River in 2015, and to whether Veolia's recommendations and warnings were sufficient. Also, his statement regarding corrosivity and phosphates goes to the credibility and viability of Veolia's claims

---

[11] Veolia cites *Broadspring, Inc. v. Congoo*, LLC, No. 13-CV-1866, 2014 WL 7392905, at *11 (S.D.N.Y. Dec. 29, 2014). However, this case is inapposite. Unlike Veolia's current motion, the Defendants' motion in *Broadspring* related to specific documents. Thus, the court was better equipped to make a specific ruling on the specific documents identified in the motion. Additionally, contrary to Veolia's implication, the court did not broadly find all communications to be irrelevant, but rather found that some parts were relevant while others were not.

10

their alleged warnings and recommendations regarding corrosive conditions were sufficient.

Regarding personal knowledge, there are a number of communications where "public relations" documents were sent to Veolia employees who worked on the Flint project (such as Fahey, Rob Nicholas, and Marvin Gnagy) for checks on their accuracy. The edits and comments made by these Veolia employees are in-fact based on their personal knowledge and go directly to what happened in Flint while Veolia was there and under contract with the City. Further, inconsistencies within their comments and what they testify to at trial are fair game for impeachment.

Finally, Veolia asserts that how they developed their trial defense is not relevant, and that even if their entire defense was a product of public relations concepts, such would not be relevant. To the contrary, when the crux of the case and in particular Veolia's defenses are based on a disputed scope of work; what Veolia actually did for the city; and what a prudent engineer should have done under the same circumstances, evidence suggesting Veolia's story of what happened in Flint was *created* (rather than based on truth), and is contradicted by those who were there in real time, is wholly relevant to the credibility of each of Veolia's employees' and experts' testimony.

Overall, Veolia's blanket arguments——which are clearly incorrect for at least some of the evidence they seek to exclude——does not meet the strict standard for a

11

motion *in limine*, and as such, the motion must be denied. *Andrews*, No. 1:22-cr-20114-2, 2024 U.S. Dist. LEXIS 9351, at *9 ("In cases where that high standard is not met, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy, and potential prejudice may be resolved in proper context.").

### III. THE EVIDENCE AT ISSUE IS MORE PROBATIVE THAN PREJUDICIAL AND WOULD NOT MISLEAD THE JURY OR WASTE TIME

Veolia argues that the introduction of "public relations" evidence will prejudice the jury and essentially cause them to dislike Veolia because Veolia defended itself in the Court of public opinion through public relations strategies.[12] But again, because Veolia's motion is so broad, the Court lacks the necessary context to truly determine whether amorphous evidence would be prejudicial. *United States v. Hamilton*, 574 F. Supp. 3d 461, 469 (E.D. Mich. 2021) ("Of course, it is impossible for the Court to determine the potential relevance or to balance any prejudicial effect of evidence without knowing what that evidence is, and without viewing it in the context of other evidence that will be presented at trial.").[13] For this

---

[12] Confusingly, Veolia's concern that the jury will fault them for their public relations efforts is completely at odds with what Veolia and their counsel have represented to the public *and the Court*——that Veolia is not doing anything wrong and their public relations actions are "consistent not only with their First Amendment right to discuss matters of public concern, but also with defendants' right to comment on litigation pending against them." Veolia Mot. at 2–3.

[13] This principle of law is well settled. *Barrow v. Terminix Int'l Co., L.P.*, No. 3:07-cv-324, 2009 U.S. Dist. LEXIS 109471, at *9 (S.D. Ohio Nov. 3, 2009) ("[W]hether evidence is relevant and not unfairly prejudicial depends upon the

reason, Veolia's purported risk of prejudice amounts to pure speculation and is therefore inadequate to warrant exclusion at this stage. *See Eaton v. Boles*, No. 5:03-CV-165, 2005 U.S. Dist. LEXIS 56011, at *12 (W.D. Mich. Nov. 3, 2005) (Denying motion in *limine* because: "Unfounded speculation and conclusory allegations do little to advance Plaintiffs' claim of unfair prejudice.").

Additionally, Veolia argues that introducing evidence about their "public-relations efforts" would confuse the jury and waste time at trial on issues that are irrelevant. Veolia further lists a laundry list of evidence that it would introduce to explain "critical context" if such evidence were permitted. Veolia Mot. at 13–15. However, as set forth above, *there is* certain evidence that arguably falls into the all-encompassing category of public relations that would be highly relevant. And as to timing, the Court has set time limits and the parties are free to use their allotted time to introduce or counter evidence as they see fit. At that time, the Court will have the benefit of specific evidence and context, and thus, be better equipped to rule on whether particular evidence is worth the jury's time and satisfies the Rule 403

---

context in which it is attempted to be presented."); *Arnett v. Allstate Vehicle & Prop. Ins. Co.*, No. 1:23-cv-11138, 2024 U.S. Dist. LEXIS 131746, at *22 (E.D. Mich. July 25, 2024) ("This Court will not categorically exclude all references to all Saginaw fires or arsons because, to Plaintiff's point, context at trial may show that a particular fire is relevant, probative, and non-prejudicial.").

13

balancing.[14] *See United States v. Kincaid*, No. 3:10-CR-160, 2013 U.S. Dist. LEXIS 147133, at *12 (E.D. Tenn. Oct. 11, 2013) ("As to the objections pursuant to Rules 401 and 403, the evidence could be relevant if offered for certain purposes and cannot necessarily be said to be unfairly prejudicial or confusing in all contexts. A ruling on the issues this evidence presents under Rules 401 and 403, therefore, is more appropriately decided in the context in which the evidence is offered at trial.").

## CONCLUSION

Accordingly, the Court should deny Veolia's motion in its entirety.

Dated: August 19, 2024      Respectfully submitted,

| **LEVY KONIGSBERG LLP** | **NAPOLI SHKOLNIK PLLC** |
|---|---|
| /s/Corey M. Stern<br>Corey M. Stern<br>Melanie Daly<br>605 Third Ave., 33rd Floor<br>New York, New York 10158 | /s/ Hunter J. Shkolnik<br>Hunter J. Shkolnik<br>Patrick Lanciotti<br>360 Lexington Ave., 11th Floor<br>New York, New York 10017 |

***ATTORNEYS FOR PLAINTIFFS***

---

[14] The case Veolia cites in support is inapposite. In that case, the Court excluded two specific pieces of complicated evidence—engagement agreement for legal services and a bankruptcy settlement agreement— which were going to be presented as part of a "convoluted theory" regarding patent value. *Visteon Glob. Techs., Inc. v. Garmin Int'l*, LLC, No. 10-cv-10578, 2016 U.S. Dist. LEXIS 122922, at *9 (E.D. Mich. Sep. 12, 2016). The Court ruled: Substantial trial time would be involved in placing these agreements before the jury, explaining their context and limited relevance, and trying to convey a convoluted theory of how they might reflect the value of the patents in suit. *Id.* at *22.

14

## CERTIFICATE OF SERVICE

I hereby certify that on August 19, 2024 I electronically filed this document with the Clerk of the Court using the ECF System, which will send notification to the ECF counsel of record.

**LEVY KONIGSBERG, LLP**

/s/ Melanie Daly
MELANIE DALY