# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| IN RE FLINT WATER LITIGATION | Case No. 5:16-cv-10444-JEL-MKM<br>Hon. Judith E. Levy |
| This Document Relates To:<br>BELLWETHER III | Case No. 5:17-cv-10164-JEL-KGA |

___

**DEFENDANTS VEOLIA NORTH AMERICA, LLC, VEOLIA NORTH AMERICA, INC., AND VEOLIA WATER NORTH AMERICA OPERATING SERVICES, LLC'S REPLY IN SUPPORT OF THEIR MOTION *IN LIMINE* TO PROHIBIT IMPROPER JURY ARGUMENT**

## INTRODUCTION

VNA filed this motion *in limine* in order to set ground rules for the trial. Although the parties have stipulated that they will not introduce certain evidence or make certain arguments, Plaintiffs were unwilling to enter into a stipulation regarding the matters addressed in this motion. VNA therefore asks the Court to enter an order barring the various categories of improper argument so that VNA is not forced to object in front of the jury.

## ARGUMENT

### I.  Arguments That Incite Local Or Anti-Corporate Bias

Plaintiffs "agree that arguments designed to incite regional bias or anti-corporate bias are improper." Pls. Opp. to VNA Mot. to Exclude Improper Jury Argument (Opp.) 5, ECF No. 3097, PageID.106690. Yet they oppose VNA's motion to bar those arguments.

Plaintiffs argue that VNA's motion is "overbroad and unrealistic" because the jury will be aware that "Veolia is a corporation" and that it "is not a local company." Opp. 5, PageID.106690. That is not responsive. VNA does not seek to bar any evidence that might inform the jury of these facts. The point of the motion is to prevent Plaintiffs from trying to exploit these facts and tap into anti-corporate or anti-foreign bias by *drawing attention* to VNA's corporate or non-local status in closing arguments. The Court should enter an order barring statements of this sort so that the parties have clear direction about what is off limits at trial.

1

## II.    References To VNA's Size Or Wealth Or Plaintiffs' Financial Condition

VNA moves to exclude "any references to VNA's size, finances, or net worth or to the financial condition of Plaintiffs' families" because such references have the potential to inflame the jury and encourage an award based on an improper basis. Br. in Supp. of VNA Mot. to Exclude Improper Jury Argument (VNA Br.) 5, ECF No. 3062, PageID.105647.  Plaintiffs concede that attempts to "evoke sympathy" or to demonstrate "the financial disparity between the parties" are "improper." Opp. 8, PageID.106693.

Plaintiffs argue, however, that they are entitled to refer to Veolia's "size and expertise" because those facts "factored into the City of Flint's decision to hire and rely on Veolia, as well as the experience and resources Veolia had access to and did or did not employ during its work in Flint." Opp. 6, PageID.106691.  VNA does not object to Plaintiffs' presentation of evidence about VNA's experience and resources that relates specifically to its engagement and work in Flint.  But there is no legitimate reason for Plaintiffs to refer generally to VNA's income, net worth, or financial condition.  Indeed, any suggestion that VNA is more culpable because of its wealth or financial resources would directly violate the "firmly established" rule that "defendant[s] [are] bound to use the degree of diligence and skill which is ordinarily possessed by the average of the members of the profession in similar localities." *Cox ex rel. Cox v. Bd. of Hosp. Managers for City of Flint*, 467 Mich. 1,

2

21 (2002) (internal quotation marks omitted). Plaintiffs should be barred from inflaming prejudice against wealthy corporations by emphasizing VNA's wealth and resources during the trial.

Plaintiffs also argue that they should be able to refer to their own financial conditions because "the means and resources Plaintiffs had to deal with the water crisis" are relevant to "their abilities to completely avoid the water sourced from the Flint River." Opp. 8, PageID.106693. But the jury will need to determine only *when* Plaintiffs stopped ingesting the water (to the extent that this is a contested issue at trial). Whether Plaintiffs had the financial resources to do so earlier is irrelevant, and any effort to curry the jury's sympathy by arguing (for example) that Plaintiffs' families could not afford bottled water would be inflammatory and prejudicial.

Plaintiffs also contend that their "financial resources" may affect their ability to "mitigate" the harm to their future earning capacities caused by their neurocognitive injuries. Opp. 8, PageID.106693. VNA is not aware of any authority holding that damages for lost earning capacity should be reduced by Plaintiffs' ability to "mitigate" their damages with existing financial resources. Furthermore, no party's expert has offered any opinions relating to "mitigation" of lost earnings using existing financial resources, and VNA does not plan to make such an argument at trial. Plaintiffs' financial resources therefore are irrelevant to the calculation of these damages. References to Plaintiffs' financial condition should be excluded.

3

### III. Suggestions That VNA Owed A Heightened Duty Because Of Its Size Or Sophistication

VNA seeks an order barring Plaintiffs from arguing or implying that it should be held to a higher standard of care than other water engineering firms because of its size, sophistication, and resources. Plaintiffs do not object, but represent that they "will not argue that Veolia should be held to a higher standard of care or pay more just because it is a bigger company with seemingly unlimited financial resources." Opp. 6, PageID.106691. The Court should therefore enter an order memorializing that commitment and prohibiting any suggestion that VNA should be held to a higher standard because of its size, sophistication, or resources.

### IV. Arguments That The Jury Should "Send A Message" To VNA Or Other Corporations

Plaintiffs "agree" that it would be improper for them to argue that the jury should use its verdict to send a message to VNA or other corporations—and argue that the motion is therefore "moot." Opp. 9, PageID.106694. But Plaintiffs do not fully consent to VNA's motion: They object to any order that would preclude arguments stating *or implying* that the jury should use its verdict to send a message. *Id.* Of course, an argument *implying* that the jury should use its verdict to "send a message" to VNA or others would be just as improper as an explicit request. Plaintiffs contend that such a prohibition would be too broad, *id.*, but they identify no legitimate arguments that would be swept in by the order that VNA seeks.

4

Given this dispute, VNA's motion is not moot. The Court should enter an order barring Plaintiffs from stating or implying that the jury should use its verdict to "send a message."

## V. Statements To The Effect That The Jury Is The Only Entity With The Power To Regulate Or Change VNA's Conduct

Plaintiffs do not respond to VNA's argument that it would be inappropriate for them to argue that the jury is the only entity with the power to change VNA's conduct. The Court should bar this type of argument.

## VI. Statements That VNA Acted "Unethically," "Put Profits Over Safety," Or Violated Some Normative Criteria Other Than The Standard Of Care

Plaintiffs should be precluded from making statements suggesting that VNA violated some norm other than the standard of professional care, because such rhetoric would be inflammatory and would invite a verdict based on an improper standard. Plaintiffs' objections to such a directive are weightless.

Plaintiffs contend that VNA has put its financial motivations at issue by raising as an argument against liability "the modest sum of its contract with the City of Flint, and its claimed limited scope of work." Opp. 9, PageID.106994. The scope of VNA's engagement by the City of Flint is a central factual issue, and the compensation VNA received for that engagement is relevant to that issue. VNA's reliance on that objective evidence does not open the door to arguments that VNA put profits over safety.

5

Plaintiffs also argue that VNA "attempts to remove ethics from this case," pointing out that the Court has previously allowed evidence and argument about whether VNA's conduct comported with the engineering code of ethics. Opp. 10, PageID.106695. That is a strawman argument. Because the Court has held that professional guidelines and codes of ethics can inform the standard of care, to the extent that they do so, they are not "normative criteria other than the standard of care," and VNA does not seek their exclusion. Rather, VNA moves to bar argument that VNA's conduct was "unethical" or "immoral" or that it violates some norm *other than* the standard of care. The Court should enter an order to this effect.

## VII. Comments About Opposing Counsel And Other Distracting Tactics

Plaintiffs "agree that there should be no personal attacks on opposing counsel," but argue that VNA's requests to bar "other distracting tactics" is "inappropriately vague." Opp. 11, Page.ID106696. On the contrary, VNA's motion identified the following specific categories of misconduct, citing examples of each: "(1) mak[ing] personal comments about opposing counsel or other arguments; (2) rais[ing] "irony" objections; (3) ask[ing] witnesses to assume that they are having a drink at a bar; [and] (4) draw[ing] comparisons to counsel's personal life." VNA Br. 15-16, PageID.105658-105659. Plaintiffs cannot defend such tactics, and the Court should enter an order that bars them.

## VIII. Suggestions That The Compensation That Plaintiffs May Receive From Non-Parties Is Inadequate

Plaintiffs do not dispute that it would be improper for them to suggest that the compensation received from non-parties to whom the jury may assign fault will not be sufficient to make them whole. Opp. 11-12, PageID.106696-106697. They argue that to grant VNA's motion might preclude them from making arguments about "the proper allocation of fault to a non-party," *id*. at 11, PageID.106696, but that misses the point. VNA seeks to preclude any suggestion that the jury should *skew its allocation of fault* based on a concern that non-parties may not pay Plaintiffs in full. Plaintiffs do not deny that any arguments of that sort would be inappropriate.

## IX. Comments Implying A Conspiracy Between The City And VNA

Plaintiffs "agree not to use the terms 'conspiracy' or collusion' in their opening statement." Opp. 12, PageID.106697. The Court should enter an order holding Plaintiffs to that commitment, and precluding them from making *any* statement suggesting that there was concerted action between VNA and the City of Flint. Although Plaintiffs insist that they "should be entitled to comment" if the evidence at trial does demonstrate concerted action, *id.*, that is no reason to deny the motion since they identify no such evidence now, and orders on motions *in limine* are always subject to revision if circumstances change.

## CONCLUSION

The Court should bar the forms of argument identified above.

7

Respectfully submitted,

| | |
|---|---|
| **CAMPBELL, CONROY & O'NEIL P.C.** | **MAYER BROWN LLP** |
| By: /s/ *James M. Campbell* | By: /s/ *Michael A. Olsen* |
| James M. Campbell | Michael A. Olsen |
| Alaina N. Devine | 71 S. Wacker Dr. |
| 20 City Square, Suite 300 | Chicago, IL 60606 |
| Boston, MA 02129 | (312) 701-7120 |
| (617) 241-3000 | molsen@mayerbrown.com |
| jmcampbell@campbell-trial-lawyers.com | |
| adevine@campbell-trial-lawyers.com | |

*Attorneys for Veolia North America, LLC, Veolia North America, Inc., and Veolia Water North America Operating Services, LLC*

Dated: August 23, 2024

8

## CERTIFICATE OF SERVICE

I hereby certify that on August 23, 2024, I electronically filed this document with the Clerk of the Court using the ECF System, which will send notification to the ECF counsel of record.

By: */s/ James M. Campbell*
James M. Campbell
jmcampbell@campbell-trial-lawyers.com