## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | |
|---|---|
| IN RE FLINT WATER LITIGATION | Case No. 5:16-cv-10444-JEL-MKM<br>Hon. Judith E. Levy |
| This Document Relates To:<br>BELLWETHER III | Case No. 5:17-cv-10164-JEL-KGA |

---

## DEFENDANTS VEOLIA NORTH AMERICA, LLC, VEOLIA NORTH AMERICA, INC., AND VEOLIA WATER NORTH AMERICA OPERATING SERVICES, LLC'S REPLY IN SUPPORT OF THEIR MOTION *IN LIMINE* TO PROHIBIT PLAINTIFFS, DURING THE CROSS-EXAMINATION OF VNA'S WITNESSES, FROM INTRODUCING INTO EVIDENCE, FOR PURPOSES OTHER THAN IMPEACHMENT, DOCUMENTS THAT HAVE NOT PREVIOUSLY BEEN DISCLOSED OR AUTHENTICATED

**INTRODUCTION**

During the cross-examination of VNA's witnesses in the Bellwether I trial, Plaintiffs' counsel introduced into evidence, for purposes other than impeachment, documents that had not previously been disclosed or authenticated.  That tactic violated Federal Rule of Civil Procedure 26, Local Rule 16.2, and this Court's Scheduling Order, and it subjected VNA and its witnesses to unfair and unwarranted surprise.  VNA therefore seeks an order from the Court prohibiting Plaintiffs from engaging in such conduct during the upcoming trial.  In opposition, Plaintiffs argue that their counsel used the undisclosed evidence for impeachment purposes only, and that VNA's requested relief is overly broad.  Plaintiffs are wrong on both counts.

**ARGUMENT**

**A.    Plaintiffs Misunderstand The Scope Of The Exemption From Disclosure For Documents Introduced Solely For Impeachment**

Plaintiffs concede that their counsel, in Bellwether I, introduced evidence that had not previously been disclosed as exhibits or authenticated, but contend that advance disclosure was not required because the evidence was used solely for impeachment.  Pls. Opp. to VNA Mot. to Exclude Undisclosed Evidence (Opp.) 5, ECF No. 3094, PageID.106597.  That is incorrect, because Plaintiffs used the evidence not merely to discredit the witness's testimony, but also as affirmative evidence in support of their claims.

1

Impeachment evidence is offered to discredit a particular witness by putting forward reasons why the jury should not put faith in the witness's testimony. *See Toliver v. JBS Plainwell, Inc.*, No. 11-cv-302, 2014 WL 359494, *3 (W.D. Mich. Feb. 3, 2014) (internal citations omitted). There are "a number of general types of impeachment evidence, including impeachment for bias, impeachment based on mental incapacity or an inability to observe, remember or narrate, impeachment by contradiction, impeachment based on prior inconsistent statements, and impeachment based on character for truthfulness." *Id.* at *3 (citing 4 *Weinstein's Federal Evidence* §§ 607.04-.08 (2d ed. 2004)). "The unifying feature of impeachment evidence is its focus on the credibility of the witness herself." *Id.*

Only documents used *solely* for impeachment purposes are exempt from federal and local disclosure requirements: "If a document has some impeachment value, but also has independent relevance to the merits of the case, it is not being used 'solely' for impeachment" and is subject to Rule 26's disclosure requirements. *Stryker Corp. v. Ridgeway*, No. 13-cv-1066, 2016 WL 6583592, at *8 (W.D. Mich. Feb. 16, 2016); *see Klonski v. Mahlab*, 156 F.3d 255, 270 (1st Cir. 1998) (holding that impeachment evidence that is in part substantive did not fall under Rule 26(a)'s "solely for impeachment" exceptions). Courts "recognize that most substantive evidence will have the added possible effect of impeaching the opponent's case by contradiction." *Toliver*, 2014 WL 359494, at *3. "Simply put, the fact that

2

substantive evidence may also have some impeachment value is no excuse for failure to disclose it." *Id.*

Plaintiffs misunderstand what it means to introduce evidence solely for impeachment. For example, in the Bellwether I trial, Dr. Gaitanis testified that there was "no evidence of any medically significant lead exposure in any of the [Bellwether I] plaintiffs." July 6, 2022, Trial Tr. 62, No. 17-cv-10164 ECF No. 934, PageID.67872. He also stated that "the [CDC] reference value between 2005 to 2021 was 5 micrograms per deciliter[.]" *Id.* at 53, PageID.67863. Plaintiffs' counsel then confronted Dr. Gaitanis with the CDC's updated reference value of 3.5 micrograms per deciliter, issued after 2021, via an undisclosed document. July 7, 2022, Trial Tr. 10, No. 17-cv-10164 ECF No. 935, PageID.68035.

Invoking "the doctrine of impeachment by specific contradiction," Plaintiffs contend that their counsel used this evidence in order "to challenge the credibility of [Dr. Gaitanis's] conclusions." Opp. 6, PageID.106598 (quoting *United States v. Zube*, No. 20-cr-20491, 2022 WL 625071, at *3 (E.D. Mich. Mar. 3, 2022)). But the CDC's updated reference value did not contradict Dr. Gaitanis's testimony or undermine his conclusions in any way: He did not misstate the reference values during the relevant time period; nor was there evidence that any of the Bellwether I Plaintiffs had blood lead levels exceeding the updated reference values. July 7, 2022, Trial Tr. 7-27, No. 17-cv-10164 ECF No. 935, PageID.68032-68052. Dr.

3

Gaitanis's testimony therefore was not proven "false" or "contradictory" by the extrinsic evidence introduced by Plaintiffs, and Dr. Gaitanis's truthfulness was not called into question. *Id.*  Rather, Plaintiffs introduced the CDC printouts to advance their substantive claims by implying that exposures below CDC's reference values may be harmful.  *See, e.g.*, July 7, 2022, Trial Tr. 9-15, No. 17-cv-10164 ECF No. 935, PageID.68034-68040 ("[N]ow we know that when they've now changed it again to 3.5, that—they're not saying that equals safe, true?").

More importantly, even if the undisclosed evidence had some impeachment value, that evidence was *also* substantive evidence relevant to the merits of the case. Plaintiffs' counsel referred to the CDC handouts to suggest that, even if their blood lead levels were below the CDC's current reference levels, the Bellwether I Plaintiffs might still have suffered unsafe exposures to lead.  They also used the documents to suggest that the CDC's reference levels for lead were trending down.

Similarly, Plaintiffs introduced evidence purporting to show water lead testing reports from three of the Bellwether I Plaintiffs' schools in an effort to show that they actually were exposed to "higher than normal" amounts of lead.  *See, e.g.*, July 6, 2022, Trial Tr. 107, No. 17-cv-10164 ECF No. 934, PageID.67917.  When presented with the undisclosed water lead testing reports, Dr. Gaitanis stated that he had never seen the reports, and that, even if he had, neither the reports—nor any information contained therein—would have changed his opinion that none of the

Bellwether I Plaintiffs' blood lead levels established medically significant lead exposure.  *Id.* at 106, PageID.67916.  Even assuming that the evidence was introduced for impeachment purposes, it served a substantive purpose as well.  And if evidence serves both a substantive and impeachment purpose, it cannot be withheld from the automatic disclosure provisions of FRCP 26(a)(1) as evidence used solely for impeachment.  *See Olivarez v. GEO Grp., Inc.*, 844 F.3d 200, 205 (5th Cir. 2016).

Under Plaintiffs' approach, the exception for documents used "solely for impeachment" would eviscerate Rule 26(a).  In their view, any evidence used "to challenge the credibility of [VNA's] experts' conclusions" is used solely for impeachment and therefore is not subject to disclosure.  Opp. 6, PageID.106598. That view departs from well-established notions of fair notice and adherence to procedural rules.  *See Toliver*, 2014 WL 359494, at *3 (characterizing the view that any evidence "that tends to undermine the [opposing party's] case is used 'solely for impeachment' and therefore is not subject to disclosure" as a "grossly distorted" understanding of the impeachment exception).  This Court should reject Plaintiffs' attempt at gamesmanship.

**B.    VNA's Proposed Ruling Is Not Overbroad**

Plaintiffs argue that VNA seeks an overbroad order that would override equitable exceptions to the disclosure obligation in Rule 26.    Opp. 7-8,

PageID.106599-106600.  On the contrary, VNA is merely asking the Court to issue an order clarifying which documents need to be disclosed before trial, before the parties' final exhibit lists are due.

Plaintiffs' faulty understanding of what constitutes evidence used "solely for impeachment" purposes demonstrates why a pre-trial ruling on this issue is necessary.  Motions *in limine* are "designed to narrow the evidentiary issues for trial and to eliminate unnecessary trial interruptions." *Louzon v. Ford Motor Co*., 718 F.3d 556, 561 (6th Cir. 2013).  The Court devoted a substantial amount of time to these issues in the first Bellwether trial.  *See, e.g.*, July 6, 2022, Trial Tr. 207-215, No. 17-cv-10164 ECF No. 934, PageID.68017-68025.  That could be avoided with a pre-trial ruling establishing the guardrails for trial.  The parties' divergent views require guidance from the Court.

An order from this Court is especially necessary because Plaintiffs give no assurances that they will endeavor to comply with Federal Rule of Civil Procedure 26(a) or Local Rule 16.2.  Instead, they imply that, because VNA has disclosed "many" experts, they "cannot be expected to have perfect compliance with Rule 26" and will likely have "good cause" to introduce evidence that was not disclosed in the Pretrial Order.  Opp. 8, PageID.106600.  But "[t]he primary measure of Rule 16's 'good cause' standard is the moving party's diligence in attempting to meet the case management order's requirements." *Inge v. Rock Fin. Corp*., 281 F.3d 613, 625 (6th

6

Cir. 2002) (internal quotation marks omitted). That diligence is required even when the effort required for full compliance is substantial. *See EPAC Techs., Inc. v. Harpercollins Christian Publ'g, Inc*., No. 12-cv-00463, 2019 WL 109371, at *25 (M.D. Tenn. Jan. 4, 2019) (denying defendant's motion to amend its Rule 26(a)(3)(A)(iii) disclosures, in part because "the sheer length of [Plaintiff's] exhibit list does not constitute good cause[.]"). The Court should order Plaintiffs to disclose as exhibits all documents that they may use at trial, including during the cross-examination of VNA's expert witnesses.

## CONCLUSION

The Court should prohibit Plaintiffs, during the cross-examination of VNA's witnesses, from introducing into evidence, for purposes other than impeachment, documents that have not previously been disclosed or authenticated.

Respectfully submitted,

**CAMPBELL, CONROY & O'NEIL P.C.**

**MAYER BROWN LLP**

By: */s/ James M. Campbell*
James M. Campbell
Alaina N. Devine
20 City Square, Suite 300
Boston, MA 02129
(617) 241-3000
jmcampbell@campbell-trial-lawyers.com
adevine@campbell-trial-lawyers.com

By: */s/ Michael A. Olsen*
Michael A. Olsen
71 S. Wacker Dr.
Chicago, IL 60606
(312) 701-7120
molsen@mayerbrown.com

*Attorneys for Veolia North America, LLC, Veolia North America, Inc., and Veolia Water North America Operating Services, LLC*

Dated:  August 23, 2024

8

## CERTIFICATE OF SERVICE

I hereby certify that on August 23, 2024, I electronically filed the foregoing document with the Clerk of the Court using the ECF System, which will send notification to the ECF counsel of record.

By: _/s/ James M. Campbell_
James M. Campbell
jmcampbell@campbell-trial-lawyers.com