UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

*In re* Flint Water Cases  
5:16-cv-10444/17-cv-10164

Hon. Judith E. Levy  
United States District Judge

_____/

This Motion Relates to:

*Bellwether III Cases*

_____/

**BELLWETHER III PLAINTIFFS' MOTION TO SEAL PORTIONS OF PLAINTIFFS' REPLY BRIEF IN FURTHER SUPPORT OF THEIR MOTION IN LIMINE FOR AN ORDER ADOPTING CERTAIN PREVIOUS IN LIMINE RULINGS FROM BELLWETHER I AND THE ISSUES CLASS TRIAL**

Bellwether III Plaintiffs move this Court, under E.D. Mich. Local Rule 5.3(b) and this Court's Confidentiality Order, for an order to seal portions of the Plaintiffs' reply brief in support of their motion *in limine*[1]. Plaintiffs ask this Court to seal items that were designated by Plaintiffs as either "Confidential" or "Highly Confidential" under this Court's Confidentiality Order, including the identifying information of minor children and information pertaining to their medical conditions. The specific

---

[1] Specifically, Plaintiffs' motion, which asks the court to re-adopt certain rulings from Bellwether I, Case No. 5:16-cv-10444, ECF No. 3055.

item that Plaintiffs request to seal is further described in the brief supporting this motion.

Plaintiffs will file the unredacted version of this document under seal in connection with this motion, and the proposed redacted documents as attachments to their corresponding reply. As Local Rule 7.1(a) requires, Plaintiffs conferred with counsel for Defendants Veolia North America, LLC, Veolia North America, Inc., and Veolia Water North America Operating Services, LLC ("Veolia") regarding this motion. They take no position on the requested relief.

Dated: August 23, 2024

Respectfully submitted,

**LEVY KONIGSBERG LLP**

/s/Corey M. Stern
Corey M. Stern
Melanie Daly
Kiersten Holms
605 Third Ave., 33rd Floor
New York, New York 10158
(212) 605-6298
cstern@levylaw.com

**NAPOLI SHKOLNIK PLLC**

/s/ Hunter J. Shkolnik
Hunter J. Shkolnik
Patrick Lanciotti
360 Lexington Ave., 11th Floor
New York, New York 10017
(212) 397-1000
hunter@nsprlaw.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

*In re* Flint Water Cases                     Hon. Judith E. Levy
5:16-cv-10444/17-cv-10164              United States District Judge

_____/

This Motion Relates to:

*Bellwether III Cases*

_____/

**BELLWETHER III PLAINTIFFS' MOTION TO SEAL PORTIONS OF PLAINTIFFS' REPLY BRIEF IN FURTHER SUPPORT OF THEIR MOTION IN LIMINE FOR AN ORDER ADOPTING CERTAIN PREVIOUS IN LIMINE RULINGS FROM BELLWETHER I AND THE ISSUES CLASS TRIAL**

## INTRODUCTION

Plaintiffs respectfully move this Court for an order to seal from the docket certain information contained in the Plaintiffs' reply brief in support of their motion *in limine*.[2] Plaintiffs file this motion to advance the purposes of this Court's Confidentiality Order and to afford Plaintiffs the chance to protect private information to the extent consistent with the Sixth Circuit's mandate in *Shane Group, Inc. v. Blue Cross Blue Shield of Michigan,* 825 F.3d 299, 305 (6th Cir. 2016).

## BACKGROUND

Plaintiffs filed a reply brief in support of their motion *in limine* asking the Court to re-adopt certain previous motion *in limine* rulings from the Bellwether I trial and the Issues Class trial. As described in the chart below, the reply brief pertaining to this motion contains information that is confidential because it includes minor Plaintiffs' names and other identifying information as well as confidential medical and other personal information of the minor plaintiffs. The Court agreed to seal similar information during prior proceedings in this case. *See, e.g.*, ECF No. 3065 (Order Granting Motion to Seal Plaintiffs' Motion in Limine).

## LEGAL STANDARD

---

[2] Specifically, Plaintiffs' motion which asks the court to re-adopt certain rulings from Bellwether I, ECF No. 3055.

Federal Rule of Civil Procedure 5.2(d) provides that any filing can "be made under seal without redactions" at the court's order. Fed. R. Civ. P. 5.2(d); L.R. 5.3(b), *see In re Knoxville News-Sentinel Co.*, 723 F.2d 470, 474 (6th Cir. 1983); There is a strong presumption that records filed with the court must be open. *See Shane Group, Inc.*, 825 F.3d at 300. This presumption can be overcome, and motions requesting the seals have been granted where a party can show "[a] compelling reason why certain documents… should be sealed, and the seal itself must be narrowly tailored to serve this" *Id.* at 305.

"[T]rial courts have always been afforded the power to seal their records" under certain circumstances. *In re Knoxville News-Sentinel Co.*, 723 F.2d 470, 474 (6th Cir. 1983); *see Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978) (holding that the court maintains "supervisory power over its own records and files" and may issue orders sealing judicial records or court filings when appropriate). The moving party may satisfy its burden on a motion to seal filings by "showing that 'disclosure will work a clearly defined and serious injury.'" *Shane Group, Inc*, 825 F.3d. at 307. The party moving to seal must "analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations." *Baxter Int'l., Inc. v. Abbott Laboratories,* 297 F.3d 544, 548 (6th Cir. 2002). E.D. Mich. Local Rule 5.3(b)(3)(A) outlines the specific steps that a party must take to make the required showing in this district.

## ARGUMENT

Plaintiffs seek to file the following documents under seal:

| Document Description | Pages with Redactions | Confidential Nature (including any third-party or non-party interests) |
|---|---|---|
| Bellwether III Plaintiffs' Reply Brief in Further Support of their Motion in limine for an Order Adopting Certain Previous Motion in limine Rulings from the Bellwether I Trial and the Issues Class Trial | 6 | Minor Plaintiffs' medical and other personal identifying information |

An analysis of applicable law supports the granting of Plaintiffs' motion to seal. Motions to seal have been granted to protect "the privacy interests of participants or third parties." *Hardesty v. Kroger Co.,* No. 16-cv-298, 2020 WL 3545676, at *1 (S.D. Ohio June 30, 2020) (citing *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1179 (6th Cir. 1983)). This includes documents that "refer [] to sensitive medical or personal identifying information." *Russell v. United States RRB*, No. 19-3800, 2020 U.S. App. LEXIS 7524, at *2 (6th Cir. Mar. 10, 2020).

Additionally, the Sixth Circuit has "historically sealed medical records not previously disclosed to the public" *United States v. Jefferson*, No. 23-3509, 2023

6

U.S. App. LEXIS 32703, at *4 (6th Cir. Dec. 11, 2023); *see also United States v. Jankowski*, No. 23-1404, 2024 U.S. App. LEXIS 6677, at *2 (6th Cir. Mar. 20, 2024); *United States v. Griffiths*, No. 19-4276, 2020 U.S. App. LEXIS 36108, at *4 (6th Cir. Nov. 17, 2020); *Hence v. Berghuis*, No. 14-2551, 2016 U.S. App. LEXIS 24236, at *17 (6th Cir. Feb. 5, 2016).

The supporting brief can be filed unsealed but with redactions. Although this document contains minors' identifying information and/or medical information, it also contains substantial amounts of general information that is not confidential.

Plaintiffs are seeking to seal only that information that Plaintiffs have previously insisted should be sealed or that the Court has otherwise said should be sealed. The information consists of contact information, minor children's names, specific medical conditions, and diagnoses. These items were designated as "Confidential" or "Highly Confidential" by Plaintiffs under the existing Confidentiality Order. *See* E.D. Mich. L.R. 5.3(b)(3)(A)(iii).

Plaintiffs are not aware of significant non-party or third-party interests that these documents would implicate, but this motion will also afford any of those persons the chance to come forward and argue their own interests, too. Sealing these items should not impair the public's ability to meaningfully evaluate the substance of Plaintiffs' or Veolia's arguments on the merits of this case.

## CONCLUSION

For these reasons, Plaintiffs ask this Court to grant the motion to seal and permit Plaintiffs to redact the items listed herein.

| | |
|---|---|
| Dated: August 23, 2024 | Respectfully submitted, |
| **LEVY KONIGSBERG LLP** | **NAPOLI SHKOLNIK PLLC** |
| /s/Corey M. Stern<br>Corey M. Stern<br>Melanie Daly<br>Kiersten Holms<br>605 Third Ave., 33rd Floor<br>New York, New York 10158<br>(212) 605-6298<br>cstern@levylaw.com | /s/ Hunter J. Shkolnik<br>Hunter J. Shkolnik<br>Patrick Lanciotti<br>360 Lexington Ave., 11th Floor<br>New York, New York 10017<br>(212) 397-1000<br>hunter@nsprlaw.com |

## CERTIFICATE OF SERVICE

I hereby certify that on August 23, 2024, I electronically filed this document with the Clerk of the Court using the ECF System, which will send notification to the ECF counsel of record.

**LEVY KONIGSBERG, LLP**

/s/ Corey M. Stern
COREY M. STERN