# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

*In re* Flint Water Cases                               Hon. Judith E. Levy

5:16-cv-10444/17-cv-10164                  United States District Judge

_____/

This Motion Relates to:

*Bellwether III Cases*

_____/

**BELLWETHER III PLAINTIFFS' REPLY BRIEF IN FURTHER SUPPORT OF THEIR MOTION IN LIMINE TO PRECLUDE EVIDENCE, TESTIMONY, OR REFERENCE TO CONVICTIONS, INDICTMENTS, OR CHARGES OF CITY AND/OR STATE OFFICIALS OR EMPLOYEES**

## INTRODUCTION

Veolia North America, LLC, Veolia North America, Inc., and Veolia Water North America Operating Services, LLC (collectively "Veolia") opposes Plaintiffs' Motion to Preclude Evidence, Testimony, Or Reference To Convictions, Indictments, or Charges of City and/or State Officials or Employees. *See* ECF No.[1] 3084, (hereinafter "Veolia's Response").[2] Veolia concedes that it anticipates introducing evidence and argument about the dismissed criminal charges brought against former State of Michigan and City of Flint officials and employees ("Government Officials") who will testify at the Bellwether III trial, regardless of whether the witness testifies live or through prior deposition testimony. Veolia's Response at PageID.106098. Veolia attempts to justify invocation of the highly inflammatory indictments, which have since been dismissed, but at their core their arguments highlight why such evidence is inadmissible under the Federal Rules of Evidence. Similarly, Veolia's basis for the suggestion that the Court does not disclose to the jury that such indictments have been dismissed is inauthentic and misleading.

---

[1] Unless otherwise noted, ECF citations refer to Case No. 16-cv-10444.
[2] Case No. 16-cv-10444, ECF No. 3084 (Veolia's Opposition to Plaintiffs' Motion in Limine to Preclude All Evidence, Testimony, or Reference to Convictions, Indictments, or Charges of City and/or State Officials or Employees).

1

Accordingly, the Court should adopt its prior reasoning from the Bellwether I trial in a manner representative of the fact that the indictments at issue have been dismissed, by excluding evidence relating to the Government Official's criminal charges and convictions, when such witnesses are available to testify at trial.

## ARGUMENT

### I. THE DISMISSED INDICTMENTS SHOULD NOT BE ADMITTED AS EVIDENCE WHEN A WITNESS IS AVAILABLE TO TESTIFY AT TRIAL.

#### A. The Probative Value of the Dismissed Charges Is Minimal.

As an initial matter, Plaintiffs do not dispute that evidence of ***pending*** criminal charges are relevant and admissible because they tend to show an individual's bias in offering certain testimony. Case No. 5:17-cv-10164, ECF No. 701, (Op. & Order), at PageID.45647–60 (holding that Veolia could "explore witness' biases by asking them whether they have been indicted"). However, such concerns of bias are extinguished when a witness is available to testify, and the pending criminal charges were dismissed with prejudice. As it presently stands, the State of Michigan and City of Flint have settled Plaintiffs' claims against them, and the threat of criminal charges against the Government Officials no longer exists, so the relevance of the dismissed indictments is incredibly attenuated. The Court agreed in addressing this issue in advance of the Class trial, noting that the evidence of a witness' indictment is ***only relevant*** in the context of a discussion of statements made when the charges

2

were pending. ECF No. 2822, (Jan. 23, 2024, Class MIL Hearing Tr.) at PageID.96343 ("[E]ven if the deposition transcripts aren't used, but Mr. Campbell asks a question about what was said when criminal charges were pending, it could still implicate that when that statement was made, the witness may have had a motivation to protect themselves from the criminal charges."); *id.* at PageID.93641 ("The Court: So[,] what if the ruling is this, tell me why this would be wrong. Is that there would be no mention of the indictments throughout the case unless a party uses the deposition testimony that was taken when they were facing criminal charges.").

Veolia grasps at straws in an attempt to justify the introduction of the highly charged, inflammatory indictments, asserting that they should be entitled to introduce such evidence in order to demonstrate that a "witness is now motivated to testify consistent with that prior testimony in order to avoid accusations of perjury." Veolia's Response at PageID.106103. But the threat of perjury could theoretically exist ***any time*** a testifying witness has previously given sworn trial or deposition testimony. Under Veolia's flawed logic, then, every court would need to instruct a jury on the possibility of perjury and explain the circumstances surrounding a witness's prior testimony and potential biases, which may have existed at the time of the prior testimony. This would create endless mini-trials.

Veolia's attempts to minimize the differences between a pending and dismissed indictment are similarly unavailing: the distinction (both in basic and

3

impeachment terms) between a pending and dismissed indictment is critical here. A person under a pending indictment may go to prison. A person whose indictment has been dismissed will not.

Finally, Plaintiffs' position does not represent a "modification" of the Court's prior order. Veolia's Response at PageID.106090. The Court's reasoning prior to the Bellwether I trial was grounded specifically in the fact that the indictments at issue were pending. Case No. 5:17-cv-10164, ECF No. 701, (Op. & Order) at PageID.45659–60. Accordingly, Plaintiffs' position is entirely consistent with the Court's prior reasoning and appropriately recognizes that facts pertinent to the Court's previous ruling have changed (the indictments against the Government Officials have been dismissed).

### B. The Prejudicial Nature of the Dismissed Indictments Outweighs Any Probative Value.

Even assuming the dismissed indictments are minimally relevant in assessing a witness' bias, such evidence is still unduly prejudicial, likely to mislead the jury, and likely to lead to substantial and unjustified delay though an endless cascade of mini-trials. As such, this Court should exclude this alleged "bias" evidence as unduly prejudicial under Rule 403. *United States v. Heflin*, 600 F. App'x 407, 412 (6th Cir. 2015); *United States v. Abel*, 469 U.S. 45, 50–54 (1984).

Veolia's heavy-handed rhetoric surrounding the parties "truly responsible" for the Flint Water Crisis shows why introduction of the dismissed indictments is not

4

proper. Veolia would attempt to use the indictments to mislead the jury into wrongly inferring that Government Officials are culpable. This is especially apparent given Veolia's contention that the jury should not be informed that the indictments have been dismissed. However, "[b]ecause indictments strongly suggest guilt without providing any evidence of guilt, they are precisely the kind of evidence that 'tends to suggest decision on an improper basis.'" Case No. 17-10164, ECF No. 701, (Op. & Order) at PageID.45659 (quoting *United States v. Sherrill*, 972 F.3d 752, 765 (6th Cir. 2020)); *United States v. Maynard*, 476 F.2d 1170, 1175 (D.C. Cir. 1973) ("Knowledge of an arrest and indictment weighs heavily in the minds of laymen and casts the shadow of doubt on the witness' veracity."). Mention of a pending indictment is ordinarily not justifiable, but a dismissed indictment is even less so.

Additionally, Veolia can show a witness' bias by simply questioning the witness on their association with the Flint Water Crisis—one need not be indicted to want to distance themselves from their involvement in the Crisis. Doing so would achieve the same objective, i.e., indicate bias, but would alleviate the prejudicial effect of mentioning a dismissed indictment.

## II. VEOLIA SHOULD NOT BE PERMITTED TO SELECTIVELY INTRODUCE FACTS INTO EVIDENCE.

Despite Veolia's contention, if evidence of a dismissed indictment is introduced to demonstrate an unavailable witness' bias at the time of their testimony, it would be wholly inappropriate and misleading to allow Veolia to cherry-pick facts

5

and present an incomplete picture to the jury.³ Veolia suggests that, when deposition testimony is introduced, the jury should be informed *only* of the witness' prior indictment, not of the fact that such indictments were dismissed. But, obviously, presenting a half-truth is misleading.

If anything, Veolia's argument in support of its position that "informing the jury that the charges were dismissed would be misleading unless the Court also explains the procedural basis of the dismissal," Veolia Response at PageID.106105, belies why selectively introducing information about dismissed indictments would be prejudicial. While Veolia claims that "[t]he jury should not be allowed to believe that the dismissal of the charges has anything to do with the merits or that the individuals were exonerated," the jury should not presume anything about the *guilt* of a witness either. This is the exact reason why even pending indictments cannot normally be used to impeach a witness, *United States v. Baker*, 494 F.2d 1262, 1266 (6th Cir. 1974).⁴ Providing the jury with a full picture of the present facts is not only

---

³ As outlined in their opening brief, Plaintiffs agree that evidence of the indictments and pleas is admissible to show bias if, as in Bellwether I, a witness's testimony is presented through their deposition.

⁴ To the extent Veolia believes it would be necessary but too confusing for the Court to explain the "procedural basis of the dismissal," Veolia's Response at PageID.106105, the indictments should be dismissed altogether, regardless of whether a witness' testimony is presented through deposition testimony or otherwise.

important but is also necessary to counteract the prejudicial and inflammatory effect that the disclosure such information will have on the jury's impression of a witness.

## CONCLUSION

Accordingly, the Court should grant Bellwether III Plaintiff's motion to exclude the use of evidence, testimony, or reference to convictions, indictments, or charges of the Government Officials.

Dated:　　August 23, 2024　　　　　　　　　Respectfully submitted,

**LEVY KONIGSBERG LLP**　　　　　　　　　**NAPOLI SHKOLNIK PLLC**

/s/Corey M. Stern　　　　　　　　　　　　　/s/ Hunter J. Shkolnik
Corey M. Stern　　　　　　　　　　　　　　Hunter J. Shkolnik
Melanie Daly　　　　　　　　　　　　　　　Patrick Lanciotti
Kiersten Holms　　　　　　　　　　　　　　360 Lexington Ave., 11th Floor
605 Third Ave., 33rd Floor　　　　　　　　　New York, New York 10017
New York, New York 10158　　　　　　　　(212) 397-1000
(212) 605-6298　　　　　　　　　　　　　　hunter@nsprlaw.com
cstern@levylaw.com

*ATTORNEYS FOR PLAINTIFFS*

7

## CERTIFICATE OF SERVICE

I hereby certify that on August 23, 2024, I electronically filed this document with the Clerk of the Court using the ECF System, which will send notification to the ECF counsel of record.

**LEVY KONIGSBERG, LLP**

/s/ Corey M. Stern
COREY M. STERN

1