# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

*In re* Flint Water Cases             Hon. Judith E. Levy

5:16-cv-10444/17-cv-10164            United States District Judge

_____/

This Motion Relates to:

*Bellwether III Cases*

_____/

**BELLWETHER III PLAINTIFFS' REPLY BRIEF IN FURTHER SUPPORT OF THEIR MOTION IN LIMINE TO PRECLUDE VEOLIA FROM INTRODUCING THE EXPERT REPORTS AND DEPOSITION TESTIMONY OF DR. LARRY RUSSELL AS EVIDENCE IN SUPPORT OF VEOLIA'S NON-PARTY AT FAULT CLAIMS**

## INTRODUCTION

Veolia North America, LLC, Veolia North America, Inc., and Veolia Water North America Operating Services, LLC (collectively "Veolia") opposes Plaintiffs' motion to preclude the use Dr. Larry Russell, PhD's ("Dr. Russell") expert reports and deposition testimony at trial to prove Veolia's non-party at fault claims. *See* ECF No.[1] 3085, (hereinafter "Veolia's Response").[2] Specifically, Veolia argues that Dr. Russell's out-of-court statements—rendered not only in this litigation but also in a third-party case against the U.S. Environmental Protection Agency[3]—are admissible as substantive evidence. However, such evidence constitutes inadmissible hearsay which falls under no exception and whose admission would cause unfair prejudice.

## ARGUMENT

### I. DR. RUSSELL'S OUT-OF-COURT STATEMENTS ARE INADMISSABLE HEARSAY.

Veolia fails to articulate a recognized hearsay exception under which Dr. Russell's expert reports and deposition testimony fall.

*First*, Veolia argues that Dr. Russell's out-of-court statements are statements of a party-opponent and, therefore, not hearsay under Rule 801(d)(2) (B), (C), and

---

[1] Unless otherwise noted, ECF citations refer to Case No. 16-cv-10444.
[2] Case No. 16-cv-10444, ECF No. 3085 (Veolia's Opposition to Plaintiffs' Motion in Limine to Preclude Veolia from Introducing the Expert Reports and Deposition Testimony of Dr. Larry Russell as Evidence in Support of VNA's Non-Party at Fault Claims).
[3] *In re FTCA Flint Water Cases*, Case No. 4:17-cv-11218 (E.D. Mich.).

(D).[4] However, courts have held that statements of independent experts do not qualify as party admissions under Rule 801(d)(2). For one, Dr. Russell's statements are not admissible as an "adoptive admission" under 801(d)(2)(B). Veolia argues that Plaintiffs adopted Dr. Russell's statements by designating him as an expert witness, serving reports from him, and providing his deposition testimony. *See* Veolia's Response at PageID.106168–69. "None of these actions are enough, however, to show that [Plaintiffs] adopted any specific statement in the expert reports." *Pernix Ir. Pain DAC v. Alvogen Malta Operations Ltd.*, 316 F. Supp. 3d 816, 825 (D. Del. 2018) (finding the expert's statements were not adoptive admissions); *Lear Automotive Dearborn, Inc. v. Johnson Controls, Inc.*, 789 F. Supp. 2d 777, 783 (E.D. Mich. 2011) ("[D]espite the fact that one party retained and paid for the services of an expert witness, expert witnesses are supposed to testify impartially in the sphere of their expertise." (internal quotations omitted)). Nor may Dr. Russell be considered Plaintiffs' agent or employee under Rule 801(d)(2)(C) or

---

[4] Veolia's argument also confuses the definition of hearsay with the test for when hearsay is nevertheless admissible as substantive evidence over an objection. It is indisputable that Dr. Russell's expert reports and testimony are hearsay, *i.e.* out-of-court statements which Veolia intends to offer for their truth. *See, e.g., Miami Valley Fair Hous. Ctr. Inc. v. Metro Dev. LLC*, No. 2:16-cv-607, 2018 U.S. Dist. LEXIS 89407, at *4 (S.D. Ohio May 29, 2018) ("The parties do not dispute that Mr. Sheriff's expert report and videos are hearsay.").

(D).[5] District courts within the Sixth Circuit have repeatedly rejected this notion, holding instead that "Rule 801(d)(2)(C) and (D) do not authorize a party to introduce the deposition [or report] of an expert witness retained by a party opponent."[6] *Smith v. United States*, No. 3:95-cv-445, 2012 U.S. Dist. LEXIS 58623, at *100 (S.D. Ohio Apr. 26, 2012) (rejecting the government's attempts to use the plaintiff's expert's deposition at trial); *445 Cos., LLC v. Landmark Am. Ins. Co.*, No. 16-10034, 2018 U.S. Dist. LEXIS 108457, at *11 (E.D. Mich. June 28, 2018) (finding that the "[p]laintiff has given the court no reason to conclude that any of Defendant's experts were acting as Defendant's agents or employees such that their statements should be deemed non-hearsay under 801(d)(2)(C) or (d)(2)(D)—especially when courts are

---

[5] Veolia's attempts to limit the Third Circuit's opinion in *Kirk v. Raymark Industries, Inc.*, 61 F.3d 147 (3d Cir. 1995), lacks merit. There, the court based its ruling on the role of an expert witness **generally**, reasoning that testifying experts do not fall within the traditional definition of agency relationship: "In theory, despite the fact that one party retained and paid for the services of an expert witness, expert witnesses are supposed to testify impartially in the sphere of their expertise. … Rule 80I(d)(2)(c) requires that the declarant be an agent of the party-opponent against whom the admission is offered, and this precludes the admission of the prior testimony of an expert witness where, as normally will be the case, the expert has not agreed to be subject to the client s control in giving his or her testimony." *Id.* at 164.

[6] The out-of-circuit cases Veolia relies on are inapposite. For example, cases involving expert witnesses who were retained for purpose of litigation have been distinguished from several of the cases which Veolia relies on involving experts who were retained to investigate a matter. *See Collins v. Wayne Corp.*, 621 F.2d 777, 782 (5th Cir. 1980). The reports in the latter have been admitted against the retaining party in subsequent litigation. *See Kirk*, 61 F.3d at 164 n.20; *Koch v. Koch Indus., Inc.*, 37 F. Supp. 2d 1231, 1245 (D. Kan. 1998).

3

reluctant to so find"); *Lear Automotive Dearborn, Inc.*, 789 F. Supp. 2d at 783 ("[C]ourts are reluctant to view an expert as an 'agent' of the party who calls him as a witness, or as 'authorized by the party to make a statement concerning the subject' addressed in his expert testimony, such that out-of-court statements or information incorporated into the expert's testimony would be admissible under Fed. R. Evid. 801(d)(2)(C) or (D)."); *Level 3 Communc., LLC v. Floyd,* No. 1:09-0082, 2011 U.S. Dist. LEXIS 30357, at *15 (M.D. Tenn. Mar. 23, 2011) ("[T]he court's interpretation of the plain language of Federal Rule of Evidence 801(d)(2) is that an expert is not an agent of a party for purposes of that rule."). Indeed, Dr. Russell is an expert hired by Plaintiffs to testify at trial as to his impartial opinion.

*Second*, neither Dr. Russell's expert reports nor his deposition testimony constitute prior inconsistent statements under Rule 801(d)(1)(A). Prior inconsistent statements are admissible to impeach a witness only if such statements are actually *inconsistent*. Veolia confuses the scope of Dr. Russell's trial testimony—which will center on the issue of Veolia's professional negligence—with material omissions which may be used for impeachment purposes.

Finally, Veolia fails to meet its burden of establishing exceptional circumstances surrounding the use of Dr. Russell's expert reports authored in *other cases* which justify their inclusion under Federal Rule of Evidence 807's residual

4

hearsay exception.[7] *See Miami Valley Fair Hous. Ctr. Inc.*, 2018 U.S. Dist. LEXIS 89407, at *4 ("[T]he proponent of a hearsay statement bears the burden of proving that the statement fits squarely within a hearsay exception or exclusion." (quotations and citations omitted)). This "catch all" is intended to "be used very rarely, and only in exceptional circumstances." Fed. R. Evid. 803(24) advisory committee's note. But there is nothing unique or exceptional about Veolia's purported use of Dr. Russell's expert reports. A declarant's out-of-court statements are only admissible pursuant to Rule 807 where a witness is unavailable, and Dr. Russell will testify live at trial. *See Jacobs v. Alam*, No. 15-10516, 2020 U.S. Dist. LEXIS 100618, at *8 (E.D. Mich. June 9, 2020) ("[A] witness must first be found 'unavailable' before a party may invoke Rule 807."). Further, consistent with their burden to support their non-party at fault claims, Veolia may easily present (and bears the burden of presenting) substantive evidence regarding those non-parties they claim are at fault for Plaintiffs' injuries and damages.

## II. ADMISSION OF THE REPORTS WOULD RESULT IN JURY CONFUSION AND PREJUDICE UNDER 403.

Dr. Russell's expert testimony and report which pertain to non-parties should also be excluded under Federal Rules 401 and 403. Indeed, nothing about any non-

---

[7] Under Veolia's logic, every expert's reports or prior testimony would be admissible under Rule 807, which would impermissibly broaden the scope of the Rule.

party's conduct renders it more or less likely that Veolia committed professional negligence in this case. Nor should Veolia be relieved of their burden of proof on their non-party at fault claims by substituting Plaintiffs' expert reports for their own substantive evidence. *See Holton v. A+ Ins. Assocs.*, 255 Mich. App. 318, 326 (2003) ("[D]efense has the burden of alleging and proving that another person's conduct was a proximate cause of the plaintiff's damages.").

On the other hand, admitting a substantive discussion of non-parties who have settled—especially through Plaintiffs' expert—will only lead to juror confusion and impermissible speculation. *See Crabbs v. Pitts*, No. 2:16-cv-0287, 2018 U.S. Dist. LEXIS 181353, at *10 (S.D. Ohio Oct. 23, 2018) ("[I]t is possible that dismissed claims might have some probative value, however slight[, b]ut the potential for unfair prejudice and confusion to the jury far outweigh any slight probative value."); *McGonegle v Select Comfort Retail Corp*, No. 1:19-cv-442, 2022 U.S. Dist. LEXIS 22928, at *14 (S.D. Ohio, Feb. 9, 2022) ("[T]he Court agrees that evidence of McGonegle's dismissed claim would be more prejudicial than probative under Federal Rule of Evidence 403."). Further, "the prejudice created by admission of such evidence cannot be cured through a limiting instruction to the jury." *Mavrinac v. Emergency Med. Ass'n of Pittsburgh*, No. 04-cv-1880, 2007 WL 4190714, at *2 (W.D. Pa. Nov. 21, 2007). Veolia's suggestion that the Court could simply instruct "the jury not to speculate about why any non-party is not at trial and not to draw any

6

inferences from the absence at trial of those non-parties because their absence has no bearing on Plaintiffs' claim or on VNA's defenses" would do little to temper the jury in practice.[8]

## CONCLUSION

Accordingly, the Court should grant Bellwether III Plaintiff's motion.

Dated:    August 23, 2024                                           Respectfully submitted,

| **LEVY KONIGSBERG LLP** | **NAPOLI SHKOLNIK PLLC** |
|---|---|
| /s/Corey M. Stern | /s/ Hunter J. Shkolnik |
| Corey M. Stern | Hunter J. Shkolnik |
| Melanie Daly | Patrick Lanciotti |
| Kiersten Holms | 360 Lexington Ave., 11th Floor |
| 605 Third Ave., 33rd Floor | New York, New York 10017 |
| New York, New York 10158 | (212) 397-1000 |
| (212) 605-6298 | hunter@nsprlaw.com |
| cstern@levylaw.com | |

*ATTORNEYS FOR PLAINTIFFS*

---

[8] As Plaintiffs explained, if the Court *does* admit the portions of Dr. Russell's report concerning a non-party's negligence, introduction of the partial settlement will be "reasonable" and "arguably necessary." *See Estate of Carlsen v. Sw. Mich. Emergency Servs.*, No. 351159, 2021 Mich. App. LEXIS 5281, at *18 (Mich. Ct. App. Sept. 2, 2021). References to a settlement may be necessary to avoid the jury deciding on an "improper basis," *cf. United States v. Sherrill*, 972 F.3d 752, 765 (6th Cir. 2020), particularly where the jury knows that the settled party was once a party to the action but no longer is. *See Estate of Carlsen*, 2021 Mich. App. LEXIS 5281, at *15–18.

## CERTIFICATE OF SERVICE

I hereby certify that on August 23, 2024, I electronically filed this document with the Clerk of the Court using the ECF System, which will send notification to the ECF counsel of record.

**LEVY KONIGSBERG, LLP**

/s/ Corey M. Stern
COREY M. STERN

1