UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

*In re* Flint Water Cases.

No.: 5:16-cv-10444-JEL-EAS
(consolidated)

Hon. Judith E. Levy
United States District Judge

_____/

## RECOMMENDATION OF THE SPECIAL MASTER AND MASTER GUARDIAN AD LITEM REGARDING PRODUCTION OF FLINT WATER SETTLEMENT CLAIMANT'S MEDICAL RECORDS FOR CLAIMS PURPOSES

Final approval of the Amended Settlement Agreement ("ASA") was granted on March 3, 2023, pursuant to the Amended Final Judgment and Order of Dismissal with Prejudice Implementing Partial Settlement Pursuant to Fed. R. Civ. P. 54(b) and 58(a). (ECF No. 2128)  This Court "retains exclusive jurisdiction over all matters relating to the interpretation, implementation, and enforcement of the Settlement Agreement."  (ASA § 23.5)

ASA Exhibit F is a comprehensive set of Instructions For Completing Flint Water Settlement Claim Form. (ECF No. 1394-11, Page ID 54307-54327)  These Court-approved Instructions set forth detailed required eligibility proofs for 29 Categories consisting of minor and adult personal injury claims, property claims, and business claims.  Excluding miscarriage and Legionnaire disease claims, there are four Adult Personal Injury Categories.  While each of these Categories have

varying proof requirements, all four Adult Injury Categories require defined verification of exposure to Flint water during specified time periods (for example, water bills, school records, pay stubs, tax returns, property deeds, leases) **and** for Adult Personal Injury Categories 22-25, specified objective evidence including blood level tests, bone scans, medical records or medical reports documenting that an enumerated medical condition was caused or exacerbated by exposure to Flint water during specified time periods.

Claimants, or attorneys for represented individuals, are primarily responsible for complying with the Instructions by submitting proofs to the Claims Administrators to recover under this settlement.

Flint Water Settlement adult claimant "LT" is represented by counsel. In accordance with the Claims Instructions for an Adult Personal Injury Claim, LT's counsel requested her complete health record from Dr. Farhan Khan with whom she consulted or received medical treatment. Dr. Khan's staff requested submission of a signed HIPAA Release by LT to be sent via facsimile as a condition of providing LT with her complete health record.

Accordingly, counsel prepared a HIPAA Release Form ("HIPAA Release") dated February 15, 2024, directed to the Medical Office of Dr. Farhan Kahn. The HIPAA Release seeks disclosure of "my complete health record including, but not limited to, diagnoses, lab test results, treatment and all billing records for all

2

conditions." This HIPAA Release was signed by LT and her counsel. As instructed by Dr. Khan's staff, LT's counsel faxed the HIPAA Release to Dr. Kahn's office on three separate dates, February 25, 2024, April 16, 2024, and again on May 14, 2024. Representatives of the Medical Office of Dr. Farhan Kahn were non-responsive except to instruct counsel to fax the HIPAA form again.

LT's counsel advised the Special Master that despite the HIPAA Release and their efforts, LT had been unable to obtain her health record, which delayed and interfered with her claim determination. The Special Master requested that the Master Guardian Ad Litem ("MGAL") contact Dr. Kahn to follow up on the HIPAA Release. The HIPAA Release was provided to the Special Master and MGAL. The MGAL telephoned Dr. Kahn's office on July 22, 2024 and July 25, 2024 leaving detailed voice mail messages relating to the HIPAA release, including LT's name, date of birth, the dates the HIPAA Releases were faxed to Dr. Kahn's office and the purpose of this follow up. Dr. Khan's office never responded.

To date, Dr. Kahn has not provided access to or produced any copies of LT's health record, in HIPAA parlance, Protected Health Information or "PHI."

Dr. Farhan Kahn holds himself out as an internist in the Flushing Michigan area. He is Board Certified by the American Board of Internal Medicine, in practice for more than 25 years. His private practice is a certified Patient-Centered Medical Home by Blue Cross Blue Shield of Michigan. Dr. Khan's medical services focus

3

on the diagnosis and treatment of acute and chronic conditions that affect adults. He promotes his practice as one "developing a lasting relationship between patients and our health care team – built on a foundation of trust, understanding and compassion." Dr. Khan's medical practice is a HIPAA covered entity under 45 CFR §160.103.

HIPAA grants an individual obtaining medical services the right of access to inspect and obtain a copy of an individual's protected health information. 45 CFR § 164.524. A covered entity may require an individual to make such requests in writing. A covered entity **must** act on a request for access to protected health information **no later than 30 days after receipt of the request** by either (i) granting the request, informing the individual, and providing the requested access to medical information or (ii) denying the required, in whole or in part, with a written denial provided to the requesting individual with the basis for the denial in plain language. 45 CFR § 164.524(b)(2)(i)(A) and (B), and §164.524(d)(2)(i). A covered entity may have only one extension of time on a request for access. 45 CFR 164.524(b)(2)(ii)(B).

Dr. Khan and his medical practice have failed or refused – for five months – to grant LT access to or provide copies of LT's health records in clear violation of its HIPAA obligations and LT's patient rights. Nor has Dr. Khan or his medical practice issued a written denial in plain language stating its reasons for non-production or access. Nor has Dr. Khan or his medical practice requested the one-

4

time extension of time to respond beyond the initial 30-day deadline. Further delay in LT's ability to obtain her complete health record from Dr. Farhan Kahn is prejudicial to her ability to advance her claim in the Flint Water Settlement.

For these reasons and to facilitate implementation of the ASA for adult claimant LT, the Special Master and the Master Guardian Ad Litem recommend that the Court enter the proposed Order submitted as Exhibit A.

Date: August 28, 2024    Respectfully Submitted,

/s/ Deborah E. Greenspan
Deborah E. Greenspan
Special Master
BLANK ROME LLP
Michigan Bar # P33632
1825 Eye Street, N.W.
Washington, DC 20006
Telephone: (202) 420-2200
Facsimile: (202) 420-2201
deborah.greenspan@blankrome.com

/s/ Miriam Z. Wolock
Miriam Z. Wolock (P49434)
Master Guardian Ad Litem
LAW OFFICES OF MIRIAM Z. WOLOCK, PLLC
40900 Woodward Avenue, Suite 100
Bloomfield Hills, MI 48304
Telephone: (248) 633-2630
Facsimile: (248) 633-2631
mwolock@wolocklaw.com

## CERTIFICATE OF SERVICE

I certify that on August 28, 2024, I electronically filed the foregoing document with the Clerk of Court using the Court's ECF system, which will send notification of such filing to attorneys of record.

Date:  August 28, 2024                    Respectfully Submitted,

*/s/ Deborah E. Greenspan*
Deborah E. Greenspan
Special Master
BLANK ROME LLP
Michigan Bar # P33632
1825 Eye Street, N.W.
Washington, DC  20006
Telephone: (202) 420-2200
Facsimile: (202) 420-2201
deborah.greenspan@blankrome.com

# EXHIBIT A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| *In re* Flint Water Cases. | No.: 5:16-cv-10444-JEL-EAS (consolidated) |
| | Hon. Judith E. Levy<br>United States District Judge |
| _____/ | |

## ORDER ADOPTING RECOMMENDATION OF THE SPECIAL MASTER AND MASTER GUARDIAN AD LITEM REGARDING PRODUCTION OF FLINT WATER SETTLEMENT CLAIMANT'S MEDICAL RECORDS FOR CLAIMS PURPOSES

Having reviewed the Recommendation of the Special Master and Master Guardian Ad Litem Regarding Production of Flint Water Settlement Claimant's Medical Records for Claims Purposes, and this Court having exclusive jurisdiction over all matters relating to the interpretation, implementation, and enforcement of the Amended Settlement Agreement, the Court hereby orders that within 7 business days of entry of this Order, the Medical Office of Dr. Farhan Kahn shall provide copies of claimant LT's complete health record, including but not limited to diagnoses, lab test results, treatment, and billing records for all conditions, together with a certification of a records custodian, to her counsel, Attorney Channing Robinson, Pitt McGehee, Palmer, Bonanni & Rivers, PC, 117 W. 4th Street, Suite 200, Royal Oak, MI 48067-3848, (248) 398-9800.

Master Guardian Ad Litem Miriam Wolock shall serve copies of the Recommendation of the Special Master and Master Guardian Ad Litem Regarding Production of Flint Water Settlement Claimant's Medical Records For Claims Purposes, this Order Adopting Recommendation of the Special Master and Master Guardian Ad Litem Regarding Production of Flint Water Settlement Claimant's Medical Records for Claims Purposes, and the HIPAA Release on Dr. Farhan Khan by registered or certified mail, return receipt requested, delivery restricted to the addressee, and first class mail to 6122 Pierson Road, Unit 5, Flushing Michigan 48433 and via facsimile to (810) 235-8656.

The Court reserves the issue of imposing costs and sanctions for failure to timely comply with this Order.

**IT IS SO ORDERED.**

Dated: August __, 2024
Ann Arbor, Michigan

JUDITH E. LEVY
United States District Judge