# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| IN RE FLINT WATER LITIGATION | Case No. 5:16-cv-10444-JEL-MKM <br> Hon. Judith E. Levy |
| This Document Relates To: <br> BELLWETHER III | Case No. 5:17-cv-10164-JEL-KGA |

---

**DEFENDANTS VEOLIA NORTH AMERICA, LLC, VEOLIA NORTH AMERICA, INC., AND VEOLIA WATER NORTH AMERICA OPERATING SERVICES, LLC'S REPLY IN SUPPORT OF THEIR MOTION TO EXCLUDE EVIDENCE ABOUT CLAIMS AND LAWSUITS THAT DO NOT INVOLVE THE FLINT WATER CRISIS**

## INTRODUCTION

VNA moved to exclude evidence relating to other claims and lawsuits filed against VNA that are unrelated to the Flint water crisis. In opposing VNA's motion, Plaintiffs repeat arguments that this Court has previously rejected and fail again to show the relevance of the evidence they seek to admit.

Plaintiffs first argue that VNA's motion is premature and overbroad. This Court correctly rejected that argument in Bellwether I. Without a ruling on this motion, Plaintiffs could refer to other claims and lawsuits as early as their opening statement, and an instruction to disregard any such reference would be disruptive and would not cure the prejudice to VNA. Further, Plaintiffs have failed to identify any permissible purpose for this evidence, so the Court has the information needed to rule now.

Plaintiffs also argue that evidence of other claims and lawsuits is admissible and relevant to the upcoming trial, though they refer specifically only to a lawsuit against VNA relating to its work in Pittsburgh. But VNA's work in other cities, such as Pittsburgh, has nothing to do with Plaintiffs' professional-negligence claims here. And introducing this evidence would be unduly prejudicial because it risks confusing the jury and would force the Court to conduct a series of wasteful mini-trials. The Court accordingly should reject Plaintiffs' arguments.

# ARGUMENT

## I. VNA's Motion Is Not Premature Or Overbroad

Plaintiffs argue that VNA's motion is premature and overbroad because it "does not identify any specific evidence that Veolia seeks to exclude." Pls. Opp. to VNA Mot. to Exclude Other Claims & Lawsuits (Opp.) 2, ECF No. 3108, PageID.106967.  The Bellwether I plaintiffs made the same argument, *see* Pls. Opp. to VNA Mot. to Exclude Other Claims & Lawsuits (BWI Opp.) 3, No. 17-10164 ECF No. 547, PageID.41608, and the Court correctly rejected it, Opinion & Order 4, No. 17-10164 ECF No. 655, PageID.43575.

VNA's motion is not premature.  Plaintiffs have sought and obtained in discovery evidence about other claims and lawsuits against VNA, and they have refused to stipulate that they will not refer to other claims and lawsuits at the upcoming trial.  VNA is asking for a ruling now because waiting until trial will be too late to protect VNA from unfair prejudice.  Plaintiffs might say in their opening statement that the Flint water cases are just part of a series of lawsuits against VNA for its water-engineering services.  Or they might reference the lawsuits during witness examinations, mentioning their existence before VNA can object.  An after-the-fact instruction will not fully cure the prejudicial effect that mentioning that VNA has been sued elsewhere will have on the jury.  The Court therefore should rule on the admissibility of these lawsuits now.

Plaintiffs suggest that the Court lacks the necessary information to rule that references to lawsuits unrelated to Flint should be excluded. Opp. 1, PageID.106966. But they have failed to identify a single permissible purpose for admitting evidence about lawsuits that involve different plaintiffs, different injuries, different allegations, and different issues. Waiting until trial will not provide the Court with any additional information relevant to its ruling, but it will put VNA at the risk of significant prejudice if the lawsuits are mentioned in the jury's presence.

## II.  Evidence Of Other Claims And Lawsuits Is Inadmissible

### A.  Evidence Of Other Claims And Lawsuits Is Inadmissible Character Evidence Under Rule 404

The Court correctly concluded in Bellwether I that "any evidence about other lawsuits filed against Veolia . . . would likely fall into the category of impermissible character evidence under Federal Rule of Evidence 404(a)(1)." Opp. 3, PageID.106968.

Plaintiffs assert that, since the trial in Bellwether I, "evidence has come to light regarding the overlap in Veolia's work in both Flint and Pittsburgh" that now justifies the introduction of evidence relating to Pittsburgh. Opp. 4, PageID.106969. They cite a 2018 article from the Intercept that supposedly confirms "unfortunate parallels" between VNA's work in Flint and Pittsburgh. *Id.* But that article predated the first Bellwether trial by four years. And Plaintiffs do not explain why that article justifies the introduction of impermissible character evidence. *Id.*

3

Plaintiffs also argue that they should be permitted to introduce evidence about VNA's underlying work in Pittsburgh, without referring specifically to any other claim or lawsuit. Opp. 4, PageID.106969. But that is beyond the scope of this motion. VNA has not yet sought to exclude such evidence. Instead, VNA reserves its rights to object to such evidence if Plaintiffs try to introduce it during trial, as VNA did in the first Bellwether trial.[1] Accordingly, the Court need not address Plaintiffs' argument that this evidence is admissible to resolve this motion.

### B. Evidence About Claims And Lawsuits Against VNA That Do Not Involve The Flint Water Crisis Is Irrelevant Under Rule 402

Evidence about other claims and lawsuits also is irrelevant and therefore inadmissible under Rule 402. Br. in Supp. of VNA Mot. to Exclude Evidence About Other Claims and Lawsuits (VNA Br.) 5-7, ECF No. 3056, PageID.105338-105340. Plaintiffs fail to show otherwise.

Plaintiffs contend that VNA's work in Pittsburgh is relevant to "the credibility of Veolia's statements that [it] had no reason to suspect" elevated lead levels, "the reasonableness of" VNA's actions, and VNA's past experience, all of which, they

---

[1] The Bellwether I plaintiffs tried to ask Marvin Gnagy about his work in Pittsburgh, and plaintiffs' counsel averred that he "wasn't going to talk about other lawsuits" when questioning Mr. Gnagy. June 9, 2022, Tr. 5454, No. 17-10164 ECF No. 924, PageID.66608. VNA objected, and the Court "sustain[ed] the objection to that further questioning . . . about the Pittsburgh case" that would result in questions and inquiries wholly unrelated to the Flint water crisis. *Id.* at 5468-69, PageID.66622-66623. As the Court correctly recognized, the testimony was irrelevant and would risk confusing the jury.

4

say, bears on VNA's "knowledge" and "opportunity." Opp. 5-7, PageID.106970-106972 (quoting *McLeod v. Parsons Corp.*, 73 F. App'x 846, 854 (6th Cir. 2003)). But none of these factors has any bearing on the claims at issue here. Plaintiffs have brought professional-negligence claims. Under Michigan law, professionals are held to an objective standard: "The rule is firmly established that defendant[s] [are] bound to use the degree of diligence and skill which is ordinarily possessed by the average members of the profession in similar localities." *Cox ex rel. Cox v. Bd. of Hosp. Managers for City of Flint*, 467 Mich. 1, 21 (2002) (quoting *Rytkonen v. Lojacono*, 269 Mich. 270, 274-75 (1934)). VNA's subjective knowledge and experiences relating to lead treatment elsewhere have no relevance in determining whether the actions it took in Flint were objectively reasonable.

The other evidence that Plaintiffs cite does not support their argument either. Plaintiffs point to the 2023 report by their expert Dr. Russell, which mentions VNA's work in Pittsburgh. Opp. 5-6, PageID.106970-106971. But the Russell Report asserts merely that VNA had worked on similar issues in Pittsburgh and does nothing to show whether VNA's actions in Flint were objectively reasonable. *Id.* Similarly, Plaintiffs invoke testimony from Marvin Gnagy elicited during the Pittsburgh litigation. *Id.* at 5-6, 8, PageID.106970-106971, 106973. But that testimony unsurprisingly focused only on VNA's work in Pittsburgh and sheds no light on the reasonableness of its actions in Flint. Finally, Plaintiffs rely on VNA's response to

5

Flint's request for bid proposals in which VNA referred to its work in Pittsburgh, *id.* at 6, PageID.106971, but Plaintiffs fail to explain how a cursory reference to Pittsburgh in VNA's bidding materials has any bearing on whether VNA subsequently acted reasonably in Flint.[2]

Plaintiffs also argue that the Pittsburgh litigation is relevant to their claims because VNA engaged in public-relations work in both Pittsburgh and Flint that revealed "similar themes and . . . strategies." Opp. 10, PageID.106975. But as VNA has explained elsewhere, evidence about VNA's public-relations efforts in Flint is completely irrelevant here. VNA's Mot. to Exclude Testimony & Documents Relating to Public-Relations Efforts 6-12, ECF No. 3044, PageID.102981-102987. Evidence about public-relations efforts addressing different litigation, that arose from work on a different project in a different city, is even less relevant.

### C. Evidence Concerning The Pittsburgh Litigation Should Be Excluded Under Rule 403

As VNA explained in its opening brief, references to litigation arising from VNA's work in other cities would be unduly prejudicial. It would risk leading the jury to "draw improper conclusions," *Ross v. Am. Red Cross*, No. 09-cv-905, 2012 WL 2004810, at *5 (S.D. Ohio June 5, 2012); and it would force detailed inquiries

---

[2]  Moreover, all of this evidence was available to the Bellwether I plaintiffs. *See* Report of Dr. Larry L. Russell 16, No. 17-10164 ECF No. 988-5, PageID.69908 (referring to Pittsburgh); BWI Opp. 2, PageID.41607 (citing Gnagy's testimony in the Pittsburgh litigation).

6

into the circumstances surrounding that evidence, wasting everybody's time. VNA Br. 7-9, PageID.105340-105342.

In response, Plaintiffs argue only that the Court could offer curative instructions. Opp. 9, PageID.106974. But an instruction would not cure the prejudicial impact of a reference to other litigation. And curative instructions would not resolve the prejudice resulting from the intensive mini-trials that would be required. For these reasons, the Court should not allow such evidence.

## CONCLUSION

The Court should exclude all evidence regarding claims and lawsuits against VNA that do not involve the Flint water crisis.

Respectfully submitted,

| | |
|---|---|
| **CAMPBELL, CONROY & O'NEIL P.C.** | **MAYER BROWN LLP** |
| By: /s/ *James M. Campbell* | By: /s/ *Michael A. Olsen* |
| James M. Campbell | Michael A. Olsen |
| Alaina N. Devine | 71 South Wacker Drive |
| 20 City Square, Suite 300 | Chicago, IL 60606 |
| Boston, MA 02129 | (312) 701-7120 |
| (617) 241-3000 | molsen@mayerbrown.com |
| jmcampbell@campbell-trial-lawyers.com | |
| adevine@campbell-trial-lawyers.com | |

*Attorneys for Veolia North America, LLC, Veolia North America, Inc., and Veolia Water North America Operating Services, LLC*

Dated: August 29, 2024

7

## CERTIFICATE OF SERVICE

I hereby certify that on August 29, 2024, I electronically filed the foregoing document with the Clerk of the Court using the ECF System, which will send notification to the ECF counsel of record.

By:  */s/ James M. Campbell*
James M. Campbell
jmcampbell@campbell-trial-lawyers.com