# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| IN RE FLINT WATER LITIGATION | Case No. 5:16-cv-10444-JEL-MKM<br>Hon. Judith E. Levy, District Judge |
| This Document Relates To:<br>BELLWETHER III | Case No. 5:17-cv-11166-JEL-KGA |

_____

**DEFENDANTS VEOLIA NORTH AMERICA, LLC, VEOLIA NORTH AMERICA, INC., AND VEOLIA WATER NORTH AMERICA OPERATING SERVICES, LLC'S REPLY IN SUPPORT OF THEIR MOTION TO EXCLUDE TESTIMONY AND DOCUMENTS RELATING TO PUBLIC-RELATIONS EFFORTS**

# INTRODUCTION

VNA moves to exclude seven categories of evidence related to VNA's and VE's public-relations efforts as irrelevant and inadmissible pursuant to Rule 403. Plaintiffs insist that the Court should wait until trial to rule on the admissibility of this evidence, but they do not identify a single piece of evidence within the identified categories that is relevant to their claims. Plaintiffs' arguments under Rule 403 are equally unpersuasive—they fail to explain why the jury should be subjected to a sideshow about VNA's and VE's public-relations efforts, particularly when the bulk of those efforts took place years after the water crisis. The Court should exclude evidence about VNA's and VE's public-relations efforts now to ensure that limited trial time is not squandered on this irrelevant and unfairly prejudicial topic, which will not aid the jury in determining what happened in Flint during VNA's 2015 engagement.

# ARGUMENT

**I.     Testimony And Documents About VE's And VNA's Public-Relations Efforts In The Flint Water Litigation Are Irrelevant**

VNA identified seven categories of evidence related to VE's and VNA's public-relations efforts that should be excluded. *See* VNA Br. in Supp. of Mot. to Exclude Testimony & Documents Relating to Public-Relations Efforts (VNA Br.) 1-2, ECF No. 3044, PageID.102976-102977. Plaintiffs make no argument at all as to two of those categories (testimony and documents about VNA's Google

1

advertising purchases; and testimony and documents regarding Actum's conduct and proposed public-relations strategy), implicitly conceding that they are irrelevant and inadmissible. *See* Pls. Opp. to VNA Mot. to Exclude Testimony & Documents Relating to Public-Relations Efforts (Opp.) 4 n.4, ECF No. 3107, PageID.106952.

Plaintiffs nonetheless ask the Court to refrain from ruling on these categories because Plaintiffs might later want to introduce this type of evidence. Opp. 4 n.4, PageID.106952. But there is no reason to leave the door open to this evidence when Plaintiffs cannot articulate a reason why it may be relevant. It plainly is not, because it addresses only conduct that took place years after the water crisis and so would not aid the jury in determining whether or how Plaintiffs were allegedly injured in 2015. *See* VNA Br. 8-9, 11-12, PageID.102983-102984, 102986-102987.[1]

Plaintiffs' arguments about the relevance of the remaining categories fare no better.

*VE's or VNA's use of third-party public-relations consultants.* This category refers to materials and documents about VE's and VNA's decision to hire third-party public-relations consultants, the nature of the consultants' services, and how much

---

[1] Plaintiffs state in passing that they "are not entirely sure what would fall under Veolia's definition of Actum's conduct and proposed public-relations strategy." Opp. 4 n.4, PageID.106952. To clarify, this category refers to the actions addressed by this Court's May 13, 2024, order, and any proposal from Actum to VNA or VE about public-relations strategies for responding to the *Flint Water* cases. *See* VNA Br. 4, PageID.102979.

2

the consultants were paid. *See* VNA Br. 6-7, PageID.102981-102982. Although Plaintiffs say that this category includes relevant information, *see* Opp. 3, PageID.106951, they neither explain how nor provide a single example.

Plaintiffs are also wrong in arguing that this category is so "amorphous" that the Court should wait until trial to rule on its admissibility. Opp. 4-5, PageID.106952-106953. The Court has ruled on motions *in limine* seeking exclusion of categories of information—such as references to VNA employees drinking unfiltered Flint tap water, to other lawsuits against VNA, or to certain kinds of inappropriate argument. The Court can hold similarly that references to VE's or VNA's use of third-party public-relations consultants is irrelevant without having before it every piece of evidence that may fall into that category.

In addition, this Court has overseen Plaintiffs' discovery into these public-relations materials for nearly two years; it is thus well acquainted with the scope of these materials. That makes this case different in kind from Plaintiffs' cited authorities, *see* Opp. 4-6, PageID.106952-106954, in which courts lacked sufficient information about the evidence at issue and therefore were being asked to "make evidentiary decisions in a vacuum," *Victor v. Reynolds*, No. 20-cv-13218, 2024 WL 811515, at *6 (E.D. Mich. Feb. 27, 2024) (internal quotation marks omitted).

*The www.veoliaflintfacts.com website and @VNAFlintFacts Twitter account.* These two categories address both the fact that VNA created these platforms and the

3

statements made on them. *See* VNA Br. 8, PageID.102983. Plaintiffs do not explain how VNA's choice to make the platforms is relevant—and as VNA explained in its opening brief, it is not. *See id*. As for the statements on these platforms, Plaintiffs point to only a single Tweet stating that "the People of Flint have suffered deeply," and argue that this language "impeach[es]" VNA's evidence that Plaintiffs were not injured. Opp. 7-8, PageID.106955-106956. Not true: VNA's recognition that the people of Flint "suffered deeply" when they were delivered discolored and foul-smelling water and needed to drink, cook, and bathe with bottled water in no way contradicts VNA's arguments in this case that the individual Plaintiffs here show no signs of injury *from lead exposure* from consuming Flint tap water.

Plaintiffs also assert that VNA has failed to explain why "webpages that contain hundreds of party admissions" are not relevant. Opp. 9, PageID.106957. But as proponents of the evidence, the burden is on Plaintiffs to demonstrate relevance, not on VNA to demonstrate irrelevance. Further, VNA has demonstrated that the statements are irrelevant: The statements were created years after VNA's short-term contract in Flint was over. That is why Plaintiffs have been unable to point to a single statement on the www.veoliaflintfacts.com website or the @VNAFlintFacts Twitter feed that is relevant to their claims.

*Public-relations strategy*. This category addresses VNA's and VE's internal communications about public-relations strategy, including particularly their

4

communications with third-party consultants. VNA Br. 9, PageID.102984. Plaintiffs make two arguments about this category. First, they assert that the category is impermissibly "vague," because "Plaintiffs are unlikely to agree with Veolia's position of what constitutes a document related to public relations strategy." Opp. 5, PageID.106953. As an example, Plaintiffs say that "Veolia might contend that its entire website is a mere public relations strategy," so a witness who relied on the website during the 2015 bidding process could not testify about doing so. *Id*. Plaintiffs are trying to create confusion where there is none. This category addresses post-2015 internal documents discussing strategy decisions among communications professionals who lack personal knowledge about VNA's actions in Flint. Again, this Court can address the relevance of this category of information just as it has for other similarly distinct categories. *See* page 3, *supra*.

Second, Plaintiffs insist that these strategy documents are relevant because "evidence suggesting [that] Veolia's story of what happened in Flint was *created*" by public-relations professionals will help the jury assess the "credibility" of VNA's witnesses. Opp. 11, PageID.106959. It is unclear what Plaintiffs mean by this. If they want to suggest to the jury that VNA's witnesses were coached on their testimony by public-relations professionals, Plaintiffs do not point to a single piece of evidence that they wish to introduce to substantiate that theory (for there is none). Plaintiffs should not be allowed to divert the jury's time and attention with wild

5

suppositions. Documents and testimony about public-relations strategy discussions among communications professionals after VNA was drawn into litigation simply are not relevant.

*Draft public-relations documents*. This category addresses draft public-relations documents prepared by communications professionals with no personal knowledge about VNA's actions in Flint. VNA Br. 11, PageID.102986. In defending the relevance of this category of documents, Plaintiffs identify only a draft public statement with edits from VNA engineer Bill Fahey. Opp. 8-9, PageID.106956-106957. But Fahey has personal knowledge about VNA's work in Flint, so VNA's motion does not seek exclusion of his edits—or of similar edits from Rob Nicholas, Marvin Gnagy, or any other VNA employee with actual knowledge about VNA's Flint-related conduct. *See* Opp. 11, PageID.106959. Plaintiffs thus fail to identify any evidence in this category that is relevant to their claims.

## II. Testimony And Documents About VE's And VNA's Public-Relations Efforts Are Inadmissible Under Rule 403

Plaintiffs advance two arguments for why evidence about VE's and VNA's public-relations efforts survives a Rule 403 analysis, but both are wrong.

First, Plaintiffs accuse VNA of engaging in "pure speculation" and assert that VNA's motion is too vague for the Court to determine "whether amorphous evidence would be prejudicial." Opp. 12-13, PageID.106960-106961. Yet VNA was anything but vague—it explained that the jury could disapprove of VNA spending

6

funds on third-party public-relations consultants and Google ads or could dislike draft public statements or strategy proposals written by communications professionals with no personal knowledge about VNA's conduct in Flint. VNA Br. 12-13, PageID.102987-102988. The Court need not see the precise context in which Plaintiffs would introduce this evidence to assess how it could inflame the jury's hostility against VNA.[2]

Second, Plaintiffs argue that introducing evidence about VE's and VNA's public-relations efforts would not waste the jury's time because "the Court has set time limits and the parties are free to use their allotted time to introduce or counter evidence as they see fit." Opp. 13, PageID.105961. But VNA should not be forced to devote its limited trial time to rebutting attacks on its public-relations efforts that lack any probative value, especially because the time spent is unlikely to be equal. For example, if Plaintiffs introduce evidence about VNA's decision to hire public-relations consultants, VNA would have to devote far more time to explaining how it followed corporate best practices for responding to high-profile litigation.

## CONCLUSION

The Court should grant VNA's motion.

---

[2] Plaintiffs also accuse VNA of being inconsistent because VNA asserts that it did nothing wrong when it spoke publicly about the water crisis, yet maintains that evidence about its public-relations efforts would be unduly prejudicial. Opp. 12 n.12, PageID.106960. But the fact that VNA is entitled to defend itself in public does not mean that lay jurors might not disapprove of its efforts to do so.

7

                                          Respectfully submitted,

| **CAMPBELL, CONROY & O'NEIL P.C.** | **MAYER BROWN LLP** |
|---|---|
| By: */s/ James M. Campbell*<br>James M. Campbell<br>Alaina N. Devine<br>20 City Square, Suite 300<br>Boston, MA 02129<br>(617) 241-3000<br>jmcampbell@campbell-trial-lawyers.com<br>adevine@campbell-trial-lawyers.com | By: */s/ Michael A. Olsen*<br>Michael A. Olsen<br>71 S. Wacker Dr.<br>Chicago, IL 60606<br>(312) 701-7120<br>molsen@mayerbrown.com |

*Attorneys for Veolia North America, LLC, Veolia North America, Inc., and Veolia Water North America Operating Services, LLC*

Dated:  August 29, 2024

## CERTIFICATE OF SERVICE

I hereby certify that on August 29, 2024, I electronically filed the foregoing document with the Clerk of the Court using the ECF System, which will send notification to the ECF counsel of record.

By:  */s/ James M. Campbell*
James M. Campbell
jmcampbell@campbell-trial-lawyers.com