**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

| | |
|---|---|
| *In Re Flint Water Cases* | No. 5:16-cv-10444-JEL-EAS |
| | HON. JUDITH E. LEVY |
| | MAG. ELIZABETH A. STAFFORD |

**CLASS PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS
SETTLEMENT WITH VNA DEFENDANTS**

For the reasons stated in the attached memorandum of support, and supporting

declarations and exhibits, Class Plaintiffs, through their counsel, move[1] the Court

to:

- Grant final approval of the class components of the VNA Amended
  Class Settlement Agreement ("VSA") under Federal Rule of Civil
  Procedure 23(e) as fair, reasonable, and adequate;

- Grant final certification of the Settlement Class and Subclasses set forth
  in the VSA under Federal Rule of Civil Procedure 23(a) and (b)(3);

- Appoint VNA Settlement Subclass Representatives as representatives
  of the VNA Settlement Class as follows:

  o Rhonda Kelso, Barbara and Darrell Davis, Tiantha Williams, and
    Michael Snyder, as personal representative of the Estate of John
    Snyder, as representatives of the Adult Exposure Subclass;

  o Elnora Carthan and David Munoz as representatives of the
    Property Damage Subclass; and

---

[1] Pursuant to Local Rule 7.1, Class Plaintiffs sought consent in this motion
from Defendants. Settling Defendants do not object to the relief in this motion.

o 635 South Saginaw LLC, Frances Gilcreast, and Neil Helmkay as representatives of the Business Economic Loss Subclass.

- Appoint Cohen Milstein Sellers & Toll PLLC, and Pitt McGehee Palmer Bonanni & Rivers, PC, and the Executive Committee, as Settlement Class Counsel under Federal Rule of Civil Procedure 23(g) to represent the VNA Settlement Class.

Dated: September 6, 2024                     Respectfully submitted,

By: */s/Theodore J. Leopold*
Theodore J. Leopold
COHEN MILSTEIN SELLERS
& TOLL PLLC
11780 U.S. Highway One, Suite N500
Palm Beach Gardens, FL 33408
Telephone: (561) 515-1400
tleopold@cohenmilstein.com
***CO-LEAD CLASS COUNSEL***

By: */s/ Michael L. Pitt*
Michael L. Pitt
PITT MCGEHEE PALMER BONANNI
& RIVERS, P.C.
117 W. Fourth Street, Suite 200
Royal Oak, MI 48067
Telephone: (248) 398-9800
mpitt@pittlawpc.com
***CO-LEAD CLASS COUNSEL***

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing instrument was filed with the U.S. District Court through the ECF filing system and that all parties to the above case were served via the ECF filing system on September 6, 2024.

Dated: September 6, 2024

By: */s/Theodore J. Leopold*
Theodore J. Leopold
COHEN MILSTEIN SELLERS
& TOLL PLLC
11780 U.S. Highway One, Suite N500
Palm Beach Gardens, FL 33408
Telephone: (561) 515-1400
tleopold@cohenmilstein.com

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| *In Re Flint Water Cases* | No. 5:16-cv-10444-JEL-EAS |
| | HON. JUDITH E. LEVY |
| | MAG. ELIZABETH A. STAFFORD |

# MEMORANDUM IN SUPPORT OF CLASS PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS SETTLEMENT WITH VNA DEFENDANTS

# TABLE OF CONTENTS

CONCISE STATEMENT OF THE ISSUES PRESENTED.................................. vi

CONTROLLING OR MOST APPROPRIATE AUTHORITY ............................ vii

INTRODUCTION ...........................................................................................1

BACKGROUND .............................................................................................2

   A.   The VNA Class Settlement ..............................................................3

   B.   Preliminary Approval .....................................................................5

   C.   Notice & Registration......................................................................6

LEGAL STANDARD.......................................................................................7

ARGUMENT ..................................................................................................9

   A.   The VNA Class Settlement Is Fair, Reasonable, and Adequate ..........9

       1.   The VNA Class Settlement Is Procedurally Fair.....................11

       2.   The Relief Provided to the Class Is Adequate ..........................13

           a.   The Costs, Risks, and Delay of Trial and Appeal ..........14

           b.   Effectiveness of Any Proposed Method of Distributing Relief to the Class, Including the Method of Processing Class Member Claims ................15

           c.   The Terms and Timing of Any Proposed Award of Attorneys' Fees.................................................................16

       3.   The Settlement Treats Class Members Equitably Amongst Each Other and Other Settlement Participants..........17

       4.   The Remaining *Int'l Union* Factors Support Final Approval........................................................................................18

           a.   Likelihood of Success on the Merits .............................18

           b.   Opinions of Class Counsel and Class Representatives, and Reaction of Absent Class Members .......................................................................19

           c.   Public Interest ................................................................20

   B.   Final Certification of the VNA Settlement Class and Subclasses—Substantially Similar to the Previous Settlement Classes—is Warranted. ..............................................21

   C.   The Court Should Re-Appoint Co-Lead Class Counsel and the Executive Committee as Class Counsel for Purposes of Final Approval Under Rule 23(g).................................................................22

D.    The Implemented Notice Plan Satisfies Rule 23(e) and Due Process ............................................................................... 23

CONCLUSION ......................................................................................... 24

CERTIFICATE OF SERVICE .................................................................. 25

# TABLE OF AUTHORITIES

**Cases**                                                                                       **Page(s)**

*Carson v. Am. Brands, Inc.*,
   450 U.S. 79 (1981).........................................................................................9, 13

*Dick v. Sprint Commc'ns Co. L.P.*,
   297 F.R.D. 283 (W.D. Ky. 2014) .......................................................................8

*Garner Props. & Mgmt., LLC v. City of Inkster*,
   No. 17-cv-13960, 2020 WL 4726938 (E.D. Mich. Aug. 14, 2020) ...................21

*Griffin v. Flagstar Bancorp, Inc.*,
   No. 2:10-cv-10610, 2013 WL 6511860 (E.D. Mich. Dec. 12, 2013) ............7, 20

*Grunin v. Int'l House of Pancakes*,
   513 F.2d 114 (8th Cir. 1975) .............................................................................23

*Hainey v. Parrott*,
   617 F. Supp. 2d 668 (S.D. Ohio 2007) ..............................................................12

*In re Auto. Refinishing Paint Antitrust Litig.*,
   617 F. Supp. 2d 336, 342 (E.D. Pa. 2007).........................................................20

*In re Cardizem CD Antitrust Litig.*,
   218 F.R.D. 508 (E.D. Mich. 2003) ...................................................8, 13, 15, 20

*In re Flint Water Cases ("ASA Final Approval")*,
   571 F. Supp. 3d 746 (E.D. Mich. 2021) ......................................................*passim*

*In re Flint Water Cases ("ASA Preliminary Approval")*,
   499 F. Supp. 3d 399 (E.D. Mich. 2021) .................................................2, 21, 23

*In re Flint Water Cases ("Issues Class Certification")*,
   558 F. Supp. 3d 459 (E.D. Mich. 2021) .................................................2, 21, 22

*In re Flint Water Cases ("LAN Preliminary Approval")*,
   No. 5:16-cv-10444, 2023 WL 7724502 (E.D. Mich. Nov. 15, 2023) ….*passim*

*In re Nat'l Football League Players' Concussion Inj. Litig.*,
   301 F.R.D. 191 (E.D. Pa. 2014) ............................................................................18

*In re Oil Spill by Oil Rig Deepwater Horizon*,
   910 F. Supp. 2d 891 (E.D. La. 2012) ...................................................................18

*In re Packaged Ice Antitrust Litig.*,
   No. 08-MD-01952, 2011 WL 717519 (E.D. Mich. Feb. 22, 2011) ..................20

*Int'l Union, UAW v. Ford Motor Co.*,
   No. 05-cv-74730, 2006 WL 1984363 (E.D. Mich. July 13, 2006) .....................9

*Int'l Union, UAW. v. Gen. Motors Corp.*,
   497 F.3d 615 (6th Cir. 2007) ...................................................................8, 10, 18

*IUE-CWA v. Gen. Motors Corp.*,
   238 F.R.D. 583 (E.D. Mich. 2006) ............................................................7, 9, 19

*Kis v. Covelli Enters., Inc.*,
   Nos. 4:18-cv-54, 4:18-cv-434, 2020 WL 2812405 (N.D. Ohio May
   29, 2020) ...............................................................................................................17

*Phillips Petroleum Co. v. Shutts*,
   472 U.S. 797 (1985)...............................................................................................23

*Sheick v. Auto. Component Carrier LLC*,
   No. 2:09-cv-14429, 2010 WL 4136958 (E.D. Mich. Oct. 18, 2010) ................14

*Stoetzner v. U.S. Steel Corp.*,
   897 F.2d 115 (3d Cir. 1990) .................................................................................20

*Taifa v. Bayh*,
   846 F. Supp. 723 (N.D. Ind. 1994) ......................................................................20

*TBK Partners, Ltd. v. W. Union Corp.*,
   675 F.2d 456 458, 462 (2d Cir. 1982) .................................................................20

*Vassalle v. Midland Funding LLC*,
   708 F.3d 747 (6th Cir. 2013) ...............................................................................12

**Rules**

FED. R. CIV.P. 23 ..............................................................................*passim*

**Other Authorities**

4 William Rubenstein, *Newberg and Rubenstein on Class Actions* §
    13:44 (6th ed. 2023).........................................................................................8, 15

**CONCISE STATEMENT OF THE ISSUES PRESENTED**

1.  Should the Court grant final approval of the class portions of the VNA Class Settlement Agreement as fair, reasonable, and adequate under Federal Rule of Civil Procedure 23?

2.  Did the Notice provided to the VNA Settlement Class satisfy Federal Rule of Civil Procedure 23(e) and due process?

3.  Should the Court grant final certification to the VNA Settlement Class and Subclasses under Federal Rule Civil Procedure 23(a), (b)(3), and (e)?

4.  Should the Court appoint Cohen Milstein Sellers & Toll PLLC, and Pitt McGehee Palmer Bonanni & Rivers, PC, and the Executive Committee, as Settlement Class Counsel under Federal Rule Civil Procedure 23(g) to represent the VNA Settlement Class?

## CONTROLLING OR MOST APPROPRIATE AUTHORITY

- Michigan Court Rules 2.420

- Federal Rule of Civil Procedure 23

- *In re Flint Water Cases ("ASA Preliminary Approval")*, 499 F. Supp. 3d 399 (E.D. Mich. 2021)

- *In re Flint Water Cases ("Issues Class Certification")*, 558 F. Supp. 3d 459 (E.D. Mich. 2021)

- *In re Flint Water Cases ("ASA Final Approval")*, 571 F. Supp. 3d 746 (E.D. Mich. 2021)

- *In re Flint Water Cases ("LAN Preliminary Approval")*, No. 5:16-cv-10444, 2023 WL 7724502 (E.D. Mich. Nov. 15, 2023)

- Order Granting Class Pls.' Mot. for Prelim. Approval of Class Settlement with VNA Defs., ECF No. 3009

- *Hainey v. Parrott*, 617 F. Supp. 2d 668 (S.D. Ohio 2007)

- *Olden v. Gardner*, 294 F. App'x 210 (6th Cir. 2008)

- *In re Cardizem CD Antitrust Litig.*, 218 F.R.D. 508 (E.D. Mich. 2003)

# INTRODUCTION

Class Plaintiffs secured a settlement with VNA,[2] the last remaining private engineering defendant in this class litigation, for a $25 million contribution to the Class-components of the existing Court-monitored Qualified Settlement Fund ("QSF").[3] The Court has already preliminarily approved the settlement.[4] Since preliminary approval, there has been a robust notice program substantially similar to the notices previously sent out regarding class settlements with the state defendants and with LAN. **There have been no objectors to the VNA settlement and only four opt-outs out of thousands of class members**. The Court should grant final approval.

The VNA Class Settlement ensures that the Class receives substantial compensation from a defendant that fiercely contested every aspect of liability, damages, and class certification through to the eve of trial. The settlement avoids the enormous risk and uncertainty associated with a lengthy jury trial on the Issues Class

---

[2] "VNA" means Veolia North America, LLC, Veolia North America, Inc., and Veolia Water North America Operating Services, LLC, as well as any direct or indirect parent, subsidiary, affiliate, predecessor, or successor of any of the aforementioned entities.

[3] The QSF was established in connection with Plaintiffs' settlement with the state and local government entities, as well as Rowe Professional Services Company and McLaren Hospital. ECF No. 1394-2.

[4] Order Granting Class Pls.' Mot. for Prelim. Approval of Class Settlement with VNA Defs., ECF No. 3009.

1

claims, and the years of post-verdict proceedings that would be required to obtain a litigated recovery. By adopting the grid and claims procedures already in existence—such that class members who have already completed a registration claim form do not need to do anything further to become eligible for compensation—the VNA Class Settlement ensures an efficient and proper distribution of these additional funds. For these reasons and those discussed more fully below, the Court should grant final approval to the fair and reasonable VNA Class Settlement.

## BACKGROUND

As relevant to this motion, the Court approved a settlement ("Amended Settlement Agreement" or "ASA") in 2021 with all but two defendants[5]—the private engineering firms LAN[6] and VNA—against whom litigation continued. Also in 2021, following extensive discovery and briefing, the Court certified an Issues Class to determine, on a class-wide basis, several critical liability determinations.[7] The Court granted final approval of a class settlement with LAN on May 21, 2024.[8] The

---

[5] *See* ECF No. 1394-2 (ASA); *In re Flint Water Cases ("ASA Preliminary Approval")*, 499 F. Supp. 3d 399 (E.D. Mich. 2021).

[6] Leo A. Daly Company, Lockwood Andrews and Newnam, Inc., and Lockwood and Newnam, P.C. (collectively "LAN").

[7] *In re Flint Water Cases ("Issues Class Certification")*, 558 F. Supp. 3d 459 (E.D. Mich. 2021).

[8] Order Granting Pls.' Mot. for Final Approval of Class Settlement with LAN Defendants, ECF No. 2968. Parallel litigation remains ongoing against the United

VNA Class Settlement was the product of extensive negotiations and further proceedings that continued through to shortly before the scheduled trial date.

## A. The VNA Class Settlement

With the assistance of experienced mediator Eric D. Green of Resolutions, LLC, Class Plaintiffs and VNA engaged in extensive, arms-length negotiations on and off for several years. The parties conducted two in-person sessions along with numerous follow-up discussions via Zoom, telephone, and email. During the initial mediation process, the parties discussed various potential settlement structures, including the possibility of a global settlement that would have included all parties to the litigation.

When it became clear the parties would be unable to reach a global settlement involving all claims and all parties, Class Plaintiffs and VNA then discussed the possibility of a settlement of the class claims, only. The parties then continued arms-length negotiations over the course of several months. The Class Plaintiffs and VNA ultimately reached a settlement on the eve of the Issues Class Trial in February

---

States of America and the U.S. Environmental Protection Agency for their role in the Flint Water Crisis.

2024,[9] which the Court preliminarily approved on June 17, 2024. Order Granting

Class Pls. Mot. for Preliminary Approval of VNA Class Settlement, ECF No. 3009.[10]

The VNA Class Settlement contributes a total of $25 million for Class

Members to the class portions of the Court-monitored QSF established by the ASA,

which will provide direct payments to Flint residents. VNA Amended Class

Settlement Agreement ("VSA"), ¶¶ 2.1, 5.1-2.[11] Based on an allocation negotiated

by Settlement Sub-Class Counsel, the net settlement proceeds shall be distributed

48% for Adult Claimants, 50% for Property Damage Claimants, and 2% to the

Business Economic Loss Sub-Qualified Settlement Fund. *Id.* ¶ 5.3. Class members

who have already registered and made claims under the ASA or the LAN Settlement

are automatically considered for compensation from the VNA Class Settlement

without needing to take any further action to supplement their claims. Individuals or

---

[9] Class Plaintiffs and Class Counsel carefully weighed the consideration of the $25 million settlement value against the risk of no recovery at all, especially given the context of an Issues Class trial, the likelihood of an appeal from any favorable verdict, the prospect of years of follow-on damages trials that could be needed for members of the Class to obtain any recovery absent a settlement.

[10] This settlement does not include Individual Plaintiffs which, represented by Co-Liaison Counsel, continue to litigate against VNA.

[11] *See* ECF No. 2958-1.

entities who did not participate under the ASA or LAN Settlement can still register and submit claims as to VNA Class Settlement funds.[12]

**B. Preliminary Approval**

On June 17, 2024, the Court granted Class Plaintiffs' Motion for Preliminary Approval. ECF No. 3009. Specifically, the Court found that Class Plaintiffs' agreement with VNA was "within the range of possible final approval," and certified the VNA Settlement Class and Subclasses "for the purposes of preliminary approval of the VNA Settlement." *Id.* at PageID.101619-20. The Court further re-appointed Co-Lead Class Counsel and the Executive Committee as Class Counsel to represent the VNA Settlement Class and Subclasses. The Court also re-appointed the Class Representatives from the prior settlements. *Id.* at PageID.101620-21.

The Court also approved Plaintiffs' Notice form and plan, and re-appointed A.B. Data, Ltd., as Notice Administrator. *Id.* at PageID.101621. The Court further (1) directed Notice to be mailed no later than July 1, 2024, (2) set August 16, 2024, as the deadline to either request exclusion or objects to the settlement with notice to

---

[12] For more information on the specifics of the VNA Class Settlement, please see Class Plaintiffs' motion for preliminary approval, ECF No. 2925 at PageID.98519-24.

appear at the fairness hearing, and (3) set September 16, 2024, as the deadline for submission of registration and claim forms.[13]

## C. Notice & Registration

Following entry of the Court's Preliminary Approval Order, the Notice Administrator implemented the Notice Plan approved by the Court. *See generally* Ex. B, Decl. of Markeita Reid. Notice was mailed to 68,360 potential Class Members, including those already registered under the previous settlements. *Id.* ¶ 10.[14] Notice also referenced the settlement website as well as a toll-free number that Class Members could call to obtain additional information about the settlement. *Id.* ¶¶ 14–15. As detailed further in the Notice Administrator's declaration and supporting attachments, the Notice Administrator implemented a media campaign designed to provide publication notice to as many Settlement Class members as possible, through targeted internet social media and digital banner ads, and print publication in *The Flint Journal* and *The Flint Courier News*. *Id.* ¶¶ 12–13. The

---

[13] *See* Class Pls. Mot. to Amend Schedule, ECF No. 3017 (granted by text-only order on June 20, 2024). The Court further ordered any motion for fees and expenses be filed by July 30, 2024. *Id.*; *see also* Class Pls. Mot. for VNA Settlement Fees & Expenses, ECF No. 3072.

[14] Further, the Notice Administrator processed all names and mailing addresses through the National Change of Address database compiled and maintained by the United States Postal Service, mailing a notice packet to new addresses where appropriate. Ex. B, ¶ 9. For any notice packet returned as undeliverable with a forwarding address, the Notice Administrator promptly remailed the notice packet to the forwarding address provided. *Id.* ¶ 11.

notice provided with respect to the VNA settlement was substantially similar to the notice provided regarding the LAN settlement in 2024 and the class settlement with the state defendants in 2021—which were both granted final approval by the Court.

Ultimately, the Class's reception was overwhelmingly positive: just 11 total opt-outs (only 4 of which were timely) were registered in response to the settlement, Ex. B, ¶ 19.[15] **There were no objections from any class member.**

## LEGAL STANDARD

"[T]he law favors the settlement of class action lawsuits." *Griffin v. Flagstar Bancorp, Inc.*, No. 2:10-cv-10610, 2013 WL 6511860, at *2 (E.D. Mich. Dec. 12, 2013). As a result, "the role of the district court is limited to the extent necessary to reach a reasoned judgment that the agreement is not the product of fraud or overreaching by, or collusion between, the negotiating parties, and that the settlement taken as a whole is fair, reasonable and adequate to all concerned." *IUE-CWA v. Gen. Motors Corp.*, 238 F.R.D. 583, 594 (E.D. Mich. 2006) (cleaned up). Further, "when evaluating a proposed class action settlement, the Court must bear in mind 'the federal policy favoring settlement of class actions.'" *In re Flint Water Cases ("ASA Final Approval")*, 571 F. Supp. 3d 746, 771 (E.D. Mich. 2021) (quoting *Int'l Union, UAW. v. Gen. Motors Corp.*, 497 F.3d 615, 632 (6th Cir.

---

[15] The Notice Administrator has continued to receive return registrations as of the date of this filing. A supplemental report will be provided once it appears that all timely postmarked submissions are collected.

2007)); *see also* 4 William Rubenstein, *Newberg and Rubenstein on Class Actions* § 13:44 (6th ed. 2023) ("The law favors settlement, particularly in class actions and other complex cases where substantial resources can be conserved by avoiding lengthy trials and appeals.").

Once the Court has preliminarily approved a class settlement, notice must be sent to members of the settlement class informing them of the proposed settlement and their right to object or, in the case of a 23(b)(3) class, to opt out. *See* 4 William Rubenstein, *Newberg and Rubenstein on Class Actions* § 13:44 (6th ed. 2023). Following the notice and objection period, the Court must then hold a hearing before granting final approval. The Court's ultimate question is "whether the interests of the class as a whole are better served if the litigation is resolved by the settlement rather than pursued." *In re Cardizem CD Antitrust Litig.*, 218 F.R.D. 508, 522 (E.D. Mich. 2003) (citation omitted). In reaching that determination, the Court has broad discretion to approve a class action settlement. *Int'l Union*, 497 F.3d at 636.

In exercising its discretion, courts give considerable weight and deference to the view of experienced counsel regarding the merits of an arm's-length settlement. *Dick v. Sprint Commc'ns Co. L.P.*, 297 F.R.D. 283, 297 (W.D. Ky. 2014) ("The Court defers to the judgment of the experienced counsel associated with the case, who have assessed the relative risks and benefits of litigation."). Because a settlement represents the negotiating parties' judgment, the Court should evaluate

the plaintiffs' recovery in light of the fact that a settlement "represents a compromise in which the highest hopes for recovery are yielded in exchange for certainty and resolution." *Int'l Union, UAW v. Ford Motor Co.*, No. 05-cv-74730, 2006 WL 1984363, at *23 (E.D. Mich. July 13, 2006), *aff'd sub nom. Int'l Union, United Auto., Aerospace, & Agric. Implement Workers of Am. v. Gen. Motors Corp.*, 497 F.3d 615 (6th Cir. 2007). Courts considering settlement approval should hesitate to "substitute [its] judgment for that of the litigants and their counsel." *IUE-CWA*, 238 F.R.D. at 593 (quotations omitted). Nor should it "decide the merits of the case or resolve unsettled legal questions." *Carson v. Am. Brands, Inc.*, 450 U.S. 79, 88 n.14 (1981).

## ARGUMENT

### A. The VNA Class Settlement Is Fair, Reasonable, and Adequate

Approval of a class settlement is appropriate if the settlement "is fair, reasonable, and adequate." Fed. R. Civ. P. 23(e)(2). Relevant factors to making this determination include whether: "(A) the class representatives and class counsel have adequately represented the class; (B) the proposal was negotiated at arm's length; (C) the relief provided for the class is adequate . . . ; and (D) the proposal treats class members equitably relative to each other." *Id.* Factors A and B relate to the "procedural" fairness of the proposed settlement while C and D address its "substantive" adequacy.

The Sixth Circuit considers several factors in evaluating a proposed class settlement, many of which are similar to those now enumerated in Rule 23(e)(2). *See Int'l Union*, 497 F.3d at 631 ("Several factors guide the inquiry: (1) the risk of fraud or collusion; (2) the complexity, expense and likely duration of the litigation; (3) the amount of discovery engaged in by the parties; (4) the likelihood of success on the merits; (5) the opinions of class counsel and class representatives; (6) the reaction of absent class members; and (7) the public interest.").[16] In addition to the factors enumerated by Rule 23(e)(2), district courts in the Sixth Circuit also will consider "the likelihood of success on the merits; the opinions of class counsel and class representatives; the reaction of absent class members; and the public interest." *In re Flint Water Cases ("LAN Preliminary Approval")*, No. 5:16-cv-10444, 2023 WL 7724502, at *11 (E.D. Mich. Nov. 15, 2023) (quoting *Int'l Union*, 497 F.3d at 631).

As explained below, the VNA class settlement meets each of Rule 23(e)'s conditions, as well as each of the Sixth Circuit's factors. The Court should grant final approval.

---

[16] The Advisory Committee Notes to Rule 23 acknowledge these judicially created standards, explaining that the newly enumerated Rule 23(e) factors are "core concerns" in every settlement and were not intended to displace a court's consideration of other relevant factors in a particular case. FED. R. CIV. P. 23 Advisory Committee Note (2018 Amendments).

### 1.  The VNA Class Settlement Is Procedurally Fair.

When assessing procedural fairness, courts must take into account the expertise of plaintiffs' counsel, the information available to counsel negotiating the settlement, the stage of the litigation and amount of discovery taken, the pendency of other litigation concerning the subject matter, the length of the negotiations, whether a mediator or other neutral facilitator was used, the manner of negotiation, and whether attorneys' fees were negotiated with the defendant and, if so, how they were negotiated and their amount. FED. R. CIV. P. 23 Advisory Committee Note. These considerations all support the procedural fairness of the VNA Class Settlement.

Class Counsel—all experienced attorneys—actively litigated this case for eight years before a class settlement was reached with VNA. During that time, they undertook extensive discovery and briefing, took countless depositions, and filed and defended various motions, including motions for class certification, motions for summary judgment, *Daubert* motions, motions *in limine*, and various other pretrial filings. In the process, Class Counsel developed a deep and thorough understanding of the relevant legal issues and the factual record, as well as the risks associated with an issues trial and the potential benefits of a class settlement. Accordingly, "Class Counsel and Class Representatives' support for this settlement weighs in its favor, given their deep knowledge of this litigation." *LAN Preliminary Approval*, 2023 WL

7724502, at *9 (citing *Int'l Union*, 497 F.3d at 631).[17] Settlement Subclass Counsel

("SSC") likewise worked diligently to apprise themselves of the legal and factual

issues impacting their respective subclasses.[18] And, as with the prior settlements, the

Settlement Class and Subclasses "have common interests with unnamed members

of the class," and have "vigorously prosecute[d] the interests of the class through

qualified counsel." *Vassalle v. Midland Funding LLC*, 708 F.3d 747, 757 (6th Cir.

2013) (cleaned up).

Finally, like with the prior settlements, a neutral mediator supervised the

negotiations that led to the VNA Class Settlement, "which supports finding that this

settlement is the product of an arm's-length negotiation that is free of collusion."

*LAN Preliminary Approval*, 2023 WL 7724502, at *10 (citing *Hainey v. Parrott*,

617 F. Supp. 2d 668, 673 (S.D. Ohio 2007)).[19]

---

[17] "The extensive discovery in this case, which must be considered under the third *International Union* factor, also weighs in favor of approval." *LAN Preliminary Approval*, 2023 WL 7724502, at *9 (citing *Int'l Union*, 497 F.3d at 631).

[18] *See generally* London Decl., ECF No. 2925-3; Reich Decl., ECF No. 2925-4; Ward Decl., ECF No. 2925-5.

[19] "The participation of an independent mediator in the settlement negotiations virtually insures that the negotiations were conducted at arm's-length and without collusion between the parties," and therefore "weighs in favor of approving the settlement." *Hainey*, 617 F. Supp. 2d at 673; *see also* 2 McLaughlin on Class Actions § 6:7 (19th ed. 2022); *ASA Final Approval*, 571 F. Supp. 3d at 780.

## 2. The Relief Provided to the Class Is Adequate

The relief provided to the VNA Settlement Class and Subclasses consists of a payment by VNA of $25 million to the Class via the fund established by the ASA and supplemented by the LAN Settlement. Class Counsel believe that this payment is adequate relief for the Settlement Class, and accounts for the substantial risks and expenses associated with proceeding to trial against VNA at an issues trial which, if successful, could lead to further onerous litigation as to damages. Indeed, part of Class Counsel's assessment in recommending this settlement related to the risks and continued expense associated with a months-long class-wide issues trial, which may not necessarily have even guaranteed any cash recovery for the class had it prevailed. The $25 million VNA Class Settlement is certainly adequate when viewed in light of the possibility of little to no recovery. *See e.g.*, *Cardizem*, 218 F.R.D. at 523.

Generally, in evaluating a proposed class settlement, the court does "not decide the merits of the case or resolve unsettled legal questions." *Carson*, 450 U.S. at 88 n.14. Accordingly, each of the relevant sub-factors under Rule 23(e)(2)(C)[20] supports final approval of the VNA Class Settlement.

---

[20] These include (i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims, if required; (iii) the terms of any proposed award of attorney's fees, including timing of payment; and (iv) any agreement required to be identified under Rule 23(e)(3). FED. R. CIV. P. 23(e)(2)(C).

### a.  The Costs, Risks, and Delay of Trial and Appeal

The Court should assess adequacy of relief to the class "with regard to a 'range of reasonableness,' which 'recognizes the uncertainties of law and fact in any particular case and the concomitant risks and costs inherent in taking any litigation to completion.'" *Sheick v. Auto. Component Carrier LLC*, No. 2:09-cv-14429, 2010 WL 4136958, at *15 (E.D. Mich. Oct. 18, 2010) (quoting *IUE-CWA*, 238 F.R.D. at 594). These risks must be weighed against the certainty of a cash settlement, which will add to the fund established by the ASA and supplemented by the LAN Settlement.

Class Counsel and SSC believe that the VNA Class Settlement is an excellent result, particularly when weighed against the time and costs of continued litigation.[21] Plaintiffs remain confident in their claims against VNA, but they are not without significant risks and inevitable future expenses. VNA is represented by experienced counsel and undoubtedly would continue to contest liability (as it continues to do in the individual cases), and appeal unfavorable results. Weighing the Settlement's benefits against the risks and costs of continued litigation strongly favors approval.

"Settlements should represent 'a compromise which has been reached after the risks, expense and delay of further litigation have been assessed.'" *Cardizem*, 218 F.R.D. at 523 (quoting *Williams v. Vukovich*, 720 F.2d 909, 922 (6th Cir. 1983)),

---

[21]  ECF No. 2925-3, ¶¶ 7-9; ECF No. 2925-4, ¶ 8; ECF No. 2925-5, ¶¶ 8-9.

*appeal dismissed*, 391 F.3d 812 (6th Cir. 2004). Significantly, "the prospect of a trial necessarily involves the risk that Plaintiffs would obtain little or no recovery." *Id*. This is particularly true for class actions, which are inherently complex. *See* 4 William Rubenstein, *Newberg and Rubenstein on Class Actions* § 13:44 (6th ed. 2023) ("The law favors settlement, particularly in class actions and other complex cases"); *see also LAN Preliminary Approval*, 2023 WL 7724502, at *10 ("[A] trial here would be lengthy and require 'complex scientific proof,' which further supports settlement." (quoting *Olden v. Gardner*, 249 F. App'x 210, 217 (6th Cir. 2008)).[22]

### b. Effectiveness of Any Proposed Method of Distributing Relief to the Class, Including the Method of Processing Class Member Claims

The claims process allows both determination of awards based on objective factors evaluated by the Claims Administrator in consultation with the Special Master, and the right to appeal any unfavorable decision by Claims Administrator. *See* ASA ¶¶ 3.13-14. The Court has already appointed and approved the engagement of experienced firms to conduct claims review. The VNA Class Settlement utilizes this existing structure employed with the prior settlements which, as the Court

---

[22] As the case is ongoing until final approval is granted, it is not appropriate to discuss with any further specificity Class Counsel's analysis of the risks of litigation as Defendants could seek to use any such disclosures against Plaintiff going forward if final approval is not granted. Class Counsel believe that at this point it is sufficient to state that complex litigation of this scope has certain inherent risks that the VNA Class Settlement at least partially negates.

previously held, "contains clear processes and procedures for individuals to register." *ASA Final Approval*, 571 F. Supp. 3d at 781; *see also LAN Preliminary Approval*, 2023 WL 7724502, at *10 (finding "that the ASA's 'efficient and timely methods' of distribution favored finding them to be adequate, and those same methods will be utilized for the LAN Settlement." (quoting *ASA Final Approval*, 571 F. Supp. 3d at 781)).

### c. The Terms and Timing of Any Proposed Award of Attorneys' Fees

The VNA Class Settlement provides that attorneys' fees shall be paid solely out of the Settlement Funds subject to court approval. VSA ¶¶ 2.4; 9.1; ASA Art. XI; *see also* FED. R. CIV. P. 23(h). Pursuant to the schedule set forth by the Court, Class Counsel filed a motion for attorneys' fees and expenses on July 30, 2024, ECF No. 3072, nearly three weeks before the deadline to opt out or to object to the Settlement, and five-and-a-half weeks prior to this motion. The fact that Class Counsel will be asking for attorneys' fees and expenses, the timing of the Motion for Fees and Expenses, and how Class Members can access that information is expressly noted in the Notice that was sent to Class Members. Schachter Decl., ECF No. 2925-6 at PageID.98590-99, 98613. And shortly after Class Counsel filed the Motion for Fees and Expenses, it was posted to the settlement website[23] so that Class

---

[23] Flint Water Official Settlement Website, https://www.officialflintwatersettlement.com/ (last visited September 6, 2024).

Members could consider it in deciding how to exercise their rights under the Settlement and whether to opt-out or object. **No Class Member has objected to the proposed VNA Class Settlement or to Class Counsel's Motion for Fees and Expenses.** With respect to the fairness of the latest round of fees sought, Class Counsel incorporate by reference the Motion for Fees and Expenses, which provides additional information regarding what fees are requested, how Plaintiffs' Counsel propose allocating those fees, and the legal and factual support upon which Plaintiffs rely to support the request. *See* ECF No. 3072.

### 3. The Settlement Treats Class Members Equitably Amongst Each Other and Other Settlement Participants

The VNA Class Settlement treats Class Members equitably because "apportionment of relief among class members takes appropriate account of differences among their claims." *Kis v. Covelli Enters., Inc.*, Nos. 4:18-cv-54, 4:18-cv-434, 2020 WL 2812405, at *5 (N.D. Ohio May 29, 2020) (quoting FED. R. CIV. P. 23(e)(2)(D), Advisory Committee Note 2018 Amendments). Indeed, the VNA Class Settlement adopts the same program established by the ASA and re-adopted for the LAN Settlement, which this Court found equitable. *ASA Final Approval*, 571 F. Supp. 3d at 782; *LAN Preliminary Approval*, 2023 WL 7724502, at *11.

Specifically, the VNA Class Settlement employs the detailed grid from the ASA. ASA Ex. 8, Settlement Categories Grid; VSA ¶ 4.1. The Settlement Categories Grid provides that Claimants will receive awards based on the extent of their injuries

17

and, in some cases, based on the proof of injury they are able to provide. By accounting for the extent of injury, the VNA Class Settlement "provides for 'horizontal equity' between claimants." *LAN Preliminary Approval*, 2023 WL 7724502, at *11 (citing *ASA Final Approval*, 571 F. Supp. 3d at 782).[24] Further, the plan of allocation, reflecting Class Counsel's, the SSC's, and the Special Master's reasonable judgment about the relative value of the different claims being settled, effectively "balances the interests of eligible participants based on information gleaned from the ongoing claims process from the ASA." *Id.*[25]

### 4.  The Remaining *Int'l Union* Factors Support Final Approval

### a.  Likelihood of Success on the Merits

As noted above, while Plaintiffs are optimistic about the likelihood of ultimate success in this case, the outcome of a case that goes to trial is never certain, much less one with complex issues and methods of proof. Indeed, the only trial in this litigation to date (the Bellwether I trial prosecuted by Co-Liaison Counsel on behalf of four of the Individual Plaintiffs) resulted in a mistrial. Even if Plaintiffs prevailed at the Class Trial, it is likely that time-consuming and costly litigation as to damages would remain. Further, VNA is represented by competent and experienced counsel,

---

[24] *See, e.g.*, *In re Oil Spill by Oil Rig Deepwater Horizon*, 910 F. Supp. 2d 891, 957 (E.D. La. 2012); *In re Nat'l Football League Players' Concussion Inj. Litig.*, 301 F.R.D. 191, 196 (E.D. Pa. 2014).

[25] The SSC's agree it is fair based on the strength of each Subclass's claims. ECF No. 2925-3, ¶¶ 7, 9; ECF No. 2925-4, ¶ 7; ECF No. 2925-5, ¶ 8.

and would undoubtedly continue to contest liability and appeal any adverse results. Like the prior settlements, *see LAN Preliminary Approval*, 2023 WL 7724502, at *11 (quoting *ASA Final Approval*, 571 F. Supp. 3d at 779), the VNA Class Settlement is a fair and sensible resolution given the risks of continuing to litigate.

### b. Opinions of Class Counsel and Class Representatives, and Reaction of Absent Class Members

"The judgment of the parties' counsel that the settlement is in the best interest of the settling parties is entitled to significant weight, and supports the fairness of the class settlement." *IUE-CWA,* 238 F.R.D. at 597. Class Counsel and Class Representatives support this settlement as the best outcome given the circumstances, an opinion which supports final approval, particularly where Class Counsel has such a deep understanding of the case. *E.g.*, *ASA Final Approval*, 571 F. Supp. 3d at 783; *LAN Preliminary Approval*, 2023 WL 7724502, at *9, *12.

Like with the previous settlements, "the reaction of absent class members favors approval of the settlement." *Id.* "In evaluating this factor, 'courts often cite to the absence of opt-outs as evidence in support of settlement approval.'" *Id.* (quoting 4 Newberg § 13:58 (5th ed. June 2021 update)). Here, just 4 timely exclusions were registered from a class in excess of 68,000 potential members. That amounts to (conservatively) just 0.006% of class members, reflecting the VNA Class Settlement's approval with the vast majority of the Class. Moreover, the Court received no objections to the settlement, which further reflects the overwhelming

19

approval of the Class with respect to the proposed settlement.[26] This overwhelming

Class support weighs in favor of final approval.

### c. Public Interest

"[T]here is a strong public interest in encouraging settlement of complex

litigation and class action suits because they are 'notoriously difficult and

unpredictable' and settlement conserves judicial resources." *Cardizem*, 218 F.R.D.

at 530 (quoting *Granada Invs. Inc. v. DWG Corp.*, 962 F.2d 1203, 1205 (6th Cir.

1992)).[27] Moreover, the public interest is best served in this case by providing yet

more additional relief to Class Members and members of the Flint community as

expeditiously as possible. *LAN Preliminary Approval*, 2023 WL 7724502, at *12;

*see also Garner Props. & Mgmt., LLC v. City of Inkster*, No. 17-cv-13960, 2020 WL

4726938, at *10 (E.D. Mich. Aug. 14, 2020) (public interest weighs in favor of

settlement when the settlement "will promote the fair and expeditious resolution of

---

[26] *See, e.g.*, *Stoetzner v. U.S. Steel Corp.*, 897 F.2d 115, 118–19 (3d Cir. 1990) (holding that objections by about 10% of class still "strongly favors settlement"); *TBK Partners, Ltd. v. W. Union Corp.*, 675 F.2d 456 458, 462 (2d Cir. 1982) (approving settlement despite objections of large number of class members); *In re Auto. Refinishing Paint Antitrust Litig.*, 617 F. Supp. 2d 336, 342 (E.D. Pa. 2007) ("The fact that an overwhelming majority of the Class did not file objections is a significant element to consider in determining the overall fairness of the settlements."); *Taifa v. Bayh*, 846 F. Supp. 723, 728 (N.D. Ind. 1994) (approving class settlement despite objections from more than 10% of class).

[27] *See also Griffin*, 2013 WL 6511860, at *5; *In re Packaged Ice Antitrust Litig.*, No. 08-MD-01952, 2011 WL 717519, at *12 (E.D. Mich. Feb. 22, 2011).

the matter"). Plaintiffs submit that there is no countervailing public interest that provides a reason to disapprove the proposed settlement. Thus, this factor also supports final approval.

### B. Final Certification of the VNA Settlement Class and Subclasses—Substantially Similar to the Previous Settlement Classes—is Warranted.

The Court has already held that the Settlement Class and Subclasses under the ASA and LAN Settlement satisfy all of the criteria for certification under FED. R. CIV. P. 23(e)(1)(B),[28] and that the VNA Settlement Classes and Subclasses similarly satisfied these criteria for purposes of preliminary approval. ECF No. 3009 at PageID.101620.[29] As explained previously, the VNA Class Settlement seeks to certify a substantially similar class, with a narrower exposure period and slightly

---

[28] *ASA Preliminary Approval*, 499 F. Supp. 3d at 420-26 (finding 23(a) numerosity, commonality, typicality, and adequacy requirements and 23(b) predominance, superiority, and ascertainability requirements were met); *ASA Final Approval*, 571 F. Supp. 3d at 792 (adopting analysis from *ASA Preliminary Approval*); *LAN Preliminary Approval*, 2023 WL 7724502, at *13 (re-certifying ASA settlement class and subclasses); ECF No. 2968 at PageID.99480 (same at final approval stage for LAN Settlement).

[29] The Court also previously certified a Multi-Defendant Issues Class which encompassed claims against VNA. *Issues Class Certification*, 558 F. Supp. 3d 459. While that order certified a class with a less expansive definition, it still supports satisfaction of the commonality factor, *e.g.*, *LAN Preliminary Approval*, 2023 WL 7724502, at *3 (citing *Issues Class Certification*, 558 F. Supp. 3d 459), and certification of the LAN Settlement Class as whole, *see* Class Pls. Mot. for Preliminary Approval of VNA Class Settlement, ECF No. 2925 at PageID.98533 n.22.

larger Adult Injury Subclass. ECF No. 2925 at PageID.98533-34. Accordingly, there is no question as to whether questions of numerosity, commonality, typicality, adequate representation, and predominance weigh in favor of certification here, nor is there been any development in the interim between the Court's granting preliminary approval and now to disturb the Court's provisional certification as to the VNA Settlement Class.

### C. The Court Should Re-Appoint Co-Lead Class Counsel and the Executive Committee as Class Counsel for Purposes of Final Approval Under Rule 23(g)

Under Federal Rule of Civil Procedure 23(g)(1), when the Court certifies a class, including for settlement, it "must appoint class counsel." *ASA Final Approval*, 571 F. Supp. 3d at 792 (quoting FED. R. CIV. P. 23(g)(1)).[30] As the Court observed in preliminarily approving the initial settlement, "Co-Lead Class Counsel, as well as Subclass Settlement Counsel . . . have lived up to their appointments in vigorously representing Plaintiffs through the litigation and settlement processes. The Court is confident that they will continue to vigorously prosecute the interests of the class." *ASA Preliminary Approval*, 499 F. Supp. 3d at 423; *see also LAN Preliminary Approval*, 2023 WL 7724502, at *12 (Co-Lead Class Counsel has "a deep

---

[30] The Court previously appointed Co-Lead Class Counsel and the Executive Committee as Class for the State & Local Government Settlement, *ASA Final Approval*, 571 F. Supp. 3d at 792-93, and in certifying the LAN Issues Class, *Issues Class Certification*, 558 F. Supp. 3d 459.

understanding of the law and facts involved in this case"). Nothing has changed on this front; Co-Lead Class Counsel and the Executive Committee have devoted many thousands of additional work hours to vigorously prosecute this case in the last seven months alone, both by pushing this case all the way up to the eve of trial against VNA and by continuing to dedicate significant efforts to facilitating the claims registration process.

### D. The Implemented Notice Plan Satisfies Rule 23(e) and Due Process

Under Rule 23, "[t]he court must direct notice in a reasonable manner to all class members who would be bound by the [proposed settlement]." FED. R. CIV. P. 23(e)(1). "To grant final approval, the Court must find that the Notice to the Class satisfies due process." *ASA Final Approval*, 571 F. Supp. 3d at 785. Due process similarly requires that absent class members be provided the best notice practicable, reasonably calculated to apprise them of the pendency of the action and affording them the opportunity to opt out or object. *See Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 812 (1985). The mechanics of the notice process "are left to the discretion of the court subject only to the broad 'reasonableness' standards imposed by due-process." *Grunin v. Int'l House of Pancakes*, 513 F.2d 114, 121 (8th Cir. 1975).

The Court previously approved the content of the Notice and Notice Plan, as well as the slightly modified claim form. ECF No. 3009 at PageID.101621. That plan has now been carried out. Notice was mailed to 68,360 potential Class

Members, with the Notice Administrator taking appropriate measures to ensure Notice packages were sent to the correct addresses. Ex. B, ¶¶ 10-11.[31] In addition to providing direct notice, the Notice Administrator implemented a media notice campaign designed to provide publication notice to as many Settlement Class members as possible, through targeted internet social media and digital banner ads, and print publication in *The Flint Journal* and *The Flint Courier News*. *Id*. ¶¶ 12-13. In short, the Notice Administrator duly carried out the Notice Plan approved by the Court, which satisfies the requirements of Rule 23(e) and due process.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court grant final approval to the VNA Class Settlement.

Dated: September 6, 2024                    Respectfully submitted,

By: */s/Theodore J. Leopold*                By: */s/ Michael L. Pitt*
Theodore J. Leopold                         Michael L. Pitt
COHEN MILSTEIN SELLERS                      PITT MCGEHEE PALMER BONANNI
& TOLL PLLC                                 & RIVERS, P.C.
11780 U.S. Highway One, Suite N500          117 W. Fourth Street, Suite 200
Palm Beach Gardens, FL 33408                Royal Oak, MI 48067
Telephone: (561) 515-1400                   Telephone: (248) 398-9800
tleopold@cohenmilstein.com                  mpitt@pittlawpc.com

---

[31] Notice also referred to the settlement website, https://www.officialflintwatersettlement.com/, and a toll-free number that Class Members could call to get additional information. Ex. B, ¶¶ 14-15.

*CO-LEAD CLASS COUNSEL*             *CO-LEAD CLASS COUNSEL*

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing instrument was filed with the U.S. District Court through the ECF filing system and that all parties to the above case were served via the ECF filing system on September 6, 2024.

Dated: September 6, 2024          By: */s/Theodore J. Leopold*
                                  Theodore J. Leopold
                                  COHEN MILSTEIN SELLERS
                                  & TOLL PLLC
                                  11780 U.S. Highway One, Suite N500
                                  Palm Beach Gardens, FL 33408
                                  Telephone: (561) 515-1400
                                  tleopold@cohenmilstein.com