# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| *In re* Flint Water Cases | Case No. 5:16-cv-10444 |
| This Document Relates To: *Bellwether III Cases* | Hon. Judith E. Levy |

## JOINT PROPOSED JURY INSTRUCTIONS[1]

---

[1] The parties reserve the right to propose amendments to the instructions and verdict form, or to add or remove instructions, to conform to the evidence as it develops at trial and to the Court's rulings.

# TABLE OF CONTENTS

**Page**

A. **Opening Instructions – Before Jury Selection** ........................ 1

   1. Introductory Comments ................................................ 1

   2. Names of the Parties and Counsel ............................... 2

   3. Jury Selection ............................................................... 3

   4. Juror Oath Before Voir Dire ........................................ 4

   5. General Voir Dire ......................................................... 5

   6. Witnesses, Parties, and Lawyers ................................. 7

   7. Prospective Jurors ........................................................ 8

   8. General Voir Dire (Continued) .................................... 9

B. **Opening Instructions – After Jury Selection** ........................ 12

   1. Juror Oath Following Selection ................................... 12

   2. Opening Instruction ..................................................... 13

   3. Trial Procedure ............................................................. 14

   4. Multiple Plaintiffs – Separate Consideration – Repeating Instructions ................................................................. 16

   5. All Persons Equal Before the Law – Individuals ........ 17

   6. Corporation Equal Under Law ..................................... 18

   7. Claims and Defenses .................................................... 19

   8. Other Litigation ............................................................ 21

   9. Burden of Proof ............................................................ 22

   10. Jury Deliberation; Jurors as Triers of Fact ................ 24

   11. Credibility of Witnesses .............................................. 25

   12. Juror Conduct .............................................................. 26

   13. Juror Use of Electronic Technology ........................... 28

   14. Note Taking By Jurors Allowed .................................. 29

   15. Objections and Out-Of-Presence Hearings ................. 30

   16. Evidence in the Case .................................................... 31

   17. Direct and Circumstantial Evidence ........................... 32

\* The parties disagree on the instructions in yellow and have each provided proposals for those instructions.

i

18. Weighing Expert Testimony......................................................33

19. Inability to Hear Witness or See Exhibit................................34

20. Questions By Jurors Allowed ..................................................35

21. Judge's Questions to Witnesses ..............................................36

22. Court to Instruct on Law........................................................37

**C.  Instructions During Trial................................................................38**

1. Cautionary Instruction – Before First Recess ...........................38

2. Deposition as Substantive Evidence – Before First Deposition ..................................................................................39

3. Evidence Admitted Against Only One Party – Before Evidence Is Admitted Only Against One Party ........................40

**D.  Instructions After the Close of Evidence ...................................41**

1. General Introduction ................................................................41

2. Juror Use of Electronic Communication Technologies............42

3. Instructions Apply to Each Party.............................................43

4. All Persons Equal Before the Law ...........................................44

5. Evidence in the Case ................................................................45

6. Questions Not Evidence ...........................................................46

7. Jurors May Take into Account Ordinary Experience and Observations ............................................................................47

8. "Direct" and "Circumstantial" Evidence – Defined..................48

9. "Inferences" Defined ................................................................49

10. Credibility of Witnesses...........................................................50

11. Discrepancies in Testimony......................................................51

12. Impeachment – Inconsistent Statement or Conduct ...............52

13. Prior Inconsistent Statement of Witness .................................53

14. Weighing Expert Testimony.....................................................54

15. All Available Witnesses or Evidence Need Not Be Produced...55

16. Weighing Conflicting Evidence – Number of Witnesses ..........56

17. Consideration of Video Deposition Evidence ...........................57

18. Preponderance of the Evidence ................................................58

19. "If You Find" Or "If You Decide" ................................................. 60

20. Professional Negligence – Elements ......................................... 61

21. Breach of the Standard of Care ................................................. 62

22. Injury .......................................................................................... 64

23. Proximate Cause (Plaintiffs) / Proximate Cause – Cause in Fact (VNA) ................................................................................ 65

24. Proximate Cause – Natural and Probable Cause ..................... 68

25. Causation By Multiple Actors ................................................... 70

26. Non-Parties at Fault .................................................................. 71

27. Assessment of Damages ............................................................ 75

28. Measure of Damages ................................................................. 76

29. Loss of Earning Capacity and Damages Separated by Year .... 78

30. Damages – Past and Future Emotional Distress ...................... 79

31. Future Damages – Reduction to Present Cash Value ............... 80

32. Effect of Instruction as to Damages ......................................... 81

33. Compromise Verdict Not Permitted ......................................... 82

34. Duty to Deliberate and Reach a Verdict .................................. 83

**A.    Opening Instructions – Before Jury Selection**

**1.    Introductory Comments**

Welcome, and thank you all for being here.  Members of the jury panel, as you may recall from when we met in [*date*], I am Judge Judith Levy, and it is my pleasure to welcome you back to the United States District Court for the Eastern District of Michigan.

As you know, you have been called here today for possible selection as a juror in a civil case.  The remarks I am about to make are intended as an outline of the trial so you may be generally aware of what occurs during a trial and some of the legal principles that control the conduct of civil cases.

I want to begin by introducing the Court staff:
1)    Case Manager [*name*]
2)    Law Clerk [*name*]
3)    Other Law Clerks
4)    Court Reporter [*name*]
5)    Court Security officers, or CSOs, who will rotate throughout the trial

## 2.    Names of the Parties and Counsel

This is a civil trial of four cases that have been joined together.  The persons bringing these cases are called the Plaintiffs.  Here, they are four seven children, [*Plaintiffs' names*].  They are represented by [*names of counsel*], who are seated at [*location*].

The people defending the case brought by the Plaintiffs are called the Defendants.  They are Veolia North America, LLC, Veolia North America, Inc. and Veolia Water North America Operating Services, LLC, which will be collectively referred to as VNA or the VNA Defendants.  The lawyers for the VNA Defendants are [*names*], who are seated at [*location*].

Each Plaintiff alleges that VNA committed professional negligence; that he or she was injured from exposure to lead in the City of Flint's drinking water between February 10, 2015, and October 15, 2015; and that VNA's professional negligence caused or contributed to causing his or her injury.  VNA denies that it was professionally negligent; denies that any of the Plaintiffs suffered an injury that could give rise to an award of damages; and that, if any injuries were suffered, denies that it is responsible for those injuries.  VNA also contends that other people and agencies are partly or entirely at fault for causing any injuries that Plaintiffs may have sustained.

You will sometimes hear me refer to the attorneys as "counsel." "Counsel" is another way of saying "lawyer" or "attorney."  I will sometimes refer to myself as the "Court."

### 3.    Jury Selection

A trial begins with the selection of a jury.  The purpose of this selection process is to obtain information about you so that a fair and impartial jury can hear this case.  If you are selected, you will be sworn to justly try the case and enter a true verdict.

During jury selection you will be asked questions.  The questions are meant to find out if you know anything about the case.  Also, we need to find out if you have any opinions or personal experiences that might influence you for or against the Plaintiffs, the Defendants, or any witnesses.  One or more of these things could cause you to be excused in this particular case, even though you may be otherwise qualified to be a juror.

The questions may probe into your attitudes, beliefs, and experiences.  The law requires that we do this so that an impartial jury can be chosen.

If you do not hear or understand a question, you should say so.  If you do understand it, you should answer it truthfully and completely.  Please do not hesitate to speak freely about anything you believe we should know.

During the jury selection a juror may be excused for cause if there is a valid reason why that juror cannot or should not serve.  Additionally, each side has a legal right to excuse a limited number of jurors without giving any reason for doing so.  You should not take such action personally.

If during the jury selection process there is any matter you wish to discuss in confidence, please raise your hand or write a note and pass it to the law clerk or case manager.  Also, we will be referring to you by your juror number instead of your name during jury selection and we apologize in advance for this impersonal approach.

We are here in Michigan, where the weather can be a little unpredictable at this time of year.  If we need to adjourn for a day or two due to snow and ice, we will do our best to let you know the night before.  Also, you will have our telephone number to let us know if something entirely unexpected comes up on any particular day.

### 4.     Juror Oath Before Voir Dire

I will now ask [*name*]  to ask you to stand and swear or affirm to answer truthfully, fully, and honestly all the questions that you will be asked about your qualifications to serve as a juror in this case.

([*Name*] will swear the panel.).

## 5.    General Voir Dire

Before asking you any questions, I want to speak to you briefly about the concept of implicit bias.  Biases are prejudices in favor or against a thing, person, or group, compared with another.  Some biases are conscious.  For instance, you could have a conscious preference for strawberry over chocolate ice-cream.  But many biases happen at an unconscious level.  It's important as jurors to be aware that unconscious bias exists.  Once you understand that it can affect everyone, you will be in a better position to avoid it from impacting your decision-making.

Unconscious biases are automatic preferences, influencing how we perceive people and situations.  Because we cannot consciously process all the information we receive, our minds generate quick short-cuts to help us make decisions more efficiently.  But sometimes, these shortcuts can be harmful: for instance, when we unconsciously prejudge people based on their race, gender, or age.

This kind of unconscious bias affects everyone.  For example, in one study, science faculty at a university reviewed copies of the same resume; some resumes randomly assigned a woman's name, and some randomly assigned a man's name.  It turns out that both men and women were more likely to conclude that the male candidate was more qualified and more likely to be hired, even though the resumes were exactly the same.  The unconscious judgment underlying those decisions – that men are better at science than women – led to a flawed assessment of the individuals.  In this example, unconscious bias influenced the decisions of the university faculty.

Understanding that this kind of bias can happen is an important step toward preventing it from making an impact on your decision-making as a juror during this trial.  Once you're aware of unconscious bias, you can evaluate whether and when it's impacting your decision-making.

Most of us don't want to unfairly prejudge people.  But simply having good intentions may not be enough because unconscious bias really can affect us without our realizing it.  What studies have shown does work is:

1.    Knowing that unconscious bias exists and occurs for all of us.
2.    Carefully examining your decisions and judgments as jurors.

3.      Questioning whether your judgments would have been different if the person on trial, witness, or lawyer, had been a different age, race, or gender.

Making this effort can help us feel more confident that we're being careful and reaching appropriate conclusions.

### 6.    Witnesses, Parties, and Lawyers

I have already introduced the parties and their lawyers to you.  I have also provided each of you with a list of witnesses who may give testimony in this case.  I can assure you that they will not all be called to testify.  The purpose of this list is to find out if any of our potential jurors personally know any of them.

## 7.   Prospective Jurors

We will now continue with our questions for you.

## 8.    General Voir Dire (Continued)

| Plaintiffs' Proposal: | VNA's Proposal: |
|---|---|
| Each of you has filled out a Jury Questionnaire and provided us with a lot of information.  You will now be asked questions – first by me and then by the attorneys – to follow up on that information. | Each of you has filled out a Jury Questionnaire and provided us with a lot of information.  You will now be asked questions – first by me and then by the attorneys – to follow up on that information. |
| 1.    Does anyone know the Plaintiffs, know of the Defendant, or know any of the lawyers or witnesses?  If so, please raise your hand. | 1.    Does anyone know the Plaintiffs, know of VNA, or know any of the lawyers or witnesses?  If so, please raise your hand. |
| 2.    If you are selected to sit on this case, will you be able to render a verdict solely on the evidence presented at the trial and in the context of the law as I will give it to you in my instructions, disregarding any other ideas, notions, or beliefs about the law that you may have encountered in reaching your verdict? | 2.    If you are selected to sit on this case, will you be able to render a verdict solely on the evidence presented at the trial and in the context of the law as I will give it to you in my instructions, disregarding any other ideas, notions, or beliefs about the law that you may have encountered in reaching your verdict? |
| 3.    Does everyone understand the difference between a civil and criminal lawsuit?  In a criminal case, the purpose is to determine the guilt and possible punishment for commission of a crime; in a civil case, the purpose is to determine whether the defendant is at fault, and if so, whether the plaintiff is owed any compensation as damages. | 3.    Does everyone understand the difference between a civil and criminal lawsuit?  In a criminal case, the purpose is to determine the guilt and possible punishment for commission of a crime; in a civil case, the purpose is to determine whether the defendant is at fault, and if so, whether the plaintiff is owed any compensation as damages. |

4. Does anyone believe that just because a lawsuit was filed against the Defendant, that it must have done something wrong?

5. In this case, the Plaintiffs have the burden of proof on their claims. If they make out their claims, then the Defendant has the burden of proof on its claims that other people and entities are also partly or entirely at fault. Does everyone understand that the Defendant does not have to disprove the Plaintiffs' claims and that Plaintiffs do not have to disprove the Defendant's claims?

6. In a civil lawsuit, the Plaintiffs have the right and opportunity to present their evidence first since they carry the burden of proof on their claims. Then the Defendant has the right and opportunity to put on its evidence in support of its claims that other people and entities are also partly or entirely at fault. Does everyone believe that they can listen to the evidence and not make up their mind until all the parties have had an opportunity to present all the evidence in this case?

7. If a Plaintiff fails to meet his or her burden proof, will you be able to find in favor of the Defendant and not award any damages to that Plaintiff?

---

4. Does anyone believe that just because a lawsuit was filed against VNA, that it must have done something wrong?

5. In this case, the Plaintiffs have the burden of proof on their claims. If they make out their claims, then VNA has the burden of proof on its defense that other people and entities are partly or entirely at fault. Does everyone understand that VNA does not have to disprove the Plaintiffs' claims and that Plaintiffs do not have to disprove VNA's defense?

6. In a civil lawsuit, the Plaintiffs have the right and opportunity to present their evidence first since they carry the burden of proof on their claims. Then VNA has the right and opportunity to put on its evidence in support of its defense that other people and entities are partly or entirely at fault. Does everyone believe that they can listen to the evidence and not make up their mind until all the parties have had an opportunity to present all the evidence in this case?

7. If a Plaintiff fails to meet his or her burden proof, will you be able to find in favor of VNA and not award any damages to that Plaintiff?

| FOLLOW UP QUESTIONS FROM JURY QUESTIONNAIRES | FOLLOW UP QUESTIONS FROM JURY QUESTIONNAIRES |
|---|---|
| 8.    Now the attorneys for the parties will ask you some follow up questions.<br><br>9.    Now that you have been asked some very specific questions, I would like to know if there is anything that any of you believe I should know about your ability to serve as a fair and impartial juror in this case. If you would like to discuss this at the sidebar because it is personal or confidential, please let me know. | 8.    Now the attorneys for the parties will ask you some follow up questions.<br><br>9.    Now that you have been asked some very specific questions, I would like to know if there is anything that any of you believe I should know about your ability to serve as a fair and impartial juror in this case. If you would like to discuss this at the sidebar because it is personal or confidential, please let me know. |

**B.    Opening Instructions – After Jury Selection**

** Excuse remaining jurors following selection of panel.

**1.    Juror Oath Following Selection**

I will now ask [*name*] to ask you to swear or affirm to perform your duty to try the case justly and to reach a true verdict.

### 2.    Opening Instruction

We are about to begin the trial of our case.  Before the trial begins, I am going to give you instructions that will help you to understand what will be presented to you and how you should conduct yourself during the trial.

By your verdict, you will decide disputed issues of fact.  I will decide all questions of law that arise during the trial.  Before you begin your deliberation at the close of the case, I will instruct you in more detail on the law that you must follow and apply.  All of these instructions are important because together, they state the law that you are to apply to this case.

My responsibility is to conduct the trial of the case in an orderly, fair, and efficient manner, to rule upon questions of law arising in the course of the trial, and to instruct you as to the law that applies to this case.

Because you will be asked to decide the facts of this case, you should give careful attention to the testimony and evidence presented.  Keep in mind that I will instruct you about determining the credibility or "believability" of the witnesses.  During the trial you should keep an open mind and should not form or express any opinion about the case until you have heard all of the testimony and evidence, the lawyers' closing arguments, and my instructions to you on the law.

The lawyers are not allowed to speak with you during this case.  When you see the lawyers at a recess or pass them in the halls and they do not speak to you, they are not being rude or unfriendly; they are simply following my instructions.

During the trial, it may be necessary for me to talk with the lawyers out of your hearing about questions of law or procedure.  Sometimes, you may be excused from the courtroom during these discussions and at other times we will go into a room behind the courtroom to have a brief conference.  I will try to limit these interruptions as much as possible, but you should remember the importance of the matter you are here to determine and should be patient even though the case may seem to go slowly.

### 3.    Trial Procedure

| Plaintiffs' Proposal: | VNA's Proposal: |
|---|---|
| Let me briefly explain the general order of procedure in the trial from this point forward.  First, a lawyer for the Plaintiffs will make an opening statement in which [*he/she*] outlines Plaintiffs' theory of the case. A lawyer for the Defendant may then make an opening statement or may reserve it until later.  These opening statements are not evidence and are only intended to assist you in understanding the viewpoints and claims of the parties. | Let me briefly explain the general order of procedure in the trial from this point forward.  First, a lawyer for the Plaintiffs will make an opening statement in which [*he/she*] outlines Plaintiffs' theory of the case. A lawyer for VNA may then make an opening statement or may reserve it until later.    These opening statements are not evidence and are only intended to assist you in understanding the viewpoints and claims of the parties. |
| After the opening statements, we begin the taking of evidence.  The Plaintiffs present evidence first. They may call witnesses to testify and may also offer exhibits such as documents or physical objects.  The Defendant has a right to cross-examine witnesses called by the Plaintiffs in order to test the truth and accuracy of their testimony, or to elicit testimony favorable to the Defendant.  Following the Plaintiffs' presentation, the Defendant has the opportunity to present evidence. Similarly, the Plaintiffs have a right to cross-examine witnesses called by the Defendant. | After the opening statements, we begin the taking of evidence.  The Plaintiffs present evidence first. They may call witnesses to testify and may also offer exhibits such as documents or physical objects.  VNA has a right to cross-examine witnesses called by the Plaintiffs in order to test the truth and accuracy of their testimony, or to elicit testimony favorable to VNA.  Following the Plaintiffs' presentation, VNA has the opportunity to present evidence. Similarly, the Plaintiffs have a right to cross-examine witnesses called by VNA. |
| After all the evidence has been presented, each side will have an opportunity to present closing arguments to you in support of their cases.  You are again reminded that | After all the evidence has been presented, each side will have an opportunity to present closing arguments to you in support of their cases.  You are again reminded that |

14

| the closing arguments are not evidence but are only intended to assist you in understanding the evidence and the theory of each party. You must base your decision on the evidence. | the closing arguments are not evidence but are only intended to assist you in understanding the evidence and the theory of each party. You must base your decision on the evidence. |
|---|---|

### 4.   Multiple Plaintiffs – Separate Consideration – Repeating Instructions

There are seven plaintiffs in this trial.  Each plaintiff is entitled to separate consideration of his or her own case.  I shall not repeat my instructions for each plaintiff.  Unless I tell you otherwise, all instructions apply to each plaintiff.

### 5. All Persons Equal Before the Law – Individuals

This case should be considered and decided by you as a dispute between persons of equal standing in the community, of equal worth, and holding the same or similar stations in life. All persons stand equal before the law and are to be treated as equals.

### 6.    Corporation Equal Under Law

The defendant in this case, VNA, is a corporations.  VNA is entitled to the same fair and unprejudiced treatment as an individual would be under like circumstances, and it is your duty to decide the case with the same impartiality you would use in deciding a case between individuals.

### 7.    Claims and Defenses

| Plaintiffs' Proposal: | VNA's Proposal: |
|---|---|
| [*Plaintiffs object to this instruction.*] | The positions of the parties can be summarized as follows:<br><br>The Plaintiffs bring claims of professional negligence against VNA for injuries they claim were caused by their exposure to lead in the City of Flint's drinking water between February 10, 2015, and October 16, 2015.  VNA, as a professional engineering company, owed a duty to the Plaintiffs to use reasonable care in the performance of its work for the City of Flint.  That is, it was obligated to act with the care, skill and diligence that would be expected of a water engineer of ordinary learning, judgment, and skill in the community under the same or similar circumstances as in this case.  Plaintiffs allege:  (1) that VNA breached the duty of care it respectively owed them; (2) that they were exposed to lead in the City of Flint's drinking water as a result; and (3) that this exposure was a substantial factor in causing or contributing to the injuries they claim to suffer.<br><br>VNA denies that it was negligent; denies that any Plaintiff suffered an injury; and denies that it is responsible for any injuries Plaintiffs did suffer.  VNA also contends that if Plaintiffs suffered |

| | any injuries from Flint water, other persons and entities are responsible. |
|---|---|

### 8.   Other Litigation

*Per the Court's instruction at the September 12, 2024, hearing, the parties are conferring on a proposal for an instruction about other Flint litigation and settlements.*

### 9.   Burden of Proof

| Plaintiffs' Proposal: | VNA's Proposal: |
|---|---|
| The party making a claim has the burden of proving their case by what the law calls a "preponderance of the evidence."  That means the party must prove that, in light of all the evidence, what they claim is more likely true than not. | The party making a claim has the burden of proving their case by what the law calls a "preponderance of the evidence."  That means the party must prove that, in light of all the evidence, what they claim is more likely true than not. |
| The Plaintiffs have the burden of proof regarding their claims against the Defendant.  That means that the Defendant bears no burden to disprove the Plaintiffs' claims.  The Defendant does, however, have the burden of proof regarding its claims against the other persons and entities it claims are also at fault.  So, for the Plaintiffs' claims against the Defendant, if you could put the evidence favoring the Plaintiffs and the evidence favoring the Defendant on opposite sides of balancing scales, Plaintiffs need to make the scales tip to their side.  If Plaintiffs fail to meet this burden, you must find in favor of the Defendant.  The same holds true for the Defendant's claims against the other persons and entities it claims are also at fault. | The Plaintiffs have the burden of proof regarding their claims against VNA.  That means that VNA bears no burden to disprove the Plaintiffs' claims.  VNA does, however, have the burden of proof regarding its defense against the other persons and entities it claims are at fault.  So, for the Plaintiffs' claims against VNA, if you could put the evidence favoring the Plaintiffs and the evidence favoring VNA on opposite sides of balancing scales, Plaintiffs need to make the scales tip to their side.  If Plaintiffs fail to meet this burden, you must find in favor of VNA.  The same holds true for VNA's defense against the other persons and entities it claims are also at fault. |
| This will all be covered again in a comprehensive set of jury instructions at the conclusion of the proofs in this case. | This will all be covered again in a comprehensive set of jury instructions at the conclusion of the proofs in this case. |
| To decide whether any fact has been proved by a preponderance of | To decide whether any fact has been proved by a preponderance of |

22

| the evidence, you may—unless I instruct you otherwise—consider the testimony of all witnesses, regardless of who called them, and all exhibits that the Court allowed into evidence, regardless of who introduced them. After considering all the evidence, if you decide a claim or fact is more likely true than not, then the claim or fact has been proved by a preponderance of the evidence. | the evidence, you may—unless I instruct you otherwise—consider the testimony of all witnesses, regardless of who called them, and all exhibits that the Court allowed into evidence, regardless of who introduced them. After considering all the evidence, if you decide a claim or fact is more likely true than not, then the claim or fact has been proved by a preponderance of the evidence. |

### 10.   Jury Deliberation; Jurors as Triers of Fact

Just before the closing arguments, I will give you final instructions on the law governing this case and you will then deliberate on your verdict. You will do that by applying the law to the facts as you find them to be.

The function of the jury is to determine the facts. You are the judges of the facts. You determine the weight, effect, and value of the evidence, as well as the credibility of the witnesses. You must consider and weigh the testimony of all witnesses who appear before you, and you determine whether to believe any witnesses and the extent to which any witness should be believed. It is your responsibility to consider any conflicts in testimony that may arise during the course of trial. Your decision as to any fact in the case is final. On the other hand, it is your duty to accept the law as I instruct you.

### 11. Credibility of Witnesses

To reach a verdict, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, part of it, or none of it. When considering a witness's testimony, you may consider:

- the witness's opportunity and ability to see, hear, or know the things the witness is testifying about;
- the witness's memory;
- the witness's manner while testifying;
- any interest the witness has in the outcome of the case;
- any bias or prejudice the witness may have;
- any other evidence that contradicts the witness's testimony;
- the reasonableness of the witness's testimony in light of all the evidence;
- and any other factors affecting believability.

During the course of the trial the pre-recorded video testimony of certain individuals will be presented to you. You are not to guess as to why they are not testifying live at trial, and you are to consider their testimony in the same way you would if they were here. You will apply the same factors I described above to judge their credibility and assess their testimony.

At the end of the trial, I will give you additional guidelines for determining a witness's credibility.

### 12.   Juror Conduct

To ensure fairness, you must obey the following rules:

1.   Until I discharge you as a juror, the only time you are permitted to discuss this case is after you have begun deliberations on your verdict.  Then you may discuss this case with the other members of the jury, but only when all of you are present in the jury room.  The reason you may not discuss the case with other jurors while you are in recess, while some of you are at lunch, or any other time before deliberations begin is that all of you are entitled to participate in all of the discussions about the case.  Also, it would be improper for any of you to discuss and begin to express opinions about the case until it has been submitted to you for deliberation.

2.   Do not talk with anyone else about this case or about anyone involved with this case until the trial has ended and you have been discharged as jurors. "Anyone else" includes members of your family and your friends.  This means that you are not to discuss the case at all with family, friends, or even strangers until you have been discharged as a juror.  You may not answer questions from members of your family or anyone else about what kind of case it is or what the case is about.  The reason for this restriction is that in talking about the case to others and hearing what they may have to say, you may be influenced to form an opinion about the case.  This would compromise the right of the parties to have a verdict rendered only by the jurors and based only on the evidence the jurors hear and see in the courtroom.  You may tell people you are a juror, but do not tell them anything else about the case.

3.   Outside the courtroom, do not let anyone tell you anything about the case, or about anyone involved with it until the trial has ended.  If someone should try to talk to you about the case during the trial, please report it to me immediately.

4.   During the trial you should not speak to any of the parties, lawyers, or witnesses involved in this case—you should not even pass the time of day with any of them.  Likewise, no one is being rude if they turn away from you to avoid conversation or contact.  It is important not only that you do justice in this case, but that you also give the appearance of doing justice.

5.  This case may be covered by the media.  You should avoid and not read any news stories or articles about the case, or about anyone involved with it,

or listen to, watch, or read any radio or television reports or social media posts about the case or about anyone involved with it.  That is because the evidence you consider when deciding the case must meet certain standards.  For example, witnesses must swear to tell the truth, and each party must be able to cross-examine witnesses called by the other side.  Because news reports do not have to meet these standards, they could give you incorrect or misleading information that might unfairly favor one side.  Additionally, you must not make any investigations on your own or conduct any research of any kind.  So, to be fair to both sides, you must follow this instruction.

6.  You should keep an open mind and not express any opinion about the case until after you have heard all of the evidence, the closing arguments of both sides, and the instructions as to the law, and until you begin your deliberations in the jury room.  Sympathy must not influence your decision.  Nor should your decision be influenced by prejudice such as that based on race, sex, religion, national origin, age, ability/disability, or any other fact irrelevant to the rights of the parties.

7.  The Court is here to help you and your fellow jurors follow these important instructions throughout this trial.  If you need to tell me something, simply give a signed note to the my law clerks or to [*name*] and they will give it to me.

### 13.    Juror Use of Electronic Technology

I know that many of you use smart phones, the Internet, and other tools of technology.  I will allow you to have your phone in the jury room, except when you are deliberating on your verdict.  However, you must not use your phone or any other electronic method to communicate with anyone about the case.  This includes your family and friends.  You may not communicate with anyone about the case on your phone, through e-mail, or via text messaging (including text messaging apps such as WhatsApp or Signal), or post about it on any social media, such as X (formerly known as Twitter), Facebook, SnapChat, Instagram, or TikTok.  You may not use any similar technology, even if I have not specifically mentioned it here.  I expect you to inform me if you become aware that another juror has violated these instructions.

You may not use electronic means to investigate or communicate about the case because it is important that you decide this case based solely on the evidence presented in this courtroom.  Information on the Internet or available through social media might be wrong, incomplete, or not legally relevant to this case.  You are permitted to discuss the case only with your fellow jurors during deliberations because they have seen and heard the same evidence you have.  In our judicial system, it is important that you not be influenced by anything or anyone outside of this courtroom.  Otherwise, your decision may be based on information known only by you and not your fellow jurors or the parties in the case.  This would unfairly and adversely impact the judicial process.

### 14.    Note Taking By Jurors Allowed

You may take notes during the trial if you wish, but, of course, you don't have to.  If you do take notes, you should be careful that it does not distract you from paying attention to all the evidence.  When you go to the jury room to decide your verdict, you may use your notes to help you remember what happened in the courtroom.  If you take notes, do not let anyone see them until after you have begun your deliberations; it is then permissible to allow other jurors to see your notes.

You must leave your notes in the jury room at the end of each day.  No one is permitted to look at another juror's notes, including me and my staff. Turn your notes over to the case manager or law clerk during recesses.

### 15.    Objections and Out-Of-Presence Hearings

A trial follows established rules of procedure and evidence.  Either side may make objections and motions.  I will rule on these objections and motions, usually in your presence.  You should not conclude from any of my rulings that I have an opinion on the case or that I favor one side or the other.  When I "sustain" an objection, I am excluding that evidence from this trial for a good reason, and you should disregard the evidence.

When you hear that I have "overruled" an objection, I am permitting that evidence to be admitted.  When I say, "admitted into evidence" or "received into evidence," I mean that this particular statement or particular exhibit may be considered by you in making the decisions you must make at the end of the case.

If I sustain an objection to a question and do not permit the witness to answer, you should not guess what the answer might have been or draw any inference from the question itself.

Sometimes the lawyers and I are required to consider objections and motions outside of your hearing.  We may take care of these matters at the sidebar in the back room, or I may excuse you so that we can take care of them in the courtroom.  It is impossible to predict when such a conference may be required or how long it will last.  I will conduct these conferences so as to use as little of your time as possible.  I may also have to take care of other matters that have nothing to do with this case.  Do not concern yourselves with any of these matters that must be decided out of your presence or hearing.

### 16.   Evidence in the Case

The evidence in the case will consist of the following:

1.     The sworn testimony of the witnesses, no matter which party called a witness.

2.     All exhibits received in evidence, regardless of which party may have produced the exhibits.

3.     All facts that the Court, after discussion with counsel for the parties, has told you to take as true for purposes of this case.

Depositions may also be received in evidence.  Depositions contain sworn testimony, with the lawyers for each party being entitled to ask questions.  In some cases, a deposition that was previously recorded may be played for you on the screen.  Deposition testimony may be accepted by you, subject to the same instructions that apply to witnesses testifying in open court.

Statements and arguments of the lawyers are not evidence in the case, unless made as an admission or stipulation of fact.  A "stipulation" is an agreement between both sides that [*certain facts are true*] or [*that a person would have given certain testimony*].  When the lawyers on both sides stipulate or agree to the existence of a fact, you must, unless otherwise instructed, accept the stipulation as evidence, and regard that fact as proved.

If I sustain an objection to any evidence or if I order evidence stricken, that evidence must be entirely ignored.

Some evidence is admitted for a limited purpose only.  When I instruct you that an item of evidence has been admitted for a limited purpose, you must consider it only for that limited purpose and for no other purpose.

You are to consider only the evidence in the case.  But in your consideration of the evidence, you are not limited to the statements of the witness.  In other words, you are not limited solely to what you see and hear as the witnesses testified.  You may draw from the facts that you find have been proved, such reasonable inferences or conclusions as you feel are justified in light of your experience.

### 17.   Direct and Circumstantial Evidence

There are two types of evidence that you may use in reaching your verdict.  One type of evidence is called "direct evidence."  An example of "direct evidence" is when a witness testifies about something that the witness knows through his own senses—something the witness has seen, felt, touched, heard, or done.  If a witness testified that he saw it raining outside, and you believed him, that would be direct evidence that it was raining.

The other type of evidence is circumstantial evidence.  "Circumstantial evidence" is proof of one or more facts from which you could find another fact.  If someone walked into the courtroom wearing a raincoat that was dripping water and carrying a wet umbrella, that would be circumstantial evidence from which you could conclude that it was raining.

You should consider both kinds of evidence that are presented to you.  The law makes no distinction in the weight to be given to either direct or circumstantial evidence.  You are to decide how much weight to give any item of evidence.

## 18.    Weighing Expert Testimony

The rules of evidence ordinarily do not permit witnesses to testify as to their own opinions or their own conclusions about important questions in a trial.  An exception to this rule exists for persons who are described as "expert witnesses."  An "expert witness" is someone who, by education or by experience, may have become knowledgeable in some technical, scientific, or very specialized area.  If such knowledge or experience may be of assistance to you in understanding some of the evidence or in determining a fact, an "expert witness" in that area may state an opinion about a matter in which he or she claims to be an expert.

You should consider each expert opinion received in evidence in this case and give it such weight, if any, as you may think it deserves.  You should consider the testimony of expert witnesses just as you consider other evidence in this case.  If you should decide that the opinion of an expert witness is not based upon sufficient education or experience, or if you should conclude that the reasons given in support of the opinion are not sound, or if you should conclude that the opinion is outweighed by other evidence including that of other "expert witnesses," you may disregard the opinion in part or in its entirety.

### 19.   Inability to Hear Witness or See Exhibit

Please let me know immediately if you cannot hear a witness or see what is being demonstrated.

### 20.   Questions By Jurors Allowed

During the testimony of a witness, you might think of an important question that you believe will help you better understand the facts in this case. Please wait to ask the question until after the witness has finished testifying and both sides have finished their questioning.   If your question is still unanswered, write the question down and pass the question to [*name*].  [*Name*] will give it to me.  Do not ask the witness the question yourself, show the question to the other jurors, or announce what the question is.

There are rules of evidence that a trial must follow.  If your question is allowed under those rules, I will ask the witness your question.   If your question is not allowed, I will either rephrase it or I will not ask it at all.

## 21.  Judge's Questions to Witnesses

During the trial, I may sometimes ask a witness question.  Please do not place any greater weight to a question that I might ask, and do not assume that I have any opinion about the subject matter.

### 22.   Court to Instruct on Law

I may give you additional instructions during the course of the trial and I will give you detailed instructions at the end of the trial.   All of these instructions are important because together, they state the law that you are to apply to this case.

## C.    Instructions During Trial

### 1.    Cautionary Instruction – Before First Recess

We are about to take our first recess [*break*].  I want to remind you of the instructions I gave earlier.  Until the trial is over, you are not to discuss this case with anyone, including other jurors, members of your family, people involved in the trial, or anyone else.  You may not permit others to discuss the case with you.  If anyone approaches you and tries to talk to you about the case, please let me know about it immediately.

Do not read or listen to any news reports of the trial, including reports on the Internet.  If a newspaper headline or news broadcast catches your attention, do not examine the article or watch or listen to the broadcast any further.  The person who wrote or is reporting the story may not have listened to all the testimony or may be getting information from persons whom you will not see here in court under oath and subject to cross examination.  The report may emphasize an unimportant point or may simply be wrong.  You must base your verdict solely and exclusively on the evidence received in court during the trial.

Finally, you must keep an open mind until all the evidence has been received and you have heard the arguments of counsel, the instructions of the Court, and the views of your fellow jurors.

If you need to speak with me about anything, simply give a signed note to the [*marshal*] [*bailiff*] [*clerk*] [*law clerk*] to give to me.

## 2. Deposition as Substantive Evidence – Before First Deposition

Testimony will now be presented through a deposition.  A deposition contains the sworn, recorded answers to questions asked to a witness before the trial.  A witness's testimony may sometimes be presented in the form of a deposition.  Before this trial, attorneys questioned this witness under oath.  A court reporter and videographer were present and recorded the testimony.  The questions and answers will be shown to you today.

You must give this deposition testimony the same consideration as if the witness had been present and had testified from the witness stand in court.

### 3.     Evidence Admitted Against Only One Party – Before Evidence Is Admitted Only Against One Party

Under the rules of evidence, some of the evidence in this case is limited to one of the parties and cannot be considered against the others.  The evidence you are about to hear can be considered only in the case against [*name*].

**D.     Instructions After the Close of Evidence**

**1.     General Introduction**

You have now heard all of the evidence in our case, and as I told you at the beginning of the case, I will now instruct you about the applicable law.  It is your duty to follow the law as I will state it and to apply it to the facts as you find them from the evidence in the case.  Do not single out one instruction but consider the instructions as a whole.  You are not to be concerned about the wisdom of any rule of law stated by me.  You must follow and apply the law.

The lawyers may refer to some of the governing rules of law in their closing arguments.  If there is any difference between the law as stated by the lawyers and as stated in these instructions, you are governed by these instructions.

Nothing I say in these instructions indicates that I have any opinion about the facts.  Also, I have not meant to indicate any opinion about the fact by my rulings, conduct, or remarks during the trial; but if you think that I have, you should disregard it.  You, not I, have the duty to determine the facts.

You must perform your duties as jurors without bias or prejudice as to any party.  The law does not permit you to be controlled by sympathy, prejudice, or public opinion.  All parties expect that you will carefully and impartially consider all the evidence, follow the law as it is now being given to you, and reach a just verdict, regardless of the consequences.

## 2.    Juror Use of Electronic Communication Technologies

During your deliberations, you must not communicate with or provide any information to anyone by any means about this case.  You may not use any electronic device or media, including cell phones or computers of any sort to communicate to anyone any information about this case or to conduct any research about this case until after I accept your verdict.

### 3.   Instructions Apply to Each Party

Unless I state otherwise, you should consider each instruction given to apply separately and individually to each of the plaintiffs' claims against VNA.

As you know, there are four seven plaintiffs in this trial.  Each plaintiff is entitled to separate consideration of his or her own case.  I will not repeat my instructions for each plaintiff.  All of these instructions apply to each plaintiff.

### 4.    All Persons Equal Before the Law

You should consider and decide this case as a dispute between persons of equal standing in the community, of equal worth, and holding the same or similar stations in life.  A corporation is entitled to the same fair trial as a private individual, and a private individual is entitled to the same fair trial as a corporation.

### 5.    Evidence in the Case

Unless you are otherwise instructed, the evidence in the case consists of the sworn testimony of the witnesses regardless of who called the witness, all exhibits received in evidence regardless of who may have produced them, and all facts and events that may have been admitted or stipulated to, which means agreed upon.

As I have also instructed you earlier in the case, statements and arguments by the lawyers are not evidence.  The lawyers are not witnesses. What they have said in their opening statements, closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence.  The only exception is when the lawyers on both sides stipulate or agree on the existence of a fact, you must, unless otherwise instructed, accept the stipulation and regard that fact as proved.

From time to time, it has been my duty as judge to rule on the admissibility of evidence.  You must not concern yourselves with the reasons for these rulings.  Any evidence to which I have sustained an objection and evidence that I have ordered stricken must be entirely disregarded.  Whenever evidence was received for a limited purpose or limited to one party, you must not consider it for any other purpose or as to any other party.

### 6.    Questions Not Evidence

If a lawyer asks a witness a question that contains an assertion of fact, you may not consider the assertion as evidence of that fact.   The lawyer's questions and statements are not evidence.

### 7.    Jurors May Take into Account Ordinary Experience and Observations

You have a right to consider all the evidence in the light of your own general knowledge and experience in the affairs of life, and to consider whether any particular evidence seems reasonable and probable.  However, if you have personal knowledge of any particular fact in this case, that knowledge may not be used as evidence.

### 8.    "Direct" and "Circumstantial" Evidence – Defined

Generally speaking, there are two types of evidence that are presented during a trial – direct evidence and circumstantial evidence.

"Direct evidence" is the testimony of a person who asserts or claims to have actual knowledge of a fact, such as an eyewitness.  Facts can be proved by direct evidence from a witness or an exhibit.  Direct evidence is evidence about what we actually see or hear.  For example, if you look outside and see rain falling, that is direct evidence that it is raining.  Facts can also be proved by indirect or circumstantial evidence.

"Indirect" or "Circumstantial evidence" is proof of a chain of facts and circumstances indicating the existence or nonexistence of a fact and is evidence that normally or reasonably leads to other facts.  So, for example, if you see a person come in from outside wearing a raincoat covered with small drops of water, that would be circumstantial evidence that it is raining.  Circumstantial evidence by itself, or a combination of circumstantial evidence and direct evidence, can be used to prove or disprove a proposition.

 You must consider all the evidence, both direct and circumstantial, and the law makes no distinction between the weight or value to be given to either direct or circumstantial evidence.  Nor is a greater degree of certainty required of circumstantial evidence.  You are simply required to find the facts in accordance with the preponderance of all the evidence in the case, both direct and circumstantial.

### 9.   "Inferences" Defined

You are to consider only the evidence in the case.  However, you are not limited to the statements of the witnesses or the exhibits received in evidence. In other words, you are not limited to what you see and hear the witnesses testify to or the words on the exhibits.  You may draw from the facts that you find have been proved such reasonable inferences as seem justified in light of your experience.  "Inferences" are deductions or conclusions that reason and common sense lead you to draw from facts established by the evidence in the case.

### 10.   Credibility of Witnesses

You are the judges of the facts in this case, and you must determine which witnesses to believe and what weight to give to their testimony.  In doing so, you may consider each witness's ability and opportunity to observe, his or her memory, his or her manner while testifying, any interest, bias or prejudice the witness may have, and the reasonableness of the testimony considered in the light of all the evidence.

## 11.   Discrepancies in Testimony

You are the sole judges of the credibility of the witnesses and the weight their testimony deserves.  You may be guided by the appearance and conduct of the witness, or by the manner in which the witness testifies, or by the character of the testimony given, or by evidence contrary to the testimony.

You should carefully examine all the testimony given, the circumstances under which each witness has testified, and every matter in evidence tending to show whether a witness is worthy of belief.  Consider each witness' intelligence, motive and state of mind, and demeanor or manner while testifying.  Consider the witness' ability to observe the matters as to which the witness has testified, and whether the witness impresses you as having an accurate recollection of these matters.

Also, consider any relation each witness may have with either side of the case, the manner in which each witness might be affected by the verdict, and the extent to which the testimony of each witness is either supported or contradicted by other evidence in the case.  Inconsistencies or discrepancies in the testimony of a witness, or between the testimony of different witnesses may or may not cause you to discredit such testimony.  Two or more persons seeing an event may see or hear it differently.  In weighing the effect of a discrepancy, always consider whether it pertains to a matter of importance or an unimportant detail, and whether the discrepancy results from innocent error or intentional falsehood.  After making your own judgment, you will give the testimony of each witness such weight, if any, that you may think it deserves.  In short, you may accept or reject the testimony of any witness, in whole or in part.  In addition, the weight of the evidence is not necessarily determined by the number of witnesses testifying to the existence or nonexistence of any fact.  You may find that the testimony of a small number of witnesses as to any fact is more credible than the testimony of a larger number of witnesses to the contrary.

### 12.    Impeachment – Inconsistent Statement or Conduct

A witness may be discredited or impeached by contradictory evidence or by evidence that at some other time the witness has said or done something or has failed to say or do something that is inconsistent with the witness' present testimony.

If you believe any witness has been impeached and thus discredited, you may give the testimony of that witness the degree of credibility, if any, you think it deserves.

If a witness is shown to have knowingly testified falsely about any material matter, you have a right to distrust such witness' other testimony and you may reject all the testimony of that witness or give it the degree of credibility you think it deserves.

### 13.    Prior Inconsistent Statement of Witness

If you decide that a witness said something earlier that is not consistent with what the witness said at this trial, you may consider the earlier statement in deciding whether to believe the witness, but you may not consider it as proof of the facts in this case.

However, there are exceptions.  You may consider an earlier statement as proof of the facts in this case if:

(a)    The statement was made by the plaintiff, the defendant, or an agent or employee of either party; or

(b)    The statement was given under oath subject to the penalty of perjury at a trial, hearing, or in a deposition; or

(c)    The witness testified during the trial that the earlier statement was true.

53

## 14.   Weighing Expert Testimony

The rules of evidence ordinarily do not permit witnesses to testify about their own opinions or their own conclusions about important questions in a trial.  An exception to this rule exists for persons who are described as "expert witnesses."  An expert witness is someone who, by education or by experience, may have knowledge in some technical, scientific, or very specialized area.  If such knowledge or experience may be of assistance to you in understanding some of the evidence or in determining a fact, an expert witness in that area may state an opinion about a matter in which he or she claims to be an expert.

In this case you have heard from the following expert witnesses for the plaintiffs:  [*List witnesses who have testified*].  You also have heard from the following expert witnesses for VNA:  [*List witnesses who have testified*].

You should consider each expert opinion received in evidence in this case and give it whatever weight, if any, you think it deserves.  You should consider the testimony of expert witnesses just as you consider other evidence in this case.  If you should decide that the opinion of an expert witness is not based upon sufficient education or experience, or if you should conclude that the reasons given in support of the opinion are not sound, or if you should conclude that the opinion is outweighed by other evidence including that of other expert witnesses, you may disregard the opinion in part or in its entirety.

As I have told you several times, you—the members of the jury—are the sole judges of the facts of this case.

### 15.   All Available Witnesses or Evidence Need Not Be Produced

The law does not require any party to call as witnesses all persons who may have been present at any time or place involved in the case, or who may appear to have some knowledge of the matters in issue at this trial.  Nor does the law require any party to produce as exhibits all papers and things mentioned in the evidence in the case.

### 16.   Weighing Conflicting Evidence – Number of Witnesses

Although you may consider the number of witnesses testifying on one side or the other when you weigh the evidence as to a particular fact, the number of witnesses alone should not persuade you if the testimony of the lesser number of witnesses is more convincing.

### 17.    Consideration of Video Deposition Evidence

During the trial, you saw video testimony from depositions.  As I told you before the first video deposition, a deposition is the sworn testimony of a party or witness taken before trial.  All parties and their lawyers had the right to be present and to ask questions at that time.

There are different legal reasons why depositions were shown for some testimony rather than live testimony.  Regardless of the reasons why deposition testimony was played in some instances, you are to give this evidence the same consideration as you would have given it had the witness testified live in open court.

## 18.   Preponderance of the Evidence

| Plaintiffs' Proposal: | Plaintiffs' Proposal: |
|---|---|
| The party with the burden of proof has the burden of proving his/her/its claim by a preponderance of the evidence.  If the party fails to carry that burden, the party is not entitled to your favorable decision on that claim.  To sustain the burden, the evidence supporting the claim must weigh heavier and be more persuasive in your minds than the contrary evidence.  It makes no difference if the heavier weight is small in amount.  As long as the evidence supporting the claim weighs heavier in your minds, then the burden of proof has been satisfied and the party who has the burden is entitled to your favorable decision on that claim.  However, if you find that the evidence is equal in weight, or if the evidence weighs heavier in your minds against the party who has the burden, then the burden of proof has not been carried and the party with the burden is not entitled to your decision on that claim. | The party with the burden of proof has the burden of proving his/her/its claim by a preponderance of the evidence.  If the party fails to carry that burden, the party is not entitled to your favorable decision on that claim.  To sustain the burden, the evidence supporting the claim must weigh heavier and be more persuasive in your minds than the contrary evidence.  It makes no difference if the heavier weight is small in amount.  As long as the evidence supporting the claim weighs heavier in your minds, then the burden of proof has been satisfied and the party who has the burden is entitled to your favorable decision on that claim.  However, if you find that the evidence is equal in weight, or if the evidence weighs heavier in your minds against the party who has the burden, then the burden of proof has not been carried and the party with the burden is not entitled to your decision on that claim. |
| Consider the "Scales of Justice": If after weighing all of the evidence they are perfectly balanced, or tip in favor of the party without the burden of proof, the burden has not been carried.  If, however, the scales tip—even slightly—in favor of the party with the burden of proof, the burden has been carried, and they are | |

| | |
|---|---|
| entitled to your favorable decision on that claim.<br><br>This standard is a more likely than not standard. It does not require proof to an absolute certainty since proof to an absolute certainty is rarely, if ever, possible in any case, and does not require proof beyond a reasonable doubt – the standard in criminal cases. In determining whether any fact in issue has been proved by a preponderance of the evidence you may consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.<br><br>Plaintiffs have the burden in a civil action, such as this, to prove their claim by a preponderance of the evidence. With respect to the non-party at fault claims that have been made by defendant, the burden of proof is on the defendant to prove the material allegations of those claims by a preponderance of the evidence, including what the proper allocation of fault is among those parties. | This standard is a more likely than not standard. It does not require proof to an absolute certainty since proof to an absolute certainty is rarely, if ever, possible in any case. In determining whether any fact in issue has been proved by a preponderance of the evidence you may consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them. |

### 19.   "If You Find" Or "If You Decide"

When I instruct you that a party has the burden of proof on any proposition, or use the expression "if you find," or "if you decide," I mean that you must be persuaded by a preponderance of the evidence.

### 20.   Professional Negligence – Elements

The plaintiffs in this case allege that VNA committed professional negligence.

The plaintiffs bear the burden of proving each element of their professional negligence claim against VNA defendant.

Each plaintiff has the burden to prove each of the following:

(a)   VNA breached the standard of care for a professional engineer;

(b)   The plaintiff sustained injury resulting in damages; and

(c)   VNA's alleged breach of the standard of care was a proximate cause of the plaintiff's injury and damages.

Your verdict will be for a plaintiff and against VNA if that plaintiff has proved all of those elements.

Your verdict will be for VNA and against a plaintiff if that plaintiff has failed to prove any one or more of those elements.

The Court will furnish a Special Verdict Form to assist you in your duties. Your answers to the questions in the Special Verdict Form will provide the basis on which this case will be decided.

61

## 21.   Breach of the Standard of Care

| Plaintiffs' Proposal: | VNA's Proposal: |
|---|---|
| You must first decide whether VNA breached the standard of care. For purposes of this case, the standard of care is what a water engineer of ordinary learning, judgment, or skill in the Flint community or a similar one during the relevant time (2015) would do, or would not do, under the same or similar circumstances.<br><br>A professional engineer's standard of care is not exclusively defined by the language of its contract.  Instead, contracts are among the things you may consider when you determine whether VNA breached the standard of care.<br><br>A professional engineer breaches the standard of care by failing to do something that a water engineer of ordinary learning, judgment, and skill in the Flint community or a similar one would do under the same or similar circumstances as in this case at the relevant time.<br><br>A professional engineer also breaches the standard of care by doing something that a water engineer of ordinary learning, judgment, and skill would not do under the same or similar circumstances as in this case. | You must first decide whether VNA breached the standard of care. For purposes of this case, the standard of care is what a water engineer of ordinary learning, judgment, or skill in the Flint community or a similar one during the relevant time (2015) would do, or would not do, under the same or similar circumstances.<br><br>A professional engineer's standard of care is not exclusively defined by the language of its contract.  Instead, contracts are among the things you may consider when you determine whether VNA breached the standard of care.<br><br>A professional engineer breaches the standard of care by failing to do something that a water engineer of ordinary learning, judgment, and skill in the Flint community or a similar one would do under the same or similar circumstances as in this case at the relevant time.<br><br>A professional engineer also breaches the standard of care by doing something that a water engineer of ordinary learning, judgment, and skill would not do under the same or similar circumstances as in this case. |

| | |
|---|---|
| It is for you to decide, based upon ==all the evidence==, what a water engineer of ordinary learning, judgment, or skill in this community or a similar one would or would not do under the same or similar circumstances as in this case.<br><br>In determining whether VNA breached the standard of care, you may not view VNA's actions through the lens of hindsight.  You must evaluate whether VNA breached the standard of care under the circumstances then existing, and on the facts then known. | It is for you to decide, based upon ==all the expert evidence==, what a water engineer of ordinary learning, judgment, or skill in this community or a similar one would or would not do under the same or similar circumstances as in this case.<br><br>In determining whether VNA breached the standard of care, you may not view VNA's actions through the lens of hindsight.  You must evaluate whether VNA breached the standard of care under the circumstances then existing, and on the facts then known. |

## 22. Injury

| Plaintiffs' Proposal: | VNA's Proposal: |
|---|---|
| [*Plaintiffs object to a standalone injury instruction as inconsistent with the Michigan Model instructions.*] | If you find that VNA breached the standard of care, you must then determine whether one or more plaintiff suffered a present physical injury. A present physical injury is one that the plaintiff has suffered, not one that the plaintiff may suffer in the future. The fact that a plaintiff has been exposed to an allegedly harmful substance does not, on its own, mean that he or she has suffered a present physical injury.<br><br>If a plaintiff has established that he or she suffers from a present physical injury, he or she may recover damages resulting from that injury. |

64

## 23.   Proximate Cause (Plaintiffs) / Proximate Cause – Cause in Fact (VNA)

| Plaintiffs' Proposal: | VNA's Proposal: |
|---|---|
| If you find that VNA breached the standard of care and that a plaintiff suffered an injury, you must next determine whether VNA's breach was a proximate cause of the plaintiff's injury. | If you find that VNA breached the standard of care and that a plaintiff suffered an injury, you must next determine whether VNA's breach was a proximate cause of the plaintiff's injury. |
| For conduct to be a "proximate cause" of a plaintiff's injury, first, the negligent conduct must have a been a cause in fact of the plaintiff's injury, and second, the plaintiff's injury must have been of a type that is a natural and probable result of the conduct. | For conduct to be a "proximate cause" of a plaintiff's injury, first, the negligent conduct must have a been a cause in fact of the plaintiff's injury, and second, the plaintiff's injury must have been of a type that is a natural and probable result of the conduct. |
| To be a cause in fact, the defendant's negligence has to have caused or made worse the Plaintiff's injury, or caused a separate or additional injury. | |
| There may be more than one proximate cause of a plaintiff's injury. A breach of the standard of care by VNA would have been a proximate cause of a plaintiff's injury if it was a substantial factor in bringing his or her injuries about. | There may be more than one cause in fact of a plaintiff's injury. A breach of the standard of care by VNA would have been a cause in fact of a plaintiff's injury if it was a substantial factor in bringing his or her injuries about. |
| To be a substantial factor, a cause must not be merely a slight or trivial cause of a plaintiff's injuries. You may, however, decide that the breach is a substantial factor even if | To be a substantial factor, a cause must not be merely a slight or trivial cause of a plaintiff's injuries. You may, however, decide that the breach is a substantial factor even if |

| | |
|---|---|
| you assign a relatively small percentage of fault to VNA. | you assign a relatively small percentage of fault to VNA. |
| Plaintiffs may ==still== satisfy their burden of proof on causation even if VNA's alleged breach was not the last or only cause of their injuries. Plaintiffs may also satisfy their burden of proof if VNA's alleged breach acted in combination with some other causes or at the same time as some other causes. | Plaintiffs may satisfy their burden of proof on causation even if VNA's alleged breach was not the last or only cause of their injuries. Plaintiffs may also satisfy their burden of proof if VNA's alleged breach acted in combination with some other causes or at the same time as some other causes. |
| [*Plaintiffs object to the remainder of VNA's proposal for this instruction.*] | ==To find that any breach of the standard of care by VNA was a substantial factor in causing a plaintiff's injury, you must find that the plaintiff has established by a preponderance of the evidence that:== |
| | ==(1)  if VNA had not breached the standard of care, City and State officials would have acted sooner than they did to lower the level of lead in the water that the plaintiff consumed;== |
| | ==(2)  the officials' actions would have caused the level of lead in the water that the plaintiff consumed to go down on a date earlier than it did;== |
| | ==(3)  after that date, the plaintiff consumed an amount of lead from Flint water that was capable of causing or making worse his or her injury or== |

| | |
|---|---|
| | causing a separate or additional injury; and |
| | (4)  the plaintiff's injury actually was caused or made worse by consuming lead from Flint water after that date, and not by some other source. |

## 24.   Proximate Cause – Natural and Probable Cause

| Plaintiffs' Proposal: | VNA's Proposal: |
|---|---|
| [*Plaintiffs object to this instruction.*] | If you find that VNA breached the standard of care, that a plaintiff suffered an injury, and that VNA's breach was a cause in fact of the plaintiff's injury, you must next determine whether the plaintiff's injury was a natural and probable result of the breach.<br><br>To find that a plaintiff's injury was a natural and probable result of any breach of the standard care by VNA, you must find that the injury was of a type that is a foreseeable, natural, probable, and direct result of the breach.<br><br>The chain of causation between any breach of the standard of care by VNA and a plaintiff's injury may be broken by what is known as a superseding cause.  A superseding cause is one that actively operates in producing harm to a plaintiff after the defendant's negligent act or omission has been committed and that is not reasonably foreseeable to the defendant.  Michigan law considers a criminal act to be unforeseeable, although an act or omission need not be criminal to be unforeseeable.<br><br>VNA contends that each of the following was an unforeseeable act or omission without which any harmful |

68

| | water conditions would not have occurred:<br><br>    [*List VNA's superseding causes*]<br><br>    If you find that any of the foregoing acts or omissions contributed to causing a plaintiff's injury and was not foreseeable to VNA, then you must find that the plaintiff's injury was not a natural and probable result of VNA's professional negligence. |
| --- | --- |

## 25.   Causation By Multiple Actors

| Plaintiffs' Proposal: | VNA's Proposal: |
|---|---|
|     If you decide that the defendant was professionally negligent and that such negligence was a proximate cause of a plaintiff's injuries, it is not a defense that the conduct of other persons or entities also may have been a cause of his or her injuries. | [*VNA objects to this instruction. If the Court is inclined to provide an instruction along these lines, VNA reserves the right to propose an instruction at that time.*] |

## 26.   Non-Parties at Fault

| Plaintiffs' Proposal: | VNA's Proposal: |
|---|---|
| If you find that VNA breached the standard of care and that the breach was a proximate cause of a plaintiff's injuries, you must next determine whether other entities and individuals who are not parties to this trial also were at fault for causing the plaintiff's injuries. VNA bears the burden of proof for this question. | If you find that VNA breached the standard of care and that the breach was a proximate cause of a plaintiff's injuries, you must next determine whether other entities and individuals who are not parties to this trial also were at fault for causing the plaintiff's injuries.  VNA bears the burden of proof for this question. |
| VNA alleges that the following persons and entities who are not defendants in this case were at fault for causing each plaintiff's alleged injuries:<br>• Former Governor Richard Snyder<br>• Emergency Manager Gerald Ambrose<br>• Emergency Manager Darnell Earley<br>• Emergency Manager Ed Kurtz<br>• The State of Michigan (the Michigan Department of Environmental Quality (MDEQ); the Michigan Department of the Treasury; and the Michigan Department of Health and Human Services (MDHHS))<br>• The United States Environmental Protection Agency (EPA)<br>• Mayor Dayne Walling<br>• The City of Flint | VNA alleges that the following persons and entities who are not defendants in this case were at fault for causing each plaintiff's alleged injuries:<br>• Former Governor Richard Snyder<br>• Emergency Manager Gerald Ambrose<br>• Emergency Manager Darnell Earley<br>• Emergency Manager Ed Kurtz<br>• The State of Michigan (the Michigan Department of Environmental Quality (MDEQ); the Michigan Department of the Treasury; and the Michigan Department of Health and Human Services (MDHHS))<br>• The United States Environmental Protection Agency (EPA)<br>• Mayor Dayne Walling<br>• The City of Flint |

| | |
|---|---|
| • Lockwood, Andrews & Newman (LAN)<br>• Rowe Professional Services (Rowe)<br>[*To be adjusted to conform to the evidence at trial*] | • Lockwood, Andrews & Newman (LAN)<br>• Rowe Professional Services (Rowe)<br>[*To be adjusted to conform to the evidence at trial*] |
| <mark>The defendant bears the burden of proving by a preponderance of the evidence that any of these people or entities breached a duty of care owed to the plaintiffs and that their conduct was a proximate cause of a plaintiff's injury.</mark> | |
| In order to determine whether a non-party was at fault for causing any plaintiff's injuries, you must determine whether (1) the non-party breached a duty owed to the plaintiffs and (2) that breach of duty was a proximate cause of the plaintiff's injuries. | In order to determine whether a non-party was at fault for causing any plaintiff's injuries, you must determine whether (1) the non-party breached a duty owed to the plaintiffs and (2) that breach of duty was a proximate cause of the plaintiff's injuries. |
| | <mark>In this case, you must find that a non-party breached a duty owed to the plaintiffs if:</mark> |
| | <mark>(1)  For any non-party except for LAN and Rowe: The non-party or its employee(s) failed to prevent the release of lead or other contaminants into the City of Flint's water; or the non-party or its employee(s) failed to remedy the release of lead or other contaminants into the City of Flint's water.</mark> |

(2)     For LAN and Rowe:     The non-party or its employee(s) breached the standard of care for a water engineer.

In determining whether a non-party breached a duty, you may not view that non-party's actions through the lens of hindsight.     You must evaluate whether the non-party breached a duty under the circumstances then existing, and on the facts then known.

If you find that a non-party breached a duty owed to a plaintiff, you must then determine whether that non-party's breach was a proximate cause of the plaintiff's injuries.     To find that a non-party's breach was a proximate cause of a plaintiff's injury, you must find that the breach was a substantial factor in bringing about the injury and that the injury is of a type that is a natural and probable result of the non-party's breach.

If you find that an identified non-party is at fault then you must determine the percentage of fault for VNA and each non-party at fault.   In determining the percentage of fault of VNA or a non-party, you must consider the nature of the conduct of VNA or the non-party and the extent to which each's conduct caused or contributed to a plaintiff's injury. The total must add up to 100 percent.

If you find that an identified non-party is at fault then you must determine the percentage of fault for VNA and each non-party at fault.   In determining the percentage of fault of VNA or a non-party, you must consider the nature of the conduct of VNA or the non-party and the extent to which each's conduct caused or contributed to a plaintiff's injury. The total must add up to 100 percent.

|  | You must allocate fault to a non-party entity if you find that any one of its officers or employees was at fault; you do not need to find that each officer and employee was at fault. |
| You must not allocate fault for the same conduct to more than one non-party.  For example, if you allocate fault to Mr. Ambrose, Mr. Earley, Mr. Kurtz, or Mayor Walling, for one of their acts or failures, you must not allocate fault to the City of Flint for the same act or failure. | You must not allocate fault for the same conduct to more than one non-party.  For example, if you allocate fault to Mr. Ambrose, Mr. Earley, Mr. Kurtz, or Mayor Walling, for one of their acts or failures, you must not allocate fault to the City of Flint for the same act or failure. |

### 27.   Assessment of Damages

If your verdict is for one of the plaintiffs, you shall determine his or her damages and return a verdict in that amount.  If your verdict is for more than one of the plaintiffs, you shall determine the amount of each plaintiff's damages separately and return a verdict in that separate amount for each plaintiff.

## 28.   Measure of Damages

| Plaintiffs' Proposal: | VNA's Proposal: |
|---|---|
| If you decide that a plaintiff is entitled to damages, it is your duty to determine the amount of money which reasonably, fairly, and adequately compensates him or her for each of the elements of damage which you decide has resulted from the plaintiff's injury, taking into account the nature and extent of the injury. | If you decide that a plaintiff is entitled to damages, it is your duty to determine the amount of money which reasonably, fairly, and adequately compensates him or her for each of the elements of damage which you decide has resulted from the plaintiff's injury, taking into account the nature and extent of the injury. |
| You should include each of the following elements of damage which you decide has been sustained by the plaintiff to the present time:<br>(a)   mental anguish;<br>(b)   denial of social pleasure and enjoyments;<br>(c)   embarrassment or humiliation; and<br>(d)   the disability of plaintiff including the loss or impairment of their neurocognitive function.<br>[*List damages to conform to the evidence*] | You should include each of the following elements of damage which you decide has been sustained by the plaintiff to the present time:<br>[*List damages to conform to the evidence*] |
| You should also include each of the following elements of damage which you decide a plaintiff is reasonably certain to sustain in the future, if any:<br>(a)   mental anguish;<br>(b)   denial of social pleasure and enjoyments;<br>(c)   embarrassment or humiliation; | You should also include each of the following elements of damage which you decide a plaintiff is reasonably certain to sustain in the future, if any:<br>[*List damages to conform to the evidence*] |

(d)   the disability of a plaintiff including the loss or impairment of their neurocognitive function; and

(e)   the loss of earning capacity after the plaintiff has reached the age of eighteen.

[*List damages to conform to the evidence*]

If any element of damage is of a continuing nature, you shall decide how long it may continue.

Which, if any, of these elements of damage has been proved is for you to decide based upon evidence and not upon speculation, guess or conjecture.  The amount of money to be awarded for certain of these elements of damage cannot be proved in a precise dollar amount.  The law leaves such amount to your sound judgment.

Your verdict must be based on the evidence, not sympathy, passion, or prejudice, and be solely to compensate the plaintiff for his or her damages, and not to punish the Defendant.

If any element of damage is of a continuing nature, you shall decide how long it may continue.

Which, if any, of these elements of damage has been proved is for you to decide based upon evidence and not upon speculation, guess or conjecture.  The amount of money to be awarded for certain of these elements of damage cannot be proved in a precise dollar amount.  The law leaves such amount to your sound judgment.

Your verdict must be based on the evidence, not sympathy, passion, or prejudice, and be solely to compensate the plaintiff for his or her damages, and not to punish VNA.

## 29.   Loss of Earning Capacity and Damages Separated by Year

If you find that, as a result of his or her injury, it is reasonably certain that a plaintiff will suffer a reduction in his or her capacity to earn money, then the plaintiff is entitled to be reimbursed for loss of future earnings.

You must base any award for reduction of earning capacity upon evidence, and not upon speculation, guess, or conjecture.  You may consider your own experience, the nature and extent of the plaintiff's injury, the plaintiff's likely level of educational attainment with and without the alleged injury, or any other circumstances that would have an effect on the plaintiff's earning capacity.

In this case, you must determine a separate amount for each year in the future for which plaintiff will sustain damages.  There will be a separate space for each year on your verdict form.

### 30.    Damages – Past and Future Emotional Distress

If you find that, as a result of his or her injury, a plaintiff has sustained emotional distress (mental anguish, denial of social pleasure and enjoyment, embarrassment or humiliation) to the present time, then the plaintiff is entitled to be compensated for that past distress.

If you find that, as a result of his or her injury, it is reasonably certain that a plaintiff will sustain emotional distress in the future, then the plaintiff is entitled to be compensated for that future distress. You must determine a separate amount for each year in the future for which you conclude that the plaintiff will sustain damages for emotional distress, if any.

The amount of money to be awarded for past and future emotional distress cannot be proved in a precise dollar amount.  The law leaves the amount to your sound judgment.

## 31.   Future Damages – Reduction to Present Cash Value

| Plaintiffs' Proposal: | VNA's Proposal: |
|---|---|
| If you decide that plaintiff is entitled to an award of future damages, you should award the undiscounted value of future damages as you determine them. You should not reduce or discount any award of future damages to present cash value. | [*VNA objects to this instruction. If the Court is inclined to provide an instruction along these lines, VNA reserves the right to propose an instruction at that time.*] |

### 32.    Effect of Instruction as to Damages

The fact that I have instructed you as to the proper measure of damages should not be considered as indicating any view of mine as to which party is entitled to your verdict in this case.  Instructions as to the measure of damages are given for your guidance only in the event you should find in favor of a plaintiff from a preponderance of the evidence in the case in accordance with the other instructions.

## 33.   Compromise Verdict Not Permitted

| Plaintiffs' Proposal: | VNA's Proposal: |
|---|---|
| [*Plaintiffs object to this instruction.*] | You should not return what is known as a "compromise" verdict. A "compromise" verdict occurs when some jurors surrender their beliefs about one issue in return for concessions by other jurors about another issue or issues. |

### 34.   Duty to Deliberate and Reach a Verdict

The verdict must represent the considered judgment of each member of the jury.  In order to return a verdict, it is necessary that all jurors agree on all questions.  It is your duty, as jurors, to consult with one another, and to deliberate with a view to reaching an agreement, if you can do so without disregard of individual judgment.  You must each decide the case for yourself, but only after an impartial consideration of the evidence in the case with your fellow jurors.  In the course of your deliberations, do not hesitate to reexamine your own views, and change your opinion, if convinced it is erroneous.  But do not surrender your honest conviction as to the weight or effect of evidence, solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times that you are not partisans.  You are judges – judges of the facts.  Your sole interest is to seek the truth from the evidence in the case.  You must follow these rules while deliberating and returning your verdict:

First, when you go to the jury room, you must select a foreperson.  The foreperson will preside over your discussions and speak for you here in court.

Second, it is your duty, as jurors, to discuss this case with one another and try to reach agreement.  Each of you must make your own conscientious decision, but only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of the other jurors.  Do not be afraid to change your opinions if the discussion persuades you that you should.  But do not make a decision simply because other jurors think it is right, or simply to reach a verdict.  Remember at all times that you are judges of the facts.  Your sole interest is to seek the truth from the evidence in the case.

Third, if you need to communicate with me during your deliberations, you may send a note to me, [name], or one of my law clerks, signed by one or more jurors.  I will respond as soon as possible either in writing or orally in open court.  Remember that you should not tell anyone—including me—how your votes stand numerically.

Fourth, your verdict must be based solely on the evidence and on the law as I have given to you in these instructions.  Nothing I have said or done is

83

intended to suggest what your verdict should be—that is entirely for you to decide.

Fifth, your verdict must be unanimous on every question.

Finally, the verdict form is an important document—it is the written notice of the decision that you reach in this case. You will take this form to the jury room, follow the directions on the form for filling it out, and when each of you has agreed on all of your answers, your foreperson will fill in the form, sign and date it, and advise the Judge's Case Manager or Law Clerk that you are ready to return to the courtroom.

Dated:  September 16, 2024

**LEVY KONIGSBERG LLP**

/s/ *Corey M. Stern*
Corey M. Stern
Moshe Maimon
Melanie Daly
605 Third Ave., 33rd Floor
New York, NY 10158
(212) 605-6200
cstern@levylaw.com
mmaimon@levylaw.com
mdaly@levylaw.com

*Attorneys for Plaintiffs*

Respectfully submitted,

**MAYER BROWN LLP**

/s/ *Michael A. Olsen*
Michael A. Olsen
71 S. Wacker Drive
Chicago, IL 60606
(312) 701-7120
molsen@mayerbrown.com

*Attorneys for Veolia Water North America Operating Services, LLC Veolia North America, LLC, and Veolia North America, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on September 16, 2024, I electronically filed this document with the Clerk of the Court using the ECF System, which will send notification to the ECF counsel of record.

By:   /s/ *Michael A. Olsen*
       Michael A. Olsen