# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

*In Re* Flint Water Cases             No.5:16-cv-10444-JEL-EAS
(consolidated)


                                      Hon. Judith E. Levy

_____/

## REPORT AND RECOMMENDATION OF THE SPECIAL MASTER AND GUARDIAN AD LITEM REGARDING PROCEDURE FOR APPROVAL OF WRONGFUL DEATH CLAIMS AND DISTRIBUTION OF SETTLEMENT PROCEEDS IN THE PARTIAL FLINT WATER SETTLEMENT

This Recommendation pertains to all Claimants who have qualified for compensation under the requirements of the Amended Master Settlement Agreement ("ASA") for Legionnaires Disease with Death, Category 27B. *See* ECF No. 1394-2, PageId.54120. The Court issued a preliminary Order on January 21, 2021, and a final Amended Judgment and Order on March 3, 2022, granting approval of procedures for resolution of Wrongful Death Cases in the ASA. *See* ECF No. 1399, PageId.54398 (the "Preliminary Approval Order") and ECF No. 2128, PageId.72313 (the "Final Judgment"). The Preliminary Order approved a form to be submitted to the Court that referenced the language of Michigan Compiled Laws 600.2922. ECF No. 1399, PageId.54398, ¶ 15. The only wrongful death claims resolved through the ASA are Category 27B Legionnaires' claims. As set forth below, this Court's approval of the settlement amounts for Category 27B claims based on objective

criteria and the process employed in the ASA to submit, review, and adjudicate the Category 27B claims – through the claims process including determinations by the Special Master – satisfies the basic requirements for determining the fairness of the settlement under the Michigan Wrongful Death Act.   Neither Michigan law nor prior Orders of this Court require an additional, separate hearing on such claims. Accordingly, as set forth below, the Special Master and the Master Guardian ad Litem recommend that Claimants who are qualified for Category 27B need not submit a separate motion to this Court seeking a further hearing on the terms of the Category 27B payments set forth in the ASA.  Additionally, as further explained below, the Special Master and the Master Guardian ad Litem recommend procedures for determining the allocation of the settlement proceeds and verification of expenses and fees in these cases.

## Procedural History

Plaintiffs' Motion to Establish Settlement Claims Procedures and Allocation and for Preliminary Approval of Class Settlement Components and Granting Plaintiffs' Motion for an Order Adopting the Proposed Motion for Approval of Wrongful Death Settlement ("Preliminary Approval Motion") was filed on November 17, 2020.  ECF 1318, PageID.40245.  The Motion sought preliminary

approval of the ASA.[1]  A form Motion for approval of wrongful death settlement was attached as Exhibit A to the Preliminary Approval Motion.  ASA Section 8.4.6 "establishes the processes and procedures for handling any claims subject to Michigan's Wrongful Death Act, Mich. Comp. Laws § 600.2922."  ECF No. 1394-2, PageID.54151.  The consolidated Flint Water claims were pending when the ASA was executed, and the Preliminary Approval Motion filed.

On December 21, 2020, pursuant to the Notice of Motion Hearing by Video Conference (ECF No. 1336, PageID.41495), the Court conducted a lengthy video hearing on the Preliminary Approval Motion.  The Notice included a public access provision so that any member of the public could observe the hearing, and if appropriate, be heard.  Many members of the public chose to attend the video hearing.  Co-Liaison Counsel, Class Counsel, the Special Master, and the Master Guardian ad Litem submitted oral reports in support of preliminary approval.

On January 21, 2021, the Court granted the Motion for Preliminary Approval of the ASA.  *See* Opinion and Order Granting Plaintiffs' Motion to Establish Settlement Claims Procedures and Allocation and for Preliminary Approval of Class Settlement Components and Granting Plaintiffs' Motion for an Order Adopting the Proposed Motion for Approval of Wrongful Death Settlement, ECF 1399, Page

---

[1] All capitalized terms have the same meaning as those terms are set forth in the ASA, prior Orders and Judgments issued by this Court.

ID.54398-54469.  The Preliminary Approval Order adopted "the form motion for approval of wrongful death settlement for the sole purposes of registering and pursuing a claim for recovery under the MSA ["ASA"] in the form attached as Exhibit A to Plaintiffs' motion for preliminary approval of wrongful death claims. *Id.*, ECF 1399, PageID.54466.

Additionally, the Preliminary Approval Order set forth deadlines for the filing of objections to the settlement, requesting exclusion from the settlement, and the filing of a Motion for Final Approval.  ECF 1399, Page ID.54468.  The Court scheduled a Fairness Hearing for July 12, 2021, a minimum of 45 days after the filing of a Motion for final settlement approval.  Notice of the Fairness Hearing was provided via publication and direct mail to all interested persons.  Multiple objections were filed, whereupon objectors (both represented and *in pro per*) appeared in person at the video-recorded (hybrid, in person and virtual) three full day Fairness Hearing that commenced on July 12, 2021. This Court and the Genesee County Circuit Court Judge Joseph A. Farah jointly presided at the publicly accessible Fairness Hearing conducted at the Genesee County courthouse.  Counsel presented extensive argument.  Objecting claimants testified in court through a procedure supervised by the Special Master.  The Special Master and the Master Guardian ad Litem submitted oral reports followed by a written report filed by the Master Guardian ad Litem.

The Court granted final approval of the ASA on March 3, 2022. *See* Amended Final Judgment and Order of Dismissal with Prejudice Implementing Partial Settlement Pursuant to Fed. R. Civ. P. 54(b) and 58(a), ECF No. 2128, PageID.72313 ("Final Judgment").  The Court expressly approved the distribution of any proceeds for any claim brought by an Individual Plaintiff subject to Michigan's Wrongful Death Act, Mich. Comp. Laws § 600.2922 and such Settlement Agreement processes, procedures, and distributions are confirmed, established, and effective. *Id*. at ¶ 5(B).  All federal court cases involving individuals who registered for the ASA including federal cases asserting claims for Legionella death (as defined in Category 27B) were dismissed with prejudice against the Settling Defendants.  The Final Judgment further ordered the plaintiffs to dismiss Related Lawsuits for such registrants as defined in the Final Judgment with prejudice against participating Defendants. *Id*. at ¶ 6(I).  Accordingly, all cases in this Court, the Genesee County Circuit Court, and the Michigan Court of Claims for participating claimants in the Partial Settlement, including all such cases for claimants who submitted claims for compensation under Category 27B, were dismissed with prejudice on August 11, 2022 and April 18, 2022, respectively.

Final Judgment Paragraph 21 provides that "Without affecting the finality of this Judgment in any way, this Court retains continuing jurisdiction over: (a) the

implementation of this settlement and any distribution to Claimants pursuant to further orders of the Court." *Id.* at ¶ 21.

The claims submissions under the ASA commenced in January 2022 with a deadline for filing on June 30, 2022. The claims review process commenced in early 2023 – and claims and supporting documents that were filed timely were reviewed by a claims administrator. After initial review, all of the Category 27B claims were submitted to the Special Master.

Pursuant to ASA § 13.12, the Special Master issues a final, binding and non-appealable decision on each such Claim. The Special Master conducts a *de novo* review of the claim and makes a determination based on a thorough review of expert reports, medical records, probate documents, death certificates, and claim forms. The Special Master issues a written decision on each such claim. The decision includes the dollar amount to which the claimant is entitled based on the terms of the ASA (which has a specified dollar amount based on the age of the claimant at the time of death), identification of the claimant's proper legal representative as determined by a probate court of competent jurisdiction, and instructions regarding the steps to be taken to obtain payment. In order to obtain payment, the legal representative of the claimant must submit an accounting of expenses and a proposal regarding the distribution of the amount awarded under the ASA. The amount of attorney fees (on a percentage basis) was established by the Court in the Opinion

6

and Order Granting in Part and Denying in Part Plaintiffs' Motion For an Award of Attorney Fees and Reimbursement of Expenses [1458]; Denying *Hall* Objectors' Motion to Review and Respond to Hourly Billing and Costs [1586]; and Denying the *Chapman/Lowery* Plaintiffs' Motion to Review and Respond to Hourly Billing and Costs [1710, 1722].  ECF No. 2105, PageID.72046.

### Applicability of Michigan's Wrongful Death Statute to FWC

The ASA approved form of the Motion for Approval of Wrongful Death Settlement cites Mich. Comp. Laws § 600.2922, often referred to as Michigan's Wrongful Death Statute.  The Wrongful Death Statute applies only to **pending** claims.  Section 9 of the Wrongful Death Statute provides: "If a claim under this section is to be settled and a civil action for wrongful death is not pending under this section, the procedures prescribed in section 3924 of the estates and protected individuals code, 1988 PA 386 MCL 700.3924, shall be applicable to the distribution of the proceeds."  Thus, the applicable provision in Michigan's probate code, Mich. Comp. Laws § 700.3924(1) titled "Survival and wrongful death actions; court approval of settlement and distribution" applies to the now-dismissed Flint Water Settlement claims.  For approved Category 27B claims, "the [probate] court may conduct a hearing and approve or reject the settlement." *Id*.  Accordingly, a hearing is not required.

In contrast, the Wrongful Death Act cited in the ASA at a time when all claims remained pending, Mich. Comp Laws § 600.2922(5), provided that where claims are pending, a court "shall conduct a hearing to approve or reject the proposed settlement." Mich. Comp. Laws § 600.2922(5).

All Category 27B claimants who filed timely claims for compensation have agreed to resolve their claims pursuant to the ASA and to accept the compensation amount that this Court has already determined is fair and reasonable. All Category 27B claimants who filed timely claims under the ASA to resolve their claims have already submitted a release executed by the court-appointed personal representative of the deceased claimant. Accordingly, the provisions of Mich. Comp. Laws § 700.3924(1) apply, and while the Court may conduct a hearing to evaluate the terms of the settlement, a hearing is not required.

Because the gross amount of the settlement is pre-determined and pre-approved, and because any liens must be satisfied from the settlement amount before any payment can be authorized, and because the percentage amount allowed for attorney fees is pre-determined, and because expenses can be evaluated as part of the ASA process, the net amount of the settlement to be distributed to the claimant's lawful beneficiaries is simply an arithmetic process that does not require any proceedings outside of the ASA process. Further, before any Category 27B claim is approved, the Special Master and/or the Master Guardian ad Litem will have

confirmed that a Personal Representative has duly been appointed by the probate court.

The only additional procedure necessary for the distribution of funds is to determine the allocation of the net settlement amount to eligible beneficiaries. In a more typical wrongful death case, the Personal Representative would file a motion with the probate court to determination the distribution of the proceeds. Mich. Comp. Laws § 700.3924(2). Such a procedure might be appropriate in certain cases but likely is not necessary in all cases. Where there is a Personal Representative who is the sole legal heir of the Claimant, there is no need for any additional proceeding. Similarly, where all legal beneficiaries are adults who can agree to the allocation of the settlement funds, the distribution can be determined if each such adult submits a sworn statement agreeing to the allocation of the funds.

If an interested person is a minor, disappeared person, or incapacitated individual, it may be appropriate to submit a proposed allocation to the probate court. To facilitate the process, the Special Master and Master Guardian ad Litem will, with the Court's permission, undertake to identify such situations and provide guidance to counsel and the Personal Representative.

Once a distribution allocation is determined, the Special Master and the Master Guardian ad Litem shall submit to the Court a request for authorization to release funds from the Qualified Settlement Fund to the appropriate payees

(including attorneys and lien holders).   The above procedures would apply to all Category 27B claims that are approved.   There is one Category 27B claim that was initially filed under the terms of the Case Management Order Paragraph 10.   ECF 2073, PageID.71649.   In this situation, because the individual did not register for the ASA, and that lawsuit was not dismissed as part of the Court's Judgment Order, a hearing on the settlement is appropriate.

A proposed Order for the Court's consideration is attached as Exhibit A.


Dated:    February 13, 2025                    Respectfully Submitted,

                                               */s/ Deborah E. Greenspan*
                                               Deborah E. Greenspan
                                               Special Master
                                               BLANK ROME LLP
                                               Michigan Bar #P33632
                                               1825 Eye Street, N.W.
                                               Washington, D.C. 20006
                                               Telephone: (202) 420-2200
                                               Facsimile: (202) 420-2201
                                               DGreenspan@blankrome.com

                                               */s/ Miriam Z. Wolock*
                                               Miriam Z. Wolock (P4934)
                                               Master Guardian ad Litem
                                               LAW  OFFICES  OF  MIRIAM  Z.
                                               WOLOCK, PLLC
                                               40900 Woodward Avenue, Suite 111
                                               Bloomfield Hills, MI 48034
                                               Telephone: (248) 633-2630
                                               mwolock@wolocklaw.com

## CERTIFICATE OF SERVICE

I certify that on February 13, 2025 I electronically filed the foregoing document with the Clerk of Court using the Court's ECF system, which will send notification of such filing to attorneys of record.

Dated:   February 13, 2025

Respectfully submitted,

*/s/ Deborah E. Greenspan*
Deborah E. Greenspan
Special Master
BLANK ROME LLP
Michigan Bar #P33632
1825 Eye Street, N.W.
Washington, D.C. 20006
Telephone: (202) 420-2200
Facsimile: (202) 420-2201
DGreenspan@blankrome.com


*/s/* Miriam Z. Wolock
Miriam Z. Wolock (P4934)
Master Guardian ad Litem
LAW OFFICES OF MIRIAM Z. WOLOCK, PLLC
40900 Woodward Avenue, Suite 111
Bloomfield Hills, MI 48034
Telephone: (248) 633-2630
mwolock@wolocklaw.com