UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

*In re* Flint Water Cases.

_____/

Civil No. 17-10164
(Consolidated)

Judith E. Levy
United States District Judge

This Order Relates to:

Meeks, *et al*. v. United States,
Case No. 19-13359

### STIPULATED PROTOCOL
### FOR RULE 35 NEUROPSYCHOLOGICAL MEDICAL EXAMINATIONS
### FOR *MEEKS V. UNITED STATES*

The parties having met and conferred and stipulated to a protocol[1] to govern neuropsychological examinations conducted pursuant to Rule 35 of the Federal Rules of Civil Procedure, the following conditions shall apply to all Rule 35 neuropsychological examinations conducted on the Discovery Group Plaintiffs:

1. Unless otherwise agreed to by the parties, Rule 35 neuropsychological examinations will take place in Flint, Michigan, by a licensed psychologist.

---

[1] On March 10, 2025, the parties went before the Court with several issues related to the Rule 35 protocol. ECF No. 3214. This protocol reflects the Court's rulings.

1

2. The parties agree that Rule 35 neuropsychological examinations may be conducted on the four Discovery Group Plaintiffs.

3. The neuropsychological examination will consist of a parent/guardian interview, observation of and interview with the child/examinee, and testing of the child/examinee consistent with the parent guide issued by the Public Interest Advisory Committee, Division 40 (Clinical Neuropsychology), American Psychological Association, attached as Exhibit A ("APA parent guide").

4. Examinations will be conducted in one day, unless, due to unforeseen circumstances, the examinee cannot complete the full examination day. In no case shall the examination exceed eight hours in total. Unless otherwise agreed to by the parties, examinations will be conducted from 8:00am to 5:00pm, with a 1-hour break for lunch. Breaks will be taken upon request and as needed to accommodate the needs and comfort of the examinee. The examinee and their parent/guardian are responsible for their own lunch and transportation.

5. The child/examinee will be seen alone in the examination room/ conference room with the examiner and/or the examiner's staff for the testing portion of the exam. No parent, guardian, or attorney will be allowed in the examination room during the child/examinee testing procedures without the authorization of the

examiner.[2] A parent/guardian may be present for the interview portion of the minor child/examinee's exams.

6. Each examinee or a parent/guardian of each examinee should complete a history form (attached hereto as Exhibit B),[3] which should be provided to the examining doctor prior to the scheduled Rule 35 examination appointment. The examinee or a parent/guardian of the examinee may also be asked to complete various behavioral rating scales pertaining to the examinee. These behavioral rating scales are copyrighted materials and constitute raw test data, and shall be treated and protected as set forth in paragraph 9, *infra*.

7. The parent/guardian of the child examinee may be interviewed by the examiner. Such examination may not include inquiries about family medical history and will be limited to reasonable follow up from the history form. Plaintiffs' and Defendant's counsel may be present during any such interview. Counsel shall silently observe the interview and are not to advise their client, but may object if

---

[2] There is to be no physical examination of Plaintiff. Additionally, to the extent possible, during the examination of the child/examinee: Plaintiff's counsel and guardian will be permitted to be in close proximity to the testing room door and Plaintiff will be situated in a position so that no barrier (perceived or actual) will prevent Plaintiff from leaving the exam room if necessary.

[3] Per the Court's ruling, the family medical history portions of the form need not be completed. Those sections have been struck out in red on the attached Exhibit B.

they believe a question goes beyond the scope delineated by the Court during its March 14, 2025, status conference.

8. The examiner's report required by Rule 35(b) will be provided to Plaintiffs' counsel within 30 days after completion of all Rule 35 neuropsychological examinations. The examiner's report must be in writing and must set out in detail the examiner's findings, including diagnoses, conclusions, and the results of any tests. *See* Fed. R. Civ. P. 35(b)(2). Within 10 days after the disclosure of the examiner's report(s) by the United States, Plaintiffs shall provide to the United States like reports of all earlier or later examinations of the same or similar condition unless Plaintiffs' Counsel show, in writing, good cause as to why such report(s) could not be obtained by them. *See* Fed. R. Civ. P. 35(b)(3).

9. The test protocols, raw scores and testing documents from the Rule 35 neuropsychological examinations will be provided to one or more licensed psychologist(s) of Plaintiffs' Counsel's choosing.[4] Likewise, Plaintiffs' Counsel shall provide, or arrange for the provision, to one or more licensed psychologist(s) of Defendant's choosing copies of test protocols, raw scores and testing documents related to all earlier or later examinations of Plaintiffs of the same or similar

---

[4] Additionally, as the Court set forth, if the Rule 35 examiner is identified as a testifying expert, then this information would be subject to disclosure under Rule 26, with certain confidentiality protections. ECF No. 3214, PageID.108284.

condition. The test protocols, raw scores and testing documents shall be treated as confidential information, and shall not be copied or used for any purpose other than the matter at hand and shall be destroyed at the close of the matter. Counsel may obtain this information from their designated psychologist(s) and, if they do so, shall treat the information as confidential in accordance with this Court's Confidentiality Order.

**IT IS SO ORDERED.**

Date: May 23, 2025

s/Judith E. Levy
JUDITH E. LEVY
United States District Judge