UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

*In re* Flint Water Cases.

_____/

Judith E. Levy
United States District Judge

This Order Relates To:

ALL CASES

_____/

**ORDER DENYING COLLEEN CONNORS' MOTIONS TO STAY PENDING APPEAL [3321, 3322]**

This Order addresses two filings by Colleen Connors.[1] On October 17, 2025, Ms. Connors filed an "EMERGENCY [EX - PARTE] motion/request and notice of the STATUS." (ECF No. 3321.) On October 20, 2025, Ms. Connors filed a "Corrected/supplemented EMERGENCY [EX - PARTE] motion/request and notice of the STATUS." (ECF No. 3322.) For the reasons set forth below, the Court denies both motions.

**I.  Background**

---

[1] Ms. Connors' name generally appears as "Colleen Conners" on the docket, but her filings are generally signed "Colleen Connors."

Ms. Connors is not a party to any of the Flint water litigation.[2] She has no role in the present case, *Meeks v. United States*, which involves the United States and three individuals who were minor children at the time of the Flint Water Crisis.

On October 1, 2025, Defendant the United States moved to stay all litigation activities in *Meeks*, citing the government shutdown and the resulting lapse of appropriations. (ECF No. 3302.) On October 8, 2025, the Court denied the United States' motion to stay. (ECF No. 3311.) On the same day, Ms. Connors filed a notice of appeal. (ECF No. 3312.) Ms. Connors appears to appeal the Court's denial of the United States' motion to stay. (*See id.* at PageID.110093 (arguing "the US EPA MUST BE ALLOWED ADEQUATE TIME TO INVESTIGATE").) On October 14, 2025, Melvin Jones filed a similar appeal. (*See* ECF No. 3316, PageID.110150 (arguing that the Court "wrongly and unconstitutionally DENIED" the United States' motion to stay).) Like Ms. Connors, Mr. Jones is not a party to any of the Flint water litigation.

---

[2] It is the Court's understanding that Ms. Connors has submitted a claim in the partial settlement of the Flint water litigation, however, she is not a party to the litigation.

Between October 17, 2025 and October 20, 2025, Ms. Connors filed two additional motions. (ECF Nos. 3321, 3322.) As best as the Court can tell, the first is a motion for a stay pending appeal. (*See* ECF No. 3321, PageID.110170–110171 ("[I] thought it is worth the time for me to ASK/REQUEST that you please consider SOMEHOW ….having a VERY limited 'STAY' . . . so as to ALLOW the 6th Circuit Court of Appeals to 'weigh-in.'").) Half of the motion consists of an "exhibit" showing an email from Mr. Jones to Attorney Deborah LaBelle. (*See id.* at PageID.110173–110178.) The relevance of the email is unclear. The second motion purports to be a "Corrected/supplemented" version of the first. (*See* ECF No. 3322, PageID.110179.)[3]

## II. Analysis

Ms. Connors seemingly seeks a stay of the *Meeks* litigation pending resolution of the two appeals filed by herself and Mr. Jones. (*See* ECF No. 3321, PageID.110171 (referencing "6th Circuit Appeals #25-1909 and

---

[3] It is difficult to make sense of how exactly the second motion corrects or supplements the first. It consists largely of additional emails sent to Attorney Deborah LaBelle by Mr. Jones. (*See* ECF No. 3322, PageID.110184–110203.) As with the first motion, the relevance of the emails is unclear.

#[TBD]"); ECF No. 3322, PageID.110180 (referencing "6th Circuit Court pro se appeal #25-1909 [and] pro se appeal #25-1932").)

Four factors are relevant when evaluating whether to grant a stay pending appeal:

> (1) the likelihood that the party seeking the stay will prevail on the merits of the appeal; (2) the likelihood that the moving party will be irreparably harmed absent a stay; (3) the prospect that others will be harmed if the court grants the stay; and (4) the public interest in granting the stay.

*SEIU Local 1 v. Husted*, 698 F.3d 341, 343 (6th Cir. 2012) (quoting *Michigan Coalition of Radioactive Material Users, Inc. v. Griepentrog*, 945 F.2d 150, 153 (6th Cir. 1991)).

Here, these factors plainly favor denying a stay pending appeal. First, there is little likelihood that Ms. Connors or Mr. Jones will prevail on the merits of their appeals. Neither Ms. Connors nor Mr. Jones are parties in the case. As a general rule, "only parties to a lawsuit . . . may appeal an adverse judgment." *Marino v. Ortiz*, 484 U.S. 301, 304 (1988); *accord Fidel v. Farley*, 534 F.3d 508, 512 (6th Cir. 2008) ("Generally, non-parties cannot appeal from an order of the district court, unless they have first sought leave to intervene as party.") (citing *Marino*, 484 U.S. at 304); 20 *Moore's Federal Practice* § 303.10 (2025) ("To have standing to appeal,

the appellant must usually have been a party of record at the time the order or judgment appealed from was entered.").

Ms. Connors and Mr. Jones are also unlikely to prevail on the merits of their appeals because they are appealing an interlocutory order. Only some interlocutory orders are immediately appealable. *Miller v. Anderson*, Nos. 21-3854/4037, 2021 U.S. App. LEXIS 37257, at *3 (6th Cir. Dec. 16, 2021) (citing 28 U.S.C. § 1292(a)(1), (b); Fed. R. Civ. P. 54(b)). "An interlocutory order denying a stay of a district court's own proceedings is generally not appealable under § 1292(a)(1)." *Id.* (citing *Swanson v. DeSantis*, 606 F.3d 829, 832-34 (6th Cir. 2010)). Nor is the denial of a motion to stay typically appealable under the collateral order doctrine. *Id.* (citing 15A Wright, Miller & Cooper, *Federal Practice and Procedure* § 3914.13 (2d ed.)).

Ms. Connors' motions should also be denied because there is little likelihood that Ms. Connors will be irreparably harmed absent a stay. As set forth above, Ms. Connors is not a party—and in fact has no role—in the present case.[4] In contrast, Plaintiffs, as well as the public, have an

---

[4] Ms. Connors does present one interesting theory regarding her interest in the litigation. As she puts it, the United States "means [me]/Colleen Connors as [I] actual comprise PART of the United States of America." (ECF No. 3312,

5

interest in the timely resolution of this litigation, which has been pending for nearly six years. The Court sees no reason to permit further delays in order to entertain frivolous appeals by nonparties.

## III. Conclusion

For the reasons set forth above, the Court DENIES Ms. Connors' motions to stay pending appeal. (ECF Nos. 3321, 3322.)

IT IS SO ORDERED.

Dated: October 24, 2025　　　　　s/Judith E. Levy
Ann Arbor, Michigan　　　　　　JUDITH E. LEVY
　　　　　　　　　　　　　　　United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on October 24, 2025.

　　　　　　　　　　　　　　　s/William Barkholz
　　　　　　　　　　　　　　　WILLIAM BARKHOLZ
　　　　　　　　　　　　　　　Case Manager

---

PageID.110093.) Of course, on this theory, every docket involving the United States would be at the utter mercy of every individual who can claim to be "part of the United States."